DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice Pending*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　　Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William H. Alsup<br><br>**GOOGLE INC.'S MOTION TO DISMISS COUNT VIII OF PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>**Hearing Date:** November 18, 2010<br>**Hearing Time:** 8:00 A.M.<br>**Location:**　　Courtroom 9, 19th Floor |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ..................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................2

    I.     Introduction.........................................................................................................2

    II.    Argument ............................................................................................................3

           A.     Factual Background ...............................................................................3

                 1.     The Android Platform ................................................................3

                 2.     The Dalvik Virtual Machine .......................................................5

                 3.     Oracle's Copyright Claim ...........................................................7

           B.     Oracle Fails To State A Claim For Copyright Infringement .......................9

                 1.     The Applicable Pleading Requirements Are Well-Settled ..............9

                 2.     Proper Pleading of Copyright Infringement Requires Sufficient Factual Allegations Describing the Alleged Infringement..................................................................................10

                 3.     Oracle's Claim For Copyright Infringement Is Deficient..............11

                 4.     Oracle's Claim For Vicarious Copyright Liability Is Also Deficient...................................................................................14

           C.     Google Is Entitled To A More Definite Statement ...................................14

    III.   Conclusion .......................................................................................................15

i

GOOGLE INC.'S MOTION TO DISMISS COUNT VIII OF PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
CIVIL ACTION NO. CV 10-03561

# TABLE OF AUTHORITIES

**CASES**

*A&M Records, Inc. v. Napster, Inc.*,
    239 F.3d 1004 (9th Cir. 2001) ...................................................................................................10

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ........................................................................................................... 9-12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 9-11

*Cutler v. Enzymes, Inc.*,
    No. 08-04650-JF, 2009 U.S. Dist. LEXIS 17942 (N.D. Cal. Feb 25, 2009) ...................... 10-12

*Miller v. Facebook, Inc.*,
    No. 5:10-cv-264-WHA, 2010 U.S. Dist. LEXIS 31534 (N.D. Cal. Mar. 31, 2010) ......... 10-12

*Perfect 10, Inc. v. Visa Int'l Service Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ....................................................................................................14

*Sega Enters. LTD. v. Accolade, Inc.*,
    No. 91-3871, 1992 U.S. Dist. LEXIS 4621 (N.D. Cal. Mar. 20, 1992)............................. 14-15

**STATUTES**

17 U.S.C. § 106................................................................................................................10, 14

Fed. R. Civ. P 8(a)(2).....................................................................................................................9

Fed. R. Civ. P. 11(b)(3)................................................................................................................13

Fed. R. Civ. P. 12(e) .................................................................................................................1, 14

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1

Fed. R. Civ. P., Form 19 ........................................................................................................ 10-12

ii

GOOGLE INC.'S MOTION TO DISMISS COUNT VIII OF PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
CIVIL ACTION NO. CV 10-03561

**NOTICE OF MOTION AND MOTION**

TO NONPARTIES AND PLAINTIFF ORACLE AMERICA, INC. AND ALL ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that the following motion will be heard at 8:00 A.M. on November 18, 2010, or as soon thereafter as counsel may be heard, in Courtroom 9, 19th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California before the Honorable William Alsup.

Defendant Google Inc. ("Google") will and hereby does move this Court for an order dismissing Count VIII of plaintiff's "Complaint For Patent And Copyright Infringement" under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the claim for copyright infringement asserted in Count VIII fails to state a claim upon which relief can be granted. In the alternative, Google will and hereby does move this Court, in accordance with Rule 12(e) of the Federal Rules, for a more definite statement of the claim asserted in Count VIII. In support of this motion, Google respectfully shows that the claim for copyright infringement asserted in Count VIII of the Complaint is legally deficient. Count VIII does not identify any specific infringing work that is the subject of the alleged copyright infringement claim, does not identify with any specificity the manner in which Google allegedly infringed any copyrights of plaintiff Oracle America, Inc. ("Oracle"), and does not identify with any specificity the basis for any claim of vicarious infringement, inducement of infringement, or contributory infringement. As a result, Count VIII fails to state a claim for relief upon which relief can be granted. In the event that Count VIII is not dismissed, Google requests in the alternative that the Court enter an order requiring Oracle to provide a more definite statement of its claim of copyright infringement that provides sufficient detail so that Google may reasonably prepare a response to Oracle's claim. This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, any matters of which the Court may take judicial notice, any evidence or argument presented at the hearing on the motion, and any other matters the Court deems proper.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

On August 12, 2010, Plaintiff Oracle America, Inc. ("Oracle") filed its Complaint For Patent And Copyright Infringement (Docket No. 1) ("Complaint") against Google. The Complaint is directed at Android, a publicly-available, open-source software platform that anyone, anywhere, may freely use. Android was and continues to be developed by Google with substantial contributions from others, both volunteer technology enthusiasts and corporate partners. Since its release in 2007, handset manufacturers and software developers have rapidly adopted Android – which is designed specifically for operation on devices with limited computing resources, such as mobile phones – as their platform of choice for next-generation mobile devices.

Count VIII of Oracle's Complaint seeks to assert a claim of copyright infringement against some unidentified portion of the Android "platform," which includes a variety of different types of materials, including software code, computer programs, specifications, reference materials and developer tools and resources. Count VIII, however, is so vague and general that it is impossible for Google to determine from the Complaint:

- which portion or portions of the Android "platform" are the subject of the copyright infringement claim;
- how Google allegedly infringed the copyrights in the two works identified in paragraph 11 and Exhibit H of Oracle's Complaint (the "Asserted Copyrights");
- how any "users" of the Android platform may have allegedly infringed the Asserted Copyrights; or
- how Google allegedly "encouraged, induced, caused, [or] materially contributed to" any acts of copyright infringement by any such other parties.

As a result of these deficiencies, Oracle's claim of copyright infringement fails to meet the pleading standards applicable to a claim of copyright infringement.

2

The deficiencies in Oracle's copyright infringement claim are both striking and telling in view of the fact that Android is an open-source platform, and that all of the relevant source code and documentation for Android is currently – and has for some time been – publicly available. Oracle's inadequately-pleaded accusations are striking because Oracle has had complete access to every piece of information that is relevant to any possible assertion of copyright infringement, yet Oracle still failed to meet even the minimum pleading standards. Oracle's inadequately-pleaded accusations are also telling because, notwithstanding Oracle's access to the allegedly infringing work, Oracle has not articulated a legally sufficient claim that puts Google on notice of either the factual basis or the substance of Oracle's copyright claim.

## II.  Argument

### A.  Factual Background

Because this dispute has not previously been before this Court, Google submits the following brief discussion of Android. Google believes that an explanation of the Android platform and the relationship among certain of its major components is essential to the understanding of the factual landscape underlying Oracle's Complaint and, accordingly, this Motion. Google submits that all of the facts stated herein are of public record, and are all matters of which the Court may take judicial notice if necessary. Google acknowledges, however, that the Motion is directed to the sufficiency of Plaintiff's Complaint, and the sufficiency of the pleading must be determined by the pleading itself.

#### 1.  The Android Platform

In November of 2007, Google and thirty-four other companies with an interest in the mobile device market formed the Open Handset Alliance ("OHA").[1] The mission of the OHA – now made up of seventy-eight companies – is to provide a better experience for the world's three-billion mobile phone users by developing and promoting the first open, complete, and free

---

[1]  *See* Android Timeline, http://www.android.com/timeline.html.

3

platform created specifically for mobile devices.[2]  The Android Platform – the cornerstone of the OHA's mission – was released the same month.[3]  As part of Android's first release, most of the software code that makes up the Android Platform was released to the public under a permissive open-source license known as the "Apache Software License 2.0."[4]  Approximately one year later, in September of 2008, the first full version of Android was released to the public.[5]  One month after the first full release, in October of 2008, the remainder of the Android source code was released to the public under the same Apache license.[6]

Android has undergone development by the OHA (including Google) and individual developers since its release.[7]  The most recent release of the Android platform – Version 2.2, Android's eighth release – includes more than 11 million lines of computer code that supports the operation of thousands of components.[8]  The key components of the Android Platform include:

- the Software Development Kit ("SDK") that contains software tools and thousands of pages of documentation that assist developers in creating applications (commonly referred to as "apps") that run on Android;
- the "kernel" that controls the basic aspects of the mobile device, such as security and memory management;

---

[2] *See* Open Handset Alliance, http://www.openhandsetalliance.com/index.html, Alliance Overview, http://www.openhandsetalliance.com/oha_overview.html.
[3] *See id.*; Android Timeline, http://www.android.com/timeline.html.
[4] *See* Licenses – Android Open Source, http://source.android.com/source/licenses.html.
[5] *See* Android Timeline, http://www.android.com/timeline.html.
[6] *See id.*
[7] *See* Philosophy and Goals – Android Open Source, http://source.android.com/about/philosophy.html.
[8] *See* Android SDK, http://developer.android.com/sdk/index.html; Android 2.2 Platform, http://developer.android.com/sdk/android-2.2.html.

- "libraries" that provide many basic programming functions, including for example reading and writing files, using the World Wide Web, and playing audio and video files;

- an "application framework" that consists of libraries that provide Android-specific programming functions, such as displaying Android menus and dialogs and using phone-specific hardware such as the dialer, global positioning system, and microphone;

- "applications" that provide the functionality that users see, such as the home screen, the phone dialer, and other utility functions; and

- the "Android Runtime," which provides services to applications, such as executing Dalvik bytecodes, managing user notifications, and being informed of events such as position changes, hardware status changes, and incoming messages.[9]

All of the source code and documentation needed to implement these core features of Android is publicly available for download on the Android website.[10]

### 2. The Dalvik Virtual Machine

One aspect of the Android Platform referenced in Oracle's Complaint – but not specifically accused in Oracle's copyright infringement claims – is the Dalvik virtual machine (the "Dalvik VM"). Compl. at ¶ 12. A "virtual machine," in a general sense, is a software system that receives instructions, usually in the form of software code that has been compiled into an intermediate form, and outputs a different set of instructions that are understood by the

---

[9]  *See* What is Android?, http://developer.android.com/guide/basics/what-is-android.html; http://developer.android.com/guide/developing/tools/index.html.

[10]  *See* Android Developers, http://developer.android.com/index.html. The overwhelming majority of the Android software source code and its supporting documentation is publicly available. The exceptions, such as low-level hardware drivers which are proprietary to hardware makers, and proprietary third party (and Google) business applications – none of which are mentioned in Oracle's Complaint – are peripheral to the core Android platform.

Case3:10-cv-03561-WHA Document33 Filed10/04/10 Page9 of 19

device on which the virtual machine is running.[11] This is a common technique in computer science, used by many programming systems.[12] Some famous examples include p-code, Python, and the Java platform, all of which include a programming language, a set of libraries and a virtual machine.[13]

There are several ways to create and execute Android software applications. For example, developers can create software for Android-based mobile devices in the C or C++ programming languages that run directly on the Linux kernel, bypassing the Dalvik VM entirely.[14] Alternatively, developers can create software applications for Android-based mobile devices in other programming languages, such as the Java, Ruby or Scala programming languages that run on the Dalvik VM.[15] In this instance, these software applications are converted into a set of intermediate instructions – i.e., Dalvik "bytecode" or files in the Dalvik Executable (.dex) format – through the use of the "dx" tool included with the Android platform.[16] These .dex files can be executed on any mobile device with a Dalvik VM.[17]

---

11 *See* About the Java Technology, http://download.oracle.com/javase/tutorial/getStarted/intro/definition.html (describing the process of creating Java bytecode and translating the Java bytecode into machine instructions using the Java virtual machine); Parrot – The Parrot Primer, http://docs.parrot.org/parrot/latest/html/docs/intro.pod.html (describing basic virtual machine functionality).

12 *See* The Java Virtual Machine Specification (2d ed. 1999), at http://java.sun.com/docs/books/jvms/second_edition/html/Introduction.doc.html ("It is reasonably common to implement a programming language using a virtual machine; the best-known virtual machine may be the P-Code machine of UCSD Pascal.").

13 *See id.*, Glossary – Python v3.1.2 documentation, http://docs.python.org/py3k/glossary.html#term-bytecode.

14 *See* http://developer.android.com/sdk/ndk/index.html#overview (describing the use of native code on Android).

15 *See* What is Android?, http://developer.android.com/guide/basics/what-is-android.html; http://code.google.com/p/android-ruby; http://www.assembla.com/wiki/show/scala-ide/Developing_for_Android.

16 *See id.*

17 *See id.*

6

GOOGLE INC.'S MOTION TO DISMISS COUNT VIII OF PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
CIVIL ACTION NO. CV 10-03561

The Dalvik VM is a custom-built system that has been optimized for running programs on battery-powered mobile devices that are more limited than desktop computers in terms of computing and memory resources.[18] The Dalvik VM relies on the open-source Linux kernel for underlying functionality such as threading and low-level memory management.[19] The Dalvik VM was independently developed by Google and the OHA.

The class libraries of the Dalvik VM incorporate a subset of Apache Harmony, a clean-room, open source implementation of Java developed by the Apache Software Foundation and released under the same permissive Apache license under which the OHA has released most of Android.[20]

3. Oracle's Copyright Claim

Oracle alleges in the Complaint that it purchased Sun Microsystems ("Sun") in January of 2010 and at that time became the owner of Sun's patents and copyrights in the Java "platform." Compl. ¶¶ 8-9. As to Oracle's copyright claim, the Complaint alleges that "Oracle America owns copyrights in the code, documentation, specifications, libraries, and other materials that comprise the Java platform" and that "Oracle America's Java-related copyrights are registered with the United States Copyright Office, including those attached as Exhibit H." Compl. ¶ 11. Exhibit H to the Complaint consists of certificates of copyright registrations obtained by Sun for two identified works, named "Java 2 Standard Edition 1.4" and "Java Standard Edition, Version 5.0" (the "Asserted Copyrights"). Compl. Ex. H. These registrations

---

[18] *See* Glossary – Android Developers, http://developer.android.com/guide/appendix/glossary.html; What is Android?, http://developer.android.com/guide/basics/what-is-android.html; Android Overview, http://www.openhandsetalliance.com/android_overview.html.
[19] *See* What is Android?, http://developer.android.com/guide/basics/what-is-android.html.
[20] *See* Dalvik – Android Open Source, http://source.android.com/porting/dalvik.html; Apache Harmony – Open Source Java Platform, http://harmony.apache.org; Apache Harmony – Apache License, http://harmony.apache.org/license.html; Licenses – Android Open Source, http://source.android.com/source/licenses.html.

appear to relate to versions of certain Sun Java materials that were released as open-sourced software in 2006 and 2007.[21]

Count VIII of the Complaint – the copyright infringement claim – alleges generally that "[t]he Java platform contains a substantial amount of original material (including without limitation code, specifications, documentation, and other materials) that is copyrightable subject matter." Compl. ¶ 38. The two operative paragraphs of Count VIII then state as follows:

> 39. Without consent, authorization, approval, or license, Google knowingly, willingly, and unlawfully copied, prepared, published, and distributed Oracle America's copyrighted work, portions thereof, or derivative works and continues to do so. Google's Android infringes Oracle America's copyrights in Java and Google is not licensed to do so.
>
> 40. On information and belief, users of Android, including device manufacturers, must obtain and use copyrightable portions of the Java platform or works derived therefrom to manufacture and use functioning Android devices. Such use is not licensed. Google has thus induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to use, copy, and distribute Oracle America's copyrightable works, and works derived therefrom.

Compl. ¶¶ 39-40.

These paragraphs are mere conclusory statements apparently intended to assert two different types of copyright infringement claims against Google. First, Oracle apparently contends in paragraph 39 that Google itself infringes the Asserted Copyrights because "Google . . . copied, prepared, published and distributed *Oracle America's copyrighted work, portions thereof, or derivative works* and continues to do so." Compl. ¶ 39 (emphasis added). Second, Oracle apparently contends that Google is vicariously liable for alleged infringement of the Asserted Copyrights by others because "[o]n information and belief, users of Android, including device manufacturers, must obtain and use *copyrightable portions of the Java platform or works*

---

[21] *See* Jim Inscore, Opening Up: Laurie Tolson on Open Source Strategy for the Java Platform, available at http://java.sun.com/developer/technicalArticles/javaopensource/OS_qa ("Sun will release several significant components of Java SE by the end of 2006. . . . The rest of a buildable JDK will be released in early 2007").

*derived therefrom* to manufacture and use functioning Android devices" and that, for reasons that are not explained, Google allegedly "has thus induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to use, copy, and distribute Oracle America's copyrightable works." Compl. ¶ 40 (emphasis added).

The remainder of the allegations of Count VIII are general allegations that merely recite additional generalities and claims for different types of relief. Compl. ¶¶ 41-46. Importantly, the Complaint does not include any identification of any specific work created or distributed by Google that allegedly infringes the Asserted Copyrights, nor does it even identify the type of work (software code, reference materials, development kit materials) that allegedly infringes. The Complaint also does not include any explanation or identification whatsoever of any alleged unlicensed acts of infringement of the Asserted Copyrights by any other party (including those for which Oracle seeks to hold Google vicariously liable) or any alleged acts of Google that constitute inducement of infringement or contributory infringement with respect to any such alleged unlicensed acts of others.

**B.    Oracle Fails To State A Claim For Copyright Infringement.**

   1.    The Applicable Pleading Requirements Are Well-Settled.

The Federal Rules of Civil Procedure require that the complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P 8(a)(2). The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), confirmed that, although detailed factual allegations are not required, satisfying Rule 8(a)(2) requires the complaint to plead sufficient factual matter, accepted to be true, to state a claim to relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 570). A pleading that offers only labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Iqbal* 556 129 S. Ct. at 1949. Courts in this district, including this Court, have applied *Iqbal* and *Twombly* to dismiss copyright infringement claims that merely state the elements of the claims

9

and legal conclusions without any underlying facts. *See Miller v. Facebook, Inc.*, No. 5:10-cv-264-WHA, 2010 U.S. Dist. LEXIS 31534, at *9 (N.D. Cal. Mar. 31, 2010).

### 2. Proper Pleading of Copyright Infringement Requires Sufficient Factual Allegations Describing the Alleged Infringement.

A claim of copyright infringement requires the plaintiff to prove (1) ownership of a valid copyright and (2) violation of one of the exclusive rights granted by section 106 of the Copyright Act, 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Applying *Iqbal* and *Twombly*, courts in this district have recently dismissed claims of copyright infringement that did not include any factual allegations regarding *how* the defendant allegedly infringed the plaintiff's copyright. *See Miller*, U.S. Dist. LEXIS 31534 at *9; *Cutler v. Enzymes, Inc.*, No. 08-04650-JF, 2009 U.S. Dist. LEXIS 17942, at *8-9 (N.D. Cal. Feb 25, 2009).

In both *Miller* and *Cutler*, the complaints lacked any facts that described in sufficient detail the infringing acts. In *Miller*, the complaint merely alleged that the defendant Facebook "reproduced and distributed" an infringing work, by, among other things, publishing the work in their application directory, allowing Facebook users to "search and view" the application. *See Miller*, U.S. Dist. LEXIS 31534, at *4, *8-9. On Facebook's motion to dismiss, this Court found such allegations deficient, and concluded that the plaintiff must provide "sufficient factual allegations to explain *how* defendant Facebook copied, displayed, or distributed infringing copies" of the work, and dismissed the complaint. *See Miller*, U.S. Dist. LEXIS 31534, at *9 (emphasis added). Similarly, the court in *Cutler* dismissed a complaint for copyright infringement that did not include any specific facts about the alleged acts of infringement. *Cutler*, 2009 U.S. Dist. LEXIS 17942, at *9 (granting motion to dismiss because "[a]side from claims of ownership, the complaint is devoid of any other specific facts related to the Published Work and alleged copyright infringement").

10

Although promulgated before the Supreme Court issued *Iqbal* and *Twombly*, the pleading forms in the Federal Rules of Civil Procedure confirm the need to plead sufficient factual support describing the acts of infringement. Fed. R. Civ. P., Form 19 (2007). Form 19 – the form complaint for copyright infringement – identifies the copyrighted work, identifies the allegedly infringing work, and explains *how* the alleged infringement occurred. *See id.* Specifically, the form pleading suggests an allegation to the effect that "[a]fter the copyright was issued, the defendant infringed the copyright by publishing and selling a book entitled ____, which was copied largely from the plaintiff's book." *Id.*

### 3. Oracle's Claim For Copyright Infringement Is Deficient.

Oracle's Complaint fails to satisfy the standards set forth in *Iqbal*, *Twombly*, and Form 19, and therefore dismissal of Count VIII would be fully consistent with the decisions in *Miller* and *Cutler*. This authority is clear – Oracle's Complaint must provide facts that identify or describe (1) the works in which a valid copyright is claimed;[22] (2) the alleged acts of infringement, including identifying the allegedly infringing work or works, *see Cutler*, 2009 U.S. Dist. LEXIS 17942, at *9; and (3) how any accused infringer has infringed and how any party has induced or contributed to such infringement. *See Miller*, U.S. Dist. LEXIS 31534, at *9. Because Oracle's Complaint fails to provide any facts identifying any Google work that allegedly infringes the Asserted Copyrights, and fails to provide any factual allegations as to how Google or any third parties are allegedly infringing, Oracle's Complaint does not state a claim for copyright infringement.

Oracle's Complaint includes only three allegations relating to direct copyright infringement: (1) that Oracle owns copyrights in the Sun materials that comprise the Java platform and, more specifically, in the Sun works that are the subject of the copyright

---

[22] Oracle's Complaint appears to identify two specific Sun works that presumably are the subject of the copyrights on which Oracle's claim is based, namely the works entitled "Java 2 Standard Edition 1.4" and "Java 2 Standard Edition, Version 5.0," which are the works identified in the Asserted Copyrights shown in Exhibit H to the Complaint.

registrations shown in Exhibit H, Compl. ¶ 11; (2) that Google has "copied, prepared, published and distributed *Oracle America's copyrighted work, portions thereof, or derivative works* and continues to do so,"  Compl. ¶ 39 (emphasis added); and (3) that "Google's Android infringes Oracle America's copyrights in Java and Google is not licensed to do so."  Compl. ¶ 39.  These allegations:

- do not identify the type(s) of "copyrighted work" allegedly copied;[23]
- do not specify whether Google has allegedly copied and distributed entire works of Sun / Oracle, "portions thereof" (and, if so, what portions), or "derivative works";
- do not identify any specific work or works of Google – or even the types of materials – that Google has created by allegedly copying, preparing, publishing, and distributing Sun / Oracle's copyrighted work; and
- do not provide any facts that suggest how any alleged infringement has occurred.

Rather than allege facts to support its claim, Oracle instead pleads nothing more than a rote recitation of certain of the exclusive rights the Copyright Act provides in 17 U.S.C. § 106, with absolutely no supporting facts.  Like the complaints in both *Miller* and *Cutler,* there is no factual allegation as to *how* any Google materials relating to Android allegedly infringe the Asserted Copyrights.  *See* Compl. ¶ 39.  Indeed, Oracle fails to provide any assertion as to which part of Android – which even Oracle concedes is an "operating system software platform" consisting of numerous types and extensive amounts of materials, Compl. ¶ 12 – allegedly infringes the Asserted Copyrights.  *See* Compl. ¶ 39.  Oracle's Complaint is precisely the type of bare recitation of elements that the Supreme Court warned against in *Iqbal*.

---

[23]   The copyright registrations attached to Oracle's Complaint as Exhibit H state that the Sun works that are the subject of the registrations include at least both "computer code" and "documentation and manuals."  Complaint, Ex. H, Form TX 6-196-514 at space 6(b) and Form TX 6-066-538 at space 6(b).

1   Oracle's allegations also fail to meet the requirements of Fed. R. Civ. P., Form 19, which
2  requires factual pleadings that identify both the infringing work, and how that work infringes.
3  *See* Fed. R. Civ. P., Form 19 ("the defendant infringed the copyright by publishing and selling a
4  book entitled _____, which was copied largely from the plaintiff's book").  Oracle's Complaint
5  does not come close to even this form pleading.  Oracle's Complaint does not allege that any
6  work of Google – Android or otherwise – is a copy of, or is substantially similar to, any of Sun /
7  Oracle's copyrighted works.  *See* Compl. ¶ 39.

8   This deficiency is compounded by the fact that "Android" as a whole contains over 11
9  million lines of computer code, thousands of pages of documentation, and thousands of
10 components.[24]  *See* Compl. ¶ 39 ("Google's Android infringes Oracle America's copyrights").
11 Oracle's Complaint provides no indication of what part or parts of "Android," which could
12 include code, documentation, specifications, and many other types of materials, allegedly
13 infringe.

14   There is no justification for Oracle's failure to plead sufficient facts to assert a copyright
15 infringement claim.  All of the relevant materials, including the Android source code, has been
16 publicly available since the Android Open Source Project released the code base in 2008.[25]
17 Every fact that Oracle could have required to properly plead copyright infringement was
18 available to Oracle before it filed this lawsuit, and Oracle and its counsel were required to make
19 a good-faith evaluation of the merits of the claim.  *See* Fed. R. Civ. P. 11(b)(3).  Because all of
20 the information Oracle requires is already publicly available, Oracle cannot excuse its vague
21 pleading by claiming that it needs discovery to identify the accused works or acts.

---

[24]   Android is a complete set of software for mobile devices: an operating system, middleware and key mobile applications. http://www.openhandsetalliance.com/android_overview.html.  It includes a full set of tools for developers, *id.*, and an entire suite of reference documentation, http://developer.android.com/reference/packages.html. The Dalvik virtual machine is only one of over 240 separate source code modules that make up Android.  http://android.git.kernel.org.
[25]   *See, e.g.,* http://www.android.com/timeline.html; http://android.git.kernel.org.

### 4. Oracle's Claim For Vicarious Copyright Liability Is Also Deficient.

Oracle's assertion of vicarious copyright liability suffers from the same deficiencies as its claim of infringement by Google. A claim for vicarious liability for copyright infringement requires the plaintiff to plead acts of infringement of the Asserted Copyrights by a third party, and knowledge and inducement of those acts by the defendant. *See Perfect 10, Inc. v. Visa Int'l Service Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007). Oracle has not pleaded with any specificity any alleged acts of infringement of the Asserted Copyrights by a third party or any acts of Google that supposedly induced such infringement.

Oracle's Complaint asserts only that third parties infringe the Asserted Copyrights because "users of Android, including device manufacturers, must obtain and use copyrightable portions of the Java platform." Compl. ¶ 40. Neither "obtaining" nor "using," however, are among the exclusive rights of a copyright owner under the copyright statute. *See* 17 U.S.C. § 106. For this reason alone, the claim of vicarious liability for infringement should be dismissed. Oracle also fails to identify any works of third parties that allegedly infringe the Asserted Copyrights, any specific acts of any third parties that allegedly infringe Oracle's copyright rights, or any acts of Google that allegedly induced or contributed to any such infringement. Oracle's claim against Google of vicarious liability for copyright infringement therefore fails to adequately state a claim for infringement.

### C.  Google Is Entitled To A More Definite Statement.

If the Court declines to dismiss Count VIII of Oracle's Complaint, Google respectfully requests that the Court order Oracle to provide a more definite statement of its claims for copyright infringement. Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Although generally disfavored, this district has found such relief to be appropriate in a copyright case where, as here, the complaint is impermissibly

14

vague regarding the alleged claim of infringement.  *See Sega Enters. LTD. v. Accolade, Inc.*, No. 91-3871, 1992 U.S. Dist. LEXIS 4621, at *4 (N.D. Cal. Mar. 20, 1992).

The *Sega* court noted that the complaint vaguely alleged infringement of "other works" (among other things), and ordered plaintiff to provide a more definite statement specifying "the particular 'other works' which are subject to the copyright claim and registration of those works, the acts constituting infringement of those works, and the dates the infringement occurred."  *Id.* Similarly, Oracle's Complaint asserts that Google has "copied, prepared, published, and distributed Oracle America's copyrighted work, portions thereof, or derivative works."  Compl. ¶ 39.  Oracle should at a minimum be required to identify any specific "copyrighted work" or "portion thereof" that Google allegedly copied or distributed, any "derivative works" known to Oracle that form the basis of its claim, as well as the acts constituting the alleged infringement.[26]

Finally, as discussed above, Oracle's Complaint fails entirely to identify any facts giving rise to Oracle's claim of vicarious infringement based on alleged acts of infringement by third parties.  Oracle's more definite statement should include specification of the alleged acts of such parties that Oracle believes infringe its Asserted Copyrights and how such acts infringe, as well as the acts of Google that Oracle believes make Google liable for any such alleged infringement.

### III.     Conclusion

Oracle's Complaint includes impermissibly vague and broad allegations of copyright infringement.  In particular, the Complaint does not specifically identify any allegedly infringing works of Google, how Google has allegedly infringed Oracle's rights in the two Sun works attached to the Complaint, or how Oracle believes its claim of vicarious liability for copyright infringement arises.  For these reasons, Count VIII of Oracle's Complaint fails to meet the

---

[26] Oracle also contends that the "copyrightable" portions of the "Java platform" include, "without limitation code, specifications, documentation, and *other materials*."  Compl. ¶ 38. To the extent Oracle believes that Google has infringed or is liable for infringement by any party of the copyrights in any works other than those that are the subject of the two registrations included in Exhibit H to the Complaint, Oracle should identify any and all such other works and the

15

| | |
|---|---|
| 1 | minimum pleading standards required by the law, and fails to properly put Google on notice of |
| 2 | the substance of Oracle's claims.  Accordingly, the Court should dismiss Count VIII of the |
| 3 | Complaint, or, in the alternative, should require Oracle to provide a more definite statement of its |
| 4 | copyright claims. |

DATED:  October 4, 2010                                  Respectfully submitted,

**KING & SPALDING LLP**


By:  /s/ Donald F. Zimmer, Jr._____

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRYrperry@kslaw.com
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice Pending)*
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile:  (415) 318-1300

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

---

copyright registrations for them.  *See Sega*, 1992 U.S. Dist. LEXIS 4621, at *4.