MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **ORACLE AMERICA, INC.'S MOTION TO DISMISS DEFENDANT'S INVALIDITY COUNTERCLAIMS AND STRIKE CERTAIN AFFIRMATIVE DEFENSES AND IMPERTINENT MATTER** |
| v. | |
| GOOGLE, INC. | |
| Defendant. | Date: December 2, 2010<br>Time: 8:00 a.m.<br>Dept.: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

**NOTICE OF MOTION AND MOTION**

TO DEFENDANT GOOGLE, INC. AND ALL ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that the following motion will be heard at 8:00 A.M. on December 2, 2010, or as soon thereafter as counsel may be heard, in Courtroom 9, 19th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California before the Honorable William Alsup.

Plaintiff Oracle America, Inc. will and hereby does move to dismiss Defendant Google's counterclaims for declaratory judgment of invalidity (Counts 2, 4, 6, 8, 10, 12, and 14 of Google's counterclaims) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that each of Google's invalidity counterclaims fails to state a claim upon which relief can be granted. Oracle America further moves to strike Google's Second, Third, Fourth, Fifth, Seventh, Ninth, Eleventh, Twelfth, and Thirteenth affirmative defenses pursuant to Rule 12(f) on the grounds that each is insufficiently pleaded. Oracle America moves to strike paragraphs 7 through 22 of the Factual Background section of Google's Counterclaims pursuant to Rule 12(f) on the grounds that they are immaterial and impertinent to any claim, counterclaim, or affirmative defense. This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, any matters of which the Court may take judicial notice, any evidence or argument presented at the hearing on the motion, and any other matters the Court deems proper.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Oracle America sued Google not on one, two, or even three Java-related patents, but seven. The patents are presumed to be valid by statute. Google acknowledges that a number of industry players have respected the Java patents. (Google Counterclaims (Docket No. 32) at Factual Background ¶¶ 1, 6) In fact, Google observes that entities such as the Apache Software Foundation continue to undertake efforts and to incur expenses to "demonstrate compatibility with the Java specification" so that Sun might "provide a license for any of its intellectual property needed to practice the specification, including patent rights and copyrights." (*Id.* ¶ 6.)

Nevertheless, Google argues that the Court should grant it declaratory relief because supposedly *each and every one* of the seven patents asserted by Oracle America in this lawsuit is invalid under "one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112," without any explanation at all of how or why this might plausibly be the case. Google's general invalidity claims are particularly implausible in this case given that the doctrine of assignor estoppel bars Google from challenging the validity of any patent assigned by an inventor with whom Google is in privity.[1] Google's invalidity counterclaims fail to provide fair notice of its claims for relief as required by the federal pleading rules and should be dismissed.

Many of Google's boilerplate affirmative defenses are similarly unsubstantiated and improbable. As an example, Google asserts "Use by the United States" as its Ninth affirmative defense, but nowhere does it allege how the United States has made use of any patent at issue. Similarly, Google asserts "Misuse" as its Seventh affirmative defense, but does not identify which patent right has allegedly been misused nor how. Such bare, conclusory allegations do not provide Oracle America with fair notice of the affirmative defenses at issue and should be stricken as insufficient.

---

[1] Several of the named inventors of Oracle America's patents subsequently joined Google and have developed software for Google. For example, Frank Yellin, co-inventor of the '520 patent, and Lars Bak and Robert Griesemer, co-inventors of the '205 patent, are believed to be presently employed by Google.

ORACLE AMERICA'S MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE
CASE NO. CV 10-03561 WHA
pa-1429994

2

Finally, Google's counterclaim includes in paragraphs 7 through 22 a long list of self-congratulatory remarks and polemics that have nothing to do with Google's counterclaims for non-infringement and invalidity. Google draws no connection between the allegations it pleads and the seven patents in suit. The allegations should be stricken under Rule 12(f) because they are immaterial and impertinent to any claim, counterclaim, or affirmative defense in this action.

## II.  PROCEDURAL BACKGROUND

On August 12, 2010, Oracle America, Inc. sued Google, Inc., alleging patent infringement and copyright infringement. Google filed a responsive pleading on October 4, 2010, answering Oracle America's patent claims and asserting thirteen affirmative defenses and fourteen counterclaims. (Docket No. 32.) Google also separately moved to dismiss Oracle America's copyright claim, or, in the alternative, for a more definite statement. Oracle America now moves to dismiss Google's seven counterclaims seeking declarations of invalidity of the patents-in-suit; to strike Google's Second, Third, Fourth, Fifth, Seventh, Ninth, Eleventh, Twelfth, and Thirteenth affirmative defenses; and to strike certain immaterial matter from Google's responsive pleading.

## III.  ARGUMENT

### A.  Google's Invalidity Counterclaims Are Deficient.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This is as true for counterclaims as it is for complaints. *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 99538, at *5-6 (N.D. Cal. Oct. 26, 2009). This plain statement must give the opposing party fair notice of the pleader's claim and the grounds on which it rests. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

These pleading principles are now "qualified by the new, more stringent pleading standard articulated by the Supreme Court in *Ashcroft v. Iqbal*." *CTF Dev.*, 2009 U.S. Dist. LEXIS 99538, at *2 (applying *Iqbal* analysis to counterclaim and affirmative defenses, dismissing deficient affirmative defenses for failure to provide fair notice). Under *Iqbal*, a party must plead sufficient factual matter that, if true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570

1    (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements

2    of a cause of action will not do." *Id.* Google's invalidity counterclaims (Counts 2, 4, 6, 8, 10, 12,

3    and 14) are insufficient under *Iqbal* because Google's pleading states no basis whatsoever to

4    support a reasonable inference that all or any of the patents at issue might plausibly be invalid.

5          Indeed, Google's counterclaims here are essentially identical to the one dismissed as

6    deficient in *Qarbon.com*. That case involved a defendant's counterclaim for declaratory

7    judgment that "the [patent at issue] is invalid and void under the provisions of Title 35, United

8    States Code §§ 100 *et seq.*, and specifically, §§ 101, 102, 103, and/or 112." *Qarbon.com*, 315

9    F. Supp. 2d at 1050. No factual information supported this counterclaim. Accordingly, the court

10   dismissed the counterclaim, holding that a defendant who "simply pleads the citation" to the

11   Patent Act does not satisfy its burden to plead sufficient facts. *Id*. at 1050-51. The court

12   explained that "[s]uch a pleading is 'radically insufficient,'" and that the "Court will not accept

13   wholly conclusory allegations." *Id.* (quoting *Grid Sys. Corp. v. Texas Instruments, Inc.*, 771

14   F. Supp. 1033, 1042 (N.D. Cal. 1991)). The court emphasized that "[e]ffective notice pleading

15   should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim,

16   for preserving relevant evidence, for identifying any related counter- or cross-claims, and for

17   preparing an appropriate answer." *Id.* at 1051 (quoting *Grid Sys. Corp.*, 771 F. Supp. at 1037).

18   Notably, *Qarbon.com* was decided under the less-stringent pre-*Iqbal* standards, and yet it held

19   that merely "alleging several grounds for invalidating and voiding the [patent at issue]" did not

20   give plaintiff fair notice of the claim. *Id*.

21         Google's invalidity counterclaims are deficient for exactly the same reason. For each of

22   the seven patents at issue in this action, Google asserts: "The claims of the [] patent are invalid

23   under one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112." Google nowhere pleads

24   facts that might plausibly explain why each patent could be invalid or identifies the specific

25   invalidity theory or theories that might apply. As the *Qarbon.com* court held, this type of

26   conclusory pleading is insufficient because it does not give Oracle America fair notice of why the

27   patents are purportedly invalid and provides no means of assessing Google's claim. *See*

28   *Qarbon.com*, 315 F. Supp. 2d at 1050. Google's invalidity counterclaims should be dismissed.

### B. Google's Second, Third, Fourth, Fifth, Seventh, Ninth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses Are Deficient.

The Court may strike insufficiently pleaded defenses under Rule 12(f). Fed. R. Civ. P. 12(f). Affirmative defenses are governed by the same pleading standard as complaints. *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049 ("Like complaints, affirmative defenses must give plaintiff 'fair notice' of the defense being advanced.") (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

Likewise, *Iqbal*'s heightened pleading standard applies to affirmative defenses. *Barnes v. AT&T Pension Benefit Plan*, No. C 08-04058 MHP, 2010 U.S. Dist. LEXIS 62515, at *10-12 (N.D. Cal. June 21, 2010). "Applying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Id.* at *12. "Under the *Iqbal* standard, the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." *CTF Dev.*, 2009 U.S. Dist. LEXIS 99538, at *23. "[I]t is neither this Court's nor plaintiff's responsibility to interpret what defendant may have meant by such vague statements." *Id.* at *22. A bare statement of a legal doctrine lacking any articulated connection to the claims in the case is insufficient to plead an affirmative defense. *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168 LHK, 2010 U.S. Dist. LEXIS 104980, at *6 (N.D. Cal. Sept. 23, 2010).[2]

Many of Google's asserted affirmative defenses are deficient because they lack supporting factual allegations to provide Oracle America with fair notice of the matters at issue. Google's Second Defense ("Patent Invalidity"), like the invalidity counterclaims discussed above, fails to

---

[2] In *G & G Closed Circuit Events*, the defendants asserted thirty-one affirmative defenses, including failure to join necessary parties, unclean hands, and collateral estoppel. *Id.* at *3. The defendants did not allege supporting facts, such as identifying the party who must be joined, the conduct that allegedly amounted to "unclean hands," or any prior preclusive litigation. *Id.* The court granted the plaintiff's motion to strike, because "[w]ithout this basic information, Plaintiff cannot ascertain the basis for these affirmative defenses." *Id.*; s*ee also Qarbon.com*, 315 F. Supp. 2d at 1049 (granting plaintiff's motion to strike defendant's affirmative defenses of waiver, estoppel, and unclean hands because defendant offered no factual basis).

ORACLE AMERICA'S MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE
CASE NO. CV 10-03561 WHA
pa-1429994

5

1  satisfy the pleading standards because it merely invokes a list of statutory provisions: "The
2  claims of the Patents-in-Suit are invalid for failure to satisfy one or more of the requirements of
3  Sections 100 *et seq.*, 101, 102, 103, 112, 251, and/or 252 of Title 35 of the United States Code."
4  As discussed above, patents are presumed to be valid and nothing suggests that the patents at
5  issue might plausibly be invalid, and Google nowhere explains which invalidity theory or theories
6  apply to which patents, nor does it say how or why any – or all – of the patents might be invalid.
7  As held in *Iqbal*, "To survive a motion to dismiss, a complaint must contain sufficient factual
8  matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 129 S. Ct. at
9  1949 (quoting *Twombly*, 550 U.S. at 570). Google's pleading fails because it does not plead
10 factual content that would allows the court to draw a reasonable inference Google is entitled to
11 the relief alleged. *See id*.
12        Google's Third Defense ("Patent Unenforceability") invokes "doctrines of laches, waiver
13 and/or estoppel, including prosecution history estoppel," but does not explain how or why any or
14 all of these doctrines might apply in this action to render any of the patents at issue
15 unenforceable. Such bare assertions of legal doctrine do not provide sufficient notice. *See G & G*
16 *Closed Circuit Events*, 2010 U.S. Dist. LEXIS 104980, at *6-7 (striking affirmative defense that
17 "fail[ed] to give Plaintiff notice of how these doctrines apply to this case or even what the
18 'provisions' of these doctrines are"); *see also Solis v. Zenith Capital, LLC*, No. C08-4854 PJH,
19 2009 U.S. Dist. LEXIS 43350, at *6 (N.D. Cal. May 8, 2009) (holding that merely asserting
20 "waiver and/or release" is insufficient to identify an affirmative defense and provide fair notice).
21        Google's Fourth, Fifth, Seventh, Ninth, Eleventh, Twelfth, and Thirteenth Defenses all
22 fail for the same reason. For the Fourth Defense ("Substantial Non-Infringing Uses"), Google
23 does not provide a single example of a product or action that has a substantial use that does not
24 infringe the patents-in-suit. For the Fifth Defense ("Dedication to the Public"), Google does not
25 plead a single fact to suggest that Oracle America dedicated to the public any single thing
26 disclosed in the patents. Google's Seventh Defense, based on the "doctrine of misuse," does not
27 explain how the doctrine applies, or even identify what conduct allegedly constituted misuse.
28 Google's Ninth Defense ("Use By The United States") does not do anything but cite 28 U.S.C.

§ 285—it says nothing to suggest how or why the provision might apply in this action. For the Eleventh Defense ("License") and Twelfth Defense ("Implied License"), Google does not identify what pertinent licenses exist or how they apply in this action. And finally, Google does not identify any behavior that constitutes unclean hands in support of its Thirteenth Defense ("Unclean Hands").

Each of Google's Second, Third, Fourth, Fifth, Seventh, Ninth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses is deficient—they do not identify *what* actions give rise to the defenses, *how* the legal doctrines apply to Oracle America's claims, or *why* the claims allegedly fail. None states a plausible basis for inferring that Oracle America is not entitled to the relief it seeks, as required under *Iqbal*. To the contrary and as a matter of common sense, it is improbable that all of the asserted boilerplate defenses apply to each of Oracle America's claims. Google's pleading does not give Oracle America fair notice, and the defenses should be stricken.

### C. The Court Should Strike Immaterial and Impertinent Matter from Google's Counterclaims Under Rule 12(f).

Rule 12(f) also provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). "Immaterial matter is 'that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *G & G Closed Circuit Events*, 2010 U.S. Dist. LEXIS 104980, at *4 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). Impertinent matter does not pertain to and is not necessary to the issues in question. *Id.* A primary purpose of a 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc.*, 984 F.2d at 1527. Removing immaterial and impertinent matter simplifies the litigation and saves costs.

The allegations in Paragraphs 7 through 10 of the Factual Background of Google's counterclaims are immaterial because they are not relevant to any claim, counterclaim, or affirmative defense asserted in this action. These paragraphs contain allegations regarding other companies' positions regarding open-source Java, including those of the Apache Software

1  Foundation, Oracle Corporation, and BEA System. These companies are not parties, nor are they
2  pled to have any ownership interest in the patents-in-suit.[3] What relevance do their activities
3  have to whether or not Oracle America's seven patents are valid and infringed?

4  The allegations in Paragraphs 11 through 22 are likewise immaterial. They contain
5  allegations regarding the beliefs, goals, and activities of Google, the Open Handset Alliance, and
6  the Android Open Source Project. For example, the allegation that the "members of the OHA,
7  which include Google, mobile operators, handset manufacturers, semiconductor companies,
8  software companies and commercialization companies, are each strongly committed to greater
9  openness in the mobile ecosystem" does not help state a claim that any of Oracle America's
10 patents are invalid or not infringed. (Google Counterclaims (Docket No. 32) at Factual
11 Background ¶ 11.) The allegation that "Google does not receive any payment, fee, royalty, or
12 other remuneration for its contributions to the Android Platform" does not help state a claim that
13 any of Oracle America's patents are invalid or not infringed. (*Id.* at ¶ 17.) The allegation that
14 "Android's popularity has proven to be a catalyst for the Java open source community and the
15 increased use of the Java programming language" does not help state a claim that any of Oracle
16 America's patents are invalid or not infringed. (*Id.* at ¶ 21.)

17 Even if there were a connection between these allegations and the counterclaims Google
18 asserts, that connection is not pled. If Google had sued first, and its counterclaims were instead a
19 declaratory judgment complaint, then Google would have failed to state a claim under Rule 8.
20 Oracle America acknowledges that there is a case or controversy between it and Google as to
21 whether Google infringes the seven patents-in-suit, because it sued Google for patent
22 infringement. Oracle America should not be required to answer immaterial and impertinent
23 allegations.

---

[3] Oracle America is alleged to be a wholly owned subsidiary of Oracle Corporation. (Google Counterclaims at The Parties ¶ 1.) How is that pertinent to whether Google infringes Oracle America's patents or whether the patents are valid? No such relevance is apparent in Google's pleading.

ORACLE AMERICA'S MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE
CASE NO. CV 10-03561 WHA
pa-1429994

8

Google's paragraphs 10 through 22 amount to "[s]uperfluous historical allegations" that are "a proper subject of a motion to strike." *Fantasy, Inc.*, 984 F.2d at 1527. Google's allegations create risks of prejudice, delay, and confusion of the issues. The disputed issues are not whether OHA members are strongly committed to greater openness or whether Google is paid for bringing Android to the world. The issue here is patent infringement, and it is appropriate to strike material which "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* Oracle America respectfully requests that the Court strike Google's paragraphs 10-22 from its pleading.

### IV. CONCLUSION

Google's invalidity counterclaims should be dismissed under Rule 12(b)(6) and Rule 8(a)(2). Google's Second, Third, Fourth, Fifth, Seventh, Ninth, Eleventh, Twelfth, and Thirteenth affirmative defenses are deficient and should be stricken under Rule 12(f). Finally, Oracle America respectfully asks that the Court strike the immaterial and impertinent allegations in paragraphs 7 through 22 of the Factual Background section of Google's Answer and Counterclaims.

Dated: October 26, 2010

MICHAEL A. JACOBS
MARC DAVID PETERS
MORRISON & FOERSTER LLP

By: /s/ Marc David Peters

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.