1 | MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
2 | mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
3 | mdpeters@mofo.com
755 Page Mill Road
4 | Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792
5 |
BOIES, SCHILLER & FLEXNER LLP
6 | DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
7 | 333 Main Street
Armonk, NY  10504
8 | Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
9 | sholtzman@bsfllp.com
1999 Harrison St., Suite 900
10 | Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
11 |
ORACLE CORPORATION
12 | DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
13 | DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
14 | MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
15 | 500 Oracle Parkway
Redwood City, CA  94065
16 | Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

17 | *Attorneys for Plaintiff*
ORACLE AMERICA, INC.
18 |

19 | UNITED STATES DISTRICT COURT

20 | NORTHERN DISTRICT OF CALIFORNIA

21 | SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **ORACLE AMERICA'S OPPOSITION TO GOOGLE INC.'S MOTION TO DISMISS COUNT VIII OF PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| v. | |
| GOOGLE, INC. | |
| Defendant. | Date:  November 18, 2010 Time:  8:00 a.m. Dept.:  Courtroom 9, 19th Floor Judge:  Honorable William H. Alsup |

## I.   INTRODUCTION

On August 12, 2010, Oracle America, Inc. ("Oracle America") sued Google, Inc. ("Google"), alleging infringement of patents and copyrights relating to Oracle America's Java platform by Google's reproduction and distribution of Java programming in its Android platform. On October 4, 2010, Google answered the patent claims (*see* Docket No. 32) and moved to dismiss only the copyright infringement claim (Count VIII) under Federal Rule of Civil Procedure 12(b)(6) (*see* Docket No. 33).  In the alternative, Google moved for a more definite statement.

Contrary to Google's contention, the original Complaint included sufficient detail to state a claim.  However, for the avoidance of doubt, on October 27, 2010, Oracle America filed an Amended Complaint (Docket No. 36), which by operation of law superseded the original Complaint.  The Amended Complaint renders Google's motions moot.  Oracle America's Amended Complaint includes yet more details regarding its copyright claim, further satisfying the pleading requirements of Federal Rule of Civil Procedure 8.  The Amended Complaint includes two new exhibits illustrating specific examples of copying (Exhibit I) and a side-by-side comparison of copied source code (Exhibit J).  This provides an alternative and independently sufficient basis to deny Google's motions.

## II.   LEGAL STANDARD

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is 'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Even after *Twombly* and *Iqbal*, Rule 12(b)(6) "[m]otions to dismiss are disfavored, as there exists a powerful presumption against rejecting pleadings for failure to state a claim." *Momento, Inc. v. Seccion Amarilla USA*, No. C 09-1223 SBA, 2009 U.S. Dist. LEXIS 85295, at *1-*2 (N.D. Cal. Sept. 16, 2009) (citing *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)).

PL.'S OPP. TO GOOGLE MTN TO DISMISS COUNT VIII OF COMPLAINT OR FOR A MORE DEFINITE STATEMENT
CASE NO. CV 10-03561 WHA
pa-1427765

1

For a motion to dismiss, the court must accept as true all allegations of material fact contained in the complaint and construe those allegations in the light most favorable to the plaintiff. *Al-Kidd v. Ashcroft*, 598 F.3d 1129, 1130 (9th Cir. 2010).  "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden" and do not allow the court to impose a "probability requirement" at the pleading stage.  *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009).  Instead, the complaint must simply provide "enough fact to raise a reasonable expectation that discovery will reveal evidence" to prove the claim.  *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 556); *see also Iqbal*, 129 S. Ct. at 1949 (holding that complaint must plead sufficient factual matter that, if true, states a claim for relief that is plausible on its face).[1]

## III.   ARGUMENT

### A.   Google's Motions Should Be Denied As Moot Because The Amended Complaint Eliminates The Subject of Those Motions

"It is hornbook law that an amended pleading supersedes the original, so the original is treated as non-existent."  *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956) ("Once amended, the original no longer performs any function as a pleading . . . .").  Here, Oracle America amended the Complaint as matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  Its "filing of an amended complaint moots the pending motion to dismiss." *Goldstein v. City of Santa Rosa*, No. C 10-0163, 2010 U.S. Dist. LEXIS 25656, at *1 (N.D. Cal. Mar. 18, 2010); *see also, e.g.*, *Feria v. Lehman Bros. Bank, FSB*, No. 10 CV 1412, 2010 U.S. Dist. LEXIS 77539, at *1 (S.D. Cal. Aug. 2, 2010) ("Because Defendant['s] motion seeks dismissal of a complaint that is no longer the operative pleading in this case, the motion has become moot.").  Google's Motion for a More Definite Statement fails for the same reason.  This conclusion is particularly warranted because, as discussed below, Oracle America's revised

---

[1] As an initial matter, Oracle America objects to Google's extensive reliance on facts outside the pleadings in its motion.  As Google properly concedes, "the sufficiency of the pleadings must be determined by the pleading itself."  (Mot. at 3.)  But, contrary to this admitted principle, Google makes extensive factual allegations regarding Google's business practices and the Android platform technology.  (Mot. 3-7.)

PL.'S OPP. TO GOOGLE MTN TO DISMISS COUNT VIII OF COMPLAINT OR FOR A MORE DEFINITE STATEMENT
CASE NO. CV 10-03561 WHA
pa-1427765

2

1    copyright infringement claim presents additional factual allegations, including particular

2    examples of Google's illegal copying of Oracle America's copyrighted materials.[2]

3                 **B.**       **The Amended Complaint Adequately Addresses the Concerns**
                                **Identified in Google's Motions**

4

5        At issue is Oracle's claim that, in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*,

6    Google reproduced and distributed portions of Oracle's Java platform in and through Google's

7    Android platform. "To state a claim for direct copyright infringement, plaintiff must satisfy two

8    requirements: '(1) [plaintiff] must show ownership of the allegedly infringed material and

9    (2) [plaintiff] must demonstrate that the alleged infringer(s) violated at least one exclusive right

10   granted to copyright holders under 17 U.S.C. § 106.'" *Miller v. Facebook, Inc.*, No. C 10-00264

11   WHA, 2010 U.S. Dist. LEXIS 61715, at *11 (N.D. Cal. May 28, 2010) ("*Miller II*") (quoting

12   *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). As explained below,

13   Oracle America has met both requirements.

14        Google argues that the first element of the direct infringement pleading standard was not

15   satisfied because Oracle America did not identify the material copied. (Mot. at 2, 11-12.) Oracle

16   America alleges in the Amended Complaint the code, documentation, specifications, libraries,

17   and other materials that comprise the protected Java platform along with the pertinent copyright

18   registrations. (Am. Compl. ¶¶ 11, 38.) Identification of the copyright registrations issued is

19   sufficient to establish ownership of the protected materials. *Miller v. Facebook, Inc.*, No. C 10-

20   00264, 2010 U.S. Dist. LEXIS 31534, at *6 (N.D. Cal. Mar. 31, 2010) ("*Miller I*").

21        Google next argues that the second element of the pleading standard was not satisfied

22   because Oracle America did not identify the alleged infringement. (Mot. at 2, 11-12.) This

23   concern is also addressed directly by the Amended Complaint. Section 106 of the Copyright Act

24

25

26

27

---

[2] Only in rare circumstances might a court make an exception and apply the defendant's motion to dismiss the original complaint to the amended complaint, as well. *See*, *e.g.*, *Datastorm Techs., Inc. v. Excalibur Commc'ns, Inc.*, 888 F. Supp. 112, 114 (N.D. Cal. 1995) (defendant need not file a second motion where the only difference between the amended and original complaints was the addition of a defendant, because "to do otherwise would exalt form over substance."). The facts of *Datastorm* are quite different from those here, where Oracle America's claim has been supplemented with additional factual allegations.

28

PL.'S OPP. TO GOOGLE MTN TO DISMISS COUNT VIII OF COMPLAINT OR FOR A MORE DEFINITE STATEMENT
CASE NO. CV 10-03561 WHA
pa-1427765

3

1  reserves to the owner of the copyright the exclusive right to reproduce copyrighted works, and to

2  prepare derivative works therefrom.  *See* 17 U.S.C. § 106.  Pleading a violation of a plaintiff's

3  exclusive rights is sufficiently established by allegations of similarities between the copyrighted

4  and infringing materials.  *Miller II*, 2010 U.S. Dist. LEXIS 61715, at *17-18.  Here, the Amended

5  Complaint goes beyond a showing of mere similarities.

6      The Amended Complaint identifies infringing portions of Android, including Java method

7  and class names, definitions, organization, and parameters; the structure, organization and content

8  of Java class libraries; and the content and organization of Java's documentation, and provides

9  references to evidence of copying and derivation available on Google's Android website.  (Am.

10  Compl. ¶ 40 & Ex. I (illustrating specific examples of copying).)  Oracle America also provides

11  an example of Google's infringing copying of source code (PolicyNodeImpl.java).  (*Id.* & Ex. J

12  (providing a side-by-side, line-for-line comparison of Oracle America's Java code and Google's

13  Android code).)

14      Section 106 also prohibits unlicensed distribution of copyrighted works.  *See* 17 U.S.C.

15  106.  "'One contributorily infringes when he (1) has knowledge of another's infringement and

16  (2) either (a) materially contributes to or (b) induces that infringement.'"  *Miller II*, 2010 U.S.

17  Dist. LEXIS 61715, at *19 (quoting *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788,

18  795 (9th Cir. 2007)).  As alleged in the Amended Complaint, Google violates this provision by

19  actively distributing Android and promoting its use by manufacturers of products and

20  applications.  Specifically, Google distributed Android to approximately 34 companies (the Open

21  Handset Alliance) with intent that those companies distribute Android to others (developers and

22  end-users).  (*Id.* at ¶¶ 12, 41.)

23      Oracle America has alleged the "who, what, when, where, how" of Google's direct and

24  indirect copyright infringement, satisfying Rule 8.  More is not required.  Google's motions

25  should be dismissed.

26

27

28

PL.'S OPP. TO GOOGLE MTN TO DISMISS COUNT VIII OF COMPLAINT OR FOR A MORE DEFINITE STATEMENT
CASE NO. CV 10-03561 WHA
pa-1427765

4

1

## IV.    CONCLUSION

Google's motion to dismiss Count VIII of the original complaint and its motion in the

alternative for a more definite statement are both moot, and should be denied.

Dated: October 28, 2010
        MICHAEL A. JACOBS
        MARC DAVID PETERS
        MORRISON & FOERSTER LLP

        By:  /s/ Richard S. Ballinger _____

        *Attorneys for Plaintiff*
        ORACLE AMERICA, INC.

PL.'S OPP. TO GOOGLE MTN TO DISMISS COUNT VIII OF COMPLAINT OR FOR A MORE DEFINITE STATEMENT
CASE NO. CV 10-03561 WHA
pa-1427765

5