DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

SCOTT T. WEINGAERTNER (*Pro Hac Vice)*
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice)*
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ORACLE AMERICA, INC.

Plaintiff,

v.

GOOGLE INC.

Defendant.

Case No. 3:10-cv-03561-WHA

Honorable Judge William H. Alsup

**GOOGLE INC.'S OPPOSITION TO ORACLE'S MOTION TO DISMISS AND MOTION TO STRIKE**

Date: December 2, 2010
Time: 8:00 a.m.
Dept.: Courtroom 9, 19th Floor

**TABLE OF CONTENTS**

I. INTRODUCTION ....... 1

II. GOOGLE'S AMENDED ANSWER AND COUNTERCLAIMS RENDERS ORACLE'S MOTIONS MOOT ....... 1

III. GOOGLE'S INVALIDITY COUNTERCLAIMS SATISFY THE REQUIREMENTS OF RULE 8 ....... 2

A. Legal Standard ....... 3

B. Google's Amended Invalidity Counterclaims Satisfy Iqbal and Twombly ....... 4

C. Oracle's Reference To Assignor Estoppel Is Irrelevant To Its Motion ....... 6

IV. ORACLE'S MOTION TO STRIKE SHOULD BE DENIED ....... 6

A. Google's Defenses Are Properly Pleaded ....... 6

1. Legal Standard ....... 6

2. The Context Surrounding Oracle's Motion To Strike Indicates That The Motion Should Be Denied. ....... 7

3. Google's Response To Oracle's Amended Complaint Provides Fair Notice Of Google's Defenses. ....... 9

4. Google's Defenses Are Appropriate And Sufficiently Pleaded ....... 12

B. The Factual Background In Google's Counterclaims Is Highly Material And Relevant To Google's Defenses ....... 12

1. Paragraphs 7 Through 10 Of The Amended Counterclaims ....... 13

2. Paragraphs 11 Through 22 Of The Amended Counterclaims ....... 14

V. CONCLUSION ....... 15

# TABLE OF AUTHORITIES

## CASES

*A. C. Aukerman Co. v. R. L. Chaides Construction Co.*
960 F.2d 1020 (Fed. Cir. 1992) (en banc)....14

*Al-Kidd v. Ashcroft*
580 F.3d 949 (9th Cir. 2009) ....11

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .... Passim

*Barnes v. AT&T Pension Benefit Plan*,
No. C 08-04058 MHP, 2010 U.S. Dist. LEXIS 62515 (N.D. Cal. June 21, 2010)....8

*Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, Case No. 6:09-cv-269, 2010 U.S. Dist. LEXIS 62711 (E.D. Tex. Mar. 29, 2010)....7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .... 3-5, 9

*CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 99538 (N.D. Cal. Oct. 26, 2009)....7

*Effects Assoc., Inc. v. Cohen*, 908 F.2d 555 (9th Cir. 1990) ....12

*Enlink Geoenergy Services, Inc. v. Jackson & Sons Drilling & Pump, Inc.*,
No. 09-03524, 2010 U.S. Dist. LEXIS 37859 (N.D. Cal. Mar. 24, 2010)....6

*Ferdik v. Bonzelet*
963 F.2d 1258 (9th Cir. 1992) ....2

*G & G Closed Circuit Events, LLC v. Nguyen*
No. 10-CV-00168 LHK, 2010 U.S. Dist. LEXIS 104980 (N.D. Cal. Sept. 23, 2010) ....13

*Goldstein v. City of Santa Rosa*,
No. C 10-0163, 2010 U.S. Dist. LEXIS 25656 (N.D. Cal. Mar. 18, 2010) ....2

*Green Products Co. v. Black Flag Brands LLC*
No. C-10-2121-JCS, 2010 U.S. Dist. LEXIS 109592 (N.D. Cal. Oct. 4, 2010)....8

*Grid Sys. Corp. v. Texas Instruments, Inc.*
771 F. Supp. 1033 (N.D. Cal. 1991) ....4

*Halton Co. v. Streivor, Inc.*
No. C 10-00655 WHA, 2010 U.S. Dist. LEXIS 50649 (N.D. Cal. May 21, 2010)....11

*Shamrock Techs., Inc. v. Medical Sterilization, Inc.*
903 F.2d 789 (Fed. Cir. 1990)....6

*Whittlestone, Inc. v. Handi-craft Co.*
618 F.3d 970 (9th Cir. 2010) ....9, 15

*Wyshak v. City Nat'l Bank*
607 F.2d 824 (9th Cir. 1979) ....7, 13

## STATUTES

17 U.S.C. § 106 ........ 15

35 U.S.C. § 284 ........ 15

35 U.S.C. § 1498 ........ 11

## OTHER AUTHORITIES

Fed. R. Civ. P. 11 ........ 7

Fed. R. Civ. P. 15(a)(1)(B) ........ 1

Fed. R. Civ. P. 15(a)(3) ........ 1-2

Fed. R. Civ. P. 8(a)(2) ........ Passim

Patent L.R. 3-1 ........ 6

Patent L.R. 3-3 ........ 5

25 Santa Clara Computer & High Tech. L.J. 966 (2009) ........ 3

## I. Introduction

On October 26, 2010, Oracle America, Inc. ("Oracle") filed its Motion To Dismiss Defendant's Invalidity Counterclaims And Strike Certain Affirmative Defenses And Impertinent Matter ("Motion To Dismiss"). Oracle's motion seeks to dismiss certain of Google's counterclaims regarding patent invalidity pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. Motion To Dismiss at 2. Oracle's motion also seeks to strike certain of Google's defenses and certain alleged "immaterial and impertinent" material from the factual section of Google's counterclaims. Motion To Dismiss at 2-3. The next day, on October 27, Oracle filed an Amended Complaint For Patent And Copyright Infringement ("Amended Complaint") to address issues Google previously raised with respect to the deficiencies in Oracle's claim of copyright infringement.

In response to Oracle's Amended Complaint, Google is filing concurrently herewith its answer to Oracle's Amended Complaint and its amended counterclaims ("Amended Answer And Counterclaims").[1] This pleading replaces Google's original answer and counterclaims as Google's operative pleading in this case. Accordingly, Oracle's Motion To Dismiss is directed to a pleading that is no longer at issue and should therefore be denied as moot. Moreover, as discussed in further detail below, Google's Amended Answer And Counterclaims satisfy the pleading requirements of the Federal Rules. To the extent Oracle's Motion To Dismiss is not moot, it should be denied.

## II. Google's Amended Answer And Counterclaims Renders Oracle's Motions Moot.

On October 4, 2010, Google filed its Answer To Plaintiff's Complaint For Patent And Copyright Infringement And Counterclaims ("Original Answer"). On October 26, Oracle moved to dismiss certain of Google's counterclaims, and to strike several defenses and factual allegations in the Original Answer. Motion To Dismiss at 1. On October 27, Oracle filed an Amended Complaint. On November 10, Google, in compliance with Federal Rule of Civil

---

1 Google is required to answer Oracle's Amended Complaint. Fed. R. Civ. P. 15(a)(3). Google is also entitled to amend its counterclaims as of right at this time. Fed. R. Civ. P. 15(a)(1)(B).

Procedure 15(a)(3), is filing its Amended Answer And Counterclaims. Google's Amended Answer And Counterclaims replaces Google's Original Answer. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Velarde v. Wells Fargo Bank, N.A.*, No 10-2255, 2010 U.S. Dist. LEXIS 68030 at *1-2 (N.D. Cal. July 8, 2010).

Google believes that its Original Answer satisfies all applicable pleading requirements as to both the defenses and the counterclaims. Nevertheless, as discussed in detail below, Google's Amended Answer And Counterclaims includes additional details regarding Google's claims and defenses. Accordingly, and just as Oracle argued in response to Google's motion to dismiss Oracle's copyright infringement claim, Google's Amended Answer And Counterclaims renders Oracle's motions moot. *See Goldstein v. City of Santa Rosa*, No. C 10-0163, 2010 U.S. Dist. LEXIS 25656, at *1 (N.D. Cal. Mar. 18, 2010) ("[F]iling of an amended complaint moots the pending motion to dismiss.").

## III. Google's Invalidity Counterclaims Satisfy The Requirements Of Rule 8.

Oracle has moved to dismiss Counts Two, Four, Six, Eight, Ten, Twelve and Fourteen of Google's counterclaims, which are all of Google's counterclaims for declarations of patent invalidity as to the seven patents asserted by Oracle. Oracle cites a lone decision, *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d (N.D. Cal. 2004), as support for the proposition that Google's invalidity counterclaims are insufficiently pleaded. As shown below, Google's Amended Answer And Counterclaims – like counterclaims Oracle itself has recently asserted in other actions[2] – complies with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).

[2] Oracle does not follow the standard it proposes here when it is litigating patent cases as a defendant. Oracle has very recently asserted counterclaims that are virtually identical to those that it challenges in its motion. *See, e.g., Vasudevan Software, Inc. v. IBM Corp.*, Case No. 5:09-cv-105 (E.D. Tex. 2009) (D.I. 32) (attached as Exhibit A) ("The claims of the '006 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282."); *Implicit Networks v. IBM Corp.*, Case No. C08-01080, (W.D. Wash. 2008) (D.I. 50) (attached as Exhibit B) (same).

**A. Legal Standard**

Rule 8(a)(2) requires a pleading to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). The recent Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), confirmed that although detailed factual allegations are not required, satisfying Rule 8(a)(2) requires the complaint to plead sufficient factual matter that, if accepted to be true, would state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 570).

Oracle cites no post-*Iqbal* authority in the Northern District of California that applies *Iqbal* and *Twombly* to patent invalidity counterclaims. *See* Motion to Dismiss at 3-4. The lack of authority on this point is not surprising in view of the Northern District of California's local patent rules, which provide for fair, balanced, and exhaustive disclosure of both invalidity and infringement positions shortly after the case management conference. *See* Patent L.R. 3-1 and 3-3. As commentators with intimate knowledge of the patent local rules have noted, the local patent rules prevent parties from "'hid[ing] the ball'" by requiring litigants on both sides to disclose their theories "with great particularity."[3] Accordingly, litigants in this district have little, if any, reason to waste judicial resources by engaging in motion practice with respect to claims that sound in patent law.

In the face of the dearth of authority supporting its position, Oracle relies on *Qarbon.com*, in which the court dismissed invalidity counterclaims (with leave to amend) because those counterclaims merely listed the sections of the patent statute that the defendant raised as a ground for invalidity.[4] *See Qarbon.com*, 315 F. Supp. 2d at 1050 (dismissing a counterclaim that stated only "'the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.*, and specifically, §§ 101, 102, 103, and/or 112.'").

---

[3] James Ware & Brian Davy, *The History, Content, Application And Influence Of The Northern District Of California's Patent Local Rules*, 25 Santa Clara Computer & High Tech. L.J. 966, 1018 (2009).

[4] The only authority *Qarbon.com* cites in support is a 1991 case that predates the Northern District of California's local rules. *See Qarbon.com*, 315 F. Supp. 2d at 1050 (citing *Grid Sys. Corp. v. Tex. Instruments, Inc.*, 771 F. Supp. 1033, 1042 (N.D. Cal. 1991)).

*Qarbon.com* settled before an amended counterclaim could be filed or evaluated. It therefore provides little guidance as to the proper pleading standard.

**B. Google's Amended Invalidity Counterclaims Satisfy *Iqbal* and *Twombly*.**

The counterclaims for patent invalidity asserted in Google's Amended Answer And Counterclaims satisfy the pleading requirements of Rule 8(a)(2) as explained in *Iqbal* and *Twombly*. For example, Count Two – for a declaratory judgment of invalidity of U.S. Reissue Patent No. RE 38,104 – sets forth facts that, if true, would invalidate the '104 reissue patent. Count Two asserts:

- The '104 reissue patent is invalid because it fails to meet the "conditions for patentability" of 35 USC §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention, and no claim of the '104 reissue patent can be properly construed to cover any of Google's products.
- The '104 reissue patent is invalid under 35 U.S.C. §§ 251 and 252 on the grounds that the reissue patent enlarged the scope of one or more claims of the original patent more than two years from the grant of the original patent.

Amended Answer And Counterclaims at 25, ¶¶ 34-38. Counts Four, Six, Eight, Ten, Twelve and Fourteen include similar allegations as to the patents that are the subject of those counts.

As shown above, the counterclaims in the Amended Answer And Counterclaims clearly allege facts that, if true, would state a claim for patent invalidity. Accordingly, the claims asserted in the Amended Answer And Counterclaims satisfy Rule 8(a)(2) as interpreted by *Iqbal* and *Twombly*. *See Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 570). Further, Google's Amended Answer And Counterclaims recites far more than just a list of code sections, as was the case in *Qarbon.com*. Oracle provides no authority, and Google is unaware of any, that would support an assertion that the Federal Rules require more disclosure than Google's Amended Answer And Counterclaims already provides. Accordingly, Google's Amended

Answer And Counterclaims provides all the notice to which Oracle is entitled under Rule 8(a)(2).

In fact, Count Two exemplifies the sufficiency of the notice that Google's Amended Answer And Counterclaims provides. For example, Oracle can assess the merits of Google's invalidity defenses under 35 U.S.C. §§ 101 and 112 from the face of the patent, which is a public document, and to which Oracle has (and has had) complete access. With respect to the improper broadening of the '104 reissue patent under 35 U.S.C. §§ 251 and 252, Oracle has (or should be able to obtain easily, particularly given that Oracle claims to own the patent) the prosecution history for the reissue patent, and therefore has access to all of the facts it needs to assess Google's claim. To the extent Oracle requires additional information, such as the specific prior art references that invalidate the patents under 35 U.S.C. §§ 102 and 103, this information will be disclosed in accordance with Patent Local Rule 3-3.[5] Oracle provides no authority to suggest that it is entitled to such detailed information at the pleading stage.

The counterclaims asserted in Google's Amended Answer And Counterclaims are also at least as detailed as Oracle's infringement claims. Oracle's Amended Complaint says little more than that "Google actively and knowingly has infringed and is infringing" its patents. *See, e.g.*, Amended Complaint ¶¶ 18, 21, 24, 27, 30, 33, 36. Google assumes this contention is intended to assert that Google directly infringes Oracle's patents. If so, all of Oracle's seven claims for patent infringement are woefully deficient under the reading of Rule 8(a)(2) that Oracle advances in its motion, because the claims fail to identify any specific infringing instrumentality and do not provide any facts as to "how" Google allegedly infringes. *See Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. 09-03524, 2010 U.S. Dist. LEXIS 37859 (N.D. Cal. Mar. 24, 2010) (dismissing a complaint that fails to identify the infringing instrumentality). Rather than move to dismiss these inadequate counts, however, Google elected, in the interest of judicial economy, to await Oracle's required disclosures under Patent Local Rule 3-1.

---

5 Any additional disclosure with respect to Google's patent invalidity claims would also inherently require Google to disclose its claim construction positions. The patent local rules expressly allow parties to withhold such disclosure until the time set forth in the patent local rules. Patent L.R. 2-5(a).

**C. Oracle's Reference To Assignor Estoppel Is Irrelevant To Its Motion.**

In its motion to dismiss, Oracle asserts that the doctrine of assignor estoppel prevents Google from contesting the validity of certain of the patents-in-suit because certain of the named inventors of those patents are currently Google employees. Motion to Dismiss at 2 & n.1. The law does not support Oracle's position. Assignor estoppel is an equitable doctrine that primarily considers the balance of equities between the parties to the lawsuit. *Shamrock Techs., Inc. v. Med. Sterilization, Inc.*, 903 F.2d 789, 793 (Fed. Cir. 1990). In certain situations, assignor estoppel can attach to a party in privity with the assignor. *See id.*

Whether an employer can be estopped from challenging the validity of a patent that names its employee as an inventor, however, "depend[s] on the equities dictated by the relationship between the inventor and [the] company . . . in light of the act of infringement." *Id.* In short, a mere employer-employee relationship between Google and certain named inventors, without more, is wholly insufficient to prevent Google from contesting the validity of the patents. *See id.* Oracle's vague and incomplete reference to assignor estoppel is unsupported by the law and is contrary to public policy.

Accordingly, to the extent the Court believes Oracle's Motion To Dismiss is not moot, it should be denied because Google's Amended Answer And Counterclaims satisfy the pleading requirements of Rule 8(a)(2).

**IV. Oracle's Motion To Strike Should Be Denied.**

**A. Google's Defenses Are Properly Pleaded.**

1. Legal Standard

Rule 8 of the Federal Rules requires only that Plaintiff be put on "fair notice" as to the defenses asserted by a defendant. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). While *Iqbal* may inform this inquiry, analyzing the sufficiency of a pleading under *Iqbal* is "context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see also CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 99538, at *5-6 (N.D. Cal. Oct. 26, 2009).

A context-specific analysis requires consideration of the procedural disposition of the case (looking both forward and backward), the actual substance of Oracle's contentions in its Motion To Dismiss, and Oracle's application in other instances of the law it seeks to invoke in its motion.

2. The Context Surrounding Oracle's Motion To Strike Indicates That The Motion Should Be Denied.

a. Google's Motion To Dismiss

On October 4, 2010, Google properly and selectively moved to dismiss (or, in the alternative, for a more definite statement of) Oracle's inadequately-pleaded copyright infringement claim. *See* D.I. 33. Google's motion sought detail that was essential to Google's understanding of the copyright allegations against it, and, indeed, was detail that Oracle, by rule, had to have in its possession before filing suit. *See* Fed. R. Civ. P. 11. As discussed above, Google's Motion To Dismiss was necessitated in part by the fact that there are no formal rules in this district with respect to disclosure of copyright allegations (as opposed to the required patent disclosures) that would ultimately offer Google more clarity as to Oracle's claim of copyright infringement.[6] Indeed, despite Oracle's nebulous, and in some cases clearly inadequate, allegations of patent infringement, Google deferred to this District's rules and declined to burden this Court with a motion to dismiss any of Oracle's vague and general patent infringement claims.

b. Oracle's Contentions

Oracle claims that its motion has merit because it seeks to "weed out" defenses "where many of the defenses alleged are irrelevant to the claims asserted." Motion To Dismiss at 5 (citing *Barnes v. AT&T Pension Benefit Plan*, No. C 08-04058 MHP, 2010 U.S. Dist. LEXIS 62515, at *12 (N.D. Cal. June 21, 2010). Yet Oracle's motion fails to provide a single concrete

6 While the Patent Rule disclosures may not present a formal response to Plaintiff's protestations, they certainly put them in the appropriate context and reveal the tactical nature of Plaintiff's motion. *See Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, Case No. 6:09cv269, 2010 U.S. Dist. LEXIS 62711, at *13 (E.D. Tex. Mar. 29, 2010) (noting that service of patent disclosures rendered motion to strike "superfluous for all practical purposes" and strongly encouraging "the parties to try this case on the merits and not unnecessarily burden the Court with technical issues that lack practical substance").

argument that any of the defenses that it seeks to strike – including invalidity, unenforceability, misuse, use by the United States, implied license and unclean hands – are irrelevant to the patent and copyright infringement claims that Oracle asserts.

Instead, Oracle conjures up and relies on a purported lack of factual basis for each defense through an improper reading of Google's pleading. By doing so, Oracle intentionally and improperly ignores the relevance of the factual background to Google's properly-pleaded defenses. *See, e.g.*, *Green Prods. Co. v. Black Flag Brands LLC*, No. C-10-2121-JCS, 2010 U.S. Dist. LEXIS 109592, at *7-14 (N.D. Cal. Oct. 4, 2010) (finding support for both defenses and counterclaims under paragraphs in "Facts Common to All Claims for Relief" in Counterclaim section of pleading titled "Answer, Affirmative Defenses, and Counterclaims . . ." (discussing D.I. 12 (Attached as Exhibit C)). Indeed, Oracle's motion to strike is self-contradictory: on the one hand, Oracle seeks to strike the supporting facts set forth in Google's pleading as "irrelevant," while on the other hand Oracle contends that Google's defenses – which are supported by those facts – are not properly pleaded. *See* Motion To Dismiss at 5-9.

Oracle improperly attempts to suggest that the relevance of the facts Google has pleaded should be analyzed solely with respect to patent counterclaims.[7] Motion To Dismiss at 8. This limited and constrained inquiry is not the proper analysis. The correct inquiry is whether the matter pertains to "any claim, counterclaim, or affirmative defense." *See Whittlestone, Inc. v. Handi-craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (immaterial matter has no essential or important relationship to the "claim for relief or the defenses being plead," impertinent matter does not pertain to "the issues in question"). Notwithstanding Oracle's attempted sleight of hand, Google's defenses – with respect to both Oracle's patent and copyright allegations – provide Oracle with the proper "fair notice."

---

[7] Oracle alleges that facts that do not "help state a claim that any of Oracle America's patents are invalid or not infringed" are, for that reason, irrelevant. Motion To Dismiss at 8.

c. Oracle's Motion Is Inconsistent With Its Own Application Of *Iqbal* and *Twombly*.

To put the instant motion and the question of "fair notice" into its proper context, it is also helpful to consider Oracle's recent pleadings in other federal courts. Oracle's other pleadings reflect an application of Rule 8 that is inconsistent with Oracle's position here. For example, Oracle Corporation, through its attorneys (including one that appears on the pleadings in this case), recently asserted defenses and counterclaims that are in all material respects similar to those Oracle challenges in its motion. *See, e.g., Vasudevan Software, Inc. v. IBM Corp.*, No. 5:09-cv-05897-RS (E.D. Tex. 2009) (D.I. 32 at 6) (Exhibit A) (pleading that "the patents-in-suit are invalid, unenforceable and/or void for failure to satisfy one of more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116, 282.").

3. Google's Response To Oracle's Amended Complaint Provides Fair Notice Of Google's Defenses.

Google's defenses certainly provide Oracle with the proper "fair notice" of Google's defenses and their factual bases. Oracle's unwillingness to see the facts and connect them to the allegations – which is emphasized by the inconsistencies in Oracle's positions – is indicative not of a lack of "fair notice," but rather of Oracle's lack of desire to be so noticed. Nevertheless, in the interest of avoiding additional unnecessary and burdensome motion practice on issues that will largely be resolved by the required disclosures in the Patent Local Rules, Google has used its required response to Oracle's Amended Complaint to provide additional detail, and to plead its defenses in a manner that has met with approval in this district.[8]

a. Google's Invalidity And Unenforceability Defenses

In its Amended Answer And Counterclaims, Google has provided additional detail to its invalidity defenses. For example, Google has pleaded:

8 Google has also specifically referenced in several of its defenses the fact that additional allegations relating to the defenses may be found in Google's counterclaims. *E.g.*, Amended Answer And Counterclaims at 13, ¶¶ 17-19.

> Each of the Patents-in-Suit is invalid because it fails to meet the "conditions for patentability" of 35 USC §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention.

Amended Answer And Counterclaims at 10, ¶ 4. This form of pleading has been expressly approved in this district. *Network Caching Tech. v. Novell*, No. C-01-2079-VRW, 2001 U.S. Dist. LEXIS 26211, at *6-7 (N.D. Cal. Dec. 31, 2001) (noting that more factual specificity was not required because plaintiff "has not clarified its patent infringement claims at this stage in the litigation").

Although already present in the factual background of its original pleading, Google has also added in its amended pleading specific references to its laches defense highlighting supporting facts such as Oracle's knowing and prejudicial delay in bringing suit against Google, despite having publicly voiced support for the Android platform. *See, e.g.*, Amended Answer And Counterclaims at 11, ¶ 9. Google has also added specific references to its estoppel defenses to include references to Oracle's misleading statements and actions indicating that it would not enforce its rights, *see, e.g., id.* at 19-20, ¶¶ 7-10, Google's reliance upon these statements, and the material prejudice Google would suffer in view of Oracle's attempt to disrupt the distribution of Android. Google's answer also specifically references Oracle's waiver of any rights due to its statements and actions as reflected in the same passages. *Id.* at 11, ¶ 8.

b. Google's Substantial Non-Infringing Use Defense

Google's defense of "substantial non-infringing use" is already sufficiently pleaded. Oracle knows what it accused of infringement and is on notice that Google contends the accused instrumentalities have substantial non-infringing uses. Oracle's objection to this defense is particularly inappropriate in view of that fact that it is Oracle's burden to plead (and prove) an absence of substantial non-infringing uses in order to make out its claim of contributory infringement. *See* 35 U.S.C. § 271(c); *see also Halton Co. v. Streivor, Inc.*, No. C 10-00655 WHA, 2010 U.S. Dist. LEXIS 50649, at *6 (N.D. Cal. May 21, 2010) (noting Plaintiff failed to plead "that the accused product was not capable of 'substantial noninfringing use'" in dismissing claims of indirect infringement).

c. Google's "Use By The United States" Defense

To the extent this defense was not clear to Oracle, Google's Amended Answer And Counterclaims provide additional detail that affirmatively states that Android is used and/or manufactured by or for the United States. Amended Answer And Counterclaims at 12, ¶ 14. This defense, which is properly pleaded, bars recovery against Google under 35 U.S.C. § 1498. This issue makes apparent, moreover, that Oracle is not seeking "fair notice" through its motion; it is instead improperly seeking a preliminary outline of Google's legal theories and all factual support. *See Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) (*Twombly* and *Iqbal* do not require that the pleadings recite all facts "necessary to carry the [] burden.").

d. Google's License Defenses

Google's license and implied license defenses, as pleaded, provide ample notice to Oracle. The Amended Answer And Counterclaims discuss in detail Oracle's representations and actions both to the public and to the executive committee of the Java Community Process, and Google's reliance thereon, all of which give rise to an implied license. Amended Answer And Counterclaims at 19-20, ¶¶ 7-10.

Oracle professes ignorance as to how these defenses apply to this action and states that "Google does not identify what pertinent licenses exist or how they apply in this action." Although Oracle raises this objection with respect to both license and implied license, identification of an actual license is not even applicable to the latter. *See, e.g., Effects Assoc., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990) ("nonexclusive license may be granted orally, or may even be implied from conduct"). Furthermore, Oracle's demand for Google to identify a specific license now, prior to discovery, is unreasonable on its face. Google asserts, based upon information and belief, that such licenses exist as reflected by the relationships and interactions discussed in the factual background – and this is sufficient at this stage of the pleadings.[9] *See*

---

9 To the extent that such licenses are confidential and unattainable by Google without discovery, Oracle would presumably attempt to resist any discovery on that subject as outside the scope of the pleadings if Google were to not plead this defense. It cannot be the function of "fair notice" of a defense to allow Oracle to use pleading standards as sword to strike allegations that lack identification of an actual license at this early stage and then later as a shield to prevent discovery to identify the actual licenses.

*Iqbal*, 129 S. Ct. at 1949 (requiring only that the pleading include facts that, assumed to be true, state a plausible claim for relief).

e. Google's Patent Misuse And Unclean Hands Defenses

Finally, Google has amended its misuse and unclean hands defenses to provide additional details. Google alleges, upon information and belief, that Oracle's licensing practices are misuse because they impermissibly expand Oracle's monopoly beyond the lawful scope of its patents. Amended Answer And Counterclaims at 12, ¶ 12. Google also alleges, upon information and belief, that Oracle comes to this court with unclean hands because of its practice of requiring parties to take licenses to free software to obtain rights to its patents. *Id*. at 14, ¶ 27.

4. <u>Google's Defenses Are Appropriate And Sufficiently Pleaded.</u>

All of Google's defenses are based on factual information, or plausible information and belief, as outlined in the factual background provided by Google in its counterclaims, including the sections Oracle incongruously seeks to strike. This is all that Rule 8(b) requires. *See Wyshak*, 607 F.2d at 827. Oracle's meaningless protest – that it is "improbable" that "all of the asserted . . . defenses apply to each of Oracle America's claims" – is irrelevant in view of the fact that Oracle has been given full and fair notice of each and every one of Google's defenses. Indeed, Google has asserted its defenses judiciously, unlike some of the parties in the cases on which Oracle relies. *See* Motion To Dismiss at 5 (citing *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168 LHK, 2010 U.S. Dist. LEXIS 104980, at *6 (N.D. Cal. Sept. 2010) (N.D. Cal. Sept. 23, 2010) (noting "defendants asserted thirty-one affirmative defenses")). Oracle's motion stands as a perfect illustration of the reasons these types of Rule 12(f) motions are disfavored: all Oracle has accomplished with its motion is the generation of motion practice that will have no practical effect in view of the mandatory disclosures of this district's local patent rules.

**B. The Factual Background In Google's Counterclaims Is Highly Material And Relevant To Google's Defenses.**

Oracle also moves, pursuant to Rule 12(f), to strike factual statements that Oracle contends are "immaterial because they are not relevant to any claim, counterclaim, or affirmative

defense." Motion To Dismiss at 7. Oracle is wrong. Each of Oracle's objections is directed to facts that ***relate directly*** to one or more claims, counterclaims and/or defenses in this action.

1. Paragraphs 7 Through 10 Of The Amended Counterclaims.

Paragraphs 7 through 10 of the Amended Answer And Counterclaims describe Oracle's representations, both to the public at large and to the executive committee of the Java Community Process, that Java should be freely available, especially to the Apache Software Foundation. Amended Answer And Counterclaim at 19-20, ¶¶ 7-10. This lawsuit shows that Oracle has reneged on its prior representations. The facts set forth in these paragraphs therefore relate directly to Google's estoppel and other defenses to Oracle's allegations of patent and copyright infringement, and are highly material to Google's defenses in this case. *See e.g., A. C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1041-42 (Fed. Cir. 1992) (en banc) (equitable estoppel typically involves (1) a representation; (2) reliance on that representation; and (3) harm if the actor were allowed to assert claims inconsistent with his prior representation).

Oracle appears to rely on the incorrect contention that the allegations of paragraphs 7 through 10 are immaterial because they discuss the positions of certain alleged non-parties regarding Oracle's historical licensing practices with respect to Java. However all of these alleged non-parties – The Apache Software Foundation, Oracle Corporation, and BEA Systems – are highly relevant to the present litigation. All of these companies are members of the Java Community Process Executive Committee, which is the very organization tasked with developing standards for the Java platform that Oracle accuses Google of infringing. Amended Answer And Counterclaims at 19, ¶ 8. All of these companies are very familiar with the Java licensing practices that are at the core of certain of Google's defenses. Further, the Apache Software Foundation develops and distributes Apache Harmony, a subset of which is incorporated in the accused Android platform. Amended Answer And Counterclaims at 21, ¶ 13. BEA Systems is now part of Oracle Corporation, and was in negotiations to be purchased by Oracle during the time period raised by the pleading. Amended Answer And Counterclaims at 19, ¶ 8.

And, of course, there can be no dispute that Oracle Corporation is relevant to this litigation. In fact, while Oracle's assertion that Oracle Corporation is not a party to this litigation may be technically accurate, it is entirely disingenuous. Oracle America (the named plaintiff) is a wholly-owned subsidiary of Oracle Corporation. That alone is sufficient to show that the actions and statements of Oracle Corporation are relevant to the claims asserted by Oracle America. If more proof were needed to show that Oracle Corporation controls Oracle America, the Court need not look beyond the pleadings in this case. Numerous documents that Oracle has filed in this litigation indicates that Oracle America is represented by lawyers from Oracle Corporation.[10] In fact, Matthew M. Sarboraria – who, according to the pleadings and the California Bar website, works for Oracle Corporation – signed Oracle's ADR Certification, *see* D.I. 37 at 2 (Attached as Exhibit D), which must be signed by the party to the suit. ADR L.R. 3-5(b) ("[C]ounsel *and client* must sign, serve, and file an ADR Certification." (emphasis added)).

Regarding these clearly relevant companies, Oracle asks: "What relevance do their activities have to whether or not Oracle America's seven patents are valid and infringed?" Oracle's rhetorical question is irrelevant to its motion to strike and emphasizes the weakness of its argument. The sole issue here is whether the facts Oracle seeks to strike are relevant to any claim, counterclaim, or defense in this action. *See Whittlestone, Inc.*, 618 F.3d at 974 (noting that a claim is immaterial only if it has no essential or important relationship to the claim for relief or the defenses being pled). As Google has clearly shown, paragraphs 7 through 10 of the counterclaims asserted in the Amended Answer And Counterclaims are directly relevant to defenses in this case, and accordingly, should not be stricken.

2. Paragraphs 11 Through 22 Of The Amended Counterclaims

Paragraphs 11 through 22 of the counterclaims are also material to Google's defenses. For example, Google pleads that it is not paid for its contributions to, or distribution of, Android.

---

10 The pleadings indicate that Dorian Daley, Deborah K. Miller, Matthew M. Sarboraria are all with Oracle Corporation. The website for the California Bar confirms that all three work for Oracle Corporation. Dorian Daley is also identified as the General Counsel for Oracle Corporation on the Oracle Corporation website. *See* http://www.oracle.com/us/corporate/press/Executives/016289.htm.

Amended Answer And Counterclaims at 22, ¶ 17. This fact relates to, among other issues, Google's fair use defense to Oracle's copyright claim. The fair use defense considers several factors, including whether the use is non-commercial. *See* 17 U.S.C. § 106(1). This fact also relates to potential damages analysis, since damages are typically a reasonable royalty associated with the infringing use. *See* 35 U.S.C. § 284. Similarly, paragraphs 11 through 16 and 20 through 22 relate to the free and open nature of Android, all of which relate to Google's non-commercial use of Android and the non-commercial contributions the open-source community has made to Android. These facts are all directly relevant to at least Google's fair use defense.

Paragraphs 18 and 19 plead facts that are indisputably relevant. These facts relate directly to the accused product at issue in this litigation. They provide background regarding the operation of the accused products – Android and the Dalvik virtual machine – and identify differences between the Android platform and the Java platform. Amended Answer And Counterclaims at 22, ¶ 18-19. Given that Oracle's Amended Complaint implies that the patents-in-suit and copyrights relate to the Java platform, these facts are directly relevant to, at least, Oracle's claims (for infringement) and Google's defenses and counterclaims (for non-infringement). *See* Amended Complaint at 3-4, ¶¶ 9-14. Far from being "'[s]uperfluous historical allegations,'" each fact pleaded in paragraphs 7 through 22 of the Amended Answer And Counterclaims bears directly on the claims, defenses, and counterclaims in this case.

## V. Conclusion

Because Google's Amended Answer And Counterclaims supplants the pleading that is the subject of Oracle's motion, the Motion to Dismiss should be denied as moot. If the Court concludes that Oracle's motion is not moot, Oracle's motion to dismiss should be denied because Google's counterclaims satisfy the notice pleading requirements of Rule 8(a)(2). Further, Oracle's Motion to Strike should be denied because Google's defenses are sufficiently pleaded, and because the factual allegations that Oracle seeks to strike are relevant to the claims, counterclaims, and defenses in this action.

DATED: November 10, 2010

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ Donald F. Zimmer, Jr. /s/

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRYrperry@kslaw.com
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice)*
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

ATTORNEYS FOR DEFENDANT
GOOGLE INC.