# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL BUSINESS MACHINES ) <br> CORPORATION, et al., ) <br> ) <br> Defendants. ) | Case No. 2:09-CV-105 (TJW) <br><br> JURY TRIAL DEMANDED |

### ORACLE CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO VASUDEVAN SOFTWARE, INC.'S COMPLAINT

Defendant Oracle Corporation ("Oracle"), through its counsel, respectfully responds to the Complaint filed by Plaintiff, Vasudevan Software, Inc. ("Plaintiff") as follows:

### I.    THE PARTIES

1. Answering Paragraph 1, Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

2. Answering Paragraph 2, Paragraph 2 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

3. Answering Paragraph 3, Oracle admits that it is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood Shores, California 94065.

### II.    JURISDICTION AND VENUE

4. Answering Paragraph 4, Oracle admits that the Complaint purports to allege patent infringement under 35 U.S.C. §§ 1 et seq.  Oracle denies that the Complaint properly states such claims, and specifically denies any wrongdoing or infringement.

5.  Answering Paragraph 5, Oracle admits that the Complaint purports to base federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Otherwise, this paragraph contains conclusions of law to which no answer is required.

6.  Answering Paragraph 6, Paragraph 6 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

7.  Answering Paragraph 7, Paragraph 7 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

8.  Answering Paragraph 8, Oracle denies any wrongdoing or infringement and Oracle specifically denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else. Oracle admits that it is authorized to do business in the state of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas, 78701 as its agent for service of process. Oracle admits that it maintains an office in the Eastern District of Texas at 5556 Tennyson Parkway, Plano, Texas 75024 and that it advertises and sells certain products in the state of Texas. Otherwise, this paragraph contains conclusions of law to which no answer is required.

9.  Answering Paragraph 9, Oracle denies any wrongdoing or infringement and Oracle specifically denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else. Oracle admits that Plaintiff purports to base venue under 28 U.S.C. §§ 1391(b), (c) and 1400(b), but denies that this District is the most convenient venue for adjudication of the claims raised by Plaintiff in this action. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 9 directed at the other Defendant and therefore denies them. Otherwise, this paragraph contains conclusions of law to which no answer is required.

**III.　COUNT ONE - INFRINGEMENT OF THE '006 PATENT**

10.　Answering Paragraph 10, Oracle admits that United States Patent No. 6,877,006 ("the '006 patent") is attached to Plaintiff's Complaint as Exhibit A and that on its face it is titled, "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time Evaluation." Oracle further admits that the face of the '006 patent states that it was issued on April 5, 2005. Oracle admits that an Ex Parte Reexamination Certificate for the '006 patent is attached to Plaintiff's Complaint as Exhibit A. Oracle further admits that the face of the Ex Parte Reexamination Certificate for the '006 patent states that it was issued on January 6, 2009. Oracle denies that the '006 patent and the Ex Parte Reexamination Certificate for the '006 patent were properly issued. Oracle is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained therein, and therefore denies all other allegations.

11.　Answering Paragraph 11, Paragraph 11 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

12.　Answering Paragraph 12, Oracle admits that it has an offering called Oracle Data Service Integrator. Oracle denies that it has infringed and continues to infringe the '006 Patent by manufacturing, using, offering for sale, importing, and/or selling Oracle Data Service Integrator or any other products, and Oracle denies that it has contributed to or induced others to manufacture, use, sell, distribute, and/or offer to sell any infringing products. Oracle denies all other allegations in this paragraph and specifically denies any wrongdoing or infringement.

13.　Answering Paragraph 13, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '006 patent. Oracle further denies that Plaintiff is entitled to any relief whatsoever. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 13 directed at other Defendant, and

therefore denies them. Otherwise, this paragraph contains conclusions of law to which no answer is required.

14. Answering Paragraph 14, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '006 patent. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 14 directed at other Defendant and therefore denies them. Oracle further denies that any conduct on its part entitles Plaintiff to increased damages under 35 U.S.C. § 284 or subjects Oracle to liability for attorneys' fees under 35 U.S.C. § 285. Oracle further denies that Plaintiff is entitled to any relief whatsoever.

**IV.    COUNT TWO - INFRINGEMENT OF THE '864 PATENT**

15. Answering Paragraph 15, Oracle admits that United States Patent No. 7,167,864 ("the '864 patent") is attached to Plaintiff's Complaint as Exhibit B and that on its face it is titled, "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time Evaluation." Oracle further admits that the face of the '864 patent states that it was issued on January 23, 2007. Oracle admits that an Ex Parte Reexamination Certificate for the '864 Patent is attached to Plaintiff's Complaint as Exhibit B. Oracle further admits that the face of the Ex Parte Reexamination Certificate for the '864 patent states that it was issued on January 6, 2009. Oracle denies that the '864 patent and the Ex Parte Reexamination Certificate for the '864 patent were properly issued. Oracle is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained therein, and therefore denies all other allegations.

16. Answering Paragraph 16, Paragraph 16 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

17. Answering Paragraph 17, Oracle admits that it has an offering called Oracle Data Service Integrator. Oracle denies that it has infringed and continues to infringe the '864 Patent by

manufacturing, using, offering for sale, importing, and/or selling Oracle Data Service Integrator or any other products, and Oracle denies that it has contributed to or induced others to manufacture, use, sell, distribute, and/or offer to sell any infringing products. Oracle denies all other allegations in this paragraph and specifically denies any wrongdoing or infringement.

18. Answering Paragraph 18, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '864 patent. Oracle further denies that Plaintiff is entitled to any relief whatsoever. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 18 directed at other Defendant, and therefore denies them. Otherwise, this paragraph contains conclusions of law to which no answer is required.

19. Answering Paragraph 19, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '864 patent. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 19 directed at other Defendant and therefore denies them. Oracle further denies that any conduct on its part entitles Plaintiff to increased damages under 35 U.S.C. § 284 or subjects Oracle to liability for attorneys' fees under 35 U.S.C. § 285. Oracle further denies that Plaintiff is entitled to any relief whatsoever.

**V.      DEMAND FOR JURY TRIAL**

20. Paragraph 20 demands a jury trial, and therefore requires no answer.

**VI.     AFFIRMATIVE DEFENSES**

21. Without altering the burdens of proof, Oracle asserts the following affirmative and other defenses. Oracle reserves the right to amend its answer with additional defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

### [NON-INFRINGEMENT]

22. Oracle alleges that it does not infringe and has not infringed, directly or indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of United States Patent Nos. 6,877,006 ("the '006 patent") and 7,167,864 ("the '864 patent") (collectively, "the patents-in-suit").

## SECOND AFFIRMATIVE DEFENSE

### [INVALIDITY]

23. The claims of the patents-in-suit are invalid, unenforceable and/or void for failure to satisfy one of more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116, 282.

## THIRD AFFIRMATIVE DEFENSE

### [LIMITATIONS ON DAMAGES AND RECOVERY]

24. Pursuant to the requirements of 35 U.S.C. §§ 286-288, Plaintiff's ability to recover damages and/or costs is limited.

## FOURTH AFFIRMATIVE DEFENSE

### [PROSECUTION HISTORY ESTOPPEL]

25. Plaintiff's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### [28 U.S.C. § 1498]

26. Plaintiff's claims of patent infringement are barred in whole or in part by 28 U.S.C. § 1498.

## SIXTH AFFIRMATIVE DEFENSE

### [LACHES]

27. Plaintiff is barred by the doctrine of laches from seeking any relief prior to filing this action.

WHEREFORE, Oracle denies that any of its products, services, or processes infringes any claim of the '006 or '864 patents identified in the Complaint and further denies that Plaintiff is entitled to any judgment against Oracle whatsoever. Oracle asks that the Complaint be dismissed with prejudice, that judgment be entered for Oracle, and that Oracle be awarded attorneys' fees incurred in defending against the Complaint, together with such other relief the Court deems appropriate.

## VII. COUNTERCLAIMS

### JURISDICTION AND THE PARTIES

28. The following counterclaims for declaratory relief arise under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly Title 28 U.S.C. §§ 2201, 2202 and Title 35 U.S.C. §§ 41 et seq., respectively. This Court has jurisdiction over the subject matter of these counterclaims under, without limitation, Title 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

29. To the extent that this action remains in this district, venue is appropriate because Plaintiff has consented to the propriety of venue in this Court by filing the present action for patent infringement in this Court, in response to which these counterclaims are asserted.

30. Plaintiff has submitted to the personal jurisdiction of this Court by bringing the present action.

## COUNT 1

### [NON-INFRINGEMENT – U.S. PATENT NO. 6,877,006]

31. An actual and justiciable controversy exists between Oracle and Plaintiff as to Oracle's non-infringement of the '006 patent, as evidenced by Plaintiff's Complaint and Oracle's Answer to Plaintiff's Complaint.

32. Oracle does not infringe any claim of the '006 patent and believes that Plaintiff's Complaint has been filed without good cause.

33. Oracle requests that this Court enter a judgment that Oracle does not infringe, and has not infringed any claim of the '006 patent.

## COUNT 2

### [NON-INFRINGEMENT – U.S. PATENT NO. 7,167,864]

34. An actual and justiciable controversy exists between Oracle and Plaintiff as to Oracle's non-infringement of the '864 patent, as evidenced by Plaintiff's Complaint and Oracle's Answer to Plaintiff's Complaint.

35. Oracle does not infringe any claim of the '864 patent and believes that Plaintiff's Complaint has been filed without good cause.

36. Oracle requests that this Court enter a judgment that Oracle does not infringe, and has not infringed any claim of the '864 patent.

## COUNT 3

### [INVALIDITY – U.S. PATENT NO. 6,877,006]

37. An actual and justiciable controversy exists between Oracle and Plaintiff as to the validity of the '006 patent, as evidenced by Plaintiff's Complaint and Oracle's Answer to Plaintiff's Complaint.

38. The claims of the '006 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

39. Oracle is entitled to judgment from this Court finding that the '006 patent is invalid pursuant to Title 35 of the United States Code, including without limitation pursuant to 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

## COUNT 4

### [INVALIDITY – U.S. PATENT NO. 7,167,864]

40. An actual and justiciable controversy exists between Oracle and Plaintiff as to the validity of the '864 patent, as evidenced by Plaintiff's Complaint and Oracle's Answer to Plaintiff's Complaint.

41. The claims of the '864 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

42. Oracle is entitled to judgment from this Court finding that the '864 patent is invalid pursuant to Title 35 of the United States Code, including without limitation pursuant to 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

WHEREFORE, Oracle prays for relief as follows:

A. That the '006 and '864 patents, and every claim thereof, be declared not infringed and invalid.

B. That Plaintiff takes nothing by its Complaint and that the Complaint be dismissed with prejudice.

C. That, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable authority, the Court finds that Plaintiff's conduct in commencing and pursuing these actions renders this an

exceptional case and that Oracle be awarded its attorneys' fees incurred in connection with this action; and

    D. That Oracle be awarded such other relief as the Court shall deem just and reasonable.

DATED this 19th day of June 2009.               Respectfully submitted,

               */s/ Diane V. DeVasto*
               Michael E. Jones
               State Bar No. 10929400
               mikejones@potterminton.com
               Diane DeVasto
               State Bar No. 05784100
               dianedevasto@potterminton.com
               POTTER MINTON, P.C.
               P.O. Box 359
               Tyler, Texas 75710
               Telephone: (903) 597-8311
               Facsimile: (903) 593-0846

               Dave Nelson
               davenelson@quinnemanuel.com
               Jennifer Bauer
               jenniferbauer@quinnemanuel.com
               QUINN EMANUEL URQUHART OLIVER & HEDGES
               250 S. Wacker, Suite 230
               Chicago, Illinois 60606
               Telephone: (312) 463-2961
               Facsimile: (312) 463-2962

               Sean Pak
               seanpak@quinnemanuel.com
               QUINN EMANUEL URQUHART OLIVER & HEDGES
               50 California Street, 22nd Floor
               San Francisco, California 94111
               Telephone: (415) 875-6600
               Facsimile: (415) 875-6700

Michael Raspino
michaelraspino@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER
& HEDGES
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (415) 801-5100

Brad Rosen
bradrosen@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER
& HEDGES
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Matthew Sarboraria
matthew.sarboraria@oracle.com
ORACLE CORPORATION
500 Oracle Parkway, 7th Floor
Redwood Shores, California 94065
Telephone: (650) 506-7200
Facsimile: (650) 506-7114

**ATTORNEYS FOR DEFENDANT
ORACLE CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 19, 2009. Any other counsel of record will be served by first class mail on this same date.

*/s/ Diane V. DeVasto*
Diane V. DeVasto