# EXHIBIT C

1  MARK E. AVSEC* (Ohio State Bar No. 0064472)
   JENNY L. SHEAFFER* (Ohio State Bar No. 0069950)
2  ANGELA R. GOTT* (Ohio State Bar No. 0082198)
   BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
3  200 Public Square, Suite 2300
   Cleveland, Ohio  44114-2378
4  Tel: (216) 363-4500
5  Fax: (216) 363-4588
   E-Mail: mavsec@beneschlaw.com
6          jsheaffer@beneschlaw.com
           agott@beneschlaw.com
7
8  *Pro Hac Vice Applications Pending

9  DAVID M. GIVEN (State Bar No. 142375)
   FEATHER D. BARON (State Bar No. 252489)
10 PHILLIPS, ERLEWINE & GIVEN LLP
   50 California Street, 35th Floor
11 San Francisco, CA 94111
   Tel: (415) 398-0900
12 Fax: (415) 398-0911
   E-Mail: dmg@phillaw.com
13         fdb@phillaw.com
14

15 Attorneys for Defendants/Counterclaim-Plaintiffs
   BLACK FLAG BRANDS, LLC and THE HOMAX GROUP, INC.
16

17 **IN THE UNITED STATES DISTRICT COURT**

18 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

19

| | |
|---|---|
| GREEN PRODUCTS COMPANY, | Case No. 10 CV-02121-JCS |
| Plaintiff, | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS BLACK FLAG BRANDS, LLC AND THE HOMAX GROUP, INC.** |
| v. | |
| BLACK FLAG BRANDS, LLC, THE HOMAX GROUP, INC., and LOWE'S HIW, INC., | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| BLACK FLAG BRANDS, LLC and THE HOMAX GROUP, INC., | |
| Counterclaim-Plaintiffs, v. | |
| GREEN PRODUCTS COMPANY, | |
| Counterclaim-Defendant. | |

Defendants Black Flag Brands, LLC ("Black Flag") and The Homax Group, Inc. ("Homax" and, together with Black Flag, the "Black Flag Defendants"), through their counsel, hereby respond to the claims of the First Amended Complaint for Injunctive Relief and Damages (the "Complaint") of Green Products Company ("Plaintiff"), as follows:

1. The Black Flag Defendants admit that Plaintiff asserts violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), including claims for trademark infringement and false designation of origin, but deny that any such claims are cognizable claims under the relevant statutes, and assert that such claims are without any bases in fact or in law. The Black Flag Defendants admit that Plaintiff purports to base jurisdiction on 28 U.S.C. §§ 1331 and 1338, aver that these allegations constitute legal conclusions that are not properly admitted or denied, but for the purposes of answering only, deny these allegations. The Black Flag Defendants deny all of the remaining allegations contained in paragraph 1 of the Complaint.

2. The Black Flag Defendants admit that Plaintiff asserts various state law claims, including a claim under the California Business and Professions Code § 17200 *et seq.* and claims for unfair competition, but deny that any of these claims asserted against them are cognizable claims. The Black Flag Defendants admit that Plaintiff purports to base supplemental jurisdiction over such claims under 28 U.S.C. §§ 1338(b) and 1367 and/or under the California Business and Professions Code § 17200 *et seq.*, aver that these allegations constitute legal

2

conclusions that are not properly admitted or denied, but for the purposes of answering only, deny these allegations. The Black Flag Defendants deny all of the remaining allegations contained in paragraph 2 of the Complaint.

3. The Black Flag Defendants aver that the allegations contained in paragraph 3 of the Complaint constitute legal conclusions that are not properly admitted or denied. For the purposes of answering only, the Black Flag Defendants admit that they do business in the Northern District of California, and deny all of the remaining allegations contained in paragraph 3 of the Complaint.

4. The Black Flag Defendants aver that the allegations contained in paragraph 4 of the Complaint constitute legal conclusions that are not properly admitted or denied, but for the purposes of answering only, deny the allegations contained in paragraph 4 of the Complaint.

5. The Black Flag Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, on that basis, deny those allegations.

6. The Black Flag Defendants admit that Black Flag is a limited liability company with its principal place of business in Bellingham, Washington. The Black Flag Defendants admit that Black Flag is in the business of producing and selling wood preservatives, among other products. The Black Flag Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7. The Black Flag Defendants admit that Homax is a Delaware corporation with a principal place of business in Bellingham, Washington, and admit that Homax is in the business of promoting, distributing, selling and/or assisting in the manufacture, promotion, distribution and sale of wood preservative products, among other things. The Black Flag Defendants admit that the names of both Homax and Black Flag together appear on certain products. The Black Flag Defendants admit that Plaintiff refers to Black Flag and Homax collectively as the "Black Flag Defendants" in the Complaint. The Black Flag Defendants deny the remaining allegations of paragraph 7 of the Complaint.

3

Answer, Affirmative Defenses, and Counterclaims of Defendants Black Flag Brands, LLC and The Homax Group, Inc. -
Case No. 10 CV-02121-JCS

8. The Black Flag Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, on that basis, deny those allegations.

9. The Black Flag Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, on that basis, deny those allegations.

10. The Black Flag Defendants admit that Plaintiff asserts that it owns U.S. Registration No. 1,850,495 for the mark COPPER-GREEN for wood preservatives in International Class 2. The Black Flag Defendants admit that Plaintiff attached a copy of Registration No. 1,850,495 to the Complaint. The Black Flag Defendants aver that the remaining allegations contained in paragraph 10 of the Complaint constitute legal conclusions that are not properly admitted or denied, but for the purposes of answering only, deny the allegations contained in paragraph 10 of the Complaint.

11. The Black Flag Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. The Black Flag Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. The Black Flag Defendants deny that they ever offered an infringing product or used COPPER GREEN as a trademark for a wood preservative product, as alleged in paragraph 13 of the Complaint. The Black Flag Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint and, on that basis, deny those allegations.

14. The Black Flag Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. The Black Flag Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The Black Flag Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. The Black Flag Defendants admit that they sell products to Lowe's HIW, Inc. ("Lowe's") but deny that they market an infringing product or sell infringing products to Lowe's, as alleged in paragraph 17 of the Complaint. The Black Flag Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and, on that basis, deny those allegations.

18. The Black Flag Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. The Black Flag Defendants admit that Plaintiff has no control over the nature and quality of the goods offered by the Black Flag Defendants. The Black Flag Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20. The Black Flag Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The Black Flag Defendants deny that there have been any acts of infringement, unfair competition, or passing off, as alleged in the Complaint. The Black Flag Defendants deny that there has been any likelihood of consumer confusion, as alleged in the Complaint. Accordingly, the Black Flag Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. The Black Flag Defendants deny that there have been any acts of infringement, passing off, or unfair competition, as alleged in the Complaint. Accordingly, the Black Flag Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The Black Flag Defendants deny that there have been any acts of infringement, as alleged in the Complaint. Accordingly, the Black Flag Defendants deny the allegations contained in paragraph 23 of the Complaint.

5

Answer, Affirmative Defenses, and Counterclaims of Defendants Black Flag Brands, LLC and The Homax Group, Inc. - Case No. 10 CV-02121-JCS

**Answer to First Claim for Relief: Federal Service Mark Infringement**

24. The Black Flag Defendants incorporate herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

25. The Black Flag Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The Black Flag Defendants deny the allegations contained in paragraph 26 of the Complaint.

**Answer to Second Claim for Relief: Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a)**

27. The Black Flag Defendants incorporate herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

28. The Black Flag Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. The Black Flag Defendants deny the allegations contained in paragraph 29 of the Complaint.

**Answer to Third Claim for Relief: Unfair Competition California Bus. And Prof. Code § 17200 *et. seq.***

30. The Black Flag Defendants incorporate herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

31. The Black Flag Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. The Black Flag Defendants deny the allegations contained in paragraph 32 of the Complaint.

**Answer to Fourth Claim for Relief: Common Law Trademark Infringement**

33. The Black Flag Defendants incorporate herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

6

Answer, Affirmative Defenses, and Counterclaims of Defendants Black Flag Brands, LLC and The Homax Group, Inc. - Case No. 10 CV-02121-JCS

1  34. The Black Flag Defendants deny the allegations contained in paragraph 34 of the Complaint.

2  35. The Black Flag Defendants deny the allegations contained in paragraph 35 of the Complaint.

3  36. The Black Flag Defendants deny the allegations contained in paragraph 36 of the Complaint.

### Answer to Fifth Claim for Relief: Common Law Unfair Competition

37. The Black Flag Defendants incorporate herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

38. The Black Flag Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. The Black Flag Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. The Black Flag Defendants deny the allegations contained in paragraph 40 of the Complaint.

### Answer to Sixth Claim for Relief: Intentional Interference with Prospective Economic Relations

41. The Black Flag Defendants incorporate herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

42. The Black Flag Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, on that basis, deny those allegations.

43. The Black Flag Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. The Black Flag Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. The Black Flag Defendants aver that they are without knowledge or information sufficient to form a belief as to whether, why, or when Plaintiff's relationship with Lowe's was disrupted, and on that basis deny the allegations contained in paragraph 45 of the Complaint.

46. The Black Flag Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. The Black Flag Defendants deny the allegations contained in paragraph 47 of the Complaint.

### General Denial

48. The Black Flag Defendants deny each and every allegation not expressly admitted herein and deny that Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

49. The claims asserted in the Complaint fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

50. Plaintiff's recovery is barred because the term "copper green" is used by the Black Flag Defendants merely to describe the ingredients and copper green patina color of BLACK FLAG®-branded TERMIN-8 copper green wood preservative products, not to identify the source of those products.

### THIRD DEFENSE

51. Plaintiff's recovery is barred by the doctrine of fair use under 15 U.S.C. 1115(b)(4).

### FOURTH DEFENSE

52. Plaintiff's recovery is barred because Plaintiff's COPPER-GREEN trademark is a generic designation for the goods for which it is registered.

8

Answer, Affirmative Defenses, and Counterclaims of Defendants Black Flag Brands, LLC and The Homax Group, Inc. - Case No. 10 CV-02121-JCS

**FIFTH DEFENSE**

53. Plaintiff's recovery is barred because any damages to Plaintiff were not proximately caused by the Black Flag Defendants.

**SIXTH DEFENSE**

54. Plaintiff's recovery is barred because any disruption or damages to Plaintiff's relationship with Lowe's, as complained of herein, was proximately caused by Plaintiff's own acts, including, without limitation, by the nature, quality, and/or costs of Plaintiff's products and/or by suing Lowe's.

**SEVENTH DEFENSE**

55. Plaintiff's recovery is barred because Plaintiff has unclean hands.

**EIGHTH DEFENSE**

56. Plaintiff is not entitled to receive attorneys' fees or statutory damages.

**NINTH DEFENSE**

57. The Black Flag Defendants respectfully reserve the right to amend their Answer to the Complaint to add such additional defenses, cross-claims, counterclaims, and/or third-party complainants as may be disclosed during the discovery of this matter.

**COUNTERCLAIMS OF THE BLACK FLAG DEFENDANTS**

58. Capitalized terms not hereafter defined will have the meanings ascribed to them in paragraphs 1-57 above. Defendants/Counterclaim-Plaintiffs Black Flag and Homax (hereinafter collectively referred to as "Counterclaim-Plaintiffs"), by and through the undersigned counsel, assert the following counterclaims against Plaintiff/Counterclaim-Defendant Green Products Company (hereinafter "Green Products"):

**Parties**

59. Counterclaim-Plaintiffs incorporate by reference paragraphs 1-58 above as if rewritten herein.

60. Black Flag is a limited liability company organized and existing under the laws of the State of New York. Black Flag maintains its principal place of business at 200 Westerly

9

1 Road, Bellingham, Washington. Black Flag is in the business of producing and selling pest
2 control and wood preservative products, among other things.

3   61. Homax is a corporation organized and existing under the laws of the State of
4 Delaware. Homax maintains its principal place of business at 200 Westerly Road, Bellingham,
5 Washington. Homax is a leader in DYI and home improvement products.

6   62. On information and belief, Green Products is a California corporation with its
7 principal place of business in Richmond, California, and is in the business of producing and
8 selling wood preservatives, among other products.

9 <b><u>Jurisdiction</u></b>

10   63. This Court has original subject matter jurisdiction over the counterclaims asserted
11 herein pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, pursuant to
12 28 U.S.C. §§ 1331 and 1338, and pursuant to 15 U.S.C. § 1119.

13   64. This Court has personal jurisdiction over Green Products because, on information
14 and belief, Green Products does business in this judicial district, and because the claims asserted
15 herein arose in this judicial district.

16 <b><u>Venue</u></b>

17   65. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

18 <b><u>Facts Common to All Claims for Relief</u></b>

19   66. For more than 20 years, Homax sold wood preservative products under the
20 JASCO brand, including, without limitation, Termin-8 "copper brown" wood preservatives,
21 Termin-8 "copper clear" wood preservatives, and Termin-8 "green" wood preservatives.

22   67. The JASCO Termin-8 "green" wood preservative, with its copper green color,
23 was the standard for the construction industry. Its copper green color was the result of a
24 combination of the active ingredient Copper Naphthenate and a colorant. Among the JASCO
25 wood preservative products, the Termin-8 "green" wood preservative was the leading seller, far
26 outselling JASCO's Termin-8 "copper brown" and "copper clear" counterparts.

27
28 10

68. Homax sold the paint stripper portion of the JASCO business to a third party in July 2008 and, as part of the transaction, agreed to relinquish the JASCO brand.

69. Homax retained the wood preservatives business and, in 2009, decided to market wood preservatives under the BLACK FLAG® brand.

70. Because the Termin-8 "green" wood preservative was the biggest seller under the JASCO brand in the past, Counterclaim-Plaintiffs discontinued the "copper brown" and "copper clear" colors and produced and sold BLACK FLAG® TERMIN-8 wood preservative exclusively in "copper green."

71. Just as had been done with Homax's "copper brown" and "copper clear" wood preservative products, Counterclaim-Plaintiffs identified the copper green color of the BLACK FLAG® TERMIN-8 wood preservative product on the label.

72. Copper green is a particular, recognized shade of green in the construction industry.

73. The National Bureau of Standards' *Dictionary of Color Names* identifies and defines the color "copper green" as NBS Centroid 136, which is a moderate yellowish green corresponding to Munsell 0.5g 5.5 4.8 and RGB #657F4B. *See* David A. Mundie, *The NBS/ISCC Color System* (1995), http://www.anthus.com/Colors/NBS.html. A true and correct copy of the relevant portions of Mr. Mundie's website is attached hereto as Exhibit A.

74. The term "copper green" dates to 1843 and is defined in *A Dictionary of Color*. A. Maerz and M. Rea Paul, *A Dictionary of Color* 192 (2d ed. 1950). The color "copper green" is identified as the "name of a pigment or paint used by artists and structural painters". *Id.* at 145. A true and correct copy of the relevant portions of *A Dictionary of Color* is attached hereto as Exhibit B.

75. The term "copper green" is defined in the *Dictionary of Architecture and Building Construction*, in pertinent part, as "a shade of green which takes its name from the colour of the patina which occurs on weathered copper." Nikolas Davies and Erkki Jokiniemi, *Dictionary of Architecture and Building Construction* 96 (Elsevier/Architectural Press 2008).

11

76. The term "copper green" is defined in the *Dictionary of Building Preservation* as "[a] light bluish green oil-paint pigment composed of copper salts." *Dictionary of Building Preservation* 117 (Ward Bucher ed., John Wiley & Sons, Inc. 1996). A true and correct copy of the relevant portions of the *Dictionary of Building Preservation* is attached hereto as Exhibit C.

77. *Collins Artist's Colour Manual* lists "copper green" as a name used to describe a hue of green and identifies the history of copper green and malachite, a naturally occurring copper green. Simon Jennings, *Collins Artist's Colour Manual* 68 (HarperCollins Publishers 2003). A true and correct copy of the relevant portions of *Collins Artist's Colour Manual* is attached hereto as Exhibit D.

78. A true and correct copy of a picture of one SKU of the BLACK FLAG® TERMIN-8 wood preservative product in the copper green color is attached hereto as Exhibit E.

79. As evidenced on the picture of the product attached as Exhibit E, BLACK FLAG® is the primary and house trademark, TERMIN-8 is the secondary trademark, "Wood Preservative" is the product itself, and the words "copper green" are used at the bottom to signify the color of the product.

80. As evidenced on the picture of the product attached as Exhibit E, Counterclaim-Plaintiffs are not using the term "copper green" as a designation of the source of the product, but merely only to describe the color of the product.

81. Counterclaim-Plaintiffs are using the term "copper green" in its literal, descriptive sense to refer accurately to Counterclaim-Plaintiffs' own product.

## COUNT I

## DECLARATORY JUDGMENT FOR CANCELLATION

**(Cancellation of U.S. Trademark Registration No. 1,850,495 for Genericness 28 U.S.C. § 2201; 15 U.S.C. §§ 1064, 1115(b)(8), 1119, 1127)**

82. Counterclaim-Plaintiffs incorporate by reference paragraphs 1-81 above as if rewritten herein.

83. On information and belief, Green Products registered COPPER-GREEN with the United States Patent & Trademark Office ("USPTO"), U.S. Registration No. 1,850,495, on August 23, 1994 for "preservatives against the deterioration of wood."

84. Copper green is a generic term in the construction industry that corresponds to a particular color.

85. On information and belief, a true and correct copy of a picture of one SKU of Green Products' COPPER-GREEN wood preservative product in the copper green color is attached hereto as Exhibit F.

86. Green Products' COPPER-GREEN wood preservative product is green in color.

87. Green Products' COPPER-GREEN wood preservative product is copper green in color.

88. On information and belief, the active ingredient in Green Products' COPPER-GREEN wood preservative product is a copper-based ingredient.

89. In selecting a name for the product, Green Products decided to use the term "copper green" as a product designation.

90. Green Products' "copper green" designation does not appear along with any other house mark for its wood preservative product.

91. Green Products' COPPER-GREEN trademark corresponding to Trademark Registration No. 1,850,495 is a generic term for the color of the claimed goods, "preservatives against the deterioration of wood," and should not be entitled to protection.

92. U.S. Trademark Registration No. 1,850,495 for the mark COPPER-GREEN is subject to cancellation because Green Products' COPPER-GREEN mark is a generic designation. 15 U.S.C. §§ 1064(3), 1119.

93. Counterclaim-Plaintiffs are entitled to declaratory relief that the mark COPPER-GREEN is a generic designation and that U.S. Trademark Registration No. 1,850,495 is canceled from the Principal Register.

13

Answer, Affirmative Defenses, and Counterclaims of Defendants Black Flag Brands, LLC and The Homax Group, Inc. - Case No. 10 CV-02121-JCS

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## (28 U.S.C. § 2201)

94. Counterclaim-Plaintiffs incorporate by reference paragraphs 1-93 above as if rewritten herein.

95. Counterclaim-Plaintiffs are entitled to judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that Counterclaim-Plaintiffs' use of the term "copper green" does not constitute trademark infringement or false designation of origin under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and does not violate California law.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim-Plaintiffs pray that this Court:

(A) Dismiss Green Products' claims with prejudice;

(B) Cancel U.S. Registration No. 1,850,495;

(C) Enter an Order declaring that Counterclaim-Plaintiffs' use of the term "copper green" does not constitute trademark infringement or false designation of origin;

(D) Award Counterclaim-Plaintiffs their costs and attorneys' fees; and

(E) Grant such other relief as the Court deems just and appropriate.

Dated: July 21, 2010     By: _____/s/_____
                             Mark E. Avsec (*Pro Hac Vice Pending*)
                             BENESCH, FRIEDLANDER, COPLAN
                             & ARONOFF LLP

                             David M. Given
                             PHILLIPS, ERLEWINE & GIVEN LLP

                             Attorneys for Defendants/Counterclaim-
                             Plaintiffs BLACK FLAG BRANDS, LLC
                             and THE HOMAX GROUP, INC.

14

## DEMAND FOR JURY TRIAL

Counterclaim-Plaintiffs Black Flag Brands, LLC and The Homax Group, Inc. demand a jury trial pursuant to Fed. R. Civ. P. 38 as to all issues so triable in this action.

Dated: July 21, 2010       By: _____/s/_____
                                Mark E. Avsec (*Pro Hac Vice Pending*)
                                BENESCH, FRIEDLANDER, COPLAN
                                & ARONOFF LLP

                                David M. Given
                                PHILLIPS, ERLEWINE & GIVEN LLP

                                Attorneys for Defendants/Counterclaim-
                                Plaintiffs BLACK FLAG BRANDS, LLC
                                and THE HOMAX GROUP, INC.

# CERTIFICATE OF SERVICE

I, Greg Gheorghiu, declare that I am over the age of eighteen and not a party to this action. My business address is Phillips, Erlewine & Given LLP, 50 California Street, 35th Floor, San Francisco, California 94111, which is located in the City and County of San Francisco where the service described below took place

On the date below, at my place of business at San Francisco, California, a copy of the following document(s):

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS BLACK FLAG BRANDS, LLC AND THE HOMAX GROUP**

was sent to

Lowe's HIW, Inc.
101 Andover Park E. Ste 200
Wukwila, WA 98118
Attn: Legal Department

[X] BY U.S. MAIL: I placed the above document(s) in a sealed envelope for deposit in the United States Postal Service, with first class postage fully prepaid, and that envelope was placed for collection and mailing on that date following ordinary business practices as indicated

[ ] BY FACSIMILE TRANSMISSION: I transmitted the above documents to counsel as indicated by facsimile transmission to the FAX telephone number listed for each party and obtained confirmation of complete transmittal thereof.

[ ] BY CAUSING PERSONAL SERVICE: I placed the above documents in a sealed envelope I caused such envelope(s) to be delivered by messenger to the address(es) as indicated.

[ ] BY OVERNIGHT EXPRESS: I placed the above documents in a sealed envelope. I caused such envelope(s) to be delivered to the address(es) listed by overnight express.

[ ] BY ELECTRONIC MAIL: I sent the above documents by electronic mail to the following e-mail addresses: berkolaw@sbcglobal.net; roburch1236@att.net

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct Executed on July 21, 2010, at San Francisco, California.

Greg Gheorghiu

PHILLIPS, ERLEWINE
& GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

S:\Clients\Homax\8428.1 (Green Products)\pld\pos-gag.wpd