1     [Counsel listed on signature pages]

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date: November 18, 2010 |
| GOOGLE INC. | Time: 11:00 a.m. |
| Defendant. | Dept.: Courtroom 9, 19th Floor |
| | Judge: Honorable William H. Alsup |

17        Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-10, Patent Local

18 Rule 2-1, the Standing Order for All Judges of the Northern District of California for Contents of

19 Joint Case Management Statement, the Court's Notice Scheduling Initial Case Management

20 Conference or Reassignment (Docket No. 25), and the Court's Tentative Case Management Order

21 (Docket No. 50), Plaintiff Oracle America, Inc. ("Oracle America") and Defendant Google, Inc.

22 ("Google") submit this Joint Case Management Conference Statement.

23      **1.**      <u>**Jurisdiction and Service:**</u>

24        The Court has jurisdiction over the patent and copyright claims and counterclaims under

25 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1338(a) (actions asserting claims of patent

26 and copyright infringement).

27

28

1   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Google

2   conducts business within this judicial district.  Oracle America is also based in this district.  No

3   issues exist regarding jurisdiction and venue.  No parties remain to be served.

4   **2.    Facts:**

5   Oracle America, Inc. ("Oracle America") is a corporation organized under the laws of the

6   State of Delaware with its principal place of business at 500 Oracle Parkway, Redwood City,

7   California 94065. Oracle America does business in the Northern District of California.

8   Google, Inc. ("Google") is a corporation organized under the laws of the State of

9   Delaware with a principal place of business at 1600 Amphitheatre Parkway, Mountain View,

10   California 94043.

11   Oracle America filed a complaint on August 12, 2010, alleging that components of

12   Google's Android platform infringe United States Patents Nos. 6,125,447; 6,192,476; 5,966,702;

13   7,426,720; RE38,104; 6,910,205; and 6,061,520 (collectively, the "Patents-in-Suit") and two of

14   Oracle America's Java-related copyrights (the "Asserted Copyrights").  The Complaint contained

15   seven causes of action for direct and indirect patent infringement and one cause of action for

16   direct and indirect copyright infringement.

17   On October 4, 2010, Google filed an answer and counterclaims seeking declaratory

18   judgments of non-infringement and invalidity of the asserted patents.  Google also filed a motion

19   to dismiss Oracle's copyright claim, or for a more definite statement.

20   On October 26, 2010 Oracle filed a motion to dismiss certain of Google's counterclaims

21   and to strike certain defenses and paragraphs from Google's counterclaims.

22   Oracle America filed an Amended Complaint on October 27, 2010, and an opposition to

23   Google's motion to dismiss requesting the Court dismiss Google's motion to dismiss as moot.

24   On October 28, 2010, the Court issued an Order to Show Cause as to why Google's motion to

25   dismiss should not be denied as moot.  On November 1, 2010, Google responded to the Order to

26   Show Cause, agreeing with the denial under the circumstances.  The same day, the Court denied

27   Google's motion as moot.

28

On November 10, Google filed an Amended Answer and Counterclaims reiterating its request for declaratory judgments of invalidity and non-infringement of the asserted patents and requesting a declaratory judgment of non-infringement of the asserted copyrights.  On November 10, Google also filed its brief in opposition to Oracle America's motion to dismiss and to strike.

The principal disputed factual issues concern the bases for: patent and copyright infringement, patent and copyright invalidity, patent and copyright unenforceability, damages, and other claims, defenses, and counterclaims raised in the pleadings.

### 3.    Legal Issues:

The principal disputed legal issues are:

- The proper claim construction for the Patents-In-Suit;
- Whether Google infringed and continues to infringe—literally, contributorily, or by active inducement—one or more of the Patents-In-Suit;
- Whether the Patents-In-Suit are valid and enforceable;
- Whether the Asserted Copyrights are valid and enforceable;
- Whether Google infringes, directly or indirectly, the Asserted Copyrights;
- Whether any accused use of Oracle America's patent rights and copyrights is subject to a license;
- Whether Oracle America's claims are barred, in whole or in part, by the various equitable and legal defenses raised by Google;
- Whether Oracle America is entitled to compensation for any proven patent or copyright infringement, pursuant to 35 U.S.C. § 284, and if so, the amount;
- Whether Google is entitled to a declaratory judgment that any of the Patents-In-Suit are invalid;
- Whether Google is entitled to a declaratory judgment that Google does not infringe any valid and enforceable asserted patent or copyright; and
- Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling the prevailing party to reasonable attorneys' fees.

**4.**     **Motions:**

The parties have filed the following motions:

- **Google's Motion to Dismiss**.  On October 4, 2010, Google filed a Motion to Dismiss Oracle America's Complaint or, in The Alternative, For a More Definite Statement. (Docket No. 33.)  Because Oracle America subsequently filed an amended complaint, the Court denied Google's motion as moot.  (Docket No. 45.)

- **Oracle America's pending Motion to Dismiss and Strike**.  On October 26, 2010, Oracle America filed a Motion to Dismiss Google's invalidity counterclaims and strike certain affirmative defenses and impertinent matter.  (Docket No. 35.)  On November 10, Google filed its response to Oracle America's motion.

The parties anticipate the following motions:

- **Motions to Dismiss**.  The parties may file motions to dismiss portions of the amended pleadings.

- **Motions for Summary Judgment**.  Both parties expect to move for summary judgment addressed to some or all of the claims and defenses in this action.

**5.**     **Amendment of Pleadings:**

The parties presently do not anticipate that any parties will be joined.  The parties anticipate that, to the extent motions to dismiss or other motions challenging the sufficiency of the pleadings under Federal Rule of Civil Procedure 12 are filed, the parties may amend their pleadings in response in accordance with Federal Rule of Civil Procedure 15(a)(1)(B).

**6.**     **Evidence Preservation:**

Each party represents that it has instituted reasonable document retention procedures so as to maintain any relevant documents, electronic or otherwise, or any other relevant electronically recorded material, until this dispute is resolved.

**7.**     **Disclosures:**

By agreement, the parties will have exchanged initial disclosures in accordance with Federal Rule of Civil Procedure 26 and agreement of the parties on or before December 2, 2010, following the initial case management conference.

**8.     Discovery:**

The parties propose following the limitations and guidelines on discovery under the Federal Rules of Civil Procedure, the local rules, and this Court's Supplemental Order To Order Setting Initial Case Management Conference In Civil Case.

The parties have not served discovery requests and have agreed to refrain from initiating discovery until December 2, 2010, following the initial case management conference.

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters. The parties propose the following limitations for discovery:

**A.     Interrogatories**

Each party may propound 50 interrogatories. Interrogatories reasonably directed to all of the Patents-In-Suit shall be counted as single interrogatories, rather than seven. Interrogatories may be directed at individual patents, however, and need not be directed to all seven.

**B.     Request for Admission**

The parties propose that no limits should be placed on the number of requests for admission that either party may propound.

**C.     Requests for Production of Documents and Things**

The parties propose that no limits should be placed on the number of requests for production of documents and things that either party may propound.

**D.     Depositions**

The parties propose that each party may notice 25 depositions, including third-party depositions. This limitation does not apply to Rule 30(b)(6)[1] or expert depositions. Each party may depose each of the other party's testifying expert witnesses. The parties have agreed that depositions will be taken by agreement and on agreed-upon dates if possible. The parties will

---

[1] The parties jointly request that the limit on Rule 30(b)(6) deposition topics be increased to 15 for the reasons discussed in Paragraph 20 below.

attempt to agree on the same court reporter/videographer in order to streamline exhibit numbering and deposition scheduling.  The parties will produce foreign witnesses in their control for deposition at an agreed-upon location in this district to the extent possible.

### E.   Electronically Stored Information ("ESI")

The parties discussed electronic discovery during the Rule 26(f) conference and are in the process of negotiating an ESI agreement.  The parties will continue to meet and confer on reaching a prompt agreement delineating the procedures to be used in producing electronic discovery.  The parties propose a deadline of December 17, 2010 for finalizing an ESI agreement.

### F.   Attorney—Client Privilege and Work Product Doctrine

The parties discussed requesting a blanket protective order during the Rule 26(f) conference and are in the process of negotiating the terms of a stipulated protective order based on the Northern District of California's model.  The parties propose a deadline of December 10, 2010 for filing a stipulated blanket protective order.  The parties have agreed that the parties need not include communications with litigation counsel or expert witnesses on their privilege logs to preserve their privileges or protections.

### G.   Expert Communications and Drafts

The parties have agreed that neither party need produce communications between counsel and expert witnesses or drafts of expert reports.  Counsel's communications with experts shall be deemed to be protected as work product unless the expert relies on any such communication to support his or her opinion.

**9.     Class Actions:**

This is not a class action.

**10.     Related Cases:**

There are no related cases.

**11.     Relief:**

Oracle America seeks the following relief:

- Judgment that each of the accused products, methods, and systems infringes the Patent-In-Suit.

- Judgment that Google's Android infringes Oracle America's copyrights.
- An order enjoining Google from continued acts of infringement of the Patents-In-Suit and Asserted Copyrights.
- An order that infringing copies be impounded, destroyed, or otherwise reasonably disposed of.
- Damages resulting from Google's acts of infringement, in an amount to be proven at trial.  Oracle America will further describe the amounts of damages sought and the bases on which damages are calculated in its Rule 26(a) disclosures.
- Statutory damages.
- Enhanced damages in view of Google's willful and deliberate infringement of the patents and copyrights at issue.
- An order awarding Oracle America its costs and fees under 35 U.S.C. § 285 and 17 U.S.C. § 505.
- Judgment that Oracle America is the prevailing party.
- Judgment against Google on its affirmative defenses.
- Judgment dismissing Google's counterclaims with prejudice.
- Judgment that the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling Oracle America to its reasonable attorney's fees.
- Any other relief that the Court finds just and proper.

Google seeks the following relief:

- Judgment that Oracle America's claims be denied and that Google be awarded its costs, including reasonable attorneys' fees.
- Judgment dismissing Oracle America's complaint with prejudice.
- Judgment in favor of Google on all of its Counterclaims.
- A declaration that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claims of the Patents-in-Suit.
- A declaration that the Patents-in-Suit are invalid.

- A declaration that Google has not infringed, either directly or indirectly, any of the Asserted Copyrights.
- A declaration that Oracle's claims are barred by the doctrines of laches, equitable estoppel, and/or waiver.
- A declaration that this case is exceptional and an award to Google of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees.
- Such other and further relief as this Court may deem just and proper.

**12.    Settlement and ADR:**

The parties discussed Alternative Dispute Resolution during the Rule 26(f) conference and are in the process of negotiating an ADR plan.  The parties filed their ADR certifications (Docket Nos. 37 (Oracle America), 38 (Google)) and a notice of need for ADR telephone conference. (Docket No. 39.)  The parties are mindful of the Court's proposal to refer the matter to a Magistrate Judge for settlement purposes and will continue to meet and confer on reaching a stipulation delineating the ADR plan.

**13.    Consent to Magistrate Judge For All Purposes:**

The parties do not consent to assignment to a Magistrate Judge for all purposes.

**14.    Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

At this time, the parties do not foresee bifurcating any issues, claims, or defenses.  Subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.

**16.    Expedited Schedule:**

The parties do not believe this case is appropriate for an expedited schedule.

17.     **Scheduling:**

The Court ordered the parties to respond to its Tentative Case Management Order. (Docket No. 50.)  The parties' responses to each paragraph of the Tentative Case Management Order are listed in Exhibit A.

18.     **Trial:**

The parties expect trial to last three weeks.

19.     **Disclosure of Non-party Interested Entities or Persons:**

Each party has filed its Certification of Interested Entities or Persons.

Oracle America's Certification of Interested Entities or Persons (Docket No. 28) states as follows:

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Oracle Systems Corporation, Oracle Global Holdings, Inc., StorageTek International Corporation, and Oracle Corporation.

Google's Certification of Interested Entities or Persons (Docket No. 16) states as follows:

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS, PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, defendant Google Inc., through the undersigned, certifies that as of this date, other than the named parties and their shareholders, there is no interest to report under Civil Local Rule 3-16.

20.     **Miscellaneous Issues:**

Google proposes that the parties follow the process and schedule in place for patent disclosures, as described in Paragraph 17 and Exhibit A, to govern the copyright claim as well. Oracle America's position is that the copyright claim should proceed under the standard Rules of Civil Procedure and Local Civil Rules.

The parties will adhere to the Court's Supplemental Order Setting Initial Case Management Conference in Civil Cases Before Judge Alsup.  (Docket No. 26).  Pursuant to

1   Paragraph 11, however, the parties jointly propose the following modifications to Paragraph 23(a)

2   of that Order regarding Rule 30(b)(6) depositions:

3         The parties respectfully request that Paragraph 23(a) be modified to permit up to a total of

4   15 30(b)(6) subject matters from each party.  Good cause exists for this requested change because

5   the number of claims, counterclaims, and affirmative defenses likely implicates an unusually

6   large number of factual issues relating to the Android and Java platforms.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600/Facsimile: (650)
494-0792

6

7

8

9

10

11

12

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914)
749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000/Facsimile: (510)
874-1460

13

14

15

16

17

18

19

ORACLE AMERICA CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@Oracle America.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@Oracle America.com
MATTHEW M. SARBORARIA (Bar No.
211600)
matthew.sarboraria@Oracle America.com
500 Oracle America Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200/Facsimile: (650)
506-7114

20

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

21

22    Dated:       November 11, 2010          By:  /s/  Richard S. Ballinger

23

24

25

26

27

28

1                                 DONALD F. ZIMMER, JR. (SBN 112279)

fzimmer@kslaw.com

2                                 CHERYL A. SABNIS (SBN 224323)

csabnis@kslaw.com

3                                 KING & SPALDING LLP

101 Second Street – Suite 2300

4                                 San Francisco, CA 94105

Telephone: (415) 318-1200

5                                 Facsimile: (415) 318-1300

6                                 SCOTT T. WEINGAERTNER (*Pro Hac Vice*)

sweingaertner@kslaw.com

7                                 ROBERT F. PERRY

rperry@kslaw.com

8                                 BRUCE W. BABER (*Pro Hac Vice*)

bbaber@kslaw.com

9                                 KING & SPALDING LLP

1185 Avenue of the Americas

10                                New York, NY 10036-4003

Telephone: (212) 556-2100

11                                Facsimile: (212) 556-2222

12                                Attorneys for Defendant

GOOGLE INC.

14
15 Dated:    November 11, 2010            By:  /s/  Donald F. Zimmer, Jr. /s/

                                          DONALD F. ZIMMER, JR.

18                           **Attestation of Concurrence**

19         I, Richard S. Ballinger, as the ECF user and filer of this document, attest that concurrence

20 in the filing of this document has been obtained from each of the above signatories.

21 Dated:    November 11, 2010            By:  /s/  Richard S. Ballinger

22
23                                 Counsel to Plaintiff

ORACLE AMERICA, INC.

# EXHIBIT A

## Response to the Court's Tentative Case Management Order

| Para-graph | Summary of Tentative Rule | Oracle America's Response | Google's Response |
|---|---|---|---|
| 1 | Initial disclosures to be completed by November 22, 2010 | The parties agreed to exchange initial disclosures by December 2, 2010; Oracle America wishes to clarify that the parties may supplement initial disclosures pursuant to FRCP 26(e) | The parties agreed to exchange initial disclosures by December 2, 2010; Google agrees with Oracle America's clarification. |
| 2 | Leave to add new parties or pleading amendments must be sought by December 31, 2010 | Accepted | Agreed |
| 3 | Claim construction is scheduled for April 20, 2011 at 1:30 p.m.; The parties must file a proposed schedule leading up to the hearing by November 24, 2010 | Accepted | In view of its lead counsels' scheduling conflicts involving currently scheduled trials that conflict with both the tentative Markman hearing date and trial date, Google proposes moving all tentative dates in 2011, beginning with the tutorial, four weeks back. |
| 4 | Parties are to isolate no more than six phrases for claim construction; The Court will construe other terms during summary judgment or before trial; A tutorial is scheduled for April 6, 2011 at 1:30 p.m. | Accepted | Google proposes that any limitation on the number of phrases for claim construction be accompanied by a corresponding limitation on the number of claims asserted, noting that currently there are 158 claims in the asserted patents. Otherwise, agreed subject to the comments in row 3. |
| 5 | Non-expert discovery cut-off is July 29, 2011 | Accepted | Agreed subject to the comments in row 3. |
| 6 | Deadline for producing opinions of counsel under Patent L.R. 3-8 is 28 days before the non-expert discovery cut-off | Accepted | Agreed |

| Para-graph | Summary of Tentative Rule | Oracle America's Response | Google's Response |
|---|---|---|---|
| 7 | Deadline for opening expert reports is July 29, 2011; | Accepted | Agreed subject to the comments in row 3. |
| | Deadline for opposition reports is 14 days thereafter; | | |
| | Deadline for rebuttal reports is 7 days thereafter; | | |
| | Cut-off for expert discovery is 14 days after deadline for rebuttal reports; | | |
| | Experts may be deposed once, either during expert discovery period, unless the expert is used for different reports | | |
| | Deadline for serving lists of issues on which parties will offer expert testimony in case-in-chief is 28 days before deadline for opening reports | | |
| 8 | Damages expert reports are due 70 days before other experts are due; | Accepted | Agreed |
| | *Daubert* motions are due within 14 days of opening damages expert reports; | | |
| | Opposition damages expert reports are due 14 days after ruling on any *Daubert* motion; | | |
| | Reply damages expert reports are due 7 days after opposition reports | | |
| 9 | Cut-off for past damages is the date of the expert report; | Accepted | Agreed |
| | Expert may try to project future damages; | | |
| | Experts may update reports with timely leave or by written stipulation | | |
| 10 | Expert trial testimony is ordinarily limited to matters disclosed in reports; | Accepted | Agreed |
| | Expert must learn and testify to full amount of billing and unbilled time | | |

| Para-graph | Summary of Tentative Rule | Oracle America's Response | Google's Response |
|---|---|---|---|
| 11 | Experts should avoid vouching for credibility of witnesses, absent percipient knowledge | Accepted | Agreed |
| 12 | Non-discovery motions may be noticed on Thursdays at 8:00 a.m., and counsel need not request motion dates; The Court will hear oral argument where a written request is filed stating that a young lawyer will conduct the argument | Accepted | Agreed |
| 13 | Deadline for filing dispositive motions is September 8, 2011 | Accepted | Agreed subject to the comments in row 3. |
| 14 | The Final Pretrial Conference is October 17, 2011 at 9:00 p.m. | Accepted | Agreed subject to the comments in row 3. |
| 15 | Jury Trial begins on October 31, 2011 at 7:30 a.m. | Accepted | Agreed subject to the comments in row 3. |
| 16 | Counsel may not stipulate around the foregoing dates without Court approval | Accepted | Agreed |
| 17 | The parties shall not ask for extensions because of settlement negotiations, or delayed negotiations; Continuances will not be granted without competent and detailed declarations setting forth good cause | Accepted | Agreed |
| 18 | All filings and appearances must be made unless and until a dismissal fully resolving the case is received | Accepted | Agreed |
| 19 | The parties are to read and follow this Court's supplemental orders, standing orders, and guidelines | Accepted | Agreed |
| 20 | The matter is referred to a Magistrate Judge for settlement/mediation | Oracle America agrees that mediation is appropriate in this case, but would prefer to discuss ADR options during the telephonic ADR conference noticed for Nov. 16, 2010.  (Docket No. 49). | Google agrees with Oracle America's preference. |

| Para-graph | Summary of Tentative Rule | Oracle America's Response | Google's Response |
|---|---|---|---|
| 21 | The case is referred to a Magistrate Judge for resolution of all discovery disputes;<br><br>The deadline for bringing discovery motions or extension motions based on discovery violations is 45 days prior to the fact discovery cutoff, and 10 days prior to the expert discovery cutoff | Accepted | Agreed |
| 22 | Pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3) must be made on the schedule established by the rule | Accepted | Agreed |