| | |
|---|---|
| 1 | MORRISON & FOERSTER LLP |
| | MICHAEL A. JACOBS (Bar No. 111664) |
| 2 | mjacobs@mofo.com |
| | MARC DAVID PETERS (Bar No. 211725) |
| 3 | mdpeters@mofo.com |
| | 755 Page Mill Road |
| 4 | Palo Alto, CA  94304-1018 |
| | Telephone: (650) 813-5600 / Facsimile: (650) 494-0792 |
| 5 | |
| | BOIES, SCHILLER & FLEXNER LLP |
| 6 | DAVID BOIES (Admitted *Pro Hac Vice*) |
| | dboies@bsfllp.com |
| 7 | 333 Main Street |
| | Armonk, NY  10504 |
| 8 | Telephone: (914) 749-8200 / Facsimile: (914) 749-8300 |
| | STEVEN C. HOLTZMAN (Bar No. 144177) |
| 9 | sholtzman@bsfllp.com |
| | 1999 Harrison St., Suite 900 |
| 10 | Oakland, CA  94612 |
| | Telephone: (510) 874-1000 / Facsimile: (510) 874-1460 |
| 11 | |
| | ORACLE CORPORATION |
| 12 | DORIAN DALEY (Bar No. 129049) |
| | dorian.daley@oracle.com |
| 13 | DEBORAH K. MILLER (Bar No. 95527) |
| | deborah.miller@oracle.com |
| 14 | MATTHEW M. SARBORARIA (Bar No. 211600) |
| | matthew.sarboraria@oracle.com |
| 15 | 500 Oracle Parkway |
| | Redwood City, CA  94065 |
| 16 | Telephone: (650) 506-5200 / Facsimile: (650) 506-7114 |
| 17 | *Attorneys for Plaintiff* |
| | ORACLE AMERICA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **REPLY IN SUPPORT OF ORACLE AMERICA, INC.'S MOTION TO DISMISS AND STRIKE** |
| v. | |
| GOOGLE, INC. | Date:  December 2, 2010 |
| | Time:  8:00 a.m. |
| Defendant. | Dept.:  Courtroom 9, 19th Floor |
| | Judge:  Honorable William H. Alsup |

REPLY IN SUPPORT OF ORACLE AMERICA, INC.'S MOTION TO DISMISS AND STRIKE
CASE NO. CV 10-03561 WHA
pa-1432538

Google's new pleading does not correct the deficiencies identified in Oracle America's Motion to Dismiss and Strike. As a practical matter, however, much of the relief Oracle America, Inc. ("Oracle") seeks should largely have resulted by mid-January. Google must explain its invalidity defenses and counterclaims in detail by January 17 under the Court's Patent Local Rules, and Google will be required to explain the facts and legal bases for its pleading of its other defenses and counterclaims by January 3 pursuant to interrogatories we will be serving.

Litigating this motion and serving and answering further pleadings might very well take longer to reach the most important result Oracle seeks – fair notice of Google's defenses and counterclaims. We propose instead to move forward with the case pursuant to the Court's tentative schedule.

## I. GOOGLE'S AMENDED PLEADING DOES NOT CURE ITS DEFICIENT AFFIRMATIVE DEFENSES AND INVALIDITY COUNTERCLAIMS.

Oracle's Motion to Dismiss and Strike is not moot, because Google's Amended Pleading does not cure the deficiencies we identified in our motion.[1] Inconsequential revisions to a pleading do not render a motion to dismiss moot. *See*, *e.g.*, *Datastorm Techs., Inc. v. Excalibur Commc'ns, Inc.*, 888 F. Supp. 112, 114 (N.D. Cal. 1995) (defendant need not file second motion where only difference between amended and original complaints was addition of a defendant, because "to do otherwise would exalt form over substance.").

As explained in Oracle's motion, Google's invalidity affirmative defense and counterclaims were insufficient because they merely cited the Patent Act. Google's new pleading merely cites *and paraphrases* the same provisions:

> 34. The '104 reissue patent is invalid because it fails to meet the "conditions for patentability" of 35 USC §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; and/or is

---

[1] Not only does Google's new pleading fail to correct the pre-existing deficiencies, it adds to them. Google now asserts eight new defenses (including that Oracle's works are not copyrightable, that Oracle's copyrights are unenforceable, that Google independently created the infringing work, and that Google's copying is fair, *de minimus*, and the fault of unidentified third parties) and one new counterclaim (non-infringement of copyright). The new defenses and counterclaim are pled as insufficiently as the others.

> not adequately supported by the written description of the patented invention, and no claim of the '104 reissue patent can be properly construed to cover any of Google's products.
>
> 35.  The '104 reissue patent is invalid under 35 U.S.C. §§ 251 and 252 on the grounds that the reissue patent enlarged the scope of one or more claims of the original patent more than two years from the grant of the original patent.

(Docket No. 51 at Counterclaims ¶¶ 34-35; s*ee also id.* ¶¶ 45, 55, 65, 75, 85, 95 & Defenses ¶¶ 3-5.)  Google's answer does nothing to explain why these defenses apply or how *all seven* of Oracle's asserted patents could suffer from precisely the same defects.  Its invalidity defenses and counterclaims thus remain insufficient under the decisional law cited in our opening brief.

Google's amended pleading does not cure its other defective affirmative defenses.  For example, its new answer recites: "upon information and belief, the accused subject matter is used or manufactured by or for the United States, including but not limited to the Department of Defense." (Docket No. 51 at Defenses ¶ 14.)  This merely rewords the prior attempt: "To the extent that the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498." (Docket No. 32 at Defenses ¶ 9).  Neither version provides fair notice of how or why Section 1498 might plausibly apply.  Similarly, Google's bare-bones license defense still fails to identify even one license that purportedly applies in this action.  (*See* Docket No. 51 at Defenses ¶ 25.)

**II.   THE LOCAL RULES AND INTERROGATORIES WILL EFFECTUATE THE MOST IMPORTANT RELIEF ORACLE SEEKS.**

In light of the Court's tentative schedule (Docket No. 50), however, it makes practical sense to move forward with the case rather than engage in further litigation over the sufficiency of Google's pleading.  The pace of the tentative case schedule mandates that we obtain early notice of Google's theories, but we have alternative means of obtaining that.

Under the Court's Patent Local Rules, Google must serve detailed invalidity contentions by January 17, 2011.  Patent L.R. 3-3 & 3-4.  With those disclosures, Oracle should have full notice of the theories underlying Google's invalidity defense and counterclaims.  Separately, on

1  December 2, 2010 – the date agreed by the parties for the opening of fact discovery – we will
2  serve on Google the following interrogatory:

> Please explain the factual and legal bases for Google's pleading of its first affirmative defense: No Patent Infringement.

Corresponding interrogatories will be directed to Google's other affirmative defenses and counterclaims. Google's response will be due by January 3, 2011. Fed. R. Civ. P. 33(b)(2). By giving Google this two-week advance notice on top of the standard thirty-day period for responding to an interrogatory, we intend to make clear that Google's response should explain in detail the bases for Google's pleading of its affirmative defenses and counterclaims rather than merely lodge a series of objections to contention interrogatories.

Taken together, these two measures – the invalidity contentions required by the local rules and the interrogatories we intend to serve – will call upon Google to detail the theories and facts underlying its pleading by mid-January, 2011. We are satisfied this will achieve the practical objective of giving us fair notice of what Google has in mind in defending this case.

**CONCLUSION**

For the foregoing reasons, while we could continue to make an issue out of Google's pleadings, we decline to continue to press our motion to dismiss.

We note that, in view of the Court's schedule, if Google continues to hide the ball, we will have ample reason to seek additional recourse.

Dated: November 16, 2010

MICHAEL A. JACOBS
MARC DAVID PETERS
MORRISON & FOERSTER LLP

By: /s/  Michael A. Jacobs

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.