IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. <br> ———————————————/ | No. C 10-03561 WHA <br><br> **ORDER RE PROPOSED PROTECTIVE ORDERS** |

Pursuant to the Case Management Scheduling Order, the parties were to submit a jointly agreed protective order by December 10, 2010. On that date, the parties filed a submission indicating that they had reached an impasse regarding two provisions of the protective order: (1) whether any in-house counsel would have access to information of the highest designation; and (2) whether a prosecution bar would attach to persons accessing designated information. The parties requested the Court's assistance in resolving these issues.

With respect to the first dispute, the Court is of the view that neither party has any need to have in-house counsel review any source code belonging to the other party, much less have five in-house counsel do so. Instead, the experts can review source code from both parties and make any necessary comparisons. If and when any settlement discussions require final sign-off or input from in-house-counsel based on the other party's source code, the court would consider making an ad hoc exception at that time. With respect to the second dispute, there should be a prosecution

bar, but the one proposed by Google Inc. seems overbroad in that it applies to all patents or patent applications "relating to Java, Android, mobile platforms and devices, or virtual machines."

The Court understands the need to keep source code confidential, but both sides should be aware that overclassification of documents produced in discovery may lead to declassification of large swathes of improperly classified material.

The views set forth in this order have been made based upon the Court's experience in similar cases. If either party cannot live with these rulings, however, a formal motion may be made on the compressed schedule set forth below, and the Court will give the motion fresh consideration with a full record. In the meantime, no discovery should be withheld on the ground of the parties' inability to agree to a protective order, and all source code shall be maintained in strict confidentiality as "Attorneys' Eyes Only" material, meaning only outside counsel of record may access and view it.

If the parties will acquiesce in the Court's rulings, they shall submit a revised jointly agreed protective order by **NOON ON DECEMBER 17, 2010**.

If the parties still cannot resolve these issues, a party desiring to add a provision to the jointly agreed protective order may file a motion to do so and notice a hearing on the motion for **8:00 A.M. ON JANUARY 6, 2011**.

Any such motion must be filed by **NOON ON DECEMBER 20, 2010.** Any opposition to such motion must be filed by **NOON ON DECEMBER 27, 2010**. Any reply in support of such motion must be filed by **NOON ON DECEMBER 30, 2010**.

**IT IS SO ORDERED.**

Dated: December 14, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2