1  [counsel listed on signature page]

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  ORACLE AMERICA, INC.                    Case No. CV 10-03561 WHA

12                    Plaintiff,            **JOINT [PROPOSED]
                                            STIPULATED PROTECTIVE
13          v.                              ORDER FOR LITIGATION
                                            INVOLVING PATENTS, HIGHLY
14  GOOGLE, INC.                            SENSITIVE CONFIDENTIAL
                                            INFORMATION AND/OR TRADE
15                    Defendant.            SECRETS**

16

17  1.      PURPOSES AND LIMITATIONS

18          Disclosure and discovery activity in this action are likely to involve production of

19  confidential, proprietary, or private information for which special protection from public

20  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

21  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

22  Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

23  all disclosures or responses to discovery and that the protection it affords from public disclosure

24  and use extends only to the limited information or items that are entitled to confidential treatment

25  under the applicable legal principles.  The parties further acknowledge, as set forth in Section

26  13.4, below, that this Stipulated Protective Order does not entitle them to file confidential

27  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

28

1    the standards that will be applied when a party seeks permission from the court to file material

2    under seal.

3    2.    <u>DEFINITIONS</u>

4        2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of

5    information or items under this Order.

6        2.2    "<u>CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is

7    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

8    of Civil Procedure 26(c).

9        2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as

10   well as their support staff).

11       2.4    <u>Designated House Counsel</u>:  House Counsel who seek access to "HIGHLY

12   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

13       2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that

14   it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

15   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

16   CODE."

17       2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the

18   medium or manner in which it is generated, stored, or maintained (including, among other things,

19   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

20   responses to discovery in this matter.

21       2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to

22   the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

23   as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

24   competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

25   or of a Party's competitor.

26       2.8    "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" Information or

27   <u>Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another

28

1    Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

2    less restrictive means.

3        2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

4    extremely sensitive "Confidential Information or Items" representing computer code and

5    associated comments and revision histories, formulas, engineering specifications, or schematics

6    that define or otherwise describe in detail the algorithms or structure of software or hardware

7    designs, disclosure of which to another Party or Non-Party would create a substantial risk of

8    serious harm that could not be avoided by less restrictive means.

9        2.10   House Counsel:  attorneys who are employees of a party to this action, except, for

10   the purposes of this agreement only, counsel who are employees of any Oracle entity are

11   considered House Counsel.  House Counsel does not include Outside Counsel of Record or any

12   other outside counsel.

13       2.11   Non-Party:  any natural person, partnership, corporation, association, or other legal

14   entity not named as a Party to this action.

15       2.12   Outside Counsel of Record:  attorneys who are not employees of a party to this

16   action, but are retained to represent or advise a party to this action and have appeared in this

17   action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

18   that party, except, for the purposes of this agreement only, counsel who are employees of any

19   Oracle entity who appear on behalf of Oracle America, Inc. are not considered Outside Counsel

20   of Record.

21       2.13   Party:  any party to this action, including all of its officers, directors, employees,

22   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

23       2.14   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

24   Material in this action.

25       2.15   Professional Vendors:  persons or entities that provide litigation support services

26   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

27   organizing, storing, or retrieving data in any form or medium) and their employees and

28   subcontractors.

1        2.16    Protected Material:  any Disclosure or Discovery Material that is designated as

2  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or as

3  "HIGHLY CONFIDENTIAL – SOURCE CODE."

4        2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

5  Producing Party.

6  3.    SCOPE

7        The protections conferred by this Stipulation and Order cover not only Protected Material

8  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

9  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

10  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

11  However, the protections conferred by this Stipulation and Order do not cover the following

12  information:  (a) any information that is in the public domain at the time of disclosure to a

13  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

14  a result of publication not involving a violation of this Order, including becoming part of the

15  public record through trial or otherwise; and (b) any information known to the Receiving Party

16  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

17  obtained the information lawfully and under no obligation of confidentiality to the Designating

18  Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

19  4.    DURATION

20        Even after final disposition of this litigation, the confidentiality obligations imposed by

21  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

22  order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

23  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

24  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

25  including the time limits for filing any motions or applications for extension of time pursuant to

26  applicable law.

27

28

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

        5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

                (a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

1     appropriate markings in the margins) and must specify, for each portion, the level of protection

2     being asserted.

3         A Party or Non-Party that makes original documents or materials available for inspection

4     need not designate them for protection until after the inspecting Party has indicated which

5     material it would like copied and produced.  During the inspection and before the designation, all

6     of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

7     ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

8     copied and produced, the Producing Party must determine which documents, or portions thereof,

9     qualify for protection under this Order.  Then, before producing the specified documents, the

10     Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

11     CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

12     CODE") to each page that contains Protected Material.  If only a portion or portions of the

13     material on a page qualifies for protection, the Producing Party also must clearly identify the

14     protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

15     each portion, the level of protection being asserted.

16         (b)     for testimony given in deposition or in other pretrial or trial proceedings,

17     that the Designating Party identify on the record, before the close of the deposition, hearing, or

18     other proceeding, all protected testimony and specify the level of protection being asserted.

19     When it is impractical to identify separately each portion of testimony that is entitled to protection

20     and it appears that substantial portions of the testimony may qualify for protection, the

21     Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

22     is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

23     which protection is sought and to specify the level of protection being asserted.  Only those

24     portions of the testimony that are appropriately designated for protection within the 21 days shall

25     be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating

26     Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked,

27     that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

28     – ATTORNEYS' EYES ONLY."

1    Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

2    other proceeding to include Protected Material so that the other parties can ensure that only

3    authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

4    (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

5    shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7    Transcripts containing Protected Material shall have an obvious legend on the title page

8    that the transcript contains Protected Material, and the title page shall be followed by a list of all

9    pages (including line numbers as appropriate) that have been designated as Protected Material and

10   the level of protection being asserted by the Designating Party.  The Designating Party shall

11   inform the court reporter of these requirements.  Any transcript that is prepared before the

12   expiration of a 21-day period for designation shall be treated during that period as if it had been

13   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

14   otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

15   actually designated.

16        (c)    for information produced in some form other than documentary and for any

17   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

18   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

19   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL –

20   SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the

21   Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the

22   level of protection being asserted.

23        5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

24   designate qualified information or items does not, standing alone, waive the Designating Party's

25   right to secure protection under this Order for such material.  Upon timely correction of a

26   designation, the Receiving Party must make reasonable efforts to assure that the material is

27   treated in accordance with the provisions of this Order.  Inadvertent failure to designate by itself

28   does not waive privilege.

JOINT [PROPOSED] STIPULATED PROTECTIVE ORDER                                    7
pa-1438125

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to

1   make such a motion including the required declaration within 21 days (or 14 days, if applicable)

2   shall automatically waive the confidentiality designation for each challenged designation.  In

3   addition, the Challenging Party may file a motion challenging a confidentiality designation at any

4   time if there is good cause for doing so, including a challenge to the designation of a deposition

5   transcript or any portions thereof.  Any motion brought pursuant to this provision must be

6   accompanied by a competent declaration affirming that the movant has complied with the meet

7   and confer requirements imposed by the preceding paragraph.

8       The burden of persuasion in any such challenge proceeding shall be on the Designating

9   Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

10  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

11  sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

12  file a motion to retain confidentiality as described above, all parties shall continue to afford the

13  material in question the level of protection to which it is entitled under the Producing Party's

14  designation until the court rules on the challenge.

15  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

16      7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed

17  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

18  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

19  to the categories of persons and under the conditions described in this Order.  When the litigation

20  has been terminated, a Receiving Party must comply with the provisions of section 15 below

21  (FINAL DISPOSITION).

22      Protected Material must be stored and maintained by a Receiving Party at a location and

23  in a secure manner that ensures that access is limited to the persons authorized under this Order.

24      7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

25  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

26  disclose any information or item designated "CONFIDENTIAL" only to:

27          (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

28  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

1   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

2   Bound" that is attached hereto as Exhibit A;

3         (b)    Up to five (5) Designated House Counsel of the Receiving Party (1) who

4   has no involvement in competitive decision-making, (2) to whom disclosure is reasonably

5   necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be

6   Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below,

7   have been followed; provided, however, that this provision shall apply only to information

8   designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall not apply

9   to information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," to which no

10  House Counsel shall have access, per paragraph 9(b);

11        (c)    Experts of the Receiving Party (1) to whom disclosure is reasonably

12  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

13  Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

14  have been followed;

15        (d)    the court and its personnel;

16        (e)    court reporters and their staff, professional jury or trial consultants, and

17  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

18  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

19        (f)    the author or recipient of a document containing the information or a

20  custodian or other person who otherwise possessed or knew the information.

21      7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

23  CODE" Information or Items to Designated House Counsel or Experts.

24        (a)    (1) Unless otherwise ordered by the court or agreed to in writing by the

25  Designating Party, a Party that seeks to disclose to Designated House Counsel any information or

26  item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

27  pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1)

28  sets forth the full name of the Designated House Counsel and the city and state of his or her

1  residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable

2  future primary job duties and responsibilities in sufficient detail to determine if House Counsel is

3  involved, or may become involved, in any competitive decision-making.  For purposes of this

4  Order, "competitive decision-making" shall mean decision-making relating to any and all

5  decisions made in light of or that take into account information regarding a competitor or

6  potential competitor, including but not limited to such decisions regarding contracts, marketing,

7  employment, pricing, product or service development or design, product or service offerings,

8  research and development, or licensing, acquisition or enforcement of intellectual property rights

9  (other than this action), provided, however, that this phrase shall be interpreted in accordance

10  with the relevant case law.  Any Designated House Counsel who receives "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order shall

12  promptly disclose to the Designating Party any relevant changes in job duties or responsibilities

13  during the pendency of this litigation to allow the Designating Party to evaluate any later-arising

14  competitive decision-making responsibilities.

15          (a)    (2) Unless otherwise ordered by the court or agreed to in writing by the

16  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

17  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

18  EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c)

19  first must make a written request to the Designating Party that (1) identifies the general categories

20  of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

21  CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

22  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

23  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

24  current employer(s), (5) identifies each person or entity from whom the Expert has received

25  compensation or funding for work in his or her areas of expertise or to whom the expert has

26  provided professional services, including in connection with a litigation, at any time during the

27

28

preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

2  Material to its Designated House Counsel or Expert.

3  8.      PROSECUTION BAR

4      Absent written consent from the Producing Party, any individual who receives access to

5  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

6  SOURCE CODE" information shall not be involved in the prosecution of patents or patent

7  applications relating to operating systems, virtual machines, pre-processors, compilers, linkers,

8  interpreters, middleware, or applications for mobile platforms or devices, including without

9  limitation the patents asserted in this action and any patent or application claiming priority to or

10  otherwise related to the patents asserted in this action, before any foreign or domestic agency,

11  including the United States Patent and Trademark Office ("the Patent Office").  For purposes of

12  this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

13  otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt,

14  "prosecution" as used in this paragraph does not include representing a party challenging a patent

15  before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte

16  reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to

17  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

18  SOURCE CODE" information is first received by the affected individual and shall end two (2)

19  years after final termination of this action.

20  9.      SOURCE CODE

21      (a)     To the extent production of source code becomes necessary in this case, a

22  Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

23  if it comprises or includes confidential, proprietary or trade secret source code.

24      (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

25  CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

26  ATTORNEYS' EYES ONLY", and may be disclosed only to the individuals to whom "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in

28  Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

1          (c)        Any source code produced in discovery shall be made available for

2  inspection, in a format allowing it to be reasonably reviewed and searched, during normal

3  business hours or at other mutually agreeable times, at an office of the Producing Party's counsel

4  or another mutually agreed upon location.  The source code shall be made available for inspection

5  on a secured computer in a secured room without Internet access or network access to other

6  computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of

7  the source code onto any recordable media or recordable device.  The Producing Party may

8  visually monitor the activities of the Receiving Party's representatives during any source code

9  review, but only to ensure that there is no unauthorized recording, copying, or transmission of the

10  source code.

11         (d)        The Receiving Party and its experts may need to utilize certain automated

12  forensic tools as part of the source code review procedure.  Such tools may be used to compare

13  source code.  The parties will work together to agree on acceptable forensic tools and procedures.

14         (e)        The Receiving Party may request paper copies of limited portions of source

15  code that are reasonably necessary for the preparation of court filings, pleadings, expert reports,

16  or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

17  reviewing the source code other than electronically as set forth in paragraph (c) in the first

18  instance.  The Producing Party shall provide all such source code in paper form including bates

19  numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party

20  may challenge the amount of source code requested in hard copy form pursuant to the dispute

21  resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

22  "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

23  resolution.

24         (f)        The Receiving Party shall maintain a record of any individual who has

25  inspected any portion of the source code in electronic or paper form.  The Receiving Party shall

26  maintain all paper copies of any printed portions of the source code in a secured, locked area.

27  The Receiving Party shall not create any electronic or other images of the paper copies and shall

28  not convert any of the information contained in the paper copies into any electronic format.  The

1   Receiving Party shall only make additional paper copies if such additional copies are (1)

2   necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

3   expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

4   case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the

5   end of each day and must not be given to or left with a court reporter or any other individual.

6   10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

7   LITIGATION

8          If a Party is served with a subpoena or a court order issued in other litigation that compels

9   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

10  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

11  SOURCE CODE" that Party must:

12         (a)     promptly notify in writing the Designating Party.  Such notification shall

13  include a copy of the subpoena or court order;

14         (b)     promptly notify in writing the party who caused the subpoena or order to

15  issue in the other litigation that some or all of the material covered by the subpoena or order is

16  subject to this Protective Order.  Such notification shall include a copy of this Stipulated

17  Protective Order; and

18         (c)     cooperate with respect to all reasonable procedures sought to be pursued by

19  the Designating Party whose Protected Material may be affected.

20         If the Designating Party timely seeks a protective order, the Party served with the

21  subpoena or court order shall not produce any information designated in this action as

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

23  "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

24  which the subpoena or order issued, unless the Party has obtained the Designating Party's

25  permission.  The Designating Party shall bear the burden and expense of seeking protection in

26  that court of its confidential material – and nothing in these provisions should be construed as

27  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

28  another court.

11.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the court for a determination of the claim.  Inadvertent production is itself no waiver of privilege.

14.     MISCELLANEOUS

14.1     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or

1   elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical

2   data, and the Receiving Party shall take measures necessary to ensure compliance.

3        14.4    <u>Filing Protected Material</u>.  Without written permission from the Designating Party

4   or a court order secured after appropriate notice to all interested persons, a Party may not file in

5   the public record in this action any Protected Material.  A Party that seeks to file under seal any

6   Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be

7   filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material

8   at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

9   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

10  otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected

11  Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

12  Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

13  79-5(e) unless otherwise instructed by the court.

14  15.    <u>FINAL DISPOSITION</u>

15       Within 60 days after the final disposition of this action, as defined in paragraph 4, each

16  Receiving Party must return all Protected Material to the Producing Party or destroy such

17  material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

18  compilations, summaries, and any other format reproducing or capturing any of the Protected

19  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

20  submit a written certification to the Producing Party (and, if not the same person or entity, to the

21  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

22  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

23  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

24  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

25  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

26  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

27  product, and consultant and expert work product, even if such materials contain Protected

28

1    Material.  Any such archival copies that contain or constitute Protected Material remain subject to

2    this Protective Order as set forth in Section 4 (DURATION).

3

4

5

6         IT IS SO ORDERED.

7

8

9    Dated:_____         _____

10                                                            Honorable William Alsup
                                                        United State District Court Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   MORRISON & FOERSTER LLP
    MICHAEL A. JACOBS (Bar No. 111664)
3   mjacobs@mofo.com
    MARC DAVID PETERS (Bar No. 211725)
    mdpeters@mofo.com
4   755 Page Mill Road
    Palo Alto, CA  94304-1018
5   Telephone: (650) 813-5600/Facsimile: (650)
    494-0792
6
    BOIES, SCHILLER & FLEXNER LLP
7   DAVID BOIES (Admitted *Pro Hac Vice*)
    dboies@bsfllp.com
8   333 Main Street
    Armonk, NY  10504
9   Telephone: (914) 749-8200 / Facsimile: (914)
    749-8300
10  STEVEN C. HOLTZMAN (Bar No. 144177)
    sholtzman@bsfllp.com
11  1999 Harrison St., Suite 900
    Oakland, CA  94612
12  Telephone: (510) 874-1000/Facsimile: (510)
    874-1460
13
    ORACLE AMERICA CORPORATION
14  DORIAN DALEY (Bar No. 129049)
    dorian.daley@oracle.com
15  DEBORAH K. MILLER (Bar No. 95527)
    deborah.miller@oracle.com
16  MATTHEW M. SARBORARIA (Bar No.
    211600)
17  matthew.sarboraria@oracle.com
    500 Oracle America Parkway
18  Redwood City, CA  94065
    Telephone: (650) 506-5200/Facsimile: (650)
19  506-7114

20  *Attorneys for Plaintiff*
    ORACLE AMERICA, INC.
21

22  Dated:      December 17, 2010          By:      /s/ Marc David Peters
23

24

25

26

27

28

1

2        DONALD F. ZIMMER, JR. (SBN 112279)
         fzimmer@kslaw.com

3        CHERYL A. SABNIS (SBN 224323)
         csabnis@kslaw.com

4        KING & SPALDING LLP
         101 Second Street – Suite 2300

5        San Francisco, CA 94105
         Telephone: (415) 318-1200

6        Facsimile: (415) 318-1300

7        SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
         sweingaertner@kslaw.com

8        ROBERT F. PERRY
         rperry@kslaw.com

9        BRUCE W. BABER (*Pro Hac Vice*)
         bbaber@kslaw.com

10        KING & SPALDING LLP
         1185 Avenue of the Americas

11        New York, NY 10036-4003
         Telephone: (212) 556-2100

12        Facsimile: (212) 556-2222

13        IAN C. BALLON (SBN 141819)
         ballon@gtlaw.com

14        HEATHER MEEKER (SBN 172148)
         meekerh@gtlaw.com

15        GREENBERG TRAURIG, LLP
         1900 University Avenue

16        East Palo Alto, CA 94303
         Telephone: (650) 328-8500

17        Facsimile: (650) 328-8508

18

19        Attorneys for Defendant
         GOOGLE INC.

20

21 Dated:  December 17, 2010    By: /s/ Bruce W. Baber

22

23

24

25

26

27

28

1

**ATTESTATION OF CONCURRENCE**

2

   I, Marc David Peters, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from each of the above signatories.

3

4

Dated: December 17, 2010          MARC DAVID PETERS
                                  MORRISON & FOERSTER LLP

5

6                                 By: /s/  Marc David Peters
                                      Marc David Peters

7

8                                 *Attorneys for Plaintiff*
                                  ORACLE AMERICA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Northern District of California

on _____ [date] in the case of Oracle America, Inc. v. Google, Inc., Case No. CV 10-

03561 WHA.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this action or

any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____


JOINT [PROPOSED] STIPULATED PROTECTIVE ORDER                                                            24
pa-1438125