[Counsel listed on signature pages]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. 3:10-cv-03561-WHA |
| Plaintiff, | Honorable Judge William Alsup |
| v. | **JOINT ESI AGREEMENT** |
| GOOGLE INC. | |
| Defendant. | |

Pursuant to ¶ 4 of the Case Management Order (Dkt. 56) entered in this case on November 18, 2010, the parties jointly submit that the provisions of the following ESI agreement shall apply:

1. <u>Search Terms</u>.  The parties will discharge their production obligations with respect to all custodian documents (email and documents on personal computers and in personal directory files) using Search Terms to identify documents for production.
   a. Search Terms proposed by a party requesting documents will be included by the producing party unless there is a reasonable basis for objecting, and the parties will endeavor in good faith to agree upon Search Terms that minimize the likelihood of non-responsive results.
   b. Search terms need not be identical for both parties.
   c. Where good cause exists for requesting a different review for a particular custodian or data type, the parties will cooperate in good faith to reach a reasonable, agreed approach.  For example:
      i. A single set of search terms should be applied to all custodians for each party unless a reasonable basis exists to apply a different set of terms to a logically distinguishable subset of custodians.
      ii. The temporal scope of searches applied to a custodian may be limited if a reasonable basis exists to do so.
   d. The party seeking to limit the scope of search, whether by date, a limited set of search terms, or otherwise, will include in its custodian log (see Paragraph 6, below) an identification of any such limitations and explanation of why and how such limitations were applied.
2. <u>Scope of Production for Custodian Documents</u>.  After applying agreed-upon Search Terms to custodian documents, each party will produce the relevant, non-privileged documents.  For each custodian, the producing party must identify the percentage of documents captured by the search terms but withheld as not relevant.

2

3. <u>Privileged Documents</u>.  Parties may apply an automated privilege screen to custodian documents, and the parties agree to the following procedure in recognition of the potential massive burden of producing a log corresponding to the captured documents, which would contain many documents that are either not privileged, or not relevant:

   a. At the time of production of documents for a particular custodian, the producing party will provide the number of documents captured by the privilege screen and an estimate of the number of documents that are relevant and will be logged, along with an estimated time for completion of the logging of those documents.

   b. The parties agree that privilege logs shall be in a native spreadsheet file format and identify all responsive, privileged documents and be in compliance with the *Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge William Alsup* (Dkt. 26) ("*Supplemental Order*"), by providing the following for each entry:

      i. A unique identifying privilege number;

      ii. The date of the communication, or if not known, an approximate date wherever possible;

      iii. The location of the communication (*e.g.,* a specific custodian's emails);

      iv. All persons in the From, To, CC and BCC fields of any privileged emails, and all persons identified as authoring, sending or receiving any privileged non-email documents;

      v. The asserted privilege;

      vi. The subject matter of the communication which justifies the basis of the asserted privilege;

      vii. The steps taken to ensure the confidentiality of the communication (such as the existence of "confidential" or "privileged" labels on the material) and a representation in good faith that the material does not appear to have been disseminated to unauthorized persons; and

      viii. Whether the document contains any attachments.

    c. For each custodian, when a privilege log is provided, (i) the producing party must identify the percentage of documents captured by the privilege screen but withheld as not relevant, (ii) produce any redacted documents, and (iii) produce any relevant, non-privileged documents initially captured by the automated privilege screen.

4. <u>Documents Subject to Non-Disclosure Agreements (NDA)</u>.  In order to prevent unnecessary delays in producing custodian documents, the parties agree that relevant custodian documents that appear subject to an NDA with a third party may be withheld from the production of a particular custodian's documents, but the documents must be timely produced after (i) notifying the third party and receiving no objection within 14 days or the timeframe for notice specified in the NDA, whichever is longer, or (ii) determining upon further investigation that the documents are not subject to an NDA. The party in possession, custody, or control of any such documents must promptly notify any applicable third parties of its discovery obligation, and may not wait for a request from the requesting party before doing so.  If a third party objects to the production of relevant documents subject to an NDA, the parties shall confer in good faith to determine what further steps shall be taken with respect to those documents.

5. <u>Timeliness of Productions and Privilege logs</u>.  Parties shall endeavor in good faith to produce custodian documents and privilege logs on a rolling basis.

6. <u>Custodian Log</u>.  Each Party will provide a list of all custodians whose documents were searched and produced, pursuant to ¶ 13 of the *Supplemental Order*.

7. <u>Collection Log</u>. Each Party will log the identities and roles of the people who participate in the document collection process, pursuant to ¶ 13 of the *Supplemental Order*.

8. <u>Non-custodian Documents</u>.  Regardless of the content of custodian documents, each party must conduct good faith investigations to locate information responsive to a requesting party's Requests for Production.

9. <u>Production Format</u>.  Custodian and other electronic documents should generally be produced with Concordance\Opticon load files and the following file formats:

4

a. Group IV black and white TIFF images for email and word documents; and

b. color JPEG images for PDF, presentation (*e.g.,* PowerPoint), and other graphic files.

Electronic documents shall be provided with any available extractible text at the document level (*i.e.,* not per page), and OCR data shall be provided – if generated by the producing party – for paper documents, redacted documents, or other electronic documents that do not contain extractible text (*e.g.,* PDF files without extractable text).

10. <u>Production in Native Format</u>.  Certain documents shall be produced in native format:

    a. All Spreadsheet documents (*e.g.,* excel, CSV, etc.) should be produced in native format with a spacer image sheet indicating as such.

    b. Sound, video and other files not practical for the TIFF or JPEG formats should be produced in native format with a spacer sheet image indicating as such.

The original filenames of such documents may be replaced with the same production (bates) number and designation (if any) shown on the spacer image sheet for easy reference.

11. <u>Metadata</u>.  Where available, the following metadata shall be included with the produced custodian documents:

    a. *For Email*:
        i. Custodian
        ii. Original Location (*e.g.,* complete filepath for Inbox, Sent Items, etc)
        iii. From
        iv. To
        v. CC
        vi. BCC
        vii. Subject
        viii. Sent Date
        ix. Sent Time
        x. Attachment Range\Family Group (*e.g.,* BegAttach, EndAttach)

                xi. Message ID

      b. *For electronic documents other than email*:

                i. Custodian

                ii. Original Location (*e.g.*, C:\Documents and Settings\My Documents)

                iii. File Name

                iv. Author

                v. Title

                vi. Comments

                vii. Company

                viii. Create Date

                ix. Modify Date

                x. File Size

                xi. MD5HASH

      c. *For paper documents*:

                i. Custodian

                ii. Location

12. <u>Source Code Repositories</u>.  Both parties expect to make available for inspection in this action documents and materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to the agreed provisions of the protective order that the parties have jointly proposed.

MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

ORACLE AMERICA CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle America Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Dated:    December 17, 2010          By:  /s/  Richard S. Ballinger
                                              Richard S. Ballinger

                                     Attorneys for Plaintiff
                                     ORACLE AMERICA, INC.

|  |  |
|---|---|
|  | DONALD F. ZIMMER, JR. (SBN 112279)<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS (SBN 224323)<br>csabnis@kslaw.com<br>KING & SPALDING LLP<br>101 Second Street – Suite 2300<br>San Francisco, CA 94105<br>Telephone: (415) 318-1200<br>Facsimile: (415) 318-1300 |
|  | SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (*Pro Hac Vice*)<br>bbaber@kslaw.com<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036-4003<br>Telephone: (212) 556-2100<br>Facsimile: (212) 556-2222 |
|  | By: /s/ Scott T. Weingaertner<br>     Scott T. Weingaertner |
| Dated:   December 17, 2010 | Attorneys for Defendant<br>GOOGLE INC. |

**Attestation of Concurrence**

I, Richard S. Ballinger, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated:   December 17, 2010          By:  /s/  Richard S. Ballinger
                                        Richard S. Ballinger