**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 1, 2011

Writer's Direct Contact
650.813.5932
MDPeters@mofo.com

The Hon. William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 9, 19th Floor
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google, Inc.,* Case No. 3:10-cv-03561-WHA
       First Request for Discovery Relief

Dear Judge Alsup:

      We are at the point where we need the Court's assistance with an issue that is important in ensuring the parties keep to the case schedule: the need for Google to supplement its answers to Interrogatories 4-16 of Oracle's First Set of Interrogatories. (Exhibit A). Each interrogatory asks Google to "explain the factual and legal bases" for pleading a particular defense. Google has not done so, and this undermines Oracle's ability to proceed with discovery on a complete and timely basis.

      Google's answer does not plead facts sufficient to support its affirmative defenses. Accordingly, Oracle moved to strike the defenses on October 26, 2010. (Dkt. 35). In response to the Court's issuance of a tentative case management order shortly thereafter, Oracle withdrew the motion and "propose[d] instead to move forward with the case pursuant to the Court's tentative schedule," because the upcoming invalidity contentions and interrogatories would require Google to "detail the theories and facts underlying its pleading by mid-January, 2011." (Dkt. 54). Oracle reasoned that proceeding with discovery would be the best way to "achieve the practical objective of giving [Oracle] fair notice of what Google has in mind in defending this case." (Dkt. 55).

      It is now February 1, 2011, and Google has done almost nothing to explain the legal and factual bases for its defenses. Google's interrogatory responses contain little substance, and instead provide general denials, boilerplate objections, and blanket incorporations by reference of entire pleadings, moving papers, and large-volume "haystacks" (e.g., "Android source code" and "Android documentation") without any indication if there is any "needle" within.

pa-1444736

MORRISON | FOERSTER

The Hon. William Alsup
February 1, 2011
Page Two


The parties met and conferred about Google's interrogatory responses on January 12 and January 24, and also exchanged correspondence. The result of this process is that Google has agreed to supplement only its response to Interrogatory 3 on February 4, but not its responses to the other interrogatories until some unspecified time later in the case.

All of Google's responses suffer from the same deficiency: they contain blanket incorporations by reference of numerous other documents, many of which do not appear to apply to the particular interrogatory citing them. Federal Rule of Civil Procedure 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Responding to an interrogatory with a reference to another interrogatory, document, or pleading is improper. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 2003 U.S. Dist. LEXIS 24585, *14-15 (N.D. Cal. Jan. 5, 2005). Google cannot merely "incorporate by reference" documents; it must answer the interrogatories.

In both its written response and the meet-and-confer process, Google's chief objection to supplementation is that it is "premature": Google objects to Interrogatories 4-8 as "unnecessary in view of the specific disclosures contemplated by the Patent Local Rules as well as premature at least because no claim terms have been construed . . . ." (Ex. A at 12-13). Similarly, Google objects to Interrogatories 15 (concerning license) and 16 (concerning unclean hands) as "unnecessary with respect to the defense as they pertain to patent in view of the specific disclosures contemplated by the Patent Local Rules." (Ex. A at 31).

Google's objection is not legitimate under Patent Local Rule 2-5, which states that "it shall not be a ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) . . . that the discovery request . . . is premature in light of, or otherwise conflicts with, these Patent Local Rules, absent other legitimate objection." Patent L.R. 2-5. The Rule provides four circumstances in which a party may object to requests as being premature; none applies here. The idea that a defendant cannot explain its affirmative defenses until after some external deadline under the local rules, such as exchange of claim construction terms, is an old canard. Oracle provided its infringement charts and Google its invalidity charts, for example, without claim construction. It is neither premature nor unnecessary for Google to explain the factual and legal bases for its defenses now.

Google's response to Interrogatory 15 is a prime example of how its responses are insufficient. That interrogatory asks Google to state the factual and legal bases for its affirmative defenses of License and Implied License. Google does not identify *any* licenses that might support a defense. There is no reason that Google could not now identify the licenses that it is relying on and explain how they apply.


pa-1444736

MORRISON | FOERSTER

The Hon. William Alsup
February 1, 2011
Page Three

Google's response to Interrogatory 5 is similarly non-responsive. This interrogatory asks for Google's bases for its affirmative defense of "Substantial Non-Infringing Uses." After the boilerplate objections and incorporations by reference, Google simply states that "the Accused Instrumentalities, such as mobile handsets, are capable of substantial noninfringing uses." (Ex. A at 15). But Google does not identify or describe a single such use. Instead, Google insists that, "[a]s presently understood, all uses are noninfringing uses for the reasons cited in response to Interrogatory No. 3." Google then asserts that it "cannot meaningfully address all non-infringing uses at this time" because "Oracle has not identified any actual performance of any method on any specific Accused Instrumentality." Though untrue, this is a red herring; nothing prevents Google from explaining now what uses *Google* believes are non-infringing.

Yet another example is Google's response to Interrogatory 12, which asks for the factual and legal bases for Google's copyright Fair Use defense. Oracle described in detail its copyright infringement contentions in its January 6 response to Google's Interrogatory 2. That response points Google to fourteen registered copyrighted works, fifty-one Java API package specifications, and numerous specific examples of source code and documentation that are being infringed. If Google asserts that any of its copying, derivation, and distribution of the copyrighted material as described in that answer constitutes fair use, Google must explain why. Google cannot rely on hand-waving allegations that its use of Oracle's copyrighted works "is for functional, best practices, or technical efficiency reasons," "is de minimis," or "is necessary to enable interoperability" (Ex. A at 25) without providing facts to support its position.

Without knowing the factual and legal bases for Google's affirmative defenses, Oracle cannot effectively challenge them or prepare for depositions. Thus, Oracle requests that the Court compel Google to supplement Interrogatories 4-16 by February 11.

Respectfully submitted,

*/s/ Marc D. Peters*

Marc David Peters
Counsel for Plaintiff Oracle America, Inc.

cc:  Counsel for Google Inc.

pa-1444736