DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google"), through its attorneys, responds to *Plaintiff's Interrogatories to Defendant Google Inc., Set One* ("Plaintiff's Interrogatories"), served by plaintiff Oracle America, Inc. ("Plaintiff" or "Oracle") on December 2, 2010, as follows.

## **GENERAL OBJECTIONS**

1.      Google responds generally that discovery has just begun and its investigations of the facts relevant to this litigation are ongoing.  Google's responses herein are given without prejudice to Google's right to amend or supplement in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Civil Local Rules, the Court's Supplemental Order to Order Setting Initial Case Management Conference, any applicable Standing Orders, and the Case Management Order entered by the Court.

2.      Google generally objects to Plaintiff's Interrogatories, and the "Definitions and Instructions" related thereto, to the extent they are inconsistent with or impose obligations beyond those required by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules, the Court's Supplemental Order to Order Setting Initial Case Management Conference, any applicable Standing Orders, and the Case Management Order entered by the Court.  In responding to each Interrogatory, Google will respond as required under Rule 33 of the Federal Rules of Civil Procedure.

3.      Google objects to Oracle's definition of "Java Platform" on the grounds that the definition is overbroad and misleading to the extent it purports to include "the Java programming language," as to which Oracle does not own proprietary rights.  When used in Google's responses, the phrase "Java Platform" shall not include "the Java programming language" and, without acknowledging or agreeing that Oracle owns any proprietary rights in any elements thereof, shall have the meaning ascribed to that phrase in paragraph 9 of Oracle's Amended Complaint, namely "a bundle of related programs, specifications, reference implementations, and developer tools and resources that allow a user to deploy applications written in the Java programming language on servers, desktops, mobile devices, and other devices," including but not limited to the Java compiler, the Java Virtual Machine, the Java Development Kit, the Java

1   Runtime Environment, the Just-In-Time compiler, Java class libraries, Java application

2   programming interfaces, and Java specifications and reference implementations.

3       4.    Google generally objects to Plaintiff's Interrogatories to the extent (a) they are not

4   reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim

5   of defense of any party; (b) they are unreasonably cumulative or duplicative; (c) they seek

6   information that is obtainable from some other source that is more convenient, less burdensome,

7   or less expensive; or (d) the burden or expense of the proposed discovery outweighs any likely

8   benefit.

9       5.    Google generally objects to Plaintiff's Interrogatories to the extent they seek

10   information, documents, and/or things protected from discovery by the attorney-client privilege,

11   the work product doctrine, the common-interest privilege, and/or any other applicable privilege,

12   immunity, or protection.  Nothing contained in Google's responses is intended to be, or in any

13   way shall be deemed, a waiver of any such applicable privilege or doctrine.

14       6.    Google generally objects to Plaintiff's Interrogatories to the extent they request

15   information, documents, and/or things not within the possession, custody, or control of Google,

16   that are as readily available to Plaintiff as to Google, or that are otherwise in the possession of

17   Plaintiff, on the grounds that such requests are unduly burdensome.

18       7.    Google objects to each of Interrogatories No. 3 through 16 as ambiguous due to

19   the reference to "Google's pleading."  This literally reads as a request for Google's bases for its

20   defenses at the time of pleading either its Answer to Oracle's Complaint or Answer to Oracle's

21   Amended Complaint, but does not specify the pleading to which it is referring.  Google will

22   respond with respect to its operative pleading in the case, *Google Inc.'s Answer to Plaintiff's*

23   *Amended Complaint for Patent and Copyright Infringement and Amended Counterclaims* filed

24   on November 10, 2010 (Doc. #51) ("Answer and Counterclaims").  Google recognizes that this

25   language could also be intended to request the bases for Google's assertions or contentions

26   generally.  Accordingly, Google is also providing a response directed toward its bases for its

27   defenses generally, subject to a general objection that discovery has just begun, and Google is

28   still developing its defenses.

DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE.
CIVIL ACTION NO. CV 10-03561-WHA

1    8.    Google further objects to each of Interrogatories No. 3 through 16 due to the use

2    of the phrase "affirmative defense."  Google's Answer and Counterclaims does not refer to the

3    defenses as "affirmative defenses," and Google objects to the use of the term to the extent Oracle

4    is attempting to suggest any burden in relation to any of the defenses beyond what is required by

5    any applicable statute or case law.  Some of the defenses listed are clearly not affirmative

6    defenses.  For example, Oracle identifies Substantial Non-Infringing Uses (Patent) as an

7    affirmative defense, when it is Oracle's burden to show an absence of substantial noninfringing

8    use pursuant to 35 U.S.C. 271(c).

9    9.    Google further objects to each of Interrogatories No. 3 through 16 for

10    specifically seeking attorney work product and attorney-client privileged information.

11    10.    Google further objects to each of Interrogatories No. 3 through 16 as unduly

12    burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The

13    bases for Google's pleading of its defenses is of little value at this point because its bases for

14    maintaining its allegations have changed since the filing of Google's Answer and Counterclaims

15    due to, for example, the receipt of Oracle's Patent Local Rule 3-1 disclosures.  Google's bases

16    may and likely will continue to change as discovery unfolds.

17    11.    Google further objects to each of Interrogatories No. 3 through 16 for implying

18    any pleading obligations on Google beyond those required by the Federal Rules of Civil

19    Procedure, the Civil Local Rules, the Patent Local Rules and any applicable Standing Orders.  In

20    particular, Google objects to each of Interrogatories No. 3 through 16 for implying that Google

21    was required to have evidentiary support at the time of pleading in view of the fact that certain

22    factual contentions were made "upon information and belief" that, after a reasonable opportunity

23    for further investigation, Google would likely have evidentiary support.

24    12.    Google further objects to each of Interrogatories No. 3 through 16 for seeking the

25    bases for pleading in response to Oracle's Amended Complaint, which was deficient in many

26    respects, or for seeking Google's current positions on its defenses in view of Oracle's Patent

27    Local Rule 3-1 disclosures, which were also deficient.  Oracle's Amended Complaint did not

28    identify any asserted claims of the Patents-in-Suit; Oracle's Patent Local Rule 3-1 disclosures

did not identify accused products with any reasonable specificity on a claim by claim basis; and both documents failed to include any factual allegation for many elements as to which Oracle has the burden of proof.  Any response below does not constitute a waiver of any work product or attorney-client privileged material relating to Google's interpretation of the numerous ambiguities contained in Oracle's Amended Complaint and Patent Local Rule 3-1 disclosures.  Further, any response below should not be considered any affirmative representation that Oracle has presented a cognizable claim, met its Rule 8 obligations or met its obligations under Patent Local Rule 3-1, or that particular information in the response will represent an applicable basis in the future as further clarity as to Oracle's allegations is attained.  Google further objects to each patent-related Interrogatory as unnecessary in view of the specific disclosures contemplated by the Patent Local Rules as well as premature at least because claim terms have not been construed.

13.     Despite the ambiguity in Oracle's Interrogatories created by the use of the word "pleading," Google provides the following responses with respect to its bases for both pleading its defenses and maintaining them.  Google explicitly preserves its work product and attorney-client privileged information and other relevant objections.  Google has conducted a reasonable inquiry sufficient to comply with any obligations with respect to these Interrogatories, and makes no representation that these responses include an exhaustive list of all facts relevant to the defenses identified in these Interrogatories.  Inclusion of Oracle's allegations in a list of facts in any response herein does not mean that Google agrees with the veracity of the allegation, but merely references the fact that particular allegations were made.  Google expressly maintains all objections made in responsive pleadings.  Google makes no representation that its responses below completely set forth all of its bases for its defenses, as Google objects that such a response would be unduly burdensome, premature, and require the unwarranted disclosures of attorney work product and attorney-client privileged information.

14.     Google incorporates by reference these General Objections into the specific objections and responses set forth below.  While Google may repeat a General Objection for emphasis or some other reason, the failure to specifically refer to any General Objection does not

1    constitute a waiver of any sort.  Moreover, subject to the requirements of Rule 33 of the Federal

2    Rules, Google reserves the right to alter or amend its objections and responses set forth herein as

3    additional facts are ascertained and analyzed.

4        15.    Google remains willing to meet and confer with respect to any of its objections to

5    assist Plaintiff in clarifying or narrowing the scope of the requested discovery, and reserves the

6    right to move for a protective order if agreement cannot be reached.

7

8                          **SPECIFIC OBJECTIONS AND RESPONSES**

9        Google's responses to Plaintiff's Interrogatories are based upon Google's current

10    information and belief as a result of reasonable searches and inquiries.  Google reserves its right

11    to amend and supplement its responses as it learns additional facts.

12    **INTERROGATORY NO. 1:**

13        Identify who had architectural, functional design, and coding responsibilities in the

14    development of Android and briefly describe their roles in that development.

15    **RESPONSE:**

16        In addition to its General Objections, Google objects to this Interrogatory as vague and

17    ambiguous in the use of the phrases "architectural," "functional design," and "coding

18    responsibilities."  Google further objects to this Interrogatory as overbroad and unduly

19    burdensome to the extent that it seeks an identification of all individuals involved in the

20    development of all aspects of Android, as such a listing would include hundreds of individuals

21    whose identities are neither material nor relevant to the present litigation.

22        Subject to the foregoing objections and the General Objections, without waiver or

23    limitation thereof, Google will identify individuals involved in the development of the relevant

24    aspects of Android, and states that the following table provides information responsive to this

25    Interrogatory:

26

27

28

| Name | Affiliation | Role |
|------|-------------|------|
| Andy Rubin | Google employee - on Android team from 2005 to present | Project Lead for Android - responsible for overall Android development. |
| Hiroshi Lockheimer | Google employee - on Android team from 2006 to present | Engineering Director for Android - responsible for overall Android technical development. |
| Steve Horowitz | Former Google employee - on Android team from 2006 to 2009 | Engineering Director for Android - was responsible for overall Android technical development. |
| Dan Bornstein | Google employee - on Dalvik team from 2005 to present | Technical Lead and Manager for Dalvik team - responsible for overall technical development of the Dalvik project, including the Dalvik Virtual Machine (VM), the Dalvik JIT compiler, the dx tool and the Android core libraries. |
| Andy McFadden | Google employee - on Dalvik team from 2006 to present | Technical Lead for the development of the Dalvik VM. |
| Dave Bort | Google employee - on Dalvik team from 2006 to 2008 | Contributed to the development of the Dalvik VM, including the Dalvik garbage collector. |
| Bob Lee | Former Google employee - on Dalvik team from 2006 - 2010 | Technical lead for the development of the Android core libraries. |
| Mike Fleming | Google employee - on Dalvik team from 2007 to 2009 | Contributed to the development of the Dalvik VM and the dx tool. |
| Ben Cheng | Google employee - on Dalvik team from 2008 to present | Contributed to the development of the Dalvik JIT compiler and the dx tool. |
| Michael Chan | Google employee - on Dalvik team in 2008 | Contributed to the development of networking-related features for Dalvik. |
| Dan Rice | Google employee - on Dalvik team from 2008 to 2009 | Contributed to the development of the Android core libraries. |
| Chris DeSalvo | Former Google employee - on Dalvik team from 2008 to 2009 | Contributed to the development of Dalvik tools. |
| Bill Buzbee | Google employee - on Dalvik team from 2008 to present | Contributed to the development of the Dalvik JIT compiler and features of the Dalvik VM. |

| Josh Bloch | Google employee - on Dalvik team in 2009. | Contributed to the development of the Android core libraries. |
|---|---|---|
| Jesse Wilson | Google employee - on Dalvik team from 2009 to present. | Technical lead for the development of the Android core libraries. |
| Elliott Hughes | Google employee - on Dalvik team from 2009 to present. | Contributed to the development of Android core libraries and features of the Dalvik VM. |
| Barry Hayes | Former Google employee - on Dalvik team from 2009 to 2010. | Contributed to the development of the Dalvik garbage collector. |
| Carl Shapiro | Google employee - on Dalvik team from 2009 to present. | Contributed to the development of the Dalvik garbage collector. |
| Jeff Hao | Google employee - on Dalvik team from 2009 to present. | Contributed to the development of the Dalvik JIT compiler, the dx tool and features of the Dalvik VM. |
| Brian Carlstrom | Google employee - on Dalvik team from 2010 to present. | Contributed to the development of the Android core libraries and Dalvik tool. |
| Brad Fitzpatrick | Google employee - on Dalvik team from 2010 to present. | Contributed to the improvement and maintenance of overall system performance of Android. |

Google further states in response to this Interrogatory that certain third parties contributed to the development of code for Android, but that the identities of such third parties and the specific nature of their involvement is subject to contractual confidentiality provisions.  Google is undertaking to obtain the consent of the relevant parties to disclosing additional information, and reserves the right to supplement this response promptly once such consent is obtained. Further, Google's investigation into identifying additional third parties (if any) is ongoing, and Google therefore reserves the right to supplement this response accordingly.

**INTERROGATORY NO. 2:**

Identify who at Google was and is responsible for Android's compliance with the intellectual property rights of third parties and briefly describe their roles in that regard.

**RESPONSE:**

In addition to its General Objections, Google objects to this Interrogatory as vague and ambiguous in the use of the phrases "compliance," and "intellectual property rights of third

1   parties."  Google further objects to this Interrogatory to the extent it seeks information protected

2   by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege,

3   immunity, or protection.

4   Subject to the foregoing objections and the General Objections, without waiver or

5   limitation thereof, Google states:

6   Dan Bornstein is the Technical Lead for the Dalvik team and is responsible for the review

7   of code for the Dalvik project.  Hiroshi Lockheimer is an Engineering Director for Android and

8   is responsible for the overall standards of code review for Android.  From 2006 to 2009, Steve

9   Horowitz was an Engineering Director for Android and was responsible for the overall standards

10  of code review for Android.  The Google Open Source Program Office is responsible for the

11  overall standards of open source code review for Google, including compliance with third party

12  licenses.  Chris DiBona is the Open Source Program Manager.

13  The Android Open Source Project team is responsible for reviewing all external

14  contributions to Android, as well as for the final review of open source code prior to each public

15  release of Android.  The Android Open Source Project team consists of Dan Morrill and Jean

16  Baptiste-Queru.  Prior to 2008, Chis DiBona and Daniel Berlin were involved in the open source

17  code review of Android.

18  Jesse Wilson was responsible for collecting the Apache Authorized Contributor

19  Questionnaires and Individual Contributor License Agreements for contributions to the Android

20  core libraries.

21  **INTERROGATORY NO. 3:**

22  Please explain the factual and legal bases for Google's pleading of its first affirmative

23  defense: No Patent Infringement.

24  **RESPONSE:**

25  In addition to its General Objections, Google objects to this Interrogatory as it seeks

26  information protected by the attorney-client privilege, the work product doctrine, and/or any

27  other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

28  as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

1   information.  Google further objects to the request to "explain" factual bases as vague and

2   ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

3   burden beyond what is required by any applicable statute or case law.  Google further objects

4   that Oracle has not complied with its Patent Local Rule 3-1 obligations and Oracle's Patent

5   Infringement contentions remain unclear.  Google provides these responses subject to the lack of

6   clarity provided by Oracle.  Inclusion of Oracle's allegations in the list of facts in this response

7   does not mean that Google agrees with the veracity of the allegation, but merely references the

8   fact that particular allegations were made.  Google expressly maintains all objections made in

9   responsive pleadings.  Google further objects to this Interrogatory as unnecessary in view of the

10  specific disclosures contemplated by the Patent Local Rules as well as premature at least because

11  no claim terms have been construed and any response herein is made in view of the lack of

12  certainty with respect to the resolution of the meaning of claim terms.

13       Subject to the foregoing objections and the General Objections, without waiver or

14  limitation thereof, Google states that the following facts relevant to this defense were in its

15  possession or accessible to Google at the time it pleaded this defense in its Answer and

16  Counterclaims:

17  • Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

18  • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

19  • Allegations contained in presentation materials received from Oracle pursuant to Fed. R.

20    Evid. 408.

21  • The patents-in-suit and their prosecution histories.

22  • Android source code.

23  • Android documentation, including public documentation located at

24    http://source.android.com/; http://developer.android.com/; http://code.google.com/android/;

25    http://sites.google.com/site/io/dalvik-vm-internals.

26       Google further states the following based on Oracle's contentions as presently

27  understood:

28

- Oracle has not made any showing or specific allegation of indirect infringement attributable to Google through inducement or contributory infringement.  For example, Oracle has not demonstrated that Google had specific knowledge of the asserted patents sufficient for either inducement or contributory infringement.  Oracle further has not demonstrated that the Accused Instrumentalities were not capable of substantial noninfringing uses.  As presently understood, Oracle cannot make these showings.

- Oracle has not made any showing or any specific allegation of direct infringement, for example, because it has not demonstrated that methods have been performed.  As presently understood, Oracle cannot make these showings because one or more functionalities identified as infringing were not implemented and used in any products.

- Oracle has not made any showing or any specific allegation that Google directed and controlled other parties to the extent multiple parties are required to infringe a claim.  As presently understood, Oracle cannot make this showing.  Until Oracle identifies on a claim by claim basis the identity of alleged direct infringers performing each step of each asserted claim, Google cannot respond more completely to this Interrogatory.

- Google will set forth its invalidity contentions pursuant to the Patent Local Rules and the Case Management Order.  Google contends that each asserted claim is invalid and therefore Google cannot infringe such a claim.

- Upon information and belief, Google contends that one or more accused functionalities are properly licensed by Google or by one or more alleged direct infringers.  By way of example, Oracle accuses its own javac compiler as an element of its allegations for United States Patent No.  6,061,520.  Upon information and belief, Google expects discovery to reveal that alleged direct infringers are licensed to use that product.  Until Oracle identifies on a claim by claim basis the identity of alleged direct infringers performing each step of each claim and Google receives information regarding Oracle's licenses, Google cannot respond more fully to this Interrogatory.

- As presently understood, Oracle cannot demonstrate infringement of asserted patents for at least the following additional reasons:

10

o    As presently understood, with respect to United States Patent No. 6,061,520, the
Accused Instrumentalities do not meet the element in claim 1 of "simulating
execution of the byte codes of the clinit method against a memory without
executing the byte codes to identify the static initialization of the array by the
preloader" or other elements citing similar functionality.

o    As presently understood, with respect to United States Patent No. RE38,104, the
Accused Instrumentalities do not meet the element of claim 11 of "a processor
configured to execute said instructions containing one or more symbolic
references by determining a numerical reference corresponding to said symbolic
reference, storing said numerical references, and obtaining data in accordance to
said numerical references," or other elements citing similar functionality.

o    As presently understood, with respect to United States Patent No. 6,910,205, the
Accused Instrumentalities do not meet the element of claim 1 of "generating, at
runtime, a new virtual machine instruction that represents or references one or
more native instructions that can be executed instead of said first virtual machine
instruction," or other elements citing similar functionality.

o    As presently understood, with respect to United States Patent No. 5,966,702, the
Accused Instrumentalities do not meet the element of claim 1 of "forming a multi-
class file comprising said plurality of reduced class files," or other elements citing
similar functionality.

o    As presently understood, with respect to United States Patent No. 6,125,447 and
United States Patent No. 6,192,476, the Accused Instrumentalities do not meet
any substantive elements of the claims.

o    As presently understood, with respect to United States Patent No. 7,426,720, the
Accused Instrumentalities do not meet the element of claim 1 of "a copy-on write
process cloning mechanism to instantiate the child runtime system process by
copying references to the memory space of the master runtime system process
into a separate memory space for the child runtime system process, and to defer

11
DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE.
CIVIL ACTION NO. CV 10-03561-WHA

1   copying of the memory space of the master runtime system process until the child

2   runtime system process needs to modify the referenced memory space of the

3   master runtime system process," or other elements citing similar functionality.

4   Google reiterates that the above contentions are being made very prematurely and in view

5   of inadequate disclosures by Oracle, as well as in advance of any claim construction rulings.

6   Google reserves the right to amend and supplement this response as it gains more insight into

7   Oracle's contentions, as well as after any claim construction order.

8   **INTERROGATORY NO. 4:**

9   Please explain the factual and legal bases for Google's pleading of its third affirmative

10   defense: Patent Unenforceability (Waiver, Estoppel, Laches).

11   **RESPONSE:**

12   In addition to its General Objections, Google objects to this Interrogatory as it seeks

13   information protected by the attorney-client privilege, the work product doctrine, and/or any

14   other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

15   as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

16   information.  Google further objects to the request to "explain" factual bases as vague and

17   ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

18   burden beyond what is required by any applicable statute or case law.  Google further objects to

19   any implication that the theories of patent unenforceability included under this heading in

20   Google's Answer and Counterclaims necessarily share common factual or legal bases.  Google

21   further objects to extent that certain factual contentions involved in the pleading of these theories

22   were made "upon information and belief" that, after a reasonable opportunity for further

23   investigation, Google would likely have evidentiary support.  Google has made discovery

24   requests related to this defense but has not yet received responsive information.  Inclusion of

25   Oracle's allegations in the list of facts in this response does not mean that Google agrees with the

26   veracity of the allegation, but merely references the fact that particular allegations were made.

27   Google expressly maintains all objections made in responsive pleadings.  Google further objects

28   to this Interrogatory as unnecessary in view of the specific disclosures contemplated by the

1  Patent Local Rules as well as premature at least because claim terms have not been construed

2  and any response herein is made in view of the lack of certainty with respect to the resolution of

3  the meaning of claim terms.

4          Subject to the foregoing objections and the General Objections, without waiver or

5  limitation thereof, Google states that the following facts relevant to this defense were in its

6  possession or accessible to Google at the time it pleaded this defense in its Answer and

7  Counterclaims:

8  • Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

9  • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

10  • Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of

11      the Federal Rules of Evidence.

12  • The patents-in-suit and their prosecution histories.

13  • Publicly available documents with information regarding the statements and actions of

14      Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in

15      paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and

16      Counterclaims under the heading "The Java Platform and Programming Language," as well

17      as the information produced at GOOGLE-00305323 through GOOGLE-00305769.

18  • Publicly available documents with information regarding the development of the Android

19      Platform, including the information disclosed in paragraphs 11 through 17 of the

20      counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open

21      Handset Alliance and Development of the Android Platform."

22  • Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the

23      heading "Android and the Java Programming Language" of Google's Answer and

24      Counterclaims.  These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through

25      GOOGLE-00320077.

26          Google further states that, as reflected in Oracle's Patent Local Rule 3-1 disclosures,

27  Oracle was aware of Android pursuant to discussions with Andy Rubin prior to Android's

28  acquisition by Google, which are believed to have occurred at least as early as 2005.  Google

1    further states that Oracle was aware of Android and the Open Handset Alliance, at least as early

2    as November 2007, as reflected by Jonathan Schwartz's public comments congratulating Google

3    and the Open Handset Alliance on the announcement of Android.  Nevertheless, Oracle waited

4    several years before bringing suit, while the Android market grew and while Google and

5    numerous handset manufacturers and other entities made significant investments in the Android

6    Platform.  Google further states that Oracle's actions, including statements and actions of its

7    predecessor Sun encouraging use of the Java programming language, form the basis of Google's

8    defenses involving waiver, estoppel and laches.  Google has a reasonable belief that the

9    discovery it requested will reveal additional evidence to support this defense and reserves the

10   right to supplement this response accordingly.

11   **INTERROGATORY NO. 5:**

12        Please explain the factual and legal bases for Google's pleading of its fourth affirmative

13   defense: Substantial Non-Infringing Uses (Patent).

14   **RESPONSE:**

15        In addition to its General Objections, Google objects to this Interrogatory as it seeks

16   information protected by the attorney-client privilege, the work product doctrine, and/or any

17   other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

18   as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

19   information.  Google further objects to the request to "explain" factual bases as vague and

20   ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

21   burden beyond what is required by any applicable statute or case law.  Inclusion of Oracle's

22   allegations in the list of facts in this response does not mean that Google agrees with the veracity

23   of the allegation, but merely references the fact that particular allegations were made.  Google

24   expressly maintains all objections made in responsive pleadings.  Google further objects to this

25   Interrogatory as unnecessary in view of the specific disclosures contemplated by the Patent Local

26   Rules as well as premature at least because claim terms have not been construed and any

27   response herein is made in view of the lack of certainty with respect to the resolution of the

28   meaning of claim terms.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, Google states that the following facts relevant to this defense were in its possession or accessible to Google at the time it pleaded this defense in its Answer and Counterclaims:

- Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
- Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
- Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of the Federal Rules of Evidence.
- The patents-in-suit and their prosecution histories.
- Android source code.
- Android documentation, including public documentation located at http://source.android.com/; http://developer.android.com/; http://code.google.com/android/; http://sites.google.com/site/io/dalvik-vm-internals.
- Publicly available facts as to the operation of Android devices, including websites with device specifications, as well as facts attainable by examining the devices themselves.

Google further states that, pursuant to 35 U.S.C. § 271(c), Oracle has the burden to demonstrate that each Accused Instrumentality is "not a staple article or commodity of commerce suitable for substantial noninfringing use." Oracle has made no such allegation or any attempt to meet this burden. Further, as presently understood, Oracle cannot meet this burden because the Accused Instrumentalities, such as mobile handsets, are capable of substantial noninfringing uses. Further, because Oracle has not identified any actual performance of any method on any specific Accused Instrumentality and therefore has not even identified a single purported infringing use, Google cannot meaningfully address all non-infringing uses at this time. As presently understood, all uses are noninfringing uses for the reasons cited in response to Interrogatory No. 3. Google reserves the right to supplement this response as it gains more clarity into both Oracle's allegations and the construction of claim terms.

**INTERROGATORY NO. 6:**

Please explain the factual and legal bases for Google's pleading of its fifth affirmative defense: Limitation On Patent Damages.

**RESPONSE:**

In addition to its General Objections, Google objects to this Interrogatory as it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible information.  Google further objects to the request to "explain" factual bases as vague and ambiguous.  Google further objects to any implication in this Interrogatory that Google has any burden beyond what is required by any applicable statute or case law.  Google has made discovery requests related to this defense but has not yet received responsive information. Inclusion of Oracle's allegations in the list of facts in this response does not mean that Google agrees with the veracity of the allegation, but merely references the fact that particular allegations were made.  Google expressly maintains all objections made in responsive pleadings. Google further objects to this Interrogatory as unnecessary in view of the specific disclosures contemplated by the Patent Local Rules as well as premature at least because claim terms have not been construed and any response herein is made in view of the lack of certainty with respect to the resolution of the meaning of claim terms.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, Google states that the following facts relevant to this defense were in its possession or accessible to Google at the time it pleaded this defense in its Answer and Counterclaims:

- Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
- Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
- Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of the Federal Rules of Evidence.
- The patents-in-suit and their prosecution histories.

1  • Public information relating to Java releases and related documentation.

2       Google further states that as presently understood, Oracle is not seeking damages for

3  purported infringement committed more than six years prior to the filing of the complaint for

4  infringement in the action, but to the extent that it does, such a claim would be barred by 35

5  U.S.C. § 286.  As presently understood, Oracle has not given notice to the public by properly

6  marking products purportedly covered by the asserted patents and any damages are therefore

7  limited pursuant to 35 U.S.C. § 287.  Google has requested document production from Oracle

8  relating to marking to support this defense and reserves the right to supplement this response

9  accordingly.  Google further states that each asserted patent includes invalid claims, and that any

10  damages are therefore limited pursuant to 35 U.S.C. § 288.

11  **INTERROGATORY NO. 7:**

12       Please explain the factual and legal bases for Google's pleading of its sixth affirmative

13  defense: Misuse.

14  **RESPONSE:**

15       In addition to its General Objections, Google objects to this Interrogatory as it seeks

16  information protected by the attorney-client privilege, the work product doctrine, and/or any

17  other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

18  as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

19  information.  Google further objects to the request to "explain" factual bases as vague and

20  ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

21  burden beyond what is required by any applicable statute or case law.  Google further objects to

22  the extent that certain factual contentions involved in the pleading of this theory were made

23  "upon information and belief" that, after a reasonable opportunity for further investigation,

24  Google would likely have evidentiary support.  Google has made discovery requests related to

25  this defense but has not yet received responsive information.  Inclusion of Oracle's allegations in

26  the list of facts in this response does not mean that Google agrees with the veracity of the

27  allegation, but merely references the fact that particular allegations were made.  Google

28  expressly maintains all objections made in responsive pleadings.  Google further objects to this

1    Interrogatory as unnecessary in view of the specific disclosures contemplated by the Patent Local

2    Rules as well as premature at least because claim terms have not been construed and any

3    response herein is made in view of the lack of certainty with respect to the resolution of the

4    meaning of claim terms.

5           Subject to the foregoing objections and the General Objections, without waiver or

6    limitation thereof, Google states that the following facts relevant to this defense were in its

7    possession or accessible to Google at the time it pleaded this defense in its Answer and

8    Counterclaims:

9    •   Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

10   •   Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

11   •   Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of

12       the Federal Rules of Evidence.

13   •   The patents-in-suit and their prosecution histories.

14   •   Publicly available documents with information regarding the statements and actions of

15       Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in

16       paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and

17       Counterclaims under the heading "The Java Platform and Programming Language," as well

18       as the information produced at GOOGLE-00305323 through GOOGLE-00305769.

19   •   Publicly available documents with information regarding the development of the Android

20       Platform, including the information disclosed in paragraphs 11 through 17 of the

21       counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open

22       Handset Alliance and Development of the Android Platform."

23   •   Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the

24       heading "Android and the Java Programming Language" of Google's Answer and

25       Counterclaims.  These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through

26       GOOGLE-00320077.

27          Google further states that Oracle and its predecessor Sun have attempted to

28   impermissibly expand the scope of the asserted patents and copyrights by requiring licensees to

18

1  license items not covered by Oracle's alleged intellectual property in order to receive a license to

2  Oracle's alleged intellectual property or to engage in activities for which no license is required.

3  Specifically, Oracle has used its copyright registrations in an attempt to extract licensing revenue

4  for a larger body of material than what is covered by its intellectual property and to restrict the

5  rights of third parties to truthfully state that, for example, products are "Java compatible."

6  Google has a reasonable belief that the discovery it requested will reveal additional evidence to

7  support this defense and reserves the right to supplement this response accordingly.

8  **INTERROGATORY NO. 8:**

9  Please explain the factual and legal bases for Google's pleading of its eighth affirmative

10  defense: Use By The United States.

11  **RESPONSE:**

12  In addition to its General Objections, Google objects to this Interrogatory as it seeks

13  information protected by the attorney-client privilege, the work product doctrine, and/or any

14  other applicable privilege, immunity, or protection. Google further objects to this Interrogatory

15  as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

16  information. Google further objects to the request to "explain" factual bases as vague and

17  ambiguous. Google further objects to any implication in this Interrogatory that Google has any

18  burden beyond what is required by any applicable statute or case law. Inclusion of Oracle's

19  allegations in the list of facts in this response does not mean that Google agrees with the veracity

20  of the allegation, but merely references the fact that particular allegations were made. Google

21  expressly maintains all objections made in responsive pleadings. Google further objects to this

22  Interrogatory as unnecessary in view of the specific disclosures contemplated by the Patent Local

23  Rules as well as premature at least because claim terms have not been construed and any

24  response herein is made in view of the lack of certainty with respect to the resolution of the

25  meaning of claim terms.

26  Subject to the foregoing objections and the General Objections, without waiver or

27  limitation thereof, Google states that the following facts relevant to this defense were in its

28

1   possession or accessible to Google at the time it pleaded this defense in its Answer and

2   Counterclaims:

3   • Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

4   • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

5   • Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of

6      the Federal Rules of Evidence.

7   • The patents-in-suit and their prosecution histories.

8   • Publicly available documents with information regarding the use of the Android Platform by

9      the United States, including documents produced at GOOGLE-00305770 through GOOGLE-

10     00305802.

11       Google further states that evidence of use of Android devices and applications by the

12  United States Government is readily available in the public domain.  For example, the "Raytheon

13  Android Tactical System" was developed for use by the Department of Defense.  (*See, e.g.,*

14  GOOGLE-00305774 to GOOGLE-00305776.)  For any Accused Instrumentality which is used

15  or manufactured by or for the United States, Oracle's remedy shall be by action against the

16  United States in the United States Court of Federal Claims for the recovery of its reasonable and

17  entire compensation for such use and manufacture.

18  **INTERROGATORY NO. 9:**

19       Please explain the factual and legal bases for Google's pleading of its tenth affirmative

20  defense: Elements Not Protected by Copyright.

21  **RESPONSE:**

22       In addition to its General Objections, Google objects to this Interrogatory as it seeks

23  information protected by the attorney-client privilege, the work product doctrine, and/or any

24  other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

25  as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

26  information.  Google further objects to the request to "explain" factual bases as vague and

27  ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

28  burden beyond what is required by any applicable statute or case law.  Google has made

discovery requests related to this defense but has not yet received responses.  Inclusion of

Oracle's allegations in the list of facts in this response does not mean that Google agrees with the

veracity of the allegation, but merely references the fact that particular allegations were made.

Google expressly maintains all objections made in responsive pleadings.

Subject to the foregoing objections and the General Objections, without waiver or

limitation thereof, Google states that the following facts relevant to this defense were in its

possession or accessible to Google at the time it pleaded this defense in its Answer and

Counterclaims:

- Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

- Facts contained or cited in Google's Motion to Dismiss (Doc. #33).

- Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

- Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).

- Publicly available information relating to the works that are the subject of the copyrights
  asserted by Oracle (the "Asserted Works") including the documents produced at GOOGLE-
  00319933 through GOOGLE-00320071.

Google further states that, as presently understood, Oracle's allegations of copyright

infringement appear to include and/or be based, at least in part, on elements of the Asserted

Works that are purely functional (such as key words and operators); elements (such as

programming methods) that consist of abstract ideas, procedures, processes, systems, methods of

operation, concepts or principles that are not protectable by copyright; elements (including

variable identifiers or types, class names, file names, or other words and short phrases) that are

not eligible for copyright protection; elements that are not original, including machine-generated

documentation and machine-generated spacing, organization, or "white space" in source code

files; elements as to which idea and expression are merged (such as routine invocation or

encapsulation of classes); elements that constitute the programming equivalents of unprotectable,

common "scènes à faire" (such as programming techniques that are commonly used in the

industry other than in the Asserted Works, or constitute best practices in programming unrelated

to the Asserted Works) or are otherwise elements dictated by external factors (such as hardware

1   and design constraints); elements that have entered the public domain; and/or elements that are

2   subject to a limited number of forms of expression due to functional or other considerations.  In

3   addition, any similarities between any protectable elements of the Asserted Works and the

4   Android Platform are, at most, de minimis and not actionable.  Google has served Interrogatories

5   to obtain further details regarding Oracle's copyright allegations and requires complete responses

6   to those Interrogatories to respond more completely to this Interrogatory.  Google therefore

7   reserves the right to supplement this response accordingly.

8   **INTERROGATORY NO. 10:**

9        Please explain the factual and legal bases for Google's pleading of its eleventh

10   affirmative defense: Copyright Unenforceability (Waiver, Estoppel, Laches).

11   **RESPONSE:**

12        In addition to its General Objections, Google objects to this Interrogatory as it seeks

13   information protected by the attorney-client privilege, the work product doctrine, and/or any

14   other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

15   as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

16   information.  Google further objects to the request to "explain" factual bases as vague and

17   ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

18   burden beyond what is required by any applicable statute or case law.  Google further objects to

19   any implication that the theories of copyright unenforceability included under this heading in

20   Google's Answer and Counterclaims necessarily share common factual or legal bases.  Google

21   further objects to extent that certain factual contentions involved in the pleading of these theories

22   were made "upon information and belief," that after a reasonable opportunity for further

23   investigation, Google would likely have evidentiary support.  Google has made discovery

24   requests related to this defense but has not yet received responsive information.  Inclusion of

25   Oracle's allegations in the list of facts in this response does not mean that Google agrees with the

26   veracity of the allegation, but merely references the fact that particular allegations were made.

27   Google expressly maintains all objections made in responsive pleadings.

28        Subject to the foregoing objections and the General Objections, without waiver or

1   limitation thereof, Google states that the following facts relevant to this defense were in its

2   possession or accessible to Google at the time it pleaded this defense in its Answer and

3   Counterclaims:

4   •   Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

5   •   Facts contained or cited in Google's Motion to Dismiss (Doc. #33).

6   •   Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

7   •   Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).

8   •   Publicly available information relating to the Asserted Works including the documents

9       produced at GOOGLE-00319933 through GOOGLE-00320071.

10  •   Publicly available documents with information regarding the statements and actions of

11      Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in

12      paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and

13      Counterclaims under the heading "The Java Platform and Programming Language," as well

14      as the information produced at GOOGLE-00305323 through GOOGLE-00305769.

15  •   Publicly available documents with information regarding the development of the Android

16      Platform, including the information disclosed in paragraphs 11 through 17 of the

17      counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open

18      Handset Alliance and Development of the Android Platform."

19  •   Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the

20      heading "Android and the Java Programming Language" of Google's Answer and

21      Counterclaims.  These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through

22      GOOGLE-00320077.

23          Google further states that, as reflected in Oracle's Patent Local Rule 3-1 disclosures,

24  Oracle was aware of Android pursuant to discussions with Andy Rubin prior to Android's

25  acquisition by Google, which are believed to have occurred at least as early as 2005.  Google

26  further states that Oracle was aware of Android and the Open Handset Alliance, at least as early

27  as November 2007, as reflected by Jonathan Schwartz's public comments congratulating Google

28  and the Open Handset Alliance on the announcement of Android.  Nevertheless, Oracle waited

1   several years before bringing suit, while the Android market grew and while Google and

2   numerous handset manufacturers and other entities made significant investments in the Android

3   Platform.  Google further states that Oracle's actions, including statements and actions of its

4   predecessor Sun encouraging use of the Java programming language, form the basis of Google's

5   defenses involving waiver, estoppel and laches.  Google has a reasonable belief that the

6   discovery it has requested will reveal additional evidence to support this defense and reserves the

7   right to supplement this response accordingly.

8        Google further states that, upon information and belief, Oracle knew at least as early as

9   May 2005 that elements of the Android Platform were made publicly available by the Apache

10  Software Foundation under the terms of the Apache Software License version 2.0 and were

11  necessary to allow for interoperability.  Upon information and belief, Oracle has never pursued

12  any claim against the Apache Software Foundation or accused the materials created by the

13  Apache Harmony Project of infringement and it is a publicly known fact that many members of

14  the software development community have relied upon the availability of software code

15  embodied in the Apache Harmony Project materials under the terms of the Apache Software

16  License version 2.0 and used or distributed that code under those terms.  Google has a reasonable

17  belief that the discovery it has requested will reveal additional evidence to support this defense

18  and reserves the right to supplement this response accordingly.

19  **INTERROGATORY NO. 11:**

20       Please explain the factual and legal bases for Google's pleading of its twelfth affirmative

21  defense: Fair Use.

22  **RESPONSE:**

23       In addition to its General Objections, Google objects to this Interrogatory as it seeking

24  information protected by the attorney-client privilege, the work product doctrine, and/or any

25  other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

26  as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

27  information.  Google further objects to the request to "explain" factual bases as vague and

28  ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

1    burden beyond what is required by any applicable statute or case law.  Google has made

2    discovery requests related to this defense but has not yet received responses.  Inclusion of

3    Oracle's allegations in the list of facts in this response does not mean that Google agrees with the

4    veracity of the allegation, but merely references the fact that particular allegations were made.

5    Google expressly maintains all objections made in responsive pleadings.

6         Subject to the foregoing objections and the General Objections, without waiver or

7    limitation thereof, Google states that the following facts relevant to this defense were in its

8    possession or accessible to Google at the time it pleaded this defense in its Answer and

9    Counterclaims:

10   •    Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

11   •    Facts contained or cited in Google's Motion to Dismiss (Doc. #33).

12   •    Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

13   •    Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).

14   •    Publicly available information relating to the Asserted Works including the documents

15        produced at GOOGLE-00319933 through GOOGLE-00320071.

16        Google further states that, as presently understood, Oracle's allegations are such that the

17   nature of the works asserted by Oracle and covered by the Asserted Copyrights, the amount (if

18   any) and substantiality of the portions of such works used by Google in relation to the works as a

19   whole, the purpose and character of any use thereof made by Google, and the effect, if any, of

20   such use on the potential market for the works, when taken together, preclude Oracle's claims

21   due to the doctrine of fair use pursuant to 17 U.S.C. § 107.  More specifically, Google asserts

22   that any use in the Android Platform of any protectable, copyrighted elements of any works of

23   Oracle is for functional, best practices, or technical efficiency reasons, to enable the use on

24   Android devices of applications or other materials written in the Java programming language

25   and/or for other Java platforms; that any such use is de minimis when compared to the Android

26   Platform or the Asserted Works of Oracle; that any such use is necessary to enable

27   interoperability of such applications or materials on the Android Platform; and that any such use

28   is a fair use.  Google has served Interrogatories to obtain further details regarding Oracle's

1   copyright allegations and requires complete responses to those Interrogatories to respond more

2   completely to this Interrogatory.  Google therefore reserves the right to supplement this response

3   accordingly.

4   **INTERROGATORY NO. 12:**

5       Please explain the factual and legal bases for Google's pleading of its fourteenth

6   affirmative defense: No Intent to Induce Copyright Infringement.

7   **RESPONSE:**

8       In addition to its General Objections, Google objects to this Interrogatory as it seeking

9   information protected by the attorney-client privilege, the work product doctrine, and/or any

10  other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

11  as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

12  information.  Google further objects to the request to "explain" factual bases as vague and

13  ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

14  burden beyond what is required by any applicable statute or case law.  Google has made

15  discovery requests related to this defense but has not yet received responses.  Inclusion of

16  Oracle's allegations in the list of facts in this response does not mean that Google agrees with the

17  veracity of the allegation, but merely references the fact that particular allegations were made.

18  Google expressly maintains all objections made in responsive pleadings.

19      Subject to the foregoing objections and the General Objections, without waiver or

20  limitation thereof, Google states that the following facts relevant to this defense were in its

21  possession or accessible to Google at the time it pleaded this defense in its Answer and

22  Counterclaims:

23  • Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

24  • Facts contained or cited in Google's Motion to Dismiss (Doc. #33).

25  • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

26  • Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).

27  • Publicly available information relating to the Asserted Works including the documents

28      produced at GOOGLE-00319933 through GOOGLE-00320071.

1    Google states that its intention not to induce infringement is evidenced by, among other

2    things, the fact that Android was developed through independent creation and use of material

3    duly licensed or unprotectable, and measures taken to ensure that Android was comprised only of

4    material that was original to Google, duly licensed or unprotectable.  Google further states that,

5    upon information and belief, Oracle knew at least as early as May 2005 that elements of the

6    Android Platform were made publicly available by the Apache Software Foundation under the

7    terms of the Apache Software License version 2.0 and were necessary to allow for

8    interoperability.  Upon information and belief, Oracle has never pursued any claim against the

9    Apache Software Foundation or accused the materials created through the Apache Harmony

10   Project of infringement and it is a publicly known fact that many members of the software

11   development community have relied upon the availability of software code embodied in the

12   Apache Harmony Project materials under the terms of the Apache Software License version 2.0

13   and used or distributed that code under those terms.  Google has a reasonable belief that the

14   discovery it has requested will reveal additional evidence to support this defense.  In addition,

15   any similarities between the Android Platform and the Asserted Works are, at most, de minimis

16   and not actionable and/or involve unprotectable elements.

17   Google further states that Oracle has not met its burden to establish indirect infringement

18   attributable to Google through inducement.  For example, as presently understood, Oracle has

19   not demonstrated that Google has engaged in purposeful, culpable expression or conduct

20   designed or intended to result in others infringing Oracle's Asserted Copyrights.  As presently

21   understood, Oracle cannot make this showing, precluding a finding of inducement of copyright

22   infringement.  Google has served Interrogatories to obtain further details regarding Oracle's

23   copyright allegations and requires complete responses to those Interrogatories to respond more

24   fully to this Interrogatory.  Google therefore reserves the right to supplement this response

25   accordingly.

26   **INTERROGATORY NO. 13:**

27   Please explain the factual and legal bases for Google's pleading of its fifteenth

28   affirmative defense: Independent Creation.

**RESPONSE:**

In addition to its General Objections, Google objects to this Interrogatory as it seeking information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible information.  Google further objects to the request to "explain" factual bases as vague and ambiguous.  Google further objects to any implication in this Interrogatory that Google has any burden beyond what is required by any applicable statute or case law.  Google has made discovery requests related to this defense but has not yet received responses.  Inclusion of Oracle's allegations in the list of facts in this response does not mean that Google agrees with the veracity of the allegation, but merely references the fact that particular allegations were made. Google expressly maintains all objections made in responsive pleadings.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, Google states that the following facts relevant to this defense were in its possession or accessible to Google at the time it pleaded this defense in its Answer and Counterclaims:

- Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
- Facts contained or cited in Google's Motion to Dismiss (Doc. #33).
- Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
- Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).
- Publicly available information relating to the Asserted Works including the documents produced at GOOGLE-00319933 through GOOGLE-00320071.
- Documents relating to third parties including statements of work, which are being withheld pending third party permission to produce, and authorized contributor questionnaires produced at GOOGLE-00320078 through GOOGLE-00320235.
- Google's internal compliance policies, which will be produced in Google's custodial production for individuals identified in response to Interrogatory No. 2.

1    Google further states that the Android Platform, including the Android operating system,

2    the Android Software Development Kit and the Dalvik Virtual Machine, was created

3    independently of any works protected by the Asserted Copyrights.   More particularly, the

4    instructions provided by Google to all individuals involved in development of the source code

5    for the Android core libraries were to use only materials in the public domain and/or available

6    under so-called "permissive" or attribution-only source licenses such as the Apache Software

7    License version 2.0 or equivalent such licenses, and/or to create new code without reference to

8    any protectable materials, and, to the best of Google's knowledge, these instructions were

9    complied with as to all source code releases for the Android Platform.

10    Google further states in response to this Interrogatory that certain third parties contributed

11    to the development of code for Android, but that the identities of such third parties and the

12    specific nature of their involvement is subject to contractual confidentiality provisions.  Google

13    is undertaking to obtain the consent of the relevant parties to disclosing additional information,

14    and reserves the right to supplement this response promptly once such consent is obtained.

15    **INTERROGATORY NO. 14:**

16    Please explain the factual and legal bases for Google's pleading of its sixteenth

17    affirmative defense: Third Party Liability.

18    **RESPONSE:**

19    In addition to its General Objections, Google objects to this Interrogatory as it seeking

20    information protected by the attorney-client privilege, the work product doctrine, and/or any

21    other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

22    as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

23    information.  Google further objects to the request to "explain" factual bases as vague and

24    ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

25    burden beyond what is required by any applicable statute or case law.  Inclusion of Oracle's

26    allegations in the list of facts in this response does not mean that Google agrees with the veracity

27    of the allegation, but merely references the fact that particular allegations were made.  Google

28    expressly maintains all objections made in responsive pleadings.

29

1    Subject to the foregoing objections and the General Objections, without waiver or

2  limitation thereof, Google states that the following facts relevant to this defense were in its

3  possession or accessible to Google at the time it pleaded this defense in its Answer and

4  Counterclaims:

5  • Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

6  • Facts contained or cited in Google's Motion to Dismiss (Doc. #33).

7  • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

8  • Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).

9  • Publicly available information relating to the Asserted Works including the documents

10    produced at GOOGLE-00319933 through GOOGLE-00320071.

11  • Documents relating to third parties including statements of work, which are being withheld

12    pending third party permission to produce, and authorized contributor questionnaires

13    produced at GOOGLE-00320078 through GOOGLE-00320235.

14    Google further states that Google took reasonable steps to insure that any third parties

15  involved in the development of Android did not use or reference existing source code other than

16  materials that were in the public domain and/or openly available through permissive (or

17  equivalent) licenses.  Examples of these representations are included in the production cited.  To

18  the extent any third party or individual did not perform its tasks according to Google's

19  requirements, those actions were without Google's knowledge and are not attributable to Google.

20    Google further states in response to this Interrogatory that certain third parties contributed

21  to the development of code for Android, but that the identities of such third parties and the

22  specific nature of their involvement is subject to contractual confidentiality provisions.  Google

23  is undertaking to obtain the consent of the relevant parties to disclosing additional information,

24  and reserves the right to supplement this response, as well as other responses including its

25  response promptly once such consent is obtained.  Further, Google's investigation into

26  identifying additional third parties (if any) is ongoing, and Google therefore reserves the right to

27  supplement this response accordingly.

28

1  **INTERROGATORY NO. 15**:

2       Please explain the factual and legal bases for Google's pleading of its seventeenth and

3  eighteenth affirmative defenses: License and Implied License.

4  **RESPONSE:**

5       In addition to its General Objections, Google objects to this Interrogatory as an explicit

6  multiple-part Interrogatory going to two different defenses and the following objections refer to

7  both distinct requests.  Google further objects to this multi-part Interrogatory as seeking

8  information protected by the attorney-client privilege, the work product doctrine, and/or any

9  other applicable privilege, immunity, or protection.  Google further objects to this multi-part

10  Interrogatory as unduly burdensome as it is not reasonably calculated to lead to the discovery of

11  admissible information.  Google further objects to the request to "explain" factual bases as vague

12  and ambiguous.  Google further objects to any implication in this multi-part Interrogatory that

13  Google has any burden beyond what is required by any applicable statute or case law.  Google

14  further objects to extent that certain factual contentions involved in the pleading of these

15  defenses were made "upon information and belief" that, after a reasonable opportunity for further

16  investigation, Google would likely have evidentiary support.  Google has served discovery

17  requests related to these defenses but has not yet received responsive information.  Inclusion of

18  Oracle's allegations in the list of facts in this response does not mean that Google agrees with the

19  veracity of the allegation, but merely references the fact that particular allegations were made.

20  Google expressly maintains all objections made in responsive pleadings.  Google further objects

21  to this multi-part Interrogatory as unnecessary with respect to the defenses as they pertain to

22  patent in view of the specific disclosures contemplated by the Patent Local Rules.

23       Subject to the foregoing objections and the General Objections, without waiver or

24  limitation thereof, Google states that the following facts relevant to this defense were in its

25  possession or accessible to Google at the time it pleaded these defenses in its Answer and

26  Counterclaims:

27  •    Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

28  •    Facts contained or cited in Google's Motion to Dismiss (Doc. #33).

1   • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

2   • Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).

3   • Publicly available information relating to the Asserted Works including the documents

4   produced at GOOGLE-00319933 through GOOGLE-00320071.

5   • Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of

6   the Federal Rules of Evidence.

7   • The patents-in-suit and their prosecution histories.

8   • Publicly available documents with information regarding the statements and actions of

9   Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in

10   paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and

11   Counterclaims under the heading "The Java Platform and Programming Language," as well

12   as the information produced at GOOGLE-00305323 through GOOGLE-00305769.

13   • Publicly available documents with information regarding the development of the Android

14   Platform, including the information disclosed in paragraphs 11 through 17 of the

15   counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open

16   Handset Alliance and Development of the Android Platform."

17   • Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the

18   heading "Android and the Java Programming Language" of Google's Answer and

19   Counterclaims.  These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through

20   GOOGLE-00320077.

21        Google further states that, as presently understood, Oracle's allegations are directed

22   toward one or more functionalities that are likely licensed by alleged direct infringers for at least

23   some Accused Instrumentalities.  Because Oracle has not specified with precision the Accused

24   Instrumentalities and alleged direct infringers, Google cannot respond more completely to this

25   Interrogatory.  By way of example, certain of Oracle's allegations with regard to the '520 patent

26   include its own program, javac, as a component of the allegation.  Upon information and belief,

27   Google expects discovery to reveal that at least some alleged direct infringers are licensed to use

28   that program.  Until Oracle identifies on a claim by claim basis the identity of alleged direct

1   infringers performing each step of each claim and Google receives information regarding

2   Oracle's licenses, Google cannot respond more completely to this Interrogatory.

3          Google further states that in the absence of an explicit license to asserted patents and

4   copyrights, Google and other purported infringers are entitled to an implied license based on

5   Oracle's actions, including statements and actions of its predecessor Sun.  Google has a

6   reasonable belief that the discovery it has served will reveal additional evidence to support this

7   defense and reserves the right to supplement this response accordingly.

8          Google further states that, upon information and belief, Oracle knew at least as early as

9   May 2005 that elements of the Android Platform were made publicly available by the Apache

10  Software Foundation under the terms of the Apache Software License version 2.0 and were

11  necessary to allow for interoperability.  Upon information and belief, Oracle has never pursued

12  any claim against the Apache Software Foundation or accused the materials created through the

13  Apache Harmony Project of infringement and it is a publicly known fact that many members of

14  the software development community have relied upon the availability of software code

15  embodied in the Apache Harmony materials under the terms of the Apache Software License

16  version 2.0 and used or distributed that code under those terms.  Google has a reasonable belief

17  that the discovery it has requested will reveal additional evidence to support this defense and

18  reserves the right to supplement this response accordingly.

19  **INTERROGATORY NO. 16:**

20         Please explain the factual and legal bases for Google's pleading of its nineteenth

21  affirmative defense: Unclean Hands.

22  **RESPONSE:**

23         In addition to its General Objections, Google objects to this Interrogatory as it seeking

24  information protected by the attorney-client privilege, the work product doctrine, and/or any

25  other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory

26  as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible

27  information.  Google further objects to the request to "explain" factual bases as vague and

28  ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

1   burden beyond what is required by any applicable statute or case law.  Inclusion of Oracle's

2   allegations in the list of facts in this response does not mean that Google agrees with the veracity

3   of the allegation, but merely references the fact that particular allegations were made.  Google

4   expressly maintains all objections made in responsive pleadings.  Google further objects to this

5   Interrogatory as unnecessary with respect to the defense as it pertains to Patents in view of the

6   specific disclosures contemplated by the Patent Local Rules.

7          Subject to the foregoing objections and the General Objections, without waiver or

8   limitation thereof, Google states that the following facts relevant to this defense were in its

9   possession or accessible to Google at the time it pleaded this defense in its Answer and

10  Counterclaims:

11  • Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).

12  • Facts contained or cited in Google's Motion to Dismiss (Doc. #33).

13  • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).

14  • Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).

15  • Publicly available information relating to the Asserted Works including the documents

16     produced at GOOGLE-00319933 through GOOGLE-00320071.

17  • Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of

18     the Federal Rules of Evidence.

19  • The patents-in-suit and their prosecution histories.

20  • Publicly available documents with information regarding the statements and actions of

21     Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in

22     paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and

23     Counterclaims under the heading "The Java Platform and Programming Language," as well

24     as the information produced at GOOGLE-00305323 through GOOGLE-00305769.

25  • Publicly available documents with information regarding the development of the Android

26     Platform, including the information disclosed in paragraphs 11 through 17 of the

27     counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open

28     Handset Alliance and Development of the Android Platform."

- Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the heading "Android and the Java Programming Language" of Google's Answer and Counterclaims.  These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through GOOGLE-00320077.

Google further states that Oracle has unclean hands at least for the reasons of its misuse of its intellectual property, namely, that Oracle and its predecessor Sun have attempted to impermissibly expand the scope of the asserted patents and copyrights by requiring licensees to license items not covered by Oracle's alleged intellectual property in order to receive a license to Oracle's alleged intellectual property or to engage in activities for which no license is required. Specifically, Oracle has used its alleged copyright rights in an attempt to extract licensing revenue for a larger body of material than what is covered by its intellectual property and to restrict the rights of third parties to truthfully state that, for example, products are "Java compatible."

Google further states that it believes that Oracle knew as early as May 2005 that elements of the Android Platform were made publicly available by the Apache Software Foundation under the terms of the Apache Software License version 2.0 and were necessary to allow for interoperability.  Oracle has never pursued any claim against the Apache Software Foundation or accused the materials created through the Apache Harmony Project of infringement and it is a publicly known fact that many members of the software development community have relied upon the availability of software code embodied in the Apache Harmony materials under the terms of the Apache Software License version 2.0 and used or distributed that code under those terms.  Google has a reasonable belief that the discovery it has requested will reveal additional evidence to support this defense and reserves the right to supplement this response accordingly.

DATED:  January 6, 2011

**KING & SPALDING LLP**

By:  /s/ Scott T. Weingaertner

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice)*
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this day, January 6, 2011, I served a true and correct copy of

3    DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET

4    ONE via e-mail on the following individuals:

5

6    David Boies                                    Matthew M Sarboraria
     Boies Schiller and Flexner                     Oracle Corporation
7    333 Main Street                                500 Oracle Parkway, 5OP7
     Armonk, NY  10504                              Redwood Shores, CA  94065
8    914-749-8201                                   650/ 506-1372
     Fax: 914-749-8300                              Email: Matthew.sarboraria@oracle.com
9    Email: Dboies@bsfllp.com

10                                                  Michael A Jacobs
     Deborah Kay Miller                             Morrison & Foerster LLP
11   Oracle USA, Inc Legal Department               755 Page Mill Road
     500 Oracle Parkway                             Palo Alto, CA  94304-1018
12   Redwood Shores, CA  94065                      650-813-5600
     (650) 506-0563                                 Fax: 650-494-0792
13   Email: Deborah.Miller@oracle.com               Email: MJacobs@mofo.com

14   Dorian Estelle Daley                           Richard Steven Ballinger
     500 Oracle Parkway                             Morrison & Foerster LLP
15   Redwood City, CA  94065                        755 Page Mill Road
     (650) 506-5200                                 Palo Alto, CA  94304
16   Fax: (650) 506-7114                            650-813-5600
     Email: Dorian.daley@oracle.com                 Fax: 650-494-0792
17                                                  Email: RBallinger@mofo.com

18   Marc David Peters
     Morrison & Foerster LLP
19   755 Page Mill Road                             Steven Christopher Holtzman
     Palo Alto, CA  94304                           Boies, Schiller & Flexner LLP
20   (650) 813-5600                                 1999 Harrison Street
     Fax: (650) 494-0792                            Suite 900
21   Email: Mdpeters@mofo.com                       Oakland, CA  94612
                                                    510-874-1000
22                                                  Fax: 510-874-1460
                                                    Email: Sholtzman@bsfllp.com
23

24   Executed on January 6, 2011.                   /s/ Steven T. Snyder

25                                                  Steven T. Snyder

26

27

28