# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
www.kslaw.com

Scott T. Weingaertner
Direct Dial: (212) 556-2227
Direct Fax: (212) 556-2222
sweingaertner@kslaw.com

February 2, 2011

The Hon. William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 9, 19th Floor
San Francisco, CA 94102

      Re:    *Oracle America, Inc. v. Google Inc.*,
              Civil Action No. 3:10-cv-03561-WHA

Dear Judge Alsup:

      The parties have reached an impasse regarding the adequacy of Oracle's Patent Local Rule 3-1 disclosures, and we request the Court's assistance in resolving the issues about which the parties disagree.

      We believe that Oracle's disclosures are deficient on their face for several reasons, many of which relate to the fact that Oracle has failed to identify, on a claim-by-claim basis, any specific alleged direct infringers or infringing acts. In addition, despite Oracle's apparent reliance on the devices and actions of unidentified third parties, Oracle's contentions fail to allege indirect infringement. Oracle has also completely ignored, for example, the element of lack of substantial noninfringing use, which is its burden as explicitly set forth in 35 U.S.C. 271(c). *See, e.g., Halton Co. v. Streivor, Inc.* 2010 No. C 10-00655 WHA, 2010 U.S. Dist. LEXIS 50649, *3-*8 (N.D. Cal. May 21, 2010) (granting motion to dismiss indirect infringement claims based *inter alia* on lack of "allegation by plaintiff . . . that the accused product was not capable of 'substantial noninfringing use'"). Google raised these issues three weeks ago on January 10, 2011, and had agreed not to oppose a motion by Oracle to supplement its Rule 3-1 disclosures; Oracle has flatly refused. Google therefore requests that the Court compel Oracle to supplement its contentions, and, if Oracle cannot do so in a timely manner, to preclude Oracle from subsequent amendments to cure these deficiencies.

      Based on our meet and confer discussions with Oracle's counsel, we believe these deficiencies in Oracle's disclosures may be indicative of a failure by Oracle to conduct sufficient diligence and to compare any devices to any of the asserted patent claims on a claim-by-claim basis, as well as a failure to identify any alleged infringing act that has actually been performed.

The Hon. William Alsup
February 2, 2011
Page 2


It appears that in lieu of its obligations pursuant to Patent Local Rule 3-1, Oracle has instead relied on an unsupported assumption that any Android code that it has identified on a public repository has in fact been implemented and/or used in third party devices. Oracle's reliance on such an assumption is unwarranted. Since at least October 4, 2010, when Google filed its Answer, Oracle has been on notice that "[d]evelopers are free to modify the source code of the Android platform to fit their particular purpose," *see* Dkt. 32, ¶ 16 at 16, and Oracle even incorporated this language by reference into its own definition of "Android" in its First Set of Interrogatories to Google. This fact should also have been evident to Oracle from the public repository itself long before that. Google has offered to not oppose a motion by Oracle to amend its Infringement Contentions pursuant to Patent Local Rule 3-6, but Oracle has refused, requiring Google to seek relief from the Court.

Oracle's approach in its infringement contentions, as shown in the attached Exhibits, is to cite source code from the public Android source code repository, coupled with highly generalized statements regarding the Accused Instrumentalities. For apparatus patent claims, for example, Oracle makes statements such as "Accused Instrumentalities include devices that run Android or the Android SDK." *See, e.g.,* Ex. D, claim 19 at p. 35. For method claims, Oracle makes statements such as "Android includes methods . . ." *See* Ex. D, claim 1 at p. 1.[1]

These statements fail to provide Google with the requisite notice and particulars of Oracle's infringement claims. For the method claims, Oracle has not identified any occasion on which the claimed method was allegedly performed, nor the identity of any purported direct infringer performing the method. With respect to the apparatus claims, it is Oracle's burden to identify the allegedly infringing devices with specificity. Rather than comply with this requirement, Oracle has improperly attempted to place the burden on Google, asking Google to conduct analysis of all third party devices to disprove infringement. This approach contravenes the intent and purpose of the Patent Local Rules, which were implemented so that a patent plaintiff would crystallize its theories and conduct the requisite analyses prior to bringing suit and filing its Infringement Contentions. *See, e.g., Bender v. Maxim Integrated Products* 2010 U.S. Dist. LEXIS 32115, *6-*8 (N.D. Cal., Mar. 22, 2010) (granting motion to compel because plaintiff's infringement contentions "were based on assumptions" and because the contentions "do not describe any acts committed by a third party that would suggest direct infringement").

Despite its apparent reliance on unspecified acts and devices of third parties, Oracle did not even affirmatively set forth a claim of indirect infringement, instead claiming in its cover

---

[1] While Oracle identifies some "representative examples" of "devices running Android" in its cover document, it provides no analysis of those devices. During the parties' meet and confer discussions, Oracle has made clear that it has not performed any such analysis and is merely relying on assumptions regarding the operation of Android devices. Oracle has even requested a stipulation from Google to the effect that all third party devices implement the publicly-available code as it exists in the repository. Google cannot agree to such a stipulation, which would be inconsistent with the fact that developers are free to modify the code.

The Hon. William Alsup
February 2, 2011
Page 3

document only that "Google induces the infringement of others" and "contributes to the infringement of others" **to the extent** it makes Android available to others. *See* Oracle's Preliminary Infringement Contentions at 2-3 (emphasis added). Oracle has also failed to make any allegation as to the lack of noninfringing uses as required by 35 U.S.C. 271(c).

      As the deficiencies highlighted above demonstrate, Oracle has failed to comply with its Patent Local Rule 3-1 obligations and has refused an offer from Google to not oppose an amendment curing the deficiencies. Google therefore requests the Court's assistance in resolving this issue by either compelling Oracle's compliance or ordering that Oracle will not be allowed to amend to cure these deficiencies at a later date.

      Google understands that the Court has set a hearing for Wednesday, February 9, on the motion to compel that Oracle filed on February 1. While Google had hoped that the parties would be able to continue their attempts to resolve their differences through negotiation, it appears that Oracle believes that further such efforts will not be productive. We therefore respectfully request that the Court also address at the hearing on February 9 the issues raised in this letter.

      Respectfully submitted,

      Scott T. Weingaertner
      *Counsel for Google Inc.*

cc: Counsel of Record via ECF

      I hereby attest that Scott T. Weingaertner concurs in the e-filing of this document.

      /s/ Cheryl A. Sabnis /s/