# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
www.kslaw.com

Scott T. Weingaertner
Direct Dial: (212) 556-2227
Direct Fax: (212) 556-2222
sweingaertner@kslaw.com

February 4, 2011

The Hon. William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 9, 19th Floor
San Francisco, CA 94102

Re:   *Oracle America, Inc. v. Google Inc.*, Civil Action No. 3:10-cv-03561-WHA (N.D. Cal.)
      Response to Oracle's Request regarding Interrogatory to Google Nos. 4-16 (Dkt. #77).

Dear Judge Alsup:

      Google submits this response to Oracle's request that the Court compel Google to supplement its responses to Interrogatories Nos. 4 through 16 of Oracle's First Set of Interrogatories. The interrogatories at issue are contention interrogatories addressed to certain of Google's defenses.[1]

      Oracle's Interrogatories Nos. 3 through 16 are premature, overbroad and unduly burdensome. Under Rule 26, Google should not be required to respond to them at all this early in discovery. *See, e.g., In re Ebay Seller Antitrust Litigation*, 2008 U.S. Dist. LEXIS 102815, *3 No. C 07-1882 (N.D. Cal., Dec. 11, 2008) ("courts tend to deny contention interrogatories before substantial discovery has taken place"); *see also In re Convergent Technologies Sec. Litig.,* 108 F.R.D. 328, 337 (N.D. Cal. 1985) ("there is substantial reason to believe that the early knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse"). Serving fourteen interrogatories as to "the factual and legal bases" for Google's "pleading of" certain defenses is not a reasonable use of discovery at this stage of the proceedings. Google nevertheless has provided to Oracle responses as to both the facts in its possession at the time of filing its

---

[1]   Google has been engaging in a good faith effort to resolve Oracle's request for supplementation of Google's responses without the Court's involvement and, to that end, had agreed to supplementation by a date certain of Google's response to Interrogatory No. 3, based on Oracle's representations that this interrogatory was of particular importance to Oracle. After securing this compromise, Oracle submitted its motion letter without advising Google of its intent to do so, despite Google's assurance it would supplement its other responses in due course.

The Hon. William Alsup
February 4, 2011
Page 2

operative pleading and the current bases for its defenses. Coupled with the explicit recitations in Google's Answer as to the legal bases for its defenses, Google has provided more than sufficient information to Oracle in view of Google's need to obtain discovery from Oracle and from third parties relating to the defenses.[2]

In its responses, Google has not withheld any information on the basis that the requests were "premature in light of, or otherwise conflicts with," the Patent Local Rules – and Oracle's argument to contrary is wrong. Google's position has consistently been that these contention interrogatories originated in Oracle's withdrawal of its unmeritorious motion to dismiss and that, in accordance with Fed. R. Civ. P. 26 and 33, Google should not be required to answer Oracle's contention interrogatories at this early stage. *See* Fed.R.Civ.P 33(a)(2) ("the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time").

In an effort to compromise with Oracle, Google has responded in good faith to the early contention interrogatories. Yet Oracle has demanded supplementation regarding the detail of Google's legal theories that have not been fully developed due to lack of needed factual information, including the multiple deficiencies of Oracle's own Infringement Contentions and discovery responses. Google has raised the Patent Local Rules provisions with Oracle because those Rules underscore that Google's theories are subject to change and refinement, and they explicitly contemplate revision of positions as the parties and the Court engage in the procedures contemplated by those Rules, such as claim construction. Oracle's demands therefore represent an improper, burdensome, unwarranted and premature quest for Google's work product for Oracle's strategic advantage.

Oracle cites Google's response to Interrogatory No. 15 – which is directed to Google's defense of license – as a "prime example" of Google's purported deficiencies for failing to identify "any specific license." During the parties' meet and confer discussions, Google has pointed out to Oracle that this defense was pleaded "upon information and belief," with a reasonable basis to believe that discovery would lead to facts to support this defense. As noted in Google's motion to compel Oracle to supplement its Patent Local Rule 3-1 Infringement Contentions ("Google's Motion to Compel"), Oracle has not yet identified any alleged direct infringers, and this failure makes it extremely difficult for Google to make meaningful inquiry regarding whether the alleged direct infringers are licensed and, if so, the terms and relevance of the license. Oracle has also only very recently begun to produce documents responsive to Google's discovery requests relating to this defense, and Oracle's production is not complete. In fact, it was not until January 25, 2011 – ten days ago – that Oracle finally agreed that it "will produce" documents related to licenses to Java "granted by Sun to any third party" in response to Google's discovery requests that were served over two months ago, on December 2, 2010.

---

[2] During the parties' meet and confer discussions, Oracle made clear it intended each of the fourteen interrogatories to require both the bases for the defenses at the time Google filed its pleadings as well as Google's bases "now." Google has therefore in effect answered a total of thirty separate interrogatories, five more than contemplated by Fed. R. Civ. P. 33.

The Hon. William Alsup
February 4, 2011
Page 3

      Oracle also cites to Google's response to Interrogatory No. 5, which relates to the assertion in Google's answer that the products accused of infringement have substantial noninfringing uses. As an initial matter, it is indisputably Oracle's burden pursuant to 35 U.S.C. 271(c) to show the absence of such uses. *See Halton Co. v. Streivor, Inc.* 2010 No. C 10-00655 WHA, 2010 U.S. Dist. LEXIS 50649, *3-*8 (N.D. Cal. May 21, 2010) (granting motion to dismiss indirect infringement claims based *inter alia* on lack of "allegation by plaintiff . . . that the accused product was not capable of 'substantial noninfringing use'"). In its Infringement Contentions, however, Oracle has neither (a) identified a single allegedly infringing device nor (b) affirmatively stated that any of the as-yet unidentified accused devices lack substantial noninfringing uses. Yet Oracle – without having identified the devices it accuses of infringement – is demanding that Google provide specific examples of noninfringing uses for those devices.

      Finally, with respect to Interrogatory No. 11 relating to Google's fair use defense, Google has provided a response that states the basis for the defense and identifies the numerous aspects and features of the Android program that give rise to Google's non-infringement and/or fair use positions. Google has done so, moreover, notwithstanding that (1) Oracle has not, as of today, yet fulfilled the most basic of Google's requests – outstanding since December 2, 2010 – relating to its copyright claims, namely providing Google with a complete copy of the two works on which Oracle's copyright claim is based, and (2) Oracle's discovery responses do not identify with the necessary specificity the code portions and/or comments that Oracle believes show infringement.

      As the foregoing demonstrates, Google has responded in good faith to Oracle's premature contention interrogatories regarding Google's defenses notwithstanding Oracle's failure to provide basic information and materials regarding Oracle's claims, and Google believes that Google's responses to Oracle's discovery requests are at least as detailed – if not more so – than many of Oracle's responses to date to Google's discovery requests. Oracle's insistence that Google must finalize and share with Oracle all of Google's legal theories and all facts supporting its defenses at this time is unrealistic, unfair and unduly burdensome. Google therefore requests that the Court deny Oracle's motion to compel further responses at this time.

      Respectfully submitted,

Scott T. Weingaertner,
*Counsel for Google Inc.*

cc: Counsel of Record via ECF