**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG


February 7, 2011

Writer's Direct Contact
650.813.5932
MDPeters@mofo.com


The Hon. William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 9, 9th Floor
San Francisco, CA 94102

Re:   *Oracle America Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA
      Opposition to Google's Motion to Compel Infringement Contentions

Dear Judge Alsup:

Is Google really saying that it is not on notice of Oracle's infringement theories? Oracle's infringement contentions identified each version of the Android platform then known to Oracle[1] that infringes the asserted patent claims.  Oracle's contentions include nearly four hundred pages of charts, showing in exacting detail the parts of the Android platform that infringe Oracle's patents and explaining how the infringement is accomplished, with references to Android's creators' presentations, Android documentation, Android architecture, specific Android programs, specific Android source code files, particular lines of Android source code, and down to individual lines of Android assembly code.

The Android platform was created by Google and was released and promoted for widespread adoption.  Having succeeded in that goal, Google now wants to throw its licensees and users under the bus, and feign ignorance of the uses to which its creation is being put.  Google knows quite a bit more about how Android is implemented and used than its letter to the Court suggests.  For example, Google prohibits anyone from using the Android trademark unless their device is determined to be "Android compatible."[2]  Of significance to this lawsuit, through this licensing requirement, Google forbids device manufacturers from modifying aspects of Android that are copied from the Java platform: "Android follows the package and class namespace conventions defined by the Java programming language.  To ensure compatibility with third-party applications, device implementers MUST NOT make any prohibited modifications . . . to these package

---

[1] The latest version of Android, "Gingerbread," was released after Oracle served its infringement contentions. Oracle has yet to determine whether this requires any formal amendment to the infringement contentions.
[2] http://source.android.com/faqs.html#compatibility.

pa-1445667

MORRISON | FOERSTER

The Hon. William Alsup
February 7, 2011
Page Two


namespaces: java.*; javax.*; sun.*; android.*; com.android.*. . . .  Device implementers MAY modify the underlying implementation of the APIs, but such modifications MUST NOT impact the stated behavior and Java-language signature of any publicly exposed APIs."[3]  Through this and other licensing mechanisms, Google ensures that any device called "Android" functions exactly as Google intended it to.

This and other evidence will show that Google is liable to Oracle for both direct and indirect infringement.  But it is not necessary to prove one's case through infringement contentions.  All that is needed is that they "be sufficient to raise a 'reasonable inference that all accused products infringe.'"  *Shared Memory Graphics LLC v. Apple, Inc.*, No. C-10-2475 VRW (EMC), 2010 U.S. Dist. LEXIS 138868, at *11 (N.D. Cal. Dec. 30, 2011) (quoting *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002)).  To prosecute the case more efficiently, Oracle asked Google to stipulate that Google's partners' and licensees' versions of Android are the same in relevant aspects as the versions that Google distributes; Google declined.  Google's refusal may necessitate difficult third-party and even international discovery, but this issue bears on the ultimate proof at trial, not on the sufficiency of Oracle's infringement contentions.

Oracle satisfied Patent L.R. 3-1's requirement to identify each accused instrumentality for each asserted claim.  Depending on whether the asserted claim is directed to a system, a method, or a computer software product, the accused instrumentalities are computers running Android or the Android development environment, the users of such computers (including application developers or end users), or the physical software medium itself (including Google's webserver).  Oracle provided examples of such; as Google concedes, Oracle's contentions identify seven representative Android devices, including Google's Nexus One and Nexus S; the HTC EVO 4G, Droid Incredible, and G2; the Motorola Droid; and the Samsung Captivate.  (IC at 2.)[4]  Google ignores these and other examples, and appears to demand that the Court should require Oracle separately to list in its claim charts each Android device sold by third parties not joined in this litigation.  It is Oracle's contention that all such devices function in the same way with respect to the patented technology, and that is apparent from the contentions.  If indeed it matters to Google, Google knows better than anyone which devices are "Android" devices.  Granting Google's motion would simply add to the length of Oracle's claim charts without providing any additional substantive information.

Google's complaints about Oracle's indirect infringement contentions are another example of attacking form instead of substance.  To support a claim of indirect infringement, a patentee may identify either individual acts of direct infringement, or an entire category of

---

[3] http://source.android.com/compatibility/android-2.2-cdd.pdf at 8.
[4] "IC" refers to Oracle's Infringement Contentions, which were attached to Google's motion.  The page numbers refer to the consecutive pagination in the upper right hand corner of each page.


pa-1445667

MORRISON | FOERSTER

The Hon. William Alsup
February 7, 2011
Page Three

infringers.  *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004) ("Plaintiffs who identify an entire category of infringers (e.g., the defendant's customers) may cast their theories of vicarious liability more broadly, and may consequently seek damages or injunctions across the entire category.").  Here, and unlike the plaintiffs in the cases Google cites, Oracle identified categories of defendants who directly infringe, including manufacturers of Android products, application developers, service providers, and end users.  (Note that Google itself falls within many of these categories, being an Android device seller, an Android application developer, and an Android user.)  In its claim charts, Oracle identifies the Google-provided Android elements that infringe each claim, and from these, Google is specifically on notice as to which components it needs to defend.  For example, Oracle explained how Google's Dalvik virtual machine infringes the method claims of the '205 patent when it runs.  (IC at 113 *et seq.* & 158 *et seq.*)  Google designed Dalvik to operate in an infringing manner and intends for Android users to use Dalvik in that manner.  For another example, Oracle explained how Google's provision of Android software contributes to the infringement of the computer system claims of the '447 patent when it is loaded onto and run by a computer system, at least in those cases where the processor and memory are not also provided by Google.  (IC at 241-242.)

Google's last point is an attack on Oracle's word choice.  Oracle's contention that Google indirectly infringes "to the extent" that Google induces or contributes to direct infringement does indeed "affirmatively set forth a claim of indirect infringement."  It is an acknowledgement that the more Google distributes software that infringes when run and does everything it can to encourage others to use the infringing software and promote its widespread adoption, the greater Google's liability for indirect infringement.  With respect to contributory infringement specifically, the Patent Local Rules do not require any "allegation as to the lack of noninfringing uses as required by 35 U.S.C. 271(c)."  Patent L.R. 3-1(d) requires a patentee to identify "any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement."  Oracle has done that.

For the reasons above, Oracle respectfully requests that the Court deny Google's motion to compel supplemental infringement contentions.

Respectfully submitted,

*/s/ Marc D. Peters*

Marc David Peters
Counsel for Plaintiff Oracle America, Inc.

pa-1445667