# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia 30309-3521
404-572-4600
www.kslaw.com

February 16, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

    Re:    <u>Oracle America, Inc. v Google Inc., No. C 10-3561 WHA</u>

Dear Judge Alsup:

    In accordance with Your Honor's February 9 Order, we respectfully request on behalf of Google leave to file a motion for summary judgment on Count VIII of plaintiff Oracle's Amended Complaint. Count VIII alleges that Google's Android – an open source software platform whose source code has been publicly available since 2008 – infringes copyrights owned by Oracle in two works, namely versions 1.4 and 5 of the "Java platform" Standard Edition (the "Works"). Oracle describes the "Java platform" as "a bundle of related programs, specifications, reference implementations, and developer tools and resources ***that allow a user to deploy applications written in the Java programming language*** on servers, desktops, mobile devices, and other devices." (Am. Compl. ¶ 9) (emphasis added).

    In response to Google's interrogatory asking Oracle to identify the factual bases for this claim, Oracle has identified fifty-one "Android API package specifications" and/or the Android code implementing them that Oracle contends are "derived from or substantially similar to Oracle's copyrighted Java API package specifications." Oracle has identified only twelve files – out of the nearly one hundred thousand files that comprise Android – that contain any materials (code or comments) that Oracle claims have been copied from Oracle's Works.

    Under well-established principles of copyright law, there can be no copyright infringement unless the accused work, compared to the plaintiff's work in its entirety, is

The Honorable William Alsup
February 16, 2011

substantially similar to – or, if the range of any protectable elements is narrow (as here), virtually identical to – *protectable portions* of the plaintiff's work. *See, e.g., Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435 (9th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). The court must *exclude* from comparison of the works any elements that are not protected by copyright, and, in this case, need only evaluate the elements Oracle has identified as allegedly infringing. *See, e.g., MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F.3d 1548, 1555 (11th Cir. 1996).

Such unprotectable elements in the case of computer software works include ideas, concepts, processes, procedures and methods of operations; words, names and short phrases; functional elements; and elements that are in common use, as to which there are only a limited number of means of expression or the expression is dictated by technical or compatibility requirements, that are in the public domain (*see, e.g.,* http://g.oswego.edu/dl/concurrency-interest/ (materials identified by Oracle as infringing in fact created by a third party and released into the public domain)), or as to which Oracle cannot claim copyright protection. *See, e.g.,* http://markmail.org/thread/xwyxemce75vvz33h (the only two files allegedly containing "copied" code were created by Google and provided to Oracle for use in open source releases of Java).

Oracle has now acknowledged (2/9/2011 Transcript at 8) that it makes no claim of infringement of the Java programming language itself, which has for many years been in widespread use by programmers – over 6.5 million of them, by Oracle's estimate. (Am. Compl. ¶ 9). Oracle's allegations are that Android "copies" portions of certain basic, functional Java Application Programming Interfaces or "APIs," which are interfaces that consist of common names of Java programming language constructs, methods of operations, commands and other functional elements. The use in Android of such common and unprotectable elements is purely functional, namely, to enable applications written in the Java programming language to run on

The Honorable William Alsup
February 16, 2011

Android devices and to enable programs created by developers for the Android platform to interoperate with existing third party, Java-based software and tools. Such use cannot constitute copyright infringement as a matter of law. *See, e.g., Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807 (1st Cir. 1995), *aff'd,* 516 U.S. 233 (1996) (affirming summary judgment).

To the extent that any protectable elements of the Works are used in Android, such use would also qualify as a fair use under 17 U.S.C. § 107. The Works are technical works subject to limited copyright protection, and Oracle has only identified a very small portion of the Works as allegedly being copied. Android's use of those portions is for functional technical reasons, is needed for interoperability, and is transformative, resulting in a new and significantly different work. *See, e.g., Sony Computer Ent., Inc. v. Connectix Corp.*, 203 F.3d 596 (9th Cir. 2000); *see also Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003) (summary judgment); *Mitel, Inc. v. Iqtel, Inc.*, 896 F. Supp. 1050, 1055-56 (D. Colo. 1995), *aff'd,* 124 F.3d 1366 (10th Cir. 1997) (holding interfaces to be unprotectable and/or their use to be fair use).

Finally, the portions of Android as to which Oracle alleges literal copying – i.e., the twelve files identified in Oracle's interrogatory answer – comprise in the aggregate less than one percent of Android and a similarly small percentage of the Works. Even if such files were identical to Oracle files (which they are not), their use is *de minimis* and is not actionable.

These issues are ripe and can be decided without further discovery as a matter of law, thereby simplifying the issues and conserving resources. We appreciate the Court's consideration of this request, and would be prepared to file our motion no later than February 28.

Respectfully submitted,

Bruce W. Baber
Counsel for Defendant Google Inc.