# EXHIBIT 5

## 2106.01 Computer-Related Nonstatutory Subject Matter [R-6]

Descriptive material can be characterized as either "functional descriptive material" or "nonfunctional descriptive material." In this context, "functional descriptive material" consists of data structures and computer programs which impart functionality when employed as a computer component. (The definition of "data structure" is "a physical or logical relationship among data elements, designed to support specific data manipulation functions." The New IEEE Standard Dictionary of Electrical and Electronics Terms 308 (5th ed. 1993).) "Nonfunctional descriptive material" includes but is not limited to music, literary works, and a compilation or mere arrangement of data.

Both types of "descriptive material" are nonstatutory when claimed as descriptive material *per se*, 33 F.3d at 1360, 31 USPQ2d at 1759. When functional descriptive material is recorded on some computer-readable medium, it becomes structurally and functionally interrelated to the medium and will be statutory in most cases since use of technology permits the function of the descriptive material to be realized. Compare *In re Lowry*, 32 F.3d 1579, 1583-84, 32 USPQ2d 1031, 1035 (Fed. Cir. 1994)(discussing patentable weight of data structure limitations in the context of a statutory claim to a data structure stored on a computer readable medium that increases computer efficiency) and >*In re*< *Warmerdam*, 33 F.3d *>1354,< 1360-61, 31 USPQ2d *>1754,<  1759 (claim to computer having a specific data structure stored in memory held statutory product-by-process claim) with *Warmerdam*, 33 F.3d at 1361, 31 USPQ2d at 1760 (claim to a data structure *per se* held nonstatutory).

When nonfunctional descriptive material is recorded on some computer-readable medium, in a computer or on an electromagnetic carrier signal, it is not statutory since no requisite functionality is present to satisfy the practical application requirement. Merely claiming nonfunctional descriptive material, i.e., abstract ideas, stored on a computer-readable medium, in a computer, or on an electromagnetic carrier signal, does not make it statutory. See >*Diamond v.*< *Diehr*, 450 U.S. *>175,< 185-86, 209 USPQ *>1,< 8 (noting that the claims for an algorithm in *Benson* were unpatentable as abstract ideas because "[t]he sole practical application of the algorithm was in connection with the programming of a general purpose computer."). Such a result would exalt form over substance. *In re Sarkar*, 588 F.2d 1330, 1333, 200 USPQ 132, 137 (CCPA 1978) ("[E]ach invention must be evaluated as claimed; yet semantogenic considerations preclude a determination based solely on words appearing in the claims. In the final analysis under § 101, the claimed invention, as a whole, must be evaluated for what it is.") (quoted with approval in *Abele*, 684 F.2d at 907, 214 USPQ at 687). See also *In re Johnson*, 589 F.2d 1070, 1077, 200 USPQ 199, 206 (CCPA 1978) ("form of the claim is often an exercise in drafting"). Thus, nonstatutory music is not a computer component, and it does not become statutory by merely recording it on a compact disk. Protection for this type of work is provided under the copyright law.

When nonfunctional descriptive material is recorded on some computer-readable medium, in a computer or on an electromagnetic carrier signal, it is not statutory and should be rejected under 35 U.S.C. 101. In addition, USPTO personnel should inquire whether there should be a rejection under 35 U.S.C. 102 or 103. USPTO personnel should determine whether the claimed nonfunctional descriptive material be given patentable weight. USPTO personnel must consider all claim limitations when determining patentability of an invention over the prior art. *In re Gulack*, 703 F.2d 1381, 1385, 217 USPQ 401, 403-04 (Fed. Cir. 1983). USPTO personnel may not disregard claim limitations comprised of printed matter. See *Gulack*, 703 F.2d at 1384, 217 USPQ at 403;  see also *Diehr*,  450 U.S. at 191, 209 USPQ at 10. However, USPTO personnel need not give patentable weight to printed matter absent a new and unobvious functional relationship between the printed matter and the substrate. See ** *Lowry*, 32 F.3d **>at< 1583-84, 32 USPQ2d **>at< 1035 **; *In re Ngai*, 367 F.3d 1336, 70 USPQ2d 1862 (Fed. Cir. 2004).

I. **FUNCTIONAL DESCRIPTIVE MATERIAL: "DATA STRUCTURES" REPRESENTING DESCRIPTIVE MATERIAL *PER SE* OR COMPUTER PROGRAMS REPRESENTING COMPUTER LISTINGS *PER SE***

Data structures not claimed as embodied in computer-readable media are descriptive material *per se* and are not statutory because they are not capable of causing functional change in the computer. See, e.g., *Warmerdam*, 33 F.3d at 1361, 31 USPQ2d at 1760 (claim to a data structure *per se* held nonstatutory). Such claimed data structures do not define any structural and functional interrelationships between the data structure and other claimed aspects of the invention which permit the data structure's functionality to be realized. In contrast, a claimed computer-readable medium encoded with a data structure defines structural and functional interrelationships between the data structure and the computer software and hardware components which permit the data structure's functionality to be realized, and is thus statutory.

Similarly, computer programs claimed as computer listings *per se*, i.e., the descriptions or expressions of the programs, are not physical "things." They are neither computer components nor statutory processes, as they are not "acts" being performed. Such claimed computer programs do not define any structural and functional interrelationships between the computer program and other claimed elements of a computer which permit the computer program's functionality to be realized. In contrast, a claimed computer-readable medium encoded with a computer program is a computer element which defines structural and functional interrelationships between the computer program and the rest of the computer which permit the computer program's functionality to be realized, and is thus statutory. See *Lowry*, 32 F.3d at 1583-84, 32 USPQ2d at 1035. Accordingly, it is important to distinguish claims that define descriptive material *per se* from claims that define statutory inventions.

Computer programs are often recited as part of a claim. USPTO personnel should determine whether the computer program is being claimed as part of an otherwise statutory manufacture or machine. In such a case, the claim remains statutory irrespective of the fact that a computer program is included in the claim. The same result occurs when a computer program is used in a computerized process where the computer executes the instructions set forth in the computer program. Only when the claimed invention taken as a whole is directed to a mere program listing, i.e., to only its description or expression, is it descriptive material *per se* and hence nonstatutory.

Since a computer program is merely a set of instructions capable of being executed by a computer, the computer program itself is not a process and USPTO personnel should treat a claim for a computer program, without the computer-readable medium needed to realize the computer program's functionality, as nonstatutory functional descriptive material. When a computer program is claimed in a process where the computer is executing the computer program's instructions, USPTO personnel should treat the claim as a process claim. ** When a computer program is recited in conjunction with a physical structure, such as a computer memory, USPTO personnel should treat the claim as a product claim. **

II. **NONFUNCTIONAL DESCRIPTIVE MATERIAL**

Nonfunctional descriptive material that does not constitute a statutory process, machine, manufacture, or composition of matter and should be rejected under 35 U.S.C. 101. Certain types of descriptive material, such as music, literature, art, photographs, and mere arrangements or compilations of facts or data, without any functional interrelationship is not a process, machine, manufacture, or composition of matter. USPTO personnel should be prudent in applying the foregoing guidance. Nonfunctional descriptive material may be claimed in combination with other functional descriptive multi-media material on a computer-readable medium to provide the necessary functional and structural interrelationship to satisfy the requirements of 35 U.S.C. 101. The presence of the claimed nonfunctional descriptive material is not necessarily determinative of nonstatutory subject matter. For example, a computer that recognizes a particular grouping or sequence of musical notes read from memory and thereafter causes another defined series of notes to be played, requires a functional interrelationship among that data and the computing processes performed when utilizing that data. As such, a claim to that computer is statutory subject matter because it implements a statutory process.