# EXHIBIT 6

149907-0064

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re reissue application of ) | CERTIFICATE OF MAILING BY "EXPRESS MAIL" |
| U.S. Patent No. 5,367,685 ) | "EXPRESS MAIL" Mailing Label Number EM458150000US |
| Issued: November 22, 1994 ) | November 21, 1996 |
| Inventor: James Gosling ) | Date of Deposit |
| For: METHOD AND APPARATUS FOR RESOLVING DATA REFERENCES IN GENERATED CODE ) | I hereby certify that this paper or fee is being deposited with the United States Postal Service "EXPRESS MAIL POST OFFICE TO ADDRESSEE" service under 37 C.F.R. § 1.10 on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231. |
| ) | Dee Henderson |
| ) | Typed or Printed Name of Person Mailing Paper or Fee |
| ) | _[signature]_ |
| ) | Signature of Person Mailing Paper or Fee |
| ) | November 21, 1996 |
| ) | Date |

### REISSUE APPLICATION DECLARATION AND POWER OF ATTORNEY BY INVENTOR

Hon. Commissioner of
  Patents and Trademarks
Washington, D.C. 20231

Sir:

I, James Gosling, declare:

1. I have reviewed and understand the contents of the specification and claims of the above-identified reissue application, and believe myself to be the only inventor of the invention described and claimed in the aforesaid reissue application and in U.S. Letters Patent No. 5,367,685 on which said reissue application is based.

DHEN10ED.WP

U.S. Patent No. 5,367,685
Page 2

2. I do not know and do not believe that said invention was ever known or used in the United States of America before the invention thereof by myself.

3. U.S. Patent No. 5,367,685 is partly inoperative because it claims less than I had a right to claim in the patent (37 C.F.R. § 1.175(a)(3)).

4. The insufficiencies identified in paragraph 3 above arose as a result of errors on the part of applicant. The first error was failing to realize that the commercial embodiment of the invention was designed to be distributed in two parts, a compiler and an interpreter, which were to be packaged as two separate computer programs and which could be bought separately. My company and I realized on or around January of 1996 that competitors would probably also be shipping their competing products in two parts for the same market- and technology-related reasons that we were doing so. An infringer who shipped only one of those parts might argue that no claim reads on the compiler or the interpreter separately. I believe that I have the right to claim more specifically a compiler and an interpreter separately as supported by the original disclosure. This error may be remedied by the addition of claims 11-34 in the above-identified reissue application, which more specifically separately claim the compiler and the interpreter as disclosed in the application. Moreover, claiming the compiler and the interpreter separately, although they involve common inventive concepts, more closely corresponds to likely commercial embodiments for my invention.

5. A further error was a lack of specificity in the claim scope as regards what is done with the numerical values corresponding to symbolic references. In late 1995 or

OAGOOGLE0000102611

U.S. Patent No. 5,367,685
Page 3

early 1996 a colleague suggested that an infringer could argue that the claims would not literally read on all possible ways of practicing the invention as regards numerical values corresponding to symbolic references. I believe I have a right to claim more specifically the handling of numerical values corresponding to symbolic references in my invention. This error may be remedied by the addition of claims 11 and 25 in the above-identified reissue application which more fully define the patentable aspects of my invention as supported by the disclosure.

6. A further error was that the claims may be challenged by an infringer as not reading literally on computer program code devices embodying the invention. Applicant is informed and believes that subsequent to the Commissioner of Patents' change of position in *In re Beauregard*, claims more specifically directed to computer program code devices are now permissible. I believe I have the right to further specifically claim computer program code devices which embody my invention as supported by the original disclosure. This error may be remedied by claims 29-32 of the above identified reissue application.

7. The errors identified above arose without any deceptive intention on the part of the undersigned or the assignee of the application on which U.S. Letters Patent No. 5,367,685 issued, Sun Microsystems Inc.

8. Claim 11 is directed to a method for interpreting software in an intermediate form code which includes instructions that contain symbolic references. In the method, instructions are interpreted in accordance with a program execution control. When an

DHEN10ED.WP                              -3-

OAGOOGLE0000102612

U.S. Patent No. 5,367,685
Page 4

unresolved symbolic reference is encountered, a numerical value corresponding to the reference is determined and stored in memory. When a resolved symbolic reference is encountered, the instruction is interpreted by reading the stored numeric value. Claim 22 is directed to a corresponding method for compiling software into an intermediate form code which includes instructions that contain symbolic field references. In that method, the source code is lexically analyzed, the output of the lexical analysis step is parsed, an intermediate representation of the parsed output is built, and intermediate form code containing symbolic field references is generated from the intermediate representation. Both the interpreter claim 11 (and independent claims 25, 27, 29, 31, and 33) and the compiler claim 22 (as well as independent claims 26, 28, 30, 32, and 34) embody my original inventive concept, in that the compiler generates the intermediate form code, including symbolic references, which the interpreter interprets.

9. I acknowledge a duty to disclose information I am aware of which is material to the examination of this reissue application. The closest prior art known to applicant is that cited against the application which became original U.S. Patent No. 5,367,685.

10. I hereby revoke all previous powers of attorney and appoint as my attorneys of record in connection with this reissue application Matthew C. Rainey, Reg. No. 32,291; Jeffrey J. Blatt, Reg. No. 30,244; Robert Steinberg, Reg. No. 33,144; Bruce D. Kuyper, Reg. No. 33,937; Gary Frischling, Reg. No. 35,515; Robert Strawbrich, Reg. No. 36,692; and Wen Liu, Reg. No. 32,822. All communications regarding this reissue

OAGOOGLE0000102613

U.S. Patent No. 5,367,685
Page 5

application are to be addressed to Jeffrey J. Blatt at Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067.

I declare further that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Full name of sole or first inventor _James Gosling_
**Inventor's signature** _/s/ James Gosling_
Date _11/19/96_  Country of Citizenship _Canada_
Residence _75 Fox Hollow Lane, Redwood City, CA_
Post Office Address _P.O. Box 620509_
_Woodside CA 94062_

DHEN10ED.WP                    -5-

OAGOOGLE0000102614