**MORRISON** | **FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 30, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William Alsup
United States District Court Judge
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, California  94102

Re:     *Oracle America, Inc. v. Google, Inc.*, Case No. 3:10-cv-03561-WHA
        Second Request for Discovery Relief

Dear Judge Alsup:

As a result of Google's failure to supplement its responses to Oracle's Interrogatories 4-16, Oracle is forced to seek the Court's assistance.  Oracle previously raised the issue of Google's deficient interrogatory responses in its First Request for Discovery Relief (Dkt. No. 77), submitted on February 1, 2011.  Following a Court-ordered meet-and-confer on February 9, counsel for Oracle reported to the Court that the parties had agreed to "engage[e] better with each other in attempting to resolve these disagreements."  Google's counsel expressly acknowledged this agreement to "engage."  Yet, more than a month later, Google has done nothing to correct its deficient responses and has failed to engage with Oracle to resolve these issues.  Oracle communicated its concerns regarding the interrogatory responses to Google in a letter dated March 8, 2011, followed-up by an e-mail on March 23, and a voicemail on March 24, but Google has not responded.  Accordingly, the Court's assistance is now required.

Oracle's Interrogatories 4-16 (*see* attachment to Dkt. No. 77) seek the "factual and legal bases" for Google's affirmative defenses.  Because Google's answer to Oracle's complaint did not plead facts sufficient to support its affirmative defenses, Oracle moved to strike the defenses on October 26, 2010.  Oracle subsequently withdrew the motion based on the expectation that Google's interrogatory responses would detail the bases for Google's affirmative defenses.  But Google's responses contain little substance, and instead provide general denials, boilerplate objections, and blanket incorporations by reference.  The following are examples of the deficiencies in Google's interrogatory responses:

sf-2972968

MORRISON | FOERSTER

The Hon. William Alsup
March 30, 2011
Page Two

Interrogatory 4 – This interrogatory seeks Google's bases for its "Patent Unenforceability (Waiver, Estoppel, Laches)" defense.  In response, Google asserts that "Oracle was aware of Android pursuant to discussions with Andy Rubin prior to Android's acquisition by Google, which are believed to have occurred at least as early as 2005." (Dkt. No. 77 at 13.)  Even if true, mere awareness that Android existed is not enough to support a claim of patent unenforceability.  To provide any basis for the asserted defense, Google must address factors such as when Oracle was or should have been aware of Google's wrongdoing, and whether Oracle misled Google or waited unreasonably before filing this lawsuit.  Google has offered no facts or explanation regarding this.

Interrogatory 5 – Bases for "Substantial Non-Infringing Uses" defense:  Google states that "the Accused Instrumentalities, such as mobile handsets, are capable of substantial noninfringing uses." (Id. at 15.)  But Google does not identify or describe *a single such use*. Instead, Google insists that, "[a]s presently understood, all uses are noninfringing uses for the reasons cited in response to Interrogatory No. 3."  Google's response to Interrogatory 3 lists Google's non-infringement positions, but does not identify and explain which uses of Android are allegedly both non-infringing and substantial.

Interrogatory 6 – Bases for "Limitation on Patent Damages" defense:  Google asserts that "Oracle has not given notice to the public by properly marking products . . . and any damages are therefore limited pursuant to 35 U.S.C. § 287." (Id. at 17).  However, this conclusory statement does not provide a basis for the defense, especially inasmuch as many of the asserted patent claims are method claims, for which marking is not required.

Interrogatory 7 – Bases for "Misuse" defense:  Google's only assertion is that Oracle "used its copyright registrations in an attempt to extract licensing revenue for a larger body of material than what is covered . . . and to restrict the rights of third parties to truthfully state that, for example, products are 'Java compatible.'" (Id. at 19).  But this assertion with respect to "copyright registrations" has nothing to do with alleged patent misuse.  Even with respect to the copyrights, Google never identifies which third parties allegedly had their rights restricted or what licensing revenue was allegedly extracted via misuse of copyrights.

Interrogatory 9 – Bases for "Elements Not Protected By Copyright" defense:  Oracle provided Google with a detailed explanation of its copyright allegations, identifying fourteen registered copyrighted works, fifty-one Java API specifications, and specific examples of copied source code.  Google's response only lists vague categories of purportedly unprotected elements, such as "key words and operators" and "programming methods. (Id. at 21.)  While Google represented to the Court on February 16 that it is ready for summary judgment on this issue, it has not explained which words, operators, and programming methods it believes are not protected by copyrights.

sf-2972968

MORRISON | FOERSTER

The Hon. William Alsup
March 30, 2011
Page Three

Interrogatory 11 – Bases for "Fair Use" defense:  Oracle has identified specific Java copyrighted materials that were copied by Google into Android.  Google's response to Interrogatory 11 generally asserts that any such copying was Fair Use, but does not address how any of the specific identified instances of copying purportedly constituted Fair Use.

Interrogatory 12 – Bases for "No Intent to Induce Copyright Infringement" defense: Google asserts that "its intention not to induce infringement is evidenced by . . . the fact that Android was developed through independent creation and use of material duly licensed or unprotectable . . . ." (*Id.* at 27.)  But Google does not explain how the infringing materials were independently created and what allegedly licensed material Google used.

Interrogatory 13 – Bases for "Independent Creation" defense:  Again, Google does not identify which, if any, of the copied Oracle APIs, documentation, and source and binary code were purportedly independently created by Google.

Interrogatory 15 – Bases for "License and Implied License" defenses:  Google still has not identified *any* licenses that might support a license defense.  Oracle has produced its Java licenses, but Google has not explained how any of them or any others licenses grant licensees the right to make, use, and sell Android-powered devices.

Interrogatory 16 – Bases for "Unclean Hands" defense:  Google asserts that Oracle misused its intellectual property by attempting to "impermissibly expand the scope of the asserted patents and copyrights by requiring licensees to license items not covered by Oracle's alleged intellectual property in order to receive a license . . . ." (*Id.* at 35.)  But this is merely a generic recitation of a misuse defense, as Google does not provide any facts regarding which particular licenses and licensees its referring to and how such licensing activity allegedly constituted misuse of Oracle's intellectual property.

For the foregoing reasons, Oracle respectfully requests that the Court compel Google to supplement its responses to Interrogatories 4-16 by April 8.

Respectfully submitted,

Michael A. Jacobs
Counsel for Plaintiff Oracle America, Inc.

cc:     Counsel for Google Inc.

sf-2972968