# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York  10036-4003
www.kslaw.com

Scott T. Weingaertner
Direct Dial:  (212) 556-2227
Direct Fax:  (212) 556-2222
sweingaertner@kslaw.com

April 4, 2011

The Hon. William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 9, 19th Floor
San Francisco, CA 94102

>       Re:       *Oracle America, Inc. v. Google Inc.*, No. 3:10-cv-03561-WHA
>                 <u>Response to Oracle's March 30 Motion to Compel Letter (Dkt. #98)</u>

Dear Judge Alsup:

Google submits this response to Oracle's request that the Court compel Google to supplement its responses to Interrogatories Nos. 4 through 16 of Oracle's First Set of Interrogatories.  The interrogatories at issue are contention interrogatories addressed to certain of Google's defenses.[1]

Oracle has from the outset employed what we believe are improper and premature contention interrogatories as an abusive discovery tactic.  Both Mr. Jacobs' March 30 letter requesting relief as well as the March 8 letter cited therein reflect a continuation of this approach. *See In re Convergent Technologies Sec. Litig.,* 108 F.R.D. 328, 337 (N.D. Cal. 1985) ("there is substantial reason to believe that the early knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse").

There are many examples of Oracle's use of such tactics:

- Oracle continues to mischaracterize certain defenses as "affirmative defenses," and, in an effort to extract additional supplementation, insists that Google has a burden to provide detailed affirmative statements where Google has no such burden.

---

[1]       As with its prior filing of its motion to compel on the same issue, Oracle did not provide Google with fair notice of its intent to do so.  Oracle's last written communication was a request that Google respond to the March 8 letter that also addressed numerous other issues, all of which Google has already addressed and/or is in the process of addressing.  Google has never refused to supplement the responses at issue; it has only declined to acquiesce to Oracle's unreasonable and arbitrary demands regarding the scope and timing of the supplementation.

The Hon. William Alsup
April 4, 2011
Page 2

- Oracle ignores its continuing failure to explain its contentions while demanding that Google provide specific details in response to allegations that Oracle has not adequately supported. When Oracle amended its Patent Local Rule 3-1 cover document on February 18, 2011, it added a single, unsupported statement that "[w]ith respect to the asserted non-method claims of the asserted patents, the Accused Instrumentalities are specially made or adapted for infringement, and are not a staple article suitable for substantial non-infringing use." This statement (as to which Oracle has the burden of proof) provides no "why," or support, whatsoever. On April 1, 2011, Oracle "supplemented" again – and provided no additional explanation.

- Oracle continues to ignore that certain of Google's defenses were pleaded upon information and belief and that Oracle's document production – which Google must be able to review meaningfully before it can supplement further – is both incomplete and deficient. More specifically:

  - Oracle has yet to certify that it has completed searching and producing non-custodian documents for any single request for production served by Google;

  - Oracle, in lieu of making proper productions in compliance with the Court's guidelines, has "dumped" massive quantities of documents – in excess of 10 million pages, in addition to over a million additional "native" files – of questionable relevance, most of which have been designated confidential and apparently some of which were not properly screened for privileged materials;

  - Oracle still has not produced non-custodial documentation that is directly relevant to the Interrogatories as to which Oracle seeks additional supplementation; and

  - Oracle, despite repeated requests by Google dating back to December 2010, has yet to produce – and apparently may not even be able to locate – a complete copy of one of the two works that are the subject of the copyrights asserted in the Amended Complaint (Java 2 Standard Edition 1.4), and has repeatedly dissembled regarding where a copy of that work can be found, pointing Google at different times to the Copyright Office records, to Oracle's public website, and to a collection of documents of more than one terabyte in size that was "produced" in "archival form" but that neither Google nor Oracle can access – none of which contains a complete copy of the work.

- Oracle continues to make demands for more "complete" responses while ignoring that Oracle has not supplemented any of its own interrogatory answers – and has not responded substantively at all to some of Google's first interrogatories. In response to Google's Interrogatory No. 5, for example, Oracle has stated (as it has in response to many others) only that:

  > Discovery is ongoing, and Oracle has not yet completed its investigation of the documents and facts relevant to the claims and defenses asserted in this action. Accordingly, Oracle's responses are based on the information reasonably available at this time and Oracle will supplement this response as appropriate under the Federal Rules of Civil Procedure.

The Hon. William Alsup
April 4, 2011
Page 3

- Oracle did not meaningfully supplement its Patent Local Rule 3-1 disclosures on February 18, 2011, despite having represented to the Court and Google that it would give its "best current shot."  More specifically, Oracle did not supplement any of its infringement contention charts and has refused to acknowledge a significant gap in its contentions relating to certain incorrect assumptions on Oracle's part regarding whether code cited in its contention charts has been implemented and used in devices,

- Oracle has to date failed to produce many requested categories of documents, notwithstanding its "production" of massive, undifferentiated collections of materials without proper identifying indicia.  For example, Google requested months ago – yet still has not received – (i) documentation supporting the valuation of Sun as reflected in Oracle's SEC filings; (ii) documents relating to the FRAND or RAND pricing of Java; and (iii) responsive documents from Sun's website, such as materials relating to a document that casts Oracle's claims in significant doubt by stating: "From a financial point of view, the Java platform has been free to all of these enterprises and such since day one."

In view of the above, Oracle's unreasonable demands for further supplementation at this time by Google are disingenuous.  Oracle continues to fall well short of meeting even reasonable expectations for properly supporting its claims, continues to fail to disclose relevant and highly probative – and, in the case of the complete copy of one of the two Asserted Works that form the basis of its copyright claim – case-critical materials, has refused to produce a 30(b)(6) witness on damages-related facts asserted in its interrogatory answers, and nonetheless insists on proceeding with over 130 different asserted patent claims.  It is unfair for Google to be asked to provide more detail in response to contention interrogatories while Oracle continues to fall far short of meeting its obligations under the Federal Rules, the Patent Local Rules and the Court's orders.

Google strongly believes that Oracle is improperly using these contention interrogatories as an improper litigation tactic.  Google would nonetheless be amenable to supplementing them on an appropriate future date certain if: (1) Oracle confirms it either has produced (and can identify as such) or cannot locate a complete copy of the Java 1.4 Asserted Work; (2) Oracle agrees to supplement its responses to each of Google's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 13 on the same schedule; and (3) Oracle promptly completes and certifies compliance with the Court's orders as to all non-custodial production relating to FRAND and RAND pricing and the valuation of Sun, including relevant documents from its public web sites.

Respectfully submitted,

Scott T. Weingaertner,
*Counsel for Google Inc.*

cc: Counsel of Record via ECF