1   MORRISON & FOERSTER LLP
    MICHAEL A. JACOBS (Bar No. 111664)
2   mjacobs@mofo.com
    MARC DAVID PETERS (Bar No. 211725)
3   mdpeters@mofo.com
    DANIEL P. MUINO (Bar No. 209624)
4   dmuino@mofo.com
    755 Page Mill Road
5   Palo Alto, CA  94304-1018
    Telephone: (650) 813-5600 / Facsimile: (650) 494-0792
6
    BOIES, SCHILLER & FLEXNER LLP
7   DAVID BOIES (Admitted *Pro Hac Vice*)
    dboies@bsfllp.com
8   333 Main Street
    Armonk, NY  10504
9   Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
    STEVEN C. HOLTZMAN (Bar No. 144177)
10  sholtzman@bsfllp.com
    1999 Harrison St., Suite 900
11  Oakland, CA  94612
    Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
12
    ORACLE CORPORATION
13  DORIAN DALEY (Bar No. 129049)
    dorian.daley@oracle.com
14  DEBORAH K. MILLER (Bar No. 95527)
    deborah.miller@oracle.com
15  MATTHEW M. SARBORARIA (Bar No. 211600)
    matthew.sarboraria@oracle.com
16  500 Oracle Parkway
    Redwood City, CA  94065
17  Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

18  *Attorneys for Plaintiff*
    ORACLE AMERICA, INC.
19

20                  UNITED STATES DISTRICT COURT

21                NORTHERN DISTRICT OF CALIFORNIA

22                   SAN FRANCISCO DIVISION

| | |
|---|---|
| 23  ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| 24           Plaintiff, | **ORACLE'S MEMORANDUM DESCRIBING ITS PLAN FOR** |
| 25      v. | **STREAMLINING THE CASE FOR TRIAL** |
| 26  GOOGLE INC. | Dept.:  Courtroom 9, 19th Floor |
| 27           Defendant. | Judge:  Honorable William H. Alsup |

28

1

2

3

Pursuant to the Court's April 25, 2011 Order Requesting Memoranda, Oracle America ("Oracle") hereby sets forth its plan for reducing the number of claims to a triable number by the trial date and how to account for the PTO reexaminations currently in progress.

4

5

### I.   SCHEDULE FOR REDUCING THE NUMBER OF PATENT CLAIMS AND PRIOR ART REFERENCES

6

7

8

Oracle presently asserts that Google infringes 132 different patent claims in seven patents. The smallest number of patent claims asserted from one patent is five, from the '205 patent; the largest is thirty-one, from the '104 patent.

9

10

11

12

13

14

15

16

17

At the same time, Google presently asserts that thirty-one references anticipate and twenty-one combinations of references render obvious the asserted claims of seven patents-in-suit, based on the charts that it provided with its invalidity contentions.  Google also served a 24-page list of more than 500 prior art references that, in some unexplained manner, Google alleged could be combined to render obvious the patents-in-suit.  Google has also asserted many other grounds of invalidity against the patent claims, such as definiteness, written description, enablement, and double patenting.  Many of Google's invalidity contentions are inconsistent and presented in the alternative: Google contends that many patent claims are not enabled but also contends that the same claims are enabled by the prior art.

18

19

20

21

22

23

24

25

So how shall the parties streamline the case?  It is important that it be done in a way that respects due process and does not prejudice the parties, yet at the same time promotes sound judicial administration.  *See In re Katz Interactive Call Processing Patent Litig.*, No. 09-1450, — F.3d —, 2011 WL 607381, at *2, *3, *4 (Fed. Cir. Feb. 18, 2011) (finding that district court's multi-stage claim selection procedure applied to asserted patents sharing a common genealogy did not violate due process).  For the reasons discussed in Section II, the reexaminations will not be helpful in this regard, mainly because this case will conclude long before any of the reexaminations do.

26

27

28

Oracle is amenable to a process for limiting the number of asserted patent claims that also limits the number of asserted grounds of invalidity.  The process should be tied to key events in the case and ensure the parties will fairly benefit from fact and expert discovery that test their

1   theories of the case.  It makes sense to have an initial reduction of claims and references in

2   advance of expert reports.  Another reduction can be made after the expert reports but before

3   dispositive motions are filed.  The last and final reduction should be connected to the pretrial

4   conference, when the Court and the parties determine how the trial is to proceed.

5          Oracle proposes the following schedule:

6

| Date | Event |
|------|-------|
| June 30, 2011 | Oracle narrows the number of its asserted claims to 75 |
| July 8, 2011 | Google narrows its asserted prior art references or combinations of references to 4 per patent |
| September 2, 2011 | Oracle narrows the number of its asserted claims to 35 Google narrows its invalidity contentions to 3 asserted grounds of invalidity per patent |
| October 17, 2011 Final pretrial conference | Oracle identifies a triable number of asserted patent claims Google identifies a triable number of invalidity grounds |

17          To compare to the current scheduling order, initial expert reports are due on July 29 and

18   the deadline for dispositive motions is September 8.  For purposes of counting, one of Google's

19   invalidity charts can be counted as one ground, reference, or combination.

20          This proposal takes advantage of the momentum that the Court's schedule has established.

21   The parties have exchanged hundreds of pages of infringement and invalidity contentions.

22   Discovery is proceeding quickly, with depositions, document productions, and interrogatory

23   responses well under way.  The parties selected their most significant terms for construction (four

24   selected by Google and two selected by Oracle), the Court has issued a tentative claim

25   construction order, and this phase of the claim construction process is nearly finished.

26          Oracle's proposal also draws upon the approach taken by Judge Whyte in *Software Rights*

27   *Archive LLC v. Google Inc.*, No. 08-cv-3172-RMW-PVT, slip op. at 3 (N.D. Cal. Oct. 15, 2010).

28

1    That case involves three closely related patents involved in concurrent reexaminations and no

2    claim construction hearing had yet occurred.  Judge Whyte's approach was to have the patent

3    owner promptly reduce the number of asserted claims from 64 to 20, the defendants promptly

4    narrow their invalidity contentions from more than a hundred references to 3 anticipatory

5    references and 3 obviousness combinations per claim, and the patent owner to again reduce the

6    number of claims after the claim construction order issues (the briefing had not yet begun).

7    Oracle's proposal here is proportional to Judge Whyte's approach because this case involves six

8    unrelated patents (only the '447 and '476 patents have similar specifications) whereas the

9    *Software Rights Archive* case involved three patents having similar specifications.

10   **II.     THE REEXAMINATION PROCEEDINGS DO NOT PROVIDE ANY
            ADVANTAGE TO EITHER PARTY OR THE COURT**

11

12          From a case management perspective, the pending reexaminations will provide little if any

13   benefit to the Court or the parties.  Oracle does not see a way to depend on them without dramatic

     disruption to the schedule set by the Court.  The circumstances here do not warrant a stay.
14
            Under the current schedule, the trial in this case will be finished well before the
15
     reexaminations conclude.  According to current PTO statistics, the average number of months
16
     between a reexamination request and the issuance of a reexamination certificate is 31.8 months
17
     for *ex parte* reexamination and 37.9 months for an *inter partes* reexamination.  One would thus
18
     predict Google's reexaminations to end no sooner than late 2013.  Employing a very aggressive
19
     estimate, in which the Patent Office acts near-instantaneously and every examiner decision is
20
     adverse to Oracle, the first opening appeal brief would be due at the Board of Patent Appeals and
21
     Interferences in January 2012.  It is not at all clear that this Google-optimistic estimate could be
22
     realized in practice, particularly given the recent substantial reduction in the PTO's budget and
23
     the cancellation of all examiner overtime.  Add to this scenario the fact that Board has been
24
     resolving reexaminations in six months to a year, and that an appeal to the Board would be
25
     followed by an appeal to the Federal Circuit, 2013 for the earliest conclusion is quite optimistic.
26
            The Court should not assume that the reexaminations will be favorable to Google.  Events
27
     in the reexaminations will occur on a patent-by-patent, claim-by-claim, reference-by-reference
28

ORACLE'S MEMORANDUM DESCRIBING ITS PLAN FOR STREAMLINING THE CASE FOR TRIAL
CASE NO. CV 10-03561 WHA                                                                      3
pa-1461589

1   basis.  As a matter of probability, some decisions will favor Oracle, some will favor Google.  That

2   has already happened.  The PTO disagreed with Google about six of the eight grounds asserted

3   against the '205 patent and has limited the scope of that *inter partes* reexamination accordingly.

4   The PTO agreed with Google with respect to arguments made against the '720 patent and has

5   issued rejections based on those arguments.  The PTO disagreed with Google regarding three

6   claims of the '520 patent and declined to reexamine them.  Two of those claims are asserted in

7   this case, and so, at this moment, there are two asserted claims from the '520 patent that are not

8   part of any reexamination proceeding.

9       With respect to the reexaminations, Google has taken different approaches in the different

10   types of proceedings.  In the two *inter partes* reexaminations (for the '205 and '720 patents),

11   Google provided all of the charts from its invalidity contentions in this case, presumably because

12   of the estoppel that attaches to *inter partes* reexamination proceedings.  In the five *ex parte*

13   reexaminations, however, Google withheld many of its prior art references from its reexamination

14   requests, and instead chose to present only a selection to the Patent Office.

15       The consequence of Google's approach is that Google may file serial *ex parte*

16   reexamination requests whenever the PTO makes a decision Google does not like.  Google has

17   already done this.  Google responded to the PTO's finding that Google failed to raise a substantial

18   new question of patentability with respect to three claims of the '520 patent by filing a second *ex*

19   *parte* reexamination request, asserting a different combination of references.  By reserving most

20   of its art, Google is well-armed to repeat this process.

21       The fact that the *inter partes* reexaminations will always trail this litigation means they are

22   not relevant.  Under the reexamination statute, they will be dismissed before they are concluded.

23   For any patent claim for which Google fails to carry its burden of proving invalidity in court, 35

24   U.S.C. § 317 provides that, after a final federal court decision on the merits, "an inter partes

25   reexamination requested by that party or its privies on the basis of such issues may not thereafter

26   be maintained by the Office."  35 U.S.C. § 317; MANUAL OF PATENT EXAMINING PROCEDURE

27   § 2686.04.  And if there were a patent claim for which Google succeeded in carrying its burden in

28   court, the inter partes reexamination would be dismissed as well.  *See id.*  Google may crow about

1   the initial rejections in the '720 *inter partes* reexamination, but it is the jury this October who will

2   decide the fate of that patent, not the examiner.

3   **III.     CONCLUSION**

4           It makes sense for the parties to focus their infringement and validity cases in an

5   organized manner.  It does not make sense for the Court to surrender management of its docket to

6   the Patent Office.  The schedule of this case should not be tied to the unpredictable schedule of

7   the reexaminations—the different proceedings run on their own individual tracks.

8

9           Respectfully submitted,

10

11  Dated: April 29, 2011                          MICHAEL A. JACOBS
                                                    MARC DAVID PETERS
                                                    DANIEL P. MUINO
12                                                  MORRISON & FOERSTER LLP

13
                                                    By:  /s/ Michael A. Jacobs
14
                                                        *Attorneys for Plaintiff*
15                                                      ORACLE AMERICA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28