1  DONALD F. ZIMMER, JR. (SBN 112279)      IAN C. BALLON (SBN 141819)
   fzimmer@kslaw.com                        ballon@gtlaw.com
2  CHERYL A. SABNIS (SBN 224323)           HEATHER MEEKER (SBN 172148)
3  csabnis@kslaw.com                        meekerh@gtlaw.com
   KING & SPALDING LLP                      GREENBERG TRAURIG, LLP
4  101 Second Street – Suite 2300           1900 University Avenue
   San Francisco, CA 94105                  East Palo Alto, CA 94303
5  Telephone: (415) 318-1200                Telephone: (650) 328-8500
6  Facsimile: (415) 318-1300                Facsimile: (650) 328-8508

7  SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
   sweingaertner@kslaw.com
8  ROBERT F. PERRY
9  rperry@kslaw.com
   BRUCE W. BABER (*Pro Hac Vice*)
10 bbaber@kslaw.com
   KING & SPALDING LLP
11 1185 Avenue of the Americas
   New York, NY 10036-4003
12 Telephone: (212) 556-2100
13 Facsimile: (212) 556-2222

14 Attorneys for Defendant
   GOOGLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| ORACLE AMERICA, INC. | Case No. 3:10-cv-03561-WHA |
|---|---|
| Plaintiff, | Honorable Judge William Alsup |
| v. | **DEFENDANT GOOGLE INC.'S MEMORANDUM SETTING FORTH PLAN TO REDUCE CLAIMS TO A TRIABLE NUMBER** |
| GOOGLE INC. | |
| Defendant. | |

Google Inc. ("Google") thanks the Court for the opportunity to present its views on a plan for reducing the number of claims to a triable number by the trial date and how to take advantage of the PTO reexaminations now in progress.

### I.   Proposed Plan for Reducing the Number of Claims

Oracle currently asserts 132 claims of seven patents.  Google believes that Oracle can effectively reduce this large number of claims, and their attendant burdens for trial, through a phased step-down process.  That process would afford Oracle the benefit of (1) the PTO's positions on the patentability of its claims, and (2) the full range of Google's defenses (which may be informed by Oracle's responses in the pending reexamination proceedings), while coordinating the timing of the elections of claims for efficiency during expert discovery, trial, and the ongoing reexamination proceedings.  This approach is similar to the "champion patent" approach but seeks to provide additional flexibility and timing milestones that would allow Oracle to make informed decisions about its selection of claims.

Under this approach, Oracle may refrain from proceeding on claims that are redundant and/or that present issues that are ripe for summary judgment.  By eliminating such claims, the parties would eliminate the need to trouble the Court with the effort of hearing and deciding those issues.  As a further aid to the Court, the parties could meet and confer about the details of such a plan and jointly present a proposed schedule.

To further streamline the triable issues and reduce the burden on the Court and the parties, Google proposes a symmetric phased step-down of the prior art references/combinations applied in its invalidity contentions.  More specifically, Google would reduce the number of asserted prior art references / combinations in response to each election by Oracle.

The parties would be obliged to follow this approach and would be bound by the decision to reduce claims, patents, or defenses.  In Oracle's case, it would forego the opportunity to assert the dropped, non-asserted claims or patents against Google as to the accused products.  In Google's case, it would forego the opportunity to assert invalidity of any claims of the patents-in-suit based on dropped, non-asserted prior art references / combinations.

**Proposed Phase I Election**:  In Phase I, Oracle would elect a reduced set of claims, on the order of 40 claims or as specified by the Court, within a given time following the Court's Order.  Google notes that Oracle's final Patent Local Rule 3-1 Infringement Contentions include

1  contentions for 91 claims that set forth allegations by reference substantially to other claims and
2  not by way of any unique reading on any accused act and instrumentality.  Oracle might
3  therefore address its Phase I Election largely by culling those of its claims for which its
4  contentions are duplicative.

5  For its part, Google would conduct a first reduction of its prior art references /
6  combinations, identifying six prior art references / combinations per claim, or as specified by the
7  Court.  With this reduction of claims and prior art defenses, both parties will be better positioned
8  to select claims (and prior art references) for purposes of expert discovery in Phase II, below.

9  In response to Oracle's Phase I Election, Google would also identify any dispositive
10 motions that it may file that, if granted, would reduce the issues to be tried.  This identification
11 would be served on Oracle at a time prior to the deadline established for Oracle's Phase II
12 Election, below.

14 **Proposed Phase II Election**:  In Phase II, which Google suggests should occur prior to
15 the deadline for submission of opening expert reports on July 29, 2011, Oracle would elect a
16 further subset of its claims, on the order of 20 claims or as set by the Court.   Google would then
17 elect a reduced set of prior art references / combinations for each of the remaining asserted
18 claims within a short time after Oracle's election.  This reduced set would be on the order of 4
19 prior art references / combinations per asserted claim, or as set by the Court.  As discussed below
20 and in accordance with Google's Phase I requirement (above), Oracle's Phase II Election could
21 take into account an assessment of Google's proposed dispositive motions, thereby reducing the
22 need for summary judgment motions.

23 This diminution in the scale of the asserted claims and prior art defenses would allow the
24 parties to focus expert discovery on a subset of the total claims that would be far more likely to
25 proceed to trial.  As discussed further below, the proposed Phase II Election would also take
26 advantage of the ongoing reexamination proceedings, giving Oracle the benefit of feedback from
27 the PTO.  The PTO has begun issuing first office actions containing valuable feedback, and the
28 parties expect additional office actions to be issued over the coming months and into late June.

**Proposed Phase III Election**: At a suitable date, such as after the expert discovery cutoff on September 2, 2011, Oracle would make a final election of a small triable number of claims, e.g., two claims or such other number as the Court may require. (*See* Dkt. 121, April 20, 2011 Transcript at 77:6-8). Following that final election of claims, Google would elect the set of prior art references / combinations that it would assert at trial for each of the remaining asserted claims, e.g., two per asserted claim, or such other number as the Court may require.

## II.     PTO Reexaminations of the Patents-in-Suit

All claims of the seven asserted patents are the subject of pending reexamination proceedings in which the PTO has identified substantial new questions of patentability based on some, but not all, of the submitted prior art. Of these, the PTO issued an Office Action (rejecting all claims) in the *inter partes* reexamination of the '720 patent on April 18, 2011, as to which Oracle's deadline to substantively respond is May 18, 2011. Google estimates that an Office Action should issue in the *inter partes* reexamination of the '205 patent by the end of April, which would require a substantive response by the end of May. For the remaining reexaminations, which are *ex parte*, Google believes that Office Actions are likely to issue in early to mid-June (during fact discovery and over a month in advance of the deadline for opening expert reports), making responses due around mid-August, near the tail end of expert discovery.

Google's plan could allow the Phase II Election to be set so that Oracle can, in deciding which claims to elect, take advantage of the PTO's Office Actions. This plan could be used to place the Phase III Election after the expert discovery cutoff so that Oracle can take advantage of positions in Google's expert reports. The proposed Phase III Election date could also take into account the dispositive motion deadline, a further aid to Oracle as it makes its final election of claims.

The timing of Office Actions and Oracle's responses thereto could significantly complicate expert discovery and, theoretically, claim construction. The parties could keep the Court apprised of developments through joint status reports, which would provide a brief opportunity for the parties to make observations pertinent to the Court's management of the case.

Google notes that, although reexaminations can focus the case substantially, the reexamination outcomes will not be known until they run their course, at least through a final rejection of the claims or an allowance. This may be months from now. While appeals are possible, the realistic outcome is set for the most part after the prosecution has run its course.

### III.  Conclusion

Google again thanks the Court for the opportunity to submit its views on a proposed plan intended to make this case triable and will be pleased to provide further suggestions or to confer with Oracle as the Court sees fit.

| | |
|---|---|
| DATED:  April 29, 2010 | **KING & SPALDING LLP**<br><br>By:  /s/ Scott T. Weingaertner<br><br>SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER *(Pro Hac Vice)*<br>bbaber@kslaw.com<br>1185 Avenue of the Americas<br>New York, NY 10036-4003<br>Telephone:  (212) 556-2100<br>Facsimile:   (212) 556-2222<br><br>DONALD F. ZIMMER, JR. (SBN 112279)<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS (SBN 224323)<br>csabnis@kslaw.com<br>KING & SPALDING LLP<br>101 Second Street – Suite 2300<br>San Francisco, CA 94105<br>Telephone: (415) 318-1200<br>Facsimile:  (415) 318-1300<br><br>IAN C. BALLON (SBN 141819)<br>ballon@gtlaw.com<br>HEATHER MEEKER (SBN 172148)<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Telephone: (650) 328-8500<br>Facsimile: (650) 328-8508<br><br>ATTORNEYS FOR DEFENDANT<br>GOOGLE INC. |