IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.
                                  /

No. C 10-03561 WHA

**ORDER RE SCHEDULE FOR NARROWING ISSUES FOR TRIAL**

Having reviewed the parties' memoranda regarding the reexamination proceedings and the streamlining of this action, for which counsel are thanked, the Court proposes a three-step process, as below. Each side may file a five-page (double spaced, twelve-point Times New Roman font, no footnotes, and no attachments) critique of the tentative schedule by **NOON ON MAY 6, 2011**. After taking any critiques into account, the schedule will be finalized.

Currently, there are 132 claims from seven patents asserted in this action, and there are hundreds of prior art references in play for invalidity defenses. This is too much. The following schedule will ensure that only a triable number of these items — *three claims and eight prior art references* — are placed before the jury in October, all others to be forsaken. Oracle will surrender all of its present infringement claims against Google based on the 129 asserted claims that will not be tried. *Oracle may not renew those infringement claims in a subsequent action except as to new products.*

The first reduction will follow claim construction. Within **SEVEN DAYS** after the finalized claim construction order issues, Oracle shall narrow its patent infringement case to **40 asserted claims**. Within **SEVEN DAYS** after that, Google shall narrow its invalidity case to **120 prior art references**. It is anticipated that this first pair of reductions will be completed by the end of May.

The second reduction will follow expert disclosures. By **AUGUST 24** (five days after reply expert reports must be served), Oracle shall narrow its patent infringement case to **20 asserted claims**. By **AUGUST 29** (five days later), Google shall narrow its invalidity case to **60 prior art references**. The parties will then have a week of expert discovery remaining, and another week before summary-judgment motions must be filed.

The third reduction will follow summary judgment. Between the date on which the summary-judgment order issues and the final pretrial conference, Oracle shall select no more than **three asserted claims** and Google shall select no more than **eight prior art references** for trial. All others will be forsaken. Counsel did not specify their understanding of a "triable number" of claims and prior art references, so the Court selected these figures based on its own views and experience. The exact dates for the final selections will be set in the summary-judgment order. Unless summary-judgment motions are filed early, the summary-judgment hearing will fall on October 13. If that happens, then the final pretrial conference currently scheduled for October 17 will be continued to October 24 in order to allow time for this process.

The trial remains set to begin on October 31. The parties, however, are requested to comment on the following. If our trial were postponed until *after* the inter partes reexaminations, to what extent would the results there possibly moot out the need for a trial here? When will the ex parte reexaminations be completed?

**IT IS SO ORDERED.**

Dated: May 3, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE