MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO TENTATIVE CLAIM CONSTRUCTION ORDER AND REQUEST FOR CRITIQUE**<br><br>Dept.: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

Pursuant to the Court's April 28, 2011 Tentative Claim Construction Order and Request for Critique, Oracle responds to the Court's tentative claim constructions.

## I. INTRINSIC EVIDENCE SUPPORTS THE COURT'S TENTATIVE CONSTRUCTIONS FOR MOST TERMS

Oracle submits that the intrinsic evidence supports the Court's tentative claim constructions for:

**"reduced class file"**: *e.g.*, '702, Claim 1 ("removing said duplicated elements from said plurality of class files to obtain a plurality of reduced class files");

**"the play executing step"**: *e.g.*, '520, 2:66 ("simulates executing ('play executes')");

**"intermediate form code" and "intermediate form object code"**: *e.g.*, '104, 2:27-29 ("A method and apparatus for generating executable code and resolving data references in the generated code is disclosed."); and

**"resolve" and "resolving"**: '104, 2:44-47 ("resolves a symbolic reference and rewrites the symbolic reference into a numeric reference").

Oracle agrees that "computer readable media" and variants of the phrase require individualized attention to the intrinsic evidence and prosecution history of each patent from which they hail. *See* Tentative Claim-Construction Order at 24 (Dkt. 128).

## II. "DYNAMIC RESOLUTION" IS NOT INHERENT IN "SYMBOLIC REFERENCE"

The Court's tentative construction of "symbolic reference" is "a reference that identifies data by a name other than the numeric memory location of the data, and that is resolved dynamically rather than statically." The first portion follows directly from the intrinsic evidence. The Court identified the portion of the '104 specification that distinguished between symbolic (name-based) references and numeric (location-based) references: "Instead, a symbolic reference identified data by a 'symbolic name' (col. 1:64-67)." Tentative Claim-Construction Order at 21 (Dkt. 128.)

Oracle submits that the requirement that a "symbolic reference" also be "resolved dynamically rather than statically" is not supported by the intrinsic evidence. Symbolic references need not be resolved dynamically. The '104 patent discloses that in a compiled

programming language, "[r]eferences to data in the generated code are resolved prior to execution based on the layout of the data objects that the program deals with, thereby, allowing the executable code to reference data by their locations." '104, 1:29-32.  Disclosed examples of data references are x, y, and name, which the compiler resolves to location-based references.  '104, 1:37-40 ("Thus, an instruction that accesses or fetches y, such as the Load instruction 14 illustrated in FIG. 1, is resolved to reference the variable y by the assigned slot 2 . . . ."), 1:51-54 ("[I]f the point data object had a new field added at the beginning called name, which contains the name of the point, then the variables x and y could be reassigned to slots 2 and 3.").  The only constraint the '104 claims and specification impose on "symbolic reference" (beyond the ordinary meaning of the term in the art) is that it be resolved into a numeric reference.  *See* '104 Abstract; 2:38-51; 5:10-17 & Fig. 7; 5:32-41 & Fig. 8; 5:59-6:14; 6:31-62; Claims 11-41.

The '104 specification thus discloses that it is not inherent in "symbolic reference" that a symbolic reference is resolved dynamically rather than statically.  The addition of "resolved dynamically rather than statically" to the construction serves to import a word that is used to describe an exemplary routine that performs the resolution of symbolic references (the "dynamic field reference routine") but is not itself part of the meaning of "symbolic reference."  *See, e.g.*, '104, Claim 24 ("when it is determined that the bytecode of the program contains a symbolic data reference, invoking a dynamic field reference routine to resolve the symbolic data reference").

Oracle remains concerned that the meaning of "dynamic" in the context of the '104 patent has not been fleshed out and may lead to a "construction of the construction" problem.  As Google's dictionary indicates, "dynamic" is a word with many nuanced meanings that depend on its use in context.  *See* Supplemental Declaration of Truman Fenton, Ex. P (Dkt. 103).

Oracle further suggests that deciding upon any particular gloss on "symbolic reference" is better done in the context of the infringement or validity issues, rather than in the abstract. Google's programmers wrote that Android "converts symbolic references into pointers," using the same language that the patent does.  If Google aims to slip the noose of its own creation by arguing that its "symbolic reference" is not the patent's "symbolic reference," it is better for the Court to have an understanding of the impact that the inclusion of "resolved dynamically rather

than statically" may have on Google's noninfringement arguments when the Court makes its claim construction decision.

### III. CONCLUSION

The Court should adopt its tentative claim constructions for "reduced class file"; "the play executing step"; "intermediate form code" and "intermediate form object code"; and "resolve" and "resolving." Oracle requests that the Court remove "and that is resolved dynamically rather than statically" from its tentative construction of "symbolic reference."

Respectfully submitted,

Dated: May 6, 2011

MICHAEL A. JACOBS
MARC DAVID PETERS
DANIEL P. MUINO
MORRISON & FOERSTER LLP

By: /s/ Marc David Peters

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.