MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>                    Plaintiff,<br><br>          v.<br><br>GOOGLE INC.<br><br>                    Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO ORDER RE SCHEDULE FOR NARROWING ISSUES FOR TRIAL**<br><br>Dept.: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

Pursuant to the Court's May 3, 2011 Order Re Schedule for Narrowing Issues for Trial, Oracle responds to (1) the Court's tentative schedule, and (2) the Court's questions regarding reexamination.

### I. THE COURT'S TENTATIVE SCHEDULE FOR REDUCING THE NUMBER OF PATENT CLAIMS AND PRIOR ART REFERENCES WILL SEVERELY PREJUDICE ORACLE

Oracle acknowledges the Court's experience with complex patent trials and its desire to present a triable case to the jury. Both sides' submissions offered proposals to accomplish that objective, but, as the Order notes, neither side proposed a specific number of claims or references to be tried.

The Court's proposal to limit Oracle to only three asserted claims, however, will prejudice Oracle in the upcoming trial. That prejudice will be seen in both Oracle's damages and liability case. Moreover, the Court's requirement that Oracle *surrender* untried claims will deny Oracle due process and its right to a jury trial. The Court's proposal, moreover, will place additional pressure on motions for summary judgment. Oracle recommends that the Court decide the number of claims to be tried closer to trial.

#### A. Limiting Oracle to Three Claims at Trial Will Prejudice Oracle's Damages Case

As will be clear from its opening expert report on damages, due on May 20, Oracle is seeking very substantial damages from Google in this action. The intellectual property that Google has infringed is technically and economically core to Android; Android is a multi-billion dollar proposition of core strategic significance to Google; and Android fundamentally undermines Oracle's Java technology.

Google has already signaled (at the *Markman* tutorial) one line of attack on Oracle's claims: that Oracle's patent claims do not read on a significant enough portion of Android to warrant a substantial recovery. The patent damages evidence at trial accordingly will likely include testimony relating to the substantiality of the infringement. The parties will undoubtedly debate the benefits Android derives from Google's incorporation of the patented inventions, both alone and in combination. If allowed, Oracle intends to prove to the jury that Google infringes

not just one, two, or *three* patent claims, but claims from each of the *seven* patents-in-suit, and that the infringement – viewed both on a patent-by-patent basis and in combination – is indispensable to Android's viability as a platform for mobile devices.  This will serve as the technical predicate for the economic analysis that Oracle's damages expert will offer: given Android's enormous present and future contribution of revenues to Google (through advertising and other commercial benefits attributable to Android), Oracle is entitled to a substantial recovery.

If the Court adopts its tentative limits on the number of claims to be tried, however, Google may contend that Android could have been equally successful without any one, or two, or even three of the claimed inventions and hence that Oracle is entitled only to very limited patent damages.  The Court's tentative restriction of three claims at trial (unless Oracle prevails on motions for summary judgment of infringement, discussed below) thus would unfairly affect Oracle's damages claim.

Oracle's case is not based on multiple patent claims without meaningful differences between them; rather, each patent embodies significant inventive contributions and distinct innovations.  Although in principle Oracle believes that any one patent claim could technically and economically justify a substantial award, under the Court's proposed limits it will likely be more difficult to persuade a jury that a substantial portion of Android's value and the harm to Oracle is due to infringement.  This prejudice alone warrants reconsideration of the proposed limits.

    **B.**  **Limiting Oracle to Three Claims at Trial Will Prejudice Oracle's Liability Case**

The seven patents that Oracle has asserted each claim materially different inventions. Except for the '447 and '476 patents, the patents have different specifications, filing dates, claims to priority, and inventors.  Even the '447 and '476 patents, which share specifications, claim substantially different inventions: the '447 is directed to establishing protection domains and establishing associations between the protection domains and classes, whereas the '476 is directed

1  to determining whether a requested action is authorized based on permissions associated with
2  routines in a calling hierarchy.

3  The proposed restrictions would undermine Oracle's ability to have a full and fair trial
4  regarding Google's extensive infringement of Oracle's valuable intellectual property rights.  As
5  discussed above, each asserted patent embodies distinct innovations.  *See In re Katz Interactive*
6  *Call Processing Patent Litig.*, No. 09-1450, -- F.3d --, 2011 WL 607381, at *5 (Fed. Cir. Feb. 18,
7  2011) (reciting "statutory presumption that each claim is independently presumed valid" and
8  "rebuttable presumption that different claims are of different scope").  Each patent also presents,
9  therefore, distinct validity and infringement issues.  To limit Oracle to presentation of only three
10 claims (again, leaving aside the possibility of offensive summary judgment victories) is, in effect,
11 to wrest these valuable intellectual property rights from Oracle to the benefit of Google, the
12 accused infringer, providing Google with a greater likelihood of prevailing on liability.

13          **C.      Limiting Oracle to Three Claims at Trial Will Deny Oracle Due
                      Process**
14

15 The Court's order would require Oracle to surrender permanently the "deselected" claims
16 against current versions of Android.  In *Katz,* 2011 WL 607381, at *2-4, the Federal Circuit
17 endorsed a trial court's imposition of limitations on the number of asserted patent claims at trial
18 and denial of the plaintiff's motion to sever untried claims for later trial.  (Out of 1,975 originally
19 asserted claims, the trial court limited the plaintiff to 16 claims per "defendant group,"
20 comprising four claims for each of four groups of patents sharing a common specification.)  The
21 Federal Circuit did so, however, only on careful consideration of the trial judge's procedure for
22 imposing trial limits on asserted claims.  Notably, the trial judge allowed the plaintiff to add
23 claims if the plaintiff showed that the claims "raise[d] issues of infringement/validity that [were]
24 not duplicative of previously selected claims."  *Id.*, at *2 (quotations omitted).  Because the
25 plaintiff had identified no errors in the district court's initial assessment, which revealed that the
26 patents contained many duplicative claims, the trial court's process was judged fair and
27 appropriate.  *Id.*, at *4.
28

The Court's order includes no such procedure and makes no allowance for non-duplicative claims. It imposes far sharper restrictions than the trial court imposed in *Katz*. The order would thus deny Oracle due process. As the Federal Circuit noted in *Katz*, to make out a due process claim, the patentee "must demonstrate that the district court's claim selection procedure risked erroneously depriving it of its rights and that the risk outweighed the added costs associated with a substitute procedure. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)." *Id.*, at *3. Here, the Court has proposed no substitute procedure, but rather requires Oracle to forego claims permanently even if they are non-duplicative.

We understand the Court's desire to limit each side to a manageable number of claims and prior art references. Oracle believes, however, that the number should be larger – three claims per patent. Just as important, the ultimate decision on the number of claims should be made closer to trial – after summary judgment and after the Court has heard from the parties on the distinctions among the remaining claims for trial, consistent with *Katz*. This added procedure would not add significant cost or time and would reduce the risk of error in depriving Oracle of its valuable rights.

The limitations should also be imposed after Google refines its invalidity defenses. Although the order imposes limits on Google's triable prior art references, it imposes no limits on Google's other invalidity defenses. This could result in considerable unfairness: Google can maintain a highly elastic defense strategy and present multiple invalidity defenses against Oracle's excessively narrowed claim set target. Limits on Oracle's triable claims should be accompanied by limits on Google's triable defenses in toto, not merely those based on prior art.

### D. Limiting Oracle to Three Claims at Trial Will Place Heavy Pressure on Summary Judgment

The Court's proposed limits on the number of claims Oracle may present at trial will place considerable pressure on summary judgment. In view of those limits, Oracle will have little choice but to present affirmative motions for summary judgment of infringement on each patent. Only through that vehicle will Oracle have even a chance to protect its case on liability and

damages for all seven patents.  Presumably Google will face similar pressures to present its invalidity defenses on summary judgment as well.

We raise this issue now to prevent surprising the Court regarding the scope of these motions.  These will be technical motions with technical evidence in the form of expert declarations and deposition testimony.  They will be as brief as the content allows.  But they will require time to resolve.  We think it better for both the Court and the parties to balance summary judgment and trial, and not to impose such severe limits on trial presentation that summary judgment is artificially inflated.

## II.   THE REEXAMINATION PROCEEDINGS

Responding (briefly) to the Court's questions:

Only two patents are in *inter partes* reexamination, the '205 and '720 patents.  The PTO disagreed with Google about six of the eight grounds Google asserted against the '205 patent and limited the scope of that reexamination accordingly.  The PTO agreed with Google with respect to arguments made against the '720 patent and has issued rejections based on those arguments, to which Oracle will be responding shortly.  The extent to which – several years from now – the final results in the reexamination could moot the need for a trial here on those patents depends, of course, on the outcome in reexamination.

The remaining patents are subject to *ex parte* reexamination.  According to current PTO statistics, the average number of months between an *ex parte* reexamination request and the issuance of a reexamination certificate is 31.8 months.

Respectfully submitted,

Dated: May 6, 2011

MICHAEL A. JACOBS
MARC DAVID PETERS
DANIEL P. MUINO
MORRISON & FOERSTER LLP

By:  */s/ Michael A. Jacobs*

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.