DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street - Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

*Attorneys for Defendant*
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**GOOGLE'S STATEMENT IN RESPONSE TO THE COURT'S ORDER RE SCHEDULE FOR NARROWING ISSUES FOR TRIAL** |

Pursuant to the Court's May 3, 2011 Order re Schedule for Narrowing Issues for Trial (Dkt. 131) ("Order"), Defendant Google, Inc. ("Google") responds as follows to the Court's questions:

## I. Response to Request for Critique of Court's Schedule

Google agrees with the Court's three-step process in its entirety.

## II. If Trial Were Postponed, To What Extent Would The Results Of The Inter Partes Reexaminations Possibly Moot Need For Trial

Postponing the trial until after the completion of the inter partes reexaminations would most likely moot the need for a trial. It is very unlikely that the presently asserted patent claims will survive the reexamination process. And, even in the unlikely event that claims were to survive the reexamination process in their current form, their scope would likely be diminished based on the argumentation and evidentiary support entered into the administrative record to gain their allowance, which are key considerations in interpreting claim scope. As a result of claim cancellation or amendment, Oracle will not be entitled to past damages, and ongoing damages will be limited by the limited remaining terms of most of the patents-in-suit. This may impact the value of the case to Oracle, which in turn may moot the need for a trial.

The probability of any asserted claims surviving unchanged is quite low, based on the most recent reexamination statics. Oracle has suggested that "some decisions will favor Oracle [and] some will favor Google." However, the most recent U.S. Patent and Trademark Office ("PTO") statistics show that claims are cancelled or amended in 88% of inter partes reexaminations and in 76% of ex parte reexaminations. Cancelled claims cannot be infringed and amended claims are subject to absolute and equitable intervening rights. 35 U.S.C. §§ 307(b), 252; *Seattle Box Co., Inc. v. Indust. Crating & Packing, Inc.*, 731 F.2d 818, 830 (Fed. Cir. 1984). Based on these statistics, the outcome of the reexaminations is not simply an even coin-toss, as implied by Oracle, but is likely a narrowed claim scope. Unless Oracle includes only its narrowest claims in its final set of three asserted claims, it is highly probable that the claims selected will be cancelled or amended during the reexamination process. The claims subject to inter partes reexamination are even less likely to emerge unchanged. The statistics

1  discussed above are available at the U.S. Patent and Trademark Office's website under
2  Reexamination Information, which is available at
3  http://www.uspto.gov/patents/stats/Reexamination_Information.jsp.
4       The Court is in the process of construing five of the many claim terms at issue in this
5  case. The claim construction process relies heavily on the administrative record supporting the
6  claims of the patents-in-suit. Yet, this record has been reopened and is subject to significant
7  further development. Indeed, one week ago, Oracle asked for an extension of time to respond to
8  a first office action in the reexamination of the '720 patent. Request for Extension of Time
9  Under 37 C.F.R. § 1.956, *In re Inter Parte Reexamination of Nedim Fresko*, Control No.
10 95/001,560 (Apr. 29, 2011) (available at http://portal.uspto.gov/external/portal/pair). Such an
11 extension requires a showing of good cause, and Oracle argued that it would need time to
12 prepare and submit evidence, possibly including testimonial evidence from the inventor, along
13 with its arguments in support of the patentability of its claims. *Id.* at 3. This continuing
14 development of the administrative record is highly material to the issues in this case, and will
15 likely alter the bases for the parties' arguments, including Oracle's infringement theories in the
16 present case, which would again moot the need for a trial.
17      Some additional statistics may be helpful to the Court on this point. Currently, the PTO
18 is issuing first rejections on the merits of claims in about three months for inter partes
19 reexaminations and in about six months for ex parte reexaminations. Because these patents are
20 in litigation, Oracle will have limited ability to extend the time to respond to these office actions.
21 As a result, it is highly likely that the administrative record for all of the patents-in-suit will be in
22 flux by this summer, and certainly before trial. In addition, the PTO is currently issuing notices
23 of intent to issue a reexamination certificate in just over 20 months for ex parte reexaminations
24 and about 34 months for inter partes reexaminations. Such a notice is the effective end of
25 substantive prosecution and is the earliest date that the parties can know with some certainty
26 what claim scope, if any, will survive the reexamination proceeding.
27
28

2

GOOGLE'S STATEMENT IN RESPONSE TO THE COURT'S                    CIVIL ACTION No. CV 10-03561
ORDER RE SCHEDULE FOR NARROWING ISSUES FOR TRIAL

As discussed above, cancelled claims cannot be infringed and past damages are eliminated for amended claims.  35 U.S.C. §§ 307(b), 252; *Seattle Box Co., Inc. v. Indust. Crating & Packing, Inc.*, 731 F.2d 818, 830 (Fed. Cir. 1984).  Ongoing damages may also be eliminated for products existing prior to the claim amendments under a theory of equitable intervening rights.  *Seattle Box*, 731 F.2d at 830.  All but one patent asserted by Oracle have limited lives, expiring within 6-7 years of today for the most part.  As a result, the pending reexaminations may have a significant impact on the value of the case to Oracle and may well moot all claims of infringement against the accused instrumentalities, or dramatically impact the chance for settlement..

### III.     When Will the Ex Parte Reexaminations be Completed

The Court specifically inquired into the duration of the pending ex parte reexaminations.  The average pendency of ex parte reexaminations is just over 30 months, which is about 6 months shorter than the average pendency of inter partes reexaminations.  (This timeframe reflects additional administrative work after the notice of intent to issue a reexamination certificate discussed above.)  Thus, by the time the two inter partes reexaminations complete, all of the ex parte reexaminations should have also completed.  The overall pendency time for each ex parte reexamination may be longer if additional reexaminations are filed for those patents, e.g., by other entities.

### IV.     Copyright claims

Narrowing of the copyright claims need not be addressed by the Court at this time.  The copyright issues are ripe for summary judgment and are best handled in that manner.

3

GOOGLE'S STATEMENT IN RESPONSE TO THE COURT'S                                                CIVIL ACTION No. CV 10-03561
ORDER RE SCHEDULE FOR NARROWING ISSUES FOR TRIAL

DATED: May 6, 2011

**KING & SPALDING LLP**

By: /s/ Scott T. Weingaertner

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
ROBERT F. PERRY
BRUCE W. BABER *(Pro Hac Vice)*

*Attorneys for Defendant*
GOOGLE INC.

4

GOOGLE'S STATEMENT IN RESPONSE TO THE COURT'S                   CIVIL ACTION No. CV 10-03561
ORDER RE SCHEDULE FOR NARROWING ISSUES FOR TRIAL