DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**DEFENDANT GOOGLE INC.'S STATEMENT ON THE COURT'S TENTATIVE CLAIM CONSTRUCTION ORDER** |

Pursuant to the Court's Tentative Claim-Construction Order and Request for Critique (Dkt. 128) ("Order"), Defendant Google Inc. ("Google") hereby submits this Statement on the Court's Tentative Claim Construction Order.  At the outset, Google wishes to make clear that it agrees with much of this Court's reasoning and considers many of the claim constructions to be

favorable. To the extent that this Court's claim constructions differ from Google's, Google continues to believe that its proposed claim constructions were correct and that this Court should adopt them for reasons previously stated. Pursuant to the Court's invitation, Google hereby submits the following limited critique of the Court's tentative constructions:

## I.     Reduced Class File

The Court's construction that a "reduced class file" is "what remains after one or more duplicated elements have been removed from a class file" is consistent with the idea behind Google's proffered construction – i.e., the structure of the original "class file" that is not affected by the "reduction" is preserved in the resulting "reduced class file." Referring to the class file depicted in Figure 3 of the patent (*see* Tentative Order at 9), Google understands that under the Court's construction, any non-reduced structures of the depicted class file will remain intact or unmodified in the resulting "reduced class file."

With respect to what it means to be "reduced" in this context, Google agrees with the Court's analysis "that reduced class files are obtained by removing one or more duplicated elements from a plurality of class files that contain the same element or elements." (Tentative Order at 11.)

## II.    The Play Executing Step

Google has no critique of the Court's construction, recognizing the Court's power under *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003), to correct claims even when they may be perceived as sloppily drafted. However, Google reserves its objection to the validity of these claims as presently construed. Should either of the two affected claims persist through trial, Google reserves the right to challenge these claims under 35 U.S.C. § 101, § 112, ¶ 1, and § 112, ¶ 4. Briefly, claims 3 and 4 (which are dependent on claim 1) embody a contradiction by calling for the performance (or execution) of actions required by the byte code, while claim 1 explicitly recites that the byte code is not executed. Accordingly, these claims not only are indefinite, but also lack utility under 35 U.S.C. § 101 because they are inoperable. In addition, the limitations in claims 3 and 4 do not further limit claim 1 – since carrying out steps of execution does not limit the antecedent requirement that the method be "without execution" –

in violation of 35 U.S.C. § 112, ¶ 4.  Finally, a method that requires performance of execution steps, while at the same time also forbidding them, does not find support in the specification of the '520 patent under 35 U.S.C. § 112, ¶ 1.

### III.     Intermediate Form Object Code

Google has no critique of the Court's tentative construction, separate from the reasons urging the Court to adopt its proposed construction.

Contrary to Oracle's assertions, the tentative construction does not dispense with Google's prior art references.  Moreover, Google reserves its objections on the issue of whether an "intermediate representation" is or can be executable.

### IV.     Symbolic [data / field] Reference

Google has no critique of the Court's tentative construction of "symbolic reference."  We also note that the Court's understanding of the term "numeric reference" is consistent with Google's understanding and supports Google's non-infringement position relating to certain claims of the '104 patent.  Google expects that this additional guidance by the Court may aid the process of reducing the number of claims asserted at trial.

### V.     Resolve / Resolving

Google has no critique of the Court's tentative construction.  The tentative construction clarifies that the "resolving" steps of the '104 patent claims are not novel.  As counsel for Oracle admitted during the *Markman* hearing, this "resolving" – i.e., "at least determining a numerical memory-location reference that corresponds to the symbolic reference" – reads on the prior art. *See* April 20, 2011 Transcript at 69:11-15 ("**THE COURT:** But you still agree that the red, highlighted language there -- that was in the prior art?  **MR. JACOBS:**  Resolving symbolic references in instructions by determining numerical references?  **THE COURT:**  Yes.  **MR. JACOBS:**  On a stand-alone, basis? Yes.").

### VI.     Computer Readable Medium (and Related Terms)

Although Google respectfully submits, and believes that Oracle agrees, that these terms by their nature transcend the subject matter of the individual patents and are susceptible to a consistent construction, Google appreciates the Court's view that the parties' agreement to construe all of these terms as one term may not be appropriate in light of the differing technology and filing dates of the respective patents.  These claim terms were originally identified for

construction by Oracle, in order to avoid subject matter invalidity. However, at least for the patents where the term "computer readable medium" is expressly defined, no construction should be necessary. To the extent any such "computer readable medium" claims remain in the case after the asserted claims are dropped according to a process the Court may order, Google would seek the Court's leave, at an appropriate time, to move for summary judgment of invalidity of the "computer readable medium" claims under 35 U.S.C. § 101.

| | | |
|---|---|---|
| 1 | DATED:  May 6, 2010 | **KING & SPALDING LLP** |
| 2 | | By:  /s/ Scott T. Weingaertner |
| 3 | | SCOTT T. WEINGAERTNER (*Pro Hac Vice*) |
| 4 | | sweingaertner@kslaw.com |
| | | ROBERT F. PERRY |
| 5 | | rperry@kslaw.com |
| | | BRUCE W. BABER *(Pro Hac Vice)* |
| 6 | | bbaber@kslaw.com |
| 7 | | 1185 Avenue of the Americas |
| | | New York, NY 10036-4003 |
| 8 | | Telephone:  (212) 556-2100 |
| | | Facsimile:   (212) 556-2222 |
| 9 | | |
| 10 | | DONALD F. ZIMMER, JR. (SBN 112279) |
| | | fzimmer@kslaw.com |
| 11 | | CHERYL A. SABNIS (SBN 224323) |
| | | csabnis@kslaw.com |
| 12 | | KING & SPALDING LLP |
| | | 101 Second Street – Suite 2300 |
| 13 | | San Francisco, CA 94105 |
| 14 | | Telephone: (415) 318-1200 |
| | | Facsimile:  (415) 318-1300 |
| 15 | | |
| 16 | | IAN C. BALLON (SBN 141819) |
| | | ballon@gtlaw.com |
| 17 | | HEATHER MEEKER (SBN 172148) |
| | | meekerh@gtlaw.com |
| 18 | | GREENBERG TRAURIG, LLP |
| 19 | | 1900 University Avenue |
| | | East Palo Alto, CA 94303 |
| 20 | | Telephone: (650) 328-8500 |
| | | Facsimile: (650) 328-8508 |
| 21 | | |
| 22 | | ATTORNEYS FOR DEFENDANT |
| | | GOOGLE INC. |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |