**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.269.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG


May 9, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com


The Honorable William H. Alsup
Judge of the United States District Court
Northern District of California
450 Golden Gate Ave., Courtroom 9, 19th Floor
San Francisco, CA  94102

Re:  *Oracle America, Inc. v. Google, Inc.*, Case No. 3:10-cv-03561-WHA
     Oracle's Request for a Special Discovery Master to Resolve Motion For In-House
     Counsel Access to AEO Information and Other Discovery Disputes

Dear Judge Alsup:

   Oracle seeks to provide its designated in-house litigation counsel with access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, a request that Google has refused.  Mindful of the Court's heavy docket, Oracle proposes the appointment of a Special Master to handle this dispute, certain other discovery disputes that are ripe and as to which Oracle may be filing a motion shortly, and any future discovery disputes that may arise.  Oracle believes the appointment of a Special Master will help address the Court's concerns regarding judicial resources and time, as expressed in this morning's notice of case management conference.  We will be prepared to discuss this and other case management issues on Wednesday morning.

   It is within the Court's discretion to appoint a Special Master to assist with discovery issues.  Fed. R. Civ. P. 53(a) ("a court may appoint a master . . . [to] address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district"); *see Minor v. Christie's, Inc.*, 2011 U.S. Dist. LEXIS 9219 (N.D. Cal. Jan. 28, 2011) (Special Master appointed to resolve dispute).  The parties have a substantial amount of fact discovery to complete in the final few months before the cut-off on July 29, including completion of document productions, taking of additional depositions, and supplementing written discovery responses.  Having a Special Master will enable the rapid resolution of any discovery disputes that may arise, without placing an undue burden on the Court in the midst of its current trial duties.

   Oracle made this proposal to Google and specifically suggested Martin Quinn of JAMS to serve as the Special Master.  Google declined.  Oracle requests that the Court exercise its discretion to appoint a Special Master for the sole purpose of resolving discovery-related disputes in this case.

pa-1462130

MORRISON | FOERSTER

Hon. William Alsup
May 9, 2011
Page Two


If the Court is not inclined to appoint a Special Master, Oracle seeks leave to file a motion for permission to provide Oracle's designated in-house litigation counsel with access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information ("AEO information"), as permitted by the Stipulated Protective Order. As required, Oracle has presented Google with information establishing the qualifications of four Oracle in-house attorneys (Dorian Daley, Deborah Miller, Matthew Sarboraria, and Andrew Temkin) to see AEO information. Google has objected to all four designees, leaving Oracle without a single in-house attorney privy to AEO information. Given Google's refusal to permit access, Oracle is forced to seek the Court's assistance.

Oracle's four designees are directly responsible for overseeing and managing this litigation. Given the fast pace of the case, access to AEO information is critical to enable in-house counsel to: (1) expeditiously make informed decisions and provide feedback to outside counsel; (2) advise Oracle's senior management (who are not permitted to receive AEO information) on case decisions; and (3) engage in meaningful settlement discussions. Oracle is entitled to have its in-house litigators fully engaged in this case, subject to the safeguards imposed by the Stipulated Protective Order. Oracle's request is particularly urgent in light of the mediation that the parties have scheduled for May 17, 2010. Without access to full information, Oracle may be unable to properly evaluate the case for settlement discussion purposes.

Google's objection to Oracle's four designees is based on the mistaken assumption that the designees are involved in competitive decision-making at Oracle. As Oracle has explained to Google, they are not. Oracle's designees are lawyers with solely legal responsibilities – they are not business personnel charged with competitive decision-making. The issue of whether Ms. Daley is a competitive decision-maker was previously evaluated by Judge Charles Legge, sitting as a Special Master in *Oracle Corp, et al. v. SAP AG, et al.*, Case No. 07-1658 (N.D. Cal.). Judge Legge concluded that Ms. Daley is not involved in competitive decision-making in her capacity as General Counsel, Senior Vice President, and Secretary at Oracle (the same positions that she holds today). Likewise, Oracle's other three designees – all litigation attorneys who directly or indirectly report to Ms. Daley – are not involved in competitive decision-making.

Oracle has met and conferred at length with Google in an effort to resolve this issue: (1) on April 6, 2011, Oracle sent a letter identifying its designees and providing detailed information on their background and job responsibilities; (2) on April 20, 2011, Google objected to all four designees, stating that their job duties make them competitive decision-makers; (3) on April 22, 2011, the parties conferred telephonically, with Oracle's outside counsel explaining that the designees' responsibilities are solely legal; (4) on April 25, 2011, Oracle sent a letter providing further information about Ms. Daley's job duties and

pa-1462130

MORRISON | FOERSTER

Hon. William Alsup
May 9, 2011
Page Three

highlighting Judge Legge's conclusion in the *SAP* case that Ms. Daley was not involved in competitive decision-making; and (5) on April 27, 2011, Google refused, without exception, to grant Oracle's designees access to AEO information.

     Under the Stipulated Protective Order, Google bears the burden of proving that the risk of harm resulting from disclosure of AEO information to Oracle's in-house litigation attorneys outweighs the attorneys' need to receive that information.  Google cannot meet this burden.  Disclosure of AEO information to Oracle's designees would pose no risk of harm to Google:  (1) as experienced litigators, the designees are fully cognizant of their duties under the Protective Order and would strictly abide by its requirements; and (2) as lawyers not involved in competitive decision-making, there would be no risk of information being inadvertently used for competitive purposes.  If the Court chooses not to appoint a Special Master, Oracle respectfully requests permission to file a substantive motion with the Court on the AEO access issue.

Respectfully submitted,

/s/ Michael A. Jacobs

Michael A. Jacobs
Counsel for Plaintiff Oracle America, Inc.

cc:    Counsel for Google Inc.

pa-1462130