UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C-10-03561 WHA (DMR) |
| Plaintiff(s), | **ORDER SCHEDULING HEARING ON COMPETITIVE DECISION MAKERS** |
| v. | |
| GOOGLE INC., | |
| Defendant(s). | |

On May 18, 2011, the parties filed a joint letter [Docket No. 145] regarding a dispute as to whether four Oracle in-house attorneys are involved in "competitive decision-making" for purposes of determining whether they may review information designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the Stipulated Protective Order entered in this case. [Docket No. 66].

The question of whether an individual is involved in competitive decision-making must be determined on a case-by-case basis. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). The Stipulated Protective Order defines competitive decision-making as "decision-making relating to any and all decisions made in light of or that take into account information regarding a competitor or potential competitor, including but not limited to such decisions regarding contracts, marketing, employment, pricing, product or service development or design, product or service offerings, research and development, or licensing, acquisition or enforcement of intellectual

property rights (other than this action), provided, however, that this phrase shall be interpreted in accordance with the relevant case law." Stipulated Protective Order, Docket No. 66 at ¶ 7.4(a)(1). As described by a leading case, "[t]he phrase [competitive decision-making] would appear serviceable as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel Corp.,* 730 F.2d at 1468 n.3.

By **May 26, 2011,** Plaintiff Oracle America, Inc. shall file detailed, substantial, factual and non-conclusory declarations by each of the four Oracle counsel at issue in this matter. The declarations shall set forth counsel's background, as well as his/her duties, activities, associations and relationships as they relate to the definition of competitive decision-making set forth above.

The Court shall conduct a hearing on this matter on **May 31, 2011 at 11:30 a.m.**

IT IS SO ORDERED.

Dated: May 20, 2011

DONNA M. RYU
United States Magistrate Judge

2