| | |
|---|---|
| 1 | MORRISON & FOERSTER LLP |
| | MICHAEL A. JACOBS (Bar No. 111664) |
| 2 | mjacobs@mofo.com |
| | MARC DAVID PETERS (Bar No. 211725) |
| 3 | mdpeters@mofo.com |
| | DANIEL P. MUINO (Bar No. 209624) |
| 4 | dmuino@mofo.com |
| | 755 Page Mill Road |
| 5 | Palo Alto, CA 94304-1018 |
| | Telephone: (650) 813-5600 / Facsimile: (650) 494-0792 |
| 6 | |
| | BOIES, SCHILLER & FLEXNER LLP |
| 7 | DAVID BOIES (Admitted *Pro Hac Vice*) |
| | dboies@bsfllp.com |
| 8 | 333 Main Street |
| | Armonk, NY 10504 |
| 9 | Telephone: (914) 749-8200 / Facsimile: (914) 749-8300 |
| | STEVEN C. HOLTZMAN (Bar No. 144177) |
| 10 | sholtzman@bsfllp.com |
| | 1999 Harrison St., Suite 900 |
| 11 | Oakland, CA 94612 |
| | Telephone: (510) 874-1000 / Facsimile: (510) 874-1460 |
| 12 | |
| | ORACLE CORPORATION |
| 13 | DORIAN DALEY (Bar No. 129049) |
| | dorian.daley@oracle.com |
| 14 | DEBORAH K. MILLER (Bar No. 95527) |
| | deborah.miller@oracle.com |
| 15 | MATTHEW M. SARBORARIA (Bar No. 211600) |
| | matthew.sarboraria@oracle.com |
| 16 | 500 Oracle Parkway |
| | Redwood City, CA 94065 |
| 17 | Telephone: (650) 506-5200 / Facsimile: (650) 506-7114 |
| 18 | *Attorneys for Plaintiff* |
| | ORACLE AMERICA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF ANDREW C. TEMKIN IN SUPPORT OF ORACLE'S REQUEST FOR ACCESS TO ATTORNEYS' EYES ONLY INFORMATION** |
| v. | |
| GOOGLE INC. | |
| Defendant. | Judge: Honorable Donna M. Ryu |

SUPPLEMENTAL TEMKIN DECL. ISO ORACLE'S REQUEST FOR ACCESS TO ATTORNEYS' EYES ONLY
INFORMATION
CASE NO. CV 10-03561 WHA
pa-1466801

I, Andrew C. Temkin, state:

1. I am an attorney at law, licensed to practice in the State of California and before this Court. I have personal knowledge of the facts stated in this supplemental declaration and could testify competently to such facts if called as a witness.

2. On May 26, 2011, I provided a declaration in support of Oracle's request for access to Attorneys' Eyes Only information in this matter (the "Declaration"). At the May 31, 2011 hearing regarding Oracle's request, I understand that the Court had additional questions concerning my job responsibilities. Accordingly, I provide the following to respond to the Court's inquiries.

3. In the Declaration I stated that "I also assist and advise internal clients with respect to disputes and potential litigation. In this capacity, I represent Oracle in disputes with customers, distributors, and partners. While I evaluate claims for breach of contract against the Company or that the Company may have, I have no responsibility for drafting commercial contracts." [Declaration at ¶ 4.]

4. In the May 18, 2011 correspondence with the Court, Oracle described my duties to include:

- Investigate and advise management with respect to commercial disputes with customers.

- Provide legal advice and support for Oracle's business lines with respect to customer and product issues.

- Counsel the company with respect to miscellaneous legal issues.

I understand that the Court requests additional information regarding these statements.

5. To further clarify the nature of the "commercial disputes with customers" that I handle: Oracle specializes in providing database, middleware, applications, and other software solutions and hardware to its customers. In these business areas, Oracle offers a host of products, such as Oracle Database 11g (database), PeopleSoft (Customer Relationship Management ["CRM"] software suite), Siebel (CRM), E-Business Suite (including enterprise resource planning, CRM, and value chain management), among others. Oracle also offers hardware

TEMKIN SUPPL. DECL. ISO ORACLE'S REQUEST FOR ACCESS TO ATTORNEYS' EYES ONLY INFORMATION
CASE NO. CV 10-03561 WHA
pa- 1467518

1

products such as the Exadata and Exalogic servers as well as provides consulting services to customers in order to implement Oracle products in the customer's environment. To my knowledge, Oracle does not compete with Google in these areas. I do almost all of my work supporting these businesses and so there is no risk of inadvertent use of Google's information in that work because it has nothing to do with the businesses that Google is in.

6. One of my duties as in-house counsel is to handle disputes raised by customers, distributors, and partners relating to the performance of products sold by Oracle or an Oracle acquired company as described above. These disputes pertain to such things as product performance or warranty coverage. The issues tend to deal with the interpretation of contractual provisions or warranty obligations. Generally, the customer, distributor, and/or partner contends that Oracle and/or its products are not meeting obligations under an agreement. My work involves investigating the issues that have been raised, verifying facts, reviewing the applicable agreements, and advising the responsible Oracle personnel with respect to Oracle's obligations and risk. It is this work that is described in the May 18, 2011 letter as "[i]nvestigate and advise management with respect to commercial disputes with customers" and [p]rovide legal advice and support for Oracle's business lines with respect to customer and product issues."

7. In connection with these commercial disputes, I do not make decisions to offer a settlement or other consideration to the customer, distributor, or partner. These decisions are made by different business groups within Oracle. I do negotiate with customers, distributors, and partners regarding the resolution of the dispute and draft settlement agreements. These matters are often resolved without litigation; however some disputes do result in litigation, either before or after the Legal Department has engaged. When such litigation arises, my job includes supervising outside counsel. My work on these commercial disputes does not involve "licensing, acquisition, or enforcement of intellectual property rights." Nor does it involve decision-making vis-à-vis competitors as described in Section 7.4(a)(1) of the Stipulated Protective Order. Oracle's relationship with its customers, distributors, or partners in these commercial disputes that I have worked on is as a seller of technology and the other products described above. These

TEMKIN SUPPL. DECL. ISO ORACLE'S REQUEST FOR ACCESS TO ATTORNEYS' EYES ONLY INFORMATION
CASE NO. CV 10-03561 WHA
pa- 1467518

2

disputes do not pertain to Java or any other business areas that would implicate Google's information.

8. In my Declaration, I explained that "I also work on matters where Oracle seeks to obtain payment from customers using its software outside the scope of their licenses, or who fail to pay for their Oracle products or services. These matters have not resulted in litigation." [Declaration at ¶ 5.] My work in this regard involves analyzing situations where Oracle may have a claim against a customer, distributor, or partner with respect to the technology and other products described above. In these matters, a business group within the company that is outside of the Legal Department will identify the dispute; I am not involved in the process of identifying disputes. These issues typically deal with customers, distributors, or partners whose use or distribution of Oracle's products exceeds their license rights. These matters also deal with situations where a customer, distributor, or partner has failed to pay Oracle for the use of its products. I do not make the decision to bring any action or proceeding, nor have I worked on any such matter that has resulted in litigation. These decisions would be made by different business groups within the company. I do negotiate with customers, distributors, and partners regarding the resolution of these disputes and I draft applicable settlement agreements. My work in this regard does not involve decision-making vis-à-vis competitors as described in Section 7.4(a)(1) of the Stipulated Protective Order. Oracle's relationship with the customers, distributors, or partners in these matters is as a seller of the technology and other products described above.

9. To further clarify my role in "counseling the company with respect to miscellaneous legal issues;" in addition to the duties that I have described in the Declaration and herein, the "miscellaneous legal issues" that I handle are in the areas of collections (e.g., when Oracle is collecting unpaid invoices from a customer, distributor, or partner) and supervising outside counsel with respect to bankruptcy matters (e.g., where an Oracle customer, distributor, or partner has filed for bankruptcy protection). My work in this regard does not involve decision-making vis-à-vis competitors as described in Section 7.4(a)(1) of the Stipulated Protective Order.

10. All of the work described above can be fairly characterized as routine commercial dispute resolution work related to customer and partner transactions. This type of work

TEMKIN SUPPL. DECL. ISO ORACLE'S REQUEST FOR ACCESS TO ATTORNEYS' EYES ONLY INFORMATION
CASE NO. CV 10-03561 WHA
pa- 1467518

3

constitutes a large portion of the Litigation Group's responsibilities and has no relationship whatsoever to the issues in this case or Oracle's competitive position relative to Google or any other company.

11. I am one of the Oracle in-house attorneys responsible for this case. One of my responsibilities will be to attend certain depositions and make rapid reports back to the more senior members of the Oracle in-house team. I will also have responsibility for reviewing certain important documents and reporting to the Oracle in-house team. To enable me to attend depositions and review documents, I will require access to Attorneys' Eyes Only information.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 1, 2011 at Redwood Shores, California.

Andrew C. Temkin

TEMKIN SUPPL. DECL. ISO ORACLE'S REQUEST FOR ACCESS TO ATTORNEYS' EYES ONLY INFORMATION
CASE NO. CV 10-03561 WHA
pa- 1467518

4