# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York  10036-4003
www.kslaw.com

Bruce W. Baber
Direct Dial:  (212) 827-4079
Direct Fax:   (212) 556-2222
bbaber@kslaw.com

June 3, 2011

The Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California
1301 Clay Street, Courtroom 4, 3rd floor
Oakland, CA  94612

Re:  *Oracle America, Inc. v. Google Inc.*, Civil Action No. 3:10-cv-03561-WHA (N.D. Cal.)
     Response to Supplemental Declaration of Andrew Temkin

Dear Judge Ryu:

      Pursuant to the Court's May 31, 2011 Minute Order (Dkt. 155), Google submits this response to the Supplemental Declaration of Andrew C. Temkin (Dkt. 159) filed on June 1 by Oracle America.

      While the supplemental declaration provides additional details that should have been included in Mr. Temkin's first declaration, it still contains omissions that are of concern to Google.  Moreover, while Mr. Temkin attempts to emphasize the decisions that he does not make, he downplays or ignores the more relevant decisions that he *does* make, such as the terms of negotiated licenses.  Finally, Mr. Temkin's statement of need falls short of the reasonably necessary standard pursuant to the governing case law.

      For example, Paragraph 5 of Mr. Temkin's supplemental declaration appears to be carefully worded to be a true statement but leaves out critical information.  Mr. Temkin identifies certain specific products and then notes that "Oracle does not compete with Google in **these areas**."  (Emphasis added.)  He explicitly notes, however, that those specific product areas are "among others," and fails to address whether those "other" areas include areas of competition with Google.  Mr. Temkin further states that he "does almost all of [his] work supporting these businesses," again apparently referring only to the specific businesses identified, and that "there is no risk of inadvertent use of Google's information **in that work** because it has nothing to do with the business that Google is in."  (Emphasis added.)  Again, this wording leaves open the possibility that the additional work that he performs supporting other, unnamed businesses is in an area of competition with Google.  If Mr. Temkin were able to truthfully say that there is no risk of inadvertent use of Google's highly confidential information in any of his work, he presumably would have done so.

Hon. Donna Ryu
June 3, 2011
Page 2

      Similarly, in Paragraph 7, Mr. Temkin focuses on commercial disputes that involve Oracle "as a seller of technology and the other products described above," and again focuses on "these disputes," leaving open the question of whether this reference is limited to the products "described above," or refers to Mr. Temkin's entire responsibility. In Paragraph 10, he limits his description to "[a]ll of the work described above" as opposed to, for example, all of the work he performs.

      This is the second opportunity Mr. Temkin has had to describe his responsibilities in detail and completely. Because the supplemental declaration still fails to state whether Mr. Temkin is involved in supporting any area of Oracle's business in direct competition with Google, Mr. Temkin should be denied access to Google's Attorneys' Eyes Only information.

      Mr. Temkin's self-stated responsibilities demonstrate involvement in competitive decision making as defined in the Stipulated Protective Order as well as by the prevailing case law. For example, paragraph 7 of the supplemental declaration states that Mr. Temkin "negotiate[s] with customers, distributors, and partners regarding the resolution of the dispute and draft[s] settlement agreements." Mr. Temkin suggests that such activity is not involvement in competitive decision making because he does not "make decisions to offer a settlement or other consideration to a customer, distributor, or partner." This argument has already been rejected; the nature of Mr. Temkin's involvement presents concerns and risks of inadvertent disclosure. For example, knowledge of the structure and content of Google licenses and other commercial agreements could provide a competitive advantage and is impossible to compartmentalize when negotiating and structuring a resolution to a dispute.

      The Court specifically requested that Mr. Temkin's declaration set forth the need for him to have access to Google's Attorneys Eyes Only information. Mr. Temkin's statements that he will "attend certain depositions" and make "rapid reports back to the more senior members of the Oracle in-house team," as well as "review[] certain important documents and reporting to the Oracle in-house team," fall well short of meeting the appropriate standard of need. Indeed, these statements, taken in combination with the rest of Mr. Temkin's declaration, raises the question of why Mr. Temkin is one of the Oracle in-house attorneys "responsible for this case." In paragraph 10, Mr. Temkin states that his work constitutes "routine commercial dispute resolution." If this is in fact the entirety of Mr. Temkin's job responsibilities and the entirety of his work "has no relationship whatsoever to the issues in this case," the need for Mr. Temkin to attend depositions and "make rapid reports" back to more senior members is unclear at best.

      The ability to attend depositions, "make rapid reports" and review "certain important documents" does not rise to the standard of need with respect to the governing case law, much less any reason to provide highly confidential information to a third in-house lawyer at Oracle. The court has already granted access to two Oracle in-house attorneys, and Oracle has numerous outside counsel who have appeared on its behalf. Mr. Temkin's declaration provides no assertion that Oracle's ability to prosecute its case is prejudiced by his lack of access to Attorney's Eyes Only information. This statement of need is therefore inadequate and is even

Hon. Donna Ryu
June 3, 2011
Page 3

less compelling when viewed in the context of the rest of Mr. Temkin's declaration and the access that has been granted to Ms. Miller and Mr. Sarboraria of Oracle.

For the foregoing reasons, Google respectfully requests that Mr. Temkin be denied access to any of Google's Attorneys' Eyes Only information. Mr. Temkin has failed to show that he is not involved in any competitive decision-making with respect to all areas in direct competition with Google. Further, his statement of need falls well short of the requirement and, when read in the light of the rest of his declaration, raises the question of why Mr. Temkin would have any need for any involvement in this case, much less have access to highly confidential Google or third party information.

Should the Court determine that Oracle has met its burden of showing both a lack of involvement in competitive decision making by Mr. Temkin and a need for him to have access, Google requests that Mr. Temkin's access be limited in the same manner as Mr. Sarboraria and Ms. Miller in view of Mr. Temkin's involvement in settlement negotiations.

Respectfully submitted,

Bruce W. Baber
*Counsel for Google Inc.*