United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C-10-03561 WHA (DMR) |
| Plaintiff, | **SUPPLEMENTAL ORDER RE ACCESS TO "ATTORNEYS' EYES ONLY" INFORMATION** |
| v. | |
| GOOGLE INC., | |
| Defendant. | |

On May 18, 2011, the parties submitted a joint letter regarding Plaintiff Oracle's request that four of its in-house counsel be given access to certain highly sensitive "attorneys' eyes only" ("AEO") information pursuant to the stipulated protective order in this case. [Docket No. 145]. Since such decisions must be determined by the facts "on a counsel-by-counsel basis," *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984) (quotation marks omitted)), the Court ordered Oracle to provide further detailed information in the form of declarations by the four attorneys. [Docket No. 146]. On May 31, 2011, the Court conducted a hearing, took oral argument, and ultimately found that one of the designated Oracle attorneys -- General Counsel Dorian Daley -- participates in competitive decision-making and should not be provided access to AEO in this case. [Docket No. 155].

The Court found that two other Oracle lawyers -- Deborah Miller and Matthew Sarboraria -- are in-house litigators who largely do not participate in competitive decision-making and should be given access to most AEO. *Id.* However, because Ms. Miller and Mr. Sarboraria review license agreements as they arise in disputes, in the course of negotiating such agreements, and/or in the context of case settlements, the Court held that they should be barred from access to AEO in the form of contracts with carriers or hardware manufacturers. *Id.* This is due to the fact that their involvement in evaluating licensing agreements necessarily affects Oracle's competitiveness in the market.

As noted by the case law, an attorney's agreement to keep certain information confidential can be insufficient to prevent inadvertent disclosure of the information. Even with the best of efforts and intentions, it is not possible to "lock-up trade secrets in [one's] mind, safe from inadvertent disclosure to [one's] employer." *See, e.g.*, *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992); *see also In re Deutsche Bank*, 605 F.3d at 1378 (noting that it can be "humanly impossible" to control inadvertent disclosure by in-house counsel of "extremely potent" confidential information (quotation marks omitted)). Notwithstanding Ms. Miller's and Mr. Sarboraria's agreement to treat Google's AEO information in the strictest confidence, they nevertheless may be affected by what they see. Having access to Google's third party agreements may well impact their approach in crafting Oracle's licensing agreements; barring them from access to such documents is a reasonable means to avoid that risk.

With respect to Oracle designated in-house counsel Andrew Temkin, the Court held that it needed further information to evaluate whether he should be provided access to AEO materials. [Docket No. 155]. Oracle subsequently filed Mr. Temkin's supplemental declaration. [Docket No. 159]. Google filed a responsive letter brief. [Docket No. 162]. The Court has reviewed the parties' supplemental materials and now finds that, as with Ms. Miller and Mr. Sarboraria, Mr. Temkin is an in-house litigator who, for the most part, does not participate in competitive decision-making. However, because of his involvement in reviewing and negotiating license agreements, he also should be barred from carrier and hardware manufacturer contracts that have been designated as AEO.

1  Defendant argues that Plaintiff has not met its burden of establishing the particular need for
2  Mr. Temkin to view AEO information. Defendant directs the Court to the analysis in *Intel Corp. v.*
3  *Via Techs., Inc.*, 198 F.R.D. 525, 529 (N.D. Ca. 2000), and argues that "[n]o demonstration of
4  specialized knowledge has been made and [the proposed attorney's] limited experience fails to
5  support any claim that [the lawyer] is indispensible to the litigation." However, the parties'
6  stipulation requires a far more modest showing by the party seeking access to AEO by Designated
7  House Counsel. That party must "set forth in detail the reasons why the disclosure to Designated
8  House Counsel ... is reasonably necessary." [Docket No. 66 (Stipulated Protective Order) ¶ 7.4(c)].
9  Here, Plaintiff has explained that Mr. Temkin requires access to AEO because he is one of the in-
10 house attorneys responsible for the case, that he will be attending certain depositions and making
11 rapid reports to more senior members of the in-house team, and also will be reviewing and reporting
12 on certain documents. Although Oracle has retained a host of able outside counsel to represent its
13 interests, it is understandable that Oracle also intends to rely on a handful of trusted members of its
14 in-house team to provide oversight, advice, and guidance in this complex patent case. Indeed, the
15 stipulated protective order itself contemplates that each party may designate up to five in-house
16 counsel to view AEO materials. *Id.* ¶ 7.3(b).

17 In sum, after conducting a counsel-by-counsel and case-specific evaluation, the Court finds
18 that three of the four Designated House Counsel named by Oracle should be provided access to AEO
19 information pursuant to the stipulated protective order, subject to the limitations set forth above.

21 IT IS SO ORDERED.

23 Dated: June 6, 2011

DONNA M. RYU
United States Magistrate Judge

3