MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC. <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **ORACLE AMERICA, INC.'S RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL ITS *DAUBERT* PRÉCIS** <br><br> Dept.: Courtroom 9, 19th Floor <br> Judge: Honorable William H. Alsup |

Plaintiff Oracle America, Inc. ("Oracle") opposes Google's Administrative Motion to Seal its précis, and requests that the Court deny that motion and file Google's précis in the public record.

Google claims that filing under seal is warranted by summary references to, or mischaracterizations of, Oracle "attorneys' eyes only" ("AEO") material included in the précis. Google does not limit its proposed redactions to references to materials that Oracle designated AEO. Instead, Google's redactions include:

a. Information that is clearly in the public domain (for example, its general reference to the overall value of Oracle's acquisition of Sun);

b. Google's erroneous or distorted descriptions of the facts (for example, its incorrect assessment of the value of one of the patents-in-suit);

c. Google's misrepresentation of aspects of Professor Cockburn's damages analysis (for example, the misrepresentation that Professor Cockburn included all Google advertising revenue from all Android devices and all harm from fragmentation of Java in his valuation calculations, the misrepresentation that he applied a 50% royalty rate as part of his analysis—a misrepresentation that Google admits in its full *Daubert* motion—and the misrepresentation of the amount of Professor Cockburn's ultimate damages opinion);

d. Isolated words such as "multi-billion" and "valueless"; and

e. Any and all references to the fact that Oracle's damages claims in this case are in the billions of dollars.

As Oracle will explain in its Opposition to Google's *Daubert* motion, Oracle's damages claims are based on both accepted methodology and a wealth of concrete evidence. They should not be hidden from public view.

Consequently, Oracle does not object to making the summary information supposedly—though inaccurately and misleadingly—extracted from confidential/AEO documents public.

//

//

//

1    By opposing Google's administrative motion to seal, Oracle America does not intend to waive
2 its ability to claim confidentiality over the documents on which Google's representations and
3 misrepresentations are based.

Dated: June 16, 2011                    BOIES, SCHILLER & FLEXNER LLP

By:  */s/ Steven C. Holtzman*
     Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.