# King & Spalding

1185 Avenue of the Americas
New York, New York  10036-4003
www.kslaw.com

Scott T. Weingaertner
Direct Dial:  (212) 556-2227
Direct Fax:   (212) 556-2222
sweingaertner@kslaw.com

June 17, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

      Re:    *Oracle America, Inc. v. Google Inc.*, Civil Action No. 3:10-cv-03561-WHA

Dear Judge Alsup:

In accordance with the Court's February 9 Order regarding motions (Dkt. No. 86), Google respectfully submits this précis to request leave to file a motion to supplement its Invalidity Contentions.  Google has no objection to Magistrate Judge Ryu addressing this matter if the Court deems that appropriate.

While Oracle has asked to supplement its Infringement Contentions *twice* (which requests Google did not oppose and the Court summarily granted), Google has not previously supplemented its Invalidity Contentions.  Google has, however, produced newly-discovered prior art to Oracle throughout discovery and has provided Oracle with numerous invalidity theories that were developed after Google served its Invalidity Contentions.  *See, e.g.,* April 6, 2011 Transcript of Proceedings, Dkt. No. 110 at 7:19-20 ("you should err on the side of more disclosure and more answer, and not hide the ball").  Google has also been diligent in seeking to supplement its contentions.  Google first reached out to Oracle in April regarding its desire to supplement the Invalidity Contentions and has been trying since then to obtain Oracle's consent – which Oracle has declined to give.  Having exhausted all attempts to obtain Oracle's cooperation on this issue, Google must turn to the Court.

The Honorable William Alsup
June 17, 2011
Page 2

On June 1, per agreement of the parties (Dkt. No. 144) and approval of the Court (Dkt. No. 147), Oracle limited its allegations to 50 patent claims. On June 15, Google responded by limiting its invalidity defenses to six grounds per patent claim. Included in Google's six-per-claim invalidity theories were certain defenses that either were not included in Google's initial Invalidity Contentions or were disclosed as potentially relevant but not charted.

Patent Local Rule 3-6 states that a party may formally supplement its contentions "by order of the Court upon a timely showing of good cause." Good cause is shown when the moving party is diligent in amending its contentions and the other party will not suffer undue prejudice. *Vasudevan Software, Inc. v. IBM*, No. 09-cv-05897, 2011 U.S. Dist. LEXIS 33132 at *4-5 (N.D. Cal. Feb. 18, 2011) (quoting *Acer, Inc. v. Tec. Props. Ltd.*, Nos. 5:08-cv-00877, 00882, 05398, 2010 U.S. Dist. LEXIS 142472 at *4 (N.D. Cal. Sept. 10, 2010).

Developments during discovery have given rise to Google's need to supplement its contentions, including:

(1) Oracle's representations in its claim construction briefings, in statements by Oracle's counsel at the April 6 and April 20 hearings, and in Oracle's proposed claim constructions that were adopted by the Court in its May 9 Claim Construction Order (Dkt. 137), *see* Patent L.R. 3-6(a) ("good cause include[s] … a claim construction by the Court different from that proposed by the party seeking amendment");

(2) invalidity theories developed in connection with *ex parte* and *inter partes* re-examination requests that were filed after service of Google's Invalidity Contentions, and additional relevant prior art only recently identified by Google despite thorough prior art

The Honorable William Alsup
June 17, 2011
Page 3

searches previously conducted by Google, *see* Patent L.R. 3-6(b) ("good cause include[s] … recent discovery of material, prior art despite earlier diligent search"); and

    (3)    discovery of prior art in source code first made available for inspection by Oracle on May 9, *see* Patent L.R. 3-6(c) ("good cause [in the context of infringement contentions] include[s] … recent discovery of nonpublic information…").

Oracle's counsel conceded during a recent meet-and-confer call that there would be no prejudice to Oracle if Google supplemented its Invalidity Contentions, and that concession was memorialized in an exchange of letters between counsel on May 25 and May 31. Formal supplementation of Google's Invalidity Contentions will not be prejudicial or burdensome to Oracle because Google will only add the small and select group of new invalidity theories that were identified by Google on June 15 as part of its six invalidity grounds per asserted claim – not any of the other invalidity theories that have been disclosed to Oracle since Google's Invalidity Contentions were served.

In view of the above, Google requests permission to file a motion for leave to supplement for the first time its Invalidity Contentions, or alternatively, leave to supplement its Invalidity Contentions forthwith.

    Respectfully submitted,

    /s/ Scott T. Weingaertner
    Scott T. Weingaertner

    Counsel for Defendant Google Inc.

I hereby certify that Scott T. Weingaertner concurs in the e-filing of this document.

    /s/ Cheryl A. Sabnis
    Cheryl A. Sabnis