**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

June 21, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:  *Oracle America, Inc. v. Google, Inc.*, Case No. 3:10-cv-03561-WHA

Dear Judge Alsup:

Oracle opposes Google's request for leave to file a motion to supplement its Invalidity Contentions. Google is not proposing to add a "small and select group of new invalidity theories," as it suggests. To the contrary, *more than half* of Google's selected invalidity grounds are new, previously uncharted contentions. Moreover, most of these new contentions are based on references that were already in Google's possession. As such, they could have been, but were not, timely charted under the Patent Local Rules.

"Amendment of . . . the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "'[G]ood cause' requires a showing of diligence," the movant's burden to establish. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (applying Northern District of California patent local rules).

There is no good cause for Google's proposed supplementations. Almost all of Google's supplemental invalidity grounds are based on references that were already in Google's possession, but not charted, when Google served its Invalidity Contentions in January 2011. For example, Google's proposed '104 patent defenses rely on an article by B. Ramakrishna Rau that was included in a 22-page list of uncharted references in its Invalidity Contentions. Likewise, all of the supplemental '520 and '205 defenses, five out of

MORRISON | FOERSTER

The Honorable William Alsup
June 21, 2011
Page Two

the six supplemental '720 defenses, and three out of the four supplemental '447 defenses rely on references that were on Google's 22-page list of uncharted references, were included in a chart for a different obviousness combination, or were produced by Google in January 2011. If Google had been diligent, it would have included charts for these invalidity grounds in its January 2011 contentions. *See Brilliant Instruments, Inc. v. GuideTech, Inc.*, No. C 09-5517 CW, 2011 U.S. Dist. LEXIS 48865, at *4-6 (N.D. Cal. Apr. 29, 2011). In fact, Google has demonstrated the *opposite* of diligence—Google possessed the references, stated in its January 2011 contentions that they were "not the most pertinent" references and were "unnecessarily duplicative," and then changed its position after months had passed. Such blatant sandbagging should not be permitted, especially since Oracle has already narrowed its claims for trial and given the relatively late stage of the litigation.

A handful of Google's proposed supplementations are based on references that Google allegedly discovered after January 2011. These references include published papers available in academic libraries and similar public sources. They are not obscure or hard to find. Google became aware of the asserted patents at least by August 12, 2010, when Oracle filed the complaint, and thus had sufficient time to search for and review these papers. The Court should reject any supplementation where "there is no showing that the publication prior art references were difficult to locate and no showing that any diligence was exercised in discovering them." *Sunpower Corp. Sys. v. Sunlink Corp.*, No. C-08-2807 SBA (EMC), 2009 U.S. Dist. LEXIS 85425, at *9 (N.D. Cal. June 12, 2009).

Google offers several excuses for its tardy attempt to supplement its Invalidity Contentions. First, Google incorrectly states that "Oracle has asked to supplement its Infringement Contentions twice." In fact, *Google* asked for those supplementations, which

pa-1470753

MORRISON | FOERSTER

The Honorable William Alsup
June 21, 2011
Page Three

Oracle agreed to provide in exchange for supplemental non-infringement contentions from Google. Such mutually-agreeable supplementation to *clarify* the parties' respective positions is quite different from Google's present attempt to *alter* its contentions at this late stage.

Second, Google claims that it discovered new art while preparing reexamination requests. If true, that art was found between January and March 1, 2011, when the requests were filed. Google does not explain why the art could not have been found earlier and why Google did not promptly request supplementation when it filed those requests months ago.

Third, Google alleges that it developed new invalidity theories in light of the Court's claim construction order and related briefing. But Google knew about Oracle's proposed constructions at least by March 2011, and the Court adopted most of those constructions almost verbatim. Google should have prepared its Invalidity Contentions in light of both Google's and Oracle's proposed constructions.

Google states that Oracle's counsel conceded there would be no prejudice from Google's supplementation, but those discussions occurred before Google revealed that more than half of its selected invalidity grounds were brand new. To make matters worse, some of the new contentions are still not charted. Oracle has reduced the number of its asserted claims partly in light of Google's January 2011 Invalidity Contentions. Oracle would be prejudiced should Google be permitted to change half of its invalidity case at this stage of the litigation. For these reasons, Oracle respectfully asks that the Court deny Google's request for leave to file a motion to supplement its Invalidity Contentions.

Respectfully submitted,

*/s/ Michael A. Jacobs*

Michael A. Jacobs

pa-1470753