MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE, INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**DECLARATION OF MATTHEW SARBORARIA IN RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Dept.:  Courtroom 9, 19th Floor<br>Judge:  Honorable William H. Alsup |

DECLARATION OF MATTHEW SARBORARIA IRT GOOGLE'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. CV 10-03561 WHA

I, MATTHEW SARBORARIA, declare as follows:

1. I am in-house counsel for Oracle America, Inc. ("Oracle"). My title is Senior Patent Counsel and I represent Oracle in the above-captioned matter.

2. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently as to the matters set forth herein.

3. I have reviewed the Declaration of Scott T. Weingaertner in Support of Google Inc.'s Daubert Motion ("Weingaertner Declaration") (Dkt. No. 172), the Declaration of Gregory K. Leonard, Ph.D. ("Leonard Declaration") (Dkt. No. 175), and Google, Inc.'s Brief in Support of Daubert Motion (Dkt. No. 171).

4. Oracle believes that Exhibits A, H–J, L, M, P, Q, R, and W which Google attaches to the Weingaertner Declaration, and the redactions in paragraphs 16 and 20 and footnotes two and three of the Leonard Declaration, should be filed under seal along with reference to confidential portions of these materials currently redacted in Google's Brief as set forth below. These materials either are or reference materials properly designated Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the Order Approving Stipulated Protective Order Subject to Stated Conditions entered in this case. (Dkt. No. 68.)[1]

5. Oracle was not consulted by Google prior to Google's decision to attach these documents to Google's Motion and Declaration, and therefore played no role in the documents selected.

6. Google has attached and has referenced confidential contractual information between Oracle and companies with whom Oracle does business. Specifically, Exhibit I is a proprietary Oracle spreadsheet setting forth the contract terms with manufacturers licensing Java as well as related financial forecasts and business strategies, Exhibit M is Oracle's proprietary document detailing Java prices, and Exhibits P and Q are Technology Compatibility Kit licensing agreements from Oracle. Oracle takes pains to preserve the confidentiality of this information, which is not shared with third parties during the normal course of business. Disclosure of agreement terms and discussion of the same

---

[1] Below, each exhibit to the Weingaertner Declaration will be references as "Exhibit" or "Ex." while each paragraph and footnote to the Leonard Declaration will be referenced as "¶" and "FN" respectively.

1

DECLARATION OF MATTHEW SARBORARIA IRT GOOGLE'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. CV 10-03561 WHA

would provide an unfair advantage to Oracle's counterparties and competitors by disclosing the terms of the agreements and the pricing for each other customer. Moreover, Oracle typically does not disclose the identity or the terms of its contracts with of its customers without permission, in order to protect those customers' confidential information. Release of these documents would also disclose material that is competitively sensitive for Oracle's customers, and may also damage the customers' competitive advantage as their competitors would now have information about some of their costs.

7. Materials reflecting Oracle's contemporary business strategies and operational information should also be sealed, because that material is competitively sensitive and disclosure of it would cause great and undue harm to Oracle's business. Exhibit L is Oracle's proprietary spreadsheet detailing Java billings costs through 2011; Exhibit R is Oracle's proprietary Java Sales Review PowerPoint, which contains information about Oracle's 2011 Java business strategy; and footnotes 2 and 3 of the Leonard Declaration reference Oracle's proprietary memorandum regarding software sales. Disclosure of Oracle's cost information, and pricing and internal discussions regarding the same, would provide an unfair advantage to Oracle's competitors. These documents are not publicly disclosed and are in fact safeguarded by the company to preserve competition and prevent predatory conduct. Disclosure of these sensitive pricing documents could have lasting effects on the competitive landscape.

8. Likewise, Oracle's business strategy related to its acquisition of Sun Microsystems, Inc. ("Sun") should be sealed. Exhibit H is Oracle's Form CO to the European Commission discussing its acquisition of Sun; Exhibit W is Oracle CEO Larry Ellison's letter to the Sun board offering to buy software assets; ¶ 20 of the Leonard Declaration references information from Oracle's Form CO; and footnote 3 references Oracle's valuation of Sun. The European Commission employs special confidentiality procedures to protect the information of the companies seeking merger review, and the version that Google has attached to its *Daubert* motion has not been made public. *See* Ex. H, p. 1 (noting, in bold caps on the first page, "CONFIDENTIAL: CONTAINS BUSINESS SECRETS"). Disclosure of Oracle's acquisition-related materials would reveal the company's strategies and projections regarding business growth and other contemporary plans related to Sun assets, compromise its data sources, and provide an unfair advantage to Oracle's competitors and acquisition targets.

2

DECLARATION OF MATTHEW SARBORARIA IRT GOOGLE'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. CV 10-03561 WHA

9. Both Google and Oracle have contracted with third parties to provide competitive analysis and review. Ex. J is a confidential report to Oracle from Duff & Phelps valuing Sun prior to its merger with Oracle. Paragraph 13 of the Leonard Declaration, as well as redacted portions of Google's *Daubert* motion, reference information from the Duff & Phelps report. Those third-party valuation companies generally require that their clients maintain the confidentiality of the information and analysis that they provide, and Oracle has promised to maintain that confidentiality with the Duff & Phelps report that Google has attached to its *Daubert* motion. (*See, e.g.*, Ex. J., at 97 (noting that, "Unless required by law, you shall not provide such report to any third party requiring this Fair Value analysis, or refer to us or our services without our prior written consent.") Oracle had to contact Duff & Phelps prior even to producing the data in this case and was permitted to do so only in accordance with the Attorneys' Eyes Only provision of the Protective Order. Third-party valuation information is often used by businesses to understand the market and obtain necessary inputs in developing new business strategies. Failure to maintain the confidentiality of the information, with resulting breach of the confidentiality provisions that Oracle has promised to uphold, could possibly lead to those third parties' refusal to sell Oracle valuable industry data in the future, and could cause competitive harm as Oracle's competitors learn the sensitive valuation process that goes into Oracle's decision to enter into a multibillion-dollar merger and acquisition transaction.

10. Finally, the expert report of Professor Ian Cockburn (Ex. A) should be sealed. Professor Cockburn's report integrates material designated by either Oracle or Google as Confidential or Highly Confidential – Attorneys' Eyes Only under the Protective Order. The underlying documents reflect competitively sensitive information referenced in each of the categories above, including documents relating to contemporary business strategies for Oracle, Oracle's business data and projections that are sensitive and should not be disclosed to competitors, and third-party data and contracts subject to confidentiality and nondisclosure agreements and provisions. While the parties could provide a version of the document with their respective confidential and highly confidential information redacted, the final document would likely be unreadable due to the extensive integration of Confidential or Highly Confidential – Attorneys' Eyes Only information into almost every paragraph.

DECLARATION OF MATTHEW SARBORARIA IRT GOOGLE'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. CV 10-03561 WHA

1    11.  Oracle states no position as to whether disclosure of materials marked by Google as Confidential or Highly Confidential – Attorneys' Eyes Only material would cause harm to Google.

     12.  Google's redactions are a slightly different matter.  Although Google has largely properly redacted information contained in documents that either Google or Oracle has designated as Confidential or Highly Confidential – Attorneys' Eyes Only, Google has also, as it did with its précis, redacted certain material that is in the public domain, certain information that is not sensitive to either party, and isolated terms such as "multi-billion."  Some of this information, such as Oracle's Form 10-K filing with the Securities Exchange Commission (*see* Motion at 5), and the fact that Google engaged in licensing negotiations with Oracle, have almost always been public information.  Other items, such as the Qualcomm-Nokia agreement, are not proprietary or confidential to any party in this suit.  (*See* Motion at 23.)  Google has also again repeatedly redacted the total damages claimed by Oracle in this matter, and any and all reference to the word "billion."  As stated in its Opposition to Google's Motion to Seal its Précis (Dkt. No. 178), Oracle's damages claims are based on both accepted methodology and a wealth of concrete evidence, and there is no reason now to redact the total damages figures (even though Google has repeatedly misrepresented those figures) from public view, particularly after they have been filed unredacted in Google's précis.  Should the Court so decide, Oracle would not object to an order requiring Google to file a properly redacted public version that is more narrowly tailored to the material that is truly confidential.

     13.  In conclusion, Oracle does not oppose Google's Administrative Motion or proposed Order Granting Defendant Google Inc.'s Administrative Motion to File Under Seal (Dkt. No. 170) to the extent that they seek to seal Exs. A, H–J, L, M, P, Q, R, and W to the Weingaertner Declaration, ¶¶ 16 and 20 and footnotes two and three of the Leonard Declaration, and related references in Google's Brief Google's Brief at 5:8-17 (discussion of Exs. H and I), 5:28-6:1 ("$36.7 million" derived from to Ex. J), 6:5-8 (discussion of Ex. L), 6:10-17 (discussion of Ex. M), 6:20-23 (discussion of confidential materials referenced in Ex. A), 13:24-28 (discussion of Ex. M), 17:6-13 (discussion of Ex. R and confidential materials referenced in Ex. A), 18:22-23 (discussion of Ex. H), 18:25-27 (discussion of Ex. W), 19:4-9 (discussion of Ex. W), 19:19 ("$36.7 million" derived from to Ex. J), 19:22-20:2 (discussion of confidential materials referenced in Ex. A), 20:12-15 (discussion of Exs. P & Q), 21:28-22:2

4

DECLARATION OF MATTHEW SARBORARIA IRT GOOGLE'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. CV 10-03561 WHA

1  (discussion of Ex. H), 22:16-21 (discussion of Ex. M and confidential materials referenced in Ex. A),

2  23:1-8 (discussion of Ex. M), 23:26-24:3 (discussion of confidential materials referenced in Ex. A).

3  Disclosure of this material would cause Oracle undue and irremediable competitive harm.

4      14.   Oracle accordingly requests that the Court grant Google's Proposed Order Granting

5  Defendant Google Inc.'s Administrative Motion to File Under Seal (Dkt. No. 170).

6      I declare under penalty of perjury that the foregoing is true and correct and that this declaration

7  was executed on June 21, 2011 at Redwood Shores, California.

By: */s/ Matthew Sarboraria*
     Matthew Sarboraria

5

DECLARATION OF MATTHEW SARBORARIA IRT GOOGLE'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. CV 10-03561 WHA

**ATTESTATION OF FILER**

The signatory to this document is Matthew Sarboraria.  I, Steven C. Holtzman, have obtained Mr. Sarboraria's concurrence to file this document on his behalf.

Dated: June 21, 2011                  BOIES, SCHILLER & FLEXNER LLP

                                              By: */s/ Steven C. Holtzman*
                                              Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.