MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**DECLARATION OF MATTHEW SARBORARIA IN SUPPORT OF GOOGLE, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF GOOGLE'S *DAUBERT* REPLY BRIEF**<br><br>Dept.: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

1  I, MATTHEW SARBORARIA, declare as follows:

2  1. I am in-house counsel for Oracle America, Inc. ("Oracle"). My title is Senior Patent Counsel and I represent Oracle in the above-captioned matter.

3  2. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently as to the matters set forth herein.

4  3. I have reviewed Google's Reply Brief regarding its *Daubert* Motion ("Reply") (Dkt. No. 198), along with Google's Administrative Motion to File Under Seal (Dkt. No. 196) and its supporting papers.

5  4. The redacted material on page 8:12 through 8:14 of the Reply refers to a document that Google attached to its *Daubert* motion as Exhibit H to the Weingaertner Declaration In Support Of Google, Inc.'s *Daubert* Motion (hereinafter "Weingaertner Decl."): Oracle's Form CO to the European Commission discussing its acquisition of Sun. As I described in my previous Declaration, (*see* Declaration of Matthew Sarboraria In Response To Google's Administrative Motion To Seal (hereinafter "First Sarboraria Decl.") ¶ 8 (Dkt. No. 184)), the European Commission employs special confidentiality procedures to protect the information of the companies seeking merger review, and the version that Google attached to its *Daubert* motion has not been made public. I understand that this Court has already held that this document should remain under seal. (Dkt. Nos. 186, 203.) However, the sentences that Google has redacted contain only very general information derived from this document, and making those sentences public would not jeopardize Oracle's confidential information. Therefore, Oracle does not request that redacted material on page 8:12 through 8:14 remain redacted from its Reply, although Oracle does not waive its claim to the confidentiality of the underlying document. Oracle would not object to an order requiring Google to unredact these two sentences from its Reply.

6  5. The redacted material on page 8:14 through 8:17 of the Reply refers to a document that Google attached to its *Daubert* motion as Exhibit I to the Weingaertner Declaration. As I previously described, Exhibit I is a proprietary Oracle spreadsheet setting forth the contract terms with manufacturers licensing Java as well as related financial forecasts and business strategies. (First Sarboraria Decl. ¶ 6 (Dkt. No. 184).) Oracle does not make these kinds of documents public in the

1  ordinary course of business, as doing so would provide an unfair advantage to Oracle's counterparties
2  and competitors, and Oracle generally protects its customers' confidential information.  (*Id.*)  I
3  understand that this Court has already held that this document should remain under seal.  (Dkt. No.
4  186.)  Oracle believes that the redacted sentences refer to the specific information contained in these
5  documents, and therefore requests that the redacted material on page 8:14 through 8:17 of the Reply
6  remain under seal.

7        6.    The redacted material on page 8:18 through 8:20 of the Reply refers to the Report of
8  Professor Iain Cockburn, and discusses proposed terms of a license that Oracle and Google negotiated
9  in 2006.  While Oracle continues to believe that Professor Cockburn's report should be sealed, (*see*
10  First Sarboraria Decl. ¶ 10 (describing reasons to seal report); Dkt. No. 186 (sealing report)), the first of
11  the two redacted sentences is too general to jeopardize any Oracle confidential information.  Moreover,
12  it is public knowledge that Oracle and Google negotiated for a license for Android.  (*See* First
13  Sarboraria Decl. ¶ 10 ("the fact that Google engaged in licensing negotiations with Oracle [has] almost
14  always been public information.").)  However, the last sentence in the paragraph refers to the proposed
15  terms of the license that the parties negotiated, which reflects the parties' demands and positioning in
16  the negotiations.  Oracle does not disclose this kind of information in the ordinary course of business,
17  and Oracle believes that disclosure of that information would give an unfair advantage to Oracle's
18  negotiating counterparties.  Oracle therefore requests that only the last sentence, reflected on page 8:19
19  through 8:20, remain under seal.  Oracle would not object to an order requiring Google to unredact the
20  sentence found at page 8:18 through 8:19 from its Reply.

21        7.    Google's citations for the redacted material on page 8:26 through 8:28 make no sense.
22  Although Google claims that the redacted information is derived from Oracle's July 1, 2010 10-K form,
23  which is obviously public, the figures it describes do not exist in that document.  Instead, Google has
24  cited to Exhibit J to the Weingaertner Declaration, which contains not Oracle's 10-K filing but a sealed
25  third-party accounting document.  Paragraph 19 of the Weingaertner Declaration, which Google also
26  cites, refers to an unrelated public website.  To the best of Oracle's ability to discern, the information
27  that Google has redacted was contained in Weingaertner Declaration Exhibit J, a third-party accounting
28  document from Duff & Phelps that Oracle commissioned in connection with its acquisition of Sun

1  Microsystems, Inc.  As I previously described, Oracle has promised to keep this material confidential,
2  and the material contained therein is competitively sensitive.  (First Sarboraria Decl. ¶ 9.)  I understand
3  that this Court has already held that this document should remain under seal.  (Dkt. No. 186.)  Oracle
4  therefore requests that the redacted material on page 8:26 through 8:28 remain under seal.

5        8.  The redacted material contained on page 9:2 through 9:9 refer to two different
6  documents—an offer to purchase Sun's software assets (Weingaertner Decl. Exh. W) and another third-
7  party valuation of Java that Oracle referred to in its *Daubert* opposition.  (*See* Declaration of Matthew
8  Sarboraria In Support Of Oracle America, Inc.'s Administrative Motion to File Under Seal Portions Of
9  Opposition To Google's *Daubert* Motion at ¶ 5, 6.)  I have explained why those third-party valuation
10 documents are competitively sensitive.  (*Id.*; *see also* First Sarboraria Decl. at ¶ 8, 9.)  I understand that
11 this Court has previously held those documents should remain under seal.  (Dkt. Nos. 186, 203.)  Once
12 again, although Google characterizes the statements in Oracle's public 10-K filing, it is mistaken.  The
13 information it refers to cannot be found in that public document.  Oracle therefore requests that the
14 redacted material on page 9:2 through 9:9 remain under seal.

15       9.  Finally, Google has redacted a single clause from page 13:3 through 13:4.  That
16 information obliquely refers to the licensing terms on which Oracle has licensed Java in the past, and
17 thus should remain under seal for the reasons described above in paragraph 5.

19 I declare under penalty of perjury that the foregoing is true and correct and that this declaration
20 was executed on July 12, 2011 at Redwood Shores, California

                              By:  */s/ Matthew Sarboraria*
                                 Matthew Sarboraria

**ATTESTATION OF FILER**

The signatory to this document is Matthew Sarboraria.  I, Steven C. Holtzman, have obtained Mr. Sarboraria's concurrence to file this document on his behalf.

Dated: July 12, 2011                                    BOIES, SCHILLER & FLEXNER LLP

                                                                        By: */s/ Steven C. Holtzman*
                                                                               Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.