# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET* SUITE 900* OAKLAND, CA 94612* 510-874-1000 FAX 510-874-1460

July 14, 2011

The Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California
1301 Clay Street, Courtroom 4, 3rd floor
San Francisco, California 94612

Re:   *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)
      Joint Letter Regarding Oracle's Request for Four Additional Depositions

Dear Judge Ryu:

Oracle respectfully requests that the Court permit Oracle to notice and take four additional depositions before the end of fact discovery on July 29, 2011. This would result in Oracle deposing a total of 14 fact witnesses in this case. The parties met and conferred telephonically on July 1, 2011 and then again on July 12, 2011, and Google did not agree to Oracle's request to depose these individuals.

**Oracle's Statement**

Oracle is seeking this Court's permission to notice four individual depositions beyond the ten previously permitted by the Court. Each of the four deponents below is likely to give relevant testimony that could not or cannot otherwise be obtained from the witnesses that Oracle has deposed or will depose.

1. **Larry Page.** Mr. Page is Google's CEO, and he reportedly made the decision to acquire Android, Inc., and thereby develop and launch the platform that Oracle now contends infringes its patents and copyrights. Mr. Page also participated in negotiations that took place between Sun and Google regarding a Java license for Android and in subsequent communications with Oracle's CEO, Larry Ellison (whose deposition Google has requested). Oracle believes that Mr. Page's testimony will likely be relevant with respect to a number of other key issues in this case as well, including the value of the infringement to Google.

2. **Dipchand Nishar.** Mr. Nishar is a former Google employee who, according to his LinkedIn profile, "[s]tarted and managed Google's mobile initiatives worldwide (2005-2007)." As such, Mr. Nishar was involved with strategic decisions relating to Google's

mobile efforts and Android in particular. Mr. Nishar was also involved with negotiations that took place between Google and Sun to obtain a Java license. Google has otherwise produced a number of documents that were authored or sent by Mr. Nishar and which Oracle believes are relevant to the issues raised in this lawsuit.

3. **Bob Lee.** Mr. Lee is a former Google employee who was a Senior Software Engineer at Google who led the core library development for Android. Oracle's claims involve certain Android libraries, and Mr. Lee's testimony would be relevant both with respect to certain aspects of Oracle's liability and damages theories in this respect. Google has also produced a number of documents reflecting communications by or to Mr. Lee that relate to other matters that are relevant to the claims and issues in this case. Among other things, his documents evidence intimate knowledge of Sun's licensing practices, which is relevant to Oracle's claims of willful infringement.

4. **Tim Lindholm.** Mr. Lindholm is an Android software engineer who was previously employed by Sun Microsystems. While at Sun, Mr. Lindholm contributed to certain Java technology at issue in this lawsuit. He constructed one of the very first Java virtual machines, and came to Google with intimate knowledge of the Java platform architecture. In addition, Mr. Lindholm participated in the negotiations that took place between Sun and Google for a Java license. Oracle believes that Mr. Lindholm's testimony likely will be relevant both to the liability and damages issues in this case.

Oracle and Google jointly requested that each party be permitted to notice up to 25 depositions (*see* Docket # 53 p. 5), but Judge Alsup ordered the parties to file a motion seeking permission to take more than 10 depositions only after eight depositions had been taken. Judge Alsup ruled: "No enlargements of the limitations on discovery in the Federal Rules of Civil Procedure will be allowed until after counsel have demonstrated that they will behave reasonably in the discovery already authorized. Such a motion may be made after eight of the ten depositions already authorized have been taken by the moving party." (Docket # 56 p. 6.) During the hearing that took place on November 18, 2010, Judge Alsup stated: "I'm not going to give you any extra depositions at this time, but I will if you behave yourselves."

Oracle has complied with Judge Alsup's order by having already taken eight depositions and by behaving reasonably throughout the course of discovery, and by seeking to limit the total number of depositions.

In its Statement below, Google takes issue with the timing of Oracle's request, but does not note that its rolling document productions are the primary cause of the backloading of depositions in this case. Oracle started taking depositions months ago, despite not having received complete productions for any of the witnesses it has deposed. Despite this fact, and despite Judge Alsup's comment in February that a party may seek to retake the deposition of individuals for whom productions are incomplete at the time of deposition, Oracle is not seeking to take the broader course of redeposing these individuals. It is simply seeking four additional depositions, among more than 90 individuals Google has listed in its initial disclosures, including

twenty new individuals in supplemental disclosures served last week, just over three weeks before the close of fact discovery. Judge Alsup anticipated that the parties would seek additional depositions if they behaved reasonably, and that is precisely what Oracle has done.[1]

Permitting these additional depositions will cause no prejudice to Google. Google is represented by three large law firms, and it is more than able to handle these depositions within the remaining weeks of discovery. This is particularly true given that Google's counsel has not even stated that they represent Mr. Nishar or Mr. Lee, both former Google employees. The parties are working together to schedule depositions, and they could readily schedule these depositions within the remaining weeks.

The four additional depositions will be neither duplicative nor cumulative. Google argues, for example, that Oracle should not be permitted to depose Mr. Page because Oracle has deposed and will again depose Mr. Rubin. However, Mr. Page has information that Mr. Rubin cannot have known and admittedly does not know. Mr. Page reportedly made the decision to acquire Android, Inc.,[2] and Mr. Rubin cannot possibly know what Google was considering at that time given that Mr. Rubin was not even a Google employee at that time. During his previous deposition, Mr. Rubin confirmed that Mr. Page participated in discussions with Sun and then Oracle regarding Java and Android, but when asked what he knew about those conversations, he replied: "Not a lot." Mr. Page, of course, would know. Mr. Page is not an improper "apex" deposition; he has important, unique information about decisionmaking and negotiations that are directly relevant to this case, as is clear from the documents that have been produced by Google, which evidence his ongoing, personal and direct involvement in the matters at issue. Indeed, Google's objection to the deposition of Mr. Page is manifestly inconsistent with its own deposition notice to Oracle's CEO, Mr. Ellison.[3] Google's objection is particularly

---

[1] Even were they relevant to the issues raised by Oracle's request for four additional depositions, which they are not, the arguments contained in Google's footnote are misplaced and misleading. Oracle provided the requested contact information for the witness that Google now complains about, and the parties are scheduling that deposition. Oracle's counsel acted promptly, first seeking to determine whether the three individuals would be represented by counsel, and then providing contact information. Oracle has adequately prepared each of its 30(b)(6) witnesses, and those witnesses were in fact far more prepared than Google's own 30(b)(6) witnesses. Oracle recently discovered some additional documents, and it is making those documents available to Google. In turn, Google just this week requested that Oracle agree to permit Google to continue producing documents into August. Google also just recently served amended disclosures that identify for the first time 20 additional individuals, and Google's counsel has indicated that it will produce more documents for some of those custodians. Oracle remains willing to continue these discussions with Google's counsel, and to try to reach reasonable solutions that work for both parties, but Google should not in the same breath complain that Oracle's request for these additional depositions is untimely, unduly burdensome, or improper.

[2] One article note that Mr. Page was the one who "latched on to the idea" of acquiring Android.

[3] Google's decision to not identify Mr. Page in its initial disclosures, and its efforts to otherwise prevent the deposition of Eric Schmidt, do not provide any basis for its opposition to Mr. Page's deposition. Google has recognized, as it must, that Mr. Page has relevant documents by agreeing to produce his documents. The decision not to identify Mr. Page under Rule 26 can hardly be taken as grounds for resisting Mr. Page's deposition. A high-level executive with relevant adverse information or documents for his employer would be an unlikely candidate for inclusion in Rule 26 disclosures of witnesses with information the party may use to support its claims, but is an *excellent* candidate for deposition under Rule 30.

misplaced given Mr. Page's clear (and unique) personal involvement for six years or more in the issues in the case.

The same is true for the other three witnesses Oracle seeks to depose.

Mr. Nishar was responsible for Google's mobile strategy as a whole, and Google documents make clear that Mr. Nishar participated in important strategy decisions regarding the interaction between Android and Google's larger mobile and non-mobile business.  Mr. Rubin, in contrast, had no responsibility for Google's non-Android mobile efforts.  Mr. Rubin's testimony is therefore not a substitute for Mr. Nishar's testimony.

The documents produced by Google confirm that Mr. Lee, like Mr. Nishar, is a highly relevant witness in this matter, and that he is likely to have relevant testimony on the development of the infringing Android libraries.  The fact that Mr. Bornstein will testify as a 30(b)(6) witness on certain technical issues is not a substitute for Mr. Lee's testimony.

Google does not deny that Mr. Lindholm participated in the negotiations with Sun, and Google instead contends that Mr. Lindholm should not be deposed because "Mr. Rubin is the most knowledgeable person at Google concerning the negotiations between Sun and Google and is set to be deposed again at the end of the month."  Despite the fact that when questioned before about who participated in the negotiations with Sun, Mr. Rubin did not even mention Mr. Lindholm, Google's documents confirm Mr. Lindholm's participation, and Oracle should be permitted to question Mr. Lindholm about those documents and the other relevant documents produced by Google.  In addition, Mr. Lindholm is a former Sun employee with potential knowledge relating to the Java technology at issue in this litigation.

This is a complex case, and Mr. Rubin cannot be expected to – and based on his testimony already has shown he cannot – single-handedly cover all of the relevant issues.  Moreover, the fact that Mr. Rubin may, according to Google's counsel, be the "most knowledgeable" about a given topic is not a legitimate basis for denying Oracle the opportunity for deposition discovery of these four individuals.

The fundamental problem with Google's argument is that it ignores, and would have the Court ignore, Google's own evidence, positions, and conduct in this litigation:

- Google resists the deposition of its CEO, Larry Page, while having noticed the deposition of Oracle's CEO, Larry Ellison;

- Google argues that Oracle has dragged its feet in discovery, while not mentioning that it is the one that is seeking an extension into August for document production, has been slow to produce witnesses, and has at each turn taken the maximum time to prepare responses to Oracle's joint letters regarding discovery disputes;

- Google argues that deposing Andy Rubin is a substitute for deposing higher-level executives, while arguing elsewhere that Oracle should be confined to just a one day deposition of Mr. Rubin, despite having put Rubin up as a Rule 30(b)(6) witness in addition to Oracle's notice of Rubin's deposition in his individual capacity;

- Google argues that ten individual depositions and fifteen Rule 30(b)(6) depositions (for many of which it offers the same person as the corporate representative) is adequate in this case, while listing nearly one hundred witnesses in its initial disclosures, including twenty new individuals on July 5, just over three weeks before the end of fact discovery;

- Google argues that the four additional deponents are irrelevant to the litigation, while having produced in discovery numerous documents that show their personal involvement in the acquisition of Android, the negotiations that took place with Sun and then Oracle for a license, and the formulation of key business strategies relating to the use of the infringed intellectual property.

It would be unfair and deeply prejudicial to Oracle to be confined to the minimum number of depositions in this complex case, and thereby be deprived of the depositions of Google's higher-level executives and other key individuals. Oracle therefore respectfully requests that the Court grant it leave to take the four additional depositions it seeks.

**Google's Statement**

As Judge Alsup predicted several months ago, Oracle comes to this Court "gnashing [its] teeth" with an eleventh-hour attempt to cram extra depositions into the last couple weeks of the discovery period.[4] In November of 2010, the Court ordered that the parties live within the number of depositions permitted under the Federal Rules of Civil Procedure (*i.e.*, ten individual depositions), and stated that it would enlarge that number only where counsel demonstrated that they behaved "reasonably" in authorized discovery.[5] Three months later, upon learning that Oracle had yet to take any depositions, the Court warned all parties in February to "get cracking" in taking depositions so as to avoid the need to return to the Court for discovery relief later.[6]

Yet Oracle failed to get cracking. It did not take its first deposition until April and now, with the end of discovery approaching in less than three weeks, it wants to cram four additional and unnecessary depositions into an already-crowded schedule.[7] Oracle should not be permitted to do so.

---

[4] Transcript of Hearing on 2/9/11, Dkt. No. 87 at 6.
[5] Case Management Order, Dkt. No. 56 at 6.
[6] Transcript of Hearing on 2/9/11, Dkt. No. 87 at 6.
[7] Between remaining individual depositions and Rule 30(b)(6) topical depositions, the parties have dozens of depositions to complete by July 29.

Honorable Donna M. Ryu
July 14, 2011
Page 6 of 8

As an initial matter, Google notes that it has planned its case to abide by the requirements of the Case Management Order and has worked to stay within the deposition limits set by this Court. Oracle, on the other hand, has not provided a sufficient basis for increasing the deposition limit at this late date. Instead, it seeks additional discovery that is unnecessary and addresses subject matter that will be addressed – if it has not already been addressed – in depositions scheduled within the limit. Burdening the schedule with these additional depositions would only compound the already-existing problems resulting from Oracle's unreasonable conduct in discovery.[8]

If Oracle would only abide by the discovery limits and the depositions already noticed (individual as well as Rule 30(b)(6) depositions), it would learn the information it supposedly seeks through these four proposed additional depositions. For example, Oracle claims to need to depose Bob Lee because he "led the core library development for Android" and has "knowledge of Sun's licensing practices." However, Oracle has deposed – and will depose again in a Rule 30(b)(6) capacity – Dan Bornstein. Mr. Bornstein, employed by Google since 2005, is *the primary architect* of the Dalvik Virtual Machine and core libraries. Oracle has also deposed – and will depose again in his individual and Rule 30(b)(6) capacity – Google's Vice President of Android, Andy Rubin. Mr. Rubin is considered the "father" of Android, is responsible for overall strategy for the mobile platform, and led Google's negotiations with Sun concerning Java licensing. Accordingly, he appropriately was designated as Google's representative on – and testified at length regarding – Oracle's Rule 30(b)(6) topic concerning any "discussions between Google . . . and Sun or Oracle . . . concerning Android or the development or licensing of platform technology for mobile devices at any time between 2005 and the filing of this lawsuit . . . ." Mr. Lee, in contrast, is only one of a number of current or former Google employees who may have some subset of information on these topics, but that is not enough to justify expanding the current discovery limits.

Similarly, Oracle claims to need to depose former Google employee, Dipchand Nishar, because he was "involved with strategic decisions relating to Google's mobile efforts and Android" and was "involved" with negotiations between Google and Sun. Yet, Oracle has deposed other Google representatives with far more knowledge regarding this subject matter. As discussed above, Andy Rubin was Google's lead on all such discussions with Sun, headed up the development of Android, and is now the head of Google's mobile division. There is no need to expand the deposition limit to permit Oracle to depose Mr. Nishar, who is far less knowledgeable than other witnesses deposed within the limits.

The same is true for Oracle's harassing demand to depose Google's Chief Executive Officer and co-founder, Larry Page. Aside from the fact that this would be an improper "apex"

---

[8] While it is not possible to address in this joint letter all of the ways in which Oracle has behaved unreasonably in discovery, they include refusing to provide contact information for a key witness, failing to properly prepare its Rule 30(b)(6) witnesses for deposition, producing substantial volumes of non-responsive documents while withholding relevant and responsive documents, and recently announcing that it has hundreds of boxes of additional relevant information that it knew existed months ago and only now is starting to review for production.

deposition,[9] the deposition of Mr. Page is superfluous given the testimony already available through other witnesses noticed within the discovery limits. Oracle claims that it needs to depose Mr. Page because he made the decision to acquire Android and participated in Google's negotiations with Sun. Yet, as Android's Chief Executive Officer prior to joining Google and as Google's Vice President of Android, Mr. Rubin is far more knowledgeable regarding the facts surrounding Google's acquisition of Android. And he was the lead on Google's negotiations with Sun. Accordingly, the deposition of Mr. Page would be unnecessarily duplicative of testimony already available through other witnesses, and would only serve Oracle's goal of harassing Google's most senior executive.[10]

Finally, Oracle claims that it needs to depose Mr. Lindholm because he constructed a Java virtual machine at Sun, supposedly "came to Google with intimate knowledge of the Java platform architecture," and participated in negotiations between Google and Sun. However, as Oracle is aware, Mr. Lindholm neither was an inventor on any of the Asserted Patents, nor worked on the accused Dalvik virtual machine (or any aspect of Android) while at Google. In contrast, Oracle has already deposed (and will depose again on Rule 30(b)(6) topics) Google's lead architect on the Dalvik virtual machine, Dan Bornstein. Mr. Bornstein is Google's most knowledgeable representative concerning the Dalvik virtual machine and the individuals who worked on developing it. Further, as discussed above, Mr. Rubin is the most knowledgeable person at Google concerning the negotiations between Sun and Google and is set to be deposed again at the end of the month. Mr. Lindholm is only one of many Google employees who participated in some way in parts of those discussions, and his involvement was minimal. There is no basis for expanding the discovery limits to permit the deposition of Mr. Lindholm.

********

The Court's Case Management Order made clear that the parties were to carefully plan their discovery efforts, seek to depose only truly important witnesses, and not try to depose every witness who may have additional knowledge on a particular topic. Both Google and Oracle could identify numerous other individuals – both party employees and third employees – who may have some relevant information. The purpose of the Case Management Order, however, was to encourage the parties to focus their energies on the most important witnesses, and not on those whose knowledge would for the most part be limited or duplicative of the knowledge of the individuals already deposed.

---

[9] Were Oracle to issue a notice of deposition for Mr. Page, Google would move for a protective order in connection with that notice given that it violates the prohibitions against improper "apex" depositions.

[10] Google notes that Mr. Page is in a different category from Mr. Ellison of Oracle. Mr. Page is not identified in Google's disclosures under Rule 26. Oracle has listed Mr. Ellison in its disclosures, and Google has offered to withdraw its notice to depose Mr. Ellison if Oracle does not intend to call him as a witness at trial and the parties reached a similar agreement as to Google's Mr. Schmidt. Oracle has declined to so agree. The fact that documents from Mr. Page's files have been produced also does not justify a deposition; both parties have produced and are continuing to produce documents from large numbers of custodians – far more than could reasonably be deposed.

Oracle has made no showing warranting an almost fifty percent increase to the deposition limit in these last few weeks of discovery. The parties are busy finishing dozens of depositions that must be completed by July 29. Google has worked diligently to live within the limits and thereby avoid coming to this Court for an increase in those limits.[11] Given that none of the four witnesses demanded by Oracle have special or unique relevance, that Oracle has not been diligent in timely pursuing the allotted depositions, and that Oracle has not acted reasonably in discovery, Oracle should not be permitted at this late date to increase the deposition limit to depose these four individuals.[12]

Respectfully submitted,

BOIES, SCHILLER AND FLEXNER LLP         KEKER & VAN NEST, LLP

*/s/ Steven C. Holtzman*                 */s/ Robert A. Van Nest*
Steven C. Holtzman                        Robert A. Van Nest

---

[11] Google disagrees with Oracle's statement that Google "is seeking an extension into August for document production." In a recent conversation, lawyers for the parties compared notes on the status of the parties' respective ongoing production of documents, and jointly agreed that it may be helpful to agree to complete certain document production after July 29. Discussion of that topic is continuing, but Google is not unilaterally "seeking an extension."

[12] Google notes that it is not opposed to allowing an additional deposition where a legitimate and compelling basis has been established by a party, and remains willing to discuss such instances with Oracle. However, here none of these witnesses compel such an increase.

**ATTESTATION OF FILER**

I, Steven C. Holtzman, have obtained Robert A. Van Nest's concurrence to file this document on his behalf.

Dated: July 14, 2011

BOIES, SCHILLER & FLEXNER LLP

By: */s/ Steven C. Holtzman*
     Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.