[counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE INC.<br><br>        Defendant. | Case No. CV 10-03561 WHA (DMR)<br><br>**JOINT SUMMARY OF THE STATUS OF THE PTO REEXAMINATIONS AND UPDATE ON THE PARTIES' VIEWS REGARDING STAY**<br><br>Dept.: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

Pursuant to the Court's July 11, 2011 request, Oracle America, Inc. and Google Inc. hereby present their joint summary of the status of the PTO reexaminations and an update on their views as to whether this case should be stayed pending completion of the reexaminations.

## I. STATUS OF THE REEXAMINATIONS

The reexaminations of six of the seven patents in suit are continuing. As of today, the PTO has rejected the claims of four of the seven patents; the PTO has not yet issued office actions with respect to two of the patents; and the PTO has confirmed the patentability of the claims of the final patent over the cited art.

The table below shows the current status of the reexaminations as to each of the seven patents in suit:

| Patent No. (type of reexam) | Reexam Filed | Reexam Ordered | Office Action Issued | Oracle Response Due / Filed | Google Response Due | Asserted Claims Subject To Reexam | Asserted Claims Currently Rejected | Asserted Claims Currently Allowed |
|---|---|---|---|---|---|---|---|---|
| 6,125,447 (ex parte) | 2/15 | 3/23 | 6/29 | Due 8/29 | n/a | All (1, 2, 10, 11, 19, 20) | All (1, 2, 10, 11, 19, 20) | |
| 6,192,476 (ex parte) | 2/15 | 3/23 | 6/16 | Due 8/16 | n/a | All (4, 5, 6, 13, 14, 15, 21) | All (4, 5, 6, 13, 14, 15, 21) | |
| 5,966,702 (ex parte) | 2/15 | 3/23 | 6/6 | Due 9/6 | n/a | All (1, 6, 7, 12, 13, 15, 16) | All (1, 6, 7, 12, 13, 15, 16) | |
| 7,426,720 (inter partes) | 2/15 | 4/18 | 5/5 | Filed 7/5 | 8/4 | All (1, 4, 6, 10, 13, 15, 19, 21, 22) | All (1, 4, 6, 10, 13, 15, 19, 21, 22) | |
| RE38,104 (ex parte) | 3/1 | 3/28 | pending | | | All (11, 12, 15, 17, 22, 27, 29, 38, 39, 40, 41) | | |
| 6,910,205 (inter partes) | 2/17 | 4/14 | pending | | | All (1, 2, 3, 8) | | |
| 6,061,520 (ex parte) | 3/1 | 3/23 | 6/23 | Due 8/23 | n/a | All (1, 4, 8, 12, 14, 20) | | All (1, 4, 8, 12, 14, 20) |

## II. ORACLE'S VIEW: THE CASE SHOULD NOT BE STAYED FOR REEXAMINATION

The pending reexaminations continue to provide little benefit in resolving this dispute. There remains no way to defer to them and stay the action without dramatic disruption to the schedule set by the Court. Recent PTO action (and inaction) confirms this. A stay is still unwarranted and would be highly prejudicial to Oracle. Indeed, a stay would delay—potentially for years—resolution of patent and copyright claims on which the pending reexaminations have had and will have no bearing. The prejudicial impact of such a delay would be particularly acute as Android continues to gain market share at a dramatic pace, growing at over 500,000 activations per day (*see* http://twitter.com/#!/Arubin (last visited July 19, 2011)), and as knowledgeable Oracle employees continue to be lost to turnover (many being hired away by Google).

As to three of the seven patents-in-suit, the PTO has endorsed the claims in dispute or not taken any action. For the '520 patent, the PTO has confirmed all of the asserted claims over all prior art references Google asserted. This patent has been battle-tested and survived handily. In view of this result, Google should not be rewarded by a stay of this case. For the '104 and '205 patents, the PTO has yet to issue any office action, which means that no claim has been subject to even a preliminary rejection. Moreover, these two reexaminations are still at the very beginning of the process and a stay will maximize disruption to the case schedule.

The '205 and '720 patents are undergoing *inter partes* reexaminations. The results of these reexaminations are still quite preliminary. But even after the PTO (someday) issues a reexamination certificate, either party can appeal to the Board of Patent Appeals and Interferences, and then either party can appeal further to the Federal Circuit. Unless the Court stays the case for a very long time, the "final" results in reexamination will likely trail this litigation. Hence, the reexaminations are not actually relevant, as the PTO will be required to dismiss them before they conclude. 35 U.S.C. § 317 provides that, after a final federal court decision on the merits, "an inter partes reexamination requested by that party or its privies on the basis of such issues may not thereafter be maintained by the Office." 35 U.S.C. § 317; MANUAL OF PATENT EXAMINING PROCEDURE § 2686.04.

JOINT SUMMARY REGARDING REEXAMINATIONS
CASE NO. CV 10-03561 WHA (DMR)
pa-1475047

2

For the '702, '447, and '476 patents, which are undergoing *ex parte* reexamination, the facts still weigh against a stay. Although the asserted claims of these patents have been provisionally rejected by the PTO, the reexaminations will almost certainly not end for more than a year, including all appeals. In addition, Google is asserting in the lawsuit at least three grounds of invalidity against the claims of these patents that will not be considered by the PTO in the reexaminations. Because Google asserts independent counterclaims for invalidity of the patents yet will not drop invalidity grounds that will not or cannot be resolved by the reexaminations, a stay will leave a cloud of uncertainty over the patents. Google's delay of at least six months in seeking reexamination should not frustrate the orderly resolution of this case.

The Court should not surrender control of its docket to an overburdened administrative agency. The backlog at the BPAI has been increasing steadily, with over 20,000 appeals pending, 1,100 more being filed every month, and only about 570 dispositions per month. The current average pendency of a BPAI appeal is 32 months. *See* FY 2011 Performance Measures, available at http://www.uspto.gov/ip/boards/bpai/stats/perform/FY_2011_Performance.jsp (last visited July 19, 2011). Despite the BPAI's focus on *ex parte* and *inter partes* reexamination appeals, it has struggled to keep up; though the backlog of *ex parte* reexamination appeals has been reduced this year, the backlog of *inter partes* reexamination appeals has grown by 50%. *See* http://www.uspto.gov/ip/boards/bpai/stats/process/fy2011_jun_b.jsp (last visited July 19, 2011).

Oracle has also sued Google for copyright infringement. That Google copied Sun's Java core library APIs is undisputed. The evidence also shows that the Android code base includes code that was directly copied from Sun source code or was decompiled from Sun binaries. Nothing in the reexaminations can have any impact whatsoever on these claims.

As the Court noted in its recent order, there is also substantial evidence that Google's infringement was intentional. Every day that Google's infringement continues, more damage is done to Oracle and the Java ecosystem as a whole. Because of the large network effects in the developer community, the damages are irreparable. There is no good reason to stay this case and give Google another year or two (or more) to enjoy the benefits of its copying.

### III. GOOGLE'S VIEW: THIS CASE SHOULD BE STAYED OR, IN THE ALTERNATIVE, ORACLE SHOULD BE REQUIRED TO ELECT NOW THE CLAIMS FOR TRIAL IN OCTOBER

To serve the interests of judicial efficiency and fairness, the Court and parties have discussed on several occasions the reexamination proceedings, the reduction of asserted claims, and their relationship to a potential stay pending reexamination. As the Court noted in its recent Order on these subjects, "the larger the number of patents and patent claims asserted [] the more practical it will then seem to simply stay this case and see which claims survive PTO reexamination." Dkt. 147 ("Order") at 1:21-23. The Court therefore left for the final pretrial conference "whether a workable trial plan can be devised, failing which the trial will either be put over until it is trial-ready and/or a trial stay pending re-examination will be entered." *Id*. at 2:5-7.

Circumstances have changed since entry of the Court's Order on May 23. As reflected in the above chart, the PTO has rejected all of the asserted claims in four of the seven patents-in-suit.[1] Notwithstanding those rejections, Oracle has again refused Google's recently-renewed request that it narrow the claims and focus this case for trial. Instead, Oracle continues to assert 50 claims in 7 patents, and has stepped-up its harassing and burdensome discovery tactics, leaving the case in a condition that is far from trial-ready. Google therefore respectfully submits that the case should be stayed pending the completion of all the reexaminations.

A stay pending completion of all the reexamination proceedings will allow this case to proceed efficiently and with the benefit of the PTO's decisions. These reexaminations—which have already resulted in rejection of a majority of the asserted claims—are highly likely to narrow significantly the number of patents involved in the case, as well as narrow the permissible scope of any damages. Indeed, should this case be narrowed to only a few claims modified in the course of the reexamination, any damages claim[2] would be materially limited by, among other things, the doctrine of intervening rights. Such a narrowed case will also eliminate the need for

---

[1] In the two reexaminations without initial office actions, office actions are anticipated shortly.

[2] Google notes that Oracle's expert report on damages is fatally flawed for the reasons set forth in its *Daubert* motion, set for hearing on July 21, 2011.

those efforts specifically directed at the claims rejected through reexamination, including motion practice, expert reports, and other trial preparation, as well as make it more likely that the parties could reach an informal resolution of the matter. In short, both parties and the Court would benefit from a stay pending reexamination.

That said, should the Court be inclined to allow Oracle to proceed to trial in October notwithstanding the status of the reexaminations, that option should be conditioned on Oracle now electing to narrow substantially its claims in order to allow this case to be trial-ready. Without such a narrowing, Google will be forced to address 50 asserted claims in voluminous expert reports, motion practice, and discovery efforts, even though, as a practical matter, only a small fraction of the claims could ever proceed to trial. Those burdens are compounded by Oracle's continued pursuit of unreasonably burdensome discovery tactics, such as:

> (1) Just days ago Oracle first made available for inspection approximately 150 boxes of litigation materials from the *Sun v. Microsoft* litigation (relevant to Oracle's damages claims), even though Oracle now acknowledges that it knew this category of documents existed months ago;
>
> (2) Just days ago Oracle first disclosed the existence of enormous source code "workspaces" which may contain the critical source code that Oracle has long claimed to be missing from Oracle's files and that will likely establish an on-sale bar;
>
> (3) Oracle recently demanded that Google produce on July 29 any documents it has ever produced in more than two dozen other litigations that have involved Android in some way, regardless of whether the documents bear any relevance to the narrow accused aspects of the Android platform; and
>
> (4) Oracle has stonewalled throughout discovery in an effort to delay production of the files from a key witness, Oracle CEO Larry Ellison, even though Oracle itself disclosed Mr. Ellison as a witness on a host of material subjects.

Thus, Google respectfully requests that the Court either stay this case, or proceed to trial in October only if Oracle now elects to reduce its claims to a number reasonably triable in the three week trial (such as three claims, with one selected from each patent group[3]). Google would then reduce its invalidity bases to three per claim to streamline the matter for trial.

---

[3] The patents in suit fall into three separate technology categories: run-time patents, compile-time patents and security patents.

JOINT SUMMARY REGARDING REEXAMINATIONS
CASE NO. CV 10-03561 WHA (DMR)
pa-1475047

5

| | | |
|---|---|---|
| 1 | Dated: July 20, 2011 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By:  /s/ Marc David Peters |
| 4 | | MORRISON & FOERSTER LLP<br>MICHAEL A. JACOBS (Bar No. 111664)<br>mjacobs@mofo.com |
| 5 | | MARC DAVID PETERS (Bar No. 211725)<br>mdpeters@mofo.com |
| 6 | | DANIEL P. MUINO (Bar No. 209624)<br>dmuino@mofo.com |
| 7 | | 755 Page Mill Road<br>Palo Alto, CA  94304-1018 |
| 8 | | Telephone: (650) 813-5600<br>Facsimile: (650) 494-0792 |
| 9 | | |
| 10 | | BOIES, SCHILLER & FLEXNER LLP<br>DAVID BOIES (Admitted *Pro Hac Vice*)<br>dboies@bsfllp.com |
| 11 | | 333 Main Street<br>Armonk, NY  10504 |
| 12 | | Telephone: (914) 749-8200<br>Facsimile: (914) 749-8300 |
| 13 | | STEVEN C. HOLTZMAN (Bar No. 144177)<br>sholtzman@bsfllp.com |
| 14 | | 1999 Harrison St., Suite 900<br>Oakland, CA  94612 |
| 15 | | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 |
| 16 | | |
| 17 | | ORACLE CORPORATION<br>DORIAN DALEY (Bar No. 129049)<br>dorian.daley@oracle.com |
| 18 | | DEBORAH K. MILLER (Bar No. 95527)<br>deborah.miller@oracle.com |
| 19 | | MATTHEW M. SARBORARIA (Bar No. 211600) |
| 20 | | matthew.sarboraria@oracle.com |
| 21 | | 500 Oracle Parkway<br>Redwood City, CA  94065 |
| 22 | | Telephone: (650) 506-5200<br>Facsimile: (650) 506-7114 |
| 23 | | *Attorneys for Plaintiff*<br>ORACLE AMERICA, INC. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

JOINT SUMMARY REGARDING REEXAMINATIONS
CASE NO. CV 10-03561 WHA (DMR)
pa-1475047

6

| | | |
|---|---|---|
| 1 | Dated: July 20, 2011 | KEKER & VAN NEST, LLP |
| 2 | | |
| 3 | | By: _____/s/ Robert A. Van Nest_____ |
| 4 | | ROBERT A. VAN NEST (SBN 84065)<br>rvannest@kvn.com |
| 5 | | CHRISTA M. ANDERSON (SBN184325)<br>canderson@kvn.com |
| 6 | | DANIEL PURCELL (SBN 191424)<br>dpurcell@kvn.com |
| 7 | | 710 Sansome Street<br>San Francisco, CA 94111-1704<br>Telephone: (415) 391-5400 |
| 8 | | Facsimile: (415) 397-7188 |
| 9 | | SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com |
| 10 | | ROBERT F. PERRY<br>rperry@kslaw.com |
| 11 | | BRUCE W. BABER (*Pro Hac Vice*)<br>bbaber@kslaw.com |
| 12 | | 1185 Avenue of the Americas<br>New York, NY 10036-4003 |
| 13 | | Telephone:  (212) 556-2100<br>Facsimile:   (212) 556-2222 |
| 14 | | |
| 15 | | DONALD F. ZIMMER, JR. (SBN 112279)<br>fzimmer@kslaw.com |
| 16 | | CHERYL A. SABNIS (SBN 224323)<br>csabnis@kslaw.com |
| 17 | | KING & SPALDING LLP<br>101 Second Street - Suite 2300 |
| 18 | | San Francisco, CA 94105<br>Telephone: (415) 318-1200 |
| 19 | | Facsimile:  (415) 318-1300 |
| 20 | | GREENBERG TRAURIG, LLP<br>IAN C. BALLON (SBN 141819) |
| 21 | | ballon@gtlaw.com<br>HEATHER MEEKER (SBN 172148) |
| 22 | | meekerh@gtlaw.com<br>1900 University Avenue |
| 23 | | East Palo Alto, CA 94303<br>Telephone: (650) 328-8500 |
| 24 | | Facsimile: (650) 328-8508 |
| 25 | | *Attorneys for Defendant*<br>GOOGLE INC. |
| 26 | | |
| 27 | | |
| 28 | | |

JOINT SUMMARY REGARDING REEXAMINATIONS
CASE NO. CV 10-03561 WHA (DMR)
pa-1475047

7

**ATTESTATION**

I, Marc David Peters, am the ECF User whose ID and password are being used to file this JOINT SUMMARY OF THE STATUS OF THE PTO REEXAMINATIONS AND UPDATE ON THE PARTIES' VIEWS REGARDING STAY. In compliance with General Order 45, X.B., I hereby attest that Robert A. Van Nest has concurred in this filing.

Date: July 20, 2011                              /s/ Marc David Peters