UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C-10-03561-WHA (DMR) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO TAKE ADDITIONAL DEPOSITIONS** |
| v. | |
| GOOGLE INC., | |
| Defendant. | |

Before the court is the parties' July 14, 2011 Joint Letter Regarding Oracle's Request for Four Additional Depositions ("Letter"). [Docket No. 215.] In the Letter, Plaintiff Oracle America, Inc. seeks to depose Larry Page, Dipchand Nishar, Bob Lee, and Tim Lindholm. (Letter at 1-2.) These depositions would supplement the ten that it already has taken pursuant to the limit established by Rule 30 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Defendant Google, Inc. opposes Plaintiff's request. (Letter at 5-8.) The court conducted a telephonic hearing on July 21, 2011. This order summarizes the rulings made by the court during the hearing.

Rule 30 of the Federal Rules of Civil Procedure requires a party wishing to take more than ten depositions without consent of other parties to obtain leave from the Court to proceed. Fed. R. Civ. P. 30(a)(2). Moreover, in the present case, the presiding District Judge has forbidden "enlargements of the limitations on discovery in the Federal Rules of Civil Procedure . . . until after

counsel have demonstrated that they will behave reasonably" during discovery. [Docket No. 56.] When evaluating a party's request to expand discovery limitations, the court must ensure that the discovery sought is "relevant to [the] party's claim[s] or defense[s]" and not unreasonably cumulative, duplicative, or burdensome. Fed. R. Civ. P. 26(b).

As set forth below, in light of these factors and the arguments presented in the Letter and the July 21, 2011 hearing, the court finds that Oracle made a sufficient showing to justify three limited depositions.

Larry Page is Google's CEO. Oracle seeks to depose Mr. Page regarding his knowledge of the negotiations between Sun and Google that took place between 2005 and 2010 to obtain a Java license for Android, as well as Mr. Page's decision to purchase Android, Inc. due to its strategic value. Oracle may depose Mr. Page for a maximum of two hours, excluding breaks, solely on topics relevant to the willfulness of Defendant's alleged patent infringement, and the value of Android to Defendant.[1]

Dipchand Nishar is a former Google employee. The role he played at Google is unclear. Oracle points to Mr. Nishar's personal description on his LinkedIn page to assert that Mr. Nishar "started and managed Google's mobile initiatives worldwide" in 2005-2007. Oracle also asserts that Mr. Nishar made joint presentations to high level executives that included statements about Google's "need for licensing," which may be relevant to Oracle's claims for willful infringement. Google counters that Mr. Nishar was a senior director for products in the Asia/Pacific region, and was "not a major player" with respect to Android or Google's mobile business. Google also asserts that documents do not clearly tie Mr. Nishar to the joint presentations and that Oracle has already had

---

[1] Oracle claims that Mr. Page participated in Google's negotiations with Sun for a Java license. Even though Google asserts that Mr. Page was not personally at the bargaining table, Google admits that Mr. Page received briefings on the negotiations. Given the importance of Android to Google's business, it is highly likely that Mr. Page participated in decision-making regarding the licensing negotiations. Therefore, Plaintiff also has satisfied the court that Mr. Page likely "has unique first-hand, non-repetitive knowledge of facts at issue in the case" and that Plaintiff "has exhausted other less intrusive discovery methods" to obtain the information it seeks in its proposed deposition. *Affinity Labs. of Tex. v. Apple, Inc.*, No. C 09-4436 CW, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (detailing factors required to perform "apex deposition") (citing *Websidestory, Inc. v. Netratings, Inc.*, No. C 06-408, 2007 WL 1120567, at *2 (S.D. Cal. Apr.6, 2007)).

ample opportunity to depose Mr. Rubin about the joint presentations. Oracle has not established that Mr. Nishar has relevant, non-duplicative, non-cumulative knowledge that justifies an additional deposition. The court therefore denies Oracle's request to depose Mr. Nishar.

Bob Lee is a former Google employee who was a Senior Software Engineer with a high level of responsibility regarding core library development for Android. Oracle asserts that Mr. Lee's name is tied to a significant number of documents, including some that indicate awareness of the need for licenses, which may be relevant to Oracle's claims for willful infringement. Oracle may depose Mr. Lee for a maximum of two hours, excluding breaks, solely on topics relevant to the willfulness of Defendant's alleged patent infringement.

Tim Lindholm is an engineer, and a former Sun employee who has worked for Google since approximately 2004. Oracle asserts that Mr. Lindholm was involved in the negotiations between Sun and Google for a Java license in the 2005-2006 time period as a technical advisor in a position to evaluate the necessity of licensing. According to Oracle, Mr Lindholm also engaged in high level discussions in 2010 on the question of whether Google had viable non-infringing alternatives. Oracle may depose Mr. Lindholm for a maximum of two hours, excluding breaks, solely on topics relevant to the willfulness of Defendant's alleged patent infringement.

IT IS SO ORDERED.

Dated: July 21, 2011

```
_____
DONNA M. RYU
United States Magistrate Judge
```

3