**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C-10-03561-WHA (DMR) |
| Plaintiff, | **ORDER RE PARTIES' JULY 1, 2011 JOINT DISCOVERY LETTER** |
| v. | |
| GOOGLE INC., | |
| Defendant. | |

Before the court is the parties' July 1, 2011 joint discovery letter ("Letter"), in which Plaintiff Oracle America, Inc. asks the court to order Defendant Google Inc. to produce "non-mobile data and projections responsive to Request for Production ('RFP') Nos. 168-174." (Letter at 1.) On July 22, 2011, Judge Alsup granted in part Defendant's motion to strike Plaintiff's expert damage report. *See generally Oracle Am., Inc. v. Google Inc.*, No. C-10-3561-WHA (N.D. Cal. July 22, 2011) (order granting in part motion to strike damage report of plaintiff expert Iain Cockburn). Despite Judge Alsup's findings of fault within the report, and assuming that Plaintiff properly tethers a revised report to its infringing claims, it remains clear that Plaintiff may take into account at least some of Defendant's non-mobile, American-based businesses in formulating its damages assessment. *See id.* at 5-6, 8-10.

Consequently, the court hereby ORDERS that the parties shall meet and confer to resolve the discovery disputes set forth in the Letter. The court notes that Plaintiff appears to request significant

amounts of discovery. In light of the proportionality requirements mandated in Federal Rule of Civil Procedure 26(b)(2)(C) and the fast approaching end of discovery, the parties shall use Plaintiff's proposed compromise in the Letter as a starting point from which Plaintiff's discovery requests shall be reduced. Moreover, any non-mobile business that Plaintiff seeks to account for in its damage report must be supported by the evidence and not be purely speculative. For example, Judge Alsup noted that "[t]here is evidence . . . that users with Android phones 'search twice as much' as users with other types of phones, increasing the advertising revenue derived from Google's search service." *Order* at 9. Thus, Plaintiff will be allowed to seek reasonable discovery with respect to Defendant's search services advertising revenue. Other non-mobile discovery should be similarly supportable. If the parties still cannot resolve their disputes, they shall file a joint discovery letter with the court no later than July 28, 2011.

IT IS SO ORDERED.

Dated: July 22, 2011

DONNA M. RYU
United States Magistrate Judge