KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

KING & SPALDING LLP
DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                    Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**DECLARATION OF ROBERT A. VAN NEST REGARDING RULE 706 EXPERTS** |

I, ROBERT A. VAN NEST, declare as follows:

1. I am a partner in the law firm of Keker & Van Nest LLP, counsel for defendant Google Inc. ("Google") in this case. I submit this declaration in response to the Court's July 5, 2011 Order Regarding Rule 706 Experts ("Order"). I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently to the matters set forth herein.

2. In its Order, the Court notified Google and Oracle America, Inc. ("Oracle") of its intention to appoint two experts under Federal Rule of Evidence 706, one to testify regarding damages and one to testify "concerning whether or not the claims tried to the jury, if infringed, constitute the basis for demand for Android." The Court asked the parties to jointly recommend two candidates for each position by July 26, 2011. The Court further permitted the parties to "submit declarations showing cause why such appointments would (or would not) be advisable, and describing the assignments counsel would prefer be given to the experts."

3. First, Google believes that the issues of damages, on the one hand, and the basis of demand for Android, on the other, are closely related. Put another way, whether the asserted intellectual property forms any part of the basis of demand for Android will be one important consideration in any damages analysis. Accordingly, it might be more efficient for both of these assignments to be handled by the same expert. Should the Court appoint a single expert, rather than two experts, Google believes that it would make the most sense to appoint an economist in that role. Economists—and particularly economists who provide litigation consulting—are experienced both in evaluating the basis of demand for a product and in calculating damages, and would bring an appropriate level of methodological rigor to both tasks.

3. Second, if the Court does wish to appoint separate experts for damages and for the basis of demand for Android, Google would be comfortable if the Court appointed an economist to serve in both roles. To the extent the parties are able to identify two qualified economists to serve as damages experts, the Court could simply appoint both economists suggested by the parties, and divide the two roles between them.

4. Third, if the Court decides to appoint a technical or industry expert regarding the basis of demand for Android, Google believes that an industry expert would be more helpful to the Court and the jury than a technical expert. An industry expert would have first-hand knowledge of the market for handsets, operating systems, and applications, how those products are marketed to consumers, and the reason why consumers make their practical purchasing decisions. As Google reads the Court's Order and understands the legal standard, those are the critical questions with respect to evaluating the basis of demand. A technical expert, by contrast, might be limited to offering objective data regarding how any patented features in the Android software improved the performance of that software, but may not have a basis for evaluating the extent to which any of those performance improvements actually mattered to consumers, relative to the other features of the software.

5. Fourth, Google believes it would be more appropriate if the Court would limit the role of any Court-appointed expert to confidentially advising the Court, rather than testifying before the jury. Both Oracle and Google have retained damages experts and plan to have those experts testify, including about the basis of demand for the Android software. If the jury also hears testimony from a third, neutral expert, that will further complicate the jury's decision on damages, which decision will already be a complex task. Moreover, if the jury is aware that the Court's expert was appointed by the Court and is not a representative of the parties, that expert will have a powerful stamp of Court approval and objectivity that will lend a disproportionate weight to that expert's opinions and testimony. In addition, only three months remain until trial, and it is still unclear which patent claims Oracle plans to rely on at trial. The expert will need a significant amount of time to gather materials from the parties and get up to speed on the facts of the case. Once the expert does get up to speed, there would be a greater need for both Oracle and Google to take comprehensive discovery of that expert if the expert will testify. Accordingly, it would be logistically simpler and impose less pressure on the parties, the Court, and the expert if the Court gave the expert the more streamlined role of a confidential advisor, rather than the more complex role of a testifying witness.

1   I declare under penalty of perjury that all the foregoing facts are true and correct and that
2   this declaration was executed on July 26, 2011 at San Francisco, California.

                                              /s/ Robert A. Van Nest /s/
                                                     Robert A. Van Nest