IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>    Defendant.<br>_____/ | No. C 10-03561 WHA<br><br>**ORDER RE SEARCH<br>FOR RULE 706 EXPERTS** |

On July 5, 2011, the parties were requested to jointly submit the names and resumes of candidates to serve as Rule 706 experts by July 26 (Dkt. No. 195). When the deadline arrived, the parties instead "inform[ed] the Court that they do not yet have agreed experts who fulfill the Court's criteria." The parties "are willing to continue working together in an effort to satisfy the Court's request for recommendations," but seek "further direction" (Dkt. No. 234). Because the July 5 request has proven problematic, it is modified as follows.

*First*, the candidates need not be drawn from this district as originally requested. *Second*, if the parties are unable to agree on jointly proposed candidates, then each party may separately submit its own candidates. The names and resumes of these candidates may be filed under seal. *Third*, any and all candidates must be submitted by **AUGUST 3, 2011**. If no candidates are submitted by that date, then the Court will independently search for candidates, and the parties will still be required to pay the costs of the expert(s) chosen from that pool pursuant to FRE 706(b). Such a search likely would portend delay of the trial date, because any expert will need time to be brought up to speed on the facts of the case after being appointed.

Regarding the declaration filed by Google Inc., the suggestion that the role of any Rule 706 expert be limited "to confidentially advising the Court, rather than testifying before the jury" will not be taken (Dkt. No. 235 at 2). As stated in the July 5 order, the search is for an expert "to testify before the jury at trial under FRE 706 and *not* [to serve] as a confidential advisor to the judge" (Dkt. No. 195). Far from complicating the jury's decision on damages, as Google argues, the testimony of a Rule 706 expert would assist the jury by providing a neutral explanation and viewpoint. *See Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 558 F.3d 1341, 1346–48 (Fed. Cir. 2009). This assistance will be particularly useful because both sides have taken such extreme and unreasonable positions regarding damages in this action.

**IT IS SO ORDERED.**

Dated: July 27, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE