MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br><br>        v.<br><br>GOOGLE INC.<br><br>        Defendant. | Case No. CV 10-03561 WHA<br><br>**DECLARATION OF MARC DAVID PETERS IN SUPPORT OF ORACLE AMERICA, INC.'S OPPOSITION TO GOOGLE INC.'S AMENDED MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS**<br><br>Hearing Date: August 18, 2011<br>Time: 2:00 p.m.<br>Dept.:  Courtroom 9, 19th Floor<br>Judge:  Honorable William H. Alsup |

I, Marc David Peters, declare as follows:

I am a partner at Morrison & Foerster LLP and am counsel of record to Plaintiff Oracle America, Inc.  I have personal knowledge of the matters set forth herein and, if called to testify, could and would testify competently to the following.

1.      In January 2011, Google served its Patent Local Rule 3-3 Invalidity Contentions, which included thirty-five §§ 102 and 103 claim charts, a number of §§ 101, 112, and 251 defenses, and a twenty-two page table of 500+ additional references, for which no claim charts were provided.

2.      In February and March 2011, Google filed reexamination requests with the U.S. Patent and Trademark Office requesting reexaminations of all seven patents in suit.  Many of the prior art references used to make those requests were not used in Google's January 2011 contentions.  Google did not ask Oracle to stipulate to allow Google to supplement its invalidity contentions in February or March, nor did it file a motion with the Court.

3.      In April 2011, Google filed a second request for reexamination of U.S. Patent 6,061,520.  Google's request was based in part on alleged obviousness based on combinations of prior art references as charted in Google's later-proposed charts D-5 (*Lewis/Java Language Specification/Java VM Specification*) and D-6 (*Lewis/Dyer/Proebsting*).  On June 29, 2011, the patent examiner assigned to the request issued an order denying Google's second request in its entirety because "[n]o substantial new question of patentability is raised by the request for reexamination and prior art cited therein . . . ."

4.      In an April 3, 2011 in-person meet-and-confer in the Court's jury room, at which I was present, counsel for Google mentioned their wish to amend their invalidity contentions.  At that time, I asked Google for an identification of the new prior art references and an explanation of the grounds for good cause to amend, such as an explanation of why the new art was not identified earlier.  I did not receive that information then or any time in April.

5.      Not until May 3, 2011 did Google again raise the issue, notifying Oracle by letter that it intended to move the Court for leave to supplement its Invalidity Contentions.  Counsel for Google sent a letter on May 6 identifying new references by name.  Counsel for Google sent an

PETERS DECL. ISO ORACLE'S OPP. TO GOOGLE'S AMD. MOT. FOR LEAVE TO SUPP. INVALIDITY CONTENTIONS
CASE NO. CV 10-03561 WHA
pa-1476898

1

1  email on May 16 attaching formal proposed Supplemental Invalidity Contentions, which included

2  twenty-one new and revised prior art charts.  Google also extensively added to its Section 101 and

3  112 defenses.  Google's May 6 letter and May 16 charts did not, however, include theories based

4  on *Krakowiak* or *Vyssotsky* (new '104 chart A-10) or JavaOS (still no chart), revisions to earlier

5  charts (revised charts A-2 and A-3), or other grounds that were later first raised in June and July.

6        6.      In May 2011, the parties discussed whether they could compromise on Google's

7  proposed supplementations as part of a larger effort to narrow the issues for trial according to the

8  Court's May orders.  As part of this discussion, in May 23, 2011, I participated in a meet-and-

9  confer call with Google's counsel.  I told Google, in words or in effect, that "if the Court permits

10  these new references to come into the case, it will be a lot of extra work for Oracle, but I'm not

11  going to say we can't handle it.  But this work is completely unnecessary and disruptive to the

12  case schedule, because Google could have and should have raised these references earlier."

13  These are the statements that Google counsel Mark Francis transformed into Oracle's

14  "concession" that Oracle suffers no prejudice in his May 25 letter.

15        7.      I made my statements on May 23 in the context of trying to promptly resolve the

16  issue of amendment, whether by compromise or motion, and with the understanding that expert

17  discovery was to begin on July 29, more than two months away.  I responded to Mr. Francis's

18  letter on May 31 and explained that Google's request was both burdensome and late.  At the time,

19  Google was trying to add every possible invalidity defense it could think of, however

20  unsupportable, even ones it knew it would not pursue on June 15 when it had to select defenses.  I

21  explained that Google's approach was burdensome because it "so dramatically expands the case

22  with new invalidity theories at a time when we are supposed to be refining and focusing the

23  case."

24        8.      On June 1, Oracle selected its fifty patent claims for assertion according to the case

25  plan.  This selection was made not knowing that Google would seek to assert *Krakowiak*,

26  *Vyssotsky*, *Wahbe/JLS*, and *Roskind/Roskind* in the near future.

27        9.      On June 7, in a phone call with Mr. Francis, I told him that I did not think it likely

28  that the parties would be successful in reaching a further compromise on the issue of Google's

PETERS DECL. ISO ORACLE'S OPP. TO GOOGLE'S AMD. MOT. FOR LEAVE TO SUPP. INVALIDITY CONTENTIONS
CASE NO. CV 10-03561 WHA
pa-1476898

2

invalidity contention amendment beyond the amendments that Oracle had already agreed to, and that Google should file a motion for leave to amend if that's what it still wanted to do.  I note that an amendment that Oracle did consent to (a revision to chart D-3) is not the subject of Google's motion for leave to amend its invalidity contentions.

10.     During a call on Friday, June 11, counsel for Google demanded that Oracle prepare its portion of a joint motion to be filed the next week with Magistrate Judge Ryu.  I asked whether Google would be moving to add invalidity grounds that it had not yet disclosed to Oracle, and Google declined to answer.  (It did turn out to be the case.)  I asked whether Google would provide legal authority for its request to amend—Google had provided none before—and Google declined.  I asked whether Google would discuss with Oracle which invalidity grounds it was considering selecting on the June 15 deadline to see whether there could be a last-minute compromise, and Google declined.  Given the circumstances, over the June 12-13 weekend, Oracle worked to prepare its portion of a joint motion to be filed with Magistrate Judge Ryu.

11.     But on June 15, Google announced that it would file a précis with the Court instead.  Google filed that précis on June 17.

12.     Oracle's concerns proved to be true: in Google's June 15 invalidity defense selection, it included invalidity theories that had never been disclosed to Oracle before: *Krakowiak* and *Vyssotsky* for the '104, *JavaOS* and *Vyssotsky* for the '702, *Wahbe/JLS* for the '447, and *Roskind/Roskind* for the '476.  Also, Google "reserved" the right to assert alternate defenses in the event the Court denied Google's anticipated motion to supplement its Invalidity Contentions, so the total number of asserted defenses selected exceeded the six permitted by the Court.  Attached hereto as Exhibit 1 is a true and correct copy of Scott Weingaertner's June 15 letter making Google's selection of invalidity defenses.

13.     On June 21, 2011, the Court granted leave for Google to file a motion for leave to amend its invalidity contentions.

14.     Google did not file a motion for leave to amend its invalidity contentions until July 8, 2011.  Three hours before filing, Mr. Francis sent me an email purporting to send a "complete set of Google's invalidity claim charts."  Later that day, I pointed out by email that there were

PETERS DECL. ISO ORACLE'S OPP. TO GOOGLE'S AMD. MOT. FOR LEAVE TO SUPP. INVALIDITY CONTENTIONS
CASE NO. CV 10-03561 WHA
pa-1476898

3

1    differences between Google's May 16 and July 8 chart disclosures.  The May 16 set did not

2    include charts for *Wahbe/JLS*, *Roskind/Roskind*, or *Gong*.  Mr. Francis acknowledged that

3    Google's July 8 version of the B-4 chart included *Vyssotsky*, and its May 16 version did not.  On

4    July 10, I emailed Mr. Francis to point out that Google had not yet provided any chart for the

5    *Griffin/JLS* invalidity theory Google selected on June 15.  On July 13, Mr. Francis wrote me to

6    withdraw *Griffin/JLS* and wrote me again on July 15 to withdraw *Wahbe/JLS*, *Roskind/Roskind*,

7    and *Gong*.  When Google filed an amended motion for leave to amend its invalidity contentions

8    shortly before midnight on July 13, it dropped *sub silentio* its proposal to add *Vyssotsky* to chart

9    B-4.  Attached hereto as Exhibits 2 and 3 are true and correct copies of my email correspondence

10   with Mr. Francis on these issues.

11        15.    Attached hereto for the Court's convenience as Exhibit 4 is a true and correct copy

12   of the Order Denying Defendant BSN's Motion for Leave to Amend Its P.R. 3-3 Invalidity

13   Contentions, *Iovate Health Sciences, Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, No.

14   9:07-CV-46 (E.D. Tex. June 7, 2008).

15        16.    Attached hereto as Exhibit 5 is a true and correct copy of relevant portions of

16   Google's Invalidity Contentions, served January 18, 2011 (highlights added).

17        17.    Attached hereto as Exhibit 6 is a true and correct copy of relevant portions of the

18   JavaOS 1.1 release notes.  The entry for the JavaOS 1.1f build, dated May 20, 1997, identifies a

19   "new Java 'linker' that combines multiple .class files into one .mclass file" as a "New Feature" of

20   JavaOS 1.1 (highlights added).

21

22        I declare under penalty of perjury under the laws of the United States that to the best of

23   my knowledge the foregoing is true and correct.  Executed on July 27, 2011, in Palo Alto,

24   California.

25                                    _____/s/ Marc David Peters_____

26

27

28

PETERS DECL. ISO ORACLE'S OPP. TO GOOGLE'S AMD. MOT. FOR LEAVE TO SUPP. INVALIDITY CONTENTIONS
CASE NO. CV 10-03561 WHA
pa-1476898

4

ORACLE'S OPPOSITION TO GOOGLE'S
AMENDED MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS

CIV. NO. CV 10-03561-WHA

# EXHIBIT 1

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York  10036-4003
www.kslaw.com

Scott T. Weingaertner
Direct Dial:  (212) 556-2227
Direct Fax:  (212) 556-2222
sweingaertner@kslaw.com

June 15, 2011

**<u>VIA E-MAIL</u>**

Marc D. Peters, Esq.
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA   94304-1018
mdpeters@mofo.com

> Re:   *Oracle America, Inc. v. Google Inc.*,  No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Marc:

Per the parties' agreement and the Court's May 23, 2011 Order, Google hereby selects the following grounds of invalidity on which it intends to rely.

Identification of these grounds of invalidity is distinct from other documentation (e.g., publicly available, previously identified, and/or previously produced documentation), and Google specifically reserves the right to rely on such other documentation to provide background and/or context for the identified grounds of invalidity.

Because discovery in this case is still ongoing, Google specifically reserves the right to modify, amend, or supplement the following selections for good cause, for example, in the event new facts are discovered that give rise to new or modified grounds of invalidity.  In addition, for each prior art reference identified in a § 102 or § 103 defense below, Google reserves the right to rely on evidence of prior art systems described in the reference and/or testimony of one or more of the authors of the reference.

**<u>'104 patent:</u>**

1.  all asserted claims: § 102 (Gries), § 102 (Chaitin)

2.  all asserted claims: § 251 (improper broadening after two years)

Marc D. Peters, Esq.
June 15, 2011

    3.   all asserted claims: § 103 (AAPA/Rau), § 103 (Tafvelin in view of Dynamic Linking as described in Daley, Krakowiak, and/or Vyssotsky), § 103 (Gries/Rau).

NOTE:  The three '104 patent invalidity defenses listed in item 3 are the subject of Google's anticipated motion for leave to supplement its invalidity contentions.  In the event the Court denies Google's motion in whole or in part, Google specifically reserves the right to replace any excluded defense with one of the following, each of which is applicable to all asserted claims: § 102 (Gabriel), § 103 (Davidson in view of AT&T).

**'520 patent:**

    1.   all asserted claims: § 102 (Lewis), § 102 (Cierniak)

    2.   claims 1, 4, 12, 14: § 103 (Cierniak/Lindholm)

    3.   all asserted claims: § 103 (Lewis/Gosling/Sun), § 103 (Lewis/Dyer/Proebsting)

    4.   all asserted claims: § 112 (enablement)

    5.   claim 20: § 101 ("computer-readable medium" - carrier wave not patentable)

NOTE:  The two '520 patent invalidity defenses listed in item 3 are the subject of Google's anticipated motion for leave to supplement its invalidity contentions.  In the event the Court denies Google's motion in whole or in part, Google specifically reserves the right to replace any excluded defense with one of the following:  § 101/102[1] (printed matter) (claim 20 only), § 112 (improper dependent claim) (claim 4 only)

**'205 patent:**

    1.   all asserted claims: § 102 (Tarau), § 102 (Magnusson), § 102 (Hookway), § 103 (Wakeling/Magnusson), § 103 (Lewis/Magnusson), § 103 (Deutsch/Magnusson)

In its Invalidity Contentions served on January 18, 2011, Google identified the Just-In-Time ("JIT") compiler that was released by Symantec prior to the date of the '205 patent as potentially invalidating prior art under 35 U.S.C. § 102(b) and/or § 103(a).  *See* Invalidity Contentions at 7.  Google has learned through discovery that Sun licensed the Symantec JIT compiler and integrated it into a version of Java that Oracle claims to have practiced the '205 patent.  Despite specific discovery requests seeking information related to this Symantec JIT compiler, Oracle has failed to produce source code and/or other documents that would allow Google to determine whether the Symantec product anticipates any claims of the '205 patent.  Regardless, Google intends to continue to pursue this defense and specifically reserves the right to raise a § 102 defense based on the Symantec/JDK JIT compiler in place of one of the defenses identified above.

---

[1] This contention is identified in the alternative as precedential decisions are not worded consistently, even if achieving the same result.  The underlying contention is the same in any event: "printed matter" is not patentable subject matter rendering the claim invalid.  The argument under § 101 is that the claim expressly claims printed matter (information stored in "a computer-readable storage medium").  The argument under § 102 is that the "computer-readable storage medium" exists in the prior art and the printed matter cannot impart patentability on that prior art structure.

Marc D. Peters, Esq.
June 15, 2011

**'702 patent:**

1. all asserted claims: § 102 (Palay), § 102 (Tock), § 103 (Multics segment binder as described in Organick, Honeywell, and/or Vyssotsky), § 103 (Palay/Gosling), § 103 (Tock/Platt)

2. all asserted claims: § 102 (JavaOS)

**'720 patent:**

1. all asserted claims: § 103 (Webb/Kuck/Bach), § 103 (Srinivisian/Bach), § 103 (Dike/Steinberg); § 103 (Bryant/Traut), § 103 (Sexton/Bugnion)

2. claims 1, 4, 6, 10, 13, 15, 21, 22: § 103 (Sexton/Johnson)

3. claim 19: § 101/102 (printed matter exception)

NOTE:  The '720 patent invalidity defense listed in item 3 is the subject of Google's anticipated motion for leave to supplement its invalidity contentions.  In the event the Court denies Google's motion in whole or in part, Google specifically reserves the right to replace this defense with § 103 (Sexton/Johnson).

**'447 patent:**

1. all asserted claims: § 102 (Griffin), § 102 (Fischer)

2. all asserted claims: § 102 (Goldstein/Shah), § 103 (Wahbe/Java Language Spec)

3. claims 1, 2, 19, 20: § 103 (Gong), § 102 (Organick)

4. claims 10, 11: § 101/102 (printed matter exception)

5. claims 10, 11: § 101 ("computer-readable medium" - carrier wave not patentable)

NOTE:  The four '447 patent invalidity defenses listed in items 2-4 are the subject of Google's anticipated motion for leave to supplement its invalidity contentions.  In the event the Court denies Google's motion in whole or in part, Google specifically reserves the right to replace any excluded defense with § 102 (Lampson).

**'476 patent:**

1. all asserted claims: § 102 (Fischer), § 102 (Griffin)

2. all asserted claims: § 103 (Griffin/Java Language Spec), § 103 (Roskind/Roskind)

3. claims 4, 5, 6, 21: § 103 (Gong)

4. claims 4, 5, 6, 21: § 103 (Griffin/Chan)

5. claim 13, 14, 15: § 101/102 (printed matter exception)

6. claim 13, 14, 15: § 101 ("computer-readable medium" - carrier wave not patentable)

Marc D. Peters, Esq.
June 15, 2011

NOTE:  The three '476 patent invalidity defenses listed in items 2, 3, and 5 are the subject of Google's anticipated motion for leave to supplement its invalidity contentions.  In the event the Court denies Google's motion in whole or in part, Google specifically reserves the right to replace any excluded defense with one of the following: § 103 (Griffin/Chan), and § 103 (Organick).

Sincerely,

Scott T. Weingaertner

ORACLE'S OPPOSITION TO GOOGLE'S
AMENDED MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS

CIV. NO. CV 10-03561-WHA

# EXHIBIT 2

**Peters, Marc D.**

| | |
|---|---|
| **From:** | Francis, Mark [MFrancis@KSLAW.com] |
| **Sent:** | Wednesday, July 13, 2011 4:45 PM |
| **To:** | Peters, Marc D.; Muino, Daniel P. |
| **Cc:** | Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com; Oracle-Google@bsfllp.com; Oracle MoFo Service List |
| **Subject:** | RE: Google's Invalidity Claim Charts |

Marc,

This chart was intentionally not included in the zip file Google sent last Friday, as Google no longer intends to rely on the 103 combination of Griffin in view of the Java Language Specification as a basis of invalidity of the '476 patent.

Please let me know if you have any questions.

Regards,

Mark

-----Original Message-----
From: Peters, Marc D. [mailto:MDPeters@mofo.com]
Sent: Sunday, July 10, 2011 5:52 PM
To: Francis, Mark; Muino, Daniel P.
Cc: Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com; Oracle-Google@bsfllp.com; Oracle MoFo Service List
Subject: RE: Google's Invalidity Claim Charts

Mark,

Did Google provide a chart for its Griffin/Java Language Specification 103 assertion against the 476 patent?  I'm not finding it.

Best regards,
Marc

-----Original Message-----
From: Francis, Mark [mailto:MFrancis@KSLAW.com]
Sent: Saturday, July 09, 2011 7:09 PM
To: Peters, Marc D.; Muino, Daniel P.
Cc: Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com; Oracle-Google@bsfllp.com; Oracle MoFo Service List
Subject: RE: Google's Invalidity Claim Charts

Marc,

I believe B-4 also contains additional disclosure from the Vyssotsky reference.

Regards,

Mark

-----Original Message-----
From: Peters, Marc D. [mailto:MDPeters@mofo.com]
Sent: Friday, July 08, 2011 7:15 PM
To: Francis, Mark; Muino, Daniel P.
Cc: Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com; Oracle

MoFo Service List
Subject: RE: Google's Invalidity Claim Charts


Mark,

I think we understand each other.  Today is the first day Google provided a '104 chart
with information from Vyssotsky or Krakowiak, which are the "in part" parts of A-10 we had
not seen before.  I understand that today is also the first day Google provided charts for
Wahbe (F-6) and Roskind (G-6).  I see that the two sentences from the Gong paper that
appear in every box of today's F-7 and G-4 charts was quoted in the May 16 cover document.

Are there any other changes to the charts that Google provided in May that are in the
charts provided today?

Best regards,
Marc




-----Original Message-----
From: Francis, Mark [mailto:MFrancis@KSLAW.com]
Sent: Friday, July 08, 2011 3:59 PM
To: Peters, Marc D.; Muino, Daniel P.
Cc: Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com; Oracle-Google@bsfllp.com; Oracle
MoFo Service List
Subject: RE: Google's Invalidity Claim Charts

Marc,

The substance of charts F-7 and G-4 based on the Gong reference was included in the 103
table in the First Supplemental Invalidity Contentions document that was sent along with
my May 16 email.  (See pp.
24-26.)

I don't want to argue technicalities with you regarding chart A-10, but your original
email indicated that you had not seen this chart "in whole or in part."  Given that you
now admit to having seen chart A-10 with
Tafvelin+Daley, perhaps you can see why I disagree with your original
statement.

Thanks,
Mark


_____
From: Peters, Marc D. [MDPeters@mofo.com]
Sent: Friday, July 08, 2011 5:44 PM
To: Francis, Mark; Muino, Daniel P.
Cc: Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com; Oracle-Google@bsfllp.com; Oracle
MoFo Service List
Subject: RE: Google's Invalidity Claim Charts

Mark,

I don't think that's right.  I don't see any F-6, F-7, G-4, G-6 charts attached to your
May 16 email, and the A-10 chart you sent was just
Tafvelin+Daley and did not have any discussion of Vyssotsky or
Krakowiak.  Nor were there any mention of these references in your May
13 email or May 6 letter.  Have I overlooked something, perhaps a different communication
that had this information?

Best regards,
Marc


_____
From: Francis, Mark [mailto:MFrancis@KSLAW.com]
Sent: Friday, July 08, 2011 2:10 PM
To: Peters, Marc D.; Muino, Daniel P.
Cc: Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com; Oracle-Google@bsfllp.com; Oracle
MoFo Service List
Subject: RE: Google's Invalidity Claim Charts

Marc,

I believe Oracle has had significant portions of many of the charts you referenced since
May.

Regards,

Mark


_____
From:     Peters, Marc D. [mailto:MDPeters@mofo.com]
Sent:     Friday, July 08, 2011 4:48 PM
To:       Francis, Mark; Muino, Daniel P.
Cc:       Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com;
Oracle-Google@bsfllp.com; Oracle MoFo Service List
Subject:        RE: Google's Invalidity Claim Charts


Mark,

Acknowledging receipt.  Giving them a quick look, it appears that there are some charts
(by way of example, A-10, F-6, F-7, G-4, G-6) that, in whole or in part, we have not seen
before today.

Best regards,
Marc


_____
From:     Francis, Mark [mailto:MFrancis@KSLAW.com]
Sent:     Friday, July 08, 2011 11:58 AM
To:       Muino, Daniel P.; Peters, Marc D.
Cc:       Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com;
'Oracle-Google@bsfllp.com'; Oracle MoFo Service List
Subject:        Google's Invalidity Claim Charts

Dan,
Marc,

To avoid any confusion going forward, here is a complete set of Google's invalidity claim
charts.  Please do not hesitate to contact me if you have any questions about these charts
or the underlying prior art references.

Per my June 24 email to Roman Swoopes, Oracle still has not produced prior art source code
and documents relating to its JDK and JavaOS products and as such, Google's investigation
and charting of those products is not complete.

Regards,

Mark

_____
Mark H. Francis
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2117
(212) 556-2222 (fax)
mfrancis@kslaw.com

<< File: Google - Complete Invalidity Claim Charts.zip >>


_____

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the
individual or entity to which it is addressed. This communication may contain information
that is proprietary, privileged or confidential or otherwise legally exempt from
disclosure. If you are not the named addressee, you are not authorized to read, print,
retain, copy or disseminate this message or any part of it. If you have received this
message in error, please notify the sender immediately by e-mail and delete all copies of
the message.


-------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs
you that, if any advice concerning one or more U.S.
Federal tax issues is contained in this communication (including any attachments), such
advice is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230/

===================================================================
====

This message contains information which may be confidential and privileged. Unless you are
the addressee (or authorized to receive for the addressee), you may not use, copy or
disclose to anyone the message or any information contained in the message. If you have
received the message in error, please advise the sender by reply e-mail @mofo.com, and
delete the message.

-------------------------------------------------------------------


-------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs
you that, if any advice concerning one or more U.S. Federal tax issues is contained in
this communication (including any attachments), such advice is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230/

====================================================================

This message contains information which may be confidential and privileged.  Unless you
are the addressee (or authorized to receive for the addressee), you may not use, copy or
disclose to anyone the message or any information contained in the message. If you have
received the message in error, please advise the sender by reply e-mail @mofo.com, and
delete the message.

ORACLE'S OPPOSITION TO GOOGLE'S
AMENDED MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS

CIV. NO. CV 10-03561-WHA

# EXHIBIT 3

## Peters, Marc D.

| | |
|---|---|
| **From:** | Francis, Mark [MFrancis@KSLAW.com] |
| **Sent:** | Wednesday, July 13, 2011 4:46 PM |
| **To:** | Peters, Marc D.; Muino, Daniel P. |
| **Cc:** | Google-Oracle-OutsideCounsel; DALVIK-KVN@kvn.com; Oracle-Google@bsfllp.com; Oracle MoFo Service List |

**Subject:** Google's Invalidity Claim Charts

Dear Marc,

I write regarding Google's recently-filed motion for leave to supplement its invalidity contentions. As you know, Google is seeking leave to supplement Google's Invalidity Contentions with references that were not contained in the initial contentions, but that have in many cases been charted and provided to Oracle over the course of the months since then.

In an effort to reduce the burden on the Court in deciding this motion, Google has decided to withdraw its motion to supplement its Invalidity Contentions with respect to a number of references for which invalidity charts were provided to Oracle last Friday. Specifically, Google has decided to withdraw its motion with respect to the following invalidity charts that were provided this past Friday:

- F-6 (Wahbe in combination with the Java Language Specification as applied to the 447 patent)

- F-7 (Gong with respect to the 447 patent)

- G-4 (Gong with respect to the 476 patent)

- G-6 (Roskind in combination with the Roskind patent with respect to the 476 patent)

We will be filing an amended motion for leave to reflect the above changes. Please let me know if you have any questions or concerns.

Regards,

Mark

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

ORACLE'S OPPOSITION TO GOOGLE'S
AMENDED MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS

CIV. NO. CV 10-03561-WHA

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES, INC., INC., | § | |
| UNIVERSITY OF FLORIDA RESEARCH | § | |
| FOUNDATION, INC. AND FLAMMA SpA, | § | |
| | § | Civil Action No. 9:07-CV-46 |
| *Plaintiff*, | § | |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| BIO-ENGINEERED SUPPLEMENTS & | § | |
| NUTRITION, INC., d/b/a BSN, INC. AND | § | |
| MEDICAL RESEARCH INSTITUTE. | § | |
| | | |
| *Defendant*. | | |

## ORDER DENYING DEFENDANT BSN'S MOTION FOR LEAVE TO AMEND ITS P.R. 3-3 INVALIDITY CONTENTIONS

Before the court is Defendant Bio-Engineered Supplements & Nutrition, Inc.'s ("BSN")

Motion for Leave to Amend its Invalidity Contentions [Doc. #149].  BSN moves to amend its

invalidity contentions to include prior art references found in: 1) MuscleTech products; 2) two

excerpts from books by Mr. Bill Phillips on nutritional supplements; and 3) two patents owned

by Plaintiff University of Florida Research Foundation, Inc. ("the UFRF patents").

The prior art references BSN discovered were all publicly available at the time BSN filed

its original invalidity contentions and the two subsequent amendments to the contentions. Even if

BSN did not have access to them at all those times, BSN admits that it discovered the prior art

references back in February and March of 2008 but waited nearly three months before seeking

leave to amend its invalidity contentions.

This case is set for trial in September 2008.  There is less than a month before the fact

discovery deadline, and BSN's motion for leave does not even include the substance of its proposed amendments as required by Local Rule CV-7(k).[1]  Under these circumstances, BSN's motion for leave is denied.

## I. Background

Plaintiffs Iovate Health Sciences, Inc. and UFRF filed suit against Defendants BSN and Medical Research Institute, claiming infringement of U.S. Patent Nos. 5,973,199 ("the ´199 patent") and 6,100,287 ("the ´287 patent").

A chronology of events and Scheduling Order deadlines is helpful to the analysis of this case.

| | |
|---|---|
| September 28, 2007 | BSN served its invalidity contentions |
| November 13, 2007 | BSN amended its invalidity contentions |
| November 26, 2007 | BSN amended its invalidity contentions again |
| Februbary 15, 2008 | BSN became aware of one of the patents owned by UFRF |
| February 17, 2008 | BSN discovered the articles in the MuscleTech magazines |
| February 17, 2008 | BSN found Mr. Phillips' two books |
| March 5, 2008 | Claim Construction Hearing. |
| March 28, 2008 | BSN became aware of the second patent owned by UFRF |
| May 8, 2008 | BSN filed the instant motion for leave to amend its invalidity contentions |
| June 20, 2008 | Parties to designate expert witnesses on issues for which they have the burden of proof in accordance with |

---

[1]Local Rule CV-7(k) provides that "[w]ith the exception of motions to exceed page limitations, motions for leave to file a document must be accompanied by the document sought to be filed."

Scheduling Order

June 20, 2008                    Deadline for fact discovery in accordance with Scheduling
                                 Order.

September 8, 2008                Final Pretrial Hearing

## II. Standard of Review

### A. Local Rules

 Both parties agree this case is governed by the Local Patent Rules.  This dispute

highlights the tension between the necessity for orderly and complete discovery on the one hand,

and the natural desire of  litigants to attain important tactical advantages by delaying disclosure

of key elements of their case. Over time, the Federal Rules of Civil Procedure have been

amended in favor of full and open discovery.  *See* Fed. R. Civ. P. 26 Advisory Committee note

(1993 Amendments).  The Rules are to  be "construed and administered to secure the just,

speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Some district courts have recognized that the normal discovery process can be very

cumbersome and expensive in a complicated patent case.  To balance the competing interests of

the parties, these courts have adopted Local Patent Rules and frequently enter special scheduling

orders.  *See* Fed. R. Civ. P. 16(c)(6) and (12).  This tracks suggestions made in the MANUAL FOR

COMPLEX LITIGATION, FOURTH, § 11.212.

Local Patent Rules are a valid exercise of  the court's authority to manage its docket in

accordance with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 83; *O2 Micro*

*International Limited v. Monolithic Power Systems*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006);

*Genetech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002).  The judges of the Eastern

3

District of Texas unanimously adopted the Local Patent Rules.  They are posted on the Court's

website, and each party was informed in the Order Governing Proceedings that they would apply.

The Scheduling Order in this case set deadlines for the parties to complete actions required by the

various provisions of the Local Patent Rules.

P.R. 3-3 requires a party opposing a claim of patent infringement to disclose invalidity

contentions "not later than 45 days after service upon it of the 'Disclosure of Asserted Claims

and Infringement Contentions . . . "  This disclosure must include "[t]he identity of each item of

prior art that allegedly anticipates each asserted claim or renders it obvious."  P.R. 3-3(a).  This

rule, together with P.R. 3-1 requiring disclosure of infringement contentions, mirror the

identically numbered rules of the Northern District of California.[2]  They are "designed

specifically to 'require parties to crystallize their theories of the case early in the litigation . . . .'"

*O2 Micro Intern. Ltd.,* 467 F.3d at 1364 (citations omitted).  The patent rules also specifically

detail when amended contentions may be served.  *See* P.R. 3-6.

BSN states that its amended invalidity contentions are proper under P.R. 3-6(b), which

provides that amendment or supplementation of invalidity contentions may be made "only upon a

showing of good cause."  This exception is intended to allow a party to respond to events such as

dilatory discovery tactics by the other party.  This does not mean that after every new piece of

prior art reference discovered, new invalidity contentions may be filed.  That would destroy the

effectiveness of the local rules in balancing the discovery rights and responsibilities of the

parties.  *See Finisar v. DirecTV Group, Inc.*, 424 F.Supp.2d 896, 900 (E.D. Tex. 2006).  The

---

[2] The Local Patent Rules of the Eastern District of Texas were modeled on the rules of the Northern District of California.  This court considers interpretations of those rules by courts of the Northern District of California as persuasive authority.

Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860, * 3 (N.D. Cal. June 16, 2004); *see also STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 849 (E.D. Tex. 2004).

One of the goals of the Federal Rules of Procedure and the Local Patent Rules is to speed up the litigation process and make it less expensive. *See Finisar*, 424 F.Supp.2d at 901. A party simply cannot wait until shortly before trial to prepare its case. *Id.* Moreover, the right to amend under P.R. 3-6 is subject to the court's duty to avoid unfairly prejudicing Plaintiffs "through eleventh-hour alterations." *IXYS Corp.,* 2004 WL 1368860, * 1.

A court has the inherent power to enforce its scheduling orders and to impose sanctions. Fed. R. Civ. P. 16(f); *see O2 Micro Intern. Ltd.,* 467 F.3d at 1363; *Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 887 n. 3 (5th Cir. 1968). However, interpretation and enforcement of discovery provisions of the Local Patent Rules should not conflict with, and should harmonize with, the discovery provisions of the Federal Rules of Civil Procedure. *See O2 Micro Intern. Ltd.,* 467 F.3d at 1365. Deciding whether late filed invalidity contentions should be excluded is slightly different from deciding whether evidence should be excluded for discovery violations. It is also akin to deciding whether the pleading deadlines of a scheduling order should be extended. Therefore, the court will consider the kinds of factors identified as important in making both types of decisions. *See O2 Micro Intern. Ltd.,* 467 F.3d at 1366; *Finisar*, 424 F.Supp.2d at 899. A non-exclusive list of factors considered by courts includes:

1.   The reason for the delay, including whether it was within the reasonable control of the movant;

2.   Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent;

3.   The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure;

4.   The danger of unfair prejudice to the non-movant; and

5.   The length of the delay and its potential impact on judicial proceedings.

*See, e.g., Betzel v. State Farm Lloyds*, – F.3d –, 2007 WL 603036, *2 (5th Cir. 2006)(listing factors to consider for exclusion of evidence); *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)(rule 37(c)(1) mandates that a trial court punish a party for failure to make disclosures under Rule 26, unless the violation is harmless or is substantially justified); *S & W Enters., L.L.C. v. Southtrust Bank of Alabama, N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (party seeking leave to amend a court's scheduling order must show "good cause," i.e., that the deadlines cannot reasonably be met despite the diligence of the party seeking the extension.); *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993) (listing factors in determining excusable neglect).

## III. Analysis

**A. Reason for the Delay and Diligence in Seeking Leave**

BSN argues that it is entitled to amendment because it "diligently searched for prior art to the fullest extent possible prior to serving its Invalidity Contentions, but had not yet uncovered the references it seeks here."

i. MuscleTech prior art references

BSN seeks to add to its invalidity contentions "material on MuscleTech prior art products."  BSN states that it was unable to timely identify the MuscleTech prior art products because the prior art references are "found in long out-of-print bodybuilding magazines and other periodicals which were never indexed and are not subscribed to or archived in public library collections."  BSN's Mot for Leave [Doc. #149, p. 6].  BSN argues that it needed to scour individual internet auction sites, such as eBay, to find the rare articles.

BSN's statements of alleged unavailability and rarity of the bodybuilding magazines are unaccompanied by any evidence or even an affidavit from counsel.  On the other hand, Plaintiffs provide evidence that the Library of Congress archives MuscleMag International. Pl.'s Response, Exhibit D [Doc. #157]. Back issues of MuscleMag International dating back to 1974 are also available for purchase on the internet at www.shopmusclemag.com. In fact, MuscleTech was originally owned by Paul Gardiner, the current CEO of Iovate, and BSN admits that it knew of the MuscleTech products as early as October 2007. BSN's Mot for Leave [Doc. #149, p. 3]. BSN's failure to fully and timely investigate does not justify an amendment of invalidity contentions a few months before trial, and only weeks before the deadlines to disclose experts and their reports and complete fact discovery.

Moreover, Plaintiffs wrote an email on November 1, 2007, which stated that it had a collection of magazines and magazine ads for various MuscleTech products, and that they are available for inspection.  *See* Pl.'s Response, Exhibit B [Doc. #157].  Yet BSN claims that it took until February 17, 2008 to "discover" the MuscleTech products.  Even then, BSN did not immediately move for leave to amend its contentions.  This factor weighs against BSN's motion

for leave to amend its invalidity contentions to add the MuscleTech products.

ii. Mr. Phillips' Books

BSN also moves to amend its invalidity contentions to include excerpts from Bill Phillips' book Natural Supplement Review (1991) and his (W. Nathaniel Phillips) 1996 book Supplement Review.  BSN states, without any supporting affidavits, that the two books have been "out of print for many years and are difficult to find." BSN's Mot for Leave [Doc. #149, p. 9].

Plaintiffs provide evidence that these books are publicly available at the Library of Congress.  Given that this court was also able to locate these books on the internet with relative ease after a quick search on Amazon.com, BSN should have been able to locate them with little effort.  There is also no evidence that Plaintiffs had any hand in delaying production of books written by a third party.  The court finds that this factor weighs against allowing BSN to amend its invalidity contentions to add these references.

iii. The UFRF Patents

BSN also moves to add U.S. Patent Nos. 4, 981,687 and 5,236,712 (the UFRF patents) to its invalidity contentions. BSN argues that the broad scientific concepts presented by the '287 patent made patent searching difficult, so it did not discover the UFRF prior art references until after the deadline for invalidity contentions.

BSN admits that the UFRF patents had been prosecuted by Plaintiff UFRF.  It should be obvious that one of the first searches to run would be for all patents owned by a plaintiff.  BSN provides no explanation as to why it found one of UFRF's patents long before it found the other or why it waited over a month before seeking leave. BSN's briefing does not adequately address

the burden it must carry to persuade the court to modify the scheduling deadlines.  The court

finds that this factor weighs against adding the UFRF patents in BSN's invalidity contentions.

**B. Importance of the Prior Art**

BSN argues that the MuscleTech products, Mr. Phillips' books and the UFRF patents are

important to prove anticipation and obviousness.

BSN's current invalidity contentions allege nearly 60 pieces of prior art of the '287

patent, eighteen of which are related to the on-sale bar.  BSN certainly has not indicated that

denial of an amendment somehow disposes of its invalidity allegation.  BSN does not explain

what new invalidity contentions would warrant the additional prior art references and why they

would not replicate the same invalidity contentions sought by the other prior art references.

Practically speaking, it is difficult to imagine that competent trial counsel would even attempt to

introduce and explain the number of currently-asserted pieces of prior art to a jury, especially in a

court that limits the time allowed at trial.  This factor weighs against granting leave.

**C. Danger of Unfair Prejudice and Length of Delay**

BSN states that Plaintiffs will not be prejudiced because it immediately provided

Plaintiffs with a copy of the prior art references as soon as they were discovered.  However, BSN

has not explained where specifically in each alleged item of prior art each element of each

asserted claim is found.  Out of the 100-125 pages in Mr. Phillips' books, BSN states only that it

will use "excerpts" but does not indicate *specifically* which pages it will rely on.

Accepting BSN's argument that Plaintiffs were on notice of BSN's invalidity contentions

because BSN simply produced the prior art references would have pernicious consequences.

Lawyers who attempted to analyze the possible range of claims against a client would be

punished while lazy attorneys would be rewarded.  Parties would be encouraged to adopt a

"rolling" approach to infringement and invalidity contentions in the hope of hiding their true

intentions until late in a case.  This would thwart the purpose of the local patent rules.

   At this stage of the proceedings, allowing these amended contentions would require the

court at the very least to extend the expert report deadlines and discovery deadlines.  Invariably,

this will result in increased costs and more delays.  This court is guided by Fed. R. Civ. P.1,

which requires the court "to secure the just, speedy and inexpensive determination of every

action."  These factors weigh against allowing new contentions.

   IT IS THEREFORE ORDERED that Defendant Bio-Engineered Supplements &

Nutrition, Inc.'s Motion for Leave to Amend its Invalidity Contentions [Doc. #149] is **DENIED.**

   So **ORDERED** and **SIGNED** this **7**  day of **June, 2008.**


_____

  Ron Clark, United States District Judge

ORACLE'S OPPOSITION TO GOOGLE'S
AMENDED MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS

CIV. NO. CV 10-03561-WHA

# EXHIBIT 5

1   The Supreme Court has held that the combination of familiar elements according to

2  known methods is likely to be obvious when it does no more than yield predictable results.  *KSR*

3  *Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 127 S.Ct. 1727, 1739 (2007).  When a work is available

4  in one field of endeavor, design incentives and other market forces can prompt variations of it,

5  either in the same field or a different one.  *Id.* at 1740.  For the same reason, if a technique has

6  been used to improve one device, and a person of ordinary skill in the art would recognize that it

7  would improve similar devices in the same way, using the technique is obvious unless its actual

8  application is beyond his or her skill.  *Id.*

9   The bases for combining the teachings of the patents and other prior art referenced herein

10  is found in the art as specified in the Exhibits and in:  (1) the nature of the problem being solved;

11  (2) the express, implied and inherent teachings of the prior art; (3) the knowledge of persons of

12  ordinary skill in the art; (4) the fact that the prior art is generally directed towards the same or

13  similar issues and suggest the same or similar solutions to these issues; and (5) the predictable

14  results obtained in combining the different elements of the prior art.

15  **II.      P.R. 3-3(d)**

16  **A.      35 U.S.C. § 101**

17   Pursuant to P.R. 3-3(d), Google contends that all of the Asserted Claims are drawn to

18  subject matter that is not patentable as governed by 35 U.S.C. § 101.  These claims reflect

19  abstract ideas that are not patentable as instructed by *Bilski v. Kappos* 130 S. Ct. 3218 (2010) and

20  the relevant case law and controlling Supreme Court precedent.  In addition, at least each of the

21  following claims cover signals per se and are thus invalid under 35 U.S.C. §101 for covering

22  non-statutory subject matter:

23  • Claims 12-20, 23-24, 26-27, 29-30, 32-33, 35-36, 38-39, and 41 of the '104 reissue patent.

24  • Claims 1, 2, 3, 4, and 8 of the '205 patent.

25  • Claims 7 and 11-12 of the '702 patent.

26  • Claims 10-18 of the '447 patent.

27  • Claims 10-18 of the '476 patent.

28  • Claims 1-4 and 6-23 of the '520 patent.

1    • Claims 1-8, and 19-22 of the '720 patent.

2    *See In re Nuijten*, 500 F.3d 1346, 1356-57 (Fed. Cir. 2007); David J. Kappos, *Subject Matter*

3    *Eligibility of Computer Readable Media*, 1351 OG 212 (Feb. 23, 2010), available at

4    http://www.uspto.gov/patents/law/notices/101_crm_20100127.pdf (*last visited January 18.*

5    *2011*).

6        **B.    35 U.S.C. § 112**

7            Pursuant to P.R. 3-3(d), Google hereby identifies the present grounds upon which it

8    contends the Asserted Claims are invalid for failure to meet the requirements of 35 U.S.C. § 112.

9    To the extent that the following contentions reflect constructions of claim limitations consistent

10   with or implicit in Oracle's Infringement Contentions, no inference is intended nor should any be

11   drawn that Google agrees with Oracle's claim constructions, and Google expressly reserves its

12   right to contest such claim constructions.  Google offers such contentions in response to Oracle's

13   Infringement Contentions and without prejudice to any position it may ultimately take as to any

14   claim construction issues.   Oracle's Infringement Contentions are unclear and incomplete.

15   Therefore, Google was not provided with the requisite disclosure to prepare its own disclosures.

16   If Oracle seeks and is granted permission to amend its Infringement Contentions, then Google

17   specifically reserves the right to modify, amend, or supplement these Invalidity Contentions for

18   that reason.  Google also specifically reserves its right to modify, amend, or supplement these

19   Invalidity Contentions for other reasons as provided by any applicable Rule or Order, including

20   the Patent Local Rules.

21       **1.    35 U.S.C. § 112(1) -- Enablement**

22           The following Asserted Claims are invalid under 35 U.S.C. § 112 for the following

23   reasons:

24   • The '720 patent fails to provide an enabling disclosure because it does not show how to

25       implement a "memory means for executing a master runtime process system" as required in

26       claim 20, without undue experimentation.

27   • The '720 patent fails to provide an enabling disclosure because it does not show how to

28       implement a "means for obtaining a representation of at least one class from a source

18

1    These references, along with those listed in Tables 1 and 2, are being produced in the document

2    production accompanying these contentions.

3         Despite the lack of certainty as to both Oracle's Infringement Contentions and the

4    construction of claim terms, Google has nevertheless identified certain obviousness

5    combinations in Section I.B.  However, any of the references listed above and in the Exhibits

6    may therefore be combined with each other and/or any of the references listed in Table 3 to

7    render obvious (and therefore invalid) the Asserted Claims and certain combinations may

8    become more pertinent as Google gains more clarity.  Also, to the extent that the references

9    identified above, or in Table 3, were embodied in actual systems available as prior art to the

10   patents-in-suit, and Google is able to discover information concerning the operation and

11   function of such actual systems, those systems are also asserted herein as prior art references

12   that may be combined with one another to invalidate the Asserted Claims.  Google has set forth

13   discovery requests relating to prior art systems known to it now and has not received any

14   responsive production.  Further, Google expects responsive information to reveal the subjects of

15   additional requests unknown to Google during the preparation of these contentions.

16        Google has not provided claim charts for each of these references because as Google

17   currently understands Oracle's assertions and claim construction theories:  (i) they have

18   substantially similar disclosures to other prior art for which invalidity charts have been provided

19   and such an effort would be unnecessarily duplicative; (ii) they could be used interchangeably

20   as supporting references in an obviousness combination with references already cited or (iii)

21   they are not the most pertinent references based on Google's current understanding of Oracle's

22   claim construction positions.  Google reserves the right to revise its Invalidity Contentions and

23   to rely on these references to prove the invalidity of the Asserted Claims in a manner consistent

24   with the Federal Rules of Civil Procedure, the Patent Local Rules, and any other pertinent

25   Orders of this Court.

26                          **Table 3.  Prior Art References**

| |
|---|
| Abadi et al., *A Calculus for Access Control in Distributed Systems*, ACM Transactions on Programming Languages and Systems, Vol. 15, Issue 4 (Sept. 1993) |

| |
|---|
| Radhakrishnan et al., *Java Runtime Systems: Characterization and Architectural Implications*, IEEE (2001) |
| Radovic, *DSZOOM - Low Latency Software Based Shared Memory*, Uppsala University Department of Information Technology, IT Master Theses (2000) |
| Ramsey, *Relocating Instructions by Currying*, Proceedings of the ACM SIGPLAN '96 Conference on Programming Language Design and Implementation (1996) |
| Rau, *Levels of Representation of programs and the Architecture of Universal Host Machines*, IEEE (1978) |
| *Reference Guide to the Overall Mechanics, Conventions, and Usage of the Multics System,* Multics Programmers' Manual Reference Guide (December, 1975) |
| Ritchey, *Java!*, New Riders Publishing (1995) |
| Ritchie, US 4,135,240, *Protection of Data File Contents* |
| Rivest and Lampson, *SDSI A simple distributed security infrastructure* (1996) |
| Robertson et al., US 2005/0240621 A1, *Method and System for Managing Partitioned Data Resources* |
| Romer et al., *The Structure and Performance of Interpreters*, Proceedings of the Seventh International Conference on Architectural Support for Programming Languages and Operating Systems (1996) |
| Romer et al., *The Structure Performance of Interpreters*, ACM (1996) |
| Roy and Gupta, *PIWG Analysis Methodology*, Ada Letters Special Edition Volume X, Number 3 (1990) |
| Sabatella, *Issues in Shared Libraries Design*, Proceedings of the Summer 1990 USENIX Conference, USENIX Association (1990) |
| Sah et al., *A New Architecture for the Implementation of Scripting Languages* (1994) |
| Saltzer, *Protection and the Control of Information Sharing in Multics*, Communications of the ACM, (July, 1974) |
| Samar and Schemers, *Unified Login with Pluggable Authentication Modules (PAM)*, Open Software Foundation Request for Comments (1995) |
| Schanne, *Laufzeitverhalten und Portierungsaspekte der Java Virtual Machine (JVM) und Ausgewahlter Java-Bibliotheken* (February 26, 1997) |
| Schimmel, *UNIX Systems for Modern Architectures: Symmetric Multiprocessing and Caching for Kernel Programmers*, Madison-Wesley Publishing Company (1994) |
| Schwartzbach, *Developments in Object-Oriented Type Systems*, Tutorial Presentation at POPL '94 - 21st Annual ACM SIGACT SIGPLAN Symposium on Principles of Programming Languages (1994) |
| Scott, *Programming Language Pragmatics,* Morgan Kaufmann Publishers, Elsevier Inc. (2006) |
| Seeley, *Shared Libraries as Objects*, Proceedings of the Summer 1990 USENIX Conference, USENIX Association (1990) |
| Seltzer et al., *Dealing with Disaster: Surviving Misbehaved Kernel Extensions*, Harvard University (1996) |
| Sexton et al., US 6,829,761 B1, *Method and APparatus for Managing Shared* |

ORACLE'S OPPOSITION TO GOOGLE'S
AMENDED MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS

CIV. NO. CV 10-03561-WHA

# EXHIBIT 6

file://V:\DS0000002334\javaos\1.1\archive\fcs\ws\doc\changes.html

**JavaOS release notes**
**@(#)changes.html 1.41 97/10/29 SMI**
The document is ordered by build with the notes for the most recent build at the top of the document.

---

# 1.1ad build October 30, 1997

## Existing Problems/Caveats

- The TextArea peer does not implement word wrap.

## Bugs Fixed

- 4088278: PCL5 printing in portrait mode had spacing problems

## New Features

**Other source code changes**

---

# 1.1ac build October 28, 1997

## Existing Problems/Caveats

## Bugs Fixed

- Bug in font caching
- Added code in Login to handle a null or empty password. Previously a user with no password could not log in.
- Fixed bug that caused Dates to be displayed in English if a non-English locale is suggested by the boot server. Changing from English to another locale via the login panel worked fine.
- Fix for bug causing this error "ImgInitMask: exception occured in becomeAlpha()V, java.lang.NoClassDefFoundError"
- 4086224: Completely fixed memory leak in IM code for English locales
- 4088167: Printing not fully I18n'd - printing to postscript printers whose internal fonts used a different encoding than the screen fonts did not work.
- Fix minor bug in PCISupport class if the high bit of the vendor ID on a card is set.
- Improved performance of TinyTextAreaPeer when inserting characters at the beginning of a large amount of text.
- 4088700: Machine crashes while running jck/security/MessageDigest/update test
  The sun.security MD5 digest code could be crashed if passed bad length parameters for the number of bytes to compute a digest over.
- The progress bar window was staying up when launching an internally linked application.

Page 1 of 42

OA-SC_00003381

file://V:\DS0000002334\javaos\1.1\archive\fcs\ws\doc\changes.html

- o **Java Comm Port Driver Programming Interface (DPI)**
  This is the interface that the communications driver programmer writes to. A Port driver must extend the SerialPortApi or ParallelPortApi class.

In its first version, the Comm Port API supports serial port devices and parallel port devices. It can be extended to support USB devices in the future.

### Other source code changes

- o JavaOS is currently based on the JDK 1.1.2. When building JavaOS, you should use the compiler with the same version number.
- o As mentioned above, the source no longer builds for the SS5 platform. There are still SS5-related files in the source tree for now, but they will be removed.

---

# 1.1f build - May 20, 1997

## Existing Problems

- o This workspace no longer compiles for an SS5 platform. Support for that platform is being dropped.
- o When logging in, do not use the TAB key to move between the name and password fields. This will cause the authentication to fail. Use the return key instead. (The TAB key is changing the field focus, but is being used as the first character of the password.)
- o There is a bug involving the use of reflection if the code has been ROMized. The bug involves calling methods that take or return the primitive types (int, short, boolean, etc.) Methods that take and return Objects will work fine.

## Bugs Fixed

- o Canceling a print job now works reliably.
- o 4051670 - The NFS client code that implemented the opendir() call is broken.
- o 4049409 - Reflection in ROMized code has been fixed by the new ROMizer.

## New Features

- o New Java "linker" that combines multiple .class files into one .mclass file.
- o New ROMizer - rewrite to be more modular. Handles new .mclass files
- o Synchronization with latest JIT code
- o Added in support for non-contiguous stacks (same as JavaOS 1.0)
- o Added in support for scaling stack size based on heap size (same as JavaOS 1.0)
- o Added partial support for MMU stacks
- o Added stack reflector test to TTY console ('r' command)

## New commands for the console shell

- o "dump props" lists all of the internal JavaOS properties and their values.
- o "dump Props" lists all of the System properties and their values.
- o "java <classname> [ <args> ]" will invoke the static main method of the named class.

OA-SC_00003413