LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROBERT A. VAN NEST

July 28, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: Oracle America, Inc. v. Google Inc., No. C 10-3561 WHA

Dear Judge Alsup:

    Google seeks leave to file two short motions requesting that the Court redact portions of the record for the *Daubert* motion the Court heard and ruled upon last week. The relevant passages appear at page 3, lines 24 – 27 of the July 22, 2011 Order, and at the following locations in the hearing transcript: page 23, line17 – page 24, line 7; page 39, line 24 – page 42, line 16; and page 45, lines 11 – 16. These motions and the requested orders are necessary because these passages reflect Oracle's improper use of a document that Google subsequently determined was an inadvertently-produced privileged document, subject to the attorney-client privilege.

    This situation would not have arisen but for Oracle's violation of the protective order in this matter. The inadvertently-produced document was marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and paragraph 5.2(b) of the protective order specifically states

573405.01

The Hon. William Alsup
July 28, 2011
Page 2

that "[p]arties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material[.]" (Docket No. 66 at 7:1-4).

Oracle provided no such notice prior to the hearing. Instead, it appeared at the hearing bearing a binder of excerpts from various documents that were not part of its filed opposition and not part of the record, including many that Google had designated "Confidential" or "Attorney's Eyes Only." With regard to the document at issue, that wholesale violation of the protective order had particularly serious consequences, because it meant that Google did not have the opportunity to determine that the underlying document was privileged and to rectify the inadvertent production before Oracle published the contents of the document in open court. Before the July 21, 2011 hearing, that document had not featured in this litigation – it had not been the subject of correspondence between the parties, marked as a deposition exhibit, nor used as an exhibit in any court filing, and therefore Google only learned of its production at the hearing.

Moreover, Oracle's misleading presentation disguised issues that would have been clear from the face of the document itself. Although Oracle implied that it was quoting from an email that had actually been sent, the document that Oracle quoted was in fact an *incomplete draft of a privileged email message*. The unfinished nature of the email is clear because the "addressee" field is blank and the email itself ends in an incomplete sentence. The document is indisputably privileged, because the final version of the document, which appears on Google's privilege log, was sent to, among others, Google's in-house attorneys, and was also prominently marked "Attorney Work Product." The fact that the document was stored on Google's systems in an incomplete draft form explains its inadvertent production – given the volume and speed of

573405.01

production in this case, Google has been forced to rely on electronic screening mechanisms, which in part use sender and addressee information, as well as privilege-related keywords, to identify potentially privileged documents.

Google investigated the cited document immediately after the hearing, and promptly informed Oracle of the privileged nature of the document, requesting that the provisions of the Stipulated Protective Order relating to inadvertently produced privileged documents be followed. Google also requested that Oracle stipulate to the relief Google now seeks leave to request. Despite the fact that Oracle has itself retroactively asserted privilege over *hundreds* of inadvertently produced privileged document in this matter – requests that Google has honored without question – Oracle has refused to stipulate to the requests.

As stated in the Stipulated Protective Order, "[i]nadvertent production is itself no waiver of privilege." (Docket No. 66 at 18:16-17.) Because Google was not the party who put the content of its privileged document in the record, and because Oracle's violation of the protective order deprived Google of the opportunity to prevent Oracle from doing so, Google now respectfully requests the opportunity to file the motions necessary to preserve its privilege, consisting of a noticed motion to redact a hearing transcript pursuant to General Order 59, and an administrative motion to seal a portion of the Court's July 22, 2011 Order pursuant to Civil Local Rules 7-11 and 79-5.

Sincerely,

Robert A. Van Nest

573405.01