# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET* SUITE 900* OAKLAND, CA 94612* 510-874-1000 FAX 510-874-1460

July 29, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102
Re: Oracle America, Inc. v. Google Inc., No. C 10-3561 WHA

Dear Judge Alsup:

Oracle responds to the précis submitted by Google on July 28, 2011. (Dkt. No. 247.)

At the July 21, 2011, hearing on Google's *Daubert* motion, Oracle referred to a draft e-mail written by Tim Lindholm, a current Google engineer and former Sun employee. The Court read portions of the Lindholm document into the record and quoted it on page 3 of its Order. At the hearing the Court informed Google counsel that, at trial, "you are going to be on the losing end of this document." (7/21/2007 Tr. at 41:5-6.)

Google now seeks leave to file a motion to strike all mention of the Lindholm document from the Court's *Daubert* hearing transcript and *Daubert* Order. Google now says the document is privileged and confidential, and that its disclosure was the result of Oracle's supposed failure to comply with the Protective Order. As the record already establishes that the document is neither privileged nor confidential, and Oracle complied directly with all orders of the Court, the Court should deny Google's précis and hold that no privilege applies to the Lindholm document.

Google – not Oracle – has the burden of proving that the document is privileged. *See U.S. v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The Protective Order prohibits Oracle from presenting the information in the document to the Court to determine the privilege claim. (Protective Order ¶ 13 (Dkt. No. 66).) If the Court allows Google to file a motion, Oracle requests that the Court allow Oracle to cite the contents of the already disclosed document in its

opposition. But on the evidence already known to the Court, Google's privilege claim fails.

***First,*** Google claims the Lindholm document is work product "prepared as a result of direction from counsel in anticipation of litigation," an assertion that is contradicted by the document on its face.

***Second***, as Google well knows, it cannot shield non-privileged facts from disclosure by including them in communications to its attorneys. *Upjohn Co. v. United States,* 449 U.S. 383, 395–96 (1981); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *U.S. v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1075 (N.D. Cal. 2002) ("The mere fact that outside counsel was copied with the e-mail will not shield communications not made for the purpose of securing legal advice.")

***Third,*** Google's claim of inadvertent disclosure is not credible. Google produced versions of the Lindholm document ***more than nine times.*** Each time, Google designated the document "Highly Confidential – Attorneys Eyes Only." As the designation must reflect a good faith belief that the document contains sensitive information, Google's confidentiality designation shows pre-disclosure review of each such version – not inadvertent disclosure.

***Fourth,*** contrary to Google's assertion, the *Daubert* hearing was not the first hearing at which the Lindholm document was discussed. Earlier that day, at a discovery hearing, Magistrate Judge Ryu asked Oracle's counsel to identify documents showing the need for Mr. Lindholm's deposition. In response, Oracle's counsel referred to the Lindholm document. At the discovery hearing and at the *Daubert* hearing, Google counsel demonstrated that they were already familiar with the document, discussed its substance with the Court, and made no claim of privilege.

***Only after*** these events, in which Google's counsel twice argued the substance of the Lindholm document, twice failed to persuade the Court, and was told in no uncertain terms that the Lindholm document could be a serious blow to its case, did Google reverse course and claim

privilege.  That was too late.  *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083 (S.D. Cal. Jan 13, 2010).

Indeed, to the extent that the arguments in Google's précis reflect its approach to privilege in general, the legitimacy of its entire privilege log is thrown into doubt.

Google also asserts that Oracle breached Paragraph 5(b) of the Protective Order by supposedly failing to inform Google that Oracle expected the *Daubert* hearing to include material that Google had designated as confidential.  That is untrue.  At the outset of the *Daubert* hearing, Oracle gave Google a copy of the materials it intended to use, disclosed that they included documents that Google had designated as confidential, and stated that Oracle did not intend to discuss their contents.  In response, the Court flatly rejected the contention that the documents were confidential at all, stating, "You say whatever you want.  If Google has a memo in their file saying, we are about to willfully infringe, there is no way I'm going to keep that secret from the public or the investing public."  (7/21/2011 Tr. 19:9-12.)  Not a single Google attorney objected, not one raised any argument in protest.  To the contrary, Google's counsel then disclosed – with no warning at all – the testimony of Jonathan Schwartz, which Google had agreed to treat as Highly Confidential.  Ultimately, Google's selective and inaccurate invocation of the Protective Order is a mere distraction, and lends no support to its request that evidence of its misconduct be scrubbed from the public record of this case.

Oracle thus requests that the Court either (1) deny the précis and hold the Lindholm document is not privileged, or (2) direct Google to show cause justifying its claims that the Lindholm document is privileged and confidential and should be removed from the record.

Respectfully submitted,

/s/  Fred Norton