United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**ORDER DENYING LEAVE TO FILE MOTIONS TO SEAL AND REDACT** *DAUBERT* **RECORD**

On August 28, 2011, Google Inc. filed a précis requesting permission to file "two short motions." Google seeks to seal and redact portions of the public record containing references to a Google document cited by Oracle America, Inc. at the July 21 hearing on Google's *Daubert* motion. Google asserts that the document is subject to the attorney-client privilege but was inadvertently produced to Oracle. Google identifies approximately five pages of the hearing transcript and four lines of the July 22 order as supposedly requiring protection (Dkt. No. 247). Oracle opposes Google's request (Dkt. No. 248). Good cause not having been shown, the request is **DENIED**. Google may not file its proposed motions.

The attorney-client privilege protects *communications* made between an attorney and his or her client for the purpose of obtaining legal advice. The document in question here is, according to Google, an incomplete draft of an e-mail message. Google states that the addressee field of the draft message is blank, indicating that the draft *never was sent to anyone* (Dkt. No. 247 at 2). Thus, the document is not a communication of any type, much less a communication protected by the attorney-client privilege.

1  Google argues that the document "is indisputably privileged, because the final version of
2  the document, which appears on Google's privilege log, was sent to, among others, Google's
3  in-house attorneys, and was also prominently marked 'Attorney Work Product'" (*ibid.*). This
4  argument is unavailing. *First*, the supposedly privileged status of a *different* document has no
5  bearing on whether *this* document is protected by the attorney-client privilege. *Second*, simply
6  labeling a document as attorney work product or sending it to a lawyer (measures which, in any
7  event, were not taken with respect to the document in question) does not automatically trigger
8  privilege. Google has provided no indication that the disputed document is in fact subject to the
9  claimed attorney-client privilege. Allowing Google to file its proposed motions would be futile.

**IT IS SO ORDERED.**

Dated: August 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE