# EXHIBIT N

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 18, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Hon. William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 9, 19th Floor
San Francisco, CA 94102

Re:     *Oracle America, Inc. v. Google Inc.*, No. C 10-03561 WHA
        Opposition to Google's Motion for Leave to File a Summary Judgment Motion

Dear Judge Alsup:

Google's proposed copyright summary judgment motion is neither ripe nor well-taken.

The motion is not ripe because discovery may well reveal additional evidence of
copying. Oracle's copyright infringement contentions, which are the target of Google's
proposed motion, represent only a snapshot of our case taken at the time they were submitted.
Oracle has identified fourteen registered copyrights—not two—that Google has infringed, and
expects discovery to reveal more. Google has not yet produced all of its source code—and
none of its proprietary code. Nor has Google produced the requested change log for its source
code repository.

Moreover, when we take depositions of Google's developers, we anticipate
uncovering the full scope of Google's copying. Much of it may be disguised copying, which
our source code comparison to date may not have uncovered. Some of Google's Android
developers previously worked for Sun or had access to proprietary Oracle materials. A
plaintiff may prove copying by showing that a defendant had access to the copyrighted work

pa-1448216

**MORRISON | FOERSTER**

The Hon. William Alsup
February 18, 2011
Page Two

and that the accused work is substantially similar to it.  *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994).  "Where a high degree of access is shown," the Ninth Circuit "require[s] a lower standard of proof of substantial similarity."  *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004).

Google's proposed motion is not well-taken because the copyright issues here are factual and likely to be disputed.  The magnitude of Google's copying is already disputed.  Each of Oracle's fifty-one identified API packages in this case—nearly one-third of Oracle's Java packages—contains numerous class files, each of which is protectable by copyright.  Thus, contrary to Google's "we only took a little bit" argument, Google derived its Android code from the specifications for *hundreds* of Oracle's copyrighted Java files.  Google's letter, moreover, does not adequately address the demonstrable fact that at least eight Android source code files are actually decompiled Oracle object code.  No *de minimis* exception can, *as a matter of law*, defeat Oracle's claim based on this copying.

Summary judgment on Google's claim that it copied only unprotectable elements of Java is also inappropriate.  Oracle will demonstrate that the Java API specifications are primarily expressive, rather than functional, because they could have been written in many ways when they were created.  Whether a copyrighted work is an unprotected idea or protected expression is a question of fact.  Experts on both sides will likely disagree on the factual underpinnings for any legal determination of protectability.

Google's fair use defense is also not susceptible to summary determination in Google's favor.  Google will bear the burden of proof on this defense.  Not only will the

pa-1448216

**MORRISON | FOERSTER**

The Hon. William Alsup
February 18, 2011
Page Three

(disputed) magnitude of the copying be relevant, but also the purpose and character of the

copying – whether it is transformative or not – and how it affects Oracle's market for its

copyright-protected material.  *Campbell v. Acuff-Rose Music*, 510 U.S. 569, 578-79, 590-91

(1994).  Similarly, Google's argument that interoperability justified its copying of Oracle's

works will depend on, among other things, whether Android is interoperable with Java (it is

not).  These factual issues suggest not only that Google's motion is premature, but that the

issues here are unlikely to favor summary judgment at any time.

      For these reasons, Google's request for leave should be denied.

Sincerely,

/s/ Michael A. Jacobs

Michael A. Jacobs
Counsel for Plaintiff Oracle America, Inc.

pa-1448216