**KEKER & VAN NEST** LLP

Robert Van Nest
rvannest@kvn.com

August 3, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

**Re:** *Oracle America, Inc. v. Google Inc*., No. C 10-3561 WHA

Dear Judge Alsup:

I write concerning the Court's August 1, 2011 Order denying Google leave to file motions to seal and redact portions of the July 21, 2011 *Daubert* hearing transcript and of the Court's July 22, 2011 Order partially striking the report by Oracle's damages expert. Google proposed these motions in order to prevent further public disclosure of the contents of a preliminary draft of a communication that Google engineer Tim Lindholm sent to in-house Google attorney Ben Lee and to Andy Rubin, the Google executive in charge of Android. The draft was authored on August 6, 2010, in preparation for a telephone conference with Google counsel scheduled to take place later that day.

Drafts of the Lindholm email have been returned to Google under the claw-back provision (paragraph 13) of the Protective Order. The Court's August 1 Order questions whether or not the document is subject to any privilege, and indicates that Google had "provided no indication that the disputed [draft] document is in fact subject to the claimed attorney-client privilege." Order at 2.

The Hon. William Alsup
August 3, 2011
Page 2

Google respectfully requests an opportunity to provide the Court with evidentiary support showing that the Lindholm draft is subject to the attorney-client privilege and/or the attorney work-product doctrine. Our proffer, which we would make available in camera, would consist of (1) the final version of Mr. Lindholm's email, so that the Court can evaluate it and compare it with the Lindholm draft, and (2) a declaration by Mr. Lindholm explaining the circumstances under which he prepared both the draft and the final email.

Mr. Lindholm's declaration would state, in substance, that he prepared the draft (and email) after Oracle lawyers made a presentation in late July 2010 (shortly before this lawsuit was filed) to Google in-house lawyers, including Mr. Lee, laying out Oracle's infringement claims. Google General Counsel Kent Walker then called a meeting, attended by Mr. Lindholm, Mr. Lee, and top Google management, and asked Mr. Lindholm and other Google engineers, under the direction of Mr. Lee, to gather information for the consideration of Google legal and management. Thus, the Lindholm draft (and email) was written at the behest of and in coordination with Google's lawyers, and constituted a privileged communication to them in anticipation of this lawsuit.

Google's proffer has legal significance because preliminary drafts of privileged communications can, themselves, be privileged. "[P]reliminary drafts of a document that is ultimately sent to counsel, . . . amount to 'communications.' Communication can be defined as 'any expression through which a privileged person . . . undertakes to convey information to another privileged person and any document or other record revealing such an expression.' . . . But '[t]he communication need not in fact succeed' to be privileged." *Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 140 (E.D. Mich. 2009) (citation omitted); *see also WebXchange*

573770.01

The Hon. William Alsup
August 3, 2011
Page 3

*Inc. v. Dell Inc.*, 264 F.R.D. 123, 127 (D. Del. 2010) (requiring party to "supplement its privilege log entries for withheld documents which are drafts of confidential communications made to an attorney" by "identify[ing] the actual communication to an attorney (listed within the privilege log) to which the drafts . . . pertain").

Likewise, "an outline of what a client wishes to discuss with counsel—and which *is* subsequently discussed with one's counsel—would seem to fit squarely within our understanding of the scope of the [attorney-client] privilege." *United States v. DeFonte*, 441 F.3d 92, 96 (2d Cir. 2006) (emphasis added). Additionally, "[t]he work product doctrine extends beyond confidential communications between the attorney and client to 'any document prepared in anticipation of litigation by *or for* the attorney.'" *United States v. Bergonzi,* 216 F.R.D. 487, 494-95 (N.D. Cal.2003) (emphasis added) (quoting *In re Columbia/HCA Healthcare Billing Practices Litig.,* 293 F.3d 289, 304 (6th Cir.2002)). The Lindholm draft (and email) was exactly that—an outline of what Google management and employees intended to and did discuss with their counsel during their subsequent conference.

We appreciate that, under the Court's précis-letter protocol, it is not always possible to provide all relevant information, and apologize in advance for not furnishing this information in the first place. Accordingly, Google requests leave to submit in camera the above-described factual proffer.

Sincerely,

s/
Robert A. Van Nest

573770.01