# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET* SUITE 900* OAKLAND, CA 94612* 510-874-1000 FAX 510-874-1460

August 3, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

      Oracle opposes Google's request that the Court revisit its holdings in its August 1, 2011 Order (Dkt. No. 255) and permit Google to submit additional documents, and respectfully requests that the Court take into account the following considerations.

      As the Court held in its August 1 Order, the Lindholm document (1) was not sent to a lawyer, (2) shows no intent to be confidential or to be sent to a lawyer, (3) was in fact directed to a non-lawyer (Android founder Andy Rubin), and (4) states that it reflects analysis prepared at the direction of non-lawyers (Google co-founders Larry Page and Sergey Brin).  At the two July 21, 2011 hearings during which this document was discussed, none of Google's attorneys – at least five of whom were present, two of them at both hearings – asserted privilege.  Rather, they argued in both hearings that the document was unimportant on the merits because of its date, and because of Google's erroneous assertion that the document concerns the need for a license to the Java programming ***language*** – a license that Google admits it does not need, and that Oracle has never demanded.  Only after the Court pointed out the weakness of Google's argument and informed Google of the significance of the document did Google raise its claim of privilege.

      Google now asks this Court to revisit the issue of privilege by submitting a different document and a new declaration from Mr. Lindholm *in camera*.  But Google's *ex post*

The Honorable William Alsup
August 3, 2011
Page 2 of 3

characterizations of the document, which it proposes to submit *in camera* where Oracle cannot contest them, cannot overcome the plain language of the document.

*First*, Google now claims that Mr. Lindholm prepared the document at the direction of Google General Counsel Kent Walker. But as the Court has noted, the document itself states that Mr. Lindholm, SVP of Engineering at Google, was acting at the direction of "Larry and Sergey" (Google's two co-founders, one of whom is now Google's CEO), not any lawyer.

*Second*, Google asserts that Mr. Lindholm wrote his email "at the behest of and in coordination with Google's lawyers." This assertion is also contradicted by the document, which identifies no lawyers, and is inconsistent with Google's previous effort to explain away the document as relating to the Java programming language. Nothing in the Lindholm document indicates any legal advice or attorney work product. Instead, it reflects a sophisticated and experienced engineer's blunt and candid assessment that Google had no good alternatives to Java, and that Google needed a license from Oracle for its use of Java. Such facts are highly relevant and not privileged.

The cases Google cites do not undermine the Court's prior decision. Each case makes clear that drafts that reflect confidential requests for legal advice or which are intended to be confidential may be protected. The Lindholm document is neither. On its face, the document does not reflect any intent to seek legal advice or confidential information. If someone added a lawyer's name as a recipient to a later version of the document, that action does not alter the status of the draft. To the contrary, it only calls into question Google's claim of privilege over the final document.

The Lindholm document shows Google's awareness of its own need for a license, the circumstances relating to that awareness, and the lack of non-infringing alternatives. Google

The Honorable William Alsup
August 3, 2011
Page 3 of 3

may not shield the facts establishing its willful infringement by invoking the attorney-client privilege. *Cf. Vasudevan Software v. IBM*, No. C 09 05897 RS (PSG), 2011 WL 1599646, at *2 (N.D. Cal. Apr. 27, 2011) ("the facts about the discovery [of the patent] are not in themselves protected by the attorney-client privilege and a defendant is obligated to provide the dates of the discovery and the circumstances under which the discovery was made.") (internal quotation marks and footnote omitted).

*Third*, Google still refuses to acknowledge that privilege has been waived. As Oracle argued in its prior responsive précis (Dkt. No. 248 at 2), Google's counsel displayed their familiarity with the Lindholm document by discussing its contents with the Court at two separate hearings on July 21, 2011. Not once in either of those hearings did Google's counsel object to raise a claim of privilege. Moreover, the fact that each of the *nine* drafts of the Lindholm document was carefully endorsed "Highly Confidential – Attorneys Eyes Only" undercuts its claim of inadvertent production.

Oracle has twice asked Google to re-produce the Lindholm document. Google has refused, despite this Court's order and despite the fact that Magistrate Judge Ryu has ordered that Mr. Lindholm be deposed on the issue of Google's willful infringement (Dkt No. 229). Oracle respectfully requests that the Court issue an order compelling Google to produce the Lindholm document forthwith.

Respectfully submitted,

/s/ *Steven C. Holtzman*
Steven C. Holtzman
COUNSEL FOR ORACLE AMERICA INC.