IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**ORDER SETTING CONFERENCE WITH EXPERT CANDIDATES**

    The parties have submitted the names and resumes of four candidates to serve as court-appointed experts under FRE 706. Two candidates were jointly proposed to testify regarding damages. Additionally, each side proposed one candidate to testify regarding the basis of consumer demand for Android. A conference will be held with counsel and the two damages expert candidates at **8:00 A.M. ON AUGUST 19, 2011**. The conference will provide an opportunity for the Court to vet the candidates and discuss the proposed scope of assignment appended hereto. The question of a second expert will be held in abeyance for the time being.

    Each of the damages expert candidates should submit a letter by **AUGUST 15, 2011**, setting forth a fee proposal and stating whether, in his view, any opinions provided in previous reports or testimony would unduly restrict his freedom of movement in arriving at an opinion in this case. Additionally, the candidate who submitted a resume dated July 2007 should submit an updated resume. *Counsel shall ensure that both damages expert candidates receive copies of this order and the proposed scope of assignment.*

    **IT IS SO ORDERED.**

Dated: August 5, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

**SCOPE OF ASSIGNMENT FOR RULE 706 EXPERT**

[For Discussion Only]

Under Rule 706 of the Federal Rules of Evidence, the Court finds that the complexity and magnitude of damages at issue in this patent and copyright infringement action are so exceptional as to warrant the appointment of a court-appointed expert under Rule 706.

The Federal Rules of Evidence allow a court to appoint an expert either "on its own motion or on the motion of any party." FRE 706(a). Rule 706(a) provides:

> The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. . . . A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

As recognized by the Federal Circuit in *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009), under Ninth Circuit law, "district courts enjoy wide latitude to make these appointments." In *Monolithic*, the Federal Circuit held that the district court did *not* abuse its discretion in appointing a Rule 706 expert, because the court properly administered the standards set by the rule — such as allowing the parties to show cause why an expert should not be appointed, instructing the parties to nominate and agree upon candidates, providing the witness with detailed written instructions, and making the witness available for depositions and examination at trial — and the case presented "unusually complex" issues with "starkly conflicting expert testimony." *Ibid*.

The damages arguments advanced to date in the instant action have been complex and contradictory. The underlying patent claims are numerous and highly technical, and their relationships with the parties' products and revenues are not straightforward. Given this backdrop, the Court finds that this dispute warrants the appointment of a Rule 706 expert to help the jury evaluate contradictory damages evidence. *Ibid.*

A Rule 706 damages expert shall be appointed to testify at trial regarding the amount of damages that may be attributable to any proven infringement. A second Rule 706 expert *may* be appointed to testify at trial concerning whether or not the tried claims constitute the basis of demand for Android. In order to provide the foregoing testimony, the expert(s) shall do the following in a timely manner consistent with the case management schedule:

- Study and evaluate all relevant testimony and documents that have been produced in discovery.
- Study and evaluate the expert reports by both sides.
- Make requests to counsel for such additional materials as will be needed.
- Meet with the two sides' experts to discuss the issues and their respective views in non-recorded sessions. Whether anything said by anyone in these sessions will be viable as evidence shall be discussed with counsel.
- Prepare a report on subjects concerning which the expert will testify at trial.
- Sit for a deposition.