August 5, 2011

**BY ECF**

The Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California
1301 Clay Street, Courtroom 4, 3rd floor
San Francisco, California 94612

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)
      Joint Letter Regarding Ongoing Discovery Disputes

Dear Judge Ryu:

In addition to other joint letters that are being filed today, the parties are actively engaged in resolving a number of other discovery disputes and are required to submit those disputes to Your Honor today in order to seek relief from the Court, should it be necessary. (*See* Dkt. No. 257 at ¶ 6.) Google and Oracle have agreed to summarize in this one letter the remaining discovery issues that the parties are currently discussing. The parties believe many of these issues may be resolved within the next two weeks. The parties seek the court's approval of the joint proposals discussed in Section I below. In Sections II and III below, Google and Oracle, respectively, have identified remaining disputed issues, many of which the parties may be able to resolve.

## I. JOINT ISSUES

**1. Privilege Logs**

- *Joint Statement*: The parties are required to complete supplementing their privilege logs by August 15. Both parties have sent letters to each other identifying entries in the other's privilege log where they believe the underlying documents are not privileged or should be produced in redacted form. Each party is investigating the issues raised in the other party's letter and has agreed to provide a response by August 15 that specifies – for each identified log entry – whether the underlying document will be produced entirely or in redacted form. To the extent the parties cannot resolve any of the issues raised in their respective letters, the parties may jointly ask the Court to review the disputed documents *in camera* to determine if privilege is warranted.

    The parties also recognize that additional privilege logs may be served up to and including August 15, and to the extent that issues identified with respect to those supplementations cannot be resolved after the parties meet-and-confer, those issues may be raised with the Court as well.

2. **Document Designations Pursuant to the Protective Order**

- *Joint Statement*: Both parties have designated documents in their production in accordance with the different confidentiality designations provided by the Protective Order (Dkt. 66). Upon reviewing the document productions, each party has been asked by the other party to "down-designate" particular documents (for example, from "Highly-Confidential – Attorney's Eyes Only" to just "Confidential"). The parties are currently negotiating the down-designation of various documents in the Google and Oracle productions, and believe that agreement can be reached with respect to most, if not all, of the documents at issue. Should the parties be unable to reach an accord with respect to particular documents, guidance from the Court may be necessary.

3. **General Compliance with the ESI Agreement**

- *Joint Statement*: Each party has identified shortcomings in the other party's massive productions of electronic data. For example, many documents have been produced without searchable text or without associated metadata. In addition, many thousands of documents have been produced in native formats, instead of the required TIFF or JPEG images. Each party has represented that it is working to correct these issues and replace faulty productions. The parties expect that they will be able to resolve these issues themselves, but if they cannot, may need to seek the assistance of the Court.

## II. GOOGLE'S ISSUES

1. **Oracle Documents from the Sun v. Microsoft Litigation**

- *Google's Statement*: In two *Sun Microsystems, Inc. v. Microsoft Corporation* litigations (C 97-20884-PVT, filed on Oct. 7, 1997 in N.D. Cal. and C 02-01150-PVT, filed on March 8, 2002 in N.D. Cal.), Oracle (then named Sun) sued Microsoft regarding its Java technology. Oracle informed Google on July 5 that it had collected 827 boxes of hard copy documents relating to the case. On July 14, Oracle informed Google that 174 of the 800 boxes would be made available for inspection in San Jose (the remaining boxes were retained as privileged). Google inspected the 174 boxes on July 19 and asked that select documents in the boxes be produced electronically, along with key case materials not in the 174 boxes, such as Sun's responses to interrogatories and requests for admission. Google also requested a detailed privilege log for the contents of the remaining 653 boxes to determine if the broad privilege claim is warranted. Oracle has represented that by August 5, Google will be given (i) the requested electronic production, (ii) Sun's responses to interrogatories and requests for admission, and (iii) the privilege log. Google may need to seek relief from the Court if Oracle does not deliver the expected documents, or if portions of the 653 boxes that Oracle withheld as privileged should be produced.

- *Oracle's Statement:* As this dispute should now be resolved, Oracle will not respond to Google's statement in detail. After many months of effort, Oracle was recently able to recover the legal files from the 1997-2001 *Sun v. Microsoft* litigations from the offsite

archives of Sun's former attorneys (the now-defunct Howrey firm) and make the responsive, non-privileged, and non-work-product files available to Google's attorneys for inspection. Google's attorneys requested copies of certain items, and Oracle has produced the requested items and provided a privilege log that identifies items which were withheld as attorney work-product. Oracle has complied with Google's request for production of these materials and, accordingly, there should be no further dispute.

2. **Production of documents from the Sun website**

- *Google's Statement*: Since the very outset of discovery, Google has been requesting the production of webpages from Sun.com. In particular, many of the webpages are highly relevant, as they provide marketing and technical information for Oracle Java products that are alleged to practice the asserted patents and copyrights. In addition, there are many press releases, letters, blogs and other documents discussing open source, patents, lawsuits, licensing and other key topics that have a major bearing on the parties' claims and defenses. Oracle repeatedly referred to Sun web sites as a source for responsive information in responding to Google's discovery requests but has failed to produce that information. Oracle provided Google an electronic production early in the case that purportedly included the website materials, but it turned out to be corrupted and neither Google nor Oracle could access the materials. Since that time (at least early April), Oracle has claimed to be working on re-producing the website, yet as the last days of discovery approach, the website materials have not been produced. This is especially alarming given that the Sun.com website was decommissioned and taken offline a few months ago, and many key documents identified by Google are no longer available. Oracle has affirmatively represented that the Sun website materials will be produced to Google by no later than August 15. Oracle's long record of failing to provide the webpages leads Google to believe that the Court may have to order production of the materials to ensure they are provided. Alternatively, Google may seek a declaration that Oracle be precluded from relying on any information contained therein for its case in chief for failure to produce the information in response to discovery requests or seek another remedy.

- *Oracle's Statement*: As this dispute is being resolved, Oracle will not respond to Google's statement point-by-point. Oracle did provide Google with an electronic version of the Sun.com website promptly after being requested to do so. That version turned out to be corrupted, and Oracle has spent an enormous amount of time and effort recapturing the website in a usable form. Oracle just finished collecting the content from the sun.com website on the date this letter was filed and is in the process of producing that data to Google. Google knows this. There should be no further dispute over these materials.

3. **Ellison Documents**

- *Google's Statement*: Although Oracle Corporation CEO Larry Ellison was identified by Oracle at the very outset of the case (Initial Disclosures) and identified as a document custodian, no documents from Mr. Ellison were produced until just days ago, on July 27. Moreover, Oracle produced a sum total of 43 documents (while most custodians'

productions are in the thousands, tens of thousands, or even hundreds of thousands). Google therefore believes that a large number of relevant documents may have been intentionally withheld by Oracle. Google is giving Oracle an opportunity to rectify this issue, but Google will likely ask the Court to compel production of Mr. Ellison's documents and such other relief as may be necessary as a result of Oracle's timely failure to produce Mr. Ellison's documents.

- *Oracle's Statement*: As this issue is being resolved, Oracle again will not respond in detail to Google's arguments above. Oracle believes that it has complied with its obligations with respect to the preservation, collection, review, and production of Mr. Ellison's documents. Google raised this issue for the first time on the evening of August 4, but has not identified any particular deficiency in the production or documents that appear to be missing. Oracle has nonetheless agreed to go back and confirm that it has complied with its discovery obligations and will confer with Google about its production of Mr. Ellison's documents. There is no ripe dispute over these materials.

4. **Production of JavaOS source code**

- *Google's Statement*: Google has been seeking production of source code for JavaOS predating October 31, 1996 because it appears that this code may invalidate the asserted '702 patent under 35 U.S.C. § 102(b). Oracle has repeatedly stated that it could not locate or produce JavaOS source code predating January 10, 1997. On July 29, however, Oracle's designated 30(b)(6) witness on topics relating to JavaOS and the production of JavaOS source code *testified under oath that Oracle could extract source code from October 1996*. Oracle has finally agreed that it will produce the October 1996 code for inspection. Given Oracle's consistent failure to produce the October 1996 code throughout the duration of discovery, Google has legitimate concerns that Oracle will not produce the source code and the code will not be produced in time for Google to incorporate evidence from the code into its opening expert report on invalidity. Google expects it will need to raise this with the Court at the hearing, possibly to seek sanctions or other relief.

- *Oracle's Statement*: As with the prior issues, this issue is being resolved. Oracle has agreed to use its best efforts to extract source code files from its JavaOS workspace as they may have existed as of a certain day, to be specified by Google, in October 1996. Oracle will then make the extracted files available to Google. There should be no further dispute over these materials.

5. **Oracle response to Google's Requests for Production**

- *Google's Statement*: Oracle responded to every one of Google's sixth set of Requests for Production (Nos. 102-129) by either claiming it had no responsive documents, or refusing to produce responsive documents. The requests seek documents about Oracle's representations concerning the uncopyrightability of Application Programming Interfaces ("APIs"), as Oracle asserts in this case that APIs are copyrightable. The requests also seek additional evidence that Oracle is not the creator or owner of materials for which it

is asserting various copyrights in this case. The parties discussed this issue at a meet-and-confer call and Google followed up on the call with a letter detailing its primary issues with Oracle's responses. Google has not yet received a response from Oracle and intends on raising this issue at a hearing with the Court if Oracle refuses to produce responsive documents.

- *Oracle's Statement*: The night before this discovery letter was due, Google indicated for the first time that it has some concerns with certain of Oracle's responses and/or objections to Google's sixth set of requests for production of documents. For most of these requests, Oracle was unable to locate responsive documents following a diligent search (RFPs 107-115, 118-129). The remaining requests seek documents of no apparent relevance to the issues in this case (RFPs 102-105, 116-117). Oracle will meet and confer in good faith to address any legitimate concerns Google may have regarding these requests. Oracle expects that the parties will resolve these matters without need for judicial assistance.

6. **Oracle's designation of witnesses for Topic 11 of Google's Rule 30(b)(6) Notice**

- *Google's Statement*: Google noticed a Rule 30(b)(6) deposition on Oracle for "Evidence of conception, reduction to practice, and actual use of the invention(s) allegedly set forth in the asserted claims." Oracle refused to present witness for all seven patents, but the parties discussed a compromise of witnesses for four of the seven patents. Oracle provided a witness for the '104 and '205 patent, but stated it could not locate a witness who could testify about the '520 and '720 patents. Google is willing to accept Oracle's position if it represents to this Court that it will not present any witness at trial to testify regarding conception, reduction to practice, or actual use of the '520 and '720 patents.

- *Oracle's Statement*: Oracle objected to Google's Topic 11 on the basis that it improperly combines multiple topics by seeking information on the conception, reduction to practice, and actual use of each of the seven asserted patents. Accordingly, the topic is overbroad and inconsistent with Judge Alsup's guidelines for 30(b)(6) deposition topics. (Dkt. 26 at ¶ 23.) As a compromise, Oracle offered to provide a witness to testify regarding two of the seven patents. To this end, Oracle presented a witness on Topic 11 regarding the '104 and '205 patents and that deposition has been completed. Google also obtained testimony regarding the reduction to practice and actual use of the '702 patent from another Oracle witness. Having provided witnesses to testify regarding three patents, Oracle should not be required to provide further testimony on this overbroad topic. Nonetheless, Oracle is meeting and conferring with Google regarding the proposal Google sets forth above.

### III. ORACLE'S ISSUES

   1. **Google's designation of a witness for Topic 11 of Oracle's Rule 30(b)(6) Notice**

   - *Oracle's Statement:* Oracle has asked Google to produce a witness to be deposed as a Rule 30(b)(6) deponent regarding the portion of Topic 11 of its Rule 30(b)(6) Notice concerning "Google's past and present usage and installed base projections in connection with Android." Oracle agreed to narrow Topic 11 to exclude that portion of the topic related to financial projections, in response to Google's claim that this portion was duplicative of Oracle's Topic 2. The remaining portion of Topic 11 is not duplicative of Topic 2. Google has agreed to consider producing a witness for this topic. If Google produces a properly prepared witness to testify fully on this narrowed topic, Oracle believes there will be no need for judicial assistance; Oracle may need to seek Court intervention if Google does not do so.

   - *Google's Statement*: Google believes that Oracle's 30(b)(6) Topic 11 is duplicative of Oracle's Topic 2, which requested a witness on "Google's revenues related to Android, including . . . (ii) how Google accounts for Android-related revenues and expenses, [and] (iv) any financial projections relating to Android…" The subject matter of Topic 2 broadly related to Android revenue in a manner that necessarily included "Google's past and present usage and installed base projections in connection with Android," and Google's designated witness on topic 2 testified regarding projections for usage of Android. While Google believes that it should not be required to present a witness to testify about matters thoroughly inter-twined with a previous Topic, Google is considering whether it is willing to do so in order to resolve this issue.

   2. **Google's Production of Deposition Transcripts**

   - *Oracle's Statement:* On July 28, 2011, Andy Rubin testified that he had been deposed previously in other cases, including in *Apple v. HTC*. Oracle had previously requested production by Google of deposition transcripts responsive to Oracle's document requests, and Google's counsel then produced a deposition transcript for Daniel Bornstein from the *Apple v. HTC* case. Google's counsel has represented that they are still evaluating whether they will agree to produce the transcript of Mr. Rubin's deposition in the *Apple v. HTC* case and other cases. Oracle anticipates that the parties will resolve this matter without need for judicial assistance.

   - *Google's Statement*: As noted in Oracle's statement, Google is still evaluating whether and to what extent the transcripts of Mr. Rubin in the *Apple v. HTC* case and other cases are responsive to Oracle's document requests. To the extent they are responsive, Google will provide them. Google agrees with Oracle that the parties will likely resolve this matter without the need for judicial assistance.

   \*     \*     \*

   The parties agree to endeavor in good faith to resolve the above issues.

Respectfully submitted,

| | |
|---|---|
| BOIES, SCHILLER AND FLEXNER LLP | KEKER & VAN NEST, LLP |
| | |
| */s/ Steven C. Holtzman* | */s/ Robert A. Van Nest* |
| Steven C. Holtzman | Robert A. Van Nest |

I hereby certify that Steven C. Holtzman and Robert A. Van Nest concur in the e-filing of this document.

/s/ Cheryl A. Sabnis
Cheryl A. Sabnis

pa-1479260