August 5, 2011

The Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California
1301 Clay Street, Courtroom 4, 3rd floor
Oakland, California 94612
Re: *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Ryu:

Oracle America, Inc. ("Oracle") brings this motion to compel defendant Google to re-produce nine documents that Google has clawed back under claim of privilege, and to produce three additional documents that Google has withheld and listed on its privilege log.  Counsel for Oracle and Google most recently conferred on August 4, 2011, and Google's counsel declined to produce (or re-produce) the documents at issue.

## Oracle's Statement

Ten of the documents at issue here are purportedly drafts of an inculpatory email written by Tim Lindholm, a Google engineer and former Sun employee, in August 2010; two are copies of the version of that email that was eventually sent.  One of the drafts has already been discussed with Your Honor and in open court at Judge Alsup's insistence.  Google did not object on privilege or other grounds either time.

Judge Alsup has *twice* held that document not privileged.  (Dkt Nos. 255, 271).  In an extraordinary act of defiance of Judge Alsup's orders, Google has repeatedly refused to re-produce it, or any others.  In light of Judge Alsup's orders, Oracle should not have to bring this motion at all, and accordingly reserves its right to seek its fees.

## FACTS

The substance of the key draft that Oracle seeks, the "Lindholm document" (GOOGLE-12-00039656), was discussed during this Court's July 21, 2011 telephonic hearing on Oracle's motion to take Mr. Lindholm's deposition, and again at the *Daubert* hearing before Judge Alsup that same day.  Although Oracle no longer has possession of the clawed-back document, it is quoted in the transcript of the *Daubert* hearing, which Judge Alsup refused to redact.  Mr. Lindholm wrote:

> What we've actually been asked to do (by Larry and Sergey) is to investigate what technical alternatives exist to Java for Android and Chrome. We've been over a bunch of these, and think they all suck. We conclude that we need to negotiate a license for Java under the terms we need.

(7/21/2011 Tr. at 23:22-24:2; 39:2-40:18)

Google produced at least nine versions of this document, each time reviewing the document and designating it as Highly Confidential.[1]  At the two hearings on July 21, no Google attorney ever asserted that the document was subject to any claim of privilege.  Rather, Google's attorneys (first Mr. Baber, before Your Honor, and then Mr. Van Nest, before Judge Alsup) addressed the substance of the document in open court.  They both argued unsuccessfully that Mr. Lindholm was commenting on alternatives to, and a license for, the Java *programming language* rather than the Java patents and copyrights in dispute.  Likewise, no Google attorney ever asserted that the Lindholm document was prepared at the direction of counsel.  Indeed, in response to Judge Alsup's question as to why Mr. Lindholm was looking for an alternative to Java, Mr. Van Nest responded:

> Because if Oracle comes in and says, okay, you are going to have to spend all this money on a lawsuit, and we are going to seek billions of dollars, *the question from the CEO is*, is there any other way we can do this and avoid it, altogether?

(7/21/2011 Tr. at 42:6-10 (emphasis added))

Judge Alsup warned Google that at trial "you are going to be on the losing end of this document" with "profound implications for a permanent injunction."  (*Id.* 41:5-12)

*After* arguing the substance of the Lindholm document at two separate hearings; *after* asserting on the merits that the document related only to the Java programming language; *after* representing to Judge Alsup that Mr. Lindholm was writing in response to a "question from the CEO," not at direction of counsel; *after* being told by the Court that a good trial lawyer could use the simple combination of the Lindholm document "and the Magna Carta" to win Oracle's case and get an injunction (*id.* 41:1-4); Google reversed course and claimed that the Lindholm document was privileged.

On July 21, following the Daubert hearing, Google clawed back the Lindholm document and on July 22 it clawed back the eight other drafts it had produced.  Oracle diligently complied.  Then, on July 28, Google filed a précis asking the Court to redact both the hearing transcript and the Court's Daubert order to strike all references to the Lindholm document – including its own characterizations of that document.  Judge Alsup denied Google's précis and held that the Lindholm document is not privileged.  In its order denying Google's request, on August 1, 2011, the Court held that "the document is not a communication of any type, much less a communication protected by the attorney-client privilege," that Google's work-product argument was "unavailing," and that "Google has provided no indication that the disputed document is in

---

[1] These versions, all of which should be re-produced, are GOOGLE-12-00039558, GOOGLE-12-00039559, GOOGLE-12-00039560, GOOGLE-12-00039561, GOOGLE-12-00039562, GOOGLE-12-00039563, GOOGLE-12-00039564, GOOGLE-12-00039565, and GOOGLE-12-00039656.  The three unproduced versions, all of which should be produced, are listed in Google's privilege log at entries 5512, 5513, and 2551.

fact subject to the claimed attorney-client privilege."  (Dkt. No. 255.)

On August 3, 2011, Google offered to submit additional evidence *in camera* (relief it seeks again here) and argument in support of its privilege claim. (Dkt. 265)  The Court denied that request and held that what amounted to a motion for reconsideration failed to meet the standards of Local Rule 7-9(b).  (Dkt. No. 271.)  Those standards include a showing that new law or facts warrant a different result.  The Court's most recent order thus establishes that Google's proffered basis for its assertion of privilege is futile.[2]  Accordingly the law of the case is that the Lindholm document is not privileged and should be re-produced immediately.

Google's contention that "[n]o court has ruled upon whether these documents are privileged, nor has any court yet considered the facts establishing the basis for the privilege" cannot be reconciled with reality.  Google not only must argue that Judge Alsup did not decide privilege when he specifically wrote that the document is not "protected by the attorney-client privilege" (dispositive language that Google simply pretends does not exist in its response).  Google must assert that Judge Alsup has so little regard for the attorney client privilege that he simply disregarded Google's privilege claims without deciding them, and cavalierly allowed potentially privileged communications to be published to the world.  Neither Judge Alsup's orders nor common sense permits such a conclusion.

## ARGUMENT

Google – not Oracle – has the burden of proving that the document is privileged.  *See U.S. v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).  But as the Court has already held, the document in question is not privileged.  "The 'law of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case."  *Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 833 (9th Cir. 1982); *see also Thomas v. Yates*, No. 1:05-cv-01198, 2009 U.S. Dist. LEXIS 69263, at *7 (E.D. Cal. Aug. 6, 2009) (magistrate judge correctly declined to address issue decided previously by the district court). Google is withholding the document in violation of two court orders, and again attempts to ask the Court to review additional documents *in camera,* denying Oracle the opportunity to respond. The Court has already denied this request (Dkt. No. 271), and that denial cannot be revisited. Google must re-produce the Lindholm document immediately so that Mr. Lindholm's deposition can proceed without hindrance or delay.  Although this Court need look no further than Judge Alsup's orders to grant Oracle's motion as to the draft of the Lindholm document discussed in two hearings, Oracle repeats the reasons why the document is not protected from disclosure.[3]

***First***, Google's claims of privilege are contradicted by the document itself and Google's own characterization of it.  As the Court held in its August 1 Order, the Lindholm document (1) was

---

[2] Indeed, Judge Alsup, apparently under the impression that the document (and other drafts of it) had not been clawed back (and that Oracle therefore already has the documents at issue), referred further motion practice to this Court.  (*Id.*)

[3] Google argues that Judge Alsup's holding is "understandable" because Judge Alsup "only had been made aware of a 'snapshot' of the document."  In fact, Judge Alsup had the entire text of the draft.

not sent to any lawyer, (2) shows no intent to be confidential or to be sent to a lawyer, (3) was in fact directed to a non-lawyer (Android founder Andy Rubin), and (4) states that it reflects analysis prepared at the direction of non-lawyers (Google co-founders Larry Page and Sergey Brin). Google now claims that Mr. Lindholm prepared the document at the direction of Google General Counsel Kent Walker or other Google lawyers. But the document itself contradicts this claim. As the Court has noted, the document states that Mr. Lindholm, SVP of Engineering at Google, was acting at the direction of "Larry and Sergey" (Google's two co-founders, one of whom is now Google's CEO), not any lawyer. The document begins with the text "Hi Andy," a reference to Andy Rubin, the business executive in charge of Android, refers to other business executives, and nowhere refers to any lawyer in any respect. Indeed, Mr. Van Nest himself represented to the Court that Mr. Lindholm was responding to a "question from the CEO." (7/21/2011 Tr. at 42:6-10) In short, nothing in the Lindholm document indicates any legal advice or attorney work product. Instead, it reflects a sophisticated and experienced engineer's blunt and candid assessment that Google had no good alternatives to Java, and that Google needed a license from Oracle for its use of Java. Such facts are highly relevant and not privileged.

**Second**, although under some circumstances drafts may be covered by the attorney-client privilege, this draft is not, as Judge Alsup previously concluded. Drafts that ***reflect confidential requests for legal advice*** or which are ***intended to be confidential*** may be protected. *See In re Grand Jury Subpoena*, 731 F.2d 1032, 1037 (2d Cir. 1984). But the Lindholm document is neither. It reflects neither any intent to remain confidential nor any confidential request for legal advice. Google now claims that from the moment he began typing, Mr. Lindholm was "drafting a clearly privileged email to Google in-house counsel Ben Lee." But this is yet another *ex post* argument contradicted by the face of the document, which does not address Mr. Lee, but rather begins "Hi Andy," a salutation to Andy Rubin. (7/21/2011 Tr. 40:1–6.) Adding a lawyer's name as a recipient to the final version of the document does not alter the status of the draft, as the Court has already held. (Dkt. 255, at 2:5-8) To the contrary, doing so only calls into question Google's claim of privilege over the final document, described in Google's privilege log as "seeking advice of counsel" – something Google did not even assert in its arguments to Judge Alsup as to the drafts.

**Third,** Google's inconsistent positions about why the document is supposedly privileged demonstrate the bankruptcy of its argument. Although the privilege log entry for the final version of the document states that Lindholm was "seeking advice of counsel", Google has since (including in its response below) provided inconsistent bases for a claim of privilege: that it "reflects" the advice of counsel (privilege log entry 5512) "seeks" advice from counsel (privilege log entries 5513, 2551), or was "prepared at the direction" of counsel (as asserted to Judge Alsup in its précis), or was a response to a "question from the CEO" (as asserted to Judge Alsup at the hearing). Google's inconsistency undermines its claim of privilege as to ***any and all*** of the documents.

    **Fourth**, Google may not shield the facts in either the drafts or the final version of the Lindholm document from disclosure. The Lindholm document shows Google's awareness of its own need for a license, the circumstances relating to that awareness, and the lack of non-infringing alternatives. Google may not shield the facts establishing its willful infringement by

invoking the attorney-client privilege. *Cf. Vasudevan Software v. IBM*, No. C 09 05897 RS (PSG), 2011 WL 1599646, at *2 (N.D. Cal. Apr. 27, 2011) ("the facts about the discovery [of the patent] are not in themselves protected by the attorney-client privilege and a defendant is obligated to provide the dates of the discovery and the circumstances under which the discovery was made.") (internal quotation marks and footnote omitted). The principle that a party cannot shield non-privileged facts from disclosure by including them in communications to its attorneys has been established law for decades. *Upjohn Co. v. United States,* 449 U.S. 383, 395–96 (1981); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *U.S. v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1075 (N.D. Cal. 2002) ("The mere fact that outside counsel was copied with the e-mail will not shield communications not made for the purpose of securing legal advice.") Nonetheless, Google's counsel informed Oracle on August 4, 2011, that it would not permit Mr. Lindholm to testify about these key facts on the ground of privilege. That objection is baseless, and only serves to undercut this Court's order that Mr. Lindholm must testify as to Google's willful infringement of Oracle's intellectual-property rights.

*Fifth,* even if the Lindholm document were privileged – which it is not – Google has waived any privilege claim. Google produced the Lindholm document and others like it four months ago, in April 2011. It failed to object to the document at either of the July 21 hearings, when it had a full and fair opportunity to do so. Failure to timely object waives the privilege. *U.S. v. Gurtner*, 474 F.2d 297, 299 (9th Cir. 1973) (failure to object to privileged testimony at trial waived the attorney-client privilege); *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083 (S.D.Cal. Jan 13, 2010) ("[U]nder both state and federal law, if a privileged document is used at a deposition, and the privilege holder fails to object immediately, the privilege is waived.") Indeed, this is not a mere failure to object – Google affirmatively chose to argue the substance of the document, asserting privilege only after those arguments proved ineffective. That conduct renders irrelevant Google's claim that its initial ***production*** of the Lindholm document was inadvertent. In any event, the fact that Google produced the same document more than nine times – and carefully endorsed each version of the draft "Highly Confidential – Attorneys Eyes Only" – undermines any claim of inadvertence. Google's confidentiality designation shows pre-disclosure review of each such version – not inadvertent disclosure.

Google is simply unable to avoid the fact that its own attorneys voluntarily discussed the substance of the Lindholm document in open court, and made affirmative statements of fact that contradict the privilege claims Google asserts now. Instead, Google argues that its attorneys' words and actions should not count. Google says that its lawyers supposedly were unprepared to discuss the Lindholm document because Oracle purportedly violated the Protective Order.[4]

---

[4] In the telephonic hearing before this Court on July 21, Oracle's counsel raised the document only after this Court requested that it provide a documentary basis for the assertion that Mr. Lindholm's deposition testimony would be relevant. None of Google's in-house or outside counsel in attendance raised any objection at all. Similarly, in the hearing before Judge Alsup later that day, Judge Alsup specifically and in the presence of multiple Google counsel requested that the Lindholm document, intended to be submitted to the Court out of the public eye and in

Google already made this argument to Judge Alsup (Dkt. No. 247 at 1–2), without success.  But even if this argument had merit – it does not – Google cannot avoid waiver by claiming that its attorneys made a strategic decision to assert facts that now seem inconvenient.

In light of Judge Alsup's holding that the Lindholm document is not subject to the attorney-client privilege, Oracle has now three times asked Google to re-produce the Lindholm document.  Google's continuing refusal is a willful violation of two court orders, subjects Oracle to needless rounds of briefing and meet-and-confers, obstructs the discovery process by interfering with Mr. Lindholm's rapidly approaching deposition, and undermines the fundamental purpose of trial: to ascertain the truth.  Oracle respectfully requests that the Court compel the re-production of the clawed back drafts, the final versions, and the unproduced draft of the Lindholm document.

## Google's Statement

The Court should deny Oracle's request that the Court strip privilege from, and compel production of, a communication between Google engineer Tim Lindholm and Google in-house counsel Ben Lee (among others) concerning the results of an investigation conducted at the request of Google's General Counsel in anticipation of the present lawsuit.  The email containing that communication was listed, twice, on Google's privilege log.

To appreciate just how wrong this motion is, the Court needs to understand three things:

(1)  The draft versions of the Lindholm emails are "autosaves"—periodic snapshots of a document as it was being written, saved every minute or so by a computer system to ensure that a recent draft will survive if the power goes off or the system crashes.  In this case, the "snapshots" were taken while Google engineer Tim Lindholm was drafting a clearly privileged email to Google in-house counsel Ben Lee.  And the only reason those drafts don't list Lee as a recipient is because filling in the list of recipients (the "To" line) was the last thing Mr. Lindholm did—as the Court will see if it reviews the documents *in camera*.

(2)  No court has ruled upon whether these documents are privileged, nor has any court yet considered the facts establishing the basis for the privilege.

---

direct response to a question the Court had asked to be addressed at the July 21 hearing, be made public.  At no point during or after a lengthy colloquy during which Oracle's counsel expressed his reluctance to quote Google's documents on the public record did a single Google attorney stand up to defend the confidentiality of its document.  At the very same hearing, Google's own counsel publicly described the deposition testimony given the previous day by former Sun CEO Jonathan Schwartz, even though the very same counsel knew that that testimony had been designated highly confidential/attorney's eyes only.  Google's argument about a purported violation of the notice provision of the protective order is simultaneously baseless, waived, and inconsistent with its own conduct.

(3)  There was no waiver of privilege here—rather, there has been an inexcusable violation by Oracle of the agreement that the parties put in place to avoid such waivers.

We address these points below in turn.

**1.      The documents are autosaves of a clearly privileged email to Google's in-house counsel.**

Imagine that you are writing a letter to your lawyer and to others who have been tasked by lawyers with investigating facts relating to an anticipated lawsuit.  Eager to set down your thoughts, you draft the substance of the email first, leaving the "To" line empty.  When you are satisfied with the draft, you loop back to the "To" field and begin to fill in the names.  You add the lawyer's name last.

Throughout this process, your computer system is automatically taking frequent "snapshots" of what you are writing so that a recent draft will always be saved, even if the power goes out or the system crashes.

Unsurprisingly, those snapshots—all taken in rapid succession within a few seconds or minutes of each other—show that *no one* was listed in the "To" field, because you filled that in last.  Only the final version—the one you actually send—shows all recipients, including the lawyer, and bears a privilege warning.

Now imagine that your litigation adversary gets hold of these drafts through inadvertent disclosure.  Seizing upon the last draft before the "send," your adversary argues that the document can't be privileged because it's not a communication to a lawyer, only to another engineer.  Your adversary then claims that the final "send" isn't privileged either.

That is what this ill-considered motion is all about.  Oracle is using autosaves of a clearly privileged document to create a false impression that these are different documents and that none of them was, or was meant to be, communicated to a lawyer.

Google therefore respectfully requests an opportunity to provide the Court with proof that the all versions of the Lindholm email are subject to the attorney-client privilege and/or the attorney work-product doctrine.  Our proffer, which we would make available *in camera*, would show the Court what the autosaves are and how they came into being.  The proffer would consist of (1) the autosaved drafts of Mr. Lindholm's email in chronological order, (2) the final version of Mr. Lindholm's email, so that the Court can evaluate it and compare it with the autosaved drafts, and (3) a declaration by Mr. Lindholm explaining the circumstances under which he prepared the email.

Besides describing how he wrote the email, Mr. Lindholm's declaration will state, in substance, that he prepared the email at the behest of and in coordination with Google's lawyers, and that the email constituted a privileged communication to them in anticipation of this lawsuit.

He will state that, in late July 2010 (shortly before this lawsuit was filed), Oracle lawyers made a presentation laying out Oracle's infringement claims to Google in-house lawyers, including Mr. Lee. Google General Counsel Kent Walker then called a meeting, attended by Mr. Lindholm, Mr. Lee, and top Google management, and asked Mr. Lindholm and another Google engineer to gather, under Mr. Lee's direction, information for the consideration of Google legal and management.

Mr. Lindholm's declaration will prove legally significant in deciding this motion, because preliminary drafts of privileged communications can, themselves, be privileged. "[P]reliminary drafts of a document that is ultimately sent to counsel, . . . amount to 'communications.' Communication can be defined as 'any expression through which a privileged person . . . undertakes to convey information to another privileged person and any document or other record revealing such an expression.' . . . But '[t]he communication need not in fact succeed' to be privileged." *Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 140 (E.D. Mich. 2009) (citation omitted); *see also WebXchange Inc. v. Dell Inc.*, 264 F.R.D. 123, 127 (D. Del. 2010) (requiring party to "supplement its privilege log entries for withheld documents which are drafts of confidential communications made to an attorney" by "identify[ing] the actual communication to an attorney (listed within the privilege log) to which the drafts . . . pertain").

Likewise, "an outline of what a client wishes to discuss with counsel—and which *is* subsequently discussed with one's counsel—would seem to fit squarely within our understanding of the scope of the [attorney-client] privilege." *United States v. DeFonte*, 441 F.3d 92, 96 (2d Cir. 2006) (emphasis added). The Lindholm email was exactly that—an outline of what Google management and employees intended to and did discuss with their counsel during a subsequent conference.

Mr. Lindholm's declaration also will establish that the documents fall within the attorney work-product doctrine. That doctrine "extends beyond confidential communications between the attorney and client to 'any document prepared in anticipation of litigation by *or for* the attorney.'" *United States v. Bergonzi,* 216 F.R.D. 487, 494-95 (N.D. Cal.2003) (emphasis added) (quoting *In re Columbia/HCA Healthcare Billing Practices Litig.,* 293 F.3d 289, 304 (6th Cir.2002)).

Oracle argues that the Lindholm email lacks privilege because its contents would help Oracle prove willful infringement. Oracle is wrong. The email concerns an investigation made in anticipation of Oracle's lawsuit, shortly after Google learned of the patents that Oracle is asserting. The email therefore sheds no light on willful infringement. But even if it did, that wouldn't matter for present purposes. "Relevance . . . is not the standard for determining whether or not evidence should be protected from disclosure as privileged, and that remains the case even if one might conclude [that] the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue." *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 293 (D. Mont. 1998).

In short, it is impossible to rule fairly on this motion without first viewing Google's *in camera* submission to see what these documents really are and why and how they were made. Then and only then can the Court assess Google's claim of privilege.

**2.      Judge Alsup did not rule on the privileged status of these documents, nor did he have the information necessary to decide that issue.**

Given the facts stated above, it's no surprise that Oracle's lead argument is that this Court need not analyze the privilege issue for itself because that issue already has been decided. Oracle naturally would like to prevent the Court from considering the relevant evidence *in camera* and drawing the appropriate conclusions from that evidence.

But Oracle's premise is mistaken. Judge Alsup has ***not*** ruled on the privilege issue. Rather, he has made only two rulings relevant to the present motion.

***First***, he denied Google leave to file motions to seal and redact a prior court order and a hearing transcript in which one of the draft emails was discussed. Judge Alsup concluded—for purposes of Google's request for leave to file—that Google had "provided no indication that the disputed [draft email] is in fact subject to the claimed attorney-client privilege." He found—for reasons that should now be clear—that there was no indication that the draft had been "communicated" to anyone, let alone sent to a lawyer. That conclusion was understandable because he only had been made aware of a "snapshot" in which the salutation referenced one engineer and the "To" line was blank and therefore did not yet include in-house counsel Ben Lee, whom Lindholm added a short time later.

***Second***, Judge Alsup denied Oracle's request that he compel Google to produce the Lindholm document. He wrote: "[A]ll discovery disputes in this action have been referred to Magistrate Judge Ryu. A letter to the undersigned judge responding to a précis request is not the proper place to raise a discovery dispute." Yet Oracle insists that Judge Alsup sent a discovery dispute that is exclusively about privilege to this Court merely so that this Court could issue a one-sentence order stating "Judge Alsup already decided that."

As Judge Alsup observed, a three-page précis letter is ***not*** the proper place to resolve a discovery dispute—especially this one. Because this issue first arose due to Oracle's misuse of an autosaved draft in a hearing (see next section), no judge has considered the privilege issue with the benefit of full briefing or in light of the *in camera* submissions that would substantiate Google's claim of privilege. More specifically, Judge Alsup had no opportunity to view the series of autosaved documents *in camera*, which is the only way to understand what they are and why they are privileged.

Under the circumstances, Oracle's claim that the privilege issue already has been decided is insupportable.

**3.      There was no waiver of privilege here—rather, there has been an inexcusable violation by Oracle of the agreement that the parties put in place to avoid such waivers.**

This motion owes its existence to Oracle's violation of the protective order in this matter. The "autosave" of the Lindholm email that Google inadvertently produced to Oracle was marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and paragraph 5.2(b) of the protective order specifically states that "[p]arties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material[.]" (Docket No. 66 at 7:1-4).

Oracle failed to provide the required notice prior to the hearing before this Court on July 21, 2011. Instead, Oracle's counsel began quoting orally from a draft of the Lindholm email, stating only that it had been "produced on an AEO basis." Taken by surprise, Google's counsel stated that he did not have the email before him but had an "understand[ing]" that Lindholm was talking about the Java programming language.

Oracle likewise failed to provide the required notice prior to the *Daubert* hearing before Judge Alsup on July 21, 2011. Instead, Oracle appeared at the hearing bearing a binder of excerpts from various documents that were not part of its filed opposition and not part of the record, including many that Google had designated "Confidential" or "Attorney's Eyes Only."

Before the July 21, 2011 hearings, the Lindholm email had not figured in this litigation. It had not been the subject of correspondence between the parties, marked as a deposition exhibit, or used as an exhibit in any court filing, and Google therefore only learned of its production at the hearings. Oracle's wholesale violations of the protective order had particularly serious consequences, because they meant that Google had no prior opportunity to determine that the document referred to was privileged and to rectify the inadvertent production before Oracle published the contents of the document in open court.

The inadvertent production occurred because Lindholm's email was autosaved on Google's systems as a series of incomplete drafts. Due to the volume and speed of production in this case, Google has been forced to rely on electronic screening mechanisms, which identify potentially privileged documents based in part on sender and recipient information, as well as privilege-related keywords. But the Lindholm email drafts did not identify *any* recipients, let alone attorney recipients, because Lindholm added the recipients to the email last.

Google investigated the cited document immediately after the hearings, promptly informing Oracle that the document was privileged and asking Oracle to honor the provisions of the Stipulated Protective Order relating to inadvertently produced privileged documents. Google also asked Oracle to stipulate to sealing and redacting the record of the *Daubert* hearing. Oracle refused, even though it has retroactively asserted privilege over *hundreds* of inadvertently produced privileged document in this matter—requests that Google has honored without question.

Now Oracle wants to parlay its own improper conduct into a claim of wholesale subject-matter waiver.  Indeed, it has demanded that Google reconsider and resubmit its entire privilege log based on Judge Alsup's narrow rulings about leave to file nondiscovery motions.

But, under the Stipulated Protective Order that Oracle treats so cavalierly, "[i]nadvertent production is itself no waiver of privilege."  (Docket No. 66 at 18:16-17.)  Morever, this stipulation is consistent with the Federal Rules of Civil Procedure, as amended in December of 2010.

The Court should not compel the disclosure of documents plainly protected by the attorney-client privilege and the work-product doctrine.  For all the reasons in Google's Statement, above, the Court should deny Oracle's motion to compel.


Respectfully submitted,

/s/ Steven C. Holtzman
COUNSEL FOR ORACLE AMERICA, INC

/s/ Steven A. Hirsch
COUNSEL FOR GOOGLE, INC

ATTESTATION OF FILER

I, Steven C. Holtzman have obtained Mr. Steven A. Hirsh concurrence to file this document on his behalf.


Dated: August 5, 2011                    BOIES, SCHILLER & FLEXNER LLP

                                         By:  */s/ Steven C. Holtzman*
                                            Steven C. Holtzman

                                         *Attorneys for Plaintiff*
                                         ORACLE AMERICA, INC.