# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York  10036-4003
www.kslaw.com

Scott T. Weingaertner
Direct Dial:  (212) 556-2227
Direct Fax:   (212) 556-2222
sweingaertner@kslaw.com

August 5, 2011

The Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

Re:    *Oracle America, Inc. v. Google Inc.*, Civil Action No. 3:10-cv-03561-WHA (N.D. Cal.)

Dear Judge Ryu:

Google seeks a Court Order compelling Oracle to present a prepared witness for Google's Third Notice of Rule 30(b)(6) Deposition of Plaintiff Oracle America, Inc., Topic 4. Oracle has declined Google's request.  The parties met and conferred by telephone on August 4, 2011, but were unable to resolve the issue.  Google respectfully requests the Court's assistance with this matter.

### Google's Statement

Google served its Corrected Third Notice of Rule 30(b)(6) Deposition of Plaintiff Oracle America, Inc. on July 6, 2011.  Topic 4 required Oracle to present a witness on:

> Oracle's acquisition of Sun's intellectual property rights concerning Java as part of the Acquisition of Sun (including but not limited to communications, valuations, negotiations, and reports to governmental bodies concerning the acquisition of these rights).

Oracle made two witnesses available to testify on the single topic: Mr. Douglas Kehring on July 28, and Mr. Edward Screven on July 29.  In response to a request made by Google's counsel Oracle disclosed the subtopics each witness would testify on the night before Mr. Kehring's deposition.  In an email, Mr. Beko Reblitz-Richardson, Oracle's counsel, informed Google that Mr. Kehring would testify "regarding negotiations and communications between Oracle and Sun in connection with Oracle's acquisition of Sun and financial analyses prepared by Oracle in connection with that acquisition," and that Mr. Screven would "testify regarding reports to governmental bodies in connection with Oracle's acquisition of Sun". The lines drawn by Oracle were arbitrary given Mr. Kehring's role as Senior Vice President, Corporate

Development & Strategic Planning and Mr. Screven's as Chief Corporate Architect. Moreover, Oracle's arbitrary delineations were applied inconsistently throughout both depositions, thereby preventing Google from obtaining key testimony on the noticed topic. For example, when discussing valuations with Mr. Kehring, Mr. Reblitz-Richardson continuously objected to the questions as being outside the scope of the topic and stated on the record that "<u>Mr. Screven</u> will testify to the value of the -- of Java and the intellectual property acquired." Deposition of Douglas Kehring (Kehring Depo.), 66:12-15 (emphasis added). The very next day, when Mr. Screven was being questioned on valuations, Mr. Fred Norton, Oracle's counsel, made the same scope objection and stated on the record that "[Mr. Screven] was not designated by counsel to testify on valuation of Java intellectual property acquired by Oracle" and concluded that "valuations are outside the scope." Deposition of Edward Screven (Screven Depo.), 25:6-8; 26:9-10. Such inconsistent applications of the arbitrary delineations prevented Google from obtaining complete testimony on a significant portion of the noticed topic - valuations - and the resulting exchanges between counsel over Oracle's scope objections cut into Google's limited deposition time with both witnesses.

Further, under Federal Rule of Civil Procedure 30(b)(6), Oracle was obligated to produce a witness that was knowledgeable to testify about the designated topic. In spite of Rule 30(b)(6)'s mandate and notwithstanding the fact that Oracle America is essentially what was formerly Sun Microsystems, Oracle failed to produce a witness that was able to testify about the acquisition *from Sun's perspective*. *See* Kehring Depo., 9:1-10:8. "Oracle's acquisition of Sun" necessarily includes both perspectives, and consequently, Oracle was required to produce a knowledgeable witness to testify on both perspectives. Oracle's argument that Google's position is untimely rings hollow as well. As discussed above, despite the fact that Oracle designated two witnesses who never worked for Sun, Oracle did not disclose the subtopics of their testimony until the night before Mr. Kehring's deposition. Under Rule 30(b)(6), those witnesses were obligated to educate themselves with the knowledge of the company. In this case, the company is the plaintiff in this case, Oracle America, which is the successor to Sun Microsystems. Oracle's position that their status as legacy Oracle employees means that they did not need to equip themselves with knowledge from the plaintiff in this case cannot be sustained. Accordingly, Google could not have been aware that Oracle did not plan to prepare either of its witnesses on the acquisition from Sun's perspective until then, and indeed, was not aware of Oracle's position until Mr. Kehring's deposition.

In addition, at least Mr. Kehring referred numerous questions, including basic and fundamental questions such as the basis for Oracle's offer, to other individuals.  Accordingly, it is evident that neither Mr. Kehring nor Mr. Screven were prepared to testify about the issues

The Hon. Donna M. Ryu
August 5, 2011
Page 3

within the scope of the designated topic.  Contrary to Oracle's position, answering these sorts of questions would not require "omniscience" -- merely proper preparation.  The entire purpose of Rule 30(b)(6) is to avoid just this sort of passing the buck to another company executive.

Finally, Oracle's delayed document production and other document production deficiencies concerning key documents alone justify re-opening the deposition.  For example, Google Exhibit 262 references an acquisition presentation from May 6, 2009 by Kaul, Gosling and Brewin that Google was not able to locate in Oracle's document production.  When made aware of this deficiency at Mr. Kehring's deposition, Mr. Reblitz-Richardson represented that he did not know whether such a document exists.  *See id.* at 152:14-21.  In response to later correspondence asking Oracle to confirm whether the document exists and if not, the facts and circumstances surrounding why it no longer exists, Oracle ignored the question and stated that it was unaware of any responsive documents that have not been produced, but also claimed that it is still producing documents.  Oracle's document production deficiencies are not isolated.  Indeed, Oracle produced Larry Ellison's custodial documents on July 27, 2011 - months after they were originally requested, and on the evening prior to Mr. Kehring's deposition.  After inquiry from Google's counsel, Oracle's counsel stated that the documents "should not relate to any of the depositions tomorrow."  On information and belief, several of the documents involved email communications between Mr. Ellison and Messrs. Kehring and Screven relating to the acquisition of Sun, thus making them relevant to both topic 4 depositions.  Such circumstances justify re-opening the topic 4 deposition.

For the foregoing reasons, Google respectfully requests that Your Honor compel Oracle to produce a prepared witness for the limited topics of Oracle's valuations of Sun (and its intellectual property) and Oracle's acquisition of Sun from Sun's perspective.

### Oracle's Statement

Despite already deposing two of Oracle's most senior executives for three and one half hours on its Rule 30(b)(6) Topic 4, Google now seeks to compel Oracle to provide another witness to testify for some unspecified additional time regarding two matters that Google *claims* were among the various sub-topics included in its Notice:  (1) "Oracle's valuations of Sun," and (2) "Oracle's acquisition of Sun from Sun's perspective."  Google's request should be denied.  With respect to (2), *supra*, "Oracle's acquisition of Sun *from Sun's perspective*" was never even part of Topic 4.  Google already questioned the two witnesses at length regarding valuations prepared in connection with the Sun acquisition.  There is no basis for Google's demand to expand the noticed Topic 4 to include another un-noticed topic or to permit additional questions on the noticed topic.

**Oracle Provided, And Google Obtained, All Of The Testimony Google Is Entitled To Concerning "Oracle's Valuations Of Sun."**

In response to Google's Notice on Topic 4, Oracle identified and prepared Mr. Screven and Mr. Kehring, both senior Oracle executives with personal knowledge of Oracle's acquisition

The Hon. Donna M. Ryu
August 5, 2011
Page 4

of Sun and the specific sub-topics covered by the notice, and who report directly to Oracle's CEO (Mr. Screven) and Co-President and CFO (Mr. Kehring). Mr. Kehring is Senior Vice President, Corporate Development & Strategic Planning at Oracle, and he led the team at Oracle that prepared the financial analyses in connection with Oracle's acquisition of Sun. Mr. Screven is the Chief Corporate Architect at Oracle, and he was also personally involved with Oracle's acquisition of Sun.

The afternoon before the first deposition, Google's counsel emailed to ask how the various sub-topics in Google's notice would be divided. Oracle's counsel responded that same evening, stating that,

> "Mr. Screven will testify regarding reports to governmental bodies in connection with Oracle's acquisition of Sun and the Java intellectual property acquired by Oracle. Mr. Kehring will testify regarding negotiations and communications between Oracle and Sun in connection with Oracle's acquisition of Sun and financial analyses prepared by Oracle in connection with that acquisition."

Significantly, Google did not object to the dual designation of Messrs. Screven and Kehring on Topic 4 as clearly described by counsel for Oracle. Moreover, this division was not "arbitrary," as Google claims; rather it corresponded to the witnesses' primary areas of personal knowledge on the topics Google had noticed. Both witnesses were able to testify, and did testify, concerning valuations of Sun and its intellectual property in connection with the acquisition. Consistent with his role and background in finance, Mr. Kehring addressed financial analyses, as disclosed in the email; consistent with his technical background and role in the acquisition, Mr. Screven addressed the value, in strategic and technical terms, of the Java intellectual property acquired by Oracle, again as disclosed in the email. Mr. Screven and Mr. Kehring both supplemented their personal knowledge of those topics by meeting with counsel and reviewing documents; Mr. Kehring also spoke with Safra Catz, one of Oracle's co-presidents, and Cory West, Senior Vice President Corporate Controller. (Kehring Tr. at 7:24-8:25, 10:22-25; Screven Tr. at 6-11.)

Over two days, Google questioned Mr. Kehring for 2 hours and 55 minutes, and Mr. Screven for 35 minutes--the full 3.5 hours afforded by Judge Alsup's order. (Docket No. 26 a p. 7.) The witnesses' testimony covered all of the sub-topics in Google's 30(b)(6) notice. Although Google argues that Mr. Kehring and Mr. Screven were not prepared to testify about "valuations of Sun," both did so.

Mr. Kehring described in detail [redacted]

The Hon. Donna M. Ryu
August 5, 2011
Page 5



Google's request for additional time cannot be reconciled with its extensive questioning of Mr. Kehring on this matter.

Despite having questioned Mr. Kehring on financial valuations and models for nearly three hours, the next day Google's counsel sought to question Mr. Screven as well about accounting analyses prepared by a third party.  As Mr. Screven was not designated to testify about such financial analyses – Mr. Kehring was, and in fact did – Oracle properly objected that the questions exceeded the scope, but still allowed Mr. Screven to answer an entire series of questions on that issue.  (Screven Tr. at 10:1-13:7.)

In short, Oracle provided witnesses who were prepared to testify, and did testify, on the topics in Google's notice, including "Oracle's valuations of Sun," for the full 3.5 hours that Google is allowed.  No further testimony is warranted.

**Mr. Kehring and Mr. Screven Were Prepared Well Beyond The Standard That Google Has Applied To Its Own Witnesses.**

In preparing and offering Mr. Kehring and Mr. Screven to testify on this topic, Oracle satisfied its obligations under Rule 30(b)(6).  A 30(b)(6) witness is not charged with omniscience, and the fact that Mr. Kehring was unable to answer a few questions in no way suggests that he himself was not adequately prepared.  *See, e.g.*, *Google Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C 03-5340 JF (RS), 2006 WL 2318803, at * (N.D. Cal. Aug. 10, 2006) (denying motion to compel Google to produce a witness for further deposition under Rule 30(b)(6) on the grounds that Google's witness was unprepared; "deponents under Rule 30(b)(6) must be prepared and knowledgeable, but they need not be subjected to a 'memory contest.'").

The Hon. Donna M. Ryu
August 5, 2011
Page 6

In any event, Mr. Kehring and Mr. Screven were not only prepared in compliance with Rule 30(b)(6), they were prepared far better than Google's own corporate representatives. Mr. Rubin (a Google 30(b)(6) witness) testified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and reviewed *no* documents that might have refreshed his recollection and did not speak with any other Google employees as part of his preparations. Mr. Agarwal (another Google 30(b)(6) witness) similarly testified that he did not review any documents in preparation for his deposition other than the notice and one news article, and he also did not speak with any other Google employees. This has been a consistent pattern with Google's 30(b)(6) witnesses, and Google has no basis to complain regarding Oracle's efforts to prepare Mr. Kehring and Mr. Screven.

**Topic 4 Does Not Seek Testimony Concerning "Oracle's Acquisition Of Sun From Sun's Perspective" And Google Cannot Unilaterally Amend the Notice After The Fact.**

Topic 4 does not encompass Oracle's acquisition of Sun "from Sun's perspective," and there is no basis for Google's demand that Oracle provide a witness to answer questions on that topic. Topic 4 relates to *Oracle's* acquisition of Sun, and there is no mention anywhere in the topic of "Sun's perspective" in connection with that acquisition. Oracle reasonably read the topic as requiring it to produce one or more witnesses to testify regarding *Oracle's* acquisition of Sun, and Oracle had no obligation to identify one or more witnesses that would testify regarding both Oracle's and Sun's perspectives. It would be odd, to say the least, to have a witness testify first as Oracle's corporate representative concerning "Oracle's acquisition of Sun's intellectual property rights concerning Java as part of the Acquisition of Sun (including but not limited to communications, valuations, negotiations, and reports to governmental bodies concerning the acquisition of these rights)" and then have that witness testify – again as Oracle's corporate representative – about *Sun's perspective* on each of those various topics.[1]

Google's broad reading of Topic 4 to include **both** Oracle's perspective and Sun's perspective is not just contrary to its words. If that were what Google meant, the request would be compound and improper, and objectionable for that reason as well. There were two parties involved with the acquisition: Oracle and Sun. If Google wanted a witness to testify to Sun's perspective, then it should have included another topic on that issue.

---

[1] Google's Topic 4 actually uses a term that Google itself defined, "Acquisition of Sun." Google carefully defined that term to mean "the Acquisition of Sun Microsystems, Inc., described by Oracle Corporation in its January 28, 2010 Form 8-K filing with the United States Securities and Exchange Commission as: 'On January 26, 2010, pursuant to an Agreement and Plan of Merger dated as of April 19, 2009 (the "Merger Agreement") by and among Oracle Corporation, a Delaware corporation ("Oracle"), Sun Microsystems, Inc., a Delaware corporation ("Sun"), and Soda Acquisition Corporation, a Delaware corporation and wholly-owned subsidiary of Oracle ("Merger Subsidiary"), Merger Subsidiary was merged with and into Sun, with Sun surviving the Merger as a wholly-owned subsidiary of Oracle (the "Merger").' Nowhere in that lengthy definition did Google suggest that the term would also mean "from Sun's perspective."

The Hon. Donna M. Ryu
August 5, 2011
Page 7

      In any case, Google's demand is untimely. On July 15, Oracle's counsel identified Mr. Screven and Mr. Kehring as the witnesses who would testify on Topic 4. Neither ever worked for Sun, as Google well knew. Instead of raising this issue then, Google's counsel waited until July 28, the day of Mr. Kehring's deposition, to complain that neither one would testify to "Sun's perspective." Google's counsel then ignored Oracle's request to tell us that day whether they in fact intended to raise this contention, and only did so yesterday, on August 4.

**Oracle's Production Of Documents Provides No Basis To Extend the Deposition.**

      Google's complaints regarding Oracle's document production are also unsupported. As of the date of the depositions, Oracle had already produced millions of documents to Google. Google on one other occasion (not in connection with these depositions) suggested that Oracle failed to produce certain documents, at which point Oracle's counsel searched for and identified the relevant documents in the productions already made to Google. This suggests that Google's lack of documents was due to its own inadequate searching, not any lack of production by Oracle. Oracle has conducted a diligent search for all documents responsive to Google's requests pursuant to its responses, and has produced such documents. Google's motion asserts "on information and belief" that one or more documents were produced after these depositions, but Google does not actually identify any document. When asked yesterday to identify any such documents that Google believes justify further questioning, Google failed to identify a single document. Oracle also offered to search for specific documents, but given Google's previous misstatements regarding Oracle's document production, Oracle requested that Google first explain what searches it had already performed. Google has not responded to that request either. Google just wants to re-open the deposition without any basis to do so.[2]

\* \* \*

      For these reasons, Oracle opposes Google's request to extend Topic 4 to include another topic altogether, and to modify Judge Alsup's rule to permit questioning beyond the three and a half hours provided for 30(b)(6) depositions.

---

[2] Google is continuing to produce hundreds of thousands of additional documents, including more than 1,000 documents produced from Mr. Rubin's files just one week ago and documents from the files of other Google witnesses who have been identified by Google as 30(b)(6) witnesses. To the extent Google identifies any documents produced after the deposition of Mr. Kehring or Mr. Screven that it believes were relevant, and the Court is inclined to re-open one or more of those depositions to permit additional questioning because of the late production of documents, Oracle would ask that the Court also permit Oracle to re-open the depositions of Google's 30(b)(6) witnesses to question them about relevant documents produced after their depositions.

The Hon. Donna M. Ryu
August 5, 2011
Page 8

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP		KING & SPALDING LLP

*/s/ Beko Reblitz-Richardson*			*/s/ Scott T. Weingaertner*

Beko Reblitz-Richardson				Scott T. Weingaertner
Counsel for Plaintiff Oracle America, Inc.	Counsel for Defendant Google Inc.


I hereby certify that Beko Reblitz-Richardson and Scott T. Weingaertner concur in the e-filing of this document
 s/s Cheryl A. Sabnis