IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant.<br>_____/ | No. C 10-03561 WHA<br><br>**ORDER PARTIALLY GRANTING AND PARTIALLY DENYING MOTION TO SUPPLEMENT INVALIDITY CONTENTIONS AND VACATING HEARING** |

## INTRODUCTION

In this patent and copyright infringement action involving features of Java and Android, defendant moves for leave to supplement its invalidity contentions. For the following reasons, the motion is largely **DENIED**.

## STATEMENT

Oracle America, Inc. filed this action in August 2010, accusing Google Inc. of infringing 132 claims of seven patents, as well as various copyrights. Pursuant to Patent Local Rule 3-3, defendant Google served its patent invalidity contentions in January 2011. Google's contentions included a variety of claim charts, which are required by the local rules for "each alleged item of prior art," as well as a 22-page list of more than 500 additional references for which no claim charts were provided (Peters Decl. ¶ 1). Pat. Loc. R. 3-3(c). In February and March, Google filed reexamination requests with the United States Patent and Trademark Office concerning all seven patents at issue in this action (Dkt. No. 223 at 1).

The first step toward streamlining this gargantuan case for trial was jointly planned for early June (Dkt. Nos. 144, 147). On June 1, Oracle narrowed its patent case to fifty asserted patent claims, and two weeks later Google narrowed its invalidity defenses to six grounds per patent claim. Google now seeks leave to supplement its invalidity contentions with new defenses relating to the patent claims that remain in the action. The claims and technology at issue have been described in previous orders (Dkt. Nos. 137, 230). This order follows full briefing.

**ANALYSIS**

Amendment of invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." Pat. Loc. R. 3-6. With one exception, Google has not shown good cause for amending its invalidity contentions at this late date. Google asserts that the invalidity defenses it seeks to add "are among its strongest in the case" (Br. 1). Google, however, did not submit its proposed amendments or explain why its new invalidity theories are supposedly so strong. The parties did not brief the strength of Google's new invalidity theories. It is therefore impossible to determine whether Google's proposed supplements are meritorious or futile. Google argues that the strength of its new defenses is "demonstrated by the by the fact that Google elected them on June 15" (Reply Br. 8). This reasoning is circular. The June 15 deadline required Google to narrow its invalidity case to six grounds for each of the fifty patent claims chosen by Oracle — *a total of three hundred invalidity theories*. It is possible that Google simply did not have that many good invalidity theories and is now trying to fill in with whatever it can belatedly cobble together. Google has not carried its burden of showing otherwise.

Moreover, for purposes of Rule 3-6, "'good cause' requires a showing of diligence," and "[t]he burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (discussing the validity and meaning of Patent Local Rule 3-6 of the Northern District of California). Google has not carried its burden of establishing diligence as to the vast majority of its proposed amendments. With limited exceptions, fact discovery has closed, and expert discovery is underway. The claims and defenses at issue have been significantly narrowed in reliance on the parties' infringement and invalidity contentions. The final pretrial conference

2

and jury trial are only two months away. This action is well advanced, and Google now seeks leave to bring an entire fleet of new invalidity defenses into the fray. Good cause has not been shown for allowing such a dramatic maneuver at this late date. Only one category of amendments will be allowed.

### 1. GOOGLE'S LACK OF DILIGENCE.

Google waited several months after discovering most of its new defenses before it sought permission to move for leave to supplement its invalidity contentions. After permission to file a motion was granted in late June, Google waited another two and a half weeks to actually file its motion, and then filed a superceding amended version of the motion the following week. This delay suggests a lack of diligence. *See O2 Micro*, 467 F.3d at 1367 (upholding a district court's finding of a lack of diligence where movant "waited almost three months . . . to serve its proposed amended contentions and two more weeks to formally move to amend").

Google argues that it exercised "overall diligence" in light of the circumstances of this sprawling action (Reply Br. 4–7). Google's delay in bringing the instant motion supposedly was motivated by a desire to conserve judicial and party resources (Br. 2):

> Had Google filed this motion before Oracle narrowed its case and included *all* of the potential changes to its invalidity contentions, the resulting motion would have been several times larger than this one, and the bulk of it would have been mooted almost immediately by the parties' narrowing decisions. The burden on the parties and the Court would have been even more severe had Google filed successive motions for each set of discoveries over the course of the spring and summer.

This argument is premised on the admission that "[b]oth parties have known since May that the scope of this case would soon be reduced by more than half" with the narrowing of claims and defenses planned for June (*ibid.*). True, Oracle asserted a large number of patent claims in its complaint, and narrowing was certainly in order. But this aspect of the action has no bearing on delay by Google before the narrowing plan went into effect, and it certainly does not justify subsequent delay.

Oracle's selection of fifty out of its 132 asserted patent claims necessarily relied on the relative strength of the parties' infringement and invalidity contentions as to each claim (Opp. 2). That some of the new theories were floated by Oracle before the June 1 narrowing deadline does

3

1  not eliminate all prejudice, contrary to Google (Reply Br. 1). Uncertainty remained as to whether
2  Google would seek or receive permission to add any of those additional defenses to its official
3  invalidity case. Indeed, by failing to move for leave to amend its contentions promptly after
4  disclosing additional defenses, Google signaled an intention *not* to bring those defenses into this
5  action. Google's decision to wait until *after* Oracle was locked into its patent-claim selections to
6  fortify its invalidity case with "defenses that it has now determined are among its strongest"
7  amounts to sandbagging (Br. 1).

8  Google's other excuses for its delay likewise fail. The time and effort demanded by
9  discovery and other "competing case demands" does not justify neglecting to seek leave to amend
10 invalidity contentions (Reply Br. 7). The failure of the parties to reach agreement regarding a
11 stipulated supplementation was foreseeable. If Google was serious about amending its invalidity
12 contentions, it should not have gambled for *months* on the possibility that a stipulation might be
13 reached (*id.* at 6–7). Google generally did not exercise diligence in seeking to amend its
14 invalidity contentions and has not shown good cause for allowing most of its proposed
15 amendments at this eleventh hour. Each category of proposed amendments will be addressed
16 in turn.

### 2. OBVIOUSNESS THEORIES DIRECTED AT '104 PATENT BASED ON RAU REFERENCE (CHARTS A-9 AND A-12).

Google seeks to add claim charts A-9 and A-12 to its invalidity contentions directed at United States patent number RE38,104. These two new charts purport to disclose invalidating obviousness combinations based on an item of prior art Google calls "the *Rau* reference" (Br. 5–6). The Rau reference was included in Google's January invalidity contentions but only in the list of additional references for which no claim charts were provided. The list did not specify the patents or claims to which Google contended the Rau reference applied (Peters Exh. 5 at 43). Google provided supplemental charts A-9 and A-12 "or their equivalent" to Oracle "on or before May 16, 2011." Google explains that these two new defenses "respond to the Court's Claim Construction Order, which rejected Google's proposed claim constructions for both 'intermediate form (object) code' and 'resolve'" (Br. 5–6).

4

A claim construction different from that proposed by the moving party is a circumstance "that *may*, *absent undue prejudice to the non-moving party*, support a finding of good cause." Pat. Loc. R. 3-6 (emphasis added). Here, however, the claim construction order issued on May 9, 2011. Google served claim charts applying the Rau reference to the '104 patent shortly thereafter, but those charts were not part of Google's invalidity contentions. Contentions may be amended "only by order of the Court upon a *timely* showing of good cause." Pat. Loc. R. 3-6 (emphasis added). Google did not seek leave to move to formally amend its invalidity contentions until a month after claim constructions were set, which was well *after* Oracle had narrowed its infringement case. Google did not file the instant motion until a month later still (Dkt. Nos. 181, 214). Google failed to exercise diligence in seeking to supplement its invalidity contentions with charts A-9 and A-12 following claim construction. Google's untimely motion to do so now is **DENIED**.

### 3. OBVIOUSNESS THEORIES DIRECTED AT '104 PATENT BASED ON MULTICS OS REFERENCES (CHART A-10).

Google also seeks to reinforce its defense against the '104 patent by adding chart A-10, which purports to disclose an invalidating obviousness combination based on four prior art references discovered after Google served its invalidity contentions. Google served a claim chart based on two of the new references on May 16, and one of Google's experts discovered the other two sometime thereafter (Br. 6–7).

The "*recent* discovery of material, prior art despite earlier diligent search" is another circumstance "that *may*, *absent undue prejudice to the non-moving party*, support a finding of good cause." Pat. Loc. R. 3-6 (emphasis added). Again, however, Google delayed in seeking permission to supplement its invalidity contentions. Two of the references in chart A-10 were known to Google at least three months ago, and Google does not say when it discovered the other two. Google falls well short of showing that the four references in chart A-10 were discovered recently and that Google exercised diligence in seeking to add them to its invalidity contentions. Google's motion to supplement its invalidity contentions with chart A-10 is **DENIED**.

5

### 4. ANTICIPATION THEORIES DIRECTED AT '702 PATENT BASED ON JAVAOS REFERENCE (NOT CHARTED).

With respect to United States patent number 5,966,702, Google requests carte blanche to supplement its invalidity contentions with anticipation theories based on Oracle's JavaOS product "after Oracle has produced all relevant documents and source code" (Br. 7). Google has not prepared any claim charts analyzing JavaOS in relation to the asserted patent claims. Google asserts that its delay in doing so was caused by "Oracle's own discovery abuse"; Google claims that "Oracle did not produce *any* JavaOS source code until May 2011, *and has still not produced* the JavaOS source code that predates the '702 patent [*sic*] by a year" (*ibid.*). Oracle disputes this statement, claiming that the JavaOS source code it produced in May included code that predated the '702 patent by more than a year (Opp. 6). In reply, Google states that it "gained additional evidence regarding the source code for that product just last Friday in a 30(b)(6) deposition of Oracle" (Reply Br. 7). Google, however, has not pointed to any indication that Oracle actually stonewalled against discovery regarding JavaOS.

At all events, the time for fact discovery has passed. Google had ample opportunity to request JavaOS source code from Oracle and to request discovery relief from the Court if Oracle was not forthcoming in its source code production. The parties raised a swarm of discovery disputes, but no source code production grievance was among them. Having failed to press for this discovery, Google may not now decry Oracle's supposed "untimely production of this highly relevant prior art evidence" (Br. 7). Google's motion to supplement its invalidity contentions with theories based on JavaOS is **DENIED**.

### 5. THEORIES BASED ON REEXAMINATION SUBMISSIONS (EIGHT CHARTS DIRECTED AT FOUR PATENTS).

Google also seeks to supplement its invalidity contentions with eight claim charts directed at four patents, all of which are based on prior art references that Google submitted to the United States Patent and Trademark Office when initiating the reexamination proceedings in February and March 2011. Specifically, Google seeks to add charts A-2 and A-3 directed at the '104 patent; charts C-8, C-9, and C-11 directed at United States patent number 7,426,720; charts D-5

6

and D-6 directed at United States patent number 6,061,520; and chart F-5 directed at United States patent number 6,125,447.

Google argues that Oracle "has been on notice of these invalidity defenses since at least early March" when Google submitted them to the USPTO and thereby disclosed them to Oracle (Br. 8). Not so. By failing to move for leave to amend its invalidity contentions promptly after initiating the reexaminations, Google telegraphed an intention *not* to assert those prior art references in this action. Google did not exercise diligence in seeking to supplement its invalidity contentions with charts A-2, A-3, C-8, C-9, C-11, D-5, D-6, and F-5 following its initiation of the reexamination proceedings. Google's untimely motion to do so now is **DENIED**.

### 6.  PRINTED MATTER DEFENSE.

Google "seeks to provide further elaboration of its invalidity defense based on the fact that the identified claims are non-statutory subject matter." Google explains that it "originally identified that defense as one based on § 101," but "has since learned that courts conduct what is in effect the same analysis under both § 101 and § 102." Google did not submit a proposed "elaboration" or describe how its new understanding of the law would bear on amendment of its invalidity contentions. Google simply characterizes its proposed amendment as "essentially a question of law" and admits uncertainty as to whether such an amendment "is even necessary" (Br. 8–9). Google has not provided enough information about this proposed amendment to show what is being requested, much less to show good cause for granting the request. Google also has not shown why diligent legal research would not have revealed this issue sooner. Google's motion for leave "to provide further elaboration" of its Section 101 invalidity contentions is **DENIED**. This is without prejudice to its argument (not yet ruled on) that such a point need not even be in a cart under the local rule.

### 7.  OBVIOUSNESS THEORIES DIRECTED AT '205 PATENT BASED ON PREVIOUS ANTICIPATION CONTENTIONS (CHARTS E-9, E-10, AND E-11).

Google seeks to add claim charts E-9, E-10, and E-11 to its invalidity contentions directed at United States patent number 6,910,205. These three charts purport to disclose invalidating obviousness combinations based on prior art references Google identified and charted individually in its January 2011 invalidity contentions as *anticipating* the '205 patent. Google

explains that the new charts do not contain new material but rather reorganize components of claim charts that were disclosed as part of its January 2011 contentions (Br. 7–8). Oracle acknowledges that all four of the prior art references contained in these new charts were asserted and charted as anticipatory in Google's January 2011 contentions (Opp. 7).

Each of the prior art references in charts E-9, E-10, and E-11 was charted in Google's January 2011 contentions as required by Patent Local Rule 3-3(c). In this instance only, the Court will allow expansion to use the same references (and those references only) to prove up obviousness of the same claims. Google's motion to supplement its invalidity contentions with charts E-9, E-10, and E-11 is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the motion by Google Inc. for leave to supplement its invalidity contentions is **GRANTED IN PART AND DENIED IN PART**. As to charts E-9, E-10, and E-11, the motion is **GRANTED**. As to all other proposed amendments, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 8, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8