# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET* SUITE 900* OAKLAND, CA 94612* 510-874-1000 FAX 510-874-1460

August 5, 2011

The Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California
1301 Clay Street, Courtroom 4, 3rd floor
Oakland, California 94612

Re: *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Ryu:

Oracle America, Inc. ("Oracle") requests reconsideration of the Court's July 21, 2011 order denying Oracle's request for permission to depose Mr. Dipchand Nishar for up to four hours. For the reasons set forth below, reconsideration is warranted under Local Rule 7.9 and the deposition of Mr. Nishar should proceed immediately. Counsel for Oracle and Google conferred on August 4 and 5, and Google has indicated that it is willing to agree to have Mr. Nishar deposed, but Oracle and Google have been unable to reach any agreement on the appropriate amount of time for that deposition, and therefore seek relief from the Court.

**Oracle Statement**

On July 28, 2011, Google's counsel submitted a letter to the Court acknowledging that he had misrepresented the nature of Mr. Nishar's responsibilities during the July 21 hearing on Oracle's request for permission to depose Mr. Nishar and three others. Counsel wrote: "I am writing to correct a portion of my statement so the record is clear. Prior to becoming the senior director for products in the Asia/Pacific region, Mr. Nishar was in charge of Google's non-Android mobile business, roughly in the period from 2005-2007. However, he had no responsibility for Android itself, and played only a minor role in the negotiations between Google and Sun over Android." (Docket No. 242.)

Google counsel's July 28 letter corrects one earlier misrepresentation to the Court, but repeats another. Further review of documents produced by Google – *including hundreds of emails sent or received by Mr. Nishar that were not produced by Google until after the July 21 hearing* – makes clear that, contrary to counsel's renewed representation, Mr. Nishar played more than a "minor role in the negotiations between Google and Sun over Android." These negotiations are a key issue in the case, given Judge Alsup's ruling that they that form the "starting point" of the damages analysis.

Reconsideration of the Court's order declining to permit Oracle to depose Mr. Nishar is appropriate based on counsel's misrepresentation and these newly-produced documents. Oracle

www.bsfllp.com

574233.01

The Honorable Donna M. Ryu
August 5, 2011
Page 2 of 6

should be allowed to depose this important witness. The relevant documents include the following:[1]



---

[1] We have marked with an asterisk all documents that Google produced on or after July 21, the date of the hearing on Oracle's request for permission to depose Mr. Nishar and three others. We did not specifically identify the other documents discussed in this letter in our previous letter given the limited space in which to cover requests for the depositions of four different employees. Those documents are relevant here in light of counsel's representation that Mr. Nishar only played a "minor" role in the negotiations between Sun and Google, which is contrary to the evidence.





      Mr. Nishar also authored and sent a number of strategy documents that confirm the importance of Android to Google.

      Since the hearing on July 21, Oracle has received more than 700,000 additional documents from Google, including hundreds of documents referring to Mr. Nishar and which confirm his involvement in some of the key issues in this case, including the negotiations that took place between Sun and Google and the formulation of Google's strategy for Android and its mobile business.[2] Reconsideration is warranted under Local Rule 7.9 based on (1) Google counsel's correction of his prior misstatement to the Court; (2) Google counsel's continued mischaracterization of Mr. Nishar's role; and (3) the newly-produced documents. These are new facts that Oracle learned only after the Court issued its order, and thus in the exercise of reasonable diligence, Oracle could not have presented them at the time of its original motion.

      Earlier today, after Oracle sent a draft letter to Google's counsel setting out the facts stated above, Google wrote that it would not oppose this motion if Oracle would agree to limit the deposition to just two hours. Oracle offered to limit the deposition to four hours, and Google refused. The parties were unable to reach an agreement on this issue, and the one remaining issue in dispute is therefore the length of Mr. Nishar's deposition. Google no longer opposes Oracle's request to depose Mr. Nishar – the only dispute is whether that deposition should go for two hours (Google's request) or four hours (Oracle's request).

      Seeking to limit the deposition to two hours, Google's counsel again tries to minimize Mr. Nishar's relevance, arguing that he was only "periodically kept [ ] informed" by his superiors, and that any of Mr. Nishar's knowledge "dates from the middle of last decade." The first assertion is clearly undercut by the documentary evidence, including the documents described above. The second assertion is exactly the point: Mr. Nishar's testimony relates to the negotiations between Sun and Google that took place in 2005 and 2006, which Judge Alsup has specifically held are of core significance both with respect to the issue of Google's willful infringement and the calculation of damages. There are a substantial number of documents, and Oracle wants to ensure that it has sufficient time to cover them with Mr. Nishar.

---

[2] Oracle does not contend that Google purposefully withheld these documents until after the July 21 hearing in order to prevent Oracle from identifying them at that hearing. The production of these documents simply confirms that there are new facts that Oracle learned after the hearing that warrant reconsideration.

The Honorable Donna M. Ryu
August 5, 2011
Page 5 of 6

Oracle respectfully requests that the Court reconsider its prior decision and permit Oracle to depose Mr. Nishar about these documents and the subjects to which they relate for up to four hours. To the extent Oracle can complete the deposition in less time, it will. Google's continued misrepresentations regarding Mr. Nishar's role should not be permitted to prevent discovery of relevant evidence from him.

**Google Statement**

Google hasn't "misrepresented" any fact about Dipchand Nishar or his involvement in Google's negotiations regarding Sun. Mr. Nishar had no involvement in any technical issue regarding Android and was not responsible for negotiating with Sun regarding a potential business partnership respecting Android. Andy Rubin was the lead on all negotiations, and in fact Oracle witnesses have repeatedly confirmed at deposition that nearly all, if not all, of Google's discussions with Sun regarding Android were handled by Mr. Rubin alone.

The fact that Mr. Nishar was copied on emails concerning internal Google strategy in negotiating with Sun does not suggest that he had any significant role in either the negotiations themselves or Google's internal strategy sessions regarding those negotiations. Nothing in any of the documents Oracle cites suggests, much less proves, that Mr. Nishar was a decisionmaker with respect to any aspect of the Sun-Google negotiations. Most of them show nothing more than that his superiors at Google periodically kept him informed of the status of negotiations. Even viewed most favorably to Oracle, the documents show only that Mr. Nishar occasionally offered his opinions regarding discrete issues regarding Android. None of this reveals any more than a minor role for Mr. Nishar in these negotiations.

Further, Oracle's attempt to make something of the fact that Google produced documents relevant to Mr. Nishar after the July 21, 2011 hearing is groundless bomb-throwing. This is a massive case where both sides have produced millions of pages of documents. The deadline for document production was July 29, 2011—eight days after the discovery hearing—and both parties produced many thousands of pages, relating to all the key witnesses in this case, in the days immediately preceding the cutoff. Oracle's suggestion that Google withheld Mr. Nishar's documents until after the July 21, 2011 hearing is baseless—just like its repeated use of the word "misrepresent" to describe Google's accurate description of Mr. Nishar's minimal role in negotiations with Sun.

//
//
//

574233.01

That said, Google offered to resolve this dispute by agreeing that Oracle may depose Mr. Nishar for two hours on the two topics relevant to Oracle's request: (1) Google's mobile strategy; and (2) Google's discussions with Sun. This approach is entirely consistent with the approach this Court took regarding the Lindholm, Lee, and Page depositions, where the Court imposed a two-hour limit and confined the examination to specified topics. Oracle accepted the offer with respect to scope, but insisted on four hours. Google believes that four hours is excessive, given that Oracle is already well over the deposition limit imposed by Judge Alsup and that Mr. Nishar is a third-party witness whose relevant information, to the extent he has any, dates from the middle of last decade. If the Court is inclined to order a deposition of Mr. Nishar, Google would not oppose a two-hour deposition on the specified topics.

Respectfully submitted,

| | |
|---|---|
| BOIES, SCHILLER AND FLEXNER LLP | KEKER & VAN NEST LLP |
| By: */s/ Steven C. Holtzman*<br>Steven C. Holtzman | By: */s/ Daniel Purcell*<br>Daniel Purcell |
| *Attorneys for Plaintiff*<br>ORACLE AMERICA, INC | *Attorneys for Defendant*<br>GOOGLE INC. |

ATTESTATION OF FILER

I, Steven C. Holtzman, have obtained Mr. Daniel Purcell's concurrence to file this document on his behalf.

Dated: August 5, 2011

                                          BOIES, SCHILLER & FLEXNER LLP

                                          By: */s/ Steven C. Holtzman*
                                                  Steven C. Holtzman

                                          *Attorneys for Plaintiff*
                                          ORACLE AMERICA, INC.