For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C-10-03561-WHA (DMR) |
| Plaintiff, | **ORDER RE PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DIPCHAND NISHAR [Docket No. 288]** |
| v. | |
| GOOGLE, INC., | |
| Defendant. | |

Before the court is the parties' joint discovery letter of August 5, 2011 [Docket No. 288] ("Letter").  Pursuant to Civil Local Rule 7-9, Plaintiff Oracle America, Inc. ("Plaintiff") moves for reconsideration of the court's July 21, 2011 order [Docket No. 229] denying Plaintiff's request to depose Mr. Dipchand Nishar.  This matter is suitable for determination without oral argument.  N.D. Cal. Civ. R. 7-1(b).

At the July 21, 2011 hearing, counsel for Defendant Google, Inc. ("Defendant") informed the court that Nishar was a senior director for products in the Asia/Pacific region and was not a major player in Android or Google's mobile business.  This representation contributed to the court's ruling that Plaintiff could not justify Mr. Nishar's deposition, which would be in excess of Rule 30(a)(2)'s presumptive ten deposition limit.

On July 27, 2011, after further investigation, Defendant submitted a corrective letter indicating that "[p]rior to becoming the senior director for products in the Asia/Pacific region, Mr.

Nishar was in charge of Google's non-Android mobile business, roughly in the period from 2005-2007." Defendant counsel acknowledged that Mr. Nishar participated in the negotiations between Google and Sun over Android, but characterized his role as "minor." [*See* Docket No. 242.] In the current Letter, Plaintiff refers to additional documents which illuminate Mr. Nishar's involvement in planning for negotiations with Sun regarding the use of Java for Android. The references indicate that in the 2005-2007 time period, high-level Google executives including Larry Page, Sergey Brin, and Eric Schmidt communicated with or about Mr. Nishar regarding his role in the Sun negotiations. Some of the specific documents referenced by Plaintiff in the Letter were produced by Defendant *after* the July 21, 2011 hearing.

Given this new information about Mr. Nishar's role, Plaintiff has met its burden under Civil Local Rule 7-9 of demonstrating that reconsideration is warranted due to the emergence of new facts. Indeed, Defendant does not dispute that Plaintiff now should be allowed to depose Mr. Nishar; the parties merely disagree on the length of the deposition.

Plaintiff has provided sufficient justification to depose Mr. Nishar for a maximum of three hours, exclusive of breaks, solely on topics relevant to the willfulness of Defendant's alleged patent infringement and Android's place in Google's mobile strategy.

IT IS SO ORDERED.

Dated: August 10, 2011

DONNA M. RYU
United States Magistrate Judge

2