**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650 813 5600
FACSIMILE: 650 494 0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

August 5, 2011

The Honorable Donna M. Ryu
U.S. District Court - Northern District of California
1301 Clay Street, Courtroom 4, 3rd floor
Oakland, California 94612

Re:     *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Ryu:

      Oracle brings this motion to compel defendant Google to provide testimony regarding its awareness of intellectual property rights belonging to Sun Microsystems (and now Oracle) pertaining to Java.  This information is indisputably relevant to Oracle's claim of willful infringement, but Google improperly blocked discovery of these facts by invoking the attorney-client privilege.

      The attorney-client privilege protects communications conveying legal advice, not facts.  The facts concerning the dates and circumstances under which Google became aware of the intellectual property rights at issue are not privileged and are subject to discovery.  Indeed, in a case earlier this year, Magistrate Grewal observed that in cases alleging willful infringement, such information is "routinely" sought and provided.  *Vasudevan Software, Inc. v. IBM Corp.*, No. C 09-05897 RS (PSG), 2011 U.S. Dist. LEXIS 47764, at *9 (N.D. Cal. Apr. 27, 2011).

      Oracle properly requested a Rule 30(b)(6) witness on the topic of Google's awareness of the intellectual property rights at issue in this case.  But at that deposition, Google refused to allow the witness to provide any 30(b)(6) testimony on this topic, claiming that all of the information relating to Google's awareness of Sun/Oracle's intellectual property rights was privileged.  This is not the first time Google has wrongly tried to use the privilege to frustrate discovery on this issue.  As the Court recently held, Google improperly claimed privilege over a draft email directed to this same witness recognizing Google's need to negotiate a license for Java.  (ECF Nos. 230 at 3, 255.)

      The witness was also not properly prepared, and conceded he never checked if anyone outside Google's legal department was aware of the Sun intellectual property rights, even though numerous Google employees previously worked at Sun, including Eric Schmidt—*Sun's former CTO*—and four inventors of the patents at issue here.

## BACKGROUND FACTS

      Oracle served Google with its 30(b)(6) notice on July 13, 2011.  Topic 12 was:

> Google's awareness of Sun Microsystems's (now Oracle's) Java
> intellectual property, including any risk of infringement by Android

pa-1479211

MORRISON | FOERSTER

The Honorable Donna M. Ryu
August 5, 2011
Page Two

and any discussion concerning the need to obtain a license from Sun Microsystems (now Oracle).

Google's designated 30(b)(6) witness for Topic 12 was Andy Rubin, the Vice-President of Android, who testified on July 27, 2011. (30(b)(6) Tr. at 5:9-6:1.) Mr. Rubin was permitted to give some testimony during his individual deposition earlier that same day regarding his personal knowledge of Sun's Java intellectual property rights, but counsel repeatedly instructed him not to answer on privilege grounds any questions about Google's review of the patents or interactions with counsel. (*See, e.g.,* Rubin Tr. at 19:20-21:1, 25:1-27:10, 33:8-35:23, 36:14-38:9, 108:20-109:18, 265:25-268:16.) When it came to the 30(b)(6) portion of the deposition, Google refused to permit Mr. Rubin to provide any testimony whatsoever. Google's counsel instructed Mr. Rubin not to answer even whether he had inquired if Google's legal team had any awareness of Sun's intellectual property rights. (30(b)(6) Tr. at 6:7-13.) Mr. Rubin followed that instruction in response to a follow-up question about Google's awareness of the Sun intellectual property rights:

REDACTED

(*Id.* at 8:21-9:15.)          REDACTED
                                                                        (*Id.* at 9:16-21.)

In fact, notwithstanding this blanket assertion of privilege, Mr. Rubin was not prepared to testify as to the awareness of individuals outside of the legal department with regard to the Sun intellectual property rights.   REDACTED

(*See id.* at 6:14-17.)

After the deposition, Oracle met and conferred with Google, citing to the recent *Vasudevan Software* decision and other authority, and asking Google to make Mr. Rubin or another witness available to provide testimony on Topic 12. Google refused.

MORRISON | FOERSTER

The Honorable Donna M. Ryu
August 5, 2011
Page Three

## ARGUMENT

### I. GOOGLE'S AWARENESS OF SUN/ORACLE'S INTELLECTUAL PROPERTY RIGHTS IS DIRECTLY RELATED TO WILLFULNESS.

It is beyond dispute that because Oracle is alleging willful infringement Google's awareness of the Sun intellectual property rights is relevant.

In the patent context, "[d]etermination of willfulness is made on consideration of the totality of the circumstances…." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1342-43 (Fed. Cir. 2004) (en banc) (citations omitted). Willfulness is measured by a standard of "objective recklessness," and "whether the accused infringer knew or should have known "that its actions constituted infringement of a valid patent" is part of that inquiry. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Google claims below that its knowledge of Sun's Java intellectual property is "*wholly irrelevant*" to willfulness. Google is wrong, and cites excerpts from the Court's order regarding the basis for computing damages entirely out of context. Oracle is not restricted under Rule 26 to taking discovery of Google's knowledge of the seven specific patents only. Google's knowledge of Sun's Java intellectual property rights is clearly probative of whether Google knew or should have known of the patents at issue, and is reasonably calculated to lead to admissible evidence. And Google's decision to "push[] home with Android" without taking a license, despite knowledge of Sun's extensive Java intellectual property rights, is part of the "totality of circumstances" establishing recklessness. (*See* ECF No. 210 (court questions for damages hearing).)

Knowledge is similarly relevant, although not required, for a finding of willful copyright infringement, which, in the Ninth Circuit, is defined as acting "with knowledge that [one's] conduct constitutes copyright infringement." *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998) (upholding finding of willfulness based on defendant's continued infringement when he knew there was a question as to copyright ownership).

### II. THE DATE AND CIRCUMSTANCES UNDER WHICH GOOGLE BECAME AWARE OF SUN/ORACLE'S INTELLECTUAL PROPERTY RIGHTS ARE NOT PRIVILEGED.

It is equally clear that Google cannot block discovery of the date and circumstances relating to when it became aware of the intellectual property rights at issue by asserting the attorney client privilege. Google implicitly acknowledges this. While the privilege was the basis for the deponent's refusal to answer, Google abandons its privilege argument here.

The attorney-client privilege protects confidential communications seeking legal advice, not facts. *Upjohn,* the Supreme Court's seminal case on privilege, highlights this critical distinction, holding that, "[t]he privilege only protects disclosure of *communications*; it does not protect disclosure of the underlying *facts* by those who communicated with the attorney." *Upjohn Co. v. United States,* 449 U.S. 383, 395-96 (1981) (emphasis added). The

MORRISON | FOERSTER

The Honorable Donna M. Ryu
August 5, 2011
Page Four

date and circumstances under which Google became aware of Sun/Oracle's intellectual property rights are facts it must disclose.

Directly on point is *Intervet, Inc. v. Merial Ltd.*, 256 F.R.D. 229 (D.D.C. 2009). In *Intervet,* the plaintiff served an interrogatory and 30(b)(6) notice asking the defendant to identify the dates on which it first became aware of the patent, the persons who became aware of it, and to "explain the circumstances under which the '601 patent came to Intervet's attention." *Id.* at 231, 233. The defendant provided the date it became aware of the patent—more information than Google has provided—but, like Google, refused to provide anything further, claiming the remaining information was privileged because its in-house attorney was the person most knowledgeable about it. *Id.* at 231.

The court squarely rejected this argument. It noted that, "information about how and when" a defendant becomes aware of a patent is "highly relevant" to the issue of willfulness. *Id.* at 232. Citing *Upjohn,* the court found that the date the defendant became aware of the patent and the circumstances under which it became aware were facts that were not protected by the privilege, and that what the attorney "knew as an objective fact is not privileged merely because it happened that her legal advice was ultimately sought about that fact." *Id.* The court ordered the defendant to, "at a minimum," supplement its response to include the names of the persons who first discovered the patent, the date "when these discoveries were made," and to "describe the circumstances under which the discovery was made, including, if applicable, that the patent was discovered by an attorney for Intervet." *Id.* at 233. The defendant was also ordered to produce a 30(b)(6) witness to testify fully on these topics

Magistrate Grewal cited *Intervet* with approval in *Vasudevan Software,* noting:

> [W]hen willfulness has been alleged in a patent infringement case, plaintiffs routinely seek information about the date and circumstances by which a defendant learned about a patent. In such circumstances, "the facts about the discovery [of the patent] are not in themselves protected by the attorney-client privilege" and a defendant is obligated to provide the dates of the discovery and the circumstances under which the discovery was made.

*Vasudevan Software*, 2011 U.S. Dist LEXIS 47764, at *9 (citing *Intervet*, 256 F.R.D. at 231-34). Magistrate Grewal granted the motion to compel in an analogous situation, where the defendant sought discovery of the patentee's awareness of prior art. *Id.*, at *9-10. He ordered the plaintiff to "provide the actual dates upon which each piece of prior art became known and a description of any and all circumstances by which the prior art became known to each individual…." *Id.*, at *10. To the extent the plaintiff attempted to withhold any information because disclosure "would reveal the substance of an attorney-client communication," it was required to tender the basis for its privilege claim. *Id.*

Similarly, in *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 C 1531, 2011 U.S. Dist. LEXIS 3292, at *12-13 (N.D. Ill. Jan. 12, 2011), the court compelled discovery of whether

MORRISON | FOERSTER

The Honorable Donna M. Ryu
August 5, 2011
Page Five

persons who participated in the prosecution of the plaintiff's patents were aware of the existence of the defendant's allegedly infringing product at the time they made changes to the patent claims. The court found that the legal reasons why the claims were changed were privileged, but whether attorneys prosecuting the patent applications were aware of the product at the time of the changes "are discoverable facts." *Id.*, at *12-13.

Google is well aware of the distinction between discoverable facts and protected communications. In a deposition taken by Google just the week before the Rubin 30(b)(6), Google's counsel demanded that witness Craig Gering provide the underlying facts relating to his knowledge of communications regarding Sun's assertion of Java patent rights against Google. In response to an objection to exclude knowledge obtained from attorneys, Google's counsel insisted the underlying fact of Sun's assertion of patent rights was not privileged, and that he was only precluded from inquiring into the legal advice that may have been given by counsel. After a brief break to consider the issue, Oracle permitted the witness to testify. (Gering Tr. at 208:22-211:25.)

Now that the shoe is on the other foot, Google is improperly trying to use the attorney-client privilege to shield all 30(b)(6) testimony relating to the facts concerning its awareness of the Sun intellectual property rights.[1]

### III. GOOGLE'S 30(B)(6) WITNESS WAS NOT PROPERLY PREPARED TO TESTIFY ON THIS ISSUE.

In addition, this motion should be granted because Google's 30(b)(6) witness was not properly prepared to testify. **REDACTED**

(30(b)(6) Tr. at 6:14-17.) Google does not dispute this fact below.

Further, Mr. Rubin's testimony **REDACTED** is belied by the August 2010 email directed to him from Google engineer Tim Lindholm, stating the technical alternatives to Java "all suck" and acknowledging Google's "need to negotiate a license for Java." (ECF No. 230 at 3.) Google claims the email originated from a meeting attended by "top Google management" and concerned gathering information "for the consideration of Google legal and management." (ECF No. 265 at 2.) Google's management was also involved in discussions with Oracle about these claims, long

---

[1] Google has not claimed that these facts are protected by the work product doctrine, nor could it. First, the doctrine protects thoughts and mental impressions and "does not protect facts concerning the creation of work product or *facts contained within the work product*" unless doing so would "*inherently reveal the attorney's mental impression.*" *Gen-Probe, Inc. v. Becton, Dickinson & Co.*, No. 09cv2319 BEN (NLS), 2011 U.S. Dist. LEXIS 27961, at *5 (S.D. Cal. Mar. 18, 2011) (citation omitted) (emphasis in original). That is not the case here, where Oracle seeks simply the date and circumstances of awareness. Second, the doctrine only protects materials "prepared in anticipation of litigation or for trial." *See id;* Fed. R. Civ. P. 26(b)(3).

MORRISON | FOERSTER

The Honorable Donna M. Ryu
August 5, 2011
Page Six

before the suit was filed.  Moreover, Google's Executive Chairman, Eric Schmidt, is the former CTO of Sun, and scores of former Sun engineers now work at Google, including named inventors on 125 Sun Java patents.  Four Google employees are inventors on the patents at issue here.  And there are hundreds of entries on Google's privilege log authored or received by non-attorneys, including Mr. Rubin, referring to licensing Java, patents and negotiations with Sun.  (*See, e.g.*, Rubin Tr. at 33:8-35:23.)  Many of these entries do not copy an attorney at all.  Mr. Rubin's claim is clearly false.

Google's claim that this witness was prepared to testify about the specific patents is nonsense.  Mr. Rubin did not talk to anybody outside the legal department to prepare, and Google asserted privilege repeatedly to block discovery of any contact he had with attorneys or facts he learned from them.  Oracle is entitled to a properly prepared 30(b)(6) witness who will testify fully on the topic of Google's awareness of the Sun (now Oracle) Java intellectual property rights.

## GOOGLE'S RESPONSE

Oracle's motion regarding topic 12 at its core reflects a fundamental disconnect between what Oracle demands and the kinds of discovery permissible in litigation—and between the case law it cites and the discovery it seeks.  Oracle wants Google to provide a witness to testify "regarding its awareness of *intellectual property rights* belonging to Sun Microsystems (and now Oracle) pertaining to Java."  (Emphasis added.)  Yet, as Oracle knows and as J. Alsup has reiterated in his recent ruling, this case is not about <u>all</u> Java-related "intellectual property rights."  Docket No. 230 at 3:3-13 (noting that Java is a "complex platform" and "only part of Java . . . [is] said to embody the asserted claims").  It is, instead, about narrow set of seven patents and specific asserted copyrights—a sliver of whatever set of unidentified "intellectual property rights" Sun might have owned or claimed to own in connection with Java.  Therefore, to the extent that this topic goes beyond knowledge of the "intellectual property rights" actually at issue in this case, the subject matter is *wholly irrelevant* to this case and Oracle cites no authority to the contrary.

Google has brought this issue to Oracle's attention on several occasions.  First, it did so in its objections to the noticed topic.  *See, e.g.*, Google's Objections to Oracle's July 13, 2011 Notice of Deposition, at 3 (objecting to the topic to the extent it "goes beyond allegedly infringed patents and copyrights").  Second, Google reminded Oracle about its objections at the commencement of the deposition at issue.  At neither juncture did Oracle dispute that the objection to the scope of the topic was well-founded or identify any bases for a right to discovery concerning irrelevant, unasserted intellectual property rights.  Instead, and as reflected in the quotes of testimony selectively set forth in Oracle's motion, Oracle insisted on asking overbroad, irrelevant questions about any knowledge about any Sun intellectual property relating to Java.

In the meet-and-confer efforts trying to resolve this issue, Google reiterated again the problem with the topic and the questions asked, and offered a solution to this dispute.  Specifically, Google stated that it would be willing to produce a witness to testify regarding

pa-1479211

MORRISON | FOERSTER

The Honorable Donna M. Ryu
August 5, 2011
Page Seven

Google's first knowledge of the *specific* patents and copyrights at issue in this case. (Indeed, Google's witness was prepared to testify on this topic during the first day of deposition, but Oracle failed to present the witness with proper questions.) Oracle flatly refused this offer and filed this joint letter.

  Oracle is entitled to nothing more than a witness to testify regarding the date and circumstances under which Google became aware of *the specific intellectual property at issue in this case* as it relates to Android, and that Oracle has identified no legal basis to demand anything further. Accordingly, Google respectfully submits that this motion should be denied and Oracle should question Google's witness on the topic but appropriately tailored to the intellectual property at issue in this case.[2]

  Google further notes that Oracle's commentary in its joint letter concerning Google's alleged knowledge of the intellectual property at issue in this case misrepresents the law. General knowledge of "intellectual property rights" is irrelevant to a claim of willful infringement. Oracle's case law demonstrates that the relevant knowledge relates to the *asserted* intellectual property right—be they patents or copyrights—not some vague notion of "intellectual property rights" generally. Indeed, the 30(b)(6) topic at issue in *Intervet* related to the dates on which it first became aware of *the patent*. 256 F.R.D. at 231 ("explain the circumstances under which the '601 patent came to Intervet's attention"). And the discovery at issue in *Vasudevan* related to "information about the date and circumstances by which a defendant learned about *the patent*." 2011 U.S. Dist. LEXIS 47764, at *9 (emphasis added). Google has proffered a witness regarding precisely those issues. But Oracle seeks to parlay the discovery law regarding knowledge of specific patents into a broader witch hunt for Google's "awareness of the Sun *intellectual property rights*." *See, infra,* p.9. That is not what the law provides for.

  Furthermore, as Oracle's witnesses have consistently testified, neither Sun nor Oracle put Google on notice regarding any of the specific intellectual property at issue in this case until *after* Oracle's acquisition of Sun and its pursuit of a litigation strategy against Google—which was long after Android was developed. That knowledge is therefore immaterial to Oracle's willfulness claim.

  Finally, Oracle is flatly wrong in suggesting that former Sun employees' knowledge of Java intellectual property is somehow imputed to Google simply because those employees work for Google. As a company that has a long-standing history of respecting others' intellectual property rights, Google (like other reputable technology companies) does not seek to mine new employees' knowledge of prior employers' intellectual property rights. To the contrary, Google expects and asks its engineers to develop Google technology <u>without</u> reliance on others' technologies and would not ask employees to disclose that kind of

---

[2] Contrary to Oracle's statements in its argument above, Google does not abandon its privilege objections to the improper questions posed by Oracle's counsel during deposition. Indeed, Oracle's improper questions, apparently intentionally designed to invade the attorney-client privilege and confuse the witness, created some of the very problems about which Oracle is now complaining.

MORRISON | FOERSTER

The Honorable Donna M. Ryu
August 5, 2011
Page Eight

information to Google.  *See, e.g.*, Rubin Depo., individual deposition, 43:3-44:25.  Therefore, it stands logic on its head for Oracle to suggest that somehow Google should know about intellectual property rights that an employee had knowledge of when he or she worked at another employer.                                **REDACTED**

Rubin Depo., individual deposition, 43:3-18; Rubin Depo., topic 12, 12:15-13:1.

In short, this dispute is one that could and should be resolved by Oracle agreeing to adhere to the fundamental discovery tenet that, at a minimum, limits discovery to that which is reasonably likely to lead to the discovery of admissible evidence.  This topic—as Oracle tries to read it—is not so limited and is overbroad.

Respectfully submitted,

MORRISON & FOERSTER LLP                           KING & SPALDING LLP

*/s/ Daniel P. Muino*                              */s/ Daniel Purcell*
Daniel P. Muino                                    Daniel Purcell
Counsel for Plaintiff Oracle America, Inc.         Counsel for Defendant Google Inc.


### GENERAL ORDER 45 ATTESTATION

I, Daniel P. Muino, am the ECF User whose ID and password are being used to file this document.  In compliance with General Order 45, X.B., I hereby attest that Daniel Purcell has concurred in this filing.

                                                      */s/ Daniel P. Muino*
                                                      Daniel P. Muino

---

[3] Google further objects to Oracle's continued reference to Mr. Lindholm's draft email in flagrant violation of the Court's Stipulated Protective Order.  Because the privileged draft email was withdrawn from production in accord with the terms of the Protective Order, Oracle is barred from retaining or referencing the email as they have in this briefing.

pa-1479211