**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

         Plaintiff,

    v.

GOOGLE, INC.,

         Defendant.

_____/

No. C-10-03561-WHA  (DMR)

**ORDER RE PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROVIDE TESTIMONY REGARDING ITS AWARENESS OF INTELLECTUAL PROPERTY RIGHTS PURSUANT TO A RULE 30(b)(6) DEPOSITION**

Before the court is the parties' joint discovery letter of August 5, 2011 [Docket No. 285] ("Letter").  Plaintiff Oracle America, Inc. ("Plaintiff") moves the court to compel Defendant Google, Inc. ("Defendant") to provide testimony regarding the latter's awareness of certain intellectual property rights belonging to Sun Microsystems (now Plaintiff).  According to Plaintiff, Defendant asserted the attorney-client privilege and prohibited its Rule 30(b)(6) witness, Andy Rubin, Vice President of Android, from providing "any . . . testimony on this topic."  (Letter at 1.)  Further, Plaintiff contends that the witness had not properly prepared for the deposition.  (Letter at 1.) Defendant, on the other hand, contends that Plaintiff impermissibly seeks information on all Java-related intellectual property rights when the scope of inquiry should be limited to the claims at issue. (Letter at 6, 7.)  This motion is suitable for determination without oral argument.  N.D. Cal. Civ. R. 7-1(b).  For the reasons below, the court grants Plaintiff's motion in part.

**Background**

On July 13, 2011, Plaintiff served Defendant with its 30(b)(6) notice, which included Topic 12: Google's awareness of Sun Microsystems's (now Oracle's) Java intellectual property, including any risk of infringement by Android and any discussion concerning the need to obtain a license from Sun Microsystems (now Oracle).  Mr. Rubin was produced for deposition on July 27, 2011.  During

United States District Court

For the Northern District of California

1    the 30(b)(6) deposition, Plaintiff's counsel instructed Mr. Rubin to not answer any questions related

2    to Topic 12 on the basis of attorney-client privilege.  (*See* Letter at 2.)  Moreover, Mr. Rubin also

3    stated that "he never checked if anyone outside Google's legal department was aware of the Sun

4    intellectual property rights."  (Letter at 1.)

5                                             **Discussion**

6         It is well settled that attorney-client privilege "only protects disclosure of communications; it

7    does not protect disclosure of the underlying facts by those who communicated with the attorney."

8    *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The client . . . may not refuse to disclose

9    any relevant fact within his knowledge merely because he incorporated a statement of such fact into

10   his communication to his attorney." (citation and quotation marks omitted)).  In the present case,

11   Plaintiff hopes to demonstrate that Defendant wilfully infringed Plaintiff's intellectual property, in

12   part by establishing when and how Defendant learned about the patents at issue.

13        [P]laintiffs routinely seek information about the date and circumstances by which a
          defendant learned about a patent.  In such circumstances, "the facts about the
14        discovery [of the patent] are not in themselves protected by the attorney-client
          privilege" and a defendant is obligated to provide the dates of the discovery and the
15        circumstances under which the discovery was made.

16   *Vasudevan Software, Inc. v. IBM Corp.*, No. 09-5897-RS, 2011 WL 1599646, at *2 (N.D. Cal. Apr.

17   27, 2011) (footnote omitted) (second brackets in original) (quoting *Intervet, Inc. v. Merial Ltd.*, 256

18   F.R.D. 229, 231-34 (D.D.C. 2009)); *accord Intervet, Inc.*, 256 F.R.D. at 232 ("Everything hinges on

19   when [a defendant] knew about [a plaintiff's] patent rights and what it did after it found out.  Actual

20   notice of another's patent rights triggers an affirmative duty of due care." (citations and quotation

21   marks omitted)).  Consequently, Defendant may not invoke attorney-client privilege in response to

22   Plaintiff's inquiries about when and how Defendant learned about Plaintiff's intellectual property at

23   issue.

24        With respect to Plaintiff's assertion that Defendant's 30(b)(6) witness inadequately prepared

25   for his deposition, the court notes that "[d]eponents under Rule 30 (b)(6) must be prepared and

26   knowledgeable, but they need not be subjected to a memory contest."  *Google, Inc. v. Am. Blind &*

27   *Wallpaper Factory, Inc.*, No. 03-5340-JF, 2006 WL 2318803, at *3 (N.D. Cal. Aug. 10, 2006) (not

28   reported in F. Supp. 2d) (brackets in original) (citation and quotation marks omitted).  Nevertheless,

                                                   2

United States District Court

For the Northern District of California

1  a Rule 30(b)(6) deponent's role is "to provide *the entity's* interpretation of events and documents."

2  *Kelley v. Provident Life & Accident Ins. Co.*, No. 04-807-AJB, 2011 WL 2448276, at *2 (S.D. Cal.

3  June 20, 2011) (emphasis added) (citation omitted).  As such, "the designee *must become educated*

4  and gain the requested knowledge to the extent reasonably available."  *Id.* (citation omitted)

5  (emphasis added); *see Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda*, 390 F.

6  Supp. 2d 479, 487 (D. Md. 2005) ("This means that [Defendant] is obligated to produce [a] 30(b)(6)

7  witness[] who [is] thoroughly educated about the noticed deposition topics with respect to *any and*

8  *all facts known to* [*Defendant*] *or its counsel . . . .*" (ellipses in original) (emphasis added) (citation

9  and quotation marks omitted)).

10          Finally, in light of the proceedings in this case to date, the court finds Plaintiff's Topic 12

11  overbroad.  Plaintiff seeks information about Defendant's awareness of all "Java intellectual

12  property" even though Judge Alsup repeatedly has stated that Plaintiff's claims deal with only parts

13  of Java. [*See, e.g.*, Docket No. 230 at 2:6-7, 5:5, 5:17-6:3.] Plaintiff therefore should limit the scope

14  of its deposition questions to the contested intellectual property.

**Conclusion**

16          For these reasons, Plaintiff's Motion to Compel is granted in part.  The court ORDERS that

17  Defendant produce a properly prepared 30(b)(6) witness who will respond to Plaintiff's Topic 12

18  inquiries in a manner consistent with this order.  The court further ORDERS that Plaintiff narrow the

19  scope of its questions from "Java intellectual property" to the intellectual property at issue in the

20  case, including any risk of infringement by Android and any discussion concerning the need to

21  obtain a license from Sun Microsystems (now Oracle).

22

23          IT IS SO ORDERED.

24

25  Dated:  August 10, 2011

26                                                                          _____

27                                                                          DONNA M. RYU
                                                                            United States Magistrate Judge

28

3