| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - #84065 | SCOTT T. WEINGAERTNER (*Pro Hac Vice*) |
| rvannest@kvn.com | sweingaertner@kslaw.com |
| CHRISTA M. ANDERSON - #184325 | ROBERT F. PERRY |
| canderson@kvn.com | rperry@kslaw.com |
| DANIEL PURCELL - #191424 | BRUCE W. BABER (*Pro Hac Vice*) |
| dpurcell@kvn.com | bbaber@kslaw.com |
| 710 Sansome Street | 1185 Avenue of the Americas |
| San Francisco, CA  94111-1704 | New York, NY 10036-4003 |
| Telephone:  (415) 391-5400 | Telephone:  (212) 556-2100 |
| Facsimile:  (415) 397-7188 | Facsimile:  (212) 556-2222 |
| KING & SPALDING LLP | GREENBERG TRAURIG, LLP |
| DONALD F. ZIMMER, JR. - #112279 | IAN C. BALLON - #141819 |
| fzimmer@kslaw.com | ballon@gtlaw.com |
| CHERYL A. SABNIS - #224323 | HEATHER MEEKER - #172148 |
| csabnis@kslaw.com | meekerh@gtlaw.com |
| 101 Second Street, Suite 2300 | 1900 University Avenue, Fifth Floor |
| San Francisco, CA 94105 | East Palo Alto, CA 94303 |
| Telephone:  (415) 318-1200 | Telephone: (650) 328-8500 |
| Facsimile:  (415) 318-1300 | Facsimile: (650) 328-8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE INC.,<br><br>　　　　　　　　Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO REDACT AND SEAL PORTIONS OF HEARING TRANSCRIPT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　September 22, 2011<br>Time:　　　11:00 a.m.<br>Courtroom: 4, 3rd Floor<br>Judge:　　　The Honorable Donna M. Ryu<br><br>Trial Date:  October 31, 2011 |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 22, 2011, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Donna M. Ryu, 1301 Clay Street, Oakland, California, Courtroom 4, 3rd Floor, defendant Google Inc. ("Google") will and hereby does move this Court pursuant to the Northern District of California's Civil Local Rule 7-2 and General Order 59, paragraph 4, for an order redacting and sealing portions of the transcript from the July 21, 2011 hearing held before the Court. This motion is based on this Notice and the below Memorandum of Points and Authorities filed herewith, the reply memoranda that may be filed, the argument of counsel, the case record, and any documentary evidence that may be presented at the time of the hearing.

**RELIEF REQUESTED**

Google seeks an order redacting and sealing three specific portions of the transcript from the July 21, 2011 discovery hearing, on the grounds that plaintiff Oracle America, Inc. ("Oracle") improperly revealed during that hearing the contents of a privileged document that Google had inadvertently produced. As the Court is well aware, that inadvertently produced document is the subject of a motion to compel that is pending before this Court.

The relevant portions of the hearing transcript appear at the following locations:

- Page 14, line 17 – page 15, line 5
- Page 31, lines 17 – 18
- Page 32, line 25 – page 33, line 13
- Page 34, lines 8 – 13
- Page 34, line 19 – page 35, line 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

Google hereby requests leave to file a motion to redact and seal portions of the transcript of the July 21, 2011 discovery hearing before this Court.

As the Court is aware, during two July 21, 2011 hearings—one before this Court and the other before Judge Alsup—Oracle disclosed, without prior notice to Google, the contents of a

2
GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO REDACT AND SEAL PORTIONS OF HEARING TRANSCRIPT
CASE NO. 3:10-cv-03561 WHA

573266.02

1 draft email written by Google employee Tim Lindholm.  After the hearings, Google investigated
2 and discovered that the email Oracle disclosed was a draft of a privileged email Mr. Lindholm
3 was writing, and later sent, to Google's in-house counsel, at that counsel's request and in
4 anticipation of this litigation.  Accordingly, Google asserted privilege over that draft email.

5       The question whether the draft Lindholm email is privileged is the subject of a motion to
6 compel that is currently pending before this Court.  Google and Oracle will complete their *in*
7 *camera* submissions on that motion next week.  Shortly thereafter, this Court will enter an order
8 resolving the dispute.  Google has already presented its arguments on the merits of the privilege
9 issue in the joint letter filed with the Court on August 5, 2011.  [Dkt. No. 277]  It will not repeat
10 in this motion all the reasons why the Lindholm document is privileged and why Google did not
11 waive privilege before or after Oracle's surprise use of that document during the July 21, 2011
12 hearings.  But while the privilege issue is still unresolved, the transcript of the July 21, 2011
13 discovery hearing should remain sealed.  And, assuming this Court finds the Lindholm email is
14 privileged and denies Oracle's motion to compel, the logic of that finding would also require
15 redaction of the transcript of the July 21, 2011 hearing, to remove Oracle's counsel's repeated
16 description of, and quoting from, the contents of the Lindholm email (and Google counsel's
17 responses on those same issues).  Any refusal to redact and seal would be incompatible with a
18 finding of privilege, because it would permit public disclosure of Google's privileged
19 information.

20       Google acknowledges that it previously sought leave file a motion to seal the transcript of
21 the July 21, 2011 *Daubert* hearing before Judge Alsup, and that Judge Alsup denied Google's
22 request to file a motion to seal.  [Dkt. No. 255]  Google expects that Oracle will cite that ruling
23 to this Court and argue that a ruling by this Court redacting and sealing the transcript of the July
24 21, 2011 discovery hearing would be inconsistent with Judge Alsup's ruling.  But at the time
25 Judge Alsup denied Google's request, he did not have the benefit of the full record that will soon
26 be before this Court.  Further, Judge Alsup did not finally resolve the underlying legal issue now
27 before this Court—whether the Lindholm document is privileged—and has in fact directed the
28 parties to present that issue to this Court.  If this Court concludes that the Lindholm email is

3
GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO REDACT AND SEAL PORTIONS OF HEARING TRANSCRIPT
CASE NO. 3:10-cv-03561 WHA

573266.02

1  privileged, the only way to safeguard the privileged information in that email would be to also
2  redact and seal the discussion of the substance of that email throughout the transcript.  Further, in
3  filing this motion, Google intends no disrespect to Judge Alsup's earlier order.  Because Google
4  believes the Lindholm email is privileged, it must take all procedural measures to protect that
5  privilege, including for possible appellate review.  To avoid further claims of waiver, Google has
6  no choice but to ask the Court to redact and seal the privileged material from the July 21, 2011
7  transcript before that transcript is made public.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court redact and seal the portions of the July 21, 2011 hearing transcript identified below:

- Page 14, line 17 – page 15, line 5
- Page 31, lines 17 – 18
- Page 32, line 25 – page 33, line 13
- Page 34, lines 8 – 13
- Page 34, line 19 – page 35, line 8.

Dated:  August 12, 2011                                         KEKER & VAN NEST LLP

By: /s/ Robert A. Van Nest
ROBERT A. VAN NEST
Attorneys for Defendant
GOOGLE INC.

4
GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO REDACT AND SEAL PORTIONS OF HEARING TRANSCRIPT
CASE NO. 3:10-cv-03561 WHA

573266.02