KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400
Facsimile: 415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>              Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DECLARATION OF TIM LINDHOLM CONCERNING THE AUGUST 6, 2010 EMAIL AND DRAFTS THEREOF**<br><br>Judge:    Hon. Donna M. Ryu<br><br>Date Comp. Filed:    October 27, 2010<br><br>Trial Date:    October 31, 2011 |

I, Tim Lindholm, state:

1. I have been employed since 2005 by defendant Google Inc. ("Google") as a Software Engineer in the Systems Infrastructure group at Google. I have never worked on the Android team, and have had no role in the design, development and/or implementation of the Android platform.

2. I am the author of the August 6, 2010 email and drafts thereof that I understand are the subject of the pending motion to compel filed by Oracle America, Inc. ("Oracle"). I submit this Declaration to provide factual information regarding those documents—namely, that they constituted a communication to a Google attorney and were the result of work that I performed at the direction of Google attorneys.

3. Except where I have stated facts on information and belief, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

4. In late July 2010, Google in-house attorney Ben Lee informed me that he had attended a meeting in which Oracle made patent infringement claims against Google. I understood that Oracle was threatening to sue Google over those claims.

5. Mr. Lee asked me to gather certain information related to Oracle's infringement claims. I understood that my work for Mr. Lee would assist Google's legal analysis of Oracle's claims.

6. On July 30, 2010, I was asked by Google General Counsel Kent Walker to attend a meeting, convened by him, where we discussed Oracle's infringement claims. The meeting took place at Google's offices in Mountain View, California. Mr. Walker and Mr. Lee attended the meeting, along with Google top management and several Google engineers.

7. At the meeting, Mr. Walker asked me to continue to work under Mr. Lee's direction, and to work with Google engineer Dan Grove, also under Mr. Lee's direction, to gather information for Google's lawyers and management to consider in evaluating technology issues related to Oracle's infringement claims.

8. On August 6, 2011, at 11:05 a.m., I sent an email reporting to Mr. Lee and to

1

1  Andy Rubin, who was then a Google Vice President in charge of Android, concerning certain
2  topics that Mr. Walker and Mr. Lee had asked me and Mr. Grove to investigate. On information
3  and belief, I understand that two copies of this document were listed on Google's privilege log as
4  entries 5512 and 5513 and that one copy of it has been submitted *in camera* to the Court.

5      9.      At the end of preparing my email, but before sending the email, I added the words
6  "Attorney Work Product" and "Google Confidential" at the top. I then filled in the "To:" and
7  "Cc:" fields. In the "To:" field I placed the email addresses of in-house lawyer Mr. Lee and of
8  Mr. Rubin. In the "Cc:" field I put the email addresses of myself and of Dan Grove.

9      10.     On information and belief, as I was writing the email, Google's electronic-mail
10 computer system automatically saved several unfinished drafts of the email. I understand that
11 eight of these "auto-saves" were produced inadvertently to Oracle. On information and belief, I
12 understand that copies of the auto-saves have been submitted *in camera* to the Court.

13     11.     The auto-saves represent "snapshots" of the email that I ultimately sent, taken at
14 eight different stages of preparation during the roughly four-minute period between 11:01 a.m.
15 and 11:04 a.m.

16     12.     The auto-saves have empty "To:" lines because adding the addresses of Mr. Lee
17 and Mr. Rubin was one of the last things that I did. The auto-saves likewise do not show the
18 words "Attorney Work Product" or "Google Confidential" because adding those words was one
19 of the last things that I did.

20     13.     I understand that Oracle's motion seeks production of a document bearing
21 production number GOOGLE-12-00039656. I have been shown that document and can confirm
22 that it is not an auto-save of the email in question and is completely unrelated to any version of
23 that email.

24     14.     In sum, the documents sought by Oracle are really all one document, shown in
25 different stages of preparation over the course of about four minutes. The documents constitute a
26 communication to Google in-house attorney Ben Lee (among others), reporting investigations
27 and analyses that Mr. Grove and I conducted at the request of Google General Counsel Kent
28

Walker, under the supervision of Mr. Lee, and in anticipation of Oracle's threatened lawsuit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 12, 2011.

By: /s/ Tim Lindholm
TIM LINDHOLM