| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - #84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - #184325<br>canderson@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second St., Suite 2300<br>San Francisco, CA 94105<br>Tel: 415.318.1200<br>Fax: 415.318.1300 |
| KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (*Pro Hac Vice*)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212.556.2100<br>Fax: 212.556.2222 | IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Tel: 650.328.8500<br>Fax: 650.328-8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br>　　　　　　　　　　Plaintiff,<br>v.<br>GOOGLE INC.,<br>　　　　　　　　　　Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DECLARATION OF KRISTIN ZMRHAL CONCERNING THE AUGUST 6, 2010 EMAIL AND DRAFTS THEREOF**<br><br>Judge: Hon. Donna M. Ryu<br>Date Comp. Filed: October 27, 2010<br>Trial Date: October 31, 2011 |

I, Kristin Zmrhal, state:

1. I have been employed since January 2011 by defendant Google Inc. as a Project Manager of Discovery Support. I submit this declaration to provide factual information regarding (a) the "auto-save" function of Google's email service ("Gmail"), and (b) Google's document collection and review procedures in this case. I understand that this information relates to Tim Lindholm's August 6, 2010 email and drafts thereof, which are the subject of a pending motion to compel in this case.

2. Except where I have stated facts on information and belief, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

3. Gmail has an "auto-save" function that automatically saves a user's draft email as the email is being written. On information and belief, the auto-save function takes a snapshot of the user's draft email every 10-60 seconds and saves those snapshots to the user's "Drafts" folder. No user action is required to create or save an auto-saved draft of an email.

4. I manage a team of Google in-house discovery paralegals and legal assistants that are responsible for document collection in this case. Google's in-house attorneys and litigation paralegals have provided me and my team with a list of 86 document custodians for this case.

5. I or a member of my team input each custodian's username into a computer script. The script harvests Gmail messages (and drafts thereof) from Google's backend email system. The script creates electronic copies of all unique messages associated with the user's email account and transfers those copies to a separate server that can only be accessed by my discovery team. My team then downloads the custodial email onto an encrypted hard drive and delivers that hard drive to a third-party vendor for processing.

6. The Google in-house discovery and litigation paralegals have collected and delivered to the third-party vendor over 97 million documents for this case.

7. The third-party vendor processes the documents. The vendor electronically indexes the documents and filters out plainly irrelevant documents by applying search terms agreed upon by Google and Oracle America, Inc. ("Oracle"). The vendor then uploads the

1

DECLARATION OF KRISTIN ZMRHAL CONCERNING THE AUGUST 6, 2010 EMAIL AND DRAFTS THEREOF
CASE NO. 3:10-cv-03561-WHA

575222.06

filtered documents to an online review database for manual review.

8. The online review database allows users to view documents on a computer screen. Users can access the database via the internet and electronically "tag" documents as, for example, "responsive," "privileged," or "confidential." The database software allows users to sort and organize documents according to their tags and place them into a set for production.

9. Google uses a different third-party vendor to assist with the document review process. That third-party vendor's contract attorneys review the documents on the online review database. The vendor's contract attorneys review documents at an offsite facility. Google also employs its own contract attorneys to review documents on the online review database.

10. Google's outside counsel supervises the review process. Counsel gives to all contract attorneys a memorandum explaining the issues in the case. The memorandum provides guidance on how the contract attorneys should determine whether a document is "privileged," "confidential," or "highly confidential." For example, to determine whether a document is privileged, the memorandum instructs reviewers to look for phrases such as "privileged and confidential" or "attorney work product" in the text of the email. The memorandum also includes a list of in-house and outside counsel, and instructs the reviewers to look for those names in the document to determine whether that document is privileged.

11. A draft email that does not contain phrases such as "privileged and confidential" or "attorney work product" and that has no names listed in the "to" or "from" fields likely would not be tagged as "privileged."

12. To date, the contract attorneys have reviewed over 11 million documents on the online review database. Due to the sheer volume of documents that hit on an agreed upon search term and were uploaded to the online database for review, Google's in-house and outside counsel are not able to re-review for accuracy every document tagged by a contract attorney. Instead, counsel rely on electronic screening mechanisms to check the quality of the contract attorneys' review. These screening mechanisms—referred to as "analytics"—are designed to identify, for example, potentially privileged documents that should have been tagged as "privileged" on initial review by a contract attorney. The analytic can identify potentially privileged documents

and group them together into a set to be re-reviewed by a contract attorney before production.

13. One analytic that Google's outside counsel used to identify potentially privileged documents in this case was to search for email containing phrases like "privileged and confidential" or "attorney work product" in the text of the email or an attorney's name in the "to" or "from" field of the email. An email not containing those phrases in the body or an attorney's name in the address fields would not be identified by that analytic and, if tagged by a contract attorney as responsive, would be produced.

14. Google has produced over 3.7 million documents in this case. Google's 60 separate document productions span almost 19 million pages.

15. On information and belief, I understand that eight auto-saved drafts of Mr. Lindholm's August 6, 2010 email were inadvertently produced in this case. Unlike the final email that Mr. Lindholm sent, none of those drafts contain the phrases "Attorney Work Product" or "Google Confidential." And unlike the final email that Mr. Lindholm sent, none of those drafts contain any recipient in the "to" field, let alone an attorney recipient.

16. On information and belief, I understand that the final August 6, 2010 email from Tim Lindholm appears two times on Google's privilege log as entries 5512 and 5513 and that one copy of it has been submitted *in camera* to the Court.

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on 8/12/2011.

_____
Kristin Zmrhal