MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
FRED NORTON (Bar No, 224725)
fnorton@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **DECLARATION OF FRED NORTON IN SUPPORT OF ORACLE AMERICA, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| GOOGLE, INC. | |
| Defendant. | Dept.:  Courtroom 4, 3rd Floor_<br>Judge:  Honorable Donna M. Ryu_ |

I, FRED NORTON, declare as follows:

1. I am a partner with the law firm of Boies, Schiller & Flexner LLP, attorneys for plaintiff Oracle America, Inc. in the above captioned matter, and admitted to practice before this Court.

2. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently as to the matters set forth herein.

3. Oracle seeks to compel the production of twelve documents from Google.

4. <u>Lindholm Clawback Drafts</u>. Nine of the documents Oracle seeks were previously produced by Google, and later clawed back. I refer to those nine documents collectively as the "Lindholm Clawback Drafts." Those documents bear the following Bates numbers:

GOOGLE-12-00039558

GOOGLE-12-00039559

GOOGLE-12-00039560

GOOGLE-12-00039561

GOOGLE-12-00039562

GOOGLE-12-00039563

GOOGLE-12-00039564

GOOGLE-12-00039565

GOOGLE-12-00039656

5. <u>Lindholm Document</u>. As discussed in greater detail below, one of the Lindholm Clawback Drafts has been specifically discussed in hearings before both Judge Alsup and Magistrate Judge Ryu. That email bears Bates number GOOGLE-12-00039565 and is referred to herein as "the Lindholm Document," consistent with usage in prior briefing.

6. Judge Alsup has *twice* rejected Google's claim that the Lindholm Document is privileged. (Dkt. Nos. 255, 271.)

7. None of the nine Lindholm Clawback Drafts has ever appeared on any Google privilege log, before or after Google clawed them back.

8. <u>Lindholm Withheld Emails</u>.  Three of the documents were withheld by Google and listed on its privilege log as document numbers 2551, 5512, and 5513.  I refer these three documents herein as the "Lindholm Withheld Emails."

9. The nine Lindholm Clawback Drafts and three Lindholm Withheld Emails documents that Oracle seeks in its motion are referred to collectively in this Declaration as the "Lindholm Documents."

**Background of Tim Lindholm**

10. On information and belief, and as reflected in the documents cited below, Tim Lindholm was a Sun employee until July of 2005, when he left Sun to become an employee of Google.

11. According to documents produced by Google, Lindholm was involved in Android from the very beginning of his employment at Google.  For example:

    a. Attached as **Exhibit A** is a true and correct copy of a document produced by Google, bearing Bates number GOOGLE-12-00000115, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

    b. Attached as **Exhibit B** is a true and correct copy of a document produced by Google, bearing Bates number GOOGLE-01-00094556, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

    c. Attached as **Exhibit C** is a true and correct copy of a document produced by Google, bearing Bates number GOOGLE-12-00000472-476, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

1 █
2 █
3 █
4 █
5 █
6 █
7   d. Attached as **Exhibit D** is a true and correct copy of a document produced by Google,
8      bearing Bates number GOOGLE-12-00000656, █
9 █
10 █
11 █
12 █
13 █
14  e. Attached as **Exhibit E** is a true and correct copy of a document produced by Google,
15     bearing Bates number GOOGLE-12-00044903, █
16 █
17 █
18 █
19 █
20 █
21 █
22 █
23 █
24 █
25  f. Attached as **Exhibit F** is a true and correct copy of a document produced by Google,
26     bearing Bates number GOOGLE-01-00018836, █
27 █
28 █

3

1  █████████████████████████████████

2 ███████████████████████████████████

3 ████████████████████████████████

4     g. Attached as **Exhibit G** is a true and correct copy of a document produced by Google,

5       bearing Bates number GOOGLE-01-00081703-04, ████████████████

6 ██████████████████████████████████

7 ███████████████████████████████████

8 ███

### Google's Production of the Lindholm Clawback Drafts

12. Google produced the Lindholm Clawback Drafts on or about April 27, 2011.

13. Pursuant to the Court's December 20, 2010 Order Approving Stipulated Protective Order Subject to Stated Conditions (Dkt. No. 68), "[t]he parties must make a good-faith determination that any information designated 'confidential' truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as 'confidential' must be narrowly tailored to include only material for which there is good cause."

14. The Protective Order approved by the Court requires that the parties exercise "restraint and care" in their designation of material as Confidential or Highly Confidential, and that the parties only designate those portions of the documents that warrant confidential or highly confidential treatment. (Dkt. No. 66, at §§ 5.1, 5.2(a))

15. Each of the Lindholm Clawback Drafts bears a legend indicating that Google designated the document "Highly Confidential – Attorney's Eyes Only," and that Google therefore had conducted the required review of the document and determined in good faith that the document warranted this designation.

### Google's Assertion of Privilege for the Lindholm Withheld Emails

16. On April 22, 2011, Google produced a privilege log that listed, among other entries, the three Lindholm Withheld E-Mails. All three are identified as emails written by Tim Lindholm on

August 6, 2010, and are further described by Google as follows (asterisks indicate persons that Google has identified as lawyers):

| Doc. No. | Recipient(s) | Copyee(s) | Privilege Description | Assertion |
|---|---|---|---|---|
| 2551 | Andy Rubin (arubin@google.com) Benjamin legal. Lee (benlee@google.com)* | Dan Grove (dgrove@google.com) Tim Lindholm (lindholm@google.com) | Email seeking advice of counsel re licensing term alternatives for code used in Android. | ACP/WP |
| 5512 | a (a) | | Email reflecting advice of counsel in preparation of litigation re alternatives for Java for Android and Chrome. | WP |
| 5513 | Andy Rubin (arubin@google.com); Benjamin legal. Lee (benlee@google.com)* | Dan Grove (dgrove@google.com); Tim Lindholm (lindholm@google.com) | Email seeking advice of counsel re technical alternatives for Java. | AC |

**Use and Discussion of the Lindholm Document Before the Court**

17. <u>The July 21, 2011 Discovery Hearing</u>. On July 14, 2011, Oracle filed a motion with Magistrate Judge Ryu seeking permission to take the depositions of certain Google employees, one of whom was Tim Lindholm. (Dkt. No. 215) Google opposed the motion.

18. The hearing on Oracle's motion was held telephonically on July 21, 2011, at 11:30 a.m. According to the transcript and minutes of the hearing, Google was represented at the hearing by five attorneys: Robert Van Nest and Christa Anderson of Keker & Van Nest, Bruce Baber and Chris Carnaval of King & Spalding, and Renny Hwang, in-house counsel at Google.

19. Attached as **Exhibit H** is a true and correct copy of the transcript of the July 21, 2011 hearing before Magistrate Judge Ryu.

20. On the subject of Mr. Lindholm, Google's counsel, Mr. Van Nest, argued that "since he has been at Google he hasn't worked on Android. Not part of the Android team, not part of Mr. Bornstein's team, not part of the negotiations. He's on the periphery of that. He is somebody that

1  worked at Sun and he is somebody that worked on Java at Sun, but he didn't work on Android at

2  Google and he wasn't involved in negotiations." (Ex. H at 31:21-32:2)

3      21. In response, Oracle counsel argued that Mr. Lindholm's involvement was more extensive

4  than Google contended. Among other documents cited by Oracle, Mr. Jacobs of Morrison & Foerster

5  quoted from portions of one of the Lindholm Clawback Drafts, which he first identified as having been

6  designated by Google as Highly Confidential, Attorneys' Eyes Only. Mr. Jacobs explained that the

7  document was written by Mr. Lindholm in 2010, and included the statements: █████████

8  █████████████████████████ (Ex. H at 33:8-9)

9      22. In response to Mr. Jacobs's statement, counsel for Google (Mr. Baber) responded that "I

10 don't have the exact e-mail in front of me that Mr. Jacobs is referring to, but it's my understanding that

11 ████████████████████████████████████████

12 █████████████████████████ (Ex. H at 34:19-23)

13     23. Mr. Jacobs responded further, stating that ████████████

14 ████████████████████████████████████████

15 ████████████████████████████████████████

16 ██████████████████████████████ Oracle counsel Mr.

17 Holtzman added, "the text of that message also says ██████████████████

18 ██████████████████ (Ex. H at 34:25-35:7)

19     24. None of the five attorneys representing Google objected to Mr. Jacobs's or Mr. Holtzman's

20 use of the Lindholm Document at the July 21, 2011, discovery hearing, either on the grounds that it was

21 purportedly a privileged document or on the grounds that it had been designated Highly Confidential –

22 Attorneys' Eyes Only.

23     25. <u>July 21, 2011 *Daubert* Hearing</u>. Later on July 21, 2011, at 2:00 p.m., Judge Alsup held a

24 hearing on Google's *Daubert* motion. Prior to the hearing, on July 12, 2011, Judge Alsup directed the

25 parties to be prepared to address the issue of whether Google had willfully infringed the patents owned

26 by Oracle. (Dkt. No. 210.)

27     26. Accordingly, Oracle counsel identified documents and testimony that were responsive to

28 the issues identified by the Court, and prepared slides with excerpts from those documents to be handed

to the Court and Google counsel in a binder. Among the slides that Oracle prepared was a slide that reproduced the same Lindholm Clawback Draft that the parties had discussed with Magistrate Judge Ryu several hours earlier.

27. According to the transcript and minutes of the hearing, Google was represented by Mr. Van Nest, Ms. Anderson, and Dan Purcell of Keker & Van Nest, by Mr. Baber of King & Spalding, and by Catherine Lacavera and Renny Hwang of Google. A true and correct copy of that transcript is attached as **Exhibit I**.

28. At the outset of his argument, counsel for Oracle, Mr. Holtzman, gave to the Court and to Google counsel a binder that held the slides that Oracle intended the Court to have for the hearing. As he proceeded to address the Court's questions on willfulness, Mr. Holtzman noted that documents with evidence relevant to that issue were in the binder, but that he would not discuss them in detail because Google had designated them Highly Confidential. (Ex. I at 17:12-20; 18:19-23) Judge Alsup directed Mr. Holtzman that "there is no restriction," "this is a public proceeding," "you can say anything you want," and "[i]f Google has a memo in their file saying, we are about to willfully infringe, there is no way I'm going to keep that secret from the public or the investing public." (Ex. I at 18:24-19:12)

29. None of the six attorneys representing Google at the hearing objected to Judge Alsup's grant of permission to discuss, at the public hearing, documents that Google had designated as confidential or that disclosed Google's intent to engage in willful infringement.

30. Mr. Holtzman identified the Lindholm Document, along with other documents, to the Court, and quoted it in part: "What we've actually been asked to do by Larry and Sergey is to investigate what technical alternatives exist to Java for Android and Chrome. We have been over a bunch of these and think they all suck. We conclude that we need to negotiate a license for Java . . . ." (Ex. I at 23:22-24:2)

31. None of the six attorneys representing Google at the hearing objected to Mr. Holtzman's use of, or quotations from, the Lindholm Document.

32. Later in the hearing, Judge Alsup read the portions of the Lindholm Document into the record. (Ex. I at 40:1-23) Judge Alsup warned Google's counsel that

> They -- you know what they used to say about Joe Alioto? He needed -- you know, in a big case like this, he would come in, he only needed two documents: He need a document like this, the one I just read, and the Magna Carta, and he won every case. And you are going to be on the losing end of this document, and with Andy Rubin on the stand.

(Ex. I at 40:25-41:6)

33. Judge Alsup then asked counsel for Google "how are you going to get around that?"

34. On behalf of Google, Mr. Van Nest responded by discussing the substance of the document, stating that "[n]umber one, this is August 2010, this is 2010. This is after the Ellison crew has come in, about a month before the lawsuit starts, and says, here's the patents, we think you're infringing, you should take a license. . . . *These are negotiations by the parties* – ". (Ex. I at 41:21-42:3 (emphasis added).)

35. Mr. Van Nest then stated that "if Oracle comes in and says, okay, you are going to have to spend all this money on a lawsuit, and we are going to seek billions of dollars, *the question from the CEO is*, is there any other way we can do this and avoid it, altogether?" (Exhibit I, at 42:6-10 (emphasis added).)

36. Mr. Van Nest then argued, as Mr. Baber had earlier in the day, "The alternatives we're talking about here [in the document] might be simply alternative languages." (Ex. I at 42:11-13.)

37. Neither Mr. Van Nest, nor any of the other five Google attorneys present, objected at the hearing that the Lindholm Document was privileged.

**Google's Assertion of Privilege**

38. At approximately 8:56 pm on Thursday, July 21, 2011, Google counsel Christa Anderson wrote to Oracle counsel to assert, for the first time, that the use of confidential Google documents at the *Daubert* hearing violated the Protective Order because Google purportedly had not been given notice that such documents might be used. A true and correct copy of Ms. Anderson's July 21 email is attached as **Exhibit J**.

39. In her July 21 email, Ms. Anderson did not assert that any of the documents used at the *Daubert* hearing were privileged, nor did she assert that the use of the Lindholm Document or any other document at the July 21 discovery hearing violated the protective order.

8

40. On the afternoon of July 22, 2011, at approximately 2:11 p.m., Judge Alsup issued an order on the *Daubert* motion. The *Daubert* order quoted portions of the Lindholm Clawback Draft that had been discussed the previous day (Dkt. No. 230, at 3:24-27) The order is available on Westlaw at 2011 WL 2976449. A true and correct copy of the electronic filing notice showing the time the order was issued is attached as **Exhibit K**.

41. Approximately four hours later, at the deposition of Daniel Bornstein, Google asserted privilege as to the Lindholm Clawback Draft that had been discussed the previous day for the first time. A true and correct copy of excerpts of the transcript of the July 22, 2011 deposition, indicating the time at which the privilege was asserted , is attached as **Exhibit L**.

42. At approximately 7:05 pm on Friday, July 22, Google counsel Bruce Baber wrote to Oracle counsel, asserting that the Lindholm Clawback Draft that had been previously discussed was inadvertently produced and "subject to the attorney-client privilege and/or work product doctrine" and sought to claw that document back under the Protective Order. Mr. Baber asserted that "the message was ***prepared as a result of direction from counsel*** in anticipation of litigation." (Emphasis added.) This explanation is different from the grounds for privilege asserted in Google's privilege log as to the Lindholm Withheld E-Mails, including the versions that Google asserts are "final." Mr. Baber further asserted that other, unidentified copies or iterations of the Lindholm Clawback Drafts had been produced and were also being clawed back. A true and correct copy of Mr. Baber's July 22 email is attached as **Exhibit M.**

43. Google's proffered justifications for its assertions of privilege are contrary to the Lindholm Document on its face, as well as Google counsel's own statements about it. For example:

   a. Google claims that the Lindholm Document was prepared as a result of direction from counsel. But the Lindholm Document on its face states that Mr. Lindholm was acting in response to what he had "***been asked to do by Larry [Page] and Sergey [Brin]***," not Google counsel, (Ex. I at 23:22-24:2 (emphasis added)), and Google counsel Mr. Van Nest expressly asserted to the Court that Mr. Lindholm was acting in response to "***the question from the CEO***" (Exhibit I, at 42:6-10 (emphasis added).)

9
DECLARATION OF FRED NORTON ISO ORACLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV 10-03561 WHA

   b. Google claims that the Lindholm Document was prepared "in anticipation of litigation." But the Lindholm Document, as Mr. Jacobs correctly observed at the July 21, 2011 discovery hearing, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Ex. H at 34:25-35:7)  Google's own counsel, Mr. Van Nest, demonstrated the same understanding in discussing the Lindholm Document with Judge Alsup several hours later, stating that the Lindholm Document was drafted in the context of "***negotiations by the parties*** – ".  (Ex. I at 41:21-42:3 (emphasis added).)

   c. Google claims that some versions of the Lindholm Document (log 2551, 5513) sought advice of counsel.  But the Lindholm Document on its face is addressed to Mr. Rubin, not counsel, beginning with the salutation, "Hi Andy . . . ."  (Ex. I at 39:24-40:2) and does not seek advice of counsel.

   d. Google claims that at least one version of the Lindholm Document (log 5512) is an email "reflecting advice of counsel in preparation of litigation re alternatives for Java for Android and Chrome."  But nothing in the Lindholm Documents discussion of "what technical alternatives exist to Java for Android" or his statement that "we have been over a bunch of these and think they all suck" or his statement that "we conclude that we need to negotiate a license for Java" reflects or seeks advice of counsel.

   e. Google claimed in its August 3, 2011 letter to Judge Alsup (Dkt. No. 265) that Mr. Lindholm was acting at the direction of Google General Counsel Kent Walker.  But none of the relevant entries on Google's privilege log claim that Mr. Lindholm addressed or copied his email, or any draft of it, to Mr. Walker.

44. On July 27, Google identified additional Lindholm Clawback Drafts as inadvertently produced, and asserted the right to claw all of those back.  A true and correct copy of Mr. Baber's July 27 email is attached as **Exhibit N**.  Oracle promptly complied.

**Google Concedes That the Privilege Does Not Protect Facts Communicated to or By an Attorney**

45.  Google has taken position, in examining witnesses in this case, that if a witness "learns of a nonprivileged fact through a lawyer, that doesn't make the fact privileged." (Exhibit W, at 173:19-21 (statement by Google counsel Daniel Purcell, at the July 28, 2011 deposition of Hasan Rizvi)). Attached as **Exhibit W** is a true and correct copy of excerpts from the July 28, 2011 deposition transcript of Hasan Rizvi.

**Publication of Lindholm Document in Press and by Google**

46.  The contents of the Lindholm Document were repeated widely in the press after Judge Alsup discussed the document at the hearing, including at
   a. http://fosspatents.blogspot.com/2011/08/oracle-and-google-keep-wrangling-over.html
   b. http://newsandinsight.thomsonreuters.com/New_York/News/2011/08_-_August/Oracle_judge_okays_damning_e-mail_despite_Google_privilege_claim/
   c. http://www.pcworld.idg.com.au/article/print/396453/google_oracle_still_battling_over_android_e-mail/
   d. http://gaddjit.com/judge-email-in-oracle-google-case-will-remain-public/smart-phones

47.  In addition, Google itself continues to make the contents of the Lindholm Document widely available. As of the date of this filing, a Google search, limited to the last month, with the query "Lindholm technical alternatives exist to Java for Android they all suck we need to negotiate a license for Java" yielded over 300 hits of internet web pages quoting the Lindholm Document. The query "Android Java alternatives suck" generated over 36,000 hits in the last month alone, again, consisting of hundreds or thousands of copies of excerpts of the Lindholm Document. These quotes appear on Google's search page itself, not just in the linked web pages. True and correct copies of screen shots of the first page generated by each of the queries quoted above on August 15, 2011, are attached as **Exhibits O and P**.

**Google's Unsuccessful Motions Before Judge Alsup**

48. On July 28, 2011, Google filed a précis asking Judge Alsup for leave to file a motion to redact both the hearing transcript and the Court's *Daubert* order to strike all references to the Lindholm Document – including its own characterizations of that document. On August 1, 2011, Judge Alsup denied Google's request and held that "the document is not a communication of any type, much less a communication protected by the attorney-client privilege," that Google's work-product argument was "unavailing," and that "Google has provided no indication that the disputed document is in fact subject to the claimed attorney-client privilege." (Dkt. No. 255.)

49. On August 3, 2011, Google offered to submit additional evidence *in camera*, including copies of the Lindholm Documents and a declaration from Mr. Lindholm, in support of its privilege claim. (Dkt. No. 265.) The Court denied that request and held that Google's request failed to meet the standards of Local Rule 7-9(b) to justify reconsideration. (Dkt. No. 271.)

50. Although Google has clawed back from Oracle the Lindholm Clawback Drafts, and has unsuccessfully moved Judge Alsup to strike from the public record all references to the Lindholm Clawback Draft discussed on July 21 and quoted in Judge Alsup's July 22 Order, Google has never requested that Judge Alsup return the Court's copy of that document.

**Google's Refusal to Produce Mr. Lindholm for Deposition Prior to Resolution of This Motion**

51. On August 5, 2011, Oracle and Google submitted a joint letter on the Lindholm privilege issue. Despite the fact that the privilege issue was unresolved, the parties continued to try to schedule Mr. Lindholm's deposition. On Tuesday, August 9, Google proposed that Mr. Lindholm appear for deposition on Tuesday August 16. Oracle promptly agreed to that offer.

52. Later on August 9, Magistrate Judge Ryu ordered the parties to submit declarations concerning the privilege issue by August 15, 2011, and to submit responsive declarations by August 19, 2011. (Dkt. No. 286) As a result of that order and the agreed deposition date, Oracle would have an opportunity to question Mr. Lindholm on any factual basis for privilege asserted by him in a declaration filed with the Court, and to file the resulting testimony on August 19.

53. On August 11, 2011, Google counsel wrote to Oracle counsel to state that Google would not produce Mr. Lindholm on August 16, as previously agreed, but rather would wait for Magistrate Judge Ryu's ruling on privilege and then "promptly" offer a new date. A true and correct copy of that email is attached as **Exhibit Q**.

54. Oracle counsel wrote back to object, but also to confirm that, given Google's assurance that Mr. Lindholm would be produced "promptly" after Magistrate Judge Ryu's ruling on privilege, Google would not further delay the deposition by objecting to or appealing on order by Magistrate Judge Ryu. Google refused to commit to promptly produce Mr. Lindholm for deposition in the event that Magistrate Judge Ryu rejects Google's privilege claim. A true and correct copy of that correspondence is attached as **Exhibit R**.

55. As of the date of this declaration, Mr. Lindholm has not been deposed, Google has not provided a new date on which it will produce him, and Google has not agreed to any specific event or condition, upon the occurrence of which, it would produce Mr. Lindholm for his court-ordered deposition.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 15, 2011 at Oakland, California.

By: */s/ Fred Norton*  
Fred Norton