KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415. 391.5400
Facsimile:       415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650. 328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>        Plaintiff,<br><br> v.<br><br>GOOGLE INC.,<br><br>        Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE INC.'S OBJECTIONS TO THE DECLARATION OF FRED NORTON IN SUPPORT OF ORACLE AMERICA, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, REQUEST TO RESPOND TO LEGAL ARGUMENT**<br><br>Judge:  Honorable Donna M. Ryu<br><br>Date Comp. Filed:  October 27, 2010<br><br>Trial Date:  October 31, 2011 |

Google objects to Oracle's willful violation of the Court's August 9, 2011 order directing the parties to refrain from any legal argument in their submissions regarding the parties' ongoing privilege dispute. Google obeyed the order. To ensure a level playing field, the Court should either strike the argumentative portions of the Norton Declaration or give Google an opportunity to respond to Oracle's various legal arguments.

On August 9, 2011, this Court entered an order setting forth the procedure for litigating the parties' dispute regarding drafts of an email from Google engineer Tim Lindholm to other Google employees, including Google in-house counsel Benjamin Lee. The Court ordered the parties to begin by filing, on August 15, 2011, "sworn declarations providing *factual*, and *not legal*, information that each party believes relevant to the alleged privileged status of the Lindholm documents." [Dkt. No. 286 (emphasis in original)]. The Court further ordered that "no later than August 19, 2011 the parties shall file with the court sworn declarations responding *factually—not legally*—to the opposing party's August 15 submission." [Dkt. No. 286 (emphasis in original)]. The Court could not have been clearer, repeating its prohibition on legal argument twice, both times in bold type.

Oracle's Norton Declaration violates the Court's Order. It includes little factual material not already before the Court and multiple instances of attorney argument. For example:

- The vast majority of the declaration is an argumentative recitation of "facts" already before the Court in the form of letters and hearing transcripts, and previously argued in Oracle's letter brief.

- Paragraphs 5 through 7 contain argument characterizing the history of the dispute and the significance of Judge Alsup's rulings on the issue. For example, paragraph 6 states that "Judge Alsup has *twice* rejected Google's claim that the Lindholm Document is privileged."

- Paragraph 15 contains argument characterizing the significance of the confidentiality legend on drafts of the documents at issue and what Google purportedly did in reviewing those documents.

- Paragraph 42 argues that Google's legal position regarding the documents at issue has changed over time, asserting that "[t]his explanation is different from the grounds for privilege asserted in Google's privilege log as to the Lindholm Withheld Emails, including the versions that Google asserts are final."

- Paragraph 43 argues that "Google's proffered justifications for its assertions of privilege are contrary to the Lindholm Document on its face, as well as Google Counsel's own statements about it."

- Paragraph 45 consists entirely of attorney argument regarding positions Google has taken during depositions of Oracle witnesses in this case.

- Paragraph 47 makes arguments suggesting that Google's continued operation of its search engine business has somehow waived privilege over the documents at issue. "In addition," Mr. Norton writes, "Google itself continues to make the contents of the Lindholm Document widely available."

- Paragraphs 48 through 50 (under the inherently argumentative heading "Google's Unsuccessful Motions Before Judge Alsup") contains argument characterizing the history of the dispute over the documents at issue and the significance of Judge Alsup's prior rulings on the issue, and again suggesting Google has waived applicable privileges.

Consistent with the Court's August 9, 2011 Order, Google will not respond here or in its responsive declarations to the legal arguments in the Norton Declaration. Rather, Google asks that the Court strike the Norton Declaration in its entirety for Oracle's failure to obey the Court's August 9, 2011 order (or at least strike the argumentative portions of the Norton Declaration). As discussed already, the relevant factual material described in the Norton Declaration is already before the Court, so the Court will be able to evaluate those facts in resolving this dispute. Alternatively, Google requests that the Court allow Google to respond to the legal arguments in that declaration in its responsive August 19, 2011 filing.

Dated: August 16, 2011                                         KEKER & VAN NEST LLP


By: */s/ Robert A. Van Nest*
ROBERT A. VAN NEST
Attorneys for Defendant
GOOGLE INC.