**KEKER & VAN NEST LLP**

**Robert Van Nest**
rvannest@kvn.com

August 16, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

**Re:** *Oracle America, Inc. v. Google Inc*., No. C 10-3561 WHA

Dear Judge Alsup:

Google seeks leave to file, by the dispositive motion deadline of September 8, 2011, a motion for partial summary judgment on Oracle's First Affirmative Defense of assignor estoppel. Oracle claims that, because Google hired four engineers who used to work at Sun, Google may not assert invalidity counterclaims against three patents those engineers assigned to Sun while they worked there. But that is nowhere near enough to create estoppel. Assignor estoppel would be appropriate only if Google's alleged infringement depended upon the engineers' knowledge and assistance. Because the undisputed facts prove the contrary, there can be no assignor-estoppel here. *See Earth Res. Corp. v. United States*, 44 Fed. Cl. 274, 278 (1999).

Assignor estoppel "is an equitable doctrine that prevents one who has assigned the rights to a patent (or patent application)"—usually the inventor—"from later contending that what was assigned is a nullity." *Diamond Scientific Co. v. Ambico, Inc*., 848 F.2d 1220, 1224 (Fed. Cir. 1988). Assignor estoppel also extends to "other parties in privity with the assignor[.]" *Id*. Oracle asserts that the matter claimed by the '520, '205, and '104 patents was invented by Sun engineers who assigned their rights in those patents to Sun before joining Google, and that Google is "in privity with" those inventors (and thus estopped from challenging the validity of the assigned patents) because it hired the inventors "to work on Java, Web browser, and virtual machine technologies" at Google.

The Honorable William Alsup	Page 2
August 16, 2011

Tellingly, Oracle does not (and cannot truthfully) even assert that any of these former Sun engineers developed or implemented any aspect of the technologies accused in this lawsuit. In fact, the undisputed evidence will show that none of the inventors worked on developing or implementing Android at all—much less on the specific technologies that allegedly infringe the assigned patents. On these facts, Oracle's assignor-estoppel defense must fail because Google is not in "privity" with the inventors within the meaning of the assignor-estoppel doctrine.

"A contractual relationship alone is not enough to establish privity" with a patent assignor. *Earth Res.*, 44 Fed. Cl. at 286. There is "no privity between a corporation and a mere employee thereof." *Shamrock Techs., Inc. v. Med. Sterilization, Inc.*, 903 F.3d 789, 794 (Fed. Cir. 1990) (citations omitted). Rather, "[w]hat is significant" is "whether the ultimate infringer availed itself of the inventor's 'knowledge and assistance' to conduct infringement." *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 839 (Fed. Cir. 1991). Courts evaluate whether an inventor is in "privity" with a new, allegedly infringing employer by considering "the equities dictated by the relationship . . . in light of the act of infringement." *Shamrock,* 903 F.2d at 793. "[T]he relevant knowledge of which the defendant company avails itself is the knowledge and assistance associated with the manufacture of the infringing product." *HWB, Inc. v. Braner*, 869 F. Supp. 579, 582 (N.D. Ill. 1994). "Every employer provides some knowledge or assistance to his employer. Those who do not are terminated. Thus, . . . the relevant question is whether the assignor/inventor plays such a significant part in his new employer's infringing operations that his new employer could not have initiated the infringing operations without the assistance of the assignor/inventor." *Id*.

This demanding standard is ***not*** met, for example, even where the assignor-inventor is a corporate officer of the new employer who helps sell the infringing product, but does not aid in its design or manufacture. *See HWB*, 869 F. Supp. at 581-83. Nor is it met where the assignor-

575316.01

inventor "owns an insignificant number of defendant's shares," "does not sit on its board of directors," and "holds no sway over defendant's finances or strategic decisions." *Acushnet Co. v. Dunlop Maxfli Sports Corp.*, 2000 WL 987979, at *3 (D. Del. June 29, 2000); *see also Warrior Lacrosse, Inc. v. Brine, Inc.*, 2006 WL 763190, at **28-29 (E.D. Mich. Mar. 8, 2006).

By contrast, privity may exist where the assignor/inventor holds a high position and a large number of shares in his new employer and was hired to set up and oversee that employer's production of the infringing product. *See Shamrock*, 903 F.2d at 794. Privity likewise may exist where the assignor/inventor played an "extensive role" in establishing the joint venture that created some of the allegedly infringing products, and personally indemnified a joint-venture partner against infringement suits. *See Intel*, 946 F.2d at 833, 838-39.

Here, in response to an interrogatory asking for all facts supporting its estoppel defense, Oracle alleges only that Google hired the inventors "to work on Java, Web browser, and virtual machine technologies" at Google. Oracle does not (and cannot) allege that Google used the inventors' knowledge and assistance to develop any aspects of the accused Dalvik Virtual Machine or of the Android SDK that allegedly infringe the patents that those inventors assigned to Sun. As a matter of law, this does not qualify as "privity" that could support an assignor-estoppel defense. "Assignor estoppel was not designed to prevent companies from competing for talented employees[.]" *Acushnet*, 2000 WL 987979, at *3.

Accordingly, the Court should grant Google leave to file a motion for partial summary judgment directed to Oracle's First Affirmative Defense of assignor estoppel.

			Sincerely,

			s/ Robert A. Van Nest

575316.01