**KEKER & VAN NEST** LLP

**Robert Van Nest**
rvannest@kvn.com

August 16, 2011

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:   *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

      Google seeks leave to file, by the dispositive motions deadline of September 8, 2011, a motion for partial summary judgment on Oracle's entitlement to damages on its patent claims. In response to Google's Request for Production No. 4, Oracle admitted it "***is not aware of any device, system, or product expressly marked with the patent number of any of the Patents-in-Suit or Related Patents***."  As a result, Oracle may not recover damages for the period pre-dating notice to Google of alleged infringement of the patents-in-suit.

      The marking statute requires that:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article … may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice.  ***In the event of a failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice***.

35 U.S.C. § 287(a) (emphasis added).  Although the marking statute does not extend to method claims because, "ordinarily, where the patent claims are directed to only a method or process there is nothing to mark," *American Med. Sys., Inc. v. Medical Eng'g Corp.,* 6 F.3d 1523, 1538-39 (Fed. Cir. 1993), the Federal Circuit has long held that where "***both apparatus and method***

The Honorable William Alsup                                                                                                              PAGE2
August 16, 2011

*claims … were asserted* and there was a physical device produced by the claimed method that was capable of being marked," the patentee must mark that physical device in order "to recover damages" prior to the date of notice, even "under its method claims."  *Id.* at 1539 (emphasis added).  The Federal Circuit reaffirmed this rule just two years ago in *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.,* 559 F.3d 1308, 1316-17 (Fed. Cir. 2009).

      Here, 20 of the 41 patent claims Oracle asserts disclose either an apparatus, system, or computer-readable medium—claims whose embodiments include tangible objects that must be marked in order to provide notice to the world that they are protected by patents.  Only as to one of the patents-in-suit, the '205, does Oracle assert only method claims.  With respect to the other six patents at issue, the majority of Oracle's asserted claims—20 of 37—are apparatus claims.

      Accordingly, Oracle was obliged to mark any product that practices the patents.  Oracle has identified numerous such products that it contends actually "practice the asserted claims of" of each of the seven patents-in-suit.  *See* Oracle's Second Supplemental Patent Local Rule 3-1 Disclosure at 9-11.  Among the products Oracle identifies are multiple releases of its Java desktop, enterprise, mobile, and embedded software platforms.  *Id.*  Software products must be marked, particularly where they are made available on websites, as the Java platform software was.  *See Soverain Software LLC v. Amazon.com, Inc.,* 79 U.S.P.Q.2d 1208, 1212 (E.D. Tex. 2005); *IMX Inc. v. LendingTree LLC,* 79 U.S.P.Q.2d 1373, 1375-76 (D. Del. 2005); *Northbrook Digital Corp. v. Browster, Inc.,* 2008 WL 4104695, at *4 (D. Minn. Aug. 26, 2008).  Though Google disputes that Sun or Oracle actually practiced all the patents-in-suit, Oracle has always insisted it does and presumably intends to prove it practices the patents at trial.

The Honorable William Alsup                                                                 PAGE3
August 16, 2011

In addition to Oracle's own practice of the patents, the marking requirement extends also to products practicing the patents that are sold by the patentee's licensees. *See Amsted Indus. v. Buckeye Steel Castings Co.,* 24 F. 3d 178, 185 (Fed. Cir 1994); *Devices for Med., Inc. v. Boehl,* 822 F. 2d 1062, 1292 (Fed. Cir 1987).  Here, Oracle admitted in its response to Google's Interrogatory No. 1 that it both practices the "patents in suit in its own Java-related products and authorizes others to practice them through its Java licensing program."  Among the "others" are mobile-phone manufacturers who practice the patents through handsets sold in the United States.

To recover patent-infringement damages for the period before it gave notice to Google of the alleged infringement, Oracle must show that it (and its licensees) actually marked the many products on the market that allegedly practice the patents.  That marking would have to have been "substantially consistent and continuous," which would have required that "substantially all" of the patented products were marked. *American Med. Sys.,* 6 F.3d at 1537-38.  As already discussed, Oracle has flatly admitted it is unaware of *any* marking by anyone.

Accordingly, Oracle is barred as a matter of law from recovering pre-notice damages for infringement of six of the seven patents-in-suit—every patent except the '205.  Although the Court need not determine the correct date of notice now, the evidence at trial will show that Google was never on notice of alleged infringement of any of these patents until Oracle directly asserted them in discussions with Google in July 2010, mere weeks prior to filing this lawsuit.

The Honorable William Alsup                                                                                           PAGE4
August 16, 2011

Google asks the Court to permit it to file a summary judgment motion on this narrow marking issue in order to narrow the evidence to be presented at trial.

                                      Sincerely,

                                  /s/ Robert A. Van Nest

575002.02