# KEKER & VAN NEST LLP

**Robert Van Nest**
rvannest@kvn.com

August 16, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

    Google seeks leave to file, by the dispositive motions deadline of September 8, 2011, a motion for summary judgment of the invalidity of all claims of U.S. Patent No. RE38,104 (the "'104 patent").  The applicant impermissibly broadened the patent's scope beyond the original patent in an application filed after the two year statutory limit on broadening reissues.

    Oracle's predecessor, Sun Microsystems, filed the application that matured into the '104 patent on March 3, 1999.  Sun had filed an earlier broadening reissue application on November 21, 1996, which had expanded the scope of the original patent, U.S. Patent No. 5,367,685 (the "'685 patent"), issued on November 22, 1994.  Not content with those broadened claims, Sun filed on March 3, 1999 – four and a half years after the issue date of the original patent – a "continuation" reissue application seeking still broader claims.  Because the claims of the '104 patent are broader than the claims of '685 patent and the application that issued as the '104 patent was filed more than two years after the issue date of the '685 patent, the claims of the '104 patent are invalid as a matter of law under 35 U.S.C. § 251.

    The patent statute governing reissue applications requires that "[n]o reissued patent shall be granted enlarging the scope of the claims of the original patent ***unless applied for*** within two years from the grant of the original patent."  35 U.S.C. § 251 (emphasis added).  The predecessor court to the Federal Circuit specifically construed the "applied for" statutory language to mean the filing of a reissue application.  *In re Doll*, 419 F.2d 925, 928 (C.C.P.A. 1970).  Thus, any

The Honorable William Alsup                                                                                           Page 2
August 16, 2011

broadening of claim scope in the '104 patent, which was filed over four years after the original '685 patent issued, violates the statutory requirements for reissue applications. "A claim of a reissue application is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent." *Brady Construction Innovations, Inc. v. Perfect Wall, Inc.*, Nos. 2007-1460, 2007-1486, 2008 WL 3822559, **4 (Fed. Cir. Aug. 15, 2008) (citation omitted).

All the claims of the '104 patent are broader than the claims of the '685 patent. Both independent claims of the '685 patent, which are by definition a patent's broadest claims, recite "a computer system *comprising a program in source code form*" and "*generating executable code in intermediate form for said program in source code form*." No claim of the '104 patent requires the presence of "a program in source code form"; therefore no claim of the '104 patent includes the above limitations. "A reissue claim that does not include a limitation present in the original patent claims is broader in that respect." *Pannu v. Storz Instruments, Inc.*, 258 F.3d 1366, 1371 (Fed. Cir. 2001) (quoting *Hester Indus., Inc. v. Stein, Inc.*, 142 F.3d 1472, 1480 (Fed. Cir. 1998)). The reissue declaration submitted with the application that issued as the '104 patent further supports the fact that the patentee only sought to broaden the original claims of the '685 patent. In describing the error in the original patent giving rise to the reissue application, the inventor stated that the '685 patent "is partly inoperative because *it claims less than I had a right to claim* in the patent." (Reissue Application Declaration and Power of Attorney by Inventor at p. 2 (emphasis added).)

That the '104 patent was filed as a "continuation" reissue application during the pendency of a broadening reissue application filed within two years of the '685 patent issue date has no bearing on the outcome. The Federal Circuit has observed that 35 U.S.C. § 251 "does not prohibit divisional or continuation reissue applications, and does not place stricter limitations on

The Honorable William Alsup  Page 3
August 16, 2011

such applications when they are presented by reissue, ***provided of course that the statutory requirements specific to reissue applications are met***." *In re Graff*, 111 F.3d 874, 876 (Fed. Cir. 1997) (emphasis added). In other words, even a continuation reissue application must be filed within two years of an original patent's issue date if it seeks to broaden the claims of the original patent.

This case is distinguishable from *In re Doll*, in which the patentee properly filed a broadening reissue application within the statutory two-year window and then made further broadening amendments outside the two-year window during the prosecution of that same reissue application. 419 F.2d at 928. The court approved that broadened reissue patent because the patentee had properly placed the public on notice of its intent to broaden the claims when it filed its reissue application within the required two-year window. *Id.* Here, the patentee presented additional broader claims in a separate, untimely continuation reissue application filed more than four years after the issue of the original patent. Allowing a patentee to proceed in this manner, in derogation of the clear two year requirement of 35 U.S.C. § 251, ¶ 4, would open the door to an abusive practice of indefinite chains of increasingly broadening reissues without any temporal limit. *See In re Graff*, 111 F.3d at 877 ("The reissue statute balances the purpose of providing the patentee with an opportunity to correct errors of inadequate claim scope, with the public interest in finality and certainty of patent rights.").

As of August 8, 2011, Oracle continues to assert 41 claims across seven different patents. Summary judgment with respect to this theory would greatly streamline the issues for trial because it would dispose of an entire patent from which Oracle now asserts 11 claims. The relevant facts are undisputed, and these issues are ripe for resolution as a matter of law. Google therefore respectfully requests leave to file a motion on these issues.

Sincerely,

/s/ Robert A. Van Nest

576518.01