MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
FRED NORTON (Bar No, 224725)
fnorton@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE, INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S REPLY TO GOOGLE INC.'S OBJECTIONS TO THE DECLARATION OF FRED NORTON IN SUPPORT OF ORACLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, REQUEST TO RESPOND TO LEGAL ARGUMENT**<br><br>Dept.: Courtroom 4, 3rd Floor<br>Judge: Honorable Donna M. Ryu |

1  Oracle respectfully submits this response to Google's objection to the Norton Declaration (Dkt.
2  No. 305) and alternative "request to respond to legal argument." Google contends that the Norton
3  Declaration contains "legal argument" and thus violates this Court's August 9 Order.
4  Google's objection is meritless because the Norton Declaration contains no legal argument. It
5  cites no cases and no statutes, espouses no legal principles, and identifies no rules of law. It states facts.
6  Google's proffered examples do not suggest, much less prove, otherwise.
7  Google asserts that "[t]he vast majority of the declaration is an argumentative recitation of
8  'facts' already before the Court in the form of letters and hearing transcripts, and previously argued in
9  Oracle's letter brief." (Dkt. No. 308 at 1:18-19.) In fact, the declaration is not argumentative; rather,
10 the straightforward facts are properly organized in a way to make their relevance apparent. Google's
11 complaint that some of the facts in the declaration are already stated in letters before the Court misses
12 the point of the Court's August 9 Order, which required "sworn declarations" – not letters. (Dkt. No.
13 286.) Google has made plain that it does not accept Judge Alsup's two decisions on the privilege issue
14 and has argued that Judge Alsup ruled on an incomplete evidentiary record. While Oracle maintains
15 that no further evidentiary record is necessary given Judge Alsup's unambiguous rulings on this very
16 issue, it is entirely appropriate for Oracle to establish a proper evidentiary record given Google's
17 positions.
18 Google's submission mischaracterizes factual statements as legal argument. For example, the
19 Norton Declaration states that "Judge Alsup has *twice* rejected Google's claim that the Lindholm
20 Document is privileged." (Norton Decl. ¶ 6.) That is a fact, not a legal argument. A legal argument
21 would take that fact, and from it argue, with citations to authority, that the "law of the case" rule
22 precludes reexamination of the issue. Similarly, the Norton Declaration states that "Google itself
23 continues to make the contents of the Lindholm Document widely available" by publishing those
24 contents on the Google search page. (Norton Decl. ¶ 47.) That is a fact, not a legal argument. A legal
25 argument would take that fact, and from it argue, with citations to authority, that Google has waived
26 privilege by voluntarily disclosing the contents of the allegedly privileged communication to persons
27
28

1

ORACLE'S REPLY TO GOOGLE'S OBJECTIONS TO THE NORTON DECLARATION IN SUPPORT OF ORACLE'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV 10-03561 WHA

1   not covered by the privilege. "To make a legal argument is to advance one's contentions by connecting
2   law to facts." *Sioson v. Knights of Columbus,* 303 F.3d 458, 460 (2d Cir. 2002).
3          Finally, contrary to Google's contentions, there is nothing improper about stating, in a
4   declaration, the *fact* that the Lindholm document has been discussed in open court (Norton Decl. ¶ 5),
5   the *fact* that Google has never provided a privilege log for clawed back documents (*id.* ¶ 7), the *fact*
6   that Google added a confidentiality legend to the purportedly privileged drafts before it produced them
7   (*id.* ¶ 15), the *fact* that Google has asserted various, inconsistent bases for claiming that the clawed back
8   documents are privileged (*id.* ¶ 42), the *fact* that the Lindholm document itself states that Mr. Lindholm
9   was acting at the direction of Larry Page and Sergey Brin, not Google counsel (*id.* ¶ 43), or the *fact* that
10  Google itself has successfully argued, in this case, that facts transmitted through counsel are not
11  protected by privilege (*id.* ¶ 48).
12         Google's real complaint is that these facts, once connected to the legal principles that will apply,
13  obviously and unavoidably lead to certain conclusions. Damning facts are still facts.
14         There is no reason to strike any portion of the Norton Declaration, and no basis to allow Google
15  to file a declaration containing "legal argument." Oracle of course has no objection to Google filing
16  competent, sworn declarations on August 19, 2011 that, as contemplated by the court in its Order dated
17  August 9, 2011 (Dkt. 286), respond to the Norton Declaration with additional or contrary *facts* Google
18  contends are relevant to the alleged privileged status of the Lindholm documents.

                                      Respectfully submitted,

21  Dated: August 17, 2011                        BOIES, SCHILLER & FLEXNER LLP

                                                  By:  */s/ Steven C. Holtzman*
                                                       Steven C. Holtzman

                                                  *Attorneys for Plaintiff*
                                                  ORACLE AMERICA, INC.

ORACLE'S REPLY TO GOOGLE'S OBJECTIONS TO THE NORTON DECLARATION IN SUPPORT OF ORACLE'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. CV 10-03561 WHA