| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - #84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - #184325<br>canderson@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415. 391.5400<br>Facsimile: 415.397.7188 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second St., Suite 2300<br>San Francisco, CA 94105<br>Tel: 415.318.1200<br>Fax: 415.318.1300 |
| KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (*Pro Hac Vice*)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212.556.2100<br>Fax: 212.556.2222 | IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Tel: 650. 328.8500<br>Fax: 650.328-8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>　　　　　　　　Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**CORRECTED DECLARATION OF TIM LINDHOLM CONCERNING THE AUGUST 6, 2010 EMAIL AND DRAFTS THEREOF**<br><br>Judge:　　Hon. Donna M. Ryu<br><br>Date Comp. Filed:　　October 27, 2010<br><br>Trial Date:　　October 31, 2011 |

I, Tim Lindholm, state:

1. I have been employed since 2005 by defendant Google Inc. ("Google") as a Software Engineer in the Systems Infrastructure group at Google. I have never worked on the Android team, and have had no role in the design, development and/or implementation of the Android platform.

2. I am the author of the August 6, 2010 email and drafts thereof that I understand are the subject of the pending motion to compel filed by Oracle America, Inc. ("Oracle"). I submit this Declaration to provide factual information regarding those documents—namely, that they constituted a communication to a Google attorney and were the result of work that I performed at the direction of Google attorneys.

3. Except where I have stated facts on information and belief, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

4. In late July 2010, Google in-house attorney Ben Lee informed me that he had attended a meeting in which Oracle made patent infringement claims against Google. I understood that Oracle was threatening to sue Google over those claims.

5. Mr. Lee asked me to gather certain information related to Oracle's infringement claims. I understood that my work for Mr. Lee would assist Google's legal analysis of Oracle's claims.

6. On July 30, 2010, I was asked by Google General Counsel Kent Walker to attend a meeting, convened by him, where we discussed Oracle's infringement claims. The meeting took place at Google's offices in Mountain View, California. Mr. Walker and Mr. Lee attended the meeting, along with Google top management and several Google engineers.

7. At the meeting, Mr. Walker asked me to continue to work under Mr. Lee's direction, and to work with Google engineer Dan Grove, also under Mr. Lee's direction, to gather information for Google's lawyers and management to consider in evaluating technology issues related to Oracle's infringement claims.

8. On August 6, 2011, at 11:05 a.m., I sent an email reporting to Mr. Lee and to Andy Rubin, who was then a Google Vice President in charge of Android, concerning certain topics that Mr. Walker and Mr. Lee had asked me and Mr. Grove to investigate. On information and belief, I understand that two copies of this document were listed on Google's privilege log as entries 2551 and 5513 and that one copy of it has been submitted *in camera* to the Court.

9. At the end of preparing my email, but before sending the email, I added the words "Attorney Work Product" and "Google Confidential" at the top. I then filled in the "To:" and "Cc:" fields. In the "To:" field I placed the email addresses of in-house lawyer Mr. Lee and of Mr. Rubin. In the "Cc:" field I put the email addresses of myself and of Dan Grove.

10. On information and belief, as I was writing the email, Google's electronic-mail computer system automatically saved several unfinished drafts of the email. I understand that eight of these "auto-saves" were produced inadvertently to Oracle and that one auto-save is listed on Google's privilege log as entry 5512. On information and belief, I understand that copies of the auto-saves have been submitted *in camera* to the Court.

11. The auto-saves represent "snapshots" of the email that I ultimately sent, taken at nine different stages of preparation during the roughly five-minute period between 11:01 a.m. and 11:05 a.m.

12. The eight inadvertently produced auto-saves have empty "To:" lines because adding the addresses of Mr. Lee and Mr. Rubin was one of the last things that I did. Those eight auto-saves likewise do not show the words "Attorney Work Product" or "Google Confidential" because adding those words was one of the last things that I did. The ninth (and latest in time) auto-save includes the phrases "Attorney Work Product" and "Google Confidential" in the body, and only the character "a" in the "To" field.

13. I understand that Oracle's motion seeks production of a document bearing production number GOOGLE-12-00039656. I have been shown that document and can confirm that it is not an auto-save of the email in question and is completely unrelated to any version of that email.

14. In sum, the documents sought by Oracle are really all one document, shown in different stages of preparation over the course of about five minutes. The documents constitute a communication to Google in-house attorney Ben Lee (among others), reporting investigations and analyses that Mr. Grove and I conducted at the request of Google General Counsel Kent Walker, under the supervision of Mr. Lee, and in anticipation of Oracle's threatened lawsuit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 17th, 2011.

By: _____
TIM LINDHOLM

3
CORRECTED DECLARATION OF TIM LINDHOLM CONCERNING THE AUGUST 6, 2010 EMAIL AND DRAFTS THEREOF
CASE NO. 3:10-cv-03561-WHA

576534.01