**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

August 18, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William H. Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Oracle opposes Google's request for leave to file a motion for summary judgment of the invalidity of U.S. Patent No. RE38,104 ("'104 patent"). Google's request is based on a mistaken interpretation of 35 U.S.C. § 251 and should be denied.

Under 35 U.S.C. § 251, a patentee may seek a reissue "enlarging the scope of the claims of the original patent" if the patentee claimed "less than he had a right to claim in the patent . . . ." The broadening reissue application must be "applied for within two years from the grant of the original patent." 35 U.S.C. § 251. "[T]he language 'applied for' refers to filing of an application" and not to filing of broadened claims. *In re Doll*, 419 F.2d 925, 928 (C.C.P.A. 1970). Therefore, "when a broadening reissue application [is] on file within the two year period, the claims could be further broadened after the two year period." *In re Fotland*, 779 F.2d 31, 34 (Fed. Cir. 1985). Filing a broadening reissue application places the public on notice of the patentee's intent to enlarge the scope of the claims. *See In re Graff*, 111 F.3d 874, 877 (Fed. Cir. 1997). Section 251 thus balances the patentee's opportunity to correct errors with the public's interest in ascertaining the scope of the patent rights. *See id.*

35 U.S.C. § 251 permits continuation reissue applications, which result in more than one reissued patent from one original patent. 35 U.S.C. § 251 ("The Director may issue

pa-1481184

MORRISON | FOERSTER

The Honorable William H. Alsup
August 18, 2011
Page Two

several reissued patents for distinct and separate parts of the thing patented . . . ."); *see In re Graff*, 111 F.3d at 876-77 (holding that section 251 places no additional burdens on continuations of reissue applications as compared to continuations of original applications). 35 U.S.C. § 120, which governs continuation applications, provides that:

> An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States . . . shall have the same effect, as to such invention, ***as though filed on the date of the prior application*** if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application.

(emphasis added). Thus a broadening reissue continuation application shall be treated as if it were filed on the date of its parent. So long as the public is placed on notice of the patentee's intention to enlarge the claims by the filing of a broadening reissue application within the two-year statutory period—thereby meeting the statutory requirements specific to reissue applications—there is no reason that the patentee cannot make further broadening changes in the claims afterwards. *See In re Doll*, 419 F.2d at 927-28; *In re Graff*, 111 F.3d at 876-77.

Google's interpretation of the law is squarely at odds with the United States Patent & Trademark Office's interpretation. The USPTO allows broadening claims in continuation reissue applications: "if intent to broaden is indicated in a parent reissue application within the two years, a broadened claim can be presented in a continuing (continuation or divisional) reissue application after the two year period." MANUAL OF PATENT EXAMINING PROCEDURE § 1412.03 (8th ed. 8th rev. July 2010).

The '104 patent meets all the requirements. It is a continuation of U.S. Patent No. RE36,204 ("'204 patent"), which is a broadening reissue of U.S. Patent No. 5,367,685 ("'685 patent"). The relevant prosecution history is as follows:

pa-1481184

MORRISON | FOERSTER

The Honorable William H. Alsup
August 18, 2011
Page Three

| | |
|---|---|
| November 22, 1994 | '685 patent issued |
| November 21, 1996 | '204 broadening reissue application filed |
| March 3, 1999 | '104 continuation reissue application filed |
| April 27, 1999 | '204 reissue patent issued |
| April 29, 2003 | '104 reissue patent issued |

Google's summary judgment motion must fail, because the patentee applied for a broadening reissue of the '685 patent within the statutory two-year period (in the form of the '204 reissue application) and the '104 reissue application was a timely filed continuation reissue application to the '204 patent that satisfied 35 U.S.C. § 120.

It is undisputed that the public had notice of the patentee's intent to broaden the '685 patent claims. The '204 reissue application included an oath by the inventor, which stated that the '685 patent was "partly inoperative because it claims less than I had a right to claim in the patent" and identified three ways in which the patentee intended to broaden the claims of the '685 patent. That oath was refiled in the '104 continuation reissue application, and the '104 prosecution history demonstrates that the claims in the '104 were directed at correcting the same errors identified in the oath.

The requirements of 35 U.S.C. § 251 were met. A broadening reissue application was filed within the two-year period, and broadened claims were presented afterwards, just as the law allows. *In re Doll*, 419 F.2d at 927-28. That the claims were presented in a continuation application is not relevant, because the continuation is treated as having been filed within the two-year period according to 35 U.S.C. § 120. Google's request for leave to file a motion for summary judgment of the invalidity of the '104 patent should be denied.

Respectfully submitted,

/s/ Michael A. Jacobs

Michael A. Jacobs

pa-1481184