MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

August 18, 2011

Writer's Direct Contact
650.813.5932
MDPeters@mofo.com

The Honorable William H. Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Oracle opposes Google's request for leave to move for summary judgment on Oracle's entitlement to damages under 35 U.S.C. § 287 as premature.

Under 35 U.S.C. § 287, a patentee who fails to mark a patented article is not entitled to damages for infringement prior to actual notice. But the marking statute does "not apply where the patent is directed to a process or method." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009). Google does not seek judgment with respect to the '205 patent, for which Oracle has asserted only method claims, essentially conceding that the marking statute does not apply to that patent. (ECF No. 310 at 2.)

The time is not yet ripe for the Court to rule as a matter of law on Oracle's compliance with Section 287, because whether and how the marking statute applies to the six other patents depends on facts that have yet to be determined. Of course, marking must be considered in a damages analysis, but it cannot be decided in the abstract.

That Google disputes that Oracle practiced the patents-in-suit means that summary judgment is not appropriate: there are insufficient undisputed facts on which it could be based. If there were no practice, then there was no marking obligation. Google cannot contend that Oracle *did* practice the patents for purposes of the marking statute and also

pa-1481249

MORRISON | FOERSTER

The Honorable William H. Alsup
August 18, 2011
Page Two

contend Oracle *did not* practice the patents for other purposes—such as the remarkable commercial success of Oracle's Java, which shows non-obviousness of the patents and demand for the inventions. Google cannot have it both ways. Whether Oracle's Java products used the patented technology is an intensely factual issue, and one not amenable to summary judgment. If, on a full factual record, Oracle products are shown to be embodiments of the patents, then the marking statute must be considered. If Google prevails on that issue, then the marking statute is irrelevant. These material disputed facts prevent summary judgment.

There are more reasons why Google's proposed motion is premature. Oracle continues to streamline the case for trial, having voluntarily reduced the number of asserted claims by almost twenty percent on August 8, 2011. The selection of which claims to present to the jury depends on information obtained through expert discovery, which closes on September 12, 2011. For example, Oracle is in the process of analyzing Google's invalidity defenses, some of which Google chose not to support in its expert reports (and presumably will drop from the case shortly). It may well be that for one or more patents, only method claims will be asserted, which would eliminate any need for the Court to analyze the marking statute with respect to such patents. *See Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083 (Fed. Cir. 1983) (holding that marking was not required when only method claims were found infringed even though the patent included both apparatus and method claims).

The fact that the date of actual notice cannot be established as a matter of law, as Google implicitly acknowledges in its précis, further shows that the issue is not ripe. The partial summary judgment that Google asks for is one in the abstract ("no damages before a date yet to be determined") that does not help either the damages experts or the jury. Proof

pa-1481249

MORRISON | FOERSTER

The Honorable William H. Alsup
August 18, 2011
Page Three

of compliance with the marking statute (if any is required) is part of Oracle's damages case. Oracle's revised damages expert report is due on September 12, and will account for any marking issues, just as the original report did. Although Google is not seeking to file a summary judgment motion on notice of alleged infringement, only marking, notice and marking under Section 287 is a technical point of patent law, and one very distinct from the question of notice for purposes of willfulness. As the evidence will show, some of which the Court has already seen, Google was well aware of its need to obtain a license from Sun—from Android's founders having taken a license at their previous company, from Google's licensing discussions with Sun, from the hundred-plus Sun Java engineers that Google hired (and some of whom then negotiated against Sun for a license), from the Sun inventors who joined Google—and there is much more.

Given the disputed facts regarding practice of the patents and the still-ongoing analysis, Google's proposed motion is not a proper vehicle for deciding as a matter of law how the marking statute applies in this case. Google's request for leave to file a motion for summary judgment on the patent statute should be denied.

Respectfully submitted,

*/s/ Michael A. Jacobs*

Michael A. Jacobs

pa-1481249