**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

August 18, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William H. Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:  *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Google's précis (ECF No. 312) seeks permission to file at least two motions for summary judgment, one on 35 U.S.C. § 271(c) (with two distinct issues) and one on § 271(f). Google's request to file a motion on Oracle's infringement allegations under § 271(c) should be denied, as such a motion would be unavailing.  As the supplier of the software component of infringing Android devices, Google is liable for contributory infringement under § 271(c).

Google argues that the Supreme Court's ruling in *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007), regarding the extraterritorial reach of U.S. patent law under § 271(f) should also be applied to domestic infringement under § 271(c).  Yet the Supreme Court never suggested that its ruling applied to § 271(c), Google points to no authority so holding, and one district court has specifically rejected such an application.  *Lucent Techs., Inc. v. Gateway, Inc.*, 509 F. Supp. 2d 912, 929-930 (S.D. Cal. 2007), *aff'd* 525 F.3d 1200 (Fed. Cir. 2008).

The *Microsoft* Court addressed the circumstances under which software supplied from the United States and combined with a computer overseas could trigger liability under § 271(f).  *Microsoft*, 550 U.S. at 450-452.  The Court held that only specific copies of software in tangible form (e.g., on a CD-ROM) supplied from the United States were

sf-3035363

MORRISON | FOERSTER

The Honorable William H. Alsup
August 18, 2011
Page Two

"combinable components" that would trigger overseas infringement liability. *Id*. The Court did not, however, apply its ruling to domestic infringement under § 271(c). Google's proposed expansion of the *Microsoft* ruling to § 271(c) would mark a dramatic contraction of contributory infringement liability as it applies to distributors of software in the U.S.

The Southern District of California in *Lucent* squarely rejected the argument that *Microsoft* applies to § 271(c):

> This Court has no reason to interpret [*Microsoft v.*] *AT&T* so expansively. One of the key concerns regarding § 271(f) is the effect of U.S. patent law on extraterritorial activities. . . . This concern does not infect § 271(c). While domestic patent laws more readily govern facilitation and inducement of infringement, § 271(f) is limited to components supplied for a combination that will be made outside the United States. There is no precedent for limiting the scope of § 271(c) to the limits placed on § 271(f).

*Lucent*, 509 F. Supp. 2d at 929-930. The court deferred to "the legislature to consider whether supplying software as an 'intangible' should be exempted from § 271(c)." *Id.*

The rules of statutory construction are not so rigid as Google suggests, and the term "component" need not be read identically under §§ 271(c) and 271(f). As recognized by the court in *Lucent*, supplying a *combinable* "component" giving rise to extraterritorial liability under § 271(f) is different from simply selling a "component" of a patented device in the United States. By offering source code and binary versions of the Android software for download and installation in the United States, Google is supplying "components" of the infringing Android devices and is liable as a contributory infringer under § 271(c).

Google also argues that its distribution of Android is not a sale or offer for sale, because Google does not charge for the Android software. Google is mistaken. Google distributes Android software under the Apache license, which contains certain terms and conditions for use (*see* http://www.apache.org/licenses/LICENSE-2.0.html). Google also imposes compatibility requirements on those Android implementers who wish to use the

sf-3035363

MORRISON | FOERSTER

The Honorable William H. Alsup
August 18, 2011
Page Three

Android trademarks. Distribution of the Android software subject to these license and compatibility terms is a sale or offer for sale, because the benefits derived by Google from these terms constitute valuable consideration in exchange for the software. A "standard computer software license" entitling the licensee to possess and use the software "may be tantamount to a sale." *In re Kollar*, 286 F.3d 1326, 1331 n.3 (Fed. Cir. 2002) (applying on-sale bar). Anything of value can serve as "consideration" for a commercial sale. *See* Restatement (Second) of Contracts §§ 75, 76 (consideration may be anything of value including a promise or a transfer of money or goods); *Colorado Nat'l Bank of Denver v. Bohm*, 286 F.2d 494, 496 (9th Cir. 1961) (recognizing "fundamental common law principle" that consideration is defined as the thing bargained for, whether money, promise, or other benefit). The fact that Google offers Android in exchange for promises and restrictions (as well as the lure of revenues flowing from advertisements), rather than cash, does not mean that Google is not offering and selling Android for purposes of § 271(c).

With respect to Google's proposed motion on § 271(f), Google filed its précis without having made any effort to raise that issue with Oracle to determine whether it could be wholly or partially resolved. If Google can demonstrate that it never ships copies of its Android software in a tangible form (as defined by the *Microsoft* Court) for installation on infringing devices overseas, then it may be possible for the parties to resolve the 271(f) issue without judicial intervention. If the parties are unable to resolve the proposed motion by August 25, Google should re-file its précis regarding 271(f) and Oracle will respond.

Respectfully submitted,

*/s/ Michael A. Jacobs*

Michael A. Jacobs

sf-3035363