MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE INC.<br><br>  Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OBJECTIONS TO EVIDENCE FILED BY GOOGLE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNT VIII OF PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date: September 15, 2011<br>Time: 2:00 pm<br>Dept: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

## I. INTRODUCTION

Plaintiffs object to the declarations filed by Defendants in support of Defendant's motion for summary judgment based on, but not limited to, Federal Rules of Evidence Rule 401, relevance; Rule 403, vague and ambiguous and unfairly prejudicial; Rule 602, lack of personal knowledge; Rule 702, expert opinion, and Rule 802, hearsay. Furthermore, Plaintiffs object to the Declaration of Owen Astrachan on the grounds that his opinions and testimony do not meet the standard for admissibility under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 589-93 (1993) and its progeny. Plaintiffs reserve the right to make additional or different objections to Defendants' declarations should Defendants articulate other reasons why these submissions are relevant and proper.

## II. SPECIFIC OBJECTIONS TO DECLARATIONS

### A. Declaration of Daniel Bornstein

| Paragraph & Line No. | Objections |
|---|---|
| ¶ 2 (page 1:12-14) | Lacks personal knowledge (Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602).<br><br>Mr. Bornstein's testimony that "Google decided to concentrate fully on the ground up solution using only new materials and publicly-available open-source materials" is inadmissible because Google has not provided evidence sufficient to support a finding that Mr. Bornstein has personal knowledge in the matter. For example, Mr. Bornstein testifies that "Google decided," but does not explain who at Google made the decision, how the decision came to be made, or whether he participated in the decision or otherwise has personal knowledge regarding it. Because the record does not support a finding that Mr. Bornstein's testimony is based on personal knowledge, it is inadmissible. |


| Paragraph & Line No. | Objections |
|---|---|
| ¶ 8 (page 2:20-23) | Lacks personal knowledge (Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602). <br><br> Mr. Bornstein's testimony that "The contractor was retained and instructed to write new code, reuse and improve original code created by Google, or import and improve code from permissively licensed (or equivalent) open source projects, such as eHarmony Project – but not from any proprietary materials, including Sun materials" is inadmissible because Google has not provided evidence sufficient to support a finding that Mr. Bornstein has personal knowledge in the matter.  Mr. Bornstein testifies that the contractor "was instructed," but does not explain who at Google gave the instructions, or whether he participated in giving the instructions or otherwise has personal knowledge regarding them.  In fact, during his deposition Mr. Bornstein previously testified that he could only "vaguely remember" the details of the Noser engagement and the statement of work to be done by Noser.  (Bornstein Dep. Tr. 147:13-149:8.)  Because the record does not support a finding that Mr. Bornstein's new testimony is based on personal knowledge, it is inadmissible. |
| ¶ 8 (pages 2:28-3:3) | Speculative and lacks personal knowledge (Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602); unsupported opinion testimony (Fed. R. Evid. 701, 702). <br><br> Mr. Bornstein's testimony that eight identified files "do not have any effect on the code that ships on Android devices" and that "there is no reason that these files would ever be present on Android phones" is |

| Paragraph & Line No. | Objections |
|---|---|
| | inadmissible because he does not give evidence sufficient to show that his opinions are rationally based on his perceptions or sufficient facts. Further, Mr. Bornstein does not explain how or why he came to these conclusions, nor does he say whether his opinions that the files do not have any "effect" and that there is "no reason" that the files would be present on Android phones are even based on facts of which he has personal knowledge. Because these opinions are speculative and unsupported by facts, they are inadmissible.<br><br>Mr. Bornstein's testimony that "Google removed these files from the Android platform" is inadmissible because Google has not provided sufficient evidence to support a finding that Mr. Bornstein has personal knowledge regarding the purported removal. Mr. Bornstein testifies that "Google" removed the files, but does not explain who at Google removed them, why or how they were removed, or whether he participated in removing the files or otherwise has personal knowledge regarding the purported removal. Because the record does not support a finding that Mr. Bornstein's testimony is based on personal knowledge, it is inadmissible. |
| ¶ 9 (page 3:7-8) | Speculative and lacks personal knowledge (Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602); unsupported opinion (Fed. R. Evid. 701, 702).<br><br>Mr. Bornstein's testimony that two identified files "appear to have been derived, at least in part from Harmony files" is inadmissible because he does not give evidence sufficient to show that his opinions are rationally |

| Paragraph & Line No. | Objections |
|---|---|
| | based on his perceptions or sufficient facts.  Mr. Bornstein does not explain how or why he came to this conclusion – it is unclear whether he compared the files side-by-side, for example.  Nor does Mr. Bornstein say whether his opinion that the files are derived from Harmony is based on facts of which he has personal knowledge.  Because this opinion is speculative and unsupported by testable facts, it are inadmissible.<br><br>Mr. Bornstein's testimony that "Google removed from these files comments that appear to have come from the original Harmony files" is inadmissible because Google has not provided sufficient evidence to support a finding that Mr. Bornstein has personal knowledge regarding the purported removal.  Mr. Bornstein testifies that "Google" removed the files, but does not explain who at Google removed them, why or how they were removed, or whether he participated in removing the files or otherwise has personal knowledge regarding the purported removal.  Because the record does not support a finding that Mr. Bornstein's testimony is based on personal knowledge, it is inadmissible. |

**B.     Declaration of Owen Astrachan**

| Paragraph & Line No. | Objections |
|---|---|
| Ex. 1 ¶ 62-86 | Relevance (Fed. R. Evid. 401); no probative value (Fed. R. Evid. 403); lacks personal knowledge (Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602); speculative and unsupported opinion (Fed. R. Evid. 701, 702); improper |

| Paragraph & Line No. | Objections |
|---|---|
| | expert testimony (*Daubert v. Merrell Dow Pharms.,* 509 U.S. 579). |
| | Paragraphs 62 through 79 of Prof. Astrachan's report tell stories about how he believes Sun and Oracle have implemented pre-existing APIs. Specifically, Prof. Astrachan testifies that (1) Sun purportedly implemented some spreadsheet functions that were developed in the late 1970's for use by investment bankers and other professionals, (2) since the 1990's certain Sun products have purportedly made use of Linux APIs, and (3) Oracle legacy database products since 1979 have purportedly made use of an IBM API.  None of this has anything to do with whether Google copied from the Java APIs, and it is all therefore inadmissible under Fed. R. Evid. 401. |
| | Prof. Astrachan's testimony is additionally inadmissible because there is no evidence sufficient to support a finding that Prof. Astrachan knows the purported facts from his personal knowledge.  Yet Google offers this testimony as fact, apparently to support an inference that APIs are not copyrightable, or, alternately, that if they are copyrightable, Sun and Oracle have themselves made use of similar works.  Google Motion at 14 n. 16.  This sort of bootstrapping is improper expert testimony and prohibited by Paragraph 12 of the Court's November 18, 2010 Case Management Order (Docket No. 56). |
| | Moreover, Prof. Astrachan's narratives are incomplete, because he does not explain the circumstances surrounding Sun's and Oracle's purported |

| Paragraph & Line No. | Objections |
|---|---|
| | uses of APIs from other software. Because Prof. Astrachan does not explain, for example, how Sun and Oracle purportedly used the APIs and whether their alleged uses were permissible under an license or other agreement, there is no way to test Google's implied conclusions. The evidence is accordingly inadmissible because it is misleading, a waste of time, and of no probative value. Fed. R. Evid. 403. |
| Ex. 1 ¶ 159 | Lacks personal knowledge (Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602); speculative and unsupported opinion (Fed. R. Evid. 701, 702); hearsay (Fed. R. Evid. 802); improper expert testimony (Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579).<br><br>Prof. Astrachan offers no expert opinion in this paragraph. Rather, he summarizes the contents of the two websites he cites. Such testimony is inadmissible and prohibited by Paragraph 12 of the Court's November 18, 2010 Case Management Order (Docket No. 56). Because Mr. Astrachan testifies to the contents of the websites for the truth of the matters asserted therein, the testimony is additionally inadmissible because it is hearsay. |
| Ex. 1 ¶ 162 (pages 86:27-87:2) | Lacks personal knowledge (Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602); speculative and unsupported opinion (Fed. R. Evid. 701, 702); hearsay (Fed. R. Evid. 802); improper expert testimony (Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579).<br><br>Prof. Astrachan's assertion that certain files were "removed from Android" is inadmissible unsupported and speculative opinion. Prof. Astrachan identifies no factual basis for this testimony, nor does he |

| Paragraph & Line No. | Objections |
|---|---|
| | provide evidence sufficient to support a finding that the testimony is made from his own personal knowledge. Nothing suggests that this is anything other than speculation. Yet Google proffers this testimony in support of its argument that the files were, in fact, removed. Google Motion at 23:9-12. This sort of bootstrapping is improper expert testimony and prohibited by Paragraph 12 of the Court's November 18, 2010 Case Management Order (Docket No. 56). |
| ¶ 165 (page 88:5-9); ¶ 167 | Lacks personal knowledge (Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602); speculative and unsupported opinion (Fed. R. Evid. 701, 702); hearsay (Fed. R. Evid. 802); improper expert testimony (Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579). <br><br>Prof. Astrachan's assertion in paragraph 165 that certain "test files" are "not distributed to consumers" is an inadmissible, unsupported, and speculative opinion. Prof. Astrachan repeats this assertion in paragraph 167 ("they are not used by or distributed to consumers"). The sole basis for this conclusion is Prof. Astrachan's speculative opinion in the immediately preceding sentence of paragraph 165 that "test files generally are not used by or distributed to consumers." Prof. Astrachan offers no facts or data to support the leap from his opinion that test files are *generally* not distributed to the conclusion that the specific test files at issue here are *certainly* not distributed. There is likewise no evidence sufficient to support a finding that Prof. Astrachan has personal knowledge that the specific files are not distributed to consumers. Google proffers this testimony to support its argument that the files are not, in |

| Paragraph & Line No. | Objections |
|---|---|
| | fact, distributed on Android phones. Google Motion at 23:9-13. This sort of bootstrapping is improper expert testimony and prohibited by Paragraph 12 of the Court's November 18, 2010 Case Management Order (Docket No. 56). |

Dated: August 19, 2011

Respectfully submitted,

MORRISON & FOERSTER LLP

By: /s/ *Marc David Peters*

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.