KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400
Facsimile: 415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY 10036
Telephone: 212.556.2100
Facsimile: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA 94105
Telephone: 415.318.1200
Facsimile: 415.318.1300

GREENBERG TRAURIG, LLP
IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
1900 University Avenue
East Palo Alto, CA 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>          Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DECLARATION OF LUIS VILLA, IV IN RESPONSE TO ORACLE AMERICA, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:     Hon. William Alsup |

I, Luis Villa, IV, declare as follows:

I am an associate in the law firm of Greenberg Traurig LLP, counsel to Google Inc. ("Google") in the present case. I submit this declaration in response to Oracle America, Inc.'s Administrative Motion to File Under Seal (Dkt. No. 340). I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently to the matters set forth herein.

1. I have reviewed Oracle America, Inc.'s Opposition to Google's Motion for Summary Judgment on Count VIII of Oracle's Amended Complaint ("Opposition") (Dkt. No. 339), Exhibits 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, and 16 to the Declaration of Roman A. Swoopes in Support of Oracle's Opposition to Google's Motion for Summary Judgment on Count VIII of Oracle's Amended Complaint ("Swoopes Declaration") (Dkt. No. 343), and Exhibits 1 and 2 to the Declaration of John C. Mitchell in Support of Oracle America, Inc.'s Opposition to Google's Motion for Summary Judgment on Count VIII of Oracle's Amended Complaint ("Mitchell Declaration") (Dkt. No. 341).

2. Exhibits 10, 14, 15 and 16 to the Swoopes Declaration, which Oracle America, Inc. ("Oracle") attaches to Oracle's Opposition, should be filed under seal. These materials either are or reference materials properly designated Confidential or Highly Confidential - Attorneys' Eyes Only pursuant to the Order Approving Stipulated Protective Order Subject to Stated Conditions entered in this case (Dkt. No. 68), and should be sealed for compelling reasons.

3. Swoopes Declaration Exhibit 10 should be filed under seal pursuant to the Order Approving Stipulated Protective Order Subject to Stated Conditions (Dkt. No. 68) governing this case because it discusses Google's core technologies, Google's relationships with mobile carries and handset manufacturers, and Google's business strategy with regards both to a specific partner and Android more generally. Disclosure of this information, which Google does not share publicly during the normal course of business, would cause great and undue harm to Google's business.

4. Swoopes Declaration Exhibit 14 should be filed under seal pursuant to the Order

1

Approving Stipulated Protective Order Subject to Stated Conditions (Dkt. No. 68) governing this case because it is the personal employment self-evaluation of a Google employee, discussing confidential information about the employee's career and aspirations that are not relevant to this case. Disclosure of this information, which neither Google nor the employee share publicly during the normal course of business, would cause great and undue harm to the employee and to Google's business.

5. Swoopes Declaration Exhibit 15 and 16 should be filed under seal pursuant to the Order Approving Stipulated Protective Order Subject to Stated Conditions (Dkt. No. 68) governing this case because they disclose confidential contractual information about both the outside contractor (who is not a party to this litigation) and to Google's negotiation of relationships with outside contractors. Disclosure of agreement terms and structure would provide an unfair advantage to Google's counterparties and competitors. Moreover, Google typically does not disclose the terms or structure of its contracts with its contractors without permission, in order to protect those contractors' confidential information. Release of these documents may also damage the contractor by providing its competitors with information about the contractor's fees in connection with certain types of tasks. As a result of these factors, disclosure of this information, which neither Google nor its contractor share publicly during the normal course of business, would cause great and undue harm to Google's business.

6. Google does not oppose Oracle's Administrative Motion and submits herewith a proposed Order Sealing Google Inc.'s Confidential Information. Disclosure of this material would cause great and undue harm to Google's business and to third parties.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on August 26, 2011 in Palo Alto, California.

LUIS VILLA, IV