MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
FRED NORTON (Bar No, 224725)
fnorton@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **SECOND DECLARATION OF FRED NORTON IN RESPONSE TO DECLARATIONS SUBMITTED ON BEHALF OF GOOGLE** |
| v. | |
| GOOGLE, INC. | Dept.:  Courtroom 4, 3rd Floor |
| Defendant. | Judge:  Honorable Donna M. Ryu |

I, FRED NORTON, declare as follows:

1. I am a partner with the law firm of Boies, Schiller & Flexner LLP, attorneys for plaintiff Oracle America, Inc. in the above captioned matter, and admitted to practice before this Court.

2. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently as to the matters set forth herein.

**Google Privilege Log Entries For Documents Authored By Mr. Lindholm**

3. I have read Mr. Lindholm's August 15, 2011, declaration and his August 17, 2011, corrected declaration. I understand that Mr. Lindholm states, on information and belief, the "auto-save" feature of Google's email system saved unfinished drafts of an email that he eventually sent on August 6, 2010, and that these "auto-saved" drafts are the documents at issue on Oracle's motion to compel. I further understand that Mr. Lindholm states, in paragraph 12, that in drafting that email "adding the addresses of Mr. Lee and Mr. Rubin was one of the last things I did" and that the "auto-saved" emails "do not show the words 'Attorney Work Product' or 'Google Confidential' because adding those words is one of the last things I did."

4. Google produced its Fifth Supplemental Privilege Log to Oracle on August 15, 2011, as an Excel spreadsheet. Members of my office staff, acting at my direction, used the Excel autofilter feature to isolate the log entries that identify Mr. Lindholm as the author. A true and correct copy of excerpts of the Google Fifth Supplemental Privilege Log that identify Mr. Lindholm as the author is attached as Exhibit 1. The log contains 856 separate entries listing Lindholm as the author, either as Lindholm_Tim, Tim Lindholm, or Tim Lindholm (lindholm@google.com).

5. As indicated on Exhibit 1, many entries authored by Mr. Lindholm have sequential document identification numbers, identical dates, identical recipients, identical copyees, and identical descriptions. These appear to be additional examples of "auto-saved" drafts.

6. Of the 856 entries identifying Mr. Lindholm as the author, in every example that appears to be an "auto-saved" draft, every single successive version of the document has the exact same content in the "To:" fields and the "cc:" fields, except for the three Lindholm Withheld Emails. That is, according to Google's privilege log, the only time that Mr. Lindholm ever drafted a privileged email and waited

1

SECOND DECLARATION OF FRED NORTON IN RESPONSE TO DECLARATIONS SUBMITTED ON BEHALF OF GOOGLE
CASE NO. CV 10-03561 WHA

until he was finished to add a lawyer's name and "Attorney Work Product" or "Google Confidential" was when he drafted his August 6, 2010 email.  The only apparently intended addressee in the salutation of that email (at least in the Lindholm Document that was quoted by Judge Alsup in open court on July 21) was Andy Rubin.

**Publication of Lindholm Document in Press and by Google**

7. Attached as Exhibit 2 hereto is a true and correct copy of a printout from http://googleblog.blogspot.com/2006/01/google-in-china.html, which purports to be an entry dated January 27, 2006 on the Official Google Blog.  That document states that in January 2006, Google launched a website for the Peoples' Republic of China, and that in order to do so, Google "agreed to remove certain sensitive information from our search results."  The document further states that "Chinese regulations will require us to remove some sensitive information from our search results. When we do so, we'll disclose this to users, just as we already do in those rare instances where we alter results in order to comply with local laws in France, Germany and the U.S."

8. Attached as Exhibit 3 is a true and correct copy of a printout from http://www.google.com/transparencyreport/faq/, which purports to be a page from the google.com domain describing Google's policies for removing content from its services, including web search.  On that web page Google states, among other things, the following:

> Do you ever remove content that violates local law without a court order or government request?
>
> Yes. The statistics we report here do not include content removals that we regularly process every day across our products for violation of our content policies (for example, we do not permit hate speech in Blogger and other similar products) in response to user complaints. In many cases these requests result in the removal of material that violates local law, independent of any government request or court order seeking such removal.

9. In my declaration dated August 15, 2010, I stated that Google itself continues to make the contents of the Lindholm Document widely available, and cited examples of Google searches, limited to the last month, that resulted in hundreds or thousands of references to the Lindholm Document, with

2

SECOND DECLARATION OF FRED NORTON IN RESPONSE TO DECLARATIONS SUBMITTED ON BEHALF OF GOOGLE
CASE NO. CV 10-03561 WHA

quotations of the allegedly privileged content appearing on the Google search page itself. I have since conducted those same searches, and as of the date of this declaration those facts are unchanged.

**Google's Characterization of the Purpose of the Lindholm Documents**

10. I have read Mr. Lee's August 15, 2011, declaration and his August 17, 2011, corrected declaration. I understand Mr. Lee states, in paragraphs 7 and 8 of his declaration, that Mr. Lindholm attended a meeting on July 30, 2010, the purpose of which was "to formulate a response to Oracle's infringement claims," and further states that Mr. Lindholm performed work after July 30 "on issues related to Oracle's infringement claims."

11. Mr. Lindholm's declaration states, at paragraph 7, that he was asked at the July 30 meeting to "gather information for Google's lawyers and management to consider in evaluating technology issues related to Oracle's infringement claims."

12. The Lindholm Document (GOOGLE-12-00039565) makes no reference to any infringement claims by Oracle.

13. At the discovery hearing on July 21, 2011, Google counsel Bruce Baber stated that "it's my understanding that the alternatives to Java that Mr. Lindholm was talking about were alternatives to the language, i.e. could we use a different programming language." (First Norton Decl. Ex. H at 34:19-23.) Similarly, at the *Daubert* hearing on July 21, 2011, Google counsel Robert Van Nest stated that "The alternatives we're talking about here [in the document] might be simply alternative languages" (First Norton Decl. Ex. I at 42:11-13) – not the infringement claims that Oracle asserted.

14. Oracle did not assert, before, on, or after July 20, 2010, that use of the Java programming language by Google would be infringement. Oracle has never asserted infringement claims against Google based on the use of the Java *language*.

15. As Oracle counsel Mr. Jacobs stated at the July 21, 2011 discovery hearing, the Lindholm Document "is very much an e-mail about negotiations, about negotiation strategy, and whether in the context of a negotiation about Android and Java intellectual property, it would be possible for Google to tell Oracle we've got viable alternatives, and this is why the price should go down. Literally it says that in the message." (First Norton Decl. Ex. H at 34:25-35:7.)

16. Attached as Exhibit 4 is a true and correct copy of a document that was produced by Google in this case, bearing Bates number GOOGLE-00392259 through 285. I understand that it is a presentation given by employees of Oracle to employees of Google on July 20, 2010, as described in the accompanying Declaration of George Simion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 19, 2011, at Oakland, California.

By: */s/ Fred Norton*
Fred Norton