# King & Spalding

1185 Avenue of the Americas
New York, New York  10036-4003
www.kslaw.com

Scott T. Weingaertner
Direct Dial:  (212) 556-2227
Direct Fax:   (212) 556-2222
sweingaertner@kslaw.com

August 30, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

      Re:    *Oracle America, Inc. v. Google Inc.*, Civil Action No. 3:10-cv-03561-WHA

Dear Judge Alsup:

      Google respectfully requests leave to file a motion to strike the portions of the Opening Expert Report of John C. Mitchell Regarding Patent Infringement (the "Mitchell Report") including infringement allegations that were never disclosed in any of the three versions of Oracle's Disclosure of Asserted Claims and Infringement Contentions ("ICs").

      The Patent Local Rules required Oracle to provide "[a] chart identifying *specifically* where *each limitation* of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1 (c) (emphasis added).  Despite availing itself of repeated opportunities to supplement its ICs, Oracle never supplemented them to add the material that Dr. Mitchell now includes in his expert report on infringement—even after being expressly warned by this Court of the consequences of failing to make full disclosure.  *See* April 6 2011 *Transcript of Proceedings* (Dkt No. 110) at 10:14–11:13 ("If you want to stand on your shifting sands, and they get shifted out from under you, then you just lose.  End of story.  So I'm not saying you will, but we've got those disclosure rules for a reason.  And if your -- if your disclosures aren't good enough, there won't be a second chance.  You just lose.").  Accordingly, the new infringement allegations in the Mitchell Report—served *over eight months* after Oracle's ICs

The Honorable William Alsup
August 30, 2011
Page 2

were due—should be stricken. *See Monolithic Power Sys. v. O2 Micro Int'l Ltd.*, No. 08-cv-04567, 2009 U.S. Dist. LEXIS 101035 (N.D. Cal. October 16, 2009) (granting a motion to strike portions of an expert report relating to products not identified in the infringement contentions).

As one example, the Mitchell Report now accuses of infringement Android source code files that were never identified in any of Oracle's ICs. For instance, in alleging infringement of claim 11 of the '104 patent, the Mitchell Report relies on source code files Class.c, DvmDex.h, DexFile.h, Object.c, Intern.c, Interp.c, and IntermpAsm-x86.S. Yet Oracle never identified any of these files in its ICs. Rather, the various versions of the ICs pointed to other files, and did not contain the portions of code now relied upon by Oracle. These new files are not merely "background," "context," or "evidence" in support of Oracle's allegations—they are completely new files that Oracle now alleges satisfy claim elements essential to Oracle's infringement theories. Under the Patent Local Rules, Oracle was required to disclose these theories over eight months ago. Yet Oracle delayed until after the close of fact discovery to include these allegations in the Mitchell Report, in direct violation of both the letter and the spirit of this Court's rules, which "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. 01-cv-4925, 2004 WL 5363616 at *4 (N.D. Cal. 2004).

As another example, the Patent Local Rules required Oracle to identify "[e]ach method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process." Patent L.R. 3-1(b). Again, the Mitchell Report now improperly alleges infringement by third-party devices that were never identified in any of Oracle's ICs.

The Honorable William Alsup
August 30, 2011
Page 3

      Oracle's intentional delay in disclosing its infringement theories has caused significant prejudice to Google, depriving Google of the opportunity to pursue discovery to address these new allegations.  At this stage in the case, the parties are supposed to be narrowing the case, not expanding it as part of expert discovery.  Oracle has had ample time to prepare this lawsuit and develop its infringement theories; the accused Android source code is publicly and openly available and has been since long before Oracle filed suit.  Dr. Mitchell himself notes in his report that he "participated in the analysis and preparation of" Oracle's ICs.  And as evidenced in its opposition of Google's motion to supplement its invalidity contentions, Oracle is well aware that changing "patent theories mid-stream" (or in this case, at the end-of-the-stream) would prejudice Google's trial planning.  (Dkt. No. 240 at 1.)  Thus Oracle has no excuse for failing to provide infringement contentions citing the source code files and products that now appear—for the first time—in the Mitchell Report, particularly after having multiple chances to supplement and in the face of this Court's warning.

      Oracle's stalling tactics, lack of diligence and failure to comply with this Court's rules should be rejected.  *See Volterra Semiconductor Corp. v. Primarion, Inc.*, No. C-08-05129 JCS, 2011 WL 2559612, *84 (N.D. Cal. 2011) (disclosure of new theories or accused products in an expert report does not excuse the obligation to supplement contentions).  For these reasons, Google seeks leave to file a motion for leave to strike portions of the Mitchell Report.

      Respectfully submitted,

      /s/ Scott T. Weingaertner
      Scott T. Weingaertner
      Counsel for Defendant Google Inc.