**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 1, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William H. Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:  *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Oracle opposes Google's request for leave to move to strike portions of the Opening Expert Report of John C. Mitchell Regarding Patent Infringement (the "Report"). The Report was fully supported by Oracle's infringement contentions ("ICs").

Google's first complaint is that Oracle's ICs never "identified" certain source code files that the Report cites. Analysis of Google's example demonstrates the opposite. In some cases, Google is flat-out wrong; the file *is* identified in the ICs. In other cases, the function implemented in the supposedly omitted file is identified in the ICs, thereby identifying by function the file in question. And in yet other cases, the function that is identified in the ICs is called by a function implemented in the file. In each case, the infringement theory is fully disclosed: Oracle has not changed "patent theories mid-stream," and no "sands" are "shifting."

Google's example concerns Oracle's contention that Android's symbolic reference resolution functions infringe claim 11 of the '104 patent. Space allows detail on only the first three of Google's supposedly omitted files:

**Class.c**: Oracle's ICs in fact identify Class.c (*see, e.g.*, ICs Ex. A at 20, 21 ("See the notes at the top of oo/Class.c")). The Report provides more detail by quoting the cited notes. (Report ¶ 234 ("This converts symbolic references into pointers.").)

pa-1483621

MORRISON | FOERSTER

The Honorable William H. Alsup
September 1, 2011
Page Two

**DvmDex.h**: Oracle's ICs quote from the Resolve.c source file (ICs Ex. A at 17-34). That source file (in its dvmResolveClass function) contains calls to the dvmDexGetResolvedClass and dvmDexSetResolvedClass functions (*id.* at 19, 21). The comments to those calls in the quoted source code make clear the called functions' involvement in symbolic reference resolution ("Check the table first -- this gets called from the other 'resolve' methods"; "Add what we found to the list so we can skip the class search next time through"). Those functions are implemented in the DvmDex.h source file. The Report provides more detail by quoting the DvmDex.h source code, but the ICs disclose the role of that code.

**DexFile.h**: Oracle's ICs quote from the Resolve.c source file, which (in its dvmResolveMethod function) contains a call to the dexGetMethodId function to obtain the resolved reference (*id.* at 22). The immediately preceding log message makes clear that function's role in symbolic reference resolution ("resolving method"). The dexGetMethodId function is implemented in the DexFile.h source file. The Report provides more detail by quoting the DexFile.h source code, but the ICs disclose the role of that code.

In short, Oracle's ICs identify with specificity how Android devices infringe the asserted claims. The Report illustrates those contentions with additional detail but does not provide new infringement theories. Google cites decisions concerning only *new theories* of infringement or invalidity; none say that expert reports cannot more fully illustrate or explain a theory disclosed in infringement contentions. Out-of-district authority supports Oracle. *See Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 U.S. Dist. LEXIS 17536, at *7 (E.D. Tex. Feb. 26, 2010) ("The scope of infringement contentions and expert reports are not . . . coextensive.").

pa-1483621

MORRISON | FOERSTER

The Honorable William H. Alsup
September 1, 2011
Page Three

      Google's second complaint is that the Report added third-party accused instrumentalities. Oracle's ICs accuse "mobile devices running Android" of infringement and list eight representative examples of such devices. In the litigation, Google has presented an "ostrich" defense: It disclaims any knowledge of the code that runs on Android mobile devices, *even though it releases fully operational Android code on its public web site with the intent that it be quickly adopted by mobile device makers*. Moreover, Google allows only compatible devices to bear the Android trademark. (*See* http://source.android.com/faqs.html ("Devices that are properly compatible can seek approval to use the Android trademark.").) To counter Google's defense, Prof. Mitchell examined sample Android devices and determined that Google's licensees did not modify the infringing functionality. The Report thus provides evidence to support the disclosed theory of infringement (*i.e.*, that mobile devices running Android infringe), not a new theory and not a new accused instrumentality.

      Oracle described its theory of infringement in ICs that span more than 400 pages and that were specific enough for Google to provide invalidity contentions and answer a noninfringement interrogatory. At a Court-directed meet and confer on the ICs, the undersigned also invited Google to pose any questions it wished if it had difficulty understanding Oracle's ICs. At no time did Google pose such queries. It is far too late for Google to complain about the level of specificity of Oracle's ICs. Oracle requests that the Court deny Google's request for leave.

Respectfully submitted,

*/s/ Michael A. Jacobs*

Michael A. Jacobs

pa-1483621