KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:     212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:     415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:     650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br>                           Plaintiff, <br><br>       v. <br><br> GOOGLE INC., <br><br>                           Defendant. | Case No. 3:10-cv-03561-WHA <br><br> **GOOGLE INC'S OBJECTIONS TO ORDER CLARIFYING ORDER REGARDING JURY SELECTION** <br><br> Judge:     Hon. William H. Alsup <br><br> Date Comp. Filed:     October 27, 2010 <br><br> Trial Date:     October 31, 2011 |

## REQUESTED RELIEF

Pursuant to the Court's Order Clarifying Order Regarding Jury Selection, dated August 30, 2011 ("Order"), defendant Google, Inc. ("Google") respectfully submits the following objections. Specifically, Google objects to the Court's tentative plan to use a pre-cleared venire for a scheduled criminal trial as the venire for trial of this case. Google respectfully requests that the jury selection process in this case begin with the broader venire that typically would be used in a civil case in this District, rather than the pre-cleared venire described in the Order.

## OBJECTIONS

On August 29, 2011, the Court issued an Order Regarding Jury Selection, informing the parties that it had a "second large criminal trial" scheduled to begin on October 17, 2011, and that, if the criminal trial "does not begin as scheduled on October 17, then jury selection in the instant civil action shall occur on October 19 and the opening day of trial will remain October 31." Order Regarding Jury Selection, Docket No. 366, at 1:16-18. The following day, in the Order Appointing Rule 706 Expert and Counsel, the Court noted that there was uncertainty as to whether the lengthy criminal trial would begin on October 17 as currently scheduled. Order Appointing Rule 706 Expert and Counsel, Docket No. 374, at 2:6. Accordingly, the Court explained that, if the criminal trial were continued, trial in this case would begin as scheduled on October 31 but would be bifurcated into liability and damages phases. Id. at 1:25-2:8. On the same day, the Court issued an Order clarifying its Order Regarding Jury Selection, stating that it would use a pre-clearance procedure for the criminal trial venire, which would then serve as the venire in this civil case, in the event the criminal trial is continued:

> To be clear, the Court is pre-clearing a large number of venire persons for a multi-month trial in the criminal case and these same venire persons would be used, though many less, for this civil case in the event the criminal trial had to be postponed. If any party objects to using this pre-cleared pool for this civil case, objections must be filed by **NOON** on **SEPTEMBER 6, 2011.**

Order at 1:16-19 (emphases in original).

Google respectfully objects to the use in this case of the criminal trial's pre-cleared group of prospective jurors, because that group necessarily would constitute a significantly less diverse pool of potential jurors than would otherwise be available for jury selection. The policy of

1

GOOGLE INC'S OBJECTIONS TO ORDER CLARIFYING ORDER REGARDING JURY SELECTION
CASE NO. 3:10-cv-03561-WHA

578094.01

1  providing all litigants in federal courts with juries selected at random from a "fair cross section"
2  of the community is well-established in United States law and fundamental to providing fair
3  trials.  *See* http://www.cand.uscourts.gov/juryselection (quoting 28 U.S.C. § 1861).  The Court's
4  proposed procedure—using only the group of potential jurors pre-cleared for a multi-month
5  criminal proceeding—is less likely to provide a fair cross section of the community than the
6  usual venire available in patent-infringement cases such as this one.  As a practical matter, most
7  potential jurors who ordinarily would be available to serve on a three-week civil trial will have
8  significant personal or professional commitments that may make them ineligible to serve in a
9  multi-month criminal trial.  Accordingly, the pre-cleared group will be smaller, less diverse, and
10 less representative than the broader group that would otherwise be available for selection.  *See*
11 *United States v. Warner,* 506 F.3d 517, 524 (7th Cir. 2007) (analyzing a study comparing jurors
12 in long and short federal trials and finding "a number of disquieting differences").
13        By contrast, the group of prospective jurors who could serve for the duration of a fifteen-
14 day trial will be significantly larger and more diverse, especially where those fifteen trial days
15 will be bifurcated into two smaller phases separated by several weeks.  To maximize the size and
16 diversity of the venire, enhance the qualify of the jury-selection process, and increase the
17 likelihood that the jury eventually selected will provide the parties with a fair cross section of the
18 community, Google respectfully requests that the Court not use the pre-clearance process
19 described in the Order.  Instead, Google asks that the Court employ the venire and jury-selection
20 process that the Court ordinarily would use for a three-week trial in a civil case of this nature.

22 Dated:  September 6, 2011                                      KEKER & VAN NEST LLP

                                                                 By: */s/ Robert A. Van Nest*
                                                                     ROBERT A. VAN NEST
                                                                     Attorneys for Defendant
                                                                     GOOGLE INC.