UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>          Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**[PROPOSED] ORDER RE RULE 706 EXPERTS**<br><br>Judge:          Hon. William H. Alsup<br><br>Date Comp. Filed:     October 27, 2010<br><br>Trial Date:          October 31, 2011 |

By an order dated August 30, 2001 this Court appointed Dr. James R. Kearl, pursuant to Rule 706 of the Federal Rules of Evidence, to serve as an independent expert to the Court on the subject of damages claimed by the parties in this action.  Mr. John L. Cooper of Farella, Braun + Martel LLP was appointed to serve as counsel to Dr. Kearl on a pro bono basis.  The purpose of Dr. Kearl's appointment is provide an independent professional analysis and view to assist the Court and the jury, in the event liability is found, in evaluating and assessing damages pursuant to the claims asserted in this action.  Dr. Kearl is to use his professional judgment to determine the magnitude of work required to meet the purpose of this appointment.  Dr. Kearl's assignment shall include, but not be limited to, the following:

1. Review of all materials necessary in order for Dr. Kearl to be personally and thoroughly informed as to all aspects of damage claims of the parties in this action.  Dr. Kearl may use assistants in conducting his work which assistants shall be compensated as provided in paragraph 9 of this Order.  To the extent they have not already done so, Mr. Cooper, Dr. Kearl, and any of Dr. Kearl's staff who will have access to confidential material of either party will sign the undertaking required under the Protective Order in this case regarding access to and review of confidential and highly confidential material.  Mr. Cooper will assist Dr. Kearl in obtaining from counsel for the parties the material Dr. Kearl seeks to review.  The full non privileged record in this matter shall be available to Dr. Kearl as he requests.

2. The parties have already provided to Mr. Cooper the expert damages report submitted by Dr. Iain M. Cockburn in May 2011, the parties' briefing on Google's Daubert motion regarding that report, and the order of this court dated July 22, 2011 resolving that motion.  The parties shall immediately produce to Mr. Cooper the following materials to be conveyed to Dr. Kearl:  a) a list of all depositions taken in this matter, including notices of all Rule 30(b)(6) depositions and the identity of the responding witnesses; b) a description by category of all documents produced by each party; c) copies of all substantive motions filed by the parties; d) copies of all documents filed in conjunction with any Markman hearings; e) copies of all expert reports filed in this matter; f) copies of all answers to interrogatories submitted by the parties; and g) copies of all responses to requests for admissions submitted by the parties.

3. Review each party's expert reports and all supporting materials submitted by each party's damages expert. When the parties serve expert reports on the other party they shall serve copies of those reports and all supporting materials on Mr. Cooper to be conveyed to Dr. Kearl. The parties shall make available to Dr. Kearl through Mr. Cooper the full record of materials on which their experts relied in preparing their reports and testimony.

4. Within a reasonable period of time after Dr. Kearl has received all reports of damages experts to be submitted by the parties, Dr. Kearl shall prepare and submit his separate expert report which will independently a) critique the damages expert reports submitted by each side, b) provide his own independent view of each issue raised or presented in the damages expert reports of the parties, and c) address each additional issue he believes should be evaluated in order to provide the jury with a complete and independent view of damages in this case. Mr. Cooper will be available to provide whatever assistance Dr. Kearl needs to obtain information and prepare his report.

5. The parties have the right to conduct discovery of Dr. Kearl to the same extent provided as to any other expert witness. Dr. Kearl may be deposed by the parties within a reasonable time following submission of his report. Mr. Cooper shall participate in such deposition to represent the interests of Dr. Kearl. Communication between Mr. Cooper and Dr. Kearl shall be privileged to the extent provided by Rule 26 of the Federal Rules of Civil Procedure. Oracle and Google, collectively, shall have no fewer than 7 hours to question Dr. Kearl, with the precise amount of time to be determined after the parties have the opportunity to review the scope of Dr. Kearl's expert report. Oracle and Google shall divide the allotted time equally. Mr. Cooper shall also have the opportunity to question Dr. Kearl at deposition. Following the completion of the deposition, Mr. Cooper shall submit the transcript of the deposition to the Court and the Court may direct additional questions to Dr. Kearl. Following the Court's questioning, the parties shall have the opportunity to direct follow up questions to Dr. Kearl within the scope of any questions asked by the Court.

6. Dr. Kearl shall be permitted to attend the depositions of the parties' damages experts in this matter, and Dr. Kearl's counsel shall be permitted to question the parties' damages

experts at those depositions.  The parties will meet and confer and seek the Court's guidance regarding the process, if any, by which Dr. Kearl, through Mr. Cooper, may submit proposed questions to the Court to be posed to the parties' experts at trial.

7.  While Dr. Kearl is not to function as a mediator, the Court is interested in full disclosure and understanding by Dr. Kearl of all issues relating to damages in this action.  In serving that interest, the parties are directed to agree to a procedure by which Dr. Kearl can communicate with each of the parties' expert witnesses in an informal off-the-record manner to address any ambiguities he may wish to have thus clarified.  Such informal communications shall not be subject to discovery or admissible in court, and shall be solely between the experts.

8.  Dr. Kearl will testify at trial subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure.  The parties will meet and confer and seek the Court's guidance regarding how Dr. Kearl's role at trial will be described to the jury.  Dr. Kearl will be presented in direct examination at trial by Mr. Cooper.  Each party will be permitted to cross examine Dr. Kearl as though he were an adverse expert witness.  The Court will direct questions to Dr. Kearl as it deems appropriate.

9.  Dr. Kearl shall be compensated on a monthly basis.  His professional fees and expenses shall be paid to Mr. Cooper, one half by each party within in thirty days of receipt of each of his monthly invoices.  Dr. Kearl shall submit his invoices and supporting materials, which shall include the invoices and supporting material of those persons assisting him, including the number of hours worked, the work performed, and the type of expenses incurred, to Mr. Cooper who will forward them to counsel for the parties for payment in accordance with this order.  The parties may contact Mr. Cooper to seek to negotiate reductions in Dr. Kearl's billing as they deem necessary or appropriate.

10.  Neither Dr. Kearl nor any of his assistants shall communicate directly with the parties or with the Court.  All communication Dr. Kearl has with the parties and the Court shall be conducted through Mr. Cooper.  The communication provided in paragraph 7 of this order shall not be between the parties but shall be professional communication between the experts which is conducted off-the-record.

1     11.     Neither Dr. Kearl nor any of his assistants shall incur any liability to the parties as
2  a result of their work on this matter.
3     IT IS SO ORDERED.
5  Dated:

_____
HON. WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE


/s/ Daniel Purcell_____
Filer's Attestation:  Pursuant to General Order
NO. 45, Section X.B. regarding non-filing
signatories, Daniel Purcell hereby attests that he has
obtained concurrence from counsel for Oracle
Corporation and Dr. James Kearl in the filing of this
proposed order.___.