IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>    Defendant.<br>_____ / | No. C 10-03561 WHA<br><br>**ORDER OVERRULING OBJECTIONS TO JURY SELECTION PROCEDURE** |

On August 30, the parties were informed that the Court is pre-clearing a large number of venire persons for a multi-month criminal trial, and that these same venire persons would be used for this civil case in the event the criminal trial had to be postponed. Objections to using the pre-cleared pool for this civil case were due on September 6. Oracle America, Inc. filed no objections, but Google Inc. did.

Google notes that many potential jurors "who ordinarily would be available to serve on a three-week civil trial" may have "significant personal or professional commitments" that would prevent them from serving in a multi-month criminal trial. Accordingly, Google predicts that the pre-cleared pool will be "less diverse" and "less representative" than the group that otherwise would be used. "To maximize the size and diversity of the venire, enhance the qualify [*sic*] of the jury-selection process, and increase the likelihood that the jury eventually selected will provide the parties with a fair cross section of the community, Google respectfully requests that the Court not use the pre-clearance process" (Dkt. No. 392).

1   Google's predictions about the composition of the pre-cleared pool may prove accurate, but Google has not identified any cognizable right that would be violated by using such a pool. Google cites the statutory declaration of jury policy: "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. 1861.  This policy does not require *maximizing* the diversity of a jury pool as Google requests;  it only requires that the pool constitute "a fair cross section of the community."  Google has not shown that the pre-cleared pool would not be a fair cross section of the community.

"In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979).  Google has not identified a "distinctive" group that would be excluded from the pre-cleared pool.  Groups that have been recognized as distinctive for purposes of this analysis typically are defined by race, ethnicity, gender, or some other discrete characteristic.  Google cites no authority showing that individuals with "significant personal or professional commitments" have been or should be recognized as a distinctive community group. Google's objections to using the pre-cleared pool are **OVERRULED**.

**IT IS SO ORDERED.**

Dated:  September 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE