**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER RE RULE 706 EXPERTS** |
| v. | Dept.: Courtroom 9, 19th Floor |
| GOOGLE, INC. | Judge: Honorable William Alsup |
|  | Date Comp. Filed: October 27, 2010 |
| Defendant. | Trial Date: October 31, 2011 |

1    By an order dated August 30, 2001, this Court appointed Dr. James R. Kearl, pursuant to Rule
2    706 of the Federal Rules of Evidence, to serve as an independent expert on the issue of damages
3    claimed by plaintiff Oracle America in this action.  Mr. John L. Cooper of Farella, Braun + Martel LLP
4    was appointed to serve as counsel to Dr. Kearl on a pro bono basis.  The purpose of Dr. Kearl's
5    appointment is to provide an independent professional analysis and view to inform the jury, in the event
6    liability is found, on the issue of damages on the claims asserted in this action.  Dr. Kearl is to use his
7    professional judgment to determine the magnitude of work required to meet the purpose of this
8    appointment.  Dr. Kearl's assignment will include, but not be limited to, and will be subject to the
9    following:

10   1.  Dr. Kearl may review any and all materials necessary for him to be personally and thoroughly
11   informed as to all aspects of the damages claims and analyses of the parties in this action.  Dr. Kearl
12   may use assistants in conducting his work, which assistants shall be compensated as provided in
13   paragraph 9 of this Order.  To the extent they have not already done so, Mr. Cooper, Dr. Kearl, and any
14   of Dr. Kearl's staff who will have access to confidential material of either party will sign the
15   undertaking required under the Protective Order in this case regarding access to and review of
16   confidential and highly confidential material.  Mr. Cooper will assist Dr. Kearl in obtaining from
17   counsel for the parties any material Dr. Kearl seeks to review.  The full, non-privileged record in this
18   matter will be available to Dr. Kearl as he requests.

19   2.  The parties have already provided to Mr. Cooper the expert damages report submitted by Dr.
20   Iain M. Cockburn in May 2011, the parties' briefing on Google's Daubert motion regarding that report,
21   the transcript of the July 21, 2011 hearing on that motion, and the order of this court dated July 22,
22   2011 resolving that motion.  The parties will immediately produce to Mr. Cooper the following
23   additional materials to be conveyed to Dr. Kearl:  a) a list of all depositions taken in this matter,
24   including notices of all Rule 30(b)(6) depositions and the identity of the responding witnesses; b) a
25   description by category of all documents produced by each party; c) copies of all substantive motions
26   filed by the parties; d) copies of all documents filed in conjunction with any Markman hearings; e)
27   copies of all expert reports filed in this matter; f) copies of all answers to interrogatories submitted by
28   the parties; and g) copies of all responses to requests for admissions submitted by the parties.

1	3. Dr. Kearl may review each party's expert reports and all supporting materials submitted by each
2	party's damages expert or experts. When the parties serve expert reports on the other party, they will
3	serve copies of those reports and all supporting materials on Mr. Cooper to be conveyed to Dr. Kearl.
4	The parties will make available to Dr. Kearl through Mr. Cooper the full record of materials on which
5	their experts relied in preparing their reports and testimony.

6	4. By November 14, 2011, Dr. Kearl will prepare and submit a separate expert report which will
7	independently a) critique the damages expert reports submitted by each side, b) provide his assessment
8	of any or all issues raised or presented in the damages expert reports of the parties, and c) address each
9	additional issue he believes should be evaluated in order to provide the jury with a complete and
10	independent view of damages in this case. Mr. Cooper will be available to provide whatever assistance
11	Dr. Kearl needs to obtain information and prepare his report.

12	5. The parties will have the right to conduct discovery of Dr. Kearl to the same extent as any other
13	expert witness. The parties will complete Dr. Kearl's deposition by November 23, 2011, subject to a
14	possible reasonable extension depending on the date on which the Court schedules the trial on damages.
15	Mr. Cooper will participate in such deposition to represent the interests of Dr. Kearl. Communication
16	between Mr. Cooper and Dr. Kearl will be privileged to the extent provided by Rule 26 of the Federal
17	Rules of Civil Procedure. Oracle and Google, collectively, will have no fewer than 7 hours to question
18	Dr. Kearl, with the precise amount of time to be determined after the parties have the opportunity to
19	review the scope of Dr. Kearl's expert report. Oracle and Google will divide the allotted time equally.
20	Mr. Cooper will also have the opportunity to question Dr. Kearl at deposition. Following the
21	completion of the deposition, Mr. Cooper will submit the transcript of the deposition to the Court and
22	the Court may direct additional questions to Dr. Kearl. Following the Court's questioning, the parties
23	will have the opportunity to direct follow up questions to Dr. Kearl within the scope of any questions
24	asked by the Court.

25	6. Dr. Kearl will be permitted to attend the depositions of the parties' damages experts in this
26	matter, and Mr. Cooper, as Dr. Kearl's counsel, will be permitted to question the parties' damages
27	experts at those depositions. The parties will meet and confer and seek the Court's guidance regarding
28

1  the process, if any, by which Dr. Kearl, through Mr. Cooper, may submit proposed questions to the
2  Court to be posed to the parties' experts at trial.

3      7.   While Dr. Kearl is not to function as a mediator, the Court is interested in full disclosure and
4  understanding by Dr. Kearl of all issues relating to damages in this action.  In serving that interest, the
5  parties are directed to agree to a procedure by which Dr. Kearl can communicate with each of the
6  parties' expert witnesses in an informal off-the-record manner to address any ambiguities he may wish
7  to have clarified.  Such informal communications will not be subject to discovery or admissible in
8  court, and shall be solely between the experts.

9      8.   Dr. Kearl will testify at trial subject to the provisions of Rule 26 of the Federal Rules of Civil
10 Procedure.  The parties will meet and confer and seek the Court's guidance regarding how Dr. Kearl's
11 role at trial will be described to the jury.  Dr. Kearl will be presented in direct examination at trial by
12 Mr. Cooper.  Each party will be permitted to cross examine Dr. Kearl as though he were an adverse
13 expert witness.  The Court will direct questions to Dr. Kearl as it deems appropriate.

14     9.   Dr. Kearl will be compensated on a monthly basis.  His professional fees and expenses will be
15 paid to Mr. Cooper, one half by each party within in thirty days of receipt of each of his monthly
16 invoices.  Dr. Kearl will submit his invoices and supporting materials, which will include the invoices
17 and supporting material of those persons assisting him, including the number of hours worked, the work
18 performed, and the type of expenses incurred, to Mr. Cooper, who will forward them to counsel for the
19 parties for payment in accordance with this order.  The parties may contact Mr. Cooper to seek to
20 negotiate reductions in Dr. Kearl's billing as they deem necessary or appropriate.

21     10. Neither Dr. Kearl nor any of his assistants will communicate directly with the parties or with the
22 Court.  All communication Dr. Kearl has with the parties and the Court will be conducted through Mr.
23 Cooper.  The communications discussed in paragraph 7 of this order will not be between the parties but
24 will be professional communication between the experts off the record.

11. Neither Dr. Kearl nor any of his assistants will incur any liability to the parties as a result of their work on this matter.

IT IS SO ORDERED.

Dated:_____

                                      HON. WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE

/s/ Steven C. Holtzman
Filer's Attestation: Pursuant to General Order NO. 45, Section X.B. regarding non-filing signatories, Steven C. Holtzman hereby attests that he has obtained concurrence from counsel for Google Inc. and Dr. James Kearl in the filing of this proposed order.