# Exhibit C

| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - #84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - #184325<br>canderson@kvn.com<br>DANIEL PURCELL - #191424<br>dpurcell@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second St., Suite 2300<br>San Francisco, CA 94105<br>Tel: 415.318.1200<br>Fax: 415.318.1300 |
| KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (*Pro Hac Vice*)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212.556.2100<br>Fax: 212.556.2222 | IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Tel: 650.328.8500<br>Fax: 650.328-8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>               Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DECLARATION OF TIM LINDHOLM IN RESPONSE TO DECLARATION OF FRED NORTON**<br><br>Judge:   Hon. Donna M. Ryu<br><br>Date Comp. Filed:   October 27, 2010<br><br>Trial Date:   October 31, 2011 |

I, Tim Lindholm, state:

1. I have been employed since 2005 by Google as a Software Engineer in the Systems Infrastructure group at Google. I submit this Declaration to respond to Oracle's assertions in the Norton Declaration regarding my involvement with Android.

2. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

3. Before coming to Google in 2005, I was employed by Sun Microsystems ("Sun") as a Distinguished Engineer.

4. Oracle's Norton Declaration asserts that I was "involved in Android from the very beginning of [my] employment at Google." Norton Decl. ¶ 11. In support of this assertion, the declaration quotes and attaches as exhibits several emails from July 2005 to April 2006, all of which contain my name or address in the "To" or "From" field. Norton Decl. ¶ 11, Exs. A-G.

5. The emails in the Norton Declaration reflect my role as an ancillary advisor to the Android team in the mid-2005 to the mid-2006 timeframe. During that time, I understand that Google and Sun were discussing a business and technology partnership. Because of my then-recent employment at Sun, I was asked and was able to provide introductions between my former colleagues at Sun and my new colleagues at Google. I also provided occasional, general advice upon request to certain members of the Android team during that timeframe. My involvement with Android did not extend beyond those activities during that timeframe, and I did not play a critical or necessary role in those discussions between Google and Sun. I did not have then nor have I ever had any authority to make any decisions related to the business strategy of Android. I have never made any decisions related to the business strategy of Android.

6. I have never participated in the design, development, or implementation of the Android platform. Further, there is no connection between my involvement in the Google and Sun discussions of 2005 and 2006, discussed in paragraph 5, and the e-mail I drafted on August 6, 2010 and the work that led to it.

7. In preparing my August 6, 2010 email and drafts thereof, I was not intending to

1
DECLARATION OF TIM LINDHOLM IN RESPONSE TO DECLARATION OF FRED NORTON
CASE NO. 3:10-cv-03561-WHA

576583.01

give general business advice to anyone in connection with Android's ongoing business operations. The email and drafts thereof report investigations and analysis that Google engineer Dan Grove and I conducted at the request of Google in-house attorney Ben Lee and Google General Counsel Kent Walker, in order for Mr. Lee and Mr. Walker to develop legal advice and convey that advice to Google's executive management. At the request of Mr. Lee and Mr. Walker, and under Mr. Lee's supervision, Mr. Grove and I gathered certain information for Google's lawyers and management to consider in evaluating technology issues related to Oracle's infringement claims. My August 6, 2010 email and drafts thereof were intended to be, and were, a communication to Mr. Lee (among others) reporting on that investigation in anticipation of Oracle's threatened lawsuit.

8. I understood that the purpose of my investigation of these issues was to assist Google's in-house counsel in formulating Google's legal analysis related to specific infringement claims made by Oracle. Similarly, I understood that the results I reported to Mr. Lee would assist Google's in-house counsel in formulating Google's legal analysis of Oracle's specific infringement claims.

I declare under penalty of perjury that the foregoing facts are true and correct and that this declaration was executed at Mountain View, California on August 19, 2011.

By: _____
TIM LINDHOLM