# Exhibit D

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

v.

GOOGLE INC.,

    Defendant.
                               /

No. C 10-03561 WHA

**ORDER GRANTING IN PART MOTION TO STRIKE DAMAGE REPORT OF PLAINTIFF EXPERT IAIN COCKBURN**

## INTRODUCTION

In this patent and copyright infringement action involving features of Java and Android, defendant moves to exclude the report and testimony of plaintiff's damages expert. For the following reasons, the motion is largely **GRANTED**.

## STATEMENT

The claims asserted in this action relate to the Java software platform, which was described in the claim construction order (Dkt. No. 137). The seven asserted patents purportedly cover inventions that improve the efficiency and security of Java. The copyright claim concerns the allegedly expressive elements of source code for Java class libraries. Java was developed by Sun Microsystems, Inc., in the 1990s, and it has become one of the world's most popular software platforms. By using a "virtual machine," Java enabled software developers to write programs that were able to run on a variety of different types of computer hardware. Java is commonly used on desktop computers to facilitate compatibility with application programs distributed through the

On May 21, 2011, one day after the deadline for serving "all of its damages report," Oracle served the expert report of Dr. Iain M. Cockburn (Weingaertner Decl. ¶ 1; Dkt. No. 56 at ¶¶ 8–9). Dr. Cockburn, who is a professor of finance and economics at Boston University, provided an opinion on the damages to Oracle due to the alleged patent and copyright infringement asserted in this action (Weingaertner Exh. A at ¶¶ 1, 4). Using the Nash bargaining solution and other economic analysis, Dr. Cockburn purported to calculate what a reasonable royalty for the alleged infringement might be. He opined that the fair market value of a license reached through hypothetical negotiations at the time infringement began would be "at least $1.4 billion" and "could be as much as $6.1 billion," "depending on different assumed fact scenarios." He further opined that "the most likely hypothetical license negotiation outcome in this case would have been a total royalty with a net present value of approximately $2.6 billion," structured as "an up-front payment of $0.9 billion to $1.4 billion" plus "a share of revenues attributable to Android . . . between 10 and 15 percent" (*id.* at ¶¶ 9.5–9.6). Google now seeks to exclude Dr. Cockburn's damages testimony.

## ANALYSIS

An expert witness may provide opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FRE 702. District courts thus "are charged with a 'gatekeeping role,' the objective of which is to ensure that expert testimony admitted into evidence is both reliable and relevant." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008).

Here, Google seeks to exclude the economic opinion testimony of Oracle's damages expert. The parties contest a myriad of items in addition to Google's several basic challenges. This order cannot address every point of contention. Instead, this order focuses on some of the fundamental flaws in Dr. Cockburn's expert report that render his opinion testimony unfit for the jury.