# Exhibit E

Pages 1 - 32

United States District Court

Northern District of California

Before The Honorable Donna M. Ryu

| | |
|---|---|
| Oracle America, Incorporated, ) ) ) Plaintiff, ) ) vs. ) Google, Incorporated, ) ) Defendant. ) _____ ) | No. C10-3561 DMR |

San Francisco, California
Thursday, August 25, 2011

### Reporter's Transcript Of Proceedings

**Appearances:**

For Plaintiff:   Boies, Schiller & Flexner, LLP
                 1999 Harrison Street, Suite 900
                 Oakland, California  94612
           By:   **William Fred Norton, Jr., Esquire**
                 **Steven Christopher Holtzman, Esquire**
                 **Meredith Richardson Dearborn, Esquire**

                 Oracle, USA, Incorporated
                 Legal Department
                 500 Oracle Parkway, Esquire
                 Redwood City, California  94065
           By:   **Deborah K. Miller, Esquire**
                 **Andrew Temken, Esquire**

(Appearances continued on next page.)

*Reported By:*   *Sahar Bartlett, RPR, CSR No. 12963*
                 *Official Reporter, U.S. District Court*
                 *For the Northern District of California*

(Computerized Transcription By Eclipse)

*Sahar Bartlett, C.S.R. No. 12963, RPR*
*Official Court Reporter, U.S. District Court*
*(415) 626-6060*

```
 1  Appearances (continued):

 2  For Defendant:         Keker & Van Nest
                           710 Sansome Street
 3                         San Francisco, California  94111
                     By:   Christa M. Anderson, Esquire
 4                         Reid Mullen, Esquire

 5                         Google, Incorporated
                           1600 Amphitheatre Parkway
 6                         Mountain View, California  94043
                     By:   Renny Hwang, Esquire
 7

 8

 9                         ---oOo---

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1
2
3        THE COURT: [redacted]
4
5
6
7
8
9
10
11
12
13
14
15            The other point I want to make is, it may well be
16   that -- that what is said in the declarations is completely
17   accurate, as to presentation of -- by Oracle and meetings that
18   followed and directions to -- to people to gather technological
19   or other -- well, to gather information in anticipation of
20   litigation, but that doesn't mean that this e-mail fell within
21   that category.
22
23
24
25



23       MS. ANDERSON:  Yes.

24       It appears from Your Honor's comments and throughout

25  the course of argument that there is a concern from Your Honor

1   perhaps about the honesty or integrity or credibility of some
2   of these declarations.
3           **THE COURT:**  No, actually, quite to the contrary.
4           I -- I don't know that I -- what I said earlier in
5   my announcement of the tentative is that it may well be that
6   Mr. Lee and Mr. Lindholm worked on something together that came
7   out of that Oracle presentation and that may, you know, if
8   something were presented to me, might have fallen under the
9   attorney-client privilege or Work Product Doctrine; I'm not
10  precluding that that possibility exists and that those
11  declarations are talking about that, but Google has not
12  connected the dots to show that this e-mail was part of that.
13          There may have been other things going on; Mr. Lee
14  and Mr. Lindholm may have been communicating about other things
15  that had nothing to do with direction by an attorney or seeking
16  legal advice or that kind of thing.  It's Google's burden, as
17  I've been pointing out all along.  So I don't need to reach the
18  question of whether somebody is not credible or is lying, or
19  anything like that.



Case 3:10-cv-03561-WHA   Document 408-5   Filed 09/08/11   Page 7 of 7

### CERTIFICATE OF REPORTER

I, Sahar Bartlett, Official Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing. The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.


/s/ Sahar Bartlett
-----------------

Sahar Bartlett, RPR, CSR No. 12963

Tuesday, August 30, 2010