KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
STEVEN A. HIRSCH - #171825
shirsch@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Tel:     415.391.5400
Fax:    415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                              Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION RE:  GOOGLE'S NON-LIABILITY UNDER 35 U.S.C. § 271(f)**<br><br>Hearing Date: October 13, 2011<br>Time of Hearing:  8 a.m.<br>Judge:  Hon. William Alsup<br><br>Date Comp. Filed:  October 27, 2010<br>Trial Date:  October 31, 2011 |

MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION RE:  GOOGLE'S
NON-LIABILITY UNDER 35 U.S.C. § 271(f)
CASE NO. 3:10-cv-03561-WHA

578390.01

**NOTICE OF MOTION AND MOTION.**  Notice is hereby given to plaintiff Oracle America, Inc. ("Oracle") and to its attorneys of record that on October 13, 2011 at 8 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, defendant Google Inc. ("Google") will and hereby does move the Court for partial summary judgment and/or summary adjudication on the ground that Google is entitled as a matter of law to a judgment that Google is not liable to Oracle under 35 U.S.C. § 271(f) with respect to any patent-infringement claim asserted in this action.  The hearing will take place in Courtroom 9 on the Nineteenth Floor of the Courthouse at 450 Golden Gate Avenue, San Francisco, California.  This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Patrick Brady, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

**STATEMENT OF RELIEF SOUGHT.**  Google seeks an order granting partial summary judgment and/or adjudication that Google is not liable to Oracle under 35 U.S.C. § 271(f) with respect to any patent-infringement claim asserted in this action.

## BRIEF IN SUPPORT OF MOTION

### I. INTRODUCTION AND ISSUE TO BE DECIDED

The United States Supreme Court held in *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007), that extraterritorial patent-infringement liability does not arise under 35 U.S.C. § 271(f) where allegedly infringing software, supplied from the United States to foreign device manufacturers, must be copied by those manufacturers before it can be loaded onto their manufactured devices.  It is undisputed that Google furnishes Android software to foreign device makers by one method only: by making it available for download from the Internet.  Downloading the software necessarily requires the foreign manufacturer to copy it.  Thus, the copy that is loaded into the foreign-made device is not supplied from the United States by Google, and, as a matter of law, Google cannot be held liable for infringing Oracle's patents under § 271(f).

Accordingly, the Court should grant partial summary judgment and/or adjudication that Google is not liable to Oracle under 35 U.S.C. § 271(f) with respect to any patent-infringement

claim asserted in this action.

## II. STATEMENT OF UNDISPUTED, MATERIAL FACTS

The undisputed facts supporting this motion are contained in the accompanying Declaration of Patrick Brady.  Mr. Brady is the Director of Google's Android Partner Engineering Team (the "Partner Team").[1]  Mr. Brady declares that the following facts are true:

- The Partner Team is responsible for Android partnerships with mobile handset and tablet-computer manufacturers, silicon vendors, and mobile network operators.[2]

- In 2007, the Partner Team developed a process for sharing Android source code—developed and open-sourced by Google and the Open Handset Alliance—with third parties, including device manufacturers.  Under this process, Google uploads and makes available Android source code to foreign device manufacturers over the Internet via source-code servers.  **This is the *only* process that Google has used to make Android source code available to foreign device manufacturers.**[3]  **Google has not made Android source code available to foreign device manufacturers on any physical medium.**[4]

- Also in 2007, the Partner Team developed a process for sharing Android binary code with third parties, including device manufacturers.  Under this process, Google uploads Android binary code to servers and makes the binary code available to foreign device manufacturers over the Internet.  **This is the *only* process that Google has used to make Android binary code available to foreign device manufacturers.**[5]  **Google has not made Android binary code available to foreign device manufacturers on any**

---

[1] Declaration of Patrick Brady in Support of Defendant Google Inc.'s Motion for Summary Judgment and/or Summary Adjudication Re:  Google's Non-Liability under 35 U.S.C. § 271(f) ("Brady Decl."), ¶ 1.  Mr. Brady also is Google's Rule 30(b)(6) designee in this action on selected topics relating to Android, and was deposed in that capacity earlier this year. *Id.*, ¶ 1.

[2] Brady Decl., ¶ 3.

[3] Brady Decl., ¶ 4.

[4] Brady Decl., ¶ 5.

[5] Brady Decl., ¶ 6.

2
MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION RE:  GOOGLE'S NON-LIABILITY UNDER 35 U.S.C. § 271(f)
CASE NO. 3:10-cv-03561-WHA

578390.01

- **physical medium.**[6]
- Foreign device manufacturers obtain Android by downloading the code from the previously described servers. Downloading the code necessarily involves copying it—otherwise the code would disappear from the website after the first download. Thus, foreign device manufacturers have to copy Android code before loading it onto their devices.[7]
- Android code does not become functional until it is loaded onto a physical device.[8]

### III.     ARGUMENT

**A.     Under the rule in *Microsoft Corp. v. AT&T*, Google cannot be held liable under 35 U.S.C. § 271(f), because foreign device manufacturers must copy Android software before they can load it on their devices.**

"It is a longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869, 2877 (2010) (citations and internal quotation marks omitted). "When a statute gives no clear indication of an extraterritorial application, it has none"[9]—and, conversely, "when a statute provides for some extraterritorial application, the presumption against extraterritoriality operates to limit that provision to its terms." *Id.* at 2883. This is the essence of the Supreme Court's decision in *Microsoft*, which applied the presumption against extraterritoriality to 35 U.S.C. § 271(f). Under the rule in *Microsoft*, there can be no section 271(f) liability in the present case.

In *Microsoft*, the Supreme Court began its analysis by observing that "[i]t is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country." *Microsoft*, 550 U.S. at 441. There is an "exception" however, in section 271(f), which provides that infringement does occur "when one 'supplies . . . from the United States,' for 'combination' abroad, a patented invention's 'components.'" *Id.* (quoting 35

---

[6] Brady Decl., ¶ 7.
[7] Brady Decl., ¶ 8.
[8] Brady Decl., ¶ 9.
[9] *Morrison*, 130 S. Ct. at 2878.

3
MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION RE: GOOGLE'S NON-LIABILITY UNDER 35 U.S.C. § 271(f)
CASE NO. 3:10-cv-03561-WHA

578390.01

U.S.C. § 271(f)(1)).[10]  "Recognizing that § 271(f) is an exception to the general rule that our patent law does not apply extraterritorially," the Supreme Court has "resist[ed] giving the language in which Congress cast § 271(f) an expansive interpretation."  *Microsoft*, 550 U.S. at 442.

Adhering to its narrow reading of the section 271(f) exception, the Supreme Court held in *Microsoft* that a party does not infringe section 271(f) by supplying from the United States software that must be copied abroad by a foreign manufacturer before it can be loaded onto that manufacturer's hardware.  *See Microsoft*, 550 U.S. at 449-54.  The Supreme Court reasoned that, "[b]ecause Microsoft does not export from the United States the copies actually installed, it does not 'suppl[y] . . . . from the United States' 'components' of the relevant computers, and therefore is not liable under § 271(f) as currently written."  *Id*. at 442.

In *Microsoft*, AT&T alleged that Microsoft's Windows operating system, when installed on a computer, enabled that computer to digitally encode and compress human speech in the manner claimed by AT&T's patent.  *Id*. at 441-42.  Microsoft supplied Windows to foreign manufacturers by sending each of them a "master version . . . , either on a disk or via encrypted electronic transmission."  *Id*. at 445.  The foreign manufacturer then used the master version to

---

[10] Section 271 (f) states:

> (1) **Whoever** without authority **supplies** or causes to be supplied in or **from the United States all or a substantial portion of the components of a patented invention**, where such components are uncombined in whole or in part, **in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe** the patent if such combination occurred within the United States, **shall be liable as an infringer**.
>
> (2) **Whoever** without authority **supplies** or causes to be supplied in or **from the United States any component of a patented invention that is especially made or especially adapted for use in the invention** and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, **knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe** the patent if such combination occurred within the United States, **shall be liable as an infringer**.

Emphases added.

4
MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION RE:  GOOGLE'S
NON-LIABILITY UNDER 35 U.S.C. § 271(f)
CASE NO. 3:10-cv-03561-WHA

578390.01

generate copies, and "[t]hose copies, not the master sent by Microsoft, [were] installed on the foreign manufacturer's computers." *Id.*

The Supreme Court parsed the statute, noting that it "applies to the supply abroad of the 'components of a patented invention, where *such components* are uncombined in whole or in part, in such manner as to actively induce the combination of *such components*.'" *Id.* at 449 (emphases in original) (quoting 35 U.S.C. § 271(f)(1)). Congress's use of the phrase "such components" showed that "the *very components* supplied from the United States, and *not copies thereof*, trigger § 271(f) liability when combined abroad to form the patented invention at issue." *Microsoft*, 550 U.S. at 453 (emphases added).

Applying this interpretation to the facts before it, the Supreme Court observed that "Windows software—indeed any software detached from an activating medium—remains uncombinable" "[u]ntil it is expressed as a computer-readable 'copy,' *e.g.*, on a CD-ROM." *Id.* at 449. Prior to that time, "[i]t cannot be inserted into a CD-ROM drive or downloaded from the Internet; it cannot be installed or executed on a computer. Abstract software code is an idea without physical embodiment, and as such, it does not match § 271(f)'s categorization: 'components' amenable to 'combination.'" *Id.* It is the "extra step" of "encod[ing] software's instructions onto a medium that can be read by a computer" that "renders the software a usable, combinable part of a computer." *Id.* at 451. "Here," however, "the copies of Windows actually installed on the foreign computers were not themselves supplied from the United States. Indeed, those copies did not exist until they were generated by third parties outside the United States." *Id.* at 453. "Without stretching § 271(f) beyond the text Congress composed, a copy made entirely abroad does not fit the description 'supplie[d] . . . from the United States.'" *Id.* at 454 n.15 (quoting 35 U.S.C. § 271(f)(1)).[11]

Finally, the Supreme Court observed that "[a]ny doubt that Microsoft's conduct falls outside § 271(f)'s compass would be resolved by the presumption against [the] extraterritoriality" of U.S. patent laws. *Microsoft*, 550 U.S. at 454. The Supreme Court's

---

[11] The Court noted that its analysis, "while focusing on § 271(f)(1), is equally applicable to § 271(f)(2)," which "like [paragraph] (1), covers only a 'component' amenable to

5
MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION RE: GOOGLE'S NON-LIABILITY UNDER 35 U.S.C. § 271(f)
CASE NO. 3:10-cv-03561-WHA

578390.01

1  holding in *Microsoft* "sent a clear message that the territorial limits of patents should not be
2  lightly breached." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1362 (Fed.
3  Cir. 2009), *cert. denied,* 130 S. Ct. 1088 (2010).

4      Applying the teachings of *Microsoft* to this case yields the straightforward conclusion
5  that Google cannot, as a matter of law, be held liable under § 271(f) for the conduct alleged by
6  Oracle.  Android software—like Microsoft Windows and "any [other] software detached from an
7  activating medium"[12]—remains a mere "idea without physical embodiment"[13] and not a
8  combinable "component" until it is "expressed as a computer-readable 'copy.'"  Google has only
9  one method of supplying Android software to foreign manufacturers of such devices:  by making
10 the software available for download from certain servers.[14]  And downloading software from a
11 server necessarily copies it—otherwise it would disappear from the server after the first
12 download.  Thus, foreign device manufacturers are required to copy Android software before
13 loading it onto the devices they manufacture.[15]

14     Accordingly, just as in *Microsoft*, "the copies of [Android] actually installed on" foreign-
15 made devices are "not themselves supplied from the United States.  Indeed, those copies did not
16 exist until they were generated by third parties outside the United States." *Microsoft*, 550 U.S. at
17 453.  And "a copy made entirely abroad does not fit the description 'supplie[d] . . . from the
18 United States.'" *Id.* at 454 n.15 (quoting 35 U.S.C. § 271(f)(1)).

19     Because foreign manufacturers must copy Android software before loading it onto their
20 devices, the copy that is "combined" with the foreign-made device is not supplied from the
21 United States by Google.  Accordingly, § 271(f)'s narrow exception to the presumption against
22 extraterritoriality does not apply here, and Google cannot be held liable under that exception.
23 Accordingly, the Court should grant Google's motion for summary judgment.

---

'combination.'"  *Microsoft*, 550 U.S. at 454 n.16.
[12] *Microsoft*, 550 U.S. at 449.
[13] *Id*.
[14] Brady Decl., ¶ 4.
[15] Brady Decl., ¶ 8.

6
MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION RE:  GOOGLE'S
NON-LIABILITY UNDER 35 U.S.C. § 271(f)
CASE NO. 3:10-cv-03561-WHA

578390.01

### IV.     CONCLUSION

For all the reasons stated above, the Court should grant partial summary judgment or adjudication that Google is not liable to Oracle under 35 U.S.C. § 271(f) with respect to any patent-infringement claim asserted in this action.

Dated:  September 8, 2011

Respectfully submitted,

KEKER & VAN NEST LLP

By: s/ Robert A. Van Nest
    ROBERT A. VAN NEST
    Attorneys for Defendant
    GOOGLE INC.

7
MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION RE:  GOOGLE'S NON-LIABILITY UNDER 35 U.S.C. § 271(f)
CASE NO. 3:10-cv-03561-WHA

578390.01