**KEKER & VAN NEST** LLP

Robert Van Nest
rvannest@kvn.com

September 12, 2011

Honorable William Alsup
U. S. District Court
Northern District of California
Courtroom 9 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Oracle America, Inc. v. Google Inc.*
           U. S. District Court Case No.: 3:10-cv-03561 WHA

Dear Judge Alsup:

    Google respectfully requests permission to file a motion for relief from Magistrate Judge Ryu's nondispositive orders holding that attorney-client privilege does not protect the Lindholm email and drafts thereof. Dkt. Nos. 353, 354, 355, 356, 360, and 361 (hereinafter, "the Orders").

    The Orders are clearly erroneous and contrary to law. As stated in the declarations that Google filed at the Magistrate's request, the final Lindholm email is a confidential communication from Google engineer Tim Lindholm to Google in-house counsel Ben Lee (among others), concerning an investigation that Lindholm conducted pursuant to directions from Google's General Counsel as part of the legal department's overall evaluation of the present lawsuit for the company's senior management. The drafts of the Lindholm email, as Magistrate Judge Ryu recognized, "form a sequence of automatically saved drafts of an email that was created during a four minute span before being sent." Dkt. No. 361 at p. 2 n.3. Thus, the final Lindholm email and all drafts thereof are protected from disclosure by the attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) ("[Attorney-client

privilege] protects not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice."); *Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 139-40 (E.D. Mich. 2009) (noting that "preliminary drafts of a document that is ultimately sent to counsel" are privileged).

The Orders ignore **both** intrinsic **and** extrinsic evidence that the Lindholm email is privileged. As to the intrinsic evidence, the Lindholm email (1) contains the phrases "Attorney Work Product" and "Google Confidential," (2) was sent to an attorney, (3) discusses the very technology that Oracle had accused Google of infringing just two weeks earlier. Yet the Magistrate found that "[n]othing in the content of the Email indicates that Lindholm prepared it in anticipation of litigation or to further the provision of legal advice." Dkt. No. 361 at 5:21-22. As to the extrinsic evidence, Google submitted declarations from Mr. Lee and Mr. Lindholm establishing that (1) Mr. Lee and Google General Counsel Kent Walker asked Mr. Lindholm to investigate facts related to Oracle's infringement claims, (2) Mr. Lindholm conducted that investigation under Mr. Lee's supervision, and (3) Mr. Lindholm's August 6 email reports on that investigation and is **not** about general business matters. Dkt. Nos. 315 at ¶¶ 6-10; 316 at ¶¶ 4-8; 331 at ¶¶ 7-8. Yet the Magistrate found that Google had failed to establish that the email related to a request for legal (as opposed to business) advice. Dkt. No. 361 at 5:11-15. Although the Magistrate stated that she did not contest the truthfulness of Google's declarations, the Orders necessarily rely on counterfactual speculations that discount those declarations entirely.

The Magistrate also applied the wrong legal standard to Google's privilege claim. For example, the Magistrate incorrectly assumed that an investigation in response to threatened litigation is not privileged if top management orders the investigation. Dkt. No. 361 at 5:16-

578686.02

Honorable William Alsup
September 12, 2011
Page 3

518. This is not the law. *See, e.g., Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d 1486, 1493 (9th Cir. 1989) (holding that employees' statements to company's attorneys were privileged where "senior management" directed attorneys to gather information from employees in response to litigation). The Magistrate further held that, because Mr. Lee was an in-house attorney, Google "must make a 'clear showing'" that the Lindholm email was connected to a request for legal advice. Dkt. No. 361 at 7:9-18. This is not the law in the Ninth Circuit. *See United States v. Rowe*, 96 F.3d 1294, 1296 (9th Cir. 1996) ("In determining the existence of the privilege, no attempt is made to distinguish between 'inside' and 'outside' counsel."). And, in any case, the declarations clearly showed that the only reason Mr. Lindholm conducted the investigation at issue was as part of Google's preparation for and consideration of this lawsuit.

Google apologizes for any inconvenience to the Court caused by its failure to file this précis before filing the motion itself. Google was, however, required to file timely objections in order to preserve its rights on appeal, regardless of whether the Court granted permission for it to do so. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its rights to appellate review of that Order."); *see also* Fed. R. Civ. P. 72(a). Google sincerely regrets any inconvenience to the Court, and for all the foregoing reasons, respectfully requests permission to re-file its objections in order for the Court to address the issues Google raises therein on their merits.

Sincerely,

s/ Robert Van Nest
ROBERT A. VAN NEST

578686.02