**KEKER & VAN NEST** LLP

Michael S. Kwun
mkwun@kvn.com

September 13, 2011

Honorable William Alsup
U. S. District Court
Northern District of California
Courtroom 8 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    *Oracle America, Inc. v. Google Inc.*
              U. S. District Court Case No.:  3:10-cv-03561 WHA

Dear Judge Alsup:

      Google opposes Oracle's September 12, 2011 request to file post-reply evidence related to Google's motion for summary judgment on Oracle's copyright claim (Dkt. 420), and asks that the Court strike Oracle's précis from the record.

      Oracle's précis violates Civ. L.R. 7-3(d), which prohibits the filing of "additional memoranda, papers or letters" without leave of court after the filing of a reply brief, with two exceptions that Oracle does not claim apply here.  The vast majority of Oracle's précis quotes from evidence that is not before the Court, and argues its relevance to the summary judgment motion.  That is not a request for leave to file "additional memoranda, papers or letters"—it is the unauthorized filing of an additional memorandum.  Indeed, Oracle candidly explains that it seeks leave to file excerpts from the transcript of Prof. Astrachan's deposition "[s]o that the Court may better consider" the arguments in its précis.  (Jacobs Ltr. at 3.)  That is, the purpose of the filing for which Oracle seeks leave is to provide evidence that relates to arguments in its précis—arguments Oracle filed without leave.

Honorable William Alsup
September 13, 2011
Page 2

Moreover, the evidence Oracle seeks to place before the Court is irrelevant or cumulative.  For example, Oracle points to testimony about whether the process of *designing* APIs involves creativity.  But the primary question before the Court is whether the APIs *themselves* and their elements are protectable—i.e. copyrightable—expression, not whether the *process of creating them* was "creative."  Oracle also re-argues a point from its opposition—that designing APIs requires "skill."  This is irrelevant, because "skill" is not the measure of copyrightability, any more than sweat of the brow is.  Oracle also appears to argue that its APIs are not abstractions, although its own expert opined that APIs "impose a level of abstraction . . . on top of the underlying software platform."  Mitchell Decl., Ex. 2 ¶ 23.  Finally, Oracle points to testimony from Prof. Astrachan regarding interoperability that is consistent with the positions Google has taken, and that the parties have already briefed.

The précis is an unauthorized sur-reply, filed in violation of Civ. L.R. 7-3(d), and raises no new, relevant issues.  The Court should not grant Oracle leave to file additional evidence, and should strike the précis from the record.  If the Court does not strike the précis, Google requests leave to file a three page letter brief in response to the arguments improperly made in the précis.

    Respectfully submitted,

    s/Michael S. Kwun

    MICHAEL S. KWUN

cc:  Counsel of Record, *via ECF system*

580110.02