# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET* SUITE 900* OAKLAND, CA 94612* 510-874-1000 FAX 510-874-1460

September 14, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102
Re: Oracle America, Inc. v. Google Inc., No. C 10-3561 WHA

Dear Judge Alsup:

Oracle responds to yet another attempt (Dkt. 418) by Google to claim privilege over the email by Google engineer Tim Lindholm, informing Andy Rubin that Google had no technical alternatives to Java and that Google consequently would need to negotiate for a Java license. Magistrate Judge Ryu correctly found that Google failed to establish privilege. (Dkt 361.) Google's proposed motion for relief from that Order is futile; the précis should be denied.

Judge Ryu properly considered all the evidence and found that Google did not address the critical facts that render the email, on its face, not privileged. Lindholm begins, "Hi, Andy," addressing Rubin, the Vice President of Android. He informs Rubin: "What we've actually been asked to do (by Larry and Sergei) is to investigate what technical alternatives exist to Java for Android and Chrome. We've been over a bunch of these, and we think they all suck. We conclude that we have to negotiate for a license for Java under the terms we need." The word "negotiate" or "negotiation" appears in three of the email's four paragraphs, ███████ ████████████████████████████████████████████████████████ ████████████████ In contrast to this focus on negotiation, as Judge Ryu found, the email "never mentions legal advice, lawyers, litigation, Oracle, or patent infringement." (Dkt. 361 at 6.)  The email shows no intent to seek legal advice. (Dkt 361 at 6.)

Judge Ryu found that Google's generalized factual assertions failed to overcome the

specific facts established by the email—specific facts that Google simply ignored. Google's précis has the same defect. First, Google argues that the email itself establishes privilege, because it "(1) contains the phrases 'Attorney Work Product' and 'Google Confidential,' (2) was sent to an attorney, and (3) discusses the very technology that Oracle accused Google of infringing just two weeks earlier." (Dkt. 418 at 2.) "Merely labeling a communication as an 'attorney-client privileged draft' . . . or adding an attorney as a recipient are insufficient to confer privilege when the communication is not otherwise for the purpose of facilitating legal advice or services." *In re Chase Bank USA, N.A. Check Loan Contract Litig.*, No. 3:09-md-2032 MMC, 2011 WL 3268091, at *4 (N.D. Cal. July 28, 2011). The mere fact that the email refers to "Java" technology changes nothing. Lindholm's statements about "technical alternatives" to Java, Google's need to "negotiate for a license," and the tactics to get the best price do not touch on legal advice or litigation. The Order does not "ignore" the facts cited by Google (Dkt. 418 at 2); it considers them and explains why they are inadequate. (Dkt 361 at 4-7.)

Next, Google argues privilege is established by declarations that say Google in-house lawyers Kent Walker and Ben Lee had asked Mr. Lindholm to "gather information for Google's lawyers and management to consider in evaluating technology issues related to Oracle's infringement claims" (Dkt 316, ¶ 7) and that Lindholm was reporting on that investigation. (Dkt. 418 at 2). Again, Judge Ryu found that Google failed to explain why the email states that Lindholm was acting at the direction of Page and Brin, addresses Rubin rather than Walker or Lee, makes no reference to litigation, and focuses on business negotiations. (Dkt 361 at 4-7). In short, "Lindholm may well have been communicating with Lee about other non-privileged matters, including the business of negotiating for a Java license. This is a simple and reasonable explanation for the Email that Google makes no effort to foreclose." (Dkt. 361 at 5.) Of course,

Honorable William Alsup
September 14, 2011
Page 3 of 3

factual investigations related to business negotiations do not become privileged by including an attorney. *See Shipes v. BIC Corp.*, 154 F.R.D. 301, 304 (M.D. Ga. 1994) ("The privilege does not apply to . . . documents which a party filters through its attorney.").

Lastly, Google mistakenly argues that Judge Ryu applied the wrong legal standard. Judge Ryu did not assume, as Google claims, that "an investigation in response to threatened litigation is not privileged if top management orders the investigation." (Dkt. 408 at 2.) Judge Ryu found that Google failed to offer any evidence that the specific executives involved in the Lindholm's investigation – Page, Brin, and Schmidt – had any involvement in providing legal advice. (Dkt 361 at 5:16-18.) Judge Ryu also committed no error in holding that Google must make a "clear showing" that communications with in-house counsel are for the purpose of obtaining or providing legal advice. (Dkt 316 at 7, citing *U.S. v. ChevronTexaco*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002.) *United States v. Rowe*, the case cited by Google, merely re-affirms the settled rule that communications between a corporation and in house counsel may be privileged, and says nothing about the showing that must be made to prove the existence of that privilege. *See* 96 F.3d 1294, 1296 (9th Cir. 1996). In any event, Judge Ryu's factual findings establish that Google failed to make any credible showing of privilege, regardless of the standard that may apply.

Finally, the Order must be sustained on independent grounds that Google fails to address, including: the Court already rejected Google's privilege claim (Dkts. 255, 271); Google failed to establish that the "primary purpose" of the email was to obtain legal advice (Dkt 361 at 7); and Google waived any applicable privilege (Dkt 277 at 5-6; Dkt 305 at ¶¶ 12-15, 17-37, 46-47).

                              Respectfully submitted,

                              /s/  Fred Norton