# EXHIBIT 4

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendant
GOOGLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　　Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**DEFENDANT GOOGLE INC.'S FOURTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE, NO. 3** |

1    conclusion that "the Accused Instrumentalities are specially made or adapted for

2    infringement and are not a staple article suitable for substantial non-infringing use," without

3    any factual support despite the fact that it is Oracle's burden to prove that the Accused

4    Instrumentalities are not suitable for substantial non-infringing use pursuant to 35 U.S.C.

5    § 271(c).  Oracle has not endeavored any analysis of even readily available public open

6    source applications and continues to simply rely on a purely conclusory statement. As a

7    result, Oracle cannot establish infringement as a matter of law.

8    • **All Asserted Claims:**  Oracle is estopped as a matter of law from relying on the doctrine of

9       equivalents to enlarge the scope of the '205 patent claims to cover the Accused

10       Instrumentalities.  *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki*, 243 F.3d 558 (Fed.

11       Cir. 2000) (en banc).  Alternatively, Oracle cannot rely on the doctrine of equivalents to

12       prove infringement because the asserted scope of equivalency of what is literally claimed

13       would encompass the prior art.  *Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904

14       F.2d 677, 683 (Fed. Cir. 1990), *cert. denied*, 498 U.S. 992 (1990).   In any event, the

15       functionality identified by Oracle as infringing under the doctrine of equivalents is

16       substantially different from that described and claimed by the '205 patent.  In addition,

17       Oracle's identification of an entry in the jitEntry table works in a completely different

18       manner from the claimed "new instruction."

19    • **All Asserted Claims:**  Google served its Invalidity Contentions on January 18, 2011,

20       detailing its bases for the invalidity of each asserted claim of this patent.  Google contends

21       that each asserted claim is invalid and therefore Google cannot infringe such a claim.

22    **The '702 Patent**

23    • **Claims 1 and 7, and all dependent claims that depend therefrom:**  For these claims,

24       Oracle has failed to identify on a claim by claim basis in Exhibit C the actual performance of

25       any allegedly infringing method and instead relied on a general statement including "Android

26       dx tool involves a method" or "Android dx tool [performs steps]."  All of these claims

27       implicate the performance of a method and the charts in Exhibit C are devoid of any example

28       of any method being performed, thereby precluding a finding of infringement.  Oracle has

15

1    not made a showing of infringement because it has not identified any allegedly infringing act

2    or purported direct infringer for these claims and has yet to provide them in supplemental

3    disclosures under the Patent Local Rules.

4    • **Claims 13, and all dependent claims that depend therefrom:**  For these claims, Oracle

5    failed to identify on a claim by claim basis in Exhibit C any specific device that allegedly

6    infringes and instead relied on a general statement including "[a]ny device or computer

7    which can run the Android dx tool."  Oracle has not made a showing of infringement because

8    it has not identified any specific allegedly infringing device or purported direct infringer for

9    these claims and has yet to provide them in supplemental disclosures under the Patent Local

10   Rules.

11   • **All Asserted Claims:**  As presently understood, Oracle has not made a showing of

12   infringement at least because the material cited for the "removing said duplicated elements

13   from said plurality of class files to obtain a plurality of reduced class files" element on pages

14   13-17 of Exhibit C does not meet the claim element even if it were implemented and used in

15   a device in the form it is recited in Exhibit C because it would not employ a method of

16   obtaining a plurality of reduced class files in that there would be no intermediate step of

17   removing duplicated elements from class files to obtain a plurality of reduced class files prior

18   to forming a multi-class file.  Similarly, Oracle has not made a showing of infringement at

19   least because the material cited for the "forming a multi-class file comprising said plurality of

20   reduced class files" element at pages 17-20 of Exhibit C does not meet the claim element

21   even if it were implemented and used in a device in the form it is recited in Exhibit C

22   because it would not employ a method of forming a multi-class file in that no multi-class file

23   would be formed from reduced class files obtained prior to forming the multi-class file.  Each

24   other independent claim in Exhibit C references Oracle's citation for claim 1 for similar

25   elements and the same basis applies to those claims.

26   • **All Asserted Claims:**  As presently understood, Oracle has not made a showing of

27   infringement at least because the material cited for the "forming a multi-class file comprising

28   said plurality of reduced class files" element at pages 17-20 of Exhibit C does not meet the

DEFENDANT GOOGLE INC.'S FOURTH  SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES,
SET ONE, NO. 3, CIVIL ACTION NO. CV 10-03561-WHA

1   claim element even if it were implemented and used in a device in the form it is recited in

2   Exhibit C because, in view of the Court's claim construction, the resulting .dex file does not

3   contain all of "what remains after one or more duplicated elements have been removed from

4   a class file."  For example, the resulting .dex file does not contain a reduced constant pool for

5   each class or the Java bytecodes contained in the class files.   Each other independent claim

6   in Exhibit C references Oracle's citation for claim 1 for similar elements and the same basis

7   applies to those claims.

8   •   **Claims 1, 7, and all dependent claims that depend therefrom:**  As presently understood,

9       Oracle has not made a showing of infringement at least because the material cited for the

10      "removing said duplicated elements from said plurality of class files to obtain a plurality of

11      reduced class files" element on pages 13-17 of Exhibit C does not meet the claim element

12      even if it were implemented and used in a device in the form it is recited in Exhibit C.  Even

13      if Oracle were correct to claim that the cited material results in the "remov[al]" of

14      "duplicated elements" from some of the class files (and it is not), the cited material does not

15      treat the first instance of a constant duplicated across a plurality of class files in the same

16      manner as subsequent instances of the constant found in the plurality of class files, and so

17      there is no "remov[al]" of duplicated elements from each and every one of the "said plurality

18      of class files."  Claim 7 in Exhibit C references Oracle's citation for claim 1 for similar

19      elements and the same basis applies to that claim.

20  •   **All Asserted Claims:**  As presently understood, Oracle has not made a showing of

21      infringement at least because the material cited for "determining plurality of duplicated

22      elements in a plurality of class files" elements on pages 2–9 of Exhibit C does not meet the

23      claim element even if it were implemented and used in a device in the form it is recited in

24      Exhibit C because it would not employ a method of determining a plurality of duplicated

25      elements in a plurality of class files in that the classes cited do not determine whether a

26      duplicated element is duplicated within a single class file or across two class files or whether

27      the duplicated is one of many or the only one.  Each other independent claim in Exhibit C

28      references Oracle's citation for claim 1 for similar elements and the same basis applies to