# EXHIBIT 6

1  ROBERT A. VAN NEST (SBN 84065)           SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
   rvannest@kvn.com                          sweingaertner@kslaw.com
2  CHRISTA M. ANDERSON (SBN 184325)         ROBERT F. PERRY
   canderson@kvn.com                         rperry@kslaw.com
3  KEKER & VAN NEST LLP                      BRUCE W. BABER (*Pro Hac Vice*)
4  710 Sansome Street                        bbaber@kslaw.com
   San Francisco, CA 94111-1704              KING & SPALDING LLP
5  Telephone:  (415) 391-5400                1185 Avenue of the Americas
   Facsimile:  (415) 397-7188                New York, NY 10036-4003
6                                            Telephone:  (212) 556-2100
7                                            Facsimile:  (212) 556-2222

8  DONALD F. ZIMMER, JR. (SBN 112279)        IAN C. BALLON (SBN 141819)
   fzimmer@kslaw.com                         ballon@gtlaw.com
9  CHERYL A. SABNIS (SBN 224323)             HEATHER MEEKER (SBN 172148)
10 csabnis@kslaw.com                         meekerh@gtlaw.com
   KING & SPALDING LLP                       GREENBERG TAURIG, LLP
11 101 Second Street – Suite 2300            1900 University Avenue
   San Francisco, CA 94105                   East Palo Alto, CA 94303
12 Telephone:  (415) 318-1200                Telephone: (650) 328-8500
   Facsimile:  (415) 318-1300                Facsimile: (650) 328-8508
13

14 Attorneys for Defendant
   GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. 3:10-cv-03561-WHA |
| Plaintiff, | Honorable Judge William Alsup |
| v. | **DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET FOUR** |
| GOOGLE INC. | |
| Defendant. | |

part due to industry demand for an NDK by application developers), which allows developers to write code for Android applications in a programming language other than Java that can be compiled to machine code and natively executed by Android-based devices.

With respect to the copyrights-in-suit, the allegedly copied elements are not copyrightable, and thus Google's implementation is a non-infringing alternative.  Moreover, to the extent that the accused Android API packages incorporate or were derived from Apache Harmony API libraries, Google's use of those libraries is licensed under the Apache 2.0 open source license, and is thus a non-infringing alternative.  Likewise, to the extent that the accused Android API packages incorporate or were derived from other third party API libraries, Google's use of those libraries is licensed under open source licenses, and is thus a non-infringing alternative.  Google also independently developed its own Android API packages, and thus those are a non-infringing alternative.  (*See, e.g.,* Rough Transcript of the July 22, 2011 Deposition of Dan Bornstein at 171-178.)

Google further states that to the extent this Interrogatory seeks information that is more properly the subject matter of expert testimony, it will be addressed in Google's non-infringement expert reports.

Pursuant to Fed. R. Civ. P. 33(d), Google incorporates by reference the documents and deposition testimony cited in this Interrogatory response.

**INTERROGATORY NO. 21:**

Identify and describe in detail each modification made by third parties to the allegedly-infringing portions of Android source code and documentation identified by Oracle's copyright and patent infringement contentions, including the author of, date of, and basis for each such modification.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to its General Objections, Google objects to this Interrogatory as vague and ambiguous by reason of its use of the phrases "third parties," "allegedly-infringing portions," "documentation," "identified by Oracle's copyright and patent infringement contentions," "basis for each such modification," and as to the term "Android" as defined by Plaintiff.  Google also

1  objects to this Interrogatory to the extent that it seeks information protected by the attorney-client
2  privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable
3  privilege, immunity, or protection.  Google also objects to this Interrogatory on the grounds that
4  it seeks a legal conclusion or an expert opinion.  Google further objects to this Interrogatory to
5  the extent that it seeks information that is the confidential information of, or proprietary to, or the
6  trade secret of, a third party and to the extent that it seeks information based on the subjective
7  beliefs or opinions of third parties.  Google further objects to this Interrogatory as overly broad
8  and unduly burdensome to the extent that it is not reasonably calculated to lead to the discovery
9  of admissible information.  Google also objects to this Interrogatory to the extent that it seeks
10 information not within Google's possession, custody or control, to the extent that it is not limited
11 to Google, and to the extent that it seeks information not kept in the ordinary course of Google's
12 business.
13        Subject to the foregoing objections and the General Objections, without waiver or
14 limitation thereof, ==Google states that it has no direct, specific knowledge with regard to how==
15 ==third parties modify the accused Android source code and documentation.==  Google releases
16 Android source code to the public under the open source Apache License, Version 2.0.  Any
17 third party may freely modify Android source code subject to the terms of this license.
18 **INTERROGATORY NO. 22:**
19        Describe in detail the steps that Google and Android device manufacturers perform to
20 retrieve, port, load, install, test, and/or execute Android on Android devices, including without
21 limitation the person or entity that performs each step and the physical location where each step
22 is performed.
23 **RESPONSE TO INTERROGATORY NO. 22:**
24        In addition to its General Objections, Google objects to this Interrogatory as vague and
25 ambiguous by reason of its use of the phrases "Android device manufacturers," "retrieve,"
26 "port," "load," "install," "test," "execute," "Android devices," "the physical location where each
27 step is performed," and as to the term "Android" as defined by Plaintiff.  Google further objects
28 to this Interrogatory to the extent that it seeks information that is the confidential information of,