**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 12, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William H. Alsup
Judge of the United States District Court
Northern District of California
450 Golden Gate Ave., Courtroom 8, 19th Floor
San Francisco, CA 94102

Re:   *Oracle America, Inc. v. Google, Inc.*, Case No. 3:10-cv-03561-WHA

Dear Judge Alsup:

Oracle respectfully requests leave to file a motion pursuant to Civil L.R. 7-3(d) to supplement its evidence in support of Oracle's Opposition to Google's Motion for Summary Judgment on Copyright (Dkt. No. 339) with excerpts from the deposition transcript of Google's copyright expert, Dr. Owen Astrachan, taken September 9, 2011.  Alternatively, Oracle requests leave to simply file the above transcript excerpts.   The parties' scheduled depositions of their respective copyright experts took place after briefs on the summary judgment motion were due, so Oracle could not have submitted this evidence earlier.

Google's motion contends that designing APIs is "the very antithesis of creative expression."  (Google Reply Brief at 4:2-3).  At his deposition, however, Dr. Astrachan acknowledged that designing APIs requires skill and creativity:

> Q.  Okay.  And what are the elements of creativity involved in designing APIs?
>
> A. I think that those are the same things that are the elements that – of creativity that go into designing.  Other things related

MORRISON | FOERSTER

The Honorable William H. Alsup
September 12, 2011
Page Two

> to software. And that's kind of understanding how the software is meant to function.
>
> And if you have a good understanding of how the software is going to function, and if you know the intended audience, that helps you to create things that that audience will like, will be able to use.
>
> So the creativity is kind of understanding how the thing you're going to design is going to be used. And understanding the audience or the libraries that you're going to develop an API for, the creative aspects come into can you actually get at the needs of the wants or the usage of who your audience is.

Astrachan Dep. Tr. at 128:23-129:14. *See also id.* at 223:5-25 (acknowledging that designing the APIs at issue "certainly has creative elements" and that the design process involves "non-trivial creativity.")

Dr. Astrachan further acknowledged the skill writing good APIs requires:

> [W]e've been writing software for more than 50 years. And it's still incredibly difficult, despite all the advances that have been made in languages, in libraries, APIs are one of the things, although they're not software, they're related to software that it's still hard to do.

*Id.* at 126:21-127:5. Dr. Astrachan added: "Just as it's hard to find people that are really good at anything that's hard, whether it be, you know, being an artist, a football player, a concert violinist. Those things are hard. This is something that's hard in the same way." *Id.* at 128:9-13.

Dr. Astrachan however, discounts this creativity because he contends that despite their "[t]housands of methods," "hundreds of classes", and "interdependencies" between these

MORRISON | FOERSTER

The Honorable William H. Alsup
September 12, 2011
Page Three

elements, the APIs are simply "an abstraction, a concept, an idea." *Id.* at 241:18-242:21.  He also tried to discount this creativity at his deposition, by claiming, contrary to the definitions for "API" he provided in his expert report that the APIs are purely abstract and are not expressed in either the specifications of the software.  *Compare id.  with* Astrachan Astrachan Decl. Ex. 1 at ¶ 24 n.1 (citing *Newton's Telecom Dictionary's* definition of an API as "[s]oftware that an application program uses to request and carry out lower-level services performed by the computer's . . . operating system.")

Dr. Astrachan's testimony also sheds light on the issue of compatibility that Google has raised with the Court.  When asked whether Google could have written its own APIs for the 37 packages at issue in this case, Dr. Astrachan replied: "It's technically possible, but it's not something that could have been done to realize the design goals that I mentioned earlier."  *Id.* 253:2-4.  The design goals to which Dr. Astrachan referred were leveraging "a large body of software developers" and "a large existing body of code and other libraries."  *Id.* 251:21-24.

So that the Court may better consider the above, Oracle requests leave to file excerpts from Dr. Astrachan's deposition transcript in support of its opposition to Google's motion.

Respectfully submitted,

/s/ Michael A. Jacobs

Michael A. Jacobs

cc:   Counsel for Google, Inc.

pa-1485525