ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>Hearing Date: September 29, 2011<br>Hearing Time: 8:00 a.m.<br><br>**DEFENDANT GOOGLE INC.'S REPLY IN SUPPORT OF THE MOTION TO STRIKE PORTIONS OF THE MITCHELL PATENT REPORT** |

Oracle concedes in its opposition brief that the source code, files and products at issue in Google's motion were identified for the first time in the Mitchell Report and are not explicitly disclosed in Oracle's infringement contentions ("ICs"). (*See* Dkt. No. 435 ("Opp. Br.").) Because these newly-identified source files and products represent new infringement theories, Oracle's concession should end the inquiry, as the Patent Local Rules prohibit the introduction of new infringement theories absent leave of Court.

Oracle cannot dispute that these theories are first identified in the Mitchell Report, so it resorts to arguments that are unavailing and miss the point. First, Oracle argues that these newly-identified files and products simply provide "additional detail" for the theories presented in its ICs. But this explanation conflicts with Dr. Mitchell's infringement theories, which explicitly rely on the newly-identified source code files to satisfy claim elements. Oracle's strenuous attempt to oppose Google's motion actually underscores that these newly-identified source files and products are not mere "additional detail" that would have no impact on Oracle's infringement theory if they were stricken.

Second, Oracle incorrectly argues that Google's motion is a challenge to the sufficiency of Oracle's ICs. Google's motion does not challenge the adequacy of Oracle's ICs, as Oracle was free to allege whatever infringement theories it could. Rather, Google's motion challenges the fact that the infringement theories Dr. Mitchell posits in his report are not the same theories disclosed by Oracle in its ICs. Absent the Court's leave to supplement its ICs, Oracle is limited to the theories alleged in those ICs. *See* April 6, 2011 Hr'g Tr., Dkt. No. 110 at 11:11–13 ("[I]f your disclosures aren't good enough, there won't be a second chance. You just lose."). The Mitchell Report is an eleventh-hour attempt to disclose new theories beyond the scope of Oracle's ICs, which is why Dr. Mitchell's new theories are improper.

Third, Oracle's opposition seeks to persuade this Court that the volume of its ICs somehow excuses its delay and lack of diligence in disclosing the new theories presented in the Mitchell Report. This argument is illogical and not responsive to Google's motion. If anything, the volume of Oracle's ICs shows that Oracle had ample time and ability to review all of the

public source code and specifically chose not to include the source files that Dr. Mitchell now claims are central to his new infringement theories.

Fourth, Oracle's opposition turns the case law on its head. Oracle argues that Dr. Mitchell's identification of specific products not listed in Oracle's ICs does not present new infringement theories because Oracle generically accused "all Android devices" in its ICs. Oracle cites no case law relieving a plaintiff of its obligation under the Patent Local Rules to identify specific products. Oracle should not be allowed at this late stage of the case to accuse new products of infringing, as Dr. Mitchell has done in his report.

There is no genuine dispute that the identified portions of the Mitchell report were identified there for the first time, are untimely and are unauthorized by this Court and the Patent Local Rules. They should therefore be stricken.

**1.    Critique A:  Oracle Concedes that Dr. Mitchell Cites New Code As Practicing the "Storing" Limitation of Claim 11 of the '104 Patent**

The Mitchell Report presents for the first time an infringement theory for claim 11 of the '104 patent where the previously unidentified DvmDex.h file allegedly implements the "storing" limitation of the claim. Oracle is forced to concede that the code Dr. Mitchell points to as evidence of the presence of this key element of the claims of the '104 patent was not in Oracle's ICs. (Opp. Br. at 5 ("[T]he ICs do not quote directly from the DvmDex.h file.").) Oracle hopes to obscure this fact by referring to completely different files and arguing that "[t]he ICs map the DexOptimize.c and Optimize.c Android source code files to the 'storing' limitation" and that "[t]he Report quotes source code from the Optimize.c source file, just like the ICs, to show how Android meets the "storing" limitation." (*Id*. at 3–4.)

But, as is repeatedly recognized in the Mitchell Report, both infringement theories for the '104 patent depend on the newly identified DvmDex.h code: "[t]hat called function [for storing] is *implemented* in the DvmDex.h file." (*Id*. at 4 (emphasis added); *id*. at 5 (same); *see also* Motion to Strike at 2.) And that code was *not* in Oracle's ICs. In other words, Oracle concedes that the implementation of "storing" is not performed by code in the ICs, but allegedly only by new code Dr. Mitchell now identifies in his report.

Oracle's argument that its ICs identify source code in other files that calls functions implemented in the DvmDex.h file is unavailing. The undisputed fact is that Oracle's ICs never identified the DvmDex.h file nor the implementation that Dr. Mitchell now relies upon for his new infringement theories. Simply listing hundreds of function calls, as in Oracle's ICs, is not enough, a fact Oracle recognizes in opposing this motion, and in highlighting the relevant function calls for the Court. (*See* Opp. Br. at n. 2.) No such identification and highlighting is present in Oracle's ICs, where these function calls are mixed in with at least dozens of others that are not part of Dr. Mitchell's new theories. This is simply an impermissible, belated attempt to add new infringement theories after the close of fact discovery, two weeks before responsive expert reports were due, and without leave of court, and is highly prejudicial to Google and its defenses. *See Intertrust Techs. Corp. v. Microsoft Corp.*, No. 01-cv-1640, 2003 U.S. Dist. LEXIS 22736, at *7–8 (N.D. Cal. Dec. 1, 2003) ("The purpose of Patent Local Rule 3-1 [] is in fact to be nit picky, to require a plaintiff to crystallize its theory of the case and patent claims.").

Oracle also seeks to confuse matters by alleging, incorrectly, that Google is overreaching because "there is no cause to strike the discussion of Resolve.c in those Report paragraphs." (Opp. Br. at 5.) But Google did not move to strike discussion of Resolve.c – it moved to strike references to the newly-identified DvmDex.h. Again, it is *this* code that Dr. Mitchell now identifies for the first time as meeting the specific "storing" limitation of claim 11 and that was never identified in the ICs. References to this newly identified code should therefore be stricken.

**2.     Critique B: Oracle Concedes that Dr. Mitchell Cites New Code As Practicing the "Removing" Limitation of Claim 1 of the '702 Patent**

The Mitchell Report introduced an infringement theory for claim 1 of the '702 patent that was not identified in its ICs. Under the new theory, a number of source code files relied on by Dr. Mitchell but not disclosed in the ICs allegedly implement the "removing" limitation of the claim. Oracle's ICs alleged that this "removing" limitation was somehow shown in Google presentation slides. However, Oracle chose to rely on those slides in its ICs, and not to base its contentions on specific portions of source code.

In the Mitchell Report, Oracle tries to shift away from its theory based on Google slides

to a theory based on specific code contained in previously unidentified source code files. Oracle attempts to equate this newly identified code with the slides it relied on in its ICs, but those slides contain no such code. Oracle also contends that the identification – by name alone – of a set of files including "TypeIdsSection.java" is the equivalent of the specific code Dr. Mitchell now attempts to rely on as meeting the "removing" limitation of claim 1. (*Id*. at 8.)

Oracle's ICs were focused on a set of high-level slides and made only separate, passing reference to any Google source code, and even that reference was not to specific code or even specific files but, at best, blanket reference to sets of files. For the "removing" step, the ICs included two string citations: a "see also generally" citation to two packages (or collections) of code, and a "see also" cite to four source code files including "TypeIdsSection.java" discussed in Oracle's reply. Oracle's ICs failed to provide pinpoint cites for any of the identified files and failed to explain how any of those files were relevant to performing the "removing" step.

Now, Oracle argues that Dr. Mitchell's new theories did not need to be disclosed in its ICs, and impermissibly shifts the burden to Google to generate a theory as to how all of these files were related and which code passage(s) in which file(s) might eventually be relied upon. (*Id.* (arguing that the one filename "citation constitutes sufficient notice to Google *that other similarly named files are also relevant to this limitation.*" (emphasis added).) Oracle does not explain how Google was to divine *which* files Oracle might rely upon and what *portions* of those files supported Oracle's original theory of infringement. Adding them belatedly and without leave has prejudiced Google and those portions of the Mitchell Report should be stricken.

Google is not moving to strike portions of the Mitchell Report that provide "background" information, but focuses on *new code* cited as implementing a particular claim limitation. Oracle says that "the Report merely provides 'additional information regarding the specific factual bases'" (*id*. at 9). The truth is that the only "specific factual bases" in the report for the "removing" limitation are in newly identified source code files.

Oracle also contends that its withholding of infringement theories should be excused because Google served Invalidity Contentions and responded to a non-infringement contention

interrogatory. Of course it did – it had no choice but to develop those positions based on Oracle's ICs. This militates in Google's favor because it highlights the prejudice to Google of being faced with new infringement theories for the first time in the Mitchell Report, only after its claim construction, invalidity and non-infringement theories needed to be identified.

### 3. Critique C: Oracle Admits that the Specific Products Identified in the Mitchell Report were not Previously Disclosed

Oracle is forced to concede that the Mitchell Report introduces new infringement theories based on specific products never identified in its ICs. Hoping the Court will excuse its prejudicial delay, Oracle now argues the ICs used the words "all Android devices." That argument misses the mark. Those ICs identified some number of specific products but *not* those newly-raised by Dr. Mitchell, which are clearly new theories. Android is open source and manufacturers may freely modify that software, underscoring the complete lack of disclosure in Oracle's ICs of the products it now seeks to add through the Mitchell Report. Oracle points to the existence of the Android Compatibility Test Suite ("CTS") as a basis to assume that all Android devices are the same. If that were true, it should have been easy for Oracle to identify in the ICs the devices it first identified in the Mitchell Report. Moreover, the Android CTS underscores how Android source code is indeed different across devices: if the code were the same across devices, there would be no need for a CTS to test compatibility of an Android device. Differences in Android devices have been confirmed by uncontroverted evidence. (*See* Ex. G, July 21, 2011 Brady Dep. at 19–22, 38–39, 43–44, 61, 75, 77–78.) Oracle did not even try to look at the source code on each of the devices that are presented for the first time in Dr. Mitchell's report. Its attempt to add these contentions in that report cannot be excused.

### 4. Conclusion

Oracle should not be permitted to circumvent the Patent Local Rules and present new infringement theories in its expert report. Allowing such ambush tactics would flout those Rules, would reward litigation gamesmanship, and would produce a manifestly unjust result. The Proposed Order striking specific portions of the Mitchell Report containing the newly added material identified above should be granted.

| | | |
|---|---|---|
| 1 | DATED: September 19, 2011 | **KEKER & VAN NEST, LLP** |
| 2 | | |
| 3 | | By: /s/ Christa M. Anderson |
| 4 | | ROBERT A. VAN NEST - #84065 |
| | | rvannest@kvn.com |
| 5 | | CHRISTA M. ANDERSON - #184325 |
| | | canderson@kvn.com |
| 6 | | KEKER & VAN NEST LLP |
| 7 | | 710 Sansome Street |
| | | San Francisco, CA 94111-1704 |
| 8 | | Telephone: (415) 391-5400 |
| | | Facsimile: (415) 397-7188 |
| 9 | | |
| 10 | | SCOTT T. WEINGAERTNER (*Pro Hac Vice*) |
| | | sweingaertner@kslaw.com |
| 11 | | ROBERT F. PERRY |
| | | rperry@kslaw.com |
| 12 | | BRUCE W. BABER *(Pro Hac Vice)* |
| | | bbaber@kslaw.com |
| 13 | | KING & SPALDING LLP |
| 14 | | 1185 Avenue of the Americas |
| | | New York, NY 10036-4003 |
| 15 | | Telephone: (212) 556-2100 |
| | | Facsimile: (212) 556-2222 |
| 16 | | |
| 17 | | DONALD F. ZIMMER, JR. (SBN 112279) |
| | | fzimmer@kslaw.com |
| 18 | | CHERYL A. SABNIS (SBN 224323) |
| | | csabnis@kslaw.com |
| 19 | | KING & SPALDING LLP |
| 20 | | 101 Second Street – Suite 2300 |
| | | San Francisco, CA 94105 |
| 21 | | Telephone: (415) 318-1200 |
| | | Facsimile: (415) 318-1300 |
| 22 | | |
| 23 | | IAN C. BALLON (SBN 141819) |
| | | ballon@gtlaw.com |
| 24 | | HEATHER MEEKER (SBN 172148) |
| | | meekerh@gtlaw.com |
| 25 | | GREENBERG TRAURIG, LLP |
| 26 | | 1900 University Avenue |
| | | East Palo Alto, CA 94303 |
| 27 | | Telephone: (650) 328-8500 |
| | | Facsimile: (650) 328-8508 |
| 28 | | |
| | | ATTORNEYS FOR DEFENDANT |
| | | GOOGLE INC. |

1 | I hereby attest that Christa M. Anderson concurs in the e-filing of this document.
2 |
3 |                               /s/ Cheryl A. Sabnis /s/
4 |                               Cheryl A. Sabnis