# KEKER & VAN NEST LLP

**Robert Van Nest**
rvannest@kvn.com

September 20, 2011

**VIA E-FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Google requests leave to file a motion to maintain its existing confidentiality designations on the Tim Lindholm emails, which Google produced to Oracle pursuant to Magistrate Judge Ryu's orders of August 25 and 26, 2011 finding that the Lindholm emails were not protected by any applicable privilege or immunity.  As the Court knows, Google has filed objections to Magistrate Judge Ryu's orders, asserting that the Lindholm emails are in fact privileged.  Google files this letter to address the separate issue of whether those emails should be designated as "Highly Confidential/Attorneys' Eyes Only" ("AEO") under the protective order in this case.

Shortly after Google produced the Lindholm emails with AEO designations, Oracle asked Google to remove any confidentiality designation from the emails.  Oracle's position, communicated in emails to Google, was that Google allowed Oracle to read that email during a July 21, 2011 hearing before Magistrate Judge Ryu, that this Court allowed Oracle to discuss the content of the Lindholm emails in court during the *Daubert* hearing later that same day and later denied Google's motion to redact the transcript of that hearing, and that the emails did not contain any "competitively sensitive" information.  Google disagreed, and invited Oracle to engage in the voice-to-voice meet-and-confer session required under the protective order.  Oracle

The Honorable William Alsup
September 20, 2011
Page 2

has not yet accepted Google's invitation to engage in such a voice-to-voice meet-and-confer, but Google requests permission to file a motion to maintain the designations on the Lindholm emails out of an abundance of caution.

To begin with, the question whether the Lindholm emails are properly designated AEO under the protective order does not depend on, or even relate to, whether the emails are privileged. The purpose of the AEO designation is to shield from public disclosure material that is ***not*** privileged, but which nonetheless "would create a substantial risk of serious harm that could not be avoided by less restrictive means" if disclosed publicly. December 17, 2010 Protective Order § 2.8 [Dkt. No. 66].

Whether or not they are privileged, the Lindholm emails amply satisfy these criteria. The emails represent Mr. Lindholm's response to Google's in-house counsel concerning Oracle's assertion of intellectual property claims against Google and Google's potential responses to such claims. As a large corporation, Google is frequently involved in litigation. Google never discloses publicly, or even broadly within Google, its internal deliberations and evaluations of threats of litigation or the merits of claims asserted against it, its potential responses to threats of litigation, or its strategic approach to litigation generally. To the contrary, it protects all such deliberations and evaluations rigorously, because those internal deliberations and evaluations, and Google's overall litigation strategy, are plainly competitively sensitive. Google's internal strategic thinking, including its thinking regarding specific litigation, is of significant interest to Google's competitors, customers, and potential litigation adversaries, and to the market generally. The public disclosure of Google's internal deliberations threatens serious harm to Google's ability to fairly prosecute and defend claims in future proceedings.

580961.01

The Honorable William Alsup
September 20, 2011
Page 3

Google understands that this Court has previously and candidly informed the parties that any court proceedings in this case, including trial, will be conducted publicly, and that any evidence presented at trial will be publicly aired, even if the parties had designated that evidence confidential during discovery.  Google is not seeking to interfere with that.  Oracle's request has nothing to do with a public trial; it is asking Google to strip the Lindholm emails of their confidentiality designations, which would make those documents fully public for all purposes, regardless of whether this case is tried.  Oracle agreed to the protective order's limitations on use of confidential materials prior to trial, and it should abide by those limitations now.

Finally, it is no answer for Oracle to say that the Lindholm emails should lose their AEO designation because they were discussed publicly in court and subsequently in the media.  That was not Google's doing.  As Google has mentioned repeatedly, Oracle was able to discuss one of the Lindholm emails during the July 21, 2011 hearings only because it violated the protective order by failing to give Google the required prior notice that it planned to use that email at those hearings.  Had Oracle given the proper notice, Google would have had the opportunity to investigate and to inform Oracle that the email was inadvertently produced prior to the hearing, thus avoiding the disclosure and ensuing media coverage.  For Oracle to use the inevitable result of its protective order violation to justify full public disclosure is unreasonable.

For all these reasons, Google respectfully requests permission to file a motion to preserve the existing AEO designations on the Lindholm emails for all pretrial purposes.

Sincerely,

/s/ Robert A. Van Nest

cc:     All Counsel

580961.01