**KEKER & VAN NEST** LLP

**Robert Van Nest**
rvannest@kvn.com

September 20, 2011

**VIA E-FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:   *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Google requests leave to file a *Daubert* motion on certain aspects of the revised damages report of Oracle's damages expert Dr. Iain Cockburn.  Cockburn's revised September 12, 2011 report ignores governing law and the guidelines in this Court's July 22, 2011 Order ("Order").

Cockburn still insists Oracle is entitled to billions of dollars in damages.  After offering no analysis regarding copyright damages in his first report, he now opines that Oracle is entitled to over $800 million in "unjust enrichment" damages for copyright infringement (in addition to damages for lost profits and a lost license fee), and over $1.2 billion for future unjust enrichment damages for 2012 alone, even though Sun offered Google a copyright license (along with all of Sun's Java-related intellectual property) for just $28 million in mid-2006.

*First,* the Court should exclude Cockburn's hypothetical copyright license estimate to the extent that it relies on upward adjustments to the license actually proposed by Sun in pre-suit negotiations.  Cockburn concludes that 15% of a $100 million Java license would be attributable to the copyrights at issue, but then adjusts his $14.8 million figure upward to $102.6 million. But those adjustments are barred by, among other authority, Judge Hamilton's recent opinion in *Oracle USA, Inc. v. SAP AG,* 2011 WL 3862074 at *7-*9 (N.D. Cal. Sept. 1, 2011), which held

The Honorable William Alsup
September 20, 2011
Page 2

that a hypothetical copyright license must be based on evidence that the plaintiff actually would have offered such a license. But Sun's pre-suit licensing offer presupposed a partnership with Google, while Cockburn's upward adjustments are based on revenues Sun allegedly lost because it ***could not*** partner with Google. There is no evidence that Oracle would actually have offered a license to a competitor and thus no support for Cockburn's upward adjustments.

Equally disqualifying, Cockburn's upward adjustment has no record support. It is based entirely on a single, admittedly optimistic Sun presentation about money Sun hoped to earn from a Google partnership. But there is no evidence Sun would have been able to establish a viable business to exploit Android. It never did so in reality. Moreover, the document relied on by Cockburn offers no underlying financial data to justify its projections. The cover email attached to the presentation, OAGOOGLE0100166873, openly concedes that the revenue numbers are tentative and unverified. Finally, Cockburn is double counting, because his upward adjustment includes Sun's lost profits from mobile Java licensing. The amount Sun demanded from Google in negotiations already ***included*** money to compensate Sun for that same lost licensing revenue.

*Second,* the Court should exclude Cockburn's upward adjustment to his patent damages calculation. Cockburn has dropped his patent damages estimate from $6.1 billion to $201.8 million, but the way he reaches the lower number is equally result-oriented. Cockburn began his patent damages analysis with the $100 million demand made by Sun to Google in early 2006, admitting that the $100 million would have bought Google a full technology partnership with Sun, access to Sun engineers and know-how, and a license to ***all*** Sun's Java-related intellectual property—2,000 Java-related patents, all related copyrights, and the Java trademark. Even so, he still apportions ***30%*** of the total to just the asserted patent claims, then boosts that $30 million

580577.02

The Honorable William Alsup
September 20, 2011
Page 3

baseline amount to $201.8 million based on Sun's projected profits from a Google partnership—all without even attempting to satisfy the lost-profits standard of *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,* 575 F.2d 1152 (6th Cir. 1978).  Moreover, the entire basis of Cockburn's seven-fold upward adjustment is the same single, speculative Sun presentation discussed above.

*Third,* Cockburn fails to provide a firm calculation of future damages as to either patent or copyright damages.  He simply states that future damages would be at least as large as past damages.  He fails to "take into account the varying expiration dates of the asserted patent claims," as this Court ordered.  Order at 11.  He also ignores the law and the Order, *id.* at 6-7, opining that future damages should be based on a hypothetical negotiation ***after the jury verdict***.

*Fourth,* Cockburn ignores this Court's Order by omitting a claim-by-claim analysis of the date of first infringement, or apportioning patent damages accordingly.  Order at 7.

Finally, Google seeks leave to file this *Daubert* motion separately, rather than as one of its five motions *in limine,* largely because of timing.  Cockburn reserves the right to offer reply opinions in response to Google's damages report(s).  In particular, Cockburn will try to rebut Google's evidence that Google's profits "attributable to the [copyright] infringement," 17 U.S.C. § 504(b), are far less than Google's gross advertising revenue from all Android devices, as Cockburn currently asserts.  Those new opinions also may present *Daubert* issues.  So all such issues may be addressed together, Google asks for a briefing schedule allowing Google to file its motion after Cockburn's deposition, which will follow his reply report, now due on October 10.  In view of the Court's bifurcation of the damages phase of this case, briefing the motion on such a schedule would allow the Court to resolve this issue before a December 2011 damages trial.

Sincerely, /s/ Robert A. Van Nest

580577.02