# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE * 7TH FLOOR * NEW YORK, NY 10022 * 212-446-2300 * FAX 212-446-2350

September 22, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Oracle America, Inc. v. Google Inc.,* No. C 10-3561 WHA

Dear Judge Alsup:

After thrice refusing to meet and confer about the issue, Google asks the Court to permit it to designate the Lindholm Documents as "Highly Confidential – Attorneys' Eyes Only", despite the fact that the Documents have been read in open court; despite the fact that whole paragraphs of the Document have been reprinted in the press; and, significantly, despite the fact that the Lindholm Documents simply do not meet the criteria for such protection.

As Google acknowledges, "the purpose of the AEO designation is to shield from public disclosure material that is ***not*** privileged, but which nonetheless 'would create a substantial risk of serious harm that could not be avoided by less restrictive means' if disclosed publicly." (Dkt. No. 449 at 2.) The Lindholm Documents do not fall into that category. Although Google claims for the first time that the Lindholm Documents are "competitively sensitive" and somehow reveal Google's litigation strategy (*id.* at 1–2), this argument mischaracterizes the Documents. The Documents on their face make no mention of litigation. The Documents also do not reveal any current sensitive business information. What the documents do reveal is a disclosure of a strategy, which has already been made public, and which has no bearing on any matter other than this lawsuit. Indeed, the only party that had any interest in the substance of the Lindholm Documents is Oracle, and Oracle has the Documents through discovery.

Moreover, the AEO designation serves no practical purpose, as the substance of the Documents has already been published by the Court in its Orders and in ***three*** hearing records. Google waived any claim to confidentiality by failing to object when Oracle, consistent with the Protective Order, stated that it was about to disclose Google's confidential information at two

Honorable William Alsup
September 22, 2011
Page 2 of 3

July 21, 2011 hearings; when the Court stated, "[i]f Google has a memo in their file saying, we are about to willfully infringe, there is no way I'm going to keep that secret from the public or the investing public," (7/21/2011 Daubert Hearing at 19:10-12); when Oracle quoted from the Documents at the two July 21 hearings; and when the Court read portions of the Lindholm Documents into public record and subsequently quoted them in its *Daubert* Order.  In fact, not only did Google's counsel not object when given the opportunity to do so, but Google's counsel waived any objection by arguing the substance of the Lindholm Documents at both hearings. The Court has *three times* denied Google's subsequent requests to seal and redact portions of the public transcript and Order which reference the substance of the Lindholm Documents.  (Dkt. Nos. 255, 271, 355.)

Google's repeated attempts to escape responsibility for its failure to object by alleging that Oracle failed to comply with the Protective Order are meritless.  Oracle's counsel stated clearly and on the record that he did not wish to disclose Google's confidential documents in open court.  The Court expressly authorized him to do so.  (7/21/2011 Daubert Hearing at 19:14.) Google made no objection.

Google mistakenly asserts that Oracle has not accepted Google's invitation to engage in a voice-to-voice meet and confer.  In fact, it is *Google* that has consistently refused to accept Oracle's invitation.  Oracle asked Google to meet and confer regarding the confidentiality designations for several deposition transcripts and the Lindholm Documents.  The King & Spalding team that initially engaged in these discussions stated that Google's other law firm, Keker & Van Nest, would handle Oracle's request regarding the Lindholm Documents.  Mr. Daniel Purcell, who was identified as the Keker & Van Nest partner responsible for the discussion, did not attend the call.  Oracle confirmed its position on the Lindholm Documents in writing to Mr. Weingartner on that same day.  After several follow-ups, Mr. Purcell asked Oracle to again set forth its position in writing; Oracle complied, and informed Mr. Purcell that Oracle's counsel would be available for a meet-and-confer at his convenience.  Rather than participating

Honorable William Alsup
September 22, 2011
Page 3 of 3

in such a meet and confer, or even responding to Oracle's offer, Google, without *once* speaking to any of Oracle's counsel, declared that "we're at an impasse," and filed Google's précis.

Finally, as noted in the correspondence with Mr. Purcell, while Oracle believes that the Lindholm Documents are public and should receive no confidentiality designation, Oracle proposed that as a compromise, pending the resolution of yet another Google attempt to classify the Documents as privileged, that the Lindholm Documents should be labeled Confidential instead of Highly Confidential. The distinction is important. Our client, like millions around the world, has read about the Lindholm Documents in the press; yet Oracle's counsel is currently prohibited from discussing with, much less showing, Oracle executives the Documents themselves. Oracle has also requested that the "PRIVILEGED & CONFIDENTIAL" footer, which Google added to each of the recently reproduced Lindholm Documents, be removed, to avoid misleading the jury should those documents be shown at trial. Rather than discussing these compromises, Google bypassed every required procedure, refused to meet and confer, and filed its letter précis.

In sum, Google's précis is an empty effort to squeeze these Documents into the mold of a "trade secret" or other "extremely sensitive" information to support its efforts to maintain AEO designation. Oracle respectfully requests that the Court decline Google's invitation to entertain its meritless motion.

                Respectfully submitted,

                /s/ Alanna Rutherford