KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
STEVEN A. HIRSCH - #171825
shirsch@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Tel:     415.391.5400
Fax:    415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                              Plaintiff,<br><br>       v.<br><br>GOOGLE INC.,<br><br>                              Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**REPLY IN SUPPORT OF GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Date: October 13, 2011<br>Time: 8:00 a.m.<br>Judge:  The Honorable William Alsup<br><br>Date Comp. Filed:  October 27, 2010<br>Trial Date:  October 31, 2011 |

REPLY IN SUPPORT OF GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
OF MAGISTRATE JUDGE
CASE NO. 3:10-cv-03561-WHA

582348.02

## I. INTRODUCTION

Google's opening brief showed that the Magistrate Judge overlooked relevant intrinsic and extrinsic evidence, and reached a variety of erroneous legal conclusions, on the way to ruling that Google failed to establish any link between the Lindholm email and Google's internal legal investigation of Oracle's claims. Oracle responds with a ridiculous argument that the declarations submitted by Google—which link the Lindholm email to Google's legal investigation of Oracle's infringement claims—actually refer to some other, hypothetical email and not the Lindholm email. Oracle never identifies this other, mystery email—nor could it, since the entire argument is a fiction.

The declarations submitted by Google established that (1) on August 6, 2010 Mr. Lindholm sent an email to in-house attorney Ben Lee; (2) the email reported on an investigation of the technology Oracle had just accused Google of infringing; (3) Mr. Lindholm conducted his investigation at Mr. Lee's direction; and (4) Mr. Lindholm sent the email to assist Google's legal analysis of Oracle's infringement claims.

Magistrate Judge Ryu did not discredit those declarations—indeed, she disclaimed any such intention at the hearing. Instead, she appears to have reached an erroneous legal conclusion—reviewed *de novo*—that an email between a lower-level employee and in-house counsel cannot be deemed privileged if it does not refer expressly to litigation, and that declarations are ineffective to explain the privileged context of such an email after the fact.

Oracle responds by rewriting the Magistrate Judge's decision to hold that the declarations were not credible and in fact represented an attempt to mislead the Court by discussing a ***different*** August 6, 2010 email from Tim Lindholm to Ben Lee. But Oracle's argument is baseless. ***First***, there is no such email. ***Second***, the Lindholm and Lee declarations expressly state that they refer to the Lindholm email sought in Oracle's motion to compel; and both declarations refer to the Lindholm email by its specific privilege-log numbers.

Oracle's argument is meant to distract the Court from the Magistrate Judge's key legal error: namely, that her ruling violates the principles laid down in *Upjohn* by stripping privilege from communications between low-level employees and corporate counsel unless the employee

1

REPLY IN SUPPORT OF GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
OF MAGISTRATE JUDGE
CASE NO. 3:10-cv-03561-WHA

582348.02

includes *specific references* to threatened litigation in *each* of those communications.  The Magistrate Judge's ruling also contains or necessarily implies the following legally erroneous propositions, which this Court reviews *de novo*:

- A communication discussing IP licensing must concern non-legal business negotiations and therefore cannot be privileged.

- An investigation by in-house counsel relating to threatened legal claims cannot be privileged if ordered by management.

- Because Mr. Lee is an in-house attorney, Google must make a heightened showing that the Lindholm email related to a request for legal advice.

Each of those holdings was wrong for reasons explained in Google's opening brief and below.  The Magistrate Judge's Order also rests on clearly erroneous factual findings.  The Magistrate Judge disregarded the evidence of privilege contained in the Lindholm and Lee declarations *and* the evidence of privilege on the face of the Lindholm email.  Oracle merely insists, *ipse dixit*, that the Magistrate Judge must have "carefully considered" the evidence because she made some mention of it.  Oracle is wrong.  The Magistrate Judge did not "carefully consider" this evidence.  Rather, she made factual findings that are speculative, directly contradicted by the evidence, and therefore clearly erroneous.

Accordingly, the Court should grant the relief set forth in Google's Proposed Order.[1]

## II.   LEGAL ARGUMENT

**A.    This Court should review *de novo* and set aside the Magistrate Judge's erroneous legal holdings, and also set aside her clearly erroneous factual findings.**

Oracle's opposition states that "the decision of the Magistrate judge is entitled to great deference."[2]  Not so.  Under Federal Rule of Civil Procedure 72(a), "[t]he Magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  "When . . . review of a non-dispositive motion by a district judge turns on a pure question of law, that review is *plenary* under the 'contrary to law' branch of the Rule 72(a) standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d

---

[1] Dkt. No. 442.

[2] Opp. at 6:12-13.

2
REPLY IN SUPPORT OF GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 3:10-cv-03561-WHA

582348.02

1  10, 14-15 (1st Cir. 2010) (emphasis added).  *De novo* review means "no deference," not "great
2  deference."
3       Even as to factual findings, the "clearly erroneous" standard does not mean that the court
4  simply "rubber stamps" the Magistrate Judge's findings.  *See* William W. Schwarzer, et al.,
5  FEDERAL CIVIL PROCEDURE BEFORE TRIAL (Rutter Group) (2011), 16:278.  Rather, the court
6  must review the entire record and set aside factual findings if it is left with the definite and firm
7  conviction that error has been committed.  *Perry*, 268 F.R.D. at 344.

8  **B.     The Magistrate Judge's decision undermines *Upjohn* by stripping privilege from communications between low-level employees and counsel unless the employee**
9  **remembers to refer to a specific threat of litigation in every communication.**

10       Corporate counsel need to be able to communicate freely with low-level employees in
11  order to gather information, develop legal advice, and relay that advice to corporate decision-
12  makers.  That is the premise of *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).
13       The Magistrate Judge's decision guts *Upjohn*.[3]  It improperly overburdens attorney-client
14  communications.  It requires the employee to include specific references to lawyers, litigation, or
15  legal advice in every communication sent to a lawyer.  If the employee fails to add such
16  boilerplate allusions, the missing context cannot be supplied by declarations connecting the
17  communication to lawyers, litigation, or legal advice.  The effect is that a lawyer will be less
18  likely to reach out to a low-level employee for fear that the employee will respond with a
19  privilege-destroying email.  The quality of legal advice to corporate clients will decline; for it is
20  "only natural that [low- and mid-level] employees would have the relevant information needed
21  by corporate counsel if he is adequately to advise the [corporate] client . . . ."  *Id.* at 391
22       The Magistrate Judge's decision is rife with legal errors that undermine *Upjohn* and are
23  subject to *de novo* review.  Even if some or all of the errors discussed below are deemed
24  "factual" in nature, however, they all meet the "clear error" standard.

---

[3] Rather than addressing *Upjohn*, Oracle argues that the case cannot be relevant because Google did not cite it in its "brief" to Magistrate Judge Ryu.  Oracle fails to mention that Google had roughly eight hours and exactly five pages in which to respond to Oracle's long-planned motion to compel (Dkt. No. 277), and that the primary focus of Oracle's motion was that Google had waived any privilege.  *Upjohn* doesn't concern waiver.  Magistrate Judge Ryu evidently discerned *Upjohn*'s relevance, as she cited the case in her written order.  Dkt. No. 361 at 7:8-9.

**1.  Contrary to law, the Magistrate Judge concluded that a communication is not privileged unless it expressly discusses litigation or legal advice—a conclusion to be reviewed *de novo*.**

The Magistrate Judge assumed that an email *to counsel* containing the phrase "***Attorney Work Product***" relates purely to "business negotiations" unless the "content of the email" specifically discusses litigation or legal advice.  This is contrary to law.  There is no requirement that an email expressly request or refer to litigation in order to be eligible for privilege.  *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000).  This is particularly true where, as here, the email's author and one of its recipients have submitted declarations establishing that the email concerns a legal investigation into the claims at issue in this lawsuit.

**2.  Contrary to law, the Magistrate Judge concluded that a communication discussing IP licensing must concern "business negotiations" and cannot be privileged—a conclusion to be reviewed *de novo*.**

The Magistrate Judge held that the Lindholm email concerned "strategy discussions" about "business negotiations" and therefore, as a matter of law, must be unrelated to Oracle's litigation threat.  But "[c]alling the lawyer's advice 'legal' or 'business' advice does not help in reaching a conclusion; it is the conclusion."  *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996).  The true question is whether the proponent has established that the communication was sent to or from a legal advisor, in his capacity as such.  *Id.*; *see also Upjohn*, 449 U.S. at 394.  Moreover, there is no bright line between license negotiations and IP litigation, as licenses are a typical component of settlements involving an IP dispute.[4]  Thus, there is not, and cannot be, a rule that communications about licensing negotiations are *ipso facto* not privileged.

**3.  Contrary to law, the Magistrate Judge concluded that an investigation in response to threatened litigation cannot be privileged if executive management orders or supervises the investigation—a conclusion to be reviewed *de novo*.**

The purpose of most corporate legal investigations is to offer legal advice to top management.  Indeed, that was precisely the scenario in *Upjohn*, where the Supreme Court noted that "[t]he communications at issue were made by Upjohn employees to counsel for Upjohn

---

[4] *See, e.g, Jacobs v. Nintendo of Am., Inc.*, 370 F.3d 1097, 1098-99 (Fed. Cir. 2004); *Hemstreet v. Spiegel, Inc.*, 851 F.2d 348, 349 (Fed. Cir. 1988); *Therasense, Inc. v. Becton, Dickinson & Co.*, C 04-02123 WHA, 2008 WL 2323856 (N.D. Cal. May 22, 2008) (Alsup, J).

1  acting as such, *at the direction of corporate superiors in order to secure legal advice from
2  counsel*."  449 U.S. at 394 (emphasis added).  Mr. Lindholm's investigation in this case was no
3  different.  As Google's declarations established, Mr. Lindholm, while acting under in-house
4  counsel Ben Lee's direction, investigated facts related to Oracle's infringement claims and
5  communicated that information to Mr. Lee so that he and General Counsel Kent Walker could
6  develop legal advice and convey that advice to executive management.  The Lindholm email is
7  privileged, regardless of who ultimately "ordered" the investigation.

**4.    Contrary to governing Ninth Circuit law, the Magistrate Judge concluded that a "clear showing" is required to establish privilege where the communication is sent to or from in-house counsel—a conclusion to be reviewed *de novo*.**

The Ninth Circuit has held that "[i]n determining the existence of privilege, no attempt is made to distinguish between 'inside' and 'outside' counsel." *United States v. Rowe*, 96 F.3d 1294, 1296 (9th Cir. 1996).  Moreover, even if the "clear showing" standard applied here, the Magistrate Judge's ruling still would be contrary to law because she failed to consider an important corollary of the "clear showing" standard:  "[T]here is a rebuttable presumption that a lawyer in the legal department or working for the general counsel is most often giving legal advice."  *Boca Investerings P'ship v. United States*, 31 F. Supp. 2d 9, 12 (D.D.C. 1998).

Oracle argues that this rebuttable presumption is "unavailing [sic] to Google, as it has provided no evidence whatsoever about Mr. Lee's role at Google."[5]  Oracle is mistaken.  Mr. Lee's declaration states: "At the time I received Mr. Lindholm's email *I was Senior Counsel for Google*."[6]  Mr. Lee's title shows that he worked in the legal department, and his declaration also describes his work for General Counsel Kent Walker.[7]  Under these circumstances, the Magistrate Judge's use of the "clear showing" standard was contrary to law.

**C.    The Magistrate Judge's factual findings were clearly erroneous because she disregarded competent testimony and engaged in counterfactual speculation.**

The rest of Google's objections challenge the Magistrate Judge's clearly erroneous

---

[5] Dkt. No. 467 at 13:18-19.

[6] Lee Decl. at ¶ 1.

[7] Lee Decl. at ¶¶ 3-4.

5
REPLY IN SUPPORT OF GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 3:10-cv-03561-WHA

582348.02

1  factual findings, which arose because she overlooked the evidence establishing the privilege and
2  speculated about a separate, non-litigation-related "business negotiation" that did not occur at the
3  time of the Lindholm email and that was not discussed in that email.  The Lee and Lindholm
4  declarations say nothing about a non-legal "business negotiation" taking place at or around the
5  time of the Lindholm email, and Mr. Lindholm expressly declared that his August 6, 2010 email
6  was ***not intended as "general business advice"*** about Android's ongoing operations.[8]

7  The Magistrate Judge overlooked this evidence, as well as the evidence that the email
8  concerned the accused technology, was written soon after Oracle had charged Google with
9  infringement, and was addressed to the lawyer charged with overseeing Google's legal
10 investigation of Oracle's claims.

11 In defense of the Magistrate Judge's clearly erroneous factfinding, Oracle argues that the
12 Lee and Lindholm declarations are unworthy of consideration because they discuss some email
13 other than the Lindholm email.  Oracle implies that Google's lawyers tried to bamboozle the
14 Magistrate Judge, and now this Court, by submitting declarations that *appeared* to be about the
15 Lindholm email (which was wholly unrelated to the legal investigation) while actually describing
16 some other, unidentified email (which was related to the legal investigation).  In Oracle's words:
17 "The reasonable conclusion is that the investigation of technical alternatives described in the
18 [Lindholm email] is not the legal advice described by Mr. Lee and Mr. Lindholm."[9]

19 This baseless charge must be rejected for at least three reasons.

20 ***First***, the Lee and Lindholm declarations are absolutely unambiguous about what email
21 they are referring to.  Both identify the specific privilege-log numbers of Mr. Lindholm's August
22 6, 2010 email, and both state that they understand that that email is the subject of Oracle's

---

[8] Lindholm Resp. Decl. at ¶ 7.  Oracle quarrels with Mr. Lindholm's statement, arguing that it "leaves open the reasonable possibility" that he was providing "specific advice" about technology alternatives or business strategies.  This argument is absurd.  Mr. Lindholm's declaration establishes that his email concerned an ongoing legal investigation into Oracle's infringement claims.  The email did not address a non-legal business negotiation and it did not address a business strategy, general or specific.  It is Google's burden to establish the grounds for asserting privilege, not to rebut every imaginative speculation or strained interpretation that a creative mind could devise.

[9] Dkt. No. 467 at 10:17-19.

6
REPLY IN SUPPORT OF GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
OF MAGISTRATE JUDGE
CASE NO. 3:10-cv-03561-WHA

582348.02

motion to compel.[10]  No stronger tie to the Lindholm email was possible because the declarations could not attach and incorporate the Lindholm email and drafts without waiving privilege.  "The proper procedure for asserting the attorney-client privilege as to particular documents" is to "submit them *in camera* for the court's inspection, providing an explanation of how the information fits within the privilege."  *In re Horn*, 976 F.2d 1314, 1318 (9th Cir. 1992).  And Magistrate Judge Ryu required the parties to file and serve their declarations; she restricted *in camera* submission to the Lindholm email and drafts themselves.[11]

*Second*, Oracle tries to mislead the Court when it observes that there are "no fewer than 170 separate entries for emails from Mr. Lindholm to Mr. Lee '**on or about** August 6, 2010'"—implying that the Lee and Lindholm declarations could be discussing any one of those 170 other emails.[12]  What Oracle fails to inform the Court is that *every one of those entries* other than the Lindholm emails and drafts is dated August **5**, 2010—not August **6**, 2010.  *See id.*  By contrast, the Lindholm declaration discusses his August **6**, 2010 email and no other.[13]  And the Lindholm and Lee declarations both refer to the precise privilege-log numbers of the August **6**, 2010 email.

*Third*, Oracle's argument strains credulity by requiring the Court to believe that, at the very time when Mr. Lindholm and Mr. Lee were communicating about a legal investigation into Oracle's infringement claims, they also were communicating about a *wholly unrelated* "business negotiation" that just happened to concern the exact same parties and the exact same technology.  Oracle then asks the Court to infer that some other undisclosed August 6, 2010 email—and not

---

[10] Lindholm Decl. at ¶¶ 2, 8; Lee Decl. at ¶¶ 1, 9.  Oracle urges the Court to disregard these references because Mr. Lee and Mr. Lindholm "incorrectly identified" one of the privilege log entries associated with the Lindholm email in their original declarations.  Dkt. No. 467 at 3:23-4:1, 9:16-21.  Oracle fails to mention that the entry Mr. Lee and Mr. Lindholm "incorrectly identified" was in fact another *auto-saved draft of the Lindholm email*.  Dkt. No. 299 (Original Lindholm Decl.) at ¶ 8; Dkt. No. 301 (Original Lee Decl.) at ¶ 9.  Google's lawyers discovered that that entry was an auto-save after submitting the declarations.

[11] Dkt. No. 286 at 1:12-17 (ordering the parties to "lodge, and not file" the Lindholm email and drafts, and to "file with the court" sworn declarations supplying the factual information relevant to the privilege analysis.

[12] Dkt. No. 467 at 4:2-3 (emphasis added).

[13] Lindholm Decl. at ¶ 2; ¶ 8 (declaring: "On August 6, 2011, at 11:05 a.m., I sent an email reporting to Mr. Lee . . . ."

---

7
REPLY IN SUPPORT OF GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
OF MAGISTRATE JUDGE
CASE NO. 3:10-cv-03561-WHA

582348.02

the Lindholm email—is the subject of the Lindholm and Lee declarations.  But Google's privilege log lists no August 6, 2010 email from Mr. Lindholm to Mr. Lee, other than the Lindholm email and drafts.[14]  This other, mystery email simply does not exist.

Oracle's desperate attempts to justify the Magistrate Judge's ruling reveal the weakness of its position.  Google established the elements of the attorney-client privilege.  To the extent that it turns on factual findings (as opposed to legal error), the Magistrate Judge's ruling that Google failed to establish a link between the Lindholm email and the legal investigation described in the declarations should be set aside as clearly erroneous.

**D.    Oracle's waiver arguments, which the Magistrate Judge did not reach, are meritless.**

Recognizing the flaws in the decisions Magistrate Judge Ryu did make, Oracle attempts to argue the merits of a decision she did not make: namely, that Google waived privilege.

Oracle's waiver argument is pure gamesmanship.  ***First***, Oracle blindsided Google by quoting the Lindholm email in court without providing advance notice to Google as required by the stipulated protective order.  Oracle argues that it provided the required notice because it identified the Lindholm email as Highly Confidential immediately before reading it into the record at the July 21 hearings.[15]  Oracle is wrong.  The protective order contemplates notice before the hearing, not during.  That is why the order requires notice if a party "*reasonably expect[s]* a . . . hearing to include Protected Material."[16]  Oracle plainly expected that the July 21 hearings would include the Lindholm email; indeed, Oracle brought the email to the *Daubert* hearing in this Court and had it at the ready to quote in the telephonic hearing before Magistrate Judge Ryu.  Under these circumstances, Oracle cannot plausibly argue that it had no obligation to provide pre-hearing notice to Google.  Yet, Oracle did not provide such notice.

***Second***, Oracle tries to capitalize on its violation of the protective order by arguing that Google waived privilege because of its lawyer's suprised reaction to questions about the email.

---

[14] *See* Dkt No. 336, Ex. 1.
[15] Dkt. No. 467 at p. 5 n. 3.
[16] Dkt. No. 66 at 7:1-4 (emphasis added).

8
REPLY IN SUPPORT OF GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
OF MAGISTRATE JUDGE
CASE NO. 3:10-cv-03561-WHA

582348.02

1 Google has explained why the surprised reaction of a lawyer when confronted with a document
2 for the first time is irrelevant to the application of attorney-client privilege.  Oracle responds that
3 the Court should discredit this argument because there is no declaration from Google's lawyers
4 confirming that they were "surprised" by the email.[17]  The notice provisions of the stipulated
5 protective order are designed to preempt this type of after-the-fact dispute about the use of
6 Highly Confidential documents in public hearings.  Oracle violated the protective order and
7 should not be allowed to benefit from that violation.

8       Oracle also argues that Google waived privilege by operating a search engine that
9 facilitates access to third-party web pages displaying quotations from the Lindholm email.  But
10 Google cannot and does not control the content of third-party web pages.[18]  Google has taken
11 every reasonable measure to protect against Oracle's public dissemination of the Lindholm
12 email.  It is irrelevant to the privilege analysis that third parties have quoted the email on blog
13 postings and other web pages.  Indeed, that is a direct result of Oracle's violation of the
14 protective order.  Again:  Oracle cannot exploit the results of its own misconduct to destroy a
15 document's privileged status.

16       ***Third***, Oracle's waiver argument should be understood as the latest move in a cynical
17 game that Oracle has been playing—a game of damned-if-you-do-and-damned-if-you-don't.  On
18 the one hand, Oracle chastises Google for failing to quote the language of the Lindholm email in
19 its brief, failing to provide a detailed explanation of what the content of the email means, and
20 failing to tie its witness declarations (even) more closely to the email by describing its contents.[19]

21       On the other hand, Oracle maintains that Google has waived privilege because "Google
22 itself argued the substance" of the Lindholm email at the July 21 hearings.[20]  In sum:  If Google
23 explains the substance of the document, Oracle argues that privilege is waived.[21]  If Google

---

[17] Dkt. No. 467 at 14:3-10.
[18] Declaration of Matt Cutts (Dkt. No. 332) at ¶ 5.
[19] Dkt. No. 467 at 12:14-25.
[20] Dkt. No. 467 at 15:4-6.
[21] Oracle recently served upon Google a motion *in limine* that attempts to exclude evidence or argument explaining the meaning of the content in the Lindholm email.

1  limits its submissions to the facts necessary to establish that the email is privileged, Oracle
2  portrays those facts as "generalized assertions" that are insufficient to overcome "specific
3  statements in the email."[22]  Indeed, Oracle now has gone even further by suggesting that the
4  declarations may be about some other email.  Magistrate Judge Ryu's reasoning suffers from
5  similar flaws by focusing solely (if inaccurately) on the "content of the email" while disregarding
6  all of the other evidence—including Mr. Lindholm's and Mr. Lee's declarations—that puts the
7  email into its proper legal context.

8       In drafting its declarations, Google took care to avoid waiver claims while including all
9  true and accurate facts supporting its claim of privilege.  Google struck the proper balance
10 between these competing concerns.  It did not waive the privilege, and Oracle's insistence that it
11 did shows that the Magistrate Judge's order cannot be defended on its own terms.

## III. CONCLUSION

13      For the reasons stated above and in all the papers, declarations, and exhibits submitted to
14 Magistrate Judge Ryu and to this Court, both publicly and *in camera*, the Court should grant the
15 relief requested in Google's Proposed Order.[23]

17 Dated: September 29, 2011                                      Respectfully submitted,

18                                                                KEKER & VAN NEST LLP

19                                                                By: s/ Robert A. Van Nest
                                                                      ROBERT A. VAN NEST
20                                                                    Attorneys for Defendant
                                                                      GOOGLE INC.

---

[22] Dkt. No. 467 at 3:10-19.
[23] Dkt. No. 442.

10
REPLY IN SUPPORT OF GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
OF MAGISTRATE JUDGE
CASE NO. 3:10-cv-03561-WHA

582348.02