**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 3, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google, Inc.*, Case No. 3:10-cv-03561-WHA

Dear Judge Alsup:

Oracle submits this précis to request leave to file a motion for reconsideration of the "Section 1 – Accused Products" portion of the Court's Order partially granting Google's motion to strike portions of Prof. Mitchell's report (Dkt. No. 464), or in the alternative, to supplement Oracle's infringement contentions as to accused products. In addressing the scope of the products Oracle could accuse in connection with its claim against Google of indirect patent (but not copyright) infringement, the Court stated that "Oracle's infringement theories may be directed only toward accused products that were specifically named in its April 2011 disclosure of infringement contentions." (Dkt. No. 464 at 4.)

**I.    Request for Reconsideration**

Pursuant to Civil Local Rule 7-9(b)(2), Oracle submits that new material law exists in that the Court's ruling does not distinguish between the infringement contention requirements for a party's infringement and for indirect infringement. The applicable version of the Patent Local Rules is itself rather new, having gone into effect only on December 1, 2009, and there are few decisions applying these rules.

The relevant difference in the patent local rules is between the disclosure that is required in the case of an *accused infringer's* "instrumentalities" and the disclosure of alleged indirect infringement. For the former, Patent Local Rule 3-1(b) requires specificity (emphasis added):

MORRISON | FOERSTER

The Honorable William Alsup
October 3, 2011
Page Two

> Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") *of each opposing party* of which the party is aware. *This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number,* if known.

As noted, this paragraph requires the identification of the *accused infringer's* alleged infringement to be "as specific as possible," and mandates identification of model names and numbers. Oracle complied by enumerating all Google "Accused Instrumentalities" – in particular, the identified Google phones (the Google Nexus One and the Google Nexus S).

For indirect infringement, however, there is no "as specific as possible" requirement, and no obligation to list third party infringing devices. Patent Local Rule 3-1(d) requires the following (emphasis added):

> For each claim which is alleged to have been indirectly infringed, *an identification of any direct infringement* and *a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement*. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

Rule 3-1(d)'s requirement of "an identification of any direct infringement" is not the same as Rule 3-1(b)'s requirement to list accused instrumentalities as specifically as possible. Oracle identified the direct infringement of third parties who infringe the patents-in-suit in the manner described in Oracle's claim charts because they "copy, sell, distribute, re-distribute, and use products that embody or incorporate" infringing portions of Android. Oracle identified representative third-party Android devices, but that was neither required nor limiting.

As to the bulk of the third party infringing devices, Oracle referred to "other mobile devices running Android." That was sufficient under Patent Local Rule 3-1(d). Notably, Google articulated this category itself in its Answer and Counterclaims to Oracle's Complaint (emphasis added):

> The Android Platform has been a success in the mobile handset industry. Although Android was a latecomer to the smartphone market – first becoming generally available in late 2008 – *there are currently approximately ninety different Android-based mobile devices made by over twenty different manufacturers available for*

MORRISON | FOERSTER

The Honorable William Alsup
October 3, 2011
Page Three

> *purchase in dozens of countries*. Indeed, approximately 200,000 **Android-based handsets** are activated every day on over fifty different wireless carriers. Android Market – a store where developers can sell applications ("apps") that they create for **Android-based devices** – has over 80,000 apps available for download.

(Dkt. No. 51 at 19 ¶ 20; Dkt. No. 32 at 17 ¶ 20.) In addressing Rule 3-1(d), Oracle adopted the category of Android devices that Google itself specified. That should be sufficient under the rule.

## II.  Request for Leave to Supplement Infringement Contentions

If the Court denies Oracle leave to file a motion for reconsideration, Oracle asks permission to move to amend Oracle's infringement contentions to include Android devices that currently exist. Given the language of the Local Rules, Oracle did not appreciate that it was required to assemble a list of Android devices and attach it to its infringement contentions. Google will not be prejudiced by this amendment because Google has apprehended this category since the beginning of this case. As noted above, Google's Answer and Counterclaims to Oracle's Complaint defined the category. (Dkt. No. 51 at 19 ¶ 20; Dkt. No. 32 at 17 ¶ 20.) Moreover, Google's counsel told this Court (emphasis added):

> MR. WEINGAERTNER:  In the months that have gone by since filing this lawsuit, ***Android devices, which are accused***, have become the fastest-selling smartphones in the world. Oracle's point here is that that is somehow due to Java technology.

(4/6/2011 Hr'g Tr. 35:11-15; *see also id*. at 36:23-37:4 (Motorola, Samsung, HTC as "better-known ones").) Having adopted the same category of accused devices as Oracle did, Google should not be able to escape liability for indirect infringement under the guise of alleging *Oracle's* lack of specificity, and Oracle should be allowed to seek leave to amend its contentions.

For these reasons, Oracle asks the Court to grant its request for leave to file a motion for reconsideration, or in the alternative, to supplement its infringement contentions.

Respectfully submitted,

*/s/ Michael A. Jacobs*

Michael A. Jacobs

pa-1489006