MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S CASE MANAGEMENT STATEMENT**<br><br>Dept.:  Courtroom 8, 19th Floor<br>Judge:  Honorable William H. Alsup |

Pursuant to the Court's September 26, 2011 Order, Oracle America, Inc. hereby presents the status of the patent reexamination proceedings, the reasons why a stay of this case for reexamination is not beneficial, its statement of the number of hours needed for direct and cross-examination, and the extent to which its damages study rests on copyright versus patent issues.

## I.    STATUS OF THE REEXAMINATIONS

For the Court's information, we provide the current status of the reexaminations of the six asserted patents in suit.  As of today, the PTO has confirmed the patentability of the asserted claims of one of the patents (the '520); the PTO has not yet issued a first office action with respect to one of the patents (the '104); and the PTO has tentatively rejected the asserted claims of the remaining four patents (the '205, '720, '702, and '476).  The table below shows the current status of the reexaminations as to each of the six asserted patents:

| Patent No. (type of reexam) | Reexam Filed | Reexam Ordered | Office Action Issued | Oracle Response Due / Filed | Google Response Due | Asserted Claims Subject To Reexam | Asserted Claims Preliminarily Rejected | Asserted Claims Confirmed Patentable |
|---|---|---|---|---|---|---|---|---|
| 6,061,520 (ex parte) | 3/1 | 3/23 | 6/23 | Filed 8/23 | n/a | All (1, 8, 12, 20) | | All (1, 8, 12, 20) |
| RE38,104 (ex parte) | 3/1 | 3/28 | pending | | | All (11, 27, 29, 39, 40, 41) | | |
| 6,192,476 (ex parte) | 2/15 | 3/23 | 6/16 | Filed 9/16 | n/a | All (14) | All (14) | |
| 5,966,702 (ex parte) | 2/15 | 3/23 | 6/6 | Filed 9/6 | n/a | All (1, 6, 7, 12, 13, 15, 16) | All (1, 6, 7, 12, 13, 15, 16) | |
| 7,426,720 (inter partes) | 2/15 | 4/18 | 5/5 | Filed 7/5 | Filed 8/4 | All (1, 6, 10, 19, 21, 22) | All (1, 6, 10, 19, 21, 22) | |
| 6,910,205 (inter partes) | 2/17 | 4/14 | 8/19 | Due 10/19 | | All (1, 2) | All (1, 2) | |

## II.    THE CASE SHOULD NOT BE STAYED IN WHOLE OR IN PART

Since the parties last reported to the Court on the status of the reexaminations, almost nothing has happened at the PTO.  Certainly there has been no dramatic action that shifts the balance towards a stay.  The PTO issued a Notice of Intent to Issue a Reexamination Certificate in the '520 patent reexamination, after having confirmed the patentability of the asserted claims over Google's prior art references.  The PTO issued a first office action in the '205 patent

1    reexamination, tentatively accepting Google's argument with respect to one prior art reference,

2    but flatly rejecting Google's argument with respect to another.

3        Oracle and Google have prepared to try this case, at significant expense.  They have

4    exchanged their pretrial materials—motions in limine, exhibit lists, witness lists, proposed jury

5    instructions, and so on.  They have also spent a great deal of time with Magistrate Judge Grewal

6    in mediation discussions.  It would be wasteful to lose the investment the parties have made in

7    their time, energy, money, and executive attention by now putting the case on hold.

8        In addition, Oracle has a compelling case of copyright infringement—Google has all but

9    confessed that portions of Android were derived from Oracle's Java API specifications and

10   source code—that has nothing whatsoever to do with the pending reexamination proceedings.  It

11   would be unjust for the Court to stay the case and permit Google to continue to enjoy the fruits of

12   its illegal copying.

13       The slow progress of the patent reexaminations means that there is no good reason to stay

14   this case even if only the patent infringement claims were at issue.  The PTO has yet to issue a

15   first office action for the '104 patent and has confirmed all the asserted claims of the '520 patent.

16   The two *inter partes* reexaminations (of the '205 and '720 patents) should not be considered for a

17   stay because the PTO will be required to dismiss them before they conclude. 35 U.S.C. § 317

18   provides that, after a final federal court decision on the merits, "an inter partes reexamination

19   requested by that party or its privies on the basis of such issues may not thereafter be maintained

20   by the Office." 35 U.S.C. § 317; MANUAL OF PATENT EXAMINING PROCEDURE § 2686.04.  This

21   case would almost certainly reach final judgment before the *inter partes* reexaminations are

22   finished because the pendency of appeals at the Board of Patent Appeals and Interferences is

23   currently 32 months from the filing of the notice of appeal to decision.  *See*

24   http://www.uspto.gov/ip/boards/bpai/stats/perform/FY_2011_Performance.jsp.  This also shows

25   that it would be unjust to stay the case pending reexamination when such a stay would likely last

26   for years.

27       With respect to the final two patents, the '702 and '476 patents, Google's actions with

28   respect to the '520 patent show that the Court will not benefit much from a stay.  The only path

1    for these two *ex parte* reexaminations to finish quickly is for the PTO to allow the claims over the

2    cited art.  But that is what the PTO has done in the '520 patent reexamination, and Google insists

3    on presenting its failed invalidity defense to the jury instead of accepting its loss.  The Court

4    should expect Google to do the same for the '702 and '476 patents, so there is little to be gained

5    from a stay.

6        Google's October 3 statement identifying its invalidity defenses demonstrates that the

7    patent claims that Oracle has selected are in fact triable.  The invalidity grounds that Google

8    intends to try are not dependent on the number of asserted patent claims, because Google

9    basically asserts the same defenses against every claim in a patent: it asserts the same three

10   grounds of invalidity against every claim of the '104 patent, the same two grounds of invalidity

11   against every claim of the '520 patent, the same two grounds of invalidity against every claim of

12   the '702 patent, the same four grounds of invalidity against every claim of the '205 patent, the

13   same two grounds of invalidity against every claim of the '720 patent, and three grounds of

14   invalidity against the one claim of the '476 patent.  There are only a few extra invalidity grounds

15   that are not common to all claims of a patent, and these defenses are marginal.  At this point in

16   the case, can it really be true that Google cannot decide which two out of four invalidity defenses

17   for the '104 and '205 patents are the strongest?  And a number of Google's defenses have been

18   rejected by the PTO, and yet it maintains them in the litigation.

19       If there is any difficulty in trying the patents-in-suit, it is one of Google's own making.

20   Although Google complains about Oracle's assertion of 26 claims, Google's invalidity

21   contentions do not vary with the "mirrored claims."  Nor do Google's noninfringement

22   contentions vary with the "mirrored claims."  Yet when Oracle requested in a meet and confer

23   that Google accept the stipulation offered in its September 29 case management statement to

24   apply the jury's finding on infringement and validity in common among mirrored claims, Google

25   refused.  Oracle respectfully suggests that Google has not made an effort comparable to that made

26   by Oracle to prepare the case for trial.  Since Oracle selected asserted claims in June according to

27   the Court's May 23 Order, Oracle has dropped about half of those claims.  Google's efforts to

28   reduce the number of its asserted defenses do not compare.

### III.    TIME NEEDED FOR DIRECT AND CROSS EXAMINATION

Oracle anticipates a minimum of 28-30 hours for its direct and cross examination, with additional time for the opening and closing.

### IV.    COPYRIGHT VERSUS PATENT DAMAGES

Professor Cockburn's September 2011 damages report addresses both copyright and patent damages, and does so in separate sections of the report that rest on separate evidence and analysis.  In contrast, Professor Cockburn's May 2011 report addressed copyright damages, including both actual damages and infringer's profits, by referring back to a single hypothetical license analysis which considered patent and copyright licensing together as part of a portfolio license.

Professor Cockburn applies a hypothetical license approach to analyze the reasonable royalties that should correspond to each of the patent infringement claims.  Consistent with the Court's July 22 Daubert order, Professor Cockburn starts with the 2006 license value, applies downward adjustments to apportion to the specific patents in suit and account for domestic revenues, and applies an upward adjustment to account for the significant difference between the 2006 "starting point" license (Java-compatible) and the hypothetical license (incompatible). Professor Cockburn also notes that both the substantial anticipated harm to Sun and Oracle from fragmentation of Java and a "litigation premium" for the assumption of patent validity and infringement, neither of which can be readily quantified, would have placed upward pressure on the reasonable royalties that should be applied through the time of trial for the patents in suit.  The hypothetical patent license does not include any amount for the copyright claims.

For copyright infringement, consistent with the copyright statute, Professor Cockburn elaborates on and separately analyzes (1) "actual damages," using (in the alternative) a lost profits approach and the hypothetical license approach generally described above (but subject to a separate apportionment analysis for copyright); and (2) Google's profits from the copyright infringement.  With respect to infringer's profits, consistent with the statute, Professor Cockburn limits his initial analysis to the fact that "the copyright owner is required to present proof only of the infringer's gross revenue."  17 U.S.C. § 504(b).  It is Google's burden to "prove his or her

1  deductible expenses and the elements of profit attributable to factors other than the copyrighted

2  work." *Id.* Professor Cockburn intends to address Google's analysis in his reply report and/or at

3  deposition.

4      Because they rest on separate apportionment analyses that limit damages to each category

5  of claims independently, the patent and copyright damages estimates included in Professor

6  Cockburn's September report are independent and are not duplicative. Substantial and irreparable

7  future harm from the patent and copyright infringement, including harm from fragmentation of

8  Java, will also warrant injunctive relief.

9

10

11  Dated: October 4, 2011                    MICHAEL A. JACOBS
                                              MARC DAVID PETERS
12                                            DANIEL P. MUINO
                                              MORRISON & FOERSTER LLP
13

14                                            By:  /s/ Michael A. Jacobs

15                                                *Attorneys for Plaintiff*
                                                  ORACLE AMERICA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28