# EXHIBIT B

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendant
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**DEFENDANT GOOGLE INC.'S FIFTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE, NO. 3** |

1  forth all of its bases for its defenses, as Google objects that such a response would be unduly
2  burdensome, premature, and require the unwarranted disclosures of attorney work product and
3  attorney-client privileged information.
4      15.    Google incorporates by reference these General Objections into the specific
5  objections and responses set forth below.  While Google may repeat a General Objection for
6  emphasis or some other reason, the failure to specifically refer to any General Objection does not
7  constitute a waiver of any sort.  Moreover, subject to the requirements of Rule 33 of the Federal
8  Rules, Google reserves the right to alter or amend its objections and responses set forth herein as
9  additional facts are ascertained and analyzed.
10     16.    Google remains willing to meet and confer with respect to any of its objections to
11 assist Plaintiff in clarifying or narrowing the scope of the requested discovery, and reserves the
12 right to move for a protective order if agreement cannot be reached.
13
14     **SPECIFIC OBJECTIONS AND RESPONSES**
15     Google's responses to Plaintiff's Interrogatories are based upon Google's current
16 information and belief as a result of reasonable searches and inquiries.  Google reserves its right
17 to amend and supplement its responses as it learns additional facts.
18
19 **INTERROGATORY NO. 3:**
20     Please explain the factual and legal bases for Google's pleading of its first affirmative
21 defense: No Patent Infringement.
22 **THIRD SUPPLEMENTAL RESPONSE:**
23     In addition to its General Objections, Google objects to this Interrogatory as it seeks
24 information protected by the attorney-client privilege, the work product doctrine, and/or any
25 other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory
26 as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible
27 information.  Google further objects to the request to "explain" factual bases as vague and
28 ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

- **Claims 1, 5, 6, and 14, and all dependent claims that depend therefrom:** As presently understood, Oracle has not made a showing of infringement at least because the material cited for "providing security" element at pages 1-4 of Exhibit E does not meet the claim element even if it were implemented and used in a device in the form it is recited in Exhibit D because the cited material has not been shown to have been used to provide security in any system and is not capable of doing so.  First, Oracle's only purported evidence of use is in the context of the execution of the Compatibility Test Suite (CTS).  Such a use would be in a controlled environment and cannot be said to be providing security.  Second, because native code may be accessed by Android applications and because native code is unaffected by the cited material, the cited material cannot be said to provide security.  Each other independent claim in Exhibit D references Oracle's citation for claim 1 for similar elements and the same basis applies to those claims.
- **All Asserted Claims:** Google served its Invalidity Contentions on January 18, 2011, detailing its bases for the invalidity of each asserted claim of this patent.  Google contends that each asserted claim is invalid and therefore Google cannot infringe such a claim.

**The '520 Patent**

- **Claims 1, 6, and 18, and all dependent claims that depend therefrom:** For these claims, Oracle has failed to identify on a claim by claim basis in Exhibit F the actual performance of any allegedly infringing method and has instead relied on general statements referring to "Android and its development environment . . . ."  All of these claims implicate the performance of a method and the charts in Exhibit F are devoid of any example of any method being performed, thereby precluding a finding of infringement.  Oracle has not made a showing of infringement because it has not identified any allegedly infringing act or purported direct infringer for these claims and has yet to provide them in supplemental disclosures under the Patent Local Rules.
- **Claims 12, and all dependent claims that depend therefrom:** For these claims, Oracle has failed to identify on a claim by claim basis in Exhibit F any specific device that allegedly infringes and has instead relied on general statements referring to "[a]ny device or computer

which can run the Android dx tool." Oracle has not made a showing of infringement because it has not identified any specific allegedly infringing device or purported direct infringer for these claims and has yet to provide them in supplemental disclosures under the Patent Local Rules.

- **Claim 1 and all dependent claims that depend therefrom:** Oracle accuses its own javac compiler as an element of its allegations for United States Patent No. 6,061,520. Upon information and belief, Google expects discovery to reveal that alleged direct infringers, when identified, are licensed to use that product. Until Oracle identifies on a claim by claim basis the identity of alleged direct infringers performing each step of each claim and Google receives information regarding Oracle's licenses, Google cannot respond more fully.

- **All Asserted Claims:** As presently understood, Oracle has not made a showing of infringement of claim 1 at least because the material cited for the "simulating execution of the byte codes of the clinit method against a memory without executing the byte codes to identify the static initialization of the array by the preloader" element at pages 9-19 of Exhibit F does not meet the claim element even if it were implemented and used in a device in the form it is recited in Exhibit F and Oracle has not made a showing of infringement of claim 6 because the material cited for the "play executing the code without running the code on the component to identify the operation if the code were run by the processing component" element at pages 39-44 of Exhibit F does not meet the claim element even if it were implemented and used in a device in the form it is recited in Exhibit F because it would not employ a method of simulating execution or play executing in that there would be no actual execution of the byte codes while identifying an array initialization instruction. The material cited for this element is a pattern matching algorithm in which bytecodes are not executed and/or in which there is no simulation of execution of the bytecodes. Each other independent claim in Exhibit F references Oracle's citation for claim 1 or claim 6 for a similar element and the same basis applies to those claims. (*See, e.g.,* Claim 12 ("*See* claim 1, *supra*" in chart for "play executing the clinit method . . ." element), Claim 18 ("*See* claim 6, *supra*" in chart for "simulating execution . . ." element).)

26

DEFENDANT GOOGLE INC.'S FIFTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES,
SET ONE, NO. 3, CIVIL ACTION NO. CV 10-03561-WHA

- **Claim 4:** As presently understood, Oracle has not made a showing of infringement of claim 1 at least because the material cited for the "wherein the play executing step includes the steps of: . . . performing the manipulation of the local variables on the allocated variables" element at page 39 of Exhibit F does not meet the claim element even if it were implemented and used in a device in the form it is recited in Exhibit F because there would be no actual manipulation of the local variables on the allocated variables in order to identify the static initialization of the array. The material cited for this element is a pattern matching algorithm that does not perform any manipulation of local variables of the clinit method.

- **Claims 1, 12, and all dependent claims that depend therefrom:** For these claims, Oracle has failed to identify an Accused Instrumentality or single party that performs all of the recited steps.

- **All Asserted Claims:** As presently understood, Oracle has not made a showing of infringement for any of the asserted claims at least because the material cited in Exhibit F for elements requiring creating or storing an instruction to perform a particular function, e.g., Claim 1 ("storing . . . an instruction requesting the static initialization of the array), Claims 6, 18 ("creating an instruction for the processing component to perform the operation"), Claim 12 ("creating an instruction to perform the static initialization"), does not meet the claim elements even if it were implemented and used in a device in the form it is recited in Exhibit F because (1) ==it would not employ a method that creates or stores a single instruction to perform each of the respective accused functions in that there are multiple instructions identified in Exhibit F, and none of them alone can be used to create and initialize the recited data structure with values contained in the instruction==; and/or (2) it would not employ a method that creates or stores a constant pool entry.

- **All Asserted Claims:** Oracle has not made any showing or specific allegation of indirect infringement attributable to Google through inducement or contributory infringement. Oracle has not identified any alleged direct infringer, thereby precluding indirect infringement. Further, Oracle has not demonstrated that Google had specific knowledge of this patent sufficient for either inducement or contributory infringement. Although Oracle made a cosmetic supplementation, Oracle continues to simply assert the unsubstantiated conclusion that "the Accused Instrumentalities are specially made or adapted for infringement and are not a staple article suitable for substantial non-infringing use," without any factual support despite the fact that it is Oracle's burden to prove that the Accused Instrumentalities are not suitable for substantial non-infringing use pursuant to 35 U.S.C. § 271(c). Oracle has not endeavored any analysis of even readily available public open source applications and continues to simply rely on a purely conclusory statement. As a result, Oracle cannot establish infringement as a matter of law.
- **All Asserted Claims:** Google served its Invalidity Contentions on January 18, 2011, detailing its bases for the invalidity of each asserted claim of this patent. Google contends that each asserted claim is invalid and therefore Google cannot infringe such a claim.

**The '720 Patent**

- **Claims 1 and 20, and all dependent claims that depend therefrom:** For these claims, Oracle has failed to identify on a claim by claim basis in Exhibit G any specific device that allegedly infringes and has instead relied on general statements referring to "[a] system running Android." Oracle has not made a showing of infringement because it has not identified any specific allegedly infringing device or purported direct infringer for these claims and has yet to provide them in supplemental disclosures under the Patent Local Rules.
- **Claim 10, and all dependent claims that depend therefrom:** For these claims, Oracle has failed to identify on a claim by claim basis in Exhibit G the actual performance of any allegedly infringing method and has instead relied on a reference to claim 1, which contains a general statement "[a] system running Android . . . ." Because claim 10 is a method claim, this allegation is deficient on its face. All of these claims implicate the performance of a

| | | |
|---|---|---|
| 1 | DATED:  August 1, 2011 | **KING & SPALDING LLP** |
| 2 | | By:  /s/ Scott T. Weingaertner |
| 3 | | SCOTT T. WEINGAERTNER (*Pro Hac Vice*) |
| 4 | | sweingaertner@kslaw.com |
| | | ROBERT F. PERRY |
| 5 | | rperry@kslaw.com |
| | | BRUCE W. BABER *(Pro Hac Vice)* |
| 6 | | bbaber@kslaw.com |
| 7 | | 1185 Avenue of the Americas |
| | | New York, NY 10036-4003 |
| 8 | | Telephone:  (212) 556-2100 |
| | | Facsimile:   (212) 556-2222 |
| 9 | | |
| 10 | | ROBERT A. VAN NEST (SBN 84065) |
| | | rvannest@kvn.com |
| 11 | | CHRISTA M. ANDERSON (SBN 184325) |
| | | canderson@kvn.com |
| 12 | | KEKER & VAN NEST LLP |
| 13 | | 633 Battery Street |
| | | San Francisco, CA 94111-1704 |
| 14 | | Telephone:  (415) 391-5400 |
| | | Facsimile:  (415) 397-7188 |
| 15 | | |
| 16 | | DONALD F. ZIMMER, JR. (SBN 112279) |
| | | fzimmer@kslaw.com |
| 17 | | CHERYL A. SABNIS (SBN 224323) |
| | | csabnis@kslaw.com |
| 18 | | KING & SPALDING LLP |
| | | 101 Second Street – Suite 2300 |
| 19 | | San Francisco, CA 94105 |
| 20 | | Telephone: (415) 318-1200 |
| | | Facsimile:  (415) 318-1300 |
| 21 | | |
| 22 | | IAN C. BALLON (SBN 141819) |
| | | ballon@gtlaw.com |
| 23 | | HEATHER MEEKER (SBN 172148) |
| | | meekerh@gtlaw.com |
| 24 | | GREENBERG TRAURIG, LLP |
| | | 1900 University Avenue |
| 25 | | East Palo Alto, CA 94303 |
| 26 | | Telephone: (650) 328-8500 |
| | | Facsimile: (650) 328-8508 |
| 27 | | |
| 28 | | ATTORNEYS FOR DEFENDANT GOOGLE INC. |

# CERTIFICATE OF SERVICE

I hereby certify that on this day, August 1, 2011, I served a true and correct copy of DEFENDANT GOOGLE INC.'S FIFTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE, NO. 3 via e-mail on the following individuals:

David Boies
Boies Schiller and Flexner
333 Main Street
Armonk, NY  10504
914-749-8201
Fax: 914-749-8300
Email: Dboies@bsfllp.com

Deborah Kay Miller
Oracle USA, Inc Legal Department
500 Oracle Parkway
Redwood Shores, CA  94065
(650) 506-0563
Email: Deborah.Miller@oracle.com

Dorian Estelle Daley
500 Oracle Parkway
Redwood City, CA  94065
(650) 506-5200
Fax: (650) 506-7114
Email: Dorian.daley@oracle.com

Marc David Peters
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
Fax: (650) 494-0792
Email: Mdpeters@mofo.com

Matthew M Sarboraria
Oracle Corporation
500 Oracle Parkway, 5OP7
Redwood Shores, CA  94065
650/ 506-1372
Email: Matthew.sarboraria@oracle.com

Michael A Jacobs
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
650-813-5600
Fax: 650-494-0792
Email: MJacobs@mofo.com

Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7475
Email: DMuino@mofo.com

Steven Christopher Holtzman
Boies, Schiller & Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA  94612
510-874-1000
Fax: 510-874-1460
Email: Sholtzman@bsfllp.com

August 1, 2011

/s/ Christopher C. Carnaval
Christopher C. Carnaval