# King & Spalding

1185 Avenue of the Americas
New York, New York 10036-4003
www.kslaw.com

Scott T. Weingaertner
Direct Dial: (212) 556-2227
Direct Fax: (212) 556-2222
sweingaertner@kslaw.com

October 5, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, Civil Action No. 3:10-cv-03561-WHA

Dear Judge Alsup:

Google opposes Oracle's Précis letter for leave to file a motion for reconsideration or supplement its infringement contentions. ("Précis," Dkt. No. 479.) The Civil Local Rules do not permit Oracle to file a motion for reconsideration under these circumstances. Oracle's request for leave to supplement its contentions is likewise untimely and inappropriate – nothing could be more prejudicial to Google than allowing Oracle to make wholesale revisions to its infringement case on the eve of trial. For the reasons explained below, Oracle's requests should be denied.

**I.     Oracle Provides No Legitimate Basis for its Request for Reconsideration**

*First*, Oracle requests leave to file a motion for reconsideration pursuant to Civil L.R. 7-9(b)(2), but misapplies that rule, which only permits such a motion based on "[t]he emergence of new material facts or a change of law *occurring after the time of such order*." (emphasis added). But Oracle concedes that the Patent Local Rules, which Oracle points to for an alleged change in the law, have not been changed since *December 2009* – months before Oracle even filed suit. And Rules 3-1(b) and (d) – the specific rules pointed to by Oracle – have not changed since March 2008. Oracle has not identified any change in law or any new material facts *after the Court's Order* and therefore has no basis to file a motion for reconsideration under the Civil Local Rules. *See Newman v. McGrath*, No. 06-cv-05931, 2007 WL 1848193 at *2 (N.D. Cal. June 27, 2007) ("the Court will not consider arguments based on established authority that could have been made in its prior motion" (citing Civil L.R. 7-9(b)(2)).

The Honorable William Alsup
October 5, 2011
Page 2

*Second*, Oracle does not cite a single case to support its contention that the Patent Local Rules have a lower burden of disclosure for indirect infringement allegations.  Not surprisingly, that is not the law.  Google's Motion to Strike (Dkt. No. 410 at 6) cited recent case law requiring plaintiffs to identify the specific products accused of indirect infringement.  *See Bender v. Advanced Micro Devices, Inc.*, No. 09-cv-01152, 2010 U.S. Dist. LEXIS 89957 at *12 (N.D. Cal. July 29, 2010) (requiring plaintiff to "provide adequate notice *of the specific products as to which he alleges indirect infringement*" (emphasis added)).  No authority supports Oracle's attempted distinction between Rules 3-1(b) and (d) either.  Federal Circuit law requires evidence of direct infringement *plus* other elements to prove indirect infringement.  *See DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006) ("the patentee always has the burden to show direct infringement for each instance of indirect infringement").  Rule 3-1(d) therefore requires "an identification of any direct infringement" – as in Rule 3-1(b) – and *additionally* requires the plaintiff to disclose "the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement."  Indeed, the January 2008 Patent Local Rules Advisory Subcommittee Report that proposed the current version of Rules 3-1(b) and (d) explains they "require[] that the patentee disclose its theories of direct and indirect infringement with its contentions" and makes no distinction between the two provisions.

## II.     Oracle Does Not Have a Shred of Good Cause to Amend Its Contentions

Oracle's request to amend its contentions fails to satisfy *any* of the three key factors of Patent Local Rule 3-6:  It is not timely, there is no good cause, and it would be prejudicial to Google.  *First*, the request comes at the eve of trial, after the close of fact and expert discovery, so is certainly not timely.  *Second*, Oracle does not even suggest that it has good cause here – its only excuse is that it "did not appreciate" what the Patent Local Rules required (Précis at 3).

The Honorable William Alsup
October 5, 2011
Page 3

Yet, it is clear that Oracle made a conscious decision to leave its contentions ambiguous (despite amending them multiple times) and refused numerous requests that it identify specific accused products and explain how third parties indirectly infringed the patents.  Google raised this very issue early in discovery (Dkt. No. 79), and the Court warned Oracle at the April 6, 2011 hearing that "if your disclosures aren't good enough, there won't be a second chance.  You just lose." (Dkt. No. 110 at 11:11-12.)  Nevertheless, Oracle kept silent about the full extent of the accused devices, ignored published opinions interpreting Rule 3-1, and disregarded this Court's repeated guidance that the parties fully disclose their theories during discovery.  Google "should not be required to work through expert discovery and prepare its case based on guesswork as to what is in and what is out."  (Oracle's Opp. to Google's Amd. Mtn. for Leave to Supp. Invalidity Contentions, Dkt. No. 240 at 10; *see also id.* at 3 (citing *IXYS Corp. v. Advanced Power Tech., Inc.*, No. 02-cv-03942, 2004 U.S. Dist. LEXIS 10934, at *8 (N.D. Cal. June 16, 2004)).)

Even if good cause were to exist, the *third* factor of Rule 3-6 does not permit amending contentions if there is "undue prejudice to the nonmoving party."  Google has conducted its entire discovery, submitted non-infringement, invalidity and damages expert reports, and is now preparing for trial *all based on the disclosures in Oracle's infringement contentions*.  Nothing could be more prejudicial then allowing Oracle to amend its contentions just weeks before trial.

For the foregoing reasons, the requests in Oracle's Précis should be denied.

        Respectfully submitted,

        /s/ Scott T. Weingaertner
        Scott T. Weingaertner

I hereby attest that Scott T. Weingaertner concurs in the filing of this document.

        /s/ Cheryl A. Sabnis /s/
        Cheryl A. Sabnis