IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C 10-03561 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING PRÉCIS REQUEST** |
| GOOGLE INC., | |
| Defendant. / | |

Oracle America, Inc. "request[s] leave to file a motion for reconsideration of the 'Section 1 — Accused Products' portion of the Court's Order partially granting Google's motion to strike portions of Prof. Mitchell's report (Dkt. No. 464), or in the alternative, to supplement Oracle's infringement contentions as to accused products" (Dkt. No. 479). Google Inc. opposes this request (Dkt. No. 485). It is **DENIED**.

*First*, Oracle has not shown good cause for reconsideration. Civil Local Rule 7-9 enumerates three permissible grounds for reconsideration, including "[t]he emergence of new material facts or a change of law occurring *after the time of such order*" (emphasis added). Oracle "submits that new material law exists in that the Court's ruling does not distinguish between the infringement contention requirements for a party's infringement and for indirect infringement" (Dkt. No. 479 at 1). Oracle, however, identifies no new law that emerged after the order issued on September 26, 2011. Oracle acknowledges that the applicable version of the Patent Local Rules went into effect in December 2009, and Oracle cites no new decision

Case 3:10-cv-03561-WHA   Document 486   Filed 10/05/11   Page 2 of 2

interpreting those rules. Instead, Oracle simply offers *its own interpretation* of the Patent Local Rules, arguing that the disclosure requirements are more lax for allegations of indirect versus direct infringement. Oracle could have, but did not, make this argument in opposition to Google's motion to strike. A new, untimely argument by the losing party is not a permissible ground for reconsideration.

*Second*, Oracle will not be allowed to amend its infringement contentions on the eve of trial. As recounted in the September 26 order, Oracle was warned that it would not be given late opportunities to cure defects in its disclosures. Patent Local Rule 3-6 allows amendment of infringement contentions only "upon a *timely* showing of good cause" (emphasis added). The time for amending infringement contentions has long passed.

**IT IS SO ORDERED.**

Dated: October 5, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2