| | |
|---|---|
| ROBERT A. VAN NEST (SBN 84065) | SCOTT T. WEINGAERTNER (*Pro Hac Vice*) |
| rvannest@kvn.com | sweingaertner@kslaw.com |
| CHRISTA M. ANDERSON (SBN 184325) | ROBERT F. PERRY |
| canderson@kvn.com | rperry@kslaw.com |
| KEKER & VAN NEST LLP | BRUCE W. BABER (*Pro Hac Vice*) |
| 633 Battery Street | bbaber@kslaw.com |
| San Francisco, CA 94111-1809 | KING & SPALDING LLP |
| Telephone: (415) 391-5400 | 1185 Avenue of the Americas |
| Facsimile: (415) 397-7188 | New York, NY 10036-4003 |
| | Telephone: (212) 556-2100 |
| | Facsimile: (212) 556-2222 |
| DONALD F. ZIMMER, JR. (SBN 112279) | IAN C. BALLON (SBN 141819) |
| fzimmer@kslaw.com | ballon@gtlaw.com |
| CHERYL A. SABNIS (SBN 224323) | HEATHER MEEKER (SBN 172148) |
| csabnis@kslaw.com | meekerh@gtlaw.com |
| KING & SPALDING LLP | GREENBERG TRAURIG, LLP |
| 101 Second Street – Suite 2300 | 1900 University Avenue |
| San Francisco, CA 94105 | East Palo Alto, CA 94303 |
| Telephone: (415) 318-1200 | Telephone: (650) 328-8500 |
| Facsimile: (415) 318-1300 | Facsimile: (650) 328-8508 |

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>Hearing Date: October 13, 2011<br>Hearing Time: 8:00 a.m.<br><br>**DEFENDANT GOOGLE INC.'S REPLY IN SUPPORT OF THE SECOND MOTION TO STRIKE PORTIONS OF THE MITCHELL PATENT REPORT** |

Google submits this Reply in support of its Second Motion to Strike Portions of the Mitchell Patent Report ("Motion," Dkt. No. 473). Oracle's opposition brief ("Opp. Br.," Dkt. No. 482) does not provide any basis to deny the Motion and largely sidesteps the issues raised in Google's Motion, as explained below.

**Critique D**: Oracle's response to the Motion's critique regarding the '720 patent is that "[t]he ICs gave Google sufficient notice of Oracle's *do_fork()* infringement theory" (Opp. Br. at 3), a theory Google has not challenged in the present motion. Rather, Google moves to strike Dr. Mitchell's reliance upon the *vfork()* and *clone()* mechanisms, and Oracle's brief fails to identify even a ***single*** instance where its ICs refer to execution of *vfork()* or *clone()*. It is irrelevant that all three mechanisms eventually call *do_fork()* (*id*. at 1-2) because Dr. Mitchell identifies *do_fork()* and *clone()* for ***different*** claim elements. (*Compare* Ex. A to Motion at ¶ 624 ("process.c provides a *sys_clone()* system call, invoked by a *clone()* system call, that can provide the 'process cloning mechanism'") *with id*. at ¶ 627 ("fork.c provides the fork code *do_fork()* to perform the process cloning 'to instantiate the child runtime system process…'").)

Further, Dr. Mitchell explained that *fork()*, *vfork()*, and *clone()* system calls provide three different process cloning mechanisms (Ex. A to Motion at ¶ 606), so Oracle cannot claim that *vfork()* and *clone()* provide additional detail about *fork()*. These three mechanisms offer different functionality, as openly recognized in the Mitchell Report. (Motion at 1; Ex. A to Motion at ¶ 606.) Oracle's ICs presented an infringement theory relating to the execution "chain" of *fork()* followed by *do_fork()*, with no mention of *vfork()* and *clone()*. Indeed, ***fork(), vfork() and clone() are mutually exclusive***. When v*fork()* or *clone()* are executed, *fork()* is not executed. Thus, the new theories on *vfork()* and *clone()* in Dr. Mitchell's Report are inconsistent with the *fork()* theory in the ICs. Oracle's ICs provided no notice that its infringement theory involved *vfork()* or *clone()* functions, and Dr. Mitchell should not be able to refer to them at trial.

**Critique E**: Similarly, Oracle's arguments regarding mBS Mobile skirt the real issue. Oracle does not identify mBS Mobile as a basis of Google's *direct* infringement, but rather argues that it is "evidence establish[ing] that the infringing code that Google made was used" (Opp. Br. at 3), *i.e., indirect* infringement. Patent Local Rule 3-1(d) requires that indirect infringement

contentions include, "an identification of any direct infringement." So Oracle's indirect infringement theory regarding mBS Mobile (or any other particular application) should have been disclosed in the ICs if it intended to identify them as "evidence establish[ing] that the infringing code that Google made was used." (Opp. Br. at 3.) Oracle should not have waited until the Mitchell Report to introduce this new theory. In its opposition, Oracle tries to dismiss its reliance on mBS Mobile as just a "benefit of infringement" or an "evidentiary item of proof." (*Id*. at 3-4.) But that is no excuse because Oracle does not dispute that the Mitchell Report – for the first time – refers to the use of mBS Mobile as an act of infringement; likewise, Oracle's brief does not deny that it intends to rely on mBS Mobile as an instance where "the infringing code that Google made was used." (*Id*. at 3.) This theory should have been disclosed pursuant to Patent L.R. 3-1(d) and should therefore be stricken.

**Critique F**: With respect to the new theory for the '476 patent in the Mitchell Reply Report,[1] Oracle's argument boils down to its claim that – despite the ICs theory of infringement using Security Manager – "there is nothing in the infringement theory in Oracle's ICs that *requires* Android's SecurityManager class for Android to infringe." (*Id*. at 4.) To the contrary, Oracle's ICs identified the execution of SecurityManager as an integral part of its theory, and in fact, *the entire theory* hinges on a chain of events triggered by executing SecurityManager because it contains instructions that lead to the execution of the other code cited in the ICs as meeting numerous claim elements. (Ex. D to Motion at 5, 20-21). Google informed Oracle early in discovery that SecurityManager was not executed by Android, but Oracle waited until the Reply Report to change its infringement theory and argue that execution of SecurityManager is not needed. (There is no evidence to support Dr. Mitchell's new theory, but the merits of his theory are a separate issue.) This new theory is simply a desperate effort to circumvent Google's dispositive non-infringement position, and should be stricken from the Reply report.

---

[1] Google acknowledges that its original Précis letter (Dkt. No. 377) did not specifically request leave to file a motion regarding Dr. Mitchell's Reply Report (it had not yet been served), but the issues in the Reply Report are the same – new theories not disclosed in the ICs. Oracle has had an opportunity to oppose Google's critiques of the Reply Report, and Google respectfully requests that the Court consider its critiques of both Mitchell reports. However, at the Court's direction, Google can submit a separate Précis or Motion regarding the Reply Report.

**Critique G**: Oracle's arguments regarding the '520 patent obscure the simple underlying issue; namely, whether its infringement theory is that Android initializes static arrays by creating a *single* Dalvik bytecode instruction (particularly "fill-array-data"), or by creating *multiple* bytecode instructions. Oracle's ICs included only a theory of a single instruction. (*See* Ex. E to Motion at 29 ("The action we take here is to convert these initialization bytecodes into a single fill-array-data ROP"); *id*. at 30 ("The Dalvik virtual machine interprets ***the instruction*** to perform the static initialization of the array" (emphasis added)).) In an abundance of caution, Google's interrogatory response on non-infringement included an argument that there was no infringement if *multiple* instructions were accused because it would be outside the asserted claims' scope. (*See* Ex. B to Opp. Br.) Dr. Mitchell was well aware of this issue and took great care in his opening report to clarify that a *single* instruction was accused. (*See, e.g.,* Ex. A to Motion at ¶ 525 ("The dx tool stores ***an instruction*** requesting the static initialization of the array"); *id.* at ¶ 541 ("the lengthy bytecode instructions are replaced by ***a single fill-array-data Dalvik instruction***") (emphasis added).) Likewise, Oracle's counsel and validity expert (Dr. Goldberg) met with a USPTO Examiner in the pending '520 patent reexamination and argued that "an instruction" is limited to a single instruction that performs the static array initialization. (*See* Ex. F, Interview Summary at 2.)[2] Accordingly, Oracle has disavowed the possibility of using multiple instructions to perform the patent claims' static array initialization. *See Marine Polymer Techs., Inc. v. Hemcon, Inc.*, No. 2010–1548, — F.3d —, 2011 WL 4435986, at *5 (Fed. Cir. Sept. 26, 2011) (holding that an unambiguous argument for narrower scope in a reexamination acts as an immediate disavowal of scope applicable to co-pending litigation). Nevertheless, in response to non-infringement arguments in Google's expert report, Oracle now changes its position in the Reply Report, arguing that the '520 claims can be infringed by using *multiple* instructions, not just a single instruction (fill-array-data) as in the ICs. Oracle's new and inconsistent theory regarding multiple instructions should be stricken from the Reply report.

---

[2] Oracle's argument referred to a claim which is not asserted, but the term ("an instruction") should have the same meaning across all claims. *See Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1328 (Fed. Cir. 2006) ("Under this court's case law, the same terms appearing in different claims in the same patent … should have the same meaning unless … the specification and prosecution history [indicate otherwise]").

| | | |
|---|---|---|
| DATED: October 6, 2011 | | **KEKER & VAN NEST, LLP** |

By: /s/ Scott T. Weingaertner /s/

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice)*
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

I hereby attest that Scott T. Weingaertner concurs in the e-filing of this document.

Dated: October 6, 2011 /s/ Mark H. Francis /s/
Mark H. Francis