MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
FRED NORTON (Bar No. 224725)
fnorton@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>         Plaintiff,<br><br>     v.<br><br>GOOGLE, INC.<br><br>         Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OPPOSITION TO GOOGLE'S MOTION IN LIMINE #1**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable Honorable William H. Alsup |

Oracle opposes Google's motion to exclude all reference to the August 6, 2010, email in which ███████████████████████████████████████████████████████████████████████████

███ Mr. Lindholm's admission is damning, but not unfairly prejudicial. It should not be excluded.

**Facts**

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The presentation for that July 26, 2005, Android Google Product Strategy meeting concluded that Google "must take license from Sun" and proposed that "Google/Android, with support from Tim Lindholm, negotiates the first OSS J2ME JVM license from Sun." (Agrawal Decl. Ex. 1-4 (GOOGLE-00-00001772 at 780).) Three days later, Mr. Rubin sent Mr. Lindholm his outline of how to make a proposal to Sun, in which Mr. Rubin wrote, "Google needs a TCK license." (Agrawal Decl. Ex. 1-5 GOOGLE-12-00000472 at 474).) ████ █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[1] All references to the Agrawal Declaration in any of Oracle's oppositions will be cited in short form.

1  ████████████████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████
5  ██████████████████████████████████████████████████████████████
6  ████████████████████████████████████████
7    ██████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████████████
11 ██████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████████████
15 ██████████████████████████████████████████████████

16    On July 20, 2010, Oracle lawyers met with Google representatives and informed them that
17 Android infringed the specific patents at issue in this lawsuit.  In a declaration that he filed with the
18 Court on August 15, 2011, Mr. Lindholm attested that he was informed, in late July 2010, that Oracle
19 had made patent infringement claims against Google and that he was asked to "gather information for
20 Google's lawyers and management to consider in evaluating technology issues related to Oracle's
21 infringement claims." (Dkt No. 316 at ¶¶ 4, 7).  With the benefit of all this experience and knowledge,
22 as well as other information, ████████████████████████████████████████
23 ████████████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████████████
26 ████████████████████████████████████

27    Mr. Lindholm was deposed on September 7, 2011.  As explained in Oracle's Motion in Limine
28 # 5, he refused to answer any questions about his August 6, 2010 email, asserting privilege.

**Argument**

Google asks the Court to exclude any reference to Mr. Lindholm's August 6, 2010 email under Federal Rule of Evidence 403. According to Google, the email "creates the false impression that Mr. Lindholm analyzed whether the Android platform infringed the patents and/or copyrights asserted by Oracle and concluded that it did." (Google's Motion in Limine #1 ("MIL #1") at 1.) Despite his refusal to answer questions about the email at deposition, Mr. Lindholm now submits a declaration in which he asserts that he did not know enough, on August 6, 2010, to be able to say that Google ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Contrary to Google's arguments, Mr. Lindholm's email is highly probative of infringement, willfulness, and damages, and in no way unfairly prejudicial or confusing.

*First,* Google *actually admits* that the email is relevant – though Google grudgingly says "marginally relevant" – to the issue of willfulness. (MIL #1 at 3.) Google merely argues that the Lindholm document is relevant only to willful infringement between August 6, 2010, and the date the lawsuit was filed. Google's argument fails for at least two reasons: (a) the speed with which Mr. Lindholm and his Google colleagues reached their conclusions, along with the other, earlier evidence of willfulness, further support the inference that Mr. Lindholm's email merely expressed in blunt terms what Google had already known for a long time; and (b) the issue of willfulness does not evaporate with the filing of the complaint – Google's continuing willful infringement, through the date of trial, is relevant.

*Second*, Mr. Lindholm's self-serving protests of ignorance simply create a credibility issue for the jury.[2] As the evidence cited above demonstrates, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[2] Once again, Mr. Lindholm's lawyers have submitted a carefully worded declaration for him in an effort to avoid his actual testimony. Mr. Lindholm asserts that he has "not reviewed any of the source code or implementation for the aspects of the Android platform accused by Oracle in this lawsuit." (Declaration of Dan Purcell In Support of Google Inc's Motions in Limine Ex. 1 (Lindholm Decl. ¶ 4.b).) He does not say he did not review any source code or implementations at all for Android, or that he was unfamiliar with what the Android source code and implementations do.

3
ORACLE'S OPPOSITION TO GOOGLE'S MOTION IN LIMINE NO. 1
CASE NO. CV 10-03561 WHA

1 ██████████████████████████████████████████████████████████████ In

2 short, Mr. Lindholm knew quite well what he was talking about when he wrote his email.

3 ⠀⠀⠀⠀***Third,*** Mr. Lindholm's declaration discounts only his own personal knowledge, while his email

4 expresses a shared view held by multiple Google employees: ████████████████████████

5 ████████████████████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████████████████████

7 ██████████████ but whoever they are, those Google employees have submitted no declarations, and

8 Google has made no argument that those other Google employees lacked a factual basis for the views

9 that Mr. Lindholm expressed on their behalf.

10 ⠀⠀⠀⠀***Fourth***, Mr. Lindholm's email is a classic party admission.  He is by no means the first witness

11 to try to retract a candid admission by saying that he did not know what he was talking about.  But it

12 has long been clear that there are no foundational requirements for admissions – Mr. Lindholm must

13 disclaim his words on the stand, not hide them from the jury.  The Advisory Committee Notes to the

14 hearsay rule explicitly state that

> Admissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule.  No guarantee of trustworthiness is required in the case of an admission. The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility

Fed R. Evid. 801 (1972 Adv. Cmte. Note (citations omitted)).  *See also Huey v. Honeywell, Inc.,* 82 F.3d 327, 333 (9th Cir. 1996) ("If the agent made the admission without adequate information, that goes to its weight, not to its admissibility."); *Blackburn v. United Parcel Service*, 179 F.3d 81, 96 (3d Cir. 1999) ("Admissions by a party-opponent need not be based on personal knowledge to be admitted under Rule 801(d)(2).").

⠀⠀⠀⠀Indeed, "even before the adoption of the Federal Rules of Evidence, it was the prevailing view that admissions in the form of opinions were competent." *Russell v. United Parcel Service, Inc.*, 666 F.2d 1188, 1190 (8th Cir. 1981) (upholding introduction of employee admissions that went to "heart of the issue" despite argument that statements were inadmissible opinions).  The admissibility of such

1   statements rests on the common sense observations that "an employee is usually the person best
2   informed about certain acts committed in the course of his employment," and that "while still employed
3   an employee is unlikely to make damaging statements about his employer, unless those statements are
4   true." *Pappas v. Middle Earth Condominium Ass'n*, 93 F.2d 534, 837 (2d Cir. 1992).

***Fifth***, Google argues only that the email should not be admitted to show infringement or knowledge of infringement. But the email is admissible not just for those purposes. It is also admissible to prove that Google had no viable alternatives to the Java intellectual property in dispute, just as Mr. Lindholm (and others) correctly concluded. Mr. Lindholm does not claim to be ignorant on this issue, and the absence of alternatives is relevant to damages – an issue on which Google makes no argument at all. Because Google had no alternatives to Java, it would have had to pay a substantial sum for a license. Indeed, Google's damages expert, Gregory Leonard, asserts that Google "had acceptable and effective non-infringing alternatives to the patents-in-suit." Expert Report of Gregory K. Leonard, at 10-24. That evidence is also relevant to willfulness: because Google was unwilling to accept Sun's terms, and had no alternatives, Google simply took what it wanted.

At the same time, contrary to Google's claims, the email presents no danger of "unfair prejudice, confusion of the issues, or misleading the jury." Google's claim of prejudice rests mostly on its assertion that the simple words on the page do not mean what they appear to mean, and its related assertion that Mr. Lindholm had no idea what he was writing about. But Mr. Lindholm was not a clueless bystander making stray comments about events he did not comprehend. He is a specialist in the very technology that Android exploits, no stranger to litigation over Java technology, commenting from the vantage point of one who had worked with Java at Sun and with Android at Google, who was tasked with evaluating technology issues related to these very patent claims.

Lastly, Google argues that it will suffer prejudice if the email is admitted at trial because Mr. Lindholm cannot explain what he actually knew and meant without ***potentially*** waiving privilege as to other communications. (MIL #1 at 3.) But as Google has repeatedly – and correctly – argued in this case, facts do not become privileged merely because they are communicated to or from a lawyer. *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with

1  the attorney."); Jeet Kaul 8/5/2011 Depo Tr. 99:14–16 (Google attorney Dan Purcell: "No, if he
2  learned a fact from counsel, he can testify to that."); Hasan Rizvi 7/28/2011 Depo Tr. 173:17–23
3  (Google attorney Dan Purcell: "If he learns of a nonprivileged fact through a lawyer, that doesn't make
4  the fact privileged.")  The only thing that has prevented Mr. Lindholm from explaining the factual bases
5  for his statements is Google's improper assertion of privilege at Mr. Lindholm's deposition.  That is a
6  problem of Google's own making, not grounds for a motion in limine.

                                              * * *

8      Mr. Lindholm's email is not privileged, its subject matter is directly relevant, and he was
9  competent to write it.  Despite his after-the-fact protests to the contrary, Mr. Lindholm had sufficient
10 personal knowledge of the Java virtual machine, Sun's licensing requirements, Android's technology,
11 the specific patents in suit, and the law to conclude that [REDACTED]
12 [REDACTED]  Even if he lacked that knowledge – and he did not – his own
13 admissions, as well as his expression of the views held by his Google colleagues, make his email highly
14 probative and relevant under settled law.  Google understandably wants to suppress this damaging,
15 relevant evidence.  But evidence is not unfairly "prejudicial" merely because it undermines Google's
16 defenses; it is not "confusing" merely because Google fears it cannot explain that evidence away.

### Conclusion

18  For the reasons stated above, Google's motion to exclude the Lindholm email and all drafts
19 thereof from all phases of trial should be denied.

                                       Respectfully submitted,

Dated: October 4, 2011                 BOIES, SCHILLER & FLEXNER LLP

                                       By:  */s/ Fred Norton*
                                            Fred Norton

                                            *Attorneys for Plaintiff*
                                            ORACLE AMERICA, INC.