KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:      415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>               Plaintiff,<br><br>       v.<br><br>GOOGLE INC.,<br><br>               Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OBTAINED FROM MOTOROLA MOBILITY, INC.**<br><br>Judge:       Hon. William Alsup<br><br>Date Comp. Filed:       October 27, 2010<br><br>Trial Date:       October 31, 2011 |

## MOTION AND RELIEF REQUESTED

Under Patent Local Rule 3-1 and Federal Rules of Civil Procedure 26 and 37, defendant Google, Inc. ("Google") hereby moves the Court for an order excluding *in limine* from all phases of this trial the documents and testimony[1] of, and all evidence and argument relating to, Motorola Mobility, Inc. ("Motorola Mobility"). Those documents and testimony, and related argument, are expected to be presented as evidence of alleged infringement that was not disclosed in Oracle's Infringement Contentions ("ICs"), was not addressed in Oracle's expert reports regarding alleged infringement,[2] and was not timely requested in discovery by Oracle. Oracle failed to timely discover the Motorola Mobility documents and testimony, has not asked for leave of the Court to amend its ICs, and should not be allowed to submarine Google by presenting this untimely evidence of Motorola Mobility products and activities.

## DISCUSSION

Oracle's original complaint accused Google of indirect infringement based on the activities of "purchasers, licensees, and users of Android." (Dkt. 1 at ¶¶ 18, 21, 24, 27, 30, 33, 36.) As Oracle's counsel acknowledged before the Court on February 9, 2011, "Google expressed a concern that [Oracle] had not articulated sufficiently the basis for [Oracle's] belief that the [] Android code that is on the Google public Android website is, in fact, the code that is present on the handsets that would represent the direct infringement in cases of indirect infringement." Feb. 9, 2011 Hrg. Tr. (attached as Ex. 35 to the Declaration of Daniel Purcell in Support of Google Inc.'s Motions *in Limine* ("Purcell Decl.") filed herewith) at 4:16–21. Yet, Oracle chose not to seek discovery from Motorola Mobility until April, which was more than halfway through the eight month discovery period and after Oracle locked in its ICs. Further, Oracle's infringement expert, Dr. John Mitchell, did not consider or rely upon any of the

---

[1] The "documents and testimony" of Motorola Mobility consist of documents labeled MOTO-ORACLE-0001 through MOTO-ORACLE-0088, which were produced pursuant to a Rule 45 subpoena, and deposition testimony Rafael Camargo taken on September 8, 2011 pursuant to a Rule 30(b)(6) subpoena.

[2] While Motorola Mobility's documents and testimony were not addressed in the Mitchell Report, the Motorola Atrix product was identified in the Mitchell Report at paragraph 191 with reference to an unrelated analysis by Dr. Mitchell. Paragraph 191 is addressed by Google's pending motion to strike on many of the same grounds presented here. (Dkt. 410 at 5.)

1 documents and testimony of Motorola Mobility at issue in this motion.

2     Oracle was required to disclose explicit factual bases for its infringement theories in its
3 ICs, which were first served in December of 2010.  Moreover, Oracle represented to this Court
4 that it would rely on its ICs as they existed in early April.  Purcell Decl. Ex. 36, (Apr. 6, 2011
5 Hrg. Tr.) at 10:17–11:4.  Those ICs identified—but did not provide an infringement analysis
6 of—a single Motorola Mobility product, the Motorola Droid.  Purcell Decl. Ex. 37, (Oracle's
7 ICs) at § I.B.  Only after the hearing where Oracle accepted the consequences of relying on its
8 existing contentions, and five months into an eight month discovery process, Oracle issued a
9 subpoena to Motorola Mobility requesting documents on *fifteen* additional Android products.
10 Purcell Decl. Ex. 38, (Notice of Subpoena).  That subpoena for documents was followed months
11 later by a Rule 30(b)(6) subpoena regarding the same list of products.   Purcell Decl. Ex. 39,
12 (Rule 30(b)(6) Subpoena of Motorola Mobility, Inc.).

13     As discussed in Google's Motion to Strike Portions of the Mitchell Patent Report,
14 Oracle's evidence of alleged direct infringement should be limited to the specific products
15 accused in the ICs, which identify a single Motorola product, the Droid.  (Dkt. 410 at 5.)
16 Oracle's plan has been to identify "representative examples" of allegedly infringing products
17 while seeking damages for the entire universe of Android devices.  Purcell Decl. Ex. 37,
18 (Oracle's ICs) at § I.B.  While some courts have held that a party may rely on representative
19 products in ICs to seek discovery on similar products (*see, e.g.*, *Honeywell Int'l, Inc. v. Acer*
20 *America Corp.*, 655 F. Supp. 2d 650 (E.D. Tex. 2009)), the Patent Local Rules require specific
21 identification of allegedly infringing products.  A party must show "good cause" to amend its
22 contentions to identify newly accused products.  *See generally LG Elecs., Inc. v. Q-Lity*
23 *Computer, Inc.*, 211 F.R.D. 360 (N.D. Cal., 2002); *Atmel Corp. v. AuthenTec, Inc.*, No. 06-2138,
24 2008 U.S. Dist. LEXIS 10846 (N.D. Cal. Jan. 31, 2008).  Here, fact discovery closed without
25 Oracle ever seeking leave to amend its contentions to add the additional fifteen Motorola
26 Mobility products, including the Atrix 4G, Cliq, Cliq 2, Droid 2, Droid Pro, Droid X, Bravo,
27 Flipside, Citrus, Defy, Charm, Backflip, Devour, Xoom, and i1.

28     As explained in Google's recently filed motion to strike, Patent Local Rule 3-1 requires,

in relevant part, that infringement contentions provide:

> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. ***This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known.*** Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> . . .
>
> (d) ***For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.*** Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.
>
> . . .

(Emphasis added.)  According to these rules, products accused of direct or indirect infringement must be explicitly identified in a plaintiff's infringement contentions.  Oracle's generalized assertions of infringement by "Google devices running Android" or "other mobile devices running Android" are insufficient under the Patent Local Rules to extend Oracle's infringement allegations to cover unidentified products, as are attempts to suggest that the identified products are merely "representative."  *See Bender v. Advanced Micro Devices, Inc.*, No. 09-1149 MMC, 2010 U.S. Dist. LEXIS 11539 at *3 (N.D. Cal. February 1, 2010) ("even if [the plaintiff] can establish that it is appropriate to use representative claim charts, he has not in all instances adequately identified the accused products at issue. Pursuant to Rule 3-1(b), the patentee's identification of which accused products allegedly infringe cannot be so amorphous or imprecise so as to force the opposing party to essentially 'guess which versions of its products' are allegedly infringing. *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 U.S. Dist. LEXIS 22736, at *6 (N.D. Cal. Nov. 26, 2003)"); *Bender v. Maxim Integrated Products, Inc.,* ,No. 09-01152 (SI), 2010 U.S. Dist. LEXIS 89957 at *9 (N.D. Cal. July 29, 2010) ("plaintiff must identify each accused product and link it to a representative product [claim chart] in order to provide [the defendant] with fair notice of the specific products which are accused in this lawsuit.").

Nearly six months ago, Oracle had identified fifteen specific publically available Android products offered by Motorola Mobility, but chose not to amend its ICs to identify or analyze its infringement contentions against those products. Oracle cannot now, on the eve of trial, introduce evidence of alleged direct infringement by these products.

Nor should Oracle's infringement expert, Dr. Mitchell, be allowed to present any opinions on the documents and testimony of Motorola Mobility as that material was not considered in his infringement reports. Purcell Decl. Ex. 40 (Second Supplemental List of Materials Considered). Under Rule 26(a)(2)(B)(ii) and 26(e)(2), Dr. Mitchell was required to identify all of "the facts or data considered . . . in forming [his opinions]." Rule 37(c)(1) prevents Dr. Mitchell from opining on that material.

Accordingly, the Court should exclude the documents and testimony of, and all evidence and argument relating to, Motorola Mobility including documents labeled MOTO-ORACLE-0001 through MOTO-ORACLE-0088 and the Rule 30(b)(6) deposition testimony of Rafael Camargo taken on September 8, 2011.

Respectfully submitted,

Dated: September 24, 2011                KEKER & VAN NEST LLP

By: s/ Robert A. Van Nest
   ROBERT A. VAN NEST
   Attorneys for Defendant
   GOOGLE INC.