MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OBTAINED FROM MOTOROLA MOBILITY, INC.**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1    During fact discovery, Oracle obtained testimony and documents from Motorola Mobility,

2  Inc. ("Motorola") establishing that the infringing Android code (detailed in Oracle's Infringement

3  Contentions ("ICs")) is present on Motorola's Android devices.  Google moves to exclude this

4  evidence on the primary ground that Oracle's ICs do not specifically name all of the Motorola

5  devices.  Google's motion should be denied for at least three reasons:

6    *First*, as Google concedes, the Motorola Droid device *was* specifically named in Oracle's

7  ICs.  With respect to that device, the Motorola evidence confirms that the infringing Android

8  code supplied by Google is installed without modification.  Oracle's ICs disclosed the infringing

9  code in full detail and Oracle's expert, Dr. Mitchell, provided a complete infringement analysis in

10 his expert reports.  While Dr. Mitchell did not cite the Motorola testimony in his reports and will

11 not specifically reference it at trial, there is no reason the Motorola testimony cannot be presented

12 on its own as evidence that the infringing code is installed on the Motorola Droid.

13   *Second*, as Oracle noted in its précis seeking leave to file a motion for reconsideration of

14 the Court's order striking portions of Dr. Mitchell's report, the Patent Local Rules do not require

15 the ICs to name specific third-party infringing devices to support allegations of indirect

16 infringement.  With respect to Motorola devices other than the Motorola Droid, Oracle's ICs

17 disclose that "other mobile devices running Android" contain the infringing Android code

18 detailed in the ICs.  The Motorola evidence confirms that infringing components of Android are

19 present on other Motorola devices.  This evidence does not reveal any new infringement

20 *theories* – it is an *item of proof* showing that the accused code is installed on the third-party

21 devices.  The fact that Oracle's ICs did not specifically name the other Motorola devices should

22 not preclude Oracle from offering the Motorola evidence to demonstrate Google's liability for

23 indirect infringement on account of those devices.

24   *Third*, the Motorola testimony also confirms that Motorola uses the dx tool from the

25 Android SDK to develop Android applications.  As clearly disclosed in Oracle's ICs, use of the

26 dx tool infringes Oracle's '520 and '720 patents.  This testimony stands on its own to demonstrate

27 that Motorola is a direct infringer of those patents, making Google an indirect infringer.  Google's

28

1

1   motion does not address this testimony, even while asking for all Motorola testimony to be

2   excluded.  There is no basis for excluding this or any of the other Motorola testimony at trial.

3       **I.     FACTS**

4       Oracle's theories of infringement regarding Android devices were fully disclosed in its

5   ICs.  In both its Preliminary ICs of December 2, 2010, and the Supplemental ICs of April 1, 2011,

6   Oracle disclosed in full detail (roughly 480 pages) its theories regarding the precise Android code

7   that infringes each element of the asserted patent claims.  The ICs articulated Oracle's claims

8   against Google for both direct and indirect infringement.  (Declaration of Ruchika Agrawal in

9   Support of Oracle America, Inc.'s Oppositions to Google's Motions In Limine Nos. 1 Through 5

10  ("Agrawal Decl.") Ex. 5-1 at 3, 7-8 (Oracle's ICs dated April 1, 2011).)  With respect to indirect

11  infringement, Oracle's ICs identified the categories of direct infringers, including manufacturers

12  of Android devices, application developers, service providers, and end users.  (*Id*. at 7.)  The ICs

13  specifically identified the Motorola Droid as an accused instrumentality, together with "other

14  mobile devices running Android."  (*Id*. at 2.)  Oracle's ICs also disclosed information

15  demonstrating that Android devices are installed with the infringing code supplied by Google.

16  (*Id*. at 3-5.)  Among other things, the ICs quoted a statement from Motorola about the Motorola

17  Droid:  "All Droid source consists entirely of code found at the Android repo site."  (*Id*. at 4.)

18      To obtain further evidence that the infringing Android code is installed on Motorola's

19  Android devices, Oracle sought documents and testimony from Motorola.  On April 12, 2011,

20  Oracle served a subpoena on Motorola requesting documents relating to Motorola's Android

21  devices.  Motorola produced a single document on June 15, 2011, a log of changes that Motorola

22  had made to the Android code in general, but not necessarily to any of the infringing components

23  of Android.

24      On July 14, 2011, Oracle served a subpoena on Motorola seeking a witness under Fed. R.

25  Civ. P. 30(b)(6) to testify regarding (1) the installation of the infringing Android code on

26  Motorola's Android devices, and (2) Motorola's use of the Android dx tool to develop

27  applications.  (Agrawal Decl. Ex. 5-3.)  After Motorola refused to provide a witness, Oracle

28  moved to compel compliance with the subpoena on August 5, 2011.  At the direction of Judge

ORACLE'S OPPOSITION TO GOOGLE'S MIL NO. 5 TO EXCLUDE EVID. OBTAINED FROM MOTOROLA MOBILITY
CASE NO. CV 10-03561 WHA
sf-3051481

2

1   Samuel Der-Yeghiayan of the Northern District of Illinois, Motorola ultimately produced a

2   witness in response to Oracle's subpoena on September 8, 2011.

3   ██████████████████████████████████████████████████████

4   ██████████████████████████████████████████████████████

5   ██████████████████████████████████████████████████████

6   ██████████████████████████████████████████████████████

7   ██████████████████████████████████████████████████████

8   ██████████████████████████████████████████████████████

9   ██████████████████████████████████████████████████████

10  ██████████████████████████████████████████████████████

11  ██████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████████

13  ## II.   ARGUMENT

14  ### A.   Oracle's ICs Specifically Identified The Motorola Droid, On Which
15           Infringing Android Code Was Installed

16  Oracle's ICs fully disclosed Oracle's infringement theories with respect to the Motorola

17  Droid.  As Google concedes, the Motorola Droid was specifically named as an accused

18  instrumentality in Oracle's ICs.  (Agrawal Decl. Ex. 5-1 [Oracle's ICs, April 1, 2011] at 2.)

19  Oracle's ICs disclosed (1) the manner in which the infringing components of Android practice the

20  asserted claims of the patents-in-suit, and (2) the fact that those infringing components are

21  installed on the Motorola Droid.  (*Id.* at 5-7 [Oracle's ICs, April 1, 2011] at 3-4)

22  The Motorola testimony provides additional evidence that Motorola installed the

23  infringing Android components on the Motorola Droid.  ████████████████████████

24  ██████████████████████████████████████████████████████

25  ████████████████████████████████   While the Motorola testimony was not cited in

26  Oracle's ICs, the Patent Local Rules did not require it to be.  The testimony is not the basis of a

27  new infringement *theory*, it is *evidence* that Oracle's disclosed theories are accurate (*i.e.*, that the

28  infringing Android code is installed on the Droid device).  As the Court observed in its

ORACLE'S OPPOSITION TO GOOGLE'S MIL NO. 5 TO EXCLUDE EVID. OBTAINED FROM MOTOROLA MOBILITY
CASE NO. CV 10-03561 WHA
sf-3051481

3

1    September 26, 2011 Order, the Patent Local Rules "did *not* require identification of every

2    evidentiary *item of proof* showing that the accused element did in fact practice the limitation. . . .

3    That a particular document or source code file was not cited in a party's infringement disclosures

4    does not automatically preclude the party from using that document or file to support a *theory* that

5    was timely disclosed." (ECF No. 464 at 4.)

6         Google argues that the Motorola evidence was somehow obtained too late in the discovery

7    process to be used at trial. In fact, the evidence was sought and obtained within the extended fact

8    discovery period. Oracle served its document subpoena on April 12, 2011, more than four

9    months before the extended fact discovery cut-off of August 15, 2011. Oracle served its

10   deposition subpoena on July 14, 2011. Although Motorola did not provide a witness until

11   September 8, 2011 (after forcing Oracle to move to compel the testimony), the parties stipulated

12   to and the Court approved an extension of fact discovery to September 11, 2011, for the

13   completion of the Motorola deposition. (ECF No. 381.) Accordingly, the Motorola discovery

14   was completed within the extended fact discovery period. Google's counsel attended the

15   deposition, and hence Google can claim no prejudice from its timing.

16        Google also suggests that Oracle should be precluded from using the Motorola evidence

17   because Oracle's infringement expert, Dr. Mitchell, did not cite that evidence in his reports. That

18   Dr. Mitchell will not be testifying specifically regarding the Motorola testimony does not mean it

19   cannot be presented on its own as factual evidence for the jury's consideration. Oracle intends to

20   present this testimony as evidence that the infringing Android code supplied by Google was

21   installed on the Motorola Droid. There is no reason this testimony, properly obtained through the

22   discovery process, should be excluded.

23        **B.    Oracle's ICs Properly Disclosed Oracle's Indirect Infringement
                   Theories With Respect To Other Motorola Devices**

24

25        As set forth in Oracle's précis seeking leave to file a motion for reconsideration of the

26   Court's order striking portions of Dr. Mitchell's report (ECF No. 479), the Patent Local Rules do

27   not require ICs to name specific third-party infringing devices in support of allegations of indirect

28   infringement. Oracle's ICs disclosed, in detail, the infringing components of Android code, and

asserted that Google indirectly infringes the patents-in-suit by supplying *those same components* for installation on third-party Android devices.  While Oracle's ICs did not specifically list Motorola devices other than the Motorola Droid, that should not preclude Oracle from asserting indirect infringement against Google for supplying the infringing code.

Patent Local Rule 3-1 is "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079 VRW, 2003 U.S. Dist. LEXIS 9881, at *12 (N.D. Cal. Mar. 21, 2003) (quoting *LG Elecs., Inc. v. Q-Lity Computer, Inc. v. Asustek Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)).  Patent LR 3-1 does not require, however, plaintiffs to "produce evidence of infringement." *Id.*  That ICs are due well in advance of the close of discovery is an additional reason why Patent LR 3-1 cannot require the disclosure of all items of proof.

Patent LR 3-1(b), which applies to direct infringement, requires an identification of the accused instrumentalities that is "as specific as possible."  Patent LR 3-1(b).  For *indirect infringement*, Patent LR 3-1(d) requires only "an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement."  Patent LR 3-1(d).  Patent LR 3-1(d) does not require the ICs to name specific third-party infringing devices to support allegations of indirect infringement.

Here, Oracle's ICs extensively disclosed Oracle's theories of how the infringing components of Android practice the asserted patent claims.  The ICs disclosed that these infringing Android components are installed on specified Android devices and "other mobile devices running Android."  (Agrawal Decl. Ex. 5-1 [Oracle's ICs, April 1, 2011] at 2.)  The ICs further stated that third parties directly infringe the asserted patent claims because they "copy, sell, distribute, re-distribute, and use products that embody or incorporate" the infringing components of Android.  (*Id*. at 7.)  In this way, Oracle clearly disclosed its theory of indirect infringement.

The Motorola evidence is an item of proof substantiating the indirect infringement theory articulated in Oracle's ICs.  It does not add new theories of infringement, but supports the

ORACLE'S OPPOSITION TO GOOGLE'S MIL NO. 5 TO EXCLUDE EVID. OBTAINED FROM MOTOROLA MOBILITY
CASE NO. CV 10-03561 WHA
sf-3051481

5

theories already disclosed in the ICs.  Accordingly, there is no basis for excluding this evidence from trial.

### C.   Google's Motion Fails To Identity Any Reasons To Exclude Evidence of Motorola's Use of the DX Tool From the Android SDK

Google's motion seeks to exclude all Motorola testimony, yet it fails to identify, or even acknowledge, any reason to exclude the testimony regarding Motorola's development of Android applications.  Oracle's ICs disclosed its theories of infringement regarding the dx tool of the Android SDK.  Oracle disclosed that use of the dx tool infringes Oracle's '520 and '720 patents.  By supplying the dx tool in the Android SDK for use by third parties, Google is liable as an indirect infringer. ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████ Motorola's testimony stands on its own to demonstrate that Motorola is a direct infringer of the '520 and '720 patents, making Google an indirect infringer of those patents.

## III.   CONCLUSION

For the reasons stated above, the Court should deny Google's motion to exclude the Motorola testimony and documents from trial.


Dated: October 4, 2011              MICHAEL A. JACOBS
                                    MARC DAVID PETERS
                                    DANIEL P. MUINO
                                    MORRISON & FOERSTER LLP


                                    By:  */s/ Daniel P. Muino*
                                            Daniel P. Muino

                                    *Attorneys for Plaintiff*
                                    ORACLE AMERICA, INC.