# EXHIBIT 36

```
Pages 1 - 60

                UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

           BEFORE THE HONORABLE WILLIAM H. ALSUP

ORACLE AMERICA, INC.,           )
                                )
          Plaintiff,            )
                                )
  vs.                           ) NO. C 10-03561 WHA
                                )
GOOGLE INC.,                    )
                                ) San Francisco, California
          Defendant.            ) Wednesday
                                ) April 6, 2011
_____) 1:41 p.m.
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

| | |
|---|---|
| **For Plaintiff:** | Morrison & Foerster |
| | 755 Page Mill Road |
| | Palo Alto, CA 94304-1018 |
| | (650) 813-5600 |
| | (650) 494-0792 (fax) |
| | **BY: Michael A. Jacobs** |
| | **Marc David Peters** |
| | **Ruchika Agrawal** |
| | **Roman Swoopes** |
| | |
| **For Plaintiff:** | Oracle |
| | 500 Oracle Parkway M/S 50P7 |
| | Redwood Shores, CA  94065 |
| | (650) 506-9432 |
| | (650) 506-7114 (fax) |
| | **BY: Andrew C. Temkin** |

(Appearances continued on next page)

**Reported By:** Lydia Zinn, CSR #9223, RPR
Official Reporter - U.S. District Court

1  time.

2  **MR. BABER:**  Well, we thought so as well.

3  **THE COURT:**  It fell apart.

4  **MR. BABER:**  I'm not sure it fell apart.  We may be
5  moving to a different level of granularity at this point.  And
6  so we will try to be sure we are each providing apples and
7  apples.  And that's true whether it's a question of fact, a
8  contention, or, where appropriate, the application of fact to
9  law.

10  **MR. PETERS:**  Consistent with your Honor's earlier
11  indication about getting as much information as possible
12  through interrogatory responses, that is our agreement.

13  **THE COURT:**  Great.

14  **MR. BABER:**  Next issue, your Honor, has to do,
15  instead of interrogatories, with the plaintiff's infringement
16  contentions under the patent local rules.

17  Oracle has declined Google's offer to allow Oracle to
18  supplement its infringement contentions again.  Oracle has
19  chosen to rely on its infringement contentions as currently
20  framed.

21  Google's position that they are inadequate, in
22  particular on the issue of proof of direct infringement; but
23  the parties have agreed to disagree.

24  Google has withdrawn its offer to consent to an
25  amendment of the infringement contentions.

1           And both parties have agreed to simply reserve their
2    rights for later; to tee it up, if necessary, with your Honor.
3           **MR. PETERS:**  That's right, your Honor.  We have
4    agreed to disagree.
5           **THE COURT:**  Well, all right, but you remember what I
6    said, you know.  Shifting sands, and all that of that.
7           **MR. PETERS:**  I know, your Honor.
8           **THE COURT:**  If you want to stand on your shifting
9    sands, and they get shifted out from under you, then you just
10   lose.  End of story.  So I'm not saying you will, but we've got
11   those disclosure rules for a reason.  And if your -- if your
12   disclosures aren't good enough, there won't be a second chance.
13   You just lose.  All right.
14          **MR. BABER:**  And I believe the last one --
15          **THE COURT:**  What's next?
16          **MR. BABER:**  -- your Honor, was actually not an
17   agreement, but simply to report to the Court we discussed a lot
18   of other issues in the conference:  Document productions,
19   processes, electronic discovery.  We didn't have a chance to
20   address them all, or even resolve many of them, but we think,
21   given the processes we've now put in place for conferences and
22   communications, we're hopeful we will be able to address those.
23          We have some disconnects in terms of your Honor's
24   order on 30(b)(6) topics, for example; but we think that with a
25   little further work, we may be able to get those resolved so

1  that we can keep continuing forward.  We've started taking
2  depositions and --
3              **THE COURT:**  Discovery cutoff is in July, so you'd
4  better get cracking.
5              **MR. BABER:**  We're moving, your Honor.
6              **THE COURT:**  Well, moving is not -- I mean, okay.
7  You've got to get moving, but there's a deadline.
8              **MR. BABER:**  We understand.
9              **THE COURT:**  All right.  Okay.  Is that it?
10             **MR. PETERS:**  Yes, your Honor.
11             **THE COURT:**  You all should be working for the
12 State Department, you did such a good job.  You found a way to
13 just find ways to agree; not really an agreement; but you're
14 finding ways to agree.  So I need you over, you know, in the
15 Mideast, I think, to help solve some problems.  Okay.  Thank
16 you.
17             **MR. PETERS:**  Thank you, your Honor.
18             **THE COURT:**  Now we're going to go to -- well, the
19 main event, which is -- and I do need that -- I've got to be
20 chairing a meeting at 3:00 p.m., so I only have 55 minutes.
21 And I'm sorry for that, but each side gets 30 minutes.  So you
22 use the 30 minutes as you wish.
23             Now, I don't want -- if you want to go over into
24 arguments about the claim construction and all -- a little bit
25 of that's okay, but right now I'm basically interested in

**CERTIFICATE OF REPORTER**

I, LYDIA ZINN, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C. 10-3561 WHA, Oracle America, Inc., v. Google, Inc., were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

/s/ Lydia Zinn, CSR 9223, RPR

Friday, April 8, 2011