# EXHIBIT 37

1   MORRISON & FOERSTER LLP
    MICHAEL A. JACOBS (Bar No. 111664)
2   mjacobs@mofo.com
    MARC DAVID PETERS (Bar No. 211725)
3   mdpeters@mofo.com
    DANIEL P. MUINO (Bar No. 209624)
4   dmuino@mofo.com
    755 Page Mill Road
5   Palo Alto, CA  94304-1018
    Telephone: (650) 813-5600 / Facsimile: (650) 494-0792
6
    BOIES, SCHILLER & FLEXNER LLP
7   DAVID BOIES (Admitted *Pro Hac Vice*)
    dboies@bsfllp.com
8   333 Main Street
    Armonk, NY  10504
9   Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
    STEVEN C. HOLTZMAN (Bar No. 144177)
10  sholtzman@bsfllp.com
    1999 Harrison St., Suite 900
11  Oakland, CA  94612
    Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
12
    ORACLE CORPORATION
13  DORIAN DALEY (Bar No. 129049)
    dorian.daley@oracle.com
14  DEBORAH K. MILLER (Bar No. 95527)
    deborah.miller@oracle.com
15  MATTHEW M. SARBORARIA (Bar No. 211600)
    matthew.sarboraria@oracle.com
16  500 Oracle Parkway
    Redwood City, CA  94065
17  Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

18  *Attorneys for Plaintiff*
    ORACLE AMERICA, INC.
19

20                UNITED STATES DISTRICT COURT

21              NORTHERN DISTRICT OF CALIFORNIA

22                 SAN FRANCISCO DIVISION

23  ORACLE AMERICA, INC.                    Case No. 3:10-cv-03561-WHA

24             Plaintiff,                   **ORACLE'S SECOND
                                            SUPPLEMENTAL PATENT LOCAL RULE
25        v.                                3-1 DISCLOSURE OF ASSERTED
                                            CLAIMS AND INFRINGEMENT
26  GOOGLE, INC.                            CONTENTIONS**

27             Defendant.

28

ORACLE'S SECOND SUPPLEMENTAL INFRINGEMENT CONTENTIONS
CASE NO. 3:10-CV-03561-WHA
pa-1456177

- Claims 1-24 of United States Patent No. 6,125,447 ("the '447 patent")

    (infringement claim chart attached as Exhibit D);

- Claims 1-21 of United States Patent No. 6,192,476 ("the '476 patent")

    (infringement claim chart attached as Exhibit E);

- Claims 1-4 and 6-23 of United States Patent No. 6,061,520 ("the '520 patent")

    (infringement claim chart attached as Exhibit F); and

- Claims 1-8, 10-17, and 19-22 of United States Patent No. 7,426,720 ("the '720

    patent") (infringement claim chart attached as Exhibit G).

**B.     Patent Local Rule 3-1(b) — Accused Instrumentalities.**

Based on Oracle's investigation thus far, Oracle accuses the following Accused Instrumentalities of infringing the asserted claims specified above in the manner described in Exhibits A-G: (i) "Android" or "the Android Platform";[2] (ii) Google devices running Android; and (iii) other mobile devices running Android.  Representative examples of Google devices running Android include the Google Dev Phones, the Google Nexus One, and the Google Nexus S.[3]  Representative examples of other mobile devices running Android include HTC's EVO 4G, HTC's Droid Incredible, HTC's G2, Motorola's Droid, and Samsung's Captivate.  Android applications, including those written by Google, when built or run will necessarily use the infringing functionality in the manner described in Exhibits A-G.  For example, application developers like Google use the Google-provided dx tool from the Android SDK to convert .class

---

[2] "Android" or "the Android Platform" means "Android" as referred to in Google's Answer (Docket No. 32) at Background ¶ 12 and in Google's Answer to Amended Complaint (Docket No. 51) at Background ¶ 12 and at Factual Background ¶¶ 11-17,  and includes any versions thereof (whether released or unreleased) and related public or proprietary source code, executable code, and documentation.

[3] *See, e.g.*, JR Raphael, *The Nexus S and Google: Everything There Is To Know*, PCWORLD (Nov. 11, 2010), available at http://www.pcworld.com/article/210460/the_nexus_s_and_google_everything_there_is_to_know.html (last visited Nov. 29, 2010) ("Today's buzz is all about the Samsung Nexus S -- a still-under-wraps smartphone believed to be the successor to Google's Nexus One. According to various leaks, the Nexus S will be a 'Google experience' device, meaning it'll run a stock version of Android without any of those baked-in manufacturer UIs. And, if the latest rumors prove to be true, the Samsung Nexus S will be rocking the as-of-yet-unannounced Android Gingerbread release.").  The "leaks" proved to be true: the Nexus S runs a stock version of Gingerbread.

1    files to a .dex file when building their applications, and thereby infringe the '520 and '702

2    patents. That is the intended use of the dx tool, and there is no substantial non-infringing use of

3    the dx tool.

4         Google directly infringes the asserted claims enumerated above under 35 U.S.C. § 271(a)

5    because Google, without authority, makes, uses, offers to sell, sells, or imports the Accused

6    Instrumentalities within or into the United States. Further, Google induces the infringement of

7    others under 35 U.S.C. § 271(b) because it contracts with, instructs, and otherwise induces others

8    to make, use, offer to sell, sell, or import the Accused Instrumentalities within or into the United

9    States. Google also contributes to the infringement of others under 35 U.S.C. § 271(c) because it

10   offers to sell, sells, or imports part or all of the Accused Instrumentalities within or into the

11   United States. With respect to the asserted non-method claims of the asserted patents, the

12   Accused Instrumentalities are specially made or adapted for infringement, and are not a staple

13   article suitable for substantial non-infringing use. Further, Google supplies part or all of the

14   Accused Instrumentalities in or from the United States to foreign contractors, including HTC, in

15   violation of 35 U.S.C. § 271(f).

16        Oracle is not aware of any evidence indicating that anyone, such as a Google partner,

17   OHA member, or downstream licensee, has altered the infringing portions of Google's Android

18   or Android Platform in any way that is material to the infringement. To the contrary, all available

19   evidence suggests that device manufacturers do not alter the Android operating system in general

20   or the Dalvik virtual machine in particular; and that the changes they do make are generally

21   aimed at the kernel and device drivers (to account for the manufacturer's particular hardware

22   platform).

23        The manufacturers' websites confirm this. Google advertises the Nexus S as "Pure

24   Google" and "The new Android phone from Google."[4]  Samsung states that "Beacuse Nexus S is

25   google experience device, source codes are opened by Google. So, You can find source code for

26

27   _____
     [4] http://www.google.com/nexus/#/index

28

1   the Nexus S at Android Open Source Project site."[5]  With respect to Samsung's Captivate, as far

2   as Oracle has been able to determine, for those Android source code files identified in Exhibits A-

3   G that were present in the source code archive for Samsung's Captivate, those files were identical

4   to those from Google's Éclair version of Android.[6]  With respect to the source code for the

5   Motorola Droid, Motorola states "All Droid source consists entirely of code found at the Android

6   repo site."[7]  With respect to the particular HTC-manufactured devices listed above, the only

7   source code provided by HTC[8] was for the Linux kernel, WebKit and BlueZ, and there was none

8   for Dalvik, the core libraries, or development tools.

9          Developers have no reason to modify the infringing tools provided by Google for

10  developing Android applications, and Google discourages them from doing so.  Google's

11  Android SDK license states:

12          3.3 Except to the extent required by applicable third party licenses,
           you may not copy (except for backup purposes), modify, adapt,
13         redistribute, decompile, reverse engineer, disassemble, or create
           derivative works of the SDK or any part of the SDK. Except to the
14         extent required by applicable third party licenses, you may not load
           any part of the SDK onto a mobile handset or any other hardware
15         device except a personal computer, combine any part of the SDK
           with other software, or distribute any software or device
16         incorporating a part of the SDK.[9]

17         Google actively discourages modifications to core Android features through a variety of

18  licensing schemes.  For example, Google prohibits anyone from using the Android trademark on

19  a device unless the device is determined to be "Android compatible."  Through this requirement,

20  Google ensures that Android devices sold by others will function in the same manner as if they

21

22

23  [5] http://opensource.samsung.com/

24  [6] There was just one exception: the Captivate version of the file *fork.c* in the Linux kernel was
    identical to the default linux 2.6.29 *fork.c*; there were minor differences with respect to the
    version of *fork.c* in http://android.git.kernel.org/?p=kernel/linux-2.6.git.  These differences had no
25  relation to the infringement by Android that is detailed in Exhibits A-G.

26  [7] https://opensource.motorola.com/sf/sfmain/do/viewProject/projects.droid

    [8] http://developer.htc.com/
27
    [9] http://developer.android.com/sdk/terms.html

28

ORACLE'S SECOND SUPPLEMENTAL INFRINGEMENT CONTENTIONS
CASE NO. 3:10-CV-03561-WHA                                                         4
pa-1456177

1

**D.     Patent Local Rule 3-2(d) — Ownership of the Patents-in-Suit.**

2

Copies of documents evidencing ownership of the patent rights are produced at

3

OAGOOGLE0000053760-53792 and OAGOOGLE0000056022-56028.

4

**E.     Patent Local Rule 3-2(e) — Patentee's Asserted Practice of the Claimed
         Inventions.**

5

Copies of documents sufficient to show the operation of any aspects or elements of

6

instrumentalities Oracle relies upon as embodying the asserted claims can be found at the

7

following three public websites: developer.sun.com, java.sun.com, and www.sun.com.  Oracle's

8

proprietary commercial releases will be made available for inspection subject to the Protective

9

Order entered in this case or by agreement of the parties.

10

11

Dated: April 1, 2011                       MICHAEL A. JACOBS
                                           MARC DAVID PETERS

12                                         MORRISON & FOERSTER LLP

13

                                           By:  /s/ Marc David Peters

14

15                                              *Attorneys for Plaintiff*
                                                ORACLE AMERICA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28