MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING PATENT REEXAMINATIONS**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Oracle moves the Court to preclude Google from introducing any evidence or argument regarding the pending, non-final reexaminations of six of the patents-in-suit. The existence and status of these non-final proceedings is irrelevant to the matters in this case. Any reference to them at trial would be highly prejudicial and is likely to create juror confusion. Under Rule 403, the Court should preclude Google from offering any evidence or argument regarding these non-final patent reexaminations.

**I.      REEXAMINATIONS OF THE PATENTS-IN-SUIT**

In early 2011, Google filed requests for reexamination of each of the patents-in-suit. In March and April 2011, the PTO ordered reexaminations for all of the patents. The PTO subsequently issued office actions for all but the '104 patent.

For the '520 patent, the claims that Oracle is asserting against Google in this case were all confirmed patentable over the cited prior art. That proceeding is now concluded, except for the issuance of the reexamination certificate. For the other six patents, the reexaminations are still pending: (1) no office action has yet issued for the '104 patent; (2) the '447, '476, and '702 *ex parte* reexaminations are awaiting further office actions from the PTO, following Oracle's responses filed in those actions; (3) the '720 *inter partes* reexamination is awaiting a further office action following responses from both Oracle and Google; and (4) the '205 *inter partes* reexamination is awaiting Oracle's response to the PTO's office action. The chart below summarizes the current status of these reexaminations:

| Patent No. (type of reexam) | Reexam Ordered | Office Action Issued | Oracle Response Due / Filed | Google Response Due / Filed | Asserted Claims Currently Rejected | Asserted Claims Allowed | Status |
|---|---|---|---|---|---|---|---|
| 6,125,447 (ex parte) | 3/23/11 | 6/29/11 | 8/29/11 | n/a | All (10, 11) | | Non-final; awaiting second PTO office action |
| 6,192,476 (ex parte) | 3/23/11 | 6/16/11 | 9/16/11 | n/a | All (13, 14, 15) | | Non-final; awaiting second PTO office action |
| 5,966,702 (ex parte) | 3/23/11 | 6/6/11 | 9/6/11 | n/a | All (1, 6, 7, 12, 13, 15, 16) | | Non-final; awaiting second PTO office action |

| Patent | Date 1 | Date 2 | Date 3 | Date 4 | Claims Rejected | Claims Confirmed | Status |
|---|---|---|---|---|---|---|---|
| 7,426,720 (inter partes) | 4/18/11 | 5/5/11 | 7/5/11 | 8/4/11 | All (1, 4, 6, 10, 13, 19, 21, 22) | | Non-final; awaiting second PTO office action |
| RE38,104 (ex parte) | 3/28/11 | pending | | | | | Non-final; awaiting PTO office action |
| 6,910,205 (inter partes) | 4/14/11 | 8/19/11 | 10/19/11 | 11/18/11 | All (1, 2, 3) | | Non-final; Oracle to respond to office action |
| 6,061,520 (ex parte) | 3/23/11 | 6/23/11 | 8/24/11 | n/a | | All (1, 4, 8, 12, 14, 20) | Final; reexam certificate to issue |

## II. ARGUMENT

### A. The Non-Final Reexaminations Of The Patents-in-Suit Have No Probative Value

Federal courts have routinely relied on Federal Rule Evidence 403 to exclude evidence at trial regarding co-pending, non-final reexaminations of the patents at issue, on the grounds that such reexamination proceedings are not probative of patent invalidity and are highly likely to confuse the jury. *See, e.g., SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 356 (D. Del. 2009) ("Absent unusual circumstances . . . non-final decisions made during reexamination are not binding, moreover, they are more prejudicial (considering the overwhelming possibility of jury confusion) than probative of validity"); *i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 583 (E.D. Tex. 2009) ("As explained elsewhere in this opinion, the simple fact that a reexamination decision has been made by the PTO is not evidence probative of any element regarding any claim of invalidity. . . . Even if it were, the evidence was substantially more prejudicial than probative"); *Amphenol T & M Antennas, Inc. v. Centurion Int'l, Inc.*, No. 00 C 4298, 2002 U.S. Dist. LEXIS 822, at *5 (N.D. Ill. 2002).

A non-final patent reexamination proceeding, of course, is not probative of invalidity or unpatentability. *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008) ("As this court has observed, a requestor's burden to show that a reexamination order should issue from the PTO is unrelated to a defendant's burden to prove invalidity by clear and

1  convincing evidence at trial.") (citation omitted); *Hoechst Celanese Corp. v. BP Chems., Ltd.*, 78

2  F.3d 1575, 1584 (Fed. Cir. 1996) ("[T]he grant by the examiner of a request for reexamination is

3  not probative of unpatentability"); *Volterra Semiconductor Corp. v. Primarion, Inc.*, No. C-08-

4  05129 JCS, 2011 U.S. Dist. LEXIS 49574, at *24 (N.D. Cal. Mar. 8, 2011) ("With respect to the

5  PTO Initial Office Actions and reexamination orders, … preliminary decisions and actions by the

6  PTO in the course of a reexamination proceeding are not probative of invalidity").  When office

7  actions and party responses are still pending, any interim rejections of patent claims are not

8  indicative of an ultimate finding of invalidity.  *Id*.

9       Nor are the non-final reexaminations relevant to rebutting the charges of willful

10 infringement and intent to induce infringement.  The initiation of a reexamination proceeding

11 does not exculpate an infringer from a finding of willfulness.  *Hoechst*, 78 F.3d at 1583-84

12 (finding that the grant of a request for reexamination is not dispositive of willfulness).  Moreover,

13 even if the reexaminations were relevant to willfulness and intent, the prejudicial effect of

14 disclosing them to the jury would vastly outweigh any probative value.  *See Presidio Components*

15 *Inc. v. Am. Tech. Ceramics Corp.*, No. 08-CV-335-IEG (NLS), 2009 U.S. Dist. LEXIS 106795, at

16 *5 (S.D. Cal. Nov. 13, 2009) ("[E]ven if the reexamination proceedings are somehow relevant on

17 the issues of obviousness or willfulness, they are nevertheless unfairly prejudicial") (citation

18 omitted); Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *In Limine*

19 Nos. 1 Through 5 ("Muino Decl."), Exhibit A, *Realtime Data, LLC v. Packeteer, Inc*., No. 6:08-

20 cv-144-LED-JDL, (E.D. Tex. Dec. 30, 2009), ECF No. 805 at 4 ("[A]lthough an ongoing

21 reexamination proceeding and the USPTO's actions therein could be considered by the Court as a

22 factor in a willfulness determination at the summary judgment stage, during trial in a request for

23 judgments as a matter of law as to willful infringement, and/or post-verdict, it should not be

24 introduced before the jury due to the highly prejudicial effect the USPTO's actions would have on

25 the jury"); Muino Decl. Exhibit B, *Intel Corp. v. Commonwealth Scientific & Indus. Research*

26 *Org.*, No. 6:06-cv-551 (E.D. Tex. Apr. 9, 2009), ECF No. 518 at 4 ("[W]ithout any conclusions

27 of the PTO to rely upon, evidence that the PTO is currently reexamining the patent may work to

28

unduly alleviate Defendants' 'clear and convincing' burden for both invalidity and willfulness in front of the jury").

### B. Reference To The Non-Final Reexaminations At Trial Would Be Highly Prejudicial And Likely To Confuse The Jury

Any reference to the non-final reexaminations in front of the jury would be prejudicial to Oracle, as it would create a high likelihood of confusing and misleading the jury regarding the validity of the patents. *See Boston Scientific Corp. v. Cordis Corp.*, No. 10-315-SLR, 2011 U.S. Dist. LEXIS 46210, at *1-2 (D. Del. Apr. 28, 2011) ("It is generally not the court's practice to admit the reexamination record as trial evidence. Rejections on reexamination are not binding, and such evidence is almost always more prejudicial than probative."). Oracle's patents are entitled to a presumption of validity and may only be invalidated based on clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238 (2011) (applying the clear and convincing standard to all prior art references regardless of their use in initial examination); *z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1354 (Fed. Cir. 2007) (invalidity must be shown by clear and convincing evidence). The jury will be instructed on this standard. Informing the jury that the PTO is reexamining the patents may cause jurors to erroneously conclude that the patents are invalid or no longer entitled to a presumption of validity. *See Amphenol*, 2002 U.S. Dist. LEXIS 822, at *5 ("[T]elling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity and significantly prejudice [the patentee]. The prejudicial potential of this evidence far outweighs any probative value it may have."). Jurors may well mistake the PTO's interim rejections of certain patent claims as indicative of the government's final position on the validity of those claims.

Moreover, if the jury were informed of the non-final reexaminations, the parties and the Court would be obliged to explain the PTO's reexamination procedures to the jury so as to mitigate confusion. This may lead to disputes on how to characterize the reexamination process and how to explain the substantive positions taken by the parties and the PTO in the reexaminations. Such disruption will be avoided if references to the non-final reexaminations are precluded.

In an analogous situation, this Court excluded argument regarding the prosecution histories of certain trademark applications, including non-final Office Actions, in *Autodesk, Inc. v. Dassault Systémes Solidworks Corp.*, No. 3:08-cv-04397-WHA (N.D. Cal. Dec. 23, 2009), ECF No. 209. (Muino Decl. Exhibit C.) In that case, Autodesk moved in limine to exclude evidence or argument regarding these materials on the grounds that their introduction would be prejudicial and likely to confuse the jury. (*Id.*) The Court precluded mention of the non-final office actions and other prosecution filings during opening statements. (Muino Decl. Exhibit D, *Autodesk*, ECF No. 240 at 52-53 (Dec. 31, 2009).)

### III.     CONCLUSION

The non-final reexaminations are not probative of invalidity or any other issues of relevance to this case. Permitting their introduction creates a high risk of confusing and misleading the jury. Pursuant to Federal Rule Evidence 403, Oracle requests that the Court preclude Google from offering any argument or evidence at trial regarding the six non-final reexaminations of the patents-in-suit.

Dated: September 24, 2011

MICHAEL A. JACOBS
MARC DAVID PETERS
DANIEL P. MUINO
MORRISON & FOERSTER LLP

By: */s/ Daniel P. Muino*

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.