KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:     212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:     415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:     650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                        Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                        Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE'S OPPOSITION TO ORACLE'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING PATENT REEXAMINATIONS**<br><br>Judge:        Hon. William Alsup<br><br>Date Comp. Filed:        October 27, 2010<br><br>Trial Date:        October 31, 2011 |

## I. INTRODUCTION

The question before the Court in this motion is whether Google must sit by and watch Oracle preach its willfulness theory to the jury without a fair chance to tell its side of the story.

Oracle cannot prove willfulness under *Seagate* without clearing the preliminary hurdle of showing that Google "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Google, on the other hand, cannot reasonably defend itself without being able to present evidence tending to show that the probability that Oracle's patents were valid was less than "objectively high." The reexamination proceedings Oracle seeks to hide from the jury are exactly this sort of evidence. By definition, the PTO's grant of a request for reexamination means that it has found a "substantial new question" as to whether the patent in question is valid. 35 U.S.C. § 304. If the PTO then rejects all or some of the claims during reexamination, its decision shows that that question was indeed quite serious, even if it is later answered in favor of patentability.

For that reason, numerous other Federal courts have deemed evidence of reexaminations relevant and admissible on the issue of willfulness. Oracle itself makes but a cursory attempt to show that the evidence it seeks to exclude is irrelevant, focusing instead on its potential to prejudice or confuse a jury. But Oracle's fears of prejudice are overblown. The Court has several tools at its disposal to cure any slight risk of unfair prejudice or confusion. For example, it can provide a limiting instruction. Or, it can defer the issue of willfulness to the damages phase of the trial, where it in fact belongs for a number of reasons.

If Oracle wants to accuse Google of willfully infringing its patents (especially without any evidence that Google knew of them until just three weeks before Oracle filed suit), it should not be heard to complain if Google uses directly relevant evidence in its defense.

## II. FACTUAL BACKGROUND

Oracle provided actual notice of the asserted patents to Google for the first time on July 20, 2010. *See* Declaration of Reid Mullen in Support of Google Inc.'s Opposition to Oracle America Inc.'s Motions in Limine Ex. 1 (Oracle's Response to Google's Interrogatory No. 14

1  (July 14, 2011).  Three weeks later, on August 12, 2010, Oracle filed the present claims against
2  Google.  Shortly thereafter, Google filed reexamination requests for each of the patents-in-suit.
3         In March and April 2011, the PTO ordered reexaminations for all seven of Oracle's
4  patents-in-suit.  The PTO has since rejected the asserted claims for five of Oracle's seven
5  patents.  The sixth reexamination remains pending, and the seventh reexamination allowed
6  Oracle's asserted claims, though the reexamination certificate has yet to issue.  Oracle's motion
7  *in limine* does not seek to bar the admission of evidence regarding the one reexamination that
8  allowed its asserted claims—only the five that rejected the claims at issue and the one still
9  pending.  *See* Mot. at 1.

### III.  ARGUMENT

11  Evidence regarding reexamination of the patents-in-suit is relevant to the issue of
12  willfulness.  *See* Fed. R. Evid. 401.  Furthermore, such evidence's probative value is not
13  substantially outweighed by the danger of unfair prejudice or confusion.  *See* Fed. R. Evid. 403.

**A.  Evidence regarding reexamination of the patents-in-suit is relevant to whether Google willfully infringed Oracle's patents.**

To establish willful infringement, a patentee must first "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1370 (Fed. Cir. 2007). Should the patentee clear that threshold, it "must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer."  *Id.*  The first prong of *Seagate* cannot be met if the accused infringer's position is susceptible to a reasonable conclusion of invalidity or no infringement.  *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1310 (Fed. Cir. 2011); *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1339 (Fed. Cir. 2008).  *Seagate* "does not require that only pre-litigation events be considered in determining whether [the first prong has been satisfied]."  *Tesco Corp. v. Weatherford Int'l, Inc.*, 750 F. Supp. 2d 780, 794 (S.D. Tex. 2010).

Here, in granting reexamination on all seven of Oracle's patents, the PTO concluded that "a substantial new question of patentability" exists for each patent.  35 U.S.C. § 304.  This

finding by the PTO is probative of the issue of whether Google's invalidity positions are objectively reasonable. *See*, *e.g.*, *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 579 (E.D. Tex. 2007) (relying on PTO reexamination in holding alleged infringer's invalidity defense to be "hardly objectively unreasonable"); *Fusilamp, LLC. v. Littlefuse, Inc.*, 2010 WL 3446913, at *3 (S.D. Fla. Aug. 31, 2010) (holding the PTO's reexamination decision "relevant to whether a substantial question of invalidity has been raised"); *Everett Labs., Inc. v. River's Edge Pharm., LLC.*, 2009 WL 4508584, at *3 (D. N.J. Nov. 24, 2009) (same); *Safoco, Inc. v. Cameron Int'l Corp.*, 2009 WL 2424108, at *20 (S.D. Tex. July 31, 2009) (holding that the granting of a reexamination is a "factor to consider" in willfulness analysis); *Lucent*, 2007 WL 695572, at *7 (holding that the PTO's reexamination is "one factor among the totality of circumstances" of the willfulness analysis).

Moreover, the PTO's decision to reject the asserted claims of five of Oracle's seven patents-in-suit is even stronger evidence of the reasonableness of Google's position.

> The PTO's preliminary order determining that the claims … are unpatentable … shows that the defendants have advanced a colorable challenge to the validity of the plaintiffs' patents. Under these circumstances, the plaintiffs cannot meet their burden of proving by clear and convincing evidence that the defendants acted despite an objectively high likelihood that their actions constituted infringement of a valid patent.

*Pivonka v. Cen. Garden & Pet Co.*, 2008 WL 486049, *2 (D. Colo. Feb. 19, 2008). "[E]ven if the claims are eventually restored, the fact that the examiners rejected the claims demonstrates that a major issue exists as to whether they are valid." *Tesco*, 750 F. Supp. 2d at 818.

The PTO's decisions during the reexamination process are therefore probative of Google's lack of willfulness, and they are so even though they are not yet final. *Cf. Lucent*, 2007 WL 6955272, at *6 (noting that preliminary reexamination orders subject to judicial review are relevant to willfulness). Any concerns Oracle has about the lack of finality of the reexamination proceedings flow from its own conduct. Oracle opposes a stay of this litigation pending the conclusion of the reexaminations, even though the Court and the parties would be spared the burden of litigating claims currently rejected by the PTO if the PTO finalizes its present decisions. Rather, Oracle has insisted that the show must go on while the PTO's rejections are

1 still preliminary, and now invokes that fact in an effort to handicap Google's ability to defend
2 itself.  Having pressed Google to defend itself now, while the reexaminations are still pending, it
3 is disingenuous for Oracle to argue that Google should not be able to introduce evidence of those
4 reexaminations because those proceedings are not final.
5    Oracle cites an array of inapplicable cases in an effort to deny the relevance of
6 reexamination-related evidence to the issue of willfulness.  First, Oracle cites pre-*Seagate* cases
7 that are inapplicable because they apply an outdated test for willfulness, and therefore do not
8 determine what evidence is probative under the *Seagate* test.  *See*, *e.g.*, *Hoechst Cleanese Corp.*
9 *v. BP Chems. Ltd.*, 78 F.3d 1575 (Fed. Cir. 1996); *Amphenol T & M Antennas, Inc. v. Centurion*
10 *Int'l, Inc.*, 2002 WL 32373639 (N.D. Ill. Jan. 17, 2002).  Second, Oracle's citation to *Procter &*
11 *Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842 (Fed. Cir. 2008) is a non-sequitur.
12 *Procter & Gamble* and other similar cases cited by Oracle consider the use of reexamination-
13 related evidence by defendants to bolster invalidity defenses.  *See id*. at 847 ("To the extent that
14 Kraft would challenge the validity of the claims of the '418 patent in the district court on the
15 same bases it raised in the reexamination…").[1]  Here, to address the legally and factually distinct
16 issue of willfulness, Google seeks to use the reexaminations as evidence that uncertainty as to the
17 validity of the asserted patents was and is reasonable.
18    The only willfulness-related decisions cited by Oracle are non-binding, contrary to
19 *Seagate*, and irrelevant.  *See* Mot. at 3.  *Presidio Components Inc. v. Am. Technical Ceramics*
20 *Corp.*, 2009 WL 3822694, at *1-2 (S.D. Cal. Nov. 13, 2009), fails to cite *Seagate* and relies
21 entirely on pre-*Seagate* willfulness cases.  *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-
22 144, at *3-4 (E.D. Tex. Dec. 30, 2009) (Muino Decl. Exh. A), assumes the relevance of
23 reexamination-related evidence and decides admissibility based solely on prejudice and
24 confusion.  *Intel v. CSIRO*, 6:06-cv-00551, at *4-5 (E.D.Tex. April 9, 2009) (Muino Decl. Exh.
25 B), is an order on a motion to supplement (where the burden is on the party seeking admission,

---

[1] Numerous other cases cited by Oracle are similarly focused on invalidity rather than willfulness claims, and therefore inapplicable here.  *See Volterra Semiconductor Corp. v. Primarion, Inc.*, 2011 WL 2559612, at *7 (N.D. Cal. May 4, 2011); *i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 583 (E.D. Tex. 2009); *SRI Int'l Inc. v. Internet Security Sys., Inc.*, 647 F. Supp. 2d

as opposed to this motion *in limine*, where the burden is on the party seeking to exclude the evidence in question) and makes no mention of *Seagate* or any of the other cases cited here by Google.

Finally, Oracle (yet again) seeks to have it both ways, this time regarding the relevance of reexamination evidence. It posits that the one reexamination upholding its '520 patent is relevant, even though the reexamined patent has not yet formally issued. Yet it contends that the other six pending reexaminations rejecting or still considering its patents are not. Fairness requires that the admissibility of the reexamination evidence not hinge on which party the evidence favors. Moreover, the fact that the reexaminations have progressed to different stages affects the weight given the reexamination evidence, not its fundamental admissibility. *Cf. Lucent*, 2007 WL 6955272, at *6 (holding that preliminary reexamination orders subject to judicial review are relevant to willfulness). Oracle's ultimate position—that only pro-Oracle reexamination evidence is admissible—is illogical and unjustified. As explained above, all reexamination-related evidence is relevant to the issue of willfulness. Indeed, even for the one patent whose claims have been allowed during reexamination, the fact that the PTO found a substantial new question of patentability demonstrates that Google was not objectively unreasonable to believe that the asserted claims were invalid.

**B.    The Court can apply available procedural mechanisms to ensure that the probative value of Google's reexamination evidence is not substantially outweighed by the danger of unfair prejudice or confusion.**

Oracle's argument that it will be unfairly prejudiced and the jury will be confused by the admission of reexamination-related evidence rests on the unsubstantiated assumption that the jury will not be able to reach an independently reasoned conclusion regarding the patents' invalidity if it learns that the PTO is currently reconsidering its prior position. Mot. at 4. No binding authority supports such a conclusion.[2] In any event, the Court has the power to mitigate

---

323, 356 (D. Del. 2009).

[2] Oracle's citation to *Autodesk, Inc. v. Dassault Systems Solidworks Corp.*, No. 3:08-cv-04397 (N.D. Cal. Dec. 23, 2009), is inapplicable here. Not only does the case concern trademarks rather than patents—and is therefore subject to an entirely separate legal regime—but also the Court did not grant the moving party the exclusionary relief Oracle seeks here. The Court only held that the parties could not reference the PTO-related evidence in their opening statements,

1   any risk of confusion.  As in *Fresenius Med. Care Holdings v. Baxter Int'l, Inc.*, 2006 WL
2   1330003, at *4 (N.D. Cal. May 15, 2006), the Court may provide a specific jury instruction
3   explaining (for example) the meaning of granting a reexamination, the non-final status of the
4   PTO's claim rejections and/or the presumption of validity afforded to Oracle's patents.
5         Should the Court find that the risk of confusion is still too great, there is a simple
6   solution.  Given that the Court has already bifurcated the liability and damages phases of the
7   trial, it can easily move willfulness to the damages phase and thereby segregate the question of
8   invalidity from any mention of the reexamination proceedings.  Reserving the question of
9   willfulness for the damages phase is appropriate for at least two reasons.  First, it would place
10  willfulness in its proper context, for willfulness is relevant only to damages and not at all to
11  liability.  "Because patent infringement is a strict liability offense, the nature of the offense is
12  only relevant in determining whether enhanced damages are warranted."  *Seagate*, 497 F.3d at
13  1368; *see also SRI Intern., Inc. v. Adv. Tech. Lab., Inc.,* 1994 WL 712487 at *2 (Fed. Cir.
14  December 21, 1994) ("Willfulness is a finding related only to the amount of damages, not to the
15  existence of liability.").  Second, it would relieve the Court and the parties of the need to litigate
16  the question before its time.  It is only possible to evaluate willfulness if the jury first determines
17  that the patent(s) are both valid and infringed.  Should the jury find that Google is not liable for
18  infringing any valid patents, the willfulness question would be moot.  *See B.Braun Med. Inc. v.*
19  *Abbott Laboratories*, 1994 WL 468155 at 1 (E.D. Pa. 1994) ("[w]illfulness logically should be
20  tried with damages.").
21        Moving willfulness to the damages phase is a sensible course of action that would permit
22  Google to introduce reexamination evidence in its willfulness defense without any risk of
23  tainting the jury's decision on invalidity.  For these reasons, the admission of reexamination-
24  related evidence presents at worst a small risk of confusion on the question of validity that can
25  easily be managed in ways that still allow the jury to hear its full probative value on the question
26  of willfulness.

---

28  given much broader concerns over the evidence's admissibility.  *See* Muino Decl., Ex. D at 53.
    The Court left the determination of in-trial admissibility of the disputed evidence to a later

## IV.   CONCLUSION

Reexamination-related evidence regarding the patents-in-suit is heavily probative of a necessary element of willfulness: whether the likelihood that Oracles' patents are valid was "objectively high."  Its probative value outweighs any risk of prejudice or confusion, which can in any case be easily managed while still allowing Google to present this evidence where it is relevant.  For the reasons above, Oracle's motion *in limine* to exclude any evidence or argument regarding the reexaminations should be denied.

Dated:  October 4, 2011                                     KEKER & VAN NEST LLP


By: s/ Robert A. Van Nest
    ROBERT A. VAN NEST
    Attorneys for Defendant
    GOOGLE INC.

---

evidentiary hearing.  *Id*.