| | |
|---|---|
| ROBERT A. VAN NEST - #84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - #184325<br>canderson@kvn.com<br>KEKER & VAN NEST LLP<br>633 Battery Street<br>San Francisco, CA 94111-1704<br>Telephone: (415) 391-5400<br>Facsimile: (415) 397-7188<br><br>DONALD F. ZIMMER, JR. (SBN 112279)<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS (SBN 224323)<br>csabnis@kslaw.com<br>KING & SPALDING LLP<br>101 Second Street – Suite 2300<br>San Francisco, CA 94105<br>Telephone: (415) 318-1200<br>Facsimile: (415) 318-1300<br><br>Attorneys for Defendant<br>GOOGLE INC. | SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (*Pro Hac Vice*)<br>bbaber@kslaw.com<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036-4003<br>Telephone: (212) 556-2100<br>Facsimile: (212) 556-2222<br><br>IAN C. BALLON (SBN 141819)<br>ballon@gtlaw.com<br>HEATHER MEEKER (SBN 172148)<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Telephone: (650) 328-8500<br>Facsimile: (650) 328-8508 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE'S OPPOSITION TO ORACLE'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT THAT GOOGLE RELIED ON LEGAL ADVICE IN MAKING ITS DECISIONS TO DEVELOP AND RELEASE ANDROID**<br><br>Judge:　　Hon. William Alsup<br><br>Date Comp. Filed:　　October 27, 2010<br><br>Trial Date: October 31, 2011 |

Oracle moves *in limine* for the Court to preclude Google from generally relying on advice of counsel to rebut allegations of willful patent and copyright infringement and intent to induce patent infringement, but then leaps to the conclusion that the Court should broadly exclude any evidence or argument whatsoever that Google relied on ***any*** legal advice in deciding to develop and release Android.  Such a categorical request disregards the Court's September 2, 2011 Order Regarding Pretrial Filings (Dkt. No. 384), which unambiguously states that the parties' motions *in limine* "must be directed at excluding specific items of evidence; categorical motions and disguised summary judgment motions are highly disfavored."  Regardless, Oracle's motion far exceeds requesting the exclusion of "specific items of evidence" relating to issues of willfulness and inducement.  Accordingly, Oracle's Motion *In Limine* No. 2 should be denied.

> **A.   Oracle's motion should be denied as moot because Google does not rely on an advice-of-counsel defense with respect to willfulness or inducement**

At least with respect to its allegations of willfulness and inducement, Oracle's Motion *In Limine* No. 2 should be denied as moot.  There is no evidence to suggest that Google even relies on advice of counsel as a defense to willful patent infringement or inducing patent infringement.[1]  (And lest there be any confusion—Google does not.)  Thus, there's no related evidence to exclude.

> **B.   Oracle seeks to expand Patent Local Rule 3-7 to exclude any evidence of any advice of counsel related to the development of Android**

Oracle asks this Court not just to exclude evidence regarding advice of counsel to defend a willfulness or inducement charge, but to exclude *all* evidence concerning *any* advice of counsel.  Specifically, Oracle relies on Patent L.R. 3-7, which provides for the production of any written advice and documents and written summaries of any oral advice and related documents ***for which the attorney-client and work product protection have been waived***.  But Oracle points to no evidence for which it believes Google's privilege assertions would have been waived on

---

[1] In fact, Google never had a reason to seek advice of counsel prior to July 209, 2010, as that was the first time Oracle gave Google notice of those patents

1

GOOGLE'S OPPOSITION TO ORACLE'S MOTION *IN LIMINE* NO. 2
CASE NO. CV 10-03561-WHA

account of potential reliance on advice of counsel to defend against the willfulness and inducement charges.

To the contrary, the cases cited by Oracle provide no support for entirely and categorically precluding Google from demonstrating that Google operated based on the advice of counsel in connection with other issues—i.e., the general development of Android—having nothing to do with Google's rebuttal of Oracle's willfulness and inducement allegations.  Indeed, even Oracle acknowledges that the cases that it cites solely relate to reliance on advice of counsel with respect to issues of willfulness and/or inducement; they do not support such a blanket and categorical exclusion of evidence related to advice of counsel generally.

### C.   Conclusion

In the face of the Court's Order Regarding Pretrial Filings, which strongly discouraged "categorical motions and disguised summary judgment motions," Oracle has presented a motion *in limine* that seeks to broadly preclude Google from presenting at trial an entire category of evidence.  Google has not relied on the advice of counsel as a defense to willfulness and inducement because it is clear from the record that Google had no notice of the specific asserted patents and no knowledge that its activities constituted infringement of the patents- and copyrights-in-suit (for which it would have sought such advice) until just weeks before the lawsuit.  Oracle's improper attempt to extend a moot point to categorically preclude Google's overall reliance on advice of counsel in the overall development of Android is unwarranted and should be denied.

Dated:  October 4, 2011                                             KEKER & VAN NEST LLP

By: s/ Robert A. Van Nest
    ROBERT A. VAN NEST
    Attorneys for Defendant
    GOOGLE INC.

2

GOOGLE'S OPPOSITION TO ORACLE'S MOTION *IN LIMINE* NO. 2
Case No. CV 10-03561-WHA