MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC.<br><br>          Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT THIRD-PARTY OEMS CHANGED INFRINGING COMPONENTS OF ANDROID**<br><br>Dept:  Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1    Oracle moves the Court to preclude Google from offering argument or evidence at trial

2  that any changes were made to the infringing components of the Android source code by third

3  party original equipment manufacturers (OEMs).  Throughout this litigation, Google has

4  steadfastly denied knowledge of any modifications made by OEMs to the infringing components

5  of Android:  (1) In response to Oracle's Interrogatory 21, Google stated that it had "no direct,

6  specific knowledge with regard to how third parties modify the accused Android source code and

7  documentation"; and (2) Google's corporate designee, Patrick Brady, testified that he did not

8  know for certain, one way or the other, whether OEMs had changed the infringing components of

9  Android installed on Android devices.  Having disclaimed any knowledge of OEM changes to the

10 infringing components, Google should be barred from offering any evidence or argument on that

11 subject at trial.

12 **I.      GOOGLE HAS DENIED KNOWLEDGE OF OEM CHANGES TO THE**
   **INFRINGING COMPONENTS OF ANDROID**
13
             Oracle accuses the Android platform of infringing the patents-in-suit through several key
14
   platform components:  (1) the Dalvik virtual machine, (2) the dexopt component, (3) the zygote
15
   process, (4) the dx tool, and (5) Android's java.security framework (collectively, the "infringing
16
   components").  Through an interrogatory (No. 21) and a Rule 30(b)(6) deposition topic (No. 7),
17
   Oracle sought discovery from Google regarding its knowledge of any modifications made by
18
   third parties to the infringing components of Android.  In its interrogatory answer and through the
19
   testimony of its corporate designee, Google flatly denied any specific knowledge of whether or
20
   not OEMs modify the infringing components of Android be installed on their Android devices.
21
   Instead, Google insisted that OEMs "may freely modify Android source code subject to the terms
22
   of [the Apache License]," presumably without Google's knowledge or oversight.
23
             *Google's Response to Oracle's Interrogatory 21*:  Oracle's Interrogatory 21 asked Google
24
   to "[i]dentify and describe in detail each modification made by third parties to the allegedly
25
   infringing portions of Android source code and documentation identified by Oracle's copyright
26
   and patent infringement contentions, including the author of, date of, and basis for each such
27
   modification."  (Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *In*
28

*Limine* Nos. 1 Through 5 ("Muino Decl."), Exhibit I, Defendant Google, Inc.'s Responses to

Plaintiff's Interrogatories, Set Four, at 10.)  On July 29, 2011, Google responded as follows:

> Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, ***Google states that it has no direct, specific knowledge with regard to how third parties modify the accused Android source code and documentation***. Google releases Android source code to the public under the open source Apache License, Version 2.0. Any third party may freely modify Android source code subject to the terms of this license.

*Id.* at 11 (Google's objections omitted).  To date, Google has not supplemented this response.

    *Testimony of Google's Corporate Designee, Patrick Brady*:  Topic 7 of Oracle's Rule

30(b)(6) deposition notice to Google sought testimony regarding "[m]odifications made by third

parties to the allegedly-infringing portions of Android identified by Oracle's copyright and patent

infringement contentions, including the author of, date of, and basis for each such modification."

(Muino Decl. Exhibit J, Plaintiff's Notice of Deposition of Defendant Google Inc. Pursuant to

Fed. R. Civ. P. 30(b)(6), Topics 4-9.)

    On July 21, 2011, Oracle took the deposition of Google's corporate designee on Topic 7,

Patrick Brady, Director of Android Partner Engineering. ██████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

ORACLE MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT
OEMS CHANGED INFRINGING COMPONENTS OF ANDROID
CASE NO. CV 10-03561 WHA
pa-1487213

2

1 [redacted]

2 [redacted]

3 [redacted]

4 [redacted]

5 [redacted]

6 But Mr. Brady

7 could not say for certain that changes had been made to the Dalvik virtual machine in that device,

8 and had no knowledge of the specifics of any such changes.

9 **II.    GOOGLE SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT ON OEM CHANGES TO INFRINGING ANDROID COMPONENTS**

10

11       This Court has previously ruled that, with respect to evidence admissible at trial, parties

12 "will be held to their discovery answers." *Doe v. Reddy*, No. C 02-05570 WHA, 2004 U.S. Dist.

13 LEXIS 30792, *14-15 (N.D. Cal. Mar. 24, 2004) (Alsup, J.).  In *Doe v. Reddy*, the Court granted

14 a motion in limine precluding defendant (accused of sexual relations with an underage girl) from

15 suggesting at trial that plaintiffs (the girl's parents) knew about the sexual relations.  *Id*.  The

16 Court noted that defendant's interrogatory responses had identified no evidence regarding

17 parental knowledge of the sexual relations.  *Id*.  While the response did refer to certain deposition

18 testimony, that testimony did not establish parental knowledge.  *Id*.  Accordingly, the Court ruled

19 that "Defendants will be held to their discovery answers" and "at trial no suggestion will be made

20 that the parents knew of the sexual relations." *Id*.

21       Other courts in the 9th Circuit have followed this principle, limiting evidence admissible

22 at trial to what is disclosed in discovery.  *See Service Employees Int'l Union ("SEIU") v. Roselli*,

23 No. C 09-00404 WHA, 2010 WL 963707, at *5 (N.D. Cal. Mar. 16, 2010) (granting motion in

24 limine to exclude evidence based on defendant's refusal to provide discovery on that evidence);

25 *Tech. Licensing Corp. v. Thomson, Inc.*, No. CIV. S-03-1329 , 2005 U.S. Dist. LEXIS 24239, at

26 *16-17 (E.D. Cal. June 30, 2005) (limiting evidence at trial to information disclosed in response

27 to interrogatory).  In the *SEIU* case, this Court granted a motion in limine to exclude evidence

28 regarding certain activities aimed at obtaining workers' signatures, on the grounds that defendants

ORACLE MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT
OEMs CHANGED INFRINGING COMPONENTS OF ANDROID
CASE NO. CV 10-03561 WHA
pa-1487213

3

1    refused to answer questions about those activities during discovery. *SEIU*, 2010 WL 963707, at

2    *5.  The Court observed, "having avoided disclosing in discovery the materials sought by

3    plaintiffs regarding defendants' post-trusteeship activities on grounds of relevancy, it would be

4    unfair sandbagging to allow defendants to now assert those same materials as a defense to

5    plaintiffs' claims." *Id*.

6         In this case, Google's interrogatory response disclaimed any specific knowledge of OEM

7    modifications of Android code.  Although Google's response was served after the deposition of

8    Mr. Brady on Topic 7, Google did not incorporate Mr. Brady's testimony into its response.  So

9    Google has disclosed nothing at all in response to Oracle's interrogatory regarding OEM changes

10   to Android.  Accordingly, Google should be precluded from suggesting at trial that OEMs

11   changed the infringing components of Android, since it disclosed no evidence on this subject in

12   its interrogatory response. *Doe v. Reddy*, 2004 U.S. Dist. LEXIS 30792,  at *14.

13        Furthermore, even if Mr. Brady's testimony were counted as disclosure on this subject, he

14   too disclaimed specific knowledge of OEM modifications to the infringing components of

15   Android. ███████████████████████████████████████████

16   ████████████████████████████████████████████████

17   ██████████████████████████████████████████

18   ████████████████████████████████████████████

19   ████████████████████████████████████████████

20   ████████████████████████████████████████████

21   ██████   Mr. Brady's testimony provides no basis for Google to argue that OEMs made changes to

22   the infringing components of Android.

23        The preclusion of argument and evidence regarding OEM changes to Android should

24   extend to Google's experts, who should not be permitted to speculate regarding modifications to

25   the Android code without a factual basis.  For instance, Google's expert, David August, stated in

26   his report that "device manufacturers often modify the source code."  (Muino Decl. Exhibit L

27   ¶ 108 (Expert Report of David I. August, Ph.D. Regarding the Non-Infringement of U.S. Patent

28   No. 6,910,205).)  Yet, Mr. August offered no basis for this statement other than an excerpt from

1    the deposition of Mr. Brady.[1]  (*Id.* Ex. M at 131:2-9.)  While Mr. Brady did testify regarding

2    certain OEM changes to the Android code *in general*, he disclaimed any specific knowledge of

3    OEM changes to the *infringing components* of Android.  Accordingly, Mr. Brady's testimony

4    provides no basis on which Mr. August, or any other Google expert, may opine on purported

5    OEM changes to the Android code.

6    **III.    CONCLUSION**

7         For the foregoing reasons, Oracle requests that the Court preclude Google, its attorneys,

8    witnesses, and experts, from offering any argument or evidence at trial that OEMs made changes

9    to the infringing components of the Android code installed on their devices.

10

11   Dated: September 24, 2011                    MICHAEL A. JACOBS
                                                   MARC DAVID PETERS
12                                                 DANIEL P. MUINO
                                                   MORRISON & FOERSTER LLP
13

14                                        By:  */s/ Daniel P. Muino*

15                                            *Attorneys for Plaintiff*
                                              ORACLE AMERICA, INC.
16

17

18

19

20

21

22

23

24

25   _____

26        [1] Mr. August acknowledged that he has not examined any third party devices, nor has he
     conducted any research into how third party manufacturers might modify the source code.
27   (Muino Decl. Exhibit M at 128:10-129:4, 130:10-19 (September 16, 2011 Deposition of David I.
     August).)

28

ORACLE MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT
OEMS CHANGED INFRINGING COMPONENTS OF ANDROID                                                    5
CASE NO. CV 10-03561 WHA
pa-1487213