MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ORACLE'S PAST ACTIONS WITH APPLICATION PROGRAMMING INTERFACES**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1	Oracle moves the Court to exclude any evidence or argument regarding Oracle's and Sun's alleged use of third party application programming interfaces ("APIs") and past statements regarding copyright protection for interfaces generally.  Google proffered examples of such evidence in the opening report of its copyright expert Owen Astrachan and in support of its motion for summary judgment on copyright.  (*See, e.g.*, ECF. No. 262-1, Declaration of Owen in Support of Defendant Google Inc.'s Motion for Summary Judgment ("Astrachan Decl."), Ex. 1 ¶¶ 62-86 and Ex. C (alleging that Oracle and Sun implemented APIs from third parties' pre-existing software); ECF. No. 263-7 Declaration of Michael S. Kwun in Support of Defendant Google Inc.'s Motion for Summary Judgment ("Kwun Decl."), Ex. G (September 1994 testimony of former Sun CTO and current Google Chairman Eric Schmidt regarding open interfaces to the National and Global Information Infrastructure).)  As described below, additional examples can be found in Google's discovery requests.

None of this evidence is relevant.  It is not specific to the Java-related inventions and copyrighted works at issue in this case, and it is irrelevant to the issue of whether they are copyrightable in any event.  Moreover, the risks of jury confusion, unfair prejudice, and waste of time substantially outweigh any minimal relevance the evidence may have.

**I.	ARGUMENT**

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  "'Unfair prejudice' within [this] context means an undue tendency to suggest decision on an improper basis." *Dream Games of Ariz., Inc. v. PC Onsite,* 561 F.3d 983, 993 (9th Cir. 2009) (quoting Fed. R. Evid. 403 Advisory Committee's note).

### A. Google's Evidence About APIs Is Not Relevant.

#### 1. Sun's and Oracle's Alleged Use of Third Party APIs Is Not Relevant.

In his opening report, Dr. Astrachan alleges that Oracle's predecessor Sun implemented portions of APIs from a long defunct spreadsheet program called Visicalc dating from 1979, that Sun implemented portions of APIs from Linux as part of the Solaris operating system, and that Oracle implemented portions of APIs from IBM (allegedly a handful of names), again dating from 1979, in its database software.  (*See* ECF. No. 262-1, Astrachan Decl. ¶¶ 62-86 and Ex. C.)

This case concerns whether Google unlawfully appropriated copyrightable expression and patented inventions from Oracle's Java platform.  Evidence of Sun's and Oracle's alleged use of portions of third party APIs in non-Java products is irrelevant.

The Court's recent order on the copyright claims in this case highlights the need to analyze specific elements of the works at issue when determining copyrightability.  "If Google believes, for example, that a particular method declaration is a *scene a faire* or is the only possible way to express a given function, then Google should provide evidence and argument supporting its views as to that method declaration."  (ECF. No. 433 at 9.)  The evidence Google seeks to offer is not only unrelated to *specific elements* of the Java API specifications, but it is completely unrelated to *Java*.

Dr. Astrachan's testimony is particularly irrelevant here because it does not establish that the circumstances relating to Sun's and Oracle's alleged use of third party APIs are similar to the facts at issue here.  Dr. Astrachan does not even attempt in his report to compare the nature and extent of what Oracle allegedly used from third parties to what Google copied from the Java platform.  To the contrary, Dr. Astrachan admits that he did not research whether Oracle's spreadsheet products allegedly used anything more than a set of names from third parties:



ORACLE MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE REGARDING  PAST ACTIONS WITH APIS
CASE NO. CV 10-03561 WHA
pa-1487363

2

| | |
|---|---|
| 1 | [redacted] |
| 2 | [redacted] |
| 3 | [redacted] As detailed in Oracle's opposition to Google's copyright summary judgment |
| 4 | motion (ECF. No. 396, Oracle America, Inc.'s Opposition to Google's Motion for Summary |
| 5 | Judgment on Count VIII of Oracle's Amended Complaint), Google misappropriated not only an |
| 6 | entire collection and arrangement of names, but other elements such as method signatures, the |
| 7 | selection and arrangement of the elements, their complex interdependencies, and the prose text |
| 8 | that describes them. Oracle's alleged use of certain names in a spreadsheet program, and nothing |
| 9 | more, is not relevant to determining copyrightability of the Java platform, or whether Google's |
| 10 | wholesale copying of the Java APIs constitutes "fair use." |
| 11 | In addition, Dr. Astrachan admitted that he did not research whether Oracle or Sun had |
| 12 | permission to use the third party APIs he cites: |
| 13–20 | [redacted] |
| 21 | [redacted] In |
| 22 | summary, Dr. Astrachan's spreadsheet example involves a product from the 1970s (ECF. No. |
| 23 | 262-1, Astrachan Decl. ¶ 65), from a company that no longer exists, and as far as Dr. Astrachan |
| 24 | knows, the company may have permitted Oracle's particular alleged use. |
| 25–27 | [redacted] |
| 28 | |

Dr. Astrachan's testimony on Oracle's alleged use of third party APIs is wholly irrelevant to the central issue here—whether Google infringed Oracle's Java copyrights—and it should therefore be excluded under Rule 402.

### 2. Former Sun or Oracle Employee Statements About Copyrightability of APIs Are Not Relevant.

Google's evidence of statements made by former Sun employees is similarly irrelevant. Google's copyright summary judgment motion repeatedly cites statements made in 1994 congressional testimony by then-Sun CTO and current Google chairman Eric Schmidt relating to the copyrightability of APIs. (ECF. No. 260, Defendant Google Inc.'s Notice of Motion and Motion for Summary Judgment on Count VIII of Plaintiff Oracle America's Amended Complaint ("Google's MSJ"), at 1; ECF. No. 263-7, Kwun Decl. Ex. G.)  The prominence Google intends to give to these statements at trial, and the purpose for which it intends to use them, is evident from the fact that Dr. Schmidt is quoted in the very first paragraph of Google's brief, stating his belief that "interface specifications are not protectable under copyright." (*Id.*)  Dr. Schmidt is quoted two more times in Google's brief to similar effect. (ECF. No. 260, Google's MSJ at 2, 25).

Google's Requests for Admission (an excerpt of which are filed herewith as Muino Decl. Exhibit O ("Requests")) contain additional statements regarding the copyrightability of non-Java products that Google tries to attribute to former Sun or Oracle employees. (*See, e.g.*, Requests 349-54 (quoting alleged policies of the American Committee for Interoperable Systems ("ACIS"), of which Google claims Sun was a member).)  For example, Request 350 asks Oracle to "Admit that, as an American Committee for Interoperable Systems member, Sun supported the following principle: 'The rules or specifications according to which data must be organized in order to communicate with another program or computer, i.e., interfaces and access protocols, are not protectable expression under copyright law.'" (*See also* Requests 355-79 (referencing and quoting amicus briefs allegedly written by former Sun employees on behalf of ACIS in *Sony Computer Entm't v. Connectix Corp.*, 203 F.3d 596 (9th Cir. 2000)); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 515 U.S. 1191 (1995); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996); *Computer Assocs. Int'l., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992); and *DVD Copy Control*

*Ass'n Inc. v. Brunner*, 10 Cal. Rptr. 3d 185 (Cal. Ct. App. 6th Dist. 2004).)  Dr. Schmidt's 1994 testimony is referenced in Requests 380-81.

These statements are completely irrelevant and should be excluded under Rule 402.  Dr. Schmidt's 1994 testimony, for example, which came before the first Java Development Kit was even published, was part of a discussion on interfaces relating to the planned National Information Infrastructure—not Java specifically.  (ECF. No. 263-7, Kwun Decl. Ex. G.)  Nor was Java at issue in the cases for which ACIS submitted amicus briefs.  But even if the statements had been intended to encompass Java, they would not be relevant here.  Statements advocating what the law *should* be, made over 10 years ago, have no place in this trial.  The question of whether APIs, as a matter of policy, should not be copyrightable is initially one for the legislature. Indeed, Dr. Schmidt was testifying before Congress.  And if Google is trying to admit former Sun or Oracle employees' statements on the issue of whether APIs generally are copyrightable, that is a question of law for the Court, not the jury.

### B. The Risk of Jury Confusion, Unfair Prejudice, and Undue Delay Substantially Outweighs any Probative Value.

Even if the Court finds that Oracle's prior statements and alleged use of non-Java APIs are somehow relevant to Google's defenses, this evidence should still be excluded under Fed. R. Evid. 403 because any minimal relevance they would have are outweighed by prejudice, undue delay, and the risk of jury confusion.

Google offers Dr. Astrachan's third party API examples to suggest that Oracle, like Google, has copied other companies' APIs and therefore is an unworthy plaintiff.  Oracle, however, is not being sued for infringement.  As discussed above, Google's expert did not investigate the circumstances or the extent of the material Oracle allegedly used from others or how that relates to Google's copying in this case.  Based on an incomplete record, a jury might try to punish Oracle for innocuous acts that have no relevance to this case.  Courts routinely exclude allegations of purportedly bad acts by a plaintiff under Rule 403.  *See, e.g.*, *Leegin Creative Leather Prods. v. Belts by Nadim, Inc.*, 316 Fed. Appx. 573, 575 (9th Cir. 2009) (finding

no abuse of discretion "in holding evidence of Leegin's alleged infringement of other copyrights not at issue in the trial inadmissible under Rules 401 and 403").

Allowing this evidence would also complicate the trial and cause undue delay, in violation of Rule 403.  *See Hodge v. Mayer Unified Sch. Dist. No. 43 Governing Bd.*, No. 05-15577, 2007 U.S. App. LEXIS 8595, at *5 (9th Cir. Apr. 13, 2007) (finding no abuse of discretion in excluding defendant's alleged "other acts" of gender discrimination "due to the risks of inefficiency and confusion stemming from the potential need to conduct mini-trials with regard to each" allegation); *Santrayll v. Burrell*, No. 91 Civ. 3166 (PKL), 1998 U.S. Dist. LEXIS 586, at *8-9 (S.D.N.Y. Jan. 22, 1998) (excluding evidence that copyright defendant previously copied from third parties not in the case).  Consideration of Oracle's alleged use of portions of third party APIs would require a mini-trial to determine the circumstances surrounding the alleged use of the APIs and to place that use in its proper context.  In addition to analyzing the 37 packages of Java APIs that Google copied, the jury would have to go through a similar analysis for completely unrelated products that have nothing whatsoever to do with this case.  The jury would have to consider what portions of APIs, if any, Oracle used; whether they were copyrightable; if they were copyrightable, whether Oracle had permission to use them; and how they compare to Google's copying of the Java APIs.  Google's own expert did not make such an inquiry and it is too late for him to offer such an analysis now.  Oracle should not be forced to spend the jury's valuable time addressing these irrelevant issues.

Similarly, allowing into evidence Dr. Schmidt's seventeen-year-old statement that interface specifications are not protected by copyright—or similar statements by others—would be prejudicial and would likely confuse the jury.  The jury's proper source for an explanation of the law is the Court's instructions—not a statement by a former Sun employee to a congressional committee or a statement made in an amicus brief.  *See A&M Records v. Napster, Inc.*, No. C 99-05183 MHP, No. C 00-0074 MHP, 2000 U.S. Dist. LEXIS 20668, at *26 (N.D. Cal. Aug. 10, 2000) (excluding expert report by law professor that "offers a combination of legal opinion and editorial comment on Internet policy").  Admitting these statements creates the risk that the jury would give them undue weight, and would follow the former employees' proposed interpretation

ORACLE MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE REGARDING PAST ACTIONS WITH APIS
CASE NO. CV 10-03561 WHA
pa-1487363

6

of the law instead of the Court's. Indeed that appears to be the very purpose for which Google is offering these statements.

Admitting these sorts of statements into evidence would also cause undue delay, as both sides would need to put in evidence about the context and meaning of the statements. For example, providing the full context of the telecommunications reform legislation that formed the backdrop of Dr. Schmidt's 1994 testimony could take hours.

## II.     CONCLUSION

For the reasons stated above, Oracle respectfully requests an order from this Court granting Oracle America's Motion in Limine No. 4 and excluding from trial any evidence or argument regarding Oracle's alleged use of third party APIs and Sun or Oracle's past statements regarding copyright protection for interfaces generally, including the statements referenced in Google's Requests for Admission.

Dated: September 24, 2011
MICHAEL A. JACOBS
MARC DAVID PETERS
DANIEL P. MUINO
MORRISON & FOERSTER LLP

By:  */s/ Daniel P. Muino*

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.