KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                              Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE'S OPPOSITION TO ORACLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ORACLE'S PAST ACTIONS WITH APPLICATION PROGRAMMING INTERFACES**<br><br>Judge:           Hon. William Alsup<br><br>Date Comp. Filed:      October 27, 2010<br><br>Trial Date:                 October 31, 2011 |

## I. Introduction

Oracle seeks to exclude obviously relevant, probative evidence that its predecessor Sun Microsystems repeatedly and publicly declared that application programming interfaces ("APIs"), such as the ones associated with its Java programming language, were not copyrightable as a matter of law. As with so many other positions long advocated by Sun, Oracle now wants to take a more restrictive view, but the fact remains that Sun was right—and that Google (and numerous other companies) relied on its repeated pronouncements in using the APIs at issue in this case. When Oracle acquired Sun, it not only bought Sun's valuable intellectual property, it also took on Sun's prior commitments and assurances about the scope of its intellectual property rights. Oracle argues that admitting evidence of Sun's statements would confuse the jury, but in reality Oracle is worried that those statements would reveal its thin and unprecedented copyright case for what it is—an eleventh-hour reversal purely for litigation purposes.

For more than a decade, Sun was a leader in promoting open systems and architectures and interoperability. Both directly and through the American Committee of Interoperable Systems ("ACIS")—the leading advocacy group for interoperability that Sun formed, ran and housed in its corporate headquarters in Mountain View—unambiguously articulated the position in public statements, sponsored academic publications, numerous *amici* filings in software infringement cases, and testimony before Congress that APIs such as the ones at issue in this case are not entitled to copyright protection. Rather, Sun's position was always that copyright protection extends to underlying code, but not to non-literal, functional elements such as APIs. In reliance on more than a decade of widely publicized statements by Sun and ACIS, Google and the Open Handset Alliance created Android, a new and original platform, to be interoperable with Java language APIs. Consistent with its public stance, Sun applauded Google's efforts; its then-CEO announced that Android would be a "set of rockets" boosting Java's momentum into the future. Then Oracle acquired Sun and sued Google for doing exactly what Sun represented for years was permissible (and indeed what Oracle, by its own conduct, seemed to view as permissible before doing a 360 degree turn and filing this lawsuit).

By its motion *in limine*, Oracle seeks to keep from the jury highly probative and material evidence of Sun's words and deeds going back to the early 1990s (and continuing through the launch of Android) and by the actual practices of both Sun and Oracle in implementing third party APIs in their own products. There is no basis for Oracle's request. This evidence directly shows that Google had a reasonable and justified belief that, as long as it did not copy Sun's Java-language code, it could implement Java language APIs. All these facts directly support Google's defenses of estoppel, waiver and implied license, which in turn bar Oracle's attempt to reap huge windfall profits from Google's reliance on its and Sun's statements and practices.

**A.   Evidence of Sun and Oracle's past practices of implementing third-party APIs and public statements that APIs are not copyrightable are relevant and material to Google's defenses.**

The materials that Oracle seeks to shield from the jury at trial fall into two categories: (1) examples of Sun and Oracle's practice of "copying" APIs from third parties; and (2) public statements by Sun executives on the copyrightability of APIs. Oracle argues that Sun and Oracle's own use of third party APIs, and statements by Sun and Oracle employees about permissible uses of APIs, are not relevant. Oracle is wrong. Sun's and Oracle's words and deeds with respect to APIs could not be more relevant to—and, indeed, tend to prove as a matter of law—Google's defenses of estoppel, waiver and implied license.

First, to prevail on its defense of estoppel, Google must establish reasonable reliance. *See, e.g., Field v. Google, Inc.,* 412 F. Supp. 2d 1106, 1115 (D. Nev. 2006). The most direct and sensible way for Google to meet this burden is by introducing evidence of Sun's and Oracle's own assurances regarding the copyrightability of APIs, their intent to enforce purported copyrights on APIs, and their practices regarding copying the sort of APIs that are now asserted in this case to be protected.

Second, to establish waiver, Google must demonstrate that through its past actions or the actions of its predecessor-in-interest Sun, Oracle relinquished or surrendered rights. *United States v. King Features Entertainment, Inc*., 843 F.2d 394, 399 (9th Cir. 1988). Again, Google is entitled to introduce evidence of Sun's public statements that were designed to, and did, assure anyone who might be listening that it could not and would not assert copyrights in APIs, and by

1  the actual practices of both Sun and Oracle that are inconsistent with the position Oracle now
2  takes.

3  Third, Google's implied-license defense requires proof that Oracle engaged in conduct
4  from which a license might reasonably be implied.  *See Effects Assocs. v. Cohen*, 908 F.2d 555,
5  558 (9th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991) (holding that an implied license may be
6  granted orally or by implication based on the parties' conduct).  Once again, Google intends to
7  make this showing by introducing evidence of the practices of both Sun and Oracle and Sun's
8  public pronouncements.  Google is entitled to make this showing by introducing evidence of the
9  practices of both Sun and Oracle and Sun's public pronouncements.

10  It is no wonder that Oracle wants to preclude this critical evidence, because there is just
11  so much of it.  For over a decade prior to the filing of this case, both Sun and Oracle
12  communicated the clear message that Android (or anyone) could use Java language APIs for any
13  purpose.  As far back as 1994, Sun testified to Congress that while underlying code is entitled to
14  copyright protection, APIs are not.  Dkt. No. 263-7, Prepared Testimony of Dr. Eric Schmidt,
15  Chief Technical Office, Sun Microsystems, Inc., Before the Senate Judiciary Committee,
16  Antitrust, Technology and Law Subcomittee, Sep. 20, 1994 ("Schmidt Testimony").  Over the
17  following decade, ACIS, which Sun created and was run by a senior member of its legal
18  department (Deputy General Counsel Peter M.C. Choy) from Sun's Mountain View
19  headquarters, communicated in *amicus* filings and in sponsored academic papers that copyright
20  law could not and should not thwart interoperability between computer languages, platforms,
21  operating systems and platforms (consistent with Sun's business objectives).  *See, e.g.*, Mullen
22  Decl. Ex. 6 (ACIS Fact Sheet) *available at* http://www.interop.org/fact-sheet.html.  Indeed, the
23  very purpose of ACIS was to organize support for the proposition that APIs were not protectable
24  by copyright, as evidenced in its organizational principle that "[t]he rules or specifications
25  according to which data must be organized in order to communicate with another program or
26  computer, i.e., interfaces and access protocols, are not protectable expression under copyright
27  law."
28

While the statements may refer to APIs generally, rather than Java-specific APIs, Oracle is wrong to suggest that those statements were limited to existing or specific APIs. Rather, they were broad and intended to generally state Sun's position about the open and uprotected nature of *all* APIs. *See, e.g.,* Schmidt Testimony. The jury reasonably could interpret this information to support the proposition that Sun's publicly stated policy was that *all* APIs were unprotected by copyright.

The evidence that Oracle seeks to exclude will also show that Sun put its money where its mouth was, transforming its publicly articulated policies into development practices. Most probative is both Sun's and Oracle's practices of implementing third party APIs. For example, as Prof. Astrachan's expert report shows, Sun's Solaris operating system "copied" APIs from the Linux operating system. (Owen Astrachan Opening Report, Dkt. . No. 262-1, p. 39). Sun's stated purpose for using the APIs was to increase compatibility. *See* Mullen Decl. Ex. 7, available at http://www.sun.com/software/solaris/9/sparc/solaris9_features_compatibility.xml ("Sun has built many features into the Solaris OS to make it compatible with Linux, including APIs"). In other words, Sun engaged in exactly the same conduct—consistent with its public pronouncements about APIs and interoperability—for which Oracle is now suing Google. That is as direct support for Google's defenses of estoppel, waiver and implied license as can be imagined.

Indeed, Sun referenced its API implementations in marketing materials for Solaris, further communicating and reinforcing Sun's stated public position on API compatibility. *See* Mullen Decl. Ex. 8, *e.g.*, http://www.oracle.com/us/products/servers-storage/solaris/interoperability-solaris-10-ds067316.pdf ("As Linux interfaces continue to evolve, Oracle Solaris maintains source-level compatibility . . ."). Similarly, as documented by Dr. Astrachan, other Sun and Oracle products (StarOffice and Oracle Database Server, respectively[1] ) copy APIs originally developed by others. This behavior was entirely consistent with Sun's public communications on the subject of API compatibility and industry practice.

---

[1] Sun's StarOffice and OpenOffice product have the same APIs as earlier spreadsheet programs, and Oracle's flagship database is based on APIs authored by IBM. *See, e.g.*, Owen Astrachan

4

For all these reasons, this evidence is plainly relevant to Google's defenses and should be heard by the jury.

**B.     Evidence of Sun and Oracle's past practices and statements and dramatic change of position are neither prejudicial nor confusing.**

Oracle asserts that its past words and deeds with respect to APIs would be confusing to the jury, and therefore must be excluded under Federal Rule of Evidence 403. But there is nothing confusing about any of this. If anything, Oracle's turnabout will be the easiest thing for the jury to grasp in this highly technical case. Evidence that a litigant changed a long-held and followed position out of expedience and a desire to obtain a lucrative verdict is frankly much easier for a jury to grasp than the multiple technical claims and specifications that Oracle intends to put into evidence in support of its affirmative claims

Oracle raises three points in support of its argument that the risk of confusion outweighs its probative value under Fed. R. Evid. 403: (1) that Sun and Oracle's past copying of APIs and public statements represent bad acts, which would prejudice the jury; (2) that this evidence would complicate the trial; and (3) that Sun's pronouncements are statements of law that would confuse the jury. None of these arguments is availing.

First, Google is not arguing that Sun or Oracle engaged in misconduct by copying APIs. The entire point is that there is nothing wrong with copying APIs, because APIs are not entitled to copyright protection and are essential to interoperability. This policy supported and informed Sun's behavior when various third parties prior to Google implemented Java language APIs without objection from Sun. In fact, this information should reduce confusion, by providing a broader context of corporate policy that will help support and explain specific Java-related evidence that Oracle has not challenged, such as Mr. Schwartz's blog posts praising (rather than threatening to sue) Google for launching Android.

Second, this evidence would hardly complicate the trial is meritless. Again, this is basic, straightforward factual evidence of Sun and Oracle's statements and conduct. In comparison to

---

Opening Report, Dkt. No. 262-1, p. 36, 44.

the highly-technical testimony that the jury will have to review, this is as clear as an eyewitness testifying that the light was green.  Moreover, Rule 403 does not permit exclusion of evidence that "will it complicate the trial"; it requires undue delay that "substantially outweighs" the probative value.  The amount of evidence involved is small and it will not take long to present or require the presence of additional witnesses beyond those already testifying.  By contrast, the probative value of the evidence to Google's defenses is massive.

Third, Oracle is wrong to argue that some of the potential evidence consists of statements of law.  Whatever Sun's amicus briefs might have advocated about the state of the law, Google intends to use those briefs to show what Sun's official policy was, not what the law is or should be.  The court can easily explain to the jury that this evidence relates to Sun's and Oracle's belief and actions and Google's reliance only, and separately instruct the jury about the correct legal standard to apply to Oracle's substantive copyright claims.[2]

## II.     Conclusion

Sun's public pronouncements over many years, and both Sun's and Oracle's practices of copying third party APIs, directly establish Google's defenses of estoppel, waiver and implied license.  The probative value of this evidence is tremendous, and it is not prejudicial in any legally meaningful sense.  Oracle may not cry "prejudice" just because this material hurts its case.  There is no basis for excluding any of it from trial.

---

[2] Finally, none of the cases Oracle cites support its conclusion.  The unpublished case Oracle cites on the issue of evidence used to show misconduct, *Leegin Creative Leather Prods. v. Belts by Nadim, Inc.*, 316 Fed. Appx. 573, 575 (9th Cir. 2009), contains no discussion of why the evidence at issue was excluded.  It merely affirms exclusion of prior bad acts evidence.  As noted in this Opposition, however, Google is not seeking to introduce evidence of prior bad acts.

*Hodge v. Mayer Unified Sch. Dist. No. 43 Governing Bd.,* 2007 U.S. App. LEXIS 8595 (9th Cir. 2007), a bad acts case, and *Santrayll v. Burrell*, 1998 U.S. Dist. LEXIS 586 (S.D.N.Y. Jan. 22, 1998), relating to material used for impeachment, similarly are not on point.

*A & M Records, Inc. v. Napster, Inc.*, 2000 U.S. Dist. LEXIS 20668 (N.D. Cal. Aug. 10, 2000), addresses whether an expert may offer opinions on the applicable law, an issue wholly unrelated to the one at bar.  Google seeks to introduce the challenged evidence not because it supports Google's legal position in this case but because it shows that Sun's official position was that APIs are uncopyrightable, which is highly probative of estoppel, waiver and implied license.

1 | Dated:  October 4, 2011

KEKER & VAN NEST LLP

By: s/ Robert A. Van Nest
ROBERT A. VAN NEST
Attorneys for Defendant
GOOGLE INC.