MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO STATEMENTS IN TIM LINDHOLM'S AUGUST 6, 2010 EMAIL** |
| v. | |
| GOOGLE, INC. | |
| Defendant. | Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

**Preliminary Statement**

Oracle moves in limine to exclude any evidence or argument contrary to the statements in Mr. Lindholm's August 6, 2010 email, concerning his investigation of alternatives to Java for Android, based on Google's refusal to permit discovery of the facts and circumstances of that investigation.

With knowledge of the specific patents that Oracle claims are infringed by Android, Google employee (and former Sun engineer) Tim Lindholm ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Lindholm recounted these actions and conclusions in an email to Mr. Rubin on August 6, 2010.

On July 22, 2011, Oracle took the deposition of Daniel Bornstein, Google's Rule 30(b)(6) witness on the topic of non-infringing alternatives. At the deposition, Oracle counsel attempted to question Mr. Bornstein about Mr. Lindholm's email, but Google claimed that the email was privileged and clawed it back. Magistrate Judge Ryu subsequently rejected that claim of privilege, required Google to return the document to Oracle, and required Mr. Lindholm to appear for deposition. At the deposition, Mr. Lindholm admitted that he wrote the email, but Google's counsel once again asserted privilege and prevented Oracle from obtaining any discovery into the details of Mr. Lindholm's investigation, including the particular alternatives Mr. Lindholm investigated, the license terms he concluded were necessary, and the accuracy of the statements in his email.

Google may not prevent discovery of the facts underlying Mr. Lindholm's statements in his email, and then offer evidence at trial that is inconsistent with those statements.

**Statement of Facts**

On July 20, 2010, Oracle informed Google that Android infringed the seven specific patents at issue in this lawsuit. (Dkt No. 336, August 19, 2011 Declaration of Fred Norton, Exh. 4 (July 20, 2010 Oracle-Google Android Meeting presentation bearing bates numbers GOOGLE-00392259-285).) Thereafter at the direction of Google founders Larry Page and Sergey Brin, Google engineer Tim Lindholm investigated the technical alternatives that Google had to those Java patents. (Dkt No. 316, August 17, 2011 Corrected Declaration of Tim Lindholm Concerning the August 6, 2010 Email and

1

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

1  Drafts Thereof; Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *In Limine*
2  Nos. 1 Through 5 ("Muino Decl.") Ex. P, August 6, 2010 Lindholm e-mail bearing bates number
3  GOOGLE-12-10000011.) █████████████████████████████████████
4  ████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████
9  ████████████████████████████████████
10 ████████████████████████████████████████████████
11 ██████████████████████████████████████████████
12 ██████████████████████████████████████████████████
13 ████████████████████████████████████
14 ██████████████████

15  On July 22, 2011, Oracle attempted to question Google's Rule 30(b)(6) witness about the non-
16  infringing alternatives mentioned in Mr. Lindholm's email. Before Oracle had an opportunity to do so,
17  Google asserted that the email was privileged and clawed it back under the terms of the Protective
18  Order. (Muino Decl. Exhibit R, July 22, 2011 Daniel Bornstein 30(b)(6) Tr. at 186:4-22.)
19  Consequently, Oracle had no opportunity to question any Google witness about the document until
20  Magistrate Judge Ryu rejected Google's claim of privilege and ordered Google to return the email to
21  Oracle (Dkt Nos. 353, 354), which Google did on August 27, 2011 (Muino Decl. ¶ 17).
22  On September 7, 2011, Oracle took the court-ordered deposition of Mr. Lindholm.[1] ████
23  ████████████████████████████████████████████████████████
24  ████████████████████████████████████████████████████████████
25  ████████████████████████████████████████████████████████████

---

[1] Google opposed the deposition of Mr. Lindholm arguing that "there is no basis for expanding the discovery limits to permit the deposition of Mr. Lindholm." (Dkt. No. 215 at 5-8.) Magistrate Judge Ryu rejected that argument, and ordered Mr. Lindholm to appear for deposition. (Dkt No. 229.)

2

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████

Despite Magistrate Judge Ryu's ruling that the e-mail was neither privileged nor attorney work product, and despite the fact that Oracle's questions expressly concerned Mr. Lindholm's *investigation* rather than his *communications*, Google counsel asserted privilege in response to every one of these questions, and Mr. Lindholm refused to answer any of them. (Muino Decl. Exhibit Q.)

### Relief Sought

Oracle moves in limine for an order precluding Google, its attorneys, witnesses, and experts from offering any argument or evidence at trial that is contrary to the statements in Mr. Lindholm's August 6, 2010 email and Mr. Lindholm's August 15, 2011 Declaration. In particular, Google should be precluded from contesting the following facts from the email and Declaration:

1. Mr. Lindholm was investigating and reporting on alternatives to the specific patents that Oracle asserted were infringed on July 20, 2010.
2. Mr. Lindholm had thoroughly investigated all alternatives to the patents-in-suit, and Java generally.
3. As of August 6, 2010, Google had no viable alternatives to the patents-in-suit, or Java generally, for Android.
4. As of August 6, 2010, Google needed a license for Java generally and for each and every one of the seven patents-in-suit.
5. As of August 6, 2010, all of the statements in the Lindholm document were true.

### Argument

In the two weeks following Oracle's presentation regarding the patents-in-suit to Google on July 20, 2010, Mr. Lindholm – a former Sun engineer with expertise in Java, experience with Sun's licensing terms, familiarity with Android, and knowledge of Oracle's specific claims of infringement – investigated alternatives to Java for Android at the direction of Google's two senior-most executives,

3

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

Mr. Page and Mr. Brin. He made an unequivocal report on his investigation to Mr. Rubin, the Google executive in charge of Android. That report – the August 6, 2010 email – has been produced, but Google has withheld all details concerning the work Mr. Lindholm performed and the basis for the facts stated in his email. Fundamental fairness requires that Google not be permitted to block discovery into the details of Mr. Lindholm's investigation and conclusions, and then offer other evidence to suggest that the investigation was incomplete, that his investigation was unrelated to the seven patents–in-suit, or that his conclusions were inaccurate.

As the Ninth Circuit has held in affirming the exclusion of evidence at trial, "the court may fashion remedies to prevent surprise and unfairness to the party seeking discovery. For example, where the party claiming privilege during discovery wants to testify at the time of trial, *the court may ban that party from testifying on the matters claimed to be privileged.*" *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (quoting William A. Schwarzer, et al., *Federal Civil Procedure Before Trial,* ¶ 11:37, at 11–29 (2000) (emphasis added).) A motion in limine is an appropriate means to prevent a party from withholding information in discovery, only to take a contrary position at trial. *See, e.g.*, *Service Employees Int'l Union v. Roselli*, 2010 WL 963707, No. C 09-00404 WHA, at *5 (N.D. Cal. Mar. 16, 2010) (granting motion in limine) ("[H]aving avoided disclosing in discovery the materials sought by plaintiffs . . . , it would be unfair sandbagging to allow defendants to now assert those same materials as a defense to plaintiffs' claims"). By invoking privilege and refusing to permit Mr. Lindholm to answer any questions concerning his investigation and conclusions, Google necessarily has undermined Oracle's ability to defend the accuracy of that candid, internal assessment against any efforts by Google to impeach it. Google simply may not tell the jury that what Mr. Lindholm wrote in his e-mail was wrong, while concealing the detailed information that shows he was right.

Recognizing the inherent unfairness of such conduct, courts have precluded litigants from offering evidence at trial if they prevented inquiry into those issues during discovery. In *Galaxy Computer Services, Inc. v. Baker*, 325 B.R. 544 (E.D. Va. 2005), the parties disputed the meaning of certain notes taken by the defendant's transactional attorney, Mouer. There, as here, the court had

4

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

1  rejected a privilege claim over those notes. *Id.* at 557.  Plaintiff's counsel asked Mouer to "explain her
2  notes" and the defendant's counsel instructed Mouer not to answer on grounds of privilege. *Id.* at 558.
3  The defendant later sought to have Mouer testify at trial to explain her notes.  The court refused to
4  allow that testimony, ruling that "to permit Mouer to testify to issues which she refused to testify to
5  during her deposition based on privilege would allow the Defendants to use the attorney-client privilege
6  as both a shield and a sword." *Id.* at 559.  Here, as in *Galaxy Computer*, Google should not be
7  permitted to limit Mr. Lindholm's deposition testimony and then at trial try to explain away the candid
8  statements he made in his email. *See also Memry Corp. v. Kentucky Oil Tech., N. V.*, No. C-04-03843
9  RMW, 2007 WL 4208317, at *9 (N.D. Cal. 2007) (based on instructions not to answer questions at
10 deposition, precluding testimony on "anything that the instruction not to answer fairly covered");
11 *Engineered Prods. Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 1022-23 (N.D. Iowa 2004) (barring
12 party from introducing testimony at trial on issues the plaintiff had prevented the defendant from
13 exploring during a deposition by invoking the attorney-client privilege).

14 Google could have disclosed the details of Mr. Lindholm's investigation and conclusions, and
15 litigated those issues on the merits.  It chose not to do so, and instead elected to withhold that
16 information.  Google must live with the consequences of that decision.  Google should not be permitted
17 to offer evidence or argument that would contradict the statements in Mr. Lindholm's August 6, 2010,
18 email.

19 Moreover, it is appropriate to preclude not just Mr. Lindholm's testimony that would contradict
20 the statements in his email, but *any evidence* offered by Google that would do so.  Mr. Lindholm's
21 investigation was not an independent exercise: he was acting at the express direction of the most senior
22 executives of the company, Mr. Page and Mr. Brin; he was working with other Google employees in his
23 investigation; and he reported their findings directly to the head of Android, Mr. Rubin.  Further,
24 Google's assertions of privilege – by clawing back the email during the critical period of deposition
25 discovery, refusing to allow the document to be used in the deposition of its Rule 30(b)(6) witness on
26 non-infringing alternatives, and forbidding Mr. Lindholm from testifying about the email, other than to

27
28

5

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO
STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

1  admit he wrote it – have foreclosed inquiry not only into Mr. Lindholm's conduct, but that of Google
2  itself.
3       Finally, the relief that Oracle seeks is narrowly tailored to the specific statements in Mr.
4  Lindholm's email, and the specific lines of inquiry that Google foreclosed. ███████████
5  ████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████
8  ██████████████████████████████████████████████████████
9       ████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████
14     ████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████
19 ████████████████████████████████████
20       Google has asserted, and Mr. Lindholm attested in his sworn declaration, that he undertook his
21 investigation of alternatives to Java and wrote his email summarizing that investigation in response to
22 Oracle's July 20, 2010 presentation, which informed Google that Android infringed each of the seven
23 patents–in-suit. ████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████ For
25 example, Google may not argue that Mr. Lindholm's reference to Java was a reference only to the Java
26 programming language, or some combination of Java patents or copyrights that excluded the patents-in-
27 suit.
28

6

## Conclusion

For the foregoing reasons, Oracle requests that the Court preclude Google, its attorneys, witnesses, and experts, from offering any argument or evidence at trial that is contrary to the statements in Mr. Lindholm's August 6, 2010 email.

Dated: September 24, 2011

DAVID BOIES
STEVEN C. HOLTZMAN
ALANNA RUTHERFORD
BOIES, SCHILLER & FLEXNER LLP

By: */s/ Fred Norton*
      Fred Norton

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

7

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO
STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102