| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - #84065 | DONALD F. ZIMMER, JR. - #112279 |
| rvannest@kvn.com | fzimmer@kslaw.com |
| CHRISTA M. ANDERSON - #184325 | CHERYL A. SABNIS - #224323 |
| canderson@kvn.com | csabnis@kslaw.com |
| 633 Battery Street | 101 Second St., Suite 2300 |
| San Francisco, CA  94111-1809 | San Francisco, CA  94105 |
| Telephone:  415.391.5400 | Tel:  415.318.1200 |
| Facsimile:  415.397.7188 | Fax:  415.318.1300 |
| | |
| KING & SPALDING LLP | IAN C. BALLON - #141819 |
| SCOTT T. WEINGAERTNER (*Pro Hac Vice*) | ballon@gtlaw.com |
| sweingaertner@kslaw.com | HEATHER MEEKER - #172148 |
| ROBERT F. PERRY | meekerh@gtlaw.com |
| rperry@kslaw.com | GREENBERG TAURIG, LLP |
| BRUCE W. BABER (*Pro Hac Vice*) | 1900 University Avenue |
| 1185 Avenue of the Americas | East Palo Alto, CA 94303 |
| New York, NY  10036 | Tel:  650.328.8500 |
| Tel:  212.556.2100 | Fax:  650.328-8508 |
| Fax:  212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561-WHA |
| Plaintiff, | **GOOGLE'S OPPOSITION TO ORACLE'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO STATEMENTS IN TIM LINDHOLM'S AUGUST 6, 2010 EMAIL** |
| v. | |
| GOOGLE INC., | |
| Defendant. | |
| | Judge:  Hon. William Alsup |
| | Date Comp. Filed:  October 27, 2010 |
| | Trial Date:  October 31, 2011 |

## I.   INTRODUCTION

Oracle's motion is the latest—and the most frivolous and overreaching—example of its improper attempts to capitalize on Google's inadvertent production of a privileged email. Oracle's motion starts out citing general law precluding a party from asserting privilege as to communications during discovery and then testifying about those same communications during trial. Yet, the motion then quickly morphs into an improper and untimely motion for summary judgment on liability and the purported nonexistence of non-infringing alternatives to the patents-in-suit. This motion *in limine* should be denied both because it is without support in law or in fact and because it is an untimely and improper summary-judgment motion—exactly the sort of motion the Court specifically instructed the parties ***not*** to bring.

The Lindholm email, as it has come to be known in various pleadings before this Court, is a communication whose author and addressee both have sworn was prepared pursuant to and as a part of an investigation directed by Google's counsel in response to patent litigation threats first made by Oracle on July 20, 2010. It is a bedrock example of a privileged communication between a Google employee and a Google lawyer.[1] For the reasons detailed in Google's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 441), the Court should sustain Google's objections to Magistrate Judge Ryu's order holding the document to be non-privileged and ordering Google to produce it. The Court should also preclude Oracle from making any use of the document or its contents in this case.

But regardless of how the Court comes out on that issue, there is no support in either law or logic for Oracle's motion *in limine,* which attempts to bootstrap Magistrate Judge Ryu's erroneous ruling into a purported basis to block Google from even "contesting" that it needed a license to the patents-in-suit or had non-infringing alternatives to those patents ***at any time***—absolutely central issues in this case. In short, Oracle has asked for summary judgment on these issues, all as some kind of punishment for Google asserting privilege objections over a document concerning an internal legal investigation of the very claims at issue in this lawsuit.

---

[1] Because the facts surrounding the Lindholm email and the parties' positions on its privileged status have been briefed repeatedly in this Court (Dkt. Nos. 277, 418, 429, 441, 467, and 472),

1   Neither Magistrate Judge Ryu's discovery order nor Google's privilege objections at Mr. Lindholm's deposition provide any support for the relief sought in Oracle's motion. Magistrate Judge Ryu made clear that she concluded only that the *Lindholm email itself* had not been proven to be privileged. She expressly stated that she made no finding whatsoever as to whether Google's investigation or communications related to that investigation were privileged. Declaration of Reid Mullen in Support of Google Inc.'s Opposition to Oracle America Inc.'s Motions in Limine ("Mullen Decl.") Ex. 9 (8/25/2011 Hearing Tr.) at 24:3-12. Her express statement to this effect is unsurprising, as Google submitted sworn declarations to this Court establishing that Google's lawyers did conduct a privileged investigation in anticipation of potential litigation following Oracle's July 20, 2010 threat to file this very lawsuit. Therefore, Google's assertion of privilege concerning the details of that investigation and the privileged communications leading up to the Lindholm email was 100% proper. It gives Oracle no basis to demand any relief, much less the extraordinary issue sanction it seeks in its motion *in limine,* which should be denied.

## II.   ARGUMENT

### A. Oracle's so-called motion *in limine* is actually an improper motion for summary judgment concerning the core questions of liability and availability of non-infringing alternatives, and should be denied outright.

At the outset, Oracle's motion should be recognized for what it is—an improper motion for summary judgment concerning two of the core issues in this case. Specifically, Oracle seeks an order "preclud[ing] [Google] from contesting" that it (1) "needed a license for Java generally and for each and every one of the patents-in-suit;" or (2) "had no viable alternatives to the patents-in-suit." Oracle further asks the Court to decree that Mr. Lindholm had "thoroughly investigated all alternatives to the seven patents-in-suit, and Java generally" and that Mr. Lindholm's statements about the availability of alternatives "were true." Oracle Mot.. at 3:10-22.

This is exactly the kind of "categorical motions and disguised summary judgment

---

Google merely references those facts to the Court and does not repeat all of them here.

motions" that this Court unambiguously told the parties they could not bring. Order re Pretrial Filings (Dkt No. 384) at ¶ 17-18. A motion seeking to preclude Google from contesting that it needed a license to the patents-in-suit or had non-infringing alternatives to those patents seeks partial summary judgment of discrete liability and damages issues. It is not a proper motion *in limine*.

Furthermore, even if it were proper to bring a motion for summary judgment at this late stage (and it is not given that the deadline for such motions has long passed and Oracle submitted no précis letter asking permission to file one), this motion for summary judgment is baseless. Specifically, governing law requires that a plaintiff seeking summary judgment on such central issues would have to present evidence that: "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any'" demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(a)). Oracle has not even attempted to meet this burden.

Accordingly, this motion should be denied as it is an improper motion for summary judgment, filed without the Court's permission, filed after the deadline for such motions, and filed without any of the requisite support for such a motion.

**B.     Even if this were a proper motion *in limine* (and it is not), it should be denied as it is unsupported by law, fact, or logic.**

The fundamental premise of Oracle's motion is that Google's privilege assertions, during the deposition of Mr. Lindholm, regarding the internal Google investigation that led up to the Lindholm email is sanctionable behavior. Oracle makes this argument even though the undisputed evidence in the record makes clear that Google was conducting this investigation entirely as a result of and in response to Oracle's threat of patent litigation. Google's privilege assertions were proper and cannot justify *any* relief, much less findings that Google cannot contest liability or the existence of non-infringing alternatives to the patents-in-suit. Nothing in law or fact permits Oracle's overreaching motion or justifies the relief it demands.

**1.     The law cited by Oracle in no way supports the relief it seeks.**

Oracle's motion *in limine* cites very little law, but nothing Oracle cites supports the broad

1  summary-judgment-style relief it seeks by way of this motion *in limine*.

2  The cases cited by Oracle stand for the unremarkable proposition that, if a party instructs
3  a witness not to disclose privileged communications during a deposition, that party cannot later
4  describe those communications at trial. *See Galaxy Computer Servs., Inc. v. Baker*, 325 B.R.
5  544, 559 (E.D. Va. 2005) (preventing party from describing attorney-written notes at trial where
6  party instructed attorney not to answer questions about those notes at deposition); *Memry Corp.*
7  *v. Kentucky Oil Tech., N.V.*, No. C-04-03843 RMW, 2007 WL 4208317, at *9 (N.D. Cal. Nov.
8  27, 2007) (excluding testimony about party's understanding of patent claims where party refused
9  to answer questions about his understanding of the claims at deposition); *Columbia Pictures*
10 *Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001)
11 (excluding evidence of advice of counsel defense where defendant refused to answer questions
12 about the advice given by counsel); *Engineered Prods. Co. v. Donaldson Co., Inc.*, 313 F. Supp.
13 2d 951, 1022-23 (N.D. Iowa 2004) (same); *cf. Service Employees Int'l Union v. Roselli*, No. C
14 09-00404 WHA, 2010 WL 963707, at *5 (N.D. Cal. Mar. 16, 2010) (holding that party cannot
15 refuse to produce evidence as irrelevant and then affirmatively rely on that evidence at trial).

16 This unobjectionable proposition has nothing to do with this case and doesn't come close
17 to justifying the evidentiary sanctions against Google that Oracle requests—even if such a
18 request was properly made in a motion *in limine*. Google has never sought, is not seeking, and
19 will not seek to use the Lindholm email affirmatively to prove anything in this case. In other
20 words, unlike the privilege proponents in the cases Oracle cites, Google is ***not*** attempting to use
21 the attorney-client privilege "both as a sword and a shield." *Columbia Pictures*, 259 F.3d at
22 1196. To the contrary, Google has repeatedly asserted that the Lindholm email is undiscoverable
23 and inadmissible at trial. In fact, Oracle should ***never*** be permitted to utilize the email at trial,
24 even if Google were not to prevail on its motion for relief from the Magistrate Judge's ruling.
25 *See* discussion in Google's Motion *in Limine* No. 1. Nothing in the law prevents a party from
26 defending itself in a lawsuit merely because it has asserted privilege concerning its own internal
27 investigation into matters at issue in ***that very lawsuit***. To so hold would make it practically
28 impossible for any client to consult with any lawyer about threatened litigation. To defend itself

4
GOOGLE'S OPPOSITION TO ORACLE'S MOTION IN LIMINE NO. 5
CASE NO. 3:10-cv-03561-WHA

582744.01

in the eventual lawsuit, the client would be forced either to (a) forego a preliminary legal investigation entirely; or (b) conduct such an investigation, but disclose to its adversary all of the details about the scope, purpose, and results of that legal investigation.  No court in American history has ever applied such a rule.

In short, Oracle cites no law to support the draconian relief it seeks by its motion.

### 2. Oracle's failure to ask appropriate questions in deposition concerning the issues on which it now seeks summary judgment does not entitle Oracle to demand the relief sought by this motion.

Oracle next claims that Google's assertion of privilege at Mr. Lindholm's deposition justifies a finding of liability and a finding of no non-infringing alternatives to the patents-in-suit. Oracle is wrong.

*First*, Google was required to assert privilege objections to questions about the Lindholm email in order to prevent waiving privilege regarding its legal investigation of Oracle's infringement claims.  *See*, *e.g.*, *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978) (finding waiver of the privilege where counsel allowed deponent to describe conversations with attorney).  Google should not be punished for taking the steps necessary to preserve that privilege—a privilege that Oracle has never even attempted to challenge through a motion to compel, either before or after Mr. Lindholm's deposition.  This is particularly true here, where the privilege status of the Lindholm email—the only document or communication that Oracle actually has moved to compel production of—remains at issue before this Court.

*Second*, Google's privilege assertions concerning ***the investigation and communications leading up to the Lindholm email***—the basis on which Oracle now seeks to have this Court sanction Google—were proper.  In fact, Oracle has never argued that those assertions were improper.  As the Court is aware, and as described in detail in Google's motion for relief from Magistrate Judge Ryu's order, the Lindholm email is one with respect to which Google has submitted sworn and unrebutted declarations that the email and its drafts were prepared in connection with an investigation conducted by Google at the direction of Google's counsel, all in response to a threat of patent litigation by Oracle on July 20, 2010.  Though Magistrate Judge

Ryu ruled that the Lindholm email itself was not privileged, she did not challenge the credibility of any of the declarations filed by Google establishing that the legal investigation—and communications related to that legal investigation—are privileged. Mullen Decl. Ex. 9 (Hearing Tr.) at 11:15-21, 23:23-24:19.  Oracle never contested Magistrate Judge Ryu's findings on that point.

***Third***, although Google did not and could not permit discovery into those privileged communications and investigation, Oracle's counsel could have discovered certain related facts at Mr. Lindholm's deposition, had he bothered to ask appropriate questions or devote any material time during the deposition to the matter.  Specifically, Oracle's counsel could have asked Mr. Lindholm the following questions calculated to elicit non-privileged information.  Had he asked them, Mr. Lindholm would have answered to the best of his knowledge:

- Had Mr. Lindholm ever seen the patents-in-suit?  [He has not, as he testified in his recent declaration.] Mullen Decl. Ex. 10 (Declaration of Tim Lindholm) at ¶ 4a.

- Had Mr. Lindholm ever seen any of the copyright registrations at issue in this case?  [He has not, as he testified in his recent declaration.]  *Id.*

- Had Mr. Lindholm ever reviewed any of the source code or implementations for the aspects of the Android platform accused by Oracle in this lawsuit?  [He has not, as he testified in his recent declaration.]  *Id.* at ¶ 4b.

- Had Mr. Lindholm ever analyzed whether the Android platform infringes any of the patents or copyrights asserted by Oracle in this suit?  [He has not, as he testified in his recent declaration.]  *Id.* at ¶ 4c-d.

Oracle's counsel asked none of those questions.  Instead, counsel asked only a handful of questions, all of which were designed to draw a (valid) privilege objection.  Moreover, even though Oracle had pointed to the Lindholm email as the key reason it needed to depose Mr. Lindholm,[2] Oracle failed to ask ***any*** questions relating to the Lindholm email until only five minutes were left in the time-limited, two-hour deposition.  Mullen Decl. Ex. 11 (Lindholm Dep. Tr.) 101:14-102:3.  At that point, Oracle's lawyer had the witness read into the record the entirety of the Lindholm email, a process which consumed two of those five minutes.  *Id.* at 102:4-103:9.  Oracle's lawyer then asked the witness four times to describe the technical

---

[2]  *See* Oracle Motion to Compel (Dkt. 277) at p. 5 n.4

1  alternatives he had been evaluating as part of the counsel-directed investigation leading up to his
2  preparation of the Lindholm email, and what people thought of those alternatives.  *Id.* at 103:10-
3  13, 104:20-22, 105:11-13, 105:25-106:2.  Google properly instructed the witness not to answer
4  these questions on the basis of privilege, to the extent that responding would require Mr.
5  Lindholm to reveal his communications with Google's counsel during the investigation that led
6  up to his email.  *Id.* at 103:14-20, 104:23-105:5, 105:14-19, 106:3-7, 106:10-13.  The witness
7  then explained that he couldn't answer those questions without disclosing that privileged
8  information.  *Id.* at 103:21-104:1, 105:6-10, 105:20-24, 106:14-15.   Finally, Oracle's lawyer
9  asked Mr. Lindholm to explain what licensing terms he "had in mind" at the time he wrote the
10 email.  Again, Mr. Lindholm responded (properly) that he could not answer without disclosing
11 the communications he had with Google's lawyer as part of the company's investigation in
12 anticipation of potential litigation.  *Id.* at 106:16-107:3.
13       In sum, Oracle had no interest in asking Mr. Lindholm for non-privileged information, or
14 in exhausting the universe of available non-privileged information before testing the boundaries
15 of privilege.  Instead, it made a calculated choice to ask the broadest possible questions, which it
16 knew would draw privilege objections, undoubtedly so it could then argue for the short-cut of
17 evidentiary sanctions regarding a subject protected by valid privileges.  Oracle's conduct speaks
18 for itself.
19       ***Fourth***, because the Lindholm email was written in July 2010—four years after the date
20 of alleged first infringement in this case, nearly three years after Android was announced, and
21 nearly two years after Android first hit the market—it is not even probative of the issues on
22 which Oracle seeks sanctions.  The questions whether Google believed it needed a license, or
23 had non-infringing alternatives, to the intellectual property at issue have to be judged as of the
24 date of alleged first infringement in 2006, before Google committed to a particular course for
25 Android.  They certainly cannot be determined in hindsight from a very different vantage point
26 four years later, after Android had already been designed, released, and adopted by handset
27 manufacturers and consumers.  Even if Google had done something wrong in asserting privilege
28 (which it did not), the irrelevance of the underlying email is yet another reason why Oracle's

582744.01

7
GOOGLE'S OPPOSITION TO ORACLE'S MOTION IN LIMINE NO. 5
CASE NO. 3:10-cv-03561-WHA

1  sanction request lacks any legal or logical basis.

2    This Court should deny this disguised summary-judgment motion, which is meritless in

3  any event.

### III. CONCLUSION

6    For all of the foregoing reasons, the Court should deny Oracle's Motion *in Limine* No. 5.

8  Dated:  October 4, 2011            KEKER & VAN NEST LLP

                By: s/ Robert A. Van Nest
                 ROBERT A. VAN NEST
                 Attorneys for Defendant
                 GOOGLE INC.