IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA, LLC,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil No. 6:08-cv-144-LED-JDL | |
| § | | |
| PACKETEER, INC., § | | |
| BLUE COAT SYSTEMS, INC., § | | |
| CITRIX SYSTEMS, INC., § | JURY TRIAL DEMANDED | |
| EXPAND NETWORKS, INC., § | | |
| F5 NETWORKS, INC., § | | |
| 7-ELEVEN, INC., § | | |
| ABM INDUSTRIES, INC., § | | |
| ABM JANITORIAL SERVICES – § | | |
|     SOUTH CENTRAL, INC., § | | |
| AVERITT EXPRESS, INC., § | | |
| BUILD-A-BEAR WORKSHOP, INC., § | | |
| DHL EXPRESS (USA), INC., § | | |
| INTERSTATE BATTERY SYSTEM OF § | | |
|     AMERICA, INC., AND § | | |
| O'REILLY AUTOMOTIVE, INC., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Realtime Data, LLC's ("Realtime") Motion in Limine to Preclude Defendants From Introducing Any Evidence or Making Any Reference to Reexamination Proceedings Currently Before the PTO on Any of Realtime Data's Patents (Doc. No. 767) ("MIL No. 1"). Blue Coat Systems Inc., 7-Eleven, Inc., ABM Industries, Inc., and ABM Janitorial Service – South Central, Inc. (collectively, "Blue Coat") oppose Realtime's Motion in Limine with a Response thereto (Doc. No. 778) ("Response").

1

**EXHIBIT A**

On December 17, 2009, the Court heard oral arguments on the parties' Motions in Limine. The Court's ruling on each Motion was announced from the bench and is memorialized in a written Order (Doc. No. 796). However, the Court indicated at the hearing that a separate written order would issue regarding the reexamination of two of the three patents-in-suit. Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to exclude any evidence relating to the reexamination of Realtime's patents.

### BACKGROUND

At the hearing, Blue Coat represented that six days before the filing of this lawsuit, it first learned of the existence of the '104 patent by examining a letter from an attorney stating that the '104 patent was invalid in light of the Ohkubo patent. Subsequently, Blue Coat initiated a re-examination proceeding against the '104 patent based in part on the same Ohkubo patent. The USPTO has granted the request for reexamination and has issued an Office Action initially rejecting the claims of the '104 patent.

### THE PARTIES' CONTENTIONS

In Realtime's Motion in Limine No. 1, Plaintiff moves to exclude any evidence relating to reexamination based on the highly prejudicial nature of incomplete reexamination proceedings. MIL No. 1 at 2–3. Additionally, Realtime offers that evidence of reexamination would cause undue confusion of the issues in this case, and even with proper limiting instructions, there is a strong likelihood that the jury would be confused as to the reexaminations' relevance and thereby give the evidence of reexamination undue weight. *Id.* (quoting *Pharmastem Therapeutics, Inc. v. Viacell Inc.*, No. 02-148, 2003 WL 22244704, at *3 (D. Del. Sept. 30, 2003)). Even in the context of objectively disputing willful infringement, Realtime maintains that "any reference to the pending reexamination

**EXHIBIT A**

proceedings are objectionable as having little or no probative value and being overly prejudicial." MIL No. 1 at 3 (internal citations omitted).

Blue Coat presents contrary arguments that evidence of the reexamination proceeding should not be excluded. According to Blue Coat, it does not intend to argue that the '104 patent is invalid simply because the reexamination proceeding is underway. Rather, Blue Coat wants to use the reexamination proceeding to assist the jury in determining whether Blue Coat acted in an objectively reckless manner as set forth in *In re Seagate*. RESPONSE at 2–3; *see also* 497 F.3d 1360, 1371 (Fed. Cir. 2007). Blue Coat argues that post-*Seagate* case law allows a reexamination proceeding to be considered as a factor in an objective willfulness determination. RESPONSE at 2. Therefore, Blue Coat posits that in assessing the objective standard, "the jury may consider the objective fact that the PTO has granted a reexamination request and has provided an initial rejection of the claims of the '104 patent based on the Ohkubo reference." *Id*.

## ANALYSIS

After reviewing the arguments of both parties, the Court agrees with Plaintiff that evidence of an incomplete reexamination proceeding is unduly prejudicial in relation to the probative value contained therein. *See* FED. R. EVID. 403. As this Court observed in *i4i v. Microsoft Corp.*, even if a reexamination proceeding is somewhat probative of invalidity, the probative value of this evidence is "substantially outweighed by its prejudicial effect." No. 6:07cv113, 2009 WL 2449024, at *17 (E.D. Tex. Aug. 11, 2009). Concerning Blue Coat's argument that ongoing reexamination is relevant as a willfulness factor, the Court finds that reexamination proceedings, even if relevant, are nevertheless unfairly prejudicial. *Presidio Components Inc. v. Am. Technical Ceramics Corp.*, No. 08-cv-335, 2009 WL 3822694, at *2 (S.D. Cal. Nov. 13, 2009) (specifically considering the effect

**EXHIBIT A**

of reexamination proceedings on a willfulness determination).

Federal Rule of Evidence 403 gives the Court broad discretion to exclude evidence where its probative value is substantially outweighed by the danger of unfair prejudice. An Office Action, such as the USPTO's preliminary findings of invalidity of the '104 patent, carries with it a substantial risk that the jury will give its conclusions undue deference. *See Pharmastem*, 2003 WL 22244704, at *3 (finding that an opinion from a quasi-judicial or administrative body increases the likelihood that a jury will give its conclusions deference). Furthermore, even if the jury is instructed to consider the Office Action for the limited purpose of assessing objective recklessness, there is a strong likelihood that the jury would be confused as to its relevance and use this evidence in considering the validity of the '104 patent.

In sum, although an ongoing reexamination proceeding and the USPTO's actions therein could be considered by the Court as a factor in a willfulness determination at the summary judgment stage,[1] during trial in a request for judgment as a matter of law as to willful infringement, and/or post-verdict,[2] it should not be introduced before the jury due to the highly prejudicial effect the USPTO's actions would have on the jury.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Realtime's Motion to exclude from trial all evidence relating to reexamination of Realtime Data's patents. This does not, however, preclude

---

[1] *See, e.g., Lucent Tech., Inc. v. Gateway Inc.*, No. 07-cv-2000, WL 6955272, at * 6–*7 (S.D. Cal. Oct. 30, 2007) (concluding at the summary judgment stage that a court may look to reexamination proceedings to weigh willfulness under the *Seagate* standard).

[2] *See, e.g., TGIP, Inc. v. AT&T Corp.*, 527 F. Supp.2d 561, 579 (E.D. Tex. 2007) (considering the USPTO's finding during reexamination proceedings at the post-verdict JMOL stage in determining that defendant was not objectively unreasonable).

4

**EXHIBIT A**

Blue Coat from introducing the pre-suit letter from a DLA Piper attorney to Realtime outlining his belief as to the validity of the '104 patent which initially brought to Blue Coat's attention the existence of the '104 patent.

**So ORDERED and SIGNED this 30th day of December, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**