IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **INTEL CORPORATION, et al.,** § | | |
| § | | |
| Plaintiffs, § | Civil No. 6:06-cv-551 | |
| v. § | | |
| § | | |
| **COMMONWEALTH SCIENTIFIC** § | | |
| **AND INDUSTRIAL RESEARCH** § | | |
| **ORGANISATION,** § | | |
| § | | |
| Defendant. § | | |
| § | | |
| **MICROSOFT CORP., et al.,** § | | |
| § | | |
| Plaintiffs, § | Civil No. 6:06-cv-549 | |
| v. § | | |
| § | | |
| **COMMONWEALTH SCIENTIFIC** § | | |
| **AND INDUSTRIAL RESEARCH** § | | |
| **ORGANISATION,** § | | |
| § | | |
| Defendant. § | | |
| § | | |
| **COMMONWEALTH SCIENTIFIC** § | | |
| **AND INDUSTRIAL RESEARCH** § | | |
| **ORGANISATION,** § | | |
| § | | |
| Plaintiff, § | Civil No. 6:06-cv-550 | |
| v. § | | |
| § | | |
| **TOSHIBA AMERICA INFORMATION** § | | |
| **SYSTEMS, INC., et al.,** § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants'[1] Motion for Leave to Supplement in Light of Reexamination

(6:06-cv-549, Docket No. 507; 6:06-cv-550, Docket No. 579; 6:06-cv-551, Docket No 460).  For

---

[1] For ease of reference, all parties other than CSIRO will be referred to as "Defendants."

1

**EXHIBIT B**

the reasons set forth below Defendants' motion is **DENIED**.

## BACKGROUND

These three actions involve U.S. Patent No. 5,487,069 (the "'069 Patent"). The patent teaches the creation of certain Wireless Local Area Networks ("WLANs"). Before these three cases were filed, the Commonwealth Scientific and Industrial Research Organization ("CSIRO") sued Buffalo Technology (USA), Inc., and Buffalo, Inc. (collectively the "Buffalo case") in this Court on February 2, 2005. All issues of liability and invalidity were decided in the Buffalo case, appealed, and remanded on October 27, 2008 for a jury trial on various discreet issues. The next two cases were filed in May 2005 as declaratory judgment actions against CSIRO in the Northern District of California and subsequently transferred to this Court. Finally, CSIRO filed another patent infringement suit against multiple defendants in December 2006.

In all of the cases, except the Buffalo case, discovery and dispositive motions were ordered coordinated. *See e.g.*, Discovery Order, 6:06-cv-551-LED, Docket No. 144. Defendants also entered into a Common Interest and Information Sharing Agreement as of September 15, 2004, which they have relied upon to extend privilege to communications between Defendants and similarly situated non-parties within the industry. *See* Defendants' Joint Response to CSIRO's Motion to Compel, 6:06-cv-551-LED, Docket No. 307 at 7. On December 23, 2008 the four cases were consolidated for trial on April 13, 2009 for all liability and equitable issues. *See* Memorandum Opinion and Order, 6:06-cv-551-LED, Docket No. 377. On December 22, 2008 Defendants filed for reexamination of the '069 Patent. The Patent and Trademark Office issued its decision granting reexamination on February 20, 2009. Based on this, Defendants now move to supplement their 1) Motion for Summary Judgment of No Willful Infringement; 2) Opposition to CSIRO's Motion for

**EXHIBIT B**

Summary Judgment Regarding Defendants' Defense of Inequitable Conduct; and 3) Expert Report of John Goolkasian dealing with inequitable conduct.  Defendants filed their motion on March 13, 2009.

## APPLICABLE LAW

The late supplementation of briefs and the amendment of expert reports are governed by Federal Rule of Civil Procedure 16(b) and this Court's local rules.  Local Rule CV-7(f) provides that following the specified time for filing briefs, "[a]bsent leave of court, no further submissions on [a] motion are allowed."  Additionally, Rule16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  In determining "good cause" the following factors are relevant: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

## ANALYSIS

Defendants contend that the late supplementation of their motions and reports is justified by the recent PTO decision to reexamine the '069 patent.  This explanation fails for several reasons.  First, as CSIRO points out, most of the prior art relied upon in the reexamination application has been available since discovery in the Buffalo case.  Defendants provide no explanation for their delay in seeking reexamination four years after the first '069 patent case was filed.  On May 11, 2007, the Court set all three of these cases on its April 13, 2009 trial docket.  *See e.g.*, 6:06-cv-551-LED, Docket No. 145.  With two years notice of the trial date in these cases, Defendants do not explain why they waited until just months before the trial setting before moving for reexamination.  Further,

**EXHIBIT B**

the Court can find no reason for Defendants' near-one-month delay in filing this motion following the granting of reexamination given that the discovery period had ended, the dispositive motion deadline had passed, and the jury trial was looming.  Given these considerations, this factor weighs heavily against allowing supplementation.

Defendants argue that the amendments are highly relevant to the issues of willfulness and inequitable conduct. They cite no authority in their motion, but argue in the supplemented text itself that the fact of reexamination is valuable and probative. The one case that Defendants cite to suggest the relevance of the *fact* of reexamination, instead expresses that the *outcome* of reexamination is probative to an inequitable conduct analysis. *See Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1179 (Fed. Cir. 1995) ("We have held that the *result* of a PTO proceeding that assesses patentability in light of information not originally disclosed can be of strong probative value in determining whether the undisclosed information was material.") (emphasis added).  Defendants have failed to show, through their briefing or otherwise, that the fact that a reexamination application was granted is probative to either willfulness or inequitable conduct.  Because the evidence and analysis is of questionable admissibility and relevance, the second factor weighs against supplementation.

Furthermore, without any conclusions of the PTO to rely upon, evidence that the PTO is currently reexamining the patent may work to unduly alleviate Defendants' "clear and convincing" burden for both invalidity and willfulness in front of the jury.  See FED. R. EVID. 403; *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008) ("[A] requestor's burden to show that a reexamination order should issue from the PTO is unrelated to a defendant's burden to prove invalidity by clear and convincing evidence at trial.").  This potential prejudice coupled with proximity of the amendments to trial would work a substantial burden on CSIRO.  Thus, the third

**EXHIBIT B**

factor weighs against supplementation.

Finally, because of the considerable expense and time that all parties have placed into holding a jury trial on April 13, and considering that this trial date has been scheduled since May 2007, there is no opportunity for a continuance to allow for evidence of questionable probative value.  The final factor weighs against supplementation.

## CONCLUSION

For the aforementioned reasons Defendants' Motion to Supplement is **DENIED**.

**So ORDERED and SIGNED this 9th day of April, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

**EXHIBIT B**