1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   J. THOMAS MCCARTHY (CA SBN 034728)
    TMcCarthy@mofo.com
3   DAVID E. MELAUGH (CA SBN 219477)
    DMelaugh@mofo.com
4   LYNN M. HUMPHREYS (CA SBN 168062)
    LHumphreys@mofo.com
5   JACQUELINE BOS (CA SBN 243938)
    JBos@mofo.com
6   NATHAN B. SABRI (CA SBN 252216)
    NSabri@mofo.com
7   MORRISON & FOERSTER LLP
    425 Market Street
8   San Francisco, California  94105-2482
    Telephone: 415.268.7000
9   Facsimile: 415.268.7522

10  Attorneys for Plaintiff
    AUTODESK, INC.

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

16  AUTODESK, INC., a Delaware corporation,      Case No.   3:08-cv-04397-WHA

17              Plaintiff,                       **AUTODESK'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING AUTODESK'S APPLICATIONS TO REGISTER DWG AND DWG-BASED MARKS**

18       v.

19  DASSAULT SYSTÈMES SOLIDWORKS
    CORPORATION, a Delaware corporation,

20              Defendant.                       Date:   December 30, 2009
                                                 Time:   9:00 a.m.
21                                               Place:  Courtroom 9, 19th Floor
                                                 Judge:  Hon. William H. Alsup
22

**EXHIBIT C**

## I. INTRODUCTION

In its briefing and oral argument in this case, SolidWorks has emphasized the PTO examination histories of Autodesk's applications for registration of DWG-based trademarks, suggesting it intends to rely on these histories at trial. This material is irrelevant and highly prejudicial. The Court should, in accordance with Federal Rules of Evidence 402 and 403, exclude any evidence or argument regarding the prosecution histories of Autodesk's applications to register the marks DWG, MAX DWG, and DWG UNPLUGGED.

## II. ARGUMENT

### A. Solidworks Should Be Precluded from Introducing any Evidence or Argument regarding Autodesk's Application to Register the Mark DWG

In its briefing, SolidWorks relies on the prosecution history of Autodesk's trademark application for the mark DWG for the contention that the "PTO refused Autodesk's registration," and quotes extensively from the Notice of Suspension issued by the PTO. (SolidWorks' Mot. for Summ. J. ("SW Mot.") (D.I. 91) at 4.) According to that prosecution history, on April 3, 2006, Autodesk applied to register its mark DWG. (Declaration of Jacqueline Bos ("Bos No. 2 Decl."), filed herewith, ¶ 2, Ex. 1 (Trademark Application at SW0005373).) In the course of examination, the PTO issued three non-final Office Actions. (Bos. No. 2 Decl., ¶ 3, Ex. 2 (Transaction history at SW0004838).) In the first Office Action, dated September 14, 2006, the PTO examining attorney refused registration of the DWG mark "because the proposed mark merely describes applicant's goods," but continued the examination by permitting Autodesk to "respond to the refusal to register by submitting evidence and arguments in support of registration." (Bos. No. 2 Decl., ¶ 4, Ex. 3 (Office Action at SW0005362-63).) Following a response from Autodesk, the PTO issued the second Office Action, dated May 19, 2007, in which the examining attorney withdrew the requirements for a substitute specimen and supporting declaration, but "maintained and continued" the refusal to register before inviting additional argumentation against the refusal. (Bos. No. 2 Decl., ¶ 5, Ex. 4 (Office Action at SW0005241-43).) Following a response from Autodesk, the PTO issued the third Office Action, dated November 13, 2007, in which the examining attorney "maintained and continued" the

AUTODESK'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING AUTODESK'S APPLICATIONS TO REGISTER DWG AND DWG-BASED MARKS
CASE NO. 3:08-CV-04397-WHA
sf-2774525

1

**EXHIBIT C**

1  refusal to register, and invited additional argumentation in addition to requesting answers to specific
2  questions.  (Bos. No. 2 Decl., ¶ 6, Ex. 5 (Office Action at ADSK0010125-10127).)
3        On June 22, 2008, the PTO issued a Notice of Suspension of examination pending the
4  disposition of proceedings before the Trademark Trial and Appeal Board between Autodesk and the
5  ODA regarding "OPENDWG," and between Autodesk and SolidWorks regarding
6  "DWGGATEWAY," and "DWGEDITOR."  The examining attorney specifically stated that these
7  proceedings "could affect the registrability" of the DWG mark, and continued the refusal of
8  registration on the grounds that "DWG is a file format . . . Applicant is not the exclusive source of
9  files with the format name DWG . . . [and] Applicant does not control the use of DWG by others."
10  (Bos. No. 2 Decl., ¶ 7, Ex. 6 (Roberts Decl. Ex. 26 (D.I. 100-1) at SW0004840-41).)  The TTAB
11  proceedings were subsequently suspended pending the disposition of this civil action.  *See* Bos No. 2
12  Decl., ¶ 8, Ex. 7 (PTO Electronic Record at ADSK0072111.)
13        The introduction at trial of the non-final Office Actions, Notice of Suspension, and other
14  documentation from the prosecution history of Autodesk's application to register the mark DWG will
15  be of limited probative value and greatly prejudice Autodesk because of the undue weight that will be
16  accorded to this evidence by the jury.  In *Everest Capital Ltd. v. Everest Funds Management., LLC,*
17  the Eighth Circuit Court of Appeals affirmed the district court's decision in similar circumstances to
18  exclude a Notice of Suspension from evidence.  *See Everest Capital*, 393 F.3d 755, 764 (8th Cir.
19  2005).  There, the court found that "[t]he Trademark Office suspension notice had little probative
20  value because it stated a tentative opinion, not an administrative finding of fact based upon an
21  adequate record.  But the agency opinion had the potential to unfairly prejudice the defendants if the
22  jury mistakenly viewed it as an official government position on the critical confusion issue that the
23  jury had to decide."  *Id*; *cf. United States v. Perry*, 857 F.2d 1346, 1351 (9th Cir. 1988) ("admission
24  of a prior judicial opinion as substantive evidence of a fact then in issue presents the danger that a
25  jury may give the judicial opinion undue weight or be confused, believing the earlier court's findings
26  somehow binding on it").
27        Here, the PTO's non-final Office actions as well as its Notice of Suspension are tentative
28  opinions that are not final administrative agency opinions.  As such, the concern expressed by the

AUTODESK'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING AUTODESK'S
APPLICATIONS TO REGISTER DWG AND DWG-BASED MARKS
CASE NO. 3:08-CV-04397-WHA
sf-2774525

2

**EXHIBIT C**

1  Eighth Circuit is equally valid in this case, where the jury may mistakenly view these preliminary
2  opinions as the official government position on issues that must ultimately be decided by the jury.
3  Moreover, these documents address the precise issues the parties will present to the jury –
4  specifically, whether DWG is generic and whether Autodesk is the source of DWG.  *Compare* Bos
5  No. 2 Decl., Ex 6 (Roberts Decl. Ex. 26 at SW0004840-41) *with* Court's Order Granting in Part &
6  Denying in Part Pl.'s and Def.'s Mot. for Summ. J. (D.I. 195) at 6 ("Defendant submits that DWG
7  now denotes a particular file type or format and does not identify or distinguish the source of a
8  particular product.  Plaintiff replies that DWG is not generic.  Users associate the mark with plaintiff,
9  it counters . . . [¶] Both sides will have to try and convince a jury.").  The potential is high that the
10 jury will mistakenly view the PTO's preliminary opinions as the official government position on the
11 exact issues that it must decide.  To avoid unfairly prejudicing Autodesk, the Court should exclude
12 any evidence or argument regarding the prosecution history of Autodesk's application to register the
13 mark DWG.
14       In analogous circumstances in the patent context, it is well-established that evidence regarding
15 non-final PTO Office Actions pertaining to patents in reexamination proceedings should be excluded
16 from trial because of its irrelevant and highly prejudicial nature.  *See Hoechst Celanese Corp. v. BP*
17 *Chems., Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("the grant by the examiner of a request for
18 reexamination is not probative of unpatentability"); *Fresenius Med. Care Holdings, Inc. v. Baxter*
19 *Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1330003, at *4 (N.D. Cal. May 15, 2006) (finding *Hoechst*
20 persuasive as "indicating that it may be appropriate to exclude the reexamination orders at trial if
21 their probative value is outweighed by their potential to prejudice the jury" and granting party leave
22 to raise this issue in motion in limine); *3M Innovative Prop. Co. v. Dupont Dow Elastomers LLC*,
23 No. 03-3364 MJD/AKB, 2005 WL 2216317, at *2 (D. Minn. Sept. 8, 2005) ("On the other hand,
24 admission of evidence of an incomplete reexamination would have low probative value, would
25 distract from the core issues of the case, and would be highly prejudicial") (internal citations
26 omitted); *Amphenol T & M Antennas, Inc. v. Centurion Int'l, Inc.*, No. 00-C-4298, 2002 WL
27 32373639, at *1-2 (N.D. Ill. Jan. 17, 2002) (granting motion in limine to exclude evidence of
28 incomplete patent reexamination proceedings).  Because the reasoning and considerations behind

AUTODESK'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING AUTODESK'S
APPLICATIONS TO REGISTER DWG AND DWG-BASED MARKS
CASE NO. 3:08-CV-04397-WHA
sf-2774525

3

**EXHIBIT C**

1   these decisions are applicable to non-final Office Actions issued in trademark applications, the Court
2   should also exclude the aforementioned evidence from trial for the reasons identified in the numerous
3   decisions above.
4       Finally, it should be noted that there is a significant, prejudicial factual error in the third
5   Office Action.  There, the examining attorney stated that "[t]wo registrations are already of record in
6   which the marks include DWG.  If applicant thought it owned DWG, it *would have moved* to cancel
7   these registrations." (Bos. No. 2 Decl., ¶ 6, Ex. 5 (Office Action at ADSK0010126) (emphasis
8   added).)  Autodesk had long since filed cancellation actions on the registration of marks including
9   DWG.  On December 7, 2006 (consolidated petition dated January 16, 2007), eleven months before
10  the third Office Action, Autodesk had filed a petition for cancellation of OPENDWG.  (Bos. No. 2
11  Decl., ¶ 12, Ex. 11 (Petition for cancellation of OPENDWG).)  On February 14, 2007, nine months
12  before the third Office Action, Autodesk filed a petition for cancellation of RASTERDWG.  (Bos.
13  No. 2 Decl., ¶ 13, Ex. 12 (Petition for cancellation of RASTERDWG).)  Given the erroneous,
14  prejudicial assertion in the third Office Action, the Court should exclude the aforementioned
15  evidence from trial.

16  **B.  The Court Should Exclude Any Evidence or Argument that Autodesk's
        Date of First Use of the Mark DWG was November 28, 2005 Because the
17      Record Directly Contradicts Such a Claim**

18      In its April 3, 2006 application to register its trademark DWG, Autodesk represented to the
19  PTO that the "First Use Anywhere Date" and the "First Use in Commerce Date" were both "[a]t least
20  as early as 11/28/2005." (Bos No. 2 Decl., ¶ 2, Ex. 1 at SW0005374.)  "[I]ndefinite terms in
21  describing dates" such as "at least as early as" are acceptable in trademark applications, and are "not
22  considered to be misleading, because [they] do[] give notice that, when called upon to do so, the
23  applicant may undertake to prove a date earlier than the one stated." Trademark Manual of
24  Examining Procedure ("TMEP") § 903.06 (6th ed. 2009); *see also Hydro-Dynamics, Inc. v. George
25  Putnam & Co., Inc.*, 811 F.2d 1470, 1473 (Fed. Cir. 1987) (same).  Nevertheless, indefinite terms are
26  not entered into the automated records of the PTO, or printed in the *Official Gazette* or on certificates
27  of registration.  TMEP § 903.06.  Thus, if the applicant states that the mark was first used "at least as
28

AUTODESK'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING AUTODESK'S       4
APPLICATIONS TO REGISTER DWG AND DWG-BASED MARKS
CASE NO. 3:08-CV-04397-WHA
sf-2774525

**EXHIBIT C**

1  early as 11/28/2005," the only information printed in the aforementioned documents will be the date
2  itself, without qualification. *Id*.

3  Here, SolidWorks has produced the PTO's automated records for Autodesk's DWG
4  application, which specifically state: "FIRST USE: 20051128.  FIRST USE IN COMMERCE:
5  20051128."  (Bos. Decl., ¶ 7, Ex. 6 at SW0004830.)  SolidWorks has also argued that the "Court
6  should hold Autodesk to that date," signifying that SolidWorks will present evidence or argument to
7  the jury that November 28, 2005 is Autodesk's date of first use in commerce for the DWG mark.
8  (SW Mot. at 15.)

9  The introduction of documents listing Autodesk's date of first use of the DWG mark as
10  November 28, 2005 do not reflect the reality of Autodesk's claim to a first use date *at least as early*
11  as November 28, 2005, and are likely to mislead the jury and confuse the issue of when Autodesk
12  actually first used the DWG mark.  Moreover, SolidWorks' contention attempts to undermine the
13  accepted policies of the PTO by transforming a permissible claim to an indefinite term to an
14  irrebuttable claim of a date certain.  Because Autodesk's representation to the PTO was solely a claim
15  to a preliminary date and a preservation of its right to claim an earlier date of first use, the Court
16  should, in accordance with Federal Rule of Evidence 403, exclude any evidence or argument
17  regarding the prosecution history of Autodesk's application to register the mark DWG, and more
18  particularly, any evidence or argument that Autodesk's date of first use of the DWG mark was
19  November 28, 2005.

20  **C.  The Court Should Exclude any Evidence or Argument that Autodesk
        Disclaimed the Mark DWG in Other Trademark Applications Because
21      Such Information is Likely to Mislead the Jury**

22  In 1996, Autodesk filed applications to register the marks "MAX DWG" and "DWG
23  UNPLUGGED."  (Bos No. 2 Decl., ¶ 9, Ex. 8 (SW0007334-35 - Max DWG); ¶ 10, Ex. 9
24  (SW0007332-33 - DWG Unplugged).)  For the purpose of quickly advancing the registration of these
25  marks, Autodesk disclaimed the exclusive right to use "DWG" apart from the marks as stated in the
26  applications. (Bos No. 2 Decl., ¶ 11, Ex. 10 (Roberts Decl. Ex. 23 (D.I. 99-7) at Responses to RFAs
27  Nos. 5-6).)  SolidWorks has argued that these disclaimers are evidence of Autodesk's failure to treat
28  DWG as a trademark.  (SW Mot. at 3.)

AUTODESK'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING AUTODESK'S     5
APPLICATIONS TO REGISTER DWG AND DWG-BASED MARKS
CASE NO. 3:08-CV-04397-WHA
sf-2774525

**EXHIBIT C**

1   Under 15 U.S.C. § 1056(a), an applicant may be required to disclaim a component of a mark

2   sought to be registered. "The purpose of the disclaimer practice is to enable, not to bar, registration."

3   *In re K-T Zoe Furniture*, 16 F.3d 390, 394 (Fed. Cir. 1994). The Lanham Act makes clear that a

4   disclaimer does not affect the applicant's underlying rights in the disclaimed term or rights that may

5   arise after the disclaimer is entered; disclaimed matter may even be registered at a later date if it has,

6   with time and use, acquired distinctiveness. 15 U.S.C. § 1056(b). In *Official Airline Guides, Inc. v.*

7   *Goss*, the Ninth Circuit Court of Appeals found that a party's "disclaimer of the phrase 'Travel

8   Planner' in its registration does not deprive it of any common law rights it may have in the

9   disclaimed matter. The determination whether [the party] has obtained a common law mark over the

10   term 'Travel Planner' constitutes a serious question going to the merits." *Official Airline Guides,*

11   856 F.2d 85, 87 (9th Cir. 1988) (internal citations omitted).

12   Here, Autodesk's disclaimer took place approximately thirteen years ago. Since the Lanham

13   Act permits applicants to establish that they had or have developed common law rights in disclaimed

14   matter, Autodesk's earlier disclaimer in a trademark application has no bearing on whether it has

15   common law rights in DWG. Because the relevant time frame for the issues raised by this lawsuit

16   begins with the date of SolidWorks' alleged infringement in 2004, a disclaimer from 1996 would not

17   be probative of this issue. Accordingly, the Court should exclude as irrelevant to any claim in this

18   case any evidence or argument regarding the prosecution histories of Autodesk's applications to

19   register the marks MAX DWG and DWG UNPLUGGED, and more specifically, any evidence or

20   argument that Autodesk disclaimed the exclusive right to use "DWG" apart from the marks in its

21   other trademark registration applications. Fed. R. Evid. 402. Moreover, because official government

22   records from the PTO showing the disclaimers are likely to mislead the jury and confuse the issue of

23   whether Autodesk has common law rights in the DWG mark, the Court should also exclude such

24   evidence or argument under Federal Rule of Evidence 403.

25   **III.   CONCLUSION**

26   For the reasons stated above, Autodesk respectfully requests an order granting Motion in

27   Limine No. 2 and excluding from trial, in accordance with Federal Rules of Evidence 402 and 403,

28

AUTODESK'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING AUTODESK'S
APPLICATIONS TO REGISTER DWG AND DWG-BASED MARKS
CASE NO. 3:08-CV-04397-WHA
sf-2774525

6

**EXHIBIT C**

1  any evidence or argument regarding the prosecution histories of Autodesk's applications to register
2  the marks DWG, MAX DWG, and DWG UNPLUGGED.

3  Dated: December 14, 2009          MICHAEL A. JACOBS
                                     J. THOMAS MCCARTHY
4                                    DAVID E. MELAUGH
                                     LYNN M. HUMPHREYS
5                                    JACQUELINE BOS
                                     NATHAN B. SABRI
6                                    MORRISON & FOERSTER LLP

7                                    By:  /s/ *Michael A. Jacobs*
                                              MICHAEL A. JACOBS
8
                                     Attorneys for Plaintiff
9                                    AUTODESK, INC.

**EXHIBIT C**