| | | |
|---|---|---|
| 1 | KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - #84065 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279 |
| 2 | rvannest@kvn.com<br>CHRISTA M. ANDERSON - #184325 | fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323 |
| 3 | canderson@kvn.com<br>710 Sansome Street | csabnis@kslaw.com<br>101 Second St., Suite 2300 |
| 4 | San Francisco, CA  94111-1704<br>Telephone:    415. 391.5400 | San Francisco, CA  94105<br>Tel:    415.318.1200 |
| 5 | Facsimile:    415.397.7188 | Fax:    415.318.1300 |
| 6 | KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER (*Pro Hac* | IAN C. BALLON - #141819<br>ballon@gtlaw.com |
| 7 | *Vice*)<br>sweingaertner@kslaw.com | HEATHER MEEKER - #172148<br>meekerh@gtlaw.com |
| 8 | ROBERT F. PERRY<br>rperry@kslaw.com | GREENBERG TRAURIG, LLP<br>1900 University Avenue |
| 9 | BRUCE W. BABER (*Pro Hac Vice*)<br>1185 Avenue of the Americas | East Palo Alto, CA 94303<br>Tel:    650. 328.8500 |
| 10 | New York, NY  10036<br>Tel:    212.556.2100 | Fax:    650.328-8508 |
| 11 | Fax:    212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                                    Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                                    Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF ORACLE AMERICA, INC. (NOS. 1 – 429)**<br><br>Judge:    Hon. William H. Alsup<br><br>Date Comp. Filed:    October 27, 2010<br><br>Trial Date:    October 31, 2011 |

1  Admit that Oracle Corporation currently does not have a license to any copyrights
2  covering the structures of Microsoft Excel's Spreadsheet Functions.
3  **REQUEST FOR ADMISSION NO. 336:**
4  Admit that Sun was a member of the American Committee for Interoperable Systems.
5  **REQUEST FOR ADMISSION NO. 337:**
6  Admit that Sun was a founding member of the American Committee for Interoperable
7  Systems.
8  **REQUEST FOR ADMISSION NO. 338:**
9  Admit that Sun was the initial founder of the American Committee for Interoperable
10 Systems.
11 **REQUEST FOR ADMISSION NO. 339:**
12 Admit that Sun contributed financially to the American Committee for Interoperable
13 Systems.
14 **REQUEST FOR ADMISSION NO. 340:**
15 Admit that the American Committee for Interoperable Systems was located in facilities
16 owned by Sun.
17 **REQUEST FOR ADMISSION NO. 341:**
18 Admit that the American Committee for Interoperable Systems was headquartered at
19 Sun's offices at 901 San Antonio Road, Palo Alto, CA.
20 **REQUEST FOR ADMISSION NO. 342:**
21 Admit that the American Committee for Interoperable Systems was headquartered at
22 Sun's offices at 2550 Garcia Avenue, Mountain View, CA.
23 **REQUEST FOR ADMISSION NO. 343:**
24 Admit that Peter Choy was employed by Sun in the role of Deputy General Counsel.
25 **REQUEST FOR ADMISSION NO. 344:**
26 Admit that while he was employed by Sun, Peter Choy served as chairman of the
27 American Committee for Interoperable Systems.
28 **REQUEST FOR ADMISSION NO. 345:**

**EXHIBIT O**

1  Admit that while he was employed by Sun, Peter Choy served as chairman of the
2  American Committee for Interoperable Systems with the approval of Sun.
3  **REQUEST FOR ADMISSION NO. 346:**
4  Admit that Howard Freedland was employed by Sun in the role of Associate General
5  Counsel.
6  **REQUEST FOR ADMISSION NO. 347:**
7  Admit that while he was employed by Sun, Howard Freedland served as counsel for the
8  American Committee for Interoperable Systems.
9  **REQUEST FOR ADMISSION NO. 348:**
10  Admit that while he was employed by Sun, Howard Freedland served as counsel for the
11  American Committee for Interoperable Systems with the approval of Sun.
12  **REQUEST FOR ADMISSION NO. 349:**
13  Admit that the American Committee for Interoperable Systems "Statement of Principles"
14  stated that "members . . . support the following principles" and that among the principles are
15  "[t]he rules or specifications according to which data must be organized in order to communicate
16  with another program or computer, i.e., interfaces and access protocols, are not protectable
17  expression under copyright law." (*See*
18  http://web.archive.org/web/20020602155255/http://www.interop.org/Princ-Stat.html.)
19  **REQUEST FOR ADMISSION NO. 350:**
20  Admit that, as an American Committee for Interoperable Systems member, Sun
21  supported the following principle: "The rules or specifications according to which data must be
22  organized in order to communicate with another program or computer, i.e., interfaces and access
23  protocols, are not protectable expression under copyright law."
24  **REQUEST FOR ADMISSION NO. 351:**
25  Admit that the American Committee for Interoperable Systems "Statement of Principles"
26  stated that "members . . . support the following principles" and that among the principles are
27  "intellectual property law is not intended to protect investment as such. In order to qualify for
28  protection, a computer program or computer-related invention must meet the requirements of one

47
DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF ORACLE AMERICA, INC.
CIVIL ACTION NO. CV 10-03561-WHA

**EXHIBIT O**

1 or more of the various forms of protection, failing which, no amount of money spent in its
2 development should make it protectable."

3 **REQUEST FOR ADMISSION NO. 352:**

4 Admit that, as an American Committee for Interoperable Systems member, Sun
5 supported the following principle: "[I]ntellectual property law is not intended to protect
6 investment as such. In order to qualify for protection, a computer program or computer-related
7 invention must meet the requirements of one or more of the various forms of protection, failing
8 which, no amount of money spent in its development should make it protectable."

9 **REQUEST FOR ADMISSION NO. 353:**

10 Admit that the American Committee for Interoperable Systems "Statement of Principles"
11 stated that "members . . . support the following principles" and that among the principles are
12 "nothing in copyright law should prevent or discourage the development of interoperable
13 (competing or attaching) products or systems. On the contrary, copyright law should promote
14 innovation and competition in furtherance of consumer welfare."

15 **REQUEST FOR ADMISSION NO. 354:**

16 Admit that, as an American Committee for Interoperable Systems member, Sun
17 supported the following principle: "[N]othing in copyright law should prevent or discourage the
18 development of interoperable (competing or attaching) products or systems. On the contrary,
19 copyright law should promote innovation and competition in furtherance of consumer welfare."

20 **REQUEST FOR ADMISSION NO. 355:**

21 Admit that during the period in which he was employed by Sun, Peter Choy authored, co-
22 authored, edited, or was counsel of record for *Brief Amici Curiae of American Committee for*
23 *Interoperable Systems and Computer & Communications Industry Association in Support of*
24 *Appellant Connectix Corporation*, *Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th
25 Cir. 2000) (No. 99-15852), 1999 WL 33623859.

26 **REQUEST FOR ADMISSION NO. 356:**

27 Admit that with Sun's approval, Peter Choy authored, co-authored, edited, or was counsel
28 of record for *Brief Amici Curiae of American Committee for Interoperable Systems and*

**EXHIBIT O**

*Computer & Communications Industry Association in Support of Appellant Connectix Corporation, Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th Cir. 2000) (No. 99-15852), 1999 WL 33623859.

**REQUEST FOR ADMISSION NO. 357:**

Admit that the address given by Peter Choy in the filing of *Brief Amici Curiae of American Committee for Interoperable Systems and Computer & Communications Industry Association in Support of Appellant Connectix Corporation, Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th Cir. 2000) (No. 99-15852), 1999 WL 33623859 (901 San Antonio Road, Palo Alto, CA) was also the address of a Sun office at the time of the filing of the brief.

**REQUEST FOR ADMISSION NO. 358:**

Admit that *Brief Amici Curiae of American Committee for Interoperable Systems and Computer & Communications Industry Association in Support of Appellant Connectix Corporation, Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th Cir. 2000) (No. 99-15852), 1999 WL 33623859 states that the holding of *Sega Enters., Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992) was that the *Sega* Court "permitted an 'intrusive' act of copying - the translating of a program to decipher the interface information contained within it - to prevent copyright from extending de facto protection to the unprotectable interface information."

**REQUEST FOR ADMISSION NO. 359:**

Admit that *Brief Amici Curiae of American Committee for Interoperable Systems and Computer & Communications Industry Association in Support of Appellant Connectix Corporation, Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th Cir. 2000) (No. 99-15852), 1999 WL 33623859 states that the Connectix product was "precisely the sort of competitive yet innovative product whose production this Court sought to preserve in its *Sega* decision."

**REQUEST FOR ADMISSION NO. 360:**

Admit that with Sun's approval, Peter Choy authored, co-authored, edited, or was counsel of record for *Brief Amici Curiae of American Committee For Interoperable Systems and*

49
DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF ORACLE AMERICA, INC.
CIVIL ACTION NO. CV 10-03561-WHA

**EXHIBIT O**

*Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487.

**REQUEST FOR ADMISSION NO. 361:**

Admit that during the period in which he was employed by Sun, Peter Choy authored, co-authored, edited, or was counsel of record for *Brief Amici Curiae of American Committee For Interoperable Systems and Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487.

**REQUEST FOR ADMISSION NO. 362:**

Admit that the address given by Peter Choy in the filing of *Brief Amici Curiae of American Committee For Interoperable Systems and Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 (2550 Garcia Avenue, Mountain View, CA) was also the address of a Sun office at the time of the filing of the brief.

**REQUEST FOR ADMISSION NO. 363:**

Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that "[t]his case is about whether competitors can introduce compatible products that emulate, as they must, interface specifications, the rules that form the 'external design' of a program. This case is an attempt by a few companies who are the 'first comers' to particular markets to use copyright law to preclude competitors from using the same external design, even though it is implemented in wholly original program code."

**REQUEST FOR ADMISSION NO. 364:**

Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that

50
DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF ORACLE AMERICA, INC.
CIVIL ACTION NO. CV 10-03561-WHA

**EXHIBIT O**

1  "[c]opyright protection for interface specifications would lead to monopolies within each product
2  market in the industry."

3  **REQUEST FOR ADMISSION NO. 365:**

4  Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and*
5  *Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp.*
6  *v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that
7  "compatibility unquestionably is a functional characteristic unprotected by copyright."

8  **REQUEST FOR ADMISSION NO. 366:**

9  Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and*
10  *Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp.*
11  *v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that "[i]t
12  should be stressed that compatible products are not mere 'clones' that offer only the same
13  functionality as the products of the first comer, but at a lower price. While compatible products
14  must offer at least the same functionality, they typically offer additional functionalities not found
15  in the first comer's products."

16  **REQUEST FOR ADMISSION NO. 367:**

17  Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and*
18  *Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp.*
19  *v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that
20  "compatible developers' use of preexisting interface specifications is a transformative use of the
21  sort accredited by [the Suprement] Court in *Campbell v. Acuff-Rose Music, Inc.*, 114 S. Ct. 1164
22  (1994)."

23  **REQUEST FOR ADMISSION NO. 368:**

24  Admit that during the period in which he was employed by Sun, Peter Choy authored, co-
25  authored, edited, or was counsel of record for *Brief Amicus Curiae of American Committee for*
26  *Interoperable Systems*, *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996) (No. 93-
27  3234), 1994 WL 16129974.

28  **REQUEST FOR ADMISSION NO. 369:**

51
DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF ORACLE AMERICA, INC.
CIVIL ACTION NO. CV 10-03561-WHA

**EXHIBIT O**

1  Admit that with Sun's approval, Peter Choy authored, co-authored, edited, or was counsel
2  of record for *Brief Amicus Curiae of American Committee for Interoperable Systems*, *Bateman v.*
3  *Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996) (No. 93-3234), 1994 WL 16129974.

4  **REQUEST FOR ADMISSION NO. 370:**

5  Admit that the address given by Peter Choy in the filing of *Brief Amicus Curiae of*
6  *American Committee for Interoperable Systems*, *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532
7  (11th Cir. 1996) (No. 93-3234), 1994 WL 16129974 (2550 Garcia Avenue, Mountain View, CA)
8  was also the address of a Sun office at the time of the filing of the brief.

9  **REQUEST FOR ADMISSION NO. 371:**

10  Admit that *Brief Amicus Curiae of American Committee for Interoperable Systems*,
11  *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996) (No. 93-3234), 1994 WL 16129974
12  states that "the set of rules or commands permitting communication between two programs --
13  here, the interface library -- is clearly a 'system' or 'method of operation' unprotectable under 17
14  U.S.C. § 102(b)."

15  **REQUEST FOR ADMISSION NO. 372:**

16  Admit that during the period in which he was employed by Sun, Peter Choy authored, co-
17  authored, edited, or was counsel of record for *Brief Amicus Curiae of American Committee for*
18  *Interoperable Systems*, *Computer Associates Intern., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir.
19  1992) (No. 91-7893), 1991 WL 11010231.

20  **REQUEST FOR ADMISSION NO. 373:**

21  Admit that with Sun's approval, Peter Choy authored, co-authored, edited, or was counsel
22  of record for *Brief Amicus Curiae of American Committee for Interoperable Systems*, *Computer*
23  *Associates Intern., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992) (No. 91-7893), 1991 WL
24  11010231.

25  **REQUEST FOR ADMISSION NO. 374:**

26  Admit that the address given by Peter Choy in the filing of *Brief Amicus Curiae of*
27  *American Committee for Interoperable Systems*, *Computer Associates Intern., Inc. v. Altai, Inc.*,

28

52
DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF ORACLE AMERICA, INC.
CIVIL ACTION NO. CV 10-03561-WHA

**EXHIBIT O**

1  982 F.2d 693 (2d Cir. 1992) (No. 91-7893), 1991 WL 11010231 (2550 Garcia Avenue,

2  Mountain View, CA) was also the address of a Sun office at the time of the filing of the brief.

3  **REQUEST FOR ADMISSION NO. 375:**

4    Admit that *Brief Amicus Curiae of American Committee for Interoperable Systems*,

5  *Computer Associates Intern., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992) (No. 91-7893), 1991

6  WL 11010231 states that "[i]f the developer of the first computer program to conform to []

7  interface specifications, and thus the first computer program to contain [] non-literal elements,

8  could use copyright law to prevent all subsequent developers from writing programs with similar

9  non-literal elements, the first developer could prevent all subsequent developers from filling the

10 same niche in the computer system. Such a broad monopoly would have serious consumer

11 welfare implications. In the absence of competition, the first developer would have little

12 incentive to develop more innovative and less costly products."

13 **REQUEST FOR ADMISSION NO. 376:**

14   Admit that *Brief Amicus Curiae of American Committee for Interoperable Systems*,

15 *Computer Associates Intern., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992) (No. 91-7893), 1991

16 WL 11010231 states that "the forms for calls for services . . . lie in the public domain, because

17 they are intended to be known in the industry and to be used by programmers."

18 **REQUEST FOR ADMISSION NO. 377:**

19   Admit that during the period in which he was employed by Sun, Howard Freedland

20 authored, co-authored, edited, or was counsel of record for *Brief Amici Curiae of American*

21 *Committee for Interoperable Systems and Computer & Communications Industry Association in*

22 *Support of Appellant Andrew Brunner*, *DVD Copy Control Ass'n Inc. v. Bunner*, 10 Cal. Rptr. 3d

23 185 (Cal. Ct. App. 6th Dist. 2000) (No. H021153), 2000 WL 35459934.

24 **REQUEST FOR ADMISSION NO. 378:**

25   Admit that with Sun's approval, Howard Freedland authored, co-authored, edited, or was

26 counsel of record for *Brief Amici Curiae of American Committee for Interoperable Systems and*

27 *Computer & Communications Industry Association in Support of Appellant Andrew Brunner*,

28

53
DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF ORACLE AMERICA, INC.
CIVIL ACTION NO. CV 10-03561-WHA

**EXHIBIT O**

*DVD Copy Control Ass'n Inc. v. Bunner*, 10 Cal. Rptr. 3d 185 (Cal. Ct. App. 6th Dist. 2000) (No. H021153), 2000 WL 35459934.

**REQUEST FOR ADMISSION NO. 379:**

Admit that the address given by Howard Freedland in the filing of *Brief Amici Curiae of American Committee for Interoperable Systems and Computer & Communications Industry Association in Support of Appellant Andrew Brunner*, *DVD Copy Control Ass'n Inc. v. Bunner*, 10 Cal. Rptr. 3d 185 (Cal. Ct. App. 6th Dist. 2000) (No. H021153), 2000 WL 35459934 (901 San Antonio Road, Palo Alto, CA) was also the address of a Sun office at the time of the filing of the brief.

**REQUEST FOR ADMISSION NO. 380:**

Admit that Sun CTO Eric Schmidt, in testimony to the Senate Judiciary Committee's Antitrust, Technology, and Law Subcommittee in September 1994, stated that "Sun's view is simply stated: To attract the substantial private investment required, to encourage free-market competition, and to enable universal access by the greatest number of information consumers and providers in the shortest time frame, interoperability will be achieved by making the critical interface specifications barrier-free."

**REQUEST FOR ADMISSION NO. 381:**

Admit that Sun CTO Eric Schmidt, in testimony to the Senate Judiciary Committee's Antitrust, Technology, and Law Subcommittee in September 1994, stated that:

> When we discuss interfaces, it is important to carefully note the distinction between an interface specification, and an actual product which has interfaces that conform to the specification. Interface specifications are merely the words that describe the interface which allows two components to work together [or interoperate]. They are not blueprints, nor recipes for actual products. Let me repeat that: interface specifications are not blueprints, nor recipes for making knock-offs or clones. Sun and many other firms in highly competitive industries believe in protection of products but also believe that no one individual or company should own the rights to interface specifications for a public network, such as the [National Information Infrastructure]. (Or for other public infrastructure networks. Can you imagine charging auto makers a fee to let them know the load-bearing capacity of the cement in the interstate? Or charging ship builders a fee to know the width of the locks on the Panama Canal? Or charging electric appliance makers a fee to know the voltage of electric currents flowing across the national power grid? Or locomotive makers a fee to design railroad cars

54
DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF ORACLE AMERICA, INC.
CIVIL ACTION NO. CV 10-03561-WHA

**EXHIBIT O**

for a certain gauge track?) With respect to intellectual property rights, Sun strongly believes in -- and will defend -- the rights of intellectual property owners to maximize their returns on product implementations. At the same time, we believe that interface specifications are not protectable under copyright. The leading federal appellate court case, Computer Associates v. Altai and the cases which follow it, all reinforce the separation of the interface from the implementation. The interface, as an element necessary for interoperability, falls into the category of ideas which the copyright law seeks to disseminate to promote the public good. This in no way curtails the protectability of the code itself. Other forms of intellectual property law -- notably patent -- may grant varying degrees of intellectual property protection to interfaces.

**REQUEST FOR ADMISSION NO. 382:**

Admit that portions of Oracle Corporation's implementation of the java.text API package are copyrighted by IBM and/or Taligent.

**REQUEST FOR ADMISSION NO. 383:**

Admit that portions of the API of the java.text API package are copyrighted by IBM and/or Taligent.

**REQUEST FOR ADMISSION NO. 384:**

Admit that Oracle Corporation's license to IBM's copyright in the portions of Oracle Corporation's implementation of the java.text API package copyrighted by IBM and/or Taligent is a non-exclusive license.

**REQUEST FOR ADMISSION NO. 385:**

Admit that Oracle Corporation's license to IBM's copyright in the portions of the API of java.text copyrighted by IBM and/or Taligent is a non-exclusive license.

**REQUEST FOR ADMISSION NO. 386:**

Admit that the portions of the API of java.text copyrighted by IBM and/or Taligent were licensed to Sun under the terms of the Technology License and Distribution Agreement between IBM and Sun, dated Oct. 25, 1996, or under the terms of any amendments to that Agreement.

**REQUEST FOR ADMISSION NO. 387:**

Admit that the portions of the API of java.text copyrighted by IBM and/or Taligent were licensed to Sun under the terms of the Java Specification Participation Agreement between IBM and Sun, dated Oct. 25, 1996, or under the terms of any amendments to that Agreement.

**REQUEST FOR ADMISSION NO. 388:**

**EXHIBIT O**