HIGHLY CONFIDENTIAL-- ATTORNEYS' EYES ONLY

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

------------------------
ORACLE AMERICA, INC.,    )
       Plaintiff,     )
  vs.                    )  No. CV 10-03561 WHA
GOOGLE, INC.,            )
       Defendant.     )
------------------------

-- HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY --

Videotaped Federal Rule 30(b)(6) deposition of DANIEL R. BORNSTEIN, taken at the Law Office of King & Spalding LLP, 333 Twin Dolphin Drive, Suite 400, Redwood Shores, California, commencing at 9:34 a.m., on Friday, July 22, 2011, before Leslie Rockwood, RPR, CSR No. 3462.

PAGES 1 - 222

Veritext National Deposition & Litigation Services
866 299-5127

**EXHIBIT R**

HIGHLY CONFIDENTIAL-- ATTORNEYS' EYES ONLY

```
 1        MR. KAMBER: Object to the form.  Beyond the
 2   scope.
 3        THE WITNESS: Not to my knowledge.
 4        MR. PETERS: All right.  Let's go to 285.
 5   (Exhibit PX285 was marked for
 6   identification.)
 7        MR. KAMBER: Yeah, we're going to actually
 8   claw back this document as unintentionally produced
 9   privileged material.
10        MR. PETERS: I will object to that because as    17:54:49
11   I understand it, was this -- were you there, Bruce?  Was
12   this read in open court yesterday?
13        MR. BABER: It was, and that has no bearing
14   on whether it's privileged or not.  The protective order,
15   I believe, as soon as we give you notice, the basis is   17:55:02
16   that this was prepared at the request of counsel as part
17   of activities in anticipation of litigation, and we are
18   giving you notice under the protective order right now
19   that we are clawing it back.
20        Under the protective order, Marc, I believe   17:55:12
21   you are required to not use it, and you know what the
22   other consequences are under the protective order.
23        MR. PETERS: I do, and I will follow the
24   protective order for the time being, but I will ask, did
25   you make an objection about privilege yesterday?   17:55:28
                                                    Page 186
```

```
 1        MR. BABER: I don't believe -- no, we did not
 2   know what Mr. Holtzman had in the courtroom.  He did not
 3   give us notice under the protective order, as he was
 4   required to.  That's been the subject of a separate
 5   notice we've already provided to Oracle, which was a    17:55:42
 6   violation of the protective order itself in the first
 7   instance.
 8        So we did not have an opportunity to know
 9   what he was going to use with the Judge, nor to
10   investigate whether it was something that was    17:55:50
11   inadvertently produced.
12        We have determined that since the hearing
13   yesterday, and we are giving you notice right now under
14   paragraph 13 of the protective order.
15        MR. PETERS: Given that notice, I think we    17:56:00
16   will have to work this out off-line, and since we are
17   doing that, can we remove the exhibit stamp from that so
18   it's not in the --
19        MR. KAMBER: Sure.
20        MR. BABER: Just so there's no    17:56:12
21   misunderstanding, I know you don't have the protective
22   order in front of you right now, but paragraph 13 under
23   the protective order does provide that after being
24   notified of the claim of privilege, which we have just
25   notified you of, a party must promptly return or destroy    17:56:23
                                                    Page 187
```

```
 1   the specified information and any copies it has and may
 2   not sequester, use, or disclose the information until the
 3   claim is resolved.
 4        Just so in fairness to you, I wanted to make
 5   sure you understood that's what the order said.    17:56:36
 6        MR. PETERS: So in that case, please hand
 7   that one back.
 8        MR. BABER: And while we're at it, I'll just
 9   make another statement on the record, which is it's my
10   understanding as a result of our investigation following    17:56:58
11   Mr. Holtzman's violation of the protective order
12   yesterday, that there are several other iterations of
13   this same document, which is a draft of an internal email
14   that was supposed to have a privilege legend on it, that
15   had also been produced, and we'll be providing to you    17:57:11
16   shortly the production numbers of the other iterations,
17   and the clawback notice applies to those as well.
18        Sorry, Marc.  I wanted to make it as clear as
19   we could make it.
20        MR. PETERS: I think it's very clear, as I    17:57:30
21   said, because I wasn't at the hearing yesterday.  It's
22   clearly something that we'll have to resolve off-line.
23   (Exhibit PX285 was clawed back.)
24        MR. PETERS: Sometimes it is exciting, and if
25   this is what passes for excitement, you know.    17:58:03
                                                    Page 188
```

```
 1        MR. KAMBER: I'm not sure this excites him
 2   much.
 3        MR. PETERS: We need to get out more.
 4   Pressing forward.  285.
 5   (Exhibit PX285 was marked for
 6   identification.)
 7   Q.  BY MR. PETERS: Mr. Bornstein, do you
 8   remember discussions between Google and a company called
 9   Skelmir, which is referred to in this email?
10   A.  If you don't mind, I'll take a moment to read    17:59:12
11   the document.
12   Q.  Please.
13   A.  Okay.
14   Q.  Do you remember working -- sorry, do you
15   remember discussions between Google and a company called    18:00:29
16   Skelmir?
17   A.  In general, yes.
18   Q.  And what was Google looking to buy from
19   Skelmir?
20        MR. KAMBER: Object to the form.    18:00:39
21        THE WITNESS: So to be clear, I'm a technical
22   guy, not a business guy.  I was involved with discussions
23   at a technical level with at least one of the guys from
24   Skelmir.  I was not in on the business discussions.
25   Q.  BY MR. PETERS: Did you evaluate Skelmir's    18:01:04
                                                    Page 189
```

Pages 186 to 189

Veritext National Deposition & Litigation Services
866 299-5127

**EXHIBIT R**