# EXHIBIT 1-12

Highly Confidential - Attorneys' Eyes Only

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3               SAN FRANCISCO DIVISION
 4
 5   ------------------------
 6   ORACLE AMERICA, INC.,   )
 7            Plaintiff,     )
 8   vs.                     ) No. CV 10-03561 WHA
 9   GOOGLE, INC.,           )
10            Defendant.     )
11   ------------------------
12
13
14      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15
16
17         VIDEOTAPED DEPOSITION OF HASAN RIZVI
18                THURSDAY, JULY 28, 2011
19
20
21   REPORTED BY:
22   JANIS JENNINGS, CSR 3942, CLR, CCRR
23
24
25   PAGES 1 - 275
```

Page 1

Highly Confidential - Attorneys' Eyes Only

| | |
|---|---|
| 1 further discussions?<br>2   A.   I don't remember the exact words, but the<br>3 third discussion itself was, like I said, a<br>4 non discussion.  There was nothing really to<br>5 discuss, so as we left the meeting, there wasn't<br>6 anything scheduled as a follow up.<br>7   Q.   Did Mr. Rubin say anything at that third<br>8 meeting to indicate to Oracle that Google was no<br>9 longer interested in discussing a potential business<br>10 solution?<br>11   A.   Again, I don't remember the exact words,<br>12 but the   I don't remember the exact words, no.<br>13   Q.   Did Mr. Rubin give any indication, verbal<br>14 or otherwise, that Google was not interested in<br>15 continuing the discussions after that third meeting?<br>16   A.   From what I recall, he said this is<br>17 again, not necessarily his words, but the<br>18 implication was that this is a non starter, there is<br>19 really nothing to discuss given the range of the<br>20 business that we are talking about.  That's the<br>21 that's the recollection I have.<br>22   Q.   Do you mean that he suggested that it was<br>23 a non starter for Google to compensate Oracle in the<br>24 range of $300 to $500 million?<br>25   A.   That's<br>Page 170 | 1   A.   Yes.<br>2   Q.   Who is that?<br>3   A.   That   is that privileged?<br>4       MR. NORTON:  Do you mind if we take a<br>5 short break?<br>6       MR. PURCELL:  Sure.<br>7 BY MR. PURCELL:<br>8   Q.   I mean, just so it's clear, I'm not asking<br>9 anything Oracle's lawyers might have told you.  But<br>10 if you learned of the fact of a meeting between<br>11 Google and Oracle about a certain subject, the fact<br>12 of the meeting between Google and Oracle isn't<br>13 privileged.<br>14       MR. NORTON:  I   I think he's already<br>15 answered that question, though.  On to another<br>16 question about the substance of the communication,<br>17 if there   if there was one, so<br>18       MR. PURCELL:  Well, it would be the<br>19 substance of the communication between Google and<br>20 Oracle, which isn't privileged.  That's all I want<br>21 to know.<br>22       MR. NORTON:  Again, I just don't think<br>23 that was the question.<br>24       MR. PURCELL:  Okay.  Well, let me ask<br>25 let me ask the question, then.<br>Page 172 |
| 1       MR. NORTON:  Objection to form.<br>2       You can answer.<br>3       THE WITNESS:  Yeah.  That's kind of the<br>4 way I remember it, yeah.<br>5 BY MR. PURCELL:<br>6   Q.   Did Mr. Rubin suggest a different range in<br>7 which Google might be willing to compensate Oracle?<br>8   A.   Not that I remember, no.<br>9   Q.   Did Oracle attempt to make any follow up<br>10 with Mr. Rubin after the third meeting prior to the<br>11 filing of this lawsuit?<br>12   A.   I don't know about Oracle, but I didn't.<br>13   Q.   Are you aware of anyone else from Oracle<br>14 following up with Mr. Rubin about a potential<br>15 business solution prior to this lawsuit being filed?<br>16       MR. NORTON:  Objection to form.<br>17       THE WITNESS:  With Mr. Rubin, no.  I'm<br>18 not   I don't know who it would   I don't know if<br>19 anybody followed up with Mr. Rubin.<br>20 BY MR. PURCELL:<br>21   Q.   Are you aware from   of   strike that.<br>22       Are you aware of anybody at Oracle<br>23 following up with anybody at Google regarding a<br>24 potential business solution prior to this lawsuit<br>25 being filed?<br>Page 171 | 1 BY MR. PURCELL:<br>2   Q.   Are you aware   I think you already said<br>3 you are aware of communications between Oracle and<br>4 Google after the third meeting you had with<br>5 Mr. Rubin about a potential business solution;<br>6 correct?<br>7   A.   Yes.<br>8   Q.   What   what was discussed at that meeting<br>9 between Oracle and Google?<br>10   A.   I don't know.<br>11       MR. NORTON:  Objection.  To the extent<br>12 that your knowledge of the contents of that<br>13 meeting   to the extent you know that only from<br>14 communications with attorneys, then I'm going to<br>15 assert the privilege and ask you not to answer that<br>16 question.<br>17       MR. PURCELL:  Counsel, I don't want to<br>18 argue with you in detail, but I just think that<br>19 instruction is overbroad.  If he learns of a<br>20 nonprivileged fact through a lawyer, that doesn't<br>21 make the fact privileged.  And all I'm trying to ask<br>22 for is the nonprivileged fact regarding the<br>23 communications between Google and Oracle.<br>24       MR. NORTON:  Let's take a break and I can<br>25 see if I can<br>Page 173 |

44 (Pages 170 - 173)