KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:    415.391.5400
Facsimile:    415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:    212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:    415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:    650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561-WHA <br><br> **DECLARATION OF REID MULLEN IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO SEAL** <br><br> Judge:    Hon. William Alsup <br><br> Date Comp. Filed:    October 27, 2010 <br><br> Trial Date:    October 31, 2011 |

I, Reid Mullen, declare as follows:

1. I am an associate in the law firm of Keker & Van Nest LLP, counsel to Google Inc. ("Google") in the present case. I submit this declaration in support of the parties' Joint Administrative Motion to Seal. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

2. Portions of Google's Motions *in Limine* Nos. 1-5 quote or describe material that Google has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Order Approving Stipulated Protective Order Subject to Stated Conditions [Dkt. No. 68] governing this case. Google does not disclose the designated material (described in further detail below) to the public in the normal course of business. Disclosure of this material would cause great and undue harm to Google's business.

3. Portions of Oracle's Motions *in Limine* Nos. 1-5 quote or describe material that Google has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Order Approving Stipulated Protective Order Subject to Stated Conditions [Dkt. No. 68] governing this case. Google does not disclose the designated material (described in further detail below) to the public in the normal course of business. Disclosure of this material would cause great and undue harm to Google's business.

4. Portions of Oracle's Oppositions to Google's Motions *in Limine* Nos. 1-5 quote or describe material that Google has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Order Approving Stipulated Protective Order Subject to Stated Conditions [Dkt. No. 68] governing this case. Google does not disclose the designated material (described in further detail below) to the public in the normal course of business. Disclosure of this material would cause great and undue harm to Google's business.

5. Exhibit E to the Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *in Limine* Nos. 1 through 5 ("Muino Decl.") contains excerpts from the deposition transcript of Andrew Rubin taken on July 27, 2011 in this matter. Google designated those exceprts HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because they contain

1  detailed information about Google's product design and development.

2      6.    Exhibit F to the Muino Decl. contains excerpts from the deposition transcript of

3  Daniel Bornstein taken on May 16, 2011 in this matter.  Google designated those excerpts

4  HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because they contain detailed

5  information about Google's product design and development.

6      7.    Exhibit K to the Muino Decl. contains excerpts from the deposition transcript of

7  Patrick Brady taken on July 21, 2011 in this matter.  Google designated those excerpts HIGHLY

8  CONFIDENTIAL – ATTORNEY'S EYES ONLY because they contain detailed information

9  about Google's product development.

10     8.    Exhibit P to the Muino Decl. is a document produced by Google bearing bates

11 number GOOGLE-12-100000011.  This document is a version of the August 6, 2010 email from

12 Tim Lindholm, which is the subject of Google's motion for relief from Magistrate Judge Ryu's

13 nondispositive pretrial order in this case.  All versions of the Lindholm email and drafts thereof

14 are marked "PRIVILEGED ATTORNEY-CLIENT COMMUNICATION / ATTORNEY

15 WORK PRODUCT," and are designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S

16 EYE'S ONLY" pursuant to the Order approving Stipulated Protective Order Subject to Stated

17 Conditions [Dkt. No. 68] governing this case.  The Lindholm email contains privileged

18 information about Google's investigation of and potential responses to Oracle's infringement

19 claims.  But even leaving aside whether the email is privileged, Google also considers the

20 information contained in the email to be highly confidential under the standard set forth in the

21 protective order in this case.  Under no circumstances would Google publicly disclose during the

22 normal course of business, or absent a direct court order, any information about its litigation

23 strategy or potential responses to claims asserted against it.  Public disclosure of this information

24 would cause significant and undue harm to Google's business.

25     9.    Exhibit Q to the Muino Decl. contains excerpts from the deposition transcript of

26 Tim Lindholm taken on September 7, 2011in this matter.  Google designated those excerpts

27 HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY because they contain detailed

28 information about Google's product development and design and about the Lindholm email,

1  which is the subject of Google's Motion for Relief from Magistrate Judge Ryu's nondispositive

2  pretrial order in this case.  For all the reasons in Paragraph 8 above, that exhibit should be sealed.

3        10.    Exhibit 1-1 to the Declaration of Ruchika Agrawal in Support of Oracle America,

4  Inc.'s Oppositions to Google's Motions *in Limine* Nos. 1-5 ("Agrawal Decl.") contains excerpts

5  from the deposition transcript of Tim Lindholm.  Google designated those excerpts HIGHLY

6  CONFIDENTIAL ATTORNEY'S EYES ONLY because they contain discussion of Google's

7  internal response to the threatened litigation.

8        11.    Exhibit 1-2 to the Agrawal Decl. is a document produced by Google in this case

9  bearing production number GOOGLE-12-00000115.  Google designated the document HIGHLY

10  CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains detailed information

11  about Google's internal product strategy.

12        12.    Exhibit 1-3 to the Agrawal Decl. is a document produced by Google in this case

13  bearing production number GOOGLE-14-00001233.  Google designated the document HIGHLY

14  CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains detailed information

15  about Google's internal product strategy.

16        13.    Exhibit 1-4 to the Agrawal Decl. is a document produced by Google in this case

17  bearing bates numbers GOOGLE-00001772 through Google-00-00001781.  Google designated

18  the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains

19  detailed information about Google's internal product strategy.

20        14.    Exhibit 1-5 to the Agrawal Decl. is a document produced by Google in this case

21  bearing production numbers GOOGLE-12-00000472 through GOOGLE-12-00000476.  Google

22  designated the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it

23  contains detailed information about Google's internal product strategy.

24        15.    Exhibit 1-6 to the Agrawal Decl. is a document produced by Google in this case

25  bearing production number GOOGLE-12-00000656.  Google designated the document

26  CONFIDENTIAL because it contains detailed information about Google's internal product

27  development strategy.

28        16.    Exhibit 1-7 to the Agrawal Decl. is a document produced by Google in this case

1  bearing production number GOOGLE-12-00018231.  Google designated the Document
2  HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains detailed
3  information about Google's internal product strategy.
4     17.    Exhibit 1-8 to the Agrawal Decl. is a document produced by Google in this case
5  bearing production number GOOGLE 01-00018836.  Google designated the Document
6  HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains detailed
7  information about Google's internal product strategy.
8     18.    Exhibit 1-9 to the Agrawal Decl. is a document produced by Google in this case
9  bearing production numbers GOOGLE-12-00078864 through GOOGLE-12-00078865.  Google
10 designated the Document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because
11 it contains detailed information about Google's internal product strategy and development.
12    19.    Exhibit 1-10 is a document produced by Google in this case bearing production
13 number GOOGLE-12-10000011. The document is another version of the Lindholm email, which
14 is the subject of Google's motion for relief from Magistrate Judge Ryu's nondispositive pretrial
15 order in this case.  For all the reasons in Paragraph 8 above, that exhibit should be sealed.
16    20.    Exhibit 2-3 to the Agrawal Decl. is a document produced by Google in this case
17 bearing production numbers GOOGLE-04-00055098 through GOOGLE-04-00055099.  Google
18 designated the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it
19 contains detailed information about Google's internal product strategy and development.
20    21.    Exhibit 2-4 to the Agrawal Decl. contains excerpts of the transcript of the
21 deposition of Daniel Morrill taken on July 12, 2011.  Those excerpts are designated HIGHLY
22 CONFIDENTIAL ATTORNEY'S EYES ONLY because they contain detailed nonpublic
23 information about Google's internal product design and development.
24    22.    Exhibit 2-5 to the Agrawal Decl. contains excerpts from the Opening Expert
25 Report of John C. Mitchell Regarding Patent Infringement, dated August 8, 2011.  That
26 document is designated HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY because it
27 contains detailed nonpublic information about Google's product design and development.
28    23.    Exhibit 2-14 to the Agrawal Decl. is a document produced by Google in this case

bearing production numbers GOOGLE-02-00465974 through GOOGLE-02-00465975.  Google designated the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains detailed information about Google's internal product strategy and development.

24. Exhibit 2-15 to the Agrawal Decl. is a document produced by Google in this case bearing production numbers GOOGLE-06-00238120 through GOOGLE-06-00238121.  Google designated the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains detailed information about Google's internal product strategy and development.

25. Exhibit 2-16 to the Agrawal Decl. is a document produced by Google in this case bearing production number GOOGLE-04-00083077.  Google designated the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains detailed information about Google's internal product strategy and development.

26. Exhibit 3-4 to the Agrawal Decl. is a document produced by Google in this case bearing production number GOOGLE-01-00065669.  Google designated the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains nonpublic information about Google's business strategy.

27. Exhibit 3-6 to the Agrawal Decl. contains excerpts from a document produced by Google in this case bearing production number GOOGLE-26-00031474–497.  Google designated the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains nonpublic information about Google's business strategy.

28. Exhibit 3-7 to the Agrawal Decl. is a document produced by Google in this case bearing production number GOOGLE-01-00017222–227.  Google designated the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains nonpublic information about Google's business strategy.

29. Exhibit 3-8 to the Agrawal Decl. is a document produced by Google in this case bearing production number GOOGLE-58-00029945.  Google designated the document HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY because it contains nonpublic information about Google's business strategy.

30. Exhibit 5-4 to the Agrawal Decl. contains excerpts of the transcript of the

1  deposition of Rafael Camargo, taken September 8, 2011. Those excerpts have been designated
2  HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, and contain detailed information
3  about Google's product design and development.

4  31. Exhibit 10 to the Declaration of Daniel Purcell ("Purcell Decl.") in Support of
5  Google's Motions *in Limine* contains excerpts of the transcript of the deposition of John C.
6  Mitchell, taken September 6, 2011. Those excerpts contain confidential excerpts of the
7  Summary of Investigation for Damages Expert by Seeon Birger, dated September 12, 2011.
8  Those excerpts are designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
9  because they contain detailed information about Google's product design.

10  32. Exhibit 15 to the Purcell Decl. contains excerpts of the Expert Report of Dr. Iain
11  M. Cockburn, dated September 12, 2011 and revised September 15, 2011. The excerpts contain
12  confidential and highly confidential information about Google's financial data.

13  33. Exhibit 30 to the Purcell Decl. contains an exhibit to the Expert Report of Dr. Iain
14  M. Cockburn, dated September 12, 2011 and revised September 15, 2011. This exhibit contains
15  confidential information about Google's financial data.

16  34. Exhibit 32 to the Purcell Decl. contains an exhibit to the Expert Report of Dr. Iain
17  M. Cockburn, dated September 12, 2011 and revised September 15, 2011. This exhibit contains
18  confidential and highly confidential information about Google's financial data and product
19  development and strategy.

21  I declare under penalty of perjury that the foregoing is true and correct and that this
22  declaration was executed at San Francisco, California on October 7, 2011.

24  By:   /s/ Reid Mullen
       REID MULLEN