# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET* SUITE 900* OAKLAND, CA 94612* 510-874-1000 FAX 510-874-1460

October 10, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

**Re: Oracle America, Inc. v. Google Inc., No. C 10-3561 WHA**

Dear Judge Alsup:

On October 3, 2011, two days after the Court's deadline for motions *in limine*, Google served the reports of its damages experts, Dr. Gregory K. Leonard (patent) and Dr. Alan J. Cox (copyright) (the "Reports"). Oracle now respectfully requests leave to file motions, pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and Rules of Evidence 401, 402, 403, 702, and 703, to strike portions of the Reports and exclude testimony on the stricken opinions. The Reports contain technical opinions that Drs. Leonard and Cox are not qualified to proffer; rely on spoon-fed "facts" from last-minute interviews; rely on documents and witnesses that Google refused to produce or disclose; rely on the experts' *ipse dixit* instead of evidence; and are inconsistent with established damages principles.

Neither Dr. Leonard nor Dr. Cox holds any degree in computer science or any other technical field. Yet both Reports rely heavily on opinions, based on **technical** arguments, that "Google had multiple acceptable and effective non-infringing alternatives" to the patents-in-suit and the copyrights, and purport to reject the opinions to the contrary of Prof. Mitchell, Oracle's computer science expert. (Leonard, 10-30; Cox, 23-27.)

To reach these technical opinions, the Reports rely almost entirely on interviews with Google employees apparently conducted in the week prior to the submission of the Reports. Dr. Leonard cites such interviews *forty two* times in his opening section alone. Among these interviews, both Drs. Leonard and Cox rely heavily on Google employee Tim Bray, a witness

The Honorable William Alsup
October 10, 2011
Page 2 of 3

never mentioned in Google's Rule 26 disclosures, not disclosed at all until appearing on Google's witness list on October 1, 2011, and for whom Google produced no documents. Drs. Leonard and Cox rely on Mr. Bray for core propositions, such as purported "facts" about disadvantages of the Java language that supposedly would have led Google to use alternatives rather than pay for a license. (Leonard, 75-76; Cox, 22-23).

Beyond the non-infringing alternatives sections, the Reports are riddled with interview citations, including to John Rizzo, a third-party witness not timely disclosed. Drs. Leonard and Cox rely on such "interviews" while ignoring all contrary record evidence and disregard the mandate that an expert "sufficiently tie the expert testimony on damages to the facts of the case." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011) (citing *Daubert*). In all, Dr. Cox cites interviews 45 times; Dr. Leonard does so 61 times. In contrast, Dr. Cox cites only 15 contemporaneous Google documents in all, and Dr. Leonard cites only 14.

The Reports also rely on Google documents that Google never produced, despite Oracle's repeated requests. These include 33 agreements and material from Google "dashboards." (Appx. B of the Reports ("Produced Documents Without Bates Numbers").) The unfairness goes farther: Google provided its experts filtered data for critical quantitative claims and has refused to produce the underlying source data because its experts never saw source data. Incompetent expert testimony based on purported facts provided to experts through late or even undisclosed witnesses, interviews, and documents violates the Rules of Evidence and of Civil Procedure and this Court's Case Management Order. *See Therasense, Inc. v. Becton, Dickinson and Co.,* 2008 WL 2323856, *1-3 (N.D. Cal. May 22, 2008).

The Reports also violate numerous other basic safeguards. For example, Dr. Leonard claims the conjoint surveys used in Dr. Cockburn's report are subject to "hypothetical bias" even

The Honorable William Alsup
October 10, 2011
Page 3 of 3

though the academic literature—even the study cited in Dr. Leonard's own Report—says the opposite.  *See, e.g.*, *Cabrera v. Cordis Corp.*, 134 F.3d 1418 (9th Cir. 1998) (expert testimony unreliable because it had no support in medical literature).  Similarly, as part of his claim that Oracle's copyright damages should be *zero*, Dr. Cox says, contrary to settled law, that even though Google copied code, the code must be valueless because Google removed it.  *Frank Music Corp. v. MGM, Inc.*, 772 F.2d 505, 518 (9th Cir. 1985).  Dr. Cox also suggests that there should be no disgorgement of Google's actual infringer's profits if Google *could have* earned those profits without infringing.  That distorts the concept of disgorgement, as does his calculation of incremental profits compared to Google's supposed next-best alternatives.  *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories.").

In addition to their reliance on interviews and unproduced evidence, both Dr. Leonard and Dr. Cox repeatedly make quasi-factual assertions based on nothing other than their own say-so.  Such *ipse dixit* cannot form the basis for a reliable expert opinion.  *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.").

Oracle respectfully seeks leave to file a motion or motions to strike and exclude Drs. Cox's and Leonard's unqualified technical opinions, "facts" from spoon-fed last-minute interviews, documents and witnesses that Google refused to produce or disclose, "facts" based on *ipse dixit* instead of evidence, and opinions inconsistent with established legal principles.

                                                  Respectfully submitted,
                                                  /s/ Steven C. Holtzman