| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - #84065 | DONALD F. ZIMMER, JR. - #112279 |
| rvannest@kvn.com | fzimmer@kslaw.com |
| CHRISTA M. ANDERSON - #184325 | CHERYL A. SABNIS - #224323 |
| canderson@kvn.com | csabnis@kslaw.com |
| 633 Battery Street | 101 Second St., Suite 2300 |
| San Francisco, CA  94111-1809 | San Francisco, CA  94105 |
| Tel:    415.391.5400 | Tel:    415.318.1200 |
| Fax:   415.397.7188 | Fax:   415.318.1300 |
| | |
| KING & SPALDING LLP | IAN C. BALLON - #141819 |
| SCOTT T. WEINGAERTNER (*Pro Hac Vice*) | ballon@gtlaw.com |
| sweingaertner@kslaw.com | HEATHER MEEKER - #172148 |
| ROBERT F. PERRY | meekerh@gtlaw.com |
| rperry@kslaw.com | GREENBERG TAURIG, LLP |
| BRUCE W. BABER (*Pro Hac Vice*) | 1900 University Avenue |
| bbaber@kslaw.com | East Palo Alto, CA 94303 |
| 1185 Avenue of the Americas | Tel:    650.328.8500 |
| New York, NY  10036 | Fax:   650.328-8508 |
| Tel:    212.556.2100 | |
| Fax:   212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561-WHA |
| Plaintiff, | **DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS** |
| v. | |
| GOOGLE INC., | Hearing Date:  November 17, 2011 |
| Defendant. | Time of Hearing:  8 a.m. |
| | Judge:  Hon. William Alsup |
| | |
| | Date Comp. Filed:  October 27, 2010 |
| | Trial Date:  October 31, 2011 |

**NOTICE OF MOTION AND RELIEF REQUESTED**

PLEASE TAKE NOTICE that on November 17, 2011 at 8:00 a.m., or as soon thereafter as counsel may be heard, Defendant Google Inc. ("Google") will, and hereby does, respectfully move to maintain the confidentiality designations of particular documents produced pursuant to this Court's Orders [Dkt. Nos. 354 and 361], which bear the production numbers GOOGLE-12-100000001 - GOOGLE-12-100000011.  Google brings this Motion pursuant to the Joint Stipulated Protective Order entered in this case [Dkt. Nos. 66 and 68], and it is based on the following memorandum of points and authorities in support, the Declaration of Mark Francis and accompanying exhibits, the entire record in this matter and on such evidence as may be presented at a hearing on this Motion.

## I.    INTRODUCTION

On August 25 and August 26, 2011, Magistrate Judge Ryu ordered Google to produce certain documents in the litigation ("Lindholm Documents").  [Dkt. Nos. 354 and 361.]  Google promptly did so, but Oracle challenged Google's designation of those documents as "Highly Confidential - Attorneys' Eyes Only" ("AEO") under the Stipulated Protective Order in this case, [Dkt. No. 66 at ¶ 2.8], and requested that Google re-designate the document "Confidential," rather than AEO.  *See* Declaration of Mark Francis in Support of Defendant Google Inc.'s Motion to Retain Confidentiality Designations ("Francis Decl."), Exh. A.  Pursuant to the Court's order, [Dkt. No. 462], the parties held a telephonic meet-and-confer pursuant to ¶ 6.2 of the Protective Order on September 28, 2011, and Oracle's counsel confirmed that the meet and confer process did not resolve the parties' dispute by e-mail dated October 3, 2011.  Francis Decl. ¶3 & Exh. B.[1]  Google brings this motion to defend the AEO designations on the documents in question, which bear the production numbers GOOGLE-12-100000001 - GOOGLE-12-100000011.

---

[1] During the meet-and-confer, the possibility of sharing the Lindholm Documents with a limited number of Oracle in-house counsel and executives was discussed.  Francis Decl. ¶3.  Google, however, has a pending motion for review of Magistrate Judge Ryu's ruling that the Lindholm Documents are not privileged, and for that reason stated that it could not agree to the proposed compromise.  *Id.*

## II.   DISCUSSION

**A.   The Lindholm documents should be designated AEO at least until the privilege dispute is resolved.**

This is not the run-of-the-mill protective order designation disagreement.  The primary reason these documents merit AEO designation is because there is a pending dispute over whether those documents are privileged, and therefore should not have been ordered produced in the first instance.  [*See* Dkt. Nos. 441 and 472.]  Any decisions relating to the confidentiality designation of the Lindholm Documents should therefore be reserved until at least the privilege issue has been resolved.  *Cf. Laethem Equip. Co. v. Deere & Co.*, 2007 WL 2897851 (E.D. Mich. Sept. 28, 2007) (magistrate judge entered but stayed execution of order de-classifying documents because "it would be prudent to permit [the judge] to rule on plaintiffs' objections [to an earlier magistrate order] before enter[ing] an order regarding declassification of documents. . . .").  This approach would be consistent with the Court's previous granting of motions to seal regarding information related to the Lindholm Documents "[o]ut of an abundance of caution."  [Dkt. No. 477; *see also* Dkt. No. 460].

**B.   The Lindholm documents were properly designated as AEO, even assuming they are not privileged.**

Moreover, even without the privilege issue these documents qualify for AEO status under the Stipulated Protective Order.  That order permits AEO designation for documents containing "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means."  [Dkt. No. 66 at ¶ 2.8.]  As reflected in the declaration Google has previously submitted in connection with briefing on the privilege issue, Lindholm was tasked with "gather[ing] information for Google's lawyers and management to consider in evaluating technology issues related to Oracle's infringement claims."  **[Dkt. No. 316 at ¶ 7.]**  A technology analysis related to a highly competitive business area meets the AEO standard.  Moreover, Google does not publicly disclose its internal deliberations and evaluations of threats of litigation or the merits of such claims asserted against it, its potential responses to threats of litigation, or its strategic approach to litigation generally.  [Dkt. No. 443 at ¶ 2.]

### III.   CONCLUSION

For the foregoing reasons, Google's motion should be granted, and the challenged documents should retain their AEO designations.

Dated:  October 11, 2011

Respectfully submitted,

KEKER & VAN NEST LLP

By: s/ Robert A. Van Nest
ROBERT A. VAN NEST
Attorneys for Defendant
GOOGLE INC.