# Exhibit A

**Francis, Mark**

**From:** Daniel Purcell [DPurcell@KVN.com]
**Sent:** Wednesday, September 07, 2011 1:24 AM
**To:** Daniel Purcell; 'Alanna Rutherford'; Weingaertner, Scott
**Cc:** Oracle-Google; 'Oracle MoFo Service List'; DALVIK-KVN; dalvik-KS; Shah, Anup
**Subject:** RE: Oracle v. Google: Confidentiality Designations

Alanna, I've been corrected -- the production numbers you cited were the Lindholm docs we produced. So I think we're at an impasse under the protective order. Please let me know if you disagree. Thanks.

---

From: Daniel Purcell
Sent: Tuesday, September 06, 2011 9:45 PM
To: 'Alanna Rutherford'; Scott Weingaertner
Cc: Oracle-Google; 'Oracle MoFo Service List'; DALVIK-KVN; dalvik-KS; Shah, Anup
Subject: RE: Oracle v. Google: Confidentiality Designations

Alanna, we disagree with Oracle's position for the reasons in my last email and aren't inclined to change the designations. I do have one last question, though, before we declare an impasse -- the production numbers you cite in your first paragraph don't correspond to the Lindholm emails we produced in response to Judge Ryu's order. I just want to be sure we're talking about the same documents.

Thanks.

---

From: Alanna Rutherford [mailto:ARutherford@BSFLLP.com]
Sent: Friday, September 02, 2011 8:48 AM
To: Daniel Purcell; Scott Weingaertner
Cc: Oracle-Google; 'Oracle MoFo Service List'; DALVIK-KVN; dalvik-KS; Shah, Anup
Subject: RE: Oracle v. Google: Confidentiality Designations

Dan,

To respond to your various questions, the Lindholm Documents that I am referring to are those that were produced by Google in response to Judge Ryu's order and previously discussed with and ruled on by Judge Alsup as well (GOOGLE-12-100000001 - GOOGLE-12-100000011). I believe your colleagues understood that during our meet and confer.

Contrary to Google's position, the Lindholm documents are not confidential because (1) Judge Alsup expressly directed that they could be disclosed in open court, they were disclosed for that reason, and Judge Alsup denied Google's motion to redact the transcript; (2) Judge Ryu denied Google's motion to seal the July 21 discovery hearing transcript, which further discloses the contents of the document, and (3) the contents of the document are not confidential, much less highly confidential. The documents contain no "competitively sensitive" information.

Furthermore, we take issue with the repeated fiction that Oracle has somehow breached the Protective Order. As you are aware, Oracle specifically stated that it wanted to give the documents to the Court without discussion of the specific documents that had been produced as Confidential and Highly Confidential by Google. Judge Alsup, without objection from Google, specifically authorized public disclosure of the document. As such, I hope we can finally put this revived misstatement to bed.

Oracle is not making any broad claims regarding the loss of confidentiality of documents generally. We are stating with respect to the Lindholm Documents at issue that when a Court specifically authorizes public disclosure of the documents, the designating party makes no timely objection, and the designating party then moves to redact the record and the motion is denied, those documents should lose their confidentiality designation.

Irrespective of what Google believes should happen, what is clear is that: (1) no

"Privileged & Confidential" footer should have been added to the documents altering them from how they was originally produced; and (2) while we believe the document is now public, in light of the fact that Google claims that it will appeal, at a minimum the document should be downgraded to Confidential. There is simply no reason for the document to be designated as Highly Confidential – Attorneys' Eyes Only. We would like you to agree to reproduce the documents in compliance with these two points as soon as practicable but no later than Tuesday, September 6.

If you would like to discuss further, I am available.

Alanna Rutherford
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, NY 10022
(212) 446-2300 (main)
(212) 446-2350 (fax)
arutherford@bsfllp.com

---

From: Daniel Purcell [mailto:DPurcell@KVN.com]
Sent: Thursday, September 01, 2011 12:10 PM
To: Alanna Rutherford; Scott Weingaertner
Cc: Oracle-Google; 'Oracle MoFo Service List'; DALVIK-KVN; dalvik-KS; Shah, Anup
Subject: RE: Oracle v. Google: Confidentiality Designations

Alanna,

It's my understanding that Oracle is taking the position that, since the contents of some of the Lindholm documents are on the Internet and otherwise have been reported by the media, and in light of Judge Ryu's recent order, those documents are not appropriately designated highly confidential under the protective order.

We disagree for three main reasons. First, although we understand and have complied with Judge Ryu's order, we believe the documents are privileged, will be challenging the order finding otherwise, and for that reason alone cannot agree to permit broader disclosure of those documents. Second, even leaving the privilege issue aside, those documents contain non-public, competitively sensitive communications between Google and its counsel that meet the standard for a highly confidential designation under the protective order. Third, as we've pointed out numerous times, the reason the contents of some of those documents were made public was because Oracle violated the protective order by using those documents during the Daubert hearing without giving any notice to Google. Google has never done anything to make those documents public. I assume Oracle is not taking the position that, just because one of the parties refers to a confidential document in court and the media then reports on it, that document should lose its confidentiality designation. Obviously, that sort of rule would affect Oracle as well as Google.

Finally, just so we understand what relief Oracle is seeking, it would help if you could identify the particular documents at issue here. By "the Lindholm Documents," do you mean just the documents that were produced pursuant to Judge Ryu's order, or something broader? And is Oracle proposing that these documents be designated confidential rather than highly confidential, or have no confidentiality designation at all?

Thanks.

---

From: Alanna Rutherford [mailto:ARutherford@BSFLLP.com]
Sent: Wednesday, August 31, 2011 4:31 PM
To: Scott Weingaertner
Cc: Oracle-Google; 'Oracle MoFo Service List'; DALVIK-KVN; dalvik-KS; Shah, Anup
Subject: RE: Oracle v. Google: Confidentiality Designations Scott,

Oracle agrees with your proposed timetable to resolve the confidentiality designation disputes raised by Oracle's letter of August 10, 2011. Once again, we do not believe we need a stipulation on point 4 of your email but agree nonetheless.

I still have not heard back on the Lindholm Documents designations. Could someone at Keker, who I understand is handling the issue, please respond?

Thanks,

Alanna Rutherford
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, NY 10022
(212) 446-2300 (main)
(212) 446-2350 (fax)
arutherford@bsfllp.com

---

From: Weingaertner, Scott [mailto:SWeingaertner@KSLAW.com]
Sent: Wednesday, August 31, 2011 6:12 PM
To: Alanna Rutherford
Cc: Oracle-Google; 'Oracle MoFo Service List'; 'DALVIK-KVN'; dalvik-KS; Shah, Anup
Subject: RE: Oracle v. Google: Confidentiality Designations

Alanna,

I am following up to confirm that you received my message, and to let you know that we would be grateful for your reply at your earliest opportunity this evening.

Thank you,

Scott

Scott Weingaertner
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel 212-556-2227

---

From: Weingaertner, Scott
Sent: Wednesday, August 31, 2011 4:25 PM
To: 'Alanna Rutherford'
Cc: Oracle-Google; Oracle MoFo Service List; DALVIK-KVN; dalvik-KS; Shah, Anup
Subject: RE: Oracle v. Google: Confidentiality Designations Alanna,

Thanks for your time during our call of a few minutes ago. Below is the arrangement we discussed, agreeing to the Friday timeframe you proposed for re-designation and providing a timeline for speedily resolving any remaining issues, though we aim to resolve them fully. Kindly confirm your agreement or provide any proposed revisions.

We believe that the parties have made progress in resolving the issues concerning re-designation of portions of deposition transcripts since the parties' telephone discussion yesterday. We further believe that the issues have been narrowed and will continue to be narrowed sufficiently to resolve any remaining issues.

In view of that and to avoid unnecessary motion practice, the parties agree: (1) that Google will provide revised designations for the transcripts in question by Friday, September 2, 2011; (2) that the parties will address any remaining issues by way of a meet and confer not later than Tuesday, September 6, 2011; (3) that any communications to the court seeking permission to move for either re-designation (by Oracle) or protection (by Google) shall be filed by Friday, September 9, 2011; and (4) that any such motions will be treated as timely, and the parties will not challenge such timeliness under the terms of the Protective Order.

Thank you.

Regards,

Scott

Scott Weingaertner
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel 212-556-2227

---

From: Alanna Rutherford [mailto:ARutherford@BSFLLP.com]
Sent: Wednesday, August 31, 2011 3:14 PM
To: Weingaertner, Scott
Cc: Oracle-Google; Oracle MoFo Service List; DALVIK-KVN; dalvik-KS; Shah, Anup
Subject: RE: Oracle v. Google: Confidentiality Designations Scott,

Please see the attached. We did not agree to provide further explanation for the designations; nonetheless, both to expedite the matter and in the spirit of cooperation, I do so in the attached letter. I am not sure what stipulation needs to be made. The stipulated and agreed to Protective Order sets forth the parameters for the designations at issue.

Regards,

Alanna Rutherford
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, NY 10022
(212) 446-2300 (main)
(212) 446-2350 (fax)
arutherford@bsfllp.com

---

From: Weingaertner, Scott [mailto:SWeingaertner@KSLAW.com]
Sent: Wednesday, August 31, 2011 1:22 PM
To: Alanna Rutherford
Cc: Oracle-Google; Oracle MoFo Service List; DALVIK-KVN; dalvik-KS; Shah, Anup
Subject: RE: Oracle v. Google: Confidentiality Designationsdalvik-KS

Alanna,

During our telephone call yesterday to discuss Oracle's request that Google de-designate portions of its witness transcripts, you and Meredith Dearborn agreed to provide us by the end of the day yesterday with Oracle's bases for de-designation with greater detail as well as what Oracle is specifically requesting with respect to the portions of Google's transcripts that discussed information designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. We did not receive any further communication from you regarding this matter yesterday, and request that you provide it as soon as possible today.

Google anticipates that the parties will be able to resolve this matter without the Court's intervention, as to either the de-designation or as to the propriety of the purported challenge. Accordingly, we request a short call with you today to address any potentially remaining de-designation issues and to discuss a stipulation to aid in the prompt and amicable resolution of any remaining designation or challenge issues.

Please let us know when you are available for a short call as soon as possible today.

Thank you,

Scott

Scott Weingaertner
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel 212-556-2227

---

From: Alanna Rutherford [mailto:ARutherford@BSFLLP.com]
Sent: Monday, August 29, 2011 12:50 PM
To: Shah, Anup; Weingaertner, Scott
Cc: Oracle-Google; Oracle MoFo Service List; DALVIK-KVN; dalvik-KS
Subject: RE: Oracle v. Google: Confidentiality Designationsdalvik-KS Please let me know if you are available today for a meet and confer on the issue.

Alanna Rutherford
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, NY 10022
(212) 446-2300 (main)
(212) 446-2350 (fax)
arutherford@bsfllp.com

---

From: Shah, Anup [mailto:AShah@KSLAW.com]
Sent: Monday, August 29, 2011 12:47 PM
To: Alanna Rutherford; Weingaertner, Scott
Cc: Oracle-Google; Oracle MoFo Service List; DALVIK-KVN; dalvik-KS
Subject: RE: Oracle v. Google: Confidentiality Designationsdalvik-KS

Alanna,

That is not Google's position, and we believe that Google made its position on this issue clear in its letter, and accordingly, we stand on it.

Regards,

---

From: Alanna Rutherford [mailto:ARutherford@BSFLLP.com]
Sent: Thursday, August 25, 2011 6:08 PM
To: Weingaertner, Scott
Cc: Oracle-Google; Oracle MoFo Service List; DALVIK-KVN; Shah, Anup
Subject: RE: Oracle v. Google: Confidentiality Designationsdalvik-KS Scott,

I am unclear about your letter of yesterday concerning confidentiality designations. Could you please let me know today whether it is Google's position that it does not have to designate any portion of its depositions as public, even when the information or documents being discussed are in the public domain? If so, what is the basis for that reading?

Thanks,

Alanna Rutherford
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, NY 10022
(212) 446-2300 (main)
(212) 446-2350 (fax)
arutherford@bsfllp.com

---

From: Shah, Anup [mailto:AShah@KSLAW.com]
Sent: Wednesday, August 24, 2011 5:51 PM
To: Thomas Ling; dalvik-KS
Cc: Oracle-Google; Oracle MoFo Service List; DALVIK-KVN
Subject: RE: Oracle v. Google: Confidentiality Designations

Thomas,

Please see the attached on behalf of Scott Weingaertner.

Regards,

Anup M. Shah

King & Spalding LLP
100 North Tryon Street, Suite 3900
Charlotte, NC 28202
(704) 503-2559
ashah@kslaw.com

---

From: Thomas Ling [mailto:TLing@BSFLLP.com]
Sent: Wednesday, August 10, 2011 2:35 PM
To: Google-Oracle-OutsideCounsel; dalvik-KS
Cc: Oracle-Google; Oracle MoFo Service List
Subject: Oracle v. Google: Confidentiality Designations Scott,

Please see the attached letter.

Regards,

Thomas
Thomas Ling
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Tel.: 212.909.7637
Fax: 212-446-2350
tling@bsfllp.com<mailto:tling@bsfllp.com>

---

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other

use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

---
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

---
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

---
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

---
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]