**KEKER & VAN NEST** LLP

**Robert Van Nest**
rvannest@kvn.com

October 12, 2011

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:    *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

      The Court should deny Oracle's request to file a motion to strike portions of the reports of Google's damages experts Gregory Leonard and Alan Cox.  Oracle's request is meritless on its face.  All of Oracle's complaints are either factually mistaken, irrelevant to the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), or both.

      *First,* Oracle complains that Dr. Leonard and Dr. Cox lack technical qualifications, but offer technical opinions anyway.  Oracle is wrong.  Neither Dr. Leonard nor Dr. Cox offers a single opinion about a technical engineering issue.  They rely on the opinions of Google's technical experts for background supporting their damages opinions, which Oracle's experts also have done.  Indeed, Oracle's experts also relied on the work of ordinary Oracle employees who have conducted flawed benchmarking studies.  An expert is entitled to offer opinion testimony based on any materials of a type reasonably relied on by experts in a given field.  *See* Fed. R. Civ. 703.  It is routine, and entirely proper, for a damages expert in a technical patent case to rely on a technical expert for background, and Oracle cites no authority to the contrary.

      *Second,* again without citing any authority, Oracle objects to Dr. Leonard's and Dr. Cox's reliance on interviews with Google employees.  This is also meritless.  Experts may rely on interviews with percipient witnesses in forming an opinion. *See Scott v. Ross,* 140 F.3d 1275,

The Honorable William Alsup
October 12, 2011
Page 2

1286 (9th Cir. 1998); *Lang v. Cullen,* 725 F. Supp. 2d 925, 953 & n.51 (C.D. Cal. 2010).  Google has identified all the interviewees and provided Oracle with every page of Dr. Leonard's and Dr. Cox's interview notes.  Google intends to present each of the interviewees as a trial witness to testify from personal knowledge, so the jury may hear and evaluate their testimony *before* Dr. Leonard and Dr. Cox testify.  With respect to nearly all the interviewees, Oracle either has taken their depositions or chosen not to.  Oracle has deposed all of Google's technical experts.

Oracle's complaint focuses on two witnesses who it claims were never disclosed—John Rizzo and Tim Bray.  As to Rizzo, Oracle is wrong.  Google's original initial disclosures, served on December 2, 2010, disclosed all members of the Java Community Process Executive Committee, a group that Oracle's own website describes as including Rizzo.  On July 6, 2011, Google disclosed Rizzo individually.  Oracle chose not to depose him.  To the extent Oracle claims that disclosure was not timely, Oracle has amended its own disclosures multiple times since July 6 to add witnesses it intends to present at trial.  Oracle is also wrong about Bray, who was one of Google's document custodians; in fact, *Oracle* identified Bray to Google in a March 1, 2011 letter.  Google then produced Bray's documents.  On June 3, 2011, Oracle amended *its* disclosures to add all Google's document custodians (including Bray), and on July 6, 2011, Google added its custodians (including Bray).  In contrast, Oracle's trial witness list includes witnesses *never* previously mentioned in Oracle's disclosures, including two employees whose benchmarking studies are the foundation of Oracle's damages case.  Further, Dr. Leonard and Dr. Cox didn't rely on Bray for "core" technical propositions—only for the factual point that most top-selling Android applications are written in languages other than Java.  Google is willing to make Bray available for deposition before the damages trial, if the Court so directs.

The Honorable William Alsup
October 12, 2011
Page 3

*Third,* Oracle falsely argues that Google's experts relied on material that Google did not produce in discovery. In reality, *every page* of the "33 agreements" and "Google 'dashboards'" that Oracle cites has been produced—and Oracle must know that. They were given to Google's experts shortly before production, prior to being stamped with production numbers, but Oracle has had all of them for months. (Actually, each document is also separately listed in the reports under its eventual production number.) Likewise, Google did not improperly "filter" any data. This Court recently ruled that Oracle's patent damages case is limited to U.S. sales of the eight accused models identified in Oracle's infringement contentions. Google provided Dr. Leonard with U.S. activation data for those models so he could apply the Court's specified parameters. In any event, Oracle never requested *any* handset activation data during discovery.

*Fourth,* Oracle raises several cross-examination points, such as Dr. Leonard's evaluation of the academic literature on conjoint studies. This is not a *Daubert* issue. Oracle distorts Dr. Cox's damages opinion, falsely claiming he opines that Oracle's copyright damages should be zero, when Dr. Cox offers a range of potential damages—as high as $39.6 million of Google's profits, $5.9 million in lost profits, and $6.44 million for the lost value of a fair-market license. Oracle also quarrels with Dr. Cox's opinion reducing Oracle's damages because Google could have earned as much from Android without any alleged infringement, but this is exactly what the law required Dr. Cox to do: identify Google's profits not attributable to the alleged infringement.

*Fifth,* Oracle accuses Dr. Leonard and Dr. Cox of making *ipse dixit* factual assertions, but doesn't offer a single example. In other words, its *ipse dixit* accusation is itself *ipse dixit*.

For all the above reasons, there is no point in allowing Oracle to file a *Daubert* motion.

Sincerely, /s/ Robert A. Van Nest

584576.01