# KEKER & VAN NEST LLP

**Robert Van Nest**
rvannest@kvn.com

October 12, 2011

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:   *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Google renews its request to file, on a schedule to be set by the Court, a motion for partial summary judgment on Oracle's entitlement to damages on its patent claims due to the fact that none of its or its licensees' products were marked as embodying the patents-in-suit.  On August 12, 2011, Google filed a *précis* letter seeking leave to file that motion.  Oracle opposed, and on August 19, 2011, the Court denied Google's request without prejudice, concluding that such a motion would be premature "because so many of the asserted claims still remaining in the case will not be tried."  Since then, Oracle has committed to try 26 claims from six patents.  With Oracle's commitment, the marking issue is now ripe for decision by the Court.

In response to Google's Request for Production No. 4, Oracle admitted it "*is not aware of any device, system, or product expressly marked with the patent number of any of the Patents-in-Suit or Related Patents*."  As a result, Oracle may not recover damages for the period pre-dating notice to Google of alleged infringement of the patents-in-suit.

The marking statute requires that:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article … may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them

633 Battery Street, San Francisco, CA 94111-1809  |  415 391 5400  |  kvn.com

584650.01

The Honorable William Alsup
October 12, 2011
Page 2

> is contained, a label containing a like notice. ***In the event of a failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice***.

35 U.S.C. § 287(a) (emphasis added). Although the marking statute does not extend to method claims because, "ordinarily, where the patent claims are directed to only a method or process there is nothing to mark," *American Med. Sys., Inc. v. Medical Eng'g Corp.,* 6 F.3d 1523, 1538-39 (Fed. Cir. 1993), the Federal Circuit has long held that where "***both apparatus and method claims … were asserted*** and there was a physical device produced by the claimed method that was capable of being marked," the patentee must mark that physical device in order "to recover damages" prior to the date of notice, even "under its method claims." *Id.* at 1539 (emphasis added). The Federal Circuit reaffirmed this rule just two years ago in *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.,* 559 F.3d 1308, 1316-17 (Fed. Cir. 2009).

Here, as to five of the six patents-in-suit (all but the '205 patent) Oracle has committed to assert apparatus, system, or computer-readable medium claims, whose embodiments include tangible objects and trigger the obligation to mark. Oracle has identified numerous such products that it contends actually "practice the asserted claims of" each of the five patents-in-suit. *See* Oracle's Second Supplemental Patent Local Rule 3-1 Disclosure at 9-11. Among the products Oracle identifies are multiple releases of its Java desktop, enterprise, mobile, and embedded software platforms. *Id.* Software products must be marked, particularly where they are made available on websites, as the Java platform software was. *See Soverain Software LLC v. Amazon.com, Inc.,* 79 U.S.P.Q.2d 1208, 1212 (E.D. Tex. 2005); *IMX Inc. v. LendingTree LLC,* 79 U.S.P.Q.2d 1373, 1375-76 (D. Del. 2005); *Northbrook Digital Corp. v. Browster, Inc.,* 2008

The Honorable William Alsup
October 12, 2011
Page 3

WL 4104695, at *4 (D. Minn. Aug. 26, 2008).

In addition to Oracle's own practice of the patents, the marking requirement extends also to any products practicing the patents that are sold by the patentee's licensees. *See Amsted Indus. v. Buckeye Steel Castings Co.,* 24 F. 3d 178, 185 (Fed. Cir 1994); *Devices for Med., Inc. v. Boehl,* 822 F. 2d 1062, 1292 (Fed. Cir 1987). Here, Oracle admitted in its response to Google's Interrogatory No. 1 that it both practices the "patents in suit in its own Java-related products and authorizes others to practice them through its Java licensing program." Among the "others" are mobile-phone manufacturers whose handsets sold in the United States practice the patents.

To recover patent-infringement damages for the period before it gave notice to Google of the alleged infringement, Oracle must show that it (or its licensees) actually marked products on the market that allegedly practice the patents. That marking would have to have been "substantially consistent and continuous," which would have required that "substantially all" of the patented products were marked. *American Med. Sys.,* 6 F.3d at 1537-38. But Oracle has directly admitted it has no evidence of *any* marking by anyone.

Accordingly, Oracle is barred as a matter of law from recovering pre-notice damages as to five of the six patents-in-suit—every patent except the '205. This is a significant issue, because Oracle's revised expert report on damages, served on September 10, 2011, confirms that Oracle is seeking damages beginning in 2007, even though Google contends Oracle first gave Google actual notice of the patents-in-suit on July 20, 2010. The date of actual notice can be determined at trial, but the Court can and should rule now that Oracle failed to mark and that, as a result, Oracle is barred from recovering patent damages prior to the date of actual notice.

Sincerely, /s/ Robert A. Van Nest

584650.01