**KEKER & VAN NEST** LLP

**Robert Van Nest**
rvannest@kvn.com

October 12, 2011

**VIA E-FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:     *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Google requests permission to file, on a schedule to be determined by the Court, a motion to strike two "rebuttal" expert reports served on October 10, 2011 by Oracle damages expert Dr. Kenneth Serwin.  Prior to serving these reports, Dr. Serwin had never previously submitted any report in this case.  Nothing in any of this Court's orders regarding expert disclosures and expert reports gives Oracle the right to serve "rebuttal" reports from damages experts that did not serve initial reports.  Accordingly, the Court should strike both Serwin reports.

The Court first set a schedule for damages expert discovery in a November 19, 2010 case management order.  That order required Oracle to "serve all of its damages report" 70 days before the July 29, 2011 due date for "other non-damages opening reports."  Nov. 19, 2010 Order ¶¶ 8-9.  The Order then contemplated that Google would file a *Daubert* motion, and that Google would serve its "opposition report" 14 days after that motion was resolved with Oracle serving a "reply" report seven days after Google's opposition report.  *Id.* ¶ 9.  The November 19, 2010 order did not give any party permission to submit "rebuttal" reports, either with respect to the damages reports specifically, *id.,* or expert reports generally.  *Id.* ¶ 8.  Indeed, that order made clear that even reply material would be "subject to possible exclusion for 'sandbagging.'" *Id.*

The Honorable William Alsup
October 12, 2011
Page 2

When the Court granted Google's *Daubert* motion on Oracle's initial damages report, the Court revised the prior schedule, which had contemplated that at least some portion of Oracle's initial damages report would survive review. In its July 22, 2011 order, the Court ordered Oracle to submit its "revised damages report limited to the claims actually to be tried" 35 days before the final pretrial conference—September 12, 2011—and Google to serve any "responsive defense report" 14 days prior to that conference—October 3, 2011. July 22, 2011 Order at 15-16. The July 22, 2011 order made no mention of reply reports, and certainly did not give either party the right to serve "rebuttal" reports from experts who did not serve an initial report.

After Oracle served the revised damages report of Dr. Iain Cockburn on September 12, 2011, Google contacted Oracle about scheduling Dr. Cockburn's deposition. Google asked Oracle if it contended Dr. Cockburn had the right to a reply report, because Oracle's position on that issue would affect the timing of Dr. Cockburn's deposition. Oracle responded that, despite the fact that the July 22, 2011 order did not provide for any such thing, it had the right to serve a reply report seven days after Google's responsive report, on October 10, 2011. Because the Court's November 19, 2010 order made clear that experts were to be deposed only once, Google agreed to forego deposing Dr. Cockburn prior to service of Google's responsive report if Oracle agreed to serve a formal reply report from Dr. Cockburn disclosing all of Dr. Cockburn's reply opinions. Never once, during these discussions or at any other time, did Oracle assert the right to serve a "rebuttal" damages report from an expert who had not submitted an initial report, or give Google any indication that it was planning to do so.

On October 10, 2011, along with Dr. Cockburn's reply reports, Oracle also served two "rebuttal" reports on damages from Dr. Kenneth Serwin, who had never previously submitted a

584682.01

The Honorable William Alsup
October 12, 2011
Page 3

report in this case.  But the Court gave the parties clear instructions on how to conduct damages expert discovery, and none of the Court's directives permit any party to serve "rebuttal" reports.  Moreover, even outside the context of damages expert discovery, neither party *has* served any "rebuttal" reports, on any issue, from any expert who had not previously submitted an initial report.  Both parties have always confined themselves to serving reply reports from experts who submitted initial reports.  Oracle's service of the Serwin reports violates the parties' consistent practices in addition to finding no support in the Court's previous orders.  Accordingly, Google respectfully requests leave to file a motion to strike those reports.

Sincerely,

/s/ Robert A. Van Nest

584682.01