[Counsel Signatures Appear at the End]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA (DMR) |
| Plaintiff, | **PARTIES' JOINT PROPOSED PRETRIAL ORDER** |
| v. | |
| GOOGLE INC. | Honorable William Alsup |
| Defendant. | |

# TABLE OF CONTENTS

**Page**

I.  CLAIMS AND DEFENSES THAT REMAIN TO BE DECIDED ................................... 1

II.  RELIEF SOUGHT BY EACH OF THE PARTIES ........................................... 6

III.  STIPULATED FACTS ................................................................. 7

IV.  ISSUES OF LAW WHICH REMAIN TO BE RESOLVED ........................................... 9

V.  FACTUAL ISSUES THAT REMAIN TO BE TRIED ................................................... 13

           LIABILITY PHASE ......................................................... 14

           DAMAGES PHASE ......................................................... 23

VI.  EXHIBIT AND WITNESS LISTS ................................................................. 25

**JOINT PROPOSED PRETRIAL ORDER**

Pursuant to the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases, the parties submit the following Joint Proposed Pretrial Order.

## I.      CLAIMS AND DEFENSES THAT REMAIN TO BE DECIDED

Oracle asserts claims against Google for alleged infringement of Oracle's copyrights in significant components of Oracle's Java software platform, and for alleged infringement of six Java-related patents.  At the Court's direction, Oracle has reduced the number of patent claims it will assert at trial, and Google has reduced the number of invalidity defenses it will assert.  The following claims and defenses remain to be decided:

**Copyright Infringement Claim**

**Oracle's Statement**:  Oracle asserts that Google is liable for direct and indirect copyright infringement for copying into Android significant portions of the copyrighted Java design specifications, and for creating derivative works in Android based on those specifications that incorporate the API designs.  Google's infringement includes (1) copying into Android 37 design specifications for Java application programming interface packages ("APIs"); (2) creating derivative works based on those 37 API design specifications in the Android API specifications and in Android's implementation of the API specifications, and (3) copying 12 Java software code files.  Google's infringement was willful and specifically intended to enable Android to take advantage of the immense, preexisting ecosystem of Java application developers, thereby allowing Android to rapidly gain a significant commercial foothold.  Google's infringement resulted in Google appropriating for itself the substantial benefits of Java while undermining Java's core "write once, run anywhere" promise.

**Google's Statement**:  Google has not infringed, does not infringe (either directly or indirectly), and is not liable for infringement of any valid copyright or copyrights of Oracle.  Google likewise has not engaged in purposeful, culpable expression or conduct designed or intended to result in others infringing Oracle's asserted copyrights and thus is not liable under Oracle's inducement claim.  Oracle's copyright claims are barred to the extent that Oracle claims rights to elements of Oracle software or other works that are functional, are not original, or are

otherwise not protectable by copyright and/or are not protected by the asserted copyrights. Oracle's Asserted Copyrights are unenforceable because Oracle's delay in bringing the suit was unreasonable and inexcusable, and Google suffered material prejudice due to the delay.  Oracle's asserted copyrights are also unenforceable because Oracle's and Sun's statements and actions were such that it was reasonable to infer that Oracle did not intend to enforce its copyrights, Google relied on the misleading conduct, and Google will be materially prejudiced if Oracle is allowed to proceed with its claim.  Accordingly, Oracle is estopped from enforcing those copyrights now or, in the alternative, granted Google an implied license to those copyrights through its conduct.  Oracle's asserted copyrights are further unenforceable because Oracle knowingly waived any right it may have to enforce its asserted copyrights. In addition, Oracle's claims for copyright infringement are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107 in view of the nature of the works asserted by Oracle and covered by the asserted copyrights, the amount (if any) and substantiality of the portions of such works used by Google in relation to the works as a whole, the purpose and character of any use thereof made by Google, and the effect, if any, of such use on the potential market for the works.  Furthermore, Oracle's claims for copyright infringement are barred by the doctrine of de minimis copying, as any protectable portions of the works that are the subject of the asserted copyrights used by Google have been de minimis.

### Patent Infringement Claims

Oracle asserts that Google is liable under 35 U.S.C. § 271(a), (b), and (c) for direct and indirect infringement of the asserted claims of the six patents-in-suit through Google's manufacture, use, sale, and distribution of the Android platform, including Android mobile devices and software and the Android SDK.  Oracle claims that Google contributes to the infringement of Android mobile device manufacturers, carriers, developers and end users of the '104, '205, '476 and '720 patents.  Oracle contends that Google also contributes to the infringement of Android mobile device manufacturers and developers of the '520 and '702 patents.  Oracle contends that Google's infringement was willful.  The asserted patent claims and Google's defenses are as follows:

(1)    Claims 11, 27, 29, 39, 40, and 41 of United States Patent No. RE38,104 ("the '104 patent").  (Complaint, Count V.)  Oracle contends that the asserted claims are infringed by Android's Dalvik virtual machine and dexopt software, both of which Oracle contends resolve symbolic references in the bytecode into numeric references indicating memory locations.

Google denies infringement of the '104 patent and contends that the asserted claims are anticipated by D. Gries, "Compiler Construction for Digital Computers," John Wiley & Sons, Inc. (1971); anticipated by U.S. Pat. No. 4,571,678 to Chaitin; rendered obvious in view of J.W. Davidson, "Cint: A RISC Interpreter for the C Programming Language," SIGPLAN '87 Papers of the Symposium on Interpreters and Interpretive Techniques (1987), and further in view of AT&T, System V Application Binary Interface Motorola 68000 Processor Family Supplement, Prentice Hall Int'l (1990); and invalid for failure to comply with 35 U.S.C. § 251 (reissue statute).  Google seeks a declaratory judgment of non-infringement and invalidity.

(2)    Claims 1 and 2 of United States Patent No. 6,910,205 ("the '205 patent"). (Complaint, Count VI.)  Oracle contends that the asserted claims are infringed by Android's dexopt software and Just-In-Time compiler, both of which Oracle contends translate certain bytecode instructions into new instructions that reference or represent native code.

Google denies infringement of the '205 patent and contends that the asserted claims are anticipated by P. Tarau et al., "The Power of Partial Translation: An Experiment with the CIfication of Binary Prolog," ACM Symposium on Applied Computing (1995); anticipated by P. Magnusson, "Partial Translation," Swedish Institute of Computer Science Technical Report (T93:5) (Oct. 1993); anticipated by U.S. Pat. No. 5,842,017 to Hookway et al.; rendered obvious in view of B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for Compilation," ACM, IR '95, 1/95, San Francisco, California, USA (1995), and further in view of Magnusson.  Google seeks a declaratory judgment of non-infringement and invalidity.

(3)    Claims 1, 6, 7, 12, 13, 15, and 16 of United States Patent No. 5,966,702 ("the '702 patent").  (Complaint, Count III.)  Oracle contends that the asserted claims are infringed by Android's dx tool, which Oracle contends pre-processes class files to identify and remove

duplicated constant pool entries, places them into a shared table, and forms a multiclass file of reduced class files and the shared table.

Google denies infringement of the '702 patent and contends that the asserted claims are anticipated by U.S. Pat. No. 5,815,718 to Tock, et al.; and anticipated or rendered obvious by U.S. Pat. No. 5,613,120 to Palay.  Google seeks a declaratory judgment of non-infringement and invalidity.

(4)     Claims 1, 6, 10, 19, 21, and 22 of United States Patent No. 7,426,720 ("the '720 patent").  (Complaint, Count IV.)  Oracle contends that the asserted claims are infringed by Android's zygote software, which Oracle contends clones a child Dalvik virtual machine from a master Dalvik virtual machine for each new application launched using a copy-on-write cloning mechanism that defers copying of the shared memory space until a process attempts to write to a portion of the shared memory space.

Google denies infringement of the '720 patent and contends that the asserted claims are rendered obvious in view of U.S. Pat. No. 6,823,509 to Webb et al., further in view of U.S. Pat. Pub. No. 2003/0088604 to Kuck et al., and further in view of M. J. Bach, The Design of the Unix Operating System, Bell Telephone Labs., Inc. (1986); rendered obvious in view of U.S. Pat. No. 6,405,367 to Bryant et al., and further in view of U.S. Patent Pub. No. 2004/0010787 to Traut et al.; and invalid under 35 U.S.C. §§ 101/102 (printed matter).[1]  Google seeks a declaratory judgment of non-infringement and invalidity.

(5)     Claims 1, 8, 12, and 20 of United States Patent No. 6,061,520 ("the '520 patent"). (Complaint, Count VII.)  Oracle contends that the asserted claims are infringed by Android's dx tool, which Oracle contends simulates execution of bytecode to identify the static initialization of an array, and software run in association with the dx tool.

---

[1] Oracle does not agree that Google can assert the "printed matter" defense, since Google failed to obtain leave to amend its invalidity contentions to include that defense.  Google contends it is entitled to raise the "printed matter,"defense now, because that defense is a purely legal challenge, and the Court did not decide whether Google was obligated to raise purely legal challenges in its invalidity contentions.

Google denies infringement of the '520 patent and contends that the asserted claims are anticipated by B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for Compilation," ACM, IR '95, 1/95, San Francisco, California, USA (1995); anticipated by M. Cierniak et al., "Briki: an Optimizing Java Compiler," IEEE Compcon '97 Proceedings (1997); rendered obvious in view of Cierniak, and further in view of Lindholm, Java virtual machine Specification, Release 1.0 Beta DRAFT (1995); and invalid under 35 U.S.C. § 101 ("computer-readable medium" - carrier wave not patentable).  Google seeks declaratory judgment of non-infringement and invalidity.

(6)     Claim 14 of United States Patent No. 6,192,476 ("the '476 patent").  (Complaint, Count II.)  Oracle contends that Claim 14 is infringed by Android's inclusion of the Java security framework provided in part by the java.security package.

Google denies infringement of the '476 patent and contends that the asserted claims are anticipated by U.S. Pat. No. 5,412,717 to Fischer; invalid under 35 U.S.C. § 101 ("computer-readable medium" - carrier wave not patentable); and invalid under 35 U.S.C. §§ 101/102 (printed matter).[2]  Google seeks declaratory judgment of non-infringement and invalidity.

Finally, Google contends that all six of the asserted patents are unenforceable because Oracle's delay in bringing the suit was unreasonable and inexcusable, and Google suffered material prejudice due to the delay.  Google contends that the asserted patents are also unenforceable because Oracle's and Sun's statements and actions were such that it was reasonable to infer that Oracle did not intend to enforce those patents Google relied on the misleading conduct, and Google will be materially prejudiced if Oracle is allowed to proceed with its claim.  Accordingly, Google contends that Oracle is estopped from enforcing those patents now or, in the alternative, granted Google an implied license to those patents through its conduct.  Google contends that the asserted patents are further unenforceable because Oracle knowingly waived any right it may have to enforce those patents.

---

[2] As stated in footnote 1, Oracle and Google dispute whether Google can assert the "printed matter" defense.

## II.     RELIEF SOUGHT BY EACH OF THE PARTIES

**Oracle seeks the following relief**

(1)   That the Court enter a judgment holding Google liable for infringement of the patents and copyrights at issue;

(2)   That the Court permanently enjoin Google, its officers, agents, servants, employees, attorneys, affiliated companies, assigns, successors in interest, and all others in active concert or participation with it, from continued acts of infringement of the patents and copyrights in suit, including enjoining Google from continuing to manufacture, use, or distribute unauthorized, non-Java-compliant versions of the Android platform containing the patented technology and copyrighted code and documentation, unless Google commits in writing, in a form prescribed by Oracle, to ensure that Android will be Java-compatible and comply with all applicable Java licensing conditions within a reasonable prescribed period;

(3)   That the Court award reasonable royalty damages for Google's past infringement of the patents-in-suit, together with prejudgment and post-judgment interest;

(4)   That the Court award actual damages resulting from Google's past copyright infringement, plus Google's profits attributable to past infringement (to the extent they are not duplicative of actual damages), together with prejudgment and post-judgment interest;

(5)   That the Court treble the patent damages under 35 U.S.C. § 284 in view of the willful and deliberate nature of Google's infringement of the patents-in-suit;

(6)   That the Court award attorneys' fees and costs in view of the willful and deliberate nature of Google's copyright infringement;

(7)   That the Court award Oracle its costs and attorneys' fees under 35 U.S.C. § 285 and 17 U.S.C. § 505; and

(8)   That the Court award any other legal and equitable relief as may be available under law and which the Court may deem proper.

**Google seeks the following relief:**

(1)   That the Court enter a judgment dismissing Oracle's Complaint against Google with prejudice;

(2)  That the Court issue a declaration that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claims of the patents-in-suit;

(3)  That the Court issue a declaration that the patents-in-suit are invalid for failure to satisfy one or more of the requirements of Sections 100 et seq., 101, 102, 103, 112, 251, and/or 252 of Title 35 of the United States Code;

(4)  That the Court issue a declaration that Oracle's claims are barred, in whole or in part, under the doctrines of implied license, laches, equitable estoppel, and/or waiver;

(5)  That the Court issue a declaration that Oracle's claim for damages, if any, against Google for alleged infringement of the patents-in-suit are limited by 35 U.S.C. §§ 286, 287 and 288;

(7)  That the Court declare that Google has not infringed, either directly or indirectly, any of the asserted copyrights;

(8)  That the Court declare this to be an exceptional case and award Google its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

(9)  That the Court award such other and further relief as the Court may deem just and proper.

### III.    STIPULATED FACTS

The parties stipulate to the following facts:

(1)  Oracle America, Inc. ("Oracle") is a corporation organized under the laws of the State of Delaware with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065.  Oracle does business in the Northern District of California.

(2)  Google, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google does business in the Northern District of California.

(3)  On January 27, 2010, Oracle Corporation acquired Sun Microsystems, Inc. ("Sun"). Sun changed its name to Oracle America, Inc., a subsidiary of Oracle Corporation.

1    (4)  On February 20, 2001, United States Patent No. 6,192,476 ("the '476 patent"),

2  entitled "Controlling Access To A Resource," was issued to Sun by the United States Patent and

3  Trademark Office.

4    (5)  Oracle is the current owner of the entire right, title, and interest in and to the '476

5  patent.

6    (6)  On October 12, 1999, United States Patent No. 5,966,702 ("the '702 patent"), entitled

7  "Method And Apparatus For Preprocessing And Packaging Class Files," was issued to Sun by the

8  United States Patent and Trademark Office.

9    (7)  Oracle is the current owner of the entire right, title, and interest in and to the '702

10  patent.

11    (8)  On September 16, 2008, United States Patent No. 7,426,720 ("the '720 patent"),

12  entitled "System And Method For Dynamic Preloading Of Classes Through Memory Space

13  Cloning Of A Master Runtime System Process," was issued to Sun by the United States Patent

14  and Trademark Office.

15    (9)  Oracle is the current owner of the entire right, title, and interest in and to the '720

16  patent.

17    (10)  On April 29, 2003, United States Patent No. RE38,104 ("the '104 patent"), entitled

18  "Method And Apparatus For Resolving Data References In Generated Code," was  issued to Sun

19  by the United States Patent and Trademark Office.

20    (11)  Oracle is the current owner of the entire right, title, and interest in and to the '104

21  patent.

22    (12)  On June 21, 2005, United States Patent No. 6,910,205 ("the '205 patent"), entitled

23  "Interpreting Functions Utilizing A Hybrid Of Virtual And Native Machine Instructions," was

24  issued to Sun by the United States Patent and Trademark Office.

25    (13)  Oracle is the current owner of the entire right, title, and interest in and to the '205

26  patent.

27

28

1   (14)  On May 9, 2000, United States Patent No. 6,061,520 ("the '520 patent"), entitled
2   "Method And System for Performing Static Initialization," was issued to Sun by the United States
3   Patent and Trademark Office.

4   (15)  Oracle is the current owner of the entire right, title, and interest in and to the '520
5   patent.

6   (16)  Sun registered with the U.S. Copyright Office the Java 2 Standard Edition ("J2SE")
7   Version 1.4.

8   (17)  Sun registered with the U.S. Copyright Office the Java 2 Standard Edition Version
9   5.0.

10   (18)  Oracle makes no claim for the protectibility under copyright of the Java
11   programming language, in and of itself.

12   **IV.     ISSUES OF LAW WHICH REMAIN TO BE RESOLVED**

13   Below are the issues of law which remain to be resolved by the Court.  The issues labeled
14   "JOINT" are issues of law or equity that both parties agree should be resolved by the Court.
15   Issues labeled "GOOGLE" are issues proposed solely by Google for resolution by the Court;
16   Oracle believes these issues have either already been resolved, are not properly in the case, or are
17   factual issues for jury resolution.

18   **LIABILITY PHASE**

19   **Copyright**

20   1.     [JOINT]  Whether, by virtue of the copyright registrations of the J2SE and JDK
21   materials, Sun registered its copyrights in the 37 Java API design specifications that Oracle has
22   accused Google of copying into Android.

23   2.     [JOINT]  Whether, by virtue of the copyright registrations of the J2SE and JDK
24   materials, Sun registered its copyrights in the twelve Java code files that Oracle has accused
25   Google of copying into Android.

26   3.     [GOOGLE]  Whether any of the allegedly copied elements, including any
27   allegedly copied selection, arrangement, or organization, are copyrightable.  This includes the
28   following subissues:

1          (a)  Whether any of the allegedly copied elements, including any allegedly copied

2   selection, arrangement, or organization, are ideas, methods of operation, or functional

3   requirements for compatibility;

4          (b) Whether any of the allegedly copied elements, including any allegedly copied

5   selection, arrangement, or organization, are scenes a faire; and

6          (c) Whether the expression in any of the allegedly copied elements, including any

7   allegedly copied selection, arrangement, or organization has merged with the underlying ideas.

8       4.     [JOINT]  Whether Oracle's copyrights are unenforceable, in whole or in part, by

9   the doctrines of implied license, equitable estoppel, laches, and waiver.

10       5.     [JOINT]  Whether the jury is to compare the works for "substantial similarity" or

11   "virtual identity," or some other standard.

12   **Google's Non-Infringement of the Asserted Patents under 35 U.S.C. § 271**

13       1.     [JOINT]  Whether Google's making software code available for download free of

14   charge[3] constitutes sales or offer for sales of that software code under 35 U.S.C. § 271(c).

15       2.     [JOINT]  Whether Google's software code available for download free of charge[4]

16   constitutes a "component" of an invention under 35 U.S.C. § 271(c).

17   **Google's Claim for Invalidity under 35 U.S.C. §§ 101/102**

18       1.     [GOOGLE]  Whether Claim 19 of the '720 Patent is invalid under 35 U.S.C.

19   §§ 101/102 (printed matter).

20       2.     [GOOGLE]  Whether Claim 14 of the '476 Patent is invalid under 35 U.S.C. §§

21   101/102 (printed matter).

22       3.     [JOINT]  Whether claim 14 of the '476 Patent is invalid under 35 U.S.C. § 101

23   ("computer-readable medium" - carrier wave not patentable).

24       4.     [JOINT]  Whether Claim 20 of the '520 Patent is invalid under 35 U.S.C. § 101

25   ("computer-readable medium" - carrier wave not patentable).

26

27         [3] Oracle does not agree that Google's software code is available free of obligation.

28         [4] *See* footnote 3.

1

**Google's Claim for Invalidity under 35 U.S.C. § 251**

2    1.    [JOINT]  Whether the asserted claims of the '104 patent are invalid for failure to

3    comply with 35 U.S.C. § 251 (reissue statute).

4

**Google's Claim for Obviousness of the Asserted Patent**

5    1.    [GOOGLE]  Whether Claims 1 and 12 of the '520 Patent are obvious in view of

6    M. Cierniak et al., "Briki: an Optimizing Java Compiler," IEEE Compcon '97 Proceedings

7    (1997), and further in view of Lindholm, Java virtual machine Specification, Release 1.0 Beta

8    DRAFT (1995).

9    2.    [GOOGLE]   Whether the asserted claims of the '104 Patent are obvious in view

10    of J.W. Davidson, "Cint: A RISC Interpreter for the C Programming Language," SIGPLAN '87

11    Papers of the Symposium on Interpreters and Interpretive Techniques (1987), and further in view

12    of AT&T, System V Application Binary Interface Motorola 68000 Processor Family Supplement,

13    Prentice Hall Int'l (1990).

14    3.    [GOOGLE]  Whether the asserted claims of the '205 Patent are obvious in view of

15    B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for Compilation,"

16    ACM, IR '95, 1/95, San Francisco, California, USA (1995), and further in view of P. Magnusson,

17    "Partial Translation," Swedish Institute of Computer Science Technical Report (T93:5) (Oct.

18    1993).

19    4.    [GOOGLE]  Whether Claims 1, 6, 10, and 19 of the '720 Patent are obvious in

20    view of U.S. Pat. No. 6,405,367 to Bryant et al., and further in view of U.S. Patent Pub. No.

21    2004/0010787 to Traut et al.

22    5.    [GOOGLE]  Whether the asserted claims of the '720 Patent are obvious in view of

23    U.S. Pat. No. 6,823,509 to Webb et al., further in view of U.S. Pat. Pub. No. 2003/0088604 to

24    Kuck et al., and further in view of M. J. Bach, The Design of the Unix Operating System, Bell

25    Telephone Labs., Inc. (1986).

26    6.    [GOOGLE]  Whether claim 16 is rendered obvious by U.S. Pat. No. 5,613,120 to

27    Palay, filed Oct. 20, 1994.

28

1    **Google's Claim That the Patents-In-Suit are Licensed**

2        1.      [GOOGLE]  Whether users of the Android Platform, including, without limitation,

3    manufacturers and software developers, are licensed to use the patents-in-suit.

4        **Google's Claim That Oracle's Claims are Barred**

5        1.      [JOINT]  Whether Oracle's claims are barred, in whole or in part, by the doctrines

6    of implied license, laches, equitable estoppel, and/or waiver.

7        2.      [GOOGLE]  Whether Oracle's allegation of infringement of the '205 patent claims

8    under the doctrine of equivalents is estopped by the doctrine of prosecution history estoppel,

9    because Oracle added the asserted claims in response to a prior art rejection during the

10   prosecution of the application that led to the '205 patent.

11       3.      [GOOGLE]  Whether Oracle's allegation of infringement of the '205 patent claims

12   under the doctrine of equivalents improperly expands the scope of the claims to encompass or

13   ensnare the prior art.

14       **Google's List of Claim Terms to be Construed:**

15       [GOOGLE]  Google believes that construction of the following claim terms by the Court

16   will clarify the factual issues for the Court:

17       '476 Patent: "protection domain"

18       '702 Patent: "class file"; "multi-class file"; "removing"

19       '720 Patent: "source definition provided as object-oriented program code"; "preloader"

20       '104 Patent: "numeric reference"; "data from a storage location identified by a numeric

21   reference is thereafter used"

22       '205 Patent: "runtime"

23       '520 Patent: "an instruction requesting the static initialization of the array"; "an

24   instruction to perform the static initialization"; "an instruction for the processing component to

25   perform the operation"

26       **Damages**

27       1.      [GOOGLE]  Whether Oracle is entitled to damages for any allegations of

28   infringement pursuant to 35 U.S.C. § 271(b).

2.      [GOOGLE]  Whether Oracle is entitled to damages for any allegations of infringement pursuant to 35 U.S.C. § 271(c).

3.      [GOOGLE]  The date on which Oracle first gave notice to Google of the patents-in-suit for purposes of 35 U.S.C. § 287(a).

**Trial Exhibits**

[GOOGLE]  There is an unresolved legal issue regarding the status of two documents on Google's exhibit list (JTX2686 and JTX2687).  Oracle asserts that these documents are protected by the attorney-client privilege, while Google contends that those documents are not privileged, or, in the alternative, that Oracle has waived privilege.  Google will address this issue in greater detail in its trial brief.

Oracle disagrees that this is an appropriate issue for Google to raise in this Joint Proposed Pretrial Order or in Google's trial brief.  Oracle believes that the issue should be raised, if at all, with Magistrate Judge Ryu, to whom the Court has referred all discovery-related disputes.

## V.      FACTUAL ISSUES THAT REMAIN TO BE TRIED

The Court has indicated that if the trial in this matter commences on October 31, 2011, as currently scheduled, the trial will be bifurcated into separate liability and damages phases.  Below are the issues to be tried in each phase of the trial, organized by claims.  The issues labeled "JOINT" are factual issues that both parties agree remain to be tried to the jury.  Issues labeled "GOOGLE" are proposed solely by Google; issues labeled "ORACLE" are proposed solely by Oracle.

The parties disagree on whether the issue of willful infringement should be tried to the jury during the liability phase (Oracle's position) or the damages phase (Google's position).  As articulated more fully in Oracle's trial brief, Oracle believes that willful infringement should be tried during the liability phase, because the evidence of infringement and willfulness will necessarily overlap (*e.g.*, the evidence of intent to induce infringement will largely be the same as the willfulness evidence).  Google believes that the question of willfulness should be tried during the damages phase of the case as is permitted by the Federal Rules of Civil Procedure 42(b) and as the Federal Circuit has advised, in order to avoid any risk of prejudicing itself on the question

1  of liability.  *See In re Seagate Technology LLC*, 497 F.3d 1360, 1369 (Fed. Cir. 2007).  In

2  addition, Google believes that willfulness should be tried separately because it risks inflaming

3  and prejudicing the jury on questions of liability.

4  Oracle anticipates that its request for an injunction will be decided by the Court based on

5  evidence presented both during trial (to the extent that evidence relevant to injunctive relief is

6  also relevant to elements of Oracle's claims or Google's defenses) and following at least the trial

7  on liability.  Google believes that the Court should decide the question whether an injunction is

8  appropriate after the damages phase of trial, and that both parties should have the opportunity to

9  present evidence on that question to the Court in briefing, without being limited to evidence

10  presented during trial.

11  **LIABILITY PHASE**

12  **Oracle's Claim for Copyright Infringement**

13  1.  [ORACLE]  Whether Google copied significant portions of the copyrighted Java

14  specifications, including original and protectable elements from the 37 Java API design

15  specifications, into the Android API specifications.

16  2.  [GOOGLE]  Whether the Android API specification is substantially similar or

17  virtually identical to Google copied significant portions of the allegedly copyrighted Java

18  specifications, including original and protectable elements from the 37 Java API design

19  specifications into the Android API specifications.

20  3.  [JOINT]  Whether Google created derivative works from portions of the

21  copyrighted Java specifications, including derivative works in the Android API specifications and

22  implementations that incorporate the designs of the 37 Java API design specifications.

23  4.  [JOINT]  Whether Google copied code and comments from the 12 Java code files

24  into the Android code.

25  5.  [JOINT]  Whether Google is vicariously liable for infringement of Oracle's

26  copyrights by mobile device manufacturers, carriers, and developers of the Android platform.

27  6.  [JOINT]  Whether Google contributed to the infringement of Oracle's copyrights

28  by mobile device manufacturers, carriers, and developers of the Android platform.

7.     [GOOGLE]  Whether Sun registered with the U.S. Copyright Office the code and documentation from various versions of the Java 2 Standard Edition ("J2SE").

8.     [JOINT]  Whether Sun registered with the U.S. Copyright Office the code and documentation from various versions of the Java Development Kit ("JDK").

9.     [JOINT]  Whether Oracle is the current owner of rights, title, and interest in the Java-related works registered by Sun with the U.S. Copyright Office.

10.     [GOOGLE]  Whether Oracle has licensed its copyright in the Java 2SE software product in exchange for an agreement not to use a competitor's product, or develop a competing product.

11.     [JOINT]  Whether Google's alleged use of elements of the Java 2SE software product, if any, constitutes fair use.

12.     [GOOGLE]  Whether Oracle attempted to use the existence of its copyright in the Java 2SE software product to prevent Google from using unprotected elements of the copyrighted work, or prevent Google from undertaking activity safeguarded by public policy, such as the policies supporting reverse engineering and fair use.

13.     [GOOGLE]  Whether Oracle licensed any copyright in the Java 2SE software product to third parties in ways that improperly extend the protections afforded by the copyright laws.

14.     [ORACLE]  Whether Google's copyright infringement was willful.

**Oracle's Claim for Infringement of the '104 Patent**

1.     [JOINT]  Whether Google directly infringes Claims 11, 27, 29, 39, 40, and 41 of the '104 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.     [JOINT]  Whether mobile device manufacturers, carriers, developers, and end-users of the accused instrumentalities directly infringe Claims 11, 27, 29, 39, 40, and 41 of the '104 patent by making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.    [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, contributed to the infringement of the asserted claims of the '104 patent by those third parties.

4.    [GOOGLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.    [ORACLE]  Whether Google actively induced mobile device manufacturers, carriers, developers, and end-users of the Android platform or Android devices to infringe the asserted claims.

6.    [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device manufacturers, carriers, developers, and end-users to infringe Claims 11, 27, 29, 39, 40, and 41 of the '104 patent, while Google was aware of the '104 patent and knew or should have known that its actions would cause direct infringement of the '104 patent and that the patent is not invalid.

7.    [ORACLE]  Whether Google's infringement of the asserted claims was willful.

**Google's Claim for Invalidity of the '104 Patent**

1.    [JOINT]  Whether the asserted claims are anticipated by of D. Gries, "Compiler Construction for Digital Computers," John Wiley & Sons, Inc. (1971).

2.    [JOINT]  Whether the claim 11 is anticipated by U.S. Pat. No. 4,571,678 to Chaitin, issued Feb. 18, 1986.

3.    [JOINT]  Whether the asserted claims are rendered obvious in view of J.W. Davidson, "Cint: A RISC Interpreter for the C Programming Language," SIGPLAN '87 Papers of the Symposium on Interpreters and Interpretive Techniques (1987), and further in view of AT&T, System V Application Binary Interface Motorola 68000 Processor Family Supplement, Prentice Hall Int'l (1990).

4.      [JOINT]  Whether the asserted claims are invalid for failure to comply with 35 U.S.C. § 251 (reissue statute).

**Oracle's Claim for Infringement of the '205 Patent**

1.      [JOINT]  Whether Google directly infringes Claims 1 and 2 of the '205 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.      [JOINT]  Whether mobile device manufacturers, carriers, developers, and end-users of the accused instrumentalities directly infringe Claims 1 and 2 of the '205 patent through making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.      [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, contributed to the infringement of the asserted claims of the '205 patent by those third parties.

4.      [GOOGLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.      [ORACLE]  Whether Google actively induced mobile device manufacturers, carriers, developers, and end-users of the Android platform or Android devices to infringe the asserted claims.

6.      [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device manufacturers, carriers, developers, or end-users to infringe Claims 1 and 2 of the '205 patent, while Google was aware of the '205 patent and knew or should have known that its actions would cause direct infringement of the '205 patent and that the patent is not invalid.

7.      [ORACLE]  Whether Google's infringement of the asserted claims was willful.

**Google's Claim for Invalidity of the '205 Patent**

1.      [JOINT]  Whether the asserted claims are anticipated by P. Tarau et al., "The Power of Partial Translation: An Experiment with the CIfication of Binary Prolog," ACM Symposium on Applied Computing (1995).

2.      [JOINT]  Whether the asserted claims are anticipated by P. Magnusson, "Partial Translation," Swedish Institute of Computer Science Technical Report (T93:5) (Oct. 1993) ("Magnusson").

3.      [JOINT]  Whether the asserted claims are anticipated by U.S. Pat. No. 5,842,017 to Hookway et al.

4.      [JOINT]  Whether the asserted claims are rendered obvious in view of B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for Compilation," ACM, IR '95, 1/95, San Francisco, California, USA (1995), and further in view of Magnusson.

**Oracle's Claim for Infringement of the '702 Patent**

1.      [JOINT]  Whether Google directly infringes Claims 1, 6, 7, 12, 13, 15 and 16 of the '702 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.      [JOINT]  Whether mobile device companies and developers of the accused instrumentalities directly infringe Claims 1, 6, 7, 12, 13, 15, and 16 of the '702 patent through making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.      [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers and developers, contributed to the infringement of the asserted claims of the '702 patent by those third parties.

4.      [GOOGLE]  Whether Google, by supplying the Android platform to mobile device companies and developers, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.      [ORACLE]  Whether Google actively induced mobile device manufacturers and developers of the Android platform or Android devices to infringe the asserted claims.

6.      [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device companies and developers to infringe Claims 1, 6, 7, 12, 13, 15, and 16 of the '702 patent, while Google was aware of the '702 patent and knew or should have known that its actions would cause direct infringement of the '702 patent and that the patent is not invalid.

7.      [ORACLE]  Whether Google's infringement of the asserted claims was willful.

**Google's Claim for Invalidity of the '702 Patent**

1.      [JOINT]  Whether the asserted claims are anticipated by U.S. Pat. No. 5,815,718 to Tock, et al., filed May 30, 1996.

2.      [JOINT]  Whether claims 1, 6, 7, 12, 13, and 15 are anticipated by U.S. Pat. No. 5,613,120 to Palay, filed Oct. 20, 1994.

3.      [JOINT]  Whether claim 16 is rendered obvious by U.S. Pat. No. 5,613,120 to Palay, filed Oct. 20, 1994.

**Oracle's Claim for Infringement of the '720 Patent**

1.      [JOINT]  Whether Google directly infringes Claims 1, 6, 10, 19, 21, and 22 the '720 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.      [JOINT]  Whether mobile device companies, carriers, developers, or end-users of the accused instrumentalities directly infringe Claims 1, 6, 10, 19, 21, and 22 of the '720 patent through making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.      [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, contributed to the infringement of the asserted claims of the '720 patent by those third parties.

4.      [GOOGLE]  Whether Google, by supplying the Android platform to mobile device companies, carriers, developers, or end-users, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-

1   infringing use, and did so with the knowledge of the asserted patent and knowledge that the

2   component was especially made or adapted for use in an infringing manner.

3       5.      [ORACLE]  Whether Google actively induced mobile device manufacturers,

4   carriers, developers, and end-users of the Android platform or Android devices to infringe the

5   asserted claims.

6       6.      [GOOGLE]  Whether Google has intentionally taken action that actually induced

7   mobile device companies, carriers, developers, or end-users to infringe Claims 1, 6, 10, 19, 21,

8   and 22 of the '720 patent, while Google was aware of the '720 patent and knew or should have

9   known that its actions would cause direct infringement of the '720 patent and that the patent is not

10  invalid.

11      7.      [ORACLE]  Whether Google's infringement of the asserted claims was willful.

12  **Google's Claim for Invalidity of the '720 Patent**

13      1.      [JOINT]  Whether the asserted claims are rendered obvious in view of U.S. Pat.

14  No. 6,823,509 to Webb et al., further in view of U.S. Pat. Pub. No. 2003/0088604 to Kuck et al.,

15  and further in view of M. J. Bach, The Design of the Unix Operating System, Bell Telephone

16  Labs., Inc. (1986).

17      2.      [JOINT]  Whether claims 1, 6, 10, and 19 are rendered obvious in view of U.S.

18  Pat. No. 6,405,367 to Bryant et al., and further in view of U.S. Patent Pub. No. 2004/0010787 to

19  Traut et al.

20      3.      [GOOGLE]  Whether Claim 19 is invalid under 35 U.S.C. §§ 101/102 (printed

21  matter).

22  **Oracle's Claim for Infringement of the '520 Patent**

23      1.      [JOINT]  Whether Google directly infringes Claims 1, 8, 12, and 20 of the '520

24  patent through making, using, selling, or offering for sale the accused instrumentalities or

25  methods.

26      2.      [JOINT]  Whether mobile device companies and developers of the accused

27  instrumentalities directly infringe Claims 1, 8, 12, and 20 of the '520 patent through making,

28  using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.   [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers and developers, contributed to the infringement of the asserted claims of the '520 patent by those third parties.

4.   [GOOGLE]  Whether Google, by supplying the Android platform to mobile device companies and developers, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.   [ORACLE]  Whether Google actively induced mobile device manufacturers and developers of the Android platform or Android devices to infringe the asserted claims.

6.   [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device companies and developers to infringe Claims 1, 8, 12, and 20 of the '520 patent, while Google was aware of the '520 patent and knew or should have known that its actions would cause direct infringement of the '520 patent and that the patent is not invalid.

7.   [ORACLE]  Whether Google's infringement of the asserted claims was willful.

**Google's Claim for Invalidity of the '520 Patent**

1.   [JOINT]  Whether the asserted claims are anticipated by B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for Compilation," ACM, IR '95, 1/95, San Francisco, California, USA (1995).

2.   [JOINT]  Whether the asserted claims are anticipated by M. Cierniak et al., "Briki: an Optimizing Java Compiler," IEEE Compcon '97 Proceedings (1997) ("Cierniak").

3.   [JOINT]  Whether claims 1 and 12 are rendered obvious in view of Cierniak, and further in view of Lindholm, Java virtual machine Specification, Release 1.0 Beta DRAFT (1995).

4.   [JOINT]  Whether Claim 20 is invalid under 35 U.S.C. § 101 ("computer-readable medium" - carrier wave not patentable).

**Oracle's Claim for Infringement of the '476 Patent**

1.      [JOINT]  Whether Google directly infringes Claim 14 of the '476 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.      [JOINT]  Whether mobile device companies, carriers, developers, or end-users of the accused instrumentalities directly infringe Claim 14 of the '476 patent through making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.      [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, contributed to the infringement of the asserted claims of the '476 patent by those third parties.

4.      [GOOGLE]  Whether Google, by supplying the Android platform to mobile device companies, carriers, developers, or end-users, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.      [ORACLE]  Whether Google actively induced mobile device manufacturers, carriers, developers, and end-users of the Android platform or Android devices to infringe the asserted claims.

6.      [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device companies, carriers, developers, or end-users to infringe Claim 14 of the '476 patent, while Google was aware of the '476 patent and knew or should have known that its actions would cause direct infringement of the '476 patent and that the patent is not invalid.

7.      [ORACLE]  Whether Google's infringement of Claim 14 was willful.

**Google's Claim for Invalidity of the '476 Patent**

1.      [JOINT]  Whether claim 14 is invalid in view of U.S. Pat. No. 5,412,717 to Fischer.

2.      [JOINT]  Whether claim 14 is invalid under 35 U.S.C. § 101 ("computer-readable medium" - carrier wave not patentable)

3.  [GOOGLE]  Whether claim 14 is invalid under 35 U.S.C. §§ 101/102 (printed matter).

**Google's Claim That the Patents-In-Suit are Licensed**

1.  [GOOGLE]  Whether users of the Android Platform, including, without limitation, manufacturers and software developers, are licensed to use the patents-in-suit.

**Google's Claim That Oracle's Claims are Barred**

1.  [GOOGLE]  Whether Oracle delayed filing suit for an unreasonable and inexcusable length of time from the time Oracle knew or reasonably should have known it had a claim for copyright or patent infringement against Google.

2.  [GOOGLE]  Whether Oracle's delay in filing suit materially prejudiced Google.

3.  [GOOGLE]  Whether Oracle's communications, conduct or inaction misled Google into believing that Oracle did not intend to assert its copyrights or patents against Google.

4.  [GOOGLE]  Whether Google relied on Oracle's misleading communications, conduct or inaction.

5.  [GOOGLE]  Whether Google will be materially prejudiced if Oracle is permitted to assert the copyrights-in-suit or patents-in-suit against Google.

6.  [GOOGLE]  Whether, through its language or conduct, Oracle consented to Google's use of the asserted copyrights or patents.

7.  [GOOGLE]  Whether Oracle waived any of its rights to enforce the asserted copyrights or to collect compensation for any of the asserted copyrights or patents.

**DAMAGES PHASE**

**Oracle's Claim for Copyright Infringement**

1.  [JOINT]  The amount of actual damages suffered by Oracle as a result of Google's copyright infringement.

2.  [JOINT]  The amount of Google's profits attributable to its copyright infringement, to the extent not accounted for in the actual damages.

1

**Oracle's Claim for Infringement of the '104 Patent**

2          1.        [JOINT]  The amount of a reasonable royalty for Google's infringement of the

3    patent from 2007-2011.

4          2.        [GOOGLE]  Whether Google's infringement of the asserted claims was willful.

5

**Oracle's Claim for Infringement of the '205 Patent**

6          1.        [JOINT]  The amount of a reasonable royalty for Google's infringement of the

7    patent from 2007-2011.

8          2.        [GOOGLE]  Whether Google's infringement of the asserted claims was willful

9    infringement of the patent.

10

**Oracle's Claim for Infringement of the '702 Patent**

11          1.        [JOINT]  The amount of a reasonable royalty for Google's infringement of the

12    patent from 2007-2011.

13          2.        [GOOGLE]  Whether Google's infringement of the asserted claims was willful.

14    infringement of the patent.

15

**Oracle's Claim for Infringement of the '720 Patent**

16          1.        [JOINT]  The amount of a reasonable royalty for Google's infringement of the

17    patent from 2007-2011.

18          2.        [GOOGLE]  Whether Google's infringement of the asserted claims was willful.

19    infringement of the patent.

20

**Oracle's Claim for Infringement of the '520 Patent**

21          1.        [JOINT]  The amount of a reasonable royalty for Google's infringement of the

22    patent from 2007-2011.

23          2.        [GOOGLE]  Whether Google's infringement of the asserted claims was willful.

24

**Oracle's Claim for Infringement of the '476 Patent**

25          1.        [JOINT]  The amount of a reasonable royalty for Google's infringement of the

26    patent from 2007-2011.

27          2.        [GOOGLE]  Whether Google's infringement of Claim 14 was willful.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VI.     EXHIBIT AND WITNESS LISTS**

The parties attach their Joint Trial Exhibit List as Appendix A.  Oracle's Witness List for its case-in-chief witnesses is attached as Appendix B.  Google's Witness List for its case-in-chief witnesses is attached as Appendix C.

1    Dated: October 12, 2011                    MORRISON & FOERSTER LLP

2
                                               By:  /s/ Daniel P. Muino
3                                                    Daniel P. Muino

4                                              MORRISON & FOERSTER LLP
                                               MICHAEL A. JACOBS (Bar No. 111664)
5                                              mjacobs@mofo.com
                                               MARC DAVID PETERS (Bar No. 211725)
6                                              mdpeters@mofo.com
                                               DANIEL P. MUINO (Bar No. 209624)
7                                              dmuino@mofo.com
                                               755 Page Mill Road
8                                              Palo Alto, CA  94304-1018
                                               Telephone: (650) 813-5600
9                                              Facsimile: (650) 494-0792

10                                             BOIES, SCHILLER & FLEXNER LLP
                                               DAVID BOIES (Admitted *Pro Hac Vice*)
11                                             dboies@bsfllp.com
                                               333 Main Street
12                                             Armonk, NY  10504
                                               Telephone: (914) 749-8200
13                                             Facsimile: (914) 749-8300
                                               STEVEN C. HOLTZMAN (Bar No. 144177)
14                                             sholtzman@bsfllp.com
                                               1999 Harrison St., Suite 900
15                                             Oakland, CA  94612
                                               Telephone: (510) 874-1000
16                                             Facsimile: (510) 874-1460

17                                             ORACLE CORPORATION
                                               DORIAN DALEY (Bar No. 129049)
18                                             dorian.daley@oracle.com
                                               DEBORAH K. MILLER (Bar No. 95527)
19                                             deborah.miller@oracle.com
                                               MATTHEW M. SARBORARIA (Bar
20                                             No. 211600)
                                               matthew.sarboraria@oracle.com
21                                             500 Oracle Parkway
                                               Redwood City, CA  94065
22                                             Telephone: (650) 506-5200
                                               Facsimile: (650) 506-7114
23
                                               *Attorneys for Plaintiff*
24                                             ORACLE AMERICA, INC.

25

26

27

28

1  Dated: October 12, 2011                    KEKER & VAN NEST LLP

2

3                                             By:  */s/ Matthias Kamber*
                                                   Matthias Kamber

4                                             ROBERT A. VAN NEST (SBN 84065)
                                              rvannest@kvn.com
5                                             CHRISTA M. ANDERSON (SBN184325)
                                              canderson@kvn.com
6                                             DANIEL PURCELL (SBN 191424)
                                              dpurcell@kvn.com
7                                             710 Sansome Street
                                              San Francisco, CA 94111-1704
8                                             Telephone: (415) 391-5400
                                              Facsimile: (415) 397-7188
9
                                              SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
10                                            sweingaertner@kslaw.com
                                              ROBERT F. PERRY
11                                            rperry@kslaw.com
                                              BRUCE W. BABER (*Pro Hac Vice*)
12                                            bbaber@kslaw.com
                                              KING & SPALDING LLP
13                                            1185 Avenue of the Americas
                                              New York, NY 10036-4003
14                                            Telephone:  (212) 556-2100
                                              Facsimile:  (212) 556-2222
15
                                              DONALD F. ZIMMER, JR. (SBN 112279)
16                                            fzimmer@kslaw.com
                                              CHERYL A. SABNIS (SBN 224323)
17                                            csabnis@kslaw.com
                                              KING & SPALDING LLP
18                                            101 Second Street - Suite 2300
                                              San Francisco, CA 94105
19                                            Telephone: (415) 318-1200
                                              Facsimile:  (415) 318-1300
20
                                              GREENBERG TRAURIG, LLP
21                                            IAN C. BALLON (SBN 141819)
                                              ballon@gtlaw.com
22                                            HEATHER MEEKER (SBN 172148)
                                              meekerh@gtlaw.com
23                                            1900 University Avenue
                                              East Palo Alto, CA 94303
24                                            Telephone: (650) 328-8500
                                              Facsimile: (650) 328-8508
25
                                              *Attorneys for Defendant*
26                                            GOOGLE INC.

27

28

1

**ATTESTATION**

I, Daniel P. Muino, am the ECF User whose ID and password are being used to file the

**PARTIES' JOINT PROPOSED PRETRIAL ORDER**.  In compliance with General Order 45,

X.B., I hereby attest that Matthias Kamber has concurred in this filing.

Date: October 12, 2011                    _/s/ Daniel P. Muino_____

1