1   [Counsel Signatures Appear at the End]

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11   ORACLE AMERICA, INC.                    Case No. CV 10-03561 WHA (DMR)

12              Plaintiff,                   **PARTIES' JOINT PROPOSED
                                             PRETRIAL ORDER**
13      v.
                                             Honorable William Alsup
14   GOOGLE INC.

15              Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      CLAIMS AND DEFENSES THAT REMAIN TO BE DECIDED .................................. 1

II.     RELIEF SOUGHT BY EACH OF THE PARTIES ........................................... 6

III.    STIPULATED FACTS ................................................................ 8

IV.     ISSUES OF LAW WHICH REMAIN TO BE RESOLVED ........................................... 9

V.      FACTUAL ISSUES THAT REMAIN TO BE TRIED ................................... 13

        LIABILITY PHASE ..................................................... 14

        DAMAGES PHASE ...................................................... 24

VI.     EXHIBIT AND WITNESS LISTS .................................................. 25

**JOINT PROPOSED PRETRIAL ORDER**

Pursuant to the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases, the parties submit the following Joint Proposed Pretrial Order.

## I.   CLAIMS AND DEFENSES THAT REMAIN TO BE DECIDED

Oracle asserts claims against Google for alleged infringement of Oracle's copyrights in significant components of Oracle's Java software platform, and for alleged infringement of six Java-related patents.  At the Court's direction, Oracle has reduced the number of patent claims it will assert at trial, and Google has reduced the number of invalidity defenses it will assert.  The following claims and defenses remain to be decided:

**Copyright Infringement Claim**

**Oracle's Statement**:  Oracle asserts that Google is liable for direct and indirect copyright infringement for copying into Android significant portions of the copyrighted Java design specifications, and for creating derivative works in Android based on those specifications that incorporate the API designs.  Google's infringement includes (1) copying into Android 37 design specifications for Java application programming interface packages ("APIs"); (2) creating derivative works based on those 37 API design specifications in the Android API specifications and in Android's implementation of the API specifications, and (3) copying 12 Java software code files.  Google's infringement was willful and specifically intended to enable Android to take advantage of the immense, preexisting ecosystem of Java application developers, thereby allowing Android to rapidly gain a significant commercial foothold.  Google's infringement resulted in Google appropriating for itself the substantial benefits of Java while undermining Java's core "write once, run anywhere" promise.

**Google's Statement**:  Google has not infringed, does not infringe (either directly or indirectly), and is not liable for infringement of any valid copyright or copyrights of Oracle. Google likewise has not engaged in purposeful, culpable expression or conduct designed or intended to result in others infringing Oracle's asserted copyrights and thus is not liable under Oracle's inducement claim.  Oracle's copyright claims are barred to the extent that Oracle claims rights to elements of Oracle software or other works that are functional, are not original, or are

otherwise not protectable by copyright and/or are not protected by the asserted copyrights. Oracle's Asserted Copyrights are unenforceable because Oracle's delay in bringing the suit was unreasonable and inexcusable, and Google suffered material prejudice due to the delay. Oracle's asserted copyrights are also unenforceable because Oracle's and Sun's statements and actions were such that it was reasonable to infer that Oracle did not intend to enforce its copyrights, Google relied on the misleading conduct, and Google will be materially prejudiced if Oracle is allowed to proceed with its claim. Accordingly, Oracle is estopped from enforcing those copyrights now or, in the alternative, granted Google an implied license to those copyrights through its conduct. Oracle's asserted copyrights are further unenforceable because Oracle knowingly waived any right it may have to enforce its asserted copyrights. In addition, Oracle's claims for copyright infringement are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107 in view of the nature of the works asserted by Oracle and covered by the asserted copyrights, the amount (if any) and substantiality of the portions of such works used by Google in relation to the works as a whole, the purpose and character of any use thereof made by Google, and the effect, if any, of such use on the potential market for the works. Furthermore, Oracle's claims for copyright infringement are barred by the doctrine of de minimis copying, as any protectable portions of the works that are the subject of the asserted copyrights used by Google have been de minimis.

### Patent Infringement Claims

Oracle asserts that Google is liable under 35 U.S.C. § 271(a), (b), and (c) for direct and indirect infringement of the asserted claims of the six patents-in-suit through Google's manufacture, use, sale, and distribution of the Android platform, including Android mobile devices and software and the Android SDK. With respect to Oracle's claim under 35 U.S.C. § 271(c), Oracle contends that Google contributes to the infringement of Android mobile device manufacturers, carriers,[1] developers and end users of the '104, '205, '476 and '720 patents.

---

[1] Google objects to Oracle's inclusion of "carriers" as alleged direct infringers in this Joint Pretrial Order and does not agree that carriers are properly included as alleged direct infringers in

(Footnote continues on next page.)

1   Oracle contends that Google also contributes to the infringement of Android mobile device

2   manufacturers and developers of the '520 and '702 patents.  Oracle contends that Google's

3   infringement was willful.  Google disputes that it infringed any of the asserted patents, willfully

4   or otherwise, and contends that all the asserted claims of the patents in suit are invalid, because

5   they are either anticipated by or obvious in light of prior art.  Google further contends that

6   Oracle's conduct has rendered the patents-in-suit unenforceable under the doctrines of estoppel,

7   laches, waiver, and implied license.

8         The asserted patent claims and Google's defenses are as follows:

9         (1)      Claims 11, 27, 29, 39, 40, and 41 of United States Patent No. RE38,104 ("the '104

10   patent").  (Complaint, Count V.)  Oracle contends that the asserted claims are infringed by

11   Android's Dalvik virtual machine and dexopt software, both of which Oracle contends resolve

12   symbolic references in the bytecode into numeric references indicating memory locations.

13         Google denies infringement of the '104 patent and contends that the asserted claims are

14   anticipated by D. Gries, "Compiler Construction for Digital Computers," John Wiley & Sons, Inc.

15   (1971); anticipated by U.S. Pat. No. 4,571,678 to Chaitin; rendered obvious in view of J.W.

16   Davidson, "Cint: A RISC Interpreter for the C Programming Language," SIGPLAN '87 Papers of

17   the Symposium on Interpreters and Interpretive Techniques (1987), and further in view of AT&T,

18   System V Application Binary Interface Motorola 68000 Processor Family Supplement, Prentice

19   Hall Int'l (1990); and invalid for failure to comply with 35 U.S.C. § 251 (reissue statute).  Google

20   seeks a declaratory judgment of non-infringement and invalidity.

21         (2)      Claims 1 and 2 of United States Patent No. 6,910,205 ("the '205 patent").

22   (Complaint, Count VI.)  Oracle contends that the asserted claims are infringed by Android's

23   dexopt software and Just-In-Time compiler, both of which Oracle contends translate certain

24   bytecode instructions into new instructions that reference or represent native code.

25

26   _____

(Footnote continued from previous page.)

27   this case.  The inclusion of "carriers" in the joint issues in this Order was done to avoid the need
     to submit competing instructions and does not waive Google's objection.

28

1    Google denies infringement of the '205 patent and contends that the asserted claims are

2 anticipated by P. Tarau et al., "The Power of Partial Translation: An Experiment with the

3 CIfication of Binary Prolog," ACM Symposium on Applied Computing (1995); anticipated by

4 P. Magnusson, "Partial Translation," Swedish Institute of Computer Science Technical Report

5 (T93:5) (Oct. 1993); anticipated by U.S. Pat. No. 5,842,017 to Hookway et al.; rendered obvious

6 in view of B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for

7 Compilation," ACM, IR '95, 1/95, San Francisco, California, USA (1995), and further in view of

8 Magnusson.  Google seeks a declaratory judgment of non-infringement and invalidity.

9    (3)  Claims 1, 6, 7, 12, 13, 15, and 16 of United States Patent No. 5,966,702 ("the '702

10 patent").  (Complaint, Count III.)  Oracle contends that the asserted claims are infringed by

11 Android's dx tool, which Oracle contends pre-processes class files to identify and remove

12 duplicated constant pool entries, places them into a shared table, and forms a multiclass file of

13 reduced class files and the shared table.

14    Google denies infringement of the '702 patent and contends that the asserted claims are

15 anticipated by U.S. Pat. No. 5,815,718 to Tock, et al.; and anticipated or rendered obvious by

16 U.S. Pat. No. 5,613,120 to Palay.  Google seeks a declaratory judgment of non-infringement and

17 invalidity.

18    (4)  Claims 1, 6, 10, 19, 21, and 22 of United States Patent No. 7,426,720 ("the '720

19 patent").  (Complaint, Count IV.)  Oracle contends that the asserted claims are infringed by

20 Android's zygote software, which Oracle contends clones a child Dalvik virtual machine from a

21 master Dalvik virtual machine for each new application launched using a copy-on-write cloning

22 mechanism that defers copying of the shared memory space until a process attempts to write to a

23 portion of the shared memory space.

24    Google denies infringement of the '720 patent and contends that the asserted claims are

25 rendered obvious in view of U.S. Pat. No. 6,823,509 to Webb et al., further in view of U.S. Pat.

26 Pub. No. 2003/0088604 to Kuck et al., and further in view of M. J. Bach, The Design of the Unix

27 Operating System, Bell Telephone Labs., Inc. (1986); rendered obvious in view of U.S. Pat.

28 No. 6,405,367 to Bryant et al., and further in view of U.S. Patent Pub. No. 2004/0010787 to Traut

et al.; and invalid under 35 U.S.C. §§ 101/102 (printed matter).[2]  Google seeks a declaratory judgment of non-infringement and invalidity.

(5)     Claims 1, 8, 12, and 20 of United States Patent No. 6,061,520 ("the '520 patent"). (Complaint, Count VII.)  Oracle contends that the asserted claims are infringed by Android's dx tool, which Oracle contends simulates execution of bytecode to identify the static initialization of an array, and software run in association with the dx tool.

Google denies infringement of the '520 patent and contends that the asserted claims are anticipated by B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for Compilation," ACM, IR '95, 1/95, San Francisco, California, USA (1995); anticipated by M. Cierniak et al., "Briki: an Optimizing Java Compiler," IEEE Compcon '97 Proceedings (1997); rendered obvious in view of Cierniak, and further in view of Lindholm, Java virtual machine Specification, Release 1.0 Beta DRAFT (1995); and invalid under 35 U.S.C. § 101 ("computer-readable medium" - carrier wave not patentable).  Google seeks declaratory judgment of non-infringement and invalidity.

(6)     Claim 14 of United States Patent No. 6,192,476 ("the '476 patent").  (Complaint, Count II.)  Oracle contends that Claim 14 is infringed by Android's inclusion of the Java security framework provided in part by the java.security package.

Google denies infringement of the '476 patent and contends that the asserted claims are anticipated by U.S. Pat. No. 5,412,717 to Fischer; invalid under 35 U.S.C. § 101 ("computer-readable medium" - carrier wave not patentable); and invalid under 35 U.S.C. §§ 101/102 (printed matter).[3]  Google seeks declaratory judgment of non-infringement and invalidity.

Finally, Google contends that all six of the asserted patents are unenforceable because Oracle's delay in bringing the suit was unreasonable and inexcusable, and Google suffered

---

[2] Oracle does not agree that Google can assert the "printed matter" defense, since Google failed to obtain leave to amend its invalidity contentions to include that defense.  Google contends it is entitled to raise the "printed matter," defense now, because that defense is a purely legal challenge, and the Court did not decide whether Google was obligated to raise purely legal challenges in its invalidity contentions.

[3] As stated in footnote 1, Oracle and Google dispute whether Google can assert the "printed matter" defense.

material prejudice due to the delay.  Google contends that the asserted patents are also

unenforceable because Oracle's and Sun's statements and actions were such that it was

reasonable to infer that Oracle did not intend to enforce those patents Google relied on the

misleading conduct, and Google will be materially prejudiced if Oracle is allowed to proceed with

its claim.  Accordingly, Google contends that Oracle is estopped from enforcing those patents

now or, in the alternative, granted Google an implied license to those patents through its conduct.

Google contends that the asserted patents are further unenforceable because Oracle knowingly

waived any right it may have to enforce those patents.

## II.      RELIEF SOUGHT BY EACH OF THE PARTIES

### Oracle seeks the following relief

(1)  That the Court enter a judgment holding Google liable for infringement of the patents

and copyrights at issue;

(2)  That the Court permanently enjoin Google, its officers, agents, servants, employees,

attorneys, affiliated companies, assigns, successors in interest, and all others in active concert or

participation with it, from continued acts of infringement of the patents and copyrights in suit,

including enjoining Google from continuing to manufacture, use, or distribute unauthorized, non-

Java-compliant versions of the Android platform containing the patented technology and

copyrighted code and documentation, unless Google commits in writing, in a form prescribed by

Oracle, to ensure that Android will be Java-compatible and comply with all applicable Java

licensing conditions within a reasonable prescribed period;

(3)  That the Court award reasonable royalty damages for Google's past infringement of

the patents-in-suit, together with prejudgment and post-judgment interest;

(4)  That the Court award actual damages resulting from Google's past copyright

infringement, plus Google's profits attributable to past infringement (to the extent they are not

duplicative of actual damages), together with prejudgment and post-judgment interest;

(5)  That the Court treble the patent damages under 35 U.S.C. § 284 in view of the willful

and deliberate nature of Google's infringement of the patents-in-suit;

(6)  That the Court award attorneys' fees and costs in view of the willful and deliberate nature of Google's copyright infringement;

(7)  That the Court award Oracle its costs and attorneys' fees under 35 U.S.C. § 285 and 17 U.S.C. § 505; and

(8)  That the Court award any other legal and equitable relief as may be available under law and which the Court may deem proper.

**Google seeks the following relief:**

(1)  That the Court enter a judgment dismissing Oracle's Complaint against Google with prejudice;

(2)  That the Court issue a declaration that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claims of the patents-in-suit;

(3)  That the Court issue a declaration that the patents-in-suit are invalid for failure to satisfy one or more of the requirements of Sections 100 et seq., 101, 102, 103, 112, 251, and/or 252 of Title 35 of the United States Code;

(4)  That the Court issue a declaration that Oracle's claims are barred, in whole or in part, under the doctrines of implied license, laches, equitable estoppel, and/or waiver;

(5)  That the Court issue a declaration that Oracle's claim for damages, if any, against Google for alleged infringement of the patents-in-suit are limited by 35 U.S.C. §§ 286, 287 and 288;

(7)  That the Court declare that Google has not infringed, either directly or indirectly, any of the asserted copyrights;

(8)  That the Court declare this to be an exceptional case and award Google its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

(9)  That the Court award such other and further relief as the Court may deem just and proper.

III.    STIPULATED FACTS

The parties stipulate to the following facts:

(1)  Oracle America, Inc. ("Oracle") is a corporation organized under the laws of the State of Delaware with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065.  Oracle does business in the Northern District of California.

(2)  Google, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google does business in the Northern District of California.

(3)  On January 27, 2010, Oracle Corporation acquired Sun Microsystems, Inc. ("Sun"). Sun changed its name to Oracle America, Inc., a subsidiary of Oracle Corporation.

(4)  On February 20, 2001, United States Patent No. 6,192,476 ("the '476 patent"), entitled "Controlling Access To A Resource," was issued to Sun by the United States Patent and Trademark Office.

(5)  Oracle is the current owner of the entire right, title, and interest in and to the '476 patent.

(6)  On October 12, 1999, United States Patent No. 5,966,702 ("the '702 patent"), entitled "Method And Apparatus For Preprocessing And Packaging Class Files," was issued to Sun by the United States Patent and Trademark Office.

(7)  Oracle is the current owner of the entire right, title, and interest in and to the '702 patent.

(8)  On September 16, 2008, United States Patent No. 7,426,720 ("the '720 patent"), entitled "System And Method For Dynamic Preloading Of Classes Through Memory Space Cloning Of A Master Runtime System Process," was issued to Sun by the United States Patent and Trademark Office.

(9)  Oracle is the current owner of the entire right, title, and interest in and to the '720 patent.

(10)  On April 29, 2003, United States Patent No. RE38,104 ("the '104 patent"), entitled "Method And Apparatus For Resolving Data References In Generated Code," was  issued to Sun by the United States Patent and Trademark Office.

(11)  Oracle is the current owner of the entire right, title, and interest in and to the '104 patent.

(12)  On June 21, 2005, United States Patent No. 6,910,205 ("the '205 patent"), entitled "Interpreting Functions Utilizing A Hybrid Of Virtual And Native Machine Instructions," was issued to Sun by the United States Patent and Trademark Office.

(13)  Oracle is the current owner of the entire right, title, and interest in and to the '205 patent.

(14)  On May 9, 2000, United States Patent No. 6,061,520 ("the '520 patent"), entitled "Method And System for Performing Static Initialization," was issued to Sun by the United States Patent and Trademark Office.

(15)  Oracle is the current owner of the entire right, title, and interest in and to the '520 patent.

(16)  Sun registered with the U.S. Copyright Office the Java 2 Standard Edition ("J2SE") Version 1.4.

(17)  Sun registered with the U.S. Copyright Office the Java 2 Standard Edition Version 5.0.

(18)  Oracle makes no claim for the protectibility under copyright of the Java programming language, in and of itself.

### IV.  ISSUES OF LAW WHICH REMAIN TO BE RESOLVED

Below are the issues of law which remain to be resolved by the Court.  The issues labeled "JOINT" are issues of law or equity that both parties agree should be resolved by the Court. Issues labeled "GOOGLE" are issues proposed solely by Google for resolution by the Court; Oracle believes these issues have either already been resolved, are not properly in the case, or are factual issues for jury resolution.

**LIABILITY PHASE**

**Copyright**

1.      [JOINT]  Whether, by virtue of the copyright registrations of the J2SE and JDK materials, Sun registered its copyrights in the 37 Java API design specifications that Oracle has accused Google of copying into Android.

2.      [JOINT]  Whether, by virtue of the copyright registrations of the J2SE and JDK materials, Sun registered its copyrights in the twelve Java code files that Oracle has accused Google of copying into Android.

3.      [GOOGLE]  Whether any of the allegedly copied elements, including any allegedly copied selection, arrangement, or organization, are copyrightable.  This includes the following subissues:

(a)  Whether any of the allegedly copied elements, including any allegedly copied selection, arrangement, or organization, are ideas, methods of operation, or functional requirements for compatibility;

(b) Whether any of the allegedly copied elements, including any allegedly copied selection, arrangement, or organization, are scenes a faire; and

(c) Whether the expression in any of the allegedly copied elements, including any allegedly copied selection, arrangement, or organization has merged with the underlying ideas.

4.      [JOINT]  Whether Oracle's copyrights are unenforceable, in whole or in part, by the doctrines of implied license, equitable estoppel, laches, and waiver.

5.      [JOINT]  Whether the jury is to compare the works for "substantial similarity" or "virtual identity," or some other standard.

**Google's Non-Infringement of the Asserted Patents under 35 U.S.C. § 271**

1.      [JOINT]  Whether Google's making software code available for download free of charge[4] constitutes sales or offer for sales of that software code under 35 U.S.C. § 271(c).

---

[4] Oracle does not agree that Google's software code is available free of obligation.

2.     [JOINT]  Whether Google's software code available for download free of charge[5] constitutes a "component" of an invention under 35 U.S.C. § 271(c).

**Google's Claim for Invalidity under 35 U.S.C. §§ 101/102**

1.     [GOOGLE]  Whether Claim 19 of the '720 Patent is invalid under 35 U.S.C. §§ 101/102 (printed matter).

2.     [GOOGLE]  Whether Claim 14 of the '476 Patent is invalid under 35 U.S.C. §§ 101/102 (printed matter).

3.     [JOINT]  Whether claim 14 of the '476 Patent is invalid under 35 U.S.C. § 101 ("computer-readable medium" - carrier wave not patentable).

4.     [JOINT]  Whether Claim 20 of the '520 Patent is invalid under 35 U.S.C. § 101 ("computer-readable medium" - carrier wave not patentable).

**Google's Claim for Invalidity under 35 U.S.C. § 251**

1.     [JOINT]  Whether the asserted claims of the '104 patent are invalid for failure to comply with 35 U.S.C. § 251 (reissue statute).

**Google's Claim for Obviousness of the Asserted Patent**

1.     [GOOGLE]  Whether Claims 1 and 12 of the '520 Patent are obvious in view of M. Cierniak et al., "Briki: an Optimizing Java Compiler," IEEE Compcon '97 Proceedings (1997), and further in view of Lindholm, Java virtual machine Specification, Release 1.0 Beta DRAFT (1995).

2.     [GOOGLE]   Whether the asserted claims of the '104 Patent are obvious in view of J.W. Davidson, "Cint: A RISC Interpreter for the C Programming Language," SIGPLAN '87 Papers of the Symposium on Interpreters and Interpretive Techniques (1987), and further in view of AT&T, System V Application Binary Interface Motorola 68000 Processor Family Supplement, Prentice Hall Int'l (1990).

3.     [GOOGLE]  Whether the asserted claims of the '205 Patent are obvious in view of B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for Compilation,"

---

[5] *See* footnote 3.

ACM, IR '95, 1/95, San Francisco, California, USA (1995), and further in view of P. Magnusson, "Partial Translation," Swedish Institute of Computer Science Technical Report (T93:5) (Oct. 1993).

4.     [GOOGLE]  Whether Claims 1, 6, 10, and 19 of the '720 Patent are obvious in view of U.S. Pat. No. 6,405,367 to Bryant et al., and further in view of U.S. Patent Pub. No. 2004/0010787 to Traut et al.

5.     [GOOGLE]  Whether the asserted claims of the '720 Patent are obvious in view of U.S. Pat. No. 6,823,509 to Webb et al., further in view of U.S. Pat. Pub. No. 2003/0088604 to Kuck et al., and further in view of M. J. Bach, The Design of the Unix Operating System, Bell Telephone Labs., Inc. (1986).

6.     [GOOGLE]  Whether claim 16 is rendered obvious by U.S. Pat. No. 5,613,120 to Palay, filed Oct. 20, 1994.

**Google's Claim That the Patents-In-Suit are Licensed**

1.     [GOOGLE]  Whether users of the Android Platform, including, without limitation, manufacturers and software developers, are licensed to use the patents-in-suit.

**Google's Claim That Oracle's Claims are Barred**

1.     [JOINT]  Whether Oracle's claims are barred, in whole or in part, by the doctrines of implied license, laches, equitable estoppel, and/or waiver.

2.     [GOOGLE]  Whether Oracle's allegation of infringement of the '205 patent claims under the doctrine of equivalents is estopped by the doctrine of prosecution history estoppel, because Oracle added the asserted claims in response to a prior art rejection during the prosecution of the application that led to the '205 patent.

3.     [GOOGLE]  Whether Oracle's allegation of infringement of the '205 patent claims under the doctrine of equivalents improperly expands the scope of the claims to encompass or ensnare the prior art.

**Google's List of Claim Terms to be Construed:**

[GOOGLE]  Google believes that construction of the following claim terms by the Court will clarify the factual issues for the Court:

1    '476 Patent: "protection domain"

2    '702 Patent: "class file"; "multi-class file"; "removing"

3    '720 Patent: "source definition provided as object-oriented program code"; "preloader"

4    '104 Patent: "numeric reference"; "data from a storage location identified by a numeric

5    reference is thereafter used"

6    '205 Patent: "runtime"

7    '520 Patent: "an instruction requesting the static initialization of the array"; "an

8    instruction to perform the static initialization"; "an instruction for the processing component to

9    perform the operation"

10   **Damages**

11   1.      [GOOGLE]  Whether Oracle is entitled to damages for any allegations of

12   infringement pursuant to 35 U.S.C. § 271(b).

13   2.      [GOOGLE]  Whether Oracle is entitled to damages for any allegations of

14   infringement pursuant to 35 U.S.C. § 271(c).

15   3.      [GOOGLE]  The date on which Oracle first gave notice to Google of the patents-

16   in-suit for purposes of 35 U.S.C. § 287(a).

17   **Trial Exhibits**

18   [GOOGLE]  There is an unresolved legal issue regarding the status of two documents on

19   Google's exhibit list (JTX2686 and JTX2687).  Oracle asserts that these documents are protected

20   by the attorney-client privilege, while Google contends that those documents are not privileged,

21   or, in the alternative, that Oracle has waived privilege.  Google will address this issue in greater

22   detail in its trial brief.

23   Oracle disagrees that this is an appropriate issue for Google to raise in this Joint Proposed

24   Pretrial Order or in Google's trial brief.  Oracle believes that the issue should be raised, if at all,

25   with Magistrate Judge Ryu, to whom the Court has referred all discovery-related disputes.

26   **V.      FACTUAL ISSUES THAT REMAIN TO BE TRIED**

27   The Court has indicated that if the trial in this matter commences on October 31, 2011, as

28   currently scheduled, the trial will be bifurcated into separate liability and damages phases.  Below

1   are the issues to be tried in each phase of the trial, organized by claims.  The issues labeled

2   "JOINT" are factual issues that both parties agree remain to be tried to the jury.  Issues labeled

3   "GOOGLE" are proposed solely by Google; issues labeled "ORACLE" are proposed solely by

4   Oracle.

5           The parties disagree on whether the issue of willful infringement should be tried to the

6   jury during the liability phase (Oracle's position) or the damages phase (Google's position).  As

7   articulated more fully in Oracle's trial brief, Oracle believes that willful infringement should be

8   tried during the liability phase, because the evidence of infringement and willfulness will

9   necessarily overlap (*e.g.*, the evidence of intent to induce infringement will largely be the same as

10  the willfulness evidence).  Google believes that the question of willfulness should be tried during

11  the damages phase of the case as is permitted by the Federal Rules of Civil Procedure 42(b) and

12  as the Federal Circuit has advised, in order to avoid any risk of prejudicing itself on the question

13  of liability.  *See In re Seagate Technology LLC*, 497 F.3d 1360, 1369 (Fed. Cir. 2007).  In

14  addition, Google believes that willfulness should be tried separately because it risks inflaming

15  and prejudicing the jury on questions of liability.

16          Oracle anticipates that its request for an injunction will be decided by the Court based on

17  evidence presented both during trial (to the extent that evidence relevant to injunctive relief is

18  also relevant to elements of Oracle's claims or Google's defenses) and following at least the trial

19  on liability.  Google believes that the Court should decide the question whether an injunction is

20  appropriate after the damages phase of trial, and that both parties should have the opportunity to

21  present evidence on that question to the Court in briefing, without being limited to evidence

22  presented during trial.

23          **LIABILITY PHASE**

24          **Oracle's Claim for Copyright Infringement**

25          1.      [ORACLE]  Whether Google copied significant portions of the copyrighted Java

26  specifications, including original and protectable elements from the 37 Java API design

27  specifications, into the Android API specifications.

28

2.      [GOOGLE]  Whether the Android API specification is substantially similar or virtually identical to Google copied significant portions of the allegedly copyrighted Java specifications, including original and protectable elements from the 37 Java API design specifications into the Android API specifications.

3.      [JOINT]  Whether Google created derivative works from portions of the copyrighted Java specifications, including derivative works in the Android API specifications and implementations that incorporate the designs of the 37 Java API design specifications.

4.      [JOINT]  Whether Google copied code and comments from the 12 Java code files into the Android code.

5.      [JOINT]  Whether Google is vicariously liable for infringement of Oracle's copyrights by mobile device manufacturers, carriers, and developers of the Android platform.

6.      [JOINT]  Whether Google contributed to the infringement of Oracle's copyrights by mobile device manufacturers, carriers, and developers of the Android platform.

7.      [GOOGLE]  Whether Sun registered with the U.S. Copyright Office the code and documentation from various versions of the Java 2 Standard Edition ("J2SE").

8.      [JOINT]  Whether Sun registered with the U.S. Copyright Office the code and documentation from various versions of the Java Development Kit ("JDK").

9.      [JOINT]  Whether Oracle is the current owner of rights, title, and interest in the Java-related works registered by Sun with the U.S. Copyright Office.

10.      [GOOGLE]  Whether Oracle has licensed its copyright in the Java 2SE software product in exchange for an agreement not to use a competitor's product, or develop a competing product.

11.      [JOINT]  Whether Google's alleged use of elements of the Java 2SE software product, if any, constitutes fair use.

12.      [GOOGLE]  Whether Oracle attempted to use the existence of its copyright in the Java 2SE software product to prevent Google from using unprotected elements of the copyrighted work, or prevent Google from undertaking activity safeguarded by public policy, such as the policies supporting reverse engineering and fair use.

13.     [GOOGLE]  Whether Oracle licensed any copyright in the Java 2SE software product to third parties in ways that improperly extend the protections afforded by the copyright laws.

14.     [ORACLE]  Whether Google's copyright infringement was willful.

**Oracle's Claim for Infringement of the '104 Patent**

1.     [JOINT]  Whether Google directly infringes Claims 11, 27, 29, 39, 40, and 41 of the '104 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.     [JOINT]  Whether mobile device manufacturers, carriers, developers, and end-users of the accused instrumentalities directly infringe Claims 11, 27, 29, 39, 40, and 41 of the '104 patent by making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.     [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, contributed to the infringement of the asserted claims of the '104 patent by those third parties.

4.     [GOOGLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.     [ORACLE]  Whether Google actively induced mobile device manufacturers, carriers, developers, and end-users of the Android platform or Android devices to infringe the asserted claims.

6.     [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device manufacturers, carriers, developers, and end-users to infringe Claims 11, 27, 29, 39, 40, and 41 of the '104 patent, while Google was aware of the '104 patent and knew or should have known that its actions would cause direct infringement of the '104 patent and that the patent is not invalid.

7.    [ORACLE]  Whether Google's infringement of the asserted claims was willful.

**Google's Claim for Invalidity of the '104 Patent**

1.    [JOINT]  Whether the asserted claims are anticipated by of D. Gries, "Compiler Construction for Digital Computers," John Wiley & Sons, Inc. (1971).

2.    [JOINT]  Whether the claim 11 is anticipated by U.S. Pat. No. 4,571,678 to Chaitin, issued Feb. 18, 1986.

3.    [JOINT]  Whether the asserted claims are rendered obvious in view of J.W. Davidson, "Cint: A RISC Interpreter for the C Programming Language," SIGPLAN '87 Papers of the Symposium on Interpreters and Interpretive Techniques (1987), and further in view of AT&T, System V Application Binary Interface Motorola 68000 Processor Family Supplement, Prentice Hall Int'l (1990).

4.    [JOINT]  Whether the asserted claims are invalid for failure to comply with 35 U.S.C. § 251 (reissue statute).

**Oracle's Claim for Infringement of the '205 Patent**

1.    [JOINT]  Whether Google directly infringes Claims 1 and 2 of the '205 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.    [JOINT]  Whether mobile device manufacturers, carriers, developers, and end-users of the accused instrumentalities directly infringe Claims 1 and 2 of the '205 patent through making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.    [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, contributed to the infringement of the asserted claims of the '205 patent by those third parties.

4.    [GOOGLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.      [ORACLE]  Whether Google actively induced mobile device manufacturers, carriers, developers, and end-users of the Android platform or Android devices to infringe the asserted claims.

6.      [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device manufacturers, carriers, developers, or end-users to infringe Claims 1 and 2 of the '205 patent, while Google was aware of the '205 patent and knew or should have known that its actions would cause direct infringement of the '205 patent and that the patent is not invalid.

7.      [ORACLE]  Whether Google's infringement of the asserted claims was willful.

**Google's Claim for Invalidity of the '205 Patent**

1.      [JOINT]  Whether the asserted claims are anticipated by P. Tarau et al., "The Power of Partial Translation: An Experiment with the CIfication of Binary Prolog," ACM Symposium on Applied Computing (1995).

2.      [JOINT]  Whether the asserted claims are anticipated by P. Magnusson, "Partial Translation," Swedish Institute of Computer Science Technical Report (T93:5) (Oct. 1993) ("Magnusson").

3.      [JOINT]  Whether the asserted claims are anticipated by U.S. Pat. No. 5,842,017 to Hookway et al.

4.      [JOINT]  Whether the asserted claims are rendered obvious in view of B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for Compilation," ACM, IR '95, 1/95, San Francisco, California, USA (1995), and further in view of Magnusson.

**Oracle's Claim for Infringement of the '702 Patent**

1.      [JOINT]  Whether Google directly infringes Claims 1, 6, 7, 12, 13, 15 and 16 of the '702 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.      [JOINT]  Whether mobile device companies and developers of the accused instrumentalities directly infringe Claims 1, 6, 7, 12, 13, 15, and 16 of the '702 patent through making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.      [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers and developers, contributed to the infringement of the asserted claims of the '702 patent by those third parties.

4.      [GOOGLE]  Whether Google, by supplying the Android platform to mobile device companies and developers, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.      [ORACLE]  Whether Google actively induced mobile device manufacturers and developers of the Android platform or Android devices to infringe the asserted claims.

6.      [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device companies and developers to infringe Claims 1, 6, 7, 12, 13, 15, and 16 of the '702 patent, while Google was aware of the '702 patent and knew or should have known that its actions would cause direct infringement of the '702 patent and that the patent is not invalid.

7.      [ORACLE]  Whether Google's infringement of the asserted claims was willful.

**Google's Claim for Invalidity of the '702 Patent**

1.      [JOINT]  Whether the asserted claims are anticipated by U.S. Pat. No. 5,815,718 to Tock, et al., filed May 30, 1996.

2.      [JOINT]  Whether claims 1, 6, 7, 12, 13, and 15 are anticipated by U.S. Pat. No. 5,613,120 to Palay, filed Oct. 20, 1994.

3.      [JOINT]  Whether claim 16 is rendered obvious by U.S. Pat. No. 5,613,120 to Palay, filed Oct. 20, 1994.

**Oracle's Claim for Infringement of the '720 Patent**

1.      [JOINT]  Whether Google directly infringes Claims 1, 6, 10, 19, 21, and 22 the '720 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.      [JOINT]  Whether mobile device companies, carriers, developers, or end-users of the accused instrumentalities directly infringe Claims 1, 6, 10, 19, 21, and 22 of the '720 patent

1   through making, using, selling, or offering for sale the accused instrumentalities or methods in the

2   United States.

3        3.      [ORACLE]  Whether Google, by supplying the Android platform to mobile device

4   manufacturers, carriers, developers, and end-users, contributed to the infringement of the asserted

5   claims of the '720 patent by those third parties.

6        4.      [GOOGLE]  Whether Google, by supplying the Android platform to mobile device

7   companies, carriers, developers, or end-users, has provided an important component of the

8   infringing part of the product or method that is not a common component suitable for non-

9   infringing use, and did so with the knowledge of the asserted patent and knowledge that the

10   component was especially made or adapted for use in an infringing manner.

11        5.      [ORACLE]  Whether Google actively induced mobile device manufacturers,

12   carriers, developers, and end-users of the Android platform or Android devices to infringe the

13   asserted claims.

14        6.      [GOOGLE]  Whether Google has intentionally taken action that actually induced

15   mobile device companies, carriers, developers, or end-users to infringe Claims 1, 6, 10, 19, 21,

16   and 22 of the '720 patent, while Google was aware of the '720 patent and knew or should have

17   known that its actions would cause direct infringement of the '720 patent and that the patent is not

18   invalid.

19        7.      [ORACLE]  Whether Google's infringement of the asserted claims was willful.

20        **Google's Claim for Invalidity of the '720 Patent**

21        1.      [JOINT]  Whether the asserted claims are rendered obvious in view of U.S. Pat.

22   No. 6,823,509 to Webb et al., further in view of U.S. Pat. Pub. No. 2003/0088604 to Kuck et al.,

23   and further in view of M. J. Bach, The Design of the Unix Operating System, Bell Telephone

24   Labs., Inc. (1986).

25        2.      [JOINT]  Whether claims 1, 6, 10, and 19 are rendered obvious in view of U.S.

26   Pat. No. 6,405,367 to Bryant et al., and further in view of U.S. Patent Pub. No. 2004/0010787 to

27   Traut et al.

28

3.     [GOOGLE]  Whether Claim 19 is invalid under 35 U.S.C. §§ 101/102 (printed matter).

**Oracle's Claim for Infringement of the '520 Patent**

1.     [JOINT]  Whether Google directly infringes Claims 1, 8, 12, and 20 of the '520 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.     [JOINT]  Whether mobile device companies and developers of the accused instrumentalities directly infringe Claims 1, 8, 12, and 20 of the '520 patent through making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.     [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers and developers, contributed to the infringement of the asserted claims of the '520 patent by those third parties.

4.     [GOOGLE]  Whether Google, by supplying the Android platform to mobile device companies and developers, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.     [ORACLE]  Whether Google actively induced mobile device manufacturers and developers of the Android platform or Android devices to infringe the asserted claims.

6.     [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device companies and developers to infringe Claims 1, 8, 12, and 20 of the '520 patent, while Google was aware of the '520 patent and knew or should have known that its actions would cause direct infringement of the '520 patent and that the patent is not invalid.

7.     [ORACLE]  Whether Google's infringement of the asserted claims was willful.

**Google's Claim for Invalidity of the '520 Patent**

1.     [JOINT]  Whether the asserted claims are anticipated by B.T. Lewis et al., "Clarity MCode: A Retargetable Intermediate Representation for Compilation," ACM, IR '95, 1/95, San Francisco, California, USA (1995).

2.     [JOINT]  Whether the asserted claims are anticipated by M. Cierniak et al., "Briki: an Optimizing Java Compiler," IEEE Compcon '97 Proceedings (1997) ("Cierniak").

3.     [JOINT]  Whether claims 1 and 12 are rendered obvious in view of Cierniak, and further in view of Lindholm, Java virtual machine Specification, Release 1.0 Beta DRAFT (1995).

4.     [JOINT]  Whether Claim 20 is invalid under 35 U.S.C. § 101 ("computer-readable medium" - carrier wave not patentable).

**Oracle's Claim for Infringement of the '476 Patent**

1.     [JOINT]  Whether Google directly infringes Claim 14 of the '476 patent through making, using, selling, or offering for sale the accused instrumentalities or methods.

2.     [JOINT]  Whether mobile device companies, carriers, developers, or end-users of the accused instrumentalities directly infringe Claim 14 of the '476 patent through making, using, selling, or offering for sale the accused instrumentalities or methods in the United States.

3.     [ORACLE]  Whether Google, by supplying the Android platform to mobile device manufacturers, carriers, developers, and end-users, contributed to the infringement of the asserted claims of the '476 patent by those third parties.

4.     [GOOGLE]  Whether Google, by supplying the Android platform to mobile device companies, carriers, developers, or end-users, has provided an important component of the infringing part of the product or method that is not a common component suitable for non-infringing use, and did so with the knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

5.     [ORACLE]  Whether Google actively induced mobile device manufacturers, carriers, developers, and end-users of the Android platform or Android devices to infringe the asserted claims.

6.     [GOOGLE]  Whether Google has intentionally taken action that actually induced mobile device companies, carriers, developers, or end-users to infringe Claim 14 of the '476 patent, while Google was aware of the '476 patent and knew or should have known that its actions would cause direct infringement of the '476 patent and that the patent is not invalid.

1   7.     [ORACLE]  Whether Google's infringement of Claim 14 was willful.

2   **Google's Claim for Invalidity of the '476 Patent**

3   1.     [JOINT]  Whether claim 14 is invalid in view of U.S. Pat. No. 5,412,717 to

4   Fischer.

5   2.     [JOINT]  Whether claim 14 is invalid under 35 U.S.C. § 101 ("computer-readable

6   medium" - carrier wave not patentable)

7   3.     [GOOGLE]  Whether claim 14 is invalid under 35 U.S.C. §§ 101/102 (printed

8   matter).

9   **Google's Claim That the Patents-In-Suit are Licensed**

10   1.     [GOOGLE]  Whether users of the Android Platform, including, without limitation,

11   manufacturers and software developers, are licensed to use the patents-in-suit.

12   **Google's Claim That Oracle's Claims are Barred**

13   1.     [GOOGLE]  Whether Oracle delayed filing suit for an unreasonable and

14   inexcusable length of time from the time Oracle knew or reasonably should have known it had a

15   claim for copyright or patent infringement against Google.

16   2.     [GOOGLE]  Whether Oracle's delay in filing suit materially prejudiced Google.

17   3.     [GOOGLE]  Whether Oracle's communications, conduct or inaction misled

18   Google into believing that Oracle did not intend to assert its copyrights or patents against Google.

19   4.     [GOOGLE]  Whether Google relied on Oracle's misleading communications,

20   conduct or inaction.

21   5.     [GOOGLE]  Whether Google will be materially prejudiced if Oracle is permitted

22   to assert the copyrights-in-suit or patents-in-suit against Google.

23   6.     [GOOGLE]  Whether, through its language or conduct, Oracle consented to

24   Google's use of the asserted copyrights or patents.

25   7.     [GOOGLE]  Whether Oracle waived any of its rights to enforce the asserted

26   copyrights or to collect compensation for any of the asserted copyrights or patents.

27

28

**DAMAGES PHASE**

**Oracle's Claim for Copyright Infringement**

1.      [JOINT]  The amount of actual damages suffered by Oracle as a result of Google's copyright infringement.

2.      [JOINT]  The amount of Google's profits attributable to its copyright infringement, to the extent not accounted for in the actual damages.

**Oracle's Claim for Infringement of the '104 Patent**

1.      [JOINT]  The amount of a reasonable royalty for Google's infringement of the patent from 2007-2011.

2.      [GOOGLE]  Whether Google's infringement of the asserted claims was willful.

**Oracle's Claim for Infringement of the '205 Patent**

1.      [JOINT]  The amount of a reasonable royalty for Google's infringement of the patent from 2007-2011.

2.      [GOOGLE]  Whether Google's infringement of the asserted claims was willful infringement of the patent.

**Oracle's Claim for Infringement of the '702 Patent**

1.      [JOINT]  The amount of a reasonable royalty for Google's infringement of the patent from 2007-2011.

2.      [GOOGLE]  Whether Google's infringement of the asserted claims was willful. infringement of the patent.

**Oracle's Claim for Infringement of the '720 Patent**

1.      [JOINT]  The amount of a reasonable royalty for Google's infringement of the patent from 2007-2011.

2.      [GOOGLE]  Whether Google's infringement of the asserted claims was willful. infringement of the patent.

**Oracle's Claim for Infringement of the '520 Patent**

1.      [JOINT]  The amount of a reasonable royalty for Google's infringement of the patent from 2007-2011.

2.      [GOOGLE]  Whether Google's infringement of the asserted claims was willful.

**Oracle's Claim for Infringement of the '476 Patent**

1.      [JOINT]  The amount of a reasonable royalty for Google's infringement of the patent from 2007-2011.

2.      [GOOGLE]  Whether Google's infringement of Claim 14 was willful.

**VI.      EXHIBIT AND WITNESS LISTS**

The parties attach their Joint Trial Exhibit List as Appendix A.  Oracle's Witness List for its case-in-chief witnesses is attached as Appendix B.  Google's Witness List for its case-in-chief witnesses is attached as Appendix C.

1    Dated: October 12, 2011          MORRISON & FOERSTER LLP

2

3                               By:  */s/ Daniel P. Muino*
                                       Daniel P. Muino

4                              MORRISON & FOERSTER LLP
                             MICHAEL A. JACOBS (Bar No. 111664)
5                              mjacobs@mofo.com
                             MARC DAVID PETERS (Bar No. 211725)
6                              mdpeters@mofo.com
                             DANIEL P. MUINO (Bar No. 209624)
7                              dmuino@mofo.com
                             755 Page Mill Road
8                              Palo Alto, CA  94304-1018
                             Telephone: (650) 813-5600
9                              Facsimile: (650) 494-0792

10                             BOIES, SCHILLER & FLEXNER LLP
                            DAVID BOIES (Admitted *Pro Hac Vice*)
11                             dboies@bsfllp.com
                            333 Main Street
12                             Armonk, NY  10504
                            Telephone: (914) 749-8200
13                             Facsimile: (914) 749-8300
                            STEVEN C. HOLTZMAN (Bar No. 144177)
14                             sholtzman@bsfllp.com
                            1999 Harrison St., Suite 900
15                             Oakland, CA  94612
                            Telephone: (510) 874-1000
16                             Facsimile: (510) 874-1460

17                             ORACLE CORPORATION
                            DORIAN DALEY (Bar No. 129049)
18                             dorian.daley@oracle.com
                            DEBORAH K. MILLER (Bar No. 95527)
19                             deborah.miller@oracle.com
                            MATTHEW M. SARBORARIA (Bar
20                             No. 211600)
                            matthew.sarboraria@oracle.com
21                             500 Oracle Parkway
                            Redwood City, CA  94065
22                             Telephone: (650) 506-5200
                            Facsimile: (650) 506-7114
23

24                             *Attorneys for Plaintiff*
                            ORACLE AMERICA, INC.

25

26

27

28

1    Dated: October 12, 2011                    KEKER & VAN NEST LLP

2

3                                              By:  */s/ Matthias Kamber*
                                                    Matthias Kamber

4                                              ROBERT A. VAN NEST (SBN 84065)
                                               rvannest@kvn.com
5                                              CHRISTA M. ANDERSON (SBN184325)
                                               canderson@kvn.com
6                                              DANIEL PURCELL (SBN 191424)
                                               dpurcell@kvn.com
7                                              710 Sansome Street
                                               San Francisco, CA 94111-1704
8                                              Telephone: (415) 391-5400
                                               Facsimile: (415) 397-7188
9
                                               SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
10                                             sweingaertner@kslaw.com
                                               ROBERT F. PERRY
11                                             rperry@kslaw.com
                                               BRUCE W. BABER (*Pro Hac Vice*)
12                                             bbaber@kslaw.com
                                               KING & SPALDING LLP
13                                             1185 Avenue of the Americas
                                               New York, NY 10036-4003
14                                             Telephone:  (212) 556-2100
                                               Facsimile:  (212) 556-2222
15
                                               DONALD F. ZIMMER, JR. (SBN 112279)
16                                             fzimmer@kslaw.com
                                               CHERYL A. SABNIS (SBN 224323)
17                                             csabnis@kslaw.com
                                               KING & SPALDING LLP
18                                             101 Second Street - Suite 2300
                                               San Francisco, CA 94105
19                                             Telephone: (415) 318-1200
                                               Facsimile:  (415) 318-1300
20
                                               GREENBERG TRAURIG, LLP
21                                             IAN C. BALLON (SBN 141819)
                                               ballon@gtlaw.com
22                                             HEATHER MEEKER (SBN 172148)
                                               meekerh@gtlaw.com
23                                             1900 University Avenue
                                               East Palo Alto, CA 94303
24                                             Telephone: (650) 328-8500
                                               Facsimile: (650) 328-8508
25
                                               *Attorneys for Defendant*
26                                             GOOGLE INC.

27

28

1

**ATTESTATION**

2      I, Daniel P. Muino, am the ECF User whose ID and password are being used to file the

3 **PARTIES' JOINT PROPOSED PRETRIAL ORDER**.  In compliance with General Order 45,

4 X.B., I hereby attest that Matthias Kamber has concurred in this filing.

5

6 Date: October 12, 2011                            */s/ Daniel P. Muino* _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28