# MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 14, 2011

Writer's Direct Contact
650.813.5932
MDPeters@mofo.com

The Honorable William H. Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Oracle opposes Google's renewed request for leave to move for summary judgment on whether Oracle's entitlement to damages is limited by 35 U.S.C. § 287.

Genuine disputes of material fact exist that prevent summary judgment on the marking issue. Whether or not Oracle's Java products practice the asserted claims of the patents-in-suit remains a hotly contested issue. Summary judgment is not appropriate so long as Google disputes that Oracle's products are patented articles. If they are not, then there was no marking obligation. Google cannot contend that Oracle *did* practice the patents for purposes of the marking statute and also contend Oracle *did not* practice the patents for other purposes—such as the remarkable commercial success of Oracle's Java, which shows non-obviousness of the patents and demand for the inventions. Google is still trying to have it both ways, and it may not. Whether Oracle's Java products used the patented technology must be tried to the jury. It may also be that the jury finds that Oracle's products only practice the asserted method claims, in which case there would have been no obligation to mark.

That Oracle has licensed its technology does not change the analysis. Oracle provides its products in source code form to many of its commercial licensees—the same

MORRISON | FOERSTER

The Honorable William H. Alsup
October 14, 2011
Page Two

products that Google contends do not practice the patents.  Google has not put forward any evidence in discovery that Oracle's licensees do make "patented articles" that embody any of the asserted apparatus claims as required by the marking statute.  Indeed, there is evidence to the contrary: Google sought to establish during deposition that the JavaOS product that Oracle contends practiced the '702 patent was cancelled in 1999.  *See* Stephen Shankland, *Sun, IBM decaffeinate JavaOS* (August 23, 1999), http://news.cnet.com/2100-1001-230175.html (last visited October 13, 2011) (Google's Exhibit DX290 to the Pampuch 30(b)(6) deposition).  If so, then there was no marking obligation at the time Google began its infringement of the '702 patent in 2006.  *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002) ("The recovery of damages is not limited where there is no failure to mark, *i.e.*, . . . where there are no products to mark.").  It is the sale of a "patented article," not a mere license, that triggers the marking obligation.  35 U.S.C. § 287.

It is also possible that the jury will find that, for a given patent, only the method claims are infringed.  If the jury so finds, then there would have been no marking obligation.  *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083 (Fed. Cir. 1983) (holding that the failure to mark did not limit damages even though the patent contained apparatus claims because "[t]he only claims that were found infringed in this case, however, were claims 1, 2, and 6 of the Hanson patent, which are drawn to '[t]he method of forming, distributing and depositing snow upon a surface....'").

Given the disputed facts regarding practice of the patents, Google's renewed motion is still not a proper vehicle for deciding as a matter of law how the marking statute applies in this case.  Google's request for leave to file a motion for summary judgment on the patent marking statute should be denied.

**MORRISON | FOERSTER**

The Honorable William H. Alsup
October 14, 2011
Page Three

Respectfully submitted,

*/s/ Michael A. Jacobs*

Michael A. Jacobs