# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET* SUITE 900* OAKLAND, CA 94612* 510-874-1000 FAX 510-874-1460

October 14, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: **Oracle America, Inc. v. Google Inc., No. C 10-3561 WHA**

Dear Judge Alsup:

Oracle writes in response to Google's précis dated October 12, 2011, seeking permission to file a motion to strike the rebuttal expert reports of Dr. Kenneth Serwin.  (Dkt. No. 522.)  On October 10, 2011, Dr. Serwin submitted reports rebutting the expert reports that Google's two damages experts, Dr. Leonard and Dr. Cox, had submitted as their Rule 26(a) disclosures on October 3.  Google contends that Dr. Serwin's rebuttal reports are forbidden because the Court's orders make no provision for such a report, and because all other rebuttal reports in the cases were submitted by experts who had previously served other reports.

These assertions are meritless.  Rule 26 expressly contemplates rebuttal reports.  "Absent a stipulation or a court order, the disclosure must be made . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) within 30 days after the other party's disclosure."  FED. R. CIV. P. 26(a)(2)(D)(ii).  Nothing in this Court's orders obviates the right to a rebuttal expert, and the orders' silence on the issue cannot be construed to do so.  *See, e.g.*, *In re Katrina Canal Breaches Consolidated Litig.*, 2010 WL 1643760, at *2 (E.D. La. Apr. 20, 2010) (holding that where case management order was "silent as to supplemental and rebuttal reports," Rule 26(a)(2)(D) applied and rebuttal reports submitted within 30 days of adversary's report were timely).  Oracle submitted Dr. Serwin's rebuttal report, thus making the full disclosure required by Rule 26, long before the

The Honorable William Alsup
October 14, 2011
Page 2 of 3

deadline in the Rule.

Google next asserts that the Court's Case Management Order "did not give any party permission to submit 'rebuttal' reports, either with respect to the damages reports specifically, *id.*, or expert reports generally." If the Order were silent on rebuttal reports; that would not help Google: Rule 26 specifically permits Oracle to file a rebuttal report. *In re Katrina Canal Breaches,* 2010 WL 1643760, at *2. However, the Order specifically provided that "the party with the burden of proof must disclose any *reply reports rebutting* specific material in opposition reports" seven days after opposition reports were filed. (Case Management Order (Dkt. No. 56) at ¶ 8 (emphasis added).) Dr. Serwin's rebuttal report is, as the Court's Order contemplates, truly a rebuttal: he only responds to the opinions and analyses proffered by Google's experts, offering no affirmative analysis. The Court's July 22, 2011, Order, which simply set a new date for Dr. Cockburn's opening report, superseded neither the Case Management Order nor the rights of the parties under Rule 26.

Google further asserts that rebuttal reports may be submitted only by experts who submitted initial reports. Google cites nothing for this claim, because it is false. "[Rule 26] does not restrict rebuttal testimony to expert witnesses previously designated to testify in the case in chief. Plaintiffs have cited no authority for the proposition that rebuttal testimony should be so restricted. The court otherwise knows of none." *Knapp v. State Farm Fire & Cas. Co.*, 1995 WL 340991, at *2 (D. Kan. May 31, 1995).

Indeed, Google has submitted technical or damages expert reports for at least ten experts, several of whom have submitted both "reply" and "rebuttal" reports. Google cites no authority for the proposition that the opening report and the rebuttal report must come from the same expert, nor does it offer a principled explanation why that would prejudice Google. Google has

been aware of Dr. Serwin's role for months; Google will have an opportunity to both depose and cross-examine Dr. Serwin; and Dr. Serwin's opinion is properly limited to rebuttal testimony in response to Google's expert reports.

Although not required to do so, Oracle informed Google that Dr. Serwin might be providing expert testimony in this case on numerous prior occasions.  First, on July 27, 2011, Oracle provided Google with a list of names of additional experts it wanted to have access to AEO information under the Protective Order.  Dr. Serwin's name was on that list.  Under the terms of the Protective Order, Google had two weeks to object to Dr. Serwin and other staff members at Berkeley Research Group, his consulting firm, receiving Google AEO materials.  Google made no objection.  Second, Oracle again disclosed Dr. Serwin by name at the August 19, 2011 hearing regarding court-appointed experts, alerting Google to the fact that Oracle may submit a report authored by a separate expert.  (8/19/11 Tr. at 32 ("THE COURT:  So who are the experts we will be critiquing here?  MR. HOLTZMAN:  Our original expert was Professor Iain Cockburn, Boston University.  We may or may not add a second expert, who would mostly likely be Ken Serwin.  THE COURT: Ken Who?  MR. HOLTZMAN: Serwin, S-E-R-W-I-N.  Those would be the primary damage-related experts.").  Third, Oracle's witness list, served on October 1, clearly identifies Dr. Serwin as an "expert retained by Oracle who may testify as a rebuttal witness regarding damages."  In contrast, Google ultimately submitted opposition reports from two experts, but only identified one – Dr. Leonard – when asked directly by the Court who its experts were at the August 19, 2011 hearing.  (8/19/11 Tr. at 32–33.)

Google has proffered no legitimate basis to strike Dr. Serwin's rebuttal report.  Oracle respectfully requests that the Court deny Google's request to file a motion to strike.

                                                Respectfully submitted,
                                                /s/ Fred Norton