MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
|---|---|
| Plaintiff, | **ORACLE'S CASE MANAGEMENT STATEMENT** |
| v. | Date:  October 19, 2011 |
| GOOGLE INC. | Time:  9:30 a.m. |
| Defendant. | Dept.:  Courtroom 9, 19th Floor<br>Judge:  Honorable William H. Alsup |

The Court's order of October 12, 2011, directed the parties to be prepared to address three issues at the case management conference on October 19, 2011:

(1)  How much time the Rule 706 expert will require to complete his work, including the time needed to complete an independent damages study as opposed to only critiquing the studies provided by the parties' damages experts.

(2)  The possibility of severing the copyright claim from the patent claims and first conducting a shorter trial on the copyright claim.

(3)  The possibility of general postponement and how best to use any intervening time, for example with respect to motion practice.

Oracle briefly addresses each of these points below.

**1.      Time Required by Rule 706 Expert**

Oracle assumes that this first question is addressed to counsel for Dr. Kearl.

**2.      Oracle's Copyright Claim Should Be Tried With The Patent Claims**

Oracle is opposed to severing the copyright claim from the patent claims and trying it separately.  The copyright and patent claims should be tried together for at least two reasons:

*First*, the copyright and patent claims significantly overlap, and trying the claims separately would result in great redundancy in trial presentation.  Nearly every witness on Oracle's list possesses information relevant to both the copyright and patent claims.  For example: testimony regarding (1) the background of the Java platform, its development, and innovative features (Mark Reinhold, James Gosling, Guy Steele); (2) the development of Android, including the code and features copied from Java (Andy Rubin, Joshua Bloch, Bob Lee, Daniel Bornstein, Andy McFadden, Brian Swetland); (3) Google's direct infringement of Oracle's copyrights and patents through its use of Android devices for testing and other purposes (Dan Morrill, Patrick Brady); (4) Google's willful infringement of Oracle's intellectual property rights, the evidence of which will be much the same for copyrights and patents (Tim Lindholm, Andy Rubin, Joshua Bloch, Bob Lee, Brian Swetland); (5) the licensing negotiations between Google and Sun/Oracle for rights to use the copyrighted and patented features of Java in Android (Vineet Gupta, Param Singh, Larry Ellison, Thomas Kurian, Larry Page, Eric Schmidt, Andy Rubin); and (6) the harm

1   caused by Android to Java (Larry Ellison, Jeet Kaul, Thomas Kurian, Hasan Rizvi, Edward

2   Screven).

3        As it will not be possible to isolate the copyright and patent-related testimony of these

4   witnesses, trying the claims separately will result in the witnesses testifying twice on the same

5   subjects, greatly lengthening the necessary trial time.  Similarly, the documentary evidence on

6   these subjects (including e-mails and presentations reflecting Android's development, Google's

7   willful infringement, and the licensing negotiations) will substantially overlap, requiring the jury

8   to view them twice.

9        ***Second***, separating Oracle's copyright and patent claims would prejudice Oracle's case on

10   both sets of claims, as Google's copyright infringement is inextricably intertwined with its

11   infringement of Oracle's patents.  Google chose to incorporate Java virtual machine technology

12   into Android, allowing Android to run applications written in Java with the speed and memory

13   efficiency of a Java virtual machine.  In doing so, Google also chose to copy the core Java API

14   specifications and class libraries which platform vendors must license in order to support Java

15   applications, and to incorporate the patented virtual machine features into Android's Dalvik

16   virtual machine and related software components.  The story of this infringement is not divisible.

17   The copying of the core Java API specifications and the inclusion of the patented features in

18   Android were carried out by the same team of Google engineers and done for the same reason –

19   to provide Android with the advantages of Java, including speed, efficiency, and a wide

20   community of developers.  For the '476 patent in particular, the conduct that led to infringement

21   of that patent (Google's inclusion of the java.security API packages in Android) is the same

22   activity that infringes Oracle's copyrights in those packages.  For the jury to fully appreciate the

23   scope of Google's willful copyright infringement, it must be permitted to consider the

24   overlapping evidence of willful patent infringement.

25        Additionally, if the copyright and patent claims are tried to different juries, there is

26   significant risk that the second jury would be required to re-examine a factual issue determined by

27   the first, in violation of the Seventh Amendment's Re-examination Clause.  *See, e.g., Gasoline*

28   *Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 500-01 (1931) (under Re-examination

1   Clause, reversing judgment where successive juries might have been required to decide same

2   facts); *United Airlines, Inc. v. Weiner,* 286 F.2d 302, 306 (9th Cir. 1961) (reversing where

3   successive juries were used and issues of liability and damages were "so interwoven" that "the

4   former cannot be submitted to the jury independently of the latter").  On willfulness, indirect

5   patent infringement, and contributory copyright infringement, for instance, each jury would

6   consider much of the same evidence in deciding whether Google's conduct was knowing and

7   willful.  If the claims were tried separately to separate juries, the second jury would almost

8   inevitably revisit facts decided by the first.  Even if a single jury were used, the parties will adjust

9   their presentations the second time around, with the prospect that a single jury would return

10   inconsistent verdicts.

11       Even if that risk could be avoided, holding separate trials on Oracle's copyright and patent

12   claims would *lengthen* the overall trial of this case, not shorten it, and would severely prejudice

13   Oracle's ability to fairly present the intertwined facts of this case for adjudication.  For these

14   reasons, Oracle's copyright and patent claims should be tried together.

15       **3.**       **General Postponement and Motion Practice**

16       In the event that the trial is postponed, Oracle proposes to file two motions for summary

17   judgment to narrow the issues in the case for trial.

18       First, Oracle proposes to file a motion for summary judgment of the copyrightability of

19   the selection and arrangement of names in the 37 API design specifications at issue.  In its

20   summary judgment order, the Court left open this question, stating that

21       In finding that the names of the various items appearing in the disputed API
         package specifications are not protected by copyright, this order does not foreclose

22       the possibility that the selection or arrangement of those names is subject to
         copyright protection. S*ee Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345

23       F.3d 1140, 1147 (9th Cir. 2003) ("[A] combination of *unprotectable* elements is
         eligible for copyright protection only if those elements are numerous enough and

24       their selection and arrangement original enough that their combination constitutes
         an original work of authorship.")

25   (ECF No. 433, Order Partially Granting and Partially Denying Defendant's Motion for Summary

26   Judgment on Copyright Claim, at 8 (emphasis supplied in order).)

27

28

1    Under copyright law, there is a "minimal amount of creativity required to satisfy the low

2    threshold for demonstrating originality," and when appropriate, originality may be determined by

3    the Court on summary judgment.  *See Jacobs v. Katzer,* 2009 U.S. Dist. LEXIS 115204, at *9-10

4    (N.D. Cal. Dec. 10, 2009) (granting summary judgment of originality and copyrightability of

5    plaintiff's selection and arrangement of "Decoder Definition Text Files" reflecting decoder

6    information from model railroad manufacturers).  The selection and arrangement of the nearly

7    8000 names found in the APIs readily surpasses this standard and originality can be determined as

8    a matter of law.

9    Second, Oracle proposes to file a motion for summary judgment on Google's four

10    equitable defenses – laches, equitable estoppel, implied license and waiver.  The parties agree that

11    these four equitable defenses are for the Court to decide.  (ECF No. 525, Parties' Joint Proposed

12    Pretrial Order, at 9-10, 12).  Moreover, all four defenses arise out of the same general set of facts

13    – Google's allegations concerning statements and actions, or inaction, by Sun and Oracle relating

14    to the enforcement of the patents and copyrights at issue – Google has in fact grouped laches,

15    estoppel and waiver under the same heading in its affirmative defenses.  (*See* ECF No. 51,

16    Google Inc's Answer to Plaintiff's Amended Complaint for Patent and Copyright Infringement

17    and Amended Counterclaims, at 10, 12-13 (Third, Eleventh and Eighteenth Defenses).  Oracle

18    believes these defenses can be decided against Google as a matter of law as well.

19

20

21    Dated: October 18, 2011                    MICHAEL A. JACOBS
                                                 MARC DAVID PETERS
22                                               DANIEL P. MUINO
                                                 MORRISON & FOERSTER LLP
23

24                                               By:  /s/ Michael A. Jacobs

25                                               *Attorneys for Plaintiff*
                                                 ORACLE AMERICA, INC.
26

27

28