| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - #84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - #184325<br>canderson@kvn.com<br>STEVEN A. HIRSCH - #171825<br>shirsch@kvn.com<br>633 Battery Street<br>San Francisco, CA  94111-1809<br>Tel:     415.391.5400<br>Fax:    415.397.7188 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second St., Suite 2300<br>San Francisco, CA  94105<br>Tel:     415.318.1200<br>Fax:    415.318.1300 |
| KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (*Pro Hac Vice*)<br>1185 Avenue of the Americas<br>New York, NY  10036<br>Tel:     212.556.2100<br>Fax:    212.556.2222 | IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Tel:     650.328.8500<br>Fax:    650.328-8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010**<br><br>Hearing Date: ____     TBD<br>Time of Hearing:        TBD<br>Judge:                      Hon. William Alsup<br><br>Date Comp. Filed:     October 27, 2010<br>Trial Date:                 TBD |

585737.01

MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR
ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010
CASE NO. 3:10-cv-03561-WHA

**NOTICE OF MOTION AND MOTION.** Notice is hereby given to plaintiff Oracle America, Inc. ("Oracle") and to its attorneys of record that, at a time and on a date to be determined by the above-entitled Court, defendant Google Inc. ("Google") will and hereby does move the Court for partial summary judgment that, with respect to patents RE 38,104; 5,966,702; 6,061,520; 7,426,720; and 6,192,476 (**"the patents-at-issue"**), Google is not liable to Oracle for any damages for any alleged infringement that occurred before July 20, 2010.

The hearing, if the Court orders one, will take place in Courtroom 9 on the Nineteenth Floor of the Courthouse at 450 Golden Gate Avenue, San Francisco, California. This motion is based upon this Notice of Motion and Motion, the accompanying Brief in Support of Motion, the accompanying Declaration of Robert A. Van Nest and exhibits thereto, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

**STATEMENT OF RELIEF SOUGHT.** Google seeks an order granting partial summary judgment that, with respect to the patents-at-issue, Google is not liable to Oracle for any damages for any alleged infringement that allegedly occurred before July 20, 2010.

**BRIEF IN SUPPORT OF MOTION**

**I.       INTRODUCTION AND ISSUE TO BE DECIDED**

Patentees and their licensees who make, sell, offer to sell, or import a patented article must give the world constructive notice of the patent by marking the article with the patent number. If marking does not occur and constructive notice is therefore lacking, the patentee cannot obtain damages for alleged infringement that occurred before the date on which the patentee gave the alleged infringer actual and specific notice of the patentee's infringement claims. *See* 35 U.S.C. § 287(a). The only relevant exception to this "marking" requirement arises where there is simply nothing to mark because the patentee only asserts infringement of a patent's method or process claims (or the asserted patent only contains such claims).

Failure to mark sharply limits the damages available to Oracle in this case. Oracle's revised expert report on damages, served on September 10, 2011, confirms that Oracle is seeking damages for patent infringement dating back to 2007—years before Oracle first gave Google

1
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR
ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010
CASE NO. 3:10-cv-03561-WHA

585737.01

actual notice of the infringement claims at issue in this lawsuit. But damages for most of that period are unavailable as a matter of law because Oracle concededly failed to mark any articles that practice its asserted patents.

It is undisputed that:

1. Oracle alleges that Google infringed apparatus claims in the patents-at-issue.

2. Oracle has identified many products that, it contends, practice the asserted claims of the patents-at-issue.

3. Oracle and its licensees never marked any articles that practice the patents-at-issue.

4. Oracle first gave Google actual notice of Oracle's specific infringement claims on July 20, 2010.

The issue for decision is whether these four undisputed facts compel the conclusion that, with respect to the patents-at-issue, Oracle cannot obtain damages for alleged infringement that occurred before July 20, 2010.

For reasons set forth below, the answer is, "yes," and the Court therefore should grant this motion.

## II. STATEMENT OF UNDISPUTED, MATERIAL FACTS

This motion turns on four undisputed facts.

1. Oracle claims that Google infringed apparatus, system, and/or computer-readable-medium claims contained in the patents-at-issue.[1]

2. Oracle has identified many "markable" products that, it contends, practice the asserted claims of the patents-at-issue. Among those products are multiple releases of its Java desktop, enterprise, mobile, and embedded-software platforms.[2]

3. Yet Oracle has admitted that it "is not aware of any device, system, or product

---

[1] See accompanying Declaration of Robert A. Van Nest ("Van Nest Decl."), Ex. A (Oracle America, Inc.'s Case Management Statement Selecting Claims for Trial (Doc. 471)).

[2] See Van Nest Decl., Ex. B (Oracle's Second Supplemental Patent Local Rule 3-1 Disclosure at pp. 9-11).

2
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010
CASE NO. 3:10-cv-03561-WHA

585737.01

2
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010
CASE NO. 3:10-cv-03561-WHA

expressly marked with the patent number of any of the Patents-in-Suit or Related Patents."[3]

4. Oracle first put Google on actual notice of its specific patent-infringement claims during a meeting at Google headquarters in Mountain View, California on July 20, 2010.[4]

### III. ARGUMENT

**A. Because Oracle and its licensees concededly failed to mark articles that practice the asserted claims, Oracle cannot obtain damages for patent infringement that occurred before July 20, 2010—the date on which Oracle first gave Google actual and specific notice of the patent-infringement claims asserted here.**

The four undisputed facts set forth above compel the conclusion that, with respect to the patents-at-issue, Oracle cannot recover damages for infringement that occurred before July 20, 2010.

**1. Oracle admits that it and its licensees never marked any articles that practice the patents-in-suit.**

Oracle cannot carry its trial burden of proving that it gave Google constructive notice of the patents-at-isssue through compliance with the federal marking-and-notice statute, 35 U.S.C. § 287(a). Oracle therefore cannot obtain any damages—whether related to apparatus or method claims—for alleged patent infringement that occurred before the date on which it gave Google actual and specific notice of the patent-infringement claims asserted in this lawsuit.

The federal marking-and-notice statute, section 287(a), states in substance that patentees and their licensees who make, sell, offer to sell, or import a patented article can "give notice to the public" that the article is patented by marking the article (or, if that is impractical, its package) with the word "patent" or "pat.," followed by the patent number.[5]

---

[3] *See* Van Nest Decl., Ex. C (Oracle's Response to Google's Request for Production No. 4).

[4] *See* Van Nest Decl., Ex. D (Declaration of Benjamin Lee Concerning the August 6, 2010 Email and Drafts Thereof, Doc. 315, filed Aug. 17, 2011), ¶ 5 ("On or about July 20, 2010, I attended a meeting with attorneys for Oracle at Google's office in Mountain View, California. At that meeting, Oracle claimed that Google was infringing on Oracle patents. Oracle threatened to sue Google over those patents."); Van Nest Decl., Ex. E (Oracle's Trial Brief (Doc. 536), pp. 18-19) ("The parties agree that Oracle presented the six Java-related patents to Google at a meeting on July 20, 2010.").

[5] Section 287(a) states in full:

3
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010
CASE NO. 3:10-cv-03561-WHA

585737.01

The result of failing to mark a patented article is that "no damages shall be recovered" in any patent-infringement suit "except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." *Id.*

Thus, "[s]ection 287(a) requires a party asserting infringement to either provide ***constructive*** notice (through marking) or ***actual*** notice in order to avail itself of damages." *American Med. Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1537 n.18 (Fed. Cir. 1993) (emphases added). "[A] party that does not mark a patented article is not entitled to damages for infringement prior to actual notice." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009). The patentee bears the burden of proving by a preponderance of evidence that it has complied with section 287(a). *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998).

"The marking statute serves three related purposes: 1) helping to avoid innocent infringement, . . . 2) encouraging patentees to give notice to the public that the article is patented, . . . and 3) aiding the public to identify whether an article is patented." *Nike*, 138 F.3d at 1443 (citations omitted). Accordingly, the marking must be "substantially consistent and continuous," in that "substantially all" of the patented products were marked. *American Med. Sys.,* 6 F.3d at 1537-38. The marking requirement applies to software products, including ones (like the Java-

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

4
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010
CASE NO. 3:10-cv-03561-WHA

585737.01

platform software) that are made available on websites;[6] and it applies as well to products sold by the patentee's licensees.[7]

The marking requirement does not apply to method or process claims because, with an intangible method or process, "there is nothing to mark." *American Med. Sys.,* 6 F.3d at 1538-39. But the marking requirement *does* apply where "***both*** apparatus and method claims . . . [are] asserted and there [is] a physical device produced by the claimed method that [is] capable of being marked." *Id.* at 1539 (emphasis added). In that situation, the patentee must mark the physical device as a precondition to recovering damages for any patent infringement—even method-claim infringement—that occurred before the actual-notice date. *Id.; see also Crown Packaging,* 559 F.3d at 1316-17.[8]

The marking requirement applies here because, as to the patents-at-issue, Oracle is asserting apparatus, system, or computer-readable-medium claims whose embodiments include tangible objects that ***can*** be marked and therefore ***must*** be marked as a precondition for obtaining any patent-infringement damages.

Oracle has identified many products that, it contends, practice the asserted claims of each of the patents-at-issue. Among those products are multiple releases of its Java desktop, enterprise, mobile, and embedded-software platforms.[9] Although such articles are subject to the marking requirement, Oracle admits that it "is not aware of any device, system, or product expressly marked with the patent number of any of the Patents-in-Suit or Related Patents."[10]

---

[6] *See Soverain Software LLC v. Amazon.com, Inc.,* 79 U.S.P.Q.2d 1208, 1212 (E.D. Tex. 2005); *IMX Inc. v. LendingTree LLC,* 79 U.S.P.Q.2d 1373, 1375-76 (D. Del. 2005); *Northbrook Digital Corp. v. Browster, Inc.,* Case No. 06-4206, 2008 WL 4104695, at *4 (D. Minn. Aug. 26, 2008).

[7] *See Amsted Indus. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 185 (Fed. Cir 1994); *Devices for Med., Inc. v. Boehl,* 822 F.2d 1062, 1066 (Fed. Cir 1987).

[8] Because the '205 patent contains only method claims, this motion does not address damages for infringement of that patent. *See State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1074 (Fed. Cir. 2003).

[9] *See* Van Nest Decl., Ex. B at pp. 9-11.

[10] *See* Van Nest Decl., Ex. C.

5
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010
CASE NO. 3:10-cv-03561-WHA

585737.01

Oracle therefore cannot carry its trial burden of proving by a preponderance of evidence that it has complied with the marking-and-notice statute. *See Nike*, 138 F.3d at 1446. Accordingly, with respect to the patents-at-issue, Oracle cannot obtain any damages for infringement that occurred before the date on which it gave Google actual notice of the infringement claims asserted in this lawsuit.

**2.  Oracle admits that it first gave Google actual and specific notice of specific infringement claims on July 20, 2010.**

In this case, it is undisputed that the date of actual notice is July 20, 2010. Because Oracle failed to mark, it can obtain no damages for alleged patent infringement that occurred before that date.

For "actual notice" to occur under section 287(a), there "must be an affirmative act on the part of the patentee which informs the defendant of his infringement. . . . [N]otice must be of 'the infringement,' not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). "Thus, the correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge of the infringer." *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327 (Fed. Cir. 2001) (internal brackets and quotation marks omitted).

It is undisputed that July 20, 2010 is the date on which Oracle first made an "affirmative communication" to Google of "a specific charge of infringement by [the] specific accused product[s] or device[s]." *Amsted Indus.*, 24 F.3d at 187. Former Google in-house lawyer Ben Lee has declared that, "[o]n or about July 20, 2010, I attended a meeting with attorneys for Oracle at Google's office in Mountain View, California. At that meeting, Oracle claimed that Google was infringing on Oracle patents. Oracle threatened to sue Google over those patents."[11]

---

[11] Van Nest Decl., Ex. D, ¶ 5.

6
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010
CASE NO. 3:10-cv-03561-WHA

585737.01

And Oracle's Trial Brief "agree[s] that Oracle presented the six Java-related patents to Google at a meeting on July 20, 2010."[12]

Accordingly, with respect to the patents-at-issue, Oracle is barred from recovering damages for infringement that occurred before July 20, 2010, which is the undisputed earliest date of actual notice.[13]

## IV. CONCLUSION

For all the reasons stated above, the Court should grant partial summary judgment that, with respect to patents RE 38,104; 5,966,702; 6,061,520; 7,426,720; and 6,192,476, Google is not liable to Oracle for damages for any alleged infringement that occurred before July 20, 2010.

Dated: October 21, 2011

Respectfully submitted,

KEKER & VAN NEST LLP

By: s/ Robert A. Van Nest
ROBERT A. VAN NEST
Attorneys for Defendant
GOOGLE INC.

---

[12] Van Nest Decl., Ex. E, pp. 18-19.

[13] Oracle may argue (as it did in opposing the précis) that this motion is premature because no jury has yet determined that Oracle or its licensees practice, or that Oracle has infringed, one of the non-method claims of the patents-at-issue. But Oracle itself has contended (1) that the claims are practiced (Van Nest Decl., Ex. B) and (2) that its apparatus, computer-readable-medium, and method claims "mirror" each other, contain essentially "identical limitations," and are all necessarily infringed whenever Android software is loaded onto a phone and used. Van Nest Decl., Ex. A, p. 1. If those representations are correct, then this motion is no more premature than any other partial-summary-judgment motion addressing a damages issue. Such motions always presume a finding of liability, and this motion presumes no more than that.

7
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010
CASE NO. 3:10-cv-03561-WHA

585737.01