# EXHIBIT E

MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **ORACLE'S TRIAL BRIEF** |
| v. | |
| GOOGLE INC. | Trial Date: October 31, 2011<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |
| Defendant. | |

1  was actually aware of the infringing actions; or (2) Google's actions were the result of reckless
2  disregard for, or willful blindness to, Oracle's rights. *Louis Vuitton Malletier,* 2011 U.S. App.
3  LEXIS 18815, at *15. To prevail on willful patent infringement, Oracle must show that: (1)
4  Google acted despite a high likelihood that Google's actions infringed a valid and enforceable
5  patent; and (2) Google actually knew or should have known that its actions constituted an
6  unjustifiably high risk of infringing a valid and enforceable patent. *In re Seagate Tech., LLC*, 497
7  F.3d 1360, 1371 (Fed. Cir. 2007).

8  Oracle will show that Google knew or willfully blinded itself to the fact that the Java
9  platform is protected by the Java-related copyrights and patents, that Google infringed the
10 copyrights and patents anyway, and that it contributed to and induced others to infringe them as
11 well. There can be no question that Google knew Java was a proprietary technology subject to
12 copyright and patent protection and that it needed a license to use it for Android. As previously
13 described, the history of Java license negotiations in which Mr. Rubin and Google were involved
14 unequivocally demonstrates Google's knowledge. Internal communications at Google reveal that
15 the company was well aware of the need to license Java technology for use in Android, and that it
16 deliberately chose to proceed without a license. And the numerous Sun personnel that Google
17 hired brought with them not only their knowledge of the Java technology, but also their
18 awareness of Sun's Java intellectual property and licensing practices.

19 Google argues that it cannot be liable for willful infringement prior to the time that it
20 became specifically aware of the six Java-related patents. The parties agree that Oracle presented
21 the six Java-related patents to Google at a meeting on July 20, 2010. Google insists that it had no
22 knowledge of the specific patents prior to that time, and so cannot be liable for willfulness.
23 Google is mistaken on the law.

24 Federal courts have found that specific knowledge of the patents is not necessarily
25 required to trigger a finding of willful infringement. The Federal Circuit in *Seagate* held that a
26 finding of willfulness requires a showing that "the infringer acted despite an objectively high
27 likelihood that its actions constituted infringement of *a valid patent*." *In re Seagate*, 497 F.3d at
28 1371 (emphasis added). District courts applying *Seagate* have found that specific knowledge of

ORACLE'S TRIAL BRIEF
CASE NO. CV 10-03561 WHA
pa-1489893

18

the patents is not required if the infringers had enough information that they knew or *should have known* their actions constituted an unjustifiably high risk of infringing a valid patent. *Krippelz v. Ford Motor Co.*, 636 F. Supp. 2d 669, 671, n.2 (N.D. Ill. 2009) ("Knowledge of [a] patent is not the same thing as knowledge of the high likelihood that one's actions constituted infringement of a valid patent"); *PalTalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-CV-367 (DF), 2009 U.S. Dist. LEXIS 131087, at *6-7 (E.D. Tex. Feb. 2, 2009). In *PalTalk*, the court held that "knowledge may be actual or constructive." *Id*. at 5. The patentee in that case identified information in the defendant's possession that demonstrated the defendant's awareness of both "the innovative characteristics of [patentee's] technology and [its] development of a patent portfolio." *Id*. at 6-7. The court held that "[a] reasonable jury could find based on the direct and circumstantial evidence presented that [defendant] had actual knowledge of the patents-in-suit." *Id*. at 7.

Given all of the information that Google possessed regarding Sun's Java intellectual property and the need to obtain a license for Java, Oracle will be able to demonstrate that Google willfully infringed the six Java-related patents both before and after the July 20, 2010 meeting.

### B. Willful Infringement as Part of the Liability Phase of Trial

If this Court bifurcates the trial into liability and damages phases, the issue of willful infringement should be tried during the liability phase. There is a significant overlap between the evidence proving infringement and willful infringement. For example, numerous internal Google documents on Android's architecture also discuss aspects of the Java platform and reveal Google's knowledge of the need to take a Java license. Oracle also intends to examine the same Google witnesses for both infringement and willful infringement.

The evidence of willful infringement is relevant to other issues that the jury must decide in the liability phase as well. Oracle asserts that Google is liable for both direct and indirect infringement of the Oracle patents. While the parties do not agree on the instructions for willfulness or indirect infringement, they do agree that both require proof of knowledge and intent.