KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:      415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:    212.556.2100
Fax:   212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:    415.318.1200
Fax:   415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:    650.328.8500
Fax:   650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                                     Plaintiff,<br><br>       v.<br><br>GOOGLE INC.,<br><br>                                     Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE TWO "REBUTTAL" DAMAGES REPORTS BY DR. KENNETH SERWIN**<br><br>Judge:      Hon. William Alsup<br><br>Date Comp. Filed:     October 27, 2010 |

PLEASE TAKE NOTICE THAT, at a time to be ordered by the Court, defendant Google Inc. ("Google") will and hereby does move to strike the two "rebuttal" expert reports of Dr. Kenneth Serwin, served by Oracle on October 10, 2011.  This motion is based on the following memorandum of points and authorities in support, the Declaration of Daniel Purcell ("Purcell Decl.") and exhibits thereto, the entire record in this matter and on any such evidence as may be presented at a hearing on this motion.

## I.     INTRODUCTION

The Court should strike Dr. Serwin's "rebuttal" expert reports, which purport to respond to the reports of Google's damages experts Dr. Gregory Leonard and Dr. Alan Cox.  This Court clearly set forth the governing procedures for serving expert reports, including damages expert reports, in two separate scheduling orders, and neither order makes any mention of "rebuttal" reports, much less authorizes either party to submit such reports with respect to an issue on which the submitting party bears the burden of proof from an expert who had never provided any opinions in the case.  Both those orders plainly confine the parties to serving *reply* reports—in other words, responsive reports from experts who had previously served opening reports.[1]  And the conduct of this case shows that both parties understood the reply-report limitation in exactly that way.  Never before in this case had either side attempted to serve a "rebuttal" report from a completely new expert who had not previously offered an opening report.  Both sides had always confined themselves to replies from experts who had submitted opening reports.

Despite the Court's clear guidance, Oracle commissioned Dr. Serwin, who had not served any opening report on any issue in the case, to prepare and serve two "rebuttal" reports.  The Court should strike both reports under its orders.  Moreover, contrary to Oracle's suggestion in its opposition to Google's *précis* letter, nothing in Federal Rule of Civil Procedure 26(a)(2)(D) creates a right to file a "rebuttal" report where a trial court has issued its own express scheduling orders, as this Court did not once but twice.

---

[1] For the sake of clarity and consistency, this Brief uses the term "opening report" as a shorthand to refer to an expert's initial report on a given issue.  Google intends that term to encompass the terms "full expert report[ ]" [Dkt. 56 ¶ 8], "all of [Oracle's] damages report" [Dkt. 56 ¶ 9], and "revised damages report" [Dkt. 230 at 15], as used in the Court's scheduling orders.

## II.     BACKGROUND

The Court first set a complete schedule for expert discovery in a November 19, 2010 case management order.  Dkt. 56.  With respect to non-damages expert discovery, each party was obligated to serve "full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ('opening reports')" on July 29, 2011.  *Id.* ¶ 8.  Then, within 14 days, or August 12, 2011, the other party "must disclose any expert reports on the same issue ('opposition reports')."  *Id.*  Within seven days after that, the party with the burden of proof "must disclose any reply reports rebutting specific material in opposition reports."  *Id.*  In that same November 19, 2010 order, the Court set a separate schedule for damages reports, requiring Oracle to "serve all of its damages report" on May 19, 2011.  *Id.* ¶ 9. The Order then contemplated that Google would file a *Daubert* motion, to be heard on a normal 35-day track. *Id.*  Once the Court resolved that motion, Google would be required to serve its "opposition report" 14 days later, with Oracle being entitled to serve "any reply" report seven days after Google's opposition report.  *Id.* ¶ 9.  The November 19, 2010 order did not mention "rebuttal" reports, much less give any party permission to submit "rebuttal" reports from new experts, either with respect to damages issues specifically, *id.,* or expert issues generally.  *Id.* ¶ 9.

After Oracle served its opening damages report on May 20, 2011, Google filed a *Daubert* motion.  The Court granted that motion in a July 22, 2011 order and set a new schedule for damages expert discovery.  Dkt. 230.  The Court ordered Oracle to submit its "revised damages report limited to the claims actually to be tried" 35 days before the final pretrial conference— September 12, 2011—and Google to serve "any responsive defense report" 14 days prior to the final pretrial conference—October 3, 2011.  *Id.* at 15-16.  This time, the Court did not mention even reply reports, let alone "rebuttal" reports.

With Oracle working on its revised damages report, the parties followed the Court's order and completed expert discovery on patent and copyright liability issues.  Both sides followed the November 19, 2010 order to the letter, serving opening reports on issues where they had the burden of proof—Oracle on its patent and copyright claims and Google on patent invalidity and its copyright affirmative defenses.  Then, after the responding party served opposition reports,

1  the party bearing the burden of proof served reply reports from its original experts. Purcell Decl.

2  ¶ 3. Neither Oracle nor Google ever attempted to serve any "rebuttal" report on a liability issue

3  from any expert who had not previously served an opening report. *Id.* ¶ 5.[2]

4        On September 12, 2011, Oracle served its revised damages report—again prepared by

5  Dr. Iain Cockburn, who had drafted the previous damages report stricken by the Court in its

6  July 22, 2011 order. After receiving the Cockburn report, Google contacted Oracle about

7  scheduling Dr. Cockburn's deposition and discussed whether Oracle had a right to serve a

8  damages reply report and, if Oracle contended it did, when that report would be due.

- On September 13, 2011, Google asked Oracle if, notwithstanding the fact that the July 22, 2011 order did not mention reply reports, it was taking the position that it had the right to serve a reply report from Dr. Cockburn. Purcell Decl. Ex. A (September 13, 2011 email from Purcell to Holtzman). Google explained that, although it preferred to take Dr. Cockburn's deposition before Google's own expert's report was due, it assumed Oracle would only produce Dr. Cockburn for deposition once, and thus would need to wait if Oracle intended to submit a reply report. *Id.* Google did not mention "rebuttal" reports.

- Later that day, Oracle wrote back, reserving its right to submit a reply report. Purcell Decl. Ex. A (September 13, 2011 email from Holtzman to Purcell). Oracle did not raise the issue of "rebuttal" reports.

- On September 14, 2011, Google responded, disagreeing that Oracle had the right to a reply, but asking Oracle when it believed any such reply would be due, given that the July 22, 2011 order did not mention replies or provide a deadline. Purcell Decl. Ex. A (September 14, 2011 email from Purcell to Holtzman). Google did not mention "rebuttal" reports.

- Later that day, Oracle took the position that "***the reply report***" would be due seven days after Google's opposition report. Purcell Decl. Ex. A (September 14, 2011 email from Holtzman to Purcell) (emphasis added). Again, Oracle did not raise the issue of "rebuttal" reports or mention more than one reply report.

- On September 15, 2011, Google informed Oracle that, "on ***the reply report***, we think you should go ahead and do one a week after our report," and asked Oracle to make clear whether it would make Dr. Cockburn available for two depositions. Purcell Decl. Ex. A (September 15, 2011

---

[2] With respect to copyright issues, Oracle has the burden of proof on liability and Google has the burden on its affirmative defenses. Accordingly, both parties served three reports—opening, opposition, and reply—from their respective experts. Oracle's expert reports from Dr. John Mitchell were entitled "opening report," "report in opposition" and "reply report." Google's expert reports from Dr. Owen Astrachan were entitled "opening," "rebuttal" and "reply" reports. Dr. Astrachan's second report used the title "rebuttal report," to distinguish it from his subsequent reply report, but it was in fact an opposition report in response to Dr. Mitchell's opening report. Purcell Decl. ¶ 4.

- email from Purcell to Holtzman) (emphasis added).  Google did not discuss the concept of, or any procedure regarding, "rebuttal" reports.

- On September 16, 2011, Oracle thanked Google "for the clarification of your thinking about reply reports."  Oracle further told Google that "there should be only one deposition of Professor Cockburn," because the Court "has made the one-deposition process clear."  Oracle took the position that Google "can decide whether to do it before your report is due or later."  Purcell Decl. Ex. B (September 16, 2011 email from Holtzman to Purcell).  Oracle then unilaterally stated "we now understand that you will not object to our submission of damages *reply/rebuttal* reports, should we elect to submit any."  *Id.* (emphasis added).  This was the first time Oracle had ever raised the issue of so-called "rebuttal" damages reports.

- Later that day, Google replied, noting that, since Oracle was "not willing to produce [Dr. Cockburn] twice," and was "reserv[ing] the right to submit *a reply report*, we have little practical choice but to wait and take his deposition."  Google made clear that "we expect that **Dr. Cockburn will in fact submit a formal reply** if he has any rebuttal opinions."  Purcell Decl. Ex. B (September 16, 2011 email from Purcell to Holtzman) (emphases added).  Again, Google made no mention of "rebuttal" reports and did not waive any objections to any further Oracle damages reports or any reports from damages experts other than Dr. Cockburn.

Never during this meet-and-confer process did Oracle ever assert it had the right to serve a stand-alone "rebuttal" report from an expert who had never previously offered an opening expert report, or inform Google it was planning to do so.  Purcell Decl. ¶ 9.  As discussed above, neither Oracle nor Google had ever previously offered a rebuttal report on any issue in the case. *Id.* ¶ 5. Google never agreed that Oracle could serve "rebuttal" reports, either in response to Oracle's counsel's September 16, 2011 email or at any other time.  *Id.* ¶ 9.

On October 10, 2011, Oracle served two reply reports by Dr. Cockburn—a 46-page reply report on patent damages and a 27-page reply report on copyright damages.  That same day, Oracle also served two "rebuttal" damages reports from Dr. Kenneth Serwin, who had never previously submitted a report in this case.  Purcell Decl. ¶ 2.  Dr. Serwin's "rebuttal" reports on the patent and copyright damages issues were 50 pages and 23 pages, respectively.

### III.   ARGUMENT

Twice in this case—first in its November 19, 2010 Case Management Order and again in its July 22, 2011 *Daubert* order—the Court has given the parties clear instructions on how to conduct expert discovery, including damages expert discovery.  The November 19, 2010 order provides for an opening "damages report," an "opposition report" by the opposing party, and a

4

1  "reply." Dkt. 56 ¶ 9. The July 22, 2011 order sets a schedule authorizing one "revised damages
2  report" and one "responsive defense report." Dkt. 230 at 15-16. Although the revised schedule
3  did not provide for any "reply" report, Google is willing to accept Dr. Cockburn's "reply" report,
4  given the Court's November 19, 2010 order and the parties' typical practices in expert discovery
5  throughout the case.

6  But what neither order provides for is the right to serve "rebuttal" reports from an expert
7  who has not previously submitted an opening report—on damages or any other subject. The
8  most sensible understanding of a "reply" report is a report, written by the original speaker,
9  replying to the "opposition" [Dkt. 56 ¶ 9] or "responsive defense" [Dkt. 230 at 16] report of the
10 other side. Indeed, throughout this lengthy and complicated case, both Oracle and Google have
11 always behaved consistent with that understanding. Neither party ever *has* served a "rebuttal"
12 report, on any issue, from any expert who had not previously submitted an opening report. Both
13 parties have always confined themselves to serving reply reports from experts who submitted
14 opening reports. Google has relied on the language in the Court's order and the parties'
15 consistent practice and refrained from serving any "rebuttal" reports by experts who did not
16 submit opening reports. Oracle's service of the Serwin reports in addition to Dr. Cockburn's two
17 reply reports violates the parties' consistent practices, in addition to finding no support in the
18 Court's previous orders. Moreover, Dr. Serwin is an economist, just like Dr. Cockburn, so there
19 is no reason why Dr. Cockburn could not have performed the analysis in the Serwin reports.

20 In opposing Google's *précis* letter requesting permission to file this motion, Oracle cited
21 Federal Rule of Civil Procedure 26(a)(2)(D), which does not expressly prohibit rebuttal
22 reports by experts who had not served opening reports. But nothing in Rule 26(a)(2)(D)
23 provides an express right to new rebuttal experts, either—and in any event that rule "only
24 governs in the absence of a scheduling order." *Hynix Semiconductor v. Rambus*, No. CV-
25 00-20905 RMW, 2008 U.S. Dist. LEXIS 12195 at *17 (N.D. Cal. Feb. 3, 2008). In this
26 case, the Court has issued not one but two detailed scheduling orders, which would
27 override any default rule in Rule 26(a)(2)(D). In fact, even where a scheduling order is
28 *silent* as to the parties' entitlement to rebuttal experts, that scheduling order ***overrides***

Rule 26.  "The critical question … is whether the court has spoken on the subject of expert disclosures generally, not whether it has specifically substituted its own deadlines for those proposed in" Rule 26(a)(2)(D).  *Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, C-93-20326 RPA, 1995 WL 115421 (N.D. Cal. Mar. 15, 1995).  It would be "mistaken" to read into Rule 26(a)(2)(D) "a substantive right to supplement an initial witness disclosure with rebuttal experts."  *Id* at *2.[3]

Accordingly, because Oracle had no basis for serving any "rebuttal" reports from experts who did not previously serve opening reports, Google respectfully requests that the Court strike Dr. Serwin's two October 10, 2011 "rebuttal" reports on damages issues.

Dated:  October 21, 2011                                    KEKER & VAN NEST LLP


                                                            By: s/ Robert A. Van Nest
                                                                 ROBERT A. VAN NEST
                                                                 Attorneys for Defendant
                                                                 GOOGLE INC.

---

[3] Both *Hynix* and *International Business Machines* were decided before the 2010 amendments to the Federal Rules of Civil Procedure, which renumbered Rule 26(a)(2)(C) as Rule 26(a)(2)(D). When those cases refer to "Rule 26(a)(2)(C)," they are discussing the provision at issue here, the current Rule 26(a)(2)(D).