KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:     212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:     415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:     650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                            Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DECLARATION OF DANIEL PURCELL IN SUPPORT OF GOOGLE INC.'S MOTION TO STRIKE TWO "REBUTTAL" DAMAGES REPORTS BY DR. SERWIN**<br><br>Judge:     Hon. William Alsup<br><br>Date Comp. Filed:     October 27, 2010 |

1        I, Daniel Purcell, declare as follows:

2        1.     I am a partner in the law firm of Keker & Van Nest LLP, counsel to Google Inc.

3 ("Google") in the present case.  I submit this declaration in support of Google Inc.'s Motion to

4 Strike Two "Rebuttal" Damages Reports By Dr. Serwin.  I have knowledge of the facts set forth

5 herein, and if called to testify as a witness thereto could do so competently under oath.

6        2.     On October 10, 2011, Oracle America, Inc. ("Oracle") served four expert reports

7 on Google from its damages experts.  Two of the reports were authored by Dr. Iain M.

8 Cockburn, titled "Reply Report of Dr. Iain M. Cockburn To The Expert Report of Dr. Alan J.

9 Cox" and "Reply Report of Dr. Iain M. Cockburn Replying To Dr. Gregory K. Leonard."  The

10 other two reports were authored by Dr. Kenneth S. Serwin, titled "Rebuttal Report of Kenneth S.

11 Serwin To The Expert Report of Alan J. Cox" and "Expert Rebuttal Report of Dr. Kenneth

12 Serwin To The Expert Report of Dr. Gregory Leonard."  Prior to October 10, 2011, Dr. Serwin

13 had never served an expert report in this case.

14       3.     Prior to October 10, 2011, the parties generally followed a standard procedure in

15 serving expert reports, which procedure was first established in the Court's November 19, 2010

16 order.  Each party served opening reports on issues for which it had the burden of proof—Oracle

17 on its patent and copyright claims and Google on patent invalidity and its copyright affirmative

18 defenses.  Then, after the responding party served opposition reports, the party with the burden

19 of proof served reply reports from its original experts.

20       4.     With respect to copyright issues, because Oracle has the burden of proof on

21 liability and Google the burden on its affirmative defenses, both parties served three reports—

22 opening, opposition, and reply—from their respective experts.  Oracle's expert reports from

23 Dr. John Mitchell were entitled "opening," "report in opposition" and "reply" report.  Google's

24 expert reports from Dr. Owen Astrachan were entitled "opening," "rebuttal" and "reply" reports.

25 Dr. Astrachan's second report used the title "rebuttal" report, but it was in fact an opposition

26 report responding to Dr. Mitchell's opening report.

27       5.     Prior to October 10, 2011, neither Oracle nor Google ever attempted to serve any

28 "rebuttal" report on a liability issue from any expert who had not previously served a "full expert

report[]" [Dkt. 56 ¶ 8], a "damages report" [Dkt. 56 ¶ 9], or a "revised damages report" [Dkt. 230 at 15].

6.      Between September 13 and September 16, 2011, Google and Oracle conducted a meet and confer concerning whether various issues relating to damages experts, including whether Dr. Cockburn was entitled to file a "reply" brief pursuant to the Court's July 22, 2011 order and the timing of Dr. Cockburn's deposition in light of a potential reply report.

7.      Attached hereto as **Exhibit A** is a true and correct copy of email correspondence between Google's and Oracle's counsel between September 13 and September 15, 2011.  This correspondence contains the first part of the parties' meet and confer.

8.      Attached hereto as **Exhibit B** is a true and correct copy of email correspondence between Google's and Oracle's counsel on September 16, 2011.  This correspondence contains the second part of the parties' meet and confer.

9.      Never during the parties' meet-and-confer discussion regarding damages expert reports did Oracle ever assert it had the right to serve a stand-alone "rebuttal" report from an expert who had never previously offered an opening expert report, or inform Google it was planning to do so.  Google never agreed that Oracle could serve "rebuttal" reports.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco, California on October 21, 2011.


By:      _/s/ Daniel Purcell_
          DANIEL PURCELL

# EXHIBIT A

## David Zimmer

| | |
|---|---|
| **From:** | Daniel Purcell |
| **Sent:** | Thursday, September 15, 2011 11:15 PM |
| **To:** | Steven Holtzman; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN |
| **Cc:** | Oracle-Google; OracleMoFoServiceList@mofo.com |
| **Subject:** | RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only |

Steve, as you know I wasn't at this morning's hearing, but none of our team who were there
remember Judge Alsup saying anything about whether we could file a Daubert motion. On the
reply report, we think you should go ahead and do one a week after our report. Are you
willing to put up Professor Cockburn for two depositions?

_____
From: Steven Holtzman [sholtzman@BSFLLP.com]
Sent: Thursday, September 15, 2011 9:53 PM
To: Daniel Purcell; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Dan,

As to deposition locations: Boston for Cockburn; still checking on Shugan.

BTW, I noticed that you didn't answer the two questions in my e-mail last night.  In the
interim, Judge Alsup answered the second one at the hearing today (Google may submit an in
limine motion only), so no need for you to answer that one from our standpoint.  We look
forward to your thoughts on the reply issue.

Steve


_____
From: Daniel Purcell [DPurcell@KVN.com]
Sent: Thursday, September 15, 2011 9:47 AM
To: Steven Holtzman; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Steve, thanks for the deposition dates.  One more question: are these depositions taking
place in the Bay Area or somewhere else?  That might affect the dates that would work for
us.

-----Original Message-----
From: Steven Holtzman [mailto:sholtzman@BSFLLP.com]
Sent: Wednesday, September 14, 2011 10:31 PM
To: Daniel Purcell; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Dan,

The reply report would be due seven days after the submission of Google's damages
report(s), consistent with the case management order.

BTW, in light of your position that the Daubert order supersedes the case management
order, is it also Google's position that (1) Professor Cockburn has no duty to disclose
opinions and analyses that he expects to offer at trial in response to Google's expert(s);
and (2) Google may not file a Daubert motion in response to Professor Cockburn's new
report?

Here are possible deposition dates:

Cockburn: September 28 or 29, or (if you want to defer it until next month) October 4, 19,
20, 21, 26, 27 or 28

Shugan: September 21, 22, 26

Regards,
Steve
_____
From: Daniel Purcell [DPurcell@KVN.com]
Sent: Wednesday, September 14, 2011 8:40 AM
To: Steven Holtzman; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Steve,

We think Judge Alsup's Daubert order is clear -- it provides for only an initial report
and a response, but no reply.  You're right about the earlier order, but the Daubert order
superseded the earlier order.  If Oracle believes it has the right to serve a reply
report, when would Oracle propose to do that, given the lack of any deadline in the
Court's order?

In any event, thanks for getting deposition dates.  We'll also need deposition dates for
Dr. Shugan in the same time frame.

-----Original Message-----
From: Steven Holtzman [mailto:sholtzman@BSFLLP.com]
Sent: Tuesday, September 13, 2011 6:48 PM
To: Daniel Purcell; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

We will get back to you on dates for Professor Cockburn's deposition.  As for a reply
report, we don't necessarily agree with your assumption about what the Court contemplates,
as the earlier case management order did contemplate additional reports.  We have not made
a decision as to whether additional reports will be appropriate or necessary, and likely
will not be able to make such a decision until we have seen the reports of Google's own
experts on damages.  Without agreeing that a reply report would entitle you to a second
deposition of Professor Cockburn, we can address that issue if it arises.

Steve

_____
From: Daniel Purcell [DPurcell@KVN.com]
Sent: Tuesday, September 13, 2011 11:00 AM
To: Steven Holtzman; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Steve, we'd like to start making arrangements for Dr. Cockburn's deposition.  In order to
discuss timing, we'd like to note that Judge Alsup's Daubert order sets a schedule that
contemplates just one damages report from Oracle and one responsive report from Google,
with no reply report.  Does Oracle believe it has the right to submit a reply damages
report, and does it intend to submit such a report through Dr. Cockburn?  If so (without
waiving any objection to whether such a report is permitted), we may need to wait to take
Dr. Cockburn's deposition, since I assume Oracle is not willing to produce him for
deposition twice.  If Oracle is not planning to submit a reply damages report, please
provide dates for Dr. Cockburn's deposition this month.

Thanks.

_____
From: Jason Lipton [mailto:jlipton@BSFLLP.com]
Sent: Monday, September 12, 2011 11:59 PM
To: Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Counsel-

Please see the attached expert report of Iain M. Cockburn as well as the supporting documents which are listed in the attached declaration of service.

_____
Jason Lipton
Case Manager
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Direct:  (510) 874-1111
Fax:     (510) 874-1460
Email:   jlipton@bsfllp.com<mailto:jlipton@bsfllp.com>


_____
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]


_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have

received this communication in error, please immediately notify the sender by replying to
this electronic message and then deleting this electronic message from your computer.
[v.1]

# EXHIBIT B

## David Zimmer

| | |
|---|---|
| **From:** | Daniel Purcell |
| **Sent:** | Friday, September 16, 2011 7:59 PM |
| **To:** | Steven Holtzman; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN |
| **Cc:** | Oracle-Google; OracleMoFoServiceList@mofo.com |
| **Subject:** | RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only |

Steve, we'll take Dr. Shugan on the 22nd in the Bay Area. With respect to Dr. Cockburn, since you are not willing to produce him twice, and reserve the right to submit a reply report, we have little practical choice but to wait and take his deposition. Since your assertion of a right to a reply report is preventing us from deposing Dr. Cockburn until after Dr. Leonard submits his report, we expect that Dr. Cockburn will in fact submit a formal reply report if he has any rebuttal opinions.

Thanks.

---
From: Steven Holtzman [sholtzman@BSFLLP.com]
Sent: Friday, September 16, 2011 12:15 PM
To: Daniel Purcell; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Dan

Thanks for the clarification of your thinking about reply reports.  Just so we're all clear, we now understand that you will not object to our submission of damages reply/rebuttal reports, should we elect to submit any.

We think there should be only one deposition of Professor Cockburn.  It seems to us Judge Alsup has made the one-deposition process clear, and that you can decide whether to do it before your report is due or later.

Dr. Shugan could come to the bay area for deposition on September 22, but otherwise would prefer Florida.

We of course reserve the right to object to or seek to strike any Daubert motion.  It seems to us that what Judge Alsup said yesterday confirmed what you had already seemed to be assuming in connection with your interpretation of the July 22 order, though obviously you can interpret both as you wish.  Please let us know if you have other thoughts, whether for the sake of efficiency or otherwise.

Steve

---
From: Daniel Purcell [DPurcell@KVN.com]
Sent: Thursday, September 15, 2011 11:14 PM
To: Steven Holtzman; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Steve, as you know I wasn't at this morning's hearing, but none of our team who were there remember Judge Alsup saying anything about whether we could file a Daubert motion. On the reply report, we think you should go ahead and do one a week after our report. Are you willing to put up Professor Cockburn for two depositions?

---
From: Steven Holtzman [sholtzman@BSFLLP.com]
Sent: Thursday, September 15, 2011 9:53 PM
To: Daniel Purcell; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Dan,

As to deposition locations: Boston for Cockburn; still checking on Shugan.

BTW, I noticed that you didn't answer the two questions in my e-mail last night.  In the
interim, Judge Alsup answered the second one at the hearing today (Google may submit an in
limine motion only), so no need for you to answer that one from our standpoint.  We look
forward to your thoughts on the reply issue.


Steve


_____
From: Daniel Purcell [DPurcell@KVN.com]
Sent: Thursday, September 15, 2011 9:47 AM
To: Steven Holtzman; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only


Steve, thanks for the deposition dates.  One more question: are these depositions taking
place in the Bay Area or somewhere else?  That might affect the dates that would work for
us.

-----Original Message-----
From: Steven Holtzman [mailto:sholtzman@BSFLLP.com]
Sent: Wednesday, September 14, 2011 10:31 PM
To: Daniel Purcell; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Dan,

The reply report would be due seven days after the submission of Google's damages
report(s), consistent with the case management order.

BTW, in light of your position that the Daubert order supersedes the case management
order, is it also Google's position that (1) Professor Cockburn has no duty to disclose
opinions and analyses that he expects to offer at trial in response to Google's expert(s);
and (2) Google may not file a Daubert motion in response to Professor Cockburn's new
report?

Here are possible deposition dates:

Cockburn: September 28 or 29, or (if you want to defer it until next month) October 4, 19,
20, 21, 26, 27 or 28

Shugan: September 21, 22, 26


Regards,
Steve
_____
From: Daniel Purcell [DPurcell@KVN.com]
Sent: Wednesday, September 14, 2011 8:40 AM
To: Steven Holtzman; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only


Steve,

We think Judge Alsup's Daubert order is clear -- it provides for only an initial report
and a response, but no reply.  You're right about the earlier order, but the Daubert order
superseded the earlier order.  If Oracle believes it has the right to serve a reply
report, when would Oracle propose to do that, given the lack of any deadline in the
Court's order?

In any event, thanks for getting deposition dates.  We'll also need deposition dates for
Dr. Shugan in the same time frame.


-----Original Message-----

From: Steven Holtzman [mailto:sholtzman@BSFLLP.com]
Sent: Tuesday, September 13, 2011 6:48 PM
To: Daniel Purcell; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

We will get back to you on dates for Professor Cockburn's deposition.  As for a reply
report, we don't necessarily agree with your assumption about what the Court contemplates,
as the earlier case management order did contemplate additional reports.  We have not made
a decision as to whether additional reports will be appropriate or necessary, and likely
will not be able to make such a decision until we have seen the reports of Google's own
experts on damages.  Without agreeing that a reply report would entitle you to a second
deposition of Professor Cockburn, we can address that issue if it arises.


Steve


_____
From: Daniel Purcell [DPurcell@KVN.com]
Sent: Tuesday, September 13, 2011 11:00 AM
To: Steven Holtzman; Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: RE: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Steve, we'd like to start making arrangements for Dr. Cockburn's deposition.  In order to
discuss timing, we'd like to note that Judge Alsup's Daubert order sets a schedule that
contemplates just one damages report from Oracle and one responsive report from Google,
with no reply report.   Does Oracle believe it has the right to submit a reply damages
report, and does it intend to submit such a report through Dr. Cockburn?  If so (without
waiving any objection to whether such a report is permitted), we may need to wait to take
Dr. Cockburn's deposition, since I assume Oracle is not willing to produce him for
deposition twice.  If Oracle is not planning to submit a reply damages report, please
provide dates for Dr. Cockburn's deposition this month.


Thanks.


_____
From: Jason Lipton [mailto:jlipton@BSFLLP.com]
Sent: Monday, September 12, 2011 11:59 PM
To: Google-Oracle-Service-OutsideCounsel@KSLAW.com; DALVIK-KVN
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: Oracle v. Google - Damages Report - Highly Confidential/Attorneys' Eyes Only

Counsel-

Please see the attached expert report of Iain M. Cockburn as well as the supporting
documents which are listed in the attached declaration of service.


_____
Jason Lipton
Case Manager
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Direct:  (510) 874-1111
Fax:     (510) 874-1460
Email:   jlipton@bsfllp.com<mailto:jlipton@bsfllp.com>


_____
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state
otherwise, we inform you that any U.S. federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used, for
the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter addressed herein.

_____

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

_____

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]