MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE, INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**[PROPOSED] ORDER GRANTING ORACLE AMERICA, INC.'S MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORTS OF GREGORY K. LEONARD AND ALAN J. COX**<br><br>Dept.:  Courtroom 8, 19th Floor<br>Judge:  Honorable William H. Alsup |

This matter came before the Court on Oracle America, Inc.'s Motion to Exclude Portions of the Expert Reports of Gregory K. Leonard and Alan J. Cox.

For the reasons stated in that motion, as well as the supporting materials on file and any other relevant matter, the Motion is hereby GRANTED. The Court hereby STRIKES the following portions of the Expert Report of Dr. Gregory K. Leonard:

- Section III.B.3, pp. 10-31
- Section IV.B, pp. 74-78
- Section IV.E.1, p. 80
- Section IV.E.2, pp. 80-81
- Section IV.E.3, pp. 81-82
- Section IV.E.4, pp. 82-85
- Section IV.F, pp. 87-89
- Section VI, pp. 107-116.
- To the extent they are not contained in any of the preceding sections, any proposition for which Dr. Leonard cites only to interviews, including the sentences corresponding to footnotes 18, 22, 23, 28, 32, 36, 37, 41, 44, 46, 47, 50, 58, 73, 74, 81, 90, 91, 93, 94, 110, 128, 131, 160, 237, 255, 256, 258, 263, and 279.
- To the extent they are not contained in any of the preceding sections, any opinion that states, in substance, that (1) Google had non-infringing alternatives to the patents-in-suit; (2) Java was or is fragmented, and the extent of such fragmentation; (3) Android does not cause fragmentation of Java; (4) the survey or conjoint analysis prepared by Professor Shugan is unreliable; or (5) mitigation or lack thereof should be taken into account in assessing damages.

The Court hereby STRIKES the following portions of the Expert Report of Dr. Alan M. Cox:

- Section IV.A.3, pp. 22-23
- Section IV.A.4, pp. 23-27
- Section F.2, pp. 43-54

- To the extent they are not contained in any of the preceding sections, any proposition for which Dr. Cox cites only to interviews, including the sentences corresponding to footnotes 85, 86, 87, 88, 91, 94, 96, 100, 104, 105, 117, 153, 156, 190, 225, and 226.
- To the extent they are not contained in any of the preceding sections, any opinion that states, in substance, that (1) Google had non-infringing alternatives to the copyrights-in-suit; (2) Java was or is fragmented, and the extent of such fragmentation; (3) Android does not cause fragmentation of Java; (4) the survey or conjoint analysis prepared by Professor Shugan is unreliable; (5) mitigation or lack thereof should be taken into account in assessing damages; or (6) non-infringing alternatives should in any way affect the calculation of infringer's profits under 17 U.S.C. § 504(b).

At trial, neither Dr. Cox nor Dr. Leonard may offer an opinion as to the following matters:

- Whether Google had acceptable non-infringing alternatives to the patents- and copyrights-in-suit;
- Whether or the extent to which Java was or is fragmented;
- Whether Android causes fragmentation of Java;
- Whether the survey and conjoint analysis prepared by Professor Shugan is unreliable;
- The effect on damages of any effort by Sun to mitigate its damages;
- The effect on infringer's profits damages for copyright of the presence or absence of non-infringing alternatives; and
- Any matter that either Dr. Cox or Dr. Leonard learned only through an interview.

IT IS SO ORDERED.

Dated:_____                    _____

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE