**KEKER & VAN NEST** LLP

Robert Van Nest
rvannest@kvn.com

October 25, 2011

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:   *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

      Google respectfully requests that the Court, following briefing from the parties, decide in advance of trial the following issues of law relating to Oracle's copyright infringement claim: (1) which if any of the literal and non-literal elements of the Asserted Works that were allegedly copied are copyrightable; (2) whether the applicable standard for infringement is "substantial similarity" or "virtual identity"; and (3) which works the jury will be asked to compare in determining the copyright infringement issues.

      Oracle's copyright claim appears to be largely based on the alleged copying of some aspect of the selection, structure and organization of the unprotected names that are included in its API packages.  At the October 19 case management conference, however, Oracle's counsel was unable to explain this claim with any clarity:

> THE COURT: What is the selection that is so good that even beats the phone book standard?
>
> MR. JACOBS: It is the—I would have to bring in the 11,000 pages and start making a selection of them and walking the Court through how the developers of the Java APIs made those determinations.

10/19/11 Tr. at 48.  To ensure orderly trial preparation and efficient presentation of the case to a jury, the Court should resolve the copyrightability and related legal issues before trial.

      ***Copyrightability is a question of law.***  The Ninth Circuit has held that "[u]sing analytic dissection . . . *the court* must determine whether any of the allegedly similar features are protected by copyright." *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1443 (9th Cir. 1994) (emphasis added).  Affirming the district court, the Ninth Circuit held that "*the district court* properly . . . distinguished ideas from expression, and decided the scope of Apple's

The Honorable William Alsup
October 25, 2011
Page 2

copyright by dissecting the unauthorized expression and filtering out unprotectable elements." *Id.* at 1447 (emphasis added). Oracle has acknowledged that "[c]opyrightability is a question of law for the court," and has proposed deciding at least part of the issue before trial via motion. *See* Oracle's Trial Br. (Dkt. 536) at 23; Oracle's 10/18/11 CMC Stmt. (Dkt. 544) at 4.

As one district court has remarked, "[a] jury has nothing to do with" the copyrightability determination. *Pivot Point, Int'l, Inc. v. Charlene Prods., Inc.,* 932 F. Supp. 220, 225 (N.D. Ill. 1996) (citing *Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996)) (Easterbrook, J., sitting by designation). Similarly, in *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 788 F. Supp. 78 (D. Mass. 1992), the court held that the "issues of copyrightability, *including any fact questions bearing upon them,* must be determined by the court, not the jury." *Id.* at 96 (emphasis added).

Allowing these issues to remain unresolved until trial would unnecessarily complicate the trial and would create a significant risk of jury confusion and prejudice. Especially where the allegedly infringed elements are "arrangement and coordination,"

> a judge is better able to separate original expression from the non-original elements of a work where the copying of the latter is not protectable and the copying of the former is protectable. The judge understands the concept of the idea/expression dichotomy and how it should be applied in the context of the works before him.

*Intervest Corp. v. Canterbury Estate Homes,* 554 F.3d 914, 919-20 (11th Cir. 2008). "[T]he ability to separate protectable expression from non-protectable expression is, in reality, a question of law or, at the very least, a mixed question of law and fact." *Id.* at 920.

***Apple Computer* provides the framework for resolution.** In accord with "well-settled principles" of law, the Ninth Circuit in *Apple Computer* identified three steps, which it noted were helpful in that case, "as in other cases":

> (1) The plaintiff must identify the *source(s)* of the alleged similarity between his work and the defendant's work.
>
> (2) Using analytic dissection, and, if necessary, expert testimony, the court must determine whether any of the allegedly similar features are protected by copyright. . . . [U]nprotectable ideas must be separated from potentially

585656.01

>   protectable expression; to that expression, the court must then apply the relevant limiting doctrines in the context of the particular medium involved, through the eyes of the ordinary consumer of that product.
>
>   (3) Having dissected the alleged similarities and considered the range of possible expression, the court must define the scope of the plaintiff's copyright—that is, decide whether the work is entitled to "broad" or "thin" protection. Depending on the degree of protection, the court must set the appropriate standard for a subjective comparison of the works to determine whether, as a whole, they are sufficiently similar to support a finding of illicit copying.

35 F.3d at 1443 (emphasis in original). If "the range of protectable and unauthorized expression is narrow, the appropriate standard for illicit copying is virtual identity." *Id.* at 1439.

Moreover, the relevant comparison for infringement is with Oracle's "work as a whole." *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004). As the Court has previously noted, elements of a registered work "may" qualify as separate works for at least some purposes. Copyright MSJ Order (Dkt. 433) at 6 (citing *Tattoo Art, Inc. v. TAT Int'l, LLC,* ___ F. Supp. 2d ___, 2011 WL 2585376, at *15-*16 (E.D. Va. June 29, 2011) (statutory damages)). If Oracle contends that the relevant "work" for any aspect of its copyright claim is something less than the works it registered, it must at least show that the work "has an independent economic value." *Id.* at *16 (quoting *Gamma Audio & Video, Inc. v. Ean-Chea,* 11 F.3d 1106, 1117 (1st Cir. 1993)).

The Court should direct the parties to address each of these issues in their briefs. Because it is Oracle's burden to prove that Google copied *protected* elements of its work, *Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628, 636 (9th Cir. 2007), Oracle should file the opening brief.

***Procedural matters.*** If, after reviewing the parties' briefs, the Court decides that live testimony would be helpful, an evidentiary hearing could be scheduled. In addition, if the Court so desires and the parties are able to agree on an appropriate Special Master for the issues herein, Google would stipulate that the Special Master's ruling on these issues would not be subject to further review by this Court, reserving all rights to appeal the issues to the Court of Appeals.

Sincerely,
/s/
Robert A. Van Nest