MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE, INC.<br><br>          Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S OPPOSITION TO GOOGLE INC.'S MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Following months of back and forth on Defendant Google, Inc.'s ("Google") claims of privilege and confidentiality over the production of several draft emails ("the Lindholm Documents") (GOOGLE-12-10000001 - 10000011), on October 11, 2011, Google filed a motion to retain the Highly Confidential – Attorneys' Eyes Only designation.  Because the Lindholm Documents (1) fail to satisfy the criteria under the Protective Order set forth for any level of confidentiality; (2) have already been widely publicly disseminated and discussed in the media; and (3) bear no other indicia of competitively sensitive or trade secret information that would entitle the Documents to the limited category of protection, Plaintiff Oracle America, Inc. ("Oracle") opposes Google's motion to retain the confidentiality designation of the Lindholm Documents.

On October 22, 2011, Oracle's counsel asked Google's counsel to withdraw the present motion in light of the publication of the full text of the Lindholm Documents, which moots their confidentiality under the terms of the Protective Order.  Google refused.  In its response, Google failed to acknowledge that the contents of the Lindholm Documents have been widely disseminated to the public or address the confidentiality issues under the Protective Order.  Rather, Google contended only that "despite the October 20 Order, Google believes these documents are privileged and intends to challenge the Court's ruling to the contrary."  (Rutherford Decl., Exh. A).

### I. The Lindholm Documents Are Not Covered By The Protective Order As A Result Of Public Dissemination By The Court.

On October 20, 2011, the Court published an Order which reproduced the text of the Lindholm Documents in full.  (Dkt. No. 546 at 3).  The publication of the text of the Documents puts it outside the scope of the Protective Order:

> the protections conferred by this Stipulation and Order do not cover the following information: … any information . . . obtained by the Receiving Party [Oracle] after the disclosure from a source [the Court] who obtained the information lawfully and under no obligation of confidentiality to the Designating Party [Google].

Protective Order ¶ 3.

Google also fails to address that under the terms of the Protective Order, no confidentiality designation will be afforded to "any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise." *Id*. The Lindholm Documents are part of the public record. They have been discussed in open court and in three court orders. (Dkt. 230, 361, 546). The substance of the Documents has been discussed in well over a dozen news articles and blogs. (Dkt. 305, Ex. O); *see, e.g.,* http://fosspatents.blogspot.com/2011/08/oracle-and-google-keep-wrangling-over.html; http://newsandinsight.thomsonreuters.com/New_York/News/2011/ 08_-02_August/Oracle_judge_okays_damning_e-mail_despite_Google_privilege_claim/; http://www.pcworld.idg.com.au/article/print/396453/google_oracle_still_battling_over_android_e-mail/; http://gaddjit.com/judge-email-in-oracle-google-case-will -remain-public/smart-phones. Thus, the Lindholm Documents no longer fall within the scope of the Protective Order.

## II.     Even Absent The Court's October 20th Order, The AEO Designation on The Lindholm Documents Is Improper

Even if they were not in the public domain, the Lindholm Documents do not warrant confidentiality protection under the Protective Order. The Protective Order defines "Highly Confidential – Attorneys' Eyes Only" as limited to a sub-category of Confidential documents that are "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." Joint Stipulated Protective Order ¶ 2.8 (Dkt. No. 66) ("Protective Order"). The Lindholm Documents do not satisfy the criteria for receiving protection under the Highly Confidential – AEO designation.

Indeed, the Documents do not even meet the requirements to receive a designation of "Confidential" under the Protective Order, which, in accordance with Federal Rule of Civil Procedure 26(c), requires that the Documents contain "a trade secret or other confidential research, development, or commercial information" that cannot be revealed except under certain restrictions. Fed. R. Civ. P. 26(c); Protective Order ¶ 2.2; *see In re Violation of Rule 28(D),* 635 F.3d 1352, 1358 (Fed. Cir. 2011) ("Implicit in our rule is a requirement that the district court protective order comply with Rule 26 of the Federal Rules of Civil Procedure.").

1   Contrary to Google's assertions, on their face, the Lindholm Documents do not reveal any "internal deliberations and evaluations of threats of litigation." (Motion at 2 (Dkt. No. 513)). To the extent the Documents concern "a technology analysis related to a highly competitive business area," the contents of the Documents are already publicly known and the sole competitor to whom they relate – Oracle. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1112, 1130 (9th Cir. 2003) (a party must show "for each document it seeks to protect . . . that specific prejudice or harm will result"); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.")

Moreover, nothing in the Protective Order permits a party to cloak in confidentiality information that was embarrassing or simply contrary to the party's litigation position. Indeed, this Court has previously stated that "if Google has a memo in their file saying, we are about to willfully infringe, there is no way I'm going to keep that secret from the public or the investing public." 7/21/11 Hr'g Tx. at 19:10-12. (Dkt. No. 231). The Lindholm Documents fall squarely within the parameters of this Court's words. *Cf., In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 42-43 (C.D. Cal. 1984) (discussing "strong common law presumption of access" to documents filed in a civil proceeding).

Oracle initially requested that Google downgrade the designation of the Lindholm Documents from Highly Confidential to Confidential so that Oracle's outside counsel could communicate fully with Oracle in-house counsel and senior executives involved in the case about the Lindholm Documents after portions of them were publicly disseminated. Indeed, strict adherence to the Protective Order means that even though the entirety of the Lindholm Documents have now been disseminated to the public in their entirety, including to Oracle's in-house counsel and senior executives, they still cannot be discussed between Oracle's outside counsel, in-house counsel and senior executives. No such perverse result was intended when the parties entered into the Protective Order.

In light of the impending trial in which the Lindholm Documents will be among many Google and Oracle documents used and relied upon in open court and the fact that the Documents fall into no category for which such designation is prescribed, Google should not be permitted to maintain any confidentiality designation over the Lindholm Documents.

### III. The "Privileged & Confidential" Footer Added To The Reproduced Lindholm Documents Should Be Removed

Following Magistrate Judge Ryu's Order to reproduce the Lindholm Documents, Google altered the Documents, adding an additional "Privileged & Confidential" footer to each page. Oracle has repeatedly requested that the "PRIVILEGED & CONFIDENTIAL" footer be removed to avoid misleading the jury. Google has indicated that because it is still challenging the validity of the privilege ruling, it will not accede to the request. In light of the most recent Order of this Court, dated October 20, 2011 which denied Google's Motion for Relief From the Non-Dispositive Pretrial Order of Magistrate Judge Ryu (Dkt. No. 546), Oracle requests that Google be ordered to reproduce the Lindholm Documents without alteration.

### CONCLUSION

Because the Lindholm Documents do not meet any criteria for protection under the Joint Stipulated Protective Order, because they have been publicly disseminated and discussed in the media, and because the sole result of their continued protection is to hinder the free flow of advice and communication between client and counsel, Oracle respectfully requests that Google's Motion to Retain the Confidentiality Designation of the Lindholm Documents be denied. Moreover, Oracle respectfully requests that Google be ordered to remove the additional "Privileged & Confidential" footer added to the Lindholm Documents and reproduce a clean set.

Dated: October 25, 2011                    BOIES, SCHILLER & FLEXNER LLP

                                           By: */s/ Alanna C. Rutherford*
                                               Alanna C. Rutherford

                                           *Attorneys for Plaintiff*
                                           ORACLE AMERICA, INC.