MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**DECLARATION OF ALANNA C. RUTHERFORD IN SUPPORT OF ORACLE AMERICA, INC.'S OPPOSITION TO GOOGLE INC.'S MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

DECLARATION OF ALANNA C. RUTHERFORD IN SUPPORT OF ORACLE AMERICA, INC.'S OPPOSITION TO
GOOGLE INC.'S MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. CV 10-03561 WHA

I, Alanna C. Rutherford, declare as follows:

1. I am a partner with the law firm of Boies, Schiller & Flexner LLP, attorneys for plaintiff Oracle America, Inc. in the above captioned matter, and admitted to practice law before this Court.

2. I make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently as to the matters set forth herein.

3. Attached hereto as Exhibit A is a true and correct copy of email correspondence between Oracle's and Google's counsel with the most recent email correspondence dated October 24, 2011. I received this email.

Dated: October 25, 2011

BOIES, SCHILLER & FLEXNER LLP

By: */s/ Alanna C. Rutherford*
    Alanna C. Rutherford

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

# EXHIBIT A

| | |
|---|---|
| **From:** | Daniel Purcell [DPurcell@KVN.com] |
| **Sent:** | Monday, October 24, 2011 4:17 PM |
| **To:** | Alanna Rutherford; DALVIK-KVN; Google-Oracle-OutsideCounsel@KSLAW.com; GT_Google@gtlaw.com |
| **Cc:** | Oracle-Google; OracleMoFoServiceList@mofo.com |
| **Subject:** | RE: Oracle v. Google: Motion to Retain Confidentiality of the Lindholm Documents |

Alanna,

Thanks for your email.  Google is not withdrawing its motion to retain the confidentiality designations for the Lindholm email and drafts thereof.  The Court's October 20, 2011 Order addressed the privilege status of the Lindholm email, not the confidentiality issue. It did not moot Google's motion.  In fact, it expressly states at page 14 that "This order makes no comment on the merits of [Google's] pending motion [to retain confidentiality designations]."  As we've pointed out several times, including in the motion itself, the question whether these documents are confidential under the protective order does not depend on whether they are privileged.

In any event, despite the October 20 Order, Google believes these documents are privileged and intends to challenge the Court's ruling to the contrary.  Given that, Google must continue to avoid doing anything that could be construed as waiver of any privilege. Accordingly, barring a Court order, Google is not in a position to reproduce the emails without a privilege designation until the privilege issue is finally adjudicated.

Thanks.

-----Original Message-----
From: Alanna Rutherford [mailto:ARutherford@BSFLLP.com]
Sent: Saturday, October 22, 2011 6:39 PM
To: DALVIK-KVN; Google-Oracle-OutsideCounsel@KSLAW.com; GT_Google@gtlaw.com
Cc: Oracle-Google; OracleMoFoServiceList@mofo.com
Subject: Oracle v. Google: Motion to Retain Confidentiality of the Lindholm Documents

Counsel,

Following the Court's Order dated October 20, 2011 which published the full the text of the Lindholm Document for public consumption, Oracle is inquiring as to whether Google is willing to withdraw its October 11, 2011 Motion to Retain Confidentiality Designations of the Lindholm Documents. Although the Court stated that it will continue to entertain the request, it appears to be a moot issue following the issuance of the Court's Order and the text of the Protective Order, which states in pertinent part that "the protections conferred by this Stipulation and Order do not cover the following information: . any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party." ¶ 3.

Further, in light of the Court's finding that the Lindholm Documents are not privileged and confidential, we would ask that Google reproduce the documents without the added "Privileged & Confidential" footer.

Please let me know as soon as practicable but no later than the close of business Monday whether you are amenable to this.

Regards,

Alanna

_____
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state

1

otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]