**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 27, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William H. Alsup
United States District Court, Northern District of California
450 Golden Gate Ave., Courtroom 8, 19th Floor
San Francisco, CA 94102

Re:   *Oracle America, Inc. v. Google, Inc.*, Case No. 3:10-cv-03561-WHA

Dear Judge Alsup:

Oracle opposes Google's request that the Court decide before trial a multiplicity of issues associated with Oracle's copyright claim.  Our grounds are as follows:

*First*, Google's proposal—like its trial brief and the copyright *Markman* proposal it previously advocated—ignores the Court's copyright summary judgment order, which rejected both Google's claim for non-copyrightability of API specifications and Google's argument for applying the virtual identity standard.  (ECF No. 433 at 11 ("Because Google has not proven that a substantial portion of the specifications is unprotected, Google's justification for applying the virtual identity standard fails.").)  Now Google seeks a second bite at both apples, without explaining why it should have that opportunity.

*Second*, Google's proposal adds substantial procedural complexity to what is in fact an uncomplicated issue.  Notwithstanding Google's feigned confusion, Oracle's claim is straightforward, and is set forth in Oracle's pleadings and expert reports.  Google copied 37 copyrighted Java API design specifications—comprising hundreds of classes, subclasses, interfaces, fields, methods, error descriptions, and exceptions, and their complex hierarchy and interrelationships—into its Android API documentation and source code, creating unauthorized derivative works.  In short, Google cloned the layout, selection, and arrangement of thousands of elements in precisely the locations Java developers expect to find them.  It also copied

pa-1493974

MORRISON | FOERSTER

The Honorable William H. Alsup
October 27, 2011
Page Two

portions of Java source code and comments—the copyrightability of which Google does not dispute—belying its claim that it developed an "independent, clean-room implementation." Oracle need not prove "independent economic value" for each copied element. Google's citation indicates that courts apply this test in assessing statutory damages, not infringement. *See Tattoo Art, Inc. v. TAT Int'l, LLC*, — F. Supp. 2d —, No. 2:10cv323, 2011 WL 2585376, at *15 (E.D. Va. June 29, 2011).

On the facts here, the "analytic dissection" that Google seeks is inapposite. As Google acknowledges, the Ninth Circuit has characterized analytic dissection as "helpful," not mandatory. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994) ("In this, as in other cases, the steps we find helpful to follow are these . . . ."). Other decisions hold similarly. "Not every case requires an extensive abstraction-filtration-comparison analysis." *Mitel, Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1372 (10th Cir 1997). Here, Google does not dispute the extent of its copying. Rather, it argues that the entirety of its copying is excused. There is no need to parse 11,000 pages of copied specifications for bits and pieces of uncopyrightable subject matter, because Oracle's claim is for the totality of the conceded copying and Google's defense only succeeds if it can excuse that same totality.

Hence, Google may seek to establish that individual elements of the API specifications, such as "sqrt," are not copyrightable, but that will not impact the outcome of Oracle's claim, which is that Google copied each API design specification into Android. In the case of the class "Math," from the java.lang API specification, there are two fields, eleven methods "inherited" from a parent class, and forty-four declared methods (of which sqrt is just one). In turn, "Math" is just one of thirty-five classes from the java.lang API specification, in addition to eight interfaces, twenty-six exceptions, and twenty-two error descriptions—all of which Google copied. Google did the same for the other 36 core Java API design specifications at

pa-1493974

MORRISON | FOERSTER

The Honorable William H. Alsup
October 27, 2011
Page Three

issue. But determination of infringement is actually quite simple: a side-by-side comparison of Oracle's and Android's API specifications is all that is needed to demonstrate the nature and magnitude of Google's copying. Any effort at parsing Google might propose would be irrelevant to the claim that it infringes the *overall* expression in Oracle's API design specifications.

*Third*, at least part of what Google proposes is to advance the Court's determination of jury instructions. But Google proposes to do that in the abstract, divorced from the actual issues in the case. The Court will be better equipped to direct the parties on instructional issues as the Court hears the evidence at trial. Moreover, Google purports to raise factual issues relating to copyrightability, such as "industry demand for compatibility." (*See* ECF No. 260 at 17, Google's Motion for Summary Judgment.) While copyrightability is a question of law, "threshold factual determinations in this regard, of course, are for the jury." 3-12 *Nimmer on Copyright* § 12.10[B][1].

*Fourth*, the request is out of order. At the October 19 case management conference, Google sought a "copyright *Markman*" proceeding. (10/19/2011 Hr'g Tr. 39:5-14.) Google's précis repeats and expands on that request. But the Court did not invite a written version of Google's proposal. Instead, the Court allowed each side to request leave to file a single additional précis "for a motion that you think would be productive." (*Id.* at 58:2-6.) Google's proposal—even as numerated in its précis—contemplates resolution of not one but three issues, each with many associated sub-issues. (In contrast, Oracle proposes in a separate précis a limited summary judgment motion on originality of the selection and arrangement of API elements in the Java API design specifications.)

Respectfully submitted,

/s/ Michael A. Jacobs

pa-1493974