**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 27, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William H. Alsup
Judge of the United States District Court
Northern District of California
450 Golden Gate Ave., Courtroom 8, 19th Floor
San Francisco, CA 94102

Re:   *Oracle America, Inc. v. Google, Inc.*, Case No. 3:10-cv-03561-WHA

Dear Judge Alsup:

Oracle requests leave to file a motion for summary judgment on the originality of the selection and arrangement of classes, subclasses, interfaces, fields, methods, error descriptions, and exceptions in the 37 API design specifications at issue.

The Court's summary judgment order expressly left this question open, stating:

> In finding that the names of the various items appearing in the disputed API package specifications are not protected by copyright, this order does not foreclose the possibility that the selection or arrangement of those names is subject to copyright protection. S*ee Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1147 (9th Cir. 2003) ("[A] combination of *unprotectable elements* is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.")

(ECF No. 433 at 8, Summary Judgment Order (emphasis supplied in order).)

The legal threshold for originality is low, and no genuine disputes of material fact obstruct resolution of the issue. "To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." *Feist Publ'ns, Inc. v. Rural Rel. Serv. Co.*, 499 U.S. 340, 345 (1991) (quoting 1 Nimmer & D. Nimmer, *Copyright* § 1.08[C][1] (1990)); *compare Feist*, 499 U.S. at 362 (alphabetical white

pa-1493139

MORRISON | FOERSTER

The Honorable William H. Alsup
October 27, 2011
Page Two

pages directory "devoid of even the slightest trace of creativity") *with Key Publ'ns, Inc. v. Chinatown Today Publ'g Enters., Inc.*, 945 F.2d 509, 513 (2d Cir. 1991) (selection and arrangement of yellow pages copyrightable because author excluded businesses she expected to close). In *CDN Inc. v. Kapes*, for example, the Ninth Circuit upheld the district court's summary judgment ruling that prices in a guide for collectible coins were sufficiently original to be protected by copyright. 197 F.3d 1256, 1262 (9th Cir. 1999). The court emphasized that the required level of originality is "'minimal'" and explained that the phone listings in *Feist* "did not qualify because they fell into the 'narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent.'" *Id.* at 1259-60 (quoting *Feist,* 499 U.S. at 359).

The selection and arrangement of names in the API design specifications exceeds this standard. Google's expert counts over 7,250 methods alone. (ECF No. 262, Astrachan Decl. ¶ 7e.) That 2,218 of these methods are, by his calculation, named in accordance with Java's naming rules confirms they were not randomly chosen or lack any amount of creativity, however slight. (*See id.* ¶ 7e and Ex. 1 ¶ 114). He also argues some names were drawn from other programming languages (*id.* Ex. 1 ¶¶ 123-28), but that too is legally irrelevant: all that is required is that the particular combination of names be original, even if individual components are not. *United States v. Hamilton*, 583 F.2d 448, 452 (9th Cir. 1978) (map copyrightable though based largely on other maps).

The arrangement of the classes, subclasses, methods, and other elements of the 37 APIs is highly original. At the case management conference, Google's counsel suggested the order is merely "alphabetical." This is misleading and irrelevant. Within each class or sub-class, method names may be listed alphabetically, but the 37 API packages are organized into over

pa-1493139

**MORRISON | FOERSTER**

The Honorable William H. Alsup
October 27, 2011
Page Three

500 classes, with many complex hierarchical relationships, interdependencies, and rules for exposure to other methods and classes. (*See* ECF No. 341, Mitchell Decl. Ex. 2 ¶¶ 20-38.) This satisfies the originality requirement. *See, e.g., Am. Dental Assoc. v. Delta Dental Plans Assoc.*, 126 F.3d 977, 979 (7th Cir. 1997) (code for dental procedures copyrightable); *Practice Mmgt. Info. Corp. v. Am. Med. Assoc.*, 877 F. Supp. 1386, 1390 (C.D. Cal. 1994), *aff'd in relevant part*, 121 F.3d 516 (9th Cir. 1997) (numerical codes for medical procedures copyrightable though required by government).

Oracle is entitled to summary judgment because it can show, as a matter of law, that its selection and arrangement meets the "minimal amount of creativity required to satisfy the low threshold for demonstrating originality." *See Jacobsen v. Katzer*, No. C 06-01905 JSW, 2009 U.S. Dist. LEXIS 115204, at *9-10 (N.D. Cal. Dec. 10, 2009) (granting summary judgment of copyrightability of selection and arrangement of "Decoder Definition Text Files" reflecting decoder information from model railroad manufacturers). We request permission to file this motion.

Respectfully submitted,

/s/ Michael A. Jacobs

pa-1493139