MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC. <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **DECLARATION OF MATTHEW SARBORARIA IN SUPPORT OF GOOGLE, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. NO. 548)** <br><br> Dept.: Courtroom 8, 19th Floor <br> Judge: The Honorable William Alsup |

I, MATTHEW SARBORARIA, declare as follows:

1. I am in-house counsel for Oracle America, Inc. ("Oracle"). My title is Managing Patent Counsel and I represent Oracle in the above-captioned matter.

2. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently as to the matters set forth herein.

3. I have reviewed Google's Supplemental Brief in Support of Motion in Limine No. 3 (Dkt. No. 549) ("Supplemental Brief") and the supporting Declaration of Daniel Purcell in Support of Google's Supplemental Brief in Support of Motion in Limine No. 3 ("Purcell Decl.") (Dkt. No. 550).

4. Oracle moves to seal portions (though not all currently redacted portions) of the quoted Cockburn deposition. That material is reflected in Purcell Decl. Ex. A, and lines 3:4-9; 3:13-23; 4:1-14; 4:20-25; 5:4-14; and 8:15-22 of the Supplemental Brief. Google redacted more portions than Oracle moves to seal because Google filed its motion before Oracle had been able to properly designate that transcript under the protective order. (*See* Protective Order § 5.2(b) (Dkt. No. 66 at 6).) Oracle has now reviewed the transcript and only moves to seal those portions which it plans to designate as Confidential or Highly Confidential – Attorneys' Eyes Only. Those portions relate to the negotiating history between the parties, the intellectual property covered by the starting-point license, and Prof. Cockburn's consideration of the contents of those negotiations. It is Oracle's practice to issue portfolio licenses, not licenses to particular patents or copyrights, and Oracle does not ordinarily discuss the elements of its portfolio licenses publicly, outside of a particular negotiating situation. Disclosure of this information could give an unfair advantage to Oracle's negotiating counterparties.

5. Oracle also moves to seal Exhibits C and D to the Purcell Declaration, and lines 10:3-5 and 10:8-19 of Google's Supplemental Brief, which contain and describe the root e-mail and attachment to a presentation that described Sun's projected convoyed sales and collateral benefits from a Java-compatible Android. Oracle does not make, and I understand that Sun did not make, internal sales projections public in the ordinary course of business. Publication of internal projections would cause competitive harm to Oracle because it would reveal Oracle's negotiating and business strategy. However, Oracle does not move to seal the redacted sentences on page 9 of Google's brief, because

1

1 those sentences contain only a general description and do not reveal specific, competitively sensitive information.

2

3       6.     Finally, Oracle moves to seal Exhibits B and E to the Purcell Declaration, which contain the Reply Reports of Prof. Iain Cockburn to the reports filed by Google's damages experts, Drs. Gregory Leonard and Alan Cox. Those reports contain information that has been designated Confidential or Highly Confidential – Attorney's Eyes Only on nearly every page. The underlying documents reflect competitively sensitive information referenced in each of the categories above, including documents relating to contemporary business strategies for Oracle, Oracle's business data and projections that are sensitive and should not be disclosed to competitors, and third-party data and contracts subject to confidentiality and nondisclosure agreements and provisions. While the parties could provide a version of the document with their respective confidential and highly confidential information redacted, the final document would likely be unreadable due to the extensive integration of Confidential or Highly Confidential – Attorneys' Eyes Only information into almost every paragraph. However, Oracle does not move to seal those portions of Google's Supplemental Brief that quote or describe the Cockburn Report, because they do not contain competitively sensitive information.

     I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 27, 2011 at Redwood Shores, California.

By: */s/ Matthew Sarboraria*
Matthew Sarboraria

2
SARBORARIA DECLARATION ISO GOOGLE'S ADMIN. MOTION TO SEAL (DKT. NO. 548)
CASE NO. CV 10-03561 WHA

ATTESTATION OF FILER

I, Meredith Dearborn, have obtained Mr. Matthew Sarboraria's concurrence to file this document on his behalf.

Dated: October 27, 2011

BOIES, SCHILLER & FLEXNER LLP

By: */s/ Meredith Dearborn*
    Meredith Dearborn

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.