MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC. <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **OPPOSITION OF ORACLE AMERICA, INC. TO GOOGLE INC.'S MOTION TO STRIKE TWO "REBUTTAL" DAMAGES REPORTS BY DR. KENNETH SERWIN** <br><br> Dept.: Courtroom 8, 19th Floor <br> Judge: The Honorable William Alsup |

# TABLE OF CONTENTS

I. BACKGROUND ............................................................................................................................1

II. ARGUMENT ................................................................................................................................2

    A.     The Court Has Not Prohibited The Submission Of Rebuttal Reports ...........................3

    B.     This Court's Silence On Whether There May Be Rebuttal Reports Does Not Preclude The Submission Of Rebuttal Reports.......................................................3

    C.     Contrary To Google's Contention, The Parties' Actions Support Allowing Dr. Serwin's Reports........................................................................................................5

    D.     Google Has Not Been Prejudiced ...................................................................................6

III. CONCLUSION.............................................................................................................................7

i

OPPOSITION OF ORACLE AMERICA, INC. TO GOOGLE INC.'S MOTION TO STRIKE TWO "REBUTTAL" DAMAGES REPORTS BY DR. KENNETH SERWIN
CASE NO. CV 10-03561 WHA

# TABLE OF AUTHORITIES

**CASES**

*AMCO Ins. Co. v. Madera Quality Nut LLC*,
   2006 WL 6849050 (E.D. Cal. July 31, 2006) ....................................................................... 4

*Chao v. Mazzola*,
   2006 WL 3251737 (N.D. Cal. Nov. 8, 2006) ........................................................................ 7

*DeFazio v. Hollister, Inc.*,
   2008 WL 5113654 (E.D. Cal. Dec. 1, 2008) ......................................................................... 7

*Hynix Semiconductor v. Rambus,*
   No. CV-00-20905, 2008 U.S. Dist. LEXIS 12195 ................................................................ 5

*In re Katrina Canal Breaches Consolidated Litig.*,
   2010 WL 1643760 (E.D. La. Apr. 20, 2010) ........................................................................ 4

*Int'l Bus. Machines Corp. v. Fasco Indus., Inc.,*
   1995 WL 115421 (N.D. Cal. Mar. 15, 1995) ........................................................................ 5

*Johnson v. Grays Harbor Cmty. Hosp.,*
   No. C06-5502BHS, 2007 WL 4510313 (W.D.Wash. Dec. 18, 2007) ................................... 4

*Knapp v. State Farm Fire & Cas. Co.*,
   1995 WL 340991 (D. Kan. May 31, 1995) .......................................................................... 6

*Lindner v. Meadow Gold Dairies, Inc.,*
   249 F.R.D. 625 (D.Haw. 2008) ............................................................................................. 4

*Mayou v. Ferguson,*
   544 F.Supp.2d 899 (D.S.D. 2008) ......................................................................................... 4

*Silgan Containers v. Nat'l Union Fire Ins.*,
   2011 WL 1058861 (N.D. Cal. Mar. 23, 2011) ................................................................. 3, 4

*Woodson v. Rodriguez*,
   2011 WL 1654663 (N.D. Cal. April 28, 2011) .................................................................. 6, 7

**RULES**

Fed. R. Civ. P. 26(a)(2)(C) ........................................................................................................ 4

Fed. R. Civ. P. 26(a)(2)(C)(ii) .................................................................................................... 5

Fed. R. Civ. P. 26(a)(2)(D) ........................................................................................................ 3

Fed. R. Civ. P. 26(a)(2)(D)(ii) ................................................................................................... 3

Fed. R. Civ. P. 37(c) .................................................................................................................. 6

ii

OPPOSITION OF ORACLE AMERICA, INC. TO GOOGLE INC.'S MOTION TO STRIKE TWO "REBUTTAL"
DAMAGES REPORTS BY DR. KENNETH SERWIN
CASE NO. CV 10-03561 WHA

Defendant Google, Inc. ("Google") has filed a Motion to Strike the Two "Rebuttal" Damages Reports of Dr. Kenneth Serwin, Oracle America, Inc.'s ("Oracle") rebuttal damages expert (Dkt. No. 554). Google does not challenge Dr. Serwin's credentials, the scope of his report, his methodology, or the bases for his opinions. The sole challenge Google makes is that there is a nominal difference between a reply and rebuttal report and because no order in this case makes that distinction, the submission of a rebuttal report by a new expert is prohibited, even though both parties' experts have previously submitted rebuttal reports.

Google's argument has no legal or factual basis, and its motion should be denied. Rule 26 permits rebuttal reports. Nothing, either express or implied, in this Court's prior orders supersedes the application of Rule 26 with respect to the submission of rebuttal reports in this case. Indeed, consistent with the rule and with Dr. Serwin's reports, the parties' other experts have submitted both reply and rebuttal reports. Oracle timely disclosed Dr. Serwin, and Google knew Oracle was considering serving rebuttal reports by Dr. Serwin. Google has not attempted to show and cannot show any prejudice in connection with Dr. Serwin's reports. Oracle respectfully requests that the Court deny Google's motion to strike the expert damages reports of Dr. Serwin.

## I. BACKGROUND

On July 27, 2011, Oracle disclosed to Google the names of additional experts for the purpose of accessing AEO information under the Protective Order. The July 27, 2011 list included Dr. Serwin. (Declaration of Beko Richardson Ex. 1 (Letter from Steven C. Holtzman to Scott T. Weingaertner, dated July 27, 2011).) At a hearing before this Court on August 19, 2011, Oracle disclosed Dr. Serwin to the Court and Google as potentially submitting a report in addition to the report of Oracle's opening damages expert, Professor Cockburn: "THE COURT: So who are the experts we will be critiquing here? MR. HOLTZMAN: Our original expert was Professor Iain Cockburn, Boston University. We may or may not add a second expert, who would mostly likely be Ken Serwin. THE COURT: Ken Who? MR. HOLTZMAN: Serwin, S-E-R-W-I-N. Those would be the primary damage-related experts." (8/19/11 Hearing Tr. at 32:14-20 (Dkt. No. 350).)

On September 16, 2011, as Google points out in its motion (Motion at 4), following the submission of Prof. Cockburn's revised report, and following e-mails specifically addressing Prof.

1  Cockburn's "reply" report, Oracle wrote to Google's counsel:  "Just so we're all clear, we now
2  understand that you will not object to our submission of damages *reply/rebuttal reports*, should we
3  elect to submit any."  (Purcell Decl. (Dkt. 555) Ex. B at 1 (emphasis added).)  Google did not object,
4  either to the disclosure of the possibility of a "rebuttal" report or to the idea that there might be multiple
5  "reports." Notably, at that time Oracle had submitted only one opening damages report and Google had
6  not disclosed that it was going to submit separate patent and copyright damages reports.  And if
7  Oracle's disclosure was not clear enough, Oracle's witness list dated October 7, 2011 identified Dr.
8  Serwin as an "expert retained by Oracle who may testify as a rebuttal witness regarding damages."
9  (Oracle's Witness List dated October 7, 2011(Dkt 491-1).)  Google again said nothing.
10  On October 10, 2011, seven days after Google submitted the reports of its damages experts, Drs.
11  Leonard and Cox, Oracle submitted Dr. Serwin's "rebuttal" reports, along with "reply" reports of Dr.
12  Cockburn.

## II.  ARGUMENT

This Court's November 19, 2010 Case Management Order ("CMO") provides:

> Within **SEVEN CALENDAR DAYS** thereafter [following submission of opening reports], the party with the burden of proof must disclose *any reply reports rebutting* specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the trial.

CMO (Dkt. No. 56) at 2 (emphasis added).  Dr. Serwin's rebuttal reports fit the rules set by the Court: they were filed within seven days following the submission of Google's damages reports that they rebut (one rebutting Dr. Leonard, and one rebutting Dr. Cox); they are solely limited to responses to the opinions and analyses of Google's damages experts; they do not proffer any new damages theories of their own; and they are brief compared to the reports they rebut (46 pages rebutting Dr. Leonard, compared to Dr. Leonard's 119-page report; and 27 pages rebutting Dr. Cox, compared to Dr. Cox's 65-page report).  Moreover, as Oracle made clear in its witness list, Dr. Serwin's testimony is to be reserved for the rebuttal phase of the trial.  Google does not contest any of these facts.

Google nonetheless argues that (1) this Court has not expressly or affirmatively provided for any right to submit "rebuttal" reports (Motion at 5); (2) Rule 26, which permits rebuttal reports by experts

who did not submit opening reports, applies only in the absence of a scheduling order, including a scheduling order that is silent as to whether the parties may submit rebuttal reports (*id.* at 5-6); and (3) supposedly consistent with this Court's orders, "neither party ever *has* served a 'rebuttal' report, on any issue, from any expert who had not submitted an opening report." (*Id.* (emphasis in original).) None of these arguments has merit.

### A. The Court Has Not Prohibited The Submission Of Rebuttal Reports

Rule 26 expressly contemplates rebuttal reports. "Absent a stipulation or a court order, the disclosure must be made . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). Although Google is correct that a court order may supersede this provision, the orders issued by this Court do not do so. The Court's orders nowhere state that the parties may not use rebuttal experts or submit rebuttal reports, or that rebuttal reports may be submitted only by experts who have already submitted an opening report. Instead, the CMO provides that "the party with the burden of proof must disclose any *reply reports rebutting* specific material in opposition reports." CMO ¶ 8 (emphasis added). The Order does not limit "reply reports rebutting" opposition reports to the author of an opening report. Similarly, the Court's July 22, 2011 *Daubert* Order (Dkt. No. 230), which set a new date for Dr. Cockburn's opening report and the corresponding opposition report, is silent on reply and rebuttal reports. Nothing in either order suggests that it was intended to supersede Rule 26. Indeed, like this Court's CMO, Rule 26 itself does not distinguish between "reply" and "rebuttal" reports. *See* Fed. R. Civ. Proc. 26(a)(2)(D). There is no basis for the distinctions Google wishes to draw, and no basis to strike Dr. Serwin's reports.

### B. This Court's Silence On Whether There May Be Rebuttal Reports Does Not Preclude The Submission Of Rebuttal Reports

Google contends that rebuttal reports are impermissible because this Court's orders do not "provide for" such reports and are "*silent* as to the parties' entitlement to rebuttal reports." (Motion at 5.) Contrary to Google's suggestion, silence in an order by this Court should not be construed as abridging any right. *See Silgan Containers v. Nat'l Union Fire Ins.*, No. C 09-05971 RS, 2011 WL 1058861, at *8 (N.D. Cal. Mar. 23, 2011) ("The district court's order is silent on timing of rebuttal

3

OPPOSITION OF ORACLE AMERICA, INC. TO GOOGLE INC.'S MOTION TO STRIKE TWO "REBUTTAL"
DAMAGES REPORTS BY DR. KENNETH SERWIN
CASE NO. CV 10-03561 WHA

disclosures, which means that the Federal Rules govern"); *AMCO Ins. Co. v. Madera Quality Nut LLC*, No. 1:04–cv–06456–SMS, 2006 WL 6849050, at *2 (E.D. Cal. July 31, 2006) ("[N]o order of the Court expressly governed the disclosure of rebuttal expert witnesses. The disclosure of such witnesses is thus governed by Fed. R. Civ. P. 26(a)(2)(C) . . .").[1] More specifically, in *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2010 WL 1643760, at *2 (E.D. La. Apr. 20, 2010), the court held that where a case management order was "silent as to supplemental and rebuttal disclosures," Rule 26(a)(2)(D) applied and rebuttal reports submitted within 30 days of adversary's report were timely. The law is clear that an expert designated solely for rebuttal purposes will not be excluded. *See Silgan Containers*, 2011 WL 1058861, at *8 (denying motion to strike witnesses that were rebuttal experts only); *Lindner v. Meadow Gold Dairies, Inc.,* 249 F.R.D. 625, 636 (D. Haw. 2008); *Johnson v. Grays Harbor Cmty. Hosp.*, No. C06-5502BHS, 2007 WL 4510313, at *1 (W.D. Wash. Dec. 18, 2007) ("the Court will not exclude Plaintiff's rebuttal experts from testifying solely because Plaintiff designated only rebuttal experts").

Here the Court was not completely silent, instead explicitly changing the deadline for "reply reports rebutting specific material in opposition reports" from thirty to seven days. That explicit order supersedes Rule 26 as to the applicable ***deadline***, which Dr. Serwin followed, but nothing in the CMO or any other order of this Court supersedes the ordinary rule that rebuttal (and reply) reports ***may be filed***, whether by the author of an opening report or otherwise. *See, e.g.*, *Martin-Hernandez v Butterball, LLC*, No. 5:07-cv-174-H, 2010 WL 2089251, at *12-14 (E.D.N.C. May 21, 2010) ("Here, there is a court order on scheduling, but not specifically addressing expert rebuttal disclosures…. Butterball interprets the Rule's language as *requiring* exclusion of any expert rebuttal designation when a scheduling order is in place and silent on the issue. But the court finds such interpretation is not required by the language of the Rule or by any controlling or persuasive authority."); *Mayou v. Ferguson,* 544 F. Supp. 2d 899, 901 (D.S.D. 2008) ("I disagree with any decision to the effect that, where the stipulation and the scheduling order are silent, such [silence] serves to prohibit any

---

[1] Federal Rule of Civil Procedure 26(a)(2)(D) was known as 26(a)(2)(C) until the publication of the 2011 revisions.

4

OPPOSITION OF ORACLE AMERICA, INC. TO GOOGLE INC.'S MOTION TO STRIKE TWO "REBUTTAL"
DAMAGES REPORTS BY DR. KENNETH SERWIN
CASE NO. CV 10-03561 WHA

1  designation of a rebuttal expert being made by the plaintiff…" interpreting Rule 26 to allow default
2  application of Rule 26(a)(2)(C)(ii)'s deadline).

3        The only two cases Google cites, both in the last page of its motion, are inapposite.  Both *Hynix Semiconductor v. Rambus,* No. CV-00-20905, 2008 U.S. Dist. LEXIS 12195, at *17 (N.D. Cal. Feb. 3, 2008), and *International Business Machines Corp. v. Fasco Indus., Inc.*, C–93–20326 RPA, 1995 WL 115421, at *2 (N.D. Cal. Mar. 15, 1995) ("*IBM*"), involve motions to exclude rebuttal experts from trial because of the defendants' ***failure to disclose*** the experts prior to the submission of the reports.  Even then, the *Hynix* court denied the motion to exclude the testimony of the rebuttal expert since there was no substantial prejudice in allowing the testimony.  2008 U.S. Dist. LEXIS 12195, at *17.  Furthermore, in *IBM*, the court held that the case management order controlled the disclosure of rebuttal reports because the case management order was ***not*** silent on the issue of rebuttal reports, but rather conflicted with Rule 26 in that complying with Rule 26 would have allowed the party to designate its rebuttal experts twenty-one days after the close of discovery set in the case management order.  1995 WL 115421, at *2.  There is no such conflict here.  As detailed above, Google has no basis for stating that Oracle failed to disclose Dr. Serwin or that such disclosure was untimely.

### C. Contrary To Google's Contention, The Parties' Actions Support Allowing Dr. Serwin's Reports

      Google argues that the parties have acted "consistent with" or "relied on" a supposed preclusion of rebuttal reports other than by the authors of opening reports (Motion at 5), but it fails to explain *how*. Until now, neither party ever suggested that submitting rebuttal reports would be impermissible. Similarly, Google fails to identify any "reliance" on the assumption that it was not permitted to do so. Indeed, Google ignores that Oracle (1) disclosed Dr. Serwin; (2) informed Google and the Court in August that Dr. Serwin might be a second damages expert; (3) identified Dr. Serwin on its witness list as potentially testifying as a damages rebuttal expert despite not having submitted an opening report; and (4) told Google in early October that it may be submitting a rebuttal report from Dr. Serwin. Google cannot credibly claim surprise or mistaken understanding after four months of disclosures met with silence.

5
OPPOSITION OF ORACLE AMERICA, INC. TO GOOGLE INC.'S MOTION TO STRIKE TWO "REBUTTAL" DAMAGES REPORTS BY DR. KENNETH SERWIN
CASE NO. CV 10-03561 WHA

Google's argument that the parties have acted on the assumption that rebuttal reports are not permitted in this case is also contradicted by what the parties have done. Google's own experts have submitted "rebuttal" reports *in addition to* reply reports, even though the CMO does not expressly authorize this practice. Both in the affidavit accompanying its motion and in a footnote in the motion itself, Google explains why one of its technical experts, Dr. Owen Astrachan, submitted both a "rebuttal" and "reply" report. (Motion at 3 n.2.) The sole distinction it makes is that Dr. Astrachan's rebuttal report "was in fact an opposition report in response to Dr. Mitchell's opening report." (*Ibid.*) Dr. Serwin's rebuttal reports are similarly limited in scope, solely responding to issues raised by Google's damages experts. Google has not claimed otherwise. There is no basis for Google's argument that either party has somehow acted consistent with or relied on the assumption that there may be no rebuttal reports. Indeed, Google's own submission of both "reply" and "rebuttal" reports completely undermines its position.

No doubt recognizing this fact, Google invents a distinction between experts who have filed opening reports and experts who have not, insinuating that the former may submit rebuttal reports while the latter may not, but Google cites nothing in support of this distinction. And with good reason:

> [Rule 26] does not restrict rebuttal testimony to expert witnesses previously designated to testify in the case in chief. Plaintiffs have cited no authority for the proposition that rebuttal testimony should be so restricted. The court otherwise knows of none.

*Knapp v. State Farm Fire & Cas. Co.*, Civ. A. No. 94–2420–EEO, 1995 WL 340991, at *2 (D. Kan. May 31, 1995). Google points to nothing in this Court's orders or the law that provides otherwise, either explicitly or implicitly.

### D. Google Has Not Been Prejudiced

Federal Rule of Civil Procedure 37(c) permits sanctions such as motions to strike only when there is a failure to disclose or supplement discovery by a party. Here, Oracle fully disclosed Dr. Serwin. Even if it had not, the rule still permits the use of a witness or evidence at trial absent disclosure if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see, e.g., Woodson v. Rodriguez*, No. C 07–04925 CW, 2011 WL 1654663, at *3 (N.D. Cal. April 28, 2011) (denying motion to strike reply report not provided for in case management order where production of

1  report was harmless); *Chao v. Mazzola*, No. C-04-4949 PJH (EMC), 2006 WL 3251737, at *1-2 (N.D.
2  Cal. Nov. 8, 2006) (denying motion to strike rebuttal report that may not be a true rebuttal where no
3  prejudice resulted); *DeFazio v. Hollister, Inc.*, No. CIV S-04-1358 WBS GGH, 2008 WL 5113654, at
4  *5 (E.D. Cal. Dec. 1, 2008) ("Defendants cannot read the 'harmless' or 'lesser sanctions' exceptions out
5  of the enforcement rule, Rule 37(c)(1) – especially where the failure to disclose is not accompanied by
6  gamesmanship, bad faith or deliberate disobedience of a court order.  Prejudice is a component of any
7  sanctions analysis as is the need to explore the existence of lesser, yet still effective sanctions").

8        Google does not even attempt to establish any harm or prejudice from the submission of Dr.
9  Serwin's rebuttal reports, and Google cannot do so.  Google was aware of Dr. Serwin and the
10  possibility that he would be submitting rebuttal reports for at least four months.  Oracle has not engaged
11  in gamesmanship or bad faith in submitting Dr. Serwin's reports.  Dr. Serwin has not included new
12  affirmative arguments or analyses in his reports.  Google may take Dr. Serwin's deposition.  In these
13  circumstances, Google has suffered no prejudice from the submission of the rebuttal report and has no
14  legal basis for its motion to strike.  *See Woodson*, 2011 WL 1654663, at *3 (denying motion to strike
15  because the fact that defendant refused service of the report it sought to strike did not create prejudice
16  when defendant would have had adequate time to review the report and prepare for deposition and trial
17  when plaintiff attempted service).

### III.  CONCLUSION

19        Oracle respectfully requests that the Court deny Google's motion to strike Dr. Serwin's rebuttal
20  reports.

22  Dated: October 28, 2011                BOIES, SCHILLER & FLEXNER LLP

23                                        By: */s/ Steven C. Holtzman*
                                            Steven C. Holtzman

24                                *Attorneys for Plaintiff*
25                                ORACLE AMERICA, INC.