# Exhibit B

| | |
|---|---|
| 1 | MORRISON & FOERSTER LLP |
| | MICHAEL A. JACOBS (Bar No. 111664) |
| 2 | mjacobs@mofo.com |
| | MARC DAVID PETERS (Bar No. 211725) |
| 3 | mdpeters@mofo.com |
| | 755 Page Mill Road |
| 4 | Palo Alto, CA 94304-1018 |
| | Telephone: (650) 813-5600 / Facsimile: (650) 494-0792 |
| 5 | |
| | BOIES, SCHILLER & FLEXNER LLP |
| 6 | DAVID BOIES (Admitted *Pro Hac Vice*) |
| | dboies@bsfllp.com |
| 7 | 333 Main Street |
| | Armonk, NY 10504 |
| 8 | Telephone: (914) 749-8200 / Facsimile: (914) 749-8300 |
| | STEVEN C. HOLTZMAN (Bar No. 144177) |
| 9 | sholtzman@bsfllp.com |
| | 1999 Harrison St., Suite 900 |
| 10 | Oakland, CA 94612 |
| | Telephone: (510) 874-1000 / Facsimile: (510) 874-1460 |
| 11 | |
| | ORACLE CORPORATION |
| 12 | DORIAN DALEY (Bar No. 129049) |
| | dorian.daley@oracle.com |
| 13 | DEBORAH K. MILLER (Bar No. 95527) |
| | deborah.miller@oracle.com |
| 14 | MATTHEW M. SARBORARIA (Bar No. 211600) |
| | matthew.sarboraria@oracle.com |
| 15 | 500 Oracle Parkway |
| | Redwood City, CA 94065 |
| 16 | Telephone: (650) 506-5200 / Facsimile: (650) 506-7114 |
| 17 | *Attorneys for Plaintiff* |
| | ORACLE AMERICA, INC. |
| 18 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. 3:10-cv-03561-WHA |
| Plaintiff, | **PLAINTIFF'S CORRECTED REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT GOOGLE INC., SET TWO (82-130)** |
| v. | |
| GOOGLE INC. | |
| Defendant. | Dept.: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

PROPOUNDING PARTY:   PLAINTIFF ORACLE AMERICA, INC.

RESPONDING PARTY:    DEFENDANT GOOGLE INC.

SET:   TWO (REQUESTS 82-130)

In accordance with Federal Rule of Civil Procedure 34, Plaintiff Oracle America, Inc. ("Oracle") hereby requests Defendant Google Inc. ("Google") to produce for inspection, copying, and photographing the documents and things set forth below at the office of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304 at 10:00 a.m. within 30 days from the date of service of this request.

## DEFINITIONS AND INSTRUCTIONS

As used below, the following terms have the meanings indicated:

1.  "Java Platform" refers to the Java programming language, the Java compiler, the Java Virtual Machine, the Java Development Kit, the Java Runtime Environment, the Just-In-Time compiler, Java class libraries, Java application programming interfaces, and Java specifications and reference implementations.

2.  "Android" means "the Android Platform" and "Android" as referred to in Google's Answer (Docket No. 32) at Background ¶ 12 and in Google's Answer to Amended Complaint (Docket No. 51) at Background ¶ 12 and at Factual Background ¶¶ 11-17, and includes any versions thereof (whether released or unreleased) and related public or proprietary source code, executable code, and documentation.

3.  "Patents-in-Suit" refers to U.S. Reissue Patent No. RE38,104, and U.S. Patent Nos. 5,966,702; 6,061,520; 6,125,447; 6,192,476; 6,910,205; and 7,426,720.

4.  "Document," "documents," "tangible thing," or "tangible things" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

5.  In directing these requests to Google, we seek documents and tangible things available to Google, including those relating to companies Google has acquired (such as Android, Inc.). These requests require you to produce those documents and tangible things that are in your actual or constructive possession, custody, or control.

PLAINTIFF ORACLE AMERICA, INC.'S CORRECTED SECOND SET OF REQUESTS FOR PRODUCTION (82-130)
CASE NO. 3:10-CV-03561-WHA
pa- 1443693

1

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 82:**

Documents relating to Google's acquisition of Android Inc., including the acquisition agreement, and technology or intellectual property rights and know-how licensing agreements.

**REQUEST FOR PRODUCTION NO. 83:**

Documents reflecting or relating to Google's business case for acquiring AdMob, including documents related to due diligence, valuation, and acquisition price.

**REQUEST FOR PRODUCTION NO. 84:**

Documents relating to AdMob's business operations, revenue generation, revenue sharing with application developers, profitability and cost, and service of other operating systems in addition to Android.

**REQUEST FOR PRODUCTION NO. 85:**

Documents reflecting or relating to communications with Oracle or Sun concerning the Java Platform or Android.

**REQUEST FOR PRODUCTION NO. 86:**

Documents sufficient to identify any intellectual property rights that you contend are essential to practice each release of each Android specification.

**REQUEST FOR PRODUCTION NO. 87:**

Documents relating to the filing of this lawsuit by Oracle, including without limitation communications by Google employees on or after the date of the filing of this lawsuit concerning the claims asserted by Oracle.

**REQUEST FOR PRODUCTION NO. 88:**

Documents reflecting or relating to any actual or projected Google revenue and profits in connection with any sales, licenses or any other activity relating to Android, including profit and loss statements, income statements, any other financial statements or projections, and documents that describe, analyze or comment on such actual or projected revenues and profits.

**REQUEST FOR PRODUCTION NO. 89:**

Documents reflecting or relating to any actual or projected revenue and profits by Google in connection with or derived from the licensing, sale, or any other activity relating to applications written to or licensed or sold in connection with Android, including profit and loss statements, income statements, any other financial statements or projections, and documents that describe, analyze or comment on such actual or projected revenues and profits.

**REQUEST FOR PRODUCTION NO. 90:**

Documents reflecting or relating to any actual or projected revenue and profits by Google in connection with or derived from the operation of Android Market including profit and loss statements, income statements, any other financial statements or projections, and documents that describe, analyze or comment on such actual or projected revenues and profits.

**REQUEST FOR PRODUCTION NO. 91:**

Documents reflecting or relating to any actual or projected revenue and profits by Google in connection with advertising on devices running Android, including profit and loss statements, income statements, any other financial statements or projections, and documents that describe, analyze or comment on such actual or projected revenues and profits.

**REQUEST FOR PRODUCTION NO. 92:**

All agreements between Google and application developers concerning the development or distribution of applications for mobile devices or to run on Android, including agreements concerning the embedding of advertising in any application.

**REQUEST FOR PRODUCTION NO. 93:**

Documents sufficient to show Google's actual and projected revenue and profits in connection with advertising on mobile devices not running Android.

**REQUEST FOR PRODUCTION NO. 94:**

Documents reflecting or relating to Google revenue from application registration fees and the license, sale or distribution of those applications, including profit and loss statements, income statements, and any other financial statements or projections..

PLAINTIFF ORACLE AMERICA, INC.'S CORRECTED SECOND SET OF REQUESTS FOR PRODUCTION (82-130)
CASE NO. 3:10-CV-03561-WHA
pa- 1443693

3

**REQUEST FOR PRODUCTION NO. 95:**

Documents reflecting or relating to Android's unit, usage or other share of mobile device operating systems.

**REQUEST FOR PRODUCTION NO. 96:**

Documents reflecting or relating to Android's share of revenues from the sales of applications for mobile devices.

**REQUEST FOR PRODUCTION NO. 97:**

Documents relating to the statement of Andy Rubin, Google VP of Mobile Platforms, at Dive Into Mobile that Android "is profitable if broken out as a separate business" and that even though Google does not charge for the product, profitability is in "the millions."

**REQUEST FOR PRODUCTION NO. 98:**

Documents relating to the statement of Eric Schmidt, as reported by the Wall Street Journal, that "Google is positioning itself to earn $10 billion or more per year in the mobile device business, thanks to its Android operating system."

**REQUEST FOR PRODUCTION NO. 99:**

Documents relating to the statement of Eric Schmidt, as reported by Newsweek, that "Android-based phones already generate enough new advertising revenue to cover the cost of the software's development."

**REQUEST FOR PRODUCTION NO. 100:**

Documents reflecting or relating to the profitability of Google's mobile business, including profit and loss statements, income statements, and any other financial statements or projections.

**REQUEST FOR PRODUCTION NO. 101:**

Documents reflecting or relating to Google's research and development budget, plans, projections, or expenditures relating to Android.

**REQUEST FOR PRODUCTION NO. 102:**

Documents reflecting or relating to any evaluation or consideration of any alternatives to the Java Platform, any portion of the Java Platform, or any of the Patents-in-Suit for use in

PLAINTIFF ORACLE AMERICA, INC.'S CORRECTED SECOND SET OF REQUESTS FOR PRODUCTION (82-130)
CASE NO. 3:10-CV-03561-WHA
pa- 1443693

4

Android or any other operating system for mobile devices, including the cost, viability or availability of any such alternatives, and time that would be involved for the development of these alternative designs.

**REQUEST FOR PRODUCTION NO. 103:**

Documents reflecting or relating to any actual or potential interpretation by Google or anyone acting on Google's behalf of the meaning of FRAND or RAND licensing requirements.

**REQUEST FOR PRODUCTION NO. 104:**

Documents reflecting or relating to any actual or potential fragmentation of Android, including the cause of any such fragmentation, Google's evaluation of such fragmentation, and any steps Google has taken or has considered taking to avoid or remedy such fragmentation.

**REQUEST FOR PRODUCTION NO. 105:**

Documents reflecting or relating to any effort by Android Inc. or Google to avoid, modify or work around any of the Patents-in-Suit, including any effort to modify Android or any other mobile operating system or platform to avoid practicing the Patents-In-Suit or create a product on which the Patents-In-Suit did or do not read.

**REQUEST FOR PRODUCTION NO. 106:**

Documents reflecting or relating to the actual or potential impact on Google of the use of mobile operating systems other than Android.

**REQUEST FOR PRODUCTION NO. 107:**

Documents reflecting or relating to the actual or potential impact of Android on Google's share of any markets for, or sales of, mobile search and mobile advertising.

**REQUEST FOR PRODUCTION NO. 108:**

Documents relating to the actual or potential impact of Android on Google's share of any markets for, or sales of any, applications available on mobile devices.

**REQUEST FOR PRODUCTION NO. 109:**

Documents discussing Android Honeycomb or any version of Android intended to be used on tablets, including any business case for entry into the tablet space, projections of revenue

PLAINTIFF ORACLE AMERICA, INC.'S CORRECTED SECOND SET OF REQUESTS FOR PRODUCTION (82-130)
CASE NO. 3:10-CV-03561-WHA
pa- 1443693

5

related to tablets, and impact of entry into the tablet space on Google or Android's search business, application business, or application business.

**REQUEST FOR PRODUCTION NO. 110:**

Documents reflecting or relating to any competition between operating systems for mobile devices, including Android, the Java Platform, and any other operating system or platform for mobile devices.

**REQUEST FOR PRODUCTION NO. 111:**

Documents reflecting or relating to actual or projected demand for Android or any other operating system for mobile devices.

**REQUEST FOR PRODUCTION NO. 112:**

Documents reflecting or relating to any revenue derived from the sale, use, licensing or other activities relating to Android by any third party.

**REQUEST FOR PRODUCTION NO. 113:**

Documents reflecting or relating to any actual or potential license negotiations or discussions between Google and Oracle.

**REQUEST FOR PRODUCTION NO. 114:**

All agreements between Google and mobile handset or mobile device manufacturers, including licensing agreements, distribution agreements, development agreements, advertisement agreements, and any agreements related to Android applications.

**REQUEST FOR PRODUCTION NO. 115:**

Documents reflecting or relating to any Google strategy involving or including not relying on any competitor mobile operating system or platform for Android.

**REQUEST FOR PRODUCTION NO. 116:**

Documents reflecting or relating to the role of application developers or the growth of applications in the success of Android, including any documents describing or analyzing the importance of attracting developers to the success of Android, documents concerning the number or type of developers Android has or has hoped to attract, and documents related to any steps Google has taken to attract such developers.

PLAINTIFF ORACLE AMERICA, INC.'S CORRECTED SECOND SET OF REQUESTS FOR PRODUCTION (82-130)
CASE NO. 3:10-CV-03561-WHA
pa- 1443693

6

**REQUEST FOR PRODUCTION NO. 117:**

Documents sufficient to provide a complete list of all products running Android, or to your knowledge planned to run Android.

**REQUEST FOR PRODUCTION NO. 118:**

Documents reflecting or relating to any transition or recruitment of Java developers and programmers from Android, Sun and/or Oracle to Google.

**REQUEST FOR PRODUCTION NO. 119:**

Documents reflecting or relating to the portability of applications or programs compatible with or written to Android.

**REQUEST FOR PRODUCTION NO. 120:**

Documents reflecting or relating to any link, connection or relationship between Android and any actual and projected Google or third party revenues or profits.

**REQUEST FOR PRODUCTION NO. 121:**

Documents reflecting or relating to public announcements, press releases or media presentations by Google regarding product releases involving Android, or expected profits or revenues related in any way to Android.

**REQUEST FOR PRODUCTION NO. 122:**

Documents reflecting or relating to public announcements, press releases or media presentations by Google regarding open source software and the use of Java in reference to the mobile devices industry.

**REQUEST FOR PRODUCTION NO. 123:**

Documents reflecting or relating to any actual or potential license negotiations or discussions between Google and the Apache Software Foundation and/or the Java Community Process (JCP) regarding the certification of Apache Harmony.

**REQUEST FOR PRODUCTION NO. 124:**

Documents reflecting or relating to any actual or potential loss of third party licensing opportunities by Oracle, including opportunities for the licensing of Java ME or any other product, following the distribution of Android.

PLAINTIFF ORACLE AMERICA, INC.'S CORRECTED SECOND SET OF REQUESTS FOR PRODUCTION (82-130)
CASE NO. 3:10-CV-03561-WHA
pa- 1443693

7

**REQUEST FOR PRODUCTION NO. 125:**

Documents relating to Google's past, present and future plans or efforts to use Android, the Java Platform, or any part or portion of the Java Platform to generate any revenues, sales or licenses of any product or service.

**REQUEST FOR PRODUCTION NO. 126:**

Documents relating to any consideration, evaluation or valuation of any alternatives to or substitutes for the Java Platform or any part or portion thereof for use in Android.

**REQUEST FOR PRODUCTION NO. 127:**

A copy of the Android Bug Tracking database, information, and reporting system, and copies of documents relating to the Android Bug Tracking database, information, and reporting system.

**REQUEST FOR PRODUCTION NO. 128:**

Documents relating to the portions of Google's websites generated revenues, as described in its financial statements, that relate to mobile revenue or Android revenue, profitability or costs.

**REQUEST FOR PRODUCTION NO. 129:**

Documents relating to Google's partner sites generated revenues, as described in its financial statements, that relate to mobile revenue or Android revenue, profitability or costs.

**REQUEST FOR PRODUCTION NO. 130:**

Documents relating to Google's other revenues, as described in its financial statements, that relate to mobile revenue or Android revenue, profitability or costs.

Dated: January 25, 2011　　　　　　　　MICHAEL A. JACOBS
　　　　　　　　　　　　　　　　　　　MARC DAVID PETERS
　　　　　　　　　　　　　　　　　　　MORRISON & FOERSTER LLP

　　　　　　　　　　　　　　　　　　　By:  /s/ Richard S. Ballinger

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　ORACLE AMERICA, INC.

PLAINTIFF ORACLE AMERICA, INC.'S CORRECTED SECOND SET OF REQUESTS FOR PRODUCTION (82-130)
CASE NO. 3:10-cv-03561-WHA
pa- 1443693

8

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on January 25, 2011, I served a copy of:

PLAINTIFF'S CORRECTED REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT GOOGLE INC., SET TWO (82-130)

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Robert F. Perry<br>Scott T. Weingaertner<br>Bruce W. Baber<br>Mark H. Francis<br>Christopher C. Carnaval<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036-4003<br><br>RPerry@kslaw.com<br>SWeingaertner@kslaw.com<br>bbaber@kslaw.com<br>mfrancis@kslaw.com<br>ccarnaval@kslaw.com<br><br>Fax:  212.556.2222 | Timothy T. Scott<br>Geoffrey M. Ezgar<br>Leo Spooner III<br>KING & SPALDING, LLP<br>333 Twin Dolphin Drive, Suite 400<br>Redwood Shores, CA 94065<br><br>TScott@kslaw.com<br>GEzgar@kslaw.com<br>LSpooner@kslaw.com<br><br>Fax:  650.590.1900 |
| Donald F. Zimmer, Jr.<br>Cheryl Z. Sabnis<br>KING & SPALDING LLP<br>101 Second Street, Suite 2300<br>San Francisco, CA 94105<br><br>fzimmer@kslaw.com<br>csabnis@kslaw.com<br><br>Fax:  415.318.1300 | Steven Snyder<br>KING & SPALDING LLP<br>100 N. Tryon Street, Suite 3900<br>Charlotte, NC 28202<br><br>ssnyder@kslaw.com<br><br>Fax:  704.503.2622 |

| | | |
|---|---|---|
| 1 | Ian C. Ballon<br>Heather Meeker (*App for Admission to ND Cal to be filed*)<br>GREENBERG TRAURIG LLP<br>1900 University Avenue, 5th Floor<br>East Palo Alto, CA  94303<br><br>ballon@gtlaw.com<br>meekerh@gtlaw.com<br><br>Fax:    650.328.8508 | Joseph R. Wetzel<br>Dana K. Powers<br>GREENBERG TRAURIG, LLP<br>153 Townsend Street, 8th Floor<br>San Francisco, CA  94107<br><br>wetzelj@gtlaw.com<br>powersdk@gtlaw.com<br><br>Fax:  415.707.2010 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Palo Alto, California, this 25th day of January, 2011.

| Richard S. Ballinger | /s/ Richard S. Ballinger |
|---|---|
| (typed) | (signature) |

CERTIFICATE OF SERVICE
CASE NO. 3:10-CV-03561-WHA

pa- 1443693

2