**KEKER & VAN NEST** LLP

**Robert Van Nest**
rvannest@kvn.com

October 30, 2011

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:     *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

      Google writes in response to Oracle's October 27 précis, in which Oracle requests leave to file a summary judgment motion limited to the narrow issue of originality (Dkt. 567).  Google respectfully suggests that its own "copyright *Markman*" proposal (Dkt. 562) would be a better use of the Court's resources, and would do far more to clarify and narrow the issues for trial.

      As Oracle points out, the Court's order on Google's copyright motion for summary judgment left open the possibility that "the selection or arrangement of [the] names [in the APIs] is subject to copyright protection." (Dkt. 433 at 8.)  Oracle proposes that the Court decide only the narrow issue of originality (as Oracle puts it, deciding whether its selection, arrangement, and structure is "more than a phone directory," 10/19/11 Tr. at 48).  That would not address whether the selection, arrangement, and structure of the APIs are uncopyrightable for other reasons.

      For example, "functional requirements for compatibility . . . are not protected by copyright." *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1522 (9th Cir. 1992) (citing 17 U.S.C. § 102(b)).  The selection, arrangement and structure of the APIs are all functionally required in order to maintain compatibility with those APIs.  As Dr. Astrachan has explained,

> in order for existing code in a language to be compatible and interoperable with new software written in the same language, the API elements that constitute the language *must also be present, and named and organized identically.*

Astrachan Opening Report (Dkt. 262-1) ¶ 131 (emphasis added).  Thus, the selection, arrangement and structure of the APIs are not copyrightable, which means that any similarities between the Android and Oracle API specifications based on the selection, arrangement and structure of the 37 API packages at issue are irrelevant to the issue of infringement, whether or not original.  *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994)

The Honorable William Alsup
October 30, 2011
Page 2

(plaintiff cannot rely on similarity in expression due to unprotectable elements). For the same reason, any such similarities are also irrelevant to the claim that the Android core libraries are a derivative work. *See Mirage Editions v. Albuquerque A.R.T. Co.,* 856 F.2d 1341, 1343 (9th Cir. 1988) (derivative work must incorporate material that could support an infringement claim).

Alternatively, if Oracle contends that Google copied aspects of the selection, structure and arrangement of the APIs that were *not* functionally required for compatibility with the 37 API packages at issue, it should be required to identify those aspects, consistent with *Apple Computer.* 35 F.3d at 1443 (requiring that the plaintiff "identify the *source(s)* of the alleged similarity" (emphasis in original)). Moreover, in addition to the "functional requirements" issue, the selection, structure and arrangement of the APIs are unprotectable for other reasons, such as the doctrines of *scenes a faire* and merger. Addressing the entire issue of copyrightability would do far more to narrow the issues for trial than would Oracle's proposal to decide only originality, which is merely one aspect of copyrightability and not determinative of the issue.

While conceding yet again that copyrightability is a question of law, Oracle nonetheless asserts that there are "threshold factual determinations" for the jury. (*See* Dkt. 566 at 3.) But nowhere in its proposed verdict form (Dkt. 531-1) does Oracle ask the jury to make any such threshold factual determinations. Instead, Oracle states in its proposed jury instructions that "upon the close of evidence, the Court should instruct the jury as to which works are protected by copyright, and which standard of similarity and frame of reference to use when comparing the allegedly infringing works to the copyrighted works." (Dkt. 539 at 54.) That is, it proposes that the Court decide copyrightability without first having the jury make any threshold factual determinations. And, in fact, the Court *should* decide the copyrightability issue on its own. *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 788 F. Supp. 78, 96 (D. Mass. 1992) ("issues of copyrightability, *including any fact questions bearing upon them,* must be determined by the court, not the jury" (emphasis added)); *see also Pivot Point, Int'l, Inc. v. Charlene Prods., Inc.,*

932 F. Supp. 220, 225 (N.D. Ill. 1996) (Easterbrook, J., sitting by designation).

The Court should also decide now what "works" must be compared as a whole when the jury decides the issues of infringement. *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004); *Apple Computer,* 35 F.3d at 1443. In its jury instructions, Oracle argues that "[t]he 'work as a whole' is not the entire Java platform, but rather each individual code file." (Dkt. 539 at 70.) Yet in the very same instruction, it argues that the alleged literal copying must be considered in conjunction with alleged copying outside those code files. *Id.* ("The *de minimis* defense does not apply if you find that Google infringed Oracle's copyrights in the 37 API design specifications, because, collectively, the copying of the API design specifications and the code files would be more than *de minimis*."). The Court should decide what the appropriate frame of reference is now—and to the extent that Oracle seeks to argue that the "work as a whole" is something other the works it registered, it should be required to make a showing in support of that position.

Resolving questions of patent claim construction before trial streamlines trial by allowing the parties to tailor their factual presentations to the relevant law. The same principle applies to the copyright claim. Resolving the copyrightability and related legal issues now will focus the case, and allow for a more efficient trial. Leaving these issues unresolved until the close of evidence will complicate questions of relevance, and in all likelihood will require the parties to put in *more* evidence, to ensure an adequate record regardless of how the Court ultimately decides the copyrightability and other issues. It also increases the risk of confusing the jury.

Google therefore requests that the Court decide *all* issues related to copyrightability at this time, rather than adopting Oracle's proposal to decide only the limited issue of originality—which will require the Court's time and resources but not meaningfully narrow the case.

Sincerely,
/s/
Robert A. Van Nest

587514.01