IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>    Defendant.<br>_____ / | No. C 10-03561 WHA<br><br>**ORDER TO SUBMIT COLOR-CODED HANDOUT OF CLAIMS TO BE TRIED** |

The Court has presided over more than ten patent trials and has worked hard to find ways to assist the jury in comprehending the issues and evidence. One effective way is to use posters and handouts for the jury that isolate the claim phrases in actual contention. Each claim is on a separate page and the few phrases usually alleged to be missing from the accused item (for infringement purposes) and from the prior art reference (for anticipation purposes) are highlighted in colors coded to the respective issues. We will try this in the instant action.

By **NOON ON NOVEMBER 8**, defendant shall identify to plaintiff in writing its best two references for anticipation purposes as to each of the 26 claims to be tried identified by plaintiff (Dkt. No. 471). It may be that at trial defendant will assert anticipation based on more than two references per claim. In identifying the references for purposes of the poster/handout, however, please pick only the best two. Of course, different references can be asserted against the various claims at trial.

As to each claim to be tried, plaintiff shall highlight in gray each phrase it contends is missing from Reference No. 1 for anticipation purposes and shall highlight in blue each phrase it contends is missing from Reference No. 2 for anticipation purposes. Non-highlighted phrases will be deemed conceded as to those references. This must be done and provided to defendant by **NOON ON NOVEMBER 15**.

As to each claim to be tried, defendant shall highlight in pink each phrase it contends is missing from the accused device or method. The remainder will be deemed conceded. This must be done and provided to plaintiff by **NOON ON NOVEMBER 15**.

Counsel then shall meet and confer to create a joint handout that compiles all of this information. Counsel shall use their best judgment as to the most effective way to visually communicate both the infringement and anticipation issues using only one copy of each claim to be tried. For example, in a previous trial, counsel clarified overlap by using red underlining (instead of pink highlighting) to identify phrases disputed as to infringement, while using parallel bands of highlighting to identify phrases disputed as to the two anticipation references. The joint proposed handout must be filed by **NOON ON NOVEMBER 18**.

In the Court's experience, very few phrases need be or should be highlighted by either side since almost always all but one or two phrases are clearly present. The Court expects and needs counsel to be candid and keep the highlighting to a minimum. This is important. This will assist everyone by assisting the jury in focusing mainly on phrases and evidence in dispute.

**IT IS SO ORDERED.**

Dated: November 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE