KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:     212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:     415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:     650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**REPLY IN SUPPORT OF DEFENDANT GOOGLE INC.'S MOTION TO STRIKE TWO "REBUTTAL" DAMAGES REPORTS BY DR. KENNETH SERWIN**<br><br>Dept.:      Courtroom 8, 19th Floor<br>Judge:      Hon. William Alsup |

# TABLE OF CONTENTS

**Page**

A. Both parties have consistently interpreted the Court's scheduling orders as authorizing only reply reports from experts who had submitted opening reports. ..................................................................................... 1

B. Rule 26 does not authorize Dr. Serwin's "rebuttal" reports. .................................. 3

C. Google was prejudiced by Oracle's submission of "rebuttal" reports. .................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AMCO Ins. Co. v. Madera Quality Nut LLC*
  No. 1:04-CV-06456-SMS, 2006 WL 6849050 (E.D. Cal. July 31, 2006) ................................4

*Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*
  C-93-20326 RPA, 1995 WL 115421 (N.D. Cal. Mar. 15, 1995) ................................................4

*Knapp v. State Farm Fire & Cas. Co.*,
  Civ. A. No. 94-2420-EEO, 1995 WL 340991 at *1(D. Kan. May 31,
  1995) ........................................................................................................................................4, 5

*Martinez-Hernandez v. Butterball, LLC*
  No. 5:07-CV-174-H, 2010 WL 2089251 (E.D.N.C. May 21, 2010)
  *order aff'd in part, vacated in part* 5:07-CV-174-H(2), 2011 WL
  4549101 (E.D.N.C. Sept. 29, 2011) ..............................................................................................4

*Mayou v. Ferguson*
  544 F. Supp. 2d 899 (D.S.D. 2008) ..............................................................................................4

*Silgan Containers v. Nat'l Union Fire Ins.*
  No. C 09-05971 RS (LB), 2011 WL 1058861 (N.D. Cal. Mar. 23, 2011) ................................4

**Federal Rules**

Fed. R. Civ. Proc.
  Rule 26..............................................................................................................................1, 3, 4, 5
  Rule 26(a)(2)(B) ..........................................................................................................................3
  Rule 26(a)(2)(D) ..................................................................................................................3, 4, 5
  Rule 26(a)(2)(D)(ii) .....................................................................................................................3

Oracle wrongly reads the Court's scheduling orders as giving the parties *carte blanche* to submit, in response to an expert's opposition report, as many reports from as many "rebuttal" experts as it would like.  In support of this argument, Oracle cites instances where the words "rebuttal" or "rebutting" have appeared in this Court's orders or the parties' correspondence, regardless of context.  But Google's complaint is not that Oracle uses the *word* "rebuttal" in the title of Dr. Serwin's reports.  Google objects to the fact that Oracle improperly introduced the opinion of a new damages expert who did not serve an opening report.  This is not authorized by the Court's scheduling orders, and is inconsistent with the consistent practice of the parties.  Moreover, as Oracle admits, Rule 26 confers no independent right to introduce a rebuttal report.  The Court should strike Dr. Serwin's "rebuttal" reports.

**A.  Both parties have consistently interpreted the Court's scheduling orders as authorizing only reply reports from experts who had submitted opening reports.**

As Google pointed out in its motion, and Oracle did not (and cannot) dispute, this Court has never authorized either party to submit "rebuttal" reports or opinions from experts who did not submit opening reports.  In its initial case management order the Court authorized a "damages report," an "opposition report," and "any reply" to the opposition.  Dkt. 56 at ¶ 9.  In its July 22 order the Court authorized a "revised damages report" and "any responsive defense report."  Dkt. 230 at 15-16.  Oracle's only response is that the Court never explicitly limited the authors of "any reply" to experts who had submitted an opening report.  But Oracle offers no reason to dispute the common-sense reading of the Court's orders that "any reply" would come from the same expert who had submitted an opening "damages report."  That reading would impose reasonable limitations on expert reports and discovery, as opposed to Oracle's reading, which would permit a party to serve as many "reply" or "rebuttal" reports from as many different experts as any party desired, even if those experts addressed overlapping subject matter or their opinions easily could have been consolidated into a single report.

Further, the parties have consistently only filed reply or rebuttal reports from experts who submitted opening reports.  Oracle makes several unsuccessful attempts to dispute this practice.  First, Oracle argues that Google submitted a "rebuttal" report from Dr. Astrachan.  This is false.

1

REPLY IN SUPPORT OF DEFENDANT GOOGLE INC.'S MOTION TO STRIKE "REBUTTAL" REPORTS
CASE NO. 3:10-cv-03561-WHA

587621.01

1  Google explained in its motion that, because the parties shared the burden of proof on copyright
2  issues, both sides served opening reports, opposition reports, and replies.  Again, the fact that
3  Google used the *word* "rebuttal" in labeling its expert's opposition report is meaningless.  That
4  report was in fact an opposition in direct response to Dr. Mitchell's opening report, as this
5  Court's original case management order expressly contemplated.  Put another way, Oracle's
6  service of the Serwin reports would not suddenly become proper if Oracle used the word "reply"
7  on the cover page rather than "rebuttal."

8  　　　　Second, Oracle argues that Google knew Oracle intended to introduce a "rebuttal" report
9  from Dr. Serwin, but never objected.  This is also incorrect.  Oracle argues that it first disclosed
10  Dr. Serwin in the August 19, 2011 hearing.  Oracle Opp., at 1.  Google doesn't dispute that Dr.
11  Serwin was disclosed as a potential expert, but that disclosure is irrelevant.  Oracle suggested at
12  the hearing that Dr. Serwin might submit a damages report, but it did so before any Oracle expert
13  had submitted a revised damages report under the Court's July 22, 2011 order.  Had both Dr.
14  Cockburn and Dr. Serwin submitted discrete opening reports by the September 12, 2011
15  deadline, Google would never have brought this motion.  Certainly Oracle never suggested at the
16  hearing (or at any other time) that it was planning to hold Dr. Serwin in reserve for "rebuttal"
17  reports never discussed in the Court's scheduling order.

18  　　　　Oracle then states that it informed Google in a September 16, 2011 email of its intention
19  to submit "damages reply/rebuttal reports."  Again, Oracle is wrong.  Even in that single email,
20  Oracle never expressly said it would submit "rebuttal" reports, much less explained what it
21  meant by "rebuttal" reports or how such reports differed from the authorized reply reports.  It
22  certainly never asserted a right to do what it eventually did, by serving a "rebuttal" report from a
23  new expert who had never submitted an opening report.  Oracle stated only that it assumed
24  Google would "not object to our submission of damages reply/rebuttal reports, should we elect to
25  submit any."  Purcell Decl. In Support of Google Mot. Ex. B.  But Google never agreed that
26  Oracle had any right to serve these undefined "rebuttal" reports; to the contrary, Google had
27  taken the position that Oracle had no express right even to serve a damages reply report.  To the
28  extent that Oracle's counsel was trying to moot any objection to Dr. Serwin's "rebuttal" report

1  by including that single word in his email, that effort must fail.  Oracle never clearly articulated
2  its terms and Google never agreed to those terms.  In any event, the Court's orders and the
3  parties' practice under those orders remain what they are.  Oracle cannot amend a Court order
4  through its own unilateral conduct, or change the fact that it had never previously tried to serve
5  any "rebuttal" reports.
6      Finally, Oracle argues that it listed Dr. Serwin as a rebuttal damages expert on its witness
7  list, and that in response "Google again said nothing."  Oracle Opp. at 2.  The witness list on
8  which Oracle relies was submitted only days before Dr. Serwin submitted his "rebuttal" reports
9  on October 10, 2011  Google submitted its *précis* letter requesting permission to move to strike
10  those reports on October 12, 2011, two business days later.  Far from "sa[ying] nothing," Google
11  acted promptly to assert its rights under the scheduling orders by moving to exclude Dr. Serwin's
12  "rebuttal" reports within days of receiving notice that Oracle intended to submit such reports.
13  **B.**     **Rule 26 does not authorize Dr. Serwin's "rebuttal" reports.**
14      Perhaps realizing that the Court's orders do not authorize "rebuttal" reports from experts
15  who did not submit opening reports, Oracle argues that Rule 26 creates an independent basis for
16  Dr. Serwin's "rebuttal" reports.  Oracle is incorrect.
17      In discussing Rule 26 and cases analyzing it, Oracle again seizes on the use of the ***word***
18  "rebuttal," without focusing on the meaning given to that word by the Rule.  First, Rule
19  26(a)(2)(B) requires that, "[u]nless otherwise stipulated or ordered by the court, [the expert
20  witness] disclosure must be accompanied by a written report – prepared and signed by the
21  witness."  Next, Rule 26(a)(2)(D) provides that the 26(a)(2)(B) disclosure must be made "at least
22  90 days before the date set for trial or for the case to be ready for trial."  To the extent the
23  26(a)(2)(B) report corresponds to the Court's orders in this case, it is thus the opening "damages"
24  report (or "revised damages report").  Rule 26(a)(2)(D)(ii) provides a separate deadline "if the
25  evidence is intended solely to contradict or rebut evidence on the same subject matter identified
26  by another party under Rule 26(a)(2)(B)."  Thus to the extent the "rebuttal" report envisioned by
27  Rule 26(a)(2)(D)(ii) corresponds to anything in the Court's orders in this case, it is to the
28  ***opposition report*** (or responsive defense report), not to Dr. Serwin's rebuttal.

3
REPLY IN SUPPORT OF DEFENDANT GOOGLE INC.'S MOTION TO STRIKE "REBUTTAL" REPORTS
CASE NO. 3:10-cv-03561-WHA

587621.01

In *nearly every case* that Oracle cites discussing "rebuttal" reports, those reports were in direct response to opening reports and are closer to what have been termed "opposition reports" (or "responsive defense reports") under the Court's orders in this case. *See, e.g.*, *Silgan Containers v. Nat'l Union Fire Ins.*, No. C 09-05971 RS (LB), 2011 WL 1058861, at *8 (N.D. Cal. Mar. 23, 2011); *AMCO Ins. Co. v. Madera Quality Nut LLC,* No. 1:04-CV-06456-SMS, 2006 WL 6849050 at *2 (E.D. Cal. July 31, 2006); *Martinez-Hernandez v. Butterball, LLC*, No. 5:07-CV-174-H, 2010 WL 2089251 (E.D.N.C. May 21, 2010) *order aff'd in part, vacated in part,* 5:07-CV-174-H(2), 2011 WL 4549101 (E.D.N.C. Sept. 29, 2011). These cases stand for the unremarkable proposition that, if a court fails to establish a timeline or procedure for what the Court in this case has termed "opposition reports," then the timeline in Rule 26 governs as a default. That makes sense, because if Rule 26 did not govern such cases, litigants would have had no means of introducing ***any*** expert reports contradicting the opening expert report. But in this case, where the Court has established procedures (including procedures for "reply" reports), Rule 26 does not apply. *Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, C-93-20326 RPA, 1995 WL 115421 at *2 (N.D. Cal. Mar. 15, 1995) ("The critical question … is whether the court has spoken on the subject of expert disclosures generally, not whether it has specifically substituted its own deadlines for those proposed in" Rule 26(a)(2)(D).)

The only case Oracle cites that involves a "rebuttal report" as it is used by Dr. Serwin and includes any analysis[1] is distinguishable for at least two reasons. In *Knapp v. State Farm Fire & Cas. Co.*, plaintiffs sued their insurer to recover benefits from a fire in their house. Civ. A. No. 94-2420-EEO, 1995 WL 340991 at *1 (D. Kan. May 31, 1995). The insurance company claimed plaintiffs had committed arson. *Id.* Defendant's expert disclosed that he would testify that the fire resulted from someone pouring flammable liquid on the floor and lighting it on fire. *Id.* Plaintiffs' expert then disclosed that he would testify that the fire resulted from an electrical problem with the attic fan. *Id.* In response, the defendant moved to add a "rebuttal" witness to refute the electrical causation theory, arguing that "it had no reason to anticipate that plaintiffs

---

[1] The court in *Mayou v. Ferguson*, 544 F. Supp. 2d 899, 900-01 (D.S.D. 2008), did not explain its ruling. Unlike here, the *Mayou* scheduling order did not provide for "reply" reports. *See id.*

would identify from the debris one particular item, an attic fan, as the cause of the fire." *Id.* The court granted the motion. *Id.* at *2.

First, *Knapp* holds only that Rule 26 does not prevent a court from **granting a motion** to permit rebuttal reports. Google has never argued otherwise. Parties may always ask for relief from court orders in litigation, and courts have ample discretion to modify their prior orders. The Federal Rules set forth procedures for bringing and standards for resolving such motions. Oracle could have moved to modify the Court's scheduling orders to permit rebuttal reports. But Oracle never filed such a motion. It ignored the Court's orders and served Dr. Serwin's reports.

Second, in *Knapp,* unlike here, there were good reasons why the court granted defendants leave to serve a rebuttal report. The *Knapp* plaintiffs had added a new defense theory in expert discovery, and defendant's original expert on flammable liquids likely was unqualified to opine about purported electrical issues. Here, Oracle has never offered any reason why it needs a second expert economist (Dr. Serwin) to rebut Google's experts, when it already designated and submitted multiple reports from its first expert economist (Dr. Cockburn).

**C.     Google was prejudiced by Oracle's submission of "rebuttal" reports.**

Finally, Oracle asks the Court to excuse its non-compliance with the scheduling orders on the ground that Google has not been prejudiced. But of course Google has been prejudiced. Google has been operating under one understanding of the scheduling orders and has proceeded accordingly, never offering new "rebuttal" experts to respond to Oracle's experts' opposition reports. Google will be further prejudiced if Dr. Serwin is allowed to testify; it will have to prepare for and take his deposition, then prepare for his trial testimony and cross-examine him. This will cost Google time and money that it otherwise would spend preparing for witnesses that Oracle properly disclosed in accordance with the Court's orders.

For all the foregoing reasons, the Court should strike both Serwin "rebuttal" reports.

Dated:  November 1, 2011                                             KEKER & VAN NEST LLP

By: s/ Robert A. Van Nest
ROBERT A. VAN NEST
Attorneys for Defendant
GOOGLE INC.