KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:    415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:    212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:    415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:    650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                              Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**REPLY IN SUPPORT OF DEFENDANT GOOGLE INC.'S MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Hearing Date:   November 17, 2011<br>Time:            8:00 a.m.<br>Judge:           Hon. William Alsup |

1  Google respectfully disagrees with the Court's October 20, 2011 Order (Dkt. 546) holding that the Lindholm email is not protected by attorney-client privilege or work-product immunity. Google intends to seek appellate review of that decision. In order to preserve its ability to seek that relief, Google must take all "reasonable steps" available to prevent disclosure of the information Google contends is privileged and confidential. *See* Fed. R. Evid. 502(b). As a result, Google cannot withdraw this motion, as Oracle has invited it to do.

Moreover, the only reason that the contents of the Lindholm email featured in news coverage before October 20, 2011 was because of Oracle's violation of the terms of the Stipulated Protective Order. Had Oracle complied with the prior notice requirement of Section 5.2(b) of the Stipulated Protective Order (Dkt. 66), Google would have had the opportunity to assert its privilege claims before Oracle published the contents of a draft version of the email in open court, and the contents of the document would not have reached the public until the merits of the privilege dispute were adjudicated. The unfortunate fact that the contents of the contested documents were partially published before the Court even ruled upon Google's privilege claim is therefore solely the result of Oracle's violation of the agreed-upon process, and should not be considered as a reason for denying Google relief under the protective order.

For the foregoing reasons, and those expressed in Google's opening memorandum, Google's motion should be granted, and the challenged documents should retain their AEO designations.

Dated: November 1, 2011                                     KEKER & VAN NEST LLP

                                                            By: s/ Robert A. Van Nest
                                                                ROBERT A. VAN NEST
                                                                Attorneys for Defendant
                                                                GOOGLE INC.

587542.01

1
REPLY IN SUPPORT OF GOOGLE INC.'S MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. 3:10-cv-03561-WHA