KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:     212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:     415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:     650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br>                           Plaintiff, <br><br>     v. <br><br> GOOGLE INC., <br><br>                           Defendant. | Case No. 3:10-cv-03561-WHA <br><br> **REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GOOGLE IS NOT LIABLE FOR DAMAGES FOR ALLEGED PATENT INFRINGEMENT THAT OCCURRED BEFORE JULY 20, 2010** <br><br> Judge:     Hon. William Alsup |

"Too soon!" cries Oracle, in response to Google's motion for partial summary judgment that Google is not liable for alleged patent infringement that occurred before July 20, 2010. But there is no reason to forestall summary judgment now that Oracle, by its silence, has conceded all four of the undisputed facts on which Google's motion turns. Those facts are:

1. Oracle claims that Google infringed apparatus, system, and/or computer-readable-medium claims contained in the patents-at-issue.[1]

2. Oracle has identified many "markable" products that, it contends, practice the asserted claims of the patents-at-issue. Among those products are multiple releases of its Java desktop, enterprise, mobile, and embedded-software platforms.[2]

3. Yet Oracle has admitted that it "is not aware of any device, system, or product expressly marked with the patent number of any of the Patents-in-Suit or Related Patents."[3]

4. Oracle first put Google on actual notice of its specific patent-infringement claims during a meeting at Google headquarters in Mountain View, California on July 20, 2010.[4]

Not once does Oracle contest any of these undisputed facts. The first two facts are Oracle's *own* contentions, which Google assumes to be true only for the limited purposes of this motion. Oracle, not Google, is the party that is trying to "have its cake and eat it, too" by making assertions about things that it intends, and has the burden, to prove at trial, and then trying to wriggle out of those contentions to avoid partial summary judgment on damages.

Oracle's main response to Google's motion is that Google cannot obtain summary judgment based on Oracle's contentions but must first admit those contentions for all purposes, and that, until Google does so, its motion "remains premature."

Oracle has conjured this illogical requirement out of thin air. A movant may indeed seek

---

[1] *See* accompanying Declaration of Robert A. Van Nest ("Van Nest Decl."), Ex. A (Oracle America, Inc.'s Case Management Statement Selecting Claims for Trial (Doc. 471)). "Patents-at-issue" refers to patents RE 38,104; 5,966,702; 6,061,520; 7,426,720; and 6,192,476.

[2] *See* Van Nest Decl., Ex. B (Oracle's Second Supplemental Patent Local Rule 3-1 Disclosure at pp. 9-11).

[3] *See* Van Nest Decl., Ex. C (Oracle's Response to Google's Request for Production No. 4).

[4] *See* Van Nest Decl., Ex. D (Declaration of Benjamin Lee Concerning the August 6, 2010 Email and Drafts Thereof, Doc. 315, filed Aug. 17, 2011), ¶ 5; Van Nest Decl., Ex. E (Oracle's Trial

1  partial summary judgment by assuming the adversary's contentions to be true for purposes of the
2  motion only.  "[A] party may argue that no [fact] issue exists in the hope that his legal theory
3  will be accepted, but at the same time, the movant may maintain that there *is* a genuine factual
4  dispute in the event his theory his rejected or the opponent's theory is adopted.  It should be
5  remembered that a party moving for summary judgment concedes the absence of a factual issue
6  and the truth of the nonmoving party's allegations ***only for purposes of his own motion.***"  10A
7  Wright & Miller, *Federal Practice and Procedure* § 2718 (3d ed. 2011) (emphases added).

8        This procedure is as ordinary as it could be.  Motions for partial summary judgment on a
9  damages issue routinely concede liability "only for purposes of [the] motion," *id.*, while
10 reserving the movant's ability to contest liability if the motion is denied.  There is no rule that a
11 movant must concede liability for all purposes before seeking summary judgment on a damages
12 issue.  And courts grant such motions all the time.  *See*, *e.g., Barron v. Martin-Marrietta*
13 *Corp.*, 868 F. Supp. 1203, 1208 (N.D. Cal. 1994) (granting partial summary judgment for
14 defendant on damages based upon plaintiff's "fear of cancer"); *Letson v. Dean Witter Reynolds,*
15 *Inc.*, 532 F. Supp. 500, 510 (N.D. Cal. 1982) (assuming liability and granting summary judgment
16 for defendant on the method of calculating damages); *Varela v. San Francisco City & County*,
17 C06-01841 WHA, 2007 WL 205069 (N.D. Cal. Jan. 25, 2007) (granting summary judgment as
18 to punitive-damages claims).

19       Oracle also renews its argument that the motion is premature because the jury might find,
20 as to one or more patents-at-issue, that only method claims were infringed, in which case there
21 would be no marking obligation.  This argument fails for at least three reasons.

22       ***First***, as to patents containing both non-method and method claims, Federal Circuit
23 precedents hold that the marking requirement does not depend on what sort of claims are ***found***
24 ***infringed***, but on what sort of claims are ***asserted***.  The Federal Circuit has long held that where
25 "***both apparatus and method claims . . . were asserted*** and there was a physical device produced
26 by the claimed method that was capable of being marked," the patentee must mark that physical
27 device in order "to recover damages" prior to the date of notice, even "under its method claims."
28

Brief (Doc. 536), pp. 18-19).

2
REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 3:10-cv-03561-WHA

587768.01

*American Med. Sys., Inc. v. Medical Eng'g Corp.,* 6 F.3d 1523, 1539 (Fed. Cir. 1993) (emphasis added). The Federal Circuit reaffirmed this rule just two years ago in *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.,* 559 F.3d 1308, 1316-17 (Fed. Cir. 2009). Here, as to all of the patents-at-issue, Oracle is asserting non-method claims. Oracle therefore had to satisfy the notice requirement as to every patent-at-issue.

This rule makes sense. "The marking statute serves three related purposes: 1) helping to avoid innocent infringement, . . . 2) encouraging patentees to give notice to the public that the article is patented, . . . and 3) aiding the public to identify whether an article is patented." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998). Those purposes are best served by a rule that failure to mark products embodying a patent results in loss of damages even if infringement ultimately only is found as to the patent's method claims. Marking a product that practices one or more patent claims helps to give the world constructive notice of both the patent's method and non-method claims. It thereby helps avoid "innocent infringement" of both types of claims. Failing to mark therefore makes innocent infringement of the method claims more likely; and the marking obligation therefore doesn't and shouldn't turn on whether, in a particular case, a defendant's product is found to have infringed only the method claims.

Without ever mentioning *American Medical* or *Crown Packaging*, Oracle implies that both decisions are wrong because they supposedly conflict with an earlier precedent, *Hanson Alpine Valley Ski Area, Inc*., 718 F.2d 1075 (Fed. Cir. 1983). Oracle erroneously cites *Hanson* for the proposition that the marking obligation depends on whether an apparatus claim ultimately is found to have been ***infringed***, not on whether an apparatus claim was ***asserted*** at the outset of the case.

But *Hanson* lends no support to Oracle's "infringed/asserted" distinction, because the plaintiff in *Hanson* asserted infringement ***only*** of the patent's ***method*** claims.[5] Thus, the *Hanson*

---

[5] *See Hanson v. Alpine Valley Ski Area, Inc.*, 204 U.S.P.Q. 794, 796, 1977 WL 22812 (E.D. Mich. May 17, 1977) ("Plaintiff brought this suit claiming that the use of the Hedco H-2d, Mark II and Mark III snowmaking machines by Alpine Valley Ski Area, Inc., infringed his patented "airless" ***method*** of making snow. . . . This cause was tried by the Court without a jury to determine . . . whether defendant . . . had infringed ***Claims No. 1, 2, or 6*** of said patent) (emphases added), *aff'd,* 611 F.2d 156, 204 U.S.P.Q. 803 (6th Cir. 1979); *see also id.*, 204

1  court had no opportunity or need to explore what happens to damages when a plaintiff that failed
2  to mark asserts infringement of method *and* non-method claims, but proves only the latter.
3  *Hanson* didn't present those facts.  Accordingly, *American Medical* and *Crown Packaging* do
4  not conflict with *Hanson*, and they control here.

   *Second*, even if Oracle's "infringed/asserted distinction" had legal support, it wouldn't
5  matter in this case because Oracle itself contends that its apparatus, computer-readable-medium,
6  and method claims "mirror" each other, contain essentially "identical limitations," and are all
7  necessarily infringed whenever Android software is loaded onto a phone and used.[6]  If that's
8  true, the jury cannot logically return a verdict of infringement only on method claims.  As
9  discussed above, Google is entitled to rely on Oracle's own contentions for purposes of summary
10 judgment while reserving the right to dispute those contentions at trial if this motion is denied.

   Oracle responds that Google is improperly drawing inferences in *its own* favor by
11 accepting ***Oracle's*** hostile contention about its "mirrored" claim limitations for purposes of this
12 motion.  That reasoning is circular.  Oracle's mirrored-claim contention is substantively adverse
13 to Google's interests—not favorable—because it would parlay infringement of one type of claim
14 into infringement of other types of claims in the same patent.  Google's acceptance of that hostile
15 contention for purposes of summary judgment "favors" Google *only* by supplying the motion's
16 logical predicate.

   Consider, for example, a motion that argues:  "[Assuming for summary-judgment
17 purposes that] I am liable for breaching the contract, *then* plaintiff still is not entitled to punitive

---

U.S.P.Q. at 796 ("***Claim No. 1 . . . recites a method*** of forming, distributing and depositing snow"; "***Claim No. 2 is identical to Claim No. 1*** except that it recites that the movement of air is 'directable'"; "***Claim No. 6 is identical to Claim No. 1*** except [1] it omits the recitation that the movement of air is created 'mechanically' and [2] 'a mixture of crushed ice and water' is substituted for water") (emphases added).

*See also Hanson v. Alpine Valley Ski Area, Inc.*, 611 F.2d 156, 157, 204 U.S.P.Q. 803 (6th Cir. 1979) ("This is an action alleging patent infringement, and ***the patent alleged to be infringed is a process*** for making snow for winter sports.") (emphasis added); *Hanson*, 718 F.2d at 1083 ("In affirming the district court's finding of infringement in this case, the [Sixth Circuit] court of appeals stated in the first sentence of its opinion that 'the patent alleged to be infringed is [for] a ***process*** for making snow for winter sports.'") (emphasis added).

[6] Van Nest Decl., Ex. A, p. 1.

---

4
REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 3:10-cv-03561-WHA

587768.01

damages." Oracle seems to be arguing that adopting the obviously hostile contention "I am liable for breaching the contract" for the limited purpose of seeking summary judgment somehow "favors" the movant because it facilitates making the motion. The Court should reject Oracle's pretzel logic.

Oracle's objection that this motion is "premature" also overlooks the fact that granting the motion now would streamline the issues to be tried in the damages phase of the trial. At present, both of Oracle's damages experts have calculated alternative estimates of Oracle's damages depending on whether or not marking occurred. This added layer of complexity can be dispensed with if this motion is granted now.

For all the reasons stated above and in Google's opening brief, the Court should grant partial summary judgment that, with respect to patents RE 38,104; 5,966,702; 6,061,520; 7,426,720; and 6,192,476, Google is not liable to Oracle for damages for any alleged infringement that occurred before July 20, 2010.

Respectfully submitted,

Dated:  November 1, 2011                                KEKER & VAN NEST LLP

By: s/ Robert A. Van Nest
    ROBERT A. VAN NEST
    Attorneys for Defendant
    GOOGLE INC.