# EXHIBIT A

# SUBMITTED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER

# EXHIBIT B

# SUBMITTED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER

# EXHIBIT C

# SUBMITTED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER

# EXHIBIT D

# Meredith Dearborn

| | |
|---|---|
| **From:** | Daniel Purcell [DPurcell@KVN.com] |
| **Sent:** | Monday, October 31, 2011 4:16 PM |
| **To:** | Steven Holtzman; Oracle-Google; 'Oracle MoFo Service List' |
| **Cc:** | DALVIK-KVN; 'dalvik-KS' |
| **Subject:** | RE: Depositions |

Thanks, Steve.  We will let Mr. Bray and Mr. Rizzo know.

On the other five witnesses, we understand your position, but respectfully disagree, for the reasons I stated below and we listed in our opposition to the motion to strike, filed on Friday.

-----Original Message-----
From: Steven Holtzman [mailto:sholtzman@BSFLLP.com]
Sent: Monday, October 31, 2011 3:14 PM
To: Daniel Purcell; Oracle-Google; 'Oracle MoFo Service List'
Cc: DALVIK-KVN; 'dalvik-KS'
Subject: RE: Depositions

Dan,

November 30 in SF is okay for us for Bray and Rizzo.  Perhaps we should check with John Cooper as well, in case he and/or Dr. Kearl want to attend.

We do intend to pursue the depositions of the other five interviewees, so please let us know if you wish to revise your position as to all or any of them.

Regards,
Steve

_____

From: Daniel Purcell [DPurcell@KVN.com]
Sent: Friday, October 28, 2011 7:13 PM
To: Steven Holtzman; Oracle-Google; 'Oracle MoFo Service List'
Cc: DALVIK-KVN; 'dalvik-KS'
Subject: RE: Depositions

Steve, I just wanted to follow up on this.  As it turns out, Mr. Rizzo is retaining his own counsel and would like a couple of weeks to sort that out.  Given Mr. Bray's travel schedule, we propose doing both depositions at our office in San Francisco on November 30 -- one at 9:30 am and the other at 1 pm.

Please let us know your thoughts.  Thanks.

-----Original Message-----
From: Daniel Purcell
Sent: Thursday, October 27, 2011 5:22 PM
To: 'Steven Holtzman'; Oracle-Google; Oracle MoFo Service List
Cc: DALVIK-KVN; dalvik-KS
Subject: RE: Depositions

Steve, I wanted to get back to you on dates for Mr. Bray and Mr. Rizzo.  Mr. Bray is traveling out of the country for most of November (up until Thanksgiving week), but can be available for deposition on 11/30 in Mountain View.  He is willing to come to Mountain View for a depo on that date rather than making us fly to Vancouver.

As for Mr. Rizzo, we are still waiting for final confirmation, but we're looking at dates the week of 11/14. We've proposed 11/15 and 11/16.  I will try to get you firm dates for Mr. Rizzo's availability by tomorrow.

Please let us know if those dates work for you.

As for the other witnesses, we disagree that our position is inconsistent with Judge Alsup's statement at last week's hearing.  Judge Alsup did not address whether Oracle should have another deposition of witnesses it has already deposed about the factual subject matter of their interviews with Google's experts.  You say that you have not deposed the other five witnesses about their interviews, but you have deposed four of them at great length about the factual subject matter of those interviews.

As for Mr. Yellin, you are incorrect -- I did address your request for his deposition in an earlier email. Briefly, Oracle has always been aware of Mr. Yellin and his status as a potential witness, because Mr. Yellin is a former Sun employee and a named inventor on the '520 patent.  Oracle chose not to depose him.  Moreover, his interview is cited just twice in the Leonard report (and not at all in the Cox report), both times for a single proposition -- that Sun never incorporated the '520 patent functionality into its Java ME platform.  As far as I know, this issue isn't in dispute.  Oracle has never offered any evidence that Sun incorporated the '520 functionality into Java ME (including through its experts), and in fact was unable to locate a witness to testify as a Rule 30(b)(6) designee on that issue.  Given that, it's hard to see what Oracle could possibly gain from deposing him, and we ask you to reconsider your request for his deposition.

Thanks.

-----Original Message-----
From: Steven Holtzman [mailto:sholtzman@BSFLLP.com]
Sent: Tuesday, October 25, 2011 7:56 PM
To: Daniel Purcell; Oracle-Google; Oracle MoFo Service List
Cc: DALVIK-KVN; dalvik-KS
Subject: RE: Depositions

Dan,


Please provide us available dates for the interviewee depositions you are currently willing to schedule or (in the case of Mr. Rizzo) facilitate.


Your position as to Messrs. Rubin, Bornstein, Swetland and Agarwal is inconsistent with Judge Alsup's comments at the hearing last week:


"I don't like spoon feeding, so my suggestion to you is that some depositions be taken of the alleged sources, trained seals who said what they were supposed to say, and then the expert relied on it.  So you could -- my suggestion would be maybe a two-hour deposition of each one of those persons. And maybe that would take one problem off the table. But if you don't resolve it, I'll hear that one in due course." (10/19/2011 Tr. at 58:13-21)


Judge Alsup obviously did not suggest that the depositions of Drs. Leonard and Cox could address the issue, as you suggest.  Nor could they, as (for example) it would be insufficient to ask Drs. Leonard and Cox about whether their notes accurately reflect what they were told.  And we could not have deposed the interviewees about the substance of the interviews, given that the interviews had not yet occurred at the time of the earlier depositions.

You also omit any reference to Mr. Yellin in your message.  Obviously, Mr. Yellin was not previously deposed, regarding his interview(s) or otherwise.  Having now put his statements and knowledge at issue by having Google's experts interview him and rely on the interview(s), you have provided no basis for refusing to make Mr. Yellin available for deposition.

We reiterate our previous request that each of the seven interviewees be made available for deposition. We believe the depositions should take place in the next several weeks.

Regards,

Steve

_____

From: Daniel Purcell [DPurcell@KVN.com]
Sent: Friday, October 21, 2011 12:50 PM
To: Steven Holtzman; Oracle-Google; Oracle MoFo Service List
Cc: DALVIK-KVN; dalvik-KS
Subject: RE: Depositions

Steve, our position is that, to the extent the interviewees were disclosed as witnesses and the parties had the opportunity to depose them, there is no basis for a further deposition now.  This is particularly the case where the parties actually took depositions of the interviewees, including on the subject matter of the interviews, as is the case with Messrs. Rubin, Bornstein, Swetland, and Agarwal.  This is why Mr. Bray and Mr. Rizzo are differently situated from the other interviewees, and why we do not oppose their depositions.

As for your reference to "the substance discussed" in the interviews or "the process involved" in setting them up, you can obtain any discoverable information about both of those issues in next week's depositions of Dr. Cox and Dr. Leonard.  If, after you take those depositions, you feel the interviews covered ground that Oracle did not have the opportunity to explore in discovery, you can raise that issue then, and we will give it fair consideration.

In the meantime, we can check on Mr. Bray's availability for deposition.  He is based in Vancouver, so a deposition likely would need to take place there.  As for Mr. Rizzo, he is a third party, but, as I offered in my initial email, we can contact him about scheduling and acceptance of service of a subpoena, if you would like.

-----Original Message-----
From: Steven Holtzman [mailto:sholtzman@BSFLLP.com]
Sent: Thursday, October 20, 2011 4:48 PM
To: Daniel Purcell; Oracle-Google; Oracle MoFo Service List
Cc: DALVIK-KVN; dalvik-KS
Subject: RE: Depositions

Dan,

The reason for new depositions of the interviewees who were previously deposed is that we could not have examined any of them about the interviews - either the substance discussed (e.g., specifically what they said and how it compared to other evidence) or the process involved (e.g., how the interviews came about and how they were conducted) - because their depositions occurred months before the interviews. This is reinforced by Judge Alsup's statements about spoonfeeding and the need for depositions under the

3

circumstances presented.

We do not agree that Messrs. Poore and Landau are analogous. Unlike Drs. Leonard and Cox, Prof. Cockburn did not rely on any interview to support any assertion in his report, much less multiple assertions for each interviewee. As Prof. Cockburn made clear at his deposition, he simply sought to confirm his understanding of what was already written in the declarations and reports of Mr. Landau and Mr. Poore. See Cockburn Dep. at 38:20-41:12; 88:19-90:5. Indeed, the only reference in any of his reports - a single reference across three reports - to a discussion with anyone supports a point that is already in the Poore engineering report. Compare Cockburn Report 260, n. 307 with Poore Report, Ex. F. Prof. Cockburn did not rely on conversations with Mr. Landau to establish any point; his single conversation, on which he did not rely, simply "helped [him] to understand" what was already in Mr. Landau's written report. Cockburn Dep. at 89:10-15. Moreover, Mr. Landau was deposed after Prof. Cockburn's September report was submitted. Google had the opportunity to examine Mr. Landau then about anything that was either in his Supplemental Summary and Report (which consisted of one paragraph containing the clarification that Prof. Cockburn sought) or in Prof. Cockburn's expert report that purportedly related to it.

If you really want to pursue depositions of Messrs. Poore and Landau, please let us know. But in any event, please also let us know the availability of each of the interviewees whose interviews are cited by Drs. Cox and Leonard.

Regards,
Steve

_____

From: Daniel Purcell [DPurcell@KVN.com]
Sent: Thursday, October 20, 2011 11:59 AM
To: Steven Holtzman; Oracle-Google; Oracle MoFo Service List
Cc: DALVIK-KVN; dalvik-KS
Subject: RE: Depositions

Steve,

Oracle has already deposed Messrs. Rubin, Bornstein, Swetland, and Agarwal -- in some cases on multiple occasions. And Oracle has always known that Mr. Yellin was a potential witness in this case, since he is a former Sun employee and a named inventor on one of the patents-in-suit. (Mr. Yellin's interview is also cited only twice in the Leonard report and not at all in the Cox report.) Oracle had every opportunity to examine all these witnesses, including on the subject matter of their interviews, to the extent it did not already do so. In fact, Oracle has already examined both Mr. Rubin and Mr. Bornstein extensively about non-infringing alternatives to the technology at issue -- the subject matter of both of those witnesses' interviews with Google's damages experts. We don't understand why Oracle should be entitled to further depositions of those witnesses now.

Along those same lines, Dr. Cockburn testified at deposition that, in preparing his report, he conducted interviews at least with Erez Landau and Noel Poore, which interviews formed part of the basis of his opinions. Google has previously taken the depositions of Messrs. Landau and Poore. Does Oracle agree that Google should be entitled to further depositions of those witnesses?

Mr. Bray and Mr. Rizzo are differently situated from those other witnesses -- they have not been deposed, and Oracle raised disclosure issues about them in its precis letter. We are willing to schedule depositions of both Mr. Bray and Mr. Rizzo, as set forth in my previous email.

Thanks.

-----Original Message-----
From: Steven Holtzman [mailto:sholtzman@BSFLLP.com]
Sent: Wednesday, October 19, 2011 5:18 PM
To: Daniel Purcell; Oracle-Google; Oracle MoFo Service List

4

Cc: DALVIK-KVN; dalvik-KS
Subject: RE: Depositions

Dan,

Thanks.  We contemplate, and we believe Judge Alsup contemplates, depositions of each of the interviewees to address the interviews and the "spoonfeeding" issue.  Please let us know if you are prepared to schedule 2-hour depositions for Messrs. Rubin, Yellin, Bornstein, Swetland, and Agarwal, as well as Messrs. Bray and Rizzo.  We will be happy to work with you on dates and locations for the depositions.

Steve

---

From: Daniel Purcell [DPurcell@KVN.com]
Sent: Wednesday, October 19, 2011 12:56 PM
To: Oracle-Google; Oracle MoFo Service List
Cc: DALVIK-KVN; dalvik-KS
Subject: Depositions

Oracle team,

Consistent with Judge Alsup's comments at this morning's hearings, we think it makes sense to schedule two-hour depositions of Tim Bray and John Rizzo, the witnesses identified in Oracle's recent precis letter who were not previously deposed.  We are willing to make Mr. Bray available for two hours on the subject matter of his interview with our damages experts.  Mr. Rizzo is a third party outside Google's control, but we would not object to a subpoena to him for a similar two-hour deposition, and if Oracle would like we will contact Mr. Rizzo about possible deposition dates and accepting service of such a subpoena.

Please let us know, and thanks.

---

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]