IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>  Defendant.<br>                                                   / | No. C 10-03561 WHA<br><br>**ORDER DENYING MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS AND VACATING HEARING** |

### INTRODUCTION

In this patent and copyright infringement action, defendant moves to retain its confidentiality designations as to certain produced documents. For the reasons stated below, the motion is **DENIED**.

### STATEMENT

The facts of this action have been set forth in previous orders (*see* Dkt. Nos. 137, 230, 433). In August 2011, Magistrate Judge Ryu ordered defendant Google Inc. to produce the final version and all nine drafts of an email by Google engineer Tim Lindholm, based on a finding that "Google has not demonstrated that the Lindholm Email falls within the ambit of attorney-client privilege or the work product doctrine" (Dkt. No. 361 at 8–9). Google moved for relief from that order. The motion for relief was denied in an October 20 order by the undersigned judge, based on a finding that Google failed to identify any aspect of Magistrate Judge Ryu's order that was clearly erroneous or contrary to law. The October 20 order quoted the full text of the final

1   Lindholm email and described the history and content of the drafts (Dkt. No. 546). Those details
2   need not be repeated here.

3       The protective order governing discovery in this action defined two levels of
4   confidentiality designations that the parties could invoke when producing documents or items
5   other than computer source code, which had its own designation. *First*, the label
6   "CONFIDENTIAL" could be applied to "information (regardless of how it is generated, stored or
7   maintained) or tangible things that qualify for protection under Federal Rule of Civil
8   Procedure 26(c)" (Dkt. No. 66 at 2). Rule 26(c), in turn, allows for protective orders to prevent
9   "annoyance, embarrassment, oppression, or undue burden or expense." *Second*, the label
10  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" could be applied to a subset of
11  "CONFIDENTIAL" information or items which were "extremely sensitive" and "disclosure of
12  which to another Party or Non-Party would create a substantial risk of serious harm that could not
13  be avoided by less restrictive means" (Dkt. No. 66 at 2–3).

14      When Google produced the Lindholm email and drafts to Oracle America, Inc., it
15  designated each of them as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and
16  added a "Privileged & Confidential" footer to each page. Oracle challenged the confidentiality
17  designation and requested that Google re-designate the documents as merely
18  "CONFIDENTIAL," which would have enabled Oracle's retained counsel to discuss the
19  documents with Oracle's in-house counsel (Francis Exh. A). Google refused. The parties
20  attempted to resolve this dispute informally, but they were unable to do so (Francis Decl. ¶ 3).

21      Pursuant to the dispute-resolution procedures set forth in the protective order, Google now
22  moves to retain its attorneys'-eyes-only confidentiality designations (Dkt. No. 66 at 8–9).
23  Despite the fact that the full text of the Lindholm email was made public in the October 20 order,
24  Google refuses to withdraw its motion. Google explains that it "intends to seek appellate review
25  of that decision" and in order to preserve its right to do so, it must take all reasonable steps
26  available "to prevent disclosure of the information Google contends is privileged and
27  confidential" (Reply Br. 1). Oracle opposes the motion and now argues that Google should not be
28  permitted to maintain *any* confidentiality designation as to the documents in question. Oracle

1  requests production of a "clean" set of the documents without any "Privileged & Confidential"
2  footer added. This order follows full briefing.

## ANALYSIS

Pursuant to the protective order, the burden of persuasion in this "challenge proceeding" is on "the Designating Party" — *i.e.*, Google in this instance (Dkt. No. 66 at 9). To prevail on its motion, Google must show that its challenged confidentiality designations are appropriate. Google has not done so.

The protections conferred by the protective order "do not cover . . . any information that is in the public domain at the time of disclosure to a Receiving Party *or becomes part of the public domain after its disclosure to a Receiving Party* as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise" (Dkt. No. 66 at 4) (emphasis added). The content of the Lindholm email and drafts became part of the public record on October 20, when the final version of the email was quoted in its entirety and the drafts were described in a public order issued by the undersigned judge. The issuance of that order did not violate the protective order. Accordingly, the Lindholm email and drafts are not subject to the protections conferred by the protective order.

Google argues that Oracle's references to the email in open court violated the protective order, and that but for this supposed violation the email would not have become public *until* October 20. Google, however, does *not* argue that the October 20 publication violated the protective order or was somehow tainted by Oracle's earlier supposed violation. Google also does not argue that any of this procedural history removes the documents from the ambit of the exclusionary provision in the protective order quoted above. Indeed, Google does not address that provision at all despite the fact that Oracle cited it in its opposition brief (Opp. 1–2, Reply Br. 1).

This order finds that the Lindholm email and drafts are not subject to protection under the protective order because they became part of the public domain on October 20 via a publication that did not violate the protective order. The exclusionary provision quoted above controls. This order need not reach the parties' arguments concerning whether the documents satisfied the

definitions of material that could be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order. This order also need not reach the other exclusionary provision in the protective order cited by Oracle. Google's argument that the documents should retain their confidentiality designation until the privilege dispute is resolved is moot, because that dispute has been resolved.

The Lindholm email and drafts shall be treated as neither privileged nor confidential in this action. Accordingly, Google must produce to Oracle new copies of those documents without the "Privileged & Confidential" footer that was added for production.

## CONCLUSION

For the foregoing reasons, defendant's motion to retain its "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation as to the Lindholm email and drafts is **DENIED**. The Lindholm email and drafts shall be treated as neither privileged nor confidential in this action. Defendant must produce to plaintiff new copies of those documents without the "Privileged & Confidential" footer that was added for production. The motion hearing previously set for November 17, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 2, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4