KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                              Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DECLARATION OF REID MULLEN IN SUPPORT OF ORACLE AMERICA, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. NO. 571)**<br><br>Judge:     Hon. William Alsup<br><br>Date Comp. Filed:     October 27, 2010 |

I, Reid Mullen, declare as follows:

1.  I am an associate in the law firm of Keker & Van Nest LLP, counsel to Google Inc. ("Google") in the present case. I submit this declaration in support of Oracle America Inc.'s ("Oracle") Administrative Motion to File Under Seal Portions of Oracle's Responsive Supplemental Brief in Opposition to Google's Motion *in Limine* No. 3 to Exclude Portions of Cockburn Report on Damages (Dkt. No. 571). I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

2.  Oracle moves to file under seal the following documents, which I have reviewed:

- Exhibits A, C-F, H, J, L, and M to the Declaration of Meredith Dearborn in Support of Oracle's Responsive Supplemental Brief in Opposition to Google's Motion *in Limine* No. 3 to Exclude Portions of Cockburn Report on Damages (Dkt. No. 573) ("Dearborn Decl."); and

- Portions of Oracle's Responsive Supplemental Brief in Opposition to Google's Motion *in Limine* No. 3 to Exclude Portions of Cockburn Report on Damages (Dkt. No. 572) ("Oracle's Responsive Brief").

3.  Exhibit J to the Dearborn Decl. (Dkt. No. 573) is an excerpt from the Expert Report of Dr. Gregory K. Leonard ("the Leonard Report"). The Court previously has granted a request to file the Leonard Report under seal (Dkt. No. 583). The Leonard Report contains information that has been designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to the stipulated protective order in this case. The report and the underlying documents contain Google's sensitive, non-public financial data, such as costs, revenues, and profits associated with Android. The report and underlying documents also contain non-public information about Google's consideration of and potential financial impact from alternatives to the intellectual property at issue in this lawsuit. Additionally, the report contains non-public information about licensing arrangements with third-parties, which are protected by confidentiality clauses with those third-parties. Google does not make this information available to the public. Public disclosure of this confidential information would cause great and undue harm to Google, and place it at a competitive disadvantage.

4.  Exhibit M to the Dearborn Decl. (Dkt. No. 573) contains the personal cell phone number of Andrew Rubin. The Court previously has granted a request to file a redacted version

1

1  of this document in the public record.  (Dkt. No. 459).  Mr. Rubin does not share his cell phone
2  number publicly during the ordinary course of business, and public disclosure of this information
3  would cause undue harm.  Exhibit M to the Dearborn Decl. should therefore be sealed, and a
4  redacted version with the phone number obscured should be re-filed in the public record.
5       5.    Google does not request sealing of Exhibits A, C-F, H or L, of the Dearborn Decl.
6  (Dkt. No. 573).   Nor does Google request sealing of the redacted portions of Oracle's
7  Responsive Brief (Dkt. No. 572).

9      I declare under penalty of perjury that the foregoing is true and correct and that this
10  declaration was executed at San Francisco, California on November 3, 2011.

12                By:  /s/ *Reid Mullen*
                  REID MULLEN