KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415.391.5400
Facsimile:  415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY 10036
Tel:   212.556.2100
Fax:   212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA 94105
Tel:   415.318.1200
Fax:   415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:   650.328.8500
Fax:   650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DECLARATION OF DAVID ZIMMER IN SUPPORT OF ORACLE AMERICA, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. NO. 592)**<br><br>Judge:　　Hon. William Alsup<br><br>Date Comp. Filed:　　October 27, 2010 |

DECLARATION OF DAVID ZIMMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL
CASE NO. 3:10-cv-03561-WHA

588217.01

I, David Zimmer, declare as follows:

1.  I am an associate in the law firm of Keker & Van Nest LLP, counsel to Google Inc. ("Google") in the present case. I submit this declaration in support of Oracle America Inc.'s ("Oracle") Administrative Motion to File Under Seal Portions of Its Reply To Google Inc.'s Opposition To Motion To Exclude Portions of The Expert Reports of Gregory K. Leonard and Alan J. Cox (Dkt. No. 592). I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

2.  Oracle moves to file under seal the following documents, which I have reviewed:

- Exhibits A, B, and C to the Declaration of Fred Norton (Dkt. No. 594) ("Norton Decl.")[1]; and

- Portions of Oracle's Reply To Google Inc.'s Opposition To Motion To Exclude Portions of The Expert Reports of Gregory K. Leonard and Alan J. Cox (Dkt. No. 593).

3.  Exhibit A to the Norton Decl. (Dkt. No. 594) contains excerpts from the deposition of Google's expert Dr. Gregory K. Leonard, taken October 28, 2011. These excerpts contain discussions of Dr. Leonard's expert report in this case. The Court previously has granted a request to file Dr. Leonard's report under seal (Dkt. No. 583). The deposition excerpts containing discussions of Dr. Leonard's report, like the report itself, contain information that has been designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to the stipulated protective order in this case. The excerpts contain sensitive, non-public information about Google's consideration of alternatives to the intellectual property at issue in this lawsuit. Google does not make this information available to the public. Public disclosure of this confidential information would cause great and undue harm to Google, and place it at a competitive disadvantage.

4.  Exhibit B to the Norton Decl. (Dkt. No. 594) contains excerpts from the deposition of Google's expert Dr. Alan J. Cox, taken October 26, 2011. These excerpts contain discussions of Dr. Cox's expert report in this case. The Court previously has granted a request to file Dr. Cox's report under seal (Dkt. No. 583). The deposition excerpts containing discussions

---

[1] On information and belief, Oracle's Administrative Motion to Seal mistakenly refers to the

1  of Dr. Cox's report, like the report itself, contain information that has been designated HIGHLY
2  CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to the stipulated protective order in
3  this case.  The excerpts contain sensitive, non-public information about Google's consideration
4  of alternatives to the intellectual property at issue in this lawsuit.  Google does not make this
5  information available to the public.  Public disclosure of this confidential information would
6  cause great and undue harm to Google, and place it at a competitive disadvantage.

7      5.    Google does not request sealing Exhibit C of the Norton Decl. (Dkt. No. 594).
8  Nor does Google request sealing of the redacted portions of Oracle's Reply Brief (Dkt. No. 593).

10      I declare under penalty of perjury that the foregoing is true and correct and that this
11  declaration was executed at San Francisco, California on November 8, 2011.

By: _____
DAVID ZIMMER

---

28  Norton Decl. as the Declaration of Meredith Dearborn (Dkt. No. 592).

2
DECLARATION OF DAVID ZIMMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL
CASE NO. 3:10-cv-03561-WHA

588217.01