# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

1999 HARRISON STREET* SUITE 900* OAKLAND, CA 94612* 510-874-1000 FAX 510-874-1460

November 11, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

> Re: *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

As described in Oracle's pending *Daubert* motion, Google's two damages experts relied extensively on interviews of six Google employees and one third party.  (Dkt. 558, 612.)  Despite the Court's suggestion that the parties partially address that issue by scheduling "each one" of the interviewees for deposition (10/19/11 Tr. at 58:9-21), Google refuses to produce 5 of the 7 interviewees.  Oracle seeks the Court's guidance: the *Daubert* motion is fully briefed and can be decided in light of Google's refusal to produce these witnesses, or the parties could brief a motion to compel the depositions before Your Honor or Magistrate Judge Ryu.

On October 10, 2011, Oracle filed a précis seeking leave to file a *Daubert* motion based in part on Google's damages experts' extensive reliance on information obtained through seven post-discovery interviews.  (Dkt. 511.)  On October 14, 2011, the Court granted Oracle's request to file the motion, stating in part:  "The Court recommends that counsel consider making available for deposition some or all of the interviewees on which the witnesses rely and having this agreement worked out before the Court has to rule on the motion."  (Dkt. 528.)  At the case management hearing on October 19, 2011, the Court noted (10/19/11 Tr. at 58:13-21):

> I don't like spoon feeding, so my suggestion to you is that some depositions be taken of the alleged sources, trained seals who said what they were supposed to say, and then the expert relied on it.  So you could – **my suggestion would be maybe a two-hour deposition of each one of those persons**.  And maybe that would take one problem off the table.  **But if you don't resolve it, I'll hear that one in due course.**

The Honorable William Alsup
November 11, 2011
Page 2 of 3

Oracle proposed 2-hour depositions for each of the interviewees.  Google agreed to

produce 2 (Tim Bray and John Rizzo) but refuses to produce the remaining 5 (Aditya Agarwal,

Dan Bornstein, Andy Rubin, Brian Swetland, and Frank Yellin).  The depositions, as well as

disclosure of any other notes that may exist of the interviews, are important because Drs.

Leonard and Cox had incomplete or non-existent notes and hazy recollections of the interviews:

- Although both experts interviewed Mr. Swetland and rely on him heavily, ***the experts made no notes*** of that interview.  Rather, Dr. Leonard testified that he simply "sort of typed it [what Mr. Swetland told him] into the draft" of his report.  (Leonard Dep. at 93:10-24.)

- In some cases, Dr. Cox testified that he could not read his own notes from the interviews, did not know what the notes meant, or could not recall which witness's interview the notes referred to.  (Cox Dep. at 161:8-166:15; 219:9-221:24.)

- When Dr. Cox was asked to identify in his notes key propositions for which he relied on the interviewees, he was unable to do so.  (Cox Dep. at 217:10-222:25.)  Instead, he testified that he was relying on his recollection of the "tenor" or "totality" of his conversations with various interviewees, even when he admitted he could not recall the witnesses actually telling him what appears in the report.  (Cox Dep. at 234:22-236:7.)

- Dr. Cox conceded that his staff might have inserted material in the report from interviews not reflected in his notes or that he did not personally attend.  (Cox Dep. at 155:20-157:16.)

- Dr. Cox interviewed Mr. Agarwal once or twice before submitting his report on October 3, but he took no notes of either conversation.  (Cox Dep. at 77:10-78:3.)

- Dr. Leonard's notes of the entire interview with Mr. Yellin consist of ***a single sentence***.

In its briefing on the *Daubert* motion, Google contends that it need not make Messrs.

Agarwal, Bornstein, Rubin, and Swetland available for depositions because they were previously

deposed and will testify at trial.  It contends it need not make Mr. Yellin available because Dr.

Leonard cited to that interview only twice and Oracle previously chose not to depose Mr. Yellin.

These assertions are irrelevant.  Google did not disclose the reports until long after the witnesses'

depositions took place, when Oracle could not have known that Google intended to have its

experts rely on interviews of these witnesses.  Oracle had no opportunity to ask the witnesses

The Honorable William Alsup
November 11, 2011
Page 3 of 3

about the substance and process of the interviews themselves – how they were arranged, what

was said, and any discrepancies between what the experts attribute to the witnesses and what the

witnesses actually said or had previously written or testified.  If the depositions had provided the

evidence on which the experts purport to rely, there would have been no need for the interviews.

The experts interviewed and cited these witnesses *because* they could not obtain the facts they

wanted from the depositions and documents produced in discovery.

Google would have Drs. Leonard and Cox testify at trial based on "facts" that were

neither disclosed nor tested through discovery.  That is improper.  (*See* Dkt. 558 at 5-10; Dkt.

612 at 1-3.)  Google has represented to the Court that the Court need not be concerned about its

experts' reliance on interviews because Google "will, and accepts that it must, offer the

underlying factual testimony from the percipient witnesses first, before its experts may testify

based on those facts" and "Oracle will get to cross-examine the Google percipient witnesses

before Google's experts testify." (Dkt. 581 at 3, 8.)  But two of the five witnesses (Agarwal and

Yellin) *cannot* testify at trial because Google did not include them on its witness list.  As to the

others, the mere promise that trial testimony will provide support for the experts' opinions is

inadequate disclosure, as are the experts' incomplete or missing notes and sketchy recollections.

Thus, if the Court decides the *Daubert* motion and excludes the opinions that rely on the

interviews, Oracle will not need to conduct the five depositions in dispute.  Alternatively, Oracle

could file a motion to compel the depositions before Your Honor or Magistrate Judge Ryu.

Oracle respectfully requests the Court's guidance whether to proceed with the *Daubert* motion

on the present record or permit Oracle to move to compel.

/s/ *Steven C. Holtzman*
Steven C. Holtzman
COUNSEL FOR ORACLE AMERICA INC.