**KEKER & VAN NEST** LLP

Robert Van Nest
(415) 391-5400
rvannest@kvn.com

November 13, 2011

The Honorable William Alsup
U.S. District Court, Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:     *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Google responds to Oracle's November 11, 2011 letter seeking the Court's "guidance" on whether Google should be required to produce five witnesses for depositions regarding their interviews with Google's damages experts Dr. Gregory Leonard and Dr. Alan Cox.  Google has already addressed this issue in its opposition to Oracle's *Daubert* motion.  For the reasons stated in that brief, the Court should reject Oracle's untimely discovery demand.

Most fundamentally, Oracle's motion is based on a false premise—that these witnesses somehow provided information to Google's experts that was "neither disclosed nor tested through discovery."  But each of the five witnesses at issue was well known to Oracle, and four of them were actually deposed by Oracle on the subject matter of their interviews with Google's experts, often for multiple days.  Taking those witnesses one at a time:

- Oracle has deposed *Andy Rubin* for *three days* in this case—for two full days on April 5, 2011 and July 27, 2011, each in his personal capacity and as a Rule 30(b)(6), and then for one more day on Rule 30(b)(6) topics on August 18, 2011.  Oracle exhaustively covered the subject matter of Rubin's interview with Google's experts—the existence of non-infringing alternatives with Rubin.  April 5, 2011 Rubin Dep. at 37:1-38:23, 62:5-64:4.  Rubin's interviews with Drs. Leonard and Cox took place on July 15, 2011, *before* two of Rubin's three depositions.

- Oracle deposed *Dan Bornstein* for *two days* in this case—for a full day in his personal capacity on May 16, 2011, and then for a further full day as a Rule 30(b)(6) designee on July 22, 2011.  Not only did Oracle examine Bornstein thoroughly about the subject matter of Bornstein's interview with Google's experts (Google's non-infringing alternatives), May 16, 2011 Bornstein Dep. at 48:14-52:19, 114:3-116:6; July 22, 2011

589827.03

The Honorable William Alsup
November 13, 2011
Page 2

>   Bornstein Dep. at 149:5-157:8, 164:2-165:9, 171:13-174:11, Bornstein was Google's *corporate designee* on that topic.  July 22, 2011 Bornstein Dep. at 168:25-169:12.  The experts interviewed Bornstein on July 15, 2011, before his Rule 30(b)(6) deposition.

- Oracle deposed *Brian Swetland* for a full day on July 7, 2011.  Oracle questioned him thoroughly about the subject matter of Swetland's interview with Google's experts—Google's non-infringing alternatives and the addition of the allegedly infringing functionality to Android.  Swetland Dep. at 43:24-47:2, 92:1-94:21, 150:3-152:16.

- Oracle deposed *Aditya Agarwal* for a half day on April 8, 2011.  Agarwal is a financial analyst for Android and was Google's Rule 30(b)(6) designee on Android finances.  Agarwal Dep. at 7:14-21, 10:12-11:3.  Agarwal is not cited at all in the Leonard report and is cited only *once* in the Cox report, for the single, uncontroversial factual proposition that "[t]he Engineering category on Google's Android Profit and Loss statements include costs that are entirely and directly attributable to the Android platform." Cox Report at 32 n.117.  Given the limited scope of the interview, Oracle's complaint that Dr. Cox did not take extensive notes of the interview is bizarre.

- *Frank Yellin* is the only one of the five witnesses who has not yet been deposed, but that is only because Oracle made the decision not to depose him.  Yellin is a former Sun employee and the lead named inventor on the '520 patent-in-suit, so Oracle has always known that Yellin had potentially relevant information.  Further, Yellin is not cited at all in the Cox report and just twice in the Leonard report.  Both times, he is cited as one of several sources to support the same proposition—that Sun never incorporated the functionality of the '520 patent into its Java ME platform.  Leonard Report at 21 n.61 & 77 n.262.  As far as Google knows, the issue is not in dispute.  Oracle has never offered any evidence that Sun incorporated the '520 functionality into Java ME.  In fact, Oracle's counsel conceded during discovery that "Oracle cannot locate an Oracle witness to testify based on personal knowledge as to 'actual use' of the" '520 patent. " August 3, 2011 Muino e-mail to Francis.  At his deposition, Dr. Leonard testified that he spoke to Yellin for only about *five or ten minutes*.  Leonard Depo. at 313.  It is thus no surprise that Dr. Leonard took only minimal notes of this interview.

Oracle's other complaints are similarly nonsensical.  Oracle objects that it was not able to depose the witnesses about the statements they made to Google's experts, or the procedure through which the interviews were arranged.  (In reality, Oracle deposed Mr. Rubin *twice* and Mr. Bornstein once after their sole interviews with the experts on July 15, 2011.)  But Oracle certainly was able to, and did, ask Dr. Leonard and Dr. Cox those questions.  Oracle suggests that Google's experts should have only reviewed deposition excerpts, rather than conducting interviews, but nothing in any rule or case law imposes this limitation.  Oracle raises the specter

The Honorable William Alsup
November 13, 2011
Page 3

of inconsistencies between the interviews and deposition testimony, but Oracle tellingly fails to identify a single actual discrepancy. Oracle remains free to cross-examine all Google percipient and expert witnesses with their prior testimony or documents from the case record.

Oracle's argument that further depositions are justified because Google's experts did not take sufficiently detailed interview notes is especially baseless. No authority requires an expert who interviews a witness to create a verbatim transcript of the interview. (Google did Oracle a favor by producing Dr. Leonard's and Dr. Cox's interview notes, when the parties had stipulated that draft reports would not be discoverable. Google produced the notes only because the experts referred to them in preparing their reports. Both experts testified they were unaware of any other interview notes and certainly did not use such notes in forming their opinions.)

It is routine for experts to rely on interviews of other experts or party witnesses. *See, e.g.*, *Int'l Adhesive Coating Co., Inc. v. Bolton Emerson Int'l Inc.*, 851 F.2d 540, 545 (1st Cir. 1988) (noting that "interviews with company personnel" is a "source[ ] of information normally and reasonably relied upon" by experts); Weinstein & Berger, 4 *Weinstein's Federal Evidence* § 703.04[3] (2011) (interviews are one of the "sources on which experts in various fields of expertise might reasonably rely"). With respect to Oracle's complaint about timing, it is always the case that expert reports incorporating material learned in interviews will be served, and experts will be deposed, after fact discovery closes. It is neither required by the Federal Rules nor a general practice to reopen fact discovery so the adverse party may depose the interviewees.

As Oracle concedes, Google has reasonably agreed to depositions of the two interviewees who were not previously subject to discovery—Google developer liaison Tim Bray and third party John Rizzo. Those depositions are set for November 30, 2011. Oracle is not entitled to anything more than that, and the Court should deny any request for further discovery.

Sincerely,

/s/ Robert Van Nest

589827.03