IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C 10-03561 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING DAMAGES BASED ON PATENT-MARKING STATUTE** |
| GOOGLE INC., | |
| Defendant. / | |

## INTRODUCTION

In this patent and copyright infringement action, defendant moves for partial summary judgment limiting damages for infringement of certain patents based on plaintiff's supposed failure to mark patented products. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

The facts of this action have been set forth in previous orders (*see* Dkt. Nos. 137, 230, 433). The instant motion concerns five of the six asserted patents that remain in the action. Defendant Google Inc. now argues that it is not liable to plaintiff Oracle America, Inc. for any alleged infringement of those patents that took place before July 20, 2010 — the date when Oracle attorneys met with Google attorneys and accused Google of patent infringement (Van Nest Exh. D at ¶ 5). According to Google, Oracle may not collect damages for infringement that pre-dated that meeting, because Oracle failed to mark products that practiced the relevant patents. Oracle opposes the motion. This order follows expedited briefing (*see* Dkt. No. 529).

**ANALYSIS**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). In this analysis, all reasonable inferences must be drawn in the light most favorable to the non-moving party. *Johnson v. Racnho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1018 (9th Cir. 2010). Where the party moving for summary judgment would bear the burden of proof at trial, that party bears the initial burden of producing evidence that would entitle it to a directed verdict if uncontroverted at trial. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). If the moving party does not satisfy its initial burden, then the non-moving party has no obligation to produce anything and summary judgment must be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).

Here, Google raises a defense based on the patent-marking statute. That statute, 28 U.S.C. 287(a), provides (emphasis added):

> *Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States*, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. *In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.* Filing of an action for infringement shall constitute such notice.

Thus, in order to limit patent-infringement damages to infringement that post-dated actual notice, Google must show that Oracle failed to mark patented articles offered for sale, sold, or imported into the United States before July 20, 2010. *See Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1212–20 (Fed. Cir. 2002) (explaining that the actual-notice requirement of Section 287 applies only *after* it is triggered by a patentee's opportunity and failure to mark

2

1 patented articles in commerce). Google has made no such showing. Google therefore is not
2 entitled to partial summary judgment on this issue.

3     Google's motion explicitly rests on only "four undisputed facts" (Br. 2):

4     1.     Oracle alleges that Google infringed apparatus claims in the patents-at-issue.

5

6     2.     Oracle has identified many products that, it contends, practice the asserted claims of the patents-at-issue.

7     3.     Oracle and its licensees never marked any articles that practice the patents-at-issue.

8

9     4.     Oracle first gave Google actual notice of Oracle's specific infringement claims on July 20, 2010.

10 These facts and the evidentiary record presented by Google do not establish that Oracle failed to
11 mark patented articles offered for sale, sold, or imported into the United States before
12 July 20, 2010.

13     Google supports fact two only by citing Oracle's second supplemental disclosure of
14 asserted claims and infringement contentions. Those contentions listed various
15 "instrumentalities" which Oracle claimed to "practice the asserted claims" of the asserted patents.
16 That is all. The contentions did not state that any of the listed "instrumentalities" had been
17 offered for sale, sold, or imported into the United States before July 20, 2010, or indeed that any
18 of them even existed or practiced the asserted claims before that time.

19     The date of the contentions themselves was not included in the excerpt Google provided,
20 nor in the declaration authenticating the excerpt (Van Nest Decl. ¶ 3 and Exh. B). Incidentally,
21 Oracle's second supplemental disclosure of asserted claims and infringement contentions was
22 served in April 2011 (*see* Dkt. No. 464 at 2). There were 132 asserted claims from seven patents
23 in play at that time (*see* Dkt. No. 137 at 4). Oracle now intends to try 26 claims from six patents
24 to the jury (Dkt. No. 471 at 6). The April 2011 contentions did not identify which of the 132
25 patent claims then asserted supposedly were practiced by particular Oracle products, so it is
26 unclear whether any of the 26 claims to be tried was practiced.

27     An admission by Oracle in April 2011 that various instrumentalities "practice" [present
28 tense] unspecified claims of its asserted patents does not establish that any patented articles

(whether or not marked as such) were [past tense] offered for sale, sold, or imported into the United States before July 20, 2010. Nothing in the instant summary judgment record presented by Google closes that gap. Oracle's opposition brief alerted Google to this "temporal aspect to the marking issue," but Google declined to address the problem in its reply brief (Opp. 5).

Google has failed to produce evidence establishing acts by Oracle that would trigger the damages limitation in the patent-marking statute. Because Google did not show that the statute applies, no burden of production is shifted to Oracle, and summary judgment must be denied. This order need not reach the parties' arguments concerning whether the motion was premature or whether other material facts are disputed.

**CONCLUSION**

For the foregoing reasons, defendant's motion for partial summary judgment limiting damages for infringement of certain patents based on plaintiff's supposed failure to mark patented products is **DENIED** without prejudice to litigating this point at trial.

The Court is concerned over whether this issue will devolve into an "infringement" type analysis at trial of various Oracle products and methods to determine if they practiced any of the claims to be tried, throwing yet another complication into the trial. By **NOON ON NOVEMBER 30**, **2011**, each side is requested to please file a five-page statement explaining the extent to which this will be so and how the complication can be mitigated.

**IT IS SO ORDERED.**

Dated: November 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE