United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C 10-03561 WHA |
| Plaintiff, | |
| v. | **ORDER STRIKING IMPROPER REPLY EXPERT REPORTS** |
| GOOGLE INC., | |
| Defendant. | |

## INTRODUCTION

In this patent and copyright infringement action, the instant issue is whether, after the opening damages report and the opposition damages report, may a reply to the opposition be served by a brand-new expert in addition to a reply by the original opening expert. The answer is no. This litigation maneuver will not be allowed and the reply by the new expert will be stricken.

## STATEMENT

The facts of this action have been set forth in previous orders (*see* Dkt. Nos. 137, 230, 433). The November 2010 case management scheduling order provided the following general guidance regarding expert reports (Dkt. No. 56 at 2):

> Subject to the exception in the next paragraph, the last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **JULY 29, 2011**. Within **FOURTEEN CALENDAR DAYS** of said deadline, all other parties must disclose any expert reports on the same issue ("opposition reports"). Within **SEVEN CALENDAR DAYS** thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the trial.

The "exception in the next paragraph" provided more specific guidance regarding damages experts (*id.* at 3):

> Any party seeking monetary damages must serve all of its damages report **SEVENTY CALENDAR DAYS** before the other non-damages opening reports are due. Within **FOURTEEN CALENDAR DAYS** of receipt of such damages reports, the opposing side must file any *Daubert* or other motion directed at the methodology, reliability or other defect, said motion to be heard on a normal 35-day track. The opposition report will be due **FOURTEEN CALENDAR DAYS** after the ruling on such motion with any reply due **SEVEN CALENDAR DAYS** thereafter. One purpose of this timing is to give the party seeking damages a brief window in which to cure (if possible) any flaws in the study.

Plaintiff Oracle America, Inc. served the opening damages report of Dr. Iain Cockburn in May 2011. No other opening damages report was served. Defendant Google Inc. challenged the Cockburn report with a *Daubert* motion, which was largely granted in July 2011. The July 2011 order on that motion allowed Oracle an opportunity to cure the defects of the Cockburn report (Dkt. No. 230 at 15–16):

> Oracle's revised damages report limited to the claims actually to be tried will be due **35 DAYS** before the final pretrial conference and any responsive defense report will be due **FOURTEEN DAYS** before the final pretrial conference. The author of the report must, of course, sit for another deposition.

The order did not address the possibility of any additional damages reports, but did not disturb the case management scheduling order's provision for a "very brief" reply report.

In August 2011, a conference was held with counsel for the parties and with candidates to serve as an independent damages expert pursuant to FRE 706. At that conference, counsel for

2

Oracle stated that Oracle might present a second damages expert in addition to Dr. Cockburn (Dkt. No. 350 at 32):

| | | |
|---|---|---|
| THE COURT: | | So who are the experts we will be critiquing here? |
| MR. HOLTZMAN: | | Our original expert was Professor Iain Cockburn, Boston University.  We may or may not add a second expert, who would most likely be Ken Serwin. |
| THE COURT: | | Ken Who? |
| MR. HOLTZMAN: | | Serwin, S-E-R-W-I-N.  Those would be the primary damage-related experts. |

Oracle, however, never served any opening damages report by Dr. Serwin. Oracle served the revised opening damages report of Dr. Cockburn in September 2011; no other opening damages report was served.

During the four days following service of the revised opening Cockburn report, the parties exchanged several rounds of correspondence concerning whether Oracle was entitled to serve any reply report on damages and, if so, when it would be due. At various times, Oracle referred to "the reply report" and "our submission of damages reply/rebuttal reports, should we elect to submit any" (Purcell Exhs. A, B). At no point during this exchange did Oracle state an intent to submit any damages report from an expert other than Dr. Cockburn (Purcel Decl. ¶ 9).

On October 3, 2011, Google served two opposition damages reports by two different experts. One report addressed the alleged copyright infringement, and the other addressed the alleged patent infringement. On October 7, Oracle served its list of trial witnesses. It identified Dr. Serwin as "an expert retained by Oracle who may testify as a rebuttal witness regarding damages" (Dkt. No. 491-1 at 12).

Three days later, Oracle served *four* more expert reports on damages. There were two reply reports by Dr. Cockburn, one addressing each of Google's damages reports. There were also two "rebuttal" reports by Dr. Serwin, likewise one addressing each of Google's damages reports. These were the first reports by Dr. Serwin served in this matter (Purcell Decl. ¶ 2).

Google now moves to strike the "rebuttal" reports of Dr. Serwin as improper. Oracle opposes. This order follows expedited briefing (*see* Dkt. No. 530).

3

**ANALYSIS**

The issue presented is whether a new expert who did not serve any opening report may nonetheless make a reply submission attacking the opposition reports served by the other side. Neither party has identified any controlling authority on this point. This order therefore addresses the question as a matter of case management and finds that the answer is no.

The case management scheduling order emphasized the limited nature of reply reports (*i.e.*, those reports responding to opposition reports). For example, it noted that reply reports "should be very brief" and "must be limited to true rebuttal" (Dkt. No. 56 at 2):

> Within **SEVEN CALENDAR DAYS** thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the trial.

It established a system for exchanging expert reports that placed a full up-front disclosure duty upon the party with the burden of proof on a given issue. This system contemplated a narrowing of issues through the service of opening, then opposition, then reply reports (if at all), similar to the order of proof at trial or the examination of a particular witness at trial. It was designed to forestall "sandbagging" by a party with the burden of proof who wishes to save its best points for reply, when it will have the last word, a common litigation tactic.

True, reply reports were not explicitly limited to the authors of the opening reports. The Court thought this was already clear and in twelve years of using this form of case management scheduling order, this is the first time anyone has suggested to the contrary. The case management scheduling order cannot fairly be read to bless expansion of the expert roster at the reply stage. The reply, if made at all, must expressly be very short. There is no opportunity provided for a deposition of the reply expert for the obvious reason that the expert was *already deposed* earlier after the opening report. There is no way, moreover, that all of the Rule 26(a)(2)(B) mandatory items could be provided in a "very brief" document. It is impossible

4

to imagine and explicitly preclude every possible litigation trick ahead of time. Any reasonable reading of the case management scheduling order counsels against what Oracle is now trying to do.

A party with the burden of proof on an issue should not be allowed to secretly prepare an army of "rebuttal" experts to attack the opposition reports like Odysseus and the Greeks springing forth from their wooden hideout in Troy. If they were allowed to do so, their work would not be subject to a direct response from any opposing expert. This immunity, combined with the element of surprise, would be unfair. Moreover, the late addition of new experts would frustrate case-management objectives by complicating the task of planning and preparing the case for trial.

Here, Oracle served *two* reply reports attacking *each* of Google's two opposition reports on damages — one by Dr. Cockburn, the original expert who authored Oracle's opening report on damages, and one by Dr. Serwin, the new expert who crept out of the woodwork only for this purpose. Both are economists. Oracle does not claim that Dr. Cockburn would have been unqualified to make the Serwin reply points. Nor has Oracle identified any issue raised by Google's opposition reports whose rebuttal might require or be enhanced by some specialty of Dr. Serwin. Yet Dr. Serwin's reply reports were 46 and 27 pages long, respectively. Each one was about 40% as long as the corresponding opposition report (*see* Opp. 2). Thus, Dr. Serwin took on a substantial role in attacking Google's experts on damages, *in addition* to the rebuttal in Dr. Cockburn's reply reports, which were 54 and 33 pages long, respectively.

Oracle has identified no facts or law that would justify this highly unusual maneuver. *First*, the silence of the case management scheduling order as to the authorship of reply reports did not entitle Oracle to serve the Serwin reports. This point was explained above.

*Second*, the reference in the case management scheduling order to multiple "reply reports" simply acknowledged the fact that expert reports might be served on multiple issues. It did not imply that an expert who offered no opening report on a given issue could then attack the opposition reports served on that issue.

*Third*, contrary to Oracle, FRCP 26 does not require such an unusual tactic. Rule 26 in fact makes no reference at all to the authorship of various types of expert reports. Oracle emphasizes that Rule 26(a)(2)(D)(ii) mentions expert testimony "intended solely to contradict or

5

rebut evidence on the same subject matter identified by another party." Any party offering expert testimony on an issue on which it does not bear the burden of proof would need to serve an *opposition* report fitting this description. *This does not refer to reply reports.* This categorical description in Rule 26 does not bless Oracle's introduction of a brand-new expert by way of a *reply* to an *opposition* on an issue on which it bears the burden of proof.

*Fourth*, the parties' previous litigation conduct does not support Oracle's decision to serve the Serwin reports. To the extent the parties' conduct and supposed understandings are relevant to this analysis at all, they counsel against allowing the reports. Oracle did not disclose its intent to use a rebuttal-only expert on the issue of damages until three days before it served the disputed Serwin reports. Moreover, neither party suggested or attempted using such an expert on any other issue.

*Fifth*, Oracle's argument that Google has not been prejudiced is meritless. As explained above, the practice urged by Oracle is inherently unfair and frustrates important case-management objectives.

## CONCLUSION

In sum, Google's motion to strike the "rebuttal" reports of Dr. Serwin is **GRANTED**. The two reports by Dr. Serwin served on October 10, 2011, are **STRICKEN**, and Dr. Serwin will not be permitted to testify at trial.

**IT IS SO ORDERED.**

Dated: November 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE