# KEKER & VAN NEST LLP

Robert Van Nest
rvannest@kvn.com

November 18, 2011

Honorable William Alsup
U. S. District Court
Northern District of California
Courtroom 8 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Oracle America, Inc. v. Google Inc.,* No.: 3:10-cv-03561 WHA

Dear Judge Alsup:

Pursuant to the Court's Order (Dkt. No. 587), Google has conferred with Oracle to develop handouts which have been filed today as Dkt. No. 625. Those handouts contain the text of the presently asserted claims, highlighted to indicate each phrase Google contends is missing from the software that Oracle has accused of infringement, specifically the Android Software Development Kit version 2.2 (the "SDK"). In providing these contentions regarding the elements missing from the SDK, Google does not concede that Oracle is relieved of its burden of proof as to the other elements of the asserted claims. Google objects to any case management order that would alter the burden of proof or relieve any party of its burden of introducing evidence demonstrating the presence of all elements of a claim in a specific accused infringing instrumentality at trial. Oracle has generally accused a number of devices, computer-readable media, and activities of infringing twenty-six claims across six unrelated patents. Further, Oracle has alleged direct and indirect infringement in various contexts. Google has repeatedly objected to Oracle's non-specific allegations and generalized contentions related to both direct and indirect infringement. Google maintains these objections, but reflecting them on the jury handouts would effectively require highlighting the entirety of each claim, rendering the handouts not useful for the purpose for which the Court appears to intend them. Google has refrained from doing so here, and has accordingly highlighted the claims based on Oracle's allegations of direct infringement caused by the use of the SDK.

Google further observes that the handouts submitted for the '720 patent do not reflect any highlighting for Oracle's contentions of elements allegedly missing from the asserted prior art, while the handouts submitted for the '104 patent reflect only the highlighting for Oracle's contentions of elements missing from a single piece of prior art, the Gries reference. Google intends to demonstrate that the '720 patent is invalid over two obviousness combinations

Honorable William Alsup
November 18, 2011
Page 2

(Bryant/Traut and Webb/Kuck/Bach), and that the '104 patent is invalid over the Gries reference and the obviousness combination of Davidson/AT&T. Google so informed Oracle on the schedule set forth in the Order, but Oracle declined to highlight the claim elements that it contends are missing from those combinations of prior art. Oracle contends that the Court's Order, as a result of its use of the term "anticipation," only required it to take a position on the elements missing from single pieces of prior art, not obviousness combinations. Google does not agree with that interpretation of the Court's Order, as the jury will be aided by knowing the elements, if any, Oracle contends not to be present in the prior art obviousness combinations that Google intends to advance at trial. The parties have met and conferred on the subject, but have not been able to reach agreement. Google therefore respectfully seeks the Court's guidance on this issue, and requests that Oracle be required to provide its contentions as to the elements of the asserted claims, if any, missing from the prior art combinations that Google has selected.

Sincerely,


/s/ Robert A. Van Nest


Robert A. Van Nest


RVN/em

591161.01