MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S CRITIQUE OF THE COURT'S PROPOSED TRIAL PLAN**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   LEGAL STANDARD.................................................................................................... 2

III.  THE COPYRIGHT, PATENT, WILLFULNESS, AND DAMAGES ISSUES IN
      THIS CASE ARE NOT CLEARLY SEPARABLE ........................................................ 2

IV.   TRIFURCATION WILL PREJUDICE ORACLE AND INCONVENIENCE THE
      WITNESSES AND JURY ............................................................................................. 11

V.    ORACLE'S PROPOSED ALTERNATIVE:  A SINGLE TRIAL WITH PHASED
      JURY DELIBERATIONS ............................................................................................. 11

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*A & M Records, Inc. v. Napster,*
  239 F.3d 1004 (9th Cir. 2001)................................................................................................ 6

5

*A.L. Hansen Mfg. Co. v. Bauer Prods., Inc.,*
6
  No. 03 C 3642, 2004 U.S. Dist. LEXIS 8935 (N.D. Ill. May 17, 2004)................................ 11

7

*Elvis Presley Enters. v. Passport Video,*
  349 F.3d 622 (9th Cir. 2003).................................................................................................... 9

8

*GEM Acquisitionco, LLC v. Sorenson Group Holdings, LLC,*
9
  No. C 09-01484 SI, 2010 U.S. Dist. LEXIS 50622 (N.D. Cal. Apr. 27, 2010)...................... 2

10

*Global-Tech Appliances, Inc. v. SEB S.A.,*
11
  131 S. Ct. 2060 (2011)............................................................................................................. 6

12

*Haworth, Inc. v. Herman Miller, Inc.,*
  No. 1:92 CV 877, 1993 WL 761974 (W.D. Mich. July 20, 1993)........................................... 8
13

14

*In re Seagate Tech., LLC,*
  497 F.3d 1360 (Fed. Cir. 2007) (en banc)............................................................................... 7

15

*In re Sortwell, Inc.,*
16
  No. C 08-05167 JW, 2011 U.S. Dist. LEXIS 121618 (N.D. Cal. Oct. 12, 2011)................... 9

17

*Kos Pharms., Inc. v. Barr Labs., Inc.,*
  218 F.R.D. 387 (S.D.N.Y. 2003) ............................................................................................ 7
18

19

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,*
  658 F.3d 936 (9th Cir. 2011).................................................................................................... 7

20

*Lutron Elecs. Co., Inc. v. Crestron Elecs., Inc.,*
21
  No. 2:09 cv 707 DB, 2010 U.S. Dist. LEXIS 49623 (D. Utah May 19, 2010)....................... 9

22

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
  545 U.S. 913 (2005)................................................................................................................. 6
23

24

*Newton v. Diamond,*
  388 F.3d 1189 (9th Cir. 2003)................................................................................................ 10

25

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.,*
26
  No. CV 92-4698 JGD, 1994 WL 471414 (C.D. Cal. Mar. 3, 1994), *aff'd on other
  grounds*, 103 F.3d 1571 (Fed. Cir. 1997)............................................................................... 8

27

*WeddingChannel.com, Inc. v. The Knot, Inc.,*
28
  No. 03 Civ. 7369 (RWS), 2004 U.S. Dist. LEXIS 25749 (S.D.N.Y. Dec. 23, 2004)........... 7, 8

**STATUTES**

17 U.S.C. § 107 ................................................................................................................ 9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 42(b) ............................................................................. 2

1    I.    **INTRODUCTION**

2        Bifurcating or trifurcating the trial would raise problems of efficiency, duplication, and

3    jury understanding.  The evidence of copyright and patent infringement, willfulness and damages

4    is too heavily intertwined to permit an efficient division of witnesses and documents for trial

5    presentation.  Accordingly, Oracle continues to oppose trifurcation or bifurcation.

6        Numerous legal issues in this case have overlapping factual predicates.  For instance, to

7    establish indirect copyright and patent infringement, Oracle will introduce evidence showing that

8    Google intentionally induced or contributed to the infringing conduct of others.  Much of this

9    same evidence will also be introduced to support a finding of willful infringement.  Accordingly,

10   this evidence would have to be presented in all three of the Court's proposed phases.  In Phase

11   One, Google's fair use and *de minimis* defenses to copyright infringement will require evidence

12   showing the amount and substantiality of Google's copying and the effect of that copying upon

13   the potential market for and value of the copyrighted works.  But that same evidence would need

14   to be repeated in the damages phase.

15       The Court's comment that "evidence presented in an earlier phase can be used by counsel

16   and by the jury in a subsequent phase" may contemplate invoking earlier evidence without

17   recalling witnesses.  But, as a practical matter, it is not clear how the relevant evidence could be

18   introduced in an earlier phase and then effectively re-used in a later phase without recalling the

19   witnesses needed to present it or permitting counsel to summarize the previous evidence relevant

20   to a subsequent phase.  If the Court adheres to time limits along the lines previously imposed,

21   efficient presentation of evidence will be critical.  Presenting evidence in a single phase would

22   better serve the jury, the Court, the witnesses, and the parties.

23       At the same time, Oracle acknowledges the Court's concern about the length and

24   complexity of the jury instructions.  Consequently, as an alternative to trifurcation, Oracle

25   proposes that all evidence be presented in a single phase, but the reading of jury instructions and

26   the jury's deliberations be divided into separate phases on the three sets of issues proposed by the

27   Court.  This would avoid the need to present witnesses and evidence more than once, but would

28   still help the jury by dividing the instructions and deliberations into more digestible segments.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42(b), a court may order a separate trial of any claim or issue "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "In the Ninth Circuit, [b]ifurcation . . . is the exception rather than the rule of normal trial procedure." *GEM Acquisitionco, LLC v. Sorenson Group Holdings, LLC*, No. C 09-01484 SI, 2010 U.S. Dist. LEXIS 50622, at *7 (N.D. Cal. Apr. 27, 2010) (citation omitted). Courts consider several factors in deciding whether to separate a trial into multiple phases: "whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties." *Id.* at *4-5 (citation omitted).

## III.    THE COPYRIGHT, PATENT, WILLFULNESS, AND DAMAGES ISSUES IN THIS CASE ARE NOT CLEARLY SEPARABLE

The issues of copyright liability, patent liability, damages, and willfulness in this case are not clearly separable. The factual predicates for Oracle's direct and indirect infringement claims, Google's defenses, willfulness, and damages overlap to such a degree that trifurcation would be inefficient, impractical, unhelpful to the jury, and potentially prejudicial to Oracle.

For example, numerous internal Google documents on Android's architecture (relevant to infringement) also discuss aspects of the Java platform and reveal Google's knowledge of the need for a Java license (relevant to willfulness and damages). The same Google witnesses who will testify about the development of Android (infringement) also have information about the Java licensing discussions (willfulness and damages) and the commercial success of Android (damages). The same Sun/Oracle witnesses who testify about Java's copyrighted features (copyright infringement) will also testify about Java's patented features (patent infringement) and about the harm to Java caused by Android (fair use and damages).

In short, most of the major factual subjects in the case are relevant to two or more of the Court's proposed phases. To present its case effectively, Oracle would need to call many of the twenty-four witnesses on its will-call list twice or even three times. The following chart identifies

major subjects and fact witnesses (several of them third-party witnesses) that are likely to come

up in two or more phases:

| Subjects of Evidence | Copyright Liability | Patent Liability | Willfulness | Damages |
|---|---|---|---|---|
| **1. The Java Platform**<br><br>The history, development, technological innovations, and commercial implementations of the Java platform (including the Java virtual machine, APIs, and class libraries).<br><br>Witnesses may include:<br><br>• Mark Reinhold, Chief Java Architect at Oracle.<br><br>• James Gosling (3rd-party), former Sun Microsystems engineer, "Father of Java," and '104 patent inventor.<br><br>• Guy Steele, former Sun engineer and key Java developer. | X | X | | X |
| **2. The Android Platform**<br><br>Development history, structure, infringing features, copying of code and features from Java, and benefits derived from Java technology.<br><br>Witnesses may include:<br><br>• Andy Rubin, Head of Android and author of documents acknowledging centrality of Java to Android.<br><br>• Joshua Bloch, Google engineer (formerly at Sun) who admits copying Java code into Android.<br><br>• Bob Lee (3rd-party), former Google engineer who admits copying core Java APIs into Android.<br><br>• Daniel Bornstein (3rd-party), Google Android engineer who wrote documents describing infringing features of Android.<br><br>• Andy McFadden, Google Android engineer who developed certain infringing components of Android.<br><br>• Brian Swetland, Google Android engineer and author of e-mails acknowledging centrality of Java to Android. | X | X | X | X |

| Subjects of Evidence | Copyright Liability | Patent Liability | Willfulness | Damages |
|---|---|---|---|---|
| **3. Android Compatibility**<br><br>Google's use of compatibility requirements to control the Android ecosystem.<br><br>Witnesses may include:<br><br>• Dan Morrill, Google's Technical Program Manager for Android Compatibility.<br><br>• Patrick Brady, Director of Android Partner Engineering. | X | X | | X |
| **4. Google's Use of Android Devices**<br><br>Google's direct infringement of Oracle's copyrights and patents through use of Android devices for testing and other purposes.<br><br>Witnesses may include:<br><br>• Morrill.<br><br>• Brady. | X | X | | |
| **5. Willfulness and Intent**<br><br>Evidence indicating Google's knowledge that Java was covered by Sun/Oracle intellectual property and that Google needed a license to use it.<br><br>Witnesses may include:<br><br>• Tim Lindholm, Google engineer (formerly at Sun) who investigated Java alternatives for Android, and concluded they "all suck" and Google would need a Java license.<br><br>• Rubin.<br><br>• Bloch.<br><br>• Lee (3rd-party).<br><br>• Swetland. | X | X | X | X |

| Subjects of Evidence | Copyright Liability | Patent Liability | Willfulness | Damages |
|---|---|---|---|---|
| **6. Java Licensing Negotiations**<br><br>Licensing negotiations between Google and Sun/Oracle from 2005 to 2010 for rights to use Java in Android.<br><br>Witnesses may include:<br>• Larry Ellison, Oracle's founder and CEO.<br>• Larry Page, Google's founder and CEO.<br>• Eric Schmidt, Google's chairman and former CEO.<br>• Vineet Gupta (3rd-party), former Sun Chief Technology Strategy Officer. | X | X | X | X |

A few specific examples will help illustrate the difficulty of witness presentation posed by the Court's trifurcation plan:

(1)  Dr. Mark Reinhold, Chief Java Architect at Sun and now Oracle, was involved in the development of the Java virtual machine and Java class libraries and APIs.  He would testify in the proposed copyright phase regarding the importance of the core Java class libraries and APIs and the creativity and work that went into them; in the proposed patent phase about the Java technology in the asserted patents; and in the proposed damages/willfulness phase about the importance of the innovations represented by the copyrighted material and patented technology. If Oracle were to elicit his patent-related testimony when he first appears in the copyright phase, the jury could be confused about its relevance.  Unless Oracle were permitted to fully explain and address the patents in that first phase, the jury would not be able to understand the testimony or appreciate its significance.  Similarly, if Dr. Reinhold were to testify about the economic importance of the copyrights and patents to Sun and Oracle in the first phase, the jury could be confused as to the relevance of that testimony to their liability-only deliberations following the first phase, and might not appreciate the evidence when it later deliberates on damages.  These problems could possibly be reduced by having counsel provide refreshers prior to or during each phase, but proceeding in that manner would be inefficient and less effective.  The only other

1    option would be to call Dr. Reinhold three times, a substantial burden on the witness and an

2    inefficient use of the jury's time.

3         (2)  Joshua Bloch, a Java engineer who left Sun to work on Android for Google, is

4    expected to offer testimony about the Java APIs, the value and creativity of those APIs, and

5    Google's copying of Java APIs and code into Android.  This testimony would need to be

6    presented in the copyright phase under the Court's proposed plan.  Mr. Bloch is also expected to

7    provide testimony relating to whether Google's infringement was willful or intentional—that

8    testimony would fall into the willfulness/damages phase.  Finally, Mr. Bloch may have testimony

9    relevant to the '476 patent, which covers security features incorporated in the Java security APIs

10   that Mr. Bloch helped develop.  That testimony would be presented in the patent phase.  Thus,

11   Mr. Bloch would need to appear three times or be subject to the same refreshers or summaries

12   discussed above.

13        (3)  Andy Rubin, the head of Google's Android division, is expected to testify about, *inter*

14   *alia*, Google's decision to base Android on Java and Google's negotiations with Sun for a Java

15   license.  The first subject will be highly relevant to Phases One and Two on copyright and patent

16   infringement, while the second subject is relevant to all phases including the willfulness and

17   damages phase.

18        Given the extensive overlap of facts relevant to all three of the proposed phases, neither

19   the legal nor factual issues are "clearly separable" such that trifurcation would be warranted:

20        **1.  Liability and Willfulness Are Not Separable**:  The facts underlying Oracle's claims

21   for indirect copyright and patent infringement and willfulness significantly overlap.  To establish

22   indirect infringement of copyrights and patents, Oracle must show that Google intentionally

23   induced or contributed to direct infringement by third parties.  *See Global-Tech Appliances, Inc.*

24   *v. SEB S.A.*, 131 S. Ct. 2060, 2066-67 (2011); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster,*

25   *Ltd.*, 545 U.S. 913, 930-31 (2005).  The intent requirement, at least with respect to the patents,

26   may be satisfied by showing that Google was "willfully blind" to the fact that Oracle had

27   protective patents.  *See Global-Tech*, 131 S. Ct. at 2067, 2070-71.  Similar evidence would be

28   introduced in the copyright phase.  *See A & M Records, Inc. v. Napster,* 239 F.3d 1004, 1020 (9th

1  Cir. 2001) ("Contributory liability requires that the secondary infringer 'know or have reason to

2  know' of direct infringement").

3      That same evidence would also be introduced in the willfulness phase.  "[A] willful

4  determination . . . is a finding of fact inextricably bound to the facts underlying the alleged

5  infringement."  *WeddingChannel.com, Inc. v. The Knot, Inc.*, No. 03 Civ. 7369 (RWS), 2004 U.S.

6  Dist. LEXIS 25749, at *6 (S.D.N.Y. Dec. 23, 2004) (denying motion to separate trials on issues

7  of liability and damages); *see also Kos Pharms., Inc. v. Barr Labs., Inc.*, 218 F.R.D. 387, 393

8  (S.D.N.Y. 2003) ("questions regarding infringement and willfulness cannot always be neatly

9  disaggregated into distinct evidentiary foundations grounded on entirely different witnesses and

10  documents").  The Ninth Circuit recently confirmed that "willful blindness" also establishes

11  willfulness in the copyright context.  *See, e.g.*, *Louis Vuitton Malletier, S.A. v. Akanoc Solutions,*

12  *Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) ("To prove 'willfulness' under the Copyright Act, the

13  plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that

14  the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the

15  copyright holder's rights").  The standard for willfulness in the patent context is similar.  To

16  decide whether Google willfully infringed Oracle's patents, the jury must consider whether

17  Google acted "despite an objectively high likelihood that its actions constituted infringement of a

18  valid patent."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

19      The evidence of Google's intent to induce or contribute to infringement by others is the

20  same evidence that will support a finding of willfulness.  Oracle expects to rely on the same

21  Google witnesses (including Rubin, Bloch, Lee, Lindholm, and Swetland) and much of the same

22  documentary evidence to show that Google willfully copied Java technology despite its

23  knowledge of the intellectual property rights covering Java.  In particular, the history of Google's

24  licensing negotiations with Sun and Oracle and the numerous internal Google documents

25  indicating Google's awareness that it needed a Java license will be presented to support Oracle's

26  indirect infringement *and* willfulness cases.

27      The evidence presented in the liability and willfulness phases will overlap even more if

28  the Court allows Google to present evidence of its equitable defenses (waiver, estoppel, laches,

1   implied license) to the jury during the liability phases of the trial.  Since the Court decides

2   equitable defenses, Oracle opposes the submission of these matters to the jury, even for an

3   advisory verdict.  *See* Oracle's Memo on Jury Instructions, at 81 (ECF No. 538).  But if such

4   evidence is allowed, then Oracle must be allowed to present evidence to counter it, further

5   blurring the distinctions among the phases.  *See Haworth, Inc. v. Herman Miller, Inc.*, No. 1:92

6   CV 877, 1993 WL 761974, at *3-4 (W.D. Mich. July 20, 1993) (willfulness to be tried in liability

7   phase along with defendant's equitable defenses since proof of willful infringement could provide

8   a basis for the plaintiff to negate the defendant's equitable defenses); *Wang Labs., Inc. v.*

9   *Mitsubishi Elecs. Am., Inc.*, No. CV 92-4698 JGD, 1994 WL 471414, at *2 (C.D. Cal. Mar. 3,

10  1994), *aff'd on other grounds*, 103 F.3d 1571 (Fed. Cir. 1997) (willfulness bears on equitable

11  estoppel defense and thus should be tried with liability).

12         For example, Google argues that the equitable defenses apply because Oracle's

13  predecessor in interest, Sun Microsystems, waived its rights by purportedly failing to pursue

14  Google for violation of the Java intellectual property.  In response, Oracle will present evidence

15  that Sun and Google engaged in ongoing licensing negotiations, Sun never waived any claims

16  related to Google's violations, and Google never could have reasonably believed it had an

17  "implied license."  This same evidence is also relevant to willfulness and would be presented in

18  that context as well.

19         At the October case management conference, Google acknowledged that the evidence it

20  intends to offer in support of its equitable defenses overlaps with willfulness.  *See* Oct. 19, 2011

21  Hearing Transcript at 55-56 (ECF No. 553).  In opposing Oracle's proposal to file a motion for

22  summary judgment of the equitable defenses, Google argued that the motion would not save any

23  trial time because, "[t]he same evidence is going to come in on willfulness or the claim of willful

24  blindness, or on our defense of fair use, which is a jury question, not a court question, all kinds of

25  things."  *Id*.

26         Additionally, Google's willful infringement of the Java intellectual property negates its

27  equitable defenses, as a matter of law.  "[T]he infringer's state of mind can support a finding of

28  egregious conduct, thereby defeating equitable defenses such as laches."  *WeddingChannel.com*,

2004 U.S. Dist. LEXIS 25479, at *7.  Thus if  Google is allowed to present evidence of its equitable defenses during the proposed two liability phases, Oracle should be allowed to present the evidence of Google's willful conduct at that time.

Even if the Court decides to pursue its trifurcation plan, willfulness should be tried as part of the liability phases (where the facts overlap the most) rather than in the damages phase.

**2.  Liability and Damages Are Not Separable**:  Courts have recognized that because liability and damages are generally overlapping subjects, they should be divided only in exceptional situations.  "It is precisely because the issue of willfulness, liability and damages generally overlap that bifurcation remains the exception in patent cases, rather than the rule." *Lutron Elecs. Co., Inc. v. Crestron Elecs., Inc.*, No. 2:09 cv 707 DB, 2010 U.S. Dist. LEXIS 49623, at *5 (D. Utah May 19, 2010) (declining to bifurcate multi-defendant trial with five patents concerning "difficult engineering concepts"); *In re Sortwell, Inc.*, No. C 08-05167 JW, 2011 U.S. Dist. LEXIS 121618, at *5-6 (N.D. Cal. Oct. 12, 2011) (declining to bifurcate liability from damages because evidence relating to liability and evidence relating to damages overlapped).

Witness testimony and documentary evidence on the core features of the Java platform are highly relevant to both the liability case and damages calculation.  The history of the Java licensing discussions between Google and Sun/Oracle will be presented as evidence supporting a finding of infringement.  That history is also relevant to damages—to establish the starting point for the hypothetical negotiation and to substantiate the losses that Sun/Oracle sustained as a result of Android's unlicensed use of Java intellectual property.

Furthermore, Google's fair use and *de minimis* defenses to copyright infringement (which would be tried in the copyright phase) will involve evidence that is also directly relevant to damages.  Among the statutory factors considered in evaluating a fair use defense are "the purpose and character of the use;" "the amount and substantiality of the portion used in relation to the copyrighted work as a whole;" and "the effect of the use upon the potential market for or value of the copyrighted work."  17 U.S.C. § 107.  *See also Elvis Presley Enters. v. Passport Video*, 349 F.3d 622, 630 (9th Cir. 2003) (weighing four Section 107 factors in affirming entry of

1   preliminary injunction).  Similarly, Google's *de minimis* defense is based on its claim that its

2   copying was insubstantial and unimportant.  *Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir.

3   2003) (analyzing whether unauthorized use of copyrighted composition was substantial enough to

4   sustain infringement claim).  But the evidence of the significance of Google's copying and its

5   impact on the potential market for and value of Java intellectual property is also the foundation

6   for Oracle's copyright infringement damages case.  Under the Court's proposed plan, Oracle

7   would have to present this evidence twice as well.

8      **3.  Copyright and Patent Liability Are Not Separable**:  Oracle's copyright and patent

9   claims both arise from Google's incorporation of Java technology into Android.  The evidence of

10   Google's copyright and patent infringement will be delivered by the same witnesses and through

11   many of the same documents.  For the jury to fully comprehend the evidence in a phased trial, the

12   witnesses would need to testify separately in each of the two liability phases.  Dr. Reinhold, for

13   instance, and other Sun/Oracle engineers and executives possess information on both copyright

14   and patent-related subjects and are expected to testify as to both.

15      Similarly, the same team of Google engineers that copied the copyrighted Java API

16   specifications and source code into Android (Bloch, Lee, Bornstein, McFadden, Swetland) also

17   implemented the patented features of Java in Android.  Oracle expects to call these witnesses to

18   testify as to both copyright and patent issues.  In addition to these factual witnesses, Oracle's

19   technical expert, Dr. John Mitchell, will offer testimony on both copyright and patent issues.

20      It would not suffice for the witnesses to appear only in the first phase and deliver all of

21   their testimony at once.  If the first phase is devoted exclusively to copyright liability, patent-

22   related testimony in that phase would be difficult or impossible for the jury to comprehend.  By

23   the time the patent phase commenced, the jury might struggle to recall and isolate the pertinent

24   patent-related testimony from the first phase.  To effectively present testimony in a phased trial,

25   the parties would have to present the relevant witnesses in each phase.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   TRIFURCATION WILL PREJUDICE ORACLE AND INCONVENIENCE THE WITNESSES AND JURY

Separating the presentation of evidence into multiple phases would prejudice Oracle and greatly inconvenience the witnesses, the jury and the Court.  If the parties are not permitted to recall witnesses in subsequent phases, juror memory attrition would become an issue, particularly if the deliberations between the phases go long.  *See A.L. Hansen Mfg. Co. v. Bauer Prods., Inc.*, No. 03 C 3642, 2004 U.S. Dist. LEXIS 8935, at *16 (N.D. Ill. May 17, 2004) ("[T]he more time taken between trial phases, the greater the risk of losing jurors or having their memory fade before evaluating the totality of the circumstances").  In such a case, Oracle would be forced to select and repeat the key evidence in subsequent phases in order to ensure that the jury continues to consider the relevant evidence.  The memory attrition issue becomes particularly acute given that this is a technical case where the jury is unlikely to fully comprehend or appreciate the significance of the patent evidence if Oracle is required to introduce it during the copyright phase of trial.

However, if witnesses appear more than once, that would consume the jury's time hearing duplicative testimony and would be burdensome to the witnesses themselves—particularly the third-party witnesses.  For example, because damages-related evidence such as the history of the licensing negotiations and the extent of Google's copying from Java will overlap the liability evidence, division of liability and damages would also be inefficient.

Finally, a three-phase trial will likely promote additional disputes because with so much overlap, the parties will disagree over which evidence can properly be presented in each phase.  Oracle expects these disputes would generate significant additional briefing for the parties and the Court, result in delays, and thus further inconvenience the jury throughout the trial.

## V.   ORACLE'S PROPOSED ALTERNATIVE:  A SINGLE TRIAL WITH PHASED JURY DELIBERATIONS

For the foregoing reasons, Oracle opposes bifurcation or trifurcation of the trial.  As an alternative, in view of the Court's concerns about lengthy and confusing jury instructions if the trial is not divided into phases, Oracle proposes that the Court allow the parties to present the case in its entirety in one phase.  The Court would then instruct the jury in phases and the jury would

1    deliberate each phase before receiving instructions for the next.  This alternative approach would

2    obviate the need to present the same witnesses and documentary evidence multiple times, while

3    giving the jury a more limited set of facts to find during each deliberation phase.

4

5    Dated: November 18, 2011                    MICHAEL A. JACOBS
                                                  KENNETH A. KUWAYTI
6                                                 MARC DAVID PETERS
                                                  DANIEL P. MUINO
7                                                 MORRISON & FOERSTER LLP

8
                                                  By:  */s/ Michael A. Jacobs*
9                                                       Michael A. Jacobs

10                                                *Attorneys for Plaintiff*
                                                  ORACLE AMERICA, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28