**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

November 21, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William H. Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

I write in response to Google's letter (ECF No. 626) regarding the color-coded handouts of the claims to be tried that were submitted pursuant to the Court's November 1 Order (ECF No. 587).

In its letter, Google asked the Court to require Oracle "to provide its contentions as to the elements of the asserted claims, if any, missing from the prior art combinations that Google has selected." Google already has Oracle's contentions. Oracle provided them to Google in the form of interrogatory responses and expert reports and deposition testimony. Google's complaint appears to be that the color-coding on the handouts should address obviousness issues. I write to explain Oracle's approach.

The goal of this project is to create handouts that will be helpful to the jury in understanding the infringement and validity disputes between the parties. To that end, the Court ordered Google to start by identifying its best two references for anticipation purposes. The parties would then jointly work to illustrate the infringement and anticipation issues using only one copy of each claim. (ECF No. 587.)

Instead of identifying only anticipatory references, however, Google chose also to identify obviousness combinations. For example, Google asserts that claim 1 of the '104 patent is anticipated by *Gries* and *Chaitin* (ECF No. 475 at 3). But for the handouts, Google chose *Gries* and the obviousness combination *Davidson/AT&T*. For the '720 patent, Google does not assert that any claim is anticipated, so Google selected two obviousness combinations.

In keeping with the spirit of the Court's order, Oracle considered how to pictorially illustrate the obviousness disputes even though the Court's order mentioned only anticipation. But while an anticipation issue is easy to illustrate (reference *A* does not have claim element *X*), obviousness is much more difficult. In some cases, all of the claim elements can be found in the asserted references, and the dispute is about whether the combination or modification

pa-1498468

MORRISON | FOERSTER

The Honorable William H. Alsup
November 21, 2011
Page Two

would have been obvious to make.  That concept cannot be illustrated by marked-up claim language.  In other cases, even though Oracle contends that some claim elements are missing from the collective asserted references, there is also a dispute about how the references would be combined or modified and what would result if they were, in addition to the dispute about whether the combination or modification itself would have been obvious to make.

In each obviousness case, there is something essential to the parties' dispute that Oracle could not figure out how to illustrate with highlighting or some other simple graphical technique in the same way as anticipation issues can be.  It would be confusing rather than helpful to the jury if only some kinds of obviousness issues were illustrated in the handout, because that would implicitly suggest that some issues are important and others can be overlooked.  The confusion is magnified because the issues are different for different patents, and consistency between handout charts can lead to the jury being misled about the parties' dispute.

Oracle tried to come up with useful ways to present the obviousness issues graphically but non-argumentatively, but has not yet been successful.  Oracle remains open to suggestions.

In any event, additional work on the handouts could improve their usefulness to the jury.  Google declined to include legends to identify the meaning of the red underlining and the blue and gray highlighting, but in Oracle's judgment, legends are necessary—there would seem to be no reason to ask the jury to remember what each color means.

Respectfully submitted,

*/s/ Michael A. Jacobs*

Michael A. Jacobs

pa-1498468