KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:      415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                          Plaintiff,<br><br>      v.<br><br>GOOGLE INC.,<br><br>                          Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE'S STATEMENT RE THE COURT'S NOVEMBER 15, 2011 ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING DAMAGES BASED ON PATENT MARKING STATUTE**<br><br>Judge:     Hon. William Alsup |

## INTRODUCTION

In its November 15, 2011 Order denying Google's motion for partial summary judgment, the Court recognized that Oracle's ability to recover damages would be limited by its failure to mark the products made by it or its licensees that practice the patents, pursuant to the patent-marking statute, 35 U.S.C. § 287(a).[1] The Court went on to express its concern that the trial would be complicated by an "'infringement' type analysis" of Oracle products to determine if they practiced the patents-in-suit. Accordingly, the Court directed each party to submit a brief statement describing how this issue might complicate trial and how any such complication could be mitigated.

The Court's concern is well founded. Both parties intend to present evidence of the practice (or failure to practice) by Oracle and/or its licensees of each of the six patents still being asserted by Oracle in this action. Indeed, Oracle has designated no fewer than seven witnesses to testify regarding "products that practice the asserted claims of the patents-in-suit."[2] Presentation of this evidence will add time and complexity to an already complicated trial. The best way to mitigate the effect of this issue at trial is to require the parties to narrow the issue now, by identifying the patents (if any) over which there is a legitimate dispute about whether Oracle or its licensees practiced the asserted claims. Any remaining complications from the marking issue can be mitigated by proceeding with the Court's announced plan to trifurcate the trial, with copyright liability issues tried in phase one, patent liability in phase two, and damages and willfulness in phase three.

## GOOGLE'S STATEMENT

**A.  Disclosure of the parties' contentions on practice now will reduce the amount of time at trial that would need to be devoted to marking issues.**

To determine how marking issues will affect the trial, Oracle should immediately resolve the contradictions in its representations to this Court. Simply stated, does Oracle allege that any of its (or its licensees') Java-related products practice the 26 asserted patent claims?

---

[1] Dkt. No. 621 at 2:23-3:1, 4:11-13.

[2] Plaintiff Oracle's Fed. R. Civ. P. 26(a)(3) Witness List (Dkt. No. 525-2).

1
GOOGLE'S STATEMENT RE THE COURT'S NOVEMBER 15, 2011 ORDER
CASE NO. 3:10-cv-03561-WHA

Throughout the course of this litigation, Oracle has argued that this case is about "Java." It has broadly characterized the patents-in-suit as "Java" patents,[3] represented that the asserted patents were implemented by its "Java" products, and asserted that the patents as a group are crucial to the use of Java. Oracle's infringement contentions identified numerous of its Java products as allegedly implementing each of the asserted patents.[4] Oracle and its damages expert have argued for enormous monetary damages and an injunction for alleged infringement by Google of "Java patents."[5] Oracle repeatedly refers to the patents-in-suit as "Java related patents" in its trial brief. Oracle employees testified at Rule 30(b)(6) depositions that the '104, '205 and '702 patents were implemented in Oracle's Java products.[6] Oracle's patent validity expert attempted to demonstrate commercial success of the patents (to rebut evidence of obviousness under the secondary considerations doctrine) by claiming that Oracle's products practiced the '104, '205 and '476 patents.[7] And Oracle made the same argument in reexamination proceedings of the '720 patent.[8]

Despite its repeated rhetorical claims that its products practice the patents, Oracle seems to have proof problems. For example, it refused to provide a Rule 30(b)(6) witness to testify regarding practice of the '520 or '720 patents, stating: "We can confirm that we will not present an Oracle employee or officer at trial to testify regarding the conception, reduction to practice, or actual use of the inventions of the '520 and '720 patents."[9] And then, despite its constant

---

[3] *See, e.g.,* February 9, 2011 Hr'g. Tr. (Dkt. No. 87) at 8; Oracle's Trial Brief (Dkt. No. 536) at 2.
[4] Oracle's Second Supplemental Patent Local Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions (Ex. B. to the Van Nest Decl. (Dkt. No. 552-3)).
[5] *See, e.g.*, September 12, 2011 *Expert Report of Dr. Iain M. Cockburn Report* at 8, 9, 25, 37.
[6] John Pampuch testified on July 29, 2011 regarding the '702 patent, and Peter Kessler testified on August 4, 2011 regarding the '104 and '205 patents.
[7] August 25, 2011 *Expert Report of Dr. Benjamin F. Goldberg* at 127-28, 131-32, at 144. Dr. Goldberg's report, however, contained no expert analysis supporting his conclusory assertion that the asserted claims were practiced in Java products. In fact, Oracle failed to offer any expert report or analysis on practice of any of the patents-in-suit.
[8] July 5, 2011 Response to First Office Action at 39 ("Patent Owner developed a commercial embodiment of the '720 Patent called Connected Device Configuration-Application Management System (CDC AMS).").
[9] Exhibit A, August 9, 2011 email from Daniel P. Muino. Nor did Oracle furnish an expert report or analysis on practice of the '520 or '720 patents. Thus, pursuant to the Court's Supplemental Order (Dkt. No. 26 at ¶23(c)), Oracle may not offer testimony at trial on the

1  drumbeat of claims that the patents are essential to Java, Oracle opportunistically reversed course
2  when opposing Google's motion for partial summary judgment on marking, claiming that its
3  products do not necessarily practice the asserted claims.[10]

4  Oracle should not be permitted to have it both ways and come to trial with two directly
5  conflicting factual positions. If Oracle maintains that its products practice the patents, then it
6  bears the burden of proving that it marked those products accordingly.[11] Alternatively, if Oracle
7  now maintains that its Java products do *not* practice the asserted patent claims, Oracle's trial
8  story that Google allegedly practices its key patented "Java" technology is false and misleading
9  to the jury. Indeed, if Oracle's position for marking purposes is that there is no proof that its
10 products practice the asserted claims, then Oracle should not be permitted, in connection with its
11 patent case, to describe the patents as "key Java technology." Moreover, failure to practice
12 would only further undermine Oracle's already wildly-exaggerated patent damages calculations,
13 as those calculations rely upon alleged harm to Oracle's "Java" products and purported
14 fragmentation of "Java" technology, and altogether fail to adopt a reasonable valuation for
15 "Java" patents that even Oracle itself had no use for. And it would also severely undermine the
16 fundamental premise of Oracle's request for an injunction, namely Oracle's allegation that it
17 "practices . . . the six Java-related patents" and an injunction is therefore necessary to "prevent
18 Google from further fragmenting the Java platform and undermining Oracle's and others'
19 investments in Java."[12]

20 In short, Oracle needs to take a position on whether its products or those of its licensees
21 practice the patents-in-suit and stick to it. Google proposes that by **December 9, 2011**, for each
22 of the 26 asserted patent claims, Oracle identify each Oracle product or Oracle-licensed product
23 that allegedly practices the claim, and the time period during which the product allegedly was

---

practice of either the '520 patent or the '720 patent.
[10] Dkt. No. 577 at 2.
[11] *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) (cited in Google's Motion for Partial Summary Judgment (Dkt. No. 552) at 4).
[12] Oracle's Trial Brief (Dkt. No. 568) at 27:24-28:5.

marked.[13]  By **December 16**, Google will respond and identify which contentions in Oracle's submissions it would be able to stipulate to, and which contentions it will challenge at trial.  The above disclosures could resolve most, if not all, of the marking dispute, and will significantly shorten the time that will need to be allocated to this issue at trial.

Imposing an immediate deadline for these disclosures is important given that Dr. Kearl is expected to submit his damages report on January 19, 2012 (Dkt. No. 575).  If Oracle concedes that its products do not practice one or more of the asserted patent claims, Dr. Kearl may wish to take that into account.  Likewise, if Oracle maintains that its products do implement the asserted patent claims but were not marked, Dr. Kearl may wish to take that into account as well.

**B.  Trifurcating the trial would further mitigate complications from the marking issue.**

To the extent any disputes remain in view of the above disclosures (or should the Court not require such disclosures) both Google and Oracle will need to present evidence concerning whether or not Oracle (or Oracle-licensed) products practiced the patents-in-suit before July 20, 2010—the date upon which Oracle first notified Google of alleged infringement.  Presentation of this evidence will add time and complexity to the patent liability and damages cases, but the evidence is irrelevant to the copyright case.  Trifurcation will allow the jury to decide copyright liability without being bogged down by specific, individualized evidence about whether Oracle (or Oracle-licensed) products practiced any of the patents-in-suit.

For purposes of the patent-marking statute, the parties will submit evidence as to (1) whether Oracle's or its licensees' products practiced the asserted claims of some of the patents-in-suit, and (2) whether Oracle or its licensees sold, offered to sell, or imported those products into the United States before July 20, 2010.[14]  There are at least seven percipient witness Oracle employees who allegedly have knowledge regarding "products that practice the asserted claims of the patents-in-suit":  Mark Reinhold, Guy Steele, Peter Kessler, Erez Landau,

---

[13] Oracle already has conceded that it "is not aware of any device, system, or product expressly marked with the patent number of any of the Patents-in-Suit or any Related Patents . . ."  Oracle Response to Request for Production No. 4 (Ex. B. to the Van Nest Decl. (Dkt. No. 552)).

[14] Google notes, however, that the *patentee* bears the burden of proof with respect to marking.  *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998).

John Pampuch, Noel Poore, and Bob Vandette.[15] Google will question these witnesses (and/or other former Sun or Oracle employees on Oracle's or Google's witness lists) about whether (1) Oracle's or its licensees' products practiced the claims of the patents-in-suit that Oracle is asserting at trial; and (2) Oracle or its licensees sold, offered to sell, or imported those products into the United States before July 20, 2010. Google will support its examination of these witnesses with contemporaneous documentary evidence. Google expects that Oracle will elicit testimony from these same witnesses on these same issues, as Oracle's witness list suggests.

Presentation of this evidence—by both Google and Oracle[16]—will inevitably add time and complexity to the patent and damages cases. But the evidence of practice of these patents is irrelevant to the copyright case. The severability of complex issues like whether Oracle or its licensees practiced the patents further supports the need for the trifurcated trial outlined by the Court.[17] Because the jury does not need to hear evidence of whether the patents were practiced to decide copyright liability, the Court's proposed trifurcated trial structure would allow the Court to mitigate the complicating effect of that evidence by excluding it from phase one of the trial. Accordingly, aside from requiring the disclosures as suggested in Part A, above, trifurcation is the most effective way to prevent the trial from being unnecessarily complicated by evidence of Oracle's or its licensees' practice (or failure to practice) the patents-in-suit.

Dated:  November 30, 2011              KEKER & VAN NEST LLP

By: s/ Robert A. Van Nest
ROBERT A. VAN NEST
Attorneys for Defendant
GOOGLE INC.

---

[15] Plaintiff Oracle's Fed. R. Civ. P. 26(a)(3) Witness List (Dkt. No. 525-2).

[16] Oracle apparently intends to offer evidence of its own practice of the patents in order to "show[] non-obviousness of the patents and demand for the inventions." *See* Oracle Opposition to Google's Motion for Partial Summary Judgment (Dkt. No. 577) at 1:10-14; *see also id.* at 2:27-3:2, 3:8-12.

[17] *See, e.g.*, *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001) (bifurcating the trial because "the issues of liability and damages are separable in this case"); *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002) (severing complex patent case into several phases in order to "reduce[] the number of legal principles the jury must consider and apply" at any given time); *see also* Oracle's Critique of the Court's Proposed Trial Plan (Dkt. No. 627) (urging the Court to consider the degree to which the issues for trial are separable in deciding whether to trifurcate the trial).