KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                              Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE'S STATEMENT RE THE COURT'S DECEMBER 5, 2011 SUPPLEMENTAL ORDER REGARDING PATENT MARKING**<br><br>Judge:     Hon. William Alsup |

1    Google hereby makes this response to the Court's Order Regarding Patent Marking (Dkt.
2    No. 636).  Google did not previously file any statement because Google agreed that there was no
3    cause why an order should not be entered.
4    Google believes that the procedure set forth in the Court's order is appropriate because it
5    comports with the legal standard for proof of marking.  Under Federal Circuit law, the patentee
6    bears the burden of showing compliance with the marking statute.  *See Nike, Inc. v. Wal-Mart*
7    *Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998).  The patentee also bears the burden of
8    proving that it did ***not*** practice a patent if it takes that position.  *See DR Systems, Inc. v. Eastman*
9    *Kodak Co*., No. 08-cv-066920, 09 WL 2632685 at *4 (S.D. Cal. Aug. 24, 2009) ("patentees must
10   also have the burden of proving the nonexistence of patented articles." (citing *Soverain Software*
11   *LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 908 (E.D. Tex. 2005))); *see also WiAV Solutions*
12   *LLC v. Motorola, Inc. et al*, 732 F. Supp. 2d 634, 640 (E.D. Va. 2010) (the patentee "bears the
13   burden of showing that it, and its licensees, were not required to mark under § 287").
14   Once Oracle has addressed the issue in its December 16, 2011 submission, Google has no
15   objection to also setting forth its position on marking.  Google accepts the Court's directive that
16   it identify with particularity any further Oracle products that Google contends practice the
17   patents and why.  Google also accepts Oracle's suggestion that Google state its contentions
18   regarding any Oracle products that Google contends do not practice the patents.  But importantly,
19   even if Google discloses its position regarding the products identified in Oracle's disclosure, the
20   burden of proof at trial still will remain with Oracle as to whether its products did or did not
21   practice the asserted patents.
22   Finally, Google has one further suggestion in light of Oracle's December 2, 2011 letter to
23   the Court.  In order to properly allocate the burden of proof, require the same level of detail from
24   both parties' submissions, and ensure that this procedure provides the most assistance to the
25   parties and the Court, Google requests that the Court direct Oracle, in its December 16, 2011
26   submission, to state with particularity its contentions that any of the products it identifies practice
27   the asserted patents, and the evidentiary basis for any such contentions.  This level of detail is
28   essential for this process to work effectively.  The disclosure by Google that Oracle requests, and

1  that Google is willing to provide, will be largely contingent on the nature of Oracle's December

2  16, 2011 disclosure.  To put Google in a position to respond meaningfully, Oracle should state

3  positions that are specific, straightforward and based on evidence it has properly identified in its

4  previous disclosures under Patent L.R. 3–1(g).  Then, after reviewing Oracle's submission,

5  Google will submit its response on December 30, 2011.

7  Dated:  December 5, 2011                                         KEKER & VAN NEST LLP

10                                                            By: s/ Robert A. Van Nest
                                                                    ROBERT A. VAN NEST
                                                                    Attorneys for Defendant
11                                                                  GOOGLE INC.