| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - #84065 | DONALD F. ZIMMER, JR. - #112279 |
| rvannest@kvn.com | fzimmer@kslaw.com |
| CHRISTA M. ANDERSON - #184325 | CHERYL A. SABNIS - #224323 |
| canderson@kvn.com | csabnis@kslaw.com |
| DANIEL PURCELL - #191424 | 101 Second St., Suite 2300 |
| dpurcell@kvn.com | San Francisco, CA 94105 |
| 633 Battery Street | Tel: 415.318.1200 |
| San Francisco, CA 94111-1809 | Fax: 415.318.1300 |
| Telephone: 415.391.5400 | |
| Facsimile: 415.397.7188 | |
| KING & SPALDING LLP | IAN C. BALLON - #141819 |
| SCOTT T. WEINGAERTNER (*Pro Hac Vice*) | ballon@gtlaw.com |
| sweingaertner@kslaw.com | HEATHER MEEKER - #172148 |
| ROBERT F. PERRY | meekerh@gtlaw.com |
| rperry@kslaw.com | GREENBERG TRAURIG, LLP |
| BRUCE W. BABER (*Pro Hac Vice*) | 1900 University Avenue |
| 1185 Avenue of the Americas | East Palo Alto, CA 94303 |
| New York, NY 10036 | Tel: 650.328.8500 |
| Tel: 212.556.2100 | Fax: 650.328-8508 |
| Fax: 212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561-WHA <br><br> **REVISED DECLARATION OF REID MULLEN IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO SEAL (DKT. NO. 507)** <br><br> Judge: Hon. William Alsup <br><br> Date Comp. Filed: October 27, 2010 |

1    I, Reid Mullen, declare as follows:

2    1.    I am an associate in the law firm of Keker & Van Nest LLP, counsel to Google Inc. ("Google") in the present case. I submit this revised declaration in support of the Joint Administrative Motion to Seal filed by Google and Oracle America, Inc. ("Oracle") on October 7, 2011 (Dkt. No. 507). I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

2.    On October 7, 2011, Google and Oracle each filed five motion *in limine* sets, each set including a motion *in limine* and a corresponding opposition. (Dkt. Nos. 492-496, 498-502.) The parties also filed declarations and supporting exhibits for the motions *in limine* and oppositions. (Dkt. Nos. 497, 503, 506, 509.)

3.    On October 7, 2011, the parties also filed a Joint Administrative Motion to File Under Seal portions of the motions *in limine* and oppositions, and supporting exhibits. (Dkt. No. 507.) Google filed a declaration in support of the joint administrative motion to seal. (Dkt. No. 510.)

4.    On October 16, 2011, the Court issued a Notice regarding, amongst other things, the parties joint administrative motion to seal. (Dkt. No. 540.) The Court stated: "Counsel are advised . . . that unless they identify a limited amount of exceptionally sensitive information that truly deserves protection, the [motion to file under seal] will be denied outright." (Dkt. No. 540.)

5.    In accordance with the Court's Notice, I hereby submit this revised declaration in support of the parties' joint administrative motion to seal. Google designates the two documents described in this revised declaration for filing under seal, both of which contain Google's exceptionally sensitive non-public financial information. Further, in order to preserve the privilege and confidentiality objections that are the subject of Google's pending petition for a writ of mandamus in the Federal Circuit Court of Appeals, Google also requests that the Court seal certain documents that refer to an email written by Google employee Tim Lindholm ("the Lindholm Email"), although Google acknowledges the Court has previously rejected Google's argument to seal such documents and is unlikely to grant Google's current request.

6.    First, Exhibit 15 to Declaration of Daniel Purcell ("Purcell Decl.") in Support of

1  Google's Motions *in Limine* (Dkt. No. 497) contains excerpts of the Expert Report of Dr. Iain M.
2  Cockburn, dated September 12, 2011 and revised September 15, 2011.  Dr. Cockburn's report
3  has been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to
4  the stipulated protective order in this case.  The excerpts of Dr. Cockburn's report in Exhibit 15
5  to the Purcell Declaration contain Google's sensitive, non-public financial data and financial
6  projections, such as past revenues associated with Android and projected future revenues
7  associated with Android through the end of 2012.  (*See* Purcell Decl., Ex. 15 at ¶ 467.)  Google
8  does not make this information available to the public.  This data is exceptionally sensitive, and
9  releasing it to the public would cause great and undue harm to Google and place it at a
10 competitive disadvantage.

11         7.     Second, Exhibit 32 to the Purcell Declaration (Dkt. No. 497) contains an exhibit
12 to the Expert Report of Dr. Iain M. Cockburn, dated September 12, 2011 and revised September
13 15, 2011.  This exhibit has been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S
14 EYES ONLY" pursuant to stipulated protective order in this case.  This exhibit contains
15 Google's sensitive, non-public financial data and financial projections, specifically Android's
16 advertising revenue for the years 2008-2010 and estimates of advertising revenue for 2011.
17 Google does not make this information available to the public.  This data is exceptionally
18 sensitive, and releasing it to the public would cause great and undue harm to Google and place it
19 at a competitive disadvantage.

20         8.     Third, several documents Google requested be filed under seal in the Joint
21 Administrative Motion contain versions of the Lindholm Email, quote the Lindholm Email in
22 full, or reveal the contents of that email.[1]  This Court has held that the Lindholm Email is not
23 protected by the attorney-client privilege or work-product doctrine (Dkt. No. 546), and will not
24 be treated as confidential under the protective order governing this case (Dkt. No. 596).

---

[1] Exhibit P to the Muino Decl. (Dkt. No. 505-4) and Exhibit 1-10 to the Agrawal Decl. (Dkt. No. 509-10) contain versions of the Lindholm Email.  Likewise, Exhibit Q to the Muino Decl. (Dkt. No. 505-5), Exhibit 1-1 to the Agrawal Decl. (Dkt. No. 509-1), Oracle's Motion *in Limine* No. 5 (Dkt. No. 502), and Oracle's Opposition to Google's Motion *in Limine* No. 1 (Dkt. No. 492-1) quote the Lindholm Email either in full or in substantial part, and otherwise reveal the contents of that email.

Consistent with its position in its petition for a writ of mandamus, currently pending before the Federal Circuit, Google requests sealing of the these documents for purposes of preserving its privilege and confidentiality objections, but Google understands that, given the Court's prior rulings, the Court is unlikely to grant that request.

9. Finally, Google does not request that any other material identified in the parties' Joint Administrative Motion to file documents under seal (Dkt. No. 507) or Google's supporting declaration (Dkt. No. 510) be filed under seal. Specifically, Google does not request that any of the following documents be sealed:

- The portions of Google's Motions *in Limine* Nos. 1-5 that were redacted in the parties' October 7, 2011 public filing;
- The portions of Oracle's Motions *in Limine* Nos. 1-5 that were redacted in the parties' October 7, 2011 public filing, other than the quotations from the Lindholm Email in Oracle's Motion *in Limine* No. 5, or sections from that Motion *in Limine* that reveal the contents of the Lindholm Email;
- The portions of Oracle's Oppositions to Google's Motions *in Limine* 1-5 that were redacted in the parties' October 7, 2011 public filing, other than the quotations from the Lindholm Email in Oracle's Opposition to Google's Motion *in Limine* No. 1, or sections from that Opposition that reveal the contents of the Lindholm Email;
- Exhibit E to the Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *in Limine* Nos. 1 through 5 ("Muino Decl.");
- Exhibit F to the Muino Decl.;
- Exhibit K to the Muino Decl.;
- Exhibit 1-2 to the Declaration of Ruchika Agrawal in Support of Oracle America, Inc.'s Oppositions to Google's Motions *in Limine* Nos. 1-5 ("Agrawal Decl.");
- Exhibit 1-3 to the Agrawal Decl.;
- Exhibit 1-4 to the Agrawal Decl.;
- Exhibit 1-5 to the Agrawal Decl.;
- Exhibit 1-6 to the Agrawal Decl.;
- Exhibit 1-7 to the Agrawal Decl.;
- Exhibit 1-8 to the Agrawal Decl.;
- Exhibit 1-9 to the Agrawal Decl.;
- Exhibit 2-3 to the Agrawal Decl.;
- Exhibit 2-4 to the Agrawal Decl.;
- Exhibit 2-5 to the Agrawal Decl.;
- Exhibit 2-14 to the Agrawal Decl.;
- Exhibit 2-15 to the Agrawal Decl.;
- Exhibit 2-16 to the Agrawal Decl.;

- Exhibit 3-4 to the Agrawal Decl.;
- Exhibit 3-6 to the Agrawal Decl.;
- Exhibit 3-7 to the Agrawal Decl.;
- Exhibit 3-8 to the Agrawal Decl.;
- Exhibit 5-4 to the Agrawal Decl.;
- Exhibit 10 to the Purcell Decl.; and
- Exhibit 30 to the Purcell Decl.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco, California on December 15, 2011.

By:   /s/ Reid Mullen
      REID MULLEN