1  [counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA (DMR) |
|---|---|
| Plaintiff, | **SECOND SUPPLEMENTAL JOINT PRETRIAL CONFERENCE STATEMENT** |
| v. | |
| GOOGLE INC. | Date: December 21, 2011<br>Time: 8:00 a.m. |
| Defendant. | Dept.: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

Pursuant to the Court's November 14, 2011 order, Oracle America, Inc. and Google Inc. jointly submit this supplemental statement setting forth a proposed agenda for the pretrial conference on December 21, 2011.

### 1.     Discussion of Court's Trial Plan

The parties previously submitted their positions regarding the Court's plan to divide the trial into three phases. (*See* 11/18/11 Oracle's Critique of Court's Proposed Trial Plan, Dkt. 627; 11/18/11 Google's Response to Proposed Trial Plan, Dkt. 628.)

*Oracle's Further Statement*: Oracle reiterates its opposition to bifurcating or trifurcating the upcoming trial. Even while advocating for a trifurcated trial, Google acknowledges that the witness testimony and other evidence will overlap to a considerable degree between the proposed phases. Indeed, Google asks the Court for permission to videotape and replay witness testimony in subsequent phases to avoid burdening witnesses with multiple appearances. Google's suggestion only emphasizes the impracticality of phasing the presentation of evidence in this case. If the trial is trifurcated, there will be no way to avoid repetition of testimony, whether by calling witnesses multiple times or through some other means. A single presentation of evidence would eliminate such repetition.

*Google's Further Statement*: Google reiterates its support for the Court's trifurcation procedure. Google further believes resolution of the trial plan is essential before addressing trial scheduling and time limits. Resolving the trial plan may also, if necessary, allow the Court to defer until a later date: (a) at least some of the pending motions *in limine* (e.g., those seeking to exclude patent-related evidence, which is not relevant to Phase 1); (b) supplemental claim construction; (c) the marking issues; and (d) the procedure for color-coded handouts.

### 2.     Discussion of Trial Date

The parties previously set forth their positions regarding the trial date and provided a list of existing trial commitments of lead counsel. (*See* 12/7/11 Supp. Joint Pretrial Conference Stmt., Dkt. 644 at 4-5.)

*Oracle's Further Statement*: Oracle reiterates its request for a trial date as early as possible following the submission of Dr. Kearl's report on January 19, 2012. The continued

migration of device manufacturers and application developers from Java to Android is causing irreparable harm to the Java platform that monetary damages alone cannot rectify. Android's growth in the mobile device market has been exponential, steadily diminishing Java's share. For instance, Amazon's newly-released Kindle Fire tablet is based on Android, while prior versions of the Kindle were Java-based. Android has been gaining in other areas as well, with Android-based set-top boxes and even televisions appearing this year. These are markets where Java has traditionally been strong but is now losing ground to Android. The longer Android is allowed to continue fragmenting the Java ecosystem, the more serious the harm to Java becomes, and the more difficult it is to try to unwind. Oracle suffers harm in the form of lost licensing opportunities for its existing Java platform products, and the enterprise-wide harm from fragmentation of Java, which reduces the "write once, run anywhere" capability that has historically provided Java such great value.

Google argues that Oracle cannot be irreparably harmed by Android because it has no competing mobile platform of its own. This is wrong in at least two respects. First, Oracle's predecessor, Sun Microsystems, had a Java-based mobile platform that it was forced to abandon *because of Android*. When Google incorporated Java technology into Android and offered it for free, Sun's mobile platform stood little chance. So long as Google continues to offer the Java technology for free, Oracle cannot grow a fee-based mobile platform.

Second, as noted above, Android's growth is not limited to smartphone products. Manufacturers of set-top boxes, tablets, and numerous other small-form-factor devices that previously licensed Oracle's Java products, are adopting Android *to replace* Java ME and other Oracle Java products. In essence, every day, Oracle is being forced to compete against its own patented and copyrighted Java technology, that Google offers at zero cost to customers.

Google also argues that Java is actually thriving, since there are now 2.5 million more Java developers since Oracle filed its complaint. What Google fails to mention is that many of the new Java developers are writing applications *for the Android platform*, not for licensed Java implementations. The rise of Android has increased the number of Java developers, but because Android is unlicensed and incompatible with the Java platform, Oracle has not benefited. Instead,

1  Oracle is being irreparably harmed by the rapidly increasing penetration of Android and the
2  escalating fragmentation of the Java ecosystem it has caused.
3       Google's internal documents show Google deliberately made the choice to infringe,
4  gambling by pushing forward with Android without a license, even though it knew one was
5  required. That gamble increasingly pays off the longer trial is delayed—particularly if trial is
6  postponed a further seven months as Google requests. The parties' pre-trial filings were
7  submitted months ago. Oracle proposes that this case go to trial on January 20 or 23, 2012.
8       *Google's Further Statement*: Like Oracle, Google has no interest in delaying resolution of
9  this case any longer than necessary. Nor has Google done anything to delay the case. Indeed,
10 Google was prepared to try this case beginning in late October, at the original trial setting. And
11 Google is prepared to try the case at the earliest time available for the Court, the parties, and
12 counsel. That trial date ultimately depends on how long the trial is scheduled to last.
13      Even applying Oracle's requested times, the Court would need 4-5 weeks to try this
14 matter. Oracle seeks at least 28-30 hours of testimony per side—making this at least a 15-20 day
15 trial assuming separate openings, closings, and jury instructions for each proposed phase. On top
16 of that, the Court needs to budget adequate time for jury deliberations for each phase. Google
17 believes the parties will actually need close to 45 hours per side for trial—particularly if the
18 patent phase remains in its current posture (i.e., 26 claims from 6 unrelated patents)—such that
19 the time needed for trial is even longer. Thus, the prior commitments of the Court and trial
20 counsel preclude starting trial in late January 2012. Given those commitments and the possibility
21 of a trial totaling 5-6 weeks, it may be difficult to conduct trial before July 2012.
22      In any event, Oracle's claim of irreparable harm is incorrect, and does not require starting
23 trial in January 2012. First, Oracle has no competing mobile platform in the market, such that
24 there is no product that is being irreparably harmed. Second, Oracle's recent public statements
25 regarding Java belie any suggestion of irreparable harm from Android. For example, Oracle's
26 recent Java Facts and Figures suggest that Java is thriving:
27
28

SECOND SUPPLEMENTAL JOINT PRETRIAL CONFERENCE STATEMENT
CASE NO. CV 10-03561 WHA (DMR)
sf- 3083992

3

**Java Facts and Figures**

- 97% of enterprise desktops run Java
- 1 billion Java downloads each year
- 9 million developers worldwide
- #1 programming language (TIOBE Programming Community Index)
- More than 3 billion devices are powered by Java technology

https://emeapressoffice.oracle.com/Press-Releases/Oracle-Continues-to-Move-Java-Forward-and-Details-Java-SE-8-Roadmap-23ce.aspx (last visited December 17, 2012). Notably, the Java developer figure has grown by 2.5 million since Oracle filed its Complaint in this matter. (*See* Compl. ¶ 9.) Oracle contends that many of these developers are writing for Android, with no benefit to Oracle. But this is inconsistent with the fact that Oracle touts these figures. In fact, Android does benefit Oracle by broadening the number of developers using the Java programming language, which Oracle concedes is not protected. Third, Oracle elected not to move for a preliminary injunction, which suggests a lack of irreparable harm from Google's continued distribution of Android.

In sum, Google also proposes trying this case as early as possible. That trial date will depend on resolving the format and length of trial, in combination with any scheduling issues for the Court, the parties, and counsel. At a minimum, those factors rule out starting trial in January.

**3.     Time Limits for Opening Statement, Witness Examination, Closing Argument**

*Oracle's Statement*: As set forth previously, Oracle requests a minimum of 28-30 hours per side for direct and cross examination. Oracle proposes 1 hour per side for opening statements, and 2 hours per side for closing arguments.

*Google's Statement*: Based on the Court's tentative trial plan, Google requests a minimum of 15 hours per side for direct and cross examination for each phase of trial. Also based on the Court's tentative trial plan, Google proposes an opening statement of 45 minutes and closing argument of 1.5 hours per side for each of the three trial phases. At least this much time is necessary for Phase 1, which will introduce the parties and the numerous copyright issues. And since Oracle continues to assert 26 claims from six unrelated patents, the parties will need at least

that much time for Phase 2. The same goes for Phase 3, which is set to cover both damages and willfulness.

### 4. Oral Argument on Selected Motions in Limine

At the Court's request, the parties selected the following four motions in limine for oral argument at the pretrial conference (*see* 12/7/11 Supp. Joint Pretrial Conference Stmt., Dkt. 644 at 1):

- Oracle's Motion in Limine No. 1 to Exclude Evidence or Argument Regarding Patent Reexaminations. (Motion, Dkt. 498; Opposition, Dkt. 498-1.)
- Oracle's Motion in Limine No. 4 to Exclude Evidence or Argument Regarding Oracle's Past Actions with Application Programming Interfaces. (Motion, Dkt. 501; Opposition, Dkt. 501-1.)
- Google's Motion in Limine No. 1 to Exclude Lindholm E-mail and Drafts Thereof. (Motion, Dkt. 492; Opposition, Dkt. 492-1.)
- Google's Motion in Limine No. 3 to Exclude Portions of Cockburn Report on Damages. (Motion, Dkt. 494; Opposition, Dkt. 494-1.)

For the Court's convenience, the other motions in limine filed by the parties are listed below:

- Oracle's Motion in Limine No. 2 to Exclude Evidence or Argument That Google Relied on Legal Advice in Making Its Decisions to Develop and Release Android. (Motion, Dkt. 499; Opposition, Dkt. 499-1.)
- Oracle's Motion in Limine No. 3 to Preclude Google from Offering Evidence or Argument That Third-Party OEMs Changed Infringing Components of Android. (Motion, Dkt. 500; Opposition, Dkt. 500-1.)
- Oracle's Motion in Limine No. 5 to Exclude Evidence and Contrary to Statements in Tim Lindholm's August 6, 2010 E-mail. (Motion, Dkt. 502; Opposition, Dkt. 502-1.)
- Google's Motion in Limine No. 2 to Exclude Alleged Performance Benefits of Android With the Accused Functionality. (Motion, Dkt. 493; Opposition, Dkt. 493-1.)
- Google's Motion in Limine No. 4 to Exclude Portions of Goldberg Report Discussing Commercial Success. (Motion, Dkt. 495; Opposition, Dkt. 495-1.)
- Google's Motion in Limine No. 5 to Exclude Evidence Obtained from Motorola Mobility, Inc. (Motion, Dkt. 496; Opposition, Dkt. 496-1.)

### 5. Status of Re-Examinations and Writ Petition

The parties previously set forth the status of the re-examination proceedings before the U.S. Patent and Trademark Office. (*See* 12/7/11 Supp. Joint Pretrial Conference Stmt., Dkt. 644 at 1-3.) The parties also previously set forth the status of Google's petition for a writ of mandamus before the U.S. Court of Appeals for the Federal Circuit. (*See id.* at 3-4.) The status of both the USPTO and Federal Circuit proceedings has not changed since the parties' prior submission to the Court.

### 6. Procedure for Equitable Defenses

Google is asserting laches, equitable estoppel, waiver, and implied license as defenses to Oracle's patent and copyright claims. Google has requested that the Court allow the jury to render an advisory verdict on these equitable defenses. Oracle opposes this request. The respective positions of the parties on this issue are set forth in the trial briefs (*see* Oracle Brief, Dkt. 536 at 26-27; Google Brief, Dkt. 534 at 24-25.)

### 7. Procedure for Submitting Evidence Regarding Oracle's Requested Injunctive Relief

Oracle seeks injunctive relief against Google, an equitable remedy to be decided by the Court. Google opposes this request. The parties seek the Court's guidance regarding whether evidence relating to the propriety and extent of injunctive relief must all be presented during the jury trial, or whether the Court intends to hold a post-trial hearing during which such evidence may be presented.

### 8. Procedure for *Voir Dire*

The parties have submitted proposed questions for use in the *voir dire* process. (Dkt. 520.) The parties believe that a juror questionnaire would improve the speed and efficiency of the *voir dire* process. The parties will bring a proposed questionnaire to the pretrial conference for the Court's consideration.

### 9. Procedure Regarding Patent Marking Issues

Pursuant to the Court's December 6, 2011 order (Dkt. 641), the parties will provide a joint submission on December 20, 2011, regarding the procedure for addressing the Oracle and Sun

products that the parties contend practice the asserted patent claims and whether and when they were marked.

### 10.  Supplemental Claim Construction

The parties have submitted their proposed constructions of three additional claim terms. (Dkt. 637.) The parties have also filed their respective objections to the other party's proposed constructions. (Dkt. 645, 647.) The parties will be prepared to address these issues at the pretrial conference if the Court desires.

### 11.  Procedure for Joint Color-Coded Handouts

Pursuant to the Court's orders, the parties submitted joint color-coded handouts highlighting disputed elements in the asserted patent claims; i.e., elements that Google contends are missing from the accused products and elements that Oracle contends are missing from the proferred prior art. (Dkt. 633.) The parties seek guidance on how these handouts should be used at trial.

| | | |
|---|---|---|
| 1 | Dated: December 19, 2011 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/ Michael A. Jacobs |
| 4 | | MORRISON & FOERSTER LLP<br>MICHAEL A. JACOBS (Bar No. 111664)<br>mjacobs@mofo.com |
| 5 | | KENNETH A. KUWAYTI (Bar No. 145384)<br>kkuwayti@mofo.com |
| 6 | | MARC DAVID PETERS (Bar No. 211725)<br>mdpeters@mofo.com |
| 7 | | DANIEL P. MUINO (Bar No. 209624)<br>dmuino@mofo.com |
| 8 | | 755 Page Mill Road<br>Palo Alto, CA 94304-1018 |
| 9 | | Telephone: (650) 813-5600<br>Facsimile: (650) 494-0792 |
| 10 | | |
| 11 | | BOIES, SCHILLER & FLEXNER LLP<br>DAVID BOIES (Admitted *Pro Hac Vice*)<br>dboies@bsfllp.com |
| 12 | | 333 Main Street<br>Armonk, NY 10504 |
| 13 | | Telephone: (914) 749-8200<br>Facsimile: (914) 749-8300 |
| 14 | | STEVEN C. HOLTZMAN (Bar No. 144177)<br>sholtzman@bsfllp.com |
| 15 | | 1999 Harrison St., Suite 900<br>Oakland, CA 94612 |
| 16 | | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 |
| 17 | | |
| 18 | | ORACLE CORPORATION<br>DORIAN DALEY (Bar No. 129049) |
| 19 | | dorian.daley@oracle.com<br>DEBORAH K. MILLER (Bar No. 95527) |
| 20 | | deborah.miller@oracle.com<br>MATTHEW M. SARBORARIA (Bar No. 211600) |
| 21 | | matthew.sarboraria@oracle.com |
| 22 | | 500 Oracle Parkway<br>Redwood City, CA 94065 |
| 23 | | Telephone: (650) 506-5200<br>Facsimile: (650) 506-7114 |
| 24 | | *Attorneys for Plaintiff*<br>ORACLE AMERICA, INC. |

SECOND SUPPLEMENTAL JOINT PRETRIAL CONFERENCE STATEMENT
CASE NO. CV 10-03561 WHA (DMR)
sf- 3083992

8

| | | |
|---|---|---|
| 1 | Dated: December 19, 2011 | KEKER & VAN NEST, LLP |

By: __/s/ Robert A. Van Nest__

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
DANIEL PURCELL (SBN 191424)
dpurcell@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street - Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile:  (415) 318-1300

GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

*Attorneys for Defendant*
GOOGLE INC.

SECOND SUPPLEMENTAL JOINT PRETRIAL CONFERENCE STATEMENT
CASE NO. CV 10-03561 WHA (DMR)
sf- 3083992

9

**ATTESTATION**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this SECOND SUPPLEMENTAL JOINT PRETRIAL CONFERENCE STATEMENT. In compliance with General Order 45, X.B., I hereby attest that Robert A. Van Nest has concurred in this filing.

Date: December 19, 2011          */s/ Michael A. Jacobs*