KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:      415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY  10036
Telephone:     212.556.2100
Facsimile:      212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Telephone:     415.318.1200
Facsimile:      415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone:     650.328.8500
Facsimile:      650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561-WHA <br><br> **GOOGLE'S RESPONSE TO THE COURT'S DECEMBER 6, 2011 TENTATIVE ORDER STRIKING PORTIONS OF DR. COCKBURN'S REVISED DAMAGES REPORT** <br><br> Dept.     Courtroom 8, 19th Floor <br> Judge:    Hon. William Alsup |

On July 22, 2011, this Court struck the vast majority of Oracle's damages expert Dr. Iain Cockburn's initial expert report, for deliberately "overreach[ing] in multiple ways—each and every overreach compounding damages ever higher into the billions—evidently with the goal of seeing how much it could get away with, a 'free bite,' as it were." July 22, 2011 Order [Dkt. No. 230] at 15.  Although the Court gave Oracle and Dr. Cockburn a second chance to bring their damages analysis into line with reality and federal law, the Court also explained in plain English the consequences Oracle would face if it and Dr. Cockburn overreached again:

> Please be forewarned: the next bite *will be for keeps*.  If the next *and final* report fails to measure up *in any substantial and unseverable way,* including ways this order did not have time to reach, then it may be excluded altogether without leave to try yet again.

*Id.* (emphases added).

At the same time it issued its express warning to Oracle, the Court took an additional and unusual measure to safeguard against distorted presentations on damages issues.  On July 5, 2011, the Court announced its tentative intention to retain a court-appointed damages expert to testify to the jury on damages issues, under Federal Rule of Evidence 706.  On August 30, 2011, the Court retained Dr. James Kearl as its Rule 706 expert.  On November 9, 2011, the Court entered a further order explaining that appointing an independent damages expert was necessary because of "the parties' extremely divergent views on damages and the unusual complexity of the damages aspect of this case."  Nov. 9, 2011 Order [Dkt. No. 610] at 3.

The writing on the wall was unmistakable, but Oracle failed to read it.  On September 12, 2011, Oracle served Dr. Cockburn's revised damages report.  If the second report was less objectionable than the first, it was only superficially so.  Dr. Cockburn still ignored governing damages law and filled his analysis with unsupportable logical leaps designed to maximize Oracle's recovery.  Google filed a second *Daubert* motion, and, on December 6, 2011, the Court entered a tentative order that again struck most of Dr. Cockburn's report.  Specifically, the Court:

- Struck Dr. Cockburn's arbitrary opinion apportioning to the patents-in-suit 30% of the value of Sun's $100 million demand to Google and assigning to the copyrights at issue 15% of the value of that demand, despite having failed to understand or account for the full panoply of things Google would have received had it accepted Sun's demand.  Dec. 6, 2011 Order [Dkt. No. 642] at 9.

- Barred Dr. Cockburn from offering any testimony on a reasonable royalty, either as to patent or copyright damages, because of his failure to apportion the value of the patents and copyrights at issue. *Id.*

- Precluded Dr, Cockburn from apportioning the value of Oracle's patents among the asserted claims of those patents—something Dr. Cockburn has never attempted to do in either iteration of his report. *Id.* at 10.

- Ruled that, because Dr. Cockburn had never valued the handful of code files that Oracle alleged Google to have literally copied, he may not offer damages testimony on those files at trial. *Id.* at 10-11.

- Struck Dr. Cockburn's testimony on future damages, which failed to show "how future damages would be adjusted if certain patents expired or were designed around." *Id.* at 11.

- Excluded evidence of certain licenses and settlements of litigation between Sun and Microsoft, along with any testimony from Dr. Cockburn (or, presumably, any other Oracle witness) about that evidence. *Id.* at 12-13.

Google agrees with the Court's order in all of these respects and respectfully requests that the Court make each of these rulings final. For the same reasons Google offered in its motion *in limine,* each of the above rulings is logically and legally correct, and is also consistent with the direction the Court had previously given to Oracle and Dr. Cockburn in its July 22, 2011 order.

Further, to the extent Oracle asks the Court to give Dr. Cockburn a third chance to create a viable damages analysis, there are four primary reasons why the Court should refuse.

*First* and most obviously, the Court could not have been clearer in its July 22, 2011 order that Oracle's "next [report] will be for keeps," driving the point home further by referring to Dr. Cockburn's "next ***and final***" report. July 22, 2011 Order [Dkt. No. 230] at 15 (emphasis added). The Court even raised the possibility that, if Dr. Cockburn committed errors in that final report that were significant enough that they tainted the full report "in any substantial and unseverable way," the Court might even strike the ***entire*** report and preclude ***any*** testimony by Dr. Cockburn at trial. *Id.* (emphases added). Google asks the Court to follow through with its earlier order and impose the consequences it told Oracle it would.

*Second,* Oracle does not deserve a third bite at the apple, because Dr. Cockburn's second report ignored the explicit direction set forth in this Court's July 22, 2011 order and—like his stricken first report—did so with the obvious intent of maximizing Oracle's damages recovery. In his first report, Dr. Cockburn assumed that the patents and copyrights at issue in this case

1  contributed 100% of the value of Sun's Java-related businesses and intellectual property, without
2  any basis or analysis of the myriad other components of "Java."  The Court rejected that
3  approach.  July 22, 2011 Order [Dkt. No. 230] at 5-6.  Dr. Cockburn's second report used the
4  superficially more reasonable starting point of 30% of Sun's $100 million opening demand
5  during partnership negotiations with Google, but that $30 million number was still pulled out of
6  thin air.  Even though he conceded that $100 million also would have bought Google a license to
7  "potentially thousands of patents, copyrights, trademark, and access to Sun engineers," in
8  addition to compensating Sun for substantial lost revenue, Dec. 6, 2011 Order [Dkt. No. 642] at
9  7-8, he admittedly made no attempt to value (or even learn the extent of) any of these other
10  components.  In other words, Dr. Cockburn made the exact same mistake the second time
11  around.  Instead of actually calculating the value of the intellectual property at issue, he used as a
12  proxy some undefined, larger collection of intellectual property, in order to expand the range of
13  Oracle's potential damages.
14       Similarly, this Court was very clear in its July 22, 2011 order that Dr. Cockburn's second
15  report needed to be specific about how much damages flow from the various elements of
16  Oracle's case—including by calculating damages for each asserted patent claim.  July 22, 2011
17  Order [Dkt. No. 230] at 7.  Despite this warning, Dr. Cockburn failed to offer any patent
18  damages analysis at the claim level or any opinion about copyright damages purportedly
19  resulting from Google's alleged literal copying of code files.  Dr. Cockburn deliberately chose to
20  focus on larger figures for patent-by-patent damages and copyright damages relating to the
21  "structure and arrangement" of Sun's application programming interfaces.  And, even though the
22  Court made clear that "any projection of future damages must take into account the varying
23  expiration dates of the asserted patents," *id.* at 11, Dr. Cockburn calculated only an aggregate
24  future-damages amount.  Every time he had the chance, Dr. Cockburn ignored the Court's clear
25  instructions in favor of shortcuts designed to put a bigger number on the board.
26       Oracle received and read the July 22, 2011 order.  It made no effort to object to or ask the
27  Court to reconsider or clarify any aspect of that order.  Particularly because its and Dr.
28  Cockburn's failure to follow that order uniformly resulted in larger asserted damages numbers,

1  the Court should assume Oracle again made a deliberate choice to "see[ ] how much it could get
2  away with." July 22, 2011 Order [Dkt. No. 230] at 15.  In this circumstance, two bites at the
3  apple is enough.
4      *Third,* permitting Dr. Cockburn a third try to draft a viable damages report would impose
5  significant burdens on Google and its experts.  If Dr. Cockburn is permitted to start over, that
6  would effectively force a re-do of the entire expert discovery process from square one.  If
7  Dr. Cockburn is permitted to draft an entirely new damages report, Google must be allowed the
8  chance to redraft its own responsive damages reports.  After all reports—presumably including
9  new rebuttal reports from Dr. Cockburn—are served, both Google and Oracle would be entitled
10 to take further depositions of each other's experts on the new reports.  Google would be forced to
11 commit a substantial amount of time and money because of Oracle's inability to follow the rules.
12     Allowing Dr. Cockburn a do-over now would also impose additional costs on the Court's
13 appointed expert Dr. Kearl—and consequently on Google, which is sharing the cost of
14 Dr. Kearl's work.  Dr. Kearl's report is now due in mid-January, with his deposition to follow
15 shortly thereafter.  But part of Dr. Kearl's assignment is to critique both Oracle's and Google's
16 damages reports, so Dr. Kearl presumably is currently preparing an analysis based in part on
17 Dr. Cockburn's untenable current report.  If Dr. Cockburn were permitted to start over, Dr. Kearl
18 would be forced to start over as well and conduct a new analysis of the further revised Cockburn
19 report, before the parties could take Dr. Kearl's deposition.
20     *Fourth,* when the Court announced its intention to retain an independent damages expert,
21 it candidly informed the parties that it was doing so, among other reasons, as a check on the
22 parties' litigation instincts, to ensure that reasonable damages testimony was presented to the
23 jury. July 27, 2011 Order [Dkt. No. 236] at 2 ("This assistance will be particularly useful
24 because both sides have taken such extreme and unreasonable positions regarding damages in
25 this action."). Dr. Kearl's presence at trial will ensure that the jury hears damages opinions from
26 a neutral third party, in addition to testimony from Google's experts.  Even though Oracle has
27 only itself to blame for any prejudice it might face if Dr. Cockburn's testimony were limited (as
28 it should be), Dr. Kearl's presence should significantly mitigate that prejudice.

Given all the above facts, it is well within this Court's discretion to strike the majority of Dr. Cockburn's opinions and testimony. Other courts have similarly precluded expert damages testimony in intellectual property cases based on expert reports plagued by extensive overreaching or unsupported by relevant and reliable evidence. *See, e.g., Rolls-Royce PLC v. United Technologies Corp.*, No. 1:10cv457 (LMB/JFA), 2011 WL 1740143, *9 (E.D. Va. May 4, 2011) (precluding much of plaintiff's damages-related evidence or argument at trial where plaintiffs' expert had more than ten months to develop "a concrete and economically sound damages theory," but served a report based on "misstatements of the law, a lack of sound evidence, and unsupported economic assumptions"); *IP Innovation L.L.C. v. Red Hat, Inc.*, 705 F. Supp. 2d 687, 691 (E.D. Tex. 2010) (precluding plaintiff's damages expert from testifying at trial or otherwise presenting his opinions because expert's report relied on irrelevant and unreliable evidence and failed to account for the economic realities of the claimed component as part of a larger system).

In *Cornell Univ. v. Hewlett-Packard Co.*, 609 F. Supp. 2d 279, 283-90 (N.D.N.Y. 2009), the court interrupted trial to conduct a *Daubert* hearing on plaintiff's damages expert's theory, ultimately striking that theory as legally insufficient. But the court gave the plaintiff a chance to correct its overreach and offer a legally sufficient basis for damages. The plaintiff and its expert spurned that chance, with the expert making the deliberate decision to "cling to his excluded opinion." *Id.* at 288. The court had little choice but to grant judgment as a matter of law for the defendant. Here, Oracle and Dr. Cockburn made the same decision to ignore the unambiguous direction in this Court's July 22, 2011 order. The Court should affirm its tentative December 6, 2011 order and limit Dr. Cockburn's trial testimony as set forth therein.

Respectfully submitted,

Dated: December 20, 2011

KEKER & VAN NEST LLP

By: */s/ Robert A. Van Nest*
ROBERT A. VAN NEST
Attorneys for Defendant
GOOGLE INC.

605400.01

5
GOOGLE'S RESPONSE TO THE COURT'S DECEMBER 6, 2011 TENTATIVE ORDER
CASE NO. 3:10-cv-03561-WHA