[counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **JOINT STATEMENT REGARDING SUPPLEMENTAL ORDER REGARDING PATENTING MARKING** |
| v. | |
| GOOGLE INC. | |
| Defendant. | Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Pursuant to the Court's December 6, 2011 Supplemental Order Regarding Patenting Marking (Dkt. No. 641), Google and Oracle met-and-conferred in person regarding a procedure and timetable regarding the marking issues, as directed by the Court. In do doing, the parties agreed to a procedure for identifying products that practice the asserted patents (or not). In light of the parties' differing positions on the issue of trial timing, however, the parties were unable to reach agreement on the timetable. The parties set forth their procedural agreement and respective positions as to the timetable as follows:

**Agreement Regarding Procedure**

1. Oracle will provide to Google an identification, for each of the 26 asserted claims, of each Oracle product, Oracle-licensed product, Sun product, or Sun-licensed product ("Oracle Products") that practice or have practiced the claim. Oracle will also identify the fact witnesses who possess information supporting Oracle's contentions that the Oracle Products practice or have practiced the asserted claims.

2. Oracle will provide source code citations and/or other documentation supporting Oracle's contentions that the Oracle Products practice the asserted claims. Oracle will also provide a summary of any witness testimony they intend to elicit at trial from the witnesses disclosed in Step 1.

3. Google will respond to Oracle and identify any other Oracle Products that Google contends practiced any of the 26 asserted claims during the alleged damages period and identify any products in Oracle's identification that Google contends do not practice the identified claims. Google's response will specify which Oracle Products it contends do (or do not) practice the asserted claims, and why.

4. Following Google's response, the parties will meet-and-confer regarding their disclosures with the aim of preparing a stipulation of which Oracle Products practice the asserted claims. The parties will jointly submit to the Court a list of the Oracle Products that they stipulate practice the asserted claims, which shall have the effect of establishing that fact for all purposes at trial, and a list of those Oracle Products for which there is a genuine dispute between the parties

as to whether they practiced the asserted claims, along with brief explanations of the basis for each party's contention.

### Oracle's Timetable Statement

Oracle proposes the following deadlines for the steps outlined above:

1. December 23, 2011.
2. December 30, 2011.
3. January 6, 2012.
4. January 13, 2012.

Oracle and Google are in agreement on all of the dates except for Step 2, the identification of source code citations and/or other documentation supporting Oracle's contentions. For Step 2, Oracle's engineers are double-checking the source code for the Oracle Products to confirm the precise portions that practice the asserted claim. They will need until December 30, 2011, to complete that process.

### Google's Timetable Statement

Google proposes the following deadlines for the steps outlined above:

1. December 23, 2011.
2. December 23, 2011.
3. January 6, 2012 (or two weeks later).
4. January 13, 2012 (or one week later).

Google notes that this timetable is necessary if, as Oracle advocates, the trial begins on January 20, 2012. If the Court sets trial for a later date, Google is amenable to a later timetable, with Step 3 of the agreed-upon procedure to occur two weeks after Step 2, and Step 4 to occur to 1 week after Step 3.

The primary difference between the parties' proposed schedules is when Oracle must satisfy Step 2. Google believes December 30, 2011, is too late, particularly since Oracle has had since before it filed this lawsuit to determine whether its own products practice the asserted patents. In fact, Google's proposed timeline gives Oracle three more days than Oracle would have had under the timetable originally set by the Court. Second, Oracle's proposed procedure

has the effect of taking away a week for Google's response.  In the parties' meet and confer, Oracle had originally proposed and agreed to having Steps 1 and 2 occur as a single step, with Google having at least two weeks to respond.  Reversing course, Oracle now proposes separating the disclosure into two sub-steps one week apart, with the actual substantive identification of supporting evidence take place on the later date.  In doing so, Oracle takes away one week of Google's time to evaluate the evidence underlying Oracle's contentions.  Not only is this unfair, it threatens to render the procedure ineffective, making it impossible for Google to reach any stipulation.  And while Oracle may be willing to give Google this additional week, the timeline then runs right into Oracle's proposed January 20, 2012 trial date.

        In short, in order to be ready for a trial beginning in late January, the timetable for addressing the marking issues must be more aggressive, such that these issues can be resolved at least one week before trial.  This is particularly important if, as Oracle argues, the Court conducts a single consolidated trial on all issues, where these issues would impact opening statements.

| | | |
|---|---|---|
| 1 | Dated: December 20, 2011 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Daniel P. Muino*<br>      DANIEL P. MUINO |
| 4 | | MORRISON & FOERSTER LLP<br>MICHAEL A. JACOBS (Bar No. 111664) |
| 5 | | mjacobs@mofo.com<br>MARC DAVID PETERS (Bar No. 211725) |
| 6 | | mdpeters@mofo.com<br>DANIEL P. MUINO (Bar No. 209624) |
| 7 | | dmuino@mofo.com<br>755 Page Mill Road |
| 8 | | Palo Alto, CA  94304-1018<br>Telephone: (650) 813-5600 |
| 9 | | Facsimile: (650) 494-0792 |
| 10 | | BOIES, SCHILLER & FLEXNER LLP<br>DAVID BOIES (Admitted *Pro Hac Vice*) |
| 11 | | dboies@bsfllp.com<br>333 Main Street |
| 12 | | Armonk, NY  10504<br>Telephone: (914) 749-8200 |
| 13 | | Facsimile: (914) 749-8300<br>STEVEN C. HOLTZMAN (Bar No. 144177) |
| 14 | | sholtzman@bsfllp.com<br>1999 Harrison St., Suite 900 |
| 15 | | Oakland, CA  94612<br>Telephone: (510) 874-1000 |
| 16 | | Facsimile: (510) 874-1460 |
| 17 | | ORACLE CORPORATION<br>DORIAN DALEY (Bar No. 129049) |
| 18 | | dorian.daley@oracle.com<br>DEBORAH K. MILLER (Bar No. 95527) |
| 19 | | deborah.miller@oracle.com<br>MATTHEW M. SARBORARIA (Bar No. |
| 20 | | 211600)<br>matthew.sarboraria@oracle.com |
| 21 | | 500 Oracle Parkway<br>Redwood City, CA  94065 |
| 22 | | Telephone: (650) 506-5200<br>Facsimile: (650) 506-7114 |
| 23 | | |
| 24 | | *Attorneys for Plaintiff*<br>ORACLE AMERICA, INC. |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

JOINT STATEMENT REGARDING SUPPLEMENTAL ORDER REGARDING PATENTING MARKING
CASE NO. CV 10-03561 WHA
pa-1502614

4

| | | |
|---|---|---|
| 1 | Dated: December 20, 2011 | KING & SPALDING LLP |
| 2 | | |
| 3 | | By: /s/ Matthias Kamber<br>     MATTHIAS KAMBER |
| 4 | | SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com |
| 5 | | ROBERT F. PERRY<br>rperry@kslaw.com |
| 6 | | BRUCE W. BABER (*Pro Hac Vice*)<br>bbaber@kslaw.com |
| 7 | | 1185 Avenue of the Americas<br>New York, NY 10036-4003 |
| 8 | | Telephone:  (212) 556-2100<br>Facsimile:   (212) 556-2222 |
| 9 | | |
| 10 | | DONALD F. ZIMMER, JR. (SBN 112279)<br>fzimmer@kslaw.com |
| 11 | | CHERYL A. SABNIS (SBN 224323)<br>csabnis@kslaw.com |
| 12 | | KING & SPALDING LLP<br>101 Second Street - Suite 2300<br>San Francisco, CA 94105 |
| 13 | | Telephone: (415) 318-1200<br>Facsimile:  (415) 318-1300 |
| 14 | | |
| 15 | | GREENBERG TAURIG, LLP<br>IAN C. BALLON (SBN 141819)<br>ballon@gtlaw.com |
| 16 | | HEATHER MEEKER (SBN 172148)<br>meekerh@gtlaw.com |
| 17 | | 1900 University Avenue<br>East Palo Alto, CA 94303 |
| 18 | | Telephone: (650) 328-8500<br>Facsimile: (650) 328-8508 |
| 19 | | |
| 20 | | KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST (SBN 84065)<br>rvannest@kvn.com |
| 21 | | CHRISTA M. ANDERSON (SBN184325)<br>canderson@kvn.com |
| 22 | | DANIEL PURCELL (SBN 191424)<br>dpurcell@kvn.com |
| 23 | | 633 Battery Street<br>San Francisco, CA 94111 |
| 24 | | Telephone: (415) 391-5400<br>Facsimile: (415) 397-7188 |
| 25 | | |
| 26 | | *Attorneys for Defendant*<br>GOOGLE INC. |
| 27 | | |
| 28 | | |

**ATTESTATION**

I, Daniel P. Muino, am the ECF User whose ID and password are being used to file this JOINT STATEMENT REGARDING SUPPLEMENTAL ORDER REGARDING PATENTING MARKING. In compliance with General Order 45, X.B., I hereby attest that Mattias Kamber has concurred in this filing.

Date: December 20, 2011              */s/ Daniel P. Muino*
                                     DANIEL P. MUINO