**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

December 27, 2011

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

The Honorable William H. Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

As referenced during the oral argument on December 21, 2011, Oracle America wishes to bring to the Court's attention an additional case relevant to Oracle's Motion in Limine No. 1 to Exclude Evidence or Argument Regarding Patent Reexaminations (Dkt. 498).

In *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-00144-LED-JDL (E.D. Tex. Dec. 30, 2009), the court granted plaintiff's motion in limine to exclude a PTO office action preliminarily rejecting the claims of the patent-in-suit.  Although the defendant argued that the office action was relevant to rebut a willfulness charge, the court excluded the evidence because "reexamination proceedings, even if relevant, are nevertheless highly prejudicial." *Id.* at 3.  The court also noted that "even if the jury is instructed to consider the Office Action for the limited purpose of assessing objective recklessness, there is a strong likelihood that the jury would be confused as to its relevance and use this evidence in considering the validity of the [patent-in-suit]." *Id.* at 4.  This case was decided after *In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007).

Similarly, in *Presidio Components Inc. v. American Technical Ceramics Corp.*, No. 08-CV-335-IEG (NLS), 2009 U.S. Dist. LEXIS 106795 (S.D. Cal. Nov. 13, 2009), which is cited in Oracle's Motion in Limine No. 1, the court excluded evidence of a grant of reexamination on both validity and willfulness because "even if the reexamination proceedings are somehow relevant on the issues of obviousness or willfulness, they are nevertheless unfairly prejudicial." *Id.* at 5.

As stated in these cases, evidence of reexaminations, even if offered to rebut a claim of willfulness, is more prejudicial than probative.  Although the PTO has issued final Office Actions rejecting the asserted claims of the '720 and '476 patents, those rejections are not binding until affirmed by the Board of Patent Appeals and

pa-1504126

MORRISON | FOERSTER

The Honorable William H. Alsup
December 27, 2011
Page Two


Interferences and by the Federal Circuit. To avoid juror confusion, argument and evidence relating to the reexaminations should be excluded.


Respectfully submitted,


*/s/ Michael A. Jacobs*


Michael A. Jacobs

pa-1504126