**KEKER & VAN NEST** LLP

**Robert Van Nest**
rvannest@kvn.com

December 28, 2011

Honorable William Alsup
U.S. District Court
Northern District of California
Courtroom 8 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-cv-03561 WHA

Dear Judge Alsup:

Google wishes to bring to the Court's attention an additional case relevant to Oracle's Motion *in Limine* No. 1 to Exclude Evidence or Argument Regarding Patent Reexaminations (Dkt. No. 498).

In *Power Integrations v. Fairchild Semiconductor*, 763 F. Supp. 2d 671 (D. Del. 2010), the court specifically addressed the relationship between the admissibility of PTO re-examinations and furcated trials. In considering the admissibility of PTO re-examinations in what was then a *unitary trial*, the court agreed with the defendant that because "the reexamination proceedings here are far advanced and have not gone entirely well for the patentee . . . it would be unfair to [the defendant] to make a determination that it acted willfully . . . without even considering the possibility that the PTO may, in the end, invalidate one or more of [plaintiff's] asserted patent claims." *Id.* at 689. The court also acknowledged, however, that "there is a substantial risk of confusion and unfair prejudice if a jury *deciding issues of infringement and validity* is presented with the full record of the ongoing reexamination proceedings." *Id.* (emphasis added). To "[b]alance[e] these competing concerns," the court bifurcated the trial, "sever[ing] the issue of willful infringement for a separate trial." *Id.* In so doing, the court stated that "[e]vidence of the pending reexaminations may be admissible at the willfulness trial," although it deferred deciding the issue. *Id.* The trial in *Power Integrations* is scheduled for 2012.

The court's analysis in *Power Integrations* supports Google's position that admitting the PTO re-examination evidence in the third phase of this case, after liability issues such as validity and infringement have been decided, would eliminate the risk of unfair prejudice to Oracle. As Google noted in its Opposition to Oracle's Motion *in Limine* No. 1, the primary purpose for which Google seeks to admit the evidence of the PTO re-examinations is in defending against

Honorable William Alsup
December 28, 2011
Page 2

Oracle's willfulness allegations — a phase-three issue that will be relevant only if the jury finds patent liability in phase two. As in *Power Integrations*, "the reexamination proceedings here are far advanced and have not gone entirely well for the patentee." *Id.* at 689; *see also* 12/7/11 Supp. Joint Pretrial Conference Stmt., Dkt. No. 644 at 1-3 (PTO has currently rejected eighty percent of the asserted claims where it has issued office actions); 12/23/11 Joint Update on Re-Examination of 476 Patent, Dkt. No. 655. Thus, it would be unfair if Google cannot counter Oracle's allegations of *scienter* with evidence of the re-examination proceedings. *See Power Integrations,* 763 F. Supp. 2d at 689. This is particularly true in light of the PTO statistics discussed at the pre-trial conference, which reflect that, historically, claims are all canceled or at least in part changed 77% of the time for *ex parte* re-examinations and 89% of the time for *inter partes* re-examinations. *See* http://www.uspto.gov/patents/stats/reexamination_information.jsp (linking to statistics for *ex parte* and *inter partes* re-examination statistics).

The two cases Oracle cites in its December 27, 2011 letter to the Court are *not* new authority. Oracle already cited both in its Motion *in Limine* No. 1. *See* Oracle Motion *in Limine* No. 1 at 3:14-25 (citing and quoting *Presidio Components Inc. v. American Technical Ceramics Corp.*, No. 08-CV-335-IEG (NLS), 2009 U.S. Dist. LEXIS 106795 (S.D. Cal. Nov. 13, 2009), and Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *In Limine* Nos. 1 Through 5 ("Muino Decl."), Exhibit A (Dkt. No. 503-1), *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144 (E.D. Tex. Dec. 30, 2009)); *see also* Google's Opposition to Oracle's Motion *in Limine* No. 1 at 4:19-24 (distinguishing these cases). Moreover, *Realtime Data* and *Presidio Components* are not as on-point as *Power Integrations* because they only address unitary trials, which present a different prejudice analysis than a trifurcated trial such as this one. *Realtime Data* excluded evidence of PTO re-examinations based on the unfair prejudice that could arise if a jury considering *infringement and validity* were presented with the re-examination evidence. Muino Decl., Exhibit A, *Realtime Data* at 4 ("Even if the jury is instructed to consider the Office Action for the limited purpose of assessing objective recklessness, there is a strong likelihood that the jury would be confused as to its relevance and use this evidence in *considering the validity* of the '104 patent." (emphasis added)). *Presidio Components* never specified the relevant "unfair prejudice" at all. *Presidio Components*, 2009 U.S. Dist. LEXIS 106795. As *Power Integrations* suggests, any concern that unfair prejudice could arise if evidence of PTO re-examinations were submitted to a jury deciding validity and infringement would be eliminated by admitting evidence of the PTO re-examinations only in the third phase of this trial, after issues of validity and infringement have already been decided.

Sincerely,

*/s/ Robert A. Van Nest*

Robert A. Van Nest

610990.02