MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT THAT GOOGLE RELIED ON LEGAL ADVICE IN MAKING ITS DECISIONS TO DEVELOP AND RELEASE ANDROID**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Oracle moves the Court to preclude Google from introducing any evidence or argument that Google relied on advice of counsel in connection with its decisions to develop and release Android. Google did not make the required disclosures under Patent L.R. 3-7 of documents reflecting any legal advice upon which it intends to rely. That alone should preclude Google from relying on advice of counsel to rebut allegations of willful patent infringement or intent to induce infringement. Moreover, during discovery, Google routinely asserted privilege to prevent Oracle from obtaining discovery on any legal advice Google may have received, with respect to both patent and copyright issues. Accordingly, Google should also be precluded from invoking legal advice as a defense to willful copyright infringement. For these reasons, the Court should exclude any evidence or argument that Google relied on legal advice in deciding to develop and release Android.

## I.   GOOGLE'S ASSERTION OF PRIVILEGE OVER LEGAL ADVICE

Google has invoked the attorney-client privilege to block all of Oracle's discovery into any legal advice Google received in connection with Android. First, Google did not produce any documents relating to advice of counsel under Patent Local Rule 3-7. That rule requires "each party relying upon advice of counsel as part of a patent-related claim or defense" to produce a copy of "any written advice" and provide "a written summary of any oral advice" on which the party intends to rely and for which it has waived the attorney-client privilege and work product protection. Patent L.R. 3-7. Failure to comply with the rule means that the party may not rely on advice of counsel as a defense.

Second, Google asserted privilege and withheld from production numerous documents purportedly reflecting legal advice related to Android. Google's privilege log contains many entries identifying privileged legal opinions that have been withheld from Oracle. (Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *In Limine* Nos. 1 Through 5 ("Muino Decl."), ¶ 5.) Indeed, Google systematically asserted privilege over any communications regarding advice of Google's counsel.

Third, Google instructed its witnesses not to answer questions regarding legal advice pertaining to Android, based on the attorney-client privilege. For example, counsel instructed

Andy Rubin, Google's Senior Vice President of Mobile and co-founder of Android, not to answer questions regarding legal advice pertaining to executive decisions on Android's release. Prior to any release, including both major and minor releases of Android, Google has a launch calendar, referred to as "Launch Cal." The Launch Cal is a way to keep track of what needs to be reviewed and completed for a particular release. The Launch Cal includes a final sign-off for each lead of each team, including product management, engineering, executive, and legal. (Muino Decl. Exhibit E at 23:14-24:25; 30:4-31:21 (July 27, 2011 Deposition Transcript of Andrew Rubin).) This final sign-off is completed when a team lead checks a "bit" associated with their team. Mr. Rubin testified that prior to an Android release, the legal team was required to sign-off on release by checking a "legal bit" on Launch Cal. (*Id.*) Google's assertion of privilege prevented Oracle from discovering the nature of any legal advice about this topic:

> Q. BY MR. JACOBS: Have you interacted with the legal team over issues associated with the release of Android that prevented it from giving you the legal bit?
>
> MS. ANDERSON: Objection. Instruct the witness not to answer on grounds of privilege as phrased.
>
> Q. BY MR. JACOBS: Has the legal team ever conveyed to you we have concerns about a -- an Android release and we can't give you the legal bit?
>
> MS. ANDERSON: Objection. Instruct the witness not to answer on the grounds of attorney-client privilege as phrased.
>
> MR. JACOBS: And for all those instructions, you're following your counsel's instructions not to answer the question?
>
> THE WITNESS: Yes, I am.
>
> (Muino Decl. Exhibit E at 25:13-26:2 (July 27, 2011 Deposition Transcript of Andrew Rubin).)

Google also asserted privilege over legal advice that Mr. Rubin received after this lawsuit was filed:

> Q. BY MR. JACOBS: So let me ask you this question with the intent of dividing up possible privileged communications from non-privileged activities you may have conducted. Have you actually reviewed what I'll refer to as the infringement

1  contentions in this lawsuit?  It's a very thick document in which Oracle sets forth the claims of the patents-in-suit and the accused functionality.

MS. ANDERSON:  Objection.  Instruct the witness not to answer on the grounds of attorney-client privilege to the extent responding would inherently disclose communications you had with counsel.

THE WITNESS:  I'll take the instruction of my counsel.

Q.  BY MR. JACOBS:  Do you have a view, based on a review of the patents in the litigation, whether Android is bringing any of those patents?

MS. ANDERSON:  Objection.  Form.  And also object to the extent the question is seeking to disclose communications with counsel, on that basis, I would instruct you not to answer on grounds of privilege, otherwise you may answer.

THE WITNESS:  I will not answer based on the advice of my counsel.

Q.  BY MR. JACOBS:  Have you asked anybody on your team to assist counsel in reviewing the allegations?

MS. ANDERSON:  Objection.  Instruct the witness not to answer on grounds of attorney-client privilege.

THE WITNESS:  I'll take that advice.

Q.  BY MR. JACOBS:  Has anybody on your team assisted counsel in reviewing Oracle's patent infringement allegations?

MS. ANDERSON:  Objection, and instruct the witness not to answer on the grounds of attorney-client privilege.

THE WITNESS:  Again, I'll take that advice.

(*Id*. at 36:14-37:25.)

…

Q.  BY MR. JACOBS:  Did you get -- did you involve Google's counsel in review of the terms of click-through licenses at any point in the development of Android?

MS. ANDERSON:  Objection.  Instruct the witness not to answer on grounds of attorney-client privilege.

THE WITNESS:  I'll take that advice, thank you.

(*Id*. at 109:12-20.)

1  Google also used privilege as a shield to prevent Oracle from discovering any legal advice

2  received by Google regarding the copyrightability of APIs:

3
> Q. And in particular, I just have to ask this again: Did you consult with counsel
4  over your tenure at Google around the question of whether API's were
> copyrightable as it related to Android?
5  MS. ANDERSON: Objection. Instruct the witness not to answer on the grounds
> of attorney-client privilege.
6  THE WITNESS: I'll accept the advice of my attorney.
> (*Id*. at 155:22-156:5.)
7

8  Google asserted privilege and instructed Daniel Bornstein, Google engineer and one of the

9  lead developers for Android, not to answer questions regarding whether or not he received advice

10 of counsel about what materials he could look at to develop Android. (Muino Decl. Exhibit F at

11 161:22-162:21 (May 16, 2011 Deposition Transcript of Daniel Bornstein).)  Google's instruction

12 prevented discovery on this subject:

13
> Q. At the time, referring to, say, in early 2007, what was the source of your
14  understanding that it was that you could use documentation to gain understanding
> of the idea of an API?
15  A. I don't know specifically.
> Q. At the time, did you have -- receive any advice of counsel about what
16  materials you could or could not look at to develop Android?
> A. So I have had discussions with lawyers on and off throughout my career. I
17  don't know how much I can say about the content of those.
> MR. BABER: Instruct the witness to not say anything about the content of
18  discussions.
> THE WITNESS: Okay.
19  BY DR. PETERS:
> Q. Did you see the -- were you ever advised by counsel that it was permissible to
20  use a Javadoc to develop Android?
> MR. BABER: Object and instruct the witness not to answer the question on the
21  grounds of privilege.
> BY DR. PETERS:
22  Q. Will you follow your counsel's instructions?
> A. I will follow my counsel's instructions.
23  (*Id*.)

24
Further, Google asserted privilege in the deposition of Bob Lee, former Google engineer
25
in charge of developing Android's class libraries, and instructed him not to answer questions
26
regarding whether Google analyzed the implications of Sun's license dispute with Apache on the
27

28

ORACLE MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RE GOOGLE'S LEGAL ADVICE
CASE NO. CV 10-03561 WHA                                                                     4
sf-3049711

release of Android. (Muino Decl. Exhibit G at 73:4-12 (August 3, 2011 Deposition Transcript of Bob Lee).) Google's instruction prevented discovery on this subject:

> Q. BY MR. PETERS: Did Google analyze whether or not the dispute between Sun and Apache was any bar to its release of Android?
> MR. PURCELL: Object to the form.
> And to the extent you're aware of any analysis done by Google's lawyers or at the instruction of Google's lawyers, I instruct you not to answer.
> THE WITNESS: Okay. I'm not sure. I don't know.
> (*Id.*)

Fourth, Google asserted privilege in many of its responses to Oracle's interrogatories. For example, Google asserted privilege in its response to Interrogatory No. 2. (Muino Decl. Exhibit H at 7-8 (Google's Response to Oracle's 1st Set of Interrogatories dated January 6, 2011).) Oracle's Interrogatory No. 2 asks Google to "[i]dentify who at Google was and is responsible for Android's compliance with the intellectual property rights of third parties and briefly describe their roles in that regard." (*Id.*) Google asserted "attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection." (*Id.*) Further, it appears that Google failed to identify anyone from the legal team, nor did Google describe "their roles" in ensuring Android's compliance. Google's assertion of privilege over any legal advice it received pertaining to Android has been consistent and complete.

### II. GOOGLE SHOULD BE PRECLUDED FROM INVOKING ADVICE OF COUNSEL AS A DEFENSE

Having failed to disclose the basis of any advice of counsel defense and having blocked all discovery on this subject, Google should be precluded from arguing that it relied on legal advice in connection with its decisions to develop and release Android.

First, Patent L.R. 3-7 is perfectly clear that advice of counsel defenses are precluded if a party fails to waive privilege and produce documents underlying the defense:

> [E]ach party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:

>  (a) Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived;
>
>  (b) Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; . . . .
>
>  A party who does not comply with the requirements of this Patent L.R. 3-7 shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

Patent L.R. 3-7.  The rule is absolute – unless underlying documents and oral advice are disclosed, invoking advice of counsel to rebut any patent-related claim (including willfulness and intent to induce infringement) is precluded, absent a stipulation or leave of Court.  *Protective Optics, Inc. v. Panoptx, Inc.*, 488 F. Supp. 2d 922, 923 (N.D. Cal. 2007) ("a defendant who wishes to escape charges of willful infringement may rely on the advice of his attorney, but he must alert the other side of his intention to do so, and he must turn over (or identify in a privilege log) all documents that relate to the attorney's opinion.  Failure to do so precludes use of the attorney's opinion as a defense.")  Google has not made the required disclosures under L.R. 3-7; accordingly, it is precluded from offering an advice of counsel defense as a rebuttal to Oracle's allegations of willful patent infringement and intent to induce infringement.

   Second, Ninth Circuit law is clear that legal advice as a defense to willful copyright infringement must also be excluded if the party has invoked the attorney-client privilege to block discovery on that advice.  *See Columbia Pictures Indus., Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (affirming exclusion of legal advice as a defense to willful copyright infringement, because defendant invoked privilege to block discovery on that advice); *accord Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (privilege cannot be waived selectively and thus used as a sword and shield); *SNK Corp. of Am. v. Atlus Dream Ent't Co.*, 188 F.R.D. 566, 571 (N.D. Cal. 1999) ("[f]airness dictates that a party may not use the attorney-client privilege as both a sword and a shield").

   In *Columbia Pictures*, the Ninth Circuit affirmed a trial court's decision to exclude evidence of defendant's reliance on advice of counsel, because the defendant asserted privilege

over the same evidence during discovery. *Columbia*, 259 F.3d at 1196. Defendant in that case sought to present evidence regarding advice of counsel to rebut an allegation of willful copyright infringement. *Id.* However, defendant "refused to answer questions regarding his interactions with counsel at his deposition." *Id.* The district court granted plaintiff's motion in limine to exclude evidence relating to defendant's advice of counsel. *Id.* Defendant offered "to make himself available for deposition" on the subject of advice of counsel, but the district court rejected this offer, stating that "[t]he Defendant cannot now, at the eleventh hour, make himself available for a deposition." *Id.* (quoting district court). The Ninth Circuit agreed that "refusing to answer questions regarding relevant communications with counsel until the 'eleventh hour'" was sufficient ground for precluding testimony regarding the advice of counsel. *Id.*

Here, Google has used privilege as a shield. Google has systematically asserted attorney-client privilege on all subjects relating to advice of counsel, whether pertaining to patents or copyrights. Google routinely asserted privilege at depositions of its witnesses on subjects regarding advice of counsel, including conversations surrounding the legal team's analysis and checking of a "legal bit" to approve an Android release, as well as post-complaint analysis of Oracle's claims of infringement.

For these reasons, any evidence or argument that Google relied on legal advice in connection with its Android decisions should be excluded from trial. Google should be precluded from presenting evidence or argument on both the substance of Google's advice of counsel, as well as the fact that Google obtained and relied on that advice.

### III. CONCLUSION

Google used the attorney-client privilege to shield from discovery any evidence regarding legal advice it received in connection with its Android decisions. Under Patent L.R. 3-7 and Ninth Circuit law, Google is precluded from asserting any advice of counsel defense. Oracle requests that the Court exclude any evidence or argument that Google relied upon legal advice in making its decisions to develop and release Android.

| | | |
|---|---|---|
| 1 | Dated: September 24, 2011 | MICHAEL A. JACOBS |
| 2 | | MARC DAVID PETERS |
| | | DANIEL P. MUINO |
| 3 | | MORRISON & FOERSTER LLP |
| 4 | | By: */s/ Daniel P. Muino* |
| 5 | | *Attorneys for Plaintiff* |
| 6 | | ORACLE AMERICA, INC. |

ORACLE MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RE GOOGLE'S LEGAL ADVICE
CASE NO. CV 10-03561 WHA
sf-3049711

8