| | |
|---|---|
| 1 | MORRISON & FOERSTER LLP |
| | MICHAEL A. JACOBS (Bar No. 111664) |
| 2 | mjacobs@mofo.com |
| | MARC DAVID PETERS (Bar No. 211725) |
| 3 | mdpeters@mofo.com |
| | DANIEL P. MUINO (Bar No. 209624) |
| 4 | dmuino@mofo.com |
| | 755 Page Mill Road, Palo Alto, CA  94304-1018 |
| 5 | Telephone: (650) 813-5600 / Facsimile: (650) 494-0792 |
| 6 | BOIES, SCHILLER & FLEXNER LLP |
| | DAVID BOIES (Admitted *Pro Hac Vice*) |
| 7 | dboies@bsfllp.com |
| | 333 Main Street, Armonk, NY  10504 |
| 8 | Telephone: (914) 749-8200 / Facsimile: (914) 749-8300 |
| | STEVEN C. HOLTZMAN (Bar No. 144177) |
| 9 | sholtzman@bsfllp.com |
| | 1999 Harrison St., Suite 900, Oakland, CA  94612 |
| 10 | Telephone: (510) 874-1000 / Facsimile: (510) 874-1460 |
| 11 | ORACLE CORPORATION |
| | DORIAN DALEY (Bar No. 129049) |
| 12 | dorian.daley@oracle.com |
| | DEBORAH K. MILLER (Bar No. 95527) |
| 13 | deborah.miller@oracle.com |
| | MATTHEW M. SARBORARIA (Bar No. 211600) |
| 14 | matthew.sarboraria@oracle.com |
| | 500 Oracle Parkway, Redwood City, CA  94065 |
| 15 | Telephone: (650) 506-5200 / Facsimile: (650) 506-7114 |
| 16 | *Attorneys for Plaintiff* |
| | ORACLE AMERICA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **ORACLE AMERICA, INC.'S MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT THIRD-PARTY OEMS CHANGED INFRINGING COMPONENTS OF ANDROID** |
| v. | |
| GOOGLE INC. | |
| Defendant. | |
| | Dept: Courtroom 8, 19th Floor |
| | Judge: Honorable William H. Alsup |

ORACLE MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT
OEMS CHANGED INFRINGING COMPONENTS OF ANDROID
CASE NO. CV 10-03561 WHA
pa-1487213

Oracle moves the Court to preclude Google from offering argument or evidence at trial that any changes were made to the infringing components of the Android source code by third party original equipment manufacturers (OEMs). Throughout this litigation, Google has steadfastly denied knowledge of any modifications made by OEMs to the infringing components of Android: (1) In response to Oracle's Interrogatory 21, Google stated that it had "no direct, specific knowledge with regard to how third parties modify the accused Android source code and documentation"; and (2) Google's corporate designee, Patrick Brady, testified that he did not know for certain, one way or the other, whether OEMs had changed the infringing components of Android installed on Android devices. Having disclaimed any knowledge of OEM changes to the infringing components, Google should be barred from offering any evidence or argument on that subject at trial.

## I. GOOGLE HAS DENIED KNOWLEDGE OF OEM CHANGES TO THE INFRINGING COMPONENTS OF ANDROID

Oracle accuses the Android platform of infringing the patents-in-suit through several key platform components: (1) the Dalvik virtual machine, (2) the dexopt component, (3) the zygote process, (4) the dx tool, and (5) Android's java.security framework (collectively, the "infringing components"). Through an interrogatory (No. 21) and a Rule 30(b)(6) deposition topic (No. 7), Oracle sought discovery from Google regarding its knowledge of any modifications made by third parties to the infringing components of Android. In its interrogatory answer and through the testimony of its corporate designee, Google flatly denied any specific knowledge of whether or not OEMs modify the infringing components of Android to be installed on their Android devices. Instead, Google insisted that OEMs "may freely modify Android source code subject to the terms of [the Apache License]," presumably without Google's knowledge or oversight.

*Google's Response to Oracle's Interrogatory 21*: Oracle's Interrogatory 21 asked Google to "[i]dentify and describe in detail each modification made by third parties to the allegedly infringing portions of Android source code and documentation identified by Oracle's copyright and patent infringement contentions, including the author of, date of, and basis for each such modification." (Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *In*

*Limine* Nos. 1 Through 5 ("Muino Decl."), Exhibit I, Defendant Google, Inc.'s Responses to Plaintiff's Interrogatories, Set Four, at 10.) On July 29, 2011, Google responded as follows:

> Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, ***Google states that it has no direct, specific knowledge with regard to how third parties modify the accused Android source code and documentation***. Google releases Android source code to the public under the open source Apache License, Version 2.0. Any third party may freely modify Android source code subject to the terms of this license.

*Id.* at 11 (Google's objections omitted). To date, Google has not supplemented this response.

*Testimony of Google's Corporate Designee, Patrick Brady*: Topic 7 of Oracle's Rule 30(b)(6) deposition notice to Google sought testimony regarding "[m]odifications made by third parties to the allegedly-infringing portions of Android identified by Oracle's copyright and patent infringement contentions, including the author of, date of, and basis for each such modification." (Muino Decl. Exhibit J, Plaintiff's Notice of Deposition of Defendant Google Inc. Pursuant to Fed. R. Civ. P. 30(b)(6), Topics 4-9.)

On July 21, 2011, Oracle took the deposition of Google's corporate designee on Topic 7, Patrick Brady, Director of Android Partner Engineering. Mr. Brady was questioned regarding Google's awareness of any changes made by OEMs Samsung, HTC, LG, and Motorola to the Dalvik virtual machine, dexopt component, and zygote process of the Android code installed on the OEMs' Android devices. (*See, e.g.,* Muino Decl. Exhibit K at 25:16-18, 26:10-12, 28:2-4, 31:4-17, 46:2-47:2, 48:15-18, 50:2-17, 50:12-51:2, 53:16-19, 56:6-11, 59:23-60:7, 62:17-25, 63:14-20, 64:20-65:19 (July 21, 2011 Deposition of Patrick Brady).) For nearly every device covered, Mr. Brady testified that he had no knowledge of any OEM changes to those Android components. (*Id.*) With respect to two devices, the Samsung Galaxy S2 and the LG Optimus, Mr. Brady *assumed* that some changes may have been made to the Dalvik virtual machine, but he was not certain of the specifics. (Ex.C, Brady Tr., pp. 47:16-48:5, 57:22-58:18.) Responding to the question of whether Samsung had made changes to the Dalvik virtual machine in the Galaxy S2, Mr. Brady responded that "they likely must have, but I don't know the specifics." *Id.* at 47:16-48:5. Mr. Brady based this assumption on the fact that the Galaxy S2 has a dual-core

ORACLE MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT OEMS CHANGED INFRINGING COMPONENTS OF ANDROID
CASE NO. CV 10-03561 WHA
pa-1487213

2

1  processor and that the version of Android that Google provided to Samsung "was not designed for
2  duel core processors and so would have required some significant changes to the entire operating
3  system, including the Dalvik Virtual Machine." (*Id.*)  When asked about the LG Optimus, Mr.
4  Brady gave the same answer, claiming that the Optimus has a dual-core processor and that "my
5  understanding is that anyone who wanted to run a Dalvik Virtual Machine on a dual-core
6  processor architecture would need to make these changes." (*Id.* at 57:22-58:18.)  But Mr. Brady
7  could not say for certain that changes had been made to the Dalvik virtual machine in that device,
8  and had no knowledge of the specifics of any such changes.

## II.   GOOGLE SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT ON OEM CHANGES TO INFRINGING ANDROID COMPONENTS

This Court has previously ruled that, with respect to evidence admissible at trial, parties "will be held to their discovery answers." *Doe v. Reddy*, No. C 02-05570 WHA, 2004 U.S. Dist. LEXIS 30792, *14-15 (N.D. Cal. Mar. 24, 2004) (Alsup, J.).  In *Doe v. Reddy*, the Court granted a motion in limine precluding defendant (accused of sexual relations with an underage girl) from suggesting at trial that plaintiffs (the girl's parents) knew about the sexual relations.  *Id*.  The Court noted that defendant's interrogatory responses had identified no evidence regarding parental knowledge of the sexual relations.  *Id*.  While the response did refer to certain deposition testimony, that testimony did not establish parental knowledge.  *Id*.  Accordingly, the Court ruled that "Defendants will be held to their discovery answers" and "at trial no suggestion will be made that the parents knew of the sexual relations." *Id*.

Other courts in the 9th Circuit have followed this principle, limiting evidence admissible at trial to what is disclosed in discovery.  *See Service Employees Int'l Union ("SEIU") v. Roselli*, No. C 09-00404 WHA, 2010 WL 963707, at *5 (N.D. Cal. Mar. 16, 2010) (granting motion in limine to exclude evidence based on defendant's refusal to provide discovery on that evidence); *Tech. Licensing Corp. v. Thomson, Inc.*, No. CIV. S-03-1329, 2005 U.S. Dist. LEXIS 24239, at *16-17 (E.D. Cal. June 30, 2005) (limiting evidence at trial to information disclosed in response to interrogatory).  In the *SEIU* case, this Court granted a motion in limine to exclude evidence regarding certain activities aimed at obtaining workers' signatures, on the grounds that defendants

ORACLE MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT
OEMS CHANGED INFRINGING COMPONENTS OF ANDROID
CASE NO. CV 10-03561 WHA
pa-1487213

3

1  refused to answer questions about those activities during discovery. *SEIU*, 2010 WL 963707, at
2  *5. The Court observed, "having avoided disclosing in discovery the materials sought by
3  plaintiffs regarding defendants' post-trusteeship activities on grounds of relevancy, it would be
4  unfair sandbagging to allow defendants to now assert those same materials as a defense to
5  plaintiffs' claims." *Id*.

6  In this case, Google's interrogatory response disclaimed any specific knowledge of OEM
7  modifications of Android code. Although Google's response was served after the deposition of
8  Mr. Brady on Topic 7, Google did not incorporate Mr. Brady's testimony into its response. So
9  Google has disclosed nothing at all in response to Oracle's interrogatory regarding OEM changes
10 to Android. Accordingly, Google should be precluded from suggesting at trial that OEMs
11 changed the infringing components of Android, since it disclosed no evidence on this subject in
12 its interrogatory response. *Doe v. Reddy*, 2004 U.S. Dist. LEXIS 30792, at *14.

13 Furthermore, even if Mr. Brady's testimony were counted as disclosure on this subject, he
14 too disclaimed specific knowledge of OEM modifications to the infringing components of
15 Android. Testifying on Google's behalf, Mr. Brady stated repeatedly that Google does not have
16 specific knowledge of OEM changes to the infringing components of Android, because Google
17 purportedly does not receive the final source code the OEMs install on their devices. (Ex. C,
18 Brady Tr., p. 29:3-11.) While Mr. Brady assumed that two devices, Samsung's Galaxy G2 and
19 LG's Optimus, may have had changes made to their Dalvik virtual machines on account of their
20 dual-core processors, he had no certain or specific knowledge of this. (*Id.* at 47:16-48:5, 57:22-
21 58:18.) Mr. Brady's testimony provides no basis for Google to argue that OEMs made changes to
22 the infringing components of Android.

23 The preclusion of argument and evidence regarding OEM changes to Android should
24 extend to Google's experts, who should not be permitted to speculate regarding modifications to
25 the Android code without a factual basis. For instance, Google's expert, David August, stated in
26 his report that "device manufacturers often modify the source code." (Muino Decl. Exhibit L
27 ¶ 108 (Expert Report of David I. August, Ph.D. Regarding the Non-Infringement of U.S. Patent
28 No. 6,910,205).) Yet, Mr. August offered no basis for this statement other than an excerpt from

ORACLE MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT
OEMS CHANGED INFRINGING COMPONENTS OF ANDROID
CASE NO. CV 10-03561 WHA
pa-1487213

4

the deposition of Mr. Brady.[1]  (*Id.* Ex. M at 131:2-9.)  While Mr. Brady did testify regarding certain OEM changes to the Android code *in general*, he disclaimed any specific knowledge of OEM changes to the *infringing components* of Android.  Accordingly, Mr. Brady's testimony provides no basis on which Mr. August, or any other Google expert, may opine on purported OEM changes to the Android code.

### III. CONCLUSION

For the foregoing reasons, Oracle requests that the Court preclude Google, its attorneys, witnesses, and experts, from offering any argument or evidence at trial that OEMs made changes to the infringing components of the Android code installed on their devices.

Dated: September 24, 2011

MICHAEL A. JACOBS
MARC DAVID PETERS
DANIEL P. MUINO
MORRISON & FOERSTER LLP

By: */s/ Daniel P. Muino*

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

---

[1] Mr. August acknowledged that he has not examined any third party devices, nor has he conducted any research into how third party manufacturers might modify the source code. (Muino Decl. Exhibit M at 128:10-129:4, 130:10-19 (September 16, 2011 Deposition of David I. August).)

ORACLE MOTION IN LIMINE NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT OEMS CHANGED INFRINGING COMPONENTS OF ANDROID
CASE NO. CV 10-03561 WHA
pa-1487213

5