KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400
Facsimile: 415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE INC.,<br><br>　　　　　　　Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE'S OPPOSITION TO ORACLE'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE GOOGLE FROM OFFERING EVIDENCE OR ARGUMENT THAT THIRD-PARTY OEMS CHANGED INFRINGING COMPONENTS OF ANDROID**<br><br>Judge:　　Hon. William Alsup<br><br>Date Comp. Filed:　　October 27, 2010<br><br>Trial Date:　　October 31, 2011 |

## INTRODUCTION

Oracle's Motion In Limine No. 3 ("Motion") does not provide any basis to support the relief it seeks. Oracle argues that since Google does not know what specific portions of Android code were changed with respect to third parties' accused products, Google should be precluded from challenging Oracle's assumptions and conclusory expert opinions regarding third parties' use of allegedly-infringing Android code. Oracle's request is really a disguised attempt to relieve it of the burden of proving patent infringement, including the burden to prove that accused third party devices *actually contain and execute* the particular Android code that Oracle alleges to infringe the asserted patents. Oracle had the opportunity to collect the relevant evidence during discovery (such as by obtaining discovery from third party device manufacturers), but failed to do so. Oracle's subsequent inability to support its indirect infringement allegations at trial is a problem wholly of its own making, and Google is well within its rights to highlight that failure.

## DISCUSSION

### I. *Google Informed Oracle that Third Parties Make Significant Changes to Android*

Google has been abundantly clear and consistent that: (1) third parties modify Android source code, and (2) it does not have information about the specific changes.

Early in discovery, Google informed Oracle that it did not have information about what code was installed on third party devices, and that Oracle would have to seek such information directly from those third parties in order to support its indirect infringement claims. (*See, e.g.,* Mullen Decl. Ex. 2, March 2, 2011 letter from S. Weingaertner to M. Peters.) Google's response to Oracle Interrogatory No. 21 confirmed that "[a]ny third party may freely modify Android source code…" (Motion, Ex. I at 11.) and Google employee Patrick Brady testified at deposition that third party manufacturers of accused devices (*e.g.,* Samsung and HTC) made "extensive changes" to the Android code. (Mullen Decl. Ex. 3, July 21, 2011 Brady Dep. at 20:14-21; 43:22-25.) Mr. Brady testified that the changes particularly included the code implementing the

1  accused Dalvik Virtual Machine.[1] (*Id*. at 44:7-12; 77:25-78:4.)  Google showed all its cards and

2  hid nothing.

3  Having been aware of this issue since early in discovery, Oracle could (and should) have

4  obtained the HTC and Samsung versions of Android source code via subpoena, or taken

5  depositions of HTC and Samsung employees regarding their modifications to Android code.

6  <u>Oracle did neither</u>.  It appears that Oracle did not even bother to purchase the accused devices at

7  the outset of the case to determine how they operate.  As a result, Oracle simply failed to – and

8  indeed *declined to* – collect any reliable evidence that the accused third party devices contain and

9  execute the accused Android code.

10  ## II.    *Oracle Bears The Burden to Proof*

11  It is not Google's burden to prove that the accused devices do not utilize the allegedly

12  infringing Android source code, rather, it is *Oracle's burden* to prove that each accused device

13  utilizes the allegedly infringing code.  *See DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293,

14  1303 (Fed. Cir. 2006) ("the patentee always has the burden to show direct infringement *for each*

15  *instance of indirect infringement*." (emphasis added, citations omitted); *Fujitsu Ltd. v. Belkin*

16  *Intern., Inc.*, --- F. Supp. 2d ----, 2011 WL 1196417 (N.D. Cal. 2011) ("As with induced

17  infringement, a plaintiff must also show direct infringement by a third party in order to succeed

18  on a claim of contributory infringement." (citing *Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343,

19  1349 (Fed. Cir. 2003) (holding that the plaintiff must prove that the end users directly infringed

20  its patent in order to succeed on its claim of contributory infringement))).

21  Oracle largely failed to provide infringement contentions, expert reports or any other

22  evidence to support all of its indirect infringement allegations.  For example, Oracle's expert

23  report on patent infringement only addresses indirect infringement allegations with respect to just

24  three of the devices identified in Oracle's infringement contentions (the HTC Nexus One, HTC

25  Nexus S, and Samsung Captivate).  (*See* Mullen Decl. Ex. 4, Mitchell Report at ¶ 195; Mullen

---

[1] Oracle's suggestion that Google should have inserted Mr. Brady's testimony into its interrogatory response (Motion at 4) is entirely without merit, as Rule 26(e) explicitly provides that a party need not supplement interrogatory responses with information otherwise made known to the other party during the discovery process.  Oracle certainly did not insert of all its

Case 3:10-cv-03561-WHA   Document 500-1   Filed 10/07/11   Page 4 of 6

1  Decl. Ex. 5, ICs at § I.B.)  Thus, Oracle has no evidence (to present at trial) of indirect

2  infringement with respect to any other devices.  And even with respect to the three devices

3  addressed in Oracle's expert report, the expert based his opinions upon unreliable circumstantial

4  evidence and presumptions that have been challenged in Google's expert rebuttal reports.[2]

5  ### III.   Google Is Entitled To Challenge Oracle's Arguments

6      Google does not challenge the case law cited in Oracle's Motion and agrees that parties

7  are generally not permitted to show up at trial with new information that was not disclosed

8  during discovery.  But the issue here is very different because Oracle wants to show up at trial

9  without evidence of indirect infringement, offer up whatever argument it can muster (however

10  questionable), and then preclude Google from challenging any of Oracle's positions so it can

11  evade its burden of proof.  Oracle does not dispute the fact that third parties modify Android's

12  source code before installing it in their devices.  And *neither* party knows what particular

13  changes were made to the Android code before it was installed in the accused third party devices.

14      Simply based on the fact that Google does not know exactly how third parties have

15  modified the accused portions of Android source code, Oracle asks the Court to now preclude

16  Google "from offering any argument or evidence at trial that OEMs made changes to the

17  infringing components of the Android code installed on their devices." (Motion at 5.)  Oracle's

18  position is untenable.  Indeed, under this logic, Oracle should be equally barred from offering

19  any argument or evidence at trial that OEMs *use* Google's version of allegedly infringing

20  Android code because Oracle has failed to present ***any*** evidence that third parties *did not* modify

21  those portions of code.  Moreover, if Oracle's position was indeed the law, every defendant that

22  denies knowledge of indirect patent infringement would be precluded from presenting a defense

23  at trial.

---

employees' deposition testimony into its own interrogatory responses.

[2] Google also notes that the goal of Oracle's Motion seems altogether pointless.  According to the Supreme Court in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068-69 (2011), a plaintiff must show that the alleged infringer had <u>knowledge of the patent at issue</u> and <u>knowledge that the third party product infringed on that patent</u> to prove a claim for contributory infringement (35 U.S.C. § 271(b)) or inducement (§ 271(c)).  Oracle has no evidence for either requirement, and its motion clearly recognizes as much with respect to the latter.

### IV. A Motion in Limine is Inappropriate for the Relief Oracle Seeks

If Oracle's position is that Google has no facts or evidence to counter its indirect infringement claims, the proper approach would have been to move for summary judgment, not raise it as a motion in limine. *See* Order (Dkt. No. 384) (The motions *in limine* must be directed at excluding specific items of evidence; categorical motions and disguised summary judgment motions are highly disfavored"); *see also Carpenter v. Forest Meadows Owners Ass'n*, No. 09-cv-01918, 2011 U.S. Dist. LEXIS 82295 at *2 (E.D. Cal. July 26, 2011) (citing *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D. D.C. 2008) (a motion in limine should not be used as a substitute for a motion for summary judgment)). Oracle's requested relief is inappropriate because "a motion in limine should ***not*** be used to resolve factual disputes or weigh evidence." *Id.* (quoting *C & E Services*, 539 F. Supp. 2d at 323).

Motions in limine are generally intended for excluding *inadmissible* or *prejudicial* evidence before it is actually offered at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *see also Brodit v. Cabra*, 350 F.3d 985, 1004–05 (9th Cir. 2003). Oracle does not argue that any particular Google argument or evidence is *inadmissible* or *prejudicial*, and in regard to other disputes, "[c]ourts have recognized that it is almost always better situated during the actual trial to assess the value and utility of evidence." *Carpenter*, 2011 U.S. Dist. LEXIS 82295 at *1 (citing cases).

\*   \*   \*

To the extent that Oracle presents its case based on conclusory expert opinions, presumptions and speculations, Google should be fully entitled to challenge that house of cards at trial, and Oracle has no legal basis to preclude Google from doing so. In filing this motion, Oracle concedes that it has a serious evidentiary issue with respect to its indirect infringement case, namely as a result of its fatal failure to obtain sufficient third party evidence during discovery. Oracle's Motion is simply a desperate attempt to prevent Google from pointing out these glaring deficiencies at trial and should be denied.

| | |
|---|---|
| 1 | |
| 2 | Respectfully submitted, |
| 3 | Dated: October 4, 2011   KEKER & VAN NEST LLP |
| 4 | By: s/ Robert A. Van Nest |
| 5 | ROBERT A. VAN NEST<br>Attorneys for Defendant |
| 6 | GOOGLE INC. |

5

GOOGLE'S OPPOSITION TO ORACLE'S MOTION *IN LIMINE* NO. 3
CASE NO. 3:10-cv-03561-WHA

582868.01