1   MORRISON & FOERSTER LLP
    MICHAEL A. JACOBS (Bar No. 111664)
2   mjacobs@mofo.com
    MARC DAVID PETERS (Bar No. 211725)
3   mdpeters@mofo.com
    DANIEL P. MUINO (Bar No. 209624)
4   dmuino@mofo.com
    755 Page Mill Road, Palo Alto, CA  94304-1018
5   Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

6   BOIES, SCHILLER & FLEXNER LLP
    DAVID BOIES (Admitted *Pro Hac Vice*)
7   dboies@bsfllp.com
    333 Main Street, Armonk, NY  10504
8   Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
    STEVEN C. HOLTZMAN (Bar No. 144177)
9   sholtzman@bsfllp.com
    1999 Harrison St., Suite 900, Oakland, CA  94612
10  Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

11  ORACLE CORPORATION
    DORIAN DALEY (Bar No. 129049)
12  dorian.daley@oracle.com
    DEBORAH K. MILLER (Bar No. 95527)
13  deborah.miller@oracle.com
    MATTHEW M. SARBORARIA (Bar No. 211600)
14  matthew.sarboraria@oracle.com
    500 Oracle Parkway, Redwood City, CA  94065
15  Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

16  *Attorneys for Plaintiff*
    ORACLE AMERICA, INC.
17

18                  UNITED STATES DISTRICT COURT

19                 NORTHERN DISTRICT OF CALIFORNIA

20                     SAN FRANCISCO DIVISION

21  ORACLE AMERICA, INC.                    Case No. CV 10-03561 WHA

22              Plaintiff,                  **ORACLE AMERICA, INC.'S
                                            MOTION IN LIMINE NO. 4 TO
23       v.                                 EXCLUDE EVIDENCE OR
                                            ARGUMENT REGARDING
24  GOOGLE INC.                             ORACLE'S PAST ACTIONS WITH
                                            APPLICATION PROGRAMMING
25              Defendant.                  INTERFACES**

26                                          Dept.:  Courtroom 8, 19th Floor
                                            Judge:  Honorable William H. Alsup
27

28

1   Oracle moves the Court to exclude any evidence or argument regarding Oracle's and

2   Sun's alleged use of third party application programming interfaces ("APIs") and past statements

3   regarding copyright protection for interfaces generally.  Google proffered examples of such

4   evidence in the opening report of its copyright expert Owen Astrachan and in support of its

5   motion for summary judgment on copyright.  (*See, e.g.*, ECF. No. 262-1, Declaration of Owen in

6   Support of Defendant Google Inc.'s Motion for Summary Judgment ("Astrachan Decl."), Ex. 1

7   ¶¶ 62-86 and Ex. C (alleging that Oracle and Sun implemented APIs from third parties' pre-

8   existing software); ECF. No. 263-7 Declaration of Michael S. Kwun in Support of Defendant

9   Google Inc.'s Motion for Summary Judgment ("Kwun Decl."), Ex. G (September 1994 testimony

10   of former Sun CTO and current Google Chairman Eric Schmidt regarding open interfaces to the

11   National and Global Information Infrastructure).)  As described below, additional examples can

12   be found in Google's discovery requests.

13   None of this evidence is relevant.  It is not specific to the Java-related inventions and

14   copyrighted works at issue in this case, and it is irrelevant to the issue of whether they are

15   copyrightable in any event.  Moreover, the risks of jury confusion, unfair prejudice, and waste of

16   time substantially outweigh any minimal relevance the evidence may have.

17   **I.     ARGUMENT**

18   "Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  "Although

19   relevant, evidence may be excluded if its probative value is substantially outweighed by the

20   danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

21   undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

22   "'Unfair prejudice' within [this] context means an undue tendency to suggest decision on an

23   improper basis."  *Dream Games of Ariz., Inc. v. PC Onsite,* 561 F.3d 983, 993 (9th Cir. 2009)

24   (quoting Fed. R. Evid. 403 Advisory Committee's note).

25

26

27

28

A.   **Google's Evidence About APIs Is Not Relevant.**

1.   **Sun's and Oracle's Alleged Use of Third Party APIs Is Not Relevant.**

In his opening report, Dr. Astrachan alleges that Oracle's predecessor Sun implemented portions of APIs from a long defunct spreadsheet program called Visicalc dating from 1979, that Sun implemented portions of APIs from Linux as part of the Solaris operating system, and that Oracle implemented portions of APIs from IBM (allegedly a handful of names), again dating from 1979, in its database software.  (*See* ECF. No. 262-1, Astrachan Decl. ¶¶ 62-86 and Ex. C.)

This case concerns whether Google unlawfully appropriated copyrightable expression and patented inventions from Oracle's Java platform.  Evidence of Sun's and Oracle's alleged use of portions of third party APIs in non-Java products is irrelevant.

The Court's recent order on the copyright claims in this case highlights the need to analyze specific elements of the works at issue when determining copyrightability.  "If Google believes, for example, that a particular method declaration is a *scene a faire* or is the only possible way to express a given function, then Google should provide evidence and argument supporting its views as to that method declaration."  (ECF. No. 433 at 9.)  The evidence Google seeks to offer is not only unrelated to *specific elements* of the Java API specifications, but it is completely unrelated to *Java*.

Dr. Astrachan's testimony is particularly irrelevant here because it does not establish that the circumstances relating to Sun's and Oracle's alleged use of third party APIs are similar to the facts at issue here.  Dr. Astrachan does not even attempt in his report to compare the nature and extent of what Oracle allegedly used from third parties to what Google copied from the Java platform.  To the contrary, Dr. Astrachan admits that he did not research whether Oracle's spreadsheet products allegedly used anything more than a set of names from third parties:

> Q. Did you read -- did you do research to determine how much of the API was used, whether it was just the names or whether it was the organizational structure?
> A. No. My report talks about the names, and so I was concentrating on the fact that the names were the same in these two, and I didn't look to see how those names might be organized within the different spreadsheets, because we're talking about the spreadsheet example.

1  (Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *In Limine* Nos. 1

2  Through 5 ("Muino Decl."), Exhibit N at 290:15-24 (September 9, 2011 Deposition of Owen

3  Astrachan).)[1]  As detailed in Oracle's opposition to Google's copyright summary judgment

4  motion (ECF. No. 396, Oracle America, Inc.'s Opposition to Google's Motion for Summary

5  Judgment on Count VIII of Oracle's Amended Complaint), Google misappropriated not only an

6  entire collection and arrangement of names, but other elements such as method signatures, the

7  selection and arrangement of the elements, their complex interdependencies, and the prose text

8  that describes them.  Oracle's alleged use of certain names in a spreadsheet program, and nothing

9  more, is not relevant to determining copyrightability of the Java platform, or whether Google's

10  wholesale copying of the Java APIs constitutes "fair use."

11         In addition, Dr. Astrachan admitted that he did not research whether Oracle or Sun had

12  permission to use the third party APIs he cites:

13         Q. Did you do any research to see whether there was permission given to Oracle
          or Sun to use these APIs?
14         A. I didn't do research, but I'm reasonably confident that no agreement was made
          with Visicalc, for example, to include those method names, because I don't think -
15         - from Oracle or Sun, between StarOffice and OpenOffice. I don't – I'm assuming
          they did not talk to the originators of Visicalc. That's an assumption. I could be
16         wrong.
          Q. And you're assuming that why, because --
17         A. Because I'm thinking that the originators of Visicalc probably aren't around as
          part of Visicalc. They're certainly around as part of being guys that are still alive.
18         Q. Right. The company's not around anymore?
          A. Correct.
19
20  (Muino Decl. Exhibit N at 289:19-290:9 (September 9, 2011 Deposition of Owen Astrachan).)  In

21  summary, Dr. Astrachan's spreadsheet example involves a product from the 1970s (ECF. No.

22  262-1, Astrachan Decl. ¶ 65), from a company that no longer exists, and as far as Dr. Astrachan

23  knows, the company may have permitted Oracle's particular alleged use.

24

25         [1] Dr. Mitchell similarly points out in his opposition report that Dr. Astrachan's report
   "makes reference to only a handful of names and functions" from SQL.  (ECF. No. 397-1, Dr.
26  John C. Mitchell's Report in Opposition to Dr. Owen Astrachan's Opening Expert Report, ¶ 73)
   "From the little information he provided in his report, these names and functions do not appear to
27  be comparable to the Java APIs."  (*Id.*)

28

1   Dr. Astrachan's testimony on Oracle's alleged use of third party APIs is wholly irrelevant

2   to the central issue here—whether Google infringed Oracle's Java copyrights—and it should

3   therefore be excluded under Rule 402.

### 2. Former Sun or Oracle Employee Statements About Copyrightability of APIs Are Not Relevant.

4

5   Google's evidence of statements made by former Sun employees is similarly irrelevant.

6   Google's copyright summary judgment motion repeatedly cites statements made in 1994

7   congressional testimony by then-Sun CTO and current Google chairman Eric Schmidt relating to

8   the copyrightability of APIs.  (ECF. No. 260, Defendant Google Inc.'s Notice of Motion and

9   Motion for Summary Judgment on Count VIII of Plaintiff Oracle America's Amended Complaint

10  ("Google's MSJ"), at 1; ECF. No. 263-7, Kwun Decl. Ex. G.)  The prominence Google intends to

11  give to these statements at trial, and the purpose for which it intends to use them, is evident from

12  the fact that Dr. Schmidt is quoted in the very first paragraph of Google's brief, stating his belief

13  that "interface specifications are not protectable under copyright."  (*Id.*)  Dr. Schmidt is quoted

14  two more times in Google's brief to similar effect.  (ECF. No. 260, Google's MSJ at 2, 25).

15  Google's Requests for Admission (an excerpt of which are filed herewith as Muino Decl.

16  Exhibit O ("Requests")) contain additional statements regarding the copyrightability of non-Java

17  products that Google tries to attribute to former Sun or Oracle employees.  (*See, e.g.*, Requests

18  349-54 (quoting alleged policies of the American Committee for Interoperable Systems

19  ("ACIS"), of which Google claims Sun was a member).)  For example, Request 350 asks Oracle

20  to "Admit that, as an American Committee for Interoperable Systems member, Sun supported the

21  following principle: 'The rules or specifications according to which data must be organized in

22  order to communicate with another program or computer, i.e., interfaces and access protocols, are

23  not protectable expression under copyright law.'"  (*See also* Requests 355-79 (referencing and

24  quoting amicus briefs allegedly written by former Sun employees on behalf of ACIS in *Sony*

25  *Computer Entm't v. Connectix Corp.*, 203 F.3d 596 (9th Cir. 2000)); *Lotus Dev. Corp. v. Borland*

26  *Int'l, Inc.*, 515 U.S. 1191 (1995); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996);

27  *Computer Assocs. Int'l., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992); and *DVD Copy Control*

28

1    *Ass'n Inc. v. Brunner*, 10 Cal. Rptr. 3d 185 (Cal. Ct. App. 6th Dist. 2004).)  Dr. Schmidt's 1994

2    testimony is referenced in Requests 380-81.

3           These statements are completely irrelevant and should be excluded under Rule 402.  Dr.

4    Schmidt's 1994 testimony, for example, which came before the first Java Development Kit was

5    even published, was part of a discussion on interfaces relating to the planned National

6    Information Infrastructure—not Java specifically.  (ECF. No. 263-7, Kwun Decl. Ex. G.)  Nor

7    was Java at issue in the cases for which ACIS submitted amicus briefs.  But even if the statements

8    had been intended to encompass Java, they would not be relevant here.  Statements advocating

9    what the law *should* be, made over 10 years ago, have no place in this trial.  The question of

10   whether APIs, as a matter of policy, should not be copyrightable is initially one for the legislature.

11   Indeed, Dr. Schmidt was testifying before Congress.  And if Google is trying to admit former Sun

12   or Oracle employees' statements on the issue of whether APIs generally are copyrightable, that is

13   a question of law for the Court, not the jury.

14                  **B.      The Risk of Jury Confusion, Unfair Prejudice, and Undue Delay
                              Substantially Outweighs any Probative Value.**

15          Even if the Court finds that Oracle's prior statements and alleged use of non-Java APIs are

16   somehow relevant to Google's defenses, this evidence should still be excluded under Fed. R.

17   Evid. 403 because any minimal relevance they would have are outweighed by prejudice, undue

18   delay, and the risk of jury confusion.

19          Google offers Dr. Astrachan's third party API examples to suggest that Oracle, like

20   Google, has copied other companies' APIs and therefore is an unworthy plaintiff.  Oracle,

21   however, is not being sued for infringement.  As discussed above, Google's expert did not

22   investigate the circumstances or the extent of the material Oracle allegedly used from others or

23   how that relates to Google's copying in this case.  Based on an incomplete record, a jury might

24   try to punish Oracle for innocuous acts that have no relevance to this case.  Courts routinely

25   exclude allegations of purportedly bad acts by a plaintiff under Rule 403.  *See, e.g.*, *Leegin*

26   *Creative Leather Prods. v. Belts by Nadim, Inc.*, 316 Fed. Appx. 573, 575 (9th Cir. 2009) (finding

27

28

1    no abuse of discretion "in holding evidence of Leegin's alleged infringement of other copyrights

2    not at issue in the trial inadmissible under Rules 401 and 403").

3        Allowing this evidence would also complicate the trial and cause undue delay, in violation

4    of Rule 403.  *See Hodge v. Mayer Unified Sch. Dist. No. 43 Governing Bd.*, No. 05-15577, 2007

5    U.S. App. LEXIS 8595, at *5 (9th Cir. Apr. 13, 2007) (finding no abuse of discretion in

6    excluding defendant's alleged "other acts" of gender discrimination "due to the risks of

7    inefficiency and confusion stemming from the potential need to conduct mini-trials with regard to

8    each" allegation); *Santrayll v. Burrell*, No. 91 Civ. 3166 (PKL), 1998 U.S. Dist. LEXIS 586, at

9    *8-9 (S.D.N.Y. Jan. 22, 1998) (excluding evidence that copyright defendant previously copied

10   from third parties not in the case).  Consideration of Oracle's alleged use of portions of third party

11   APIs would require a mini-trial to determine the circumstances surrounding the alleged use of the

12   APIs and to place that use in its proper context.  In addition to analyzing the 37 packages of Java

13   APIs that Google copied, the jury would have to go through a similar analysis for completely

14   unrelated products that have nothing whatsoever to do with this case.  The jury would have to

15   consider what portions of APIs, if any, Oracle used; whether they were copyrightable; if they

16   were copyrightable, whether Oracle had permission to use them; and how they compare to

17   Google's copying of the Java APIs.  Google's own expert did not make such an inquiry and it is

18   too late for him to offer such an analysis now.  Oracle should not be forced to spend the jury's

19   valuable time addressing these irrelevant issues.

20       Similarly, allowing into evidence Dr. Schmidt's seventeen-year-old statement that

21   interface specifications are not protected by copyright—or similar statements by others—would

22   be prejudicial and would likely confuse the jury.  The jury's proper source for an explanation of

23   the law is the Court's instructions—not a statement by a former Sun employee to a congressional

24   committee or a statement made in an amicus brief.  *See A&M Records v. Napster, Inc.*, No. C 99-

25   05183 MHP, No. C 00-0074 MHP, 2000 U.S. Dist. LEXIS 20668, at *26 (N.D. Cal. Aug. 10,

26   2000) (excluding expert report by law professor that "offers a combination of legal opinion and

27   editorial comment on Internet policy").  Admitting these statements creates the risk that the jury

28   would give them undue weight, and would follow the former employees' proposed interpretation

1   of the law instead of the Court's.  Indeed that appears to be the very purpose for which Google is

2   offering these statements.

3          Admitting these sorts of statements into evidence would also cause undue delay, as both

4   sides would need to put in evidence about the context and meaning of the statements.  For

5   example, providing the full context of the telecommunications reform legislation that formed the

6   backdrop of Dr. Schmidt's 1994 testimony could take hours.

7   **II.     CONCLUSION**

8          For the reasons stated above, Oracle respectfully requests an order from this Court

9   granting Oracle America's Motion in Limine No. 4 and excluding from trial any evidence or

10  argument regarding Oracle's alleged use of third party APIs and Sun or Oracle's past statements

11  regarding copyright protection for interfaces generally, including the statements referenced in

12  Google's Requests for Admission.

13

14  Dated: September 24, 2011                    MICHAEL A. JACOBS
                                                 MARC DAVID PETERS
15                                               DANIEL P. MUINO
                                                 MORRISON & FOERSTER LLP
16

17                                         By:   */s/ Daniel P. Muino*

18                                               *Attorneys for Plaintiff*
                                                 ORACLE AMERICA, INC.

19

20

21

22

23

24

25

26

27

28