1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   J. THOMAS MCCARTHY (CA SBN 034728)
    TMcCarthy@mofo.com
3   DAVID E. MELAUGH (CA SBN 219477)
    DMelaugh@mofo.com
4   LYNN M. HUMPHREYS (CA SBN 168062)
    LHumphreys@mofo.com
5   JACQUELINE BOS (CA SBN 243938)
    JBos@mofo.com
6   NATHAN B. SABRI (CA SBN 252216)
    NSabri@mofo.com
7   MORRISON & FOERSTER LLP
    425 Market Street
8   San Francisco, California  94105-2482
    Telephone: 415.268.7000
9   Facsimile: 415.268.7522

10  Attorneys for Plaintiff
    AUTODESK, INC.

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

15

16  AUTODESK, INC., a Delaware corporation,        Case No.    3:08-cv-04397-WHA

17                      Plaintiff,                 **AUTODESK'S MOTION IN
                                                   LIMINE NO. 2 TO EXCLUDE
18          v.                                     EVIDENCE OR ARGUMENT
                                                   REGARDING AUTODESK'S
19  DASSAULT SYSTÈMES SOLIDWORKS                   APPLICATIONS TO REGISTER
    CORPORATION, a Delaware corporation,           DWG AND DWG-BASED MARKS**
20
                        Defendant.                 Date:    December 30, 2009
21                                                 Time:    9:00 a.m.
                                                   Place:   Courtroom 9, 19th Floor
22                                                 Judge:   Hon. William H. Alsup

23

24

25

26

27

28

Autodesk's Motion in limine No. 2 to Exclude Evidence or Argument Regarding Autodesk's
Applications to Register DWG and DWG-based Marks
Case No. 3:08-cv-04397-WHA
sf-2774525

**EXHIBIT C**

## I.      INTRODUCTION

In its briefing and oral argument in this case, SolidWorks has emphasized the PTO examination histories of Autodesk's applications for registration of DWG-based trademarks, suggesting it intends to rely on these histories at trial.  This material is irrelevant and highly prejudicial.  The Court should, in accordance with Federal Rules of Evidence 402 and 403, exclude any evidence or argument regarding the prosecution histories of Autodesk's applications to register the marks DWG, MAX DWG, and DWG UNPLUGGED.

## II.     ARGUMENT

### A.      Solidworks Should Be Precluded from Introducing any Evidence or Argument regarding Autodesk's Application to Register the Mark DWG

In its briefing, SolidWorks relies on the prosecution history of Autodesk's trademark application for the mark DWG for the contention that the "PTO refused Autodesk's registration," and quotes extensively from the Notice of Suspension issued by the PTO.  (SolidWorks' Mot. for Summ. J. ("SW Mot.") (D.I. 91) at 4.)  According to that prosecution history, on April 3, 2006, Autodesk applied to register its mark DWG.  (Declaration of Jacqueline Bos ("Bos No. 2 Decl."), filed herewith, ¶ 2, Ex. 1 (Trademark Application at SW0005373).)  In the course of examination, the PTO issued three non-final Office Actions.  (Bos. No. 2 Decl., ¶ 3, Ex. 2 (Transaction history at SW0004838).)  In the first Office Action, dated September 14, 2006, the PTO examining attorney refused registration of the DWG mark "because the proposed mark merely describes applicant's goods," but continued the examination by permitting Autodesk to "respond to the refusal to register by submitting evidence and arguments in support of registration."  (Bos. No. 2 Decl., ¶ 4, Ex. 3 (Office Action at SW0005362-63).)  Following a response from Autodesk, the PTO issued the second Office Action, dated May 19, 2007, in which the examining attorney withdrew the requirements for a substitute specimen and supporting declaration, but "maintained and continued" the refusal to register before inviting additional argumentation against the refusal.  (Bos. No. 2 Decl., ¶ 5, Ex. 4 (Office Action at SW0005241-43).)  Following a response from Autodesk, the PTO issued the third Office Action, dated November 13, 2007, in which the examining attorney "maintained and continued" the

Autodesk's Motion in limine No. 2 to Exclude Evidence or Argument Regarding Autodesk's
Applications to Register DWG and DWG-based Marks
Case No. 3:08-cv-04397-WHA
sf-2774525                                                                                               1

**EXHIBIT C**

1    refusal to register, and invited additional argumentation in addition to requesting answers to specific

2    questions.  (Bos. No. 2 Decl., ¶ 6, Ex. 5 (Office Action at ADSK0010125-10127).)

3           On June 22, 2008, the PTO issued a Notice of Suspension of examination pending the

4    disposition of proceedings before the Trademark Trial and Appeal Board between Autodesk and the

5    ODA regarding "OPENDWG," and between Autodesk and SolidWorks regarding

6    "DWGGATEWAY," and "DWGEDITOR."  The examining attorney specifically stated that these

7    proceedings "could affect the registrability" of the DWG mark, and continued the refusal of

8    registration on the grounds that "DWG is a file format . . . Applicant is not the exclusive source of

9    files with the format name DWG . . . [and] Applicant does not control the use of DWG by others."

10   (Bos. No. 2 Decl., ¶ 7, Ex. 6 (Roberts Decl. Ex. 26 (D.I. 100-1) at SW0004840-41).)  The TTAB

11   proceedings were subsequently suspended pending the disposition of this civil action.  *See* Bos No. 2

12   Decl., ¶ 8, Ex. 7 (PTO Electronic Record at ADSK0072111.)

13          The introduction at trial of the non-final Office Actions, Notice of Suspension, and other

14   documentation from the prosecution history of Autodesk's application to register the mark DWG will

15   be of limited probative value and greatly prejudice Autodesk because of the undue weight that will be

16   accorded to this evidence by the jury.  In *Everest Capital Ltd. v. Everest Funds Management., LLC,*

17   the Eighth Circuit Court of Appeals affirmed the district court's decision in similar circumstances to

18   exclude a Notice of Suspension from evidence.  *See Everest Capital*, 393 F.3d 755, 764 (8th Cir.

19   2005).  There, the court found that "[t]he Trademark Office suspension notice had little probative

20   value because it stated a tentative opinion, not an administrative finding of fact based upon an

21   adequate record.  But the agency opinion had the potential to unfairly prejudice the defendants if the

22   jury mistakenly viewed it as an official government position on the critical confusion issue that the

23   jury had to decide."  *Id*; *cf. United States v. Perry*, 857 F.2d 1346, 1351 (9th Cir. 1988) ("admission

24   of a prior judicial opinion as substantive evidence of a fact then in issue presents the danger that a

25   jury may give the judicial opinion undue weight or be confused, believing the earlier court's findings

26   somehow binding on it").

27          Here, the PTO's non-final Office actions as well as its Notice of Suspension are tentative

28   opinions that are not final administrative agency opinions.  As such, the concern expressed by the

**EXHIBIT C**

1    Eighth Circuit is equally valid in this case, where the jury may mistakenly view these preliminary

2    opinions as the official government position on issues that must ultimately be decided by the jury.

3    Moreover, these documents address the precise issues the parties will present to the jury –

4    specifically, whether DWG is generic and whether Autodesk is the source of DWG.  *Compare* Bos

5    No. 2 Decl., Ex 6 (Roberts Decl. Ex. 26 at SW0004840-41) *with* Court's Order Granting in Part &

6    Denying in Part Pl.'s and Def.'s Mot. for Summ. J. (D.I. 195) at 6 ("Defendant submits that DWG

7    now denotes a particular file type or format and does not identify or distinguish the source of a

8    particular product.  Plaintiff replies that DWG is not generic.  Users associate the mark with plaintiff,

9    it counters . . . [¶] Both sides will have to try and convince a jury.").  The potential is high that the

10   jury will mistakenly view the PTO's preliminary opinions as the official government position on the

11   exact issues that it must decide.  To avoid unfairly prejudicing Autodesk, the Court should exclude

12   any evidence or argument regarding the prosecution history of Autodesk's application to register the

13   mark DWG.

14          In analogous circumstances in the patent context, it is well-established that evidence regarding

15   non-final PTO Office Actions pertaining to patents in reexamination proceedings should be excluded

16   from trial because of its irrelevant and highly prejudicial nature.  *See Hoechst Celanese Corp. v. BP*

17   *Chems., Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("the grant by the examiner of a request for

18   reexamination is not probative of unpatentability"); *Fresenius Med. Care Holdings, Inc. v. Baxter*

19   *Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1330003, at *4 (N.D. Cal. May 15, 2006) (finding *Hoechst*

20   persuasive as "indicating that it may be appropriate to exclude the reexamination orders at trial if

21   their probative value is outweighed by their potential to prejudice the jury" and granting party leave

22   to raise this issue in motion in limine); *3M Innovative Prop. Co. v. Dupont Dow Elastomers LLC*,

23   No. 03-3364 MJD/AKB, 2005 WL 2216317, at *2 (D. Minn. Sept. 8, 2005) ("On the other hand,

24   admission of evidence of an incomplete reexamination would have low probative value, would

25   distract from the core issues of the case, and would be highly prejudicial") (internal citations

26   omitted); *Amphenol T & M Antennas, Inc. v. Centurion Int'l, Inc.*, No. 00-C-4298, 2002 WL

27   32373639, at *1-2 (N.D. Ill. Jan. 17, 2002) (granting motion in limine to exclude evidence of

28   incomplete patent reexamination proceedings).  Because the reasoning and considerations behind

**EXHIBIT C**

1  these decisions are applicable to non-final Office Actions issued in trademark applications, the Court

2  should also exclude the aforementioned evidence from trial for the reasons identified in the numerous

3  decisions above.

4          Finally, it should be noted that there is a significant, prejudicial factual error in the third

5  Office Action.  There, the examining attorney stated that "[t]wo registrations are already of record in

6  which the marks include DWG.  If applicant thought it owned DWG, it *would have moved* to cancel

7  these registrations."  (Bos. No. 2 Decl., ¶ 6, Ex. 5 (Office Action at ADSK0010126) (emphasis

8  added).)  Autodesk had long since filed cancellation actions on the registration of marks including

9  DWG.  On December 7, 2006 (consolidated petition dated January 16, 2007), eleven months before

10 the third Office Action, Autodesk had filed a petition for cancellation of OPENDWG.  (Bos. No. 2

11 Decl., ¶ 12, Ex. 11 (Petition for cancellation of OPENDWG).)  On February 14, 2007, nine months

12 before the third Office Action, Autodesk filed a petition for cancellation of RASTERDWG.  (Bos.

13 No. 2 Decl., ¶ 13, Ex. 12 (Petition for cancellation of RASTERDWG).)  Given the erroneous,

14 prejudicial assertion in the third Office Action, the Court should exclude the aforementioned

15 evidence from trial.

16       **B.**     **The Court Should Exclude Any Evidence or Argument that Autodesk's
17                 Date of First Use of the Mark DWG was November 28, 2005 Because the
                Record Directly Contradicts Such a Claim**

18          In its April 3, 2006 application to register its trademark DWG, Autodesk represented to the

19 PTO that the "First Use Anywhere Date" and the "First Use in Commerce Date" were both "[a]t least

20 as early as 11/28/2005."  (Bos No. 2 Decl., ¶ 2, Ex. 1 at SW0005374.)  "[I]ndefinite terms in

21 describing dates" such as "at least as early as" are acceptable in trademark applications, and are "not

22 considered to be misleading, because [they] do[] give notice that, when called upon to do so, the

23 applicant may undertake to prove a date earlier than the one stated."  Trademark Manual of

24 Examining Procedure ("TMEP") § 903.06 (6th ed. 2009); *see also Hydro-Dynamics, Inc. v. George

25 Putnam & Co., Inc.*, 811 F.2d 1470, 1473 (Fed. Cir. 1987) (same).  Nevertheless, indefinite terms are

26 not entered into the automated records of the PTO, or printed in the *Official Gazette* or on certificates

27 of registration.  TMEP § 903.06.  Thus, if the applicant states that the mark was first used "at least as

28

AUTODESK'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING AUTODESK'S
APPLICATIONS TO REGISTER DWG AND DWG-BASED MARKS
CASE NO. 3:08-cv-04397-WHA
sf-2774525

4

**EXHIBIT C**

1    early as 11/28/2005," the only information printed in the aforementioned documents will be the date

2    itself, without qualification. *Id.*

3          Here, SolidWorks has produced the PTO's automated records for Autodesk's DWG

4    application, which specifically state: "FIRST USE: 20051128.  FIRST USE IN COMMERCE:

5    20051128."  (Bos. Decl., ¶ 7, Ex. 6 at SW0004830.)  SolidWorks has also argued that the "Court

6    should hold Autodesk to that date," signifying that SolidWorks will present evidence or argument to

7    the jury that November 28, 2005 is Autodesk's date of first use in commerce for the DWG mark.

8    (SW Mot. at 15.)

9          The introduction of documents listing Autodesk's date of first use of the DWG mark as

10   November 28, 2005 do not reflect the reality of Autodesk's claim to a first use date *at least as early*

11   *as November 28, 2005*, and are likely to mislead the jury and confuse the issue of when Autodesk

12   actually first used the DWG mark.  Moreover, SolidWorks' contention attempts to undermine the

13   accepted policies of the PTO by transforming a permissible claim to an indefinite term to an

14   irrebuttable claim of a date certain.  Because Autodesk's representation to the PTO was solely a claim

15   to a preliminary date and a preservation of its right to claim an earlier date of first use, the Court

16   should, in accordance with Federal Rule of Evidence 403, exclude any evidence or argument

17   regarding the prosecution history of Autodesk's application to register the mark DWG, and more

18   particularly, any evidence or argument that Autodesk's date of first use of the DWG mark was

19   November 28, 2005.

20       **C.**    **The Court Should Exclude any Evidence or Argument that Autodesk**
                  **Disclaimed the Mark DWG in Other Trademark Applications Because**
21                **Such Information is Likely to Mislead the Jury**

22         In 1996, Autodesk filed applications to register the marks "MAX DWG" and "DWG

23   UNPLUGGED."  (Bos No. 2 Decl., ¶ 9, Ex. 8 (SW0007334-35 - Max DWG); ¶ 10, Ex. 9

24   (SW0007332-33 - DWG Unplugged).)  For the purpose of quickly advancing the registration of these

25   marks, Autodesk disclaimed the exclusive right to use "DWG" apart from the marks as stated in the

26   applications.  (Bos No. 2 Decl., ¶ 11, Ex. 10 (Roberts Decl. Ex. 23 (D.I. 99-7) at Responses to RFAs

27   Nos. 5-6).)  SolidWorks has argued that these disclaimers are evidence of Autodesk's failure to treat

28   DWG as a trademark.  (SW Mot. at 3.)

AUTODESK'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING AUTODESK'S
APPLICATIONS TO REGISTER DWG AND DWG-BASED MARKS
CASE NO. 3:08-CV-04397-WHA
sf-2774525

5

**EXHIBIT C**

1   Under 15 U.S.C. § 1056(a), an applicant may be required to disclaim a component of a mark

2   sought to be registered.  "The purpose of the disclaimer practice is to enable, not to bar, registration."

3   *In re K-T Zoe Furniture*, 16 F.3d 390, 394 (Fed. Cir. 1994).  The Lanham Act makes clear that a

4   disclaimer does not affect the applicant's underlying rights in the disclaimed term or rights that may

5   arise after the disclaimer is entered; disclaimed matter may even be registered at a later date if it has,

6   with time and use, acquired distinctiveness.  15 U.S.C. § 1056(b).  In *Official Airline Guides, Inc. v.*

7   *Goss*, the Ninth Circuit Court of Appeals found that a party's "disclaimer of the phrase 'Travel

8   Planner' in its registration does not deprive it of any common law rights it may have in the

9   disclaimed matter.  The determination whether [the party] has obtained a common law mark over the

10   term 'Travel Planner' constitutes a serious question going to the merits."  *Official Airline Guides,*

11   856 F.2d 85, 87 (9th Cir. 1988) (internal citations omitted).

12   Here, Autodesk's disclaimer took place approximately thirteen years ago.  Since the Lanham

13   Act permits applicants to establish that they had or have developed common law rights in disclaimed

14   matter, Autodesk's earlier disclaimer in a trademark application has no bearing on whether it has

15   common law rights in DWG.  Because the relevant time frame for the issues raised by this lawsuit

16   begins with the date of SolidWorks' alleged infringement in 2004, a disclaimer from 1996 would not

17   be probative of this issue.  Accordingly, the Court should exclude as irrelevant to any claim in this

18   case any evidence or argument regarding the prosecution histories of Autodesk's applications to

19   register the marks MAX DWG and DWG UNPLUGGED, and more specifically, any evidence or

20   argument that Autodesk disclaimed the exclusive right to use "DWG" apart from the marks in its

21   other trademark registration applications. Fed. R. Evid. 402.  Moreover, because official government

22   records from the PTO showing the disclaimers are likely to mislead the jury and confuse the issue of

23   whether Autodesk has common law rights in the DWG mark, the Court should also exclude such

24   evidence or argument under Federal Rule of Evidence 403.

25   **III.   CONCLUSION**

26   For the reasons stated above, Autodesk respectfully requests an order granting Motion in

27   Limine No. 2 and excluding from trial, in accordance with Federal Rules of Evidence 402 and 403,

28

**EXHIBIT C**

1    any evidence or argument regarding the prosecution histories of Autodesk's applications to register

2    the marks DWG, MAX DWG, and DWG UNPLUGGED.

3    Dated: December 14, 2009                    MICHAEL A. JACOBS
                                                  J. THOMAS MCCARTHY
4                                                 DAVID E. MELAUGH
                                                  LYNN M. HUMPHREYS
5                                                 JACQUELINE BOS
                                                  NATHAN B. SABRI
6                                                 MORRISON & FOERSTER LLP

7                                                 By:   /s/ Michael A. Jacobs
                                                         MICHAEL A. JACOBS
8
                                                  Attorneys for Plaintiff
9                                                 AUTODESK, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C**