ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET FOUR** |

# EXHIBIT I

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google"), through its attorneys, responds to *Plaintiff's Interrogatories to Defendant Google Inc., Set Four* ("Plaintiff's Fourth Interrogatories"), served by plaintiff Oracle America, Inc. ("Plaintiff" or "Oracle") on June 29, 2011, as follows.

**GENERAL OBJECTIONS**

1. Google responds generally that its investigations of the facts relevant to this litigation are ongoing. Google's responses herein are given without prejudice to Google's right to amend or supplement in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Civil Local Rules, the Court's Supplemental Order to Order Setting Initial Case Management Conference, any applicable Standing Orders, and the Case Management Order entered by the Court.

2. Google generally objects to Plaintiff's Fourth Interrogatories, and the "Definitions and Instructions" related thereto, to the extent they are inconsistent with or impose obligations beyond those required by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules, the Court's Supplemental Order to Order Setting Initial Case Management Conference, any applicable Standing Orders, and the Case Management Order entered by the Court. In responding to each Interrogatory, Google will respond as required under Rule 33 of the Federal Rules of Civil Procedure.

3. Google generally objects to Oracle's definition of "Java Platform" on the grounds that the definition is overbroad and misleading to the extent it purports to include "the Java programming language," as to which Oracle does not own proprietary rights. When used in Google's responses, the phrase "Java Platform" shall not include "the Java programming language" and, without acknowledging or agreeing that Oracle owns any proprietary rights in any elements thereof, shall have the meaning ascribed to that phrase in paragraph 9 of Oracle's Amended Complaint, namely "a bundle of related programs, specifications, reference implementations, and developer tools and resources that allow a user to deploy applications written in the Java programming language on servers, desktops, mobile devices, and other devices," including but not limited to the Java compiler, the Java Virtual Machine, the Java

Development Kit, the Java Runtime Environment, the Just-In-Time compiler, Java class libraries, Java application programming interfaces, and Java specifications and reference implementations.

4. Google generally objects to Oracle's definition of "Android" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes "related public or proprietary source code, executable code, and documentation."

5. Google generally objects to Plaintiff's Fourth Interrogatories to the extent (a) they are not reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim or defense of any party; (b) they are unreasonably cumulative or duplicative; (c) they seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (d) the burden or expense of the proposed discovery outweighs any likely benefit.

6. Google generally objects to Plaintiff's Fourth Interrogatories to the extent they seek information, documents, and/or things protected from discovery by the attorney-client privilege, the work product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Nothing contained in Google's responses is intended to be, or in any way shall be deemed, a waiver of any such applicable privilege or doctrine.

7. Google generally objects to Plaintiff's Fourth Interrogatories to the extent they request information, documents, and/or things not within the possession, custody, or control of Google, that are as readily available to Plaintiff as to Google, or that are otherwise in the possession of Plaintiff, on the grounds that such requests are unduly burdensome.

8. Google generally objects to Plaintiff's Fourth Interrogatories on the grounds that they seek confidential, proprietary records or that they invade the privacy of individuals who are not parties to this litigation.

9. Google objects that Oracle has already exhausted its exceeded its allowable number of Interrogatories because it propounded Interrogatories No. 3 through 16, which Google treated as containing two distinct sub-parts. Oracle stated in writing that it was seeking a total of

42 distinct interrogatories with those numbered 3 through 16, seeking "Google's factual and legal bases for its defense known to it as of October 4, 2010, November 10, 2010, and now." (January 12, 2011 Letter, Jacobs to Weingaertner.)  Notwithstanding the foregoing and the fact that reading each interrogatory as two separate interrogatories exceeds the limits of Rule 33, Google responded with respect to when it filed its operative pleading in the case, namely *Google Inc.'s Answer to Plaintiff's Amended Complaint for Patent and Copyright Infringement and Amended Counterclaims* on November 10, 2010 (Doc. #51) ("Answer and Counterclaims"), as well as its bases for its defenses generally, subject to Google's general objection that discovery has just begun, and Google is still developing its defenses.  In view of the Court's admonition that "no enlargements of the limitations on discovery in the Federal Rules of Civil Procedure will be allowed until after counsel have demonstrated that they will behave reasonably in the discovery already authorized," Google objects to what Oracle has labeled as Interrogatory Nos. 20-25 as being improperly served without seeking permission from the Court to enlarge the scope of discovery.  Google expressly reserves its right to move for a protective order on Interrogatory Nos. 20-25 and any response herein is not a waiver of that right.

10. Google incorporates by reference these General Objections into the specific objections and responses set forth below.  While Google may repeat a General Objection for emphasis or some other reason, the failure to specifically refer to any General Objection does not constitute a waiver of any sort.  Moreover, subject to the requirements of Rule 33 of the Federal Rules, Google reserves the right to alter or amend its objections and responses set forth herein as additional facts are ascertained and analyzed.

11. Google has conducted a reasonable inquiry sufficient to comply with any obligations with respect to these Interrogatories and makes no representation that these responses include an exhaustive list of all facts responsive and relevant to these Interrogatories.

12. Google remains willing to meet and confer with respect to any of its objections to assist Plaintiff in clarifying or narrowing the scope of the requested discovery, and reserves the right to move for a protective order if agreement cannot be reached.

**EXHIBIT I**

part due to industry demand for an NDK by application developers), which allows developers to write code for Android applications in a programming language other than Java that can be compiled to machine code and natively executed by Android-based devices.

With respect to the copyrights-in-suit, the allegedly copied elements are not copyrightable, and thus Google's implementation is a non-infringing alternative. Moreover, to the extent that the accused Android API packages incorporate or were derived from Apache Harmony API libraries, Google's use of those libraries is licensed under the Apache 2.0 open source license, and is thus a non-infringing alternative. Likewise, to the extent that the accused Android API packages incorporate or were derived from other third party API libraries, Google's use of those libraries is licensed under open source licenses, and is thus a non-infringing alternative. Google also independently developed its own Android API packages, and thus those are a non-infringing alternative. (*See, e.g.,* Rough Transcript of the July 22, 2011 Deposition of Dan Bornstein at 171-178.)

Google further states that to the extent this Interrogatory seeks information that is more properly the subject matter of expert testimony, it will be addressed in Google's non-infringement expert reports.

Pursuant to Fed. R. Civ. P. 33(d), Google incorporates by reference the documents and deposition testimony cited in this Interrogatory response.

**INTERROGATORY NO. 21:**

Identify and describe in detail each modification made by third parties to the allegedly-infringing portions of Android source code and documentation identified by Oracle's copyright and patent infringement contentions, including the author of, date of, and basis for each such modification.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to its General Objections, Google objects to this Interrogatory as vague and ambiguous by reason of its use of the phrases "third parties," "allegedly-infringing portions," "documentation," "identified by Oracle's copyright and patent infringement contentions," "basis for each such modification," and as to the term "Android" as defined by Plaintiff. Google also

objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Google also objects to this Interrogatory on the grounds that it seeks a legal conclusion or an expert opinion. Google further objects to this Interrogatory to the extent that it seeks information that is the confidential information of, or proprietary to, or the trade secret of, a third party and to the extent that it seeks information based on the subjective beliefs or opinions of third parties. Google further objects to this Interrogatory as overly broad and unduly burdensome to the extent that it is not reasonably calculated to lead to the discovery of admissible information. Google also objects to this Interrogatory to the extent that it seeks information not within Google's possession, custody or control, to the extent that it is not limited to Google, and to the extent that it seeks information not kept in the ordinary course of Google's business.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, Google states that it has no direct, specific knowledge with regard to how third parties modify the accused Android source code and documentation. Google releases Android source code to the public under the open source Apache License, Version 2.0. Any third party may freely modify Android source code subject to the terms of this license.

**INTERROGATORY NO. 22:**

Describe in detail the steps that Google and Android device manufacturers perform to retrieve, port, load, install, test, and/or execute Android on Android devices, including without limitation the person or entity that performs each step and the physical location where each step is performed.

**RESPONSE TO INTERROGATORY NO. 22:**

In addition to its General Objections, Google objects to this Interrogatory as vague and ambiguous by reason of its use of the phrases "Android device manufacturers," "retrieve," "port," "load," "install," "test," "execute," "Android devices," "the physical location where each step is performed," and as to the term "Android" as defined by Plaintiff. Google further objects to this Interrogatory to the extent that it seeks information that is the confidential information of,

DATED:  July 29, 2011

**KING & SPALDING LLP**

By: /s/ Scott T. Weingaertner

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

# EXHIBIT I

# CERTIFICATE OF SERVICE

I hereby certify that on this day, July 29, 2011, I served a true and correct copy of DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET FOUR via e-mail on the following individuals:

David Boies
Boies Schiller and Flexner
333 Main Street
Armonk, NY  10504
914-749-8201
Fax: 914-749-8300
Email: Dboies@bsfllp.com

Deborah Kay Miller
Oracle USA, Inc Legal Department
500 Oracle Parkway
Redwood Shores, CA  94065
(650) 506-0563
Email: Deborah.Miller@oracle.com

Dorian Estelle Daley
500 Oracle Parkway
Redwood City, CA  94065
(650) 506-5200
Fax: (650) 506-7114
Email: Dorian.daley@oracle.com

Marc David Peters
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
Fax: (650) 494-0792
Email: Mdpeters@mofo.com

Matthew M Sarboraria
Oracle Corporation
500 Oracle Parkway, 5OP7
Redwood Shores, CA  94065
650/ 506-1372
Email: Matthew.sarboraria@oracle.com

Michael A Jacobs
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
650-813-5600
Fax: 650-494-0792
Email: MJacobs@mofo.com

Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7475
Email: DMuino@mofo.com

Steven Christopher Holtzman
Boies, Schiller & Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA  94612
510-874-1000
Fax: 510-874-1460
Email: Sholtzman@bsfllp.com

Executed on July 29, 2011.

/s/ Christopher C. Carnaval
Christopher C. Carnaval

CERTIFICATE OF SERVICE                    CIVIL ACTION NO. CV 10-03561

## EXHIBIT I