KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     415. 391.5400
Facsimile:      415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650. 328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**DEFENDANT GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF ORACLE AMERICA, INC. (NOS. 1 – 429)**<br><br>Judge:        Hon. William H. Alsup<br><br>Date Comp. Filed:       October 27, 2010<br><br>Trial Date:         October 31, 2011 |

562803.01

**EXHIBIT O**

1    Admit that Oracle Corporation currently does not have a license to any copyrights
2    covering the structures of Microsoft Excel's Spreadsheet Functions.

3    **REQUEST FOR ADMISSION NO. 336:**

4    Admit that Sun was a member of the American Committee for Interoperable Systems.

5    **REQUEST FOR ADMISSION NO. 337:**

6    Admit that Sun was a founding member of the American Committee for Interoperable
7    Systems.

8    **REQUEST FOR ADMISSION NO. 338:**

9    Admit that Sun was the initial founder of the American Committee for Interoperable
10   Systems.

11   **REQUEST FOR ADMISSION NO. 339:**

12   Admit that Sun contributed financially to the American Committee for Interoperable
13   Systems.

14   **REQUEST FOR ADMISSION NO. 340:**

15   Admit that the American Committee for Interoperable Systems was located in facilities
16   owned by Sun.

17   **REQUEST FOR ADMISSION NO. 341:**

18   Admit that the American Committee for Interoperable Systems was headquartered at
19   Sun's offices at 901 San Antonio Road, Palo Alto, CA.

20   **REQUEST FOR ADMISSION NO. 342:**

21   Admit that the American Committee for Interoperable Systems was headquartered at
22   Sun's offices at 2550 Garcia Avenue, Mountain View, CA.

23   **REQUEST FOR ADMISSION NO. 343:**

24   Admit that Peter Choy was employed by Sun in the role of Deputy General Counsel.

25   **REQUEST FOR ADMISSION NO. 344:**

26   Admit that while he was employed by Sun, Peter Choy served as chairman of the
27   American Committee for Interoperable Systems.

28   **REQUEST FOR ADMISSION NO. 345:**

**EXHIBIT O**

1    Admit that while he was employed by Sun, Peter Choy served as chairman of the

2  American Committee for Interoperable Systems with the approval of Sun.

3  **REQUEST FOR ADMISSION NO. 346:**

4    Admit that Howard Freedland was employed by Sun in the role of Associate General

5  Counsel.

6  **REQUEST FOR ADMISSION NO. 347:**

7    Admit that while he was employed by Sun, Howard Freedland served as counsel for the

8  American Committee for Interoperable Systems.

9  **REQUEST FOR ADMISSION NO. 348:**

10    Admit that while he was employed by Sun, Howard Freedland served as counsel for the

11  American Committee for Interoperable Systems with the approval of Sun.

12  **REQUEST FOR ADMISSION NO. 349:**

13    Admit that the American Committee for Interoperable Systems "Statement of Principles"

14  stated that "members . . . support the following principles" and that among the principles are

15  "[t]he rules or specifications according to which data must be organized in order to communicate

16  with another program or computer, i.e., interfaces and access protocols, are not protectable

17  expression under copyright law." (*See*

18  http://web.archive.org/web/20020602155255/http://www.interop.org/Princ-Stat.html.)

19  **REQUEST FOR ADMISSION NO. 350:**

20    Admit that, as an American Committee for Interoperable Systems member, Sun

21  supported the following principle: "The rules or specifications according to which data must be

22  organized in order to communicate with another program or computer, i.e., interfaces and access

23  protocols, are not protectable expression under copyright law."

24  **REQUEST FOR ADMISSION NO. 351:**

25    Admit that the American Committee for Interoperable Systems "Statement of Principles"

26  stated that "members . . . support the following principles" and that among the principles are

27  "intellectual property law is not intended to protect investment as such. In order to qualify for

28  protection, a computer program or computer-related invention must meet the requirements of one

**EXHIBIT O**

or more of the various forms of protection, failing which, no amount of money spent in its development should make it protectable."

**REQUEST FOR ADMISSION NO. 352:**

Admit that, as an American Committee for Interoperable Systems member, Sun supported the following principle: "[I]ntellectual property law is not intended to protect investment as such. In order to qualify for protection, a computer program or computer-related invention must meet the requirements of one or more of the various forms of protection, failing which, no amount of money spent in its development should make it protectable."

**REQUEST FOR ADMISSION NO. 353:**

Admit that the American Committee for Interoperable Systems "Statement of Principles" stated that "members . . . support the following principles" and that among the principles are "nothing in copyright law should prevent or discourage the development of interoperable (competing or attaching) products or systems. On the contrary, copyright law should promote innovation and competition in furtherance of consumer welfare."

**REQUEST FOR ADMISSION NO. 354:**

Admit that, as an American Committee for Interoperable Systems member, Sun supported the following principle: "[N]othing in copyright law should prevent or discourage the development of interoperable (competing or attaching) products or systems. On the contrary, copyright law should promote innovation and competition in furtherance of consumer welfare."

**REQUEST FOR ADMISSION NO. 355:**

Admit that during the period in which he was employed by Sun, Peter Choy authored, co-authored, edited, or was counsel of record for *Brief Amici Curiae of American Committee for Interoperable Systems and Computer & Communications Industry Association in Support of Appellant Connectix Corporation*, *Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th Cir. 2000) (No. 99-15852), 1999 WL 33623859.

**REQUEST FOR ADMISSION NO. 356:**

Admit that with Sun's approval, Peter Choy authored, co-authored, edited, or was counsel of record for *Brief Amici Curiae of American Committee for Interoperable Systems and*

**EXHIBIT O**

*Computer & Communications Industry Association in Support of Appellant Connectix Corporation, Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th Cir. 2000) (No. 99-15852), 1999 WL 33623859.

**REQUEST FOR ADMISSION NO. 357:**

Admit that the address given by Peter Choy in the filing of *Brief Amici Curiae of American Committee for Interoperable Systems and Computer & Communications Industry Association in Support of Appellant Connectix Corporation, Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th Cir. 2000) (No. 99-15852), 1999 WL 33623859 (901 San Antonio Road, Palo Alto, CA) was also the address of a Sun office at the time of the filing of the brief.

**REQUEST FOR ADMISSION NO. 358:**

Admit that *Brief Amici Curiae of American Committee for Interoperable Systems and Computer & Communications Industry Association in Support of Appellant Connectix Corporation, Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th Cir. 2000) (No. 99-15852), 1999 WL 33623859 states that the holding of *Sega Enters., Ltd. v. Accolade, Inc.*, 977 F.2d 1510  (9th Cir. 1992) was that the *Sega* Court "permitted an 'intrusive' act of copying - the translating of a program to decipher the interface information contained within it - to prevent copyright from extending de facto protection to the unprotectable interface information."

**REQUEST FOR ADMISSION NO. 359:**

Admit that *Brief Amici Curiae of American Committee for Interoperable Systems and Computer & Communications Industry Association in Support of Appellant Connectix Corporation, Sony Computer Entm't v. Connectix Corp.,* 203 F.3d 596 (9th Cir. 2000) (No. 99-15852), 1999 WL 33623859 states that the Connectix product was "precisely the sort of competitive yet innovative product whose production this Court sought to preserve in its *Sega* decision."

**REQUEST FOR ADMISSION NO. 360:**

Admit that with Sun's approval, Peter Choy authored, co-authored, edited, or was counsel of record for *Brief Amici Curiae of American Committee For Interoperable Systems and*

**EXHIBIT O**

1  *Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp.*

2  *v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487.

3  **REQUEST FOR ADMISSION NO. 361:**

4    Admit that during the period in which he was employed by Sun, Peter Choy authored, co-

5  authored, edited, or was counsel of record for *Brief Amici Curiae of American Committee For*

6  *Interoperable Systems and Computer & Communications Industry Association in Support of*

7  *Respondent*, *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995

8  WL 728487.

9  **REQUEST FOR ADMISSION NO. 362:**

10    Admit that the address given by Peter Choy in the filing of *Brief Amici Curiae of*

11  *American Committee For Interoperable Systems and Computer & Communications Industry*

12  *Association in Support of Respondent*, *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 515 US 1191

13  (1995) (No. 94-2003), 1995 WL 728487 (2550 Garcia Avenue, Mountain View, CA) was also

14  the address of a Sun office at the time of the filing of the brief.

15  **REQUEST FOR ADMISSION NO. 363:**

16    Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and*

17  *Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp.*

18  *v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that "[t]his

19  case is about whether competitors can introduce compatible products that emulate, as they must,

20  interface specifications, the rules that form the 'external design' of a program. This case is an

21  attempt by a few companies who are the 'first comers' to particular markets to use copyright law

22  to preclude competitors from using the same external design, even though it is implemented in

23  wholly original program code."

24  **REQUEST FOR ADMISSION NO. 364:**

25    Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and*

26  *Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp.*

27  *v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that

28

**EXHIBIT O**

1   "[c]opyright protection for interface specifications would lead to monopolies within each product

2   market in the industry."

3   **REQUEST FOR ADMISSION NO. 365:**

4          Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and*

5   *Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp.*

6   *v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that

7   "compatibility unquestionably is a functional characteristic unprotected by copyright."

8   **REQUEST FOR ADMISSION NO. 366:**

9          Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and*

10  *Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp.*

11  *v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that "[i]t

12  should be stressed that compatible products are not mere 'clones' that offer only the same

13  functionality as the products of the first comer, but at a lower price. While compatible products

14  must offer at least the same functionality, they typically offer additional functionalities not found

15  in the first comer's products."

16  **REQUEST FOR ADMISSION NO. 367:**

17         Admit that *Brief Amici Curiae of American Committee For Interoperable Systems and*

18  *Computer & Communications Industry Association in Support of Respondent*, *Lotus Dev. Corp.*

19  *v. Borland Int'l, Inc.,* 515 US 1191 (1995) (No. 94-2003), 1995 WL 728487 states that

20  "compatible developers' use of preexisting interface specifications is a transformative use of the

21  sort accredited by [the Suprement] Court in *Campbell v. Acuff-Rose Music, Inc.*, 114 S. Ct. 1164

22  (1994)."

23  **REQUEST FOR ADMISSION NO. 368:**

24         Admit that during the period in which he was employed by Sun, Peter Choy authored, co-

25  authored, edited, or was counsel of record for *Brief Amicus Curiae of American Committee for*

26  *Interoperable Systems, Bateman v. Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996) (No. 93-

27  3234), 1994 WL 16129974.

28  **REQUEST FOR ADMISSION NO. 369:**

**EXHIBIT O**

1       Admit that with Sun's approval, Peter Choy authored, co-authored, edited, or was counsel

2  of record for *Brief Amicus Curiae of American Committee for Interoperable Systems*, *Bateman v.*

3  *Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996) (No. 93-3234), 1994 WL 16129974.

4  **REQUEST FOR ADMISSION NO. 370:**

5       Admit that the address given by Peter Choy in the filing of *Brief Amicus Curiae of*

6  *American Committee for Interoperable Systems*, *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532

7  (11th Cir. 1996) (No. 93-3234), 1994 WL 16129974 (2550 Garcia Avenue, Mountain View, CA)

8  was also the address of a Sun office at the time of the filing of the brief.

9  **REQUEST FOR ADMISSION NO. 371:**

10       Admit that *Brief Amicus Curiae of American Committee for Interoperable Systems*,

11  *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996) (No. 93-3234), 1994 WL 16129974

12  states that "the set of rules or commands permitting communication between two programs --

13  here, the interface library -- is clearly a 'system' or 'method of operation' unprotectable under 17

14  U.S.C. § 102(b)."

15  **REQUEST FOR ADMISSION NO. 372:**

16       Admit that during the period in which he was employed by Sun, Peter Choy authored, co-

17  authored, edited, or was counsel of record for *Brief Amicus Curiae of American Committee for*

18  *Interoperable Systems*, *Computer Associates Intern., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir.

19  1992) (No. 91-7893), 1991 WL 11010231.

20  **REQUEST FOR ADMISSION NO. 373:**

21       Admit that with Sun's approval, Peter Choy authored, co-authored, edited, or was counsel

22  of record for *Brief Amicus Curiae of American Committee for Interoperable Systems*, *Computer*

23  *Associates Intern., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992) (No. 91-7893), 1991 WL

24  11010231.

25  **REQUEST FOR ADMISSION NO. 374:**

26       Admit that the address given by Peter Choy in the filing of *Brief Amicus Curiae of*

27  *American Committee for Interoperable Systems*, *Computer Associates Intern., Inc. v. Altai, Inc.*,

28

**EXHIBIT O**

1   982 F.2d 693 (2d Cir. 1992) (No. 91-7893), 1991 WL 11010231 (2550 Garcia Avenue,

2   Mountain View, CA) was also the address of a Sun office at the time of the filing of the brief.

3   **REQUEST FOR ADMISSION NO. 375:**

4         Admit that *Brief Amicus Curiae of American Committee for Interoperable Systems*,

5   *Computer Associates Intern., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992) (No. 91-7893), 1991

6   WL 11010231 states that "[i]f the developer of the first computer program to conform to []

7   interface specifications, and thus the first computer program to contain [] non-literal elements,

8   could use copyright law to prevent all subsequent developers from writing programs with similar

9   non-literal elements, the first developer could prevent all subsequent developers from filling the

10  same niche in the computer system. Such a broad monopoly would have serious consumer

11  welfare implications. In the absence of competition, the first developer would have little

12  incentive to develop more innovative and less costly products."

13  **REQUEST FOR ADMISSION NO. 376:**

14        Admit that *Brief Amicus Curiae of American Committee for Interoperable Systems*,

15  *Computer Associates Intern., Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992) (No. 91-7893), 1991

16  WL 11010231 states that "the forms for calls for services . . . lie in the public domain, because

17  they are intended to be known in the industry and to be used by programmers."

18  **REQUEST FOR ADMISSION NO. 377:**

19        Admit that during the period in which he was employed by Sun, Howard Freedland

20  authored, co-authored, edited, or was counsel of record for *Brief Amici Curiae of American*

21  *Committee for Interoperable Systems and Computer & Communications Industry Association in*

22  *Support of Appellant Andrew Brunner*, *DVD Copy Control Ass'n Inc. v. Bunner*, 10 Cal. Rptr. 3d

23  185 (Cal. Ct. App. 6th Dist. 2000) (No. H021153), 2000 WL 35459934.

24  **REQUEST FOR ADMISSION NO. 378:**

25        Admit that with Sun's approval, Howard Freedland authored, co-authored, edited, or was

26  counsel of record for *Brief Amici Curiae of American Committee for Interoperable Systems and*

27  *Computer & Communications Industry Association in Support of Appellant Andrew Brunner*,

28

**EXHIBIT O**

1  *DVD Copy Control Ass'n Inc. v. Bunner*, 10 Cal. Rptr. 3d 185 (Cal. Ct. App. 6th Dist. 2000)

2  (No. H021153), 2000 WL 35459934.

3  **REQUEST FOR ADMISSION NO. 379:**

4      Admit that the address given by Howard Freedland in the filing of *Brief Amici Curiae of*

5  *American Committee for Interoperable Systems and Computer & Communications Industry*

6  *Association in Support of Appellant Andrew Brunner*, *DVD Copy Control Ass'n Inc. v. Bunner*,

7  10 Cal. Rptr. 3d 185 (Cal. Ct. App. 6th Dist. 2000) (No. H021153), 2000 WL 35459934 (901

8  San Antonio Road, Palo Alto, CA) was also the address of a Sun office at the time of the filing of

9  the brief.

10  **REQUEST FOR ADMISSION NO. 380:**

11      Admit that Sun CTO Eric Schmidt, in testimony to the Senate Judiciary Committee's

12  Antitrust, Technology, and Law Subcommittee in September 1994, stated that "Sun's view is

13  simply stated: To attract the substantial private investment required, to encourage free-market

14  competition, and to enable universal access by the greatest number of information consumers and

15  providers in the shortest time frame, interoperability will be achieved by making the critical

16  interface specifications barrier-free."

17  **REQUEST FOR ADMISSION NO. 381:**

18      Admit that Sun CTO Eric Schmidt, in testimony to the Senate Judiciary Committee's

19  Antitrust, Technology, and Law Subcommittee in September 1994, stated that:

20          When we discuss interfaces, it is important to carefully note the distinction
between an interface specification, and an actual product which has interfaces that

21  conform to the specification. Interface specifications are merely the words that
describe the interface which allows two components to work together [or

22  interoperate]. They are not blueprints, nor recipes for actual products. Let me
repeat that: interface specifications are not blueprints, nor recipes for making

23  knock-offs or clones. Sun and many other firms in highly competitive industries
believe in protection of products but also believe that no one individual or

24  company should own the rights to interface specifications for a public network,
such as the [National Information Infrastructure]. (Or for other public

25  infrastructure networks. Can you imagine charging auto makers a fee to let them
know the load-bearing capacity of the cement in the interstate? Or charging ship

26  builders a fee to know the width of the locks on the Panama Canal? Or charging
electric appliance makers a fee to know the voltage of electric currents flowing

27  across the national power grid? Or locomotive makers a fee to design railroad cars

28

**EXHIBIT O**

for a certain gauge track?) With respect to intellectual property rights, Sun strongly believes in -- and will defend -- the rights of intellectual property owners to maximize their returns on product implementations. At the same time, we believe that interface specifications are not protectable under copyright. The leading federal appellate court case, Computer Associates v. Altai and the cases which follow it, all reinforce the separation of the interface from the implementation. The interface, as an element necessary for interoperability, falls into the category of ideas which the copyright law seeks to disseminate to promote the public good. This in no way curtails the protectability of the code itself. Other forms of intellectual property law -- notably patent -- may grant varying degrees of intellectual property protection to interfaces.

**REQUEST FOR ADMISSION NO. 382:**

Admit that portions of Oracle Corporation's implementation of the java.text API package are copyrighted by IBM and/or Taligent.

**REQUEST FOR ADMISSION NO. 383:**

Admit that portions of the API of the java.text API package are copyrighted by IBM and/or Taligent.

**REQUEST FOR ADMISSION NO. 384:**

Admit that Oracle Corporation's license to IBM's copyright in the portions of Oracle Corporation's implementation of the java.text API package copyrighted by IBM and/or Taligent is a non-exclusive license.

**REQUEST FOR ADMISSION NO. 385:**

Admit that Oracle Corporation's license to IBM's copyright in the portions of the API of java.text copyrighted by IBM and/or Taligent is a non-exclusive license.

**REQUEST FOR ADMISSION NO. 386:**

Admit that the portions of the API of java.text copyrighted by IBM and/or Taligent were licensed to Sun under the terms of the Technology License and Distribution Agreement between IBM and Sun, dated Oct. 25, 1996, or under the terms of any amendments to that Agreement.

**REQUEST FOR ADMISSION NO. 387:**

Admit that the portions of the API of java.text copyrighted by IBM and/or Taligent were licensed to Sun under the terms of the Java Specification Participation Agreement between IBM and Sun, dated Oct. 25, 1996, or under the terms of any amendments to that Agreement.

**REQUEST FOR ADMISSION NO. 388:**

**EXHIBIT O**