MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO STATEMENTS IN TIM LINDHOLM'S AUGUST 6, 2010 EMAIL** |
| v. | |
| GOOGLE, INC. | |
| Defendant. | Dept.:  Courtroom 8, 19th Floor<br>Judge:  Honorable William H. Alsup |

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO
STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

**Preliminary Statement**

Oracle moves in limine to exclude any evidence or argument contrary to the statements in Mr. Lindholm's August 6, 2010 email, concerning his investigation of alternatives to Java for Android, based on Google's refusal to permit discovery of the facts and circumstances of that investigation.

With knowledge of the specific patents that Oracle claims are infringed by Android, Google employee (and former Sun engineer) Tim Lindholm investigated whether Google had any alternatives to Java for Android. He concluded that the alternatives all "suck" and advised Andy Rubin that Google had to negotiate with Oracle for a Java license. Mr. Lindholm recounted these actions and conclusions in an email to Mr. Rubin on August 6, 2010.

On July 22, 2011, Oracle took the deposition of Daniel Bornstein, Google's Rule 30(b)(6) witness on the topic of non-infringing alternatives. At the deposition, Oracle counsel attempted to question Mr. Bornstein about Mr. Lindholm's email, but Google claimed that the email was privileged and clawed it back. Magistrate Judge Ryu subsequently rejected that claim of privilege, required Google to return the document to Oracle, and required Mr. Lindholm to appear for deposition. At the deposition, Mr. Lindholm admitted that he wrote the email, but Google's counsel once again asserted privilege and prevented Oracle from obtaining any discovery into the details of Mr. Lindholm's investigation, including the particular alternatives Mr. Lindholm investigated, the license terms he concluded were necessary, and the accuracy of the statements in his email.

Google may not prevent discovery of the facts underlying Mr. Lindholm's statements in his email, and then offer evidence at trial that is inconsistent with those statements.

**Statement of Facts**

On July 20, 2010, Oracle informed Google that Android infringed the seven specific patents at issue in this lawsuit. (Dkt No. 336, August 19, 2011 Declaration of Fred Norton, Exh. 4 (July 20, 2010 Oracle-Google Android Meeting presentation bearing bates numbers GOOGLE-00392259-285).) Thereafter at the direction of Google founders Larry Page and Sergey Brin, Google engineer Tim Lindholm investigated the technical alternatives that Google had to those Java patents. (Dkt No. 316, August 17, 2011 Corrected Declaration of Tim Lindholm Concerning the August 6, 2010 Email and

1

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

Drafts Thereof; Declaration of Daniel P. Muino in Support of Oracle America, Inc.'s Motions *In Limine* Nos. 1 Through 5 ("Muino Decl.") Ex. P, August 6, 2010 Lindholm e-mail bearing bates number GOOGLE-12-10000011.)  Mr. Lindholm, formerly a Sun engineer responsible for developing the Java virtual machine, became involved in the Android project as soon as he joined Google in July 2005.  Mr. Lindholm was an Android Project Advisor, participated in negotiations with Sun for a Java license, advised Google Vice President Andy Rubin, who was in charge of Android, on negotiation strategy and on alternatives to Java for Android, and provided detailed comments on licensing schemes for Java. (Muino Decl. Exhibit Q, September 7, 2011 Tim Lindholm Tr. at 7:23-8:25, 47:7-48:22, 52:25-55:11, 67:1-69:17, 76:3-78:1, 84:3-93:25, 100:14-108:4.)

On August 6, 2010, Mr. Lindholm wrote an email to Mr. Rubin.  Mr. Lindholm wrote:

> What we've actually been asked to do (by Larry and Sergei) is to investigate what technical alternatives exist to Java for Android and Chrome.  We've been over a bunch of these, and we think they all suck.  We conclude that we have to negotiate for a license for Java under the terms we need.

(Muino Decl. Exhibit P.)

On July 22, 2011, Oracle attempted to question Google's Rule 30(b)(6) witness about the non-infringing alternatives mentioned in Mr. Lindholm's email.  Before Oracle had an opportunity to do so, Google asserted that the email was privileged and clawed it back under the terms of the Protective Order.  (Muino Decl. Exhibit R, July 22, 2011 Daniel Bornstein 30(b)(6) Tr. at 186:4-22.) Consequently, Oracle had no opportunity to question any Google witness about the document until Magistrate Judge Ryu rejected Google's claim of privilege and ordered Google to return the email to Oracle (Dkt Nos. 353, 354), which Google did on August 27, 2011 (Muino Decl. ¶ 17).

On September 7, 2011, Oracle took the court-ordered deposition of Mr. Lindholm.[1]  Oracle counsel asked Mr. Lindholm (1) what technical alternatives to Java for Android and Chrome he investigated, (2) what technical alternatives to Java specifically for Android he investigated, (3) what technical alternatives to Java specifically for Chrome he investigated, (4) who concluded that all of the

---

[1] Google opposed the deposition of Mr. Lindholm arguing that "there is no basis for expanding the discovery limits to permit the deposition of Mr. Lindholm."  (Dkt. No. 215 at 5-8.)  Magistrate Judge Ryu rejected that argument, and ordered Mr. Lindholm to appear for deposition.  (Dkt No. 229.)

2

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

technical alternatives "suck," (5) what Mr. Lindholm meant by "technical alternatives," (5) what license terms Mr. Lindholm had in mind when he wrote "we have to negotiate for a license for Java under the terms we need," and (6) whether any of the statements in Mr. Lindholm's August 6, 2010 email were false.  (Muino Decl. Ex. Q.)

Despite Magistrate Judge Ryu's ruling that the e-mail was neither privileged nor attorney work product, and despite the fact that Oracle's questions expressly concerned Mr. Lindholm's *investigation* rather than his *communications*, Google counsel asserted privilege in response to every one of these questions, and Mr. Lindholm refused to answer any of them.  (Muino Decl. Exhibit Q.)

## Relief Sought

Oracle moves in limine for an order precluding Google, its attorneys, witnesses, and experts from offering any argument or evidence at trial that is contrary to the statements in Mr. Lindholm's August 6, 2010 email and Mr. Lindholm's August 15, 2011 Declaration.  In particular, Google should be precluded from contesting the following facts from the email and Declaration:

1. Mr. Lindholm was investigating and reporting on alternatives to the specific patents that Oracle asserted were infringed on July 20, 2010.

2. Mr. Lindholm had thoroughly investigated all alternatives to the patents-in-suit, and Java generally.

3. As of August 6, 2010, Google had no viable alternatives to the patents-in-suit, or Java generally, for Android.

4. As of August 6, 2010, Google needed a license for Java generally and for each and every one of the seven patents-in-suit.

5. As of August 6, 2010, all of the statements in the Lindholm document were true.

## Argument

In the two weeks following Oracle's presentation regarding the patents-in-suit to Google on July 20, 2010, Mr. Lindholm – a former Sun engineer with expertise in Java, experience with Sun's licensing terms, familiarity with Android, and knowledge of Oracle's specific claims of infringement – investigated alternatives to Java for Android at the direction of Google's two senior-most executives,

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO
STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

1   Mr. Page and Mr. Brin.  He made an unequivocal report on his investigation to Mr. Rubin, the Google

2   executive in charge of Android.  That report – the August 6, 2010 email – has been produced, but

3   Google has withheld all details concerning the work Mr. Lindholm performed and the basis for the facts

4   stated in his email.  Fundamental fairness requires that Google not be permitted to block discovery into

5   the details of Mr. Lindholm's investigation and conclusions, and then offer other evidence to suggest

6   that the investigation was incomplete, that his investigation was unrelated to the seven patents–in-suit,

7   or that his conclusions were inaccurate.

8        As the Ninth Circuit has held in affirming the exclusion of evidence at trial, "the court may

9   fashion remedies to prevent surprise and unfairness to the party seeking discovery.  For example, where

10  the party claiming privilege during discovery wants to testify at the time of trial, *the court may ban that*

11  *party from testifying on the matters claimed to be privileged*."  *Columbia Pictures Television, Inc. v.*

12  *Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (quoting William A.

13  Schwarzer, et al., *Federal Civil Procedure Before Trial,* ¶ 11:37, at 11–29 (2000) (emphasis added).)  A

14  motion in limine is an appropriate means to prevent a party from withholding information in discovery,

15  only to take a contrary position at trial.  *See, e.g.*, *Service Employees Int'l Union v. Roselli*, 2010 WL

16  963707, No. C 09-00404 WHA, at *5 (N.D. Cal. Mar. 16, 2010) (granting motion in limine) ("[H]aving

17  avoided disclosing in discovery the materials sought by plaintiffs . . . , it would be unfair sandbagging

18  to allow defendants to now assert those same materials as a defense to plaintiffs' claims").  By invoking

19  privilege and refusing to permit Mr. Lindholm to answer any questions concerning his investigation and

20  conclusions, Google necessarily has undermined Oracle's ability to defend the accuracy of that candid,

21  internal assessment against any efforts by Google to impeach it.  Google simply may not tell the jury

22  that what Mr. Lindholm wrote in his e-mail was wrong, while concealing the detailed information that

23  shows he was right.

24        Recognizing the inherent unfairness of such conduct, courts have precluded litigants from

25  offering evidence at trial if they prevented inquiry into those issues during discovery.  In *Galaxy*

26  *Computer Services, Inc. v. Baker*, 325 B.R. 544 (E.D. Va. 2005), the parties disputed the meaning of

27  certain notes taken by the defendant's transactional attorney, Mouer.  There, as here, the court had

28

4

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO
STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

1    rejected a privilege claim over those notes.  *Id.* at 557.  Plaintiff's counsel asked Mouer to "explain her

2    notes" and the defendant's counsel instructed Mouer not to answer on grounds of privilege.  *Id.* at 558.

3     The defendant later sought to have Mouer testify at trial to explain her notes.  The court refused to

4    allow that testimony, ruling that "to permit Mouer to testify to issues which she refused to testify to

5    during her deposition based on privilege would allow the Defendants to use the attorney-client privilege

6    as both a shield and a sword."  *Id.* at 559.  Here, as in *Galaxy Computer*, Google should not be

7    permitted to limit Mr. Lindholm's deposition testimony and then at trial try to explain away the candid

8    statements he made in his email.  *See also Memry Corp. v. Kentucky Oil Tech., N. V.*, No. C-04-03843

9    RMW, 2007 WL 4208317, at *9 (N.D. Cal. 2007) (based on instructions not to answer questions at

10   deposition, precluding testimony on "anything that the instruction not to answer fairly covered");

11   *Engineered Prods. Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 1022-23 (N.D. Iowa 2004) (barring

12   party from introducing testimony at trial on issues the plaintiff had prevented the defendant from

13   exploring during a deposition by invoking the attorney-client privilege).

14           Google could have disclosed the details of Mr. Lindholm's investigation and conclusions, and

15   litigated those issues on the merits.  It chose not to do so, and instead elected to withhold that

16   information.  Google must live with the consequences of that decision.  Google should not be permitted

17   to offer evidence or argument that would contradict the statements in Mr. Lindholm's August 6, 2010,

18   email.

19           Moreover, it is appropriate to preclude not just Mr. Lindholm's testimony that would contradict

20   the statements in his email, but *any evidence* offered by Google that would do so.  Mr. Lindholm's

21   investigation was not an independent exercise: he was acting at the express direction of the most senior

22   executives of the company, Mr. Page and Mr. Brin; he was working with other Google employees in his

23   investigation; and he reported their findings directly to the head of Android, Mr. Rubin.  Further,

24   Google's assertions of privilege – by clawing back the email during the critical period of deposition

25   discovery, refusing to allow the document to be used in the deposition of its Rule 30(b)(6) witness on

26   non-infringing alternatives, and forbidding Mr. Lindholm from testifying about the email, other than to

27

28

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO
STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

1    admit he wrote it – have foreclosed inquiry not only into Mr. Lindholm's conduct, but that of Google

2    itself.

3           Finally, the relief that Oracle seeks is narrowly tailored to the specific statements in Mr.

4    Lindholm's email, and the specific lines of inquiry that Google foreclosed.  In particular, Mr. Lindholm

5    wrote that he investigated "technical alternatives" to Java.  At his deposition Mr. Lindholm refused, on

6    privilege grounds, to explain what he meant by "technical alternatives."  Mr. Lindholm also refused, on

7    privilege grounds, to specify which alternatives he investigated.  Google may not now offer evidence or

8    argument that "technical alternatives" meant anything less than all potential alternatives.

9           Mr. Lindholm wrote that the alternatives he investigated "all suck."  At his deposition, Mr.

10   Lindholm refused, on privilege grounds, to explain who held this belief or any other basis for his

11   conclusion.  Mr. Lindholm further refused, on privilege grounds, to state whether anything in his

12   August 6, 2010 email was false.  Google may not now offer evidence or argument that would contradict

13   the conclusion that all potential alternatives to Java for Android "suck."

14          Mr. Lindholm wrote that "we have to negotiate for a license for Java under the terms we need."

15   He refused, on privilege grounds, to identify the terms of the license that Google needed.  Again, he

16   also refused, on privilege grounds, to state whether anything in his email was false.  Google may not

17   now offer evidence or argument that Google did not need a license for Java generally, or for each of the

18   seven patents–in–suit, or otherwise argue that the "terms" Google needed did not encompass all of the

19   patents identified in Oracle's July 20, 2010 presentation.

20          Google has asserted, and Mr. Lindholm attested in his sworn declaration, that he undertook his

21   investigation of alternatives to Java and wrote his email summarizing that investigation in response to

22   Oracle's July 20, 2010 presentation, which informed Google that Android infringed each of the seven

23   patents–in–suit.  Google may not now offer evidence or argument that by "technical alternatives to

24   Java," Mr. Lindholm was referring something other than alternatives to the patents-in-suit.  For

25   example, Google may not argue that Mr. Lindholm's reference to Java was a reference only to the Java

26   programming language, or some combination of Java patents or copyrights that excluded the patents-in-

27   suit.

28

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO
STATEMENTS IN TIM LINDHOLM'S AUG. 6, 2010 EMAIL
CASE NO. CV 10-03561 WHA

pa-1488102

1

**<u>Conclusion</u>**

2
       For the foregoing reasons, Oracle requests that the Court preclude Google, its attorneys,

3
witnesses, and experts, from offering any argument or evidence at trial that is contrary to the statements

4
in Mr. Lindholm's August 6, 2010 email.

5

6
Dated: September 24, 2011

DAVID BOIES
STEVEN C. HOLTZMAN

7
ALANNA RUTHERFORD
BOIES, SCHILLER & FLEXNER LLP

8

9
By: */s/ Fred Norton*
       Fred Norton

10
*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

pa-1488102