KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br>                        Plaintiff, <br><br>      v. <br><br> GOOGLE INC., <br><br>                        Defendant. | Case No. 3:10-cv-03561-WHA <br><br> **GOOGLE'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE LINDHOLM EMAIL AND DRAFTS THEREOF** <br><br> Judge:         Hon. William Alsup <br><br> Date Comp. Filed:      October 27, 2010 <br><br> Trial Date:                    October 31, 2011 |

**MOTION AND RELIEF REQUESTED**

Under Federal Rule of Evidence 403, defendant Google, Inc. ("Google") hereby moves the Court for an order excluding *in limine* from all phases of this trial the August 6, 2010 Lindholm email and drafts,[1] which are the subject of Google's pending Rule 72 motion to the Court and which were submitted to the Court *in camera* in connection with that motion.

Google files this motion conditionally and asks the Court to rule on it only if, by the time the Court takes up the parties' motions *in limine*, no court has yet accepted Google's contention that the documents in question are protected by the attorney-client privilege and/or the attorney work-product doctrine. In making this motion, Google does not waive (and hereby expressly reasserts) its contention that the Lindholm email and drafts are protected by the attorney-client privilege and by the attorney work-product doctrine.

**DISCUSSION**

Under Rule 403, the probative value (if any) of the Lindholm email and drafts "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" because the email creates the false impression that Mr. Lindholm analyzed whether the Android platform infringed the patents and/or copyrights asserted by Oracle and concluded that it did.

The accompanying declaration by Mr. Lindholm establishes that this was not the case. To the contrary, Mr. Lindholm declares under oath that, when he wrote the August 6, 2010

---

[1] "The Lindholm email and drafts" refers to

**(a)** the Lindholm final emails (including, without limitation, the documents listed on Google's privilege log as items 2551 and 5513);

**(b)** the Lindholm draft emails (including, without limitation, the documents production-stamped GOOGLE-12-00039558, GOOGLE-12-00039559, GOOGLE-12-00039560, GOOGLE-12-00039561, GOOGLE-12-00039562, GOOGLE-12-00039563, GOOGLE-12-00039564, GOOGLE-12-00039565, and the document listed on Google's privilege log as item 5512); and

**(c)** the Lindholm draft and final emails that Google produced on August 26, 2011 under compulsion of Magistrate Judge Ryu's order granting Oracle's motion to compel and with a full reservation of rights (including, without limitation, the documents production-stamped GOOGLE-12-100000001, GOOGLE-12-100000002, GOOGLE-12-100000003, GOOGLE-12-100000004, GOOGLE-12-100000005, GOOGLE-12-100000006, GOOGLE-12-100000007, GOOGLE-12-100000008, GOOGLE-12-100000009, GOOGLE-12-100000010, GOOGLE-12-100000011).

email, all of the following was true:

- He had never reviewed the patents asserted by Oracle in this lawsuit. Moreover, he had no knowledge about what copyrights Oracle ultimately would claim were infringed by Android, and had never reviewed any of the copyright registrations asserted by Oracle in this lawsuit.[2]
- He had not reviewed any of the source code or implementation for the aspects of the Android platform accused by Oracle in this lawsuit.[3]
- He did not have the legal training necessary to analyze whether the Android platform infringes any of the patents or copyrights asserted by Oracle in this lawsuit.[4]
- He did not, in fact, undertake to analyze whether the Android platform infringes any of the patents or copyrights asserted by Oracle in this lawsuit.[5]
- Accordingly, he had no opinion as to whether the Android platform infringes any of the patents or copyrights asserted by Oracle in this lawsuit.[6]

Mr. Lindholm further declares that his August 6, 2010 email concerned alternatives to technology that Oracle had recently accused Google of infringing. Again, he conducted no analysis of, and had no opinion about, whether the Android platform actually infringes any of the patents or copyrights asserted by Oracle in this lawsuit.[7] Accordingly, the Lindholm email and drafts possess ***zero*** probative value in determining infringement—the central issue (along with invalidity) of the first phase of the trial.

---

[2] Declaration of Tim Lindholm in Support of Google's Motion *in Limine* #1 to Exclude Mr. Lindholm's Email and Drafts Thereof ("Lindholm MIL Decl."), attached as Ex. 1 to the Declaration of Daniel Purcell in Support of Google Inc.'s Motions *in Limine* ("Purcell Decl.") filed herewith, ¶ 4.a.

[3] Purcell Decl. Ex. 1 (Lindholm MIL Decl.), ¶ 4.b.

[4] Purcell Decl. Ex. 1 (Lindholm MIL Decl.), ¶ 4.c.

[5] Purcell Decl. Ex. 1 (Lindholm MIL Decl.), ¶ 4.d.

[6] Purcell Decl. Ex. 1 (Lindholm MIL Decl.), ¶ 4.e.

[7] Purcell Decl. Ex. 1 (Lindholm MIL Decl.), ¶ 5.

1     The Lindholm email and drafts likewise possess little (if any) probative value in determining willfulness.  Mr. Lindholm sent the email *less than three weeks after* Oracle identified—for the first time—the specific patents it alleges are infringed by Android, and *less than one week before* Oracle filed this lawsuit.  The Lindholm email is therefore completely irrelevant to Oracle's allegation that Google willfully infringed Oracle's intellectually property rights before August 2010, and only marginally relevant (at best) to Oracle's allegation that Google willfully infringed *at any point* before Oracle filed this lawsuit.

On the other side of the Rule 403 scales, admitting the Lindholm email and/or drafts poses an enormous "danger of unfair prejudice, confusion of the issues, or misleading the jury." The Court itself, when it first viewed one of the draft emails—out of context and without any explanation of its marginal significance—initially appears to have believed that the draft could be case-dispositive or at least highly damaging to Google.  If the Court thought that, imagine what a lay jury would conclude.

Moreover, it will not be possible at trial for Mr. Lindholm to reduce the prejudice of admission by testifying about the document's limited significance.  Going beyond what he states in the accompanying declaration would risk waiving the attorney-client privilege and work-product protection attaching to Google's internal legal investigation of Oracle's claims.  There is no dispute that such an investigation occurred.  Google has submitted to this Court and to Magistrate Ryu declarations about the investigation, and Magistrate Ryu did not dispute the credibility of those declarations.  Rather, Magistrate Ryu found that Google had not established a sufficient *link* between that investigation and the Lindholm email and drafts.  No one ever has held, or should hold, that the compelled disclosure of the Lindholm email and drafts effectuated a waiver of privilege as to the entire internal Google legal investigation of Oracle's claims.  But that could be the result of requiring Mr. Lindholm to offer a full explanation of his email at trial; and anything short of a full explanation is likely to strike a lay jury as evasive.

Thus, admitting the Lindholm email and drafts at trial would constitute an abuse of the discretion conferred by Rule 403 because the documents possess little or no probative value but pose an enormous danger of prejudice and confusion.  "Where the evidence is of very slight (if

1  any) probative value, it's an abuse of discretion to admit it if there's even a ***modest*** likelihood of

2  unfair prejudice or a ***small*** risk of misleading the jury." *United States v. Gonzalez-Flores*, 418

3  F.3d 1093, 1098 (9th Cir. 2005) (emphasis added) (citation omitted).  Or, to put it another way:

4  "[E]vidence presenting even a 'modest likelihood of unfair prejudice' is 'high enough to

5  outweigh the . . . probative value' of marginally relevant evidence." *United States v. Espinoza-*

6  *Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011) (citation omitted).

7        Accordingly, the Court should exclude the August 6, 2010 Lindholm email and drafts *in*

8  *limine* from all phases of the trial.

                                        Respectfully submitted,

Dated:  September 24, 2011                    KEKER & VAN NEST LLP

                                    By: s/ Robert A. Van Nest
                                         ROBERT A. VAN NEST
                                         Attorneys for Defendant
                                         GOOGLE INC.