| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - #84065 | DONALD F. ZIMMER, JR. - #112279 |
| rvannest@kvn.com | fzimmer@kslaw.com |
| CHRISTA M. ANDERSON - #184325 | CHERYL A. SABNIS - #224323 |
| canderson@kvn.com | csabnis@kslaw.com |
| 633 Battery Street | 101 Second St., Suite 2300 |
| San Francisco, CA  94111-1809 | San Francisco, CA  94105 |
| Telephone:    415.391.5400 | Tel:   415.318.1200 |
| Facsimile:    415.397.7188 | Fax:   415.318.1300 |
| KING & SPALDING LLP | IAN C. BALLON - #141819 |
| SCOTT T. WEINGAERTNER (*Pro Hac Vice*) | ballon@gtlaw.com |
| sweingaertner@kslaw.com | HEATHER MEEKER - #172148 |
| ROBERT F. PERRY | meekerh@gtlaw.com |
| rperry@kslaw.com | GREENBERG TRAURIG, LLP |
| BRUCE W. BABER (*Pro Hac Vice*) | 1900 University Avenue |
| 1185 Avenue of the Americas | East Palo Alto, CA 94303 |
| New York, NY  10036 | Tel:   650.328.8500 |
| Tel:    212.556.2100 | Fax:   650.328-8508 |
| Fax:    212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561-WHA |
| Plaintiff, | **GOOGLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT DISCUSSING COMMERCIAL SUCCESS** |
| v. | |
| GOOGLE INC., | Judge:       Hon. William Alsup |
| Defendant. | Date Comp. Filed:     October 27, 2010 |
| | Trial Date:       October 31, 2011 |

GOOGLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT
DISCUSSING COMMERCIAL SUCCESS
CASE NO. 3:10-cv-03561-WHA

580578.03

**MOTION AND RELIEF REQUESTED**

Under Federal Rules of Evidence 401, 402, and 403, defendant Google, Inc. ("Google") hereby moves the Court for an order excluding *in limine* evidence attributing any "commercial success" of *Java* to the asserted patents because Oracle cannot as a legal matter satisfy its burden of proving the requisite nexus. Such evidence includes paragraphs 423-427, 435-443, and 482-485 of the Goldberg Report[1]. In any event, the Court should exclude *in limine* evidence attributing *Android's* (or even Java's) commercial success to the asserted patents ,unless and until Google opens the door to such evidence by presenting an obviousness defense, and Oracle demonstrates the requisite nexus. In addition to the Java-related paragraphs already listed, this includes paragraphs 428-431, 444-447, 461-466, and 469-473 of the Goldberg Report.

**DISCUSSION**

"Commercial success" is just one of a long list of potentially relevant "secondary considerations" that the patentee may invoke to rebut the defendant's proof of obviousness. As this Court observed in its *Therasense* decision, "[t]he Federal Circuit has held that 'secondary considerations, when present, must be considered in determining obviousness.'" *Therasense, Inc. v. Becton, Dickinson & Co.*, 565 F. Supp. 2d 1088, 1123 (N.D. Cal. 2008) (Alsup, J.), *aff'd,* 593 F.3d 1289 (Fed. Cir. 2010) *reh'g en banc granted, opinion vacated,* 374 F. App'x. 35 (Fed. Cir. 2010) (en banc), *panel opinion reinstated in relevant part and district court aff'd in relevant part,* 2011 WL 2028255 (Fed. Cir. May 25, 2011) (en banc) (citation omitted). The list of potentially probative secondary considerations has expanded over time to include "commercial success," "long-felt but unsolved needs," "failure of others," and seven other factors that this Court has discerned in the Federal Circuit's precedents. *See id.* at 1123. Despite their disparate natures, all of these factors—including "commercial success"—have one thing in common: Evidence regarding them "only has probative value where there is 'a nexus between the merits of the claimed invention and the secondary consideration.'" *Id.* at 1124 (citation omitted). "The

---

[1] "Goldberg Report" refers to the "Expert Report of Dr. Benjamin F. Goldberg Regarding Validity of Patents-In-Suit" dated August 25, 2011, relevant excerpts of which are attached as Ex. 33 to the Declaration of Daniel Purcell in Support of Google Inc.'s Motions *in Limine* ("Purcell Decl.") filed herewith.

1
GOOGLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT
DISCUSSING COMMERCIAL SUCCESS
CASE NO. 3:10-cv-03561-WHA

580578.03

burden of proof as to this connection or nexus resides with the patentee." *Id*. (citation omitted).

### 1. Oracle cannot attribute *Java's* commercial success to the '520, '720, and '520 patents specifically. nor to the asserted patents generally.

Oracle only cites the purported commercial success of Java to demonstrate non-obviousness of four of the seven asserted patents:  the '104 patent, the '205 patent, the '447 patent, and the '476 patent.  *See generally* Goldberg Report §§ XVI.A.2, B.2, and F.2 (Purcell Decl. Ex. 33).  With respect to the remaining patents—the '520 patent, the '702 patent, and the '720 patent—Oracle only relies on the commercial success of *Android* to demonstrate non-obviousness.  *See generally id* at §§ XVI.C.2, D.2, and E.2.  The Court should therefore at minimum exclude under Rule 402 any evidence that *Java's* success is attributable to the practice of the '520, '702, and '720 patents.

Furthermore, because Oracle does not contend Java practices all of the asserted patents, any suggestion that the success of "Java" generally is attributable to the asserted patents would be misleading.  Oracle cannot logically claim that Java's success is attributable to the asserted patents when it only contends that about half of those patents are even practiced by Java.  As such, the Court should exclude any such illogical and false generalizations under Rule 403.

### 2. Oracle cannot attribute *Java's* commercial success to the '104, '205, '447, and '476 patents because it cannot establish the necessary nexus.

Even as to the '104, '205, '447, and '476 patents, which Oracle has attempted to relate to the success of Java, the Court should exclude such evidence because there is no analysis as to whether Java actually practices those patents.  Instead of analyzing the issue, Oracle's experts simply "assume" that this is the case.  For example, Dr. Benjamin Goldberg, contends that "I understand that Sun Microsystems and Oracle have implemented the claimed invention of the '104 patent in their Java virtual machines."  *See* Purcell Decl. Ex. 33 (Goldberg Report) ¶ 423.  He makes the same claim with respect to the '447 and '476 patents.  *See id.* ¶ 482.  Dr. Goldberg does not cite to anything in the record to support these assertions, and certainly engages in no analysis of the issue himself (nor does Dr. Mitchell, Oracle's expert on the issue of infringement).

2

GOOGLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT DISCUSSING COMMERCIAL SUCCESS
CASE NO. 3:10-cv-03561-WHA

580578.03

With respect to the '205 patent, Dr. Goldberg claims that "I understand that Java engineer Dr. Peter Kessler has confirmed that the HotSpot virtual machine employs the _fast_invokevfinal() nonstandard bytecode to implement the asserted claims of the '205 patent." *Id.* ¶ 436. Again, there is no basis for this assertion. Dr. Goldberg has not analyzed whether Java practices the claims. Nor did Dr. Kessler, upon whom Dr. Goldberg relies. To the contrary, Dr. Kessler repeatedly testified that he could not interpret and apply the asserted claims of the '205 patent. *See* Purcell Decl. Ex. 34 (Kessler Depo.) at 52:13-19; 59:13-22. He similarly testified with respect to the '104 patent, and Oracle's counsel repeatedly objected to the line of questioning as calling for expert testimony, implying that Dr. Kessler was not in a position to evaluate whether Java indeed practices the asserted claims. *See id.* at 187:20 – 188:23.

In light of Oracle's failures to even analyze whether Java practices the '104, '205, '447, and '476 patents, any evidence suggesting Java does so should be excluded under Rules 402 and 403. Indeed, without such an analysis, there can be no showing of a "nexus between the merits of the claimed invention and the secondary consideration." *Therasense,* 565 F. Supp. 2d at 1123.

### 3. Whether or not Android's (or even Java's) commercial success is attributable to the asserted patents is not relevant unless Google presents an obviousness defense, and should be excluded until that point.

The paragraphs of the Goldberg Report addressed by this motion purport to demonstrate that the inventions claimed in each of Oracle's asserted patents have contributed to the commercial success of Java, Android, or both. Such evidence is irrelevant—and thus inadmissible under Rule 402—unless and until Google presents an obviousness defense to the specific patent(s) that Dr. Goldberg is discussing. With 42 claims across 7 patents still at issue, it is impossible to tell whether obviousness will even be an issue at trial. In fact, Oracle may moot this issue altogether if it finally narrows the scope of the case to triable claims, rather than an unrealistic laundry list of issues.

In any event, evidence of the impact of the asserted patents on the commercial success of Android or of Java has no relevance —and is therefore inadmissible under Rule 402—unless and until (1) Google presents an obviousness defense as to a specific patent, *and* (2) Oracle meets its burden of demonstrating a "nexus" between the merits of the invention claimed in that patent and

3
GOOGLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT
DISCUSSING COMMERCIAL SUCCESS
CASE NO. 3:10-cv-03561-WHA

580578.03

the commercial success of Android (in the case of the '205, '702, '520, and '720 patents) or the commercial success of Java (in the case of the '104, '205, '447 and '476 patents).

Prior to that juncture, evidence regarding "commercial success" also should be inadmissible under Rule 403's probative-value-versus-prejudice balancing test—even assuming *arguendo* that such evidence possesses some marginal relevance to the liability case. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a ***modest likelihood*** of unfair prejudice or a ***small risk*** of misleading the jury." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (emphases added) (citation omitted) (applying Rule 403). Or, to put it another way: "[E]vidence presenting even a 'modest likelihood of unfair prejudice' is 'high enough to outweigh the . . . probative value' of marginally relevant evidence." *United States v. Espinoza-Baza*, 647 F.3d 1182 (9th Cir. 2011) (citation omitted) (applying Rule 403). "Commercial success" evidence poses at least a "modest likelihood" of unfair prejudice and a more than a "small risk" of misleading the jury because it tends to create an inflated sense of the patent's importance to the rapid development of the mobile-device market and, by implication, to the success of Android. Unfair prejudice and the risk of misleading are even greater with respect to Dr. Goldberg's assertions that the '104, '205, '447, and '476 patents contributed to "Java's commercial success" (Purcell Decl. Ex. 33 (Goldberg Report), ¶¶ 427, 443, 485), because Java actually has achieved little or no success in the field of mobile devices.

## CONCLUSION

The Court should, pursuant to Rules 402 and 403, exclude *in limine* any evidence attributing the commercial success of *Java* to the asserted patents because (a) Oracle does not even rely on all of them to demonstrate success; and (b) as to those it does rely on, Oracle cannot demonstrate the requisite nexus. At a minimum, the Court should exclude under Rules 402 and 403 any evidence attributing the commercial success of either Java or Android to the asserted patents unless and until such time as Google opens the door via an obviousness defense and Oracle demonstrates the requisite nexus.

4
GOOGLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT
DISCUSSING COMMERCIAL SUCCESS
CASE NO. 3:10-cv-03561-WHA

580578.03

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  September 24, 2011 | KEKER & VAN NEST LLP |
|  | By: s/ Robert A. Van Nest<br>ROBERT A. VAN NEST<br>Attorneys for Defendant<br>GOOGLE INC. |

5
GOOGLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT
DISCUSSING COMMERCIAL SUCCESS
CASE NO. 3:10-cv-03561-WHA

580578.03