1   MORRISON & FOERSTER LLP
    MICHAEL A. JACOBS (Bar No. 111664)
2   mjacobs@mofo.com
    MARC DAVID PETERS (Bar No. 211725)
3   mdpeters@mofo.com
    DANIEL P. MUINO (Bar No. 209624)
4   dmuino@mofo.com
    755 Page Mill Road, Palo Alto, CA  94304-1018
5   Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

6   BOIES, SCHILLER & FLEXNER LLP
    DAVID BOIES (Admitted *Pro Hac Vice*)
7   dboies@bsfllp.com
    333 Main Street, Armonk, NY  10504
8   Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
    STEVEN C. HOLTZMAN (Bar No. 144177)
9   sholtzman@bsfllp.com
    1999 Harrison St., Suite 900, Oakland, CA  94612
10  Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

11  ORACLE CORPORATION
    DORIAN DALEY (Bar No. 129049)
12  dorian.daley@oracle.com
    DEBORAH K. MILLER (Bar No. 95527)
13  deborah.miller@oracle.com
    MATTHEW M. SARBORARIA (Bar No. 211600)
14  matthew.sarboraria@oracle.com
    500 Oracle Parkway, Redwood City, CA  94065
15  Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

16  *Attorneys for Plaintiff*
    ORACLE AMERICA, INC.
17

18              UNITED STATES DISTRICT COURT

19             NORTHERN DISTRICT OF CALIFORNIA

20              SAN FRANCISCO DIVISION

21  ORACLE AMERICA, INC.                    Case No. CV 10-03561 WHA

22              Plaintiff,                  **ORACLE AMERICA, INC.'S
                                            OPPOSITION TO GOOGLE'S
23       v.                                 MOTION *IN LIMINE* NO. 4 TO
                                            EXCLUDE PORTIONS OF
24  GOOGLE INC.                             GOLDBERG REPORT DISCUSSING
                                            COMMERCIAL SUCCESS**
25              Defendant.
                                            Dept.:  Courtroom 8, 19th Floor
26                                          Judge:  Honorable William H. Alsup

27

28

ORACLE'S OPPOSITION TO GOOGLE'S MIL NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT
CASE NO. CV 10-03561 WHA
pa-1488948

1    Google asks the Court to exclude all evidence attributing Java's commercial success to the

2    asserted patents, on the grounds that (1) Oracle's expert, Dr. Goldberg, discussed Java's

3    commercial success only in connection with the '104, '205, and '476 patents,[1] and so cannot

4    provide such testimony regarding the other patents; and (2) Dr. Goldberg purportedly did not

5    establish a nexus between Java's commercial success and the '104, '205, and '476 patents,

6    because he himself did not analyze whether Java practices those patents.

7    Google's motion is predicated on the erroneous assumption that Dr. Goldberg is the only

8    witness who can and will testify regarding Java's commercial success attributable to the asserted

9    patents.  To the contrary, several fact witnesses on Oracle's list can testify to the nexus between

10   the asserted patents and Java's commercial success.  Among others, Dr. Mark Reinhold (Chief

11   Architect of the Java Platform Group), Dr. Guy Steele (Software Architect), Dr. James Gosling

12   (inventor of the '104 patent), and at least five Oracle engineers may offer testimony that (1) Java

13   practices the technology of the '104, '205, '476, and '702 patents; and (2) Java's commercial

14   success is attributable to those patents.  Google covered some of this testimony during

15   depositions, but it did not depose all of Oracle's intended witnesses nor did it question all

16   deponents on this subject.

17   Oracle is entitled to present *all* pertinent testimony at trial regarding Java's commercial

18   success attributable to the asserted patents, and is not limited to the testimony of Dr. Goldberg

19   and the other people Google deposed.  Google is essentially seeking summary adjudication of this

20   issue based on an alleged failure of proof before Oracle has presented its evidence at trial.  There

21   is no basis for the exclusion of evidence regarding Java's commercial success attributable to the

22   asserted patents.  After Oracle presents its evidence at trial, the jury or Court can assess its

23   sufficiency.

24   Google also argues that the Court should exclude evidence that Java's commercial success

25   is attributable to the asserted patents unless and until Google presents an obviousness defense.

26   Google asserted several obviousness defenses in its October 3, 2011 disclosure, so it appears that

27   [1] Google's motion also addresses the '447 patent, but because Oracle has now dropped
that patent from the case, it will not be discussed here.

28

1   Google intends to assert these defenses at trial.  Of course, if Google does not assert an

2   obviousness defense at trial, then Oracle will not offer rebuttal evidence regarding secondary

3   considerations of non-obviousness.  But the testimony regarding Java's success will be relevant to

4   other subjects, such as establishing the value and importance of the inventions of the asserted

5   patents for damages purposes.  Accordingly, Google's request to preclude this evidence unless

6   and until it offers an obviousness defense is improper and should be denied.

7   **I.      ORACLE WILL ESTABLISH AT TRIAL A NEXUS BETWEEN JAVA'S COMMERCIAL SUCCESS AND THE ASSERTED PATENTS**

8

9           The commercial success of a product embodying a patented invention is a secondary

10  consideration that can be used to rebut an allegation that the invention was obvious.  *Arkie Lures,*

11  *Inc. v. Gene Larew Tackle, Inc*., 119 F.3d 953, 957 (Fed. Cir. 1997) ("In *Graham* the Supreme

12  Court explained that the public and commercial response to an invention is a factor to be

13  considered in determining obviousness, and is entitled to fair weight") (citing *Graham v. John*

14  *Deere Co. of Kan. City*, 383 U.S. 1, 35-36 (U.S. 1966)).  To establish non-obviousness based on

15  the invention's commercial success, a patentee must offer evidence showing a nexus between the

16  product's commercial success and the patented invention.  *Tokai Corp. v. Easton Enters.*,

17  632 F.3d 1358, 1369 (Fed. Cir. 2011) ("…[a] nexus must exist between the commercial success

18  and the claimed invention").

19          Oracle will have the burden at trial of making a *prima facie* case of the nexus between

20  Java's commercial success and the inventions.  Once a *prima facie* case has been made, it will fall

21  to Google to rebut that evidence.  *See Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*,

22  851 F.2d 1387, 1392-93 (Fed. Cir. 1988) ("[T]he patentee in the first instance bears the burden of

23  coming forward with evidence sufficient to constitute a prima facie case of the requisite nexus….

24  When the patentee has presented a prima facie case of nexus, the burden of coming forward with

25  evidence in rebuttal shifts to the challenger….  It is thus the task of the challenger to adduce

26  evidence to show that the commercial success was due to extraneous factors other than the

27  patented invention.").

28

1    Oracle will offer evidence at trial from Dr. Goldberg and other witnesses demonstrating

2   that the commercial success of Java was the result of the claimed inventions, establishing the

3   required nexus.

4              **A.      Oracle Will Offer Evidence That Java Practices The Asserted**
                      **Patents.**
5

6    Oracle will offer evidence at trial that Java practices at least the '104, '205, '476, and '702

7   patents.  Google argues that Oracle has no evidence that Java practices these patents.  (Google

8   MIL 4 at 2.)  This is incorrect.  As to the '104 and '205 patents, Oracle engineer Peter Kessler

9   already provided deposition testimony regarding the relevant functionality of Java in connection

10   with those patents.  *See* Declaration of Ruchika Agrawal in Support of Oracle America, Inc.'s

11   Oppositions to Google's Motions In Limine Nos. 1 Through 5 ("Agrawal Decl.") Ex. 4-1  at

12   197:22-198:18, 53:16-54:10 (Aug. 4, 2011 Deposition of Peter Kessler).  Google deposed

13   Mr. Kessler as a 30(b)(6) witness on deposition Topic 10 ("The practice of the asserted claims of

14   U.S. Patent Number 6,910,205 by JDK (including but not limited to versions 1.0.2, 1.1.5, through

15   1.1.8 and 1.2) including the identification of the specific functionality within JDK practicing the

16   claims, the date of the first inclusion of that functionality in JDK, the origin of the functionality in

17   JDK, and any Just-In-Time (JIT) compilers providing that functionality that were released by or

18   derived from third parties") and Topic 11 ("Evidence of the conception, reduction to practice, and

19   actual use of the invention(s) allegedly set forth in the asserted claims").  While Mr. Kessler did

20   not, in his testimony, map specific claims to Java, he did confirm that Java includes the relevant

21   technology of the '104 and '205 patents.  (*Id.*)  Other Oracle fact witnesses may do the same at

22   trial.  These witnesses include Dr. Gosling (the inventor of the '104 patent), Drs. Reinhold and

23   Steele, and Oracle Java engineers Noel Poore, Erez Landau, and Bob Vandette, all of whom have

24   extensive knowledge of Java from their job responsibilities at Oracle and Sun Microsystems Inc.

25   These witnesses are all listed on Oracle's trial witness list and this subject is disclosed as a topic

26   of their testimony ("Oracle's products that practice the asserted claims of the patents-in-suit").

27    With respect to the '702 patent, Oracle may offer testimony from any of the witnesses

28   above, and also from Oracle Java engineer John Pampuch, who previously testified at deposition

ORACLE'S OPPOSITION TO GOOGLE'S MIL NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT
CASE NO. CV 10-03561 WHA                                                                                  3
pa-1488948

1   regarding that patent.  Agrawal Decl. Ex. 4-2 at 118:16-119:16 (July 29, 2011 Deposition of John

2   Pampuch).  Google deposed Mr. Pampuch as a 30(b)(6) witness on deposition Topic 9 ("The

3   practice of the asserted claims of U.S. Patent No. 5,966,702 by JavaOS (including the

4   identification of the specific functionality within JavaOS practicing the claims, the date of the

5   first inclusion of that functionality in JavaOS, and any public disclosure(s), license(s), sale(s), or

6   offer(s) to license or sell of JavaOS before October 31, 1996)"), among other topics.  Any of the

7   above witnesses may be offered to testify regarding the '476 patent.

8           Through the foregoing fact witnesses, Oracle expects to prove at trial that Java practices

9   the '104, '205, '476, and '702 patents.  Google has cited no authorities to support the exclusion of

10  such evidence from trial.  Google's motion jumps the gun and asks the Court to conclude that

11  Oracle has no evidence establishing the nexus between Java's commercial success and the

12  asserted patents, but Oracle has not yet presented its evidence at trial.

13                  **B.      Oracle Will Offer Evidence That Java's Commercial Success Is
                             Attributable To The Asserted Patents.**

14

15          Oracle has already disclosed evidence in Dr. Goldberg's expert report demonstrating that

16  Java's commercial success is a result of the '104, '205, and '476 patents.  (*See e.g.,* Agrawal

17  Decl. Ex. 4-3, Goldberg Report ¶¶ 423-31 (the '104 patent), ¶¶ 435-47 (the '205 patent), ¶¶ 482-

18  85 (the '476 patent).)[2]  Google acknowledges that Dr. Goldberg's report addresses commercial

19  success in connection with these patents.  (Google MIL 4 at 2.)  And Oracle expects to provide

20  additional evidence at trial from Drs. Gosling, Reinhold and Steele, and Oracle Java engineers

21  Poore, Landau, Vandette, and Pampuch.  Together with Dr. Goldberg's testimony, these

22  witnesses will provide sufficient evidence to establish the required nexus between Java's

23  commercial success and the asserted patents.

24          [2] As Google concedes, Dr. Goldberg has also provided evidence of the commercial
    success of *Android* attributable to all of the patents, including the '702, '520, and '720 patents.
25  (*See e.g.,* Agrawal Decl. Ex. 4-3, Goldberg Report ¶¶ 454-58 (the '702 patent), ¶¶ 461-66 (the
    '520 patent), ¶¶ 469-73 (the '720 patent).)  The commercial success of Android, the accused
26  instrumentality, can be used to establish the commercial success of the patented inventions.
    *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1579 (Fed. Cir. 1997)
27  (considering commercial success of infringing product as evidence of the commercial success of
    the claimed invention).

28

1    Once the nexus requirement is met, the burden shifts to Google to rebut Oracle's

2  evidence.  *See Demaco,* 851 F.2d 1387 at 1392-93 ("[w]hen the patentee has presented a prima

3  facie case of nexus, the burden of coming forward with evidence in rebuttal shifts to the

4  challenger").  Google's motion misleadingly implies that the burden of establishing a nexus falls

5  entirely on Oracle, when in fact the burden shifts to Google once Oracle makes a *prima facie*

6  showing.  Oracle is entitled to present evidence at trial to establish its *prima facie* case that Java's

7  commercial success was attributable to the asserted patents; Google has not shown a basis for

8  excluding this evidence via a motion in limine.

9      **II.      ORACLE'S EVIDENCE OF JAVA'S COMMERCIAL SUCCESS IS
              RELEVANT TO OTHER ISSUES, SUCH AS DAMAGES**
10

11   Google asks the Court to preclude Oracle from presenting evidence regarding Java's

12  commercial success unless and until Google presents an obviousness defense.  Of course, Oracle

13  will only present evidence of secondary considerations of non-obviousness (including

14  commercial success) if Google asserts obviousness as an invalidity ground.  Since Google listed

15  obviousness defenses in its October 3, 2011 statement, it appears poised to assert those defenses

16  at trial.  (*See* ECF No. 475, Google's Response to the Court's Order Requesting Case

17  Management Statements, at 3-8.)  But if Google foregoes those defenses, then Oracle will not

18  submit evidence of secondary considerations in rebuttal.  Mr. Goldberg is Oracle's expert on

19  patent validity.  (*See* Agrawal Decl. Ex. 4-3, Goldberg Report ¶ 4.)  His testimony will be

20  presented to rebut any arguments Google makes at trial concerning the validity of the asserted

21  patents.  It is not Oracle's present intention to introduce Mr. Goldberg's testimony in its case-in-

22  chief.

23   The testimony of Oracle's fact witnesses regarding Java's commercial success is relevant,

24  however, to other issues in the case, including establishing the value and importance of the

25  asserted patents for damages purposes.  *See Georgia-Pacific Corp. v. United States Plywood*

26  *Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) ("The established profitability of the product

27  made under the patent; its commercial success; and its current popularity" is a factor to be used in

28  determining a reasonable royalty).  Oracle is asserting a reasonable royalty theory of patent

1  damages in this case.  Java's commercial success is relevant to determining damages.  Google has

2  provided no basis for excluding this evidence from Oracle's case-in-chief, should Oracle decide

3  to present it at that time.

4                                      **CONCLUSION**

5        For the foregoing reasons, Oracle asks the Court to deny Google's motion to exclude

6  evidence of Java's commercial success attributable to the asserted patents.

7

8  Dated: October 4, 2011                    MICHAEL A. JACOBS
                                            MARC DAVID PETERS
                                            DANIEL P. MUINO
9                                            MORRISON & FOERSTER LLP

10

11                                          By:  */s/ Daniel P. Muino*
                                                 Daniel P. Muino

12                                               *Attorneys for Plaintiff*
                                                 ORACLE AMERICA, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S OPPOSITION TO GOOGLE'S MIL NO. 4 TO EXCLUDE PORTIONS OF GOLDBERG REPORT
CASE NO. CV 10-03561 WHA
pa-1488948

6