UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br><br>  v.<br><br>GOOGLE INC.<br><br>        Defendant. | Case No. CV 10-03561 WHA |

**OPENING EXPERT REPORT OF JOHN C. MITCHELL
REGARDING PATENT INFRINGEMENT**

**SUBMITTED ON BEHALF OF PLAINTIFF
ORACLE AMERICA, INC.**

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
Highly Confidential – Attorneys Eyes Only**

194. Individually and collectively, the terms of these agreements (which I understand that Google has with every major Android device manufacturer) mean that Google exerts significant control over Android devices made and sold by others and what software they run. Google provides infringing code to device manufacturers, discourages or prevents any changes to Android with respect to the infringing functionality, and could change the Android software running on devices made by others to avoid infringement if its chose.  For these reasons, I conclude that Google induces and contributes to infringement by the entities that make, use, and sell Android devices, such as device manufacturers, carriers, application developers, and end users.

### E. Experimental Work

195. Appendix A discuses the experimental work I performed to confirm infringement of the patents-in-suit, in supplementing the analysis detailed below.  Appendix A is an integral part of my report, and discusses my study of the following Android devices to confirm infringement in support of my analysis:

- Nexus One;
- Nexus S;
- HTC's Droid Incredible 2;
- LG Optimus;
- Samsung Captivate; and
- Motorola Atrix.

196. In support of my analysis and rendered opinions, I also rely on the performance benchmark and testing analysis completed by Bob Vandette, Noel Poore, and Erez Landau, as detailed in their respective summaries and reports submitted to Google with my Opening Patent Infringement Report.  Their work was conducted at my request and direction.  I engaged in numerous conversations with these Java engineers in carrying out this work.

## XIII. CONCLUSION

767. For the foregoing reasons, it is my opinion that Android infringes:

- Claims 11, 12, 15, 17, 22, 27, 29, 38, 39, 40, and 41 of United States Patent No. RE38,104;
- Claims 1, 2, 3, and 8 of United States Patent No. 6,910,205;
- Claims 1, 6, 7, 12, 13, 15, and 16 of United States Patent No. 5,966,702;
- Claims 1, 4, 8, 12, 14, and 20 of United States Patent No. 6,061,520;
- Claims 1, 4, 6, 10, 13, 19, 21, and 22 of United States Patent No. 7,426,720;
- Claims 10 and 11 of United States Patent No. 6,125,447; and
- Claims 13, 14, and 15 of United States Patent No. 6,192,476

It is also my opinion that Google is liable for direct and indirect infringement in the manner described above.

768. For the forgoing reasons, it is my opinion that the patents-in-suit form the basis for consumer demand for Android by developers and end-users.

769. For the forgoing reasons, it is my opinion that once Google decided to adopt the Java execution model in Android, the patents-in-suit became necessary to Android achieving satisfactory performance and security.

Dated: August 8, 2011

_____
John C. Mitchell

pa-1460906