MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA (DMR)<br><br>**ORACLE'S RESPONSE TO FINAL PRETRIAL ORDER**<br><br>Dept.:   Courtroom 9, 19th Floor<br>Judge:   Honorable William H. Alsup |

Oracle submits this response to the Final Pretrial Order of January 4, 2012.  Our comments are directed first to the plan as set forth in the Final Pretrial Order and then to an alternative that could move the case to resolution more expeditiously and reduce the burden on jurors.

## I. COMMENTS ON PLAN IN FINAL PRETRIAL ORDER

### A. Trial Date

Oracle wants this case to be tried as soon as possible.  If March 19, 2012 is the Court's earliest available date, then Oracle would strongly prefer trial to proceed on that day or as soon thereafter as possible.  Google is inflicting irreparable harm on Oracle by offering proprietary Java technology, most notably the patents and copyrights in suit, for free within Android, fragmenting the Java platform.  Oracle needs to obtain injunctive relief quickly to preserve the Java ecosystem and restore the "write once, run anywhere" promise that is the core of Java's value. (*See* ECF No. 649 at 1-3.)  Google has also said that it "is prepared to try the case at the earliest time available for the Court, the parties, and counsel." (*Id.* at 3.)

Oracle notes, however, that one of the scheduling conflicts that prevented an earlier trial date has now disappeared.  The electronic docket indicates that Mr. Van Nest's trial date in *New York v. Intel Corp.*, which was previously set for February 14-24, was vacated on December 23, 2011, two days after the pretrial conference in this case.  The *Intel* case is now stayed pending the Court's consideration of several pretrial motions (the trial date is subject to being reset).  *See* Order Cancelling Trial, No. 09-827 (LPS) (D. Del. Dec. 23, 2011), ECF No. 298.  Oracle's counsel has no conflicts until late May 2012.  Accordingly, if the Court's schedule permitted, the trial could begin in February without conflicting with Mr. Van Nest's other trials.

Oracle also notes that, if it is not possible for trial to begin on March 19 or earlier, then given the time limits set by the Court in its Final Pretrial Order, it would be possible to schedule the full trifurcated trial to take place between April 23 and May 30, when all counsel are free.  The Court has allocated a total of 79 ¼ hours for jury selection, opening statements, presentation of evidence and the FJC video. (*See* Final Pretrial Order at 2-3, ECF No. 675.)  Thus, under the Court's current plan, adding in additional time for closing arguments and instructions, less than

1  19 days of trial presentation time is required.  Adding in additional time for jury deliberations, it
2  should be possible to complete the trial in less than the 27 court days that the parties have
3  available from April 23 through May 30.

### B.  Trifurcation

Oracle previously opposed trifurcation and renews those objections here.  (*See* ECF No. 627; ECF No. 649 at 1.)

Oracle expects that a trifurcated trial will continue to present issues over whether evidence is "relevant only to a later phase," and therefore can be introduced only in the later phase under the terms of the Final Pretrial Order.  For example, the Final Pretrial Order says that more general "Java" evidence may be introduced in Phase One or Two to the extent it constitutes a copyright (and presumably patent) liability issue or defense, including implied license, laches, equitable estoppel, and waiver.  Willfulness is reserved for Phase Three.  If Google's equitable defenses are to be presented in Phase One and Two, willfulness should be presented in those phases as well because of the significant overlap among these issues and because Google's willful infringement negates its equitable defenses as a matter of law.  *See, e.g., WeddingChannel.com, Inc. v. Knot, Inc.*, No. 03 Civ. 7369 (RWS), 2004 U.S. Dist. LEXIS 25749, at *7 (S.D.N.Y. Dec. 23, 2004) ("[T]he infringer's state of mind can support a finding of egregious conduct, thereby defeating equitable defenses such as laches."); ECF No. 627 at 6-8 (discussing overlap among willfulness, liability, and equitable defenses).  Thus, we believe, but wish to clarify, that under the Court's Order, willfulness evidence may be introduced in Phases One or Two to the extent it establishes an element of liability (*e.g.*, in connection with inducement) or counters a defense that Google has indicated it will introduce at trial.

## II.  ALTERNATIVE PROPOSAL

In the wake of the pretrial conference, we have given additional thought to concerns the Court identified about the constraints on the Court's schedule and the burden on the jury of sitting through a lengthy trial.  We also wish to maximize the chances that we can be set for a trial earlier rather than later.

The injunctive phase of this case is critical to Oracle and is the most time-sensitive aspect of the litigation.  As we explained at the pretrial conference, Oracle's goal is to employ its right to injunctive relief to bring Android back into the Java fold and end the fragmentation in the Java platform and Java community that Google's lawless conduct has generated.  Millions of new Android devices appear every week, and new flavors of Android are being introduced.  More Android devices have likely been sold in the last five months, since fact discovery closed, than in the preceding three *years*.  According to Google Chairman Eric Schmidt, speaking yesterday at the Consumer Electronics Show in Las Vegas, Google is seeing 700,000 Android activations a day, totaling more than 200 million Android phones in the world today. "Just do a little math with the numbers I just told you, and Android is on a billion-unit plan." (Laurent Goode, *Schmidt – Storm Alert: The Google Chairman Didn't Like Your Question*, AllThingsD (Jan. 10, 2012), allthingsd.com/20120110/schmidt-storm-alert-the-google-chairman-didnt-like-your-question/.)

But Android's adoption has moved far beyond mobile phone deployment.  Its adoption in tablet computers is well-known, as perhaps is its use in televisions.  Less well-known is Android's spread into embedded systems, a traditional strongpoint for Java.  Oracle's sales force is seeing increasing evidence that Android is threatening Java in this area.  That expansion is, of course, Google's objective.  *See, e.g.*, Ina Fried, *Google's Rubin Says Ice Cream Sandwich Is Filled With "Butter"*, AllThingsD (Oct 19, 2011), allthingsd.com/20111019/googles-rubin-says-ice-cream-sandwich-is-filled-with-butter/:

> While Andy Rubin is most focused on getting Android running on as many phones, TVs and tablets as possible, he sees opportunities well beyond that. Already, he notes, the operating system has spread to watches from Motorola and car dashboards from Mercedes.  "Tell me what screen Android shouldn't be on," Rubin said, speaking to AllThingsD just after he finished his onstage appearance at AsiaD in Hong Kong.

(*See also* Tim Simonite, *Google's Android Rampages Beyond Mobile*, Technology Review (May 10, 2011), www.technologyreview.com/blog/editors/26751/ ("Combine all that with other tech announced today that will have Android devices control everything in your home from lighting to irrigation...and it becomes difficult to think of that cute green robot representing a

mobile operating system any more.  Rather, Android is being pitched as *the* operating system, for a future brought to you by Google.").)

The more Android penetrates into the market, the more significant its forking of Java becomes and the harder it will be to achieve Oracle's desired result.  A speedy trial and entry of injunctive relief is thus ever more critical.  We therefore offer the following proposal for the Court's consideration:

- Phases One and Two would proceed as outlined in the Final Pretrial Order (with one exception as noted below).  A single jury would hear both liability phases.
- If Oracle prevails in Phase One or Two, the Court would then turn to the question of injunctive relief.  Except for this change in sequencing, the injunction phase would also be handled as outlined in the Final Pretrial Order.
- After the injunction phase, the Court would turn to the question of damages (Phase Three).  Assuming that there is a break between the end of Phase Two and the beginning of Phase Three, a new jury would be selected to hear that phase.

This proposal would cut about one week from the duration of the initial trial, comprised of Phases One and Two.  That would make sitting as a juror in that trial less burdensome.  It would also give the Court greater flexibility in selecting a trial date, as only 14 days of trial presentation time, plus time for closing argument and deliberations, would be required for the initial trial.  Hence, the Court may more readily be able to schedule the case for an earlier trial.

This proposal entails one modification to the Court's delineation of Phases One and Two: the treatment of willfulness.  We propose that the jury address copyright willfulness in Phase One and patent willfulness in Phase Two.  Because, as noted previously, questions of intent are relevant to issues of liability, we believe this would in any case be a more efficient allocation of decision-making responsibility.  But under our alternative proposal, such a reallocation would be necessary so that the damages jury does not have to hear extensive liability evidence in order to render a verdict on willfulness.

1    We believe this alternative approach offers considerable advantages in moving this case to
2    resolution as quickly and efficiently as possible.

3    Dated: January 11, 2012           MORRISON & FOERSTER LLP
4
5                                      By:  /s/ Michael A. Jacobs

6                                      MORRISON & FOERSTER LLP
                                       MICHAEL A. JACOBS (Bar No. 111664)
7                                      mjacobs@mofo.com
                                       KENNETH A. KUWAYTI (Bar No. 145384)
8                                      kkuwayti@mofo.com
                                       MARC DAVID PETERS (Bar No. 211725)
9                                      mdpeters@mofo.com
                                       DANIEL P. MUINO (Bar No. 209624)
10                                     dmuino@mofo.com
                                       755 Page Mill Road
11                                     Palo Alto, CA  94304-1018
                                       Telephone: (650) 813-5600
12                                     Facsimile: (650) 494-0792

13                                     BOIES, SCHILLER & FLEXNER LLP
                                       DAVID BOIES (Admitted *Pro Hac Vice*)
14                                     dboies@bsfllp.com
                                       333 Main Street
15                                     Armonk, NY  10504
                                       Telephone: (914) 749-8200
16                                     Facsimile: (914) 749-8300
                                       STEVEN C. HOLTZMAN (Bar No. 144177)
17                                     sholtzman@bsfllp.com
                                       1999 Harrison St., Suite 900
18                                     Oakland, CA  94612
                                       Telephone: (510) 874-1000
19                                     Facsimile: (510) 874-1460

20                                     ORACLE CORPORATION
                                       DORIAN DALEY (Bar No. 129049)
21                                     dorian.daley@oracle.com
                                       DEBORAH K. MILLER (Bar No. 95527)
22                                     deborah.miller@oracle.com
                                       MATTHEW M. SARBORARIA (Bar No.
23                                     211600)
                                       matthew.sarboraria@oracle.com
24                                     500 Oracle Parkway
                                       Redwood City, CA  94065
25                                     Telephone: (650) 506-5200
                                       Facsimile: (650) 506-7114
26
                                       *Attorneys for Plaintiff*
27                                     ORACLE AMERICA, INC.
28