KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415.391.5400
Facsimile:      415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:     212.556.2100
Fax:     212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:     415.318.1200
Fax:     415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:     650.328.8500
Fax:     650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                    Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE'S RESPONSE AND OBJECTIONS TO FINAL PRETRIAL ORDER**<br><br>Judge:        Hon. William Alsup<br>Dept.         Courtroom 9, 19th Floor |

**INTRODUCTION**

On January 4, 2012 the Court issued a Final Pretrial Order (Dkt. No. 675) and directed the parties to submit any objections to that Order within seven calendar days.  Google has no objections to the Court's Final Pretrial Order, other than the following.

**OBJECTIONS**

**A.     The Court should allot more time for the patent and damages phases of the trial.**

Google previously requested 15 hours of trial time per side for each phase of the trial.[1] The Court's Order allocates 16 hours for the copyright phase, 12 hours for the patent phase, and 8 hours for the damages/willfulness phase.  Google renews its request for a total of 30 hours per side for the liability phases, and requests that the Court allow 12 hours per side for the damages/willfulness phase of the trial.

The patent case—at least in its current form—cannot be tried in a reasonable amount of time, let alone in 12 hours of trial time per side.  Oracle intends to try 26 claims of six unrelated patents.  It has identified 20 percipient witnesses on its "will call" list as relevant to the patent case.[2]  Google will call other percipient witnesses, and, together, the parties will need to call more than a half-dozen expert witnesses.  The parties would need far more than 12 hours per side to try that patent case.  Oracle must narrow its claims to a manageable number for trial in order to be able to present a comprehensible case in the limited time available.

Even if the patent case could be tried in a reasonable amount of time, there is no reason to expect that it will take less trial time than the copyright case.  The parties will need to explain to the jury what the patents are, how the claim terms have been construed, and what the jury needs to know to determine infringement and validity.  In order to do that, the parties will also need to educate the jury on other complex issues that are specific to the patents (and not implicated by the copyright claims), such as the difference between source code and byte code, the operation of the Dalvik virtual machine, the dx tool, the just-in-time compiler (among other technology), and an explanation of the asserted claims of the six patents-in-suit.  Presentation of this background

---

[1] Second Supplemental Joint Pretrial Conference Statement (Dkt. No. 649) at 4:22-5:2.
[2] Oracle Witness List (Dkt. No. 491); Oracle Critique of Proposed Trial Plan (Dkt. No. 627).

1
GOOGLE'S RESPONSE AND OBJECTIONS TO FINAL PRETRIAL ORDER
CASE NO. 3:10-cv-03561-WHA

1  material will take a significant amount of time. Accordingly, the Court should allot two more
2  hours for the patent phase, for a total of 30 hours per side for the liability phases.
3  　　　The Court should also allot an additional four hours per side for the damages/willfulness
4  phase. There too Oracle has identified at least 20 percipient witnesses from its "will call" list.[3]
5  The damages/willfulness phase also will require testimony from five expert witnesses, including
6  Dr. Kearl. Direct and cross examination of these expert witnesses alone likely will take close to
7  six hours, and the parties will need time to lay the foundation through percipient witness
8  testimony for various facts relied upon by the experts. Moreover, the parties will need to present
9  evidence on the issue of willfulness. Accordingly, the Court should allow 12 hours per side for
10 the damages phase. *Cf. General Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1508 (9th
11 Cir. 1995) ("[A] district court may impose *reasonable* time limits on a trial.") (emphasis added)).

**B.    The Court should allow the parties to videotape *post-trial-day* testimony of third-party witnesses and play that testimony as necessary in subsequent phases.**

　　　Google agrees with the Court's Order to the extent that it prohibits the parties from videotaping testimony during phase one or two of the trial and replaying that *same testimony* again in a later trial phase. Google requests, however, that the Court allow the parties to videotape certain third-party testimony presented to the Court—after the jurors have been excused for the day—and play the ***non-duplicative testimony*** for the jury in later trial phases, as necessary. This procedure would minimize the burden that a two-month trifurcated trial would impose on third-party witnesses and ensure that the court and the jury hear all of the relevant evidence.

　　　Both Google and Oracle intend to call third-party witnesses whose testimony will be relevant to more than one phase of the trial. These witnesses include: Jonathan Schwartz, Vineet Gupta, John Rizzo, and Bob Lee. Some of the topics covered by these witnesses may be relevant to one liability phase but not to the other, or to either liability phase but not to the damages phase. For example, Mr. Schwartz likely will testify about Sun's practices regarding

---

[3] Oracle Witness List (Dkt. No. 491); Oracle Critique of Proposed Trial Plan (Dkt. No. 627).

1  the use of Java APIs—an issue relevant only to the copyright phase.[4]  But Mr. Schwartz will also
2  testify about Sun's established policy of using its patents only defensively—an issue relevant
3  only to the patent and damages/willfulness phases.  Because the Court's Order prevents
4  witnesses from "giv[ing] testimony on a subject relevant only to a later phase,"[5] Mr. Schwartz
5  would have to appear once to provide copyright-specific testimony, again to provide patent-
6  specific testimony, and again to provide damages/willfulness-specific testimony.  This is an
7  unreasonable burden to place on a nonparty.  Indeed, some third-party witnesses might be
8  unavailable to appear for successive trial phases, thereby depriving the court and the jury of
9  relevant evidence and prejudicing the parties' ability to present their cases.

The Court could eliminate these problems by adopting the following procedure:

1. Allow third-party witnesses who appear in an early trial phase to testify before the court—out of the presence of the jury—on topics relevant only to a later trial phase.

2. Videotape that testimony, and play it for the jury in later phases, as necessary.

This procedure respects the structure of a trifurcated trial, while minimizing the burden on third-parties and ensuring that the court and the jury hear all of the relevant evidence.  The Court should adopt it.  *See F&G Scrolling Mouse, LLC v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999) (noting that trial judge should consider the "convenience to the parties, witnesses, jurors, and the court" in a phased trial); *see also Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D.Del. 2002) (noting that trial judge should consider possible prejudice to the parties in a phased trial).

Dated:  January 11, 2012                                  KEKER & VAN NEST LLP

By: */s/ Robert A. Van Nest*
    ROBERT A. VAN NEST
    Attorneys for Defendant
    GOOGLE INC.

---

[4] *See generally*, Google's Trial Witness Disclosure Pursuant to Fed. R. Civ. P. 26(A)(3).
[5] Order at 3:17.