IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**FURTHER RULINGS REGARDING COMMENTS ON FINAL PRETRIAL ORDER**

    The submissions regarding the final pretrial order have been reviewed. Before a trial date will be set, the issue of damages methodology must be finally sorted out. Put differently, the Court will not set a trial date until Oracle adopts a proper damages methodology, even assuming a third try is allowed (or unless Oracle waives damages beyond those already allowed to go to the jury). For this "delay," Oracle has no one to blame but itself, given that twice now it has advanced improper methodologies obviously calculated to reach stratospheric numbers. Another roadblock to setting a trial date is the pending petition for writ of mandate over the email. If Oracle will waive reliance on that email, then this roadblock would vanish. Counsel must remember that many other trials in other cases have already been set, and continue to be set on a weekly basis, over a period extending into next year.

    As for the time limits, counsel should be aware that as now framed, the trial will take two months, not 19 days. This the Court knows from experience. The time limits set are almost double the maximum ever used in any trial in the judge's 12-plus years on the bench. We must

1  also allow for three sets of deliberations.  The judge is convinced that adequate time has been
2  allotted.
3       As for alleged witness inconvenience, it must be endured.  The Court will not be able to
4  continue the trial each day past one p.m. for the sole purpose of taking testimony out of the
5  presence of the jury for playback to the jury later.  The Court's docket will not permit this luxury.
6  Also, it is better if the jury sees and hears the witnesses fresh each time.  If need be, the Court will
7  order witnesses to return.  This, of course, is a problem only for witnesses who genuinely will
8  have evidence relevant solely to multiple phases.
9       The extent to which willfulness evidence will be allowed on the equitable defenses in
10 Phase One will be decided on an item-by-item basis.

**IT IS SO ORDERED.**

Dated:   January 12, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2