KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415.391.5400
Facsimile:  415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY 10036
Tel:  212.556.2100
Fax:  212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA 94105
Tel:  415.318.1200
Fax:  415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:  650.328.8500
Fax:  650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>  Plaintiff,<br><br>   v.<br><br>GOOGLE INC.,<br><br>  Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**GOOGLE'S MEMORANDUM REGARDING WHETHER DR. COCKBURN SHOULD BE ALLOWED TO SUBMIT A THIRD DAMAGES REPORT**<br><br>Dept.:  Courtroom 8, 19th Floor<br>Judge:  Hon. William Alsup |

## I. INTRODUCTION

On July 22, 2011, this Court struck the vast majority of Oracle's damages expert Dr. Iain Cockburn's initial expert report for deliberately "overreach[ing] in multiple ways—each and every overreach compounding damages ever higher into the billions—evidently with the goal of seeing how much it could get away with, a 'free bite,' as it were." July 22, 2011 Order [Dkt. No. 230] at 15.  Although the Court gave Oracle and Dr. Cockburn a second chance to bring their damages analysis into line with federal law and the facts of the case, it also explained in plain English the consequences Oracle would face if it and Dr. Cockburn overreached again:

> Please be forewarned: the next bite ***will be for keeps***.  If the next ***and final*** report fails to measure up ***in any substantial and unseverable way****,* including ways this order did not have time to reach, then it may be excluded altogether without leave to try yet again.

*Id.* (emphases added).

At the same time it issued its express warning to Oracle, the Court took an additional and unusual measure to safeguard against distorted presentations on damages issues.  On July 5, 2011, the Court announced its tentative intention to retain a court-appointed damages expert to testify to the jury on damages issues, under Federal Rule of Evidence 706.  On August 30, 2011, the Court retained Dr. James Kearl as its Rule 706 expert.  On November 9, 2011, the Court entered a further order explaining that appointing an independent damages expert was necessary because of "the parties' extremely divergent views on damages and the unusual complexity of the damages aspect of this case."  Nov. 9, 2011 Order [Dkt. No. 610] at 3.

The writing on the wall was unmistakable, but Oracle failed to read it.  On September 12, 2011, Oracle served Dr. Cockburn's revised damages report.  If the second report was less objectionable than the first, it was only superficially so.  Dr. Cockburn still ignored governing damages law and filled his analysis with unsupportable logical leaps designed to inflate Oracle's recovery.  Google filed a second *Daubert* motion, and, on January 9, 2012, the Court again struck most of Dr. Cockburn's report.  Specifically, the Court:

- Struck Dr. Cockburn's opinion apportioning to the patents-in-suit 30% of the value of Sun's $100 million demand to Google and assigning to the copyrights at issue 15% of the value of that demand because Dr. Cockburn failed to understand or account for the full panoply of things Google would have received had it

1

accepted Sun's demand.  Jan. 9, 2012 Order [Dkt. No. 685] at 7-9.

- Barred Dr. Cockburn from offering any testimony on a reasonable royalty, either as to patent or copyright damages, because of his failure to apportion the value of the patents and copyrights at issue.  *Id.*

- Precluded Dr. Cockburn from apportioning the value of Oracle's patents among the asserted claims of those patents—something Dr. Cockburn has never attempted to do in either iteration of his report.  *Id.* at 9-10.

- Ruled that, because Dr. Cockburn had never valued the handful of code files that Oracle alleged Google to have literally copied, he may not offer damages testimony on those files at trial.  *Id.* at 10.

- Struck Dr. Cockburn's testimony on future damages because Dr. Cockburn failed to calculate damages past the end of 2012 and failed to account for the varying expiration dates of the asserted patent claims.  *Id.* at 10-11.

- Excluded evidence of certain licenses and settlements of litigation between Sun and Microsoft, along with any testimony from Dr. Cockburn (or, presumably, any other Oracle witness) about that evidence.  *Id.* at 11-12.

The Court should not give Oracle a third chance.  The Court made clear to Oracle in striking most of Dr. Cockburn's first report that its second chance was its last.  Dr. Cockburn's second report completely and deliberately disregarded several of the Court's instructions in its first *Daubert* order.  Permitting Dr. Cockburn a third try would significantly burden Google and its experts.  And Dr. Kearl's testimony could mitigate Dr. Cockburn's absence.  The Court should not reward Oracle at Google's expense for Oracle's disregard of the Court's instructions.

## II.     ARGUMENT

**A.    The Court should stand by its previous statements that Dr. Cockburn's second chance was his last.**

The Court could not have been clearer in its July 22, 2011 order that Oracle's "next [report] will be for keeps," driving the point home further by referring to Dr. Cockburn's "next *and final*" report.  July 22, 2011 Order [Dkt. No. 230] at 15 (emphasis added).  The Court even raised the possibility that, if Dr. Cockburn committed errors in that final report that were significant enough that they tainted the full report "in any substantial and unseverable way," the Court might even strike the *entire* report and preclude *any* testimony by Dr. Cockburn at trial "***without leave to try again***."  *Id.* (emphases added).  Google asks the Court to follow through with its earlier order and impose the consequences it told Oracle it would.

1    The consequences with which the Court threatened Oracle are reasonable.  Google is
2 unaware of any case in which an expert has been given a ***third*** shot at producing a viable
3 damages report.  *See, e.g.*, *Cornell Univ. v. Hewlett-Packard Co.*, 609 F. Supp. 2d 279, 283-90
4 (N.D.N.Y. 2009) (Rader, J.) (granting JMOL to defendant when plaintiff's second damages
5 report, "[r]ather than present a damages case accounting for this court's order, . . . relied on the
6 same evidence and reasoning that proved insufficient" the first time and plaintiff "stuck to its
7 guns, aiming for the highest royalty base still available after the court's exclusion order"); *Rolls-*
8 *Royce PLC v. United Technologies Corp.*, No. 1:10-cv-457 (LMB/JFA), 2011 WL 1740143, at
9 *9 (E.D. Va. May 4, 2011) (precluding much of plaintiff's damages-related evidence or
10 argument at trial where plaintiff's expert had more than ten months to develop "a concrete and
11 economically sound damages theory," but served a report that "reads more like a lawyer's brief
12 advocating for the highest conceivable damage award rather than an expert trying to assist the
13 trier of fact reach a reasonable damages figure" and was based on "misstatements of the law, a
14 lack of sound evidence, and unsupported economic assumptions"); *Emerald Investments Ltd.*
15 *P'ship v. Allmerica Fin. Life Ins. & Annuity Co.*, 516 F.3d 612, 617-18 (7th Cir. 2008) (affirming
16 district court's decision to exclude second expert report after first expert report "demonstrated a
17 willingness to abandon the norms of [expert's] profession in the interest of his client").

18 **B.    Dr. Cockburn's second report ignored the explicit direction of the Court.**

19    Dr. Cockburn's second report ignored the explicit direction set forth in this Court's July
20 22, 2011 order and—like his stricken first report—did so with the obvious intent of inflating
21 Oracle's damages recovery.  *See* Jan. 12, 2012 Order [Dkt. No. 694] at 1 (noting that "twice now
22 [Oracle] has advanced improper methodologies obviously calculated to reach stratospheric
23 numbers").  Neither Oracle nor Dr. Cockburn have even attempted to explain their failure to
24 follow the July 22, 2011 order.

25    *First*, in his first report, Dr. Cockburn assumed that the patents and copyrights at issue in
26 this case contributed 100% of the value of Sun's Java-related businesses and intellectual
27 property, without any basis or analysis of the myriad other components of "Java."  The Court
28 rejected that approach.  July 22, 2011 Order [Dkt. No. 230] at 5-6.  The Court instructed Oracle

1  that Dr. Cockburn needed to apportion **both** the total value of Android between specific
2  infringing features versus the rest of Android **and** the value of the asserted claims from the rest
3  of the Java platform (*i.e.* the other items in the 2006 offer).  *Id.*  Dr. Cockburn's second report
4  ignored the Court's order.  Dr. Cockburn didn't make any attempt to value the claimed
5  intellectual property, either as a percentage of Sun's $100 million demand in 2006 or any other
6  starting point.  Instead, Dr. Cockburn purported to measure the market value *in 2011* of the
7  Android *features* allegedly enabled by those inventions—*e.g.*, increased processing speed.  This
8  approach was analytically incoherent and had no foundation in the law, as the Court found last
9  week in rejecting it.  Dr. Cockburn ignored the fact that the claimed Sun inventions at issue here
10 are not the same as the features of Android the inventions supposedly enable; those features also
11 reflect Google's own intellectual property and thousands of hours of work by Google engineers.
12 And, because a reasonable royalty must be calculated through a hypothetical negotiation taking
13 place at the time of first infringement, Dr. Cockburn further erred in substituting the 2011 value
14 of the Android features for the 2006 value of the claimed inventions.  Finally, after measuring
15 the wrong thing—the 2011 values of features for which Sun was only partially, if at all,
16 responsible—Dr. Cockburn further mixed apples and oranges, by applying his 2011
17 apportionment to Sun's $100 million demand from 2006.  Even disregarding the analytical flaws
18 just described, Dr. Cockburn conceded that the $100 million offer "represented thousands of
19 Java-related features," Jan. 9, 2012 Order [Dkt. No. 685] at 8, but he admittedly made no attempt
20 to value (or even learn the extent of) any of these other components.  As the Court rightly
21 explained, "[f]or all that is shown, the thousands of other items in the 2006 offer might have
22 deserved far more than 55 percent of the total pie."  *Id.* at 8.  In other words, despite the Court's
23 rejection of his first report, Dr. Cockburn made the exact same mistake the second time around,
24 continuing to "evade[ ] the question he was statutorily charged with answering."  July 22, 2011
25 Order [Dkt. No. 230] at 6.
26      *Second*, the Court was very clear in its July 22, 2011 order that Dr. Cockburn's second
27 report needed to be specific about how much damages flow from the various elements of
28 Oracle's case—including by calculating damages for each asserted patent claim. July 22, 2011

4

GOOGLE'S MEMORANDUM REGARDING THIRD DAMAGES REPORT
CASE NO. 3:10-cv-03561-WHA

613213.01

1  Order [Dkt. No. 230] at 7 ("determining the date of first infringement *requires a claim-by-claim*
2  *analysis*" (emphasis added)).  Despite this warning, Dr. Cockburn failed to offer any patent
3  damages analysis at the claim level or any opinion about copyright damages purportedly
4  resulting from Google's alleged literal copying of code files.  Oracle then proceeded to argue,
5  directly in conflict with this Court's order, that "neither the law *nor this court's prior order*
6  *requires apportionment down to a granular claim-by-claim basis*."  Oracle's Supplemental
7  Brief [Dkt. No. 688] at 16 (emphasis added).  Dr. Cockburn deliberately chose to focus on larger
8  figures for patent-by-patent damages and copyright damages relating to the "structure and
9  arrangement" of Sun's application programming interfaces.  And, even though the Court made
10  clear that "any projection of future damages must take into account the varying expiration dates
11  of the asserted patent claims," July 22, 2011 Order [Dkt. No. 230] at 11, Dr. Cockburn calculated
12  only an aggregate future-damages amount.  "It is a mystery why Oracle and Dr. Cockburn
13  deliberately choose to disregard this aspect of the July order."  Jan. 9, 2012 Order [Dkt. No. 685]
14  at 10.  Every time he had the chance, Dr. Cockburn ignored the Court's clear instructions in
15  favor of shortcuts designed to put a bigger number on the board.

16  Oracle received and read the July 22, 2011 order.  It made no effort to object to or ask the
17  Court to reconsider or clarify any aspect of that order.  It then submitted a second damages report
18  that entirely ignored key aspects of that order.  Oracle never provided any excuse concerning
19  why it simply ignored the Court's instructions.  In the absence of any excuse, neither Oracle nor
20  Dr. Cockburn have given the Court any reason to believe that a third report by Dr. Cockburn
21  would adhere to the Court's orders, or to the law, any more closely than the first two did.
22  Particularly because Oracle and Dr. Cockburn's failure to follow the July 22, 2011 order
23  uniformly resulted in larger asserted damages numbers, the Court should assume Oracle again
24  made a deliberate choice to "see[ ] how much it could get away with."  July 22, 2011 Order [Dkt.
25  No. 230] at 15.  When Oracle has refused to follow the Court's instructions without any
26  explanation of that refusal, two bites at the apple is enough.

27
28

### C. Permitting Dr. Cockburn a third shot would unreasonably burden Google and its experts.

Permitting Dr. Cockburn a third try to draft a viable damages report would impose significant and unreasonable burdens on Google and its experts. If Dr. Cockburn is permitted to start over, that would effectively force yet another re-do of the entire damages expert discovery process from square one. If Dr. Cockburn is permitted to draft an entirely new damages report, Google must be allowed the chance to redraft its own responsive damages reports. After all reports—presumably including new rebuttal reports from Dr. Cockburn—are served, both Google and Oracle would be entitled to take further depositions of each other's experts on the new reports. And Google must be allowed the opportunity to file a new *Daubert* motion, especially given Dr. Cockburn's apparent and repeated inability to produce a viable report. Google has already been forced to commit a substantial amount of time and money because of Oracle's moving damages target and inability to follow the rules. It should not have to commit any more. *See McCool v. Bridgestone/Firestone N. Am. Tire, LLC*, 222 F. App'x 847, 856 (11th Cir. 2007) (affirming district court's denial of continuance for plaintiff to introduce new expert report in part because of prejudice to defendants from having "to invest more time and effort to determine the reliability of this newly designated expert, reviewing a second Rule 26 report, deposing the new expert, and perhaps having to file and defend a second *Daubert* motion").

Allowing Dr. Cockburn another do-over now would also impose additional costs on the Court's appointed expert Dr. Kearl—and consequently on Google, which is sharing the cost of Dr. Kearl's work. Until recently, Dr. Kearl's report was due in mid-January. Part of Dr. Kearl's assignment is to critique both Oracle's and Google's damages reports, so Dr. Kearl presumably has undertaken significant work preparing an analysis based in part on Dr. Cockburn's untenable current report. If Dr. Cockburn were permitted to start over, Dr. Kearl would be forced to start over as well and conduct a new analysis of the further revised Cockburn report.

Oracle should not be rewarded, at Google's expense, for its deliberate choice to disregard the Court's instructions.

**D.   Dr. Kearl's testimony would mitigate any prejudice to Oracle from having much of Dr. Cockburn's testimony stricken.**

When the Court announced its intention to retain an independent damages expert, it candidly informed the parties that it was doing so, among other reasons, as a check on the parties' litigation instincts, to ensure that reasonable damages testimony was presented to the jury. July 27, 2011 Order [Dkt. No. 236] at 2 ("This assistance will be particularly useful because both sides have taken such extreme and unreasonable positions regarding damages in this action."). Although the considerations discussed above are more than sufficient reason to deny Dr. Cockburn a third try, Dr. Kearl's testimony at trial would make it further unnecessary to give Dr. Cockburn yet another try. Dr. Kearl has access to all the evidence Oracle deems relevant to its damages case, and his opinion will presumably be shaped in part by that evidence. Google has no objection to Dr. Kearl conducting a full, independent analysis of damages in this case, particularly since that analysis is likely well underway.

### III.   CONCLUSION

When the Court gave Dr. Cockburn a second and "final" chance to revise his damages report, he responded by ignoring the Court's order and repeating his mistakes, unabashedly continuing with his "goal of seeing how much [he] could get away with." July 22, 2011 Order [Dkt. No. 230] at 15. Allowing him a third try would be both unnecessary as well as significantly and unreasonably prejudicial to Google.

Dated:  January 17, 2012                                                    KEKER & VAN NEST LLP


                                                                            By: s/ Robert A. Van Nest
                                                                                ROBERT A. VAN NEST
                                                                                Attorneys for Defendant
                                                                                GOOGLE INC.