MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S REPLY TO GOOGLE'S RESPONSE TO THE COURT'S JANUARY 9, 2012 ORDER ON GOOGLE MOTION *IN LIMINE* NO. 3 (DKT. 685)**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: The Honorable William Alsup |

Predictably, Google opposes any opportunity for Oracle to submit a third report to establish reasonable royalty damages for patent and copyright. But instead of discussing what a third report would require, Google merely re-hashes its attacks on the second and even the first report from Prof. Cockburn, while making the absurd claim that the cost alone of responding to a narrowly amended Cockburn report would unduly prejudice it. Contrary to Google's claims, a third report only needs to fill in the one element of a reasonable royalty analysis that the Court found lacking – apportionment – and could do so using the very approach specifically prescribed by the Court and advocated by Google.

Oracle renews the proposal that it made in its own brief: (i) sever the patent and copyright claims, (ii) proceed to trial as soon as possible on copyright while staying the patent claims or dismissing the patent claims without prejudice, and (iii) allow a third damages report to address the narrow remaining issue of apportionment as to any claims that will not be tried by this spring. (Dkt. No. 698.) Oracle's solution would sacrifice the chance for Oracle to use a third report to prove copyright damages in exchange for the prospect of expediting resolution of this case on the merits without unfair prejudice to any party.

**I.     Setting The Copyright Case For Trial While Allowing A Third Report On Reasonable Royalty Damages Is Practical, Feasible, And Would Cause No Prejudicial Delay**

Oracle does not want any delay. Google cannot seriously complain about Oracle's proposal to sever, as Google has emphatically endorsed separate trial of the copyright and patent claims (Dkt. No. 628) and has repeatedly sought a stay of the patent claims (Dkt. No. 223 at 4; Dkt. No. 480 at 4).

What is most telling about Google's brief is what it is missing.

***First***, Google does not argue that there would be any substantive prejudice to it from allowing a third report, nor could it. Under any scenario, Google would have a full opportunity to respond to any new elements in the third report before they would be the basis of testimony at trial.

***Second***, Google does not try to argue that a third report would be futile, nor could it. As described in Oracle's submission (Dkt. No. 698 at 9–16), Oracle will implement the grouping approach to apportionment suggested in the Court's January 9 Order, could apportion applying the principles of the Federal Circuit's *Finjan* decision, or could apply the Alternate Approach described in the Court's December 27 Order. Any of these approaches would permit a reasonable royalty calculation consistent

1

with the Court's orders and suggestions, while requiring very little new analysis or disclosures.

***Third***, Google does not argue that a third report should be denied on account of delay, nor could it. Google's strategy *is* delay. Even if trial is not delayed while the Federal Circuit considers Google's mandamus petition, and even if the patent claims are not stayed or dismissed without prejudice, Prof. Cockburn could prepare a third report promptly. The only new element would be an apportionment analysis, as all of the other essential elements of Prof. Cockburn's royalty analysis have already been disclosed and withstood Google's *Daubert* challenges.

Given the feasibility of amending the report and the absence of prejudice to Google, the only basis on which to deny a third report would be to punish Oracle. Goading the Court to punish Oracle is, in fact, the crux of Google's brief. But *Daubert* and its progeny rest on the Rules of Evidence, not a principle of sanctions. Rules of evidence "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, ***to the end of ascertaining the truth and securing a just determination***." FED. R. EVID. 102 (emphasis added). Oracle seeks "a just determination," based on evidence ultimately found admissible. Google seeks a windfall, based on precluding evidence of the damages it has caused.

It is equally important that Oracle has done nothing that would warrant punishment. Oracle and Prof. Cockburn applied each step of the damages approach set out in the Court's July 22 Order, including apportionment. In its November 9 Order stating the reasons for appointing a Rule 706 expert, this Court acknowledged the "unusual complexity of the damages aspect of this case." (Dkt. No. 610 at 3.) Prof. Cockburn sought to address that complexity, consistent with Federal Circuit law and sound economic principles. And even in light of the Court's second *Daubert* Order, Prof. Cockburn succeeded in all essential respects but apportionment – a deeply challenging problem that has Federal Circuit law in flux and professional economists, such as Google's damages expert, Dr. Leonard, rejecting the approach Google itself advocates in this case. (Dkt. No. 698 at 7–8.) Google's experts have no apportionment analysis of their own, no analysis of the value of Sun's technology, no analysis of the performance benefits afforded by the patents, and no analysis of the value of Google's technology. Prof. Cockburn, in contrast, has tried in good faith and consistent with his training as an economist to calculate damages. He should be allowed another try.

1  **II.     Google's Arguments Do Not Warrant Denying A Third Report, Particularly Under The Circumstances That Oracle Has Proposed**

Nothing in Google's brief would justify rejecting Oracle's proposal.

*First*, Google contends that Oracle should be denied a third report because the Court previously warned Oracle that result was a possibility if the second report were struck in "any substantial and unseverable way." The second *Daubert* Order struck only one part of the second report that was essential to a reasonable royalty calculation: the apportionment of the 2006 license bundle. That aspect of the analysis is not "unseverable." The second *Daubert* order identifies a means to apportion the 2006 license bundle. That sole adjustment would be sufficient to bring the second report into compliance with the Court's orders and for Prof. Cockburn to testify to a reasonable royalty in this case.

Google also contends that it is "unaware of any case in which an expert has been given a third shot at producing a viable damages report." (Dkt. No. 697 at 3) (emphasis removed). That can only mean that Google did not look for such a case, for they are not hard to find, even when limited to "damages reports." *See Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1219 (Fed. Cir. 2002) (affirming district court's decision to allow plaintiff's expert to submit third damages report, after second report was disallowed because expert had used incorrect cost figures); *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 921 (10th Cir. 2004) (noting that district court allowed plaintiff four opportunities to submit a damages report); *Coop. Commc'ns, Inc. v. AT & T*, 31 F. Supp. 2d 1317, 1318 (D. Utah 1999) (noting that plaintiff's damage report had "gone through three revisions" over course of over one year and four months; admitting testimony based on third report); *Gutierrez v. Wells Fargo & Co.*, C07-05923 WHA, 2010 WL 1233810 (N.D. Cal. Mar. 26, 2010) (allowing third damages report).[1]

---

[1] Google's cited cases do not support its argument. In *Cornell*, Judge Rader concluded during trial that plaintiff was improperly invoking the entire market value rule, contrary to prior orders, and gave plaintiff a chance to correct that error by changing its damages analysis ***in the middle of trial.*** Plaintiff refused to do so, and Judge Rader then rejected the testimony in a JMOL order after trial. *Cornell Univ. v. Hewlett-Packard Co.*, 609 F.Supp.2d 279, 282 (N.D.N.Y. May 15, 2009). In *Rolls Royce*, the district court excluded the plaintiff's first report; there is no discussion of any opportunity to amend. *Rolls-Royce PLC v. United Techs. Corp.*, No. 1:10-cv-457 (LMB/JFA) 2011 WL 1740143, at *2 (E.D. Va. May 4, 2011). In *Emerald Investments*, the plaintiff's expert's first report was so "preposterous," "irresponsible," and biased that district court properly held that the ***expert*** would not be allowed to offer another report, a decision that was not appealed. *Emerald Investments Ltd. P'ship v. Allmerica Fin. Life Ins. & Annuity Co.*, 516 F.3d 612, 617–18 (7th Cir. 2008).

1   ***Second***, Google contends that Prof. Cockburn's second report "ignored the explicit direction of
2   the Court . . . with the obvious intent of inflating Oracle's damages recovery." (Dkt. No. 697 at 3.)
3   Even were Prof. Cockburn's motives relevant, Google's accusation that Prof. Cockburn's
4   apportionment analysis was designed to inflate damages is untenable.  The second report applies each
5   of the steps that the Court suggested in its July 22 Order.  Contrary to Google's assertion, Prof.
6   Cockburn ***did*** apportion the value of the claimed intellectual property as a percentage of Sun's $100
7   million offer, based on contemporaneous evidence, the technical attributes of the patents, and detailed
8   quantitative evidence, and explained why this approach was appropriate in applying the Court's
9   suggested methodology.  Prof. Cockburn expressly described in his September report why it would be
10  economically improper to apportion both the value of Android and the value of the asserted claims on
11  top of each other.  (Cockburn Report, ¶ 251.)  Google has not pointed to anything in the decisional law
12  that suggests what Prof. Cockburn did was improper, and the Court has acknowledged the absence of
13  controlling authority and the complexity of the problem.  Moreover, Prof. Cockburn's analysis showed
14  that the infringed intellectual property has already increased Android's revenues by more than $100
15  million – a conclusion that Google did not challenge in a *Daubert* motion.  Yet Prof. Cockburn's
16  apportionment approach steeply discounted that figure, attributing far less than $100 million to the
17  patents and copyrights in the starting point.  Further, Google cannot assert that Prof. Cockburn's
18  apportionment analysis overstates damages, because Google's expert has never done an apportionment
19  analysis of any kind.  Finally, the Court's own reasons for rejecting Prof. Cockburn's analysis do not
20  support the conclusion that the analysis would overstate damages.  The Court concluded that there was
21  no relationship between the incremental value of Android as it exists today and the anticipated
22  incremental value in 2006, and consequently, the current incremental value of Android was not
23  necessarily an upper bound for the value of the 2006 bundle.  (Dkt. No. 685 at 8); Dkt. No. 642, at 8
24  (reasoning that "[t]he value of Android could be more or less").  If the Court is correct, then Prof.
25  Cockburn's apportionment analysis was as likely to understate damages as overstate them.
26         Google also incorrectly complains that Prof. Cockburn improperly measured the value of
27  "features" enabled by the infringement, without accounting for Google's contributions.  Prof. Cockburn
28  valued the incremental performance benefits of the patents, as demonstrated by Android handset

4
ORACLE'S REPLY TO GOOGLE'S RESPONSE TO JAN. 9, 2012 ORDER ON GOOGLE MOTION *IN LIMINE* NO. 3
CASE NO. CV 10-03561 WHA

1  modifications designed to remove *only* the functionality afforded by the patents. Google unsuccessfully
2  challenged those modifications in a motion *in limine*, arguing that they removed too much. (Dkt. No.
3  676 at 2–3.) And Google's own damages experts have never asserted that the performance
4  enhancements Oracle attributes to the patents could be attributed to anything Google developed.

5  *Third*, Google complains that it will have to spend time and money responding to a third report,
6  which it claims would "effectively force yet another re-do of the entire damages expert discovery
7  process from square one." (Dkt. No. 697, at 6). But the only new analysis would be to apportion the
8  patent claims and copyrights compared to the other benefits on the table in the 2006 negotiation. If any
9  further *Daubert* motion were permitted, its scope should be limited to whether Prof. Cockburn properly
10 applied the facts to the methodology suggested by the Court and advocated by Google.

11 *Fourth*, Google argues that any prejudice to Oracle would be mitigated by the anticipated
12 testimony of Dr. Kearl. To be clear, Oracle welcomes Dr. Kearl's independent analysis as soon as he
13 can provide it. At the same time, Dr. Kearl has made clear that doing a "ground-up brand-new study"
14 would take at least three months more than what he is currently doing. (Oct. 19, 2011 Hearing Tr. at 6–
15 11.) Oracle does not believe that trial on copyright claims and damages should be delayed to permit
16 this additional independent copyright analysis. Moreover, the testimony of a Rule 706 expert is not a
17 substitute for a party expert, especially one who can generate a third report significantly more quickly
18 than three months. Either Google envisions further delaying the proceedings to allow Dr. Kearl to
19 perform a complete analysis while preventing Prof. Cockburn from taking far less time to amend his
20 existing report, or Google envisions a damages phase in which the jury hears no expert testimony
21 (Google's experts having advanced none) on the apportionment issue that the Court has identified as
22 critical to the reasonable royalty calculation. In either case, Oracle is prejudiced and Google benefits.

Dated: January 19, 2012    BOIES, SCHILLER & FLEXNER LLP

By: */s/ Steven C. Holtzman*
    Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.