IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C 10-03561 WHA |
| Plaintiff, | |
| v. | **ORDER CONDITIONALLY ALLOWING DR. COCKBURN A THIRD DAMAGES REPORT** |
| GOOGLE INC., | |
| Defendant. | |

The piecemeal approach suggested by Oracle as a trial alternative will not be adopted. The docket simply does not permit that luxury. Counsel are unfortunate in having drawn a judge assigned to the massive MS-13 gang prosecution, which has resulted in four lengthy trials, including one underway now, without any relief from the remainder of his normal caseload. This has led to a backlog of trial-ready cases waiting their turn. Between today and June 30, the Court has 28 cases already set for trial, including two patent cases (other than this one) and five other criminal cases, not counting trials set thereafter. In the instant case, the damages methodology must be sorted out before the case will even be trial-ready. Until then, there is no point in setting a firm trial date. If matters go smoothly herein and if other trial settings fall away, the instant case could still possibly be tried starting mid-April and all counsel and witnesses should reserve

for that possibility, failing which it will likely occur sometime during the last four months of the year. This order, however, gives no assurances as to when the case can be tried. If Oracle wishes to voluntarily dismiss any damages claim, it will have to do so with prejudice; otherwise, a dismissal is nothing more than an invitation to piecemeal litigation.

On the following conditions, as to the items previously stricken, Dr. Ian Cockburn may have a third try to calculate damages so long as his methodology conforms to the prior rulings herein. For the items stricken in the recent order (Dkt. No. 685), he may try any methodology he wishes consistent with the prior rulings but whatever method he selects will, of course, be subject to further *Daubert* challenge. Here are the conditions:

1. His full revised report, together with all supporting material, must be served no later than **NOON ON FEBRUARY 3, 2012.** He may revise only those items stricken by the recent order and the studies referred to in paragraph 4 below (Dkt. No. 685).

2. Within seven calendar days after service of the revised report, Dr. Cockburn may be deposed by Google's counsel for seven hours.

3. Within seven calendar days of the deposition (or the end of the seven-day deposition period if no deposition is taken), the revised damages reports for Google shall be served. Only revisions directly responsive to new material by Dr. Cockburn will be allowed. To streamline matters, no deposition shall be taken of Google's experts, Oracle may not serve a further reply report, and Oracle will not be allowed to present Dr. Cockburn as a rebuttal witness on the new material. Both sides may, of course, cross-examine the opposing experts and the Rule 706 Expert at trial.

4. By noon on the same deadline, Google must file any *Daubert* motion to the revisions by Dr. Cockburn including to the "econometric" and "conjoint" studies not previously addressed, to be heard on a shortened track as follows: Oracle's opposition shall be filed seven calendar days after the motion is served and the reply shall be filed four calendar days thereafter. Filings are due at noon. The Court will announce a hearing date (if one is needed). Since Google will be

allowed to challenge the "econometric" and "conjoint" studies, Dr. Cockburn may strengthen and revise those aspects in his revised report as well as the items already stricken, to be done on the same schedule above, namely no later than February 3 at noon.

5. Within seven calendar days of receipt of the revisions to Google's expert reports, Oracle may file its own *Daubert* motions challenging Google's revision, said motion to be heard on a shortened track similar to the above but later in time. If Oracle waives any such challenge, then it should so advise promptly.

6. All of the above reports, motions, and responses shall be served on the Rule 706 Expert James Kearl. He shall promptly proceed with his analysis and drafting of his own report (without awaiting the outcome of the above *Daubert* proceedings) but shall not release any report or opinion until ordered to do so. If his report becomes authorized, Dr. Kearl may then be deposed on the timeline previously contemplated and either or both sides may bring prompt motions to challenge his analysis. Note well that Dr. Kearl will have no need to comment on damages issues excluded by order from Oracle's damages case (and will not be authorized to do so), so neither side should gamble on the prospect of somehow being able to fall back on the analysis of the Rule 706 Expert.

7. All fees and expenses reasonably incurred by Dr. Kearl in responding to the revisions by Dr. Cockburn shall ultimately be borne by Oracle, as follows: Dr. Kearl shall track his time in such a way as to make this segregation possible. Dr. Kearl shall continue to divide his billings as before and Google shall continue to pay its share to him, but Google may demand and recover prompt reimbursement from Oracle for the portion identified by Dr. Kearl as attributable to Dr. Cockburn's third report.

8. All attorney's fees, expert fees, and other expenses reasonably incurred by Google as a result of allowing a third damages study by Oracle, including all expense and time discussed above, shall be reimbursed by Oracle. Google shall track such

items separately and invoice them to Oracle within 14 calendar days of the close of a calendar month and Oracle shall pay them within another 14 calendar days. These reimbursement amounts shall not be recoverable costs that Oracle may recover back in the event it prevails in this action.

9. The extent of which Dr. Cockburn may be impeached at trial by his track record of rejected methodologies will be decided between Phase Two and Phase Three. At this late hour, Oracle may not substitute a different damages expert or add a different damages expert. Except as above authorized, Dr. Cockburn may not make further revisions.

10. If the foregoing conditions are acceptable to Oracle, then Oracle shall so state promptly and the above plan shall be effective. If the foregoing conditions are unacceptable to Oracle, then Dr. Cockburn and Oracle shall be granted no further opportunity to revise the damages report and the case shall proceed to trial without the stricken material and Oracle will suffer whatever prejudice flows from the corresponding lack of proof. By **NOON ON JANUARY 24, 2012**, Oracle shall file an unequivocal and unconditional statement advising whether it will take advantage of this third opportunity provided by this order or whether it declines to do so. Please do not negotiate over the conditions or insinuate assumptions into the statement; please file either a clear "yes" or a clear "no."

\*          \*          \*

Oracle should be required to make the reimbursements described above as a condition of a third try because it would be unfair to impose on Google the fees and expenses necessary to respond to the third effort. Oracle has already had two full and fair opportunities and has overreached on both. Oracle has behaved unreasonably and should bear the burden of the consequences. Apart from reasonableness or not, allowing a third try of this magnitude is rare in federal litigation and the party responsible for the need for a third try should bear the full burden

thereof. A district court is not required to allow a third try at all, therefore, it is certainly allowed to impose fee and cost reimbursement as a condition of allowing a third opportunity.

Although in the past the Court has suggested possible starting points and inquired about possible methodologies (without requiring them), this order emphasizes that Dr. Cockburn may try any methodology he wishes to replace the stricken items so long as the methodology is true to the rulings previously made herein, subject to challenge by Google. No prior suggestion or question by the Court should be taken as a blessing of any particular approach, including any of the approaches referenced by Oracle in its recent filings.

**IT IS SO ORDERED.**

Dated: January 20, 2012.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE