# Appendix B

Google's Response to Oracle's Position on Alleged Practice of the Asserted Patent Claims

| | |
|---|---|
| ROBERT A. VAN NEST (SBN 84065) | SCOTT T. WEINGAERTNER (*Pro Hac Vice*) |
| rvannest@kvn.com | sweingaertner@kslaw.com |
| CHRISTA M. ANDERSON (SBN 184325) | ROBERT F. PERRY |
| canderson@kvn.com | rperry@kslaw.com |
| KEKER & VAN NEST LLP | BRUCE W. BABER (*Pro Hac Vice*) |
| 633 Battery Street | bbaber@kslaw.com |
| San Francisco, CA 94111-1809 | KING & SPALDING LLP |
| Telephone: (415) 391-5400 | 1185 Avenue of the Americas |
| Facsimile: (415) 397-7188 | New York, NY 10036-4003 |
| | Telephone: (212) 556-2100 |
| | Facsimile: (212) 556-2222 |
| DONALD F. ZIMMER, JR. (SBN 112279) | IAN C. BALLON (SBN 141819) |
| fzimmer@kslaw.com | ballon@gtlaw.com |
| CHERYL A. SABNIS (SBN 224323) | HEATHER MEEKER (SBN 172148) |
| csabnis@kslaw.com | meekerh@gtlaw.com |
| KING & SPALDING LLP | GREENBERG TRAURIG, LLP |
| 101 Second Street – Suite 2300 | 1900 University Avenue |
| San Francisco, CA 94105 | East Palo Alto, CA 94303 |
| Telephone: (415) 318-1200 | Telephone: (650) 328-8500 |
| Facsimile: (415) 318-1300 | Facsimile: (650) 328-8508 |

Attorneys for Defendant
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. 3:10-cv-03561-WHA |
| Plaintiff, | Honorable Judge William Alsup |
| v. | **GOOGLE'S RESPONSE TO ORACLE'S POSITION ON ALLEGED PRACTICE OF THE ASSERTED PATENT CLAIMS** |
| GOOGLE INC. | |
| Defendant. | |

Google provides the following response to *Oracle's Disclosure of Products Practicing Patent Claims* ("Oracle's Disclosures") pursuant to the Court's December 6, 2011 Supplemental Order Regarding Patenting Marking (Dkt. No. 641) and the parties' Joint Statement (Dkt. No. 661).

Pursuant to paragraph 2 of the Joint Statement, Google contends that Oracle cannot prove at trial that any of the products identified in Oracle's Disclosures practice any of the 26 asserted patent claims. Oracle's Disclosures indicate that it intends to prove at trial its alleged practice of the patents by way of testimony that it refused to provide during discovery. Moreover, Oracle has not identified any qualified fact or expert witnesses who can testify with respect to its contentions. Accordingly, Google cannot stipulate that any of the enumerated Oracle products practice any of the patents claims. And should the Court or jury find that any of the enumerated products do practice any of the patents claims, Oracle is not entitled to past damages pursuant to 35 U.S.C. § 287, for the reasons set forth in Google's Motion for Summary Judgment on this issue (Dkt. No. 552).

## I. GENERAL OBJECTIONS REGARDING ORACLE'S DISCLOSURES

*First*, according to the Joint Statement (Dkt. 661 and ¶ 1), "Oracle [is expected to] provide source code citations and/or other documentation supporting Oracle's contentions that the Oracle Products practice the asserted claims." But Oracle has neither provided source code citations nor identified any documentation in support of its contentions. Instead, Oracle simply provides a laundry list of names of various source code files, with no indication as to what code in those files allegedly performs the claimed functionality (much less how). This approach has hampered Google in evaluating the technical merits of Oracle's contentions with respect to many of the asserted claims.

*Second*, Oracle's Disclosures reflect an intention by Oracle to present at trial testimony that (i) its witnesses were unable to, or refused to, provide at Rule 30(b)(6) depositions, and (ii) it affirmatively represented that it ***would not*** present at trial.

*Third*, the Federal Rules of Evidence provide that "[a] witness may not testify to a matter

unless evidence is introduced sufficient to support a finding that the witness has ***personal knowledge*** of the matter." (*Id*. at Rule 602 (emphasis added).) "'Personal knowledge' means knowledge of a fact perceived by the senses, by one who has had an opportunity to observe, and must have actually observed the fact." *Rosebrock v. Beiter*, No. 10-cv-01878, 2011 U.S. Dist. LEXIS 61758, at *4 (C.D. Cal. May 26, 2011) (quoting *Tilei v. Wan*, No. 1:06-CV-00776, 2011 U.S. Dist. LEXIS 5686 (E.D. Cal. Jan. 13, 2011)). Oracle proposes to present employees to testify as fact witnesses regarding its patents and the alleged ***use*** of particular code in particular products with respect to which they have ***not*** had experience outside the context of this litigation that would qualify them as percipient witnesses. None of them are named inventors or were otherwise involved with the creation of the code at issue during the time period at issue. Instead, the proposed testimony will have been carefully spoon-fed by Oracle's counsel for the sole purpose of offering what is in effect attorney argument from the witness stand. Whether or not the identified witnesses may have worked in Oracle's large Java products group, they were ***not*** the engineers who implemented the source code purportedly related to the asserted patent claims. Nor do they have personal knowledge about which code was ultimately implemented in product versions that were commercially released and actually used. As a result, the identified witnesses are not qualified from their ordinary business experience as fact witnesses for any of the topics summarized throughout Oracle's Disclosures, and their testimony is not admissible. *See Pacheco v. Homecomings Fin., LLC*, No. 08-cv-3002, 2010 U.S. Dist. LEXIS 64400, at *10 (N.D. Cal. June 29, 2010) ("The testimony of a witness who does not have personal knowledge of the subject of his or her testimony is inadmissible." (citing Fed. R. Evid. 602)), *aff'd*, 2011 U.S. App. LEXIS 25826 (9th Cir. Dec. 27, 2011).

   Moreover, even if they had percipient testimony to offer, the employees identified by Oracle cannot opine as fact witnesses on Oracle's practice of the 26 asserted claims. *See* Fed. R. Evid. 701 (providing that if a "witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness'

testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*." (emphasis added)).

*Fourth*, Oracle cannot offer these witnesses to provide *expert opinion* regarding its alleged practice of asserted patent claims (which requires application of claim language to commercial products), because it did not submit timely expert reports disclosing them as prepared to offer such testimony as required by the Federal Rules and the Court. *See generally* Fed. R. Civ. P. 26(a)(2)(B); Case Management Order, Dkt No. 56 at ¶ 11 ("[a]t trial, the direct testimony of experts will be limited to the matters disclosed in their reports."). Moreover, these witnesses openly admitted during depositions that they were *not qualified* to opine on the asserted patent claims. (Pampuch Dep. at 119:17-22, 125:12-126:23, 127:15-128:22, 134:5-9 and 146:12-13; Kessler Dep. at 52:13-19, 58:20-21, 59:13-60:18; Poore Dep. at 25:22-13, 34:20-35:3; Vandette Dep. at 74:12-77:5, 88:7; Landau Dep. at 50:14-51:7). In fact, Oracle's counsel objected to questions about Oracle's actual practice of the patent claims on the grounds that it called for expert testimony. (*See, e.g.,* Kessler Dep. at 60:5-6, 60:16-17, 60:25, 61:15-20, 79:9-12.) And Oracle cannot claim that they are merely laying the foundation for its expert witnesses to opine as to the use of the patented methods in Oracle products, because none of those retained experts have expressed any opinion on the subject in their expert reports.

## II. TECHNICAL AND EVIDENTIARY OBJECTIONS REGARDING THE ASSERTED CLAIMS

### A. The '104 Patent

Google maintains that the products listed by Oracle cannot be proven at trial to practice the asserted claims of the '104 patent. Oracle's Disclosures do not provide the information required by the Joint Statement (Dkt. 661 and ¶ 1) because they include only generic descriptions of testimony to be offered and fail to actually cite any source code or documentation. As such, Google is unable to accurately evaluate and respond to Oracle's Disclosures. Furthermore, Oracle cannot offer testimony at trial regarding the subject matter in its disclosures because its designated Rule 30(b)(6) witness refused to provide that information during discovery, and its

1  witnesses are not qualified fact witnesses on the topics identified in Oracle's Disclosures. In
2  addition, Oracle failed to submit any expert report regarding its alleged practice of the patent,
3  and may not offer any such testimony opining on its practice of the asserted claims.

4      As a threshold matter, Oracle failed to produce a witness capable of supporting its
5  contentions that Oracle has practiced asserted claims of the '104 patent. Oracle designated Peter
6  Kessler as its 30(b)(6) witness regarding "[e]vidence of conception, reduction to practice, ***and***
7  ***actual use*** of the invention(s) allegedly set forth in the asserted claims" (emphasis added) in
8  connection with the '104 patent. Although Dr. Kessler claimed at his deposition that the JDK,
9  JRE, and HotSpot products implemented some form of symbolic resolution for class names,
10 method names, and field names, ***he could not identify a single function or source code file***
11 ***demonstrating actual use***. And for all of the other Oracle products now identified in Oracle's
12 Disclosures as practicing the '104 patent (*e.g.*, J2EE, CDC, CLDC, etc.), he could not even
13 testify whether these products implemented symbolic resolution or where. (Kessler Dep. at
14 193:21-195-14; *see also id.* at 201:1-203:1.) In addition, Dr. Kessler could not identify whether
15 specific source code was even released in commercial versions of Oracle products. (*See id.*)

16     In short, Dr. Kessler was unable to—or refused to—testify at deposition regarding the
17 very facts that Oracle now indicates it wishes him to offer at trial. Moreover, despite being
18 identified as Oracle's Rule 30(b)(6) witness on the topic, he could not—or refused to—testify
19 regarding other products allegedly implementing the '104 patent—testimony that Oracle now
20 seeks to present through other witnesses. (*See id.*) This is wholly improper. Oracle is bound to
21 the 30(b)(6) testimony of its Rule 30(b)(6) designee and cannot offer testimony at trial that it
22 withheld during discovery. *See Calpine Corp. v. Ace Am. Ins. Co.*, No. 05-cv-00984-SI, 2007
23 U.S. Dist. LEXIS 75985 at *23-24 (N.D. Cal. Oct. 12, 2007) ("Where a party seeks to depose a
24 corporation, the corporation shall designate a person to testify to matters 'known or reasonably
25 available' to the corporation. Fed. R. Civ. P. 30(b)(6). ***The answers given by the person***
26 ***designated by the corporation in a Rule 30(b)(6) deposition are binding on the corporation***."
27 (emphasis added)); *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. 04-cv-04632-SI,
28

2006 U.S. Dist. LEXIS 73135 at *2 (N.D. Cal. Sept. 25, 2006) (same); *Gales v. WinCo Foods*, 09-cv-05813-CRB, 2011 U.S. Dist. LEXIS 96125 at *16, n. 3 (N.D. Cal. Aug. 26, 2011) ("As a 30(b)(6) witness, her testimony is a sworn corporate admission binding on the corporation."); *Lam v. City & County of San Francisco*, No. 08-cv-04702 PJH-LB, 2011 U.S. Dist. LEXIS 135538 at *2 (N.D. Cal. Nov. 17, 2011) ("the scope of the deposition in the notice is the minimum about which the witness must be prepared to testify. And a corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide binding answers on behalf of the corporation." (citations omitted)).

It was also apparent from Dr. Kessler's deposition that he had no percipient knowledge of the functionality in Oracle's products allegedly implementing the '104 patent; instead, he only knew about some source code that Oracle's counsel directed him to in advance of his 30(b)(6) deposition, and was unable to testify regarding which code was actually released in products, as opposed to development or test code that was never implemented. (*See id*. at 183:23-184:2) Thus, Dr. Kessler is by no means a fact witness qualified to testify regarding the topics for which he has been identified.

From a technical standpoint, Google's non-infringement expert, Dr. David August of Princeton University, described the claimed invention in a manner that differs from the view adopted by Oracle's Disclosures (and its infringement contentions). (*See, e.g.,* August 25, 2011 Expert Report of David August at ¶¶ 59-73.)  Notwithstanding Oracle's failure to provide any specific source code citations, Google is not aware of any code in the files identified by Oracle's disclosure that practices the '104 patent and implements functionality within the scope of the asserted claims in accordance with Dr. August's stated opinions.  As such, Google cannot stipulate to Oracle's practice of the claims "for all purposes and phases of trial."

In addition, Google's invalidity expert, Dennis Allison of Stanford University, stated in his report that:

> "[T]he '104 patent teaches that the symbolic reference is embedded in the interpreted instruction rather than the instruction containing a reference (an address) of a descriptor or value in a constant pool. [See, e.g. FIG 8]. The claims of the '685 patent [from which the '104 patent reissued] and the specification are consistent in this description. I

> understand that Oracle has alleged infringement of the '104 patent by references that are not embedded in the interpreted instruction. It is my opinion that this reading of the '104 patent claims is not disclosed anywhere in the original '685 patent." (August 8, 2011 Expert Report of Dennis Allison at ¶¶ 244-245.)

Although Mr. Allison did not specifically address Oracle's products, his expert report discusses the proper scope of the symbolic resolution technique set forth in the asserted claims of the '104 patent, and it is therefore evident that the functionality identified by Oracle with respect to its identified instrumentalities (Oracle's Disclosures at 2-5) is beyond the scope of the '104 patent. In particular, rather than having symbolic references embedded in the interpreted instruction as is taught by the '104 patent, the instructions in each of those instrumentalities contains a reference to a descriptor or value in a constant pool.

In sum, not only does Google disagree with the technical merits of Oracle's contentions, Oracle failed to identify a witness capable of supporting its contentions that Oracle has practiced asserted claims of the '104 patent. Nor has Oracle furnished an expert report regarding the alleged practice of this patent. Accordingly, Oracle cannot provide any testimony at trial (via experts or alleged fact witnesses) that opines on the practice of the asserted claims of the '104 patent.

**B. The '205 Patent**

Google maintains that the products listed by Oracle cannot be proven at trial to practice the asserted claims of the '205 patent. Oracle's Disclosures do not provide the information required by the Joint Statement (Dkt. 661 and ¶ 1) because they include only generic descriptions of testimony to be offered and fail to actually cite any source code or documentation. Moreover, Oracle's identification of a number of source code files is inconsistent with its identification of just a single file in response to Google Interrogatory No. 16. As such, Google is unable to accurately evaluate and respond to Oracle's contentions. Furthermore, Oracle cannot offer testimony at trial regarding the subject matter in its disclosures because its designated Rule 30(b)(6) witness refused to provide that information during discovery, and its witnesses are not qualified fact witnesses on the topics identified in Oracle's Disclosures. In addition, Oracle failed to submit any expert report regarding its alleged practice of the patent, and may not offer

1   any such testimony opining on its practice of the asserted claims.

2         There is no evidence that the functionality claimed in the '205 patent was ever
3   implemented in a released product. Quite the contrary, code for the "go_native" snippets
4   described in the '205 patent specification appears only in an "alpha1.5" development version of
5   HotSpot 1.0 source code that was *ultimately discarded and never released*. One of the '205
6   patent's inventors confirmed during deposition that it "[i]s *not* in HotSpot. We implemented it
7   and we took it out and I believe it has never shipped in HotSpot, at least that is to the best of my
8   recollection." (Dep. of Robert Griesemer at 43:3-9 (emphasis added).) According to the
9   inventor, "[t]he conclusion was that [implementing the snippets approach] was not worth the
10  effort." (*Id.* at 42:18-19.)

11        Oracle's attempts to identify other functionality in its products as allegedly practicing the
12  '205 patent are simply an end-run around Mr. Griesemer's testimony that the concept behind the
13  '205 patent was never practiced and "not worth the effort." (*Id.*) After that deposition, Oracle
14  responded to Google Interrogatory No. 16 by claiming that the '205 patent is implemented in
15  JDK 1.2 by the fast_invokevfinal function in templateTable_i486.cpp of the HotSpot virtual
16  machine. But the "fast_invokevfinal" routine identified by Oracle does not meet the claim
17  elements of asserted claims 1 and 2. In any event, code and a supporting comment in the
18  templateTable_i486.cpp file in many versions of the JDK shows suggests that the
19  fast_invokevfinal function is *disabled*. As noted above, the other files now identified by Oracle
20  were not referenced in Oracle's interrogatory response.

21        Oracle presented Peter Kessler on August 4, 2011 as its designated witness for a Google
22  30(b)(6) deposition regarding "[e]vidence of conception, reduction to practice, *and actual use* of
23  the invention(s) allegedly set forth in the asserted claims" (emphasis added) in connection with
24  the '205 patent. In line with Oracle's interrogatory response, Dr. Kessler identified *only*
25  "fast_invokevfinal" in templateTable_i486.cpp for *all* versions of the JDK, and more broadly,
26  for *all* of Oracle's Java products. In particular, he stated "[t]here may well be other examples of
27  my attorneys' interpretation of the '205 in the source code, but the one that I know about is in
28

1  fast_invokevfinal." (Kessler Dep. at 54:7-10; *see also id*. at 56:6-7 ("I'm not aware of any other
2  code that we've asserted implements the '205."); *id*. at 56:18-20 ("At the current time I'm only
3  aware of Oracle asserting the '205 in the fast_invokevfinal."); *id*. at 63:12-14 ("Oracle … has not
4  asserted any other code with respect to this patent").)  Furthermore, Dr. Kessler's "understanding
5  is that some versions of templateTable_i486.cpp practice the '205 ***and some don't***" and "Oracle
6  cannot today identify the version of templateTable_i486.cpp … [t]hat practices the asserted
7  claims of the '205." (*See e.g., id*. at 83:11-13 (emphasis added); *id*. at 85:13-18; *id*. at 96:21-
8  97:2.)  Dr. Kessler could not testify as to whether the code allegedly practicing the '205 patent
9  ever shipped in a product. (*See id*. at 110:21-23.)  In addition, Dr. Kessler could not provide any
10 information about the alleged implementation of the '205 patent in any of the other Java products
11 identified in Oracle's infringement contentions. (*See id*. at 178-181.)  As such, Google cannot be
12 expected to stipulate that the various alleged implementations of the '205 patent identified in
13 Oracle's Disclosures indeed practice the '205 patent.
14         In short, Dr. Kessler could not testify at deposition regarding the very facts that Oracle
15 now wishes to have him offer at trial.  As a Rule 30(b)(6) witness, he was not prepared to testify
16 regarding other products allegedly implementing the '205 patent for which Oracle now seeks to
17 present testimony through other employees, and Oracle cannot offer at trial testimony completely
18 opposite the testimony provided during discovery on its behalf by its designated Rule 30(b)(6)
19 witness. (*See* cases cited above with respect to the '104 patent.)  It was also apparent from Dr.
20 Kessler's deposition that he had no experience through his everyday work at Oracle with the
21 functionality in Oracle's products allegedly implementing the '205 patent; instead, he knew
22 about some source code that Oracle's counsel directed him to consider in advance of his 30(b)(6)
23 deposition, and was unable to testify regarding which code was actually released in products, as
24 opposed to development or test code that was never implemented. (*See* Kessler Dep. at 36-37.)
25 Thus, Dr. Kessler is not a fact witness qualified to testify regarding the topics for which he has
26 been identified.
27         From a technical standpoint, Google's non-infringement expert, Dr. August, described
28

1  the claimed invention in a manner that differs from the view adopted by Oracle's disclosures
2  (and its infringement contentions). (*See, e.g.,* August 25, 2011 Expert Report of David August at
3  ¶¶ 60-73.) As such, Google cannot stipulate to Oracle's practice of the claims "for all purposes
4  and phases of trial." In addition, Dr. August specifically explained that functionality such as
5  "inline caching" and "quick instructions" is not within the scope of the claims of the '205 patent.
6  (*Id*. at ¶¶ 82-91.) Notwithstanding Oracle's failure to provide any specific source code citations,
7  Google is not aware of any code in the files identified by Oracle's disclosure that practices the
8  '205 patent and implements functionality within the scope of the asserted claims, in accordance
9  with Dr. August's stated opinions.

10    In sum, not only does Google disagree with the technical merits of Oracle's contentions,
11  Oracle failed to identify a witness capable of supporting its contentions that Oracle has practiced
12  asserted claims of the '205 patent. Nor has Oracle furnished an expert report regarding the
13  alleged practice of this patent. Accordingly, Oracle cannot provide any testimony at trial (via
14  experts or alleged fact witnesses) that opines on the practice of the asserted claims of the '205
15  patent.

16  **C. The '702 Patent**

17    Google maintains that the products listed by Oracle cannot be proven at trial to practice
18  the asserted claims of the '702 patent. Oracle's Disclosures do not provide the information
19  required by the Joint Statement (Dkt. 661 and ¶ 1) because they include only generic descriptions
20  of testimony to be offered and fail to actually cite any source code or documentation. Moreover,
21  the selection of source code files in Oracle's Disclosures is inconsistent with the files identified
22  by Oracle's 30(b)(6) designee during deposition. As such, Google is unable to accurately
23  evaluate and respond to Oracle's contentions. Furthermore, Oracle cannot offer testimony at
24  trial regarding the subject matter in its disclosures because its designated Rule 30(b)(6) witness
25  could not provide that information during discovery, and its witness is not a qualified fact
26  witness on the topics identified in Oracle's Disclosures. In addition, Oracle failed to submit any
27  expert report regarding its alleged practice of the patent, and may not offer any such testimony
28

opining on its practice of the asserted claims.

Oracle's Disclosures state that "John Pampuch will testify in support of Oracle's contention that the identified instrumentalities [*i.e.,* JavaOS and the Java Card platform] practice the asserted claims of the '702 patent" (*id*. at 8). But such testimony would outright contradict Mr. Pampuch's sworn testimony given at his Rule 30(b)(6) deposition. Indeed, Mr. Pampuch explicitly conceded he was not aware if the disclosed '702 patent concept of "multiclass files" ***was ever practiced***:

> Q Do you know if multiclass files, having been apparently implemented, based on what you have seen … have they ever been used?
> A I have not seen -- I don't remember any specific instance of them being used, but certainly, to the extent that they were tested, they were used.
> …
> Q Are you aware of any applications that were developed that did use multiclass files other than for testing purposes?
> A No, not aware of any.
> Q So it's possible that multiclass files were never actually used other than for testing purposes?
> A It's possible.
> Q Are you aware of anyone outside of Sun, including developers, other companies who licensed JavaOS, for example, ever having used multiclass files or created multiclass files?
> A I don't know with certainty.
> Q You have never seen anything that indicates that anyone has used multiclass files; is that correct?
> A No.

(Pampuch Dep. at 206:8-15; 208:7-23.) As Mr. Pampuch was Oracle's designated Rule 30(b)(6) witness regarding "[t]he practice of the asserted claims of U.S. Patent No. 5,966,702 by JavaOS," these answers foreclose any assertion that the '702 patent has been practiced. (*See* cases cited above with respect to the '104 patent.) Furthermore, this testimony was strictly with regard to "multiclass files"; with respect to one of the products claimed in Oracle's Disclosures to practice the claims, Mr. Pampuch testified that he did not know if the Java Card platform implemented the '702 patent. (Pampuch Dep. at 192:10-15.)

Oracle's Disclosures also claim that Mr. Pampuch will present testimony regarding files, such as FileLoader.java, about which he explicitly admitted having no knowledge during his

deposition:

> Q Do you know what FileLoader.java does?
> A No.
> Q Do you know which portion of the claims -- of the asserted claims of the '702 patent would be implemented by this file?
> THE WITNESS: No.

(*Id*. at 141:9-142:2 (objection omitted).

Overall, Mr. Pampuch could not testify on behalf or Oracle at his deposition regarding the very facts that Oracle now reveals it will seek to have him offer at trial. It was also apparent from Mr. Pampuch's deposition that he had no experience from his everyday work at Oracle with of the functionality in Oracle's products allegedly implementing the '702 patent; instead, he knew about some source code that Oracle's counsel identified for him to consider in advance of his 30(b)(6) deposition. (*See id*. at 92-95; 116-117.) Mr. Pampuch is by no means a percipient witness qualified to testify regarding the items for which he has been identified.

Oracle failed to identify a witness capable of supporting its contentions that Oracle has practiced asserted claims of the '702 patent. Nor has Oracle furnished an expert report regarding the alleged practice of this patent. Accordingly, Oracle cannot provide any testimony at trial (via experts or alleged fact witnesses) that opines on the practice of the asserted claims of the '702 patent.

**D. The '476 Patent**

Oracle's Disclosures do not provide the information required by the Joint Statement (Dkt. 661 and ¶ 1) because they include only generic descriptions of testimony to be offered and fail to cite any source code or documentation. Subject to the foregoing objections and general objections, Google is unable to agree with Oracle at this point that the identified products practice the asserted claim of the '476 patent because it is unclear whether the referenced source code files actually create the required protection domains and permissions. Indeed, Google's review of the cited files suggests that they do not. Google hopes to clarify Oracle's position via meet-and-confer with Oracle.

In addition, Google is unaware of evidence that the source code identified by Oracle has

1  in fact been compiled into executable instructions embodied in a computer readable medium
2  used by Oracle and/or its licensees. Again, Oracle may be able to clarify this issue via meet and
3  confer. As it stands, Oracle provides no information to support its contention that the witnesses
4  identified in its Disclosures have any *percipient* knowledge with regard to actual embodiments.
5  Finally, Oracle has not furnished an expert report regarding the alleged practice of this
6  patent. Accordingly, Oracle cannot provide any testimony at trial (via experts or alleged fact
7  witnesses) that opines on the practice of the asserted claim of the '476 patent.

**E. The '520 Patent**

Google maintains that the products listed by Oracle cannot be proven at trial to practice the asserted claims of the '520 patent. Oracle's Disclosures do not provide the information required by the Joint Statement (Dkt. 661 and ¶ 1) because they include only generic descriptions of testimony to be offered and fail to actually cite any source code or documentation. As such, Google is unable to accurately evaluate and respond to Oracle's contentions. Furthermore, Oracle cannot offer testimony at trial regarding the subject matter in its disclosures because it refused to provide a Rule 30(b)(6) witness regarding this subject matter during discovery. In addition, Oracle failed to submit any expert report regarding its alleged practice of the patent, and may not offer any such testimony opining on its practice of the asserted claims.

In response to a Google 30(b)(6) deposition notice regarding "[e]vidence of conception, reduction to practice, *and actual use* of the invention(s) allegedly set forth in the asserted claims" (emphasis added) of the '520 patent, Oracle informed Google that it "cannot locate a witness currently employed by Oracle who can testify based on personal knowledge as to the conception, reduction to practice, or actual use of the inventions of the '520 and '720 patents." (*See* August 9, 2011 email from Daniel P. Muino to Mark Francis.) According to the Court's Supplemental Order (Dkt. No. 26 at ¶23(c)), "[i]f an organization cannot reasonably locate a witness to testify based on personal knowledge, there is no requirement under Rule 30(b)(6) for the organization to 'woodshed' or to 'educate' an individual to testify on the subject. If the organization does not produce any such deponent, however, the organization may not present

12
GOOGLE'S RESPONSE RE ORACLE'S ALLEGED PRACTICE OF THE ASSERTED PATENTS, CIV. NO. CV 10-03561-WHA

1  case-in-chief evidence at trial or on summary judgment on that topic from any witness it could
2  have so designated." As such, Oracle cannot present any case-in-chief testimony at trial
3  regarding any alleged use of the '520 patent.
4        Furthermore, ***Oracle affirmatively represented to Google during discovery that it would***
5  ***not seek to have any Oracle employee testify at trial regarding actual use of the '520 patent***.
6  (*See* August 9, 2011 email from Daniel P. Muino to Mark Francis ("We can confirm that we will
7  not present an Oracle employee or officer at trial to testify regarding the conception, reduction to
8  practice, or actual use of the inventions of the '520 and '720 patents."))
9        Oracle refused to present a witness in response to Google's Rule 30(b)(6) deposition
10 notice concerning Oracle's contentions that it practiced asserted claims of the '520 patent. Nor
11 has Oracle furnished an expert report regarding the alleged practice of this patent. Accordingly,
12 Oracle cannot provide any testimony at trial (via experts or alleged fact witnesses) that opines on
13 the practice of the asserted claims of the '520 patent.

14 **F. The '720 Patent**

15       Google maintains that the products listed by Oracle cannot be proven at trial to practice
16 the asserted claims of the '720 patent. Oracle's Disclosures do not provide the information
17 required by the Joint Statement (Dkt. 661 and ¶ 1) because they include only generic descriptions
18 of testimony to be offered and fail to actually cite any source code or documentation. As such,
19 Google is unable to accurately evaluate and respond to Oracle's contentions. Furthermore,
20 Oracle cannot offer testimony at trial regarding the subject matter in its disclosures because it
21 refused to provide a Rule 30(b)(6) witness regarding this subject matter during discovery. In
22 addition, Oracle failed to submit any expert report regarding its alleged practice of the patent,
23 and may not offer any such testimony opining on its practice of the asserted claims.
24       Google's non-infringement expert, Dr. Jack Davidson of the University of Virginia,
25 described the claimed invention in a manner that differs from the view adopted by Oracle's
26 disclosures (and its infringement contentions). (*See, e.g.,* August 25, 2011 Expert Report of Jack
27 Davidson at ¶¶ 85-89.) In particular, the source code files referenced by Oracle do not provide a
28

1  mechanism to compile source code during the loading process and therefore do not implement
2  the asserted claims.  As such, Google cannot stipulate to Oracle's practice of the claims "for all
3  purposes and phases of trial."
4        Moreover, in response to a Google 30(b)(6) deposition notice regarding "[e]vidence of
5  conception, reduction to practice, *and actual use* of the invention(s) allegedly set forth in the
6  asserted claims" (emphasis added) of the '720 patent, Oracle informed Google that it "cannot
7  locate a witness currently employed by Oracle who can testify based on personal knowledge as
8  to the conception, reduction to practice, or actual use of the inventions of the '520 and '720
9  patents."  (*See* August 9, 2011 email from Daniel P. Muino to Mark Francis.)  According to the
10 Court's Supplemental Order (Dkt. No. 26 at ¶23(c)), "[i]f an organization cannot reasonably
11 locate a witness to testify based on personal knowledge, there is no requirement under Rule
12 30(b)(6) for the organization to 'woodshed' or to 'educate' an individual to testify on the subject.
13 If the organization does not produce any such deponent, however, the organization may not
14 present case-in-chief evidence at trial or on summary judgment on that topic from any witness it
15 could have so designated."  As such, Oracle cannot present any case-in-chief testimony at trial
16 regarding any alleged use of the '720 patent.
17       Furthermore, *Oracle affirmatively represented to Google during discovery that it would*
18 *not seek to have any Oracle employee testify at trial regarding actual use of the '720 patent*.
19 (*See* August 9, 2011 email from Daniel P. Muino to Mark Francis ("We can confirm that we will
20 not present an Oracle employee or officer at trial to testify regarding the conception, reduction to
21 practice, or actual use of the inventions of the '520 and '720 patents."))
22       Oracle refused to present a witness in response to Google's Rule 30(b)(6) deposition
23 notice concerning Oracle's contentions that it practiced asserted claims of the '720 patent.  Nor
24 has Oracle furnished an expert report regarding the alleged practice of this patent.  Accordingly,
25 Oracle cannot provide any testimony at trial (via experts or alleged fact witnesses) that opines on
26 the practice of the asserted claims of the '720 patent.
27
28

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  January 20, 2012 | **KEKER & VAN NEST, LLP** |
| 3 | | By:  /s/ Christa M. Anderson |
| 4 | | ROBERT A. VAN NEST (SBN 84065) |
| | | rvannest@kvn.com |
| 5 | | CHRISTA M. ANDERSON (SBN 184325) |
| | | canderson@kvn.com |
| 6 | | KEKER & VAN NEST LLP |
| | | 633 Battery Street |
| 7 | | San Francisco, CA 94111-1809 |
| | | Telephone:  (415) 391-5400 |
| 8 | | Facsimile:  (415) 397-7188 |

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice)*
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

# CERTIFICATE OF SERVICE

I hereby certify that on this day, January 20, 2012, I served a true and correct copy of **GOOGLE'S RESPONSE TO ORACLE'S POSITION ON ALLEGED PRACTICE OF THE ASSERTED PATENT CLAIMS** via e-mail on the following individuals:

David Boies
Boies Schiller and Flexner
333 Main Street
Armonk, NY 10504
914-749-8201
Fax: 914-749-8300
Email: Dboies@bsfllp.com

Deborah Kay Miller
Oracle USA, Inc Legal Department
500 Oracle Parkway
Redwood Shores, CA 94065
(650) 506-0563
Email: Deborah.Miller@oracle.com

Dorian Estelle Daley
500 Oracle Parkway
Redwood City, CA 94065
(650) 506-5200
Fax: (650) 506-7114
Email: Dorian.daley@oracle.com

Marc David Peters
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
Fax: (650) 494-0792
Email: Mdpeters@mofo.com

Matthew M Sarboraria
Oracle Corporation
500 Oracle Parkway, 5OP7
Redwood Shores, CA 94065
650/ 506-1372
Email: Matthew.sarboraria@oracle.com

Michael A Jacobs
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
650-813-5600
Fax: 650-494-0792
Email: MJacobs@mofo.com

Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7475
Email: DMuino@mofo.com

Steven Christopher Holtzman
Boies, Schiller & Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA 94612
510-874-1000
Fax: 510-874-1460
Email: Sholtzman@bsfllp.com

Executed on January 20, 2012.          /s/ Mark H. Francis
                                        Mark H. Francis