1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

        Plaintiff,

   v.

GOOGLE INC.,

        Defendant.

                               /

No. C 10-03561 WHA

**ORDER REGARDING PATENT MARKING DISPUTE**

In the order denying Google's motion for partial summary judgment on its patent marking defense, the Court expressed concern that disputes over which Oracle or Sun products practiced the asserted claims, and therefore required marking, would devolve into an "infringement" type analysis at trial. In order to streamline the issue for trial, the parties were required to devise a fully agreeable procedure to identify and stipulate to the Oracle or Sun products that practiced the asserted claims. The parties filed a joint, stipulated procedure (Dkt. No. 661).

Now, it is manifestly clear that Google failed to comply with its own stipulated procedure. Pursuant to the first step in the joint procedure, Oracle submitted a list of Oracle and Sun products that practiced each of the asserted patents, the supporting source-code citations for each product, and summary of testimony it intended to elicit at trial in support of these identifications. Pursuant to the next step in the joint procedure, Google was required, by January 20, to:

> respond to Oracle and identify any other Oracle products that Google contends practiced any of the 26 asserted claims during the alleged damages period and identify any products in Oracle's identification that Google contends do not practice the identified claims. Google's response will specify which Oracle products it contends do (or do not) practice the asserted claims, and why.

1    Google failed to do so.  Instead, Google merely objected to Oracle's testimonial evidence and

2    complained that it did not have time to analyze the source-code citations provided.  Google did

3    not independently analyze and address each product identified by Oracle.  Nor did Google

4    identify any other products that practiced the asserted claims.

5         Google is hereby ordered to stand and deliver on its end of the bargain.  For each product

6    identified by Oracle, Google shall independently analyze whether that product practiced the

7    asserted claims.  Google cannot merely object to Oracle's evidence.  Note well that Google is the

8    one who raised the patent marking defense and presumably has its own evidence to show which

9    Sun or Oracle products fell within the asserted claims.  Google has no need to see more evidence

10   to lay out its hand on this score.  Google must unequivocally state whether each product practiced

11   or did not practice the asserted claims.  For each contention, Google must provide an explanation

12   based on its own analysis of the product.  Google must faithful comply or withdraw its patent

13   marking defense.  If Google fails to do so by **NOON ON FEBRUARY 14**, then the Court will

14   entertain a motion to eliminate the patent marking defense.

15        With respect to Google's suggestion that Oracle has not previously produced the code and

16   other evidence, Oracle replies that is wholly untrue and that all such evidence has previously been

17   produce in discovery (Dkt. No. 706 at 6–21).  This question would only affect the products and

18   methods asserted *by Oracle* as falling within the claims and would *not* affect the products and

19   methods asserted *by Google* as falling within the claims.  As to the latter, Google should already

20   have the evidence to back up its own contentions.  As to the former, if it is really true that Oracle

21   has neglected to produce the evidence cited by Oracle in its step one submission, then Google

22   may in its February 14 submission, specify the missing evidence with particularity.  Oracle shall

23   then have until **NOON ON FEBRUARY 17** to admit or deny the assertion of non-production, stating

24   with particularity, if Oracle contends it was produced earlier, when, how, and to whom, the

25   evidence was produced, taking care to admit any part of the allegedly-missing evidence was not

26   produced.  This issue, even if it is a genuine one, cannot justify the wholesale refusal to respond

27   at all as required by the stipulation.

28

1    Until Google faithfully complies with its own stipulated procedure, Oracle will not be held

2  to its step one admissions, *that is*, Google may not simply assert that Oracle has admitted a failure

3  to mark and therefore there is no need for Google to admit or deny in order to defend on grounds

4  of failure to mark.  First, such a tactic would violate the stipulation.  Second, such a tactic would

5  be gamesmanship to "have it both ways" so as to have the benefit of the procedure without having

6  to admit items that may hurt Google on other issues, such as the question of an injunction should

7  Google lose at trial.

8    As required by their own stipulation, the parties shall have a meet-and-confer regarding

9  their disclosures (this time with an acceptable disclosure from Google) with the aim of preparing

10  a stipulation of which products practice the asserted claims.  By **NOON ON FEBRUARY 21**, the

11  parties shall jointly submit to the Court their stipulations, a statement on the evidentiary effect of

12  their stipulations at trial, and a list of those products for which there is a genuine dispute between

13  the parties, along with brief explanations of the basis for each party's contention for each product.

14

15    **IT IS SO ORDERED.**

16

17  Dated:   January 31, 2012.

18  WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28