**FILED**

FEB 0 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED

FEB -9 2012

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE GOOGLE INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 106

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in case no. 10-CV-3561, Judge William H. Alsup.

---

ON PETITION

---

Before LOURIE, PROST and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

### ORDER

Google Inc.'s petition for a writ of mandamus seeks to prevent Oracle America, Inc. from using certain email communications from one of Google's engineers at trial. Because we agree with the United States District Court for the Northern District of California that those documents are not privileged, we deny the petition.

IN RE GOOGLE                                                2

## BACKGROUND

On July 20, 2010, approximately three weeks before this suit was filed, Google's Senior Counsel Ben Lee sat through a presentation by Oracle's attorneys. During the presentation, Oracle's attorneys asserted Google's Android smartphone platform infringed Oracle's patents.

On July 30, 2010, Lee met with Google's General Counsel and Google's engineer Tim Lindholm to formulate a response to Oracle's infringement claims.

At 11:05 a.m. on August 6, 2010, Lindholm sent an email to the attention of Andy Rubin, Google's Vice President in charge of its Android operating platform. Lindholm also included Lee, himself, and another Google engineer, Dan Grove, on the email. The body of the email provided as follows:

> Attorney Work Product
>
> Google Confidential
>
> Hi Andy,
>
> This is a short pre-read for the call at 12:30. In Dan's earlier email we didn't give you a lot of context, looking for the visceral reaction that we got.
>
> What we've actually been asked to do (by Larry and Sergei) is to investigate what technical alternatives exist to Java for Android and Chrome. We've been over a bunch of these, and think they all suck. We conclude that we need to negotiate a license for Java under the terms we need.

> That said, Alan Eustace said that the threat of moving off Java hit Safra Katz hard. We think there is a value in the negotiation to put forward our most credible alternative, the goal being to get better terms and price for Java.
>
> It looks to us that Obj-C provides the most credible alternative in this context, which should not be confused with us thinking we should make the change. What we're looking for from you is the reasons why you hate this idea, whether you think there's anything we've missed in our understanding of the option.
>
> --Tim and Dan

Oracle filed suit on August 12, 2010. During discovery, Google listed the final version of this email on its privilege log, but produced "autosaves" or periodic snapshots of the email as it was being drafted.

On June 22, 2011, Oracle referenced the substance of the email without objection by Google at a hearing before the Magistrate Judge regarding a motion to compel Lindholm's deposition and then again before the district court later that same day.

The following day, however, Google asked Oracle to return all versions of the email, asserting they were protected material because Mr. Lindholm had prepared the email at the behest of Google's lawyers as part of an investigation into the Oracle infringement lawsuit. Google further requested that Oracle not continue to publicly reference the email.

Oracle agreed to temporarily comply with those requests and then filed a motion to compel disclosure of those emails. Oracle's motion asserted that the communi-

cation was not protected under either the attorney-client privilege or the attorney-work product privilege, arguing the email itself suggests the Lindholm email was directed to a non-lawyer (Rubin) at the direction of a non-lawyer (Google's co-founders, Larry and Sergei) and does not indicate any legal advice or work product.

After allowing the parties to file declarations and brief the matter and after examining the material *in camera*, the Magistrate held that the email was not privileged. Citing *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984), the Magistrate concluded that Google had failed to make a "clear showing" that the email was sent to Lee in his capacity as an attorney conducting a legal investigation. Finding that no "clear showing" was made here, the Magistrate ordered Google to produce the documents.

On October 20, 2011, the district court denied Google's motion for relief from that order, concluding that "[r]equiring a clear showing of privilege in light of Attorney Lee's role as in-house counsel was not clearly erroneous or contrary to law."

## DISCUSSION

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), this court has the authority to issue the requested writ as "necessary or appropriate in aid of" our jurisdiction. *Miss. Chem. Corp. v. Swift Agric. Chems. Corp.*, 717 F.2d 1374, 1379 (Fed. Cir. 1983). The use of mandamus is limited to exceptional circumstances to correct a "clear abuse of discretion or 'usurpation of judicial power' by the trial court." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 382 (1953).

The district court's refusal to protect the communications at issue here under the attorney-client privilege

does not raise an issue unique to patent law. In reviewing that issue, we therefore look to the decisions of the regional circuit, here the Ninth Circuit, to ascertain whether the district court improperly granted Oracle's motion to compel. *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001).

"The party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication." *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995). Whether that burden has been met is reviewed de novo. *Id.* Under Ninth Circuit law, we also review the district court's rulings on the scope of the attorney-client privilege de novo. *United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir. 1995). We review the district court's conclusion that Lindholm's email is not protected by the attorney-client privilege as "a mixed question of law and fact which this court reviews independently and without deference to the district court." *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989).

In discussing the issue of attorney-client privilege in the context of an internal investigation performed by an in-house counsel, the Supreme Court in *Upjohn Co. v. United States*, 449 U.S. 391, 383 (1981) stated that the privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."

Google argues that Lindholm's email was made at the behest of Lee for purposes of investigating Oracle's infringement allegations and should therefore be protected under *Upjohn*. In support of this argument, Google submits a declaration from Lindholm stating that Google's in-house counsel Lee asked Lindholm to "gather

information for Google's lawyers and management to consider in evaluating technology issues related to Oracle's infringement claims," and that the email in question "concern[ed] certain topics that [Google's General Counsel] Mr. Walker and Mr. Lee had asked [him] . . . to investigate." Google further submits a declaration from Lee attesting to the fact that the email "addresses some of the Oracle-related topics that Walker and I asked him to investigate."

Oracle responds that the email itself refutes Google's privilege claim. Oracle argues that the content of the email suggests that Lindholm had been asked by Google's management to look into technical alternatives to using the subject matter of Oracle's patent to "bring value in the negotiation" with Oracle for a license with the "goal being to get better terms and price for [a] Java [license]." Oracle therefore argues that contrary to Google's claim, Lindholm's email was directed to Google's pursuit of a license to the patents on their best terms as opposed to assisting Lee in his investigation into the infringement suit.

We agree with Oracle that the email casts sufficient doubt as to Google's privilege claim. Lindholm states in the email that he was responding to a request from Google's management, not Google's attorneys. In addition, Lindholm directs the email to Rubin, the head of the smartphone division, rather than to Lee. The email explains its purpose: "What we've actually been asked to do (by Larry and Sergei) is to investigate what technical alternatives exist to Java for Android and Chrome." The email's discussion is directed at a negotiation strategy as opposed to a license negotiation as a component or legal strategy. The email does not evidence any sort of infringement or invalidity analysis. As noted by the trial court, "[n]othing in the content of the Email indicates that

Lindholm prepared it in anticipation of litigation or to further the provision of legal advice."

Google also argues that the "clear showing" requirement is limited to circumstances like those in the *Sealed Case* where the in-house attorney in question acted as both the company's attorney and vice president. Because Google contends that there is no evidence Lee had any responsibilities outside the lawyer's sphere, it argues the Magistrate Judge adopted a "radically broadened version" of the *Sealed Case* standard thereby in effect using Lee's status as an in-house counsel to "dilute" the privilege provided for in *Upjohn*.

We see no merit to this contention. It is beyond dispute that parties seeking to establish the privilege are required to sufficiently establish the communication at issue relates to professional legal services (as opposed to business considerations), regardless of whether the attorney had distinct non-legal responsibilities for the company. *See United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996) ("Prior to *Upjohn* . . . [w]here the attorney was asked for business (as opposed to legal) counsel, no privilege attached. . . . *Upjohn* did not eliminate this distinction.").

Google raises additional arguments why its petition should nonetheless be granted. We find none of those arguments persuasive. Google contends that courts have recognized a rebuttable presumption that a lawyer in a legal department or working for a general counsel is most often giving legal advice. This argument misses the point. It is not that Lee was acting outside the role of an attorney but that Google failed to demonstrate the purpose of the communication was to further his investigation into the infringement suit. In any event, we agree

with the district court that even assuming a presumption applies, the evidence overcomes that presumption.

Google also briefly raises the argument that the email should be protected under the attorney work-product doctrine. In rejecting this argument below, the court explained "Google did little to advance an argument that the Email constitutes attorney work-product devoting only two sentences to the issue." The court further explained that even to the extent the issue should be considered, the same "evidentiary gaps and logical inconsistencies that pervade its attorney-client privilege argument fatally impugn Google's claim for work-product protection." For the same reasons, we reject Google's argument in its petition.

Finally, Google notes that the email contained the words "Google Confidential" and "Attorney Work Product." Lindholm's expectations regarding confidentiality, however, do not demonstrate entitlement to the privilege in light of the remainder of the email.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The motion for oral argument is denied.

FOR THE COURT

FEB 06 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 06 2012

JAN HORBALY
CLERK

cc: Robert A. Van Nest, Esq.
    William F. Norton, Jr., Esq.
    Clerk, United States District Court for the Northern District Of California

s19