**KEKER & VAN NEST** LLP

**Robert Van Nest**
rvannest@kvn.com

February 15, 2012

**VIA E-FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:     *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Google requests that the Court allow Google to file a motion for summary judgment of

invalidity of claim 14 of U.S. Patent No. 6,192,476 ("'476 Patent") on the grounds that it claims

unpatentable subject matter.  Claim 14 is the only remaining asserted claim of the '476 Patent,

and its validity can be determined as a matter of law.  *See Dealertrack, Inc. v. Huber*, --- F.3d ---,

2012 WL 164439, at *16 (Fed. Cir. Jan. 20, 2012) ("Whether a patent claim is drawn to patent-

eligible subject matter is an issue of law . . . .").  The Court's recent Order of January 25

construed claim 14 to cover patent-ineligible subject matter.  Google therefore seeks to further

narrow the issues for trial by fully disposing of one of the six patents still asserted in this case.

There is no dispute that claim 14 encompasses unpatentable subject matter.  Claims "that

cover transitory electrical and electromagnetic signals propagating through some medium, such

as wires, air, or a vacuum" are invalid because "[t]hose types of signals are not encompassed by

any of the four enumerated statutory categories."  *In re Nuijten*, 500 F.3d 1346, 1352 (Fed. Cir.

2007).  This Court has construed the phrase "computer-readable medium" of claim 14 to mean

"any medium that participates in providing instructions to processor for execution, including but

not limited to, ***transmission media***."  (Dkt. No. 704 at 5 (emphasis added); *see also id.* at 4

("[T]he specification described embodiments that unambiguously included transmission media,

such as wireless signals.").)  Thus, the claim plainly covers transmission media, a point that

The Honorable William Alsup
February 15, 2012
Page 2

Oracle underscored when it attempted to assert the claim against such media in this case.  (*See*

Mitchell Patent Report ¶ 11 (stating that "Google's acts of direct infringement include [the]

distribution of infringing source and binary code online").)

In its objections to Google's proposed claim construction, Oracle all but acknowledged

that claim 14 would be invalid if construed according to its plain terms.  As Oracle argued, "the

correct approach is to construe the phrase to mean only storage media, and preserve its validity."

(Dkt. No. 645 at 16.)  This Court did not so limit its construction such that there is now a live

legal issue regarding invalidity.  In that context, Oracle may argue that *Nuijten* does not apply

because the claim at issue in that case was directed *only* to unpatentable transitory signals,

whereas claim 14 of the '476 Patent could be read to cover storage media as well as unpatentable

signals.  Any such argument would fly in the face of decades of precedent.

Indeed, overclaiming is a hallmark of invalid patent claims.  The Supreme Court

addressed the consequences of claiming too broadly in *Graver Tank & Mfg'g Co. v. Linde Air

Prods. Co.*, 336 U.S. 271 (1949).  There, the claims encompassed both an inventive welding flux

composition (patentable subject matter) as well as inoperable compositions (unpatentable subject

matter).  *Id.* at 276.  The Supreme Court upheld the district court's finding of invalidity, holding:

> While the cases more often have dealt with efforts to resort to specifications to
> expand claims, it is clear that the latter fail equally to perform their function as a
> measure of the grant when they overclaim the invention. When they do so to the
> point of invalidity and are free from ambiguity which might justify resort to the
> specifications, we agree with the District Court that they are not to be saved
> because the latter are less inclusive.

*Id.* at 277.  In short, where there is no ambiguity as to claim scope, overbroad claims are invalid.

Furthermore, the maxim established in *Graver Tank* applies in the context of Section 101,

as illustrated in the Federal Circuit's recent *Dealertrack* decision.  There, the patentee argued

The Honorable William Alsup
February 15, 2012
Page 3

that the claims covered "a concrete, practical solution to a long-felt problem" and that, "for § 101

purposes, the claims describe how to program [a] computer by reference to the flow charts in the

specification."  2012 WL 164439 at *15.  The Federal Circuit disagreed and held that the

asserted method claims were invalid because they were drawn to "patent ineligible abstract ideas

under § 101."  *Id.* at *18.  The court reasoned:

> The fact that certain algorithms are disclosed in the specification does not change
> the outcome.  In considering patent eligibility under § 101, one must focus on the
> claims. . . .  Here, the claims of the [patent] were construed not to be limited to
> any particular algorithm.

*Id.* at 17.  In other words, the court held that it did not matter that the claims encompassed the

disclosed algorithms when they also covered so much more; the fact that the claims also

"cover[ed] a . . . process using any existing or future-devised machinery" rendered them invalid.

*Id.*  This finding follows longstanding precedent.  *See, e.g.*, *Gottschalk v. Benson*, 409 U.S. 63,

*71 (1972) (invalidity finding where claim was broad enough to cover every use of mathematical

formula in addition to the disclosed use).  Additionally, it is "USPTO policy" that claims "that

read on nonstatutory as well as statutory subject matter are unpatentable."  *Ex parte Hu*, Appeal

No. 2010-000151, 2012 WL 439708, at n.2 (Bd. of Patent App. & Interferences Feb. 9, 2012).

Given this precedent, claim 14 of the '476 patent must be invalid as a legal matter.  While

Oracle could have included dependent claims claiming only patentable subject matter, or could

have sought correction of claim 14 through reissue—as it did with the '104 patent—it did

neither.  And having chosen to assert infringement of claim 14 by non-statutory subject matter in

this very case, it should not be heard to complain that it may lose that claim as a result.

Sincerely,
/s/ Robert A. Van Nest