MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**DECLARATION OF ANDREW TEMKIN REGARDING GOOGLE, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 717) AND ORACLE AMERICA, INC.'S FILINGS OF FEB. 24, 2012**<br><br>Dept.:  Courtroom 9, 19th Floor<br>Judge:  Honorable William H. Alsup |

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

I, ANDREW TEMKIN, declare as follows:

1.    I am in-house counsel for Oracle America, Inc. ("Oracle"). My title is Corporate Counsel and I represent Oracle in the above-captioned matter.

2.    I make this declaration based on my own personal knowledge.  If called as a witness, I could and would testify competently as to the matters set forth herein.

3.    I submit this omnibus declaration pursuant to Local Rule 79-5 in support of portions of Google, Inc.'s ("Google's") administrative motion to file under seal (Dkt. No. 717), as well as in support of Oracle America, Inc's administrative motions to file under seal certain papers submitted to the court on February 24, 2012.

4.    **Google's Administrative Motion to File Under Seal (Dkt. No. 717).**  I have reviewed Google's Motion to Strike Portions of Third Expert Report by Iain Cockburn and Expert Report by Steven Shugan ("Google's Motion"), the portions of that brief that Google redacted pursuant to the parties' protective order entered in this case and Local Rule 79-5, and the accompanying Declaration of David Zimmer and its attached exhibits.

5.    Oracle moves to seal portions of Exhibit A to the Zimmer declaration, as well as the material reflected on page 12, lines 17 through 21 of Google's Motion.  That exhibit and quoted excerpts reflect portions of the deposition transcript of Oracle's damages expert, Prof. Iain M. Cockburn.  Oracle moves to seal only pages 161 and 162 of the Cockburn deposition transcript, reflected in Exhibit A to the Zimmer declaration.  Those excerpts describe the value that Prof. Cockburn ascribes to certain of Oracle's copyrighted code.  Upon information and belief, Oracle has never before been called upon to put a precise value on Oracle's copyrighted source code, nor has it been called upon to analyze the relative value of each of Oracle's Java-related patent and the copyrights in a particular bundle of technology.  Oracle does not customarily value the myriad benefits to licensees that a license from Oracle would provide in this way.  Oracle's robust Java patent and copyright portfolio is an important bargaining factor in negotiations over Java licensing with third parties, but, as Professor Cockburn noted, Oracle does not ordinary license Java on a patent-by-patent or a copyright-by-copyright basis, nor would it consider providing its negotiating counterparties with specific

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

valuation information as to the relative value of the patents-in-suit or copyrights-in-suit or of benefits that flow from access to those patents and copyrights.  Disclosure of this information would cause serious harm to Oracle because it would provide an unfair advantage to Oracle's negotiating counterparties.

6.   Oracle also moves to seal Exhibits H, I, J, and K, to the Zimmer Declaration, as well as the material reflected on page 7, lines 26–28, and page 8 of Google's Motion.  Those exhibits and quoted excerpts reflect portions of deposition transcripts of certain Oracle engineers. The excerpts of the deposition transcripts contained in those exhibits reveal information regarding Oracle's internal investigation into Android's infringement of many of Oracle's patents.  Internal infringement analyses are closely guarded secrets within Oracle; Oracle does not ordinarily disclose who analyzed competitors' products for infringement, how they went about that analysis, or which patents they investigated.  Disclosure of this information could cause substantial harm to Oracle.  Additionally, Exhibit H contains a personal home address, with street and number, of an Oracle employee on page 4. Oracle does not ordinarily release the home addresses of its employees, and I understand that home addresses are often required to be filed under seal.

7.   I have determined that no Oracle sensitive material is contained in Exhibits A, B, D, F, and G, nor is any Oracle confidential material reflected in any of the other redacted portions of the brief. Oracle would not oppose Google filing that information in the public record.

8.   **Oracle's Opposition to Google's Motion to Strike Portions of Third Expert Report By Iain Cockburn And Expert Report By Steven Shugan.**  I have reviewed Oracle's Opposition to Google's Motion to Strike Portions of Third Expert Report By Iain Cockburn And Expert Report By Steven Shugan (the "Opposition"), filed today, February 24, 2012.

9.   Oracle moves to seal information contained on pages 9–10 of the Opposition, and portions of Exhibits E, G, and H to the Norton Declaration in support of the Opposition, which describe the infringement analysis described in paragraph 6 above, and should be sealed for the same reasons described in that paragraph.

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

10.   Additionally, Exhibit E to the Norton Declaration contains references to a project code name and describes that project.  Code names for internal Oracle projects are closely guarded secrets.  Making code names public, such as the code name in Exhibit E, could cause significant harm to Oracle.

11.   Exhibit H contains detailed information about the Sun-Google negotiations.  Oracle does not customarily make public the details of its private negotiations.  Making this information public could provide an unfair advantage to Oracle's negotiating counterparties.

12.   Oracle moves to seal information contained on pages 15–17 of the Opposition, which describes the value that Prof. Cockburn ascribes to the value of certain Oracle copyrighted source code.  Oracle moves to seal this material for the same reason it moves to seal the portions of the Cockburn deposition discussed in paragraph 5, above.

13.   **Oracle's Motion to Strike Portions of the Supplemental Expert Report of Dr. Alan Cox.**  I have reviewed Oracle's Motion to Strike Portions of the Supplemental Expert Report of Dr. Alan Cox, filed today, February 24, 2012.

14.   Oracle moves to seal material on page  3–4 and 12 of that motion.  The redacted material reflects information gleaned from Sun and Oracle internal documents that discuss Sun's Java licensing business, strategy, competitiveness, and trending, as well as Sun's code-named and confidential plans to enter the smartphone market.  Oracle does not disclose such sensitive internal analyses in the ordinary course of business, nor does it reveal to potential competitors its plans to enter any given market.  Disclosure of this analysis of confidential, internal information about competitive strategy and Java licensing trends could unfairly advantage Oracle's competitors and could, if taken out of context, adversely and unfairly affect public opinion about the future of Oracle's business.

15.   **Oracle's Motion to Strike Portions of the Supplemental Expert Report of Dr. Gregory K. Leonard.**  I have reviewed Oracle's Motion to Strike Portions of the Supplemental Expert Report of Dr. Gregory K. Leonard, filed today, February 24, 2012.

16.   Oracle moves to seal material on pages 5 through 8 of that motion, as well as Exhibits D, E, G, and H of the Richardson Declaration in support of that motion.  Those materials concern Oracle's business strategy related to its acquisition of Sun Microsystems, Inc. ("Sun"), and accounting valuation

3

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

of particular assets in connection with that acquisition.  Oracle does not ordinarily disclose such information to the public, even after an acquisition has closed.  Disclosure of Oracle's acquisition-related materials would reveal the company's strategies and projections regarding business growth and other contemporary plans related to Sun assets, compromise its data sources, and provide an unfair advantage to Oracle's competitors and acquisition targets.

17.   In particular, the documents concerning accounting valuation efforts, financial analyses, and accounting documents reveal how Oracle accounts for particular elements of an acquisition target's business, and refers to third-party accounting documents similar to those that I understand that the Court has already held should remain under seal.  (*See* Dkt. Nos. 186, 203.)  Exhibits D and G are two such third-party accounting valuation documents, and are highly sensitive.  Third-party accounting information is often used by businesses to understand the market and obtain necessary inputs in developing new business strategies.  Failure to maintain the confidentiality of the information, which Oracle has promised those third parties it will protect, could possibly lead to their refusal to sell Oracle industry data in the future, and could cause competitive harm as Oracle's competitors learn the sensitive valuation and accounting process that goes into Oracle's decision to enter into a multibillion-dollar merger and acquisition transaction. I understand that the Court has previously held that acquisition-related documents should be sealed.  (*See* Dkt. Nos. 186, 203.)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 24, 2012 at Redwood Shores, California.

By:  */s/ Andrew C. Temkin*
　　ANDREW C. TEMKIN

4

ATTESTATION OF FILER

I, Steven C. Holtzman, have obtained Andrew Temkin's concurrence to file this document on his behalf.

Dated: February 24, 2012                    BOIES, SCHILLER & FLEXNER LLP

                                            By:  */s/ Steven C. Holtzman*
                                                  Steven C. Holtzman

                                            *Attorneys for Plaintiff*
                                            ORACLE AMERICA, INC.

TEMKIN DECL. ISO GOOGLE'S ADMIN. MOTION TO SEAL (DKT. 717) AND ORACLE'S 2/24/12 FILINGS
CASE NO. CV 10-03561 WHA