# EXHIBIT C

HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY

1  UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA
3  SAN FRANCISCO DIVISION
4
5  _____
6  Oracle America, Inc.
7
8  v.                              Case No. 3:10-cv-03561 WHA
9  Google Inc.
10 _____
11
       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
12     Video Deposition of Iain M. Cockburn, Ph.D.
13              Friday, February 10, 2012
14                   Analysis Group
15          111 Huntington Avenue - 10th Floor
16              Boston, Massachusetts 02199
17
18
19
20  ----------  J. Edward Varallo, RMR, CRR  ----------
21
22
23
24
25  Pages 1 - 178

Page 1

```
 1    I say here for context and to provide a complete
 2    record, then obviously those opinions as I stated in
 3    my September report do rely upon the econometrics.
 4         Q.   But the particular apportionment analysis
 5    in your February 2012 report does not rely on the
 6    econometric analysis.  Correct?
 7         A.   Neither the group and value approach nor
 8    the independent significance approach rely upon my
 9    econometric analysis.
10         Q.   And do either the independent significance
11    approach or the group and value approach rely on the
12    results of Dr. Shugan's conjoint analysis?
13         A.   Well, they do to some degree, not in the
14    same way that my September report did.
15         Q.   How do the opinions in your February
16    report rely on the conjoint analysis?
17         A.   Well, in particular I looked to the
18    evidence from the work that Dr. Shugan did with his
19    conjoint analysis as to the relative value of the
20    patents, the functionality enabled by the patents in
21    suit as regards speed or application startup time or
22    multitasking, versus that value relative to the
23    value of the copyrights in the APIs.
24         Q.   Could you turn to paragraph 423.  It's on
25    page 157.
```

```
 1        A.    Yes.
 2        Q.    There's a sentence about halfway through
 3   the paragraph that starts with "These
 4   percentages...."  Do you see that?
 5        A.    Yes.
 6        Q.    And the sentence says "These percentages
 7   are similar to those applied in my September 2011
 8   report but are lower because the independent
 9   significance approach excludes consideration of the
10   econometric and conjoint analyses."  Do you see
11   that?
12        A.    Yes.
13        Q.    So is it the case that the conjoint
14   analysis is used only with respect to the group and
15   value approach in your February 2012 report and not
16   the independent significance approach?
17              MR. NORTON:  Objection to form.  Can you
18   read the question back, please?
19              THE WITNESS:  Yeah.  I'm sorry.  I'm
20   trying to pop it out --
21              MR. PURCELL:  I can just ask it again.
22   BY MR. PURCELL:
23        Q.    So based on that sentence in paragraph
24   423, is it true that Dr. Shugan's conjoint analysis
25   is relevant only to the group and value approach in
```

Page 31

1    your February 2012 report and not the independent
2    significance approach?
3         A.    A qualitative assessment, if you like, of
4    the results of Dr. Shugan's conjoint work I think
5    informs my independent significance approach to some
6    degree.  In the wording of that sentence I am
7    referring by econometric and conjoint analyses, I am
8    referring specifically to the use of that work in
9    defining portions of the incremental sales of,
10   incremental revenue for Androids which were part of
11   my September report and which the court has struck.
12        Q.    So to what extent is Dr. Shugan's conjoint
13   analysis used in the independent significance
14   approach in your February 2012 report?
15        A.    Well, I look at the results of that
16   analysis in a qualitative sense, which demonstrates
17   to me that the functionality enabled by the patents
18   in suit or the availability of applications which is
19   enabled by infringement of the copyrights in the
20   APIs are sources of value, sources of significant
21   value to users or purchasers of smartphones.
22        Q.    Any other aspect in which the results of
23   Dr. Shugan's conjoint analysis are relevant to the
24   independent significance approach in your February
25   2012 report?

HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY

```
 1      We are going off the record.  This is the end of
 2      tape 4 and the end of the deposition of Dr. Iain
 3      Cockburn.
 4              (Deposition concluded at 3:40 p.m.)
 5
 6
 7
 8
 9
10
11
12
13          _____
14                  WITNESS
15
16
17
18
19
20
21
22
23
24
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1                COURT REPORTER'S CERTIFICATE

2            I, J. Edward Varallo, RMR, CRR, Registered

3    Professional Reporter and Notary Public in the

4    Commonwealth of Massachusetts (my commission expires

5    12/24/2015), hereby certify that the deposition of

6    Iain M. Cockburn, Ph.D. taken on February 10, 2012,

7    in the matter of Oracle America, Inc. v. Google Inc.

8    was recorded by me stenographically and transcribed;

9    that before being sworn by me, the deponent provided

10   satisfactory evidence of identification as required

11   by Executive Order 455 (03-13) of the Governor.

12           I certify that the deposition transcript

13   produced by me is true and accurate to the best of

14   my ability.

15           I certify further that I am not counsel,

16   attorney, or relative of any party litigant, and

17   have no interest, financial or otherwise, in the

18   outcome of this suit.

24   DATED:  2/20/2012              J. Edward Varallo

178