MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO GOOGLE'S DAUBERT MOTION**<br><br>Dept.: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

1  Plaintiff Oracle America, Inc. ("Oracle") hereby moves to file portions of Oracle's Opposition to Google's Motion to Strike Portions of Third Expert Report By Iain Cockburn And Expert Report By Steven Shugan (the "Opposition"), along with portions of Exhibits E, G, and H to the Norton Declaration in support of the Opposition.

Oracle moves to seal information contained on pages 9–10 of the Opposition, and portions of Exhibits E, G, and H to the Norton Declaration. Those portions reveal information regarding Oracle's internal investigation into Android's infringement of many of Oracle's patents. Internal infringement analyses are closely guarded secrets within Oracle; Oracle does not ordinarily disclose the details of those investigations. (Declaration of Andrew Temkin Regarding Google, Inc.'s Administrative Motion to File Under Seal (Dkt. No. 717) And Oracle America, Inc.'s Filings Of Feb. 24, 2012 ("Temkin Declaration"), ¶¶ 6, 9.) Disclosure of this information could cause substantial harm to Oracle. For the reasons stated in the Temkin Declaration, that material should remain under seal.

Additionally, Exhibit E to the Norton Declaration contains references to a project code name and describes that project. Code names for internal Oracle projects are closely guarded secrets. Making code names public, such as the code name in Exhibit E, could cause significant harm to Oracle. (Temkin Declaration ¶ 10.) Exhibit H contains detailed information about the Sun-Google negotiations. Oracle does not customarily make public the details of its private negotiations. Making this information public could provide an unfair advantage to Oracle's negotiating counterparties. (Temkin Declaration ¶ 11.) Portions of those documents should remain under seal.

Finally, Oracle moves to seal information contained on pages 15–17 of the Opposition, which describe the value that Prof. Cockburn ascribes to certain Oracle copyrighted source code. Oracle has never before been called upon to put a precise value on Oracle's copyrighted source code, nor has it been called upon to analyze the relative value of each of Oracle's Java-related patent and the copyrights in a particular bundle of technology. Oracle does not customarily value the myriad benefits to licensees that a license from Oracle would provide. Disclosure of this information would cause serious harm to Oracle because it would provide an unfair advantage to Oracle's negotiating counterparties. (Temkin Decl. ¶ 5, 12.) For the reasons stated in the Temkin Declaration, that material should remain under seal.

1

ORACLE'S ADMIN MOTION TO SEAL PORTIONS OF ITS OPPOSITION TO GOOGLE'S DAUBERT MOTION
CASE NO. CV 10-03561 WHA

1   The remaining material has been designated by Google, Inc. ("Google"), not Oracle.  The Order Approving Stipulated Protective Order Subject to Stated Conditions entered in this case (Dkt. No. 68) dictates that when material has been designated as Confidential or Highly Confidential – Attorney's Eyes Only, a party may not file it in the public record, but must seek to file it under seal pursuant to Local Rule 79-5.  (December 17, 2010 Stipulated Protective Order (Docket No. 66) § 14.4.) Accordingly, Oracle seeks to file under seal those portions of the motion and declarations in support thereof referencing documents that Google has designated Confidential or Highly Confidential – Attorneys' Eyes Only. Oracle states no position as to whether disclosure of materials marked by Google as Confidential or Highly Confidential – Attorneys' Eyes Only material would cause harm to Google.

Dated: February 24, 2012                    BOIES, SCHILLER & FLEXNER LLP

By: */s/ Steven C. Holtzman*
    Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

ORACLE'S ADMIN MOTION TO SEAL PORTIONS OF ITS OPPOSITION TO GOOGLE'S DAUBERT MOTION
CASE NO. CV 10-03561 WHA