# EXHIBIT C

















```
CAG    1/15/02    8:51
3:97-CV-02271   MED INSTRUMENTATION V. ELEKTA AB
*464*
*O.*
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| MEDICAL INSTRUMENTATION AND DIAGNOSTICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ELEKTA AB, *et al.*,<br><br>Defendants. | NO. CV-97-2271-RHW<br><br>**ORDER ON MOTIONS IN LIMINE** |
|---|---|

Before the Court are various Motions in Limine offered by Plaintiff and Defendants. The Court considered these motions without oral argument.

**Plaintiff's First Motion (Non-Identified Experts)**

In this motion, Plaintiff, Medical Instrumentation and Diagnostics Corporation (Midco), seeks to bar trial testimony of five Elekta witnesses (Kall, Kelly, Jacques, Lunsford, and Roberts) because, although not identified as experts, the only foreseeable and necessary use of these witnesses in trial is to provide expert testimony.

First, the Court addresses the threshold question of whether testimony is lay testimony (not subject to the restrictions of Fed. R. Evid. 702) or expert testimony (subject to Fed. R. Evid. 702 and the disclosure requirements of Fed. R. Civ. P. 26). In 2000, Fed. R. Evid. 701 was amended to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, advisory committee notes. "The amendment does not distinguish between expert and lay witnesses, but rather between expert and lay testimony. . . . That

ORDER ON MOTIONS IN LIMINE * 1

its counterclaims, all these counterclaims are similarly dismissed without prejudice.

**Defendants' Sixth Motion (Excluding Court's Pretrial Statements)**

In this motion, Elekta seeks an order excluding any reference to any pretrial statement, finding of fact, or ruling by the Court, other than those which may appear in the (yet to be determined) jury instructions. Midco notes two problems with this motion: (1) the problem of how the jury will learn that Elements 1, 2, 3, 4, and 6 of Claim 1 of the '314 patent are not at issue in the infringement analysis, (2) the problem of how the jury will learn that, although the validity of the '314 patent is at issue, the validity of the '684 and '846 patents is not.

The Court reserves ruling on this Motion, as these problems are best addressed during the writing of jury instructions. Once the Court has prepared jury instructions, both parties may refer to the jury instructions, but not any pretrial statements, findings of fact, or rulings by the Court. Until the jury instructions are prepared, the parties are not to refer to any such statements (pretrial statements, findings of fact, or rulings by the Court) in front of the jury, without prior approval by the Court outside the presence of the jury.

**Defendants' Seventh, Eighth, Ninth, and Tenth Motions (Regarding Midco Expert Testimony)**

In these motions, Elekta seeks to bar or limit Midco expert testimony. Before discussing the arguments for each witness, it is helpful to review the above discussions of Fed. R. Civ. P. 26 (on the requirements of expert reports) and Fed. R. Evid. 701 (discussing the difference between expert and lay testimony), as well as the requirements of Fed. R. Evid. 702, as discussed below.

If testimony is found to fall under Fed. R. Evid. 702, the Advisory Committee notes to Fed. R. Evid. 702 provide a nonexclusive, nondispositive, but nonetheless helpful checklist (taken from *Daubert* and related case law) for trial courts to use in assessing the reliability of scientific expert testimony.

ORDER ON MOTIONS IN LIMINE * 11

Specifically, in determining whether expert testimony is reliable, the Court should consider (1) whether the expert's technique or theory can be or has been tested-- that is, whether the expert's theory can be challenged in some objective sense, or whether it is, instead, simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; (5) whether the technique or theory has been generally accepted in the scientific community; (6) whether experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying; (7) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion; (8) whether the expert has adequately accounted for obvious alternative explanations; (9) whether the expert is being as careful as he would be in his regular professional work outside his paid litigation consulting; (10) whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give. Fed. R. Evid. 702, advisory committee's note.

The Advisory Committee also states that "the rejection of expert testimony is the exception rather than the rule," noting specifically that "*Daubert* did not work a sea change over federal evidence law and the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system" *Id.* (internal quotes and citations omitted.)

Dr. Ommaya

Dr. Ommaya's expert report consists of six paragraphs. The report does not set forth the "opinions to be expressed and the basis and reasons therefor," as required by Rule 26. However, as previously noted, the history of this case establishes that the parties, in some circumstances, have permitted the

ORDER ON MOTIONS IN LIMINE  * 12

1  supplementation of information and opinions of experts through depositions and
2  the filing of declarations. The deficiencies of Dr. Ommaya's expert report is
3  mitigated by the substantial testimony in his September 22 deposition. Although
4  the expert report violates Rule 26(a)(2)(B), the Court finds that sanctions under
5  Rule 37(c) are unnecessary because of the parties' practice of taking depositions
6  of witnesses even where the report was defective.
7       It appears from the record that many expert reports in this case were
8  supplemented by depositions. Although the purpose of Rule 26(a)(2)(B) is to
9  obviate the need for deposition, the parties appear to have agreed to take
10 depositions rather than receive the benefits of the Rule. Had Elekta filed this
11 motion shortly after receiving Dr. Ommaya's expert report, the Court no doubt
12 would have either ordered Midco to supplement the expert report or stricken the
13 expert. At this point, however, total exclusion seems too harsh a remedy, given
14 that Elekta received adequate notice of Dr. Ommaya's anticipated expert testimony
15 2 years ago. Furthermore, monetary penalties seem inappropriate, as many expert
16 reports in this case were supplemented by depositions. Dr. Ommaya's testimony
17 is limited to the issues addressed in his expert report, depositions, and
18 declarations.

19   Carl Degan
20       Elekta argues that Mr. Degan's expert testimony should be excluded, as it
21 fails to meet the standards for admissibility and reliability under Fed. R. Evid.
22 702. Specifically, Elekta argues that the testimony is not "based upon sufficient
23 facts or data," and that Mr. Degan's use of unrealistic assumptions is so egregious
24 that the testimony cannot be the "product of reliable principles and methods."
25 Furthermore, Elekta argues that Mr. Degan's expert opinion as to trade secret
26 damages is inadmissible because Mr. Degan has not "applied the principles and
27 methods reliably to the facts of the case" (specifically, Mr. Degan does not take
28 into account the Court's recent order restricting the trade secrets case to a single

ORDER ON MOTIONS IN LIMINE * 13

trade secret).

The Court agrees with the court in *Daubert* and the Advisory Committee that "[v]igerous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Fed. R. Evid. 702, advisory committee notes. Any perceived weakness with Mr. Degan's testimony is left to the adversarial process.

Finally, Elekta argues that Mr. Degan's testimony should be excluded, as the expert report was not submitted on time. This argument is similar to the arguments regarding Mr. Degan in Defendants' Second Motion, and is rejected for the same reasons that it was rejected there (the tardiness of the expert report was both substantially justified and harmless).

Steven Smith

Elekta argues that Dr. Smith's expert report fails to meet the minimum requirements of Fed. R. Civ. P. 26, and that his testimony does not meet the reliability requirements of Fed. R. Evid. 702. Elekta's objections to Dr. Smith's expected testimony do not have the required specificity for an in limine decision, and the Court finds that these are better considered on a case-by-case basis at trial.

Dr. Tyrone Hardy

Although Midco has not yet attempted to qualify Dr. Tyrone Hardy as an expert witness, and has not evidenced an intent to have him testify as an expert, Elekta believes that Midco plans for Dr. Tyrone Hardy to give expert testimony. It is clear that he was deposed at length and can testify about his invention and related issues that involve his expertise as the inventor. Many of Elekta's objections to Dr. Tyrone Hardy's expected testimony do not have the required specificity for an in limine decision, and the Court finds that these are better considered on a case-by-case basis at trial. To the extent that they are specific, Elekta's objections to Dr. Tyrone Hardy's expected testimony are best resolved

ORDER ON MOTIONS IN LIMINE * 14

1  through the adversary process of vigorous cross-examination and presentation of
2  contrary evidence. Regarding Dr. Tyrone Hardy, Midco's Tenth Motion in Limine
3  is denied subject to renewal at trial.

   Dr. George

   Elekta argues that Dr. George's expert testimony is barred because his expert report was filed late. Midco replies that the report was late because Elekta improperly withheld technical information. The Court can not yet determine the harm, if any, that Elekta suffered due to the untimeliness of the report. Elekta's motion is denied subject to renewal at trial.

   **Defendants' Eleventh Motion (Limiting Expert Testimony to Subject Previously Addressed)**

   This motion deals with whether the expected testimony of Plaintiff's witnesses corresponds with the previous disclosures of those witnesses. The rule is abundantly clear that testimony is limited to subjects previously addressed and topics identified in the witness list, so it is unclear what Elekta stands to gain through this motion--presumably only that if witnesses go outside of the lines they will be disobeying not only a rule of civil procedure but also an order of this Court. Any dispute that Elekta has about a Plaintiff's witness exceeding the permissible bounds of testimony is best handled when the witness testifies. The Court, thus, reserves ruling on this Motion; Elekta is instructed to raise any specific objections regarding this matter when specific witnesses testify, and the Court will rule at that time.

   **IT IS HEREBY ORDERED**

   1. Plaintiff's First Motion In Limine (Ct. Rec. 409) is granted in part and denied in part, as outlined above.

   2. Plaintiff's Second Motion In Limine (Ct. Rec. 410) is granted in part, as outlined above. The portion of this motion dealing with the '314 prior art exhibits is referred to Magistrate Judge Ruben Brooks for decision.

ORDER ON MOTIONS IN LIMINE * 15

3. Plaintiff's Third Motion In Limine (Ct. Rec. 411) is denied, subject to renewal at trial.

4. Plaintiff's Fourth Motion In Limine (Ct. Rec. 412) is referred to Magistrate Judge Brooks for decision.

5. Plaintiff's Fifth Motion In Limine (Ct. Rec. 413) is granted in part and denied in part, as outlined above. The portion of this motion dealing with "Failure to Disclose Commentary" is referred to Magistrate Judge Brooks for decision.

6. Defendants' First Motion In Limine (Ct. Rec. 397) is granted.

7. Defendants' Second Motion In Limine (Ct. Rec. 398) is granted in part and denied in part, as outlined above.

8. Defendants' Third Motion In Limine (Ct. Rec. 399) is referred to Magistrate Judge Brooks for decision.

9. Defendants' Fourth Motion In Limine (Ct. Rec. 400) is granted in part and denied in part, as outlined above.

10. Defendants' Fifth Motion In Limine (Ct. Rec. 401) is granted. All unpursued claims and counterclaims on the five patents listed in the Complaint are dismissed without prejudice.

11. The Court reserves ruling on Defendants' Sixth Motion In Limine (Ct. Rec. 402).

12. Defendants' Motions In Limine addressing Midco expert testimony (Ct. Rec. 403, 404, 405, 406) are granted, denied, or reserved, as outlined above.

//
//
//
//
//
//

ORDER ON MOTIONS IN LIMINE * 16

13. The Court reserves ruling on Defendants' Eleventh Motion In Limine (Ct. Rec. 407).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this _10_ day of January 2002.

_____
ROBERT H. WHALEY
United States District Judge

Q:\San Diego Cases\1997\midco.inlimine.ord.wpd

ORDER ON MOTIONS IN LIMINE * 17