**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 29, 2012

Writer's Direct Contact
415.268.7455
MJacobs@mofo.com

Hon. William Alsup
United States District Court, Northern District of California
450 Golden Gate Ave., Courtroom 8, 19th Floor
San Francisco, CA 94102

Re:   *Oracle America, Inc. v. Google, Inc.*, Case No. 3:10-cv-03561-WHA

Dear Judge Alsup:

Oracle respectfully requests leave to file a motion pursuant to Patent L.R. 3-6 to amend its infringement contentions and supplement its infringement report regarding Google's infringement of U.S. Pat. No. 6,910,205. The Court recently construed "at runtime" to mean "during execution of one or more virtual machine instructions." (Dkt. No. 704 at 9.) The phrase appears in the claim limitation "generating, at runtime, a new virtual machine instruction that represents or references one or more native instructions that can be executed instead of said first virtual machine instruction." No changes to Oracle's previously disclosed two theories of infringement are intended: Oracle seeks leave for Prof. Mitchell to supplement his patent infringement report to identify additional evidence that the accused Android software generates new virtual machine instructions during execution of one or more virtual machine instructions, according to the Court's claim construction.

Amendment of infringement contentions "may be made only by order of the Court upon a timely showing of good cause." Pat. L.R. 3-6. One circumstance that "may, absent undue prejudice to the non-moving party, support a finding of good cause" is "a claim construction by the Court different from that proposed by the party seeking amendment." *Id.*

pa-1511964

MORRISON | FOERSTER

Hon. William Alsup
February 29, 2012
Page Two

The Federal Circuit has recognized that claim construction can justify significant changes to litigants' contentions, even late in litigation:

> As a procedural matter, Asyst argues that the trial court abused its discretion by allowing Jenoptik to "assert new invalidity theories nearly ten years into the lawsuit." In particular, Asyst complains that the court should not have allowed Jenoptik to assert its invalidity defense based on Hesser at this stage of the litigation. Asyst argues that the delay was prejudicial because it had limited time to depose Jenoptik's expert regarding Hesser and because it could not amend its complaint to assert different claims based on the expert's report regarding Hesser. Jenoptik counters that on the second appeal this court "expanded the claim scope" and that "new prior art became potentially relevant to the validity of those claims." *See Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998).
>
> We hold that the district court did not abuse its discretion in concluding that the change in claim construction resulting from this court's decision on appeal "changed the rules of the game," *CellPro*, 152 F.3d at 1357, and that Jenoptik was therefore properly permitted to amend its defenses. Asyst has not made a sufficient showing to warrant reversal on this issue of case management, on which district courts enjoy broad discretion.

*Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1317 (Fed. Cir. 2008); *see also Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06 Civ. 5377 (CM)(THK), 2010 U.S. Dist. LEXIS 110313, at *11-12 (S.D.N.Y. Oct. 6, 2010) (declining to strike plaintiff's supplemental expert report disclosed 74 days after issuance of claim construction order).

Similarly, in the present case, there is good cause to amend because the Court's construction of "at runtime" gives the asserted claims of the '205 patent a different scope than they would have had under either party's proposal. This is not a case in which "[t]he risk of the construction rendered by the presiding judge was well known and anticipated by" the parties. *Sunpower Corp. Sys. v. Sunlink Corp.*, No. C-08-2807 SBA (EMC), 2009 U.S. Dist. LEXIS 85425, at *3-6 (N.D. Cal. June 12, 2009) (rejecting argument to amend on claim construction grounds but allowing amendment upon showing of diligence).

pa-1511964

MORRISON | FOERSTER

Hon. William Alsup
February 29, 2012
Page Three

The truth-seeking function of the upcoming trial would benefit from infringement testimony tailored to the claims as presently construed.  Prof. Mitchell's proposed supplementation, which concerns only one of Oracle's two disclosed infringement theories (the "inline" theory), identifies particular virtual machine instructions (*e.g.*, in Android's PackageManagerService and Installer classes) that are executing when Android's dexopt tool generates new virtual machine instructions (*e.g.*, through a call to optimizeMethod()), as was already explained in Oracle's infringement contentions and Prof. Mitchell's reports.  No change is proposed for the second infringement theory (the "JIT" theory).

Google will suffer no undue prejudice from Oracle's proposed amendment.  The focus of Oracle's infringement claim is not changing: the proposed supplementation is limited to additional evidence that further identifies what is happening when Android generates new virtual machine instructions.  The Court should give Google's non-infringement expert leave to submit a responsive report, on reciprocal terms.  Nor will Oracle's proposal delay trial.  Oracle's proposed supplemental contentions and report have already been served on Google, so Google could respond with its own contentions and report before the end of March, and the case would still be ready for an April trial.

Oracle submits that its proposal will allow each side to best tailor the presentation of evidence regarding infringement of the '205 patent to the Court's construction, which will improve jury comprehension of these technical issues.

Respectfully submitted,

/s/ Michael A. Jacobs

Michael A. Jacobs

pa-1511964