**KEKER & VAN NEST** LLP

**Robert Van Nest**
rvannest@kvn.com

March 2, 2012

**VIA E-FILING**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:   *Oracle America, Inc. v. Google Inc*., No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

Google opposes Oracle's eleventh-hour request for leave to inject a new infringement theory and submit a supplemental expert report with respect to the '205 patent.  (Dkt. No. 755.)  Oracle's position is unclear.  It first claims that "no changes" to its theories of infringement "are intended" but later notes that "no change is proposed for the second infringement theory" – implicitly conceding that the "first" theory will change.  In fact, Oracle's amended contentions and supplemental report represent a marked shift in its allegations.  As an excuse for this shift, Oracle points to the Court's recent construction.  That construction provides no basis to smuggle a completely new infringement theory into the case at this late stage.

Oracle's infringement theory as to the '205 patent has always been directed at the time when an application is *running*, which Oracle has argued includes the time when the application is loaded into memory upon launch.  Oracle alleged that the accused "dexopt" process replaces certain virtual machine instructions of an application while it is running in the Dalvik virtual machine.  Oracle now wants to assert for the first time a different infringement theory directed at the replacement of certain virtual machine instructions at the time when an application is first *installed* on a device.  That process could happen hours, days, or weeks before an application is actually executed in the Dalvik virtual machine.  Oracle further argues, again for the first time, that installation qualifies as "runtime" (as construed by this Court) because dexopt is allegedly

The Honorable William Alsup
March 2, 2012
Page 2

initially launched by some peripheral virtual machine instructions in the Android operating system (even though dexopt itself is native machine code and has no virtual machine instructions).  This new theory is a dramatic departure from Oracle's previous position and contradicts Oracle's earlier contentions, in support of which Oracle's expert argued in his report and at deposition that dexopt runs while an application is launched by a user.

Oracle cannot justify its failure to disclose this new theory during discovery.  Over a year ago, Google's Patent L.R. 4-2 disclosure included a proposed construction of "runtime" ("during execution of the virtual machine instructions") that is nearly identical to the Court's recent construction ("during execution of one or more virtual machine instructions").  Although the parties selected other terms for the initial *Markman* briefing, Oracle was well aware of Google's construction of "runtime" and chose to ignore it.  In the expert reports served over six months ago, Google's non-infringement expert report took into account both parties' proposed constructions of "runtime," yet Oracle's expert report (and reply report) never addressed Google's proposed construction, and never raised this new theory.  Indeed, Oracle withheld this new infringement theory against dexopt *until this week - over a month after* the Court issued its construction.  There is no merit to Oracle's feigned surprise by the Court's construction.

This Court has already properly stricken Oracle's prior, late-hour attempts to introduce new theories that it failed to disclose during discovery.  (*See* Dkt. Nos. 464; 512.)  The Patent Local Rules requires leave of Court based on good cause shown, which Oracle has not shown. *See* Patent L.R. 3–6.  As often explained by this Court, "[i]n contrast to the more liberal policy for amending pleadings, 'the philosophy behind amending claim charts is decidedly conservative, and designed to *prevent the shifting sands approach to claim construction*.'" *Kilopass Tech., Inc. v. Sidense Corp.*, No. 10-cv-02066, 2011 U.S. Dist. LEXIS 126837, at *3-4

The Honorable William Alsup
March 2, 2012
Page 3

(N.D. Cal. Nov. 2, 2011) (emphasis added) (quoting *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (quoting *Atmel Corp. v. Information Storage Devices, Inc.*, No. 95-cv-1987, 1998 U.S. Dist. LEXIS 17564 at *7 (N.D. Cal. Nov. 5, 1998))). "The patent local rules were 'designed to require parties to crystallize their theories of the case early in the litigation and to *adhere to those theories* once they have been disclosed.'" *Id*. (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006) (emphasis added) (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006))). Courts are determined to "ensure that litigants put all their cards on the table up front." *Atmel*, 1998 U.S. Dist. LEXIS 17564 at *7-8. If Oracle had multiple dexopt infringement theories, it should have disclosed all of them to Google long ago.

If, however, the Court grants Oracle leave to amend its contentions and introduce its new theory, it would necessarily implicate similar "install time" implementations in the prior art – including Sun's own Java platform, and publications by James Gosling, Stavros Macrakis, L.P. Deutsch & Allan M. Schiffman – that Google did not identify in response to Oracle's previous theory. Google prefers not to submit new invalidity contentions and expert reports at this stage, especially for claims found to be invalid in the PTO's recent Action Closing Prosecution on the '205 patent. However, Google should not be precluded from supplementing its invalidity contentions if Oracle is allowed to introduce new infringement theories. Google respectfully requests that Oracle's request be denied and, in the alternative, that Google be granted leave to supplement its invalidity contentions and expert reports in response.

Sincerely,

/s/ Robert A. Van Nest