MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC. <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **DECLARATION OF ANDREW TEMKIN REGARDING GOOGLE, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 750) AND ORACLE AMERICA, INC.'S FILINGS OF MARCH 6, 2012** <br><br> Dept.: Courtroom 9, 19th Floor <br> Judge: Honorable William H. Alsup |

I, ANDREW TEMKIN, declare as follows:

1. I am in-house counsel for Oracle America, Inc. ("Oracle"). My title is Corporate Counsel and I represent Oracle in the above-captioned matter.

2. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently as to the matters set forth herein.

3. I submit this omnibus declaration pursuant to Local Rule 79-5 in support of portions of Google, Inc.'s ("Google's") administrative motion to file under seal (Dkt. No. 750), as well as in support of Oracle America, Inc's ("Oracle's) administrative motions to file under seal certain papers submitted to the court on March 6, 2012.

4. **Google's Administrative Motion to File Under Seal (Dkt. No. 750).** I have reviewed Google's Reply In Support Of Motion to Strike Portions of Third Expert Report by Iain Cockburn and Expert Report by Steven Shugan ("Google's Reply"), the portions of that brief that Google redacted pursuant to the parties' protective order entered in this case and Local Rule 79-5, and the accompanying Declaration of Reid Mullen and its attached exhibits.

5. Oracle moves to seal the following material, which reflects portions of the deposition transcript and report of Oracle's damages expert, Prof. Iain M. Cockburn:

- Deposition pages 124:1–125:25, 155:1–25, 157:1–159:9, and 159:19–160:25 of Exhibit A to the Mullen declaration; and

- Material reflected on page 6, lines 6 through 7; page 8, lines 18 through 20; and all of the redactions on pages 9 through 10 of Google's Reply.

6. Those excerpts describe the value that Prof. Cockburn ascribes to certain of Oracle's patents and copyrighted code. Based upon my understanding and belief, Oracle has never before been called upon to put a precise value on Oracle's copyrighted source code, nor has it been called upon to analyze the relative value of each of Oracle's Java-related patent and the copyrights in a particular bundle of technology. Also, based on my understanding and belief, Oracle does not customarily value the myriad benefits to licensees that a license from Oracle would provide. Oracle's robust Java patent and copyright portfolio is an important bargaining element in negotiations over Java licensing with third parties, but, as Professor Cockburn noted, Oracle does not ordinary license the Java portfolio on a

patent-by-patent or a copyright-by-copyright basis, nor would it consider providing its negotiating counterparties with specific valuation information as to the relative value of the patents-in-suit or copyrights-in-suit or of benefits that flow from access to those patents and copyrights. Disclosure of this information would cause serious harm to Oracle by providing an unfair advantage to Oracle's negotiating counterparties.

7. Oracle also moves to seal the following portions of Exhibits B, C, D, and E to the Mullen Declaration, which reflect portions of deposition transcripts of certain Oracle engineers:

- Mullen Decl. **Exhibit B** (Plummer Deposition): Pages 5:11–12, 35:21–25, 36:1–41:25, 53:1–13, 54:10–54:25, 55:1–56:25, and 105:1–107:25.

- Mullen Decl. **Exhibit C** (Rose Deposition): Pages 7:6–9, 82:14–25, 83:1–84:25, 87:1– and 89:25.

- Mullen Decl. **Exhibit D** (Wong Deposition): Pages 87:1–90:25, 92:1–94:10, 95:4–97:25, 101:6–102:25, and 139:1:140:21.

- Mullen Decl. **Exhibit E** (Kessler Deposition): Pages 35:1–36:25, 42:1–44:25, 71:1 – 75:3, and 75:17–75:25

8. First, Oracle moves to seal those exhibits because they reveal the process and substance of the valuation exercise performed exclusively for this litigation. As described in paragraph 6 above, and as previously described in the First Temkin Declaration, it is my understanding and belief that Oracle has never before been called upon to analyze the relative value of each of Oracle's Java-related patent and the copyrights in a particular bundle of technology. Similarly, based upon my understanding and belief, Oracle does not customarily value the myriad benefits to licensees that a license from Oracle would provide, nor would it consider providing its negotiating counterparties with specific valuation information for particular patents. Disclosure of this information would cause serious harm to Oracle because it would provide an unfair advantage to Oracle's negotiating counterparties.

9. Second, the excerpts of the deposition transcripts contained in those exhibits reveal information regarding Oracle's internal investigation into Android's infringement of many of Oracle's patents. Internal infringement analyses are closely guarded secrets within Oracle; Oracle does not ordinarily disclose who analyzed competitors' products for infringement, how they went about that

analysis, or which patents they investigated. Disclosure of this information could cause substantial harm to Oracle in the context of future negotiations and litigations.

10. Additionally, Exhibit B, at transcript page 5:11–12, contains a personal home address, with street and number, of an Oracle employee. Exhibit C, at transcript page 7:6–9, contains a personal home address, with street and number, of an Oracle employee. Oracle does not ordinarily release the home addresses of its employees, and I understand that home addresses are often required to be filed under seal.

11. **Google's Opposition To, and Oracle's Reply In Support Of, Oracle's Motion to Strike Portions of the Supplemental Expert Report of Dr. Gregory K. Leonard.** I have reviewed Google's Opposition To, and Oracle's Reply In Support Of, Oracle America's Motion to Strike Portions of the Supplemental Expert Report of Dr. Gregory K. Leonard ("Leonard Opposition" and "Leonard Reply"). (*See* Dkt. No. 762 (Leonard Opposition); Dkt. No. 761 (Google's Administrative Motion to Seal).)

12. For the same reasons that Oracle moved to seal the material in its Motion to Strike Portions of the Supplemental Expert Report of Dr. Gregory K. Leonard, Oracle moves to seal certain information in the Leonard Opposition and the Leonard Reply to that motion that relates to Oracle's business strategy related to its acquisition of Sun Microsystems, Inc. ("Sun") and, especially, information about, and documents concerning, accounting valuation, financial analysis, and other extremely sensitive acquisition-related data. (*See* Dkt. No. 728, Declaration Of Andrew Temkin Regarding Google, Inc.'s Administrative Motion To File Under Seal (Dkt. No. 717) And Oracle America, Inc.'s Filings Of Feb. 24, 2012 at 3–4.)

13. In particular, Oracle moves to seal material reflected on pages 1–2 and 8–10 of the Leonard Opposition, Exhibit F to the Declaration of David Zimmer in Support of Google Inc.'s Opposition to Oracle America, Inc.'s Motion to Strike Portions of Gregory Leonard's Supplemental Expert Report. ("Zimmer Decl."), and material reflected on pages 1 and 7–9 of the Leonard Reply.

14. Based upon information and belief, Oracle does not ordinarily disclose accounting or acquisition-related information to the public, even after an acquisition has closed. Disclosure of Oracle's internal accounting and acquisition-related materials would reveal the Oracle's strategies and

3

projections regarding business growth and other contemporary plans related to Sun assets, compromise its data sources, and provide an unfair advantage to Oracle's competitors.

15.   In particular, third-party accounting documents should remain under seal, as I understand the Court has already held.  (*See* Dkt. Nos. 186, 203.)  The document submitted as Exhibit F to the Zimmer Decl. is an example of such a third-party accounting valuation document.  Similarly, the material reflected on pages 8–10 of the Leonard Opposition and pages 1 and 7–9 of the Leonard Reply reflect information from a third-party accounting valuation documents.  This information is highly sensitive, and is often subject to separate confidentiality agreements wherein Oracle promises not to release any such information without the third party's consent.  Based upon information and belief, such third-party accounting information is used by businesses to understand the market and obtain necessary inputs in developing new business strategies.  Failure to maintain the confidentiality of the information, which Oracle has promised those third parties it will protect, could possibly lead to their refusal to sell Oracle industry data in the future, and could cause competitive harm as Oracle's competitors learn the sensitive post acquisition accounting processes, which may impact Oracle's decision to enter into a multibillion-dollar merger and acquisition transaction.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 6, 2012 at Redwood Shores, California.

By:  */s/ Andrew C. Temkin*
ANDREW C. TEMKIN

4

TEMKIN DECL. ISO GOOGLE'S ADMIN. MOTION TO SEAL (DKT. 750) AND ORACLE'S 3/6/2012 FILINGS
CASE NO. CV 10-03561 WHA

ATTESTATION OF FILER

I, Steven C. Holtzman, have obtained Mr. Andrew C. Temkin's concurrence to file this document on his behalf.

Dated: March 6, 2012

BOIES, SCHILLER & FLEXNER LLP

By: */s/ Steven C. Holtzman*
　　Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.