MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S STATEMENT REGARDING PATENT REEXAMINATIONS**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1  Pursuant to the Court's Orders of February 24 and March 1, 2012, Oracle America, Inc.
2  hereby provides (1) a summary of the current status of the patent reexamination proceedings,
3  (2) Oracle's proposal for withdrawing the '720, '205, and '702 patents should those patents
4  continue to stand rejected at the time of a spring trial, and (3) a discussion of why the trial should
5  not be delayed to await further office action in the '104 patent reexamination.

## I. STATUS OF THE REEXAMINATIONS

As of today, the PTO has confirmed the patentability of the asserted claims of the '520 patent, tentatively rejected the asserted claims of the '104 patent, and issued final office actions rejecting the asserted claims of the '720, '205, and '702 patents:

| Patent No. (type of reexam) | Office Action | Oracle Response | Google Response | Final Office Action | Further Oracle Response | Asserted Claims Subject To Reexam | Status |
|---|---|---|---|---|---|---|---|
| 6,061,520 (ex parte) | 6/23/11 | 8/23/11 | n/a | n/a | n/a | All (1, 8, 12, 20) | **Claims Confirmed Patentable** |
| RE38,104 (ex parte) | 2/16/12 | 4/16/12 | n/a | | | All (11, 27, 29, 39, 40, 41) | **Claims Preliminarily Rejected** Further response from Oracle due on 4/16/12 |
| 7,426,720 (inter partes) | 5/5/11 | 7/5/11 | 8/4/11 | 11/18/11 | 12/19/11 | All (1, 6, 10, 19, 21, 22) | **Claims Rejected** Awaiting further PTO action |
| 6,910,205 (inter partes) | 8/19/11 | 10/19/11 | 11/18/11 | 2/16/12 | 3/16/12 | All (1, 2) | **Claims Rejected** Further response from Oracle due on 3/16/12 |
| 5,966,702 (ex parte) | 6/6/11 | 9/6/11 | n/a | 2/7/12 | 4/7/12 | All (1, 6, 7, 12, 13, 15, 16) | **Claims Rejected** Further response from Oracle due on 4/7/12 |

## II. ORACLE WILL WITHDRAW THE '720, '205, AND '702 PATENTS IF THEY REMAIN REJECTED AT THE TIME OF A SPRING TRIAL

The Court has asked Oracle to address whether it would be best to postpone trial until after final decisions by the PTO on administrative appeal, or alternatively whether Oracle will withdraw with prejudice the '720, '205, and '702 patents in light of the "final" office actions rejecting the asserted claims of those patents. Oracle's highest priority is to bring this case to trial as soon as possible, and within the time period recently suggested by the Court (mid-April to mid-June, 2012).

1    Accordingly, if the case goes to trial this spring, Oracle will withdraw from the litigation
2 with prejudice each claim of the '720, '205, and '702 patents asserted against Google that remains
3 rejected at the time of trial, and proceed with the copyright case, the '520 patent, the '104 patent,
4 and any asserted claims of the other three patents that are confirmed by the PTO. It would be
5 unjust to delay the trial of Oracle's '520 patent, '104 patent, and copyright claims any further.
6 Oracle's copyright claims are independent of the patent reexamination proceedings and ready for
7 trial. The '520 patent claims have been confirmed and are ready for trial, and, as discussed
8 below, it would be unreasonable to defer trial until there is some further action in the '104 patent
9 reexamination.

10   Notwithstanding its proposal to withdraw the claims of the '720, '205 and '702 patents
11 that remain rejected as of the time of a spring trial, Oracle notes that the reexaminations of these
12 patents have not yet reached final resolution at the examiner level. Oracle has filed a request for
13 reconsideration of the '720 patent rejections and is awaiting further action by the examiner.
14 Oracle expects to file requests for examiner reconsideration of the '205 and '702 patent
15 rejections, which are due on March 16 and April 7, respectively. Oracle has substantial
16 arguments supporting reconsideration, raising a credible prospect that one or more of the
17 rejections will be reversed by the examiners. Even if Oracle's requests for reconsideration are
18 denied, Oracle can appeal to the Board of Patent Appeals and Interferences, and then to the
19 Federal Circuit. The reexaminations of these patents are not "final" and it will take some time
20 before the PTO ends the reexaminations by issuing a reexamination certificate. Oracle reiterates
21 its objection to allowing information about these non-final reexaminations to be presented to the
22 jury at trial because it is more prejudicial than probative. (*See* ECF No. 498.)

23   Oracle acknowledges, however, that the Court has ruled otherwise, and will permit the
24 jury to learn of the examiner's rejections of the asserted claims of the '720, '205, and '702 patents
25 over Oracle's objections. Particularly given that in many cases the examiner declined to adopt
26 Google's theories of invalidity asserted in the litigation, evidence of the rejections is not
27 dispositive and does not relieve Google of its burden to prove invalidity by clear and convincing
28 evidence unless and until there is a reexamination certificate, which will likely take years.

Nevertheless, to achieve Oracle's goal of bringing this case to trial in the Court's suggested timeframe (mid-April to mid-June, 2012), Oracle will agree to withdraw with prejudice any of the '720, '205, and '702 patent claims asserted against Google in this litigation that remain rejected at that time. This approach will streamline the trial and reduce the burden on the jury.

And, in fairness and to further reduce the burden on the jury, the Court should encourage Google to withdraw with prejudice its invalidity defenses that failed in the reexaminations. Google's arguments against the '520 patent could not satisfy the much lower burden of proof in reexaminations. Now that the presumption of validity of the '520 patent has been enhanced by the reexamination result, Google will not be able to overcome it, and it does not make sense to spend time on such issues. Google should agree to streamline the trial by accepting its losses.

### III. THE CASE SHOULD NOT BE STAYED PENDING ISSUANCE OF A FINAL OFFICE ACTION IN THE '104 PATENT REEXAMINATION

The Court has asked the parties to address whether the trial should be delayed until a final office action has issued in the '104 patent reexamination. The trial should not be so delayed. First, a delay pending a further office action could extend a year or more. Oracle's response to the examiner's non-final office action is due on April 16, 2012. When the examiner might issue the next office action (which could be another non-final action) is speculative at best. The '104 reexamination has proceeded much more slowly than the other reexaminations. The PTO took eleven months to issue an initial non-final office action after ordering reexamination of the '104 patent, as opposed to two-and-a-half months for the '720 patent. There is no telling when there will be a final office action in the '104 reexamination (whether confirming or rejecting claims).

Second, Oracle has strong arguments supporting the validity of the '104 patent, and Oracle believes that the examiner will withdraw his non-final rejections. To be sure, this would strengthen Oracle's litigation position were trial to follow withdrawal of the rejections, but Oracle would prefer to present its case to the jury sooner, without that confirmation, than wait an indefinite period for it to come through. The following chart shows the examiner's preliminary rejections, all of which are based on two conclusions, only one of which resembles Google's invalidity theories in the litigation:

| '104 Claim | Google's Litigation Contentions | PTO Non-Final Rejections |
|---|---|---|
| 11 | Anticipated by *Gries* <br> Anticipated by *Chaitin* <br> Rendered Obvious by *Davidson/AT&T* <br> Improperly broadeded under § 251 | Anticipated by *Gries* <br> Rendered obvious by *Chaitin* |
| 27 | Anticipated by *Gries* <br> Rendered Obvious by *Davidson/AT&T* <br> Improperly broadeded under § 251 | Rendered obvious by *Chaitin* |
| 29 | Anticipated by *Gries* <br> Rendered Obvious by *Davidson/AT&T* <br> Improperly broadeded under § 251 | Rendered obvious by *Chaitin* |
| 39 | Anticipated by *Gries* <br> Rendered Obvious by *Davidson/AT&T* <br> Improperly broadeded under § 251 | Anticipated by *Gries* <br> Rendered obvious by *Chaitin* |
| 40 | Anticipated by *Gries* <br> Rendered Obvious by *Davidson/AT&T* <br> Improperly broadeded under § 251 | Anticipated by *Gries* <br> Rendered obvious by *Chaitin* |
| 41 | Anticipated by *Gries* <br> Rendered Obvious by *Davidson/AT&T* <br> Improperly broadeded under § 251 | Anticipated by *Gries* <br> Rendered obvious by *Chaitin* |

Oracle believes that the examiner's non-final rejections will be withdrawn in the next action. The anticipation rejections over the *Gries* textbook refer to a portion of the book that Google's expert testified at deposition did not disclose the claim limitations. In fact, *Gries* does not disclose anything not already disclosed in the "Background of the Invention" section of the '104 patent.

The examiner's rejection of the asserted claims as being rendered obvious by *Chaitin* violates basic tenets of the law of obviousness. *Chaitin* discloses an optimizing compiler that takes in source code and outputs native machine code for direct execution on a hardware processor. Nothing in *Chaitin* or the prior art would suggest *Chaitin*'s compiler should be so much altered that it instead accepts intermediate form object code, partially transforms it through symbolic reference resolution, and no longer generates native machine code, but instead executes the transformed intermediate form object code with a virtual machine or interpreter. The examiner's obviousness rejection will not stand because it is based on changing the principle of operation of *Chaitin* and rendering it unsatisfactory for its stated, intended purpose (generating efficient native machine code that "would be competitive with hand coded assembly language

whereby there would no longer be any significant incentive to do programming at the machine language level"). Incidentally, when ordered by the Court to identify its two best anticipation references, Google chose *Gries* and *Davidson/AT&T* (an obviousness combination) over *Chaitin*.

Third, as noted above, there is almost a complete mismatch between Google's litigation defenses and the PTO's non-final rejections. Essentially, the PTO has thrown out almost all of Google's invalidity contentions, thus strengthening Oracle's position in the litigation if and when Oracle demonstrates that the grounds preliminarily adopted by the examiner are unfounded. The examiner expressly stated that the *Chaitin* patent did not anticipate any claims of the '104 patent, and did not adopt Google's *Davidson/AT&T* or Section 251 arguments.

Fourth, fairness requires not waiting for further action in the '104 reexamination. Throughout this case, the Court required Oracle to narrow the claims for trial and bear the risk that the PTO would later confirm the patentability of claims that Oracle withdrew. That has, in fact, happened—the PTO confirmed the patentability of withdrawn Claims 8, 9, 17, and 18 of the '476 patent. The Court should likewise require Google to bear the risk of its reexamination choices. By waiting six months to request reexamination of the '104 patent, Google took the risk that the reexamination would not be sufficiently advanced by the time of trial. Google gambled and lost: the '104 reexamination has only inched along, whereas the case is ready for trial and has been for some time.

The best choice is to try the '104 patent this spring, along with the '520 patent and copyright case. Google may present its case for invalidity of the '520 patent, though, as noted above, the Court should encourage it not to because the '520 claims were confirmed over all of Google's invalidity arguments. Google may present its case for invalidity of the '104 patent, very little of which has anything to do with the non-final rejection in the reexamination. The parties are as ready to try the '104 patent as they are the '520 patent. It does not make sense to delay everything until some indeterminate future time when the examiner issues the next office action in the '104 reexamination, particularly because there is no guarantee that that action will be a final action. The Court should take advantage of the existing opportunity to try the case to final judgment in April-June 2012.

1  Dated: March 9, 2012                    MICHAEL A. JACOBS
                                           MARC DAVID PETERS
2                                          DANIEL P. MUINO
                                           MORRISON & FOERSTER LLP
3

4                                          By: /s/ Michael A. Jacobs

5                                              *Attorneys for Plaintiff*
                                               ORACLE AMERICA, INC.

ORACLE'S STATEMENT REGARDING PATENT REEXAMINATIONS
CASE NO. CV 10-03561 WHA
sf-3116048

6