ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendant
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**GOOGLE'S STATEMENT REGARDING RE-EXAMINATION PROCEEDINGS** |

The Court's February 24 Order (Dkt. No. 726) directed the parties to confer and submit a statement on the effect that the Patent and Trademark Office's rejections will have upon the shape of trial:

> By NOON ON MARCH 9, the parties shall submit a candid discussion of the impact these rejections will have on the shape of trial. Please discuss whether in light of the track record of final rejections, it is best to delay the trial to allow the single remaining non-final reexamination to run its course.

*Id*. On March 1, the Court entered a second Order (Dkt. No. 757) including specific questions that it wished the parties to address.

Oracle did not want to share with Google the positions it intended to take in its March 9 statement in advance of the deadline to file responses to the Court's Order. Google therefore files this separate statement. Google reserves the right to respond to Oracle's submission.

The Court has already considered and decided the issue of trial structure, concluding that a single, three-phase trial is the most practical way to try Oracle's patent, copyright and damages allegations. Google agrees. The phases help focus the disparate issues for a jury, while also providing an efficient way for that jury to efficiently consider evidence that is relevant to multiple phases.

The Court has also addressed the admissibility of the reexamination proceedings in light of Oracle's request for a jury instruction that the asserted patents enjoy a presumption of validity. Specifically, to give the jury a truthful accounting of the position of the PTO with regard to the invalidity of those patents, the Court has ruled that final rejections entered by the PTO will be admissible in both the liability and damages phase. (Dkt No. 676 at 4-5.)

Given the multiple final rejections by the PTO, a patent trial in its present form will require the Court, a jury, and dozens of witnesses to devote significant time and resources for little purpose. The only asserted patent to survive the reexamination process to date is the '520 patent; however, Oracle has attributed to this patent the least value of any of the seven patents originally asserted. (*See* Exhibit 18a to Iain Cockburn's Third Damages Report (ascribing to the '520 patent a *0.3%* apportionment percentage).) The '104 patent is the only other patent without a final rejection, but it currently stands rejected and a response from Oracle is due on April 16,

2012. Even if the jury was to conclude that the '104 patent is valid, Oracle has admittedly failed to mark with respect to that patent, which expires on December 12, 2012, so the potential damages period is relatively narrow and the propriety of an injunction questionable. Furthermore, any amendment to the asserted claims in the re-examination will eliminate past damages, leaving little to no remaining damages period given the impending expiration date. Finally, while Oracle may attempt to prolong the reexamination proceedings through lengthy appeals to the Board of Patent Appeals and the Federal Circuit, it is unlikely to overcome the examiners' rejections.[1] Proceeding to trial on these patents therefore would be a waste of jury, judicial and party resources.

In view of the foregoing, and presuming Oracle is intent on pursuing patent claims that stand finally rejected in reexamination, Google proposes that the trial proceed no sooner than the fall. This plan is consistent with the Court's suggestion at the December 21, 2011 pre-trial conference. It would also allow time for the single remaining non-final reexamination proceeding on the '104 patent to proceed to a final rejection, an amendment of the claims (thereby eliminating past damages and giving rise to intervening rights), or a confirmation of patentability. Based on the progress of other reexaminations, Google expects that a final rejection is likely to issue in summer 2012—and possibly sooner if Oracle does not delay until the last possible day its response to the current Office Action rejecting all of the asserted claims of the '104 patent.

In response to the questions posed by the Court in its Supplemental Order on March 1 (Dkt. No. 757), Google believes that Oracle should irrevocably withdraw with prejudice the '720, '702, '205 patents. In addition, as set forth above, Google believes that trial should not begin until at least after the PTO examiner has concluded his consideration of the '104 patent.

Accordingly, Google believes that the Court should not commence trial until at least the fall while the '104 patent continues to proceed through the PTO. In the interim, the Court can

---

[1] For fiscal year 2011, between September 1, 2010 and September 30, 2011, the Board of Patent Appeals reversed only 17% of reexamination decisions. 57% were affirmed, and 25% were affirmed in part. *See* http://www.uspto.gov/ip/boards/bpai/stats/receipts/fy2011_sep_e.jsp (providing statistics for Technology Center 3900, which handles reexaminations).

focus its attention on preparing other issues in the case for trial, including the copyright issues, the damages issues, and the work of the independent damages expert.

DATED:  March 9, 2012                **KEKER & VAN NEST, LLP**

By:  /s/ Robert A. Van Nest

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice)*
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

ATTORNEYS FOR DEFENDANT
GOOGLE INC.