1   MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)

2   mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)

3   mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)

4   dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018

5   Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

6   BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)

7   dboies@bsfllp.com
333 Main Street, Armonk, NY  10504

8   Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)

9   sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612

10   Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

11   ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)

12   dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)

13   deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)

14   matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065

15   Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

16   *Attorneys for Plaintiff*
ORACLE AMERICA, INC.

17

18   UNITED STATES DISTRICT COURT

19   NORTHERN DISTRICT OF CALIFORNIA

20   SAN FRANCISCO DIVISION

| | |
|---|---|
| 21  ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| 22         Plaintiff, | **ORACLE AMERICA, INC.'S MOTION TO AMEND '205 PATENT** |
| 23     v. | **INFRINGEMENT CONTENTIONS AND SUPPLEMENT EXPERT** |
| 24  GOOGLE INC. | **REPORTS** |
| 25         Defendant. | Dept:   Courtroom 8, 19th Floor |
| 26 | Judge:  Honorable William H. Alsup |

27

28

1

## I.     INTRODUCTION

Pursuant to Patent Local Rule 3-6 and the Court's March 7, 2012 Order granting leave (ECF No. 774), Oracle moves to amend its Infringement Contentions ("ICs") and supplement Professor Mitchell's patent infringement reports in light of the Court's recent construction of the phrase "at runtime" in claim 1 of the U.S. Patent No. 6,910,205 ("'205 patent").

In the original ICs, Oracle disclosed its infringement theory that Android's dexopt tool infringes the asserted claims of the '205 patent.  By reference to the dexopt source code and documentation, Oracle identified the particular dexopt functions that generate a new virtual machine instruction at runtime in accordance with the language of Claim 1.  Prof. Mitchell discussed that infringement theory at length in his original reports.

The Court construed "at runtime" to mean "during execution of one or more virtual machine instructions."  Oracle seeks to add two paragraphs to its infringement contentions to identify the specific virtual machine instructions that are executing when the previously identified dexopt functions generate new virtual machine instructions.  By this amendment, Oracle is not altering its infringement theory.  The Android code accused of satisfying the claim limitation is the same before and after the proposed supplementation.  Because Oracle is not advancing any new infringement theory, and there is time for this supplementation, the proposed addition will not prejudice Google.

Oracle recognizes that this motion may become moot, because Oracle has proposed to withdraw with prejudice the asserted claims of the '205 patent that remain rejected at the time of trial if this case goes forward with trial this spring.  (ECF No. 777 at 2.)  However, if the case does not proceed with a spring trial, the Court should permit Oracle to amend its infringement contentions because there would be ample time before trial and because the jury would benefit from infringement testimony that is focused on the Court's recent construction.  Thus, the Court should allow Oracle to provide additional evidence that the Android dexopt tool performs the recited functions of the asserted claims "at runtime."

ORACLE'S MTN TO AMEND '205 PATENT INFRINGEMENT CONTENTIONS & SUPPLEMENT EXPERT REPORTS
CASE NO. CV 10-03561 WHA
pa-1516461

1

## II.    FACTUAL BACKGROUND

The '205 patent is directed to increasing execution speed by replacing bytecode with instructions to access faster native code.  (*See* ECF No. 704 ("Supp. Claim Construction Order") at 5.)  Claim 1 of the '205 patent is as follows:

> 1. In a computer system, a method for increasing the execution speed of virtual machine instructions at runtime, the method comprising:
>
> receiving a first virtual machine instruction;
>
> generating, *at runtime*, a new virtual machine instruction that represents or references one or more native instructions that can be executed instead of said first virtual machine instruction; and
>
> executing said new virtual machine instruction instead of said first virtual machine instruction.

'205, 13:43-52 (emphasis added).

The Court and the parties carried out the Patent Local Rules' claim construction process in early 2011.  Pursuant to the rules and Court order, the parties selected six terms for construction. (ECF No. 91.)  Google did not select the phrase "at runtime"—indeed, it was not one of the top ten terms "believed to be most significant to the resolution of this case" or identified as dispositive.  (*Id.* at 2.)  The Court held a hearing in April 2011 and issued its claim construction order on May 9, 2011.  (ECF No. 137.)

On November 8, 2011, the Court ordered the parties to identify any additional terms they contended required construction.  (ECF No. 603.)  Google selected "at runtime" from the '205 patent as one of three terms for special construction.  (ECF No. 637.)  Oracle argued that "at runtime" did not require any special construction because the phrase has its ordinary meaning of "during execution of the virtual machine."  (*See* Supp. Claim Construction Order at 7.)  Google argued that "at runtime" meant "during execution of the virtual machine instructions."  (*Id.*)  On January 25, 2012, the Court rejected both parties' proposed constructions, holding that Oracle's proposal was too broad and Google's proposal was ambiguous.  The Court instead construed "at runtime" to mean "during execution of one or more virtual machine instructions."  (*Id.* at 9.)

The Court's construction gave "at runtime" a different scope from that proposed by either party.  Oracle reviewed its ICs and reports and concluded that a more specific identification was

ORACLE'S MTN TO AMEND '205 PATENT INFRINGEMENT CONTENTIONS & SUPPLEMENT EXPERT REPORTS
CASE NO. CV 10-03561 WHA
pa-1516461

2

1   required of which "one or more virtual machine instructions" are executing when Android's

2   dexopt generates new virtual machine instructions in the manner already disclosed in the original

3   ICs.  Accordingly, Oracle prepared proposed supplemental infringement contentions and a

4   supplemental infringement report, and provided them to Google on February 27, 2012, asking if

5   Google would oppose a motion to amend.  (Declaration of Marc Peters in Support of Oracle

6   America, Inc.'s Motion to Amend Infringement Contentions and Supplement Expert Report

7   ("Peters Decl.") ¶ 1.)  On February 29, 2012, Google indicated that it would oppose such a

8   motion.  (*Id.* ¶ 2.)  Oracle requested leave to move to amend the ICs and supplement its

9   infringement reports.  (ECF No. 755.)  The Court granted leave on March 7, 2012.  (ECF No.

10  774.)  This motion follows.

11      For the Court's convenience, instead of submitting both the original and proposed

12  amended ICs, Oracle has submitted a single document indicating the amendments Oracle

13  proposes to make to the April 1, 2011 ICs.  (Peters Decl. Ex. A.)  The proposed supplemental

14  infringement report from Prof. Mitchell has been submitted as well.  (Peters Decl. Ex. B.)

15  ### III.      LEGAL STANDARD

16      Patent Local Rule 3-6(a) permits a party to amend its contentions upon a "timely showing

17  of good cause."  A party can show good cause to amend when the Court has construed the claim

18  differently from the party's proposal:

19      Amendment of the Infringement Contentions or the Invalidity Contentions may be
20      made only by order of the Court upon a timely showing of good cause. Non-
        exhaustive examples of circumstances that may, absent undue prejudice to the
21      non-moving party, support a finding of good cause include:

22      (a) A claim construction by the Court different from that proposed by the party
        seeking amendment . . . .

23  Pat. L.R. 3-6(a).  The Federal Circuit has recognized that a change in claim construction justifies

24  amending contentions:

25      We hold that the district court did not abuse its discretion in concluding that the
        change in claim construction resulting from this court's decision on appeal
26      "changed the rules of the game," *CellPro*, 152 F.3d at 1357, and that Jenoptik was
        therefore properly permitted to amend its defenses.

27

28

3

1  *Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1317 (Fed. Cir. 2008) (affirming district court's

2  decision to allow defendant to amend contentions after Federal Circuit changed claim

3  construction).

4  **IV.   ARGUMENT**

5  **A.   Oracle Has Good Cause to Amend Infringement Contentions**

6  Oracle has good cause to amend its ICs and supplement Prof. Mitchell's infringement

7  report, because the Court's claim construction of the phrase "at runtime" was different from either

8  party's proposal and was not anticipated by them.  The Court rejected Oracle's argument that "at

9  runtime" only required the virtual machine to be up and running.  (*See* Supp. Claim Construction

10  Order at 7-9.)  Similarly, the Court rejected Google's proposed construction that "at runtime"

11  means "during execution of *the* virtual machine instructions."  (*Id.* at 9.)  As the Court held,

12  Google's proposed definition was ambiguous as to which virtual machine instructions the definite

13  article was referring:

14  > The reference could not have been to the first virtual machine instructions because
15  > those instructions may never have been executed.  And referring to the new virtual
   > machine instructions would be illogical because those instructions are executed at
16  > a *later* step in the claimed method.  This order finds that a definite article is
   > unnecessary and confusing.

17  (*Id.*)

18  The Court squarely rejected any requirement that "at runtime" was limited to the

19  execution of either the first virtual machine instructions (the instructions being optimized for

20  increased execution speed) or the new virtual machine instructions (the optimized instructions

21  generated in the second step of the claim).  One or the other (perhaps both) seemed to be how

22  Google was interpreting its own ambiguous proposal.  (*See* ECF No. 647 at 8 ("Google's

23  proposed construction . . . makes it clear that 'runtime' is during the execution of the virtual

24  machine instructions that are referenced throughout the claim.").)  Google's expert David August

25  opined in his report that Android's dexopt does not infringe the asserted claims of the '205 patent

26  because "dexopt exits *before* the Dalvik virtual machine actually executes the processed virtual

27  machine instructions."  (Peters Decl. Ex. C at 58-59.)  But because the "processed" virtual

28  machine instructions output by dexopt include the new virtual machine instructions, Prof.

ORACLE'S MTN TO AMEND '205 PATENT INFRINGEMENT CONTENTIONS & SUPPLEMENT EXPERT REPORTS
CASE NO. CV 10-03561 WHA
pa-1516461

4

1   August's opinion depends on a construction of "runtime" that the Court held was "illogical."

2   Prof. August never addresses the question whether dexopt runs during the execution of "one or

3   more" virtual machine instructions.

4        The Court's construction is broader than and anything but "nearly identical" to Google's

5   proposed claim construction.  In fact, despite representing that adoption of Google's proposed

6   construction would be likely dispositive of infringement under the inline substitution theory,

7   Google has not sought leave to move for summary judgment of non-infringement under the

8   Court's construction.  (*See* ECF No. 647 at 9 ("Adoption of Google's proposed construction is

9   likely to be dispositive with respect to at least the dexopt theory because the dexopt program does

10  not 'generate . . . a new virtual machine instruction' at runtime – *i.e.*, during execution of the

11  virtual machine instructions.").)  Google's inaction reinforces that the Court's construction is

12  different from Google's proposal.

13       Good cause to amend can be shown when there is "[a] claim construction by the Court

14  different from that proposed by the party seeking amendment . . . ."  Pat. L.R. 3-6(a).  But

15  amendment is justified not only because the Court's construction was different from Oracle's

16  proposal, but also because it was different from ***both*** parties' proposed constructions.  The

17  Court's construction was unexpected.  This is not like a case where "[t]he risk of the construction

18  rendered by the presiding judge was well known and anticipated" by the parties.  *Sunpower Corp.*

19  *Sys. v. Sunlink Corp.*, No. C-08-2807 SBA (EMC), 2009 U.S. Dist. LEXIS 85425, at *3 (N.D.

20  Cal. June 12, 2009).

21       Good cause also exists because Oracle acted with diligence in preparing the proposed

22  amendments and providing them to Google.  Oracle served the proposed amended ICs and

23  supplemental infringement report about a month after this Court issued its Supplemental Claim

24  Construction Order.  *See, e.g.*, *Acer, Inc. v. Tech. Props. Ltd.*, Nos. 5:08-cv-00877, -00882, -

25  05398 JF/HRL, 2011 U.S. Dist. LEXIS 55774, at *10-13 (N.D. Cal. May 13, 2011) (finding

26  diligence where patentee served its proposed amended contentions for reexamined claims

27  approximately one month after Notice of Intent to Issue Reexamination Certificate issued).  And

28  Oracle promptly sought leave to file this motion after learning Google would oppose it.  Oracle

ORACLE'S MTN TO AMEND '205 PATENT INFRINGEMENT CONTENTIONS & SUPPLEMENT EXPERT REPORTS
CASE NO. CV 10-03561 WHA
pa-1516461

5

1  analyzed the Court's claim construction with Professor Mitchell's assistance and provided a

2  supplemental report in a timely manner.  *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06

3  Civ. 5377 (CM) (THK), 2010 U.S. Dist. LEXIS 110313, at *11-12 (S.D.N.Y. Oct. 6, 2010)

4  (allowing plaintiff's expert to disclose revised infringement theory seventy-four days after

5  issuance of claim construction order because expert "needed some time to digest the court's

6  rulings and revisit the file wrapper").  Accordingly, good cause exists for allowing Oracle to

7  amend the ICs and supplement the infringement reports.

8  **B.      Oracle's Amendments Will Not Unduly Prejudice Google**

9          The proposed amendment will not unduly prejudice Google for two reasons.  First, it does

10  not change the infringement theory; it only identifies additional evidence to support the same

11  theory.  Oracle's limited amendment to its infringement contentions does not create any need for

12  Google to change its invalidity theories.  Second, Google has sufficient time to respond to the

13  proposed amendment, particularly if the trial is held in the fall.

14  **1.      Amendments Do Not Change Oracle's Infringement Theory**

15          Because Oracle seeks only to provide additional evidence to support the same

16  infringement theory it has asserted since December 2010, the proposed amendments will not

17  prejudice Google.  In its ICs, Oracle has consistently contended that one of the ways Android

18  infringes the asserted claims of the '205 patent is when dexopt optimizes the classes in a Dalvik

19  executable ("DEX") file.  For example, the ICs quote Google documentation entitled "Dalvik

20  Optimization and Verification With *dexopt*," which states that dexopt "[r]eplace[s] a handful of

21  high-volume calls, like String.length(), with 'inline' replacements."  (Peters Decl. Ex. A at 7.)

22  Statements like these, as well as the implementing code, support Oracle's theory that dexopt's

23  inline substitution functionality infringes the asserted claims.

24          Oracle's ICs identify how Android's dexopt performs the steps of Claim 1.  (*Id.* at 2-22.)

25  The ICs identify the DexOptimize.c Android source code file, which includes the optimizeClass()

26  and optimizeMethod() functions that receive and optimize the virtual machine instructions in a

27  given class and method.  (*Id.* at 10.)  The ICs show how optimizeMethod() in turn calls the

28  rewriteExecuteInlineRange() function for certain virtual machine instructions to determine

ORACLE'S MTN TO AMEND '205 PATENT INFRINGEMENT CONTENTIONS & SUPPLEMENT EXPERT REPORTS
CASE NO. CV 10-03561 WHA
pa-1516461

6

1   whether those instructions can be rewritten.  (*Id.* at 11-13.)  Whenever possible, the identified

2   rewriteExecuteInlineRange() function generates a new virtual machine instruction, with

3   OP_EXECUTE_INLINE_RANGE as the new opcode.  (*Id.* at 13-14.)  The instruction includes

4   an index to the native code.  (*Id.*)  Thus, Oracle's ICs explain how dexopt performs the step of

5   "generating, at runtime, a new virtual machine instruction that represents or references one or

6   more native instructions that can be executed instead of said first virtual machine instruction."

7         Oracle's ICs include evidence that dexopt runs at runtime.  Dexopt's documentation state

8   that "[s]ome of these [the optimizations performed by dexopt] require information only available

9   at runtime."  (*Id.* at 7.)  For an Android phone, the ICs identify that dexopt may be run by the

10  installer (the Android installer is an Android application) or in a "just-in-time" fashion on a

11  development phone:

12        The system tries to pre-verify all classes in a DEX file to reduce class load
          overhead, and performs a series of optimizations to improve runtime performance.
13        Both of these are done by the dexopt command, either in the build system or by the
          *installer.*  On a development device, dexopt may be run *the first time a DEX file is*
14        *used and whenever it or one of its dependencies is updated* ("just-in-time"
          optimization and verification).
15
16  (Peters Decl. Ex. A at 8, 13 (emphasis added).)

17        Oracle's proposed amendment does not change this theory.  The only substantive change

18  is the addition of two paragraphs to the claim charts for the "generating, at runtime" element.  (*Id.*

19  at 19-20.)  The other changes are two corrections of typographical errors and an update to the

20  prefatory remarks to reflect the state of fact discovery after it closed in August 2011.  Other than

21  that, the proposed amendment does not change any of the quoted source code or the

22  accompanying explanations.

23        The two paragraphs that Oracle seeks to add to address the Court's construction of "at

24  runtime" identify the specific Android installer virtual machine code that is executing when

25  dexopt generates new virtual machine instructions.  The proposed amendment identifies the

26  Installer.java and PackageManagerService.java source code files as containing the dexopt()

27  method and performDexOptLI() method, respectively, that cause dexopt to run when an

28  application is being installed.  (*Id.* at 19-20.)  Because PackageManagerService.java and

1   Installer.java classes are written in the Java programming language, both classes are compiled to

2   virtual machine instructions for execution.  Therefore, the entire dexopt process occurs during the

3   execution of the virtual machine instructions of these two classes.  The proposed additions to the

4   ICs merely identify that these specific virtual machine instructions are executing when dexopt

5   performs the generating step by calling the functions in DexOptimize.c, including

6   optimizeClass(), optimizeMethod(), and rewriteExecuteInlineRange().

7       Prof. Mitchell's supplemental report discusses this evidence in detail.  It traces how the

8   performDexOptLI() method of the PackageManagerService class invokes the dexopt() method of

9   the Installer class, which is responsible for running dexopt.  (Peters Decl. Ex. B at 8-10.)  It

10  quotes from the referenced PackageManagerService and Installer source code to clarify which

11  virtual machine instructions are executing during the dexopt process.  (*Id.* at 8-14.)  Like the ICs,

12  the supplemental report does not change the infringement theory—it only discusses additional

13  evidence to specifically address the Court's construction of "at runtime."

14              **2.    Google Has Sufficient Time to Respond to Amendments**

15      Google would not be unduly prejudiced by this amendment, because there is sufficient

16  time for Google and its '205 patent noninfringement expert Prof. August to prepare a short

17  responsive report addressing Oracle's additional evidence.  Google has had Oracle's proposed

18  supplementations since February 27, 2012.  Google could provide a supplemental report by the

19  end of March—so Google would have more time to respond than Oracle took to prepare the

20  supplement—and the case would still be ready for a spring trial.  If the Court decides not to try

21  the case in the spring, which is likely the only scenario in which the supplementations would be

22  relevant, then there is definitely no question of there being enough time for the parties to address

23  the effect of the Court's construction of "at runtime" on infringement.  Thus granting leave to

24  amend will not unduly prejudice Google.

25      **V.    CONCLUSION**

26      For the foregoing reasons, Oracle respectfully asks this Court to allow Oracle to amend its

27  ICs and supplement its infringement reports in light of the Court's construction of the phrase "at

28  runtime" in claim 1 of the '205 patent.

1

2   Dated: March 12, 2012                    MICHAEL A. JACOBS
                                              MARC DAVID PETERS
3                                             DANIEL P. MUINO
                                              MORRISON & FOERSTER LLP
4

5                                             By:   /s/ Michael A. Jacobs

6                                                   *Attorneys for Plaintiff*
                                                    ORACLE AMERICA, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28