# FARELLA BRAUN + MARTEL LLP
Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

JOHN L. COOPER
jcooper@fbm.com
D 415.954.4410

March 13, 2012

The Honorable William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Oracle America, Inc. v. Google Inc.*, No. 3:10-CV-03561-WHA (N.D. Cal.)

Dear Judge Alsup:

I write on behalf of Dr. James Kearl. The purpose of this letter is to respond to the Court's Request and Notice, issued at noon today, ordering Dr. Kearl to release his expert damages report to the parties by noon tomorrow. (Dkt. 787) The Court indicates that this request is based on its assumption that the report is finished "as represented at the March 7 hearing."

We fear that there has been a misunderstanding. At the March 7 hearing, Dr. Kearl represented, through his undersigned counsel, that he would be ready for trial in mid-April, ready for a deposition at the end of March and his report would critique the positions of the parties' experts. He did not intend to represent—and does not believe that he did represent—that his report was then completed. It was not. In addition, on March 7, shortly after the hearing, the Court issued a Notice to Dr. Kearl advising that he "should *wait to finish his report* and not release it until further order from this Court." (Dkt. 776. Emphasis added.) Dr. Kearl interpreted this statement to be a recognition that his report was not done and he should wait to



finish his report until directed by the Court. Accordingly, Dr. Kearl did not work to complete his report between March 7 and today.

In a separate Order also issued today, the Court granted in part Google's Daubert Motion to exclude Dr. Cockburn's Third Report. (Dkt. 785.) Dr. Kearl is still digesting this Order, but notes that the Court excludes significant portions of Professor Cockburn's analyses and opinions, including the "Econometric" analysis, most of the "Conjoint" analysis, the entirety of the "Independent Significance" approach, and portions of the "Group and Value" approach. The Order also appears to set the total value of the copyrights-in-suit and 569 patents in Sun's Java mobile patent portfolio at $561 million, and to limit the patents-in-suit to the '520 and '104 patents.

The Court's January 9 Directive ordered that Dr. Kearl's report "be limited strictly to the matters left standing by motion practice." (Dkt. 686.) Today's Order on Dr. Cockburn's Third Report thus substantially impacts Dr. Kearl's analyses and opinions as they are currently constituted, and requires him to significantly revise his approach, opinions, and report. Dr. Kearl was prepared to critique the econometric and conjoint analyses, and intended to opine on both in his report. Dr. Kearl also intended to rely on corrected econometric and conjoint analyses in his own apportionment work. Today's order precludes him from using his own corrected econometric and conjoint analyses, which use data from Professor Cockburn's econometric analysis and Prof Shugan's conjoint analysis. Dr. Kearl will therefore need to turn to Dr. Cockburn's group-and-value approach for his own apportionment work. Dr. Kearl intends to do this as quickly as possible, but even working non-stop, will require an additional week to



complete his work. Dr. Kearl regrets that he cannot complete his report by noon tomorrow, and respectfully requests that the Court allow him until 5:00 p.m. on Wednesday, March 21, to release his completed report.

I have consulted with Steven Holtzman of Boies, Schiller & Flexner LLP, counsel for Oracle, and Daniel Purcell of Keker & Van Nest LLP, counsel for Google, regarding this request. I am authorized to inform the court that the parties agree to the following schedule: Dr. Kearl report: March 21 (7 day extension); Dr. Kearl deposition: by March 28 (5 day extension); any challenges: April 2 (3 day extension); Oppositions: April 6 (1 day extension); Hearing (if needed): April 9 (as ordered).

In addition, to the degree permissible, Dr. Kearl would appreciate clarification from the Court on an issue raised by the Order (Dkt. 785.) on Dr. Cockburn's Third Report, which would streamline Dr. Kearl's preparation of his report: On page 11, the Court states, "Accordingly, $561 million shall be the total value of the copyrights in suit and 569 patents in Sun's Java mobile patent portfolio." Drs. Leonard and Cox argue that the value of the copyrights-in-suit and 569 patents in Sun's Java mobile patent portfolio (the "portfolio") is lower than this amount. Dr. Kearl respectfully requests clarification as to whether the Court means that Professor Cockburn cannot argue that the portfolio is worth more than $561 million, or that no expert can argue that the portfolio is worth anything other than $561 million?

Sincerely yours,

John L. Cooper /gmg

John L. Cooper

JLC:gmg