ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**GOOGLE'S RESPONSE IN OPPOSITION TO ORACLE'S MOTION TO AMEND '205 PATENT INFRINGEMENT CONTENTIONS AND SUPPLEMENT EXPERT REPORTS** |

Oracle's Motion to Amend Infringement Contentions for the '205 patent ("Motion," Dkt. No. 782) is now moot in view of the Court's Order setting a date for trial and Oracle's offer to dismiss with prejudice the '205, '702, and '720 patents.  (Dkt. No. 786.)  Oracle has acknowledged that its Motion would be moot if trial goes forward in the spring.  (Motion at 1.) And the Court has now scheduled trial for the spring.  (Dkt No. 786.)  Google therefore suggests that Oracle withdraw its motion, or that the Court deny it as moot.  In any event, pursuant to the Court's Order for Google to respond to Oracle's Motion on March 16 (Dkt. No. 774), Google hereby responds to the Motion.

## I. ORACLE'S AMENDMENT IMPROPERLY INTRODUCES A NEW INFRINGEMENT THEORY ON THE EVE OF TRIAL

As summarized in Google's opposition to Oracle's Précis letter in this dispute (Dkt. No. 758), Oracle's infringement theory as to the '205 patent has always been directed at the time when an application is *running* in the Dalvik virtual machine, whereas Oracle now wants to assert an infringement theory directed at the replacement of certain virtual machine instructions at the time when an application is first *installed* on a device.

The crux of the issue is that Oracle has mistakenly asserted throughout this case that the accused dexopt functionality is part of the Dalvik virtual machine and operates when applications are executed, but now realizes that its infringement theory is inherently flawed – dexopt is an independent process in Android that *optimizes* an application's virtual machine instructions distinctly before the time when the Dalvik virtual machine *executes* that application's virtual machine instructions.  In other words, Oracle finally recognizes that dexopt does not optimize an application that is running in the Dalvik virtual machine, but rather at "install time," *i.e.,* when an application is first installed on a device.  Now, on the eve of trial, Oracle is attempting to use the Court's construction of "runtime" from over a month ago as an excuse to inject a different theory into the case in order to correct this fatal error in its infringement contentions (as well as in the report and deposition testimony of its expert). Specifically, Oracle now seeks permission to allege – for the first time – that the install time implementation of dexopt infringes the '205 patent.

In an unsolicited reply to Google's opposition letter, Oracle accused Google of making "misleading or false characterizations," and protested that "Oracle's infringement theory has always been directed to the time *when Android's dexopt is running*." (Dkt. No. 765 at 1 (emphasis added).) But Oracle's new argument that its "runtime" infringement theory relates to "when Android's dexopt is running" (which Oracle now recognizes occurs *at* install time) directly contradicts its own claim chart, which alleges that "runtime" occurs when optimized virtual machine instructions are being executed by the Dalvik virtual machine (*i.e.,* when an application is running, *after* install time). (*See* Ex. A to Peters Decl. (Dkt. No. 783) at 2 ("Android uses the Dalvik virtual machine to execute virtual machine bytecode instructions at runtime. The Dalvik virtual machine performs and runs code resulting from certain optimizations to increase the execution speed of virtual machine instructions at runtime").)

Oracle's newfound assertion that "runtime" equates with dexopt operating independently at install time also contradicts repeated statements by its own infringement expert, Dr. Mitchell. His expert report states that "[t]he dexopt component that *runs in the Dalvik virtual machine* loads virtual machine instructions into the virtual machine" (Ex.A, Expert Report of Dr. Mitchell at ¶ 397 (emphasis added).)[1] Dr. Mitchell further explains that "Android uses the Dalvik virtual machine to execute virtual machine bytecode instructions at runtime," reiterating that "[t]he Dalvik virtual machine – and here dexopt in particular – performs and runs code." (*Id*. at ¶ 400.) Having thus linked dexopt to the Dalvik virtual machine and linked the Dalvik virtual machine to the execution of applications, Dr. Mitchell concludes that dexopt meets the "runtime" limitation of the '205 patent. (*Id*. at ¶¶ 403; 409-410.)

Dr. Mitchell's Reply Report likewise argues that "[t]he optimizations that dexopt performs (such as replacing symbolic references with vtable offsets) are ones that require information that is only available at runtime (such as a vtable offset), and that information is obtained *by initializing a Dalvik VM and loading all the classes from an application's .dex file*

---

[1] Google's exhibits are attached to the Declaration of Mark H. Francis in Support of Google's Response in Opposition to Oracle's Motion to Amend '205 Patent Infringement Contentions and Supplement Expert Reports.

*into the VM*." (Ex. B, Reply Expert Report of Dr. Mitchell at ¶ 60 (emphasis added).) During his deposition, Dr. Mitchell reiterated this point, stating "then ***the run process of executing*** [] in the Dalvik Virtual Machine, I believe, was [] where the dexopt got invoked." (Ex. C, Mitchell Dep. at 342; *see also id*. at 344 ("My recollection, at least in that – those experiments [described in the report], was that [dexopt] runs as part of the – as a component of the virtual machine. And so in – whatever the human input it is that triggers that process, dexopt runs as part of execution on the virtual machine.") (emphasis added).)

Oracle's Motion relies heavily on a portion of its original infringement claim chart that block-quoted Android documentation, and appears to argue that this represents that it had initially accused dexopt functionality that operates at install time. *See* Motion at 7 (quoting Peters Decl. Ex. A at 13):

> The system tries to pre-verify all classes in a DEX file to reduce class load overhead, and performs a series of optimizations to improve runtime performance. Both of these are done by the dexopt command, either in the build system or by the installer. On a development device, dexopt may be run the first time a DEX file is used and whenever it or one of its dependencies is updated ("just-in-time" optimization and verification).

This is a novel reading of Oracle's original allegations. Oracle's original claim chart largely consisted of copy-and-paste blocks of Android code or documentation without explanation, and Oracle cannot now argue that its original dexopt infringement theory involved install time when the ***only time*** the word "install[er]" shows up anywhere in its entire original claim chart is in this block quote, without any explanation, and where the only theory advanced by Oracle's infringement expert – in both deposition and his expert reports – related to the time when an application is executing, not when it is being installed on a device.

Thus, the record confirms that Oracle is indeed improperly changing its infringement theory on the eve of trial: until just weeks ago, it clearly and consistently took the position that the "runtime" claim limitation was practiced because dexopt operates as part of the Dalvik virtual machine during the time when the virtual machine instructions of an application are being executed.

## II. ORACLE DOES NOT HAVE GOOD CAUSE TO AMEND ITS CONTENTIONS

Oracle's contention that the Court's claim construction order (over a month ago) justifies its requested amendment is without merit and should be rejected. The Court's claim construction order did not adopt any construction that provides good cause for amendment, and Patent L.R. 3-6 does not permit a party to swap in new infringement theories to fix technical failings.

Indeed, the inherent inconsistencies of Oracle's own arguments underscore why its argument should be rejected. Oracle claims that in adding these two new paragraphs to its infringement contentions, "Oracle is not altering its infringement theory. The Android code accused of satisfying the claim limitation is the same before and after the proposed supplementation." (Motion at 1.) Yet, if that were truly the case, then Oracle cannot claim that the Court's claim construction of "runtime" somehow provides a basis for Oracle to supplement its infringement theory, if its infringement theory has always been the same. And given that the accused Android code has not changed, Oracle has no excuse for waiting until the eve of trial to supplement its infringement contentions with material that has been publicly available for years.

Put another way, Oracle only has good cause to amend its contentions if the Court's construction amended its existing infringement theory in some way. But Oracle claims that its theory remains the same. Oracle cannot have it both ways – either its new theory is different and injecting a new theory at this late hour is recognizably prejudicial to Google, or its theory remains the same and Oracle was simply delinquent for not amending its claim chart early in discovery, but rather waiting until the eve of trial to amend. Either way, Oracle's motion should be rejected because it fails to provide good cause for amending infringement contentions at this late date in a manner that would not be highly prejudicial to Google.

### A. Oracle Was Not Diligent in Amending Contentions During Discovery

This Court has previously ruled that, under Patent Local Rule 3-6, "good cause requires a showing of diligence," and without such diligence, good cause is irrelevant. *Oracle Am., Inc. v. Google Inc.*, No. 10-cv-03561-WHA, 2011 U.S. Dist. LEXIS 87251 at *7 (N.D. Cal. Aug. 8, 2011); *see also Acer, Inc. v. Tech. Props.*, Nos. 5:08-cv-00877, 00882, 05398, 2010 U.S. Dist.

1   LEXIS 142472, at *17 (N.D. Cal. Sept. 10, 2010)  (stating that, "[b]ecause [the moving party]
2   has not demonstrated diligence, the inquiry should end"); *O2 Micro Int'l Ltd. v. Monolithic*
3   *Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006) (concluding that if a party seeking to
4   amend did not demonstrate diligence, there was "no need to consider the question of prejudice").
5          Oracle identifies the date of the Court's claim construction at the starting point for the
6   diligence inquiry; however, the inquiry does *not* begin when a new basis to amend is actually
7   discovered, but instead focuses on "whether the party was diligent *in discovering the basis for*
8   *amendment*."  *Acer, Inc. v. Tech. Props.*, Nos. 5:08-cv-00877, 00882, 05398, 2011 U.S. Dist.
9   LEXIS 55774 at *8 (N.D. Cal. May 13, 2011) (emphasis added) (quoting *West v. Jewelry*
10  *Innovations, Inc*., No. 07-cv-1812, 2008 U.S. Dist. LEXIS 84928 at *7 (N.D. Cal. Oct. 8, 2008).)
11         As stated in Google's opposition to Oracle's Précis letter in this dispute (Dkt. No. 758 at
12  2), Google's Patent L.R. 4-2 disclosure included a proposed construction of "runtime" ("during
13  execution of the virtual machine instructions") *over a year ago* that is nearly identical to the
14  Court's recent construction ("during execution of one or more virtual machine instructions").
15  Oracle now argues that "[t]he Court's construction is broader than and anything but 'nearly
16  identical' to Google's proposed claim construction."  (Motion at 5.)  But the Court's
17  Supplemental Claim Construction Order only modified Google's construction because it found
18  the word "the" to be "unnecessary and confusing" (Dkt. 704 at 9); the Order does not suggest
19  that the scope of "runtime" is any different than Google's proposal.  Moreover, even if the
20  Court's construction of runtime is broader than Google's proposal, as Oracle argues, then any
21  attempt to present an infringement case that accounted for Google's construction would have
22  necessarily accounted for the Court's construction as well.
23         In sum, Oracle fails to show that it ever considered anything other than its own
24  construction—which the Court held "would render the phrase meaningless." (*Id*. at 7.)  Instead,
25  it stuck its head in the sand.  Now Oracle tells the Court that its entire team of attorneys and
26  experts were caught completely off guard by the Court's construction.  That is not credible.  The
27  Court did not cook up an entirely original construction that was "not anticipated," but rather one
28

that slightly clarifies Google's original proposal. Thus, Oracle's failure to anticipate was simply a lack of diligence.

### B. Oracle's Amendments Are Extremely Prejudicial to Google

The Patent Local Rules provide that, ***even upon a timely showing of good cause***, leave to amend contentions due to a Court's claim construction should be denied if there is undue prejudice to the non-moving party. Patent L.R. 3-6(a). The parties are weeks away from trial, and allowing Oracle to redo its infringement theory for the '205 patent at this point would go miles beyond the line in the sand for "undue prejudice" under the Patent Local Rules. "The Patent Local Rules were designed, among other reasons, to prevent the parties from shifting their theories late in discovery, leaving the opposing party with little time to conduct discovery on a new theory." *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. 06-cv-07477, 2008 U.S. Dist. LEXIS 75495 at *13 (N.D. Cal. July 1, 2008) (citing *O2 Micro*, 467 F.3d at 1365 Therefore, even if the Court concludes that its claim construction provides good cause for Oracle's amendments and supplementation, Oracle's Motion should be denied as unduly prejudicial given that they come on the eve of trial.

### C. Should Oracle's Motion be Granted, Google Seeks Leave to Amend its Invalidity Contentions, As Well as its Non-Infringement and Invalidity Expert Reports

As is recognized by the very structure of the Patent Local Rules, invalidity contentions are a reflection of infringement contentions. Here, Oracle's new infringement theory implicates numerous "install time" implementations in the prior art, including at least Sun's own Java platform, and publications by James Gosling, Stavros Macrakis, L.P. Deutsch & Allan M. Schiffman. Thus, if the Court grants Oracle's motion, Google should also be granted leave to supplement its invalidity contentions and expert reports in response.

## III. CONCLUSION

Google respectfully requests that Oracle's motion be denied as moot, in view of the Court's recent orders. But should the Court evaluate Oracle's motion on the merits, Google respectfully requests the motion be denied for the reasons stated herein. Otherwise, Google requests leave to supplement its invalidity contentions and expert reports in response.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: March 16, 2012 | **KEKER & VAN NEST, LLP** |
| 3 | | By: /s/ Christa M. Anderson |
| 4 | | ROBERT A. VAN NEST (SBN 84065) |
| | | rvannest@kvn.com |
| 5 | | CHRISTA M. ANDERSON (SBN 184325) |
| | | canderson@kvn.com |
| 6 | | KEKER & VAN NEST LLP |
| 7 | | 633 Battery Street |
| | | San Francisco, CA 94111-1809 |
| 8 | | Telephone: (415) 391-5400 |
| | | Facsimile: (415) 397-7188 |

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice)*
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

ATTORNEYS FOR DEFENDANT
GOOGLE INC.