MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S MARCH 27, 2012 SUPPLEMENTAL BRIEF REGARDING COPYRIGHT ISSUES**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

The Court has asked Oracle to address the applicability of *Baker v. Selden*, 101 U.S. 99 (1879). (ECF No. 827.) The short answer is that *Baker* provides at most a starting point for the general idea/expression dichotomy in copyright law. This case is fundamentally different, and *Baker* was decided in a different legal context. Google stretches *Baker* far beyond its holding.

**The Copied Works In *Baker* Contained Very Little Expression.** The copied works at issue here and in *Baker* lie at opposite ends of the factual spectrum. In *Baker*, the defendant used forms containing "ruled lines and headings" similar to those in a book-keeping system described in plaintiff's copyrighted book. *Baker*, 101 U.S. 101. The Court described its holding as follows:

> The conclusion to which we have come is, that blank account-books are not the subject of copyright; and that the mere copyright of Selden's book did not confer upon him the exclusive right to make and use account-books, ruled and arranged as designated by him and described and illustrated in said book.

*Id.* at 107. These "blank account-books" could hardly be more simple. *See* http://lcweb2.loc.gov/service/rbc/rbc0001/2011/2011gen155867/2011gen155867.pdf (displaying forms from files of *Baker* case). Even so, the defendant used "a different arrangement of the columns, and use[d] different headings." *Baker*, 101 U.S. at 100. The Court found that the forms were "necessarily incident" to the plaintiff's book-keeping system. *Id.* at 103.

The 37 APIs at issue are the opposite of blank forms. They encompass an enormous amount of creative expression. (*See, e.g.*, ECF No. 780 at 1-2.) Google copied from them verbatim, and they are not "necessarily incident" to anything. Google's expert admits it was not technically necessary for Google to copy them. In fact, Google designed many of its own APIs.

The distinction in the level of expression of the works at issue is critical. Even cases that cite *Baker* recognize it is only a starting point for analyzing this issue. In *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, for example, the Second Circuit stated: "While *Baker v. Selden* provides a sound analytical foundation, it offers scant guidance on how to separate idea or process from expression, and moreover, on how to further distinguish protectable expression from that expression which 'must necessarily be used as incident to' the work's underlying concept. 982 F.2d 693, 705 (2d Cir. 1992) (quoting *Baker*, 101 U.S. at 104). The court then applied a detailed abstraction-filtration-comparison test. *See id.* at 706-11.

1   In applying a similar analysis to determine the copyrightability of a computer user

2 interface, the Fifth Circuit also emphasized that the key issue is expression:

> A user interface may often shade into the "blank form" that epitomizes an uncopyrightable idea, *Baker v. Selden*, 101 U.S. 99, 25 L. Ed. 841 (1880), or it can partake of high expression, like that found in some computerized video games.

*Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1344 (5th Cir. 1994). The court distinguished the input/output formats in the user interface from the forms in *Baker,* finding they could have been structured in "numerous ways," and that plaintiff had "proved original expressive content in the selection, sequence and coordination of inputs." *Id.* at 1344-46.

**Baker *Was Decided In A Different Legal Context.*** *Baker* was also decided in a fundamentally different legal context. The forms at issue related to a book-keeping system, which did not itself enjoy protection under copyright law:

> It cannot be pretended, and indeed it is not seriously urged, that the ruled lines of the complainant's account-book can be claimed under any special class of objects, other than books, named in the law of copyright existing in 1859. The law then in force was that of 1831, and specified only books, maps, charts, musical compositions, prints and engravings. An account-book, consisting of ruled lines and blank columns, cannot be called by any of these names unless by that of a book.

*Baker*, 101 U.S. at 101. The Court drew a distinction between the plaintiff's book, which was copyrightable, and the book-keeping system it described, which was not. *Id.* at 102 ("But there is a clear distinction between the book, as such, and the art which it is intended to illustrate.").

Here, the API specifications are part of the documentation of a computer program, which is expressly subject to protection under the Copyright Act. 17 U.S.C. § 101. They describe the structure of that computer program in great detail, and the Ninth Circuit has held that the structure of a computer program is copyrightable. *Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1175 (9th Cir. 1989) ("Whether the non-literal components of a program, including the structure, sequence and organization and user interface, are protected depends on whether, on the particular facts of each case, the component in question qualifies as the expression of an idea, or an idea itself."). Google cannot simply rely on *Baker* to contend that "any person may practice and use" the APIs. (ECF No. 823 at 3.) *Nimmer* sharply criticizes trying to use *Baker* for this type of blanket statement, emphasizing that the focus must always

remain on copyrightable expression.  1-2 *Nimmer on Copyright* § 2.18 [C]-[D].

**The APIs Are Not An Uncopyrightable "System."**  The APIs are also not a "system," as Google now argues.  Google never even explains what it means by "system."  In *Am. Dental Ass'n v. Delta Dental Plans Ass'n*, Judge Easterbrook rejected the notion that a code for dental procedures was a system: "A dictionary cannot be called a 'system' just because new novels are written using words, all of which appear in the dictionary.  Nor is word-processing software a 'system' just because it has a command structure for producing paragraphs."  126 F.3d 977, 980 (7th Cir. 1997).  The court found the dental code copyrightable, after discussing *Baker v. Selden*.  *See id.* at 981.  But regardless of how Google labels them, the APIs are copyrightable because of their expressive content.  Far less creative structures are entitled to copyright protection in this Circuit.  *See, e.g.*, *CDN Inc. v. Kapes,* 197 F.3d 1256, 1262 (9th Cir. 1999) (prices in guide for collectible coins); *Practice Mmgt. Info. Corp. v. Am. Med. Ass'n*, 877 F. Supp. 1386, 1390 (C.D. Cal. 1994), *aff'd in relevant part*, 121 F.3d 516 (9th Cir. 1997) (numerical codes for medical procedures); *Jacobsen v. Katzer*, 2009 U.S. Dist. LEXIS 115204, at *9-10 (N.D. Cal. Dec. 10, 2009) (text files reflecting decoder information from model railroad manufacturers).

*Lotus* did opine that *Baker* supports its holding, but even *Lotus* cautioned against taking *Baker* too far.  *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 814, 817 (1st Cir. 1995) ("We do not think that *Baker v. Selden* is nearly as analogous to this appeal as Borland claims.").  And neither the Ninth Circuit nor any other Circuit has adopted *Lotus*.  In contrast, many cases have found that interface or structural aspects of computer programs much simpler than the Java APIs warrant copyright protection.  *See, e.g.*, *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1492, 1495 n.23 (10th Cir. 1993) ("organization, structure and sequence" and "keying procedure" of computer program to teach reading skills); *Eng'g Dynamics*, 26 F.3d at 1345 (input/output formats in interface of structural engineering program); *Consul Tec, Inc. v. Interface Sys., Inc.*, 1991 U.S. Dist. LEXIS 20528, at *2 (E.D. Mich. Oct. 23, 1991) ("commands, command phrases, and other aspects" of user interface); *Control Data Sys., Inc. v. Infoware, Inc.*, 903 F. Supp. 1316, 1321-24 (D. Minn. 1995) (input/output formats, file layouts, commands); *CMAX/Cleveland, Inc. v. UCR, Inc.*, 804 F. Supp. 337, 355 (M.D. Ga. 1992) (file structures).

Dated: March 27, 2012					MORRISON & FOERSTER LLP

						By: /s/ Michael A. Jacobs

						*Attorneys for Plaintiff*
						ORACLE AMERICA, INC.