[counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC. <br><br> Defendant. | Case No. CV 10-03561 WHA (DMR) <br><br> **JOINT STATEMENT OF TRIAL STREAMLINING PROPOSALS** <br><br> Date:  March 28, 2012 <br> Time:  7:30 a.m. <br> Dept.:  Courtroom 9, 19th Floor <br> Judge:  Honorable William H. Alsup |

Pursuant to the Court's March 20, 2012 Order (Dkt. 820), Oracle America, Inc. and Google Inc. jointly submit this statement regarding proposals that the parties have and have not agreed upon for streamlining the trial.

## I. Agreed Proposals

1. Google has agreed to withdraw its invalidity defense to the '520 patent.

2. The parties have agreed to the conditional stipulations regarding Oracle and Sun products practicing the '520 patent set forth in the Supplemental Joint Statement of February 21, 2012 (Dkt. 721). Specifically, if Oracle proves in Phase 2 that Google infringes the '520 patent, Google conditionally stipulates for purposes of Phase 3 (the damages phase) that Oracle practiced these claims during the relevant time period. In turn, Oracle conditionally stipulates for purposes of Phase 3 that Oracle and Sun did not mark the practicing products with the '520 patent. The parties agree that these conditional stipulations relate only to Phase 3 and are triggered by finding of patent infringement; the stipulations shall not be used as evidence or referred to in attorney argument in Phase 2 regarding patent liability.

3. The parties have agreed to work to reduce their authenticity objections to trial exhibits. During the trial, each party will not object to the authenticity of documents absent an identifiable concern about whether the document is genuine.

## II. Other Proposals

### A. Oracle's Proposals

1. Oracle has proposed that the parties agree to a stipulation to remove confidentiality designations from all trial exhibits, except for non-public source code and recent non-public financial data. Oracle proposes that the two latter categories of information could be shown at trial on screens without moving to seal the courtroom, but the parties would move to seal electronic or paper copies of the code or data submitted in the record.

2. Oracle has proposed the following factual stipulations:

- Sun registered with the U.S. Copyright Office the code and documentation from various versions of the Java Development Kit ("JDK").

- By virtue of the copyright registrations of the J2SE and JDK materials, Sun registered its copyrights in the 37 Java API design specifications that Oracle has accused Google of copying into Android.
- By virtue of the copyright registrations of the J2SE and JDK materials, Sun registered its copyrights in the twelve Java code files that Oracle has accused Google of copying into Android.
- Sun registered multiple editions of the book "The Java(tm) Language Specification" with the U.S. Copyright Office.
- Sun registered the 1996 book "The Java(tm) Application Programming Interface, Volume 1" with the U.S. Copyright Office.
- Oracle is the current owner of all rights, title, and interest in the Java-related works registered by Sun with the U.S. Copyright Office.
- On July 20, 2010, representatives of Oracle (in-house attorneys T.J. Angioletti, Matthew Sarboraria, and George Simion) and representatives of Google (in-house attorneys Ben Lee, Eric Schulman, and Joshua McGuire) met in person to discuss Oracle's infringement contentions against Google under the patents in suit.
- The first version of Google's Android platform was publicly released on October 21, 2008. From that date to the present, Google has released at least the following versions of Android: Android 1.0, 1.1, 1.5 ("Cupcake"), 1.6 ("Donut"), 2.0/2.1 ("Éclair"), 2.2 ("Froyo"), and 2.3 ("Gingerbread").
- Google's Nexus One and Nexus S phones are "Google experience" devices installed with stock versions of Android supplied by Google, identical to the code available on the public Android git source code repository.
- Motorola's Droid phone is a "Google experience" device initially installed with a stock version of Android Éclair supplied by Google, identical to the Éclair code available on the public Android git source code repository.

Oracle responds briefly to Google's proposals set forth below:

First, Google proposes shortening the patent phase of trial from twelve hours to eight hours per side. Although a trial on two software patents is still complex, Oracle is willing to consider such a proposal. At the same time, Oracle has been relying on the Court's Final Pre-Trial Order (Dkt. 675) to plan for trial based on the serious probability that it will want to "bank" time from earlier phases to use in the damages phase. Accordingly, if the patent phase is shortened, Oracle submits that that the damages phase, which is limited to eight hours per side, should be lengthened. At least four experts (Prof. Cockburn, Prof. Kearl, Dr. Cox, and Dr. Leonard) will testify in the damages phase, in addition to fact witnesses. Dr. Kearl has applied a different approach to damages than either party's experts, which will require a lengthier examination than if he had simply adopted one party's method. Accordingly, Oracle submits that the current trial plan should not be changed.

Second, Google proposes that the trial be shortened by suggesting that Oracle accept patent damages that are lower than Oracle contends are appropriate, and waiving any right to seek injunctive relief for Google's patent infringement. Oracle cannot agree to unilaterally give up its rights, on appeal and in this Court, to seek full redress for Google's unlawful conduct. Moreover, Google's proposal would not streamline trial. This is true for a simple reason: the proposal would not do anything with respect to trial on damages for copyright infringement, which will involve not only evidentiary and expert presentations as to Oracle's lost profits and Google's infringer's profits, but also presentations as to a reasonable royalty/hypothetical license – substantially the same presentation as relates to the patents-in-suit.

Third, Oracle cannot agree to Google's proposal that Oracle waive its constitutional right to a jury trial. Although there are issues for the Court to decide, there are substantial questions for the jury as well. These include infringement of the patents and the copyrights (Google having all but conceded copyright infringement), validity of the '104 patent, Google's argument that its wholesale copying was *de minimis*, the willfulness of Google's infringement, reasonable royalty damages for patent and copyright, lost profits for copyright, and infringer's profits for copyright.

Fourth, with regard to Google's proposal of a stipulation on the '104 patent, while the conditional stipulation on the '520 patent will help streamline the trial, an identical stipulation on the '104 patent would not. Whether Oracle's products practice the '520 patent would have been relevant to establishing secondary considerations of non-obviousness in Phase II. Because Google has dropped all invalidity defenses to the '520 patent, that evidence will not need to be presented. For the '104 patent, however, because Google continues to maintain its invalidity defenses (including obviousness), Oracle will need to present evidence in Phase II establishing that its products practice. A conditional stipulation on the '104 patent limited in application to Phase III will not avoid the need to present such testimony. Unless Google agrees to drop its obviousness defenses to the '104 patent or to permit the conditional stipulation to apply in Phase II, the stipulation will not be helpful in streamlining the case for trial.

**B.     Google's Proposals**

1.     Google proposes that each side's evidence time in Phase Two (the patent phase) should be reduced from 12 hours of evidence to 8 hours of evidence.  When the Court issued its Final Pretrial Order [Dkt. No. 675] allotting 12 hours of trial time per side for the patent phase, there were five patents with twenty-six claims at issue in this case.  There are now two patents with ten claims at issue.  The parties do not need 12 hours of evidence each—six trial days total—to try these two patents.  This is especially true where Oracle's own damages expert now values those two patents at just $4.15 million after adjustments.  Dkt. No. 816 at 3; Dkt. No. 685 at 1.  Relatedly, given that Oracle has asserted the same damages claim regardless of the number of claims infringed in the remaining two patents at issue, Oracle should identify a narrowed set of claims per patent that it intends to try for the two remaining patents.

2.     Google is willing to stipulate that, in the event of a finding of patent infringement during the patent phase of this case, independent damages expert Dr. Kearl's figures in his March 21, 2012 Expert Report represent a reasonable royalty for the '104 and '520 patents so long as that reasonable royalty constitutes Oracle's sole remedy for Google's infringement.  Specifically, in the event of a finding of patent infringement of the '104 patent, Google is willing to stipulate that un-adjusted damages for the '104 patent through 2011 are $2.72 million, and in the event of a finding of patent infringement of the '520 patent, that un-adjusted damages for the '520 patent through 2011 are $0.08 million.  Kearl Report, Table 8.  These numbers need to be adjusted for failure to mark and non-accused devices.  Kearl Report, ¶ 112.  Similarly, in the event of a finding of patent infringement of the '104 patent, Google is willing to stipulate that future damages for the '104 patent should be 0.5% of Android revenues through the expiration of that patent on December 22, 2012, and in the event of a finding of patent infringement of the '520 patent, that future damages for the '520 patent should be 0.015% of Android revenues through the expiration of that patent on April 7, 2018.  *See* Kearl Report, ¶ 25.  These numbers also need to be adjusted for failure to mark and non-accused devices.  Kearl Report, ¶ 112.  Under such a stipulation, Oracle would be assured a recovery without proving damages, but could not obtain an injunction based on these patents.  Such a stipulation would significantly streamline the damages

phase of the trial, if a damages phase is necessary.  Notably, such a stipulation would not constitute a significant concession on Oracle's part.  The '104 patent currently stands rejected by the PTO, and will expire on December 22, 2012.  The '520 patent is worth very little—only $80,000 through 2011 according to Dr. Kearl before adjusting for failure to mark and non-accused devices, and $50,000 according to Dr. Cockburn after those adjustments—and Oracle's own engineers ranked that patent in the middle of the pack of 569 Java-related patents owned by Oracle.  Based on the pending expiration of the '104 and the low importance of the '520 within Oracle's patent portfolio, Oracle could not satisfy the requirements for an injunction based on these patents.  *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

   3. Google proposes that the parties waive their rights to a jury trial.  Because there are only two patents remaining in the case, and because Oracle's expert believes that a reasonable royalty for those patents is only $4.15 million, the primary issues remaining in the case involve the copyrightability of the Java API specifications, fair use, and Google's equitable defenses.  As indicated in the recent copyright briefing, both parties agree that copyrightability and Google's equitable defenses are questions for the Court, not a jury.  Because these issues are for the Court, Google is willing to waive its right to a jury trial in order to avoid unnecessarily burdening jurors with sitting through a lengthy trial in which they will not be responsible for deciding the most important questions.  A bench trial would also save time for the Court.

   4. Google proposes a conditional stipulation with respect to the '104 patent identical to the one agreed to by Oracle with respect to the '520 patent.  Given the potential to mislead, confuse, or prejudice jurors if presented in Phase 2, Google does not believe jurors should be advised of a stipulation that, if Google is found to infringe, Oracle practices the patent.

Google responds briefly to Oracle's proposals as follows:

First, with respect to Oracle's suggested wholesale de-designation of confidential documents, Google does not agree to the categorical approach suggested by Oracle because it ignores serious confidentiality obligations that Google holds as a company and to third parties with regard to many of the exhibits in this matter.  That said, Google is mindful of the Court's

admonitions about the public nature of trials and has informed Oracle of its intention to work cooperatively in meet-and-confer efforts with Oracle to minimize any confidentiality issues.

      Second, Oracle proposed a list of items for possible fact stipulations between the parties. Google has informed Oracle that it is in the process of identifying those fact stipulations that are acceptable to Google and expects to identify those items this week.

Dated: March 27, 2012

MORRISON & FOERSTER LLP


By:  */s/ Michael A. Jacobs*

MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

| | |
|---|---|
| Dated: March 27, 2012 | KEKER & VAN NEST, LLP |
| | By: __/s/ Robert A. Van Nest__ |

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN184325)
canderson@kvn.com
DANIEL PURCELL (SBN 191424)
dpurcell@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street - Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile:  (415) 318-1300

GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

*Attorneys for Defendant*
GOOGLE INC.

**ATTESTATION**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this SECOND SUPPLEMENTAL JOINT PRETRIAL CONFERENCE STATEMENT.  In compliance with General Order 45, X.B., I hereby attest that Robert A. Van Nest has concurred in this filing.

Date: March 27, 2012                              */s/ Michael A. Jacobs*