IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. C 10-03561 WHA<br><br>**REVISION TO DUE DATE AND REQUEST FOR FURTHER BRIEFING** |

　　　The due date for the post-hearing briefs is postponed to **NOON ON TUESDAY, APRIL 3**. Please address the following questions in addition to the items already requested.

　　　(1) Under the law, does "selection, arrangement, and structure" arise as an issue only in the context of originality and more specifically, as a way to allow protectability for otherwise noncopyrightable elements in a compilation?

　　　(2) Is "selection, arrangement, and structure" also an exception to the rule that a system or method cannot be copyrighted?  That is, if something is a system or method can it still be copyrighted so long as the system or method is the result of selection, arrangement and structure?

　　　(3) If a method or system is copyrightable if the result of selection, arrangement, and structure, won't that be true for all original methods and systems which by definition involve a structure, arrangement, and selection steps?

　　　(4) For the merger doctrine, at what level of abstraction should we consider the idea/system?  At a high level of abstraction (for instance, the concept of APIs generally), there are many ways to express "selection, arrangement, and structure" in creating a particular API. But for the idea/system of the 37 Java APIs, there may be only one way to express the "selection, arrangement, and structure."

(5) Is it true that the APIs are an integral part of Java? That is, programmers write their own programs using the APIs? If the answer depends on the particular API, please specific which of the 37 asserted are integral.

(6) To what extent are computer languages (not programs, but languages) copyrightable? Patentable?

(7) From Google's presentation at the hearing, it seems as though Sun/Oracle attempted to claim the structure/hierarchy/arrangement of APIs in the '855 patent and '093 patent. Would it be possible to claim the selection of classes for APIs under patent law?

(8) By claiming that Google infringes the API *implementation*, is Oracle alleging that Google copied something other than the "selection, arrangement, and structure" of APIs, as fixed in the specifications?

Please do not hedge. Please take a firm position and then candidly state the extent to which the law supports and contradicts your position. Please block quote the full paragraph of all relevant passages in your cites, italicizing the language of importance without using ellipses. Each side may have up to 20 pages. Complete candor is requested, for the Court needs the genuine assistance of the excellent counsel in this case. By **THURSDAY AT NOON**, each side may file replies up to ten pages.

**IT IS SO ORDERED.**

Dated: March 29, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2