KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

KING & SPALDING  LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA  94105
Tel:  415.318.1200
Fax: 415.318.1300

GREENBERG TRAURIG, LLP
IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
1900 University Avenue
East Palo Alto, CA  94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No. 3:10-cv-03651 WHA<br><br>**GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DR. JAMES KEARL'S EXPERT REPORT**<br><br>Dept.:　　Courtroom 8, 19th Floor<br>Judge:　　Hon. William Alsup |

1  PLEASE TAKE NOTICE that on April 9, 2012, or as soon thereafter as counsel may be
2  heard, Defendant Google Inc. ("Google") will, and hereby does, respectfully move to exclude
3  portions of the opinions and testimony of Dr. James Kearl. This Motion is based on the following
4  memorandum of points and authorities in support, the Declaration of Daniel Purcell ("Purcell
5  Decl.") and accompanying exhibits, the entire record in this matter, and on such evidence as may
6  be presented at the hearing of this Motion.

Dated: April 2, 2012                          KEKER & VAN NEST LLP

                                              /s/ Robert A. Van Nest
                                       By:    ROBERT A. VAN NEST

                                              Attorneys for Defendant
                                              GOOGLE INC.

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

GREENBERG TRAURIG, LLP
IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>GOOGLE INC.,<br><br>   Defendant. | Case No. 3:10-cv-03651 WHA<br><br>**GOOGLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF DR. JAMES KEARL'S EXPERT REPORT**<br><br>Dept.:    Courtroom 8, 19th Floor<br>Judge:    Hon. William Alsup |

1    At his deposition last week, the Court's appointed Rule 706 damages expert, Dr. James R. Kearl, acknowledged that one narrow aspect of his expert opinion is inconsistent with governing law (and this Court's prior orders) regarding the requirement that a reasonable royalty be based only on the intellectual property at issue in this case. Accordingly, Google files this conditional and limited motion to strike to confirm that Dr. Kearl will not be allowed to offer such testimony in the damages phase of trial.

In his March 20, 2012 report, Dr. Kearl began his damages calculation (as Oracle's expert Dr. Iain Cockburn had done) by looking at the 2006 negotiations between Sun and Google for a technology partnership including a bundle of intellectual-property rights. Dr. Kearl calculated the percentage of the value of the total 2006 Sun bundle attributable to the intellectual property in suit: the '104 patent (2.38% of the total bundle), the '520 patent (.07% of the bundle), and the 37 purportedly copyrighted API packages (together 1.9% of the bundle). Kearl Report ¶ 111 & n.63; *id.* at Table 7. Google is not moving to strike Dr. Kearl's apportionment analysis.

But before apportioning the bundle, Dr. Kearl also opined that, as a matter of economics, no apportionment is appropriate, and that Google should be charged a royalty for the entire bundle—not merely the intellectual property in suit. Kearl Report ¶¶ 97-105. ▉

▉ *Id.* ¶ 99. ▉

▉

▉ *Id.* Dr. Kearl opined that, if Google knew during the 2006 negotiations which of the Sun patents and copyrights ultimately would be useful to Android, the negotiation over the bundle would really have been a negotiation over that specific IP. (There is no evidence that Google knew anything specific about the contents of the Sun bundle in 2006, and Dr. Kearl cites none.) Alternatively, Dr. Kearl opined that, if Google did not know which of the Sun patents and copyrights would be useful to Android, it may have wanted to keep open multiple options as to how to design Android or to buy insurance against future infringement claims by Sun. *Id.* ¶¶ 100-103. ▉

▉

1

GOOGLE'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF KEARL REPORT
Case No. 3:10-CV-03561 WHA

640521.02

1  ████████████████████████████████████████ *Id.* ¶ 104 (emphases added).

2  At deposition, Dr. Kearl readily conceded that his economic judgment was in tension with

3  the requirements of the law and the Court's prior orders:

4
5
6
7
8
9
10
11
12
13
14
15
16
17

[redacted deposition excerpt]

18  Purcell Decl. Ex. A (Kearl Depo.) at 157:7-158:6 (emphases added).

19  Indeed, the Court previously disapproved of exactly this same reasoning when Oracle and

20  Dr. Cockburn employed it in their first damages report last summer. There, Dr. Cockburn

21  calculated damages for Google's purported use of "Java," without separating out the asserted

22  patents and copyrights from the remainder of Oracle's various Java platforms not at issue. The

23  Court rejected that sort of broad-brush analysis, ruling that it "runs afoul of controlling law." July

24  22, 2011 Order [Dkt. 230] at 5.

25  > The reasonable royalty to be calculated is "a reasonable royalty *for the use made
26  > of the invention* by the infringer." 35 U.S.C. 248 (emphasis added). ***Java was
     > not the invention. Only the claims asserted were the invention.***
27
28  > Therefore, the hypothetical license must be limited to the asserted claims—
     > ***excluding the rest of the Java platform***. That "[t]he intellectual property at issue
     > here was generally bundled into the technologies that Sun licensed on a portfolio

> basis" because "Sun's practice was to license Java, not to license individual patents," does not change this statutory requirement (Weingaertner Exh. A at ¶ 132). An opinion that the hypothetical negotiation would have resulted in a Java license simply fights the hypothetical.

July 22, 2011 Order [Dkt. 230] at 5-6 (emphases in original).

Not only does section 248 require that any reasonable royalty be tied to "the use made of the invention" at issue in the case, myriad federal appellate opinions bar plaintiffs from recovering damages for related or ancillary intellectual property that is not asserted in litigation or used by the defendant. Two years ago, in *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010), the Federal Circuit held that "[a]t all times, the damages inquiry must concentrate on compensation for the economic harm caused ***by infringement of the claimed invention***." *Id.* at 869 (emphasis added). In its July 22, 2011 Order, the Court cited this language from *ResQNet*, explaining that the Federal Circuit meant that "[t]he hypothetical license therefore must be tailored to ***the amount and type of infringement that actually occurred***" and that "[t]he reasonable royalty must compensate for the infringing features, but not for non-infringing ones." July 22, 2011 Order [Dkt. 230] at 8 (emphasis added); *see also, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1332 (Fed. Cir. 2009) (hypothetical negotiation analysis must "elucidate how the parties would have valued ***the patented feature*** during the hypothetical negotiation") (emphasis added); *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1159 (6th Cir. 1978) ("the relevant facts" in a hypothetical negotiation analysis include (1) "what plaintiff's property was"; (2) "to what extent defendant has taken it"; and (3) "its usefulness and commercial value as shown by its advantages over other things and by the extent of its use").

The Court reaffirmed this analysis in its January 9, 2012 Order partially granting Google's motion to strike the second Cockburn report, making clear that "[i]f the $100 million offer in 2006 is used as the starting point," as Dr. Kearl has also done here, "then a fair apportionment of the $100 million as between the technology in suit and the remainder of the technology then offered must be made." Jan. 9, 2012 Order [Dkt. 685] at 8. Similarly, the Court's March 13, 2012 Order partially granting Google's motion to strike the third Cockburn's report also required apportionment and struck aspects of Dr. Cockburn's report for apportionment problems. Mar. 13,

3
GOOGLE'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF KEARL REPORT
Case No. 3:10-CV-03561 WHA

640521.02

2012 Order [Dkt. 785] at 3-5 (striking the upper bound of Dr. Cockburn's apportionment under a "group-and-value approach"); *id.* at 10-11 (requiring deduction from total value of 2006 Sun bundle to account for value of unasserted copyrights); *id.* at 11-13 (striking Dr. Cockburn's "independent significance approach" for failing to follow the apportionment guidelines in January 9, 2012 Order).

The opinions in paragraphs 97 through 105 of Dr. Kearl's report are inconsistent with the law and this Court's orders. To the extent Dr. Kearl plans to offer them at trial, they would be only confusing, not helpful, to the jury in calculating a legally permissible measure of damages in this case. Google respectfully asks the Court to exclude those opinions.

Dated: April 2, 2012                              KEKER & VAN NEST LLP

                                                  */s/ Robert A. Van Nest*
                                          By:    ROBERT A. VAN NEST

                                                  Attorneys for Defendant
                                                  GOOGLE INC.