MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**DECLARATION OF DEBORAH K. MILLER REGARDING THE EXPERT REPORT AND DEPOSITION OF RULE 706 EXPERT DR. JAMES KEARL**<br><br>Dept.:  Courtroom 8, 19th Floor<br>Judge:  Honorable William Alsup |

I, DEBORAH K. MILLER, declare as follows:

1. I am in-house counsel for Oracle America, Inc. ("Oracle").  My title is Vice President, Associate General Counsel and I represent Oracle in the above-captioned matter.

2. I make this declaration based on my own personal knowledge.  If called as a witness, I could and would testify competently as to the matters set forth herein.

3. I submit this declaration pursuant to Local Rule 79-5 in support of Oracle America, Inc.'s administrative motion to seal, filed today, which seeks to seal portions of the expert report and deposition transcript of Dr. James Kearl, submitted as Exhibits E and F to the Declaration of Meredith Dearborn In Support of Oracle America, Inc.'s Motion to Strike Portions of the Expert Report of Dr. James Kearl; and portions of brief that reflect that information.

4. Oracle seeks to seal Dr. Kearl's discussion of, and information relating to, a license between Sun Microsystems, Inc. and Danger, Inc. because that material is confidential and is covered by a non-disclosure agreement ("NDA").  Under the NDA, Oracle must keep material relating to the terms of the license confidential because it contains non-public information and pricing regarding current and planned Sun Java-related software services, as well as non-public information regarding Danger's company and products, both current and planned.  In addition, as described in previous declarations, Oracle does not ordinarily make information about its license negotiations and strategy public, as disclosure of that information would give an unfair advantage to Oracle's negotiating counterparties.  (*See* 2/24/2012 Temkin Decl. (Dkt. No. 728) at ¶ 11, 14; *see also* 7/12/2011 Sarboraria Decl. (Dkt. No. 211) ¶ 6; 10/27/2011 Sarboraria Decl. (Dkt. No. 570) at ¶ 4).)   Material to be sealed that falls into this category can be found at:

- Kearl Report ¶¶ 21, parts of 46, parts of 50, parts of 78, and the entirety of Section J (paragraphs 87–96 and footnotes 45–51, with the exception of certain sentences relating exclusively to Android revenues), parts of 114, parts of 153, 155, 159;

- Kearl Report Tables 5 and 6; and

- Kearl Dep. 54:21–54:25; 55:14–56:7; 127:5–25; 129:4–14; 130:9–131:1; 131:6–133:13; 189:9–23.

5. Similarly, Oracle also seeks to seal Dr. Kearl's discussion of the terms of the license that

1

MILLER DECL. ISO ORACLE'S ADMIN. MOTION TO SEAL KEARL REPORT AND DEPOSITION TRANSCRIPT
CASE NO. CV 10-03561 WHA

Sun and Oracle actually negotiated, which reflects the parties' demands and positioning in the negotiations. Oracle also seeks to seal the details of Sun's contemporaneous projections that it crafted to understand the benefits of entering into a license with Google in 2006. Although the fact that the parties negotiated for a license is public, many of the specific details of that negotiation, and Sun's highly sensitive business projections regarding that negotiation, are not. Oracle does not disclose this kind of information in the ordinary course of business, and Oracle believes that disclosure of that information would give an unfair advantage to Oracle's negotiating counterparties. (*See* 7/12/2011 Sarboraria Decl. (Dkt. No. 211) ¶ 6.)   Additionally, Oracle has previously moved to seal the presentation describing Sun's projected convoyed sales and collateral benefits from a Java-compatible Android, because publication of internal projections would cause competitive harm to Oracle by revealing its negotiation and business strategy. (*See* 10/27/2011 Sarboraria Decl. (Dkt. No. 570) at ¶ 5.) Material to be sealed that falls into this category can be found at:

- Kearl Report ¶¶ parts of 55, parts of 58, 62, 63, parts of 64, parts of 65, parts of 66, the list in 68, parts of 69, parts of 70, parts of 71, parts of 81, parts of 125, and footnotes 31, 42, 44, and parts of 155;

- Kearl Report Tables 1, and 2; and

- Kearl Dep. 31:2–34:3; 34:22–35:4; 43:1–25; 47:10–25; 57:15–23; 60:6–10, 17–21; 61:21–22; 66:4–13; 67:4–7; 134:8–139:12; 140:22–141:8; 143:7–11; 144:24–145:7; and 146:2–10.

6.   Oracle also seeks to seal Dr. Kearl's discussion of certain portions of Prof. Cockburn's "group-and-value" apportionment exercise, including the patent rankings and the valuation Prof. Cockburn assigns to certain elements of that bundle. As discussed in previous declarations, the process and substance of the valuation exercise performed exclusively for this litigation should remain under seal. Oracle has never before been called upon to analyze the relative value of its patents and copyrights in a particular bundle of technology, and Oracle does not customarily value the myriad benefits to licensees that a license from Oracle would provide, nor would it consider providing its negotiating counterparties with specific valuation information for particular patents. Disclosure of this information would cause serious harm to Oracle because it would provide an unfair advantage to

Oracle's negotiating counterparties. (*See* 3/6/2012 Temkin Decl. (Dkt. No. 772-1) at ¶¶ 6, 8; 2/24/2012 Temkin Decl. (Dkt. No. 728) at ¶ 5, 6.)  Material to be sealed that falls into this category can be found at:

- Kearl Report ¶¶ parts of 73, 75, parts of 76, parts of 77, 107, parts of 109, parts of 111, parts of footnote 63; Appendix D ¶¶ parts of 184 (1), 184(2), parts of 184(4), 184(5), 184(6), 184(7), parts of 185(1), 185(3), parts of 186, parts of 191, and parts of 192;
- Portions of Kearl Report Table 7; and
- Kearl Dep. 49:2–52:8; 52:15; 53:3–7; 53:13–54:21; and 55:2–10.

7.  Finally, Oracle seeks to seal material relating to Dr. Kearl's assessment of Sun's Java ME business and Oracle's plans to enter the smartphone market. (*See* 2/24/2012 Temkin Decl. (Dkt. No. 728) at ¶ 14.) In order to arrive at his discussion, Dr. Kearl discusses in detail numerous internal Sun projections, which are not public and which neither Sun nor Oracle commonly make public. Moreover, the opinions of a court-appointed expert on the vitality of, and losses taken in, key aspects of Oracle's business could be taken out of context, which could adversely and unfairly affect public opinion about the future of Oracle's business. Material to be sealed that falls into this category can be found at:

- Kearl Report ¶¶ 29, 30, parts of 127, 129, 130, 132, 133, parts of 134, parts of 135, parts of 136, parts of 137, parts of 138, parts of 141, parts of 143, 144, 145, 146, 147, 148, parts of 149, 150, parts of 167, and parts of footnote 91;
- Kearl Report Table 10; and
- Kearl Dep. 177:11–20; 180:20–181:8; 182:4–188:6; 189:23–191:22; 218:2–25; 220:20–221:8; and 222:24–223:10.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 2, 2012 at Redwood Shores, California.

By: */s/ Deborah K. Miller*
DEBORAH K. MILLER

3

MILLER DECL. ISO ORACLE'S ADMIN. MOTION TO SEAL KEARL REPORT AND DEPOSITION TRANSCRIPT
CASE NO. CV 10-03561 WHA

ATTESTATION OF FILER

I, Steven C. Holtzman, have obtained Deborah K. Miller's concurrence to file this document on her behalf.

Dated: April 2, 2012

BOIES, SCHILLER & FLEXNER LLP

By: */s/ Steven C. Holtzman*
       Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.