IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | No. C 10-03561 WHA <br><br> **REQUEST FOR STATEMENT OF ISSUES RE COPYRIGHT** |

    In connection with the opening statements (and eventually the special verdict form at the end of Phase One), the Court will want the jury to be clearly told what specifically stands accused of copyright infringement (and what is not accused). The Court is considering making its own statement to the jury in this regard after the opening statements so as to frame for the jury the Phase One issues in play. To do so, the Court asks counsel to meet and confer and to revise the following summary. The summary of what the Court understands is as follows:

<u>What stands accused are:</u>

- The 12 Android files of source code (copied from 11 Java files), including rangeCheck. Please identify which files only contained copied English comments that were not compiled. Please identify which files were part of the 37 API implementation.

- Plain English descriptions in the user manual, sometimes called the API "specifications" (right column). Please identify the number of lines of such items.

- The 37 APIs but only as to their specific selection, structure, and organization, it being conceded that the implementing code is different. Please identify the media of fixation for the selection, structure, and organization.
- Android's entire source code and object code as derivative works of the 37 Java APIs.

What is not accused:

- Android's use of the Java programming language (other than any direct copying of source code).
- The titles and names of APIs, including all package and class names and definitions, fields, methods and method signatures (names in the left column of specifications).
- The idea of APIs.
- The Dalvik virtual machine.

Counsel should at least be able to agree on how we will describe the items in play in Phase One. By **THURSDAY, APRIL 12 AT NOON**, both sides shall please file a statement along the lines of the above with appropriate revisions.

The Court will not rule on the copyrightability issues until all of the Phase One evidence is in the trial record and counsel are reminded again of the need to place in the record all evidence on which they will rely for their respective positions, both as to copyrightability and infringement and defenses. Before Phase One closing argument, the Court will decide whether to ask for an advisory verdict on issues. (As already clear, damages evidence, including copyright damages evidence, will be reserved to Phase Three).

**IT IS SO ORDERED.**

Dated: April 4, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE