KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **GOOGLE INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED** <br><br> Dept.:   Courtroom 8, 19th Floor <br> Judge:   Hon. William Alsup |

1   PLEASE TAKE NOTICE that, pursuant to the Court's suggestion at the March 28, 2012
2   hearing, N.D. CAL. CIV. L.R. 7-11, Defendant Google Inc. ("Google") will, and hereby does,
3   respectfully move for administrative relief to deem the following three issues undisputed: (1) The
4   Java programming language is open and free for anyone to use.  (2) The names of the Java
5   language API files, packages, classes, and methods are not protected by copyright law.  (3) Aside
6   from a nine-line function that Oracle accuses Google of copying, Oracle does not contend that
7   Android's source code in any of the accused APIs was copied from the source code used in the
8   Java platforms.  This Motion is based on the attached Declaration of Reid Mullen, as well as the
9   entire record in this matter.

Dated:  April 5, 2012                                    KEKER & VAN NEST LLP

                                                         */s/ Robert A. Van Nest*
                                                  By:    ROBERT A. VAN NEST
                                                         Attorneys for Defendant
                                                         GOOGLE INC.

| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - # 184325<br>canderson@kvn.com<br>DANIEL PURCELL - # 191424<br>dpurcell@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415 391 5400<br>Facsimile: 415 397 7188 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second Street, Suite 2300<br>San Francisco, CA 94105<br>Tel: 415.318.1200<br>Fax: 415.318.1300 |
| KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER<br>(*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (Pro Hac Vice)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212.556.2100<br>Fax: 212.556.2222 | IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Tel: 650.328.8500<br>Fax: 650.328.8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>  Defendant. | Case No. 3:10-cv-03651 WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOOGLE INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Hon. William Alsup |

I.      INTRODUCTION

Pursuant to the Court's suggestion in the March 28, 2012 pretrial conference, March 28, 2012 Hrg. Tr. at 119-120, Google moves that three issues be deemed undisputed for purposes of this trial.  First, Google moves to deem undisputed the statement:  "The Java programming language is open and free for anyone to use."  Second, Google moves to deem undisputed the statement: "The names of the Java language API files, packages, classes, and methods are not protected by copyright law."  Third, Google moves to deem undisputed the statement: "Aside from a nine-line function that Oracle accuses Google of copying, Oracle does not contend that Android's source code in any of the accused APIs was copied from the source code used in the Java platforms."  These issues cannot seriously be disputed.  Google proposed to Oracle that these three issues are undisputed, but Oracle refused to stipulate to any of these statements as written.  Oracle's refusal to accept the consequences of its own concessions—and the Court's express rulings—would only further complicate an already complex trial.

II.     ARGUMENT

     **A.      The Java programming language is open and free for anyone to use.**

Throughout this case, counsel for Oracle has repeatedly stated that the Java programming language is free to use and open to anybody.  Oracle cannot back away from these admissions on the eve of trial.[1]  Examples of Oracle's statements that the Java language is free and open include the following.

> THE COURT: But you admit that the **Java programming language is open to anybody**.
>
> MR. JACOBS: **Yes**.

Jul. 21, 2011 Hrg. Tr. at 50:18-20 (emphasis added).

> THE COURT**:** I'm just wondering about the theory since – I don't know enough about this to say, but some people would have thought that Java was in the public

---

[1] In responding to this proposed stipulation, Oracle stated that it "may be amenable to a stipulation to that effect," but required in return that Google stipulate that the Java APIs and class libraries "are distinct from the language."  Unlike the fact that the Java language is open and free to use, which Oracle has repeatedly acknowledged in this case, the extent to which the Java APIs and class libraries are distinct from the language or, as Sun's own publications state, "fundamental" to the language, is a contested issue in the case.

> domain and that nobody owned it, because many people have been hearing about Java for 30 years, so how could anybody own it?
>
> MR. JACOBS: Well, it depends on what "it" is, your honor.
>
> THE COURT: All right.
>
> MR. JACOBS: So, for example, **the Java Programming Language, we're not asserting that we own that programming language for purposes of this case.** But we are asserting, obviously, with respect to the patents that we have patent rights.

Feb. 9, 2011 Hrg. Tr. at 8:8-20 (emphasis added).

> [MR. JACOBS]: And, of course, just as anyone could write a new novel in the English language, even if the English language was an invented language and protectable, **the Java language is free for application programmers, free for them to use.**

March 28, 2012 Hrg. Tr. at 81:6-9 (emphasis added).

> [MR. JACOBS]: What we have said is **we are making no claim for the protectability under copyright of the Java programming language**, in and of itself. So the analytical move I don't think we have to make is to somehow explain –
>
> THE COURT: I think you've said in the past that anyone can use the Java progressing [sic] language.
>
> MR. JACOBS: We have, because **we make no claim that that is a violation of our copyright rights**.

Sept. 15, 2011 Hrg. Tr. at 12:17-25 (emphases added). The Court has also recognized that, for the purposes of this case, Oracle has dedicated the Java programming language to the public for its free use.

> [THE COURT]: On the other hand, we are not in 1995. We're in 2012. And along the way **Oracle has dedicated to the public domain, as far as this case is concerned anyway, the use of the Java programming language.**

March 28, 2012 Hrg. Tr. at 67:22-25 (emphasis added).

Based on these representations by Oracle's counsel, which the Court recognized at the March 28, 2012 hearing, the Court should deem undisputed what Oracle has repeatedly conceded: The Java programming language is open and free for anyone to use. Oracle's refusal to stipulate to this issue will only result in confusing the jury as to what is at issue in this case.

**B.   The names of the Java language API files, packages, classes, and methods are not protected by copyright law.**

In its ruling on Google's Motion for Summary Judgment, the Court held that the names of

2

the Java language API files, packages, classes, and methods are not protected by copyright law. This issue is therefore the law of the case, and cannot be disputed. Google should be able to tell jurors that this point is established so the jurors can focus on what actually matters in the case.

In its summary judgment ruling, the Court noted: "Google argues that 'the names of the Java language API files, packages, classes, and methods are not protectable as a matter of law' (Br. 17). **This order agrees**. Because names and other short phrases are not subject to copyright, the names of the various items appearing in the disputed API package specifications are not protected." Sept. 15, 2011 MSJ Order [Dkt No. 433] at 7:27-8:2 (emphasis added). The Court reiterated later in the decision that it "found that the names of the various items appearing in the disputed API package specifications are not protected by copyright on account of the words and short phrases doctrine." *Id.* at 8:22-23. At the March 28, 2012 hearing, the Court confirmed this point: "The Court has already ruled that the use of the names is not protectable. Like 'square root' is not protectable." March 28, 2012 Hrg. Tr. at 68:1-2.

The Court should therefore deem it undisputed that: The names of the Java language API files, packages, classes, and methods are not protected by copyright law. Oracle should not be allowed to confuse the jurors as to a simple fact that the Court has already decided.

**C.  Aside from a nine-line function that Oracle accuses Google of copying, Oracle does not contend that Android's source code in any of the accused APIs was copied from the source code used in the Java platforms.**

Aside from 11 files, Oracle has never claimed that Google copied any code directly from any version of Java. Of those 11 files, Oracle has conceded that only 3 of those are in the APIs. And of those three files, Oracle has conceded that only 1, the rangeCheck function, is actually source code (*i.e.*, code that is compiled onto the phones). The Court should therefore deem it undisputed that, aside from rangeCheck, Oracle does not contend that Android's source code in any of the accused APIs was copied from the source code used in the Java platforms.

First, Oracle's counsel has stated that of the 11 instances of alleged literal copying, only 3 of the allegedly copied files were in the APIs. For example, at the March 28, 2012 hearing, Oracle's counsel had the following exchange with the Court:

> [THE COURT]: So I want to start by asking basic fundamentals. Are the 11 instances of actual copying part of the 37 API source code? So let's start with Mr. Jacobs.
>
> MR JACOBS: In certain cases yes, Your Honor. **Three of the 11 files are part of the Java APIs**. Specifically, Google copied from java.util.Arrays.java into two Android files, rangeCheck. And Google copied from java.security.CodeSource.java **the comments into the test file** that Intel contributed to Harmony. And Google copied from java.security.CollectionCertStoreParameters.java **into the test file** that Intel contributed to Harmony. The **other eight files are part of the implementation but are not part of the specification**.

March 28, 2012 Hrg. Tr. at 4:13-5:1 (emphases added). Shortly thereafter, Oracle's counsel made this same representation again:

> THE COURT: Okay. Now, what are the other eight, then?
>
> MR. JACOBS: The **other eight are in other parts of Android**. They aren't in the libraries that implement the 37 APIs.

*Id.* at 21-25 (emphasis added). It is therefore an undisputed fact that of the 11 files that Oracle claims were copied from Java, only 3 were in the APIs.

Second, Oracle's counsel also agreed that of those 3 files that were in the APIs, the 2 that consisted only of comments were not compiled on a phone, and hence were not source code. The Court initially had the following exchange with Google's counsel:

> THE COURT: Comments? Do you mean by that the specifications, or do you mean –
>
> MR. KWUN: No.
>
> THE COURT: -- the part of it that is so-called plain English to the user?
>
> MR. KWUN: It's in the source code file, but **it's not actual source code**. It's commentary –
>
> THE COURT: Not compiled.
>
> MR. KWUN: Right. So when you compile it, if you remove that text, it has no effect –
>
> THE COURT: Comments don't get compiled, do they?
>
> MR. KWUN: They don't.
>
> THE COURT: So **it's just to help the writer of the source code follow what's being done by the source code**.

*Id.* at 11:12-20 (emphases added). Oracle's counsel agreed with this discussion. Mr. Jacobs said:

4

"So we're on comments now. And we have a common understanding of comments. **I agree with the previous discussion**." *Id.* at 23:23-24 (emphasis added). Thus, Oracle's counsel agreed that of the 11 files, only 3 were in the APIs, and only 1 of those, the rangeCheck function, is actually source code (*i.e.* compiled onto a phone).

Oracle's counsel also acknowledged that, other than the uncopyrightable API declarations, the source code for the APIs in Android is different than that in Java.

> THE COURT: All right. So once you get past the declarations, is your source code different than the Java source code?
>
> MR. KWUN: Yes.
>
> THE COURT: Is that part agreed to?
>
> MR. JACOBS: Yes, Your Honor.

*Id.* at 41:12-17. The Court later acknowledged Oracle's concession, stating: "The code within the APIs used by Google is not the same code." *Id.* at 68:3.

Oracle's refusal to acknowledge that only a miniscule amount of source code is alleged to have been copied will result in confusing the jury into thinking that this case is primarily about copied source code.[2] To the contrary, the alleged literal copying is so minor that Oracle has not even based a damages claim on it. The jury should not be led down a false path that disguises the central issue in this case, which is whether Google was authorized to incorporate the selection, structure and arrangement of the 37 Java APIs.[3] To clarify the issues for the jury, the Court should deem it undisputed that: Aside from a nine-line function that Oracle accuses Google of copying, Oracle does not contend that Android's source code in any of the accused APIs was copied from the source code used in the Java platforms.

---

[2] At the March 28, 2012 hearing, the Court noted, in describing Oracle's description of its claims: "And I never quite know when the claim is for structure, selection, arrangement versus direct copying of source code versus copying the plain English explanation to the user. That's been very frustrating for me trying to figure that out." March 28, 2012 Hrg. Tr. at 7:22-8:1. Absent a stipulation from Oracle (or an order from this Court), the jury will surely experience the same frustrations the Court has had in trying to figure out what Oracle's claims are.

[3] To help focus the jury on the key issue in the case, Google has agreed to accept as undisputed that: "Android incorporates substantially the same selection, arrangement and structure of API elements as Java 2 SE does for the 37 API packages at issue."

| | | |
|---|---|---|
| Dated: April 5, 2012 | | KEKER & VAN NEST LLP |
| | | */s/ Robert A. Van Nest* |
| | By: | ROBERT A. VAN NEST |
| | | Attorneys for Defendant |
| | | GOOGLE INC. |