MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED
CASE NO. CV 10-03561 WHA
sf-3130064

## I. INTRODUCTION

Google's motion proposes three statements of supposedly admitted fact that would presumably be read to the jury. Each is inappropriate for that purpose. The first proposal concerning the use of the Java programming language would cause prejudicial confusion because it fails to note the distinction between the programming language and what is at issue here: the APIs and class libraries. The second proposal concerning names misreads the Court's summary judgment order and is an incomplete statement of law, not an admitted fact. The third proposal concerning Android's copying of Java API source code is both inaccurate and inappropriately argumentative.

## II. ARGUMENT

### A. Google's First Proposal—"The Java programming language is open and free for anyone to use"—Is Confusing and Misleading

Google's unauthorized copying of Oracle's Java APIs and class libraries is the focus of the copyright case. Oracle has asserted no claim regarding use of the Java programming language. The Court has recognized the importance of that distinction to Oracle's case and the potential for jury confusion. (3/28/12 Hr'g Tr. at 77:16-25 ("I promise you, there are going to be people on the jury who when they understand that you have no claim to the Java programming language, that's going to be the end of the line for them.").) By addressing only the Java programming language without addressing the APIs, Google's proposal unfairly exacerbates that potential for confusion.

In its Amended Counterclaims, Google acknowledged that the Java programming language is distinct from the Java APIs and class libraries. In the first paragraph of its Amended Counterclaims, Google admitted and alleged that the Java programming language is *distinct* from the Java runtime environment: "While they are distinct elements, the term 'Java' is commonly used to refer to the programming language, the runtime environment, as well as the platform." (Google Amended Counterclaims ¶ 1, ECF No. 51 at 13.) In the third paragraph of its Amended Counterclaims, Google admitted and alleged that the Java runtime environment includes the Java class libraries:

ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED
CASE NO. CV 10-03561 WHA
sf-3130064

1

> Upon information and belief, the Java platform comprises many different components, including utilities to assist with the development of source code written in the Java programming language, a Java compiler that converts Java programming language statements to Java bytecode, ***a Java runtime environment consisting of*** Java virtual machines written to operate on a number of different computer platforms and ***a set of standard class libraries*** that can be accessed and reused by Java platform applications to perform common software functions, such as writing to files or sorting data.

(*Id.* ¶ 3, at 14 (emphasis added).)

The statements that Google made in its pleading are judicial admissions that are conclusively binding on Google. "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); *see also Gradetech, Inc. v. Am. Emp'rs. Grp.*, No. C 06-02991 WHA, 2006 U.S. Dist. LEXIS 47047, at *9 (N.D. Cal. June 29, 2006) (holding fact asserted in another complaint was judicial admission).

Google now would like to blur the distinction between the Java programming language and the APIs at issue, as it attempts to steer the Court and jury towards its desired outcome: a finding that the Java APIs are uncopyrightable. (*See* Google's 4/3 Copyright Liability Trial Brief, ECF No. 852 at 11 ("As a purely technical matter, there is no bright line distinction between the Java programming *language* and the Java language *APIs*.") and 13 ("Java language programmers *treat* the APIs as part of the language.").) But its own pleadings prevent that.

To the extent necessary, the evidence at trial will also confirm that the Java language is distinct from the APIs. Google's copyright expert opined that "'Java' may refer to three ***very different things***: the Java programming language, the Java Application Programming Interfaces (APIs), or software source code that references and implements the APIs." (Astrachan Opening Expert Report, ECF No. 262-1 ¶ 7 (emphasis added); *see also id*. ¶ 54 ("[D]ifferent programming languages can be used to implement a particular API. In the case of Android, both the Java programming language and the C programming language were used to create code to implement the APIs at issue.").)

If the Court is inclined to read Google's statement to the jury, then the Court should also inform the jury that: "The Java APIs and class libraries are distinct from the Java programming

ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED
CASE NO. CV 10-03561 WHA
sf-3130064

2

1  language." Oracle will promptly present a motion asking the Court to do just that.

2  Google's proposal is also prejudicially misleading. In Oracle's April 3 copyright brief, Oracle explained how it provides the Java Development Kit for download by application developers, who use it to write their own Java-language programs. (ECF No. 853 at 5.) The JDK is made available under license, though without charge (*id.*), and this is the sense in which application developers are "free" and "open" to use the language. Indeed, many application developers use the tools provided in the JDK to compile the source code they write for Android applications, and they are permitted to do so. But the statement "[t]he Java programming language is open and free for anyone to use" glosses over the complexities of the licensing issues in this case. Oracle has been consistent: it is not asserting copyright claims based on the Java programming language for purposes of this case. So there is no good reason to give the jury a confusing instruction about the language.

**B.    Google's Second Proposal—"The names of the Java language API files, packages, classes, and methods are not protected by copyright law"—Misreads The Court's Order and Is a Statement of Law, not Fact**

The Court should reject Google's second proposal for two reasons. First, it misreads the Court's summary judgment order. In its summary judgment order, the Court held that a collection of names could be eligible for copyright protection:

> In finding that the names of the various items appearing in the disputed API package specifications are not protected by copyright, this order does not foreclose the possibility that the selection or arrangement of those names is subject to copyright protection. *See Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1147 (9th Cir. 2003) ("[A] combination of *unprotectable elements* is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.") (emphasis added).

(ECF No. 433 at 8.) By including only the first part and not the second, Google's proposal will mislead the jury.

Oracle will be arguing at trial that the selection, structure, and organization of thousands of names in the APIs and class libraries are protected by copyright and that Google copied them. The first is a legal issue; the second is a fact that Google has admitted. It would be prejudicial error to simply instruct the jury that "the names are not protected by copyright," which risks being

ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED
CASE NO. CV 10-03561 WHA
sf-3130064

3

1  misinterpreted to apply to the selection and arrangement of the names.  The proposal is also
2  prejudicial because it refers to the APIs as the "Java language APIs."  That is not how Oracle
3  describes the APIs.  It is a term of Google's invention to try to link the APIs to the language.  But
4  Google has conclusively admitted that the APIs and class libraries are not part of the language.

5        Second, Google's proposal is a statement of law, and not a statement of fact.  That Google
6  cites no Oracle statement in its brief (ECF No. 861 at 2-3) is conclusive: it is not an admitted fact.
7  The Court will ultimately determine what legal principles are relevant to the jury's deliberations
8  and the proper expression of those principles in jury instructions.  And because the instructions
9  will focus on the claims that are presented to the jury, it is unlikely that Google's proposal—
10 which addresses a claim that the Court has ruled out of the case (subject to appeal)—will be a
11 proper subject of instruction.

12       **C.    Google's Third Proposal—"Aside from a nine-line function that Oracle accuses Google of copying, Oracle does not contend that**
13       **Android's source code in any of the accused APIs was copied from the source code used in the Java platforms"—Is Inaccurate and**
14       **Argumentative**

15       Google's third issue is contested as well as wrong.  First, the evidence will show that
16 Google copied *thirteen* lines, because Google copied comments as well as functional code.

17       Second, Google engineers consulted Oracle's API specifications *and* source code when
18 working on Android.  The jury could well find that the Android source code was copied from
19 Oracle source code.  Google admits that Android has the same API elements and the same
20 structure, selection, and arrangement of them as Java does:

21       THE COURT:  Which part is the same?

22       MR. KWUN:  What's known as the declaration or the method signature, which is the part at the top.  Actually, in there there might be some very, very slight differences.
23       But for present purpose we can say they are the same.

24 (3/28/12 Hr'g Tr. at 40:16-20.)

25       THE COURT:  So, as I understand you, you concede that, at least as to these 37 APIs, you do use the same structure, selection, and arrangement?
26

      MR. KWUN:  Yes, Your Honor.
27

28

ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED
CASE NO. CV 10-03561 WHA
sf-3130064

4

(*Id.* at 49:23-50:1.)  Google may well have lifted the API elements and their structure, selection, and arrangement from Oracle's source code, which it demonstrably had access to.

Oracle did *not* admit that except for "nine lines" there was no source code copying.  Quite the opposite, in fact:

> THE COURT:  Pose to both sides this question.  And you answer it first since you're already here.  Except for rangeCheck, the APIs that you have, the 37 APIs in Android compared to the 37 analogs in Java, have different source code.  True?
>
> MR. KWUN:  Yes, Your Honor.
>
> THE COURT:  Let me stop there.  Agreed?
>
> MR. JACOBS:  Yes *and no*, Your Honor.
>
> THE COURT:  Okay.  Explain that part.
>
> MR. JACOBS:  *The part that closely corresponds to the words and symbols that are set forth in a specification aligns word for word.*
>
> THE COURT:  I'm just talking -- I'm only talking about the source code that gets compiled by the computer --
>
> MR. JACOBS:  Yes.
>
> THE COURT:  -- at this point. So you're saying it's yes and no.
>
> MR. JACOBS:  Because there is some code that literally you can line up word for word in that code, in that source code, the noncomment source code, the compiled source code, you can line up those words with the corresponding words in what we're calling the specification.

(*Id.* at 38:22-39:18 (emphasis added).)  At the hearing, Oracle stated that because Google's source code and Oracle's source code contain the same language, "word for word," the source code is, in part, the same.  Moreover, the selection, arrangement, and structure of the APIs that Google admitted copying could have been copied from Oracle's source code.  So the wording of Google's proposal—"Oracle does not contend that Android's source code in any of the accused APIs was copied from the source code used in the Java platforms"—is inaccurate.  It is also argumentative, as it is based on Google's argument that the API declarations are uncopyrightable.  (ECF No. 861 at 5:5.)  The Court should reject Google's third proposal.

ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED
CASE NO. CV 10-03561 WHA
sf-3130064

5

| | | |
|---|---|---|
| Dated: April 9, 2012 | | MORRISON & FOERSTER LLP |
| | | By: /s/ Michael A. Jacobs |
| | | *Attorneys for Plaintiff*<br>ORACLE AMERICA, INC. |

ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM ISSUES UNDISPUTED
CASE NO. CV 10-03561 WHA
sf-3130064

6