MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO DEEM FACTS ADMITTED BY GOOGLE**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

# NOTICE OF MOTION

PLEASE TAKE NOTICE THAT Oracle America, Inc. ("Oracle") will, and hereby does, respectfully move for administrative relief to deem the following facts admitted for purposes of trial:

1. Google has admitted that the 37 Java APIs meet the threshold for originality required by the Constitution.

2. Google has admitted that the Java programming language is distinct from the Java APIs and class libraries.

3. Google has admitted that the only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java.

4. Google has admitted: TCKs were only available from Sun, initially not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees. In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.

5. Google has admitted: Although Sun offered to open source the TCK for Java SE, Sun included field of use ("FOU") restrictions that limited the circumstances under which Apache Harmony users could use the software that the Apache Software Foundation created. Sun refused the ASF's request for a TCK license without FOU restrictions.

This Motion is based on the accompanying Memorandum of Points and Authorities, Declaration of Marc D. Peters, and the entire record in this case.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Based upon Google's concessions, Oracle moves for an order to deem the following admitted for purposes of trial:

1. Google has admitted that the 37 Java APIs meet the threshold for originality required by the Constitution.

2. Google has admitted that the Java programming language is distinct from the Java APIs and class libraries.

3. Google has admitted that the only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java.

4. Google has admitted: TCKs were only available from Sun, initially not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees. In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.

5. Google has admitted: Although Sun offered to open source the TCK for Java SE, Sun included field of use ("FOU") restrictions that limited the circumstances under which Apache Harmony users could use the software that the Apache Software Foundation created. Sun refused the ASF's request for a TCK license without FOU restrictions.

As shown below, Google has conceded these points, clearly and unequivocally. Google should now be bound by those concessions for purposes of trial.

## II.   ARGUMENT

### A.   Google has admitted that the 37 Java APIs are original under the Constitution.

"Google has admitted that the 37 Java APIs meet the threshold for originality required by the Constitution." The Court should deem the underlined statement admitted. Google stated in its March 23 Reply Copyright Liability Trial Brief:

> The [API] packages as a whole, however, are not completely lacking in originality. Thus, while reserving the right to present evidence that many aspects of the APIs are unoriginal, Google does not dispute that the APIs as a whole meet the "extremely low" threshold for originality required by the Constitution. ***The jury therefore need not be asked to address whether the APIs are original.***

(ECF No. 823 at 9 (emphasis added).)

1    Google confirmed there is no dispute about the API's originality.  Holding Google to its
2    concession now is appropriate.  The parties have briefed copyright issues extensively.  Google
3    made its concession deliberately.  *See Leorna v. United States*, 105 F.3d 548, 551 n.2 (9th Cir.
4    1997) (holding statement in opening brief was binding admission); *Am. Title Ins. Co. v. Lacelaw
5    Corp.*, 861 F.2d 224, 227 (9th Cir. 1988) (adopting the holding of the Tenth Circuit that
6    statements contained in a party's trial brief "may be considered admissions of the party in the
7    discretion of the district court"); *Barnett v. Cnty. of Contra Costa*, No. C-04-4437-THE, 2007
8    U.S. Dist. LEXIS 8131, at *9-10 (N.D. Cal. Jan. 24, 2007) (holding party bound to statements
9    made in briefs).  Google is resisting making the admission, claiming it did not agree to originality
10   of the 37 APIs at issue.  However, because Google affirmatively stated that there was no need to
11   take the issue of originality to the jury, it cannot claim it was only making a partial concession
12   that does not dispose of this issue.  The Court should hold Google to its admission by deeming
13   the issue of originality to have been conceded by Google in Oracle's favor.

### B.  Google has admitted that the Java programming language is distinct from the Java APIs and class libraries.

"<u>Google has admitted that the Java programming language is distinct from the Java APIs and class libraries.</u>"  The Court should deem the underlined statement admitted.

In the Court's April 11 Order (ECF No. 896), the Court identified a dispute between the parties about whether the Java APIs and class libraries are part of or distinct from the Java programming language.  Oracle asks the Court to read to the jury Google's admissions on this point and so has filed this "deemed-admitted" motion.

In its Amended Counterclaims, Google admitted and alleged that the Java programming language is distinct from the class libraries.  Google stated in the first paragraph that the Java programming language is ***distinct*** from the Java runtime environment:  "***While they are distinct elements***, the term 'Java' is commonly used to refer to the programming language, the runtime environment, as well as the platform."  (Google Amended Counterclaims ¶ 1, ECF No. 51 at 13 (emphasis added).)  Google stated in the third paragraph that the "Java runtime environment" includes the Java class libraries:

> Upon information and belief, the Java platform comprises many different components, including utilities to assist with the development of source code written in the Java programming language, a Java compiler that converts Java programming language statements to Java bytecode, ***a Java runtime environment consisting of*** Java virtual machines written to operate on a number of different computer platforms and ***a set of standard class libraries*** that can be accessed and reused by Java platform applications to perform common software functions, such as writing to files or sorting data. (*Id.* ¶ 3 at 14 (emphasis added).)

Google's statements in its operative pleading are judicial admissions that conclusively bind Google. "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title*, 861 F.2d at 226; *see also Gradetech, Inc. v. Am. Emp'rs Grp.*, No. C 06-02991 WHA, 2006 U.S. Dist. LEXIS 47047, at *9 (N.D. Cal. June 29, 2006) (holding fact asserted in another complaint was judicial admission).

Google's copyright expert confirmed that the language is different from the APIs and class libraries. He stated that "'Java' may refer to three ***very different*** things: the Java programming language, the Java Application Programming Interfaces (APIs), or software source code that references and implements the APIs." (Astrachan Opening Expert Report, ECF No. 262-1, at ¶ 7 (emphasis added); *see also id*. at ¶ 54 ("[D]ifferent programming languages can be used to implement a particular API. In the case of Android, both the Java programming language and the C programming language were used to create code to implement the APIs at issue.").)

The Court should hold these concessions against Google.

**C.    Google has admitted that the only way to demonstrate compatibility with a Java specification is through a Sun TCK.**

"Google has admitted that the only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java." The Court should deem the underlined statement admitted. In its Amended Counterclaims, Google admitted and alleged this exact point:

> The only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java.

(Google Amended Counterclaims ¶ 6, ECF No. 51 at 15.) Google's statements in its operative

pleading are judicial admissions that conclusively bind Google. *Am. Title*, 861 F.2d at 226; *see also Gradetech*, 2006 U.S. Dist. LEXIS 47047, at *9.

### D. Google has admitted that TCKs were only available from Sun, and carried additional license terms and fees.

The Court should deem the underlined statement admitted by Google:

<u>TCKs were only available from Sun, initially not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees. In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.</u>

In its Amended Counterclaims, Google admitted and alleged this exact point:

> Importantly, however, TCKs were only available from Sun, initially were not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees. In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.

(Google Amended Counterclaims ¶ 6, ECF No. 51 at 15.) Google's statements in its operative pleading are judicial admissions that conclusively bind Google. *Am. Title*, 861 F.2d at 226; *see also Gradetech*, 2006 U.S. Dist. LEXIS 47047, at *9.

### E. Google has admitted that Sun refused the Apache Software Foundation's request for a TCK license without field of use restrictions.

The Court should deem the underlined statement admitted by Google:

<u>Although Sun offered to open source the TCK for Java SE, Sun included field of use ("FOU") restrictions that limited the circumstances under which Apache Harmony users could use the software that the Apache Software Foundation created. Sun refused the ASF's request for a TCK license without FOU restrictions.</u>

In its Amended Counterclaims, Google admitted and alleged this same point:

> For example, in August of 2006, the Apache Software Foundation ("ASF"), a not-for-profit corporation that provides organizational, legal, and financial support for open source software projects, attempted to obtain a TCK from Sun to verify Apache Harmony's compatibility with Java. ***Although Sun eventually offered to open source the TCK for Java SE, Sun included field of use ("FOU") restrictions that limited the circumstances under which Apache Harmony users could use the software that the ASF created, such as preventing the TCK from being executed on mobile devices. In April of 2007, the ASF wrote an open letter to Sun asking for either a TCK license without FOU restrictions***, or an explanation as to why Sun was "protect[ing] portions of Sun's commercial Java business at the expense of ASF's open software" and violating "Sun's public promise that any Sun-led specification [such as Java] would be fully implementable and distributable as open source/free software." ***However, Sun continued to refuse the ASF's requests.***

(Google Amended Counterclaims ¶ 7, ECF No. 51 at 15-16 (emphasis added).) Google's statements in its operative pleading are judicial admissions that conclusively bind Google. *Am. Title*, 861 F.2d at 226; *see also Gradetech*, 2006 U.S. Dist. LEXIS 47047, at *9.

### III. CONCLUSION

The Court should hold Google to its concessions and deem the above matters admitted.

Dated: April 12, 2012          MORRISON & FOERSTER LLP

                               By:  /s/ Michael A. Jacobs

                               *Attorneys for Plaintiff*
                               ORACLE AMERICA, INC.