# EXHIBIT 2

| | |
|---|---|
| **From:** | Matthias Kamber <MKamber@kvn.com> |
| **Sent:** | Wednesday, April 11, 2012 5:43 PM |
| **To:** | Peters, Marc D.; 'dalvik-KS@KSLAW.com'; DALVIK-KVN; 'GT_Google@gtlaw.com' |
| **Cc:** | 'Oracle-Google@BSFLLP.com'; Oracle-ProjectX |
| **Subject:** | RE: Oracle v. Google - proposed admissions |

Marc,

Thanks for being flexible; I will dial in at 6:15.

With respect to the proposed admissions, Google is willing to agree to a slightly modified form of the first two, as follows:

1. The Java APIs as a whole meet the low threshold for originality required by the Constitution.
2. For the 37 accused API packages, Android and Java 2 SE Version 5.0 have substantially the same selection, arrangement and structure of API elements.

With respect to requests 3-6, Google does not agree.

Matthias

---

**From:** Peters, Marc D. [mailto:MDPeters@mofo.com]
**Sent:** Wednesday, April 11, 2012 5:32 PM
**To:** Matthias Kamber; 'dalvik-KS@KSLAW.com'; DALVIK-KVN; 'GT_Google@gtlaw.com'
**Cc:** 'Oracle-Google@BSFLLP.com'; Oracle-ProjectX
**Subject:** Re: Oracle v. Google - proposed admissions

Matthias,

Let's talk at 6:15pm. I have some constraints on the later side and it would be good for us to see where we are.

Marc

---

**From**: Matthias Kamber [mailto:MKamber@kvn.com]
**Sent**: Wednesday, April 11, 2012 05:23 PM
**To**: Peters, Marc D.; 'dalvik-KS@KSLAW.com' <dalvik-KS@KSLAW.com>; DALVIK-KVN <DALVIK-KVN@kvn.com>; 'GT_Google@gtlaw.com' <GT_Google@gtlaw.com>
**Cc**: 'Oracle-Google@BSFLLP.com' <Oracle-Google@BSFLLP.com>; Oracle-ProjectX
**Subject**: RE: Oracle v. Google - proposed admissions

Marc,

As a practical matter, it would be better to have the call at 6 pm (or even later). I am about to send you some proposed edits on the joint statement, as well as responses to some of the other issues you have raised today. I would like to give you a chance to consider those before we talk.

1

When we have the call, let's use the following dial-in:

Toll Free Dial In:  877-699-4804

Participant Passcode:  682 831

Matthias

---

**From:** Peters, Marc D. [mailto:MDPeters@mofo.com]
**Sent:** Wednesday, April 11, 2012 5:05 PM
**To:** Matthias Kamber; 'dalvik-KS@KSLAW.com'; DALVIK-KVN; 'GT_Google@gtlaw.com'
**Cc:** 'Oracle-Google@BSFLLP.com'; Oracle-ProjectX
**Subject:** RE: Oracle v. Google - proposed admissions

Matthias,

5:30 still good?  At what number should I call you?

Marc

---

**From:** Peters, Marc D.
**Sent:** Wednesday, April 11, 2012 12:59 PM
**To:** 'MKamber@kvn.com'; 'dalvik-KS@KSLAW.com'; 'DALVIK-KVN@kvn.com'; 'GT_Google@gtlaw.com'
**Cc:** 'Oracle-Google@BSFLLP.com'; Oracle-ProjectX
**Subject:** Re: Oracle v. Google - proposed admissions

Yes, we can push that call later.

Marc

---

**From**: Matthias Kamber [mailto:MKamber@kvn.com]
**Sent**: Wednesday, April 11, 2012 12:48 PM
**To**: Peters, Marc D.; dalvik-KS (dalvik-KS@KSLAW.com) <dalvik-KS@KSLAW.com>; DALVIK-KVN <DALVIK-KVN@kvn.com>; 'GT_Google@gtlaw.com' (GT_Google@gtlaw.com) (GT_Google@gtlaw.com) <GT_Google@gtlaw.com>
**Cc**: Oracle-Google (Oracle-Google@BSFLLP.com) <Oracle-Google@BSFLLP.com>; Oracle-ProjectX
**Subject**: RE: Oracle v. Google - proposed admissions

Marc,

We are considering Oracle's proposal and determining whether Google can stipulate to any of Oracle's proposed admissions; however, we will need some additional time to respond.  Could we wrap this into our scheduled discussion of the statement of copyright issues, pushing that call back to 5:30 or 6:00 pm?

Regards,

Matthias

---

**From:** Peters, Marc D. [mailto:MDPeters@mofo.com]
**Sent:** Tuesday, April 10, 2012 11:37 PM

2

**To:** dalvik-KS (dalvik-KS@KSLAW.com); DALVIK-KVN; 'GT_Google@gtlaw.com' (GT_Google@gtlaw.com) (GT_Google@gtlaw.com)
**Cc:** Oracle-Google (Oracle-Google@BSFLLP.com); Oracle-ProjectX
**Subject:** Oracle v. Google - proposed admissions

Dear counsel,

Please let me know by 3pm Wednesday if Google will stipulate to one or more of the admissions identified in the attached proposed order. The factual and legal support for these admissions is found in the attached draft motion.

Best regards,
Marc




Marc David Peters, Ph.D.
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
650-813-5932 tel
650-251-3834 direct fax
650-494-0792 fax
mdpeters@mofo.com

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------


----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i)

3

avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------

| | |
|---|---|
| 1 | MORRISON & FOERSTER LLP |
| | MICHAEL A. JACOBS (Bar No. 111664) |
| 2 | mjacobs@mofo.com |
| | KENNETH A. KUWAYTI (Bar No. 145384) |
| 3 | kkuwayti@mofo.com |
| | MARC DAVID PETERS (Bar No. 211725) |
| 4 | mdpeters@mofo.com |
| | DANIEL P. MUINO (Bar No. 209624) |
| 5 | dmuino@mofo.com |
| | 755 Page Mill Road, Palo Alto, CA  94304-1018 |
| 6 | Telephone: (650) 813-5600 / Facsimile: (650) 494-0792 |
| 7 | BOIES, SCHILLER & FLEXNER LLP |
| | DAVID BOIES (Admitted *Pro Hac Vice*) |
| 8 | dboies@bsfllp.com |
| | 333 Main Street, Armonk, NY  10504 |
| 9 | Telephone: (914) 749-8200 / Facsimile: (914) 749-8300 |
| | STEVEN C. HOLTZMAN (Bar No. 144177) |
| 10 | sholtzman@bsfllp.com |
| | 1999 Harrison St., Suite 900, Oakland, CA  94612 |
| 11 | Telephone: (510) 874-1000 / Facsimile: (510) 874-1460 |
| 12 | ORACLE CORPORATION |
| | DORIAN DALEY (Bar No. 129049) |
| 13 | dorian.daley@oracle.com |
| | DEBORAH K. MILLER (Bar No. 95527) |
| 14 | deborah.miller@oracle.com |
| | MATTHEW M. SARBORARIA (Bar No. 211600) |
| 15 | matthew.sarboraria@oracle.com |
| | 500 Oracle Parkway, Redwood City, CA  94065 |
| 16 | Telephone: (650) 506-5200 / Facsimile: (650) 506-7114 |
| 17 | *Attorneys for Plaintiff* |
| | ORACLE AMERICA, INC. |
| 18 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 22 | ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| 23 | Plaintiff, | **ORACLE AMERICA'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO DEEM FACTS ADMITTED BY GOOGLE** |
| 24 | v. | |
| 25 | GOOGLE INC. | |
| 26 | Defendant. | Dept.: Courtroom 8, 19th Floor |
| | | Judge:  Honorable William H. Alsup |
| 27 | | |

ORACLE'S NOTICE OF MOT. AND MOT. TO DEEM FACTS ADMITTED BY GOOGLE
CASE NO. CV 10-03561 WHA
sf-3130523

PLEASE TAKE NOTICE THAT Oracle America, Inc. ("Oracle") will, and hereby does, respectfully move for administrative relief to deem the following facts admitted for purposes of trial:

1. Google has admitted that the 37 Java APIs meet the threshold for originality required by the Constitution.

2. Google has admitted that Android incorporates the same selection, arrangement and structure of API elements as Java 2 SE does for the 37 API packages at issue.

3. Google has admitted that the Java programming language is distinct from the Java APIs and class libraries.

4. Google has admitted that the only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java.

5. Google has admitted:  TCKs were only available from Sun, initially not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees.  In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.

6. Google has admitted:  Although Sun offered to open source the TCK for Java SE, Sun included field of use ("FOU") restrictions that limited the circumstances under which Apache Harmony users could use the software that the Apache Software Foundation created.  Sun refused the ASF's request for a TCK license without FOU restrictions.

This Motion is based on the accompanying Memorandum of Points and Authorities, and the entire record in this case.

Dated: April 10, 2011

MICHAEL A. JACOBS
KENNETH A. KUWAYTI
MARC DAVID PETERS
DANIEL P. MUINO
MORRISON & FOERSTER LLP

By:  /s/ Michael A. Jacobs

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORACLE AMERICA'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM FACTS ADMITTED BY GOOGLE** |
| v. | |
| GOOGLE INC. | |
| Defendant. | |
| | Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

## I.     INTRODUCTION

Based upon Google's concessions, Oracle moves for an order to deem the following admitted for purposes of trial:

1. Google has admitted that the 37 Java APIs meet the threshold for originality required by the Constitution.

2. Google has admitted that Android incorporates the same selection, arrangement and structure of API elements as Java 2 SE does for the 37 API packages at issue.

3. Google has admitted that the Java programming language is distinct from the Java APIs and class libraries.

4. Google has admitted that the only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java.

5. Google has admitted: TCKs were only available from Sun, initially not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees. In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.

6. Google has admitted: Although Sun offered to open source the TCK for Java SE, Sun included field of use ("FOU") restrictions that limited the circumstances under which Apache Harmony users could use the software that the Apache Software Foundation created. Sun refused the ASF's request for a TCK license without FOU restrictions.

As shown below, Google has conceded these points, clearly and unequivocally. Google should now be bound by those concessions for purposes of trial.

## II.     ARGUMENT

### A.     Google has admitted that the 37 Java APIs are original under the Constitution.

"Google has admitted that the 37 Java APIs meet the threshold for originality required by the Constitution." The Court should deem the underlined statement admitted. Google stated in its recent Reply Copyright Liability Trial Brief:

> The [API] packages as a whole, however, are not completely lacking in originality. Thus, while reserving the right to present evidence that many aspects of the APIs are unoriginal, ***Google does not dispute that the APIs as a whole meet the "extremely low" threshold for originality required by the Constitution***.

(ECF No. 823 at 9 (emphasis added).) Google's next sentence confirmed there is no dispute

about the originality of the APIs: "The jury therefore need not be asked to address whether the APIs are original." (*Id.*)

Holding Google to its concession now is appropriate. The parties have briefed copyright issues extensively. Google made its concession deliberately. *See Leorna v. United States*, 105 F.3d 548, 551 n.2 (9th Cir. 1997) (holding statement in opening brief was binding admission); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988) (adopting the holding of the Tenth Circuit that statements contained in a party's trial brief "may be considered admissions of the party in the discretion of the district court"); *Barnett v. Cnty. of Contra Costa*, No. C-04-4437-THE, 2007 U.S. Dist. LEXIS 8131, at *9-10 (N.D. Cal. Jan. 24, 2007) (holding party bound to statements made in briefs). Moreover, because Google affirmatively stated that there was no need to take the issue of originality to the jury, it cannot backtrack from that concession now and claim it was only making a partial concession that does not dispose of this issue. The Court should hold Google to its admission by deeming the issue of originality to have been conceded by Google in Oracle's favor.

**B.  Google has admitted that Android incorporates the same selection, arrangement, and structure of API elements as Java.**

"Google has admitted that Android incorporates the same selection, arrangement and structure of API elements as Java 2 SE does for the 37 API packages at issue." The Court should deem the underlined statement admitted. Google's counsel conceded this exact point at oral argument when responding to the Court's express request for an admission:

> THE COURT:  So, as I understand you, ***you concede that, at least as to these 37 APIs, you do use the same structure, selection, and arrangement?***
>
> MR. KWUN:  ***Yes, Your Honor.***

(3/28/12 Hr'g Tr. at 49:23-50:1 (emphasis added).)  Again in open court, Google's counsel reiterated the same concession moments later:

> MR. KWUN:  So if you want to be able to use this language over which no copyright claim is made, you have to, at a bare minimum, as a practical matter, and in many instances as an absolute matter, you have to implement these APIs. And you have to implement the same way because, otherwise, it would be like if I sold you a car that reversed the accelerator and the brake pedal. That would have, obviously, disastrous consequences and would make my car very unpopular. In order to have that

compatibility, *Google had to implement the API packages using the same selection, arrangement, and structure.*

(*Id.* at 50:14-24 (emphasis added).)  The Court should deem these express concessions in open court admitted by Google.  *See Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003) (by expressly conceding at oral argument that its liability was same as codefendant, appellant waived right to have its liability considered separately); *United States v. 0.95 Acres of Land*, 994 F.2d 696, 699 n.1 (9th Cir. 1993) (court held Forest Service to statement made at oral argument, conceding it would be estopped in future from asserting studies were adequate); *see also Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 613-14 (9th Cir. 2000) (concession at oral argument binding in subsequent district court proceedings).

### C. Google has admitted that the Java programming language is distinct from the Java APIs and class libraries.

<u>"Google has admitted that the Java programming language is distinct from the Java APIs and class libraries."</u>  The Court should deem the underlined statement admitted.

In its Amended Counterclaims, Google admitted and alleged that the Java programming language is distinct from the Java APIs and class libraries.  Google stated in the first paragraph that the Java programming language is ***distinct*** from the Java runtime environment:  "***While they are distinct elements***, the term 'Java' is commonly used to refer to the programming language, the runtime environment, as well as the platform."  (Google Amended Counterclaims ¶ 1, ECF No. 51 at 13 (emphasis added).)  In the third paragraph, Google stated that that "Java runtime environment" includes the Java class libraries:

> Upon information and belief, the Java platform comprises many different components, including utilities to assist with the development of source code written in the Java programming language, a Java compiler that converts Java programming language statements to Java bytecode, ***a Java runtime environment consisting of*** Java virtual machines written to operate on a number of different computer platforms and ***a set of standard class libraries*** that can be accessed and reused by Java platform applications to perform common software functions, such as writing to files or sorting data.

(*Id.* ¶ 3 at 14 (emphasis added).)

Google's statements in its operative pleading are judicial admissions that are conclusively binding on Google.   "Factual assertions in pleadings and pretrial orders, unless amended, are

considered judicial admissions conclusively binding on the party who made them." *Am. Title*, 861 F.2d at 226; *see also Gradetech, Inc. v. Am. Emp'rs Grp.*, No. C 06-02991 WHA, 2006 U.S. Dist. LEXIS 47047, at *9 (N.D. Cal. June 29, 2006) (holding fact asserted in another complaint was judicial admission).

Google's copyright expert confirmed that the language is different from the APIs and class libraries. He stated that "'Java' may refer to three *different* things: the Java programming language, the Java Application Programming Interfaces (APIs), or software source code that references and implements the APIs." (Astrachan Opening Expert Report, ECF No. 262-1, at ¶ 7 (emphasis added); *see also id*. at ¶ 54 ("[D]ifferent programming languages can be used to implement a particular API. In the case of Android, both the Java programming language and the C programming language were used to create code to implement the APIs at issue.").)

The Court should hold these concessions against Google.

**D.     Google has admitted that the only way to demonstrate compatibility with a Java specification is through a Sun TCK.**

"Google has admitted that the only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java." The Court should deem the underlined statement admitted.

In its Amended Counterclaims, Google admitted and alleged this exact point:

> The only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java.

(Google Amended Counterclaims ¶ 6, ECF No. 51 at 15.) Google's statements in its operative pleading are judicial admissions that are conclusively binding on Google. *Am. Title*, 861 F.2d at 226; *see also Gradetech*, 2006 U.S. Dist. LEXIS 47047, at *9.

**E.     Google has admitted that TCKs were only available from Sun, and carried additional license terms and fees.**

The Court should deem the underlined statement admitted by Google:

> TCKs were only available from Sun, initially not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees. In essence, although developers were free to

<u>develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.</u>

In its Amended Counterclaims, Google admitted and alleged this exact point:

> Importantly, however, TCKs were only available from Sun, initially were not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees. In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.

(Google Amended Counterclaims ¶ 6, ECF No. 51 at 15.) Google's statements in its operative pleading are judicial admissions that are conclusively binding on Google. *Am. Title*, 861 F.2d at 226; *see also Gradetech*, 2006 U.S. Dist. LEXIS 47047, at *9.

### F. Google has admitted that Sun refused the Apache Software Foundation's request for a TCK license without field of use restrictions.

The Court should deem the underlined statement admitted by Google:

<u>Although Sun offered to open source the TCK for Java SE, Sun included field of use ("FOU") restrictions that limited the circumstances under which Apache Harmony users could use the software that the Apache Software Foundation created. Sun refused the ASF's request for a TCK license without FOU restrictions.</u>

In its Amended Counterclaims, Google admitted and alleged this same point:

> For example, in August of 2006, the Apache Software Foundation ("ASF"), a not-for-profit corporation that provides organizational, legal, and financial support for open source software projects, attempted to obtain a TCK from Sun to verify Apache Harmony's compatibility with Java. ***Although Sun eventually offered to open source the TCK for Java SE, Sun included field of use ("FOU") restrictions that limited the circumstances under which Apache Harmony users could use the software that the ASF created, such as preventing the TCK from being executed on mobile devices. In April of 2007, the ASF wrote an open letter to Sun asking for either a TCK license without FOU restrictions***, or an explanation as to why Sun was "protect[ing] portions of Sun's commercial Java business at the expense of ASF's open software" and violating "Sun's public promise that any Sun-led specification [such as Java] would be fully implementable and distributable as open source/free software." ***However, Sun continued to refuse the ASF's requests.***

(Google Amended Counterclaims ¶ 7, ECF No. 51 at 15-16 (emphasis added).) Google's statements in its operative pleading are judicial admissions that are conclusively binding on Google. *Am. Title*, 861 F.2d at 226; *see also Gradetech*, 2006 U.S. Dist. LEXIS 47047, at *9.

### III. CONCLUSION

The Court should hold Google to its concessions and deem the above matters admitted.

|  |  |
|---|---|
| Dated: April 10, 2012 | MORRISON & FOERSTER LLP |
|  | By:  /s/  Michael A. Jacobs |
|  | *Attorneys for Plaintiff*<br>ORACLE AMERICA, INC. |

| | |
|---|---|
| 1 | MORRISON & FOERSTER LLP |
|   | MICHAEL A. JACOBS (Bar No. 111664) |
| 2 | mjacobs@mofo.com |
|   | MARC DAVID PETERS (Bar No. 211725) |
| 3 | mdpeters@mofo.com |
|   | DANIEL P. MUINO (Bar No. 209624) |
| 4 | dmuino@mofo.com |
|   | 755 Page Mill Road |
| 5 | Palo Alto, CA  94304-1018 |
|   | Telephone: (650) 813-5600 / Facsimile: (650) 494-0792 |
| 6 | |
|   | BOIES, SCHILLER & FLEXNER LLP |
| 7 | DAVID BOIES (Admitted *Pro Hac Vice*) |
|   | dboies@bsfllp.com |
| 8 | 333 Main Street |
|   | Armonk, NY  10504 |
| 9 | Telephone: (914) 749-8200 / Facsimile: (914) 749-8300 |
|   | STEVEN C. HOLTZMAN (Bar No. 144177) |
| 10 | sholtzman@bsfllp.com |
|   | 1999 Harrison St., Suite 900 |
| 11 | Oakland, CA  94612 |
|   | Telephone: (510) 874-1000 / Facsimile: (510) 874-1460 |
| 12 | |
|   | ORACLE CORPORATION |
| 13 | DORIAN DALEY (Bar No. 129049) |
|   | dorian.daley@oracle.com |
| 14 | DEBORAH K. MILLER (Bar No. 95527) |
|   | deborah.miller@oracle.com |
| 15 | MATTHEW M. SARBORARIA (Bar No. 211600) |
|   | matthew.sarboraria@oracle.com |
| 16 | 500 Oracle Parkway |
|   | Redwood City, CA  94065 |
| 17 | Telephone: (650) 506-5200 / Facsimile: (650) 506-7114 |
| 18 | *Attorneys for Plaintiff* |
|   | ORACLE AMERICA, INC. |
| 19 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | CASE NO. CV 10-03561 WHA |
| Plaintiff, | **[PROPOSED] ORDER GRANTING ORACLE AMERICA'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM FACTS ADMITTED BY GOOGLE** |
| v. | |
| GOOGLE INC. | |
| Defendant. | Judge:  Honorable William H. Alsup |

The Court has read and considered Oracle's Motion for Administrative Relief to Deem Facts Admitted by Google. Based on the arguments presented in the motion, the pleadings on file, and any other relevant matter, the following facts shall be deemed admitted for purposes of the upcoming trial:

1. Google has admitted that the 37 Java APIs meet the threshold for originality required by the Constitution.

2. Google has admitted that Android incorporates the same selection, arrangement and structure of API elements as Java 2 SE does for the 37 API packages at issue.

3. Google has admitted that the Java programming language is distinct from the Java APIs and class libraries.

4. Google has admitted that the only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java.

5. Google has admitted: TCKs were only available from Sun, initially not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees. In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.

6. Google has admitted: Although Sun offered to open source the TCK for Java SE, Sun included field of use ("FOU") restrictions that limited the circumstances under which Apache Harmony users could use the software that the Apache Software Foundation created. Sun refused the ASF's request for a TCK license without FOU restrictions.

IT IS SO ORDERED.

Date: _____

Honorable William H. Alsup
Judge of the United States District Court