MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **ORACLE AMERICA'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF REGARDING STATEMENT TO JURY** |
| v. | |
| GOOGLE INC. | |
| Defendant. | Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1       PLEASE TAKE NOTICE THAT Oracle America, Inc. ("Oracle") will, and hereby does, respectfully move for administrative relief to supplement this statement to the jury, "The names of the various items appearing in the disputed API package specifications, such as names of API files, packages, classes, and methods, are not protected", with the following proposed language:

> The selection or arrangement of the names of the various items in the API package specifications may still be protected by copyright if those names are numerous enough and their selection and arrangement original enough that their combination constitutes an original work.  The Court will instruct the jury on this issue following the close of evidence.

This Motion is based on the accompanying Memorandum of Points and Authorities, Declaration of Marc Peters, and the entire record in this case.

Dated:  April 12, 2011

MICHAEL A. JACOBS
KENNETH A. KUWAYTI
MARC DAVID PETERS
DANIEL P. MUINO
MORRISON & FOERSTER LLP

By:  /s/ Michael A. Jacobs

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

| | |
|---|---|
| 1 | MORRISON & FOERSTER LLP |
|   | MICHAEL A. JACOBS (Bar No. 111664) |
| 2 | mjacobs@mofo.com |
|   | KENNETH A. KUWAYTI (Bar No. 145384) |
| 3 | kkuwayti@mofo.com |
|   | MARC DAVID PETERS (Bar No. 211725) |
| 4 | mdpeters@mofo.com |
|   | DANIEL P. MUINO (Bar No. 209624) |
| 5 | dmuino@mofo.com |
|   | 755 Page Mill Road, Palo Alto, CA 94304-1018 |
| 6 | Telephone: (650) 813-5600 / Facsimile: (650) 494-0792 |
| 7 | BOIES, SCHILLER & FLEXNER LLP |
|   | DAVID BOIES (Admitted *Pro Hac Vice*) |
| 8 | dboies@bsfllp.com |
|   | 333 Main Street, Armonk, NY 10504 |
| 9 | Telephone: (914) 749-8200 / Facsimile: (914) 749-8300 |
|   | STEVEN C. HOLTZMAN (Bar No. 144177) |
| 10 | sholtzman@bsfllp.com |
|   | 1999 Harrison St., Suite 900, Oakland, CA 94612 |
| 11 | Telephone: (510) 874-1000 / Facsimile: (510) 874-1460 |
| 12 | ORACLE CORPORATION |
|   | DORIAN DALEY (Bar No. 129049) |
| 13 | dorian.daley@oracle.com |
|   | DEBORAH K. MILLER (Bar No. 95527) |
| 14 | deborah.miller@oracle.com |
|   | MATTHEW M. SARBORARIA (Bar No. 211600) |
| 15 | matthew.sarboraria@oracle.com |
|   | 500 Oracle Parkway, Redwood City, CA 94065 |
| 16 | Telephone: (650) 506-5200 / Facsimile: (650) 506-7114 |
| 17 | *Attorneys for Plaintiff* |
|   | ORACLE AMERICA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORACLE AMERICA'S MOTION FOR ADMINISTRATIVE RELIEF REGARDING STATEMENT TO JURY** |
| v. | |
| GOOGLE INC. | |
| Defendant. | |
| | Dept.: Courtroom 8, 19th Floor |
| | Judge: Honorable William H. Alsup |

## I.     INTRODUCTION

In light of the Court's Order Granting in Part Google's Motion to Deem Issues Undisputed, Oracle moves for an order to supplement this statement to the jury: "The names of the various items appearing in the disputed API package specifications, such as names of API files, packages, classes, and methods, are not protected." (ECF No. 896.) Immediately after this statement, the jury should also be told:

> The selection or arrangement of the names of the various items in the API package specifications may still be protected by copyright if those names are numerous enough and their selection and arrangement original enough that their combination constitutes an original work. The Court will instruct the jury on this issue following the close of evidence.

As shown below, the core of Oracle's proposed follow-on statement is drawn directly from the Court's summary judgment order regarding the copyright claim. (ECF No. 433.) More importantly, the proposed follow-on statement is necessary to avoid jury confusion. Before filing this motion, Oracle proposed the follow-on statement to Google. It refused Oracle's request for a stipulated statement to the jury.

## II.    ARGUMENT

Oracle submits that the jury should hear this complete and balanced statement of the Court's summary judgment ruling:

> The names of the various items appearing in the disputed API package specifications, such as names of API files, packages, classes, and methods, are not protected.
>
> The selection or arrangement of the names of the various items in the API package specifications may still be protected by copyright if those names are numerous enough and their selection and arrangement original enough that their combination constitutes an original work. The Court will instruct the jury on this issue following the close of evidence.

The latter, proposed follow-on statement is needed to avoid jury confusion. If the jury will be told part of the Court's ruling as a pre-instruction at the outset of the trial, completeness requires that they be told the rest of the ruling, and that the jury will also be instructed further at the close of evidence. Otherwise, the jury will not get the whole description of what is at issue, and there is a significant risk that they will believe that no aspect of the names of the elements in the API package specifications may be protectable under copyright law, which is incorrect and contrary to

ORACLE'S MEMO ISO MOTION RE STATEMENT TO JURY
CASE NO. CV 10-03561 WHA
sf-3132020

1

the Court's ruling. The jury will not appreciate, much less understand, that they should wait for the Court to instruct them further.

The sequencing of this complete statement of ruling, and its core language, are drawn directly from the Court's summary judgment order:

> In finding that the ***names of the various items appearing in the disputed API package specifications are not protected by copyright***, this order does ***not foreclose the possibility that the selection or arrangement of those names is subject to copyright protection***. See Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1147 (9th Cir. 2003) ("[A] combination of *unprotectable elements* is eligible for copyright protection only ***if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work*** of authorship.") (emphasis added).

(ECF No. 433 at 8 (bolded italics added). As such, Oracle's proposed follow-on statement accurately reflects the Court's order on summary judgment. (If the Court prefers, Oracle is willing to adopt the wording of the summary judgment order verbatim.) Thus, the same rationale for instructing the jury on the unprotectability of API names applies equally for giving Oracle's proposed follow-on statement. (ECF No. 896.) Lastly, Oracle's proposed follow-on statement is needed to present the hotly disputed copyrightability issue in a fair and balanced way.

In the alternative, it would eliminate the risk of jury confusion if the Court would refrain from reading to the jury, or permitting Google to refer to, the statement regarding the uncopyrightability of names until the Court is ready to instruct the jury on what is copyrightable.

## III.   CONCLUSION

For the reasons above, directly following this statement to the jury, "The names of the various items appearing in the disputed API package specifications, such as names of API files, packages, classes, and methods, are not protected," the jury should also be told: "The selection or arrangement of the names of the various items in the API package specifications may still be protected by copyright if those names are numerous enough and their selection and arrangement original enough that their combination constitutes an original work. The Court will instruct the jury on this issue following the close of evidence."

1 | Dated: April 12, 2012           MORRISON & FOERSTER LLP

2 | By: /s/ Michael A. Jacobs

3 | *Attorneys for Plaintiff*
    ORACLE AMERICA, INC.