| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - # 84065 | DONALD F. ZIMMER, JR. - #112279 |
| rvannest@kvn.com | fzimmer@kslaw.com |
| CHRISTA M. ANDERSON - # 184325 | CHERYL A. SABNIS - #224323 |
| canderson@kvn.com | csabnis@kslaw.com |
| DANIEL PURCELL - # 191424 | 101 Second Street, Suite 2300 |
| dpurcell@kvn.com | San Francisco, CA 94105 |
| 633 Battery Street | Tel: 415.318.1200 |
| San Francisco, CA 94111-1809 | Fax: 415.318.1300 |
| Telephone: 415 391 5400 | |
| Facsimile: 415 397 7188 | |
| | |
| KING & SPALDING LLP | GREENBERG TRAURIG, LLP |
| SCOTT T. WEINGAERTNER | IAN C. BALLON - #141819 |
| (*Pro Hac Vice*) | ballon@gtlaw.com |
| sweingaertner@kslaw.com | HEATHER MEEKER - #172148 |
| ROBERT F. PERRY | meekerh@gtlaw.com |
| rperry@kslaw.com | 1900 University Avenue |
| BRUCE W. BABER (Pro Hac Vice) | East Palo Alto, CA 94303 |
| 1185 Avenue of the Americas | Tel: 650.328.8500 |
| New York, NY 10036 | Fax: 650.328.8508 |
| Tel: 212.556.2100 | |
| Fax: 212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03651 WHA |
| Plaintiff, | **GOOGLE INC.'S OPPOSITION TO ORACLE AMERICA, INC.'S MOTION FOR ADMINISTRATIVE RELIEF REGARDING STATEMENT TO JURY** |
| v. | |
| GOOGLE INC., | Dept.: Courtroom 8, 19th Floor |
| Defendant. | Judge: Hon. William Alsup |

---

GOOGLE'S OPPOSITION TO ORACLE'S ADMINISTRATIVE MOTION RE STATEMENT TO JURY
Case No. 3:10-CV-03561 WHA

649088.01

The Court should reject Oracle's "motion for administrative relief," which is actually just an improper motion for reconsideration of the Court's order deeming admitted the fact that the names of the Java API packages at issue in this case are not protected by copyright, as the Court found last year in its summary-judgment ruling.  Oracle contends that it would be misleading to tell the jury that the names are not copyrightable without also telling them that, in some circumstances, the structure, selection, and arrangement of those names *might* be copyrightable. But this is exactly the argument that Oracle made last week, in its opposition to Google's motion to deem admitted the non-copyrightability of the names.  Oracle Opp'n to Google Admin. Mot. [Dkt. 882] at 3-4.  There, Oracle argued that "to simply instruct the jury that 'the names are not protected by copyright'" would "risk[ ] being misinterpreted to apply to the selection and arrangement of the names."  *Id.*  Oracle's present motion is devoted solely to rearguing this point. That alone is reason enough to deny it.

Moreover, Oracle's requested "clarification" is a general statement of copyright law that can, and should, wait for jury instructions.  Telling the jury at the outset that the structure, selection, and arrangement of the API package names *might* be copyrightable is a vague statement of the law whose relevance is contingent on facts the Court and the jury have not yet heard.  It would not be helpful.  It is not a definitive finding, like the Court's ruling that the names themselves are not copyrightable.  There are many statements related to the copyrightability of the structure, selection, and arrangement of the APIs that *might* be true, depending on how the record develops at trial:

- "A copyright, we have seen, bars use of the particular 'expression' of an idea in a copyrighted work but does not bar use of the 'idea' itself." *Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738, 741 (9th Cir. 1971). "[I]deas themselves are not protected by copyright and cannot therefore be infringed." *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1507 (9th Cir. 1987).

- Where an idea and the expression merge, and  "are thus inseparable, copying the 'expression' will not be barred, since protecting the 'expression' in such circumstances would confer a monopoly of the 'idea.'" *Rosenthal Jewelry,* 446 F.2d at 742.

- Any elements of the APIs that are "functional requirements for compatibility" are not protected by copyright.  *Sega Enters. Ltd. v. Accolade, Inc.,* 977 F.2d 1510, 1522 (9th Cir. 1992).

- "Under the *scenes a faire* doctrine, protection is denied to those elements of a program that have been dictated by external factors." *Baystate Techs. v. Bentley Sys.*, 946 F. Supp. 1079, 1088 (D. Mass. 1996).

- Even if the structure, selection, and arrangement of the APIs are copyrightable under all of the above legal principles, any use of that structure by Google could be a fair use and therefore not an infringement.

Simply flagging complex legal issues like these for the jury at the start of trial would raise myriad questions and answer none of them.  That is what careful and focused jury instructions are for— and the sensible time to issue such instructions is at the close of evidence, when any instructions can and should be tailored to reflect the evidence actually offered at trial, as well as the Court's conclusions of law on copyrightability.  The Court invited the parties to move to deem undisputed narrow, identifiable issues that had been conclusively resolved, like the copyrightability of names.  The Court did not invite the parties to suggest general statements of copyright law.

        The Court should deny Oracle's motion for reconsideration.

Dated:  April 13, 2012                                   KEKER & VAN NEST LLP

                                                   */s/ Robert A. Van Nest*
                                    By:   ROBERT A. VAN NEST

                                              Attorneys for Defendant
                                              GOOGLE INC.