KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415.391.5400
Fax: 415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S OPPOSITION TO ORACLE AMERICA'S MOTION TO SUPPLEMENT THE JOINT EXHIBIT LIST**<br><br>Dept.:　　Courtroom 8, 19th Floor<br>Judge:　　Hon. William Alsup |

## I.   INTRODUCTION

This Court's procedures are designed to allow for an orderly designation and exchange of exhibits, permitting the parties to lodge their objections in a timely fashion and take into account the universe of evidence that will be available at trial, and thereafter shape their case accordingly. Oracle was well aware of the dozens of exhibits it now seeks to add many months prior to making a motion seeking to add them. Indeed, it even stated its intention to seek to add exhibits to the list last December. But rather than raising the issue of additional exhibits in a timely fashion, it chose to delay until well into the parties' preparations for trial, and then to file a motion seeking to add a slew of exhibits late at night one business day prior to trial commencing. The record shows that Oracle has known that it wished to add exhibits to the list for months now, but never displayed any diligence in sharing with Google what those exhibits were. Oracle's eleventh hour motion to add new materials to the trial exhibit list should be denied.

## II.   ARGUMENT

### A.   Oracle has not shown diligence in seeking to supplement the exhibit list

As Oracle correctly notes, the parties submitted their joint trial exhibit list on October 7, 2011, in anticipation of the then-current trial date of October 31, 2011. ECF No. 508. The parties have been working since that time to *reduce* the number of exhibits on the trial exhibit list, both by removing duplicated exhibits, and by removing exhibits that the parties no longer believe are necessary in light of changes to the contours of the case since October of 2011.

On December 13, 2011 (four months ago today), counsel for Oracle indicated to counsel for Google that Oracle might desire to add certain exhibits to the trial exhibit list. Declaration of Eugene M. Paige in Support of Google Inc.'s Opposition to Oracle America's Motion to Supplement the Joint Exhibit List ("Paige Decl.") ¶ 2. A few days later, the parties held an in-person meet and confer on the exhibit list at Morrison & Foerster's Palo Alto offices. On the evening of Friday, December 16, counsel for Oracle forwarded a revised copy of the exhibit list, making certain corrections, and promising to provide the additional exhibits that Oracle wished to add "later in a separate email." Paige Decl. Ex. 1. The next business day, counsel for Google responded with some corrections made by Google, and observed that Oracle had not yet sent the

1

1  list of proposed additions for Google's consideration.  Paige Decl. Ex. 2.

2  Despite its indication that it would forward the exhibits it wished to add, and Google's follow up request for those documents, Oracle never provided the exhibits that it had indicated it wished to add to the exhibit list in December during the ensuing several months.  Three months later, with trial drawing near, counsel for Google wrote to follow up on the corrections to the exhibit list Google had provided in December.  Paige Decl. Ex. 3.  Oracle responded that it was working on those corrections to the list, and that it would send "a few inadvertently omitted exhibits that Oracle would like to include."  Paige Decl. Ex. 4.  Finally, late at night on Wednesday, March 28, 2012 -- just three and a half weeks before trial -- Oracle for the *first time* provided Google with a list of some 57 exhibits it wished to add to the joint exhibit list.  Paige Decl. Ex. 5.  Given that Oracle had known that it wanted to add exhibits for months (without revealing what those proposed additions were) and how close the parties were to trial at that point, Google believed that it would be improper to expand the universe of documents available for trial, and declined to agree to adding to the exhibit list at that late date.  The Court should preserve the orderly preparation of materials for trial and deny Oracle's motion.

### B. Oracle has known of some of these documents for a very long time, and did not timely seek to supplement as to those that it allegedly became aware of later

None of Oracle's cited cases permitted supplementation of an exhibit list after such a lack of diligence.  *Jackson v. Herrington*, 2011 U.S. Dist. LEXIS 49503 (W.D. Ky. May 6, 2011), dealt with "exhibits that Defendants have listed in their pretrial disclosures but did not list on their initial disclosures."  *Id.* at *8.  In other words, the materials at issue were *on* the exhibit list, not part of a request to supplement it.  *Procter & Gamble Co. v. Haugen*, 2007 U.S. Dist. LEXIS 15795 (D. Utah Mar. 2, 2007) did not "allow[] supplementation" of an exhibit list as Oracle claims; it denied a motion to exclude witnesses and exhibits not listed in pretrial disclosures, while expressly finding that the "failure to list the witnesses and exhibits was inadvertent." *Id.* at *10.  As explained below, none of the materials that Oracle now seeks to add to the exhibit list could be fairly characterized as inadvertently omitted.  Moreover, even if these were merely inadvertent omissions on Oracle's part, that would not end the inquiry: "'inadvertently' leaving

2
GOOGLE'S 4/12/12 COPYRIGHT LIABILITY TRIAL BRIEF
Case No. 3:10-CV-03561 WHA

649090.01

1 the photos off the exhibit list does not show the requisite good cause.  Furthermore, Defendants'
2 appeal to the absence of prejudice is weak because the absence of prejudice alone does not equate
3 to good cause."  *Seely v. Archuleta*, 2011 U.S. Dist. LEXIS 91576, at *39-*40 (D. Colo. Aug. 17,
4 2011) (citation omitted) (denying motion to amend exhibit list).

### 1.  Sun license agreement with Danger (Part III.A)

Oracle's failure to include this document on the initial October trial exhibit list is inexplicable.  Oracle does not deny that it was well aware of the document throughout the case; indeed, it attaches multiple deposition transcripts in which its counsel repeatedly questioned witnesses about the subject matter of the document, some of them from as early as May 2011.  Yet its only explanation for failing to designate it in the first instance is that its significance was enhanced when two damages experts later discussed it in their reports.  Oracle has been well aware of the license throughout the course of the case, and made a choice in October not to include it as among the documents it would use at trial.  Oracle should not now be permitted to add this document at the eleventh hour.

### 2.  Documents Google long ago produced (Parts III.B and VII)

Oracle offers no explanation as to why the April 20, 2006 email chain and the April 29, 2009 email chain were not included on its initial exhibit list.  The April 2009 email involves a witness with whom Oracle has been concerned for some time.  It was produced in discovery by Google, and was created two and a half years before Oracle submitted its exhibit list.  The April 2006 email chain was likewise produced by Google and in existence more than five years prior to submission of the exhibit list.

Moreover, Oracle admits that it knew of the April 2006 email on October 3, when it reviewed Dr. Leonard's expert report.  It could have contacted Google about adding it to the exhibit list shortly thereafter, or at the latest provided it to Google when the parties discussed the exhibit list in December.  Oracle claims that Google will not be prejudiced since Google itself has been aware of these documents for some time.  But if that were the only inquiry, there would be no reason to have an orderly exhibit list process; parties could simply put into evidence whatever documents they wished so long as they originated with their opponents.  That is not the law, is not

conducive to orderly trial preparation, and offers no reason to allow Oracle to add these documents at this late date.

### 3. Documents relating to Tim Bray and John Rizzo (Part I)

Oracle claims that Tim Bray and John Rizzo "first surfaced in this case on October 3, 2011." That is not true. Oracle *itself* identified Mr. Bray as a "relevant custodian" in a letter of March 1, 2011, seven months prior to that date. Paige Decl. Ex. 6. And Google expressly identified Mr. Rizzo as a witness on whom it may rely to support its claims and defenses in a July 6, 2011 Amended Initial Disclosure Statement, three months before the exhibit list was submitted. Paige Decl. Ex. 7 at 7. Oracle was thus well aware of the existence of both of these witnesses, and had every opportunity to include the listed documents prior to the October exchange of exhibit lists.

Even leaving aside Oracle's knowledge of the significance of these witnesses early on in the case, Oracle admits that it knew of the relevance of these documents no later than November 30, 2011, when it deposed Messrs. Rizzo and Bray. There is no reason that Oracle could not have made this request in a timely fashion shortly after those depositions, including at the parties' meet and confer discussions in December of 2011 or shortly thereafter, if it truly believed these documents to be essential to its presentation at trial.

### 4. Additional Android Source Code (Parts V and VI)

Oracle seeks to add additional source code that Google produced in February 2011 to the exhibit list. Again, the fact that the source code that Oracle desires to use is not on the exhibit list is a problem of Oracle's own creation. As Oracle acknowledges, this source code was relied upon by Oracle at least as early as July 29, 2011, when it served Dr. Mitchell's expert report. Yet Oracle chose not to include that source code on the exhibit list. Instead, Oracle has included on the exhibit list source code that Google produced in July of 2011. This is the source code to which Oracle refers in its motion as Trial Exhibit 46. Mot. at 5:11-12. Google has told Oracle that it does not object to Oracle creating excerpts of exhibits that have been made a part of the exhibit list, like that July 2011 source code production. Paige Decl. Ex. 8. However, Oracle's request to add other source code that Google had timely produced to it throughout discovery, and

1  that could have been, but was not, placed on the exhibit list in a timely fashion, should be denied.

2  With respect to Oracle's request to add source code that it purportedly downloaded just

3  last month from the Internet, the asserted reason that Oracle wishes to use this belated exhibit is

4  to contradict arguments that it claims Google will make about the removal of certain files from

5  source code.  Of course, if the material reflected in the source code is truly contrary to the

6  testimony at trial, it could be used to impeach that testimony, and it need not be on the exhibit list

7  in order to be used in that fashion.  Therefore, Oracle has offered no justification for allowing it to

8  add this additional source code at this late date.

**5.    Publicly available documents (Parts II and IV)**

Oracle seeks to add a poster of the Java Class Libraries and an earnings call transcript from Google.  Oracle says nothing in its motion about when the poster was published, but Google understands that a poster of this sort, published in 2004, is presently available on amazon.com. Thus, the poster was available well prior to the filing of the exhibit list, and Oracle could have included it in its initial submission if it had chosen to do so.  With respect to the earnings transcript call, Oracle says only that it contains a discussion of "Android's rapid growth."  There are surely other documents that would reflect the growth of Android on the exhibit list, and nothing to suggest that the particular earnings call -- which took place just a few days after the exhibit list had been submitted -- is of special importance.  It, too, could have been brought to Google's attention at an earlier time if Oracle really felt that it needed to include the document on the list.

For the foregoing reasons, Google respectfully requests that Oracle's motion to add new documents to the exhibit list at this late stage in the case be denied.

Dated:  April 13, 2012                         KEKER & VAN NEST LLP

                                               /s/ Robert A. Van Nest
                                        By:    ROBERT A. VAN NEST

                                               Attorneys for Defendant
                                               GOOGLE INC.