KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415.391.5400
Fax: 415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S OPPOSITION TO ORACLE AMERICA'S MOTION FOR ADMINISTRATIVE RELIEF TO DEEM FACTS ADMITTED BY GOOGLE**<br><br>Dept.:   Courtroom 8, 19th Floor<br>Judge:   Hon. William Alsup |

## I.  INTRODUCTION

The facts Oracle seeks to have deemed admitted for purposes of trial include a statement that inaccurately reflects Google's concession regarding the originality of the APIs as a whole, a statement that the Court has already ruled is an issue of fact for trial, and three irrelevant and misleading statements taken from Google's Amended Answer and Counterclaims. For the reasons set forth below, the Court should deny Oracle's motion as to each of them.

## II.  ARGUMENT

### A.  Google does not deny that the APIs as a whole meet the extremely low threshold for originality required under the Constitution.

Oracle seeks to have the following statement deemed admitted: "Google has admitted that the 37 Java APIs meet the threshold for originality required by the Constitution." But the cited March 23 Reply Copyright Trial Brief does not square with Oracle's request:

> The [API] packages *as a whole*, however, are not completely lacking in originality. Thus, while reserving the right to present evidence that many aspects of the APIs are unoriginal, Google does not dispute that the APIs *as a whole* meet the "extremely low" threshold for originality required by the Constitution. The jury therefore need not be asked to address whether the APIs are original.

Dkt. No. 823 at 9 (emphasis added); Motion at 1.

There are three important differences between Google's concession and Oracle's requested "admission." First, Google conceded that the API packages "as a whole" are not completely lacking in originality for constitutional purposes. Google's concession was never limited to the 37 APIs, as Oracle's proposed statement is. Moreover, Google reserved its right to "present evidence that many aspects of the APIs are unoriginal," which would include the right to argue that portions of the 37 APIs are unoriginal. Second, Google qualified its statement by noting that the threshold for originality required by the Constitution is "extremely low." Oracle's statement removes this important qualifier, thereby threatening to mislead the jury. Third, there is no reason—other than to lend undue weight—to begin the statement with the phrase "Google admits that." As a procedural matter, this is not true. Google does not admit originality of the APIs as a whole; it has simply chosen not to dispute it. With respect to the other facts the Court deemed true, the Court adopted simple factual statements. (Dkt. No. 896.) The same should be

true here.

Notably, Google told Oracle that it was willing to stipulate to the following statement, which would have corrected for the various errors in Oracle's statement: "The Java APIs as a whole meet the low threshold for originality required by the Constitution." *See* Ex. 2 to the Decl. of Marc David Peters In Support of Oracle America's Motion for Administrative Relief to Deem Facts Admitted by Google [Dkt. No. 908-2]. Oracle declined. Instead, it asks the Court to bend Google's concession into an altogether different one. The Court should deny Oracle's request.

**B.   The Court has already ruled that whether the Java programming language is distinct from the Java APIs is a dispute for trial.**

Oracle asks the Court to tell the jury that "Google has admitted that the Java programming language is distinct from the Java APIs and class libraries." But as Oracle concedes in its brief, the Court's April 11 Order (Dkt No. 896) identifies a live dispute between the parties on this very issue. Motion at 2.

One thing is for sure, the Java programming language is open and free for anyone to use. Dkt No. 896. Whether the APIs are therefore also free and open to use is an issue for trial, regardless whether they are "distinct from" the programming language as a technical matter. It is that technical point that Google makes in its counterclaims: the term "Java" may refer to many different things, including the language, the runtime environment, and the platform. Google Amended Counterclaims, Dkt. No. 51, at 13 ¶ 1. But however one carves "Java" into its architectural sub-parts, the jury must decide whether it is possible to use one part—the programming language—without the other parts—the APIs. As such, deeming it true that the Java APIs and class libraries are "distinct from" the programming language threatens to confuse the jury. For example, the jury may be misled into believing that one can technically use the programming language standing alone, without any of the APIs, which Google contests. Because the Court has already recognized the parties' disagreement in ruling on Google's deeming motion, the Court should deny Oracle's request.

C. **Oracle's third, fourth, and fifth facts take isolated statements from Google's Amended Counterclaims out of context, and would serve only to confuse the jury.**

Each of the third, fourth, and fifth facts that Oracle moves to deem admitted consist of isolated sentences plucked from the middle of paragraphs in Google's Amended Counterclaims [Dkt. No. 51]. Elevating these out-of-context statements to judicial admissions would serve only to confuse the jury concerning the disputed issues in this case.

Further, the very cases Oracle cites undermine its suggestion that every quasi-factual statement made in any pleading constitutes a judicial admission. In *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1998), which Oracle cites throughout its brief, the Ninth Circuit held that "statements of fact contained in a brief *may* be considered admissions of the party at the discretion of the district court," and then ***affirmed*** a district court's decision ***not*** to treat a party's pleading statement as a judicial admission. *Id.* at 227-28 (emphasis in original). Courts that have found admissions have focused on very specific facts, such as the date counsel was retained, *Leorna v. United States*, 105 F.3d 548, 551 n.2 (9th Cir. 1997), the address of a company's principal place of business, *Gradetech, Inc. v. Am. Emp'rs Grp.*, No. C 06-02991 WHA, 2006 U.S. Dist. LEXIS 47047, at *9 (N.D. Cal. Jun. 29, 2006), or whether a plaintiff class was limited to those arrested for misdemeanors as opposed to felonies, *Barnett v. County of Contra Costa*, No. C-04-4437-THE, 2007 U.S. Dist. LEXIS 8131, at *9-10 (N.D. Cal. Jan. 24, 2007). On the other hand, "conduct requiring elaboration does not constitute a judicial admission—to become an admission, the conduct must be 'deliberate, clear, and unequivocal.'" *Truckstop.Net, L.L.C. v. Sprint Communications Co., L.P.*, 537 F. Supp. 2d 1126, 1136 (D. Id. 2008) (quoting *Heritage bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 329 (5th Cir. 2001)).

Google's purported "admissions" here do not meet this test. The third and fourth "facts" that Oracle moves to deem admitted are selections from a longer paragraph in Google's Amended Counterclaim criticizing the way in which Sun open-sourced Java. Google wrote:

> Upon information and belief, Sun also released the specifications for Sun's Java platform, including Sun's Java virtual machine, under a free-of-charge license that can be found at http://java.sun.com/docs/books/jls/third_edition/html/jcopyright.html and http://java.sun.com/docs/books/jvms/second_edition/html/Copyright.doc.html,

3
GOOGLE'S OPPOSITION TO ORACLE'S MOTION TO DEEM FACTS ADMITTED
Case No. 3:10-CV-03561 WHA

649089.01

> respectively.  The license allows developers to create "clean room" implementations of Sun's Java specifications.  If those implementations demonstrate compatibility with the Java specification, then Sun would provide a license for any of its intellectual property needed to practice the specification, including patent rights and copyrights. One example of a "clean room" implementation of Sun's Java is Apache Harmony, developed by the Apache Software Foundation. The only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ("TCK") for a particular edition of Sun's Java.  Importantly, however, TCKs were only available from Sun, initially were not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees. In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.

Google's Amended Counterclaims, Dkt. No. 51, at 15 ¶ 6.

Oracle pulls two statements from their context in the middle of this paragraph and asks the Court to treat them as standalone admissions.  First, it moves to deem admitted that "the only way to demonstrate compatibility with the Java specification is by meeting all of the requirements of Sun's Technology Compatibility Kit ('TCK') for a particular edition of Sun's Java."  Motion at 3.  In the above paragraph, this sentence merely describes one of Sun's license requirements: that Java implementations using Sun's intellectual property had to satisfy Sun's definition of compatibility.  In other words, the sentence simply describes Sun's tautological approach to defining "compatibility with the Java specification."  For Sun, that phrase meant anything that satisfied the TCK.  What actual, substantive "compatibility" might mean could be very different.  Oracle is trying to treat Google's *criticism* of Sun's tautological definition of "compatibility" as an *admission* of the correctness of that definition.  That is baseless.

Second, Oracle moves to deem admitted that:

> TCKs were only available from Sun, initially not available as open source, were provided solely at Sun's discretion, and included several restrictions, such as additional licensing terms and fees.  In essence, although developers were free to develop a competing Java virtual machine, they could not openly obtain an important component needed to freely benefit from Sun's purported open-sourcing of Java.

Motion at 4.  As above, this sentence is confusing and misleading when viewed in isolation.  It includes numerous phrases, such as "competing Java virtual machine," "important component," "freely benefit," and "purported open-sourcing of Java" that make sense only when read together

with earlier parts of the paragraph.  Moreover, the context of this paragraph is another criticism of Sun—the fact that Sun's purported decision to open source the ***entire Java platform***, including its source code implementations of the virtual machine, was deceptive because Sun required developers using those open-source implementations to pass the TCK, for which Sun charged a fee.  Divorced from that context, the statement can be misinterpreted in numerous ways, including suggesting that a TCK was required in order to use the Java APIs.  Again, this is inconsistent with the Court's recognition of a live dispute as to whether the Java APIs are part of the programming language.

The fifth point that Oracle moves to deem admitted is an isolated statement from another paragraph in Google's Counterclaim.  Specifically, Oracle moves to deem admitted that "Although Sun offered to open source the TCK for Java SE, Sun included field of use ('FOU') restrictions that limited the circumstances under which Apache Harmony users could use the software that the Apache Software Foundation created.  Sun refused the ASF's request for a TCK license without FOU restrictions."  Motion at 4.  This sentence comes from the middle of a section in Google's Counterclaims that describes how Oracle first encouraged Sun to grant Apache a TCK license for Harmony, and then opposed granting Apache such a license after acquiring Sun.  Google's Amended Counterclaims, Dkt. No. 51, at 15-17 ¶¶ 7-9.  As Google has argued elsewhere, *see, e.g.*, Dkt. No. 831, Apache's goal in obtaining a TCK license was to call itself "Java."  Once Sun sought to impose FOU restrictions on its TCK license, Apache refused to take the license and continued to distribute Harmony, including its independent implementations of the Java APIs.  Sun never suggested that Apache, without obtaining such a license, could not distribute Harmony, including for use in mobile devices.  Indeed, Jonathan Schwartz, Sun's CEO, specifically endorsed Apache's distribution of Harmony.  TX 2341 ("[T]here is no reason that Apache cannot ship Harmony today.").  Moreover, Oracle's statement is false.  Sun never finally refused Apache's request; it was ***Oracle*** who did that after buying Sun.  Again, Oracle is trying to confuse the jury into thinking that Sun required that Apache have a license to distribute Harmony for use in mobile devices, when in fact the evidence will show that Sun objected only to Apache calling Harmony "Java."  Google never admitted the contrary.

| | | |
|---|---|---|
| Dated: April 13, 2012 | | KEKER & VAN NEST LLP |
| | By: | /s/ Robert A. Van Nest<br>ROBERT A. VAN NEST |
| | | Attorneys for Defendant<br>GOOGLE INC. |