KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

KING & SPALDING  LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

GREENBERG TRAURIG, LLP
IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. 3:10-cv-03651 WHA<br><br>**GOOGLE INC.'S MOTION *IN LIMINE* RE PRESENTATION OF FINANCIAL EVIDENCE AND TESTIMONY**<br><br>Dept.:     Courtroom 8, 19th Floor<br>Judge:    Hon. William Alsup |

1  Google moves *in limine* to exclude several pieces of financial evidence and testimony that
2  Oracle has given notice it intends to present in the first phase of trial, which is limited to
3  copyright issues, and in its opening statement. The Court should exclude some of this evidence
4  entirely; proof of the amounts ▮
5  ▮ is not relevant to any phase of the trial and would confuse the jury
6  and prejudice Google. Evidence about Google's Android finances is relevant only to the third
7  phase of trial on damages, and Oracle should wait until then to seek to admit it.

8  Federal Rule of Evidence 402 makes clear that "[i]rrelevant evidence is not admissible."
9  Fed. R. Evid. 402. Evidence is irrelevant if it does not tend to make a material fact more or less
10 probable than it would be without the evidence. Fed. R. Evid. 401(a)-(b). Further, under Federal
11 Rule of Evidence 403, even relevant evidence may be excluded "if its probative value is
12 substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing
13 the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative
14 evidence." Fed. R. Evid. 403.

**A.  Evidence of Oracle's purported valuations of Sun's software businesses, including "Java," should be excluded entirely (including from opening statements).**

*First,* Oracle has given notice that it may discuss in its opening statement, and intends to present in the copyright phase during the testimony of its Chief Executive Officer Larry Ellison, evidence of Oracle's ▮ and its eventual purchase of Sun's software assets. In particular, Oracle has disclosed that it intends to sponsor through Ellison a March 12, 2009 letter from Oracle to Sun wherein Oracle ▮

▮

▮

▮ Trial Exhibit ("TX") 2038.[1]

---

[1] Oracle may respond that Google designated TX 2038 and thus cannot object to Oracle using the document at trial. But this Court's standing order on jury trials makes clear that Google may still assert hearsay objections. Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases ¶ 22, at 11-12 (rev. March 15, 2012). TX 2038 is a letter from Ellison, on Oracle's behalf, to Sun management, and is thus self-serving and inadmissible hearsay if offered affirmatively by Oracle for the truth of Oracle's ▮ *See* Fed. R. Evid. 802. Moreover, the standing order also preserves even a designating party's prejudice objections under Rule 403. *Id.*

1  This evidence is not relevant to any phase of trial, and certainly not the first phase of trial
2  regarding copyrights. Nothing about the amount Oracle ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
3  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ tends to prove that Oracle's Java API packages are
4  copyrightable, that Google copied the Java API packages or source code, that Google's use of the
5  Java API packages was or was not fair, that Sun and Oracle unreasonably delayed in asserting
6  claims related to the copyrights, or any other issue to be decided in the first copyright phase of
7  trial. In fact, that evidence is not relevant even to the damages phase of trial. Oracle's
8  entitlement to damages will not be determined by the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
9  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ None of the damages experts in this case have used
10 Oracle's ▬▬▬▬▬▬ or any other Oracle valuation of "Java," as the basis of their damages
11 analyses. To the contrary, *all* of the damages experts, including Oracle's Dr. Iain Cockburn, have
12 calculated a royalty based on the potential proceeds to Sun and Google from the abandoned
13 technology partnership at issue in the 2006 Sun-Google negotiations. Alternatively, the experts
14 have calculated copyright damages based on a portion of Google's Android profits—but that has
15 nothing to do with a valuation of Sun's software assets, either. Not only is this evidence
16 irrelevant and inadmissible under Rule 402, it would be prejudicial, confusing, misleading, and a
17 waste of time under Rule 403. It would tend to suggest to the jury, at the very outset of the case,
18 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ that is far larger than any of the
19 damages calculations any of the experts will present for the intellectual property actually at issue.
20 The danger of prejudice is even greater because the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
21 ▬▬▬▬▬▬▬▬▬▬ than the intellectual property at issue in the case. Indeed, that ▬▬▬▬
22 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬) Finally, even if the
23 ▬▬ could be relevant to something (and it isn't), its relevance would be limited to damages. If
24 Oracle is allowed to offer evidence of its ▬▬▬▬▬▬▬▬ at all, it should wait for phase three.
25      Accordingly, Google moves to exclude any such evidence and testimony under Rules 402
26 and 403. With respect to Ellison's letter specifically, Google moves to exclude that evidence
27 under Rules 403 and 802, because it is inadmissible hearsay in addition to being prejudicial and
28 misleading to the jury.

**B.  Evidence of Google's Android financials, revenues, costs, and profits should not be presented in this phase of trial but should wait for the damages phase, if any.**

*Second,* Oracle has also announced its intention to present during the copyright phase the deposition testimony of Aditya Agarwal, Google's corporate designee under Rule 30(b)(6) on Android finances.  Google agrees that evidence of Android's revenues, costs, and profits could be relevant to damages issues, but it is not relevant to any copyright issue.  Accordingly, the Court should exclude Agarwal's testimony on those subjects (and any other, similar evidence, if Oracle tries to offer it) from this phase of trial under Rules 402 and 403, and direct Oracle to wait until the damages phase to present that evidence.

Dated: April 15, 2012                                                                KEKER & VAN NEST LLP

                                                                              By:   */s/ Robert A. Van Nest*
                                                                                    ROBERT A. VAN NEST

                                                                                    Attorneys for Defendant
                                                                                    GOOGLE INC.

3
GOOGLE'S MOTION *IN LIMINE* RE PRESENTATION OF FINANCIAL EVIDENCE AND TESTIMONY
Case No. 3:10-CV-03561 WHA

649371.01