MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | CASE NO. CV 10-03561 WHA<br><br>**ORACLE AMERICA INC.'S MOTION TO EXCLUDE EVIDENCE REGARDING LICENSE, IMPLIED LICENSE, AND EQUITABLE ESTOPPEL DEFENSES**<br><br>Date: April 16, 2012<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

## I. INTRODUCTION

Pursuant to the Court's procedure for trial motions (Dkt. 835, Dkt. 890), Oracle moves to preclude Google from offering evidence regarding its license, implied license, and equitable estoppel defenses that Google failed to identify in its interrogatory responses.

Google has asserted a license defense in this case, claiming that its use of the patents-in-suit was licensed. Google has also asserted defenses of implied license and equitable estoppel. Oracle propounded interrogatories seeking Google's legal and factual bases for these defenses, but Google's responses failed to provide bases for all elements. Among other things, Google did not identify a license to support its license defense, and did not disclose any evidence of actual or reasonable reliance in support of its implied license and estoppel defenses.

In particular, Google did not claim in its interrogatory responses that it was aware of, much less relied on, any statement by Jonathan Schwartz that purportedly excused Google's use of Java API specifications and patents. Accordingly, Google should not be allowed to offer into evidence TX 2260 (Nov. 5, 2007 blog post by Jonathan Schwartz) or any other evidence not disclosed in its interrogatory responses. Indeed, on March 28, 2012, the Court asked Google counsel whether "somebody from Google going to testify they saw [Mr. Schwartz's statement] and relied on it?" Counsel for Google was unable to identify any Google witness who will do so. (Mar. 28, 2012 Tr. at 91:21-92:5). Google has *never* identified any witness who will do so.

Google should be held to its disclosures.

Evidence regarding Google's defenses that goes beyond what Google provided in its interrogatory responses should be excluded from trial.

## II. ARGUMENT

### A. Oracle's Interrogatories to Google

In its Answer to Oracle's Complaint, Google raised a number of affirmative defenses, including defenses of license, implied license, and equitable estoppel. (Google's Answer to Plaintiff's Amended Complaint (Dkt. 51), pp. 9, 11-12 (Third, Eleventh, Seventeenth, Eighteenth Defenses).)

ORACLE AMERICA INC.'S MOTION TO EXCLUDE EVIDENCE REGARDING LICENSE, IMPLIED LICENSE, AND EQUITABLE ESTOPPEL DEFENSES
CASE NO. CV 10-03561 WHA
pa-1522957

1

On December 2, 2010, Oracle propounded interrogatories to Google to ascertain the bases for these affirmative defenses (Plaintiff Oracle America's First Set of Interrogatories, at 2-3 (excerpts attached hereto as Exh. A)):

- In Interrogatory No. 4, Oracle asked Google to "Please explain the factual and legal bases for Google's pleading of its third affirmative defense: Patent Unenforceability (Waiver, Estoppel, Laches)."
- In Interrogatory No. 10, Oracle asked Google to "Please explain the factual and legal bases for Google's pleading of its eleventh affirmative defense: Copyright Unenforceability (Waiver, Estoppel, Laches)."
- In Interrogatory No. 15, Oracle asked Google to "Please explain the factual and legal bases for Google's pleading of its seventeenth and eighteenth affirmative defenses: License and Implied License."

Google responded to these interrogatories on January 6, 2011. (Defendant Google Inc.'s Responses to Plaintiff's Interrogatories, Set 1 (excerpts attached hereto as Exh. B).) Google's disclosure regarding the license, implied license, and estoppel defenses was limited to a scant few lines:

- In response to Interrogatories 4 and 10, Google stated: "Google further states that Oracle's actions cited herein, including statements and actions of its predecessor Sun encouraging use of the Java programming language, form the basis of Google's defenses involving waiver, estoppel and laches." Google cited no evidence establishing any reliance by Google on Oracle or Sun's alleged actions.
- In response to Interrogatory 15, Google stated: "Upon information and belief, Google expects discovery to reveal that at least some alleged direct infringers are licensed to use that program [javac]." Google did not identify any licenses supporting its defenses.

Google supplemented its responses on April 25, 2011, but did not add any evidence establishing reliance by Google on Oracle or Sun's actions and did not identify any alleged

ORACLE AMERICA INC.'S MOTION TO EXCLUDE EVIDENCE REGARDING LICENSE, IMPLIED LICENSE, AND EQUITABLE ESTOPPEL DEFENSES
CASE NO. CV 10-03561 WHA
pa-1522957

2

licenses. (Google Inc.'s Supplemental Responses to Plaintiff's Interrogatories, Set One, Nos. 4-16 (excerpts attached hereto as Exh. C).)

### B. Google Should Be Held To Its Interrogatory Response On License

Google asserted a license defense in its Answer, but provided no identification in its interrogatory response of what license was being asserted. Google's response vaguely states that "Oracle's allegations are directed toward one or more functionalities that are likely licensed by alleged direct infringers for at least some Accused Instrumentalities." (Exh. B at 40.) Google did not expand on this in its supplemental responses. Thus, Google has never disclosed any factual or legal bases for its license defense. Google cannot claim that it is a licensed user of the patents-in-suit without producing evidence of such a license.

As the Court has previously counseled, the parties risk having defenses knocked out if they fail to fully disclose their bases in response to interrogatories. (See Tr. of Apr. 6, 2011 Hearing (Dkt. 110), at 7.) At trial, Google should be limited to only what it disclosed in its response to Oracle's interrogatory concerning its license defense.

### C. Google Should Be Held To Its Interrogatory Response On Implied License

To prove a defense of implied license, Google must establish that the entire course of conduct between Oracle and Google created an implied license. *McCoy v. Mitsuboshi Cutlery*, 67 F.3d 917, 920 (Fed. Cir. 1995). This in turn requires that Oracle's conduct be such that Google reasonably inferred that Oracle consented to Google's use of the patents or copyrights. *See e.g.*, *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1581-82 (Fed. Cir. 1997). Google acknowledges this requirement in its proposed jury instructions. (*See* Parties' Joint Proposed Jury Instructions (Dkt. 539), at 145 ("Google must establish by a preponderance of the evidence that the entire course of conduct between Sun and/or Oracle and Google over the relevant time period led Google reasonably to infer consent by Sun and/or Oracle to Google's making, using, or selling products that Oracle now claims infringe the patents at issue.") Further, Google must not only establish that it inferred consent from the words or actions of Sun and Oracle – Google must

establish that it in fact acted, in a way it otherwise would not have, as a result of those words or actions. Google's disclosures contain no reference to any such evidence.

Google should be limited to presenting only the evidence it disclosed in its interrogatory response on this issue. In its response to Interrogatory No. 15, Google claimed that "in the absence of an explicit license to asserted patents and copyrights, Google and other purported infringers are entitled to an implied license based on Oracle's actions, including statements and actions of its predecessor Sun." *See Google, Inc.'s Responses to Plaintiff's Interrogatories, Set One*, at 40. Google did not, however, provide any evidence to establish that Google reasonably inferred consent by Oracle to Google's use of the patents and copyrights. *See id.* at 39-41. Indeed, Google's response to Oracle's Interrogatory No. 15 is without any assertion that Google relied upon the alleged conduct of Oracle. More recently, at the pretrial hearing, Google could not provide an answer when the Court queried as to whether it had a witness to testify that Google relied on Oracle's conduct. (*See* Tr. of March 28, 2012 Hearing (Dkt. 895), at 92.)

Google's response, devoid as it is of any evidence of Google's reliance, is not sufficient to support an implied license defense. Google should be limited at trial to the information it disclosed in its responses to Oracle's interrogatory.

### D. Google Should Be Held To Its Interrogatory Response on Equitable Estoppel

To establish its equitable estoppel defenses, Google must show, *inter alia*, that Oracle's conduct supported an inference by Google that Oracle did not intend to bring an infringement suit. *A. C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1042 (Fed. Cir. 1992) ("The patentee's conduct must have supported an inference that the patentee did not intend to press an infringement claim against the alleged infringer."). Furthermore, as Google concedes, this defense requires that "the infringer relies upon the misleading communication" to the infringer's detriment. (*See* Parties' Joint Proposed Jury Instructions (Dkt. 539), at 142.) Thus, in order to establish equitable estoppel, Google must show that it relied – that it continued with its infringement of Java copyrights and patents, rather than cease, because of the things that Oracle said and did.

ORACLE AMERICA INC.'S MOTION TO EXCLUDE EVIDENCE REGARDING LICENSE, IMPLIED LICENSE, AND EQUITABLE ESTOPPEL DEFENSES  
CASE NO. CV 10-03561 WHA  
pa-1522957

4

At trial, Google should not be permitted to present evidence on its equitable estoppel defenses beyond what was disclosed in its interrogatory responses. Google's first responses to Oracle's Interrogatory No. 4 and 10 provided no basis to establish that Google relied on Oracle's actions or representations to its detriment. (Exh. B at 13-14.) Google failed to remedy this deficiency in its supplemental responses. (Exh. C at 10.) While Google did identify conduct by Sun or Oracle allegedly supporting its estoppel defense, it offered no evidence that Google actually relied on that conduct, as is required. (*Id.*) Google offered only a conclusory statement that "Google reasonably relied on Sun's/Oracle's acquiescence and delay." (*Id.*)

Reliance for purposes of equitable estoppel requires more than Google's mere say so. Google has failed to identify a basis for equitable estoppel as a defense to either patent or copyright infringement. It is too late now for Google to attempt to provide a sufficient basis for this defense. At trial, Google should be limited to only what it disclosed in its responses to Oracle's interrogatories.

### III. CONCLUSION

Oracle propounded several interrogatories on Google requesting Google's bases for its license, implied license, and equitable estoppel defenses. Google's responses failed to provide such bases. Any evidence that Google attempts to submit now which provides those bases, including but not limited to TX 2260, goes beyond what Google disclosed n discovery, and should therefore be excluded from trial.

Dated: April 15, 2012

MORRISON & FOERSTER LLP

By: __/s/ *Michael A. Jacobs*__
    MICHAEL A. JACOBS
    Attorneys for Plaintiff
    ORACLE AMERICA, INC.

ORACLE AMERICA INC.'S MOTION TO EXCLUDE EVIDENCE REGARDING LICENSE, IMPLIED LICENSE, AND EQUITABLE ESTOPPEL DEFENSES
CASE NO. CV 10-03561 WHA
pa-1522957

5