# Exhibit B

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| ORACLE AMERICA, INC. | Case No. 3:10-cv-03561-WHA |
|---|---|
| Plaintiff, | Honorable Judge William Alsup |
| v. | **DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE** |
| GOOGLE INC. | |
| Defendant. | |

1  copying of the memory space of the master runtime system process until the child
2  runtime system process needs to modify the referenced memory space of the
3  master runtime system process," or other elements citing similar functionality.

4 Google reiterates that the above contentions are being made very prematurely and in view 5 of inadequate disclosures by Oracle, as well as in advance of any claim construction rulings. 6 Google reserves the right to amend and supplement this response as it gains more insight into 7 Oracle's contentions, as well as after any claim construction order.

8 **INTERROGATORY NO. 4:**

9 Please explain the factual and legal bases for Google's pleading of its third affirmative 10 defense: Patent Unenforceability (Waiver, Estoppel, Laches).

11 **RESPONSE:**

12 In addition to its General Objections, Google objects to this Interrogatory as it seeks 13 information protected by the attorney-client privilege, the work product doctrine, and/or any 14 other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory 15 as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible 16 information.  Google further objects to the request to "explain" factual bases as vague and 17 ambiguous.  Google further objects to any implication in this Interrogatory that Google has any 18 burden beyond what is required by any applicable statute or case law.  Google further objects to 19 any implication that the theories of patent unenforceability included under this heading in 20 Google's Answer and Counterclaims necessarily share common factual or legal bases.  Google 21 further objects to extent that certain factual contentions involved in the pleading of these theories 22 were made "upon information and belief" that, after a reasonable opportunity for further 23 investigation, Google would likely have evidentiary support.  Google has made discovery 24 requests related to this defense but has not yet received responsive information.  Inclusion of 25 Oracle's allegations in the list of facts in this response does not mean that Google agrees with the 26 veracity of the allegation, but merely references the fact that particular allegations were made. 27 Google expressly maintains all objections made in responsive pleadings.  Google further objects 28 to this Interrogatory as unnecessary in view of the specific disclosures contemplated by the

1  Patent Local Rules as well as premature at least because claim terms have not been construed
2  and any response herein is made in view of the lack of certainty with respect to the resolution of
3  the meaning of claim terms.
4      Subject to the foregoing objections and the General Objections, without waiver or
5  limitation thereof, Google states that the following facts relevant to this defense were in its
6  possession or accessible to Google at the time it pleaded this defense in its Answer and
7  Counterclaims:

- Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
- Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
- Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of the Federal Rules of Evidence.
- The patents-in-suit and their prosecution histories.
- Publicly available documents with information regarding the statements and actions of Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and Counterclaims under the heading "The Java Platform and Programming Language," as well as the information produced at GOOGLE-00305323 through GOOGLE-00305769.
- Publicly available documents with information regarding the development of the Android Platform, including the information disclosed in paragraphs 11 through 17 of the counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open Handset Alliance and Development of the Android Platform."
- Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the heading "Android and the Java Programming Language" of Google's Answer and Counterclaims. These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through GOOGLE-00320077.

    Google further states that, as reflected in Oracle's Patent Local Rule 3-1 disclosures, Oracle was aware of Android pursuant to discussions with Andy Rubin prior to Android's acquisition by Google, which are believed to have occurred at least as early as 2005. Google

1  further states that Oracle was aware of Android and the Open Handset Alliance, at least as early
2  as November 2007, as reflected by Jonathan Schwartz's public comments congratulating Google
3  and the Open Handset Alliance on the announcement of Android.  Nevertheless, Oracle waited
4  several years before bringing suit, while the Android market grew and while Google and
5  numerous handset manufacturers and other entities made significant investments in the Android
6  Platform.  Google further states that Oracle's actions, including statements and actions of its
7  predecessor Sun encouraging use of the Java programming language, form the basis of Google's
8  defenses involving waiver, estoppel and laches.  Google has a reasonable belief that the
9  discovery it requested will reveal additional evidence to support this defense and reserves the
10 right to supplement this response accordingly.

11 **INTERROGATORY NO. 5:**

12         Please explain the factual and legal bases for Google's pleading of its fourth affirmative
13 defense: Substantial Non-Infringing Uses (Patent).

14 **RESPONSE:**

15         In addition to its General Objections, Google objects to this Interrogatory as it seeks
16 information protected by the attorney-client privilege, the work product doctrine, and/or any
17 other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory
18 as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible
19 information.  Google further objects to the request to "explain" factual bases as vague and
20 ambiguous.  Google further objects to any implication in this Interrogatory that Google has any
21 burden beyond what is required by any applicable statute or case law.  Inclusion of Oracle's
22 allegations in the list of facts in this response does not mean that Google agrees with the veracity
23 of the allegation, but merely references the fact that particular allegations were made.  Google
24 expressly maintains all objections made in responsive pleadings.  Google further objects to this
25 Interrogatory as unnecessary in view of the specific disclosures contemplated by the Patent Local
26 Rules as well as premature at least because claim terms have not been construed and any
27 response herein is made in view of the lack of certainty with respect to the resolution of the
28 meaning of claim terms.

1  and design constraints); elements that have entered the public domain; and/or elements that are
2  subject to a limited number of forms of expression due to functional or other considerations.  In
3  addition, any similarities between any protectable elements of the Asserted Works and the
4  Android Platform are, at most, de minimis and not actionable.  Google has served Interrogatories
5  to obtain further details regarding Oracle's copyright allegations and requires complete responses
6  to those Interrogatories to respond more completely to this Interrogatory.  Google therefore
7  reserves the right to supplement this response accordingly.

**INTERROGATORY NO. 10:**

Please explain the factual and legal bases for Google's pleading of its eleventh affirmative defense: Copyright Unenforceability (Waiver, Estoppel, Laches).

**RESPONSE:**

In addition to its General Objections, Google objects to this Interrogatory as it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible information.  Google further objects to the request to "explain" factual bases as vague and ambiguous.  Google further objects to any implication in this Interrogatory that Google has any burden beyond what is required by any applicable statute or case law.  Google further objects to any implication that the theories of copyright unenforceability included under this heading in Google's Answer and Counterclaims necessarily share common factual or legal bases.  Google further objects to extent that certain factual contentions involved in the pleading of these theories were made "upon information and belief," that after a reasonable opportunity for further investigation, Google would likely have evidentiary support.  Google has made discovery requests related to this defense but has not yet received responsive information.  Inclusion of Oracle's allegations in the list of facts in this response does not mean that Google agrees with the veracity of the allegation, but merely references the fact that particular allegations were made.  Google expressly maintains all objections made in responsive pleadings.

Subject to the foregoing objections and the General Objections, without waiver or

limitation thereof, Google states that the following facts relevant to this defense were in its possession or accessible to Google at the time it pleaded this defense in its Answer and Counterclaims:

- Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
- Facts contained or cited in Google's Motion to Dismiss (Doc. #33).
- Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
- Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).
- Publicly available information relating to the Asserted Works including the documents produced at GOOGLE-00319933 through GOOGLE-00320071.
- Publicly available documents with information regarding the statements and actions of Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and Counterclaims under the heading "The Java Platform and Programming Language," as well as the information produced at GOOGLE-00305323 through GOOGLE-00305769.
- Publicly available documents with information regarding the development of the Android Platform, including the information disclosed in paragraphs 11 through 17 of the counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open Handset Alliance and Development of the Android Platform."
- Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the heading "Android and the Java Programming Language" of Google's Answer and Counterclaims.  These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through GOOGLE-00320077.

Google further states that, as reflected in Oracle's Patent Local Rule 3-1 disclosures, Oracle was aware of Android pursuant to discussions with Andy Rubin prior to Android's acquisition by Google, which are believed to have occurred at least as early as 2005.  Google further states that Oracle was aware of Android and the Open Handset Alliance, at least as early as November 2007, as reflected by Jonathan Schwartz's public comments congratulating Google and the Open Handset Alliance on the announcement of Android.  Nevertheless, Oracle waited

1   several years before bringing suit, while the Android market grew and while Google and
2   numerous handset manufacturers and other entities made significant investments in the Android
3   Platform.  Google further states that Oracle's actions, including statements and actions of its
4   predecessor Sun encouraging use of the Java programming language, form the basis of Google's
5   defenses involving waiver, estoppel and laches.  Google has a reasonable belief that the
6   discovery it has requested will reveal additional evidence to support this defense and reserves the
7   right to supplement this response accordingly.
8       Google further states that, upon information and belief, Oracle knew at least as early as
9   May 2005 that elements of the Android Platform were made publicly available by the Apache
10  Software Foundation under the terms of the Apache Software License version 2.0 and were
11  necessary to allow for interoperability.  Upon information and belief, Oracle has never pursued
12  any claim against the Apache Software Foundation or accused the materials created by the
13  Apache Harmony Project of infringement and it is a publicly known fact that many members of
14  the software development community have relied upon the availability of software code
15  embodied in the Apache Harmony Project materials under the terms of the Apache Software
16  License version 2.0 and used or distributed that code under those terms.  Google has a reasonable
17  belief that the discovery it has requested will reveal additional evidence to support this defense
18  and reserves the right to supplement this response accordingly.
19  **INTERROGATORY NO. 11:**
20      Please explain the factual and legal bases for Google's pleading of its twelfth affirmative
21  defense: Fair Use.
22  **RESPONSE:**
23      In addition to its General Objections, Google objects to this Interrogatory as it seeking
24  information protected by the attorney-client privilege, the work product doctrine, and/or any
25  other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory
26  as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible
27  information.  Google further objects to the request to "explain" factual bases as vague and
28  ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

1 **INTERROGATORY NO. 15**:

2 Please explain the factual and legal bases for Google's pleading of its seventeenth and
3 eighteenth affirmative defenses: License and Implied License.

4 **RESPONSE:**

5 In addition to its General Objections, Google objects to this Interrogatory as an explicit
6 multiple-part Interrogatory going to two different defenses and the following objections refer to
7 both distinct requests. Google further objects to this multi-part Interrogatory as seeking
8 information protected by the attorney-client privilege, the work product doctrine, and/or any
9 other applicable privilege, immunity, or protection. Google further objects to this multi-part
10 Interrogatory as unduly burdensome as it is not reasonably calculated to lead to the discovery of
11 admissible information. Google further objects to the request to "explain" factual bases as vague
12 and ambiguous. Google further objects to any implication in this multi-part Interrogatory that
13 Google has any burden beyond what is required by any applicable statute or case law. Google
14 further objects to extent that certain factual contentions involved in the pleading of these
15 defenses were made "upon information and belief" that, after a reasonable opportunity for further
16 investigation, Google would likely have evidentiary support. Google has served discovery
17 requests related to these defenses but has not yet received responsive information. Inclusion of
18 Oracle's allegations in the list of facts in this response does not mean that Google agrees with the
19 veracity of the allegation, but merely references the fact that particular allegations were made.
20 Google expressly maintains all objections made in responsive pleadings. Google further objects
21 to this multi-part Interrogatory as unnecessary with respect to the defenses as they pertain to
22 patent in view of the specific disclosures contemplated by the Patent Local Rules.

23 Subject to the foregoing objections and the General Objections, without waiver or
24 limitation thereof, Google states that the following facts relevant to this defense were in its
25 possession or accessible to Google at the time it pleaded these defenses in its Answer and
26 Counterclaims:

27 • Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
28 • Facts contained or cited in Google's Motion to Dismiss (Doc. #33).

1. • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
2. • Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).
3. • Publicly available information relating to the Asserted Works including the documents produced at GOOGLE-00319933 through GOOGLE-00320071.
4. • Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of the Federal Rules of Evidence.
5. • The patents-in-suit and their prosecution histories.
6. • Publicly available documents with information regarding the statements and actions of Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and Counterclaims under the heading "The Java Platform and Programming Language," as well as the information produced at GOOGLE-00305323 through GOOGLE-00305769.
7. • Publicly available documents with information regarding the development of the Android Platform, including the information disclosed in paragraphs 11 through 17 of the counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open Handset Alliance and Development of the Android Platform."
8. • Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the heading "Android and the Java Programming Language" of Google's Answer and Counterclaims. These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through GOOGLE-00320077.

Google further states that, as presently understood, Oracle's allegations are directed toward one or more functionalities that are likely licensed by alleged direct infringers for at least some Accused Instrumentalities. Because Oracle has not specified with precision the Accused Instrumentalities and alleged direct infringers, Google cannot respond more completely to this Interrogatory. By way of example, certain of Oracle's allegations with regard to the '520 patent include its own program, javac, as a component of the allegation. Upon information and belief, Google expects discovery to reveal that at least some alleged direct infringers are licensed to use that program. Until Oracle identifies on a claim by claim basis the identity of alleged direct

1 infringers performing each step of each claim and Google receives information regarding
2 Oracle's licenses, Google cannot respond more completely to this Interrogatory.
3       Google further states that in the absence of an explicit license to asserted patents and
4 copyrights, Google and other purported infringers are entitled to an implied license based on
5 Oracle's actions, including statements and actions of its predecessor Sun.  Google has a
6 reasonable belief that the discovery it has served will reveal additional evidence to support this
7 defense and reserves the right to supplement this response accordingly.
8       Google further states that, upon information and belief, Oracle knew at least as early as
9 May 2005 that elements of the Android Platform were made publicly available by the Apache
10 Software Foundation under the terms of the Apache Software License version 2.0 and were
11 necessary to allow for interoperability.  Upon information and belief, Oracle has never pursued
12 any claim against the Apache Software Foundation or accused the materials created through the
13 Apache Harmony Project of infringement and it is a publicly known fact that many members of
14 the software development community have relied upon the availability of software code
15 embodied in the Apache Harmony materials under the terms of the Apache Software License
16 version 2.0 and used or distributed that code under those terms.  Google has a reasonable belief
17 that the discovery it has requested will reveal additional evidence to support this defense and
18 reserves the right to supplement this response accordingly.
19 **INTERROGATORY NO. 16:**
20       Please explain the factual and legal bases for Google's pleading of its nineteenth
21 affirmative defense: Unclean Hands.
22 **RESPONSE:**
23       In addition to its General Objections, Google objects to this Interrogatory as it seeking
24 information protected by the attorney-client privilege, the work product doctrine, and/or any
25 other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory
26 as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible
27 information.  Google further objects to the request to "explain" factual bases as vague and
28 ambiguous.  Google further objects to any implication in this Interrogatory that Google has any

| | | |
|---|---|---|
| 1 | DATED:  January 6, 2011 | **KING & SPALDING LLP** |
| 2 | | |
| 3 | | By:  /s/ Scott T. Weingaertner |
| 4 | | |
| 5 | | SCOTT T. WEINGAERTNER (*Pro Hac Vice*)<br>sweingaertner@kslaw.com |
| 6 | | ROBERT F. PERRY<br>rperry@kslaw.com |
| 7 | | BRUCE W. BABER *(Pro Hac Vice)*<br>bbaber@kslaw.com |
| 8 | | 1185 Avenue of the Americas<br>New York, NY 10036-4003 |
| 9 | | Telephone:  (212) 556-2100 |
| 10 | | Facsimile:   (212) 556-2222 |
| 11 | | DONALD F. ZIMMER, JR. (SBN 112279)<br>fzimmer@kslaw.com |
| 12 | | CHERYL A. SABNIS (SBN 224323) |
| 13 | | csabnis@kslaw.com<br>KING & SPALDING LLP |
| 14 | | 101 Second Street – Suite 2300<br>San Francisco, CA 94105 |
| 15 | | Telephone: (415) 318-1200<br>Facsimile:  (415) 318-1300 |
| 16 | | |
| 17 | | IAN C. BALLON (SBN 141819)<br>ballon@gtlaw.com |
| 18 | | HEATHER MEEKER (SBN 172148)<br>meekerh@gtlaw.com |
| 19 | | GREENBERG TRAURIG, LLP |
| 20 | | 1900 University Avenue<br>East Palo Alto, CA 94303 |
| 21 | | Telephone: (650) 328-8500<br>Facsimile: (650) 328-8508 |
| 22 | | |
| 23 | | ATTORNEYS FOR DEFENDANT<br>GOOGLE INC. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |