# Exhibit C

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE INC.<br><br>        Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**DEFENDANT GOOGLE INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE, NOS. 4-16** |

CONFIDENTIAL

## SPECIFIC OBJECTIONS AND RESPONSES

Google's responses to Plaintiff's Interrogatories are based upon Google's current information and belief as a result of reasonable searches and inquiries. Google reserves its right to amend and supplement its responses as it learns additional facts.

### INTERROGATORY NO. 4:

Please explain the factual and legal bases for Google's pleading of its third affirmative defense: Patent Unenforceability (Waiver, Estoppel, Laches).

### SUPPLEMENTAL RESPONSE:

In addition to its General Objections, Google objects to this Interrogatory as it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection. Google further objects to this Interrogatory as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible information. Google further objects to the request to "explain" factual bases as vague and ambiguous. Google further objects to any implication in this Interrogatory that Google has any burden beyond what is required by any applicable statute or case law. Google further objects to any implication that the theories of patent unenforceability included under this heading in Google's Answer and Counterclaims necessarily share common factual or legal bases.

Google further objects to the extent that certain factual contentions involved in the pleading of these theories were made "upon information and belief" that, after a reasonable opportunity for further investigation, Google would likely have evidentiary support. Google has served discovery requests related to this defense but has not yet received completion of production of responsive information. Google further objects on the basis that Oracle has produced excessive amounts of non-responsive and irrelevant documents, produced incomplete materials in a haphazard manner, withheld what are likely the most pertinent documents to many defenses based on a broad privilege screen, removed "exception" documents with certain non-searchable attachments for manual review (which has not been completed), and inexplicably taken months to produce certain plainly relevant documents despite repeated requests and

1  assurances that it was collecting responsive documents.  The combined effect of the foregoing is
2  that review of Oracle's production has been exceedingly difficult as Google has to sift through
3  large quantities of non-responsive and irrelevant documents such as personal photographs and
4  junk e-mail.  Further, Google believes due to Oracle's approach, the most pertinent information
5  to Google's defenses has yet to be produced by Oracle despite being over half way through fact
6  discovery.

7  Inclusion of Oracle's allegations in the list of facts in this response does not mean that
8  Google agrees with the veracity of the allegation, but merely references the fact that particular
9  allegations were made.  Google expressly maintains all objections made in responsive pleadings.
10  Google further objects to this Interrogatory as unnecessary in view of the specific disclosures
11  contemplated by the Patent Local Rules as well as premature at least because claim terms have
12  not been construed and any response herein is made in view of the lack of certainty with respect
13  to the resolution of the meaning of claim terms.

14  Subject to the foregoing objections and the General Objections, without waiver or
15  limitation thereof, Google states that the following facts relevant to this defense were in its
16  possession or accessible to Google at the time it pleaded this defense in its Answer and
17  Counterclaims:

- Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
- Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
- Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of the Federal Rules of Evidence.
- The patents-in-suit and their prosecution histories.
- Publicly available documents with information regarding the statements and actions of Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and Counterclaims under the heading "The Java Platform and Programming Language," as well as the information produced at GOOGLE-00305323 through GOOGLE-00305769.

- Publicly available documents with information regarding the development of the Android Platform, including the information disclosed in paragraphs 11 through 17 of the counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open Handset Alliance and Development of the Android Platform."
- Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the heading "Android and the Java Programming Language" of Google's Answer and Counterclaims. These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through GOOGLE-00320077.

Google further states that, as reflected in Oracle's Final Patent L.R. 3-1 Contentions, Oracle was aware of Android pursuant to discussions with Andy Rubin prior to Android's acquisition by Google, which are believed to have occurred at least as early as 2005. Also, on May 26, 2006, Oracle representatives met with Andy Rubin to discuss CDC-HI and open source. *See, e.g.*, OAGOOGLE0100029446. Google further states that Sun believed Android to allegedly infringe Sun's proprietary rights at least as early as these discussions, but no later than November 15, 2007, which knowledge is properly attributed to Oracle. *See* Deposition of Andrew E. Rubin, 26:7-11; OAGOOGLE0000240996.

On information and belief, Sun never intended to assert patent infringement claims against Google relating to Android and Google relied on Sun's position. *See, e.g.*, Steve Lohr, *Software War Pits Oracle v. Google*, N.Y. Times, August 30, 2010 ("Sun eventually chose not to sue Google, the former Sun manager said, because it decided a patent lawsuit would undercut the company's open-source efforts under Jonathan Schwartz, Sun's chief executive who resigned in February after the Oracle acquisition."). In fact, former Sun CEO Jonathan Schwartz congratulated Google when Android was announced and publicly commented that "[t]oday is an incredible day for the open source community, and a massive endorsement of two of the industry's most prolific free software communities . . . ." http://blogs.sun.com/jonathan/entry/congratulations_google. In addition, in an October 24, 2008 presentation entitled "Compatibility is Optional," Sun cites to Android as an example of an

1  alleged "incompatible implementation" that Sun had been unwilling to enforce legal rights
2  against.  *See* OAGOOGLE0000110526_00002106.  In that same presentation, Sun claims that
3  "Dalvik is essentially a fine-tuned version of Java, which Google made to avoid licensing fees,"
4  but ultimately concludes that Sun should pursue a policy that "compatibility is optional" or in
5  other words, not pursue or threaten litigation against Google.  *See id.*  Further, Sun continuously
6  touted the fact that Java is meant to be open source and free.  *See, e.g.*,
7  OAGOOGLE0000110534_00121381, Java SE Open Source: Communications and Marketing
8  Plan dated October 4, 2006 (Regarding November 6th Launch: "What we'll say: 'Java is Free!'").
9  Indeed, based on this open source policy, some Sun representatives believed that they could not
10 even "sue Google . . . given this [Java] is Open Source."  *See* OAGOOGLE0000240996.
11         Nevertheless, despite Sun's publicly stated position and Google's reliance on the same,
12 Oracle (after acquiring Sun and the patents-in-suit) waited several years before bringing suit,
13 while the Android market grew and while Google and numerous handset manufacturers and
14 other entities made significant investments in the Android Platform.  ==Google further states that==
15 ==Oracle's actions cited herein, including statements and actions of its predecessor Sun==
16 ==encouraging use of the Java programming language, form the basis of Google's defenses==
17 ==involving waiver, estoppel and laches.==  Sun's / Oracle's delay was unreasonable, Google
18 reasonably relied on Sun's / Oracle's acquiescence and delay; and, if Sun or Oracle had asserted
19 claims earlier, Google could have made different choices regarding the inclusion of certain
20 elements in Android.  Sun's / Oracle's delay has been prejudicial to Google in several respects,
21 including that numerous relevant documents (including patent-related correspondence by the
22 inventors) were apparently not maintained by Sun / Oracle, memories of witnesses have faded,
23 and Google has been required to expend significant resources defending Oracle's late claims.
24 **INTERROGATORY NO. 5:**
25         Please explain the factual and legal bases for Google's pleading of its fourth affirmative
26 defense: Substantial Non-Infringing Uses (Patent).
27
28

1  operation.  To invoke the functionalities of any API (such as math.abs()), a programmer simply
2  uses the appropriate method name.  In addition, the following three Java APIs are unprotectable
3  because they were released into the public domain by their author, Doug Lea:
4  java.util.concurrent, java.util.concurrent.atomic, and java.util.concurrent.locks.
5        In addition, any similarities between any protectable elements of the Asserted Works and
6  the Android Platform are, at most, *de minimis* and not actionable.  Google has served
7  Interrogatories to obtain further details regarding Oracle's copyright allegations and requires
8  complete responses to those Interrogatories to respond more completely to this Interrogatory.
9  Google therefore reserves the right to supplement this response accordingly.
10 **INTERROGATORY NO. 10:**
11       Please explain the factual and legal bases for Google's pleading of its eleventh
12 affirmative defense: Copyright Unenforceability (Waiver, Estoppel, Laches).
13 **SUPPLEMENTAL RESPONSE:**
14       In addition to its General Objections, Google objects to this Interrogatory as it seeks
15 information protected by the attorney-client privilege, the work product doctrine, and/or any
16 other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory
17 as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible
18 information.  Google further objects to the request to "explain" factual bases as vague and
19 ambiguous.  Google further objects to any implication in this Interrogatory that Google has any
20 burden beyond what is required by any applicable statute or case law.  Google further objects to
21 any implication that the theories of copyright unenforceability included under this heading in
22 Google's Answer and Counterclaims necessarily share common factual or legal bases.  Google
23 further objects to the extent that certain factual contentions involved in the pleading of these
24 theories were made "upon information and belief," that after a reasonable opportunity for further
25 investigation, Google would likely have evidentiary support.
26       Google has served discovery requests related to this defense but has not yet received
27 completion of production of responsive information.  Google further objects on the basis that
28

1  Oracle has produced excessive amounts of non-responsive and irrelevant documents, produced
2  incomplete materials in a haphazard manner, withheld what are likely the most pertinent
3  documents to many defenses based on a broad privilege screen, removed "exception" documents
4  with certain non-searchable attachments for manual review (which has not been completed), and
5  inexplicably taken months to produce certain plainly relevant documents despite repeated
6  requests and assurances that it was collecting responsive documents. The combined effect of the
7  foregoing is that review of Oracle's production has been exceedingly difficult as Google has to
8  sift through large quantities of non-responsive and irrelevant documents such as personal
9  photographs and junk e-mail.  Further, Google believes due to Oracle's approach, the most
10 pertinent information to Google's defenses has yet to be produced by Oracle despite being over
11 half way through fact discovery.

12     Inclusion of Oracle's allegations in the list of facts in this response does not mean that
13 Google agrees with the veracity of the allegation, but merely references the fact that particular
14 allegations were made.  Google expressly maintains all objections made in responsive pleadings.

15     Subject to the foregoing objections and the General Objections, without waiver or
16 limitation thereof, Google states that the following facts relevant to this defense were in its
17 possession or accessible to Google at the time it pleaded this defense in its Answer and
18 Counterclaims:

19 • Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
20 • Facts contained or cited in Google's Motion to Dismiss (Doc. #33).
21 • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
22 • Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).
23 • Publicly available information relating to the Asserted Works including the documents
24   produced at GOOGLE-00319933 through GOOGLE-00320071.
25 • Publicly available documents with information regarding the statements and actions of
26   Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in
27   paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and
28

CONFIDENTIAL
DEFENDANT GOOGLE INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE, NOS. 4-16.
CIVIL ACTION NO. CV 10-03561-WHA

1  Counterclaims under the heading "The Java Platform and Programming Language," as well
2  as the information produced at GOOGLE-00305323 through GOOGLE-00305769.

- Publicly available documents with information regarding the development of the Android Platform, including the information disclosed in paragraphs 11 through 17 of the counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open Handset Alliance and Development of the Android Platform."

- Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the heading "Android and the Java Programming Language" of Google's Answer and Counterclaims. These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through GOOGLE-00320077.

Google expressly incorporates by references its response to Interrogatory No. 4. Google further states that, as reflected in Oracle's Patent Local Rule 3-1 disclosures, Oracle was aware of Android pursuant to discussions with Andy Rubin prior to Android's acquisition by Google, which are believed to have occurred at least as early as 2005. Also, on May 26, 2006, Oracle representatives met with Andy Rubin to discuss CDC-HI and open source. *See, e.g.*, OAGOOGLE0100029446. Google further states that Sun believed Android to allegedly infringe Sun's proprietary rights at least as early as these discussions, but no later than November 15, 2007, which knowledge is properly attributed to Oracle. *See* Deposition of Andrew E. Rubin, 26:7-11; OAGOOGLE0000240996. Google further states that Oracle was aware of Android and the Open Handset Alliance, at least as early as November 2007, as reflected by Jonathan Schwartz's public comments congratulating Google and the Open Handset Alliance on the announcement of Android.

Oracle nevertheless delayed several years before bringing suit (even though the Android source code was publicly available), while the Android market grew and while Google and numerous handset manufacturers and other entities made significant investments in the Android Platform. ==Google further states that Oracle's actions, including statements and actions of its predecessor Sun encouraging use of the Java programming language and congratulating Google==

on the launch of Android, form the basis of Google's defenses of waiver, estoppel and laches. Sun's / Oracle's delay was unreasonable, Google reasonably relied on Sun's / Oracle's acquiescence and delay; and, if Sun or Oracle had asserted claims earlier, Google could have made different choices regarding the inclusion of certain elements in Android. Sun's / Oracle's delay has been prejudicial to Google in several respects, including that numerous relevant documents (including complete copies of the Asserted Works themselves) were apparently not maintained by Sun / Oracle, memories of witnesses have faded, and Google has been required to expend significant resources defending Oracle's late claims.

Google further states that, upon information and belief, Oracle knew at least as early as May 2005 that elements of the Android Platform were made publicly available by the Apache Software Foundation under the terms of the Apache Software License version 2.0 and that use of these elements was necessary to allow for interoperability. Google further states that, upon information and belief, Oracle knew at least as early as April 2004 that elements of the Java platform were made publicly available by the GNU Project. Upon information and belief, Oracle has never pursued any claim against the Apache Software Foundation or the GNU Project or accused the materials created by the Apache Harmony Project or the GNU Classpath Project of infringement and it is a publicly known fact that many members of the software development community have relied upon the availability of software code embodied in the Apache Harmony Project materials under the terms of the Apache Software License version 2.0, or embodied in the GNU Classpath Project materials under the terms of the GNU General Public License, and used or distributed that code under those terms. Google has a reasonable belief that the discovery it has requested will reveal additional evidence to support this defense and reserves the right to supplement this response accordingly.

**INTERROGATORY NO. 11:**

Please explain the factual and legal bases for Google's pleading of its twelfth affirmative defense: Fair Use.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, Google states that the following facts relevant to this defense were in its possession or accessible to Google at the time it pleaded this defense in its Answer and Counterclaims:

- Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
- Facts contained or cited in Google's Motion to Dismiss (Doc. #33).
- Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
- Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).
- Publicly available information relating to the Asserted Works including the documents produced at GOOGLE-00319933 through GOOGLE-00320071.
- Documents relating to third parties including statements of work, which are being withheld pending third party permission to produce, and authorized contributor questionnaires produced at GOOGLE-00320078 through GOOGLE-00320235.

Google further states that Google took reasonable steps to insure that any third parties involved in the development of Android did not use or reference existing source code other than materials that were in the public domain and/or openly available through permissive (or equivalent) licenses. Examples of representations to this effect by such third parties are included in the production cited. To the extent any third party or individual did not perform its tasks according to Google's requirements, those actions were without Google's knowledge and are not attributable to Google. Google further states that it identified third parties that contributed to the development of Android in response to Interrogatory No. 1.

**INTERROGATORY NO. 15**:

Please explain the factual and legal bases for Google's pleading of its seventeenth and eighteenth affirmative defenses: License and Implied License.

**SUPPLEMENTAL RESPONSE:**

In addition to its General Objections, Google objects to this Interrogatory as an explicit multiple-part Interrogatory going to two different defenses and the following objections refer to

1  both distinct requests.  Google further objects to this multi-part Interrogatory as seeking
2  information protected by the attorney-client privilege, the work product doctrine, and/or any
3  other applicable privilege, immunity, or protection.  Google further objects to this multi-part
4  Interrogatory as unduly burdensome as it is not reasonably calculated to lead to the discovery of
5  admissible information.  Google further objects to the request to "explain" factual bases as vague
6  and ambiguous.  Google further objects to any implication in this multi-part Interrogatory that
7  Google has any burden beyond what is required by any applicable statute or case law.  Google
8  further objects to the extent that certain factual contentions involved in the pleading of these
9  defenses were made "upon information and belief" that, after a reasonable opportunity for further
10  investigation, Google would likely have evidentiary support.

11  Google has served discovery requests related to these defenses but has not yet received
12  completion of production of responsive information.  Google further objects on the basis that
13  Oracle has produced excessive amounts of non-responsive and irrelevant documents, produced
14  incomplete materials in a haphazard manner, withheld what are likely the most pertinent
15  documents to many defenses based on a broad privilege screen, removed "exception" documents
16  with certain non-searchable attachments for manual review (which has not been completed), and
17  inexplicably taken months to produce certain plainly relevant documents despite repeated
18  requests and assurances that it was collecting responsive documents. The combined effect of the
19  foregoing is that review of Oracle's production has been exceedingly difficult as Google has to
20  sift through large quantities of non-responsive and irrelevant documents such as personal
21  photographs and junk e-mail.  Further, Google believes due to Oracle's approach, the most
22  pertinent information to Google's defenses has yet to be produced by Oracle despite being over
23  half way through fact discovery.

24  Inclusion of Oracle's allegations in the list of facts in this response does not mean that
25  Google agrees with the veracity of the allegation, but merely references the fact that particular
26  allegations were made.  Google expressly maintains all objections made in responsive pleadings.
27  Google further objects to this multi-part Interrogatory as unnecessary with respect to the
28

1  defenses as they pertain to patent in view of the specific disclosures contemplated by the Patent
2  Local Rules.
3      Subject to the foregoing objections and the General Objections, without waiver or
4  limitation thereof, Google states that the following facts relevant to this defense were in its
5  possession or accessible to Google at the time it pleaded these defenses in its Answer and
6  Counterclaims:

7  • Allegations contained in Oracle's Complaint and Exhibits (Doc. #1).
8  • Facts contained or cited in Google's Motion to Dismiss (Doc. #33).
9  • Allegations contained in Oracle's Amended Complaint and Exhibits (Doc. #36).
10 • Allegations contained in Oracle's Opposition to Google's Motion to Dismiss (Doc. #40).
11 • Publicly available information relating to the Asserted Works including the documents
12   produced at GOOGLE-00319933 through GOOGLE-00320071.
13 • Allegations contained in presentation materials received from Oracle pursuant to Rule 408 of
14   the Federal Rules of Evidence.
15 • The patents-in-suit and their prosecution histories.
16 • Publicly available documents with information regarding the statements and actions of
17   Oracle and its predecessor Sun Microsystems, Inc. including the information disclosed in
18   paragraphs 1 through 10 of the counterclaims asserted in Google's Answer and
19   Counterclaims under the heading "The Java Platform and Programming Language," as well
20   as the information produced at GOOGLE-00305323 through GOOGLE-00305769.
21 • Publicly available documents with information regarding the development of the Android
22   Platform, including the information disclosed in paragraphs 11 through 17 of the
23   counterclaims asserted in Google's Answer and Counterclaims under the heading "The Open
24   Handset Alliance and Development of the Android Platform."
25 • Facts relating to the market for Android as disclosed in paragraphs 20 through 22 under the
26   heading "Android and the Java Programming Language" of Google's Answer and
27
28

1    Counterclaims.  These facts are publicly available, *see, e.g.*, GOOGLE-00320072 through
2    GOOGLE-00320077.
3        Google further states that, as presently understood, Oracle's allegations are directed
4    toward one or more functionalities that are likely licensed by alleged direct infringers for at least
5    some Accused Instrumentalities.  Because Oracle has not specified with precision the Accused
6    Instrumentalities and alleged direct infringers, Google cannot respond more completely to this
7    Interrogatory.  By way of example, certain of Oracle's allegations with regard to the '520 patent
8    include its own program, javac, as a component of the allegation.  In its Final Patent L.R. 3-1
9    Contentions, Oracle has still not identified specific purported direct infringers and instead
10   identified broad categories such as developers.  Oracle has also significantly changed it
11   allegations in its supplementation on April 1, although it still has not identified on a claim by
12   claim basis the identity of alleged direct infringers performing each step of each claim, making
13   Google's investigation into this defense difficult.  Further, Oracle continues to produce licenses,
14   including incomplete license portions produced in a haphazard manner.  Google is still analyzing
15   these new allegations and will supplement as it receives more information regarding Oracle's
16   licenses.
17       ==Google further states that in the absence of an explicit license to asserted patents and==
18   ==copyrights, Google and other purported infringers are entitled to an implied license based on==
19   ==Oracle's actions, including the statements, actions and inactions of its predecessor Sun as==
20   ==referenced in Google's answers set forth above.==  Google has a reasonable belief that the
21   discovery it has served but not yet received complete production of will reveal additional
22   evidence to support this defense and reserves the right to supplement this response accordingly.
23       Google further states that, upon information and belief, Oracle knew at least as early as
24   May 2005 that elements of the Android Platform were made publicly available by the Apache
25   Software Foundation under the terms of the Apache Software License version 2.0 and that use of
26   these elements was necessary to allow for interoperability.  Upon information and belief, Oracle
27   has never pursued any claim against the Apache Software Foundation or accused the materials
28

1   created through the Apache Harmony Project of infringement and it is a publicly known fact that
2   many members of the software development community have relied upon the availability of
3   software code embodied in the Apache Harmony materials under the terms of the Apache
4   Software License version 2.0 and used or distributed that code under those terms.  Google further
5   states that, on information and belief, starting in 1998, Professor Doug Lea wrote a software
6   package called "dl.util.concurrent," and released it into the public domain by explicitly
7   disclaiming all rights in the software.  *See, e.g.,*
8   http://gee.cs.oswego.edu/dl/classes/EDU/oswego/cs/dl/util/concurrent/intro.html  Similarly, on
9   information and belief, starting in 1999 and continuing through at least 2005, Oracle's
10  predecessor, Sun Microsystems, Inc., donated reference implementations for the javax.xml
11  packages to the Apache Foundation under the terms of the Apache Software License version 2.0.
12  *See, e.g.*, http://mail-archives.apache.org/mod_mbox/xerces-j-
13  dev/200102.mbox/%3C3A7B534B.2017AE0F@eng.sun.com%3E.
14         Google further states that Oracle continues to produce licenses that were requested
15  several months ago with the most recent production dated April 1, 2011, and Google has not had
16  a meaningful opportunity to review all of the licenses.  Google has a reasonable belief that the
17  discovery it has requested will reveal additional evidence to support this defense and reserves the
18  right to supplement this response accordingly.
19  **INTERROGATORY NO. 16:**
20         Please explain the factual and legal bases for Google's pleading of its nineteenth
21  affirmative defense: Unclean Hands.
22  **SUPPLEMENTAL RESPONSE:**
23         In addition to its General Objections, Google objects to this Interrogatory as seeking
24  information protected by the attorney-client privilege, the work product doctrine, and/or any
25  other applicable privilege, immunity, or protection.  Google further objects to this Interrogatory
26  as unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible
27  information.  Google further objects to the request to "explain" factual bases as vague and
28

1  License version 2.0, or embodied in the GNU Classpath Project materials under the terms of the
2  GNU General Public License, and used or distributed that code under those terms.  Google has a
3  reasonable belief that the discovery it has requested will reveal additional evidence to support
4  this defense and reserves the right to supplement this response accordingly.

DATED:  April 25, 2011               **KING & SPALDING LLP**

By:  /s/ Scott T. Weingaertner

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice)*
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

ATTORNEYS FOR DEFENDANT
GOOGLE INC.