| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - # 184325<br>canderson@kvn.com<br>DANIEL PURCELL - # 191424<br>dpurcell@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:     415 397 7188 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second Street, Suite 2300<br>San Francisco, CA  94105<br>Tel:  415.318.1200<br>Fax: 415.318.1300 |
| KING & SPALDING  LLP<br>SCOTT T. WEINGAERTNER<br>(*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (Pro Hac Vice)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212.556.2100<br>Fax: 212.556.2222 | IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA  94303<br>Tel: 650.328.8500<br>Fax: 650.328.8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S OPPOSITION TO ORACLE AMERICA, INC.'S MOTION *IN LIMINE* TO EXCLUDE EQUITABLE DEFENSES**<br><br>Dept.:        Courtroom 8, 19th Floor<br>Judge:       Hon. William Alsup |

I.      **INTRODUCTION**

Close to nine months after the summary judgment deadline, and on the literal eve of trial, Oracle has filed a disguised summary judgment motion attacking Google's equitable defenses. The motion should be denied.

First, Oracle failed to give Google timely written notice of its motion, notwithstanding the parties' express agreement requiring such notice. Dkt. No. 890, ¶ 3. Instead of providing written notice by 3:00 p.m. today, Oracle mentioned that it *might* file this motion—not that it would do so—on a telephone call about the parties' opening argument presentations. It never followed up with any further communication, much less the required written notice, until filing the motion just after the 6:00 p.m. deadline.

Second, as already noted, this is not a true motion *in limine,* but a motion for partial summary judgment on three of Google's equitable defenses. It is untimely and contrary to the Court's instruction to the parties not to bring summary judgment motions and call them motions *in limine*.

Third, the substance of Oracle's complaint is baseless. Indeed, the only document Oracle actually identifies in its categorical motion is a blog post from Jonathan Schwartz which Google actually identified by date in its supplemental interrogatory responses. Oracle is well aware of the other facts supporting Google's equitable defenses, including deposition testimony from, for example, former Google CEO Eric Schmidt about conversations he had with Jonathan Schwartz.

For all those reasons, the Court should deny Oracle's motion for summary judgment on Google's equitable defenses.

A.      **Oracle's Motion was not properly noticed.**

Pursuant to the Stipulation and Order Regarding Trial Procedures, for motions filed during trial the parties agreed—and the Court ordered—that the "moving party shall provide the other party with written notice of intent to file a motion (which notice shall include the relief to be sought and a general description of the subject matter and basis for the motion) by 3 PM (Pacific) on the day the motion is to be filed." Dkt. No. 890, ¶ 3. Oracle provided no written notice at all, let alone notice that included the relief to be sought and a general description of the subject matter

1  and basis for the motion.

2  When Google confronted Oracle about its failure to provide the notice required by the
3  stipulated procedures, Oracle did not deny that it had failed to comply with the required
4  procedures. Instead, it argued that in a phone call to discuss *the opening slides*, Oracle's lead
5  counsel had mentioned to Google's lead counsel that Oracle *might* file such a motion. *See* Ex. A
6  (Declaration of Robert Van Nest in Support of Google's Opposition to Oracle's Motion *In*
7  *Limine*). There was no subsequent communication on this motion, and certainly not the required
8  written notice. Indeed, after Google raised with Oracle its failure to comply with the Stipulation
9  and Order, Oracle unapologetically asserted that its diffident *oral* statement "suffices" to satisfy
10 the Stipulation and Order's clear requirement of *written notice*. Exhibit B (email from Muino to
11 Paige).

12 Oracle cannot claim that its failure to provide written notice was a simple mistake, as it
13 was reminded of the written notice requirement by Google's own Notice of Motion in Limine,
14 served on Oracle's counsel today at 2:59 PM. Google's counsel wrote:

15 Counsel,

16 This is our notice that, by 6 pm tonight, Google will move in limine to exclude
17 evidence of Oracle's alleged valuations of Sun as a whole or Sun's Java businesses (including trial exhibit 2038), or, in the alternative, to exclude that evidence from the copyright phase of trial. The bases of the motion are FRE 402, 403, and 802.
18

19 Google will also move to exclude from the copyright phase of trial evidence and testimony regarding Android finances, revenues, costs, and profits, including the entirely of Oracle's designations from the deposition of Aditya Agarwal. The
20 bases of the motion are FRE 402 and 403.

21 Thank you.

22 Google's Notice is attached as Exhibit C.

23 Because Google followed the stipulated notice requirements, Oracle had nearly double the
24 time Google has had to draft its opposition. Oracle's failure to follow the agreed notice procedure
25 is reason enough to reject Oracle's Motion.

26 **B.     Oracle's motion is a disguised summary judgment motion.**

27 Oracle's motion is not a motion *in limine*; it is a motion for summary judgment. The
28 deadline to move for summary judgment passed long ago. *See* Dkt. No. 56, ¶ 14 ("The last date

2
GOOGLE'S OPPOSITION TO MIL RE EQUITABLE DEFENSES
Case No. 3:10-cv-03561 WHA

649384.01

1   to file dispositive motions shall be September 8, 2011.") Oracle did not file a timely summary
2   judgment motion, and yet it now seeks to make an end-run around the Federal Rules—on what is
3   literally the eve of trial—by labeling its motion a "motion to exclude."

4   Oracle's approach is barred by this Court's orders on motions *in limine*. The Court's
5   September 2, 2011 Order states: "The motions *in limine* must be directed at excluding specific
6   items of evidence; categorical motions and disguised summary judgment motions are highly
7   disfavored." Dkt. 384. Oracle's "motion to exclude" is exactly the type of motion the Court
8   ordered the parties not to bring. Not only does Oracle fail to identify a particular exhibit or
9   discrete fact to be precluded, it brazenly captions its motion as a "motion to exclude ***evidence***
10  ***regarding license, implied license, and equitable estoppel defenses.***" Dkt. No. 922. It is hard to
11  imagine a worse-disguised summary judgment motion.

### C. Google adequately responded to Oracle's interrogatories.

#### 1. Oracle was satisfied with Google's detailed interrogatory responses

Notably absent from Oracle's Motion is any suggestion that it raised any objection, until the night before trial, to the adequacy of Google's supplemental interrogatory responses. That's because it did not. Early in discovery, both parties challenged the adequacy of the other party's initial responses to contention interrogatories. *See generally* Dkt. Nos. 98, 104. In its March 30, 2011 Request for Discovery Relief, Oracle's only complaints about Google's disclosures relating to its equitable defenses was that Google did not address "when Oracle was or should have been aware of Google's wrongdoing" and "whether Oracle misled Google or waited unreasonably before filing this lawsuit." Dkt. No. 98 at 2. Not once in its discovery letter to the Court did Oracle mention needing additional detail about Google's reliance on Oracle's assurances regarding Android, which now forms the basis for its Motion *in Limine*, filed over a year later.

In response to Oracle's Request for Discovery Relief, and the subsequent April 6, 2011 hearing, Google supplemented its interrogatory responses on April 25, 2011. From that point until now, Oracle has never asked for further supplementation or challenged the adequacy of those Google responses.

Oracle had a good reason not to challenge those responses: Google's supplemental

3
GOOGLE'S OPPOSITION TO MIL RE EQUITABLE DEFENSES
Case No. 3:10-cv-03561 WHA

649384.01

responses fully disclosed exactly what Oracle complained about in its discovery letter, namely information about "when Oracle was or should have been aware of Google's wrongdoing" and "whether Oracle misled Google or waited unreasonably before filing this lawsuit." Dkt. No. 98 at 2. Indeed, Google's supplemental responses reference the only document Oracle specifically identifies in its motion to exclude: Trial Exhibit 2260, which is an official corporate blog post of then-Sun CEO Jonathan Schwartz stating congratulating Google on Android, and praising Google for strapping "rockets to the Java community's momentum." Google's Supplemental Interrogatory Responses state in part: "Google further states that Oracle was aware of Android and the Open Handset Alliance, at least as early as *November 2007, as reflected by Jonathan Schwartz's public comments congratulating Google and the Open Handset Alliance on the announcement of Android*." Oracle Mtn. [Dkt. 922] Ex. C at 27. Google's supplemental responses also disclose, amongst other things:

- The fact that Sun generally encouraged the use of the Java programming language by anyone who wanted to use it, and disclaimed any right to restrict use of that language (of which the APIs are an essential component). *Id.* at 27.
- The fact that Sun knew of Andy Rubin's plans for Android based on its discussions with Rubin before the Google acquisition, which occurred at least as early as 2005. *Id.* at 27.
- The fact that *the very same APIs* that Oracle is now asserting are copyrighted crown jewels were used by the GNU Classpath project in the late 1990s and made available under the terms of the open-source GNU General Public License ("GPL").
- The fact that *the very same APIs* were made publicly available by the Apache Software Foundation under the open source Apache License as early as May 2005.
- The fact that Oracle has never pursued any claim against the Apache Software Foundation or the GNU Project or accused the materials created by the Apache Harmony Project or the GNU Classpath Project. *Id.* at 28.
- The fact that it is publicly known that many members of the software development community have relied on the availability of software code embodied in the Apache

Harmony Project materials under the terms of the Apache Software License version 2.0, or embodied in the GNU Classpath Project materials under the terms of the GPL, and used or distributed that code under those terms. *Id.* at 28.

Further, it is unsurprising that Oracle did not complain about a purported failure to disclose facts supporting Google's reliance, because Google's interrogatories in fact disclosed facts showing Google's reliance on Sun's approval of Android and failure to take timely action. The interrogatories stated explicitly that Google had relied on Sun's statements and inactions, and stated that if Sun had asserted claims earlier, Google could have made different choices regarding the inclusion of certain elements in Android, before the market for Android grew and numerous handset manufacturers and other entities made significant investments in the Android platform. *Id.* at 27-28.

### 2. Google's interrogatory responses were backed by evidence disclosed to Oracle during discovery

In addition to Google's interrogatory responses, Google produced dozens of documents from the Sun website during discovery that relate to Sun's distribution of a free and open sourced Java, Sun's praise for Google's Android software, and Sun's official policy of only asserting intellectual property defensively. Oracle's Motion repeatedly attacks Google for failing to disclose the Schwartz blog post designated Trial Ex. 2260. Dkt. 922 at 1, 5. Of course, this complaint is makeweight; Oracle cannot have forgotten the numerous times during this case when Google's counsel discussed this same blog post in open court. But Google referenced Mr. Schwartz's blog post—referring to it as November 2007 "public comment" in its supplemental responses. Moreover, Oracle was well aware of Mr. Schwartz's blog post, as it actually removed the post from the internet during the course of this litigation. Even if Google's supplemental discovery responses were somehow inadequate. Oracle cannot possible demonstrate any "prejudice" under these circumstances.

Although Google frequently cites the Schwartz deposition testimony as an example of its evidence for these defenses, other Google, Oracle and third party witnesses will testify about the above facts at trial, as well as widely-publicized representations during the annual Sun (later

5
GOOGLE'S OPPOSITION TO MIL RE EQUITABLE DEFENSES
Case No. 3:10-cv-03561 WHA

649384.01

Oracle) "JavaOne" developer conventions, where Sun and Oracle executives—including Oracle CEO Larry Ellison, during the transition period when Oracle was purchasing Sun—praised Android in keynote addresses, Sun engineers gave lectures on Android application development and gave demonstrations of Sun software (JavaFX) running on Android devices. Moreover, former Google CEO Eric Schmidt already has testified that he spoke with Mr. Schwartz on several occasions about Android and Mr. Schwartz was supportive of Google's efforts. This has all been disclosed to Oracle during discovery via document productions, deposition testimony, requests for admission, witness lists, court briefs and other written means. Therefore, even if we were to presume that Oracle has identified some purported deficiency with Google's interrogatory responses, Oracle has suffered no prejudice and its motion should still be denied. As Federal Rule of Civil Procedure 26 itself makes clear, a party must "supplement or correct its disclosure or response" provided that "*the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*." Fed. R. Civ. P. 26(e) (emphasis added). Oracle has always known all of the above facts.

### 3. Oracle never disclosed its "selection, structure, and organization" theory of copyright infringement in its interrogatory responses.

Oracle's Motion *in Limine* is particularly surprising given that in Oracle's response to Google's interrogatories regarding Oracle's copyright claim, Oracle completely failed to even suggest the theory, now the entire basis of its copyright case, that Google infringed the "selection, structure, and organization" of the Java APIs. Google's Interrogatory No. 2 requested that Oracle "[s]tate in detail Oracle's factual bases for its claim of direct copyright infringement, specifically including a comparison of each element of Java software, including without limitation any class libraries, API packages, method names, class names, definitions, *organizational elements, parameters, structural elements*, and documentation, to the corresponding Android element." Ex. D (Plaintiff's Supplemental Responses to Defendant's Interrogatories, Set No. 1) at 9 (emphasis added). Despite the fact that Google explicitly requested that Oracle state its claims regarding the "organizational elements" and "structural elements" of the APIs, Oracle's response not only fails to include the phrase "selection, structure, and organization," but does not include

1  any of those words individually.  *Id.* at 9-16.  To the extent Google should be precluded from
2  introducing evidence supporting its equitable defenses, Oracle should be precluded from
3  introducing evidence of copyrightability based on the selection, structure, and organization of the
4  Java APIs.

### D. Oracle's opportunity to bring this motion passed long ago.

Oracle has no excuse for bringing this motion on the eve of trial.  As already discussed, Oracle could have (and should have, given the court's clear guidance in its September 9, 2011 Order, Dkt. No. 384 at 1) brought this motion prior to the summary judgment deadline.  Failing that, it should have brought this motion as one of its five allotted motions *in limine* last fall.  Failing that, if it truly believed Google's discovery responses were inadequate and it had suffered some significant prejudice, it should have asked the Court for permission to bring the motion before now.  Obviously, the Google discovery responses it belatedly complains failed to disclose the factual basis of Google's equitable defenses have not changed in a year.

As usual, the simplest explanation for Oracle's behavior is the correct one: rather than asserting a legitimate complaint, Oracle hoped to spring a dispositive motion on Google at the last possible minute, knowing Google would have only four hours to draft a response.  As already noted, Oracle knows well the basis of Google's equitable defenses.  Google has repeatedly referenced the Schwartz blog post and Sun's other assurances that it would not pursue legal action against Google for Android at many hearings.  This is similar to the tack Oracle took two weeks ago, when it filed another disguised, categorical evidentiary motion aimed at precluding Google from offering any evidence, from any witness, of its Android-related costs.  There, as here, Oracle nursed a purportedly serious discovery objection for months, saying nothing, then at the last minute asserted supposedly tremendous prejudice and sought a crippling sanction.  The Court denied that motion and it should deny this one for the same reason alone, in addition to all the other bases set forth above.

## II. CONCLUSION

For these reasons, the Court should deny Oracle's Motion *in Limine*.

7
GOOGLE'S OPPOSITION TO MIL RE EQUITABLE DEFENSES
Case No. 3:10-cv-03561 WHA

649384.01

| | |
|---|---|
| Dated: April 15, 2012 | KEKER & VAN NEST LLP |
| | By: /s/ Robert A. Van Nest |
| | ROBERT A. VAN NEST |
| | Attorneys for Defendant GOOGLE INC. |