KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415.391.5400
Fax: 415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S STATEMENT REGARDING THE IMPORT OF FACTS DEEMED UNDISPUTED FOR TRIAL**<br><br>Dept.:    Courtroom 8, 19th Floor<br>Judge:    Hon. William Alsup |

1  Facts and issues deemed admitted should be treated as conclusively established for
2  purposes of the trial; they are not merely items of proof that may be contradicted by other
3  evidence in the record.  As the Court noted at the March 28, 2012 hearing:  "If you want
4  something like that to be instructed to the jury or for me -- for me on the issues I've got to decide,
5  you ought to make a motion that it be deemed accepted, for purposes of the trial, that this is true."
6  Hrg. Tr. 119:16-16.  Google's deeming motion was made with the understanding in mind, as
7  reflected in the title: Google Inc.'s Motion for Administrative Relief to *Deem Issues Undisputed*
8  (Dkt. No. 861 (emphasis added).)

9  The issues on which Google moved are and should remain conclusively established.
10 *First*, the Java programming language is open and free for everyone to use.  (*See* Order Granting
11 in Part Google's Mtn to Deem Issues Undisputed (Dkt. No. 896).)  Oracle has conceded this point
12 numerous times from the very beginning of this case.  Oracle repeated its earlier concessions in
13 opposing Google's deeming motion.  (Oracle's Opp. to Google's Mtn for Admin. Relief to Deem
14 Issues Undisputed (Dkt. No. 882) at 1 ("Oracle has asserted no claim regarding use of the Java
15 programming language."); at 3 ("Oracle has been consistent: it is not asserting copyright claims
16 based on the Java programming language for purposes of this case.").)  Earlier today, Oracle
17 again conceded the point in its opening statement.  Trial Tr. 216:18-20 ( "Now, I've explained to
18 you, also, that we're not making any claim, a person can use the programming language to their
19 heart's content.")  *Second*, the names of the API packages are not copyrightable.  (Dkt. No. 896.)
20 As the Court recognized this morning prior to openings, this statement reflects a definitive
21 summary judgment ruling and is by definition conclusive.  (*See* Dkt. No. 433.)  In short, the
22 issues that the Court has deemed undisputed in response on Google's request reflect uncontested
23 issues that are conclusively established, and there is no basis for allowing conflicting testimony or
24 documents.

25 In contrast, the issues on which Oracle moved relate to live disputes between the parties,
26 and should not, therefore, be conclusively established for purposes of trial.  While Google does
27 not contest that the Java APIs as a whole meet the low threshold of originality required under the
28 constitution, and reserved its right to argue that many aspects of the APIs are unoriginal, Oracle

1

GOOGLE'S STATEMENT REGARDING FACTS DEEMED ADMITTED
Case No. 3:10-CV-03561 WHA

649562.01

seeks to turn Google's concession into an admission that the 37 specific APIs at issue in this case are original. (Dkt. No. 908 at 1-2.) That simply does not line up with the statement on which Oracle bases its deeming motion. (*Id.*) Similarly, while Google has characterized the Java APIs as being "distinct from" the Java programming language in a technical sense, the parties still disagree about whether those APIs are practically, functionally essential to a programmer's ability to actually use part of the language. Indeed, the Court recognized this when it qualified its statement deeming the Java language to be open and free for anyone to use, noting that "the parties disagree on whether the Java APIs and class libraries are part of the Java programming language." (Dkt. No. 896.) Because this is an open issue, it would not be appropriate to deem it undisputed for purposes of the trial. Finally, the statements in Google's answer and counterclaims regarding Sun's TCK and Java compatibility are ripped from their context. Sun now seeks to have deemed as true Google's characterizations of Sun's licensing strategy and practices. This is pure bootstrapping. Just because Google stated in a pleading, on information and belief, that it understood Sun's position to be that (a) the only way to demonstrate compatibility with Java is by passing the TCK, or (b) that TCK's are only available through Sun, does not mean that Google accedes to that position. Google's pleading makes clear that Google disputes those claims. Oracle cannot turn Google's critique of and disagreement with Oracle's argument into an admission by Google, much less an undisputed fact.

      Oracle also seeks to have deemed as admitted the statement that Sun required field-of-use restrictions on the Apache Harmony License. This is simply not true—which may explain why Oracle seeks to have it deemed undisputed rather than present actual evidence on the issue—since that evidence would not get Oracle the result it wants. As Google explained in detail in its Supplemental Copyright Liability Trial Brief pursuant to the Court's March 26, 2012 Order:

> The dispute between Apache and Sun was about branding, and the ability to say that Apache Harmony is Java compatible. The end result was that Apache *did not agree* to a field-of-use restriction. Notwithstanding Apache's refusal to limit the field of use for Apache Harmony, Sun never sued Apache. In fact, Sun's CEO has testified that *anyone* can use the Apache Harmony code (and thus its implementation of the Java language API specifications)—so long as it does not call its product "Java."

Br. at 3 (emphases in original).  In short, there is no field-of-use restriction on Apache Harmony. Sun wanted to require one, Apache refused, and Sun dropped the issue.

    For practical reasons related to the conduct of trial, facts and issues deemed admitted should be treated as conclusively established, rather than subject to contrary evidence.  This is the standard applied by the Court to the facts and issues already deemed undisputed.  But, because the statements Oracle seeks to have deemed admitted relate to disputed issues between the parties, and have not been conclusively established, Oracle's pending motion should be denied, for the reasons set forth above and those in Google's opposition to that motion..

Dated:  April 16, 2012

KEKER & VAN NEST LLP

By:    /s/ Robert A. Van Nest
      ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.