MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
arutherford@bsfllp.com
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>                    Plaintiff,<br><br>          v.<br><br>GOOGLE, INC.<br><br>                    Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S STATEMENT REGARDING MOTIONS TO DEEM ISSUES UNDISPUTED**<br><br>Dept.:  Courtroom 8, 19th Floor<br>Judge:  Honorable William H. Alsup |

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

The Court requested that the parties brief whether the facts the parties have sought to establish in their recently filed motions (Dkt. 861, 908) would be conclusive as to those facts, or simply admissible as proof of those facts.

The facts and issues that the parties have moved to deem undisputed do not stand on equal footing.  Oracle moved to deem admitted several *factual* assertions in Google's counterclaims and trial briefs.  (Dkt. 908.)  Google's factual assertions in those pleadings are judicial admissions. "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions <u>conclusively binding</u> on the party who made them."  *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (emphasis supplied).  This includes factual stipulations in trial briefs.  *United States v. Davis*, 332 F.3d 1163, 1168 (9th Cir. 2003).  Judicial admissions "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.*; *see also NLRB v. Consolidated Bus. Transit, Inc*. 577 F.3d 467, 475 (2nd Cir. 2009) ("admissions contained in pleadings are binding even where the admitting party later produces contrary evidence.").

Three of the facts that Oracle moved to deem admitted are contained exclusively in Google's counterclaims—its pleadings.  (Dkt. 908.)  Those facts are unequivocal factual statements and should be deemed judicially admitted.  (*Id.* at C, D, and E.)  In addition, Google admitted that the 37 Java APIs meet the threshold for originality required by the Constitution in its trial brief, which, if not an automatic judicial admission, may also be considered an admission at the discretion of the trial court. *Am. Title*, 861 F.2d at 227.  Indeed, Google advocated for its statement to be a judicial admission when it asserted that originality need not be submitted to the jury at all.  (Dkt. 908 at 1 ("The jury therefore need not be asked to address whether the APIs are original.").)  Finally, while Google admitted that the Java programming language is distinct from the Java class libraries in its pleadings (its counterclaims), it admitted that the Java programming language is distinct from the APIs in its expert report.  (*See* Dkt. 908)  Oracle does not oppose treating admissions in *non-pleading* documents as simple evidentiary admissions, rather than judicial admissions.  (Dkt. 908 at B.)

The two issues the Court has held "undisputed" (as Google put it in its motion) are not factual judicial admissions.  Each is a restatement of an issue of *law*, which may be why Google called them

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

"issues" rather than "facts" in its motion.  (*See* Dkt. 861.)  First, Google moved to deem "undisputed" a legal conclusion as to the asserted status of the Java programming language based entirely on statements made during oral argument.  (Dkt. 861; *see also* Feb. 9, 2011 Hrg. Tr. at 8:8-20 ("we're not asserting that we own that programming language for purposes of this case"); Sept. 15, 2011 Hrg. Tr. at 12:17-25 ("we make no claim that that is a violation of our copyright rights"); March 28, 2012 Hrg. Tr. 81:2-9 ("So we don't have to visit, in this case, the protectability of the programming language, as such.  And that's why we make no claim about the protectability of the programming language.").)  Oracle's decision to bring the particular claim that it did is not a judicial admission.  Statements in oral argument about counsel's conception of the legal theory of a case are not judicial admissions.  *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972).  Treating Oracle's statements as a judicial admission would be particularly prejudicial given that the Court has reserved the question of whether the Java APIs and libraries should be considered part of the Java programming language.  Oracle has clearly and consistently disputed the proposition that Google was free to use the Java APIs in the manner it did.

Oracle's statements, moreover, are not "clear, deliberate, and unambiguous" factual admissions that should be treated as judicial admissions.  *Robinson v. McNeil Consumer Healthcare*, 615 F3d 861, 872 (7th Cir. 2010) (holding that counsel's statement in closing argument was not "clear, deliberate, and unambiguous" and should not be treated as an admission; "[i]f plaintiff's contention were accepted, statements in opening and closing arguments, in making objections, at side bars, and in questioning witnesses would be treated as pleadings and searched for remarks that might be construed as admissions though neither intended nor understood as such.").

Similarly, the Court's holdings as to the copyrightability of the API names should not be given the status of a party judicial admission.  Oracle has never admitted in any pleadings or any other paper filed with the Court that the names of API files, packages, classes, and methods are not protected by copyright.

Dated: April 16, 2012                    BOIES, SCHILLER & FLEXNER LLP

By:  /s/ *Steven C. Holtzman*
       Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.