1

2

3

4

5

6         IN THE UNITED STATES DISTRICT COURT

7         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   ORACLE AMERICA, INC.,

11             Plaintiff,                          No. C 10-03561 WHA

12      v.

13   GOOGLE INC.,                                  **ORDER GRANTING IN PART
                                                   AND DENYING IN PART
14             Defendant.                          MOTIONS TO SEAL**

15   _____/

16        Both parties move to seal documents submitted in support of their briefs related to the

17   expert report of Dr. James Kearl (Dkt. Nos. 844, 849, 866, 870).

18        Google's motion (Dkt. No. 844) requests to seal the redacted sections of its motion to

19   strike portions of Dr. James Kearl's expert report and Exhibit A to the Declaration of Daniel

20   Purcell in support of that motion.  Because no supporting declaration has been filed by either

21   party, the request is **DENIED.**

22        Oracle's motion (Dkt. No. 849) requests to seal portions of its motion to exclude

23   portions of the rule 706 expert report of Dr. James Kearl and portions of Exhibits to the

24   Dearborn Declaration in support thereof.  Both parties submit supporting declarations (Dkt.

25   Nos. 849-1, 886).

26        Portions of Oracle America, Inc.'s motion to exclude portions of the rule 706 expert

27   report of Dr. James Kearl identified by both parties contain sensitive, non-public information

28   that would be harmful to Oracle and Google, respectively, if made public.  These materials

contain highly sensitive financial information, including costs, revenues, and profits. Also included in these materials is discussion of a confidential license between Sun and Danger, Inc., which is covered by a non-disclosure agreement. The materials also contain discussion of an assessment of the relative value of Oracle's patents and internal projections and an assessment of Oracle's plans to enter the smartphone market. The parties have appropriately limited the amount of material to be filed under seal by specifying the portions of the motion and exhibits thereto which contain confidential information. Accordingly, Oracle's motion to seal: (1) the identified portions of Oracle America, Inc.'s motion to exclude portions of the rule 706 expert report of Dr. James Kearl; (2) the identified portions of Exhibits B and D–F to the Dearborn Declaration; and (3) the entirety of Exhibit C to the Dearborn Declaration is **GRANTED.** The remainder of the request is **DENIED** for lack of a supporting declaration.

For Google's motion filed on April 6 (Dkt. No. 866), the request to seal redacted portions of Google's opposition to Oracle's motion to strike portions of Dr. James Kearl's expert report and Exhibit A to the Declaration of David Zimmer in support thereof is **GRANTED.** As stated in Google's supporting declaration (Dkt. No. 867), these documents contain sensitive, non-public financial data including costs, revenues, and profits as well as projections thereof. The documents also contain non-public information about Google's financial management and financial data storage. Public disclosure of this confidential information would cause harm to Google and place it at a competitive disadvantage.

Oracle's motion filed on April 6 (Dkt. No. 870) requests to seal portions of its opposition to Google's motion to strike portions of Dr. James Kearl's expert report and Exhibits to the Dearborn Declaration in support thereof. Both parties submit supporting declarations (Dkt. Nos. 870-1, 916). The identified documents contain sensitive, non-public information about Sun's licensing policies, pricing, and negotiation strategies. They also disclose certain of Google's sensitive, non-public financial data such as costs, revenues, and profits associated with Android as well as projections thereof. The documents also contain details of a confidential license between Sun and Danger, Inc., which is covered by a non-disclosure agreement. Finally, the materials contain personal phone numbers of Google employees. Public disclosure of this

confidential information would cause harm to both parties, and place them at a competitive disadvantage.  Accordingly, Oracle's motion as to:  (1) the identified portions of its opposition to Google's motion to strike portions of Dr. James Kearl's expert report; (2) the entirety of Exhibit C to the Dearborn Declaration; and (3) the identified portions of Exhibit H to the Dearborn Declaration is **GRANTED.**  The remainder of the request is **DENIED** for lack of a supporting declaration.

 **IT IS SO ORDERED.**

Dated:  April 17, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

3