IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**ORDER RE ADDITIONAL ISSUES FOR SECOND BRIEF DUE SUNDAY**

In addition to all other issues raised this morning (definition of "class libraries" for example), please address the following in the second brief due Sunday.

1. What case law or other authority is there that states the judge must identify the "work as a whole" (for similarity, fair use, and de minimis) for the jury? Quote the entire relevant paragraphs. Which party has the burden to identify the "entire work"?

2. With respect to what segment of the "work" can stand alone within the meaning of *Hustler v. Moral*, 796 F.2d 1148, 1155 (9th Cir. 1986), the Court wishes to know whether the implementation of the 37 API packages inherit, call upon, invoke, or incorporate any method, field, or class outside the 37.

3. Why shouldn't we let the jury decide what the "work as a whole" is?

4. Is the "work as a whole" the same for purposes of "substantial similarity (or virtually identical)", "fair use," and "de minimis copying? If not, how are the "works as a whole" to be found for these purposes?

5. For purposes of identifying the "work as a whole," should Oracle be held to the copyrighted work identified in the operative complaint? Quote key case law.

6. If the SSO and declarations are held to be protected elements, then why are there still issues of access and similarity for purposes of infringement (excluding de minimis and fair use)? Put another way, isn't substantial similarity only an issue if there isn't admission of factual copying of protectable elements?

**IT IS SO ORDERED.**

Dated: April 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE