ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
DANIEL PURCELL (SBN 191424)
dpurcell@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendant
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE INC.<br><br>  Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**GOOGLE'S RESPONSE IN OPPOSITION TO ORACLE'S MOTION FOR A CLARIFYING INSTRUCTION ON THE RELEVANCE OF APACHE HARMONY** |

Oracle's motion for a preemptive jury instruction about Apache Harmony asks the Court to do the job of Oracle's lawyers. Oracle wants the Court to make factual findings about Apache-related issues and impose them on the jury, rather than allowing the parties to present evidence and then argue the significance of that evidence to the jury, as should be done. Oracle's obvious goal is to blunt the impact of the undisputed facts that Sun was aware of the Apache Software Foundation's use and distribution of the same Java API packages at issue here for over five years, Sun was aware of the use of Harmony packages in Android, and Sun never asserted that Apache infringed its intellectual property. Indeed, to this day, Oracle has not made any assertions against Apache, which continues to make the Harmony API packages and class libraries available on its website *today* (http://harmony.apache.org/download.cgi).

As Oracle knows, and Google and the evidence has made clear, Sun and Oracle made no objection to Apache's distribution of Harmony for years—either because they consented to Apache's independent implementation or because they understood the API structure that Apache used was unprotected by any intellectual-property rights. These facts are some of the key bases of Google's equitable defenses in this case. Apache did not secretly develop Harmony behind closed doors, but rather did so as a member of the Executive Committee of Sun's Java Community Process (JCP). Moreover, in recognition of Apache's achievements for "implementing Java specifications," the JCP gave Apache its Member of the Year Award not once, but four times—in 2005, 2007, 2008 and 2009—while Apache was distributing Harmony.

Oracle now argues for its proposed instruction on the ground that the jury is not savvy enough to understand the facts regarding Apache, but its real goal is to confuse the jury into believing Apache is irrelevant because Apache never accepted the encumbered license Sun offered for its Technology Compatibility Kit (TCK) and use of the Java trademark. But the key point is that, despite never accepting the restriction Sun sought to place on the Harmony project, Apache made Harmony available to all comers for years without Sun making any claim that this violated Sun's intellectual-property rights, much less a purported copyright on the selection, structure and organization of the 37 API packages at issue here.

The facts have shown, and the jury is more than capable of understanding, the following:

- Apache has made available the same structure, selection, and organization of the same 37 API packages at issue here (along with over 100 other Sun Java SE API packages) since 2005.

- Until its resignation from the JCP under protest, Apache never accepted that it needed a license to distribute the Harmony API packages.[1]

- The license Sun was offering Apache had nothing to do with Sun's right to distribute its Harmony API packages; it was a license to a Technology Compatibility Kit (TCK) that would have allowed Apache to prove compatibility with the Java SE specification and market itself using the Java trademark. (*See, e.g.,* RT 829 11-15; 832:17-20 ("Sun had promised Apache a license, a TCK license, which I'm not even going to explain what that is. And Apache -- Sun had refused to deliver on this.").)

- Sun offered the TCK license contingent on a field-of-use restriction that Apache refused to accept. In other words, the issue was not that Sun would not **grant** Apache a TCK license; it was that Apache would not **accept** a TCK license that restricted its freedom to distribute its Harmony intellectual property. (RT 1121:12-15 ("And Sun says, You can have a TCK, but that TCK is going to have a field of use restriction to desktops and servers. And Apache says, You can't do that."))

- Sun's CEO, Jonathan Schwartz, testified at deposition that Sun did not "look the other way" on Harmony. To the contrary, Sun knew and accepted that it could not stop Apache from building a clean-room implementation of Java class libraries. Sun's only concern was whether Apache could brand itself as Java-compliant. For that, Sun insisted that Apache buy and pass the TCK. *See* Schwartz Dep. at 47:9-24 ("It was up to them to put whatever technology they wanted into their devices. If they called it Java, we would be involved. If they didn't call it Java, then they could call it

---

[1] Oracle changes the meaning of Apache's statement announcing its resignation from the JCP by omitting critical parts of that statement. (Dkt. No. 959 at 4 (quoting TX 1045 at 2.).) Apache's full statement was as follows:

> The Apache Software Foundation concludes that that **JCP is not an open specification process**—that Java specifications are proprietary technology that must be licensed directly from the spec lead under whatever terms the spec lead chooses; that the commercial concerns of a single entity, **Oracle, will continue to seriously interfere with and bias the transparent governance of the ecosystem**; that it is impossible to distribute independent implementations of JSRs under open source licenses such that users are protected from IP litigation by expert group members or the spec lead; and finally, the EC is unwilling or unable to assert the basic power of their role in the JCP governance process.

(Emphases added) In other words, after buying Sun in 2010, Oracle changed its position on the JCP's rules and practices, turning it from an open specification process to something different. Apache's statement didn't concede that Java specifications were proprietary; it was bemoaning Oracle's efforts to restrict those specifications (including by filing this lawsuit) as it resigned from the JCP under protest.

a Linux phone, they could call it a free phone or an open phone, that's up to them.")

- For many years now, Apache has distributed the Harmony API packages for commercial use (without claiming Java compatibility) to downstream users like Google and others, pursuant to its Apache 2.0 license.

- Sun never took any action against Apache to restrict the use or distribution of Harmony API packages, and neither has Oracle.  (RT 833:12-17 ("Q. Okay. Now, during all of the discussions that you participated in as a member of the Executive Committee of the Java Community Process about Apache Harmony, did you ever hear anyone from Sun or Oracle ever say that they thought that Apache Harmony had infringed any copyrights of Sun? A. I never heard that."; *Id.* at 965:22-966:6 ("There's been some fairly high-profile ones, like the GNU Compiler project, GCJ, which is a GNU compiler for Java, that compiles the Java language to native code, like x86 PC. And the GNU Classpath project, which was a complete implementation of all of these standard Java APIs to enable that, as well as things like the Apache Harmony project, which was another open source, you know, project that provided a Java virtual machine and the standard libraries. None of these projects seemed to fall afoul of, you know, this concern that had been expressed about these APIs."

- Although the Harmony project is no longer actively updated, the Harmony API packages and class libraries remain freely available for download from Apache's website even today.  *See* http://harmony.apache.org/download.cgi.

This is not complicated, and the jury is more than capable of figuring out these facts for itself.  Counsel for Oracle are, as always, entitled in closing argument to characterize these facts in Oracle's favor, by emphasizing that Apache was not itself licensed to use the TCK or Java trademark.  But however much they may wish, they are not entitled to have the Court emphasize that single fact to the jury so that it stands out from the factual landscape as the only thing that matters.  Plainly it is not the only important fact.  Moreover, Oracle's supposition that the jury might be confused that Apache had a license from Sun is based on nothing.  No witness has testified that Apache had a TCK license, and several Oracle witnesses have made clear it did not, just like other witnesses have made the countervailing point that Apache never accepted Sun's attempt to restrict its distribution of the Harmony APIs and Sun never sued, or even threatened to sue, Apache to stop that distribution.

Worse yet, Oracle appears to be requesting that the Court to make this instruction now, at the close of Oracle's case, as a sort of request that the jury ignore the case Google has not yet had a chance to present and render a directed verdict for Oracle.  But the jury has not yet heard from Google's witnesses Eric Schmidt, Andy Rubin, and others, who will testify about Google's

use of the Harmony API packages and class libraries, and the fact that Sun not only sat by while Apache distributed Harmony but even welcomed Google into the Java community after Google announced its use of Harmony intellectual property in Android.  The jury has not yet heard from Sun's former CEO Jonathan Schwartz, who spoke with authority for Sun on all things related to Apache and made the decision not to object to Apache's distribution of Harmony to Google and others for various commercial uses.  Oracle seeks to preclude the jury from even hearing Schwartz's testimony that Sun's dispute with Apache (to the extent there even was one) was about Apache's desire to brand Harmony as Java-compatible, and had absolutely nothing to do with the selection, structure and organization of some API packages.[2]

Of course Oracle does not want the jury to hear any of this, because it would prove what Google has been saying all along—that Oracle's claims about the "structure, selection, and organization" of its API packages was never raised contemporaneously with Apache.  That claim was concocted by lawyers after Oracle tried and failed to compete in the smartphone market.  And of course Oracle would love the Court to specifically instruct the jury that Apache was a scofflaw, because that would tend to discredit Google's equitable defenses—despite the

---

[2]  Just this past Friday, the Court made clear that the right way to present the Apache issue to the jury was to allow counsel to offer evidence, then explain that evidence in their closings:

> Oracle has made a lot out of the fact that the word we got to get a license or take a license from Sun was used in various e-mails over the last ten years.  And I can understand that and I'm not in any way being critical of Oracle for putting that in.  I think good for you, you got that evidence.  That helps you. But it is—it's one kettle of fish to say we need a license because we're going to use their source code and their implementation and another when the program is switched to we're not even going to use their implementation, we're going to do our own implementation so we don't have to go and get a license.  And I—so I worry some that the jury may get the impression that these statements about needing a license are not taking those important differences into account.  The best I can say on that is that there are good lawyers on both sides. Mr. Van Nest, you'll just have to explain that in your closing.

RT 1128:7-25.  This is exactly the right way to handle the issue.

4
GOOGLE'S OPPOSITION TO ORACLE'S MOTION REGARDING APACHE HARMONY
CIV. NO. CV 10-03561-WHA

facts that Sun never asserted any right in the structure, selection, and organization of Java APIs against Apache, and in fact gave Apache free rein to make those API packages available in Harmony for years.  Put another way, Apache would have needed a license to the Sun TCK and the Java brand, but it never needed any license to the API structure, because that structure is not protected by copyright, and Sun never contended it was.

In any event, the time for jury instructions is after the close of evidence, not now.  This Court has made clear over and over that it disfavors broad, categorical evidentiary motions that are actually summary judgment motions in disguise.  This is another such motion, although Oracle has chosen to bring it as a request for a jury instruction rather than as a motion to exclude evidence.  The impact on the jury and the prejudice to Google's defense (prior to Google's first witness even taking the stand) from an explicit court instruction would be even greater.  Google respectfully requests that the Court deny this motion.  Oracle should stop looking for short cuts and make its case to the jury through evidence and closing argument.

DATED:  April 22, 2012           KEKER & VAN NEST, LLP

By:  /s/ Robert A. Van Nest

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
DANIEL PURCELL (SBN 191424)
dpurcell@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

|   |   |
|---|---|
| 1 | SCOTT T. WEINGAERTNER (*Pro Hac Vice*) |
| 2 | sweingaertner@kslaw.com |
|   | ROBERT F. PERRY |
| 3 | rperry@kslaw.com |
|   | BRUCE W. BABER *(Pro Hac Vice)* |
| 4 | bbaber@kslaw.com |

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice)*
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
CHERYL A. SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street – Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile:  (415) 318-1300

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

ATTORNEYS FOR DEFENDANT
GOOGLE INC.