| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - # 184325<br>canderson@kvn.com<br>MICHAEL S. KWUN - # 198945<br>mkwun@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Tel: 415.391.5400<br>Fax: 415.397.7188<br><br>KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER<br>(*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (Pro Hac Vice)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212.556.2100<br>Fax: 212.556.2222 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second Street, Suite 2300<br>San Francisco, CA 94105<br>Tel: 415.318.1200<br>Fax: 415.318.1300<br><br>IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Tel: 650.328.8500<br>Fax: 650.328.8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No. 3:10-cv-03651 WHA<br><br>**GOOGLE INC.'S OPPOSITION TO ORACLE AMERICA, INC.'S MOTION TO ADMIT TRIAL EXHIBIT 1026**<br><br>Dept.:　　Courtroom 8, 19th Floor<br>Judge:　　Hon. William Alsup |

1

GOOGLE'S OPPOSITION TO ORACLE'S MOTION TO ADMIT TRIAL EXHIBIT 1026
Case No. 3:10-CV-03561 WHA

653387.01

1       Google opposes Oracle America's motion seeking to admit Trial Exhibit 1026. This
2  Exhibit, if admitted, would be far more prejudicial than probative of any issue in this case, and
3  certainly of any issue in either of the liability phases of this trial. Oracle's motion contains
4  several misleading omissions that underscore precisely the concerns about prejudice and
5  confusion that should keep this exhibit out of evidence under Rule 403.
6       Oracle's motion begins with a quote from the Court as it sustained Google's objection at
7  trial, noting that 1026 "will be in limbo for awhile." (Br. at 1.) But as the Court also stated:
8  "[I]t's okay for you to say that a license was entered into and move on to something new, but to
9  get into these specific details like this, I'm beginning to see the merit in the 403 objection."
10  (4/20/2012 Tr. At 1060:24-1062:2.) For good reason. Oracle's brief confirms that the 403
11  objection was correctly sustained and that the Court should uphold its exclusion.
12       Oracle claims that the Danger License "confirms that Mr. Rubin sought and obtained a
13  license for Danger *without* Danger having used any Sun source code." (Br. at 1 (emphasis in
14  original).) Specifically, Oracle refers to a paragraph in the License as support for the proposition
15  that "Danger paid for a license to nothing but the Java Specifications." This selective quote
16  fundamentally mischaracterizes the exhibit. The ellipsis masks the fact that *code was actually to*
17  *be delivered by Sun* under the terms of the agreement. (See TX 1026 at 31-32.) As the Danger
18  License states:

> The parties acknowledge that, ***except for the Shared Part delivered to You by Original Contributor* [Sun Microsystems]**, Original Contributor has not provided You under this License, and You assert that You have not accessed any Original Code, Upgraded Code or other Technology.

*Id.* (emphasis added). The Original Contributor is defined as "Sun Microsystems, Inc." (*id.* at 17) and the contract defines the Shared Part as code:

> e)    "Shared Part" means **those Original Code and Upgraded Code** files of the Technology which are identified as "shared" (or words of similar meaning) or which are in any "share" directory or subdirectory thereof, except those files specifically designated by Original Contributor as modifiable.

*Id.* at 18 (emphasis added). Moreover, when deposed on this topic, Mr. Rubin testified that *Sun required licensees to take the Shared Part.* (TX 18 (emphasis added).) In other words, Oracle's

1
GOOGLE'S OPPOSITION TO ORACLE'S MOTION TO ADMIT TRIAL EXHIBIT 1026
Case No. 3:10-CV-03561 WHA

653387.01

1  primary basis for seeking the admission of Trial Exhibit 1026 is based on an incorrect and
2  misleading citation of the Exhibit. For this reason alone, Oracle's motion should be denied.
3       Whether or not anyone at Android "thought" or "knew" it "needed" a license has no
4  bearing on the issue of liability in this case, and would be hopelessly confusing even in the
5  damages phase. As the above quotation shows, looking at plaintiff's brief in the most favorable
6  light, even Oracle is confused. The confusion of the jurors can be expected to be far worse.
7       Oracle's argument that the Danger License shows that "Sun has required a license for API
8  specifications for at least a decade" is also misleading. (Br at 3.) Nowhere in the License are
9  APIs broken out for purposes of a separate license, and Oracle does not point to anything in the
10 License in support of its position.[1] In any event, Oracle does not deny that APIs have been
11 around for many years before Java was implemented. (4/19/2012 Tr. at 699 at 14-17). That APIs
12 might be mentioned as part of a larger bundle of rights is, therefore, hardly surprising. Oracle's
13 attempt to mischaracterize the Danger License as recognizing APIs as a discrete, stand-alone
14 form of protectable IP reveals Oracle's strategy to try to confuse the jury on this issue—and the
15 danger of admitting Trial Exhibit 1026 into evidence.
16      Oracle also fails to point out that that the Danger License apparently encompasses the
17 conveyance of a trademark license under the Java brand. The Danger License states: "Has
18 Trademark License been executed?: Yes". (Tr. Ex. 1026, at 8.) This is precisely the opposite of
19 the situation with Android, which never sought to market itself as Java or even Java-compliant,
20 compounding the prejudice and further confusing the jury.
21      Oracle also argues that the Danger license "is relevant because it rebuts Google's
22 contention that Java technology was never used for any smartphone, and that Google's copying
23 was therefore transformative and excusable as fair use." Even if Oracle could prove that Danger
24 was a successful mobile platform, Oracle should pursue that goal through testimony about the
25 product itself—not through an agreement that has nothing to do with the design of the phone.
26 The License is probative of none of those issues.

---

[1] To the contrary, the Danger License expressly grants rights "covering the Original Code, Upgraded Code and Specifications." (TX 1026 at 10.)

2
GOOGLE'S OPPOSITION TO ORACLE'S MOTION TO ADMIT TRIAL EXHIBIT 1026
Case No. 3:10-CV-03561 WHA

653387.01

1
2   Dated: April 23, 2012                               KEKER & VAN NEST LLP
3                                                      /s/ Robert A. Van Nest
                                                 By:   ROBERT A. VAN NEST
4                                                      Attorneys for Defendant GOOGLE INC.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28