1    MORRISON & FOERSTER LLP
     MICHAEL A. JACOBS (Bar No. 111664)
2    mjacobs@mofo.com
     MARC DAVID PETERS (Bar No. 211725)
3    mdpeters@mofo.com
     DANIEL P. MUINO (Bar No. 209624)
4    dmuino@mofo.com
     755 Page Mill Road, Palo Alto, CA  94304-1018
5    Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

6    BOIES, SCHILLER & FLEXNER LLP
     DAVID BOIES (Admitted *Pro Hac Vice*)
7    dboies@bsfllp.com
     333 Main Street, Armonk, NY  10504
8    Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
     STEVEN C. HOLTZMAN (Bar No. 144177)
9    sholtzman@bsfllp.com
     1999 Harrison St., Suite 900, Oakland, CA  94612
10   Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

11   ORACLE CORPORATION
     DORIAN DALEY (Bar No. 129049)
12   dorian.daley@oracle.com
     DEBORAH K. MILLER (Bar No. 95527)
13   deborah.miller@oracle.com
     MATTHEW M. SARBORARIA (Bar No. 211600)
14   matthew.sarboraria@oracle.com
     500 Oracle Parkway, Redwood City, CA  94065
15   Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

16   *Attorneys for Plaintiff*
     ORACLE AMERICA, INC.
17

18                   UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20                     SAN FRANCISCO DIVISION

21   ORACLE AMERICA, INC.                    Case No. CV 10-03561 WHA

22               Plaintiff,                  **ORACLE MOTION FOR
                                             CLARIFICATION REGARDING
23          v.                               '702 PATENT**

24   GOOGLE INC.

25               Defendant.                  Dept.:  Courtroom 8, 19th Floor
                                             Judge:  Honorable William H. Alsup
26

27

28

ORACLE MOTION FOR CLARIFICATION REGARDING '702 PATENT
CASE NO. CV 10-03561 WHA
pa-1525167

1    Oracle America, Inc. ("Oracle") requests guidance from the Court regarding the inclusion

2    of the '702 patent in the patent infringement phase of the trial.

3    In response to the Court's request for "a candid discussion of the impact these

4    [reexamination] rejections will have on the shape of trial," Oracle made the following

5    commitment:

6        Accordingly, if the case goes to trial this spring, Oracle will withdraw from the
         litigation with prejudice each claim of the '720, '205, and '702 patents asserted
7        against Google that remains rejected at the time of trial, and proceed with the
         copyright case, the '520 patent, the '104 patent, and any asserted claims of the
8        other three patents that are confirmed by the PTO.

9    (ECF No. 777 at 2.)  Oracle also stated that it had "substantial arguments supporting

10   reconsideration, raising a credible prospect that one or more of the rejections will be reversed by

11   the examiners." (*Id.*)  It was for this reason that Oracle made its withdrawal conditional.

12   That prospect has come to pass.  As the Court and the parties now know, on April 19 the

13   PTO reversed its earlier decisions and confirmed the patentability of all the claims of the '702

14   patent in re-examination, which include all the claims that Oracle accuses Google of infringing.

15   Google's prediction that Oracle would be "unlikely to overcome the examiners' rejections" (ECF

16   No. 779 at 2) was wrong.  Google's invalidity contentions have been weighed and found wanting,

17   on a standard much more favorable to Google than what Google faces at trial.  A reexamination

18   certificate confirming the asserted claims will issue in due course—Google is not permitted to

19   appeal the PTO's decision in the *ex parte* reexamination.

20   The Court has twice commented on Oracle's conditional withdrawal in written orders.  On

21   March 13, 2012, the Court wrote:

22       In reliance on Oracle's withdrawal with prejudice of the '720, '205, and '702
         patents, given the final rejections by the PTO examiner, and having twice
23       admonished counsel to reserve mid-April to mid-June 2012 for the trial of this
         case, this order now sets April 16 as the first day of trial, which will be devoted to
24       jury selection and opening statements. The trial shall continue day to day on the
         trifurcated plan previously set and on the daily 7:30 a.m. to one p.m. schedule
25       previously set, with the trial expected to run about eight weeks.

26   (ECF No. 786 at 1.)  Two days later, the Court wrote:

27       Another three [patents] rejected by the PTO examiner were withdrawn if the trial
         is held before the administrative appeals are completed, a withdrawal whose effect
28       will be considered below.  Therefore, there is a strong possibility that only the

ORACLE MOTION FOR CLARIFICATION REGARDING '702 PATENT
CASE NO. CV 10-03561 WHA                                                                          1
pa-1525167

1
2
   '104 and '520 patents will be asserted at trial, and this order will only address issues pertaining to these two patents, without prejudice to revisiting objections specific to the withdrawn patents if they later arise.

3
(ECF No. 796 at 1.)

4
   The Court trifurcated the trial in its January 4, 2012 Final Pretrial Order (ECF No. 675).

5
Phase Two, which has not yet begun, "will be directed to all patent liability and defense issues,

6
including any generalized defenses." (*Id.* at 3.)  Phase One, which is underway, "will be directed

7
to all liability and defenses for all copyright claims but not for any other issues."  (*Id.* at 2.)

8
   Because the patent infringement phase of the trial has not begun, Oracle does not regard

9
the '702 patent as yet withdrawn and intends to assert the '702 patent in Phase Two.  The

10
evidence shows that Google has significantly benefited from its use of the '702 patent.  Testing

11
shows that Android application files are between 1.45 and 3.33 times smaller than they would be

12
if the patented technology were not used, which results in a variety of additional performance

13
benefits.  (*See* Summary and Report of Noel Poore (TX669) at 13.)  An injunction against

14
Google's continued infringement is warranted, particularly because the '702 patent does not

15
expire until October 2017.

16
   Not to allow the '702 patent to go forward would deprive Oracle of a significant

17
intellectual property right.  Google would not be unfairly prejudiced by including it, because the

18
parties have prepared for and anticipated this moment.  Both Oracle and Google kept their '702-

19
related exhibits on the trial exhibit list.  (When considering whether and what exhibits could be

20
dropped, Google asked if Oracle had indeed dropped the '702 patent with prejudice.  Oracle said

21
"no.")  No additional experts will need to appear.  Oracle's experts Profs. Mitchell and Goldberg

22
are appearing for other patents, as is Google's '702 noninfringement expert Prof. Parr.  (We

23
assume Google will withdraw its failed '702 invalidity theories as it did for the '520 patent.)

24
   Oracle brings this motion for clarification because the Court has characterized Oracle's

25
conditional withdrawal differently at different times.  Accordingly, Oracle respectfully requests

26
that the Court confirm that Oracle may proceed to try infringement of the '702 patent in Phase

27
Two in light of the PTO's recent confirmation of all asserted claims.

28

ORACLE MOTION FOR CLARIFICATION REGARDING '702 PATENT
CASE NO. CV 10-03561 WHA
pa-1525167

2

1

2      Dated:  April 24, 2011                    MICHAEL A. JACOBS
                                                 MARC DAVID PETERS
3                                                DANIEL P. MUINO
                                                 MORRISON & FOERSTER LLP

4
                                                 By:  /s/ Michael A. Jacobs
5

6                                                     *Attorneys for Plaintiff*
                                                      ORACLE AMERICA, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE MOTION FOR CLARIFICATION REGARDING '702 PATENT
CASE NO. CV 10-03561 WHA                                                        3
pa-1525167