KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE'S OPPOSITION TO ORACLE'S MOTION FOR CLARIFICATION REGARDING '702 PATENT**<br><br>Dept.:　Courtroom 8, 19th Floor<br>Judge:　Hon. William Alsup |

GOOGLE'S OPP. TO ORACLE'S MOTION FOR CLARIFICATION REGARDING '702 PATENT
Case No. 3:10-CV-03561 WHA

653982.01

Google opposes Oracle's motion to undo its withdrawal with prejudice of the '702 patent, which it agreed irrevocably to dismiss no later than the day that trial commenced in this case.

On March 1, the Court asked Oracle to provide "a clear answer" as to whether it was willing to "*irrevocably withdraw with prejudice* patents '720, '702, and '205" in light of the situation then existing in the PTO, and Oracle's repeated demands for a spring trial date. March 1 Order (ECF No. 757) (emphasis added). In response, Oracle made just such an unequivocal commitment:

> Accordingly, if the case goes to trial this spring, *Oracle will withdraw from the litigation with prejudice each claim of the '720, '205, and '702 patents asserted against Google that remains rejected at the time of trial*, and proceed with the copyright case, the '520 patent, the '104 patent, and any asserted claims of the other three patents that are confirmed by the PTO.

Oracle's Statement Regarding Patent Reexaminations (ECF No. 777) at 2 (emphasis added). It repeated this commitment a page later:

> Nevertheless, to achieve Oracle's goal of bringing this case to trial in the Court's suggested timeframe (mid-April to mid-June, 2012), *Oracle will agree to withdraw with prejudice any of the '720, '205, and '702 patent claims asserted against Google in this litigation that remain rejected at that time*.

*Id.* at 3 (emphasis added). Unsurprisingly, Oracle does not claim in its motion that anything it said was open to interpretation; instead, it claims that what the Court said in response to the commitment it made was not clear. Yet there is nothing ambiguous about what the Court said and did: the following Tuesday, it set April 16 as the first day for trial in this case, expressly doing so "*[i]n reliance on* Oracle's withdrawal with prejudice of the '720, '205, and '702 patents." March 13 Order (ECF No. 786) (emphasis added).

Google has been preparing for trial with the understanding that this was a two patent case ever since. This is evident from Google's further proposals on streamlining the case, in which it noted "[t]here are now two patents with ten claims at issue." Joint Statement of Trial Streamlining Proposals (ECF No. 834) at 4. The Court also structured trial with that understanding. Following the narrowing of the patent trial, the Court re-allocated trial time from the patent phase to the copyright phase. Even Oracle acknowledged that the case was now down to two patents. *See id.* at 2 ("Although a trial on two software patents is still complex, Oracle is

1

1    willing to consider such a proposal."). And there is no dispute that as of April 16, 2012, all
2    asserted claims of the '702 patent stood rejected in the reexamination proceedings.
3         Now Oracle asks the Court to "clarify" that Oracle's "clear answer" was not so clear -- at
4    least not to Oracle. In an effort to bring the '702 patent back to life, Oracle strains to find some
5    ambiguity in what the Court has said about the withdrawal. There is no ambiguity. The Court set
6    the trial date based on Oracle's written commitment to withdraw "each claim . . . that remains
7    rejected at the time of trial." Google spent its efforts preparing to try a two patent case from the
8    date of the March 13 Order forward. If Oracle truly thought that the Order issued by the Court
9    two days later injected any ambiguity into the situation, the time to request clarification was then,
10   in March, not now, after the parties have been in trial for more than a week.
11        Though Oracle does not directly say so, it appears to take the position that when it said "at
12   the time of trial," it did not mean the date on which the trial commenced, but rather the first day
13   of the second phase of this trial. Mot. at 2:8-9 ("Because the patent infringement phase of the
14   trial has not begun, Oracle does not regard the '702 patent as yet withdrawn and intends to assert
15   the '702 patent in Phase Two."). But, as Oracle correctly notes, this case was trifurcated into
16   three phases in an Order of January 4, 2012 -- more than two months prior to Oracle's providing
17   its "clear answer" to the Court's question. So if Oracle intended to reserve the right to assert any
18   rejected claims up until the day the second phase of trial began, it could have said so. It did not
19   say that. Instead, it committed to withdraw those patents no later than the day on which *trial*
20   commenced. No doubt Oracle recognized the unfairness and inefficiency that would accompany
21   any uncertainty about what patents would actually be tried in a case until that case was well
22   underway, and anticipated that the Court would have rejected such an illusory offer.[1]
23        Not only have the Court and Google relied upon Oracle's representation that it had
24   dismissed with prejudice these three patents, other persons connected with the case have done so

---

[1] Oracle's claim that it previously told Google's counsel that the '702 patent had not yet been dropped from the case with prejudice omits to mention that the email exchange at issue took place on March 24, less than two weeks after the Court accepted Oracle's offer, and many weeks before trial commenced. Oracle has never previously suggested that "at the time of trial" meant anything other than the date upon which trial commenced.

as well. In reliance on Oracle's statements, the Court-appointed independent damages expert, Dr. James Kearl, based his report, in a section entitled "Foundational Issues," on the premise that "Oracle asserts that the Google Android operating system infringes two Oracle patents (patents '104 and '520) and certain Oracle copyrights." Kearl Report at 7. Accordingly, allowing Oracle to inject back into the case a patent that it has withdrawn with prejudice would require a revised report from Dr. Kearl and potentially further expert discovery.

The prejudice to Google, which has been preparing for a trial on the two remaining patents since the Court issued its Order accepting Oracle's offer to drop the other three patents in return for a spring trial date, is obvious. Now that trial is well underway, revising the very premises of what is at issue in the case is prejudicial. But leaving aside the prejudice to Google in upending what has been the established scope of the case, there are other concerns with the proof that Google could present in the imminent patent phase of this trial:

*First*, in reliance on the fact that the '702 patent was no longer in the case, Google did not subpoena Nedim Fresko, the named inventor of the '702 patent, and has no idea whether he would be available to testify at trial. Mr. Fresko is a former Sun employee, and not under the control of either party to the case.

*Second*, Google's invalidity expert on the '702 patent relied on Oracle's withdrawal in setting his own schedule for the coming weeks. That expert, Dr. John Levine, is in a deposition in Washington, DC, at the end of this week (April 26-27); at a sentencing hearing in Philadelphia the following week; and then in trial before Judge Wilken from May 7 to May 11, in Case No. 06-CV-07093 CW. During that same time period, he has a reply expert report to prepare in another case. With all of that work filling his schedule, Google would not be able to prepare Dr. Levine for trial testimony in this case. Oracle's breezy assumption that Google would withdraw its invalidity defense to the '702 patent in light of the PTO's decision to change its mind as to the validity of the '702 patent is incorrect. Accused infringers often present invalidity defenses to patents that have emerged from re-examination, and the prior art that Google has asserted here -- one of Sun's own patents -- is extremely strong. Google has the right to a jury determination of whether the '702 patent, which stood rejected until late last week, is in fact valid. But, as a

3
GOOGLE'S OPP. TO ORACLE'S MOTION FOR CLARIFICATION REGARDING '702 PATENT
Case No. 3:10-CV-03561 WHA

653982.01

practical matter, Oracle's decision to withdraw and then attempt at the eleventh hour to bring the patent back into this case threatens to prevent Google from being able to mount any invalidity challenge at trial.  As such, injecting the '702 patent back into the case now would greatly prejudice Google.

*Third*, the fact that the PTO has now changed its mind regarding validity is not the only information from the reexamination that is relevant to this case.  Oracle has made statements during prosecution of the reexamination, and the Examiner has responded with a Statement of Reasons for Patentability.  This additional information, now part of the intrinsic record of the patent prosecution, will be relevant to the interpretation of the claims and affect how, if at all, it can claim infringement of those claims.  It would not be fair to require Google to analyze the statements made in prosecution and, in the middle of trial, adjust its case as to a patent that was previously dismissed with prejudice.

In contrast, any arguable prejudice to Oracle is of its own making.  It knew when it pressed for and received a spring trial date that it would come at the cost of dismissing with prejudice any patents that remained rejected at that time.  Indeed, Oracle proposed that it be allowed to dismiss those patents without prejudice in order to avoid such a result.  ECF No. 700 at 1:9-10 (requesting that the Court "stay[] the patent claims or dismiss[] the patent claims without prejudice").  However, the Court expressly rejected that proposal.  January 20 Order (ECF No. 702) at 1 ("The piecemeal approach suggested by Oracle as a trial alternative will not be adopted.").  Oracle made its commitment, and in return gained the benefit of the early trial it sought.  It did so knowing -- even predicting -- that the PTO might ultimately allow the then-rejected claims.  This was an informed choice of an early trial date over completion of proceedings before the PTO.  It should not now, in the middle of trial, be permitted to renege on that choice.

For all of these reasons, the Court should deny Oracle's request to add back into this case the '702 patent, which has already been dismissed with prejudice.

| | | |
|---|---|---|
| 1 | Dated: April 24, 2012 | KEKER & VAN NEST LLP |
| 2 | | /s/ Robert A. Van Nest |
| 3 | | By:    ROBERT A. VAN NEST |
| 4 | | Attorneys for Defendant GOOGLE INC. |