IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.
_____/

No. C 10-03561 WHA

**ORDER REGARDING THE '702 PATENT**

        Before the trial date was set, a substantial question was pending whether to wait until the PTO had finished all re-exam proceedings before commencing trial. To remove this consideration from the calculus, Oracle offered to dismiss with prejudice all patents that had been rejected in a final office action subject to reinstatement in the event the PTO reversed itself prior to the start of trial. In express reliance on this (Dkt. No. 786), the Court set the early trial date requested by Oracle. That trial date (April 16) started on time and at that moment the dismissals with prejudice became final.

        A few days later, the PTO did reverse itself as to the '702 patent but the reversal came a few days too late, for the trial had already started and the dismissals with prejudice had already become effective.

        Oracle's argument that the patent "trial" has not yet started is wrong. The was and is one trial with three phases. The trial started on April 16. This is not only the plain meaning of the term but any other interpretation would inject great prejudice given that the parties have relied

on the issues to be tried and that reliance should not be turned on its head in mid-trial. Oracle will be required to stand by its word and live with the dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: April 25, 2012. 
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2