KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415.391.5400
Fax: 415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03651 WHA <br><br> **GOOGLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON SECTIONS OF COUNT VIII OF ORACLE'S AMENDED COMPLAINT** <br><br> Dept.: Courtroom 8, 19th Floor <br> Judge: Hon. William Alsup |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL STANDARD............................................................................................................1

III. ARGUMENT .........................................................................................................................2

    A. Google is entitled to judgment as a matter of law that the source code and object code implementing the 37 API packages are not derivative works of Oracle's specifications. ...................................................................................................2

    B. Google is entitled to judgment as a matter of law that the names and declarations from the 37 API packages that appear in the Android source code are not copyrightable. .......................................................................................3

    C. The alleged literal copying is *de minimis* and thus non-actionable. ........................4

        1. The relevant work is J2SE 5.0 ......................................................................5

        2. The nine-line rangeCheck method is quantitatively and qualitatively insignificant. .................................................................................................5

        3. The comments contained in two source code files are quantitatively and qualitatively insignificant. ......................................................................5

        4. The eight Android test files are quantitatively and qualitatively insignificant. .................................................................................................6

    D. Google is entitled to judgment as a matter of law that its specifications for the 37 API packages do not infringe Oracle's copyrights. ......................................6

        1. The evidence cannot support a finding that Android's English-language documentation was copied from the Java API specifications. ....................................................................................................7

        2. The evidence cannot support a finding that the structure, sequence, and organization of Android's English-language documentation was copied from the Java API specifications. ............................................9

    E. Oracle's copyright claim should be dismissed due to a failure to prove the actual contents of the works that are the subject of its copyright registrations. ............................................................................................................10

    F. If the Court accepts Oracle's "collective work" argument, Google is entitled to judgment as a matter of law of non-infringement of each of the component parts of the registered works, because Oracle has not proved authorship of the constituent elements. .....................................................................11

IV. CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. Academic Games League of Am., Inc.*
  89 F.3d 614 (9th Cir. 1996) .................................................................................................. 8

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242 (1986) ............................................................................................................... 1

*Baker v. Selden*
  101 U.S. 99 (1879) ............................................................................................................ 2, 3

*Computer Assoc. Int'l, Inc. v. Altai, Inc.*
  982 F.2d 693 (2d Cir. 1992) .................................................................................................. 4

*Incredible Techs., Inc. v. Virtual Techs., Inc.*
  400 F.3d 1007 (7th Cir. 2005) .............................................................................................. 8

*Johnson v. Gordon*
  409 F.3d 12 (1st Cir. 2005) ................................................................................................... 8

*Lakeside-Scott v. Multnomah County*
  556 F. 3d 797 (9th Cir. 2005) ............................................................................................... 7

*MiTek Holdings, Inc. v. ArcE Eng'g Co.*
  89 F.3d 1548 (11th Cir. 1996) .............................................................................................. 4

*Newton v. Diamond*
  388 F.3d 1189 (9th Cir. 2004) ......................................................................................... 4, 5

*Weisgram v. Marley Co.*
  528 U.S. 440 (2000) ............................................................................................................... 1

**Federal Statutes**

17 U.S.C. § 101 ............................................................................................................................ 2

17 U.S.C. § 102 ............................................................................................................................ 9

17 U.S.C. § 102(b) ............................................................................................................... 1, 2, 4

**Federal Rules**

Fed. R. Civ. P. 50 ..................................................................................................................... 1, 2

Fed. R. Civ. P. 50(a)(1) ............................................................................................................... 1

Fed. R. Civ. P. 50(a)(2) ............................................................................................................... 1

**Federal Regulations**

37 C.F.R. § 202.1(a) .................................................................................................................... 3

## I. INTRODUCTION

On April 12, 2012, Oracle filed a summary of its copyright infringement allegations. Dkt. No. 899. During its case-in-chief, Oracle failed to prove the facts necessary to sustain a number of those allegations. Pursuant to Fed. R. Civ. P. 50, Google is therefore entitled to Judgment as a Matter of Law on the following grounds.[1] *First*, Google is entitled to judgment as a matter of law that the source code and object code implementing the 37 API packages are not derivative works of Oracle's specifications. *Second*, Google is entitled to judgment as a matter of law that the method signatures are not protected by copyright under both section 102(b) and the short words and phrases doctrine. *Third*, Google is entitled to judgment as a matter of law that the alleged literal copying is *de minimis* and thus non-actionable. *Fourth*, Google is entitled to judgment as a matter of law that its specifications for the 37 API packages do not infringe Oracle's specifications. *Fifth*, Google is entitled to judgment as a matter of law on the entire copyright case because Oracle has failed to prove the actual contents of the works that are the subject of its copyright registrations. *Sixth*, to the extent that the Court accepts Oracle's newly advanced "collective work" argument, Google is entitled to judgment as a matter of law of non-infringement as to all constituent elements of the registered works, because Oracle has failed to prove authorship of any component parts of the works.

## II. LEGAL STANDARD

Judgment as a matter of law is proper when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). Rule 50 "allows the trial court to remove . . . issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.,* 528 U.S. 440, 448 (2000) (internal quotations omitted). The standard for granting judgment as a matter of law, in practice, mirrors the standard for granting summary judgment, and "the inquiry under each is the same." *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

---

[1] Google reserves the right under Fed. R. Civ. P. 50(a)(2) to file a further motion for judgment as a matter of law on these or other issues at the close of the evidence. *See* Fed. R. Civ. P. 50(a)(2) ("A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury.").

242, 250-51 (1986).

III. ARGUMENT

    A. **Google is entitled to judgment as a matter of law that the source code and object code implementing the 37 API packages are not derivative works of Oracle's specifications.**

Oracle claims that Google's *implementing source code* is a derivative work *of Oracle's English-language descriptions* because Google's source code *does the things that the English descriptions describe.* See Dkt. No. 859 at 10 (Oracle is claiming infringement based on "Google's creation of derivative works from the English-language descriptions of the elements of the API specifications"). That is nothing but an assertion that *Google's expression* infringes *Oracle's ideas.* Oracle thus stands as an exception to the Supreme Court's statement that "no one would contend that the copyright of the treatise would give the exclusive right to the art or manufacture described therein." *Baker v. Selden,* 101 U.S. 99, 102 (1879). Because Oracle's position is barred by Section 102(b) of the Copyright Act, Google is entitled to judgment as a matter of law that the source code and object code implementing the 37 API packages are not derivative works of Oracle's specifications. *See* 17 U.S.C. § 102(b). This issue raises a question of law that does not depend on any disputed issues of fact, and thus is well-suited to resolution on a Rule 50 motion.

Oracle's derivative work claim is a "classic case of trying to lay claim to the ownership of an idea." RT 1869:15-16 (Court). The specifications "explain in detail what the module is supposed to accomplish," and writing implementing code that *does* what the specifications *explain* is like "creative writing." RT 1869:18-21 (Court). Oracle's derivative work claim is contrary to the idea/expression dichotomy that is codified in Section 102(b) of the Copyright Act. It also is contrary to the statutory definition of a derivative work, which is a work based on "one or more preexisting works," 17 U.S.C. § 101, not a work based on preexisting *ideas.*

Oracle's approach is barred by *Baker v. Selden*:

> To give to the author of the book an exclusive property in the art described therein, when no examination of its novelty has ever been officially made, would be a surprise and a fraud upon the public. That is the province of letters-patent, not of copyright. The claim to an invention or discovery of an art or manufacture must be subjected to the examination of the Patent Office before an exclusive right

2
GOOGLE'S COPYRIGHT JMOL
Case No. 3:10-CV-03561 WHA

654252.02

therein can be obtained; and it can only be secured by a patent from the government.

101 U.S. at 102.  It is also barred by *Mazer v. Stein*: "Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea—not the idea itself." 347 U.S. 201, 217 (1954).  And it is barred by *Sega Enters. Ltd. v. Accolade, Inc.*, under which "functional requirements for compatibility" with a system described by or implemented in a copyrighted work cannot be protected by copyright law.  977 F.2d 1510, 1522 (9th Cir. 1992).

> **B.   Google is entitled to judgment as a matter of law that the names and declarations from the 37 API packages that appear in the Android source code are not copyrightable.**

The Court has already held that the names of API elements are not protectable.  Copyright MSJ Order [Dkt. 433] at 7:24-8:4.  The Court reached this holding in reliance on the "words and short phrases" doctrine.  *See id.;* 37 C.F.R. § 202.1(a).

For the same reason, the declarations (i.e., the method signatures)[2] in the 37 API packages are not protectable.  A declaration (e.g., "public static int max(int arg1, int arg2)"[3]) is a short series of words—a short phrase.  A short phrase is not protectable, just as a name cannot be protected.  37 C.F.R. § 202.1(a).  Indeed, in *Sega*, the Ninth Circuit held that computer code of a similar length was "probably unprotected under the words and short phrases doctrine."  977 F.2d at 1524 n.7.

Moreover, the declarations *must* remain exactly the same in order to ensure compatibility with Java programs calling on those 37 API packages.  *See* RT 520:4-6 (Screven) (if the API packages were redone, "there would be millions of Java programmers out there who are—know how to use the standard APIs as they currently exist, and would have to be reeducated to use these new APIs"); RT 765:6-8 (Bloch) ("If you get anything even a little bit wrong, if you type a capital letter when the method name has lower case letter in Java your program won't run.").  Functional requirements for compatibility are not protected by copyright.  *Sega,* 977 F.2d at 1522 (citing 17

---

[2] RT 796:2-25 (Bloch) (explaining what a method signature, or declaration, is).
[3] RT 796:19:21 (Bloch).

U.S.C. § 102(b)).

In sum, the names and declarations from the 37 API packages are unprotectable both by virtue of the words and short phrases doctrine, and Section 102(b) of the Copyright Act. Thus, Google is entitled to judgment as a matter of law that its use of the names and declarations from the 37 APIs is not copyright infringement.

### C. The alleged literal copying is *de minimis* and thus non-actionable.

*De minimis* acts of copying are not actionable. *Newton v. Diamond,* 388 F.3d 1189, 1192-93 (9th Cir. 2004). Where the only similarity is as to "nonessential matters," the copying is *de minimis. See id.* at 1195 (quoting 4 NIMMER ON COPYRIGHT § 13.03[A][2], at 13-48). Where a defendant copies only "a portion of the plaintiff's work exactly or nearly exactly . . . the dispositive question is whether the copying goes to trivial or substantial elements." *Id.* That substantiality is judged by "considering the qualitative and quantitative significance of the copied portion in relation to the plaintiff's work as a whole." *Id.* (emphasis added); *see also Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 714-15 (2d Cir. 1992). Oracle bears the burden of proving the significance of any copied code. *MiTek Holdings, Inc. v. ArcE Eng'g Co.,* 89 F.3d 1548, 1560 (11th Cir. 1996) ("The burden is on the copyright owner to demonstrate the significance of the copied features, and, in this case, MiTek has failed to meet that burden.").

Oracle has failed to prove the significance of any of the allegedly copied features. Oracle hired Dr. Marc Visnick to compare the code in the Java JDK to Android 2.2. RT 1309:8-1310:18 (Mitchell). This entailed a comparison of hundreds of thousands, or even millions of lines of code as well as "thousands and thousands" of separate files. RT 1310:19-1311:1 (Mitchell). Despite this "very extensive" search, RT 1310:24-1311:1, Dr. Visnick only identified 12 files that allegedly contained copied code. *See* RT 1313:1-11 (Mitchell). These files consist of a nine-line function called rangeCheck, two comment files that never appeared on a phone, and ten test files that never appeared on a phone. *See* RT 1314:2-1320:6 (Mitchell). Oracle presented no evidence that this allegedly copied code has quantitative or qualitative significance. As a matter of law, any copying of these files was therefore *de minimis*.

### 1. The relevant work is J2SE 5.0

In *de minimis* analysis, the copied material must be compared to the "work as a whole." *Newton*, 388 F.3d at 1195. In this case, for the reasons given in Google's supplemental brief filed earlier this evening, the "work as a whole" is J2SE, which is the work that Oracle registered with the Copyright Office. *See* Google's April 25 Copyright Brief, Dkt. No. 982, at 3-6. Moreover, even if the Court were inclined to consider the possibility of a smaller "work," Oracle has presented no evidence that any such smaller work would be appropriate, under any test. Finally, even if the relevant work were the individual packages—a position supported by no evidence other than attorney argument (*see* RT 1633:21-1634:6), the portions of the twelve files that were allegedly copied would still be trivial and insignificant.[4]

### 2. The nine-line rangeCheck method is quantitatively and qualitatively insignificant.

The rangeCheck method consists of *nine lines* of code within the TimSort and ComparableTimSort files. *See* RT 1314:15-1315:7 (Mitchell). This is in comparison to hundreds of thousands of lines of code in the larger library. RT 1315:10-13 (Mitchell). According to Josh Bloch, who wrote the code, the rangeCheck function is "[v]ery, very simple"; "[a]ny competent high school programmer could write it." RT 815:13-16 (Bloch). Even Oracle's expert Dr. Mitchell conceded that "a good high school programmer" could write rangeCheck. RT 1316:24-25 (Mitchell). In fact, the rangeCheck method is not even a part of the most recent and current versions of Android. *See* RT 825:8-19 (Bloch). Oracle introduced no evidence that the nine-line rangeCheck function is anything other than trivial and insignificant, whether the work as a whole is Arrays.java or J2SE 5.0.

### 3. The comments contained in two source code files are quantitatively and qualitatively insignificant.

Dr. Visnick also identified two source code files, among the thousands of files in J2SE, that included comments that were the same in J2SE and Android. *See* RT 1317:6-8 (Mitchell).

---

[4] Further supporting the insignificance of the allegedly copied code is the fact that Dr. Cockburn, Oracle's damages expert, provided no damages theory based on any of this code. Ruling that the alleged copying of this code is *de minimis* as a matter of law would thus simplify the case for the jury, while having no impact on Oracle's recovery, aside from the minimal statutory damages.

These comments are completely insignificant compared to J2SE as a whole, and are also insignificant compared to the source code files in which they are found. These comments are not part of the source code that is compiled when the files are run. *See* RT 1317:12-20 (Mitchell). If these comments were taken out, the code would work in exactly the same way as it does with the comments included. Oracle's expert, Dr. Mitchell, agreed that these comments "don't have any impact, whatsoever, in how the program runs once it's compiled." RT 1318:1-3 (Mitchell). Again, Oracle introduced no evidence that these comments—which Oracle's expert could not even identify as having been part of a single handset—are anything other than trivial and insignificant. *See* RT 1318:4-6 (Mitchell).

### 4. The eight Android test files are quantitatively and qualitatively insignificant.

Finally, Dr. Visnick identified eight Android test files that are allegedly copied from files in J2SE. Aside from their existence, there is almost no testimony about these files at all in the record. Oracle's expert, Dr. Mitchell, testified that he had no reason to believe that these files were ever placed on a handset. *See* RT 1319:15-20 (Mitchell). There is no other evidence in the record suggesting that these files were ever placed on a handset. There is also no evidence in the record that these files had any significance at all to the functioning of either J2SE or Android.[5]

### D. Google is entitled to judgment as a matter of law that its specifications for the 37 API packages do not infringe Oracle's copyrights.

Oracle alleges that Google's documentation for the 37 accused API packages infringes Oracle's copyrights. Specifically, Oracle alleges that (a) the substance of Android's English-language documentation infringes; and (b) the selection, structure, and organization of that documentation also infringes. The Court should grant judgment as a matter of law as to at least the first allegation because the evidence cannot support a finding that the content of

---

[5] Dr. Mitchell did testify that *test files generally* are an important part of software development. RT 1330:15-24 (Mitchell). However he never testified as to how many test files there were in J2SE or Android, or to the role played by *these particular* test files. The best Dr. Mitchell could do was to state that "*if* [these files] helped [Google] test other code they were developing, and speed up and lessen the cost of testing and quality assurance, then that would have a big value to [Google]." RT 1330:25-1331:5 (emphasis added). There is no evidence in the record that these eight files, out of the thousands of files in Android and J2SE, were anything other than trivial and insignificant.

documentation describing the 37 accused API packages in Android was copied from the Java specification. The Court should also dismiss the second allegation because it simply collapses into Oracle's claim that Google copied the structure, sequence, and organization of the 37 accused API packages; the documentation is generated by an automated program, such that the structure, sequence, and organization of the documentation is a natural derivative of the structure, sequence, and organization of the API packages it represents. *See* RT 1169:3-4 (Lee).

### 1. The evidence cannot support a finding that Android's English-language documentation was copied from the Java API specifications.

Oracle adduced evidence of precisely three examples of alleged substantial similarity between Google's and Oracle's specifications for the 37 APIs. A "mere scintilla" of evidence is insufficient to support a jury verdict. *See Lakeside-Scott v. Multnomah County,* 556 F. 3d 797, 802 (9th Cir. 2005) (quoting *Willis v. Marion County Auditor's Office,* 118 F.3d 542, 545 (7th Cir. 1997)). Oracle's three examples—out of over 11,000 pages of specifications (RT 617:2-7 (Reinhold))[6]—cannot support a jury verdict.

In its first example, Oracle focused on the descriptions in the J2SE and Android specifications for the CipherInputStream class in the javax.crypto package. Counsel for Oracle asked Bob Lee to compare the following portions of the descriptions of CipherInputStream in the J2SE 5.0 and Android specifications:

| J2SE 5.0 | Android |
|---|---|
| A CipherInputStream is composed of an InputStream and a Cipher so that read() methods return data that are read in from the underlying InputStream but have been additionally processed by the Cipher. The Cipher must be fully initialized before being used by a CipherInputStream. | This class wraps an InputStream and a cipher so that read() methods return data that are read from the underlying InputStream and processed by the cipher.<br><br>The cipher must be initialized for the requested operation before being used by a CipherInputStream. |

*Compare* TX 610.2 *with* TX 767; *see also* RT 1169:25-1170:19 (Lee). These are sufficiently different that no reasonable jury could find that they are substantially similar. Oracle's second

---

[6] The 11,000 page figure is the length of the specifications for just the 37 API packages. The specifications for all 166 API packages of the J2SE 5.0 platform presumably are several-fold longer, and the size of the J2SE 5.0 platform *as a whole* is larger still.

and third examples are no better. *See* RT 1171:3-1172:25 (Lee) (comparing descriptions in the Android and J2SE specifications for the Cipher class in the javax.crypto package); RT 1174:17-1175:9 (Lee) (comparing descriptions in the Android and J2SE specifications for the Pipe class in the java.nio.channels package).

As Mr. Lee explained, any similarities between the specifications are to be expected, given that the thing being described *is the same* in both specifications:

> Q. Highly similar? Not so similar? What's your judgment?
>
> A. In this case they contain the same words, certainly, but that's to be expected when you're trying to—you're describing various specific concepts in as few words as possible. You're trying to provide, like, a very concise explanation.
>
> Like, for example, the first sentence. What is a pipe, in one sentence. Certainly, if you're trying to do it in that few words, they are going to contain similar words because these are kind of, I guess, the common language or currency of these APIs and simply the technology.
>
> Like, "pipe" isn't even actually a—it's not necessarily a Java term. It predates Java.
>
> Q. So you would—
>
> A. Like, it's a common technical term.

RT 1175:10-24 (Lee). On these facts, any protection in the descriptions in the J2SE 5.0 specifications is, at best, thin, and protected only against virtually identical copying. *See Allen v. Academic Games League of Am., Inc.,* 89 F.3d 614, 619 (9th Cir. 1996) (applying merger doctrine to deny protection to written expression of game rules); *Incredible Techs., Inc. v. Virtual Techs., Inc.,* 400 F.3d 1007, 1013 (7th Cir. 2005) ("utilitarian explanations" of a system "are not sufficiently original or creative to merit copyright protection," or alternatively are protected "only against virtually identical copying").[7]

Professor Mitchell's testimony does not help Oracle's case because he did not apply the correct standard. When asked whether the description "Returns a reference to the private key component of this key pair" (J2SE) is substantially similar to the description "Returns the private

---

[7] *See also Johnson v. Gordon,* 409 F.3d 12, 19 (1st Cir. 2005) ("copyright law protects original expressions of ideas but it does not safeguard either the ideas themselves *or banal expressions of them*" (emphasis added) (citing *Feist Pubs., Inc. v. Rural Tele. Serv. Co.,* 499 U.S. 340, 345-51 (1991)).

8
GOOGLE'S COPYRIGHT JMOL
Case No. 3:10-CV-03561 WHA

654252.02

key" (Android), Professor Mitchell testified, "I think if you were considering using this method, both would *tell you the same information,* that you can use this method to get the private key component of the key pair." RT 1328:2-4 (Mitchell) (emphasis added).  When asked again, he testified, "I think in the context of the rest of the description they *mean the same thing*." RT 1328:9-10 (Mitchell) (emphasis added).  When asked a *third* time whether the descriptions are substantially similar, and directed by the Court to answer "yes" or "no," Professor Mitchell responded, "Yes." RT 1328:24 (Mitchell).  The only reasonable conclusion that a jury can draw from this series of responses is that Professor Mitchell is basing his conclusion of substantial similarity on the fact that both descriptions express the same *idea.*  That, however, is not infringement.  *See* 17 U.S.C. § 102.  Professor Mitchell's opinion about alleged substantial similarity between the Android and J2SE specifications must therefore be disregarded entirely.

      Given the thin protection for these descriptions, no reasonable jury could conclude that the Android specifications infringe the Oracle copyrights.  In the alternative, and only in the event that the Court concludes that the jury should decide the issue of whether Google's specifications infringe Oracle's specifications on a class-by-class basis, Google is entitled to judgment as a matter of law that none of its specifications for classes other than CipherInputStream in the javax.crypto package, the Cipher class in the javax.crypto package, and the Pipe class in the java.nio.channels package infringe the Oracle specifications for the corresponding classes.  The only evidence in the record relates to these classes; Oracle did not present evidence on any other classes.  Oracle could have, but didn't, present evidence of an automated comparison between the Android and Java documentation as a whole, as it did with the implementing source code.  This absence is telling.  It is also grounds to dismiss Oracle's claim that Android's documentation for anything but the CipherInputStream, Cipher, and Pipe classes infringe Oracle's specifications for those same classes.

      **2.    The evidence cannot support a finding that the structure, sequence, and organization of Android's English-language documentation was copied from the Java API specifications.**

      Oracle elicited testimony that the sequence, structure, and organization of the documentation for the 37 accused API packages lines up with that of the corresponding Java

9

GOOGLE'S COPYRIGHT JMOL
Case No. 3:10-CV-03561 WHA

654252.02

documentation. Mr. Lee testified as follows:

> Q. And the structure of the documentation is identical; correct, sir? And if you think of it as an outline, the outline would match identically; correct, sir?
>
> A. Yes.
>
> Q. And that's because on the Android side you're documenting the same application programming interfaces as were documented on the Java side; correct, sir?
>
> A. Yes.

RT 1174:9-16 (Lee). But this is no surprise. As Mr. Lee also testified, the documentation for both Java and Android is created automatically by a tool that reads demarcated portions of the source code for inclusion in a template. *See* RT 1168:21 – 1169:15 (Lee). In short, the creation of the documentation is mechanized. *See* RT 607:18-24, 614:1-4 (Reinhold). As such, if based on the same starting point—the names of the 37 API packages at issue—the structure, sequence, and organization of the Android and Java documentation inevitably will be the same.

Given that the documentation is generated automatically, Oracle's allegation that the structure, sequence, and organization of the Android documentation infringes Oracle's copyrights on the Java specification collapses into Oracle's separate, overriding claim that Google's use of the names of the 37 API packages infringes Oracle's copyrights on the Java framework, including those packages. Similarities in the structure, sequence, and organization of the documentation are just an inevitable byproduct of using the same names of those API packages; they are not a separate act of infringement. Put another way, the similarities derive from Google's use of the same names of the 37 API packages at issue, not from a separate act of copying any Oracle documentation for those 37 API packages. Accordingly, Oracle's separate claim that the structure, sequence, and operation of the documentation infringes should be dismissed as a matter of law, leaving the actual issue—Google's use of the names of the 37 accused API packages—for the jury to decide.

E. **Oracle's copyright claim should be dismissed due to a failure to prove the actual contents of the works that are the subject of its copyright registrations.**

Oracle has not offered any proof of the actual contents of the works that are the subject of its copyright registrations. More specifically, there is no evidence that either TX 610.2 or TX

1  623, the exhibits that Dr. Reinhold sponsored and identified as "a DVD containing an electronic
2  copy of the Java 5 – the JDK documentation," including "the API specification for Java 5" and a
3  DVD containing "the source code for Version 5" (4/19 Tr. at 672, 691) is in fact a true, complete
4  and accurate copy of *Java version 5.0 as it was when Sun's application was submitted to the*
5  *Copyright Office in 2004*.  Oracle, in short, did not prove that any exhibit in evidence is the
6  actual "work" that is the subject of the registration of the Java platform version 5.0.  Dr. Reinhold
7  made no effort to connect either of the DVDs with the registration, and no other Oracle witness
8  did so.
9         Oracle's evidence with respect to TX 622—what it has identified as the Java platform
10 version 1.4, the subject of the other copyright registration asserted by Oracle—was no better.  RT
11 691 (Reinhold) ("622 is the DVD and source code for version 1.4 of the platform"; no testimony
12 that the DVD contains the work as it was at the time of the copyright application or that the DVD
13 contains the same work that was submitted to the Copyright Office).
14        Without evidence from Oracle as to what the "works as a whole" are that are the subject
15 of the registrations, there is no proof that can form the basis of any analysis of any copyright
16 issue.  This lack of evidence is fatal to Oracle's claim.

      **F.**    **If the Court accepts Oracle's "collective work" argument, Google is entitled to judgment as a matter of law of non-infringement of each of the component parts of the registered works, because Oracle has not proved authorship of the constituent elements.**

      For the reasons given in Google's supplemental brief filed earlier this evening, the Court should reject Oracle's "collective work" argument, because Oracle did not register the Java 2 SE platform as a collective work.   Google's April 25 Copyright Brief, Dkt. No. 982, at 6-7.  If, however, the Court accepts Oracle's "collective work" argument, then Google is entitled to judgment as a matter of law of non-infringement of each of the component parts of the registered works, because Oracle has not proved authorship of the constituent elements.  *See id.* at 7-9.

      Thus, even assuming the Court accepts Oracle's "collective work" argument, the failure to prove authorship of any constituent elements precludes Oracle from seeking relief except regarding the selection, coordination and arrangement of the individual component parts of the

Java platform works.

In sum, if the Court accepts Oracle's "collective work" argument, then Google is entitled to a judgment as a matter of law of non-infringement of each of the component parts of the registered works, because Oracle has not proved authorship of the constituent elements.  First, Oracle could not argue infringement with respect to any literal copying of code.  Second, Oracle could argue that the structure, sequence and organization of the 37 API packages is infringed, but only to the extent that its argument did not rely on anything "inside" any of those API packages.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google judgment as a matter of law on the above sections of Count VIII of Oracle's Amended Complaint.

Dated:  April 25, 2012                               KEKER & VAN NEST LLP

                                                By:     /s/ Robert A. Van Nest
                                                        ROBERT A. VAN NEST

                                                Attorneys for Defendant GOOGLE INC.