| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - # 184325<br>canderson@kvn.com<br>DANIEL PURCELL - # 191424<br>dpurcell@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:   415 397 7188 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second Street, Suite 2300<br>San Francisco, CA 94105<br>Tel:  415.318.1200<br>Fax: 415.318.1300 |
| KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER<br>(*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (Pro Hac Vice)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel:  212.556.2100<br>Fax: 212.556.2222 | IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA  94303<br>Tel: 650.328.8500<br>Fax: 650.328.8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiff,<br><br>       v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE'S COMMENTS ON THE COURT'S APRIL 25 DRAFT SPECIAL VERDICT FORM**<br><br>Dept.:    Courtroom 8, 19th Floor<br>Judge:   Hon. William Alsup |

The parties have met and conferred regarding the draft special verdict form that the Court gave to counsel today. The parties have been unable to reach agreement.

Google believes the verdict form can be simplified substantially and still address all the issues that the jury needs to decide.

The parties do not yet know how the Court will instruct the jury on the "work as a whole" issues relating to the different claims made by Oracle, or on other important issues such as (1) the standards of substantial similarity as opposed to virtual identity; (2) the burden of proof as to the *de minimis* issues; and (3) what, if any, assumptions the jury should make regarding the copyrightability of the SSO of the 37 API packages when considering the *de minimis* issues.

Subject to Google's right to propose further modifications to the special verdict form once Google knows how the Court plans to proceed with the instructions, Google comments and suggests that the draft verdict form should be modified as follows:

<u>General Comments</u>:  Google suggests that all references in the verdict form to "37 APIs" should be changed to "37 API packages." Although different witnesses have used different terminology to refer to the portions of the parties' software that is at issue, the phrase "API packages" correctly identifies the 37 portions at issue.

Google also believes that use of the word "copied" in the verdict form prejudices Google. As Google has recently briefed, the Supreme Court, the Ninth Circuit and many other courts have repeatedly stated that "not all copying is copyright infringement." *See* Google April 22 Brief, Dkt. No. 955 at 1213. Suggesting to the jury that any finding of any "copying" ends the infringement inquiry is inconsistent with that well-established law.

**Question 1A:**  The jury does not need to answer two questions to decide the infringement issue as to the SSO of the 37 API packages. As drafted, Question 1A reads as if Oracle needs to prove two separate things: (1) that the APIs as group "had" an overall SSO and (2) that Google

1

"copied" that SSO. Neither part asks the correct question. The API packages do have "an" SSO of some kind, and it is therefore not clear what the first part of the question will mean to jurors. In light of Google's stipulation that the SSO of the 37 accused API packages in Android is substantially the same as the SSO of the corresponding 37 API packages in Java, the second part is unnecessary.

The issue for the jury to decide is whether the use in Android of the overall SSO of the 37 accused API packages as a group infringes, i.e., whether it is sufficient to meet the standard of substantial similarity or virtual identity when the works are compared as a whole. The following revised Question 1A will frame the issue correctly:

**1.    As to the 37 API packages in question taken as a group:**

**A.    Has Oracle proven that the overall structure, sequence and organization of the 37 API packages in Android infringes Oracle's copyrights?**

**Yes (for Oracle) _____    No  (for Google) _____**

**(If you answered "no" to Question 1A, then skip to Question 2)**

**Question 1B:**  Google's only comment on question 1B is that the word "constituted" could be changed to "is," so as to simplify the question. The revised Question 1B would read as follows:

**B.    If so, has Google proven that its use of the overall structure, sequence and organization is a fair use?**

**Yes (for Google) _____    No  (for Oracle) _____**

**Questions 2A and 2B:**  Questions 2A and 2B are unnecessary. Oracle included no claim like the one that is the subject of Question 2A in its "Statement Of Issues" filed on April 12.

2
GOOGLE'S COMMENTS ON THE COURT'S APRIL 25 DRAFT SPECIAL VERDICT FORM
Case No. 3:10-CV-03561 WHA

654411.01

(Dkt. No. 899).  Further, there has been no proof of any copyrighted work consisting of an individual API package implementation.

**Question 2C and 2D:**  For reasons similar to those stated above for Question 1A, Question 2C does not correctly identify the issue the jury needs to decide, and there has been no evidence distinguishing the documentation in any one API package from that in others.

The following set of questions is simpler and clearer, could be used with proper instructions regarding infringement, substantial similarity, virtual identity, and "work as a whole" regardless of the content of the instructions, and would be similar in format to Questions 1A and 1B:

**2.    As to the documentation for the 37 API packages taken as a group:**

**A.    Has Oracle proven that the documentation for the 37 API packages in Android infringes Oracle's copyrights?**

**Yes (for Oracle) _____    No  (for Google) _____**

**(If you answered "no" to Question 2A, then skip to Question 3)**

**B.    If so, has Google proven that its use of the documentation is a fair use?**

**Yes (for Google) _____    No  (for Oracle) _____**

**Question 3:**   Question 3 can also be simplified and reduced from nine questions to one. Google does not assert a fair use defense as to the twelve files containing allegedly copied elements.  The only relevant issue as to those files is not "copying"; it is whether the accused materials are so insignificant that their inclusion is *de minimis*.  Depending on the Court's ruling on burden of proof as to the *de minimis* issue, Question 3 can be stated as simply as:

**3.    [If Oracle has the burden of proof on *de minimis*]  Has Oracle proven that the use in Android of any of the items listed below was more than de minimis?**

       A.  The rangeCheck method in TimSort.java and ComparableTimSort.java

       B.  The source code in the eight ACL "Impl.java" files

       C.  The English language comments in CodeSourceTest.java and CollectionsCertStoreParametersTest.java

       Yes (for Oracle) _____     No  (for Google) _____

       **or**

3.    [If Google has the burden of proof on *de minimis*]  Has Google proven that the use in Android of the items listed below was de minimis?

       A.  The rangeCheck method in TimSort.java and ComparableTimSort.java

       B.  The source code in the eight ACL "Impl.java" files

       C.  The English language comments in CodeSourceTest.java and CollectionsCertStoreParametersTest.java

       Yes (for Google) _____     No  (for Oracle) _____

For ease of reference, Google attaches a complete set of the above revised questions as Exhibit A.

Dated:  April 25, 2012                                                KEKER & VAN NEST LLP

                                                           /s/ Robert A. Van Nest
                                       By:     ROBERT A. VAN NEST

                                       Attorneys for Defendant
                                       GOOGLE INC.

# EXHIBIT A

1. **As to the 37 API packages in question taken as a group:**

   A. **Has Oracle proven that the overall structure, sequence and organization of the 37 API packages in Android infringes Oracle's copyrights?**

   Yes (for Oracle) _____   No  (for Google) _____

   (If you answered "no" to Question 1A, then skip to Question 2)

   B. **If so, has Google proven that its use of the overall structure, sequence and organization is a fair use?**

   Yes (for Google) _____   No  (for Oracle) _____

2. **As to the documentation for the 37 API packages taken as a group:**

   A. **Has Oracle proven that the documentation for the 37 API packages in Android infringes Oracle's copyrights?**

   Yes (for Oracle) _____   No  (for Google) _____

   (If you answered "no" to Question 2A, then skip to Question 3)

   B. **If so, has Google proven that its use of the documentation is a fair use?**

   Yes (for Google) _____   No  (for Oracle) _____

**3.     Has Oracle proven that the use in Android of any of the items listed below was more than de minimis?**

      A.  **The rangeCheck method in TimSort.java and ComparableTimSort.java**

      B.  **The source code in the eight ACL "Impl.java" files**

      C.  **The English language comments in CodeSourceTest.java and CollectionsCertStoreParameters Test.java**

**Yes (for Oracle)** _____     **No  (for Google)** _____