1
2
3
4                    IN THE UNITED STATES DISTRICT COURT
5
6                FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   ORACLE AMERICA, INC.,
9            Plaintiff,                          No. C 10-03561 WHA
10
11  v.
12  GOOGLE INC.,
13           Defendant.
                                        /
14
                    **COURT'S PROPOSED CHARGE TO THE JURY**
15
                       **AND SPECIAL VERDICT FORM**
16
           Appended hereto are copies of the draft charge to the jury and special verdict form given
17
   to both sides on April 26, 2012, for discussion with the Court at the charging conference on
18
   April 27, 2012, at 2:15 p.m.  Although counsel have filed numerous waves of overlapping and
19
   even contradictory proposed instructions in the past, the proposed charge is based on the way
20
   the trial has actually developed, taking into account issues that have emerged and receded and
21
   concessions by counsel.  Subject to the upcoming charging conference, the Court believes the
22
   proposed charge adequately and fairly covers all issues actually still in play.  Therefore, in order
23
   to give the district judge a fair opportunity to correct any error as matters now stand, counsel
24
   must, at the charging conference, bring to the judge's attention any addition, subtraction or
25
   modification or other objections or proposal for the jury instructions.  Otherwise, all such points
26
   shall be deemed waived and it will not be sufficient merely to argue after the verdict that a
27
   proposed instruction filed earlier in the proceedings somehow was not adopted.  Rather, any
28
   such proposal that counsel still cares about must be raised anew at the charging conference.

**United States District Court**
For the Northern District of California

The charging conference shall be conducted so as to give full and fair opportunity for counsel to raise any and all objections and proposals.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

      Plaintiff,

  v.

GOOGLE INC.,

      Defendant.

No. C 10-03561 WHA

**[DRAFT]**
**FINAL CHARGE TO THE JURY (PHASE ONE)**
**AND SPECIAL VERDICT FORM**

**FOR CHARGING CONFERENCE ON**
**APRIL 27, 2012, AT 2:15 P.M.**

**United States District Court**
For the Northern District of California

**1.**

Members of the jury, it is now time for me to give you the final instructions, including instructions on the law that governs this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence and to decide whether the side with the burden of proof has carried that burden, applying the elements of proof required by the law, elements I will provide you in a moment. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

**2.**

The evidence from which you are to decide what the facts are consists of:

    1.    The sworn testimony of witnesses, whether presented in person or by depositions;

    2.    The exhibits received into evidence; and

    3.    Any stipulated facts.

**3.**

Certain things, however, are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    1.    Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence itself. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

**United States District Court**
For the Northern District of California

2.      A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer.  A question by itself is not evidence.  Consider it only to the extent it is adopted by the answer.

3.      Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the Court was not in session is not evidence.

4.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard, or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a

witness says, or part of it or none of it.  In considering the testimony of any

witness, you may take into account:

    1.    The opportunity and ability of the witness to see or hear or know the things testified to;

    2.    The witness' memory;

    3.    The witness' manner while testifying;

    4.    The witness' interest in the outcome of the case and any bias or prejudice;

    5.    Whether other evidence contradicted the witness' testimony;

    6.    The reasonableness of the witness' testimony in light of all the evidence; and

    7.    Any other factors that bear on believability.

6.

You are not required to decide any issue according to the testimony of a

number of witnesses, which does not convince you, as against the testimony of a

smaller number or other evidence, which is more convincing to you.  The

testimony of one witness worthy of belief is sufficient to prove any fact.  This

does not mean that you are free to disregard the testimony of any witness merely

from caprice or prejudice, or from a desire to favor either side.  It does mean that

you must not decide anything by simply counting the number of witnesses who

have testified on the opposing sides.  The test is not the number of witnesses but

the convincing force of the evidence.  You should base your decision on all of the

evidence regardless of which party presented it.

7.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony.  If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited.  Inability to recall and innocent misrecollection are common.  Two persons witnessing an incident or a transaction sometimes will see or hear it differently.  Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others.  You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

9.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

10.

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

11.

7

**United States District Court**
For the Northern District of California

1    Now I will address the burden of proof.  In this case, the preponderance of

2  the evidence standard applies on all sides, so whoever has the burden of proof on

3  an issue must carry that issue by a preponderance of the evidence.  When a party

4  has the burden of proof on any claim by a preponderance of the evidence, it

5  means you must be persuaded by the evidence that the claim is more probably

6  true than not true.  To put it differently, if you were to put the evidence favoring a

7  plaintiff and the evidence favoring a defendant on opposite sides of a scale, the

8  party with the burden of proof on the issue would have to make the scale tip

9  somewhat toward its side.  If the party fails to meet this burden, then the party

10  with the burden of proof loses on the issue.  Preponderance of the evidence

11  basically means "more likely than not."

12                                              12.

13    On any claim, if you find that plaintiff carried its burden of proof as to

14  each element of a particular claim, your verdict should be for plaintiff on that

15  claim.  If you find that plaintiff did not carry its burden of proof as to each

16  element, you must find against plaintiff on that claim.  This same principle also

17  applies to defendants on claims for which it has the burden of proof.

18                                              13.

19    I will now turn to the law that applies to this case.  Oracle seeks damages

20  against Google for alleged copyright infringement.  Google denies infringing any

21  such copyright material and asserts that any use by it of copyrighted material was

22  protected, among other things, by a defense called "fair use," which will be

23  explained below.  To the extent that you find liability in this phase, we will

24  consider the extent of damages in the third phase of the trial.  Now, I will give

25  you an overview of copyright law in general.  Then I will give you a summary of

26  the claims and defenses at issue in this case.  After that I will give you a further

27  statement of the copyright law to help you in resolving the claims and defenses.

28                                              14.

**United States District Court**
For the Northern District of California

By federal statute, copyright is an exclusive right to copy a work, a right that lasts for 95 years from the date of publication.  This right to copy includes the exclusive rights to:

1.  Make additional copies or otherwise reproduce the copyrighted work or to license others to do so;

2.  Recast, transform, adapt the work, that is, prepare derivative works based upon the copyrighted work;

3.  Distribute copies of the copyrighted work to the public by sale; and

4.  Display publicly a copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights to copy.  Even though someone may acquire a copy of the copyrighted work, such as a book from a bookstore, for example, the copyright owner retains rights to control the making of copies of the work.  The term "owner" includes the author of the work or someone who has purchased the copyright.  An owner may sue for copyright infringement.

15.

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression, such as putting pen to paper.  The owner of the copyright may then register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work and applying via a registration form, after which the Copyright Office will either allow or disallow the application.  By way of examples, copyrighted works can include

1.  Literary works like books, periodicals and, of particular interest here, operating manuals;

2.  Musical works;

3.  Photographs and drawings;

4.  Motion pictures;

**United States District Court**
For the Northern District of California

1        5.      Computer programs, also of particular interest here.

2        Only that part of the works comprised of original works of authorship

3  fixed in any tangible medium of expression from which it can be perceived,

4  reproduced, or otherwise communicated, either directly or with the aid of a

5  machine or device can be protected by copyright.  To take examples, words can

6  be fixed on paper, and a computer program can be fixed in the memory of a

7  mobile phone.

8                16.

9        As stated, the owner of a copyright has the exclusive right to make copies

10  of all of part of the copyrighted work.  If someone else does so without consent

11  from the owner, then there is infringement (except in certain circumstances I will

12  describe below).

13                17.

14        The copyright confers ownership over particular the expression of ideas in

15  a work but it never confers ownership over ideas themselves.  For example, if a

16  book describes a strategy for playing a card game, the copyright prevents anyone

17  (but the owner) from duplicating the book itself but everyone is still free to read

18  the book and to use the strategy, for the idea set forth in the book, that is the

19  strategy, is not protected by copyright.  And, everyone is entitled to write their

20  own book about the same game and the same strategy so long as they do not

21  plagiarize the earlier book.

22        Another statutory limitation on the scope of a copyright is that copyright

23  never protects any procedure, process, system, method of operation, concept,

24  principle, or discovery.  Possibly such things can be claimed under the patent

25  system or by trade secret laws but they may not be claimed by copyright.  Again,

26  the main point is that the copyright protects the particular expression composed

27  by the author.

28                18.

**United States District Court**
For the Northern District of California

1    I will now turn to the claims in this case.  Oracle claims Google has

2    infringed its copyrights in two registered works, namely, "Java Standard Edition,

3    Version 1.4" (TX 464) and "Java 2 Standard Edition, Version 5.0" (TX 475), and

4    the application leading to those registrations appear at TX 3529 and 3530.

5    The registered copyrights generally cover the compilable code and documentation

6    for the Java API packages.  The main issues you must decide concern these two

7    general types of work contained therein, namely "compilable code" and

8    "documentation."  As used in these instructions and the Special Verdict Form, the

9    term API "compilable code" refers to method and class names, declarations,

10   definitions, organization, parameters, and implementation (as well as the resulting

11   object code) implementing the various API functions.  In this connection, the

12   source code that implements the function of the API is called the

13   "implementation."  The "compilable code" does *not* include the English-language

14   comments you have heard about.  Even though such comments are embedded in

15   the software program, these English-language comments do not get compiled and

16   are not used by the computer to perform API functions.  Instead, the English-

17   language comments are part of what I will call the API "documentation," a term

18   that encompasses all of the English-language comments.  The term "API

19   documentation" includes all content — including English-language comments as

20   well as method and class names, declarations, definitions, organization, and

21   parameters — in the reference document for programmers.  Again, please

22   remember that although these English-language comments appear in the software

23   program listing, they can be extracted for handy reference in the guides made

24   available to programmers.  So, I will be referring to the "API compilable code"

25   and the "API documentation."

26                          19.

27   The copyrighted Java platform has more than 37 API packages and so

28   does the accused Android platform.  As for the 37 API packages that overlap,

Google agrees that it uses the same names and declarations but contends that its line-by-line implementations are different (with the exception of the rangeCheck lines), a contention not disputed by Oracle.  Instead, Oracle contends that Google copied the structure, sequence and organization of the compilable code for the 37 API packages, individually as 37 separate packages and collectively as a single group.  Google agrees that the structure, sequence and organization of the 37 accused API packages on Android is substantially the same as the structure, sequence and organization of the corresponding 37 API packages in Java.  Google states that the elements it has used are either not copyrightable in the first place or its use was protected by a statutory rule permitting the public, including competitors, to make "fair use" of copyrighted works.  It is my job to decide whether or not the copyrights on the computer programs do or do not extend to protect the structure, sequence and organization of the code of the programs.  I will not be able to decide this question until after your verdict.  For purposes of your deliberations, you must assume that the copyrights do cover the structure, sequence and organization of the code.

20.

I have, however, decided that the copyrights do not cover the names given to files or packages because under the law, names cannot be copyrighted.  This includes the name "java" as well.  Although "Java" has been registered as a trademark, the name java cannot be copyrighted, nor can any other name, whether one or two words or longer in length.  Except for the names, you must take for granted that the structure, sequence, and organization of the programs is protected under copyright law.

21.

With respect to the API documentation, Oracle contends Google copied the English-language comments in the copyrighted Java work and moved them over to the documentation for the 37 API packages in Android.  Google agrees

**United States District Court**
For the Northern District of California

1    that there are similarities in the language but, pointing to differences as well,

2    denies that its documentation is a copy of the Java documentation.  Google further

3    asserts that the similarities are largely the result of the fact that each API carries

4    out the same functions in both systems.  Google again asserts the statutory

5    defense of fair use.  For the API documentation issue, you do not need to be

6    concerned with structure, sequence, and organization, a concept that applies only

7    to the compilable code part of the case.

8                                    22.

9           The issues just discussed center on the API packages.  Apart from the API

10   issues, I will now describe a shorter list of specific items that Oracle contends

11   were copied verbatim by Google.  Specifically, Oracle contends that Google

12   copied verbatim certain lines of compilable code, namely the rangeCheck method

13   in two files, other source code as compiled into object code in seven "Impl.Java"

14   files and one other file and, finally, certain English-language comments in two

15   other files.  Google responds that any verbatim copying by it was excusable under

16   the law as "de minimis."  For purposes of this group of infringement contentions,

17   the structure, sequence and organization is irrelevant and the comparison must be

18   made to the work as a whole as defined in a moment.

19                                   23.

20          Now, I will turn to the more detailed law.  In order to prove infringement,

21   Oracle must prove by a preponderance of the evidence that Oracle's work is

22   original and that it is the owner of the part of the work allegedly copied.

23                                   24.

24   **NOTE:  COUNSEL SHALL PROVIDE AN AGREED-ON PARAGRAPH RE**

25   **OWNERSHIP.**

26                                   25.

27          To prove infringement, Oracle must also prove that Google copied all or a

28   protected part of a copyrighted work owned by it.  There are two ways to prove

United States District Court

For the Northern District of California

1  copying.  One is by proof of direct copying, as where the copyrighted work itself

2  is used to duplicate or restate the same words and symbols on a fresh page.

3      The second way is via circumstantial evidence by showing the accused

4  had access to the copyrighted passages in question and that there are substantial

5  similarities or, in certain instances, virtual identity between copyrighted work and

6  the accused work.  The virtual identity test is used when the subject under

7  consideration is a narrow one and we would expect certain terms and phrases to

8  be used.  This is in contrast to a literary work in which there will be a broad range

9  of creativity, in which case it is necessary only to prove substantial similarity.  In

10  this trial, you should use the substantial similarity test for all such comparison

11  except for those involving the API documentation, in which case you should use

12  the virtual identity test.  This is because the documentation for the API packages

13  describe narrow technical functions and it is to be expected that the same words

14  and phrases would be more likely used.

15                           26.

16  **NOTE:  COUNSEL SHALL PROVIDE AN AGREED-ON PARAGRAPH RE THE**

17  **OBJECTIVE-SUBJECTIVE TEST.**

18                           27.

19      Copying that is considered "de minimis" is not actionable.  A copying is

20  "de minimis" only if it is so meager and fragmentary that compared to the work as

21  a whole the average audience would not recognize the appropriation.  You must

22  consider the qualitative and quantitative significance of the copied portions in

23  relation to the work as a whole.  The burden is on Oracle to prove that the copied

24  material was not de minimis.

25                           28.

26      Now, I will explain the law governing Google's defense based on the

27  statutory right of the public to make "fair use" of copyrighted works.  The public

28  may use any copyrighted work in a reasonable way under the circumstances

United States District Court

For the Northern District of California

without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a "fair use." The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Google has the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

      1.    The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

      2.    The nature of the copyrighted work;

      3.    The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

      4.    The effect of the use upon the potential market for or value of the copyrighted work.

If you find that Google proved by a preponderance of the evidence that Google made a fair use of Oracle's work, your verdict should be for Google on that question in the Special Verdict Form.

29.

With respect to the infringement issues concerning the rangeCheck and other similar files, Google admits that the accused lines of code and comments came from the copyrighted material but contends that the amounts involved were so negligible as to be de minimis and thus should be excused.

30.

In your deliberations, you will need to make certain comparisons to the "work as a whole." It is my job to isolate and identify for you the "work as a whole." You must take my identification as controlling if and when this comes up in your deliberations. This issue arises when (1) comparing Oracle's work and

15

United States District Court

For the Northern District of California

Android's work for similarity under both substantial similarity and virtual identity standards, (2) deciding whether Google copied only a de minimis amount of Oracle's work, and (3) evaluating the third factor of fair use:  the amount and substantiality of the portion used in relation to the copyrighted work as a whole.

Although you have seen that the copyright registrations cover a large volume of work, the entire registered work is not the work as a whole for these purposes.  This may seem odd to you, so let me give an example.  An entire magazine issue may be copyrighted but a specific article advertisement or photograph may be the relevant work as a whole depending on what was allegedly copied.

For purposes of this case, I have determined that the "work as a whole" means the following:  For purposes of Question No. 1 in the Special Verdict Form, the "work as a whole" constitutes all of the compilable code associated with *all* of the API packages (not just the 37) in the registered work.  This excludes the virtual machine.  For purposes of the first two subquestions of Question No. 2 in the Special Verdict Form, the "work as a whole" is, for each API package, the compilable code for *that individual API package*.  For purposes of the last two subquestions of Question No. 2 in the Special Verdict Form, the "work as a whole" means the contents (including name, declaration and English-language comments) for *that individual API package*.  For purposes of Question No. 3, the "work as a whole" is the compilable code for the individual file except for the last two files listed in Question No. 3, in which case the "work as a whole" is the compilable code and all the English-language comments in the same file.

31.

Google had no right to copy any elements of the Java platform protected by copyright unless it had a written license to do so from Sun or Oracle or had a written sub-license to do so from a third party who had a license from Sun or

1  Oracle conferring the right to grant such sub-licenses.  The burden is on Google

2  to prove it had any such license or sublicense rights.  Put differently, if Google

3  claims a license from a third party, Google has the burden to prove that the third

4  party itself had the proper right and authority from Sun or Oracle as to any of the

5  copyrights owned by Sun or Oracle and used by Google, for Google could acquire

6  from the third party no greater right than the third party had in the first place.

7  Similarly, if Google contends that Oracle or Sun had dedicated elements protected

8  by copyright to the public domain for free and open use, the burden is on Google

9  to prove such a public dedication.

10  32.

11       If you find Google liable on any copyright claim, then Oracle further

12  contends that Google should be found liable for vicarious liability.  If you find

13  that any third-party mobile device manufacturers or end-users infringed Oracle's

14  copyright in the works at issue, you may consider the Oracle's claim that Google

15  vicariously infringed that copyright.  Oracle has the burden of proving each of the

16  following by a preponderance of the evidence:

17          1.    Google profited directly from the infringing activity of

18               third-party mobile device manufacturers or end-users;

19          2.    Google had the right and ability to supervise the infringing

20               activity of third-party mobile device manufacturers or end-

21               users

22  If you find that Oracle proved each of these elements, your verdict should be for

23  Oracle if you also find that third-party mobile device manufacturers or end-users

24  infringed Oracle's copyright.  If, on the other hand, Oracle has failed to prove any

25  of these elements, your verdict should be for Google.

26  33.

27       If you find Google liable on any copyright claim, then Oracle also further

28  contends that Oracle should be found liable for contributing liability.  A

17

United States District Court

For the Northern District of California

defendant may be liable for copyright infringement engaged in by another if it knew or had reason to know of the infringing activity and intentionally induces that infringing activity.

If you find that third-party mobile device manufacturers or end-users infringed Oracle's copyright in the works at issue, you may proceed to consider Oracle's claim that Google contributorily infringed that copyright. To prove copyright infringement, Oracle must prove both of the following elements by a preponderance of the evidence:

1. Google knew or had reason to known of the infringing activity of third-party mobile device manufacturers or end-users ; and

2. Google intentionally induced third-party mobile device manufacturers' or end-users' infringing activity.

If you find that third-party mobile device manufacturers or end-users infringed Oracle's copyright and you also find that Oracle has proved both of these elements, your verdict should be for Oracle. If, on the other hand, Oracle has failed to prove either or both of these elements, your verdict should be for Google.

34.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. I recommend that you select a foreperson who will be good at leading a fair and balanced discussion of the evidence and the issues.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

### 35.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations. The Clerk will also provide you with an index to them.

### 36.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1.    All of the exhibits received into evidence;

2.    An index of the exhibits if the lawyers are able to stipulate as to its form;

3.    A work copy of these jury instructions for each of you;

4.    A work copy of the verdict form for each of you; and

5.    An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

### 37.

United States District Court
For the Northern District of California

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

### 38.

Now that you are going to begin your deliberations, however, you must stay until 4:00 P.M. You may, of course, take a reasonable lunch break. The Court recommends that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

### 39.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

### 40.

United States District Court
For the Northern District of California

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict.  The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.  Thank you for your careful attention.  The case is now in your hands.  You may now retire to the jury room and begin your deliberations.

Dated:  **[ONLY SIGN AND DATE AFTER INSTRUCTION READ TO THE JURY]**

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California