KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **GOOGLE INC.'S COMMENTS ON THE COURT'S PROPOSED CHARGE TO THE JURY** <br><br> Dept.:   Courtroom 8, 19th Floor <br> Judge:   Hon. William Alsup |

## I. INTRODUCTION

Pursuant to the Court's request, Google Inc. ("Google") hereby identifies its three most pressing concerns with the Court's Proposed Charge to the Jury [Dkt. No. 994]. First, instruction 28, which concerns fair use, inadequately explains the factors in the fair use test. Second, instruction 19, which concerns alleged infringement of the structure, sequence, and organization of the compilable code for the 37 API packages, does not instruct the jury to determine substantial similarity. Third, instruction 30, concerning the work as a whole, is incorrect both in that it identifies a different work as a whole for different questions, and in that it fails to identify the registered work, the J2SE platform, as the work as a whole. Google further objects to the extent that the Court did not adopt Google's proposed jury instructions.

## II. ARGUMENT

### A. Instruction 28 – Fair Use

Google objects to the Court's instruction 28 concerning fair use because it does not give the jury sufficient background to understand the fair use factors. In addition to some smaller changes that Google will raise at the charging conference, Google has four specific objections:

*First,* the jury should be instructed that the statutory factors are non-exclusive. Specifically, Google requests that, after listing the four factors, the Court add this further sentence: **"You may consider whatever additional factors you believe are appropriate, on the facts of this case, to assist in your determination of whether Google's use is a fair use."** Section 107 of the Copyright Act states that the factors to be considered "include" the four statutory factors. 17 US.C. § 107. But the "factors enumerated in the statute in the section are not meant to be exclusive: '[S]ince the doctrine is an equitable rule of reason, no generally applicable definition is possible, and each case raising the question must be decided on its own facts.'" *Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 560 (1985) (quoting H.R. Rep. No. 94-1476, at 65 (1976)). Instead, "Section 107 requires a case-by-case determination whether a particular use is fair . . . ." *Id.*; *see also* 17 U.S.C. § 101 ("The terms 'including' and 'such as' are illustrative and not limitative.").

*Second,* the jury should be instructed that the fair use factors must be weighed together,

1

with no single factor being treated as dispositive.  Specifically, Google requests that after the "additional factors" sentence discussed above, the Court add these further sentences: **"All of the fair use factors must be weighed together.  No single factor compels a conclusion of fair use or no fair use."**  The Supreme Court has held that the factors cannot "be treated in isolation, one from another."  *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 578 (1994).  "All are to be explored, and the results weighed together, in light of the purposes of copyright."  *Id.* (citing Pierre N. Leval, *Toward a Fair Use Standard,* 103 HARV. L. REV. 1105, 1110-11 (1990)).

*Third,* the Court should instruct the jury that the first factor is "The purpose and character of the use, including whether such use is of commercial nature or is for nonprofit educational purposes, **and including whether such work is transformative (meaning that it adds something new, with a further purpose or different character, altering the original with new expression, meaning, or message)."**  This is based on the Supreme Court's explanation in *Campbell*:

> The central purpose of this investigation [i.e. the first factor investigation] is to see, in Justice Story's words, whether the new work merely "supersede[s] the objects" of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is "transformative."

510 U.S. at 579 (citations omitted).

*Fourth,* as to the second fair use factor, the Court should instruct the jury that it should consider the "nature of the copyrighted work, **including whether the work is fictional or mostly functional or factual**."  This explanation is drawn from the Ninth Circuit's discussion of this factor in *Sega Enters. Ltd. v. Accolade, Inc.*:

> The second statutory factor, the nature of the copyrighted work, reflects the fact that not all copyrighted works are entitled to the same level of protection.  The protection established by the Copyright Act for original works of authorship does not extend to the ideas underlying a work or to the functional or factual aspects of the work.  To the extent that a work is functional or factual, it may be copied, as may those expressive elements of the work that "must necessarily be used as incident to" expression of the underlying ideas, functional concepts, or facts.

977 F.2d 1510, 1524 (9th Cir. 1992) (citing 17 U.S.C. § 102(b) and *Baker v. Selden,* 101 U.S. 99 (1879)).

### B. Instruction 19 -- Infringement

Instruction 19, which concerns infringement of the structure, sequence, and organization of the compilable code for the 37 API packages, does not instruct the jury to determine substantial similarity. Google requests that after instructing the jury that "Google states that the elements it has used are either not copyrightable in the first place," that the Court insert a clause stating Google's position **"that Google's work and Oracle's work are not substantially similar when compared as a whole"**. Google has additional, smaller changes to this instruction, which it will raise at the charging conference.

### C. Instruction 30 – Work as a Whole

The Court has identified four different works as a whole for different parts of the case. Google objects to this formulation for several reasons. The Court should instead instruct the jury that "**the work as a whole for all purposes is the entire J2SE platform**."

*First,* there is no basis for using different works-as-a-whole for different questions. Across the three questions that involve the "work as a whole" concept, the Court asks the jury to apply four different works as a whole. This can only lead to confusion.

*Second,* as Google has argued previously, the work as a whole *for all purposes* is the entire J2SE platform, the work that Sun registered with the copyright office. *See* Google's April 22, 2012 Copyright Liability Trial Brief, Dkt. No. 955, at 5-12; Google's April 25 Copyright Brief, Dkt. No. 993, at 3-6. Indeed, not only is J2SE the sole work registered with the Copyright Office, it is the sole work that was pled in Oracle's Complaint in this case. Am. Compl., Dkt. No. 36, ¶ 39 ("Google's Android infringes Oracle America's copyrights *in the Java platform*" (emphasis added)). As Google argued in its previous briefs, no case law exception applies to the ordinary rule that the registered work is the "work as a whole" for all purposes—substantial similarity, fair use, and de minimis.

*Third*, even assuming something smaller than J2SE *could* be considered the "work as a whole," the trial record does not support a smaller work (or multiple smaller works) *on the facts of this case.* Oracle claims that it *does not allow* subsetting of the API libraries. RT 373:18-374:9 (Kurian). Moreover, the APIs depend on each other and are interwoven. *See* RT 779:13-

1   780:18 (Bloch).  There is *no* evidence in support of *any* work smaller than the work as a whole.

2   Allowing Oracle to argue for a jury verdict based on a work—or multiple works—smaller than the entire J2SE platform as a whole would allow Oracle to improperly shift its definition of the work as a whole in order to suit its individual claims as they have evolved.  *See NXIVM Corp. v. The Ross Institute*, 364 F.3d 471, 481 (2d Cir. 2004) ("If plaintiffs' argument were accepted by courts — and, not surprisingly, plaintiffs cite no authority to support it — the third factor could depend ultimately on a plaintiff's cleverness in obtaining copyright protection for the smallest possible unit of what would otherwise be a series of such units intended as a unitary work.").

If the Court adopts Google's proposal, this would also require changing instruction 19 at page 12, line 5 to remove the phrase "individually as 37 separate packages."

### III.   CONCLUSION

Google respectfully requests that the Court adopt the changes to the proposed jury charge set forth above.  Consistent with the Court's Order [Dkt. No. 994], Google reserves the remainder of its objections to the proposed charge to the jury, and will raise those additional issues at the charging conference.

Dated:  April 26, 2012                                   KEKER & VAN NEST LLP

                                                         /s/ Robert A. Van Nest
                                                By:      ROBERT A. VAN NEST

                                                         Attorneys for Defendant
                                                         GOOGLE INC.