MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OBJECTION TO JURY INSTRUCTION ON EQUITABLE DEFENSES**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

## I. ORACLE OBJECTS TO GOOGLE'S PROPOSED VERDICT FORM QUESTION ON THE EQUITABLE DEFENSES

Google claims that its copyright infringement is excused under the equitable defenses of waiver, estoppel, implied license, and laches. At the Charging Conference on April 27, 2012, counsel for Google proposed that the jury be asked the following advisory verdict question, absent any instructions on the equitable defenses: "Has Google proven that Sun or Oracle led it to believe through its affirmative actions that it did not need a license for what it was doing?" (RT at 2444:2-6.) Oracle objects to this proposed question because it vastly understates the requirements for proving the equitable defenses, each of which is different. The proposed question may lead the jury to mistakenly conclude that Google's infringement can be excused if the question can be answered in the affirmative. A significant percentage of Google's case has been based on arguments about these equitable defenses, and several of these arguments — like Google's contentions regarding Apache Harmony — have been legally incorrect. Oracle is concerned about the prejudice that may result if these equitable defenses now become part of the jury's deliberation process in the form of a overly simplistic single question.

If the Court chooses to take this streamlined approach rather than asking specific questions and providing instructions for each equitable defense, Oracle requests the following modification to better capture some of the common requirements of Google's equitable defenses:

> "Has Google proven that, as a result of the affirmative acts of Sun or Oracle, Google actually and reasonably believed that it did not need a license for what it was doing?"

An advisory verdict on this single question would not be a true finding on any of the equitable defenses. That work will have to be done by the Court in view of the full law. As explained briefly below, the law on each equitable defense requires a greater showing by Google than is reflected in the single verdict form question, as posed by Google or by Oracle.

(1) The equitable defense of waiver requires Google to prove that Oracle intentionally relinquished its known rights to the 37 API packages in Java. *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988) ("Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it"); *Adidas-America,*

*Inc. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1074 (D. Or. 2008) (failure to act to enforce a right, without more, is insufficient evidence of intent to waive).

(2) For equitable estoppel, Google must show that (1) Oracle/Sun knew of Google's infringement; (2) Oracle/Sun intended that Google rely on Mr. Schwartz's statements regarding Android, or acted in such a way that Google had a right to rely on those statements; (3) Google was ignorant of its infringement of Oracle/Sun's rights; and (4) Google relied on Oracle/Sun's conduct or statements to its material harm. *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960) (listing four elements of estoppel).

(3) To claim an implied license, Google must prove that Oracle/Sun affirmatively granted permission to Google to use the 37 API packages at issue and that the entire course of conduct between Oracle/Sun and Google over the relevant time period led Google to reasonably infer Oracle/Sun's consent. *Effects Assocs. v. Cohen*, 908 F.2d 555, 558-559 (9th Cir. 1990) (finding an implied license where plaintiff created the copyrighted work at defendant's request and handed it over to him, "intending defendant copy and distribute it"); *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997) ("The primary difference between the estoppel analysis in implied license cases and the analysis in equitable estoppel cases is that implied license looks for *an affirmative grant of consent or permission* to make, use, or sell: i.e., a license") (internal citations omitted; emphasis added).

(4) Lastly, for the equitable defense of laches, Google must prove that (1) Oracle/Sun unreasonably delayed filing the lawsuit; (2) the delay was inexcusable, and (3) Google has suffered material prejudice due to Oracle/Sun's delay. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 952-56 (9th Cir. 2001) (three-part analysis of "delay," "reasonableness of the delay," and "prejudice"); *Winn v. Opryland Music Group, Inc.*, 22 Fed. Appx. 728, 729 (9th Cir. 2001) (same). Additionally, "laches is not available in a case of willful infringement, when the infringing conduct occurs 'with knowledge that the defendant's conduct constitutes copyright infringement." *Winn*, 22 Fed. Appx. at 729; *Danjaq*, 263 F.3d at 956-57 (willfulness exception to laches "remains the law of this circuit").

The proposed single advisory verdict question, even in the modified form that Oracle proposes, obviously does not capture all elements of the equitable defenses. Omitted from the question, *inter alia*, are the requirements that (1) Oracle intentionally relinquish its known rights in the 37 API packages (waiver), (2) Oracle/Sun intended that Google rely on Oracle/Sun's conduct or statements (estoppel), (3) Google actually relied on Oracle/Sun's conduct or statements to its material detriment (estoppel), (4) Oracle/Sun affirmatively granted Google permission to use the 37 API packages without a license (implied license), (5) any delay in suit was unreasonable and caused Google to suffer prejudice (laches); and (6) that a finding of willful infringement may negate Google's ability to claim laches.

Oracle is concerned that a jury interrogatory in either proposed format may mislead the jury into believing that Google's infringing conduct could be excused on facts that would fall well short of the actual requirements for the equitable defenses Google asserts. Further, because the interrogatory omits necessary elements of Google's defenses, it would appear to be of limited value to the Court. That is, if the Court does pose this question to the jury, the answer could provide the jury's view on the particular question posed, but would not be sufficient to support an advisory verdict in Google's favor on any specific equitable defense. Hence its usefulness to the Court in making its own decision on each of Google's equitable defenses seems questionable at best.

**CONCLUSION**

For these reasons, the Court should not include Google's proposed advisory verdict question. The Court must decide these equitable defenses, and its decision will be aided by the evidence presented at trial. Giving the jury the proposed, over-simplified question creates a

//
//

substantial risk of jury confusion, diverting attention from the factual issues the jury must decide. If the question is given, it should be in the modified form set forth above.

Dated: April 29, 2012                             MORRISON & FOERSTER LLP


                                                  By:   /s/ *Daniel P. Muino*
                                                        Daniel P. Muino

                                                  MORRISON & FOERSTER LLP
                                                  MICHAEL A. JACOBS (Bar No. 111664)
                                                  mjacobs@mofo.com
                                                  MARC DAVID PETERS (Bar No. 211725)
                                                  mdpeters@mofo.com
                                                  DANIEL P. MUINO (Bar No. 209624)
                                                  dmuino@mofo.com
                                                  755 Page Mill Road
                                                  Palo Alto, CA  94304-1018
                                                  Telephone: (650) 813-5600
                                                  Facsimile: (650) 494-0792

                                                  BOIES, SCHILLER & FLEXNER LLP
                                                  DAVID BOIES (Admitted *Pro Hac Vice*)
                                                  dboies@bsfllp.com
                                                  333 Main Street
                                                  Armonk, NY  10504
                                                  Telephone: (914) 749-8200
                                                  Facsimile: (914) 749-8300
                                                  STEVEN C. HOLTZMAN (Bar No. 144177)
                                                  sholtzman@bsfllp.com
                                                  1999 Harrison St., Suite 900
                                                  Oakland, CA  94612
                                                  Telephone: (510) 874-1000
                                                  Facsimile: (510) 874-1460

                                                  ORACLE CORPORATION
                                                  DORIAN DALEY (Bar No. 129049)
                                                  dorian.daley@oracle.com
                                                  DEBORAH K. MILLER (Bar No. 95527)
                                                  deborah.miller@oracle.com
                                                  MATTHEW M. SARBORARIA (Bar No. 211600)
                                                  matthew.sarboraria@oracle.com
                                                  500 Oracle Parkway
                                                  Redwood City, CA  94065
                                                  Telephone: (650) 506-5200
                                                  Facsimile: (650) 506-7114

                                                  *Attorneys for Plaintiff*
                                                  ORACLE AMERICA, INC.