| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - # 84065 | DONALD F. ZIMMER, JR. - #112279 |
| rvannest@kvn.com | fzimmer@kslaw.com |
| CHRISTA M. ANDERSON - # 184325 | CHERYL A. SABNIS - #224323 |
| canderson@kvn.com | csabnis@kslaw.com |
| DANIEL PURCELL - # 191424 | 101 Second Street, Suite 2300 |
| dpurcell@kvn.com | San Francisco, CA 94105 |
| 633 Battery Street | Tel: 415.318.1200 |
| San Francisco, CA 94111-1809 | Fax: 415.318.1300 |
| Telephone: 415 391 5400 | |
| Facsimile: 415 397 7188 | |
| | |
| KING & SPALDING LLP | IAN C. BALLON - #141819 |
| SCOTT T. WEINGAERTNER | ballon@gtlaw.com |
| (*Pro Hac Vice*) | HEATHER MEEKER - #172148 |
| sweingaertner@kslaw.com | meekerh@gtlaw.com |
| ROBERT F. PERRY | GREENBERG TRAURIG, LLP |
| rperry@kslaw.com | 1900 University Avenue |
| BRUCE W. BABER (Pro Hac Vice) | East Palo Alto, CA 94303 |
| 1185 Avenue of the Americas | Tel: 650.328.8500 |
| New York, NY 10036 | Fax: 650.328.8508 |
| Tel: 212.556.2100 | |
| Fax: 212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561 WHA |
| Plaintiff, | **GOOGLE'S SECOND MOTION FOR JUDGMENT AS A MATTER OF LAW ON SECTIONS OF COUNT VIII OF ORACLE'S AMENDED COMPLAINT** |
| v. | |
| GOOGLE INC., | |
| Defendant. | Dept.: Courtroom 8, 19th Floor |
| | Judge: Hon. William Alsup |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 50, Google hereby moves for Judgment as a Matter of Law on sections of Count VIII of Oracle's Amended Complaint. Pursuant to the Court's request, Google will file supplemental briefing in support of its motion on Tuesday, May 1.

## II. ARGUMENT

*First*, Google is entitled to judgment as a matter of law that the source code and object code implementing the 37 API packages are not derivative works of Oracle's specifications. As explained in Google's April 25, 2012 Motion for Judgment as a Matter of Law [Dkt. No. 984] ("Apr. 25 JMOL") at 2-3, Oracle's derivative work claim is foreclosed by 17 U.S.C. § 102(b) and *Baker v. Selden*, 101 U.S. 99 (1879).

*Second*, Google is entitled to judgment as a matter of law that the method signatures are not protected by copyright under both section 102(b) and the short words and phrases doctrine. *See* Apr. 25 JMOL at 3-4; *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1524 n.7 (9th Cir. 1992).

*Third*, Google is entitled to judgment as a matter of law that the alleged literal copying is *de minimis* and thus non-actionable. *See* Apr. 25 JMOL at 4-6.

*Fourth*, Google is entitled to judgment as a matter of law that its specifications for the 37 API packages do not infringe Oracle's specifications. *See* Apr. 25 JMOL at 6-10.

*Fifth*, Google is entitled to judgment as a matter of law on Oracle's claims based on "direct code copying" relating to the rangeCheck code, the eight "Impl/ACL" test files and the allegedly copied comments, as a result of Oracle's failure to prove that either of the two copyright registrations on which Oracle relies provides protection for or covers the individual files on which those claims are based.

*Sixth*, Google is entitled to judgment as a matter of law on Oracle's copyright claim as a result of Oracle's failure to prove the contents of the works that are the subject of the two copyright registrations on which Oracle relies. *See* Apr. 25 JMOL at 10-11.

*Seventh*, to the extent Oracle has not already withdrawn with prejudice its "collective

1  work" argument, Google is entitled to judgment as a matter of law of non-infringement as to all
2  constituent elements of the registered works, because Oracle has failed to prove authorship of any
3  component parts of the works.  *See* Apr. 25 JMOL at 11-12.

4  Google's Rule 50 motion is based on this Motion, Google's April 25th motion for
5  judgment as a matter of law and the evidence and authorities cited therein, the brief in support
6  and the evidence and authorities cited therein that the Court has directed Google to file in support
7  of this Motion, the entire trial record, and such argument as the Court allows on this Motion.

8  Rule 50 of the Federal Rules of Civil Procedure applies only to issues on which the jury is
9  being asked to render a verdict.  *See* Fed. R. Civ. P. 50(a)(1) (rule applies where "a party has been
10 fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have
11 a legally sufficient evidentiary basis to find for the party on that issue").  Google's Rule 50
12 motion therefore does not address copyrightability or its equitable defenses—issues which are
13 reserved for the Court.  To the extent that the Court concludes Rule 50 motions can be directed to
14 issues reserved to the Court (or such issues in combination with issues left for the jury), Google
15 further moves for judgment as a matter of law on Count VIII in its entirety on the grounds that (a)
16 the structure, sequence, and organization of the Java APIs is not protectable by copyright, and
17 Oracle has not carried its burden of proof as to the remaining parts of its claim, namely the
18 specifications and allegedly copied items (as referenced in the paragraphs beginning with "*Third*"
19 and "*Fourth*" above); and (b) Count VIII of the Oracle's Amended Complaint is barred by
20 Google's equitable defenses of laches, equitable estoppel, waiver, and implied license.  Such
21 further motion is based on this Motion, the proposed findings of fact and conclusions of law and
22 the evidence and authorities cited therein that the Court has directed Google to file on issues
23 reserved for the Court, the entire trial record, and such argument as the Court allows on this
24 Motion.

Dated:  April 29, 2012                                      KEKER & VAN NEST LLP

                                                            /s/ Robert A. Van Nest
                                                       By:      ROBERT A. VAN NEST

                                                            Attorneys for Defendant
                                                            GOOGLE INC.

2
GOOGLE'S SECOND COPYRIGHT JMOL
Case No. 3:10-cv-03561 WHA

658220.01