MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OBJECTION TO GOOGLE'S PROPOSED INSTRUCTION ON THE OBJECTIVE-SUBJECTIVE TEST**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Oracle submits this last of three briefs objecting to instructions that were proposed for the first time at the charging conference on Friday, April 27.

### I. ORACLE OBJECTS TO GOOGLE'S PROPOSED INSTRUCTION ON THE OBJECTIVE SUBJECTIVE TEST

At the charging conference on April 27, 2012, Google proposed for the first time the following jury instruction on the objective-subjective test (No. 26):

> To determine whether the copyrighted work and the accused work are substantially similar, or if appropriate, virtually identical, you must compare the works as a whole. However, in comparing the works as a whole, you cannot consider similarity to unprotectable elements of Oracle's works.
>
> I have instructed you about the protectable and unprotectable elements of Oracle's works in instructions 17, 19 and 20.

(RT at 2401:23-2402:12.)

Oracle objects to this instruction on four grounds. First, it does not state that, the jurors' comparison should be made in relation to Oracle's work as a whole, rather than to Android. Second, it does not explain that the qualitative significance of the work copied, though quantitatively small, may be enough to find substantial similarity. Third, this instruction does not explain that if the jury were to find direct evidence of copying, the jury need not analyze whether the works are substantially similar. Lastly, the instruction is confusing because it asks the jurors to cross-reference other jury instructions in order to be able to interpret this one.

#### A. The Instructions Should Reflect that Google Is Liable for Copying Either a Quantitatively or a Qualitatively Significant Portion of Oracle's Work, Regardless of the Size of the Portion of Android Not Accused

Google's proposed instruction is erroneous because the jury should compare the copied portion in relation to the plaintiff's work as a whole, not the defendant's work as a whole. To hold otherwise would be to "allow an unscrupulous defendant to copy large or qualitatively significant portions of another's work and escape liability by burying them beneath non-infringing material in the defendant's own work, even where the average audience might recognize the appropriation." *Newton v. Diamond,* 388 F.3d 1189, 1195 (9th Cir. 2004). "No plagiarist can excuse the wrong by showing how much of his work he did not pirate." *Sheldon v.*

ORACLE'S OBJECTION TO GOOGLE'S PROPOSED INSTRUCTION ON THE OBJECTIVE-SUBJECTIVE TEST
CASE NO. CV 10-03561 WHA
sf-3139263

1

*Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936)). The Court suggested at the charging conference that it may include an instruction that addresses this point, and Oracle renews its request that the Court do so. Such an instruction is particularly important in this case, given that Google's counsel has repeatedly emphasized all of the many different parts of Android that have nothing to do with this litigation or Oracle's work as a whole.

Just as importantly, the substantiality of a taking "is measured by considering the qualitative and quantitative significance of the copied portion in relation to the plaintiff's work as a whole." *Newton*, 388 F.3d at 1193. Copying that is *either* quantitatively or qualitatively significant constitutes infringement. *See, e.g., Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539 (1985) (holding that copying of 300 words of quotation from unauthorized manuscript of Gerald Ford memoir was not fair use); *Mktg. Tech. Solutions, Inc. v. Medizine LLC*, No. 09 Civ. 8122 (LMM), 2010 U.S. Dist. LEXIS 50027, at *10 (S.D.N.Y. May 18, 2010) (denying summary judgment where defendant copied 437 lines of source code out of plaintiff's 953,612-line program because "it performs a real function" in the plaintiff's program). This should be stated explicitly in the instruction.

Google's proposed instruction uses an incorrect frame of reference and fails to inform the jury that they should find infringement if Google copied even a quantitatively small, but qualitatively significant portion of Oracle's work.

    **B.**    **Direct Evidence of Copying Obviates the Need to Analyze Whether the Works Are Substantially Similar.**

The objective-subjective test, as part of the greater substantial similarity analysis, is merely an alternative way to prove copying in the absence of direct evidence of copying. Where, as here, the jurors have heard evidence of direct copying, they should be instructed as follows: "Direct evidence of copying is sufficient to prove copying. Thus, where there is direct evidence of copying, you do not need to consider whether the works are substantially similar or virtually identical." *See Range Road Music, Inc. v. East Coast Food, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012). In *Range Road*, the Ninth Circuit held that there is no need to prove similarity when there is evidence of direct copying as is the case here:

ORACLE'S OBJECTION TO GOOGLE'S PROPOSED INSTRUCTION ON THE OBJECTIVE-SUBJECTIVE TEST
CASE NO. CV 10-03561 WHA
sf-3139263

2

> "Substantial similarity" is not an element of a claim of copyright infringement. Rather, it is a doctrine that helps courts adjudicate whether copying of the "constituent elements of the work that are original" actually occurred when an allegedly infringing work appropriates elements of an original without reproducing it *in toto*.

*Id (citation omitted).* ("'[S]ubstantial similarity' is irrelevant in a case like this one, in which the Music Companies produced evidence that the public performances entailed direct copying of copyrighted works."). Google admits that it engaged in massive direct copying of the structure, sequence and organization of thousands of elements in the APIs for these 37 API packages. Oracle is not required to provide further evidence of substantial similarity.

### C. The Third Sentence Of This Instruction Is Confusing.

The Court indicated at the charging conference that it was not inclined to include the third sentence of Google's proposed instruction. Oracle agrees with this conclusion. In fact, to fully apply this instruction, the jurors would have to cross reference *five* other instructions (not just the three that Google has noted). The instructions that the jurors would need to refer to are: work as a whole (#30); ideas/expression (#17); structure, sequence, and organization (#19); names of files (#20); and substantial similarity/virtual identity (#25). For this reason, Oracle believes it would be better to eliminate this instruction entirely. It will only confuse the jury to add in an instruction that is potentially relevant to so many other instructions that have previously been explained.

### CONCLUSION

For these reasons, the Court should not include Google's proposed verdict question on the objective-subjective test. In the alternative, the Court should modify the instruction to correct for the errors discussed above.

Dated: April 29, 2012          MORRISON & FOERSTER LLP


                               By:  /s/ *Daniel P. Muino*
                                    Daniel P. Muino
                                    Attorneys for Plaintiff
                                    ORACLE AMERICA, INC.

ORACLE'S OBJECTION TO GOOGLE'S PROPOSED INSTRUCTION ON THE OBJECTIVE-SUBJECTIVE TEST
CASE NO. CV 10-03561 WHA
sf-3139263

3