KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415.391.5400
Fax: 415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03651 WHA <br><br> **GOOGLE'S OBJECTIONS TO FINAL CHARGE TO THE JURY (PHASE ONE) AND SPECIAL VERDICT FORM** <br><br> Dept.: Courtroom 8, 19th Floor <br> Judge: Hon. William Alsup |

1
GOOGLE'S OBJS. TO FINAL CHARGE TO THE JURY (PHASE ONE) AND SPECIAL VERDICT FORM
Case No. 3:10-CV-03561 WHA

658227.01

## I. INTRODUCTION

Google offers these further objections and comments on the Court's Final Charge to the Jury (Phase One) and Special Verdict Form. *See* Dkts. 1012, 1012-1. Google also preserves all prior objections made to the jury instructions and verdict form, including but not limited to its objection to instructing the jury that Oracle's works as a whole are anything smaller than the works it registered. *See* Dkt 996; RT 2332-244 (transcript of charging conference).

## II. OBJECTIONS TO THE FINAL CHARGE

### A. Instruction 17

Google understands that the Court has reserved the issue of whether the structure, sequence and organization of the elements of the 37 API packages are copyrightable, and that the Court is aware that Google argues that they are not. Google objects to the instruction to the jury that "the copyrights in question do cover the structure, sequence and organization of the compilable code," because the jury should be instructed that the structure, sequence and organization of the elements of the 37 API packages is not copyrightable, for the reasons stated in Google's prior filings on this subject. *See* Dkts. 260, 368, 562, 601, 778, 823, 831, 852, 860, 897, 898, 955, 993.

### B. Instruction 25

Google requests that the Court change "virtual identity" in this instruction to "virtually identical," for reasons of clarity. The Ninth Circuit case law uses the phrase "virtually identical" rather than "virtual identity" where necessary for proper grammar. *See Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1442 (9th Cir. 1994) ("we conclude that only 'thin' protection, against virtually identical copying, is appropriate").

Google also requests that the Court change "compare to the works as whole" to "compare ~~to~~ the works as **a** whole" (deleting "to" and adding "a"). The Ninth Circuit requires that the defendant's work as a whole be compared to the plaintiff's work as a whole. *See, e.g., Apple,* 35 F.3d at 1439 (Microsoft's works as a whole had to be compared to Apple's work as a whole); *see also* Dkt. 996 at 3:4-7.

### C. Instruction 26

Google objects to the lack of a fifth factor in the fair use instructions and the failure to indicate that the four specified factors are not exhaustive, for the reasons given in Google's comments on the Court's prior proposed charge to the jury, and at the charging conference. *See* Dkt. 996 at 1:16-27; RT 2410:5-8, 2410:21-2411:6, 2412:20-2413:21.

### D. Instruction 30

At the charging conference, Google agreed that there was no jury issue regarding public dedication, although there is an issue for the Court on this issue. *See* RT 2425:9-2426:15. At that time, however, the proposed verdict form did not include a question regarding Google's equitable defenses. *See* Dkt. 994-1. The sentence regarding public dedication was also not followed, at the time, by the next sentence in the final charge that refers to Google's contentions.

Because the verdict form now does include a question regarding Google's equitable defenses, *see* Dkt. 1012-1 at 3 (Question 4), there now is a jury issue regarding public dedication. Namely, because Sun dedicated the Java language, including the APIs, to the public, Sun engaged in conduct that it knew or should have known would reasonably lead Google to believe that it would not need a license to use the structure, sequence and organization of the APIs at issue. Google therefore objects to the two clauses on lines 18-20 of Instruction 30 in the final charge that state, "but the parties agree that there is no such issue for you to decide. Again, Google makes no such contention in this trial . . . ." Dkt. 1012:18-20. Google requests that these two clauses be deleted. The first is incorrect, because the jury is now being asked to decide, on an advisory basis, an equitable question that relates to the issue of public dedication. The second is incorrect because Google *does* make such a contention in this trial, although Google's contention relates to issues that are for the Court to decide.

Google also renews its objections to this entire instruction. *See* RT 2418:18-23, 2419:16-2422:25, 2423:14-2424:7.

### III. ERRORS IN THE FINAL CHARGE AND VERDICT FORM

#### A. Instruction 26

At the charging conference, Google requested that "The public" be changed to "Anyone," and the Court agreed to this change, without any objection from Oracle.  *See* RT 2407:9-12.  The final charge does not reflect this change.  Google renews its request that "The public" be changed to "Anyone" in Instruction 26.

#### B. Page numbers in the Final Charge

The final charge does not have page numbers.

#### C. Introduction to the Verdict Form

The Court may want to change the first line of the verdict form so that it states that the jury's "answer**s**" must be unanimous.

#### D. Question 3 in the Verdict Form

The jury could misread Question 3, and conclude that an answer of "Yes" means "yes, the use was *de minimis*."  Google requests that the Court add a parenthetical, below the "Yes" on this question, stating, "(infringing)," and that a similar parenthetical, stating "(not infringing)" be added below the "No" on this question.

#### E. Question 4 in the Verdict Form

For clarity, Google requests that on line 15 of Question 4, that the phrase "Your answer will be used . . ." be changed to "Your answer**s to Questions 4A and 4B**" in order to ensure that the jury understands that only Question 4 relates to an issue to be decided by the Court.  For the same reason, Google requests that the phrase "These interrogatories" at the start of the second sentence of that same paragraph, starting on line 15, be changed to "Questions 4A and 4B."

Dated:  April 29, 2012                                            KEKER & VAN NEST LLP

                                                                  /s/ Robert A. Van Nest
                                                          By:     ROBERT A. VAN NEST

                                                                  Attorneys for Defendant
                                                                  GOOGLE INC.