1    MORRISON & FOERSTER LLP
     MICHAEL A. JACOBS (Bar No. 111664)
2    mjacobs@mofo.com
     KENNETH A. KUWAYTI (Bar No. 145384)
3    kkuwayti@mofo.com
     MARC DAVID PETERS (Bar No. 211725)
4    mdpeters@mofo.com
     DANIEL P. MUINO (Bar No. 209624)
5    dmuino@mofo.com
     755 Page Mill Road, Palo Alto, CA  94304-1018
6    Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

7    BOIES, SCHILLER & FLEXNER LLP
     DAVID BOIES (Admitted *Pro Hac Vice*)
8    dboies@bsfllp.com
     333 Main Street, Armonk, NY  10504
9    Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
     STEVEN C. HOLTZMAN (Bar No. 144177)
10   sholtzman@bsfllp.com
     1999 Harrison St., Suite 900, Oakland, CA  94612
11   Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

12   ORACLE CORPORATION
     DORIAN DALEY (Bar No. 129049)
13   dorian.daley@oracle.com
     DEBORAH K. MILLER (Bar No. 95527)
14   deborah.miller@oracle.com
     MATTHEW M. SARBORARIA (Bar No. 211600)
15   matthew.sarboraria@oracle.com
     500 Oracle Parkway, Redwood City, CA  94065
16   Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

17   *Attorneys for Plaintiff*
     ORACLE AMERICA, INC.
18

19                    UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21                      SAN FRANCISCO DIVISION

22   ORACLE AMERICA, INC.                    Case No. CV 10-03561 WHA

23              Plaintiff,                   **ORACLE'S OBJECTIONS TO THE
                                             COURT'S FINAL CHARGE TO THE
24        v.                                 JURY AND SPECIAL VERDICT
                                             FORM (PHASE ONE)**
25   GOOGLE INC.
                                             Dept.:  Courtroom 8, 19th Floor
26              Defendant.                   Judge:  Honorable William H. Alsup

27

28

1    Oracle submits these additional objections to the Court's Notice of Final Charge to the

2    Jury (Phase One) and Special Verdict Form (ECF No. 1012).  Oracle preserves all prior

3    objections made to the jury instructions and verdict form, including those made at the charging

4    conference on Friday, April 27 and in briefs filed with the Court before and after that charging

5    conference addressing proposed jury instructions.

6    ## I.      ORACLE'S OBJECTIONS TO THE FINAL CHARGE

7    ### A.      Instruction No. 16 (Infringement definition)

8    Oracle was agreeable to the proposed change to Instruction No. 16 at the charging

9    conference, but notes that with this change, the complete set of jury instructions as revised now

10   lacks a clear and affirmative definition of infringement.  That definition used to be contained in

11   Instruction No. 16.  (*See* ECF. No. 994 ("As stated, the owner of a copyright has the exclusive

12   right to make copies of all of [sic] part of the copyrighted work.  If someone else does so without

13   consent from the owner, then there is infringement (except in certain circumstances I will

14   describe below.").)  It has now been removed, and the revised instruction substitutes in a

15   reference to the affirmative defenses of fair use and *de minimis*.  Given that Google's affirmative

16   defenses of fair use and *de minimis* defenses are mentioned or explained in 10 of the 18

17   substantive instructions (*see* Jury Instr. Nos. 13, 16, 19, 21, 22, 24, 26, 27, 28, 30), the jury should

18   be provided with at least one clear definition of infringement, either in this instruction or

19   elsewhere.

20   ### B.      Instruction No. 17 (Ideas/Expression)

21   With the exception of the last sentence of this instruction, Oracle objects to the inclusion

22   of an ideas/expression instruction on the grounds that such an instruction is confusing because it

23   is an issue of law for the Court to decide and that the Court's approach in the rest of the set of

24   instructions is to charge the jury with determining whether there was infringement and whether it

25   was excused, while reserving the issue of copyrightability for the Court.  Since the jury will not

26   be deciding copyrightability, this instruction is unnecessary and invites the jury to deliberate over

27   whether the works at issue are protected by copyright.

28

1    Oracle does not object to the last sentence of this instruction, which needs to be delivered

2  to inform the jury that the structure, sequence and organization is copyrightable.

3                    **C.      Instruction No. 24 (Copying)**

4    Oracle objects to revised instruction 24 to the extent that it now states that Oracle has the

5  burden to prove that Google's copying was not *de minimis* in comparison to the work as a whole.

6  The instruction appears to be placing the burden on Oracle to show that copying of the APIs for

7  the 37 packages was not *de minimis*, but the Court has already stated that no reasonable jury

8  could find this.  (*See* Tr. 1870 (No reasonable jury could find that the structure, sequence, and

9  organization is deminimus.").)  In addition, the burden of establishing a *de minimis* defense rests

10  with Google, not Oracle.  *See, e.g., Merch. Transaction Sys., Inc. v. Nelcela, Inc.*, 2009 U.S. Dist.

11  LEXIS 25663, at *61 (D. Ariz. Mar. 17, 2009) ("Thus, Nelcela will not escape liability unless it

12  can show that the protectable elements in the Lexcel software constitute an insignificant

13  (quantitatively and qualitatively) portion or aspect of the Lexcel software.").

14    Further, Oracle continues to object to the Court's use of the "virtual identity test" for

15  claims involving the API documentation.  While the Court appears to be using this test to refer to

16  a comparison of the written description in the API documentation, Oracle notes that the term API

17  documentation is actually broadly defined in Instruction 18, to include "all content—including

18  English-language comments as well as method names and class names, declarations, definitions,

19  parameters, and organization—in the reference document for programmers."  (ECF No. 1012

20  ¶ 18.)  Applying the virtual identity test to copying of this broad range of creative expression

21  would be incorrect if that is the Court's intent.

22                    **D.      Instruction No. 25**

23    This instruction was requested by Google at the charging conference.  Oracle submitted a

24  brief objecting to the proposed instruction on Sunday, April 29, and incorporates that brief by

25  reference here.  (*See* ECF No. 1010.)  As described in more detail in that brief, this instruction

26  should not be given at all, but if it is delivered, the instruction is improper because: (1) the proper

27  frame of reference for the "work as a whole" should be Oracle's work, not Android; (2) the

28  instruction does not include the fact that the comparison to the work as a whole should be both

1    qualitative and quantitative, as even a quantitatively small amount of copying can have

2    significance; and (3) the instruction should explicitly state that there is no need to engage in the

3    substantial similarity analysis if there is evidence of direct copying of the kind Google has

4    admitted to here.  (*See id.* at 1-3.)

5                        **E.        Instruction No. 26**

6            Oracle objects to the Court's inclusion of "transformative" in paragraph 1 of the

7    instruction, and to the definition of "transformative."  Oracle objects further to the use of the term

8    "functional" in section 2.  Both terms were proposed by Google and have the potential to mislead

9    the jury.  Oracle filed a brief on April 29 setting forth its objections to the fair use instruction

10   provided by the Court at the charging conference on April 27.  (ECF No. 1005.)  Oracle

11   incorporates that brief by reference here.

12           Google's use is not transformative.  Google copied the APIs for the 37 Java packages

13   nearly verbatim, and uses them in a competing product to attract Java developers.  Google's claim

14   that Android's use of the APIs for the 37 Java packages is transformative because Android is a

15   smart phone is baseless.  All Google has done is to take technology already present in one billion

16   mobile phones, copy it without modification, and use it for Android.  Further, there was

17   uncontroverted evidence at trial that the Java APIs were already being used in Blackberry

18   smartphones manufactured by RIM, Sidekick/Hiptop smartphones manufactured by Danger, and

19   Nokia's Series 60 phones.  (Tr. 959:20-23 (Swetland); 1585:21-23 (Rubin); 300:18-19 (Ellison);

20   383:6-9 (Kurian); 1102:3-9 (Cizek); 1922:22-25 (Gering).)

21           If the Court is going to deliver an instruction on transformative, Oracle requests that the

22   definition be revised as "meaning whether Google's use of copyrighted material was for a distinct

23   purpose unrelated to the function and purpose of Oracle's original material."  *See, e.g., Kelly v.*

24   *Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003) (holding search engine operator's use of

25   "thumbnail" pictures of copyrighted images was "transformative" fair use, because it "served an

26   entirely different function" from plaintiff's original images).  *See also* ECF No. 1005 at 4-8.

27

28

1

### F.      Instruction No. 28 (*De Minimis*)

2        Oracle objects that Instruction No. 28 improperly places the burden of proving the

3    affirmative defense of *de minimis* use on the plaintiff, Oracle.  *See Merch. Transaction*, 2009 U.S.

4    Dist. LEXIS 25663, at *61.

5        Oracle also objects that this instruction should clearly state that the defense of *de minimis*

6    is only available to excuse Google's use the 11 Java source and object code files copied verbatim,

7    and is not a defense to Google's use of the structure, sequence, and organization of the

8    compilable code of the API packages or for the documentation of the API packages.  Although

9    Oracle believes this to be the Court's intent, the instruction currently makes no mention of this

10    important point.

11

### G.      Instruction No. 29 (Works as a Whole)

12        Oracle objects to this instruction to the extent that it may be read to suggest that the jury

13    should be comparing the structure sequence and organization of the 37 packages with all of the

14    compilable code in the 166 packages.  The comparison should be to the structure, sequence and

15    organization of those packages.  In addition, Oracle asks that the Court delete the italics from the

16    word "all."  *See* ECF No. 1012 ¶ 29( ". . . all of the compilable code associated with *all* of the 166

17    API packages (not just the 37). . ." and "documentation for *all* of the 166 API packages (not just

18    the 37) . . . .") (emphasis in original)  These italics were helpful in the former instruction to draw

19    a distinction between situations where the jury was being asked in the same instruction to

20    compare against all the APIs for all of the packages, as well as *"that individual API package"*

21    (ECF No. 994 ¶ 30) (emphasis in original).  Now that the individual package comparison has

22    been removed, the italics are no longer required and place undue emphasis on this point.

23

### II.      ORACLE'S OBJECTIONS TO THE FINAL SPECIAL VERDICT FORM

24

### A.      Special Verdict Form Question 3

25        Oracle objects to Question 3 to the extent that it places the burden on Oracle to prove that

26    Google's copying was not *de minimis*.  As noted above, Google has the burden of establishing a

27    *de minimis* defense.

28

1    Oracle agrees with Google's comment that this verdict form should be clarified to ensure

2   that it is clear to the jury what it is doing when it votes "Yes" or "No."  Oracle is willing to adopt

3   Google's suggestion of placing a parenthetical stating "infringing" under "Yes" and a

4   parenthetical stating "not infringing" under "No."

5              **B.      Special Verdict Form Question 4**

6    Oracle objects to the Court's inclusion of interrogatories relating to the equitable defenses

7   on the verdict form.  Oracle filed a brief relating to this issue on April 29, which it incorporates

8   by reference here.  (ECF No. 1004).  Oracle is concerned that including these interrogatories will

9   improperly focus the jury on Google's equitable defenses, which are for the Court to decide.

10   Oracle objects further that the interrogatories do not capture all the elements of the equitable

11   defenses.  (*See id.* at 1-3.)

12                              **CONCLUSION**

13    For all the above reasons, Oracle requests that the Court modify the final proposed

14   instructions in accordance with the objections described above.

15

16   Dated: April 30, 2012                    MORRISON & FOERSTER LLP

17

18                                      By:  _/s/ *Michael A. Jacobs*_

19                                           Michael A. Jacobs

                                             Attorneys for Plaintiff
20                                           ORACLE AMERICA, INC.

21

22

23

24

25

26

27

28

ORACLE'S OBJECTIONS TO THE COURT'S FINAL CHARGE TO THE JURY & SPECIAL VERDICT FORM
CASE NO. CV 10-03561 WHA                                                                    5
sf-3139334