United States District Court

For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6
7          FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9  ORACLE AMERICA, INC.,
10          Plaintiff,                          No. C 10-03561 WHA
11     v.
12  GOOGLE INC.,
13          Defendant.
14  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/
15
16
17          **FINAL CHARGE TO THE JURY (PHASE ONE)**
18          **AND SPECIAL VERDICT FORM**
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

1.

Members of the jury, it is now time for me to give you the final instructions, including instructions on the law that governs this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence and to decide whether the side with the burden of proof has carried that burden, applying the elements of proof required by the law, elements I will provide you in a moment. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1.      The sworn testimony of witnesses, whether presented in person or by depositions;

2.      The exhibits received into evidence; and

3.      Any stipulated facts or facts I told you were deemed to be evidence.

3.

Certain things, however, are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence itself. If the facts as you remember

United States District Court

For the Northern District of California

1   them differ from the way the lawyers have stated them,

2   your memory of them controls.

3   2. A suggestion in a question by counsel or the Court is not

4   evidence unless it is adopted by the answer.  A question by

5   itself is not evidence.  Consider it only to the extent it is

6   adopted by the answer.

7   3. Testimony or exhibits that have been excluded or stricken,

8   or that you have been instructed to disregard, are not

9   evidence and must not be considered.  In addition, some

10  testimony and exhibits have been received only for a

11  limited purpose; where I have given a limiting instruction,

12  you must follow it.

13  4. Anything you may have seen or heard when the Court was

14  not in session is not evidence.

15  **4.**

16  Evidence may be direct or circumstantial.  Direct evidence is direct proof

17  of a fact, such as testimony by a witness about what that witness personally saw

18  or heard, or did.  Circumstantial evidence is proof of one or more facts from

19  which you could find another fact.  By way of example, if you wake up in the

20  morning and see that the sidewalk is wet, you may find from that fact that it

21  rained during the night.  However, other evidence, such as a turned-on garden

22  hose, may explain the presence of water on the sidewalk.  Therefore, before you

23  decide that a fact has been proved by circumstantial evidence, you must consider

24  all the evidence in the light of reason, experience and common sense.  You should

25  consider both kinds of evidence.  The law makes no distinction between the

26  weight to be given to either direct or circumstantial evidence.  It is for you to

27  decide how much weight to give to any evidence.

28

**United States District Court**
For the Northern District of California

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1.  The opportunity and ability of the witness to see or hear or know the things testified to;

2.  The witness' memory;

3.  The witness' manner while testifying;

4.  The witness' interest in the outcome of the case and any bias or prejudice;

5.  Whether other evidence contradicted the witness' testimony;

6.  The reasonableness of the witness' testimony in light of all the evidence; and

7.  Any other factors that bear on believability.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence. You should base your decision on all of the evidence regardless of which party presented it.

4

United States District Court

For the Northern District of California

1

7.

2          A witness may be discredited or impeached by contradictory evidence or

3   by evidence that, at some other time, the witness has said or done something or

4   has failed to say or do something that is inconsistent with the witness' present

5   testimony.  If you believe any witness has been impeached and thus discredited,

6   you may give the testimony of that witness such credibility, if any, you think it

7   deserves.

8

8.

9          Discrepancies in a witness' testimony or between a witness' testimony and

10  that of other witnesses do not necessarily mean that such witness should be

11  discredited.  Inability to recall and innocent misrecollection are common.  Two

12  persons witnessing an incident or a transaction sometimes will see or hear it

13  differently.  Whether a discrepancy pertains to an important matter or only to

14  something trivial should be considered by you.

15          However, a witness willfully false in one part of his or her testimony is to

16  be distrusted in others.  You may reject the entire testimony of a witness who

17  willfully has testified falsely on a material point, unless, from all the evidence,

18  you believe that the probability of truth favors his or her testimony in other

19  particulars.

20

9.

21          In determining what inferences to draw from evidence you may consider,

22  among other things, a party's failure to explain or deny such evidence.

23

10.

24          Certain charts and summaries have been received into evidence.  Charts

25  and summaries are only as good as the underlying supporting testimony or

26  material.  You should, therefore, give them only such weight as you think the

27  underlying material deserves.

28

5

United States District Court

For the Northern District of California

11.

Now I will address the burden of proof. In this case, the preponderance of the evidence standard applies on all sides, so whoever has the burden of proof on an issue must carry that issue by a preponderance of the evidence. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on the issue. Preponderance of the evidence basically means "more likely than not."

12.

On any claim, if you find that plaintiff carried its burden of proof as to each element of a particular claim, your verdict should be for plaintiff on that claim. If you find that plaintiff did not carry its burden of proof as to each element, you must find against plaintiff on that claim. This same principle also applies to defendants on claims or defenses for which it has the burden of proof.

13.

I will now turn to the law that applies to this case. Oracle seeks relief against Google for alleged copyright infringement. Google denies infringing any such copyrighted material and asserts that any use by it of copyrighted material was protected, among other things, by a defense called "fair use," which will be explained below. If you find liability in this phase, we will consider the extent of damages in the third phase of the trial. Now, I will give you an overview of copyright law in general. Then I will give you a summary of the claims and defenses at issue in this case. After that I will give you a further statement of copyright law to help you in resolving the claims and defenses.

6

**United States District Court**
For the Northern District of California

14.

By federal statute, copyright includes exclusive rights to copy a work, rights that lasts for 95 years from the date of publication.  The rights include the exclusive rights to:

      1.     Make additional copies or otherwise reproduce the copyrighted work or to license others to do so;

      2.     Recast, transform, or adapt the work, that is, prepare derivative works based upon the copyrighted work;

      3.     Distribute copies of the copyrighted work to the public by sale; and

      4.     Display publicly a copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights to copy.  Even though someone may acquire a copy of the copyrighted work, such as a book from a bookstore, for example, the copyright owner retains rights to control the making of copies of the work.

15.

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression, such as putting pen to paper.  The owner of the copyright may then register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work and applying via a registration form, after which the Copyright Office will either allow or disallow the application.  By way of examples, copyrighted works can include

      1.     Literary works like books, periodicals and, of particular interest here, operating manuals;

      2.     Musical works;

      3.     Photographs and drawings;

      4.     Motion pictures;

      5.     Computer programs, also of particular interest here.

United States District Court

For the Northern District of California

1      Only that part of the work comprised of original works of authorship fixed

2   in any tangible medium of expression from which it can be perceived,

3   reproduced, or otherwise communicated, either directly or with the aid of a

4   machine or device, can be protected by copyright.  To take examples, words can

5   be fixed on paper, and a computer program can be fixed in the memory of a

6   mobile phone.

7                                           16.

8      As stated, the owner of a copyright has the exclusive right to make copies

9   of all or more than a de minimis part of the copyrighted work, subject only to the

10  right of anyone to make fair use of all or a part of any copyrighted material, all as

11  will be explained below.

12                                          17.

13     The copyright confers ownership over the particular expression of ideas in

14  a work but it never confers ownership over ideas themselves.  For example, if a

15  book describes a strategy for playing a card game, the copyright prevents anyone

16  (but the owner) from duplicating the book itself but everyone is still free to read

17  the book and to use the strategy, for the idea set forth in the book, that is the

18  strategy, is not protected by copyright.  And, everyone is entitled to write their

19  own book about the same game and the same strategy so long as they do not

20  plagiarize the earlier book.  Again, the main point is that the copyright protects

21  the particular expression composed by the author.

22     Another statutory limitation on the scope of a copyright is that copyright

23  never protects any procedure, process, system, method of operation, concept,

24  principle, or discovery.  Possibly such things can be claimed under the patent

25  system or by trade secret laws but they may not be claimed by copyright.  For

26  purposes of your deliberations, however, I instruct you that the copyrights in

27  question do cover the structure, sequence and organization of the compilable

28  code.

United States District Court

For the Northern District of California

18.

I will now turn to the claims in this case.  Oracle claims Google has infringed its copyrights in two registered works, namely, "Java 2 Standard Edition, Version 1.4" (TX 464) and "Java 2 Standard Edition, Version 5.0" (TX 475), and the applications leading to those registrations appear at TX 3529 and 3530.  Among other things, the registered copyrights generally include the compilable code and documentation for the Java API packages.  The main issues you must decide concern these two general types of material contained therein, namely "compilable code" and "documentation."  As used in these instructions and the Special Verdict Form, the term API "compilable code" refers to method names and class names, declarations, definitions, parameters, organization, and implementation (whether in the form of source code or object code) implementing the various API functions.  The "compilable code" does *not* include the English-language comments you have heard about.  Even though such comments are embedded in the software program, these English-language comments do not get compiled and are not used by the computer to perform API functions.  Instead, the English-language comments are part of what I will call the API "documentation," sometimes referred to as the "specification," a term that encompasses all of the English-language comments.  The term "API documentation" includes all content — including English-language comments as well as method names and class names, declarations, definitions, parameters, and organization — in the reference document for programmers.  Again, please remember that although these English-language comments appear in the software program listing, they can be extracted for handy reference in the guides made available to programmers.  So, I will be referring to the "API compilable code" and to the "API documentation."

19.

The copyrighted Java platform has more than 37 API packages and so does the accused Android platform.  As for the 37 API packages that overlap,

United States District Court

For the Northern District of California

1   Google agrees that it uses the same names and declarations but contends that its

2   line-by-line implementations are different (with the exception of the rangeCheck

3   lines), a contention not disputed by Oracle.  Instead, Oracle contends that Google

4   copied the structure, sequence and organization of the compilable code for the 37

5   API packages as a group.  Google agrees that the structure, sequence and

6   organization of the 37 accused API packages in Android is substantially the same

7   as the structure, sequence and organization of the corresponding 37 API packages

8   in Java.  Google states, however, that the elements it has used are not infringing

9   and, in any event, its use was protected by a statutory rule permitting anyone to

10  make "fair use" of copyrighted works.

11                                        20.

12       Now, let me tell you the law about names.  The copyrights do not cover

13  the names, such as those given to files, packages, classes, and methods, because

14  under the law, names cannot be copyrighted.  This applies to the name "java" as

15  well.  Although "Java" has been registered as a trademark, there is no trademark

16  claim in this lawsuit.  The name java cannot be copyrighted, nor can any other

17  name, whether one or two words or longer in length.  While individual names are

18  not protectable on a standalone basis, names must necessarily be used as part of

19  the structure, sequence, and organization and are to that extent protectable by

20  copyright.

21                                        21.

22       With respect to the API documentation, Oracle contends Google copied

23  the English-language comments in the registered copyrighted work and moved

24  them over to the documentation for the 37 API packages in Android.  Google

25  agrees that there are similarities in the wording but, pointing to differences as

26  well, denies that its documentation is a copy.  Google further asserts that the

27  similarities are largely the result of the fact that each API carries out the same

28  functions in both systems.  Google again asserts the statutory defense of fair use.

10

United States District Court

For the Northern District of California

22.

The issues just discussed center on the API packages.  Apart from the API issues, I will now describe a list of specific items that Oracle contends were copied verbatim by Google.  Specifically, Oracle contends that Google copied verbatim certain lines of compilable code, namely the rangeCheck method in two files, other source code as compiled into object code in seven "Impl.Java" files and one other file and, finally, certain English-language comments in two other files.  Google responds that any verbatim copying by it was excusable under the law as "de minimis."  For purposes of this group of infringement contentions, the structure, sequence and organization is irrelevant and the comparison must be made to the work as a whole as defined in a moment.

23.

Now, I will turn to the more detailed law.  In order to prove infringement, Oracle must first prove that Oracle's work is original and that it is the owner of the part of the work allegedly copied.  For your purposes, the parties agree that there are no issues of ownership or originality for you to decide.

24.

Oracle must also prove that Google copied all or a protected part of a copyrighted work owned by Oracle and that the amount of copying was more than de minimis.  So, there are two elements Oracle must prove to carry its burden on infringement, namely copying of a protected part and that the part copied was more than de minimis when compared to the work as a whole.  These are issues for you to decide.

There are two ways to prove copying.  One is by proof of direct copying, as where the copyrighted work itself is used to duplicate or restate the same words and symbols on a fresh page.

The second way is via circumstantial evidence by showing the accused had access to the copyrighted passages in question and that there are substantial

11

United States District Court

For the Northern District of California

1  similarities or, in certain instances, virtual identity between the copyrighted work

2  and the accused work.  The virtual identity test is used when the subject under

3  consideration is a narrow one and we would expect certain terms and phrases to

4  be used.  This is in contrast to, for example, a fictional work in which there will

5  be a broad range of creativity, in which case it is necessary only to prove

6  substantial similarity.  In this trial, you should use the substantial similarity test

7  for all such comparisons except for those involving the API documentation, in

8  which case you should use the virtual identity test.  This is because the

9  documentation for the API packages describe narrow technical functions and it is

10  to be expected that some of the same words and phrases would likely be used.

25.

12  To determine whether the copyrighted work and the accused work are

13  substantially similar, or where appropriate, virtually identical, you must compare

14  the works as a whole.  I will define the works as a whole in a moment.

15  However, in comparing the works as a whole, you cannot consider

16  similarities to the unprotectable elements of Oracle's works.  I have instructed

17  you about the protectable and unprotectable elements of Oracle's work.

26.

19  Now, I will explain the law governing Google's defense based on the

20  statutory right of anyone to make "fair use" of copyrighted works.  Anyone may

21  use any copyrighted work in a reasonable way under the circumstances without

22  the consent of the copyright owner if it would advance the public interest.  Such

23  use of a copyrighted work is called a "fair use."  The owner of a copyright cannot

24  prevent others from making a fair use of the owner's copyrighted work.  For

25  example, fair use may include use for criticism, comment, news reporting,

26  teaching (including multiple copies for classroom use), scholarship, or research.

27  Google has the burden of proving this defense by a preponderance of the

28  evidence.

United States District Court

For the Northern District of California

1    In determining whether the use made of the work was fair, you should

2  consider the following factors:

3              1.      The purpose and character of the use, including whether

4                       such use is of a commercial nature, for nonprofit

5                       educational purposes, and whether such work is

6                       transformative (meaning whether Google's use added

7                       something new, with a further purpose or different

8                       character, altering the copied work with new expression,

9                       meaning, or message).  Commercial use cuts against fair

10                      use while transformative use supports fair use;

11             2.      The nature of the copyrighted work, including whether the

12                      work is creative (which cuts against fair use), functional

13                      (which supports fair use), or factual (which also supports

14                      fair use);

15             3.      The amount and substantiality of the portion used in

16                      relation to the copyrighted work as a whole.  The greater

17                      the quantity and quality of the work taken, the less that fair

18                      use applies; and

19             4.      The effect of the use upon the potential market for or value

20                      of the copyrighted work.  Impairment of the copyrighted

21                      work cuts against fair use.

22   All the factors should be weighed together to decide whether Google's use

23  was fair use or not.  It is up to you to decide how much weight to give each factor

24  but you must consider all factors.  If you find that Google proved by a

25  preponderance of the evidence that Google made a fair use of Oracle's work, your

26  verdict should be for Google on that question in the Special Verdict Form.

27

28

13

United States District Court

For the Northern District of California

**27**

With respect to the infringement issues concerning the rangeCheck and other similar files, Google agrees that the accused lines of code and comments came from the copyrighted material but contends that the amounts involved were so negligible as to be de minimis and thus should be excused.  To be clear with respect to a different issue.  The parties are in agreement that the structure, sequence, and organization of the API packages is more than de minimis.

**28**

Copying that is considered "de minimis" is not infringing.  Copying is "de minimis" only if it is so meager and fragmentary that compared to the work as a whole the average audience would not recognize the appropriation.  You must consider the qualitative and quantitative significance of the copied portions in relation to the work as a whole.  The burden is on Oracle to prove that the copied material was more than de minimis.

The relevant comparison is the copied portion contrasted to the work as a whole, as drawn from the copyrighted work, not contrasted to the accused infringer's work as a whole.  For example, if an infringing excerpt is copied from a book, it is not excused from infringement merely because the infringer includes the excerpt in a much larger work of its own.

**29.**

In your deliberations, you will need to make certain comparisons to the "work as a whole."  It is my job to isolate and identify for you the "work as a whole."  You must take my identification as controlling if and when this comes up in your deliberations.  This issue arises when (1) comparing Oracle's work and Google's work for similarity under both substantial similarity and virtual identity standards, (2) deciding whether Google copied only a de minimis amount of Oracle's work, and (3) evaluating the third factor of fair use:  the amount and substantiality of the portion used in relation to the copyrighted work as a whole.

1    Although you have seen that the copyright registrations cover a large

2  volume of work, the entire registered work is not the work as a whole for these

3  purposes.  This may seem odd to you, so let me give an example.  An entire

4  magazine issue may be copyrighted but a specific article or advertisement or

5  photograph may be the relevant work as a whole, depending on what was

6  allegedly copied.

7    For purposes of this case, I have determined that the "work as a whole"

8  means the following:  For purposes of Question No. 1 in the Special Verdict

9  Form, the "work as a whole" constitutes all of the compilable code associated

10  with all of the 166 API packages (not just the 37) in the registered work.  This

11  excludes the virtual machine.  Similarly, for the purposes of Question No. 2 in the

12  Special Verdict Form, the "work as a whole" means the contents (including

13  names, declarations and English-language comments) of the documentation for all

14  of the 166 API packages (not just the 37) in the registered work.  For purposes of

15  Question No. 3, the "work as a whole" is the compilable code for the individual

16  file except for the last two files listed in Question No. 3, in which case the "work

17  as a whole" is the compilable code and all the English-language comments in the

18  same file.

19                                        30.

20    Unless you find fair use, de minimis, or non-infringement in Google's

21  favor, Google had no right to copy any elements of the Java platform protected by

22  copyright unless it had a written license to do so from Sun or Oracle or had a

23  written sub-license to do so from a third party who had a license from Sun or

24  Oracle conferring the right to grant such sub-licenses.  The burden would be on

25  Google to prove it had any such express license or sublicense rights.  But in this

26  trial it makes no such contention.  Put differently, if Google claims a license from

27  a third party, Google has the burden to prove that the third party itself had the

28  proper right and authority from Sun or Oracle as to any of the copyrights owned

United States District Court

For the Northern District of California

1  by Sun or Oracle and used by Google, for Google could acquire from the third

2  party no greater right than the third party itself had in the first place.  Similarly, if

3  Google contends that Oracle or Sun had dedicated elements protected by

4  copyright to the public domain for free and open use, the burden would be on

5  Google to prove such a public dedication but the parties agree that that issue is for

6  me to decide, not for you as the jury to decide.  This statement of the law

7  regarding licenses is simply to put some of the evidence you heard in context.

8                                          31.

9        When you begin your deliberations, you should elect one member of the

10  jury as your foreperson.  That person will preside over the deliberations and speak

11  for you here in court.  I recommend that you select a foreperson who will be good

12  at leading a fair and balanced discussion of the evidence and the issues.

13        You will then discuss the case with your fellow jurors to reach agreement

14  if you can do so.  Your verdict as to each claim and each defense, if any, must be

15  unanimous.  Each of you must decide the case for yourself, but you should do so

16  only after you have considered all of the evidence, discussed it fully with the

17  other jurors, and listened to the views of your fellow jurors.

18        Do not be afraid to change your opinion if the discussion persuades you

19  that you should.  Do not come to a decision simply because other jurors think it is

20  right.  It is important that you attempt to reach a unanimous verdict but, of course,

21  only if each of you can do so after having made your own conscientious decision.

22  Do not change an honest belief about the weight and effect of the evidence simply

23  to reach a verdict.

24        I will give you a special verdict form to guide your deliberations.

25

26

27

28

16

**United States District Court**
For the Northern District of California

32.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.  When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.  The Clerk will also provide you with an index to them.

33.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

    1.    All of the exhibits received into evidence;

    2.    An index of the exhibits;

    3.    A work copy of these jury instructions for each of you;

    4.    A work copy of the verdict form for each of you; and

    5.    An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

34.

A United States Marshal will be outside the jury-room door during your deliberations.  If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to

17

**United States District Court**
For the Northern District of California

1   any question.  Remember that you are not to tell anyone — including me — how

2   the jury stands, numerically or otherwise, until after you have reached a

3   unanimous verdict or have been discharged.  Do not disclose any vote count in

4   any note to the Court.

5                                         35.

6         Now you are going to begin your deliberations.  As mentioned earlier, you

7   must stay until 1:00 P.M. today.  If you do not reach a verdict by the end of today,

8   then you will resume your deliberations tomorrow and thereafter.  The Court

9   recommends that you deliberate at least from 8:00 A.M to 4:00 P.M tomorrow

10  and thereafter.  Your schedule is up to you.  You may, of course, take reasonable

11  lunch breaks.

12        It is very important that you let the Clerk know in advance what hours you

13  will be deliberating so that the lawyers may be present in the courthouse at any

14  time the jury is deliberating.

15                                        36.

16        You may only deliberate when all of you are together.  This means, for

17  instance, that in the mornings before everyone has arrived or when someone steps

18  out of the jury room to go to the restroom, you may not discuss the case.  As well,

19  the admonition that you are not to speak to anyone outside the jury room about

20  this case still applies during your deliberation.

21

22

23

24

25

26

27

28

37.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated:   April 30, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

19