MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE AMERICA, INC.

Plaintiff,

v.

GOOGLE INC.

Defendant.

Case No. CV 10-03561 WHA

**ORACLE AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO SUPPLEMENT THE JOINT EXHIBIT LIST**

Dept.: Courtroom 8, 19th Floor
Judge: Honorable William H. Alsup

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT Oracle America, Inc. ("Oracle") will, and hereby does, respectfully move for administrative relief to supplement the Joint Exhibit List for the trial starting on April 16, 2012. This Motion is based on the accompanying Memorandum of Points and Authorities, Declaration of Marc David Peters, and the entire record in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 7, 2011, the parties submitted a joint trial exhibit list (ECF No. 157) in anticipation of the original trial date of October 31, 2011.  Pursuant to the Court's guidelines, the parties have since coordinated to remove duplicate exhibits, correct errors, sub-divide certain large exhibits, and delete unneeded exhibits from the list (the parties will submit a corrected list in advance of trial).  Oracle also proposed supplementing the exhibit list with items that would help complete the record and aid the jury in reaching its verdict.  But Google rejected this proposal.

Accordingly, Oracle seeks leave to add a few discrete sets of documents to the exhibit list: (1) fourteen documents relating to John Rizzo and Tim Bray, Google witnesses who were disclosed only a few days before the original exhibit list was submitted, and not deposed until well after that time; (2) the transcript of a Google earnings conference call that took place after the original exhibit list was submitted; (3) two documents cited in Google's damages expert reports, which were served only a few days before the exhibit list was submitted; (4) the Java class library poster that was displayed to the Court during the March 28, 2012 pre-trial conference; (5) a more complete version of the accused Android source code already on the exhibit list; (6) a more recent version of the Android code to show relevant changes over time; and (7) an internal Google email from Tim Lindholm referencing further licensing discussions between Google and Sun Microsystems.

None of these documents are new to Google (most were produced by or belong to Google itself), and Google will suffer no prejudice from their inclusion on the exhibit list.  Oracle has already prepared the exhibits in the prescribed form, and they are ready for use at trial.  To ensure that the trial record is complete, Oracle requests leave to add these exhibits to the list.

### I. JOHN RIZZO AND TIM BRAY DOCUMENTS

Google witnesses John Rizzo and Tim Bray first surfaced in this case on October 3, 2011, when they were disclosed in the reports of Google's damages experts, Dr. Gregory Leonard and Dr. Alan Cox.  Messrs. Rizzo and Bray had been interviewed by Google's experts regarding certain facts on which the experts relied.  Oracle had little opportunity to include their documents on the exhibit list submitted on October 7, four days after the expert reports were served.

When Google refused to make the interviewees available for deposition, Oracle moved to compel their depositions. The Court permitted Oracle to depose three interviewees (ECF No. 617), and Messrs. Rizzo and Bray were deposed on November 30, 2011, fifty-four days after the submission of the exhibit list. In preparing for their depositions, Oracle uncovered fourteen documents pertinent to the case, of which Oracle used ten during the depositions:

- Rizzo Dep. Ex. 691. GOOGLE-23-00022587. 9/3/07 email to John Rizzo et al.
- Rizzo Dep. Ex. 692. GOOGLE-01-00065935. 2/28/07 email to John Rizzo et al.
- Rizzo Dep. Ex. 693. GOOGLE-40-00015636. 9/1/09 email from John Rizzo.
- Rizzo Dep. Ex. 694. 6/4/09 tweet by John Rizzo, previously *available at:* http://twitter.com/ThoughtBlog.
- GOOGLE-12-00043504. 11/8/10 email, including minutes for the Executive Committee Meeting in which John Rizzo participated.
- Bray Dep. Ex. 702. GOOGLE-02-00038068. 2/18/09 publicly distributed email, including email from Tim Bray.
- Bray Dep. Ex. 703. OAGOOGLE0019406153. 7/1/07 email to Tim Bray.
- Bray Dep. Ex. 704. GOOGLE-01-00053353. 11/22/10 email from Tim Bray.
- Bray Dep. Ex. 705. GOOGLE-20-00063112. 6/3/10 email from Tim Bray.
- Bray Dep. Ex. 706. Tim Bray's blog entry on "Concur.next—Java," *available at:* http://www.tbray.org/ongoing/When/200x/2009/10/01/C-dot-next-Java.
- Bray Dep. Ex. 707. 8/12/10 tweet by Tim Bray, *available at:* http://twitter.com/#!/timbray/statuses/21023407881.
- GOOGLE-13-00011023. 7/13/10 email, reflecting a comment from Tim Bray.
- GOOGLE-37-00026997. 7/27/10 email to Tim Bray.
- Tim Bray's blog entry on "Sunny Boy," *available at:* http://www.tbray.org/ongoing/When/200x/2004/03/15/SunnyBoy.

Should Messrs. Rizzo and Bray be called to testify at trial, these documents will be relevant to their cross-examination. The documents had no apparent relevance until Messrs. Rizzo and Bray were identified on October 3, 2011, as persons who had provided information to Google's damages experts. The complete significance of the documents was only illuminated by the depositions on November 30, 2011. Accordingly, it was not possible for Oracle to have included these documents on the original exhibit list submitted on October 7, 2011.

Including these documents on the list will not prejudice Google. Half of the documents were produced by Google itself during discovery, and the others are public documents created by Messrs. Rizzo and Bray. *See Jackson v. Herrington*, 2011 U.S. Dist. LEXIS 49503, at *10 (W.D. Ky. May 6, 2011) (failure to disclose documents was harmless because opposing party had been aware of them); *P & G v. Haugen*, 2007 U.S. Dist. LEXIS 15795, at *10 (D. Utah Mar. 2, 2007) (allowing supplementation where "[a]ll of the omitted materials were the subject of discovery,

were known to Plaintiffs, and many were initially provided by Plaintiffs"). Accordingly, Oracle should be allowed to add the Rizzo and Bray documents to the exhibit list.

## II.   GOOGLE 3Q 2011 EARNINGS CONFERENCE CALL TRANSCRIPT

Oracle seeks to add the transcript of Google's Third Quarter 2011 Earnings Conference Call, which took place on October 13, 2011, six days after submission of the exhibit list. *See* Google, Inc. Class A GOOG Q3 2011 Earnings Call Transcript, *available at:* http://www.morningstar.com/earnings/PrintTranscript.aspx?id=31456567. During the call, Larry Page and Susan Wojcicki, both listed on the parties' witness lists, discussed Android's rapid growth. The transcript will be relevant to the examinations of Mr. Page and Ms. Wojcicki at trial. Substantial justification exists for adding the transcript to the exhibit list, because the document did not exist at the time the parties submitted the original list on October 7, 2011. Moreover, introducing the transcript at trial would not harm Google, as Google obviously was aware of the transcript and knows its relevance to the present case.

## III.   DOCUMENTS CITED BY GOOGLE'S DAMAGES EXPERTS

### A.   Sun Community Source License (OAGOOGLE0100036648)

Oracle seeks to add the Sun Community Source License agreement between Sun and Danger, Inc., which Oracle produced to Google at OAGOOGLE010036648. Google has long been aware of the Sun-Danger license. Andy Rubin, Google's Senior Vice President of Mobile and Digital Content, and other Google witnesses testified about the Sun-Danger license in their depositions. (Decl. of Marc David Peters ISO Oracle Mtn. for Admin. Relief to Supp. Joint Exhibit List, Ex. 1 (5/16/11 Dan Bornstein Dep. 35:9-36:12); Ex. 2 (7/7/11 Brian Swetland Dep. 22:5-15); Ex. 3 (7/27/11 Andy Rubin Dep. 149:18-150:13 & 153:9-11).)

Google's damages expert, Dr. Gregory Leonard, relied on the Sun-Danger license in his October 3, 2011 analysis. (ECF No. 559, Ex.1 at 45-46.) Likewise, Professor James Kearl relied on the license in his March 21, 2012 expert report. (ECF No. 850-6 at 34-37.) Consequently, the significance of this license has increased in the time since the original exhibit list was filed October 7, 2011. At trial, the license will help the jury understand the basis of these experts' reports. *See Tater-Alexander v. Amerjan*, 2011 U.S. Dist. LEXIS 42818, at *7 (E.D. Cal. Apr. 20,

2011) (granting motion to add exhibits that "might help the jury understand the case" where addition "will neither prejudice Plaintiff nor inconvenience the court").

**B. April 20, 2006 Email cited in Leonard report (GOOGLE-01-00065722)**

Oracle seeks to add an April 20, 2006 email chain that Google expert Dr. Leonard reviewed in connection with his damages analysis. (ECF No. 559, Ex. 1, App. B at 24.) The document was disclosed in his expert report of October 3, 2011. Inclusion of this Google-produced email on the exhibit list would not prejudice Google and would give the jury a better context for understanding Dr. Leonard's damages analysis.

## IV. JAVA CLASS LIBRARY POSTER

Oracle seeks to add a publicly-available poster entitled "The Java Class Libraries Java 2 Platform Standard Edition 5.0." Oracle used this poster during the March 28, 2012 pre-trial conference to illustrate the selection, arrangement, and structure of the Java APIs. Inclusion of this poster on the list would not prejudice Google, as the information it contains is taken from the Java APIs, with which Google is familiar. Moreover, the poster would help the jury to understand the complex structure and organization of the Java APIs.

## V. ANDROID FILES REFERENCED IN MITCHELL COPYRIGHT REPORT

Oracle seeks to add better copies of the individual Android source code files referenced in the copyright report of Professor Mitchell, Oracle's copyright and patent infringement expert.

Upon review of the Oracle Java and Android source code, Professor Mitchell identified eight Android source code files that bore significant textual similarities to the corresponding Oracle Java code. (ECF No. 397 ¶ 244.) He further found two Android files containing comments that are nearly identical to the comments in corresponding Java files. (*Id.* ¶ 249.) Professor Mitchell created a chart with a side-by-side comparison of the Android and Java code and comments for each of the ten literally copied Android files (these were attached to his report as Exhibits J through S). The charts contain excerpts from Android materials that Google produced in February 2011.

Professor Mitchell's Exhibits J through S are already on the exhibit list as Exhibits 698-707. Google objected to them as violating the best evidence rule under the Fed. R. Evid. 1002.

To overcome this objection and provide a better copy of the accused code, Oracle seeks to add the ten referenced Android source code files taken directly from Google's February 2011 production.

Adding these ten Android source code files would not prejudice Google. Google has been aware of Oracle's reliance on the ten files since July 29, 2011, when Oracle served Professor Mitchell's expert report. Google deposed Professor Mitchell about these files and served a rebuttal expert report. Moreover, the ten exhibits were taken from Android source code that Google itself produced in February 2011. Separately listing the files on the exhibit list would allow Oracle to present the best possible evidence to the jury.

## VI. ANDROID SOURCE CODE DOWNLOADED ON MARCH 12, 2012

Oracle seeks to add Android source code (version 2.2.3_r2, Froyo) downloaded from the Android website on March 12, 2012. The exhibit list already includes a version of Froyo source code (TX 46). The additional Froyo version is necessary to rebut Google's representation that it has removed all literally copied code and comments from recently released versions of Android.

The recent pre-trial conference highlighted the parties' "diametrically opposed" views over whether Google has removed the literally copied materials from Android. (3/28/12 Hr'g Tr. 15:15-26:2.) In August 2011, Google represented to the Court and Oracle that it had removed ten out of twelve files accused of literal code copying. (ECF No. 260 at 23.) In March 2012, Google's counsel represented that Google had also removed the two remaining files. (3/28/12 Hr'g Tr. 10:23-11:4, 18:5-19:10.) However, the recent Android download shows that the copied code and comments still remain in the Froyo version downloadable from the Android website.

## VII. APRIL 29, 2009 GOOGLE EMAIL (GOOGLE-02-00038403)

Finally, Oracle seeks to add an April 29, 2009 email referencing further licensing discussions between Google and Sun. This e-mail will be relevant to the examination of Mr. Lindholm regarding Google/Sun licensing discussions. Inclusion of this Google-produced email on the exhibit list will not prejudice Google, as Google has been aware of the evidence regarding Google/Sun licensing discussions for some time.

For the foregoing reasons, Oracle respectfully moves for leave to supplement the joint exhibit list with the above documents and source code.

Dated: April 12, 2011

MICHAEL A. JACOBS
MARC DAVID PETERS
DANIEL P. MUINO
MORRISON & FOERSTER LLP

By: /s/ *Marc David Peters*
Marc David Peters

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.