MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
arutherford@bsfllp.com
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>             Plaintiff,<br>     v.<br><br>GOOGLE, INC.<br><br>             Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S MOTION IN LIMINE CONCERNING TESTIMONY BY JONATHAN SCHWARTZ**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Oracle moves to preclude Google's future use of certain testimony given by Jonathan Schwartz concerning whether Sun had made any decision to sue Google while he was CEO. Mr. Schwartz's testimony on this issue (i) has no legal nor factual predicate, (ii) raises issues irrelevant to Phase 2 and 3 of the case; and (iii) is otherwise inadmissible on Rule 403 and 701 grounds.[1]

Google referenced such testimony in its Closing Statement for Phase 1 and appears poised to rely upon such statements again in Phase 2 as Mr. Schwartz appears on Google's most recent "rolling" list of witnesses. Because Google's reliance on Mr. Schwartz's testimony is impermissible, Oracle seeks the following relief: (i) that for Phases 2 and 3 of the trial, the Court preclude Google from making any reference to or argument based on, or eliciting any further testimony regarding, the purported legal opinions and conclusions that Jonathan Schwartz offered in his testimony in Phase 1 of the trial, RT at 2002:5-7, and (ii) that the Court instruct the jury that it should disregard that testimony in Phases 2 and 3 of the trial.

Late in its Phase 1 case in chief, on Thursday, April 26, Google called former Sun CEO Jonathan Schwartz as a witness. Google's counsel concluded his direct examination with the following:

> Q. Mr. Schwartz, as CEO of Sun, did you make a decision not to pursue litigation against Google over Android?
> A. Yes. We didn't feel we had any grounds.

(RT at 2002:5-7.) Google's question called for a yes or no answer, but Mr. Schwartz in response volunteered an opinion as to what "we" "felt" about the grounds for pursuing litigation against Google over Android. Google's counsel referred to this testimony by Mr. Schwartz in Google's closing argument to the jury (RT at 2519:19-21) and also cited this testimony in Google's proposed findings of fact. (Dkt. 1047 at p. 23 ¶ 72.)

The question appeared to ask only whether Mr. Schwartz had made a decision not to pursue litigation. But Mr. Schwartz's answer – and Google's subsequent use of that answer – implicates Sun's (now Oracle's) privileged discussions by suggesting that there was an unidentified group of

---

[1] This motion is being filed outside of the normal evening briefing schedule. Of course, Google's response deadline would also be outside of that schedule. We look forward to discussing this motion with the Court as the Court may direct.

1
ORACLE MOTION REGARDING SCHWARTZ TESTIMONY
CASE NO. CV 10-03561 WHA

people ("we"), who had made some final decision as to whether to pursue litigation and the strength of those claims.  What legal grounds Sun's management felt they had or what decisions they were considering is clearly privileged.  Moreover, Mr. Schwartz had no right nor any basis to make such a statement which subjects Oracle to privilege waivers that Mr. Schwartz has no authority to invoke.  Further, the suggestion that Oracle had decided not sue is clearly against the weight of the evidence presented in this case.  Any attempt by Oracle to rebut such a statement at the time of Mr. Schwartz's testimony would have put Oracle in the quandary of having to decide whether to waive privilege on the spot to rebut his testimony.

Oracle does not seek to re-litigate the issues presented in Phase 1.  Nonetheless, the same jury will be asked to render decisions in Phases 2 and 3.  Oracle is concerned that Google will argue in both opening statements and closing arguments that Mr. Schwartz's purported decision not sue and his purported opinions about "grounds" for a lawsuit, are relevant to the issues that the jury must yet decide.  They are not.

First, Mr. Schwartz's testimony is simply untrue, to the extent that it is offered to suggest that Sun, the company, had made an affirmative decision not to sue Google over Android.  Phase 1 evidence demonstrated that there were ongoing discussions between Sun and Google after Google's announcement of Android in November 2007, that those discussions continued after Oracle acquired Sun in 2010, and that those discussions in fact never stopped. (TX 2371, 1056, 2070, 2362; RT at 492:18-22 (Page) ("Continue to have discussions to this day" with Sun); RT at 1071:23-1073:9 (Cizek) (Sun expressed infringement concerns in April 2009)).  The tenor of the discussions was such that Mr. Schmidt testified that he was sufficiently concerned about Sun suing Google that he considered buying all the rights to Java from Sun to "make Java lawsuits go away" (RT 1516:13-1517:11 (Schmidt)); others at Google expressed similar concerns. (TX 326, 406, 1029.)  If Google is allowed to rely on this testimony, and the jury is allowed to believe that it matters, the trial will divert into an irrelevant sideshow over Mr. Schwartz's subjective state of mind, instead of Sun's affirmative acts.

Second, Mr. Schwartz's testimony about his subjective state of mind – his purported decision not to sue – is irrelevant to any of the remaining issues that the jury will decide:  patent infringement,

1  damages, and willfulness.  Google cited this testimony as relevant to its equitable defenses (Dkt.
2  1047 at p. 23 ¶ 72), but what Mr. Schwartz "felt" about Sun's claims against Google has no bearing
3  on any of Google's defenses.  This is particularly true in light of Mr. Schwartz's testimony that "I
4  don't think I'm qualified to speak as a lawyer" and that "I'm not there to write our contracts."  (RT at
5  2014:10-2015:11.)  Waiver, along with all of Google's other defenses, requires an affirmative act by
6  Sun to abandon its rights, not merely a failure to act or even a decision not to act for some period of
7  time.  *See United States v. King Features Entm't, In*c., 843 F.2d 394, 399 (9th Cir. 1988); *Adidas
8  America, Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1074 (D. Or. 2008).  Google cannot,
9  in good faith, argue that Mr. Schwartz ever *told* Google that he had reached such a decision (in fact,
10 he testified at deposition that he had not, *see* Schwartz Dep. at 140:23-141:1), and no witness, from
11 Google, from Oracle, or anywhere else, has ever claimed otherwise.  As a result, Mr. Schwartz's
12 testimony on this point is simply irrelevant to all issues in the trial.
13     Third, Mr. Schwartz's testimony that "We didn't feel we had any grounds" is an inadmissible
14 opinion.  Rule 701 permits opinion testimony only where the testimony is "rationally based on the
15 witness's perception" and "not based on scientific, technical, or other specialized knowledge within
16 the scope of Rule 702."  If Mr. Schwartz expressed a personal opinion, it is both incompetent and
17 irrelevant.  Mr. Schwartz is not a lawyer, and even if he were, it is the province of the jury to find
18 facts, not decide whether claims have a legal basis.  Mr. Schwartz is not an engineer or an attorney,
19 and he had no ability to assess the merits of any legal claims against Google over Android in either a
20 technical or legal aspect.  In fact, as noted above, he expressly admitted that fact in his trial
21 testimony.
22     If instead Mr. Schwartz's testimony is understood as expressing a conclusion of Sun's
23 lawyers, it should be excluded because Google failed to lay any foundation for that testimony, and
24 Oracle cannot disprove it, without waiving privilege to Oracle (and Sun's) internal analyses of its
25 legal claims.  Mr. Schwartz has no right to waive Sun's privilege, or to put Sun's privileged
26 communications at issue.  In short, Mr. Schwartz's comments were both baseless and inappropriate,
27 and their admission in either or both subsequent phases of this trial would severely prejudice Oracle.
28 *See* Fed. R. Evid. 403.

Fourth, Mr. Schwartz's testimony in Phase 1 concerned copyrights, not patents. Even if that testimony were proper and admissible – and for the reasons stated above, it is not – there is no basis in that trial testimony to conclude that Mr. Schwartz ever evaluated Sun's patent claims or was capable of doing so, that he had made any effort to do so, or that he ever made any decision whether or not to sue on those particular claims. Indeed, there is no evidence in the record that even indicates when Mr. Schwartz supposedly made his personal decision not to sue Google over Android. As a result, there is no foundation to establish the relevance of Mr. Schwartz's testimony to Phase 2 or 3.

If Google intends to argue that Mr. Schwartz waived Sun's right to sue, it must come forward with evidence of waiver and give Oracle a full and fair chance to rebut such evidence. Forcing Oracle into the position of rebutting innuendo when the means of fighting such a suggestion involve either calling others in Sun's top management who do not appear on the witness list and possibly partially waiving privilege over certain discussions is untenable.

Oracle brings this motion now because it cannot know how Google will try to use Mr. Schwartz's Phase 1 testimony, or whether Google will call Mr. Schwartz again. If Google simply waits until its closing in Phase 2 or 3 to trot out Mr. Schwartz's opinions, Oracle will not have an opportunity to rebut those claims with evidence. Further, if Google refuses to say whether it will try to use that testimony in Phase 2 or 3, Oracle must make an uninformed decision whether to spend its valuable trial time, and whether to waive privilege, just in case Google repeats its Phase 1 strategy.

Oracle maintains that Mr. Schwartz's unanticipated and improper testimony on this specific issue is irrelevant, inadmissible, prejudicial, and would unfairly require Oracle to waive privilege to fully cross-examine and rebut. It should be excluded from all further phases of the trial, and the jury should be expressly instructed to disregard it.

Nonetheless, if Google is allowed to use that testimony or elicit further testimony along the same lines, or if the jury is allowed to consider it in any way, Oracle must be given fair notice and a fair chance to rebut. Oracle can prove Mr. Schwartz's testimony false, and is prepared to do so, by offering testimony from other Sun executives, including executives who were not previously disclosed as witnesses. If necessary, Oracle may have little choice but to make a partial waiver of privilege. That is not the result Oracle seeks, nor would it avoid prejudicing Oracle. But if Google

1  persists with the strategy that it used in Phase 1, Oracle must be allowed at least that much
2  opportunity to set the record straight.
3
4
5  Dated: May 3, 2012                             BOIES, SCHILLER & FLEXNER LLP
6                                                 By: */s/ Steven C. Holtzman*
                                                       Steven C. Holtzman
7                                                 *Attorneys for Plaintiff*
8                                                 ORACLE AMERICA, INC.