KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA  94105
Tel:  415.318.1200
Fax: 415.318.1300

KING & SPALDING  LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel:  212.556.2100
Fax: 212.556.2222

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA  94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561 WHA |
| Plaintiff, | **GOOGLE'S OPPOSITION TO ORACLE AMERICA, INC.'S MOTION IN LIMINE CONCERNING TESTIMONY BY JONATHAN SCHWARTZ** |
| v. | |
| GOOGLE INC., | Dept.:      Courtroom 8, 19th Floor |
| Defendant. | Judge:     Hon. William Alsup |

661986.02

## I.      INTRODUCTION

This motion is Oracle's attempt to shut the barn door after the horse has already gone. Despite its title, it is not a motion in limine at all.  Instead, it is a belated motion to strike and request for a curative instruction involving testimony that entered the record more than a week earlier, and that Google expressly relied on in its closing argument.  Not only is the motion untimely, but the Court should also deny it because of the prejudice Google would suffer if the requested relief were granted now.

Obviously, Oracle would like to entirely disclaim Jonathan Schwartz's actions and decisions during years he was Sun's CEO, because Sun and Schwartz publicly announced and pursued policies and strategies that are inconsistent with restrictions that Oracle (the so-called "new sheriff in town") now wants to impose.  But nothing about Oracle's about-face makes the affirmative decisions and actions of Sun's former CEO any less relevant, or somehow demotes them to being merely "personal" – rather than corporate – decisions and actions.

In this case, the fact that Sun's CEO made an affirmative decision not to sue Google, in conjunction with his public announcement and private confirmation of Sun's support for Android, is highly relevant to Google's equitable defenses.  Google is also entitled to argue that his decision as CEO supports findings in its favor on non-infringement, damages and willfulness in Phases 2 and 3 – just as Google has already argued to the jury, without any objection from Oracle, that those decisions and comments support findings in its favor on copyright issues.  With regard to Mr. Schwartz's additional testimony that "[w]e didn't feel we had any grounds" to pursue litigation against Google, nothing in that statement reflects or discloses communications from Sun's legal counsel about the merits of the action Oracle has now brought.  Mr. Schwartz could, as a layperson, easily conclude the common sense view that Sun would have no grounds to sue Google for using precisely what Sun had actively encouraged the world to use, including the Java language and its APIs.

For all the above reasons, Oracle's motion should be denied.

## II.   ARGUMENT

### A.   This Motion is a Disguised Motion to Strike, and Is Therefore Untimely.

As the Supreme Court has noted, the term "motion in limine" is used "in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence *before the evidence is actually offered." Luce v. U.S.*, 469 U.S. 38, 40 at n.2 (1984) (emphasis).  As a result, despite its title, Oracle's motion is not a motion in limine, but rather an untimely motion to strike, because the evidence at issue is already part of the trial record and indeed has already been offered to the jury in closing argument in the copyright phase, without any objection from Oracle.

Any evidence received in Phase 1 is automatically part of the trial record for later phases and thus may be referenced in any subsequent openings and closings:

> Evidence and stipulations presented in an earlier phase will count as part of the trial record for all later phases and may be referenced in openings and closings for later phases . . . .  Witnesses will not be permitted to return to a subsequent phase to repeat testimony already given by them in an earlier phase.  The jury will have already heard it.

Final Pretrial Order (ECF# 675) at 3:11-15.

Oracle suggests that some of the evidence at issue entered the record through a partially non-responsive answer to an otherwise unobjectionable question, but if that were the case, Oracle's only recourse would have been a motion to strike.  *See* Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 8 at § 8:4671 ("A motion to strike is the only remedy available where testimony is given before a proper objection can be made or ruled upon. For example: . . Witness gives nonresponsive answer to otherwise unobjectionable question (i.e., witness volunteers information not asked).")  It is far too late for Oracle to seek that relief.

Under the Federal Rules of Evidence, a party can preserve a claim of error as to the admission of evidence only if the party "*timely* objects or moves to strike."  Fed. R. Evid. 103 (emphasis added).  A motion to strike is waived unless it is made at the earliest possible opportunity after the ground for objection becomes apparent.  *See Durham v. U.S.*, 403 F.2d 190, 197 & n.15 (9th Cir. 1968) ("Failure to object as soon as the applicability of the objection is known is said to constitute a waiver of the objection, which thereafter may be properly

2

denied. . . . A motion to strike is governed by this rule where the evidence involved should have been objected to when offered, as was the case here.") (Citations omitted); *see also San Antonio Cmty. Hosp. v. So. Cal. Dist. Council of Carpenters*, 125 F.3d 1230, 1238 (9th Cir.1997) (concluding that the failure to raise a hearsay objection until the close of direct examination waived the objection).

Here, Oracle's request for relief is manifestly untimely.  It did not seek relief the moment Mr. Schwartz gave the testimony in question, as it should have, or at any point during his examination, or before the Court released him from Google's subpoena and excused him from further testimony, or even when Google referred to his testimony in its closing argument. Instead, it waited more than a week after Mr. Schwartz had left the stand to bring its motion.  This constitutes a waiver.  "The requirement of timely and specific objections serves to ensure that the nature of the error [is] called to the attention of the judge, so as to alert him [or her] to the proper course of action and enable opposing counsel to take corrective measures." *Jerden v. Amstutz*, 430 F.3d 1231, 1236 (9th Cir. 2005) (internal citations and quotations omitted; alterations in original).

Had Oracle raised any of its objections to Mr. Schwartz's testimony at the time – and had the Court sustained those objections – Google could have counteracted any negative impression a curative instruction might have had on the jury by conducting further questioning to reinforce the points that Mr. Schwartz, as Sun's CEO, had full authority to decide that it was not in Sun's best interest to pursue litigation against Google as a business matter, that he made that affirmative decision on Sun's behalf, and that he did not require permission from Sun's board of directors, Scott McNealy, or anyone else to do so.  Instead of moving to strike, Oracle chose to cross-examine Mr. Schwartz to attempt to establish that he was not qualified to give a legal assessment of the strength of any potential legal claims, and that his decisionmaking was driven by judgments about what would be best for Sun as a matter of business strategy, rather than assessments of the strengths of any potential legal claims.  RT at 2014:7-18.  Oracle then allowed the testimony to enter the record and even sat by without objection as Google relied on that

GOOGLE'S OPP TO ORACLE'S MIL RE JONATHAN SCHWARTZ
Case No. 3:10-cv-03561 WHA

661986.02

evidence in its closing argument.  RT at 2519:4-25.  Having featured that evidence in its Phase 1 closing, Google would be severely prejudiced if the Court were to instruct the jury to disregard that evidence now.

This motion is untimely and the Court should deny it for that reason alone.

### B.      Oracle's Objections Also Fail on Their Merits

Oracle's attempt to downplay the significance of Mr. Schwartz's actions and decisions runs counter to its CEO's own testimony.  As Larry Ellison acknowledged, while Mr. Schwartz was Sun's CEO, he was ultimately responsible for all decisionmaking at Sun, setting corporate policy and also for deciding how the company would conduct its negotiations, including with companies like Google.  RT 310:21-311:6.  Although Oracle asserts that "the suggestion that Oracle had decided not to sue is clearly against the weight of the evidence presented in this case," Motion at 2:5-6, that statement is flatly contradicted by Mr. Schwartz's testimony that, as CEO, he made the decision that Sun would not pursue litigation against Google over Android.  RT at 2002:5-7.  As CEO, his decision certainly trumps that of a salesperson like Leo Cizek, even though the latter may have taken it upon himself to make remarks that he was in no position to carry out.

Oracle also incorrectly argues that the fact that Mr. Schwartz never communicated his decision to Google, and the fact that Sun engaged in negotiations with Google after the SDK release, somehow fatally undermine Google's defenses.  That is not the case, however.  In *Baker Mfg. Co. v. Whitewater Mfg. Co.*, 430 F.2d 1008, 1013 (7th Cir. 1970), the Seventh Circuit reversed a district court's denial of a claim of laches, specifically noting that, "[t]he fact that Baker did not suggest that it was abandoning its claim of infringement is irrelevant.  *The important fact is that at no time did it notify Whitewater in any manner that it was pressing its claim*."  *Id.* at 1013 (emphasis added).  Here, Sun and Google had numerous discussions after Android's release.  None of these discussions involved Sun asserting infringement by Android and demanding payment without any further consideration being offered by Sun.  Instead, each was a negotiation over further partnerships where Sun would offer its commercial products for

incorporation into Android.  Nothing about such garden-variety business negotiations could have put Google on notice that Sun intended to assert legal claims against Android for the specific and narrow alleged intellectual property rights asserted in this case.  Mr. Schwartz's testimony that he had decided not to sue Google because he had no basis for doing so is entirely consistent with his subsequent actions, and supports the conclusion that the totality of Sun's conduct and statements indicated a lack of intent to assert an infringement claim.

This evidence at issue is also relevant to Phase 2 and Phase 3 in other respects.  Google is entitled to argue that the fact that Sun consciously considered and then decided not to sue for lack of grounds is evidence that Sun knew full well that the pending claims are indeed meritless as applied to Android – or at a minimum (for willfulness purposes) do not present an objectively high likelihood of infringement.  Again, it is no surprise that Sun and its CEO reached the conclusion that Sun had no grounds to sue given Sun's business strategy to make numerous aspects of the Java platform freely available for all to use in the hopes of spreading the adoption of the Java language, as well as Sun's repeated and direct encouragement of the distribution and use of the Android platform over the years.

Finally, Oracle is wrong to argue that Mr. Schwartz's statement that "[w]e didn't feel we had any grounds" either reflects privileged communications or impermissible legal opinion by a lay witness.  At trial, Oracle had a chance to ferret out whether Mr. Schwartz's statement was based on privileged communications, but Oracle never asked those questions and never raised the issue in a timely fashion.  Further, it would have been entirely reasonable for Mr. Schwartz to have concluded on Sun's behalf that Sun had no grounds to sue (regardless of any legal advice received) where Sun had "given Java to the world," made the Java language and Java APIs freely available, encouraged independent implementations of the Java platform and open sourced Sun's own implementation of the Java platform.[1]

---

[1] If Oracle is correct, however, that Mr. Schwartz's testimony implicates Sun's assertions of privilege, then it was even more incumbent on Oracle to protect that privilege with a timely objection or motion to strike.

GOOGLE'S OPP TO ORACLE'S MIL RE JONATHAN SCHWARTZ
Case No. 3:10-cv-03561 WHA

661986.02

## III.     CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny Oracle's motion and refuse its request to excise from the jury trial evidence that is squarely and fairly before the jury on important issues in this case.

Dated:  May 5, 2012                                        KEKER & VAN NEST LLP


                                                           /s/ Robert A. Van Nest
                                              By:          ROBERT A. VAN NEST

                                                           Attorneys for Defendant
                                                           GOOGLE INC.

GOOGLE'S OPP TO ORACLE'S MIL RE JONATHAN SCHWARTZ
Case No. 3:10-cv-03561 WHA

661986.02