KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**MOTION IN LIMINE RE PETER KESSLER TESTIMONY RE ANDROID CODE MODIFICATIONS**<br><br>Dept.:    Courtroom 8, 19th Floor<br>Judge:    Hon. William Alsup |

I.     INTRODUCTION

Google moves to exclude testimony by Oracle engineer Peter Kessler regarding alleged use of the '104 patent in Android's Dalvik virtual machine source code and modifications that Oracle engineers allegedly made to source code.  The issue is whether Mr. Kessler, who was never disclosed by Oracle as a witness who would provide opinion testimony, can provide such expert testimony on behalf of Oracle.  He cannot, for at least three reasons.  *First*, Oracle disclosed a different engineer, Mr. Vandette, to testify on the topic of Google's alleged use of the '104 patent and the steps he took to turn off the allegedly infringing features in Android.  *Second*, the only testimony for which Oracle disclosed Mr. Kessler was *Oracle's*—not Google's— practice of the asserted claims of the patents in suit.  *Third*, at deposition, Oracle blocked questioning regarding the very topic for which it now apparently intends to present Mr. Kessler, asserting privilege.

II.    ARGUMENT

    A.     **Oracle disclosed Mr. Vandette—not Mr. Kessler—to testify about Google's use of the '104 patent and the steps taken to disable that functionality in the Dalvik source code.**

The demonstrative slides disclosed by Oracle to Google in connection with Mr. Kessler's testimony fall into two categories:  (1) side-by-side comparisons of Android's Dalvik source code in modified and unmodified form; and (2) slides related to "Use of the '104 Patent in the Dalvik Sources" (as reflected in the titles).  This does not square with Oracle's disclosures pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.  Those disclosures, dated July 29, 2011, include three Oracle employees designated to offer opinion testimony:  Mssrs. Landau, Poore, and Vandette.  Each is disclosed regarding Dalvik code modifications and benchmark performance testing related to particular patents.  The disclosure for Mr. Vandette stated, in relevant part:

> Mr. Vandette is a current employee of Oracle who may present testimony on the subject of performance benchmark analysis and testing. Mr. Vandette may testify about the performance benchmark analysis and testing he conducted to measure the benefits Android obtains from practicing United States Patent Nos. RE38,104 ("the '104 patent") and 6,910,205 ("the '205 patent"). Mr. Vandette may also testify about the performance benchmark analysis and testing he conducted to

measure the benefits Java SE Embedded obtains from practicing the '205 patent. *Mr. Vandette may also provide testimony regarding the ways in which Android practices the '104 and '205 patents, and the steps he took to turn off the patented features to measure the performance hits to Android.*

Oracle America, Inc.'s Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2)(C) (July 29, 2011) (emphases added). In short, Oracle disclosed Mr. Vandette to testify about Android's alleged use of the '104 patent and the steps he allegedly took to modify the Android source code for his benchmark tests. And while Oracle supplemented its Rule 26(a)(2)(C) disclosure on February 7, 2012, that supplemented disclosure only added Mr. Reinhold, not Mr. Kessler.

Based on the demonstrative slides, it seems Oracle wants to change horses. The problem is, Oracle never disclosed Mr. Kessler as an employee expert regarding Android's alleged use of the '104 patent and the steps he took to modify the Android source code for his benchmark tests. Because Mr. Kessler was not so disclosed—in contrast to Mr. Vandette, who was explicitly disclosed—Oracle should be precluded from eliciting from Mr. Kessler testimony regarding Android's alleged use of the '104 patent and the steps taken to modify the Android source code.

### B. Mr. Kessler was only disclosed to testify about *Oracle's* use of the '104 patent.

In addition to Oracle's failure to disclose Mr. Kessler as an employee expert to testify about Android's use of the '104 patent and the steps taken to modify the Android source code—and its actual disclosure of someone else on those topics—Oracle's witness list also failed to disclose Mr. Kessler regarding these topics. According to Oracle's witness list, "Mr. Kessler is an Oracle engineer. He may testify regarding *Oracle's* products that practice the asserted claims of the patents-in-suit." (Dkt. No. 525-2 at 8 (emphasis added).) He is not disclosed regarding *Google's* alleged use of the '104 patent or modifications to Android source code. As such, he should be precluded from testifying on those issues.

### C. Oracle asserted privilege regarding the topics for which it now intends Mr. Kessler to testify.

If the lack of proper disclosures are not sufficient grounds to exclude Mr. Kessler's proposed testimony, the fact that Oracle asserted privilege over the very topics for which Mr. Kessler is now being offered should be. As reflected in the demonstrative slides, the main topic

2
MIL RE KESSLER TESTIMONY RE ANDROID CODE MODIFICATIONS
Case No. 3:10-cv-03561 WHA

for which Oracle intends to use Mr. Kessler is "Use of the '104 Patent in the Dalvik Sources." In other words, alleged infringement of the '104 patent by Android. But when asked whether he did an infringement analysis for the '104 patent, Oracle limited the answer to a simple yes or no question.

> Q. Have you ever done an infringement analysis on Android products for the '104 patent?
> Mr. Norton: You may answer that question a yes or no.
> A: Yes.

*See* Kessler Dep. 71:13-17. Oracle would not even allow questioning as to the timing of this analysis, instructing the witness not to answer.

> Q. When did you conduct these infringement analyses?
> MR. NORTON: I'll object and instruct the witness not to answer the question on grounds of attorney-client privilege and work product.
> Q. Will you follow that instruction?
> A. Yes, I will.

*Id.* at 73:5-12. Given its refusal to allow discovery into Mr. Kessler's infringement analysis of the '104 patent, Oracle cannot now offer Mr. Kessler to testify at trial regarding "Use of the '104 Patent in the Dalvik Sources."

## III. CONCLUSION

For the foregoing reasons, the Court should grant a motion *in limine* prohibiting Mr. Kessler from testifying regarding Android's alleged practice of the '104 patent and the steps taken to modify the Android source code.

Dated: May 6, 2012                                            KEKER & VAN NEST LLP

                                                              /s/ Robert A. Van Nest
                                                      By:     ROBERT A. VAN NEST

                                                              Attorneys for Defendant
                                                              GOOGLE INC.