| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - # 84065 | DONALD F. ZIMMER, JR. - #112279 |
| rvannest@kvn.com | fzimmer@kslaw.com |
| CHRISTA M. ANDERSON - # 184325 | CHERYL A. SABNIS - #224323 |
| canderson@kvn.com | csabnis@kslaw.com |
| DANIEL PURCELL - # 191424 | 101 Second Street, Suite 2300 |
| dpurcell@kvn.com | San Francisco, CA 94105 |
| 633 Battery Street | Tel: 415.318.1200 |
| San Francisco, CA 94111-1809 | Fax: 415.318.1300 |
| Telephone: 415 391 5400 | |
| Facsimile: 415 397 7188 | |
| | |
| KING & SPALDING LLP | IAN C. BALLON - #141819 |
| SCOTT T. WEINGAERTNER | ballon@gtlaw.com |
| (*Pro Hac Vice*) | HEATHER MEEKER - #172148 |
| sweingaertner@kslaw.com | meekerh@gtlaw.com |
| ROBERT F. PERRY | GREENBERG TRAURIG, LLP |
| rperry@kslaw.com | 1900 University Avenue |
| BRUCE W. BABER (Pro Hac Vice) | East Palo Alto, CA 94303 |
| 1185 Avenue of the Americas | Tel: 650.328.8500 |
| New York, NY 10036 | Fax: 650.328.8508 |
| Tel: 212.556.2100 | |
| Fax: 212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561 WHA |
| Plaintiff, | **MOTION IN LIMINE TO PRECLUDE TESTIMONY OF TIMOTHY LINDHOLM** |
| v. | Dept.: Courtroom 8, 19th Floor |
| GOOGLE INC., | Judge: Hon. William Alsup |
| Defendant. | |

## I. INTRODUCTION

Oracle intends to call Timothy Lindholm in Phase 2 of the ongoing trial as its lead-off witness. Apparently, Oracle will seek to elicit testimony from Mr. Lindholm about alleged awareness of patents from his work at Sun Microsystems in the 1990s, long prior to his joining Google in 2005. Yet Mr. Lindholm had no responsibility for, or awareness of, the design of Android. Any testimony elicited about his knowledge from Sun in the 1990s would be highly prejudicial and confusing to the jury, and would have no probative value on any issue of patent infringement. Like the Congressional testimony of Sun's Chief Technology Officer stating that "interface specifications are not protectable under copyright" from the same time period, Mr. Lindholm's testimony, at least as to his awareness of Sun/Oracle patents from the 1990s, should be precluded.

As he has testified in this trial, Mr. Lindholm was *not* part of the Android team. [RT 862:19–23.] He played no role in designing or coding the Android software. [RT 863:7–10.] And there has been no trial or deposition testimony that any of the Android team learned about particular Sun patents from Mr. Lindholm. Based on Phase 1 evidence, it is clear that the first time the patents in suit were revealed by Oracle to Google was in July of 2010, shortly before it filed this lawsuit. [RT 2314:3-7 (Catz).]

Oracle's aim in calling Mr. Lindholm back to trial, after having released him in Phase 1, is evidently to confuse the jury on the issue of indirect patent infringement, and even potentially willful infringement, which is not a Phase 2 issue. Other than these topics, there is no apparent basis in Oracle's trial witness list disclosure for Mr. Lindholm to testify that has not already been exhausted by his prior testimony.[1]

## II. BACKGROUND

In the 1990s, Mr. Lindholm co-wrote a book titled the *Java™ Virtual Machine Specification*. [TX 25.] Published in 1997, the book contains a reference, at the outset of its ninth chapter, to a patent that was the predecessor of the '104 patent in suit. [TX 25 at 401 of

---

[1] The Court has admonished the parties on more than one occasion not to adduce testimony in a phase that is cumulative of testimony in a previous phase. [RT 2642:2–5.]

488.] The identified patent, U.S. 5,367,685 ("the '685 patent"), recites different claims than the '104 patent in suit. The '685 patent was reissued for the first time in 1999, and at that time, the claims and scope of the '685 patent were surrendered by operation of law. 35 U.S.C. Sec. 251. Four years later, another reissue patent, the '104 patent, was granted. To be clear, the '104 patent is not the same patent as the '685, and its claims differ. Indeed, the key claim limitation for purposes of the '104 infringement analysis in this case—instructions *containing* symbolic references—did not appear in the '685 patent claims.

Notably, a second edition of the *Java™ Virtual Machine Specification* was published in 1999 and co-authored by Mr. Lindholm. [TX 987.] The second edition does not reference the '685 patent or any other specific patent for that matter.

In 2005, roughly eight years after the publication of the first edition of the book, Mr. Lindholm took a job at Google. There, although he had discussions with Andy Rubin about an advisory role related to discussions with Sun regarding a co-development partnership, as he testified to in Phase 1 of the trial, he never played any substantive role in Android and had no technical or design responsibilities for Android. [RT 862:19–23.]

**III.    DISCUSSION**

Oracle should not be permitted to elicit testimony from Mr. Lindholm about his knowledge of the '685 patent or any other unasserted patents that he may have learned about during his days at Sun in the 1990s. At most, such testimony suggests that *many years prior* to joining Google, Mr. Lindholm *might* have been aware of a patent that is not even asserted in this suit. The relevance of this testimony is doubtful given Mr. Lindholm had *no technical responsibility* for any aspect of the accused software. In contrast, the risk of prejudice to Google is high because the jury would be confused and unable to properly evaluate the impact of the testimony Oracle appears poised to elicit from Mr. Lindholm. In particular, the jury may be left with the incorrect impression that Google had prior "knowledge" of a patent-in-suit.

Further, Oracle will not be able to show that the Android team or any other person at Google was made aware of the patents-in-suit as a result of Mr. Lindholm's knowledge of patents stemming from his days at Sun. Most notably, although Mr. Rubin has been deposed five

2

times in this case (including one deposition that was specifically devoted to his awareness of patents), Oracle has yet to point to any evidence that would show that Mr. Rubin or others on the Android team became aware of any particular Sun patents through Mr. Lindholm.  Oracle apparently intends to have the jury improperly impute to Google an awareness of one or more of the patents-in-suit through a trail of inferences leading well back into the 1990s to a different patent with different claims.

Further, this Court has already ruled that this type of evidence is far too remote in time.  In its ruling excluding the Congressional testimony of Eric Schmidt in the 1990s that APIs are not copyrightable, the Court held:

> **[A]nything that happened long before 2006 is too far removed** from Sun's policy and industry custom and usage at the time of the alleged infringement. **Historical information that is too old has only marginal relevance** to Google's equitable defenses. **And any marginal relevance would be greatly outweighed by the unfair prejudice, waste of time, and confusion from presenting to the jury statements and documents from the last century** as indicative of Sun's policy and industry custom at the time of alleged infringement in 2006.

[DKT 676 at 6 (emphasis added).]

The Court's reasoning applies with greater force in Mr. Lindholm's case than it did for the testimony of Mr. Schmidt, who was then Sun's Chief Technical Officer and spokesman on technical issues and policy and the key executive involved in driving the development of Java, making these statements at the same time Java was publicly released.  The Schmidt testimony represented the position of Sun itself, a large and sophisticated organization backed by a sizeable and longstanding corporate institution.  By contrast, Mr. Lindholm is a non-officer individual, and neither a representative of Sun nor of Google.

The danger of Oracle's intended use of Mr. Lindholm is compounded by the possibility that Oracle, in its opening argument, will incorrectly and prejudicially suggest to the jury that Google was under a legal duty to search for patents and clear them for infringement prior to product launch—there is no such duty—and that a general awareness of patents without specific awareness of particular patents is sufficient to prove the intent necessary for indirect patent

infringement—which is also not the case.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court should preclude any mention in Oracle's opening argument, or any attempt to elicit testimony of Mr. Lindholm's alleged awareness of any unasserted Sun patents—including the '685 patent.

Dated: May 6, 2012                                   KEKER & VAN NEST LLP

                                                     /s/ Robert A. Van Nest
                                          By:        ROBERT A. VAN NEST

                                                     Attorneys for Defendant
                                                     GOOGLE INC.

---

[2] These issues are the subject of a separate Motion in Limine filed concurrently herewith.