MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
| Plaintiff, | **ORACLE'S OPPOSITION TO MOTION IN LIMINE RE PETER KESSLER TESTIMONY RE ANDROID CODE MODIFICATIONS** |
| v. | |
| GOOGLE INC. | |
| Defendant. | Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Oracle opposes Google's attempt to prohibit testimony on the performance benefits of Oracle's '104 patent through its motion to exclude Oracle engineer Peter Kessler's testimony for the following reasons:  (1) Dr. Kessler is a disclosed witness on Oracle's ***and Google's*** respective witness lists, and Google itself disclosed Dr. Kessler to testify on the very topics it now disputes; (2) Dr. Kessler is being offered as a fact witness to testify regarding benchmark testing that he personally participated in; and (3) the one privilege assertion that Oracle made at Dr. Kessler's deposition did not concern "Oracle's benchmarking tests and related Android and Java source code modifications."  There is no reason to prevent Dr. Kessler from testifying on this subject.

## I.   ARGUMENT

### A.   Google and Oracle *Both* Disclosed Dr. Kessler To Testify About Benchmarking Testing and Source Code Modifications

Both Oracle and Google disclosed Dr. Kessler on their witness lists to testify about benchmarking tests and source code modifications.  Google disclosed Dr. Kessler on its witness list and described his expected subjects of testimony as follows:

> Mr. Kessler may testify concerning Oracle's alleged conception, reduction to practice, and *use of U.S. Patent Nos. 6,910,205 and RE38,104, including but not limited to in the JDK*; and Oracle's benchmarking tests and related Android and Java source code modifications.  He may also testify concerning documents on the exhibit list that are either authored by him or were sent to him.

(ECF No. 525-3 (Google's Trial Witness Disclosure) at 6.)  In disclosing Dr. Kessler, Google waived its right to bring the very objection that is now the subject of its motion.  8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2054 (3d ed.).  Furthermore, Oracle's own disclosures listed Dr. Kessler as a potential witness and reserved Oracle's rights to call him as a live witness.  ECF No. 525-2 (Oracle's Trial Witness Disclosure) at 8, 11.)

Google is mistaken when it argues that Dr. Kessler will testify regarding "use of the '104 Patent in the Dalvik sources." [1]  Instead, he will testify to facts of which he has firsthand knowledge: performance benchmarking and related Android and Java source code modifications.

---

[1] Google mistakenly inferred from a title of a demonstrative showing Android source code modifications that Dr. Kessler's testimony would be more expansive.  (Mot. at 1.)  Oracle made clear, however, that the slide was withdrawn and would not be used.  Oracle's attempts to resolve the dispute over the subject matter of Dr. Kessler's testimony were not successful.  *See* correspondence attached as Exhibits A and B.

1  Because Dr. Kessler was disclosed **by Google** as a potential witness on these topics, Google

2  cannot claim either lack of knowledge or surprise that his testimony would encompass those

3  areas.

### B. It is Proper for Dr. Kessler to Testify as a Fact Witness about an Investigation He Performed

Second, none of Dr. Kessler's testimony will be expert opinion testimony.  He is a fact witness who will be testifying to an investigation he did within the scope of his employment.  It is irrelevant which experts Oracle disclosed on related topics.  "[T]he fact that [Kessler] has specialized knowledge, or that he carried out the investigation because of that knowledge, does not preclude him from testifying pursuant to Rule 701, so long as the testimony was based on the investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise in [engineering]." *Sec. & Exch. Comm'n v. Sabhlok*, C-08-4238 EMC, 2010 WL 2944255, at *4 (N.D. Cal. July 23, 2010) (quoting *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004)).

### C. The One Privilege Instruction that Oracle Made during Dr. Kessler's Deposition Does Not Relate to the Issue for which Oracle Will Call Him

Third, Oracle did not prohibit Dr. Kessler from testifying on any topic about which Oracle will question him at trial.  Indeed, Google's own citations to Dr. Kessler's deposition testimony make that point.  As the first question-and-answer in Google's motion shows (Mot. at 3), Dr. Kessler answered the question put to him; there was no instruction not to answer.  The only question Dr. Kessler was instructed not to answer was **when** the infringement analysis he conducted took place.  (Mot. at 3.)  Google never asked **what** infringement analysis Dr. Kessler conducted, and Google's failure to ask such a question means that it cannot now assert that Oracle refused to allow discovery.  Dr. Kessler did not have to answer questions that Google did not ask.

In any event, the subject of the one question ("When did you conduct these infringement analyses?") is materially different from the subject about which Dr. Kessler will testify: performance benchmarking.  Having failed to ask follow-up questions on the topic both Oracle

ORACLE'S OPP. TO MOTION IN LIMINE RE PETER KESSLER TESTIMONY RE ANDROID CODE MODIFICATIONS
CASE NO. CV 10-03561 WHA
pa-1527449

2

1    and Google believe Dr. Kessler is qualified to discuss and are within the realm of his

2    employment, Google cannot now argue that such testimony is prohibited.

3        **II.    CONCLUSION**

4            Dr. Kessler will testify regarding subject matters for which he was disclosed and for

5    which he is a fact witness.  Google was aware of the subject matters to be covered by Dr.

6    Kessler's testimony and indeed, inquired (or had the opportunity to inquire) as to all of them at

7    his deposition.  Google's belated motion to prohibit his testimony is an attempt to do an end-run

8    around the Court's denial of Google's motion in limine regarding performance testing by

9    preventing an Oracle lay witness from testifying about his participation in measuring the benefits

10   that the accused functionality brings to Android.

11

12

13   Dated: May 6, 2012                    MORRISON & FOERSTER LLP

14                                    By:  /s/ Marc David Peters

15

16                                         *Attorneys for Plaintiff*
                                          ORACLE AMERICA, INC.

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Peters, Marc D.**

---

| | |
|---|---|
| **From:** | Peters, Marc D. |
| **Sent:** | Sunday, May 06, 2012 3:03 PM |
| **To:** | Matthias Kamber; Chen, Christina; DALVIK-KVN; 'dalvik-KS@KSLAW.com'; 'GT_Google@gtlaw.com' |
| **Cc:** | Oracle MoFo Service List; 'Oracle-Google@BSFLLP.com' |
| **Subject:** | RE: Oracle v. Google: Witness Order and Exhibits Disclosure (#16) |

Matthias,

Oracle will call Mr. Rubin live.  We are still trying to determine if we can avoid calling Mr. Brady live.

For Dr. Mitchell, we disagree.  His demonstratives slides are amply supported by his report.

Oracle withdraws slides 3 and 4 for Mr. Poore.

With respect to Dr. Kessler, both Oracle and Google disclosed him on their witness lists.  In particular, Google disclosed Dr. Kessler on its witness list for the following purpose:  "Mr. Kessler may testify concerning Oracle's alleged conception, reduction to practice, and use of U.S. Patent Nos. 6,910,205 and RE38,104, including but not limited to in the JDK; and Oracle's benchmarking tests and related Android and Java source code modifications. He may also testify concerning documents on the exhibit list that are either authored by him or were sent to him."

The trial demonstrative slides disclosed for Dr. Kessler are within the scope of Google's disclosure.  Nonetheless, Oracle withdraws those trial demonstrative slides without prejudice to Oracle's right to examine Dr. Kessler on any topic within the scope of Google's disclosure.

As for Mr. Lindholm, we are aware of your objection, and we disagree.

Best regards,
Marc

---

**From:** Matthias Kamber [mailto:MKamber@kvn.com]
**Sent:** Sunday, May 06, 2012 7:12 AM
**To:** Chen, Christina; DALVIK-KVN; 'dalvik-KS@KSLAW.com'; 'GT_Google@gtlaw.com'
**Cc:** Oracle MoFo Service List; 'Oracle-Google@BSFLLP.com'
**Subject:** RE: Oracle v. Google: Witness Order and Exhibits Disclosure (#16)

Counsel,

First, please let us know immediately whether Oracle intends to call Mssrs. Rubin and Brady live or by video.  It is prejudicial to Google that Oracle has not provided this information in accordance with the parties' agreement.

Second, we renew our previous objections to particular slides in Dr. Mitchell's demonstratives as not disclosed in his opening report; Slides 3 and 4 of Mr. Poore's report as not disclosed in his report; all of the demonstratives disclosed for Mr. Kessler as undisclosed expert testimony and beyond the scope of his witness disclosure.

Finally, we further continue to object on the basis of 402/403 to Oracle calling Mr. Lindholm.

Regards,

Matthias

---

**From:** Chen, Christina [mailto:ChristinaChen@mofo.com]
**Sent:** Saturday, May 05, 2012 10:05 PM
**To:** DALVIK-KVN; dalvik-KS@KSLAW.com; GT_Google@gtlaw.com
**Cc:** Oracle MoFo Service List; Oracle-Google@BSFLLP.com
**Subject:** Oracle v. Google: Witness Order and Exhibits Disclosure (#16)


Counsel,

Pursuant to the Court's Trial Guidelines ¶ 11, Oracle discloses its witness order and exhibits.  Per stipulation, the parties have agreed to the 3PM deadline.

Tim Lindholm
Oracle disclosed exhibits for Mr. Lindholm in its Witness Order and Exhibits Disclosure dated May 2.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Bob Vandette
Oracle disclosed exhibits for Mr. Vandette in its Witness Order and Exhibits Disclosure dated May 1.  Demonstratives were disclosed in a follow-on email from Marc Peters on May 2 at 3:22AM.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Peter Kessler
Oracle disclosed exhibits for Mr. Kessler in its Witness Order and Exhibits Disclosure dated May 1.  Demonstratives were disclosed in a follow-on email from Marc Peters on May 2 at 3:22AM.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Noel Poore
Oracle disclosed exhibits for Mr. Poore in its Witness Order and Exhibits Disclosure dated May 1.  Demonstratives were disclosed in a follow-on email from Marc Peters on May 2 at 3:22AM.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Rafael Camargo (by video)
Oracle disclosed exhibits for Mr. Camargo in its Witness Order and Exhibits Disclosure dated May 2.

Dan Morrill  (by video)
Oracle disclosed exhibits for Mr. Morrill in its Witness Order and Exhibits Disclosure dated May 2.  Additional exhibits for Mr. Morrill are TX250 and TX366.

Patrick Brady (by video and/or live)
Oracle disclosed exhibits for Mr. Brady in its Witness Order and Exhibits Disclosure dated May 2.  Additional exhibits for Mr. Brady are TX:

662
2743
2744
2745
2746
2747
2748
2749
2750
2751
2752
2753
2754
2755
2756
2775
2776
Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Andy Rubin (by video and/or live)
Exhibits for Mr. Rubin are TX:
1
2
3
4
5
6
7
12
18
20
22
151
155
161
230
437
2714
Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Andy McFadden
Oracle disclosed exhibits for Mr. McFadden in its Witness Order and Exhibits Disclosures dated April 30 and May 1.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, and 3525.

John Mitchell
Oracle disclosed exhibits for Professor Mitchell in its Witness Order and Exhibits Disclosures dated April 30 and May 1.  Demonstratives were disclosed in a follow-on email from Marc Peters on May 1 at 3:34AM, with revised demonstratives disclosed in another email from Marc Peters on May 2 at 3:02AM.  An additional

exhibit for Professor Mitchell is TX 46.10.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Dan Bornstein
Oracle disclosed exhibits for Mr. Bornstein in its Witness Order and Exhibits Disclosures dated April 30 and May 1.  An additional exhibit for Mr. Bornstein is TX 47.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

CHRISTINA CHEN
Morrison | Foerster
425 Market Street, 32nd Flr.
San Francisco, CA 94105
Dial: 415-268-6064
Fax: 415-276-7726

------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

------------------------------------------------------------------

# EXHIBIT B

**Peters, Marc D.**

| | |
|---|---|
| **From:** | Peters, Marc D. |
| **Sent:** | Sunday, May 06, 2012 8:24 PM |
| **To:** | Matthias Kamber; Chen, Christina; DALVIK-KVN; 'dalvik-KS@KSLAW.com'; 'GT_Google@gtlaw.com' |
| **Cc:** | Oracle MoFo Service List; 'Oracle-Google@BSFLLP.com' |
| **Subject:** | RE: Oracle v. Google: Witness Order and Exhibits Disclosure (#16) |

Matthias,

Oracle will call Mr. Brady live.  It may also use some or all of his deposition video designations.

As I wrote below, Oracle will not use the demonstrative slides I sent earlier for Dr. Kessler.

Best regards,
Marc

---

**From:** Matthias Kamber [mailto:MKamber@kvn.com]
**Sent:** Sunday, May 06, 2012 5:23 PM
**To:** Peters, Marc D.; Chen, Christina; DALVIK-KVN; 'dalvik-KS@KSLAW.com'; 'GT_Google@gtlaw.com'
**Cc:** Oracle MoFo Service List; 'Oracle-Google@BSFLLP.com'
**Subject:** RE: Oracle v. Google: Witness Order and Exhibits Disclosure (#16)

Marc,

Please let us know immediately whether you intend to call Mr. Brady live.

We continue to believe that the identified demonstratives for Dr. Mitchell are not supported by his opening report.

With respect to Dr. Kessler's demonstrative slides, we do not agree that Google's witness disclosure provides a basis for Oracle using those slides with Dr. Kessler on direct examination.  We therefore intend to file a motion in limine to exclude the slides and any related testimony.

Regards,

Matthias

---

**From:** Peters, Marc D. [mailto:MDPeters@mofo.com]
**Sent:** Sunday, May 06, 2012 3:03 PM
**To:** Matthias Kamber; Chen, Christina; DALVIK-KVN; 'dalvik-KS@KSLAW.com'; 'GT_Google@gtlaw.com'
**Cc:** Oracle MoFo Service List; 'Oracle-Google@BSFLLP.com'
**Subject:** RE: Oracle v. Google: Witness Order and Exhibits Disclosure (#16)

Matthias,

Oracle will call Mr. Rubin live.  We are still trying to determine if we can avoid calling Mr. Brady live.

For Dr. Mitchell, we disagree.  His demonstratives slides are amply supported by his report.

Oracle withdraws slides 3 and 4 for Mr. Poore.

With respect to Dr. Kessler, both Oracle and Google disclosed him on their witness lists.  In particular, Google disclosed Dr. Kessler on its witness list for the following purpose:  "Mr. Kessler may testify concerning Oracle's alleged conception, reduction to practice, and use of U.S. Patent Nos. 6,910,205 and RE38,104, including but not limited to in the JDK; and Oracle's benchmarking tests and related Android and Java source code modifications. He may also testify concerning documents on the exhibit list that are either authored by him or were sent to him."

The trial demonstrative slides disclosed for Dr. Kessler are within the scope of Google's disclosure.  Nonetheless, Oracle withdraws those trial demonstrative slides without prejudice to Oracle's right to examine Dr. Kessler on any topic within the scope of Google's disclosure.

As for Mr. Lindholm, we are aware of your objection, and we disagree.

Best regards,
Marc

---

**From:** Matthias Kamber [mailto:MKamber@kvn.com]
**Sent:** Sunday, May 06, 2012 7:12 AM
**To:** Chen, Christina; DALVIK-KVN; 'dalvik-KS@KSLAW.com'; 'GT_Google@gtlaw.com'
**Cc:** Oracle MoFo Service List; 'Oracle-Google@BSFLLP.com'
**Subject:** RE: Oracle v. Google: Witness Order and Exhibits Disclosure (#16)

Counsel,

First, please let us know immediately whether Oracle intends to call Mssrs. Rubin and Brady live or by video.  It is prejudicial to Google that Oracle has not provided this information in accordance with the parties' agreement.

Second, we renew our previous objections to particular slides in Dr. Mitchell's demonstratives as not disclosed in his opening report; Slides 3 and 4 of Mr. Poore's report as not disclosed in his report; all of the demonstratives disclosed for Mr. Kessler as undisclosed expert testimony and beyond the scope of his witness disclosure.

Finally, we further continue to object on the basis of 402/403 to Oracle calling Mr. Lindholm.

Regards,

Matthias

---

**From:** Chen, Christina [mailto:ChristinaChen@mofo.com]
**Sent:** Saturday, May 05, 2012 10:05 PM
**To:** DALVIK-KVN; dalvik-KS@KSLAW.com; GT_Google@gtlaw.com

**Cc:** Oracle MoFo Service List; Oracle-Google@BSFLLP.com
**Subject:** Oracle v. Google: Witness Order and Exhibits Disclosure (#16)

Counsel,

Pursuant to the Court's Trial Guidelines ¶ 11, Oracle discloses its witness order and exhibits.  Per stipulation, the parties have agreed to the 3PM deadline.

Tim Lindholm
Oracle disclosed exhibits for Mr. Lindholm in its Witness Order and Exhibits Disclosure dated May 2.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Bob Vandette
Oracle disclosed exhibits for Mr. Vandette in its Witness Order and Exhibits Disclosure dated May 1.  Demonstratives were disclosed in a follow-on email from Marc Peters on May 2 at 3:22AM.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Peter Kessler
Oracle disclosed exhibits for Mr. Kessler in its Witness Order and Exhibits Disclosure dated May 1.  Demonstratives were disclosed in a follow-on email from Marc Peters on May 2 at 3:22AM.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Noel Poore
Oracle disclosed exhibits for Mr. Poore in its Witness Order and Exhibits Disclosure dated May 1.  Demonstratives were disclosed in a follow-on email from Marc Peters on May 2 at 3:22AM.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Rafael Camargo (by video)
Oracle disclosed exhibits for Mr. Camargo in its Witness Order and Exhibits Disclosure dated May 2.

Dan Morrill  (by video)
Oracle disclosed exhibits for Mr. Morrill in its Witness Order and Exhibits Disclosure dated May 2.  Additional exhibits for Mr. Morrill are TX250 and TX366.

Patrick Brady (by video and/or live)
Oracle disclosed exhibits for Mr. Brady in its Witness Order and Exhibits Disclosure dated May 2.  Additional exhibits for Mr. Brady are TX:

662
2743
2744
2745
2746
2747
2748
2749
2750
2751
2752
2753

2754
2755
2756
2775
2776
Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Andy Rubin (by video and/or live)
Exhibits for Mr. Rubin are TX:
1
2
3
4
5
6
7
12
18
20
22
151
155
161
230
437
2714
Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Andy McFadden
Oracle disclosed exhibits for Mr. McFadden in its Witness Order and Exhibits Disclosures dated April 30 and May 1.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

John Mitchell
Oracle disclosed exhibits for Professor Mitchell in its Witness Order and Exhibits Disclosures dated April 30 and May 1.  Demonstratives were disclosed in a follow-on email from Marc Peters on May 1 at 3:34AM, with revised demonstratives disclosed in another email from Marc Peters on May 2 at 3:02AM.  An additional exhibit for Professor Mitchell is TX 46.10.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

Dan Bornstein
Oracle disclosed exhibits for Mr. Bornstein in its Witness Order and Exhibits Disclosures dated April 30 and May 1.  An additional exhibit for Mr. Bornstein is TX 47.  Oracle also discloses all in-court charts and demonstratives, including 43.1, 1028, 610.1, 3452, and 3525.

CHRISTINA CHEN
Morrison | Foerster
425 Market Street, 32nd Flr.

San Francisco, CA 94105
Dial: 415-268-6064
Fax: 415-276-7726

-------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

-------------------------------------------------------------------

-------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

-------------------------------------------------------------------