# Exhibit D

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650 813 5600
FACSIMILE: 650 494 0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG


March 8, 2011

Writer's Direct Contact
650.813.5947
Telefacsimile: 650.251.3509
RBallinger@mofo.com


Via E-Mail to ssnyder@kslaw.com

Steven T. Snyder
King & Spalding LLP
227 W. Trade Street - Suite 600
Charlotte, NC  28202

Re:     *Oracle v. Google* – Google custodian list and search terms

Dear Steve:

This letter concerns the issues that we discussed during our call on March 7, which were also addressed in my March 1 and 4 letters and discussed during our March 3 call.  Those issues include, among others, Google's list of custodians and proposed search terms.

Custodians

On March 7, with respect to the custodians identified in my March 1 letter, you promised to send me a letter this week identifying (1) the people who you will agree to include, (2) the people who you want to discuss further, and (3) the people who you will not agree to include.  You stated that 8 or 9 people will likely fall into the first category and that 9 or 10 people will likely fall into the third category, with the remaining people falling into the second category.  During our conversation this afternoon regarding Oracle's ESI productions, you stated that Google is reconsidering its second and third categories.

For each person who does not fall into the first category, and whom Google does not at this point agree to include in its collection, we asked you to include in your letter an explanation as to why you believe each person should be excluded.  You did not agree to do that, but you agreed to consider our request.

As discussed, we would like to resolve this issue as quickly as possible.  You agreed, and we agreed to discuss this issue further on Thursday.

pa-1451436

MORRISON | FOERSTER

Steven T Snyder
March 8, 2011
Page Two

Searches

Thank you for agreeing to expand Google's searches to include the following:

1. JME OR JSE OR J2ME OR J2SE

2. @sun OR @oracle

3. "Android Inc." or "Android, Inc."

4. "Open Handset Alliance" OR OHA

5. (Android OR Honeycomb) AND tablet

6. Armstrong

With respect to the second search above, you agreed that Google will search in the sender and recipient fields of any emails and in the text of any electronic documents. You also confirmed that your document review vendor will be able to run additional searches without requiring a duplicative review of any documents identified based on the earlier search terms.

You explained that your document review vendor ran the other searches proposed in my March 1 letter and that they resulted in a very large number of additional documents. Based on your explanation, I agreed to further evaluate the proposed searches and determine whether we narrow them and thereby reduce the burden on Google.

Based on our your feedback and our further analysis, we propose the following two additional searches, each broken up into particular areas:

1. (Android* OR Dalvik) AND

    a. Java* OR

    b. Apache OR Harmony OR

    c. licens* OR agreement OR contract OR

    d. "intellectual property" OR IP OR patent* OR copyright* OR trademark* OR infring* OR

    e. Gosling OR Yellin OR Tuck OR Fresko OR Bak OR Griesemer OR Gong OR

MORRISON | FOERSTER

Steven T Snyder
March 8, 2011
Page Three

      f.   revenue* OR income OR expense* OR profit* OR loss* OR cost* OR

      g.   financ* OR $* OR monetize* OR million OR billion OR

      h.   budget* OR projection OR

      i.   fragment* OR fork* OR compatib* OR incompatib* OR

      j.   OpenJDK OR

      k.   "open source" OR

      l.   acquir* OR acquisition OR "stock purchase"

2. Mobile AND

      a.   profit* OR loss * OR income* OR revenue* OR

      b.   share OR marketshare OR "market share" OR

      c.   Symbian OR iOS OR "Windows Phone" OR Windows Mobile" OR WebOS OR Bada OR Maemo OR Meego OR

      d.   ((OS OR "operating system") AND (Apple OR Microsoft OR Nokia OR "Research In Motion" OR RIM OR Palm))

As discussed, please let us know how many additional documents there are for each of these two searches, both in their entirety and for each subpart. We can then evaluate whether we would agree to further narrow this search, and if so how to do that.

Organization Chart

You explained that the org chart you sent me on March 2 was generated from a Google database. You agreed to check if it is possible to generate similar charts for earlier time periods or if any earlier reports can be found (including perhaps reports generated for other litigation matters), possibly going back to 2007 or sooner. We also discussed our request for charts for other people at Google who do not report to Mr. Rubin but who also have responsibilities with respect to Android and/or mobile. We would very much appreciate receiving additional charts before our call on Thursday, so we may discuss any issues resulting from them most efficiently.

pa-1451436

MORRISON | FOERSTER

Steven T Snyder
March 8, 2011
Page Four


Responses to Specific RFPs

We discussed Google's responses to the requests identified in my March 4 letter: RFP Nos. 88, 89, 90, 91, 93, 94, 96, 100, and 112. You stated that these requests were duplicative in certain respects to RFP Nos. 38 and 39, and stated that you had already collected and produced all non-custodial financial documents related to Android as bates numbers GOOGLE-00303691 through GOOGLE-00303921. In addition, you indicated that Google will produce custodial documents in response to these requests based on the proposed searches, which include various finance- and damages-related terms.

We informed you that the documents bates numbered GOOGLE-00303691 through GOOGLE-00303921 are insufficient with respect to these requests (indeed, we would be very surprised if those documents represented the full extent to which Google has documents responsive to these requests, given the nature, scope and sophistication of Google's business), but we recognize that the additional searches of custodial documents will likely result in additional documents if adequate search terms are applied. For the record, I would note that your responses to every one of the requests listed above state that Google has *already* produced "all relevant, non-privileged material responsive to this request after a diligent search of all locations at which such material might plausibly exist." To the extent there are financial documents that are custodial documents and responsive to these requests, as we discussed, this response is inaccurate. Please check and correct your responses to the extent necessary in this and any other respects in which they are incomplete or inaccurate.

We also discussed certain issues with respect to Google's responses to requests included in the first set of RFPs. This included RFP Nos. 46, 47, and 48, which concern Google's acquisition of Android, Inc. We informed you that none of the documents produced by Google appear to concern any business case for acquiring Android, Inc. (requested by RFP No. 46) or any diligence documents relating to that acquisition (RFP No. 47), and we also noted that Google has not yet produced a complete copy of the stock purchase agreement. We identified GOOGLE-00303922 as the incomplete stock purchase agreement. We also discussed RFP No. 28, and you agreed to find out the date of Google's collections and to ensure that Google has collected emails dated after Oracle America filed its lawsuit.

During our next call, we would like to also discuss the possibility of doing a separate collection with respect to Google's financial data. That data is responsive to many of these requests but has not otherwise been collected or produced. You noted that certain Android-related revenues are often not distinguished from other revenues, and we need to determine how to best account for that issue here.


pa-1451436

MORRISON | FOERSTER

Steven T Snyder
March 8, 2011
Page Five

Other

You confirmed that Google has not yet produced any custodial documents, which would include emails.  You stated that Google intends to produce approximately 400,000 documents today, which will include emails, and a substantial amount of additional documents between now and March 15.

Sincerely,

/s/ Rick Ballinger

Richard S. Ballinger

pa-1451436