1  KEKER & VAN NEST LLP
   ROBERT A. VAN NEST - # 84065
2  rvannest@kvn.com
   CHRISTA M. ANDERSON - # 184325
3  canderson@kvn.com
   DANIEL PURCELL - # 191424
4  dpurcell@kvn.com
   633 Battery Street
5  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
6  Facsimile:    415 397 7188

7  KING & SPALDING LLP
   SCOTT T. WEINGAERTNER
8  (*Pro Hac Vice*)
   sweingaertner@kslaw.com
9  ROBERT F. PERRY
   rperry@kslaw.com
10 BRUCE W. BABER (Pro Hac Vice)
   1185 Avenue of the Americas
11 New York, NY 10036
   Tel: 212.556.2100
12 Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE'S OBJECTION TO ORACLE'S RESPONSES TO GOOGLE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Dept.:    Courtroom 8, 19th Floor<br>Judge:   Hon. William Alsup |

GOOGLE'S OBJECTION TO ORACLE'S RESPONSE TO GOOGLE'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW
Case No. 3:10-CV-03561 WHA

662197.01

Defendant Google Inc. ("Google") hereby objects to Oracle's Responses to Google's Proposed Findings of Fact and Conclusions of Law [Dkt. 1081] ("Oracle's Responses"). The Court should direct Oracle to conform its Responses to the format and page limit required by the Court's April 24, 2012 Order Regarding Proposed Findings of Fact and Conclusions of Law Re All Issues of Fact and Law That Must be Resolved by the Judge, Including Scope of Protection of the Copyrights (the "Order") [Dkt. 968].

In the Order, the Court instructed the parties to provide numbered findings of fact, double-spaced, followed by single-spaced trial record cites supporting the proposed finding. Both parties followed this format. The Court also instructed each party to file a response to the other party's proposed findings and conclusions. The Court ordered that the responses "should reproduce each original finding and conclusion, and then, immediately after each, supply the responsive information. It may not exceed twice the overall number of pages used by the submission to which it responds." The purpose here is straightforward: to include all relevant information relating to each party's proposed findings and conclusions in one document. The Court would then have one document with Google's findings and conclusions (including Google's supporting evidence and authorities) and Oracle's responses (including Oracle's supporting evidence and authorities), with half of the space devoted to Google's position, and half to Oracle's position. The Court would have a similar document for Oracle's findings and conclusions. Google provided such a document in its responses to Oracle's proposed findings and conclusions. Dkt. 1079.

Instead of simply "reproduc[ing]" Google's proposed findings and conclusions, together with Google's evidence and authorities, Oracle deleted all of Google's record citations, excerpts, and case authority and converted Google's proposed findings and conclusions to single-spaced type. This reduced Google's 35 pages of proposed findings and conclusions to 12 pages. Nevertheless, Oracle's Responses were 70 pages long. Thus, instead of the 35 pages to which it was entitled, Oracle gave itself a **58-page** response. In addition to allowing Oracle extra space, Oracle's strategy allows it to criticize Google for not citing on-point evidence when the very

1
GOOGLE'S OBJECTION TO ORACLE'S RESPONSE TO GOOGLE'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW
Case No. 3:10-cv-03561 WHA

662197.01

quotes omitted by Oracle often provided just that evidence.

For these reasons, Google objects to Oracle's Responses.  The Court should direct Oracle to file revised responses in compliance with the Court's order.

Dated:  May 7, 2012

KEKER & VAN NEST LLP

By:  /s/ Robert A. Van Nest
     ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.

2
GOOGLE'S OBJECTION TO ORACLE'S RESPONSE TO GOOGLE'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW
Case No. 3:10-cv-03561 WHAOtherCounsel

662197.01