KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

KING & SPALDING  LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA  94105
Tel:  415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA  94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>       Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR A NEW TRIAL ON ORACLE'S CLAIM THAT GOOGLE IS LIABLE FOR INFRINGEMENT OF ORACLE'S COPYRIGHT ON THE STRUCTURE, SEQUENCE AND ORGANIZATION OF THE COMPILABLE CODE FOR THE 37 JAVA API PACKAGES**<br><br>Dept.:    Courtroom 8, 19th Floor<br>Judge:   Hon. William Alsup |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 59[1] Defendant Google Inc. ("Google") will, and hereby does, respectfully move for a new trial on Oracle's claim that Google is liable for infringement of Oracle's copyright on the structure, sequence and organization of the compilable code for the 37 Java API packages.  This Motion is based on the attached memorandum of points and authorities as well as the entire record in this matter.

Dated:  May 8, 2012                           KEKER & VAN NEST LLP

                                              /s/ Robert A. Van Nest
                                        By:   ROBERT A. VAN NEST

                                              Attorneys for Defendant
                                              GOOGLE INC.

---

[1] Google files this Rule 59 motion, directed to the issue of the effect of the jury's inability to reach a unanimous decision on question 1B, pursuant to the court's direction.  RT 2890:1-6. Google reserves the right to file a further Rule 59 motion within the time allowed by the Rule on all grounds supported by the record.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Question 1 of the Special Verdict Form provided to the jury in this case included two sub-questions regarding Google's alleged liability for copyright infringement based on the structure, sequence and organization of the compilable code in the 37 Java API packages. First, the jury was asked in question 1A: "Has Oracle proven that Google has infringed the overall structure, sequence and organization of copyrighted works?" Second, the jury was asked in question 1B: "Has Google proven that its use of the overall structure, sequence and organization constituted 'fair use'?" Dkt. No. 1089. Although the jury concluded that Oracle had proven that Google infringed the overall structure, sequence and organization of the copyrighted works, the jury did not reach a unanimous verdict as to whether Google had proven the affirmative defense of fair use. Under settled Supreme Court and Ninth Circuit law, the jury's failure to reach a verdict concerning both halves of this indivisible question requires a new trial concerning both questions. To accept the infringement verdict as binding on the parties and retry only fair use would violate both the unanimity requirement and the Reexamination Clause of the Seventh Amendment.

### II.     ARGUMENT

The Seventh Amendment requires that, for suits at common law, "the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amend VII. Thus under the Seventh Amendment's Reexamination Clause, a court cannot hold a partial retrial unless the issue to be retried is sufficiently "distinct and separable" from the issues decided by the first jury. *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). Furthermore, the Seventh Amendment requires that jury verdicts in federal court be unanimous. *Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1451 (9th Cir. 1995) ("The Seventh Amendment requires jury verdicts in federal civil cases to be unanimous."); *see also* Fed. R. Civ. P. 48(b) ("Unless the parties stipulate otherwise, the verdict must be unanimous."). Although this does not mean that the jury must agree to every factual issue that underlies a verdict, it does mean

that civil juries must be unanimous on all the "ultimate issues of a given case," as well as the "final verdict itself." *Jazzabi v. Allstate Insurance Co.*, 278 F.3d 979, 985 (9th Cir. 2002).

Based on these principles, and consistent with Supreme Court and Ninth and Federal Circuit law, the Court should declare a mistrial on both the infringement and fair use questions relating to Google's alleged liability for copyright infringement based on the structure, sequence, and organization of the compilable code for the 37 Java API packages. Declaring a mistrial only as to the fair use question would violate the Seventh Amendment—both by threatening Google with a non-unanimous verdict on liability, and by having determination of the same factual question, or indivisible factual questions, made by two different juries.

### A. The Seventh Amendment's unanimity requirement mandates a new trial for both infringement and fair use.

Twice in recent years, in *Jazzabi* and *United States v. Southwell*, 432 F.3d 1050 (9th Cir. 2005), the Ninth Circuit has clearly held that a defendant has a right to a unanimous verdict on *liability*. Where liability depends on both acceptance of all elements of a plaintiff's claim and rejection of a defendant's affirmative defense, the jury must decide unanimously *both* that plaintiff has proven all claim elements *and* that defendant has failed to make out its affirmative defense. *Jazzabi*, 278 F.3d at 984. In other words, a hung jury on an affirmative defense is necessarily a hung jury on that entire liability claim because if the claim elements are submitted to a different jury than the affirmative defense, no jury has unanimously decided liability. Under the holdings of these cases, a new trial is necessary on both infringement and fair use.

In *Jazzabi*, the plaintiff's house burned down, after which his insurer, Allstate, rejected his fire insurance claim. Allstate admitted it had not paid out on the policy, but raised the affirmative defense that Jazzabi had burned down his own house. *Jazzabi*, 278 F.3d at 980-81. After the jury began deliberations, it asked the court whether it could find Allstate liable even if it did not unanimously reject Allstate's affirmative defense that Jazzabi started the fire. *Id.* at 981. The court instructed the jury that it should find Allstate liable so long as it did not unanimously *agree with* Allstate's affirmative defense—in other words, even if the jury did not unanimously *reject* that defense. *Id.*

The Ninth Circuit reversed, holding that a defendant cannot be held liable until the jury both unanimously accepts plaintiff's proof on the claim elements and unanimously rejects the defendant's proof on its affirmative defense. *Id.* 985.  The court held that "elements and affirmative defenses are co-equal components of the jury's liability determination: Liability cannot be established until after the jurors unanimously agree that the elements are satisfied *and* they unanimously reject the affirmative defenses." *Id.* at 984 (emphasis in original).  Moreover, this result was not just good practice, it was required by the Seventh Amendment's unanimity requirement.  The court noted that "civil juries must 'render unanimous verdicts on the ultimate issues of a given case'" as well as the "final verdict itself." *Id.* at 985 (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)).  To allow a jury split on an affirmative defense to impose liability "defeats the intent and rationale underlying the mandate that jury verdicts be unanimous, because *liability might attach even though the jury had not unanimously agreed that a basis for liability exists*." *Id.* (emphasis added).  The Ninth Circuit held that the Seventh Amendment's unanimity requirement was implicated and barred a partial verdict even though the elements of Jazzabi's claim for breach of contract and Allstate's defense that Jazzabi had committed arson were factually independent of one another.

When it revisited the issue in *Southwell*, the Ninth Circuit was even clearer in extending *Jazzabi* to the criminal context.  Southwell was charged with arson and pled the affirmative defense of insanity.  Relying on *Jazzabi*, the Ninth Circuit concluded that in order to convict Southwell, the jury had to unanimously conclude both that Southwell was guilty of the crime, and that he was not insane.  "***Since a jury verdict must be unanimous, a jury united as to guilt but divided as to an affirmative defense (such as insanity) is necessarily a hung jury.***"  432 F.3d at 1055 (emphasis added).  Again, the Ninth Circuit so held even though the elements of the crime of arson and the affirmative defense of insanity do not overlap.

Under *Jazzabi* and *Southwell*, Google has a Seventh Amendment right to be found liable only if a jury unanimously concludes *both* that Google's conduct was infringing, *and* that it was not fair use.  Conducting a second trial concerning only fair use would deprive Google of that right.  This jury did not unanimously reject Google's fair use defense.  And, if a subsequent jury

were given only the question of fair use, there would be no way to know whether that jury would unanimously conclude that Google's conduct was infringing, because the second jury would never have had to consider that question. Thus no jury would have "unanimously agreed that a basis for liability exists" because no jury would have "unanimously agree[d] that the elements are satisfied *and* . . . unanimously reject[ed] the affirmative defenses." *Jazzabi*, 278 F.3d at 984-85. The Court must therefore hold a new trial as to both infringement and fair use.

### B. The Seventh Amendment's Re-Examination Clause mandates a new trial for infringement and fair use.

Under the Seventh Amendment's Re-Examination Clause, a partial retrial "may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931); *see also* Moore's Federal Practice – Civil § 59.14 ("A specific issue may be retried when it clearly appears that (1) the issue is sufficiently distinct and separable from the others and (2) the trial of that issue alone may be held without injustice."). Here, accepting a partial verdict on infringement alone would be error for a separate reason not present in *Jazzabi* or *Southwell*—because the issues of infringement and fair use are sufficiently factually intertwined that a retrial of fair use cannot be had without also retrying infringement.

The clearest factual overlap with respect to the claim at issue here is between infringement and the third factor of the fair use analysis. In determining infringement, the jury must determine whether there are "substantial similarities" between the copyrighted work and the accused work. Final Charge to the Jury, Dkt. 1018 at 11-12. The third fair use factor asks the jury to determine an obviously similar question: the "amount and substantiality of the portion [of the copyrighted work] used in relation to the copyrighted work as a whole." *Id.* at 13. The jury's determination of whether there are "substantial similarities" between the copyrighted work and the accused work necessarily overlaps with the jury's determination as to the "amount and substantiality" of the portion of the copyrighted work used in the accused work in relation to the copyrighted work as a whole. Thus if one jury is asked to decide infringement and a second jury is asked to decide

4
GOOGLE'S MOTION FOR A NEW TRIAL
Case No. 3:10-cv-03561 WHA

662521.01

fair use, that second jury's fair use analysis would require it to re-examine the factual determinations made as part of the first jury's infringement analysis. This violates the Seventh Amendment. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 n.21 (5th Cir. 1998).

The Federal Circuit reached a similar conclusion in the patent context in *Witco Chemical Corp. v. Peachtree Doors, Inc.*, 787 F.2d 1545 (Fed. Cir. 1986). In *Witco*, the defendants made non-infringement, invalidity, and unenforceability arguments regarding the allegedly-infringed patents. *Id.* at 1547. The jury found the patents valid and enforceable, but could not reach a unanimous verdict with regard to infringement. *Id.* The district court excused the jury for an indefinite period. Three weeks later defendants moved for a mistrial based on the hung jury. The district court recalled the same jury and gave them additional instructions, at which point they quickly found infringement. *Id.* The Federal Circuit reversed the infringement verdict based on coercion. *Id.* at 1548.

The Federal Circuit then had to decide whether to remand just the infringement verdict for retrial, or to remand the entire case. Relying on *Gasoline Products*, the court concluded that "it is inappropriate, in light of the evidence presented and arguments made at this trial, to have one jury return a verdict on the validity, enforceability and contract questions while leaving the infringement questions to a second jury." *Id.* at 1549. The court reasoned that "the arguments against infringement are indistinguishably woven with the factual underpinnings of the validity and enforceability determinations and the subject matter of the contract." *Id.* The court therefore vacated the entire judgment and remanded for a new trial. *Id.*

Other courts have similarly concluded that when two claims depend on common factual determinations, they must be tried together. In *Kuehne & Nagel v. Geosource*, 874 F.2d 283 (5th Cir. 1989), the court ordered a retrial on all claims even though it only reversed on one specific issue. It concluded that the "overlapping nature of the evidence in SGS' breach of contract claim against Geosource and Geosource's tortious interference claim against SGS makes us wary of retrying only Geosource's breach of contract and fraudulent inducement claims." *Id.* at 295. Retrial of all claims was necessary because "the new jury should be given the opportunity to view the dispute comprehensively." *Id.* (internal quotation marks and alterations omitted). In *Matter*

*of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293 (7th Cir. 1995), the Seventh Circuit struck down a district court's plan to have one jury decide the issue of negligence and then have a subsequent jury decide the issues of comparative negligence and proximate causation because "[b]oth issues overlap the issue of the defendants' negligence." *Id.* at 1303.

Because the "factual underpinnings" of infringement and fair use are "indistinguishably woven" together, the Court must hold a retrial as to both infringement and fair use. *Witco*, 787 F.2d at 1549.

## III. CONCLUSION

Holding a retrial solely on Google's fair use defense (question 1B) without also retrying Oracle's claim for infringement (question 1A) would violate Google's Seventh Amendment rights under both the unanimity requirement and the Reexamination Clause. Google therefore requests that the Court declare a mistrial, and order a new trial, as to both infringement and fair use as to Oracle's claim that Google is liable for infringement of its copyright on the structure, sequence, and organization of the 37 API packages.

Dated: May 8, 2012                                     KEKER & VAN NEST LLP

                                                By:    /s/ Robert A. Van Nest
                                                       ROBERT A. VAN NEST

                                                       Attorneys for Defendant
                                                       GOOGLE INC.

GOOGLE'S MOTION FOR A NEW TRIAL
Case No. 3:10-cv-03561 WHA

662521.01