KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel:  415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>GOOGLE INC.,<br><br>      Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S BRIEF IN OPPOSITION TO ORACLE MOTION TO PRECLUDE OWNERSHIP CHALLENGE**<br><br>Dept.:   Courtroom 8, 19th Floor<br>Judge:   Hon. William Alsup |

Oracle's "motion to preclude Google from disputing ownership" is an attempt by Oracle to avoid the consequences of its failure to prove basic elements of its case, to blame Google for that failure, and to segregate out for special treatment an issue that has already been joined in the parties' motions for judgment as a matter of law under Rule 50.  The motion is not only procedurally improper, it is also misguided as a matter of law.  Oracle confuses "ownership" of the copyrights at issue with the legal question of *the scope of Oracle's rights*.

## ARGUMENT AND CITATION OF AUTHORITIES

Oracle's theory of copyright infringement has changed multiple times during this litigation.  At different times, Oracle has characterized the works in which it claims copyrights as "collective works," as "compilations," as "derivative works," or as free-standing works that are part of the larger wholes that are the subject of its registrations.  Oracle has also characterized its claims based on the API packages as being claims of infringement of the "selection, arrangement and structure" of the packages (Oracle Statement of Copyright Issues, Dkt. 899) and the "structure, sequence and organization" of the packages (Oracle Proposed Findings and Conclusions, Dkt. 902)—and neither of those articulations was advanced in the proposed pretrial order.  *See* Joint Proposed Pretrial Order, Dkt. 525.

Each of these characterizations has different consequences under the Copyright Act, and each imposes on Oracle different burdens with respect to what it needed to prove at trial.  Selection, coordination, and arrangement are relevant to a copyright claim in a compilation, as defined in 17 USC § 101.  That section sets forth the *statutory* basis for protection.  Structure, sequence and organization, on the other hand, is a judicially created theory of infringement of computer programs.  Regardless of the theory Oracle is advancing, however, Oracle needed to prove the contents of the complete works[1] that are the subject of its registrations and its

---

[1] Google's JMOL motion challenged the sufficiency of Oracle's proof of the work as a whole, based on Google's assumption that Oracle was relying on TX 1076, the disc that Oracle introduced on the last day of trial, as containing the complete work as a whole.  Oracle has since clarified that it does not rely on TX 1076, and relies instead on TX 623—which does contain, in source code form, all of the files on which Oracle bases its claims.  Google therefore does not believe that there is any longer a live issue regarding whether Oracle proved the contents of the version 5.0 work as a whole, and accepts that TX 623 should be treated as the work that is the subject of the registrations for version 5.0.

ownership of any individual portions of those works on which it chose to base its infringement allegations.

Under the plain language of 17 U.S.C. § 103(b), Oracle's copyrights extend only to the "material contributed by the author of such work, as distinguished from the preexisting material employed in the work." The copyrights therefore only extend to any materials included in the works that were authored by Sun (or Sun employees).[2] The copyrights do not extend to any preexisting materials created by other authors, and Oracle's copyrights in the complete works do not "imply any exclusive right in the preexisting material." 17 U.S.C. § 103(b).

This issue of the scope of the copyrights owned by Oracle has become important because of the unprecedented way Oracle advanced its infringement claims at trial. Oracle argued—and the Court agreed for purposes of submitting Oracle's claims to the jury—that small portions of the entire works should be treated as individual "works" for purposes of its claims. Google has objected to this approach, and has consistently argued that the "work as a whole" for infringement purposes can and must be the entire work that is the subject of the registrations, and not a subset or individual file contained in the larger work.

Oracle's approach is contrary to both Oracle's registrations and to the way infringement claims are generally tried; it is as if Tolstoy argued that his copyright rights in *War & Peace* were violated by copying a dozen sentences from the novel because those sentences were individual works. Oracle argued, for example, that the individual files from which it claims code or comments were copied should be considered the "work as a whole" for purposes of its claims based on those materials. Oracle also argued that only the API packages were the appropriate "work as a whole" for purposes of its "structure, sequence and organization" claims and its claims based on the documentation or specifications of the API packages. This approach hopelessly confuses ownership with infringement analysis, since "structure, sequence and organization" is relevant, if at all, only at the infringement stage. The "structure, sequence and organization" of a

---

[2] Under Ninth Circuit law, this includes portions of the works that were included in earlier versions of the works. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1447-48 (9th Cir. 1994).

work cannot be registered with the Copyright Office; the Copyright Office only registers claims to copyright in a "work."

Google has made plain multiple times that *Google does not contest Oracle's ownership of the copyrights on which Oracle is suing*. *E.g.*, RT 1665:3-8; RT 1884:10-13; RT 1887:6-8. That acknowledgement, however, does not dispose of the issue of the scope of those copyrights, nor does it relieve Oracle of the need to prove (1) *that it has ownership rights over the individual portions of the works it singled out for purposes of trying to prove its infringement claims,* and (2) that Google's copying of those portions (if proved) resulted in a material copying of the work as registered. These two issues are very different. The first issue has become significant as a result of the way in which Oracle has pursued its infringement claim—and has been briefed as part of the parties' JMOL motions under Rule 50 (as well as the parties' proposed findings and conclusions) and should be decided as part of those motions, to the extent necessary.

The only additional issues raised in Oracle's motion are Oracle's attempts to preclude Google from challenging Oracle's failure of proof. Oracle's attempts rely on Google's past briefs and the pretrial order, and on a discussion with the Court regarding ownership during trial. Neither provides a basis for excusing Oracle's failure of proof.

Until Oracle put its evidence in at trial, Google did not expect that Oracle would fail to introduce the necessary evidence to prove the extent of its rights under its registrations. Google did not expect there to be a live issue of fact regarding Oracle's rights, and there was no reason for Google to propose either a jury instruction or verdict question relating to those facts or to brief those issues prior to trial. *See* RT 2392:10-2394:19 (charge conference). These issues are issues of law, for the Court to decide—and the parties so identified them in the pretrial order. *See* Joint Proposed Pretrial Order, Dkt. 525 at 10 (issues of law 1 and 2). The pretrial order also identified as potential fact issues to be addressed at trial the underlying facts relating to Oracle's ownership of any individual components of the works, in the event there was any dispute over what Oracle's proof established. *See* Dkt. 525 at 15 (issues 7-9).

Oracle, however, neglected entirely to prove or even attempt to prove that it owns, *e.g.*,

3

GOOGLE INC.'S BRIEF IN OPPOSITION TO ORACLE MOTION TO PRECLUDE OWNERSHIP CHALLENGE
Case No. 3:10-CV-03561 WHA

663223.01

1   the individual files that it claims were copied or any of the individual API packages.  As a result,
2   Oracle's copyright rights as a matter of law under 17 U.S.C. § 103(b) extend only to the works as
3   a whole and not any individual portions of the entire work.  The pretrial order expressly identified
4   and preserved these issues for trial, and Google has not waived its right to pursue them based on
5   the lack of evidence from Oracle on these issues at trial.

6   Nor does the Court's colloquy during trial with counsel regarding ownership of the
7   copyright claims preclude Google's arguments.  Oracle's brief makes clear that Google's counsel
8   said only that Google is not disputing ownership of the copyrights—which it is not.  RT 713:19-
9   25; *see also* RT 1884:10-1887:8.  Moreover, Google is not raising any ownership issue as to the
10  specific 37 API packages at issue, which was the concern Oracle's counsel raised at the start of
11  the discussion with the Court.  RT 713:11-15.  During the same colloquy, Google's counsel made
12  clear that Google was not agreeing with Oracle's argument that it had a "separate copyright on an
13  API package," RT 714:13-22, and the Court observed at the conclusion of the discussion that
14  "this is more complicated than what you're [Oracle's counsel] proposing. . . . I think there's an
15  issue."  RT 715:3-6.

16  Google's arguments are not barred, and have arisen as a direct result of Oracle's decision
17  to take scissors to its works in order to manipulate the infringement analysis with respect to the
18  individual files by seeking to have each of them treated as a mini-"work as a whole."  Oracle's
19  "motion to preclude" should be addressed as part of the parties' pending motions for judgment as
20  a matter of law, in connection with which these issues have been both clarified and briefed by
21  both parties.

Dated:  May 8, 2012                                  KEKER & VAN NEST LLP

                                                     /s/ Robert A. Van Nest
                                              By:        ROBERT A. VAN NEST

                                                     Attorneys for Defendant
                                                     GOOGLE INC.