MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
arutherford@bsfllp.com
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br>　　v.<br><br>GOOGLE, INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S MOTION IN LIMINE REGARDING HINKMOND WONG AND NOEL POORE**<br><br>Dept.:  Courtroom 8, 19th Floor<br>Judge:  Honorable William H. Alsup |

ORACLE'S MOTION IN LIMINE RE: WONG AND POORE
CASE NO. CV 10-03561 WHA

1    Google's document disclosures for Oracle employees Noel Poore and Hinkmond Wong
2 suggest that Google intends to question both of these witnesses about issues that are irrelevant to the
3 patent infringement issues before the jury in Phase 2, and that pose a substantial risk of jury
4 confusion. Pursuant to Federal Rules of Evidence 402 and 403, Oracle moves *in limine* to exclude
5 the exhibits described in this motion and confine Google's questioning of Messrs. Poore and Wong
6 in this phase to topics relevant to the questions that the jury must decide now: Google's infringement
7 of Oracle's Java patents.

8    Mr. Wong, an Oracle engineer, was not on the trial witness list that Google served in October.
9 Google never sought his deposition during the entire period of fact discovery of the case. In February
10 2102, however, Prof. Cockburn submitted his third damages report, in which he disclosed that Mr.
11 Wong was one of the Java engineers who assisted Mark Reinhold in the "group and value" approach
12 to allocation of the patent portfolio. Shortly thereafter, on February 23, 2012, Google disclosed that
13 it was adding Mr. Wong to its witness list, focusing on his relevance to the damages case. Thus,
14 Google disclosed Mr. Wong as a witness as follows:

> Mr. Wong is an Oracle engineer who may testify about work he performed in
> connection with Dr. Iain Cockburn's third expert report and issues related to Java
> or Android technology. He may also testify concerning documents on the exhibit
> list that are either authored by him or were sent to him.

(Dkt. 840.)

   Mr. Poore, in contrast, was on Google's original witness list. Mr. Poore has already appeared
and testified in Phase 2 concerning the performance testing that he did in relation to the '520 patent.

   On Tuesday, May 8, Google disclosed 28 documents for Mr. Wong and 14 documents for Mr.
Poore. Many of these documents have nothing to do with the patent infringement issues that the jury
needs to decide in Phase 2, and could only serve to confuse the jury.

   First, many of the documents appear to be relevant to nothing at all, much less Phase 2. For
example, Google's disclosures for Mr. Wong include:

- TX 562 (July 18, 2003 email string copying Mr. Wong on technical matters unrelated to Phase 2)

---

1

ORACLE'S MOTION IN LIMINE RE: WONG AND POORE
CASE NO. CV 10-03561 WHA

- TX 541 (April 16, 2007 internal Sun email, announcing Oracle's acquisition of SavaJe Technologies)
- TX 2067 (April 29, 2010 internal Oracle email copying Mr. Wong in which another employee, Mr. Poore, compares the APIs in Android with the APIs in a Sun JVM implementation)
- TX 2928 (October 1, 2010 internal Oracle email, discussing Oracle's own JVMs, with a passing reference to competition with Android).

<u>Second</u>, many of the documents appear to be relevant only to damages, if relevant to anything at all. For example, Google's disclosures for Mr. Wong include:

- TX 557 (March 7, 2006 internal Sun email copying an email distribution list to which Mr. Wong was a member, describing Sun's strategies for monetizing the Android transaction then contemplated with Google)
- TX 3134 (March 8, 2007 internal Sun email reporting hearsay comments from Google that are critical of Java ME)
- TX 2258 (November 15, 2007 internal Sun email from a Sun employee to Sun "bloggers-extra.sun.com" email list, commenting on potential changes to Sun's business model in light of Android)
- TX 2723 (same email thread, with additional comments)
- TX 3463 (internal Sun email sent to Mr. Wong with pasted in comments from another person's on Sun Java business strategy in response to Android)
- TX 2957 (September 28, 2010 internal email string commenting on Sun's Java ME strategy)
- TX 2462 (September 29, 2010 internal email from Mr. Wong commenting on Sun business model for Java)
- TX 2948 (October 5, 2010 internal Oracle email discussing discussions between Oracle and RIM related to smartphones and Android).

Some, but not all, of these documents were also disclosed for Mr. Poore.

<u>Third</u>, and also related only to damages if anything, many of the documents are internal Sun or Oracle emails referring to internal efforts by Sun or Oracle to develop Java technology that would

1  work with Android in ways that would lessen the effect of Android's fragmentation. Such

2  disclosures by Google for Mr. Wong include TX 2461, TX 2709 and TX 3505.

3  <u>Fourth</u>, many documents appear to be relevant, if at all, only to show that someone at Sun had

4  looked at some aspect of Android technology. These documents do not establish any knowledge of

5  any infringement by Google, and even if they did, they could be relevant at most to equitable

6  defenses, which the Court has made clear is not to be argued before the jury. (Proceedings at RT

7  3156:17–20. ("THE COURT: Well, I will say this. Anything that goes to an equitable defense I'm

8  going to hear separately from the jury.").) Such documents include TX 2416, 2460, 2461, 2464,

9  2929, 2949, 3438, and 3509. Again, some, but not all, of these documents were also disclosed for

10  Mr. Poore.

11  <u>Fifth</u>, many of the documents refer to benchmark or performance testing conducted by Mr.

12  Vandette (who has already testified at trial) or others, on which Mr. Wong is copied only as a

13  member of a listserv, and which concern different benchmark tests than the ones Mr. Vandette

14  conducted. *See*, *e.g.*, TX 2413, 2415, 2936, 2937. The appropriate time to introduce such documents

15  was during the examination of Mr. Vandette, who has now returned to his home in Massachusetts.

16  Indeed, Google did question Mr. Vandette on one of these documents at his deposition, and

17  apparently did not like his answers. If Google is permitted to offer such documents through other

18  witnesses, who only happened to be copied on the emails, there is a substantial risk that the jury will

19  confuse the performance testing described in those emails with the different benchmark analyses that

20  Mr. Vandette testified about.

21  <u>Sixth</u>, other documents appear to be included in an attempt to introduce inadmissible hearsay.

22  For example, TX 2703 includes statements made by James Gosling, after he had ceased to be a Sun

23  or Oracle employee, about this lawsuit. Such statements are inadmissible hearsay, are unduly

24  prejudicial under Fed. R. Evid. 403, and even if admissible, would only go to equitable defenses,

25  which are not for the jury in any event.

26  Oracle brings this motion in an effort to resolve these issues in advance, and outside the

27  presence of the jury. Google is free to make its equitable defense case to the Court, and to make its

28  damages case in Phase 3. But the documentary evidence (as described above) that it apparently

intends to use with, and the testimony it hopes to elicit from, Mr. Poore and Mr. Wong has no relevance to the jury's Phase 2 decisions, and should be excluded at this juncture.

Dated: May 9, 2012

BOIES, SCHILLER & FLEXNER LLP

By: /s/*Fred Norton*
Fred Norton

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.