KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

KING & SPALDING  LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA  94105
Tel:  415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA  94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>GOOGLE INC.,<br><br>             Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE'S OPPOSITION TO ORACLE'S MOTION IN LIMINE REGARDING HINKMOND WONG AND NOEL POORE**<br><br>Dept.:       Courtroom 8, 19th Floor<br>Judge:      Hon. William Alsup |

Oracle moves preemptively to preclude legitimate Phase 2 testimony by attacking certain of Google's exhibits disclosed for use with two of Oracle's witnesses. The Court should deny Oracle's motion on several grounds:

1. Mindful of the Court's prior direction, Google does not intend to elicit testimony on equitable issues before the jury;

2. Oracle's motion, which seeks to block examination of witnesses on documents that have already been admitted into evidence, is premature without the broader context of the testimony;

3. Oracle may object during the taking of testimony; and

4. Though Oracle has mostly focused on emails allegedly showing awareness of patents and investigations that it claims Google should have performed, Google will continue to focus its examinations on exposing the many technical weaknesses in Oracle's patent infringement case.

This opposition focuses on the last two of these grounds.

## I.  ORACLE'S NONSPECIFIC REQUEST TO "CONFINE" TESTIMONY TO "RELEVANT" ISSUES IS UNWORKABLE.

Oracle has not asked to prevent either Mr. Poore or Mr. Wong from testifying and has no basis for doing so. Oracle's attempt to preemptively limit the questioning of Messrs. Poore and Wong to only what it views as relevant is unworkable. To the extent that Oracle is only now objecting to Google's supplemental witness list disclosure from February 23, 2012, that objection is untimely and not sufficiently articulated to allow Google to respond on the merits.

Despite Oracle's claims based on its spin on some of the documents Google has disclosed for use with these witnesses, Google will continue to focus its examinations on the lack of technical merit in Oracle's patent case. In particular, Google will seek testimony in the form of admissions on technical issues by the Oracle witnesses in addition to any other relevant knowledge. For its part, Oracle led off its patent case with examinations of Google employees on the issue of awareness of Sun patents and investigations that Oracle apparently contends should have been performed (though Oracle has cited no precedent suggesting that such investigations

are a legal requirement). That door is now wide open, and Google must be permitted to address issues that have opened with it.

## II. ORACLE'S BROAD CATEGORIES OF DOCUMENT OBJECTIONS SHOULD BE URGED INDIVIDUALLY IF AND WHEN EACH DOCUMENT IS OFFERED.

Oracle's complaints appear to arise largely from a fear that the jury will learn that Oracle engineers Poore and Wong, who worked extensively on Sun/Oracle's mobile phone efforts, spent significant time studying Android. This is not a legitimate basis for wholesale exclusion of exhibits, and at any rate, was invited by testimony elicited by Oracle.

In the case of Mr. Poore, his prior involvement with Android is relevant not only to the issues being tried in Phase 2, but was also squarely put into play when Oracle called Mr. Poore as a purported *expert* on alleged "performance testing" he conducted in support of Oracle's litigation strategy. The jury is entitled to learn the details of Mr. Poore's prior involvement with Android, and Oracle cannot heard to complain now that Mr. Poore's prior Android experience should be kept from the jury.

Mr. Wong likewise had prior involvement studying Android. To the extent any of the presently designated exhibits may delve into or touch upon technical observations regarding Android or relevant technology, Google should be permitted to explore those observations, subject to objections made at trial by Oracle. As noted above, Google is mindful of the Court's direction on equitable issues in Phase 2 and does not intend to elicit testimony of an equitable nature before the jury.

## III. CONCLUSION

Oracle's motion should be denied.

Dated: May 9, 2012                                KEKER & VAN NEST LLP

                                                  /s/ Robert A. Van Nest
                                          By:     ROBERT A. VAN NEST

                                                  Attorneys for Defendant
                                                  GOOGLE INC.