MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S OPPOSITION TO GOOGLE, INC.'S MOTION FOR NEW TRIAL**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

**INTRODUCTION**

Google's motion fails for three reasons. First, the Ninth Circuit has made clear that any retrial can be limited to the undecided issue of Google's fair use defense, without implicating the Seventh Amendment unanimity requirement. Google's cases confirm only the unremarkable proposition that a party cannot be held liable until a jury has unanimously rejected its affirmative defenses. Here, there is no danger that Google will be held liable for infringing the SSO of the 37 Java API packages until Google's fair use defense has been resolved. Second, Google has not shown that infringement and fair use are so intertwined that retrying fair use alone will create "confusion and uncertainty," which the law requires in order for broader retrial to be warranted. *See Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931). Third, for reasons of efficiency and fairness, the Court should exercise its discretion to re-try fair use alone without overturning the jury verdict on infringement.

Retaining the jury's finding on infringement, which it reached after a complete presentation of the issues and a week of deliberation, does not tread on Google's rights. In fact, Google has the Seventh Amendment backwards. The jury has reached a valid verdict on infringement. Submitting the same issue to a second jury would violate *Oracle*'s right to a verdict free from re-examination. The Seventh Amendment protects the integrity of the jury's verdict, not Google's wish for a do-over.

**ARGUMENT**

**1. The Seventh Amendment Does Not Require Retrying Question 1(a)**

    **A. Google's Unresolved Fair Use Defense May Be Retried On Its Own**

Ninth Circuit authority addresses precisely the situation here: how to proceed when a jury answers some special interrogatories and deadlocks on others. "If the answered verdict forms do not dispose of all the issues submitted to the jury, the court must either resubmit the unanswered verdicts to the same jury or declare a mistrial with respect to the unresolved issues." *California v. Altus Fin. S.A.*, 540 F.3d 992, 1005 (9th Cir. 2008). Google's argument that the court must retry issues the jury *has* resolved is simply not the law.

In *Altus*, the court submitted seven special interrogatories to the jury, addressing questions of defendants' liability for intentional misrepresentation, conspiracy, and concealment arising from the California insurance commissioner's auction of the portfolio of a failed insurance company. *Id.* at 999. The jury reached a verdict on six of the interrogatories, but deadlocked on the question of whether the plaintiffs had proved that the conspiracy was a but-for cause of the insurance commissioner's decision not to transact with a losing bidder at the auction. *Id.* at 996. The district court construed the jury's deadlock as a failure of proof, and barred the plaintiffs from raising their causation theory in the damages phase of the trial. *Id.* at 996, 1007. The Ninth Circuit reversed and remanded, finding that the Seventh Amendment right to a jury trial required remand for a new trial limited to the unresolved causation theory and a determination of damages on that theory. *Id.* at 1009.

*Altus* is squarely on point: where, as here, the jury has answered some special interrogatories but not others, a court has "discretion to enter judgment consistent with the answered verdict forms, to resubmit an unanswered verdict form to the same jury or to order a new trial **with respect to the unresolved issues**." *Id.* (emphasis added). The Seventh Amendment requires nothing more.[1]

Oracle's counsel brought *Altus* to the Court's attention during proceedings on May 4, describing it as a "roadmap" for the current situation. RT at 2741:14-23. It is the most recent, relevant, controlling authority. Yet Google's brief ignores it completely. Under *Altus*, Google's motion must fail.

In *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1581 (Fed. Cir. 1995), which Oracle also cited on May 4 (RT 2741:24-2743:14) but Google's brief still ignores, the result was the same: the Federal Circuit ordered the judge to decide only the special interrogatories that the jury did not answer, and restored the jury's partial verdict. In *Baxter*, a patent infringement case, the jury returned a verdict on twelve special interrogatories, finding that plaintiff Baxter's patent was

---

[1] A leading treatise has recognized that *Altus* describes the standard procedure when a jury answers only some of the special interrogatories: "The failure to agree on the unanswered interrogatory does not vitiate the otherwise unanimous verdict effectively disposing of the issues submitted. If the answered verdict forms do not dispose of all the issues submitted to the jury, the court must either resubmit the unanswered verdicts to the same jury or declare a mistrial with respect to the unresolved issues." William W. Schwarzer et al., Rutter Group Prac. Guide Fed. Civ. Trials & Ev. § 13.85.1 (Rutter Group 2012) (citing *Altus*, 540 F.3d at 1005).

enforceable and that the defendant had infringed. *Id.* at 1579. The jury deadlocked on two special interrogatories concerning invalidity: whether the patent was anticipated, and whether it was obvious. *Id.* The judge later granted the defendant's motion for judgment as a matter of law on infringement. The Federal Circuit remanded the case to the trial court to rule on *only* the unanswered question of invalidity; it did not require retrial of infringement as well. *Id.* at 1585.

*Baxter* demonstrates that, where a court finds infringement but deadlocks on an affirmative defense, resolving that affirmative defense alone is appropriate. Addressing the question of a jury deadlock, the Federal Circuit described several permissible courses of action:

> First, the trial judge could simply resubmit the issues to the jury for further deliberations in hope of obtaining a unanimous verdict … Second, the trial judge could ask the parties if they would be willing to forego the requirement of unanimity…Third, the trial judge could enter judgment on the basis of the unanimous verdicts if they are dispositive of the case…Fourth, the trial judge could declare the entire case a mistrial and order the case reheard in its entirety with a different jury…**Finally, the trial judge could, in certain situations, order a partial retrial only as to those issues which were not unanimously agreed upon by the jury**.

*Baxter*, 49 F.3d at 1581.[2] *None* of these five options mirror Google's request that the Court retry the issue on which the jury deadlocked *and* the one it already resolved. That the Federal Circuit recognized a retrial of only the unresolved issue as an option, and then proceeded consistent with that option, defeats Google's argument that a new trial on infringement, not just the unresolved question of fair use, must take place.

**B. Google's Authorities Do Not Require Retrial of Infringement**

Google relies on *Jazzabi v. Allstate Insurance Co.*, 278 F.3d 979 (9th Cir. 2002) and *United States v. Southwell*, 432 F.3d 1050 (9th Cir. 2005), which simply applied *Jazzabi* in the criminal

---

[2] As supporting authority for the judge's ability to order a partial retrial, the Federal Circuit cited *Gasoline Products*, 283 U.S. at 499, on which Google's motion heavily relies. As *Baxter* notes, *Gasoline Products* authorizes a partial retrial here because the "Seventh Amendment does not require that a correctly determined issue be retried a second time even though justice demands that another distinct issue be retried." *Baxter*, 49 F.3d at 1581.

context, to argue that the *same* jury must unanimously decide both copyright infringement and fair use. Neither case is on point.

Neither *Jazzabi* nor *Southwell* involved special interrogatories. In both cases, the juries returned a general verdict as to liability, and the trial courts entered judgment on liability even though the juries never unanimously resolved the defendants' affirmative defenses. *Jazzabi*, 278 F.3d at 981; *Southwell*, 432 F.3d at 1052. Reversing the *Jazzabi* verdict, the Ninth Circuit held that "liability cannot be established until after the jurors unanimously agree that the elements are satisfied *and* they unanimously reject the affirmative defenses." *Jazzabi*, 278 F.3d at 984. That uncontroversial proposition is not at issue here. No one is claiming that Google can be held liable for copyright infringement without a unanimous decision on its fair use defense. The relevant question is whether the jury's response to one special interrogatory, finding that Google copied the SSO of the 37 API packages, can stand, while a second jury (or the Court) determines fair use; only then will liability be determined. This jury has unanimously found the "elements" of infringement it was asked to decide. It has not gone further and found liability, as the juries impermissibly did in *Jazzabi* and *Southwell*.

Google's reading of *Jazzabi* and *Southwell* would mean that the *same* jury must unanimously agree on all issues. If that were true, partial retrials could never occur unless the trial court recalled the same jury, and Rule 59(a)(1) would be unconstitutional as applied in many cases.[3] Further, the supposed "same jury" requirement is contrary to Google's own citation to *Gasoline Products*, 283 U.S. at 499, in which the court explained, "where the requirement of a jury trial has been satisfied by a verdict according to law upon one issue of fact, that requirement does not compel a new trial of that issue even though another and separable issue must be tried again."

**2. Copying and Fair Use Are Not "Interwoven"**

Google next claims that fair use and copying must be tried together because the Seventh Amendment's Re-Examination Clause prohibits partial retrials unless "the issue to be retried is so distinct and separable that a trial of it alone may be had without injustice." (Mot. at 4) (citing *Gasoline*

---

[3] Federal Rule of Civil Procedure 59(a)(1) provides that the "court may, on motion, grant a new trial on all **or some of the issues**—and to any party" (emphasis supplied).

4
ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR NEW TRIAL
CASE NO. CV 10-03561 WHA

*Prods.*, 283 U.S. at 500). Google misconstrues both *Gasoline Products* and the "distinct and separable" standard.

### A. *Gasoline Products* Does Not Require a Retrial of Question 1a

*Gasoline Products* in fact held that the Re-Examination Clause did *not* require a full retrial in all situations where only part of a verdict was overturned. *Id.* ("there is no constitutional requirement that those issues should again be sent to a jury merely because the exigencies of litigation require that a separable issue be tried again"). In *Gasoline Products*, the jury reached a verdict on the plaintiff's claim, the defendant's counterclaim, and damages for each. The First Circuit reversed the finding of damages on the counterclaim. The Supreme Court ordered a retrial of the entire counterclaim, not just the damages award, **but did not order a retrial of the plaintiff's claim as well.** *Gasoline Prods.*, 283 U.S. at 500-501. It ordered a retrial of the entire counterclaim because it could not assess damages unless the extent of liability was clear, and "the present verdict, awarding as damages on the counterclaim less than the total of the items claimed by the respondent…cannot be taken as establishing any of these material facts." *Id.* at 500. Here, the jury's answer to Special Interrogatory 1a is unambiguous: Google copied the SSO of the 37 APIs. There is no lingering uncertainty that would keep a second jury from being able to decide whether Google's use was fair. *Gasoline Products* thus confirms that the Seventh Amendment does *not* require a retrial of anything more than the unresolved issue of fair use, a question already separated into its own distinct special interrogatory.

### B. Trying Infringement and Fair Use Separately Will Not Cause "Confusion and Uncertainty"

Google argues that fair use cannot be retried separately from Oracle's affirmative case for infringement on the grounds that it is not "distinct and separable" under *Gasoline Products*, based on a single claimed factual overlap between infringement and part of one factor of fair use (factor three). But mere factual overlap, even if it were here significant (which it is not), does not necessarily make two issues so "distinct and separable" that they cannot be tried separately.

In *Gasoline Products*, the Court found that liability and damages were not distinct and separable because "the former cannot be submitted to the jury independently of the latter without confusion and uncertainty." *Id.* at 500. As subsequent decisions have found, "[t]he test is whether the issues can be

presented separately to different juries without generating 'confusion' and 'uncertainty.'" *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 149 n.47 (C.D. Cal. 2007) (citing Manual for Complex Litigation, Fourth, § 22.93 and *Gasoline Prods.*, 283 U.S. at 500). The Ninth Circuit has recognized the "confusion and uncertainty" standard. *Digidyne Corp. v. Data General Corp.*, 734 F.2d 1336, 1347 (9th Cir. 1984) ("neither do we think the single issue submitted to the jury (defendant's power to restrain competition) was so intertwined with the issue of damage that the latter cannot be submitted to a new jury without such confusion and uncertainty that the separate trial would amount to denial of a fair trial.").

Trying copying and fair use separately is not likely to sow "confusion and uncertainty," and Google does not attempt to make such a showing. Instead, as discussed below, Google argues only that there is a single factual overlap between infringement and one aspect of the third fair use factor. (Mot. at 4-5). A proper instruction regarding Google's infringement would allow the jury to easily focus on the distinct issue of whether Google had a legal excuse for that infringement.

Google also fails to confront the fact that courts routinely limit a new trial to only the issues that were infected with error absent some showing that the limited new trial would "work injustice". *Wharf v. Burlington N.R. Co.*, 60 F.3d 631, 638 (9th Cir. 1995) (citing *Gasoline Prods.*, 283 U.S. at 494, and recognizing that "the jury will of course have to determine the cause of Wharf's damages so that it does not award damages for wrongful discharge; but there is no reason to reopen the issue of Burlington's negligence"); *Gross v. FBL Fin. Services, Inc.*, 588 F.3d 614, 622 (8th Cir. 2009) ("[W]e see no injustice in limiting a new trial to issues that were directly affected by the erroneous jury instruction").

Partial retrials are not limited to damages; courts often confine a new trial to particular issues of liability. *Galdamez v. Potter*, 415 F.3d 1015, 1025 (9th Cir. 2005) (granting new trial only on the harassment claim, letting jury verdict on intentional discrimination stand); *Gross*, 588 F.3d at 621-22 (limiting new trial to age discrimination and damages for lost wages, letting jury verdict on willfulness and emotional distress damages stand); *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Exp., Inc.*, 886 F.2d 1249, 1262 (10th Cir. 1989) (rejecting defendant's argument that an erroneous instruction on one federal securities claim impacted the jury's ability to fairly determine the other

securities and breach of fiduciary duty claims and affirming the court's grant of a partial new trial on only the one claim rather than ordering a complete new trial).

In *Gross*, an age discrimination case brought under state and federal law, the Eighth Circuit put the burden on the party moving for re-trial of more than just the specific issues plagued by error to but present a "convincing reason to believe that the jury's decision on liability and lost compensation [where there was error] was interwoven with its decision on emotional distress and willfulness [where there was not]." *Gross*, 588 F.3d at 621. Citing *Gasoline Products*, *Gross* stated that "[w]hether to limit a new trial to certain issues depends on whether injustice would result from the limitation" – such as where "the original verdict likely represented a compromise that has been disturbed by the grant of a new trial, or if claims and counterclaims are inextricably intertwined." *Id.* The court rejected the suggestion that the jury compromised its verdict, finding it "more likely, on this evidence, that the jury reached independent decisions on the several issues presented, and simply found that Gross failed to prove willfulness or damages from emotional distress." *Id.* at 621-22.

Google's bald assertion of factual overlap is not enough to carry its burden. Unlike the jury in *Gasoline*, and like the juries in *Baxter* and *Altus*, this jury completed special interrogatories. Because of those special interrogatories, the meaning of the jury's verdict is clear: Google copied the structure, sequence, and organization of the 37 Java API packages. Where a jury uses a special verdict form that "carefully separated" the issues of copyright infringement and the fair use defense, and did not reach a decision on one, the implication is that the issues are independent. *See MidAmerica Fed. Sav. & Loan Ass'n*, 886 F.2d at 1262 (finding jury's proper use of special verdict form persuasive evidence that the jury considered the issues separately). Moreover, the use of the special verdict form provides the specificity necessary for instructing a second jury as to the aspects of the litigation previously resolved. *Martell v. Boardwalk Enterprises, Inc.*, 748 F.2d 740, 756 (2d Cir. 1984) (limiting the trial was appropriate "since special interrogatories discretely dealing with the liability questions and the damage awards were put to the jury" and "we see no basis to suppose the jury confused the issues."); Manual for Complex Litigation, Fourth, § 4-5.000.

*Baxter* also confirms that the infringement verdict should stand. When addressing infringement and validity – which indisputably share common issues – the Federal Circuit applied *Gasoline* and let

the infringement verdict stand. *Baxter*, 49 F.3d at 1585. The panel's holding confirms that mere factual overlap does not require retrial of decided issues.[4] Similarly, in *In re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986), the Federal Circuit confirmed that two separate juries may permissibly consider separate issues involving overlapping facts. *Id.* at 1086 ("even in the unlikely event that the same testimony and documents may be placed before two juries, Innotron's argument would nonetheless fail, for it has been well said that 'the prohibition is not against having two juries review the same *evidence*, but rather against having two juries *decide* the same *essential issues*'") (citation omitted).

Moreover, the claimed overlap in this case is exaggerated. Google asserts that infringement and fair use are "interwoven" because deciding infringement required the jury to consider the similarity of Oracle's and Google's APIs, and factor three of fair use requires considering whether Google took a substantial amount of copyrighted material "in relation to the work as a whole." (Mot. at 4). The two analyses are fundamentally different: one uses similarity to determine whether there was copying in the first place; the second –which is only one part of one of four fair use factors – considers how much copying occurred compared to the work as a whole (not compared to anything about the use Google made of it). How much copying occurred can simply be concluded or assumed based on the jury's finding that Google copied the SSO of the 37 APIs; it need not be reconsidered in order for a new factfinder to determine how much of the work as a whole that copying represents. The two issues are both distinct and separable.

The only commonality is that both required the jury to consider the "work as a whole." But the Court defined "work as a whole" for the jury in Instruction 29 (and in fact provided separate definitions for "work as a whole" in the infringement analysis and "work as a whole" in the fair use analysis) – so

---

[4] Google cites an earlier Federal Circuit decision, *Witco Chemical Corp. v. Peachtree Doors, Inc.*, 787 F.2d 1545 (Fed. Cir. 1986), where the court found that a jury had been coerced to reach a verdict of infringement and subsequently ordered a retrial of infringement, enforceability, and invalidity. *Witco* does not address a situation where the jury deadlocks on affirmative defenses but does find infringement – as occurred here and in *Baxter* – and Google never explains why fair use and copying are as intertwined as *Witco* found that patent infringement, enforceability, and validity were.

the jury had *no* overlapping factual issues to answer at all.[5]  In any event, even if the infringement and third fair-use factor did overlap as Google claims, that single overlap does not merit undoing all of the jury's work on infringement and requiring Oracle to prove its case all over again. [6]

Moreover, because Google has *not* shown that infringement and fair use are intertwined, it would violate *Oracle's* Seventh Amendment rights to require another jury to re-examine the first jury's verdict on infringement.  Submitting the infringement verdict to another jury to re-do, without any finding of error in the verdict, is exactly what the Re-Examination Clause guards against.

## CONCLUSION

Because the Seventh Amendment does not stand as an impediment to a partial retrial, and in fact militates *against* disturbing a valid jury verdict, the Court should follow *Altus* and *Baxter* and exercise its discretion to retry only the "unresolved issue," which is limited to Google's fair use defense. *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 962 (9th Cir. 2009) (discretionary standard). Retrying fair use only is also the most efficient and fair way to proceed; it would streamline the jury instructions and permit the the parties to focus their presentations on the issue.  Oracle has already painstakingly presented its case to the jury, which deliberated for a week before unanimously finding that Google infringed the SSO of the 37 Java API packages.  As the Seventh Amendment recognizes, the Court should not undo these diligent efforts.

---

[5] Instruction 29 provides that "For purposes of Question No. 1 in the Special Verdict Form, the "work as a whole" constitutes all of the compilable code associated with all of the 166 API packages (not just the 37) in the registered work.  This excludes the virtual machine. Similarly, for the purposes of Question No. 2 in the Special Verdict Form, the "work as a whole" means the contents (including names, declarations and English-language comments) of the documentation for all of the 166 API packages (not just the 37) in the registered work."

[6] Google cites *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 n.21 (5th Cir. 1998) for the proposition that a second jury's determination of an overlapping fact "violates the Seventh Amendment." (Mot. at 5).  *Allison* addresses the division of responsibility for deciding legal and equitable claims between judge and jury, and is inapposite.  Moreover, the cited footnote confirms that there are no Seventh Amendment implications where "two fact-finders will merely have to consider similar evidence in deciding distinct issues," the situation here. *Id.*  Even where disputed issues do overlap, *Allison* states only that the Seventh Amendment requires "one trier-of-fact to decide a disputed issue that must be decided by a subsequent jury." *Id.*  It does not require the "subsequent" jury to decide all issues again.

1  Google has not shown that any injustice will result from retrying only fair use, relying only on
2  its attenuated and flawed Seventh Amendment claim.  In sum, there is no reason that the Court should
3  disturb the jury's verdict on infringement and grant a retrial on an issue that has already been decided.
4  For the foregoing reasons, the Court should deny Google's motion for a new trial and permit the jury's
5  verdict on infringement (Question 1a) to stand.

Dated: May 10, 2012    MORRISON & FOERSTER LLP

By:  /s/ *Michael A. Jacobs*
     Michael A. Jacobs

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.