**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**[DRAFT]
FINAL CHARGE TO THE JURY
AND SPECIAL VERDICT FORM**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this phase. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence and to decide whether the side with the burden of proof has carried that burden, applying the elements of proof required by the law, elements I will provide you in a moment. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you. I will repeat only part of the instructions I previously gave you regarding what is and is not evidence and the burdens of proof.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, whether presented in person or by depositions;
2. The exhibits received into evidence; and
3. Any stipulated facts and pretrial discovery items read into evidence, such as the responses to the requests for admissions.

3.

Certain things, however, are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence itself. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

2

3. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence.

4.

Evidence may be direct or circumstantial. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

5.

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

6.

Now I will address the burden of proof. In this phase, the preponderance of the evidence standard applies. When a party has the burden of proof on any issue by a preponderance of the evidence, it means you must be persuaded by the evidence that the allegation is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on the issue. Preponderance of the evidence basically means "more likely than not."

7.

On any issue, if you find that plaintiff carried its burden of proof as to each element of a particular issue, your verdict should be for plaintiff on that issue. If you find that plaintiff did not carry its burden of proof as to each element, you must find against plaintiff on that issue.

8.

I now will turn to the law that applies to this case. As you know, in this lawsuit Oracle seeks relief from Google for allegedly infringing claims 11, 27, 29, 39, 40, and 41 of United States Patent Number RE38,104 ("Method And Apparatus For Resolving Data References In Generated Code"); and claims 1 and 20 of United States Patent Number 6,061,520 ("Method and System for Performing Static Initialization"). I will refer to these claims as the "asserted claims." The products that allegedly infringe the asserted patents are certain Android mobile devices and software and the Android Software Development Kit ("SDK"). The Android SDK is a set of development tools that a programmer can use to develop applications for Android. The Android SDK includes a set of libraries, documentation, an emulator for emulating an Android device on a computer, a debugger, and a sample set of code. Oracle claims that Google itself infringes and is also legally responsible for the infringement of Oracle's patents by others. Google denies that it infringes and further denies that it is legally responsible for any infringement by others. Your job is to decide the issues of infringement.

9.

As you know, the patent claims are the numbered paragraphs at the end of the patent. The claims are important because they specifically define the exclusive rights granted by the patent office. The figures and the rest of the patent provide a description and/or examples of the invention and provide a context for the claims but the claims define how broad or narrow the patent holder's rights are. It is often the case that a patent specification and its figures disclose more than the specific matter claimed as inventions, so it is important to keep straight what the specification says versus what the claims say.

4

10.

In a patent, an *independent* claim is one that is a stand-alone claim and does not incorporate any other claim.  A *dependent* claim is one that depends on an earlier claim by incorporating it by reference and then adding one or more additional elements.  Such incorporation imports the entirety of the incorporated claim, including all of its elements, into the dependent claims.  For the '104 patent, all asserted claims are independent claims.  For the '520 patent, claim 1 is an independent claim.  Claim 20 is a dependent claim.  Claim 20 incorporates independent claim 18.

11.

I am now going to instruct you on the meaning of some of the words and phrases in the claims of the '104 patent.  You must accept and use these meanings in your deliberations.

*Intermediate form code* and *intermediate form object code*:  Both "intermediate form code" and "intermediate form object code" mean "executable code that is generated by compiling source code and is independent of any computer instruction set."

*Symbolic reference*:  The term "symbolic reference" means "a reference that identifies data by a name other than the numeric memory location of the data, and that is resolved dynamically rather than statically."

*Resolve* and *Resolving*:  The term "resolving" a symbolic reference means "at least determining the numerical memory-location reference that corresponds to the symbolic reference."

You must accept these definitions as established for purposes of your deliberations and verdict.  You may, however, consider all of the evidence in the case as to whether or not the accused product or method meets these definitions.  If a witness has based his view on meanings of the terms contrary to my stated definitions, you should discount that part of his testimony accordingly.

5

12.

Oracle has the burden of proof on infringement. Oracle must persuade you that it is more likely than not that Google has directly infringed, induced or contributed to the infringement of the asserted claims.

13.

A patent's claims define what is protected by the patent. A product or method directly infringes a patent if all limitations of an asserted claim are present in the product or method. Each claim asserted must be separately analyzed.

14.

Oracle accuses Google of direct infringement. Deciding whether a claim has been directly infringed is a two-step process. The first step is to decide the meaning of the patent claim. I have already instructed you as to the meaning of some of the terms in the asserted patent claims. The second step is to decide whether Google has made, used, sold, or offered for sale within the United States a product or method covered by a claim of the asserted patents. Distributing or offering a product for free constitutes a use or sale. If it has, it directly infringes. You, the jury, make this decision.

You must consider each of the asserted claims of a patent individually, and decide whether Google directly infringes that claim.

To decide whether an accused product or method directly infringes a claim of the asserted patent, you must compare that the accused product or method with that particular patent claim and determine whether every requirement of the asserted claim is included in the accused product or method. If so, then the maker, user, or seller of the product or method directly infringes that claim. If, however, the accused product or method does not meet every requirement in the particular asserted claim, then the maker, user, or seller does not directly infringe that claim. You must decide infringement for each asserted claim separately. Oracle must prove infringement of the claim by a preponderance of the evidence.

15.

If all elements of an asserted claim have been proven, it is not a defense to infringement that the accused product or method includes an additional element not called out in the patent claim. For infringement to be proven, the elements must all be present as per the claim language. For example, if a patented method claim calls out three steps to paint a wall, it would be infringed by a method including the same three steps in the claim and it would be no defense that a fourth step is also done.

16.

To prove direct infringement, it is not necessary to prove that any infringement was intentional or willful. Innocent direct infringement would still be infringement. The fact, if true, that the accused product or method was independently developed without any copying of the patent owner's product or method is not a defense to direct infringement. All that matters for purposes of direct infringement is whether all limitations of the claim are present in the accused product or method.

17.

To assist you on the direct infringement issue, counsel gave you a handout that identified the limitations in dispute and underlined in red the elements disputed. Oracle contends that the accused products and methods satisfy all the limitations of the asserted claims. Google concedes that the elements not underlined are present in the accused products but contends the underlined items are absent.

18.

So far I have been talking about direct infringement. Now I will explain indirect infringement. Induced infringement and contributory infringement are two different types of *indirect* infringement. A patent claim is indirectly infringed by a party who induces another party to directly infringe or contributes to another party's infringement. Only if one party directly infringes can another party be found to indirectly infringe. That is, indirect infringement by one party must be based on direct infringement by another party.

19.

In this case, Google is accused of indirect infringement based on alleged direct infringement by mobile device manufacturers, mobile service providers, and application developers for the Android platform. There are no mobile device manufacturers, mobile service providers, and developers named as defendants in this case. Yet, you must decide whether the mobile device manufacturers, mobile service providers, and developers directly infringe the asserted claims. I have already instructed you about the test for direct infringement. This question of direct infringement is a prerequisite to the question whether Google indirectly infringes the asserted claims.

20.

Oracle alleges that Google has contributed to and actively induced infringement of the asserted patents by others. Specifically, Oracle alleges the following:

- Google contributed to and actively induced infringement of the '104 patent by device manufacturers, mobile service providers, and developers.
- Google contributed to and actively induced infringement of the '520 patent by device manufacturers and developers.

21.

For Oracle to carry its burden of proof on induced infringement, it must show that Google actively induced another to directly infringe the asserted claims. Specifically, Oracle must show the following three elements: (1) that Google intentionally took action that actually induced direct infringement by another; (2) that Google knew or should have known of the asserted patent; and (3) that Google knew its action would cause direct infringement by another.

If you find that there has been no direct infringement by another, then there is no need for you to address the question of induced infringement.

22.

For Oracle to carry its burden of proof on contributory infringement, it must show the following four elements: (1) that the asserted claim was directly infringed by another; (2) that Google supplied an important component of the infringing product or method; (3) that the

8

component had no substantial non-infringing use; and (4) that Google supplied the component with knowledge of the asserted patent and knowledge that the component was especially made or adapted for use in an infringing manner.

If you find that there has been no direct infringement by another, of course, then there is no need for you to address the question of contributory infringement.

23.

For both induced and contributory infringement, the knowledge requirement can be satisfied by showing that Google had actual knowledge or that Google was willfully blind. In order to show that Google willfully blinded itself to a fact, Oracle must show that:

1. Google subjectively believed that there was a high probability that a fact existed; and
2. Google took deliberate actions to avoid learning of that fact.

For example, with respect to the existence of an asserted patent, Oracle must show that Google subjectively believed that there was a high probability that the patent existed and that Google took deliberate actions to avoid learning of the patent.

24.

I will again give you a special verdict form to guide your deliberations. Although the special verdict form presents the questions in numerical order, you may consider the questions out of sequence so long as your answers conform to the directions on the form concerning which questions you must ultimately answer and which questions are only conditional depending on your other answers.

25.

When you retire to the jury room to deliberate, you will soon receive the following things:

1. All of the exhibits received into evidence, including those from Phase One;
2. An index of the exhibits;
3. A work copy of these jury instructions for each of you;

9

4. A work copy of the verdict form for each of you; and

5. An official verdict form.

Remember that none of these items are evidence except the exhibits.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

26.

In your deliberations it is usually premature to take a straw vote early on. This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging in their heels. Rather it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote. In this way, all the viewpoints will be on the table before anyone expresses a vote. These are merely recommendations, however, and it is entirely up to you to decide on how you wish to deliberate.

27.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, via the Marshal, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

28.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable

10

lunch break, that is fine.  The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M.  If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let us know via note what hours you will be deliberating so that we may conform our schedule to yours.

29.

You may only deliberate when all of you are together.  This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

30.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the Marshal that you have reached a verdict.  The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.  Thank you for your careful attention.  The case is now in your hands.  You may now retire to the jury room and begin your deliberations.

Dated:

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE