IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW ON DECOMPILED FILES**

The evidence at trial showed that Google decompiled eight Java files and copied them each in their entirety. No reasonable jury could find that the copying of entire computer files was de minimis. The trial record contains the source code for the Java code files (TX 623.2–623.8), decompiled versions of Java code files (TX 896.1–896.8), and corresponding Android code files (TX 1031–40). Professor John Mitchell testified about the decompilation process, how he determined that the eight files were decompiled and how, in a side-by-side comparison he found "that the actual code matches completely" (Tr. at 1259–1260).

In its opposition brief, Google argues that the jury may have found that Google's use of the copied files was de minimis because these copied files were only "test files" that were not shipped on Android phones. This is unpersuasive. Professor Mitchell testified that using the copied files even as test files would have been significant use. There was no testimony to the contrary. Moreover, our court of appeals has held that it is the amount of copying as compared to

*plaintiff's* work that matters for the de minimis inquiry, not how the accused infringer used the copied work. *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004). Here, Google has admitted to copying the *entire* files. No reasonable jury could find that this copying was de minimis.

For the reasons stated, Oracle's motion for judgment as a matter of law of infringement of the decompiled files is **GRANTED**. The answer to Question 3B on the Special Verdict Form from phase one will be deemed "Yes."

**IT IS SO ORDERED.**

Dated: May 11, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE