MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
arutherford@bsfllp.com
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>          Plaintiff,<br>     v.<br><br>GOOGLE, INC.<br><br>          Defendant. | Case No. CV 10-03561 WHA<br><br>**MOTION TO DEFER PHASE THREE PENDING RESOLUTION OF REMAINING LIABILITY ISSUES**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Oracle moves that the trial of copyright willfulness, damages, and infringer's profits await a final determination of the full scope of Google's liability on Oracle's single claim of copyright infringement; that is, after the re-trial of Google's fair use defense to the jury's finding that Google infringed the selection, structure, and organization of Oracle's 37 Java Application Programming Interface packages.

There are three primary reasons for the Court to grant this motion.

*First*, Oracle pled a single count of copyright infringement, and there is not yet a verdict that resolves the liability issues encompassed within that cause of action.  The determination of what Google exactly owes should await a determination of what exactly Google is liable for.

*Second*, separate trials on damages, infringer's profits, and willfulness would be inefficient and would impose unnecessary burdens on the Court, the jury, and the parties.  If there is a trial with the present jury of infringer's profits for infringement of the rangeCheck method, the seven "Impl.java" files, and the one "ACL" file, and then a second trial of infringer's profits for infringement of the selection, structure, and organization of the 37 Java API packages, two juries would be required to determine the amount of Google's Android revenues, Google's deductible expenses, and the extent to which elements other than the infringement of the relevant copyrighted works contributed to Android's profits.  17 U.S.C. § 504(b).  Both juries also would have to decide whether Google's infringement was willful.  The substantial overlap between these two determinations would be very inefficient, and weighs heavily against separate trials of this issue.  *See* FED. R. CIV. P. 42(b).

*Third*, it would be unduly prejudicial to Oracle to require the current jury to decide infringer's profits for the rangeCheck method, the seven "Impl.java" files, and the one "ACL" file, as the current jury unanimously – but unreasonably – found that there was no infringement of the Impl.java files and the ACL file.  (*See* Dkt. No. 1123.)  The circumstances of this case are unusual, if not unprecedented – a trial bifurcated between liability and damages, a finding of no liability on distinct issues, and the Court's finding of liability as a matter of law before the jury was discharged or the damages phase was to begin.  As a result of those highly unusual circumstances, commencing Phase

3 now, before the current jury, would require Oracle to seek monetary relief and a finding of willfulness on claims that every member of the jury (incorrectly) believes were not proven.

### Background

Oracle commenced this action on August 17, 2010, by filing an eight-count Complaint that accused Google of seven separate counts of patent infringement and a single count of copyright infringement. (Dkt. No. 1 at ¶¶ 37–47.) The Amended Complaint, filed October 27, 2010, likewise asserted seven counts of patent infringement and a single count of copyright infringement. (Dkt. No. 36 at ¶¶ 37–47.) As explained in the Amended Complaint:

> Android includes infringing class libraries and documentation. Approximately one third of Android's Application Programmer Interface (API) packages (available at http://developer.android.com/reference/packages.html) are derivative of Oracle America's copyrighted Java API packages (available at http://download-llnw.oracle.com/javase/1.5.0/-docs/api/ and http://download-llnw.oracle.com/javase/1.4.2/docs/api/) and corresponding documents. The infringed elements of Oracle America's copyrighted work include Java method and class names, definitions, organization, and parameters; the structure, organization and content of Java class libraries; and the content and organization of Java's documentation. Examples of this copying are illustrated in Exhibit I to this complaint. In at least several instances, Android computer program code also was directly copied from copyrighted Oracle America code. For example, as may be readily seen in Exhibit J, the source code in Android's "PolicyNodeImpl.java" class is nearly identical to "PolicyNodeImpl.java" in Oracle America's Java, not just in name, but in the source code on a line-for-line basis.

(Dkt. No. 36 at ¶ 40.)

Although the Amended Complaint contained a single cause of action for copyright infringement, the special verdict form contained separate juror interrogatories for distinct elements of the Java platform that Oracle claims Google unlawfully copied: (a) the selection, structure, and organization of the 37 APIs, (b) the documentation that corresponds to those 37 APIs, and (c) three categories of code copying, (i) copying of the rangeCheck method in two Android files, (ii) copying of seven "Impl.java" files and one "ACL" file, and (iii) copying of English-language comments in CodeSourceTest.java and CollectionCertStoreParametersTest.java. (Dkt. 1018-1.)

As the Court is well aware, the jury returned a verdict finding infringement as to issue (1) but was unable to reach a verdict on Google's fair use defense on its acts of infringement. The jury also found infringement on issue (3)(a) (rangeCheck). Although the jury found no infringement on issue

(3)(b) (the decompiled code files), the Court granted Oracle's Rule 50 motion for judgment as a matter of law on that issue.

## Argument

There will have to be another trial, before another jury, to determine whether Google is liable for its infringement of the selection, structure, and organization of the 37 Java APIs. Accordingly, the question that the Court faces is not whether to have separate trials of separate issues, but rather, how to most efficiently and fairly allocate the issues between those two trials.

### I. Oracle's single count for copyright infringement has not yet been finally adjudicated.

"[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n. 4 (1976). Oracle pled a single count of copyright infringement. There is not yet a verdict that resolves all of the issues encompassed within that cause of action. The determination of what Google exactly owes should await a determination of what exactly Google is liable for.

### II. Further bifurcating damages into "file claim copyright damages" and "API claim copyright damages" would not be appropriate under Federal Rule of Civil Procedure 42(b).

If the Court proceeds now with a damages phase based on the current status of the verdict, there would have to be a "file claim" damages phase and an "API claim" damages phase. To so divide the trial of damages and disgorgement issues would implicate Federal Rule of Civil Procedure 42(b), which provides that a Court may order separate trials only if there are separate "issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). The copyright damages issues here are not separate.

Separation of issues for trial "is not to be routinely ordered." FED. R. CIV. P. 42(b) advisory committee's note. In the Ninth Circuit, "piecemeal trial of separate issues in a single suit is not to be the usual course [and] should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule." *Hangarter v. Paul Revere Life Ins. Co.,* 236 F. Supp. 2d 1069, 1094 (N.D. Cal. 2002), *aff'd in part, rev'd in part on other grounds,* 373 F.3d 998 (9th Cir. 2004) (citations omitted). Generally, a separate trial should not be granted

unless the issue is clearly severable from the other issues in the case and does not involve the same evidence.  5 MOORE'S FEDERAL PRACTICE, § 4203 at 1217 (2d ed. 1951); *see also Hangarter*, 236 F. Supp. 2d at 1095 ("Rule 42(b) does not allow for bifurcation if the issues will be based on substantially the same facts.").

To determine Google's infringer's profits, each jury would be required to review the same evidence and answer many of the same questions.  The juries would have to start with the amount of Android revenues, and then determine whether Google had carried its burden to prove its deductible costs and the percentage of Android's revenues are attributable to factors other than the copyrighted work.  17 U.S.C. § 504(b); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985).  Further, each jury would have to decide whether Google's infringement was willful. Each trial would require proof of the same facts, including financial statements and testimony showing Google's Android revenues, evidence of Google's costs, evidence of willfulness, and evidence of the various elements in Android, other than copyright infringement, that Google contends are responsible for Android's profits.

Consequently, requiring two separate trials on these overlapping issues would be inefficient for the Court, the juries, and the parties.  Convenience and judicial economy are factors that the Court should consider when deciding whether to sever trials under Rule 42.  *Siddiqi v. Regents of Univ. of California*, C 99-0790 SI, 2000 WL 33190435, at *9 (N.D. Cal. Sept. 6, 2000) ("Factors to be considered when determining whether or not to bifurcate include: (1) convenience, (2) prejudice, (3) judicial economy, (4) risk of confusion, and (5) separability of issues.").  It would be inefficient to require the parties, the Court, and two separate juries to go through the exact same exercise twice. *See Aleut Enter., LLC v. Adak Seafood, LLC*, 3:10-CV-0017-RRB, 2010 WL 3719941, at *1 (D. Alaska Sept. 13, 2010) ("It would be a duplication of judicial resources for this Court to resolve the validity issue once, in the present case, and then again in another trial."); *Nicomedes Tubar, III v. Clift*, C05-1154-JCC, 2009 WL 426608, at *1 (W.D. Wash. Feb. 19, 2009) (declining to bifurcate trial on issue of liability between two defendants where "a second phase on the claim would likely be necessary regardless of the disposition in the first phase" and thus "bifurcation may therefore increase the amount of trial time").

For these very reasons, damages claims in the Ninth Circuit typically are tried together, even if different standards apply. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (affirming decision to try contract damages and liability for punitive damages where defendant's "profits, financial condition, and financial statements helped establish Defendants' alleged business strategies, incentives, and practices, all of which were relevant" to both claims); *see also De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993) (reversing district court for severing one defendant's liability where plaintiff, in civil conspiracy case, alleged that "all of the defendants were individually liable for the same constitutional injury"); *Zaldana v. KB Home*, No. C-08-3399 MMC, 2010 WL 4313777, at *2 (N.D. Cal Oct. 26, 2010) (notwithstanding fact that liability was determined separately for each defendant, declining to bifurcate trial between defendants where allegations culminated in single transaction, same witnesses would be necessary in both trials, and evidence and testimony to be offered at trial would overlap).

Thus, Oracle's right to infringer's profits, and the related determination of willfulness, should be deferred until there is a verdict establishing the full extent of Google's liability for copyright infringement.

### III. It would be unduly prejudicial for the jury that unreasonably found no liability on the decompiled files, to determine infringer's profits for the decompiled files.

The same jury that found that Google did not infringe the seven files—a finding that "no reasonable jury" could make (Dkt. No. 1123)—should not determine Oracle's damages for that same infringement. The jurors understandably will be unable to set aside entirely their own views of the evidence and accept the Court's determination of Google's liability. The potential that the jurors' view of Google's liability will prejudice the award of infringer's profits is too great.

A similar concern led the Supreme Court to rule that the practice of additur is unconstitutional. A plaintiff "is entitled to an assessment by a jury which acts properly." *Dimick v. Schiedt*, 293 U.S. 474, 482 (1935). Additur is unconstitutional in part because it uses as a baseline "an assessment partly made by a jury which has acted improperly." *Id.*; *see also United Air Lines, Inc. v. Wiener*, 335 F.2d 379, 406 (9th Cir. 1964) (citing *Dimick*). Here, Oracle's right to infringer's profits, and whether the infringement of the decompiled files was willful, should not be decided by a

jury that unanimously concluded there was no infringement in the first place, particularly where another jury will have to be empaneled in any event.

### Conclusion

The court should defer trial of copyright willfulness, damages, and infringer's profits until there is a final determination of liability on all aspects of Oracle's copyright count.

Dated: May 12, 2012                                BOIES, SCHILLER & FLEXNER LLP

By: */s/ Fred Norton*
    Fred Norton

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.