1  MORRISON & FOERSTER LLP
   MICHAEL A. JACOBS (Bar No. 111664)
2  mjacobs@mofo.com
   MARC DAVID PETERS (Bar No. 211725)
3  mdpeters@mofo.com
   DANIEL P. MUINO (Bar No. 209624)
4  dmuino@mofo.com
   755 Page Mill Road, Palo Alto, CA 94304-1018
5  Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

6  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (Admitted *Pro Hac Vice*)
7  dboies@bsfllp.com
   333 Main Street, Armonk, NY 10504
8  Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
   STEVEN C. HOLTZMAN (Bar No. 144177)
9  sholtzman@bsfllp.com
   1999 Harrison St., Suite 900, Oakland, CA 94612
10 Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
   ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
11 575 Lexington Avenue, 7th Floor, New York, NY 10022
   Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)
12
   ORACLE CORPORATION
13 DORIAN DALEY (Bar No. 129049)
   dorian.daley@oracle.com
14 DEBORAH K. MILLER (Bar No. 95527)
   deborah.miller@oracle.com
15 MATTHEW M. SARBORARIA (Bar No. 211600)
   matthew.sarboraria@oracle.com
16 500 Oracle Parkway, Redwood City, CA 94065
   Telephone: (650) 506-5200 / Facsimile: (650) 506-7114
17
   *Attorneys for Plaintiff*
18 ORACLE AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S MOTION TO ADMIT STATEMENT FROM GOOGLE'S INTERROGATORY RESPONSE**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1  Oracle America, Inc. hereby moves to have deemed admitted and read to the jury the following statement from Google's response to one of Oracle's interrogatories: "Google states that any financial data relating to mobile platforms from prior to January 2009 that it may have maintained are inaccurate and unreliable."

Google made this statement in response to an interrogatory seeking information regarding the revenues and profits associated with Android during the period January 2005 through December 2011. In its response, Google identified a number of documents reflecting Android revenues and expenses, including substantial expenses purportedly incurred before January 2009. Google designated that response confidential, and Oracle will be prepared to hand up a copy of the response in court.

Google's statement is relevant to the jury's assessment of infringer's profits in Phase 3. If Google is permitted to deduct any expenses related to the generation of Android revenues or the use of the infringing material, its deduction should be limited to expenses incurred during periods for which Google has reliable and accurate data. Because the report of Google's expert, Dr. Cox, deducts expenses for prior to January 2009, the jury is entitled to hear that Google admitted during discovery that the calculation of those expenses was inaccurate and unreliable.

Google's interrogatory response is admissible against Google under Rule 33(c) of the Federal Rules of Civil Procedures, which provides: "An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence." Written interrogatory responses are party admissions, and therefore admissible under Rule 801(d)(2) of the Federal Rules of Evidence.

The Court should hold Google to its interrogatory response and deem the statement set forth above admitted.

Dated: May 13, 2012                    BOIES, SCHILLER & FLEXNER LLP

By:  */s/ Steven C. Holtzman*
     Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

1

ORACLE AMERICA, INC.'S MOTION RE GOOGLE'S INTERROGATORY RESPONSE
CASE NO. CV 10-03561 WHA