| | |
|---|---|
| ROBERT A. VAN NEST (SBN 84065) | SCOTT T. WEINGAERTNER (*Pro Hac Vice*) |
| rvannest@kvn.com | sweingaertner@kslaw.com |
| CHRISTA M. ANDERSON (SBN 184325) | ROBERT F. PERRY |
| canderson@kvn.com | rperry@kslaw.com |
| DANIEL PURCELL (SBN 191424) | BRUCE W. BABER (*Pro Hac Vice*) |
| dpurcell@kvn.com | bbaber@kslaw.com |
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| 633 Battery Street | 1185 Avenue of the Americas |
| San Francisco, CA 94111-1809 | New York, NY 10036-4003 |
| Telephone:  (415) 391-5400 | Telephone:  (212) 556-2100 |
| Facsimile:  (415) 397-7188 | Facsimile:  (212) 556-2222 |
| | |
| DONALD F. ZIMMER, JR. (SBN 112279) | IAN C. BALLON (SBN 141819) |
| fzimmer@kslaw.com | ballon@gtlaw.com |
| CHERYL A. SABNIS (SBN 224323) | HEATHER MEEKER (SBN 172148) |
| csabnis@kslaw.com | meekerh@gtlaw.com |
| KING & SPALDING LLP | GREENBERG TRAURIG, LLP |
| 101 Second Street – Suite 2300 | 1900 University Avenue |
| San Francisco, CA 94105 | East Palo Alto, CA 94303 |
| Telephone:  (415) 318-1200 | Telephone: (650) 328-8500 |
| Facsimile:  (415) 318-1300 | Facsimile: (650) 328-8508 |

Attorneys for Defendant
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC. | Case No. 3:10-cv-03561-WHA |
| Plaintiff, | Honorable Judge William Alsup |
| v. | **GOOGLE'S MEMORANDUM IN OPPOSITION TO ORACLE'S MOTION TO DEFER PHASE THREE** |
| GOOGLE INC. | |
| Defendant. | |

Until yesterday, Oracle had been unyieldingly persistent in urging that its copyright claims, based on its registrations for the entire Java platform, were in fact thirteen separate copyright claims, each based on a separate "work as a whole."[1] Oracle was successful in its arguments and got what it wanted. As Oracle requested, the Court submitted Oracle's multiple infringement claims to the jury based on Oracle's having taken scissors to its work and having isolated the smaller units that would maximize its chances of proving its claims. Each of the claims was based on a different, specifically-defined "work as a whole" – thirteen of them in all.

Now, in another about-face, Oracle argues that its copyright claim has collapsed back into "a single claim," pleaded in "a single count" of its Amended Complaint. Dkt. 1126 at 1, 3. To avoid trying to prove damages based on the limited infringement results to date and unwilling to accept that statutory damages are its sole available remedy for those results, Oracle engages in double-speak. In its five-page motion, Oracle first argues that the infringements based on nine lines of code and eight test files that have never appeared on handsets relate to "distinct elements of the Java platform." Dkt. 1126 at 2. On the next page, however, Oracle asserts that the damages as to those elements "are not separate" from any damages that may later be awarded in the event Oracle prevails in the future on the as yet unresolved SSO infringement claim. Dkt. 1126 at 3.

Oracle cannot have it both ways. The issues relating to the nine files – the nine "works" that form the basis of the infringement findings favorable to Oracle – cannot at the same time be both "distinct" and "not separate" from the SSO issues.[2] Oracle argues that the jury "found infringement" on rangeCheck (from a single J2SE file, Arrays.java) but did not find infringement

---

[1]   *See, e.g.,* Oracle's March 9 Copyright Brief (Dkt. 780) at 1 ("The copyrighted works at issue are (a) 37 Java API design specifications and implementations and (b) 11 Java software code files."), 3 (identifying eleven individual code files), 13-14 (arguing that individual code files were relevant "works as a whole").

[2]   "Distinct" means "distinguishable to the eye or the mind as discrete; ***separate***." *See* Merriam-Webster Online Dictionary, at www.merriam-webster.com (emphasis added). *See also* Dictionary.com, at dictionary.reference.com ("distinct" means "distinguished as being not the same; not identical; separate.").

1
GOOGLE'S MEMORANDUM IN OPPOSITION TO ORACLE'S MOTION TO DEFER PHASE THREE
CIV. NO. CV 10-03561-WHA

on the test files (or the documentation) or resolve all issues relating to the SSO – all of which were submitted to the jury in phase one as separate issues relating to "distinct elements of the Java platform." Dkt. 1126 at 2-3; *see also* Dkt. 1089 at 2 (jury verdict deciding issues of "infringement" as to documentation and allegedly copied code and comments). In view of the Court's order granting Oracle JMOL on the test files (Dkt. 1123), the liability issues as to both rangeCheck and the test files have been resolved. Those claims are ripe for a damages determination.[3]

Having made its bed, Oracle must now lie in it. Oracle's claims based on the nine files can only be treated for damages purposes as separate from the other claims that were submitted to the jury. Those other claims – both (a) the ones that Oracle has lost on (the claims relating to the documentation that was the subject of Question 2 of the verdict and the files with "copied" comments that were the subject of Question 3.C), and (b) the one that remains to be decided (the SSO claim that was the subject of Question 1) – were, at Oracle's request, based on other "works."[4] As a result, the claims that have been decided and the one that remains unresolved are not based on the same "set of facts." *Compare Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 743 (1976) (finding interlocutory order on liability not final or appealable under 28 U.S.C. § 1291 when claim "advanced a single legal theory which was applied to only one set of facts" and relief had not been decided).

Nor does citation to case law under Rule 42 regarding bifurcation help Oracle. The Ninth Circuit has often confirmed that Rule 42(b) "confers broad discretion upon the district court." *Hangartner v. Provident Life and Accident Ins. Co.,* 373 F.3d 998, 1021 (9th Cir. 2004) (quoting

---

[3] The rangeCheck and test file claims are therefore unlike the SSO claim, as to which findings disposing of both Oracle's claim and Google's intertwined fair use defense have not been made and as to which a new trial is therefore needed on both issues. *See* Google Motion For New Trial, Dkt. 1105.

[4] With the exception of the nine lines of rangeCheck code, there is no overlap between the "works" that form the basis of the infringement findings favorable to Oracle and the "work" that is the subject of the unresolved SSO claim. Although rangeCheck is a nine-line private method in code that implements an element of an accused API package, the unresolved SSO claim is based on elements of the packages other than the implementing code.

*Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080 (9th Cir. 2002)). The Court has exercised this discretion in this case by ordering the three-phase trial. The most prudent course is to remain consistent with that decision and permit the current jury to complete as much work as possible in resolving all damages issues that are ripe for decision and can properly be decided now. Those issues include all damages issues relating to rangeCheck and the test files, and any patent damage issues that may be appropriate once the jury has reached its phase two verdict. The current jury is familiar with rangeCheck and the test files, and it would complicate unnecessarily the work of any future jury that needs to be empanelled to decide the SSO claim if that jury had to also decide the separate damages issues relating to rangeCheck and the test files. Judicial economy and principles of sound trial management counsel strongly in favor of not disturbing the current trial plan.[5]

In support of its motion, Oracle repeats the same flawed argument it has made in support of its un-election of statutory damages and its quixotic pursuit of an award of profits for the rangeCheck method and the eight test files. Oracle argues that if phase three is not deferred, two different juries will need to "determine the amount of Google's Android revenues." Dkt. 1126 at 1; *see also id.* at 4 ("juries would have to start with the amount of Android revenues"; each trial would require proof of "Google's Android revenues").

For the reasons set forth in Google's motion for summary judgment on copyright damages, filed on May 12, 2012 (Dkt. 1125), Oracle cannot begin any quest for profits based on rangeCheck and the test files with "Google's Android revenues"; Oracle cannot prove any causal connection between the infringements that have been found and any revenue whatsoever; and Oracle has never disclosed any such damages theory. The theory is therefore not only legally baseless, it comes too late – as a last-ditch afterthought at best. It certainly cannot form the basis

---

[5] Proceeding with phase three as to rangeCheck and the test files is also appropriate in view of the possibility that the SSO claim may never be retried, either as a result of a ruling by the Court on the copyrightability issues and/or an appeal of such a ruling that makes a retrial unnecessary. Empanelling a second jury at some time in the future to decide only damages as to rangeCheck and the test files would be contrary to judicial economy – to say the least. *See* Fed.R.Civ.P 42(b) (separate trials proper for "convenience" and "to expedite and economize").

for deferring decision by the jury or the Court on the damages, if any, to which Oracle is entitled as a result of the limited infringements it has proven to date. And under the scenario posed by Oracle, the different juries would in fact be determining *different* issues, namely the current jury would need to determine the amount of profits (if any) attributable to the use of rangeCheck and the test files, while the second future jury would need to determine the amount of profits (if any) attributable to use of the SSO of the API packages.

Finally, Oracle argues that it would be prejudicial to have the jury that found no liability on the test files now be told to consider damages as to those files. Dkt. 1126 at 5-6. This concern can easily be addressed through the Court's instructions to the jury on statutory damages. "Juries are presumed to follow the court's instructions." *Aguilar v. Alexander*, 125 F.3d 815, 820 (9th Cir. 1997) (citing *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987)); *see also Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010) ("There is a strong presumption that juries follow curative instructions. *See Doe ex. rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000).").

But if Oracle finds that still too risky, it could join Google in waiving the right to have the jury decide the damages for the eight test files and rangeCheck and agree to have these issues tried to the Court.

For all of the foregoing reasons, Oracle's motion to defer phase three should be denied.

| | | |
|---|---|---|
| 1 | DATED:  May 13, 2012 | GOOGLE INC. |
| 2 | | By:  /s/ Bruce W. Baber |

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
DANIEL PURCELL (SBN 191424)
dpurcell@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER *(Pro Hac Vice)*
bbaber@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

IAN C. BALLON (SBN 141819)
ballon@gtlaw.com
HEATHER MEEKER (SBN 172148)
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

5
GOOGLE'S MEMORANDUM IN OPPOSITION TO ORACLE'S MOTION TO DEFER PHASE THREE
CIV. NO. CV 10-03561-WHA