| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - # 84065 | DONALD F. ZIMMER, JR. - #112279 |
| rvannest@kvn.com | fzimmer@kslaw.com |
| CHRISTA M. ANDERSON - # 184325 | CHERYL A. SABNIS - #224323 |
| canderson@kvn.com | csabnis@kslaw.com |
| MICHAEL S. KWUN - # 198945 | 101 Second Street, Suite 2300 |
| mkwun@kvn.com | San Francisco, CA 94105 |
| 633 Battery Street | Tel: 415.318.1200 |
| San Francisco, CA 94111-1809 | Fax: 415.318.1300 |
| Tel: 415.391.5400 | |
| Fax: 415.397.7188 | |
| | |
| KING & SPALDING LLP | IAN C. BALLON - #141819 |
| SCOTT T. WEINGAERTNER | ballon@gtlaw.com |
| (*Pro Hac Vice*) | HEATHER MEEKER - #172148 |
| sweingaertner@kslaw.com | meekerh@gtlaw.com |
| ROBERT F. PERRY | GREENBERG TRAURIG, LLP |
| rperry@kslaw.com | 1900 University Avenue |
| BRUCE W. BABER (Pro Hac Vice) | East Palo Alto, CA 94303 |
| 1185 Avenue of the Americas | Tel: 650.328.8500 |
| New York, NY 10036 | Fax: 650.328.8508 |
| Tel: 212.556.2100 | |
| Fax: 212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03651 WHA |
| Plaintiff, | **GOOGLE'S OBJECTIONS TO FINAL CHARGE TO THE JURY (PHASE TWO)** |
| v. | Dept.: Courtroom 8, 19th Floor |
| GOOGLE INC., | Judge: Hon. William Alsup |
| Defendant. | |

I.  **INTRODUCTION**

Google offers these objections to, and comments on, the Court's Final Charge to the Jury (Phase Two). *See* ECF Nos. 1121, 1121-1. Google also preserves all prior objections made to the jury instructions and verdict form. *See* RT 3652-3704 (transcript of charging conference).

II. **OBJECTIONS TO THE FINAL CHARGE**

A.  **Instruction 8**

Google had suggested at the charging conference that the Court include on its special verdict form the phones that are accused by Oracle of infringement. *See* RT 3699:3-13. The Court has not adopted that suggestion in its proposed special verdict form. Google believes that the jury should be informed in some fashion of the phones that are actually in this case, and therefore proposes a new sentence to add to instruction 8, following the sentence "The products that allegedly infringe the asserted patents are certain Android mobile devices and software and the Android Software Development Kit ("SDK")." The proposed new sentence would read "The specific Android mobile devices accused in this case are the Nexus One, the Nexus S, the HTC EVO 4G, the HTC Droid Incredible, the HTC G2, the Motorola Droid, and the Samsung Captivate."

B.  **Instruction 14**

Google objects to the Court's inclusion in its jury instructions the statement that "[d]istributing or offering a product for free constitutes a use or sale." That instruction is not supported by the case law. A sale requires transfer of a product for a price, not for free. *See PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1359 (Fed. Cir. 2007). Use of a product requires that a product be put into service, not merely displayed or distributed. *See Medical Sol'ns, Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1141 (Fed. Cir. 2008). For these reasons, as well as for those stated in Google's Memorandum re Jury Instructions (ECF No. 535) at 33-35, Google objects to the inclusion of this sentence.

C.  **Instructions 19 and 20**

Google objects to the inclusion in these two instructions of language suggesting that mobile service providers are potential direct infringers of the claims of the patents-in-suit. At the

1

GOOGLE'S OBJECTIONS TO FINAL CHARGE TO THE JURY (PHASE TWO)
Case No. 3:10-CV-03561 WHA

665283.01

charging conference, Google pointed out that Oracle had developed no evidence during trial suggesting that mobile service providers were direct infringers. *See* RT 3677-78. Google therefore objects to inclusion of "mobile service providers" in either of these instructions.

### D. Instruction 21

Google objects to the inclusion of language stating that the jury could find Google liable for inducing infringement if it "knew or should have known of the asserted patent." At the charging conference, counsel for Oracle stated that both parties had proposed such language in their instructions. RT 3679:23-24. In fact, Google had proposed such language for the third prong of the test, that is, "knew or should have known that its actions would cause direct infringement by another." ECF No. 535 at 115. The Model Patent Jury Instructions for the Northern District of California, as revised November 3, 2011 (after the parties had submitted their original proposals on jury instructions), also support Google's position here. Specifically, Model Instruction 3.9 does not include a "knew or should have known" standard in any of the three enumerated elements, and notes that an accused infringer "cannot be liable for inducement unless it actually believed it was highly probable its actions would encourage infringement of a patent and took intentional acts to avoid learning the truth." The focus of imputed knowledge there is on the actions taken, not on knowledge of the patent. Accordingly, Google objects to inclusion of the "knew or should have known" language in the second prong of the test (page 8, line 21). That language should be "knew of the asserted patent." Google would not object to inclusion of the "knew or should have known" language in the third prong of the test (page 8, line 22).

### E. Instruction 23

Google objects the Court's inclusion of an instruction on so-called "willful blindness." As explained at the charging conference, *see* RT 3682-3692, there are insufficient facts in the record to support a jury finding that Google was willfully blind as to the patents-in-suit. The facts that Oracle has adduced come nowhere near the standard set by *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011). Instead, this case is similar to *Apeldyn Corp. v. AU Optronics Corp.*, No. 08-CV-568-SLR, 2011 U.S. Dist. LEXIS 134759 (D. Del. Nov. 15, 2011), where the court granted summary judgment of no indirect infringement because the underlying facts were

insufficient to support a conclusion that the accused infringer had been willfully blind. None of the cases cited by Oracle support a finding of willful blindness on facts of this sort. Google further objects to this instruction to the extent that it does not clearly state that Google's state of mind must have exceeded negligence or deliberate indifference, and that the actions it took to avoid learning of any relevant facts must have been active, not passive. *See Global-Tech*; N.D. Cal. Model Patent Jury Instruction 3.9 ("It is not enough that [accused infringer] was merely indifferent to the possibility that it might encourage infringement of a patent. Nor is it enough that [accused infringer] took a risk that was substantial and unjustified."); ECF No. 1120 (requesting such language); ECF No. 1078 (explaining why willful blindness not met by facts of case); ECF No. 535 at 42-43 (containing original briefing on the issue).

### III.    POTENTIAL REVISIONS TO THE FINAL CHARGE

#### A.    Instruction 8

Google suggests that the phrase "asserted patents" on page 4, line 11 be changed to "asserted claims," which was defined in the previous sentence. The term "asserted patents" is not otherwise defined in the instructions, and the current phrasing may cause jury confusion as to whether they could find infringement of non-asserted claims of the asserted patents.

#### B.    Instruction 14

For the same reasons set forth in III.A, Google suggests changing the phrase "a claim of the asserted patents," which is found on page 6, line 14, to "an asserted claim."

Google further suggests that the phrase "you must compare that the accused product," found at page 6, line 20, contains a typo and should be "you must compare the accused product."

Finally, Google suggests that the word "requirement," found on page 6, lines 21 and 24, be changed to "limitation," the term that is used in instruction 13, on page 6, line 7.

Dated: May 13, 2012                                      KEKER & VAN NEST LLP

By:    /s/ Robert A. Van Nest
         ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.