KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **GOOGLE INC.'S OPPOSITION TO ORACLE'S MOTION TO DEEM ADMITTED A STATEMENT FROM GOOGLE'S INTERROGATORY RESPONSE** <br><br> Dept.: Courtroom 8, 19th Floor <br> Judge: Hon. William Alsup |

Oracle moves to "have deemed admitted"[1] a single sentence, taken out of context, from Google's three-page, ten-paragraph response to Oracle's Interrogatory 17 ("Response") (attached hereto as Exhibit A[2]).  The Court should deny Oracle's motion.

First, an interrogatory response is never a binding admission.  *See Donovan v. Crisostomo*, 689 F.2d 869, 875 (9th Cir. 1982) ("Interrogatories do not supersede or supplement pleadings, nor do they bind parties as an allegation or admission in a pleading or pre-trial order"); *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1051-52 (N.D. Cal. 2011) ("Defendants are incorrect in their assertion that Volterra's interrogatory responses are binding admissions").[3]  Oracle does not cite any law to the contrary, because none exists.  As for Oracle's backup argument, that "the jury is entitled to hear" Google's discovery responses, Oracle is certainly free to seek permission to read Google's complete interrogatory response to the jury.  If the Court grants such permission, Oracle may argue the response is persuasive evidence.  *See* Fed. R. Civ. P. 33(c).  Indeed, the Court's Trial Guidelines specifically provide for designating interrogatory answers for use during trial.  *See* Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup at 11, ¶ 21.  But Oracle has no basis for taking one sentence from the Response out of context as a binding factual admission.

Second, the sentence Oracle moves to deem admitted, taken in isolation, is misleading and unfit even to be used as evidence because of its danger to mislead the jury and prejudice Google.  At the tail end of a long and complex response to an objectionable compound interrogatory that included ten sub-questions relating to not just the Android platform but all other mobile platforms from which Google derived any revenue, Google stated:

---

[1] Although the motion is titled a "motion to admit" a statement from the interrogatory response, the body of that motion seeks to "deem the statement . . . admitted."  Dkt. 1129 at 1.

[2] Google has redacted some sensitive, non-public sales data from the Response that is unrelated to the basis of Oracle's motion.  Google will bring unredacted copies to Court.

[3] This is the general rule.  *See also Synopsys, Inc. v. Magma Design Automation, Inc.*, 2006 WL 825277 (N.D. Cal. March 30, 2006) ("answers were given in response to interrogatories, rather than to requests for admissions and, consequently, are not binding"); *Fort Hall Landowners Alliance, Inc. v. Bureau of Indian Affairs*, 2007 WL 2187256, at *2 (D. Idaho July 16, 2007) (noting that answers to interrogatories "are not binding admissions in this circuit") (citing *Donovan*, 689 F.2d at 875, and *Victory Carriers Inc. v. Stockton Stevedoring Co.*, 388 F.2d 955, 959 (9th Cir. 1968) (holding that answers to interrogatories are not binding factual admissions)).

> Google did not track revenue generated in connection with mobile platforms as far back as January 2005, and because the first Android device was publicly released in 2008, Google generated no revenue in connection with the Android platform prior to 2008. Google states that any financial data relating to mobile platforms from prior to January 2009 that it may have maintained are inaccurate and unreliable. (*See, e.g.*, GOOGLE-03169629, GOOGLE-00-00000060, GOOGLE-00-00000489.)

Response at 4. Read in context, the last sentence refers to *revenues* associated with *non-Android mobile devices*. None of the three documents cited in that sentence as examples of unreliable financial data is an Android profit-and-loss statement—the document that both parties have relied on in this case to prove Google's Android-related revenues and costs. Indeed, the overwhelming majority of the content in all three documents relates to revenues, not costs, and nothing in any of the three documents sets forth Android-specific costs.[4] Particularly given that the documents cited in the Response do not discuss Android-specific costs at all, Oracle has no basis to leverage one sentence from that Response into a limitation on Google's ability to prove such costs.

Moreover, because they are not relevant to the issue, Google will not offer any of the three documents to prove Android-related costs, in the event that becomes necessary. Instead, Google will explain that the Android cost items for 2008 in its Android P&L statements are based on a straightforward calculation of Android engineering headcount, payroll, and other expenses. Google is confident the jury will conclude that the cost figures in Google's Android P&Ls are reliable—especially because Oracle will be relying on the revenue data in those same documents.

Given the settled limitations on using interrogatory responses as evidence, the complexity of the interrogatory and response, and the context of the sentence at issue, it would be legally incorrect, misleading, and prejudicial to Google for the Court to deem the sentence to be any kind of binding admission.

Dated: May 13, 2012                                    KEKER & VAN NEST LLP

                                                       /s/ Robert A. Van Nest
                                                By:    ROBERT A. VAN NEST
                                                       Attorneys for Defendant
                                                       GOOGLE INC.

---

[4] Because these documents are entirely comprised of sensitive, non-public Google financial data, Google is not filing them along with this Opposition, but will bring copies of the cited documents to Court in the event the Court would like to review them.