# Exhibit A

1  DONALD F. ZIMMER, JR. (SBN 112279)        IAN C. BALLON (SBN 141819)
   fzimmer@kslaw.com                          ballon@gtlaw.com
2  CHERYL A. SABNIS (SBN 224323)              HEATHER MEEKER (SBN 172148)
   csabnis@kslaw.com                          meekerh@gtlaw.com
3  KING & SPALDING LLP                        GREENBERG TRAURIG, LLP
4  101 Second Street – Suite 2300             1900 University Avenue
   San Francisco, CA 94105                    East Palo Alto, CA 94303
5  Telephone: (415) 318-1200                  Telephone: (650) 328-8500
   Facsimile: (415) 318-1300                  Facsimile: (650) 328-8508
6
7  SCOTT T. WEINGAERTNER (*Pro Hac Vice*)     ROBERT A. VAN NEST (SBN 84065)
   sweingaertner@kslaw.com                    rvannest@kvn.com
8  ROBERT F. PERRY                            CHRISTA M. ANDERSON (SBN 184325)
   rperry@kslaw.com                           canderson@kvn.com
9  BRUCE W. BABER (*Pro Hac Vice*)            KEKER & VAN NEST LLP
10 bbaber@kslaw.com                           633 Battery Street
   KING & SPALDING LLP                        San Francisco, CA 94111-1704
11 1185 Avenue of the Americas                Telephone: (415) 391-5400
   New York, NY 10036-4003                    Facsimile: (415) 397-7188
12 Telephone: (212) 556-2100
   Facsimile: (212) 556-2222
13
14 Attorneys for Defendant
   GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>   Plaintiff,<br><br>   v.<br><br>GOOGLE INC.<br><br>   Defendant. | Case No. 3:10-cv-03561-WHA<br><br>Honorable Judge William Alsup<br><br>**DEFENDANT GOOGLE INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO** |

CONFIDENTIAL

1   Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google Inc.
2   ("Google"), through its attorneys, supplements its response to *Plaintiff's Interrogatories to*
3   *Defendant Google Inc., Set Two* ("Plaintiff's Second Interrogatories"), served by plaintiff Oracle
4   America, Inc. ("Plaintiff" or "Oracle") on March 10, 2011, as follows.

5   **GENERAL OBJECTIONS**

6   1.   Google responds generally that discovery is ongoing and its investigations of the
7   facts relevant to this litigation are ongoing.  Google's responses herein are given without
8   prejudice to Google's right to amend or supplement in accordance with Rule 26(e) of the Federal
9   Rules of Civil Procedure, the Civil Local Rules, the Court's Supplemental Order to Order Setting
10  Initial Case Management Conference, any applicable Standing Orders, and the Case
11  Management Order entered by the Court.

12  2.   Google generally objects to Plaintiff's Second Interrogatories, and the
13  "Definitions and Instructions" related thereto, to the extent they are inconsistent with or impose
14  obligations beyond those required by the Federal Rules of Civil Procedure, the Civil Local Rules,
15  the Patent Local Rules, the Court's Supplemental Order to Order Setting Initial Case
16  Management Conference, any applicable Standing Orders, and the Case Management Order
17  entered by the Court.  In responding to each Interrogatory, Google will respond as required under
18  Rule 33 of the Federal Rules of Civil Procedure.

19  3.   Google objects to Oracle's definition of "Java Platform" on the grounds that the
20  definition is overbroad and misleading to the extent it purports to include "the Java programming
21  language," as to which Oracle does not own proprietary rights.  When used in Google's
22  responses, the phrase "Java Platform" shall not include "the Java programming language" and,
23  without acknowledging or agreeing that Oracle owns any proprietary rights in any elements
24  thereof, shall have the meaning ascribed to that phrase in paragraph 9 of Oracle's Amended
25  Complaint, namely "a bundle of related programs, specifications, reference implementations, and
26  developer tools and resources that allow a user to deploy applications written in the Java
27  programming language on servers, desktops, mobile devices, and other devices," including but

28

1

1  not limited to the Java compiler, the Java Virtual Machine, the Java Development Kit, the Java
2  Runtime Environment, the Just-In-Time compiler, Java class libraries, Java application
3  programming interfaces, and Java specifications and reference implementations.
4      4.    Google generally objects to Oracle's definition of "Android" as vague,
5  ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the
6  discovery of admissible evidence to the extent it includes "related public or proprietary source
7  code, executable code, and documentation."
8      5.    Google generally objects to Plaintiff's Second Interrogatories to the extent (a)
9  they are not reasonably calculated to lead to the discovery of admissible evidence that is relevant
10  to any claim of defense of any party; (b) they are unreasonably cumulative or duplicative; (c)
11  they seek information that is obtainable from some other source that is more convenient, less
12  burdensome, or less expensive; or (d) the burden or expense of the proposed discovery
13  outweighs any likely benefit.
14      6.    Google generally objects to Plaintiff's Second Interrogatories to the extent they
15  seek information, documents, and/or things protected from discovery by the attorney-client
16  privilege, the work product doctrine, the common-interest privilege, and/or any other applicable
17  privilege, immunity, or protection.  Nothing contained in Google's responses is intended to be, or
18  in any way shall be deemed, a waiver of any such applicable privilege or doctrine.
19      7.    Google generally objects to Plaintiff's Second Interrogatories to the extent they
20  request information, documents, and/or things not within the possession, custody, or control of
21  Google, that are as readily available to Plaintiff as to Google, or that are otherwise in the
22  possession of Plaintiff, on the grounds that such requests are unduly burdensome.
23      8.    Google objects that Oracle has already exhausted its exceeded its allowable
24  number of Interrogatories because it propounded Interrogatories No. 3 through 16, which Google
25  treated as containing two distinct sub-parts.  Oracle stated in writing that it was seeking a total of
26  42 distinct interrogatories with those numbered 3 through 16, seeking "Google's factual and
27  legal bases for its defense known to it as of October 4, 2010, November 10, 2010, and now."
28

1  (January 12, 2011 Letter, Jacobs to Weingaertner.)   Notwithstanding the foregoing and the fact
2  that reading each interrogatory as two separate interrogatories exceeds the limits of Rule 33,
3  Google responded with respect to when it filed its operative pleading in the case, namely *Google*
4  *Inc.'s Answer to Plaintiff's Amended Complaint for Patent and Copyright Infringement and*
5  *Amended Counterclaims* on November 10, 2010 (Doc. #51) ("Answer and Counterclaims"), as
6  well as its bases for its defenses generally, subject to Google's general objection that discovery
7  has just begun, and Google is still developing its defenses.  In view of the Court's admonition
8  that "no enlargements of the limitations on discovery in the Federal Rules of Civil Procedure will
9  be allowed until after counsel have demonstrated that they will behave reasonably in the
10 discovery already authorized," Google objects to what Oracle has labeled as Interrogatory No. 17
11 as being improperly served without seeking permission from the Court to enlarge the scope of
12 discovery.  Google expressly reserves its right to move for a protective order on this
13 Interrogatory No. 17 or any interrogatories subsequently served and any response herein is not a
14 waiver of that right.

15       9.      Google further objects to what Oracle has labeled as Interrogatory No. 17 as
16 containing ten distinct sub-parts exceeding Oracle's allotted number of Interrogatories for this
17 additional reason.

18       10.     Google incorporates by reference these General Objections into the specific
19 objections and responses set forth below.  While Google may repeat a General Objection for
20 emphasis or some other reason, the failure to specifically refer to any General Objection does not
21 constitute a waiver of any sort.  Moreover, subject to the requirements of Rule 33 of the Federal
22 Rules, Google reserves the right to alter or amend its objections and responses set forth herein as
23 additional facts are ascertained and analyzed.

24       11.     Google remains willing to meet and confer with respect to any of its objections to
25 assist Plaintiff in clarifying or narrowing the scope of the requested discovery, and reserves the
26 right to move for a protective order if agreement cannot be reached.

27
28

**SPECIFIC OBJECTIONS AND RESPONSES**

Google's responses to Plaintiff's Second Interrogatories are based upon Google's current information and belief as a result of reasonable searches and inquiries.  Google reserves its right to amend and supplement its responses as it learns additional facts.

**INTERROGATORY NO. 17:**

Please state the total amount of your actual and (as applicable) projected unit sales, revenues, gross profits, and operating profits, separately for each month January 2005 through December 2011, relating to or derived from each of (i) Android application developers' registration fees, (ii) Android application transaction fees (regardless of whether application downloads or transactions were conducted using Android Market), (iii) Android Market application downloads or other transactions, (iv) in-app billing on Android devices, (v) advertising on or through Android devices, (viii) any other product or service sold, licensed, downloaded, or otherwise offered in connection with Android, (ix) advertising on or through each mobile platform other than Android, and (x) any other product or service sold, licensed, downloaded, or otherwise offered in connection with any mobile platform other than Android.  Please identify any and all documents that You used, consulted, or relied upon in preparing the response to this interrogatory.

**THIRD SUPPLEMENTAL RESPONSE:**

In addition to its General Objections, Google objects to this Interrogatory as vague and ambiguous as to its intended meaning of the phrases "any other product or service sold, licensed, downloaded, or otherwise offered in connection with Android," "any other product or service sold, licensed, downloaded, or otherwise offered in connection with any mobile platform other than Android," "actual and  . . . projected unit sales," "revenues," "gross profits," and "operating profits."  Google further objects to the phrase "relating to or derived from" as vague and ambiguous, which makes the scope of the interrogatory unclear.  Google further objects to the phrases "registration fees," "application transaction fees," "other transactions," "in-app billing," and "offered in connection with" as vague and ambiguous.

1    Google further objects to this Interrogatory to the extent that it seeks information not kept
2    in the ordinary course of Google's business and to the extent that it presumes that such figures, to
3    the extent they can be understood, are recorded "separately for each month." Google also
4    objects to this Interrogatory as overly broad, unduly burdensome, not relevant to any claim or
5    defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible
6    evidence to the extent that it seeks information related to operations of Google outside of the
7    United States having no connection with the United States and to the extent that it seeks
8    information unrelated to the accused functionality of the accused instrumentalities as set forth in
9    Plaintiff's infringement contentions or unrelated to subject matter allegedly claimed in the
10   asserted claims of the patents-in-suit.

11   Subject to the foregoing objections and the General Objections, without waiver or
12   limitation thereof, Google states that it has produced documents from which information
13   responsive to this Interrogatory can be derived pursuant to Fed. R. Civ. P. 33(d). These
14   documents bear production numbers GOOGLE-00303691 - GOOGLE-00303921, GOOGLE-
15   00305018 - GOOGLE-00305267, GOOGLE-00395080 - GOOGLE-00396319, GOOGLE-
16   003169626 - GOOGLE-03169629, GOOGLE-03349735 - GOOGLE-03350004, GOOGLE-
17   03370330 - GOOGLE-03371555, GOOGLE-03393373 - GOOGLE-03393419, GOOGLE-00-
18   00000060, GOOGLE-00-00000379, GOOGLE-00-00000477, GOOGLE-00-00000489, and
19   GOOGLE-00-00001717. In particular, Google has produced three Android P&L statements
20   bearing production numbers GOOGLE-00303710, GOOGLE-00395614, and GOOGLE-00-
21   00001717, and a Mobile P&L statement bearing production number GOOGLE-00396319. The
22   Android and mobile P&L statements reflect all material sources of worldwide revenue associated
23   with Android and mobile, respectively. Each of the documents explicitly referred to below
24   reflects worldwide data unless stated otherwise.

25   Notwithstanding the above and consistent with this production, after reasonable inquiry
26   and as presently advised, and making no admission regarding any Google product, Google states
27   the following:

28

5
CONFIDENTIAL
DEFENDANT GOOGLE INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET TWO
CIVIL ACTION NO. CV 10-03561-WHA

1       Google does not receive any payment, fee, royalty, or other remuneration for its
2  contributions to the Android platform.  Google's expenses for the Android platform include
3  operating expenses, costs of operations and marketing expenses.  (*See, e.g.,* "Sales,"
4  "Marketing," "Co-Marketing," "PM," "Engineering," "Legal" lines of GOOGLE-00303710,
5  GOOGLE-00395614, and GOOGLE-00-00001717.)
6       Google generates revenue from advertising on mobile devices, which includes Android
7  devices as well as other mobile platforms.  (*See, e.g.,* "Revenue" line of GOOGLE-00396319,
8  which includes all material worldwide revenue generated from both Android and non-Android
9  mobile platforms.)  Google generates mobile advertising revenues from the following sources:
10 (1) advertising revenue from Google.com and other websites that users may access via mobile
11 devices, which may include Android devices as well as other mobile platforms; and 2) revenue
12 from in-app advertising on mobile devices, which may include Android devices as well as other
13 mobile platforms.
14      Google generates mobile advertising revenue from search advertising and display
15 advertising.  Google can determine whether searches that generate advertising revenue are
16 originated from Android devices.  (*See, e.g.,* "--Revenue: Ads (Dist + Organic)" lines of
17 GOOGLE-00303710 and GOOGLE-00395614.)  Google estimates display advertising revenues
18 originated from Android devices.  (*See, e.g.,* "--Revenue: Ads (AFMS)," "--Revenue: Ads
19 (AFMA)," and "--Revenue: Ads (AFMC)" lines of GOOGLE-00303710 and GOOGLE-
20 00395614.)  The display advertising revenue estimates reflected in the Android P&L statements
21 include all material estimated worldwide display advertising revenue generated from Android
22 applications.  Google's expenses related to mobile advertising include traffic acquisition costs, as
23 well as operating expenses.  (*See, e.g.,* "TAC," "Sales," "Marketing," "PM," Engineering,"
24 Legal," lines of GOOGLE-396319; *e.g.,* "TAC: Dist/ Organic," "TAC: AFMA/ AFMC/ AFMS,"
25 "Sales," "Marketing," "Co-Marketing," "PM," "Engineering," "Legal" lines of GOOGLE-
26 00303710, GOOGLE-00395614, and GOOGLE-00-00001717.)
27      Google generates revenues from application developer registration fees and from sales of
28

6
CONFIDENTIAL
DEFENDANT GOOGLE INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET TWO
CIVIL ACTION NO. CV 10-03561-WHA

applications on the Android Market. (*See, e.g.,* "--Revenue: Market App Sales" lines of GOOGLE-00303710 and GOOGLE-00395614; *see also, e.g.,* "App Sales" line of GOOGLE-00-00001717.) Google does not generate revenues from sales of applications *not* on the Android Market. For available information concerning total worldwide installations of Android applications, *see, e.g.,* GOOGLE-00-00000379. Google's revenues from the Android Market generally cover Google's internal costs for the Android Market. (*See, e.g.,* "Engineering" lines of GOOGLE-00303710, GOOGLE-00395614, and GOOGLE-00-00001717.) Revenue generated from in-app billing, which Google did not launch until March 28, 2011, is reflected on the "App Sales" line of GOOGLE-00-00001717.

During 2010, Google generated revenue from direct-to-consumer sales of the Nexus One. (*See, e.g.,* "--Revenue: DTC" lines of GOOGLE-00303710 and GOOGLE-00395614; *see also, e.g.,* "DTC" line of GOOGLE-00-00001717.) Google incurred marketing expenses and cost of sales for sales of the Nexus One. (*See, e.g.,* "Other COS," "Marketing," "Co-Marketing," lines of GOOGLE-00303710 and GOOGLE-00395614.) For each month from January 2010 through July 2010, Google sold the following number of Nexus One phones worldwide: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ For available information concerning total worldwide activations of Android devices, *see, e.g.,* GOOGLE-00396083 and GOOGLE-00-00000379.

Additional Android metrics concerning activations of Android devices, installations of Android applications, and revenue run rates are described in GOOGLE-03393374 - GOOGLE-03393419, which also reflects certain metrics for United States-based activity and non-United States-based activity.

Google did not track revenue generated in connection with mobile platforms as far back as January 2005, and because the first Android device was publicly released in 2008, Google generated no revenue in connection with the Android platform prior to 2008. Google states that any financial data relating to mobile platforms from prior to January 2009 that it may have

7
CONFIDENTIAL
DEFENDANT GOOGLE INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET TWO
CIVIL ACTION NO. CV 10-03561-WHA

1  maintained are inaccurate and unreliable.  (*See, e.g.,* GOOGLE-03169629, GOOGLE-00-
2  00000060, GOOGLE-00-00000489.)

| | | |
|---|---|---|
| 1 | DATED:  August 1, 2011 | **KING & SPALDING LLP** |
| 2 | | By:  /s/ Scott T. Weingaertner |
| 3 | | SCOTT T. WEINGAERTNER (*Pro Hac Vice*) |
| | | sweingaertner@kslaw.com |
| 4 | | ROBERT F. PERRY |
| 5 | | rperry@kslaw.com |
| | | BRUCE W. BABER *(Pro Hac Vice)* |
| 6 | | bbaber@kslaw.com |
| | | 1185 Avenue of the Americas |
| 7 | | New York, NY 10036-4003 |
| | | Telephone:  (212) 556-2100 |
| 8 | | Facsimile:   (212) 556-2222 |
| 9 | | ROBERT A. VAN NEST - #84065 |
| | | rvannest@kvn.com |
| 10 | | CHRISTA M. ANDERSON - #184325 |
| 11 | | canderson@kvn.com |
| | | KEKER & VAN NEST LLP |
| 12 | | 633 Battery Street |
| | | San Francisco, CA 94111-1704 |
| 13 | | Telephone:  (415) 391-5400 |
| 14 | | Facsimile:  (415) 397-7188 |
| 15 | | DONALD F. ZIMMER, JR. (SBN 112279) |
| | | fzimmer@kslaw.com |
| 16 | | CHERYL A. SABNIS (SBN 224323) |
| | | csabnis@kslaw.com |
| 17 | | KING & SPALDING LLP |
| 18 | | 101 Second Street – Suite 2300 |
| | | San Francisco, CA 94105 |
| 19 | | Telephone: (415) 318-1200 |
| | | Facsimile:  (415) 318-1300 |
| 20 | | |
| 21 | | IAN C. BALLON (SBN 141819) |
| | | ballon@gtlaw.com |
| 22 | | HEATHER MEEKER (SBN 172148) |
| | | meekerh@gtlaw.com |
| 23 | | GREENBERG TRAURIG, LLP |
| | | 1900 University Avenue |
| 24 | | East Palo Alto, CA 94303 |
| | | Telephone: (650) 328-8500 |
| 25 | | Facsimile: (650) 328-8508 |
| 26 | | |
| | | ATTORNEYS FOR DEFENDANT |
| 27 | | GOOGLE INC. |
| 28 | | |

CONFIDENTIAL
DEFENDANT GOOGLE INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET TWO
CIVIL ACTION NO. CV 10-03561-WHA

# CERTIFICATE OF SERVICE

I hereby certify that on this day, August 1, 2011, I served a true and correct copy of DEFENDANT GOOGLE INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO via e-mail on the following individuals:

David Boies
Boies Schiller and Flexner
333 Main Street
Armonk, NY  10504
914-749-8201
Fax: 914-749-8300
Email: Dboies@bsfllp.com

Deborah Kay Miller
Oracle USA, Inc Legal Department
500 Oracle Parkway
Redwood Shores, CA  94065
(650) 506-0563
Email: Deborah.Miller@oracle.com

Dorian Estelle Daley
500 Oracle Parkway
Redwood City, CA  94065
(650) 506-5200
Fax: (650) 506-7114
Email: Dorian.daley@oracle.com

Marc David Peters
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
Fax: (650) 494-0792
Email: Mdpeters@mofo.com

Matthew M Sarboraria
Oracle Corporation
500 Oracle Parkway, 5OP7
Redwood Shores, CA  94065
650/ 506-1372
Email: Matthew.sarboraria@oracle.com

Michael A Jacobs
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
650-813-5600
Fax: 650-494-0792
Email: MJacobs@mofo.com

Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7475
Email: DMuino@mofo.com

Steven Christopher Holtzman
Boies, Schiller & Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA  94612
510-874-1000
Fax: 510-874-1460
Email: Sholtzman@bsfllp.com

Executed on August 1, 2011.

/s/ Christopher C. Carnaval
Christopher C. Carnaval

CERTIFICATE OF SERVICE                                            CIVIL ACTION NO. CV 10-03561