| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON - # 184325<br>canderson@kvn.com<br>MICHAEL S. KWUN - # 198945<br>mkwun@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415 391 5400<br>Facsimile: 415 397 7188<br><br>KING & SPALDING LLP<br>SCOTT T. WEINGAERTNER<br>(*Pro Hac Vice*)<br>sweingaertner@kslaw.com<br>ROBERT F. PERRY<br>rperry@kslaw.com<br>BRUCE W. BABER (Pro Hac Vice)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212.556.2100<br>Fax: 212.556.2222 | KING & SPALDING LLP<br>DONALD F. ZIMMER, JR. - #112279<br>fzimmer@kslaw.com<br>CHERYL A. SABNIS - #224323<br>csabnis@kslaw.com<br>101 Second Street, Suite 2300<br>San Francisco, CA 94105<br>Tel: 415.318.1200<br>Fax: 415.318.1300<br><br>IAN C. BALLON - #141819<br>ballon@gtlaw.com<br>HEATHER MEEKER - #172148<br>meekerh@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Tel: 650.328.8500<br>Fax: 650.328.8508 |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>  Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE'S OPPOSITION TO ORACLE'S UNTIMELY CLAIM CONSTRUCTION MOTION (ECF 1128)**<br><br>Dept.:   Courtroom 8, 19th Floor<br>Judge:   Hon. William Alsup |

On the eve of the close of the patent phase and in the middle of Google's examination of its non-infringement expert on the '104 patent, Oracle seeks reconsideration of the Court's claim construction ruling issued nearly a year ago. In addition, Oracle inexplicably asks for an *in limine* ruling precluding an argument that Google's expert never made during discovery and, therefore, has no intention of making now, at trial. Accordingly, Oracle's motion should be denied as untimely, prejudicial, and unnecessary.

## I. ORACLE'S OBJECTION TO THE JURY INSTRUCTION IS UNTIMELY AND PREJUDICIAL

Oracle has already closed its case in chief. Google is likely within an hour of closing its case in chief. As such, it is too late for Oracle to ask that an entire clause in this Court's construction of "symbolic reference" be deleted. To further claim that "Google cannot claim prejudice" is almost ironic. Almost.

Oracle's request, literally at the eleventh hour, comes about a year after the Court's claim construction ruling. Even ignoring Oracle's long delay, it fails to provide good cause for reconsideration. Indeed, Oracle previously made the very same argument in an effort to modify the claim construction, failed, and did not ask for reconsideration. Specifically, the request made in Oracle's current motion reads as follows:

> Oracle requests that the Court consider either (1) removing the phrase "that is resolved dynamically rather than statically," or (2) clarifying the meaning of "static" and "dynamic" as used in the context of the '104 patent.

(ECF 1128 at 3 (footnote omitted).) The primary request is *identical* to its request nearly one year ago in objecting to the Court's tentative claim construction ruling:

> Oracle requests that the Court remove "and that is resolved dynamically rather than statically' from its tentative construction of "symbolic reference."

(ECF 132 at 4.) This Court soundly rejected Oracle's argument at that time. (ECF 137 at 22) By not moving for reconsideration, Oracle agreed that it would proceed through trial on the Court's construction of "symbolic reference." To go through almost an entire trial—and rest its case in chief under that claims construction—only to try to change it at the very end, after all but one of Google's witnesses have already testified, smacks of gamesmanship and gimmickry.

Furthermore, given the late stage of the litigation, expanding the scope of the asserted claims of the '104 patent would cause Google extreme prejudice. Had Oracle moved for this modification in a timely manner, Google's experts could have rendered opinions under the broader construction. Instead, both parties' experts relied on the Court's construction and developed extensive factual and expert evidence to bring to trial. This evidence includes expert reports on the '104 by Oracle's experts Dr. Mitchell, Dr. Goldberg (invalidity), and Mr. Vandette and by Google's experts Mr. Allison (invalidity) and Dr. August.

As a practical matter, the Court could also dispose of this issue based on Oracle's waiver. Both parties agreed to submit the Court's construction of "symbolic reference" to the jury in their joint proposed jury instructions. (ECF 539.) Further, on December 9, 2011, Oracle opposed Google's request for additional claim construction, stating that "Oracle does not believe additional claim construction briefing is necessary at this stage." (ECF 645 at 1.)

Finally, any surprise on the part of Oracle is of its own making. In Dr. August's expert rebuttal report, he clearly explained how the '104 patent used the term "dynamic resolution." (TX 2604 at ¶¶ 131–133.) Yet Oracle chose not to ask him related questions at his deposition.

The true irony here is that Dr. Mitchell himself prepared a slide to define the term "dynamic," which definition explicitly contradicts the definition Oracle now posits. Specifically, Dr. Mitchell equated the term "runtime" with "dynamic."

> **dexopt – optimizations performed at runtime = dynamic**
>
> **Dalvik Optimization and Verification With *dexopt***
>
> **Optimization**
>
> Virtual machine interpreters typically perform certain optimizations the first time a piece of code is used. Constant pool references are replaced with pointers to internal data structures, operations that always succeed or always work a certain way are replaced with simpler forms. Some of these require information only available at runtime, others can be inferred statically when certain assumptions are made.
>
> The Dalvik optimizer does the following:
>
> - For virtual method calls, replace the method index with a vtable index.
> - For instance field get/put, replace the field index with a byte offset. Also, merge the boolean / byte / char / short variants into a single 32-bit form (less code in the interpreter means more room in the CPU I-cache).
> - Replace a handful of high-volume calls, like String.length(), with "inline" replacements. This skips the usual method call overhead, directly switching from the interpreter to a native implementation.
> - Prune empty methods. The simplest example is Object.<init>, which does nothing, but must be called whenever any object is allocated. The instruction is replaced with a new version that acts as a no-op unless a debugger is attached.
> - Append pre-computed data. For example, the VM wants to have a hash table for lookups on class name. Instead of computing this when the DEX file is loaded, we can compute it now, saving heap space and computation time in every VM where the DEX is loaded.
>
> TX 105 at p. 1, 3

## II. ORACLE'S REQUEST FOR A LIMITING INSTRUCTION IS UNNECESSARY

Oracle seeks to prohibit Dr. August from opining that a symbolic reference cannot be a number but must be string- or character-based.  Oracle need not worry.  This is not and has never been Dr. August's opinion.  As Dr. August's report makes clear, his opinion is that indexes into tables do not qualify as symbolic references because they identify data by its location, rather than by a name.  His testimony on Friday makes this clear, as do his answers to the Court's questioning.  Indeed, in that discussion Dr. August noted that names such as x1 are symbolic references.  He has not and will not opine that the sheer use of numbers makes a reference numeric rather than symbolic.  Rather, it is the fact that the index numbers in Android are used to reference the location of data in memory that makes them numeric, not symbolic.  (While numbers can qualify as symbols in the abstract, the Court already has heard testimony from Mr. McFadden that in Java and Android, names must at least begin with a letter rather than a number.  Dr. August is prepared and willing to address these issues tomorrow.)

## III. CONCLUSION

For these reasons, Oracle's motion should be denied.

Dated:  May 13, 2012                                  KEKER & VAN NEST LLP

                                                      /s/ Robert A. Van Nest
                                              By:     ROBERT A. VAN NEST

                                                      Attorneys for Defendant
                                                      GOOGLE INC.