KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

KING & SPALDING  LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA  94105
Tel:  415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA  94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S MOTION TO EXCLUDE CERTAIN WITNESSES FROM THE DAMAGES PHASE**<br><br>Dept.:　　Courtroom 8, 19th Floor<br>Judge:　　Hon. William Alsup |

In its motion for summary judgment on Oracle's claims for disgorgement for Google's use of nine lines of rangeCheck code and eight decompiled test files, [Dkt. 1125], Google made the point that Oracle could not offer any additional evidence, beyond the legally insufficient proof that is in the record already, to show a causal nexus between the infringed works and any revenue made by Google related to the Android platform.  In its opposition, [Dkt. 1135], Oracle did not answer that question or give the Court any indication what its damages case would look like.  But Oracle's witness disclosures to Google for phase three, [Dkt. 1127], make Oracle's plans clear:

- Oracle intends to call—yet again—Google's most senior executives, Chief Executive Officer **Larry Page** and Executive Chairman **Eric Schmidt**, neither of whom has any knowledge about rangeCheck or the test files or the extent, if at all, to which those files contributed to Google revenues related to the Android platform.

- Oracle intends to call—yet again—**Tim Lindholm**, who never did a minute of technical work on Android and has no knowledge about rangeCheck or the test files or the extent, if at all, to which those files contributed to Android-related revenues.

- Oracle plans to recall its technical expert, **Dr. John Mitchell**, who conducted no technical study of the qualitative or quantitative importance of rangeCheck or the decompiled test files and expressed no opinion on those issues in any of his reports.

As it has done throughout this trial, Oracle has designated dozens of exhibits for possible use with the fact witnesses, none of which has anything to do with rangeCheck or the test files, much less the extent to which those files contributed to Google profits.  Instead, the designated documents are mostly Google financial projections with large numbers and historical documents relating to whether Google ought to take a license from Sun or Oracle.  Obviously, none of these documents discuss revenue expected from, or the need to take a license for use of, rangeCheck or the test files.  They are irrelevant to any issue to be decided in the damages phase.  Oracle also would like to ask these witnesses questions about Android's gross revenues generally, but Oracle should not be permitted to offer evidence of Android's gross revenues unless and until it has shown a causal link between the infringing works and those revenues (which Oracle will not be able to do).  Even then, these issues are best addressed to Android business unit head Andy Rubin and Android financial analyst Aditya Agarwal, both of whom are also on Oracle's witness list.  Mr. Page, Dr. Schmidt, and Mr. Lindholm did not prepare Google's Android financials and are in no position to explain how those numbers were calculated.

1    Oracle's strategy is abusive and oppressive, and the Court should put a stop to it.  Oracle should not be permitted to drag into court yet again Google's senior management, who already testified at length in the copyright phase, and Mr. Lindholm, who has never done any technical work for Android, RT 863:7-16 (Lindholm), and has already testified twice during this trial, including in the copyright phrase.  Oracle's only possible reasons for calling these witnesses yet again are to put irrelevant large numbers into the public record and to harp on so-called "licensing" documents that have nothing to do with the minuscule works that have actually been found to infringe Oracle's copyrights.  (With respect to the licensing documents, there is no evidence or suggestion that anyone who wrote or received them had any idea that rangeCheck or the eight test files were in Android.)  This Court has made clear that the parties are barred from presenting cumulative testimony already offered in prior phases.  Unless Oracle can proffer some legitimate basis for believing these witnesses have some relevant testimony to offer related to the limited scope of the damages phase, the Court should exclude them from that phase.[1]

   Similarly, Oracle has announced plans to call Dr. Mitchell, but Dr. Mitchell has nothing to say about the qualitative or quantitative importance of rangeCheck or the test files beyond what he already said in phase one.  In his opening report, he opined only that rangeCheck likely had been copied, was called nine times by "other methods in the [TimSort] class," and likely had been used on Android phones.  Mitchell Opening Report ¶¶ 233-240.  As to the decompiled files, he opined only that it was no accident that they were the same as the Java files.  *Id.* ¶¶ 241-248.  He later opined that Google's use of the structure, selection, and organization of the API packages in some Java core libraries had increased consumer demand for Android, *id.* ¶¶ 253-274, but he never discussed rangeCheck or the decompiled files in this section, much less explained how those files could have had an effect on Android's revenues.  In the relevant section of his opposition report, Mitchell Opp. Report ¶¶ 83-100, Dr. Mitchell stated only what he has already said at trial: that rangeCheck performs a parameter test, *id.* ¶¶ 85-86, and that the testing function

---

[1] Moreover, Eric Schmidt has long-standing plans to be out of state during the damages phase; he has business on the East Coast this week, and then will be out of the United States for the remainder of May 2012.

1  enabled by the decompiled files was "important in some way to Google's Android development
2  process." *Id.* ¶¶ 94-95.  His reply report offered nothing new, only referring back to the
3  opposition report.  Mitchell Reply Report ¶ 32.  Simply put, he has no damages-related opinions
4  to offer about the infringing works.  To the extent Oracle plans to call Dr. Mitchell in phase three
5  to opine that Google willfully copied rangeCheck and the test files, he already offered those
6  opinions in phase one.  RT 1255:16-21 (Mitchell on copying of rangeCheck); *id.* at 1259:16-
7  1262:1 (Mitchell on copying of test files).  Because he has already stated all of his disclosed
8  opinions regarding the infringing works, it would be cumulative for Oracle to recall him to testify
9  in the damages phase.
10      For all the foregoing reasons, and most importantly because the damages phase will focus
11  only on Google's revenues and profits linked to the infringing works, the Court should exclude
12  Mr. Page, Dr. Schmidt, Mr. Lindholm, and Dr. Mitchell from the remainder of trial.

Dated:  May 14, 2012

KEKER & VAN NEST LLP

By:  /s/ Robert A. Van Nest
ROBERT A. VAN NEST
Attorneys for Defendant
GOOGLE INC.