MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460
ALANNA RUTHERFORD (Admitted *Pro Hac Vice*)
575 Lexington Avenue, 7th Floor, New York, NY 10022
Telephone: (212) 446-2300 / Facsimile: (212) 446-2350 (fax)

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ORACLE AMERICA, INC.

Plaintiff,

v.

GOOGLE, INC.

Defendant.

Case No. CV 10-03561 WHA

**ORACLE AMERICA, INC.'S OPPOSITION TO GOOGLE'S MOTION TO EXCLUDE CERTAIN WITNESSES FROM THE DAMAGES PHASE**

Dept.: Courtroom 8, 19th Floor
Judge: Honorable William H. Alsup

Oracle America, Inc. opposes Google's motion to exclude Dr. Schmidt, Mr. Page, Mr. Lindholm, and Prof. Mitchell from Phase 3.

Google's description of the documents Oracle has disclosed for the Google executives makes clear that its motion to exclude rests completely on its now well-worn arguments that the only evidence relevant to infringer's profits is "revenue expected from, or the need to take a license for use of, rangeCheck or the test files" (Dkt. 1145 at 1), and that "Oracle should not be permitted to offer evidence of Android's gross revenues unless and until it has shown a causal link between the infringing works and those revenues (which Oracle will not be able to do)." (*Id.*) For the reasons Oracle has articulated several times, Google is simply wrong on the law. Google still does not address the cases, from the Ninth Circuit as well as other appellate courts, that make clear that Google's attempt to limit the statutory inquiry into infringer's profits to one about revenues ultra-narrowly tailored to the infringing code, as opposed to the infringing product, cannot stand.

Oracle made its initial Phase 3 witness disclosures on Sunday, May 13. At that time, Oracle contemplated that Phase 3 would address (1) infringer's profits with respect to the nine literally copied files, (2) willful infringement with respect to the copying of those files; (3) willful patent infringement; and (4) damages for infringement of the '104 and/or '520 patent. Its disclosures of its initial witnesses for Phase 3, including its disclosure not only of the witnesses at issue in the present motion but also Mr. Gupta, Mr. Rubin, and Mr. Agarwal, were and are adapted to the combination of all of those issues. Google's present motion disregards the second, third, and fourth elements altogether. The testimony of Messrs. Schmidt, Page and Lindholm will plainly be relevant to those elements.

Since Oracle made its disclosures, the issue of willful patent infringement has been advanced to Phase 2. Although this reduces the need to call Mr. Lindholm in Phase 3, Oracle submits that Mr. Lindholm's testimony, particularly relating to willfulness in Google's practices regarding use of Sun engineers and his repeated assessment of the need for a license from Sun, remains relevant to Phase 3. At the same time, Oracle recognizes that the need for Mr. Lindholm's testimony in Phase 3 is lower than its need for testimony from the other Google executives.

The testimony of Messrs. Page and Schmidt will be highly relevant in Phase 3, even if one were to adopt Google's incorrect view of relevance. Whereas Google argues that the issues it deems relevant "are best addressed to Android business unit head Andy Rubin and Android financial analyst Aditya Agarwal" (Dkt. 1145 at 1), Oracle has already tried that in repeated depositions, to no end. Neither Mr. Rubin nor Mr. Agarwal can testify about core issues relating to accounting of Android revenues, accounting for Android expenses, or allocation of expenses between business units or activities.

Oracle previously filed a motion to exclude evidence of Google's expenses because Mr. Agarwal could not answer questions at his Rule 30(b)(6) deposition. The Court denied that motion, but – recognizing that Mr. Agarwal did not demonstrate knowledge of the relevant issues as the designated corporate representative of Google – ordered Google to produce another witness. Google produced Mr. Rubin. Mr. Rubin, like Mr. Agarwal, was unable to answer significant questions regarding Google's revenues or practices regarding accounting for expenses. As a result, the Court compelled another deposition of Mr. Agarwal, informed by financial documents that had been provided to Mr. Rubin. Mr. Agarwal remained unable to answer basic questions about Android finances and accounting practices. Because Google failed to produce lower-level employees with relevant knowledge, Oracle is compelled to go higher. Indeed, Messrs. Schmidt and Page are identified in the documents and depositions as part of an executive team who regularly reviewed Android financials. Mr. Page has also been referred to internally at Google as the "executive champion" of Android. (TX 432 at 9.)

In addition, Messrs. Page and Schmidt will testify to a number of other relevant topics, each narroiwly-tailred to issues remaining in Phase 3. These will include:

- *Google's revenues and profits from Android.* Messrs. Schmidt and Page are important witnesses because they each certified Google's financial filings during the relevant time period, and have made numerous statements – in tension with documents Google has produced regarding Android finances – regarding the profitability of Android.

- *The value of the code copying to Google.* Both Dr. Schmidt and Mr. Page will testify about key factors that contribute to the profitability of Android and bear on the jury's assessment of the proper amount of infringer's profits to award in view of the scope of the infringement currently at issue.



BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

- *Google's policies and procedures regarding business ethics, relationships, and use of employees with conflicts of interest.* With regard to both infringer's profits and willfulness, the extent of Google's willingness to disregard existing policies, or the absence of policies to begin with, will be significant in the jury's assessment of both the importance and the willfulness of the infringement.

Google's top executives, including Messrs. Schmidt and Page, made key decisions relating to Android. Google may not have copied much code on a line-by-line basis, but the decision by Google's executives to reject a license from Sun, to not put procedures in place to prevent copying of Sun's code, and to not immediately remove the infringing code from Android is relevant to the value of that infringement to Google.

The value of the copying is demonstrated in part by Google's decision to put its valuable reputation and brand at risk,[1] by refusing to take a license and then copying Sun's code. Google's motto, trumpeted by Google's top executives, is "Don't be evil." But Google rejected a partnership with Sun and instead made the decision to permit an engineer with a clear conflict – Josh Bloch – to work on Android and to hire a "super shady" contractor – Noser – to develop class libraries for Android. (TX 281) The testimony of Google's top executives will be relevant to the jury's assessment of these issues. The jury may conclude that the infringement was neither a major factor in Android's profitability nor intentional. But they should be permitted to make that decision based on a full and fair presentation of evidence.

Google contends that Oracle should be required to make some "proffer" regarding how these witnesses have relevant testimony for Phase 3. To the extent this is not fulfilled by the discussion above, Oracle notes that it disclosed to Google the substance of their testimony months ago. In October 2011, Oracle identified Mr. Schmidt and Mr. Page as witnesses who it would call live at trial to testify about the "benefits to Google from Android," "Google's revenue and profit projections for Android," and the "facts relating to Google's willful patent and copyright infringement." (Dkt. 523-2 p. 6, 8.) Oracle disclosed Mr. Lindholm as a witness who would testify about "the facts relating to

---

[1] In its most recent 10-K filing, Google stated: "Maintaining and enhancing the 'Google' brand is critical to expanding our base of users, advertisers, Google Network Members, and other partners." (TX 1216 at p. 14.)



BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

Google's willful patent and copyright infringement." (*Id.* at p. 3.) Oracle has disclosed specific documents that it intends to use with each of these witnesses.[2] All of these documents are relevant to the issues in Phase 3.

Granting Google's motion would be prejudicial given that the Court ordered that this trial proceed in phases and limited the testimony that Oracle could elicit during the previous phases. Thus, although Messrs. Page and Schmidt have each testified already once, their recall in Phase 3 was required by the phased approach to trial. Oracle is not calling these witnesses to offer, as Google suggests, "cumulative testimony already offered in prior phases." (Dkt. 1145 at 2.) Oracle seeks to call these individuals to testify about the key issues that go to Google's decision-making and the value of the infringement to Google, issues that Oracle was unable to address during the earlier phases.[3]

Google also seeks to exclude the testimony of Professor Mitchell. This request is unwarranted. Professor Mitchell evaluated, and disclosed his evaluation of, the code files that Google copied, and Oracle plans to call him as a witness in Phase 3 to discuss the importance of those code files. One component of infringer's profits is the development costs and time that were saved as a result of the infringement. Based on his disclosed opinions regarding the importance of testing, Dr. Mitchell can provide testimony on this point as well. (Mitchell Opp. Report ¶¶ 91-95.) Google's claim that Dr. Mitchell has "nothing to say" beyond what he said in Phase 1 is wrong. To the extent Google has concerns about whether certain testimony was disclosed in Dr. Mitchell's reports, those concerns can be addressed during the testimony, as has been the parties' practice. It is

---

[2] Because Google has produced multiple versions of many financial documents, many of which are redacted, inconsistent with each other, or incomplete, Oracle designated multiple iterations of particular documents. This necessarily increased the number of disclosed financial documents. Beyond this set, Oracle designated a relatively limited set of documents specially relating to willfulness and the executives' past statements regarding the profitability of Android.

[3] In a footnote, Google states: "Eric Schmidt has long-standing plans to be out of state during the damages phase; he has business on the East Coast this week, and then will be out of the United States for the remaining of May 2012." Oracle notified Google of its intent to call Mr. Schmidt as a witness in Phase 3 (along with Mr. Page and Mr. Lindholm) on May 2 – twelve days ago. This evening's motion is the first time Google indicated that Mr. Schmidt might be unavailable.



BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

improper to limit Dr. Mitchell's testimony before-the-fact, based again on nothing more than say-so by Google's attorneys about what Dr. Mitchell can testify to in Phase 3.

Oracle requests that the Court deny Google's motion.

Dated: May 14, 2012

BOIES, SCHILLER & FLEXNER LLP

By: _*/s/ Steven C. Holtzman*____
Steven C. Holtzman

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA