KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (Pro Hac Vice)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Telephone:    212 556 2100
Facsimile:    212 556 2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone:    415 318 1200
Facsimile:    415 318 1300

GREENBERG TRAURIG, LLP
IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
1900 University Avenue
East Palo Alto, CA 94303
Telephone:    650 328 8500
Facsimile:    650 328 8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **GOOGLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON COUNTS V AND VII OF ORACLE'S AMENDED COMPLAINT** <br><br> Dept.:    Courtroom 8, 19th Floor <br> Judge:    Hon. William Alsup |

## I. INTRODUCTION

In accordance with Rule 50 of the Federal Rules of Civil Procedure, and as previously set forth in open court (RT 3707-3709), Google hereby moves for judgment as a matter of law on Counts V and VII of Oracle's Amended Complaint. Google will file its brief in support of this motion in accordance with the schedule set by the Court on May 14, 2012, namely, by 5:00 PM on May 16, 2012.

## II. ARGUMENT

*First*, as to Count V, Google is entitled to judgment as a matter of law that it has not infringed U.S. Patent No. RE 38,104 ("the '104 Patent"), in that Oracle has:

(i) failed to present proof adequate to support a conclusion by the jury of infringing acts performed by Google, or that the accused software is sold, as required for infringement; 35 U.S.C. § 271(a); *see also PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1359 (Fed. Cir. 2007);

(ii) failed to present any evidence of literal infringement, but instead presented fact and expert testimony directed, at most, to infringement under the doctrine of equivalents, a theory of infringement that was not disclosed by Oracle in its patent infringement contentions under Rule 3-1 of the Patent Local Rules of the United States District Court for the Northern District of California ("Patent Local Rules"); and

(iii) presented expert testimony that offers an opinion of infringement based on an improper claim construction that is in conflict with the construction of that term provided by the Court, *see* ECF No. 137 at 20-22, as well as in conflict with what was urged by Oracle in its claim construction briefing (ECF No. 94) ("references in the '104 patent are either by location (a numeric reference) or by name (a symbolic reference)").

*Second*, as to Count VII, Google is entitled to judgment as a matter of law that it has not infringed U.S. Patent No. 6,061,520 ("the '520 Patent"), in that Oracle has:

   (i) failed to present proof adequate to support a jury verdict of infringing acts performed by Google, or that the accused software is sold, as required for infringement; 35 U.S.C. § 271(a); *see also PharmaStem*, 491 F.3d at 1359;

   (ii) failed to present any evidence of literal infringement, but instead presented fact and expert testimony addressed, at most, to infringement under the doctrine of equivalents, a theory of infringement that was not disclosed by Oracle in its patent infringement contentions under Rule 3-1 of the Patent Local Rules; and

   (iii) presented expert testimony that offers an opinion of infringement based on an improper construction of the claims of the '520 Patent, a new construction presented for the first time at trial.

*Third,* as to Count V, Google is entitled to judgment as a matter of law that all claims of the '104 Patent are invalid due to improper broadening of the claims by way of a continuation application filed March 3, 1999, more than two years after the issuance of the original patent, U.S. Patent No. 5,367,685, on November 22, 1994.  The patent statute requires that broadening reissue applications be filed within two years of issuance of the original patent.  35 U.S.C. § 251.  Although the U.S. Court of Appeals for the Federal Circuit has recently concluded that broadening claims filed more than two years after the issue date of the original patent may be permissible if the reissue matures out of a continuation of a timely-filed broadening application, *In re Staats*, 671 F.3d 1350, 1356 (Fed. Cir. 2012), the Court essentially invited a petition for rehearing en banc.  *Id.* at 1356.  Google believes that the case will be reheard and the decision will be reversed, requiring the invalidation of the claims of the '104 Patent.  Google therefore moves for judgment as a matter of law to preserve this issue for appeal.  Google also notes that the claims of the '104 Patent were broadened by eliminating the recitation of a generating executable code and compilation means, as well as narrowed by including in all claims of the reissue patent the limitation that symbolic references be contained in the instructions.  Though narrower in this respect, the claims of the '104 Patent have nevertheless been broadened for

purposes of 35 U.S.C. § 251.

> A claim of a reissue application is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent. A reissue claim that is broader in any respect is considered to be broader than the original claims *even though it may be narrower in other respects*.

*See Tillotson, Ltd. v. Walbro Corp.*, 831 F.2d 1033, 1037 n.2 (Fed. Cir. 1987) (emphasis added).

*Fourth,* Google moves for judgment as a matter of law that it has not willfully infringed either the '104 Patent or the '520 Patent. The actual notice that is a prerequisite for willful infringement did not occur until July 20, 2010, only twenty-three days before this lawsuit was filed on August 12, 2010. (Dkt. 1). Three weeks of total pre-suit exposure to and awareness of each of the original seven patents-in-suit is *per se* insufficient to support a finding of objective recklessness as required under *In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007). Objective recklessness cannot be established by actions taken in the three weeks following notice of seven complex patents. But even if it could, it would support a conclusion of willful infringement for at most that three week period.

Google's Rule 50 motion is based on this Motion, Google's May 10, 2012 oral motion for judgment as a matter of law (RT 3707-3709), the brief in support and the evidence and authorities cited therein that Google will file in support of this Motion, the entire trial record, and such argument as the Court allows on this Motion.

Dated:  May 14, 2012                                   KEKER & VAN NEST LLP

                                                                          /s/ Robert A. Van Nest
                                                               By:        ROBERT A. VAN NEST

                                                                          Attorneys for Defendant
                                                                          GOOGLE INC.

**ATTESTATION**

I, Bruce W. Baber, am the ECF User whose ID and password are being used to file this GOOGLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON COUNTS V AND VII OF ORACLE'S AMENDED COMPLAINT.  In compliance with General Order 45, X.B., I hereby attest that Robert A. Van Nest has concurred in this filing.

Date:  May 14, 2012                           /s/ Bruce W. Baber
                                              BRUCE W. BABER