United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

/

No. C 10-03561 WHA

**FINAL CHARGE TO THE JURY
AND SPECIAL VERDICT FORM
FOR PHASE TWO**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this phase. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence and to decide whether the side with the burden of proof has carried that burden, applying the elements of proof required by the law, elements I will provide you in a moment. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you. I will repeat only part of the instructions I previously gave you regarding what is and is not evidence and the burdens of proof.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, whether presented in person or by depositions;
2. The exhibits received into evidence; and
3. Any stipulated facts and pretrial discovery items read into evidence, such as the responses to the requests for admissions.

3.

Certain things, however, are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence itself. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence.

4.

Evidence may be direct or circumstantial. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

5.

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

6.

Now I will address the burden of proof. In this phase, the preponderance of the evidence standard applies to all issues except one. When a party has the burden of proof on any issue by a preponderance of the evidence, it means you must be persuaded by the evidence that the allegation is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on the issue. Preponderance of the evidence basically means "more likely than not."

For one issue, the standard is higher and is called proof by clear and convincing evidence. When a party has the burden of proving any claim by clear and convincing evidence,

it means you must be persuaded by the evidence that the claim is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

7.

On any issue, if you find that plaintiff carried its burden of proof as to each element of a particular issue, your verdict should be for plaintiff on that issue. If you find that plaintiff did not carry its burden of proof as to each element, you must find against plaintiff on that issue.

8.

I now will turn to the law that applies to this case. As you know, in this lawsuit Oracle seeks relief from Google for allegedly infringing claims 11, 27, 29, 39, 40, and 41 of United States Patent Number RE38,104 ("Method And Apparatus For Resolving Data References In Generated Code"); and claims 1 and 20 of United States Patent Number 6,061,520 ("Method and System for Performing Static Initialization"). I will refer to these claims as the "asserted claims." The products that allegedly infringe the asserted claims are certain Android mobile devices and software and the Android Software Development Kit ("SDK"). The Android SDK is a set of development tools that a programmer can use to develop applications for Android. The Android SDK includes a set of libraries, documentation, an emulator for emulating an Android device on a computer, a debugger, and a sample set of code. Google denies that it infringes. Your job is to decide the issues of infringement.

9.

As you know, the patent claims are the numbered paragraphs at the end of the patent. The claims are important because they specifically define the exclusive rights granted by the patent office. The figures and the rest of the patent provide a description and/or examples of the invention and provide a context for the claims but the claims define how broad or narrow the patent holder's rights are. It is often the case that a patent specification and its figures disclose more than the specific matter claimed as inventions, so it is important to keep straight what the specification says versus what the claims say.

4

10.

In a patent, an *independent* claim is one that is a stand-alone claim and does not incorporate any other claim. A *dependent* claim is one that depends on an earlier claim by incorporating it by reference and then adding one or more additional elements. Such incorporation imports the entirety of the incorporated claim, including all of its elements, into the dependent claims. For the '104 patent, all of the asserted claims are independent claims. For the '520 patent, claim 1 is an independent claim. Claim 20 is a dependent claim. Claim 20 incorporates independent claim 18.

11.

I am now going to instruct you on the meaning of some of the words and phrases in the claims of the '104 patent. You must accept and use these meanings in your deliberations.

*Intermediate form code* and *intermediate form object code*: Both "intermediate form code" and "intermediate form object code" mean "executable code that is generated by compiling source code and is independent of any computer instruction set."

*Symbolic reference*: The term "symbolic reference" means "a reference that identifies data by a name other than the numeric memory location of the data, and that is resolved dynamically rather than statically."

*Resolve* and *Resolving*: The term "resolving" a symbolic reference means "at least determining the numerical memory-location reference that corresponds to the symbolic reference."

You must accept these definitions as established for purposes of your deliberations and verdict. You may, however, consider all of the evidence in the case as to whether or not the accused product or method meets these definitions. If a witness has based his view on meanings of the terms contrary to my stated definitions, you should discount that part of his testimony accordingly.

5

12.

Oracle has the burden of proof on infringement. Oracle must persuade you that it is more likely than not that Google has infringed.

13.

A patent's claims define what is protected by the patent. A product or method infringes a patent if all limitations of an asserted claim are present in the product or method. Each claim asserted must be separately analyzed.

14.

Oracle accuses Google of infringement. Deciding whether a claim has been infringed is a two-step process. The first step is to decide the meaning of the patent claim. I have already instructed you as to the meaning of some of the terms in the asserted patent claims. The second step is to decide whether Google has made, used, sold, or offered for sale within the United States a product or method covered by an asserted claim. Distributing or offering a product for free constitutes a use or sale. If Google has, it infringes. You, the jury, make this decision.

You must consider each of the asserted claims of a patent individually, and decide whether Google infringes that claim.

To decide whether an accused product or method infringes an asserted claim, you must compare the accused product or method with that particular patent claim and determine whether every limitation of the asserted claim is included in the accused product or method. If so, then the maker, user, or seller of the product or method infringes that claim. If, however, the accused product or method does not meet every requirement in the particular asserted claim, then the maker, user, or seller does not infringe that claim. You must decide infringement for each asserted claim separately. Oracle must prove infringement of the claim by a preponderance of the evidence.

15.

If all elements of an asserted claim have been proven, it is not a defense to infringement that the accused product or method includes an additional element not called out in the patent claim. For infringement to be proven, the elements must all be present as per the claim

6

language. For example, if a patented method claim calls out three steps to paint a wall, it would be infringed by a method including the same three steps in the claim and it would be no defense that a fourth step is also done.

16.

To prove infringement, it is not necessary to prove that any infringement was intentional or willful. Innocent infringement would still be infringement. The fact, if true, that the accused product or method was independently developed without any copying of the patent owner's product or method is not a defense to infringement. All that matters for purposes of infringement is whether all limitations of the claim are present in the accused product or method.

17.

To assist you on the infringement issue, counsel gave you a handout that identified the limitations in dispute and underlined in red the elements disputed. Oracle contends that the accused products and methods satisfy all the limitations of the asserted claims. Google concedes that the elements not underlined are present in the accused products but contends the underlined items are absent.

You heard reference during opening statements to something called "indirect infringement." In order to simplify your work, the parties have agreed that the only issue for you to decide is whether Google infringes and if so whether it was willful.

18.

If you have decided that Google has infringed, you must go on and address an additional issue of whether or not this infringement was willful. For this willfulness inquiry, you can only consider events that occurred prior to the filing of this lawsuit on August 12, 2010.

Willfulness requires you to determine by clear and convincing evidence that Google acted recklessly. Again, when a party has the burden of proving any claim by clear and convincing evidence, it means you must be persuaded by the evidence that the claim is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence. To prove that Google acted recklessly, Oracle must prove two things by clear and convincing evidence:

7

The first part of the test is objective: Oracle must persuade you by clear and convincing evidence that Google acted despite a high likelihood that Google's actions infringed a patent. In making this determination, you may not consider Google's state of mind. Legitimate or credible defenses to infringement, even if not ultimately successful, demonstrate a lack of recklessness. Only if you conclude that Google's conduct was reckless do you need to consider the second part of the test.

The second part of the test does depend on the state of mind of Google. Oracle must persuade you by clear and convincing evidence that Google actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a patent.

To determine whether Google had this state of mind, consider all facts which may include, but are not limited, to:

1. Whether or not Google acted in accordance with the standards of commerce for its industry;
2. Whether or not Google intentionally copied a product of Oracle that is covered by the asserted patents;
3. Whether or not there is a reasonable basis to believe that Google did not infringe or had a reasonable defense to infringement;
4. Whether or not Google made a good-faith effort to avoid infringing the asserted patents, for example, whether Google attempted to design around the asserted patents; and
5. Whether or not Google tried to cover up its infringement.

19.

I will again give you a special verdict form to guide your deliberations. Although the special verdict form presents the questions in numerical order, you may consider the questions out of sequence so long as your answers conform to the directions on the form concerning which questions you must ultimately answer and which questions are only conditional depending on your other answers.

20.

When you retire to the jury room to deliberate, you will soon receive the following things:

1. All of the exhibits received into evidence, including those from Phase One;
2. An index of the exhibits;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

Remember that none of these items are evidence except the exhibits.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

21.

In your deliberations it is usually premature to take a straw vote early on. This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging in their heels. Rather it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote. In this way, all the viewpoints will be on the table before anyone expresses a vote. These are merely recommendations, however, and it is entirely up to you to decide on how you wish to deliberate.

22.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, via the Marshal, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any

9

question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

23.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let us know via note what hours you will be deliberating so that we may conform our schedule to yours.

24.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

25.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the Marshal that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: May 15, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10