IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C 10-03561 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING GOOGLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING REGISTRATION AND OWNERSHIP** |
| GOOGLE INC., | |
| Defendant. | |

Google seeks Rule 50 judgment as a matter of law regarding Oracle's copyright registration and ownership of the asserted works. For the reasons stated below, the motion is **DENIED**.

At trial, Oracle presented evidence that it was the owner and copyright holder of the asserted 37 API packages and eleven code files. Oracle produced the copyright registration certificates for "Java 2 Standard Edition, Version 1.4" (TX 464) and "Java 2 Standard Edition, Version 5.0" (TX 475). These works were registered as derivative works (or compilations) of "[p]rior works by claimant and licensed-in components" with the addition of "[n]ew and revised computer code and accompanying documentation and manuals" (Dkt. No. 36 Exh. 8 at Section 6). The asserted 37 API packages and eleven code files are parts of the J2SE 5.0 platform.

At trial, Oracle's Chief Java Engineer, Mark Reinhold, testified that he had reviewed the J2SE 5.0 source code in 2006, long before the start of this litigation, to determine whether the Java API packages in J2SE 5.0 were owned by Sun or third parties (Tr. at 2231). This was done to determine if Sun had the right to open source the code for the API packages. His review found that "Sun had a copyright notice in every single one of the API class source files" for the asserted 37 API packages in this action (Tr. 2231–32). He also testified that nobody has ever asserted that Sun did not own all right, title and interest to these 37 API packages (Tr. 2254–55).

Google argues that Oracle failed to register J2SE 5.0 properly because Oracle did not submit the entire source code for the platform to the Copyright Office. This argument is unpersuasive. Oracle was not required to submit entire source code files to register the platform. COPYRIGHT OFFICE CIRCULAR 61.

Google also argues that Oracle failed to prove ownership of the asserted works (the 37 API packages and eleven code files) that are part of the registered J2SE 5.0 platform. Google is incorrect about the burden of proof. Because Oracle properly registered the J2SE 5.0 platform, Google had the burden to overcome the presumption of ownership. 17 U.S.C. 410(c) (certificate of registration "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate"). This presumption of ownership is true even for individual works that are broadly registered as part of a compilation or derivative work. *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257–59 (9th Cir. 2011). The issue of whether Sun, now Oracle, owned the asserted works was a question of fact for the jury, not a question of law. *Del Madera Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 979 (9th Cir. 1987). Google could have argued to the jury that Oracle did not own the asserted works; but Google expressly waived that contention in the final jury instructions (Tr. 2392–96).

Finally, Google argues that what Oracle registered as J2SE 5.0 with the Copyright Office was not the same version that was shown to the jury as Exhibit 623. This argument is unpersuasive. There was sufficient testimony that Exhibit 623 did accurately represent the J2SE 5.0 work registered with the Copyright Office (Tr. at 2236–38). Google has failed to rebut this testimony.

2

For the reason stated above, Google's Rule 50 motion on ownership and registration is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 16, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE