Volume 24

                                        Pages 4238 - 4265

              UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

           BEFORE THE HONORABLE WILLIAM H. ALSUP

ORACLE AMERICA, INC.,              )
                                   )
              Plaintiff,           )
                                   )
   VS.                             )   No. C 10-3561 WHA
                                   )
GOOGLE, INC.,                      )
                                   )
              Defendant.           )   San Francisco, California
_____)      May 16, 2012


                    **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff:**            MORRISON & FOERSTER
                              755 Page Mill Road
                              Palo Alto, California  94304
                    BY:  **MICHAEL A. JACOBS, ESQUIRE**
                         **KENNETH A. KUWAYTI, ESQUIRE**
                         **MARC DAVID PETERS, ESQUIRE**
                         **DANIEL P. MUINO, ESQUIRE**

                              BOIES, SCHILLER & FLEXNER
                              333 Main Street
                              Armonk, New York 10504
                    BY:  **DAVID BOIES, ESQUIRE**
                         **ALANNA RUTHERFORD, ESQUIRE**


(Appearances continued on next page)



Reported By:  Katherine Powell Sullivan, RPR, CRR, CSR #5812

**APPEARANCES (CONTINUED):**

For Plaintiff:      BOIES, SCHILLER & FLEXNER
1999 Harrison Street, Suite 900
Oakland, California  94612
BY:  **WILLIAM FRED NORTON, ESQUIRE**
**STEVEN C. HOLTZMAN, ESQUIRE**

ORACLE AMERICA, INC.
500 Oracle Parkway
Redwood Shores, California  94065
BY:  **ANDREW C. TEMKIN, CORPORATE COUNSEL**
**DORIAN DALEY, GENERAL COUNSEL**

For Defendant:     KEKER & VAN NEST
633 Battery Street
San Francisco, California  94111-1809
BY:  **ROBERT ADDY VAN NEST, ESQUIRE**
**CHRISTA MARTINE ANDERSON, ESQUIRE**
**DANIEL PURCELL, ESQUIRE**
**MICHAEL S. KWUN, ESQUIRE**
**MATTHIAS ANDREAS KAMBER, ESQUIRE**
**EUGENE MORRIS PAIGE, ESQUIRE**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036-4003
BY:  **BRUCE W. BABER, ESQUIRE**
**SCOTT T. WEINGAERTNER, ESQUIRE**

GOOGLE, INC.
1600 Amphitheatre Parkway
Mountain View, California  94043
BY:  **RENNY HWANG, LITIGATION COUNSEL**

Also Present:     **SAFRA CATZ, President and CFO**
Oracle Corporate Representative

**CATHERINE LACAVERA**
Google Corporate Representative

1                    **P R O C E E D I N G S**

2   **MAY 16, 2012**                                      **9:21 A.M.**

3

4              (The following proceedings were held in open court,

5              outside the presence of the jury.)

6         **THE COURT:**  All right.  Have a seat, please.

7              I received a stipulation, which I've read, regarding

8   copyright damages.  Now, is this agreed to by the two sides?

9         **MR. BOIES:**  It is, Your Honor.  I don't know whether

10  there's any typos or not.

11        **MR. BABER:**  I don't believe there are.

12        **MR. JACOBS:**  You and I just corrected a few minor

13  things since you received that version.

14        **MR. BABER:**  No, no.  That's the fresher version.

15        **MR. JACOBS:**  I'm sorry.

16        **MR. BOIES:**  Then it is agreed, Your Honor.

17        **THE COURT:**  Good.  I just want to make sure I

18  understand one paragraph of this, which I think I understand.

19  But there's a paragraph 2.  I guess it's 2B.  And the way I

20  read this is -- I'll just read it out loud and then tell you my

21  question, how I understand it.

22              2B says, "Oracle shall be free" -- this is in the

23  event that a future jury gets the SSO issue.

24              "Oracle shall be free to seek from the Future

25              Jury monetary relief in the form of profits

*Katherine Powell Sullivan, CSR, RPR, CRR*
*Official Reporter - U.S. District Court*
*(415) 794-6659*

```
1                    for the infringement arising as a result of

2                    the Copied Materials ..."

3               I'll pause here and say the copied materials are

4    questions 3A and B, the rangeCheck and decompiled.

5                    "... but only to the extent such profits are

6                    not taken into account in computing any

7                    actual damages or profits sought for

8                    infringement of the SSO; provided, however,

9                    that nothing herein shall require Oracle to

10                   allocate its actual damages and/or profits

11                   claimed between the SSO and the Copied

12                   Materials."

13               So my only question for you is -- and I'll put it the

14   context of the nexus argument -- is this in some way a waiver

15   by Google of the nexus argument?

16          MR. BABER:  No, Your Honor.  It says that they'll be

17   free to seek it.  And we have all arguments available to us

18   that we have now.

19          THE COURT:  That's the way I understand it, but I

20   want it to be clear.

21          MR. BOIES:  That is correct, Your Honor.  They are

22   not waiving their defenses.

23          THE COURT:  All right.  Well, not just defenses, but

24   the nexus argument is not necessarily a defense.

25          MR. BOIES:  Your Honor, they may be waiving some of
```

```
 1  their defenses.  What I meant to say is, they are not waiving

 2  the argument on the causal nexus that we have been discussing.

 3          THE COURT:  All right.

 4          MR. VAN NEST:  We're also not waiving any other

 5  defenses.

 6          (Laughter)

 7          THE COURT:  I don't see any waiver here.

 8          MR. VAN NEST:  Right.

 9          THE COURT:  But the phrase "shall be free to seek,"

10  you know, there's one thing -- knocking on the door is one

11  thing.  Opening the door is another.  So this just says you can

12  knock on the door.

13          MR. VAN NEST:  You've got it.

14          THE COURT:  That's the way I read it.

15          MR. BOIES:  Your Honor, all that does is say we are

16  free to present that claim.  It doesn't resolve what happens

17  when we present it.

18          THE COURT:  All right.  Well, I want to sign the

19  version that you two have signed, so let me hand down the

20  version that I have here and you tell me if this is the one

21  both of you have signed.  So I will sign it, and then there

22  will be an agreement.

23          (Counsel confer off the record.)

24          MR. JACOBS:  That's right.

25          MR. BABER:  This is it, Your Honor.
```

1           **THE COURT:**  As I understand your arrangement here and

2    what the Court's order will be, that with respect to copyright

3    and copyright only -- I'm not addressing patent; that's

4    separately addressed -- but with respect to copyright, there

5    will be no further work by the jury we have here?

6           **MR. BOIES:**  That is correct, Your Honor.

7           **MR. BABER:**  Correct, Your Honor.

8           **THE COURT:**  All right.  And, in fact, on copyright,

9    there won't be any further work until after any appeals or

10   after a new trial, if the Court were to grant a new trial on --

11   somebody was hacking and coughing.  The static crash interfered

12   with the ability of the court reporter to hear what was said.

13   I didn't hear it either.  I'll repeat it.

14          In fact, unless the Court were to grant a rule -- not

15   a Rule 50, but a new trial, and so that before it goes up on

16   appeal, then there won't be any future jury until after the

17   appeal.  On the other hand, if we were to have a new trial on

18   the copyright before it goes on appeal, then this would kick

19   in.  Right?

20          **MR. JACOBS:**  I think there are several procedural

21   steps along the way to what happens next, Your Honor.

22          **THE COURT:**  Tell me what those are so I make sure

23   I -- I want to make sure I understand my part of this.

24          **MR. JACOBS:**  So we have a copyrightability ruling

25   coming from you.

PROCEEDINGS

 1          **THE COURT:**  Right.

 2          **MR. JACOBS:**  And then, at that stage, the parties

 3   will assess where we are in terms of the verdict that has been

 4   rendered to date.

 5          You have a motion pending before you from Google,

 6   that separates 1A from 1B.  That's unruled on.  For new trial

 7   purposes -- sorry.  They propose that -- their motion is that

 8   1A and 1B be tried together in any new trial.  We opposed that.

 9          I think that what Your Honor may well do is decide

10   that question after you decide copyrightability, because after

11   you issue your copyrightability ruling we'll both have to look

12   at that ruling and figure out what its implications are for the

13   next phase of the case.

14          And then, at that stage, we will be looking at what

15   motions might be filed, what trial might be set on liability as

16   to the SSO, any appellate options that might present themselves

17   to either side.  Although, it's unclear to me what those would

18   be, at this point.  And then we would be back to you about the

19   next stage.

20          **THE COURT:**  Let's take both branches.  If I were to

21   say that parts of this were copyrightable, then we would have

22   to retry questions 1A and 1B.  And whether we did it in one

23   trial or not, it would not go up on appeal absent a

24   certification -- certification for interlocutory appeal.

25   Right?

 1           MR. JACOBS:  I believe that's right.

 2           Let me say it somewhat -- I think there are two

 3   branches.

 4           When the Court issues its copyrightability ruling, we

 5   will look at it with an eye towards seeing whether the jury

 6   verdict on 1A stands in view of that ruling.

 7           Google will look at it because Google wants to retry

 8   1A.  Google will look at it with a view toward does that

 9   strengthen their argument that 1A needs to be retried, whatever

10   the law was in the Ninth Circuit about whether you can separate

11   a finding of infringement from a non-finding of fair use for

12   purposes of a new trial.

13           And then the parties --

14           THE COURT:  Let's just pause on that part.  I

15   understand that.  And I am making no ruling one way or the

16   other on whether 1A and 1B go together or separately.  Each

17   side would be reserving on that.

18           All right.  So, so far I understand.  Okay.

19           MR. JACOBS:  And let's assume then that we succeed in

20   persuading Your Honor that given the scope of the

21   copyrightability ruling as against the instruction the jury

22   got, and given the Ninth Circuit rules allowing a separation of

23   a verdict on an affirmative claim of infringement and a

24   non-verdict on the affirmative defense of fair use, we succeed

25   in persuading you that the next trial should be only on the

 1  fair use question.

 2              THE COURT:   All right.   So in your stipulation where

 3  you say, "Proceedings with respect to the SSO claim will be

 4  bifurcated, i.e. liability," you're each reserving your

 5  positions on whether or not any new trial would be on 1A and 1B

 6  put together or separately?

 7              MR. JACOBS:   We are both reserving our positions.

 8  Neither side intended to prejudge the outcome of that by the

 9  stipulation.

10              THE COURT:   All right.   That's fine.

11              What happens, then, if I were to rule the other way

12  and say that none of this is copyrightable?   Then what's the

13  scenario?

14              MR. JACOBS:   In the scenario --

15              THE COURT:   Would it go up on appeal at that point?

16              MR. BABER:   Yes.

17              THE COURT:   What would be left?

18              MR. BABER:   Yes, Your Honor, we believe it would go

19  up on appeal.   And then, at that point, there would be two

20  options.   You could either say, well, in order to have a final

21  judgment on all issues I'm going to go ahead and do the

22  statutory damage award for these copied materials.   Or you

23  could say we enter final judgment on the SSO claim, and we

24  leave this hanging to see if it ever comes back for a jury

25  trial.

1           **THE COURT:**  Wait.  Let's be clear on that part.

2   Let's say that the Court says not copyrightable in the first

3   place.  That would still leave hanging the damages issue for

4   these two items.

5           **MR. BABER:**  Right.

6           **THE COURT:**  Is your deal that it would go up on

7   appeal first, and then come back, and we would enter some kind

8   of final judgment anyway so that could happen?  How do you

9   propose that that be implemented?

10          **MR. BABER:**  I don't think we spoke about that.

11          **THE COURT:**  I can imagine either way that you would

12  have an express understanding that it would be put off until a

13  future day, and without prejudice to reopening this.  But -- on

14  the damages part.

15          **MR. BOIES:**  Your Honor --

16          **THE COURT:**  Or, I don't know, give me your thoughts

17  on that.

18          **MR. BABER:**  What I think would make the most sense,

19  at that point, Your Honor, would be if you decide that the SSO

20  is not copyrightable, then at that point you would exercise

21  your role under paragraph 3 and award statutory damages for

22  these copied materials, and then everything could go up to the

23  fed circuit.

24          **THE COURT:**  So is that an option that both sides

25  would see as within the scope of paragraph 3?

```
 1          MR. BOIES:  I think so, so long as it's -- We had

 2   anticipated a different approach, but I think we get there the

 3   same way.

 4          I think, as long as it's clear that if it then goes

 5   up on appeal and the SSO decision is reversed so it comes back

 6   down again, then we have the right to go not just on statutory

 7   damages but on infringer's profits with the others.

 8          MR. BABER:  I would think at that point what your

 9   rights are would depend on what the fed circuit says about the

10   copied materials.

11          MR. BOIES:  All I'm saying is that the way we'd

12   contemplated it was that if you had a decision that the SSO is

13   not copyrightable, that issue would simply go up.

14          Either you would separate that out and get the final

15   judgment -- which I think is the right way to do it on that

16   part of the case.  And then we either come back down again, in

17   which case we might try the 3A and 3B.  Or, if it didn't, then

18   the judge would apply statutory damages.

19          But, either way, I think we are in agreement that if

20   the SSO case is decided adverse to us, it ought to -- that

21   issue ought to go up on appeal and ought not to await something

22   happening with respect to 3 --

23          THE COURT:  I think Mr. Boies is correct on that

24   because the way you phrased your paragraph 3 is, "In the event

25   that no portion of Oracle's SSO claim is submitted to a Future
```

```
 1  Jury for an assessment," we won't know the answer to that in

 2  that branch we're pursuing until there is an appeal.

 3          So, it seems to me if I were to go ahead now in that

 4  scenario and do statutory damages but then the big question got

 5  reversed on appeal, that Oracle would be free to say, okay, now

 6  paragraph 2 governs.

 7          MR. BABER:  I think that's right, Your Honor.

 8          THE COURT:  All right.  Okay.  Those are my

 9  questions.  I'm signing your stipulation.

10          So that part is done.  I thank counsel for being so

11  brilliant in solving at least one piece of this problem.

12          So there's now -- now, then, there are no motions

13  in limine for Phase Three.

14          (Laughter)

15          MR. VAN NEST:  That's correct, Your Honor.

16          Will you be filing that as an order?

17          THE COURT:  I will.  It's been signed.

18          Dawn, I'm giving it to you right now.

19          THE CLERK:  I'll need counsel to E-file this as a

20  proposed order, and then we can go ahead and do the final.

21          THE COURT:  Do they have to do that?

22          THE CLERK:  We could scan it.

23          MR. BABER:  E-file the stip so it will be in the

24  docket.

25          THE COURT:  We'll take care of filing the one that
```

1    has my signature on it.  We'll figure out a way to do it.

2              All right.  The jury has been hard at work since

3    8 o'clock.  It's now 9:36.  We haven't heard a word from them.

4              So --

5              MR. VAN NEST:  That's all we have, Your Honor.

6              THE COURT:  Anything over there?

7              MR. JACOBS:  Nothing, Your Honor.

8              MR. VAN NEST:  Thank you.

9              THE COURT:  As soon as we hear anything, you will be

10   the first to know.

11             (Proceedings in recess from 9:36 a.m. to 12:27 p.m.)

12             THE COURT:  So we have a question.  Have you all read

13   the question?

14             MR. VAN NEST:  Yes, Your Honor.

15             MR. JACOBS:  Yes, Your Honor.

16             THE COURT:  I will read it for the record.  Note No.

17   2 -- Note No. 1 says:  "Our exhibit list seems to be for Phase

18   1 only."  Okay.  I guess that got corrected.

19             All right.  Note No. 2:

20             "In paragraph 14 of Final Charge to Jury we

21             are to first decide the meaning of the patent

22             claims.  We are examining the question of

23             what is meant by 'instructions containing one

24             or more symbolic references.'  Is the

25             interpretation of 'containing' open to

PROCEEDINGS

1       inclusion of a process, i.e. the symbolic

2       reference resolution?  Alternately, is

3       'containing' more strictly defined to refer

4       to the literal contents, e.g. 52 and 01?"

5       Signed, "Greg Thompson, Foreperson."

6           So, let's see what they're talking about here.

7  Paragraph 14.

8           Where does the word "containing" come from?

9           **MR. VAN NEST:**  That's in the claim language, Your

10 Honor.

11          **THE COURT:**  What claim is that?

12          **MR. VAN NEST:**  Claim 11.

13          **THE COURT:**  So, 11 reads:

14      "An apparatus comprising a memory containing

15      intermediate form of object code constituted

16      by a set of instructions, certain of said

17      instructions containing one or more symbolic

18      references" -- so we've got the word

19      "containing" there twice already -- "and a

20      processor configured to execute said

21      instructions containing one or more symbolic

22      references by determining a numerical

23      reference corresponding to said symbolic

24      reference, storing said numerical reference

25      and obtaining data in accordance to said

PROCEEDINGS                                                    1252

 1              numerical reference."

 2         So the word "containing" that they are asking about

 3    is the phrase "instructions containing one or more symbolic

 4    references," which is the first underlined phrase in paragraph

 5    11.

 6              **MR. VAN NEST:**  That's right, Your Honor.

 7              **THE COURT:**  All right.  So that's the issue.

 8         What do the lawyers have to say about that issue?

 9              **MR. JACOBS:**  The answer is, the interpretation of

10    containing -- the answer to the question, "Is the

11    interpretation of 'containing' open to inclusion of a process,

12    i.e. the symbolic reference resolution," is yes.

13         In brief, that follows from the Court's definition of

14    symbolic reference, which is a reference that identifies data

15    by a name other than numeric memory location of the data, and

16    that is resolved dynamically rather than statically.

17         "Containing" is in the expression "instructions

18    containing one or more symbolic references of Claim 11."

19    Parenthetical, it is not in other asserted claims.  And it may

20    be worth pointing that out to the jury.

21         In order to determine whether the instructions

22    contain one or more symbolic references, one must determine

23    whether the reference in question is a reference that

24    identifies data by a name other than the numeric memory

25    location of the data, and that is resolved dynamically rather

 1  than statically.  That requires analysis of the process by

 2  which the data, and in particular the relevant data, is

 3  obtained.

 4         That is reinforced by additional language in the

 5  claim and additional language in the claim construction that is

 6  the -- other than the numeric memory location of the data, and

 7  the fact that in Claim 11 there is the expression "storing said

 8  numerical references and obtaining data in accordance to said

 9  numerical references after determining a numerical reference

10  corresponding to said symbolic reference."

11         One way to determine whether the instructions contain

12  a symbolic reference is by analyzing whether, after determining

13  a -- whether -- by analyzing whether a numerical reference

14  corresponding to said symbolic reference is determined.  That,

15  too, requires analysis of process.

16         For those, among other reasons, the answer to the

17  question first posed by the jury, that is, is the

18  interpretation of "containing" in the expression "instructions

19  containing one or more symbolic references," open to inclusion

20  of a process has to be yes.

21         **MR. VAN NEST:**  Your Honor, I disagree.  There's no

22  DOE claim here with respect to Claim 11.  And there's absolute

23  agreement between the experts that "containing" is limited to

24  the literal contents of the instruction.

25         So let's look at what -- what they're asking about

PROCEEDINGS                                                     1254

 1   when they say -- When they say in their question, "Alternately,

 2   is 'containing' more strictly defined to refer to the literal

 3   contents, e.g. 52 and 01," they are pointing to the opcode and

 4   the operand in the instruction itself, which was debated among

 5   the parties.

 6             Now, there was no debate among the experts that you

 7   must find a symbolic reference in the instructions.  For

 8   example -- and I showed this to the jury at closing, at

 9   transcript 3476, line 24, Dr. Mitchell:

10             "QUESTION:  And it's clear from Claim 11 that

11             the symbolic reference has to be contained in

12             the instructions, right?

13             "ANSWER:  Yes."

14             At transcript 3483, line 19:

15             "And, obviously, as we've established, if the

16             instructions only use numeric references,

17             that doesn't infringe the '104 Patent, right?

18             "ANSWER:  Correct.

19             "QUESTION:  Because you have to have symbolic

20             references in the instruction in order to

21             infringe?

22             "ANSWER:  Yes."

23             Page transcript 3487:

24             "QUESTION:  But you would agree with me that

25             whether you're talking about Resolve.c or

```
 1              dexopt you've got to find a symbolic

 2              reference in the instructions?

 3         "ANSWER:  Yes."

 4              Now, Claim 11 is an apparatus claim.  There's no

 5    doctrine of equivalents asserted.  This is literal infringement

 6    only.

 7              The jury isn't asking about anything other than the

 8    word "containing."  And the parties tried this case on the same

 9    page, which was that "containing" meant you have to have a

10    symbolic reference here in the instructions literally present.

11              Their argument was that these class indexes,

12    classIdx, fieldIdx, and the like, are symbolic because they

13    refer to data elsewhere.  But there was no debate that you had

14    to have your symbolic reference here in the instructions.

15              So I think it's clear that the answer to the first

16    question is no, and the answer to the second question has to be

17    yes.  Otherwise, we're giving them a DOE.  We're giving them

18    the freedom to resolve this on doctrine of equivalents, which

19    was not asserted, not tried, not presented.

20         THE COURT:  What do you say to the testimony that

21    counsel just recited, Mr. Jacobs?

22         MR. JACOBS:  I think it's entirely consistent with

23    the argument I just advanced.

24              No one rifleshotted "containing."  In each case, the

25    experts were analyzing the question that is -- that underpins
```

1   the "containing" question in the instruction here.

2          They're analyzing the question whether -- about

3   instructions containing one or more symbolic references.

4          Another way of saying this is that if we were in a

5   Markman stage answering this question, we would have a debate

6   before Your Honor.  We think we would prevail on about whether

7   the right question is to analyze the word "containing" or to

8   analyze the expression "instructions containing one or more

9   symbolic references."

10         **THE COURT:**  What are the parts of the specification

11  that bear on this?

12         **MR. JACOBS:**  The parts of the specification that bear

13  on this include the parts that were --

14         **THE COURT:**  In Figure 1B, 1A they're treating the

15  instruction sequence and what's actually loaded in there as the

16  item we're talking about.  Isn't that what we're talking about

17  when we talk about "containing," is what's contained in the

18  actual instruction sequence?

19         **MR. JACOBS:**  Yes, but in determining what -- is it

20  containing a symbolic reference, whether the instructions

21  contain a symbolic reference, which is the relevant question

22  here, notwithstanding the way Google would understand the

23  jury's question, the -- that requires analysis of the

24  instruction together with the operand, that is the opcode and

25  the operand, to see whether the role the operand is playing in

 1  those instructions is symbolic or numeric.

 2         And then when coupled with the Court's construction,

 3  which requires analysis of whether it is resolved dynamically

 4  rather than statically, we're looking at all sorts of process.

 5         THE COURT:  Show me if there's some -- I want to give

 6  both sides an opportunity now to point out anything in the

 7  specification, summary of the invention, that you think bears

 8  on this "containing" question.

 9         MR. JACOBS:  So if one looks at Column 5 -- do you

10  have the patent there --

11         THE COURT:  I have it right here.

12         MR. JACOBS:  -- as shown in Figure 7 --

13         THE COURT:  Wait.  That's at line --

14         MR. JACOBS:  Line 10, yes.

15         As shown in Figure 7, upon receiving a data reference

16  bytecode block 86 the main interpretation routine determines if

17  the data reference is static, i.e. numeric, or dynamic, i.e.

18  symbolic, block 88.

19         If the data reference is a symbolic reference, et

20  cetera, the branch 88B the main interpretation routine invokes

21  the dynamic field reference routine block 90.  Upon a location,

22  the dynamic field reference routine resolves the symbolic

23  reference and rewrites the symbolic reference in the

24  intermediate form object code as a numeric reference block 92.

25         Upon rewriting the data reference in the object code,

PROCEEDINGS

1   the dynamic field reference routine returns to the main

2   interpretation routine block 100 without advancing the program

3   counter.  As a result, the instruction with the rewritten

4   numeric data reference gets re-executed again.

5          And then "on the other hand" is in the next

6   paragraph.

7          So this illustrates the process aspect of determining

8   the status, if you will, the quality of the reference in the

9   instruction stream.

10          The question that is analyzed in that portion of the

11   specification is to determine whether the operand for present

12   purposes requires resolution.  If it requires resolution, it is

13   a symbolic reference.

14          That was an argument that Google's experts agreed

15   with.  Google's experts testified that one way to determine

16   whether a reference is a symbolic reference is whether it --

17   sorry, Google's programmer, Mr. McFadden, agreed that if a

18   reference was a numeric reference, there would be no need to

19   resolve it.  On the other hand, if a reference was a symbolic

20   reference there was a need to resolve it.

21          So one way of -- so that helps us understand that in

22   52 01, in order to determine whether 01 is a symbolic

23   reference, one looks at process.  In order to determine whether

24   52 01 contains a symbolic reference, one looks at process.

25          THE COURT:  All right.  What does --

PROCEEDINGS                                    1259

```
 1          MR. JACOBS:  Let me just look quickly, Your Honor.

 2  I'm doing this, obviously, on the fly.

 3          THE COURT:  So anything from the Google side on --

 4          MR. VAN NEST:  Yes, Your Honor.

 5          THE COURT:  I'm interested in what you can find in

 6  the four corners of the patent that would support one view or

 7  the other.

 8          MR. VAN NEST:  Well, they're asking about

 9  "containing."  The word "contain" or "containing" doesn't

10  appear in the spec.

11          But in Figure 1A and 1B, as Your Honor has noted, the

12  symbolic reference or numeric reference appears in the

13  instruction sequence.  That's what's over on the left.  That's

14  what -- what we're talking about.  In Column 2, line 55, it

15  says:

16          "The main interpretation routine selectively

17           invokes the two data reference-handling

18           routines depending on whether the data

19           reference in an instruction is a symbolic

20           reference or a numeric reference."

21          "In an instruction."

22          So that's consistent with Figure 1A and Figure 1B,

23  both of which show the relevant reference in the instruction

24  sequence.

25          And, again, Your Honor, I go back to the testimony.
```

PROCEEDINGS                          1260

 1   This case was tried by both sides on the premise that "in the

 2   instructions" means in the operand and in the opcode, which is

 3   what the jurors are asking about.

 4          I've got more citations from Dr. Mitchell on that --

 5   on that very subject.  He said repeatedly -- I asked him at

 6   line -- transcript 3477, line 9:

 7              **"QUESTION:**  But, essentially, either

 8              contained in or in each one of the

 9              limitations requires that there be a symbolic

10              reference in the instructions themselves,

11              right?

12          **"ANSWER:**  Yes.

13          **"QUESTION:**  Yes?

14          **"ANSWER:**  Yes."

15          That's at transcript 3477.

16          So there was absolutely no debate.

17          The jurors are not asking about symbolic reference or

18   numeric.  They're asking about the word "containing."  And it's

19   crystal clear, since there is no DOE asserted, that the answer

20   to the question is, Containing has its ordinary meaning.  It's

21   got to be in the instruction.

22          And so the answer to their first question has got to

23   be no, based on these -- this transcript testimony.  And the

24   answer to the second question has got to be yes.  Otherwise,

25   we're opening up some kind of DOE.

```
 1            Obviously, they are going to be discussing, probably
 2    are discussing, What's a symbolic reference?  What's a numeric
 3    reference?  But this question is only about what "containing"
 4    means.  And "containing" means "in the instruction."
 5            THE COURT:  All right.  One last -- one last word.
 6            MR. JACOBS:  1A and 1B entirely support what we are
 7    pointing to, Your Honor.
 8            In analyzing what is contained, one doesn't look only
 9    at the instruction stream in 1A and 1B.  In analyzing what is
10    contained, one looks at what is pointed to by what is in the
11    instruction stream.
12            By looking at what is pointed to in the instruction
13    stream, one is looking at process.  Therefore, in analyzing the
14    question whether "contained" is open to inclusion of a process,
15    the answer has to be yes.
16            In Figure 1A, the arrows point to data objects.  The
17    arrows point to data objects to tell us whether the -- the
18    element in the instruction sequence is a numeric or symbolic
19    reference.
20            THE COURT:  All right.  I am going to -- I think
21    Google's view is the best view.  In fact, I can't imagine any
22    other way to go on this, especially since Mr. Mitchell,
23    Professor Mitchell himself admitted it in his testimony.  And
24    if he can't read the patent, my god, who can?
25            No, this is the ruling.
```

1           **MR. JACOBS:**  I'm not --

2           **THE COURT:**  I'm making my ruling.  So I'm going to

3    answer no -- I'm sorry.  I'm going to answer "no" and "yes"

4    respectively to these two questions.

5           **MR. JACOBS:**  Your Honor.

6           **THE COURT:**  Yes.

7           **MR. JACOBS:**  If you do that, then I think the Court

8    is making the error of singling out the word "containing" out

9    of its contents.

10          **THE COURT:**  I'm just answering their question.

11          **MR. JACOBS:**  Right.  But if --

12          **THE COURT:**  I will say to them, you know, you must

13   keep in mind all of my instructions.  Don't put undue weight on

14   this.  I'm just answering this one question.

15          I can say all of that.  But I am not going to go back

16   and try to repeat all the other facets that I have given them

17   on this.  This is a narrow question that they have asked.  And

18   I think it -- it can be answered very narrowly.

19          All right.  Let's bring the jury back.

20          (Jury enters at 12:48 p.m.)

21          **THE COURT:**  Okay.  Welcome.  Please be seated.

22          We know you're in there working hard, and we thank

23   you for that.

24          I wanted to catch you before you left because I think

25   your note said you would leave in ten minutes.  So today -- is

PROCEEDINGS                                              1263

 1   that still your plan, to leave at 1:00 o'clock?

 2            (Jurors affirm.)

 3            **THE COURT:**  All right.  You sent out a note.  I'll

 4   read it to you for context.

 5            "In paragraph 14 of Final Charge to Jury we

 6            are to first decide the meaning of the patent

 7            claims.  We are examining the question of

 8            what is meant by" --

 9            What's that noise?  Okay.

10            "In paragraph 14 of Final Charge to Jury we

11            are to first decide the meaning of the patent

12            claims.  We are examining the question of

13            what is meant by 'instructions containing one

14            or more symbolic references.'"

15            Now, I'm going to pause here just to say that that,

16   as you know very well by now, is in Claim 11 of the '104

17   Patent.  And so that's for context.

18            All right.  "... what is meant by, quote,

19   instructions containing one or more symbolic references, closed

20   quote."

21            Then you have two questions:

22            "Is the interpretation of 'containing' open

23            to inclusion of a process, i.e. the symbolic

24            reference resolution?  Alternately, is

25            'containing' more strictly defined to refer

1          to the literal contents, e.g. 52 and 01?"

2          Now, I'm going to give you a clear-cut answer to that

3  question, but I need to emphasize that this answer is just to

4  that one-word question about what does "containing" mean.  And

5  I have also given you other instructions that deal with the

6  rest of some of these other phrases.

7          So you need to keep everything in mind, but I'm going

8  to try to answer the precise question that you have given me.

9  And please do not take from anything that I say any suggestion

10 as to how you should come out on your verdict.

11         You first ask:

12         "Is the interpretation of 'containing' open

13              to inclusion of a process, i.e. the symbolic

14              reference resolution?"

15         The answer to that is no.

16         "Alternately, is 'containing' more strictly

17              defined to refer to the literal contents,

18              e.g. 52 and 01?"

19         The answer to that is yes.

20         All right.  Thank you.  You may go back to the jury

21 room and continue with your deliberations.

22         **THE CLERK:**  All rise.

23         (Jury out at 12:53 p.m.)

24         **THE COURT:**  All right.  Please have a seat.

25         Your legal point is preserved for appeal if it gets

1   to that.

2            Anything else I can do for you today?

3            **MR. VAN NEST:**  No, Your Honor.

4            **MR. JACOBS:**  Nothing from us.

5            **MR. BOIES:**  No.

6            **THE COURT:**  All right.  We will stand by for more

7   notes.

8            (At 12:53 p.m. the proceedings were adjourned for

9            further jury deliberations.)

10                            -   -   -   -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### CERTIFICATE OF REPORTER

I, KATHERINE POWELL SULLIVAN, Official Reporter for
the United States Court, Northern District of California,
hereby certify that the foregoing proceedings in C 10-3561 WHA,
**Oracle America, Inc., vs. Google, Inc.,** were reported by me,
certified shorthand reporter, and was thereafter transcribed
under my direction into typewriting; that the foregoing is a
full, complete and true record of said proceedings at the time
of filing.


_____/s/ Katherine Powell Sullivan_____


Katherine Powell Sullivan, CSR #5812, RPR, CRR
U.S. Court Reporter


Wednesday, May 16, 2012