```
                                          Volume 26

                                          Pages 4288 - 4304

           UNITED STATES DISTRICT COURT

         NORTHERN DISTRICT OF CALIFORNIA

      BEFORE THE HONORABLE WILLIAM H. ALSUP

ORACLE AMERICA, INC.,              )
                                   )
          Plaintiff,               )
                                   )
  VS.                              )  No. C 10-3561 WHA
                                   )
GOOGLE, INC.,                      )
                                   )
          Defendant.               )  San Francisco, California
_____)  May 18, 2012


                TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:         MORRISON & FOERSTER
                       755 Page Mill Road
                       Palo Alto, California  94304
                  BY:  MICHAEL A. JACOBS, ESQUIRE
                       KENNETH A. KUWAYTI, ESQUIRE
                       MARC DAVID PETERS, ESQUIRE
                       DANIEL P. MUINO, ESQUIRE

                       BOIES, SCHILLER & FLEXNER
                       333 Main Street
                       Armonk, New York 10504
                  BY:  DAVID BOIES, ESQUIRE
                       ALANNA RUTHERFORD, ESQUIRE


(Appearances continued on next page)




Reported By: Katherine Powell Sullivan, RPR, CRR, CSR #5812
```

**APPEARANCES (CONTINUED):**

| | | |
|---|---|---|
| **For Plaintiff:** | | BOIES, SCHILLER & FLEXNER |
| | | 1999 Harrison Street, Suite 900 |
| | | Oakland, California  94612 |
| | BY: | **WILLIAM FRED NORTON, ESQUIRE** |
| | | **STEVEN C. HOLTZMAN, ESQUIRE** |
| | | |
| | | ORACLE AMERICA, INC. |
| | | 500 Oracle Parkway |
| | | Redwood Shores, California  94065 |
| | BY: | **ANDREW C. TEMKIN, CORPORATE COUNSEL** |
| | | **DORIAN DALEY, GENERAL COUNSEL** |
| | | |
| **For Defendant:** | | KEKER & VAN NEST |
| | | 633 Battery Street |
| | | San Francisco, California  94111-1809 |
| | BY: | **ROBERT ADDY VAN NEST, ESQUIRE** |
| | | **CHRISTA MARTINE ANDERSON, ESQUIRE** |
| | | **DANIEL PURCELL, ESQUIRE** |
| | | **MICHAEL S. KWUN, ESQUIRE** |
| | | **MATTHIAS ANDREAS KAMBER, ESQUIRE** |
| | | **EUGENE MORRIS PAIGE, ESQUIRE** |
| | | |
| | | KING & SPALDING LLP |
| | | 1185 Avenue of the Americas |
| | | New York, New York 10036-4003 |
| | BY: | **BRUCE W. BABER, ESQUIRE** |
| | | **SCOTT T. WEINGAERTNER, ESQUIRE** |
| | | |
| | | GOOGLE, INC. |
| | | 1600 Amphitheatre Parkway |
| | | Mountain View, California  94043 |
| | BY: | **RENNY HWANG, LITIGATION COUNSEL** |
| | | |
| **Also Present:** | | **SAFRA CATZ, President and CFO** |
| | | Oracle Corporate Representative |
| | | |
| | | **CATHERINE LACAVERA** |
| | | Google Corporate Representative |

*Katherine Powell Sullivan, CSR, RPR, CRR*
*Official Reporter - U.S. District Court*
*(415) 794-6659*

PROCEEDINGS

```
 1                    P R O C E E D I N G S
 2   MAY 18, 2012                                      7:34 A.M.
 3
 4             (The following proceedings were held in open court,
 5             outside the presence of the jury.)
 6             THE COURT:  Good morning.  Have a seat.  Let's see
 7   where we are.
 8             MR. JACOBS:  We have agreement, Your Honor, on the
 9   read-back.
10             THE COURT:  Perfect.  So is the court reporter going
11   to do that?
12             MR. VAN NEST:  That's what we were thinking, Your
13   Honor.  We marked up a transcript so that she would have the
14   read-back on the transcript highlighted.  We should give her a
15   minute to familiarize herself with the format, and then she
16   could just read it.
17             THE COURT:  All right.
18             MR. JACOBS:  The other possibility is we could trade
19   off reading the direct and cross portion so it would be clear
20   when the witness was being examined on direct and redirect.
21             THE COURT:  How long is it?
22             MR. JACOBS:  It's not that long.
23             MR. VAN NEST:  I would rather have our court reporter
24   read all of it, Your Honor.
25             THE COURT:  Fine.  That's what we'll do.  So the
```

```
 1  court reporter will get a microphone so she can be loud and
 2  clear, and be all set up to go as soon as the jury is present.
 3              I don't know yet -- have we heard anything from
 4  Ms. Michals?
 5              MR. JACOBS:  For the record, Your Honor -- oh, sorry.
 6              THE COURT:  I guess Dawn is not --
 7              THE CLERK:  I'm sorry?
 8              THE COURT:  Have you heard anything from Ms. Michals?
 9              THE CLERK:  Nothing.
10              THE COURT:  Nothing yet.
11              Yes, go ahead, Mr. Jacobs.
12              MR. JACOBS:  Just to state on the record which
13  portions we're reading back.
14              3346, line 2, to 3347, line 2.
15              3473, line 5, to 3474, line 9.
16              3518, line 8, to 3521, line 19.
17              3540, line 5, to 3541, line 17.
18              THE COURT:  How long do you think it will take to
19  read that all back?
20              MR. JACOBS:  Ten minutes?
21              MR. VAN NEST:  Ten minutes, maybe.
22              THE COURT:  Are there any exhibits that went with
23  that?
24              MR. VAN NEST:  There are some slides, I think.
25              THE COURT:  Well, do you have any agreement on how to
```

```
 1  deal with the slides?  These were illustrative slides?
 2          MR. VAN NEST:  I think we are just going to read
 3  through them, Your Honor.
 4          THE COURT:  What do you mean, "read through them"?
 5          MR. VAN NEST:  There is a brief mention of a slide,
 6  and keep going.
 7          THE COURT:  In other words, not show anything.
 8          MR. VAN NEST:  Not show anything.
 9          THE COURT:  All right.  I think that's probably,
10  technically, the proper way to do it.
11          So it will take that length of time.  As soon as all
12  members of the jury are here, we'll proceed.
13          Anything from --
14          THE CLERK:  She called at 9:33 p.m. last night and
15  said she's not coming.
16          THE COURT:  She's not coming.  Ms. Michals is who you
17  are talking about?
18          THE CLERK:  Correct.
19          THE COURT:  So, in accordance with our plan -- I will
20  make sure there is no objection -- based on our discussion
21  yesterday, I propose to dismiss and discharge Ms. Michals.
22          MR. JACOBS:  No objection, Your Honor.
23          MR. VAN NEST:  No objection, Your Honor.
24          THE COURT:  All right.  So the clerk will call
25  Ms. Michals, tell her that she is discharged, but she is not to
```

```
 1  talk to anybody, including the other juror members, members of
 2  the press, any lawyers, until further notice from the Court.
 3          Would you do that?
 4          THE CLERK:  Yes.
 5          THE COURT:  All right.  So we will notify the other
 6  members of the jury when we bring them in to hear the
 7  read-back.  And we'll do that first order.  As soon as they are
 8  all present, we'll bring them in to hear the read-back.  Is
 9  that a good plan?
10          MR. JACOBS:  That's fine, Your Honor.
11          THE COURT:  Yes?
12          MR. VAN NEST:  That's fine, Your Honor.
13          THE COURT:  All right.  So what I'm going to do is
14  step off the bench.  The jurors who are present, I'm just going
15  to say to them:  Don't deliberate.  We're going to bring you
16  out.  Ms. Michals is not coming.  We will bring you out and
17  make that official.
18          Anyone object to that?  They are just sitting there,
19  waiting for everyone to show up.  Is that all right?
20          MR. JACOBS:  That's fine, Your Honor.
21          MR. VAN NEST:  I'm sorry, Your Honor, you're going to
22  bring them out --
23          THE COURT:  I'm going to officially bring them out to
24  discharge her, tell them, continue on and listen to the
25  read-back.  But whenever I go back through there, I'm going
```

```
 1  to -- unless you object, I'm going to stick my head in there to
 2  tell the ones who are present what the plan is, which is, as
 3  soon as everyone is present to come out here.
 4              MR. VAN NEST:  That's fine.
 5              MR. JACOBS:  Agreed, Your Honor.
 6              (Proceedings in recess from 7:38 a.m. to 7:52 a.m.)
 7              THE COURT:  All ten are present.  Are we ready out
 8  here?
 9              MR. VAN NEST:  Yes, we are, Your Honor.
10              (Jury enters at 7:53 a.m.)
11              THE COURT:  Okay.  Welcome back and please be seated.
12              Okay.  First, I need to give you the unfortunate news
13  that Ms. Michals is too sick to continue.  So I have officially
14  discharged her.  She is no longer part of the jury.  And we're
15  sad to see her leave because she invested so much time in this.
16  It's unfortunate.  It's for the best, though, because it would
17  inconvenience the remaining ten of you to delay the trial in
18  hopes that she would be well soon.
19              Now, I need to make sure you understand the ground
20  rules here.  She's no longer part of the jury.  You may not
21  talk with her.  After the trial is over, of course, you can
22  talk with her all you want, after I discharge you, but not now.
23  While you're doing your job, she's just like any other
24  civilian.  She cannot have -- you cannot talk with her about
25  anything.  She's off the jury.  And you must confine your
```

1  deliberations to the ten of you, and only the ten of you.
2          I don't think she will, but if she were to try to
3  call you up and say, "What's going on?" you've got to say, "I
4  can't talk to you."  Click.
5          I guess these days you don't click anymore.
6          (Laughter)
7          **THE COURT:**  In the old days, you would click.  All
8  right.  So everybody understand that part?
9          (Jurors affirm.)
10         **THE COURT:**  Okay.  Good.  And I'm worried that some
11 of you having been in the same room with her yesterday are
12 going to come down with it.  But we'll keep our fingers crossed
13 and hope for the best.
14         Now, to change the subject, yesterday you asked for a
15 read-back.  This is not always easy to do because we have to
16 have an agreement on what the part is that you've requested.
17 But these excellent lawyers have reached an agreement, and now
18 we're going to have the read-back.
19         There is one minor place where there was a reference
20 to a slide, meaning an illustrative.  We're not going to show
21 you that.  That's not part of the evidence.  So all you will
22 hear is the verbal part.
23         And the court reporter will say "question," read the
24 question, say "answer," read the answer.  And I will ask her
25 also to remind the jury who was the lawyer asking the questions

1  so that that will help you put it in context.
2           Is the court reporter ready to go?  She's indicating
3  yes.  We will all sit here in silence while she does it.
4           Okay, please proceed.
5           (Designated testimony was read to the jury.)
6           **THE COURT:**  Counsel, have we read the parts you have
7  agreed on?
8           **MR. VAN NEST:**  We have, Your Honor.
9           **MR. JACOBS:**  Yes, Your Honor.
10          **THE COURT:**  So we think that answers the read-back
11 question that you had.
12          Now, of course, this is something now fresh in your
13 mind over there in the jury box because you just heard it.
14 But, of course, you need to remember that there's been a lot of
15 evidence in the case, and you shouldn't give this undue weight
16 just because it's the most recent thing that you heard.  You
17 should consider all the evidence and all the instructions in
18 the case.
19          Anything -- I guess, at this point, I'm just going to
20 send you back to the jury room and let you continue your
21 deliberations.
22          All right?  Thank you.
23          **THE CLERK:**  All rise.
24          (Jury out at 8:08 a.m.)
25          **THE COURT:**  All right.  Please be seated.  Any other

1  things we can productively do?  Any other things while we have
2  you all here?
3              **MR. JACOBS:**  Not from us.
4              **MR. VAN NEST:**  I don't believe so, Your Honor.
5              **THE COURT:**  All right.  Then stand by for the next
6  note.
7              (Proceedings in recess from 8:09 to 11:23 a.m.)
8              **THE COURT:**  All right.  So another note says:
9              "We request to be read a portion of
10             Dr. Parr's testimony from direct examination.
11             We'd like to hear the part about defining
12             simulated execution and dex tool's use of
13             that.  Additionally from cross-exam as to
14             when and how simulated execution is used and
15             its relationship to parsing."
16             So I understand that you all have now read this note
17 and agreed upon what should be read back.  Is that true?
18             **MR. JACOBS:**  Yes, Your Honor.
19             **MR. VAN NEST:**  Yes, Your Honor.
20             **THE COURT:**  And the court reporter has that?
21             **MR. JACOBS:**  Yes.
22             **MR. VAN NEST:**  Yes.
23             **THE COURT:**  Are there any exhibits that need to be --
24 we'll just do the same thing unless --
25             **MR. VAN NEST:**  Just read through them.

```
 1            THE COURT:  All right.  Thanks.
 2            Next note, from Elisabeth Hostynek, says:
 3            "I would like to know why the vote by the
 4            jury must be unanimous.  Why wouldn't a
 5            majority one way or the other be sufficient
 6            to decide any given question?"
 7            So before I tell you how I propose to answer this or
 8   get your views on it, you could stipulate to less than
 9   unanimous.  If that's what you lawyers wanted to do and the
10   parties agreed to it, we could always do that.
11            But I don't want to say that to them, to the jury.
12   What I would say is it's the law.  And I have some other ideas
13   that I could -- but lawyers in your position sometimes will
14   say, okay, let's go ahead and go with -- we've got ten people.
15   You could say 9 to 1 or 8 to 2.  Whatever you would want.
16            MR. VAN NEST:  I don't think we want to do that, Your
17   Honor.  I appreciate the offer.
18            THE COURT:  You think or --
19            MR. VAN NEST:  I know.
20            THE COURT:  All right.
21            MR. VAN NEST:  And I think whatever you want to say
22   about this --
23            THE COURT:  Let me tell you what I would like to say.
24   I would say something like this:  It's the law.  That's why it
25   has to be unanimous.  Congress said it has to be unanimous.
```

1              I would also like to say this, that I've been
2    privileged to preside over more than a hundred jury trials or a
3    hundred trials, most of them jury, the vast majority, and that
4    only one -- prior to this case, I only had one, arguably one
5    and a half trials where the jury could not agree unanimously.
6    So it normally is not a problem.
7              **MR. VAN NEST:**  I would sure like you to leave that
8    second part out, Your Honor.
9              **THE COURT:**  Why is that?
10             **MR. VAN NEST:**  The first part is fine.
11             Well, it sounds a little coercive to me.  You guys
12   are outliers.
13             They have been deliberating hard, working hard.  I
14   don't see why we would say that to them.  The first part, of
15   course.
16             **THE COURT:**  The first part being about a hundred
17   trials?
18             **MR. VAN NEST:**  No.  The first part being, it's the
19   law.  That part I have no problem with.
20             But telling them that you've done a hundred trials
21   and you've only had this problem one or one and a half times
22   before, I would prefer that you leave that out.  I think that's
23   a little bit strong.
24             They've been working very hard.
25             **MR. JACOBS:**  I think that something along those lines

1   would help explain why the system has this rule in it.  If it
2   was typical for juries to hang because they couldn't reach
3   unanimous verdict, that would cause the system to adjust.
4           And it makes the unanimity rule's rationality more
5   apparent to a juror or jurors who right now are a little
6   frustrated with that requirement.
7           So I think what you proposed is helpful in explaining
8   the rationale behind the rule, or the reason the rule hasn't
9   been called into question.
10          **THE COURT:**  What about something along these lines?
11  That the reason the unanimous verdict requirement usually works
12  is that the members of the jury in good faith listen to each
13  other, listen to their arguments, and sometimes people change
14  their minds because they're persuaded by another member of the
15  jury.
16          What's wrong with that?
17          **MR. VAN NEST:**  That's a little bit -- I mean, you're
18  backing off a little from what's more like an Allen Charge, but
19  that language is better than your first proposal, I think.  I
20  don't have a strong objection to that.
21          **THE COURT:**  Well, do you have any objection to it?
22          **MR. VAN NEST:**  I guess not.
23          **THE COURT:**  Let's bring back the jury, and I will try
24  to deal with both notes.
25          (Pause.)

```
 1              THE CLERK:  They went on a break.
 2              THE COURT:  All right.  Have a seat.  We'll just
 3   wait.
 4              MR. JACOBS:  Could we, meanwhile, read into the
 5   record the page and line numbers we've agreed upon?
 6              THE COURT:  Sure.
 7              MR. JACOBS:  3793/24 to 3796/14.
 8              3797/11 to 3799/3.
 9              3813/21 to 3814/3.
10              3823/14 to 3825/10.
11              3825/13 to 3826/14.
12              3828/5 to 3829/17.
13              MR. PAIGE:  Agreed, Your Honor.
14              THE COURT:  I'm going to go do some work.  As soon as
15   they are ready, Dawn, let me know, and I'll come back.
16              THE CLERK:  Okay.
17              MR. VAN NEST:  Thank you, Your Honor.
18              (Proceedings in recess from 11:31 to 11:40 a.m.)
19              (Jury enters at 11:40 a.m.)
20              THE COURT:  All right.  Please be seated.
21         We know you are working hard in there.  We appreciate
22   it, of course.  I won't re-read all of the note again, but
23   there's two notes.
24         The first note is about Dr. Parr's testimony.  And
25   the lawyers have read it and I've read it, and they have
```

1   identified the passages that need to be read to you in response
2   to your note.
3              So, we will just pause while the court reporter does
4   just what she did once before.
5              Are we ready?  All right.  Go right ahead.
6              (Designated testimony was read to the jury.)
7              **THE COURT:**  Thank you.
8              We have another note.  This one is from Ms. Hostynek.
9   She asked this question:
10             "I would like to know why the vote by the
11             jury must be unanimous.  Why wouldn't a
12             majority one way or the other be sufficient
13             to decide any given question?"
14             Congress adopted, 200 years ago or more, a rule that
15  it had to be unanimous in federal court.
16             Now, in state court for some purposes it can be a
17  majority, or maybe 9 out of 12, I think.  But that's not the
18  rule in federal court.  Never has been and, I say, probably
19  never will be.  It's by vote of Congress.  It has to be
20  unanimous.
21             Now, I'll tell you the reason.  The reason is that
22  Congress -- one reason is that a unanimous requirement helps to
23  make sure that all viewpoints get deliberated on.  So that's
24  good.
25             And the reason it tends to work is that jurors in the

1  deliberation process listen to each other, and sometimes they
2  find merit in what someone else is saying and a consensus
3  emerges.  Sometimes it doesn't.  But it's part of the
4  deliberative process.  And the unanimous requirement is there
5  to help us make sure that many different viewpoints are
6  considered along the way.
7          So, it must be unanimous until Congress tells us
8  otherwise, which in my judgment is not going to happen, in my
9  lifetime anyway, most likely.
10         This is a good question.  But that's the answer.
11         So I want to just say one other thing to save you a
12 trip back in here.  It's now noon, and you said you would be
13 here until 1:00 o'clock today, I believe.  So you have another
14 hour to deliberate.
15         Rather than bring you back in here after another
16 hour -- sometimes I will do that for the weekend -- I'll go
17 ahead now and take this opportunity to remind you not to do
18 homework, not to talk with anyone else about the case.  And
19 that includes each other or Ms. Michals during the break.  You
20 are only supposed to talk about the case when all ten of you
21 are together.
22         So you would then resume your deliberations on Monday
23 at whatever time you select.  And -- but remember, Ms. Michals
24 and Ms. Gonzalez are not part of the jury.  You shouldn't be
25 having any communications with them at all.

1             If and when you reach a verdict, they will find out
2    about it soon.  And when you're eventually discharged, you can
3    talk to them all day long.  But not yet.
4             So I'm going to send you back to the jury room to
5    continue your deliberations.  We very much appreciate your hard
6    work.
7             (Jury out at 12:00 noon)
8             **THE COURT:**  All right.  Be seated.
9             I will let you know if we get a note before
10   1:00 o'clock, of course.
11            Anything more?
12            **MR. JACOBS:**  Nothing from us, Your Honor.
13            **MR. VAN NEST:**  No, Your Honor.  Thank you.
14            **THE COURT:**  All right.  Stand by.
15            (At 12:00 noon the proceedings were adjourned for
16            further jury deliberations.)
17                              - - - -

# CERTIFICATE OF REPORTER

I, KATHERINE POWELL SULLIVAN, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 10-3561 WHA, **Oracle America, Inc., vs. Google, Inc.,** were reported by me, certified shorthand reporter, and was thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings at the time of filing.


/s/ Katherine Powell Sullivan

Katherine Powell Sullivan, CSR #5812, RPR, CRR
U.S. Court Reporter


Friday, May 18, 2012