Volume 27

Pages 4305 - 4335

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

ORACLE AMERICA, INC.,       )
                                  )
         Plaintiff,        )
                                  )
  VS.                        )  No. C 10-3561 WHA
                                  )
GOOGLE, INC.,             )
                                  )
         Defendant.        )  San Francisco, California
_____)  May 21, 2012

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For Plaintiff:**          MORRISON & FOERSTER
                       755 Page Mill Road
                       Palo Alto, California  94304
          BY:  **MICHAEL A. JACOBS, ESQUIRE**
              **KENNETH A. KUWAYTI, ESQUIRE**
              **MARC DAVID PETERS, ESQUIRE**
              **DANIEL P. MUINO, ESQUIRE**

                       BOIES, SCHILLER & FLEXNER
                       333 Main Street
                       Armonk, New York 10504
          BY:  **DAVID BOIES, ESQUIRE**
              **ALANNA RUTHERFORD, ESQUIRE**

(Appearances continued on next page)

Reported By:  Katherine Powell Sullivan, RPR, CRR, CSR #5812

**APPEARANCES (CONTINUED):**

For Plaintiff:          BOIES, SCHILLER & FLEXNER
                        1999 Harrison Street, Suite 900
                        Oakland, California  94612
                BY:     **WILLIAM FRED NORTON, ESQUIRE**
                        **STEVEN C. HOLTZMAN, ESQUIRE**

                        ORACLE AMERICA, INC.
                        500 Oracle Parkway
                        Redwood Shores, California  94065
                BY:     **ANDREW C. TEMKIN, CORPORATE COUNSEL**
                        **DORIAN DALEY, GENERAL COUNSEL**

For Defendant:          KEKER & VAN NEST
                        633 Battery Street
                        San Francisco, California  94111-1809
                BY:     **ROBERT ADDY VAN NEST, ESQUIRE**
                        **MATTHIAS ANDREAS KAMBER, ESQUIRE**
                        **EUGENE MORRIS PAIGE, ESQUIRE**
                        **CHRISTA MARTINE ANDERSON, ESQUIRE**
                        **DANIEL PURCELL, ESQUIRE**
                        **MICHAEL S. KWUN, ESQUIRE**

                        KING & SPALDING LLP
                        1185 Avenue of the Americas
                        New York, New York 10036-4003
                BY:     **SCOTT T. WEINGAERTNER, ESQUIRE**
                        **BRUCE W. BABER, ESQUIRE**

                        GOOGLE, INC.
                        1600 Amphitheatre Parkway
                        Mountain View, California  94043
                BY:     **RENNY HWANG, LITIGATION COUNSEL**

Also Present:           **SAFRA CATZ, President and CFO**
                        Oracle Corporate Representative

                        **CATHERINE LACAVERA**
                        Google Corporate Representative

```
 1                    P R O C E E D I N G S

 2   MAY 21, 2012                                    9:33 A.M.

 3

 4            (The following proceedings were held in open court,

 5            outside the presence of the jury.)

 6            THE COURT:  Good morning.

 7            (Counsel greet the Court.)

 8            THE COURT:  Everyone have a seat.

 9            I hope you all enjoyed watching the eclipse

10   yesterday.  I certainly did.

11            We have a note from the jury:  Please have question

12   number 2 and the answer re-read regarding what the instructions

13   can refer to in the '104 Patent.

14            So have you two agreed on what should be read back?

15            MR. JACOBS:  Yes, Your Honor.

16            THE COURT:  What is that?

17            MR. JACOBS:  4263, line 10.

18            MR. VAN NEST:  3.

19            MR. JACOBS:  Line 10.

20            MR. PETERS:  3 works.

21            THE COURT:  4263, line 3, to where?

22            MR. VAN NEST:  I have 4264, line 21.

23            (Jury enters at 9:35 a.m.)

24            THE COURT:  All right.  Welcome.  Please be seated.

25            Everyone feeling good over there health-wise?  You
```

1  are keeping in good health?

2          (Jurors respond affirmatively.)

3          **THE COURT:**  Washing your hands.  Watch the eclipse?

4          **JUROR MR. RUTHERFORD:**  I did.  Very cool.

5          **THE COURT:**  So you have sent us a new note.  I'll

6  read you your new note, which refers to an old note.

7          "Can we please have question #2 and the

8          answer to re-read? (Regarding what the

9          instructions can refer to in the '104

10         Patent)"

11         We think we know what you're referring to here, so

12  the court reporter -- the lawyers and I have agreed on what it

13  looks like you're asking about, and the court reporter will do

14  exactly what you've requested and just reread the prior

15  question and answer.  So we will pause while the court reporter

16  does that.

17         (Designated portion of the transcript was read to the

18         jury.)

19         **THE COURT:**  All right.  We think that has answered

20  what you have asked us to read back.  If it does not, we would

21  be happy to consider another note to get at what you're asking

22  for.  Okay?

23         So, please, go back to the jury room and continue

24  your deliberations.

25         (Jury out at 9:39 a.m.)

PROCEEDINGS                                                 4309

```
 1              THE COURT:  Okay.  Please be seated.

 2              While I have you all here, are there any issues,

 3   anything that the lawyers need from the Court?

 4              MR. JACOBS:  Nothing from us, Your Honor.

 5              MR. VAN NEST:  No, Your Honor.  Thank you.

 6              THE COURT:  All right.  We will stand by for the next

 7   note.

 8              (Laughter)

 9              (Proceedings in recess from 9:40 to 10:47 a.m.)

10              THE COURT:  Okay.  Back to work.  Please be seated.

11              We'll take these notes.  Have you seen these three

12   notes?

13              MR. VAN NEST:  We have, Your Honor.

14              THE COURT:  All right.  The first note is --

15              THE CLERK:  They are time stamped.

16              THE COURT:  Yes.  They are not numbered, but they do

17   have times.

18              10:10 a.m. Julie Chiu:

19              "Can a determined numeric reference in the

20              instructions become a symbolic reference

21              because of what happens downstream?"

22              And then there is another question, by Greg Thompson,

23   five minutes later:

24              "Regarding the symbolic reference issue in

25              the '104 claims we have this question.
```

PROCEEDINGS                                    4310

```
 1              "Does the resolution of symbolic references

 2              need to happen immediately i.e. at the field

 3              ID table position in the demonstration?

 4              "Or can the instructions be considered to

 5              contain a symbolic reference by virtue of

 6              linking of numeric references that occur

 7              first followed by resolution, such as the

 8              set-up in the demo with the string ID table,

 9              string data & class columns?"

10         So let's deal with those two issues.

11         MR. JACOBS:  We believe the jury is asking questions

12    about claim scope, that those questions should be answered

13    directly.

14         On the question at 10:10 a.m., "Can a determined

15    numeric reference in the instructions become a symbolic

16    reference because of what happens downstream?" the answer

17    should be yes.

18         There is no requirement in the Court's definition of

19    symbolic reference that you look only at what happens

20    immediately to the right on the chart.

21         Similarly, with respect to the question at 10:15,

22    "Does the resolution of symbolic references need to happen

23    immediately i.e. at the field ID table position in the

24    demonstration?" the answer is no for the same reason.

25         And then the answer to the next question, "Or can the
```

PROCEEDINGS

1  instruction be considered to contain a symbolic reference by

2  virtue of linking of numeric references that occur first

3  followed by resolution," the answer to that, for the same

4  reason, is yes.

5           The Court's claim construction imposed no requirement

6  of immediacy or directly.  The question is whether the element

7  in question refers to data by other than a numeric location.

8  That is all that is required for a symbolic reference.

9           **THE COURT:**  Could you find for me that question No.

10  2?  I think you put it in that stack.  It was one of the

11  earlier questions that we --

12           **MR. VAN NEST:**  I have my copy of it right here, Your

13  Honor.

14           **THE CLERK:**  Of the one earlier today?

15           **THE COURT:**  Earlier last week.  That's not it.  This

16  is the one they are referring to in that question.

17           **MR. VAN NEST:**  It's No. 2, 5/16, at noon, Your Honor.

18           **THE COURT:**  Yes, that's it.

19           Okay.  What does the defendant say?

20           **MR. VAN NEST:**  Your Honor, both these questions are

21  different versions of the question 2 that you've just asked to

22  look at, as I think Your Honor can see.

23           So with respect to the 10:10 a.m. question from

24  Ms. Chiu, "Can a determined numeric reference in the

25  instructions become a symbolic reference because of what

1   happens downstream?" to be consistent with what you already

2   answered, you would have to say no to that.

3          You said no to a very similar question, No. 2.  "Is

4   the interpretation of 'containing' open to inclusion of a

5   process, i.e. the symbolic reference resolution?"  The answer

6   to that was "no."

7          And the reason for that is that Dr. Mitchell

8   repeatedly conceded, as I read last week, that the -- the

9   symbolic reference must be contained in the instructions.

10         So, for example, at transcript 3476, line 24:

11         "And it's clear from Claim 11 that the

12         symbolic reference has to be contained in the

13         instructions, right?

14    **"ANSWER:** Yes.

15         "And so that's one of the issues that's in dispute?

16         "Yes.

17         "Essentially, either contained in or in each

18         one of the limitations requires that there be

19         a symbolic reference in the instructions

20         themselves, right?

21    **"ANSWER:** Yes.

22    **"QUESTION:** Yes?

23    **"ANSWER:** Yes."

24         And the converse is also true, at transcript 3483:

25         "And, obviously, as we've established, if the

PROCEEDINGS                                    4313

```
 1              instructions only use numeric references,

 2              that doesn't infringe the '104 Patent, right?

 3              "ANSWER:  Correct.

 4              "QUESTION:  Because you have to have symbolic

 5              references in the instruction in order to

 6              infringe?

 7              "ANSWER:  Yes."

 8              Then there was one more, at transcript 3487:

 9              "But you would agree with them that whether

10              you're talking about Resolve.c or dexopt,

11              you've got to find a symbolic reference in

12              the instructions?

13              "Yes."

14              So I think it's clear, to be consistent, the answer

15   to Ms. Chiu's question would have to be no.

16              Mr. Thompson, his questions are also of the same

17   sort.  The first question he's asking, "Does the resolution of

18   symbolic references need to happen immediately i.e.," the

19   answer to that is either yes, or, the symbolic reference must

20   be contained in the instructions.  Either one of those, I

21   think, would answer that.

22              And to his second question, that's really almost

23   identical to the one he asked last week.  He says:

24              "Or can the instructions be considered to

25              contain a symbolic reference by virtue of
```

1               linking of numeric references that occur

2               first followed by resolution ...?"

3          That's almost identical to the question they asked

4    last week:

5               "Is the interpretation of 'containing' open

6               to inclusion of a process, i.e. the symbolic

7               reference resolution?"

8          So that should be answered the same way:  No, that

9    doesn't count.

10          So, again, I think to be consistent with the

11   testimony and consistent with the agreement of the experts that

12   the symbolic reference has to be in the instruction, the answer

13   to Ms. Chiu's question has to be no.  The answer to

14   Mr. Thompson's second question has to be no.  The answer to his

15   first question would either be yes, or a statement that the

16   symbolic reference must be contained in the instructions.

17          **THE COURT:**  All right.

18          **MR. VAN NEST:**  That's all I have.

19          **THE COURT:**  All right.  What do you have to say,

20   Mr. Jacobs?

21          **MR. JACOBS:**  The "contained" question was a very

22   narrow question.  The Court may recall that when it was posed,

23   I argued that in order to understand it contextually it should

24   be answered with reference to the process.  And the Court's

25   conclusion was no, "contained" -- the "contained in" question

1    is a very narrow question.

2            We are not now asking the question, what is

3    "contained in"?  We're asking, how do we determine whether that

4    which is contained is a numeric or symbolic reference?  So

5    those are two entirely different questions.

6            The answer to the quality of the value in the

7    instructions, of course, depends on what happens downstream

8    from it.

9            Among other things, the Court's definition says that

10   a symbolic reference is a reference that's resolved dynamically

11   rather than statically.  So, of course, we're looking at

12   process aspects in order to determine whether a reference is a

13   symbolic reference.

14           And, then, again, as stated earlier, there is no

15   limitation in the Court's construction to directness or

16   immediacy.  The question is merely whether a symbolic

17   reference -- a putative symbolic reference is a reference that

18   identifies data by a name other than the numeric reference

19   memory location of the data.

20           And there was ample evidence in the record that what

21   Google would call a numeric reference, because it -- it

22   immediately is a pointer to a field in a table, is, in fact, a

23   symbolic reference because it points indirectly to data in a

24   data object that that -- in that process results in resolution

25   of that reference to a numeric reference.  And we have all

1   sorts of evidence from Google's documentation and from its

2   witnesses that that's exactly what goes on.

3           So absent a restriction in the Court's construction

4   to "directly," the answer has to be as I posited earlier.  If

5   the Court said the term "symbolic reference" shall be construed

6   as a reference that directly identifies data by a name other

7   than the numeric reference location, that's a different

8   construction.

9           And that's not the construction the Court gave us.

10  It's not the construction the jury should hear -- it's not a

11  construction that the answers to the jury's questions should be

12  based on.

13          **MR. VAN NEST:**  May I make one more observation, Your

14  Honor?

15          **THE COURT:**  Okay.

16          **MR. VAN NEST:**  Both Ms. Chiu's question and

17  Mr. Thompson's second question indicate that the jury is

18  essentially saying, "Can a determined numeric reference" --

19  that's what Ms. Chiu says.  So she's saying, if the reference

20  in the instructions has been determined to be numeric, can it

21  become symbolic downstream?  The answer to that has clearly got

22  to be no.  Even Dr. Mitchell says, if the instructions are

23  using numeric references there's no infringement.

24          That's the gist of Mr. Thompson, in his second

25  question, "Can the instructions be considered to contain a

1   symbolic reference by virtue of linking of numeric references

2   that occur first ...?"

3           Clearly, the jury is looking at the references that

4   appear in the instructions as numeric, and someone is asking,

5   well, they can become symbolic because of downstream activity.

6           That's just not the basis on which the case was

7   tried.  That's not the basis on which the experts formed their

8   opinion.  Dr. Mitchell was crystal clear, the symbolic

9   reference has to be in the instructions, and if what's in the

10  instructions is numeric reference there is no infringement.

11          So I don't see that -- I don't see these could be

12  answered any other way.

13          **MR. JACOBS:**  May I, Your Honor?  Because that's a new

14  issue.

15          **THE COURT:**  Wait a minute.

16          (Pause)

17          **THE COURT:**  All right.  Who wanted to say something?

18          **MR. JACOBS:**  Merely, Your Honor, that Google is

19  imposing another limitation on the Court's construction of

20  exclusivity.  So Google would read, the term symbolic reference

21  shall be construed as a reference that identifies all of the

22  data that it identifies by a name other than the numeric memory

23  location of the data, or would add some word of "exclusively"

24  or "only" in the Court's construction.

25          This issue was briefed in the JMOL briefing.

PROCEEDINGS                                              4318

1   Google -- we posited in our opening brief that Google was

2   imposing these additional limitations.  While Google criticized

3   our approach, they actually didn't say in their opposition

4   brief that our reading of their construction, or, put it

5   differently, that we were correctly reading the Court's

6   construction, was incorrect.

7            So it's important to understand that as backdrop.  We

8   have actually looked at this issue in briefing to the Court,

9   and we made it clear in our opening brief that there's no

10  requirement of directness and there's no requirement of

11  exclusivity.

12           In other words, a reference that identifies some data

13  by a name other than the numeric memory location of the data

14  qualifies as a symbolic reference, even if it, as Google

15  argues, is a pointer to a field in a table.  And, therefore,

16  has -- gives support -- by virtue of it being a pointer in a

17  field in a table, gives some support to Google's argument that

18  it is a numeric reference.

19           So that's the back and forth, and that's where we

20  are.  There is no limitation of directness and no limitation of

21  exclusivity, and that's why the answer should be as we

22  suggested.

23           We also suggest that the answers be just as direct to

24  these questions as they were to the question on "contained."

25           **THE COURT:**  I don't agree with either of you.  I will

1  give my own instruction to the jury, and you can all preserve

2  your positions for appeal.

3          The next question is:

4          "For the purpose of determining claim

5          language of the '520 Patent, is 'stack'

6          synonymous with 'memory'?  If so, is the

7          definition of 'memory' confined to stack?"

8          What do you say to this one?

9          **MR. JACOBS:**  Once again, clear questions with clear

10 answers.  Stack is not synonymous with memory.  And the

11 definition of memory is not confined to stack.

12         In the specification, there is a discussion of the

13 stack as it relates to memory.  Stack is a portion of the

14 memory.

15         But the claim is not limited to stack.  The Court so

16 instructed the jury when I objected to a closing argument which

17 suggested that the stack limitation be read into the asserted

18 claims.

19         There are dependent claims that recite a stack and

20 limit the claims to stack-based static array initialization.

21 But the asserted claims are not limited to stack.

22         So, once again, we suggest clear nos to both of those

23 questions.

24         **THE COURT:**  What do you say?

25         **MR. VAN NEST:**  Your Honor, I don't think that would

PROCEEDINGS                                        4320

1  be right.  The only statement in the specification is the one

2  Mr. Jacobs recited.  It says, a stack is a portion of memory

3  used by the methods in the Java programming environment.

4          That's in Column 2, at lines 18 through 21.

5          **THE COURT:**  Isn't this the thing that you were trying

6  to -- there was an objection, and I instructed the jury that

7  you can't read examples into the claims.  Isn't that the very

8  point?

9          **MR. VAN NEST:**  I'm not sure.  The patent says, again,

10 at Column 5, "The stack is a portion of memory for use in

11 storing operands."

12         So what I would say on the first one -- I mean, all

13 stack is memory.  All stack is memory.  Stack is a portion of

14 memory.  So I'm not sure what "synonymous" means.

15         But it's also true, as respects the second sentence,

16 that the definition of memory isn't confined to stack.  But

17 stack -- all stack is memory.  All memory is not stack.

18         So I think some -- something along the lines of,

19 responding to the first question, that stack is not synonymous,

20 but stack is a portion of or stack is memory, would have to be

21 said with --

22         **THE COURT:**  You both agree that stack is memory, but

23 memory can be more than stack?

24         **MR. VAN NEST:**  Yes.

25         **THE COURT:**  Is that a correct statement?

1              **MR. VAN NEST:**  We would agree with that.

2              **MR. JACOBS:**  Stack is a portion -- is an allocated

3    portion of the memory.

4              I think it could be quite confusing to give the jury,

5    though, more than it has asked for in this context.  They have

6    asked a very clear question.  The word "synonymous" needs no

7    explication.  Is stack synonymous with memory?  No.

8              **MR. VAN NEST:**  But, again, that would be -- that

9    would be confusing because I think we both agree stack is

10   memory.  So your statement is fine with --

11             **THE COURT:**  Is it a correct statement that stack is a

12   portion of memory, and that memory can be greater than stack?

13             **MR. VAN NEST:**  Yes.  That is correct.

14             **MR. JACOBS:**  That's factually correct, but that's not

15   the question they're asking.  They're asking, "For the purposes

16   of determining claim language of the '520 Patent, is 'stack'

17   synonymous with 'memory'?"

18             **THE COURT:**  Does "stack" even show up?

19             **MR. JACOBS:**  Doesn't show up in the asserted claims.

20   But the argument plainly got some traction, that there's no

21   stack in Android; therefore, there's no memory within the

22   meaning of the asserted claims.  And that's what they're

23   confused by.

24             "For the purposes of determining claim language of

25   the '520 Patent, is 'stack' synonymous with 'memory'?"

PROCEEDINGS                                    4322

 1  Absolutely not.

 2              MR. VAN NEST:  But, again, Your Honor, the statement

 3  that you made is correct.  Either version of that is correct --

 4              THE COURT:  Well, all right.  Let's bring the jury

 5  in.

 6              You lawyers aren't going to agree on anything, so

 7  we're going to bring the jury in and I'll do my best.

 8              (Jury enters at 11:10 a.m.)

 9              THE COURT:  Okay.  Welcome back.  Be seated.

10              Three notes.

11              Ms. Chiu writes:

12              "For the purposes of determining claim

13              language of the '520 Patent, is 'stack'

14              synonymous with 'memory'?  If so, is the

15              definition of 'memory' confined to stack?"

16              Answer to both questions:  No.

17              End of that one.

18              Now we go to two questions that are going to take a

19  little bit more time for me to try to answer.  I'm sorry, I --

20  Ms. Chiu writes:  "Can a determined numeric reference in the

21  instructions" -- and here I will pause to add, she's not

22  talking about the instructions to the jury.  She's talking

23  about computerized instructions.

24              "Can a determined numeric reference in the

25              instructions become a symbolic reference

PROCEEDINGS                                                    4323

1              because of what happens downstream?"

2              "Can a determined numeric reference in the

3              instructions become a symbolic reference

4              because of what happens downstream?"

5          Before I answer that question, I'm going to read the

6    one from Mr. Thompson.

7              "Regarding the symbolic reference issue in

8              the '104 claims, we have this question.

9              "Does the resolution of symbolic references

10             need to happen immediately i.e. at the field

11             ID table position in the demonstration?

12             "Or can the instructions be considered to

13             contain a symbolic reference by virtue of

14             linking of numeric references that occur

15             first followed by resolution, such as the

16             set-up in the demo with the string ID table,

17             string data & class columns?"

18         I'll read it again because that was a long question.

19             "Regarding the symbolic reference issue in

20             the '104 claims, we have this question.

21             "Does the resolution of symbolic references

22             need to happen immediately i.e. at the field

23             ID table position in the demonstration?

24             "Or can the instructions be considered to

25             contain a symbolic reference by virtue of

```
 1              linking of numeric references that occur

 2              first followed by resolution, such as the

 3              set-up in the demo with the string ID table,

 4              string data & class columns?"

 5         So the '104 Patent claims call out symbolic

 6  references, symbolic references, symbolic references.

 7  Sometimes there are -- numeric references are called out in the

 8  claim language.

 9         In the earlier instructions to the jury, I defined

10  symbolic reference to mean the following:

11              "The term 'symbolic reference' means a

12              reference that identifies data by a name

13              other than the numeric memory location of the

14              data, and that is resolved dynamically rather

15              than statically."

16              To repeat:

17              "The term 'symbolic reference' means a

18              reference that identifies data by a name

19              other than the numeric memory location of the

20              data, and that is resolved dynamically rather

21              than statically."

22         All right.  Now, I'm going to try to give you -- this

23  is not going to be a yes or no answer.  I'm going to do my best

24  to answer what I think your question is on both of these items.

25              If the instructions -- and I'm talking about the
```

1  computer instructions, not the jury instructions.

2          If the instructions contain a numeric reference, then

3  it does not somehow turn into a symbolic reference on account

4  of what happens downstream.

5          But, how do you determine whether it is a numeric

6  reference in the first place?  That's an important question.

7          In determining whether the item is numeric versus

8  symbolic reference in the first place, you must consult the

9  definition that I gave you of what a symbolic reference is.

10         Again, a symbolic reference is a reference that

11 identifies data by a name other than the numeric memory

12 location of the data and that is resolved dynamically rather

13 than statically.

14         So you ask that question.  You look at whatever is in

15 that little box and you say, does that identify data by a name

16 other than the numeric memory location of the data?

17         If the answer to that is that it identifies a numeric

18 memory location of the data, then it is not a symbolic

19 reference; it's a numeric reference.  And it doesn't get

20 transmogrified into a something else on account of what happens

21 downstream.

22         But you do have to consider what happens downstream

23 to find -- to at least figure out whether or not the item that

24 is in that box is referring to the numeric memory location of

25 the data.  You've got to look at least that far downstream in

 1    order to see what it's referring to.

 2           But, once you do that -- and if you decide it's a

 3    symbolic reference, great.  If you decide it's a numeric

 4    reference, that's great, too.  But it doesn't then change

 5    because the computer marches on to one instruction after the

 6    other, and so forth.

 7           I think that's the best I can do for you here.  So,

 8    we welcome your notes.  You send us as many notes as you want,

 9    and we will do our best to answer them.  That's the best I can

10    do on this one.

11           You may return to the jury room and continue your

12    deliberations.

13           (Jury out at 11:18 a.m.)

14    **THE COURT:**  Please be seated.

15           Any further objections anyone wants to put on the

16    record, now is the time.

17    **MR. JACOBS:**  For the reasons previously stated, Your

18    Honor, I believe the answer should have been crisp, as

19    proposed.

20    **THE COURT:**  And?

21    **MR. VAN NEST:**  And, Your Honor, we'll object to the

22    instruction that Your Honor gave on the '520.  I think that's

23    likely to confuse the jurors in light of the testimony they've

24    heard and the evidence that was presented.

25    **THE COURT:**  You know, I hope both sides learn

```
 1  something from this about patent cases.  It's not as easy as

 2  you started to think when you brought this lawsuit or you

 3  started defending this lawsuit.  All of the brilliant things

 4  that you can do in your rooms with all your white boards and

 5  all of you understand them perfectly, things don't come down

 6  that way in the courtroom sometimes.  And I'm pointing my

 7  fingers at both of you.

 8          But, this is our system.  And I believe in it

 9  totally.  We're going to do the best we can with the jury

10  system we've got.

11          And whoever loses on this, too bad for you.  You'll

12  have to take it up with the federal circuit.

13          I'll keep you posted on the next note.

14          MR. VAN NEST:  Thank you, Your Honor.

15          MR. JACOBS:  Thank you, Your Honor.

16          (Proceedings in recess from 11:20 to 12:57 p.m.)

17          THE COURT:  Okay.  Be seated, please.

18          Next note says, from Megan:

19          "If all other claim limitations are met, is

20           it true that the DVM would be infringing the

21           '104 patent via any resolution of a symbolic

22           reference anywhere in the data fields (as

23           depicted in the demonstrative)?"

24          All right.  What do we say to this?

25          MR. JACOBS:  The answer to the question is yes.
```

PROCEEDINGS                                    4328

```
 1            One way to answer the question would be to answer it
 2   yes.  Another way to answer the question would be to recite the
 3   definition of the -- the Court's construction of "resolving,"
 4   which is at least determining the numerical memory location
 5   reference that corresponds to the symbolic reference, and
 6   noting that there's no additional limitation on -- in that
 7   definition as to when, where, how the resolution occurs.
 8            Both of those would be helpful.
 9            MR. VAN NEST:  Your Honor, I think this is really the
10   same question we've been getting in a little, slightly
11   different form, but I think the answer is clearly no.
12            If the question is, does any resolution of a symbolic
13   reference anywhere in the data fields infringe?  No, of course
14   not.  You've told them a number of times that the symbolic
15   reference has to be in the instructions.  That was admitted to
16   by the expert.  It's got to be there.
17            So asking whether any resolution of a symbolic
18   reference anywhere in the data fields qualifies is just like
19   asking whether we can consider all this downstream stuff that
20   they've been talking about.
21            I have no problem with Your Honor rereading claim
22   constructions, if that is appropriate.  But I think the answer
23   to this question is clearly no.  Otherwise, it ignores the way
24   the case has been tried, which is that both experts said you
25   have to have a symbolic reference in the instructions
```

PROCEEDINGS                                    4329

1   themselves.  And what is resolved is that reference.

2        In other words, any resolution has to be of the

3   reference that's in the instruction itself.  That's pretty

4   clear from the claim language, which says, you determine a

5   numeric reference corresponding to said symbolic reference.

6   Said symbolic reference is the reference that's in the

7   instruction itself.

8        So I think the clear answer to this is no.  I don't

9   object to you reading claim construction if Your Honor feels

10  that's appropriate.  But we certainly couldn't answer this yes,

11  consistent with the way in which the case has been tried and

12  your prior instructions to the jury.

13       **MR. JACOBS:**  Briefly, Your Honor.

14       We're mixing issues again.  This question starts out

15  with, "If all other claim limitations are met," and then

16  narrowly focuses on a where question as to resolution.

17       So the jury, in asking the question this way, or

18  Ms. Gallo, in asking the question this way, says:  Okay, I get

19  it.  The symbolic reference has to be contained in the

20  instructions.  I understand from what the Court said in the

21  last question that we can look downstream to determine the

22  character of the symbolic reference.  Now I'm trying to figure

23  out whether there's a limitation as to where resolution takes

24  place.

25       And there is no such restriction in the Court's

1   construction or in the claim language.  And it would be a

2   mistake to let the jury think that there's yet another

3   narrowing of the claims that has not occurred.

4            **MR. VAN NEST:**  May I?

5            **THE COURT:**  You may.  Go ahead.

6            **MR. VAN NEST:**  I just don't read this question the

7   same way, Your Honor, because this is the issue they've been

8   debating all along.

9            **THE COURT:**  That's what you think.  I'm not sure

10  that's it.

11           When it says "If all other claim limitations are

12  met," and then the question goes on, but that other -- the rest

13  of the sentence does not track -- I don't even know what

14  claim -- what do they mean "other"?  Which one are they leaving

15  out when they say "other claim limitations"?

16           **MR. VAN NEST:**  I think just -- if Your Honor thinks

17  that's ambiguous, then all the more reason to be cautious.

18           I certainly don't think that this implies we found

19  every other element; now we're looking at this element because

20  this element hasn't been debated.  This element of resolution.

21           The debate has been what's the -- what's the nature

22  of the reference contained in the instruction?  So, again,

23  that's the issue that's been debated all week last week and,

24  apparently, again today.

25           And so I would -- I would urge the Court to be

1    consistent with your prior instructions or seek clarification

2    from the jurors.

3            Again, if we get away from resolution of a symbolic

4    reference that's in the instruction itself, then we're

5    departing from the claim construction and the way the case is

6    tried and the admissions by the experts on both sides.

7            **THE COURT:**  All right.  Let's bring the jury in.  I

8    think they said they weren't going to go home until they got an

9    answer to this.

10           (Jury enters at 1:04 p.m.)

11           **THE COURT:**  Please be seated.

12           We have another note.  Thank you for your note.  It's

13   from Ms. Gallo, right?  I will read it.

14           "If all other claim limitations are met, is

15           it true that the DVM would be infringing the

16           '104 patent via any resolution of a symbolic

17           reference anywhere in the data fields (as

18           depicted in the demonstrative)?"

19           Now, I want to begin by saying, what is a limitation?

20   In these paragraphs that follow, these indented paragraphs,

21   each one of those is its own limitation.  So, usually, a claim

22   has several paragraphs, and each one of those is regarded as a

23   limitation.

24           So one of the problems with this question is that I'm

25   not sure we're using the term "claim limitation" correctly.

PROCEEDINGS                                           4332

```
 1              I want to back up and say, if all claim limitations

 2   are met, of course, there's infringement because that's the

 3   definition.  All claims.  Three out of three is enough.  Four

 4   out of four is enough.  Three and a half out of four is not

 5   enough.

 6              I explained all that to you once before.  I don't

 7   think that's what you're getting at here, but it's not entirely

 8   clear to me what you are getting at.

 9              So if what this is saying is, if three out of the

10   four are met but one out of the four we are still debating, and

11   is this the answer to the one out of the four ... all right,

12   maybe that's what you're trying to ask.  But, if that's what

13   you're trying to ask, the way you phrased this question is

14   not -- I can't give you the answer to the facts.  That's where

15   the jury comes in.  I can tell you what the law is.  But

16   where -- you are the ones that have to apply the facts to the

17   law.

18              So I want to go back to your question.  You say

19   "... is it true that the DVM would be infringing the '104

20   patent via any resolution of a symbolic reference anywhere in

21   the data fields (as depicted in the demonstrative)?"

22              Well, the demonstrative is not in evidence.  It's not

23   in evidence.  It's not in the jury room.  Maybe you made some

24   notes.

25              You're asking me to tell you how to evaluate the
```

 1  evidence.  This is an evidentiary point.

 2          Now, I gave you some instructions on what does it

 3  mean, "resolve" and "resolving."  You know that I gave you

 4  those instructions.  I've told you what a symbolic reference

 5  was.  I gave you those instructions.  I've answered several

 6  questions about the -- you know, you've had on this subject.

 7          But this particular -- you're asking would something

 8  be infringing.  You're not asking me what would be a claim

 9  construction issue or what does this claim mean.  You're asking

10  me does something infringe if.

11          I don't think I -- the way you phrased this, it's too

12  much fact and not enough law.  So I cannot give you any help on

13  the way you phrased this question.

14          Sometimes you've gotten closer to a legal question.

15  I can answer that.  But this one you're basically asking me,

16  Judge, what is the answer here?

17          Well, that's where the jury comes in.  That's why we

18  try these cases to a jury in this great country because you

19  will figure it out.

20          So, that's the best I'm going to do for you on this.

21  I suggest you look at the law, which is the definitions I gave

22  you on resolve and resolving, symbolic reference, the other

23  answers to these other questions you've given me.

24          And if you want to try your hand at a different

25  question, I'll do my best to answer it, as long as it is

1  getting at what is the law, what do these words in the claim

2  itself mean.

3         That is my duty to try to tell you what those -- but

4  when it gets down to here's the way we think maybe this machine

5  works and how -- that's facts, not law.  And I'm not going to

6  get bogged down in that because that's not supposed to be my

7  job.  That's supposed to be your job.  And I respect your

8  province.  And I'm going to stay out of it.

9         So, I'm sorry I can't answer every question.  I wish

10  I could.  But, really, I trust the jury to get it right.  I

11  know you're working hard on this.  So I'm just going to send

12  you back to continue your work.

13         Now, I know it's 1:00 o'clock.  You don't have to

14  leave at 1:00 o'clock.  But is this one of those days where

15  you're leaving at 1:00 o'clock?

16         **FOREMAN THOMPSON:**  Yes.

17         **THE COURT:**  So are you taking off right now?  You're

18  going to adjourn at the end here?  It's up to you.  You can

19  stay until 7:00 p.m. if you want.

20         (Laughter)

21         **THE COURT:**  I want to make sure the lawyers are

22  present so we can answer your note.  If you're going to be

23  leaving, just let us know.  When you go back in the jury, send

24  out a note, let us know what you plan to do.  If you plan to

25  stay, good.  We'll be right here, waiting for your next note.

1  Okay?

2            **FOREMAN THOMPSON:**  Okay.

3            **THE COURT:**  Great.  Thank you.

4            (Jury out at 1:10 p.m.)

5            **THE COURT:**  Please be seated.

6            I have a question.  Is this '104 Patent, is this the

7  one that -- where does it stand on re-exam in the PTO, on the

8  '104?

9            **MR. JACOBS:**  This is the one that has the preliminary

10  rejection, Your Honor.

11            **THE COURT:**  Well, all right.  And the other one has

12  gotten all the way through; is that it?

13            **MR. JACOBS:**  That's correct.

14            **THE COURT:**  So not to be too negative about this, but

15  if we have a hung jury on these issues, you all should be

16  thinking about what our next steps are for case management

17  purposes.  We're not there yet.  Maybe we will have a verdict,

18  or at least a partial verdict.

19            So we'll be in recess.  As soon as we get their note

20  about how long they are going to be in session today, we'll let

21  you know.

22            **MR. VAN NEST:**  Thank you, Your Honor.

23            **MR. JACOBS:**  Thank you, Your Honor.

24            (At 1:11 p.m. the proceedings were adjourned during

25            further jury deliberations.)

<u>**CERTIFICATE OF REPORTER**</u>

      I, KATHERINE POWELL SULLIVAN, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 10-3561 WHA, **Oracle America, Inc., vs. Google, Inc.,** were reported by me, certified shorthand reporter, and was thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings at the time of filing.


            /s/ Katherine Powell Sullivan


        Katherine Powell Sullivan, CSR #5812, RPR, CRR
               U.S. Court Reporter


            Monday, May 21, 2012