Volume 28

Pages 4336 - 4361

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

ORACLE AMERICA, INC.,            )
                                 )
            Plaintiff,           )
                                 )
  VS.                            )   No. C 10-3561 WHA
                                 )
GOOGLE, INC.,                    )
                                 )
            Defendant.           )   San Francisco, California
_____)   May 22, 2012


**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For Plaintiff:**          MORRISON & FOERSTER
                            755 Page Mill Road
                            Palo Alto, California  94304
                  BY:  **MICHAEL A. JACOBS, ESQUIRE**
                       **KENNETH A. KUWAYTI, ESQUIRE**
                       **MARC DAVID PETERS, ESQUIRE**
                       **DANIEL P. MUINO, ESQUIRE**

                            BOIES, SCHILLER & FLEXNER
                            1999 Harrison Street, Suite 900
                            Oakland, California  94612
                  BY:  **WILLIAM FRED NORTON, ESQUIRE**

(Appearances continued on next page)


Reported By:  Katherine Powell Sullivan, RPR, CRR, CSR #5812

**APPEARANCES (CONTINUED)**:

For Plaintiff:          ORACLE AMERICA, INC.
                          500 Oracle Parkway
                          Redwood Shores, California  94065
             BY:  **ANDREW C. TEMKIN, CORPORATE COUNSEL**

For Defendant:         KEKER & VAN NEST
                          633 Battery Street
                          San Francisco, California  94111-1809
             BY:  **MATTHIAS ANDREAS KAMBER, ESQUIRE**
                          **EUGENE MORRIS PAIGE, ESQUIRE**
                          **DANIEL PURCELL, ESQUIRE**

                          KING & SPALDING LLP
                          1185 Avenue of the Americas
                          New York, New York 10036-4003
             BY:  **BRUCE W. BABER, ESQUIRE**

                          GOOGLE, INC.
                          1600 Amphitheatre Parkway
                          Mountain View, California  94043
             BY:  **RENNY HWANG, LITIGATION COUNSEL**

Also Present:          **SAFRA CATZ, President and CFO**
                          Oracle Corporate Representative

                          **CATHERINE LACAVERA**
                          Google Corporate Representative

1                  **P R O C E E D I N G S**

2  **MAY 22, 2012**                                    **9:18 A.M.**

3

4            (The following proceedings were held in open court,

5            outside the presence of the jury.)

6            **THE COURT:**  Please be seated.

7            We have another note, from Ms. Chiu:

8            "For the purpose of patent '104, do the

9            claims cover a symbolic resolution anywhere

10           in the data fields?"

11           All right.  Let's hear your suggested responses.

12           **MR. JACOBS:**  Our proposed response, our urged

13  response, Your Honor, is, yes.

14           The jury is asking a question about claim scope.  The

15  Court's constructions, the claim language imposed no locational

16  limitation on where symbolic reference resolution takes place.

17           If you think back to the sequence of questions, the

18  first question about "contained" was a question about a

19  locational limitation.  That was answered in the affirmative.

20           Then there was a question about looking -- about

21  whether you can look downstream to determine the nature of the

22  reference, to determine whether it is symbolic or numeric.  And

23  so they were given an answer, yes, you can look downstream.  Of

24  course, you can look downstream.

25           And now they're asking about symbolic reference

PROCEEDINGS                                                    4339

1  resolution itself.  And so we think they should be told that

2  the answer to that question is yes.

3        A more lengthier version of that answer would be

4  something like:  In looking at the claim language and my

5  constructions, if I -- if the claim language and my

6  constructions do not impose additional limitations on time,

7  place, manner, then you should not read restrictions on --

8  limitations on time, place, manner into the claims.  And with

9  that general guidance, the answer to your question, yes, there

10 is no locational -- there's no restriction as to location in

11 the claims or in my constructions as to where symbolic

12 reference -- symbolic resolution takes place.

13        **MR. KAMBER:**  Good morning, Your Honor.

14        **THE COURT:**  Good morning.

15        **MR. KAMBER:**  With respect to this question we think

16 the answer should quite clearly be a no, based on -- and I

17 would agree with Mr. Jacobs that the answer lies in the claims

18 and the claim language itself.

19        In the claim language the term "resolution" or

20 "resolve," it's not in Claim 11 explicitly.  It is, however, in

21 asserted Claims 27 and 29, where the discussion relates to

22 "resolve any symbolic data references in the set of original

23 instructions."

24        And so -- let me grab the board.

25        The resolution of the symbolic references, symbolic

PROCEEDINGS

1  references that have to be resolved in Claims 27 and 29, have

2  to be in the instructions, quite clearly.  It's explicit.

3  There's no disagreement among the experts that the literal

4  claim language requires that the instructions being resolved,

5  the symbols, the symbolic references, be in the instructions.

6           It's similar for Claims 39 through 41, all of which

7  talk about the numeric reference having been resolved from the

8  symbolic field reference.  And that symbolic field reference is

9  in the second element of Claim 39, for example, analyzing each

10  instruction to determine whether it contains a symbolic field

11  reference.

12          So, again, we have the symbolic field reference in

13  the instructions.  The resolution to a numeric has to be the

14  resolution of the symbol in the instructions.

15          Now, the problem with answering this question with a

16  yes answer is that it essentially allows the jury to reach a

17  conclusion of infringement on a theory that was never put

18  forward by Oracle.  Specifically, the doctrine of equivalents.

19  It was never pleaded.  It was never argued by their expert.

20  And saying that symbolic resolution can happen anywhere allows

21  them to get away with something.

22          The instructions, the symbols that are being resolved

23  have to be -- excuse me, the symbols have to be in the

24  instructions.

25          **THE COURT:**  Well, let's look at Claim 27.  Just focus

1   on that.

2               Does Claim 27 call out where the resolution occurs?

3          **MR. KAMBER:**  It calls out what has to be resolved.

4          **THE COURT:**  That's not my question.

5               Does it call out where the symbolic reference gets

6   resolved?

7          **MR. KAMBER:**  I think it does, Your Honor.

8          **THE COURT:**  Said resulting from an indication of a

9   routine to resolve any symbolic data references.

10         **MR. KAMBER:**  Correct.

11         **THE COURT:**  All right.  So --

12         **MR. KAMBER:**  The point isn't sort -- the routine

13  itself can be anywhere in the computer.  What's being resolved

14  has to be the symbol in the instructions.

15              And I think to the extent that Your Honor isn't

16  willing to give a clean sort of yes or no answer to this

17  question because it gets too close to the facts, one thing to

18  remind the jury is to read the literal claim language, because

19  the literal claim language has to be met in order for there to

20  be infringement.

21         **THE COURT:**  Let's look at number 39 for a minute.

22  Does 39 call out where the resolution is supposed to occur?

23         **MR. KAMBER:**  Again, Your Honor, here it refers to, in

24  the second element, analyzing each instruction to determine

25  whether it contains a symbolic field reference.  So we're

4342

PROCEEDINGS

1  looking at the instructions, looking for symbols in those

2  instructions.

3         Further down, it talks about the resolution.  It's

4  the last line.  But, the numeric reference having been resolved

5  from the symbolic field reference.  That's referring back to

6  the symbolic field reference in the instruction.

7         So the resolution may be a routine that's anywhere in

8  the computer, but that routine has to be applied to the symbol

9  in the instructions.

10         And so it's not enough for the jury to have found a

11  symbol being resolved, perhaps, here on the board.  It's

12  actually occurring even further to the right here (indicating).

13  The symbol that's being resolved from the symbolic -- the

14  reference that's being resolved from a symbolic to a numeric

15  reference has to be one that's in the instructions as required

16  by the literal claim language.

17         **THE COURT:**  All right.  Anything more?

18         **MR. KAMBER:**  No, Your Honor.

19         **MR. JACOBS:**  Your Honor, we're mixing issues.

20         I think Your Honor has it.  There is no restriction

21  on where symbolic reference resolution takes place.  There is

22  no requirement, that Google is now seeking to impose, that

23  there actually be a replacement of the actual operand in the

24  instructions.  That's implicitly what Google is now arguing.

25  The only kind of symbolic resolution that qualifies under the

PROCEEDINGS

1   patent is if this is literally changed (indicating).

2           Having told the jury that the quality of this can be

3   informed about what happens downstream, it makes no sense to

4   say that this, 01 in the instructions 52 01, has to be changed

5   in order for symbolic reference resolution to take place.

6           **THE COURT:**  I know the answer.

7           **MR. KAMBER:**  Your Honor, may I make one quick point?

8           **THE COURT:**  Thirty seconds.

9           **MR. KAMBER:**  With respect to whether it has to be

10  changed or not, Claims 27 and 29 actually do require that the

11  claims be rewritten.  That's why that theory -- those claims

12  are only asserted against dexopt, which does rewrite.  Whereas,

13  the other ones only requires resolution and saving the results

14  of the resolution somewhere else.  That's Claims 11 and 39

15  through 41.

16          **THE COURT:**  Still doesn't say where resolution

17  occurs.

18          Let's bring in the jury.  I know the answer to this

19  one.

20          (Jury enters at 9:27 a.m.)

21          **THE COURT:**  Okay.  Welcome back.  Please be seated.

22          At 8:57 a.m. Ms. Chiu writes:

23          "For the purpose of patent '104, do the

24          claims cover a symbolic resolution anywhere

25          in the data fields?"

PROCEEDINGS                                              4344

1            I'll repeat the question.

2            "For the purpose of patent '104, do the

3            claims cover a symbolic resolution anywhere

4            in the data fields?"

5            All right.  I'm going to give you a pretty clear-cut

6   answer to this, but first I need to remind you of one thing.

7            In order to find infringement of any claim, all

8   limitations in that claim must be met.  Three and a half out of

9   four is not good enough.  It has to be four out of four.

10           But, if it is four out of four, you don't add

11  anything more to it.  You don't add additional limitations that

12  you think ought to be there.  Four out of four is good enough.

13  Three and a half is not good enough.  Four and a half is more

14  than you need.

15           Now, so whenever you go through these limitations you

16  go through each paragraph and make sure each one is there.  If

17  it's there, great; infringement.  If it's not there, great; no

18  infringement.

19           All right.  So let's go back to your question.  For

20  purposes of patent '104, do the claims cover a symbolic

21  resolution anywhere in the data fields?

22           Well, if you read the limitations, do you find any

23  such requirement as to where the resolution occurs?  No.  The

24  claims do not specify anyplace that the resolution has to

25  occur.

```
 1              So that's the answer to that question.

 2              Now, does that mean that just resolution anywhere in

 3  the universe would be enough to meet these claims?  No.  You

 4  still have to meet every single one of these limitations.

 5              If the limitations are there, that's what you're

 6  looking for.  But a specification as to where in the computer

 7  the resolution takes place is not part of these claims.

 8  "Resolution" is.  "Where" is not.

 9              End of story.  Please return to the jury room and

10  continue your deliberations.

11              THE CLERK:  All rise.

12              (Jury out at 9:31 a.m.)

13              THE COURT:  Please be seated.

14              Anything anyone wants to put on the record?

15              MR. JACOBS:  Nothing further, Your Honor.

16              MR. KAMBER:  No, Your Honor.

17              THE COURT:  All right.  Any business we can do while

18  I have you all here?

19              MR. JACOBS:  I think we're okay.

20              MR. KAMBER:  As are we.

21              THE COURT:  Where is Mr. Van Nest today?

22              MR. KAMBER:  He's in Chicago, Your Honor.  He'll be

23  back tomorrow.

24              THE COURT:  That's fine.  He is entitled.  You have a

25  very capable team over there.  Tell him we got along fine
```

PROCEEDINGS                                    4346

 1  without him.

 2          **MR. KAMBER:**  We'll let him know.  Thank you, Your

 3  Honor.

 4          **THE COURT:**  All right.  See you soon.

 5          (Proceedings in recess from 9:32 a.m. to 10:55 a.m.)

 6          **THE COURT:**  Okay.  Be seated.

 7          We have a note from the foreperson:

 8          "In the symbolic reference definition, if we

 9          find a reference that identifies data by a

10          numeric memory location of the data, does the

11          existence of an initial numeric reference

12          preclude the existence of a symbolic

13          reference?"

14          Now, the symbolic reference definition is, in the

15  instructions, paragraph 11:

16          "The term 'symbolic reference' means 'a

17          reference that identifies data by a name

18          other than the numeric memory location of the

19          data, and that is resolved dynamically rather

20          than statically.'"

21          All right.  So they're saying:

22          "In the symbolic reference definition, if we

23          find a reference that identifies data by a

24          numeric memory location of the data, does the

25          existence of an initial numeric reference

PROCEEDINGS                                                    4347

1              preclude the existence of a symbolic

2              reference?"

3              All right.  Let's hear what you have to say.

4         **MR. JACOBS:**  The answer to the question is, no, the

5    existence of an initial numeric reference does not preclude the

6    existence of a symbolic reference.

7              In the Court's construction of symbolic reference

8    there is no requirement of only or exclusively.

9              The question in analyzing a putative symbolic

10   reference for its symbolicness is whether it serves to refer --

11   to identify data by a name other than the numeric memory

12   location of the data, regardless of whether it may be a pointer

13   into a location in memory as well.

14             And so in the -- what the jury is struggling with, I

15   believe, is that Google argues that 01 is a pointer to a field

16   and, therefore, it's a numeric memory location, even though the

17   undisputed evidence, both sides' experts, both sides' -- well,

18   Google's fact witness, is that the purpose of the IGET

19   instruction with 01 is to retrieve data here (indicating) from

20   the data object.  And, of course, the 01 doesn't identify that

21   data by a numeric memory location.

22             Another way of saying it is that the Court's

23   construction of symbolic reference has no requirement of

24   directness.  By definition, any indirect reference is going to

25   point to something along the way and identify it by some sort

1  of location.  Here, it's a pointer to a location in a field ID

2  table.

3       We have a dispute with Google about whether that's

4  properly thought of as data.  We have admissions from Google's

5  witnesses that it's not data.  But, set that aside.  All we're

6  focusing right now on is the legal question under the Court's

7  construction.

8       And, again, because there's no requirement of only or

9  exclusively, that the 01 may initially point to a field ID

10  table does not preclude consideration of what happens

11  downstream, as the Court told the jury yesterday, to decide

12  whether in this particular example 01 is -- meets the

13  definition of a symbolic reference.

14       **THE COURT:**  All right.  Let's hear what Google has to

15  say.

16       **MR. KAMBER:**  Thank you, Your Honor.

17       The question is a little bit confusing, but Oracle is

18  clearly interpreting it to be asking whether a reference can be

19  both a numeric reference and a symbolic reference at the same

20  time.

21       That's an argument that they never put forward in the

22  expert reports or that none of the experts even put forward

23  during the course of this trial.  In fact, it would be

24  inconsistent with the specification that suggests that it can

25  be either symbolic or numeric.  There are a few references to

PROCEEDINGS                                    4349

 1   that in Column 2 of the patent.  Specifically, at lines 41

 2   through 47, and 55 through 59.

 3            If there's a numeric reference in the instructions,

 4   it can't be symbolic at the same time.  The Court has already

 5   instructed the jury on that point last week, when they were

 6   asking a very similar question.

 7            Specifically, the Court noted, at 4325, starting at

 8   line 2:

 9            "If the instructions contain a numeric

10            reference, then it does not somehow turn into

11            a symbolic reference on account of what

12            happens downstream."

13            Absolutely right.

14            Then the Court discussed how to determine whether

15   it's a numeric instruction in the first place, applying the

16   Court's claim construction.  So you ask the question -- this is

17   at line 14:

18            "So you ask that question.  You look at

19            whatever is in that little box" --

20            instructions -- "and you say, does that

21            identify data by a name other than the

22            numeric memory location of the data?

23            "If the answer to that is that it identifies

24            a numeric memory location of the data, then

25            it is not a symbolic reference; it's a

```
 1              numeric reference.  And it doesn't get

 2              transmogrified into a something else on

 3              account of what happens downstream."

 4         Again, that is correct in light of the specification.

 5    It's discussed in the Court's claim construction order that

 6    there are two types of references that do not exist both at the

 7    same time.

 8         To answer the question as Oracle is asking you to

 9    answer it would be inconsistent with the Court's instructions

10    last week.

11         THE COURT:  All right.  Anything more?

12         MR. JACOBS:  I think the jury may be turning into

13    patent drafters because they are actually asking the question

14    in a way that aligns well with the Court's claim construction.

15         What the Court said to the jury in response to the

16    question last week had a different focus.  The question there

17    was "the data."  "The data."  And that implies that there is

18    only one data to be considered.

19         And we've have that argument.  We briefed that to you

20    in the JMOLs.  We think we're correct that the data that's

21    being referred to is not entries into field tables.  It's

22    talking about the data in the data object.  They are not asking

23    a question which allows an answer focused on that question of

24    claim construction.

25         But what the Court said to them last week was "the
```

1   data," implying that there is only one data.  This question

2   implies that there are two possible locations of data.  And

3   under the Court's claim construction of "symbolic reference,"

4   so long as there is data that is identified by a name other

5   than the numeric memory location of the data, the "refer" is a

6   symbolic reference.

7           So the question is teed up a little differently than

8   last week, and it deserves a -- an answer that is focused on

9   the question itself.

10          And the answer, does the existence of an initial

11  numeric reference preclude the existence of a symbolic

12  reference, under the Court's construction of symbolic reference

13  the answer has to be, no, there is no such preclusion.

14          **THE COURT:**  All right.  Once again, the lawyers are

15  of zero help.  Let's bring in the jury and the judge will do it

16  on his own.

17          Shouldn't say you are zero help.  You just don't

18  agree on anything, so I have to figure it out on my own.

19          (Jury enters at 11:06 a.m.)

20          **THE COURT:**  All right.  Welcome.  Please be seated.

21          Greg Thompson, foreperson --

22          **FOREMAN THOMPSON:**  Yes.

23          **THE COURT:**  -- writes --

24          **FOREMAN THOMPSON:**  Are you saying it for me?

25          (Laughter)

1          THE COURT:  It has your name on it.

2          FOREMAN THOMPSON:  Okay.

3          THE COURT:  But the handwriting seems better than

4   your other note --

5          (Laughter)

6          THE COURT:  -- so maybe you didn't write this one.

7          But here it is:

8          "In the symbolic reference definition, if we

9          find a reference that identifies data by a

10         numeric memory location of the data, does the

11         existence of an initial numeric reference

12         preclude the existence of a symbolic

13         reference?"

14         I'll repeat it.  That was a lot to swallow in one

15   breath.

16         "In the symbolic reference definition" -- so let me

17   stop there.  I think you're talking about my definition in

18   paragraph 11, which I will now read to you.

19         "The term 'symbolic reference' means 'a

20         reference that identifies data by a name

21         other than the numeric memory location of the

22         data and that is resolved dynamically rather

23         than statically.'"

24         All right.  So you ask:

25         "In the symbolic reference definition, if we

1           find a reference that identifies data by a

2           numeric memory location of the data, does the

3           existence of an initial numeric reference

4           preclude the existence of a symbolic

5           reference?"

6       Now, these claims all refer to instructions

7  containing these references.  So the starting point is, you're

8  looking at what's in the instructions.

9       Now, it's either going to be a numeric reference or

10 it's going to be a symbolic reference.  Moreover, you could

11 have, at one point, a numeric reference.  Maybe you could have

12 a symbolic reference 35 lines down, because there are many

13 different references along the way.  Every -- every step in

14 those instructions could have a reference.  One might be

15 numeric.  One might be symbolic.  But, for any given reference,

16 it can't be both.  It's got to be one or the other.

17       So how do you tell what it is?  You look at the

18 instruction set.  You look at the reference.  And you ask this

19 question:  Is that thing referring to the numeric memory

20 location?

21       If the answer is yes, then it's a numeric reference.

22 If the answer is no, it's not referring to the numeric memory

23 location, then it's a symbolic reference.

24       Now, let's say one of them happens to be a numeric

25 one.  Maybe later on another one is symbolic.  So the way I

1   read your question, you're asking me if you find one numeric

2   reference, does that preclude the possibility of a symbolic

3   reference later on in the instructions?  No, that doesn't do

4   that.  But it does preclude it for that one instance.

5           If you find a numeric reference, that's a numeric

6   reference.  End of story.  It can't be both.  Because a numeric

7   reference is something that refers directly to the location in

8   memory where that data is stored.  It's not symbolic.  It's

9   like a direct indicator where you go in memory to get that

10  data.

11          So for any line item, it's either numeric or it's

12  symbolic.  But, if you find way up here that it's numeric,

13  somewhere else in the instructions it might be symbolic.

14          So at least in terms of what the instructions -- the

15  term "symbolic reference" -- I want to just try to put a point

16  on this.

17          For any given location, it's got to be one or the

18  other.  For any item in the instruction set, it's got to be one

19  or the other.  It can't be both.

20          But somewhere in the instruction set you might have

21  one that is numeric, and another later on that is symbolic, or

22  vice versa.

23          One of you, at least, is nodding.  So I take it that

24  at least one of you got what I said.  And that's the best I can

25  do.

PROCEEDINGS

```
 1              (Laughter)

 2              THE COURT:  I can't -- you know, it's the best I can

 3  do.  This is not easy for me.  It's not easy for you.

 4              So please go back into the jury room and dig right

 5  in.

 6              Thank you.

 7              THE CLERK:  All rise.

 8              (Jury out at 11:12 a.m.)

 9              THE COURT:  All right.  Be seated.  You can say

10  anything you'd like for the record.

11              MR. JACOBS:  This is for the record but also for the

12  deliberations, Your Honor.

13              I think it would be helpful and important to explain

14  to the jury what the data is that is being referred to.

15              In the Court's last direction to them the comment was

16  that you go off and look at whether it's pointing to the

17  numeric location of the data that's being obtained.  That's

18  exactly right.  I fear it may have gone over their heads

19  because their question wasn't quite directed to the question of

20  what is the data.

21              But it is the data that is being obtained that is the

22  relevant data here.  With that instruction, I think this

23  disagreement they're having about whether something is a

24  numeric or a symbolic reference would go away.

25              THE COURT:  I gave you the chance the other day --
```

PROCEEDINGS

1  you rejected it and spurned it -- to have a five-minute

2  supplemental argument where you could have made all the points

3  you wanted, and the other side could have made their points.

4  No, you spurned that opportunity.  I'm sure you now regret it.

5  But, I disagree with what you just said.

6          **MR. JACOBS:**  Okay.

7          **THE COURT:**  Does the other side wish to make any

8  points?

9          **MR. JACOBS:**  If I may, Your Honor, that was on the

10  '520.

11          **THE COURT:**  Well, who cares?  You didn't like the

12  opportunity then.  You thought it was to your advantage to just

13  go with the flow.  And I think that was maybe on both sides a

14  mistake.

15          I think the lawyers could have benefited this jury

16  by -- You know, probably, what's on their minds.  You could in

17  five minutes make your best points.

18          And if you still think you would be willing -- I

19  would require you to stipulate, but if you stipulate to it, I

20  think it would do the jury some good.

21          **MR. KAMBER:**  Your Honor, I'm not sure that we're

22  willing to do that.

23          **THE COURT:**  Not sure?

24          **MR. JACOBS:**  I'm sure we are.

25          **THE COURT:**  What?

PROCEEDINGS                                                    4357

```
 1              MR. JACOBS:  I'm sure we are.

 2              THE COURT:  You are now.  Okay.  So you changed your

 3   mind.

 4              How about you over there?

 5              MR. KAMBER:  No, Your Honor.  Thank you.

 6              THE COURT:  You say no.  That's fine.  That's your

 7   right.  You don't -- you don't -- I'm not going to force this

 8   on anyone.

 9              Okay.  Anything more you want to bring up?

10              MR. KAMBER:  Not from us, Your Honor.

11              MR. JACOBS:  Nothing, Your Honor.

12              THE COURT:  Okay.  Stand by.

13              (Proceedings in recess from 11:15 a.m. to 11:46 a.m.)

14              THE COURT:  Please be seated.  Are both sides ready?

15   I can wait a few minutes, if you need.

16              MR. JACOBS:  They will be here in just a moment, Your

17   Honor.

18              THE COURT:  Let's wait then.

19              MR. JACOBS:  Thank you.

20              (Pause.)

21              MR. JACOBS:  Thank you for waiting, Your Honor.

22              THE COURT:  All right.  The jury, of course, is not

23   present.  The lawyers are present.  Today is Tuesday, now

24   11:50.  And I think the jury said they would be going until

25   1:00 today; is that right?
```

1             **MR. JACOBS:**  Correct.

2             **THE CLERK:**  Correct, Your Honor.

3             **THE COURT:**  And again tomorrow until 1:00, right?

4             **MR. PAIGE:**  That's right.

5             **THE COURT:**  Here's what I propose to do.  In the

6    event they don't have a verdict by tomorrow at 1:00, and they

7    are still deliberating, then we will take Thursday, Friday and

8    Monday off, and resume on Tuesday.

9             I would like, personally, to take Thursday and Friday

10   and Monday off for reasons I don't want to go into.  But that

11   would be, you know, several days off.  But I don't see the

12   problem in doing it.  And I would want to tell the jury that

13   today, what the schedule would be.

14            So any reaction by the lawyers?

15            **MR. JACOBS:**  No objection.  No problem with us, Your

16   Honor.

17            **THE COURT:**  All right.  How about over there?

18            **MR. KAMBER:**  No objection, Your Honor.

19            **THE COURT:**  Okay.  So, Dawn, at an appropriate point

20   when they are, you know, maybe on break or something, if you

21   could say that we would like to have them come in here so I can

22   tell them what the schedule will be.

23            **THE CLERK:**  Okay.

24            **THE COURT:**  And until they tell me that they're

25   deadlocked, then my plan is just let them go as long as they

```
 1   would like.

 2           They could go all next week except for -- you know.

 3   But I don't know what their view is on when they will decide

 4   that they're deadlocked, if ever.

 5           But I do think I would want them to be able to make

 6   some plans for the rest of the week, without them suddenly

 7   finding out on Thursday morning that they are not going to be

 8   coming in.

 9           So don't go too far.

10           Dawn, can you -- does anyone mind if we just do this

11   right now?

12           MR. JACOBS:  Fine.

13           THE COURT:  Let's bring the jury in right now.

14           (Jury enters at 11:50 a.m.)

15           THE COURT:  Okay.  Please be seated.

16           I want to talk with you about the schedule because,

17   you know, next Monday is Memorial Day, and that's a federal

18   holiday.  We will not be in session then.  But, I want to take

19   Thursday and Friday off this week so that you will not be in

20   session on Thursday, not on Friday, and not next Monday.

21           So if you don't have a verdict by Wednesday when you

22   break, then we would come back on Tuesday of next week.  But I

23   wanted you to have this heads up so you could make some plans

24   for Thursday, Friday.  And Monday being a long weekend, maybe

25   it's not too late for you to retrieve some extra plans that you
```

PROCEEDINGS                                            4360

1   might have been thinking about.

2            And so this is my idea.  The lawyers are -- and I

3   personally want to do it, myself, for family reasons.  And

4   don't blame the lawyers.  You can blame me.

5            But I think maybe you could take advantage of the

6   opportunity, as well.  And I could promise you this, that we

7   are on track to finish maybe even before the original date that

8   we had set for the middle of June.  And so I don't see that as

9   a problem.

10           Okay.  So we -- I understand you're going to go until

11  1:00 today and 1:00 tomorrow.  Is that your plan?

12           (Jurors affirm.)

13           **THE COURT:**  You are always free to change that if you

14  want.  But that's also fine with us if that's what you want to

15  stand by.

16           But come Thursday, we will be on a hiatus for

17  Thursday, Friday and Monday, and then resume again on Tuesday.

18           So everybody got that in mind?

19           (Jurors affirm.)

20           **THE COURT:**  Good.  I apologize for bringing you back.

21  If I had thought when I had you out here before I would have

22  mentioned this to you.  But I hadn't yet run it by the lawyers,

23  and I needed to do that.

24           Okay.  With that, I'll let you go back to the jury

25  room.  Thank you.

PROCEEDINGS

```
 1              (Jury out at 11:53 a.m.)

 2              THE COURT:  All right.  Any other business we can do

 3   while I have you all here?

 4              MR. JACOBS:  Nothing, Your Honor.

 5              MR. KAMBER:  Not from us, Your Honor.

 6              THE COURT:  Okay.  Well, you owe me some paperwork by

 7   noon tomorrow.

 8              MR. KAMBER:  Indeed.

 9              THE COURT:  Don't ask for extensions on that.

10              (Laughter)

11              THE COURT:  I am looking forward to your answers.

12              MR. KAMBER:  Thank you.

13              THE COURT:  Your replies that are due on Thursday I

14   won't get unless they are faxed to me somehow.  But I am going

15   to take with me your briefs tomorrow.

16              All right.  Thank you.

17              MR. KAMBER:  Thank you.

18              (At 11:54 a.m. the proceedings were adjourned during

19              further jury deliberations.)

20                            -   -   -   -

21

22

23

24

25
```

*Katherine Powell Sullivan, CSR, RPR, CRR*
*Official Reporter - U.S. District Court*
*(415) 794-6659*

### CERTIFICATE OF REPORTER

I, KATHERINE POWELL SULLIVAN, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 10-3561 WHA, **Oracle America, Inc., vs. Google, Inc.,** were reported by me, certified shorthand reporter, and was thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings at the time of filing.


_____/s/ Katherine Powell Sullivan_____


Katherine Powell Sullivan, CSR #5812, RPR, CRR
U.S. Court Reporter


Tuesday, May 22, 2012