MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE AMERICA, INC.'S OBJECTION TO COURT'S ANSWER TO JUROR QUESTION REGARDING "SYMBOLIC REFERENCE" AND REQUEST FOR CURATIVE INSTRUCTION**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1    Oracle further objects to the Court's answer delivered on May 22, 2012 to the question
2    asked by a juror at 10:35 a.m. regarding "the symbolic reference definition" and requests a
3    curative instruction.

4    As part of its answer to the juror's question, the Court instructed the jury that a reference
5    to data might be numeric or symbolic, but cannot be both. The Court's construction of "symbolic
6    reference" does not have a "one or the other" quality, so the Court's May 22 instruction was not
7    consistent with its claim construction. The inconsistency can be mitigated if the Court clarifies
8    that the "data" referred to in its construction is the ultimate data to be obtained or used after
9    symbolic reference resolution is performed—that is the "data" that is claimed elsewhere in the
10   claim language. Oracle requests that the Court promptly provide a curative instruction on that
11   point for the jury during deliberations on May 23, 2012.

12   The juror's question on May 22 at 10:35 a.m. asked:

> In the symbolic reference definition, if we find a reference that identifies data by a numeric memory location of the data, does the existence of an initial numeric reference preclude the existence of a symbolic reference?

(RT 4352:8-13.) In response, the Court repeated the construction of "symbolic reference"—"a reference that identifies data by a name other than the numeric memory location of the data, and that is resolved dynamically rather than statically"—but then instructed the jury that the references in question must be in the instructions and that a reference is "either going to be a numeric reference or it's going to be a symbolic reference." (RT 4353:9-16.) The Court further stated that "for any given reference, it can't be both. It's got to be one or the other." (*Id*.) The Court explained the jury's inquiry was to be as follows:

> So how do you tell what it is? You look at the instruction set. You look at the reference. And you ask this question: Is that thing referring to the numeric memory location?
>
> If the answer is yes, then it's a numeric reference. If the answer is no, it's not referring to the numeric memory location, then it's a symbolic reference.

(RT 4353:17-23.) The Court stated:

> If you find a numeric reference, that's a numeric reference. End of story. It can't be both. Because a numeric reference is something that refers directly to the location in memory where that data is stored. It's not symbolic.

ORACLE'S OBJECTION TO COURT'S MAY 22 ANSWER REGARDING "SYMBOLIC REFERENCE" AND REQUEST FOR CURATIVE INSTRUCTION  
CASE NO. CV 10-03561 WHA  
sf-3149587

1

(RT 4354:5-8.)

The Court's claim construction of "symbolic reference" imposes no such limitation. In particular, under the Court's construction, a reference could be symbolic as to *some* data and numeric as to *other* data. Indeed, so long as the reference is symbolic as to *some* data, then it "identifies data by a name other than the numeric memory location of the data" and the reference is a symbolic reference, regardless of whether it identifies *other* data by location. Hence, the answer to the juror's question should have been, "No, the existence of an initial numeric reference does not preclude the existence of a symbolic reference." By instructing the jury as it did, the Court imposed an additional limitation on its construction of "symbolic reference" that is not present in the original construction. That additional limitation may result in a finding of non-infringement or no finding at all, as the jury wrestles with the question whether, in Android, an index to an entry in a table can *only* be a numeric reference to data even if it is also a symbolic reference to data in the data object.

Clarifying what "data" is actually at issue in the Court's construction could mitigate the harm. The Court's construction is not explicit on what that "data" may be. Reading the construction of symbolic reference in context, the "data" of the Court's construction is the "data" that is actually claimed in the '104 patent: the data that is "obtained" in Claim 11 and the data that is "thereafter used" in Claims 39, 40, and 41. By disambiguating what "data" is at issue in the Court's construction of symbolic reference, on the facts here, the jury may have less difficulty determining whether a reference is symbolic or numeric.

Oracle's infringement position is that Dalvik bytecode instructions contain "symbolic references" (as defined by the Court) in the form of indices (including field indices—the "01" from Google's demonstrative) that identify the *actual data to be obtained* by a name ("01") other than the numeric memory location of that data. *See, e.g.*, RT 3303:2-3304:20 (Mitchell); TX 4015, 7:12-13.

By contrast, Google argued that the field indices ("01") can only be numeric references because they are the location of "data" in the Field ID table of a dex file, which contains information used to perform the resolution process and locate the data to be obtained. Google's

ORACLE'S OBJECTION TO COURT'S MAY 22 ANSWER REGARDING "SYMBOLIC REFERENCE" AND REQUEST FOR CURATIVE INSTRUCTION
CASE NO. CV 10-03561 WHA
sf-3149587

2

argument ignores that the field indices specify the *actual data to be obtained* (*i.e.*, the data in an Android data object), making them symbolic references under the Court's construction of "symbolic reference." Moreover, the '104 patent never refers to information used in the resolution process as "data." Instead, the patent specification and claim language refer to "data" as being thereafter used for the operation identified by the instruction (*e.g.*, the LOAD instruction accesses or fetches a value from a data object). Under the Court's construction, the jury could find that the indices contained in Dalvik bytecode instructions are "symbolic references" to the actual data they identify—they refer to that data by a name (*e.g.*, field index "01") other than the numeric memory location of that data (*e.g.*, byte offset "48").

If the Court clarifies that "data" in its construction means the "data" that is actually *claimed* in the '104 patent, then any inconsistency will be mitigated. ('104 patent, Claim 11: "obtaining data in accordance to said numerical references"; Claims 39, 40: "wherein data from a storage location identified by a numeric reference is thereafter used for the operation when the instruction contains a symbolic field reference"; Claim 41: "wherein data from a storage location is used thereafter for the operation when the instruction contains a symbolic field reference.")

Without that clarification, the jury may be misled into thinking that because Google has argued that a field index ("01") is a location in the Field ID table, which contains information not claimed or mentioned in the '104 patent claims, the field index must *only* be a numeric reference and cannot be a symbolic reference to the *claimed* data—the actual data to be obtained. That is incorrect under the Court's construction of "symbolic reference."

Oracle therefore requests that the Court promptly provide a curative instruction to the jury that the "data" referenced in the asserted claims of the '104 patent is the claimed data—the actual data to be obtained or used after symbolic reference resolution is performed.

Dated: May 23, 2012                          MORRISON & FOERSTER LLP

By: /s/ *Michael A. Jacobs*
Michael A. Jacobs
*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

ORACLE'S OBJECTION TO COURT'S MAY 22 ANSWER REGARDING "SYMBOLIC REFERENCE" AND REQUEST FOR CURATIVE INSTRUCTION
CASE NO. CV 10-03561 WHA
sf-3149587

3