IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | No. C 10-03561 WHA <br><br> **FINDINGS OF FACT AND CONCLUSIONS OF LAW ON EQUITABLE DEFENSES** |

This order addresses Google's equitable defenses, (1) laches; (2) equitable estoppel; (3) implied license; and (4) waiver, for both copyright and patent infringement. In light of the Court's accompanying ruling that the structure, sequence and organization of the Java API packages are not copyrightable, and the jury's verdict of patent non-infringement, Google's equitable defenses are moot, at least pending appeal. Nonetheless, even in the event of a remand on one or more other liability issues, it is so unlikely that the remand could affect the calculus of the defenses of implied license and waiver that this order will go ahead and clear those away, leaving open the defenses of laches and equitable estoppel.

1. **IMPLIED LICENSE.**

An implied license requires a finding of an affirmative grant of consent or permission. Though rare, consent can be inferred from a course of conduct between parties. *Wang Labs., Inc. v. Mitsubishi Elecs.*, 103 F.3d 1571, 1581–82 (Fed. Cir. 1997). As with the other equitable defenses, there must be a nexus between the alleged conduct giving rise to the implied license

and the infringing action. *Ibid*. In the context of both copyrights and patents, circumstances giving rise to an implied license are exceedingly narrow. *See Id*. at 1251–52; *A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1026 (9th Cir. 2001).

The requisite nexus between Oracle and/or Sun's conduct and Google's infringement has not been proved. Google agrees that Oracle and/or Sun did not specifically and affirmatively grant permission to Google to use the structure, sequence and arrangement of the 37 API packages (Dkt. No. 1079 ¶ 183). The same is true for the asserted patents. This leaves open only the "course of conduct" theory, which also fails.

Google's evidence of implied consent at most establishes Oracle's inaction. Google's equitable defenses rest primarily on a November 2007 blog post by Sun's CEO congratulating Google on the release of Android, as well as similar positive statements by Sun executives thereafter. Congratulatory statements do not fall under the narrow circumstances proscribed by our court of appeals. Even if Google understood Oracle and/or Sun's conduct to condone use of the Java API packages, the "course of conduct" must be assessed for an affirmative grant of such consent. None is apparent from the evidence Google presented here. Google has supplied no relevant authority that would support a finding in its favor on these facts. Furthermore, from the present record it would be impossible to determine the scope of any implied license. Under Google's theory, infringement is excused as to *any* aspect of Android because the whole of the platform was generally applauded by Sun. Such a finding is not supported by precedent. The parties negotiated for a real license but the talks collapsed and no license was given. It would be most bizarre to somehow find an implied license in this scenario.

### 2. WAIVER.

To prevail on a waiver defense, Google must show by a preponderance of the evidence that Oracle and/or Sun, with full knowledge of the material facts, intentionally relinquished its rights to enforce the rights it now asserts. Waiver of a known right must be "manifested by some overt act indicating an intention to abandon that right." *Micro Star v. Formgen, Inc*., 154 F.3d 1107, 1114 (9th Cir. 1998). The parties agree that inaction alone is insufficient to show waiver.

This order finds Google has not met its burden of proving an overt act by Oracle and/or Sun indicating its intention to abandon all rights to the Java platform, or to the specific technology at issue here. Google's best evidence on the issue of waiver is Jonathan Schwartz's testimony that Sun made a decision to not sue Google following the release of Android. This decision, however, is not an overt act. So long as it did not induce reliance by Google, Sun was free to change its mind and assert its rights within the statute of limitations period. The several congratulatory communications do not, as discussed above, constitute a clear indication that Oracle and/or Sun intended to relinquish its rights as to the entirety of its platform. Google concedes Oracle continued and continues to assert its rights as to other aspects of the platform such as the language specification and code (Dkt. No. 1079 ¶¶ 58–60). Save for a total relinquishment, Google has to prove an overt act by Oracle and/or Sun relaying its intent to abandon rights as to the specific elements asserted here. The evidence is devoid of any such showing.

### 3. EQUITABLE ESTOPPEL AND LACHES.

There remains a possibility that these two equitable defenses can be revived on remand. Both these defenses are based, in part, on what intellectual property rights Sun and Oracle had in Java, and more specifically, rights to preventing others from using the structure, sequence and organization of the API packages. In the event of a remand, this could affect the calculus involving the defenses and the judge will reserve on deciding these defenses. If that occurs, those issues will likely be decided based on the existing trial record.

### CONCLUSION

For the reasons stated, Google's defenses of implied license and waiver are rejected on the merits and Google's defenses of equitable estoppel and laches are denied as moot.

**IT IS SO ORDERED.**

Dated: May 31, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3