Pages 1 - 18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

ORACLE AMERICA, INC.,              )
                                   )
            Plaintiff,             )
                                   )
  VS.                              )  No. C 10-3561 WHA
                                   )
GOOGLE, INC.,                      )
                                   )  San Francisco, California
            Defendant.             )  June 20, 2012
_____)  11:00 a.m.


**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff:**          MORRISON & FOERSTER
                            755 Page Mill Road
                            Palo Alto, California  94304
                    **BY:  MICHAEL A. JACOBS, ESQUIRE
                            MARC DAVID PETERS, ESQUIRE
                            DANIEL P. MUINO, ESQUIRE**


                            BOIES, SCHILLER & FLEXNER
                            1999 Harrison Street, Suite 900
                            Oakland, California  94612
                    **BY:  WILLIAM FRED NORTON, ESQUIRE**


            **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


*Reported By:   Debra L. Pas, CSR 11916, CRR, RMR, RPR*
              Official Reporter - US District Court
              Computerized Transcription By Eclipse

```
 1  APPEARANCES:  (CONTINUED)

 2

 3  For Defendant:              KEKER & VAN NEST
                                633 Battery Street
 4                              San Francisco, California  94111-1809
                          BY:  ROBERT ADDY VAN NEST, ESQUIRE
 5                              EUGENE MORRIS PAIGE, ESQUIRE
                                CHRISTA MARTINE ANDERSON, ESQUIRE
 6                              DANIEL PURCELL, ESQUIRE
                                REID P. MULLEN, ESQUIRE
 7

 8                              KING & SPALDING LLP
                                1185 Avenue of the Americas
 9                              New York, New York 10036-4003
                          BY:  BRUCE W. BABER, ESQUIRE
10                              SCOTT WEINGAERTNER, ESQUIRE

11

12                              GOOGLE, INC.
13                              1600 Amphitheatre Parkway
                                Mountain View, California  94043
14                        BY:  RENNY HWANG, LITIGATION COUNSEL

15

16  For Dr. Kearl:             FARELLA BRAUN & MARTEL LLP
                                235 Montgomery Street, 30th floor
17                              San Francisco, California 94104
                          BY:  JOHN L. COOPER, ESQUIRE
18

19                                    _  _  _

20

21

22

23

24

25
```

1                     P R O C E E D I N G S

2    JUNE 20, 2012                                    10:59 A.M.

3

4              THE COURT:  Good morning, everybody.

5              (Good morning by all.)

6              THE COURT:  Please be seated.

7              THE CLERK:  Calling Civil 10-3561, Oracle America

8    versus Google, Inc.

9              Counsel, can you please state your appearances?

10             MR. JACOBS:  Michael Jacobs from Morrison and

11   Foerster for Oracle America.  With me from Morrison and

12   Foerster is Dan Muino and Marc Peters.

13             THE COURT:  Welcome.

14             MR. NORTON:  Fred Norton of Boies, Schiller and

15   Flexner for Oracle.

16             THE COURT:  Welcome.

17             MR. TEMKIN:  Andrew Temkin for Oracle America.

18             MR. VAN NEST:  Good morning, your Honor.  Bob

19   Van Nest for Google.  I'm here with Christa Anderson, Reid

20   Mullen, Dan Purcell, Bruce Baber, Scott Weingaertner and Renny

21   Hwang from Google.  Good morning.

22             MR. COOPER:  Good morning, your Honor.  John Cooper

23   on behalf of Dr. Kearl.

24             THE COURT:  Thank you for attending.

25             All right.  We're here to address what needs to be

PROCEEDINGS

```
 1  done to get this case into a form of a final judgment, and my

 2  law clerk handed out a form of judgment that I think is

 3  adequate for our needs.

 4          It's different from both of what you submitted, but

 5  this is what I would do, if left to my own devices.  I will

 6  give you all a chance to critique it.

 7          But before we -- let's talk about the larger

 8  pictures.  We have the issue of damages for the statutory

 9  damages issue on rangeCheck and the decompiled files.  So I

10  read something in your submission about a stipulation, and

11  let's hear what that's about.

12          MR. JACOBS:  Your Honor, we have submitted a

13  stipulation to the Court -- it should have been e-filed this

14  morning -- in which we stipulated to, among other things, an

15  award of zero dollars for statutory damages and various

16  provisos around that as to how that could and could not be used

17  for the purpose of further argument in the case.

18          THE COURT:  Hmm.  I don't have that.

19          MR. VAN NEST:  I have a copy.

20          THE COURT:  Can I see that?

21      (Whereupon, document was tendered

22       to the Court.)

23          THE COURT:  Has this been agreed to by both sides?

24          MR. VAN NEST:  Yes, it has, your Honor.

25          MR. JACOBS:  Yes, your Honor.
```

PROCEEDINGS

```
 1              (Brief pause.)

 2              THE COURT:  Well, okay.  I don't fully remember these

 3    other prior stipulations well enough to immediately understand

 4    this new stipulation, but --

 5              MR. VAN NEST:  I have a copy of that, your Honor, as

 6    well.

 7              THE COURT:  Why don't you hand that up?  Is there a

 8    catch here that I need to be aware of?

 9              MR. JACOBS:  The revision to the prior stipulation is

10    triggered by the following.

11              The prior stipulation anticipated deferral of the

12    statutory damages issue until we knew one way or the other

13    after appeals whether the issue of the APIs would return for

14    jury trial.

15              On reflection, the parties have concluded that we

16    need to resolve the question of statutory damages now to avoid

17    any issue of finality in the judgment.

18              And so, hence, what you see in here, in the

19    modification to the stipulation, is an agreement to an amount

20    of statutory damages so that the -- so that finality is reached

21    on that question now, subject to all the terms of that

22    stipulation about what happens if the case does return for

23    trial and how the issue of damages for the copied code files

24    would be addressed at that point.

25              THE COURT:  Well, is there any scenario under which
```

PROCEEDINGS

```
1   statutory damages could come back to life and be more than
2   zero, or is that gone forever now?
3           MR. JACOBS:  Give me a minute, your Honor.
4           (Brief pause.)
5           MR. JACOBS:  This is governed by Section 2(a) -- I'm
6   sorry, Section 2 of the existing stipulation.
7           Do you have that in front of you, your Honor?
8           THE COURT:  I don't.  I thought you were going to
9   hand that up to me.
10           (Whereupon, document was tendered
11            to the Court.)
12           THE COURT:  Okay.  I have Paragraph 2, I guess, in
13   front of me now from the old stipulation.  So what should I be
14   looking at?
15           MR. JACOBS:  I think you should be looking at what we
16   are free to seek from the future jury.
17           MR. VAN NEST:  Paragraph 2, your Honor.
18           (Brief pause.)
19           THE COURT:  All right.  I guess I understand.
20           So what else do we need to work on today?
21           MR. JACOBS:  I think the other two issues in the case
22   management conference statement have been resolved.  Those had
23   to do with payments of fees.
24           So unless Google disagrees with that, I think we're
25   done and then that would leave us with the form of the final
```

1    judgment.

2         **THE COURT:**  I'm sorry.  The two issues on fees have

3    been resolved?  I thought you said that there was a dispute.

4         **MR. VAN NEST:**  No.  There was, your Honor, but it's

5    been resolved.

6         So the dispute here about Dr. Cockburn's third report

7    we resolved.  That's off the table.  The Court need take no

8    action on that.

9         Dr. Kearl's fees have been paid.

10        So I think the only issue left is the final judgment,

11   which is fine with Google.

12        As we said in our joint CMCs, we intend to seek

13   costs, but we don't think anything need to be said in this

14   judgment about that.  We have 14 days to file a bill of costs.

15        But the form of the judgment that your Honor has

16   provided is fine with us.

17        **THE COURT:**  Before we go to Oracle, let me ask

18   Mr. Cooper:  Is it true that Dr. Kearl has been fully paid?

19        **MR. COOPER:**  Yes.  Dr. Kearl has received the payment

20   from Oracle, and it's our understanding that they are in the

21   process of submitting the payment within the next 24 hours, the

22   final payment from Google.  So, yes.

23        **THE COURT:**  One thing that I want to say is in a way

24   how unfair it is that Mr. Cooper is not getting paid even

25   though Dr. Kearl is getting paid, but that was, you know, your

PROCEEDINGS

1  offer, and how much I appreciate and the Court appreciates the

2  service that you have given in this case.

3        Everyone should know that -- it seems like three or

4  four years ago now at an American College of Trial Lawyers

5  annual dinner the general subject came up about how the college

6  could help judges who are generally overworked and Mr. Cooper,

7  without any provocation from anyone, said that he would be

8  willing to take on assignments; didn't mention this particular

9  one, but he mentioned assignments of this general type.

10       And then about a year went by and the Dr. Kearl thing

11  came up and I inquired whether he would be willing to represent

12  Dr. Kearl, and true to his word he said absolutely and would

13  not be charging for that, would do it pro bono as a service to

14  the Court.

15       And I think many times how wonderful that is that we

16  have good lawyers like that in this district who will make a

17  sacrifice for the benefit of the court, and you have been

18  exemplary.

19       MR. COOPER:  Thank you, your Honor.  It's been a

20  pleasure participating in this case.

21       THE COURT:  Let me ask one last thing.  In case

22  remand occurs and we need Dr. Kearl to reactivate, has he put

23  his materials away in such a form that he would be able to do

24  that?

25       MR. COOPER:  Yes.  Dr. Kearl has told me that he will

PROCEEDINGS

1   be prepared to resume to testify on reasonable notice.

2          THE COURT:  All right.  Well, counsel, can we just

3   all leave it that Dr. Kearl will go into an inactive mode for

4   the time being?  His materials will stay with him pending

5   further order of the Court and if it ever -- if the case ends

6   in some way, then you will want those materials back to be

7   shredded or something.  But can he keep them for now?  Is that

8   all right?

9          MR. VAN NEST:  He can, your Honor.

10          And Google would like to join in the Court's remarks

11   concerning Mr. Cooper as well.

12          THE COURT:  Of course.

13          Is that all right with Oracle?

14          MR. NORTON:  Yes, of course.  That would be fine.

15          We also join in the Court's comments about

16   Mr. Cooper.

17          THE COURT:  I know you both sincerely mean that

18   because it has made it much easier for both of you to work with

19   the expert on account of having Mr. Cooper in the case.

20          All right.  Well, you're welcome to stay.  Your name

21   may come up yet before we're done, but I wanted to make sure we

22   said that right off the bat.  So, good.

23          MR. COOPER:  Thank you, your Honor.  And thank you

24   parties.

25          THE COURT:  I have one other request.  I'm thinking

PROCEEDINGS

1  about -- at my own expense, my own personal expense, taking

2  Mr. Cooper to lunch; not today, but at some future time.  We

3  would not discuss the case, but it would be my way to express

4  my appreciation.

5          I wouldn't do that if the lawyers objected in some

6  way.  And we wouldn't talk about our case.  We have plenty of

7  other things that Mr. Cooper and I can talk about.

8          **MR. COOPER:**  I look forward to that, your Honor.

9          **THE COURT:**  It would be my way of expressing

10 appreciation to him for what he's done here.

11         So you all send me a letter if you don't want me to

12 do that.  You don't have to say "yes" or "no" to that right

13 now.

14         **MR. VAN NEST:**  It's fine with Google, your Honor.

15         **MR. NORTON:**  It's also fine with Oracle.

16         **THE COURT:**  Mr. Cooper, we will find an appropriate

17 date in the next few weeks.

18         **MR. COOPER:**  I look forward to that.  Thank you, your

19 Honor.

20         **THE COURT:**  And it won't be one of my normal places,

21 like Red's Java House.  It will be a nice place.  Not that

22 Red's is not.  It is.  I go there all the time, but you know

23 what I mean.

24         All right.  Now, let's go back to the form of the

25 judgment.  Google is okay with the form of the Court's proposed

PROCEEDINGS

1   judgment.

2          How about Oracle?

3      **MR. JACOBS:**  A couple of comments, your Honor.

4   Probably just a typo in the last sentence of the proposed form

5   of final judgment.  It currently reads, "As to equitable

6   estoppel and waiver..."  We think that's meant to be,

7   "...equitable estoppel and laches..."

8      **THE COURT:**  No -- yes, yes.  That's what I did mean.

9   Yes, I did mean laches there.  Okay.

10     **MR. JACOBS:**  Then on the language in the first full

11  paragraph on Page 2 that currently reads:

12         "With respect to the five remaining

13      patents, claims for relief by Oracle were

14      completely dismissed with prejudice by Oracle

15      (and may not be resurrected)."

16         In the orders in which patents were dismissed the

17  following language was included.  In the language of the

18  May 3rd, 2011 "Order Re Schedule For Narrowing Issues For

19  Trial," in italics:

20         "Oracle *may not renew those infringement*

21      *claims in a subsequent action except as to*

22      *new products.*"

23         And then in the --

24     **THE COURT:**  What was the docket number on that one?

25     **MR. JACOBS:**  Oh, sorry.  131.

PROCEEDINGS

1              THE COURT:  131?

2              MR. JACOBS:  That can't be right.

3              THE COURT:  That seems wrong.  Okay, I'll find it.

4         (Brief pause.)

5              THE COURT:  May 3rd order, all right.  And?

6              MR. JACOBS:  One reason it can't be right is that the

7    next one is document 767.  That sounds right.  That's the

8    March 2nd, 2012 order denying *Précis* request as moot.  And that

9    states:

10             "Oracle may not renew this infringement

11         claim in a subsequent action except as to new

12         products."

13             So we would request that that language be included in

14   the form of the final judgment.

15             THE COURT:  Any objection to me putting in "and may

16   not be resurrected" and then put in "except as to new

17   products"?

18             MR. VAN NEST:  I think it would be a little more

19   precise, your Honor, "products introduced after the date of

20   final judgment," so we don't have any misunderstanding about

21   what "new product" is.

22             MR. JACOBS:  I think actually it's products that were

23   not accused in the complaint.

24             MR. VAN NEST:  No, no, no.  That's not --

25             THE COURT:  That's definitely not right.  Because you

PROCEEDINGS

1    could have accused them and you chose not to.

2            MR. JACOBS:  Let me be more precise.  Up through the

3    date of the infringement contentions at which infringement

4    allegations were frozen.

5            MR. VAN NEST:  Your Honor, how about something more

6    generic, like:

7            "Subject to governing principles of res

8        judicata, plaintiff makes preclusion," or

9        something like that.

10           The principle is that if it's something that we

11   introduce later in the future, they can accuse it, of course,

12   if it didn't exist in the past.

13           THE COURT:  I'm going to think about the right

14   wording here, but the principle is close to what you just said;

15   which is that when someone sues on Patent A, B, C and accuses

16   Products A and -- 1 and 2, but they could have also accused 3,

17   and then they go to judgment on that, then that -- all possible

18   claims on that patent against that party are merged into the

19   judgment.  That's the general rule.

20           Now, if it was a -- if it was a product that came

21   into existence the very next day after the judgment, I think

22   everyone recognizes that claim could not even have been

23   asserted and, therefore, it's not barred.

24           And exactly where -- how much sooner?  Was it the

25   date of infringement contentions or -- I don't know that that's

PROCEEDINGS

1   the date that matters, but I want to make sure I have the right

2   wording.

3            So I'm not sure I agree with the formulation by

4   either side quite yet, but I'm closer to what Google has said.

5   I think that's the general principle.

6            **MR. JACOBS:**  One other fact.  Google itself limited

7   its production in discovery to particular versions of Android.

8   And so another aspect of what could have been litigated in this

9   case, in addition to infringement contentions specifying what

10  versions are accused, would be what Google had produced in

11  discovery.

12           Now, I don't think you want to have a full briefing

13  now about all those facts --

14           **THE COURT:**  I can't go into that level of --

15           **MR. JACOBS:**  I advised the Court of that just so that

16  as the Court selects language, it has those competing

17  contentions in mind.

18           **THE COURT:**  All right.  Good.

19           What else do you want to bring up?

20           **MR. JACOBS:**  I think that's it, your Honor -- oh, I'm

21  sorry, one other thing.

22           Mr. Van Nest may have covered this, but I want to be

23  sure.  There is some law to indicate that if a final judgment

24  is silent as to costs, there is a strong presumption about

25  awarding costs to the prevailing party.

```
 1              I think there is going to be a disagreement here

 2   about the awarding of costs and maybe if we could just agree

 3   among ourselves on the record that the silence here of this

 4   order, of this final judgment, does not prejudge the question

 5   of costs, then when Google submits what it is going to submit,

 6   we can -- we can respond.

 7              THE COURT:  So what do you say to that, Mr. Van Nest?

 8              MR. VAN NEST:  I think that's fine, your Honor, as

 9   long as it's open.  We do intend to seek an award of costs as

10   the prevailing party.  We understand we have 14 days from the

11   final judgment to submit a bill of costs.  We understand it's

12   within your Honor's discretion as to whether to award any costs

13   or not.

14              But I simply noted there was no mention of it in the

15   order, in the proposed final judgment, which I think is fine as

16   long as the Court understands we'll be making that application

17   within 14 days.

18              THE COURT:  Okay.  Any other issues?

19              MR. VAN NEST:  I don't believe so, your Honor.

20              MR. JACOBS:  Nothing from us.  I will alert the Court

21   that we are calculating a due date for our Rule 50(b) motion

22   from the date that the jury did not decide and it was decided

23   that the jury had not decided the fair use question.  And so

24   coming the Court's way will be our post-verdict motion for

25   judgment as a matter of law.
```

PROCEEDINGS

```
 1              THE COURT:  I thought we had already done all those.
 2   There's more Rule 50?
 3              MR. JACOBS:  To avoid waiver, your Honor.
 4              THE COURT:  I'm amazed to hear that.  I don't know if
 5   that's timely or not.  Maybe it is.  It's a brand new issue for
 6   me.
 7              MR. JACOBS:  Ordinarily they would be due after some
 8   period after the entry of final judgment, but in this case
 9   we're calculating off of another provision of the rule.
10              But the rulings the Court made were on our -- what we
11   regarded as our pre-verdict motion for judgment as a matter of
12   law.
13              THE COURT:  Well, my memory of it is not sharp enough
14   to say "yes" or "no" on that, but you do what you've got to do,
15   and thank you for the heads-up.
16              All right.  What else?
17              MR. VAN NEST:  I don't believe there is anything
18   else, your Honor.  Thank you.
19              THE COURT:  I had a list of things I wanted to bring
20   up with you --
21              MR. JACOBS:  I'm sorry, your Honor.  If I may just
22   correct what I said.
23              THE COURT:  Yes.
24              MR. JACOBS:  We were calculating off of the date that
25   the jury was just discharged.  I spoke incorrectly.
```

PROCEEDINGS

1      **THE COURT:**  So earlier you had told me there was a

2  dispute over how the fees should be calculated on the fee award

3  that related to the third report, but now you're telling me

4  that since I got that statement from you, you have resolved

5  that issue.

6      **MR. VAN NEST:**  That's correct, your Honor.  We've

7  resolved it and the Court need not do anything else.

8      **MR. NORTON:**  That is correct.

9      **THE COURT:**  All right.  That's good then.  I think

10  that covers my list of items.

11      It seems out of character for us to have any short

12  hearing in this case, but I think we have done that.  So I give

13  you my best regards and maybe I won't see you again until many

14  months from now.  Maybe I will.  I don't know.

15      When would be the next time I might see you again?

16  Would that be on your Rule 50 possibly?

17      **MR. JACOBS:**  Possibly, your Honor.  I hope we see you

18  again after an appeal.

19      (Laughter.)

20      **MR. VAN NEST:**  I don't want to state my hope in that

21  regard, your Honor.  It wouldn't come out right.

22      **THE COURT:**  Well, that's -- you know, it could

23  happen, and we'll have to just see.

24      All right.  Thank you all.

25      **MR. VAN NEST:**  Thank you, your Honor.

PROCEEDINGS

1              MR. JACOBS:   Thank you.

2              MR. NORTON:   Thank you.

3          (Whereupon, further proceedings in the

4           above matter were adjourned.)

5                        --oo--

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Debra L. Pas, CSR, CRR, RMR, RPR*
*Official Reporter - U.S. District Court - San Francisco, California*
*(415) 431-1477*

## CERTIFICATE OF REPORTER

I, DEBRA L. PAS, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 10-3561 WHA, ORACLE AMERICA vs GOOGLE, INC. were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

/s/ Debra L. Pas

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Tuesday, June 26, 2012