KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

KING & SPALDING  LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA  94105
Tel:  415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA  94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiff,<br><br>       v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No. 3:10-cv-03561 WHA<br><br>GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR RULE 50(b) JUDGMENT AS A MATTER OF LAW ON PORTIONS OF COUNT VIII OF ORACLE'S AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL<br><br>Date:          August 23, 2012<br>Time:         8:00 a.m.<br>Dept.:         Courtroom 8, 19th Floor<br>Judge:        Hon. William Alsup |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE, that on August 23, 2012, at 8:00 a.m. or at such other time as the Court may direct, before the Honorable William Alsup, United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Google Inc. ("Google") will, and hereby does, move the Court under Fed. R. Civ. P. 50(b) for judgment as a matter of law on portions of Count VIII of Oracle America Inc.'s ("Oracle") Amended Complaint, or, in the alternative, for a new trial under Fed. R. Civ. P. 59.

This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, documents incorporated by reference, the entire record in this action, any matters of which the Court may take judicial notice, and any evidence or argument that may be submitted to the Court in connection with the hearing on this motion or in the reply.

Dated: July 17, 2012                          KEKER & VAN NEST LLP

                                              By:  /s/ Robert A. Van Nest
                                                   ROBERT A. VAN NEST

                                              Attorneys for Defendant
                                              GOOGLE INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Google files this renewed motion for judgment as a matter of law ("JMOL"), or, in the alternative, a new trial solely for the purpose of preserving its rights on appeal in light of the fact that Oracle has stated its intention to file an appeal in this matter.

Google is entitled to JMOL, or, alternatively, a new trial on the portion of Oracle's copyright claim that relate to the rangeCheck function. As stated more fully in Google's Rule 50(a) JMOL motions (Dkt. 984, 1007, and 1043), which are incorporated herein by reference, Google's use of the rangeCheck function is *de minimis* as a matter of law. The rangeCheck function is nine lines of code out of millions in the J2SE platform. The J2SE platform is the work Oracle registered with the Copyright Office and the copyright in the J2SE platform is the copyright that Oracle accused Google of infringing in this litigation. Thus, the J2SE platform is the "work as a whole" for purposes of the *de minimis* analysis as it relates to the rangeCheck function. Indeed, as explained in Google's prior copyright briefing (*e.g.*, Dkt. 955 and 993), the J2SE platform is the "work as a whole" for all purposes. Based upon the trial record, no reasonable jury could find that Google's use of the rangeCheck function was anything other than *de minimis* when compared to the entire J2SE platform.

Even if the Arrays.java file in J2SE (the file in which the rangeCheck function is found, and the only file which calls the rangeCheck function) is the "work as a whole"—and it is not—Google's use of the rangeCheck function still is *de minimis* as a matter of law. The nine lines of code that comprise the rangeCheck function are quantitatively insignificant when compared to the 3,179 lines in Arrays.java, and Oracle failed to present evidence sufficient to support a finding that the rangeCheck function is qualitatively significant.

For these reasons, and all the reasons stated in Dkt. 955, 984, 993, 1007, and 1043, which are incorporated herein by reference, Google's motion should be granted.

**II.   JMOL LEGAL STANDARD**

Judgment as a matter of law is warranted when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient

1  evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a)(1).  Rule 50

2  "allows the trial court to remove . . . issues from the jury's consideration when the facts are

3  sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.*, 528 U.S.

4  440, 448 (2000) (internal quotations omitted).  The standard for granting judgment as a matter of

5  law, in practice, mirrors the standard for granting summary judgment, and "the inquiry under each

6  is the same." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).

## III.  ARGUMENT

### A.  The J2SE platform is the "work as a whole."

In deciding whether alleged copying is *de minimis*, the significance of the material must be measured "in relation to the plaintiff's work as a whole." *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004).  Over Google's objection, the Court instructed the jury that "[f]or purposes of Question No. 3, the 'work as a whole' is the compilable code for the individual file . . . ." Dkt. 1018 at 14-18; RT 2415:18-20, 2418:14-17 (charging conference).  That instruction was error. As explained in Google's prior copyright briefing on this issue (Dkt. 955 at 5:2-12:2, Dkt. 984 at 5:1-10, Dkt. 993 at 3:9-6:5, and Dkt. 1043 at n. 9), the Court should have instructed the jury to compare the rangeCheck code to the entire J2SE platform to determine whether it was *de minimis*.

Oracle based its infringement claim in this case on two registered "works":  versions 1.4 and 5.0 of the J2SE "platform."  Dkt. 36, Ex. H; *see also* TX 464 and 475.  The registrations for those works do not suggest that the "work" being registered was anything other than the complete J2SE platform.  *See* TX 464 and 475.  Indeed, Oracle pleaded as much in its Amended Complaint, alleging that "Google's Android infringes Oracle America's copyrights in the *Java platform*." Dkt. 36 at ¶ 39 (emphasis added).

"[I]t is the registration that sets the scope for the copyright protection." *Express, LLC v. Fetish Group, Inc.*, 424 F. Supp. 2d 1211, 1218 (C.D. Cal. 2006).  There is no proper legal or evidentiary basis on which either of Oracle's two copyright registrations in two different versions of the J2SE platform as whole can be subdivided, file-by-file, into separate copyright-protected "works."  Thus, the J2SE platform versions 1.4 and 5.0—not an individual file within those

platform versions (*i.e.*, Arrays.java)—are the "works as a whole" for purposes of the infringement analysis. *See id.*; *NXIVM Corp. v. The Ross Institute*, 364 F.3d 471, 475 (2d Cir. 2004) (rejecting plaintiff's attempt to subdivide a single registered copyright into multiple works); *see also* 17 USC § 411.

Additionally, as explained in Google's prior briefing (*e.g.*, Dkt. 955 and 993), the J2SE platform in its entirety must be the "work as a whole" *for all purposes*. Google's argument herein therefore applies to *all* aspects of Oracle's copyright claim, not merely to the portion of Oracle's claim directed at the rangeCheck function. To the extent necessary to preserve the work-as-a-whole issue for appeal (and Google understands it is not necessary on this issue but does so in an abundance of caution), Google hereby renews its motion for judgment as a matter of law, or in the alternative, moves for a new trial on the portions of Oracle's copyright claim directed at the allegedly "decompiled files." *See* Dkt. 1211 at 2:12-16. For all the reasons stated in Dkt. 984, 1007, and 1043, which are incorporated herein by reference, the "decompiled files" are *de minimis* as a matter of law when compared to the J2SE platform as a whole.

**B.     The rangeCheck function is *de minimis* as a matter of law when compared to the J2SE platform as a whole.**

"For an unauthorized use of a copyrighted work to be actionable, the use must be significant enough to constitute infringement. This means that even where the fact of copying is conceded, no legal consequences will follow from that fact unless the copying is substantial." *Newton*, 388 F.3d at 1192-93 (internal citations omitted). "Substantiality is measured by considering the qualitative and quantitative significance of the copied portion in relation to the plaintiff's work as a whole." *Id.* at 1195. The undisputed evidence at trial showed that, as a matter of law, the rangeCheck function is quantitatively and qualitatively insignificant when compared to either version 1.4 or version 5.0 of the J2SE platform.

The rangeCheck function is quantitatively insignificant. It is nine lines of code. TX 623 at 25. The J2SE platform includes millions of lines of code. RT 2245:6-8 (Reinhold); RT 2185:10-14 (Astrachan). No reasonable jury could find that such a small amount of allegedly copied code is quantitatively significant. *See Newton*, 388 F.3d at 1196-97 (holding that no

3

reasonable jury could find that a six-second snippet of a four-and-half-minute song was quantitatively significant).

The rangeCheck function is also qualitatively insignificant. According to Josh Bloch, who wrote the code, the rangeCheck function is "[v]ery, very simple"; "[a]ny competent high school programmer could write it." RT 815:13-16 (Bloch). Even Oracle's expert Dr. Mitchell conceded that "a good high school programmer" could write the rangeCheck code. RT 1316:24-25 (Mitchell). In fact, the rangeCheck code was so insignificant that it is not even a part of the most recent and current versions of Android. *See* RT 825:8-19 (Bloch).

When asked whether the rangeCheck function has any economic significance outside the library of which it is a part, Dr. Mitchell stated that he was "not sure" it had any such significance. RT 1316:12-18. Dr. Mitchell also testified that the rangeCheck function is purportedly called over 2,600 times when an Android emulator is started up. *See* RT 1329:15-21. But he offered no testimony that would allow a reasonable jury to conclude that a function called that many times is qualitatively significant. Mere frequency of use of a trivial element cannot support a finding of qualitative significance. A typical novel might include the word "the" thousands of times, but that does not render the word "the" qualitatively significant to Moby Dick. Dr. Mitchell's testimony about how many times the rangeCheck function is purportedly called during the startup of an Android emulator (and not an actual Android device), standing alone and without any frame of reference, cannot support a finding of qualitative significance. Thus, on the complete trial record, no reasonable jury could find that the rangeCheck function was anything other than qualitatively insignificant. *See Newton*, 388 F.3d at 1196-1197 (holding that no reasonable jury could find that a six-second snippet of a song was qualitatively significant where that section was "no more significant than any other section.").

Therefore, for these reasons and all the reasons stated in Dkt. 955, 984, 993, 1007, and 1043, Google's JMOL motion should be granted.

### C. The rangeCheck function is *de minimis* as a matter of law when compared to the Arrays.java file in the J2SE platform.

Even if the Court properly instructed the jury that the "work as a whole" for purposes of

1  the *de minimis* test was the compilable code for the individual file, Google's use of the

2  rangeCheck function still is quantitatively and qualitatively *de minimis* as a matter of law.

3        The rangeCheck function is found in the Arrays.java file in J2SE.  That file is 3,179 lines

4  long.  TX 623 at 61.  Thus, the rangeCheck function is less than three-tenths of one percent of the

5  Arrays.java file.  And the rangeCheck code is also qualitatively insignificant when compared to

6  the Arrays.java file, just as it is when compared to the entire J2SE platform.  No reasonable jury

7  could find that the rangeCheck function is anything other than quantitatively and qualitatively *de*

8  *minimis* in the context of the Arrays.java file as a whole.  *See Newton*, 388 F.3d at 1196-97.  For

9  these reasons, and all the reasons stated in Dkt. 984, 1007, and 1043, Google's JMOL motion as

10 to the portion of Oracle's copyright claim related to the rangeCheck function should be granted.

11       **D.    In the alternative, Google is entitled to a new trial.**

12       A new trial may be warranted where "the verdict is against the weight of the evidence."

13 *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co.*

14 *v. Duncan*, 311 U.S. 243, 251 (1940)).  For all the reasons Google is entitled to JMOL on the

15 portion of Oracle's copyright claim related to the rangeCheck function (*supra* Part III.A-C, Dkt.

16 984, 1007, and 1043), Google is also entitled to a new trial on that claim.  Google makes this

17 alternative request for a new trial solely for the purpose of preserving that issue on appeal.

18 **IV.    CONCLUSION**

19       For all of the foregoing reasons, Google's motion for judgment as a matter of law, or, in

20 the alternative, a new trial should be granted.

Dated:  July 17, 2012                               KEKER & VAN NEST LLP

                                                             /s/ Robert A. Van Nest
                                         By:     ROBERT A. VAN NEST

                                                 Attorneys for Defendant
                                                GOOGLE INC.