1  KEKER & VAN NEST LLP
   ROBERT A. VAN NEST - # 84065
2  rvannest@kvn.com
   CHRISTA M. ANDERSON - # 184325
3  canderson@kvn.com
   DANIEL PURCELL - # 191424
4  dpurcell@kvn.com
   633 Battery Street
5  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
6
   KING & SPALDING  LLP
7  SCOTT T. WEINGAERTNER
   (*Pro Hac Vice*)
8  sweingaertner@kslaw.com
   ROBERT F. PERRY
9  rperry@kslaw.com
   BRUCE W. BABER (Pro Hac Vice)
10 1185 Avenue of the Americas
   New York, NY 10036
11 Tel:  212.556.2100

   KING & SPALDING LLP
   DONALD F. ZIMMER, JR. - #112279
   fzimmer@kslaw.com
   CHERYL A. SABNIS - #224323
   csabnis@kslaw.com
   101 Second Street, Suite 2300
   San Francisco, CA  94105
   Tel:  415.318.1200

   IAN C. BALLON - #141819
   ballon@gtlaw.com
   HEATHER MEEKER - #172148
   meekerh@gtlaw.com
   GREENBERG TRAURIG, LLP
   1900 University Avenue
   East Palo Alto, CA  94303
   Tel: 650.328.8500

12
   Attorneys for Defendant
13 GOOGLE INC.

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                   SAN FRANCISCO DIVISION

17 ORACLE AMERICA, INC.,                    Case No. 3:10-cv-03561 WHA

18          Plaintiff,                      **GOOGLE'S REPLY TO ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF**
19      v.                                  **COSTS**

20 GOOGLE INC.,                             Dept.:     Courtroom 8, 19th Floor
                                            Judge:     Hon. William Alsup
21          Defendant.

**Table of Contents**

I. INTRODUCTION .................................................................................................................1

II. ARGUMENT .......................................................................................................................2

    A. Google is entitled to recover its taxable costs............................................................2

        1. Google is presumptively entitled to recover its taxable costs......................2

        2. Oracle fails to overcome the presumption in favor of costs. .......................3

    B. Google is entitled to recover the e-discovery costs itemized in its Bill of Costs...............................................................................................................................6

        1. Google seeks recovery of only the portion of its e-discovery costs attributable to reproducing disclosure or formal discovery documents. ...................................................................................................6

        2. The "Inbound processing" rate charged by Google's e-discovery vendor is reasonable and competitive in the industry.................................8

    C. Google is entitled to recover as costs the fees it paid to Dr. Kearl. ..........................9

III. CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*A.H.D.C. v. City of Fresno*
  No. CIV-F-97-5498, 2004 WL 5866234 (E.D. Cal. Oct. 1, 2004) .......................................... 9

*Endurance Am. Speciality Ins. Co. v. Lance-Kashian & Co.*
  No. CV F 10-1284 LJO DLB, 2011 WL 6012213 (E.D. Cal. Dec. 1, 2011) ........................... 4

*Friel v. Daley*
  230 F.3d 1366 (9th Cir. 2000) ................................................................................................ 4

*Jardin v. DATAllegro, Inc.*
  No. 08-CV-1465-IEG, 2011 WL 4835742 (S.D. Cal. October 12, 2011) ........................... 6, 7

*Martin v. Cal. Dept. of Veterans Affairs*
  560 F.3d 1042 (9th Cir. 2009) ................................................................................................ 4

*Parrish v. Manatt, Phelps & Phillips, LLP*
  No. C 10-03200 WHA, 2011 WL 1362112 (N.D. Cal. April 11, 2011) ............................. 2, 6

*Quan v. Computer Scis. Corp.*
  623 F.3d 870 (9th Cir. 2010) .............................................................................................. 2, 3

*Shum v. Intel Corp.*
  629 F.3d 1360 (Fed. Cir. 2010) .............................................................................................. 3

*Valley v. Sound Transit*
  335 F.3d 932 (9th Cir. 2003) ........................................................................... 4, 5, 6, 7, 9

**Federal Statutes**

U.S.C. §1920(6) ........................................................................................................................ 9

**State Statutes**

Cal. Civil .L. ............................................................................................................................. 6

**Federal Rules**

Fed. R. Civ. P. 54(d)(1) ............................................................................................................ 2

Fed. R. Evid. 706 ................................................................................................................ 9, 10

## I. INTRODUCTION

Google seeks to recover a portion of the several million dollars in costs it spent defending against Oracle's copyright and patent infringement claims. Google, as the prevailing party, is presumptively entitled to recover its taxable costs. Google's Bill of Costs (Dkt. 1216) is reasonable, and is adequately supported by declarations and invoices documenting each of the costs claimed. The Court should therefore tax costs in the full amount claimed.

Oracle's objections to Google's Bill of Costs miss the mark. *First*, Oracle urges the Court to disallow all costs. According to Oracle, costs are unwarranted because the judgment was "mixed." The judgment was not "mixed" in any meaningful sense of the word. After almost two years of litigation and a five-week jury trial, Oracle recovered nothing—not one penny.

Oracle also argues the case was "complex." The case was complex because Oracle overreached. Oracle alleged infringement of seven patents and 132 claims, and refused to narrow its patent claims until long after several of the patents were invalidated in re-examination proceedings. It also alleged that Google copied Java source code, documentation, and comments, and it eventually transformed its copyright-infringement theory into an overbroad claim based on the "structure, sequence, and organization" of API packages. This case would have been far less complex if Oracle had narrowed its claims before and during the litigation.

Oracle also notes that the case was "importan[t] to the computer software industry." The case was important to the industry because Oracle attempted (unsuccessfully) to lock down the free and open Java language. Not surprisingly, millions of Java developers in the industry were alarmed at and took interest in Oracle's unprecedented claims. Regardless, complex and newsworthy cases cost money too; these are not reasons to deny costs to Google.

Finally, Oracle argues that the case was "close" and that it litigated "in good faith." The same could be said for many cases that go to trial. The presumption in favor of costs would be meaningless if costs were disallowed in all such cases.

*Second*, Oracle misrepresents that Google sought to recover "the entirety of its e-discovery expenses." Oracle knows better. The invoices that Google submitted with its Bill of Costs include many charges for which Google did not seek recovery, and Google's counsel

1

specifically discussed this fact with Oracle's counsel in a meet and confer call. Google sought to recover only the portion of its e-discovery costs attributable to reproducing disclosure or formal discovery documents. That portion amounts to less than half of its e-discovery costs in this case.

***Third***, Oracle argues that the parties agreed in advance not to seek recovery of Dr. Kearl's fees, which, as even Oracle concedes, would otherwise be recoverable as costs. *See* Dkt. 1225 at 9:16-10:17. Not so. The parties agreed to split Dr. Kearl's fees for the purposes of paying Dr. Kearl while the litigation was ongoing. They did not agree, and the Court did not order, that the prevailing party would be barred from seeking to recover those fees after the litigation concluded.

For all of these reasons, and the reasons stated in Google's Bill of Costs and supporting declarations, the Court should tax costs in the full amount claimed in Google's Bill of Costs.

## II. ARGUMENT

### A. Google is entitled to recover its taxable costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—*should be allowed to the prevailing party*." Fed. R. Civ. P. 54(d)(1) (emphasis added). The Ninth Circuit has held that Rule 54 "create[s] a presumption for awarding costs to prevailing parties," and likewise "places on the losing party the burden to 'show why costs should not be awarded.'" *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (quoting *Save our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003)); *accord Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 WL 1362112, at *1 (N.D. Cal. April 11, 2011). Oracle failed to satisfy its burden of showing why costs should be disallowed.

#### 1. Google is presumptively entitled to recover its taxable costs.

Google is the prevailing party in this case. *See* Robert E. Jones et al., Federal Civil Trials and Evidence, 19:5 (Rutter Group, 2012) ("The 'prevailing party' is the party who prevails as to the substantial part of the litigation." (citing *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996)). ***Oracle does not argue otherwise***, nor could it so argue. Google successfully defended against Oracle's billion-dollar damages claims and its sweeping request for injunctive relief. There can be no dispute that Google prevailed on a "substantial part of the litigation."

Even if this were a true "mixed judgment" case (it is not), Google still would be the prevailing party. "A court must choose one, and only one, 'prevailing party.'" *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). Oracle cannot be deemed the prevailing party because it did not obtain any relief that "materially alter[ed] the legal relationship between the parties." *See id.* Therefore, Google is the prevailing party. The Federal Circuit has explained:

> Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party." For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award.
>
> The rub, of course, is choosing the "prevailing party" in a mixed judgment case like this one. To be a "prevailing party," our precedent requires that the party have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that "directly benefits" the opposing party.

*Id.* (internal footnote omitted). As the prevailing party, Google is presumptively entitled to costs. *See id.* at 1370; *Quan*, 623 F.3d at 888.

### 2. Oracle fails to overcome the presumption in favor of costs.

Oracle urges the Court to disregard the presumption in favor of costs and deny Google's request in its entirety because, according to Oracle, the judgment was "mixed," the case was complex, attracted industry attention, and was "close," and because Oracle litigated "in good faith." None of these objections is sufficient to overcome the presumption favoring a costs award.

The judgment in this case was not "mixed" in any meaningful sense of the word. Oracle recovered nothing. *See* Dkt. 1211 [Final Judgment]. It is true that judgment was entered for Oracle on two minor aspects of its copyright claim—literal copying of rangeCheck and "the eight decompiled files." *See id.* But this literal copying constituted at most a few hundred lines of code out of the 15 million in the Android platform. It is also true that Google, in an effort to streamline the trial, declined to present its patent-invalidity counterclaims to the jury. Yet the jury unanimously found that Google did not infringe either patent. And it is also true that the Court rejected two of Google's equitable defenses. *See id.* But none of this resulted in any relief for

3

Oracle.[1]  This case is thus nothing like the "mixed judgment" case Oracle cites, in which the plaintiff "predominately prevailed on the parties' declaratory relief claims but did not prevail on its damages claims." *Endurance Am. Speciality Ins. Co. v. Lance-Kashian & Co.*, No. CV F 10-1284 LJO DLB, 2011 WL 6012213, at *1 (E.D. Cal. Dec. 1, 2011).

Moreover, even if this were a true "mixed judgment" case (it is not), Oracle's argument should still be rejected because there is no reason to deny Google's cost request in its entirety. The Court may "assess costs to reflect the amount of success each party achieved." *Friel v. Daley*, 230 F.3d 1366, at *2 (9th Cir. 2000) (table decision); *see also Martin v. Cal. Dept. of Veterans Affairs*, 560 F.3d 1042, 1053 (9th Cir. 2009).  Given that Google prevailed on every significant aspect of this case, it would be unjust to bar Google from recovering ***any costs*** simply because Oracle received a judgment in its favor on peripheral issues that did not affect the ultimate relief (or lack thereof) obtained.  At the very least, the Court should exercise its discretion to apportion costs.

The "complexity" of this case is no reason to bar Google from recovering costs.  Patent and copyright cases involving modern technologies are often complex.  If "complexity" alone were sufficient to deny costs, the presumption in favor of awarding costs would be unfairly denied to those litigating many intellectual property cases. *See Save Our Valley*, 335 F.3d at 945 ("Our requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not ordinary." (quoting *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 5923-93 (9th Cir. 2003)).

Moreover, Oracle made this case far more complex than it needed to be.  Oracle alleged infringement of seven patents and 132claims, and insisted on keeping all of those claims in play until one month before the date initially set for trial, October 31, 2011, despite the fact that the vast majority of those claims had already been rejected as invalid in re-examination proceedings. *See* Dkt. 131, 471.  Oracle finally agreed to drop some patent claims, but only as a result of its

---

[1] Oracle states, without any evidentiary support, that "Google did remove the copied code from Android as a result of this lawsuit." Dkt. 1225 at 6:5-6. The evidence established only that rangeCheck was removed from Android over a year before the trial. RT 825:8-19 (Bloch). There is no evidence about why it was removed. There is no evidence that the "eight decompiled files" ever appeared on a handset in the first place. RT 1319:15-20 (Mitchell).

4
GOOGLE'S REPLY TO ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
Case No. 3:10-CV-03561 WHA

684249.02

losses in re-examination proceedings and its desire for a spring 2012 trial. *See* Dkt. 777, 786. As for its copyright claim, Oracle made overly broad and amorphous allegations of copying of source code, documentation, comments, and the "structure, sequence, and organization" of APIs and the specifications that document the APIs. Dkt. 899. Its infringement theory alleged literal copying, non-literal copying, and creation of derivative works. *See id.* This case would have been far less complex if Oracle had narrowed its claims at the outset and prepared a streamlined case for trial. *See* RT at 21:21-22:3 (THE COURT) ("But, Mr. Jacobs, you must remember. I'm going to say to the jury many times in this case: The issue is not Java. It's not Android. It's very specific parts about Java that are protected, if at all, by copyrights or patents and very specific parts of Android that are accused. So if we start getting off onto this is Java versus Android, the judge is going to intervene and say it's not. So you must be very careful on that"). Oracle should not benefit from overcomplicating its own case.

The media and industry interest in the case is likewise no reason to deny costs to Google. Oracle tried to lock down the Java language and APIs, which millions of software developers had long understood to be free and open for anyone to use. RT 962:4-14 (Swetland); RT 861:9-23 (Lindholm); RT 1769:18-1770:1, 1782:6-17 (Bornstein); *see also* RT 2202:6-11 (Astrachan). Naturally, the computer software industry took note of Oracle's unprecedented claims. Oracle itself attempted to attract additional media attention to its case by, for example, issuing multiple press releases about its claims, and by posting its opening and closing graphics, as well as select trial exhibits (mostly internal Google emails and presentations) to its corporate website. *See* http://www.oracle.com/us/corporate/features/google-suit/index.html, last visited August 3, 2012. In fact, those demonstratives and trial exhibits are still available for public download today. The public interest in this case—a significant amount of which was generated by Oracle itself—does not justify denying costs to Google.

Oracle's assertions that this case was "close" and that it "litigated . . . in good faith throughout," Dkt.1225 at 3-6, should not limit Google's right to recover its properly taxable costs. Many cases that go to trial are "close." If costs were denied in all such cases, the presumption in favor of costs would be meaningless in the very cases where costs are likely to be highest, *i.e.*, the

5

cases that go to trial. Similarly, if costs were denied in all cases where the losing party claims to have litigated in good faith, "the 'good faith' exception would swallow Rule 54's presumption." *Jardin v. DATAllegro, Inc.*, No. 08-CV-1465-IEG, 2011 WL 4835742, *3 (S.D. Cal. October 12, 2011). "A district court deviates from normal practice when it refuses to tax costs to the losing party." *Save our Valley*, 335 F.3d at 945. There is no reason to deviate from normal practice here.

Google spent tens of millions of dollars in fees and costs defending against Oracle's claims in this case. Google chose not to seek attorney's fees from Oracle, and its costs request of $4,030,669 is far less than what it actually spent in costs in this case. *See* Ex. A., Supplemental Declaration of Kristin Zmrhal in Support of Google's Bill of Costs ("Supp. Zmrhal Decl.") at ¶ 2 (noting that Google spent approximately $7.5 million in e-discovery costs alone). Oracle offers no persuasive reason why the Court should depart from ordinary practice and disallow Google, the prevailing party, from recovering its taxable costs.

### B. Google is entitled to recover the e-discovery costs itemized in its Bill of Costs.

#### 1. Google seeks recovery of only the portion of its e-discovery costs attributable to reproducing disclosure or formal discovery documents.

"The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case . . . " is a taxable cost. Civil. L.R. 54-3(d)(2). Google sought recovery of approximately $2.9 million in e-discovery costs. Dkt. 1216 at 1. That amount included only those costs fairly attributable to Google's reproduction of disclosure or formal discovery documents. Suppl. Zmrhal Decl. at ¶ 3; *see also* Dkt. 1216, Ex. A, Declaration of Kristin Zmrhal in Support of Google's Bill of Costs ("Zmrhal Decl.") at ¶¶ 4, 6. Google submitted invoices documenting those costs (Dkt. 1220, Ex. C), as well as a spreadsheet listing the specific invoice line-items for which Google sought recovery (*id.*, Ex. B). Thus, the costs are recoverable. *See* N.D. Cal. Civil .L.R. 54-3(d)(2); *Parrish*, 2011 WL 1362112, at *2 ("The reproduction costs defendants incurred in collecting, reviewing, and preparing client documents for production were necessary expenditures made for the purpose of advancing the investigation and discovery phases of the action. As such, they are properly taxable.").

With one exception (discussed below), Oracle does not object to any of the line-item

6
GOOGLE'S REPLY TO ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
Case No. 3:10-CV-03561 WHA

684249.02

1  charges on Google's itemized list of costs.  Rather, Oracle argues that Google should not recover
2  *any* e-discovery costs because, according to Oracle, Google sought recovery of the "entirety of its
3  e-discovery expenses."  *See* Dkt. 1225 at 8:20, 1:6-7.  Oracle is wrong, as even a cursory review
4  of Google's Bill of Costs shows.  The twelve e-discovery related invoices from FTI Inc. that
5  Google submitted (under seal) with its Bill of Costs plainly include many line-item costs for
6  which Google did not seek recovery.  *Compare* Dkt. 1220, Ex. B (spreadsheet of claimed costs)
7  *with* Ex. C (invoices from Google's e-discovery vendor).  The costs listed in those twelve
8  invoices total approximately $4.7 million—or over $1.8 million more than the amount Google
9  requested in its Bill of Costs.  Google's counsel specifically discussed this fact with Oracle's
10 counsel in a July 20, 2012 meet and confer call, and yet Oracle still objected to Google's bill.
11         Oracle also suggests that "[w]hile some of these expenses may have been necessary for
12 *physical* reproduction purposes, some of them surely reflect the 'intellectual effort' of organizing,
13 searching, and analyzing the documents for Google's own case preparation purposes."  Dkt. 1225
14 at 8:23-26.  ***Again, Oracle does not identify a single line-item from Google's Bill of Costs that it***
15 ***finds objectionable.***  Line-item descriptions like "inbound processing," TIFF Generation," "TIFF
16 Endorsement," and "run production printer, extract full text, create image load file and DAT for
17 GOOGOR-018," Dkt. 1220, Ex. B-C, do not involve legal or case analysis done for counsel's
18 convenience.  *See*, *e.g.*, *Jardin*, 2011 WL 4835742, *6 ("The processes required to properly
19 preserve, restore, retrieve, or convert e-data so that it may be produced in discovery are 'highly
20 technical' and substantially different from 'the types of services that attorneys or paralegals are
21 trained for or are capable of providing.'"); *see also* Dkt. 67 [Joint ESI Agreement] at 2-5
22 (requiring the parties to run search terms on custodial documents, convert documents to TIFF
23 format for production, and provide metadata and OCR data with the production).  Because
24 Google supported its Bill of Costs with declarations and documentation establishing the nature
25 and amount of the costs claimed, it is Oracle's burden to show why specific costs should not be
26 recoverable.  *See Save our Valley*, 335 F.3d at 944-45.  Oracle failed to meet that burden here.
27         All in all, Google paid FTI roughly $7.5 million for e-discovery costs in this case.  Supp.
28 Zmrhal Decl. at ¶ 3.  The $2.9 million Google sought to recover in its Bill of Costs is fair and

7

GOOGLE'S REPLY TO ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
Case No. 3:10-CV-03561 WHA

684249.02

reasonable, and is actually attributable to reproduction of discovery documents, as is apparent from the line-item descriptions on the invoices and Google's itemized spreadsheet. For all of these reasons, Oracle's broad-brush objection to Google's e-discovery costs should be overruled.

### 2. The "Inbound processing" rate charged by Google's e-discovery vendor is reasonable and competitive in the industry.

FTI, a leading e-discovery firm, provided e-discovery services to Google in this case. Ex. B, Declaration of William Adams in Support of Google's Bill of Costs ("Adams Declaration") at ¶ 3. Amongst many other things, FTI filtered, indexed and transformed Google's electronic data into a common format so that it could be uploaded to and produced from a document-production database. *Id.* at ¶ 5. This process is referred to as "inbound processing." *Id.* Oracle contends that FTI's inbound processing rate was unreasonable. Dkt. 1225 at 9:1-15. Oracle is wrong.

As a result of its formal disclosure obligations and Oracle's 204 separate discovery requests, Google collected and delivered to FTI over 97 million documents for processing. Zmrhal Decl. at ¶ 6.a. FTI developed custom processing routines to accommodate the unique formats in which Google's ESI was stored. Adams Decl. at ¶ 7. The rate FTI charged Google for inbound processing was the product of several rounds of negotiations, the last of which ended in September 2010, shortly after Oracle filed its complaint in this case. *Id.* at ¶ 6. FTI's rate reflects the custom nature of the inbound processing routines it developed for Google and also the rate it charged Google for other document-production related services in this case. *Id.* at ¶¶ 6-7.

FTI's inbound processing rate was reasonable. *Id.* at ¶ 9. The rate was competitive in the market in light of the complexity of the services performed and the rates FTI charged Google for other document-production related services. *Id.* Oracle's objection merely recites current price quotes that Oracle purportedly received from other e-discovery vendors. *See* Dkt. 1225 at 9:1-13. Oracle does not describe the basis for those quotes, nor does Oracle discuss (1) how differences in format and storage of ESI from one customer to another might affect rates, (2) how market rates now might differ from rates in 2010 and early 2011, or (3) how a vendor's inbound processing rate might be affected by the rates it charges for other corresponding document-production related services. For these reasons, Oracle has failed to meet its burden of showing that Google's costs

1  for inbound processing should be disallowed or reduced.

**C.     Google is entitled to recover as costs the fees it paid to Dr. Kearl.**

The Court appointed Dr. James Kearl to serve as an independent damages expert in this case pursuant to Fed. R. Evid. 706. Dkt. 374. An expert appointed under Rule 706 is to be paid "by the parties in the proportion and at the time that the court directs—***and the compensation is then charged like other costs***." Fed. R. Evid. 706(c)(2) (emphasis added). Therefore, as with its other costs, Google is presumptively entitled to recover the fees it paid to Dr. Kearl. *See Save Our Valley*, 335 F.3d at 944; 28 § U.S.C. 1920(6) (listing "compensation of court appointed experts" as a recoverable cost).

Oracle argues that the parties disclaimed any right to recover Dr. Kearl's fees when they agreed that Dr. Kearl's "professional fees and expenses will be paid to Mr. Cooper, one half by each party . . . ." Dkt. 1225 at 9-10 (citing Dkt. 407 at 4:14-16). Not so. The joint Proposed Order (Dkt. 407) that Oracle cites describes the "procedures by which the parties will pay for [Dr. Kearl's] work and expenses" during the pendency of the case. *See* Dkt. 374 (Order appointing Dr. Kearl and directing the parties to draft a joint proposed order regarding his assignment). This arrangement is consistent with the notion that the prevailing party would then recover its portion of the fees when the case ended. Indeed, this is precisely the procedure contemplated in Rule 706. The Rule says that the parties are to pay the court appointed expert "***in proportion and at the time that the court directs***." Fed. R. Evid. 706(c)(2) (emphasis added). That is what happened here. The Court directed the parties to draft a proposed order explaining when and in what proportion Dr. Kearl would be paid. Dkt. 374. The parties drafted a proposed order and the Court later entered that order. Dkt. 393. That order does not affect in any way the corollary provision in Rule 706 that "the compensation [of the expert] is then charged like other costs."

Similarly, *A.H.D.C. v. City of Fresno*, No. CIV-F-97-5498, 2004 WL 5866234 (E.D. Cal. Oct. 1, 2004) does not support Oracle's argument. In that case, the parties agreed between themselves to split the costs of trial transcripts. *Id.* at *9. The case did not even involve a Rule 706 expert, let alone an order from the Court directing the parties to describe how and when the expert would be paid for his ongoing case work. *See id.*

9

GOOGLE'S REPLY TO ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
Case No. 3:10-CV-03561 WHA

684249.02

1  The Court's Order allowing Oracle's expert—Dr. Iain Cockburn—a third-try at a damages
2  report (Dkt. 702) is further indication that Dr. Kearl's fees are recoverable as costs.  In that Order,
3  the Court ordered that "[a]ll fees and expenses reasonably incurred by Dr. Kearl in responding to
4  the revisions by Dr. Cockburn shall ultimately be borne by Oracle." *Id.* at ¶ 7.  The Court
5  directed Google to continue to pay its monthly share of Dr. Kearl's fees, but stated that "Google
6  may demand and recover prompt reimbursement from Oracle for the portion identified by Dr.
7  Kearl as attributable to Dr. Cockburn's third report." *Id.*  The Court then stated:  "These
8  reimbursement amounts shall not be recoverable costs that Oracle may recover back in the event
9  it prevails in this action." *Id.* at ¶ 8.  The fact that the Court expressly prohibited Oracle from
10 recovering as costs the fees it paid to Dr. Kearl indicates that, absent a court order, those fees
11 would otherwise be recoverable by Oracle if it had prevailed.  *See id.*

12  Finally, Oracle argues that the Court should disallow recovery of Dr. Kearl's fees because
13 the case was complex and the court appointed Dr. Kearl in response to damages positions taken
14 by both sides.  Dkt. 1225 at 11.  Just as Oracle overcomplicated the case by refusing to narrow its
15 patent and copyright claims, Oracle overcomplicated Dr. Kearl's task by overreaching three times
16 on its damages claims.  The best evidence of Oracle's overreaching is that Google prevailed in
17 whole or substantial part on three separate *Daubert* motions directed at Oracle's damages reports.
18 Dkt. 230,  685,  785; *see also* Dkt. 694 (noting that Oracle had "twice now . . . advanced improper
19 [damages] methodologies obviously calculated to reach stratospheric numbers.").  Dr. Kearl spent
20 significant amounts of time and money familiarizing himself with Oracle's overbroad patent and
21 copyright claims, and reviewing and preparing to respond to Oracle's overbroad damages reports.
22 Google, the prevailing party, should not have to bear the costs of Oracle's refusal to narrow its
23 claims and its failure to submit a reasonable damages report in three tries.

### III. CONCLUSION

25  For the foregoing reasons, Google respectfully requests that the Court tax costs in the full
26 amount stated in Google's Bill of Costs (Dkt. 1216).

10
GOOGLE'S REPLY TO ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
Case No. 3:10-CV-03561 WHA

684249.02

| | | |
|---|---|---|
| Dated: August 3, 2012 | | KEKER & VAN NEST LLP |
| | By: | /s/ Robert A. Van Nest |
| | | ROBERT A. VAN NEST |
| | | Attorneys for Defendant GOOGLE INC. |