# EXHIBIT B

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561 WHA |
| Plaintiff, | DECLARATION OF WILLIAM ADAMS IN SUPPORT OF GOOGLE'S BILL OF COSTS |
| v. | Dept.:   Courtroom 8, 19th Floor |
| GOOGLE INC., | Judge:   Hon. William Alsup |
| Defendant. | |

1. My name is William Addison Adams and I have been working at FTI, Inc. since December of 1997. I am currently a Senior Managing Director in FTI's Technology segment. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

2. In my role at FTI I have primary supervision responsibility for FTI's delivery of products and services to Google. FTI delivers e-discovery services to Google which comprise data processing, review software platform consulting, and production services.

3. I have general knowledge of the prevailing market rates for e-discovery services. Current market rates for most e-discovery services are lower than the prevailing market rates for those same services in 2010 and 2011.

4. I understand that Google has submitted a Bill of Costs in this action and that Oracle America, Inc. ("Oracle") has objected to Google's Bill of Costs, in part because, according to Oracle, the rate that FTI charged Google for "Inbound Processing" was significantly higher than the current market rates for that service.

5. FTI received thousands of gigabytes of electronic data from Google in connection with this matter. FTI filtered, indexed, and transformed that data into a common format so that it could be uploaded to a document-production database. That service is referred to as "Inbound Processing." Inbound processing is just one of many services that FTI performed for Google in connection with e-discovery in this case.

6. The inbound processing rate that FTI charged Google was a result of several rounds of negotiation between FTI and Google, the last of which concluded in September 2010.

7. Google's electronically stored information is unique in comparison to other clients. For instance, FTI developed custom processing routines to accommodate files extracted from the Google Documents platform. Additional customizations were required to handle Google email and ticketing data. The custom nature of inbound processing for Google is reflected in the price FTI charged Google.

8. FTI's inbound processing rate was also affected by the rate it charged Google for other document production related services. For example, generally, the more FTI charged for

1

inbound processing, the less it charged for outbound processing. The reasonableness of a rate for a specific e-discovery task like inbound processing should be evaluated in light of all of the other services performed, and the rates charged for those other services.

9. At the time FTI performed inbound processing services for Google in this case, the rate FTI charged was reasonable and competitive in the market in light of the complexity of the services performed, and the rates FTI charged for other document-production related services.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at _Washington_, _DC_ on August 2nd, 2012.

By: _William O. Adams_

---

2
DECLARATION OF WILLIAM ADAMS IN SUPPORT OF GOOGLE'S BILL OF COSTS
Case No. 3:10-CV-03561 WHA

684110.01