| | |
|---|---|
| KEKER & VAN NEST LLP | KING & SPALDING LLP |
| ROBERT A. VAN NEST - # 84065 | DONALD F. ZIMMER, JR. - #112279 |
| rvannest@kvn.com | fzimmer@kslaw.com |
| CHRISTA M. ANDERSON - # 184325 | CHERYL A. SABNIS - #224323 |
| canderson@kvn.com | csabnis@kslaw.com |
| DANIEL PURCELL - # 191424 | 101 Second Street, Suite 2300 |
| dpurcell@kvn.com | San Francisco, CA 94105 |
| 633 Battery Street | Tel: 415.318.1200 |
| San Francisco, CA 94111-1809 | Fax: 415.318.1300 |
| Telephone: 415 391 5400 | |
| Facsimile: 415 397 7188 | |
| | |
| KING & SPALDING LLP | IAN C. BALLON - #141819 |
| SCOTT T. WEINGAERTNER | ballon@gtlaw.com |
| (*Pro Hac Vice*) | HEATHER MEEKER - #172148 |
| sweingaertner@kslaw.com | meekerh@gtlaw.com |
| ROBERT F. PERRY | GREENBERG TRAURIG, LLP |
| rperry@kslaw.com | 1900 University Avenue |
| BRUCE W. BABER (Pro Hac Vice) | East Palo Alto, CA 94303 |
| 1185 Avenue of the Americas | Tel: 650.328.8500 |
| New York, NY 10036 | Fax: 650.328.8508 |
| Tel: 212.556.2100 | |
| Fax: 212.556.2222 | |

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561 WHA |
| Plaintiff, | **GOOGLE'S REPLY IN SUPPORT OF MOTION FOR RULE 50(b) JUDGMENT AS A MATTER OF LAW ON PORTIONS OF COUNT VIII OF ORACLE'S AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL** |
| v. | |
| GOOGLE INC., | |
| Defendant. | Date: August 23, 2012<br>Time: 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Hon. William Alsup |

## I. INTRODUCTION

The Court should grant Google's motion for Rule 50(b) judgment as a matter of law ("JMOL"), or in the alternative, for a new trial (Dkt. 1222). None of the arguments Oracle raises in its Opposition (Dkt. 1227) adds to the parties' prior briefing on these issues or compels a different conclusion.

## II. ARGUMENT

### A. The J2SE platform is the "work as a whole."

The J2SE platform is the work Oracle registered with the Copyright Office and the copyright in the J2SE platform is the copyright that Oracle accused Google of infringing in this case. Dkt. 36, Ex. H; *see also* TX 464 and 475. As a matter of law, the registered work is the "work as a whole." Moreover, Oracle presented no evidence at trial that "[e]ach source code file in the Java platform" is "recognizable as a self-contained work." Dkt. 1227 at 3:1-2. Thus, even if it were possible to subdivide a registered work, there is no basis in the record to subdivide the J2SE platform file-by-file into separate "works."

For all the reasons stated in Google's JMOL motion and its prior copyright briefs, (Dkt. 955 at 5:2-12:2, Dkt. 984 at 5:1-10, Dkt. 993 at 3:9-6:5, and Dkt. 1043 at n. 9), which are incorporated herein by reference, the complete J2SE platform is the "work as a whole" for the infringement analysis.

### B. The rangeCheck function and the "decompiled files" are *de minimis* as a matter of law.

The rangeCheck function is *de minimis* as a matter of law when compared either to the millions of lines of code in the J2SE platform or to the 3,179 lines of code in the Arrays.java file.[1] Oracle's reliance on Dr. Mitchell's testimony that rangeCheck is "useful" to the library in which it is located and that the rangeCheck code "has some subtlety" is insufficient to establish quantitative or qualitative significance. *See Newton v. Diamond*, 388 F.3d 1189, 1195-97 (9th

---

[1] As explained in Section II.A., above, rangeCheck and the "decompiled files" should be compared to the J2SE platform as a whole to determine whether any copying was *de minimis*.

1
GOOGLE'S REPLY IN SUPPORT OF RULE 50(b) MOTION FOR JMOL,
OR, IN THE ALTERNATIVE, A NEW TRIAL
Case No. 3:10-CV-03561 WHA

684463.01

1  Cir. 2004).  Further, Oracle presented no evidence at trial that a computer programmer or

2  application developer would "recognize Google's copying of rangeCheck."  Dkt. 1227 at 6:9.

3        The "decompiled files" are also *de minimis* as a matter of law.  The files are a tiny fraction

4  of the code in the J2SE platform, and there is no evidence that they are qualitatively significant.

5        Therefore, for all the reasons stated in Google's JMOL motion and prior copyright briefs

6  (Dkt. 955, 984, 993, 1007, and 1043), which are incorporated herein by reference, Google's

7  JMOL motion should be granted.

8  **III.   CONCLUSION**

9        For the foregoing reasons, Google's motion for Rule 50(b) judgment as a matter of law,

10 or, in the alternative, for a new trial should be granted.

Dated:  August 7, 2012                                                        KEKER & VAN NEST LLP

                                                                                /s/ Robert A. Van Nest
                                                     By:      ROBERT A. VAN NEST

                                                            Attorneys for Defendant
                                                            GOOGLE INC.