# EXHIBIT A

Share | Report Abuse | Next Blog»    Create Blog  Sign In

WEDNESDAY, APRIL 18, 2012

## Oracle v. Google trial: evidence of willful infringement outweighs claims of approved use

After the third day of the *Oracle v. Google* trial, this is my first post on this litigation since the trial started. From the outset, I have been monitoring the events in San Francisco by analyzing new filings on the docket, Oracle's and Google's opening slides, media reports, and the Twitter feeds of journalists who are in the courtroom. Fortunately for the general public, Judge William Alsup is all for transparency.

The first of the three trial phases is about copyright liability, followed by a patent liability phase and a remedies phase. The parties' opening presentations addressed a number of copyright-specific issues but placed the emphasis on the general issue of infringement. Oracle's first slide right after the title page showed the famous Lindholm email, which Google had failed seven times to get excluded from this trial. It constitutes an admission that Google felt, shortly before this lawsuit, that it needed a license. Oracle brought the Lindholm email up again on pages 24 and 87, but also presented plenty of other evidence, some of which I'll address further below. Google knew that this was going to happen and designed its own presentation to counter the impression of recklessness and lawlessness by suggesting that Sun (before it was acquired by Oracle) welcomed and supported the way Android makes use of Java.

Presumably the parties wanted to show the best evidence right at the start, hoping to shape the way jurors are going to look at the tons of information they will receive in the coming weeks. Google's lawyers undoubtedly made the most out of the evidence they found in favor of their equitable defenses, but there is only so much that presentation can do when substance is lacking. Oracle's evidence of reckless infringement appears to be fundamentally stronger, for several reasons that I'll discuss in the following.

**CONTACT FORM**

FOLLOW @FOSSPATENTS ON TWITTER

Follow @FOSSpatents  12.7K follower

[                    ]  Submit

**Oracle's opening statement presented ten documents indicating willful infringement, from a five-year period in the middle of which Google launched Android**

Certain Google-internal documents indicate in no uncertain terms an awareness of a need for a license at different points in time during the five-year period from Google's decision to use Java to the eve of the filing of this lawsuit:

1. July 26, 2005: "Must take license from Sun" (page 21 of [Oracle's slide deck](#))

2. October 11, 2005 (p22 and p87): "[option] 2) Do Java anyway and defend our decision, perhaps making enemies along the way."

3. February 10, 2006 (p43): "This has mostly taken the form of helping negotiate with my old team at Sun for a critical license."

4. March 24, 2006 (p73): "Java.lang api's are copyrighted."

5. May 14, 2006 (p45): "How are we doing on the Sun deal? Its [sic] it time to develop a non-Java solution to avoid dealing with them?"

6. May 11, 2007 (p48): "I don't see how we can work together and not have it revert to arguments of control. I'm done with Sun [...] They won't be happy when we release our stuff, [...]"

7. August 11, 2007 (p50): "Sun chose GPL for this exact reason so that companies would need to come back to them and take a direct license and pay royalties."

8. March 24, 2008 (p52): "2) Can we demonstrate the tooling, emulator, developer environment, etc?
Yes, one-on-one only please, where you know exactly who you are talking to. Please don't demonstrate to any sun employees or lawyers."

9. May 30, 2008 (p51): "These restrictions prevent Apache Harmony [a codebase parts of which Google used to build Android] from independently implementing Java SE (Harmony can't put those restrictions on their own users and still Apache license the code) not to mention Android (though that's water under the bridge at this point)."

- Apple and Samsung CEOs to meet on May 21 and 22 fo...
- Just discovered: Apple hit Motorola and HTC with s...
- Oracle and Google comment on (copyright-related) d...
- Former Sun chief about Google: 'immune to copyrigh...
- Open-sourcing of Java and API copyrightability are...
- Motorola virtually concedes infringement of oversc...
- Judge plans to inform jury that structure, sequenc...
- Judge denies assertion of revived Oracle patent bu...
- Oracle 'intends to assert [revived] patent in Phas...
- Copyrightability of Java APIs would be consistent ...
- Preliminary ITC ruling holds Apple to infringe a 3...
- Samsung filed its defenses against Apple's second ...
- Motorola said Seattle FRAND case could affect ITC ...
- Court to hold hearing on July 5 to discuss if Appl...
- Oracle Java patent rises like Phoenix from the ash...
- Oracle asks court to clear up potential confusion ...
- The pragmatic approach to the copyrightability of ...
- Andy Rubin knew that a clean-room implementation o...
- Motorola told judge its $4 billion royalty demand ...

10. August 6, 2010, the Lindholm email (p3, p24, p87): "We've been over a bunch of [technical alternatives to Java for Android], and they they all suck. We conclude that we need to negotiate a license for Java under the terms we need."

Google counters the ten items listed above by pointing to two late-2007 documents: a blog post in which then-Sun CEO Jonathan Schwartz, in Google's words, "publicly applaud[ed]" Android, and an email from Schwartz to then-Google CEO Eric Schmidt offering to "support" the announcement of Android. To "applaud" and to "support" are reactions that fall far short of granting a license. In my 25+ years in the technology industry, I've seen and authored or co-authored countless license agreements spanning dozens of pages in each case (not even counting exhibits), but I've never seen such a thing as a license grant, between two large players in the technology industry, that would consist of only a sentence or two -- nor have I ever seen a license grant that didn't contain the magic word "license".

Unsurprisingly, other pieces of evidence (items 8, 9 and 10 above) show that Google still had legal cocnerns and later concluded it (still) needed a license.

Google also points to what Oracle CEO Larry Ellison said in June 2009 about Sun "opening up Java, giving Java to the world". That was shortly after Oracle had announced a merger agreement with Sun, but more than six months before the deal was formally closed -- and those statements were broad and general, as opposed to a promise to grant a retroactive, restriction-free and royalty-free license to anyone after the closing of the deal.

The Lindholm email was written almost three years after what Google now suggests constituted a license grant. Back in August 2011, when I published a passage of the Lindholm email that showed up in one of Judge Alsup's orders, I stressed that "the combination of the Rubin email [item #2 above) and the Lindholm draft email is very strong -- far stronger than any of the two documents on its own", pointing to the fact that they span a long period. Oracle's opening statement on Monday showed seven more pieces of evidence from the period between those two documents, and one that even predates the first.

**Judge Alsup's preliminary assessment of the evidence long before the trial**

During those 20 months of litigation, I never saw documents or reports from public hearings according to which Judge Alsup would

The Lindholm testimony and the reality of Java lic...

Motorola's patent enforcement against Apple will c...

Oracle and Google find common denominator for tell...

Motorola under pressure in Germany from Microsoft ...

Oracle v. Google trial: evidence of willful infrin...

Samsung asserts eight more patents against Apple i...

Apple and Samsung CEOs and chief lawyers agree to ...

Apple keeps up pressure on Motorola Mobility with ...

German Apple lawsuit against HTC over multilingual...

Motorola calls $4 billion royalty figure 'misleadi...

ITC judge pushes back Samsung case against Apple b...

Apple appeals ITC dismissal of complaint against M...

Deficiencies of US$280,000 bond may require Apple ...

Microsoft asks ITC to delay decision on Motorola's...

German court might ban iPhone and iPad again withi...

The significance of May 7 for the temporary restra...

Apple is allowed (at long last) to intervene in Lo...

Mannheim Regional Court postponed Motorola-Microso...

have described Google's references to Jonathan Schwartz' applauding blog post and support-offering email as extremely powerful, but he said some important things about certain evidence of willful infringement. For example, in July 2011 the judge noted, in light of item #2, that Google engaged in "Soviet-style negotiation" (defined as "What's mine is mine and what's yours is negotiable") and "may have simply been brazen, preferring to roll the dice on possible litigation rather than to pay a fair price". When he became aware of the Lindholm email, he told Oracle's counsel that it's "a pretty good document for [Oracle]" that "ought to be, you know, big for [Oracle] at the trial". He warned Google's counsel that a legendary San Francisco trial lawyer "needed a document like [the Lindholm email], and the Magna Carta, and he won every case", so in the judge's opinion, Google was "going to be on the losing end of this document, and with Andy Rubin on the stand". He then encouraged Google to "think about that".

**Asymmetrical efforts to exclude evidence**

This is only extrinsic evidence, but it also says something that Google went to extreme lengths to fight some of the incriminating evidence while Oracle contented itself with motions that are the normal course of business in litigation and easily accepted when those motions to strike or exclude were denied.

In this blog post I described the first five of Google's seven failed attempts to withhold the Lindholm email (just one of the ten pieces of evidence shown above) from the jury. Subsequently, Google made two more attempts. It unsuccessfully appealed the district court's decisions on the Lindholm email to the Federal Circuit, and brought a motion *in limine* to exclude it as misleading (which was denied; see item 2 in this blog post).

**"Evasive" Google CEO Larry Page "dodges" questions**

Several media reports from Day 3 of the trial independently confirm that Google CEO Larry Page was unconvincing in his second appearance before the jury -- the one in which he was, in particular, quizzed about the Lindholm email:

- Los Angeles Times: "Google CEO Larry Page evasive in Oracle patent suit testimony", "Page rarely made eye contact with Oracle's feisty attorney"

- Wall Street Journal: "Page did not appear to endure Wednesday's proceedings as well as he had the previous day.

Microsoft wins in U.S. court, prevents Motorola fr...

ITC judge postpones Microsoft-Barnes&Noble decisio...

Microsoft-Motorola case in Seattle: claim construc...

Oracle and Google are still $700 million apart on ...

ITC postpones decision on Microsoft complaint agai...

Microsoft brushes aside Motorola's arguments again...

Judge Posner denies Motorola motion to throw out A...

Oh no: German courts and clueless politicians want...

Motorola doesn't want to be barred by a U.S. court...

Analysis of Apple's claim construction win over Sa...

John 'Mighty' Quinn is readying to represent Samsu...

Apple drops patent on centralized event alerts fro...

Apple is suing HTC in Munich over the two patents ...

Munich court denies Microsoft a preliminary injunc...

European Commission investigates Motorola Mobility...

Patent abuse hurts the German economy: Microsoft h...

► March (45)

► February (42)

► January (40)

► 2011 (335)

http://www.fosspatents.com/2012/04/oracle-v-google-trial-evidence-of.html

> He frequently stared up at the courtroom ceiling as he was pressed for direct responses by both Oracle's counsel and Alsup."

- Wired: "Google Boss Takes Stand in Oracle Trial, Dodges Android Questions": "Page was slow to answer questions — often failing to making eye contact — and he ended up saying very little. In many instances, Judge William Alsup spoke up to instruct Page to answer with 'yes,' 'no,' or 'I'm not sure,' and Page typically chose the later — or 'I don't recall.'"

(There are other great reports from the third trial day, but I picked the three above because of what they say about Page's evasiveness.)

As I told the L.A. Times, I believe the problem for Larry Page is that he was personally very much involved with the decision to use Java without a license. Now he's the CEO of the company and particularly afraid of making a concession: in that case he would be blamed not only for the outcome of the litigation but also for the original decision. I don't mean to say that his denial of recollection was dishonest (considering that he must have received huge numbers of emails over the years), but it certainly does contrast with some evidence of his personal involvement.

On Thursday, there will be more discussion of the Lindholm email. Tim Lindholm himself is on Oracle's list of the anticipated next ten witnesses, and so is Andy Rubin.

**Disclosure of recently-formed consulting relationship with Oracle**

I have been following *Oracle v. Google* since the filing of the lawsuit in August 2010 and have read pretty much every line of each court filing in this litigation. My long-standing views on this matter are well-documented. As an independent analyst and blogger, I will express only my own opinions, which cannot be attributed to any one of my diversity of clients. I often say things none of them would agree with. That said, as a believer in transparency I would like to inform you that Oracle has very recently become a consulting client of mine. We intend to work together for the long haul on mostly competition-related topics including, for one example, FRAND licensing terms.

We've known each other ever since I vocally opposed Oracle's acquisition of Sun Microsystems (not because of Java), but that's history as I fully respect the European Commission's clearance decision and the subsequent closing of the deal. When Oracle and I



► 2010 (106)

TWITTER UPDATES

Follow me on Twitter

LINKS

Twitter: FOSSpatents

Google+ profile

Contact Form

Smartphone patent disputes: visualizations and reference lists

NoSoftwarePatents.com

SUBSCRIBE TO

Posts

Comments

FOLLOWERS

started talking about areas in which I could provide analysis, we thought that the Google litigation was going to be over by the time we would work together. Due to various delays, the trial now happens to occur pretty much at the start of this new relationship, and I will continue to cover this lawsuit in detail on this blog, especially during these eventful and interesting weeks. I won't have access to confidential information, but as Judge Alsup noted, this is a public trial, so there's no shortage of publicly available information.

Last year I mentioned my work on a Microsoft-commissioned study on the worldwide use of FRAND-pledged patents, and it's no secret that I have multiple clients in the financial services industry. Nothing has changed about my existing working relationships in any way. I am proud to serve these first-rate clients, and I will continue to work hard to provide all of them -- and all of my readers -- with reliable and accurate analysis.

*If you'd like to be updated on the smartphone patent disputes and other intellectual property matters I cover, please subscribe to my RSS feed (in the right-hand column) and/or follow me on Twitter @FOSSpatents and Google+.*

Follow @FOSSpatents | 12.7K followers

Share

+23  Recommend this on Google

Share |

Newer Post            Home            Older Post



**Join this site**
with Google Friend Connect

**Members (424)**   More »

Already a member? Sign in

**TOTAL PAGEVIEWS**

6 2 6 6 5 0 7

**SEARCH THIS BLOG**

[          ]  Search

**ABOUT ME**



**FLORIAN MUELLER**

Florian Mueller is an award-winning intellectual property activist-turned-analyst with 25 years of software industry expertise spanning across different market segments (games, education, productivity and infrastructure software), diverse business models and a variety of technical and commercial areas of responsibility, enabling a holistic perspective. Florian advises clients on the patent wars surrounding mobile devices, and on their economic and technical implications. His consulting services are available directly (contact form, LinkedIn profile) as well as through two primary research firms (Gerson

Lehrman Group, Coleman Research Group) serving the financial community. (In order to avoid conflicts of interest, Florian does not hold or initiate transactions in any technology stocks or derivatives thereof.)

VIEW MY COMPLETE PROFILE