# EXHIBIT D





.

**Ed Black**, Contributor
Tech association CEO writing on innovation and Internet freedom

TECH | 5/09/2012 @ 10:36AM | 1,152 views

# Dangerous Copyright Claim In Oracle Case Now In Judge's Hands

Tech companies are closely watching the developments in the Oracle copyright lawsuit against Google after a jury reached a mixed decision Monday. This key intellectual property case will test whether anyone can "own" the building blocks of innovation.

A central question, which may now be answered by Judge William Alsup, is whether Oracle acquired the computer language Java when it bought Sun, as well as Java's standard rules that allow computer programs talk to each other – known as APIs.

When the judge interprets the law on this issue as a next step in the case, much will be at stake for computer programmers trying to build interoperable devices, for consumers who rely on these devices and for the future of the software industry and cloud computing.

Google's Android, which depends heavily on Java APIs, now powers more than 300 million Smartphones and tablet computers.  And this is not just about Android: Java is one of the most popular languages on the Internet, used by millions of users.

Generally, the theory goes that programmers own their code — but not software rules, nor interfaces specifications like Java's APIs.  These common building blocks of innovation allow other engineers to build interoperable devices.

In less technical contexts, we know this intuitively.  A poet receives copyright protection for her sonnet written in iambic pentameter — but she cannot own the 'rule' of iambic pentameter, nor the rules of English grammar.

Or in other words, an author can own the expression of an idea – but not the idea itself.  Ian Fleming may own the copyrights to the original James Bond novels, but not the idea of a dashing international spy fighting super-villains with gadgets and glib remarks. Of course, spy novels abound because these ideas have broad appeal, and that's a good thing.

Last week, the European Court of Justice, facing a similar question in *SAS Institute Inc. v. World Programming Ltd.* reaffirmed the importance of the greater public interest.

The court said that, "to accept that the functionality of a computer program can be protected by copyright would amount to making it possible to monopolise ideas, to the detriment of technological progress and industrial development. "

As head of a trade association that advocates for innovation and the technology industry, I couldn't agree more.

True, Java developers might have worked hard to create Java and its APIs. There are lots of hardworking Americans, however, and we don't hand out intellectual property rights – essentially, government–granted monopolies – to everyone who works hard.

These rights exist to encourage creativity – not sweat of the brow endeavors – according to a unanimous 1991 Supreme Court copyright decision that found there was nothing creative or copyrightable about a phone book.

Intellectual property rights can encourage innovation when they are balanced against competing interests like interoperability and those building on existing innovation. Balance incentivizes innovation and creativity while ensuring that no one rights-holder can own the rules of the road.  Improperly extending copyright protection to building blocks of innovation could cripple domestic software development and drive innovation abroad.

**This article is available online at:**
http://www.forbes.com/sites/edblack/2012/05/09/dangerous-copyright-claim-in-oracle-case-now-in-judges-hands/