KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: 415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **GOOGLE'S RESPONSE TO THE COURT'S AUGUST 7, 2012 ORDER RE DISCLOSURE OF FINANCIAL RELATIONSHIPS WITH COMMENTATORS ON ISSUES IN THIS CASE** <br><br> Dept.:   Courtroom 8, 19th Floor <br> Judge:   Hon. William Alsup |

On August 7, 2012, the Court issued an Order directing the parties and their counsel to file a statement "identifying all authors, journalists, commentators or bloggers who have reported or commented on any issues in this case and who have received money (other than normal subscription fees) from the party or its counsel during the pendency of this action." Dkt. 1229.

## STATEMENT

Neither Google nor its counsel has paid an author, journalist, commentator or blogger to report or comment on any issues in this case. And neither Google nor its counsel has been involved in any *quid pro quo* in exchange for coverage of or articles about the issues in this case.

As the Court has recognized, a large volume of material was written in traditional publications and on the Internet about the case. Given the rise of self-publishing, individual blogs, and other fora for coverage and opinion, it is possible that any number of individuals or organizations, including those with indirect or attenuated financial connections with the parties, might have expressed views regarding this case. Rather than flooding the Court with long lists of such individuals or organizations who might have written something about the case, Google outlines below several general categories of individuals and organizations and requests the Court's further guidance as to whether it would be useful for Google to provide more details or attempt to compile a more comprehensive list. Google does not believe that individuals or organizations within these categories were intended to be encompassed within the scope of the Court's Order but Google brings them to the Court's attention out of an abundance of caution. Neither Google nor its counsel has paid any individuals or organizations within these categories to report or comment on any issues in this case.

### A. Universities and other non-profit entities

For many years, Google has engaged in philanthropy in numerous areas including education and public interest issues. Accordingly, both before and after this litigation started, Google has openly and publicly donated money on a regular basis to a number of universities (*see, e.g.,* http://research.google.com/university/relations/focused_research_awards.html, attached hereto as Ex. A), and to non-profit organizations (*see, e.g.,*

http://www.google.com/publicpolicy/transparency.html, attached hereto as Ex. B).

At least some of those universities and entities have representatives who have elected to comment or opine on the issues in this litigation, even though Google did not pay any of those representatives to provide that commentary. Google began supporting and donating money to these organizations long before this case began, and none of those periodic donations was payment for commentary by representatives of those organizations on issues in this case. It would be extraordinarily difficult and perhaps impossible for Google to identify all individuals who have commented on the issues in this case and who are also affiliated with a university or non-profit organization to which Google has donated money.

### B. Organizations to which Google belongs or has made contributions

For many years, Google has been a member of, or contributed to, numerous organizations, including political organizations and trade associations. Google has openly and publicly published for several years a list of such organizations on its U.S. Public Policy Transparency page (available at http://www.google.com/publicpolicy/transparency.html, and attached hereto as Ex. B). Google has not paid any of these organizations to comment on the issues in this case. This case, however, attracted significant media and industry attention and Google is aware that representatives of some of these organizations have elected to comment on the case. It would be extraordinarily difficult and perhaps impossible for Google to identify all individuals who have commented on the issues in the case and who are also affiliated with one of these organizations.

### C. Individuals who participate in Google's advertising programs and who also have elected to comment on the case

Google derives revenue from its advertising programs, which benefit millions of advertisers, publishers and owners of individual websites. For example, under Google's AdSense program, Google pays publishers for ads displayed on their websites. It would be extraordinarily difficult and perhaps impossible for Google to identify individuals who received money from Google as part of the normal operations of Google's advertising programs and who have also commented on the issues in this case.

**D. Google employees, vendors or contractors who may have commented on the case**

Google employs tens of thousands of people and also hires many vendors (including outside counsel in this case) and independent contractors. Aside from Google employee or vendor statements expressly attributed to Google (such as Google public relations personnel responding to press queries about the lawsuit), these individuals were paid for other services performed, and were not paid to comment on the issues in this case. It would be extraordinarily difficult and perhaps impossible for Google to identify any and all such individuals who also happened to comment upon the instant lawsuit.

**E. Expert consultants**

Google retained expert consultants to opine on matters relevant to this litigation, both on a testifying and non-testifying basis. Google did not retain or pay any of these individuals to provide public commentary on the issues in this case beyond the testimony and opinions they rendered in this matter. Accordingly, Google does not understand these individuals to be within the intended scope of the Court's Order.

**F. Witnesses identified for trial**

As the Court is aware, there were numerous witnesses identified for trial, some of whom had affiliations with and received money from one or both of the parties to this case and who also elected to publicly comment on the case. In light of the fact that the identities of these witnesses are part of the record on appeal, Google does not understand these individuals to be within the intended scope of the Court's Order.

Dated: August 17, 2012

KEKER & VAN NEST LLP

By: /s/ Robert A. Van Nest
ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.