PAGES 1 - 7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM ALSUP, JUDGE,

ORACLE AMERICA, INC.,              )
                                   )
              PLAINTIFF,           )
                                   )
   VS.                             ) NO. C 10-3561 WHA
                                   )
GOGGLE INC.,                       )
              DEFENDANT.           )   THURSDAY
_____    )   AUGUST 23, 2012
                                   )   8:20 O'CLOCK A.M.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**          **MORRISON & FOERSTER LLP**
                            755 PAGE MILL ROAD
                            PALO ALTO, CALIFORNIA 94304-1018
                            **BY:  MICHAEL A. JACOBS, ESQUIRE**
                            **KENNETH A. KUWAYTI, ESQUIRE**
                            **ROMAN A. SWOOPES, ESQUIRE**
                            **DANIEL MUINO, ESQUIRE**
**AND**
                            **ANDREW C. TEMKIN, CORPORATE COUNSEL**
                            ORACLE
                            500 ORACLE PARKWAY M/S 50P7
                            REDWOOD SHORES, CALIFORNIA 94065


FURTHER APPEARANCES ON NEXT PAGE

*REPORTED BY:   KATHERINE WYATT, CSR 9866, RMR, RPR*

*OFFICIAL REPORTER - US DISTRICT COURT*
*COMPUTERIZED TRANSCRIPTION BY ECLIPSE*

1    **FURTHER APPEARANCES:**

2    **FOR THE DEFENDANT:**

3    **KECKER & VAN NEST LLP**

4    633 BATTERY STREET

5    SAN FRANCISCO, CALIFORNIA 94111-1809

6    **BY:   ROBERT A. VAN NEST, ESQUIRE**

7           **MICHAEL S. KWUN, ESQUIRE**

8           **REID P. MULLEN, ESQUIRE**

9           **CHRISTA MARTINE ANDERSON, ATTORNEY AT LAW**

10

11          **RENNY HWANG, ESQUIRE**

12          GOOGLE INC.

13          1600 AMPHITHEATRE PARKWAY

14          MOUNTAINVIEW PARKWAY, CALIFORNIA 94043

15

16

17

18

19

20

21

22

23

24

25

```
 1  AUGUST 23, 2012                        8:20 O'CLOCK  A.M.

 2

 3                      P R O C E E D I N G S

 4          THE COURT:  LET'S GO TO ORACLE V. GOGGLE.

 5          MR. JACOBS:  GOOD MORNING, YOUR HONOR.  MICHAEL

 6  JACOBS FROM MORRISON & FOERSTER FOR ORACLE.

 7      WITH ME IS KEN KUWAYTI, DAN MUINO, ROMAN A. SWOOPES, AND

 8  ANDREW TEMKIN FROM ORACLE.

 9          THE COURT:  WELCOME.

10          MR. VAN NEST:  GOOD MORNING, YOUR HONOR.  BOB VAN

11  NEST, KEKER & VAN NEST FOR GOGGLE.  I'M HERE WITH MS. ANDERSON,

12  MR. KWUN, MR. MULLEN AND WITH RENNY HWANG FROM GOGGLE?

13          THE COURT:  WELCOME BACK. THIS IS A MOTION FOR

14  JUDGMENT AS A MATTER OF LAW BROUGHT BY GOGGLE.

15      WHO IS GOING TO ARGUE THIS?

16          MR. VAN NEST:  GOOD MORNING, YOUR HONOR.  VERY

17  BRIEFLY, THIS MOTION CONCERNS THE NINE LINES OF CODE THAT WAS

18  DISCUSSED EXTENSIVELY DURING THE TRIAL. IT ADDRESSES QUESTION

19  3A ON THE VERDICT FORM.

20      YOUR HONOR INSTRUCTED THE JURY THAT THEY COULD CONSIDER

21  THE WORK AS A WHOLE TO BE THE TIMSORT FILE IN WHICH THE

22  RANGECHECK METHOD WAS FOUND.  AND WE ARGUED BOTH IN CONNECTION

23  WITH OUR EARLIER MOTION AND WITH JURY INSTRUCTIONS AND WITH THE

24  VERDICT FORM THAT THAT WAS NOT CORRECT.  THAT WORK AS A WHOLE

25  WAS THE ENTIRE J2SE PLATFORM, BE IT 1.4 OR 5.O.
```

1      WE ARGUED SECONDLY THAT THE RANGECHECK METHOD WAS DE

2  MINIMUS AS A MATTER OF LAW IN THAT IT WAS ONLY NINE LINES OF

3  CODE. WHETHER YOU VIEW THAT AS NINE OUT OF 3,000, WHICH WAS THE

4  TIMSORT FILE, OR YOU VIEW IT AS NINE OUT OF SEVERAL MILLION,

5  WHICH WAS THE J2SE PLATFORM, IT'S DE MINIMIS AS A MATTER OF

6  LAW.

7      AND I THINK YOUR HONOR NOTED IN DISCUSSING THE DAMAGES

8  FEATURES OF THIS THAT THIS WAS CODE THAT ANYONE COULD WRITE, A

9  HIGH SCHOOL PROGRAMMER COULD WRITE.  IT COULD BE WRITTEN IN A

10  SHORT PERIOD OF TIME.

11      WE HAVE ARGUED THIS TWICE. YOUR HONOR HAS RULED FOR ORACLE

12  BOTH TIMES. I HONESTLY DON'T THINK THERE'S ANYTHING NEW IN THE

13  BRIEFS THAT WE DIDN'T PRESENT BEFORE, SO I WOULD SUBMIT IT ON

14  THE PAPERS, AND OUR PRIOR ARGUMENTS AND DISCUSSION WITH YOUR

15  HONOR.

16          **THE COURT:**  THANK YOU FOR YOUR BREVITY.

17      ORACLE.

18          **MR. JACOBS:**  MR. KUWAYTI WILL ARGUE THIS YOUR HONOR.

19          **THE COURT:**  MR. KUWAYTI.

20          **MR. KUWAYTI:**   GOOD MORNING, YOUR HONOR.

21          **THE COURT:**  GOOD MORNING.

22          **MR. KUWAYTI:**  I THINK I HAVE NO CHOICE BUT TO BE AS

23  BRIEF AS GOOGLE'S COUNSEL GIVEN YOUR COMMENTS. I THINK THIS IS

24  AN ARGUMENT THAT YOUR HONOR HAS CONSIDERED BEFORE. THE PRIMARY

25  ARGUMENT GOOGLE MAKES IS THAT BECAUSE THE WORK WAS REGISTERED,

1  THE PLATFORM J2SE 5.0 AND THE PRIOR VERSION WAS REGISTERED WITH

2  THE COPYRIGHT OFFICE, THAT THAT HAS TO BE THE WORK FOR THE

3  PURPOSES OF DETERMINING THE WORK AS A WHOLE. THE COPYRIGHT

4  REGULATIONS DON'T SAY THAT.

5      TO THE CONTRARY, THEY SAY THAT YOU CAN REGISTER. YOU HAVE

6  COPYRIGHTABLE ELEMENTS THAT THEMSELVES CONSTITUTE

7  SELF-CONTAINED WORKS.  THEY CAN BE REGISTERED AS A SINGLE WORK

8  WHEN THEY ARE COMBINED IN ONE UNIT OF PUBLICATION.  THAT'S WHAT

9  HAPPENED HERE.

10      I THINK ANYTHING TO THE CONTRARY WOULD BE AN

11  ADMINISTRATIVE NIGHTMARE.  IT WOULD REQUIRE CLAIMANTS TO

12  REGISTER EVERY SINGLE FILE OF COMPUTER CODE THAT THEY ARE

13  SUBMITTING WITH THEIR PROGRAM.

14      THE COPYRIGHT OFFICE DOESN'T WANT THAT, DOESN'T REQUIRE

15  THAT. AND I THINK THE CASE LAW THAT WE'VE CITED, PARTICULARLY

16  THE HUSTLER CASE, BEARS THAT OUT.

17      I THINK THE OTHER ISSUE HERE IS THAT IF THERE WERE A RULE

18  TO THE CONTRARY THAT WOULD MEAN THAT A PLAGIARIST COULD SIMPLY

19  COPY FILES AT WILL OUT OF A COMPUTER PROGRAM THAT'S VERY LONG,

20  AND THEN MAKE THE ARGUMENT THAT:

21          "THERE'S 15 MILLION LINES OF CODE, OR 2 MILLION LINES

22      OF CODE, AND WE ONLY COPIED NINE FILES," AS IS THE CASE

23  HERE.

24      THE NEWTON VERSUS DIAMOND CASE WHICH BOTH PARTIES HAVE

25  CITED TALKS ABOUT THE POLICY BEHIND THE DE MINIMIS RULE BEING

1   THAT COPYRIGHT INFRINGEMENT SHOULD ONLY BE INFRINGEMENT IF

2   THERE'S COPYING TO AN UNFAIR EXTENT.

3        THIS MOTION WAS ADDRESSED NOT JUST TO RANGECHECK, BUT TO

4   THE EIGHT DECOMPILED FILES.

5        I SUBMIT TO YOUR HONOR THAT A RULE THAT SAYS INTENTIONALLY

6   DECOMPILING FILES AND COPYING THEM IS NOT COPYRIGHT

7   INFRINGEMENT IN THE FIRST INSTANCE IS THE WRONG RULE. IT MAY BE

8   THAT THERE ARE VERY LITTLE DAMAGES ASSOCIATED WITH THAT

9   INFRINGEMENT.  IT MAY BE THAT IT'S USED IN A CONTEXT THAT

10  JUSTIFIES A FINDING OF FAIR USE.  AND THERE'S NO SUCH CLAIM

11  HERE.  BUT TO HOLD THAT SOMEBODY CAN SIMPLY DO THAT, AND THAT

12  IT'S NOT EVEN COPYRIGHT INFRINGEMENT AT ALL I THINK IS THE

13  WRONG ARGUMENT.

14       AND THE LAST THING THAT I'D SAY IS THAT WHETHER THE COURT

15  APPLIES WHAT WE THINK IS THE PROPER LENS, WHAT YOUR HONOR HAS

16  HELD IS THE PROPER LENS OF COMPARING IT TO THE INDIVIDUAL FILE,

17  OR THAT YOU COMPARE IT TO THE LINES OF CODE AS A WHOLE, THE

18  STANDARD IS IT IS ONLY DE MINIMIS IF IT'S -- IF THE USE IS SO

19  MEAGER, THE COPYING SO IS MEAGER AND FRAGMENTARY THAT AN

20  AUDIENCE WOULDN'T RECOGNIZE THE COPYING.

21       IN THIS CASE IN EITHER INSTANCE THE AUDIENCE, WHICH THE

22  PARTIES AGREE IS PROGRAMMERS, PEOPLE WHO CAN READ THE CODE,

23  WOULD RECOGNIZE THAT COPYING TOOK PLACE.

24       AND THERE IS AMPLE EVIDENCE IN THE RECORD WITH RESPECT TO

25  RANGECHECK AND WITH RESPECT TO THE EIGHT DECOMPILED FILES TO

1    SUPPORT THE JURY'S FINDING ON RANGECHECK AND TO SUPPORT THE

2    JUDGE'S -- YOUR RULING ON JMOL.

3              **THE COURT:**  ALL RIGHT. THANK YOU.

4              **MR. KUWAYTI:**  THANK YOU.

5              **THE COURT:**  SUBMITTED?

6              **MR. VAN NEST:**  YES, YOUR HONOR.

7              **THE COURT:**  OKAY.  IS THAT ALL THAT WE HAVE TODAY?

8              **MR. VAN NEST:**  I BELIEVE SO.

9              **THE COURT:**  ALL RIGHT. THANK YOU VERY MUCH. IT'S

10   UNDER SUBMISSION.

11             **MR. JACOBS:**  THANK YOU, YOUR HONOR.

12                    (THEREUPON, THIS HEARING WAS CONCLUDED.)

13   STENOGRAPHY CERTIFICATION

14        "I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
     FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."
15   *KATHERINE WYATT*

16        10-19-12
          KATHERINE WYATT

17

18

19

20

21

22

23

24

25

KATHERINE WYATT, OFFICIAL REPORTER, RPR, RMR  925-212-5224

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25