**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

July 22, 2015

The Honorable William Alsup
United States District Court Judge
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:  *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA
Précis Regarding Motion for Leave to File a Supplemental Complaint

Dear Judge Alsup,

Oracle hereby seeks this Court's approval to file a Motion for Leave to File Supplemental Complaint. *See* Dkt. 86. Oracle notified Google of its desire to file a supplemental pleading on June 29, 2015 and provided its draft on July 6. On July 20, Google provided objections to specific content in the pleading and the parties were unable to agree on a revision, thus necessitating this précis.

The Amended Complaint was filed on October 27, 2010. Dkt. 36. Since then, Google has released six major versions of Android encompassing at least forty total releases. In the last three years, Android has come to permeate the fabric of our society: it is in 80% of smartphones, in tablets, in televisions, on wearables, and even in cars. Google continues to infringe Oracle's copyrights with these new versions. Android now has a *billion* users; Google reaps untold profits from these users through a variety of means. At the same time that Android has become truly ubiquitous, the Java platform has suffered more than ever. And, meanwhile, Google itself has adopted an express anti-fragmentation strategy, implicitly conceding what Sun and later Oracle long contended were necessary aspects of maintaining a vibrant development platform.

The record of the first trial does not reflect any of these developments in the market, including Google's dramatically enhanced market position in search engine advertising and the overall financial results from its continuing and expanded infringement.

July 22, 2015
Page 2

Rule 15(d) is meant to cover exactly this situation—where material (and related) events have occurred since the time of the last pleading, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Supplementation "is favored," *Planned Parenthood of S. Az. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997), and "should be freely granted, unless undue prejudice to the opposing party will result." *Lasalvia v. United Dairymen*, 804 F.2d 1113, 1119 (9th Cir. 1986); *see Keith v. Volpe*, 858 F.2d 467, at 473 (9th Cir. 1988) (supplementation should be granted in the interests of judicial economy unless the opposing party shows undue delay, prejudice, or futility).

***Relation to Existing Claim.*** Oracle's supplemental complaint will update its copyright infringement claim to set forth: (1) Google's continuing copyright infringement through new versions of Android in both existing and new markets; and (2) the resulting harm to Oracle and benefit to Google. Supplementation in this fashion is appropriate after remand from appeal to bring the pleading up-to-date. *See City of Texarkana, Tex. v. Ark., La. Gas Co.*, 306 U.S. 188, 203 (1939); *Case-Swayne Co. v. Sunkist Growers, Inc.*, 369 F.2d 449, 462 (9th Cir. 1966), *cert. denied*, 387 U.S. 932, *judgment rev'd on other grounds*, 389 U.S. 384 (1967). The new facts also relate directly to Google's fair use affirmative defense. The fourth fair use factor considers "the effect of the [defendant's] use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107; *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). Android's utter domination of the smartphone market, adoption of an anti-fragmentation strategy, and entry into other actual and potential Java-platform markets all bear directly on this factor and others.

***Judicial Economy.*** "To determine if efficiency might be achieved, courts assess 'whether the entire controversy between the parties could be settled in one action.'" *Neely*, 130 F.3d at 402 (citation and alteration omitted). Not only could the entire copyright controversy be resolved, but here it must be. The fourth-factor requires the jury to consider not only Google's conduct as it pertains to existing and potential markets for exploitation of the Java platform, but also

July 22, 2015
Page 3

"'whether unrestricted conduct of the sort engaged in by the defendant . . . would result in substantially adverse impact on the potential market' for the original." *Campbell,* 510 U.S. at 590 (citations omitted). Android's actual widespread adoption throughout the world since the last trial is directly relevant to the fourth-factor on Oracle's *existing* copyright claim. It would make no sense to hear this evidence for one purpose and not for all purposes. Permitting Oracle to file a supplemental complaint thus will allow the parties to resolve the entirety of their dispute without need for additional lawsuits, and avoid what would otherwise be substantial overlap between the existing case and a new claim for the continued infringement.

*No Prejudice.* Google will suffer no prejudice from the filing of a supplemental complaint. A supplemental pleading will not disrupt any other pending deadline or trial schedule, as there is none. The need for limited additional discovery does not constitute prejudice. *See*, *e.g.*, *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 531 (N.D. Cal. 1989). As matters currently stand, Google is fully capable of addressing any issue raised by the new pleading before a second trial of Oracle's copyright infringement claim.

*No Undue Delay.* The Supreme Court denied Google's petition for a writ of certiorari on June 29, 2015, and Oracle proposed to Google the filing of a supplemental complaint that same day. Upon request, Oracle provided the draft [Proposed] Supplemental Complaint a week later. There has been no delay, let alone undue delay.

*No Futility.* Google will not be able to demonstrate futility.

In light of the foregoing, Oracle respectfully requests that this Court grant its request to file a Motion for Leave to File Supplemental Complaint.

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/S/ ANNETTE L. HURST*

Annette L. Hurst
Counsel for Plaintiff Oracle America, Inc.