ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (admitted *pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (admitted *pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (admitted *pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

KEKER & VAN NEST LLP
ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
CHRISTA M. ANDERSON (SBN 184325)
canderson@kvn.com
DANIEL PURCELL (SBN 191424)
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

KING & SPALDING  LLP
BRUCE W. BABER (*pro hac vice*)
1185 Avenue of the Americas
New York, NY 10036
Tel:  212.556.2100
Fax: 212.556.2222

*Attorneys for Defendant*
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**JOINT STATUS REPORT**<br><br>Date:  July 30, 2015<br>Time:  11:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge:  Honorable William H. Alsup |

1    Pursuant to the Court's Order of July 6, 2015 (ECF No. 1269), and with reference to

2    Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-10, and the Standing Order for All

3    Judges of the Northern District of California for Contents of Joint Case Management Statement,

4    Plaintiff Oracle America, Inc. ("Oracle") and Defendant Google Inc. ("Google") submit this Joint

5    Status Report in advance of the status conference scheduled for July 30, 2015 at 11:00 a.m.  This

6    Joint Status Report seeks to give the Court an update of all relevant matters since trial took place

7    in this matter in April and May of 2012.

8              **1.   Jurisdiction and Service**

9    No issues exist regarding jurisdiction and venue.  The Court has jurisdiction over the

10   remaining copyright claims under 28 U.S.C. § 1331 (federal question) and § 1338(a) (actions

11   asserting claims of, *inter alia*, copyright infringement).  Venue is proper in this district pursuant

12   to 28 U.S.C. §§ 1391 and 1400(b) because Google conducts business within this judicial district.

13   Oracle is also based in this district.  No parties remain to be served.

14             **2.   Facts**

15   Oracle is a corporation organized under the laws of the State of Delaware with its

16   principal place of business at 500 Oracle Parkway, Redwood City, California 94065.  Oracle does

17   business in the Northern District of California.  Google is a corporation organized under the laws

18   of the State of Delaware with a principal place of business at 1600 Amphitheatre Parkway,

19   Mountain View, California 94043.

20   Oracle sued Google on August 12, 2010, alleging that Google's Android mobile operating

21   system infringed certain of Oracle's Java-related patents and copyrights.  Before trial, Oracle

22   dismissed with prejudice all claims for relief based on five of the seven patents that it had

23   originally asserted against Google.  ECF 1211 (Final Judgment).

24   The case was trifurcated before proceeding to trial.  *See* ECF No. 675 at 2-3.  Phase One

25   covered liability and defenses for Oracle's claims against Google for copyright infringement.  *Id.*

26   Phase Two covered liability and defenses for Oracle's claims against Google for patent

27   infringement.  *Id.*  And Phase Three, if necessary, was to cover "all remaining issues," including

28

JOINT STATUS REPORT
CV 10-03561 WHA

963929.01

1   damages and willfulness.  *Id.*

2        Phase One and Phase Two proceeded to trial in April and May of 2012.  At the conclusion

3   of Phase One, the jury found that Google had infringed Oracle's copyright in the overall structure,

4   sequence and organization of 37 Java API packages but did not reach a verdict as to whether

5   Google's infringement constituted "fair use."  ECF No. 1089 at 1.  The jury also found that

6   Oracle had not proven that Google infringed the documentation for the 37 Java API packages, the

7   source code for eight decompiled security files, or the English-language comments in two other

8   files.  The jury also found that Google infringed Oracle's copyright in a Java method called

9   "rangeCheck."  *Id.* at 1-2.  At the conclusion of Phase Two, the jury found that Oracle had not

10  proven that Google had infringed the patents that remained in the case.  ECF No. 1190 at 1-2.

11       With respect to Oracle's claims for copyright infringement, after the jury verdict, this

12  Court denied Oracle's motion for judgment as a matter of law ("JMOL") regarding fair use, the

13  API documentation, and the English-language comments, as well as Google's JMOL motion with

14  respect to the rangeCheck method.  ECF No. 1119.  This Court granted Oracle's motion for

15  JMOL with respect to the eight decompiled security files.  ECF No. 1123.

16       On May 31, 2012, this Court held that "the particular elements" of the 37 Java API

17  packages replicated by Google were not copyrightable.  ECF No. 1202 at 41.  The Court entered

18  Final Judgment in favor of Google on all aspects of Oracle's copyright claims, except as to the

19  rangeCheck method and the eight decompiled files, for which the Court entered final judgment

20  for Oracle and against Google in the amount of zero dollars per a prior stipulation entered into by

21  the parties.  ECF No. 1211.  The Court further entered Final Judgment for Oracle and against

22  Google as to Google's equitable defenses of waiver and implied license.  *Id.*  The Court did not

23  rule on Google's equitable defenses of equitable estoppel and laches due to mootness.  *Id.*

24       Oracle appealed this Court's Order regarding copyrightability and asked the Federal

25  Circuit to find, as a matter of law, that Google's infringement of Oracle's copyrights in that code

26  was not "fair use."  Google cross-appealed from the portion of this Court's final judgment in

27  Oracle's favor as to the rangeCheck method and the eight decompiled files.

28

JOINT STATUS REPORT
CV 10-03561 WHA

963929.01

On May 9, 2014, the Federal Circuit held that "the declaring code and the structure, sequence, and organization of the 37 Java API packages are entitled to copyright protection." *Oracle America, Inc. v. Google Inc.*, 750 F.3d 1339, 1348 (Fed. Cir. 2014).[1]  The Federal Circuit further held: "While Google is correct that the jury instructions and verdict form focused on the structure and organization of the packages, we agree with Oracle that there was no need for the jury to address copying of the declaring code because Google conceded that it copied it verbatim." *Id.* at 1351.  The court "reverse[d] the district court's copyrightability determination with instructions to reinstate the jury's infringement finding as to the 37 Java packages." *Id.*  The court further held that "[b]ecause there is an insufficient record as to the relevant fair use factors, we remand for further proceedings on Google's fair use defense." *Id.* at 1354.  With respect to Google's cross-appeal, the Federal Circuit affirmed this Court's judgment: (1) granting Oracle's motion for JMOL that Google infringed Oracle's copyright to the eight decompiled Java files; and (2) denying Google's motion for JMOL with respect to the rangeCheck method.  *Id.* at 1381.

Google then filed a Petition for Writ of Certiorari to the Supreme Court of the United States, requesting that the Supreme Court reverse the Federal Circuit's ruling with respect to the 37 Java API packages.  The Supreme Court denied the Petition on June 29, 2015.

### 3.  **Principal Issues In Dispute**

The parties agree the following are disputed issues to be decided at trial:

- Whether Google's use of Oracle's copyrighted material was "fair use";
- Whether Oracle is entitled to compensation for any proven copyright infringement, pursuant to 17 U.S.C. § 504 and, if so, the amount;
- Whether Oracle is entitled to injunctive and/or declaratory relief, and, if so, in what form; and
- Whether the prevailing party is entitled to reasonable attorneys' fees under 17 U.S.C. § 505.

The parties disagree as to whether willfulness or Google's equitable defenses remain to be

---

[1] The Federal Circuit defined "declaring code" as "the expression that identifies the prewritten function and is sometimes referred to as the 'declaration' or 'header.'"  *Id.* at 1349.

963929.01

1    tried.  Oracle contends that willfulness remains relevant to the case and must be tried, while

2    Google disagrees.  Google contends that its equitable defenses remain to be tried in the case,

3    while Oracle disagrees.  The parties request an opportunity to submit briefing to the Court

4    regarding their respective positions on these matters.

5          **4.  Motions**

6        Since this case has returned from the Federal Circuit and the Supreme Court, the parties

7    have filed the following motion:

8            •   **Oracle's Motion to File Supplemental Complaint.**  On July 22, 2015, pursuant

9              to this Court's Order Regarding Motion Practice, ECF No. 86, Oracle filed a

10              Précis Letter Requesting the Court's Approval to file a Motion for Leave to File a

11              Supplemental Complaint.  Also pursuant to ECF No. 86, Google intends to file its

12              Opposition to Oracle's Précis shortly.  Both Oracle's Précis and Google's

13              Opposition thereto will be before the Court for consideration by the date of the

14              Status Conference.

15          **5.  Supplementation or Amendment of Pleadings**

16        Oracle submits that, while Oracle does not seek at this time to *amend* the pleadings, it has,

17    as set forth above, requested leave to file a Supplemental Complaint taking into account events

18    that have occurred since the close of discovery before the first trial in this matter in April and

19    May of 2012.

20        Google submits that, if Oracle is allowed to file its Supplemental Complaint, Google may

21    seek to respond by motion to dismiss or other motions challenging the sufficiency of that pleading,

22    and Oracle may seek leave to amend its pleading in response.  The parties presently do not

23    anticipate that any additional parties will be joined.

24          **6.  Evidence Preservation**

25        Each party certifies that it has reviewed the Guidelines Relating to the Discovery of

26    Electronically Stored Information ("ESI Guidelines"), and confirms that the parties have met and

27    conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to

28

JOINT STATUS REPORT
CV 10-03561 WHA

963929.01

1   preserve evidence relevant to the issues reasonably evident in this action.  Each party represents

2   that, at the beginning of this case, it instituted reasonable document retention procedures so as to

3   maintain any relevant documents, electronic or otherwise, or any other relevant electronically

4   recorded material, until this dispute is resolved.  Each party further represents that it will take

5   additional measures at this time to make sure that its document retention procedures are up-to-

6   date and continue to cover the full scope of this case as it continues.

7         **7.  Disclosures**

8       Pursuant to Fed. R. Civ. P. 26(f), the parties have previously exchanged initial disclosures

9   in this matter.  However, because significant time has passed since the parties exchanged those

10   disclosures, and pursuant to Fed. R. Civ. P. 26(e), the parties have agreed to exchange disclosures

11   supplementing their initial disclosures on August 13, 2015.

12         **8.  Discovery**

13       The parties agreed to an e-discovery order on December 17, 2010.  As this case has

14   already proceeded to trial once, significant discovery has already been exchanged.  However, the

15   parties have been meeting-and-conferring regarding the subject of additional discovery and

16   generally agree that targeted additional discovery, including new and/or supplemental expert

17   reports, is warranted.  The parties each have set forth below a non-exhaustive list of additional

18   discovery that they believe is appropriate.  The parties will work together to seek to reach a

19   proposed discovery stipulation about the scope and nature of additional discovery (including

20   possible numerical limitations on written discovery and temporal limitations on the subject of the

21   additional discovery).

22       **Oracle's Statement**:  Oracle proposes the following additional discovery from Google:

23         •   Supplementation of Google's document production in response to Oracle's prior

24            Requests for Production of Documents that are relevant to the copyright claims,

25            defenses and remedies, as supplemented.

26         •   One set of additional Interrogatories on the copyright claims, defenses and

27            remedies, as supplemented.

28

JOINT STATUS REPORT
CV 10-03561 WHA

963929.01

1      • One set of additional Requests for Production of Documents relevant to the

2         copyright claims, defenses and remedies, as supplemented.

3      • One limited set of Requests for Admission directed to confirming that all newly-

4         released Android versions contain the infringing material in the form of 37 Java

5         API packages (if Google will stipulate, this will not be necessary).

6      • One 30(b)(6) deposition related to these same matters.

7      • Additional or supplemental expert reports as appropriate.

8      **Google's Statement**:  Google proposes the following additional discovery from Oracle:

9      • Supplementation of Oracle's document production in response to Google's prior

10        Requests for Production of Documents related to the pending claims, defenses, and

11        requests for relief or remedies.

12      • One limited set of additional Interrogatories related to the same topics, or other

13        narrowly targeted requests.

14      • One limited set of additional Requests for Production of Documents related to the

15        same topics, or other narrowly targeted requests.

16      • One limited set of Requests for Admission, as needed.

17      • One 30(b)(6) deposition related to the same topics.

18      • Exchange of additional or supplemental expert reports.

19      As described below in Section 18, the parties contemplate being able to complete this

20  discovery promptly, so that a trial on damages, fair use, and willfulness may occur within a

21  reasonable time frame.

22      **9.  Class Actions**

23      This is not a class action.

24      **10. Related Cases**

25      There are no related cases.

26      \\\

27      \\\

28

963929.01

1    **11. Relief**

2    **Oracle's Statement**:  Oracle seeks the following relief:

3    •   Judgment that Google infringes Oracle's copyrights.

4    •   An order enjoining Google from continued acts of infringement of the asserted

5        Oracle copyrights.

6    •   Monetary remedies due Oracle as a result of Google's continuing willful copyright

7        infringement, in an amount to be proven at trial.  Such monetary remedies will

8        include: (1) Oracle's actual damages resulting from Google's infringing activity,

9        including harm to Java, harm to Oracle's actual and potential business, and loss of

10       licensing revenues; and (2) Google's profits attributable to the infringement,

11       including all revenues derived directly or indirectly from the exploitation of all

12       products containing the infringing material.

13   •   Statutory damages.

14   •   Enhanced damages in view of Google's willful and deliberate infringement of the

15       copyrights at issue.

16   •   An order awarding Oracle its costs and fees under 17 U.S.C. § 505.

17   •   Judgment that Oracle is the prevailing party.

18   •   Judgment against Google on its affirmative defenses related to Oracle's claims for

19       copyright infringement.

20   •   Judgment dismissing Google's counterclaim of no copyright infringement with

21       prejudice.

22   **Google's Statement**:  Google seeks the following relief:

23   •   Judgment that Oracle's claims are barred by the doctrine of fair use;

24   •   A declaration that Oracle's claims are barred, in whole or in part, by equitable

25       estoppel and/or laches;

26   •   Judgment dismissing Oracle's claims against Google with prejudice;

27   •   Judgment that Google is the prevailing party; and

28

JOINT STATUS REPORT
CV 10-03561 WHA

963929.01

1    • Judgment that Google is entitled to attorney's fees and costs.

2        **12. Settlement and ADR**

3        The parties have participated in settlement talks before Magistrate Judge Paul S. Grewal.

4    On April 2, 2012, Judge Grewal concluded that "some cases just need to be tried," and that this is

5    one of those cases.  ECF No. 848.

6        That said, the parties again attempted mediation on February 5, 2013, while this case was

7    pending before the Federal Circuit.  That mediation occurred before James M. Amend, the

8    Federal Circuit's Chief Circuit Mediator.  It was not successful.

9        **13. Consent to Magistrate Judge For All Purposes**

10       The parties do not consent to a Magistrate Judge for all purposes.

11       **14. Other References**

12       The parties agree that this case is not suitable for reference to binding arbitration, a special

13   master, or the Judicial Panel on Multidistrict Litigation.

14       **Oracle's Statement**:  Oracle respectfully submits that the Court's Rule 706 Court

15   Appointed Expert Witness on monetary remedies is no longer warranted nor appropriate.  The

16   issues in this case have significantly narrowed, and complicated issues related to patent damages

17   are no longer part of this case.  The involvement of this expert at this time will complicate matters,

18   including procedural and scheduling matters.  *Cf. Armstrong v. Brown*, 768 F.3d 975, 987 (9th

19   Cir. 2012) (noting that Rule 706 experts typically "act[] as ... advisor[s] to the court on complex

20   scientific, medical, or technical matters").  Oracle respectfully submits that at this stage of the

21   proceedings, it would be better to allow the adversary process to do its work than to re-engage the

22   Rule 706 expert.  *See Wheeler v. Aliceson*, No 1:12-CV-00860-LJO, 2015 WL 3507369, at *27

23   (E.D. Cal. June 3, 2015) ("[A]ppointment of an independent expert under Rule 706 should be

24   reserved for exceptional cases in which the ordinary adversary process does not suffice.").

25       Finally, Oracle has concerns about potential conflicts of interest and an appearance of

26   impropriety.  Oracle understands that Dr. Kearl recently acted as an expert witness for Samsung

27   in *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 5:12-cv-00630-LHK (N.D. Cal.).  If Dr.

28

JOINT STATUS REPORT
CV 10-03561 WHA

963929.01

1    Kearl is to continue in the case, Oracle respectfully requests a complete disclosure of the facts

2    related to such work.  Oracle is concerned that this engagement would be a disabling conflict in

3    light of Samsung's connection to Google and Android.  *See* Fed. R. Civ. P. 53 (special masters

4    are governed by the disqualification rules set forth in 28 U.S.C. § 455); 28 U.S.C. § 455 (a judge

5    shall disqualify himself "in any proceeding in which his impartiality might reasonably be

6    questioned).

7         **Google's Statement**:  The Court should re-engage Dr. James Kearl as an independent

8    testifying expert under Federal Rule of Evidence 706.  The Court appointed Dr. Kearl "to aid the

9    jury in this complex technical action in light of the parties' vastly divergent views on damages."

10   ECF No. 610 at 6.  The Court explained that "the accused items are not entire products but rather

11   elements of products, whose roles and relative importance within the larger units are disputed,"

12   and that "[t]he damages question is further complicated by the fact that the parties employ

13   elaborate, nontraditional business models for distributing and monetizing the relevant products."

14   *Id.* at 2.  Dr. Kearl is as necessary now as he was when the Court originally appointed him.

15   Indeed, if anything, Dr. Kearl is now more important; the Court previously granted three separate

16   *Daubert* orders against Oracle's damages expert, and Oracle's damages request is likely to

17   increase significantly since the last trial.  The absence of any patent claims will not materially

18   simplify the amount of damages at issue or the complexity of the issues the jury will be asked to

19   resolve.  Dr. Kearl has already prepared one expert report and has been deposed by both parties.

20   Dr. Kearl, and his counsel, John Cooper, are familiar with the damages issues, and Dr. Kearl's

21   testimony will assist the jury in resolving the damages issues.

22         **15. <u>Narrowing of Issues</u>**

23         **Oracle's Statement:**  The issues for the new trial will be significantly narrowed if the

24   parties agree to summaries or stipulated facts setting forth the rulings of the Federal Circuit in this

25   matter.  As to the declaring code and structure, sequence, and organization, the Federal Circuit

26   held that it is "undisputed' and "conceded" that Google copied the declaring code and the

27   structure, sequence, and organization of 37 Java API packages, and that those Java elements are

28

1    entitled to copyright protection.  *Oracle Am.*, 750 F.3d at 1351, 1353, 1356, 1359, 1365.  The

2    Federal Circuit also found that Google "concedes" and thus it is "undisputed" that the declaring

3    code and the structure, sequence, and organization of the API packages are "both creative and

4    original."  *Id.* at 1356, 1365.  The Federal Circuit concluded that "Google concedes" and thus it

5    "undisputed" that "Android is not generally compatible" and "certainly not [compatible] with the

6    JVM [Java virtual machine]."  *Id.* at 1351, 1371.  And, the Federal Circuit found it "undisputed

7    that Google's use of the API packages is commercial," as relevant to factor one of the fair use

8    inquiry.  *Id.* at 1376.  As to the eight decompiled files and rangeCheck, it is now the law of the

9    case that Google has committed copyright infringement with respect to the eight decompiled Java

10   files and the rangeCheck method.

11          Additional issues for the new trial can also be significantly narrowed by agreement.  For

12   example, the new trial will be expedited if the parties can agree that the versions of Android that

13   have been released since previous expert reports in this matter, including new flavors

14   Gingerbread, Honeycomb, Ice Cream Sandwich, Jelly Bean, KitKat, and Lollipop, are the same

15   as prior versions Cupcake and Froyo for purposes of the copyright infringement analysis relevant

16   here.

17          **Google's Statement**:  Google disagrees with the alleged "facts" that Oracle posits above,

18   but states that it will work with Oracle to reach a stipulation, where appropriate, of undisputed

19   facts.

20          **Joint Statement**:  The parties agree that bifurcation of the trial is inappropriate at this

21   stage of the case.

22                **16. Expedited Trial Procedure**

23          The parties do not believe this case is appropriate for an expedited schedule.

24

25   \\\

26   \\\

27   \\\

28

JOINT STATUS REPORT
CV 10-03561 WHA

963929.01

### 17. <u>Scheduling</u>

The parties propose the following alternative schedules:

| Deadline | Oracle's Proposed Date | Google's Proposed Date |
|---|---|---|
| Deadline for the parties to submit new and updated discovery requests | Friday, August 14, 2015 | Tuesday, August 18, 2015 |
| Non-expert discovery cut-off | Friday, December 4, 2015 | Tuesday, December 15, 2015 |
| Deadline for opening expert reports | Tuesday, December 8, 20155 | Tuesday, December 22, 2015 |
| Deadline for opposition expert reports | Thursday, January 7, 2016 | Tuesday, February 2, 2016 |
| Expert discovery cut-off | Thursday, January 21, 2016 | Tuesday, February 16, 2016 |
| Deadline for filing Motions for Summary Judgment and *Daubert* Motions | Thursday, January 28, 2016 | Tuesday, February 23, 2016 |
| Deadline for Oppositions to Motions | Thursday, February 11, 2016 | Tuesday, March 8, 2016 |
| Deadline for Replies to Motions | Thursday, February 18, 2016 | Tuesday, March 15, 2016 |
| Hearing on Motions for Summary Judgment and *Daubert* Motions | Thursday, March 3, 2016 | Tuesday, April 12, 2016 |
| Final Pretrial Conference | March 17, 2016 | Tuesday, May 10, 2016 |
| Jury Trial begins | April 4, 2016 | May or June 2016 |

Oracle objects to a May or June trial date because Oracle's fiscal year ends on May 31, and during the months of May and June Oracle is occupied with activities associated with its year-end close and compliance with post-year-end financial reporting obligations.  Many of Oracle's key trial witnesses are involved in the fiscal year-end activities in May and June, which makes those months particularly difficult for a trial.

### 18. <u>Trial</u>

The parties agree that there should be a single jury trial on all remaining issues (though as noted above, they disagree as to what the remaining issues are), and estimate that such trial will last 10 trial days.

- 12 -

963929.01

1    The parties disagree as to which of them should go first in the trial.

2    **Google submits that**, because the remaining liability issues to be tried consist only of

3    Google's defenses on which it bears the burden of proof, Google should present first at trial as the

4    party bearing that burden of proof.  *See, e.g.*, *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d

5    1339, 1344 (8th Cir. 1996) ("Ordinarily, the trial court extends the privilege of opening and

6    closing the case to the party that has the burden of proof."); *see also Plumtree Software, Inc. v.*

7    *Datamize, LLC*, No. C 02-5693 VRW, 2003 WL 25841157, at *4 (N.D. Cal. Oct. 6, 2003) (re-

8    aligning the parties where defendant bore the burden of proof on the primary issues in the case

9    and therefore was properly considered "the natural plaintiff.").

10    **Oracle submits that**, because Oracle is the plaintiff in this matter and because Oracle

11    continues to bear the burden of proof with regard to both willfulness and damages, Oracle should

12    present first at trial.  *See Anheuser-Busch*, 89 F.3d at 1344 (finding that a district court did not

13    abuse its discretion by denying a motion to set the order of proof and realign the parties where

14    each party bore the burden of proof on different issues, and reasoning that the "District Court

15    understandably chose to allow the actual plaintiff, the party that filed the lawsuit, to proceed

16    first").  This case is unlike *Plumtree*, in which the court realigned the parties so that the party

17    asserting patent infringement would be the plaintiff.  Here, Oracle is the party asserting copyright

18    infringement and willfulness and requesting monetary remedies.  Google bears the burden of

19    proof only with regard to its argument that its use of Oracle's copyrighted materials was fair use.

20    *See Plumtree*, 2003 WL 25841157, at *5 ("[I]t is simply more logical to present the affirmative

21    case for infringement first, rather than presenting the case for noninfringement first.  To require

22    [the patent owner] to present second might invite juror confusion . . . .").

23    ### 19. **Disclosure of Non-party Interested Entities or Persons**

24    Each party has filed its Certification of Interested Entities or Persons.  *See, e.g.* ECF Nos.

25    4, 16, & 28.

26    ### 20. **Professional Conduct.**

27    All attorneys of record for the parties have reviewed the Guidelines for Professional

28

1  Conduct for the Northern District of California.

2        **21. <u>Miscellaneous Issues</u>**

3      The parties have no miscellaneous issues to raise at this time.

4

5  Dated:  July 23, 2015               KAREN G. JOHNSON-MCKEWAN
                                ANNETTE L. HURST

6                                    GABRIEL M. RAMSEY
                                  PETER A. BICKS

7                                    LISA T. SIMPSON
                                  Orrick, Herrington & Sutcliffe LLP

8

9                                 By:  *<u>/s/ Annette L. Hurst</u>*

10                                      ANNETTE L. HURST
                                      Attorneys for Plaintiff

11                                      ORACLE AMERICA, INC.

12  Dated:  July 23, 2015               KEKER & VAN NEST LLP

13                                 /s/ Robert A. Van Nest
                         By:     ROBERT A. VAN NEST

14

15                                      Attorneys for Defendant
                                    GOOGLE INC.

16

17                     **ATTESTATION OF CONCURRENCE**

18      I, Annette L. Hurst, the ECF User whose ID and password are being used to file this

19  JOINT STATUS REPORT, hereby attest that Robert A. Van Nest has concurred in this filing.

20

21  Date: June 23, 2015                     *<u>/s/ Annette L. Hurst</u>*

22

23

24

25

26

27

28

                                      JOINT STATUS REPORT
                                      CV 10-03561 WHA

963929.01