# KEKER & VAN NEST LLP

**Robert A. Van Nest**
(415) 391-5400
rvannest@kvn.com

July 24, 2015

Hon. William Alsup
United States District Court, Northern District of California
Courtroom 8 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Oracle America, Inc. v. Google, Inc.*
      Case No. 3:10-cv-03561 WHA (N.D. Cal.)
      Response to Oracle's proposed Motion for Leave to File a Supplemental Complaint

Dear Judge Alsup:

   Google submits this letter in response to Oracle's July 22, 2015 letter (ECF No. 1271) seeking Court approval to file a Motion for Leave to File a Supplemental Complaint.  As Google previously informed Oracle, Google does not oppose Oracle filing a supplemental complaint, provided that the supplemental complaint is limited to "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented," as required by Federal Rule of Civil Procedure 15(d).  As explained below, the current version of Oracle's proposed supplemental complaint includes allegations that violate the Rule 15(d) standard, and Google has objected only to those paragraphs in its discussions with Oracle.

   Oracle's July 22 letter ignores the substance of Google's limited and narrow objection, and instead argues issues that are not in dispute.  To be clear, Google has no opposition in principle to Oracle filing a supplemental complaint regarding events that *post-date* Oracle's previous complaint (ECF No. 36, filed October 27, 2010), nor does Google argue that it would be prejudiced by the filing of a proper supplemental complaint, that Oracle should pursue related claims in a new proceeding, that Oracle has unduly delayed in seeking to file a supplemental

964081.01

complaint, or that a supplemental complaint would be futile.  *See* ECF No. 1271 at 2-3.

Rather, Google objects only to Oracle's attempt to include in its supplemental complaint new allegations that *pre-date* the operative complaint.  Specifically, as Google has previously informed Oracle, Google objects to the following portions of Oracle's proposed supplemental complaint, all of which address alleged "facts" or claims that existed long before Oracle filed its Amended Complaint in October 2010:

- *Paragraph 1*:  Allegations in this paragraph describe the alleged history and purpose of the Java Platform developed by Sun Microsystems in the 1990's.

- *Paragraph 2*:  Allegations in this paragraph describe Sun/Oracle's alleged historical licensing practices and compatibility requirements.

- *Paragraph 3*:  Allegations in this paragraph describes Google's alleged motivations for developing a mobile platform in the mid-2000's.

- *Paragraph 4*:  Allegations in this paragraph describe Google's alleged motivations in developing Android.

- *Paragraph 5*:  Allegations in this paragraph describe the commercial release of Android in 2008 and alleged comments made by Google executives in July 2010.

- *Paragraph 18*:  Allegations in this paragraph describe alleged potential challenges that Google faced in developing and distributing Android, and how Google allegedly responded to those challenges.

- *Paragraphs 29-30*:  Allegations in these paragraphs describe the alleged lack of compatibility between the Android and Java problems.

- *Paragraph 31-32*:  Allegations in these paragraphs describe Google's alleged motivations for making Android incompatible with Java, alleged harm to Java as a result, and alleged historical licensing negotiations between Google and Sun/Oracle.

- *Prayer for Relief, Paragraph C*:  In this paragraph, Oracle purports to seek Google's profits attributable to the alleged infringement.

These new allegations are improper material for a supplemental complaint.  Rule 15(d) allows a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that *happened after the date of the pleading to be supplemented*."  (Emphasis added).  The

964081.01

Hon. William Alsup
July 24, 2015
Page 3

Rule "provides a mechanism for parties to file additional causes of action based on *facts that didn't exist when the original complaint was filed*." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) (emphasis added). It does not allow Oracle to sweep in additional "factual" allegations or legal theories that it could have plead almost five years ago. *See id.* at 874-75; *Burnett v. Dugan*, No. 08-CV-1324-L (WVG), 2011 WL 1002171, at *4 (S.D. Cal. Feb. 23, 2011) ("Because the facts and parties Plaintiff seeks to supplement are all related to events that transpired *before* Plaintiff filed his Second Amended Complaint, he cannot *supplement* the SAC.") (emphasis in original).

In *Eid*, the Ninth Circuit addressed a similar argument and denied leave to supplement where the proposed supplementation arose from "conduct which happened nearly a year *before* [plaintiffs] filed their first complaint." *Eid*, 621 F.3d at 874 (emphasis in original). The court held that claims based on facts that pre-dated the operative complaint "could not . . . be brought as supplemental pleadings under Rule 15(d)," and that "the only available mechanism for adding these claims was an amended complaint pursuant to Rule 15(a)." *Id.*; *see also Zamora v. City of Houston*, No. CIV.A. 4:07-4510, 2011 WL 6016819, at *3 (S.D. Tex. Dec. 2, 2011) (holding that "newly pleaded allegations that occurred before [the operative complaint], are improper in a supplemental pleading and will not be permitted"). The same rule applies here. If Oracle insists on adding facts or claims that pre-date the operative complaint, it should do so by way of an amended complaint under Rule 15(a), not a supplemental complaint under Rule 15(d).[1] *See Eid*, 621 F.3d at 874; *see also Burnett*, 2011 WL 1002171 at *4 (construing motion to supplement as a motion for leave to amend where the facts to be added pre-dated the operative complaint).

Respectfully submitted,

*/s/ Robert A. Van Nest*

---

[1] Google reserves the right to object to or challenge an amended complaint, as appropriate.

964081.01