| | |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP<br>KAREN G. JOHNSON-MCKEWAN (SBN 121570)<br>kjohnson-mckewan@orrick.com<br>ANNETTE L. HURST (SBN 148738)<br>ahurst@orrick.com<br>GABRIEL M. RAMSEY (SBN 209218)<br>gramsey@orrick.com<br>405 Howard Street, San Francisco, CA 94105<br>Tel: 1.415.773.5700 / Fax: 1.415.773.5759<br>PETER A. BICKS (*pro hac vice*)<br>pbicks@orrick.com<br>LISA T. SIMPSON *pro hac vice*)<br>lsimpson@orrick.com<br>51 West 52nd Street, New York, NY 10019<br>Tel: 1.212.506.5000 / Fax: 1.212.506.5151<br><br>BOIES, SCHILLER & FLEXNER LLP<br>DAVID BOIES (*pro hac vice*)<br>dboies@bsfllp.com<br>333 Main Street, Armonk, NY 10504<br>Tel: 1.914.749.8200 / Fax: 1.914.749.8300<br>STEVEN C. HOLTZMAN (SBN 144177)<br>sholtzman@bsfllp.com<br>1999 Harrison St., Ste. 900, Oakland, CA 94612<br>Tel: 1.510.874.1000 / Fax: 1.510.874.1460<br><br>ORACLE CORPORATION<br>DORIAN DALEY (SBN 129049)<br>dorian.daley@oracle.com<br>DEBORAH K. MILLER (SBN 95527)<br>deborah.miller@oracle.com<br>MATTHEW M. SARBORARIA (SBN 211600)<br>matthew.sarboraria@oracle.com<br>RUCHIKA AGRAWAL (SBN 246058)<br>ruchika.agrawal@oracle.com<br>500 Oracle Parkway,<br>Redwood City, CA 94065<br>Tel: 650.506.5200 / Fax: 650.506.7117<br><br>*Attorneys for Plaintiff*<br>ORACLE AMERICA, INC. | KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST (SBN 84065)<br>rvannest@kvn.com<br>CHRISTA M. ANDERSON (SBN 184325)<br>canderson@kvn.com<br>DANIEL PURCELL (SBN 191424)<br>dpurcell@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:    415 397 7188<br><br>KING & SPALDING  LLP<br>BRUCE W. BABER (*pro hac vice*)<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212.556.2100<br>Fax: 212.556.2222<br><br>*Attorneys for Defendant*<br>GOOGLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>          Plaintiff,<br>     v.<br><br>GOOGLE INC.,<br><br>          Defendant. | Case No. CV 10-03561 WHA<br><br>**SUPPLEMENTAL JOINT STATEMENT PER ECF NO. 1274**<br><br>Date: July 30, 2015<br>Time: 11:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

## I. ORACLE'S STATEMENT

The Federal Circuit held that Google "copied" the "declaring code and … structure, sequence, and organization of Oracle's 37 Java API packages," both of which "are entitled to copyright protection." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1348, 1353 (2014).[1] A new jury trial should determine (1) whether Google's ongoing copying of the 37 Java API packages and the SSO thereof is fair use, (2) whether Google's infringement is willful, and (3) the amount of monetary relief to which Oracle is entitled.

**WILLFULNESS:** Willfulness remains relevant and must be tried to the jury for at least the following reasons. *First*, a finding of willfulness affects the calculation of Google's profits attributable to the infringement. *See* 9th Cir. Model Jury Instrs. (Civil), Cmt. to Instr. 17.27 ("[A] finding of willfulness can also be made in connection with an assessment of defendant's profits, even though reference to willful infringement is made only in connection with statutory damages."). While the exact scope of willful-infringer-deterrent in the form of limitations on overhead expense deductions is subject to ongoing debate, *see* 6 Patry on Copyright § 22:143 (arguing that disallowing deductions provides greater "disincentive" and "warning" to willful infringers), there is no question that willfulness limits at least some overhead expense deductions in the infringer's profits calculation and thus must be tried to the jury. *See, e.g.*, *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487-88 (9th Cir. 2000); *Frank Music Corp. v. MGM, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985); *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992); *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 107 (2d Cir. 1999); 5 Nimmer on Copyright § 14.03[C][2] & [3] (2015).[2]

*Second*, a determination of willfulness strongly supports entry of a permanent injunction. *See, e.g.*, *Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 829 (9th Cir. 1997); *Microsoft Corp. v. E & M Internet Bookstore, Inc.*, No. C 06-06707 WHA, 2008 WL 191346, at *3 (N.D.

---

[1] The Federal Circuit rejected Google's argument, *infra*, that only SSO is at issue. *Id.* at 1359.
[2] Indeed, willfulness has long been taken into account in calculating an infringer's profits, and that principle certainly pre-dates the Copyright Act of 1976. *See, e.g.*, *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45 (2d Cir. 1939) (copyright), *aff'd*, 309 U.S. 390; *Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99 (2d Cir. 1951) (copyright); *Stromberg Motor Devices Co. v. Detroit Trust Co.*, 44 F.2d 958 (7th Cir. 1930) (patent); *Larson Co. v. Wrigley, Co.*, 277 U.S. 97 (1928) (trademark). There is nothing in Section 504 to indicate that Congress intended to disturb this longstanding approach. The decision in *Oracle Int'l Corp. v. SAP AG*, No. C 07-1658 PJH, 2012 WL 11883865 (N.D. Cal. May 29, 2012), does not address this issue.

Cal. Jan. 22, 2008) (Alsup, J.) ("Given the willful nature of defendants' infringement, a permanent injunction is an appropriate remedy here."). *Third*, willfulness is "an important factor favoring an award of [attorneys'] fees." *Historical Research v. Cabral*, 80 F. 3d 377, 379 (9th Cir. 1996) (citation omitted); *see also* 5 Nimmer on Copyright § 14.10[D][2][a] & n.151 (2015). *Fourth*, Google argues that laches remains in the case; willfulness defeats that defense. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956-57 (9th Cir. 2001).

Google argues that willfulness is not relevant to this case because Oracle is not likely to pursue statutory damages. What damages Oracle is *likely* to pursue is not the relevant question. Oracle retains the right to elect statutory damages at any time prior to final judgment. 17 U.S.C. § 504(c)(1); *see, e.g.*, *L.A. News Serv. v. Reuters TV Int'l, Ltd.*, 149 F.3d 987, 995 & n.8 (9th Cir. 1998); Nimmer on Copyright § 14.04[A] & n.13 (2015). For that reason as well, willfulness remains at issue in this case. Indeed, even Google has consistently acknowledged that willfulness is an issue that must be tried to the jury. *See, e.g.*, ECF No. 628 (Google arguing in November 2011 that willfulness should be tried with damages); Trial Tr. 1367:7-1368:2 (discussing that Google will not, and did not, raise an advice-of-counsel defense with regard to willfulness).

Moreover, whether or not the issue of willfulness is a question on the verdict form, the facts demonstrating Google's willful infringement of Oracle's copyrights will be presented to the jury. The bad faith character of Google's use counts against Google in the fair use analysis. *E.g. Harper & Row Publ'rs v. Nation Enters.*, 471 U.S. 539, 562 (1985)); *Los Angeles News Serv. v. KCAL-TV Channel 9*, 108 F.3d 1119, 1122 (9th Cir. 1997); *see also* 9th Cir. Model Jury Instrs. (Civil), Cmt. to Instr. 17.18. Accordingly, as part of Oracle's fair use presentation, Oracle will introduce much of the same evidence that proves willfulness, including evidence showing that:

- Google knew that Sun claimed copyright in the materials at issue. *See, e.g.*, TX 18.
- Google knew throughout that it needed a license to use the copyrighted materials. *See, e.g.*, TX 1, TX 7, TX 10, TX 12, TX 17, TX 230, TX 405.
- Google knew that it would make "enemies" when it chose to use the copyrighted materials without permission. *See, e.g.*, TX 7, TX 207.
- Google knew that fragmenting Java would harm Sun (now Oracle), and chose to do it anyway. *See, e.g.*, TX 7, 21, 125, 158.
- Google chose to use—and to continue using—the copyrighted materials without permission because the alternatives "suck[ed]." *See, e.g.*, TX 10.
- Google attempted to conceal its use of the copyrighted materials for as long as possible. *See, e.g.*, TX 26, TX 29, TX 233, TX 1029.

Indeed, the Court has already acknowledged this overlap in evidence during the previous copyright infringement trial, suggesting that the parties include the issue of willfulness on the copyright liability jury verdict form in Phase 1.  Trial Tr. 1367:10-1368:2 ("[T]he jury is hearing all these documents about we need a license and so forth, [and] it does go to willfulness").  Since Oracle will present bad faith as part of its case on fair use, practical consideratons of judicial efficiency confirm that willfulness should be tried before the jury along with fair use.

Finally, Google's argument that it is essentially now entitled to summary judgment on willfulness because this Court once ruled in its favor on copyrightability must also be rejected.  To the extent, if any, that a belief in uncopyrightability can ever present a defense to willfulness (*but cf. Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928 (2015)), here the consistent evidence that Google believed it needed a license, combined with Google's failure to present any advice-of-counsel defense, vitiates any defense based on Google's post-hoc rationalization that the works at issue in this case might have reasonably been considered uncopyrightable.  *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 (9th Cir. 1990) ("To refute evidence of willfull infringement, [a defendant] must …establish its good faith belief in the innocence of its conduct ...."); *cf. Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 279 (6th Cir. 2009) ("[W]e have allowed a good-faith belief in fair use to negate willfulness *only if* a defendant has taken reasonable steps to assure fair use before infringement, not as a post-hoc rationalization concocted to skirt liability.") (emphasis added) (internal quotation omitted).

**EQUITABLE ESTOPPEL:**  To the extent Google insists on pursuing its equitable defenses despite the jury's advisory verdict against it, despite this Court's adverse findings on its other equitable defenses, and despite recent cases that have only further weakened Google's equitable defenses, at most these defenses are ripe for this Court's decision (after any additional briefing the Court may request).  But, in no circumstance, do Google's equitable defenses "remain to be tried in the case."  ECF No. 1273 at 5.

In its Findings Of Facts And Conclusions Of Law On Equitable Defenses, this Court rejected Google's defenses of implied license and waiver on the merits.  ECF No. 1203 at 1-2. Because of the copyrightability decision, this Court also "denied as moot" "Google's defenses of

equitable estoppel and laches." *Id.* at 3. Contrary to Google's position, however, these issues do *not* "remain to be tried." ECF No. 1273 at 5. As this Court stated: "In the event of remand, … th[e]se issues will likely be decided based on the existing trial record." ECF No. 1203 at 3. Equitable estoppel and laches have already been tried and fully litigated in this case, ECF Nos. 1047, 1049, 1079, 1081, 1089 (jury verdict). Google's resort, *infra,* to potential overlap between fair use and its equitable defenses is irrelevant.

Indeed, it would be improper for Google to again present its estoppel defense to the jury. Equitable estoppel requires that the defendant "detrimentally relies" on "intentionally misleading representations" by the copyright owner. *See Petrella v. MGM, Inc.*, 134 S. Ct. 1962, 1977 (2014). The previous jury **already expressly rejected** any reliance by Google, ECF No. 1089 at 3, and asking a second jury to consider the issue again would violate the Seventh Amendment's re-examination clause. U.S. Const., Am. VII; *L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (reversing district court for failing, on remand, to abide by the jury's factual findings from the first trial); *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) (issuing writ of mandamus to prevent multiple juries from reexamining the same issue).

Google's equitable defenses are weaker now than they were before. This Court's rejection of Google's other equitable defenses undermines estoppel and laches. Those defenses also relied heavily on a blog post by Sun's then-CEO and other statements by Sun executives prior to Oracle's acquisition of Sun. ECF No. 1203 at 2-3. But as this Court found: "The parties negotiated for a real license but the talks collapsed and no license was given. It would be most bizarre to somehow find an implied license in this scenario." *Id.* at 2. In fact, "Google concedes Oracle continued and continues to assert its rights to … aspects of the platform such as the … code." *Id.* at 3. Given those findings, there can be no equitable estoppel.

Finally, the Supreme Court has recently clarified in another context that Google must meet an "exacting" standard to prove equitable estoppel. *Petrella*, 134 S. Ct. at 1976. Google must show that the copyright holder "engage[d] in intentionally misleading representations" upon which Google "detrimentally relie[d]." *Id.* at 1977; *accord Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960) (identifying requirements for equitable estoppel). The

Schwartz blog post could never meet this standard.  And the prior jury, instructed under a lower standard, rendered an advisory verdict that remains in effect and rejected Google's equitable estoppel defense because Google did not demonstrate "reasonable reli[ance]."  ECF No. 1089 at 3; *see Hampton*, 279 F.2d at 105 (rejecting equitable estoppel where defendant did not prove reliance on copyright owner's representations).  This Court should do so as well.

**LACHES:**  Google's laches defense was also already fully litigated and need not be relitigated now.  Aside from perhaps some short supplemental briefs updating the case law, the issue is fully briefed and ready for this Court's decision.

Recent developments have rendered laches all but a dead letter in this case.  *Petrella*, 134 S. Ct. at 1972.  In *Petrella*, the plaintiff waited over 27 years to bring a copyright suit against the studio that produced the movie *Raging Bull*.  *Id.* at 1970-71.  The district court and Ninth Circuit held that laches precluded the suit, but the Supreme Court reversed.  *Id.* at 1971-72.  "To the extent that an infringement suit seeks relief solely for conduct occurring within the limitations period, … courts are not at liberty to jettison Congress' judgment on the timeliness of suit."  *Id.* at 1967.  "Laches … cannot be invoked to preclude adjudication of a claim for damages brought within the three-year [limitations] window."  *Id.*  Even "[a]s to equitable relief," only in the most "extraordinary circumstances" may "laches … bar at the very threshold the particular relief requested by the plaintiff."  *Id.* at 1977; *cf. id.* at 1978 (discussing "extraordinary circumstances").

Accordingly, under *Petrella*, Google's laches defense is irrelevant to Oracle's request for monetary remedies because Oracle seeks damages for infringement within the statute of limitations period.[3]  As to Oracle's claim for an injunction, Google cannot meet its high burden because Oracle sued within two years of the infringing Android code's release. This Court found:  "Oracle continued and continues to assert its rights to … aspects of the platform such as the … code."  ECF No. 1203 at 3.  Further, like *Petrella*, "extraordinary circumstances" are "not present."  *Id.* at 1978.  Finally, laches is not available where Google knowingly chose to "[d]o Java anyway and defend our decision, perhaps making enemies along the way."  TX 7; *Danjaq*, 263 F.3d at 956-57.

---

[3] Statutory disgorgement of profits in copyright is a legal remedy, not an equitable one.  *Sid & Marty Krofft Tel. Prods.., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1175 (9th Cir. 1977).

II. **GOOGLE'S STATEMENT**

    A. **Because Oracle's patent claims have been dismissed and Oracle is not seeking statutory damages, willfulness is no longer an issue for the jury to decide.**

Willfulness is irrelevant to Oracle's copyright damages case.  Unlike patent law, copyright law provides for actual and statutory damages, and willfulness is relevant **_only_** as a potential enhancement to a **_statutory damages award_** under 17 U.S.C. § 504**_(c)_**.  Willfulness cannot be used to increase the amount of actual damages or profits attributable to the infringement under Section 504**_(b)_** of the Copyright Act.  See *ZZ Top v. Chrysler Corp.*, 70 F. Supp. 2d 1167, 1168 (W.D. Wash. 1999) ("Section 504(b), in contrast [to Section 504(c)], makes no distinction between willful and innocent infringers."); *Oracle Int'l Corp. v. SAP AG*, No. C 07-1658 PJH, 2012 WL 11883865, at *1 (N.D.Cal. May 29, 2012) (same).  Thus, willfulness is irrelevant here because Oracle cannot in good faith claim that it would opt for nominal statutory damages over its massive actual damages claims in this case; it did not do so in the last trial, and would not do so here either, as evidenced by the fact that the proposed supplemental complaint it provided to Google does not request statutory damages.  As this Court is aware, Oracle's damages expert previously opined that Oracle is entitled to approximately one billion dollars in total copyright damages—actual damages and disgorgement of Google's profits—for copyright infringement through 2011.  ECF No. 785 at 2.  Oracle likely will seek to increase that demand given that three years have passed since the last trial, and because it now seeks to supplement its complaint to accuse new versions of Android and new Android-related products.  *See* ECF No. 1271.

Given Oracle's astronomical damages demand, it is simply implausible that Oracle will seek statutory damages, which would allow it to recover, at most, $150,000 for each of the two copyrighted versions of the Java platform at issue in this case.  *See* 17 U.S.C. § 504(c).  Oracle should not be permitted to waste judicial and party resources by injecting willfulness into the trial based on the fiction that, at some point prior to final judgment, it may decide to discard its entire damages theory and seek a fraction of the amount that it claims in actual damages by way of statutory damages.  If Oracle claims to have any actual intention of electing statutory damages as its remedy, Google requests that the Court set a deadline for Oracle to do so.

Oracle incorrectly argues that willfulness is relevant to its actual damages because, according to Oracle, a "willful" infringer cannot deduct overhead expenses from the calculation of disgorged profits under 17 U.S.C. § 504(b). But Judge Hamilton recently rejected this exact argument in a different copyright case brought by Oracle. *SAP*, 2012 WL 11883865 at *1-2. Judge Hamilton analyzed the language of the Copyright Act and the same authorities cited by Oracle here and found "no support" for Oracle's position. *Id.* at *2. As Judge Hamilton correctly held with respect to actual (not statutory) damages, "Section 504(b) makes no distinction between willful and innocent infringers." *Id.* at *2-*3; *see also id.* at *2 ("The language of § 504(c) shows that where Congress intended to punish willful infringement by authorizing different remedies dependent on the defendant's culpability, it clearly knew how to do so."). Judge Hamilton likewise found that the comments in the Ninth Circuit's Model Jury Instruction relied on by Oracle are not authoritative and that the case law cited in those comments did not support the proposition that a willful infringer may not deduct overhead expenses. *Id.* at *2-*3 (citing *Kamar Int'l v. Russ Berrie and Co.*, 752 F.2d 1326, 1331 (9th Cir. 1984)).[4] Judge Hamilton's conclusion is consistent with and supported by the *ZZ Top* case, in which the Western District of Washington held that "neither the language of the statute, its legislative intent, nor the relevant case law requires or justifies prohibiting defendant from putting on evidence regarding its overhead costs." 70 F. Supp. 2d at 1169. Willfulness is therefore irrelevant. *See id.*

Oracle also incorrectly argues that willfulness is relevant because Oracle may seek attorneys' fees or an injunction if it prevails at trial. That is not the law. A party's right to an injunction or attorneys' fees is a matter for the Court, not the jury, to decide.[5] Even if Oracle

---

[4] On appeal, the Ninth Circuit confirmed that the language relied on by Oracle in *SAP* and again here is dicta. *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1096 (9th Cir. 2014) ("Oracle relies heavily on dicta in [*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505 (1985)]."). Similarly, the cited language in *Three Boys Music Corp. v. Bolton*, is dicta because that case did not involve a finding of willful infringement. 212 F.3d 477, 488 (2000).

[5] Moreover, if Oracle desires to introduce evidence of willfulness to support a request for an injunction or fees following the trial, it should attempt to do so in any post-verdict proceedings, as it proposed before the first trial. *See* Dec. 21, 2011 Hrg. Tr. at 147:19-149:1 ("We would propose that there be an injunction phase to this trial post-verdict . . . [and that] we be allowed to put in our evidence, additional evidence, of harm of the proposed injunction, why the proposed injunction is reasonable, and not actually do that in front of the jury, as this is not a jury issue. . . . THE COURT: Well, also, willfulness. MR. JACOBS: Exactly.").

were correct that willfulness is a factor that the Court may consider in deciding whether to issue an injunction or award attorney's fees, that alone would not permit (let alone require) the jury to render a verdict on willfulness. Relatedly, as Oracle concedes, the jury will not be asked on the verdict form to make a determination of willfulness in deciding Google's fair use defense. Oracle's vague suggestion that evidence of willfulness is synonymous with "bad faith" and that "bad faith" weighs against fair use misses the point. The Court will decide what evidence is relevant to fair use. If the Court determines that Oracle's evidence of alleged bad faith is relevant and admissible, it may be admitted at trial, but that is no reason to keep "willfulness" in the case.[6]

Furthermore, even if willfulness were relevant to any jury issue in this case—and it is not for the reasons set out above—Oracle's argument should be summarily rejected in light of this Court's prior order finding that the SSO is not copyrightable. As a matter of law, Google cannot be found to have recklessly disregarded an objectively high likelihood that its use of the SSO constituted copyright infringement when this Court found that the SSO was not protectable in the first place. *Cf. In re Seagate Tech., LLC*, 497 F.3d 1360, 1370-71 (2007).

**B.   The evidence supporting Google's laches and equitable estoppel defenses overlaps significantly with its fair use defense, and the Court should resolve those defenses, if necessary, after a retrial on fair use.**

There is no legitimate dispute that Google's defenses of equitable estoppel and laches remain at issue in this case. Following the original trial in this case, the Court resolved two of Google's four equitable defenses, but "le[ft] open the defenses of laches and equitable estoppel," stating that "[t]here remains a possibility that these two equitable defenses can be revived on remand." ECF No. 1203 at 1, 3. Thus, the only dispute between the parties on this issue is whether the Court should resolve these defenses now, on a cold record, or after a jury trial on Google's fair use defense. Because fair use is itself equitable in nature, *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1522 (9th Cir. 1992), and the evidence supporting Google's equitable estoppel and laches defenses overlaps significantly with evidence relating to the four

---

[6] Most of the evidence of "bad faith" cited by Oracle has nothing to do with the SSO or fair use. Oracle cites to Google emails discussing the possibility of Google taking a license to "the entire Java platform," not the SSO specifically. ECF No. 1202 at 6. Those and related emails or other documents in no way demonstrate bad faith or inequitable conduct by Google.

fair use factors, the Court should resolve these defenses after the retrial on fair use.

To prevail on its equitable estoppel defense, Google must show that (1) Sun and/or Oracle knew of the infringement; (2) Sun and/or Oracle intended that its conduct or communications be acted on, or conducted itself in a way that Google had a right to believe that Sun and/or Oracle intended that its conduct or communications be acted on, (3) Google was ignorant of the true facts; and (4) Google relied on Sun and/or Oracle's conduct or communication to Google's injury or material harm.[7] *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960). And to prevail on its laches defense, Google must show that (1) Sun and/or Oracle delayed in filing a lawsuit concerning the 37 Java API packages for an unreasonably long and inexcusable period of time; and (2) Google has been or will be prejudiced due to Sun and/or Oracle's delay. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001). The evidence in support of these defenses overlaps significantly with the evidence supporting Google's fair use defense.

For example, evidence that Sun repeatedly encouraged Google and the rest of the world to adopt and use the Java language and its associated APIs is relevant to several prongs of Google's equitable estoppel defense ***and*** to the "purpose and character" of Google's use of the APIs and the nature of the copyrighted work, which are two of four non-exhaustive factors relevant to fair use under 17 U.S.C. § 107. *See also Wall Data, Inc. v. L.A. Cnty. Sheriff's Dept.*, 447 F.3d 769, 778 (9th Cir. 2006) ("As we balance these factors, we bear in mind that fair use is appropriate where a reasonable copyright owner would have consented to the use, *i.e.*, where the custom or public policy at the time would have defined the use as reasonable."). Evidence that Sun and Google negotiated for years over a potential joint development effort for a new mobile platform and that Sun lauded Android after its release is relevant to estoppel, laches, ***and*** to the fair use factors addressing the purpose of Google's use and market harm (or lack thereof) from that use. Sun's admission that, by creating Android, Google "strapped another set of rockets to the [Java] community's momentum," TX 2352, is relevant to estoppel and laches, ***and*** shows that Android

---

[7] Oracle's assertion that equitable estoppel requires "intentionally misleading representations" is wrong. The "gravamen of estoppel" is "misleading [conduct] and consequent loss." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014). The misleading conduct can be satisfied by inaction or affirmative misrepresentations. *Hampton*, 279 F.2d at 104; *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1042 (Fed. Cir. 1992)

transformed the SSO into something new and different rather than merely replacing or supplanting it. *See Sony Computer Entm't Inc. v. Connectix Corp.*, 203 F.3d 596, 606 (9th Cir. 2000). And evidence that, following Oracle's acquisition of Sun, Larry Ellison himself publicly proclaimed Oracle was "flattered by Android" and expected to "see lots of Java devices" "from our friends at Google," TX 2939, is relevant to estoppel, laches, *and* alleged market harm.

In light of the significant overlap between the evidence relevant to Google's equitable defenses and the evidence relevant to fair use, the trial presentations will aid the Court's resolution of the equitable defenses. Oracle is wrong that the Seventh Amendment compels the Court to resolve these defenses now or adopt the jury's *advisory* verdict. Equitable estoppel is an *equitable* defense involving distinct questions of fact for the Court to resolve; the Seventh Amendment is inapplicable. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n.4 (1989) ("The Seventh Amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature[.]"). The Court should resolve Google's equitable defenses, if necessary, after the retrial.

Oracle is also incorrect that laches is no longer a viable defense because of the Supreme Court's recent opinion in *Petrella*. In *Petrella*, the Court held that laches "cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window" of Section 507(b), but also indicated that "the consequences of delay in commencing a suit may be of sufficient magnitude to warrant, at the very outset of the litigation, the curtailment of the relief equitably awardable." 134 S.Ct. at 1967, 1977. The Court cited with approval a Sixth Circuit case—*Chirco v. Crosswinds Cmtys., Inc.*, 474 F.3d 227 (6th Cir. 2007)—denying an injunction where plaintiff knew of the infringing conduct yet failed to take readily available measures to stop it, and the "requested relief would work an unjust hardship upon the defendants and innocent third parties." *Petrella*, 134 S.Ct. at 1978 (internal quotations omitted). The Court also noted that unreasonable delay could limit a plaintiff's ability to recover "disgorgement of unjust gains," which the Court characterized as "equitable relief." *Id.* at 1978; *see also id.* at 1967 n.1.

In this case, Oracle is seeking both a permanent injunction and recovery of hundreds of millions of dollars of Google's allegedly wrongful profits. Both forms of relief are equitable in nature, and, therefore, under *Petrella*, laches remains a viable defense. *See id.*

Dated: July 29, 2015

KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON
Orrick, Herrington & Sutcliffe LLP


By: */s/ Annette L. Hurst*
     ANNETTE L. HURST

Attorneys for Plaintiff
ORACLE AMERICA, INC.

Dated: July 29, 2015

KEKER & VAN NEST LLP

By: /s/ Robert A. Van Nest
     ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.

**ATTESTATION OF CONCURRENCE**

I, Annette L. Hurst, the ECF User whose ID and password are being used to file this SUPPLEMENTAL JOINT STATEMENT, hereby attest that Robert A. Van Nest has concurred in this filing.

Date: July 29, 2015            */s/ Annette L. Hurst*