KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Tel:    (212) 556-2100
Fax:    (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No.  CV 10-03561 WHA<br><br>**NOTICE OF MOTION AND MOTION TO PRECLUDE SUBMISSION OF THE ISSUE OF WILLFULNESS TO THE JURY ABSENT AN ELECTION OF STATUTORY DAMAGES**<br><br>Date:          September 10, 2015<br>Time:         8:00 a.m.<br>Dept.         Courtroom 8, 19th Floor<br>Judge:       Hon. William Alsup |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ........................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.     INTRODUCTION ..................................................................................................................1

II.    DISCUSSION ........................................................................................................................2

    A.    Willfulness is not relevant to Oracle's claims for actual damages and disgorgement of Google's profits under 17 U.S.C. § 504(b)...................................2

    B.    The Court has the case management authority to require Oracle to present any statutory damages case to the jury separately. ....................................................6

    C.    Oracle's remaining relevance arguments have nothing to do with submitting the question of willfulness to the jury....................................................9

III.   CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arnold v. United Artists Theater Circuit, Inc.*
  158 F.R.D. 439 (N.D. Cal. 1994)........................................................................................... 8

*Bates v. United Parcel Serv.*
  204 F.R.D. 440 (N.D. Cal. 2001)........................................................................................... 8

*Ciena Corp. v. Corvis Corp.*
  210 F.R.D. 519 (D. Del. 2002) .............................................................................................. 8

*eBay Inc. v. MercExchange, L.L.C.*
  547 U.S. 388 (2006)............................................................................................................... 9

*Frank Music Corp., v. Metro-Goldwin-Mayer, Inc.*
  772 F.2d 505 (9th Cir. 1985) ............................................................................................. 4, 5

*Joy Techs., Inc. v. Flakt, Inc.*
  772 F. Supp. 842 (D. Del. 1991)............................................................................................ 9

*Kamar Int'l v. Russ Berrie and Co.*
  752 F.2d 1326 (9th Cir. 1984) ........................................................................................... 4, 5

*L.P. Larson, Jr., Co. v. Wm. Wrigley, Jr., Co.*
  277 U.S. 97 (1928)................................................................................................................. 6

*Laitram Corp. v. Hewlett-Packard Co.*
  791 F. Supp. 113 (E.D. La. 1992).......................................................................................... 9

*Leonard v. Stemtech Health Scis., Inc.*
  981 F. Supp. 2d 273 (D. Del. 2013)....................................................................................... 3

*M2 Software, Inc. v. Madacy Entm't*
  421 F.3d 1073 (9th Cir. 2005) ............................................................................................... 8

*Oracle Corp. v. SAP AG*
  765 F.3d 1081 (9th Cir. 2014) ............................................................................................... 4

*Oracle Int'l Corp. v. SAP AG*, No.
  C 07-1658 PJH, 2012, WL 11883865, at *1-*2 (N.D. Cal. May 29, 2012) ............. 1, 2, 3, 4, 6

*Polar Bear Prods., Inc. v. Timex Corp.*
  384 F.3d 700 (9th Cir. 2004) ................................................................................................. 2

*Saxon v. Blann*
  968 F.2d 676 (8th Cir. 1992) ................................................................................................. 6

*Sheldon v. Metro-Goldwyn Pictures Corp.*
  106 F.2d 45 (2d Cir. 1939)................................................................................................. 4, 5

*Three BoysMusic Corp. v. Bolton;*
   212 F.3d 477 (9th Cir. 2000) .............................................................................................. 5, 6

*United States v. W.R. Grace*
   526 F.3d 499 (9th Cir. 2008) ..................................................................................................... 7

*ZZ Top v. Chrysler Corp.*
   70 F. Supp. 2d 1167 (W.D. Wash. 1999)......................................................................... 2, 3, 4, 5

**Federal Statutes**

17 U.S.C. § 502............................................................................................................................. 9

17 U.S.C. § 504................................................................................................................. 1, 2, 3, 6, 7

17 U.S.C. § 505............................................................................................................................. 9

**Federal Rules**

Fed. R. Civ. P. 42......................................................................................................................... 8

**Briefs**

Plaintiff's Motions in Limine, *Oracle USA, Inc. v. SAP AG*
   Case No. 07-cv-1658 PJH (EDL) (N.D. Cal. Apr. 26, 2012) ....................................................... 4

Defendants' Oppositions to Oracle's Motions in Limine, *Oracle USA, Inc. v. SAP AG*
   Case No. 07-cv-1658 PJH (EDL) (N.D. Cal. May 10, 2012) .................................................. 4,

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 10, 2015 at 8:00 a.m. or as soon thereafter as the matter may be heard at 450 Golden Gate Avenue, San Francisco, California 94102, in Courtroom 8, 19th Floor, before the Honorable William Alsup, Defendant Google Inc. ("Google") will, and hereby does, move the Court for an order to preclude the submission of the issue of willfulness to the jury, unless and until Oracle elects to receive an award of statutory damages "instead of actual damages and profits." 17 U.S.C. § 504(c)(a). Google's motion is based on the following memorandum of points and authorities in support, the entire record in this matter, and any argument presented to the Court.

Dated: August 6, 2015                              KEKER & VAN NEST LLP

                                                   By: /s/ *Robert A. Van Nest*
                                                   ROBERT A. VAN NEST
                                                   CHRISTA M. ANDERSON
                                                   DANIEL PURCELL

                                                   Attorneys for Defendant
                                                   GOOGLE INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **INTRODUCTION**

Pursuant to the Court's July 31, 2015 Second Case Management Order, ECF No. 1277, Google hereby moves for an order to preclude the submission of the issue of willfulness to the jury, unless and until Oracle elects to receive an award of statutory damages "instead of actual damages and profits." 17 U.S.C. § 504(c)(a). The only issues left for the jury to decide in this case will be whether Google's use of the declarations and the structure, sequence, and organization ("SSO") of the 37 Java API packages is a fair use, and, if not, the amount of Oracle's actual damages and Google's profits attributable to the alleged infringement under 17 U.S.C. § 504(b). There is no reason or basis for the jury to make any findings regarding willfulness in connection with either of these issues. As Oracle concedes, ECF No. 1276 at 2:16-18, the jury will not be asked on the verdict form to make a determination of willfulness in deciding Google's fair use defense. Furthermore, as Chief Judge Hamilton recently held in another copyright-infringement case brought by Oracle, willfulness is not relevant to an award of actual damages or disgorged profits. *Oracle Int'l Corp. v. SAP AG*, No. C 07-1658 PJH, 2012 WL 11883865, at *1-*2 (N.D. Cal. May 29, 2012).

Oracle argues that Chief Judge Hamilton got it wrong and that the jury must determine willfulness because Ninth Circuit law prohibits a willful infringer from deducting overhead costs from its profits attributable to the infringement. Not so. Chief Judge Hamilton and Judge Lasnik in the Western District of Washington have both squarely addressed the argument Oracle makes and both have concluded that nothing in the Copyright Act or Ninth Circuit law prohibits a willful infringer from deducting its costs. Oracle ignores the actual holdings of prior Ninth Circuit cases, and seeks to construe the dicta in those decisions in a manner that contradicts the plain language of Section 504(b).

Oracle maintains that willfulness must remain part of this case because, technically, Oracle can elect statutory damages under Section 504(c) at any time prior to final judgment. *See* ECF No. 1276 at 2. Oracle has no intention of discarding its billion-dollar damages theory in favor of statutory damages. Instead, Oracle presumably seeks to keep willfulness in the case in

1
NOTICE OF MOTION AND MOTION TO PRECLUDE SUBMISSION OF THE ISSUE OF
WILLFULNESS TO THE JURY
Case No. CV 10-03561 WHA

965191

order to increase the likelihood that the jury may return a large damages award based on the mistaken belief that willfulness is somehow relevant to liability or the amount of actual damages or disgorged profits under Section 504(b).  Oracle will also likely rely on its faux-willfulness claim as a basis for seeking to present its case to the jury first at trial.  Nothing in the Copyright Act empowers Oracle to engage in such gamesmanship.  If Oracle insists on maintaining the fiction that it may one day elect statutory damages, the Court has the case management authority to order that willfulness associated with such a statutory damages claim be tried in a separate phase, if necessary, after (1) a trial on liability, actual damages, and disgorgement of profits, and (2) Oracle's election of statutory damages.  This approach minimizes the risk of prejudice and confusion, and will not result in any inefficiency because, as a practical matter, Oracle will never pursue a statutory damages claim.

Accordingly, Google requests that the Court preclude the submission of a willfulness question to the jury during the liability or damages phases of this case absent an election of statutory damages.

## II. DISCUSSION

### A. Willfulness is not relevant to Oracle's claims for actual damages and disgorgement of Google's profits under 17 U.S.C. § 504(b).

The Copyright Act allows for recovery of either (1) "[t]he copyright owner['s] actual damages . . . and any profits of the infringer that are attributable to the infringement"[1] under 17 U.S.C. § 504*(b)*, or (2) "***instead of actual damages and profits***, an award of statutory damages" under 17 U.S.C. § 504*(c)* (emphasis added).  *See* 17 U.S.C. § 504(a).  Willfulness is relevant only as a potential enhancement to statutory damages under Section 504(c); it cannot be used to increase or decrease the amount of actual damages or profits attributable to the infringement under Section 504(b).  *See ZZ Top v. Chrysler Corp.*, 70 F. Supp. 2d 1167, 1168 (W.D. Wash. 1999) ("Section 504(b), in contrast [to Section 504(c)], makes no distinction between willful and innocent infringers."); *SAP*, 2012 WL 11883865, at *1 (same).  "Thus, when statutory damages

---

[1] Actual damages and disgorged profits are "two distinct monetary remedies."  *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004).

are not at issue in an action, 'there is no proper role for proof of willfulness.'" *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 279 (D. Del. 2013) (quoting *Faulkner v. Nat'l Geographic Soc'y*, 576 F.Supp.2d 609, 613 (S.D.N.Y. 2008)).

Oracle incorrectly argues that willfulness is relevant to its claim for Google's profits under Section 504(b) because, according to Oracle, a willful infringer cannot deduct expenses from the calculation of profits under Section 504(b). *See* ECF No. 1276 at 7. But Chief Judge Hamilton recently rejected this exact argument in a different copyright case brought by Oracle. *SAP*, 2012 WL 11883865 at *1-*2. Chief Judge Hamilton analyzed the language of the Copyright Act and the same authorities cited by Oracle in this case, *see* ECF No. 1276 at 1, and found "no support" for Oracle's position on willfulness. *SAP*, 2012 WL 11883865 at *1-*2. As Chief Judge Hamilton correctly observed, unlike Section 504(c)'s treatment of statutory damages, "Section 504(b) makes no distinction between willful and innocent infringers." *Id.* And "[t]he language of § 504(c) shows that where Congress intended to punish willful infringement by authorizing different remedies depending on the defendant's culpability, it clearly knew how to do so." *Id.*

Congress did not intend to distinguish between willful and non-willful infringement in Section 504(b). That section allows a copyright owner to recover the "***profits*** of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b) (emphasis added). It does not allow the copyright owner to recover gross ***revenues*** attributable to infringement, which is the practical effect of the rule that Oracle advocates. *See ZZ Top*, 70 F. Supp. 2d at 1168 ("Both the statutory language and its purpose suggest that the copyright owner is entitled to recover profits, not gross revenues."). Indeed, "[i]f an infringer were not permitted to deduct all costs incurred in generating the gross revenues, including overhead costs, the copyright owner would be awarded more than just profits and the infringer would not only be deprived of whatever benefit it derived from the infringement, as was the apparent intent of Congress, but would also suffer affirmative punishment." *Id.* Congress did not provide for such punishment in Section 504(b). *See id.*

At the July 30 case management conference, Oracle suggested that Chief Judge Hamilton "did not address" a purported "long history, including settled Ninth Circuit authority, limiting the

3
NOTICE OF MOTION AND MOTION TO PRECLUDE SUBMISSION OF THE ISSUE OF
WILLFULNESS TO THE JURY
Case No. CV 10-03561 WHA

965191

1   deductions." ECF No. 1280 at 18:1-2, 18:14-15.  To the contrary, both SAP and Oracle briefed
2   this issue,[2] and Chief Judge Hamilton rejected Oracle's argument that Ninth Circuit law
3   prohibited a willful infringer from deducting expenses.  *SAP*, 2012 WL 11883865 at *2
4   (discussing *Kamar Int'l v. Russ Berrie and Co.*, 752 F.2d 1326, 1331-31 (9th Cir. 1984), and
5   concluding that it did not support Oracle's argument because the defendant in that case was not a
6   willful infringer).  In *ZZ Top*, Judge Lasnik similarly analyzed the *Kamar* case and at least two
7   other cases on which Oracle relies, and concluded that "[a]lthough plaintiffs assert that the
8   preclusion of overhead costs is an accepted practice where the defendant's infringement was
9   willful, ***the Ninth Circuit has not yet adopted such a rule.***" 70 F. Supp. 2d at 1168-69 (emphasis
10  added) (analyzing *Frank Music Corp., v. Metro-Goldwin-Mayer, Inc.*, 772 F.2d 505 (9th Cir.
11  1985) and *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45 (2d Cir. 1939)).  In short,
12  "neither the language of the [Copyright Act], its legislative intent, nor the relevant case law
13  requires or justifies prohibiting defendant from putting on evidence regarding its overhead costs."
14  *ZZ Top*, 70 F. Supp. 2d at 1169; *accord SAP*, 2012 WL 11883865 at *2.

15  The courts in *SAP* and *ZZ Top* rejected the argument that Oracle makes here because there
16  is no support for it in the text of the Copyright Act and because the language on which Oracle
17  relies is pure dicta, as the Ninth Circuit itself recognized in Oracle's appeal from Judge
18  Hamilton's order.  *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1096 (9th Cir. 2014) ("Oracle relies
19  heavily on dicta in *Frank Music Corp.*, 772 F.2d at 515 . . . .").  None of the Ninth Circuit cases[3]
20  cited by Oracle, ECF No. 1276 at 1, involves a finding of willful infringement or holds that a
21  willful infringer cannot deduct any expenses.

22  In *Kamar*, the Ninth Circuit upheld the district court's determination that the infringer's

---

[2] *See* Plaintiff's Motions *in Limine* (ECF No. 1145) at 15-16, *Oracle USA, Inc. v. SAP AG*, Case No. 07-cv-1658 PJH (EDL) (N.D. Cal. Apr. 26, 2012); Defendants' Oppositions to Oracle's Motions *in Limine* (ECF No. 1156) at 15-18, *Oracle USA, Inc. v. SAP AG*, Case No. 07-cv-1658 PJH (EDL) (N.D. Cal. May 10, 2012).

[3] Contrary to Oracle's contention in the joint statement, ECF No. 1276 at 1, and arguments at the case management conference, ECF No. 1280 at 11:1-3, to the extent the Patry on Copyright treatise discusses the Ninth Circuit's view on this issue, it cites Judge Lasnik's opinion in *ZZ Top* to conclude that the court "do[es] not bar deductions for willful infringers." 6 Patry on Copyright § 22:143 & n.2.

conduct was not willful and expressly rejected the argument Oracle now makes "that a court may automatically deny a willful infringer any deduction from profits of overhead expenses." 752 F.2d at 1331. Like Oracle, the plaintiff in *Kamar* attempted to rely on certain language from the Second Circuit's opinion applying the 1909 Copyright Act in *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45 (2d Cir. 1939). In *Sheldon*, the Second Circuit found that the infringer engaged in a "deliberate plagiarism," and allowed the defendants to deduct from its profit calculations "only . . . such factors as they bought and paid for; the actors, the scenery, the producers, the directors and the general overhead." *Kamar*, 752 F.2d at 1331 (quoting *Sheldon*, 106 F.2d at 51). But as the *Kamar* court noted, "[n]ot only does this rule ***not disallow all overhead***; it also does not necessarily apply to less than 'deliberate plagiarism.'" 752 F.2d at 1331 (emphasis added). Thus, "[a]t most, the *Kamar* opinion draws attention to, without deciding, the issue of whether willful infringement justifies limitations on the types of costs that are normally deducted from profits." *ZZ Top*, 70 F. Supp. 2d at 1169. Any discussion of willfulness in *Kamar* is dicta.

Similarly, in *Frank Music*, 772 F.2d at 515, the Ninth Circuit upheld the district court's determination that the infringer's conduct was not willful. In so doing, the Ninth Circuit cited the same language from *Kamar* discussed above to say that "[a] portion of an infringer's ***overhead properly may be deducted*** from gross revenues to arrive at profits, at least where the infringement was not willful, conscious, or deliberate." *Id.* (citing *Kamar*, 752 F.2d at 1331) (emphasis added). Thus, "[w]hile the *Frank Music* opinion leaves open the possibility that overhead deductions may be precluded where the infringement is intentional (a situation not before the court at the time), it does not mandate or even endorse such a preclusion." *ZZ Top*, 70 F. Supp. 2d at 1169. Any argument to the contrary simply misconstrues the holding of *Frank Music*; the fact that deductions are proper in cases of non-willful infringement does not mean that they are improper in cases of willful infringement.

As with *Kamar* and *Frank Music*, the language cited by Oracle from *Three Boys Music Corp. v. Bolton* is also dicta because that case did not involve a finding of willful infringement. 212 F.3d 477, 487-88 (9th Cir. 2000). In *Three Boys Music*, the Ninth Circuit held that the non-

5

willful infringers in that case could deduct from their profits any income taxes actually paid, but refused to allow as deductible expenses taxes claimed as an offset against future taxes as part of a net operating loss. *Id.* at 488. The *Three Boys Music* court did not directly address the question of whether willful infringers could deduct income taxes,[4] nor did the court hold that a jury finding on willfulness is necessary for the district court to determine what costs are allowable.[5]

Because no Ninth Circuit case holds that a finding of willful infringement precludes the deduction of expenses, and there is no support for such a rule in the text of the Copyright Act, the Court should follow Judge Hamilton's ruling and hold that willfulness is not relevant to the computation of disgorged profits under 17 U.S.C. § 504(b).[6] The Court should therefore reject Oracle's attempt to include a willfulness question on the verdict form at trial absent an election of statutory damages.

**B. The Court has the case management authority to require Oracle to present any statutory damages case to the jury separately.**

Although willfulness is not relevant to actual damages or infringer's profits under Section 504(b), Oracle nevertheless suggests that willfulness must be presented to the jury because Oracle can elect statutory damages under Section 504(c) "at any time before final judgment is rendered." 17 U.S.C. § 504(c)(1); *see also* ECF No. 1276 at 2. Oracle's suggestion that it might one day discard its billion-dollar damages case and elect statutory damages instead of damages and profits is pure fiction. As this Court is aware, Oracle's damages expert opined in 2012 that Oracle was

---

[4] To the extent the *Three Boys Music* opinion suggests in dicta that the rule may be different for willful infringers, it cites, without discussion, to a 1928 ***trade dress*** case, which is not probative of Congressional intent under the 1976 Copyright Act. *Three Boys Music*, 212 F.3d at 487 (citing *L.P. Larson, Jr., Co. v. Wm. Wrigley, Jr., Co.*, 277 U.S. 97, 99-100 (1928)).

[5] The remaining out-of-circuit authority cited by Oracle in its joint statement on willfulness, ECF No. 1276 at 1, relies on the same misreading of *Sheldon* and the other Ninth Circuit authorities distinguished by Judge Hamilton. *See, e.g.*, *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) (erroneously interpreting *Frank Music* as barring willful infringers from deducting overhead expenses).

[6] As Judge Hamilton noted, in addition to being not authoritative, the Ninth Circuit Model Jury Instruction cited by Oracle does not apply where the plaintiff seeks actual damages and/or profits under Section 504(b). *SAP*, 2012 WL 11883865 at *2. Rather, as the title expressly indicates— *i.e.*, "Copyright—Damages—Willful Infringement (17 U.S.C. § 504*(c)(2)*)"—the Ninth Circuit's model willfulness instruction applies only where a plaintiff seeks an award of statutory damages under Section 504(c). FedCIV-JI9C 17.27 (2007) (emphasis added).

1  entitled to approximately one billion dollars in total copyright damages—actual damages and
2  profits—for copyright infringement *through just 2011*.  ECF No. 785 at 2.  Oracle likely will
3  seek to increase that demand given the three years that have passed since the last trial, and
4  because it now seeks to supplement its complaint to accuse new versions of Android and new
5  Android-related products.  *See* ECF No. 1271.  If Oracle elected statutory damages, however, its
6  recovery would be limited to, at most, $150,000 for each of the two copyrighted versions of the
7  Java platform at issue in this case.  *See* 17 U.S.C. § 504(c).  Oracle did not pursue statutory
8  damages at the last trial, and has conceded that it is "unlikely" that it will do so here.  ECF No.
9  1280 at 11:8-11.
10         Oracle's refusal to make a formal election to forego statutory damages is designed to
11 ensure that willfulness remains in the case so as to increase the likelihood that the jury may
12 mistakenly believe that willfulness is relevant to liability or damages under Section 504(b).  In its
13 July 31, 2015 Order, the Court asked the parties to "address whether the Court, in the exercise of
14 its case management authority, can set a deadline for Oracle to elect statutory vs. actual
15 damages."  ECF No. 1277 at 1.  Google is unaware of any case directly addressing this issue, but
16 the Court can certainly exercise its broad case management authority in other ways to protect the
17 jury from deliberating over a question that will prove irrelevant in the end.  *United States v. W.R.*
18 *Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("[A] district court has the authority to enter pretrial
19 case management and discovery orders designed to ensure that the relevant issues to be tried are
20 identified, that the parties have an opportunity to engage in appropriate discovery and that the
21 parties are adequately and timely prepared so that the trial can proceed efficiently and
22 intelligibly.").  Specifically, the Court can and should order that willfulness be tried, if necessary,
23 in a separate phase in front of the same jury, after liability and actual damages and disgorgement
24 of profits have been decided—and *only if* Oracle, at that time, elects to receive an award of
25 statutory damages instead.  This approach minimizes the risk of prejudice to Google, conserves
26 judicial and party resources, and will not result in any inefficiency because, as a practical matter,
27 Oracle will never pursue a statutory damages case.
28         "For convenience, to avoid prejudice, or to expedite and economize, the court may order a

7
NOTICE OF MOTION AND MOTION TO PRECLUDE SUBMISSION OF THE ISSUE OF
WILLFULNESS TO THE JURY
Case No.  CV 10-03561 WHA

965191

1  separate trial of one or more separate issues [or] claims[.]" Fed. R. Civ. P. 42(b).  A trial court
2  has broad discretion in deciding how to manage the trial, including whether to sever issues or
3  claims.  *See M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005); *Bates v.*
4  *United Parcel Serv.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001); *Arnold v. United Artists Theater*
5  *Circuit, Inc.*, 158 F.R.D. 439, 458 (N.D. Cal. 1994).   In determining whether to sever claims for
6  trial, courts consider a variety of factors.  These factors include whether such severing would:  (1)
7  reduce the complexity of the case or increase juror comprehension, (2) result in significant delay
8  or redundancy in the trial, or (3) prejudice either party.  *See*, *e.g.*, *Arnold*, 158 F.R.D. at 458;
9  *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002).  All of the factors weigh
10 towards severance of the hypothetical willfulness issue associated with a statutory damages
11 election.

12       Severing this issue would reduce the complexity of this case and increase juror
13 comprehension because it would allow the jurors to focus their deliberations on what matters: fair
14 use and actual damages.  *Cf.* Manual for Complex Litigation (Fourth) § 33.27 (2004)
15 ("Bifurcation of a patent jury trial or a phased trial considering major issues separately can
16 sometimes assist in properly focusing the jury's attention").   This case is complicated enough
17 already; forcing the jurors to waste time deliberating on the irrelevant issue of willfulness will
18 necessarily distract attention from—or possibly invite a "compromise" verdict on—fair use and
19 actual damages.  *See id.*; *see also Ciena Corp.*, 210 F.R.D. at 521 (noting that phasing a trial can
20 "enhance jury decision making in two ways: (1) by presenting the evidence in a manner that is
21 easier for the jurors to understand, and (2) by limiting the number of legal issues the jury must
22 address at any particular time." (quoting Steven S. Gensler, *Bifurcation Unbound*, 75 Wash. L.
23 Rev. 705, 751 (2000))).

24       Severing this issue also will not result in a significant redundancy in the presentation of
25 evidence or argument or increase the overall trial time; in fact, it would ***reduce*** the overall trial
26 time.  As a practical matter, there is virtually no chance that Oracle will ever pursue statutory
27 damages, and no decision on willfulness will be necessary.  And even if, contrary to its entire
28 damages theory, Oracle were to elect statutory damages, that phase of the trial would not

1  significantly increase the overall trial time because it would be tried to the same jury and there
2  would be no need to repeat evidence admitted in earlier phase(s).  *See Laitram Corp. v. Hewlett-*
3  *Packard Co.*, 791 F. Supp. 113, 117-18 (E.D. La. 1992) (ordering a "single trial" to proceed in
4  "three separate and distinct phases" before the same jury); *see also Joy Techs., Inc. v. Flakt, Inc.*,
5  772 F. Supp. 842, 849 (D. Del. 1991) (noting possibility of bifurcating issues into "separate
6  phases of a single trial").

7  Further, severing the issue of willfulness associated with statutory damages will not result
8  in a risk of prejudice to Oracle, and will minimize the risk of prejudice to Google.  Phasing the
9  trial to put that fictional claim off unless and until it becomes a reality will not prejudice Oracle's
10  ability to rebut fair use or put on its case for actual damages.  On the other hand, phasing the trial
11  will reduce the unfair prejudice to Google by minimizing the risk that the jurors penalize Google
12  on liability or actual damages based on the mistaken assumption that willfulness is relevant to
13  those questions.

### C. Oracle's remaining relevance arguments have nothing to do with submitting the question of willfulness to the jury.

16  Oracle also incorrectly argues that willfulness is relevant because Oracle may seek
17  attorneys' fees or an injunction if it prevails at trial.  That is not the law.  A party's right to an
18  injunction or attorneys' fees is a matter for the Court, not the jury, to decide.[7]  *See, e.g.*, 17 U.S.C.
19  § 502(a) ("[A] ***court . . . may*** . . . grant temporary and final injunctions on such terms ***as it may***
20  ***deem reasonable*** to prevent or restrain infringement of a copyright.") (emphasis added); 17
21  U.S.C. § 505 ("[T]he ***court in its discretion may*** allow the recovery of full costs [and] may also
22  award a reasonable attorney's fee to the prevailing party as part of the costs.") (emphasis added);
23  *see also eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("The decision to grant or

---

[7] Moreover, if Oracle desires to introduce evidence of willfulness to support a request for an injunction or fees following the trial, it should attempt to do so in any post-verdict proceedings, as it proposed before the first trial.  *See* ECF No. 662 at 147:19-149:1 ("We would propose that there be an injunction phase to this trial post-verdict . . . [and that] we be allowed to put in our evidence, additional evidence, of harm of the proposed injunction, why the proposed injunction is reasonable, and not actually do that in front of the jury, as this is not a jury issue. . . . THE COURT:  Well, also, willfulness.  MR. JACOBS:  Exactly.").

9
NOTICE OF MOTION AND MOTION TO PRECLUDE SUBMISSION OF THE ISSUE OF
WILLFULNESS TO THE JURY
Case No.  CV 10-03561 WHA

965191

deny permanent injunctive relief is an act of equitable discretion by the district court . . . ."). Even if Oracle were correct that willfulness is a factor that the Court may consider in deciding whether to issue an injunction or award attorney's fees—which Google does not concede—that would not permit (let alone require) the jury to render a verdict on willfulness.

Oracle's vague suggestion that evidence of willfulness is synonymous with "bad faith," and that "bad faith" weighs against fair use, also misses the point. The Court will decide what evidence is relevant to fair use. If the Court determines that Oracle's *evidence* of alleged bad faith is relevant and admissible, such evidence may be admitted at trial. But there is no basis for asking the jury to make a determination on willfulness in connection with its fair use verdict.

### III. CONCLUSION

For the foregoing reasons, Google requests that the Court preclude the submission of a willfulness question to the jury during the liability or damages phases of this case absent an election of statutory damages.

Dated:  August 6, 2015                                          KEKER & VAN NEST LLP

                                              By:    /s/  *Robert A. Van Nest*
                                                     ROBERT A. VAN NEST
                                                     CHRISTA M. ANDERSON
                                                     DANIEL PURCELL

                                                     Attorneys for Defendant
                                                     GOOGLE INC.