ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON *pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC.<br><br>          Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Date: September 10, 2015 at 8:00 am<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

**NOTICE OF MOTION AND UNOPPOSED MOTION**

TO DEFENDANT GOOGLE INC. ("GOOGLE") AND ALL ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that the following unopposed motion will be heard at 8:00 a.m. on September 10, 2015, or as soon thereafter as counsel may be heard, in Courtroom 8, 19th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California before the Honorable William Alsup.

Plaintiff Oracle America, Inc. ("Oracle") will and hereby does move pursuant to Federal Rule of Civil Procedure 15(d) for an Order granting Oracle leave to file a Supplemental Complaint in this matter setting forth transactions, occurrences, and events that happened after October 27, 2010, the date of the last operative pleading. Oracle's Proposed Supplemental Complaint is attached as Exhibit A to the Declaration of Christina Von der Ahe Rayburn ("Rayburn Decl.") filed herewith. Oracle has conferred with Google and Google has indicated that it will not oppose this motion to file this Proposed Supplemental Complaint. Rayburn Decl. ¶¶ 5-7, Ex. B. Oracle and Google further agreed that Google's consent to Oracle's filing of this Proposed Supplemental Complaint was without prejudice to either party's position regarding the contents of the pleading. For example, by reaching agreement, Oracle has not conceded that there was anything wrong with the parts that were deleted to reach agreement or that any of the deleted allegations are not relevant to the case to be tried, and Google does not admit the contents of the pleading, nor has it agreed to waive any objections or defenses to its content. *Id.* ¶ 8.

This motion is based on the Notice of Motion and Unopposed Motion, the following Memorandum of Points and Authorities, Oracle's Proposed Supplemental Complaint, the Rayburn Declaration, the pleadings and papers on file in this action, any matters of which the Court may take judicial notice, any argument presented at the hearing on the motion, and any other matters the Court deems proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

In May 2012, the jury in this case determined that Google infringed Oracle's copyrights in the Java platform by copying key portions of 37 Java API packages into the Android operating

1   system.  Google copied the structure, sequence, and organization of those 37 Java API packages,
2   as well as thousands of lines of source code (the "declaring code") contained in those packages.
3   The initial trial in the case adjudicated claims set forth in an Amended Complaint dated October
4   27, 2010.  After a series of appeals, this case has returned to this Court for trial in 2016 regarding
5   Google's fair use defense and remedies available to Oracle, among other issues.

6   　　　　The 2010 Amended Complaint does not reflect events and facts that have occurred since
7   2010, including Google's releases of numerous new infringing versions of Android, Android's
8   explosive financial success in recent years, Android's continued growth into the dominant mobile
9   operating system, and the damages that Google's years of infringement have inflicted on the
10  market for Java.  Oracle therefore requests leave to file a supplemental complaint reflecting these
11  developments, which are relevant both to Google's fair use defense and to the remedies available
12  to Oracle as a result of Google's infringement.  Including these recent developments in the
13  upcoming 2016 trial will neither prejudice Google nor delay the trial.  To the contrary, including
14  these developments will promote judicial efficiency and ensure "as complete an adjudication of
15  the dispute between the parties as is possible."  *Lasalvia v. United Dairymen*, 804 F.2d 1113,
16  1119 (9th Cir. 1986).

17  **II.    FACTUAL BACKGROUND**
18  　　　　**A.    Procedural History**
19  　　　　Oracle filed this lawsuit on August 12, 2010, and filed an Amended Complaint on October
20  27, 2010.  ECF Nos. 1, 36.  In Oracle's Amended Complaint, Oracle alleged that Google's
21  Android mobile operating system infringed certain of Oracle's patents and copyrights related to
22  the Java platform.  ECF No. 36.
23  　　　　Oracle's claims for copyright infringement proceeded to trial in April and May of 2012.
24  At the conclusion of that trial, the jury found that Google infringed Oracle's copyright in 37 Java
25  API packages, but did not reach a verdict as to whether Google's infringement constituted fair
26  use.  ECF No. 1089 at 1.  After the jury verdict, this Court denied Oracle's motion for judgment
27  as a matter of law ("JMOL") regarding fair use.  ECF No. 1119.  On May 31, 2012, this Court
28  held that "the particular elements" of the 37 Java API packages that Google had copied were not

copyrightable.  ECF No. 1202 at 41.  The Court entered Final Judgment for Google with regard to Oracle's copyright claims arising out of the 37 Java API packages.  ECF No. 1211.

Oracle appealed this Court's Order regarding copyrightability.  On May 9, 2014, the Federal Circuit reversed, holding that the declaring code and the structure, sequence, and organization of the 37 Java API packages are copyrightable, with instructions to reinstate the jury's infringement finding.  *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1348 (Fed. Cir. 2014).  Google then petitioned the Supreme Court for certiorari, which the Supreme Court denied on June 29, 2015.  The case has now returned to this Court for further proceedings on Google's fair use defense and Oracle's remedies for Google's infringement.  ECF No. 1273.[1]

**B.     Google Has Continued to Infringe Oracle's Copyrights.**

Since Oracle filed its Amended Complaint on October 27, 2010, Google has released six major versions of Android encompassing at least forty total releases.  In the same time period, Google's Android has experienced explosive growth:  Android's share of the mobile phone market has increased, by some estimates, from 50 percent to 80 percent, while Android's share of the tablet market has grown from 20 percent market share to nearly 70 percent.  Google is also targeting Android toward non-handheld devices, including wearables, televisions, automobiles, and household appliances.  Android now has more than a *billion* monthly users, and its usage continues to grow—meanwhile, it still infringes Oracle's copyrights.

At the same time that Android has become truly ubiquitous, the Java platform has suffered greatly, in large part because Google provides Android to device manufacturers at no charge.

**C.     Oracle's Proposed Supplemental Complaint Seeks to Bring the Operative Pleadings Up-to-Date.**

Neither Oracle's Amended Complaint nor the record from the first trial reflects the recent Android releases or the recent developments in the respective markets for Android and Java.  These developments result from Google's continuing and expanding infringement, and are relevant to the matters remaining in this case, including: (1) whether Google's copying of

---

[1] The parties disagree as to whether Google's equitable estoppel and laches defenses remain at issue for trial, as well as Oracle's claim that Google's infringement was willful.  *See* ECF No. 1273 at 4-5.  The parties are briefing those issues separately.

Oracle's copyrighted materials constituted fair use; and (2) the remedies available to Oracle as a result of Google's continuing infringement.

For these reasons, Oracle hereby submits a Proposed Supplemental Complaint, attached as Exhibit A to the Rayburn Declaration filed herewith, which: (1) describes Google's recent Android releases; (2) alleges that the recent Android releases infringe Oracle's copyrights in the same manner as the prior releases; (3) describes the recent growth in the market for Android; (4) describes Android's recent and increasing contribution to Google's annual revenue; and (5) describes ways in which this expansion of Android is harming the market for Java.

Google has consented to the filing of the Proposed Supplemental Complaint. Rayburn Decl. ¶¶ 5-7, Ex. 8.

### III.  LEGAL STANDARD

Rule 15(d) of the Federal Rules of Civil Procedure provides: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A supplemental pleading is used to allege relevant facts occurring after the filing of the operative pleading. *Keith v. Volpe*, 858 F.2d 467, 473-474 (9th Cir. 1988); *Carolina Cas. Ins. Co. v. Lanahan & Reilley, LLP*, No. C 10-04108 SBA, 2011 WL 3741004, *5 (N.D. Cal. 2011)). The purpose of a supplemental pleading is to bring the action "up to date" and to set forth new facts affecting the controversy that have occurred since the original pleading was filed. William W. Schwarzer, *et al.*, Cal. Prac. Guide: Fed. Civil Proc. Before Trial § 8:1720 (The Rutter Group 2015) (citing *Manning v. City of Auburn*, 953 F.2d 1355, 1359-1360 (11th Cir. 1992)). A supplemental pleading is an appropriate way to update a case after an appeal to account for further infringement and related damages. *See Aktiebolag v. Andrx Pharms.*, 695 F. Supp. 2d 21, 26 (S.D.N.Y. 2010).

Supplementation "is favored," *Planned Parenthood of S. Az. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997), and "should be freely granted, unless undue prejudice to the opposing party will result." *Lasalvia*, 804 F.2d at 1119. A court should grant a request for supplementation related to the original claim unless "the opposing party can show undue delay, prejudice, or futility." *Keith*

*v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).  "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible."  *Lasalvia*, 804 F.2d at 1119.  For that reason, all inferences are drawn in favor of granting the motion.  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *see also United States v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963) (interpreting Rule 15(d) according to "the general purpose of the Rules to minimize technical obstacles to a determination of the controversy on its merits").

### IV. THE COURT SHOULD ALLOW ORACLE TO FILE A SUPPLEMENTAL COMPLAINT.

Oracle's Proposed Supplemental Complaint properly "bring[s] the action up to date" by alleging relevant facts—directly related to the claims in the operative pleading—that occurred after the filing of Oracle's Amended Complaint on October 27, 2010.  *Manning*, 953 F.2d at 1359-1360.  Oracle's proposed supplementation will not delay the 2016 trial date, will not prejudice Google, and is not futile.  Indeed, Google has consented to its filing.  For these reasons, the Court should grant Oracle's unopposed motion.

### V. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court grant leave for Oracle to file its Proposed Supplemental Complaint.

| | | |
|---|---|---|
| 1 | Dated: August 6, 2015 | KAREN G. JOHNSON-MCKEWAN |
| 2 | | ANNETTE L. HURST |
| | | GABRIEL M. RAMSEY |
| 3 | | PETER A. BICKS |
| | | LISA T. SIMPSON |
| 4 | | Orrick, Herrington & Sutcliffe LLP |

By: */s/ Christina Von der Ahe Rayburn*

CHRISTINA VON DER AHE RAYBURN
(SBN 255467)

ORRICK, HERRINGTON & SUTCLIFFE LLP
cvonderahe@orrick.com
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Tel.: 1.949.567.6700
Fax: 1.949.567.6710

Attorneys for Plaintiff
ORACLE AMERICA, INC.