ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S MEMORANDUM ON LACHES PER ECF NO. 1277**<br><br>Date:　August 11, 2015<br>Time:　12:00 p.m.<br>Dept.:　Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Laches cannot bar recovery of infringer's profits in this case. The Android SDK was released on November 12, 2007, Google publicly released the full source code for the Android platform in October 2008, and Oracle sued on August 12, 2010. Tr. 1041:14-16; 1719:10-14. Thus, the longest period that Sun/Oracle could theoretically have sued but did not is 2 years and 9 months—less than the 3-year statute of limitations in 17 U.S.C. §507(b).

In *Petrella v. MGM, Inc.*, 134 S. Ct. 1962 (2014), the Supreme Court outlined a framework for laches in copyright cases. "[L]aches cannot be invoked to bar legal relief." *Id.* at 1974; *id.* at 1967. When equitable relief is first sought within the limitations window, only in the most "extraordinary circumstances" may laches bar such relief. *Id.* at 1977. Thus, the questions here are (1) whether infringer's profits in this case are legal relief that cannot be barred by laches, and (2) whether laches is otherwise disallowed.

As demonstrated herein, infringer's profits are at least partly legal in this case. Part A, *infra*. Even if Google could prove otherwise, Google cannot overcome the heavy presumption against laches (Part B(1), *infra*) nor avoid the consequences of its willful infringement (Part B(2), *infra*). As Oracle will discuss in its opposition to Google's motion at ECF No. 1284, irrespective of the classification of infringer's profits for purposes of laches, infringer's profits is a question for the jury. *Feltner v. Columbia Pictures TV, Inc.*, 523 U.S. 340, 346 (1998); *Sid & Marty Krofft TV Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1175 (9th Cir. 1977).

### A. In This Case, Infringer's Profits Is At Least Partly A Legal Remedy.

*Petrella* observed that the remedy of infringer's profits has a "protean character," capable of different classification depending on the circumstances "in this case." 134 S. Ct. at 1967 n.1. "[R]ecovery of profits is not easily characterized as legal or equitable," because "it is an amalgamation of rights and remedies drawn from both systems." *Id.* (quotation marks omitted). Indeed, the Court characterized infringer's profits as both "legal" and "equitable" in *Feltner*. *Compare Feltner*, 523 U.S. at 346 ("In contrast, the Copyright Act does not use the term 'court' in the subsection addressing awards of actual damages and profits, see § 504(b), which generally are thought to constitute legal relief.") *with id.* at 352 (noting "cause[s] of action … for monetary relief that we have characterized as equitable, such as actions for disgorgement of improper

ORACLE'S MEMORANDUM ON LACHES
CV 10-03561 WHA

| | |
|---|---|
| 1 | profits"). The Court has wrestled with classifying monetary remedies. *Compare Teamsters v.* |
| 2 | *Terry*, 494 U.S. 558, 573 (1990) (backpay as remedy for claim of failed union representation is |
| 3 | legal remedy) *with Lorillard v. Pons*, 434 U.S. 575, 583-84 (1978) (declining to express view |
| 4 | whether backpay under Title VII is legal or equitable). |
| 5 | What all of these cases have in common is that, in determining whether a remedy is legal |
| 6 | or equitable, courts look to the underlying rationale and circumstances in the particular case. The |
| 7 | "purposes traditionally associated with legal relief" are "compensation and punishment." *Feltner*, |
| 8 | 523 U.S. at 352. In contrast, restitution may be equitable when it is used to ensure that |
| 9 | "wrongdoers" cannot benefit from their "ill-gotten gains." *In re Digimarc Corp. Deriv. Litig.*, |
| 10 | 549 F.3d 1223, 1233 (9th Cir. 2008). Thus, whether Android profits are a legal or equitable |
| 11 | remedy turns on the applicable rationale *in this case*. |
| 12 | The Ninth Circuit recognizes mixed purposes when an "infringer's profits is aimed in part |
| 13 | at deterring infringements, and in part at appropriately compensating the copyright holder." |
| 14 | *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984) (internal citation |
| 15 | omitted); *accord Frank Music Corp. v. MGM Inc.*, 886 F.2d 1545, 1552 (9th Cir. 1989) ("Profits |
| 16 | are awarded to the plaintiff not only to compensate for the plaintiff's injury, but also and |
| 17 | primarily to prevent the defendant from being unjustly enriched by its infringing use of the |
| 18 | plaintiff's property."). Indeed, the text of Section 504(b) expressly contemplates some overlap |
| 19 | between damages and infringer's profits. Thus, "[w]hether a profits remedy is more legal than |
| 20 | equitable in nature depends on which of these theories provides the basis for the requested profits |
| 21 | award." *Daisy Grp., Ltd. v. Newport News, Inc.*, 999 F. Supp. 548, 552 (S.D.N.Y. 1998). The |
| 22 | *sine qua non* of whether a compensatory damages rationale applies to a request for profits is |
| 23 | whether the copyrighted work and the accused infringing work compete with one another: "In the |
| 24 | case where there is direct competition between the parties[,] … an accounting of profits [is] based |
| 25 | on the rationale of a returning of diverted profits." *Maier Brewing Co. v. Fleischmann Distilling* |
| 26 | *Corp.*, 390 F.2d 117, 123 (9th Cir. 1968). Where there is "no direct competition … an accounting |
| 27 | of profits [is] based on unjust enrichment rationale." *Id.* |
| 28 | The Java Platform and Android directly compete as application development frameworks, |

1 including for mobile and embedded devices. Oracle exploits the Java Platform both directly and
2 indirectly, by using it in its own products and by licensing it to others. Google exploits Android
3 both directly and indirectly, by using it in its own products and by licensing it to others. Google
4 licensed Android for mobile phones and built its own. The Java Platform dominated the market
5 for mobile phones for a long time, and Oracle considered building its own, but Android presented
6 too great an obstacle. Google is continuing to expand Android into a host of other devices, such
7 as Android TV, that compete directly with traditional uses of Java in devices like set-top boxes.
8 In short, Google took Oracle's code and then used it to compete directly against Oracle. Google's
9 profits are legal because they serve at least in part as a proxy for Oracle's damages.

Even if there are multiple rationales for infringer's profits in this case, the classification must be treated as a legal one for laches purposes. If laches could be used to bar a legal remedy, even a partial one, that would raise the same separation-of-powers concerns that animated *Petrella*. Oracle brought suit within the 3-year limitations period, and applying laches here substantially risks "disregarding" the limitations period "of the statute." *Petrella*, 134 S. Ct. at 1973; *accord id.* at 1968-69. Application of laches to infringer's profits when it is partly a proxy for damages squarely conflicts with Congress's 3-year statute of limitations.

### B. In Any Event, Laches Would Never Bar Equitable Relief In This Case.

#### 1. Google Cannot Demonstrate Extraordinary Circumstances.

Laches can be a complete bar to equitable relief *only* in "extraordinary circumstances" where "the consequences of a delay in commencing suit [are] of sufficient magnitude to warrant, at the very outset of the litigation, curtailment of the relief equitably awardable." *Petrella*, 134 S. Ct. at 1977. In the Ninth Circuit, a suit such as Oracle's brought "within the applicable period of limitations" carries "a *strong presumption* that laches does not bar the claims." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006) (emphasis added). Laches applies when (1) a plaintiff delayed in initiating the lawsuit; (2) that delay was unreasonable; and (3) the delay resulted in prejudice. *Petrella v. MGM, Inc.*, 695 F.3d 946, 951-52 (9th Cir. 2012), *rev'd on other grounds* 134 S. Ct. 1962 (2014); *see also Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001). The "delay" here was, at most, 2 years and 9 months. Google cannot demon-

strate that this "delay" either was extraordinarily unreasonable or extraordinarily prejudicial.

*Any Delay Was Reasonable.* As to the reasons for "delay," Sun was in financial *extremis* much of the period after the Android SDK was released. From November 2007 to November 2008 alone, Sun's stock lost 80% of its value. Sun was hemorrhaging money. Meanwhile, Android was not commercially released until September 2008, and, at that time, no one knew whether Android would boom or bust. It is not "incumbent on copyright owners … to challenge each and every actionable infringement. And there is nothing untoward about waiting to see whether an infringer's exploitation undercuts the value of the copyrighted work, has no effect on the original work, or even complements it." *Petrella*, 134 S. Ct. at 1976. Indeed, Google itself contributed to any so-called "delay." Not only did Google choose to "step away" from negotiations "and only respond further if Sun chases after us," TX 1029, Google also attempted to conceal its infringement by intentionally "scrub[bing] the J word" from its code, TX 233; TX 26. Google even instructed its employees not to "demonstrate [Android] to any [S]un employees or lawyers." TX 29. Oracle then acquired Sun in January 2010, and sued a few months later, shortly after negotiations between the parties failed. TX 1074; Tr. 2316:19-25. Google cannot demonstrate that that such "delay" was extraordinarily unreasonable under the circumstances.

*Any Delay Did Not Prejudice Google.* Nor can Google show extraordinary prejudice resulting from the supposed delay. Because Google seeks to bar equitable relief entirely at the outset, Google must show that the prejudice had occurred *as of the time this lawsuit commenced* in August 2010. *Save the Peaks Coal. v. U.S. Forest Serv.*, 669 F.3d 1025, 1033 (9th Cir. 2012). Moreover, not just any harm counts as prejudice for laches. Google must show that it took actions or suffered consequences by August 2010 that it would not have, had it known of the prospect of a lawsuit. *See Danjaq*, 263 F.3d at 955. Google cannot possibly meet this standard because Google knowingly made the decision to proceed despite legal jeopardy. Sun's failure to sue immediately did not induce Google to do anything, let alone to incur extraordinary prejudice.

Numerous documents demonstrate that Google long knew it needed a license and went ahead with Android anyway. *See, e.g.*, TX 1 (7/26/2005: "Must take license from Sun"); TX 7 (10/11/2005: "[W]e have two options: 1) Abandon our work … -or- 2) Do java anyway …

ORACLE'S MEMORANDUM ON LACHES
CV 10-03561 WHA

perhaps making enemies along the way"); TX 17 (2/10/06: "[N]egotiate with … Sun for a critical license."); TX 18 (3/24/2006: "Java.lang apis are copyrighted.  And [S]un gets to say who they license the tck to …."; "[T]hey own the brand and the ip."); TX 207 (5/11/07: Sun "won't be happy when we release our stuff").  Google knew it faced legal jeopardy, and that did not stop it.

Google also cannot show reliance on any supposed delay.  While not the "*sine qua non*" of laches, detrimental reliance does "figure importantly" into the analysis.  *Petrella*, 134 S. Ct. at 1978 n.22.  Here, the advisory jury already rejected that Google "relied" on any conduct by Sun/Oracle to believe that it could copy Sun/Oracle's work without a license.  ECF No. 1089 at 3.  Google was going to use Java to create Android whether Sun/Oracle sued or not.  As internal Google documents revealed back in 2006:  "[W]e are building a java based system: that decision is final."  TX 23.  If Google could not reach an agreement with Sun, Google had already decided it would "[d]o java anyway[,] … perhaps making enemies along the way."  TX 7.  Less than a week before the lawsuit was filed, a Google engineer tasked with looking for alternatives to Java determined that those alternatives "all suck" and "conclude[d] that we need to negotiate a license for Java."  TX 10.  Nothing Sun or Oracle failed to do *caused* Google to take any action with prejudicial consequences during the relevant time frame.  Google planned to copy the Java API packages no matter what.

### 2. Google's Willful Infringement Bars A Laches Defense.

Google's conscious decision to copy the Java API packages is precisely why "[t]he doctrine of laches does not apply in cases of willful infringement."  *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012); *see also Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (willfulness demonstrated by defendant's "actual aware[ness]" or "'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights").  As demonstrated above, Google's internal documents show that it knew its copying was copyright infringement, or, at a minimum, recklessly disregarded Oracle's copyrights.  Laches has no application under these circumstances.

For these reasons, Google's laches defense is not, and cannot be, a bar to Oracle's recovery of infringer's profits.

Dated: August 11, 2015

KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON
Orrick, Herrington & Sutcliffe LLP


By: */s/ Annette L. Hurst*
    ANNETTE L. HURST

Attorneys for Plaintiff
ORACLE AMERICA, INC.