John L. Cooper (State Bar No. 050324)
jcooper@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Rule 706 Expert, James R. Kearl

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE, INC., <br><br> Defendant. | Case No. C 10-3561 WHA <br><br> DR. KEARL'S RESPONSE TO REQUEST FOR COMMENT |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The Court's August 4, 2015 Request for Comment, Document 1282, asked Dr. Kearl to submit a memorandum addressing the advisability of expanding Dr. Kearl's role to include his offering views on the methodologies of the parties' experts with regards to any future Daubert motions, including proposals for how Dr. Kearl's reports expressing such views should be sequenced in any Daubert briefings.

The current proposed expert discovery schedule (as contained in the Second Case Management Order and Reference to Magistrate Judge for Mediation/Settlement, dated 07/31/15, Document 1277) contemplates a Rule 706 expert report from Dr. Kearl on January 28, 2016. By letter filed August 5, 2015 Dr. Kearl requested an extension of this date so his report would be due February 8, 2015. To date the Court has not ruled on this request. Dr. Kearl anticipates that

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

27152\5009740.1

DR. KEARL'S RESPONSE TO REQUEST FOR COMMENT

his report will contain his general opinions regarding damages as contemplated in the August 30, 2011 order, Document 374, as well as, among other things, the appropriateness of the methodologies employed by the parties' experts, regarding the parties' damages analyses.

As such, Dr. Kearl can be prepared to express his opinions with regard to Oracle's and Google's experts' methodologies in the context of Daubert briefings on whether a challenged methodology is generally accepted within the economics profession and whether the challenged methodology in the particular instance is reliably applied. Dr. Kearl is willing to offer these opinions in whatever sequence and format the Court prefers.

Regarding potential conflicts of interest and appearance of impropriety raised in the July 23, 2015 Joint Status Report, Document 1273, Dr. Kearl does not believe that his work for Samsung in the *Apple Inc. v. Samsung Electronics Co.* No. 5:12-cv-00630-LHK (N.D. Cal.) raises an actual or potential conflict or any appearance of impropriety as to his participation as a Rule 706 economic expert on the issue of damages in the present action.

In that matter, Dr. Kearl was retained to determine the reasonable royalty appropriate for Apple's alleged infringement of specific Samsung patents. As is always the case for experts opining on patent damages, he offered no opinions and did no work on matters regarding Apple's or Samsung's conduct with regard to liability. The patents at issue pertained to certain features that end-users might care about (such as the FaceTime video calling feature) that are wholly different than the patents and copyrights at issue in this case. Moreover, since Dr. Kearl's analysis focused on the value of the asserted patents in the Apple products, to the degree that a mobile operating system or platform was relevant, that operating system would have been the Apple iOS operating system and not Android. Dr. Kearl's analysis and opinions did not relate to the Android operating system or to Google. They related to Samsung only to the degree that it owned the patents, although since it purchased the patents, to the extent that there was any focus

/////

/////

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 2 -

27152\5009740.1

DR. KEARL'S RESPONSE TO REQUEST FOR COMMENT

on the patent owner, the reasonable royalty analysis generally dealt with the previous owners of the patents in issue. Finally, any connection between Samsung and Google/Android was irrelevant to Dr. Kearl's work and opinion in the *Apple v. Samsung* litigation.

Dated: August 13, 2015              FARELLA BRAUN + MARTEL LLP

                                    By: _____/s/_____
                                         John L. Cooper

                                    Attorneys for Rule 706 Expert, James R. Kearl

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

- 3 -

27152\5009740.1

DR. KEARL'S RESPONSE TO REQUEST FOR COMMENT