# EXHIBIT S

```
                                         Volume 6
                                         Pages 1133 - 1396

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE WILLIAM H. ALSUP

ORACLE AMERICA, INC.,             )
                                  )
         Plaintiff,               )
                                  )
  VS.                             ) No. C 10-3561 WHA
                                  )
GOOGLE, INC.,                     )
                                  )
         Defendant.               ) San Francisco, California
_____ ) April 23, 2012
```

**TRANSCRIPT OF JURY TRIAL PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff:**     MORRISON & FOERSTER
                       755 Page Mill Road
                       Palo Alto, California  94304
                 BY:   **MICHAEL A. JACOBS, ESQUIRE**
                       **KENNETH A. KUWAYTI, ESQUIRE**
                       **MARC DAVID PETERS, ESQUIRE**
                       **DANIEL P. MUINO, ESQUIRE**

                       BOIES, SCHILLER & FLEXNER
                       333 Main Street
                       Armonk, New York 10504
                 BY:   **DAVID BOIES, ESQUIRE**
                       **ALANNA RUTHERFORD, ESQUIRE**

(Appearances continued on next page)

Reported By: Katherine Powell Sullivan, RPR, CRR, CSR #5812
             Debra L. Pas, RMR, CRR, CSR #11916
                 Official Reporters - U.S. District Court

```
APPEARANCES (CONTINUED):

For Plaintiff:          BOIES, SCHILLER & FLEXNER
                        1999 Harrison Street, Suite 900
                        Oakland, California  94612
                  BY:   WILLIAM FRED NORTON, ESQUIRE
                        STEVEN C. HOLTZMAN, ESQUIRE

                        ORACLE AMERICA, INC.
                        500 Oracle Parkway
                        Redwood Shores, California  94065
                  BY:   ANDREW C. TEMKIN, CORPORATE COUNSEL
                        DORIAN DALEY, GENERAL COUNSEL


For Defendant:          KEKER & VAN NEST
                        633 Battery Street
                        San Francisco, California  94111-1809
                  BY:   ROBERT ADDY VAN NEST, ESQUIRE
                        CHRISTA MARTINE ANDERSON, ESQUIRE
                        DANIEL PURCELL, ESQUIRE
                        MICHAEL S. KWUN, ESQUIRE

                        KING & SPALDING LLP
                        1185 Avenue of the Americas
                        New York, New York 10036-4003
                  BY:   BRUCE W. BABER, ESQUIRE

                        GOOGLE, INC.
                        1600 Amphitheatre Parkway
                        Mountain View, California  94043
                  BY:   RENNY HWANG, LITIGATION COUNSEL


For Dr. Kearl:          FARELLA BRAUN & MARTEL LLP
                        235 Montgomery Street, 30th floor
                        San Francisco, California 94104
                  BY:   JOHN L. COOPER, ESQUIRE


Also Present:           SAFRA CATZ, President and CFO
                        Oracle Corporate Representative

                        CATHERINE LACAVERA
                        Google Corporate Representative

                              – – –
```

1   kind of -- well, I'm saying 25 percent should hold everything.
2           If you want to hold back your consent on 25 percent,
3   that would be entirely reasonable.  So if they give you 40, you
4   hold back on ten.  If they give you a hundred, you hold back on
5   25.
6           **MR. VAN NEST:**  The reason I used handful, Your Honor,
7   is it's a little bit easier to see what a handful is.  If you
8   say 25 percent and I get a list of 200 exhibits tonight, I
9   can't wait, that's probably going to be it --
10          **THE COURT:**  Well, that would be unreasonable.  In
11  fact, 40 is a lot.  I would not have asked the other side to
12  stipulate to 40.  I'm thinking 12, maybe two dozen.  For
13  documents in that range, numbers in that range is manageable.
14          But 40, I think you're giving a big homework
15  assignment to the other side.  When they're trying to do their
16  cross-examination, I think that's a lot.  I wouldn't have asked
17  for 40.
18          **MR. BOIES:**  But I'm greedy, Your Honor.
19          **THE COURT:**  I can't say never.  I can just say it
20  seems like a lot.
21          **MR. BOIES:**  It does, but this is a very important
22  witness, Your Honor.
23          **THE COURT:**  Of course.  You could have asked before
24  last night.
25          **MR. BOIES:**  Well, actually, all these documents were

1   in what we gave them on Saturday.  And we'll go over them again
2   and see what we've got.
3           **THE COURT:**  All right.  You all work on that.
4           I've got some questions for you though.  Can I change
5   the subject?
6           **MR. VAN NEST:**  Sure.
7           **THE COURT:**  Let me just give you the numbers.  686
8   and 437 are how I calculate the time so far.  And I think under
9   the hour each side gets 1,020.
10          Is there -- on the willfulness issue, is there going
11  to be a defense of advice of counsel?
12          **MR. VAN NEST:**  No, Your Honor.
13          **THE COURT:**  Well, I have this question then.  I'm
14  working up a verdict form.  And do you want -- I told you
15  earlier we would save willfulness until the end.  That's
16  usually just because of the defense advice of counsel.
17          So if both sides were to agree to advance the issues
18  of willfulness to this phase, we could have the jury -- you
19  don't have to answer that now.  I want you to think about it,
20  because it's on my mind.
21          And, you know, we can stick with the way we had it, I
22  guess, but if there's not going to be advice of counsel, then
23  the jury is hearing all these documents about we need a license
24  and so forth, it does go to willfulness.
25          So if the jury finds that you did something wrong,

1   you know, this might be a logical time to figure out if it was
2   willful or not.  So I'll let you consider that point.
3           I have a different question, and that is this -- this
4   is to Oracle.  Here's something I have a hard time following,
5   and that is your argument about -- what's the phrase? --
6   derived work?
7           **MR. BOIES:**  Derivative work.
8           **THE COURT:**  Derivative work.  Derivative work.
9           Your argument is that if somebody starts with the
10  plain English descriptions in a clean room and then they do --
11  you know, they put on their own scientific thinking caps and
12  come up with their own program code, that no matter what they
13  come up with is going to be an infringement, a derivative work.
14          Doesn't that argument violate the principle that no
15  one has a monopoly or ownership of the idea expressed?  They
16  have the -- they can -- they have the right to the expression
17  of their particularized expression of the idea, but if you
18  were -- say how do you do the rangeCheck or how do you do
19  the -- find the maximum of two numbers, and that that is the
20  idea and then you let a bunch of students go wild on it and
21  each one of them come up with a somewhat different solution to
22  that problem, isn't that the classic example of the -- you
23  don't have the right to their expression of that idea?
24          Now, possibly I'm misunderstanding your derived work
25  argument, but isn't that right?  I mean, that just seems to me

**CERTIFICATE OF REPORTERS**

We, KATHERINE POWELL SULLIVAN and DEBRA L. PAS, Official Reporters for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 10-3561 WHA, **Oracle America, Inc., vs. Google, Inc.**, were reported by us, certified shorthand reporters, and were thereafter transcribed under our direction into typewriting; that the foregoing is a full, complete and true record of said proceedings at the time of filing.

                /s/ Katherine Powell Sullivan
         _____

         Katherine Powell Sullivan, CSR #5812, RPR, CRR
                      U.S. Court Reporter



                /s/ Debra L. Pas
         _____

             Debra L. Pas, CSR #11916, RMR CRR


                  Tuesday, April 23, 2012