KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Tel:     (212) 556-2100
Fax:    (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No.  CV 10-03561 WHA<br><br>**GOOGLE'S RESPONSE TO REQUEST FOR INFORMATION ON WILLFULNESS EVIDENCE (ECF NO. 1297)**<br><br>Date:　　　September 17, 2015<br>Time:　　　8:00 a.m.<br>Dept.　　　Courtroom 8, 19th Floor<br>Judge:　　Hon. William Alsup |

Pursuant to the Court's August 19, 2015 Order requesting summaries of evidence that "either party intends to present to the jury on the issue of willfulness that would not be relevant to any other issues to be tried to the jury," ECF No. 1297, Google hereby responds as follows:

Although Google does not yet know the full scope of evidence that Oracle seeks to present on the issue of willfulness, Google is not presently aware of any additional evidence that it would present to the jury to rebut a willfulness claim that would not also be relevant to Google's fair use defense.

Google wishes to note, however, that the presence or absence of overlapping evidence between fair use and willfulness is not ultimately dispositive of Google's pending motion to preclude the submission of the issue of willfulness to the jury. ECF No. 1284 ("Motion"). In bringing its Motion, Google is not asking the Court to exclude any specific evidence, or categories of evidence, that would otherwise be admissible. Rather, as the title indicates, Google's Motion seeks to preclude Oracle from submitting a willfulness question to the jury—and from otherwise arguing that willfulness is an issue that the jury must resolve—unless and until Oracle elects to receive statutory damages under 17 U.S.C. § 504(c) in lieu of an award of actual damages and any additional disgorged profits under 17 U.S.C. § 504(b). This is because, as discussed more fully in Google's motion filed on August 6 (ECF No. 1284), willfulness is not relevant to any of the remaining issues in this case *except* as a potential enhancement to a statutory damages award. And given that Oracle previously demanded close to $1 billion dollars in actual damages and disgorged profits during the last trial, Oracle realistically will not abandon that billion-dollar claim for relief in order to elect to receive a maximum of $150,000 in statutory damages for each of the two copyrighted works at issue.

Dated:  September 1, 2015                                       KEKER & VAN NEST LLP

                                                                By:    */s/ Robert A. Van Nest*
                                                                       ROBERT A. VAN NEST
                                                                       CHRISTA M. ANDERSON
                                                                       DANIEL PURCELL

                                                                Attorneys for Defendant
                                                                GOOGLE INC.