ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br>  Plaintiff, <br>  v. <br><br> GOOGLE INC., <br><br>  Defendant. | Case No. CV 10-03561 WHA <br><br> **ORACLE'S STATEMENT REGARDING WILLFULNESS EVIDENCE PER ECF NO. 1297** <br><br> Dept.: Courtroom 8, 19th Floor <br> Judge: Honorable William H. Alsup |

Pursuant to the Court's Request for Information on Willfulness Evidence, ECF No. 1297, Oracle hereby submits a statement identifying what evidence Oracle "intends to present to the jury on the issue of willfulness that would not be relevant to any other issues to be tried by the jury." The short answer to the Court's request is that all of Oracle's evidence on willfulness will also be relevant to one or more other questions in the case, and so Oracle will present *no* evidence to the jury that exclusively goes to the issue of willfulness. A more explanatory response follows.

## I. SUMMARY OF ORACLE'S EVIDENCE OF WILLFULNESS

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (quotation marks omitted). Accordingly, the evidence that Oracle will present to the jury on the issue of willfulness includes, but is not limited to, evidence showing: (1) that Google knew that Sun, and later Oracle, claimed copyright in the materials at issue; (2) that Google understood that it needed to take a license and that its conduct would harm the Java platform through incompatibility; (3) that Google chose to use—and to continue using—the copyrighted materials without a license; (4) that Google's profit motive and desire to secure its position in the mobile market outweighed all other considerations; (5) that Google willfully infringed because it believed it had no viable technical alternative; and (6) that Google attempted to conceal its use of the copyrighted materials from Sun for as long as possible. Oracle summarized some of this evidence in its Opposition to Google's Motion to Preclude Submission of Willfulness to Jury. ECF No. 1299 at 3-5. A larger (though not exhaustive) list of the evidence that tends to support the conclusion of Google's willfulness that will be presented to the jury is attached in chart form as Appendix A.

## II. ORACLE'S WILLFULNESS EVIDENCE IS RELEVANT TO OTHER LIABILITY- AND DAMAGES-RELATED ISSUES.

The evidence described above and in the chart attached as Appendix A, and other evidence that Oracle may introduce along similar lines, is relevant to other issues in the case. As previously described, Google's knowledge that Sun/Oracle claimed copyright and that it needed

1  to take a license but failed to do so is relevant to fair use because it shows Google's bad faith in
2  its dealings with Sun and Oracle as to the Java copyrighted works at issue.  *See* ECF No. 1299 at
3  23 (citing cases).  Evidence of Google's bad faith weighs against a finding of fair use, because
4  fair use presupposes good faith and fair dealing.  *Id.*  Google agrees.  *See* ECF No. 1302 at 2 ("As
5  Oracle itself suggests, much of the evidence relating to intent overlaps with fair use . . . ."); *id.* at
6  13 ("As Google will explain in the memorandum to be filed on September 1, the same evidence
7  on which it intends to rely to demonstrate its good faith will also be relevant and admissible in a
8  subsequent trial on Oracle's claim for willfulness and statutory damages.").
9       The willfulness evidence goes to other fair use issues as well.  For example, Google's
10 profit motive and its desire to secure its position in the mobile marketplace and its willingness
11 thereby to disregard Sun/Oracle's copyrights are relevant to the first fair use factor regarding the
12 purpose and character of Google's use of the copyrighted works.  *See Los Angeles News Serv. v.*
13 *KCAL-TV Channel 9*, 108 F.3d 1119, 1121 (9th Cir. 1997) (Whether the defendant "stands to
14 profit from exploitation of the copyrighted material without paying the customary price" is
15 relevant to the purpose and character of the use.).  Additionally, Google's knowledge that its
16 decision to make Android incompatible would harm the Java platform is evidence of market harm
17 for purposes of the fourth fair use factor.  *See Harper & Row Publishers, Inc. v. Nation*
18 *Enterprises*, 471 U.S. 539, 568 (1985) ("This inquiry must take account . . . of harm to the
19 original.").
20      The willfulness evidence is also relevant to Oracle's claim for disgorgement of profits.
21 *See* ECF No. 1299 at 10-22 (citing cases).  The willfulness evidence also supports a claim for
22 actual damages.  For example, the parties' prior licensing discussions are relevant to the
23 hypothetical license measure of actual damages.  *Polar Bear Prods. v. Timex Corp.*, 384 F.3d
24 700, 709 (9th Cir. 2004) (considering Polar Bear's "proposed license fee" relevant to the
25 calculation of a hypothetical license).

26 **III.  <u>ORACLE'S EVIDENCE ON WILLFULNESS SHOULD GO TO THE JURY.</u>**
27      Google takes the position that *no* evidence on the issue of willfulness should be presented
28 to the jury absent an election for statutory damages, and argues that there are no cases where a

1  court has instructed a jury that willfulness is relevant to disgorgement of profits.  ECF No. 1302
2  at 10.  Google is wrong.
3       In a recent copyright infringement trial in Los Angeles where the estate of Marvin Gaye
4  sued Robin Thicke and Pharrell Williams, the jury was instructed that "[o]verhead costs may not
5  be deducted where a party's infringement is willful."  *Williams v. Bridgeport Music, Inc.*, No. LA
6  CV-13-06004 JAK (AGRx), ECF No. 322 at Jury Instruction No. 38 (C.D. Cal. Mar. 10, 2015)
7  (*see* Ex. 1 to the Declaration of Christina Von der Ahe Rayburn in Support of Oracle's Statement
8  Regarding Willfulness Evidence Per ECF No. 1297 ("VDAR Decl.")).  Marvin Gaye's family,
9  the party alleging infringement, cited *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th
10  Cir. 2000), *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985),
11  *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32 (9th Cir. 1984), and the Ninth
12  Circuit Manual of Model Civil Jury Instruction § 17.27 (2007), for the proposition that "[a]
13  willful copyright infringer is not entitled to a deduction of overhead expenses."  *Williams*, ECF
14  No. 223 at 23 (VDAR Decl. Ex. 2); ECF No. 223-2 at Exh. 22 (VDAR Decl. Ex. 3); ECF No 244
15  at 27 (VDAR Decl. Ex. 4).  Thicke and Williams, the parties accused of infringement, cited *Three*
16  *Boys* and *Frank Music*, among other cases, to argue that no such instruction should be given.
17  *Williams*, ECF No. 223 at 22, 24-25 (VDAR Decl. Ex. 2); ECF No. 223-2 at Exh. 20 (VDAR
18  Decl. Ex. 5); ECF No. 244 at 7-9 (VDAR Decl. Ex. 4).   The court issued the instruction.
19  *Williams*, ECF No. 322 at Jury Instruction No. 38 (VDAR Decl. Ex. 1).  Thus, recent precedent
20  exists within this circuit for having the jury consider willfulness in the context of disgorgement of
21  profits.
22       Other cases in which courts have instructed juries that they either may or must consider
23  willfulness in their calculation of infringer's profits under 17 U.S.C. § 504(b) include:
24  - *Classic Concepts, Inc. v. Linen Source Inc.*, No. 04-cv-8088 GPS (MANx), 2007
25  Jury Instr. LEXIS 2036, *17, ECF No. 216 at 28 (C.D. Cal. Aug. 23, 2007) (jury
26  instructed that "[n]o deductions from revenues, other than cost of goods sold, are
27  permitted to willful infringers") (VDAR Decl. Ex. 6).
28  - *Liu v. Price Waterhouse LLP*, No. 97 CV 3093, 2000 WL 1644585, at *6 (N.D. Ill.

Oct. 30, 2000) (jury instruction prohibited "any deductions for overhead" if infringement was willful).

- *Plain Jane, Inc. v. Lechters, Inc.*, No. CIV.A. 95-2724, 1995 WL 608483, at *6, *8 (E.D. La. Oct. 17, 1995) ("If defendants willfully, consciously and deliberately infringed plaintiff's copyright, the jury need not deduct defendants' expenses for income taxes and overhead costs (*i.e.*, indirect costs) from defendants' profits during any time period in which their infringement was willful, conscious, and deliberate.").

- *Banff Ltd. v. Express, Inc.*, 921 F. Supp. 1065, 1070, n.4 (S.D.N.Y. 1995) (jury instructed that "taxes should not be deducted . . . if you find that Express itself intentionally or willfully infringed").

- *Harper House, Inc. v. Thomas Nelson, Inc.*, No. CV 85-4225-PAR, 1987 WL 30581, at *8-9 (C.D. Cal. Aug. 28, 1987), *rev'd on other grounds*, 889 F.2d 197 (9th Cir. 1989) (not plain error to instruct jury "to ignore overhead deductions upon a finding of willfulness").

- *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, No. 08-cv-04810-THK, 2010 Jury Instr. LEXIS 1405, *85 (S.D.N.Y. Dec. 24, 2010) (parties agreed to instruct the jury that "if you find that the Warrior Fitness' infringement is willful, then defendants are not entitled to any deduction for overhead.") (VDAR Decl. Ex. 7).

| | |
|---|---|
| Dated: September 1, 2015 | KAREN G. JOHNSON-MCKEWAN<br>ANNETTE L. HURST<br>GABRIEL M. RAMSEY<br>PETER A. BICKS<br>LISA T. SIMPSON<br>Orrick, Herrington & Sutcliffe LLP |
| | By: */s/ Annette L. Hurst*<br>      ANNETTE L. HURST |
| | Attorneys for Plaintiff<br>ORACLE AMERICA, INC. |