# EXHIBIT 1

FILED
CLERK, U.S. DISTRICT COURT
MAR 10 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PHARRELL WILLIAMS, et al.,

        Plaintiff(s),

  v.

BRIDGEPORT MUSIC, INC., et al.,

        Defendant(s).

Case No. LA CV13-06004 JAK (AGRx)

**JURY INSTRUCTIONS**

## INSTRUCTION NO. 38

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the Thicke Parties' profits only if you find that the Gaye Parties showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The Thicke Parties' profit is determined by deducting all expenses from the Thicke Parties' gross revenue.

The Thicke Parties' gross revenue is all of the Thicke Parties' receipts from the use or exploitation of the copyrighted works. The Gaye Parties have the burden of proving the Thicke Parties' gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, or production costs incurred in producing the Thicke Parties' gross revenue. The Thicke Parties have the burden of proving the Thicke Parties' expenses by a preponderance of the evidence. Overhead costs may not be deducted where a party's infringement is willful.

Unless you find that a portion of the profit from the use or exploitation of the copyrighted works is attributable to factors other than the use or exploitation of the copyrighted works, all of the profit is to be attributed to the infringement. The Thicke Parties have the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.