# EXHIBIT 2

| | |
|---|---|
| 1 | KING, HOLMES, PATERNO & BERLINER, LLP<br>HOWARD E. KING, ESQ., STATE BAR NO. 77012 |
| 2 | STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514<br>ROTHSCHILD@KHPBLAW.COM |
| 3 | SETH MILLER, ESQ., STATE BAR NO. 175130<br>MILLER@KHPBLAW.COM |
| 4 | 1900 AVENUE OF THE STARS, 25TH FLOOR<br>LOS ANGELES, CALIFORNIA 90067-4506 |
| 5 | TELEPHONE: (310) 282-8989<br>FACSIMILE:  (310) 282-8903 |
| 6 | |
| 7 | Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD |
| 8 | HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH |
| 9 | PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a |
| 10 | HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN |
| 11 | RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and |
| 12 | UNIVERSAL MUSIC DISTRIBUTION |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**JOINT [PROPOSED] JURY INSTRUCTIONS**<br><br>**Final Pretrial Conference:**<br>Date:  January 26, 2015<br>Time:  3:00 p.m.<br>Ctrm.:  750<br><br>**Jury Trial:**<br>Date:  February 10, 2015<br>Time:  9:00 a.m.<br>Ctrm.:  750<br><br>Action Commenced: August 15, 2013 |
| AND RELATED COUNTERCLAIMS. | |

/ / /

/ / /

4112.060/847283.1

1     <u>Defendants' contentions</u>:

2     This instruction represents an accurate statement of the law. The jury must understand the concept of joint and several liability in a copyright case, and that a party is responsible for distributing infringing material even if it did not create the work or know that it was infringing. Otherwise, the jury might believe that a distributor or publisher who was not involved in the creation of the song should not be held financially responsible.

**Tab 20:**

    <u>Plaintiffs' contentions</u>: The parties' respective instructions on infringer's profits (MCJI § 17.24) are similar other than naming conventions for the parties ("Counter-Claimants" as opposed to "Gaye Parties" etc.).

    In addition, the cases cited by Plaintiffs make clear that it is a rare instance where all profits are attributable to the infringement. When all of the profits do not clearly derive from the infringing material, the copyright owner is not entitled to recover all of the profits, and apportionment of just those profits attributable to the infringing material is required. *Three Boys,* 212 F.2d at 487 (citing cases); *Frank Music Corp. v Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1548-49 (9th Cir. 1989); *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828-29 (9th Cir. 1985) ("In cases such as this where an infringer's profits are not entirely due to the infringement, and the evidence suggests some division which may rationally be used as a springboard it is the duty of the court to make some apportionment")(quoting *Orgel v. Clark Boardman Co.,* 301 F.2d 119, 121 (2d Cir. 1962)).

    The last paragraph of Plaintiffs' instruction states that unless the jury finds that all profits are attributable to the infringement, the jury must apportion damages. Defendants' instruction states this concept in the reverse order. Plaintiffs' cite authorities in their instruction that support their wording, *i.e.*, since it is the <u>rare</u> case where <u>all</u> profits are recoverable.

/ / /

Defendants' contentions:

The Gayes object to Proposed Court's Instruction No. 17.24 as an incorrect statement of the law. First, Proposed Court's Instruction No. 17.24 incorrectly states that Plaintiffs and Counter-Defendants' are entitled to deduct overhead expenses from the damages owed the Gayes. First, overhead expenses are deductible only where the overhead in question contributed to sales of the infringing product. *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32 (9th Cir. 1984). Additionally, the facts will show that Plaintiffs and Counter-Defendants' action were willful. A willful copyright infringer is not entitled to a deduction of overhead expenses. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985).

Additionally, this instruction misstates the burden in proving the profits attributable to the infringement by attempting to put the burden on the Gayes to prove what portion of Plaintiffs and Counter-Defendants' profits are attributable to the infringement. The burden on the Gayes is solely to prove revenue. The burden then shifts to the Plaintiffs and Counter-Defendant to prove by a preponderance of the evidence any deductions. *See Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014); *Blizzard Entm't, Inc. v. Reeves*, 2010 WL 4054095, at *1 (C.D. Cal. Aug. 10, 2010). The Gayes' Proposed Court's Instruction No. 44 correctly sets forth this methodology.

**Tab 21:**

Plaintiffs' contentions: Defendants' instruction is unsupported by its cited authorities and is not a correct statement of the law here. Plaintiffs contend that apportionment is required here both because: (a) at most, the allegedly copied portions of Defendants' compositions are only a fraction of Plaintiffs' works; and (b) other factors, such as extensive marketing and promotion, the fame and fan base of Robin Thicke and Pharrell Williams, etc., contributed to the success of "Blurred Lines." Accordingly, even were the jury to find that the allegedly copied portions of

"Got to Give It Up" are "inextricably intertwined" with "Blurred Lines," the jury would still need to consider apportionment on the basis of other, non-musical factors. Defendants' proposed instruction is erroneous and should be rejected.

<u>Defendants' contentions</u>:

This instruction represents an accurate statement of the law. The jury must understand the concept of the "inextricably" intertwined infringing "product" for purposes of apportioning damages, and that the infringer must disgorge all profits if the infringing and noninfringing elements are so inextricably intertwined that they may not be reasonably separated. As set forth in the citations to the jury instruction, this is a basic tenet of a damages analysis in a copyright infringement action and a jury must be so instructed.

**Tab 22:**

<u>Plaintiffs' contentions</u>: Plaintiffs' proposed instruction is a straightforward recitation of MCJI § 17.27. It is not objectionable and should be given as written. Defendants' proposed instruction has a number of problems (apart from the issue in many of these instructions of naming conventions for the parties, "Gaye Parties" as opposed to "Counter-Claimants"). The entire last paragraph of Defendants' instruction should be rejected. The first sentence is redundant, informal, and purports to summarize the more detailed Model Instruction in the preceding paragraph. The second sentence is not a correct statement of the law. There is no *per se* rule that continuing to infringe after being notified of the infringement constitutes willful infringement, particularly where, as here, Plaintiffs deny that their songs infringe Defendants' compositions. The case relied upon by Defendants involved a license that had expired—*i.e.*, and thus the Defendant had no argument that it had right to continue exploiting the work. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-35 (9th Cir. 1990). Here, there is no such issue. There is a dispute over whether the songs are the same (or even close). The last sentence of Defendants' instruction is off-topic and concerns deduction of overhead,

Case 2:15-cv-06004-JAK-AGR Document 223 Filed 01/21/15 Page 26 of 32 Page ID
Case 3:16-cv-02561-WHA Document 306-4 Filed 09/01/15 Page 62 of 6
#:6612

which is dealt with in separate instructions on damages and is simply confusing, redundant, and argumentative when included in the instruction on willfulness.

Defendants' contentions:

The Gayes object to Proposed Court's Instruction No. 17.27 as being incomplete. The Gayes' Proposed Court's Instruction No. 46 sets forth a complete definition of willful infringement under Ninth Circuit precedent. See *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000)); *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-36 (9th Cir. 1990)("The court found the infringements were willful because of 'Mr. Newman's deposition testimony that defendants received the December 26, 1984 notice of termination, failed to account for and pay royalties, yet nevertheless continued to manufacture and distribute phonorecords.'"); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985); *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32 (9th Cir. 1984).

**Tab 23:**

Plaintiffs' contentions: Defendants' proposed separate instructions on portions of the statutory damages analysis are specially drafted yet more confusing and less comprehensible than the standard instruction, MCJI § 17.25. MCJI § 17.25 is part of the agreed instructions (*see* Exhibit A hereto, second to last instruction), and fully covers the statutory damages award in a neutral, clear, concise manner. Defendants' proposed separate instructions are incomplete and should be rejected.

Defendants' contentions:

This instruction represents an accurate statement of the law.

**Tab 24:**

Plaintiffs' contentions: Defendants' proposed instruction on foreign profits is ambiguous because it is not specific to each party. The instruction does not make clear that the foreign profits of a <u>particular Plaintiff</u> are recoverable only if <u>that particular Plaintiff</u> committed an infringing act entirely in the United States that