# EXHIBIT 3

**EXHIBIT 22**

*Plaintiffs' Proposed Instruction*:

### 17.27 COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT
### (17 U.S.C. § 504(c)(2))

An infringement is considered willful when the Gaye Parties have proved both of the following elements by a preponderance of the evidence:

1.  the Thicke Parties engaged in acts that infringed the copyright; and

2.  the Thicke Parties knew that those acts infringed the copyright.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 17.27 (2007).

*Defendants' Proposed Instruction*:

COURT'S INSTRUCTION NO. 46

An infringement is considered willful when Counter-Claimants have proved both of the following elements by a preponderance of the evidence:

    (1) Plaintiffs and Counter-Defendants engaged in acts that infringed the copyright;

    (2) Plaintiffs and Counter-Defendants knew that those acts infringed the copyright.

Willful is defined as Plaintiffs and Counter-Defendant's knowledge that their conduct constituted an act of infringement. Even if infringement was originally without knowledge, continuing to engage in infringing activities, including the performance, manufacture and/or distribution of songs and records, after having been notified that such actions constitute infringement, constitutes willful copyright infringement. Deductions of Plaintiffs and Counter-Defendants' overhead expenses are not permitted where the Plaintiffs and Counter-Defendants infringement is willful or deliberate.

Authority: Ninth Circuit Manual of Model Civil Jury Instruction § 17.27 (2007). ("[A] finding of willfulness can also be made in connection with an assessment of defendant's profits, even though reference to willful infringement is made only in connection with statutory damages." See, e.g., *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir.2000)); *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-36 (9th Cir. 1990)("The court found the infringements were willful because of 'Mr. Newman's deposition testimony that defendants received the December 26, 1984 notice of termination, failed to account for and pay royalties, yet nevertheless continued to manufacture and distribute phonorecords.'"); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985); *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32 (9th Cir.1984).