# EXHIBIT 4

KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
SETH MILLER, ESQ., STATE BAR NO. 175130
MILLER@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**AMENDED NOTICE OF DISPUTED JURY INSTRUCTIONS**<br><br>**Jury Trial:**<br>Date: February 10, 2015<br>Time: 9:00 a.m.<br>Ctrm.: 750<br><br>Action Commenced: August 15, 2013 |

/ / /

/ / /

4112.060/851538.1

1  original work *may* include elements taken from the public domain or be derivative
2  of a prior work, <u>copyright does not extend</u> to any portions taken from the public
3  domain or that are derivative of a prior work. That concept is explained fully in
4  agreed Special Instruction No. 3: Protected Expression (*see* Exhibit A hereto) in the
5  context in which it is relevant. Defendants' insertion of unrelated issues in an
6  incomplete and confusing manner in the form instruction is confusing and
7  misleading. MCJI § 17.12 should be given unmodified as set forth in Plaintiffs'
8  proposed instruction. Defendants have no reason to modify the model instruction.

9  **TAB 4:** The parties' respective instructions on infringer's profits (MCJI
10 § 17.24) are similar other than naming conventions for the parties ("Counter-
11 Claimants," etc. in Defendants' instruction as opposed to "Gaye Parties," etc. in
12 Plaintiffs' instruction). The "Gaye Parties" naming convention is more jury-ready.

13 The cases cited by Plaintiffs make clear that it is a <u>rare</u> instance where all
14 profits are attributable to the infringement. When all of the profits do not clearly
15 derive from the infringing material, the copyright owner is not entitled to recover all
16 of the profits, and apportionment of just those profits attributable to the infringing
17 material is required. *Three Boys,* 212 F.2d at 487 (citing cases); *Frank Music Corp.*
18 *v Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1548-49 (9th Cir. 1989); *Cream*
19 *Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828-29 (9th Cir. 1985) ("In
20 cases such as this where an infringer's profits are not entirely due to the
21 infringement, and the evidence suggests some division which may rationally be used
22 as a springboard it is the duty of the court to make some apportionment")(quoting
23 *Orgel v. Clark Boardman Co.,* 301 F.2d 119, 121 (2d Cir. 1962)).

24 The last paragraph of Plaintiffs' instruction states that unless the jury finds
25 that <u>*all*</u> profits are attributable to the infringement, the jury must apportion damages.
26 Defendants' instruction states this concept in the reverse order and awards *all* profits
27 unless some portion are not attributable to the infringement. Plaintiffs' cite
28 authorities in their instruction that support their wording, *i.e.*, since it is the <u>rare</u> case

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/851538.1                                 7

where <u>all</u> profits are recoverable. Here, there is simply no possibility that all profits are attributable to the alleged copying of Marvin Gaye's composition since the portions in the Deposit Copy alleged to be similar are only a fraction of Plaintiffs' songs, including that the entire instrumental portion of Plaintiffs' songs are not found in the Deposit Copies so cannot infringe Defendants' copyrights. Plus, there was an extensive marketing campaign here, including a viral music video, that contributed to the success of "Blurred Lines." Apportionment is required here (assuming Plaintiffs put on evidence to support apportionment, which they will).

**TAB 5:** Plaintiffs' proposed instruction is a straightforward recitation of MCJI § 17.27. It is not objectionable for any reason and should be given as written.

Defendants provide no grounds for using their *special* instruction on this topic. Defendants' instruction bears no resemblance to MCJI § 17.27.

For starters, Defendants' instruction does not clearly set forth (or at all) the two elements necessary for willful infringement: (a) acts that infringed; and (b) knowledge. MCJI § 17.27. Defendants want the jury to ignore the legal elements.

Defendants' proposed instruction has a number of other problems (apart from using the confusing "Counter-Claimants," etc. naming conventions for the parties rather than the more accessible "Gaye Parties"/ "Thicke Parties" convention).

The **first sentence** of Defendants' instruction should be rejected because it improperly reduces the concept of willful infringement to "knowledge" that conduct was infringing—but the jury also must find that the willful infringer engage in "acts that infringed" the copyright. *See* MCJI § 17.27. The legal standard is incomplete as expressed in Defendants' instruction and is intended to mislead or confuse the jury.

The second sentence is not a correct statement of the law. There is no *per se* rule that continuing to infringe after being notified of the infringement constitutes willful infringement, particularly where, as here, Plaintiffs <u>deny</u> that their songs

infringe Defendants' compositions. The case relied upon by Defendants involved a license to use a copyrighted work that had expired, and the infringer's use of the work without a license—*i.e.*, and thus the Defendant had no argument that it had right to continue exploiting the work. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-35 (9th Cir. 1990). Here, there is no issue of an expired license. *Peer* is inapposite. There is no rule of law that any and all use after notice constitutes "willful" infringement, nor do Defendants' cases support this blanket statement in the second sentence of their proposed instruction.

The **last sentence** of Defendants' instruction concerns deduction of overhead, which is dealt with in separate instructions on damages and is confusing, redundant, and argumentative when included in the instruction on willful infringement.

Defendants' instruction is erroneous and misleads. The Court should give Plaintiffs' proposed model instruction, MCJI § 17.27, without annotation.

**TAB 6:** Plaintiffs' proposed instruction sets forth MCJI § 17.26 without modification. It is the standard copyright instruction on innocent infringement. Innocent infringement is an issue on which Plaintiffs bear the burden of proof and is relevant to statutory damages as is explained to the jury in other statutory damages instructions proposed by Plaintiffs and as they will be asked to determine in their verdict. Plaintiffs' model instruction is appropriate, fair, and should be given here.

**TAB 7:** The parties have <u>agreed</u> on the Ninth Circuit MCJI version of this instruction, MCJI § 1.11 ("Credibility of Witnesses"). [*See* Exhibit A hereto.] The CACI version is longer, less concise, less clear, and duplicative of the MCJI form. Two instructions are potentially confusing and, at a minimum, merely cumulative. The Court should only use MCJI § 1.11 (set forth in Exhibit A hereto).

**TAB 8:** Defendants' specially written instruction on the inverse ratio rule is inapplicable. Access is conceded here, so the inverse ratio rule is irrelevant. Indeed, the parties previously <u>agreed to stipulate to access and set forth that stipulation in an agreed jury instruction</u>, but Defendants have now withdrawn the

response to subpoena or other discovery request.")). Counter-Defendants have presented no proof the compositions were not published and as such, the presumption associated with the registration is binding on the Court and the jury. There is no need for the third paragraph of Counter-Defendants' Proposed Instruction, because as a matter of law, the registrations evidence ownership of the copyrighted compositions.

**татв 3**

TAB 3

Plaintiff's Proposed Instruction is incomplete and does not define the "original element" it references. Plaintiffs specifically deleted the first line of the MCJI that defines "original element." Additionally, Plaintiffs' fails to address that an original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others with the owner's permission as noted in the first sentence of the Model Rule. As a result, it does not fully inform the jury of all the law necessary for it to make a legally correct decision.

The Gaye's proposed Instruction No. 24A is a complete instruction that sets forth the legally correct definition of "original element" as defined by the Supreme Court in *Feist Publications, Inc.* v. *Rural Telephone Service Co., Inc.,* 499 U.S. 340, 345-46 (1991). Furthermore, the last sentence in instruction 24A comes directly from the Ninth Circuit's Model Instruction 17.12.

**TAB 4**

The Gayes' Proposed Instruction accurately reflects the Ninth Circuit's framework for properly calculating actual damages.

Plaintiffs' Proposed Instruction misstates how the calculation of copyright damages must be made by attempting to incorrectly shift a burden from themselves to the Gayes. Counter-Defendants' Proposed Instruction puts the burden on the Gayes to prove apportionment of profits. The law is clear that in proving copyright damages, a plaintiff must first prove total revenue. That is the only burden on the

1 Gayes. The burden then shifts to the copyright defendant, Plaintiffs in this action, to
2 prove any deductions, including deductions related to apportionment. *Three Boys*
3 *Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000) (citing *Cream Records,*
4 *Inc. v. Jos. Schlitz Brewing Co.,* 754 F.2d 826, 828 (9th Cir.1985); *Gaste v.*
5 *Kaiserman,* 863 F.2d 1061 1070 (2d Cir. 1988) (finding that where there is
6 "imprecision in the computation of expenses, a court should err on the side of
7 guaranteeing the plaintiff a full recovery")). *See also Oracle Corp.* v. *SAP AG,* 765
8 F.3d 1081, 1087 (9th Cir. 2014); *Blizzard Entm 't, Inc.* v. *Reeves,* 2010 WL
9 4054095, at * 1 (C.D. Cal. Aug. 10,2010).

10 Plaintiffs Proposed Instruction also incorrectly states the law by saying that
11 Plaintiffs are entitled to deduct overhead expenses from the damages owed the
12 Gayes. Overhead expenses are deductible only where the overhead in question
13 contributed to sales of the infringing product, which Plaintiffs bear the burden of
14 proving. *Kamar Int'l, Inc.* v. *Russ Berrie & Co.,* 752 F.2d 1326,1331-32 (9th Cir.
15 1984). Additionally, the facts will show that Plaintiffs actions were willful. A willful
16 copyright infringer is not entitled to a deduction of overhead expenses. *FrankMusic*
17 *Corp.* v. *Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 11 505, 515 (9th Cir. 1985). *See*
18 *Oracle Corp.* v. *SAP AG,* 765 F.3d 1081, 1087 (9th Cir. 2014); *Blizzard Entm 't, Inc.*
19 v. *Reeves,* 2010 WL 4054095, at * 1 (C.D. Cal. Aug. 10,2010).

20 **TAB 5**

21 Plaintiffs' Proposed Instruction 17.27 is incomplete as to the definition of
22 "willful". As discussed, in both TAB 11 and TAB 12, the jury must be given a full
23 picture of the statutory damages framework.

24 The Gayes' Proposed Supplemental Instruction 3 sets forth the Ninth
25 Circuit's definition of "willful infringement." See *Three Boys Music Corp.* v.
26 *Bolton,* 212 F.3d 477,487 (9th Cir. 2000)); *Peer Int'l Corp.* v. *Pausa Records, Inc.,*
27 909 F.2d 1332, 1335-36 (9th Cir. 1990)("The court found the infringements were
28 willful because of 'Mr. Newman's deposition testimony that defendants received

Case 2:15-cv-06004-JAK-AGR Document 244 Filed 02/03/15 Page 29 of 34 Page ID
Case 3:16-cv-02561-WHA Document 306-6 Filed 09/01/15 Page 8 of 9
#:7215

the December 26, 1984 notice of termination, failed to account for and pay royalties, yet nevertheless continued to manufacture and distribute phonorecords."'); *Frank Music Corp.* v. *Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 13 515 (9th Cir. 1985); *Kamar Int'l, Inc.* v. *Russ Berrie & Co.,* 752 F.2d 1326, 1331-32 14 (9th Cir. 1984). Furthermore, the Gayes' Proposed Instruction properly relies on the Comment to Model Instruction 17.27 and the authorities states therein.

> Although neither the Copyright Act nor its legislative history defines "willful," the Ninth Circuit defined willful as the defendant's "knowledge that the defendants" conduct constituted an act of infringement.' Accordingly, this instruction reflects that decision. To refute evidence of willful infringement, the defendant must "not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief." *Peer Int'l. Corp. v. Pausa Records*, Inc., 909 F.2d 1332, 1335-36, n.3 (9th Cir.1990) (a defendant who ignored the revocation of its license to a copyrighted work and continued to use the work after the revocation, willfully infringed that work). *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc*., 106 F.3d 284, 293 (9th Cir.1997) ("Willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement."), rev'd on other grounds, *Feltner v. Columbia Pictures Television, Inc*., 523 U.S.340 (1998).

Generally, deductions of defendant's expenses are denied where the defendant's infringement is willful or deliberate. *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32 (9th Cir.1984). A finding of willfulness can also be made in connection with an assessment of defendant's profits, even though reference to willful infringement is made only in connection with statutory damages. See, e.g., *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir.2000) (In case involving jury

determination of allocation of defendant's profits, the Ninth Circuit noted in connection with 17 U.S.C.§ 504(b) damages that "non-willful infringers" were entitled to deduct income taxes and management fees actually paid).

Continued use of a work even after one has been notified of his or her alleged infringement does not constitute willfulness so long as one believes reasonably, and in good faith, that he or she is not infringing. *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) (relying on *Princeton Univ. Press v. Mich. Document Servs.,* 99 F.3d 1381, 1392(6th Cir.1996) (en banc), *cert. denied,* 520 U.S. 1156, 117 S.Ct. 1336, 137 L.Ed.2d 495 (1997) ("[W]e cannot say that the defendants' belief that their copying constituted fair use was so unreasonable as to bespeak willfulness."); *see also Danjaq,* 263 F.3d at 959; 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04 (Matthew Bender rev. ed. 2012) ("[O]ne who has been notified that his conduct constitutes copyright infringement, but who reasonably and in good faith believes the contrary, is not 'willful' for these purposes.") (footnotes omitted)). There is no good faith or reasonability in this case. After spending months discussing their willful infringement, after receiving notice, Plaintiffs filed this lawsuit. Nonetheless, even after being put on notice, Plaintiffs continued to make public statements about infringement and then changed their tune after initiating this action. Plaintiffs actions were not in good faith and do not indicate a reasonable belief that their continued infringement was not willful. This instruction is, as a result, incomplete.

**TAB 6**

Plaintiffs' Proposed Instruction is an incorrect recitation of the claims and defenses at issue in this action as offered. Defendants would withdraw their objection if the Court were to offer an explanation of the purpose of a finding of innocent infringement with a proper complementary instruction that it only relates to

KING, HOLMES, PATERNO & BERLINER, LLP

4112.060/851538.1

29