# EXHIBIT 5

Case 3:10-cv-03561-WHA   Document 1306-7   Filed 09/01/15   Page 2 of 5
Case 2:13-cv-06004-JAK-AGR   Document 223-2   Filed 01/21/15   Page 53 of 77   Page ID
#:6709

**EXHIBIT 20**

Case 3:10-cv-03561-WHA   Document 1306-7   Filed 09/01/15   Page 3 of 5
Case 2:13-cv-06004-JAK-AGR   Document 223-2   Filed 01/21/15   Page 54 of 77   Page ID
#:6710

*Plaintiffs' Proposed Instruction*:

## 17.24 COPYRIGHT—DAMAGES—INFRINGER'S PROFITS (MODIFIED)
## (17 U.S.C. § 504(b))

In addition to actual damages, the copyright owner is entitled to any profits of the infringer attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the Thicke Parties' profits only if you find that the Gaye Parties showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The Thicke Parties' profit is determined by deducting all expenses from the Thicke Parties' gross revenue.

The Thicke Parties' gross revenue is all of the Thicke Parties' receipts from the use or sale of a product containing or using the copyrighted work. The Gaye Parties have the burden of proving the Thicke Parties' gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, production costs, or other costs incurred in producing the Thicke Parties' gross revenue. The Thicke Parties have the burden of proving the Thicke Parties' expenses by a preponderance of the evidence.

The Gaye Parties are not entitled to recover any of the Thicke Parties' profits from the use or sale of the Thicke Parties' work that are attributable to factors other than the copying of protected elements of the Gaye Parties' work. The Thicke Parties have the burden of proving the portion of the profit, if any, attributable to factors other than copying the copyrighted work.

Unless you find that all of the Thicke Parties' profits are attributable to the copying of the Gaye Parties' work, you must exclude from any award of profits any profits attributable to factors other than copying of the copyrighted work.


Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 17.24 (2007); *Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000); *Frank Music Corp. v Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1548-49 (9th Cir. 1989); *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828-29 (9th Cir. 1985).

*Defendants' Proposed Instruction*:

## COURT'S INSTRUCTION NO. 44

To prevent the infringer from unfairly benefitting from a wrongful act, the Copyright Act permits the copyright owner to disgorge any profits of the infringer that are attributable to the infringement.

You may not include in an award of profits any amount that you took into account in determining actual damages. You may make an award of the Plaintiffs and Counter-Defendants' profits only if you find that Counter-Claimants showed a causal nexus between the infringement and the profits generated indirectly from the infringement and/or defendant's gross revenue. A casual nexus exists when there is a link between the infringement and Plaintiffs and Counter-Defendants' revenues.

Plaintiffs and Counter-Defendants' profits are determined by deducting all expenses from the Plaintiffs and Counter-Defendants' gross revenue. Plaintiffs and Counter-Defendants' gross revenue is all of their receipts from the sales and income of the products and exploitations containing or using the copyrighted work. Counter-Claimants have the burden of proving Plaintiffs and Counter-Defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating and production costs incurred in producing Plaintiffs and Counter-Defendants' gross revenue. Plaintiffs and Counter-Defendants' has the burden of proving their expenses by a preponderance of the evidence.

Unless you find that a portion of the profits from the products or exploitations containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profits are to be attributed to the infringement. Plaintiffs and Counter-Defendants' have the burden of proving the portion of the profits, if any, attributable to factors other than infringing the copyrighted work.

Authority: Ninth Circuit Manual of Model Civil Jury Instruction § 17.23 (2007); 17 U.S.C. 504(b); *Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 714 (9th Cir. 2004), *as*

<u>Defendants' Proposed Instruction</u>:

*amended on denial of reh'g and reh'g en banc* (Oct. 25, 2004), *opinion amended on denial of reh'g,* No. 03-35188, 2004 WL 2376507 (9th Cir. Oct. 25, 2004) ("Although *Andreas* does not necessarily set the bar for what is sufficient evidence of a causal nexus, comparing Polar Bear's claim vividly highlights its deficiencies. Missing is the link between the infringement and revenue resulting from sales."); *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014); *Blizzard Entm't, Inc. v. Reeves*, 2010 WL 4054095, at *1 (C.D. Cal. Aug. 10, 2010).