# EXHIBIT 6

# CLASSIC CONCEPTS, INC. v. LINEN SOURCE INC.

CASE NO.: CV04-8088 GPS (MANx)

United States District Court for the Central District of California

August 23, 2007

**Reporter**
2007 Jury Instr. LEXIS 2036

CLASSIC CONCEPTS, INC. a New Mexico corporation, Plaintiff, v. LINEN SOURCE INC., a Florida Corporation; and DOES 1 through 10, Defendants.

**Type:** Jury Instruction

## Judges

Hon. George P. SchiavelliHon. George P. Schiavelli

## Title

JURY INSTRUCTIONS

## Text

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by [*2] the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

2007 Jury Instr. LEXIS 2036, *3

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It [*3] is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In [*4] considering the testimony of any witness, you may take into account:

    (1)   the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)   the witness's memory;

    (3)   the witness's manner while testifying;

    (4)   the witness's interest in the outcome of the case and any bias or prejudice;

    (5)   whether other evidence contradicted the witness's testimony;

    (6)   the reasonableness of the witness's testimony in light of all the evidence; and

    (7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

Languages other than English have been used during this trial.

The evidence to be considered by you is only that provided through the official court interpreters. Although some of you may know the language, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

**USE OF INTERPRETERS IN COURT**

You must not make any assumptions about a witness or [*5] a party based solely upon the use of an interpreter to assist that witness or party.

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts [*6] and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**ADVERSE INFERENCE WHEN NO EVIDENCE OR WEAKER EVIDENCE IS PRODUCED AND STRONGER EVIDENCE IS AVAILABLE**

If a party fails to produce evidence that is under that party's control and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it.

The production of weak evidence when strong is available can only lead to the conclusion that the strong would have been adverse. If you find that stronger evidence was not produced by a party, you may infer that the evidence that was not produced was adverse to that party's claims or defenses.

**PRELIMINARY INSTRUCTION-COPYRIGHT**

**DEFINITION OF COPYRIGHT** [*7]

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a graphic work. This case involves a Graphic Work.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

Case 3:10-cv-03561-WHA   Document 1306-8   Filed 09/01/15   Page 5 of 10

Page 4 of 9
2007 Jury Instr. LEXIS 2036, *7

**COPYRIGHT INTERESTS**

The copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, preparing a derivative work from, distributing, performing, or displaying, the copyrighted work. To be valid, the transfer must be in writing. The person to whom a right is transferred is called an assignee.

**HOW COPYRIGHT IS OBTAINED**

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright [*8] may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. A party may also file an application for supplemental registration to correct any mistakes that may be included in the original registration form. The supplemental registration does not cancel or otherwise change the original registration, which remains valid and in effect.

**PLAINTIFF'S BURDEN OF PROOF**

In this case, the plaintiff, Classic Concepts, Inc., contends that the Defendants, Linen Source and Hellenic Rugs have infringed the plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the Defendants, either Linen Source or Hellenic Rugs, or both, copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it [*9] is more probably true than not true that the copyrighted work was infringed.

**LIABILITY FOR INFRINGEMENT**

One who reproduces, prepares derivative works from, distributes copies of, or displays a copyrighted work publicly without authority from the copyright owner during the term of the copyright, infringes the copyright.

**PROOF OF COPYING**

To prove that the defendant copied the Plaintiff's work, the plaintiff may show that the defendant had access to the Plaintiff's copyrighted work and that there are substantial similarities between the Defendants' work and the Plaintiff's copyrighted work.

**DEFENSES TO INFRINGEMENT**

The Defendants contend that there is no copyright infringement. There is no copyright infringement where Defendants independently created the challenged work.

**COPYRIGHT _ DEFINED**

(*17 U.S.C. § 106*)

Copyright is the exclusive right to copy. This right to copy includes a number of exclusive rights, including the exclusive rights to:

   (1)  authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

   (2)  recast, transform, adapt the work, that is, prepare derivative [*10] works based upon the copyright work;

   (3)  distribute copies of the copyrighted work to the public by sale or other transfer or ownership; … and

   (4)  display publicly a copyrighted graphic work.

Case 3:10-cv-03561-WHA   Document 1306-8   Filed 09/01/15   Page 6 of 10

Page 5 of 9
2007 Jury Instr. LEXIS 2036, *10

It is the owner of a copyright who may exercise these exclusive rights to copy. The term "owner" includes the author of the work or any assignee. In general, copyright law protects against production, adaptation, distribution or display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

**COPYRIGHT INTERESTS-AUTHORSHIP**

(*17 U.S.C. § 201(A)*)

The creator of an, original work is called the author of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

**COPYRIGHT INTERESTS-JOINT AUTHORS**

(*17 U.S.C. §§ 101*, *201(A)*)

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. At the time of the joint work's [*11] creation, a joint work must have two or more authors, and

1. each author must have made a substantial and valuable contribution to the work although the contribution each author made to the joint work need not be equal;
2. each author must have intended that their contributions be merged into inseparable or interdependent parts of a unitary whole; and
3. each author must have contributed material to the joint work which could have been independently copyrighted. That is, each author supplied more than mere direction or ideas, but each author translated an idea into a fixed, tangible expression entitled to copyright protection without the contributions by the other author(s).

Each author of a joint work shares an undivided interest in the entire joint work. A copyright owner in a joint work may enforce the right to exclude others in an action for copyright infringement. One joint author may assign some or all of his or her copyright rights to the other joint author.

**COPYRIGHT INTERESTS-ASSIGNEE**

(*17 U.S.C. § 201(D)(1)*)

A copyright owner may transfer to another person all or part of the owner's property interest in the copyright, [*12] that is, the right to exclude others from copying the work. The person to whom the copyright is transferred becomes the owner of those copyright rights in the work.

To be valid, the transfer must be in writing. The person to whom this right is transferred is called an assignee. The assignee may enforce this right to exclude others in an action for copyright infringement.

**COPYRIGHT INFRINGEMENT-ORIGINALITY**

An original work may include or incorporate elements taken from prior works 01 works from the public domain. The original part[s] of the plaintiff's work are the part[s] created:

1. independently by the work's author, that is, the author did not copy it from another work; and
2. by use of at least some minimal creativity.

**COPYRIGHT - SUBJECT MATTER - IDEAS AND EXPRESSION**

(*17 U.S.C. § 102 (B)*)

Copyright law allows the owner of the copyright in an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular expression of an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the [*13] underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries. In order to protect any ideas in a work from being copied, the author must secure aome other form of legal protection, because ideas cannot be copyrighted.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular expression of that idea in the work is not copied.

**COPYRIGHT INFRINGEMENT - ELEMENTS - OWNERSHIP AND COPYING**

(17 U.S.C. §§ 501 (A)-(B))

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

(1) the plaintiff is the owner of a valid copyright; and

(2) Defendants copied original elements from the copyrighted work.

If you find that both of the elements on which the plaintiff has the burden [*14] of proof have been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the Defendants.

**COPYRIGHT INFRINGEMENT - OWNERSHIP OF VALID COPYRIGHT - DEFINITION**

(17 U.S.C. §§ 201-205)

The plaintiff is the owner of a valid copyright in Plaintiff's Diamond Kilim design if the plaintiff proves by a preponderance of the evidence that:

1. the plaintiff's work is original; and

2. the plaintiff is the author or creator of the work and/or received a transfer of the copyright rights.

**COPYRIGHT INFRINGEMENT-DEFINITION-COPYING-ACCESS AND SUBSTANTIAL SIMILARITY**

The Plaintiff claims that Defendants' each copied original elements of the plaintiff's copyrighted work. The Plaintiff has the burden of proving the following by a preponderance of the evidence:

1. that the Defendants had access to the plaintiff's copyrighted work; and

   2. that there are substantial similarities between the Defendants work and original elements of the plaintiff's copyrighted work.

A showing of access and substantial similarity creates [*15] a presumption of copying, which may be rebutted by a showing by Defendants of their independent creation without reference to Plaintiff's work.

The rule requires a lesser showing of substantial similarity if there is a strong showing of access. In the absence of any proof of access, a plaintiff can still make out a case of infringement by showing that the works are "strikingly similar."

**COPYRIGHT INFRINGEMENT-DEFINITION-COPYING-ACCESS DEFINED**

Plaintiff must show by a preponderance of the evidence that Defendants or whoever created the work owned by the Defendants had access to the Plaintiff's work. You may find that the defendant had access to the plaintiff's work if the Defendants of whoever created the work for Defendants had a reasonable opportunity to view the plaintiff's work before Defendant's work was created.

Access may be shown by:

1. a chain of events connecting Plaintiff's work and Defendants opportunity to view that work, or
2. the plaintiff's work being widely disseminated, or
3. a similarity between the Plaintiff's work and Defendant's work that is so "striking" that it is highly likely the works were not created independent of one another. [*16]

**COPYRIGHT DAMAGES & PROOF**

In Copyright infringement cases, a plaintiff that proves its case is entitled to recover actual damages and the infringer's profits.

If you find for the Plaintiff on the Plaintiff's copyright infringement claim, you must determine the Plaintiff's actual damages. Actual damages means the amount of money which will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendants.

In addition to actual damages, the Plaintiff is also entitled to recover any profits of the Defendants attributable to the infringement. However, you may not include in ar award of the Defendant's profits any amount that you have taken into account in determining actual damages.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture. The Plaintiff must prove its damages by a preponderance of the evidence. It is for you to determine what actual damages, if any, have been proved.

**COPYRIGHT-DAMAGES-DEFENDANT'S PROFITS**

(*17 U.S.C. § 504(B)*)

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You [*17] may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the Defendants' profits only if you find that the Plaintiff showed a causal relationship between the infringement and the Defendants' gross revenue.

The Defendants profit is determined by deducting all expenses from the Defendants' gross revenue.

The Defendants' gross revenue is all of the Defendants' receipts from the use of the copyrighted work associated with the infringement. The Plaintiff has the burden 01 proving the Defendants' gross revenue by a preponderance of the evidence.

Expenses are all overhead costs and production costs incurred in producing the Defendants' gross revenue. Defendants have the burden of proving their expenses by a preponderance of the evidence.

Any doubt as to the correctness of the profit calculation should be resolved in favor of the plaintiff. No deductions from revenues, other than cost of goods sold, are permitted to willful infringers.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist [*18] your memory. You should not be overly influenced by the notes.

**ELECTION OF FOREPERSON - SPECIAL VERDICT**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A form of special verdict has been prepared for your deliberations. You will take this form to the jury room. You will note that each question on the form calls for a "Yes" or "No" answer, or a damages amount. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.

As you will note from the wording of the questions, your answers to certain questions will determine whether you need to answer certain other questions.

Once you have answered all of the relevant questions as instructed on the special verdict form, the foreperson will date and sign the special verdict as so completed, and you will then return with it to the courtroom.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person [*19] will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by-one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the [*20] jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide

Case 3:10-cv-03561-WHA   Document 1306-8   Filed 09/01/15   Page 10 of 10

Page 9 of 9
2007 Jury Instr. LEXIS 2036, *20

the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief [*21] as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**RETURN OF VERDICT**

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

[MISSING PAGES]