# EXHIBIT 6

**From:** JCooper@fbm.com
**Sent:** Wednesday, September 09, 2015 4:28 PM
**To:** Hurst, Annette L.
**Cc:** Daniel Purcell; Oracle/Google-OHS Only
**Subject:** Re: Dr. Kearl's report and testimony in Apple v. Samsung

Annette:

Dr. Kearl does not have an unredacted copy in his control because it is controlled by the protective order in Apple v Samsung which prohibits him from producing the unredacted document in the present case.

John

John L. Cooper
Farella Braun + Martel LLP
Direct: 415 954 4410
jcooper@fbm.com

On Sep 8, 2015, at 10:12 PM, Hurst, Annette L. <ahurst@orrick.com> wrote:

John:

Does he have the document in his possession? It is nearly impossible to imagine that he does not have a final copy of his report with schedules in his possession. I'm not interested in debating the niceties of whether he is beholden to someone else for how he discloses it. I'd like to know if he has it in his possession and failed to turn it over despite the Court's order.

Thank you.

Annette

On Sep 8, 2015, at 3:45 PM, jcooper@fbm.com wrote:

Annette:

I am representing to the parties in the present action, Oracle v. Google, pending before Judge Alsup, that Dr. Kearl does not have within his control an unredacted complete copy of his report with schedules.

John

---

**From:** Hurst, Annette L. [mailto:ahurst@orrick.com]
**Sent:** Tuesday, September 08, 2015 11:14 AM
**To:** Cooper, John (19) x4410

**Cc:** Daniel Purcell
**Subject:** Re: Dr. Kearl's report and testimony in Apple v. Samsung

John:

Are you representing to us that Dr. Kearl does not possess or have within his control a complete copy of his report with schedules in unredacted form?

Annette

On Sep 3, 2015, at 10:22 AM, "JCooper@fbm.com" <JCooper@fbm.com> wrote:

Annette:

This message responds to the email below that you sent to me yesterday evening. Dr. Kearl addressed the issues raised in your email in his attached response dated August 13, 2105 filed in response to Judge Alsup's request for comment dated August 4, 2015.

Regarding the redactions, neither Dr. Kearl nor anyone working with or for him made any of the redactions to the materials produced to you on August 20, 2015 from the Apple v. Samsung litigation. The materials as redacted and produced to you are what Apple and Samsung provided to Dr. Kearl in response to Judge Alsup's order dated July 31, 2015. Counsel for Apple and Samsung in the Apple v. Samsung action are set forth below. Please contact them regarding obtaining unredacted copies of Dr. Kearl's materials in that action. Dr. Kearl has no objection to producing unredacted versions of this material to you.

Counsel for Apple

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Counsel for Samsung

Christopher Price
Of Counsel
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

213-443-3238 Direct
213-443-3000 Main Office Number
213-443-3100 Fax

Regards, John

---

**From:** Hurst, Annette L. [mailto:ahurst@orrick.com]
**Sent:** Wednesday, September 02, 2015 5:30 PM
**To:** Cooper, John (19) x4410
**Cc:** Daniel Purcell
**Subject:** Re: Dr. Kearl's report and testimony in Apple v. Samsung

John:

We remain deeply concerned with the approach to this matter involving Dr. Kearl. At the hearing, your colleague represented that he was a "neutral expert." The documents you produced made clear he was retained by Samsung as an expert like any other expert and was paid at least $340,000 for that service. The case was about Android.

The materials you provided are heavily redacted, making it impossible to fully ascertain Dr. Kearl's analysis. For example, Dr. Kearl's Corrected Expert Report states for one patent that [REDACTED] Corrected Report 40. Tables 17a - 17f are nearly entirely redacted, making it impossible to understand the basis for Dr. Kearl's approach to the lump sum calculation. The same is true for the other patents: Tables 21a-21e, 22a-22e, 25a-25b, 26a-26b, 26d, 30, and 32 are all nearly fully redacted in Dr. Kearl's August 12, 2013 Report, and not even included in the August 19, 2013 Corrected Report. Similarly, the entirety of document KEARL01405 is redacted. Without these materials in their entirety, we cannot understand Dr. Kearl's approach to the royalty analysis.

Judge Alsup's order to produce these materials did not permit any redactions. Moreover, the notion that a court-appointed Rule 706 expert would conceal work from the parties is inconsistent with the terms upon which Dr. Kearl was appointed as an advisor to the Court and with any standard for measuring possible bias that may relate to this case. Cross-examination can hardly cure the matter if we can't even get the material upon which to examine the witness (nor, in any event, do we believe we should have to cross-examine a court-appointed neutral expert for bias). As you know, there may be a hypothetical license actual damages theory in this case, and there may also be other damages theories that involve apportionment. Dr. Kearl's work may indicate an approach he

believes to be correct on these matters, but with the redactions this is not possible to evaluate.

There is a protective order in this case that should take care of any concerns.

Please provide us with the full and unredacted schedules accompanying each report by September 4, 2015. Oracle's motion to disqualify Dr. Kearl, if any, is due September 10. If we need to take this up with the Court, then we will, but I hope that will not be necessary.

Thanks.

Annette