1  John L. Cooper (State Bar No. 050324)
   jcooper@fbm.com
2  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
3  San Francisco, CA 94104
   Telephone: (415) 954-4400
4  Facsimile: (415) 954-4480

5  Attorneys for Rule 706 Expert, James R. Kearl

6

7

8                        UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12  ORACLE AMERICA, INC.,                    Case No. C 10-3561 WHA

13               Plaintiff,                  DR. KEARL'S RESPONSE TO ORACLE'S
                                             STATEMENT REGARDING DR. KEARL'S
14  vs.                                      LACK OF COMPLIANCE WITH THE
                                             COURT'S ORDER
15  GOOGLE, INC.,

16               Defendant.

17

18  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19         By Order dated August 30, 2011 (Doc #374) Dr. Kearl was appointed in this case to serve

20  as a Rule 706 expert. The procedures applicable to Dr. Kearl as a Rule 706 expert are set forth in

21  the September 9, 2011 Order, Doc #413.

22         Dr. Kearl's appointment as a Rule 706 expert is consistent with the ruling of the Federal

23  Circuit in *Monolithic Power Systems, Inc. v. 02 Micro International Limited,* 585 F.3d 1341 (Fed.

24  Cir 2009).

25         By Order dated July 31, 2015 (Doc #1277) the Court ordered that "Any motions to

26  disqualify Dr. Kearl are due by September 10, 2015." Google stipulated on September 10, 2015

27  (Doc #1309) to the continued engagement of Dr. Kearl as a Rule 706 expert. On September 10,

28  2015, Oracle filed "Oracle's Statement Regarding Dr. Kearl's Lack of Compliance (Doc #1311)

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

27152\5046031.1

DR. KEARL'S RESPONSE TO ORACLE'S STATEMENT RE DR. KEARL'S LACK OF COMPLIANCE WITH THE COURT'S ORDER

1    with the Court's Order." Oracle has not filed a motion to disqualify Dr. Kearl from serving as a

2    court appointed Rule 706 expert.

3         Oracle complains that in response to this Court's Order of July 31, 2015 (Doc #1277) it

4    received redacted copies of Dr. Kearl's report and testimony.  Oracle makes this complaint

5    notwithstanding that it failed to make an effort directed to the controlling parties to obtain timely

6    compliance with the Protective Order in *Apple v. Samsung.*  Exhibit 7 to September 10, 2015

7    Declaration of Annette Hurst.  Paragraph 14 on page 21 of that protective order provides:

8

9         (a) If at any time Protected Material is subpoenaed by any
     court, arbitral, administrative, or legislative body, the Party to
10    whom the subpoena or other request is directed shall immediately
     give prompt written notice thereof to every Party who has
11    produced such Discovery Material and to its counsel and shall
     provide each such Party with an opportunity to move for a
12    protective order regarding the production of Protected Materials
     implicated by the subpoena.
13

14        Both Apple and Samsung were notified in accordance with this provision of the July 31,

15    2015 Order for production of Dr. Kearl's report and testimony in *Apple v. Samsung.*  Neither

16    party in response made a motion for a protective order, rather they worked together and stipulated

17    to production of the redacted materials.  The redacted materials were produced to the parties in

18    this case on August 20, 2015.  Dr. Kearl did not redact a single thing and, as he indicated through

19    counsel to Oracle, has absolutely no problem in providing parties to this litigation an unredacted

20    version of his report and testimony should Apple and Samsung agree to do so.  Absent some

21    relief from the *Apple v Samsung* protective order, however, Dr. Kearl is not at liberty to produce

22    an unredacted version of his report and testimony.  Oracle knew on August 20 that portions of the

23    materials produced had been redacted.  Oracle did not initiate discussion with counsel for Dr.

24    Kearl until September 2, 13 days later.  On September 3 counsel for Dr. Kearl responded to

25    counsel for Oracle informing her that the materials produced were the result of stipulation

26    between Apple and Samsung, Exhibit 6 to September 10, 2015 Declaration of Annette Hurst.

27    Counsel for Dr. Kearl provided Oracle with contact information for counsel for Apple and

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 2 -

27152\5046031.1

DR. KEARL'S RESPONSE TO ORACLE'S STATEMENT RE DR. KEARL'S LACK OF COMPLIANCE WITH THE COURT'S ORDER

1   Samsung.  One of the counsel for Apple, Morrison Foerster, is counsel for Oracle in the present

2   case, thus communication would not have been difficult.

3          There is no suggestion that counsel for Oracle has contacted counsel for Apple or

4   Samsung to comply with paragraph 14 of the *Apple v. Samsung* protective order to seek an

5   unredacted version of Dr. Kearl's materials.  Counsel for Oracle repeatedly asked counsel for Dr.

6   Kearl to ignore the provisions of the protective order in the *Apple v. Samsung* action and produce

7   unredacted versions of Dr. Kearl's materials.  There is time for Oracle to contact counsel for

8   Apple and Samsung to seek compliance with paragraph 14 of the protective order in the *Apple v.*

9   *Samsung* action if that is their desire.  However, it appears that their real desire is not to obtain

10  unredacted versions of Dr. Kearl's materials but to establish grounds to disqualify him.  Dr.

11  Kearl's failure to do Oracle's work is not grounds for his disqualification.

12         By Order dated September 9, 2011 (Doc #413) the Court provided that "The purpose of

13  Dr. Kearl's appointment [as a Rule 706 expert] is to provide an independent professional

14  analysis...."  Notwithstanding that Dr. Kearl was retained and paid by Samsung in the *Apple v.*

15  *Samsung* action, Oracle has made no showing that he was not an "independent" expert expressing

16  his own professional opinion in that action as he has and will in the present action.  It is common

17  knowledge that expert witnesses are paid by one party or the other but that does not compromise

18  their independence or professionalism in expressing their expert opinions.  This is the case for Dr.

19  Kearl as a Rule 706 expert as well as for the other expert witnesses for the parties in the present

20  case.  Oracle can fully probe Dr. Kearl's analysis and opinions in cross examination.  See Order

21  dated September 9, 2011, Doc #413.

22         The Federal Circuit in *Monolithic Power Systems, Inc. (supra)* addressed Oracle's

23  expressed concern about any undue influence of a Rule 706 expert:

24             The district court properly exercised this discretion, taking care to instruct
               the jury that it should not assign Dr. Santi's [Rule 706] opinion greater
25             inherent weight on accord of his independent status.

26             You should not give any greater weight to Professor Santi's
               opinion testimony than to the testimony of any other witness
27             simply because the court ordered the parties to retain an

28

DR. KEARL'S RESPONSE TO ORACLE'S STATEMENT RE DR. KEARL'S LACK OF COMPLIANCE WITH THE COURT'S ORDER

independent witness. In evaluating his opinion, you should
carefully assess the nature of and basis for Professor Santi's
opinion just as you would do with any other witness'
opinion.

*Id. at p. 1347*

Oracle states that the *Apple v. Samsung* action was about Andriod. Oracle further states:

Thus, Oracle faces the prospect that Dr. Kearl's expenses were either
reimbursed or subsidized in some material respect by Google because he
was part of a broader strategy of defending Android—and that Dr. Kearl
knows or suspects that is the case. See page 4 of Doc #1311.

Dr. Kearl in his August 13, 2015 response to request for comment, Doc. #1294, indicated that his

analysis was focused solely on Samsung-owned patents asserted against Apple:

Moreover, since Dr. Kearl's analysis focused on the value of the asserted
patents in the Apple products, to the degree that a mobile operating system
or platform was relevant, that operating system would have been the
Apple iOS operating system and not Android. See page 2 of Doc #1294.

As Dr. Kearl stated in his response to the Court's request for comment, Doc #1294, he

was not involved in any "strategy of defending Andriod" in *Apple v. Samsung* – he was retained

to value certain patents that Samsung asserted against Apple, nothing more. He further stated that

his analysis in that matter was not directed to and did not relate to Android. He further stated that

his involvement in that case does not create a conflict in the present action any more than his

involvement in other cases unrelated to the present action.

**Daubert Motions**

Regarding his role in any Daubert motions, Dr. Kearl refers the Court and the parties to

his August 13, 2015 Response to Request for Comment (Doc #1294).


Dated: September 14, 2015                    FARELLA BRAUN + MARTEL LLP


By:_____/s/_____
        John L. Cooper

Attorneys for Rule 706 Expert,
James R. Kearl

27152\5046031.1

DR. KEARL'S RESPONSE TO ORACLE'S STATEMENT RE DR. KEARL'S LACK OF COMPLIANCE WITH THE COURT'S ORDER