# EXHIBIT 2
## (PART 1 OF 21)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK |

**CORRECTED EXPERT REPORT OF DR. JAMES R. KEARL**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



EXHIBIT 4

*Corrected Expert Report of Dr. James R. Kearl*

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

I. **PROFESSIONAL QUALIFICATIONS**

I am currently the A.O. Smoot Professor of Economics at Brigham Young University (BYU) and a Senior Consultant with Charles River Associates (CRA), a firm that provides expert analysis, litigation support, and consulting in sophisticated and complex matters involving economics and finance.

I received my Ph.D. in Economics from the Massachusetts Institute of Technology in 1975 and completed postdoctoral studies in law and economics at the Harvard Law School in 1979. I have been a member of the Economics Department at BYU since 1975. Prior to that time I was a teaching fellow at Harvard University. From 1978 to 1983, I held a joint appointment in the Economics Department and J. Reuben Clark Law School at BYU. Over the past 35 years, I have taught courses in the Principles of Economics, Microeconomic Theory, Applied Microeconomics, Industrial Organization, Economics of Antitrust and Regulation, Applied Welfare Economics, International Trade, International Trade Policy, and Law and Economics. I have also team taught courses at BYU's J. Reuben Clark Law School in Antitrust Law, Regulatory and Administrative Law, and International Trade Law and Regulation.

I have lectured for the U.S. Government in a number of countries on the Economics of U.S. Trade Policy, Law and Economics, and the Economics of U.S. Antitrust Laws. I have also taught courses on the same topics at the Republic of China's Professional Training Center and at its Land Development Institute. In addition, I have presented papers at professional meetings and lectured at bar association meetings and CLE seminars dealing with the economics of antitrust liability and damages, intellectual property and intellectual property damages and general commercial damages. I've also presented CLE seminars on working with economic experts.

I have testified numerous times on antitrust, intellectual property and complex commercial matters in state and federal courts, before the FTC, and in FINRA arbitrations. In this regard, two years ago I was appointed a Rule 706 (court) expert in an intellectual property matter.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

My curriculum vita is attached to this report as Exhibit 1. A list of prior testimony is attached to this report as Exhibit 2. My hourly billing rate for this assignment is $700 per hour. Neither my compensation nor CRA's compensation is contingent on the outcome of this litigation.

## II. ASSIGNMENT

I have been retained by counsel to the Samsung entities to evaluate economic damages from the alleged infringement by Apple of the four in-suit feature patents: U.S. Patent No. 5,579,239 (the '239 patent); U.S. Patent No. 7,577,757 (the '757 patent); U.S. Patent No. 6,226,449 (the '449 patent); and U.S. Patent No. 6,292,179 (the '179 patent). Specifically, I have been asked to determine the reasonable royalty that would appropriately compensate Samsung for the alleged infringement.

I have also been asked to evaluate economic damages from the alleged infringement by Apple of U.S. Patent Nos. 7,551,596 (the '596 patent) and 7,756,087 (the '087 patent). Samsung declared that the '596 patent and an application related to the '087 patent "may be considered ESSENTIAL" to the Universal Mobile Telecommunications Standard (UMTS). Pursuant to the ITSI IPR Policy, Samsung has stated that it is prepared to grant licenses to these patents on fair, reasonable and non-discriminatory (FRAND) terms to the extent that they remain essential to that standard. For these patents, I have been specifically asked to determine a royalty that recognizes the policy of the European Telecommunications Standards Institute (ETSI) with regard to making available a license to essential patents on fair, reasonable, and non-discriminatory (FRAND) terms, but which would appropriately compensate Samsung for the alleged infringement.

As is standard practice, I have been asked to assume that the asserted Samsung patents are valid and are infringed by the accused Apple products.

3  *Corrected Expert Report of Dr. James R. Kearl*

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

show a clear consumer demand for video calling and video sharing features on mobile devices and computers.

### B. Apple User and Buyer Surveys

The Apple Buyer and User surveys show that FaceTime was an important feature in many consumers' decision to purchase an accused Apple product, and is a widely used feature by these consumers. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[107]████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[104] Deposition of Arthur Rangel dated June 25, 2013 ("Rangel Deposition"), p. 17.

[105] APLNDC630-0001437693; APLNDC0001756300.

[106] APLNDC0001351087; APLNDC-X0000006548; APLNDC630-0000149470; APLNDC630-0000167955; APLNDC630-0000838351; APLNDC630-0001233115; APLNDC630-0001233406; APLNDC630-0001233246.

[107] APLNDC0001756300.

[108] APLNDC630-0000149470; APLNDC630-0000167955; APLNDC630-0000838351; APLNDC630-0001233115; APLNDC630-0001233406; APLNDC630-0001233246.

[109] APLNDC630-0000149470; APLNDC630-0000167955; APLNDC630-0000838351; APLNDC630-0001233115; APLNDC630-0001233406; APLNDC630-0001233246.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY        KEARL01053

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



---

[110] APLNDC0002683409; APLNDC0001653958; APLNDC630-0000177773; APLNDC630-0000177303.

[111] APLNDC0002683409; APLNDC0001653958.

[112] APLNDC0002683409; APLNDC0002117730; APLNDC0001653958; APLNDC630-0000177773; APLNDC630-0000177303.

[113] APLNDC0002117730; APLNDC0001653958.

[114] APLNDC0002683409.

[115] APLNDC630-0000935722 – 792 at 738.

[116] APLNDC630-0000935722 – 792 at 738.