1   John L. Cooper (State Bar No. 050324)
    jcooper@fbm.com
2   Farella Braun + Martel LLP
    235 Montgomery Street, 17th Floor
3   San Francisco, CA 94104
    Telephone: (415) 954-4400
4   Facsimile: (415) 954-4480

5   Attorneys for Rule 706 Expert, James R. Kearl

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  ORACLE AMERICA, INC.,                 Case No.  C 10-3561 WHA

13              Plaintiff,                DECLARATION OF DR. JAMES R. KEARL
                                          IN RESPONSE TO ORACLE'S MOTION TO
14       vs.                              DISQUALIFY HIM FROM SERVING AS A
                                          RULE 706 EXPERT
15  GOOGLE, INC.,

16              Defendant.

17

18       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19            By Orders dated August 30, 2011 (Doc #374) and September 9, 2011 (Doc # 413) I was

20  appointed by this Court pursuant to Rule 706 of the Federal Rules of Evidence to serve as an

21  independent expert on the issue of damages claimed by plaintiff Oracle America in the present

22  action.   My biographical information and credentials are set forth in my expert report dated

23  March 21, 2012 which has been previously served on the parties.

24            By motion dated October 20, 2015 (Doc #1347) Oracle moved to disqualify me from

25  serving as the Court Appointed Rule 706 Expert.

26            I do not believe it appropriate for me to oppose Oracle's motion to disqualify me as a Rule

27  706 expert in this matter in that I do not have an adversarial position vis-a-vis Oracle or Google.

28  I serve as a Court Appointed Rule 706 expert at the pleasure of and for the benefit of the Court.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

27152\5133129.1

DECL. OF DR. JAMES KEARL IN RESPONSE TO ORACLE'S MTN TO DISQUALIFY HIM FROM SERVING AS A RULE 706 EXPERT

As such, I also do not believe it appropriate for me to argue to this Court that it should continue to retain me in this matter. However, I do believe it is appropriate for me to make certain that the Court has an accurate presentation of the facts and to point out that my conduct in *Apple v. Samsung*, Case No. 12-cv-00630-LHK pending before Judge Koh in the Northern District of California does not constitute a conflict of interest here.

In this regard, I want the record to reflect the following facts:

1. I was retained by Samsung Electronics Co. Ltd to serve as an economic expert witness in *Apple v. Samsung.*

2. My engagement was as an expert economist solely to value specific features of Apple products (including but not limited to the iPhone and iPad) that were alleged to infringe certain Samsung patents, and to evaluate licensing and FRAND claims related to specific Samsung standard essential patents which certain Apple devices were alleged to have infringed. I was not asked, nor did I undertake, to do anything beyond this.

3. While Apple did assert certain patent infringement claims against Samsung products (including Samsung phones that utilized the Android operating system), my assignment did not involve those claims or products. (Other damages experts were retained by Samsung for the "defensive" part of its case and I had no communication or contact with these experts during the entirety of my work in the matter.)

4. This engagement was a very expensive and time consuming undertaking. I did not spend time reviewing or discussing anything with Samsung's attorneys or anyone else regarding any matters beyond my narrowly focused assignment.

5. I was not retained by Google, did not side with Google, and my analysis and opinions were not about Google, Google products or Android. My work and analysis related solely to the value of certain features on Apple products.

6. I was not retained to defend Android, and did not defend Android in my analysis and opinions.

7. Whatever were the larger issues in the case, and however these issues may have been

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

27152\5133129.1

DECL. OF DR. JAMES KEARL IN RESPONSE TO ORACLE'S MTN TO DISQUALIFY HIM FROM SERVING AS A RULE 706 EXPERT

correctly or incorrectly characterized by Apple or Samsung to the jury, my analysis and opinions were in no way concerned with nor about Apple versus Google.

8.  As an engaged economic expert, I was paid by Samsung for my work at an agreed upon hourly rate. Neither I, nor the consulting firm with which I worked, was paid $5 million, or anything close to this amount. Whatever the basis for the Apple statement or any other statement regarding Samsung experts being paid $5 million is beyond my knowledge and is not accurate with reference to me.

9.  In *Apple v Samsung* I valued the asserted Samsung patents consistent with Federal Circuit guidelines and law. While it is correct that the amount of damages that Samsung sought at trial was on the order of $6 million, I did not intentionally lower my damages estimates. I offered a well-supported and reasonable estimate of the reasonable royalties in light of the objective evidence of the value of the accused features and the availability of non-infringing substitutes. As is clear from review of my expert report in *Apple v Samsung*, the original reasonable royalty numbers in my opinion are many times higher than the amount presented at trial. The reduction in the royalty amounts presented at trial was the result of certain patents, claims, and products being dropped from the case, in part due to case narrowing orders from that Court.

10. I was not asked about, nor did I participate in, any discussions with regard to which patents or claims to assert in *Apple v. Samsung* or which products to accuse. I was not privy to how these decisions were made, and was I not consulted or asked to give an opinion or to make suggestions as to which patents or claims to assert or products to accuse.

11. I was not an advocate for Samsung or for Samsung's products, nor was I a critic of Apple or Apple's products. My task was to value certain designated functionalities and to derive a reasonable royalty as to those features which had been selected for consideration by someone else. I assumed, as a damages expert must, that the asserted Samsung patents were valid and infringed by Apple, but I had no opinion and expressed no opinion on

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

- 3 -

27152\5133129.1

DECL. OF DR. JAMES KEARL IN RESPONSE TO ORACLE'S MTN TO DISQUALIFY HIM FROM SERVING AS A RULE 706 EXPERT

whether these assumptions were true.

12. I did not meet or speak with any Samsung corporate officer or employee at any time before, during or after the *Apple v. Samsung* trial, with the single exception that a Samsung in-house attorney was intermittently present during portions of my preparation that occurred over parts of three days leading up to my court testimony that lasted no more than 20 minutes. My communication and work was with counsel from the Quinn Emanuel law firm, which was the outside law firm for Samsung. Likewise, whatever the relationship between Google and Samsung, I had no communication before, during or after the trial with any Google corporate officer or employee. Google's role, if any, and its products and services were completely irrelevant to the work that I did. I was not provided with information regarding Google's role in *Apple v. Samsung*, nor did I inquire about such.

13. I have no opinion or position, private or otherwise, and have expressed no opinion on the liability issues in the *Oracle v. Google* and nothing that has occurred since I filed my Rule 706 expert report in this matter has influenced me with regard to the issues in the pending litigation.

14. I have worked extensively for both plaintiffs and defendants in intellectual property damages matters and other matters as well. In my experience this is common for expert economists. I address each assignment based on the merits of the particular claims and do not form an allegiance to a client firm (either the ultimate client such as Samsung or their outside counsel such as Quinn Emanuel). It is not uncommon for expert economic witnesses to be retained by a firm and later be adverse to the same firm on a different issue (again, either the ultimate client firm or the law firm). This is a recognition of the independence and professionalism of economic experts and not an indication of bias.

15. I am confident that I can assist the court as a neutral economic expert in the present action and I am prepared to do so if the Court wishes.

16. I am amenable to the court utilizing my services in any manner in which it sees fit,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

27152\5133129.1

1  including having me testify before the jury, having me testify to the Court outside of the

2  presence of the jury to assist the court in determining how to proceed with my

3  presentation or to assist the Court in directing questions to the expert witnesses of the

4  parties before the jury.

5  17. I will be present at the hearing of this matter on November 19, 2015 and will be prepared

6  to respond further as requested at that time.

7  Dated: October 28, 2015

8

9  By:/s/  James R. Kearl

10  Dr. James R. Kearl

11

12  **ATTESTATION OF CONCURRENCE**

13  I, John L. Cooper, the ECF User whose ID and password are being used to file this

14  Declaration of Dr. James R. Kearl, hereby attest that Dr. James R. Kearl has concurred in this

15  filing.

16  Date: October 28, 2015                     /s/ John L. Cooper
                                                  John L. Cooper

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF DR. JAMES KEARL IN RESPONSE TO ORACLE'S MTN TO DISQUALIFY HIM FROM SERVING AS A RULE 706 EXPERT