Case 3:10-cv-03561-WHA   Document 1359   Filed 11/06/15   Page 1 of 3



633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
kvn.com

**Robert A. Van Nest**
(415) 391-5400
rvannest@kvn.com

November 6, 2015


Hon. William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94101

Re:   *Oracle America, Inc. v. Google, Inc.*
      Case No. 3:10-cv-03561 WHA (N.D. Cal.)
      *Response to Letter Motion to Compel Financial Information*

Dear Judge Alsup:

Pursuant to the Court's November 3 Order Setting Hearing on Plaintiff's Discovery Dispute (ECF No. 1357), Google hereby responds to Oracle's Letter Motion to Compel Financial Information ("Motion") filed on November 2 (ECF No. 1353).  The parties conducted a further meet-and-confer regarding the Motion on November 5.

Oracle's Motion, on its face, raises no dispute for the Court to resolve and should be denied as moot.  The gravamen of the Motion seeks "immediate" production of Android-related financial documents that Google intends to rely on pursuant to Rule 33(d) of the Federal Rules of Civil Procedure in response to Oracle's Interrogatory No. 31.  But, as Oracle itself acknowledges, Google had already agreed ***prior*** to the filing of Oracle's Motion to produce those very financial documents by "early November," and, in fact, Google did produce the financial documents in question the following day on November 3.  Google never refused to turn over any Android-related financial documents, and even to the extent Oracle raised concerns as to the timing of Google's document production, that "dispute" has now been resolved.

That should be the end of the matter.  But because Oracle's Motion also purports to raise a number of issues never discussed during the parties' meet-and-confer on Interrogatory No. 31

Hon. William Alsup
November 6, 2015
Page 2

before filing the Motion, Google is compelled to respond further in order to correct the record.

*First*, Oracle's Motion accuses Google of "fail[ing] to identify exactly which [financial] documents it will produce . . . ." But Oracle never asked for that information during the parties' meet-and-confer before filing the Motion. Rather, Oracle asked Google to confirm that it would be producing Android-related financial documents responsive to the Interrogatory and to provide a timeline for production. Google agreed to do so and produced the responsive financial documents, which constituted updated versions of the Android-related financial documents produced in the prior phase of discovery, on November 4. Only during a subsequent meet-and-confer between the parties on November 5—*after* the filing of Oracle's Motion on November 2 and Google's production of financial documents on November 3—did Oracle request a list of periodic financial reports generated by Google, regardless of whether such reports actually contain Android-related financial information responsive to Interrogatory No. 31. While Google will continue to meet and confer further with Oracle regarding the propriety of this new request, the request itself has nothing to do with Oracle's (now-mooted) Motion, which seeks production of Android-related financial documents responsive to Oracle's Interrogatory No. 31.

*Second*, Oracle's Motion expresses "concern[]" regarding whether Google will produce relevant financial documents for other (i.e., non-Google) subsidiaries of Google's parent holding company, Alphabet. Oracle never once mentioned Alphabet, or identified any non-Google subsidiaries of Alphabet, during the parties' meet-and-confer on Interrogatory No. 31.

*Third*, Oracle's Motion suggests that Google's "failure to answer [Interrogatory No. 31] or produce its financial documents puts Oracle in a very difficult position vis-à-vis the Court's October 27, 2015 Order, ECF No. 1349." If so, Oracle never mentioned that fact during its meet-and-confer with Google before filing the Motion. Nor has Oracle made any attempt to explain why Google's financials are necessary to comply with the Order. Indeed, since Oracle filed the Motion, the parties met and conferred in connection with the Court' October 27 Order;

Hon. William Alsup
November 6, 2015
Page 3

during that call, Oracle took the position that the damages period could not be sub-divided, belying this argument in support of its Motion.

*Finally*, in its request for relief, Oracle's Motion broadly seeks "a list of all periodic reports prepared by Google containing mobile *and non-mobile* financial information (including the financial information of any organization subsequently spun out as a subsidiary of Alphabet) since January 2011." (Emphasis added). Once again, Oracle never asked for such an expansive list of financial reports during the parties' meet-and-confer on Interrogatory No. 31 before filing the Motion. Moreover, Oracle's impromptu demand for *all* Google (and Alphabet) financial information—including financials for *non-mobile* lines of business—makes no sense in the context of the Motion. On its face, Interrogatory No. 31 is directed solely to Android-related financial information (i.e., sales and revenues "derived from or related to Android"), which Google agreed to produce and has produced. Financial information regarding Google's non-mobile business unrelated to Android is not called for by Interrogatory No. 31 and is not a proper subject of Oracle's Motion.[1]

\* \* \*

For the reasons' set forth above, the Court should deny Oracle's Motion as moot.

Respectfully submitted,

Keker & Van Nest LLP

*/s/ Robert A. Van Nest*

Counsel for Defendant Google Inc.

---

[1] As discussed above, this issue was first discussed in a subsequent meet-and-confer on November 5—after the filing of Oracle's Motion on November 2 and Google's production of financial documents on November 3. While Google will continue to meet and confer further with Oracle regarding the propriety of this new request, the request itself has nothing to do with production of Android-related financial information responsive to Interrogatory No. 31.