KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY  10036
Tel:    (212) 556-2100
Fax:    (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>             Plaintiff,<br><br>        v.<br><br>GOOGLE INC.,<br><br>             Defendant. | Case No. CV 10-03561 WHA<br><br>**GOOGLE'S RESPONSE TO THE COURT'S OCTOBER 26, 2015 ORDER RE DAMAGE STUDIES**<br><br>Date Filed: August 12, 2010<br><br>Trial Date: May 9, 2016 |

1       In an October 26, 2015 Order, the Court directed the parties to "advise the other and [the Court-appointed Rule 706 damages expert] Dr. Kearl … of each liability period it intends to address before the jury" and directed that "all studies should specifically calculate damages for those alternative possibilities." [Dkt. 1349 (Oct. 26, 2015 Order) at 1:19-21.] The Court further directed Google and Oracle to "meet and propose a more specific plan to address this problem," and then report back to the Court by today, November 9, 2015. Google and its damages experts have considered the Court's request, and counsel for Google and Oracle met and conferred by telephone about this issue on November 5, 2015, and thereafter by email. Based on these discussions, Google makes the following response to the Court's October 26, 2015 Order.

Google understands from Oracle's filings, and Oracle's counsel confirmed during meet-and-confer discussions, that Oracle alleges that Google began infringing Oracle's copyrights during development of the Android operating system, and that Google's alleged infringement extends from that point until the present day. Google further understands that Oracle, which has the burden of proof on damages, does not intend to make distinctions in its entitlement to damages for different portions of the overall time period at issue in this case, but will present a unified damages case extending from the date of first alleged infringement to the date of the jury verdict. Conversely, Google intends to prove that, for the entire time period at issue, its use of portions of 37 Java API packages always has been a fair use protected by the Copyright Act, and that Oracle always has been equitably estopped from suing Google for copyright infringement and barred by laches from recovering Google's profits attributable to the alleged infringement.

Accordingly, because Google understands that Oracle does not plan to argue, even in the alternative, for a finding of liability only for one portion of the overall time period at issue, Google similarly understands that neither party intends or would need to present an expert report on damages that subdivides the alleged liability period. Google intends to present a report that calculates damages under the assumption that Oracle prevails on liability for the entire period at issue—*i.e.,* from Google's first (fair) use of Java API materials to the date of the jury verdict.

With respect to damages that might accrue *after* a jury verdict finding liability, the Court has already ruled that this is not a question for the jury or the proper subject of expert testimony.

1
GOOGLE'S RESPONSE TO ORACLE'S MOTION TO DISQUALIFY THE RULE 706 EXPERT
Case No. CV 10-03561 WHA

1002950.01

In a January 9, 2012 Order, the Court ruled that,

> If liability is established at trial, the jury will be asked to make a finding of the reasonable royalty rate for each infringed patent claim and copyright.  ***If an injunction is not granted, then the royalty rate found by the jury will be used to award supplemental damages on a year-to-year basis, this for ongoing damages after the last damages period calculated.  If an injunction is granted, there will be no need for future damages.***  Either way, [Oracle's damages expert] will not be allowed to testify about damages after the end of 2012.

[Dkt. 685 (Jan. 9, 2012 Order) at 11:1-6 (emphasis added).]  Based on this, Google understands that neither party will offer, the Court will not entertain, and the jury will not hear or apply any expert damages opinions for the period of time after the date of the jury verdict.

Finally, Google is mindful that the parties have not yet served their damages reports, filed any *Daubert* challenges, or brought any other pretrial motions that might affect the scope of evidence presented at trial.  Google and Oracle have agreed that, in the event that any Court ruling on any future motion creates a limitation on liability or damages for a particular time period, the parties will meet and confer, submit supplemental expert reports if appropriate, and make their experts available for a short deposition on any supplemental reports.

Dated:  November 9, 2015                                KEKER & VAN NEST LLP

                                                    By:   */s/ Robert A. Van Nest*
                                                          ROBERT A. VAN NEST
                                                          Attorneys for Defendant
                                                          GOOGLE INC.