# Oracle's Response to Court's Order Re: Damages Studies [ECF No. 1349]

# "REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED"

ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br>v.<br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO COURT'S ORDER RE DAMAGE STUDIES [ECF NO. 1349]**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

On October 26, 2015 (ECF No. 1349), the Court requested a report regarding the potential need for the parties' damages experts to address varying periods of time for purposes of calculating Oracle's potential recovery from Google.  The parties have considered this request from the Court and met and conferred on the issue on Thursday, November 5, 2015.

Neither Oracle nor Google believes that there is any theory justifying the calculation of damages for different time periods.  Indeed, neither party suggested a verdict form that was time-based at the initial CMC.

From Oracle's perspective, the infringing code is and always has been present in Android and thus any calculation of damages or disgorgement should run from the introduction of Android to the present.  Specifically, the verdict from the first trial covers the infringement from the first release until the version presented at trial, which was the "Froyo" release of Android.  *See* Opening Expert Report of Dr. John C. Mitchell Regarding Copyright (dated July 29, 2011) ¶32; Opening Expert Report of Alan Purdy Regarding Copyright (dated July 29, 2011).  Although Oracle has not yet completed its code analysis of all subsequently released versions of Android and provided the relevant expert reports, it currently believes that the evidence at the upcoming trial will show as follows:

- In Android releases after Froyo (from Gingerbread through Lollipop), Google continued to reproduce and distribute the 37 Java API packages;
- In Android releases from Gingerbread through KitKat, Google included *additional* material in the 37 Java API packages from later versions of the Java SE platform;
- In Android Lollipop (released on or about November 12, 2014), Google again included *additional* material in the 37 Java API packages that came from other releases of the Java SE platform—Google thus increased its reproduction and distribution of infringing code even *after* the Federal Circuit's decision;
- Android Lollipop appears to include material from "private" classes of the Java platform, not just the 37 public Java API packages, suggesting that Google may have copied and distributed what the parties have previously termed "implementing" code.

- 1 -

ORACLE'S RESPONSE TO COURT'S
ORDER RE DAMAGE STUDIES
CV 10-03561 WHA

1  Accordingly, Google has infringed throughout the period from its first release of the Android
2  SDK in November 2007 through the present.  Oracle is unaware of any basis upon which
3  Google's fair use defense would result in segmentation of the infringement period, necessitating
4  the jury's consideration of differing time periods.

5  Nor do the potentially applicable remedies theories seem to require segmentation of the
6  time period of infringement.  As set forth in the following table culled from financial information
7  produced in the earlier phase of the case and publicly available information, Oracle estimates that
8  Google's revenues attributable to Android from 2008 through 2015 in the categories discussed in
9  advance of the first trial are very substantial.

**Estimated Annual Android-Related Revenue**



17  Oracle is unaware of any basis in the unjust enrichment jurisprudence under 17 U.S.C.
18  504(b) to create a time-period based theory other than the time of infringement—generally unjust
19  enrichment encompasses past events and not predictions of future events.  Similarly, while a
20  claim of actual damages covering this period addressing either lost profits or lost license value
21  ("hypothetical license") might encompass future projections of value, there are standard financial
22  approaches for handling future events, and the Court's Order did not seem to contemplate a
23  concern regarding future damages.  Indeed, the Court previously held (ECF No. 685) that it will
24  handle any *eBay* issues regarding permanent injunctive relief and future royalties after the jury's
25  verdict.

26  Since expert reports have not yet been served, the parties have agreed that, in the event
27  evidence or a future court ruling later reveals that there is a need for a time-based approach, the
28  parties will meet and confer, submit short supplemental expert reports, if appropriate, and provide

their expert witnesses for short depositions on those reports.

Dated: November 9, 2015

KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON
Orrick, Herrington & Sutcliffe LLP


By: */s/ Annette L. Hurst*
      ANNETTE L. HURST

Attorneys for Plaintiff
ORACLE AMERICA, INC.