November 24, 2015

**VIA ECF**

The Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California
1301 Clay Street, Courtroom 4, 3rd floor
Oakland, CA  94612

        Re:    *Oracle America, Inc. v. Google Inc.,* Case No. 3:10-cv-03561-WHA (N.D. Cal.)
                 Joint Letter Regarding Oracle's Motion to Compel Production of Documents
                 Improperly Withheld by Google as Privileged

Dear Judge Ryu:

      This dispute concerns documents listed on Google's privilege log.  The parties have met-and-conferred telephonically several times, including on November 17, 2015, but were unable to resolve the issue.  Oracle respectfully requests the Court's assistance in compelling Google to produce and/or provide for *in camera* inspection the documents in question, as specified below.

      Fact discovery cut-off is set for December 16, 2015 and party expert discovery cut-off is March 6, 2016.  *See* Dkt. 1356 & 1334.  The last day to file dispositive motions is January 15, 2016.  A pretrial conference has been set for April 27, 2016, with trial tentatively set to commence on May 9, 2016.  *See* Dkt. 1333.

**Oracle's Statement**

      After the close of fact discovery for the previous trial and just before trial was set to begin, Google served a privilege log containing over 47,000 entries – roughly 28,000 of which were new and had not been previously disclosed.  Google's claims of privilege on its massive privilege log are highly questionable, particularly as to four discrete categories of documents: (1) more than 10,000 documents with *no attorney identified* as recipient, author, copyee, custodian, or otherwise; (2) over 7,000 documents in which lawyers are listed merely as copyees; (3) documents in which the only apparent justification of privilege is the inclusion of an in-house lawyer with a predominantly business or public policy role; and (4) documents resembling the Lindholm communications that the Court already determined were not privileged.  In other words, of the 28,000 log entries provided after close of fact discovery, over 17,000 have no discernable actual attorney involvement.  There are other issues as well, but given the huge number of privileged entries, and in the interest of narrowing the scope of this dispute, Oracle has focused its request for relief on the most egregious claims of privilege on Google's log.  Oracle is submitting as an exhibit hereto a thumb drive with a spreadsheet containing the entirety of Google's privilege log, as well as tabbed worksheets that correspond to each category discussed below.

Category I – Documents with no Attorney at all

      Google's privilege log contains more than 10,000 document entries which fail to identify an attorney as recipient, author, copyee, custodian, or otherwise.  The privilege descriptions for the vast

Hon. Donna M. Ryu
November 24, 2015
Page 2

majority of these documents are either "Email seeking advice of counsel . . ." or "Email reflecting advice of counsel . . ." without any identification of whose advice was reflected or sought. In short, there is nothing on the face of these entries that is sufficient to sustain the foundation for the claim of privilege.

As previously stated in the Court's Order re the Parties' Joint Discovery Letter of August 5, 2011 (Dkt. 361 at 3), "The attorney-client privilege protects from discovery 'confidential communications between attorneys and clients, which are made for the purpose of giving legal advice.'" *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). Furthermore, the party asserting the privilege bears the burden of proving that privilege applies. Dkt. 361 at 3; *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, 2011 WL 1599646, at *1 (N.D. Cal. Apr. 27, 2011).

In order to make a prima facie showing of privilege, Google must establish that the communication seeks or reflects advice "from a professional legal adviser in his capacity as such." Dkt. 361 at 2 (quoting *United States v. Richey*, 632 F. 3d 559, 566 (9th Cir. 2011)). By failing to identify any attorney whose advice was reflected or sought, Google has failed to meet its burden. Accordingly, Oracle requests an order compelling Google to produce all documents with no disclosed association with an attorney as listed on Tab 2 of the attached exhibit, or, in the alternative, revise its privilege log to identify by name each attorney whose advice is either reflected or sought in each communication.

Category II – Lawyers only as Copyees

Many entries in Google's log appear to assert privilege based solely on the inclusion of an attorney as a copyee. The cc: line in a communication means "for your information." It does not mean "I am directing this to you to seek your advice"—that is what the "to" line is for. Indeed, this Court has already recognized in this case that merely including an attorney in a communication, by itself, does not make the communication privileged. Dkt. 361 at 7 ("merely including an attorney in a communication" does not "mechanically confer privilege"). *Id.* Moreover, "[t]he mere fact that outside counsel was copied with the e-mail will not shield communications not made for the purpose of securing legal advice." *United States v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1075 (N.D. Cal. 2002). In this case, the communications are not even copied to outside counsel, but to in-house counsel—raising the possibility that employees are simply copying lawyers in order to try to shield their business communications with privilege.

For example, the log entry below appears to be an e-mail from a list-serve to Matthew Hancher (software engineer). The e-mail lists eight individuals as copyees—only one of whom (Courtney Greene Power) is identified as an attorney:

| Doc. No. | Date | Recipient(s) | Author(s) | Copyee(s) | Privilege Description | Assertion |
|---|---|---|---|---|---|---|
| 35816 | 04/19/10 | Matthew Hancher (mdh@google.com) | opensource-licensing (opensource-licensing@google.com) | Courtney Greene Power (cpower@google.com)*; Eric Zhang (zhange@google.com); gestalt-team (gestalt-team@google.com); Joshua Bloch (jjb@google.com); Michael Weiss-Malik (michaelwm@google.com); opensource-licensing (opensource-licensing@google.com); Rebecca Moore (rmoore@google.com); Rodolfo Arauz (rodolfo@google.com) | Email reflecting advice of counsel re: JAI licenses. | AC |

Again, in order to establish a legitimate privilege claim, Google is required to show that the communications in question be made "for the purpose of obtaining *legal* advice *from the lawyer*." Dkt. 361 at 4. Simply including an attorney in a "CC" line is insufficient to demonstrate that the communication is privileged. Oracle therefore requests *in camera* review of all documents in which attorneys are listed solely as copyees, listed on Tab 3 of the attached Exhibit.

Hon. Donna M. Ryu
November 24, 2015
Page 3

Category III – In-House Lawyers with Predominantly Business Roles

    Google asserts privilege for numerous documents listed on its log based on the inclusion of Google employees who hold dual legal and business or public policy roles. For example, the privilege log identifies Pablo Chavez as an attorney, and Google bases claims of privilege on Mr. Chavez's inclusion in various communications. Though Chavez holds a J.D., his position *at Google* was "Senior Director of Public Policy;" his role appears to be a policy role rather than providing counsel. Similarly, the privilege log identifies Richard Whitt as an attorney, though his title was "Director and Managing Counsel, Public Policy." Additionally, at the time of the communications, Amin Zoufonoun was Google's Director of Corporate Development. Corporate development appears to be a business dealmaking role for mergers and acquisitions rather than rendering legal advice—and a number of other lawyers in corporate development are the only lawyers listed on many of the communications. These individuals have at best dual roles that do not cloak a communication in privilege unless they were consulted for a legal counseling purpose rather than a public policy or business advice purpose.

    The attorney-client privilege "is inapplicable where the attorney merely acts as a negotiator for the client, gives business advice, or otherwise acts as a business agent." *Chicago Title Ins. v. Superior Court*, 174 Cal.App.3d 1142, 1151 (1905). Where the dominant purpose of the relationship between the in-house attorney and company is not that of attorney and client, communications are not privileged. *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 740 (2009).

    Google has not established that the dominant purpose of the relationship between employees with dual legal and business or public policy roles was that of attorney and client. Oracle therefore requests production of all documents in which Google bases a claim of privilege upon a lawyer with a business or public policy role, listed on Tab 4 of the attached exhibit. In the alternative, Oracle requests that Google provide detailed declarations showing that each of these individuals carried out their duties *primarily* to provide legal advice to Google in order to provide Oracle the opportunity to evaluate Google's claim of privilege. *See Cason v. Federated Life Ins. Co.*, 2011 WL 1807427, at *2 (N.D. Cal. May 11, 2011); *Umpqua Bank v. First Am. Title Ins. Co.*, 2011 WL 997212, at *4 (E.D. Cal. Mar. 17, 2011).

Category IV – Lindholm Documents

    Finally, Google's privilege log contains numerous e-mails which bear a striking resemblance to the August 6, 2010 "Lindholm Email" that was the subject of this Court's prior order.[1] These log entries list Mr. Lindholm as the author, include several recipients (*e.g.*, Joshua Bloch and Benjamin Lee), and describe the claim of privilege as, for example "Email seeking advice of counsel re Java plan b for Chrome." This Court has already ruled that 11 documents written by Lindholm were not privileged, even when an attorney was listed as a recipient. *See* Dkt. 361. The Court examined the emails and determined that they reflected a business discussion, rather than a legal discussion warranting the protection of privilege. *Id*. Based on the apparent similarities between documents that the Court ordered produced and documents that Google is still withholding as privileged, Oracle has reason to believe that Google is withholding more Lindholm documents based on improper privilege claims.

    Oracle therefore requests that Google produce these documents to the Court for *in camera* inspection. If the Court determines that Google is continuing to withhold documents reflecting

---

[1] For example, log entries 36460-64, 36466-72, 36481-88, and 36490.

Hon. Donna M. Ryu
November 24, 2015
Page 4

business decisions despite the Court's previous order, Oracle requests that those documents be immediately produced and Google be ordered to re-evaluate and produce or re-log all communications involving Mr. Lindholm.

\*       \*       \*

During the parties' meet and confers, Google provided no justification for its improper privilege claims. Instead, Google's only response has been to claim that it was too late for Oracle to challenge Google's privilege claims. No prior court order or agreement between the parties precludes Oracle's requests for *in camera* review and production of improperly withheld documents. To the contrary, after stipulating to extend the date for the exchange of privilege logs (Dkt. 257), the parties explicitly recognized their right to challenge the sufficiency of those logs in a Joint Letter to the Court: "The parties also recognize that additional privilege logs may be served up to and including August 15, 2011, and to the extent that issues identified with respect to those supplementations cannot be resolved after the parties meet-and-confer, those issues may be raised with the Court as well." Dkt. 275 at 1. Regardless of Google's claims to the contrary now, the August 5 letter to the Court – submitted *after* the Court ruled on various scheduling issues (Dkt. 257) – expressly contemplates motion practice on the revised privilege logs. And even if motion practice was not permitted at that time, discovery is now open again, and the current scheduling order expressly permits the parties to raise discovery disputes.

On August 15, 2011 (the privilege log production deadline), Google served a privilege log with more than 28,000 new entries. At that point, trial was only a couple of months away. Google subsequently served 5 more privilege logs; the final one dated September 9, 2011 accumulated entries of all prior-served privilege logs. While the trial was eventually pushed back a few months as expert discovery came to the fore, the parties' stipulation that each side's privilege logs could be challenged set no deadline for meet-and-confers or for raising any deficiencies. *See* Dkt. 275. Fundamentally, Google had an obligation under Rule 37 to certify entries by listing them on its privilege log only if there was a basis for a claim of privilege, and in each of these categories, that basis is sorely lacking. Oracle has never expressly waived that obligation; to the contrary, by entering into a stipulation allowing for future motion practice, it expressly preserved that right.

This case was on appeal for several years, and did not become active again in this Court until after the Supreme Court denied *certiorari*. Oracle began analyzing Google's log immediately thereafter, and soon began bringing these deficiencies to Google's attention. The passage of time does not—nor should it—relieve Google of its obligation to prove that privilege applies to these documents.

**Google's Statement**

Oracle's belated motion to re-litigate thousands of entries from Google's August 15, 2011 privilege log from the discovery period preceding the first trial violates the Court's August 1, 2011 Stipulation and Order governing the fact discovery deadlines prior to the first trial. (Dkt. 257). Prior to the close of discovery on July 29, 2011, both parties stipulated to and requested the Court to order an extension of fact discovery, including a specific request to allow the service of privilege logs up until August 15, 2011. *Id.* In granting that request, the Court's August 1, 2011 Order expressly rejected the parties' request to extend the deadline to file discovery motions to compel and ordered that the deadline would remain the same. Both parties served logs on August 15, 2011 pursuant to the Court's order, and though Oracle now complains that Google's log added 28,000 new entries, Oracle's August 15, 2011 log added more than <u>300,000</u> new entries. And this was no surprise to

either party. Discovery preceding the first trial in this matter was extensive, resulting in production of millions of documents, and correspondingly large privilege logs.

Oracle's failure to raise these issues while they were still live is the result of deliberate, strategic decision-making—exercised by both parties—during extremely hard-fought litigation prior to the first trial. Neither party is entitled to revisit those decisions now. In fact, the parties already met and conferred with respect to the logs now at issue and served revised logs to reflect compromises reached on issues raised at that time. Notably, in the seven months after the close of discovery and prior to the April 2012 trial, Oracle <u>never</u> sought leave to move to compel with respect to Google's privilege log, despite the fact that privilege issues were front and center during the extensive litigation related to the August 6, 2010 Lindholm email during that same time. Instead, Oracle delayed for seven months, through an entire trial, and <u>still</u> did not even raise this issue at the first opportunity upon remand at the case management conference before Judge Alsup. Oracle cannot simply gloss over its four year delay, when this delay reflects a violation of the Court's scheduling order as well as a failure to comply with legal and procedural requirements for seeking to re-open long-waived issues as set forth in detail below.[2]

*First,* the Court's August 1, 2011 Order bars Oracle's present motion. (Dkt. 257). Prior to the July 29, 2011 close of discovery, the parties sought and received from the Court an extension of the fact discovery cut-off. (Dkt. 257).[3] In the August 1, 2011 Stipulation and Order, the Court expressly ordered, as stipulated to by both parties, that "[d]ocument discovery in the case shall be extended to August 15, 2011, with the bulk of remaining documents to be produced by August 5, 2011, <u>and privilege logs and any additional remaining documents to be provided by August 15, 2011</u>." (Dkt. 257, ¶ 2) (emphasis added). In that very Order, the Court <u>denied</u> the parties' request for a corresponding extension to the deadline to file discovery motions, striking through the language requested by the parties in ¶ 4. (Dkt. 257 ¶ 4). Instead, the Court expressly ordered that "**Specifically, the deadline for filing discovery motions shall not be extended and shall remain as before.**" (Dkt. 257, ¶ 6) (emphasis original). To the extent Oracle now complains that the August 1, 2011 Order foreclosed Oracle from raising the alleged deficiencies in Google's privilege log served in accordance with the Order, Oracle should have (and could have) raised that issue at that time. Oracle elected not to do so.

As Oracle admits, Google properly served its final privilege log on August 15, 2011 (including the entries now challenged) pursuant to the express provision in paragraph 2 of the August 1, 2011 Order. (Dkt. 257). Although Oracle now complains that 28,000 of the entries were first added to Google's August 15, 2011 log, Oracle's log also served on August 15, 2011 added **over 300,000** new entries. The parties met and conferred with regard to the parties' logs served both before and on August 15, 2011, corresponded with regard to privilege log entries (including entries

---

[2] Oracle's overreaching approach in this motion further underscores why the parties should be held to the deadlines of the Court's August 1, 2011 Order. During meet and confer over the past month, Oracle only ever identified **481** privilege log entries that Oracle asserted were allegedly deficient. Email from Annette Hurst on October 14, 2015 identifying 319 privilege log entries; Email from Annette Hurst on October 14, 2015 identifying 58 privilege log entries, Email from Annette Hurst dated October 20, 2015 identifying 104 entries. Regardless, the exhibit attached to this joint letter (first provided to Google on Monday, November 16, 2015 while Google was preparing its portion of this letter) lists **19,449** entries Oracle now purports to challenge via this motion. This was the first Google learned that Oracle sought to challenge thousands versus hundreds of entries from Google's 2011 privilege log.

[3] The Court's May 9, 2011 Order referring all discovery disputes to a magistrate judge ordered that "[t]he parties must bring all discovery disputes to the attention of the magistrate judge in a timely manner so that they may be resolved and discovery may be completed by the July 29 deadline." (Dkt. 139).

raised now by Oracle), and served revised privilege logs as a result of the meet and confer.[4] Although the parties filed a joint letter dated August 5, 2011 (Dkt. 275), in which the parties notified this Court that the parties might seek to raise issues relating to as yet served privilege logs in the event that the parties could not resolve those issues, neither party moved to compel with regard to the logs served on August 15, 2011, or subsequent revised logs.

Indeed, Oracle's argument that the service of logs on August 15, 2011, at which time trial was only "months away," somehow excuses its failure to raise privilege log issues at that time is belied by the fact that, in that very time period after close of discovery, privilege issues concerning the August 6, 2010 Lindholm email were extensively litigated. The parties appeared in hearings before this Court on August 25, 2011, before Judge Alsup on October 19, 2011, and before the Federal Circuit. Google fully complied with all rulings with respect to the August 6, 2010 Lindholm email and associated drafts, and Oracle was well aware of and had every opportunity to challenge other privilege log entries that, according to Oracle, "resemble" the August 6, 2010 Lindholm email. Notably, in filings in this Court just a few days after service of Google's August 15, 2011 log, Oracle cited to, discussed, and provided an excerpt from Google's August 15, 2011 log listing 856 entries authored by Mr. Lindholm, but never challenged the privileged status of those or the other entries now challenged. (Dkt. 336, Second Decl. Of Fred Norton, ¶ 4-6 & Dkt. 336-part 1, Exh. 1). Oracle provides no explanation at all—nor can it—for its failure to raise the entries now listed in Tab 5 during the extensive motion practice relating to Mr. Lindholm's August 6, 2010 email. Thus, Oracle's effort here to bootstrap that ruling into a challenge to additional entries on Google's previously served log should be denied.

In light of this undisputed procedural history, Oracle's motion to litigate privilege log issues four years after the August 5, 2011 deadline to file discovery motions is without question untimely.[5] Courts routinely deny untimely motions to compel that are a few weeks past the deadline set in a scheduling order, including motions for production of adequate privilege logs and *in camera* review. *E.g., Thomason v. City of Fowler,* No. 1:13-cv-00336-AWI-BAM, 2014 WL 4436385 at * 3, 5-6 (E.D. Cal., Sept. 9, 2014); *see also Krause v. Nevada Mut. Ins. Co.,* No. 2:12-cv-00342-JCM-CWH 2014 WL 428675 at *3 (D. Nev. Feb. 4, 2014). Relief from a deadline to file a discovery motion to compel is considered a request to modify the Court's scheduling order entered under Fed. R. Civ. P. 16. *Thomason,* 2014 WL 4436385 at * 3*; Krause,* 2014 WL 428675 at *2. Under FRCP 16 or Local Rule 37-3, an untimely motion to compel thus requires a showing of good cause to amend the scheduling order, which in turn requires a showing of due diligence. *Johnson v. Mammoth Recreations, Inc.,* 975 F. 2d 604, 609 (9th Cir. 1992); *Krause,* 2014 WL 428675 at *3; *Thomason,* 2014 WL 4436385 at *6; *Gerawan Farming Inc. v. Rehrig Pacific Co.,* 1:11-cv-01273 LJO (BAM) 2013 WL 1164941 at *4 (E.D. Cal., March 20, 2013); *Lam v. City and County of San Francisco,* 08-04702 PJH (LB) 2011 WL 4915812 at *4 (N.D. Cal., Oct. 17, 2011).

---

[4] Although Oracle appears to complain that Google served revised logs after August 15, 2011, Oracle also served revised and supplemental logs after August 15, 2011.

[5] Local Rule 37-3 requires that all discovery motions be filed within 7 days of the close of fact discovery and courts routinely deny motions to compel filed after that 7 day period. *See, e.g., Digital Reg of Texas, LLC v. Adobe Systems Incorporated,* No. cv 12-01971-CW (KAW) 2013 WL 5442269 (N.D. Cal., Sept. 30, 2013) (denying motion to compel not brought before the deadline in Local Rule 37-3). Indeed, in this very matter, this Court in its Order dated August 18, 2011 denied a motion to compel set forth in a joint letter because it was untimely, where the motion was filed after midnight on August 5, and therefore not entered on the docket until August 8, 2011. (Dkt. 365).

Hon. Donna M. Ryu
November 24, 2015
Page 7

     As noted by the Ninth Circuit, "[a] scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril… Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson,* 975 F. 2d at 609 (internal citations omitted). Oracle cannot blame Google for its own decision not to litigate issues related to the privilege logs within the deadlines explicitly provided by the Court. *Krause,* 2014 WL 428675 *2.

     Here, Oracle fails to cite any authority that would permit this Court to hear this motion after a delay of four years. Nor does Oracle explain why for the 7 months after receiving Google's August 15, 2011 privilege log and prior to the first trial, Oracle did not seek relief from the Court's August 1, 2011 Order in order to file a motion to compel despite appearing before this Court and Judge Alsup multiple times on pre-trial and discovery matters including privilege issues. Moreover, Oracle fails to explain why it did not raise this issue at the July 30, 2015 Case Management Conference, even in a preliminary way so as to allow the Court to develop the case schedule accordingly. In short, Oracle has not even attempted to show good cause and due diligence in pursuing this issue that would satisfy FRCP 16 or Local Rule 37-3.

     *Second*, Oracle's new position that the parties' joint letter to this Court filed on August 5, 2011 was a "stipulation" that somehow permits Oracle (and thus Google as well) to challenge privilege log entries four years later is disingenuous at best.[6] The Court's August 1, 2011 Order expressly denied the parties' joint request to extend the deadline to file discovery motions even by a few weeks. (Dkt. 257, ¶ 4). The parties did not have the power to modify the Court's Order by stipulation in order to agree to extend the deadline to move to compel on privilege log issues by even a few weeks, much less by four years; if any party intended to seek to extend those deadlines it was incumbent on that party at that time to seek relief from the Court from the scheduling order. And in fact, the parties' joint letter, one of many filed on the last day to file discovery related motions, was not a stipulation at all, but a joint letter informing this Court of additional pending issues the parties anticipated resolving within the next two weeks.

     As stated in the joint letter, "Google and Oracle have agreed to summarize in this one letter the remaining discovery issues that the parties are currently discussing. The parties believe many of these issues may be resolved within the next two weeks." (Dkt. 275). The joint letter lists eleven issues that the parties were working to resolve, including a potential issue relating to privilege logs to be served on August 15, 2011. (Dkt. 275). As to those privilege logs, the parties further stated that "[t]he parties also recognize that additional privilege logs may be served up to and including August 15, and to the extent that issues identified with respect to those supplementations cannot be resolved after the parties meet-and-confer, those issues may be raised with the Court as well." (Dkt. 275). In accordance with that representation, the parties met and conferred over the following weeks. But neither party chose to bring a motion related to the August 15, 2011 privilege logs, or raise any such issue with the Court, thereby rendering that issue resolved. Indeed, both parties made

---

[6] When Oracle first raised the present motion relating to the 2011 privilege log in meet and confer, Oracle claimed that the parties had been precluded from raising deficiencies in previously served logs because, as Oracle erroneously claimed, the challenged entries were "first logged by Google after the prior discovery cutoff". Annette Hurst email dated October 14, 2015. Counsel for Google then informed Oracle that all 481 entries were in fact on the August 15, 2011 privilege log served within the discovery cutoff as set forth in the August 1, 2011 Stipulation and Order discussed above, and pointed out that the parties also filed a joint letter on August 5, 2011 (Dkt. 275) addressing this issue. Oracle then shifted ground and now claims this letter was a "stipulation" that permitted Oracle to raise this issue beyond the fact discovery cut off.

1006914.01
1007585.01

Hon. Donna M. Ryu
November 24, 2015
Page 8

strategic choices with regard to what discovery motions to pursue—and not pursue—at that time, and the time has long passed for either party to undo (or redo) those decisions. Oracle's suggests that, because "discovery is now open again," it should be able to pursue this issue now, four years after the deadlines that both parties lived under have passed. But the current discovery period was intended to allow only for "targeted additional discovery" to prepare this case for a retrial, as both parties represented to the Court in their Joint Status Report filed before the July 30, 2015 Case Management Conference. (Dkt. 1273 at 6:13-17). It is not an open door for Oracle to revisit strategic decisions and compromises governed by deadlines that passed years ago.

       In sum, Google respectfully requests the Court deny this motion as untimely. Reopening discovery issues long since closed would wreak havoc on the parties' ability to complete discovery related to the post trial time period by December 16, 2015. (Dkt 1334, 1356). Because Oracle first must seek leave of the Court to reconsider or otherwise grant Oracle relief from the deadlines set forth in the August 1, 2011 Order, Google states (as required under this Court's Order (Dkt. 1366)), that it has not offered a compromise on the underlying issues. Moreover, and as Google informed Oracle in meet and confer, Google submits that, were the Court inclined to grant any relief from the deadlines in the Court's prior Order on privilege log challenges, that relief should be mutual.

Respectfully submitted,

/s/ *Peter A. Bicks*


Peter A. Bicks
Counsel for Oracle America, Inc.

KEKER & VAN NEST, LLP

/s/ *Robert A. Van Nest*


Robert A. Van Nest
Counsel for Google, Inc.

I attest that concurrence in the filing of this document has been obtained from each of the other Signatories to this letter.

/s/ *Peter A. Bicks*
_____

1006914.01
1007585.01