UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., <br>     Plaintiff, <br> v. <br> GOOGLE INC., <br>     Defendant. | Case No. 10-cv-03561-WHA (DMR) <br><br> **ORDER RE DISCOVERY LETTERS** <br> Re: Dkt. No. 1385, 1386, 1387, 1389 |

On November 24, 2015, the parties filed joint discovery letters regarding Oracle's motions to challenge Google's August 2011 privilege log and to add twenty-two Google custodians for production of electronically stored information ("ESI"). Docket Nos. 1385 and 1387. The parties also filed accompanying sealing motions. Docket Nos. 1386 and 1389. The Honorable William H. Alsup set a December 16, 2015 deadline for completing fact discovery for the partial retrial of this case. The court finds that these matters are appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

For the following reasons Oracle's motion regarding Google's privilege log is **denied.** Oracle's motion to add custodians is **granted in part**.

**A. Motion to Compel Production of Documents from Google's August 15, 2011 Privilege Log**

Oracle challenges approximately 10,000 entries in Google's August 2011 privilege log. Judge Alsup set a July 29, 2011 fact discovery deadline for the original trial of this matter. Docket No. 56; *see also* Docket No. 139. Pursuant to Civil Local Rule 37-3, the parties had seven days, or until August 5, 2011, to file motions to compel discovery. The parties later made a stipulated request to extend certain discovery deadlines, including a proposed August 15, 2011 deadline for submission of privilege logs. On August 1, 2011, Judge Alsup granted much of the parties'

proposal, but expressly rejected the request to extend the deadline to file discovery motions, ordering instead that "the deadline for filing discovery motions shall not be extended and shall remain as before." Docket No. 257 at ¶¶ 4, 6. Thus, Oracle's November 2015 motion to challenge Google's August 2011 privilege log was filed over four years too late. The court denies Oracle's motion as untimely.

### B.      Motion to Add ESI Custodians

Oracle moves to add twenty-two individuals to the existing list of twenty-seven Google custodians for ESI collection and production. Docket No. 1387. Oracle claims that the twenty-two additional custodians are likely to possess documents directly relevant and responsive to Oracle's document requests. Google argues that Oracle's request will significantly expand the scope of discovery and is cumulative of other custodians or other non-custodial discovery that Google is already producing.

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).[1]

Neither party submitted a proper analysis of the Rule 26 proportionality factors. For example, Oracle provided some information about each of the requested custodians to demonstrate relevance. However, Oracle did not fully address any of the proportionality factors, including the importance of the requested discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Similarly, Google argues that the requested discovery is cumulative, but does not assert that the information that Oracle seeks is irrelevant, or too expensive to produce.

---

[1] This version of Rule 26(b) took effect on December 1, 2015. It reflects that the "proportionality" analysis previously set forth in Rule 26(b)(2)(C) has now been incorporated into the definition of the scope of discovery.

In light of both parties' failure to fully address the legal standard, the court must make its best judgment based on the limited information before it. The parties represented to Judge Alsup that they needed "targeted additional discovery." Docket No. 1273 at 6. Judge Alsup ordered a four-month period to complete that discovery. Docket No. 1278. It is crystal clear that the parties and Judge Alsup contemplated a selective and limited discovery process for the second trial.

Seventeen of the twenty-two proposed additions were custodians for the original trial. In other words, Google thought these seventeen individuals were appropriate custodians the first time around. However, Google points out that none of them played a role in the first trial. The court notes that Oracle received documents from these seventeen custodians several years ago, and therefore has had ample opportunity to evaluate whether the burden of an additional search would be justified by the expected benefit. The court assumes that if such a benefit were likely, then Oracle would have said so. Google presents other information that suggests there is room for Oracle to make a more refined selection. For example, Google identifies a custodian who joined Google recently, and two others who have not worked on Android products for several years. Google also points out that only one out of eight Android-related custodians was deposed for the first trial, and none of the eight are listed on Oracle's Rule 26(a) disclosures.

On this record, the court orders Oracle to select ten additional custodians from its proposed list, and notify Google of its selection **by no later than December 4, 2015 at 5:00 p.m.**

C.   **Sealing Motions**

Oracle moved to file under seal a small portion of Docket No. 1387 which contains financial information that Google has designated as "CONFIDENTAIL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to the protective order in this matter. Docket No. 1386. Google filed a supporting declaration averring that the material sought to be filed under seal contains sensitive non-public financial data. Docket No. 1388. Good cause exists to grant this motion**.**

Oracle has also moved to file under seal the exhibit containing an excerpt of Google's privilege log in this case. Docket No. 1389. Google filed a supporting declaration averring that the information the excerpt from the privilege log contains confidential information regarding the

3

1  date and general subject matter of privileged communications between Google and its counsel.
2  Having reviewed the excerpt, the court agrees that it contains some sealable information.  Docket
3  No. 1390.  Good cause shown, this sealing motion is also granted.

**IT IS SO ORDERED.**

Dated: December 3, 2015

_____
Donna M. Ryu
United States Magistrate Judge

4