IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant.<br>_____ / | No. C 10-03561 WHA<br><br>**ORDER CLARIFYING ASSIGNMENT OF RULE 706 EXPERT** |

By an order dated August 30, 2010, this Court appointed Dr. James R. Kearl, pursuant to Rule 706 of the Federal Rules of Evidence, to serve as an independent expert on the issue of damages claimed by plaintiff Oracle America, Inc., in this action (Dkt. No. 374). Attorney John L. Cooper of Farella, Braun + Martel LLP was appointed to serve as counsel to Dr. Kearl on a pro bono basis. The purpose of Dr. Kearl's appointment remains to provide an independent professional analysis and view to inform and clarify the issue of damages for the jury.

At the time of Dr. Kearl's appointment, Oracle asserted numerous patent and copyright claims. An order set forth the details and conditions of Dr. Kearl's assignment (Dkt. No. 413). Since that order issued, the case has narrowed in one sense (only copyright claims remain) and expanded in the sense that now a larger time frame is in play. Accordingly, it is appropriate to clarify the scope of Dr. Kearl's assignment to reflect the changed circumstances of this case. Dr. Kearl is to use his professional judgment to determine the magnitude of work required to meet the purpose of his appointment. Dr. Kearl's assignment shall be:

1. Dr. Kearl may review any and all materials necessary for him to be personally and thoroughly informed as to all aspects of the damages claims and analyses of the parties in this action. Dr. Kearl may use assistants in conducting his work, which assistants shall be compensated as provided in paragraph 9 of this order. To the extent they have not already done so, Attorney Cooper, Dr. Kearl, and any of Dr. Kearl's staff who will have access to the confidential material of either party will sign the undertaking required under the protective order in this case regarding access to and review of confidential and highly confidential material, which has been amended since the case returned (Dkt. Nos. 1314–15). Attorney Cooper will please assist Dr. Kearl in obtaining from counsel for the parties any material Dr. Kearl seeks to review. The full non-privileged record in this matter will be available to Dr. Kearl as he requests.

2. The parties are conducting additional discovery following remand. If they have not already done so, the parties shall please produce to Attorney Cooper the following materials for prompt relay to Dr. Kearl: (a) a list of all depositions taken, including since the case was remanded, including notices of all Rule 30(b)(6) depositions and the identity of the responding witnesses; (b) a description by category of all documents produced by each party, including those produced including since remand; (c) copies of all answers to interrogatories submitted by the parties including since remand; (d) copies of all responses to requests for admissions submitted by the parties including since remand.

3. The parties and Dr. Kearl shall adhere to the stipulated schedule for the exchange of expert reports, depositions, and *Daubert* motions (Dkt. No. 1334). Pursuant to that schedule, Dr. Kearl's report is due on **MARCH 8, 2016**. Party rebuttals to his report are due **MARCH 21, 2016**. The parties will please make available to Dr. Kearl through Attorney Cooper the full record of materials on which their experts relied in preparing their reports and testimony.

4. The parties may conduct discovery of Dr. Kearl to the same extent as any other expert witness. As provided in the stipulated schedule, the deadline to depose Dr. Kearl is **MARCH 15, 2016**. Attorney Cooper will please represent Dr. Kearl in the deposition. Communication between Attorney Cooper (or his firm) and Dr. Kearl (or his helpers) will be

privileged only to the extent provided by Rule 26 of the Federal Rules of Civil Procedure and Rule 706. Oracle and Google will each have up to seven hours to question Dr. Kearl (for a total of fourteen hours). Attorney Cooper will also have the opportunity to ask follow-up questions at the deposition. Any questioning by Attorney Cooper shall not count against the parties' time limits.

5. Dr. Kearl will be permitted to attend the depositions of the parties' damages experts in this matter, and Attorney Cooper, as Dr. Kearl's counsel, will be permitted to question the parties' damages experts at those depositions for the purpose of assisting Dr. Kearl in understanding the basis for their opinions. Any questioning by Attorney Cooper shall not count against the parties' time limits.

6. Neither party may make *ex parte* substantive communications with Attorney Cooper, Dr. Kearl, or his assistants, including communications regarding Dr. Kearl's role in the case, any witness or expert testimony, or any expert reports. All written substantive communications that Attorney Cooper, Dr. Kearl, or his assistants have with either party shall include at least one attorney of record from the other side as a recipient. All verbal substantive communications that Attorney Cooper, Dr. Kearl, or his assistants have with either party shall be in the presence of at least one attorney of record from each side.

7. As indicated in prior orders, the Court requests Dr. Kearl's response to any *Daubert* motions regarding the parties' damages experts. Dr. Kearl's response should be filed on the same schedule as the non-moving party's response. The moving party should address Dr. Kearl's response in its reply brief.

8. Based on the complexity of the case as now known to the Court, Dr. Kearl will testify at trial subject to *Daubert* or evidentiary objections (after both sides have presented their cases). Dr. Kearl will be presented in direct examination at trial by Attorney Cooper. Each party will be permitted to cross examine Dr. Kearl as though he were an adverse expert witness. The Court reserves on the possibility that by the time the opposing damages cases are presented at trial, the issues will no longer be so complicated as to warrant a Rule 706 expert.

3

9. Dr. Kearl shall be introduced to the jury as follows: "Dr. Kearl is an independent expert who was not retained by either party, but was appointed by the Court to testify in this case. The Court has ordered that his fees are to be paid by both Oracle and Google. You should consider his testimony in the same way that you would any other witness's. You should not give his views any special weight merely on account of his appointment by the Court."

10. Dr. Kearl will be compensated on a monthly basis. His professional fees and expenses will be paid to Attorney Cooper, one half by each party, within thirty days of receipt of each of his monthly invoices. Dr. Kearl will please submit his invoices and supporting materials, which will include the invoices and supporting material of those persons assisting him, including the number of hours worked, the work performed, and the type of expenses incurred, to Attorney Cooper, who will forward them to counsel for the parties for payment in accordance with this order. The parties may contact Attorney Cooper to seek to negotiate reductions in Dr. Kearl's billing as they deem necessary or appropriate.

11. Neither Dr. Kearl nor any of his assistants will communicate directly with the parties or with the Court. All communication Dr. Kearl has with the parties and the Court will be conducted through Attorney Cooper. The Court will provide notice to both parties of any communication between the Court and either Dr. Kearl or Attorney Cooper.

12. Neither Dr. Kearl nor any of his assistants will incur any liability to the parties as a result of their work on this matter.

**IT IS SO ORDERED.**

Dated:   December 9, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE