KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Tel:    (212) 556-2100
Fax:    (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ORACLE AMERICA, INC., | Case No.  CV 10-03561 WHA |
|---|---|
| Plaintiffs, | **DEFENDANT GOOGLE INC.'S NOTICE OF DEPOSITION OF JOHN DUIMOVICH (IBM CORPORATION)** |
| v. | |
| GOOGLE INC., | |
| Defendant. | Judge:    Hon. William Alsup |

1    PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil
Procedure, the Court's Supplemental Order to Order Setting Initial Case Management
Conferences (ECF No. 26), and any other applicable orders or standing orders, Defendant Google
Inc. ("Google") will take the testimony upon oral deposition of John Duimovich on behalf of the
IBM Corporation ("IBM") pursuant on the matters listed in the subpoena to IBM requesting
testimony and production of documents dated November 16, 2015.  A copy of the subpoena is
attached hereto as **EXHIBIT A**.

The deposition will commence on December 16, 2015 at the **Ottawa Marriott Hotel, 100 Kent Street, Ottawa, ON K1P 5R7, Canada** at 12:30 p.m., before a court reporter or other officer authorized to administer oaths.  The deposition will continue day to day until completed, will be conducted in accordance with the Federal Rules of Civil Procedure, and will be recorded by stenographic and videographic means, including real-time transcription.

Dated:  December 12, 2015                    KEKER & VAN NEST LLP

                                By:    /s/ *Robert A. Van Nest*
                                       ROBERT A. VAN NEST
                                       CHRISTA M. ANDERSON
                                       DANIEL PURCELL

                                       Attorneys for Defendant
                                       GOOGLE INC.

1
NOTICE OF DEPOSITION OF JOHN DUIMOVICH (IBM CORPORATION)
Case No.  CV 10-03561 WHA

1010568

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On December 12, 2015, I served the following document(s):

**DEFENDANT GOOGLE INC.'S NOTICE OF DEPOSITION OF JOHN DUIMOVICH (IBM CORPORATION)**

☑   by **ELECTRONIC MAIL (PDF)**:  Based on an agreement of the parties to accept service by electronic mail, I caused a true and correct copy of the foregoing document(s) to be sent to the person(s) at the electronic notification address(es) listed below.  The email was transmitted without error.

| | |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP<br>KAREN G. JOHNSON-MCKEWAN (SBN 121570)<br>kjohnson-mckewan@orrick.com<br>ANNETTE L. HURST (SBN 148738)<br>ahurst@orrick.com<br>GABRIEL M. RAMSEY (SBN 209218)<br>gramsey@orrick.com<br>405 Howard Street, San Francisco, CA 94105<br>Tel: 1.415.773.5700 / Fax: 1.415.773.5759<br>PETER A. BICKS (*pro hac vice*)<br>pbicks@orrick.com<br>LISA T. SIMPSON *pro hac vice*)<br>lsimpson@orrick.com<br>51 West 52nd Street, New York, NY 10019<br>Tel: 1.212.506.5000 / Fax: 1.212.506.5151 | Attorneys for Plaintiff<br>ORACLE AMERICA, INC. |
| DAVID BOIES<br>BOIES SCHILLER & FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504<br>914-749-8201<br>Fax: 914-749-8300<br>Email: dboies@bsfllp.com | Attorneys for Plaintiff<br>ORACLE AMERICA, INC. |
| STEVEN C. HOLTZMAN (SBN 144177)<br>sholtzman@bsfllp.com<br>1999 Harrison St., Ste. 900, Oakland, CA 94612<br>Tel: 1.510.874.1000 / Fax: 1.510.874.1460 | Attorneys for Plaintiff<br>ORACLE AMERICA, INC. |
| ORACLE CORPORATION<br>DORIAN DALEY (SBN 129049)<br>dorian.daley@oracle.com | Attorneys for Plaintiff<br>ORACLE AMERICA, INC. |

```
 1  DEBORAH K. MILLER (SBN 95527)
    deborah.miller@oracle.com
 2  MATTHEW M. SARBORARIA (SBN 211600)
    matthew.sarboraria@oracle.com
 3  RUCHIKA AGRAWAL (SBN 246058)
    ruchika.agrawal@oracle.com
 4  500 Oracle Parkway,
    Redwood City, CA 94065
 5  Tel: 650.506.5200 / Fax: 650.506.7117
```

 6  Oracle/Google@orrick.com                                 Plaintiff's Counsel Service List

 8  Executed on December 12, 2015, at San Francisco, California.

 9  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                       /s/ *Matthias Kamber*
 12                                    Matthias Kamber

# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Northern District of California

ORACLE AMERICA, INC.,
        Plaintiff
        v.
GOOGLE INC.,
        Defendant

Civil Action No. CV 10-03561 WHA

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
   IBM Corporation New Orchard Road, Armonk, New York 10504
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule A

| Place:<br>King & Spalding<br>1185 Avenue of the Americas<br>New York, NY 10036 | Date and Time:<br>December 1, 2015<br>12:00 pm |
|---|---|

The deposition will be recorded by this method:  stenographic, videographic and real-time transcription

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedule A

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Nov. 16, 2015

      CLERK OF COURT

                          OR

    *Signature of Clerk or Deputy Clerk*               *Attorney's signature*
                                                        Reid P. Mullen

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Google Inc.
_____, who issues or requests this subpoena, are:
Reid Mullen, rmullen@kvn.com, Keker & Van Nest, 633 Battery Street, San Francisco, CA 94111



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. CV 10-03561 WHA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## SCHEDULE A

## DEFINITIONS

A.  "You", "Your" or "IBM" means IBM CORPORATION and all of its locations, predecessors, affiliates, successors, subsidiaries, divisions or parts thereof, as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on Your behalf.

B.  "Oracle," means the Plaintiff in this Action and all of its corporate locations, predecessors, affiliates, successors, subsidiaries, divisions or parts thereof, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf, including but not limited to Sun Microsystems, Inc. ("Sun").

C.  "Document" is defined broadly to be given the full scope of that term contemplated in Rule 34 of the Federal Rules of Civil Procedure, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

D.  "Thing" means any tangible object other than a Document.

E.  "Communication" means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

F.  "Action" or "this Action" refers to the captioned lawsuit, Case No. CV 10-03561-WHA in the U.S. District Court for the Northern District of California.

G.  "Relates to," "Relating to" and "Related to" mean describing, discussing, evidencing, concerning, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, dealing with, or in any way pertaining to.

H.  The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa, in order to give these requests their broadest scope.

1006411.01

**INSTRUCTIONS**

1. Produce all responsive Documents and Things in Your custody, possession, or control, or within the custody, possession, or control of Your attorneys, investigators, agents, employees or other representatives.

2. Electronically stored information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligibly.

3. Produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices. All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of these requests. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document. Each document is to be produced along with all drafts, without abbreviation or redaction. To the extent documents are maintained in both hard copy and electronic form, produce both forms.

4. If any responsive document or thing was previously possessed directly by You, or any parent, subsidiary, or affiliated corporation, or any of Your officers, directors, employees, agents, representatives, or attorneys or in Your custody or control, but is no longer, then identify the document or thing, and state why it is no longer in Your possession, custody, or control and identify who currently has such possession, custody, or control.

5. In responding to these requests, You shall affirmatively state in a written response the full extent to which You will produce materials and shall, promptly after the production, confirm in writing that You have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.

6. At the time of production You should provide a written list setting forth in detail each specific source and location searched. The list must also identify, by name and position, all persons conducting the search and their areas of search responsibility. You shall also provide a list describing the specific source for each produced item as well as for each item withheld on a ground of privilege, using the unique identifying numbers to specify documents or ranges.

7. Keep and produce a record of the source of each document or thing produced. This shall include the name and location of the file where each document was located and the name of the person, group, or department having possession, custody, or control of each document or thing.

8. For any document or thing otherwise responsive to these requests that You withhold on the grounds of a claim of attorney/client privilege, work product immunity, or some other privilege or immunity, or fail to produce due to its loss or destruction, provide a privilege log that provides sufficient detail to enable the claim of privilege or immunity to be adjudicated, including: (a) all persons making or receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized

persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication.

9. If no documents or things are responsive to a particular request, You are to state that no responsive documents or things exist.

10. Any redacted document should be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated and included within a privilege log.

11. In the event You claim a request is overbroad, You shall produce documents and things responsive to that portion of the request which You believe is unobjectionable and specifically Identify the respect in which the request is allegedly overbroad. If You contend a request, definition, or instruction is vague or ambiguous, You should Identify what language it considers ambiguous and state the interpretation it is using in responding.

12. If You or Your attorney know of the existence, past or present, of a requested Document but such Document is not currently in Your possession, custody, or control, or in the possession, custody, or control of Your agents, representatives, or attorneys, Identify the Document and the individual in whose possession, custody, or control the Document was last known to reside. For a Document that no longer exists or that cannot be located, Identify the Document, state how and when it passed out of existence, or when it could no longer be located, and the reason for the disappearance. Also, Identify each Person having knowledge about the disposition or loss of the Document, and Identify any other Document evidencing the lost Document's existence or any facts about the lost Document.

13. If subsequent to service of an answer or objection to any request, You obtain or become aware of further documents or things pertaining to said request, You are required to serve an amended answer producing such documents or things, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

14. Please take notice that these instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these requests or as an admission at the trial of the relevance or materiality of any of the matters covered by these requests.

## DOCUMENTS AND THINGS REQUESTED

1. Documents and Things sufficient to show IBM's use of code derived from the Apache Harmony Project in IBM commercial products, including but not limited to documents sufficient to show use of Apache Harmony code in Websphere, Lotus Notes, SameTime, Symphony, and Expeditor, and Tivoli.  *See*, *e.g.*, IBM General Sessions:  Driving Middle-Tier Innovation with Open Technologies (website printout attached); http://www-01.ibm.com/support/knowledgecenter/SSGSPN_9.1.0/com.ibm.tivoli.itws.doc_9.1/common/notices_workbench.html.

2. Documents and Things sufficient to show Oracle's awareness of IBM's use of code derived from Apache Harmony Project in IBM commercial products.

3. Documents and Things reflecting any communications between IBM and Oracle regarding IBM's use of code derived from the Apache Harmony Project in IBM commercial products.

## DEPOSITION TOPICS

1. IBM's use of code derived from the Apache Harmony Project in IBM commercial products, including but not limited to Websphere, Lotus Notes, SameTime, Symphony, and Expeditor, and Tivoli.  *See*, *e.g.*, IBM General Sessions:  Driving Middle-Tier Innovation with Open Technologies (printout attached); http://www-01.ibm.com/support/knowledgecenter/SSGSPN_9.1.0/com.ibm.tivoli.itws.doc_9.1/common/notices_workbench.html

http://java.sun.com/javaone/2009/articles/gen_ibm.jsp  Go

MAY JUN
12
2008 2009

4 captures
11 Jun 09 – 7 Sep 13

**2009 Conference**

Home
  Headline News
  Connect
Registration
Schedule
  Activities
General Sessions
Topics
  Sessions
  Hands-on Labs
Pavilion
  Cosponsors
  Exhibitors
  Media
  How to Exhibit
Java University

**Conference Tools**

Content Catalog
Schedule Builder
My Registration Details

**Programs**

Alumni Program
  Alumni FAQ
Student and Educator Program
Rock Star Wall of Fame
Program Committee

**Related Resources**

JavaOne Online
Developer Corner
2008 Site Archive
Community
Java Wear
Duke Images

Home > IBM General Session: Driving Middle-Tier Innovation With Open Technologies

Contact Us

# IBM General Session: Driving Middle-Tier Innovation With Open Technologies

*by Leslie T. O'Neill*

With the bold declaration of making the world a "smarter planet" where we all "work better, smarter, faster, and together," IBM took the stage to present the Thursday afternoon general session at the 2009 JavaOne conference. The session title was Extreme Transaction Processing and Elasticity -- The Answer for Your Most Demanding Applications.

Speaker Craig Hayman, IBM's vice president of WebSphere software, introduced IBM's open-source-based solutions to the increasingly common problems that companies face when they run extreme transaction-processing applications. Research firm Gartner defines *extreme transaction processing* as "an application style aimed at supporting the design, development, deployment, management, and maintenance of distributed transaction processing applications characterized by exceptionally demanding performance, scaleability, availability, security, manageability, and dependability requirements."

"The middle tier is a very vibrant place for innovation right now," said Hayman.

In today's general session, Hayman introduced the developer community to IBM's vision for extreme transaction processing, which will help ensure that your Java technology-based application infrastructure and IBM Smart SOA (service- or systems-oriented architecture) is flexible enough to support even your most demanding applications.

Hayman credited Java technology, open source, open standards, open architectures, and involvement from the developer community with making IBM's "elastic data grid" -- and the commercial products aimed at adding flexibility to your enterprise -- possible. IBM's current goal is to develop software that better supports transaction-intensive services. In turn, that will help you deliver more consistent and predictable response times to users.

To demonstrate some of the work that IBM has been doing with open source to innovate in the middle tier, Hayman called to the stage Ted Ellison, vice president of the Apache Software Foundation and an IBM senior technical staff member, to give a demonstration of the Apache Harmony project.

"This is not your father's runtime," said Ellison of this free, open-source implementation of Java SE (Standard Edition). The Harmony project was started in 2005 to provide an independent yet compatible implementation of the Java runtime, and Hayman said that it has become the foundation for next-generation runtimes.

"It's very capable, has been developed over the last four years with the community, and it's based on a well-trusted modular system," Ted Ellison added.

Ellison's demo revealed Apache Harmony to be very modular, and developers can generally expect that just about any Java module dropped into Apache Harmony will work. For example, he showed the audience how to use OSGI's plug-in development environment, just one of the many standard tools that developers can easily plug into Harmony. His demo also included walk-throughs of Harmony's boot directory, its use of tightly integrated Eclipse modules, and more.

The Apache Harmony project is more than an exercise in Java runtime innovation for IBM. According to Hayman, Apache Harmony is in broad commercial use. In fact, IBM's Lotus Notes and SameTime, Symphony, and Expeditor are all built on a Harmony base.

IBM's development model is to collaborate deeply on innovative open-source projects that may be suitable for the enterprise, such as Apache Harmony, Tuscany, OSGI, and DoJo, and then integrate those innovations into its commercial products, such as WebSphere, Lotus Notes, and more.

IBM's vision for a more elastic approach to dealing with extreme transaction application includes its WebSphere

**2009 Platinum Cosponsor**



Cosponsors



Gen Session Cosponsors



**Media Sponsors**

portfolio of products. Hayman also introduced the new "very, very effective" WebSphere eXtreme Scale application, which aims to improve the caching operation in the middle tier.

"We've inserted a new tier to do some of the cache instead of existing applications," said Hayman.

With traditional cache operations, the cache capacity is determined by the system's individual JVM* size, and several problems are common, including invalidation chatter, spiking loads on the database when the cache is invalidated, and redundant copies of data that are never accessed. eXtreme Scale aims to solve these problems by determining the cache capacity by the total cluster size. This reduces invalidation chatter, eases the load on the database, and eliminates cold-start spikes on the database. eXtreme Scale can also operate across zones, which you can define as either a data center, a specific chassis, or a room in your office building.

Hayman also showed the impact of eXtreme Scale on systems' memory utilization. In a slide, he showed that a working set can be stabilized across all servers even though the workload is actually changing dramatically, spreading the workload evenly across the servers.

IBM is also working to enhance transaction processing with the garbage collection performed by the WebSphere Realtime JVM. Combined with eXtreme Scale, it gives you better control over garbage-collection jitter, reduces grid latency, and results in better memory utilization.

Finally, Hayman discussed IBM's Web Application Server (WAS) for developers, which has Java technology at the core for simple, secure, and speedy development and deployment. WAS is now free for developers to download, and it is one of the applications that IBM will be making available through the Amazon Elastic Compute (Amazon EC2) cloud.

Before closing the general session, Hayman called on all the developers in the audience to take action and to commit to contributing their innovations to the open-source community.

―――――

* As used on this web site, the terms "Java Virtual Machine" and "JVM" mean a virtual machine for the Java platform.

**For More Information**

» Watch the Video Replay: Extreme Transaction Processing and Elasticity -- The Answer for Your Most Demanding Applications
» Java Technology
» IBM WebSphere Software
» Apache Harmony project
» General Session Schedule

**Rate This Article**

**Comments**

Do you have comments about this article? We welcome your participation in our community. Please keep your comments civil and on point. You may optionally provide your email address to be notified of replies - your information is not used for any other purpose. By submitting a comment, you agree to these Terms of Use.



ContactUs | About Sun | Privacy | Terms of Use | Trademarks
Conference content is subject to change. Copyright 1996 - 2009 Sun Microsystems, Inc.