# KEKER & VAN NEST LLP

633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
kvn.com

**Robert A. Van Nest**
(415) 391-5400
rvannest@kvn.com

December 15, 2015

Magistrate Judge Donna M. Ryu
U.S. District Court, Northern District of California
1301 Clay Street, Courtroom 4
Oakland, CA 94612

Re:   *Oracle America, Inc. v. Google Inc.*;
      U.S. District Court, Northern District No. CV 10-03561 WHA

Dear Judge Ryu:

Google must submit this short supplement to the "Joint" Discovery Letter Brief (Dkt. 1396) filed by Oracle late last night because Oracle filed the brief without authorization from Google, denying Google the opportunity to respond to a new argument it added at the 11th hour. Contrary to Oracle's attestation in the brief "that concurrence in the filing of this document has been obtained from each of the other Signatories to this letter," no concurrence was obtained from Google before Oracle filed the brief. Had Oracle permitted Google to respond to its last round of edits, the brief would have included the following:

Oracle's complaint that the IBM documents should have been addressed to an attorney other than Ms. Hurst because Ms. Hurst mentioned in passing that she was at the airport is without foundation. Ms. Hurst expressly requested on Thursday that any documents produced by IBM be provided to Oracle "immediately." As already noted in Google's portion of the letter brief, at the beginning of the parties' December 11 meet and confer call, Google's counsel informed Ms. Hurst *and the two other Oracle attorneys participating in the meet and confer call* (Lisa Simpson and Gabe Ramsey), that the IBM documents were being copied and delivered to Orrick's offices during the call. The delivery confirmation shows that the documents were hand-delivered to counsel's office at 5:00 p.m. just minutes after the conclusion of the parties' call. Despite being told that the documents were on their way to Orrick's offices, none of the three Oracle attorneys on the call asked that Google change course and deliver the documents somewhere else or to another attorney's attention. The only other attorney on the call who has been involved in the scheduling of the IBM deposition is Ms. Simpson, and she is in Orrick's New York offices. It was obvious to all on the call that the documents were being delivered by hand to Orrick's San Francisco office, particularly since Ms. Hurst had taken the lead on this issue. And it has been the consistent practice to date that all productions delivered by hand (such as hard drives, etc.) have been delivered to Ms. Hurst in the San Francisco office.

1010977.01

Hon. Donna M. Ryu
December 15, 2015
Page 2

On Sunday, December 13, after Ms. Hurst complained that the IBM documents had not been received, we endeavored to confirm that Oracle had in fact received the delivery. Because of the weekend, however, we could not confirm delivery until Monday morning while drafting Google's section of the joint letter brief on three business hours' notice. Over the weekend, Ms. Hurst, not Google, was in the best position to inquire of her own office to confirm that it had in fact received a delivery by hand at 5:00 p.m. on Friday, as was discussed on the parties' call.

Very truly yours,

KEKER & VAN NEST LLP


/s/ Robert A. Van Nest

Robert A. Van Nest

RPM:pal