ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC.<br><br>          Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

**NOTICE OF MOTION AND ACTION REQUESTED**

Oracle America, Inc. ("Oracle") moves for relief from the "Order re Discovery Letters Re: Dkt. No. 1385, 1386, 1387, 1389," ECF No. 1394 (hereinafter the "Order"). Oracle requests that this Court require that Google produce to Oracle (or to this Court for *in camera* inspection) materials Google has improperly withheld on unsubstantiated claims of privilege.

**INTRODUCTION**

On the final day of discovery before the first trial, Google served a privilege log containing about 28,000 new entries. The log revealed, *inter alia*, that Google had withheld over 10,000 documents on the ground of attorney-client privilege without identifying any lawyer associated with the document in any way, not as author, sender, recipient, copyee, custodian—nothing. The withheld documents may well provide critical support for Oracle's claim of ongoing copyright infringement, rebut Google's assertions that its use was "fair," refute Google's defenses of laches and estoppel, and further demonstrate the importance of the Java API packages to Android. When Oracle challenged the privilege assertions, Google made no effort to substantiate its claims of privilege or otherwise justify its failure to turn over the documents. Instead, Google relied entirely upon what it claimed (and Judge Ryu accepted) was a missed deadline.

Judge Ryu's decision denying Oracle's motion to compel as untimely is "clearly erroneous [and] contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). This Court should sustain Oracle's objections and reverse Judge Ryu's order because (1) Oracle's motion to compel is timely, (2) Google expressly waived any right to challenge the timeliness of the motion, and (3) in any event, good cause exists to examine this issue. *See, e.g.*, *Berger v. Seyfarth Shaw, LLP*, No. C 07-05279 JSW (MEJ), 2008 U.S. Dist. LEXIS 117105, at *2-4 (N.D. Cal. Oct. 14, 2008) (White, J.) (reversing magistrate judge's denial of motion to compel).

**PORTIONS OF THE ORDER TO WHICH ORACLE OBJECTS**

**"[T]he parties had … until August 5, 2011, to file motions to compel discovery. The parties later made a stipulated request to extend certain discovery deadlines, including a proposed August 15, 2011 deadline for submission of privilege logs…. Judge Alsup granted much of the parties' proposal, but expressly rejected the request to extend the deadline to file discovery motions, ordering instead that "the deadline for filing discovery motions shall not be**

- 1 -

ORACLE'S MOTION FOR RELIEF FROM
NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE

1     **extended and shall remain as before." Docket No. 257 at ¶¶ 4, 6. Thus, Oracle's November 2015 motion to challenge Google's August 2011 privilege log was filed over four years too late. The court denies Oracle's motion as untimely." Order at 1:25-2:5.**

Objection: Clearly erroneous and contrary to law. Of the 28,000 entries Google added to its privilege log on the last day of discovery before the first trial, more than 17,000 of them do not justify withholding the documents. Oracle moved for an order compelling Google to produce four categories of those improperly withheld documents identified in tabs to the spreadsheet log filed with the Court (ECF No. 1385-1):

(1) More than 10,000 relevant and responsive documents that Google withheld based on claims of attorney-client privilege even though none of those documents has a single lawyer connected to it in any manner.

(2) Over 7,000 documents Google refused to produce even though the only lawyer or lawyers connected with the document are listed merely as copyees. A copyee is not the primary intended recipient of a communication but someone who is "cc'd" as a "for your information." CC'ing a lawyer does not make a non-privileged communication privileged.

(3) Documents Google withheld as privileged solely because an in-house lawyer with a predominantly business or public policy role was included on the communication. Google's privilege log provides no indication whatsoever that the employee's involvement with the document was legal rather than merely part of business or public policy.

(4) Documents Google withheld that seem to be analogous to the Lindholm emails that this Court and the Federal Circuit have already held are not privileged. *See* ECF No. 546.

Based on the very limited information in its privilege log, Google did not meet its burden of showing that these more than 17,000 documents are privileged. ECF No. 361 at 3 (asserting party bears the burden of proof); *Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, 2011 WL 1599646, at *1 (N.D. Cal. Apr. 27, 2011) (same). Nevertheless, Judge Ryu did not order Google to produce the documents in question, concluding that Oracle's motion was "untimely." Order at 2:3-4. Judge Ryu's decision is clearly erroneous and contrary to law.

Oracle's motion was not "untimely" for two reasons. First, when Oracle filed its motion, discovery was open and ongoing. *See* ECF No. 1356; ECF No. 1334 at 2:5. The deadline for

1   fact-discovery motions is December 23.  N.D. Cal. Civ. L.R. 37-3.  Oracle filed its motion to

2   compel on November 24, 2015, about a month before the fact-discovery motion deadline.  ECF

3   No. 1385.  Because Oracle filed its motion to compel within the prescribed period for discovery

4   motions under the now-governing scheduling order, Oracle's motion was not "untimely."

5   	Second, the Order finds Oracle's motion untimely because Oracle was required to file its

6   motion to compel on or before "August 5, 2011," even though Google was not required to—and

7   did not—serve its privilege log listing the documents in question until "August 15, 2011"—ten

8   days *after* either party could have moved to compel.  *See* Order at 1:25-28.  Under that reading,

9   Oracle never had any chance to move to compel, even though the Federal Rule of Civil Procedure

10  give a party a right to "move for an order compelling disclosure or discovery."  Fed. R. Civ. P.

11  37(a)(1); *accord* Fed. R. Civ. P. 37(a)(3)(B) (a party "may move for an order compelling an

12  answer, designation, [or] production … if … a party fails to produce documents").  Under Judge

13  Ryu's reasoning, Google had the right to refuse to produce thousands of responsive, non-

14  privileged documents merely by adding those documents to a privilege log served at a date when

15  Oracle could not have brought a motion to compel.  This Court's order extending the case dead-

16  lines, *see* ECF No. 257, could not have been and should not be understood as an invitation for

17  Google to improperly withhold thousands of responsive, non-privileged documents under the

18  guise of a privilege log.  Indeed, it would be contrary to law for a case-scheduling order to

19  obviate the Federal Rules of Civil Procedure and for a party to use a case-scheduling order as a

20  vehicle to abuse the discovery process.  This Court should not permit such an abuse.

21  	This is especially true here in light of Google's demonstrated erroneous claims of privi-

22  lege.  This Court will recall that Google fought tooth and nail to avoid production of highly sig-

23  nificant Lindholm emails.  *See, e.g.*, ECF No. 546 (order holding the emails not privileged).  And

24  even after a magistrate judge, this Court, and the Federal Circuit all found the emails not privi-

25  leged, Google continued to fight to keep the emails from the jury, leaving this Court exasperated:

26  "This document is clearly going to come into evidence.  The Court of Appeals for the Federal

27  Circuit has said it's not privileged and every judge that's ever looked at it says it's not privileged.

28  So it's going to come into evidence in due course."  Trial Tr. 450.  Not only is Google still

avoiding producing materials similar to the Lindholm emails, Google is also withholding as privileged thousands of documents that have no connection to a lawyer whatsoever. This Court should not countenance Google's discovery strategy, particularly under the guise of enforcing a scheduling order that the parties would never have agreed to if it meant that they could not seek this Court's intervention for discovery abuses.

As an independent ground for relief, Judge Ryu's order was erroneous because Google expressly waived any right to assert a timeliness objection. On August 5, 2011, the parties filed a joint letter identifying all the issues for which the parties still "may need to seek the assistance of the Court." ECF No. 275. The joint letter stated: "The parties also recognize that additional privilege logs may be served up to and including August 15, and to the extent that issues identified with respect to those supplementations cannot be resolved after the parties meet-and-confer, those issues *may be raised with the Court as well*." *Id.* at 1 (emphasis added). Although the parties could not unilaterally modify the Court's deadline, they could agree not to assert it as a defense to a motion. And that is exactly what they did: The joint letter was an agreement between the parties that they would not raise timeliness objections if the other party filed a discovery motion after August 5. It is clear that is how Google understood it. ECF No. 351 at 3 (Decl. of Google's Counsel in August 2011) ¶ 13 (reporting that "Oracle does not assert and does not intend to argue that Google's [discovery] motion … was untimely."). Now Google is doing exactly what it agreed in 2011 that it would not do in order to obtain an extension of time to file its privilege log: trying to defend its withholding of thousands of responsive documents solely on the grounds that Oracle's objection came too late. Google made no other argument in defense of its privilege log. Google expressly waived this contention, and, having obtained the benefit of an extended deadline for serving its privilege log, is now judicially estopped from asserting a timeliness objection (as it did to Judge Ryu). *Davis v. Wakelee*, 156 U.S. 680, 689 (1895) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced ….").

Finally, if this Court nevertheless concludes that Oracle's motion to compel was late be-

- 4 -
ORACLE'S MOTION FOR RELIEF FROM
NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE

cause it should have been filed in August 2011, it should find "good cause" under Rule 16(b)(4) to amend the scheduling order and accept Oracle's motion as timely filed given Google's egregious discovery abuse. As explained, Google refused to produce what appears to be thousands of plainly responsive, non-privileged documents involving no lawyer, or only a lawyer as copyee. Google withheld documents based on the involvement of in-house lawyers in primarily non-legal positions and withheld documents seemingly analogous to the Lindholm emails that this Court and the Federal Circuit both found *not* protected. As the documents Google was previously forced to produce show, Google struggled to find any alternative to the Java API packages for its Android platform and concluded that Google needed a license for the Java platform. *See* TX 10. While Judge Ryu is not empowered to modify this Court's scheduling order, even with good cause shown, this Court can and should modify the scheduling order to redress Google's egregious and flagrant privilege log abuse. *See, e.g.*, *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007) (district court abused discretion by not modifying scheduling order after non-moving party engaged in discovery abuse including not presenting a witness for deposition); *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 597 (S.D. Tex. 2011) (finding good cause to extend expert discovery deadline when plaintiffs hinder defendants depositions); *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 497 (S.D.W.Va. 2003) (excusing plaintiff's delay in amending the complaint and finding good cause under Rule 16 due to the defendant's late discovery responses).

**"Thus, Oracle's November 2015 motion to challenge Google's August 2011 privilege log was filed over four years too late." Order at 2:3-4.**

Objection: Clearly erroneous and contrary to law. Oracle's motion was not "four years too late." Once Oracle appealed, ECF No. 1243, this Court was "divest[ed]" of jurisdiction until the case returned after cert was denied. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The Order is therefore clearly wrong that Oracle waited "four years" to file its motion to compel. For most of that time, this Court lacked jurisdiction to consider such a motion.

## CONCLUSION

For the reasons stated above, this Court should sustain Oracle's objections and reverse.

Dated: December 17, 2015

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Peter A. Bicks*
PETER A. BICKS

Counsel for ORACLE AMERICA, INC.