ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759

WWW.ORRICK.COM

December 23, 2015

The Honorable William Alsup
United Stated District Court,
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

**Re: *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA**
**Letter Brief Regarding Motion to Compel Compliance and for Sanctions**

Dear Judge Alsup:

Oracle hereby seeks enforcement of the Court's November 10, 2015 discovery order compelling Google to produce financial documents requested by Oracle. Because Google lacks substantial justification for its refusal to comply with the Order, Oracle also seeks monetary and issue sanctions. The parties have met and conferred but have been unable to reach an agreement.

## I. PROCEDURAL BACKGROUND

The Court ordered a November 10, 2015 discovery hearing regarding Oracle's motion to compel Google to identify and produce financial information. Dkt. 1357. The Order directed the parties to meet and confer in person in the Court's jury room. *Id*. The express purpose of this session was to ensure that the parties met and conferred regarding all categories of documents implicated by the November 10 hearing. *Id.*

During the November 10 meet and confer session in the Court's jury room, Oracle outlined the types of documents it sought from Google. Oracle explained that it was seeking P&L statements for Google's Android and non-Android lines of business, as well as regularly prepared executive level presentations discussing financial data for Android and non-Android business lines. After a hearing in which Oracle offered its rationale based on a need to examine the cost structure of Google in order to assess the apportionment of companywide expenses, the Court rejected Google's relevance objection. Dkt. 1372 at 6:4-6; 7:23-24 ("It's relevant to [Oracle's] argument. It's not relevant to [Google's] argument[.] [Oracle] get[s] to make their argument."). Later, the Court issued a brief order stating that "Defendant shall produce the requested documents." *See* Dkt. No. 1373. That afternoon, Oracle emailed Google's counsel to request a date certain for Google's compliance with the Court's order. Oracle then emailed several other times, without response.

During a November 19, 2015 hearing on another matter, the Court reiterated the scope of the November 10 Order, saying that it covered "every scrap of paper that [Oracle] asked for." Dkt. No. 1382 at 14:2. On November 20, after multiple inquiries from Oracle regarding the timing of Google's compliance with the Court's November 10 Order, Google's counsel who argued the earlier motion, Mr. Purcell, emailed Oracle's counsel and stated as follows:

> "numerous periodic executive-level presentations, related both to Android and other Google business lines, were produced this past

> Monday. As I said in my email last week, Google is investigating the extent to which other non-Android Google business lines made executive-level presentations discussing the quarterly P&L data for those business lines."

Based on this representation, Oracle awaited Google's full compliance with the Court's order.

Google then dribbled out documents (both financial and otherwise) over a several week period of time through Thanksgiving and right up until the day of the discovery cutoff on December 16. At that point, based on looking at the documents, Oracle believed it had not received everything ordered to be produced. The parties conducted Oracle's requested meet and confer on December 18. During that teleconference, Google agreed that it had in fact located additional responsive documents as a result of its investigation and was withholding them. Specifically, Google is withholding periodic executive level presentations that it has collected discussing the reasons for the performance reflected in the P&L financial results of Google's "non-Android" lines of business.

During the December 18 meet and confer, Google reiterated the very same relevance objection that the Court had already overruled on November 10. Google's only other rationale for withholding the responsive documents it had collected was that Oracle hadn't really asked for it and the Court didn't really mean it. Google attacked Oracle for not demanding the collected documents sooner. Confronted with the implication that his statements on November 20 meant the documents would be produced when found, Google's counsel argued that he only agreed to *look* for the requested documents, not to actually *produce* them. Oracle now files this letter brief seeking compliance with this Court's earlier Order, and for sanctions.

## II. ARGUMENT

On November 10, Oracle explained that it requires the financial information for the entire company in order to assess the cost structure for the disgorgement analysis; the Court strongly rejected any relevance objection by Google. Dkt. 1372; *see also* Dkt. 1321 at 12 (*citing Kamar v. Russ Berrie*, 752 F.2d 1326, 1332 (9th Cir. 1984) (requiring causal relationship between revenues and expenses). Google concedes that Oracle requested in the pre-hearing conference both P&L data and executive level presentations discussing Google's financial performance in all lines of business (both Android and non-Android). Google produced the P&L data, but refuses to produce the executive level reports discussing the reasons for that performance, claiming they were not within the scope of the Court's earlier order.

Google's position ignores both the Court's November 10 Order and the Court's subsequent statement regarding its scope. At the hearing, the Court expressly refused to enumerate a list of specific documents for Google to produce, because, as the Court noted when pressed by Mr. Purcell, only Google was in a position to know exactly what specific documents it had. Dkt. 1372 at 5:17-8:2 ("it's impossible for me or the other side to be able to answer that question"). Instead, the Order commanded Google to produce the requested documents. Dkt. 1373. Google concedes that Oracle requested the documents now at issue in the pre-hearing conference. Later, on November 19, the Court reiterated the scope of its order, stating that it had required Google to produce "every scrap of paper that Oracle asked for." Dkt. No. 1382 at 14:2.

The executive level presentations discussing Google's performance also clearly fall within exactly the same rationale already offered by Oracle and adopted by the Court. Google's discussion of the *reasons* for its expenditures are directly pertinent to the causal analysis as to whether they should be deducted against the various relevant categories of revenue. The only documents Google produced in response to the order are spreadsheets containing financial data.

And, Google's 30(b)(6) witness on financial reporting admitted that these "P&Ls" were not copies of regularly prepared business reports; instead, they were database dumps created at the direction of counsel for purposes of this litigation. Google is not only withholding relevant documents, it is also manipulating the contents of what it has turned over to avoid disclosure of its business records.

To understand Google's business as reflected in these data dumps, it is important that Google produce its contemporaneous periodic reports and executive presentations regarding its financial performance. But, the only compromise Google offered during meet and confer was to redact unspecified discussions of "non-Android" performance. Yet the discussion by Google of the reasons for its own performance are perhaps the best evidence available to explain this bare financial data dump. This is undoubtedly why Google makes such reports to its executives: so that they can guide its business based on an understanding of the reasons for its performance. And since the issue here is exactly which expenses belong on the Android versus non-Android side of the line, Oracle requires the discussion of *all* of Google's performance. To redact the "non-Android" discussion would be to deprive Oracle of exactly the information it needs to prove—that certain expenditures are not related to Android and so should not be deducted in a disgorgement calculation. This is why the Court ordered production of *all* reports in the first place. Google's proposal to redact unspecified types of non-Android data reveals that its objection is exactly the same now as it was—when overruled—on November 10.

Oracle offered the following substantial compromise in an effort to avoid this motion: (1) to initiate a new level of confidentiality under the protective order limiting the documents to outside counsel and experts; (2) to continue the deposition of Google's 30(b)(6) witness on financial records for 3.5 hours; and (3) to work mutually and in good faith to limit the exposure to the public of any financial documents marked as trial exhibits. Google agreed to produce the financial witness for further deposition in light of its late production of other financial data, but refused the other terms of the compromise.

Google's refusal to produce the documents violates the Court's November 10 Order. Moreover, it is apparent that Google has no substantial basis for refusing to produce the responsive documents that it collected in response to that Order. Google's argument that Oracle should have asked sooner is offensive. Oracle asked repeatedly. Mr. Purcell represented that some documents had been produced and that more were being collected. Google's subsequent assertion that it was only looking and never intended to produce suggests trickery. Google violated Rule 37(b) with its failure to comply with the Court's November 10 Order by deliberately withholding responsive executive level discussions of its financial performance.

Oracle has been prejudiced in the following respects by Google's unjustified failure to produce: (1) Oracle was forced to depose Google's financial witness without the necessary data; (2) Oracle has had to incur attorneys' fees meeting and conferring further about this issue and filing this motion; and (3) Oracle does not have the data needed by its experts for their reports.

Accordingly, Oracle seeks the following relief: (1) an order compelling compliance by December 30, 2015 requiring Google to produce immediately all periodic executive level presentations prepared in the ordinary course of business at Google discussing its financial performance for *all* lines of business; (2) resumption of the deposition of Google's financial 30(b)(6) witness for 3.5 hours after production; (3) as an alternative to 1 and 2, an issue sanction precluding Google from offering any expense deduction to Android-related revenue other than its direct variable traffic acquisition costs; and (4) an award of reasonable attorneys' fees and costs in an amount to be determined upon proof.

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


*/s/ Annette L. Hurst*
Annette L. Hurst
Counsel for Plaintiff Oracle America, Inc.