December 23, 2015

**VIA ECF**

The Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California
1301 Clay Street, Courtroom 4, 3rd floor
Oakland, CA  94612

>       Re:     *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA (N.D. Cal.),
>               Joint Letter Regarding Oracle's Motion to Compel Google to Produce 30(b)(6) Witness

Dear Judge Ryu:

Oracle respectfully requests that the Court issue an order continuing Google's Rule 30(b)(6) deposition on Topic 8 of Oracle's 30(b)(6) deposition notice.  The parties have met and conferred telephonically, including on December 18 and December 21, 2015, but were unable to resolve the issue.

Fact discovery cut-off was December 16, 2015; party expert discovery cut-off is March 6, 2016.  Dkts. 1356 & 1334.  Dispositive motions are due March 21, 2016.  A pretrial conference is scheduled on April 27, 2016, with trial tentatively set to commence on May 9, 2016.  Dkt. 1333.

**Oracle's Statement**

Oracle requests that the Court compel Google's Rule 30(b)(6) designee to reappear for a deposition and to provide adequate responses on Topic 8:  "All enforcement of intellectual property interests, of any kind, against ANDROID whether directed to GOOGLE, mobile carriers, OEMs or other members of the Open Hand Set Alliance, and any payment by YOU, mobile carriers, OEMs, members of the Open Handset Alliance or anyone else resulting from any assertion of intellectual property against ANDROID."

On December 8, 2015, Hiroshi Lockheimer, Senior Vice President of Android, testified as Google's Rule 30(b)(6) designee on Topic 8.  Mr. Lockheimer's deposition was insufficient for two reasons.  First, Mr. Lockheimer was not adequately prepared to testify on Topic 8 as noticed by Oracle.  Second, throughout Mr. Lockheimer's deposition, Google's counsel instructed him not to answer questions on the basis of meritless privilege objections.  Each of these reasons independently warrants Oracle's requested relief.

**Lack of Preparation.**  Rule 30(b)(6) requires that a person designated to represent a corporation "testify about information known or reasonably available to the organization."  Under Rule 30, Google had an obligation to sufficiently prepare its designee "whether from documents, past employees, or other sources," so that the designee could "answer fully, completely, unevasively, the questions posed."  *Tamburri v. SunTrust Mortg. Inc.*, No. C-11-02899 JST (DMR), 2013 WL 1616106, at *3 (N.D. Cal. April 15, 2013) (citation omitted).  Google ignored this obligation in connection with presenting Mr. Lockheimer's testimony on Topic 8.   In fact, Mr. Lockheimer

testified that he did little to nothing to prepare for his deposition. 351:7-11  Thus Mr. Lockheimer's deposition should be continued with a *prepared* witness.  *Id.* at *6 (directing, after the close of fact discovery, the parties to continue certain Rule 30(b)(6) depositions); *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008) (Rule 30(b)(6) is a "discovery device employed by the examining party to avoid the 'bandying' by corporations where individual officers disclaim knowledge of facts clearly known to the corporation." (citation omitted)).

     Here, despite Mr. Lockheimer's experience, seniority and designation as Topic 8 witness, he failed to provide a response to the vast majority of Oracle's Topic 8 questions.  Mr. Lockheimer has worked at Google for nearly 10 years and is now Senior Vice President responsible for Android. 9:14-17; 14:17-21.  Yet Mr. Lockheimer was unable to answer basic questions regarding enforcement of intellectual property interests against Android.  For example, when Oracle's counsel asked the general question of whether Google has any written agreements reflecting payments to third parties with respect to intellectual property assertions against Android, Mr. Lockheimer said he did not know.  237:4-10.  When asked if he had ever seen "any writing from a third-party requesting reimbursement from Google related to the assertion by another of intellectual property interests against Android," Mr. Lockheimer stated: "I don't remember."  245:21.  Similarly, when Oracle's counsel asked Mr. Lockheimer whether he was aware of payments from Android device makers to Microsoft based on intellectual property assertions by Microsoft related to Android, Mr. Lockheimer testified that he was only aware of press reports on the issue.  237:12-238:1.  Mr. Lockheimer also could not answer basic questions regarding whether Google has paid any third parties in response to intellectual property claims made against Android.  It is clear from Mr. Lockheimer's testimony that Google made no effort to prepare him to testify regarding Topic 8.

     Google attempts below to explain away Mr. Lockheimer's lack of preparation by relying on certain objections it asserted to Oracle's Rule 30(b)(6) deposition notice.  Specifically, Google claims that although the deposition topic clearly sought information about enforcement of intellectual property generally, Google could arbitrarily limit its witness to enforcement of copyright alone.  But, Google waived any such objections to Oracle's deposition notice by failing to move for a protective order prior to the deposition.  *Charm Floral v. Wald Imps. Ltd.*, No. C10-1550-RSM, 2012 WL 424491, at **4-5 (W.D. Wash. Feb. 9, 2012) (holding that parties waive their objections to Rule 30(b)(6) notices by failing to so move for a protective order); *see JSR Micro, Inc. v. QBE Ins. Corp.*, No. C0903044PJHEDL, 2010 WL 1957465, at *2 (N.D. Cal. May 14, 2010) ("Defendant should have met and conferred with Plaintiff as to the meaning of those terms [in the Rule 30(b)(6) deposition notice] before unilaterally assigning meanings to them, or should have moved for a protective order.").  Google cannot unilaterally assert "objections and then provide a witness that will testify only within the scope of its objections." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014).[1]

     Moreover, the topic of IP-related royalties Google or Google's partners have paid to third parties in connection with their use of Android is plainly relevant to the calculation of Oracle's actual damages under 17 U.S.C. § 504(b).  Juries assess actual damages by considering "the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the

---

[1] During Mr. Lockheimer's deposition, counsel for Google represented on the record that Google "h[as] an arrangement with somebody from [Orrick, Herrington & Sutcliffe LLP]'s office that 'intellectual property' refers to copyright and doesn't refer to patent … ."  Lockheimer Depo at 233:1-24.  Counsel for Oracle noted no such agreement was ever reached, and asked for the basis of Google's representation.  Counsel for Google responded, "I'll be happy to get that to you when we discuss this matter." *Id.* at 233:13-17.  Google never "g[o]t that to" Oracle.

Hon. Donna M. Ryu
December 23, 2015
Page 3

infringement for the actual use made by the defendant of the plaintiff's work." Ninth Circuit Manual of Model Jury Instructions – Civil No. 17.23 (2007). The parties may present to the jury "either a hypothetical lost license fee or the value of the infringing use to the infringer. . . ." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001). How third parties, Google and Google's partners have valued IP for use in Android is critically relevant to both how Oracle and Google would have negotiated and valued Oracle's IP for use in Android (*i.e.*, the hypothetical lost license fee), as well the fair market value of Google's use of Oracle's IP. Google concedes that third-party assertions of copyright interests is a relevant issue. But Google has provided no rationale for distinguishing between third-party assertions of copyright interests and, *e.g.*, third-party assertions of patent interests against Android. Because there is none. Both copyrights and patents protect interests over a spectrum of components that are desirable in a mobile platform.

Further, Topic 8 is relevant also to Google's fair use defense. Fed. R. Civ. P. 26(b). The first fair-use factor is the "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1). "Because fair use presupposes good faith and fair dealing, courts may weigh the propriety of the defendant's conduct in the equitable balance of a fair use determination." *Fisher v. Dees*, 794 F.2d 432, 436-37 (9th Cir. 1986) (internal quotation marks, citations and brackets omitted). Here, Oracle seeks information establishing that Android not only put Oracle's Java code to commercial, nontransformative uses, but also that Android was not developed in good faith. It is publicly known that, generally, manufacturers of Android-bearing devices pay sizeable per-device royalties to third parties due to Android's use of IP not belonging to Google. However, it is unknown, for example, (i) the full extent to which Google relied upon, or misappropriated, pre-existing IP developed by competitors in the phone industry, (ii) why Google did not seek a license up-front for the right to use certain, if not all, of that IP; (iii) whether Google made any representations to device manufacturers and other partners concerning Android's unlicensed use of others' IP, (iv) exactly how much device manufacturers and other Android partners are paying per device, and to whom, and (iv) whether and how Google indemnifies its partners for these royalties. Google's relevancy objection avoids this evidence that is directly relevant to Google's bad faith in deciding to proceed without a license with respect to Oracle's Java API Packages.

**Improper Assertions of Privilege.** At the direction of Google's counsel, Mr. Lockheimer refused to answer a series of Oracle's questions on Topic 8 based on an improper assertion of attorney-client privilege. Google's improper use of baseless privilege objections to impede Oracle's deposition must be remedied.

The attorney-client privilege is "strictly construed" because "it impedes full and free discovery of the truth." *Weil v. Inv./Indicators, Research & Mgmt., Inc.* 647 F.2d 18, 24 (9th Cir. 1981). "The fact that a person is a lawyer does not make all communications with that person privileged." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002), *as amended on denial of reh'g*, (Mar. 13, 2002). In particular, the privilege "does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981). "A fact is one thing and a communication concerning that fact is an entirely different thing." *Id.* at 395-96.

Despite this clear rule, during Mr. Lockheimer's deposition, Google sought to conceal facts because statements of such facts were incorporated in communications with its attorneys. Below are some of the more overreaching assertions of attorney-client privilege by Google:

Hon. Donna M. Ryu
December 23, 2015
Page 4

- Asked whether he had ever seen a demand from a third party "to Google demanding that Google pay or otherwise respect somebody's intellectual property interests," Mr. Lockheimer answered: "If I have seen anything like that, it would have been privileged." 248:22-23. Counsel for Google then instructed Mr. Lockheimer not to answer on grounds of privilege, "if the only way you know the answer is from a communication with counsel." 249:13-18. Google is wrong. Communications between third parties and Google, and the existence of such communications, cannot be privileged just because Google later discussed such facts with its attorneys.

- Asked whether Google had ever paid any money in connection with IP-related demands from third parties, Mr. Lockheimer responded: "I can't answer on the grounds of privilege." 251:15-16. Counsel for Google instructed Mr. Lockheimer not to answer if responding to the question would require him "to reveal something [he] only kn[e]w from a communication of counsel." 251:15-16. This was again a baseless assertion of privilege. The fact that an attorney discussed certain facts with Mr. Lockheimer does not render those facts privileged. Counsel for Google had no basis to instruct Mr. Lockheimer not to answer, and she should be directed not to so instruct again.

Google "may not refuse to disclose any relevant fact within [its] knowledge merely because [it] incorporated a statement of such fact into [its] communication to [its] attorney." *Upjohn Co.*, 449 U.S. at 396 (citation omitted). Oracle requests a ruling vacating privilege assertions of this nature.

\*   \*   \*

In an attempt to resolve at once all of Google's outstanding discovery obligations – adequate testimonies on deposition Topics 2, 3, 4, 5 and 8, a response to Oracle's RFP No. 313, and testimony on Google's belatedly-produced financial documents – Oracle offered Google a compromise. Oracle requested 7 hours of testimony for all five Topics from an individual that had been identified several times by Google's witnesses as likely to have the requested information, stated that that deposition would also serve in lieu of RFP No. 313, and further requested 3.5 hours of testimony from Mr. Gold on Google's financial documents. Rather than agreeing to this reasonable proposal, Google offered an entirely different witness on Oracle's 30(b)(6) topics for less deposition time and more limited hours for Mr. Gold. When asked in response by Oracle whether that new witness would be prepared to discuss the topics in Oracle's notice, Google indicated that the parties would not be able to reach agreement on these issues, thus necessitating this and several other motions to compel.

For the foregoing reasons, Oracle respectfully requests that the Court issue an order overruling Google's objections to Topic 8, overruling Google's assertions of privilege during Mr. Lockheimer's testimony on Topic 8, and continuing Google's Rule 30(b)(6) deposition on Topic 8.

**Google's Statement**

Oracle's 30(b)(6) Topic 8[2] broadly seeks testimony regarding **any** intellectual property enforcement of **any** kind against **any one of over a hundred – if not hundreds – of entities** for

---

[2] Topic 8 seeks a witness regarding "All enforcement of intellectual property interests, of any kind, against ANDROID whether directed to GOOGLE, mobile carriers, OEMs or other members of the Open Hand Set Alliance, and any

Hon. Donna M. Ryu
December 23, 2015
Page 5

the use of Android.  It is not tethered to the technology of this case, which only concerns alleged *copyright* infringement by a tiny portion of an enormous and multifaceted Android platform.  And it is not tethered to the type of intellectual property at issue in this case – i.e., copyrights related to certain APIs.  In short, Oracle fails to demonstrate that the broad topics on which it seeks discovery are proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The information Oracle seeks is both flatly irrelevant (relating to *patent* assertions and settlement agreements that would shed no light on the issues in this copyright case) and sensitive (as IP settlements implicate significant privilege and other issues).  Oracle's motion should be denied.

     Given the over-broad nature of Topic 8 as written, Google asked Oracle to clarify what it was really seeking.  Google first sought clarity via a telephonic discussion, but Oracle was not able to provide any at the time.  Google then followed up via written correspondence. Nov. 20, 2015 Email from Kamber to Simpson) ("In addition, please let us know if you can provide any more clarity on Topic 8 and the particular type of knowledge Oracle may be seeking; we are having difficult[y] identifying the appropriate witness based on the topic as written.  As before, I'm happy to discuss this on the phone to the extent it might help.").  But Oracle declined to provide further clarification. Nov. 24, 2015 Email from Simpson to Kamber.  In response, Google said "We will do our best, **subject to our objections**, but still do not fully understand what Oracle may be looking for in terms of witness knowledge." Nov. 25, 2015 Email from Kamber to Simpson (emphasis added).

     Google's objections put Oracle on notice of all the underlying problems that now form the basis of its motion to compel.  Specifically, the objections state (*inter alia*):  "Google objects that Topic No. 8 is **overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence**. Google further objects to Topic No. 8 to the extent it seeks testimony regarding issues protected from discovery by the **attorney-client privilege, the work product doctrine**, the common-interest privilege, and/or any other applicable privilege, immunity, or protection; Google does not waive any such privilege or doctrine by presenting a responsive witness. … Google further objects that this topic is **overbroad and not reasonabl[y] calculated to lead to the discovery of admissible evidence to the extent it seeks testimony about non-copyright "interests."**  Google Amended 30(b)(6) Objections at 8 (emphases added).  Google expressly informed Oracle that, subject to these objections, Google would agree to provide a witness on the narrower (but still irrelevant) subject of copyright enforcement actions against Google concerning Android.  Nov. 25, 2015 Email from Kamber to Simpson ("Among other problems with the topic as written, the issue of enforcement of "intellectual property rights" is unduly broad, encompassing rights not at issue in this case (trademarks, trade secrets) or on which Google has already prevailed (patents)"); Nov. 30, 2015 Email from Kamber to Oracle's Counsel ("As to the issue of **knowledge of enforcement of copyrights against Android**, Google will identify a designee by next Monday.") (emphasis added).  Prior to the deposition, Oracle did not raise any issues or objections, and did not seek to further confer on the issue.

     Furthermore, Mr. Lockheimer *was* a qualified witness on Topic 8 as narrowed to assertions of copyright interests against Google concerning Android.  Mr. Lockheimer has been an integral member of the Google Android team continuously for almost a full decade, joining the team before Android was released in 2007.  He has been involved in Android's development, distribution, and

---

payment by YOU, mobile carriers, OEMs, members of the Open Handset Alliance or anyone else resulting of any assertion of intellectual property against ANDROID."

Hon. Donna M. Ryu
December 23, 2015
Page 6

strategy for all those years, and today is its Senior Vice President, in charge of the Android, Chrome OS and Chromecast businesses. Given his extensive involvement in, and day-to-day responsibility for, Android, Mr. Lockheimer has more than sufficient basis to respond to questions concerning any copyright enforcement actions against Google as relates to Android. Google also notes that, under Judge Alsup's Order, Google is under no obligation to "woodshed" and individual to testify on a particular topic, particularly where, as here, the topic is overbroad. *See* Dkt. 26 at § 23(c). And notably, **Oracle chose not to question Mr. Lockheimer as to enforcement of copyrights against Android**, although the answer to that query is quite succinct: aside from the present lawsuit (which obviously existed before the first trial and during the first round of fact discovery), Google is not aware of any other copyright suits asserted against the Android platform.

Rather than asking about the arguably relevant issue of other copyright assertions against Android, and in spite of Google's clear objection to providing a witness on non-copyright IP assertions, Oracle insisted on asking Mr. Lockheimer questions about the full extent of **any** intellectual property matter that might have **ever** been asserted against **any** company in relation to Android. As such, each of the questions cited in Oracle's letter brief above fall squarely into the overly broad and irrelevant scope of Topic 8. But the full scope of Topic 8 goes far beyond the relevant scope of discovery in this case.

Indeed, Oracle's arguments seeking to justify this topic's relevance underscore why, in fact, it is not. Oracle claims that the topic is relevant to the first factor of the fair use inquiry, *i.e.*, the "purpose and character of the **use**, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107 (emphasis added). Oracle claims above that it needs this discovery because it is allegedly relevant to assessing the "full extent to which Google relied upon, or misappropriated, pre-existing IP developed by competitors in the phone industry," "why Google didn't seek a license . . . for that IP," whether there were representations about the "unlicensed use of others' IP," how much device manufacturers pay "per device," and whether Google indemnifies its partners. But Oracle's argument confuses the fair use analysis relevant to this case. This is not litigation about whether Google is making a fair use of **any** undefined intellectual property owned by an unnamed third party in relation to an irrelevant aspect of the Android platform. Instead, this case is about Oracle's assertion of copyright infringement of a small portion of its Java-related copyrights, and where Oracle has made that assertion of infringement against only a tiny portion of one feature in the Android open source software platform (a platform that consists of more than ten million lines of code, only a fraction of a percent of which has been accused by Oracle of infringement). It is the alleged **use** of Oracle's Java-related copyrighted material that is the subject of the fair use inquiry, including the "purpose and character of the use"; the purpose and character of the use of "others' IP" has no relevance here.

Oracle also argues that settlement licenses resulting from enforcement at any time of unrelated intellectual property concerning unidentified areas of the Android platform are "critically relevant" to the hypothetical negotiation and the fair market value of Oracle's copyrights. But Oracle cites to no authority whatsoever for this principle. That is unsurprising given governing Federal Circuit law. The identification of licenses relevant to analyzing the hypothetical negotiation for damages purposes is constrained to those licenses that are actually comparable to the parameters of the specific hypothetical negotiation at issue, both in terms of the licensed technology and other economic circumstances. *See, e.g., LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79-81

(Fed. Cir. 2012) (granting new trial on damages where damages expert's opinion should have been excluded where he relied on license agreements untethered to the patented technology); *Wordtech Systems, Inc v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1320-21 (Fed. Cir. 2010) (reversing denial of motion for new trial on issue of damages where prior license agreements admitted in evidence were not comparable to parameters of specific hypothetical negotiation in terms of licensed technology and economic circumstances).[3] Moreover, the concerns surrounding introduction of noncomparable licenses are only heightened where, as here, the licenses sought are settlement licenses. *See, e.g., Laser Dynamics, Inc.*, 694 F.3d at 77-78 (noting that the "propriety of using prior settlement agreements to prove the amount of a reasonable royalty is questionable"). And the value of Oracle's IP (here the few Java APIs at issue in this case) simply cannot be determined by assessing whether and to what extent any company ever settled an enforcement action concerning unrelated intellectual property against any unrelated aspect of the vast Android platform. In short, Topic 8 is designed for the sole purpose of harassing Google, and Oracle's motion for further testimony on this topic should be denied.

Google also has not waived its objections to Topic 8 by not moving for a protective order in advance of the Rule 30(b)(6) deposition. The only authority cited by Oracle from this District supports Google's approach to presenting its objections. The *JSR Micro* case cited by Oracle states that a defendant objecting to a Rule 30(b)(6) noticed topic should **either** meet and confer with the Plaintiff over the meaning of the problematic language, **or** should move for a protective order. *JSR Micro, Inc. v. QBE Ins. Corp.*, 2010 WL 1957465 at *2. Google repeatedly met and conferred with Oracle over the problems with Topic 8, as described above. Oracle never resolved those concerns, and so Google proceeded to deposition with its witness as stated in those objections.

Finally, Oracle complains that Google improperly instructed a witness not to answer on the basis of privilege. But the only two examples provided by Oracle are proper. *First*, Oracle cites to questions regarding whether the witness had seen demands that Google pay or respect someone's intellectual property interests. The witnesses' answers suggested that he was confused as to whether or not he could respond in light of privilege concerns about when he saw such a demand. 248:22-23. When it became clear that the witness could not resolve the confusion without advice of counsel, Google's counsel offered on the record to speak with the witness in private in an effort to provide Oracle with an answer and "hopefully resolve it and move on." 250:4-8. In response, Oracle's counsel thanked Google's counsel for making the effort to resolve it. 250:9. In fact, Google's counsel did successfully resolve the witness's concerns and, after a very short break, the witness returned to the deposition and responded to the question, identifying correspondence from a third party that he recalled seeing. 251:1-5. Accordingly, Oracle has no basis to complain about this assertion of privilege. *Second*, Oracle complains that Mr. Lockheimer did not respond to a question asking whether Google agreed to pay that third party money after having received that same third party correspondence. 251:7-8. Google's counsel objected to the question by stating to the witness that, "to the extent responding to the question would require you to reveal something you only know from a communication of counsel, I instruct you not to answer on grounds of

---

[3] Judge Alsup has explained that, for purpose of assessing copyright damages, "This standard is similar, if not the same, as the standard for calculating reasonable royalty for patent infringement, the hypothetical negotiation also requires the court to envision the terms of a licensing agreement reached as the result of a supposed meeting between the patentee and the infringer at the time the infringement began. *Rite-Hite Corp. v. Kelly co, inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995)." Dkt. No. 685.

privilege.  **But otherwise, you may answer**." 251:9-14 (emphasis added).  Because the witness only knew the answer to that question because of advice from counsel in an attorney-client communication, the witness could not answer and Oracle's counsel inquired no further into the matter to test the assertion of privilege.  There is no impropriety in a witness declining to answer on the basis of privilege where the question demands information the witness only knows from a confidential attorney-client communication.  *United States v. Christensen*, 801 F.3d 970, 1007-08 (9th Cir. 2015).  Oracle's complaints concerning assertion of privilege are without support in the law or the record and should be rejected.

   Pursuant to this Court's standing order, Google states that Google offered as a compromise an additional 3.5 hours of deposition of Mr. Jim Kolotourous (who was specifically identified by Mr. Lockheimer during his deposition as relevant to certain topics discussed, and as a member of Ms Indonie's team) and has more personal knowledge than Ms. Indonie in the areas of focus identified by Oracle during meet and confer given his direct role as Global Director of Android Partnerships.  Google also offered to consider providing an additional 2 hours of deposition of Mr. Gold (or the appropriate witness) with respect to financial documents produced after Mr. Gold's deposition.  Nov. 21, 2015 Email from Christa Anderson to Annette Hurst.  Oracle rejected Google's offer.

Respectfully submitted,

*/s/ Annette L. Hurst*             */s/ Robert A. Van Nest*

Annette L. Hurst               Robert A. Van Nest
Counsel for Oracle America, Inc.        Counsel for Google Inc.


   I attest that concurrence in the filing of this document has been obtained from each of the other Signatories to this letter.

   */s/ Annette L. Hurst*
_____