EXHIBIT A

**From:** Daniel Purcell
**Sent:** Friday, November 20, 2015 3:59 PM
**To:** 'Hurst, Annette L.'
**Cc:** DALVIK-KVN; Oracle/Google-OHS Only
**Subject:** RE: Financials

Annette,

Judge Alsup's comment at yesterday's hearing does not change the fact that Oracle chose to ask only for production of the P&Ls at the November 10, 2015 discovery hearing, telling the Court that it had no other issues to address. As a result, Judge Alsup ordered only production of the P&Ls. The transcript, which we both have, confirms the limited scope of Oracle's request and the Court's order, and nothing in either of your two most recent emails (below) addresses that reality.

In response to your question about the timing of production, Google will be producing today (1) updated versions of our already-produced P&Ls for Android, Search, and Ads (including Q3 2015 data where available); (2) an updated version of our already-produced unallocated G&A expense spreadsheet including Q3 2015 data; and (3) the P&L documents for the remainder of Google's non-Android business lines. Further, numerous periodic executive-level presentations, related both to Android and other Google business lines, were produced this past Monday. As I said in my email last week, Google is investigating the extent to which other non-Android Google business lines made executive-level presentations discussing the quarterly P&L data for those business lines. It is not the case, as you imply, that every Google business line makes these periodic executive presentations that include quarterly P&L results. For example, the "OCQ Reviews" that you refer to in your most recent email is a category of documents prepared only for the Android business line and only for a limited period of time. Google either has already produced or is producing all "OCQ Review" documents that exist.

**From:** Hurst, Annette L. [mailto:ahurst@orrick.com]
**Sent:** Thursday, November 19, 2015 10:16 AM
**To:** Daniel Purcell
**Cc:** DALVIK-KVN; Oracle/Google-OHS Only
**Subject:** RE: Financials

Dan:

At this morning's hearing, Judge Alsup again confirmed that he intended his order to be a very broad requirement that Google turn over its financial information.

Please provide a date certain for production of the financial documents, including the quarterly P&Ls and OCQ Reviews.

Annette

**From:** Hurst, Annette L.
**Sent:** Tuesday, November 17, 2015 9:34 AM
**To:** 'Daniel Purcell' <DPurcell@KVN.com>
**Cc:** DALVIK-KVN <DALVIK-KVN@kvn.com>; Oracle/Google-OHS Only <Oracle/Google@orrick.com>
**Subject:** RE: Financials

Dan:

This email is deeply disappointing insofar as it is one of the most misleading writings I have ever seen purporting to confirm a conversation that did not happen in the way you describe. In light of this and other communications from your team, we intend to record or have transcribed all future meet and confer sessions in this case.

I am not going to belabor this record with a point by point refutation of your email. Suffice it to say that the first words out of my mouth when we met were that we wanted the quarterly P&Ls and the quarterly "OC reviews" for all non-Android lines of business. The OC Reviews are the management discussion accompanying the results. They explain the results. Of course they are directly relevant to causal factors Google experienced when in incurred expenses in the conduct of its business, and therefore also directly relevant to Google's expense allocations and the rebuttal thereof. Google's description of its own business, and its understanding of the reasons for its results, are obviously the most pertinent evidence about revenues earned and expenses incurred. Your relevance objection has already been soundly rejected by the Court.

In the meantime, your description of the supposed burden in collecting quarterly financial reports, including management reviews, is in our view likely to be complete nonsense. All of these results roll up into Google's public financials, which Section 16 officers certify. You have previously assured us that the spinout to Alphabet would make no difference and that Google still possessed all of the relevant information. If its Section 16 certifying officers don't have immediate access to the quarterly results and management discussions thereof, then Google would have real Sarbanes-Oxley problems. In any event, when we depose Google's Rule 30(b)(6) witness on financial information, I expect that witness will have a detailed understanding of exactly how this information is stored and will be able to explain that to us under oath. If there is in fact some burden, so be it.

Of course, you identified no such burden in our 2-hour meet and confer session sponsored by the Court, despite having been ordered to come there prepared to discuss all issues. In any event, we insist upon the production of all quarterly P&Ls and OC quarterly reviews for all of Google's lines of business from 2005 through 2015. Two weeks is more than sufficient time for production of this data.

Please confirm a date certain for production. We are prepared to return to the Court on this matter immediately if necessary. We need to get prepared and get the depositions done, and our experts need this data to conduct their analysis, and we cannot wait until the end of fact discovery for that to commence.

Annette Hurst

**From:** Daniel Purcell [mailto:DPurcell@KVN.com]
**Sent:** Thursday, November 12, 2015 6:18 PM
**To:** Hurst, Annette L. <ahurst@orrick.com>
**Cc:** DALVIK-KVN <DALVIK-KVN@kvn.com>; Oracle/Google-OHS Only <Oracle/Google@orrick.com>
**Subject:** RE: Financials

Annette,

This email follows up your emails of Tuesday regarding the Court's order for production of Google's P&L statements for its non-Android lines of business, to the extent such documents exist, and Oracle's separate request for quarterly reports that accompanied Google's P&Ls for non-Android lines of business and were presented to Google executive management, also to the extent such documents exist.

To begin with, we should be clear about what happened on Tuesday. Although Oracle's unauthorized November 9, 2015 letter to the Court mentioned quarterly reports accompanying non-Android P&Ls, as well as several other items that Oracle raised for the first time in that letter, Oracle elected to address only one issue with the Court during the hearing. The sole issue Oracle argued, and the Court decided, was production of non-Android P&Ls. The transcript of the hearing, which became available a couple of hours ago and which I've attached to this email, clearly reflects that Oracle's argument, and the Court's ruling, was limited to non-Android P&Ls and did not mention quarterly reports accompanying

those P&Ls. At the end of the hearing, having failed to raise the issue of quarterly reports, you informed the Court that Oracle required assistance with no other issues apart from the non-Android P&Ls. Oracle's election not to raise the issue of quarterly reports, along with the other issues listed in Oracle's November 9 letter, is no surprise, given Oracle's failure to identify in the preceding meet and confer any compelling reason why Google should produce quarterly reports accompanying its non-Android P&Ls, as opposed to the non-Android P&Ls themselves.

Had you raised production of the quarterly reports to Judge Alsup, Google would have presented argument objecting to that request, and would have pointed out to the Court that Oracle's rationale for seeking P&L data does not apply to its request for quarterly reports accompanying those P&Ls. The P&Ls contain the actual data on Google's revenues, costs, and profits that will be the inputs to the regression analysis that you represented Oracle's expert wishes to conduct. Oracle's expert does not need quarterly reports that may discuss P&L data but also contain highly sensitive strategic analysis of Google's future plans for non-Android lines of business, including several business lines where Google and Oracle are direct competitors. Nothing in those documents will change the actual data in the P&Ls that Google is producing and Oracle claims to need for its regression. Further, I note that Google has also agreed to produce the periodic reports to executives accompanying Android P&Ls from 2012 to the present, to the extent such documents exist. These documents should be produced tomorrow. So our dispute extends only to quarterly reports accompanying Google's non-Android P&Ls, to the extent such documents exist.

All that said, in the spirit of meeting and conferring, Google is investigating what quarterly reports accompanying its non-Android P&Ls exist, so we can understand the scope of our dispute. Each Google business line is managed independently, so this investigation requires separate inquiries into each business line. We understand time is short and will complete this investigation as soon as possible, and will consider Oracle's request for these documents in light of what we find.

Finally, with respect to the Google P&Ls that were the subject of our argument and the Court's order, we are collecting these now and expect that we will be able to produce them by the end of next week.

As always, please feel free to contact me to discuss this further. Thanks.

**From:** Hurst, Annette L. [mailto:ahurst@orrick.com]
**Sent:** Tuesday, November 10, 2015 11:54 AM
**To:** Daniel Purcell
**Cc:** DALVIK-KVN; Oracle/Google-OHS Only
**Subject:** RE: Financials

Dan, that is incorrect. The very first thing I said this morning is that we wanted the financials and Quarterly Reviews. The spreadsheet I read to you, my notes, and my colleague's notes all reflect our request for the Quarterly Reviews.

The management discussion accompanying financial results always characterizes the performance and attributes causes. This is obviously relevant and it is not burdensome for Google to produce.

If we have to go back to Judge Alsup, we will.

Please give us a date certain for production of the P&Ls and Quarterly Reviews.

**From:** Daniel Purcell [mailto:DPurcell@KVN.com]
**Sent:** Tuesday, November 10, 2015 11:45 AM
**To:** Hurst, Annette L.
**Cc:** DALVIK-KVN; Oracle/Google-OHS Only
**Subject:** RE: Financials

Annette, our discussion and this morning's hearing was limited to category (1).

**From:** Hurst, Annette L. [ahurst@orrick.com]
**Sent:** Tuesday, November 10, 2015 11:41 AM
**To:** Daniel Purcell
**Cc:** DALVIK-KVN; Oracle/Google-OHS Only
**Subject:** Financials

Dan:

The documents we expect to be produced as a result of this morning's order by the Court are:

1. Alphabet/Google P&Ls that encompass every line of business from 2005 through 2015

2. OC Quarterly Review discussions accompanying such P&Ls

    Please let us know when we can expect production.



ANNETTE L. HURST
*Partner*

ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

tel +1-415-773-4585
fax +1-415-773-5759
cell +1-415-713-3273
https://www.linkedin.com/pub/annette-hurst/10/2b7/407
@divaesq
ahurst@orrick.com
bio • vcard

www.orrick.com

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.