KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.  3:10-cv-03561 WHA <br><br> GOOGLE INC.'S OPPOSITION TO ORACLE'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE <br><br> Dept.     Courtroom 8, 19th Fl. <br> Judge:    Hon. William Alsup |

Oracle's Motion, which asks this Court to undo four-year-old, Court-ordered deadlines and undertake an *in camera* review of more than 17,000 documents listed on a privilege log Google provided to Oracle *more than four years ago* (or to blindly order production of these thousands of privileged documents without review), should be denied.[1] Contrary to Oracle's arguments—some of which are improperly raised for the first time in this motion—Judge Ryu's ruling that "Oracle's November 2015 motion to challenge Google's August 2011 privilege log was filed over four years too late," Dkt. No. 1394 at 2, is correct. Oracle's motion fails to establish that the Order is in any way "clearly erroneous or contrary to law," such that it should be disturbed pursuant to 28 U.S.C. § 636(b)(1)(A), or any controlling authority.[2]

Oracle failed to raise these issues in August 2011 when it received Google's privilege log, or in the seven months that followed after the close of discovery and prior to the April 2012 trial. Indeed, Oracle never raised these newfound concerns prior to 2015, even though privilege issues were front and center during the extensive litigation in Fall 2011 related to the August 6, 2010 Lindholm email. Oracle tries to gloss over its four year delay, but it reflects a tactical decision Oracle made to forgo the challenge in exchange for other stipulated relief from which Oracle benefitted, and raising it now not only violates the Court's scheduling order, but also fails to comply with legal and procedural requirements for seeking to re-open long-waived issues.

The Court should uphold Judge Ryu's Order and deny Oracle's motion for these reasons, and because "[a] non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law." *Grimes v. City and County of San Francisco*, 951 F.2d

---

[1] Google submits this Opposition pursuant to the Court's January 4, 2016 Order. (Dkt. 1411). Pursuant to Local Rule 72-2, Google understood that "[u]nless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning [Oracle's] motion[,]" and therefore did not submit any opposition on December 31, 2015. Google apologizes if its understanding regarding this Local Rule is incorrect and appreciates the opportunity to brief this issue. Google also hereby incorporates by reference its section of the joint letter filed before Judge Ryu. (Dkt. 1385).

[2] "A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law." *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a)); *see also* 28 U.S.C. 636(b)(1)(A); *Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir. 1991). A magistrate judge's resolution of a discovery dispute is "entitled to great deference." *Doubt v. NCR Corp.,* No. 09–5917–SBA, 2011 WL 5914284, at *2 (N.D.Cal. Nov. 28, 2011).

236, 241 (9th Cir. 1991) (internal citation omitted); *see id.* (magistrate orders on non-dispositive matters "are not subject to *de novo* determination" and "[t]he reviewing court may not simply substitute its judgment for that of the deciding court").

## I. ORACLE'S UNTIMELY MOTION VIOLATES THIS COURT'S PRIOR ORDER

This Court's August 1, 2011 Order bars Oracle's motion. (Dkt. 257). Prior to the July 29, 2011 close of discovery, the parties sought and received an extension of the fact discovery cut-off. (Dkt. 257). In that August 1, 2011 Order, the Court so-ordered the parties' stipulation that "[d]ocument discovery in the case shall be extended to August 15, 2011, with … <u>privilege logs and any additional remaining documents to be provided by August 15, 2011</u>." (Dkt. 257, ¶ 2) (emphasis added). In that very Order, this Court <u>denied</u> the parties' request for a corresponding extension to file discovery motions, ordering that "**Specifically, the deadline for filing discovery motions shall not be extended and shall remain as before.**" (Dkt. 257, ¶ 6) (emphasis original). Oracle complains now that the Order foreclosed it from raising alleged deficiencies in Google's log, but said nothing at that time when it should have (and could have) done so.

As Oracle admits, Google properly served its privilege log on August 15, 2011 (including the entries now challenged) pursuant to the express provision in paragraph 2 of the August 1, 2011 Order. (Dkt. 257). Although Oracle now complains that Google added 28,000 entries to its log on August 15, 2011, Oracle's own privilege log—also served on August 15, 2011—added **more than 300,000** new entries. The parties filed a joint letter on August 5, 2011 (Dkt. 275) to notify Judge Ryu that the parties might seek to raise issues relating to as-yet served privilege logs *if* they could not resolve them informally, and the parties met and conferred regarding to the parties' logs served both before and on August 15, 2011, corresponded regarding log entries (including entries raised now by Oracle), and served revised logs following the meet and confer. Neither party moved to compel on the logs.[3]

Given this procedural history, Oracle cannot establish that Judge Ryu's Order is clearly

---

[3] Oracle's resolution at the time of narrow issues it raised in 2011 regarding Google's log is in direct contrast to its assertion now of "egregious and flagrant privilege log abuse." And, Oracle's present motion again overreaches by challenging nearly 19,000 entries that were never even identified in 2015 prior to Oracle submitting its motion to Judge Ryu.

erroneous.  Simply put, both parties chose to forgo a challenge to the logs, making a tactical decision to focus on other skirmishes.  Moreover, the August 1, 2011 Order provided concrete benefits to Oracle such as an extension to prepare its own privilege log (which had more than ten times as many new entries as Google's log), and more time for completion of document production, written discovery, depositions, and expert reports.  (Dkt. 257 ¶¶ 1-3, 5).  Having reaped the benefits of this bargain leading up to the April 2012 trial, Oracle may not now—four years later—cast aside other aspects of the Order it currently prefers to disregard.  *See Payne v. Norwest Corp.*, 185 F.3d 1068, 1071 (9th Cir. 1999) (pre-trial stipulations remain in force after remand).

Oracle provides no explanation for its failure to raise this issues between service of logs on August 15, 2011 and the April 2012 trial—especially given that privilege issues concerning the August 6, 2010 Lindholm email were extensively litigated during that time and the parties even appeared in privilege-related hearings before Judge Ryu on August 25, 2011 and before this Court on October 19, 2011.  Google fully complied with all rulings with respect to the August 6, 2010 Lindholm email and associated drafts, and Oracle was well aware of and had every opportunity to challenge other privilege log entries that, according to Oracle now, "resemble" the August 6, 2010 Lindholm email.  Notably, in filings in this Court just a few days after service of Google's August 15, 2011 log, Oracle cited to, discussed, and provided an excerpt from that log listing 856 entries authored by Mr. Lindholm, but never challenged the privileged status of those or any other entries now challenged.  (Dkt. 336, ¶¶ 4-6 & Dkt. 336-part 1, Exh. 1).

Therefore, Oracle's motion to litigate privilege log issues four years after the August 2011 deadline to file discovery motions is without question untimely.  Local Rule 37-3 requires that all discovery motions be filed within 7 days of the close of fact discovery and courts routinely deny motions to compel filed after that 7 day period.  *See, e.g., Digital Reg of Texas, LLC v. Adobe Systems Incorporated,* No. cv 12-01971-CW (KAW) 2013 WL 5442269 (N.D. Cal., Sept. 30, 2013) (denying motion to compel not brought before the deadline in Local Rule 37-3).  These denials for untimeliness include motions for production of additional information on privilege logs and *in camera* review.  *See e.g., Thomason v. City of Fowler,* No. 1:13-CV-

3

00336-AWI-BAM, 2014 WL 4436385 at * 3, 5-6 (E.D. Cal., Sept. 9, 2014).

Oracle's attempt to sidestep the 2011 close of fact discovery and 2012 trial, and instead apply the discovery deadlines for this limited retrial is baseless and nonsensical because the log at issue was provided in the prior phase—more than *seven months* before the prior trial.  Indeed, the current discovery period was intended to allow only for "targeted additional discovery" to prepare this case for a retrial, as both parties represented to the Court in their Joint Status Report filed before the July 30, 2015 Case Management Conference.  (Dkt. 1273 at ¶ 8).  It is not an open door for Oracle to revisit strategic decisions, orders from which it has benefitted, and compromises governed by deadlines that passed years ago.

## II. GOOGLE NEVER WAIVED ITS CHALLENGE TO THE TIMELINESS OF ORACLE'S MOTION

Oracle's claim that the parties' joint letter to this Court filed on August 5, 2011 was an "agreement" that somehow permits Oracle (and thus Google as well) to challenge privilege log entries four years later is absurd.  After the Court's August 1, 2011 Order expressly denied the parties' joint request to extend the deadline to file discovery motions even by a few weeks, (Dkt. 257, ¶ 4), it was incumbent on any party seeking to extend those deadlines to move to amend the scheduling order at that time—and certainly before the April 2012 trial.  The parties' August 5, 2011 joint letter, one of many filed on the last day to file discovery related motions, was not an agreement at all—much less a waiver of any available objections or defenses—but simply a joint letter informing this Court of additional issues the parties anticipated resolving within the following two weeks.

The joint letter lists eleven issues that the parties were working to resolve, including a potential issue relating to privilege logs to be served on August 15, 2011.  (Dkt. 275).  As to those privilege logs, the parties stated they "also recognize that additional privilege logs may be served up to and including August 15, and to the extent that issues identified with respect to those supplementations cannot be resolved after the parties meet-and-confer, those issues may be raised with the Court as well."  (Dkt. 275).  The parties then met and conferred over the following weeks, but neither party chose to bring a motion related to the August 15, 2011 privilege logs, or

raise any such issue with the Court, thereby rendering that issue resolved.[4]  Indeed, both parties made strategic choices with regard to what discovery motions to pursue—and not pursue—at that time, and the time has long passed for either party to undo (or redo) those decisions.

### III.  NO GOOD CAUSE EXISTS TO AMEND THE PRIOR SCHEDULING ORDER

This Court should disregard Oracle's newly asserted "cause" for relief from the Court's scheduling order because Oracle never raised it in briefing before Judge Ryu.  In the Ninth Circuit, "[d]istrict courts need not, and ordinarily should not address arguments raised for the first time in an objection to a magistrate's order." *United States v. Real Prop.*, No. 13-cv-02027-JST, 2014 WL 325151, at *2 (N.D. Cal. 2014); *see also  Greenhow v. Sec'y of HHS*, 863 F.2d 633, 638 (9th Cir. 1988), *rev'd on other grounds by US v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

Even if not waived, no good cause exists.  Under FRCP 16 or Local Rule 37-3, an untimely motion to compel requires a showing of good cause to amend the scheduling order, which in turn requires a showing of due diligence.  *Johnson v. Mammoth Recreations, Inc.,* 975 F. 2d 604, 609 (9th Cir. 1992).  Oracle stood silent for more than seven months between service of Google's privilege log and the April 2012 trial, and for years more from then until it raised the issue with Judge Ryu on November 24, 2015.  Google even informed Oracle as early as August 2015 that its newly raised complaints about the August 15, 2011 log were untimely, yet Oracle waited until late November to bring the issue to the Court.  This is not diligence of any sort and does not constitute good cause to amend the scheduling order.  *See Thomason,* 2014 WL 4436385 at *3, 5-6 (no good cause to modify scheduling order where party waited 5 months before notifying court of dispute).

### CONCLUSION

For the foregoing reasons, Oracle's Motion should be denied.

---

[4] Oracle assertion at page 4 of its Motion that "Google understood" the joint letter to be "an agreement between the parties that they would not raise timeliness objections" is patently false. The declaration Oracle cites, Dkt. 351, relates to a single, specific discovery dispute letter that was filed after midnight because Oracle did not provide Google with its portion of the letter until after 11:30 pm—nearly eleven hours after receiving Google's portion and despite repeated entreaties from Google to timely provide Oracle's portion so Google could meet the midnight deadline.  All of this is set forth clearly in Dkt. 351.  In light of Oracle's unreasonable delay, and Google's diligence, ***Oracle*** agreed that the single discovery motion letter at issue was timely although filed 29 minutes after the deadline.

Dated: January 5, 2016.

KEKER & VAN NEST LLP

By: */s/ Robert A. Van Nest*
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.

6
GOOGLE INC.'S OPPOSITION TO ORACLE'S MOTION FOR RELIEF FROM NON-DISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
Case No. 3:10-cv-03561 WHA

1017149.01