ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN # 121570
kjohnson-mckewan@orrick.com
ANNETTE L. HURST # 148738
ahurst@orrick.com
GABRIEL M. RAMSEY # 209218
gramsey@orrick.com
405 Howard Street
San Francisco, California 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

PETER A. BICKS (pro hac vice)
pbicks@orrick.com
LISA T. SIMPSON (pro hac vice)
lsimpson@orrick.com
51 West 52nd Street
New York, New York 10019-6142
Tel: (212) 506-5000/Fax: (212) 506-5151

ORACLE CORPORATION
DORIAN DALEY # 129049
dorian.daley@oracle.com
DEBORAH K. MILLER # 95527
deborah.miller@oracle.com
MATTHEW M. SARBORARIA # 211600
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL # 246058
ruchika.agrawal@oracle.com
500 Oracle Parkway
Redwood City, CA 94065
Tel: (650) 506-5200/Fax: (650) 506-7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **RESPONSE TO GOOGLE'S "STATEMENT RE DAMAGES PERIOD"** <br><br> **Dept.**: Courtroom 8, 19th Floor <br> **Judge**: Hon. William Alsup |

Oracle hereby submits this response to Google's purported Statement re Damages Periods, ECF No. 1412.

On October 26, 2015, the Court ordered the parties to meet and confer and address with the Court the potential for any timing issues in damages periods, requiring a response by November 9. ECF No. 1349. The parties met and conferred, agreed there were no timing issues of concern or relevance, and both sides filed papers by the deadline saying exactly that. ECF Nos. 1362, 1364. Google told the Court that "neither party intends or would need to present an expert report on damages that subdivides the alleged liability period." ECF No. 1362. Part of the Court's October 26 Order had been to devise a "specific plan" to address separate damages periods. The parties agreed no such plan was necessary. *See, e.g.*, *id.* Meanwhile, the parties filed a detailed stipulation regarding the timing and scope of four rounds of expert reports (three rounds by the parties, one round by the Rule 706 expert), a stipulation to which the Rule 706 expert consented and which the Court later adopted. ECF Nos. 1334, 1356.

Unbeknownst to Oracle and the Court, throughout this period Google had hatched a plan to claim that new versions of Android were expressly licensed. As early as February 2015, Google apparently was working on integrating code from OpenJDK, the open source version of the Java platform, into Android version N. Ghuloum Depo. at 164:4-15. Throughout the summer and the fall, when Google was supposedly working on this OpenJDK-based version of Android, Oracle repeatedly demanded that Google produce in discovery all versions of Android code. Google refused to produce anything that it had not released, bringing the parties to the brink of motion practice over code for its new Android products such as Android TV, Android Auto, Android Wear, and its offerings for the internet of things, Brillo and Weave. Finally, Google represented that it had disclosed and produced *all code* for Android versions Gingerbread through Marshmallow, as well as the offshoots. Google's production included no OpenJDK-based version of Android.

Now, after the Court's deadline for the parties' filings regarding damages periods, after the close of fact discovery, after representing that it had produced all versions of Android, and just four days before initial expert reports are due, Google has unilaterally filed a new and

unauthorized response to the Court's October 26 Order purporting to change its earlier position regarding damages. Google now claims that multiple damages periods *are* required because its new versions of Android, "released on December 24, 2015," will be "expressly licensed" as open source. Google's new filing has nothing to do with damages in the case set for trial on May 9, 2016. The damages case as currently configured concerns all Android versions through Marshmallow, all of which have been publicly released and are in production, and none of which are purportedly licensed under this new scheme. Google understood that in early November, and nothing has changed.

Not only is Google's purported release of Android version N pursuant to the Open JDK license on December 24, 2015 irrelevant, it is also untrue. Google has not "released" any new version of Android. Instead, it posted a working copy of source code on the internet which merely represents a *draft* of a *future* potential version. Indeed, since initially posting the code in question on Christmas Eve, Google has already changed the code over two dozen times. Google has not announced a name or release date of any OpenJDK-based version of Android and there is no indication that any such version has been pushed to or shipped on any devices. Quietly posting a working copy of code is not how Google announces new versions of Android. *Compare* https://android.googlesource.com/platform/libcore/+/5d52b7f03d93f3baf03fe37e3d21812e5f9cd361 (commit to source code repository) *with* http://officialandroid.blogspot.com/2015/10/get-ready-for-sweet-taste-of-android-60.html (announcing release of Android Marshmallow). Android version N is not scheduled for release until later this year, after the May trial. Lockheimer Depo. at 203:2-4.

Even assuming that Android version N (once it is finalized) will include OpenJDK code, there is no way to know at this point whether that version of Android will actually be entitled to a license. The GPL version 2 with Classpath Exception license covering OpenJDK includes numerous conditions, which Google may or may not meet when its new version of Android is complete. Those conditions may or may not be acceptable to Google's business partners. Once a new version of Android is actually released, substantial fact and expert discovery will be needed to determine whether Google is complying with those conditions, whether that version is, in fact,

licensed, and whether there are any damages if not. Furthermore, there is substantial question whether a commercial actor who infringed and undermined the Java platform for nearly a decade is entitled to the benefit of that license at all. Google's statement that its draft code is licensed by Oracle is fantasy at this point, and certainly does not justify separate damages periods for the code that is actually at issue.

In summary, there is no basis to create any division of the damages period because *future* potential products and *future* actions of Google are not relevant to the present case. An Android N release based upon OpenJDK may never see the light of day, and until it does, that possibility is a sideshow.

Dated: January 5, 2016

KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON
Orrick, Herrington & Sutcliffe LLP

By: _____/s/ Annette L. Hurst_____
         ANNETTE L. HURST

Attorneys for Plaintiff
ORACLE AMERICA, INC.