ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>            Plaintiff,<br><br>   v.<br><br>GOOGLE INC.<br><br>            Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Google's response is as noteworthy for what it does not say as for what it does. Provided with another opportunity to defend its privilege assertions, Google once again makes no attempt to justify withholding 10,000 documents where no lawyer is connected to the document in any way, or to justify its refusal to produce 7,000 documents where the only lawyer connected to the document was merely copied on the communication. ECF No. 1402 (Oracle's Motion) ("Mot.") at 2. Google takes no issue with Oracle's assertion that "[t]he withheld documents may well provide critical support for Oracle's claim of ongoing copyright infringement, rebut Google's assertions that its use was 'fair,' refute Google's defense of laches and estoppel, and further demonstrate the importance of the Java API packages to Android." *Id.* at 1.

Except for its remarkable suggestion that Google has withheld so many apparently unprivileged documents that this Court could not possibly review them all, ECF No. 1414 ("Opp.") at 1, Google once again stands solely on non-substantive arguments that Google should not be compelled to produce these responsive and potentially critical documents because Oracle's motion comes too late. Yet, as to each objection Oracle raised to Judge Ryu's order on timing grounds, Google concedes or fails to address key elements of Oracle's objection.

Judge Ryu's decision holding Oracle's motion to compel untimely is "clearly erroneous and contrary to law." Fed. R. Civ. P. 72(a). This Court should reverse and compel Google's production of wrongfully withheld documents (either to Oracle or for *in camera* inspection). If the Court is concerned about burdening public resources with *in camera* review of the documents, then Oracle respectfully requests that the Court appoint a Special Master at the parties' expense to conduct such review.

**I.    ORACLE'S MOTION WAS TIMELY BECAUSE DISCOVERY WAS OPEN**

As explained (Mot. at 2-3), Oracle filed its motion to compel on November 24, while discovery was open and ongoing, well in advance of the cutoff for fact-discovery motions on December 23. Google agrees that under "Local Rule 37-3 … all discovery motions [must] be filed within 7 days of the close of fact discovery," ECF No. 1414 ("Opp.") at 3, and does not dispute that the fact-discovery cutoff for the retrial and Supplemental Complaint was December 16. Google argues that it does not matter that Oracle filed its motion within the time for dis-

- 1 -
ORACLE'S REPLY SUPPORTING MOTION
FOR RELIEF FROM MAGISTRATE
JUDGE'S NON-DISPOSITIVE ORDER

covery motions because, as Google sees it, its privilege log was served during the "prior phase" and thus is irrelevant to the recent discovery phase, which Google says was limited "only for 'targeted additional discovery.'" Opp. at 4 (quoting ECF No. 1273 (Joint Status Report) ¶ 8). No such limitation has ever been ordered by this Court regarding discovery for the retrial, and both parties have pursued discovery concerning matters relevant to the time period covered by the first trial. A retrial of fair use implicates discovery produced during the first phase of the case; and, though Oracle disagrees that the equitable defenses remain to be tried, Google has vigorously pursued discovery on those subjects. The Joint Status Report fully confirms this understanding. ECF No. 1273 ¶ 8. In it, Oracle specifically included within its scope of contemplated discovery "Supplementation of Google's document production in *response* to Oracle's *prior* Requests for Production of Documents that are *relevant to the copyright claims, defenses and remedies*, as supplemented." *Id.* (emphasis added). Google similarly identified "Supplementation of Oracle's document production in *response* to Google's *prior* Requests for Production of Documents related to the *pending claims, defenses, and requests for relief or remedies*." *Id.* (emphasis added).

Google does not dispute that the 17,000 documents it withheld as privileged may well be relevant to Oracle's claims of ongoing copyright infringement; rebutting Google's defenses of fair use, laches, and equitable estoppel; and demonstrating the importance of the Java API packages—all issues "related to the pending claims, defenses, and requests for relief or remedies." *Id.* Because those issues remain in the case, the documents Google withheld and the propriety of withholding them are within the scope of the recent discovery. Oracle's motion to compel production of those relevant documents during the recent discovery period was therefore appropriate and timely.[1]

If this Court agrees that Oracle properly filed its motion to compel during the recent discovery period, Oracle's motion was timely and Google's remaining arguments fall away. Judge

---

[1] Google is wrong that Oracle is using the recent discovery as a "door … to revisit strategic decisions, orders from which it has benefitted, and compromises governed by deadlines that passed years ago." Opp. at 4. Neither party expected to be able to serve a privilege log immune from this Court's scrutiny. The parties agreed that further scrutiny of privilege logs was available. ECF No. 275. Oracle is appropriately seeking discovery on matters still at issue in the case.

1  Ryu's decision to the contrary must accordingly be reversed.

## II. THE CUTOFF FOR DISCOVERY MOTIONS COULD NOT HAVE BEEN BEFORE PRIVILEGE LOGS WERE DUE TO BE SERVED

Judge Ryu held that Oracle's motion to compel was untimely because the deadline to file the motion was "August 5, 2011," ECF No. 1394 ("Order") at 1.  But the parties indisputably had an additional ten days, until August 15, 2011, to complete and serve privilege logs.  In short, Judge Ryu concluded that Oracle's motion was untimely because it was not filed ten days *before* Google served its privilege log.  That cannot be.

Google devotes much of its opposition to proving that Judge Ryu's calculation of the August 5 and August 15 dates is accurate under the previous scheduling orders.  Opp. at 2-3.  But Google ignores Oracle's principal argument that such a reading of the scheduling orders is contrary to law because it would eviscerate the right of a party to file a motion to compel under Rule 37(a) and would invite parties to engage in discovery abuse with impunity.  Mot. at 2.  Google asserts that Oracle "had every opportunity to challenge *other* privilege log entries," Opp. at 3 (emphasis added), eliding the point that both Judge Ryu's and Google's conclusion necessitated a motion to compel ten days *before* Google served the privilege log at issue.

Google's characterization of the privilege battle over the Lindholm emails cannot be credited.  To read Google's brief, one would think that the Lindholm emails were first included in the privilege log on August 15 and so litigation about those emails must prove that the parties could and did bring motions to compel after August 5.  But that is not what happened.  Google originally produced the Lindholm emails, and the emails were subject to several orders by this Court *before* August 5, 2011.  *See, e.g.*, ECF Nos. 255, 271.  The Lindholm email dispute was not over Google's privilege log served on August 15 documenting its withholding of at least 17,000 apparently unprivileged documents.  To be sure, Oracle is concerned that documents on Google's privilege suffer from similar privilege problems as the Lindholm emails did.  *See* Mot. at 2.  That Google continued to argue before the first trial that the Lindholm emails were privileged, despite numerous rulings to the contrary, and then fought the admission of those emails at trial are significant red flags regarding Google's claim of privilege for the 17,000 documents now at issue.

ORACLE'S REPLY SUPPORTING MOTION
FOR RELIEF FROM MAGISTRATE
JUDGE'S NON-DISPOSITIVE ORDER

1  Mot. at 3-4.

2      Finally, having failed to defend the merits of its own privilege assertions, Google makes gratuitous reference to Oracle's privilege log. Opp. at 2. To be clear, Google has not raised any issues as to the content of Oracle's privilege log. Its size merely reflects the fact that Oracle diligently reviewed and then produced far more documents than Google. In any event, if Google had issues with Oracle's privilege log, it could have raised them. It did not.

### III. ORACLE'S MOTION WAS NOT "FOUR YEARS TOO LATE"

    Judge Ryu's holding that Oracle's motion to compel was "four years too late" was clearly erroneous and contrary to law because the parties' appeals divested this Court of jurisdiction for much of that period and so a motion to compel could not have been filed. Mot. at 5. Google does not address this point, though it does repeatedly repeat Judge Ryu's error of arguing that Oracle's motion is four years too late. Opp. at 1, 3, 4.

    Google also commits a similar error by repeatedly invoking the seven-month period from the close of discovery until trial. Opp. at 1, 4, 5. Not only is that "seven month" figure misleading because the trial was originally scheduled for October 2011, Google's argument ignores that once the trial date was moved, the seven-day period to file discovery motions under Local Rule 37-3 had passed. *See* Opp. at 3 (discussing L.R. 37-3).

### IV. GOOGLE WAIVED ITS CLAIM OF UNTIMELINESS

    Though Google disagrees that the parties' joint letter of August 5, 2011, was an agreement that the parties would not raise timeliness objections to the other's motion to compel, there is no other way to read the letter given the context. The parties were not at liberty to unilaterally alter the Court's scheduling order. Mot. at 4. Thus, the only way for the parties "to seek the assistance of the Court," ECF No. 275 (Joint Letter) at 2, was for them to agree not to raise timeliness objections to the other's motion. As Google observes (Opp. at 4), there would have been no other way for the parties to raise with the Court issues with privilege logs served on August 15.

### V. GOOD CAUSE EXISTS TO AMEND THE PRIOR SCHEDULING ORDER

    Oracle explained in its Motion that, if this Court finds that the motion to compel was late, it should nevertheless find "good cause" under Rule 16(b)(4) to amend the scheduling order in

- 4 -
ORACLE'S REPLY SUPPORTING MOTION
FOR RELIEF FROM MAGISTRATE
JUDGE'S NON-DISPOSITIVE ORDER

1  light of Google's egregious discovery abuse.  Mot. at 5 (collecting cases).  Google does not

2  dispute that such discovery abuse would constitute good cause.

3  Instead, Google argues that good cause "requires a showing of due diligence."  Opp. at 5

4  (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  *Johnson* is

5  inapposite.  The passage Google cites refers to situations where a party seeks to modify the sched-

6  uling order to permit further discovery or to amend pleadings and that, in those circumstances, the

7  movant must show that the current schedule "cannot reasonably be met despite the diligence of

8  the party seeking the extension."  *Id.* (quoting Fed. R. Civ. P. 16 Advisory Comm. Notes (1983)).

9  That does not pertain here, where Google and Judge Ryu both contend that Oracle's motion to

10 compel was due ten days *before* Google's discovery abuse was revealed in its privilege log.[2]

11 Finally, Google argues that Oracle waived this issue by not raising it with Judge Ryu.  But

12 Google does not address Oracle's key point that Judge Ryu was not empowered to amend or

13 overrule this Court's Rule 16 scheduling order.  Google cites *United States v. Real Property &*

14 *Improvements*, No. 13-CV-02027-JST, 2014 WL 325151, at *2 (N.D. Cal. Jan. 29, 2014) (Opp. at

15 5) in support of its waiver argument, but in that case the magistrate judge had the authority to

16 grant the relief requested regarding a discovery dispute (quashing a subpoena).  Here, by contrast,

17 Judge Ryu did not have the authority to modify this Court's Rule 16 pretrial scheduling order.

18 *Quiksilver, Inc. v. Quick Sports Int'l B.v.*, No. SACV 03-1548 DOC, 2005 WL 2339148, at *1

19 (C.D. Cal. Sept. 14, 2005) ("Magistrate judges do not have the authority to overrule or ignore

20 orders issued by Article III judges." (citing *United States v. Gomez-Lepe*, 207 F.3d 623, 628-29

21 (9th Cir. 2000))).  Thus, Oracle could not have waived the argument that good cause exists to

22 modify the scheduling order.

**CONCLUSION**

24 For the reasons stated above, this Court should sustain Oracle's objections and reverse.

---

[2] Google also argues that Oracle was not diligent in filing the motion to compel in November after it began discussions with Google about its privilege log in August. Opp. at 5.  Google ignores that the parties engaged in numerous meet-and-confers on the topic throughout that period up to and including the final meet-and-confer on November 17.  *See* ECF No. 1385.  In any event, Oracle filed its motion to compel a month before the deadline for discovery motions, and Google cites no authority that a party is obligated to move to compel earlier than that.

- 5 -  ORACLE'S REPLY SUPPORTING MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S NON-DISPOSITIVE ORDER

Dated: January 7, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Peter A. Bicks*
PETER A. BICKS

Counsel for ORACLE AMERICA, INC.