IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

Oracle seeks relief from Judge Ryu's order finding as untimely its motion to compel the production of over seventeen thousand documents that Google identified on its final privilege log during the discovery period before the first trial in this action.

The initial scheduling order, issued on November 19, 2010, set the deadline to complete fact discovery as July 29, 2011 (Dkt. No. 56). Pursuant to Civil Local Rule 37-3, the deadline to file any motions to compel responses to discovery requests was August 5, 2011. In normal course, both sides should have produced their privilege logs in advance of the deadline, so that any discovery motions could be timely filed. It appears that both sides neglected to produce their final privilege logs until discovery was about to close, and on July 28, 2011, the parties filed a stipulated request for an extension of the deadline to conduct discovery, including the production of final privilege logs (Dkt. No. 246). That request also sought an extension of the deadline to file discovery motions.

On August 1, 2011, the Court granted the parties' request to extend the deadline to conduct discovery and set the deadline to complete document discovery and to produce

privilege logs as August 15, 2011 (Dkt. No. 257). That order denied the parties' request to extend the deadline to file discovery motions, noting "[s]pecifically, the deadline for filing discovery motions shall not be extended and shall remain as before" (*id.* ¶ 6).

If either side had been unhappy with the failure of the other side to produce privilege logs in advance of the deadline, it could have requested relief from the Court; however, no such relief was ever requested. Instead, the parties got to the end of discovery and jointly requested an extension for the production of final privilege logs, *inter alia*. As described, the Court allowed certain extensions but refused to allow further motion practice. It may be true that as a result of this scenario both sides have lost the opportunity to further litigate issues of privilege that could only have come to light after the final privilege logs were submitted.[1]

This was a foreseeable consequence of both sides' strategies, namely to postpone the production of their final privilege logs until the last possible minute. Indeed, while Google added twenty-eight thousand new entries to its privilege log at the deadline August 15, Oracle added three hundred thousand new entries on the same day. Oracle's instant request to contest seventeen thousand entries, now that the case has returned from the court of appeals and the parties have conducted limited supplemental discovery, is beyond the pale. Under no circumstances can Oracle reopen this issue that was closed more four years ago — and which Oracle failed to litigate at the time — during this period of limited supplemental discovery. Judge Ryu's order finding Oracle's motion untimely was not "clearly erroneous or contrary to law." *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).[2]

---

[1] Notwithstanding the Court's deadline, on August 5, 2011, the parties jointly informed Judge Ryu that they may need her assistance in resolving issues relating to privilege logs produced after the deadline to move to compel (Dkt. No. 275). Oracle did not raise any issues with Google's August 15, 2011 privilege log until November 2015. Indeed, the parties engaged in extensive litigation relating to the so-called "Lindholm email" (identified on an earlier privilege log), and referred to entries on the latter privilege log (Dkt. No. 336).

[2] Oracle's contention that Google waived the right to challenge the timeliness of discovery motions brought after the August 5, 2011 by jointly informing Judge Ryu that further issues might arise is unavailing. That letter did not contain any indication that the parties had waived any defenses, including timeliness, to such motions. It merely informed Judge Ryu that such motions may yet arise.

Oracle also suggests that the Court can avoid the "clearly erroneous" standard applicable to Judge Ryu's order by amending the scheduling order. No good cause exists to amend the scheduling order to allow Oracle to bring this motion.

Judge Ryu's order is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: January 11, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3