

633 Battery Street
San Francisco, CA 94111-1809

415 391 5400

kvn.com

**Robert A. Van Nest**
(415) 391-5400
rvannest@kvn.com

January 19, 2016

**VIA ECF**

Magistrate Judge Donna M. Ryu
U.S. District Court
Northern District of California
Oakland Courthouse, Courtroom 4 - 3rd Floor
1301 Clay Street
Oakland, CA 94612

Re:   *Oracle America, Inc. v. Google Inc.,* Case No. 3:10-cv-03561-WHA (DMR) - Google's Proposed Order re Dkt. 1404

Dear Judge Ryu:

Google respectfully submits this letter in response to Oracle's Proposed Order (Dkt. 1430) and Letter (Dkt. 1431), which are, in effect, a brand new motion, seeking relief that was never contemplated in its Motion to Compel, Dkt. 1404, and never mentioned—much less requested—at the January 14, 2016 hearing.  At that hearing, Oracle agreed that it would be satisfied by receiving (1) the total revenue earned by Google from search revenue share agreements on non-Android mobile platforms, (2) the revenue share percentage of such agreements, and (3) a list of services covered under the agreements.  *See* 1/14/2016 Tr. at 31:5-22.  Following extensive argument in which both parties had a full opportunity to be heard, the Court advised that Google should provide (1) and (2), but need not provide (3) as long as it would not make certain arguments based on data that Oracle did not receive.  *Id.* at 42:15-44:8; 45:12-47:11.

Accordingly, Google prepared a stipulation and proposed order that went beyond what it understood the Court required, including not only (1) and (2), but also (3).  Google included 10 years of data, from 2002-2012, which covers many years on either side of any hypothetical negotiation and protects the most current and sensitive information to which third parties, and Google, have grave concerns about disclosure—particularly given Oracle's improper disclosure of highly confidential information during the argument on January 14, 2016.

Google first sent Oracle its proposed agreed order at 1:55 a.m. early Sunday morning, January 17, and requested a prompt meet and confer to resolve any issues.  Oracle never provided redlines to Google's proposed agreed order, and never responded at all until 3:15 p.m. Monday, January 18, when it circulated its own proposed order.  That proposal, which Oracle filed as Dkt.1430, goes beyond anything sought in the January 14 hearing or Oracle's motion itself, for

Magistrate Judge Donna M. Ryu
U.S. District Court
January 19, 2016
Page 2

example, now demanding information about **all** agreements in the history of the company that relate to "any of Google's services or applications" on non-Android platforms. This could cover not just the search revenue share agreements that were the subject of Oracle's Motion and the January 14 hearing, but also agreements related to placement of Maps, YouTube, Google Docs, Gmail, Google Play, Calendar, Google+, and Photos, among any other Google applications that may exist, and any services Google may offer that have nothing at all to do with search—such as cloud storage or geo-location. Oracle's Proposed Order also seeks two additional data points that were never raised at the hearing – "estimated number of devices" and "other payments." In the late hours between Oracle first demanding these additional two data points and the 9:00 a.m. filing deadline, Google could not even determine if such information exists.

Google asks the Court to enter its proposed order, Dkt. 1432, which it believes is consistent with the Court's guidance and provides Oracle with even more data than it said was sufficient at the January 14 hearing.

Sincerely,

KEKER & VAN NEST LLP

*/s/ Robert A. Van Nest*

Robert A. Van Nest

RVN:dbm

1020363.01