KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ORACLE AMERICA, INC., | Case No.  3:10-cv-03561 WHA (DMR) |
|---|---|
| Plaintiffs, | |
| v. | **GOOGLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION RE THE COURT'S ORDER DENYING SEALING OF GOOGLE-APPLE INFORMATION, AND ADMINISTRATIVE MOTION TO REDACT AND SEAL ADDITIONAL GOOGLE FINANCIAL INFORMATION** |
| GOOGLE INC., | |
| Defendant. | |
| | Dept.          Courtroom 4 (Oakland)<br>Judge:         Hon. Donna M. Ryu |

**INTRODUCTION**

Pursuant to N.D. Cal. Civ. L.R. 7-9 and 7-11, Google respectfully requests leave to file a motion for reconsideration of the Court's Order [Dkt. No. 1434] denying Google's request to redact and seal a limited portion of the January 14, 2016 discovery hearing transcript that references highly confidential financial information related to an agreement between Google and non-party Apple Inc.  Because Google orally moved on-the-spot at the January 14 hearing, in response to information Oracle improperly disclosed during the hearing, the Court did not have the benefit of a written motion setting forth the reasons why the information sought to be sealed warrants sealing.  Accordingly, Google seeks leave to file a motion for reconsideration so that the Court may consider Google's request on a complete record, including any supporting declaration submitted by non-party Apple Inc., which may also be affected by the Court's Order.

Additionally, Google moves to redact and seal Google-confidential financial information improperly disclosed by Oracle at the January 14 hearing.  The additional information is sensitive non-public financial information regarding revenues and profits relating to Android.  Importantly, while the Court has not yet had an opportunity to rule on the instant motion to redact and seal this information, the Court has previously held that "good cause" exists to seal this same or very similar information, and the Court has granted Google's past requests to keep this information under seal.  Google respectfully requests that the Court seal this sensitive information, as it has done in the past.

**BACKGROUND**

At the January 14, 2016 hearing on Oracle's Motion to Compel [Dkt. No. 1404], Oracle's counsel twice revealed extremely sensitive information derived from documents and deposition testimony that Google has designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Stipulated Protective Order [Dkt. No. 66] that governs this case.  ***First***, Oracle's counsel disclosed highly confidential deposition testimony regarding sensitive financial terms of an agreement with Apple.  January 14, 2016 Tr. at 29:24-25.  ***Second***, Oracle's counsel disclosed highly sensitive, confidential information regarding revenue and profits relating to Android, which were derived from internal Google financial documents designated "HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order. *Id.* at 4:10-13, 6:19-20. Although the Protective Order requires that "parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material," [Dkt. No. 66 ¶ 5.2(b)], Oracle provided no notice to Google that it intended to disclose this information at the January 14 hearing. Declaration of Edward A. Bayley ("Bayley Decl.") at ¶¶ 2, 4.

Google's counsel orally requested at the hearing that the portion of the transcript including the specific financial information related to Apple be sealed because it was highly confidential. January 14, 2016 Tr. at 30:2-31-4. Google intended to follow-up its oral request by submitting a written motion to seal setting forth further details about why the Apple information as well as the information about Google's Android-related revenues and profits warranted sealing, and Google even wrote Oracle's counsel asking Oracle to join in Google's written motion to seal. Bayley Decl. at ¶ 6. Oracle has not yet responded to that request, *id.*, although the Court in the interim denied Google's oral request to seal as to the Apple financial information in its January 19 Order re New Submission ("Order"). Dkt. No. 1434 at 2.

## DISCUSSION

**A. The Court should grant Google leave to move for reconsideration of the Court's Order denying Google's oral motion to redact and seal the portion of the transcript disclosing the Apple financial information.**

Google acknowledges that courts are (rightly) reluctant to revisit their prior decisions, but the unique circumstances here warrant reconsideration. Specifically, reconsideration is warranted to allow the Court to consider information not before it before denial of Google's oral request to seal a portion of the request. *See* N.D. Cal. Civ. L.R. 7-9(b)(1); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). At the time the Court issued its Order denying Google's oral motion to seal, the Court did not have before it a written motion from Google setting forth in detail the bases for the sealing request, nor did non-party Apple have an opportunity to explain why disclosure of the Apple financial information would harm Apple.

Where, as here, a party seeks to seal confidential information in connection with a non-dispositive *discovery* motion, a "'good cause' showing under Rule 26(c) will suffice" to seal the

information.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (distinguishing between the "good-cause" standard for sealing information submitted in connection with a discovery dispute from the "compelling reason" standard applicable to sealing information submitted in connection with pretrial or trial proceedings); *see also* Fed. R. Civ. P. 26(c) (stating that if "good cause" is shown in discovery, a district court may issue any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").  In this case, good cause exists for redacting and sealing this information.

The specific financial terms of Google's agreement with Apple are highly sensitive to both Google and Apple.  Both Apple and Google have always treated this information as extremely confidential.  Public disclosure of this information could severely and adversely impact Google's ability to negotiate, *inter alia*, similar terms with other third parties in connection with similar agreements now or in the future.  *See* Bayley Decl. at ¶ 5.

Furthermore, Apple considers this information to be highly confidential to Apple.  As a non-party, Apple did not have an opportunity to be heard in connection with Google's oral motion to seal at the hearing.  Google understands that Apple may submit a declaration setting forth the reasons why this financial information is highly confidential to Apple, and why public dissemination of this financial information would harm Apple.  Google respectfully requests that the Court consider any such declaration submitted by Apple as further support for Google's own motion to seal this information from the transcript.  For the Court's reference, the specific Apple information that Google seeks to redact and seal is page 29, lines 24-25.

**B.    The Court should redact and seal portions of the January 14 hearing transcript disclosing sensitive and non-public Google financial information.**

In addition to disclosing the specific Apple financial information, Oracle's counsel also violated the Protective Order by improperly revealing sensitive non-public information regarding Google's Android-related profits and revenues.  January 14, 2016 Tr. at 4:10-13, 6:19-20.  Google did not make an on-the-spot motion to seal this highly confidential material, and therefore the Court has not yet had an opportunity to rule on any motion to seal this information.

Google does not publicly allocate revenues or profits to Android separate and apart from

3

Google's general business.  Bayley Decl. at ¶ 3.  That non-public financial data is highly sensitive, and public disclosure could have significant negative effects on Google's business.  *Id.*

Importantly, this Court has already recognized that non-public information about Google's Android-related revenues and profits should be sealed.  Less than two months ago, Oracle quoted such information in a joint letter brief submitted to the Court under seal [Dkt. No. 1387].  Oracle filed an accompanying motion to seal [Dkt. No. 1386], Google submitted a declaration explaining why the information warranted sealing [Dkt. No. 1388], and the Court found that "[g]ood cause exists" to seal the information.  Dkt. No. 1394 at 3.  The Court's order sealing non-public financial information was correct, and is consistent with Judge Alsup's orders granting several other requests to seal similar types of financial information.  *See, e.g.*, Dkt. Nos. 935, Dkt. No. 1056, Dkt. No. 1122, Dkt. No. 1375.

In view of the Court's past orders sealing the same or similar information, and the sensitive, non-public nature of this financial information, Google respectfully requests that the non-public financial information in the following portions of the January 14 hearing transcript be redacted and sealed:  page 4, lines 10-13; page 6, lines 19-20.

\* \* \*

The information that Google seeks to redact and seal is limited to only a few specific line items from the January 14 hearing transcript.  Public access to this highly sensitive and confidential information would unnecessarily harm Google and, in some instances, Apple.  Google has worked diligently to bring this matter to the Court's attention before the January 14, 2016 transcript becomes publicly available, so that public dissemination can be prevented.  *See* N.D. Cal. Civ. L.R. 7-9(b) (noting that a party seeking leave to file a motion or reasonable consideration must exercise reasonable diligence).  Had Oracle provided Google with notice of its intent to disclose such confidential information—as has been the parties' past practice in this case—Google could have addressed this issue before the hearing.  But, due to Oracle's failure to provide the notice required under the Protective Order, Google has been forced to react to Oracle's improper disclosure on-the-fly, and to take immediate steps to limit the potential harmful impact of that disclosure by filing this motion.

1020821

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court reconsider and reverse its ruling on Google's motion to redact and seal financial information concerning the Apple-Google agreement contained at page 29, lines 24-25 of the transcript, and also grant Google's instant motion to redact and seal the transcript at the non-public Google financial information at page 4, lines 10-13; page 6, lines 19-20 of the transcript.

Dated:   January 20, 2016                               KEKER & VAN NEST LLP

                                                   By:   */s/  Robert Van Nest*
                                                         ROBERT VAN NEST

                                                         Attorneys for Defendant
                                                         GOOGLE INC.