COOLEY LLP
BENJAMIN G. DAMSTEDT (230311)
(bdamstedt@cooley.com)
3175 Hanover St.
Palo Alto, CA  94304
Telephone:      (650) 843-5000
Facsimile:      (650) 849-7400

Attorneys for Non-Party Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No.  10-cv-03561-WHA (DMR)<br><br>**DECLARATION OF LESLIE FITHIAN IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

I, Leslie Fithian, declare:

1.      I am employed as Senior Director of the Software Products Legal Team at Apple Inc.  The facts stated herein are true of my own knowledge based on my work with Apple unless otherwise stated, and, if called to testify, I could and would testify to those facts.

2.      I submit this declaration in support of Google's Administrative Motion for Leave To File a Motion for Reconsideration Re the Court's Order Denying Sealing of Google-Apple Information, and Administrative Motion to Redact and Seal Additional Google Financial Information (Dkt. 1438).

3.      I have reviewed a portion of the transcript of the January 14, 2016 motion hearing. In particular, the transcript at page 29, lines 24-25, contains the confidential business information of Apple.  These lines purport to reflect specific, detailed financial terms related to a confidential

business agreement between Apple and Google.  Those terms resulted from highly confidential negotiations between Apple and Google.

4.     This information is considered confidential and commercially sensitive.  Apple does not disclose this information to the public.  Moreover, Apple restricts knowledge of this information to only a subset of Apple employees on a need-to-know basis.

5.     Disclosing this information to the public would pose a serious risk of competitive harm to Apple.  Companies engaging in free-market competition ordinarily compete without perfect knowledge of their competitors' or business partners' financial status and business models.  Maintaining the confidentiality of this information allows Apple to remain competitive in fast-moving markets, which ultimately benefits the public.  If this information is disclosed, for example, third parties seeking to negotiate terms of a business relationship with Apple might leverage this information against Apple, thereby forcing Apple into an uneven bargaining position in future negotiations.  *Apple v. Samsung Elecs.*, No. 11-1846 (N.D. Cal. Aug. 9, 2012) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)) (allowing Apple to seal "pricing terms, royalty rates, and minimum payment terms of the [third party] licensing agreements"); *id.* at 16 (noting that disclosure of confidential financial information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations.").

6.     In addition, competitors could potentially use this information to undercut Apple's business model and negotiation strategies.  *Id.* (Dkt. No. 1648 at 7-8 (sealing of "documents which contain confidential financial data as well as analysis and strategy discussions based on that data").

7.     Further, because the hearing transcript pertains to a non-dispositive motion, the public interest weighs less heavily in favor of disclosing this information and the lesser "good cause" standard applies.  *Apple v. Samsung Elecs.*, No. 2012-1600 at 11-12 (Fed. Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached only to non-dispositive

motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action") (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted)).

8.     It is my understanding that this information is also confidential to Google Inc. under the terms of the Apple/Google agreement.

9.     Finally, Apple requests only that the transcript at page 29, lines 24-25 be redacted. Thus, this requested relief is narrowly tailored to protect Apple's confidential business information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on January 20, 2016 in Sunnyvale, California.

Dated: January 20, 2016                              */s/ Leslie Fithian*
                                                      Leslie Fithian

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on January 20, 2016, with a copy of this document via the Court's CM/ECF system per Local Rules.  Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or first class mail on this date.

By:  _/s/ Benjamin G. Damstedt_