KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:      (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                  Plaintiffs,<br><br>      v.<br><br>GOOGLE INC.,<br><br>                  Defendant. | Case No.  3:10-cv-03561 WHA (DMR)<br><br>**GOOGLE'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SEALING OF GOOGLE-APPLE INFORMATION**<br><br>Dept.        Courtroom 4, 3rd Floor (Oakland)<br>Judge:      Hon. Donna M. Ryu |

**INTRODUCTION**

Pursuant to N.D. Cal. Civ. L.R. 7-9, Google respectfully requests leave to file a motion for reconsideration of the Court's Order [Dkt. No. 1434] denying Google's request to redact and seal a limited portion of the January 14, 2016 discovery hearing transcript [Dkt. No. 1437] that references highly confidential financial information related to an agreement between Google and non-party Apple Inc.  Because Google orally moved on-the-spot at the January 14 hearing, in response to information that Oracle improperly disclosed during the hearing in violation of the Protective Order governing this case, the Court did not have the benefit of a written motion from Google setting forth the reasons why the information sought to be sealed warrants sealing.  Nor did the Court have the benefit of a declaration from Apple explaining how public disclosure of the information could harm Apple.  Apple has since filed a declaration, and, accordingly, Google seeks leave to file a motion for reconsideration so that the Court may consider Google's sealing request on a complete record.[1]

**BACKGROUND**

At the January 14, 2016 hearing on Oracle's Motion to Compel [Dkt. No. 1404], Oracle's counsel revealed extremely sensitive information derived from deposition testimony that Google has designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Stipulated Protective Order [Dkt. No. 66] that governs this case.  Specifically, Oracle's counsel disclosed highly confidential and sensitive financial terms of an agreement between Google and non-party Apple. January 14, 2016 Tr. [Dkt. No. 1437] at 29:24-25.  Although the Protective Order requires that "parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material," [Dkt. No. 66 ¶ 5.2(b)], Oracle provided no notice to Google that it intended to disclose this information at the January

---

[1] Google also seeks to seal another portion of the January 14, 2016 transcript that discloses Google-specific confidential information unrelated to the Apple agreement.  On January 20, 2016, Google filed a motion combining its request for leave to file a motion for reconsideration of the Court's order denying sealing of the Apple information with its request to seal the Google-specific information. Dkt. No. 1438.  The Clerk's Office advised Google that it should file two separate motions.  Accordingly, Google submits this motion for leave to file a motion for reconsideration as to the Apple information, and is submitting a separate notice of motion and motion regarding the Google-specific confidential information.

14 hearing.  Declaration of Edward A. Bayley ("Bayley Decl.") at ¶ 2.

Google's counsel orally requested at the hearing that the portion of the transcript including the specific financial information related to Apple be sealed because it was highly confidential.  January 14, 2016 Tr. at 30:2-31-4.  Google intended to follow-up its oral request by submitting a written motion to seal setting forth further details about why the Apple information warranted sealing, and Google even wrote to Oracle's counsel asking Oracle to join in Google's written motion to seal.  Bayley Decl. at ¶ 5.  Oracle has not yet responded to that request, *id.*, although the Court in the interim denied Google's oral request to seal as to the Apple financial information in its January 19 Order re New Submission ("Order").  Dkt. No. 1434 at 2.

After the Court denied Google's oral motion to seal, Apple submitted a declaration from Leslie Fithian, Senior Director of the Software Products Legal Team at Apple.  Dkt. No. 1439 ("Fithian Decl.").  As explained in the Fithian Declaration, Apple considers this information confidential and commercially sensitive, and disclosing this information to the public would pose a serious risk of competitive harm to Apple.  *Id.* at ¶¶ 4-6.

Oracle's intentional failure to respect the protocols mandated by the Protective Order—*i.e.*, giving advance notice of an intention to disclose highly confidential material in a public hearing—has resulted in precisely the harm that the Protective Order is intended to prevent.  Specifically, Oracle's improper disclosure has resulted in certain confidential information being leaked to the press, with the confidential information regarding the Apple-Google agreement serving as the headline in Internet press reports.[2]  *See, e.g.*, http://www.bloomberg.com/news/articles/2016-01-22/google-paid-apple-1-billion-to-keep-search-bar-on-iphone.  Google files this motion to limit the potential impact of Oracle's misconduct.

**DISCUSSION**

Google acknowledges that courts are (rightly) reluctant to revisit their prior decisions, but the unique circumstances here warrant reconsideration.  Specifically, reconsideration is

---

[2] Google reserves all rights to seek sanctions and other relief as a result of Oracle's improper disclosure of information designated under the Protective Order.

warranted to allow the Court to consider information not before it at the time Google made its oral request to seal.  *See* N.D. Cal. Civ. L.R. 7-9(b)(1); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).  At the time the Court issued its Order denying Google's oral motion to seal, the Court did not have before it a written motion from Google setting forth in detail the bases for the sealing request, nor did non-party Apple have an opportunity to explain why disclosure of the Apple financial information would harm Apple.

Where, as here, a party seeks to seal confidential information in connection with a ***non-dispositive discovery*** motion, a "'good cause' showing under Rule 26(c) will suffice" to seal the information.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (distinguishing between the "good-cause" standard for sealing information submitted in connection with a discovery dispute from the "compelling reason" standard applicable to sealing information submitted in connection with pretrial or trial proceedings); *see also* Fed. R. Civ. P. 26(c) (stating that if "good cause" is shown in discovery, a district court may issue any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").  In this case, good cause exists for sealing this information.

The specific financial terms of Google's agreement with Apple are highly sensitive to both Google and Apple.  *See* Bayley Decl. at ¶ 3; Fithian Decl. at ¶ 4.  Both Apple and Google have always treated this information as extremely confidential.  *Id.*  Public disclosure of this information could severely and adversely impact Google's ability to negotiate, *inter alia*, similar terms with other third parties in connection with similar agreements now or in the future.  *See* Bayley Decl. at ¶ 3.  And, as explained in the Fithian Declaration, disclosing this information to the public would pose a serious risk of competitive harm to Apple.  Fithian Decl. at ¶¶ 4-6.

Google has worked diligently to bring this matter to the Court's attention before the January 14, 2016 transcript becomes publicly available.  *See* N.D. Cal. Civ. L.R. 7-9(b) (noting that a party seeking leave to file a motion for reconsideration must exercise reasonable diligence).  Had Oracle provided Google with notice of its intent to disclose such confidential information—as the Protective Order requires and has been the parties' past practice in this case—Google could have addressed this issue before the hearing.  But, due to Oracle's failure to

1  provide the notice required under the Protective Order, Google has been forced to react to
2  Oracle's improper disclosure on-the-fly, and to take immediate steps to limit the potential
3  harmful impact of that disclosure by filing this motion.  Similarly, non-party Apple had no prior
4  opportunity to be heard, and the Court did not have the benefit of the Fithian Declaration at the
5  time it denied Google's oral motion to seal.  Google and Apple should not be punished for
6  Oracle's intentional misconduct.

## CONCLUSION

The information that Google and Apple seek to redact and seal is narrowly tailored to two specific lines from the January 14 hearing transcript.  Public disclosure of this highly sensitive and confidential information would unnecessarily harm Google and non-party Apple for the reasons stated above, and would have little or no benefit to the public, particularly given that the information relates to a non-dispositive discovery motion, and not to a public trial.  Accordingly, for the foregoing reasons, Google respectfully requests that the Court grant Google leave to file a motion for reconsideration, or, in the alternative seal the financial information concerning the Apple-Google agreement contained at page 29, lines 24-25 of the January 14, 2016 transcript.

Dated:   January 21, 2016                                         KEKER & VAN NEST LLP

By:   */s/  Robert Van Nest*
ROBERT VAN NEST

Attorneys for Defendant
GOOGLE INC.