KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE AMERICA, INC.,

Plaintiffs,

v.

GOOGLE INC.,

Defendant.

Case No. 3:10-cv-03561 WHA (DMR)

**GOOGLE'S NOTICE OF MOTION AND MOTION TO REDACT AND SEAL PORTIONS OF THE JANUARY 14, 2016 DISCOVERY HEARING TRANSCRIPT**

Date: February 25, 2016
Time: 11:00 a.m.
Dept. Courtroom 4, 3rd Floor (Oakland)
Judge: Hon. Donna M. Ryu

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 25, 2016, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Donna M. Ryu, 1301 Clay Street, Oakland, California, Courtroom 4, 3rd Floor, defendant Google, Inc. ("Google") will and hereby does move this Court, pursuant to the Northern District of California's Civil Local Rule 7-2 and General Order 59, paragraph 4, for an order redacting and sealing portions of the transcript from the January 14, 2016 hearing held before the Court.[1] This Motion is based on this Notice and the below Memorandum of Points and Authorities filed herewith, any reply memoranda that may be filed, the argument of counsel, the case record, and any documentary evidence that may be presented at the time of the hearing.

## RELIEF REQUESTED

Google seeks an order redacting two specific portions of the transcript from the January 14, 2016 hearing, on the grounds that plaintiff Oracle America, Inc. ("Oracle") improperly revealed during that hearing sensitive, non-public financial information regarding revenues and profits relating to Android. The relevant portions of the hearing transcript appear at the following locations:

- Page 4, lines 10-13
- Page 6, lines 19-20

[1] The transcript for the January 14, 2016 hearing formerly was docketed as Docket Entry No. 1437, but the entry has since been removed from the public docket.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Pursuant to the Northern District of California's Civil Local Rule 7-2 and General Order 59 Google hereby brings this motion to redact and seal Google-confidential financial information that Oracle improperly disclosed at the January 14 hearing in violation of the Protective Order governing this case. Specifically, Oracle improperly disclosed sensitive non-public financial information regarding revenues and profits relating to Android. Importantly, while the Court has not yet had an opportunity to rule on the instant motion to redact and seal this information, the Court has previously held that "good cause" exists to seal this same or very similar information, and the Court has granted Google's past requests to keep this information under seal. Google respectfully requests that the Court seal this sensitive information, as it has done in the past. [2]

**BACKGROUND**

At the January 14, 2016 hearing on Oracle's Motion to Compel [Dkt. No. 1404], Oracle's counsel improperly disclosed highly sensitive, confidential information regarding revenues and profits relating to Android, which were derived from internal Google financial documents designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order. *Id.* at 4:10-13, 6:19-20. Although the Protective Order requires that "parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material," [Dkt. No. 66 ¶ 5.2(b)], Oracle provided no notice to Google that it intended to disclose this information at the January 14 hearing. Declaration of Maya Karwande ("Karwande Decl.") at ¶ 2.

---

[2] Google also seeks to redact and seal another portion of the January 14, 2016 transcript that discloses highly confidential information related to an agreement between Google and non-party Apple Inc. Google orally moved to seal that information at the hearing, immediately after Oracle's counsel improperly disclosed it, but the Court denied that oral motion. Dkt. No. 1434. On January 20, 2016, Google filed a motion combining its instant request to seal Google-specific financial information, with a related request to move for leave to file a motion for reconsideration of the Court's order denying Google's oral motion to seal the Apple-related information. The Clerk's Office advised Google that it should file two separate motions. Accordingly, Google submits this notice of motion and motion to seal the Google-specific information, and is submitting a separate motion for leave to file a motion for reconsideration of the Court's order denying Google's oral request to seal the Apple information.

Google wrote to Oracle's counsel objecting to Oracle's improper disclosure and asking Oracle to join in Google's written motion to seal Google's confidential financial information. Karwande Decl. at ¶ 4. Oracle never responded to that request. *Id.*

Oracle's intentional failure to respect the agreed upon protocols mandated by the Protective Order—*i.e.*, giving advance notice of an intention to disclose confidential material in a public hearing—has resulted in precisely the harm that the Protective Order is intended to prevent. Specifically, Oracle's improper disclosure has resulted in confidential information being leaked to the press, with confidential financial information relating to Android serving as the headline in Internet press reports.[3] *See, e.g.*, http://www.bloomberg.com/news/articles/2016-01-21/google-s-android-generates-31-billion-revenue-oracle-says-ijor8hvt; http://www.theverge.com/2016/1/21/10810834/android-generated-31-billion-revenue-google-oracle. Google files this motion to limit the potential impact of Oracle's misconduct.

**DISCUSSION**

Where, as here, a party seeks to redact and/or seal confidential information in connection with a non-dispositive ***discovery*** motion, a "'good cause' showing under Rule 26(c) will suffice" to protect the information. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (distinguishing between the "good-cause" standard for sealing information submitted in connection with a discovery dispute from the "compelling reason" standard applicable to sealing information submitted in connection with pretrial or trial proceedings); *see also* Fed. R. Civ. P. 26(c) (stating that if "good cause" is shown in discovery, a district court may issue any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). In this case, good cause exists for sealing Google's highly confidential financial information.

Google does not publicly allocate revenues or profits to Android separate and apart from Google's general business. Karwande Decl. at ¶ 3. That non-public financial data is highly sensitive, and public disclosure could have significant negative effects on Google's business. *Id.*

[3] Google reserves all rights to seek sanctions and other relief as a result of Oracle's improper disclosure of confidential information.

Importantly, this Court has already recognized that non-public information about Google's Android-related revenues and profits should be sealed. Less than two months ago, Oracle quoted such information in a joint letter brief submitted to the Court under seal [Dkt. No. 1387]. Oracle filed an accompanying motion to seal [Dkt. No. 1386], Google submitted a declaration explaining why the information warranted sealing [Dkt. No. 1388], and the Court found that "[g]ood cause exists" to seal the information. Dkt. No. 1394 at 3. The Court's order sealing non-public financial information was correct, and is consistent with Judge Alsup's orders granting several other requests to seal similar types of financial information. *See, e.g.*, Dkt. Nos. 935, Dkt. No. 1056, Dkt. No. 1122, Dkt. No. 1375.

Google has worked diligently to bring this matter to the Court's attention before the January 14, 2016 transcript becomes publicly available. *See* N.D. Cal. Civ. L.R. 7-9(b) (noting that a party seeking leave to file a motion or reasonable consideration must exercise reasonable diligence). Had Oracle provided Google with notice of its intent to disclose such confidential information—as the Protective Order requires and as has been the parties' past practice in this case—Google could have addressed this issue before the hearing. But, due to Oracle's failure to provide the notice required under the Protective Order, Google has been forced to take immediate steps to limit the potential harmful impact of that disclosure by filing this motion. Google should not be punished for Oracle's intentional misconduct.

In view of the Court's past orders sealing the same or similar information, and the sensitive, non-public nature of this financial information, Google respectfully requests that the non-public financial information in the following portions of the January 14 hearing transcript be redacted and sealed: page 4, lines 10-13; page 6, lines 19-20.

**CONCLUSION**

The information that Google seeks to redact and seal in this motion is narrowly tailored to six specific lines from the January 14, 2016 hearing transcript. Public access to this highly sensitive and confidential information would unnecessarily harm Google for the reasons stated above, and would have little or no benefit to the public, particularly given that the information relates to a non-dispositive discovery motion, and not to a public trial. Accordingly, for the

foregoing reasons, Google respectfully requests that the Court redact and seal page 4, lines 10-13 and page 6, lines 19-20 of the January 14, 2016 transcript.

Dated: January 21, 2016

KEKER & VAN NEST LLP

By: */s/ Robert Van Nest*
ROBERT VAN NEST

Attorneys for Defendant
GOOGLE INC.