ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**PLAINTIFF ORACLE AMERICA, INC.'S RESPONSE TO GOOGLE INC.'S MOTION FOR RECONSIDERATION [ECF NO. 1438]**<br><br>Dept:　　Courtroom 4 (Oakland)<br>Judge:　Hon. Donna M. Ryu |

1  Oracle files this response to certain assertions made in Google's Motion for
2  Reconsideration. Oracle takes no position on the relief requested.
3  There are two pieces of information in the transcript that Google seeks to seal: statements
4  about the revenues and profits at issue, and a statement about a revenue sharing percentage in an
5  agreement. Regarding the first piece of information, Google did *not* object during the hearing to
6  the disclosures and instead seeks only after the fact to seal the transcript. The Court already ruled
7  that other matters not raised by Oracle at the hearing were waived; the same result should obtain
8  with respect to matters that Google failed to raise at the hearing. *See* ECF No. 1436 at 2.
9  Regarding the second statement, Google did object at the hearing, and the Court noted that these
10 matters would soon be addressed at trial, ultimately overruling the objection. *See* Tr. 31:17-21;
11 ECF No. 1434 at 2.
12 Google argues that the information should not have been disclosed, or that it did not
13 receive a proper notice that this particular confidential material would be discussed at this
14 hearing. Mot. at 3-4. As to the first argument, the Protective Order specifically provides that
15 disclosures can be made to the Court and its personnel. ECF Nos. 68 & 66 at 10-11. There is no
16 dispute that Oracle was properly addressing the Court at a duly noticed hearing when the
17 statements were made. Regarding notice, even assuming the notice provision should be read as
18 Google posits, Oracle did not "reasonably expect" to make these particular disclosures. The
19 information was disclosed as a response to the Court or to an issue that Google itself raised.
20 Regarding revenues and profits, Oracle's counsel was responding to a question by the Court about
21 apportionment of profits. Tr. 3:23-5:16. On revenue share percentage, Oracle's counsel
22 responded only after Mr. Van Nest asserted (incorrectly) seven different times that all of the
23 information requested was already found in Mr. Gold's deposition transcript. Tr. 15:19-22;
24 16:14-16; 17:1-5; 17:17-19; 20:3-11; 20:13-16; 29:10-13. When Google asserted repeatedly that
25 the information sought in the underlying motion had already been provided, Oracle had every
26 right to apprise the Court of true nature of the testimony that was given.
27 Google was not surprised about the subject matter of this hearing and the scope of what
28 possibly could be discussed. Google came prepared to discuss this information itself. Mr. Van

1  Nest discussed the contents of Oracle's damages expert report (designated Attorneys' Eyes Only
2  under the Protective Order, Hurst Decl. ¶ 2) as part of his arguments.  Tr. 15:3-15.  Mr. Van Nest
3  discussed what he contended were the contents of the Gold deposition transcript (also designated
4  Attorneys' Eyes Only under the Protective Order) and other confidential documents produced by
5  Google.  Tr. 16:14-18; 20:7-16.  Mr. Van Nest asserted repeatedly (and inaccurately) that all of
6  the disputed information at issue as to Apple had already been provided to Oracle through the
7  referenced testimony and documents.  *Id.*  Google did not disclose to Oracle in advance that it
8  "reasonably expected" to discuss any of these "Designated Materials" at the hearing—it did not
9  make any disclosure.  Hurst Decl. ¶ 2.  Indeed, neither Mr. Van Nest nor either of the other two
10 lawyers representing Google at the hearing (one of whom was also a partner at the Keker & Van
11 Nest law firm) even *objected* to the disclosure of the revenue and profit information.

12        The subject matter of this hearing was known, by its very nature in the requests
13 propounded, to involve the fact that Google had to pay others to get distribution of its search
14 services on mobile devices, and the significant amounts it had to pay.  Google could have been
15 shut out entirely from those other mobile platforms.  Google disclosed this risk of lack of control
16 over distribution at least as early as its 2004 10-K.  Hurst Decl. ¶ 6.  To mitigate this risk, Google
17 acquired, developed and released a new means of distribution for its services:  Android.  Google
18 depended upon the Java APIs to release Android during the critical "mobile window."  As
19 discussed at the hearing, these economics of platform distribution are relevant to Google's
20 commercial purpose, as well as hypothetical license, disgorgement causation, and profit
21 apportionment.  Oracle discusses these matters in its damages report and will also be discussing
22 them in its fair use expert report.  That was the known subject matter of the dispute coming into
23 the hearing.

24        Both parties also understood the general subject matter that might be raised at this hearing
25 as there were numerous meet and confer sessions in which the parties' various discovery disputes,
26 including this one, were discussed.  In those discussions, the question of the magnitude of
27 commerciality of Google's use of Android, including specific revenue numbers, was discussed.
28 In meet and confer discussions between the parties, Oracle has more than once quoted the

- 2 -

PLAINTIFF ORACLE'S RESPONSE TO GOOGLE'S
ADMIN. MOT. RE RECONSIDERATION
CV 10-03561 WHA

1  extraordinary revenue figure associated with Android's exploitation of the Java APIs as relevant
2  both to fair use and monetary remedies.  Hurst Decl. ¶ 3.  Neither side gave any notice more
3  specific to the hearing than they had already given in numerous prior discussions and the briefing.
4      This case is scheduled to go to trial on May 9, 2016.  At that time, Oracle expects to put
5  on witnesses to discuss the information that Google currently seeks to place under seal.  Prior to
6  that time, the information is likely to be discussed in connection with *Daubert* motions, other
7  motions in limine and perhaps also summary judgment motions.  The Protective Order will permit
8  none of that to be sealed in light of the "compelling reasons" standard.  ECF No. 68.  The
9  magnitude of Google's commercial exploitation of the Java APIs through Android is at the core
10 of the dispute, both in connection with fair use and in connection with monetary remedies.  The
11 relief Google seeks it its Administrative Motion, viewed in its very best light, is merely a
12 delaying action.

Dated: January 21, 2016

KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON
Orrick, Herrington & Sutcliffe LLP


By:       */s/   Annette L. Hurst*
           ANNETTE L. HURST
           Attorneys for Plaintiff
           ORACLE AMERICA, INC.