

633 Battery Street
San Francisco, CA 94111-1809

415 391 5400

kvn.com

**Robert A. Van Nest**
(415) 391-5400
rvannest@kvn.com

January 22, 2016

The Honorable William Alsup
United States District Court Judge
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA
      Précis Regarding Motion for Leave to File a Supplemental Answer

Dear Judge Alsup,

Google seeks this Court's approval to file a Motion for Leave to File a Supplemental Answer pursuant to Federal Rule of Civil Procedure 15(d). *See* Dkt. 86.[1]  Google notified Oracle's counsel of its intent to seek leave and provided a draft supplemental answer on December 29, 2015.  Following an initial objection by Oracle, the parties met-and-conferred further by email, and Google provided Oracle with a proposed stipulation on January 18, 2016 that would obviate the need for Google to file a supplemental answer.  Despite repeated requests by Google, Oracle has not yet responded to the proposed stipulation, necessitating this précis.

Google filed its operative Answer on November 10, 2010.  Since then, Google has developed, and made publicly available, source code for use in the L (Lollipop) and M (Marshmallow) releases of the Android Platform using code from Oracle's OpenJDK project. The OpenJDK project is a free and open source implementation of Oracle's Java Platform, Standard Edition (Java SE), and Oracle licenses, at no cost, the use of code from OpenJDK that is the subject of the asserted copyrights in this case (as well as additional material) under the terms of the GNU General Public License, version 2 with the Classpath Exception ("GPLv2+CE

---

[1] Google submits this précis letter according to the Court's Order, ECF No. 86.  If this précis letter procedure is no longer in effect, Google stands ready to simply file the motion according to normal procedures.

Hon. William Alsup
January 22, 2016
Page 2

license"). *See* http://openjdk.java.net/legal/gplv2+ce.html. OpenJDK source code is available to the public to freely copy, distribute or modify without any payment to Oracle, pursuant to the terms of the open source GPLv2+CE license. *See* http://openjdk.java.net/faq/.

Google informed Oracle that it was developing code for Android based on OpenJDK in an interrogatory response on November 12, 2015. Google made the OpenJDK-based source code available for inspection on its source code computer the same day, and Oracle inspected the source code computer on November 25, 2015. Google also produced a witness for deposition—Mr. Anwar Ghuloum—pursuant to Rule 30(b)(6) to discuss the OpenJDK-based code. On December 24, 2015, Google made the OpenJDK-based source code publicly available, by uploading it to the Android Open Source Project website (https://source.android.com), thus creating a license defense to any Oracle allegation of copyright infringement for versions of Android using the OpenJDK-based code. Accordingly, Google seeks leave to supplement its Answer to include an additional license defense that applies to the extent Oracle accuses versions of Android using OpenJDK-based code, which are licensed under the GPLv2+CE license as described above, of copyright infringement.

Leave to file a supplemental answer is appropriate here. Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Leave to file a supplemental pleading is liberally permitted when the new allegations relate to the original action, absent undue prejudice to the opposing party. *See Keith v. Volpe*, 858 F.2d 467, 473-475 (9th Cir. 1988); *see also LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986) (motions to amend pursuant to Rule 15(d) should be granted unless undue prejudice to the opposing party will result.).

Here, the "transaction[s], occurrence[s], [and] event[s]" giving rise to Google's license defense took place after the filing of its existing Answer in November 2010. Oracle did not

1018368

Hon. William Alsup
January 22, 2016
Page 3

accuse the newer releases of Android of infringement until filing its Supplemental Complaint on August 12, 2015, and Google's new license defense became relevant and applicable to the copyright allegations in this action on or about December 24, 2015, the date the licensed source code for the Android L and M releases based on OpenJDK became publicly available. Google thereafter notified Oracle of its intent to supplement its answer less than a week after the defense became ripe. Thus, Google's assertion of its new license defense is timely.

Because Oracle has licensed Google's use of the asserted copyrights in OpenJDK under the GPLv2+CE license, Google cannot be liable for copyright infringement as to the Android L and M releases incorporating the OpenJDK code made available on December 24, 2015, nor future releases of the Android Platform based on OpenJDK. Accordingly, the new license defense asserted in Google's proposed Supplemental Answer is directly related to the original action, and its addition is necessary to fully resolve issues relating to Oracle's copyright claim.

Finally, Oracle will not suffer any prejudice by the inclusion of the new defense as part of the proposed Supplemental Answer. Oracle has been on notice of the facts underlying Google's express license defense since at least November 12, 2015, when Google disclosed to Oracle that it was developing licensed versions of Android using OpenJDK and made the source code for those versions available for inspection. Indeed, on December 9, 2015, Oracle deposed Google's 30(b)(6) witness, Mr. Ghuloum, on the topic of "All commercially-acceptable, non-infringing substitutes to all or any of the 37 Java API packages used in Android," and questioned him specifically on Google's use of OpenJDK in Android. Fact discovery continued until December 16, 2015, more than a month after Google disclosed the facts underlying its license defense. Oracle has had ample opportunity to conduct discovery on Google's use of OpenJDK in Android, and thus would not be prejudiced by inclusion of this additional defense.

In light of the foregoing facts, Google respectfully requests that this Court grant its request to file a Motion for Leave to File Supplemental Answer.

Hon. William Alsup
January 22, 2016
Page 4

Respectfully submitted,

KEKER & VAN NEST LLP

*/s/ Robert A. Van Nest*

Robert A. Van Nest
Counsel for Defendant, Google Inc.

RVN:ltm

1018368