

633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
kvn.com

**Robert A. Van Nest**
(415) 391-5400
rvannest@kvn.com

January 22, 2016

Honorable William Alsup
U. S. District Court, Northern District of California
450 Golden Gate Avenue, Courtroom 8 - 19th Floor
San Francisco, CA  94102

Re:     ***Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA**
        **Précis Regarding Motion for Leave to File Motion to Strike**

Dear Judge Alsup,

      Google hereby requests permission from the Court through this précis letter to file a

Motion to Strike Portions of Oracle's Expert Reports.  *See* Order Re Mot. Practice, ECF No. 86.[1]

Specifically, Google seeks permission to move to strike portions of Oracle's expert reports

advancing arguments that (1) seek to expand this case beyond the scope of the Federal Circuit's

remand, and (2) are not supported by the jury's verdict in the original trial or Oracle's

Supplemental Complaint.  Such improper arguments include Oracle's belated attempt to

introduce infringement claims based on versions 6 and 7 of Java Standard Edition ("Java SE").

Google requests that this Court hear its motion on shortened time in light of the February 8, 2016

deadline to serve rebuttal expert reports.

      The Federal Circuit issued its decision and mandate in this case on May 9, 2014,

reinstating the jury's infringement verdict that was directed to, as the jury instructions made

clear, versions 1.4 and 5.0 of Java SE, and remanding for retrial only Google's defenses and

related damages issues.  On August 6, 2015, Oracle filed a motion, granted by this Court, to

---

[1]If the Court's précis letter procedure is no longer in effect, Google stands ready to simply file
the motion according to normal procedures.

Hon. William Alsup
January 22, 2016
Page 2

supplement its Amended Complaint.  Having been warned by this Court not to overreach, Oracle's Supplemental Complaint had a narrow purpose: to update the Amended Complaint with subsequent facts regarding alleged "market harm and damages."  *See* CMC Hr'g Tr. 32:25-33:9, July 30, 2015 (describing purpose of Supplemental Complaint).  Counsel for Oracle specifically represented to this Court during the hearing that Oracle's Supplemental Complaint added no new copyrighted works.  *Id.* at 17:13-14 ("No new work is identified in the proposed Supplemental Complaint.").  Based upon the narrow scope of Oracle's additional allegations, Google did not oppose Oracle's motion.  Fact discovery closed on December 16, 2015, and the parties served opening expert reports on January 8, 2016. Oracle's expert reports have improperly offered new infringement opinions, including new allegations of infringement concerning copyrighted works never submitted to the jury or found to be infringed in the original trial, nor asserted in the Supplemental Complaint—Java SE 6 and Java SE 7.

Google attempted to resolve this issue short of intervention by this Court, sending Oracle a letter on January 14, 2016 requesting that Oracle withdraw the portions of its expert reports that sought to advance claims of infringement of Java SE 6 and Java SE 7.  Google explained that, in light of the jury charge (to which Oracle had not objected), the only copyrighted works at issue in the first trial were Java SE 1.4 and Java SE 5.  Accordingly, the limited retrial that has been ordered by the Federal Circuit does not encompass claims of infringement of additional copyrighted works.  On January 22, 2016, Oracle responded to Google's letter, refusing to withdraw any of its new arguments for infringement of additional copyrighted works.  Instead, Oracle argued (contrary to its representations during the July 30, 2015 hearing) that these additional works *were* encompassed by the Supplemental Complaint, and that the jury instructions and jury verdict in the first trial were "irrelevant" because Oracle had referenced alleged infringement of the additional copyrighted works during the course of discovery.

Oracle's attempt to add the alleged infringement of new copyrighted works to this case disregards the scope of the remand under the Federal Circuit's opinion.  The Federal Circuit's

Hon. William Alsup
January 22, 2016
Page 3

remand was narrow and unambiguous, encompassing only a retrial of Google defenses and related damages issues that concern the copyrighted works found to be infringed in the first trial—Java SE 1.4 and Java SE 5. Specifically, the Federal Circuit held that "[b]ecause the jury hung on fair use, we remand Google's fair use defense for further proceedings consistent with this opinion." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1381 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 2887 (2015). No one appealed, and the Federal Circuit did not remand, issues related to the jury's now-reinstated infringement verdict. *Id.* at 1381. Oracle's attempt to expand the scope of this re-trial to include new infringement allegations regarding additional copyrighted works—i.e., Java SE 6 and Java SE 7—is therefore improper. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002) ("There are two major limitations on the scope of a remand. First, any issue that could have been but was not raised on appeal is waived and thus not remanded. Second, any issue conclusively decided by this court on the first appeal is not remanded.") (internal citations and quotations omitted). It would create only jury confusion to allow Oracle to pursue additional findings on infringement of Java SE 6 and Java SE 7 now in the context of this limited retrial.

Moreover, Oracle cannot use the excuse of the Federal Circuit's remand on separate and independent issues to raise claims of infringement it chose not to submit to the jury, and therefore waived, as part of the original trial. *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949-50 (C.D. Cal. 1996) ("an issue or factual argument waived at the trial level . . . cannot be revived on remand. In essence, the party's waiver becomes the law of the case."). The copyright registration and source code for Java SE 6 were admitted into evidence at the original trial, and Oracle elected not to pursue infringement of that copyright as part of the charge to the jury, which included only Java SE 1.4 and Java SE 5.0. *See* Court's Proposed Charge to the Jury and Special Verdict Form, ECF No. 994 at 11.

In light of the foregoing facts, Google respectfully requests that this Court grant its request to file on shortened time a Motion to Strike Portions of Oracle's Expert Reports.

Hon. William Alsup
January 22, 2016
Page 4


Respectfully submitted,

KEKER & VAN NEST LLP

*/S/ ROBERT A. VAN NEST*

ROBERT A. VAN NEST
Counsel for Defendant, Google Inc.