

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759
WWW.ORRICK.COM

January 26, 2016

The Honorable William Alsup
United Stated District Court Judge
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA
    Response to Précis Regarding Motion for Leave to File a Supplemental Answer

Dear Judge Alsup,

Oracle files this letter in response to Google's "Précis Regarding Motion for Leave to File a Supplemental Answer." ECF No. 1443. The Court should disregard Google's précis because it is not allowed under the Local Rules or the Court's operative case management order. ECF No. 1277 ¶ 11 (ordering parties to "read and follow" this Court's standard "procedures … [for] … motion practice").[1] In addition, Google's précis should be denied because the proposed new affirmative defense is both futile and prejudicial. *See Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (prejudice and futility are factors germane to a motion to amend).

Pursuant to the Supplemental Complaint, Oracle accused all later released Android versions, from Gingerbread through Marshmallow, of infringement. Oracle inquired as to Google's defenses, and on the last day of fact discovery, December 16, 2015, Google served an interrogatory response disavowing any express license defense. Google's Supp. Resp. to Rog. 42 (Google states that "it does not assert the defense of express license as to any of the already-released versions of Android."). Then, on Christmas Eve, Google published an in-progress copy of source code based on OpenJDK code. OpenJDK is the open source version of the Java SE platform. After releasing the code and making related statements to the press, Google tried to

---

[1] Google's reliance on a précis as a substitute for a properly noticed motion is especially problematic here. Google's request hinges on highly technical issues, proof of which requires more than Google's unsupported assertions. If the Court is inclined to consider Google's request, Oracle requests the opportunity to fully brief the issues, including with supporting declarations.

January 26, 2016
Page 2

reverse its position and assert an express license defense in this litigation. Oracle has not granted any license; Google is now trying to claim the protection of the open source license based on its Christmas Eve publication.

      Google seeks to add an express license defense for OpenJDK-based versions of Android that do not yet exist. First, the Christmas Eve publication of some files does not affect the 1.5 billion Android devices in active use through the end of 2015 based on Android versions through Marshmallow. Second, contrary to Google's suggestion here, the Christmas Eve code does not appear to be part of any Android release. Android L and M have long been released without any OpenJDK code. Google itself defines a "release" of Android in terms of code that "corresponds to a formal version of the Android platform" and is identified by a specific version number. http://source.android.com/source/code-lines.html (last visited January 22, 2016). "At all times, a release code-line . . . is considered the *sole canonical source code* for a given Android platform version." *Id*. (emphasis added). Google's suggestion that there is more than one release version of Android L and M, one infringing and the other licensed, makes no sense and is contradicted by Google's public and internal statements describing a plan to incorporate OpenJDK code in Android N, slated to be released later this year. In sum, Google's about-face occurred despite the fact that Google has not released any version of Android containing the OpenJDK code, and Oracle has not yet (if ever) accused any such version of Android. In fact, as confirmed in its expert reports, Oracle accuses all versions of Android reproduced and distributed as of the close of fact discovery. Google's post-fact-discovery publication of code not yet formally released, and as yet unaccused, has no bearing on the issues to be tried in May. Google's proposed answer is thus futile and its request should be denied. *Cf. A&W Smelter & Refiners, Inc. v. Clinton*, 962 F. Supp. 1232, 1240 (N.D. Cal. 1997) (court denied Rule 15 motion in part because the new claims "are inapplicable to the instant case[.]"), *rev'd in part on other grounds*, 146 F. 3d 1107 (9th Cir. 1998); *Planned Parenthood of S. Arizona v. Neely*, 130 F. 3d 400, 402 (9th Cir. 1997) ("While leave to permit supplemental pleading is favored, it cannot be used to introduce a

January 26, 2016
Page 3

separate, distinct, and new cause of action.").

Google's effort to add a new affirmative defense based on a license claim for code that is neither finalized nor released nor accused is also legally improper because it is not ripe. Without knowing the final form of that code, any opinion rendered by this Court about the applicability of a license would constitute an impermissible advisory opinion. *Cf. A&W Smelter*, 962 F. Supp. at 1240 (court denied Rule 15 motion in part because "courts lack jurisdiction to issue advisory opinions that do not affect the rights of the parties in the case at hand[.]").

Google's injection of a new defense at this late stage would also prejudice Oracle. First, the suggestion of a future license would be highly misleading and confusing to the jury, which might believe that such a license excused past infringement. In addition, the defense requires significant additional fact and expert discovery and therefore risks delaying the May 9 trial date. Even assuming that a future version of Android will include OpenJDK code, there is no way to know whether that version will actually be entitled to the protection of the applicable licenses. For example, discovery will be required to determine how the OpenJDK code relates to and interacts with non-OpenJDK code used in Android, the compatibility (or lack thereof) of the licenses included in the new Android version, the license terms attaching to the entire platform, and Google's (and others') compliance with those terms. This is assuming a commercial actor who infringed for nearly a decade can claim the benefit of those licenses at all. Oracle did not have "ample" time to conduct discovery because there was no express license defense: it was not pled in the Answer, Google did not ask (until now) to file a new Answer to the Supplemental Complaint, and Google expressly disavowed the defense as to all Android versions at issue.

Google's position here is in stark contrast to Oracle's position with respect to the new Android versions infringing Java SE 6 and 7, which were encompassed by Oracle's Supplemental Complaint. Both parties proceeded in discovery on claims of copyright infringement of Java SE 6.0 and 7.0, Oracle never disavowed these claims, and Google's own discovery requests put them squarely in the case.

January 26, 2016
Page 4

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

 */s/ Annette L. Hurst*

Annette L. Hurst
Counsel for Plaintiff Oracle America, Inc.