

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759
WWW.ORRICK.COM

January 26, 2016

The Honorable William Alsup
United Stated District Court Judge
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA
Response to Google Précis Requesting to File a Motion to Strike (ECF # 1445)

Dear Judge Alsup,

Google's précis seeking to strike portions of Oracle's expert reports demonstrates a fundamental misunderstanding of the posture of this case, Oracle's copyright claims, and the material Google wishes stricken. Google's précis reads as though Oracle is accusing the Android versions from the first trial of infringing new works, thus reopening infringement as to Android versions already tried. Oracle has done no such thing. Oracle's claims of infringement of Java SE 6 and 7 relate only to the *new* Android versions, never at issue in the first trial or on appeal, but brought into the case through Oracle's unopposed Supplemental Complaint. Google has long been on notice that Oracle accuses those new Android versions of infringing Java SE 6 and 7 (as well as Java SE 1.4 and 5.0), and the parties have both been conducting discovery on Java SE 6 and 7 for months. In addition, Google's expanded copying through Java SE 6 and 7 is relevant to fair use, particularly Google's bad faith purpose.

Google's principal argument (at 2-3) is that infringement claims beyond those in the first trial are not permitted. That approach contradicts Google's prior position of "no opposition in principle to Oracle filing a supplemental complaint regarding events that *post-date* Oracle's previous complaint." ECF No. 1275 at 1-2. Such events obviously were not at issue in the first trial or appeal, but were properly brought into issue by the Supplemental Complaint. *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) ("a district court upon remand can permit the

Hon. William Alsup
January 26, 2016
Page 2

plaintiff to file additional pleadings, vary or expand the issues"). By definition, supplementing involves new events not previously at issue, and thus always goes beyond the appellate court's decision. Yet, supplementing is nevertheless permissible after appeals. *City of Texarkana, Tex. v. Ark., La. Gas Co.*, 306 U.S. 188, 203 (1939).

The Federal Circuit remanded the matter for "further proceedings consistent with this decision." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1381 (2014). That later Android versions accused under the Supplemental Complaint infringe Java SE 6 and 7, as well as Java SE 1.4 and 5, is not at all inconsistent with the Federal Circuit's mandate or with the jury's verdict that earlier Android versions infringe Java SE 1.4 and 5. Oracle did not waive claims of infringement of Java SE 6 and 7 during the first trial as to the new Android versions because those Android versions were not part of the case. Finally, Google does not explain, nor is it clear, why some Android versions copying more Oracle works than others would cause "jury confusion." It is not confusing; Google's new versions of Android also copy more recent Oracle works.

Google's backup argument is that the Supplemental Complaint does not assert Java SE 6 and 7. It is telling that Google devotes less than one paragraph to this argument (at 2) with no legal citations. Oracle's Supplemental Complaint alleges that "Google has continued to infringe Oracle's *copyrights* in the Java platform." ECF No. 1292 ¶ 1 (emphasis added); *accord* ¶¶ 25, 27, 29, 31. That is all that notice pleading requires. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1006 (9th Cir. 2014) ("[A] plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claims against a defendant. The exact contours of those claims— the facts that will ultimately be alleged and the final scope of relief that will be sought—can and should be sorted out through later discovery"). A party is not required to "identify the specific copyrights … [the plaintiff] alleges were copied" in its pleadings. *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, No. 5:14-cv-01409-EJD, 2015 U.S. Dist. LEXIS 63610, at *8 (N.D. Cal. May 13, 2015). It is sufficient to provide "illustrative" examples, which Oracle did, ECF No. 36 (Am. Compl.), and then produce the asserted works in discovery, which Oracle has done. Google's "motion to strike" is no better than a motion *in limine* intended to keep Google's copying of Java

Hon. William Alsup
January 26, 2016
Page 3

SE 6 and 7 from the jury despite its relevance to triable issues and calculated to circumvent this Court's rules on *in limine* motions. *Comcast Cable Communs. Corp. v. Finisar Corp.*, No. C 06-04206 WHA, 2008 U.S. Dist. LEXIS 3661, 18-19 (N.D. Cal. Jan. 17, 2008); *see* ECF No. 1277 ¶ 11 (eliminating précis and requiring parties to "read and follow" this Court's standard "procedures … [for] … motion practice").

Google has long known that Oracle alleges the new Android versions infringe Java SE 6 and 7. On November 9, Oracle informed this Court that "evidence at the upcoming trial will show ... [new] Android releases … included additional material … from *later versions of the Java SE platform*." ECF No. 1364 at 1:13-23 (emphasis added). At a November 19 hearing, Oracle identified "Java 6" and "Java 7" as infringed by the new Android versions. Hr'g Tr. at 8:7-15. By that time, Oracle had already served an interrogatory response that Google's copying included "Oracle's copyrighted material from the Java API packages and from *new versions of Java.*" Oracle Suppl. Resp. to Rog. 25 (emphasis added). When Google propounded an interrogatory about the "new versions of Java," Oracle identified "Java SE 6" and "Java SE 7." Oracle Resp. To Rog. 38. The parties' discovery on the issue, including Google's affirmative discovery, places the matter at issue. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827 SI, 2012 WL 6708866, at *4 (N.D. Cal. Dec. 26, 2012). This is in stark contrast to Google's proposed new affirmative defense of express license based on OpenJDK, which Google did not plead and expressly disavowed on the last day of fact discovery. *See* ECF No. 1451.

In any event, Google cannot claim to be surprised or prejudiced. Google has always known what it copied. If Google had properly responded to Oracle's interrogatories about its copying, Oracle would have learned the extent of Google's copying sooner rather than needing to retain experts to perform code comparisons. It is therefore irrelevant that Oracle did not know at the status conference discussing the Supplemental Complaint (which was before either fact or expert discovery commenced) that the new Android versions also infringe Java SE 6 and 7. Oracle learned through its own analysis in discovery, and made its allegations clear in its discovery responses, in court filings, and in open court.

Hon. William Alsup
January 26, 2016
Page 4

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

 */s/ Annette L. Hurst*

Annette L. Hurst
Counsel for Plaintiff Oracle America, Inc.