KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ORACLE AMERICA, INC.,<br><br>            Plaintiffs,<br><br>     v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S MOTION TO STRIKE PORTIONS OF ORACLE'S EXPERT REPORTS**<br><br>Dept.         Courtroom 8, 19th Fl.<br>Judge:       Hon. William Alsup<br>Date:         February 2, 2016<br>Time:        11:00 a.m. |
|---|---|

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 2, at 11:00 a.m., or as soon as the matter may be heard by the Honorable William H. Alsup in Courtroom 8, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Google Inc. ("Google") shall and hereby does move the Court to strike certain portions of the expert reports of Dr. Chris Kemerer, Dr. Doug Schmidt, and Mr. Robert Zeidman, each of whom has been retained by Oracle America, Inc. ("Oracle").

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Matthias Kamber in Support of Google's Motion to Strike Portions of Oracle's Expert Reports ("Kamber Decl.") and the exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Google seeks an order striking portions of the reports submitted by Dr. Chris Kemerer, Dr. Doug Schmidt, and Mr. Robert Zeidman, as identified in the accompanying Memorandum of Points and Authorities and Proposed Order.  Specifically, Google requests that the Court strike the following portions of those reports (and exhibits or appendices thereto) that present evidence, arguments, or theories that (1) are outside the scope of Oracle's Supplemental Complaint; and/or (2) seek to expand this case beyond the limited scope of the Federal Circuit's remand.  Google requests that these portions be stricken in their entirety unless indicated otherwise below:

- Dr. Chris Kemerer:  ¶¶ 47-50, 188 (references to Java SE 6 and SE 7 in bullet 1), 208 (references to Java SE 6 and SE 7), 218 and Appendix G (columns 6.0, 7.0, 8.0).
- Dr. Doug Schmidt: ¶¶ 97-106.
- Mr. Robert Zeidman:  ¶¶ 45, 73 (references to Java SE 6 and SE 7), 106 (all text after "Java SE 5"), 120-125, 146 and Exhibits V and W.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Oracle seeks to turn this limited re-trial of Google's defenses, and possibly damages issues, into a second infringement trial, this time concerning new and never asserted versions of Oracle's Java SE product.  It does so despite representing to the Court when it sought leave to file a Supplemental Complaint that "[n]o new work is identified in the proposed Supplemental Complaint."  Injecting new and further claims of infringement into the case would unnecessarily complicate the issues the jury would be called upon to decide, while going beyond the scope of what the parties had agreed needed to be tried, not to mention the Federal Circuit's mandate.  The portions of the expert reports served by Oracle that seek to advance claims of alleged infringement of Java SE 6 and Java SE 7 should be stricken.

## II.    STATEMENT OF FACTS

In October of 2010, Oracle filed its Amended Complaint in this case, alleging that Google's Android source code infringed copyrights relating to Java.  Oracle attached as exhibits to the Amended Complaint specific copyright registrations: the registration for Java SE version 1.4 ("Java SE 1.4") and registrations for Java SE version 5 ("Java SE 5").  ECF No. 36.

Thereafter, the parties took discovery into the alleged infringement of those copyrights.  In keeping with the Amended Complaint, the only examples of alleged copying contained in the exhibits to the expert report of John Mitchell, Oracle's expert on alleged copyright infringement, came from Java SE 5.  Declaration of Matthias Kamber in Support of Google Inc.'s Motion to Strike Portions of Oracle's Expert Reports ("Kamber Decl.") ¶ 2 (identifying Exs. A-S from opening report).

The trial similarly focused on alleged infringement of Java SE 5.  Although later versions of Java, such as Java SE version 6 ("Java SE 6"), were referenced, and Oracle moved into evidence the copyright registration and source code for Java SE 6, RT 692:6-13 and TX 659, Oracle never introduced specific evidence of infringement of that copyright.  Thus, when the time came to charge the jury, the Court presented to counsel a jury charge that read "Oracle claims Google has infringed its copyrights in two registered works, namely, 'Java Standard Edition,

1. Version 1.4' (TX 464) and 'Java 2 Standard Edition, Version 5.0' (TX 475)." Court's Proposed Charge to the Jury and Special Verdict Form, ECF No. 994 at 11. Although Oracle filed objections to other portions of the jury charge, *see* ECF No. 997, it never sought to change the scope of what the jury would be asked to deliberate upon to include other versions of Java SE, such as Java SE 6. Instead, Google raised an objection to that instruction at the charging conference, making the suggestion (adopted by the Court) that "Java Standard Edition, Version 1.4" be changed to "Java 2 Standard Edition, Version 1.4." *See* RT 2354:15-2355:2. On April 30, 2012, this Court gave notice of the final jury charge that would be given: "Oracle claims Google has infringed its copyrights in two registered works, namely, 'Java 2 Standard Edition, Version 1.4' (TX 464) and 'Java 2 Standard Edition, Version 5.0' (TX 475)." (ECF No. 1018 at 9.) The Court thereafter gave that jury charge, RT 2592:1-7, and the jury retired to deliberate on that basis. The infringement verdict thus encompassed only Java SE 1.4 and Java SE 5.

The case was thereafter appealed to the Federal Circuit. Neither party appealed any aspect of the jury verdict on copyright infringement. The Federal Circuit reversed and remanded the Court's order on copyrightability, and returned the case for further proceedings on Google's defenses, including the defense of fair use. 750 F.3d 1339, 1381 (Fed. Cir. 2014).

Back before this Court, Oracle sought leave to file a Supplemental Complaint to take account of events since the Amended Complaint. During the case management conference at which the proposed Supplemental Complaint was discussed, Oracle told the Court that "[n]o new work is identified in the proposed Supplemental Complaint." July 30, 2015 CMC Hr'g Tr. at 17:13-14. Moreover, Oracle represented that its Supplemental Complaint had a narrow purpose: to update the Amended Complaint with subsequent facts regarding alleged "market harm and damages." *See id.* at 32:25-33:9 (describing purpose of Supplemental Complaint). Because, based on Oracle representations, Google understood the purpose of the Supplemental Complaint was simply to bring into the case allegations that later versions of the Android platform allegedly infringed Oracle's copyrights in Java SE 1.4 and Java SE 5 in the same manner as past versions of Android, Google did not object to the filing of the Supplemental Complaint.

Three and a half months later, and contrary to its representations to the Court, Oracle

3

1  began trying to inject new allegations of infringement of later versions of Java SE.  Specifically,
2  in answering the Court's query as to whether the case might involve different damages periods,
3  Oracle filed a statement that for the first time, on November 9, averred infringement of additional
4  material "from later versions of the Java SE platform."  ECF No. 1364 at 1:19-24.[1]  Google
5  objected shortly thereafter.  On November 16, 2015, counsel for Google wrote an email
6  challenging Oracle's apparent intention to add "new and unidentified theories of infringement to
7  this case, even though the scope of this case on remand is limited."  Kamber Decl. ¶ 3 (Ex. 2 at
8  3).  Because it was the last day to issue discovery requests in time for the December 16th close of
9  fact discovery, and Google had no insight as to Oracle's new—and objected-to—allegations,
10 Google also served a related interrogatory.

In response, Oracle's counsel referenced the Supplemental Complaint and noted that it charged "all versions of Android including and since Gingerbread with copyright infringement." Kamber Decl. ¶ 3 (Ex. 2 at 1).  Nowhere did Oracle's response claim that new versions of Java SE were the subject of Oracle's infringement allegations.  *See id.* at 1-2.  Rather, allegations specifically referencing Java SE 6 and 7 first surfaced during a hearing on November 19, 2015. Hr'g Tr. at 8:7-15.  Again, Google objected:

> since I sent my original email, Oracle stated an intention to raise Java 6 and 7 as allegedly infringed works even though those are different copyrighted works never raised in the first trial, never included among those copyrighted works attached to any complaint, and never identified by Oracle in the Joint Case Management Conference Statement among the Principal Issues in Dispute for resolution during this trial.

Kamber Decl. ¶ 3 (Ex. 2 at 1).  Google closed by reserving all rights to seek relief, including striking testimony or materials that went beyond the proper scope of the case.  *Id.*

When the parties served expert reports on January 8, 2016, Google noted that Oracle's expert reports claimed that Oracle copyrights in Java SE 6 and Java SE 7 had allegedly been infringed by Android.  Specifically, the portions of Mr. Zeidman's report that Google seeks to strike set forth Mr. Zeidman's opinions that Google allegedly copied certain portions of Java SE 6

---

[1] Notably, as ordered by the Court, the parties had met and conferred prior to filing their respective responses, during which time Oracle did not raise any issue related to alleged infringement of later versions of Java SE.  Kamber Decl. ¶ 10.

1    and Java SE 7, as well as making reference to copyright registrations for those later versions and
2    alleged further infringement of them.  *See* Kamber Decl. ¶ 4.  The portions of Dr. Schmidt's
3    report that Google challenges refer to certain testing purportedly conducted by Oracle personnel,
4    testing that is irrelevant if allegations of infringement of those versions of Java are not in the case.
5    *See* Kamber Decl. ¶ 5.  And the portions of Dr. Kemerer's report that Google seeks to strike
6    discuss the opinions of Mr. Zeidman and Dr. Schmidt on these issues, as well as containing
7    comparisons of later versions of Java that are not properly in this case with the earlier versions
8    that were the subject of the jury's verdict in the first case.  *See* Kamber Decl. ¶ 6.

9         Google therefore promptly sent a letter to Oracle requesting that Oracle withdraw the
10   allegations of infringement of Java SE 6 and Java SE 7.  *See* Kamber Decl. ¶ 7 (Jan. 14, 2016
11   from Paige to Hurst).  A week later, Google had received no response, and so followed up with a
12   request for Oracle's position, noting that it would be forced to draw the matter to the Court's
13   attention soon if no resolution was reached, given the impending deadline for rebuttal expert
14   reports.  *See* Kamber Decl. ¶ 8 (Jan. 21, 2016 follow-up email from Paige to counsel for Oracle).
15   The next day, Oracle sent a lengthy letter claiming that it had purportedly disclosed its desire to
16   accuse Google of infringement of Java SE 6 and Java SE 7 in discovery.  *See* Kamber Decl. ¶ 9
17   (Jan. 22, 2016 letter from Silverman to Paige).  It did not contest that the jury verdict being retried
18   here was on Java SE 1.4 and Java SE 5 alone, instead characterizing that fact as "irrelevant."  *Id.*
19   (Ex. 8 at 5).  Nor did Oracle square its current position with its statement during the July 30 Case
20   Management Conference that no new works were identified by the Supplemental Complaint.
21   Google therefore sought leave to file this motion.

22   **III.    ARGUMENT**

23        When the parties met to discuss the shape of this retrial with the Court, Oracle's counsel
24   unequivocally represented that "[n]o new work is identified in the proposed Supplemental
25   Complaint."  July 30, 2015 CMC Hr'g Tr. at 17:13-14.  On that basis alone, the Court can—and
26   should—grant Google's motion to strike Oracle's new allegations of infringement regarding Java
27   SE 6 and 7.
28        In its response to Google's précis letter, Oracle does not deny its representation that it was

5

GOOGLE INC.'S MOTION TO STRIKE PORTIONS OF ORACLE'S EXPERT REPORTS
Case No.  3:10-cv-03561 WHA

1017558.04

not seeking to add new works through the Supplemental Complaint. Instead, it suggests that it "did not know at the status conference discussing the Supplemental Complaint . . . that the new Android versions also infringe Java SE 6 and 7." ECF No. 1452 at 3. But the source code that Oracle accuses of infringement is publicly available and has been for years; Oracle could have determined that it wished to allege additional infringement of Java SE 6 and Java SE 7 years before the status conference. Moreover, if Oracle did in fact believe that it needed to allege additional infringement of Java SE 6 and Java SE 7, it should have let Google and the Court know that it was mistaken about the scope of the case, rather than claiming that it had made such allegations all along. Oracle's backpedaling cannot salvage its new allegations. For the reasons explained below, neither the Supplemental Complaint, nor the remand order, nor the discovery record in this case warrant adding Java SE 6 and Java SE 7 to the case at this late stage.

### A.     The Supplemental Complaint does not support Oracle's new allegations.

Oracle's response to Google's précis letter incorrectly contends that its Supplemental Complaint justifies adding Java SE 6 and 7 to this case. To that end, Oracle contends that it suffices that its "Supplemental Complaint alleges that 'Google has continued to infringe Oracle's *copyrights* in the Java platform.'" *Id.* at 2 (quoting Supplemental Complaint, ¶ 1; emphasis in Oracle's précis). On that basis alone, Oracle contends that there was sufficient notice to both Google and the Court that this case would encompass later versions of Java SE, including versions 6 and 7.

To the contrary, the Supplemental Complaint proves just the opposite. What the first paragraph of the Supplemental Complaint says in full is:

> From and after October 28, 2010, Google has continued to infringe Oracle's copyrights in the Java platform. Since then, Google has released six versions of Android:
>
> - Gingerbread (released Dec. 2010);
> - Honeycomb (released Feb. 2011);
> - Ice Cream Sandwich (released Oct. 2011);
> - Jelly Bean (released July 2012);
> - KitKat (released Oct. 2013); and

6
GOOGLE INC.'S MOTION TO STRIKE PORTIONS OF ORACLE'S EXPERT REPORTS
Case No.  3:10-cv-03561 WHA

1017558.04

- Lollipop (released Nov. 2014).

These six named Android releases comprise approximately 40 major and minor releases of Android.

ECF No. 1292, ¶ 1; *see also id.* ¶ 26 (identifying a new count for copyright infringement of only these specific releases).  As the context illustrates, what the Supplemental Complaint added to the case were later versions of *Android*—versions that came out after the jury's verdict in the first trial—not later versions of *Java SE*.  This is further reflected in the next paragraph of the Supplemental Complaint, which lists the same 37 Java API packages at issue in the first case, not additional Java SE APIs.  *Id.* ¶ 2.  Beyond that, the Supplemental Complaint also identified various extensions of Android that had developed in the interim, but not new versions of Java SE that had been released during that same time period.  *Id.* ¶¶ 4-10.  In short, *nowhere* does the Supplemental Complaint provide any hint of a desire to expand this case beyond Java SE 1.4 and 5.  Which explains why counsel for Oracle said as much at the Case Management Conference.

Similarly, in the related Notice of Motion and Unopposed Motion, Oracle narrowly described the Supplemental Complaint as adding only new versions of Android, not new versions of Java SE.  Specifically, Oracle explained that the operative 2010 complaint no longer reflected more recent events, "including Google's releases of numerous new infringing versions of Android."  ECF No. 1287 at 2:7.  The motion makes clear that the continued infringement complained of relates to intervening releases of Android:  "Since Oracle filed its Amended Complaint on October 27, 2010, Google has released six major versions of Android encompassing at least forty total releases."  *Id.* at 3:11-12.  Along those lines, it describes the Supplemental Complaint as, among other things, "(1) describ[ing] Google's recent Android releases;" and "(2) alleg[ing] that the recent Android releases infringe Oracle's copyrights in the same manner as the prior releases."  *Id.* at 4:5-6.  Importantly, the motion makes no suggestion that Oracle sought to add additional copyrighted works to the scope of the case.  If it had, Google would have objected, and the Court could have cut off any such improper expansion of the case from the beginning.

In short, Google and the Court had a clear expectation regarding what was—and was

not—within the scope of the case for re-trial based on the Supplemental Complaint.  Google would not have otherwise stipulated to its filing.

### B. Oracle's new infringement claims exceed the scope of the Federal Circuit's remand.

Setting aside the fact that Oracle's Supplemental Complaint did not add new copyrighted works to the scope of this case, the Federal Circuit's May 9, 2014 decision limits the scope of the re-trial.  Specifically, that decision reinstated the jury's infringement verdict that was directed to—as the jury instructions made clear—Java SE 1.4 and Java SE 5, and remanded for retrial only Google's defenses and related damages issues.  As such, the mandate does not encompass claims of infringement of additional copyrighted works (as opposed to further infringement by new versions of Android of the same works found to infringe at the first trial).

The Federal Circuit's remand was narrow and unambiguous, encompassing only a retrial of Google defenses and related damages issues that concern the copyrighted works found to be infringed in the first trial—Java SE 1.4 and Java SE 5.  Specifically, the Federal Circuit held that "[b]ecause the jury hung on fair use, we remand Google's fair use defense for further proceedings consistent with this opinion." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1381 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 2887 (2015).  No one appealed, and the Federal Circuit did not remand, issues related to the jury's infringement verdict. *Id*.  Oracle's attempt to expand the scope of this re-trial to include new infringement allegations regarding additional copyrighted works—*i.e.*, Java SE 6 and Java SE 7—is therefore improper. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002) ("There are two major limitations on the scope of a remand. First, any issue that could have been but was not raised on appeal is waived and thus not remanded. Second, any issue conclusively decided by this court on the first appeal is not remanded.") (internal citations and quotations omitted).

If permitted, Oracle's attempt to pursue additional findings on infringement of Java SE 6 and Java SE 7 in the context of this limited retrial would only sow confusion with the jury. Because the retrial is to be on questions such as Google's defense of fair use and damages, the jury will presumably be told to only consider the issues that remain in the case, such as whether Google's use of the 37 Java APIs constitutes a fair use.  Instructions on the elements of an

8

infringement claim would not be needed. If the jury is instead instructed that it must decide not only issues of fair use as to everything, but also issues of infringement on certain versions of Java SE, the jury would likely be confused—or, worse, adopt an adverse inference against Google.

At the time that the parties discussed the shape of the case to be tried with the Court, Oracle made repeated statements confirming that it understood the Federal Circuit's remand to be limited, and did not suggest that additional infringement proceedings were warranted. For example, Oracle stated in the parties' July 29, 2015 Supplemental Joint Statement: "The Federal Circuit held that Google 'copied' the 'declaring code and . . . structure, sequence, and organization of Oracle's 37 Java API packages,' both of which 'are entitled to copyright protection. . . . A new jury trial should determine (1) whether Google's ongoing copying of the 37 Java API packages and the SSO thereof is fair use, (2) whether Google's infringement is willful, and (3) the amount of monetary relief to which Oracle is entitled." (ECF No. 1276 at 1); *see also* July 30, 2015 CMC Hr'g Tr. at 6:3-13 (Counsel for Oracle: "I think, Your Honor, we'd be focusing on three questions. We'd be asking whether Google Corporation has met its burden on fair use. We'd be asking whether Oracle has met its burden on willfulness. And we'd be asking third question going to damages."). Notably, Oracle nowhere suggested that the jury would be asked to decide issues of infringement in this limited re-trial. To the contrary, Oracle's Unopposed Motion for Leave to file Supplemental Complaint reiterated that the only issues to be tried on remand were Google's fair use defense, remedies available to Oracle, and Google's other equitable defenses and willfulness, which the parties were separately addressing. (ECF No. 1287 at 3:8-9 & n.1.)

### C. Oracle's efforts to inject Java SE 6 and 7 into the case late in discovery cannot justify adding those new works to the case at this point.

In its response to Google's précis letter, Oracle pointed to the references it made in November to later versions of Java as justifying the addition of new infringement claims. But Oracle fails to explain that after Google first heard that Oracle sought to inject new copyrighted works into the case, Google immediately wrote to Oracle, registered an objection, and requested further clarity. Kamber Decl. ¶ 3 (Ex. 2 at 3). Even then, Oracle did not identify Java SE 6 and Java SE 7 as the subject of its new infringement allegations; and though it included a reference to

9

"newer versions of Java" buried in dozens of pages of discovery responses on November 12, the specific named works only surfaced a week later, at a hearing before the Court. Nov. 19, 2016 Hr'g Tr. at 8:7-15. Again, Google immediately objected and noted that it would move to strike any related allegations as beyond the scope of the re-trial. Kamber Decl. ¶ 3 (Ex. 2 at 1).

Oracle tries to turn this history on its head, arguing that Google "has long known that Oracle alleges the new Android versions infringe Java SE 6 and 7." ECF No. 1452 at 3. To the contrary, as demonstrated by the timeline above, Google only became aware of this theory in the final weeks of discovery. Furthermore, the suggestion that Google acceded to an expansion of the case by serving a related interrogatory is preposterous. *See id.* At the same time Google propounded its related interrogatory, it was objecting to Oracle's efforts to inject these new works into the case. But since it was the last day to serve discovery, Google wished to learn what it could about these improper new theories while fact discovery remained open. Indeed, the correspondence between the parties makes clear that, from the time it first heard of infringement allegations for new works, Google sought clarity as to the contours of those allegations and reserved all rights to move to strike them as improper. Kamber Decl. ¶ 3 (Ex. 2 at 1). Unfortunately, no clarity ever came—at least not until the expert reports that gave rise to this motion to strike.

In any event, even if Oracle were permitted to inject additional complexity into a straightforward retrial on issues other than infringement at this late date (and it should not be), the manner in which Oracle has hidden the ball by representing that it was not identifying any new copyrighted works for trial and then attempting to raise alleged additional infringement of new works at the end of discovery should not be countenanced.

**D.     Oracle waived its infringement claims as to at least Java SE 6.**

Finally, it should be noted that as to at least Java SE 6, Oracle's infringement claims should be deemed waived, at least for purposes of this case and the issues on remand. The copyright registration and source code for Java SE 6 were admitted into evidence at the original trial, yet Oracle elected not to pursue infringement of that copyrighted work as part of the charge to the jury, which included only Java SE 1.4 and Java SE 5.0. Moreover, Java SE 7 was released

1  in mid-2011, well before the first trial in this matter commenced.  Thus, Oracle cannot use the
2  excuse of the Federal Circuit's remand on separate and independent issues to raise new claims of
3  infringement that Oracle chose not to bring as part of the original trial.  *Magnesystems, Inc. v.*
4  *Nikken, Inc.*, 933 F. Supp. 944, 949-50 (C.D. Cal. 1996) ("an issue or factual argument waived at
5  the trial level . . . cannot be revived on remand. In essence, the party's waiver becomes the law of
6  the case."); *see also Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474,
7  481 (4th Cir. 2007) (holding that "under the mandate rule a remand proceeding is not the occasion
8  for raising new arguments or legal theories").

In its response to Google's précis letter, Oracle does not contest that it could have sought an infringement finding on Java SE 6 at the first trial.  Rather, it tries to avoid the obvious waiver problems by suggesting that its assertion of Java SE 6 applies only to *new* versions of Android. ECF No. 1452 at 1, 2.  In other words, Oracle concedes that it has waived its claims of infringement by Android versions prior to and including Froyo, but alleges that it can now assert Java SE 6 (and Java SE 7) against Android versions Gingerbread and after.  This logic cannot withstand the weight of the concessions of Oracle's counsel regarding the scope of the case, as well as the scope of the Federal Circuit's remand order.  Given the history of this case, as well as the existing scope of issues for re-trial, there is no justification for Oracle to add a claim of infringement that it chose not to bring in the first trial, despite having every opportunity to do so.

## IV.     CONCLUSION

For the foregoing reasons, Google respectfully requests that the portions of Oracle expert reports that seek to inject Java SE 6 and Java SE 7 into this case be stricken.

Dated: January 27, 2016                                      KEKER & VAN NEST LLP

By:   /s/ Robert A. Van Nest
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.