# EXHIBIT 2

**Raina M. Abaya**

---

| | |
|---|---|
| **From:** | Christa Anderson |
| **Sent:** | Tuesday, November 24, 2015 9:46 PM |
| **To:** | Hurst, Annette L.; Oracle/Google-OHS Only |
| **Cc:** | DALVIK-KVN |
| **Subject:** | RE: Oracle America Inc. v Google Inc. |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Dear Annette:

Thank you for your email.  We will not adopt the pejorative tone that you routinely apply to correspondence with us.  I will note that your correspondence is filled with erroneous statements, most of which are also irrelevant to the question at hand.  The question posed in my original email to you is whether Oracle will identify new allegedly infringing material purportedly being pursued by Oracle in this retrial beyond the alleged infringement of the sequence, structure and organization of the 37 Java APIs that were the subject of question 1 of the Special Verdict Form (Dkt 1089) (the "SSO"), and the method headers reflecting that SSO.  Oracle the plaintiff - not Google the defendant - has the burden of identifying what it plans to assert as allegedly infringed in this retrial.  It appeared from the statements in Oracle's Response to Court's Order re: Damages Studies that it may be seeking to expand the scope of this retrial beyond that permitted by the remand order and the operative complaint.   At the hearing last week, since I sent my original email, Oracle stated an intention to raise Java 6 and 7 as allegedly infringed works even though those are different copyrighted works never raised in the first trial, never included among those copyrighted works attached to any complaint, and never identified by Oracle in the Joint Case Management Conference Statement among the Principal Issues in Dispute for resolution during this trial.

We, therefore, reiterate our request that Oracle provide the requested information.  We reserve all rights to seek relief in connection with this issue, including but not limited to striking any testimony or materials that go beyond the proper the scope of this case.

Sincerely,
Christa

---

**Christa Anderson**
Attorney at Law

**Keker & Van Nest** LLP

415 676 2276 direct  |  vCard  |  canderson@kvn.com
633 Battery Street, San Francisco, CA 94111-1809  |  415 391 5400 main  |  kvn.com

---

**From:** Hurst, Annette L. [ahurst@orrick.com]
**Sent:** Wednesday, November 18, 2015 9:37 AM
**To:** Christa Anderson; Oracle/Google-OHS Only
**Cc:** DALVIK-KVN
**Subject:** RE: Oracle America Inc. v Google Inc.

Thanks, Christa.

I don't know what you mean by "new and unidentified theories of infringement."  As you know, Oracle filed and served a Supplemental Complaint charging all versions of Android including and since Gingerbread with copyright infringement, as well as anything related to or based on Android introduced in that period using

Oracle's copyrighted material such as Wearables, Internet of Things, payment processing and other features and services.  For purposes of the prima facie case laid out in the Supplemental Complaint, copyright infringement is all copying without authorization of any portion of the Java SE platform owned by Oracle, or which Oracle otherwise has a right to enforce, from the release of Gingerbread and forward.

Indeed, Google's engineers *know exactly what they copied.*  This is not a patent case where somebody adopted a system or method without being aware of a patent claim.  Google's engineers didn't copy code and structures from the Java public API (and, apparently, elsewhere in the platform) by accident.  They know exactly what they did and didn't do and have had extraordinary access to their own code base and development documentation and knowledge of their development activity at all times.  This game Google is playing of hide the ball and figure it out yourself, Oracle, is unseemly and not worthy of the Keker & Van Nest brand of trial lawyering, which prior to now I had always understood to be get everything all out on the table quickly and efficiently and then let's fight about what really matters in front of the jury.

*If you want to know what your client did, go ask it.*  And when you do, please supplement the interrogatory responses that we've asked trying to get at this information rather than having to figure it all out ourselves.

Oracle has had to spend hundreds of thousands of dollars doing code comparisons to glean information that was at all times within Google's control, and believe me we have every intention of seeking to shift those costs at the end of the case.  In the meanwhile, if you want to try this case by engaging in picayune discovery disputes, then so be it.  That is what we will do.  The details of such expert code comparisons will be provided at the time and in the manner required by the Court's deadlines and the FRCP.

Finally, let me say this.  In several pieces of correspondence and in our call yesterday, you have tried to portray the upcoming trial as a mere "retrial" of the original claims.  And, Google has repeatedly objected to having to supplement discovery on the grounds that it won't go back into the earlier period of time.  Yet you were the one who stood up before Judge Alsup at the first CMC and said that you wanted additional discovery on your defenses that would go into the pre-June 2011 period of time.  Most of the documents Google has produced to date have more to do with ancient history like Apache Harmony than anything that has happened in the five years since the filing of the first complaint.  We've had to fight tooth and nail to get the source code and financials from the past few years, while meanwhile Google has been spending its time digging into the origins of Java in the late 1990s.  Google is the one has designated witnesses like Urs Hoelzle—who literally has nothing to do with Android, and is apparently being offered for something to do with his time at Sun back in the Dark Ages.

As I explained yesterday, we are not going to stand by and watch this activity and then elect not to cross-examine.  Instead, we are going to vigorously pursue discovery designed to meet Google's new contentions.  Discovery is not a one-way ratchet where Google announces what it wants to inject into the case and then Oracle has to simply sit by and do nothing.

---

**From:** Christa Anderson [mailto:CAnderson@KVN.com]
**Sent:** Wednesday, November 18, 2015 6:41 AM
**To:** Hurst, Annette L. <ahurst@orrick.com>; Oracle/Google-OHS Only <Oracle/Google@orrick.com>
**Cc:** DALVIK-KVN <DALVIK-KVN@kvn.com>
**Subject:** RE: Oracle America Inc. v Google Inc.

Certainly - I should have specified that Oracle's statements regarding new and unidentified theories of infringement are in fact contained in the document served on November 9 along with (not within) Mr. Uriarte's sealing declaration, and that document is entitled "Oracle's Response to Court's Order re: Damages Studies [ECF 1349]".  Thanks, Christa

**Christa Anderson**
Attorney at Law

**Keker & Van Nest** LLP

415 676 2276 direct  |  vCard  |  canderson@kvn.com
633 Battery Street, San Francisco, CA 94111-1809  |  415 391 5400 main  |  kvn.com

---

**From:** Hurst, Annette L. [ahurst@orrick.com]
**Sent:** Monday, November 16, 2015 1:50 PM
**To:** Christa Anderson; Oracle/Google-OHS Only
**Cc:** DALVIK-KVN
**Subject:** RE: Oracle America Inc. v Google Inc.

Christa:

I've reviewed the text of the Uriarte Declaration regarding sealing and I'm mystified by your inquiry.  Can you elaborate?

Annette

---

**From:** Christa Anderson [mailto:CAnderson@KVN.com]
**Sent:** Monday, November 16, 2015 9:53 AM
**To:** Oracle/Google-OHS Only <Oracle/Google@orrick.com>
**Cc:** DALVIK-KVN <DALVIK-KVN@kvn.com>
**Subject:** Oracle America Inc. v Google Inc.

Dear Counsel:

We have reviewed the Declaration of Robert L. Uriarte in Support of Oracle's Administrative Motion to File Under Seal, filed by Oracle on or about November 9, 2015.  In that declaration, Oracle suggests that it is adding new and unidentified theories of infringement to this case, even though the scope of this case on remand is limited.  Please advise immediately if Oracle intends to seek to add to this case any theories of infringement beyond the alleged infringement of the sequence, structure and organization of the 37 Java APIs that were the subject of question 1 of the Special Verdict Form (Dkt 1089) (the "SSO"), and the method headers reflecting that SSO. Please also advise immediately as to any basis you contend exists for so expanding this case on retrial.

Regards,
Christa Anderson

---

**Christa Anderson**
Attorney at Law

**Keker & Van Nest** LLP

415 676 2276 direct  |  vCard  |  canderson@kvn.com
633 Battery Street, San Francisco, CA 94111-1809  |  415 391 5400 main  |  kvn.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*