# EXHIBIT 6

# KEKER & VAN NEST LLP

633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
kvn.com

**Eugene M. Paige**
(415) 676-2289
epaige@kvn.com

January 14, 2016

**VIA EMAIL**

Annette L. Hurst, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
*ahurst@orrick.com*

Re:   *Oracle America, Inc. v. Google Inc.*

Dear Annette:

In Oracle's expert reports served on January 8, 2016, Oracle purports to provide expert opinions and evidence on alleged copyright infringement by Google of Java SE 6 and Java SE 7. Such opinions are improper, and Google hereby requests that Oracle withdraw those opinions. Specifically, the materials that Oracle should withdraw are the following. In Dr. Kemerer's report: Paragraphs 47-50, 97, 110 (and table following that paragraph), 188, 208 and 218 as well as Appendix G. In Dr. Schmidt's report: Paragraphs 73 and 97-106. In Mr. Zeidman's report: Paragraphs 45, 73, 106, 120-125, and 146 as well as Exhibits B, V and W.

In its amended complaint (filed on October 27, 2010), Oracle alleged that Google had infringed its copyrights, and attached the copyrights at issue to the complaint (the copyrights for Java SE 1.4 and Java SE 5). Thereafter, the parties took discovery on the alleged infringement of those copyrights, and the trial focused on facts and expert opinions related to Java SE 1.4 and Java SE 5.

On April 26, 2012, Judge Alsup gave notice of the proposed jury charge to be given. In that charge, he noted that "Oracle claims Google has infringed its copyrights in two registered works, namely, 'Java Standard Edition, Version 1.4' (TX 464) and 'Java 2 Standard Edition, Version 5.0' (TX 475)." ECF 994 at 11. Oracle did not object to Judge Alsup's instruction defining the scope of the infringement case that had been tried. Those instructions were subsequently read to the jury, *see* RT 2592:1-7, and the jury deliberated on that basis.

Following its reversal of Judge Alsup's ruling on copyrightability, the Federal Circuit remanded for further proceedings on the question of fair use. Oracle acknowledged that fact at the first

Case Management Conference after the case returned to the trial court, saying that the questions to be resolved at the retrial were fair use, willfulness, and damages. July 30, 2015 Tr. at 6:3-13.

Oracle's supplemental complaint did not expand this litigation to include new copyrighted works. Rather, Oracle filed a supplemental complaint seeking only to place at issue further alleged infringements of those works that had already been found to be infringed -- that is, new Google products. Indeed, Oracle specifically represented to Judge Alsup that "[n]o new work is identified in the proposed Supplemental Complaint." *Id.* at 17:13-14.

The only works that have been found to be infringed, and the only works with respect to which the defense of fair use is now at issue, are Java SE 1.4 and Java SE 5. Yet the portions of Oracle's expert reports listed above raise new and expanded allegations of infringement relating to different works: Java SE 6 and Java SE 7. Although Google stands ready to (and has offered repeatedly to) stipulate to facts relating to the continued use of the 37 Java API packages-at-issue in new versions of Android, it cannot agree to expand this case to cover different versions of Java SE that were not at issue in the first trial and have not been -- and could not properly be -- put at issue in this retrial. Accordingly, we ask that Oracle withdraw the above-identified portions of its expert reports. If Oracle will not agree to do so, Google will seek leave to file a motion to strike those opinions.

We are continuing to evaluate the reports that Oracle served on January 8, and therefore reserve the right to request that additional material be withdrawn from those reports after further review.

Sincerely,

Eugene M. Paige

EMP:daf