# EXHIBIT 8



ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel  +1-212-506-5000
fax +1-212-506-5151
WWW.ORRICK.COM

Andrew Silverman
(212) 506-3727
asilverman@orrick.com

January 22, 2016

**VIA EMAIL**

Eugene M. Paige
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA   94111-1809

      Re:    *Oracle Am., Inc. v. Google Inc.*

Dear Mr. Paige:

      As I said in my email yesterday, Oracle is working on a proposed stipulation to address numerous issues raised by the parties, including your inquiry here regarding the status of Oracle's evaluation of your demand to withdraw aspects of the infringement case under the Supplemental Complaint. Nevertheless, since Google seems intent on proceeding with a precis today (which, as we have explained, is no longer permitted nor required under the Second Case Management Order) and without waiting for the stipulation from Oracle that will address this issue and others, we respond in substance now.

      Google demands that Oracle withdraw certain aspects of its expert reports addressing infringement by Google of Java SE 6.0 and 7.0. Oracle does not agree that "portions of Oracle's expert reports … raise new and expanded allegations of infringement" with regard to versions of the Java platform that are not in the case. They are in the case; they are encompassed by Oracle's Supplemental Complaint, both parties proceeded in discovery on claims of copyright infringement of Java SE 6.0 and 7.0, and Google's own discovery requests put them squarely in the case. Accordingly, Oracle will not agree to withdraw the portions of the expert reports specified in your letter.

      Oracle's Supplemental Complaint alleges that "Google has *continued* to infringe Oracle's *copyrights* in the Java platform." ECF No. 1292 ¶ 1 (emphasis added); *accord* ¶¶ 25, 27, 29, 31, & Prayer for Relief. This was more than adequate to put Google on notice. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1006



January 22, 2016
Page 2

(9th Cir. 2014) ("[A] plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claims against a defendant. The exact contours of those claims—the facts that will ultimately be alleged and the final scope of relief that will be sought—can and should be sorted out through later discovery"). As the Northern District of California has made clear, a party is not required to "identify the specific copyrights ... [the plaintiff] alleges were copied" in its pleadings. *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, No. 5:14-cv-01409-EJD, 2015 U.S. Dist. LEXIS 63610, at *8 (N.D. Cal. May 13, 2015). It is "sufficient[]" to provide "illustrative registration numbers," *id.* at 9, which Oracle did in the First Amended Complaint, ECF No. 36 ¶¶ 11, 40 & Ex. H, and further identified the registrations at issue during the prior period of discovery and trial. Oracle has produced to Google copyright registrations for Java SE 6.0 and 7.0. OAGOOGLE0500008808-11; OAGOOGLE3000000496-523. The registration for SE 7.0 was produced immediately after it issued.

After the Supplemental Complaint was filed, Oracle repeatedly referenced Google's copying of new versions of the Java platform before the Court. For example, Oracle's Response to the Court's Order re Damage Studies, filed on November 9, 2015, stated:

> Although Oracle has not yet completed its code analysis of all subsequently released versions of Android and provided the relevant expert reports, it currently believes that the evidence at the upcoming trial will show as follows: ...
>
> In Android releases from Gingerbread through KitKat, Google included *additional* material in the 37 Java API packages from *later versions of the Java SE platform*;
>
> In Android Lollipop (released on or about November 12, 2014), Google again included *additional* material in the 37 Java API packages that came from *other releases of the Java SE platform* ....

ECF No. 1364 at 1:13-23 (emphasis altered). Google did not move to strike Oracle's statement; Google instead inquired about Oracle's position and then (as discussed below) served a discovery request on the topic.

Ten days later, at the November 19, 2015 hearing before Judge Alsup, Oracle specifically referred to Google's infringement of Java SE 6.0 and 7.0 by the new versions of Android accused in the Supplemental Complaint. Oracle explained to Judge Alsup:



> And we're finding out, now, that Google didn't only copy just once, but that they're *continuing to copy as new versions of Java come out*. So Java 5 was at issue in the first trial. *When Java 6 comes out, we're finding parts of Java 6 are matching in new versions of Android*. And then *when Java 7 comes out with new features, Google is copying those features into its newer version of Android* then.

Hr'g Tr. (Nov. 19, 2015) at 8:7-15 (emphasis added). Google appeared at that hearing and made no objection. *See generally id.*

**Both** parties proceeded in discovery on claims of copyright infringement of Java SE 6.0 and 7.0, also thereby putting at issue Google's infringement of newer versions of the Java platform. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07–1827 SI, 2012 WL 6708866, at *4 (N.D. Cal. Dec. 26, 2012) (permitting vertical-conspiracy claim even though co-conspirators were not mentioned in the complaint because they were disclosed in discovery and the defendant took discovery related to them); *see also Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 569 (2d Cir. 2000) (examination of claim in discovery properly placed merits of claim before the district court on summary judgment). In particular, on November 12, 2015, in response to Google's interrogatory asking Oracle to "[s]tate in detail the factual bases for your contention that Google's use of any aspect of the APIs-at-Issue does not constitute a 'fair use,'" Oracle responded, in relevant part: "Google's use has continued over time, even after the initiation of this lawsuit and after the Federal Circuit's opinion, to selectively take and use more of Oracle's copyrighted material from the Java API packages and from *new versions of Java* ...." Oracle's First Suppl. Resp. & Obj. to Google's 6th Set of Interrogs., No. 23 (emphasis added).

Google did not move to strike but rather, four days later, propounded its *own* interrogatory asking about copying of the newer versions of Java, thereby putting the matter squarely at issue in the case: "Identify all facts relating to your contention in response to Google's Interrogatory No. 23 that 'Google's use has continued over time, even after the initiation of this lawsuit and after the Federal Circuit's opinion, to selectively take and use more of Oracle's copyrighted material from the Java API Packages and from newer versions of Java." Google's 8th Set of Interrogs., No. 38 (served Nov. 16, 2015); *TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 6708866, at *4 (permitting claim, in part, because of defendant's affirmative discovery). In response, Oracle specifically stated that its "copyright infringement claim applies to all versions of Oracle's Java API specifications and implementations ..., which include ... Java SE 6 [and] Java SE 7." Oracle's Resp. & Obj. To Google's 8th Set of Interrogs., No. 38 (served Dec. 16, 2015).



The record is clear that Google was properly put on notice by the Supplemental Complaint and has known for months that Oracle alleges that the versions of Android since Froyo infringe later versions of the Java platform, including Java SE 6.0 and 7.0. And both parties have proceeded in discovery on claims of copyright infringement on Java SE 6.0 and 7.0.

Google cannot claim to be surprised or somehow prejudiced that Oracle has discovered and accused Google's infringement of these newer versions of the Java platform. Google has always been in exclusive possession of the information necessary to determine the source of its source code and what exactly it took from Sun and later Oracle. During discovery, Oracle learned the details of Google's new copying in new versions of the Java platform, and confirmed those details in its discovery responses, in court filings, and in open court.

Indeed, if there was any delay in identifying the detailed specifics of Google's many infringements, it is Google who is to blame. On August 21, 2015, Oracle propounded interrogatories asking: "For each VERSION of ANDROID developed or released by GOOGLE since October 27, 2010, identify all ANDROID code that contains or replicates code from the 37 JAVA API PACKAGES, including any declaring code or any code contained in the JAVA PLATFORM." Oracle's Interrogs. to Google, Set Five, No. 26; *id.* at No. 28 (same as to structure, sequence, and organization); *see also id.* at Nos. 27, 29 (asking Google to identify "all code" in "any software developed or released by GOOGLE since October 27, 2010" or "derived from ANDROID since October 27, 2010" "that contains or replicates code from the 37 JAVA API PACKAGES" or "the SSO of the 37 JAVA API PACKAGES."). For nearly four months, Google responded that it "will produce or otherwise identify relevant, non-privileged documents or code repositories from which information responsive to this Interrogatory can be derived." Google's Resp. & Obj. to Oracle's Interrogs., Set Five, Nos. 26-29, Sept. 21, 2015; Google's Second Suppl. Resp. & Obj. to Oracle's Interrogs., Set Five, Nos. 26-29, Nov. 12, 2015. Finally, on the last day of discovery, 115 days after Oracle first propounded the interrogatory, Google supplemented its responses, referring Oracle to source code depositories and a hard drive that Google produced that contains "all versions of Android publicly released." Google's Third Suppl. Resp. & Obj. to Oracle's Interrogs., Set Five, No. 26; *accord id.* Nos. 27-29 (incorporating response to No. 26).

Google never *properly* responded to Oracle's interrogatory. It is not useful to answer an interrogatory with reference to a giant source code production and say "go find it yourself." Oracle spent significant sums on expert analysis to make up for this deficiency, and produced the details of Google's copying as required by the Court's deadlines.


ORRICK

January 22, 2016
Page 5

Your references to the jury's infringement verdict in the first trial, the Court's jury instructions regarding Google's infringement of J2SE 1.4 and 5.0 by Froyo and earlier versions of Android, and the Federal Circuit's decision are all irrelevant. Oracle supplemented its complaint and has done nothing to go behind the earlier findings of infringement confirmed by the Federal Circuit. Oracle's expert reports show how versions of Android that came *after* Froyo infringe Java SE 6.0 and 7.0.

Finally, Google's request that Oracle withdraw the portions of the report you identify is improperly overbroad, even if Oracle accepted your analysis, which it does not. The paragraphs of the reports you identify are not limited to allegations of Google's copying or infringement of Java SE 6.0 and 7.0; many of these paragraph either say nothing about Google's infringement of Java SE 6.0 and 7.0 or address multiple additional topics:

- None of the paragraphs you identify in Dr. Schmidt's report opine on Google's infringement of Java SE 6.0 or 7.0.

- Paragraphs 97, 110 (and the accompanying figure), 188, and 218 and Appendix G of Dr. Kemerer's report say nothing about Google's infringement of Java SE 6.0 or 7.0, and paragraph 208 discusses Google's infringement of J2SE 5.0 as well as Java SE 6.0 and 7.0.

- Paragraph 73 and Exhibit B of Dr. Zeidman's report say nothing about Google's infringement of Java SE 6.0 or 7.0, and paragraphs 106 and 120 discuss numerous topics beyond Google's infringement of Java SE 6.0 and 7.0.

Accordingly, Oracle will not withdraw the portions of its expert reports that you identified and will oppose any motion by Google to strike all or part of any of Oracle's expert reports.

Very truly yours,

*Andrew Silverman* (signature)

Andrew Silverman