# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
www.kslaw.com

January 27, 2016

| | |
|---|---|
| The Honorable William Alsup | The Honorable Donna M. Ryu |
| United States District Court Judge | United States Magistrate Judge |
| Courtroom 8, 19th Floor | Courtroom 4, 3rd Floor |
| 450 Golden Gate Avenue | 1301 Clay Street |
| San Francisco, CA 94102 | Oakland, CA 94612 |

Re: Oracle America, Inc. v. Google Inc., No. 3:10-cv-03561-WHA

Dear Judge Alsup and Magistrate Judge Ryu:

In accordance with the Court's précis letter / motions procedures, Google respectfully requests permission to file a motion for a finding of civil contempt and the imposition of sanctions against Oracle and its outside counsel for (1) violations of this Court's Protective Order and (2) their refusal to remedy the violations. Google believes that this motion requires submission of a précis letter to Judge Alsup. However, because the motion concerns an issue that arose during a hearing before Magistrate Judge Ryu, Google respectfully submits this letter jointly to both of Your Honors in the event the Court believes the motion should be considered by Magistrate Judge Ryu.

The purpose of a protective order is to assure that sensitive, highly confidential information produced in discovery does not end up headline news. Absent this protection, "discovery disputes would proliferate, as parties struggled desperately to withhold confidential information from potentially ruinous disclosure whenever possible." *See, e.g., Beam Sys. v. Checkpoint Sys.*, 1997 U.S. Dist. LEXIS 8812, at *6-7 (C.D. Cal. Feb. 6, 1997). The presumption of adherence to the Protective Order entered in 2010 (Dkt. 66) has served this critical purpose in this action, facilitating production of highly sensitive party and non-party confidential information under an Order that

requires that such information not be made public.  Notwithstanding the clear provisions of the Protective Order, Oracle's counsel Annette Hurst recently disclosed in open court self-serving representations of sensitive confidential financial information of both Google and third-party Apple Inc., as well as extremely confidential internal Google financial information.  Dkt. 1442-1 ¶ 9.  Since Ms. Hurst's improper disclosure, Oracle and its counsel have neither sought to remedy the violation nor acknowledged their wrongdoing, and instead have refused to take responsibility for the violation and claimed it was inconsequential because Oracle hopes to use the information at trial.  Dkt. 1442, 1442-1.  Within days of this disclosure, and following Oracle's failure to take remedial action, this sensitive information became headline news for major news outlets.

Oracle's disclosure and its subsequent actions reveal a profound disregard for this Court's Protective Order.  Google and third parties have been harmed by this disclosure and are at risk of further harm from future improper disclosures.

This Court's Protective Order ensures that information designated as Protected Material may not be disclosed to the public or the media, requires the parties to give notice of any anticipated use of Protected Material, and imposes on the parties a duty to promptly use their "best efforts" to address and attempt to cure any unauthorized disclosures.  Dkt. 66 ¶¶ 7.1-7.3, 5.2(b), 12.  The highly confidential information produced by Google under the Protective Order includes deposition testimony reflecting the financial terms of Google's agreements with third parties and information related to Google's internal financial reports.  This is extremely sensitive and confidential financial information; it has never been publicly disclosed because such disclosure would pose a serious risk of competitive harm.  Dkt. 1439 ¶ 3-4; Dkt. 1440-1 ¶¶ 2-4.

On January 14, 2016, Judge Ryu held a hearing on Oracle's demand that Google produce additional discovery regarding its agreements with third parties.  Dkt. 1428.  Oracle gave no advance

notice that it might refer to the above-described confidential information, nor did Oracle's papers mention it.  During argument, however, Ms. Hurst gratuitously made her unauthorized disclosure.  Jan. 14 Tr. 4, 6, 29.  Despite repeated requests by Google, Oracle has taken no steps to remedy this disclosure, and has instead compounded its violation by disingenuously claiming the information was already public and/or would ultimately become public at trial.  Dkt. 1442.

The severe potential consequences of public disclosure quickly became reality, particularly given the surprising nature of the disclosure.  On January 21, Bloomberg News published an article recounting what Ms. Hurst had said at the hearing.  That article opened the floodgates to further stories, including one noting that—thanks to Ms. Hurst—the press finally could report on confidential information that had heretofore been only a subject of speculation.

Ms. Hurst's disclosure, and Oracle's and its counsel's refusal to remedy that violation, warrant a finding of civil contempt and the imposition of sanctions.  *See, e.g., Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989); *Harmston v. City & Cty. of San Francisco*, 2007 WL 3306526 (N.D. Cal. 2007); *Systemic Formulas Inc. v. Kim,* 2009 U.S. Dist. LEXIS 119502 (N.D. Utah 2009); *Beam Sys.*, *supra*, 1997 U.S. Dist. LEXIS 8812.

Accordingly, Google respectfully requests permission to file a motion for a finding of contempt and the imposition of sanctions, including but not limited to: an Order precluding further access by Ms. Hurst to Google and third-party confidential information; an Order requiring all of Oracle's counsel to sign undertakings under the Protective Order, reinforcing the importance of the Order; an award of Google's attorneys' fees and costs necessitated by Oracle's and its counsel's violations of the Protective Order; and such other relief as the Court deems appropriate.

                                            KING & SPALDING LLP
                                            /s/  Bruce W. Baber
                                            Counsel for Defendant Google Inc.

NOTE REGARDING SIGNATURE:

-4-

King & Spalding LLP, counsel of record for Google, is submitting this letter on Google's behalf rather than Keker & Van Nest LLP because a portion of the relief sought by Google concerns the firm of Orrick, Herrington & Sutcliffe, which has been a client of Keker & Van Nest LLP in the past.