

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA  94105-2669

tel  +1-415-773-5700
fax  +1-415-773-5759
WWW.ORRICK.COM

January 29, 2016

The Honorable William H. Alsup
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA
      Précis Regarding Motion for Summary Judgment on Google's Equitable Defenses

Dear Judge Alsup,

This Court previously deferred consideration of Google's equitable defenses until the parties had an opportunity to gather "new evidence [that] may possibly bear on the issues of equitable estoppel and laches." ECF No. 1277 at 2. Fact discovery has closed, and, if anything, the new evidence only further disproves these defenses. Because resolving these defenses does not require expert discovery, Oracle requests permission to file a motion for summary judgment on Google's only remaining equitable defenses: laches and equitable estoppel, *see* July 30, 2015 Hr'g Tr. at 21-22 (Google agreeing only remaining equitable defenses are laches and equitable estoppel). As to each, there exists no genuine dispute of material fact, and Oracle is entitled to judgment as a matter of law. When that standard is met, summary judgment "shall" be granted. Fed. R. Civ. P. 56(a). Oracle stands ready to file its motion, which Oracle believes will narrow issues and streamline matters for the final pretrial conference and trial. Nevertheless, if the Court prefers, Oracle is amenable to setting a schedule for all dispositive motions, with either an early cutoff date for motions that do not require expert discovery or a single cutoff date for all dispositive motions. Finally, Oracle hereby advises the Court that it expects to seek permission to file for summary judgment on matters involving expert discovery at a later date.

**Laches.**  Laches may apply only if the plaintiff delays for such an unreasonable length of time that it causes the defendant prejudice. *Petrella v. MGM, Inc.*, 134 S. Ct. 1962, 1967 (2014). Google cannot satisfy any of these elements. First, Oracle did not delay. "To the extent that an

infringement suit seeks relief solely for conduct occurring within the [three-year Copyright Act] limitations period ... courts are not at liberty to jettison Congress' judgment on the timeliness of suit." *Id.* It is undisputed that Oracle brought suit "within three years of the first time that the APIs and the code in Android were made available to the public." ECF 1079 (Google's Resp. to Oracle's Prop. Findings & Conc. of Law) ¶ 187. Until Google released its code and started distributing Android commercially, Sun could not have known that Google would infringe by copying its work without taking a commercial license. At a minimum, bringing the suit within the limitations period creates "a strong presumption" against laches. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006).

Google also cannot demonstrate unreasonable delay or prejudice. It is undisputed that up until the time Oracle filed its complaint, it continued to negotiate with Google to convince it to take a license. *See e.g.*, ECF No. 1079 (Google Resp. to Oracle's Prop. Findings & Conc. of Law) ¶ 99 (Leo Cizek from Sun "tried to sell Google a license for Android."). And, Google itself caused delay by attempting to conceal its infringement. Google's documents show it instructed its personnel: "[D]ont [sic] demonstrate to any [S]un employees or lawyers." TX 29.

Additionally, any supposed delay had no effect on Google's behavior. As Google's documents demonstrate, Google decided in 2006: "[W]e are building a Java based system: that decision is *final*." TX 23 at 1 (emphasis added). Google made that "final" decision knowing that the Java "apis are copyrighted," TX 18, and that Sun "won't be happy when we release our stuff," TX 207. An earlier suit would not have affected Google's conduct. In fact, Oracle commencing this lawsuit did not stop Google at all. As Google admits, the new Android versions continue to copy the Java platform. On the undisputed record, Oracle is entitled to summary judgment on laches.

**Estoppel.** Google's equitable estoppel defense fails for similar reasons. Google must prove (1) Oracle knew of Google's infringement, (2) Oracle took steps intended to convey that it assented to the infringement, (3) Google was ignorant of Oracle's objection, and (4) Google relied on Oracle's statements and conduct to Google's detriment. *Hampton v. Paramount*

*Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960).

Google's estoppel defense fails because there is no contemporaneous evidence showing that it actually relied on any supposed assent by Sun or Oracle. Google's argument is entirely ex post-facto lawyer-based rationales, unsupported by any evidence. The undisputed facts prove that Google did not rely on any purported assent. Google's own documents show that it knew all along that it needed a license. *See, e.g.*, TX 1 at 9 (2005: "Must take a license from Sun."); TX 207 (2007: Sun "won't be happy when we release our stuff"); TX 10 (2010: "[W]e need to negotiate a license for Java …."). But Google had already decided for business reasons that it was going to use the Java platform with or without Oracle's permission because copying satisfied Google's most critical objective: getting Android to market ASAP.

Google's conduct belies any notion that it believed it had permission to copy anything from the Java platform. As discussed, Google instructed its personnel not to show Android to any Sun lawyers and to hide evidence of its infringement. That is not the act of a company that believes it had permission to copy. *Tolliver v. McCants*, 684 F. Supp. 2d 343, 350 (S.D.N.Y. 2010) (granting summary judgment in part because "conduct by Defendant … is totally inconsistent with any reliance on Plaintiff's alleged acquiescence"). The supposed assent Google primarily relies on was a November 5, 2007 blog post. But Google recently admitted in discovery that it had already "decided" to copy from the Java platform "before" "November 5, 2007." Google's Suppl. Resp. To Oracle's Req. For Admission, Nos. 275-76. And, Google's "privilege log confirms that [it] anticipated the possibility of litigation." *In re Katz Interactive Call Processing Patent Litig.*, 2009 WL 8635161, at *21 (C.D. Cal. May 1, 2009). Google refused to produce documents from the period before Android was announced in 2007 right up until the time of the litigation. The descriptions of the documents withheld indicate that some of the documents contemplate an infringement suit by Sun. Moreover, many of the documents were withheld on claims of work product, which applies only to documents "prepared in anticipation of litigation or for trial." *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004).

Accordingly, Oracle is entitled to summary judgment on laches and equitable estoppel.

Hon. William Alsup
January 29, 2016
Page 4

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Annette L. Hurst*

Annette L. Hurst
Counsel for Plaintiff Oracle America, Inc.