KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>             Plaintiffs,<br><br>        v.<br><br>GOOGLE INC.,<br><br>             Defendant. | Case No.  3:10-cv-03561 WHA (DMR)<br><br>**GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION**<br><br>Dept.      Courtroom 4, 3rd Floor (Oakland)<br>Judge:     Hon. Donna M. Ryu<br>Date:      March 8, 2016<br>Time:      11:00 a.m. |

GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER DENYING SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION
Case No.  3:10-cv-03561 WHA (DMR)

1023269.01

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 8, 2016 at 11:00 a.m., or as soon as the matter may be heard by the Honorable Donna M. Ryu in Courtroom 4, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, Google Inc. ("Google") shall and hereby does move the Court to reconsider the Court's Order [Dkt. No. 1434] denying sealing of information confidential to both Google and Apple contained in the January 14, 2016 hearing transcript on a discovery matter.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Maya Karwande in Support of Google's Motion for Reconsideration of the Court's Order Denying Sealing of Confidential Google-Apple Information ("Karwande Decl."), the Declaration of Renny Hwang in Support of Google's Motion for Reconsideration of the Court's Order Denying Sealing of Confidential Google-Apple Information ("Hwang Decl."); the Declaration of Leslie Fithian [Dkt. No. 1439]; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Google respectfully seeks an order sealing and redacting the portion of the January 14, 2016 discovery hearing containing information designated "HIGHLY-CONFIDENTIAL-ATTORNEYS' EYES ONLY" relating to information that is confidential to both Google and Apple: page 29, lines 24-25.  Oracle Inc. ("Oracle") has stated previously that it "takes no position" on the relief Google requests.  Dkt. No. 1442 at 1.

GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER DENYING SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION
Case No.  3:10-cv-03561 WHA (DMR)

1023269.01

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Google respectfully requests that the Court reconsider its Order [Dkt. No. 1434] denying Google's request to redact and seal two lines of the January 14, 2016 discovery hearing transcript that reference highly confidential financial information concerning an agreement between Google and non-party Apple Inc. ("Apple"), and which specific information was improperly and unnecessarily disclosed by Oracle's counsel without providing advance notice to Google. Because Google orally moved on-the-spot at the January 14 hearing, in response to information that Oracle unexpectedly and improperly disclosed during the hearing in violation of the Protective Order governing this case, the Court did not have the benefit of a written motion from Google setting forth the reasons why the information sought to be sealed warrants sealing. Nor did the Court have the benefit of a declaration from Apple or Google explaining how public disclosure of the information could harm them. Both Apple and Google have since submitted declarations in support of Google's motion to seal, and, accordingly, Google requests the Court reconsider its ruling on a complete record and grant Google's sealing and redaction request. The Court has granted Google leave to file this motion for reconsideration. [Dkt. No. 1450.][1]

**II.     STATEMENT OF FACTS**

At the January 14, 2016 hearing on Oracle's Motion to Compel [Dkt. No. 1404], Oracle's counsel gratuitously revealed sensitive financial information derived from deposition testimony that Google has designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Stipulated Protective Order [Dkt. No. 66]. Specifically, Oracle's counsel disclosed her representations of confidential testimony regarding financial terms of a highly confidential and sensitive agreement between Google and non-party Apple. January 14, 2016 Tr. at 29:24-25.

---

[1] On January 20, 2016, Google filed a combined Administrative Motion for Leave to File a Motion for Reconsideration and Administrative Motion to Redact and Seal Additional Google Financial Information. [Dkt. No. 1438.] The Clerk's Office advised Google it should file two separate motions. Accordingly, on January 21, 2016, Google submitted a Motion for Leave to File a Motion for Reconsideration, [Dkt. No. 1440], which the Court granted [Dkt. No. 1450]. Google also filed a separate motion seeking to seal another portion of the January 14, 2016 transcript that discloses Google-specific confidential information unrelated to the Apple agreement. [Dkt. No. 1441.]

1
GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER DENYING SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION
Case No.  3:10-cv-03561 WHA (DMR)

1023269.01

1   Although the Protective Order requires that "[p]arties shall give the other parties notice if they
2   reasonably expect a deposition, hearing or other proceeding to include Protected Material," [Dkt.
3   No. 66 ¶ 5.2(b)], Oracle provided no notice to Google that it intended to disclose this information
4   at the January 14 hearing.  Karwande Decl. ¶ 2.  Thus, Google was not able to take any steps in
5   advance of the hearing to prevent the public disclosure of this highly confidential information.

6   Instead, Google's counsel was forced to orally request at the hearing that the portion of
7   the transcript including the specific financial information related to Apple be sealed because it
8   was highly confidential.  January 14, 2016 Tr. at 30:2-31:4.  Google intended to renew its oral
9   request by submitting a written motion to seal setting forth further details about why the
10  information warranted sealing; to that end, Google wrote to Oracle's counsel asking Oracle to
11  join in Google's written motion to seal.  Karwande Decl. ¶ 5.  Oracle did not directly respond to
12  this letter and, in the meantime, the Court denied Google's oral request to seal in its January 19
13  Order re New Submission ("Order").  [Dkt. No. 1434 at 2.]  Only after Google filed a Motion for
14  Reconsideration did Oracle finally advise Google, through its filing with the Court, that it "takes
15  no position on the relief requested."  [Dkt. No. 1442 at 1]; Karwande Decl. ¶ 5.

16  This sensitive and confidential information is subject to a non-disclosure agreement and
17  has never been publicly disclosed.  Hwang Decl. ¶ 3.  For Google, disclosure of the information
18  "could severely and adversely impact Google's ability to negotiate, among other things, similar
19  terms with other third parties in connection with similar agreements now or in the future."
20  Hwang Decl. ¶ 3.

21  Moreover, Apple also considers this information highly confidential.  After the Court
22  denied Google's oral motion to seal, Apple submitted a declaration from Leslie Fithian, Senior
23  Director of the Software Products Legal Team at Apple, explaining the confidential nature of the
24  agreement.  [Dkt. No. 1439 ("Fithian Decl.").]  As stated in the Fithian Declaration, Apple
25  considers this information confidential and commercially sensitive, and disclosing this
26  information to the public would pose a serious risk of competitive harm to Apple.  *Id.* at ¶¶ 4-6.

27  Oracle's failure to respect the protocols mandated by the Protective Order—*i.e.*, giving
28  advance notice of an intention to disclose highly confidential material in a public hearing and

2
GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER DENYING SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION
Case No.  3:10-cv-03561 WHA (DMR)

1023269.01

making best efforts to remedy any such unauthorized disclosure—has resulted in precisely the harm that the Protective Order is intended to prevent. Specifically, Oracle's improper disclosure has resulted in public press reports of Oracle's counsel's representations of this confidential information.[2]

### III. ARGUMENT

Reconsideration is warranted when, as happened here, the Court did not have all relevant information at the time it rendered its decision. *See* N.D. Cal. Civ. L.R. 7-9(b)(1); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Although Google worked diligently to bring this matter to the Court's attention before the January 14 hearing transcript became public, the Court did not have an opportunity to consider either a written motion or declarations from Google or Apple when it denied Google's motion to seal. Reconsideration of a denial of a motion to seal is appropriate when the Court is presented with further briefing and affidavits demonstrating that the confidential information at issue should be sealed. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 694745, at *1-2 (N.D. Cal. Mar. 1, 2012) (granting motion for reconsideration of denial of sealing motion after further submissions demonstrated information was trade secret).

Where a party seeks to seal confidential information in connection with a non-dispositive discovery motion, a "'good cause' showing under Rule 26(c) will suffice" to seal the information. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (distinguishing between the "good-cause" standard for sealing information in connection with a discovery dispute from the "compelling reason" standard applicable to sealing information in connection with pretrial or trial proceedings); *see also* Fed. R. Civ. P. 26(c) (stating that if "good cause" is shown in discovery, a district court may issue any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

---

[2] *See, e.g.,* http://www.bloomberg.com/news/articles/2016-01-22/google-paid-apple-1-billion-to-keep-search-bar-on-iphone; http://www.cbsnews.com/news/google-paid-apple-1-billion-for-iphone-deal-report-says/; http://www.techtimes.com/articles/127122/20160123/court-records-reveal-1-billon-google-search-deal-with-apple-good-deal-or-bad-deal.htm.

3
GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER DENYING SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION
Case No.  3:10-cv-03561 WHA (DMR)

1023269.01

expense"). This distinction exists because information and records referenced in connection with a non-dispositive motion are often "unrelated or only tangentially related, to the underlying cause of action," and thus the public interest in accessing the information is low. *Kamakana*, 447 F.3d at 1179-89. In this instance, not only was the information disclosed during a non-dispositive dispute, but the specific disclosures were gratuitous and not pertinent to the resolution of the discovery dispute that was the subject of the January 14, 2016 hearing. The information did not affect the outcome of Oracle's motion to compel, and there was no reason for Oracle's counsel to disclose it. The lack of any connection between the information disclosed and the underlying cause of action, combined with the serious risk of competitive harm to both Google and non-party Apple establishes good cause to seal and redact this information from the transcript.

Moreover, this information meets the higher, "compelling reason" standard applicable to sealing pre-trial and trial proceedings. *See Kamakana*, 447 F.3d at 1179; N.D. Cal. Civ. L.R. 79-5(a). There is a compelling justification to seal because disclosure of this "business information . . . might harm [Google's and Apple's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In addition, this information constitutes a trade secret. *See Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (district court abused discretion by not sealing portions of documents containing sensitive financial information)*; In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (granting writ of mandamus and directing district court to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of licensing agreement because terms were trade secrets).

Indeed, the Court has previously granted motions to seal similar information. Specifically the Court has ordered sealing of "non-public information about licensing agreements with third parties, which [is] protected by confidentiality clauses with those third parties." [Dkt. No. 687 at 2; Dkt. No. 583.] Thus, this information warrants sealing under the standard set forth in the Court's orders, a "good cause" standard, and even the more onerous "compelling reason" standard.

That the information was already disclosed during the hearing does not erase the Court's

4
GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER DENYING SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION
Case No.  3:10-cv-03561 WHA (DMR)

1023269.01

ability to take further action to prevent or limit any future prejudice Google and Apple may suffer from the unauthorized disclosure.  In instances where disclosure of confidential information at a public hearing is "unexpected" courts have recognized it is appropriate to redact and seal information even if it already is in the public record.[3]  Although it may be impossible to eliminate entirely the harm from Oracle's improper and unexpected disclosure, an order recognizing that this information should be sealed may prevent future improper use and disclosure and therefore, sealing is warranted.  *See NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 144 n.35 (N.D.N.Y. 2007) (court may not "unsay what has already been said" but may take actions to prevent future harm from confidential disclosures).

## IV.  CONCLUSION

The information that Google and Apple seek to redact and seal is narrowly tailored to two specific lines from the January 14 hearing transcript.  And the Court has been presented with new information not available to it at the time it originally denied Google's motion to seal.  Accordingly, for the foregoing reasons, Google respectfully requests that the Court reconsider its previous order and grant Google's motion to seal and redact portions of the transcript contained at page 29, lines 24-25.

Dated: January 29, 2016                                          KEKER & VAN NEST LLP

                                                                 By:  /s/ Robert A. Van Nest
                                                                      ROBERT A. VAN NEST
                                                                      CHRISTA M. ANDERSON
                                                                      DANIEL PURCELL

                                                                      Attorneys for Defendant
                                                                      GOOGLE INC.

---

[3] *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *5-6 (N.D. Cal. Aug. 6, 2014) (suggesting sealing would be appropriate if requested redactions were a result of "inadvertent" or unexpected statement made during oral argument); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531-PHX-JAT, 2012 WL 1432519, at *4-7 (D. Ariz. Apr. 25, 2012) (same); *Fleming v. Escort, Inc.*, No. CV 09-105-S-BLW, 2013 WL 1290418, at *4 (D. Idaho Mar. 27, 2013) ("Certainly, there are instances where sensitive information is 'blurted out' at trial, or where similar circumstances requiring sealing."); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510-14 (D. Del. 2012) (redacting limited portions of public summary judgment hearing transcript containing sensitive financial information).

5
GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER DENYING SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION
Case No.  3:10-cv-03561 WHA (DMR)

1023269.01