ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　Plaintiff,<br>　　v.<br>GOOGLE INC.<br>　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Pursuant to Civil Local Rules 7-11 and 79-5, plaintiff Oracle America, Inc. ("Oracle") hereby moves to file under seal the following documents:

- Portions of Exhibit 4 to the Declaration of Gabriel M. Ramsey in Support of Oracle's Opposition to Google's Motion to Strike Portions of Oracle's Expert Reports ("Ramsey Declaration"); and
- Exhibits 13 and 14 to the Ramsey Declaration.

## I.   INTRODUCTION

Oracle requests that the Court allow Oracle to file the documents listed above under seal. These documents reference materials designated by defendant Google Inc. ("Google") or Oracle as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Additionally, the materials designated by Oracle as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" contain non-public business information that is proprietary, including internal business and strategy discussion regarding confidential contractual negotiations. As the documents described above either have been designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or independently contain sensitive non-public information, the disclosure of which could lead to harm, the Court should permit Oracle to file these documents under seal.

## II.   MATERIAL DESIGNATED BY GOOGLE AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

The Order Approving Stipulated Protective Order Subject to Stated Conditions entered in this case, ECF No. 68, states that when material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," the filing party shall move for an order sealing the material pursuant to Civil Local Rule 79-5. Stipulated Protective Order § 14.4, ECF No. 66.

Google has designated certain materials summarized, quoted, or reproduced in the documents listed above as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Protective Order. The portions of those

documents that summarize, quote from, or reproduce materials designated by Google as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are detailed in the Declaration of Matthew L. Bush in Support of Oracle's Administrative Motion to File Under Seal.  Because the above-listed documents summarize, quote from, or reproduce materials with these designations, Oracle moves to seal the above-listed documents pursuant to the Protective Order.

Oracle states no position as to whether disclosure of the materials designated by Google as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" would cause harm to Google or any third parties.

### III. MATERIAL DESIGNATED BY ORACLE AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

#### A. The Material Designated By Oracle Contains Sensitive, Confidential Business Information.

In the Ninth Circuit, a protective order is warranted "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Under this "good cause" standard, the district court is given "much flexibility in balancing and protecting the interests of private parties." *Id.* The protection of sensitive and confidential business information justifies sealing a document. *In re Elec. Arts, Inc.*, 298 Fed. App'x. 568, 569-70 (9th Cir. 2008) (granting mandamus petition and ordering licensing agreement to be filed under seal as it contained confidential and commercially sensitive information); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc*, No. 12-CV-05501-SI, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015).

Good cause exists here, as the public filing of Oracle's confidential materials in the above listed documents will cause Oracle competitive harm and could harm Oracle's relationships with potential licensees and partners.  For example, the materials designated by Oracle as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" refer to terms that were offered during contractual negotiations.  Public disclosure of these offered terms

could negatively impact not only Oracle's negotiating position with other parties, but also Oracle's existing relationships with other parties due to the fact that those parties may not have been offered similar terms during negotiations.  *See* Declaration of Andrew Temkin in Support of Oracle's Administrative Motion to File Under Seal.

Moreover, this information meets the higher, "compelling reason" standard.  *See Ctr. for Auto Safety v. Chrysler Group, LLC*, No. 15-55084, 2016 WL 142440, at *6-8 (9th Cir. Jan. 11, 2016); *Kamakana*, 447 F.3d at 1179; N.D. Cal. Civ. L.R. 79-5(a).  There is a compelling justification to seal because disclosure of this "business information . . . might harm [Oracle's] competitive standing" and business relationships.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  For the reasons described in the previous paragraph, disclosure of the materials designated by Oracle as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" would likely lead to competitive harm and harm to Oracle's business relationships.

**B.     The Requested Sealing Is Narrowly Tailored.**

Oracle has prepared and will concurrently file public versions of the majority of the foregoing documents that redact only those portions that Oracle is either obliged to seek to file under seal or that contain sensitive, confidential, and proprietary information.  Accordingly, the public will have access to the remainder of the foregoing documents.  Thus, the requested sealing is narrowly tailored to protect only materials the public would not otherwise have access to and sensitive, confidential business information.

**IV.     CONCLUSION**

For the foregoing reasons, Oracle respectfully requests that the Court enter the concurrently filed [Proposed] Order grating this request to file the foregoing documents under seal.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: February 1, 2016 | KAREN G. JOHNSON-MCKEWAN |
| 2 | | ANNETTE L. HURST |
| | | GABRIEL M. RAMSEY |
| 3 | | PETER A. BICKS |
| | | LISA T. SIMPSON |
| 4 | | Orrick, Herrington & Sutcliffe LLP |

By: */s/ Matthew L. Bush*
MATTHEW L. BUSH

Attorneys for Plaintiff
ORACLE AMERICA, INC.