ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>                    Plaintiff,<br><br>          v.<br><br>GOOGLE INC.<br><br>                    Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OPPOSITION TO GOOGLE'S MOTION TO STRIKE PORTIONS OF ORACLE'S EXPERT REPORTS**<br><br>Hearing: February 2, 2016 at 11:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................... 2

ARGUMENT ................................................................................................................... 5

I.   THE SUPPLEMENTAL COMPLAINT STATES AN INFRINGEMENT CLAIM ENCOMPASSING JAVA SE 6 & 7. ................................................. 5

II.  ORACLE IDENTIFIED FACTUAL BASES IN DISCOVERY AND SERVED EXPERT REPORTS RIGHT ON TIME. ................................................. 10

III. THERE IS NO BASIS FOR RECONSIDERATION OF THE ORDER GRANTING LEAVE TO FILE A SUPPLEMENTAL COMPLAINT. .............................. 11

IV.  NEITHER THE FIRST TRIAL NOR THE APPEAL BARS A CLAIM THAT THE NEW ANDROID VERSIONS INFRINGE ADDITIONAL JAVA WORKS. ..................... 14

V.   GOOGLE'S REQUESTED RELIEF SHOULD BE REJECTED AS SIGNIFICANTLY OVERBROAD. ................................................................ 16

     A.   Java SE 6 And 7 Are Relevant To Fair Use. ............................................. 18

     B.   Java SE 6 & 7 Are Relevant To Google's Willfulness And Its Equitable Defenses. .... 19

CONCLUSION ............................................................................................................... 20

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
    239 F.3d 1004 (9th Cir. 2001)......................................................................................6

*Adobe Sys. Inc. v. My Choice Software, LLC*,
    No. 14-cv-02150-BLF, 2014 WL 6346776 (N.D. Cal. Nov. 14, 2014)....................................6

*Alvarez v. Hill*,
    518 F.3d 1152 (9th Cir. 2008).....................................................................................6, 8

*Arista Records LLC v. Greubel*,
    453 F. Supp. 2d 961 (N.D. Tex. 2006)............................................................................7

*ASARCO, LLC v. Union Pac. R. Co.*,
    765 F.3d 999 (9th Cir. 2014)........................................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................7

*Atl. Recording Corp. v. Serrano*,
    No. 07-CV-1824 W(JMA), 2007 WL 4612921, (S.D. Cal. Dec. 28, 2007..................................7

*Autodesk, Inc. v. ZWCAD Software Co.*,
    No. 5:14-cv-01409-EJD, 2015 U.S. Dist. LEXIS 63610
    (N.D. Cal. May 13, 2015) ........................................................................................6, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................7

*Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*,
    No. 12-cv-02953-BAS (BGS), 2014 WL 3014720 (S.D. Cal. July 3, 2014)...........................13

*Cabrera v. City of Huntington Park*,
    159 F.3d 374 (9th Cir. 1998)......................................................................................14

*Case-Swayne Co. v. Sunkist Growers, Inc.*,
    369 F.2d 449 (9th Cir. 1966), *judgment rev'd on other grounds*,
    389 U.S. 384 (1967) ................................................................................................14

*City of Texarkana, Tex. v. Ark., La. Gas Co.*,
    306 U.S. 188 (1939) ................................................................................................14

*Cruz v. Coach Stores, Inc.*,
    202 F.3d 560 (2d Cir. 2000)......................................................................................10

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

*Day v. Kaiser Aluminum & Chem. Corp.*,
    905 F.2d 1540 (9th Cir. 1990) ..................................................................................12

*Dep't of Fair Empl. & Hous. v. Law Sch. Admission Council, Inc.*,
    No. C-12-1830 EMC, 2013 WL 485830 (N.D. Cal. Feb. 6, 2013) ...........................12

*Engel Indus., Inc. v. Lockformer Co.*,
    166 F.3d 1379 (Fed. Cir. 1999) ................................................................................15

*Gasser Chair Co. v. Infanti Chair Mfg. Corp.*,
    60 F.3d 770 (Fed. Cir. 1995) ....................................................................................20

*Genentech, Inc. v. Insmed Inc.*,
    No. C-04-5429 CW (EMC), 2006 WL 5267971 (N.D. Cal. Oct. 11, 2006) ..............12

*Harper & Row Publ'rs, Inc. v. Nation Enters.*,
    471 U.S. 539 (1985) ..................................................................................................18

*Interscope Records v. Duty*,
    No. 05CV3744-PHX-FJM, 2006 WL 988086 (D. Ariz. Apr. 14, 2006) .....................7

*Kirkpatrick v. Cnty. of Washoe*,
    792 F.3d 1184 (9th Cir. 2015) ....................................................................................6

*L.A. Branch NAACP v. L.A. Unified Sch. Dist.*,
    750 F.2d 731 (9th Cir. 1984) ....................................................................................15

*LaSalvia v. United Dairymen of Ariz.*,
    804 F.2d 1113 (9th Cir. 1986) ..................................................................................12

*In re LDK Solar Sec. Litig.*,
    584 F. Supp. 2d 1230, 1253 (N.D. Cal. 2008) ..........................................................11

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
    658 F.3d 936 (9th Cir. 2011) ....................................................................................19

*Magnesystems, Inc. v. Nikken, Inc.*,
    933 F. Supp. 944 (C.D. Cal. 1996) ...........................................................................16

*Meyers v. Asics Corp.*,
    974 F.2d 1304 (Fed. Cir. 1992) ................................................................................20

*Nguyen v. United States*,
    792 F.2d 1500 (9th Cir. 1986) ..................................................................................14

*Oracle Am., Inc. v. Google Inc.*,
    750 F.3d 1339 (Fed. Cir. 2014) ................................................................................15

*Ormco Corp. v. Align Tech., Inc.*,
    647 F. Supp. 2d 1200 (C.D. Cal. 2009) ....................................................................20

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007)....................................................................................18

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
    167 F. Supp. 2d 1114 (C.D. Cal. 2001)........................................................................7

*Riverdeep Interactive Learning, Ltd. v. MPS Multimedia, Inc.*,
    No. C 06-5597 CW, 2006 WL 3797962 (N.D. Cal. Dec. 22, 2006)...........................8

*Safeway Inc. v. Abbott Labs.*,
    761 F. Supp. 2d 874 (N.D. Cal. 2011) .........................................................................8

*Skinner v. Switzer*,
    562 U.S. 521 (2011) .....................................................................................................6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. M 07–1827 SI, 2012 WL 6708866 (N.D. Cal. Dec. 26, 2012) ...........................10

*United States v. Webb*,
    655 F.2d 977 (9th Cir. 1981).....................................................................................12

*Volvo Trademark Holding Aktiebolaget v. Clark Machinery Co.*,
    510 F.3d 474 (4th Cir. 2007).....................................................................................16

*William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*,
    668 F.2d 1014 (9th Cir. 1981)...................................................................................14

*Wolf v. Travolta*,
    No. 2:14-CV-938-CAS, 2014 WL 6685560 (C.D. Cal. Nov. 24, 2014)......................7

**Other Authorities**

Fed. R. Civ. P. 8 ...........................................................................................5, 6, 7, 13

Fed. R. Civ. P. 12 ...............................................................................................11

Fed. R. Civ. P. 15 ..................................................................................... *passim*

### INTRODUCTION AND SUMMARY OF ARGUMENT

Oracle's Supplemental Complaint broadly alleges that newly released versions of Android infringe Oracle's copyright**s** in the Java platform.  The Supplemental Complaint states a valid claim for copyright infringement occurring after the time period covered by the first verdict.  It is blackletter law that such notice is sufficient to encompass infringement of additional works uncovered during discovery.  Indeed, that is precisely how notice pleading functions, and, though Google's motion is premised on a stringent pleading requirement that requires a pleading to specify with particularity every work allegedly infringed, Google cites no authorities—literally zero—to support that reading, although there are many cases to the contrary.

Oracle expressly sought leave to file allegations of "continuing and ***expanded*** infringe-ment," thus leaving room for exactly the evidence it later uncovered.  ECF No. 1271 (Oracle Ltr.) at 1 (emphasis added).  Google "ha[d] no opposition in principle to Oracle filing a supplemental complaint regarding events that post-date Oracle's previous complaint."  ECF No. 1275 (Google Ltr.) at 1 (emphasis omitted).  Without opposition and with this Court's permission, Oracle filed its Supplemental Complaint, alleging that new versions of Android infringed Oracle's copyrights in the Java platform.  Google's motion does not respond to (much less refute) these allegations nor suggest Oracle's pleading provided insufficient notice.

There is therefore no legal basis upon which to strike the additional works at issue—especially since Oracle's claim is meritorious and was timely disclosed.  Oracle pleaded its claim, identified the factual basis in discovery, and served expert reports right on time.  There is no inconsistency with the mandate or law of the case.  Until Oracle's experts discovered Google's new copying, Google was the only one aware that its engineers had increased their infringement in the later-released versions of Android.  Even now, Google makes no effort to deny that it copied Java SE 6 and 7.  The code comparisons demonstrating Google's "continuing and expanded infringement" of Java SE 6 and 7 are properly in the case.

Additionally, the relief that Google seeks goes far beyond striking facts regarding in-fringement of Java SE 6 and 7; rather Google wishes that the Court would keep from the jury evidence that is directly relevant to fair use, irrespective of the scope of the infringement.  For one

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

example, Google's motion seeks to strike evidence evaluating Android's incompatibility with Java, based on tests which required the use of Java SE 6 and 7 because Google's code base could not be loaded without them.  Google's unfounded effort to conceal from the jury its continued and expanded infringement of Oracle's intellectual property should thus be denied, as should its effort to strike other relevant and timely evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

After Oracle filed this suit in August 2010, Google released seven new versions of Android.  *See* ECF No. 1292 (Suppl. Compl.) ¶ 1. The first verdict encompassed versions through Froyo.  On remand, the parties agreed that the prior proceedings did not involve events or conduct occurring after the First Amended Complaint in October 2010.  ECF No. 1275 (Google Ltr.) at 1 (Google agreeing that Oracle can supplement its complaint with "events that **post-date** Oracle's previous complaint").  Oracle filed an unopposed motion for leave to file a Supplemental Complaint, ECF No. 1287, which the Court granted, ECF No. 1289.  Google did not ask Oracle to identify specific copyrighted works by registration number or title, or otherwise express concern about the scope of the supplemental infringement allegations, which were broadly applicable to all of Oracle's copyrights in the Java platform.  ECF No. 1288 Ex. B (Google correspondence).

The Supplemental Complaint alleges that since the First Amended Complaint on "October 28, 2010, Google has continued to infringe Oracle's *copyrights* in the *Java platform*."  ECF No. 1292 ¶ 1 (emphasis added).  Seven new versions of Android (Gingerbread, Honeycomb, Ice Cream Sandwich, Jelly Bean, KitKat, Lollipop, and Marshmallow), released since December 2010, copy "thousands of lines of source code from the Java platform, as well as the structure, sequence and organization ('SSO') of that platform as reflected in the 37 Java API packages."  *Id.* ¶ 2.  The Supplemental Complaint does not specifically identify Oracle's copyrights by particular registration numbers, but rather alleges that "Oracle owns copyright**s** in the Java platform," which "encompass the SSO and declaring code for the 37 Java packages."  *Id.* ¶ 25 (emphasis added); *accord id.* ¶¶ 27, 29, 31 & Prayer for Relief (alleging infringement of Oracle's "copyrights").

After filing the Supplemental Complaint, Oracle first tried to reach a stipulation with Google regarding the infringement by the additional released versions of Android from Ginger-

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

bread through Lollipop.  That proposed stipulation covered only the previously identified copy-righted works, because that was all Oracle understood at the time had been infringed.  Ramsey Ex. 1 at 5.  Google disregarded that proposed stipulation for an entire month.  *Id.* at 3.  When Google finally responded, it tried to limit the scope of the infringement by the new Android versions solely to the SSO, excluding the verbatim copying of declaring code.  *Id.*  At that point, Oracle concluded that an agreement was unlikely and that it needed to engage an expert right away to perform new code comparisons.  Ramsey Decl. ¶ 6 & Exs. 1 at 2.  Still, Oracle did not wait until service of expert reports to disclose the new facts regarding Google's infringement.

Both sides sought fact discovery related to copying in the new Android versions accused in the Supplemental Complaint.  On August 21, 2015, Oracle served interrogatories asking Google:  "For each VERSION of ANDROID developed or released by GOOGLE since October 27, 2010, identify all ANDROID code that contains or replicates code from the 37 JAVA API PACKAGES, including any DECLARING CODE or any code contained in the JAVA PLAT-FORM."  Ramsey Decl. Ex. 10 (Oracle's Interrogs. to Google, Set Five, No. 26); *id.* at No. 28 (same as to SSO); *id.* at Nos. 27, 29 (asking Google to identify "all code" in "any software devel-oped or released by GOOGLE since October 27, 2010" or "derived from ANDROID since Octo-ber 27, 2010" "that contains or replicates code from the 37 JAVA API PACKAGES" or "SSO of the 37 JAVA API PACKAGES").  For nearly four months, Google responded that it "will pro-duce or otherwise identify relevant, non-privileged documents or code repositories from which information responsive to this Interrogatory can be derived."  Ramsey Decl. Ex. 11 (Google's Resp. & Obj. to Oracle's Interrogs., Set Five, Nos. 26-29, Sept. 21, 2015); Ramsey Decl. Ex. 12 (Google's Second Suppl. Resp. & Obj. to Oracle's Interrogs., Set Five, Nos. 26-29, Nov. 12, 2015).

A complete response by Google to Oracle's interrogatories would have made Google's expanded infringement known early in fact discovery.  Although Google knew what it had copied, Google never actually answered the question posed in Oracle's interrogatories.  Instead, on the last day of discovery (115 days after Oracle first propounded its interrogatories), Google supplemented its responses, referring Oracle to source code repositories and a hard drive that

1   Google produced that contains "all versions of Android publicly released."  Ramsey Decl. Ex. 14

2   (Google's Third Suppl. Resp. & Obj. to Oracle's Interrogs., Set Five, No. 26); *accord id.* Nos.

3   27-29 (incorporating response to No. 26).  In other words, Google said "go find it yourself"—

4   which is exactly what Oracle did.

5          Oracle retained Robert Zeidman who conducted an independent code analysis that found

6   code unique to Java SE 6 and 7 in new versions of Android.  At that point it made no sense to try

7   to reach a complete stipulation regarding copying until after his analysis was finished.  Oracle

8   explained this repeatedly to Google in emails indicating that it would wait until the results of

9   expert analysis to address the matter of a stipulation further.  Ramsey Decl. Ex. 1 at 1-2.

10         Nonetheless, shortly after Oracle became aware of the expanded scope of infringement,

11  Oracle so informed both Google and the Court.  On November 9, 2015, Oracle submitted a

12  written filing to the Court that explained:

13  > Although Oracle has not yet completed its code analysis of all subsequently
14  > released versions of Android and provided the relevant expert reports, it currently
    > believes that the evidence at the upcoming trial will show as follows: …

15  > In Android releases from Gingerbread through KitKat, Google included
16  > additional material in the 37 Java API packages from *later versions of the
    > Java SE platform*;

17  > In Android Lollipop (released on or about November 12, 2014), Google again
18  > included additional material in the 37 Java API packages that came from *other
    > releases of the Java SE platform* ….

19  ECF No. 1364 at 1:13–23 (emphasis altered).

20         Oracle then told Google on November 12, 2015 (in response to an interrogatory about fair

21  use):  "Google's use has continued over time, even after the initiation of this lawsuit and after the

22  Federal Circuit's opinion, to selectively take and use *more of Oracle's copyrighted material* from

23  the Java API packages and *from newer versions of Java* …."  Ramsey Decl. Ex. 12 (Oracle's First

24  Suppl. Resp. & Obj. to Google's Interrogs., 6th Set, No. 23 (Nov. 12, 2015)) (emphasis added).

25  Google did not move to strike, but, rather, four days later propounded its own interrogatory about

26  the new versions of Java:  "Identify all facts relating to your contention in response to Google's

27  Interrogatory No. 23 that 'Google's use has continued over time, even after the initiation of this

28  lawsuit and after the Federal Circuit's opinion, to selectively take and use more of Oracle's

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

1  copyrighted material from the Java API Packages and from newer versions of Java."  Ramsey

2  Decl. Ex. 15 (Google's 8th Set of Interrogs., No. 38 (Nov. 16, 2015)).  Oracle's response specific-

3  ally stated that its "copyright infringement claim applies to all versions of Oracle's Java API

4  specifications and implementations … which include … Java SE 6 [and] Java SE 7."  Ramsey

5  Decl. Ex. 15 (Oracle's Resp. & Obj. to Google's Interrogs., 8th Set, No. 38 (Dec. 16, 2015)).

6       Oracle further informed the Court in a hearing on November 19, 2015 of what it had learn-

7  ed in discovery thus far:  "When Java 6 comes out, we're finding parts of Java 6 are matching in

8  new versions of Android.  And then when Java 7 comes out with new features, Google is copying

9  those features into its newer version of Android then."  Nov. 19, 2015 Hr'g Tr. 8:11-15.  Another

10  week passed before Google sent another correspondence to Oracle, acknowledging that Google

11  understood Oracle's "intention to raise Java 6 and 7 as allegedly infringed works."  ECF No.

12  1454-3 (Kamber Decl. Ex. 2) at 1.

13       Though there were several more weeks of fact discovery and a month-and-a-half until

14  opening expert reports, Google waited to bring this issue to the Court's attention until after fact

15  discovery closed and after opening reports were prepared and exchanged.

## ARGUMENT

## I.  THE SUPPLEMENTAL COMPLAINT STATES AN INFRINGEMENT CLAIM ENCOMPASSING JAVA SE 6 & 7.

19       The notice pleading requirement embodied in Rule 8 of the Federal Rules of Civil Proce-

20  dure requires merely "a short and plain statement of the claim showing that the pleader is entitled

21  to relief."  Fed. R. Civ. P. 8(a)(2).  That is all that is necessary, and it was satisfied here.

22       The Supplemental Complaint alleges that "Google has continued to infringe Oracle's

23  *copyrights* in the Java platform," with new versions of Android that "copy thousands of lines of

24  source code from the Java platform, as well as the structure, sequence and organization ('SSO') of

25  that platform as reflected in the 37 Java API packages."  ECF No. 1292 (Supp. Compl) ¶¶ 1-2

26  (emphasis added).  Oracle pleaded that it "owns copyrights in the Java platform," and that those

27  "copyrights encompass the SSO and declaring code for the 37 Java packages."  *Id.* at ¶ 25.

28       Google did not challenge these allegations as insufficiently pleaded.  Nor did Google

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

move for a more definite statement.  Google does not claim that Oracle missed a deadline for disclosure or failed to respond to a discovery request.  Google's belated pleading argument boils down to an assertion that it was shocked and prejudiced that a claim broadly pleaded in a complaint was further fleshed out in discovery and is now being prepared for trial.  This argument has no legal foundation.

Indeed, though Google's motion purports to challenge the sufficiency of the Supplemental Complaint's allegations of infringement of Java SE 6 and 7, Google's motion never cites a single case about Rule 8, notice pleading, or pleading requirements in copyright cases.  Oracle pointed Google to such authorities in the parties' correspondence, ECF No. 1454-9 (Kamber Decl. Ex. 8 (Oracle Corresp.) at 1-2), the précis process, ECF No. 1452 (Oracle Resp.) at 2-3, and now, again, in this opposition.  Google has never even tried to respond.

"Notice pleading requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories.  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (quotations marks omitted); *accord Kirkpatrick v. Cnty. of Washoe*, 792 F.3d 1184, 1191 (9th Cir. 2015) ("Under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim ... to a precise legal theory.  Rule 8(a)(2) ... requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).  Under this standard, "[t]he fact that the precise scope of Defendants' misconduct (if any) remains to be fleshed out in discovery does not render the [pleading] inadequate." *Adobe Sys. Inc. v. My Choice Software, LLC*, No. 14-cv-02150-BLF, 2014 WL 6346776, at *3 (N.D. Cal. Nov. 14, 2014).

This standard applies in copyright cases.  A prima facie case of copyright infringement requires (1) ownership and (2) infringement of copyright-protected elements of the work. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).  Neither element requires a plaintiff to "identify the specific copyrights … [the plaintiff] alleges were copied" in its pleadings. *Autodesk, Inc. v. ZWCAD Software Co.*, No. 5:14-cv-01409-EJD, 2015 U.S. Dist. LEXIS 63610,

1  at *8 (N.D. Cal. May 13, 2015).  It is "sufficient[]" to provide "illustrative registration numbers,"

2  *id.* at 9, or to simply allege ownership over a larger body of work, *see Perfect 10, Inc. v. Cybernet*

3  *Ventures, Inc.*, 167 F. Supp. 2d 1114, 1121 (C.D. Cal. 2001) (allegations identifying "ownership

4  of the [hundreds of] pictures within the magazines" without identifying which were copied was

5  sufficient).  To allege the second element, infringement, it is enough to identify where "infringing

6  conduct can be found."  *Id.*; *see Interscope Records v. Duty*, No. 05CV3744-PHX-FJM, 2006 WL

7  988086, at *1-2 n.2 (D. Ariz. Apr. 14, 2006) (identification of online "share" folder sufficient to

8  allege unauthorized distribution).

9       Notice pleading does not require a complaint to identify particular copyrighted works

10  (although Oracle did name representative works, ECF No. 36-8 (Am. Compl.)).  It was enough

11  that Google was put on notice "as to the material over which [Oracle] asserts ownership," *i.e.*,

12  Oracle's copyrights in the Java platform.  *See Wolf v. Travolta*, No. 2:14-CV-938-CAS (VBKx),

13  2014 WL 6685560, at *4 (C.D. Cal. Nov. 24, 2014); *see also Atl. Recording Corp. v. Serrano*,

14  No. 07-CV-1824 W(JMA), 2007 WL 4612921, at *3 (S.D. Cal. Dec. 28, 2007) ("Although Plain-

15  tiffs ultimately seek damages for 224 instances of copyright infringement, a partial list of 10 is

16  appropriate notice for Defendant at this [pleading] stage of the proceedings."); *Arista Records*

17  *LLC v. Greubel*, 453 F. Supp. 2d 961, 965 (N.D. Tex. 2006) (accepting list of 1,087 works with-

18  out allegations as to which were infringed).  Oracle produced to Google in discovery the

19  copyright registrations at issue for the Java platform.  Ramsey Decl. Exs. 6-9.

20       Oracle's Supplemental Complaint meets the notice-pleading standard.  This not a situation

21  where Oracle is having trouble making a plausible claim.  There is no credible argument that

22  Oracle's allegations are legally or factual deficient.  *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

23  555 (2007) ("[Rule 8] requires only a short and plain statement of the claim showing that the

24  pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and

25  the grounds upon which it rests" (quotation marks omitted)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678

26  (2009) (allegations raising more than "sheer possibility that a defendant has acted unlawfully" are

27  sufficient to state a claim).  Indeed, Google has already been adjudged an infringer by one jury.

28       If Rule 8 means anything, it must mean that an initially viable claim of which a plaintiff

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

1    gives notice can be further fleshed out in discovery.  For example, in *ASARCO, LLC v. Union*

2    *Pacific Railroad Co.*, the plaintiff's complaint disclaimed recovery from events arising in a speci-

3    fied geographic area.  765 F.3d 999, 1003 (9th Cir. 2014).  The plaintiff reversed course, amend-

4    ing to add that geographic area back into the complaint, and the Ninth Circuit held that the new

5    contradictory allegations stood and related back based on Rule 15's liberal amendment standard.

6    *Id.* at 1006.  "[A] plaintiff need only plead the general conduct, transaction, or occurrence to

7    preserve its claims against a defendant.  The exact contours of those claims—the facts that will

8    ultimately be alleged and the final scope of relief that will be sought—can and should be sorted

9    out through later discovery."  *Id.*

10       This case does not come close to the about-face permitted in *ASARCO*.  Here, the Supp-

11   lemental Complaint accuses new Android versions of infringing Oracle's copyrights in the Java

12   platform, making Google "well aware of what is at issue in this case."  *Safeway Inc. v. Abbott*

13   *Labs.*, 761 F. Supp. 2d 874, 891 (N.D. Cal. 2011) (requiring no amendment to allege specific

14   legal theory where complaint broadly stated claim for Sherman Act violations).  And *ASARCO*

15   shows that even if Oracle had *affirmatively disclaimed* infringement based on Java SE 6 and 7

16   (which it did not), it would still have been permitted to add them back by amendment.

17       Google's unsupported argument (at 9-10) that discovery cannot be used to flesh out claims

18   and legal theories is contrary to settled law.  Discovery is exactly where claims are fleshed out

19   and issues defined for trial.  *See ASARCO*, 765 F.3d at 1006; *see also Riverdeep Interactive*

20   *Learning, Ltd. v. MPS Multimedia, Inc.*, No. C 06-5597 CW, 2006 WL 3797962, at *17 (N.D.

21   Cal. Dec. 22, 2006) ("Plaintiffs' trademark infringement claim, while lacking in detail, is not

22   unintelligible. And the specific trademarks and sections of the Lanham Act issue can easily be

23   ascertained through discovery.").

24       Google's protest that Oracle introduced "unidentified theories of infringement to the

25   case," Mot. at 4, is equally confounding.  Oracle has not brought a new patent claim or a new

26   trademark claim.  It is pursuing the same copyright claim it was always pursuing, with an expand-

27   ed scope of infringement.  It is blackletter law that *claims*, not theories, must be pleaded.  *Alvarez*,

28   518 F.3d at 1157 ("Notice pleading requires the plaintiff to set forth in his complaint claims for

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

1    relief, not causes of action, statutes or legal theories." (emphasis omitted)).

2        Finally, Google seeks to undermine the plain meaning of the claim language through an

3    out-of-context statement at a hearing held before Oracle had any idea that Google would be

4    brazen enough to copy more versions of Oracle's copyrighted Java platform after Oracle filed

5    suit, after the Federal Circuit's decision confirming the copyrightability of the Java platform, and

6    after the Supreme Court denied certiorari.  Throughout its motion, Google repeatedly invokes the

7    following snippet from the July 30, 2015 Case Management Conference:  "No new work is

8    identified in the proposed Supplemental Complaint."  *See, e.g.*, Mot. at 2, 3, 5, 6, 11.  But the

9    issue being discussed was not whether the Supplemental Complaint alleged that newly released

10   versions of Android infringed Java SE 6 and 7; instead, Oracle was responding to Google's

11   argument that "[t]he Supplemental Complaint demands only actual damages; not statutory

12   damages."  July 30, 2015 Hr'g Tr. 14:20-21.

13       As to this completely different issue, Oracle explained that a new prayer for statutory

14   damages was not necessary because Rule 15(d) supplementation does not replace an existing

15   complaint.  *Id.* at 17:10-14 ("We did not repeat the demand for statutory damages in the Supp-

16   lemental Complaint ... because that would be duplicative of the original Complaint.").  In that

17   context, Oracle added the truism that the Supplemental Complaint does not "identif[y]" any new

18   work.  *Id.*  It does not.  No specific version of the Java platform is mentioned in the Supplemental

19   Complaint.  Rather, the Supplemental Complaint broadly alleges infringement of Oracle's copy-

20   rights, plural, in the Java platform, and its allegations are expansive enough to include infringe-

21   ment of Java SE 6 and 7.

22       It is likewise irrelevant that Oracle did not contemplate that Google had infringed addi-

23   tional versions of the Java platform when it filed the Supplemental Complaint.  Indeed, it was

24   *unfathomable* to Oracle at the time that Google would have copied *more* copyright-protected

25   material from *later* versions of the Java platform even while the first trial and appeal proceeded

26   and, especially, after the Federal Circuit's decision—while Google surely knew of its expanded

27   copying all along.  Ramsey Decl. ¶¶ 3-4.  But none of that matters under notice pleading because

28   Oracle broadly alleged the body of work Google infringed and produced the relevant copyright

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

registrations in discovery.  Nothing more was required for a claim, which was then properly fleshed out in discovery.  *Supra* 5-8.

## II.   ORACLE IDENTIFIED FACTUAL BASES IN DISCOVERY AND SERVED EXPERT REPORTS RIGHT ON TIME.

Google's claim that it "only became aware of this theory [infringement of Java SE 6 and 7] in the final weeks of discovery," Mot. at 10, is demonstrably false as shown by the record. From the start, Google knew exactly what it copied; it knew from the moment its engineers decided to copy, and certainly knew at the time of release.  Google chose not to object when Oracle filed a Supplemental Complaint that was broad enough to cover Google's new infringement. Google failed to respond for four months to Oracle's interrogatory seeking information about the scope of Google's copying, when a response would have fleshed out this issue well before fact discovery closed.  Ramsey Decl. Exs. 11, 13-14.  Google had no grounds to attack the pleadings, so it chose to hide its head in the sand and hope that Oracle never found out about the new copying.  This is acquiescence, not reasonable diligence.

Google's acquiescence in discovery was not limited merely to silence before the Court in waiting to bring this motion until after fact discovery closed and opening reports were prepared and exchanged.  When Oracle disclosed that it had learned that the new Android versions infringed Java SE 6 and 7, Google served affirmative discovery about Java SE 6 and 7, only serving to further place its infringement of those new works squarely at issue.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2012 WL 6708866, at *3-4 (N.D. Cal. Dec. 26, 2012) (permitting vertical-conspiracy claim even though co-conspirators were not mentioned in the complaint because they were disclosed in discovery and the defendant took discovery related to them); *see also Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 569 (2d Cir. 2000) (examining a claim in discovery properly placed merits of claim before the district court on summary judgment).

And, far from "hiding the ball," Mot. at 10, when Oracle's own investigation and analyses turned up evidence of expanded copying, Oracle told the Court and Google.  Oracle did not wait until the disclosure of expert reports for what was obviously expert discovery.  In early November, Oracle submitted a written filing asserting Google copied "*additional* material in the 37 Java

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

1   API packages from *later versions* of the Java SE platform" and "increased its reproduction and

2   distribution of infringing code even *after* the Federal Circuit's decision."  ECF No. 1363-3 at 1

3   (emphasis altered).  Oracle also told Google:  "For purposes of the prima facie case laid out in the

4   Supplemental Complaint, copyright infringement is all copying without authorization of *any por-*

5   *tion* of the Java SE platform owned by Oracle ... from the release of Gingerbread and forward."

6   ECF No. 1454-3 (Kamber Decl. Ex. 2) at 2 (emphasis added).  At this point, in November 2015,

7   more than a full month before the close of fact discovery and months before the close of expert

8   discovery, Google *knew* that Oracle intended to submit evidence at trial of the new Android

9   versions' infringement of new Java works; Google acquiesced by failing to object and then failing

10  to move to strike on a timely basis.

### III.  THERE IS NO BASIS FOR RECONSIDERATION OF THE ORDER GRANTING LEAVE TO FILE A SUPPLEMENTAL COMPLAINT.

13          Google wants a redo on its decision not to oppose Oracle's supplementation.  Though

14  labeled a motion to strike, Google does not cite any authority authorizing a motion to strike that

15  seeks to enforce pleading requirements and to dismiss claims that the movant contends were not

16  well pleaded *after* the close of fact discovery.  That is because Google's motion is not a motion to

17  strike at all, it is a motion to dismiss the unopposed Supplemental Complaint, which comes far

18  too late.  *See* Fed. R. Civ. P. 12(1)(1)(A)(i).  Unable to actually move to dismiss at this junction,

19  Google's motion to strike amounts to nothing more than a belated motion for this Court to recon-

20  sider its order permitting the Supplemental Complaint.  Google cannot meet the strict standard for

21  reconsideration, which is an independent reason to deny this motion.

22          A party seeking reconsideration of an interlocutory order must show a "material difference

23  in fact or law" or "[t]he emergence of new material facts or a change of law," and it must show

24  "reasonable diligence."  *See In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1253 (N.D. Cal.

25  2008) (quoting N.D. Cal. L.R. 7-9).  Google cannot meet this standard because it made no objec-

26  tion to the broad infringement allegations in the Supplemental Complaint, and it always knew

27  what it copied.  The only "new fact" here is that, rather than Google acknowledging its copying

28  during discovery, Oracle discovered Google's copying through its own analysis and timely dis-

- 11 -

1    closed its findings to the Court and to Google.  In light of those circumstances, including

2    Google's acquiescence and affirmative discovery on Java SE 6 and 7 throughout the last six

3    weeks of discovery, Google cannot make the requisite showing of materially changed facts or law

4    to support its de facto motion for reconsideration.

5         Moreover, Google has not justified its attempt to seek reconsideration now when Google

6    did not oppose supplementation last summer in part because Google *agreed* it was not prejudiced,

7    ECF No. 1275 (Google Ltr.) at 1 ("nor does Google argue that it would be prejudiced by the filing

8    of a proper supplemental complaint").  *See LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113,

9    1119 (9th Cir. 1986) ("Motions … pursuant to Rule 15(d) should be granted unless undue

10   prejudice to the opposing party will result." (quotation marks omitted)); *Genentech, Inc. v. Insmed*

11   *Inc.*, No. C-04-5429 CW (EMC), 2006 WL 5267971, at *1 (N.D. Cal. Oct. 11, 2006) (denying

12   motion to strike expert reports without a showing of prejudice).  Even now, Google does not iden-

13   tify anything it would have done differently in discovery or a motion it would have filed.

14        Even if Google could somehow satisfy the reconsideration standard, it would still have to

15   show why Rule 15(d)'s permissively liberal standard did not apply.  *See Day v. Kaiser Aluminum*

16   *& Chem. Corp.*, 905 F.2d 1540 (9th Cir. 1990) (Table) (reversing rejection of supplemental com-

17   plaint because the "policy of favoring amendments to pleadings should be applied with extreme

18   liberality" (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

19        Indeed, if Oracle's motion to supplement were heard *today*, Google could not show pre-

20   judice.  Google does not deny the allegation that the new Android versions *copy* Java SE 6 and 7.

21   Instead, Google claims that its "expectation" was that it would not be held accountable for in-

22   fringing more of Oracle's intellectual property.  *See* Mot. at 7-8.  But such an "expectation" is not

23   cognizable because the "burden of having to defend a new claim alone is not undue prejudice

24   under Rule 15."  *Dep't of Fair Empl. & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-

25   1830 EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013).  And with knowledge of what its

26   own engineers copied, Google cannot show it suffered any prejudice.  *See LaSalvia*, 804 F.2d at

27   1119 (finding "no prejudice" from Rule 15(d) supplementation after close of discovery "[b]ecause

28   most of the information on the added claim would be available in [the defendant's] own files");

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

1    *Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*, No. 12-cv-02953-BAS

2    (BGS), 2014 WL 3014720, at \*4-5 (S.D. Cal. July 3, 2014) (finding no prejudice two months

3    after close of fact discovery because "much of the work ... has already been done and the discov-

4    ery costs incurred").

5        The prejudice here is entirely prejudice to Oracle because Oracle was compelled to engage

6    in extensive and expensive code comparison to uncover and prove Google's infringement, while

7    Google waited until after close of fact discovery and after opening expert reports were served to

8    raise the issue with the court.  The prejudice to Oracle of excluding this evidence would be enor-

9    mous—forcing it to reserve, for yet another trial, assertions that are founded upon a common

10    body of evidence with the ones about to be heard.  Oracle would be deprived of evidence directly

11    relevant to fair use and remedies.  *Infra* § V.  Yet it will likely take less than 30 minutes to present

12    this evidence of expanded infringement.

13        In contrast, there is no prejudice to Google.  Expert discovery has not closed, and Google

14    and its experts continue to have every opportunity within the Court's discovery schedule to

15    respond to Oracle's infringement claims and analyses.  Oracle's own experts already undertook

16    the bulk of the relevant code comparisons.  Oracle disclosed all of the details of its experts'

17    analyses by the Court's January 8 deadline.  Now that Oracle found the infringement after Google

18    declined to answer interrogatories with meaningful information, Google must merely respond on

19    the timeline ordered by the Court.  And, on that score, Google can hardly claim prejudice when it

20    knew of its own infringement all along and when expert discovery would have proceeded on the

21    exact same schedule if Oracle had been able to lay out a detailed case for infringement of Java SE

22    6 and 7 back in August.  In other words, no matter what Oracle had pleaded in August, discovery

23    would have proceeded exactly the same.   Not to mention the fact that Google's engineers have

24    always known what they copied into the Android platform.

25        Google cannot claim that it lacked notice that copying of the Java platform is at issue in

26    this suit; it is *the issue* in this suit.  Nor can Google show any prejudice.  Rules 8 and 15 do not

27    allow Google to expand its infringement throughout the lawsuit only to escape litigation—much

28    less liability—for the new acts of infringement.

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

## IV.    NEITHER THE FIRST TRIAL NOR THE APPEAL BARS A CLAIM THAT THE NEW ANDROID VERSIONS INFRINGE ADDITIONAL JAVA WORKS.

Supplemental pleadings by definition allege new "transaction[s], occurrence[s], or event[s] that happened *after the date of the pleading to be supplemented*." Fed. R. Civ. P. 15(d) (emphasis added). Accordingly, Google's supposed surprise that the Supplemental Complaint added claims of infringement that accrued after the operative Amended Complaint is entirely contrary to both Rule 15(d) and to Google's own stated understanding of Rule 15(d) over the summer. That is the whole point of Rule 15(d): "[A] supplemental pleading … introduces a cause of action not alleged in the original complaint and *not in existence* when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (emphasis added, quotation marks omitted); *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.").

With that legal context, it is clear that Google's objections based on the Federal Circuit's mandate and the jury's verdict are meritless.

***Federal Circuit's mandate.*** Google's claim that the Federal Circuit's mandate precludes consideration of Java SE 6 and 7 on remand is just plain wrong. Because the trial and the appeal from the judgment after trial were from the First Amended Complaint (entered in October 2010), the versions of Android accused in the Supplemental Complaint, which were all released after October 2010, *see* ECF No. 1292 (Suppl. Compl.) ¶ 1, were not at issue in the trial or on appeal. Those new versions of Android were properly brought into the case by the Supplemental Complaint. *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) ("a district court upon remand can permit the plaintiff to file additional pleadings, vary or expand the issues"). This rule's application after remand is well settled. *See City of Texarkana, Tex. v. Ark., La. Gas Co.*, 306 U.S. 188, 203 (1939); *Case-Swayne Co. v. Sunkist Growers, Inc.*, 369 F.2d 449 (9th Cir. 1966), *judgment rev'd on other grounds*, 389 U.S. 384 (1967). Accordingly, it cannot be (as Google posits) that an appellate court's mandate limits the case on remand such that new events

1    and claims cannot be pleaded after appeal.

2        The Federal Circuit remanded for "further proceedings consistent with this decision."

3    *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1381 (2014).  That later Android versions accus-

4    ed in the Supplemental Complaint infringe new Java works as well as older ones is not at all

5    inconsistent with the Federal Circuit's mandate.  The rule that a court's mandate, like a judgment,

6    "is conclusive as to every matter that might have been litigated[,] does not apply to new rights

7    acquired pending the action which might have been, but which were not, required to be litigated."

8    *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 750 F.2d 731, 739 (9th Cir. 1984) (quotation

9    marks omitted); *accord Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1382-83 (Fed. Cir.

10   1999) (mandates "must be measured by the scope of the judgment appealed from").  Oracle's

11   claim against the *new* Android versions infringing additional Java works is not limited by the

12   mandate.

13       The fallacy of Google's argument about the Federal Circuit's mandate is evident in two

14   respects.  Though Google presents its argument to only whether the new versions of Android

15   infringe new versions of the Java platform, the (erroneous) logic of Google's argument would

16   apply equally to Oracle's allegations based on Java SE 1.4 and 5 against all the new versions of

17   Android because none of those Android versions were at issue on appeal.  That Google did not

18   oppose Oracle's motion to supplement to accuse those new Android versions shows Google

19   knows its argument cannot be correct.  Similarly, though Google subtly expands the remand to

20   consider all of Google's "defenses," Mot. at 8, the decision orders that the "jury's infringement

21   verdict" be "reinstated," and, "[b]ecause the jury hung on fair use, we remand Google's fair use

22   defense for further proceedings consistent with this decision."  *Oracle Am., Inc.*, 750 F.3d at

23   1381.  The Federal Circuit does not say anything about Google's equitable defenses.  If the

24   Federal Circuit's mandate is really as "narrow and unambiguous" as Google claims, Mot. at 8,

25   then *only fair use and damages* remain, and all other issues are off the table.  Clearly Google does

26   not interpret the mandate in this fashion, given its long-announced intention to litigate laches and

27   equitable estoppel.  ECF No. 1276 (Google portion of Jnt. Suppl. Stmt) at 8-10.

28       ***Waiver.***  Google's waiver argument, Mot. at 10-11, underscores Google's fundamental

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

1    misunderstanding of the procedural history in this case and misrepresents the scope of Oracle's

2    infringement claims in both the Amended and Supplemental Complaints.  The Amended Com-

3    plaint asserted infringement against Android versions that had been released at the time it was

4    filed on October 27, 2010—i.e., through Froyo.  *See* ECF No. 36 (Am. Compl.) ¶¶ 37-47.  The

5    Supplemental Complaint alleges infringement as to subsequent versions of Android after Froyo.

6    ECF No. 1292 (Suppl. Compl.) ¶ 1.  Oracle's claim of infringement of Java SE 6 and 7 is limited

7    to *only the new versions of Android accused in the Supplemental Complaint*, not to any version of

8    Android accused in the First Amended Complaint and originally tried.

9         Google never explains, nor is it in any way apparent, how claims were waived against ver-

10   sions of Android and Java that were not at issue in the case and, in some instances, did not even

11   yet exist.  Several of the Android versions accused in the Supplemental Complaint did not exist at

12   the time of the first trial.  Similarly, Java SE 7 did not obtain a copyright registration until *after

13   the first trial*.[1]

14        Accordingly, the two cases cited by Google are not on point.  Mot. at 11.  In *Magnesys-

15   tems, Inc. v. Nikken, Inc.*, the plaintiff's patent was found valid on summary judgment and upheld

16   on appeal.  933 F. Supp. 944, 951 (C.D. Cal. 1996).  On remand, when the defendant again raised

17   validity and sought judgment based on two pieces of prior art that were 15-years old, the court

18   held the argument was waived.  *Id.*  Here, new versions of Android *did not exist and were not in

19   the case when the case was tried the first time*.  Likewise, in *Volvo Trademark Holding Aktiebol-

20   aget v. Clark Machinery Co.*, the plaintiff tried to raise on remand new arguments related to a

21   legal issue already decided by the court of appeals.  510 F.3d 474, 481 (4th Cir. 2007).  *Volvo* did

22   not involve newly asserted claims that accrued post-filing and has no applicability to Oracle's

23   Supplemental Complaint.

24   **V.     GOOGLE'S REQUESTED RELIEF SHOULD BE REJECTED AS
            SIGNIFICANTLY OVERBROAD.**

25

26        Google's motion does not just attack the sufficiency of Oracle's pleading, Google's

27   _____

28   [1] Again Google seems to know this, since it does not argue that Oracle waived infringement of
     Java SE 1.4 and 5.0 as to the new versions of Android.  Google limits its argument only to the
     new versions of the Java platform infringed by the new Android versions.

motion is also in effect a motion *in limine* that seeks to scrub from the case—and, significantly, keep away from the jury—*any* reference to Java SE 6 and 7, regardless of whether it has to do with Google's alleged infringement of those versions of the Java platform or is just a discussion that includes Java SE 6 and 7 for other reasons.  *See* ECF No. 1454-10 (Proposed Order) (identifying specific paragraphs of expert reports Google wishes stricken from the record).

For example, the excerpts of the Schmidt Report identified by Google have nothing to do with *infringement* of Java SE 6 and 7, but exclusively discuss Android's incompatibility with the Java platform.  ECF No. 1454-5 (Kamber Decl. Ex. 4 ¶¶ 97-106).  The Kemerer Report likewise discusses evidence that goes to Google's copying after the Federal Circuit's opinion, which is relevant to disproving Google's equitable defenses and proving Oracle's bad faith/willfulness case, separate from whether Google infringes Java SE 6 and 7.  ECF No. 1454-6 (Kamber Decl. Ex. 5 ¶¶ 47-50 (post-suit copying), 188, 208, 218 (incompatibility and fragmentation), Appendix G (evolution of the Java platform)).  The same is true of the portions of the Zeidman Report that Google seeks to strike.  ECF No. 1454-4 (Kamber Decl. Ex. 3 ¶¶ 45 (post-suit copying), 73 (ownership of Java copyrights), 106 (methodology for proving copying), 120-25, 146, Exs. V, W (post-suit copying)).

Oracle's contentions related to fragmentation and incompatibility have always focused on the Java SE *platform*, not any particular version. Google's primary argument is that claims related to Java SE 6 and 7 will somehow confuse the jury.  Not only does this sort of evidentiary argument confirm that Google's motion is really a premature motion *in limine*, Google has nothing in its Motion (at 9) to address the deficiency Oracle identified in its précis and explain *why* it would cause jury confusion for some Android versions to copy more Java works than others.  That is not at all confusing:  New Android versions copy not only older Java works but also new Java works. Android evolved behind the Java platform to take advantage of the evolution of the Java platform. Nor would the jury be confused by infringement instructions on Java SE 6 and 7 when it already has to consider infringement of Java SE 1.4 and 5.  Just because the evidence is *bad* for Google does not make it confusing and prejudicial.

Regardless of whether Oracle is permitted to maintain infringement claims premised on

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS

Google's expanded copying of Java SE 6 and 7, Google's copying of Java SE 6 and 7 as well as Android's incompatibility with Java SE 6 and 7 remain relevant—and critical—to fair use, willfulness, Google's equitable defenses, and Oracle's damages case.  Google's premature motion *in limine*, disguised as a motion to strike, should be denied on this basis alone.

### A.    Java SE 6 And 7 Are Relevant To Fair Use.

The flexible doctrine of fair use bends to a simple ethos: fair use demands fairness.  The Supreme Court has emphasized that fair use can turn on "the propriety of the defendant's conduct[]" because "[f]air use presupposes 'good faith' and 'fair dealing.'" *Harper & Row Publ'rs, Inc. v. Nation Enters.*, 471 U.S. 539, 562 (1985); *see Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1164 n.8 (9th Cir. 2007) (acknowledging "the general rule that a party claiming fair use must act in a manner generally compatible with principles of good faith and fair dealing.").  Here, whether Google knew its copying was unauthorized—especially copying Java SE 6 and 7 *after* Oracle filed suit and after the Federal Circuit held that the elements Google copied are copyright protected—bears directly on the good faith and fair dealing aspects of fair use.  *See Harper & Row*, 471 U.S. at 563 (inability to "offer up even the fiction of consent as justification" weighs against fair use).

Google's request to strike all references to Java SE 6 and 7 must also be denied because the analysis is relevant to Android's incompatibility with the Java platform and harm aspects of the fair use factors.  Google made both versions of the Java platform relevant and put both versions squarely at issue when it made all the new versions of Android accused in the Supplemental Complaint *dependent* on either Java SE 6 or 7.  *See* Reinhold Decl. ¶ 8 ("[Gingerbread] requires version 6 of the Java Development Kit ... which in turn is a compatible implementation of Java SE 6 ....  [Lollipop] requires JDK 7, which in turn is a compatible implementation of Java SE 7.").  In other words, because the new Android versions require the Java SE 6 and 7 Development Kits, they must be tested for compatibility against Java SE 6 and 7.  This is a result of the deliberate decisions of Google's engineers, and Google cannot now use its *increased* infringement to keep evidence related to compatibility testing out of the case.  Google made compatibility of Android and Java a centerpiece of its fair use argument.  It cannot avoid the rebuttal to that argument.

Moreover, as Google is well aware, fragmentation of the Java platform and compatibility—the promise of "write once, run anywhere"—are important components of Oracle's theory of harm. *See, e.g.*, ECF No. 1292 (Suppl. Compl.) ¶ 22 ("[A]pplications written for these new Android versions are not compatible with the Java platform," and "Android has now irreversibly destroyed Java's fundamental value proposition as a potential mobile device operating system by breaking the 'write once, run anywhere' principle on which Java was built."). Nevertheless, Google seeks to strike ten paragraphs of the Schmidt report that have nothing to do with Google's infringement of Java SE 6 and 7, but instead describe the results of compatibility tests run on new Android versions against Java SE 6 and 7. ECF No. 1454-5 (Kamber Decl. Ex. 4 ¶¶ 97-106).[2]

For these reasons, as well as additional damages theories still being explored in expert discovery, Google's incompatibility with the Java platform, separate from any potential infringement of Java SE 6 and 7, is relevant to fair use and damages and cannot be excluded either through a motion to strike or a premature motion *in limine* disguised as a motion to strike.

### B. Java SE 6 & 7 Are Relevant To Google's Willfulness And Its Equitable Defenses.

Evidence that Google not only continued to copy from Java after this suit was filed, but *expanded* its infringement to later-released versions of Java is directly relevant to Oracle's willfulness claims and equally relevant to rebut Google's equitable defenses.

"To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (quotation marks omitted). Google's expanded copying *after* suit was filed and the Federal Circuit's opinion supports a finding of specific intent to infringe—far beyond the willfulness standard required in copyright. Willfulness remains in the case because Oracle's statutory damages claims remain

---

[2] Google has also claimed that compatibility is relevant to fair use factors 2 and 4. If that is true, then Android's lack of compatibility is also relevant to fair use, and the results of Android compatibility test results against Java SE 6 and 7 are relevant regardless of whether Google is alleged to have infringed Java SE 6 and 7.

1    pending, ECF No. 1321 (Order) at 12-13, and because of Google's equitable defenses.

2         Both laches and equitable estoppel require a showing of prejudice, and, as equitable

3    defenses, both defenses can be defeated by a defendant's unclean hands.  "[C]ontinuation of in-

4    fringing activity is probative of a lack of prejudice" where the defendant did not "stop[] selling

5    the allegedly infringing product" even after the complaint was filed.  *Ormco Corp. v. Align Tech.,*

6    *Inc.*, 647 F. Supp. 2d 1200, 1206 (C.D. Cal. 2009) (quotation marks omitted); *Meyers v. Asics*

7    *Corp.*, 974 F.2d 1304, 1308 (Fed. Cir. 1992) (rejecting laches where defendants did not "curtail[]

8    design and development" of accused products after plaintiff sued); *see Gasser Chair Co. v. Infanti*

9    *Chair Mfg. Corp.*, 60 F.3d 770, 773, 776 (Fed. Cir. 1995) ("As with laches, egregious conduct

10   must be considered as part of the equitable estoppel determination.").

11                                   **<u>CONCLUSION</u>**

12        For the foregoing reasons, Google's motion to strike should be denied in its entirety.

13   Dated: February 1, 2016                    Respectfully submitted,

14                                              Orrick, Herrington & Sutcliffe LLP

15                                         By: */s/ Gabriel M. Ramsey*

16                                              Gabriel M. Ramsey

17                                              Counsel for ORACLE AMERICA, INC.

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE PORTIONS OF
ORACLE'S EXPERT REPORTS