1  ORRICK, HERRINGTON & SUTCLIFFE LLP
   KAREN G. JOHNSON-MCKEWAN (SBN 121570)
2  kjohnson-mckewan@orrick.com
   ANNETTE L. HURST (SBN 148738)
3  ahurst@orrick.com
   GABRIEL M. RAMSEY (SBN 209218)
4  gramsey@orrick.com
   405 Howard Street, San Francisco, CA 94105
5  Tel: 1.415.773.5700 / Fax: 1.415.773.5759
   PETER A. BICKS (*pro hac vice*)
6  pbicks@orrick.com
   LISA T. SIMPSON (*pro hac vice*)
7  lsimpson@orrick.com
   51 West 52nd Street, New York, NY 10019
8  Tel: 1.212.506.5000 / Fax: 1.212.506.5151

9  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (*pro hac vice*)
10 dboies@bsfllp.com
   333 Main Street, Armonk, NY 10504
11 Tel: 1.914.749.8200 / Fax: 1.914.749.8300
   STEVEN C. HOLTZMAN (SBN 144177)
12 sholtzman@bsfllp.com
   1999 Harrison St., Ste. 900, Oakland, CA 94612
13 Tel: 1.510.874.1000 / Fax: 1.510.874.1460

14 ORACLE CORPORATION
   DORIAN DALEY (SBN 129049)
15 dorian.daley@oracle.com
   DEBORAH K. MILLER (SBN 95527)
16 deborah.miller@oracle.com
   MATTHEW M. SARBORARIA (SBN 211600)
17 matthew.sarboraria@oracle.com
   RUCHIKA AGRAWAL (SBN 246058)
18 ruchika.agrawal@oracle.com
   500 Oracle Parkway,
19 Redwood City, CA 94065
   Tel: 650.506.5200 / Fax: 650.506.7117

20 *Attorneys for Plaintiff*
   ORACLE AMERICA, INC.

21                UNITED STATES DISTRICT COURT

22                NORTHERN DISTRICT OF CALIFORNIA

23                   SAN FRANCISCO DIVISION

24 | ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
25 | Plaintiff, | **DECL. OF GABRIEL M. RAMSEY IN SUPPORT OF ORACLE'S OPPOSITION TO GOOGLE'S MOTION TO STRIKE PORTIONS OF ORACLE'S EXPERT REPORTS** |
   | v. | |
26 | GOOGLE INC. | |
27 | Defendant. | Hearing: February 2, 2016, 11:00 a.m. |
   | | Dept.: Courtroom 8, 19th Floor |
28 | | Judge: Honorable William H. Alsup |

1    I, Gabriel M. Ramsey, declare and state as follows:

2    1.   I am a member of the bar of the State of California, admitted to practice before this Court, and I am a partner with the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), attorneys of record for Plaintiff Oracle America, Inc., ("Oracle").  I am familiar with the events, pleadings and discovery in this action and, if called as a witness, I could and would testify competently to the matters stated herein of my own personal knowledge.

3    2.   I submit this declaration in support of Oracle's Opposition to Google's Motion to Strike Portions of Oracle's Expert Reports.

4    3.   When this action was remanded from the Federal Circuit, the operative complaint was Oracle's Amended Complaint, filed October 27, 2010.  ECF 36.  In order to bring Oracle's allegations up to date, Oracle sought leave to file a supplemental complaint.  *See* ECF 1287.  The Supplemental Complaint was filed on August 12, 2015.  ECF 1292.  The Supplemental Complaint stated a prima facie claim of copyright infringement against six new versions of Android released after October 27, 2010: Gingerbread (released Dec. 2010), Honeycomb (Feb. 2011), Ice Cream Sandwich (Oct. 2011), Jelly Bean (July 2012), KitKat (Oct. 2013) and Lollipop (Nov. 2014).  *See* ECF 1292 ¶ 1.  Oracle alleged that these six versions of Android infringed Oracle's copyrights in the Java platform without identifying a specific copyright.  *Id.*  At the time Oracle filed the Supplemental Complaint, neither Oracle nor its counsel were aware that Google had copied into the new Android versions additional copyrighted elements of the Java platform beyond those elements of Java SE 1.4 and Java SE 5 at issue in the first trial.

5    4.   Just prior to the filing of the Supplemental Complaint, the Court held a case management conference on July 30, 2015.  At the case management conference, the proposed supplemental complaint was discussed in the context of whether or not Oracle intended to elect statutory damages under the Copyright Act for purposes of willfulness.  *See* July 30, 2015 Hr. Tr. 8:18–20:7.  Google's counsel pointed out that Oracle's proposed supplemental complaint did not repeat a demand for statutory damages, and Oracle agreed, explaining 1) "that would be duplicative of the original Complaint" and 2) "[n]o new work is identified in the proposed Supplemental Complaint."  *Id.* at 17:12–14.  At the time, Oracle was not aware that Google had

- 2 -

increased its copying in Android versions released after August 2010 (Gingerbread–Lollipop) to include elements of the Java platform unique to Java SE versions 6 and 7.

5. Oracle never represented to Google or the Court that the Supplemental Complaint was limited to copying of Java SE 1.4 or 5. If Google had asked Oracle if the Supplemental Complaint was so limited, Oracle would have responded that the prima facie claim in the Supplemental Complaint included all of Oracle's copyrights in the Java platform without regard to version. When Google asked Oracle about the scope of the Supplemental Complaint on November 18, 2015, Oracle responded: "For purposes of the prima facie case laid out in the Supplemental Complaint, copyright infringement is all copying without authorization of any portion of the Java SE platform owned by Oracle, or which Oracle otherwise has a right to enforce, from the release of Gingerbread and forward." Kamber Decl. Ex. 2 at 2.

6. When discovery reopened after this case was remanded from the Federal Circuit, Oracle attempted to reach a stipulation with Google regarding the infringement claims against the new versions of Android contained in the Supplemental Complaint. Google stated by email on October 4, 2015 that it was only willing to stipulate to infringement of those portions of the structure, sequence and organization ("SSO") already copied from Java in the Froyo release of Android, excluding verbatim copying of declaring code that had also appeared in Froyo. As this was unacceptable to Oracle and it appeared that a stipulation would not be possible, Oracle began its own code analysis to determine exactly what Google had copied into Android versions released after October 2010. Attached hereto as Exhibit 1 is a true and correct copy of correspondence between Oracle and Google related to the infringement stipulation, dated September 2, 2015 through October 4, 2015.

7. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the Expert Report of Professor Douglas C. Schmidt, Ph.D., dated January 8, 2016, and provided to Google on that same date. Exhibit 2 does not contain Appendices K through M of the report.

8. Attached hereto as Exhibit 3 is a true and correct copy of the Declaration of Mark Reinhold, executed on January 7, 2016 in Menlo Park, California. This declaration is relied on by the Schmidt Report and was provided to Google as part of Dr. Schmidt's reliance materials.

1  Exhibit 3 does not contain the exhibits to the declaration.

2      9.    Attached hereto as Exhibit 4 is a true and correct copy of the Expert Report of
3  Chris F. Kemerer, Ph.D., dated January 8, 2016, and provided to Google on that same date.

4      10.    Attached hereto as Exhibit 5 is a true and correct copy of the Expert Report of
5  Robert Zeidman, dated January 8, 2016, and provided to Google on that same date.

6      11.    Attached hereto as Exhibit 6 is a true and correct copy of the Certificate of
7  Registration for Oracle's copyright in Java Standard Edition 7, dated November 4, 2015, and
8  produced in this litigation, marked as OAGOOGLE3000000504–OAGOOGLE3000000511.

9      12.    Attached hereto as Exhibit 7 is a true and correct copy of the Certificate of
10 Registration for Oracle's copyright in Java Standard Edition 6, dated May 20, 2008, admitted as
11 TX 659 during the first trial.

12     13.    Attached hereto as Exhibit 8 is a true and correct copy of the Certificate of
13 Registration for Oracle's copyright in Java 2 Standard Edition 1.4, dated April 20, 2005, admitted
14 as TX 464 during the first trial.

15     14.    Attached hereto as Exhibit 9 is a true and correct copy of the Certificate of
16 Registration for Oracle's copyright in Java Standard Edition 5.0, dated December 20, 2004,
17 admitted as TX 475 during the first trial.

18     15.    Attached hereto as Exhibit 10 is a true and correct copy of excerpts of Plaintiff's
19 Interrogatories to Google Inc., Set Five, served on Google on August 21, 2015.

20     16.    Attached hereto as Exhibit 11 is a true and correct copy of excerpts of Defendant
21 Google Inc.'s Responses and Objections to Plaintiff's Interrogatories, Set Five, served on Oracle
22 on September 21, 2015.

23     17.    Attached hereto as Exhibit 12 is a true and correct copy of excerpts of Oracle's
24 Supplemental Responses to Google's Sixth Set of Interrogatories, served on Google on November
25 12, 2015.

26     18.    Attached hereto as Exhibit 13 is a true and correct copy of excerpts of Defendant
27 Google Inc.'s Second Supplemental Responses and Objections to Plaintiff's Interrogatories, Set 5
28 (Nos. 26–37), served on Oracle on November 12, 2015.

1  19. Attached hereto as Exhibit 14 is a true and correct copy of excerpts of Defendant Google Inc.'s Third Supplemental Responses and Objections to Plaintiff's Interrogatories, Set 5 (Nos. 26–37), served on Oracle on December 16, 2015.

20. Attached hereto as Exhibit 15 is a true and correct copy of excerpts of Defendant Google Inc.'s Eighth Set of Interrogatories to Plaintiff Oracle America, Inc. (No. 38), served on Oracle on November 16, 2015.

21. Attached hereto as Exhibit 16 is a true and correct copy of Oracle's Responses and Objections to Google's Eighth Set of Interrogatories (No. 38), served on Google on December 16, 2015.

22. I declare under penalty of perjury under the laws of the United States that the foregoing is true.

Executed this 1st day of February, 2016, at San Francisco, CA.

*/s/ Gabriel M. Ramsey*
Gabriel M. Ramsey