# EXHIBIT 11

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111
Telephone:    415 391 5400
Facsimile:    415 397 7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:    212 556 2100
Facsimile:    212 556 2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **DEFENDANT GOOGLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES, SET FIVE** <br><br> Dept.      Courtroom 8, 19th Fl. <br> Judge:    Hon. William Alsup |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the parties' stipulation, Defendant Google Inc. ("Google"), through its attorneys, provides these responses and objections to Plaintiff's Interrogatories to Defendant Google Inc., Set Five ("Plaintiff's Fifth Interrogatories"), served by Plaintiff Oracle America, Inc. ("Plaintiff" or "Oracle") on August 21, 2015.

**GENERAL OBJECTIONS**

1. Google responds generally that its investigation of the facts relevant to this litigation is ongoing.  Google's responses herein are given without prejudice to Google's right to amend or supplement in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Civil Local Rules, the Court's Case Management Orders, and any applicable Standing Orders.

2. Google generally objects to Plaintiff's Fifth Interrogatories, and the "Definitions and Instructions" related thereto, to the extent they are inconsistent with or impose obligations beyond those required by the Federal Rules of Civil Procedure, the Civil Local Rules, the Case Management Orders entered by the Court, and any applicable Standing Orders.  In responding to each Interrogatory, Google will respond as required under Rule 33 of the Federal Rules of Civil Procedure.

3. Google generally objects to Plaintiff's Fifth Interrogatories to the extent they attempt to reopen discovery on issues, events, transactions, and/or occurrences that could have, and should have been addressed, if at all, prior to the original trial.

4. Google objects to the definition of the words "Google" "You" and "Your" in paragraph 1 of the Definitions of the Interrogatories as overly broad, unduly burdensome, vague, and ambiguous and because the definition seeks to expand the definition of "Google" to include all "predecessors, affiliates, successors, subsidiaries, divisions or parts thereof, parent holding companies, including without limitation, Alphabet, Inc., and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf." Such a definition of "Google" expands the definition beyond any reasonable or commonly accepted meaning of the term.  Further, Google generally objects to Oracle's definitions of "Google,"

1  "You," and "Your" as overbroad and vague to the extent the definitions purport to include
2  Alphabet, Inc., as Google's proposed reorganization has not yet been finalized.

3      5.    Google generally objects to Oracle's definition of "Android" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes "related public or proprietary source code, executable code, and documentation."  Android is an open source software project, and Google distributes the source code for Android pursuant to a free and open source license that allows third parties to make modifications to the Android source code that Google distributes.  Accordingly, Google objects to Oracle's definition of "Android" to the extent it purports to include software created, modified, and/or distributed by third parties and not Google.  Similarly, Google objects to the term "GOOGLE ANDROID devices" as vague and ambiguous and further objects to the term as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes devices running Android software that are manufactured and sold by third parties, including without limitation any original equipment manufacturers, and not Google.

    6.    Google generally objects to Oracle's definitions of "Version" and "Versions" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Android is an open source software project, and Google distributes the source code for Android pursuant to a free and open source license that allows third parties to make modifications to the Android source code that Google distributes.  Accordingly, Google objects to Oracle's definition of "Version" to the extent it purports to include software created, modified, and/or distributed by third parties and not Google.

    7.    Google generally objects to Oracle's definition of "37 Java API Packages" as vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

    8.    Google generally objects to Oracle's definition of "Declaring Code" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Google further objects that the term "code," as used in the

definition, is vague and ambiguous, as it is unclear whether Oracle is referring to human-readable source code or something else.  Google further objects to the definition of Declaring Code as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to include anything other than the source code declarations that comprise the structure, sequence, and organization for the 37 Java API Packages that were the subject of the Question 1A on the Phase 1 Special Verdict Form in the prior trial in this action.

9. Google generally objects to Oracle's definition of "SSO" and "structure, sequence and organization" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to include anything other than the structure, sequence, and organization of the 37 Java API Packages that were the subject of the Question 1A on the Phase 1 Special Verdict Form in the prior trial in this action.

10. Google generally objects to Oracle's definition of "Java Platform" as vague, ambiguous and potentially overbroad.  When used in Google's responses, the phrase "Java Platform" shall have the meaning ascribed to that phrase in paragraph 9 of Oracle's Amended Complaint, filed in this Action on October 27, 2010 (ECF No. 36), including without limitation Java ME (Micro Edition), Java SE (Standard Edition), Java EE (Enterprise Edition), OpenJDK, and all versions thereof.

11. Google generally objects to Plaintiff's Fifth Interrogatories to the extent (a) they are not reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim or defense of any party; (b) they are unreasonably cumulative or duplicative; (c) they seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (d) the burden or expense of the proposed discovery outweighs any likely benefit.

12. Google generally objects to Plaintiff's Fifth Interrogatories to the extent they seek information, documents, and/or things protected from discovery by the attorney-client privilege, the work product doctrine, the common-interest privilege, and/or any other applicable privilege,

3
DEFENDANT GOOGLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
INTERROGATORIES, SET FIVE
Case No.  CV 10-03561 WHA

986224

1  immunity, or protection.  Nothing contained in Google's responses is intended to be, or in any
2  way shall be deemed, a waiver of any such applicable privilege or doctrine.

3      13.    Google generally objects to Plaintiff's Fifth Interrogatories to the extent they
4  request information, documents, and/or things not within the possession, custody, or control of
5  Google, that are as readily available to Plaintiff as to Google, or that are otherwise in the
6  possession of Plaintiff, on the grounds that such requests are unduly burdensome.

7      14.    Google further objects to what Oracle has labeled as Interrogatory Nos. 26, 27, 28,
8  29, 30, 31, 32, 34 and 35 as improperly compound and containing multiple distinct sub-parts.

9      15.    Google objects to each Interrogatory as premature to the extent it seeks expert
10  testimony. Google will disclose such information at the time and in the manner contemplated by
11  the Federal Rules of Civil Procedure, the Civil Local Rules, the Court's Case Management
12  Orders, and any applicable Standing Orders in this case.  Google also reserves the right to amend
13  and incorporate expert opinion and testimony at the appropriate time.

14      16.    Google incorporates by reference these General Objections into the specific
15  objections and responses set forth below.  While Google may repeat a General Objection for
16  emphasis or some other reason, the failure to specifically refer to any General Objection does not
17  constitute a waiver of any sort.  Moreover, subject to the requirements of Rule 33 of the Federal
18  Rules, Google reserves the right to alter or amend its objections and responses set forth herein as
19  additional facts are ascertained and analyzed.

20      17.    Google remains willing to meet and confer with respect to any of its objections to
21  assist Plaintiff in clarifying or narrowing the scope of the requested discovery, and reserves the
22  right to move for a protective order if agreement cannot be reached.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 26:**

For each VERSION of ANDROID developed or released by GOOGLE since October 27, 2010, identify all ANDROID code that contains or replicates code from the 37 JAVA API PACKAGES, including any DECLARING CODE or any other code contained in the JAVA PLATFORM.

**RESPONSE TO INTERROGATORY NO. 26:**

In addition to its General Objections, Google objects to this Interrogatory as vague, ambiguous and potentially overbroad and unduly burdensome as to the terms "code," "version," "Android," "developed or released by Google," "contains or replicates code from the 37 Java API Packages," "declaring code," and "any other code contained in the Java Platform." Google also objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information to the extent it requires Google to identify any "code" beyond the source code included in the 37 Java API Packages at issue in this litigation. Google also objects to this Interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information related to operations of Google outside of the United States having no connection with the United States, and to the extent that it seeks information unrelated to the copyright infringement allegations set forth in Plaintiff's Amended and Supplemental Complaints. Google further objects to this Interrogatory as improperly compound and containing multiple distinct sub-parts. Google further objects to this Interrogatory to the extent it attempts to reopen discovery on issues, events, transactions, and/or occurrences that could have, and should have been addressed, if at all, prior to the original trial.

Subject to and without waiving the foregoing objections and the General Objections, Google states that it will produce or otherwise identify relevant, non-privileged documents or code repositories from which information responsive to this Interrogatory can be derived pursuant to Fed. R. Civ. P. 33(d). Google will supplement this response to identify the responsive documents at the appropriate time, after such documents have been produced.

**INTERROGATORY NO. 27:**

For any software developed or released by GOOGLE since October 27, 2010, identify all code from such software that contains or replicates code from the 37 JAVA API PACKAGES, including any DECLARING CODE or any other code contained in the JAVA PLATFORM.

**RESPONSE TO INTERROGATORY NO. 27:**

In addition to its General Objections, Google objects to this Interrogatory as vague, ambiguous and potentially overbroad and unduly burdensome as to the terms "code," "any software," "developed or released by Google," "contains or replicates code from the 37 Java API Packages," "declaring code," and "any other code contained in the Java Platform." Google also objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information to the extent it requires Google to identify any "code" beyond the source code included in the 37 Java API Packages at issue in this litigation. Google also objects to this Interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information related to operations of Google outside of the United States having no connection with the United States, and to the extent that it seeks information unrelated to the copyright infringement allegations set forth in Plaintiff's Amended and Supplemental Complaints. Google further objects to this Interrogatory as improperly compound and containing multiple distinct sub-parts. Google further objects to this Interrogatory to the extent it attempts to reopen discovery on issues, events, transactions, and/or occurrences that could have, and should have been addressed, if at all, prior to the original trial. Google objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 26.

Subject to and without waiving the foregoing objections and the General Objections, Google states that it will produce or otherwise identify relevant, non-privileged documents or code repositories from which information responsive to this Interrogatory can be derived pursuant to Fed. R. Civ. P. 33(d). Google will supplement this response to identify the responsive documents at the appropriate time, after such documents have been produced.

**INTERROGATORY NO. 28:**

For each VERSION of ANDROID developed or released by GOOGLE since October 27, 2010, identify all ANDROID code that contains or replicates the SSO of the 37 JAVA API PACKAGES.

**RESPONSE TO INTERROGATORY NO. 28:**

In addition to its General Objections, Google objects to this Interrogatory as vague, ambiguous and potentially overbroad and unduly burdensome as to the terms "code," "version," "Android," "developed or released by Google," and "contains or replicates the SSO of the 37 Java API Packages." Google also objects to this Interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information related to operations of Google outside of the United States having no connection with the United States, and to the extent that it seeks information unrelated to the copyright infringement allegations set forth in Plaintiff's Amended and Supplemental Complaints. Google objects to this Interrogatory as improperly compound and containing multiple distinct sub-parts. Google further objects to this Interrogatory to the extent it attempts to reopen discovery on issues, events, transactions, and/or occurrences that could have, and should have been addressed, if at all, prior to the original trial. Google objects to this Interrogatory as duplicative of Interrogatory No. 26.

Subject to and without waiving the foregoing objections and the General Objections, Google states that it will produce or otherwise identify relevant, non-privileged documents or code repositories from which information responsive to this Interrogatory can be derived pursuant to Fed. R. Civ. P. 33(d). Google will supplement this response to identify the responsive documents at the appropriate time, after such documents have been produced.

**INTERROGATORY NO. 29:**

For any software based on or derived from ANDROID since October 27, 2010, identify all code from such software that contains or replicates the SSO of the 37 JAVA API PACKAGES.

**RESPONSE TO INTERROGATORY NO. 29:**

In addition to its General Objections, Google objects to this Interrogatory as vague, ambiguous and potentially overbroad and unduly burdensome as to the terms "code," "any software based on or derived from Android," "Android," "all code from such software," and "contains or replicates the SSO of the 37 Java API Packages." Google further objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible information and calling for speculation to the extent it seeks information regarding entities other than Google. Google further objects to this Interrogatory as unduly burdensome to the extent it requests information, documents, and/or things not within the possession, custody, or control of Google. Google also objects to this Interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information related to operations of Google outside of the United States having no connection with the United States, and to the extent that it seeks information unrelated to the copyright infringement allegations set forth in Plaintiff's Amended and Supplemental Complaints. Google further objects to this Interrogatory as unduly burdensome to the extent it requests information, documents, and/or things not within the possession, custody, or control of Google. Google objects to this Interrogatory as improperly compound and containing multiple distinct sub-parts. Google further objects to this Interrogatory to the extent it attempts to reopen discovery on issues, events, transactions, and/or occurrences that could have, and should have been addressed, if at all, prior to the original trial. Google objects to this Interrogatory as duplicative of Interrogatory No. 27.

Subject to and without waiving the foregoing objections and the General Objections, Google states that it will produce or otherwise identify relevant, non-privileged documents or code repositories from which information responsive to this Interrogatory can be derived pursuant to Fed. R. Civ. P. 33(d). Google will supplement this response to identify the responsive documents at the appropriate time, after such documents have been produced.

1  infringement allegations set forth in Plaintiff's Amended and Supplemental Complaints. Google
2  further objects to this Interrogatory as improperly compound and containing multiple distinct sub-
3  parts. Google further objects to this Interrogatory to the extent it attempts to reopen discovery on
4  issues, events, transactions, and/or occurrences that could have, and should have been addressed,
5  if at all, prior to the original trial.

6  Subject to and without waiving the foregoing objections and the General Objections,
7  Google states that this interrogatory is unintelligible as written, and, as a result, Google is not
8  currently able to provide a further response. Google is willing to meet and confer with Oracle
9  regarding the scope and meaning of this interrogatory.

10  Dated: September 21, 2015                                        KEKER & VAN NEST LLP

12                                                          By:   /s/ *Christa M. Anderson*
                                                                  ROBERT A. VAN NEST
13                                                                CHRISTA M. ANDERSON
                                                                  DANIEL PURCELL

14                                                                Attorneys for Defendant
15                                                                GOOGLE INC.

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On September 21, 2015, I served the following document(s):

**DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET FIVE**

☑ by **ELECTRONIC MAIL (PDF)**: Based on an agreement of the parties to accept service by electronic mail, I caused a true and correct copy of the foregoing document(s) to be sent to the person(s) at the electronic notification address(es) listed below. The email was transmitted without error.

| | |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP | David Boies |
| Karen G. Johnson-Mckewan | Boies Schiller & Flexner LLP |
| Annette L. Hurst | 333 Main Street |
| Gabriel M. Ramsey | Armonk, NY 10504 |
| 405 Howard Street | Tel: 914.749.8201 / Fax: 914.749.8300 |
| San Francisco, CA 94105 | dboies@bsfllp.com |
| Tel: 415.773.5700 / Fax: 415.773.5759 | |
| | Steven C. Holtzman |
| Peter A. Bicks | 1999 Harrison St., Ste. 900 |
| Lisa T. Simpson | Oakland, CA 94612 |
| 51 West 52nd Street | Tel: 510.874.1000 / Fax: 510.874.1460 |
| New York, NY 10019 | sholtzman@bsfllp.com |
| Tel: 212.506.5000 / Fax: 212.506.5151 | |

kjohnson-mckewan@orrick.com
ahurst@orrick.com
gramsey@orrick.com
pbicks@orrick.com
lsimpson@orrick.com
Oracle/Google@orrick.com

ORACLE CORPORATION
Dorian Daley
Deborah K. Miller
Matthew M. Sarboraria
Ruchika Agrawal
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

dorian.daley@oracle.com
deborah.miller@oracle.com
matthew.sarboraria@oracle.com
ruchika.agrawal@oracle.com

Executed on September 21, 2015, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                                /s/ *Reid P. Mullen*
                                                Reid P. Mullen