# KEKER & VAN NEST LLP

**Robert A. Van Nest**
(415) 391-5400
rvannest@kvn.com

February 2, 2016

Hon. William Alsup
United States District Court, Northern District of California
Courtroom 8 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Oracle America, Inc. v. Google, Inc.* Case No. 3:10-cv-03561 WHA (N.D. Cal.)
       Response to Oracle's Request to File Motion for Summary Judgment

Dear Judge Alsup:

   Google opposes Oracle's request for leave to file a motion for summary judgment regarding laches and equitable estoppel. ECF No. 1461. The Court should defer ruling until after trial, at which point these defenses will be moot if the jury finds fair use. Oracle has previously asked the Court to rule on these equitable defenses "now" based on the written record. July 30, 2016 CMC Hr'g Tr. at 26:13, 26:17-18, 44:19. The Court declined, stating instead that it would "likely defer ruling on Google's equitable defenses until after it has heard the evidence at trial, given that new evidence may possibly bear on the issues of equitable estoppel and laches." ECF No. 1277 at 2. Oracle presents no reason to change course now.

   Indeed, Oracle's letter underscores that resolution of Google's defenses depends on hotly disputed facts (*e.g.*, whether Oracle delayed in bringing this suit), purported facts that are dependent upon resolution of witness credibility (*e.g.*, the interpretation of internal Google emails), and facts that are the subject of expert discovery (*e.g.*, prejudice from Google's reliance on Oracle's delay in filing suit). The Court should await ruling until after hearing live testimony and considering the newly discovered evidence that supports findings of both laches and estoppel, and, at the very least, precludes summary judgment when all reasonable inferences are

Hon. William Alsup
February 2, 2016
Page 2

drawn in Google's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 255 (1986).

Contrary to Oracle's unsupported assertions, for example, the evidence at trial will show that Sun represented to the world at large and to Google that the Java programming language and associated APIs were free for all to use, that Sun in fact open-sourced the Java APIs in 2007, that Sun/Oracle knew about and approved of Google's use of the APIs, and that Google relied on Sun/Oracle's affirmative statements and failure to bring a lawsuit by continuing to make significant investments in the Android platform during the period of Sun/Oracle's delay. ECF No. 1047, Google's Proposed Findings of Fact ¶¶ 21-23, 32, 37-53, 55-56, 58-92 Google's Proposed Conclusions of Law ¶¶ 24-25, 30-33; GOOG-00597898.  By September 2005, Sun knew that Google intended to invest significant resources into building a mobile platform supporting the Java language and APIs. *See* TX 617. Sun's then-CEO, Jonathan Schwartz, testified that Sun knew Android would be based on the Java language and APIs long before Android was announced. Trial Tr. 1983:22-1984:25; TX 435.  And Google made the Android software development kit and source code open-source and publicly available for the entire world to access. ECF No. 1047 ¶ 62. Instead of suing or complaining, Sun/Oracle publicly praised Android and encouraged its use by the industry. *Id.* ¶¶ 63-64, 68-70, 72-74, 76-77. This conduct continued for years; indeed, even Oracle's former CEO Larry Ellison publicly praised Google at the largest Java developer conference in the world, stating that Oracle was flattered by Android and expected to "see lots of Java devices" "from our friends at Google." TX 2939.

Moreover, newly produced evidence further establishes the extent to which Sun publicly supported Android. For example, while in the first trial Oracle argued that a blog post by Sun's CEO did not reflect Sun's official corporate position, recently-produced Sun documents refer to the post as "Sun's official statement" on Android, and state that Sun was "pleased that Google has chosen the Java language" for Android. OAGOOGLE2003084464 at 481. Similarly, newly discovered evidence reveals that Sun's Java Evangelist, Terrence Barr, publicly "commend[ed]

Hon. William Alsup
February 2, 2016
Page 3

Google" on his official blog and boasted that Google's use of Java in Android "literally guarantees Java remains the dominant platform for years to come." Barr Dep. Ex. 1366 at 1-2.

It wasn't until Oracle failed in its attempts to build a smartphone that Oracle turned on a dime, suddenly claiming infringement by Google for the first time in 2010. As Google witnesses and expert Andrew Hall will testify at trial, had Sun/Oracle not delayed with its accusations, Google could have adopted Sun/Oracle's free open source code, called Open JDK, years ago (as it has done now), as Sun publicly released it for free only months after Google announced Android. This prejudicial conduct justifies a finding of laches, *Haas v. Leo Feist, Inc.*, 234 F. 105 (S.D.N.Y. 1916), as well as equitable estoppel. *Compaq Computer Corp. v. Ergonome Inc.*, 210 F. Supp. 2d 845 (S.D. Tex. 2002), *aff'd in part, rev'd in part on other grounds*, 387 F.3d 403 (5th Cir. 2004). In short, Oracle's letter ignores the extensive evidence that will preclude summary judgment, relying on a handful of documents taken out of context, and demonstrating that Oracle's summary judgment motion would erroneously require inferences in *its* favor.

Furthermore, in light of the overlap in factual evidence relevant to fair use, laches, and equitable estoppel, allowing a summary judgment motion now on Google's equitable defenses will not streamline the trial, but will instead require the Court to consider and evaluate the same evidence twice. Evidence detailed above—such as Sun/Oracle's repeated public encouragement of Google and the rest of the world to adopt the Java language and its associated APIs, and Sun's open source license of the APIs on Open JDK—is relevant to Google's equitable defenses, as well as to the fair use factors regarding the "purpose and character" of Google's use of the APIs, and the nature of the copyrighted work, and the lack of market harm to Oracle. *See* 17 U.S.C. § 107. Thus, this evidence will be the subject of trial testimony regardless of whether Oracle is permitted to file a summary judgment motion on laches and equitable estoppel. But if the Court grants Oracle's request, Google requests that any briefing schedule be set after the close of expert discovery, in accord with the present summary judgment deadline.

1024897.01

Hon. William Alsup
February 2, 2016
Page 4

Respectfully submitted,

KEKER & VAN NEST LLP

*/S/ ROBERT A. VAN NEST*

ROBERT A. VAN NEST
Counsel for Defendant, Google Inc.

1024897.01