**KEKER & VAN NEST** LLP

633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
kvn.com

**Christa M. Anderson**
(415) 676-2276
canderson@kvn.com

February 3, 2016

Honorable William Alsup
U. S. District Court, Northern District of California
Courtroom 8 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:     *Oracle America, Inc. v. Google, Inc.,* Case No. 3:10-cv-03561 WHA (N.D. Cal.)

Your Honor:

Google respectfully submits that its form of order should be entered.  There are three major differences in the proposed orders, and each should be resolved in Google's favor.

**Scope of the stipulation.**  Google's form of order should be entered on this point because it most accurately reflects the stipulation that the parties had discussed for months prior to the hearing on February 2, 2016.  In particular, on September 2, 2015, counsel for Oracle sent a letter to counsel for Google requesting that Google stipulate that:

> Each of the versions of Android developed and/or released since Froyo (including Gingerbread, Honeycomb, Ice Cream Sandwich, Jelly Bean, KitKat, Lollipop, and Marshmallow) contains the declaring code from the 37 Java API Packages and replicates the structure, sequence, and organization of the 37 Java API packages.

On October 4, 2015, Google's counsel responded that Google was willing to enter into a stipulation that:

> Each of the versions of Android developed and/or released since Froyo (including Gingerbread, Honeycomb, Ice Cream Sandwich, Jelly Bean, KitKat, and Lollipop) contains the method headers from Froyo which in turn reflect the structure, sequence and organization for those 37 Java API packages that were the subject of Question 1A on the Phase 1 Special Verdict Form in the first trial in this action.

Despite repeated follow-up requests, Oracle neither responded nor proposed a different form of stipulation.  *See* Declaration of Gabriel M. Ramsey in Support of Oracle's Opposition to

1025436v1

Honorable William Alsup
February 3, 2016
Page 2


Google's Motion to Strike Portions of Oracle's Expert Reports (ECF No. 1465), Ex. 1.

The proposed language that Google has submitted comports with the language that Oracle itself had initially proposed -- that the "versions of Android developed and/or released since Froyo -- Gingerbread, Honeycomb, Ice Cream Sandwich, Jelly Bean, KitKat, Lollipop, and Marshmallow -- contain the method headers (referred to as "declaring code" in the 2014 Federal Circuit decision in this case) from Froyo which in turn reflect the structure, sequence and organization for those 37 Java API packages."  Oracle, on the other hand, seeks to deviate from the language that it had itself originally proposed, now proposing that the Court should order that "all releases of Android since Froyo--from and including Gingerbread through Marshmallow (including the foregoing releases when used for Android TV, Android Auto, Android Wear and Brillo)--reproduce the declaring code and the structure, sequence, and organization of the 37 Java API packages."  The parties had not previously discussed a stipulation that encompassed Android TV, Android Auto, Android Wear and Brillo, and expanding the stipulation in that way was not raised at the hearing either.  It would be inappropriate to enter an order encompassing these products when the parties have not discussed, much less agreed on, their inclusion.

Finally, Google's form of order notes that the stipulation does not apply to versions of Android that Oracle has already taken the position are not at issue in the case, *i.e.*, the versions of Android that are based on OpenJDK code.  *See* ECF No. 1451.  Because there are unique issues of express license that relate to such versions, and Oracle has declined to accuse them of infringement in this case, they should not be included along with other Android versions.  Accordingly, Google respectfully submits that its form of order should be entered on this issue.

**Effect of the stipulation.**  Google's form of order should be entered here as well, because it makes clear what Google had explained at the hearing: that whatever instructions are given to the jury to explain why the jury need not consider questions relating to infringement with respect to the versions of Android that were part of the first trial should also be given with respect to the newer versions of Android.  That obviates the need for a trial on questions relating to infringement for the newer versions of Android, while making clear that Google's defenses must still be considered prior to a finding of infringement.  As set forth above, when Oracle requested that Google stipulate to the content of the code for newer versions of Android, it never suggested the language it now wishes the Court to adopt regarding infringement.  Moreover, Oracle's proposed language regarding infringement "subject to Google establishing its defense of fair use" leaves aside the equitable defenses that the Court has indicated it would decide after hearing all of the evidence at trial, and would be confusing to the jury.  Google's form of order should be adopted on this issue.

**Preservation of objections.**  Google's form of order makes clear that, although it has no objection to the jury being instructed in the same manner with respect to the versions of Android involved in the first trial and the newer versions of Android, both parties will preserve their rights to object to the jury instructions that are given with respect to the versions of Android.  Google's form of order should be adopted on this issue as well.

Respectfully submitted,

1025436v1

Honorable William Alsup
February 3, 2016
Page 3

KEKER & VAN NEST LLP

*/s/ Christa M. Anderson*
Robert A. Van Nest
Christa M. Anderson
Daniel Purcell

Attorneys for Google Inc.

1025436v1