1
2
3
4
5
6
7
8
9
10
11
12                    UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA
14                        SAN FRANCISCO DIVISION

15  ORACLE AMERICA, INC.,              Case No. 3:10-cv-03561 WHA
16              Plaintiffs,            **[PROPOSED] ORDER ON GOOGLE INC.'S MOTION TO STRIKE PORTIONS OF ORACLE'S EXPERT REPORTS**
17       v.
18  GOOGLE INC.,
                                       Dept.      Courtroom 8, 19th Fl.
19              Defendant.             Judge:     Hon. William Alsup
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER ON GOOGLE INC.'S MOTION TO STRIKE
PORTIONS OF ORACLE'S EXPERT REPORTS
Case No. 3:10-cv-03561 WHA

1025483.

Before the Court is Google Inc.'s Motion to Strike Portions of Oracle's Expert Reports (ECF No. 1454). The Court orders as follows:

As referenced by Google's counsel during the hearing on this matter, Google has agreed that the following versions of Android developed and/or released since Froyo (i.e., Gingerbread, Honeycomb, Ice Cream Sandwich, Jelly Bean, KitKat, Lollipop, and Marshmallow) each contain the method headers (or "declaring code" as used in the Federal Circuit opinion) from Froyo which in turn reflect the structure, sequence and organization for those 37 Java API packages that were the subject of Question 1A on the Phase 1 Special Verdict Form in the first trial in this action. Accordingly, whatever jury instructions concerning the question of infringement (subject to the defense of fair use or other defenses available to Google) that this Court ultimately decides to issue in regard to the earlier Android versions that were accused and part of the original jury trial and verdict in this matter will apply equally to these newer versions of Android, eliminating the need for a trial on the threshold question of infringement as to those newer versions (but still subject to the need for a trial on the defenses of fair use or other equitable defenses). This Order applies only to the versions of Android currently accused in the case, and does not apply to OpenJDK-based versions of Android, as Oracle has not accused those versions of Android of infringement. *See* ECF No. 1451. This Order is also without prejudice to any arguments that either party might have on appeal concerning the propriety of such a jury charge as relates to the Android versions at issue.

Oracle's claims of copyright infringement in this case are limited to infringement of Java SE 1.4 and 5.0. Oracle reserves whatever claims it may have concerning infringement of Java SE versions 6.0 and 7.0, and both sides reserve all arguments regarding such claims. In particular, though without any limitations, Oracle reserves its position that Google is on notice of those claims as contemplated by this suit and therefore they are equitably tolled by the statute of limitations, and Google reserves its position that Oracle has waived its claim regarding Java SE 6 by not seeking a prior jury verdict on that version of Java SE during the first trial of this action.

The following enumerated portions of Oracle's expert reports served on January 8, 2016,

1

1025483.

are stricken: Dr. Chris Kemerer: ¶¶ 47-50 (including heading E), 208 (references to Java SE 6 and SE 7); Mr. Robert Zeidman: ¶¶ 45, 106 (all text after "Java SE 5"), 120-125 (including heading D), 146 and Exhibits V and W.  Oracle acknowledges that Google does not waive any right to challenge any of the remaining information or opinions contained in any of the reports of Oracle's experts, whether by way of *Daubert* motion, motion *in limine*, evidentiary objection, or any other objection.

Questions concerning the admissibility of references to Java SE 6.0 and Java SE 7.0 as they relate to fair use (as opposed to infringement) and damages are not determined by this Order. The Court will determine the relevance and admissibility of such evidence on a case-by-case basis.

**IT IS SO ORDERED.**

Dated: _____

By: _____
HON. WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE