

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA  94105-2669

*tel*  +1-415-773-5700
*fax*  +1-415-773-5759
**WWW.ORRICK.COM**

February 3, 2016

The Honorable William Alsup
United Stated District Court Judge
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America Inc. v. Google, Inc.*; Case No. 3:10-cv-03561-WHA
        Proposed Order Regarding Google's Motion To Strike, ECF No. 1454

Dear Judge Alsup,

Per the Court's Order, the parties met and conferred, until nearly 8 pm, but were unable to reach an agreement regarding the form of order on Google's Motion to Strike (ECF 1454).  The parties are submitting separate proposed forms.  Oracle submits this letter in support of its proposal and in response to the last version of Google's proposed order that Google circulated.

**Google's proposal interjects issues not relevant to Google's motion or the effects of its motion and seeks to re-litigate decided issues through its proposed order.**

Oracle's proposed order resolves the infringement claims at issue in light of the Court's instructions at the hearing.  Oracle has repeatedly made clear that its claims of infringement are limited to versions of Android *released* prior to the close of discovery.  ECF No. 1451; ECF 1292 (Supp. Compl.) ¶ 1 (accusing "major and minor *releases* of Android").  Nevertheless, Google's proposal broadens the claims to "**developed and/or** released" versions of Android; Oracle cannot agree to that language.  This language attempts to reinsert the new unreleased versions of Android that Google claims are based on OpenJDK.  The Court has already addressed this issue, and the parties agreed that unreleased versions of Android are not in the case.  ECF No. 1458.  Moreover, OpenJDK has nothing to do with Google's motion to strike, and Google should not be able to use its motion, which had nothing to do with OpenJDK, to revive an already-decided issue.

In addition, Google's language improperly limits the released versions of Android that are at issue in the case.  The Supplemental Complaint accuses all versions of Android since Froyo, "compris[ing] approximately 40 major and minor releases of Android."  ECF 1292 ¶ 1.  Google's proposal is limited to only named versions of Android since Froyo, which, by its language excludes all the interim releases.  Oracle cannot agree to this limitation, especially since Google has already agreed that **all new versions** of Android released since the First Amended Complaint are accused of infringing Java SE 1.4 and 5.0.  Hr. Tr. 5:7-9, 14:4-7, 17:15-17.

**The Court requested an order regarding infringement, not one just limited to copying.**

The Court told the parties at the hearing yesterday what it expects in the proposed order:

Hon. William Alsup
February 3, 2016
Page 2

"Google is stipulating to say that all of those versions of Android [Gingerbread through Marshmallow] will have been deemed **to be infringing** of ... [Java] 1.4 and 5.0."  Hr. Tr. 39:23-40:1. On Google's sole point of clarification, the Court explained: "That's right. So it's **infringement subject to fair use**." *Id.* at 39:21-40:24.  The Court's instruction is consistent with the Federal Circuit's mandate to "reinstate the jury's *infringement* verdict."  750 F.3d 1339, 1381 (Fed. Cir. 2014) (emphasis added); *accord id.* at 1377 n.17 (discussing "reinstat[ing] the infringement verdict and submit[ting] fair use to a different jury").  Oracle's order follows this instruction.

Contrary to these instructions, Google's proposal is limited to copying, not infringement. Google is not entitled to re-litigate the copyrightability question.  By addressing only copying and not infringement, Google will confuse the jury with the same evidence about copyrightability that it intends to submit again as part of fair use.  Anything short of an order where infringement has been determined (subject to fair use) does not achieve what the Federal Circuit required and the Court requested:  "I would pick up with this trial where we left off ... and allow these Gingerbread Plus products to be a basis for damages[.]"  Hr. Tr. 38:6-12.

**Google's description of the actionable copying is inconsistent with the Federal Circuit's mandate as well as the jury charge and verdict**.

Oracle's description of the infringement tracks the language of the Federal Circuit's opinion. Google's proposal improperly reduces the scope of its infringement to only "method headers," which is less than what was found by this Court and the Federal Circuit.  Oracle cannot agree that its infringement claim encompasses only "method headers"; that is inconsistent with the mandate.  The Federal Circuit ordered reinstatement of the jury's infringement verdict on "the declaring code and the structure, sequence, and organization of the 37 Java API packages," 750 F.3d at 1381, which the Federal Circuit described as "the elaborately organized taxonomy of all the names of *methods, classes, interfaces, and packages*—the overall system of organized names—covering 37 packages, with over six hundred classes, with over six thousand methods," *id.* at 1351 (emphasis added).  The Federal Circuit's mandate is not limited to only to *methods* nor is it limited only to *headers*.  The same is true of the jury's verdict.  The infringement verdict was for the "overall structure, sequence and organization" of "compilable code," ECF No. 1089, which the instructions defined as "method names and class names, declarations, definitions, parameters, organization, and implementation," ECF 1018 (¶ 18).

Google also attempts to limit its copying as merely "reflect[ing]" the SSO of the 37 Java APIs. But the Federal Circuit's holding was that Google copied *both* the declaring code *and* the SSO and that each is copyright protected.  750 F.3d at 1348 ("[W]e conclude that the declaring code and the structure, sequence, and organization of the API packages are entitled to copyright protection ….").  Google's proposal conflates these two types of infringement, which is not correct.

**Google's proposal excludes versions of Android accused in the Supplemental Complaint.**

Oracle's proposal includes an order of infringement of Java SE 1.4 and 1.5 (subject to fair use) by all of the versions of Android accused in the Supplemental Complaint, including Android Wear, Android TV, Android Auto, Brillo (Internet-of-Things version of Android).  *See* ECF No. 1292 (Supp. Compl.) ¶¶ 4-10.  These versions of Android are implementations of releases Gingerbread through Marshmallow and should be included. Google's proposal excludes versions of Android that were not even subject to Google's motion to strike.

Hon. William Alsup
February 3, 2016
Page 3

Respectfully submitted,

/s/*Annette L. Hurst*

Annette L. Hurst

Hon. William Alsup
February 3, 2016
Page 4

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Annette L. Hurst*

Annette L. Hurst
Counsel for Plaintiff Oracle America, Inc.