**ORRICK, HERRINGTON & SUTCLIFFE LLP**
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
Email: kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
Email: ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
Email: gramsey@orrick.com
ROBERT P. VARIAN (SBN 107459)
Email: rvarian@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
Email: pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
Email: lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

**BOIES, SCHILLER & FLEXNER LLP**
DAVID BOIES (*pro hac vice*)
Email: dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
Email: sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

**ORACLE CORPORATION**
DORIAN DALEY (SBN 129049)
Email: dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
Email: deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
Email: matthew.sarboraria@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br>　　v.<br>GOOGLE INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**PLAINTIFF ORACLE AMERICA, INC.'S RESPONSE TO GOOGLE INC.'S MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION DKT. NO. 1434**<br><br>Dept.:　Courtroom 4, 3rd Floor (Oakland)<br>Judge:　Hon. Donna M. Ryu<br>Date:　March 8, 2016<br>Time:　11:00 a.m. |

Oracle takes no position on the question whether the Court should reverse its ruling declining to seal certain portions of the January 14, 2016 transcript. It will limit this response to Google's characterization of the underlying events, which can most charitably be characterized as overzealous advocacy in a hotly contested case.

Google's Motion for Reconsideration (the "Motion") reprises prior assertions that Oracle's counsel gratuitously disclosed information that was not pertinent to the discovery dispute being argued at the January 14 hearing, in violation of the Protective Order. Those assertions, and the highly publicized efforts to impugn Oracle's counsel (including by attempting to have her held in contempt and barred from further access to confidential information [Dkt. No. 1457]), are wholly unfounded.

<u>There Was No Violation Of The Protective Order</u>

Putting aside Google's over-the-top claims of gratuitous conduct and bad intentions, there was no violation of the Protective Order. That is true for at least three core reasons.

First, the Protective Order expressly permits disclosure of confidential information to "the court and court personnel." Dkt. No. 66 ¶¶ 7.2(d) and 7.3(d). As Judge Alsup's order approving the Protective Order made clear, "[a]ny confidential materials used openly in court hearings and trial will not be treated in any special manner absent a further order." Dkt. No. 68 ¶ 5. The statements at issue here were made orally to the Court in a hearing, not in documents disseminated to third parties, and were accordingly not governed by the Protective Order absent a further order.

Second, with the exception of a thirteen-word sentence referring to deposition testimony regarding the percentage of revenue shared with Apple [January 14 Tr. at 29:24-25], Google did not move to seal any disclosure made at the hearing [*see* Tr. at 30:2-18]. Rather, Google made clear that its oral motion to seal was limited to a reference to deposition testimony regarding the Apple revenue share percentage [Tr. at 30:17-18], and the motion was subsequently denied. Dkt. No. 1434. At the hearing Google's counsel did not object to Oracle's reference to gross estimates of revenue and profits that Google has generated on Android since its release. Tr. 4:9-13, 6:19-20. The revenue and profit estimates were referred to twice, but were not the subject of

1  Google's oral motion to seal.

2  Third, prior to the hearing Oracle's counsel did not "reasonably expect" to make either of
3  the statements Google now seeks to seal, and did not violate the notice provision of the Protective
4  Order. Dkt. No. 66 ¶ 5.2(b); Hurst Decl. ¶ 4. Rather, the disclosures Google now seeks to seal
5  came up in response to inaccurate assertions by Google's counsel and questions from the Court,
6  and were provided on the fly to assist the Court in making an informed determination of the
7  motion to compel. Accordingly, the Motion's claim (at 2) that the Protective Order was violated
8  because "Oracle provided no notice to Google that it intended to disclose this information at the
9  January 14 hearing" is incorrect, <u>assuming</u> that the Protective Order applies in a way that ignores
10 ¶ 5 discussed above.

There Was No Gratuitous Revelation Of Irrelevant Information

12 Google's Motion states that "Oracle's counsel gratuitously revealed sensitive information"
13 (at 1), that the "disclosures were gratuitous and not pertinent to the resolution of the discovery
14 dispute" (at 4), that there was a "lack of any connection between the information disclosed and
15 the underlying cause of action" (*id.*), and that "there was no reason for Oracle's counsel to
16 disclose it" (*id.*). Each of those assertions is directly contradicted by the record.

17 The magnitude and details of Google's commercial exploitation of the Java APIs through
18 Android are at the core of this dispute, and are directly relevant to fair use and monetary
19 remedies. Oracle's motion to compel [Dkt. No. 1404] sought information related to the value to
20 Google of distributing search on mobile platforms, and the contribution of mobile platforms in
21 acquiring search advertising revenue. The information Oracle's counsel provided to the Court
22 during the hearing addressed those key issues, and was integral to the Court's exploration of them
23 at the hearing.

24 The reference to testimony regarding the revenue sharing percentage with Apple, the <u>only</u>
25 statement that Google moved to seal at the hearing, was directly relevant, and was made in
26 connection with searching inquiries by the Court. The Court was focused on the information that
27 Google had provided concerning the revenue share, and the reasons that Oracle needed the more
28 granular information sought in the motion to compel. *See* Tr. at 2:24-3:14, 3:24-25, 5:4-8,

1   5:17-18, 12:1-6, 16:4-7, 19:4-5, 20:6-12, 21:16-21, 21:24-25, 24:16-23, 26:7-16, 27:23-28:4,

2   28:14, 28:21.  As the questions became more focused Google's counsel repeatedly claimed that

3   the revenue sharing information that Oracle sought with respect to Apple had already been

4   provided in a 30(b)(6) deposition.  *See, e.g.*, Tr. 16:14-20, 17:1-11, 20:3-16, 26:20-21, 29:10-13.

5          The disclosure that Google moved to seal came after Google's counsel disputed Oracle's

6   explanation of why it needed the more detailed information sought in the motion to compel (most

7   of which Google was later ordered to produce).  In the course of arguing that Oracle already had

8   the information it sought, Google's counsel asserted that Oracle's statements to the contrary were

9   "absolutely not true," and cited the 30(b)(6) deposition as support for that claim.  Tr. 20:3-16.

10  The Court did not have the deposition transcript.

11         Because Google's statements regarding the 30(b)(6) deposition diverged from Oracle's

12  counsel's recollection of what the witness had said, she asked a colleague to pull the transcript up

13  during the hearing, and reviewed the pertinent testimony during the argument.  Hurst Decl. ¶ 6.

14  In an effort to correct inaccurate statements by Google's counsel, and to explain why Oracle

15  needed additional information in admissible form, Oracle's counsel explained that the witness had

16  merely testified that "at one point in time" the revenue share had been a certain percentage.

17  Tr. 29:10-25; Hurst Decl. ¶ 7.

18         That sentence was spoken in the course of a free-flowing discussion, to ensure that the

19  Court had accurate information on an issue that had emerged as important to the matters being

20  argued, and as part of a discussion that <u>Google</u> initiated.  The reference to the witness's testimony

21  was thus <u>necessary</u>, not irrelevant or gratuitous, and there was no opportunity to provide advance

22  notice to Google.  Oracle did not anticipate that Google either would raise the 30(b)(6) deposition

23  at the hearing, or would make inaccurate statements about its contents.  Hurst Decl. ¶ 4.  Indeed,

24  Oracle's counsel did not bring the transcript to the hearing.  *Id.* at ¶ 6.

25         The information that Google did not move to seal at the hearing came up in response to

26  the Court's request that Oracle's counsel "explain" how requested information "would play into

27  apportionment of profits," which was part of a broader inquiry regarding Oracle's damage

28  analysis.  Tr. at 3:21-25.  The gross estimates for revenue and profits associated with Android

1    were first provided to the Court as part of the explanation that the Court requested, and then in

2    response to a question from the Court regarding the relevance of information to fair use issues.

3    Tr. at 4:1-8:1.  Google's failure to include the estimates in its oral motion to seal waives the

4    arguments it makes with respect to them in the Motion, and Oracle's reference to the estimates

5    was neither irrelevant nor gratuitous.

6    　　　　Google's assertion that Oracle failed "to respect the protocols mandated by the Protective

7    Order" by failing "to remedy" the disclosure is similarly unfounded.  *See* Motion at 2-3.  The

8    relevant portion of the Protective Order requires the parties to "use best efforts to retrieve all

9    unauthorized copies of the Protected Material."  Dkt. No. 66 ¶ 12(b).  No copies of Protected

10   Material were filed or disseminated; the statements were made at a hearing as consistent with ¶ 5

11   of the Protective Order.  Moreover, the press reports referred to in the Motion appear to have been

12   triggered by Google's own court filings, not statements made during the January 14 hearing.[1]

13   Oracle did not discuss these matters with or in the press, on or off the record, or direct anyone to

14   the transcript or court reporter, and has confirmed that fact to Defendant.  Hurst Decl. ¶ 9.

15   　　　　　　　　　　　　　　　　　　　　Conclusion

16   　　　　There was, and is, no factual or legal basis for Google's attempt to portray the discussion

17   at the January 14 hearing as an ill-intentioned violation of the Protective Order -- much less for

18   attempting to use it as a vehicle for an attack on Oracle's counsel and a contempt citation.  Civil

19   contempt requires a showing by clear and convincing evidence that an order was violated without

20   a good faith basis, and the remedy for such a violation must be wholly remedial and necessary to

21   ensure future compliance.  There was demonstrably no such violation here.

---

[1] The January 21 Bloomberg article cited at p. 3 n.2 of the Motion, which Google claims "opened the floodgates to further stories" [Dkt. No. 1457 at 3], did not appear until after Google filed its motion for leave to file on January 20 [Dkt. No. 1438].

OHSUSA:764504537 　　　　　　　　- 4 -　　　　PLAINTIFF ORACLE AMERICA, INC.'S RESPONSE TO GOOGLE INC.'S MOTION FOR RECONSIDERATION
CASE NO. CV 10-03561 WHA

| | |
|---|---|
| Dated: February 4, 2016 | KAREN G. JOHNSON-MCKEWAN<br>ANNETTE L. HURST<br>GABRIEL M. RAMSEY<br>PETER A. BICKS<br>LISA T. SIMPSON<br>ROBERT P. VARIAN<br>Orrick, Herrington & Sutcliffe LLP |
| | By:   */s/ Robert P. Varian*<br>         Robert P. Varian<br>         Attorneys for Plaintiff<br>         ORACLE AMERICA, INC. |