1  **ORRICK, HERRINGTON & SUTCLIFFE LLP**
   KAREN G. JOHNSON-MCKEWAN (SBN 121570)
2  Email:  kjohnson-mckewan@orrick.com
   ANNETTE L. HURST (SBN 148738)
3  Email:  ahurst@orrick.com
   GABRIEL M. RAMSEY (SBN 209218)
4  Email:  gramsey@orrick.com
   ROBERT P. VARIAN (SBN 107459)
5  Email:  rvarian@orrick.com
   405 Howard Street, San Francisco, CA  94105
6  Tel: 1.415.773.5700 / Fax: 1.415.773.5759
   PETER A. BICKS (*pro hac vice*)
7  Email: pbicks@orrick.com
   LISA T. SIMPSON (*pro hac vice*)
8  Email:  lsimpson@orrick.com
   51 West 52nd Street, New York, NY  10019
9  Tel: 1.212.506.5000 / Fax: 1.212.506.5151

10 **BOIES, SCHILLER & FLEXNER LLP**
   DAVID BOIES (*pro hac vice*)
11 Email:  dboies@bsfllp.com
   333 Main Street, Armonk, NY  10504
12 Tel: 1.914.749.8200 / Fax: 1.914.749.8300
   STEVEN C. HOLTZMAN (SBN 144177)
13 Email:  sholtzman@bsfllp.com
   1999 Harrison St., Ste. 900, Oakland, CA  94612
14 Tel: 1.510.874.1000 / Fax: 1.510.874.1460

15 **ORACLE CORPORATION**
   DORIAN DALEY (SBN 129049)
16 Email:  dorian.daley@oracle.com
   DEBORAH K. MILLER (SBN 95527)
17 Email:  deborah.miller@oracle.com
   MATTHEW M. SARBORARIA (SBN 211600)
18 Email:  matthew.sarboraria@oracle.com
   500 Oracle Parkway,
19 Redwood City, CA 94065
   Tel: 650.506.5200 / Fax: 650.506.7117

20 *Attorneys for Plaintiff*
   ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
|---|---|
| Plaintiff, | **DECLARATION OF ANNETTE L. HURST RE: GOOGLE INC.'S MOTION FOR RECONSIDERATION [DKT. NO. 1462]** |
| v. | |
| GOOGLE INC. | Dept.: Courtroom 4, 3rd Floor (Oakland) |
| Defendant. | Judge: Hon. Donna M. Ryu |
| | Date: March 8, 2016 |
| | Time: 11:00 a.m. |

DECL. OF ANNETTE L. HURST
CASE NO. CV 10-03561 WHA

OHSUSA:764508361.2

I, Annette L. Hurst, declare as follows:

1. I am a partner at the law firm Orrick, Herrington & Sutcliffe LLP, counsel of record for Plaintiff Oracle American, Inc. ("Oracle") in this action. I have personal knowledge of the facts stated in this declaration except where stated as to information and belief. If called upon to testify competently hereto, I could and would do so.

2. I made the statement regarding my understanding of the approximate revenues and profits that Google derived from Android since its release, at page 4 of the transcript of the January 14, 2016 hearing, in response to the Court's request that I explain how information sought in the motion to compel would "play into" apportionment of profits. I referred to the revenue and profit estimates as part of that explanation, to assist the Court's understanding, and for no other reason.

3. I made the same reference to estimated revenue and profits, at page 6 of the transcript, in response to a question from the Court regarding the relevance to fair use of information requested in the motion to compel. I referred to the revenue and profit estimates as part of that explanation, to assist the Court's understanding, and for no other reason.

4. I did not anticipate or expect prior to the January 14 hearing that I would disclose these particular numbers referred to in paragraphs 2 and 3 above. I did not prepare to mention them and gave the estimates on the spot from memory. I have gone back to review the documentation since then and my estimates were not entirely accurate reflections of Oracle's then-existing expert calculations. In other words, I did not consult Oracle's expert reports either in advance of or during the hearing in order to confirm the numbers and then recite them to the Court.

5. I referred to the deposition testimony of Mr. Gold with respect to Google's revenue share with Apple, at page 29 of the transcript, as part of a long discussion in which the Court inquired why Oracle needed granular information on that subject. During that discussion Google's counsel inaccurately stated that Oracle already had the information it was requesting, and cited Mr. Gold's testimony as the source of such information.

- 1 -

DECL. OF ANNETTE L. HURST
CASE NO. CV 10-03561 WHA

OHSUSA:764508361.2

6. I did not bring the Gold deposition transcript with me to the hearing. Because counsel's assertions about Mr. Gold's testimony did not jibe with my recollection of what the witness had said, I asked one of my colleagues to find a copy and identify the relevant pages so that I could respond. He did so and handed me his laptop, which I held in front of me at the podium in order to respond to the assertions of Google's counsel as part of the argument.

7. I referred to Mr. Gold's testimony regarding the revenue share in response to counsel's repeated inaccurate assertions that the testimony provided the information sought in the motion to compel. I referred to the testimony for the purpose of providing accurate information to the Court, and for no other purpose.

8. I did not anticipate or expect that I would be referring to these particular passages of Mr. Gold's deposition testimony prior to the January 14 hearing. I did not refer to them in advance during my preparation for the hearing.

9. Oracle and Orrick were contacted by members of the press to comment on this information after Google filed its motion to seal. Although the Court had already denied Google's motion to seal made at the hearing, neither Oracle nor any of Orrick's lawyers provided any comment on the record, or discussion on background or off the record. We did not supply copies of the transcript to journalists, nor (despite requests) identify the court reporter from whom a transcript could be ordered. After leaving the courtroom, I have not discussed the information disclosed during the hearing or the contents of the hearing transcript with anyone other than in a privileged and confidential context.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Dated: February 4, 2016     By:     */s/ Annette L. Hurst*
                                                        Annette L. Hurst