IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C 10-03561 WHA |
| Plaintiff, | |
| v. | |
| GOOGLE INC., | **TENTATIVE TRIAL PLAN** |
| Defendant. | |

Each side is invited to submit a critique of the plan set forth below by **FEBRUARY 16 AT NOON**, limited to eight double-spaced pages (no attachments, no declarations).

**JURY SELECTION.**

We will use a jury of ten and time-screen them for five weeks, hoping to be done in four. The Court is inclined against any questionnaire but will consider agreed-on proposals that would not exceed the back and front of a single page. Any such proposal would have to be very promptly submitted in order to be mailed out in advance. The danger in a questionnaire is that recipients may thereby be motivated to do Internet research on the case.

**MOTIONS *IN LIMINE*.**

For hearing and determination prior to the opening statements, each party shall file no more than six motions *in limine*, each no more than ten pages and in total no more than fifty pages. The opposing party may have the same number of total pages in opposition. There shall be no written replies. Declarations and exhibits shall be limited to no more than one hundred pages per side in total for all motions (or all oppositions). A long document, such as a license

agreement, may be reduced to the cover page, the pages that matter (with key passages highlighted) and pages to show context, and any signature page. Please do **NOT** submit partial summary judgment motions disguised as motions *in limine*. Any motions to strike expert reports or *Daubert* motions must be brought as motions *in limine* subject to the above limitations, except in extraordinary circumstances and with advance permission. The parties shall select their most critical motions, the ones most deserving of resolution before the opening statements, to include in these six opening motions. In the Court's experience, six per side is a reasonable limit on rulings on evidence prior to the opening statement.

If either party believes that additional motions *in limine* must eventually be decided, it may serve, by the same deadline for serving motions *in limine* on the opposing party, a compiled summary with each such motion summarized on a single page. No attachments, declarations, or exhibits may be included with this. Each single page should identify the witness by name and exhibit(s) by number where the ruling will need to be made. Opposing summaries, each also one page in length, shall be served on the other side within ten days. The one-page summaries and any oppositions shall be filed in the same manner as motions *in limine*. No further briefing on these additional proposed motions shall be submitted until we get closer to the time a decision is needed. A briefing schedule will then be set.

**PHASE ONE: FAIR USE (JURY).**

Google will present first since it has the burden of proof. The jury will be told that all agree and it has been established that the Android versions in play (Android 1.0, Android 1.1, Cupcake, Donut, Eclair, Froyo, Gingerbread, Honeycomb, Ice Cream Sandwich, Jelly Bean, KitKat, and Lollipop, including major and minor releases thereof) used the copyrighted declaring code and the structure, sequence, and organization of the 37 Java API packages at issue and that this constituted infringement unless Google carries its burden before our jury as to the defense of fair use. No other reference to the earlier verdict shall be made. Each side shall have one hour to open and twelve hours of evidence time (including cross-examination), any unused time to be banked for Phase Two. Evidence relevant only to willfulness must be presented in Phase Two, but evidence relevant to fair use (or not fair use) shall be usable in

Phase One even if also relevant to willfulness. The time allowed for closings will be determined later but will be in addition to the evidence time. Based on experience, we will likely have a verdict about three weeks after jury selection begins.

**PHASE TWO: WILLFULNESS AND DAMAGES (JURY).**

If the jury rules against Google on fair use, then the same jury will hear the next phase on willfulness and damages, for which seven additional hours of evidence time will be allowed per side, preceded by openings of thirty minutes each, the time for closings to be set later. Evidence from Phase One may also be considered by the jury. Oracle will go first in this phase. Because Oracle has refused to elect on statutory versus actual damages, the jury will find as to both. Based on experience, this phase will consume a week, perhaps a week and a half.

**PHASE THREE: EQUITABLE DEFENSES (BENCH ONLY).**

Some additional time (to be determined) will be allowed to hear evidence on equitable defenses. The entirety of the trial record will be usable for this purpose as well. This phase will only be reached if Google loses in both of the first two phases.

**DAILY SCHEDULE.**

7:30 A.M. Counsel arrive and argue any motions *in limine* for that day.

7:45 A.M. All jury members must be present in jury room and ready to start the trial day.

8:00 A.M. The latest we will bring the jury in and start the trial day.

1:00 P.M. Jury allowed to leave.

We will have two convenience breaks each day. When the jury begins to deliberate, the jury can elect to stay later in the day.

Dated: February 8, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE