1    KEKER & VAN NEST LLP
     ROBERT A. VAN NEST - # 84065
2    rvannest@kvn.com
     CHRISTA M. ANDERSON - # 184325
3    canderson@kvn.com
     DANIEL PURCELL - # 191424
4    dpurcell@kvn.com
     633 Battery Street
5    San Francisco, CA 94111-1809
     Telephone:    (415) 391-5400
6    Facsimile:    (415) 397-7188

7    KING & SPALDING  LLP
     BRUCE W. BABER (pro hac vice)
8    bbaber@kslaw.com
     1185 Avenue of the Americas
9    New York, NY 10036
     Telephone:    (212) 556-2100
10   Facsimile:    (212) 556-2222

11   Attorneys for Defendant
     GOOGLE INC.

12                        UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO DIVISION

15

16   ORACLE AMERICA, INC.,                     Case No. 3:10-cv-03561 WHA (DMR)

                   Plaintiffs,                  **GOOGLE INC.'S REPLY IN SUPPORT**
17                                              **OF ITS MOTION FOR**
                                                **RECONSIDERATION OF THE COURT'S**
           v.                                   **ORDER DENYING SEALING OF**
18                                              **CONFIDENTIAL GOOGLE-APPLE**
     GOOGLE INC.,                               **INFORMATION**
19
                   Defendant.
20
                                                Dept.      Courtroom 4, 3rd Floor (Oakland)
21                                              Judge:     Hon. Donna M. Ryu
                                                Date:      March 8, 2016
22                                              Time:      11:00 a.m.

23

24

25

26

27

28

1025937

1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

2

In light of the undisputed fact that highly confidential information was unexpectedly

3

disclosed by Oracle's counsel during the hearing in question, and given that this motion is **not**

4

**contested**, [Dkt. Nos. 1442 at 1; 1478 at 1], Google respectfully requests that the Court

5

reconsider its Order [Dkt. No. 1434] denying Google's request to redact and seal two lines of the

6

January 14, 2016 discovery hearing transcript that reference highly confidential financial

7

information concerning an agreement between Google and non-party Apple Inc.[1]

8

Nothing Oracle says in its response to this motion changes or even addresses the core

9

facts that support sealing the two lines of transcript reflecting this sensitive information.  These

10

core facts, which are discussed in more detail in Google's opening brief, are as follows:

11

•        The specific financial information sought to be sealed concerning the Google-Apple

12

       agreement was derived from deposition testimony that Google designated as

13

       "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Stipulated

14

       Protective Order [Dkt. No. 66].

15

•        Oracle's counsel disclosed that information during a public hearing without any

16

       advance warning to the Court or to Google's counsel.  January 14, 2016 Tr. at 29:24-

17

       25; Dkt. No. 1441-1 ("Karwande Decl.") ¶ 2.  As a result, the disclosure was

18

       unexpected and Google was unable to take any actions prior to the hearing to prevent

19

       public disclosure of this information.

20

•        Both Google and third-party Apple consider the information disclosed to be highly

21

       confidential, sensitive information.  Dkt. No. 1462-2 ("Hwang Decl.") ¶ 3; Dkt. No.

22

       1439 ("Fithian Decl.") ¶¶ 3-4.  Indeed, despite Oracle's counsel's suggestion at the

23

       hearing, this confidential information is subject to a non-disclosure agreement and has

24

       never been publicly disclosed.  Hwang Decl. ¶ 3; Fithian Decl. ¶ 4.  Public disclosure

25

       of this information poses a risk of serious competitive harm to both companies.

26

---

[1] Google filed a separate motion to redact and seal other portions of the January 14, 2016
transcript that disclose Google-specific confidential information unrelated to the Apple

27

agreement.  Dkt. No. 1441.  Oracle did not file any opposition before the February 4, 2016
deadline for that motion.  Accordingly, that motion is also not contested.

28

1

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING
SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION
Case No.  3:10-cv-03561 WHA (DMR)

1025937

1    Hwang Decl. ¶ 3 (disclosure could "severely and adversely impact Google's ability to

2    negotiate, among other things, similar terms with other third parties in connection with

3    similar agreements now or in the future"); Fithian Decl. ¶¶ 5-6 ("third parties seeking

4    to negotiate terms of a business relationship with Apple might leverage this

5    information against Apple, thereby forcing Apple into an uneven bargaining position

6    in future negotiations" and "competitors could potentially use this information to

7    undercut Apple's business model and negotiation strategies.").

8    •    This Court did not have an opportunity to consider a written motion or supporting

9    declarations from Apple and Google before resolving the sealing question when it was

10    first raised by oral motion in response to Oracle's surprise disclosure.  Reconsideration

11    is warranted where, as here, the Court did not have all relevant information at the time

12    it rendered its decision.  *See Apple, Inc. v. Samsung Elecs. Co.,* No. 11-CV-01846-

13    LHK, 2012 WL 694745, at *1-2 (N.D. Cal. Mar. 1, 2012) (granting motion for

14    reconsideration of denial of sealing motion after further submissions).

15        In light of the above, and as detailed in its opening brief, Google respectfully submits

16    that the information warrants sealing under the Court's prior orders, [Dkt. Nos. 583, 687], the

17    "good cause" standard reserved for non-dispositive discovery motions, *Kamakana v. City &*

18    *Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), and even the more stringent

19    "compelling reason" standard applicable to pre-trial and trial proceedings, *In re Elec. Arts, Inc.*,

20    298 F. App'x 568, 569-70 (9th Cir. 2008).

21        While Oracle "takes no position" on Google's motion, it has submitted a response that

22    appears focused on justifying its counsel's disclosure of confidential information.[2]  *See* Dkt. No.

23    1478 at 1.  Google now addresses these arguments.

24        First, the Protective Order forbids public disclosure of designated confidential

25    information and requires that "[p]arties shall give the other parties notice if they reasonably

26

27    _____
[2]As this Court is aware, Google submitted a précis letter seeking permission to seek sanctions
concerning disclosures made during the January 14, 2016 hearing, and the Court determined that
28    the "proposed motion for contempt will be postponed until after this trial."  Dkt. No. 1460.

2

1025937

1    expect a deposition, hearing or other proceeding to include Protected Material."  Dkt. No. 66 ¶

2    5.2(b).  The entire purpose of the Protective Order, as well as the specific language in ¶ 5.2(b),

3    would be defeated by Oracle's suggestion that, as long as a communication is *directed* towards

4    the Court, protected material may be revealed to the public.  *See* Dkt No. 1478 at 1.  Such an

5    interpretation would allow any material, no matter how confidential, to be publicly revealed as

6    long as it is included in a court filing or mentioned at a hearing.  This plainly is wrong.

7    Moreover, even if the disclosure was unintentional, Oracle must still "use its best efforts" to

8    remedy the situation.  Dkt. No. 66 ¶ 12.  Instead, Oracle made no effort to prevent further

9    disclosure, despite knowing that a reporter was at the hearing.  *See* Dkt. No. 1442-1 ¶ 9.

10          Second, nothing about the Court's inquiries or Google's arguments at the hearing

11   required Oracle to disclose the information at issue without at least advising the Court and the

12   parties that it wished to use confidential information in its argument.  Moreover, the information

13   was not necessary to the resolution of the motion that was the subject of the discovery hearing.

14   Counsel for Oracle could have easily conveyed her point, as Oracle does in its response to this

15   motion, without revealing highly confidential information.  *See e.g.* Dkt. No. 1478 at 3 ("counsel

16   explained that the witness had merely testified that 'at one point in time' the revenue share had

17   been a certain percentage.").[3]

18          Accordingly, for the foregoing reasons, Google respectfully requests that the Court

19   reconsider its previous order and grant Google's motion to seal and redact portions of the

20   transcript contained at page 29, lines 24-25.

21

22   _____
     [3]Despite taking "no position" on Google's motion, Oracle states that Google "waive[d]" certain
     arguments related to sealing of other, Google-specific financial information that is the subject of
23   a different motion entirely [Dkt. No. 1441].  Dkt. No. 1478 at 3, 5.  It is unclear whether Oracle
     intends for this argument to apply to the instant motion, but, in any event, Oracle is wrong.
24   Oracle cites no authority for its position that a party waives the right to seek sealing of
     unexpectedly disclosed confidential information unless the party immediately makes an oral
25   motion to seal every line item of confidential information on-the-spot at the hearing.   Indeed,
     courts have granted written motions to seal portions of transcripts made after a proceeding has
26   concluded.  *See Richardson v. Mylan Inc.*, No. 09-CV-1041-JM WVG, 2011 WL 837148, at *1
     (S.D. Cal. Mar. 9, 2011) (sealing transcript based on written motion); *Mosaid Techs. Inc. v. LSI
27   Corp.,* 878 F. Supp. 2d 503, 510-14 (D. Del. 2012) (same).  Sealing based on a written motion is
     even more appropriate where, as happened here, the information is revealed without notice to the
28   designating party as required by the Protective Order.

3

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING
SEALING OF CONFIDENTIAL GOOGLE-APPLE INFORMATION
Case No.  3:10-cv-03561 WHA (DMR)

1025937

1    Dated: February 8, 2016                           KEKER & VAN NEST LLP

2

3                                      By:    /s/ Robert A. Van Nest

ROBERT A. VAN NEST
4                                           CHRISTA M. ANDERSON

DANIEL PURCELL
5

                                           Attorneys for Defendant
6                                           GOOGLE INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1025937