WRIGHT, L'ESTRANGE & ERGASTOLO
John H. L'Estrange, Jr. (SBN 049594)
jlestrange@wlelaw.com
402 W. Broadway, Suite 1800
San Diego, CA 92101-8103
Phone: (619) 231-4844
Fax: (619) 231-6710

EIMER STAHL LLP
Nathan P. Eimer (*pro hac vice*)
neimer@eimerstahl.com
Pamela R. Hanebutt (*pro hac vice*)
phanebutt@eimerstahl.com
Susan M. Razzano (*pro hac vice*)
srazzano@eimerstahl.com
Ameri R. Klafeta (SBN 225859)
aklafeta@eimerstahl.com
224 S. Michigan Avenue
Suite 1100
Chicago, IL  60604
Phone:  (312) 660-7600
Fax:  (312) 692-1718

*Counsel for Non-Party LG Electronics, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561 WHA |
| Plaintiff, | **NON-PARTY LG ELECTRONICS, INC.'S RESPONSE TO COURT'S REQUEST FOR RESPONSE** |
| vs. | |
| GOOGLE INC., | Dept.: Courtroom 8, 19th Floor |
| Defendant. | Judge: Honorable William Alsup |

1  Non-Party LG Electronics, Inc. ("LG") respectfully submits this response to the Court's
2  Request for Response, dated February 9, 2016 (Dkt. No. 1490), issued in response to LG's
3  Administrative Motion to Change Time to File Motion for Protective Order (Dkt. No. 1484).
4  Specifically, the Court has asked LG to "state why it did not retain counsel immediately after
5  receiving notice that Google would be producing documents LG considered highly confidential."

6  The relevant sequence of events leading up to LG's decision to retain counsel is as follows.
7  On January 7, 2016 (U.S.; *i.e.*, January 8 in Korea), Ms. Meghan Landrum of Google Inc.
8  ("Google") provided a notice via email and certified mail to Sung Jin Kang, a senior manager
9  employed by LG in San Jose, California in connection with *Oracle America, Inc. v. Google Inc.*,
10 Case No. 10-3561-WHA, a case in which LG is not a party. (Eimer Decl. ¶ 2, Ex. 1.) Specifically,
11 the notice advised that Google intended to produce certain documents which "*may* contain
12 confidential information" to Oracle within 14 days of receipt by LG of the notice. (*Id.*) (Emphasis
13 supplied). The documents were not attached to or provided with the letter, but Google offered to
14 make the documents subject to production available for inspection "upon request." (*Id.*) The letter
15 further explained that LG had an opportunity to object, and that if it determined that it was
16 necessary to do so, it was required to file a motion pursuant to the governing protective order
17 enclosed with the notice. (*Id.*) The letter directed LG to contact Google's outside counsel in the
18 matter if it had any questions or concerns. (*Id.*)

19 Mr. Kang promptly forwarded Google's notice to LG's in-house legal counsel in Seoul,
20 Korea. (*Id.*) The next business day, on January 11, 2016,[1] Mr. Wayne Jeung, in-house counsel to
21 LG in Korea, emailed outside counsel for Google (specifically Mr. Mullen and Mr. Baber)
22 requesting copies of the "actual" documents that Google intends to produce "as soon as possible"
23 given the 14-day timeframe within which LG was required to respond. (Eimer Decl. ¶ 3, Ex. 2.)
24 Google's outside counsel responded by email on January 12, 2016 that he would "gather"
25 the documents and send them to Mr. Jeung "shortly." (Eimer Decl. ¶ 4, Ex. 3.) On January 13,
26 2016, Mr. Jeung followed up with Google's counsel expressing concern that LG had not yet

---

[1] In January, Seoul, Korea is 17 hours ahead of San Francisco, CA. Unless otherwise indicated, the dates provided are in Korea-time and so the date that emails were sent and received by and between counsel for Seoul and counsel for Google may not always match up.

**NON-PARTY LG ELECTRONICS, INC.'S RESPONSE TO COURT'S REQUEST FOR RESPONSE**
CASE NO. 3:10-cv-03561 WHA                                                                 2

1  received the documents that Google intended to produce to Oracle.  (Eimer Decl. ¶ 5, Ex. 2.)  Mr.
2  Jeung asked Google's counsel to confirm that the 14-day deadline to object would not begin to run
3  until the date the documents were made available to LG, and to also confirm that Google would not
4  produce any LG documents to Oracle until LG was provided with the opportunity to object
5  pursuant to the terms of the governing protective order.  (*Id*.)  Google's counsel responded on
6  January 14, 2016, thanking Mr. Jeung for "checking in" and indicating that he would provide the
7  documents "this week or early next."  (Eimer Decl. ¶ 6, Ex. 2.)  On January 19, 2016 Mr. Jeung
8  followed up with counsel for Google again.  (Eimer Decl. ¶ 7, Ex. 2.)  Google's counsel responded
9  that same day that it was gathering the documents and would provide them to LG "as soon as that
10 process is complete."  (Eimer Decl. ¶ 8, Ex. 2.)  In fact, it took Google another seven days to
11 provide the documents to LG for inspection.  The documents were ultimately transmitted via a FTP
12 site on January 26, 2016.  (Eimer Decl. ¶ 9, Ex. 4.)
13         This sequence of events demonstrates that LG's in-house counsel diligently and proactively
14 followed up on Google's notice.  However, it was not until Google provided LG with all of the
15 documents (on January 26, 2016) that LG could even begin the process of reviewing the documents
16 to determine whether they in fact contained highly confidential or sensitive information such that it
17 might need to retain counsel in the United States to file an objection on its behalf.[2]  (Eimer Decl. ¶
18 12.)  Further, LG is a large corporation and many business unit stakeholders needed to be identified
19 and consulted (including non-native English speakers) about the documents, all of which are in
20 English.  (*Id*.)  The judgment of the business unit then needed to be discussed within LG's senior
21 management and evaluated by LG's in-house legal department in the context of the underlying
22 litigation (to which LG is not a party), LG's other existing business relationships, and the business
23 risks and expense of filing a legal objection.  (*Id*.)
24         Once LG confirmed the need to take legal action, it retained outside counsel in the United
25 States on the evening of February 5, 2016 (U.S. time).  (Eimer Decl. ¶ 13.)  That night, LG's
26 outside counsel called two of Google's outside counsel and informed them, via voice mail, that LG
27
28   [2] Upon receipt and review of the documents from Google, LG determined that it had already received from Google and approved production of 12 of the documents in December 2015.

**NON-PARTY LG ELECTRONICS, INC.'S RESPONSE TO COURT'S REQUEST FOR RESPONSE**
CASE NO. 3:10-cv-03561 WHA                                                                                                  3

1  objected to the production of certain documents.  (Eimer Decl. ¶ 13.)  The next day, Saturday,
2  February 6, LG's outside counsel timely notified Google of LG's objections to the document
3  production as required by the protective order and asked Google's counsel to call at his earliest
4  convenience.  (Mot. for Change of Time) (Dkt. No. 1484.)  LG's outside counsel's efforts over the
5  weekend to contact Google's counsel and secure an agreement that Google would not produce the
6  documents before LG had time to file a Motion for a Protective Order were unsuccessful.
7  Accordingly, outside counsel worked over the weekend to prepare a Motion for Change of Time to
8  file a Motion for a Protective Order.  On the morning of February 8, 2016, LG's outside counsel
9  emailed counsel for both parties to see if they would consent to an extension of time.  (Klafeta
10 Decl. ¶ 4) (Dkt. No. 1484-1.)  Only counsel for Google responded, but he indicated that he would
11 be unable to discuss the extension that day.  (*Id*. at ¶ 4.)  So LG filed its motion on February 8,
12 2016, one day before the deadline for filing a Motion for a Protective Order, in order to ensure that
13 LG's interests were protected and the documents were not produced before resolution of the
14 Motion for Protective Order.

16 Dated: February 10, 2016                        EIMER STAHL LLP

                                                  By:    /s/ Nathan P. Eimer
                                                         Nathan P. Eimer (*pro hac vice*)
                                                         neimer@eimerstahl.com
                                                         One of the Attorneys for Non-Party LG
                                                         Electronics, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2016, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered in the CM/ECF system.

/s/ Nathan P. Eimer
Nathan P. Eimer