KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Tel:     (404) 572-4600
Fax:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.  CV 10-03561 WHA <br><br> **DEFENDANT GOOGLE INC.'S RESPONSE TO REQUEST FOR RESPONSE (DKT. NO. 1490)** <br><br><br> Dept.:     Courtroom 8, 19th Fl. <br> Judge:    Hon. William Alsup |

1    Defendant Google Inc. submits this response to the Court's February 9, 2016 Request For Response (Dkt. No. 1490) relating to the motion filed by non-party LG Electronics, Inc. ("LG") for an extension of the time within which LG may file a motion for a protective order. (Dkt. No. 1484). Google does not oppose LG's request for an extension of time.

Each of the four documents at issue in LG's motion is subject to production in response to document requests served by Oracle in the fact discovery period. In response to the Court's question regarding the timing of Google's notice to LG, Google provides the following statement.

During the recent brief supplemental fact discovery period, Oracle served 120 new document requests on Google and sought to require Google to search the files of almost 50 additional employees or former employees with more than a hundred search terms. Google met and conferred repeatedly with Oracle attempting to narrow the parties' disputes associated with Oracle's broad discovery demands, particularly given that those overbroad demands simply could not realistically be met in the timeframe allotted for fact discovery (ending on December 16, 2015).[1]

Despite extensive discussions and attempts to compromise, the parties were unable to resolve their dispute regarding the number and identity of Google document custodians. On November 24, 2015, the parties filed a joint letter brief requesting Judge Ryu's assistance in resolving the issue. (Dkt. No. 1387). Judge Ryu granted in part and denied in part Oracle's request that Google search the files of 22 additional custodians. (Dkt. No. 1394). Pursuant to Judge Ryu's order, on December 4, Oracle identified ten additional custodians for Google to search. On December 14, two days before the close of fact discovery, the parties finally resolved by compromise the additional search terms to be applied to Google's custodial documents.

Google informed Oracle on December 12, 2015 that, due to the notice provisions in the Stipulated Protective Order (Dkt. No. 68), certain confidential third party documents would necessarily be produced after the close of fact discovery, but that Google would work diligently to produce these documents as promptly as possible while working with the affected third parties

---

[1] Pursuant to the Court's Order Approving Modified Schedule for Expert Reports (Dkt. No. 1356), the deadline for the close of fact discovery was changed to December 16, 2015, and the current deadline for party expert depositions is March 6, 2016. Dkt. No. 1334.

and complying with the Protective Order. Notwithstanding the fact that this was a supplemental discovery period for a retrial of limited issues, Google has produced more than one hundred thousand documents, totaling more than 600,000 pages, in response to Oracle's new discovery requests. The number of third-party confidential documents has been substantial, requiring that Google provide to hundreds of third parties fourteen days' notice and the opportunity to inspect the documents at issue. *See* Stipulated Protective Order, Section 11. Google has been producing third-party documents on a rolling basis, as they are cleared for production. Google has updated Oracle on the status of its production of third-party documents and has resolved through compromise objections by the affected third parties to expedite production of the documents.

Two of the four LG documents at issue were collected based on the search terms to which the parties agreed as a compromise on December 14, 2015, from a custodian who was added as a result of Judge Ryu's December 3, 2015 order. The other two LG documents were collected based on Google's rolling custodial document collection and production, which was dictated in large part by the parties' deposition schedule and the need to prioritize document collection and production for those witnesses who were being deposed. Specifically, those two documents were collected in advance of the 30(b)(6) deposition of Felix Lin, whose deposition did not occur until December 14, 2015—two days prior to the close of fact discovery. After collection, Google reviewed all of the documents for responsiveness, privilege and compliance with other quality control criteria, and sent a consolidated notice letter to LG on January 7, 2016. LG requested copies of the documents on January 11, and Google provided the documents to LG on January 25 and 26.

Since learning on Saturday, February 6, of LG's objection to production of the documents, Google has attempted to work with LG to resolve LG's concerns informally and obviate the need for LG to move for a protective order. That effort remains ongoing, and counsel for Google, Oracle, and LG have begun discussions regarding LG's concerns. Google is hopeful that the parties will be able to resolve any issues of concern to LG through these discussions, and remains willing to meet and confer further on these issues.

| | |
|---|---|
| Dated:  February 10, 2016 | KING & SPALDING LLP |
| | By:  /s/ Bruce W. Baber |
| | BRUCE W. BABER |
| | Attorneys for Defendant |
| | GOOGLE INC. |