February 12, 2016

The Honorable Donna M. Ryu (*VIA ECF AND FEDERAL EXPRESS*)
Magistrate Judge
United States District Court
Courtroom 4, 3rd Floor
1301 Clay Street
Oakland, CA 94612

      Re:    *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561 WHA
              Joint Letter Re Non-Party LG Electronics, Inc.'s Motion for Protective Order

Dear Magistrate Judge Ryu:

      Pursuant to Order Extending Deadline for LG to File Motion for Protective Order (Dkt. No. 1499), and the Court's Amended Discovery Procedures (Dkt. No. 1459), the parties and Non-Party LG Electronics, Inc. ("LG") respectfully submit this joint letter brief in connection with LG's objection to the production by Google Inc. ("Google") of four highly confidential LG documents in Google's possession. The parties and LG have met and conferred by telephone this week on several occasions regarding LG's concern that the governing Protective Order is not sufficient to protect its interests, but LG has been unable to reach an agreement with Oracle America, Inc. ("Oracle") that the documents need not be disclosed, or with Google or Oracle to amend the Protective Order to compensate LG in the event of disclosure in violation of its terms. Fact discovery cut-off was December 16, 2015, and party expert discovery cut-off is March 6, 2016. Dkt. 1356 & 1334. The third round of party expert reports are due February 22, 2016. *Id.* Pending resolution of the Court's Tentative Trial Plan (Dkt. 1488), *Daubert* motions may be due to be filed by March 23, 2016. Dkt. 1356 & 1334. A pretrial conference is set for April 27, 2016, with trial tentatively set for May 9, 2016. Dkt. 1333.

## Background and LG's Position Statement

      LG has entered into contracts worth hundreds of millions of dollars with Google to manufacture smart phones. The terms are unique and highly confidential. In January, LG received notice from Google that it intends to produce 22 LG documents in its possession relating to those contracts, with the designation of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the operative Protective Order. LG understands documents so legended are limited to outside counsel only (absent agreement or further court order). LG has determined that four of the documents, two of which are identical, are so commercially sensitive that inadvertent disclosure would cause LG serious, if not irreparable, competitive harm vis-a-vis its customers and its competitors. LG objected to disclosure of those four documents and filed a Motion to Change the Time for Moving for a Protective Order. Judge Alsup directed the parties to file a joint letter today pursuant to the procedures established by this Court (Dkt. No. 1499).

      The documents at issue—PLA005_02356723, PLA005_02577973, PLA007_03398019, and PLA005_02577855—are two drafts and one executed business agreement between LG and

The Honorable Donna M. Ryu
February 12, 2016
Page 2

Google[1]. The documents are highly confidential and are governed by Non-Disclosure Agreements entered into by the two companies. The agreements contain numerous secret, confidential pricing and service terms that are the "precise sort of information" that will harm LG's competitive standing if disclosed. *See In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (finding that "[p]ricing terms, royalty rates, and guaranteed minimum payment terms" contained in a contract "plainly fall within the definition of 'trade secrets.'"); *see also In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 105357440, at *5 (N.D. Cal. Aug. 6, 2014) ("The specific terms of Google's contracts are trade secrets that, if disclosed, could cause competitive harm to Google.").

LG has explained that the two drafts would not be useful to Oracle to make its damages case against Google since they are not the final agreements. One is a draft purchase agreement between LG and Google regarding LG-supplied Android phones and the other appears to be a draft exhibit to a purchase agreement for a different LG-supplied Android phone. While they contain draft pricing terms and quantities, as drafts there is no indication that these terms ever actually materialized. They also reveal LG's negotiating positions and terms that it would consider, information that would be very damaging to LG if discovered by its customers or competitors.

The third document is a final document, and contains a price schedule and other commercially sensitive and confidential terms. The actual prices and quantities of phones that Google purchased should be available to Oracle from Google's accounting records, which would reflect the actual net prices paid and not the list prices in a contract. As a non-party to the lawsuit, LG should not have to run the risk of disclosure of its other confidential contract terms when the pricing information sought is readily available from a party. *See Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery … require a stronger showing of relevance than for simple party discovery."). Counsel for LG attempted to figure out precisely which other confidential, non-price terms were considered relevant by Oracle and why, but do not understand, and were not persuaded by, the rationale given. Now that LG has identified the documents at issue and explained the risk and prejudice to it resulting from production, it is Oracle's burden to explain what particular information it needs and why. *See Hartley Pen Co. v. U. S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961); *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561 (C.D. Cal. 2007).

Oracle cannot seriously dispute that LG would suffer real world serious competitive harm if its confidential business information is disclosed. Its response that there is a Protective Order in place misses LG's point. Oracle has already inadvertently violated that Protective Order by disclosing highly sensitive competitive information of Apple Inc. in open court that was

---

[1] Two of the documents, PLA005_02356723 and PLA007_03398019, appear to be identical.

The Honorable Donna M. Ryu
February 12, 2016
Page 3

promptly published in the national business press.[2]  The operative Protective Order offers no protection or compensation whatsoever in the event that the non-disclosure obligation is breached again, through inadvertence or otherwise, and it is unclear that any compensation could cure the harm to LG from an inadvertent disclosure or that any order could be drafted to protect against another inadvertent disclosure.  Indeed, LG has just recently learned from Google that four LG documents were inadvertently produced to Oracle without notice to it, one of which is the subject of this letter motion and that Oracle is refusing Google's request to "claw" it back.  For all LG knows, in-house counsel, experts and others may be reviewing it.  This is a perfect illustration of LG's point that it cannot rely on the Protective Order or the parties to protect its confidential documents.  LG requests that Oracle be ordered to return the "clawback" documents pending resolution of this motion.

It seems manifestly unfair to leave LG at risk, notwithstanding the parties' good intentions.  While LG strongly objects to any production of these four documents, if the Court overrules LG's objection and orders production, its concerns would be somewhat allayed if the governing Protective Order were amended to include the following language to provide damages to LG in the event of disclosure:  "Upon breach of the non-disclosure obligations imposed by this Protective Order, whether intentional or not, with respect to documents produced by Google Inc. relating to or reflecting confidential information of LG Electronics, Inc. ("LG"), the breaching party shall be liable to LG for damages and other appropriate sanctions to be determined by this Court."

Other courts have included a damages remedy in the protective order in the event a violation occurs.  *See*, *e.g.*, *Plaintiff B. v. Francis*, No. 5:08-CV-79 RS-GRJ, 2011 WL 809610, at \*1 (N.D. Fla. Mar. 2, 2011) (noting provision in protective order providing that "any party who violates the protective order shall be liable for damages caused and sanctioned in an amount to be determined by the Court"); *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 307 (N.D. Ill.) order clarified, 153 F.R.D. 614 (N.D. Ill. 1993) (holding that an "appropriate damage clause may be included in the protective order").

LG requests entry of a protective order that the four documents need not be produced.  If the Court overrules LG's objections and orders production, LG requests that the governing Protective Order be modified to include the language quoted above.

### Oracle's Position Statement

Oracle respectfully requests that the Court order production by Google of these relevant documents subject to the existing Protective Order.  Google reviewed these four documents and determined that they are responsive to Oracle's requests (Dkt. 1497 at 2), and LG's description

---

[2] *See*, *e.g.*, Joel Rosenblatt and Adam Satariano, *Google Paid Apple $1 Billion to Keep Search Bar on iPhone*, BLOOMBERG BUSINESS (Jan. 21, 2016), http://www.bloomberg.com/news/articles/2016-01-22/google-paid-apple-1-billion-to-keep-search-bar-on-iphone (visited Feb. 10, 2016).

The Honorable Donna M. Ryu
February 12, 2016
Page 4

of these documents confirms that they are relevant to key issues in this case. There is no basis for LG's request to block production of these documents or to modify the Protective Order.

Agreements between Google and Android partners such as LG are highly relevant to key issues in this litigation, including not only damages but also Google's fair use defense (including fair use factors concerning the commercial nature of Google's use and the effect of Google's use upon the potential market for or value of the copyrighted works). Google's agreements with its Android partners have been featured in expert reports concerning damages and fair use. Both parties' expert reports have also discussed the respective parties' relationship with LG. Oracle expects that these documents will be relevant to the expert reports currently due on February 22nd. Oracle cannot blindly accept LG's representation that these documents "would not be useful" or that Google might be able to provide some "accounting records" that would eliminate the need for production of these highly relevant documents.

To potentially narrow this dispute, Oracle's counsel asked Google's counsel whether the final versions of any drafts were already produced to Oracle. Google's counsel responded earlier today that (1) one final agreement was provided to LG and that "LG's 14-day period to object or move for a Protective Order as to that version *has not yet expired*" and (2) he was "not aware of a final version" of the other draft. This is the first time Oracle learned of any further review by LG, and of Google's continuing delay in notifying third parties. Oracle opposes any further delay in Google's production of responsive documents and has separately raised this objection with Google and LG. Google also separately requested the destruction or return of other documents that Google apparently produced without notice to LG. The Protective Order provides for the return or destruction of privileged documents, but there is no claim of any privilege as to those documents. Because the Protective Order does not state what should occur under these circumstances, Oracle requests the Court's guidance as to those documents.

Oracle's counsel did not violate the Protective Order (*see* Dkts. 1442, 1442-1, 1478), and the unfounded accusations by Google and LG provide no basis to withhold these documents or to modify the Protective Order. The Court is a "public institution" (Dkt. 540), and the Protective Order provides for disclosure to the Court and its personnel and requires notice to counterparties only where counsel reasonably expects to disclose confidential information, among other reasons. Dkts. 1442, 1442-1, 1478. The parties are entitled to obtain and present evidence. The Court has not held that Oracle's disclosures were in any way improper. Oracle and its counsel take their obligations under the Protective Order very seriously, and there are no grounds for LG's requests. *See, e.g.*, *Garcia v. Dillon Cos., Inc.*, No. 05-CV-02339-MSK, 2006 WL 3512049, at *3 (D. Colo. Dec. 6, 2006) (holding that defendant's proposed protective order provision requesting damages "exceeds this Court's authority"); *Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581-WHO (DMR), 2014 WL 969692, at *4 (N.D. Cal. Mar. 5, 2014) ("The court will not preemptively deny Plaintiffs discovery to which they are entitled based on Defendant's speculative concern that Plaintiffs will use it improperly, especially when other measures (e.g. sanctions) exist to discourage such behavior.").

The Honorable Donna M. Ryu
February 12, 2016
Page 5

This does not involve "nonparty discovery"[3] or any unique concerns.  Oracle seeks production by Google—from Google's files—of Android-related agreements entered into by Google.  Google notified "hundreds of third parties" regarding the production of third-party confidential documents.  Dkt. 1497 at 2.  LG's interests are no different from the "hundreds of third parties" Google notified, none of which sought to block production or requested any modification to the existing Protective Order.  *See, e.g.*, *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW DMR, 2011 WL 855831, at *2 (N.D. Cal. Mar. 9, 2011) (ordering disclosure of confidential information; "there is a Protective Order in effect"); *Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581-WHO (DMR), 2014 WL 969692, at *3 (N.D. Cal. Mar. 5, 2014) (privacy concerns assuaged where the parties had a stipulated protective order).

### Google's Position Statement

Google takes no position on LG's request that the four LG documents at issue not be produced to Oracle.  Google opposes LG's request that the Protective Order approved by Judge Alsup in December of 2010 (Dkt. Nos. 66, 68) be modified to include the LG-specific provision proposed by LG.

Google notes that LG's descriptions of the four documents at issue appear to be generally accurate, and agrees that the documents are subject to confidentiality obligations on the part of both Google and LG.  Google further notes that Google has produced to Oracle in this action many similar third party confidential documents, both during the original discovery period and since the case was remanded, and no other third party has sought a modification of the protective order.  Google does not believe that a modification of the Protective Order specific to an individual third party is appropriate.  In the event of a breach or violation of the Protective Order by Oracle or its counsel relating to any LG confidential information produced by Google, LG will have the same rights as any other interested party to seek relief for any damage or harm resulting from that violation.

Google further notes that, as part of its investigation of the issues raised by LG, Google has determined that a copy of one of the draft agreements that is the subject of LG's motion (the document identified in footnote 1 above, which comprises two of the four documents at issue) was incorrectly coded and has been inadvertently produced to Oracle under the Protective Order.  Google has sent Oracle a notice requesting that Oracle destroy or return that document to Google pending resolution of LG's objection, and Oracle has refused to do so.

Google notes in closing that this letter is being signed on behalf of Google by Bruce W. Baber, one of Google's counsel, rather than Robert A. Van Nest, Google's lead trial counsel.

---

[3] LG cites *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986), but that decision concerned discovery directed to a non-party seeking documents "of only minimal relevance."  Here, Oracle seeks production from Google.  The other decisions cited by LG are similarly inapposite.  *Hartley Pen Co. v. U. S. Dist. Court*, 287 F.2d 324, 330-31 (9th Cir. 1961) (dealing with trade secrets); *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561 (C.D. Cal. 2007) (discussing production where no Protective Order was in place).

The Honorable Donna M. Ryu
February 12, 2016
Page 6

Mr. Baber has served as lead counsel for Google with respect to the issues addressed in this letter.

Respectfully submitted,

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP | KING & SPALDING LLP |
| */s/ Steven C. Holtzman* | */s/ Bruce W. Baber* |
| Counsel for Plaintiff Oracle America, Inc. | Counsel for Defendant Google Inc. |
| | |
| | EIMER STAHL LLP |
| | */s/ Nathan P. Eimer* |
| | Counsel for Non-Party LG Electronics, Inc. |

    I attest that concurrence in the filing of this document has been obtained from each of the other Signatories to this letter.

                                                                                                          */s/ Nathan P. Eimer*