ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>         Plaintiff,<br><br>    v.<br><br>GOOGLE INC.<br><br>         Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO THE TENTATIVE TRIAL PLAN (ECF NO. 1488)**<br><br>Trial: May 9, 2016 at 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1     Oracle hereby files this response to the Court's Tentative Trial Plan, ECF No. 1488.  In

2    summary, Oracle largely concurs with the Court's tentative trial plan and proposes a few modifi-

3    cations and clarifications for the Court's consideration.

4    **JURY SELECTION.**

5     Oracle respectfully requests that the Court use a questionnaire for jury selection and

6    agrees with the Court's suggestion that the questionnaire "not exceed the back and front of a

7    single page." ECF No. 1488 at 1.  The parties have conferred and agree that a juror questionnaire

8    would be helpful in this case.  The parties are jointly working on a questionnaire and will submit

9    an agreed-upon version for the Court's consideration by Friday, February 19.  Oracle submits that

10    a questionnaire is useful in a case such as this involving large companies who are large employers

11    in the district.  Potential jurors are likely to have opinions about the parties, and if they are given

12    the chance to disclose any biases or prejudices related to the parties and issues in a written ques-

13    tionnaire in advance of jury selection, Oracle submits that would be more time- and resource-

14    efficient for all involved.  It could save potential jurors from having to appear, and it would accel-

15    erate the jury selection process by addressing in advance many of the questions likely to arise

16    during jury selection.  Moreover, in light of the highly publicized and contested nature of the case,

17    a written questionnaire shared only with the Court and the parties is more protective of juror

18    privacy and may invite more freedom of expression of biases and prejudices than oral voir dire in

19    open court.

20    **MOTIONS *IN LIMINE*.**

21     Because *Daubert* motions and motions to strike expert reports are considered motions *in*

22    *limine* under the Court's tentative trial plan, Oracle requests that the page limits for attachments

23    (not the briefing itself) be enlarged so the parties can, if necessary, attach the full expert report at

24    issue and the report's relevant exhibits.  *Daubert* motions in particular may challenge whether the

25    expert's "testimony is based on sufficient facts or data," whether "the testimony is the product of

26    reliable principles and methods," and whether "the expert has reliably applied the principles and

27    methods to the facts of the case." Fed. R. Evid. 702(b)-(d); *accord Daubert v. Merrell Dow*

28    *Pharms., Inc.*, 509 U.S. 579, 591-94 (1993).  Review under Rule 702 may well require the context

ORACLE'S RESPONSE TO THE
TENTATIVE TRIAL PLAN

of an entire report.  Accordingly, Oracle proposes that the 100-page limit for attachments to the briefing on the motions *in limine* exclude the expert report(s) being challenged (and relevant exhibits thereof), so that they may be attached to the motion or opposition, if necessary.

Oracle also respectfully requests the Court's clarification on (1) the timing of briefing for motions *in limine* (including *Daubert* motions and motions to strike) and (2) whether any précis is required.  Under the scheduling order, as amended, the deadline for *Daubert* motions is March 23, 2016, with the motions to be heard 35 days later at the Final Pretrial Conference on April 27, 2016.  ECF No. 1356 (approving ECF No. 1334 at 2).  Under the Court's Civil Jury Trial Guidelines, motions *in limine* are to be served on opposing counsel at least 20 calendar days before the Final Pretrial Conference (i.e., April 7, 2016), oppositions at least 10 calendar days before the Final Pretrial Conference, and both briefs served together at least 7 days before the Final Pretrial Conference.  As the Court's tentative trial plan treats all these motions as motions *in limine* without reply briefs, it would seem that the parties should follow the Court's Civil Jury Trial Guidelines without the need for a précis and should serve all motions *in limine* 20 days before the Final Pretrial Conference rather than the date set in the scheduling order.  Nevertheless, out of an abundance of caution, Oracle seeks the Court's guidance to confirm.

**PHASE ONE: FAIR USE (JURY).**

The Court's proposed instruction to the jury that Google infringes, subject to carrying its burden on fair use, is correct in light of Google's stipulation and the Federal Circuit's decision, which recognizes that the infringement extends to both declaring code and the structure, se-quence, and organization of the 37 Java API packages.  *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1381 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 2887 (2015).  Oracle has conferred with Google, and both parties agree that the Android version "Marshmallow" should be added to the list of the named versions of Android identified in the Court's tentative trial plan.  Marshmallow was released after the Supplemental Complaint but the parties have conducted fact and expert discovery regarding Marshmallow.

In order to streamline the trial, Oracle proposes that documents previously admitted in the 2012 trial as business records or party admissions that are relevant to fair use, should be deemed

ORACLE'S RESPONSE TO THE
TENTATIVE TRIAL PLAN

1    admitted in the upcoming trial to save time and the need to call sponsoring witnesses.  Oracle

2    proposes that these documents be deemed admitted subject to objections under Rule 402 or 403 of

3    the Federal Rules of Evidence and any new motions *in limine*.  Oracle will be prepared to present

4    a list of previously admitted documents that it believes should be deemed admitted before trial.

5    This will save the Court, the jury, and the parties time, and will permit the parties to focus on the

6    presentation of their cases rather than the mechanics of admitting documents that this Court has

7    already considered and previously admitted.  *See City of Cleveland v. Cleveland Elec.*

8    *Illuminating Co.*, 538 F. Supp. 1328, 1334 (N.D. Oh. 1981) (adopting the parties' proposal "that

9    the exhibits admitted into evidence during the first trial may similarly be admitted at the retrial,

10   provided, of course, the objections previously interposed by the litigants are preserved for

11   purposes of appeal" in order "to expedite the retrial of this cause").

12          Regarding the allocation of time, if the jury trial remains bifurcated as the tentative trial

13   plan contemplates, Oracle proposes a reallocation of hours from the 12/7 split proposed to a 15/4

14   split with the same opportunity to roll over unused time from the first phase to the second phase.

15   As discussed below, the evidence on fair use, willfulness, and damages overlaps almost

16   completely.  Accordingly, Oracle does not anticipate that the parties will require anywhere near

17   seven hours per side for damages and willfulness.[1]

18          By contrast, the scope of the fair use inquiry—considering the purpose of the use (includ-

19   ing commerciality, transformation (or lack thereof), and bad faith), the nature of the copyrighted

20   work, the amount and substantiality of the copying, and the effect of the copying on the actual and

21   potential market for and value of the copyrighted work, *see* 17 U.S.C. § 107—necessitates more

22   than 12 hours of trial time to fully present and rebut the fair use issues.[2]  Indeed, 12 hours is not

23   enough time for the evidence in the fair use case, when one considers Google's injection of side-

24   show issues like OpenJDK and Apache Harmony through new expert witnesses (which Oracle

25   intends to challenge via *in limine* motions).

26   ───────────────

27   [1] This assumes that, as proposed for the first trial, Dr. Kearl's direct examination will not come
     out of either party's time.  Mar. 28, 2012 Tr. at 142:23-143:1.

28   [2] Oracle has conferred with Google, and Google has indicated that it does not agree to the reallo-
     cation of times that Oracle proposes but has not provided a reason or explanation.

ORACLE'S RESPONSE TO THE
TENTATIVE TRIAL PLAN

Finally, while Oracle acknowledges that the Court previously issued an order bifurcating the jury trial, ECF No. 1321 (Order denying Google's motion to preclude willfulness from going to the jury), Oracle preserves its objection to bifurcation and respectfully renews its request for a single jury trial of fair use and damages.

Bifurcation is the exception not the rule; it "should be used sparingly" and is "'not to be routinely ordered.'" 9A Charles A. Wright, Arthur R. Miller, & Mary Kate Kane, Fed. Prac. & Proc. § 2390 (3d ed. 2013) (quoting Fed. R. Civ. P. 42(b) (Advisory Comm. Notes 1966)). Bifurcation is inappropriate "when the evidence on the two subjects is overlapping or the liability and damage issues are so intertwined that efficiency will not be achieved or confusion may result from any attempt at separation." *Id.*; *accord Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir. 1989) ("suggest[ing] that the district court on remand reconsider" its decision to bifurcate because "the issue of liability is intertwined with the issue of damages"); *Santa Clara Valley Hous. Grp., Inc. v. United States*, No. C 08-05097 WHA, 2012 WL 3235334, at *4 (N.D. Cal. Aug. 6, 2012) (declining to bifurcate where there were "broad, overlapping considerations for issues" and "many of the witnesses and evidence will be relevant for both issues").

Here, because of the nearly complete overlap of evidence between fair use and damages/willfulness, Oracle anticipates that each party may call only their damages expert in Phase Two. Oracle seeks actual damages (such as for lost licensing revenue), disgorgement of Google's profits from its infringement, and statutory damages for the infringement itself. Oracle is not seeking damages under a hypothetical licensing theory. Fair use and Oracle's damages claims implicate the same economic and technical issues and require very little additional evidence. For example, the fourth fair use factor considers "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). To show the effect on the market, Oracle will present evidence and testimony regarding the meteoric rise and undisputed market dominance of Android, how Android shut out Sun and now Oracle from the market, and specific examples of the many business deals and opportunities that Sun and Oracle lost out on because of Android. This same evidence supports Oracle's claim for "actual damages suffered by

ORACLE'S RESPONSE TO THE
TENTATIVE TRIAL PLAN

1   [Oracle] as a result of the infringement." *Id.* § 504(b).[3]  Similarly, the commercial purpose of

2   Android is central both to fair use—where the "commercial nature" of Android is part of the first

3   factor, *id.* § 107(1)—and to disgorgement, where the amount of revenue and profits attributable to

4   Android is part of the statutory analysis for infringer's profits, *id.* § 504(b).  Evidence about the

5   commercial nature of Android, including how and what money Google makes from Android is

6   relevant both in Phase One for the first fair use factor and in Phase Two for Oracle's claim of

7   infringer's profits.  Furthermore, the technical evidence regarding the nature of Oracle's work and

8   substantiality of what Google copied, critical to the second and third fair use factors, *id.*

9   § 107(2)-(3), is also relevant to causation and apportionment for disgorgement, *id.* § 504(b).

10      As to willfulness and fair use, the parties agree that there is *no* evidence relevant only to

11   willfulness that is not also relevant to fair use.  *See* ECF No. 1304 (Google Stmt. on Willfulness

12   Evidence) at 1 ("Google is not presently aware of any additional evidence that it would present to

13   the jury to rebut a willfulness claim that would not also be relevant to Google's fair use de-

14   fense."); ECF No. 1297 (Oracle Stmt. re: Willfulness Evidence) at 1 (similar).

15      Oracle understands that the Court views Oracle's damages theories as "complicated" and

16   as a reason to bifurcate.  ECF No. 1321 at 13.[4]  But a complex damages theory is not, by itself,

17   sufficient reason to bifurcate.  *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp.

18   501, 503 (D. Mass. 1992); *Lutron Elecs. Co. v. Crestron Elecs., Inc.*, No. 2:09 cv 707 DB, 2010

19   WL 2024510, at *1 (D. Utah May 19, 2010).  Indeed, in every case it is true that a verdict on one

20   gating issue may obviate the need for further trial; yet it is equally true that the jury will spend

21   more time on the case if multiple phases are required.  *See R.E. Linder Steel Erection Co. v.*

22

23   [3] It bears noting that the case comes to trial quite differently situated than in 2012.  As detailed in

24   the Supplemental Complaint, since discovery closed before the 2012 trial, Android has increased
     its market share from 38% in 2011 to over 83% market share in 2014, with more than one billion

25   active monthly Android users and 8,000 devices running Android.  ECF No. 1292 (Suppl.
     Compl.) ¶¶ 11-14.  Whatever could be said about Android's place in the market in 2012, it is now

26   indisputable that Android is the dominant mobile phone platform.

27   [4] In contrast to the 2012 trial, the only potential damages claims are for copyright infringement,
     not patent infringement.  Moreover, as discussed above, Oracle is not seeking damages on a

28   hypothetical license theory.  Accordingly, the damages presentation will be less complicated than
     the parties anticipated for the 2012 trial.

ORACLE'S RESPONSE TO THE
TENTATIVE TRIAL PLAN

*Wedemeyer, Cernik, Corrubia, Inc.*, 585 F. Supp. 1530, 1534 (D. Md. 1984) (recognizing that this sort of "potential time savings is true in all bifurcated cases" and rejecting bifurcation because "any savings in time and expense which might result from a bifurcation is wholly speculative").

Moreover, bifurcation is not necessary in this case to prevent prejudice to one of the parties. Both "parties agree that bifurcation of the trial is inappropriate at this stage of the case." ECF No. 1273 (Jnt. Status Conf. Rep.) at 11. The risk of prejudice is greater if the case is bifurcated. Because the issues are not separable, requiring the jury to deliberate twice despite the high degree of overlap in evidence may give rise to the impression that the Court believes Google's fair use defense *should* obviate Oracle's recovery, while creating a potential structural incentive for the jury to render a verdict for Google in order to avoid a second round of evidence and deliberations:

> Conversely, *bifurcating a trial creates its own problems*, not the least of which is that to do so leaves the court on the horns of a dilemma. On the one hand, if the court does not tell the jury beforehand that further proceedings may result in the event of a verdict in favor of the plaintiff, upon returning such a verdict the jurors (believing their duties fulfilled) will receive the unexpected news that they are obliged to sit through more evidence, more instructions and yet another round of deliberations. This is simply not fair to the jury. On the other hand, *if the court informs the jury at the outset that there will be further proceedings in the event of a verdict for the plaintiff, it creates a* **subtle incentive for the jury to** **return a** **verdict for the defendants**. **This would be unfair to the plaintiff**.

*Hamm v. Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995) (emphasis added). Here, the risk that "bifurcation would unfairly prejudice [Oracle]" by "provid[ing] an incentive to the jury to return a verdict favorable to [Google] on the issue of liability in order to avoid the burden of returning for jury service to determine damages" is significant and counsels against bifurcation of the jury trial. *Tuey v. Mammoth Mtn. Ski Area*, No. CIV. S-07-2442 LKK/GGH, 2009 WL 928328, at *11 (E.D. Cal. Apr. 6, 2009). Accordingly, at a minimum, Oracle respectfully requests that the jury not be advised that it must return for another phase of the trial if it returns a verdict for Oracle on fair use.

The potential for confusion is also high when the same evidence is relevant during both phases of jury trial yet they are treated separately. *Belisle v. BNSF Railway Co.*, 697 F. Supp. 2d 1233, 1251 (D. Kan. 2010). And, bifurcation unfairly eliminates the jury's discretion to calibrate

ORACLE'S RESPONSE TO THE
TENTATIVE TRIAL PLAN

1   its deliberations among a single set of verdicts to reach what it believes is a fair compromise and

2   just verdict.  9A Fed. Prac. & Proc. § 2388 ("The district judge must weigh a variety of facts," but

3   "[t]he major considerations, of course, must be which procedure is more likely to result in a just

4   and expeditious final disposition of the litigation.").

5              **PHASE TWO: WILLFULNESS AND DAMAGES (JURY).**

6              As discussed above, Oracle believes that fair use, willfulness, and damages should all be

7   tried together in a single one-phase trial.  If the case remains phased as proposed in the tentative

8   trial plan, Oracle requests a reallocation of hours so that a party has up to 15 hours of time for fair

9   use and 4 hours (plus any banked time) for willfulness and damages.  Seven full hours of evi-

10  dence on willfulness/damages is more time than necessary because the majority of evidence

11  relevant to fair use and willfulness or damages will already be presented in Phase One.

12             **PHASE THREE: EQUITABLE DEFENSES (BENCH ONLY).**

13             Oracle concurs that there should be a separate phase to address outstanding equitable

14  matters, in part to ensure that evidence relevant only to equitable matters is not unnecessarily

15  presented to the jury.[5]

16             Oracle requests that this final phase regarding Google's equitable defenses also address

17  Oracle's equitable remedies—namely, Oracle's request for an injunction.  Oracle's request for an

18  injunction would also be tried to the Court, and there is no need for a *fourth* phase to the trial

19  when the Court would already be conducting a bench trial on other equitable matters.  Trying

20  equitable remedies and equitable defenses in the same proceeding is common.  *See, e.g.*, *Romag*

21  *Fasteners, Inc. v. Fossil, Inc.*, No. 3:10cv1827 (JBA), 2014 U.S. Dist. LEXIS 109604, at *4 (D.

22  Conn. Aug. 8, 2014) (holding two-day bench trial on defendant's equitable defenses and plain-

23  tiff's request for a permanent injunction after the conclusion of a seven-day jury trial); *Anhing*

24  *Corp. v. Thuan Phong Co.*, No. CV 13-05167 BRO (MANx), 2015 U.S. Dist. LEXIS 97019, at *1

25  (C.D. Cal. 2015) (single hearing on equitable defenses and injunction); *cf.* 11A Fed. Prac. &

26  Proc., § 2946 ("Availability of Injunctive Relief – Equitable Defenses") (discussing equitable

27

28
_____

[5] Oracle's concurrence is without prejudice to its position that Oracle is entitled to summary judgment on Google's equitable defenses.  *See* ECF No. 1461 (Oracle Ltr.).

ORACLE'S RESPONSE TO THE
TENTATIVE TRIAL PLAN

defenses in a chapter about the availability of injunctive relief).  In the interests of efficiency,

Oracle requests that its equitable remedies be tried to the Court along with Google's equitable

defenses in a single proceeding.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Oracle respectfully requests that the Court modify the Tentative

Trial Plan (ECF No. 1488) as discussed above.

Dated: February 16, 2016                          Respectfully submitted,

                                                  Orrick, Herrington & Sutcliffe LLP

                                          By: */s/ Peter A. Bicks*
                                               Peter A. Bicks

                                               Counsel for ORACLE AMERICA, INC.

ORACLE'S RESPONSE TO THE
TENTATIVE TRIAL PLAN