KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Tel:    (404) 572-4600
Fax:    (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>           Plaintiffs,<br><br>      v.<br><br>GOOGLE INC.,<br><br>           Defendant. | Case No.  CV 10-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE TO TENTATIVE TRIAL PLAN (DKT. NO. 1488)**<br><br>Dept.:    Courtroom 8, 19th Fl.<br>Judge:    Hon. William Alsup |

Pursuant to the Court's request, Defendant Google Inc. ("Google") respectfully submits the following comments concerning the Tentative Trial Plan dated February 8, 2016 (Docket No. 1488).

Google largely concurs with the Court's proposed trial plan.  However, Google requests the Court's advance permission (as noted on page 2, line 5 of the Tentative Trial Plan) to have one of its six pretrial motions *in limine* consist of a *Daubert* motion presented in 20 pages of briefing, as opposed to the standard 10 pages.  Specifically, Google submits that it requires these additional pages for its *Daubert* motion challenging the expert opinion testimony of Oracle's damages expert, James Malackowski.  Mr. Malackowski has presented a lengthy opening damages expert report that totals 238 pages including exhibits.  In that report, Mr. Malackowski offers opinions that seek to support Oracle's claim for disproportionately large damages, but he does so without providing the analysis required under governing law.  For example, in his attempt to support Oracle's bid to help itself to Google's indirect advertising revenues, Mr. Malackowski fails to establish the required causal nexus between those revenues and any use of the allegedly infringed 37 Java APIs.  And, in seeking to support an award to Oracle of lost license profits, Mr. Malackowski fails to tie those supposed losses to the allegedly infringed 37 Java APIs, impermissibly basing the claim entirely on a misreading of an already speculative Sun profit projection.  In order to provide a complete discussion of the support for this *Daubert* motion directed to Mr. Malackowski's lengthy proposed testimony, Google respectfully requests 20 pages to brief that motion.

Google further states that (a) it does not oppose the inclusion of the Marshmallow version of the Android Open Source Platform on the list of Android versions in play per the Court's comments at page 2, lines 20 to 22, of the Tentative Trial Plan; and (b) the parties agree that a juror questionnaire would be helpful in this case.  The parties are jointly working on a proposed jury questionnaire and will submit any mutually agreed-upon version for the Court's consideration by Friday, February 19.

Dated: February 16, 2016

KEKER & VAN NEST LLP

By: /s/ Robert A. Van Nest
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.