UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No.  10-cv-03561-WHA   (DMR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY LG'S MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 1503 |

　　　　Before the court is a discovery letter in which non-party LG Electronics, Inc. ("LG") moves for a protective order.  Docket No. 1503.  The court has determined that this matter is appropriate for determination without oral argument.  Civil L.R. 7-1(b).  For the reasons stated below, LG's motion for a protective order is granted in part and denied in part**,** and its request to modify the existing Protective Order is denied.

## I.     BACKGROUND

　　　　In this copyright action, Defendant Google determined that two draft agreements and one executed business agreement between LG and Google are responsive to Plaintiff Oracle's discovery requests.[1]  In conformance with a non-disclosure agreement between Google and LG, Google informed LG that it intended to produce the documents to Oracle.  Pursuant to Section 11 of the Protective Order entered in this case, LG then had fourteen days to object to production of those documents.  Docket Nos. 66 and 68.[2]

---

[1] The documents at issue are identified by Bates numbers PLA005_02356723, PLA007_3398019, PLA005_02577973, and PLA005_02577855.  The last two documents are identical.

[2] On February 8, 2016, LG moved to extend its deadline to file a motion for a protective order.  The Hon. William H. Alsup granted LG's motion in part, and extended LG's filing deadline to February 12, 2016.  Docket No. 1499.  LG's motion is therefore timely.

1    LG now moves the court for a protective order to prevent Google from producing the
2 documents to Oracle, arguing that they contain highly sensitive commercial information.  In the
3 alternative, LG requests that the court amend the existing Protective Order to specifically provide
4 for damages for LG in the event that a party breaches its non-disclosure obligations.
5    Google takes no position regarding LG's motion for a protective order, but Oracle opposes
6 it.  Both Google and Oracle object to LG's alternative request for an amendment to the existing
7 Protective Order.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Courts have the power to issue protective orders in the discovery process in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III.   ANALYSIS

At issue are two draft business agreements and one final business agreement between LG and Google, all pertaining to the manufacture of smart phones.  Oracle argues that the documents are relevant to its damages analyses, as well as Google's fair use defense.

The draft documents comprise one draft purchase agreement between LG and Google regarding LG-supplied Android phones, and a draft exhibit to a purchase agreement for a different LG-supplied Android phone.  LG contends that the drafts are not relevant because there is no indication that the terms in the drafts ever materialized into actual agreements.  LG further argues that the drafts reveal LG's negotiating positions and would be damaging to LG if discovered by its customers or competitors.

Oracle's arguments focus on the relevance of *agreements* between Google and its Android partners such as LG.  Oracle does not address, and therefore concedes LG's contention that draft agreements have little, if any, relevance to the case.  For this reason, LG's motion for a protective

order with respect to the two draft business agreements is granted.

Google incorrectly coded one of the draft documents. This resulted in Google's failure to provide pre-disclosure notification to LG, as well as the unauthorized production of the draft to Oracle. Google requested that Oracle destroy or return the document, but Oracle refused to do so. Under the authority of Rule 26(c)(1), the court orders Oracle to return the original and all copies of the document to Google. LG should not be penalized for Google's error, especially since Oracle had no right to production of the irrelevant document in the first place.

The remaining document is an executed business agreement which contains terms governing prices and quantities of phones that LG sold to Google. LG does not dispute the relevance of the document, but instead argues that there is a less burdensome way for Oracle to discover the relevant information. According to LG, Oracle should be able to obtain pricing and quantity information from Google's accounting records. LG contends that as a non-party, it should not have to run the risk of disclosure of confidential contract terms when the information sought by Oracle is readily available from Google.

LG relies on *Laxalt v. McClatchy*, 116 F.R.D. 455 (D. Nev. 1986) for the proposition that that nonparties enjoy greater protection from discovery than parties. *Laxalt* addressed discovery requests directed at a non-party. That is not the situation here. In this case, Google is responding to Oracle's discovery requests. LG provided no authority for its position that a heightened relevancy standard applies to party discovery where third-party interests may be implicated. The document is clearly relevant to the case. LG's concerns about the disclosure of its confidential information are addressed by the fact that Google has designated the document as "Highly Confidential–Attorneys' Eyes Only" under the existing Protective Order. The court therefore denies LG's request for a protective order that prevents Google from producing the finalized business agreement to Oracle.

In the alternative, LG requests that the court modify the existing Protective Order to provide damages to LG in the event of disclosure of confidential information. It argues that inadvertent disclosure would cause LG serious competitive harm, and contends that the Protective Order currently does not offer adequate protection or compensation in the event of a breach of the

non-disclosure obligations.

LG must show good cause to modify the operative Protective Order to add an LG-specific provision. *See* Fed. R. Civ. P. 26(c)(1) (court may issue a protective order upon a showing of "good cause"). LG has failed to do so. Nothing in the existing Protective Order limits LG's ability to seek remedies for violations of the non-disclosure provisions. *See* Docket Nos. 66, 68. Moreover, the court has the authority to address failures to comply with the Protective Order under Rule 37 or through exercise of its inherent power. *See, e.g., Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (upholding district court's imposition of sanctions under the court's inherent power for party's violation of a protective order); *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934-35 (9th Cir. 1993) (Rule 37 grants courts the authority to impose sanctions where a party has violated a discovery order, including a protective order); *Falstaff Brewing Corp. v. Miller Brewing Corp.*, 702 F.2d 770, 783 (9th Cir.1983)("Rule 37(b) sanctions may serve either remedial and compensatory purposes or punitive and deterrent purposes").

If LG believes that the court's ability to impose remedies for violations of the Protective Order is inadequate, it has failed to explain how or why. Judge Alsup admonished the parties that they are "expected to fully comply with all protective orders." Docket No. 1460. LG retains the same rights as any other interested party to seek relief from any damage or harm resulting from a violation of the Protective Order, or from any violation of its Non-Disclosure Agreement with Google. LG's request to modify the operative Protective Order is therefore denied.

**IT IS SO ORDERED.**

Dated: February 19, 2016

Donna M. Ryu
United States Magistrate Judge