

ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA  94025-1015

*tel* +1-650-614-7400
*fax* +1-650-614-7401
WWW.ORRICK.COM

February 23, 2016

The Honorable William Alsup
United Stated District Court Judge
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:  *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA
     ***EMERGENCY*** Précis Seeking Leave for Motion to Disclose Protected Material to
     Oracle's Expert Dr. Olivier Toubia

Dear Judge Alsup,

     Oracle requests permission to make an oral Motion for Leave to Disclose Protected
Material to Oracle's Expert Dr. Oliver Toubia at the February 24, 2016 tutorial, or, alternatively,
for an Order requiring Google to immediately de-designate a limited set of documents, testimony
and the Leonard report (which Oracle has identified to Google) in light of the upcoming trial and
expert report deadlines.  Oracle retained Toubia to respond to a report submitted on February 8
by Google's expert Dr. Simonson.  Oracle disclosed Toubia on February 18th.  Although Toubia
has never been employed by a party or party competitor, Google refuses to permit disclosure of
Protected Material to Toubia under the PO.  Toubia's report is due February 29th.  Oracle
requests immediate resolution of this issue so Toubia may review such materials in connection
with his report.  Alternatively, Oracle requests that the Court schedule briefing on an expedited
basis and extend the deadline for Toubia's report until 5 days after this matter is resolved.

     On February 8, Google served Simonson's report, which provides that Simonson
conducted a survey between December 28th, 2015, and January 22nd, 2016 of mobile app
developers to assess factors that influence developers' decisions to develop apps for a new or
existing mobile platform.  In addition to other flaws, Simonson's survey attempts to rewrite the
factual history of this case, ignoring the context affecting developers' decisions in the early
phase of the Android platform (when Google decided to copy Java) and instead asking questions

February 23, 2016
Page 2

that rely on respondents' current reasoning.  Simonson ignores contemporaneous Google documents that contradict his post hoc survey and show that Google chose Java for Android to attract app developers and because it already had widespread acceptance among  mobile market industry players.  Examples of such documents submitted in the first trial include presentations stating that "supporting Java is the best way to harness developers" and setting forth a strategy to "[l]everage Java for its existing base of developers."  TX0024 at 45; TX0158 at 10; TX0387 at 40.  Other examples indicate that "carriers require" Java and that Java provides an elegant and simple "tools story."  TX0001 at 8; TX0013 at 1.  Toubia should be permitted access to Protected Materials providing further historical context so he can fully explore the issues.

Upon receiving Simonson's report, Oracle immediately searched for and retained an expert (Toubia) to submit a rebuttal report, and disclosed that expert under ¶ 7.4(a)(2) of the PO. [Dkt #66, 12]  Toubia qualifies as an expert under ¶ 2.7 because he is not, has not been, and does not anticipate being, an employee of either party, or any party competitor.  [Dkt #66, 2] Toubia's CV shows he has worked only in academia, as a professor of marketing or business.

Google objects to disclosure of Protected Materials to Toubia because third- party confidentiality obligations prevent him from disclosing the identity of two technology firms for which Toubia provided litigation-related consulting services in the past.  Pursuant to footnote 1 of the PO [Dkt #66, 13], Toubia provided the information he could disclose without violating his confidentiality agreements – i.e., that the engagements involved quantifying consumer preferences for a smart phone feature, a set-top box feature and a wireless internet feature. Oracle's counsel also provided Google's counsel the following additional information during a direct voice-to-voice meet and confer:  (1) one engagement concluded 2 years ago, the other 1 year ago; (2) Toubia's engagement by both parties remains confidential; (3) the parties that engaged Toubia do not agree to disclosure of their identities; (4) Toubia did not receive confidential information of the parties in those matters; and (5) those engagements were limited to researching public information to determine consumer preferences for certain product features.

February 23, 2016
Page 3

Oracle's counsel also described the need to disclose protected emails, presentations and testimony demonstrating Google's belief in the importance of Java to  the adoption of Android and in particular to app developers so that Toubia can rebut the Simonson report.  And Oracle subsequently identified those materials to Google, as well as the Leonard report that relies on Simonson, requesting de-designation as an alternative.  Although Google professes to be considering this request, so far it has not agreed to de-designate and maintains its objection to disclosure to Toubia because he cannot identify the parties that retained him.

Because the parties have been unable to resolve the matter, and Oracle needs immediate resolution because of the pending expert report deadline, Oracle requests permission to move orally at the February 24 tutorial for disclosure of Protected Material to Toubia pursuant to ¶ 7.4(c) of the PO, or, in the alternative, for an Order requiring Google to de-designate the identified materials.  [Dkt #66, 13]  Disclosure of the materials described above is necessary for Toubia to rebut Simonson's post hoc survey by showing Google's contemporaneous documents directly contradict the survey results and to address Leonard's reliance on Simonson's report.  Such limited disclosure presents no risk of harm to Google as Toubia is not an employee of a party or party competitor, nor does he anticipate being such an employee.  And his past consulting work presents no risk of harm whatsoever to Google because it occurred 1 and 2 years ago and was limited to researching publicly available information regarding consumer preference for features of electronic devices in the context of litigation.  Also, Oracle will limit its disclosure to the categories of documents, testimony and expert report described above and previously identified to Google, and a total of no more than fifty documents designated under the PO.

Google's objection is an undisguised attempt to deprive Oracle's expert full access to relevant materials and to run out the clock on Oracle's rebuttal to Simonson's flawed survey.  Google cannot prove any risk of harm that outweighs Oracle's need to disclose the limited information to its expert.  [Dkt #66, 13-14]  If the Court believes additional briefing is needed, Oracle requests that the Court expedite the matter and extend the deadline for the Toubia report.

February 23, 2016
Page 4

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Vickie L. Feeman*

Vickie L. Feeman
Counsel for Plaintiff Oracle America, Inc.