ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>      Plaintiff,<br>  v.<br>GOOGLE INC.<br><br>      Defendant. | Case No. CV 10-03561 WHA<br>**JOINT RESPONSE RE: JURY QUESTIONNAIRE PROCEDURE (ECF NOS. 1518 AND 1520 )**<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Plaintiff and Defendant in this matter ("Oracle" and "Google," respectively) hereby jointly submit this statement in response to the Court's inquiry of February 26, 2016 (ECF No. 1518), as supplemented by the Court on February 28, 2016 (ECF No. 1520).

The parties have met and conferred and have agreed on, and hereby propose, a form of a questionnaire, a proposed procedure for dissemination, proposed instructions, the extent to which the parties agree that answers to the questionnaire will not be used to impeach the verdict, and the extent to which Internet searches or other investigations on venire should be permitted. The parties have reached agreement, and submit a joint proposal, except where indicated below in sections 2(e) and 2(f).

Subject to the Court's approval, and except where otherwise indicated, the parties jointly submit the following proposal in the areas outlined by the Court:

(1) The parties propose that the Court utilize the jury questionnaire jointly developed by the parties and attached hereto as Appendix A (previously submitted in ECF No. 1512);

(2) The parties propose the following preferred procedure for disseminating and collecting the jury questionnaire:

 (a) On May 9, 2016, prospective jurors arrive at the courthouse and the Court screens prospective jurors for hardship and time qualifications;

 (b) The Court reads the parties' Joint Statement of the case to the assembled venire and also reads to the venire the names of potential witnesses in the case;

 (c) The Court gives the assembled venire of prospective jurors who have passed the hardship, listing of witness, and time qualification process the instructive admonishment attached hereto as Appendix B that strictly forbids any independent research related to the case or jury questionnaire or any communication in any form about the case from that point forward;

 (d) The Court disseminates the juror questionnaire to prospective jurors who have passed the hardship, listing of witnesses, and time qualification processes and each prospective juror immediately fills out and returns to

|   |   |   |
|---|---|---|
| 1 | | the Court the completed juror questionnaire; |
| 2 | (e) | <u>Proposal by Oracle</u>: Each party will be given copies of the completed jury questionnaires as soon as possible.  Oracle's counsel is willing to take responsibility for copying the completed jury questionnaires at a neutral vendor in the presence of Google's counsel, distributing a full set of copies to each side's trial teams, and returning the originals to the Court within 24 hours (if this process occurs on the morning of May 9, 2016, the originals will be returned by the end of the day for jury questionnaires received by counsel before noon).  Jurors return to the courthouse on May 11, 2016 for oral voir dire (the parties respectfully request 30 minutes each for oral voir dire in follow up to the questionnaires) and the jury is selected and sworn on that day. |
| 13 | (f) | <u>Alternative proposed by Google</u>:  Each party will be given copies of the completed jury questionnaires as soon as possible.  Either Oracle's or Google's counsel, by agreement, will take responsibility for promptly copying the completed jury questionnaires at a neutral vendor in the presence of the other party's counsel, distributing a full set of copies to each side's trial teams on the afternoon of May 9, 2016, and then returning the originals to the Court by the morning of May 10, 2016.  Jurors return to the courthouse on May 10, 2016 for oral voir dire (the parties respectfully request 30 minutes each for oral voir dire in follow up to the questionnaires) and the jury is selected and sworn on that day. |

The parties prefer in-person dissemination, completion, and collection of the jury questionnaire because it gives the Court control over the process, minimizes the chances of prospective jurors conducting independent Internet research, ensures that the prospective juror is the person filling the questionnaire out, ensures that people filling out the questionnaire have been pre-cleared for hardship, and avoids the situation where the Court and the parties have questionnaires for persons who do not show up for selection.

1    Alternatively, the parties propose that the Court mail the jury questionnaire and Appendix
2 B hereto to prospective jurors in advance with instructions to return the questionnaire by
3 Wednesday, May 4, 2016.  The Court would then provide the questionnaire responses to the
4 parties on May 5, 2016 and prospective jurors would arrive to the courthouse on the morning of
5 May 9, 2016 to begin the jury selection process.

6    (3)   The parties agree that honest answers to the questionnaire will not later be used to
7 impeach the verdict.  The parties reserve their rights with respect to dishonest answers to material
8 voir dire questions to the extent that an honest answer would have provided a valid basis for a
9 challenge for cause.  *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556
10 (1984); *Hanford Nuclear Reservation Litig. v. E.I. DuPont de Nemours & Co*., 534 F.3d 986,
11 1015 (9th Cir. 2008).

12   (4)   The parties agree that review of publicly available information should be allowed
13 as it may be helpful in selecting a fair and unbiased jury.  The parties agree that passive
14 investigation of prospective juror's public presence on the Internet (including prospective jurors'
15 social media presence) should be allowed consistent with ethical and other guidance on the
16 matter.  *See* American Bar Association Standing Committee on Ethics and Professional
17 Responsibility, Formal Opinion 466.  The parties agree not to access any data on the venire that is
18 not equally available to the other party.  By way of example and not limitation, each party agrees
19 not to access any non-public, proprietary sources of information that the party has access to by
20 virtue of its businesses or services.  To the extent any party accesses non-public information, the
21 party shall immediately disclose that information to the Court and to the other party.

| | | |
|---|---|---|
| Dated: February 29, 2016 | | Keker & Van Nest LLP |
| | By: | */s/ Robert A. Van Nest* <br> ROBERT A. VAN NEST |
| | | Attorneys for Defendant <br> GOOGLE INC. |
| Dated: February 29, 2016 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | By: | */s/ Peter A. Bicks* <br> PETER A. BICKS |
| | | Attorneys for Plaintiff <br> ORACLE AMERICA, INC. |

## **ATTESTATION**

I, Peter A. Bicks, the ECF User whose ID and password are being used to filed this document, hereby attest that counsel for Google concurs in this filing.

/s/ *Peter A. Bicks*
_____