1  KEKER & VAN NEST LLP
   ROBERT A. VAN NEST - # 84065
2  rvannest@kvn.com
   CHRISTA M. ANDERSON - # 184325
3  canderson@kvn.com
   DANIEL PURCELL - # 191424
4  dpurcell@kvn.com
   633 Battery Street
5  San Francisco, CA 94111-1809
   Telephone:    (415) 391-5400
6  Facsimile:    (415) 397-7188

7  KING & SPALDING  LLP
   BRUCE W. BABER (pro hac vice)
8  bbaber@kslaw.com
   1185 Avenue of the Americas
9  New York, NY 10036
   Telephone:    (212) 556-2100
10 Facsimile:    (212) 556-2222

11 Attorneys for Defendant
   GOOGLE INC.

12                       UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                            SAN FRANCISCO DIVISION

15

16 | ORACLE AMERICA, INC.,              | Case No.  3:10-cv-03561 WHA (DMR) |
   |                                    |                                   |
17 |        Plaintiffs,                 |                                   |
   |                                    |                                   |
18 |   v.                               | **GOOGLE INC.'S RESPONSE TO ORDERS REFLECTED IN ECF NOS. 1523 & 1526** |
   |                                    |                                   |
19 | GOOGLE INC.,                       |                                   |
   |                                    |                                   |
20 |        Defendant.                  | Dept.   Courtroom 8, 19th Fl.     |
   |                                    | Judge:  Hon. William Alsup        |

21

22

23

24

25

26

27

28

1    Defendant Google Inc. ("Google") submits the following statement in response to the
2    Court's orders reflected in Docket Numbers 1523 and 1526.  In those orders, the Court stated that
3    it is considering imposing on both sides a ban on any and all Internet research on the jury
4    members prior to verdict.  Provided the ban applies equally to both parties, Google has no
5    objection to imposition of such a ban in this case.  Google does respectfully request, however,
6    that the parties be permitted an hour of voir dire per side in light of the fact that the parties will
7    not have the benefit of any jury questionnaire to facilitate jury selection.

8    The Court also requested information concerning the extent to which the law and rules of
9    professional conduct permits review of jurors' Internet presence by various means, including
10   social media.  Recently, the Standing Committee on Ethics and Professional Responsibility of the
11   American Bar Association provided guidance in its 2014 Formal Opinion 466 entitled "Lawyer
12   Reviewing Jurors' Internet Presence" to clarify the extent to which Internet research concerning
13   jurors is permitted.  In that Opinion, the ABA states that passive review of a juror's *public*
14   presence on the Internet is ethically permissible provided the lawyer does not access or request
15   access to a *private* area on a juror's electronic accounts or Internet presence (*e.g.*, Facebook,
16   MySpace, LinkedIn, and Twitter, Google accounts, Internet searches, and other social media or
17   electronic accounts).  ABA Formal Opinion 466 at 9 ("In sum, a lawyer may passively review a
18   juror's public presence on the Internet, but may not communicate with a juror. Requesting access
19   to a private area on a juror's ESM is communication within this framework.").  In other words,
20   the parties' lawyers and any employees or investigators assisting them in jury selection are
21   permitted to conduct Internet research relating to jurors provided they are merely researching
22   publicly available areas of the Internet without actively accessing or seeking access to a private
23   area of a juror's electronic accounts or Internet presence (*e.g.*, sending a "friend request" on
24   Facebook, "following" a Twitter account, or requesting an existing "friend" or "follower" to
25   access the private levels of a juror's social media accounts).  Google respectfully submits that the
26   discussion in ABA Formal Opinion 644 of the ethically permissible passive review a juror's
27   public presence on the Internet fully addresses the specific questions raised by the Court.
28

| | | |
|---|---|---|
| Dated:  March 8, 2016 | | KEKER & VAN NEST LLP |
| | By: | /s/ *Robert A. Van Nest* |
| | | ROBERT A. VAN NEST |
| | | CHRISTA M. ANDERSON |
| | | DANIEL PURCELL |
| | | Attorneys for Defendant |
| | | GOOGLE INC. |