IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. C 10-03561 WHA<br><br>**REQUEST FOR FURTHER RESPONSE RE SOCIAL MEDIA** |

By **2:30 P.M. TOMORROW MARCH 9**, both sides shall please respond to each other's submissions regarding social media investigations of jurors. Both sides shall please also address the following issues regarding your search strategies (assuming, *arguendo*, that some Internet searches about prospective jurors is allowed):

- Do references to the "general public" include individuals who are logged in to a particular site or application although not connected to a prospective juror? That is, a member of the general public who does not have a Twitter account could not view the followers or the followed list of a prospective juror's account, even if that juror's profile is public. An individual who is logged into his Twitter account, however, could view those lists, even without connecting to the prospective juror. Do you contemplate conducting searches and viewing prospective jurors' profiles with logged in users?

- Oracle refers to "information that is available under the user's privacy settings." Who is the "user" in that circumstance?

- Oracle states that neither side should be permitted "to review Google, Yahoo!, and/or other Internet searches." Please state how you intend to discover prospective jurors' social media profiles without reviewing "Internet searches."

- Please state whether you intend to use dating sites or applications in investigating prospective jurors.

- Please state whether you intend to use technical search tools such as "reverse whois" or to review materials that a prospective juror may not have realized could be accessed by the public, such as source code for a website.

**IT IS SO ORDERED.**

Dated:   March 8, 2016.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2