ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>          Plaintiff,<br>     v.<br><br>GOOGLE INC.<br><br>          Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO ECF NO. 1531**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Oracle hereby responds to the Court's Request for Further Response Re Social Media (ECF No. 1531) as follows:

**Question 1:** Do references to the "general public" include individuals who are logged in to a particular site or application although not connected to a prospective juror? That is, a member of the general public who does not have a Twitter account could not view the followers or the followed list of a prospective juror's account, even if that juror's profile is public. An individual who is logged into his Twitter account, however, could view those lists, even without connecting to the prospective juror. Do you contemplate conducting searches and viewing prospective jurors' profiles with logged in users?

**Oracle's Response:**  Yes, the general public includes individuals logged in to a particular site or application.  Oracle does not contemplate having sufficient time to review social media profiles of the venire with logged in users during the time allotted for voir dire and does not intend to.  Oracle does submit that passive review of information via logged in users is permissible under applicable ethical guidelines and judicial precedent.   After the jury is seated, the parties are entitled to conduct passive review to ensure that the jurors are complying with the Court's orders not to discuss the case.  *See* ECF 1529 at 3:4-4:13; 6:1-12.  The phenomenon of jurors using social media to discuss cases in progress is a significant and serious one, and the parties should not be required to forfeit their right to monitor for this potential.

**Question 2:** Oracle refers to "information that is available under the user's privacy settings." Who is the "user" in that circumstance?

**Oracle's Response:**  The "user" referred to in Oracle's statement is the juror or the prospective juror.

**Question 3:** Oracle states that neither side should be permitted "to review Google, Yahoo!, and/or other Internet searches." Please state how you intend to discover prospective jurors' social media profiles without reviewing "Internet searches."

**Oracle's Response**: Oracle's reference to "Google, Yahoo!, and/or other Internet searches" at lines 9-10 of page 2 of Oracle's March 8, 2016 submission (ECF No. 1529) was in response to the Court's question of whether "either side is allowed to review Google, Yahoo!,

and/or other Internet searches conducted by prospective or actual jury members in order, for example, to analyze their politics, job searches, shopping habits, evening life, and/or personal interests;" Oracle's statement was focused on the potential that Google (not Oracle) would review private search history information that Google might have access to by virtue of its services.  As noted in its prior submission, Oracle does not view such search history information as public information.

**Question 4:**  Please state whether you intend to use dating sites or applications in investigation prospective jurors.

**Oracle's Response:**  No.

**Question 5:**  Please state whether you intend to use technical search tools such as "reverse whois" or to review materials that a prospective juror may not have realized could be accessed by the public, such as source code for a website.

**Oracle's Response:**  No.

**Oracle's Response to Google's Submission:**  Oracle joins in Google's request for an hour of voir dire time per side (which Oracle understands is in addition to the Court's voir dire).

Dated: March 9, 2016

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  /s/ Peter A. Bicks
PETER A. BICKS

Attorneys for Plaintiff
ORACLE AMERICA, INC.