KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.  3:10-cv-03561 WHA (DMR) <br><br> **GOOGLE INC.'S RESPONSE TO ECF NO. 1531** <br><br> Dept.     Courtroom 8, 19th Fl. <br> Judge:    Hon. William Alsup |

Defendant Google Inc. ("Google") hereby submits the following statement in response to the Court's Order reflected in Docket Number 1531.  In the Order, the Court asks that each side "respond to each other's submissions regarding social media investigations of jurors" as well as address several specific "issues regarding [each side's] search strategies (assuming, *arguendo*, that some Internet searches about prospective jurors is allowed)."  ECF No. 1531 at 1.

As noted in its opening submission on this issue, Google does not object in this case to the Court's proposal to ban Internet research on jurors, provided the ban applies equally to both sides.  Nevertheless, Google addresses the Court's further inquiries below.

**I.     GOOGLE'S RESPONSE TO ORACLE'S SUBMISSION**

Oracle's submission on juror research recites several general legal principles with which Google agrees.  For example, Google agrees that the right to an impartial jury is an important constitutional right.  ECF No. 1529 at 3.  Google also agrees that seeking out publicly-available information regarding prospective jurors is a well-recognized practice in federal courts.  *Id.* at 4.

Oracle's submission includes specific proposals for how Internet research on jurors should be conducted in this case.  Assuming that the Court permits such research in this case, Google does not object to most of Oracle's proposals, to the extent Google understands those proposals.  Specifically, Google agrees (i) that neither party should use non-public information in its possession, custody, or control to research prospective jurors (ECF No. 1529 at 1) and (ii) that passive Internet research of publicly available information is appropriate under the guidance provided by the Standing Committee on Ethics and Professional Responsibility of the American Bar Association in its 2014 Formal Opinion 466 and other bar association opinions on the issue (*id.* at 6).

Google notes that Oracle's proposal requests a ban on the use of "information not readily available to the general public" (*id.* at 2), such as "proprietary databases (such as private investigator databases) and other investigative tactics commonly used to conduct juror research" (*id.* at 7).  The boundaries of what Oracle means by "readily available to the general public," "proprietary databases" or "other investigative tactics" in its proposed ban are unclear.  However, to the extent that Oracle's proposal seeks to preclude the use of subscription-based databases that

1

allow searching of public records, Google would not object in this case to such a ban should the Court so order.

## II.     RESPONSE TO THE COURT'S INQUIRIES RE "SEARCH STRATEGIES"

Google hereby provides the following answers to the Court's specific inquiries regarding "search strategies" that it would employ "assuming, *arguendo*, that some Internet searches about prospective jurors is allowed." ECF No. 1531 at 1.

Question #1:

> Do references to the "general public" include individuals who are logged in to a particular site or application although not connected to a prospective juror? That is, a member of the general public who does not have a Twitter account could not view the followers or the followed list of a prospective juror's account, even if that juror's profile is public. An individual who is logged into his Twitter account, however, could view those lists, even without connecting to the prospective juror. Do you contemplate conducting searches and viewing prospective jurors' profiles with logged in users?

Google's Response to Question #1

According to the guidance set forth by American Bar Association, an attorney, or an employee or investigator assisting the attorney in jury selection, may conduct a "[p]assive review of a juror's website or ESM, *that is available without making an access request*, and of which the juror is unaware." ABA Formal Opinion 466 at 4 (emphasis added). Thus, to use the Court's example, if the information on a prospective juror's Twitter page (*i.e.*, the "followers or the followed list") remains publicly available to any user logged in to Twitter (without the user needing to request access to the information from the juror), the logged-in user may passively review that information on juror's Twitter page without raising ethical concerns. ABA Formal Opinion 466 at 4 ("In the world outside the Internet, a lawyer or another acting on the lawyer's behalf, would not be engaging in an improper ex parte contact with a prospective juror by driving down the street where the prospective juror lives to observe the environs in order to glean publicly available information that could inform the lawyer's jury-selection decisions.").

Question #2:

> Oracle refers to "information that is available under the user's privacy settings." Who is the "user" in that circumstance?

Google's Response to Question #2

Google understands Oracle's reference to "privacy settings" in this context to be the privacy settings on the prospective juror's social media account. As the ABA Opinion states, "[p]rivacy settings allow the ESM subscriber to establish different degrees of protection for different categories of information, each of which can require specific permission to access." ABA Formal Opinion 466 at 4. To the extent a prospective user's privacy settings require an "access request"—e.g. a "friend request" on Facebook—to view certain information, that information would be beyond the scope of passive reviewed allowed under the ABA Opinion. ABA Formal Opinion 466 at 4.

Question #3:

> Oracle states that neither side should be permitted "to review Google, Yahoo!, and/or other Internet searches." Please state how you intend to discover prospective jurors' social media profiles without reviewing "Internet searches."

Google's Response to Question #3

Google understands Oracle's reference to "Internet searches" in this context to be referring to a prospective juror's Internet search history. Because an individual's search history information is not publicly available on the Internet, Google understands that neither party has proposed having the ability to review proprietary, non-public information about a particular juror's search history.

Question #4:

> Please state whether you intend to use dating sites or applications in investigating prospective jurors.

Google's Response to Question #4

Google does not intend to use dating sites or applications in investigating prospective jurors.

Question #5:

> Please state whether you intend to use technical search tools such as "reverse whois" or to review materials that a prospective juror may not have realized could be accessed by the public, such as source code for a website.

Google's Response to Question #5

Google does not intend to use a "reverse whois" tool or review source code for websites in investigating prospective jurors. Google is unsure what else the Court may be including in the category of "technical search tools," but, as stated above, Google does not intend to use proprietary or non-public information to access information about a juror's Internet search history.

Dated: March 9, 2016                                KEKER & VAN NEST LLP

                                            By:  /s/ *Robert A. Van Nest*
                                                 ROBERT A. VAN NEST
                                                 CHRISTA M. ANDERSON
                                                 DANIEL PURCELL

                                                 Attorneys for Defendant
                                                 GOOGLE INC.

4
**GOOGLE'S RESPONSE TO ECF NO. 1531**
Case No. 3:10-cv-03561 WHA (DMR)

1037667