IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant.<br>_____ / | No. C 10-03561 WHA<br><br>**FURTHER REQUEST FOR INFORMATION RE PROPOSED SOCIAL MEDIA SEARCHES** |

Please answer the following questions by **NOON ON THURSDAY, MARCH 17TH**. For purposes of these questions, "investigators" means those lawyers, paralegals, secretaries, employees, jury consultants (or their employees) or other agents who you propose to conduct social media searches on prospective jurors. Please do not answer that there will likely be too little time. Please answer as if you had ample time.

1. To what extent will your investigators be merely members of the general public versus having and logging onto Facebook accounts (and other social media accounts) in conducting searches?

2. In the past, Facebook's default privacy setting was to extend access to "friends of friends." This means that if the investigator is a friend of a friend of a prospective juror (and the juror has rested on that default setting or otherwise made his or her profile accessible to friends of friends) then the investigator will be able to see

personal information of the prospective juror not otherwise public. To what extent do you contend that you should be allowed to exploit the fortuity of a friend of a friend circumstance? And, how would you even know that access was being allowed on that basis rather than on a public basis?

3. The judge presumes that neither side would exploit a situation in which the investigator is a direct "friend" of the prospective juror so as to access information available only to direct friends of the prospective juror. Please confirm (or deny) this assumption.

4. For each of your proposed investigators who will log into Facebook (or other social media accounts), state their name and the number of friends they have established on their Facebook accounts (or other quantifiable connections such as followers on Twitter).

5. State how you intend to use Facebook (or other) information regarding (i) political preferences of prospective jurors, (ii) their religious preferences, (iii) their relationship status, (iv) their photographs, (v) books, movies, and other items they have "liked," (vi) their favorite quotes, (vii) their location "check-ins," and (viii) their postings.

6. Give at least three concrete examples of information you expect to find on a prospective juror that would lead to a for-cause challenge that would be unlikely to surface during normal voir dire.

Dated: March 14, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2