KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:      (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiffs,<br><br>      v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S RESPONSE TO ECF NO. 1535**<br><br>Dept.       Courtroom 8, 19th Fl.<br>Judge:      Hon. William Alsup |

Defendant Google Inc. ("Google") hereby submits the following responses to the questions posed in the Court's "Further Request for Information Re Proposed Social Media Searches" dated March 14, 2016. ECF No. 1535.

Question #1:

> To what extent will your investigators be merely members of the general public versus having and logging onto Facebook accounts (and other social media accounts) in conducting searches?

Google's Response to Question #1

Google responds that, were the Court to allow Internet searches of social media in this case, investigators would not be logged into Facebook or other social media accounts in conducting searches.

Question #2:

> In the past, Facebook's default privacy setting was to extend access to "friends of friends." This means that if the investigator is a friend of a friend of a prospective juror (and the juror has rested on that default setting or otherwise made his or her profile accessible to friends of friends) then the investigator will be able to see personal information of the prospective juror not otherwise public. To what extent do you contend that you should be allowed to exploit the fortuity of a friend of a friend circumstance? And, how would you even know that access was being allowed on that basis rather than on a public basis?

Google's Response to Question #2

Google does not propose allowing logged-in searches of Facebook or other social media in this case.

Question #3:

> The judge presumes that neither side would exploit a situation in which the investigator is a direct "friend" of the prospective juror so as to access information available only to direct friends of the prospective juror. Please confirm (or deny) this assumption.

Google's Response to Question #3

Google confirms the Court's assumption with respect to Google.

Question #4:

> For each of your proposed investigators who will log into Facebook (or other social media accounts), state their name and the number of friends they have

1

**GOOGLE'S RESPONSE TO ECF NO. 1535**
Case No. 3:10-cv-03561 WHA

1039637

established on their Facebook accounts (or other quantifiable connections such as followers on Twitter).

Google's Response to Question #4

Google does not propose allowing logged-in searches of Facebook or other social media in this case.

Question #5:

State how you intend to use Facebook (or other) information regarding (i) political preferences of prospective jurors, (ii) their religious preferences, (iii) their relationship status, (iv) their photographs, (v) books, movies, and other items they have "liked," (vi) their favorite quotes, (vii) their location "check-ins," and (viii) their postings.

Google's Response to Question #5

Google does not propose allowing logged-in searches of Facebook or other social media in this case.

Question #6:

Give at least three concrete examples of information you expect to find on a prospective juror that would lead to a for-cause challenge that would be unlikely to surface during normal voir dire.

Google's Response to Question #6

Google is unclear whether the Court's question concerns any Internet search, or whether it is specifically concerning the kind of logged-in searches of social media that are the subject of the Court's other inquiries. To the extent the Court's question concerns logged-in searches, Google does not propose allowing logged-in searches of Facebook or other social media in this case. To the extent the Court's question concerns general Internet searches, Google does not know what concrete information might be found concerning unnamed prospective jurors that would not surface during voir dire but states that Internet searches can reveal public statements of bias concerning (i) Oracle, (ii) Google, (iii) copyright issues, or (iv) other topics relevant to this case and contained in, for example, blogs or other public Internet posts. That information might be relevant to voir dire but might not be directly responsive to normal voir dire questions.

| | |
|---|---|
| Dated: March 17, 2016 | KEKER & VAN NEST LLP |
| | By: /s/ *Robert A. Van Nest* |
| | ROBERT A. VAN NEST |
| | CHRISTA M. ANDERSON |
| | DANIEL PURCELL |
| | |
| | Attorneys for Defendant |
| | GOOGLE INC. |