ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE INC.<br><br>  Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO THE COURT'S ORDER RE EXPECTED TRIAL LENGTH (ECF NO. 1534)**<br><br>Trial: May 9, 2016 at 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Plaintiff Oracle America, Inc. submits this response to the Court's Order re Expected Trial Length, ECF No. 1534.  In the Tentative Trial Plan, the Court proposed to time-screen jurors "for five weeks, hoping to be done in four."  ECF No. 1488 at 1.  The Court now proposes to screen for only four weeks.  ECF No. 1534.  Although the trial may well be done in four weeks, Oracle respectfully submits that the Court should follow its earlier proposal to time-screen for five weeks, in order to minimize the chance that a scheduling issue arises with members of the jury at the end of the trial or during deliberations.  Nobody wants the Court to lose sufficient jurors to reach a verdict at the end of trial.  In June, school lets out and many prospective jurors are likely to attend graduations and have scheduled vacations, so screening in advance for such vacations during the first two weeks of June is an appropriate and practical precaution.  We will also lose a day of trial because of the Memorial Day holiday.

Under the Court's currently proposed schedule, which could include two separate rounds of jury deliberations due to the bifurcation of issues, Oracle believes that, "from jury selection through the verdict," ECF No. 1534, trial could stretch to the end of the fourth week and into the fifth week.  This calculation is based on a trial schedule with jury selection on day one, opening statements onto day two, 4.5 hours a day for witness testimony and other evidence, a very modest amount of slippage time, closing arguments at the end of the second week or beginning of the third week, another set of openings and closings for Phase II, two rounds of jury instructions, and two rounds of jury deliberations.  As noted above, Memorial Day is also a holiday in the trial period.  Though the time for deliberations is obviously unknowable, it bears mentioning that in the first trial the jury deliberated for five days (Monday, April 30 into Monday, May 7) before returning a verdict on all questions *except fair use*.  If the Court hews to the current approach, the jury may deliberate both at the end of Phase I and again at the end of Phase II.

Oracle respectfully renews its request for a single-phase jury trial in order to promote fairness and efficiency for the jury, the Court, and the parties.  *See* ECF No. 1504 at 4-5.  Oracle offers the following proposal for a single-phase trial structure that follows the Court's proposed ordering of presentations, while at the same time maximizing an efficient presentation of the evidence for the jury:

|  |  |  |
|---|---|---|
| Step One: | Google presents its case-in-chief on fair use |
| Step Two: | Oracle presents its case-in-chief on fair use, damages, and willfulness |
| Step Three: | Google presents its case-in-chief on damages and willfulness, and its rebuttal on fair use |
| Step Four: | Oracle presents its rebuttal on damages and willfulness |

This schedule avoids the inherent problems of prejudice with bifurcation in a case that has so much overlapping evidence. It would be highly prejudicial to Oracle if the Court informs the jury it need not deliberate on damages unless it rejects fair use, and it would be unfair to the jury to surprise it with an additional phase of trial after its deliberations on fair use. *See* ECF No. 1504 (Oracle Response to Tentative Trial Plan) at 4-5. The benefit of this new proposal is that it would keep intact the Court's sequencing of evidence presentation, *see* ECF No. 1488 at 2-3, while also eliminating the need for two rounds of opening statements, two rounds of closing arguments, and two rounds of jury deliberations. Under this structure, with only one round of opening statements, closing arguments, jury instructions, and jury deliberations, the trial would be four weeks or less. Moreover, holding a single, unified trial on fair use and damages would minimize the potential for the parties to take inconsistent positions between the fair use and damages phases of the trial.

For example, while Google's technical expert Dr. Astrachan has purported to take the view that there is no effect on the market in the fair-use inquiry under factor four, Google's damages expert concedes that there should be lost profits in some amount awarded if liability is found. This latter concession is tantamount to an admission of harm to the actual or potential market for or value of the work under factor four, and is inconsistent with Google's position that Oracle suffered no actual harm for factor-four purposes. Google should not be permitted to exploit the two-phased trial to take inconsistent positions that there is no harm at all in the first phase and then conceding that very same harm in the second phase in order to avoid a larger award of damages.

Moreover, as Oracle has explained previously, the evidence relevant to each factor of fair use, damages, and willfulness overlaps significantly. ECF No. 1504 at 4-5. As demonstrated

1  graphically below, evidence regarding every element of the fair-use inquiry is also directly
2  relevant to at least one of the issues currently slated for the second phase of the trial (even putting
3  aside statutory damages, to which all factors are relevant). Accordingly, bifurcating the trial will
4  serve only to lengthen the period of service for potential jurors and increase the duplication of
5  evidence presented to the jury.



As depicted above, there is overlap with every fair-use factor and either damages or willfulness or both. Holding a unified trial on fair use, damages, and willfulness will avoid the need for witnesses to testify multiple times. To take just one example, witnesses who will testify on factors one (commerciality) and factor four (market harm) will also have to testify on lost profits and disgorgement. To rebut Google's burden to prove the absence of market harm, Oracle intends to present evidence on factor four of deals that Sun and Oracle lost to Android, and how

1  Android killed the market opportunity for Java SE in phones.  This is the same evidence that will
2  be presented in Phase II on lost profits, and also explains why a portion of Google's disgorgement
3  is a proxy for Sun and Oracle's lost market opportunities.
4        Alternatively, if the trial remains bifurcated, Oracle continues to respectfully maintain and
5  request, as it previously did (ECF No. 1504 at 3), that the 12 hours allotted per side for fair use be
6  expanded given the complicated technology, the scope of the fair-use inquiry, the breadth of the
7  evidence and witnesses (25 witnesses and 331 admitted exhibits in the 2012 copyright trial), and
8  the long expanse of time at issue (nearly ten years).  Fair use considers the purpose and character
9  of the use (including commerciality, transformation, and bad faith), the nature of the copyrighted
10 work, the amount and substantiality of the copying, and the effect of the copying on actual and
11 potential markets for and the value of the copyrighted work and its derivatives.  *See* 17 U.S.C.
12 § 107.  A full and fair inquiry requires evidence and testimony on the Java and Android plat-
13 forms; the commercial nature of Android; whether Google's use of Oracle's copyrighted work
14 was transformative; whether Google's copying was in bad faith; the creativity and originality of
15 the expression in Oracle's declaring code and the structure, sequence, and organization of its Java
16 API packages; the quantitative amount of the Oracle's work that Google copied; the qualitative
17 significance of the copyrighted work that Google copied; the harm from Android since its release
18 to actual and potential markets for the Java platform and its derivatives (nearly eight years of
19 market consequences from Android).
20       Given the scope of the inquiry as well as the significance of this matter, more than 12
21 hours of trial time is necessary for the sufficient presentation of evidence and testimony to fully
22 present and rebut Google's claim of fair use.  *See* ECF No. 1504 at 3.  This is especially true
23 when Google has been expanding its efforts to interject a host of irrelevant issues, such as Apache
24 Harmony and Google's supposed adoption of OpenJDK for as-of-now-unreleased Android
25 version N.  *See id.*
26       Oracle has been trying to streamline the trial.  By way of example, Oracle proposed that
27 business records or party admissions previously admitted in the 2012 trial that are relevant to fair
28 use should be pre-admitted in order to save the Court and the parties time and avoid the need to

- 4 -   ORACLE'S RESPONSE TO THE COURT'S ORDER
RE EXPECTED TRIAL LENGTH (ECF NO. 1534)

call sponsoring witnesses for the other party's own records and admissions. ECF No. 1504 at 2-3. The Court agreed to permit the parties to negotiate with the other side for pre-admission of up to 25 documents per side. ECF No. 1506 ¶ 4. The parties submitted, and the Court approved, a stipulation for pre-admission of 32 exhibits from the first trial. ECF Nos 1522, 1524. Nevertheless, it is unavoidable that this case has a fair amount of documentary evidence, the admission of which may be time consuming.

Assuming bifurcation remains, Oracle respectfully renews its request for a modest enlargement of the time for Phase I on fair use from 12 hours per side to 15 hours per side. The Court has previously stated that it would reconsider the time allocation at the final pretrial conference. ECF No. 1506 ¶ 6. Oracle nevertheless submits this request now as trial preparations are underway and knowing the timing of the trial will facilitate trial planning. Though Oracle originally proposed a reallocation of time (to add three hours to fair use and remove that time from Phase II, *see* ECF No. 1504 at 3), now that all the party expert reports have been served and party expert discovery is nearly concluded, Oracle believes that the Court was correct to allot 7 hours per side for Phase II and that 3 hours should be added to Phase I rather than reallocated from Phase II. As the additional time Oracle proposes will add, at most, 1.5 days to the trial, Oracle does not believe that the additional time will require the Court to time-screen jurors for more than five weeks.

Finally, Oracle can confirm that it stipulates, as this Court inquired, "that the Court may exercise [its] discretion in excusing potential jurors for hardships without needing to consult counsel." ECF No. 1534.

Dated: March 17, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: *Annette L. Hurst*
       ANNETTE L. HURST

Counsel for ORACLE AMERICA, INC.