UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No.  10-cv-03561-WHA   (DMR)<br><br>**ORDER GRANTING IN PART GOOGLE'S MOTION TO REDACT AND SEAL PORTIONS OF THE JANUARY 14, 2016 DISCOVERY HEARING TRANSCRIPT; ORDER GRANTING GOOGLE'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 1441, 1462 |

Before the court are Google's Motion to Redact and Seal Portions of the January 14, 2016 Discovery Hearing Transcript, [Docket No. 1441], and Google's Motion for Reconsideration of the Court's Order Denying Sealing of Confidential Google-Apple Information [Docket No. 1462]. Both motions arise out of disclosures of financial information at the January 14, 2016 discovery hearing. The court found that these matters are appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). [Docket No. 1511.]

For the reasons stated below, the court **grants** Google's motion for reconsideration and seals the financial information concerning the Google-Apple agreement, and **grants in part** Google's motion to redact and seal the portions of the transcript that identify Android profits and revenues.

## I.  BACKGROUND

At the January 14, 2016 hearing, Oracle disclosed information about a financial agreement between non-party Apple Inc. and Google, as well as information regarding Android revenues and profits. As to the information regarding the Apple-Google agreement, Google made an oral motion to seal at the hearing, [January 14, 2016, Tr. 30:2-18], which the court later denied [Docket No. 1434 at 2].  Google then filed a Motion for Leave to File a Motion for Reconsideration, which

1   the court granted and now has before it. [Docket Nos. 1432, 1438.] Oracle takes no position on

2   Google's motion for reconsideration. [Docket No. 1478 at 1.]

3   As to information relating to Android revenues and profits, Google now moves to seal the

4   relevant portion of the hearing transcript. Although Oracle did not file a separate response to

5   Google's motion to seal, it contended in another filing that Google waived the right to move to

6   seal information for which it did not make an oral motion to seal at the hearing. [Docket No. 1478

7   at 3-4.] The court construes this contention as Oracle's response to Google's motion to seal.[1]

## II.   LEGAL STANDARDS

### A.   Motion to Seal

Courts have long recognized the public's right of access to judicial proceedings. In the case of information relating to dispositive pleadings, the court applies a strong presumption in favor of access which can be overcome upon a showing of compelling reasons. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). However, a demonstration of "good cause" is sufficient to justify the sealing of information related to non-dispositive motions, such as discovery motions. *Id.* Sealing orders "may issue only upon a request that establishes that the [information] is privileged or protectable as trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). All requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. *Id.*

---

[1] The parties filed a number of submissions related to this order. On January 20, 2016, Google combined its request to seal the Android information with its request for leave to file a motion for reconsideration of the court's order denying Google's oral motion to seal the Google-Apple information. [Docket No. 1438.] On January 21, 2016, Google separated its previously submitted requests, and filed a motion for leave to file a motion for reconsideration, as well as a separate motion to seal. [Docket Nos. 1440 and 1441.] On January 21, 2016, Oracle filed a response to Google's original combined motion, [Docket No. 1438], and took "no position on the relief requested." [Docket No. 1442 at 1.] After obtaining leave of court, Google filed its motion for reconsideration on January 29, 2016. [Docket No. 1462.] On February 4, 2016, Oracle filed a response to Google's motion for reconsideration. [Docket No. 1478.] Oracle did not file a response to Google's motion to seal. Google filed reply briefs in support of its motion for reconsideration on February 8, 2016, [Docket No. 1489], and in support of its motion to seal on February 11, 2016. [Docket No. 1501.]

United States District Court
Northern District of California

### B. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) states that "any order . . . [that does not end the action] may be revised at any time before the entry of judgment . . . ." Civil Local Rule 7-9(a) permits a party to "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b)." Google moves the court to reconsider its Order denying sealing of the Google-Apple revenue share under Civil Local Rule 7-9(b)(1) which requires that a party moving for leave to file a motion for reconsideration must specifically show "reasonable diligence in bringing the motion" and that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Whether to grant or deny a motion for reconsideration is in the sound discretion of the district courts. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## III. ANALYSIS

### A. Google's Motion to Seal Portions of the January 14, 2016 Hearing Transcript Containing Information About Android Revenue and Profits

Google moves to redact two excerpts from the January 14, 2016 hearing transcript on the grounds that they contain sensitive, non-public financial information about Android's revenues and profits. The information disclosed at the hearing derives from internal financial documents that Google designated as "Highly Confidential- Attorney's Eyes Only" under the Protective Order entered in this litigation. Google does not publicly allocate revenues or profits to Android separate and apart from Google's general business. Karwande Decl. [Docket No. 1441-1] at ¶ 3. Google's declarant attests that this non-public financial data is highly sensitive, and that public

3

1  disclosure could have significant negative effects on Google's business. *Id.* After reviewing the
2  Karwande declaration and the portion of the hearing transcript at issue, the court concludes that
3  Google has sufficiently articulated good cause to seal the revenue and profit information relating
4  to Android.

5  The court next considers Oracle's contention that Google waived its right to file a motion
6  to seal this information by failing to make an oral motion at the hearing. *See* Docket No. 1478 at
7  4. Oracle's position is without merit. The Northern District of California promulgated General
8  Order 59, which sets forth a procedure for parties to request redactions from electronically
9  available hearing transcripts through noticed motion. General Order 59 does not include a
10 requirement that the party first make an oral motion at the hearing.

11 Google has requested to seal six lines of the hearing transcript: Tr. 4:10-13, 6:19-20.
12 Requests to file under seal must be narrowly tailored, such that only sealable information is sought
13 to be redacted from public access. Civil Local Rule 79–5(b). The lines that include the specific
14 revenue and profit financial information are Tr. 4:11-12 and 6:19, and the court finds that this
15 information is properly sealable. The court denies Google's motion to redact and seal with respect
16 to Tr. 4:10, 4:13 and 6:20, because these lines of the transcript do not contain sealable information
17 that should be redacted from public access.

18 The court therefore **grants in part and denies in part** Google's motion to seal and orders
19 that the January 14, 2016 hearing transcript be sealed at 4:11-12 and 6:19. These portions shall be
20 redacted from the publically filed transcript.

21 **B. Google's Motion for Reconsideration of the Court's Order Denying Request to Seal Google-Apple Revenue Share Percentage, and Motion to Seal Google's Payment to Apple**

23 Google also seeks relief regarding confidential payment and revenue share information
24 derived from deposition testimony about a business agreement between Google and Apple.
25 Google moves in the first instance to seal the payment information. Google moves for
26 reconsideration of the court's denial of its oral motion to seal the revenue share information.
27 Google designated the source deposition testimony as "Highly Confidential—Attorney's Eyes
28 Only" pursuant to the Protective Order.

4

At the time that Google made its oral motion, the court did not have the benefit of Google or Apple's position about the potential impact of public disclosure or the efforts made to maintain the confidentiality of the information. In its oral motion, Google simply represented to the court that the revenue share number was confidential and not publicly known. Tr. 30:2-10. Google and Apple subsequently submitted declarations attesting to the sensitive nature of the financial terms of their agreement, and the potential harm to their competitive standing posed by public disclosure. Based on the newly presented evidence, the court determines that reconsideration of its prior decision is appropriate. Although Google has made no showing that this evidence is "newly discovered," Google was not required to make an oral motion at the hearing and diligently provided the court with the evidence to support its sealing motion after the hearing. For this reason, the court will exercise its discretion to grant Google's motion for reconsideration of its prior decision regarding the motion to seal based on Google's newly presented evidence.

The targeted information is subject to a non-disclosure agreement and strict access controls, and has never been disclosed to the public. Hwang Decl. [Docket No. 1462-2] ¶ 3. For Google, disclosure of the information "could severely and adversely impact Google's ability to negotiate, among other things, similar terms with other third parties in connection with similar agreements now or in the future." *Id.* Apple also considers the information to be confidential and commercially sensitive. Fithian Decl. [Docket No. 1439] ¶¶ 4-6. Both Google and Apple assert that disclosure would pose a serious risk of competitive harm by undermining their ability to negotiate with other parties regarding similar agreements. Fithian Decl. ¶ 5; Hwang Decl. ¶ 3.

The court finds good cause to seal the information. *See Nixon v. Warner Comm'ns,* 435 U.S. 589, 598 (1978) (explaining that access to court documents has been denied where the documents contain business information that might harm a litigant's competitive standing); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 694745, at *1 (N.D. Cal. Mar. 1, 2012) (granting motion for reconsideration of denial of sealing motion after further submissions demonstrated that information, if publically disclosed, would put party at competitive business disadvantage).

The court also finds that Google's request to seal two lines of the hearing transcript (29:

5

24-25) is narrowly tailored. Accordingly, the court **grants** Google's request and orders that the portions of the January 14, 2016 hearing transcript at 29:24-25 be sealed and redacted from the public transcript.

### IV. CONCLUSION

For the reasons stated above, the court **grants in part and denies in part** Google's motion to seal and redact portions of the January 14, 2016 transcript and **grants** Google's motion for reconsideration. The court orders that the portions of the transcript of the January 14, 2016 hearing at 4:11-12, 6:19 and 29:24-25 be sealed and redacted from the publicly available transcript.

**IT IS SO ORDERED.**

Dated: March 21, 2016

Donna M. Ryu
United States Magistrate Judge