KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA (DMR) <br><br> **GOOGLE'S RESPONSE TO ORACLE'S ARGUMENT REGARDING BIFURCATION** <br><br> Dept.     Courtroom 8, 19th Fl. <br> Judge:    Hon. William Alsup |

Pursuant to the Court's March 18, 2016 Request for Response (ECF No. 1540), Google hereby submits the following response to Oracle's latest argument regarding bifurcation.

## I. INTRODUCTION

Google submits that this Court should adhere to its plan to bifurcate the trial of this matter. The Court has already held that bifurcation is the best and most practical way to manage this complex trial. ECF No. 1321 (Order re Willfulness and Bifurcation) at 13; *see also* ECF No. 1506 (Follow-up Order on Comments on Tentative Trial Plan) at 2 ("We will continue to bifurcate the trial."). Bifurcation will assist juror comprehension by reducing the number of issues the jurors are required to resolve at one time, thereby allowing them to focus their attention on the evidence and determinations that are relevant to a particular issue (*e.g.*, fair use).

This is a complex case involving many complicated technical and legal issues. The jury will hear evidence from several expert witnesses on difficult-to-grasp technical concepts such as the "structure, sequence, and organization"/"declarations" of the Java application programming interfaces. The jury will need to apply a complicated multi-factor test to determine whether Google's use of the SSO/declarations was a fair use under the law. The jury also may (depending on its determination concerning fair use) be required to render a verdict on (1) willfulness, (2) statutory damages, and (3) certain claims for monetary relief sought by Oracle. Oracle's various claims for monetary relief total in the billions of dollars and are based on a host of complex theories. In view of the complexity of the technical and damages issues, the jury should not be forced to digest all of this evidence during a single, multi-week trial.

Oracle's attempt to argue for reconsideration of the Court's bifurcation order fails to offer any meaningful solution for managing this complexity. Instead, Oracle advances two arguments against bifurcation. *First*, Oracle argues that bifurcation will lengthen the trial by forcing the parties to duplicate their presentation of evidence. That is incorrect. Any evidence presented to the jury in the first phase can be referenced without requiring re-introduction of that evidence in the second phase to the same jury. In short, there is no need to duplicate evidence. *Second*, Oracle suggests that Google intends to abuse bifurcation by having its experts take inconsistent positions in different trial phases. But there is no inconsistency in Google's position. Oracle

simply misrepresents what Google's experts have said.  According to Oracle, "Google's damages expert concedes that there should be lost profits in some amount awarded if liability is found." ECF No. 1539 at 2.  What Google's damages expert actually said was, "I conclude that Oracle's claimed actual lost profits damages due to Google's alleged infringement are *zero*.  However, to be conservative, I have made adjustments to [Oracle's expert's] calculation of Oracle's claimed actual lost profits damages. . . ."  Leonard Report ¶ 212 (emphasis added).  Accordingly, Oracle's argument does not support reconsideration of the Court's bifurcation order.

For all of these reasons, and as explained further below, Google respectfully submits that the Court should maintain the current trial plan, including the bifurcated trial schedule.

## II.   BIFURCATION WILL REDUCE COMPLEXITY, INCREASE JUROR COMPREHENSION, REDUCE PREJUDICE, AND PROMOTE EFFICIENCY.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims[.]"  Fed. R. Civ. P. 42(b).  The trial court has broad discretion in deciding how to manage the trial, including whether to bifurcate liability and damages.  *See M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005).

In determining whether to bifurcate claims or issues for trial, courts consider several factors, including whether bifurcation will reduce complexity, increase juror comprehension, promote efficient judicial administration, and reduce the risk of prejudice.  *See Lam Research Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 865 (N.D. Cal. 2014); *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 449 (N.D. Cal. 2001).  All of these factors support bifurcation here.

This is a highly complex case involving complicated technical and legal issues.  Jurors will have to learn—likely for the first time—about esoteric concepts like the SSO/declarations of the Java API packages, the relationship between the SSO/declarations and the free Java programming language, and the differences between the SSO/ declarations and the "implementing code" that powers a software platform.  *See, e.g.*, ECF No. 1202 (Order re Copyrightabiltiy of Certain Replicated Elements of the Java Application Programming Interface) at 2:1 ("Both Java and Android are complex platforms.").  The jurors will also hear detailed factual background about how and why Sun/Oracle promoted the Java language and the Java APIs to the world, what it means for technology to be "open-source," and how different open-

source licenses work.  The jurors will hear evidence regarding how Android works on a technical level, how Google transformed certain parts of the Java APIs in the much larger and more complex Android smartphone operating system, and how third-parties like phone manufacturers and application developers participate in the Android ecosystem.  The jury will have to consider all of that evidence and render a fair-use verdict based on a multi-factor test that considers:  (1) the purpose and character of the use, including whether the work is commercial and whether it is transformative, (2) the nature of the copyrighted work, (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole, and (4) the effect of the use upon the potential market for or value of the copyrighted work.  *See* 17 U.S.C. § 107.  Finally, if liability is found, the jury may need to determine what amount, if any, of monetary relief is appropriate, which will result in presentation of still more complicated evidence.

There is no doubt that these issues are difficult for a layperson to understand.  Indeed, Oracle alone has retained and submitted lengthy reports totaling more than 2,000 pages from *seven* experts, and has disclosed an additional *ten* party witnesses through whom it intends to offer expert testimony at trial.  *See* Oracle's Supplemental Rule 26(a)(2)(C) Disclosure.

Oracle has further complicated the proceedings by refusing to withdraw its request for statutory damages, even though, as the Court has noted, "[e]verybody knows good and well you're not going to go for statutory damages."  Sept. 17, 2015 Hrg. Tr. at 21:13-14.  Thus, in addition to the multi-factor fair use test that the jury will need to apply, the jury will also need to render a verdict on (1) willfulness, (2) statutory damages, and (3) actual damages.  The Court previously admonished Oracle that its approach puts a "huge burden on the jury," and that "we're going to bifurcate the first issue of fair use because you are making a monumental Frankenstein monster out of the damages part of the case."  *Id.* at 21:22-22:2.  Oracle's brief does not address any of these issues or offer any meaningful proposal to minimize the complexity of this case.

Bifurcation will simplify the issues and increase juror comprehension by limiting the issues the jurors will need to determine at one time.  If the Court proceeds with a bifurcated trial, the jury will not need to hear complicated damages analyses from either party's damages expert or from Dr. Kearl in the liability phase of the case.  Given the size of Oracle's damages demand

and the complex economic issues involved in evaluating the damages claims in this case, saving the jury from hearing that information unless and until it is necessary to do so will significantly reduce the complexity of the liability case and increase the chances that the jurors are able to focus their attention on the complex factors related to fair use. *See* ECF No. 1321 at 13 ("This bifurcation is the best way to minimize the uncertainties and burdens flowing from Oracle's insistence on saving both [damages] alternatives to the last possible moment.").

Bifurcation will also reduce the risk of prejudice to both sides and promote judicial efficiency. By reducing complexity and the likelihood of juror confusion, bifurcation increases the chances that the jurors will have the bandwidth to evaluate the evidence properly and reach the correct result. *See, e.g.*, *Lam Research*, 65 F. Supp. 3d at 866 (noting that risk of confusion on complex issues can result in prejudice to one or both sides). And bifurcation promotes judicial efficiency by potentially eliminating a significant portion of the trial time. If the jury finds for Google in the first phase (fair use), the second phase (damages) will become unnecessary; thus, the Court and the jurors may be able to avoid the need to hear evidence and deliberate on the second phase issues. ECF No. 1321 at 13 ("If the jury sustains Google's fair use defense, we will all be saved the burden of sorting through Oracle's multiple and complicated damage theories.").

While there may well be some overlap in the evidence between liability and damages, that overlap will not result in a duplication of evidence, as Oracle suggests. ECF No. 1539 at 2. If anything, the overlap in the evidence supports the Court's approach to bifurcation. The same jury will hear both phases of the case. Evidence admitted in the first phase may be referenced in and relied upon in the second phase. ECF No. 1488 at 3. There is simply no need to duplicate evidence or to call the same witness to say the same thing twice when one jury is hearing all of the evidence. Thus, there is no reason to believe that bifurcation will significantly lengthen the trial time. And any potential minimal increase in the trial time due to bifurcation would be offset by the gains in juror comprehension that would result from a bifurcated proceeding in which the issues are more focused. *See In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986) ("In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed

toward the choice most likely to result in a just final disposition of the litigation.").

### III. ORACLE'S NEW ARGUMENT AGAINST BIFURCATION IS INCORRECT, AND ITS PROPOSED TRIAL PLAN WILL CREATE, NOT REDUCE, COMPLEXITY

The one new argument against bifurcation that Oracle advances in its latest brief relies on a mischaracterization of Google's expert reports.  Oracle suggests that Google plans to abuse bifurcation by taking "inconsistent positions between the fair use and damages phases of the trial."  ECF No. 1539 at 2.  As the basis for this assertion, Oracle states that "while Google's technical expert Dr. Astrachan has purported to take the view that there is no effect on the market in the fair-use inquiry under factor four, Google's damages expert concedes that there should be lost profits in some amount awarded if liability is found."  *Id.* at 2:18-21.  But Google's damages expert, Dr. Gregory Leonard, said no such thing.  What Dr. Leonard actually said in his expert report was: "I conclude that Oracle's claimed actual lost profits damages due to Google's alleged infringement are ***zero.***  However, to be conservative, ***I have made adjustments*** to [Oracle's expert's] calculation of Oracle's claimed actual lost profits damages as further described in the sections below."  Leonard Report ¶ 212 (emphasis added).  Dr. Leonard then went on to identify several flaws in Oracle's expert's lost profits calculations.  Dr. Leonard's report is not inconsistent with Dr. Astrachan's report.  Oracle's new argument does not counsel against bifurcation, and should be rejected.

As an alternative to bifurcation, Oracle proposes a complicated trial plan that has each party presenting multiple versions of a case-in-chief and a rebuttal case.  ECF No. 1539 at 2.  That proposed trial plan does not address any of the Court's prior concerns with a unified trial, *see* ECF No. 1321 at 13; Sept. 17, 2015 Hrg. Tr. at 21:4-22:3, and would only complicate the orderly presentation of evidence and argument at trial.  Oracle's proposed trial plan lumps all the evidence and argument together into one proceeding and forces the jury to sift through it, while at the same time depriving the jury of opening statements and closing arguments that are focused specifically on the complicated liability and damages questions that they will need to answer.

Google opposes Oracle's proposed trial plan, and respectfully requests that the Court maintain its plan to bifurcate the trial.  Additionally, Google does not believe that any adjustment

5
**GOOGLE'S RESPONSE TO ORACLE'S ARGUMENT REGARDING BIFURCATION**
Case No.  3:10-cv-03561 WHA (DMR)

1041700

to the currently allotted schedule is necessary or warranted.  This jury retrial on liability is limited to the issue of whether Google's use of the SSO/declarations was a fair use under the law. Therefore, the liability phase of the case should not take more than twelve hours of evidence per side to present.

Dated:  March 22, 2016                                      KEKER & VAN NEST LLP

                              By:   /s/ *Robert A. Van Nest*
                                   ROBERT A. VAN NEST
                                   CHRISTA M. ANDERSON
                                   DANIEL PURCELL

                                   Attorneys for Defendant
                                   GOOGLE INC.