March 22, 2016

**VIA ECF**

The Honorable William Alsup
United States District Court Judge
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    ***Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA**
           Motion *in limine* procedure

Dear Judge Alsup:

The parties submit this joint letter to request further guidance from the Court regarding the procedures for serving and filing motions *in limine*, including *Daubert* motions. The parties agree that all such motions are due on Wednesday, March 23, 2016, but they disagree about the procedures to be followed under the Court's orders. The parties therefore jointly request the Court's guidance on this issue.

**Google's Statement**

The Court's standing order instructs the parties to serve motions *in limine* before filing them. *See* Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup, ¶ 2(f). The motions are not to be filed until oppositions have been exchanged and the briefing is complete, at which point "the moving party should collate the motion and the opposition together, back to back, and then filed the paired set." *Id.* Google believes that this procedure applies in this case, even though the Court has modified its standing order by (1) allowing reply briefs limited to five pages total, and (2) instructing the parties that "[w]ith regard to the timing of motions *in limine*, please use the thirty-five day schedule." ECF No. 1506. Accordingly, Google has asked Oracle to confirm that it will serve, but not file, motions *in limine* on March 23. Oracle has declined to do so, and has informed Google that it intends to file its motions on March 23. Google respectfully requests the Court's guidance as to whether the parties should adhere to the collation procedures set forth in this Court's Guidelines as outlined above.

**Oracle's Statement**

Oracle believes that this Court's three orders on this topic are clear and need no more clarification; thus Oracle did not agree with Google that it was necessary for the parties to involve the Court on this issue. The relevant orders make clear that the parties are to *file* their motions *in limine* on March 23 and follow the 35-day schedule. Oracle is thus prepared to file

1042092.01

Hon. William Alsup
March 22, 2016
Page 2

its motions tomorrow, which will give the Court two weeks to review the parties' motions in advance of the final pre-trial conference.  **First**, this Court said in the Tentative Trial Plan that the parties may "file" up to six motions.  ECF No. 1488 at 1.  Significantly and by contrast, in the very next paragraph, the Court instructed the parties to only "serve" the summary one-page motions in limine.  *Id.* at 2.  **Second**, when Oracle sought clarification as to whether the Court intended the parties to follow the Civil Jury Trial Guidelines, ECF No. 1504 at 2, the Court responded by instead requiring the parties to depart from the Court's guidelines and follow the 35-day schedule, where motions are filed (not just served), and the Court has additional time to review before the hearing.  ECF No. 1506 (Follow-Up Order) ¶ 1.  **Third**, the parties codified their understanding that the motions are to be "file[d]" in their recitals to the joint stipulation regarding expert discovery scheduling:  "WHEREAS, pursuant to the Court's Follow-up Order … the deadline to *file* Daubert motions is March 23, 2016."  ECF No. 1507 at 1 (emphasis added).  The Court approved the parties' stipulation.  ECF No. 1509 (Order).

Respectfully submitted,

| | |
|---|---|
| KEKER & VAN NEST LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| */s Robert A. Van Nest* | */s Annette L. Hurst* |
| Robert A. Van Nest | Annette L. Hurst |
| Counsel for Defendant, Google Inc. | Counsel for Oracle America, Inc. |

I attest that concurrence in the filing of this document has been obtained from each of the other signatories to this letter.

*/s Robert A. Van Nest*

RVN:pal

1042092.01