ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br>v.<br>GOOGLE INC.<br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF APACHE, APACHE HARMONY, AND GNU CLASSPATH**<br><br>Hearing: April 27, 2016 at 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

**NOTICE OF MOTION, MOTION, AND STATEMENT OF RELIEF SOUGHT**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that the following Motion *in Limine* to Exclude Evidence of Apache, Apache Harmony, and GNU Classpath will be heard on April 27, 2016, at 8:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8, 19th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable William Alsup presiding.

Plaintiff Oracle America, Inc. will, and hereby does, move this Court to exclude evidence from trial of the Apache Software Foundation, Apache Harmony, Google's distribution of Android under the "Apache License," and GNU Classpath under Federal Rules of Evidence 402 and 403.  This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; the materials attached to the Declaration of Andrew D. Silverman (cited hereinafter as "Ex. __") that are being filed herewith; the record in this matter; and such other and further papers, evidence, and argument as may be submitted in connection with this Motion.

Dated: March 23, 2016   Orrick, Herrington & Sutcliffe LLP

By: */s/ Lisa T. Simpson*
Lisa T. Simpson

Counsel for ORACLE AMERICA, INC.

# TABLE OF CONTENTS

Page

NOTICE OF MOTION, MOTION, AND STATEMENT OF RELIEF SOUGHT

TABLE OF AUTHORITIES ................................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

INTRODUCTION .................................................................................................................... 1

I.   THE APACHE EVIDENCE IS HIGHLY CONFUSING AND WOULD REQUIRE A MINI-TRIAL ON A COLLATERAL ISSUE ................................................................ 1

    A.   Apache Is A Complex Issue With A Lengthy History ...................................... 1

    B.   Evidence Of Apache Will Confuse The Jury .................................................... 3

    C.   Apache Would Require A Mini-Trial And Consumes Substantial Trial Time .............. 4

II.  ANY PROBATIVE VALUE OF EVIDENCE ON APACHE IS FAR OUTWEIGHED BY PREJUDICE AND UNDUE CONSUMPTION OF TIME ................. 4

    A.   Apache Is Irrelevant To Commerciality Under The First Fair Use Factor ....................... 5

    B.   Apache Is Irrelevant To Reasonableness, Which Is Itself Irrelevant ............................... 5

    C.   Apache Is Not Relevant To Google's Equitable Defenses ............................................... 6

III. EVIDENCE REGARDING GNU CLASSPATH SHOULD BE EXCLUDED FOR ALL THE SAME REASONS AS APACHE AND APACHE HARMONY ......................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Campbell v. Acuff-Rose Music, Inc.*,
   510 U.S. 569 (1994)..................................................................................................................5

*Hampton v. Paramount Pictures Corp.*,
   279 F.2d 100 (9th Cir. 1960)......................................................................................................7

*Harper & Row Publ'rs, Inc. v. Nation Enters.*,
   471 U.S. 539 (1985)..................................................................................................................5

*MGM Studios, Inc. v. Grokster, Ltd.*,
   518 F. Supp. 2d 1197 (C.D. Cal. 2007).....................................................................................7

*Petrella v. MGM, Inc.*,
   134 S. Ct. 1962 (2014)..............................................................................................................7

*Tennison v. Circus Circus Enterps., Inc.*,
   244 F.3d 684 (9th Cir. 2001)......................................................................................................4

*Tolliver v. McCants*,
   684 F. Supp. 2d 343 (S.D.N.Y. 2010), *aff'd*
   486 F. App'x 902 (2d Cir. 2012)...............................................................................................7

*United States v. Thinn*,
   489 F. App'x 195 (9th Cir. 2012) .............................................................................................4

*Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*,
   447 F.3d 769 (9th Cir. 2006)......................................................................................................5

**Statutes**

17 U.S.C. § 107(1) ..........................................................................................................................5

**Other Authorities**

3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*,
   § 403.05 (2d ed. 2016) ..............................................................................................................4

Case 3:10-cv-03561-WHA   Document 1552   Filed 03/23/16   Page 5 of 12

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

All evidence of the Apache Software Foundation, Apache Harmony, Google's distribution of Android under the so-called "Apache License," and GNU Classpath should be excluded under Rules 402 and 403. Apache's history is long and complicated, and Google uses it to suggest to the jury that Google's copying of the Java API packages was licensed. It was not. Google does not claim a license defense, and this Court already rejected Google's implied license and waiver defenses. This evidence is highly confusing and prejudicial, which this Court recognized in the first trial: "I think that there is a risk that the jury is going to think that [Google] somehow had permission, because you had the license from Harmony." Tr. 2422:1-3. The Court was right: The jury sent five notes about Apache asking all the questions the Court worried it would. The substantial risk of jury confusion vastly outweighs any purported probative value. Evidence of the GNU Classpath, a project similar to Harmony, should be excluded for all the same reasons.

Examples of exhibits that should be excluded include: TX 917 (Apache letter to Sun), TX 1045 (Apache letter resigning from Java Executive Committee), TX 1047 (Apache FAQs), TX 2341 (article about Harmony), TX 2347 (letter to Sun regarding Apache). Fact witnesses and experts (who opined in their reports at length[1]) should be precluded from testifying about the Apache Software Foundation, Apache Harmony, the Apache License, and GNU Classpath.

**I.     THE APACHE EVIDENCE IS HIGHLY CONFUSING AND WOULD REQUIRE A MINI-TRIAL ON A COLLATERAL ISSUE**

   **A.     Apache Is A Complex Issue With A Lengthy History**

The full story of Apache Harmony is long and complicated. In 2005, Apache began creating its own open-source implementation of the Java platform called Apache Harmony. Tr. 396:10-17, 397:19-21. Apache copied the Java declaring code but wrote its own implementing code pursuant to Sun's "Specification License," which gives licensees the right "to create and/or distribute an Independent Implementation of the Specification" that met certain requirements, TX 610.1. *See* TX 917. One of those requirements is that the implementation must "pass[] the

---

[1] *See, e.g.*, Ex. 1 (Astrachan Op. Rpt.) ¶¶ 87-88, 130, 131, 167, 230, 239, 243, 253-54, 267, 275-280; Ex. 2 (Astrachan Reb. Rpt.) ¶¶ 24, 109, 180; Ex. 6 (Hall Op. Rpt.) ¶¶ 25, 27, 56, 58, 66, 81, 106-07, 115-17, 119, 122; Ex. 8 (Hall Reply Rpt.) ¶¶ 8 n.2, 12, 14, 26 n.23, 54, 58.

TCK." *Id.* The TCK is the "Technology Compatibility Kit," and it tests the implementation to ensure that it is Java compatible and satisfies the "write once, run everywhere" principle. Tr. 636:4-20. The TCK itself requires a license. Tr. 294:8-24, 376:12-23. If Apache distributed Harmony without taking the TCK license and passing the TCK, Apache's permission to copy the declaring code would automatically terminate. TX 610.1 (license "terminate[s] immediately without notice from Sun if [licensee] fail[s] to comply with any material provision").

In August 2006, Apache approached Sun for a TCK license. TX 917. Sun offered Apache a TCK license that included "field of use restrictions," prohibiting Harmony and its implementations "downstream" from being used on mobile devices. Tr. 402:3-12, 978:18-25. Apache refused to accept the TCK license because the field-of-use restrictions were incompatible with the "Apache License" under which Apache distributed its software. Tr. 402:3-403:5, 1186:5-16. The Apache License essentially lets users do whatever they like with Apache code.

In April 2007, Apache wrote an open letter to Sun, requesting an unrestricted TCK license. TX 917, TX 1047. Sun refused. Google was fully aware of this dispute and that the Harmony implementation was not licensed; Google signed a letter to Sun imploring Sun to provide Apache an unrestricted license. TX 2347. Sun again refused. Ultimately, Apache concluded in a public letter that it could not distribute Harmony because "the Java specifications [declaring code] are proprietary technology that must be licensed directly from the spec lead [Sun] under whatever terms the spec lead chooses." TX 1045. The Harmony project is now shut down. Tr. 530:2-5. Sun eventually released its own open-source version of the Java platform (OpenJDK), rendering Harmony obsolete. Tr. 403:7-11.

Google used packages from the Apache Harmony class libraries when creating Android. Tr. 1690:7-18. In order to copy packages from Harmony, Google took the permissive Apache License, even though Apache could not legally distribute Harmony, since it had never passed the TCK. *Id.* Google distributes Android under the "Apache License." Tr. 1506:13-16.

Google attempts to use evidence regarding Apache Harmony in three ways: (1) Google argues that because Harmony was using the Java APIs, it was okay for Google to do so as well; (2) it offers evidence that it took the Java API packages from the Harmony project under an

- 2 -   ORACLE'S MOTION IN LIMINE #2 REGARDING
APACHE, HARMONY, AND GNU CLASSPATH

1  Apache License, which ignores that Apache could not grant such a license and confusingly sug-
2  gests to the jury that Google has a license for its use of the Java APIs; and (3) Google seeks to
3  offer evidence that it distributes *Android* under the Apache license.  These should all be excluded
4  as the prejudice and likely confusion far outweigh any probative value.

### B. Evidence Of Apache Will Confuse The Jury

Google admits that it "does not assert the defense of express license." Ex. 21 (Interrog. No. 42).  But Google still wants the jury to believe that it has a license: "[W]e don't [co]ntend that that's a defense in this case.  It's just not true that we don't have a license." Tr. 2420:1-3. The Court recognized the confusion inherent in this evidence: "[I]f somebody is out there possibly misusing, like Apache possibly was -- I don't know that they were, but if there was a debate over Apache and you just start using what Apache put out there, how can you say that that absolves you of any wrongdoing?  You step into their shoes.  If Apache was in the wrong, then you step into their shoes.  I don't get that argument." Tr. 1112:18-25.  At the charging conference, the Court explained the danger:  "I think that there is a risk that the jury is going to think that you somehow had permission, because you had the license from Harmony." Tr. 2422:1-3.  The Court explained the need "to protect against a misimpression off-track reasoning, and the off-track reasoning would be that you had some kind of permission and it was okay to use it." Tr. 2422:8-14.

The jury was confused.  It sent five notes concerning Apache, asking 16 questions on the very topics that had concerned the Court:  "What formal communication did Sun have (ie, revoke license?  have Apache stop distributing?  contact those who acquired Apache to caution about use?)  if not, why not?  if so, when?"; "What are/were the terms of the Apache license? Did Google get an Apache license? If so, when?... Were 37 APIs available with Apache license?"; "How many APIs in question are also available through Apache open source?" ECF 1193.  If history is any predictor, the evidence on the Apache Software Foundation, Harmony, and the Apache License will cause the jury to be confused and wonder if Google was licensed to copy the Java APIs.  This is highly prejudicial and misleading, especially since to reach the true facts, the jury will have to unravel Sun's licensing structure, the dispute with Apache, and Google's confusing use of the Apache License in different contexts.  This confusion can and should be avoided.

**C.     Apache Would Require A Mini-Trial And Consumes Substantial Trial Time**

Evidence should be excluded under Rules 402 and 403 where it would lead to a "mini-trial on issues collateral to the case." *United States v. Thinn*, 489 F. App'x 195, 196 (9th Cir. 2012); *accord Tennison v. Circus Circus Enterps., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (evidence properly excluded because its admission "might have resulted in a 'mini trial'"). "[C]ourts often exclude evidence because it might raise a side issue that would distract the jury from the important issues." 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 403.05 (2d ed. 2016). Apache is just such a side issue.

The amount of time devoted to Apache at the first trial shows how much unwarranted attention it will draw. In total, "Apache" appeared 553 times in Phase I. That's 46 times a day for over 12 days. "Harmony" appeared another 75 times (when not part of the phrase "Apache Harmony"). There was testimony concerning Apache every single day in Phase I. *Fourteen* different witnesses discussed Apache,[2] and counsel discussed Apache during openings, Tr. 209-210; Tr. 251-252, mid-trial summaries, Tr. 936-37, Tr. 938-42, and closings, Tr. 2509; Tr. 2526-2528.

If evidence on Apache is admitted, Oracle will need to explain the lengthy history to rebut Google arguments. This would lead to mini-trials on whether Apache's copying was permissible and the steps Sun took to combat it. The time devoted to a collateral issue prejudices Oracle. The jury should not get distracted by the Apache sideshow and should focus on whether Google's copying in Android (not Apache's) was permissible.

**II.     ANY PROBATIVE VALUE OF EVIDENCE ON APACHE IS FAR OUTWEIGHED BY PREJUDICE AND UNDUE CONSUMPTION OF TIME**

Google does not argue that Apache is relevant to Phase II (damages), and makes only two arguments why evidence about Apache should be admitted in Phase I, neither of which outweighs the prejudice outlined above. First, Google argues that this evidence is relevant to "commercial purpose" under fair-use factor one. That argument is misplaced. § II.A. Google also argues that Apache is relevant to show Google's copying was "reasonable," which is not even a factor con-

---

[2] Tr. 335 (Ellison); Tr. 394-403 (Kurian); Tr. 487 (Page); Tr. 522-530 (Screven); Tr. 828-836 (Bloch); Tr. 966 (Swetland); Tr. 1203-1211 (Lee); Tr. 1506 (Schmidt); Tr. 1688-1697 (Rubin); Tr. 1796-1799 (Bornstein); Tr. 1935 (Rizvi); Tr. 1974-1978 (Schwartz); Tr. 2250-52 (Reinhold); Tr. 2308 (Catz).

sidered under fair use. § II.B. At best, Google could argue that Apache is relevant to equitable estoppel in Phase III, but that is incorrect as well. § II.C.

### A. Apache Is Irrelevant To Commerciality Under The First Fair Use Factor

Factor one considers "the purpose and character of the use, including whether such use is of a commercial nature." 17 U.S.C. § 107(1). Google stated recently that Oracle "argued that what Google did wasn't fair use because it was commercial. And we [Google] say no. In fact, Sun/Oracle applauded commercial uses by a host of organizations." Feb. 2, 2016 Hr'g Tr. 28:16-19 (discussing Apache *in limine*). Even putting aside the inaccuracy of that statement, Google's argument is a non-sequitur. Factor one considers Google's use (not Apache's), and the Federal Circuit already found that Google "admittedly copied portions of the API packages and did so for what were purely commercial purposes." 750 F.3d at 1376. This weighs against fair use. *Id.* at 1375. Whether or not other entities *also* used Oracle's works for commercial purposes is irrelevant to the correct inquiry of whether Google's copying was for commercial purposes.

### B. Apache Is Irrelevant To Reasonableness, Which Is Itself Irrelevant

Google has also claimed that Apache is relevant to whether Google's use was "reasonable." Feb. 24, 2016 Hr'g Tr. 78:1-14 (citing *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769 (9th Cir. 2006)). "Whether a use … is a fair use in a particular case will depend upon the application of the determinative factors," not some nebulous reasonableness analysis. *Harper & Row Publ'rs, Inc. v. Nation Enters.*, 471 U.S. 539, 561 (1985). It is the four factors that drive the fair-use inquiry: Fair use is based on "all of the statutory factors '[which] are to be explored, and the results weighed together.'" *Oracle Am.*, 750 F.3d at 1373 (quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994)). The *dicta* Google relies on in *Wall Data* does not say otherwise. There, the Ninth Circuit held that the Sheriff's Department's copying of software beyond what was licensed was not fair use. 447 F.3d at 773. But despite the language Google relies on, the four fair-use factors drove the analysis, not any inquiry into "custom" or reasonableness. *Id.* at 778-81. *Wall Data* "balance[ed] the fair use factors": "In considering the four fair use factors … none militate in favor of the Sheriff's Department's fair use defense. We therefore hold that the Sheriff's Department is not entitled to a fair use defense." *Id.* at 782. Nowhere in

- 5 -

ORACLE'S MOTION IN LIMINE #2 REGARDING APACHE, HARMONY, AND GNU CLASSPATH

the opinion does the court consider the practices of third parties.

Moreover, even if reasonableness or third-party conduct were somehow relevant to this inquiry (they are not), Apache Harmony is not relevant here for two reasons.

**1.** Harmony does not demonstrate a custom of permissible copying without a license. Rather, it shows that Sun *did* require a license, and, because Google signed a public letter on the subject urging Sun to grant Apache an unrestricted TCK license, Google knew that Harmony was not licensed and could not be distributed. As an internal email to Google's CEO explained: "Sun puts field-of-use restrictions in the Java SE TCK licenses which prohibit Java SE implementations from running on anything but a desktop or server. *These restrictions prevent Apache Harmony from independently implementing Java SE … not to mention Android* (*though that's water under the bridge at this point*)." TX 405 (emphasis added).[3]

**2.** If Google presents evidence on the supposed "custom" of copying declaring code, Oracle would be entitled to present rebuttal evidence of Sun/Oracle's enforcement activities to protect its copyrights. For example, when Sun learned that an entity in Korea was using an unlicensed implementation of the Java platform "commercially and not just as a research project," Sun "immediately engaged" and enlisted the "the United States and South Korea" "government[s]" to stop the commercial infringement. Ex. 23 (Smith Dep.) 237:12-239:9. Evidence of Sun and Oracle's enforcement would spawn more mini-trials (about supposed infringements and enforcement actions), all of which have nothing to do with whether Google's copying was fair use.

### C. Apache Is Not Relevant To Google's Equitable Defenses

Google is also likely to argue that Apache is relevant to Google's equitable defenses. This Court already rejected Google's implied license and waiver defenses, which were based, in part, on Harmony and Google's claim that Sun/Oracle permitted copying of their copyrighted works. ECF No. 1203; *see* ECF No. 1047 (Google's Prop. Findings & Concls.) ¶¶ 42-52, 61 (FOF discussing Apache), ¶¶ II.38, 42-43 (COL applying Apache to implied license and waiver).

Besides laches, Google's only remaining equitable defense is equitable estoppel, to which Apache is irrelevant. Equitable estoppel requires, *inter alia*, that the copyright holder act in a way

---

[3] Apache ultimately concluded its copying was unauthorized infringement. *Supra* at 2.

1  that leads the defendant to believe (or reasonably believe) that it is permitted to copy. *Hampton v.*
2  *Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960). Google argues Apache is relevant
3  because Sun did not act to stop Apache and thus signaled to Google that it could copy as well. In
4  addition to being factually false (*supra* at 2), Google's theory is legally irrelevant. The relevant
5  conduct is the copyright holder's conduct *toward the defendant and its infringement*; the copy-
6  right holder's conduct toward other potential infringers does not matter. *MGM Studios, Inc. v.*
7  *Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1225 (C.D. Cal. 2007) ("no rule in copyright ... that a copy-
8  right holder is bound to pursue either all infringers or none at all"); *Tolliver v. McCants*, 684 F.
9  Supp. 2d 343, 349 (S.D.N.Y. 2010) ("[T]he failure to demand compensation for third party use of
10 the [work] in no way indicates that Plaintiff intended for Defendant to believe or gave Defendant
11 reason to believe that he could [infringe]."), *aff'd*, 486 F. App'x 902 (2d Cir. 2012); *see also Pet-*
12 *rella v. MGM, Inc.*, 134 S. Ct. 1962, 1967, 1976 (2014) (not "incumbent on copyright owners …
13 to challenge each and every actionable infringement").

### III.  EVIDENCE REGARDING GNU CLASSPATH SHOULD BE EXCLUDED FOR ALL THE SAME REASONS AS APACHE AND APACHE HARMONY

GNU Classpath (similar to Apache Harmony) was a non-commercial endeavor to develop an open-source implementation of the Java platform. Tr. 1695:10-15. Unlike Harmony, GNU Classpath was distributed under the open-source GPL license that requires licensees to make publicly available, *inter alia*, any changes they made to the code. Tr. 1749:18-22, 1750:2-3.

Evidence about GNU Classpath should be excluded for the same reasons as Apache Harmony: Introduction of evidence about GNU Classpath would be similarly confusing to the jury as it would require mini-trials about (1) what GNU did, (2) whether GNU was licensed, (3) what steps Sun/Oracle took to address GNU, (4) whether GNU's use was commercial, and (5) whether Google copied from GNU. Moreover, as explained above, GNU's implementation of the Java platform is irrelevant to fair use, *supra* at 5-6, and to Google's equitable defenses, *supra* at 6-7.

### CONCLUSION

For the foregoing reasons, the Court should exclude evidence of the Apache Software Foundation, Apache Harmony, the Apache License, and GNU Classpath.

Dated: March 23, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Lisa T. Simpson*
    Lisa T. Simpson

Counsel for ORACLE AMERICA, INC.