KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ORACLE AMERICA, INC., | Case No. 3:10-cv-03561 WHA |
|---|---|
| Plaintiffs, | **DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 5 RE LINDHOLM EMAIL** |
| v. | |
| GOOGLE INC., | Hearing     April 27, 2016 |
| Defendant. | Dept.        Courtroom 8, 19th Fl. |
| | Judge:       Hon. William Alsup |

**MOTION AND RELIEF REQUESTED**

Defendant Google Inc. ("Google") respectfully moves *in limine* under Federal Rules of Evidence 402 and 403 concerning Oracle's intention to offer in evidence an email from Mr. Timothy Lindholm, marked as Trial Exhibit 10 in the first trial of this matter. Google requests that, to the extent that Oracle seeks to offer this Exhibit in evidence, Google should not be precluded from offering evidence concerning the pre-lawsuit negotiation that led to this exchange, which evidence makes clear that Mr. Lindholm's email concerned Java-related patents and not the copyrights at issue in this lawsuit. This motion is based on the following memorandum of points and authorities in support, the Declaration of Maya Karwande ("Karwande Decl.") and accompanying exhibits, the entire record in this matter, and on such evidence as may be presented at the hearing of this motion.

**ARGUMENT**

Mr. Lindholm's email, dated August 6, 2010, states that he was asked to investigate alternatives to Java for Android and that "we need to negotiate a license to Java under the terms we need." Karwande Decl., Ex. 7. Although this email says nothing about copyrights, and in fact concerns Oracle's demand that Google take a license to Oracle's patents, Oracle intends to offer this email as evidence purporting to establish that Google knew that it needed a license to use the declarations/SSO at issue in this case.

Yet, while Oracle seeks to have the jury draw this incorrect inference about the meaning of Mr. Lindholm's email, Oracle also intends to oppose any attempt by Google to show that the statements by Mr. Lindholm concern Oracle's assertions of **patent—not copyright**—infringement. Should Oracle offer the Lindholm email in evidence, Google would offer evidence of the fact that this email had its genesis in a threat of ultimately unsuccessful patent litigation (not copyright litigation) evidenced in, among other things, a slide deck presentation by Oracle to Google during a pre-lawsuit negotiation that immediately preceded the Lindholm email. Indeed, Oracle itself acknowledged in its prior motion *in limine* that this pre-lawsuit patent negotiation led to the Lindholm email, stating:

> On July 20, 2010, Oracle informed Google that Android infringed the seven specific **patents** at issue in this lawsuit. [] Thereafter at the direction of Google founders Larry Page and Sergey Brin, Google engineer **Tim Lindholm investigated the technical alternatives that Google had to those Java patents**. [] Mr. Lindholm, formerly a Sun engineer responsible for developing the Java virtual machine, became involved in the Android project as soon as he joined Google in July 2005. Mr. Lindholm was an Android Project Advisor, participated in negotiations with Sun for a Java license, advised Google Vice President Andy Rubin, who was in charge of Android, on negotiation strategy and on alternatives to Java for Android, and provided detailed comments on licensing schemes for Java. []
>
> On August 6, 2010, Mr. Lindholm wrote an email to Mr. Rubin. Mr. Lindholm wrote:
>
>> What we've actually been asked to do (by Larry and Sergei) is to investigate what technical alternatives exist to Java for Android and Chrome. We've been over a bunch of these, and we think they all suck. We conclude that we have to negotiate for a license for Java under the terms we need. []

*See* ECF No. 502 at 1-2; Karwande Decl., Ex. 7(emphasis added) (citations omitted).

Despite the importance of this context to understanding the import (or lack thereof) of the Lindholm email, Oracle seeks to exclude all evidence relating to that pre-lawsuit negotiation because the presentation was designated under Federal Rule of Evidence 408. But Oracle should not be able to use the Lindholm email as a sword, while shielding important explanatory evidence under Rule 408 that shows the history and context for that email. *Microban Products Co. v. API Indus., Inc.*, 2014 WL 1856471, at *3 n. 10 (S.D.N.Y. May 8, 2014) (noting in context of Rule 408 that party could not "use [evidence] as a sword in one instance and use an evidentiary rule to shield its admissibility in another."); *see also Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal. 2015) *motion for relief from judgment denied*, 2015 WL 3863249 (N.D. Cal. June 19, 2015) ("[P]arties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials.").

Accordingly, pursuant to Federal Rules of Evidence 402 and 403, Google respectfully requests that, if Oracle elects to offer the Lindholm email in evidence, Google be permitted to present evidence concerning the pre-lawsuit negotiation between the parties to demonstrate that Mr. Lindholm's email, and its reference to negotiations and a license, did not concern copyright, but instead concerned Oracle's ultimately unsuccessful allegations of patent infringement.

| | |
|---|---|
| Dated: March 23, 2016 | KEKER & VAN NEST LLP |
| | By: */s/ Robert A. Van Nest* |
| | ROBERT A. VAN NEST |
| | CHRISTA M. ANDERSON |
| | DANIEL PURCELL |
| | |
| | Attorneys for Defendant |
| | GOOGLE INC. |