KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                Plaintiffs,<br><br>       v.<br><br>GOOGLE INC.,<br><br>                Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 2 RE NEW PRODUCTS**<br><br>Hearing:    April 27, 2016<br>Dept.        Courtroom 8, 19th Fl.<br>Judge:      Hon. William Alsup |

**MOTION AND RELIEF REQUESTED**

Under Federal Rules of Evidence 401, 402, and 403 defendant Google Inc. ("Google") hereby moves the Court for an order excluding *in limine* all evidence and argument during the jury trial regarding new products that will not be in play at the retrial pursuant to this Court's February 5, 2016 Order. *See* ECF No. 1479. This motion is based on the following memorandum of points and authorities in support, the Declarations of Maya Karwande ("Karwande Decl.") and Edward Bayley ("Bayley Decl.") and accompanying exhibits, the entire record in this matter, and such evidence as may be presented at the hearing of this motion.

**ARGUMENT**

On February 5, 2016, this Court ordered that the only versions and implementations of Android at play in the trial would include those presented to the jury in the first trial, plus those upon which the parties had agreed: Android versions G through M.[1] ECF No. 1479. New Android implementations or related products beyond those would not be included in the retrial. *Id.* The exclusion of such new products obviates the need to prove infringement in the midst of a remanded trial on fair use. *See* Tutorial Hr'g Tr. 85:21-86:6, Feb. 24, 2016.

In direct contravention of this Court's Order, however, Oracle's expert reports are rife with discussions of the new products. At the Court's tutorial hearing on February 24, 2016, counsel for Oracle attempted to excuse its actions by claiming its references to the new products were relevant to the fourth factor of the fair use analysis, even without showing infringement or that the SSO as reflected by the declaring code ("declarations/SSO") of the 37 Java SE API packages was otherwise used in the products:

> This information, these critical deals that were lost and these markets that we were in, they are all relevant to fair use without infringement. … So these markets that we're talking about -- and the Jaffe[] puts these in on the fourth factor of harm. These markets are examples of places where Java was and Android is now taking our market share. Some of those involve TV and some of them involve auto, but some of them involve tablets and eReaders. There is a whole list of products.

*Id.* 86:24-87:1; 87:16-21. Under the fourth fair use factor, however, although the jury may consider the effect of the use upon the potential market for or value of the copyrighted work,

---

[1] Android version M was added pursuant to the parties' agreement and this Court's order on February 16, 2016. *See* ECF No. 1506.

17 U.S.C. § 107(4), the effect on the market must be attributable to the [alleged infringement]. *Wright v. Warner Books, Inc.*, 953 F.2d 731, 739 (2d Cir. 1991); *see also Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1078 (2d Cir. 1992) ("[T]he relevant market effect is that which stems from defendant's use of plaintiff's 'expression,' not that which stems from defendant's work as a whole."). This rule of law flows directly from the statutory language, which looks at the effect of "the use" on the potential market—*i.e.*, Google's use of the declarations/SSO of the 37 Java SE API packages. Thus, even if offered for the limited purpose of showing market harm, the law would still require *at the very least* that Oracle put in proof that the new products use the declarations/SSO of the 37 Java SE API packages, which is otherwise outside the scope of this limited retrial.[2]

Moreover, as explained more fully in Google's motion to exclude testimony regarding alleged market harm from Dr. Adam Jaffe, these new products were offered as evidence of the effect of "Android" on "Java"—not on the copyrighted works: Java SE 1.4 and 5.0. Indeed, Oracle counsel's comment above exemplifies its efforts to make this case broadly, and improperly, about "Android" and "Java." This evidence is not relevant to the effect of Android's use of the declarations/SSO of the 37 Java API packages on the copyrighted works at issue here.

Finally, even if evidence regarding these Google products were marginally relevant to the case (it is not, for the reasons outlined above), Rule 403 mandates its exclusion because any minimal relevance is outweighed by prejudice, the risk of jury confusion, and undue delay. First, this evidence would cause undue prejudice to Google because the jury is likely to assume that Oracle is allowed to discuss these products because they have been shown to use the declarations/SSO of the 37 Java SE API packages, without this fact being established. Moreover, although counsel for Oracle claimed at the tutorial that Oracle is not offering these products for purposes of its damages analysis, discussion of these products in the context of market harm is likely to confuse the jury and lead them to believe that these products are relevant to Oracle's damages. This is particularly true because Oracle's damages expert, James Malackowski, offers

---

[2] Oracle's argument that these Google products are relevant under the first fair use factor because they show Android was a market substitute for Java SE suffers from the same flaws in logic.

opinions involving the new products in his expert report that assume these products infringe the asserted copyrights. *See, e.g.,* Bayley Decl., Ex. F ¶¶167-173; 218 (Malackowski, 1/8/2016 Rpt.) ("It should also be noted that my calculation of Oracle's losses is conservative in that it does not reflect additional losses claimed by Oracle <u>which stem from Google's improper use of the Infringed Java Copyrights</u>. To that point, I understand Oracle's efforts to license Java for a variety of devices including, but not necessarily limited to, wearables, automotive, televisions, media players, game consoles, web browsers, and household appliances have all been hindered by competition from Android.") (emphasis added). Further, the scope of the retrial and the time available for the presentation of evidence is limited. It would be an inefficient use of the Court's and the jury's time to inject new products into this retrial for the limited purpose of market harm evidence where Oracle must prove whether, how, and to what extent they use the declarations/SSO of the 37 Java SE API packages—issues that are otherwise irrelevant.

Dated:  March 23, 2016                                         KEKER & VAN NEST LLP

                                                                  By:   */s/ Christa M. Anderson*
                                                                             ROBERT A. VAN NEST
                                                                             CHRISTA M. ANDERSON
                                                                             DANIEL PURCELL

                                                                             Attorneys for Defendant
                                                                             GOOGLE INC.