KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No.  3:10-cv-03561 WHA |
| Plaintiffs, | **DEFENDANT GOOGLE INC.'S ADMINISTRATION MOTION TO SEAL MOTIONS IN LIMINE AND CORRESPONDING EXHIBITS** |
| v. | |
| GOOGLE INC., | |
| Defendant. | Dept.      Courtroom 8, 19th Fl. |
| | Judge:     Hon. William Alsup |

1041940

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google Inc. ("Google") hereby moves to file under seal the following documents:

- Portions of Defendant Google Inc.'s Motion *in Limine* No. 4 to Strike Market Harm Testimony from Expert Report of Dr. Adam Jaffe;

- Portions of Defendant Google Inc.'s Motion *in Limine* No. 6 to exclude Portions of Expert Report and Testimony of James Malackowski;

- Exhibits 2, 6, 9, 10, and 11 to the Declaration of Maya Karwande in Support of Google's Motions in Limine ("Karwande Decl.");

- Portions of Exhibits A, B, C, D, E, F, and G to the Declaration of Edward A. Bayley in Support of Google's Motions in Limine ("Bayley Decl.").

## I.   INTRODUCTION

Google requests that the Court allow Oracle requests that the Court allow Google to file the documents listed above under seal.  On March 23, 2016, Google filed several motions *in limine* and supporting materials thereto (collectively "the MILs") which, by necessity, contain non-public, highly sensitive information important to Google's business and therefore should be filed under seal.  In support of its request to seal, Google has identified a narrowly-tailored list of those portions of the MILs that contain highly sensitive Google trade secret information that is subject to sealing.  *See* Declaration of Renny Hwang in Support of Google Inc.'s Administrative Motion to Seal Motions in Limine and Corresponding Exhibits ("Hwang Decl.").

In addition, certain portions of the MILs have been designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY by Plaintiff Oracle America, Inc. ("Oracle").  *See* Declaration of Reid Mullen in Support of Google Inc.'s Administrative Motion to Seal Motions in Limine and Corresponding Exhibits ("Mullen Decl.").  Accordingly, Google moves to file those portions of the MILs designated by Oracle under seal pursuant to the Stipulated Protective Order and Local Rule 79-5(e).

1041940

## II.   DISCUSSION

### A.   The material that Google seeks to file under seal constitutes non-public, highly-sensitive, and confidential financial and trade secret information.

A compelling justification to seal pleadings exists when disclosure of "business information . . . might harm a company's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); N.D. Cal. Civ. L.R. 79-5(a).   Courts have therefore concluded that it is appropriate to seal documents containing sensitive financial information and similar trade secrets information. *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (district court abused discretion by not sealing portions of documents containing sensitive financial information); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (granting writ of mandamus and directing district court to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of licensing agreement because terms were trade secrets).

In this case, disclosure of the non-public information that Google seeks to file under seal constitutes highly sensitive financial information.  Hwang Decl. ¶¶ 2-3.  Public disclosure of this information could therefore "have significant negative effects on Google's business." *Id.* ¶ 2.  In addition, the material Google seeks to file under seal also contains sensitive and confidential information that is subject to non-disclosure agreements with third parties and has never been publicly disclosed. *Id.* ¶ 3.  Public disclosure of such information could "severely and adversely impact Google's ability to negotiate, among other things, similar terms with other third parties in connection with similar agreements now or in the future." *Id.*

Because disclosure of this "business information . . . might harm [Google's] competitive standing," there is a compelling justification to seal information of the kind described above. *Nixon*, 435 U.S. at 598 (1978).  Indeed, the Court has previously granted motions to seal these types of materials in this case. *See, e.g.*, Dkt. No. 1541 (granting motion to seal Google financial information); Dkt. No. 1375 (same); *see also, e.g.*, Dkt. No. 687 at 2 (sealing "non-public information about licensing agreements with third parties"), Dkt. No. 583 (same), Dkt. 1541

1041940

(same).

For the reasons stated above, Google seeks to seal portions of the following materials on the grounds that they contain Google's non-public, highly sensitive financial and/or trade secret information relating to agreements between Google and third parties.  Hwang Decl. ¶¶ 2-3.

### 1.    Google's Motions in Limine

The following portions of Google's Motions in Limine, filed on March 23, 2016, contain non-public, highly sensitive financial information of Google:

Defendant Google Inc.'s Motion *in Limine* No. 4 to Strike Market Harm Testimony from Expert Report of Dr. Adam Jaffe at 3:7-10, 4:23-26, 5:3-6, 6:2-9; and

Defendant Google Inc.'s Motion *in Limine* No. 6 to exclude Portions of Expert Report and Testimony of James Malackowski at 1:11-12, 1:26-27, 2:3, 2:15, 4:19, 4:21, 6:2, 6:5, 6 n.2, 15:19, 16:14-16, 20:13, 24:24, 24L26-27, 25:1, 25:7, 25:11-12.

### 2.    Testimony and Reports of James E. Malackowski

Mr. Malackowski was retained by Oracle as an expert.  The following portions of his January 8, 2016 opening and February 29, 2016 rebuttal expert reports and supporting exhibits, as well as his March 16, 2016 deposition testimony contain non-public, highly sensitive financial information of Google.

#### a.    January 8, 2016 Report (Bayley Decl. Ex. F)

Bayley Decl. Ex. F ¶ 38; ¶ 51; ¶ 118; ¶ 132; ¶¶1 53-158; ¶ 163; ¶ 173; ¶ 216; ¶¶ 249-50; ¶ 255; ¶ 256; ¶ 258; ¶ 260; ¶ 263; ¶ 267; ¶¶ 274-276; ¶ 282; ¶ 284; ¶ 286; ¶ 288; ¶ 290; ¶¶ 292-294; ¶¶ 300-303; ¶ 305; ¶ 307; ¶¶ 315-316; and FIGS. 3, 31-32, 36, 40-41, 43-44, 45, 46, and 47, p. 92 (ex. 7); p. 93 (ex. 7.1), p. 94 (ex. 8), p. 95 (ex. 8.1).

#### b.    February 29, 2016 Report (Bayley Decl. Ex. G)

Bayley Decl. Ex. G  ¶¶ 64-65; FIG. 3; ¶ 67; ¶ 69; ¶ 73; ¶¶ 79-80; ¶ 83;¶¶ 85-86; ¶ 90;¶¶ 92-94; fn. 85; fn. 88;¶¶ 97-99; ¶ 107; ¶¶ 274-279; FIG. 12; ¶¶ 281-284; ¶¶ 286-287; ¶¶ 291-293; ¶ 298; ¶¶ 302-304; FIG. 13; pp. 162-280 (ex. 7-8.1); pp. 202-206 (ex. 14-14.2).

#### c.    March 16, 2016 Depo. Testimony (Karwande Decl. Ex. 6)

Karwande Decl. Ex. 6 (Deposition of Mr. Malackowski): 93:3, 93:35.6, 93:9, 232:6,

3

1041940

232:12, 232:19, 232:22, 233:7, 343:4, 343:6, 348:7.

      **3.**    **Testimony and Reports of Adam Jaffe, PhD**

        **a.**    **February 8, 2016 Report (Bayley Decl. Ex. A)**

Bayley Decl., Ex. A ¶ 12, ¶ 21, ¶25, FIG. 30, ¶ 197, ¶ 221, FIG. 39, n.299, ¶ 224, n.321, ¶ 234-235, n.328, FIG. 43, ¶ 240, ¶ 244, ¶ 246, ¶ 249, ¶ 255, ¶ 258, FIG. 47, tbl. 6, FIG. 48, ¶ 267, ¶ 269, ¶ 272, FIG. 49, ¶ 273, ¶ 274, FIG. FIG. 61, ¶ 339, ¶ 340, ¶385, ¶ 389, Exs. 8-9, Exs. 11-16.

        **b.**    **February 29, 2016 Report (Bayley Decl. Ex. B)**

Bayley Decl., Ex. B ¶ 36, ¶ 37, ¶ 56.

      **4.**    **Testimony and Reports of Chris F. Kemerer, PhD**

        **a.**    **January 8, 2016 Report (Bayley Decl. Ex. C)**

Bayley Decl., Ex. C at pp. 216-217.

        **b.**    **February 8, 2016 Report (Bayley Decl. Ex. D)**

Bayley Decl. Ex. D at ¶¶ 208-209.

## III.    MATERIAL DESIGNATED BY ORACLE AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

Pursuant to Civil Local Rule 79-5(e) and section 14.4 of the Stipulated Protective Order in this case, Google seeks to file under seal material document that summarize, quote from, or reproduce portions of materials that have been designated by Oracle as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order.  The portions of those documents that summarize, quote from, or reproduce portions of materials designated by Oracle as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are set forth in the Declaration of Reid Mullen in Support of Google's Administrative Motion to Seal Motions in Limine and Corresponding Exhibits.

Google states no position on whether disclosure of the information designated by Oracle would result in competitive harm to Oracle.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order granting Google's request to file the foregoing documents under seal.

4

DEFENDANT GOOGLE INC.'S ADMINISTRATION MOTION TO SEAL MOTIONS IN LIMINE AND
CORRESPONDING EXHIBITS
Case No.  3:10-cv-03561 WHA

1041940

1

2    Dated:  March 23, 2016                    KEKER & VAN NEST LLP

3

4                                    By:   /s/ Robert A. Van Nest
                                          ROBERT A. VAN NEST
5                                         CHRISTA M. ANDERSON
                                          DANIEL PURCELL
6
                                          Attorneys for Defendant
7                                         GOOGLE INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GOOGLE INC.'S ADMINISTRATION MOTION TO SEAL MOTIONS IN LIMINE AND
CORRESPONDING EXHIBITS
Case No.  3:10-cv-03561 WHA

1041940