KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:      (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 4 TO EXCLUDE MARKET HARM TESTIMONY FROM EXPERT REPORT OF DR. ADAM JAFFE** <br><br> Hearing:    April 27, 2016 <br> Dept.        Courtroom 8, 19th Fl. <br> Judge:       Hon. William Alsup |

DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 4 TO STRIKE
MARKET HARM TESTIMONY FROM EXPERT REPORT OF DR. ADAM JAFFE
Case No. 3:10-cv-03561 WHA

1038158

**MOTION AND RELIEF REQUESTED**

Under Federal Rules of Evidence 401, 402, 403 and 702, as well as case law interpreting those rules, defendant Google Inc. ("Google") hereby moves the Court for an order excluding *in limine* market harm testimony from the expert report and testimony of Dr. Adam Jaffe submitted by Oracle America, Inc. ("Oracle") in this case. This motion is based on the following memorandum of points and authorities in support, the Declarations of Maya Karwande ("Karwande Decl.") and Edward Bayley ("Bayley Decl."), and accompanying exhibits, the entire record in this matter, and on such evidence as may be presented at the hearing of this motion.

## I. INTRODUCTION

In an effort to construct a theory of market harm, Oracle seeks once again to turn this case into one about "Java" and "Android." This strategy ignores not only this Court's repeated admonitions against such generalizations, but also the plain language of the fair use statute. Under 17 U.S.C. § 107(4), evidence of market harm reflects proof of "the effect of **the use** upon the potential market for or value of the **copyrighted work**." 17 U.S.C. § 107(4) (emphases added). The relevant "use" in this case is Google's use of the SSO as reflected by the declaring code ("declarations/SSO") of the 37 Java SE API packages in Android. The relevant potential market in this case is the market for Java SE 1.4 and Java SE 5.0—the asserted copyrighted works. ECF No. 1479. The analysis conducted by Oracle's expert Dr. Adam Jaffe considers neither of these elements. Instead, Jaffe "analyzes" a different question: the effect of "**Android** on Oracle's potential market for and value of the **Java platform**." Bayley Decl., Ex. A ¶ 319 (Jaffe 2/8/16 Rpt.) (emphases added). As set forth below, this irrelevant and speculative analysis should be stricken.

## II. LEGAL STANDARDS

Trial judges serve as gatekeepers for both the relevance and reliability of expert testimony. *Sundance, Inc. v. DeMonte Fabricating Ltd.,* 550 F. 3d 1356, 1360 (Fed. Cir. 2008); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Federal Rule of Evidence 702 permits a court to admit expert testimony if it is (1) based upon sufficient facts or data, (2) the product of

1
DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 4 TO STRIKE
MARKET HARM TESTIMONY FROM EXPERT REPORT OF DR. ADAM JAFFE
Case No. 3:10-cv-03561 WHA

1038158

reliable principles and methods, and (3) delivered by a witness who has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. Expert opinion testimony that fails to meet these criteria must be excluded. *Uniloc USA, Inc. v. Microsoft Corp,* 632 F.3d 1292, 1315 (Fed. Cir. 2011). The Supreme Court has emphasized that courts must consider "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 591 (1993). Moreover, as the proponent of the expert testimony, Oracle has the burden of proving admissibility. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

### III. ARGUMENT

    **A. Jaffe's analysis regarding "the effect of the use upon the potential market for or value of the copyrighted work" under 17 U.S.C. § 107(4) should be stricken because it ignores the plain language of the statute and appellate authority.**

        **1. Jaffe's definition of the "potential market" is vastly overbroad and leads to irrelevant and unreliable opinion regarding market harm.**

In evaluating fair use under 17 U.S.C. § 107, the statute requires an inquiry into "the effect of the use upon the potential market for or value of **the copyrighted work**." 17 U.S.C. § 107(4) (emphasis added). Under this inquiry, potential markets for the asserted work must "be confined to those uses within the Copyright Act's grant of rights in Sections 106 and 106A, as limited by Sections 107 to 122." 4 Patry on Copyright § 10:151.; *see also Harper & Row Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 568 (1985); (noting that in certain instances the market for derivative works may be considered) *but see Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1179 (9th Cir. 2013) (limiting derivative markets to "traditional, reasonable, or likely to be developed markets" for the copyrighted work.). Here, "Oracle's claims of copyright infringement in the upcoming trial are limited to infringement of Java SE 1.4 and Java SE 5.0." ECF No. 1479. Thus, under 17 U.S.C. § 107, the relevant inquiry in determining market harm is the effect of the use upon the potential market for or value of **Java SE 1.4 and Java SE 5.0**, and, potentially, their derivatives.

Dr. Jaffe ignores this standard. Instead of considering the effect of the use "upon the potential market for or value of **the copyrighted work**," as required under the statute, Dr. Jaffe

2

DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 4 TO STRIKE
MARKET HARM TESTIMONY FROM EXPERT REPORT OF DR. ADAM JAFFE
Case No. 3:10-cv-03561 WHA

1038158

"consider[ed] from an economic perspective the effect of Google's Java-based Android on Oracle's potential market for and value of **the Java platform**." Bayley Decl., Ex. A ¶ 319 (Jaffe 2/8/16 Rpt.). His report alternatively calls this "'Java'. . . or the 'Java application platform.'" *Id.* ¶ 9. Accordingly, Dr. Jaffe's market harm analysis "includes all product markets for which **Java** would have been an appropriate application platform solution." *Id.* ¶ 320.

As Dr. Jaffe confirmed during his deposition, "Java" as used in his report comprises far more than the copyrighted work*s* at issue in this case—Java SE 1.4 and 5.0. *See* Karwande Decl., Ex. 2 at 100:14-18 (Jaffe Dep. Tr.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.") (emphasis added). Dr. Jaffe's application of this overbroad definition reflects Oracle's persistent attempts to overreach and make this case about "Java" and "Android," despite this Court's repeated admonitions against such generalizations. *See, e.g.,* Trial Tr. vol. 2, 227, Apr. 17, 2012 ("This trial is not Java against Android. This trial is not about all of Java.").

Indeed, Dr. Jaffe's report is rife with examples of this overreach. *See, e.g.,* Bayley Decl., Ex. A ¶ 325 (Jaffe 2/8/16 Rpt.) ("However, Oracle's efforts to license **Java** to Amazon for Kindle Fire devices have failed, though **the Java platform products (including Java SE)** are well-suited for the device.) (emphas*es* added); *id.* ("Android's Java–based application platform is being licensed in large and increasing number of **Java** device categories.") (emphasis added); *id.* ¶ 334 ("Those losses are but a few examples of a much larger trend that was occurring, in which Android use skyrocketed and **Java**'s market share rapidly declined.") (emphasis added); *id.* ¶ 338 ("In Figure 59 below, the same business review goes on describe the mobile ecosystem in which Java-based Android and the **Java application platform** compete.) (emphasis added). The asserted works in this case are Java SE 1.4 and 5.0—not "Java." Accordingly, Jaffe's "market harm" analysis should be stricken as unreliable. *Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.").

Jaffe's application of the improper market effects standard described above also overreaches in that he defines the potential market under the analysis as "all product markets <u>for</u>

3

DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 4 TO STRIKE
MARKET HARM TESTIMONY FROM EXPERT REPORT OF DR. ADAM JAFFE
Case No. 3:10-cv-03561 WHA

1038158

which **Java** would have been an appropriate application platform solution." Bayley Decl., Ex. A ¶ 320 (Jaffe 2/8/16 Rpt.) (emphasis added). This analysis is overbroad in two respects. First, as explained above, the potential market is limited to the copyrighted works (or derivatives thereof) at issue: Java SE 1.5 and 5.0. Moreover, under Ninth Circuit precedent, the relevant potential markets are only those "traditional, reasonable, or likely to be developed markets" for the copyrighted work. *Seltzer*, 725 F.3d at 1179; *see also Wright v. Warner Books, Inc.*, 953 F.2d 731, 739 (2d Cir. 1991) (rejecting plaintiff's claim of a potential market to license use of a collection of letters based on an agreement with Harper & Row to publish those letters where plaintiff presented no evidence the project with Harper & Row would actually go forward.) Oracle is not entitled to offer speculative testimony regarding any market where "Java" could have possibly been used. "Too broad an interpretation of the potential market [] presents [] considerable dangers. If taken to a logical extreme, the fourth factor would always weigh against fair use since there is always a potential market that the copyright owner could in theory license." 4 Patry on Copyright § 10:151; *see also* 4 Nimmer on Copyright § 13.05 (2015) (noting the impropriety of "the tautology that defendant occupied a certain niche, which itself proves a potential market to exist and to have been usurped."). Jaffe's market harm analysis should be stricken on this basis as well.

### 2. Jaffe's "analysis" of "the effect of the use" on the potential market under 17 U.S.C. § 107 should be stricken because it ignores the statutory language and relies on improper assumptions.

Jaffe's market harm analysis should also be stricken because it ignores the plain language of 17 U.S.C. § 107 and appellate authority in another key respect. Under 17 U.S.C. § 107, the statute requires an inquiry into "the effect of **the use** upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4) (emphasis added). Here, "the use" at issue is Google's use of the declarations/SSO of the 37 Java SE APIs in Android. *See* Karwande Decl., Ex. 2 at 58:12-17 (Jaffe Dep. Tr.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.").

4
DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 4 TO STRIKE
MARKET HARM TESTIMONY FROM EXPERT REPORT OF DR. ADAM JAFFE
Case No. 3:10-cv-03561 WHA

1038158

In conducting his market effects analysis under 17 U.S.C. § 107, however, Jaffe did not look at the effect of Google's use of the declarations/SSO of the 37 Java SE API packages. Instead, Jaffe considered the effect of **Android** on Oracle's potential market for and value of Java. *See* Bayley Decl., Ex. A ¶ 319 (Jaffe 2/8/16 Rpt.)("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.").

Again, "Android" is not the alleged infringing use in the case, as this Court has previously recognized. ECF No. 230, 2:6-11. The Android platform is a full stack mobile operating system that contains a vast amount of technology: a Linux kernel, a hardware abstraction layer, Android Runtime (which replaced the Dalvik virtual machine), an applications layer, native libraries (written in C++), core libraries (mostly developed by Google) and the Android framework, among other components. Karwande Decl., Ex. 5 ¶¶ 109-11 (Astrachan 1/8/16 Rpt.), Ex. 6 at 91:25-92:14 (Malackowski Dep. Tr.). Oracle does not dispute that the declarations at issue comprises a fraction of one percent of the entire Android code base. Bayley Decl., Ex. G ¶¶ 108-11 (Malackowski 2/29/16 Rpt.); Karwande Decl., Ex. 6 at 223:6-16 (Malackowski Dep. Tr.). Nor does Oracle dispute that Google uses non-infringing implementing code for the 37 Java SE API packages at issue. Karwande Decl., Ex. 6 at 64:16-18, 221:6-9 (Malackowski Dep. Tr.).

Where, as here, a defendant's work is comprised of far more than just the allegedly infringing material, "the relevant market effect is that which stems from defendant's use of plaintiff's 'expression,' <u>not that which stems from defendant's work as a whole</u>." *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1078 (2d Cir. 1992) (emphasis added)*; see also Wright v. Warner Books, Inc.*, 953 F.2d 731, 739 (2d Cir. 1991) (holding that the "effect on the market must be attributable to the [alleged infringement].").

Jaffe's purported "analysis" ignores this distinction, instead relying on anecdotal evidence of "Java" users that later came to use "Android."[1] Indeed, Jaffe admitted that he did not even attempt to assess whether any of these users decided to try Android because of its use of Java,

---

[1] This analysis is also irrelevant because it evaluates harm to the entire "Java platform," as explained above.

5
DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 4 TO STRIKE
MARKET HARM TESTIMONY FROM EXPERT REPORT OF DR. ADAM JAFFE
Case No. 3:10-cv-03561 WHA

1038158

1  much less because of its use of the <u>declarations/SSO</u> of the 37 Java SE API packages—the

2  relevant "use" at issue under 17 U.S.C. § 107. Karwande Decl., Ex. 2 at 140:3-15 (Jaffe Dep. Tr.)

3  ("Q ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.") (emphasis added).

Jaffe's *post hoc* rationalization for failing to conduct the proper analysis doesn't hold water either. Even assuming counterfactually that there would have been no Android without the Java SE API declarations/SSO, it does not follow that customers chose to try Android **because** Android used the Java SE API declarations/SSO. Indeed, Jaffe conceded that he considered conducting an "econometric analysis related to the causal relationship between Android's copying and the success or failure of the Java products," but "concluded it wasn't going to make sense" after he discussed it with Orrick's litigation support team. *See, e.g., Id.* at 47:15-48:1, 48:21-25. Because Jaffe applied the wrong standard and used unreliable methods based on speculative assumptions, his analysis will not reliably produce market harm evidence relevant under the statutory language and appellate authority; accordingly, it should be stricken.

Dated: March 23, 2016                    KEKER & VAN NEST LLP

                                         By:   */s/ Robert A. Van Nest*
                                               ROBERT A. VAN NEST
                                               CHRISTA M. ANDERSON
                                               DANIEL PURCELL

                                               Attorneys for Defendant
                                               GOOGLE INC.

6
DEFENDANT GOOGLE INC.'S MOTION IN LIMINE NO. 4 TO STRIKE
MARKET HARM TESTIMONY FROM EXPERT REPORT OF DR. ADAM JAFFE
Case No. 3:10-cv-03561 WHA

1038158