ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE INC.<br><br>　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**DECLARATION OF ANDREW TEMKIN IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL RE: ORACLE'S MOTION IN LIMINE # 6**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

DECL. OF ANDREW TEMKIN
CV 10-03561 WHA

I, Andrew Temkin, declare and state as follows:

1. I am an attorney employed by Oracle America, Inc. ("Oracle"). My current title is Senior Corporate Counsel. One of my responsibilities is supervising Oracle's outside counsel with respect to litigation matters, including Oracle's lawsuit against Google. I am familiar with Oracle's policies and business practices, including what information Oracle considers confidential and does not disclose to the public.

2. I submit this declaration pursuant to Civil Local Rule 79-5 in connection with Oracle's Administrative Motion to File Under Seal Re: Oracle's Motion *In Limine* # 6 to exclude certain opinions and testimony of Dr. Kearl. I have personal knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

3. Dr. Kearl's Corrected March 18, 2016 Report contains confidential financial information constituting Oracle's Designated Material under the Protective Order. The last two sentences of paragraph 92 of Dr. Kearl's report reflect actual and projected Java ME revenues in 2015. Oracle's annual revenue information for specific lines of Java business is confidential and has always been treated as such. Oracle does not disclose annual revenue information for Java ME to the public and restricts knowledge of this information within Oracle to a subset of persons who need the information for their business operations. Disclosure to the public and to Oracle's competitors of recent annual revenue information could harm Oracle by giving competitors insight into competitive information that would otherwise remain confidential. Similarly, Dr. Kearl's projection for 2015 Java ME revenue, if disclosed to the public, would permit competitors to calculate actual Java ME revenues. Accordingly, Oracle requests that actual and projected Java ME revenues reflected in paragraph 92 remain under seal. Oracle submits that the risk of competitive harm that would be created by public disclosure of this information amounts to a compelling reason to grant Oracle the narrow sealing order requested herein.

4. Exhibit 6 to Dr. Kearl's report reflects actual and projected Java ME licensing revenue for each year from 2009 to 2015. For the reasons discussed above, Oracle requests that such data remain under seal for the years 2014 and 2015. In addition, Exhibit 6 reflects data regarding incremental expenses for Oracle's Java ME business. This information is confidential

and has always been treated as such. Oracle does not disclose incremental expenses for Java ME to the public and restricts knowledge of this information within Oracle to a subset of persons who need the information for their business operations. Disclosure to the public and to Oracle's competitors of this information could harm Oracle by giving competitors insight into competitive information that would otherwise remain confidential. Accordingly, Oracle requests that incremental expense information for 2014 and 2015 remain under seal. Oracle submits that the risk of competitive harm that would be created by public disclosure of this information amounts to a compelling reason to grant Oracle the narrow sealing order requested herein.

1   I declare under penalty of perjury under the laws of the State of California and the United
2   States of America that the foregoing is true and correct to the best of my knowledge.
3   Executed this 30th day of March, 2016, at New York, New York.

_____
Andrew Temkin