KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ORACLE AMERICA, INC., | Case No.  3:10-cv-03561 WHA |
|---|---|
| Plaintiffs, | **GOOGLE INC.'S ADMINISTRATIVE MOTION TO SEAL GOOGLE'S MOTION TO STRIKE PORTIONS OF DR. KEARL'S REPORT AND CORRESPONDING EXHIBITS** |
| v. | |
| GOOGLE INC., | |
| Defendant. | Dept.        Courtroom 8, 19th Fl.<br>Judge:       Hon. William Alsup |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google Inc. ("Google") hereby moves to file under seal the following documents:

- Portions of Google's Motion to Strike Portions of Dr. Kearl's Expert Report and Testimony
- Portions of Exhibits 1 and 9 to the Declaration of Maya Karwande in Support of Google's Motion to Strike Portions of Dr. Kearl's Expert Report and Testimony ("Karwande Strike Decl.").

## I. INTRODUCTION

Google requests that the Court allow Google to file the documents listed above under seal. On March 29, 2016, Google filed a Motion to Strike Portions of Expert Report and Testimony of Dr. James Kearl ("Kearl Motion") and corresponding exhibits in support which, by necessity, contain non-public, highly sensitive information important to Google's business and therefore should be filed under seal. In support of its request to seal, Google has identified a narrowly-tailored list of those portions of the Kearl Motion and corresponding exhibits that contain highly sensitive Google trade secret information that is subject to sealing. *See* Declaration of Renny Hwang in Support of Administrative Motion to Seal Google's Motion to Strike Portions of Expert Report and Testimony of Dr. James Kearl and Corresponding Exhibits ("Hwang Decl.").

In addition, certain portions of the Exhibits to the Karwande Strike Declaration have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" by Plaintiff Oracle America, Inc. ("Oracle"). *See* Declaration of Maya Karwande in Support of Administrative Motion to Seal Google's Motion to Strike Portions of Expert Report and Testimony of Dr. James Kearl ("Karwande Sealing Decl."). Accordingly, Google moves to file Exhibits 1,3,5,6,8, 9 to the Karwande Strike Declaration underseal as they have been designated by Oracle pursuant to the Stipulated Protective Order and Local Rule 79-5(e).

## II. DISCUSSION

### A. The material that Google seeks to file under seal constitutes non-public, highly-sensitive, and confidential financial and trade secret information.

A compelling justification to seal pleadings exists when disclosure of "business information . . . might harm a company's competitive standing." *Nixon v. Warner Commc'ns,*

*Inc.*, 435 U.S. 589, 598 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); N.D. Cal. Civ. L.R. 79-5(a).  Courts have therefore concluded that it is appropriate to seal documents containing sensitive financial information and similar trade secrets information.  *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (district court abused discretion by not sealing portions of documents containing sensitive financial information); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (granting writ of mandamus and directing district court to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of licensing agreement because terms were trade secrets).

In this case, disclosure of the non-public information that Google seeks to file under seal constitutes highly sensitive financial information.  Hwang Decl. ¶ 2A.  Public disclosure of this information could therefore "have significant negative effects on Google's business."  *Id.* ¶ 2A. In addition, the material Google seeks to file under seal also contains sensitive and confidential information that is subject to non-disclosure agreements with third parties and has never been publicly disclosed.  *Id.* ¶ 2B.  Public disclosure of such information could "severely and adversely impact Google's ability to negotiate, among other things, similar terms with other third parties in connection with similar agreements now or in the future."  *Id.*

Because disclosure of this "business information . . . might harm [Google's] competitive standing," there is a compelling justification to seal information of the kind described above.  *Nixon*, 435 U.S. at 598.  Indeed, the Court has previously granted motions to seal these types of materials in this case.  *See, e.g.*, ECF No. 1541 (granting motion to seal Google financial information); ECF. No. 1375 (same); *see also, e.g.*, ECF No. 687 at 2 (sealing "non-public information about licensing agreements with third parties"), ECF No. 583 (same), ECF 1541 (same).

For the reasons stated above, Google seeks to seal the portions of Google's Motion to Strike Portions of Expert Report and Testimony of Dr. James Kearl and Exhibit 1 and 9 to the Karwande Strike Declaration listed in the Hwang Declaration on the grounds that they contain Google's non-public, highly sensitive financial information and/or highly sensitive financial and

trade secret information relating to agreements between Google and third parties.  Hwang Decl. ¶ 2A-B.

## III. MATERIAL DESIGNATED BY ORACLE AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

Pursuant to Civil Local Rule 79-5(e) and section 14.4 of the Stipulated Protective Order in this case, Google seeks to file under seal documents that summarize, quote from, or reproduce portions of materials that have been designated by Oracle as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order.  The portions of those documents that summarize, quote from, or reproduce portions of materials designated by Oracle as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are set forth in the Karwande Sealing Declaration.

Google states no position on whether disclosure of the information designated by Oracle would result in competitive harm to Oracle.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order granting Google's request to file the foregoing documents under seal.

Dated:  March 30, 2016                                   KEKER & VAN NEST LLP

                                                                By:   /s/ Robert A. Van Nest
                                                                       ROBERT A. VAN NEST
                                                                       CHRISTA M. ANDERSON
                                                                       DANIEL PURCELL

                                                                       Attorneys for Defendant
                                                                       GOOGLE INC.