

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA  94105-2669

tel  +1-415-773-5700
fax  +1-415-773-5759
WWW.ORRICK.COM

March 30, 2016

The Honorable William H. Alsup
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA
      Précis Regarding Oracle's Emergency Motion to Strike Google's Unauthorized 7th Motion *In Limine* (Dkt. 1584)

Dear Judge Alsup,

Oracle requests permission to file an emergency motion to strike Google's unauthorized seventh motion *in limine* regarding Professor Kearl (ECF No. 1584), filed in violation of the Court's Tentative Trial Plan and Follow-Up Order on Comments on Tentative Trial Plan.  ECF Nos. 1488 & 1506.  Emergency relief is required due to the time period allotted for oppositions to motions *in limine,* the rapidly approaching trial date, and the prejudice Oracle will suffer absent timely resolution of Google's violation of the Court's orders.

The Tentative Trial Plan provides that "each party shall file no more than six motions *in limine*, each no more than ten pages and in total no more than fifty pages."  ECF No. 1488 at 1:25-27.  The Tentative Trial Plan further provides: "Any motions to strike expert reports or Daubert motions must be brought as motions *in limine* subject to the above limitations, except in extraordinary circumstances and with advance permission."  *Id*. at 2:3-5.  The Court's Follow-Up Order provides: "Both sides may have one motion *in limine* that exceeds the ten-page limit, but the extra pages must come out of the overall fifty-page limit."  ECF No. 1506 at 1:20-22.  Google's motion regarding Dr. Kearl violates the Court's Orders in four distinct ways.

First, Google has already filed six motions *in limine*; Google's motion regarding Dr. Kearl constitutes its seventh.  Google's attempt to skirt the Court's express limitation on motions *in limine* by styling its motion regarding Dr. Kearl as a "motion to strike" is unavailing, as the

Hon. William Alsup
March 30, 2016
Page 2

Tentative Trial Plan's limitation on motions *in limine* expressly includes motions to strike *any* expert reports. Moreover, the body of Google's motion states that Google seeks "an order excluding *in limine* certain portions of the expert report and testimony of Dr. James Kearl." ECF No. 1584 at 1:3-4.

Second, Google's 14-page motion regarding Dr. Kearl is its second motion *in limine* exceeding 10 pages. Google's Motion *In Limine* No. 6 (ECF No. 1565) regarding Mr. Malackowski, filed March 23, 2016, totals 26 pages—so Google has already filed its one allotted motion in excess of ten pages. Third, the total page count for Google's motions *in limine* is now up to 64 pages, fourteen more than the Court's 50-page limitation.

Fourth, Google was required to seek advance permission and demonstrate "extraordinary circumstances" in order to file its motion to strike. No such circumstances exist here; both parties knew of the limitations on motions *in limine* and Oracle complied with them. Like Oracle, Google has long known about the schedule for expert reports and depositions and had Dr. Kearl's Report *before* it filed its six motions *in limine* on March 23, 2016. If Google wanted to file a motion to exclude any of Dr. Kearl's opinions, it should have reserved a motion and pages like Oracle did. Oracle made strategic judgment calls and complied with the Court's orders, and fairness requires that Google's seventh motion *in limine* regarding Dr. Kearl be stricken.

Accordingly, Oracle respectfully requests permission to file an emergency motion to strike Google's motion regarding Dr. Kearl, ECF No. 1584, to be heard on shortened notice.

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

 */s/ Annette L. Hurst*

Annette L. Hurst
Counsel for Plaintiff Oracle America, Inc.