

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA  94105-2669

tel  +1-415-773-5700
fax  +1-415-773-5759
WWW.ORRICK.COM

March 31, 2016

The Honorable William H. Alsup
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:    *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA: Response to Google's Letter Re Briefing on Motions *In Limine* (Dkt. 1584)

Dear Judge Alsup:

We write to address Google's request for "guidance" regarding the Court's limitations on motions *in limine*. The relief Google requests is fundamentally unfair and would seriously prejudice Oracle. No reformulation of motions should be permitted ten days after the original deadline and four days before Oracle's oppositions are due (Google requests "48 hours" which would bring the total outstanding time on its existing motions to 10 of the 14 days Oracle is afforded to respond). Google's seventh motion *in limine* filed in violation of the Court's orders should be stricken.

Oracle has already been working on its oppositions to Google's six motions for a week. If Google is permitted to reformulate its motions, Oracle will have to rewrite its oppositions on extremely short notice. Moreover, in compliance with the Court's orders on motions *in limine*, Oracle made important strategic decisions regarding the motions Oracle planned to file and the amount of space that could be devoted to any particular argument (including which points just couldn't be made at all despite their merit). It would be patently unfair to give Google the advantage of being able to reformulate its motions with the benefit of extra time and strategic insight.

Google suggests that it be permitted to withdraw *any* single motion. Ltr. at 2. That proposal would be similarly unfair as it would not guarantee compliance with the overall briefing page limits or the limit that only one motion exceed 10 pages. Google's last motion was the one

Hon. William Alsup
March 31, 2016
Page 2

that violated the Court's orders on the number of motions and the number of pages. That is the motion that should be struck. Last in, first out is the only solution that is fair to Oracle and preserves the Court's deadlines and orders.

Finally, Google's protests of ignorance of the terms of the Court's orders lack merit. The Court's statement was clear that "*Any* motions to strike expert reports or *Daubert* motions must be brought as motions *in limine* subject to the…limitations." ECF Nos. 1488 & 1549 (emphasis added). Oracle understood and complied, and Google never raised any questions--not even after Oracle reserved one of its six motions *in limine* and 5 pages worth of briefing on March 23, 2016. Indeed, just last week, Google initiated a different meet and confer to resolve supposed Google-perceived ambiguities *in these very same orders*. ECF No. 1546 (Joint Letter re *In Limine* Procedure).

Google's argument that it was confused because there was a separate briefing schedule for motions directed to Dr. Kearl lacks merit. When the Court issued its order limiting the parties to six motions *in limine* on February 8, 2016 (ECF No. 1488), *all Daubert* motions, including those related to Dr. Kearl, were due on the same day: March 23, 2016. ECF Nos. 1334 & 1356. Subsequently, Google requested, and Oracle assented to, a stipulation asking the Court for a one-week extension of the March 23 deadline for *Daubert* motions directed to Dr. Kearl only. Neither the parties' stipulation nor the Court's order granting the stipulation suggests any intent to deviate from the Court's February 8, 2016 order limiting the parties to six motions *in limine*. *See* ECF Nos. 1507 & 1509. No reformulation should be permitted.

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Annette L. Hurst*

Annette L. Hurst
Counsel for Plaintiff Oracle America, Inc.