IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**ORDER RE GOOGLE'S SEVENTH MOTION** *IN LIMINE*

      On February 8, an order set forth a procedure limiting the parties to six motions *in limine* to be heard before opening statements (without prejudice to more as the trial progresses) and set a page limit for those motions as follows (Dkt. No. 1488):

> For hearing and determination prior to the opening statements, each party shall file no more than six motions *in limine*, each no more than ten pages and in total no more than fifty pages. The opposing party may have the same number of total pages in opposition. . . . Any motions to strike expert reports or *Daubert* motions must be brought as motions *in limine* subject to the above limitations, except in extraordinary circumstances and with advance permission.

On February 16, a further order provided "[w]ith regard to the timing of motions *in limine*, please use the thirty-five day schedule" and permitted each side to submit one motion of the six in excess of the ten-page limit (Dkt. No. 1506).

      On February 18, an order approved a stipulation modifying several deadlines relating to expert reports including extending the deadline motions related to the Rule 706 expert by one week (Dkt. No. 1509).

The Court is perplexed as to how Google's attorneys could have possibly thought the extension of the deadline for motions related to the Rule 706 expert authorized a seventh motion *in limine*. The limitations regarding motions *in limine* plainly included motions regarding the Rule 706 expert. Moreover, what did Google think the page limit was for any seventh motion?

Google has placed us all in an unreasonable position, and in the Court's judgment the fairest solution is to remove Google's third and fifth motions *in limine* from the pretrial conference calendar without prejudice to consideration after the opening statements. This still leaves Google with the benefit of six pages in excess of the fifty-page limit and with two motions in excess of ten pages, but nothing can now be done about that in equity.

**IT IS SO ORDERED.**

Dated: March 31, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE