

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA  94105-2669

tel  +1-415-773-5700
fax  +1-415-773-5759
WWW.ORRICK.COM

April 1, 2016

The Honorable William Alsup
United Stated District Court Judge
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, Case No. 3:10-cv-03561-WHA
      Précis Regarding Motion to Strike Portions of the Reply Expert Report of Dr.
      Gregory K. Leonard

Dear Judge Alsup,

      Oracle America, Inc. ("Oracle") through this précis letter seeks permission to file an additional motion to strike portions of the Reply Report of Dr. Gregory K. Leonard served by Google Inc. ("Google") on March 28, 2016 ("Leonard Reply Report").  Extraordinary circumstances justify this additional motion to strike.  ECF No. 1488.  Google served the Leonard Reply Report on March 28 consistent with the schedule for reports responding to Professor James R. Kearl.  Portions of the Leonard Reply Report rely on a *new* conversation Dr. Leonard had with Google Finance Director Jonathan Gold sometime between Professor Kearl's deposition on March 23, 2016, and the date of service of the report, March 28, 2016.  The report recounts certain newly obtained information from Mr. Gold regarding the nature of Google's accounting for certain expenses that Dr. Leonard deducted in his opening report.

      At all times, Google has had the burden of proof regarding proper expense deductions in the infringer's profits calculus, to demonstrate the existence and nature of those expenses, and to show that they vary with the production, distribution or marketing of Android.  17 U.S.C. §504; ECF No. 1321 at 10 (Willfulness Order).  Dr. Leonard served his first report on February 8 as required by this Court's order in ECF No. 1356, and he had plenty of opportunity to get whatever information he wanted from Google by that time to satisfy Google's burden of proof.  Both

April 1, 2016
Page 2

Oracle's counsel and John L. Cooper, on behalf of Professor Kearl, examined Dr. Leonard at deposition on March 11, and both criticized him for not obtaining the relevant information for his report. Leonard Depo. at 216:5-221:10, 337:9-342:1, 348:9-349:19. Yet he did not act at that time. Then, Professor Kearl criticized Dr. Leonard again in his March 18 report (Kearl Rpt. ¶ 25-33) and at Professor Kearl's March 23 deposition. Kearl Depo. at 116:16-117:8.

Finally, Dr. Leonard went and asked Google's Mr. Gold some additional questions and included the answers in his March 28 Reply Report. Dr. Leonard is acting as no more than a mouthpiece for information conveyed by Mr. Gold and Google. The Report betrays no effort to verify the information. The conversation occurred long after Google was obliged to submit expert opinion to meet its burden of proof, and after Oracle had an opportunity to depose both Dr. Leonard and Mr. Gold.

Oracle is grossly prejudiced by this timing. Dr. Leonard should not be permitted to rely in any way on a late, private conversation with a fact witness regarding highly contested accounting issues—including, among other things, the nature of Google's accounting practices regarding its search-related traffic acquisition costs ("Search TAC") and the amount of these costs. The impropriety of Dr. Leonard's conduct is magnified because he has done nothing to verify Google's accounting records. Although Dr. Leonard is not an accountant, he appears to have employed no accountants to examine Google's financial records. Dr. Leonard has not only been spoon-fed, he has failed to verify what Google served him and effectively prevented Oracle from challenging the basis of his conclusions. Dr. Leonard's belated interview of Mr. Gold did not to respond to anything *new* in Professor Kearl's observations, but rather appears to be an attempt to manufacture belated support for Google's arguments regarding Search TAC as a deductible expense.

Given these extraordinary circumstances, the portions of Dr. Leonard's Reply Report reciting information from his recent conversations with Mr. Gold should be stricken. They violate the parties' agreed-upon expert discovery schedule (ECF No. 1507), to which Professor

April 1, 2016
Page 3

Kearl also agreed (*id.*) and the Court adopted (ECF No. 1509).  Under Federal Rule of Civil Procedure 37(c)(1), preclusion of late-filed evidence is appropriate if a party "disrupt[s] the schedule of the court and other parties.  *Tamburri v. SunTrust Mortgage, Inc.*, No. 11-CV-02899-JST, 2013 WL 3152921, at *2 (N.D. Cal. June 19, 2013) (quoting *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005)).

Oracle accordingly requests permission to file a motion to strike on shortened time.

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Annette L. Hurst*

Annette L. Hurst
Counsel for Plaintiff Oracle America, Inc.