KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE INC.,<br><br>        Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO SEAL OPPOSITIONS TO ORACLE'S MOTIONS *IN LIMINE* AND CORRESPONDING EXHIBITS**<br><br>Dept.      Courtroom 8, 19th Fl.<br>Judge:     Hon. William Alsup |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google Inc. ("Google") hereby moves to file under seal the following documents:

## I.     INTRODUCTION

On April 6, 2016, Google filed oppositions with supporting exhibits to five motions in limine (collectively "Opps. to MILs" or "Oppositions").  Three of those Oppositions contain non-public, highly sensitive information important to Google's business, and therefore should be filed under seal.  In support of its request to seal, Google has identified a narrowly-tailored list of those portions of the Oppositions that contain highly sensitive Google trade secret information.  *See* Declaration of Susan Kim in Support of Google Inc.'s Administrative Motion to Seal Oppositions to Oracle's Motions in Limine and Corresponding Exhibits ("Kim Decl.").  In addition, Plaintiff Oracle America, Inc. ("Oracle") has designated certain portions of the Opps. to MILs and corresponding exhibits as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY.  *See* Declaration of Maya Karwande in Support of Google Inc.'s Administrative Motion to Seal Oppositions to Oracle's Motions in Limine and Corresponding Exhibits ("Karwande Decl.").  Accordingly, pursuant to the Stipulated Protective Order and Local Rule 79-5(e), Google moves to file those portions of the Oppositions designated by Oracle as subject to sealing.

## II.    ARGUMENT

### A. The material that Google seeks to file under seal constitutes non-public, highly-sensitive, and confidential financial and trade secret information.

A compelling justification to seal pleadings exists when disclosure of "business information might harm a company's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); N.D. Cal. Civ. L.R. 79-5(a).  Courts have therefore concluded that it is appropriate to

seal documents containing sensitive financial information and trade secrets. *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (district court abused discretion by not sealing portions of documents containing sensitive financial information); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (granting writ of mandamus and directing district court to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of licensing agreement because terms were trade secrets).

In this case, the portions of the oppositions and exhibits identified by Google contain highly sensitive financial information and trade secrets. Kim Decl. ¶ 2. Indeed, this Court has previously granted motions to seal these types of materials in this case. *See, e.g.*, ECF No. 1541 (granting motion to seal Google financial information); Dkt. No. 1375 (same); *see also, e.g.*, Dkt. No. 687 at 2 (sealing "non-public information about licensing agreements with third parties"), Dkt. No. 583 (same), Dkt. 1541(same). The Court should likewise seal the materials here.

**1. Google's Oppositions to Motions *in Limine***

The following portions of Google's Opps. to Motions *in Limine*, filed April 6, 2016, contain non-public, highly sensitive financial information of Google:

- **Google's Opp. To Oracle's Motion in Limine No. 4**
    - Page 5, line 6 (the dollar amount after "causal nexus between" reflecting revenue and financial information which are not public).
    - Page 5, line 8 (the percentage reflects revenue, financial information, and agreement terms which are not public).
    - Page 8, line 4 (the dollar amount before revenues reflecting revenue and financial information which are not public).
    - Page 8, line 15 (the dollar amount of estimated profits reflecting revenue and financial information which are not public).

- Page 8, line 21 (the parenthetical reflecting revenue and agreement terms which are not made public).
- Page 11: fn. 5 (the dollar amount after the apportionment reflecting revenue and financial information which are not public).
- Page 13, lines 20-21 (the dollar amount at the end of the sentence reflecting revenue and financial information which are not public).

- **Ex. 22 to Mullen Declaration: (Excerpts from the March 23, 2016 Deposition of James Kearl)**
  - Page 179: 17,18, 20, 22 (dollar figures reflecting revenue and financial information which are not public).
  - Page 181: 16, 17 (dollar figures reflecting revenue and financial information which are not public).

### III. MATERIAL DESIGNATED BY ORACLE AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

Pursuant to Civil Local Rule 79-5(e) and section 14.4 of the Stipulated Protective Order in this case, Google seeks to file under seal material document that summarize, quote from, or reproduce portions of materials that have been designated by Oracle as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order. The portions of those documents that summarize, quote from, or reproduce portions of materials designated by Oracle as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are set forth in the Declaration of Maya Karwande in Support of Google's Administrative Motion to Seal Oppositions to Oracle's Motions in Limine and Corresponding Exhibits.

Google states no position on whether disclosure of the information designated by Oracle would result in competitive harm to Oracle.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order granting Google's request to file the foregoing documents under seal.

Dated:                                                                KEKER & VAN NEST LLP

                                                       By:   /s/ Robert A. Van Nest
                                                             ROBERT A. VAN NEST
                                                             CHRISTA M. ANDERSON
                                                             DANIEL PURCELL

                                                             Attorneys for Defendant
                                                             GOOGLE INC.