ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ADMIN. MOT. TO FILE UNDER SEAL ORACLE'S OPPOSITION TO GOOGLE'S MOTIONS IN LIMINE # 6 REGARDING DAMAGES REPORT**<br><br>Hearing: April 27, 2016, 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1   Plaintiff Oracle America, Inc. ("Oracle") hereby moves to file certain portions of Oracle's Opposition to Google's Motion *In Limine* # 6 ("Opposition") under seal pursuant to Civil Local Rules 7-11 and 79-5.

The Order Approving Stipulated Protective Order Subject to Stated Conditions entered in this case, ECF No. 68, states that when material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," a party may not file it in the public record, but must seek to file it under seal pursuant to Civil Local Rule 79-5.  Stipulated Protective Order § 14.4, ECF No. 66.

Google Inc. ("Google") has designated certain materials discussed in Oracle's Opposition as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Protective Order.  Therefore, Oracle moves to seal the following portions of its Opposition that have been so-designated by Google pursuant to the Protective Order:

- Page 1, lines 22-23 between the words "has" and "Google"
- Page 2, lines 3-5 between the second instance of the word "Google" on line 3 and the word "under" on line 5
- Page 2, lines 8-13 between the word "Android" on line 8 and the phrase "the team" on page 13
- Page 2, lines 24-26 within the parenthetical after the citation to GOOGLE-26-00008340 at 363
- Page 3, line one before "Ex."
- Page 3, lines 3-10 between the words "and" on line 3 and "see" on line 10
- Page 3, lines 18-21 between "GOOGLE-01-00019527" on line 18 and the period on line 21
- Page 4, the text within the parenthetical on line 11
- Page 4, lines 12-13 between the word "correspondence" on line 12 and GOOGLE-24-00197944 on line 13
- Page 4, line 21 after the word "Android"
- Page 4, the dollar amount on line 26 before the word "in"

- 1 -

ADMIN. MOT. TO SEAL OPP. TO MOTION IN LIMINE # 6
CV 10-03561 WHA

1  • Page 12, line 16 after the word "admitting"
2  • Page 13, lines 8-11 between the words "CEO" on line 8 and "Ex" on line 11
3  • Page 13, footnote 9, between the words "ads" and "Clearly"
4  • Page 16, line 7 between the words "to" and "for"
5  • Page 16, line 8 between the words "the" and "using"
6  • Page 16, line 10 between the words "operator" and "who"
7  • Page 16, lines 13-20 between "99:12-17" on line 13 and the period at the end of
8    line 20
9  • page 16, line 23 between the first period and the word "would"
10 • Page 16, line 26 between the words "is" and "of"
11 • Page 16, the dollar amount and percentage amount in line 28
12 • Page 17, the dollar amounts, percentages, and ratio found in lines 1-4 and 11
13 • Page 19, the dollar amount found at line 15
14 • Page 20, line 26 through page 21, line 2, the text within the parenthetical after
15   "206:23-207:10"
16 • The highlighted materials in the UNREDACTED version of Appendix A

In addition, Oracle moves to seal limited portions of its Opposition discussing specific amounts owed to Oracle under its current and preceding license agreement with a third party. Oracle requests to seal the following:

• Page 22, lines 15-18 between "191" on line 15 and the period on line 8
• Page 24, line 14 between the words "and" and "and"

Oracle's requested order is narrowly tailored to reach only a very limited amount of commercially sensitive information. As set forth in the Declaration of Andrew Temkin, the limited information Oracle seeks to seal is competitively sensitive information that Oracle maintains in confidence. Oracle respectfully submits that the risk of competitive injury to Oracle constitutes a compelling reason to grant Oracle the narrowly tailored relief requested. *See, e.g., Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1181 (9th Cir. 2006) (setting standard); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 U.S. Dist. LEXIS 15825, at *5 (N.D. Cal. Feb. 9, 2016)

1  (granting motion to seal confidential revenue data) (citing *inter alia Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (holding access to court records has been denied when it includes "sources of business information that might harm a litigant's competitive standing.")).

Because Oracle's Opposition contains both parties' Designated Material, Oracle has provided a proposed public copy with both parties' Designated Material redacted. Should Google fail to obtain relief pursuant to L.R. 79-5, and to the extent that Oracle's present motion to seal is granted, Oracle respectfully requests the opportunity to prepare and file a public version of its Opposition that redacts only its own confidential information.

Dated: April 6, 2016

KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON
Orrick, Herrington & Sutcliffe LLP

By:  */s/ Andrew D. Silverman*

Attorneys for Plaintiff
ORACLE AMERICA, INC.