1  ORRICK, HERRINGTON & SUTCLIFFE LLP
   KAREN G. JOHNSON-MCKEWAN (SBN 121570)
2  kjohnson-mckewan@orrick.com
   ANNETTE L. HURST (SBN 148738)
3  ahurst@orrick.com
   GABRIEL M. RAMSEY (SBN 209218)
4  gramsey@orrick.com
   405 Howard Street, San Francisco, CA 94105
5  Tel: 1.415.773.5700 / Fax: 1.415.773.5759
   PETER A. BICKS (*pro hac vice*)
6  pbicks@orrick.com
   LISA T. SIMPSON (*pro hac vice*)
7  lsimpson@orrick.com
   51 West 52nd Street, New York, NY 10019
8  Tel: 1.212.506.5000 / Fax: 1.212.506.5151

9  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (*pro hac vice*)
10 dboies@bsfllp.com
   333 Main Street, Armonk, NY 10504
11 Tel: 1.914.749.8200 / Fax: 1.914.749.8300
   STEVEN C. HOLTZMAN (SBN 144177)
12 sholtzman@bsfllp.com
   1999 Harrison St., Ste. 900, Oakland, CA 94612
13 Tel: 1.510.874.1000 / Fax: 1.510.874.1460

14 ORACLE CORPORATION
   DORIAN DALEY (SBN 129049)
15 dorian.daley@oracle.com
   DEBORAH K. MILLER (SBN 95527)
16 deborah.miller@oracle.com
   MATTHEW M. SARBORARIA (SBN 211600)
17 matthew.sarboraria@oracle.com
   RUCHIKA AGRAWAL (SBN 246058)
18 ruchika.agrawal@oracle.com
   500 Oracle Parkway,
19 Redwood City, CA 94065
   Tel: 650.506.5200 / Fax: 650.506.7117

20 *Attorneys for Plaintiff*
   ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No. CV 10-03561 WHA |
| Plaintiff, | **ORACLE'S MOTION IN LIMINE #7 REGARDING REPLY REPORT OF GOOGLE'S DAMAGES EXPERT, DR. GREGORY LEONARD** |
| v. | |
| GOOGLE INC., | Date: April 27, 2016 at 8:00 am |
| Defendant. | Dept.: Courtroom 8, 19th Floor |
| | Judge: Honorable William H. Alsup |

**NOTICE OF MOTION, MOTION, AND STATEMENT OF RELIEF SOUGHT**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that the following Motion *in Limine* Regarding the Reply Expert Report of Google's Damages Expert Dr. Gregory Leonard will be heard on April 27, 2016, at 8:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8, 19th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable William Alsup presiding.

Plaintiff Oracle America, Inc. will, and hereby does, move this Court to exclude portions of the opinions and testimony set forth in the Reply Expert Report of Defendant Google Inc.'s damages expert Dr. Gregory Leonard.  This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; the materials attached to the Declaration of Andrew D. Silverman (cited hereinafter as "Ex. __") that are being filed herewith; the record in this matter; and such other and further papers, evidence, and argument as may be submitted in connection with this Motion.

Dated: April 8, 2016                                         Orrick, Herrington & Sutcliffe LLP

                                                             By: */s/ Annette L. Hurst*
                                                                 Annette L. Hurst

                                                             Counsel for ORACLE AMERICA, INC.

# TABLE OF CONTENTS

Page

I. GOOGLE BEARS THE BURDEN OF PROVING APPORTIONMENT AND EXPENSE DEDUCTIONS .................................................................................................. 4

II. DR. LEONARD SHOULD BE PRECLUDED FROM RELYING ON PREVIOUSLY UNDISCLOSED EVIDENCE OF GOOGLE'S EXPENSE ACCOUNTING ................................................................................................................................. 4

III. DR. LEONARD'S BELATED SENSITIVITY TESTING SHOULD BE EXCLUDED ........................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Hamil Am. Inc. v. GFI*,
   193 F.3d 92 (2d Cir. 1999) ............................................................................................................4

*Polar Bear Prods., Inc. v. Timex Corp.*,
   384 F.3d 700 (9th Cir. 2004) .........................................................................................................4

*Tamburri v. SunTrust Mortgage, Inc.*,
   No. 11-CV-02899-JST, 2013 WL 3152921 (N.D. Cal. June 19, 2013) ........................................6

*Wong v. Regents of Univ. of California*,
   410 F.3d 1052 (9th Cir. 2005) .......................................................................................................6

**Federal Statutes**

17 U.S.C. §504 ....................................................................................................................................4

**Rules**

Federal Rule of Civil Procedure 37(c)(1) ...........................................................................................5

ORACLE'S MOTION IN LIMINE #7 RE:
REPLY REPORT OF DR. LEONARD

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Google bears the burden of proving apportionment and deductible expenses in the infringer's profits analysis. Accordingly, its damages expert, Dr. Gregory Leonard, was required to present all evidence and analyses on those factors in his report served on February 8.

Yet sometime after he submitted his report and was deposed by Oracle, Dr. Leonard tried to find support for the expense deductions in his opening report through an additional conversation with Google Finance Director Jonathan Gold. Although Dr. Leonard's belated interview of Mr. Gold did not respond to anything new in Prof. Kearl's report, Dr. Leonard included this information in his reply to that report. Dr. Leonard should not be permitted to rely on a late, private conversation with a fact witness regarding such highly contested issues.

Dr. Leonard also provided a new sensitivity analysis in his reply to support his apportionment opinions based on the "Kim model." Again, this is too late. Any reliable econometric analysis would have tested the sensitivity of the model at the outset, and Dr. Leonard cannot cure his failure to do so after the fact.

Oracle is grossly prejudiced by the late disclosure of information about Google's expense accounting and the late sensitivity analysis, which violate the parties' and Prof. Kearl's agreed-upon expert schedule (ECF No. 1507), which the Court adopted (ECF No. 1509). Google's attempt to inject new information and analysis into an expert report to which no party would have a chance to respond is exactly the sort of sandbagging and gamesmanship courts disfavor. Given these extraordinary circumstances, the Court should strike Dr. Leonard's new facts, analysis and opinion in his reply report and preclude Dr. Leonard from testifying on those topics.

**BACKGROUND**

On January 8, Oracle served the report of Mr. James Malackowski. Among other things, Mr. Malackowski opined on the profits earned by Google that are attributable to its infringement of Oracle's copyrighted works. In addition to offering gross revenues, Mr. Malackowski went beyond the burden required of Oracle and opined on the appropriate expense deduction, including the amount of search-related traffic acquisition costs ("Search TAC"). ECF No. 1578-1-4

- 1 -

1  (Malack. Op. Rpt.) ¶¶ 16, 18, 295-314.  Search TAC is the portion of ad revenue Google pays to
2  its partners (e.g., ███████████████) in exchange for setting Google as the default search
3  engine on their devices.  *Id.* at ¶¶ 153, 297.  For the years 2008-2010, Google reported Android
4  ad revenue on its Android profit and loss ("P&L") statements.  *Id.* at ¶ 298.  Without a plausible
5  explanation, Google stopped reporting Android ad revenue on its P&L statements in 2011.
6  Google refused to produce evidence of its actual Search TAC, requiring Mr. Malackowski to
7  estimate Search TAC from other information for 2011-2015.  *Id.* at ¶ 299.  In total, Mr.
8  Malackowski deducted more than ████████ in estimated Search TAC from Google's gross
9  Android-related revenues.  *Id.* at ¶ 300.

10        Google served the report of its damages expert, Dr. Leonard on February 8, in which
11  Google was required (and by its own agreement) to carry its burden of proof on deductible
12  expenses and apportionment.  ECF Nos. 1334 (Stipulation) at 1-2, 1356 (Order), 1507 (stipulation
13  to modify dates) & 1509 (Order).  On Google's burden on deductible expenses, Dr. Leonard first
14  pointed out that the amount of Search TAC is dependent on agreements between Google and its
15  partners, and yet he did not use these agreements or Google's books to determine the amount of
16  Search TAC Google actually paid.  *See* ECF No. 1566-1, Ex. 4 (Leonard Op. Rpt.) ¶¶ 32-33.
17  Despite the fact that Dr. Leonard could have obtained any information he wanted from Google as
18  Google's expert, he estimated numbers instead of providing actuals.  *Id.* at ¶ 33.  Dr. Leonard also
19  set forth his opinions on apportionment, for which he used an econometric model referred to as
20  the "Kim model" to estimate the decrease in Android handset sales that would have occurred in
21  the counterfactual where there were fewer Android apps.  *Id.* at ¶¶ 186-89.  However, Dr.
22  Leonard neither obtained nor produced the underlying data necessary to objectively test the Kim
23  model; nor did he conduct any sensitivity testing himself.  *See id.* at ¶¶ 186-96; ECF No. 1584-2
24  (Kearl Rpt.) ¶ 65 n. 99; Ex. 3 (3/23/16 Kearl Depo.) 104:3-106:6.

25        Both Oracle's counsel and Mr. John L. Cooper, on behalf of Prof. Kearl, examined Dr.
26  Leonard at his deposition on March 11, and both criticized him for not obtaining even basic
27  relevant information for his report.  Ex. 4 (03/11/16 Leonard Depo.) 216:5-221:10, 337:9-342:1,
28  348:9-349:19.  In his March 18 report, Prof. Kearl again criticized Dr. Leonard's failure to obtain

1  sufficient information, ECF No. 1584-2 (Kearl Rpt.) ¶¶ 25-33, and again at his March 23
2  deposition, Ex. 3 (03/23/16 Kearl Depo.) 116:16-117:18.
3        Addressing Dr. Leonard's apportionment opinions, Prof. Kearl tested the sensitivity of the
4  app inclusion criteria Dr. Leonard used in generating his Kim model estimates at a high-level,
5  while acknowledging that he was very limited in his tests and that his tests were necessarily
6  incomplete because Dr. Leonard did not make the relevant underlying data available to either
7  Oracle or Prof. Kearl.  ECF No. 1584-2 (Kearl Rpt.) ¶¶ 61-71; *see* ECF No. 1566-1, Exhibit 4
8  (Leonard Op. Rpt.) ¶¶ 186-89; Ex. 3 (3/23/16 Kearl Depo.) 104:3-106:6.  According to Prof.
9  Kearl, econometricians regularly conduct sensitivity analyses to ensure that their use of an
10 econometric model is sound.  Ex. 3 (3/23/16 Kearl Depo.) 104:3-105:3.  Indeed, Dr. Leonard does
11 not even have the data underlying the Kim model, on which his estimates rely.  *Id.* at 104:3-
12 106:6; *accord* ECF No. 1584-2 (Kearl Rpt.) ¶ 65 n. 99.  Accordingly, no one in this litigation has
13 been able to test the sensitivity of the Kim model parameters *themselves* (as opposed to Dr.
14 Leonard's inclusion criteria), a situation Prof. Kearl described as "a little unusual."  Ex. 3
15 (3/23/16 Kearl Depo.) 104:3-106:6.
16       On March 23, Oracle filed a motion to exclude portions of Dr. Leonard's analysis,
17 including his apportionment analysis and his expense deduction because he estimated Search
18 TAC rather than relying on actual and double counted the deduction.  ECF No. 1554-4.
19       Sometime after Prof. Kearl's deposition on March 23 (the day Oracle filed its motion in
20 limine), Dr. Leonard finally decided he should seek more information to support his Search TAC
21 deduction.  On March 28, Dr. Leonard filed a reply to Prof. Kearl's report, which disclosed for
22 the first time facts purportedly learned during an interview with Mr. Gold after March 23,
23 regarding the nature of Google's accounting for Search TAC.  Ex. 1 (Leonard Reply Rpt.) ¶¶ 7-8.
24 In particular, Dr. Leonard claims to have learned the following new facts from Mr. Gold:

- Google does not include Search TAC for Android in the line items for digital content or app cost of sales in its P&L statements.

- Search TAC is included in the Google-wide Adwords TAC line in its P&L statements.

- 3 -

- There is no formula governing payment of TAC; Google negotiates individually with each carrier or OEM.

- ███████████████████████████████████████

*Id.* The Leonard Reply does not indicate any effort to verify this information. Dr. Leonard also provides the results of a new sensitivity analysis he conducted to support opinions set forth in his opening report on apportionment based on the Kim model. *Id.* at ¶¶ 24-28, Exs 1a-1d.

## ARGUMENT

### I. GOOGLE BEARS THE BURDEN OF PROVING APPORTIONMENT AND EXPENSE DEDUCTIONS

Section 504(b) creates a two-step framework for disgorgement of infringer's profits: (1) the copyright owner presents proof of the infringer's gross revenue that is "reasonably associated" with the infringement (*i.e.*, causal nexus), and (2) the infringer then presents proof of deductible expenses and the elements of profit attributable to factors other than the copyrighted work (*i.e.*, apportionment). *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711, 715 (9th Cir. 2004) (as amended). Thus, at all times, Google had the burden of proof regarding apportionment and proper expense deductions in the infringer's profits calculus, including to demonstrate the existence and nature of any deductible expenses, and to show that they vary with the production, distribution or marketing of Android. 17 U.S.C. §504; ECF No. 1321 at 10 (Willfulness Order). Any "uncertainty over profits because of inadequate recordkeeping … should be resolved in [Oracle]'s favor." *See* 5-14 Nimmer on Copyright § 14.03 (citing *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 107 (2d Cir. 1999)).

### II. DR. LEONARD SHOULD BE PRECLUDED FROM RELYING ON PREVIOUSLY UNDISCLOSED EVIDENCE OF GOOGLE'S EXPENSE ACCOUNTING

Dr. Leonard served his first report on February 8. He had plenty of opportunity to get whatever information he wanted by that time to satisfy Google's burden of proving deductible expenses. Yet Dr. Leonard waited to seek and disclose key information about Google's expense accounting until March 28, after he earlier failed to obtain sufficient information on which to base the opinions in his opening report. Dr. Leonard's late interview of Mr. Gold did not respond to

- 4 -

*new* analyses or opinions in Prof. Kearl's report, but rather attempts to manufacture belated support for Google's own arguments regarding Search TAC as a deductible expense. Dr. Leonard should not be permitted to rely on a private conversation with a witness regarding highly contested accounting issues on which Google bears the burden of proof—including, among other things, the nature of Google's accounting practices regarding its Search TAC and the amount of these costs—*after* expert discovery has closed.

By the time Dr. Leonard disclosed this information, both Mr. Gold and Dr. Leonard had already been deposed, expert reports were completed, motions *in limine* had been filed, and trial was only six weeks away. Oracle has no opportunity to ask Mr. Gold about the substance or process of this belated interview—how it was arranged, what was said, and any discrepancies between what Dr. Leonard attributes to Mr. Gold and what Mr. Gold actually said. If the evidence Dr. Leonard relied on in his February 8th report was sufficient to support his opinions, there would have been no need for a subsequent interview. Dr. Leonard conducted this belated interview because he did not obtain critical facts from the depositions and documents produced in this case. Dr. Leonard indeed neglected to obtain sufficient facts by the time he filed his opening report. Google apparently believes it is appropriate for Dr. Leonard to testify at trial based on "facts" that were neither disclosed nor tested through discovery, and to which Oracle's experts have not had an opportunity to respond. That is improper.

In addition, Dr. Leonard is acting as a mouthpiece for late information conveyed by Google through Mr. Gold. Dr. Leonard did nothing to verify Google's accounting records. Although Dr. Leonard is not an accountant, he appears to have employed no accountants to examine Google's financial records. And the timing of the interview effectively prevented Oracle from examining and contesting the basis of Dr. Leonard's conclusions. The instant case is thus spoon-feeding at its worst because it involved uncorroborated (or even examined) statements from a biased witness after discovery closed.

By the time the Court rules on this motion, trial will be days away and the parties will be fully engaged in the final stages of trial preparation. Allowing additional depositions and supplemental reports on the very eve of trial is not a viable solution. Under Federal Rule of Civil

Procedure 37(c)(1), preclusion of late-disclosed evidence is appropriate if a party "disrupt[s] [] the schedule of the court and other parties." *Tamburri v. SunTrust Mortgage, Inc.*, No. 11-CV-02899-JST, 2013 WL 3152921, at *2 (N.D. Cal. June 19, 2013) (quoting *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005)).  In this phase, as in the first phase of the trial, the Court "established a system for exchanging expert reports that placed a full up-front disclosure duty upon the party with the burden of proof on a given issue" that "contemplated a narrowing of issues through the service of opening, then opposition, then reply reports (if at all), similar to the order of proof at trial or the examination of a particular witness at trial." ECF No. 622 at 4.  The system "was designed to forestall 'sandbagging' by a party with the burden of proof who wishes to save its best points for reply, when it will have the last word, a common litigation tactic." *Id*.  Under the circumstances here, the Court should preclude Dr. Leonard's late-disclosed "evidence" regarding deductible expenses.

### III. DR. LEONARD'S BELATED SENSITIVITY TESTING SHOULD BE EXCLUDED

Dr. Leonard should have conducted a sensitivity analysis for his Kim model estimates prior to serving his opening report.  As Prof. Kearl testified, without such an analysis Dr. Leonard could not show that the assumptions underlying his estimates are reliable.  Ex. 3 (3/23/16 Kearl Depo.) 104:3-106:6.  It is too late for him to provide one now.  Google bears the burden of proving apportionment and its expert was required to present all of his analyses and evidence in the opening reports so Oracle would have an opportunity to fully respond.  *See* ECF No. 622 at 4.  Dr. Leonard's failure to do so denied Oracle this right.  Dr. Leonard has still not even provided the programs and data underlying his analyses required for any meaningful response.  It is too late to cure the prejudice this causes Oracle on the eve of trial.

### CONCLUSION

For the reasons stated above, Dr. Leonard should be precluded from testifying about or providing opinions based on previously undisclosed conversations with Mr. Gold or the sensitivity analysis set forth in paragraphs 24-28 and Exhibits 1a-1d to his Reply Report.

| | | |
|---|---|---|
| 1 | Dated: April 8, 2016 | Respectfully submitted, |
| 2 | | Orrick, Herrington & Sutcliffe LLP |
| 3 | | By: */s/ Annette L. Hurst* |
| 4 | | Annette L. Hurst |
| 5 | | Counsel for ORACLE AMERICA, INC. |