ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**[PROPOSED] ORDER GRANTING ORACLE'S MOTION IN LIMINE #7 REGARDING REPLY REPORT OF GOOGLE'S DAMAGES EXPERT, DR. GREGORY LEONARD**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

This Court has read and considered Plaintiff Oracle America, Inc.'s Motion in Limine #7 Regarding the Reply Expert Report of Google's Damages Expert Dr. Gregory Leonard, and any Opposition thereto and Reply in support thereof, and any and all additional supporting papers.

Based thereon [and on statements made by counsel at the hearing on the Motion], IT IS HEREBY ORDERED THAT Oracle's Motion is GRANTED.

Portions of Dr. Leonard's analysis, opinions, and conclusions are stricken and his testimony on those matters excluded under Federal Rule of Civil Procedure 37 because they are based on new evidence and analysis disclosed for the first time in his Reply Report, yet are used to support opinions on expense deductions and apportionment on which Google bears the burden of proof.

Specifically, Dr. Leonard's analysis, opinions, conclusions, and testimony regarding previously undisclosed conversations with Mr. Gold are excluded in their entirety because Dr. Leonard failed to disclose this information in his opening report.  Dr. Leonard uses this information to support Google's expense deductions, which Google bears the burden of proving.

Dr. Leonard's sensitivity analysis set forth in paragraphs 24-28 and Exhibits 1a-1d to his Reply Report are excluded because Dr. Leonard failed to include this analysis in his opening report.  Dr. Leonard uses this information to support his apportionment analysis on which Google also bears the burden of proof.

IT IS SO ORDERED.

_____
THE HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE