# Exhibit 1

Page 206

1  one quick follow-up.
2              FURTHER EXAMINATION
3  BY MS. HURST:
4      Q.  You've talked about an output produced by
5  complements.
6          Does that sometime involve the
7  possibility that two inputs will create synergies
8  that is more than the sum of their parts?
9      A.  Sure.
10     Q.  And so, for example, if you have input J
11 and input A, and the resulting product is J plus A,
12 plus synergies, then by combining the two inputs
13 you've created more value --
14         MR. RAGLAND:  Objection to form.
15     Q.  (By Ms. Hurst) -- is that right?
16     A.  Correct.
17     Q.  Is it true that the use of non-infringing
18 alternatives allows the infringer to retain the
19 value of the synergies, under those circumstances?
20         MR. RAGLAND:  Objection to form.
21         THE DEPONENT:  That's a -- an interesting
22 question.
23         The -- the fundamental problem is that if
24 you have synergies, they're attributed to the
25 jointness and, therefore, you can't parcel out the

Page 207

1  contribution of any single thing to the synergy, at
2  least not easily.  The -- and to the degree that a
3  counterfactual -- claim to do that, then it
4  would -- you know, then -- then it would be
5  claiming too much.
6          It's -- it's a hard question because it's
7  unclear what -- what the -- the counterfactual
8  implies about -- about the synergy.
9          I don't have anything else to say from
10 that.
11         MS. HURST:  Let me ask one follow-up.
12     Q.  (By Ms. Hurst)  Is there anything about
13 Dr. Leonard's use of the Kim model that attempts to
14 account for and allocate synergies as between the
15 input Java and the rest of the -- the Android
16 platform?
17         MR. RAGLAND:  Objection to form.
18         THE DEPONENT:  No.
19         MS. HURST:  No further questions.
20         MR. COOPER:  Okay.  For clarity, I take
21 it the deposition is over?
22         MS. HURST:  From my perspective, you bet.
23         MR. COOPER:  Okay.
24         MR. RAGLAND:  That is correct.
25         MR. COOPER:  Okay.  Thank you.

Page 208

1          THE VIDEOGRAPHER:  This concludes the
2  testimony given by Dr. James Kearl.  The three
3  original discs will be retained by Veritext.  We're
4  off the record at 3:23 p.m.
5          (TIME NOTED:  3:23 p.m.)
6
7
8
9              ---o0o---

Page 209

1      I, Rebecca L. Romano, a Certified Shorthand
2  Reporter of the State of California, do hereby certify:
3      That the foregoing proceedings were taken before me
4  at the time and place herein set forth; that any
5  witnesses in the foregoing proceedings, prior to
6  testifying, were administered an oath; that a record of
7  the proceedings was made by me using machine shorthand
8  which was thereafter transcribed under my direction;
9  that the foregoing transcript is true record of the
10 testimony given.
11     Further, that if the foregoing pertains to the
12 original transcript of a deposition in a Federal Case,
13 before completion of the proceedings, review of the
14 transcript [ ] was [X] was not requested.
15     I further certify I am neither financially
16 interested in the action nor a relative or employee of
17 any attorney or any party to this action.
18     IN WITNESS WHEREOF, I have this date subscribed my
19 name.
20
21 Dated:  March 24, 2016
22
23
           Rebecca L. Romano, RPR,
24            CSR. No 12546
25