ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br>    Plaintiff, <br>    v. <br><br>GOOGLE INC., <br><br>    Defendant. | Case No. CV 10-03561 WHA <br><br>**ADMIN. MOT. TO FILE UNDER SEAL RE ORACLE'S RESPONSE TO ECF NO. 1598** <br>Dept.: Courtroom 8, 19th Floor <br>Judge: Honorable William H. Alsup |

1    Plaintiff Oracle America, Inc. ("Oracle") hereby moves to file portions of Oracle's
2  Response to ECF No. 1598 ("Response") under seal pursuant to Civil Local Rules 7-11 and 79-5.
3    The Order Approving Stipulated Protective Order Subject to Stated Conditions entered in
4  this case, ECF No. 68, states that when material has been designated as "CONFIDENTIAL" or
5  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," a party may not file it in the
6  public record, but must seek to file it under seal pursuant to Civil Local Rule 79-5.  Stipulated
7  Protective Order § 14.4, ECF No. 66.
8    Google Inc. ("Google") has designated certain materials discussed in Oracle's Response
9  as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"
10 pursuant to the Protective Order.  Therefore, Oracle moves to seal the following portions of its
11 Response that have been so-designated by Google pursuant to the Protective Order:

| Page/Line Number | Text to be Sealed |
|---|---|
| p. 5, lines 11-12 | Text within the parenthetical after the citation to Astrachan Depo. |
| p. 6, lines 9-11 | Text within the parenthetical after the citation to Rubin 4/5/11 Depo. |
| p. 6, lines 22-24 | Text within the parenthetical after the citation to Rubin 4/5/11 Depo. |
| p. 7, lines 13-14 | Text within the parenthetical citations reflecting the identity of the presentation recipients |
| p. 7, lines 15-16 | Text within quotations after "it:" |
| p. 7, line 22 | Text within the citation parentheticals |
| p. 8, lines 22-24 | Text after the word "market" on line 22 |
| p. 10, lines 3-4 | Text after "*Id*." on line 4 |

    In addition, Oracle moves to seal two recent revenue figures cited in Oracle's Response at page 6, lines 4-5.  Oracle's requested order is narrowly tailored to reach only a very limited amount of commercially sensitive information.  As set forth in the Declaration of Andrew Temkin, the limited information Oracle seeks to seal is competitively sensitive information that Oracle maintains in confidence.  Oracle respectfully submits that the risk of competitive injury to Oracle constitutes a compelling reason to grant Oracle the narrowly tailored relief requested.  *See, e.g., Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1181 (9th Cir. 2006) (setting

standard); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 U.S. Dist. LEXIS 15825, at *5 (N.D. Cal. Feb. 9, 2016) (granting motion to seal confidential revenue data) (citing *inter alia Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (holding access to court records has been denied when it includes "sources of business information that might harm a litigant's competitive standing.").

Dated: April 11, 2016

KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON
Orrick, Herrington & Sutcliffe LLP


By: ___/s/ *Andrew D. Silverman*___

Attorneys for Plaintiff
ORACLE AMERICA, INC.