| | |
|---|---|
| 1 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | KAREN G. JOHNSON-MCKEWAN (SBN 121570) |
| 2 | kjohnson-mckewan@orrick.com |
| | ANNETTE L. HURST (SBN 148738) |
| 3 | ahurst@orrick.com |
| | GABRIEL M. RAMSEY (SBN 209218) |
| 4 | gramsey@orrick.com |
| | 405 Howard Street, San Francisco, CA 94105 |
| 5 | Tel: 1.415.773.5700 / Fax: 1.415.773.5759 |
| | PETER A. BICKS (*pro hac vice*) |
| 6 | pbicks@orrick.com |
| | LISA T. SIMPSON (*pro hac vice*) |
| 7 | lsimpson@orrick.com |
| | 51 West 52nd Street, New York, NY 10019 |
| 8 | Tel: 1.212.506.5000 / Fax: 1.212.506.5151 |
| 9 | BOIES, SCHILLER & FLEXNER LLP |
| | DAVID BOIES (*pro hac vice*) |
| 10 | dboies@bsfllp.com |
| | 333 Main Street, Armonk, NY 10504 |
| 11 | Tel: 1.914.749.8200 / Fax: 1.914.749.8300 |
| | STEVEN C. HOLTZMAN (SBN 144177) |
| 12 | sholtzman@bsfllp.com |
| | 1999 Harrison St., Ste. 900, Oakland, CA 94612 |
| 13 | Tel: 1.510.874.1000 / Fax: 1.510.874.1460 |
| | ORACLE CORPORATION |
| 14 | DORIAN DALEY (SBN 129049) |
| | dorian.daley@oracle.com |
| 15 | DEBORAH K. MILLER (SBN 95527) |
| | deborah.miller@oracle.com |
| 16 | MATTHEW M. SARBORARIA (SBN 211600) |
| | matthew.sarboraria@oracle.com |
| 17 | RUCHIKA AGRAWAL (SBN 246058) |
| | ruchika.agrawal@oracle.com |
| 18 | 500 Oracle Parkway, |
| | Redwood City, CA 94065 |
| 19 | Tel: 650.506.5200 / Fax: 650.506.7117 |
| 20 | *Attorneys for Plaintiff* |
| | ORACLE AMERICA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>        Defendant. | Case No. CV 10-03561 WHA<br><br>**DECLARATION OF ANDREW TEMKIN IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO SEAL, ECF NO. 1583**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

I, Andrew Temkin, declare and state as follows:

1. I am an attorney employed by Oracle America, Inc. ("Oracle"). My current title is Senior Corporate Counsel. One of my responsibilities is supervising Oracle's outside counsel with respect to litigation matters, including Oracle's lawsuit against Google. I am familiar with Oracle's policies and business practices, including what information Oracle considers confidential and does not disclose to the public.

2. I submit this declaration pursuant to Civil Local Rule 79-5 in connection with Google's Administrative Motion to File Under Seal, ECF No. 1583. I have personal knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

3. Google has submitted Dr. Kearl's Corrected March 18, 2016 Report in connection with its Motion to Strike Dr. Kearl's Report, see ECF No. 1583-6. As set forth in my declaration of March 28, 2016 (ECF No. 1577), Dr. Kearl's Corrected Report contains confidential financial information constituting Oracle's Designated Material under the Protective Order. The last two sentences of paragraph 92 of Dr. Kearl's report reflect actual and projected Java ME revenues in 2015. Oracle's annual revenue information for specific lines of Java business is confidential and has always been treated as such. Oracle does not disclose annual revenue information for Java ME to the public and restricts knowledge of this information within Oracle to a subset of persons who need the information for their business operations. Disclosure to the public and to Oracle's competitors of recent annual revenue information could harm Oracle by giving competitors insight into competitive information that would otherwise remain confidential. Similarly, Dr. Kearl's projection for 2015 Java ME revenue, if disclosed to the public, would permit competitors to calculate actual Java ME revenues. Accordingly, Oracle requests that actual and projected Java ME revenues reflected in paragraph 92 remain under seal. Oracle submits that the risk of competitive harm that would be created by public disclosure of this information amounts to a compelling reason to grant Oracle the narrow sealing order requested herein.

4. Exhibit 6 to Dr. Kearl's report reflects actual and projected Java ME licensing revenue for each year from 2009 to 2015. For the reasons discussed above, Oracle requests that

such data remain under seal for the years 2014 and 2015.  In addition, Exhibit 6 reflects data regarding incremental expenses for Oracle's Java ME business.  This information is confidential and has always been treated as such.  Oracle does not disclose incremental expenses for Java ME to the public and restricts knowledge of this information within Oracle to a subset of persons who need the information for their business operations.  Disclosure to the public and to Oracle's competitors of this information could harm Oracle by giving competitors insight into competitive information that would otherwise remain confidential.  Accordingly, Oracle requests that incremental expense information for 2014 and 2015 remain under seal.   Oracle submits that the risk of competitive harm that would be created by public disclosure of this information amounts to a compelling reason to grant Oracle the narrow sealing order requested herein.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of April, 2016, at San Francisco, CA.

_____
Andrew Temkin