# REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **ORACLE'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE #1 REGARDING OPENJDK** <br><br> Date: April 14, 2016 at 8:00 am <br> Dept.: Courtroom 8, 19th Floor <br> Judge: Honorable William H. Alsup |

After steadfastly claiming for years that it could never adopt OpenJDK, Google launched an about-face strategy after the close of fact discovery in the remanded case.  The approach is designed to confuse the jury into believing that Google had consent for Android because there was an open-source alternative, even though Google repeatedly rejected it.  Google also misrepresents the nature and meaning of the license terms.[1]  Oracle filed its Motion to put a stop to this misleading and prejudicial strategy.  In response, Google offers *other* justifications for referencing OpenJDK, two of which (publication and consent) are more slippery impropriety than ever, and one of which (fragmentation) was not even the subject of the Motion.  Google should be precluded from offering evidence or argument (1) that Google could have used OpenJDK for Android versions through Marshmallow (the only versions at issue in this trial), ECF Nos. 1488, 1506, and that Google is supposedly using OpenJDK in future Android versions, (2) misrepresenting the terms of the GPLv2-CE license, (3) that the existence of OpenJDK justifies Google's use even though it did not comply with that license, and (4) that OpenJDK supports fair use for any reason other than "fragmentation," the only reason Google actually disclosed in discovery.

I.      **REFUTED COUNTERFACTUALS MUST BE EXCLUDED.**

*Joiner* and *Kumho Tire* prevent a party from using an expert as a mouthpiece for theories that cannot be sustained by the evidence in the case.  *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 152 (1997) (requiring opinion to "fit" the facts); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 154 (1999) (requiring reliability as to "the particular matter").  Counterfactuals that are refuted by the record evidence are demonstrably improper.  *Concord Boats Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000).  The idea that Google could have used OpenJDK for any version of Android through Marshmallow is an improper counterfactual.  Google affirmatively rejected it. *See, e.g.*, TX154; ECF 1608-2 (Swetland Depo.) 139:3-8; ECF 1563-19 (Bloch Depo.) 206:8-21.

Google cites no evidence to support the notion that it would have adopted OpenJDK at any time before its announcement on December 24, 2015.  Instead, Google tries to undermine

---

[1] Relevant portions of OpenJDK are released under the GNU Public License Version 2 with Classpath Exception. Mot. 2. Google attempts to confuse by referring to a "Classpath License." There is no such thing. There are two added paragraphs at the end of GPLv2 that create an exception for distribution of binary executable class libraries; that's why it's called the Classpath *Exception*. This exception is inapplicable to *Google's* distribution of Android *source code*.

*some* of the cited evidence by misrepresenting its contents or proffering strained interpretations. For example, Google claims that a November 13, 2006 email demonstrating that Google understood exactly which license was at issue before it made its decision to reject OpenJDK relates only to Java ME. Opp. 7-8. But the face of the document refers to "GPL2+Classpath exception for the SE libraries." ECF No. 1566-5 (Ex. 13). Google also criticizes Oracle for relying on a separate email (Opp. 9 (discussing ECF No. 1566-5 (Ex. 17)), but *the author of the email testified that the suggestion of moving to OpenJDK was rejected because of licensing concerns*:

> Q. And why was -- why did you regard [using OpenJDK] a verboten topic?
>
> A. Because I'd heard it discussed before and quickly the discussions would always end with, you know, we can't do that. *Our partners can't use GPL code* other than the Linux kernel itself. (ECF 1563-19 (Ex. 18, Bloch Depo.) 208:8-21 (emphasis added)).

Google points to the recent deposition testimony of Mr. Ghuloum—a current Google employee and 30(b)(6) deponent—to attempt to show that OpenJDK is an acceptable alternative. Opp. 4. Google omits the fact that Mr. Ghuloum testified that he was *uncertain* whether OEMs would accept OpenJDK even today. ECF 1608-5 (Ghuloum Depo.) 58:17-21. And regardless, Mr. Ghuloum's beliefs about what OEMs would accept *today* is not relevant to what OEMs would have accepted in the markedly different commercial landscape of 2007, *see* Mot. 10, and cannot explain away the contemporaneous evidence of Google rejecting OpenJDK during the relevant time frame. Google's reliance on *other* parts of Android code as subject to GPL licenses (Opp. 4) is also of no consequence. Google's argument that Linux in Android is copyleft ignores its own public statements about GPL'd code (including Linux specifically) in Android, and also ignores that the 37 Java APIs are in *core libraries* and are critical to development on Android.

Google also tries to explain away evidence of its rejection of OpenJDK by claiming it was for issues other than licensing concerns. Opp. 9. But the record shows that Google's lawyers were carefully vetting OpenJDK at the time, as demonstrated by privilege log entries where advice was sought about this very issue.[2] For example, the log reflects an email exchange of Dec. 7,

---

[2] ECF No. 1385-1, Entries 858-860, 871, 877-878, 947, 1097-1100, 3510, 3547-3548, 3560-3561, 4376-4382, 4715, 4717-4719, 4721, 5850-5852, 10025-10029, 10034, 10044, 10076-10078, 12216, 13489-13494, 13500-13505, 13508-13510, 13552, 13563-13575, 13585-13590, 14186-14188, 14208, 14215-14218, 15578, 15814-15818, 21089, 29769, 29773-29774, 29789.

1  2009, seeking ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Entry 4715.  The Android people understood full well that they

3  *could not use* OpenJDK.  TX415 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4  ▮▮▮▮▮).  Having withheld these privileged documents supporting Oracle's position, Google

5  cannot argue the contrary.  *Chevron Corp. v. Penzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).

6  There is no evidence that Google could have used OpenJDK in any version of Android

7  through Marshmallow.  Google's production of an uninformed 30(b)(6) witness, a single email

8  dated November 2015 announcing a change after rejecting OpenJDK in Android for 8 years, and

9  work-in-progress source code does not amount to evidence that Google could have used Open-

10 JDK in all 40 major and minor releases of Android since 2007.  Google's experts and attorneys

11 should be precluded from presenting speculation to the contrary.

12 **II.    GOOGLE'S NEW FAIR USE ARGUMENTS SHOULD BE EXCLUDED.**

13 Google argues for *new* grounds of relevance of OpenJDK to fair use that were not

14 previously disclosed: publication and consent.  Opp. 4-5.  Oracle propounded an interrogatory

15 asking for a complete explanation of Google's theory of fair use.  ECF 1566-5 (Ex. 21), No. 40.

16 In its response, Google referred to OpenJDK for a sole proposition: that Google's infringement

17 did not harm the market under factor four because OpenJDK "enabled the fragmentation of the

18 Java SE." *Id.*  As noted, Oracle does not seek to preclude this theory.  But Google now tries to

19 add two theories never before disclosed: that publication in OpenJDK is relevant to factor two,

20 and that OpenJDK somehow shows Oracle's "consent" to Google's infringement.   These

21 attempts to expand Google's fair use defense beyond its disclosures are improper.  *Calhoun v.*

22 *United States*, 591 F.2d 1243, 1246 (9th Cir. 1978); ECF No. 110 at 7:5-20 (transcript); *Doe v.*

23 *Reddy*, No. C 02-05570 WHA, 2004 U.S. Dist. LEXIS 30792, *14-15 (N.D. Cal. Mar. 24, 2004).

24 **Factor Two.**  Google's new argument that OpenJDK must be considered as part of the

25 "nature of the work" fails to advance its argument.  The Java API Specification was widely

26 published and disseminated *in books and online* long before OpenJDK.  *See* https://web.archive.

27 org/web/20061106235419/http://java.sun.com/j2se/1.5.0/docs/api/.  The fact that an unpublished

28 work is entitled to a much higher degree of protection than a published one, *Harper & Row*

1  *Publ'rs, Inc. v. Nation Enters.*, 471 U.S. 539 (1985), tells us nothing about the necessity of
2  mentioning OpenJDK when the work was already long since widely disseminated.  Moreover,
3  *Harper & Row* explains that "[i]t is fundamentally at odds with the scheme of copyright to accord
4  lesser rights in those works that are of greatest importance to the public." *Id*. at 559.  To accord a
5  *published* work less protection merely because it is published would be at odds with this mandate.

6  **"Consent."**  Oracle noted its concern that Google would ignore the license restrictions and
7  tell the jury it had the right to use the declaring code and SSO because of OpenJDK, just as
8  Google told the Court at the tutorial.  Mot. 7.  Rather than assure the Court that it does not intend
9  to mislead, Google doubles down and makes clear that is *exactly* what it plans to do.  Taking a
10 truly remarkable (and previously undisclosed) position, Google asserts that "[t]he jury is entitled
11 to consider evidence that Sun voluntarily *did* consent to use of the declarations/SSO," and that
12 Sun's release of OpenJDK "is compelling evidence that it was reasonable for Google to use the
13 declarations/SSO."  Opp. 4-5.  However, Google conceded that it is not pursuing an express
14 license defense, and the Court rejected its implied license defense.  ECF Nos. 1203, 1456.
15 Assertions of "consent" because Sun offered a *license* for parties who wished to copy Sun's code
16 are nothing more than an obvious attempt to confuse and mislead the jury.

17 Sun's decision to release a *licensed* version of the 37 Java API Packages in order to
18 promote a dual licensing model does not give Google—or anyone else—carte blanche to ignore
19 the restrictions of that license and violate Sun's copyrights.  As the Federal Circuit recognizes,
20 open-source "licenses have been designed to provide creators of copyrighted materials a means *to*
21 *protect and control their copyrights*."  *Jacobsen v. Katzer*, 535 F.3d 1373, 1378 (Fed. Cir. 2008)
22 (emphasis added).  Allowing Google to argue that Sun *consented* to illegal copying because Sun
23 licensed software to others would render those licenses (and the copyright) meaningless.

24 **Factor Four.**  Google's OpenJDK argument on factor four should be limited to claiming
25 that Sun fragmented itself, as that is all that it disclosed in its interrogatory response.  *Supra* 3.
26 Moreover, no Google economist offered an opinion for the fourth factor of fair use.  As Google's
27 own open-source expert acknowledged, dual-licensing is common.  ECF No. 1566-2 ¶¶ 75-77.
28 And it is undisputed that Sun/Oracle continued to earn significant license revenue from Java SE

after releasing OpenJDK.  Thus, Google's mere supposition that OpenJDK harmed potential markets is of no moment.  *See Monge v. Maya Magazines, Inc*., 688 F.3d 1164, 1181 (9th Cir. 2012) (affirming summary judgment ruling that factor four weighed against fair use, noting that defendant "[did] not offer any evidence of the relevant market or the lack of market harm from its publication other than broad, unsubstantiated statements in its brief").

### III.   HALL'S CONTRACT INTERPRETATIONS SHOULD BE EXCLUDED.

In his Opening Report describing Android's use of OpenJDK, Mr. Hall ignores all provisions of the GPLv2-CE license except the Classpath Exception, and concludes that Android's use of OpenJDK is permissible.  ECF No. 1566-2.  The only evaluation that Hall performed relates to the legal propriety of Google's December 2015 publication of beta code purporting to implement OpenJDK, yet he casts that evaluation backwards in time to 2007.  *Id.* ¶¶ 2, 27.  Google failed to address Oracle's arguments that (1) Hall's evaluations and opinions are improper legal testimony, (2) Hall's failure to investigate the true facts regarding Google's decision not to use OpenJDK in 2007 was improper under *Monotype Corp. PLC v. Int'l Typeface Corp*., 43 F.3d 443, 449 (9th Cir. 1994), and (3) Hall lacks specialized knowledge to discuss open-source due diligence as of the relevant 2007 time period.  Hall should be precluded from testifying about his interpretation of the GPLv2-CE and how it applies to Android, either now or in 2007.

Having failed to rebut Oracle's arguments, Google shifts ground and offers Hall as a "background" witness.  Opp. 9-10.  General background on open-source licensing is of limited probative value and a prejudicial waste of time.  Finally, Google concedes that Hall actually "offers a *technical* opinion regarding the linking done by OEMs and developers."  Opp. 10.  But Hall is not a technical *expert* and has no specialized knowledge relating to Java.  *See* Mot. 12.

### CONCLUSION

For the foregoing reasons, the Court should grant Oracle's motion in limine and also further preclude Google from presenting evidence, testimony, or arguments at trial that were not properly disclosed by Google during discovery.

Dated: April 13, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Annette L. Hurst*
    Annette L. Hurst

Counsel for ORACLE AMERICA, INC.