ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br>    v.<br><br>GOOGLE INC.<br><br>        Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S REPLY IN SUPPORT OF MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF APACHE, APACHE HARMONY, AND GNU CLASSPATH**<br><br>Hearing: April 27, 2016 at 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Google's response confirms that evidence of Apache Harmony would create a mini-trial on a sideshow topic already proven to confuse a jury. Google does not dispute that the evidence of Apache would create a mini-trial, and Google barely contests that evidence of Apache is confusing. More to the point, Google states that "Oracle is free to introduce evidence of its current position that Apache Harmony was a copyright infringer not shielded by principles of fair use." Opp. 3. That is the problem: This case is not about whether *Apache's* copying was fair use; it is about whether *Google's* copying is fair use. That should be the focus of the trial.

## I. APACHE HARMONY EVIDENCE WILL AGAIN LEAD TO JURY CONFUSION AND IS UNDULY CONSUMPTIVE OF LIMITED TRIAL TIME

Apache Harmony was a huge sideshow in the first trial—mentioned every day, more than 600 times across 14 witnesses, resulting in substantial jury confusion. Mot. 3-4. Google's only responses to the jury's confusion are to quibble with the number of questions that the jury asked about Apache—Google says that some of the jurors' sixteen questions shouldn't count—and to contend that any confusion dissipated by the end of trial. Opp. 4. That was not this Court's view during the charging conference when it openly worried about jury confusion and added a jury instruction to try to address the jury's confusion after the fact. Mot. 4 (quoting Tr. 2422:1-14). With the benefit of hindsight, the Court should nip any possible jury confusion in the bud now.

Google does not dispute that evidence of Apache Harmony would require a time-consuming mini-trial. Rather, Google protests that some of the evidence regarding Apache at the first trial was offered by Oracle. Opp. 3-4. That is because Oracle needed to explain why Google's spin on Harmony is wrong—and will need to again unless its motion is granted. Google claims that the Apache story bolsters its fair use defense if (1) Apache copied Oracle's declaring code (2) without a license and (3) with Sun's approval. Opp. 5.[1] These three issues alone require a mini-trial, where Google would have to prove each of these elements and Oracle would have to refute them. Indeed, comparing the factual statement in Oracle's brief and the version in Google's opposition demonstrates that a mini-trial is inevitable unless the Court intervenes.

As explained (Mot. 1-2), Apache created Harmony pursuant to the Specification License,

---

[1] The legal flaws in Google's argument are explained below. *Infra* 4.

- 1 -

ORACLE'S REPLY IN SUPPORT OF MIL #2
REGARDING APACHE, APACHE HARMONY,
& GNU CLASSPATH

under which the licensee can use Oracle's declaring code and write its own implementing code under certain restrictions. Google portrays the Specification License as unrelated to declaring code, Opp. 1-2, but Google provides no explanation of what else the provision to "create and/or distribute an Independent Implementation of the Specification" could mean, TX 610.1 ¶ 2. As Google's expert explained: Creating an "Independent Implementation of the Specification" means copying the "method declaration elements" (i.e., declaring code) but writing new implementing code. ECF No. 1563-4 (Astrachan Op. Rpt.) ¶ 80; *accord* Tr. 2229:17-19 (Reinhold).

The Specification License permits a potential licensee "to create and/or distribute an Independent Implementation" that, *inter alia*, "passes the TCK." TX 610.1 ¶ 2. Google states that Harmony is an "independent implementation," Opp. 1, 2, 3, which means, by the terms of the Specification License, it had to pass the TCK before Apache could distribute it. Nevertheless, Google argues Apache did not need to pass the TCK to distribute its implementation, "only … to call Apache Harmony Java compatible." Opp. 2. Google's argument is contrary to the license terms and testimony from a member of Sun's licensing strategy team that "a licensee was required to pass the TCK, even if they didn't want to use the Java brand." Tr. 2307:11-14 (Gupta).[2]

Google claims that "Oracle cites no sworn testimony or document in support of its assertions regarding the alleged consequences of distributing Apache Harmony without taking the TCK—*only the specification license itself*." Opp. 2. It is a strange criticism that Oracle's license interpretation is based on the license's text. Moreover, Oracle *did* cite Google's internal email stating that the TCK license's field-of-use restrictions "prevent Apache Harmony from independently implementing Java SE … not to mention Android (though that's water under the bridge at this point)." Mot. 6 (quoting TX 405). Google never mentions this document, much less rebuts that it proves that Google knew that Harmony was not licensed and could not be distributed.

Google, for its part, does not base its argument on the Specification License but rather on several statements of Sun's one-time-CEO Jonathan Schwartz. Google cites to testimony from the then-terminated Schwartz about his understanding of the Apache dispute, Opp. 2, but Google

---

[2] Mark Reinhold's email (Opp. 2) speculating that Google would not be affected by changes to the TCK because Google does not claim compatibility has anything to do with the Specification License or whether Apache could distribute Harmony.

1  omits that Mr. Schwartz testified that he was only "somewhat" familiar with the Specification Li-
2  cense and that his testimony was not "about Sun's legal position" but rather its "business strate-
3  gy." Tr. 2013:22-2014:18. Google also highlights a single sentence from an article quoting Mr.
4  Schwartz as saying "there is no reason that Apache cannot ship Harmony today." Opp. 1 (quot-
5  ing TX 2341). But Google ignores the next sentence: "That is technically true but Apache offi-
6  cials said that to do so with the TCK restrictions in place would actually go against the Apache
7  Software license." TX 2341. "The TCK restrictions" are explained in the sentence preceding
8  Google's quote, which Google also omits: "Apache said certain fields of use restrictions regard-
9  ing the TCK were *preventing it from adopting Sun's technology* for use in Harmony." *Id.* That
10 context is critical: Sun offered Apache a TCK license with field-of-use restrictions, and so while
11 Apache could have shipped Harmony *if* it had accepted those restrictions and passed the TCK
12 test, Apache refused the TCK license and the compatibility testing and therefore could not ship.

Finally, though Google does not dispute that Sun fought Apache by refusing to grant it a TCK license without field-of-use restrictions, Google contends that Oracle "back[ed]" and "support[ed]" Apache. Opp. 1. Google points to an "open letter" to Sun signed by companies, including Oracle, *id.* 3-4 (citing TX 2347), but Google tacitly concedes that the letter did not say that Apache could copy without a license; rather it "implore[d] Sun to *provide* Apache with an unrestricted *license*." *Id.* at 1. Urging Sun to grant Apache a license does not demonstrate that Apache could distribute Harmony without that license. It shows the opposite. Moreover, the letter explains that the TCK's restrictions "effectively prevent Apache from using the JCK." *Id.*[3]

In short, the Apache story is a complex one, and using Harmony to show that unlicensed copying, like Google's, was accepted is both inaccurate and would require a lengthy mini-trial.

## II.   EVIDENCE OF APACHE IS IRRELEVANT AND IS OTHERWISE OUTWEIGHED BY PREJUDICE, CONFUSION, AND UNDUE CONSUMPTION OF TIME

Google does not dispute Oracle's showings (Mot. 5-7) that Apache Harmony is irrelevant to factor one (commerciality) and to Google's equitable defenses—even expressly admitting in

---

[3] Google points to IBM using Harmony. Opp. 3. But "IBM always had its own separate license with Sun." IBM 30(b)(6) Depo. 132:4-12. Moreover, *IBM* merely *demonstrating* Harmony at a Java conference hardly shows *Sun's endorsement* of *commercial copying*.

- 3 -

ORACLE'S REPLY IN SUPPORT OF MIL #2
REGARDING APACHE, APACHE HARMONY,
& GNU CLASSPATH

the context of its equitable defenses that Google "does not offer this evidence to argue a waiver." Opp. 4-5. Google should be held to these concessions. As for the bases for relevance Google does raise, each fails. And, significantly, even if Google demonstrated that there was *some* relevance, the probative value would be far outweighed by the prejudice it would cause Oracle.

***Reasonableness.*** Google argues that the Ninth Circuit has "held" that "fair use is appropriate where a reasonable copyright owner would have consented to the use, i.e., where the custom or public policy at the time would have defined the use as reasonable." Opp. 4-5 (quoting *Wall Data Inc. v. L.A. Cnty. Sherriff's Dep't*, 447 F.3d 769 (9th Cir. 2006)). But *Wall Data* held no such thing. The quote Google relies on is pure dicta that, if applied as Google urges, would be inconsistent with the Supreme Court's and Federal Circuit's statements that fair use must be determined in light of the statutory factors. *See* Mot. 5. *Wall Data* does *not* state that reasonableness is the test, but rather that courts should "bear [it] in mind" when balancing the four statutory factors. 447 F.3d at 778. Reasonable, custom, and standard refer "to the doctrinal underpinnings of fair use in a sort of 'hypothetical consent' by a rational author to a particular kind of use, … not to suggest that in determining whether a use is fair, one should look to the actual past conduct of the copyright owner to determine whether consent may be implied." *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., Int'l*, 533 F.3d 1287, 1308 n.23 (11th Cir. 2008).

Moreover, Google ignores Oracle's argument (Mot. 6) that Harmony does not demonstrate a custom of permitting unlicensed copying of declaring code because Sun required a license, and Google knew that Harmony could not be distributed because it did not take a TCK license and pass the TCK. This is the opposite of evidence of custom. *See Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 924 (2d Cir. 1994) (rejecting defendant's "reasonable and customary practice" argument because there were "licensing arrangements" available to defendant). Google also does not dispute that its "custom" evidence would spawn mini-trials about Sun/Oracle's enforcement actions, causing prejudice far exceeding any minimal probative value. Mot. 6.

***Factor Four.*** Google's new arguments are equally meritless. Google's two-sentence claim (Opp. 5) that Apache is relevant to factor four makes no sense (even apart from the factual inaccuracies discussed above (at 1-3)). Whether Sun *thought* non-commercial Harmony would

1  cause it market harm is irrelevant to whether Google's commercial use in Android caused harm to
2  the actual or potential market for or value of Java SE 1.4/5 and its derivatives.  Google cites no
3  authority that Sun's subjective views of the market effect of Harmony are legally relevant.

4  **"Copying."**  Google's three-sentence argument that Apache is relevant to "respond to
5  claims of copying by Oracle" also makes no sense.  The Court has already determined, and
6  Google has already agreed, that every version of Android at issue contains Oracle's copyrighted
7  declaring code and SSO.  ECF Nos. 1488 at 2, 1506 ¶ 5.  Google readily admits that "the question
8  of copying was resolved by the first jury."  Opp. 5.  The story of Apache Harmony neither chang-
9  es nor justifies Google's copying; its only purpose is to suggest, improperly, that Google's copy-
10 ing from an open-source project was somehow authorized.  *Cf.* Opp. 2 ("Google does not claim
11 that [obtaining the code from Apache] would give it a license ….").

### III. THE "APACHE LICENSE" ISSUE IS A RECIPE FOR JURY CONFUSION

13      Google should not be permitted to present evidence that it copied some implementing
14 code (not declaring code) from Apache Harmony under the Apache License.  Since such evidence
15 involves "a theory of the case that Google has never espoused," Opp. 6, the risk is that the evi-
16 dence would confuse the jury about whether Google had a license to the declaring code.

17      If the Court grants the rest of Oracle's motion, Oracle has no objection to Google intro-
18 ducing evidence "that it uses a permissive open source license to distribute Android."  Opp. 6.
19 Google need not call that license the Apache License to make its point, but if the rest of the evi-
20 dence on Apache is excluded, there will be less risk of prejudice or confusion by such a reference.

### IV. EVIDENCE REGARDING GNU CLASSPATH SHOULD BE EXCLUDED

22      Google complains that "Oracle says little about why GNU Classpath should be excluded."
23 But Oracle explained that it should be excluded for all "the same reasons as Apache Harmony."
24 Mot. 7.  Google does nothing to differentiate the two and provides no reason why GNU Classpath
25 is any more relevant than Harmony or why evidence of GNU Classpath is any less likely to undu-
26 ly consume trial time and lead to mini-trials regarding global Sun/Oracle enforcement actions.

### CONCLUSION

28      For the foregoing reasons, this Court should grant Oracle's motion in limine.

| | | |
|---|---|---|
| 1 | Dated: April 13, 2016 | Respectfully submitted, |
| 2 | | Orrick, Herrington & Sutcliffe LLP |
| 3 | | By: */s/ Lisa T. Simpson* |
| 4 | | Lisa T. Simpson |
| 5 | | Counsel for ORACLE AMERICA, INC. |