# REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **ORACLE'S REPLY IN SUPPORT OF MIL #6 RE: PROF. KEARL** <br><br> Date: April 27, 2016 at 8:00 am <br> Dept.: Courtroom 8, 19th Floor <br> Judge: Honorable William H. Alsup |

Prof. Kearl offers three disgorgement numbers, each of which the parties have moved to exclude: the "Oracle Number," the "Google Number," and the "Third Way."

For its part, Oracle moved to exclude the Google Number and the Third Way as entirely dependent upon non-infringing alternatives ("NIAs") and the Oracle Number insofar as it relies on NIAs. Mot. 4-5. Google moved to exclude the Oracle Number and the Third Way for insufficient evidence. Prof. Kearl's response to Oracle's motion largely justifies it. Google objects to Oracle's motion, apparently because Oracle would put an end to both Dr. Leonard and Prof. Kearl's violation of this Court's order against using NIAs, and Oracle would put an end to Google's cherry-picking of Prof. Kearl's opinions. While Oracle appreciates Prof. Kearl's effort in coming up with the Third Way, the opinion is based on an undisclosed and untested econometric model that cannot be countenanced under Federal Rule of Evidence 703. Prof. Kearl's opinions should be excluded.[1]

## I. PROF. KEARL'S RESPONSE CONFIRMS THAT NIAS VIOLATE THE STATUTE AND SHOULD BE EXCLUDED

As this Court suggested when it previously struck Google's use of NIAs in disgorgement, ECF 632 at 6-7, permitting use of NIAs undermines disgorgement's two goals of (1) ensuring the infringer does not benefit from the infringement and (2) deterring would-be infringers. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004). Prof. Kearl's algebra relating to "synergies" is proof of NIAs' pernicious effects in violation of § 504(b). Prof. Kearl demonstrates that NIAs *ensure* that an *infringer benefits* from its wrongful act. ECF No. 1621-3 (Kearl Resp. to Oracle MIL #6 ("K.Resp.")) at 6 (employing NIAs " ▮ " the counterfactual equation by subtracting the " ▮ " of the infringed input only, attributing any synergies to the infringer and none to the copyright owner, thereby leaving the infringer to profit from the synergies). Google claims that the concept of "synergies" is a "distraction" without relevance to this

---

[1] Google argues that Oracle incorrectly stated Prof. Kearl's damages opinion from *before the first trial*. *See* ECF No. 1623-1 (Google Resp. to Oracle MIL #6 ("G.Resp.")) at 1. Google is wrong. Prof. Kearl's report estimated damages based on a hypothetical license theory at 20% of gross Android revenues ▮ " which equates today to roughly $▮. ECF No. 850-6 (3/28/12 Kearl Rpt.) ¶¶ 104-05; ECF 1582-8 (Kearl Depo.) 174:23-177:3.

- 1 -

ORACLE'S REPLY IN SUPPORT OF
ORACLE'S MIL #6 RE: PROF. KEARL

1  case. G.Resp. 2-3. Not so. Prof. Kearl's discussion of synergies is an economic restatement of
2  the process of separating or apportioning in a situation, like here, where the defendant has "com-
3  mingled" infringing and non-infringing elements in a single product. *Harper & Row Publ'rs, Inc.*
4  *v. Nation Enters.,* 471 U.S. 539, 567 (1985). In short, when a product's infringing and non-
5  infringing elements combine to create value greater than the sum of their parts (i.e., a synergy),
6  apportionment becomes more difficult because the apportionment must be done in such a way as
7  to ensure that the infringer is not the one that retains the benefits of the synergy and thus benefits
8  from its wrongful act.[2]

9  Google's strategy to avoid the conclusion that NIAs violate the statute is to confuse.
10  Oracle's proposition was simple: Parties can perform technical experiments to assess the effect
11  of the infringing attribute on the overall product, but they cannot *replace* the infringing attribute.
12  Oracle addresses Google's argument in detail in its concurrently filed reply in support of its
13  motion regarding Dr. Leonard (at 1-3). In short, NIAs and but-for technical experiments simply
14  are not the same thing. Prof. Kearl recognized the line between the two, and noted that Dr. Leo-
15  nard crosses it: "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
16  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" ECF No. 1601-3
18  (Kearl Resp. to Oracle MIL #4) at 6.

19  ***Google Number.*** Prof. Kearl acknowledges that his Google Number is based on NIAs
20  and should be excluded if NIAs are impermissible, and that Dr. Leonard's three bottom-up
21  apportionment opinions should be too. K.Resp. 2. Prof. Kearl also concludes that the experts in
22  this case, including himself, lack the expertise to accurately measure damages using these three
23  apportionment theories. Specifically, Prof. Kearl states that the three previously discussed NIAs
24  assert that the "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25  ▓▓." ECF 1622-3 (Kearl Resp. to Google MTS) at 5. After noting that the parties disagree

---

[2] Prof. Kearl clarifies that he believes, as a theoretical matter, that counterfactuals (distinct from NIAs) permit economists to apportion synergies to avoid an infringer's retention of benefits. K.Resp. 3-4; *see* G.Rsp. 2. However, Oracle's point is the same: *In practice*, constructing and estimating such counterfactuals reliably and within the law—at least in this case—is very difficult, as evidenced by the experts' repeated failures. *See* ECF 1613-4 (Malack. Opp.) at 18-22.

1  about the magnitude of this reduction, he concludes that "███████████████
2  ████████████████████████████████████████████
3  ██████████████████████████." *Id.* at 6.

4  ***Third Way.***  Prof. Kearl's Third Way also relies on an NIA.  This approach goes beyond
5  positing a but-for world of non-infringement by positing Android's continued existence, requiring
6  *use of some unspecified NIA* (because without the infringement Android would not function).
7  Professor Kearl agrees that this is an "████████████" in his Third Way, and agrees if such
8  NIAs are impermissible, then both his opinion and Dr. Leonard's must be stricken.  K.Resp. 3.

9  ***Oracle Number.***  As explained (Mot. 4), Prof. Kearl reaches his $7.7 billion figure by
10  subtracting from Android's total profits (of $████████) the $██████ Prof. Kearl calculates
11  Google would have earned had it partnered with Apple.[3]

## II. PROF. KEARL'S USE OF THE KIM MODEL MUST BE EXCLUDED

13  Federal Rule of Evidence 703 requires that an expert's opinion be based upon facts
14  personally observed "or made known" to the expert.  Fed. R. Evid. 703.  While Rule 703 permits
15  expert opinion based on hearsay, it does not permit expert opinion based on *the unknown.*  The
16  Kim model does not satisfy this standard, because the facts—the data used to construct the
17  model—are not "known to" either Dr. Leonard or Prof. Kearl.  While Prof. Kearl's Third Way
18  tries to correct Dr. Leonard's erroneous assumptions in the Kim model, the fact remains that
19  neither expert can test the model or know its capabilities.  Prof. Kearl forthrightly acknowledges
20  this limitation: "████████████████████████████████████████
21  ████████████████████████████████" Kearl Rpt. ¶ 65 n.99.  As Prof. Kearl
22  notes: "██████████████████████████████████████████████
23  ████████████████████████████████████████████████
24  ██████████." ECF 1601-3 (Kearl Resp. to Party MILs) at 10-11.  The answer is that

---

[3] Google claims that Oracle's critique of Prof. Kearl's Oracle Number is an attempt to increase Mr. Malackowski's disgorgement number.  That is not so.  If Prof. Kearl's $██████ NIA-based deduction for Google partnering with Apple is stricken, Prof. Kearl's calculation must increase—whether Prof. Kearl endorses the number under those circumstances, Oracle has already expressed its doubts that the Court would condone it.  ECF 1625-3 (Oracle Resp. To Google MTS Prof. Kearl).  Prof. Kearl's calculation, whatever it is, is Prof. Kearl's calculation—not Oracle's.  Oracle does not propose to change Mr. Malackowski's calculation.

- 3 -

ORACLE'S REPLY IN SUPPORT OF
ORACLE'S MIL #6 RE: PROF. KEARL

1   Rule 703 prohibits such expert testimony because the bases of the opinion are not known to
2   anybody when the underlying data was not disclosed or tested.  *See, e.g.*, *Fosmire v. Progressive*
3   *Max Ins. Co.*, 277 F.R.D. 625, 629 (W.D. Wash. 2011).  To remedy Google's expert's failure to
4   obtain and produce the missing data, Oracle tried to contact Dr. Kim to request such a disclosure,
5   and she failed to respond.  She lives in Korea.  There is no way to obtain the data.

6   Prof. Kearl's Third Way should be excluded for the additional and independent reason
7   that the Kim model is a poor "fit" for this case, ECF 1554-4 (Oracle MIL #4) at 5-7, as Prof.
8   Kearl himself recognizes, K.Resp. 3.  *See Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1332
9   (Fed. Cir. 2014) (reversing admission of expert opinion based on theorem when expert did not
10  establish "that the premises of the theorem actually apply to the facts of the case at hand").

11  First, the Kim model focuses on the wrong time period—the post-2010 world when
12  Android had already "                    " GOOGLE-26-00025769 at 770.  Prof. Kearl
13  acknowledged this major problem: "
14
15
16                          ."  ECF 1601-3 (Kearl Resp. to Party MILs) at 9.  The model therefore does
17  not even address the question it seeks to answer: how much Android's market share would be
18  reduced had it launched without the 37 API packages.  *See In re Live Concert Antitrust Litig.*, 863
19  F. Supp. 2d 966, 980 (C.D. Cal. 2012) (expert opinion unreliable because expert excluded
20  relevant time period from data set, thereby not accounting for "fundamental change in
21  marketplace dynamics"); *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 743 (3d Cir. 1994) ("Rule
22  702's helpfulness standard requires a valid scientific connection to the pertinent inquiry as a
23  precondition to admissibility.  For example, in order for animal studies to be admissible to prove
24  causation in humans, there must be good grounds to extrapolate from animals to humans, just as
25  the methodology of the studies must constitute good grounds to reach conclusions about the
26  animals themselves." (quotations marks omitted)).

27  Second, Prof. Kearl (and Dr. Leonard) uses the model to posit a counterfactual world of
28  non-infringement, yet the model uses post-2010 data that is *affected by* the infringement.  This is

- 4 -                                    ORACLE'S REPLY IN SUPPORT OF
                                         ORACLE'S MIL #6 RE: PROF. KEARL

1  also a huge problem; it is like an antitrust economist trying to benchmark while using only data
2  that was affected by the conspiracy. *Cf. Live Concert Antitrust Litig.*, 863 F. Supp. 2d at 980.
3        Third, as Prof. Kearl concludes, the model seeks to answer the wrong question. For ex-
4  ample, Dr. Leonard's use of it "f█████████████████████████," and hence does not
5  address the point that the 37 API packages "███████████████████████████████
6  ██████████████████" thus permitting Android to succeed during the small window of opp-
7  ortunity. Kearl Rpt. ¶ 65; *see also* ECF 1625-3 (Oracle Resp. to Google MTS Prof. Kearl) at 3.
8        The Kim model should be excluded. If it is deemed admissible, it should only be admitted
9  if Prof. Kearl's corrections are implemented. *See id.*

10 **III.  PROF. KEARL'S TAC DEDUCTIONS SHOULD BE EXCLUDED**

11       Prof. Kearl acknowledges that he could not evaluate the parties' positions on deduction of
12  expenses, saying that it is a factual issue and that he will adjust his analysis accordingly. K.Resp.
13  6-7. Google had the burden of proof on its own deductible expenses, had access to all the data it
14  needed, and was ordered by the Court to produce every scrap of financial data. Yet Google did
15  not produce data sufficient to verify its own expenses. This is not difficult. Google paid revenue
16  sharing and that number is a known number. Google accounted for it on its books, and that
17  decision can be traced through the P&Ls that Google printed out for use in this litigation from its
18  "Hyperion" system. Dr. Leonard must have had full access to anything he wanted from Google,
19  or he should be disqualified. Yet Dr. Leonard "estimated" TAC, failed to confirm Google's
20  actual expenses, and cannot account for the content of Google's litigation-based financial print-
21  outs. Prof. Kearl should not be endorsing Dr. Leonard's approach under such circumstances.
22  Google had the burden of proof, and it failed with respect to this very large expense category.
23       Accordingly, and for the reasons explained in Oracle's motion, Prof. Kearl's ████
24  TAC deductions in his Third Way and Oracle Number should be excluded. *See* Mot. 5.

25 **CONCLUSION**

26       Each of Prof. Kearl's numbers is legally erroneous, and both parties agree that the Third
27  Way should be excluded. As explained in Oracle's Response to Google's Motion to Strike Prof.
28  Kearl (ECF No. 1625-3), Prof. Kearl should not testify.

Dated: April 13, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Annette L. Hurst*
    Annette L. Hurst

Counsel for ORACLE AMERICA, INC.