# REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **ORACLE'S REPLY IN SUPPORT OF MIL #4 RE: DR. LEONARD** <br><br> Date:  April 27, 2016 at 8:00 am <br> Dept.: Courtroom 8, 19th Floor <br> Judge: Honorable William H. Alsup |

1    Use of non-infringing alternatives ("NIAs") to calculate disgorgement of profits violates
2 this Court's prior order and relevant Ninth Circuit case law.  Indeed, NIAs violate the statute be-
3 cause (1) they would allow an infringer to retain profits attributable to the infringement (as Prof.
4 Kearl recently explained) and (2) they would destroy deterrence.  NIAs are therefore inadmiss-
5 ible.  Dr. Leonard conceded that his four bottom-up methods are premised upon NIAs, so they
6 must be excluded.  His $▓▓▓▓ deduction is based upon an NIA and also must be excluded.
7 The Court's order was clear; Oracle followed it, and Google chose not to do so.  It would be
8 utterly unfair and prejudicial to Oracle if the Court changed its mind about the governing legal
9 framework at this late stage of the proceedings.  This is not just an order on page limits for
10 motions in limine.  What Google is violating now is the statute, controlling case law, and an order
11 from this Court that provides the foundation of the entire damages case.

12    Google tries to muddy the water by mixing up everything, including legal standards,
13 damages calculations, and its own terminology.  Google's refusal to take any clear and coherent
14 position is the hallmark of its MIL responses, including its response on Dr. Astrachan, on
15 OpenJDK, and now on Dr. Leonard.  The Court should not permit Google's shifting approach to
16 confuse the clear outcome required by Oracle's Motion:  Dr. Leonard's bottom-up disgorgement
17 calculations and $▓▓▓▓ deduction are inadmissible.

18    Dr. Leonard's lines of code apportionment is also inadmissible.  These calculations
19 attribute an average value to every line of code without any evidentiary foundation for the prem-
20 ise that all code in Android is the same.  The evidence is to the contrary and shows that the Java
21 APIs were of great significance in Android.

22    Finally, Dr. Leonard's failure to obtain Google's proper accounting records dooms his
23 improper double-counting of TAC expenses.

24 **I.   DR. LEONARD'S DISGORGEMENT OPINIONS RELYING ON NIAS SHOULD BE EXCLUDED**
25

26    **A.   NIAs Are Legally Irrelevant To Disgorgement**

27    This Court already rejected Google's attempt to use NIAs to limit Oracle's recovery of
28 infringer's profits.  ECF No. 632 at 6-7.  The Court's order stated:  Disgorgement is a "distinct

- 1 -    ORACLE'S REPLY IN SUPPORT OF ITS MOTION
         IN LIMINE #4 RE: DR. LEONARD

remedy," and "[n]on-infringing alternatives have nothing to do with this." *Id.* at 7.  In so holding, the Court correctly noted that *Polar Bear*'s "interpretation of the purpose behind Section 504(b) sheds light on this issue." *Id.* at 6 (citing *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004)).[1]  Oracle took the Court at its word, and Google did not.  Oracle retained experts and pursued new methodologies to ensure compliance.  Google did not.  It would be utterly unfair and prejudicial to the party who complied with that order to change it now, and especially so when a contrary outcome would violate the statute and controlling case law.

Google never once addresses the thrust of the Court's order or *why* NIAs are impermissible:  NIAs defeat the purposes of disgorgement as identified by the Ninth Circuit in *Polar Bear*.  Mot. at 2-4, ECF No. 1582-4 at 2-3.  NIAs undermine disgorgement's two goals: (1) to ensure the infringer does not benefit from a wrongful act and (2) to deter would-be infringers.  *Polar Bear*, 384 F.3d at 708.  Most recently, Prof. Kearl provided algebraic proof that NIAs *would ensure* that an infringer benefits from its wrongful act—a clear violation of § 504(b).  ECF No. 1621-3 at 6 (using NIAs "▮" the counterfactual equation by subtracting the "▮" of the infringed input only, attributing any synergies to the infringer and none to the copyright owner).  Moreover, in a world where disgorgement equals only the lowest cost alternative, a rational wrongdoer will *deliberately* infringe the copyright and gladly pay actual damages or disgorgement as either would still leave the infringer with a profit.  This vitiates deterrence, eviscerates the incentive to seek licenses, and ultimately destroys the value of copyrights.

As the Ninth Circuit held in *Frank*, NIAs are inadmissible for an additional reason:  Replacement with an NIA does not demonstrate that the Java APIs were "not important in the first instance and did not contribute to establishing [Android's] initial popularity." *Frank Music Corp. v. MGM, Inc.* 772 F.2d 505, 518 (9th Cir. 1985).  Far from a "frivolous" interpretation of *Frank*, Opp. 5, this is what the case says.

---

[1] Google tries to distinguish this categorical order by arguing that "Dr. Cox did not explain how the availability of non-infringing alternatives supposedly decreased the wrongful profits attributable to infringement," while Dr. Leonard does.  Opp. 7.  This is a poor attempt to hoodwink the Court about its own prior order, which contained no such limitation.  Moreover, Dr. Leonard's sin here is greater than Dr. Cox's, not less:  He identifies specific NIAs that Google *considered and rejected in the real world*.  *See* Mot. at 4 n.4; ECF No. 1551-4 at 3-5; ECF No. 1613-4 at 2-4.

- 2 -

ORACLE'S REPLY IN SUPPORT OF ITS MOTION
IN LIMINE #4 RE: DR. LEONARD

1    Google's strategy to avoid controlling Ninth Circuit cases and this Court's clear order
2    disallowing NIAs is to cite inapposite out-of-circuit cases and conflate any but-for causation
3    analysis with use of NIAs.  Opp. 3-4.  But Google whiffs the ball:  NIAs and but-for technical
4    experiments simply are not the same thing.  *Removing* the infringing code and testing the result
5    determines that there was in fact but-for causation in the real product in the real world and does
6    not require any hypothetical replacement with an "alternative."  *See Brocade Commc'ns Sys., Inc.*
7    *v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 831528, at *6 (N.D. Cal. Jan. 10, 2013).  If
8    Dr. Schmidt had removed the code and nothing happened, then there would be no but-for
9    causation between the infringement and the Android revenues.  This had nothing to do with NIAs.
10   A thought experiment *replacing* the infringing code with something else (or worse, quantifying
11   an entirely different business strategy) tells us nothing about what *actually happened*:  To show
12   technical dependency by *removal* is acceptable; to *replace* with a hypothetical is not. [2]

13   Google also attempts to confuse by misrepresenting cases.  For example, contrary to
14   Google's argument (Opp. 4, 6 n.2), *Bucklew* and *Altai* condoned the use of NIAs in the context of
15   *lost profits*—not disgorgement, which serves, as this Court recognized, different purposes.[3]
16   Google also incorrectly asserts that *Brocade*, 2013 WL 831528, endorses the use of NIAs.  Opp.
17   4.  Plaintiff there did not move to exclude defendant's use of NIAs and the issue was not
18   considered.  Accordingly, it cannot stand for the undecided proposition upon which Google relies.
19   *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 386 n.5 (1992) ("It is of course contrary to all
20   traditions of our jurisprudence to consider the law on this point conclusively resolved by broad
21   language in cases where the issue was not presented or even envisioned").

22   Google next sows confusion by continuing to conflate causation and apportionment.  Prof.
23   Kearl recognized this conflation, stating that nothing in economics supports Dr. Leonard's
24   "█████████████████████████████████████████████████████████████
25   █████████████████████████████████████████".  ECF No. 1601-3 at 6-7.  Oracle has called out
26   this conflation, noting that Ninth Circuit law *does not require* the plaintiff to trace causation all

---

[2] Prof. Kearl recognizes the remove/replace distinction as well.  ECF No. 1601-3 at 6.

[3] *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 931 (7th Cir. 2003); *Computer Assocs. Int'l v. Altai, Inc.,* 775 F. Supp. 544, 569-71 (E.D.N.Y. 1991)

- 3 -                   ORACLE'S REPLY IN SUPPORT OF ITS MOTION
                        IN LIMINE #4 RE: DR. LEONARD

the way through to the infringed work, but only to the infringing work. ECF No. 1613-4 at 7-11.

### B. Dr. Leonard's Four Bottom-Up Approaches Depend Upon NIAs

Dr. Leonard admitted that his four bottom-up calculations ($▮-$▮) are based on NIAs. ECF No. 1563-27 (Leonard Depo.) 58: 2-8. Prof. Kearl agrees. ECF No. 1621-3 at 2-3; ECF No. 1601-3 at 6. They should be excluded under this Court's prior order.

These four approaches are excludable for additional and independent reasons. The first three "cost-savings" approaches are implausible, as Prof. Kearl testified at length. *See* ECF No. 1625-5 (Kearl Depo.) 57:16-22, 62:16-21; ECF 1582-7 (Kearl Rpt.) ¶¶ 45, 49-51, 55. They contravene the fit requirement. Moreover, as Oracle explains in its concurrently filed reply regarding Prof. Kearl (at 2-3), Prof. Kearl concludes that the experts in this case, including himself, lack the expertise to accurately measure the full value supplied by the infringing code using these three apportionment theories. *See* ECF 1622-3 at 5. The fourth bottom-up approach, based on the Kim model, also relies on an NIA and should be excluded for the additional reason that the underlying data is undisclosed and untested and the model does not "fit" this case for other reasons explained in Oracle's reply (at 3-5) regarding Prof. Kearl, filed concurrently herewith.[4] *See also* Mot. 5-7.

### C. Dr. Leonard's "Opportunity Cost" Deduction Relies Upon An NIA.

Dr. Leonard seeks to deduct $▮ from infringer's profits because, he opines, that if Google had not infringed, it could have received ad revenue by partnering with Apple. This too posits an NIA in the form of a completely different business strategy: partnering with Apple. Calling it "opportunity cost," Opp. 8, does not make this NIA admissible. Moreover, this hypothetical assumes that an Android-less Google would enjoy the same bargaining position it does today, an assumption for which there is no support.[5]

## II. DR. LEONARD'S TOP-DOWN APPROACH IS REFUTED BY THE RECORD

Dr. Leonard's top-down apportionment method values each line of code in Android

---

[4] Prof. Kearl attempts to correct the problems with the Kim model by re-estimating damages after relaxing Dr. Leonard's questionable assumptions. ECF 1622-3 at 5; ECF 1582-7 (Kearl Rpt.) ¶¶ 66-73. If the Kim model is deemed admissible despite it being an NIA, inscrutable, *and* a poor fit, Prof. Kearl's corrections must be implemented. *See* ECF 1625-3 at 3.

[5] Oracle maintains its objection to a counterfactual implicitly premised upon revenue sharing documents Google refused to produce. *See* Mot. at 6-7.

- 4 -  ORACLE'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE #4 RE: DR. LEONARD

1   exactly the same, at an average value of all lines.  Courts consistently reject this methodology.

2   Mot. 7-9.  Google has the burden of proof, and Dr. Leonard cites no affirmative evidence in his

3   report that all lines of code in Android are of the same average value.  Instead, Dr. Leonard

4   claims he has "seen no evidence to the contrary."  Opp. 12.  This *ipse dixit* cannot meet Google's

5   burden of proof, and especially so where the record evidence, which Dr. Leonard conveniently

6   ignores, refutes it.  Mot. at 9.

7   As both parties agree, a counterfactual may not contradict record evidence.  ECF 1551-4

8   at 7-8 (Oracle); ECF 1584 at 11-12 (Google).  The defendant in *Walker v. Forbes, Inc.*, 28 F.3d

9   409, 411 (4th Cir. 1994), could argue that accidentally using a copyrighted photo on one-ninth of

10  one page in a 408-page magazine was not important where the record evidence showed it was not

11  important.  That is a far cry from a case in which the evidence shows that the infringing code is

12  essential to the functioning of Android and thirty times more important than the rest of the APIs,

13  that the key apps are all dependent upon it, and that Google touted the infringing code to its

14  critical business partners.  ECF No. 1613-4 at 1-6, 12; ECF No. 1551-4 at 3-5.  Google's other

15  cases (*Data General*, *Complex Systems*, and *Smerdijian*, Opp. 4) all are similarly inapposite.

16  **III.   DR. LEONARD IMPERMISSIBLY DOUBLE COUNTS TAC**

17  Google has the burden to prove its deductible expenses, and the Court ordered it to

18  produce every scrap of financial information.  In deducting TAC, Dr. Leonard failed to verify the

19  sums paid and did not use Google's revenue sharing agreements or books and records to deter-

20  mine what actually happened.  *See* ECF No. 1566-1, Ex. 4 (Leonard Op. Rpt.) ¶¶ 32-33.  Instead,

21  Dr. Leonard—who either had full access to Google's books and records or should be excluded if

22  he did not—*estimated* TAC, and in doing so deducted it twice.  After multiple reports and his

23  deposition, Dr. Leonard tried to shore up his opinion through *additional* conversations with

24  Google personnel.  *See* ECF No. 1619-3 (Oracle MIL #7).  Too little, too late.  Google did not

25  meet its burden in proving this $███████ TAC deduction, and uncertainty because of inade-

26  quate recordkeeping should be resolved in plaintiff's favor.  5-14 Nimmer on Copyright § 14.03.

27  **CONCLUSION**

28  Accordingly, the above-discussed portions of Dr. Leonard's opinions should be excluded.

ORACLE'S REPLY IN SUPPORT OF ITS MOTION
IN LIMINE #4 RE: DR. LEONARD

Dated: April 13, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/* Annette L. Hurst
    Annette L. Hurst

Counsel for ORACLE AMERICA, INC.