KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Telephone:    (404) 572-4600
Facsimile:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **DEFENDANT GOOGLE INC.'S CRITIQUE OF DRAFT FAIR USE INSTRUCTIONS** <br><br> Dept.:    Courtroom 8, 19th Fl. <br> Judge:   Hon. William Alsup |

Defendant Google Inc. ("Google") respectfully submits the following in response to the Court's April 7, 2016 Request For Critique Re Instructions On Fair Use (ECF No. 1615). In accordance with the Court's Request, Google addresses herein only its "best points" regarding the Court's draft instructions, and reserves its "lesser objections."

## I. ISSUES TO BE ADDED TO THE DRAFT INSTRUCTIONS

Google respectfully submits that the Court's draft instructions on fair use do not address three important issues on which the jury should be specifically instructed: (1) that the four factors identified in section 107 of the Copyright Act are not exhaustive; (2) that a new work is transformative when it "adds something new" to the portions of the prior work or includes the portions of the prior work "in a broader new work"; and (3) that the jury may consider as relevant to fair use the evidence that the jury will hear regarding compatibility, interoperability and the need to use some or all of the declaring code to write programs in the Java language. In order for the jury to properly consider the fair use issue in accordance with the governing case law and the Federal Circuit's opinion, the instructions should include each of these issues.

### A. The non-exhaustive nature of the four factors

The Supreme Court has made clear that, as the text of section 107 itself makes plain, the four factors identified in section 107 are "not meant to be exclusive," *Harper & Row Publishers v. Nation Enters.*, 471 U.S. 539, 560 (1985), and that fair use analysis should include any other factors that are relevant to the overall fair use inquiry. The Ninth Circuit model instruction explicitly reflects this, as it contemplates that additional factors may be added to the four factors set forth in section 107. Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.18 ("[5.] *[insert any other factor that bears on the issue of fair use]*.") (emphasis in original); *see also* 17 U.S.C. § 107 ("In determining whether the use made of a work in any particular case is a fair use the factors to be considered **shall include**—") (emphasis added).

Oracle has agreed that the four factors are not exhaustive and that the jury may properly consider additional "factors that legitimately relate to the doctrine of fair use and the purpose behind it." *See, e.g.,* ECF No. 1005 at 1-2; *see also* ECF No. 1527 at 1. Oracle's complaint in the past has been that the jury should not be allowed to consider "whatever factors it wishes" with

respect to fair use.  (ECF No. 1005 at 1-4).  That, however, was in the context of a trial that included numerous issues other than fair use.  The upcoming trial will be only about fair use, and only evidence relevant to fair use will be admissible.  Because the jury will be asked to decide the fair use issue based on all the evidence, the jury should be told that it may consider any of the evidence that it deems helpful in deciding whether Google's use was a fair use.  Explicitly instructing the jury on this issue will avoid the possibility that the jury will believe that it must be able to identify a specific factor among the four before considering specific evidence or issues.

It would therefore be appropriate to generally instruct the jury that, in addition to the four statutory factors, it may consider such other factors as it deems appropriate.  Such an instruction would say:

> The four factors identified in the Copyright Act are nonexclusive and not exhaustive.  In considering whether Google has proven that its use was a fair use, you can and should take into account any evidence or additional factors that you believe bear on whether Google's use of the declaring code and SSO of the 37 Java SE API packages was a fair use.

Alternatively, the Court could instruct the jury that it may consider other factors, but limit those factors to those that are relevant to the purposes of copyright and the fair use doctrine.  Consistent with the case law and the model instruction, the Court could also specifically identify for the jury possible additional factors that the jury could consider, based on Ninth Circuit or other relevant authorities.  To accomplish this, the Court could expand the language above, with the language in bold italics and either with or without the second paragraph:

> The four factors identified in the Copyright Act are nonexclusive and not exhaustive.  In considering whether Google has proven that its use was a fair use, you can and should take into account any evidence or additional factors that you believe bear on whether Google's use of the declaring code and SSO of the 37 Java SE API packages was a fair use, ***as long as any additional factors you consider are consistent with the purpose of the fair use doctrine and the copyright laws, that is, promoting the progress of science and the useful arts.***
>
> Among the possible additional factors that you may, but are not required to, consider are:  (1) whether a reasonable copyright owner would have consented to the use; (2) whether custom or public policy at the time would have defined the use as reasonable; (3) whether the use by Google of the declaring code or SSO of the 37 packages at issue was similar to uses by other parties; and (4) whether the use by Google benefits the public.  Each of these additional factors may weigh in favor of a finding that Google's use was a fair use.

The additional factors identified above are all appropriate based on the case law. *See Wall Data Inc. v. L.A. County Sheriff's Dept.*, 447 F.3d 769, 778 (9th Cir. 2006) (fair use "appropriate where a 'reasonable copyright owner' would have consented to the use, i.e., where the 'custom or public policy' at the time would have defined the use as reasonable"; citing legislative history); *The Authors Guild v. Google Inc.*, 804 F.3d 202, 212 (2d Cir. 2015) (Leval, J.) ("the ultimate, primary intended beneficiary of copyright is the public"), *petition for cert. filed*, 84 U.S.L.W. 3357 (U.S. Dec. 31, 2015).

### B. A complete definition of "transformativeness"

The Court's draft instructions also do not advise the jury that – as the Supreme Court has clearly stated and the Federal Circuit recognized in its opinion – a use is transformative when it "**adds something new**, with a further purpose or different character, altering the first with new expression, meaning or message." *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 579 (1994) (emphasis added); *Oracle Am. v. Google Inc.*, 750 F.3d 1339, 1374 (Fed. Cir. 2014), *cert. denied*, 135 S.Ct. 2887 (2015). Quoting *Campbell*, the Federal Circuit stated that "the critical question" on transformativeness is "whether the new work merely supersede[s] the objects of the original creation . . . or instead adds something new." *Oracle Am.,* 750 F.3d at 1374. Because this is the "critical question," the jury should be expressly so instructed.

Ninth Circuit authorities cited by the Federal Circuit also recognize that a new work is also transformative when it incorporates the prior work "as part of a broader work." *See Oracle Am.*, 750 F.3d at 1374 (citing and quoting *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1176 (9th Cir. 2012)). Because this principle is clearly relevant to the use of the declaring code and SSO in Android, it should also be included in the instructions, as should the principle that the new work need not change the elements of the original work to be transformative. *E.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1165 (9th Cir. 2007); *Wall Data*, 447 F.3d at 778 (use can be transformative where defendant changes plaintiff's work or uses it in a different context); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 818-19 (9th Cir. 2002); *see also Oracle Am.,* 750 F.3d at 1374.

A proper further instruction on this issue would therefore be as follows:

>     A new work is transformative if it adds something new, with a further purpose or different character, altering the first work with new expression, meaning or message or incorporating the elements of the first work as part of a broader work.  The critical question is whether the new work merely supersedes the first work or instead adds something new to the first work.  The new work need not change the elements of the original work in order for the new work to be transformative.

### C.   Interoperability, compatibility and necessity

The Court's draft instructions do not instruct the jury on additional issues that the Federal Circuit has explicitly said that the jury may deem relevant to fair use.  As Google noted in its March 7 submission regarding the jury instruction issue, the Federal Circuit recognized that, under *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992), and *Sony Computer Entertainment, Inc. v. Connectix Corp.*, 203 F.3d 596 (9th Cir. 2000), elements of computer software that are "dictated by considerations of efficiency" or "required by factors external to the program itself" require special treatment.  750 F.3d at 1370.  The Federal Circuit also cited the landmark Second Circuit decision in *Computer Assocs Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992), and its teachings regarding the importance of, inter alia, "compatibility requirements."  *Id.*

The Federal Circuit expressly recognized that Google's desire to leverage the existing knowledge of software developers familiar with the Java language and achieve commercial interoperability "may be relevant to a fair use analysis" and that "reasonable jurors might find that they are relevant to Google's fair use defense under the second and third factors of the inquiry."  *Id.* at 1376-77; *see also id.* at 1371-72.  And the Federal Circuit found this to be "particularly true" with respect to "those core packages which it seems may be necessary for anyone to copy if they are to write programs in the Java language" as well as other packages that are "similarly essential components of any Java language-based program."  *Id.* at 1377.

In accordance with the Federal Circuit's opinion, the jury should be told that these issues, which the Federal Circuit specifically identified as relevant to at least the second and third statutory fair use factors, should be considered – and the jury should be told how they should be weighed.  The instructions on both the second and third factor should therefore include the following language:

      In connection with this factor, you may consider whether some or all of the elements of the 37 API packages are necessary to write programs in the Java language, are essential components of any Java language-based program, or promote compatibility and/or interoperability with the Java language.  If you find that these considerations are applicable, they would weigh in favor of a finding that the use was fair.

## II. THE INTRODUCTORY PARAGRAPH

      Finally, Google believes that the introductory paragraph of the Court's draft instructions should be reworded to eliminate the language to the effect that "all parties agree," references to "copying," and that Google's use "constituted copyright infringement . . . unless you find that Google has carried its burden as to the right of fair use."

      Section 107 of the Copyright Act makes clear that a fair use "is not an infringement of copyright."  The issue, properly framed, is whether Google's use is a fair use and therefore not an infringement.  Referring to Google's "copying" rather than Google's "use" injects a prejudicial concept into the fair use calculus and suggests that the use was somehow illicit or improper.  But that is the issue for the jury to decide, namely whether the use was a non-infringing fair use or "copying" that was an actionable infringement.

      Google therefore suggests that the introductory paragraph be revised to read as follows:

> For purposes of this trial, you must assume that the Android versions in question used the declaring code and the structure, sequence, and organization (or "SSO") of 37 of the Java SE API packages in the Oracle copyrighted works, which are Java 2 Standard Edition Version 1.4 and Java 2 Standard Edition Version 5.0.  The pertinent Android versions are: 1.0, 1.1, Cupcake, Donut, Eclair, Froyo, Gingerbread, Honeycomb, Ice Cream Sandwich, Jelly Bean, Kit-Kat, Lollipop, and Marshmallow.
>
> The issue that you will be asked to decide in this trial is whether Google has carried its burden as to the right of fair use.  In other words, for purposes of this trial, the question for you to decide is whether or not Google's use of the declaring code and the SSO of the 37 Java SE API packages was a fair use.

DATED:  April 14, 2016                        KEKER & VAN NEST LLP

                                                        By:  /s/ Robert A. Van Nest
                                                             ROBERT A. VAN NEST

                                                             Attorneys for Defendant
                                                             GOOGLE INC.