ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>       Plaintiff,<br><br>    v.<br><br>GOOGLE INC.<br><br>       Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO THE COURT'S REQUEST FOR CRITIQUE RE INSTRUCTIONS ON FAIR USE (ECF NO. 1615)**<br><br>Trial: May 9, 2016 at 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

The Court's instructions do not accurately and evenhandedly state the law on fair use. Taken as a whole, the effect of the Court's proposed instructions would be to eliminate the exclusive right to prepare derivative works (or to authorize others to do so). Three of the four Supreme Court cases on fair use in the modern era have been concerned with protection of the right to prepare derivative works. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 587 (1994) ("The facts bearing on this factor will also tend to address the fourth, by revealing the degree to which the parody may serve as a market substitute for the original or potentially licensed derivatives"); *Harper & Row v. Nation Enters., Inc.*, 471 U.S. 539, 568 (1985) ("If defendant's work adversely affects the value of any of the rights in the copyrighted work (in this case the adaptation and serialization right) the use is not fair" (quotation marks, brackets omitted)); *Stewart v. Abend*, 495 U.S. 207, 238 (1990) (unfair use "adversely affects the story owner's adaptation rights").

If the instructions are given in the proposed form, they would violate the Federal Circuit's mandate and constitute reversible error. Oracle refers the Court to Oracle's proposed instructions on fair use and asks that the Court adopt them. ECF No. 1527. Oracle's proposed instructions are near verbatim quotations from the Supreme Court and from the Federal Circuit's decision.

***Introductory Instruction.*** The instruction is too narrow and one-sided in favor of Google in characterizing copyright as protecting against "plagiarism" and fair use as progress ("development of new ideas that build on earlier ones"). Ord. 2:9-13. The Copyright Act protects against more than just counterfeiting. 17 U.S.C. § 106. The Court's statement of the "policy" of fair use, Ord. 2:11-13, is not accurate, contravenes the legislative history, and is unsupported. Copyright protection (not just fair use) "promotes" progress. U.S. Const. art. I, § 8, cl. 8. Congress also made clear in codifying fair use in § 107 that there is no unified theory of fair use:

> Although the courts have considered and ruled upon the fair use doctrine over and over again, no real definition of the concept has ever emerged. Indeed, since the doctrine is an equitable rule of reason, *no generally applicable definition is possible*, and each case raising the question must be decided on its own facts. (S. Rep. at 62) (emphasis added).)

***Factor One.*** Factor one has three components, not two. "Also relevant to the 'character' of the use is the propriety of the defendant's conduct." *Harper & Row*, 471 U.S. at 562; *see Fisher v. Dees*, 794 F.2d 432, 436 (9th Cir. 1986) ("[t]he principle invoked is sound"). *Campbell*

does not abrogate bad faith in the first factor. *L.A. News Serv. v. KCAL-TV Channel* 9, 108 F.3d 1119, 1122 (9th Cir. 1997) ("Unlike the circumstances in *Campbell*, nothing in this record suggests that [defendant] requested a license 'in good faith to avoid this litigation'"); *Religious Tech. Ctr. v. Netcom On-Line Comm.*, 923 F. Supp. 1231, 1245 (N.D. Cal. 1995) (Whyte, J.) ("the court will treat bad faith as merely one aspect of the first factor"). Bad faith cuts against fair use and must be considered. By contrast, good faith is *presumed* and thus not a defense to infringement.

The instruction on commercial use should direct a finding in Oracle's favor that Google's use is "purely" or "entirely" commercial. The Federal Circuit found that Google copied "for what were purely commercial purposes." 750 F.3d at 1376. Counsel for Google admitted at oral argument that Google's purpose was "entirely commercial." The Court should also instruct that the degree of commerciality may outweigh other aspects of fair use. *Campbell*, 510 U.S. at 585 ("The use, for example, of a copyrighted work to advertise a product, even in a parody, will be entitled to less indulgence under the first factor of the fair use enquiry than the sale of a parody for its own sake, let alone one performed a single time by students in school"); *Elvis Presley Enters., Inc. v. Passport Video,* 349 F.3d 622, 627 (9th Cir. 2003) ("[T]he degree to which the new user exploits the copyright for commercial gain—as opposed to incidental use as part of a commercial enterprise—affects the weight we afford commercial nature as a factor.").

The Court's proposed definition of transformative use is incorrect. It is inaccurate to instruct that "[a] new use is transformative if it is productive …." Ord. 3:17. Neither the Supreme Court, Federal Circuit, nor Ninth Circuit uses "productive" to define transformative use, and there is no accepted definition of that term in fair use law. *Campbell* rejected use of that term by citing *Sony Corp. of America* as an example where the use was not transformative. 510 U.S. at 579. *Sony* similarly rejected use of the term "productive," stating that "[t]he statutory language does not identify any dichotomy between productive and nonproductive [copying], but does require consideration of the economic consequences of copying." 464 U.S. 417, 455 n.40 (1984).

It is also incorrect and confusing to refer to transformative use as any use "adding value." Ord. 3:18. "A use is 'transformative' if it 'adds something new, with a further purpose or different character, altering the first with new expression, meaning or message.'" *Oracle Am.*, 750 F.3d

- 2 -

ORACLE'S RESPONSE TO ORDER RE REQUEST
FOR CRITIQUE RE JURY INSTRUCTIONS

1  at 1374 (quoting *Campbell*, 510 U.S. at 579).  It is not about "added value."  A "distinct" purpose
2  is critical.  *Id.*  Otherwise, "transformative" will swallow the exclusive right to exploit derivatives
3  under § 106(2).  Any derivative work is "productive" or "adds value" when adapting the work to
4  a new medium; that is no basis for distinguishing lawful fair use from unlawful infringement of
5  the exclusive right to create a derivative work.  The Court's instruction on transformation should
6  distinguish between transformation that is entitled to protection (such as news reporting, criticism,
7  commentary, parody) and transformation that "supplants" or "supersedes" the derivative work
8  right.  *See Oracle Am.*, 750 F.3d at 1374 (discussing *Campbell* and examples in the preamble).

Additionally, as both the Supreme Court and Federal Circuit have held:  "The critical question is 'whether the new work merely supersede[s] the objects of the original … or instead adds something new.'"  750 F.3d at 1374 (quoting *Campbell*, 510 U.S. at 579).  Rather than use the language that the Federal Circuit calls the "critical question," the proposed instruction— "different manner or for a different purpose," Ord. 3:18-19—focuses the inquiry on an out-of-circuit decision referenced in the Federal Circuit decision as a "*see also*" in a string cite, *Bouchat v. Baltimore Ravens Ltd. P'Ship*, 619 F.3d 301 (4th Cir. 2010).  But, "[a] difference in purpose is not quite the same thing as transformation."  *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1176 (9th Cir. 2012).  A distinct purpose, while necessary for transformation, is not sufficient for a use to be transformative.  *Oracle Am.*, 750 F.3d at 1375 (not transformative "[w]here the use 'is for the same intrinsic purpose as the copyright holder's'" (quotation marks, bracket omitted)).  Otherwise, all sorts of what would be derivatives would end up being transformative fair uses.

Additionally, "little more than plagiarism," Ord. 3:20, is not the test for what is not transformative.  Transformation requires "real, substantial" modification of the original work, "not merely the facile use of scissors[] or extracts of the essential parts[] constituting the chief value of the original work."  *Elvis Presley Enters.*, 349 F.3d at 628-29.

The instruction also downplays the "critical question" of whether the use "merely supersedes or adds something new."  Ord. 3:20 ("[plagiarism] in a *manner that supersedes*").  A use is not fair use if it "supersed[s] the objects[] of the original work."  *Campbell*, 510 U.S. at 576.  The inquiry "focuses on whether the new work merely replaces the object of the original creation,"

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1015 (9th Cir. 2001), because "fair use is limited to copying by others which does not materially impair the marketability of the work which is copied," *Oracle Am., Inc.*, 750 F.3d at 1376 (quoting *Harper & Row*, 471 U.S. at 566-67).  This outer boundary is required by Supreme Court precedent and the law of this case.  The Federal Circuit summarized the first factor at length in its opinion.  The Court should use that language, supplemented only by the bad faith inquiry required by *Harper & Row* and *L.A. News Service*.

*Factor Two.*  Computer programs *are* literary works under the Copyright Act, contrary to this instruction, and the APIs at issue here *are* protected by copyright—not "may be protected," Ord. 4:10-11.  *Oracle Am.*, 750 F.3d at 1354.  Also, references to SSO (*e.g.*, Ord. 4:14-18) must be accompanied by reference to the declaring code, otherwise the instruction misleadingly suggests that declaring code is not protected when the Federal Circuit "conclude[d]" that *both* "are entitled to copyright protection," *id.*, and all agree Google copied the declaring code and the SSO.

Reference to "innovative," Ord. 4:16, is misplaced.  The proper term in copyright is "original" or "creative."  *Oracle Am.*, 750 F.3d at 1365.  It is improper to instruct the jury that "[f]air use is generally more difficult to establish for … using functional elements of a work *such as a computer software*."  Ord. at 4:7-9.  *Functional* elements are entitled to less deference under factor two, but that does not mean, and the jury should not be instructed, that "*fair use* is generally more difficult" for such works.  Moreover, specific reference to a "computer program" as functional biases the instruction.  Finally, as per the Federal Circuit's finding, the jury should be instructed that "it is undisputed here that the declaring code and the structure and organization of the API packages are both creative and original."  *Oracle Am.*, 750 F.3d at 1375.

*Factor Three.*  It is incorrect to import "transformative use" into the third factor.  Ord. 5:1.  Referring to transformation in factor three improperly elevates that consideration above all others.  As discussed, the unbounded concept of transformative use can easily vitiate the exclusive right to prepare derivative works.  *Supra* 1, 3.  The proposed instruction already includes that "[t]he extent of permissible copying varies with the purpose and character of the use," which comes from *Campbell*.  Anything more is unwarranted, incorrect, and improper.

*Factor Four.*  The proposed instruction limits consideration of the effect to the original

copyrighted work. This is incorrect. Harm to derivative works must also be considered. The Copyright Act grants copyright owners the exclusive right "to prepare derivative works," 17 U.S.C. § 106(2). Because these rights are part of the "value" of the copyrighted work, the Supreme Court holds that the factor four "inquiry must take account not only of harm to the original but *also of harm to the market for derivative works*." *Harper & Row*, 471 U.S. at 568; *Campbell*, 510 U.S. at 593. The Federal Circuit found that "Sun was licensing a *derivative version* of the Java platform for use on mobile devices: the Java Micro Edition ('Java ME')," and that "Oracle licensed Java ME for use on feature phones and smartphones." 750 F.3d at 1350 (emphasis added). The jury must be instructed on harm to derivatives of the copyrighted work.

It is incomplete to tell the jury it must "decide how much weight to give each … factor[]." Ord. 5:18-20. "The Supreme Court has said that this [fourth] factor "is 'undoubtedly the single most important element of fair use.'" *Oracle Am.*, 750 F.3d at 1376 (quoting *Harper & Row*, 471 U.S. at 566-67). Even if its "importance" may "vary" depending on "the amount of harm," Ord. 5:15-17, the fourth factor is still "undoubtedly the single most important," 750 F.3d at 1376, and the jury should be so instructed.

***Discussion of Supreme Court Cases.*** Oracle doubts the utility of attempting to charge the jury on specific cases, but, if the Court wishes to do so, then to satisfy the Court's stated purpose in so instructing (Ord. 5:26-27), it should modify the discussion of *Harper & Row* in two ways. First, this Court should use *Harper & Row* to explain the concept of "widespread and unrestricted" copying because *Harper & Row* considered, from "a broader perspective," that even "[i]solated instances of minor infringements, when multiplied many times, become in the aggregate a major inroad on copyright that must be prevented." 471 U.S. at 569. Second, this Court should explain that *Harper & Row* considered not just harm to the copyrighted work (President Ford's memoir) but also derivative rights, such as serialized articles about the memoir. *Id.* at 568.

Oracle respectfully notes that 5 pages are insufficient to raise all of its objections to these proposed instructions. Oracle hereby preserves all its objections, which include any deviations from Oracle's already proposed instructions, ECF No. 1527, and any additional objections by way of Oracle's proposed instructions and jury instruction briefing as per the Court's Standing Order.

ORACLE'S RESPONSE TO ORDER RE REQUEST
FOR CRITIQUE RE JURY INSTRUCTIONS

1  Dated: April 14, 2016                             Respectfully submitted,

2                                                    Orrick, Herrington & Sutcliffe LLP

3                                                    By: */s/ Annette L. Hurst*
                                                         Annette L. Hurst
4
                                                     Counsel for ORACLE AMERICA, INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28