# Exhibit 1

# Reid P. Mullen

| | |
|---|---|
| **From:** | Beth Egan |
| **Sent:** | Thursday, October 22, 2015 10:34 AM |
| **To:** | cvonderahe@orrick.com; Hurst, Annette L. (ahurst@orrick.com); Oracle/Google-OHS Only (Oracle/Google@orrick.com) |
| **Cc:** | DALVIK-KVN |
| **Subject:** | Oracle v. Google \| Follow up on meet and confer |
| **Attachments:** | Oracle v. Google Meet and Confer follow up |

Counsel,

In our meet and confer on Friday, we discussed two related issues:  Google's request that Oracle Supplement it Response to Interrogatories 22-23, 25-28, 30-31 and Google's clarification in the attached email that these interrogatories do not require Oracle to do any additional investigation into the pre-June 15, 2011 time period.  As noted in the attached email, in our view, the agreement to limit discovery to post-June 15, 2011 facts is an agreement not to propound discovery requiring the responding party to do any additional document production or investigation into those facts and documents that were the subject of discovery in the first trial, i.e., the pre-June 15, 2011 facts and documents.  However, as we clarified, if Oracle at the present time knows of facts supporting its contention that it may seek to rely upon at trial, it is required to include those facts in its response even if those facts relate to the pre-June 15, 2011 time period.

In our discussion, Oracle agreed that the parties are entitled to discovery of any newly learned facts (regardless of whether they newly learned facts concern the pre-June 15, 2011 time period) to avoid surprise at trial.  Oracle expressed concern, however, about (1) the ability to respond to the interrogatories, reserving its right to rely on the previously developed record without undue burden, and (2) the level of granularity required in disclosing newly learned facts responsive to the interrogatories.

We previously proposed that Oracle respond to interrogatories such as Interrogatory 27 by identifying those portions of the trial transcript and exhibit list that it relied upon in the prior trial, and stating that it is unaware of any additional bases for its contention (if that is the case).  You expressed concern that identifying those portions of the record was unduly burdensome.  In light of that concern, we propose that Oracle respond by stating that it reserves its right to rely upon the trial record, deposition testimony and exhibits, and briefing or exhibits identified in briefing in this case, and then stating it is unaware of any additional bases for its contention (if that is the case).  If Oracle has learned of new facts that are not within the trial record, deposition testimony and exhibits and/or briefing or exhibits identified in briefing in this case (regardless of whether those facts relate to the pre-June 15, 2011 time period), we believe Oracle is obligated to identify at a minimum the categories of newly learned facts, witnesses who have knowledge of those facts, and any documents reflecting those facts.  This would include identification of documents and/or facts that were not relied on by any party at trial, in depositions, or in briefing in phase 1.

Of course, any agreement on this issue would be reciprocal.  Rather than wait to discuss this again, we would appreciate a response via email so we can review any counter-proposal and reach resolution on the issue.

Best,
Beth