# Exhibit 2

**Reid P. Mullen**

| | |
|---|---|
| **From:** | Simpson, Lisa T. <lsimpson@orrick.com> |
| **Sent:** | Monday, November 02, 2015 4:57 PM |
| **To:** | Reid P. Mullen; Hurst, Annette L.; Beth Egan |
| **Cc:** | Oracle/Google-OHS Only; DALVIK-KVN |
| **Subject:** | RE: Rule 26(e) Supplementation |

Reid:

You are mistaken in what the parties have agreed to and not agreed to. Citing to a draft stipulation as though it is binding on the parties is not appropriate. That draft included and was contingent on the parties reaching an agreement about supplementation with pre-2011 information – an agreement that still has not materialized. You cannot pick and choose from our proposed draft compromise. More specifically, on our meet and confer call on October 9, we specifically told you that while we were in agreement on paragraphs 1, 3 and 5 of the draft stipulation, we could not agree to paragraph 2 until the parties resolved their disagreement on supplementation because it would preclude us from seeking documents from the earlier time period in new requests – and we were not prepared to be so limited. To even suggest that we reached an agreement on paragraph 6(b) when Google was rejecting the remainder of paragraph 6 makes no sense. Indeed, the parties specifically said that they both could not agree to paragraph 6 at the time.

From the outset, Oracle has taken the position that the parties have an ongoing obligation under the Federal Rules to supplement their discovery responses. As we have discussed at length, this means going back and making sure that all responses to the prior served discovery that remains relevant are complete and up to date. We have tried to meet Google's concerns about that obligation, even agreeing to limit the scope of that required supplementation IF Google was willing to work with us to resolve some of Oracle's concerns about missing discovery from the earlier period. Our efforts to narrow the supplementation obligation have been met with nothing but further unjustified limitations and stalling – most recently telling us you cannot search the mere 6 custodians we proposed or the 1 additional search term we proposed – and requiring that in exchange for any such searching we must forego legitimate issues with Google's privilege logs. Those unreasonable demands and limitations have been coupled with Google's failure to produce documents as promised – indeed you represented that ARC Welder code would be produced last week – it was not. But there was plenty of press last week about how Google intends to port Android back to the desktop and replace the Chrome OS—apparently using Arc Welder or some other source code Google has failed to produce. Google also stalled its production of other source code, such as Brillo, and that code has now been released to developers before it was produced in this litigation. Nor has Google produced its Weave source code, which is apparently the "internet of things" companion to Brillo. We just do not have the luxury to continue these unproductive back-and-forths with the upcoming discovery deadline fast approaching. Thus, Oracle will default to what is required by the Federal Rules and supplement all prior discovery responses. We demand that Google does the same.

On a related topic, we also write regarding Google's request concerning Oracle's supplementation of its responses to the contention interrogatories propounded by Google and the parties' discussions about the appropriate mode of responding to interrogatories. Oracle agrees that the parties certainly are entitled to discovery of any newly learned factual bases supporting the parties' respective contentions (regardless of whether the newly learned facts concern the pre-June 15, 2011 time period, or some later period). And Oracle agrees that the appropriate level of detail in interrogatory responses is that the parties will state facts categorically, and in that way provide the categorical factual bases for their contentions. That does not mean that the parties must state every document or specific fact subsumed therein. Rather, you agreed that outlining the categorical facts (but not every granular detail within) is sufficient to disclose Oracle's theories, and an

answer of this agreed level of specificity will not be used by Google to argue that any position should be precluded at trial. The parties may also refer to documents or witnesses in their responses, as may be appropriate for a given interrogatory, but Oracle disagrees that this is somehow universally required. For example, in its own supplemental response to Interrogatory No. 30, Google responded generally in accordance with the foregoing, so apparently agrees with these parameters. Further, the parties mutually agreed that they may rely on all materials in the prior trial record, deposition testimony, exhibits and briefing or exhibits identified in briefing in this case without specifying exactly which material supports each point.

That said, Oracle does not agree that these general propositions with respect to contention interrogatories relieve Google from its duty to supplement its responses to interrogatories previously propounded. Nor does Oracle agree that these general propositions with respect to contention interrogatories relieve Google from the burden of searching and responding to document requests that required pre-2011 investigation. Google has a duty to determine over what date range it needs to investigate in order to be complete and responsive to each propounded request and has the same duty with respect to its interrogatories in order to fully disclose its theories and factual contentions. With regard to Google's supplementing currently outstanding document requests, we expect, at a minimum, that Google will supplement by searching the six identified custodians and use the past keywords and the one additional keyword that Oracle proposed.

Oracle plans to supplement its responses as appropriate. As requested in Beth Egan's October 31 e-mail, Oracle agrees to supplement its interrogatory responses by November 9.

We have discussed these issues *ad nauseum* in numerous email and telephonic meet and confers, and consider our obligation to do so fully discharged. We intend to file further motions to compel this week regarding source code, supplementation of discovery, documents logged as privileged and improperly withheld, and the scope of Google's custodian list for its new production. With respect to the custodians, we will be sending you shortly a full list of the additional custodians that should be searched in order to satisfy Google's discovery obligations. If you wish to discuss any of these issues further by telephone or in person, we are available to do so tomorrow morning from 9 to 11 am PT. Otherwise, we plan to proceed to motion practice.

Lisa

---

**From:** Reid P. Mullen [mailto:RMullen@kvn.com]
**Sent:** Sunday, November 01, 2015 9:31 PM
**To:** Hurst, Annette L.; Beth Egan
**Cc:** Oracle/Google-OHS Only; DALVIK-KVN
**Subject:** RE: Rule 26(e) Supplementation

Annette:

The parties previously agreed that they would not seek supplementation of interrogatories served before the last trial. Oracle itself inserted the following language into the draft stipulation that it sent to us over a month ago: "Neither party will seek supplementation from the other party with respect to previously propounded Requests for Admission or Interrogatories." 9/29/15 Von de Ahe email. The parties discussed that draft stipulation, including the provision regarding interrogatories, during a meet-and-confer call on September 29. You reiterated Oracle's position in an email sent two days later, in which you stated that Oracle was, "[c]ompromising significantly in an effort to reach a middle ground on this issue," and had "proposed a draft stipulation that

agreed that there would be no duty to supplement prior interrogatories or requests for admission."

We responded by sending you a letter on October 2, in which we again addressed this issue and stated "Mr. Mullen explained that he appreciated that you had compromised by proposing that there would be no duty to supplement responses to Phase 1 interrogatories or requests for admission." We also summarized the other provisions of the draft stipulation on which we believed the parties had reached agreement, and asked that you let us "know immediately" if there were any misunderstandings about the stipulation.

Following our October 2 letter, Oracle proposed that "the parties simply reach a stipulation on the issues on which they have been able to agree." 10/7/15 Von der Ahe email. The parties did that during the October 9, 2015 meet-and-confer call, in which both sides agreed to the substance of paragraphs 1, 2, 3, and 5 of the stipulation, and further agreed that neither party would supplement responses to interrogatories (or RFAs) served before the first trial, as stated in paragraph 6b of the stipulation.

Finally, I note that If Oracle seeks further information regarding the basis for Google's fair use defense, Oracle may serve a new interrogatory, as the parties expressly agreed to do. Thank you.

Reid

**Reid P. Mullen**
Attorney at Law

**KEKER & VAN NEST** LLP

415 773 6694 direct   |   vCard   |   rmullen@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

---

**From:** Hurst, Annette L. [mailto:ahurst@orrick.com]
**Sent:** Friday, October 30, 2015 11:37 AM
**To:** Beth Egan
**Cc:** Oracle/Google-OHS Only; DALVIK-KVN
**Subject:** Rule 26(e) Supplementation

Beth:

Oracle hereby demands that Google supplement, pursuant to Rule 26(e), its response to Interrogatory No. 11 served on December 2, 2010, explaining why Google contents its use of the copyrighted material is or ever has been fair.

Rule 26(e) requires timely supplementation. We request that Google supplement its answer no later than November 13, 2015.



**ANNETTE L. HURST**
*Partner*

ORRICK, HERRINGTON & SUTCLIFFE LLP

3

The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

tel +1-415-773-4585
fax +1-415-773-5759
cell +1-415-713-3273
https://www.linkedin.com/pub/annette-hurst/10/2b7/407
@divaesq
ahurst@orrick.com
bio • vcard

www.orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.