ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **ORACLE'S RESPONSE TO GOOGLE'S SUPPLEMENTAL BRIEF RE: ORACLE'S MOTION IN LIMINE NO. 1** |

During the April 14, 2016 hearing ("the Hearing"), Google argued that the parties reached an agreement related to interrogatory responses that justified Google's failure to disclose its OpenJDK fair use arguments during fact discovery. Counsel for Google began to read a passage from meet-and-confer correspondence when the Court ordered Google to submit the parties' discovery agreement in writing by 9 p.m. instead. Rather than do what the Court ordered, Google submitted a *six page* sur-reply to Oracle's Motion that does not even address the Court's request (the parties' agreement) until page five. Even then, Google focusses on an e-mail exchange containing a proposal which does not fully memorialize the parties' ultimate agreement. Google Supp. Br. at 5:4-14. Oracle will not respond to Google's improper brief in kind except to say this: The three hour OpenJDK argument yesterday is but a small taste of the jury time that will be consumed if Google's new OpenJDK arguments are permitted at trial. See ECF No. 1551 at 9.

\*       \*       \*

The agreement that the parties entered into relating to contention interrogatory responses did not excuse Google from presenting all bases for its fair use defense and did not permit Google to simply cite the entire case record, without any specificity. And in any event, none of Google's new arguments are disclosed anywhere in the record or in the prior discovery.

During fact discovery, the parties reached a "no surprises" agreement regarding contention interrogatory responses. That agreement states that "the appropriate level of detail in interrogatory responses is that the parties *will state facts categorically*, and in that way provide the factual bases for their contentions." ECF No. 1655-2 (11-2-15 e-mail from L. Simpson to B. Egan) (emphasis added); *see also* ECF No. 1655-3 (11-10-15 e-mail from L. Simpson to B. Egan) (confirming the November 2 agreement). The parties agreed that they could list categories of previously disclosed facts in support of new contention interrogatories, provided that those categorical statements are sufficient to disclose the parties' respective theories.[1] *Id.* The parties'

---

[1] As an example of a proper response, the following is an excerpt from Oracle's First Supplemental Response to Google Interrogatory No. 21, served November 12, 2015:

> The factual basis for a claim for recovery of Google's profits attributable to the infringement also includes, for example: (1) the fact that Google has a business model for realizing substantial revenue from Android, including, at a minimum, revenue and gross profits from

- 1 -

ORACLE'S RESPONSE TO GOOGLE'S
SUPPLEMENTAL BRIEF RE: ORACLE'S
MOTION IN LIMINE NO. 1

agreement required that all new categories of information be disclosed in response to contention interrogatories. ECF No. 1655-2 ("Oracle agrees that the parties are certainly entitled to discovery of any newly learned factual bases supporting the parties' respective contentions.").

In October 2015, Oracle asked Google to supplement its prior response to an interrogatory regarding fair use. Google's counsel responded: "if Oracle seeks further information regarding the basis for Google's fair use defense, Oracle may serve a new interrogatory." 11-1-2015 e-mail from R. Mullen to A. Hurst. Two days later, Oracle accepted Google's invitation and propounded Interrogatory 40 requesting that Google identify all factual bases for Google's fair use defense. As discussed during the Hearing, Google's *only* mention of OpenJDK in response is the statement that Google's infringement did not harm the market (fair use factor four) for the Java SE platform because "by the time Android was released, Sun/Oracle had already enabled the fragmentation of the Java SE platform by giving away the SSO for free, and without any restrictions on fragmentation, through OpenJDK and the associated GPLv.2 with the Classpath Exception open source license, which does not require compatibility." ECF No. 1563-22 (Ex. 21) at 13. Google now argues that because the interrogatory sought factual bases of fair use, it was not required to disclose anything about its new theories.[2] But just as Google included the "factual bases" of its fragmentation theory, so too was it required to disclose the others. Google's new factor 2 theory is predicated on Sun publishing OpenJDK declaring code and SSO. Its new factor 4 theory requires "facts" that Sun's release of OpenJDK diminished licensing revenues for Java SE. And Google's "consent" argument required disclosure of "facts" that Sun's release of a licensed version of its copyrighted work was somehow consent for others to copy it without regard to any license. Those "factual bases" should have been disclosed, along with fragmentation, in Google's

---

the sale or licensing of Android-compatible devices, applications, developer access to Google resources or accounts, and Google mobile search, location services, advertising, and other services (in addition to other Android-related revenue and profit streams obtained by third-party application developers, device manufacturers and others); (2) the fact that Google has realized substantial revenue as a result of the infringement, including improved long-term business prospects in many other lines of business. . .

[2] Google's new OpenJDK-related fair use arguments are that: (1) OpenJDK is relevant to factor two because it was published; (2) Oracle "consented" to Google's infringement by releasing OpenJDK; and (3) OpenJDK caused a reduction in Oracle's licensing revenues for Java SE.

- 2 -

ORACLE'S RESPONSE TO GOOGLE'S
SUPPLEMENTAL BRIEF RE: ORACLE'S
MOTION IN LIMINE NO. 1

interrogatory response.[3]

During the Hearing, Google suggested that the parties' discovery agreement excused Google from disclosing all of its OpenJDK-related fair use arguments. This is wrong. First, the language that Google included in its discovery response and read to the Court during the Hearing does not meet the parties' agreement to disclose "categories of information:"

> In support of this contention, Google reserves its right to rely upon, and hereby incorporates by reference, all facts set forth in the previous trial record in this matter, including all trial transcripts and trial exhibits, any deposition testimony and exhibits preceding the previous trial, and any briefing, or exhibits identified in briefing, preceding the previous trial.

*Id.* at 15.[4]  Second, even if it were somehow proper to make a wholesale reference to the entire prior record, Google's new OpenJDK fair use theories were not disclosed in the first trial. Google never argued during or before the prior trial that OpenJDK's publication was relevant to fair use factor 2, never argued that OpenJDK decreased the market for Java SE, and never argued that OpenJDK was evidence of Oracle's "consent" to Google's infringement. (Google also never disclosed OpenJDK as a noninfringing alternative prior to November 2015). To the contrary, Google expressly disclaimed any express license defense and the Court rejected Google's implied license defense. ECF Nos. 1203 and 1456.

Simply because "evidence of OpenJDK [] came into the first trial," Google Supp. Br. at 4, did not put Oracle on notice that Google intended to rely on OpenJDK for anything and everything that could conceivably be claimed to be related to fair use. Oracle propounded a fair use interrogatory precisely so it would know the bases for Google's claim of a defense to fair use, and Google's only reference to OpenJDK related to fragmentation. Google did not identify any "categories of information" related to OpenJDK, as required by the parties' agreement, sufficient

---

[3] Google's response shows that it knew it had to disclose its theories and facts on which such theories were based, regardless of whether those theories or facts were disclosed during the first trial. For example, Google response to Interrogatory No. 40 states that its "use of the SSO was also a fair use because the purpose of Google's use of the SSO was to achieve interoperability" and that "the SSO reflects only 37 of the 166 Java API packages in the asserted copyrighted works," even though those were facts adduced during the first trial.

[4] Google cites similar introduction language in one of Oracle's interrogatory responses, but ignores the *nine pages* of theories and facts that follow that language. Google Supp. Br. at 4.

- 3 -

ORACLE'S RESPONSE TO GOOGLE'S
SUPPLEMENTAL BRIEF RE: ORACLE'S
MOTION IN LIMINE NO. 1

to disclose its new theories.

Google argues that its generic reference to "Sun's licensing practices" was sufficient disclosure of its specific OpenJDK arguments. *Id.* at 1. This is the exact type of "hide the ball" tactic that the Court warned the parties against engaging in at the beginning of this case. ECF No. 110 at 7:5-20. And though Google's argument is specifically about OpenJDK and Interrogatory No. 40, the logic of its argument and its gloss on the parties' agreement would apply across all interrogatories (for both parties), meaning that both parties would be free to present all sorts of theories at trial that were undisclosed during the most recent phase of discovery. This would turn "no surprises" into a trial full of them.

Because Google's new OpenJDK fair use arguments were not disclosed during fact discovery or the prior case, those arguments should be excluded. Moreover, as explained in Oracle's reply brief in support of its motion *in limine* regarding OpenJDK, Google's new substantive arguments lack merit and would severely undermine copyright law and valuable open-source software licensing. Finally, at the Hearing, Oracle showed the Court documents and testimony refuting Google's OpenJDK counterfactual. The three hours of argument that followed were a preview of the time consumed and jury confusion that will result if the OpenJDK counterfactual is permitted in this case.

Dated: April 15, 2016                    Respectfully submitted,

                                         Orrick, Herrington & Sutcliffe LLP

                                         By: */s/ Alyssa M. Caridis*
                                             Alyssa M. Caridis

                                         Counsel for ORACLE AMERICA, INC.