ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>          Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO THE COURT'S REQUEST FOR BRIEFING ON USE OF NON-INFRINGING ALTERNATIVES IN DISGORGEMENT**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

The Court has asked whether there are circuit cases approving the use of NIAs for the apportionment step.  NIAs are common in calculating patent damages and we cite several cases below.  NIAs have also been discussed in actual damages for copyright cases, with examples cited below.  But they are not used in disgorgement (that we have found).

A complete answer to the disgorgement question first requires an assessment of the nature of NIAs.  A non-infringing alternative is a special type of counterfactual.  Counterfactuals in general involve positing "but-for" circumstances.  These are common techniques used in tort law to demonstrate both causation-in-fact and proximate causation.  The most straightforward but-for circumstance is "what if the tortious event had not occurred?"  A more complex but-for circumstance asks not only, "what if the tortious event had not occurred," but also, "was there some other event that also would have occurred to similar effect?"  In a car accident case it is obvious that we ask only the first question.  If someone ran a red light and t-boned another car in the intersection causing serious injuries, the law does not ask whether there was another car coming from another direction also speeding that would have caused the same injuries:  "but-for" speeding through the red light, no accident would have occurred.

The non-infringing alternative is the more complex counterfactual.  The NIA asks the second question. The NIA asks not only, "what happens if you remove the infringing attribute from this product," but also "is there an available replacement?"[1]  Using an NIA is only appropriate where the laws of proximate causation—the *policies* behind the remedy at issue—warrant such use.  Because copyright disgorgement of profits is a deterrent remedy (*Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004)), use of NIAs is not appropriate.  The nature of the remedy at issue matters in assessing the proper use of NIAs.  *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 931 (7th Cir. 2003) (Posner, J.) ("Copyright infringement[,] unlike patent infringement[,] is an intentional tort, and by forcing the infringer to disgorge his profit should it exceed the copyright owner's loss[,] the law discourages infringement and encourages the would-be infringer to transact with the copyright owner rather than 'steal' the copyrighted work.").

---

[1] Prof. Kearl recognizes the remove/replace distinction as well.  ECF No. 1601-3 at 6.

Disgorgement of profits is presently an available remedy for three types of federally protected intellectual property:

- Copyright:  17 U.S.C. § 504(b): The copyright owner is entitled to recover … *any profits of the infringer that are attributable to the infringement* and are not taken into account in computing the actual damages. *In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.*

- Trademark:  15 U.S.C. § 1117:  [T]he plaintiff shall be entitled … to recover (1) *defendant's profits*, (2) any damages sustained by the plaintiff, and (3) the costs of the action …. *In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.*

- Design Patent:  35 U.S.C. § 289: Whoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied *shall be liable to the owner to the extent of his total profit* ….

There is no apportionment for design patents. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1441–42 (Fed. Cir. 1998) ("The Act of 1887, specific to design patents, removed the apportionment requirement when recovery of the infringer's profit was sought …."). [2] We have searched case law under the copyright and trademark statutes for circuit cases using NIAs in apportionment and found two rejecting their use and none approving it; we have also identified several cases discussing the use of the first-step counterfactual.

As previously noted, *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.* 772 F.2d 505 (9th Cir. 1985) controls here.  There, the MGM Grand Hotel illegally performed scenes from plaintiff's musical "Kismet" in a theatrical variety show. *Id.* at 510.  Two years later, after defendants removed the infringing scenes, the show "suffered no decline in attendance and the hotel received no complaints." *Id.* at 518.  The trial court permitted recovery of multiple revenue streams anyway, based upon a causal nexus showing that the MGM used such shows to enhance its hotel and gaming revenues. *Id.* at 517.  The Ninth Circuit affirmed this recovery, rejecting defendants' argument that the show was just as successful when the infringing scenes were *removed* and *replaced* with non-infringing scenes: "Just because one element could be omitted

---

[2] The Supreme Court recently granted certiorari on the interpretation of this provision. *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777, 2016 WL 1078934, at *1 (U.S. Mar. 21, 2016).

and the show goes on does not prove that the element was not important in the first instance and did not contribute to establishing the show's initial popularity." *Id*. at 518.

The Third Circuit also refused use of NIAs in a trademark case, also on policy grounds in light of the disgorgement remedy. *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 178 (3d Cir. 2005) (rejecting NIAs in trademark disgorgement because it "would not serve the Congressional purpose of making infringement unprofitable—[defendant] would be unjustly enriched and other would-be infringers would be insufficiently deterred").

We have found no circuit court case disagreeing with *Frank* or otherwise approving use of NIAs in a copyright or trademark disgorgement of profits analysis. There are cases that explicitly or implicitly discuss counterfactuals. The circuit court disgorgement cases discussing "but-for" counterfactuals without mention of NIAs include: *Walker v. Forbes, Inc.*, 28 F.3d 409, 411 (4th Cir. 1994) (defendant permitted to argue that after *removing* infringing photo, magazine would still run); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1175 (1st Cir. 1994) (stating "defendant can attempt to show that consumers would have purchased its product" even after removing the infringing element); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 167 (2d Cir. 2001) (*dicta* that infringer's profits "requires the court to explore circumstances that are counterfactual. The owner's entitlement to the infringer's profits is limited to the profits 'attributable to the infringement.' 17 U.S.C. § 504(b). The court, therefore, must compare the defendant's actual profits to what they would have been without the infringement, awarding the plaintiff the difference").

Other cases discuss use of NIAs in copyright *actual damages*. *See, e.g., Bucklew*, 329 F.3d at 931-32 (discussing *lost profits* argument that "[s]ince [defendant] would have been producing a close substitute, it would have taken sales from Bucklew, reducing Bucklew's profits"). Also, many Federal Circuit cases use NIAs in utility patent damages cases. *See, e.g., Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1375 (Fed. Cir. 2010) (entire market value rule); *Grain Processing Corp. v. American Maize Prods. Co.*, 185 F.3d 1341 (Fed. Cir. 1999) (lost profits); *Radio Steel & Mfg. Co. v. MTD Prods., Inc.*, 788 F.2d 1554, 1556 (Fed. Cir. 1986) (reasonable royalty).

- 3 -

ORACLE'S RESPONSE RE: COURT'S REQUEST FOR BRIEFING ON USE OF NIAS IN DISGORGEMENT

To establish an NIA in patent law, an alternative must be both (1) available or on the market, *and* (2) acceptable to purchasers. *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1373 (Fed. Cir. 2008).[3] Switching to a substitute long after the period of infringement commences is insufficient to demonstrate an acceptable non-infringing alternative. *See id.* Hence, even if NIAs were permissible in copyright disgorgement, Dr. Leonard's purported NIAs, such as using OpenJDK or some other programming language, are not actually non-infringing *alternatives* at all, because Google explicitly rejected these options at the time of the infringement.

*Grain Processing* is the case that Google's expert Dr. Leonard criticized in two separate articles, on the ground that use of NIAs would drive the value of intellectual property toward zero.[4] That judgment is certainly correct with respect to copyright, because this result vitiates the deterrent effect of the statute. In fact, using NIAs to calculate copyright disgorgement of profits violates both the statute and Ninth Circuit case law because NIAs undermine disgorgement's two goals: (1) to ensure the infringer does not benefit from a wrongful act and (2) to deter would-be infringers. *Polar Bear*, 384 F.3d at 708.

Indeed, Prof. Kearl provided algebraic proof that NIAs *would ensure* that an infringer benefits from its wrongful act—a clear violation of § 504(b). ECF No. 1621-3 at 6 (using NIAs "flips" the counterfactual equation by subtracting the "value" of the infringed input only, attributing any synergies to the infringer and none to the copyright owner). Moreover, in a world where disgorgement equals only the lowest cost alternative, a rational wrongdoer will *deliberately* infringe the copyright and gladly pay actual damages or disgorgement as either would still leave the infringer with a profit. *Walker*, 28 F.3d at 412 (discussing importance of deterring this "'efficient infringement,' i.e., situations where the profit exceeded the licensing fee, leaving

---

[3] *Amended on other grounds*, 557 F.3d 1377, 1378 (Fed. Cir. 2009). Even if the evidence shows the infringer "had the ability, the resources, and the desire" to use an alternative, but that alternative "was not as good as it would like," that alternative is *not* an NIA. *Id.*

[4] Jerry Hausman & Gregory K. Leonard, *Real Options and Patent Damages: The Legal Treatment of Non-Infringing Alternatives, and Incentives To Innovate,* 20 Journal of Economic Surveys 493, 495 (2006); *accord* Jerry A. Hausman, Gregory K. Leonard & J. Gregory Sidak, *Patent Damages and Real Options: How Judicial Characterization of Noninfringing Alternatives Reduces Incentives to Innovate,* 22 Berkeley Tech. L. J. 825, 826-27 (2007).

1  infringers indifferent as to whether they paid up front or paid in court").  This vitiates deterrence,
2  eviscerates the incentive to seek licenses, and ultimately destroys the value of copyrights.
3        Finally, using NIAs to calculate disgorgement does both more than the statute intends and
4  less.  It is overinclusive because it would require disgorgement of the defendant's avoided costs
5  even if there is no profit at all.  ECF 1582-8 (Kearl Depo.) 189:22-190:8.  It is underinclusive
6  where, as here, the infringer earned the profits and then uses NIAs to justify retention on the
7  theory that it had a perfectly good and costless substitute that it simply did not bother to use.  *Id.*
8  at 190:9-21; ECF 1582-7 (Kearl Rpt.) ¶ 10.

Dated: April 15, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Annette L. Hurst*
    Annette L. Hurst

Counsel for ORACLE AMERICA, INC.

- 5 -  ORACLE'S RESPONSE RE: COURT'S REQUEST FOR BRIEFING ON USE OF NIAS IN DISGORGEMENT