KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Telephone:    (404) 572-4600
Facsimile:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **DEFENDANT GOOGLE INC.'S RESPONSE TO ORACLE'S CRITIQUE OF DRAFT FAIR USE INSTRUCTIONS** <br><br> Dept.:     Courtroom 8, 19th Fl. <br> Judge:    Hon. William Alsup |

1    Defendant Google Inc. ("Google") respectfully submits the following in response to the
2    Court's April 14, 2016 Request For Further Response Re Fair Use Instructions (ECF No. 1666).
3    Oracle's critique of the Court's draft instructions on fair use (ECF No. 1663) is not fairly
4    responsive to the Court's request; relies on specific words or phrases in the draft instructions to
5    argue that the jury will not follow the instructions as a whole; and seeks to improperly incorporate
6    in the instructions only language from the Federal Circuit opinion or other sources that Oracle
7    believes is favorable to it.  Oracle's critique reflects Oracle's continued unhappiness with the
8    Federal Circuit's express acknowledgement that fair use must be decided on a case-by-case basis
9    in view of all the relevant evidence, including the four "nonexclusive" factors identified in 17
10   U.S.C. § 107, *Oracle Am. v. Google Inc.*, 750 F.3d 1339, 1371 (Fed. Cir. 2014) (quoting *Harper
11   & Row v. Nation Enters.*, 471 U.S. 539, 549 (1985)), and the Federal Circuit's conclusion that the
12   issue of fair use must be submitted to the jury.  *Id.* at 1376-78.

13   Oracle's critique is in effect a request that a verdict be directed in Oracle's favor on
14   certain issues, based on selected language in the Federal Circuit opinion.  *E.g.,* ECF No. 1663
15   (Oracle Critique) at 2 ("the instruction on commercial use should direct a finding in Oracle's
16   favor"); *id.* at 5 (citing alleged Federal Circuit "findings" regarding Java ME).  The Federal
17   Circuit did not purport to make any "findings" that are controlling on any of the factual issues to
18   be considered by the jury; it instead determined that the fair use issue could not be decided on the
19   record before it.

20   In its request for critiques of the draft instructions, the Court asked the parties to limit their
21   critiques to "their best points" and reserve "lesser objections" for now.  Oracle's response
22   nonetheless criticizes virtually every portion of the Court's instructions and even raises issues
23   regarding the use of specific words in the draft instructions.  *E.g.,* ECF No. 1663 (Oracle
24   Critique) at 2 (use of "productive"); *id.* at 4 (use of "innovative").  In doing so, Oracle takes
25   individual words and phrases in the draft instructions out of context to argue that they will cause
26   the instructions as a whole to provide the jury with incorrect guidance.  *E.g., id.* at 1 (arguing that
27   reference in draft instructions to "plagiarism" will cause jury to believe that the Copyright Act
28   protects only against counterfeiting); *id.* at 2 (arguing that use of "productive" will cause jury to

1

**GOOGLE'S RESPONSE TO ORACLE'S CRITIQUE OF DRAFT FAIR USE INSTRUCTIONS**
Case No. 3:10-cv-03561 WHA

believe that "productivity" alone defines transformative uses).

Oracle's arguments are premised on the unstated and unwarranted assumption that the jury will not follow the Court's direction to consider the instructions as a whole, will focus on one word or phrase, will take that word or phrase out of context, and will base its verdict on a misunderstanding of that word or phrase, notwithstanding the Court's clear instruction that the jury must explore, discuss and evaluate all of the relevant fair use factors and weigh them together in light of the purposes of copyright. ECF No. 1615 (Draft Instructions) at 5. There is no basis for this assumption. Read as a whole, the Court's draft instructions explain to the jury that they must decide the fair use issue based on consideration of several different factors and that no one factor is dispositive. *Id.*

Oracle also levies criticisms that are legally flawed. Oracle takes issue, for example, with the Court's language regarding "adding value." ECF No. 1663 (Oracle Critique) at 2. In one of its most recent fair use decisions, however, the Ninth Circuit expressly recognized that a use is transformative if it "***adds value*** to the original—if the quoted matter is used as raw material, transformed in the creation of new information, new aesthetics, new insights and understandings" and that the addition of such value "is the very type of activity that the fair use doctrine intends to protect for the enrichment of society." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1176 (9th Cir. 2013) (emphasis added) (*quoting* P. Leval, *Toward a Fair Use Standard*, 103 HARV. L. REV. 1105 (1990)).

The Court's use of the term "productive" in the draft instructions, *see* ECF No. 1615 (Oracle Critique) at 2, is also appropriate. *See Seltzer,* 725 F.3d at 1176 (quoting Judge Leval's article for the proposition that, to be transformative, the use "must be productive" and employ the quoted material "in a different manner" or for a different purpose); *see also Harper & Row*, 471 U.S. at 561 (recognizing that whether news article is a "productive use" is "one factor in a fair use analysis"); *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 455 n.40 (1984) (rejecting categorical test based on whether use is "productive," but noting that the distinction between "productive" and "unproductive" uses "may be helpful in calibrating the [fair use] balance.").

Oracle's criticism regarding the Court's reference to "transformative use" in connection

2
GOOGLE'S RESPONSE TO ORACLE'S CRITIQUE OF DRAFT FAIR USE INSTRUCTIONS
Case No. 3:10-cv-03561 WHA

with the third factor, ECF No. 1663 (Oracle Critique) at 4, is similarly unfounded.  In *Campbell*, the Supreme Court acknowledged that factors three and one are properly related to one another. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 586-87 (1994) (the enquiry with respect to the third factor "harkens back to the first of the statutory factors, for, as in prior cases, we recognize that the extent of permissible copying varies with the purpose and character of the use."); *id.* at 587-88 ("a dearth of transformative character or purpose" may be shown if a substantial portion of the second work was copied verbatim from the first).

Finally, Oracle cites the Federal Circuit's opinion only selectively.  For example, Oracle suggests that the Court should incorporate as "findings" certain of the Federal Circuit's observations regarding the evidence at the first trial regarding Java ME.  ECF No. 1663 (Oracle Critique) at 5; *see Oracle Am.*, 750 F.3d at 1350.  But Oracle ignores that the Federal Circuit expressly later found that "there are material facts in dispute on this factor."  750 F.3d at 1377. Oracle also ignores the next sentence of the opinion, which noted that "Sun/Oracle has never successfully developed its own smartphone platform using Java." *Id.* at 1350.

More importantly, Oracle would prefer that the instructions not include any references to the issues of interoperability, compatibility, necessity and developer familiarity that the Federal Circuit "expressly noted" were potentially relevant to two of the four fair use factors.  *Id.* at 1376-77; *see also id.* at 1371-72; ECF No. 1661 (Google Critique) at 4-5.  As the Federal Circuit found, these issues are "particularly" significant with respect to the "those core packages which it seems may be necessary for anyone to copy if they are to write programs in the Java language" as well as other packages that are "similarly essential components of any Java language-based program."  *Oracle Am.*, 750 F.3d at 1377 ("We find this particularly true . . .").

For the jury instructions to reflect the guidance that the Federal Circuit provided, the instructions should include these issues as well as the language regarding functional works, ECF No. 1615 (Draft Instructions) at 4, with which Oracle also incorrectly takes issue.  ECF No. 1663 (Oracle Critique) at 4.  The Federal Circuit made clear that "the functional aspects of the packages" should be considered in connection with fair use. *Oracle Am.*, 750 F.3d at 1377-78.

DATED: April 18, 2016  KEKER & VAN NEST LLP

By: /s/ Robert A. Van Nest
    ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.