ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO GOOGLE'S CRITIQUE OF THE COURT'S PROPOSED JURY INSTRUCTIONS (ECF NO. 1661) PER THE COURT'S REQUEST (ECF NO. 1666)**<br><br>Trial: May 9, 2016 at 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

Oracle files this response to Google's response ("Resp.") to the Court's proposed jury instructions. Google's critique does not address the numerous issues in the Court's proposed instructions identified by Oracle in its critique. *See* ECF No. 1663. In addition, Google's proposed additions, ECF No. 1661, are themselves erroneous and constructed to ensure a defense verdict. Three pages is not sufficient to address the many errors in Google's proposals, which will be addressed in full in Oracle's jury instruction brief due later this week (Wednesday).

***Google's copying.*** Google quibbles (at 5) with the proposed instruction regarding Google "copying." Google's complaint ignores the jury verdict and Federal Circuit's findings that "Google copied the declaring source code" and "copied … the … 'SSO' of the 37 packages." 750 F.3d 1339, 1350-51 (2014); ECF No. 1089 (Verdict) (Google "infringed"). Google proposes that the Court instruct the jury to "assume" Google "used" Oracle's work. No assumption is required. Google's copying has been found, and Google "concedes" it. 750 F.3d at 1356.

***Additional fair use factors.*** Though the statutory "factors are not necessarily … exclusive," they "do, however, provide substantial guidance to courts undertaking the proper fact-specific inquiry." *Harper & Row Publ'rs v. Nation Enters.*, 471 U.S. 539, 588 (1985) (Brennan, J., dissenting). The "essence" of fair use "look[s] to the nature and objects of the selections made, the quantity and value of the materials used, and the degree in which the use may prejudice the sale, or diminish the profits, or supersede the objects, of the original work." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 576 (1994) (quotation marks omitted); *id.* at 579 (this is "central purpose" of fair use). But Google seeks to turn fair use into an unbounded inquiry where the jury can consider any factor it "deems appropriate" or to propose a potpourri of factors aimed at discerning overall fairness and reasonableness. Resp. 2. Fair use "is not some open-ended referendum on 'fairness,'" nor is it an "infinitely" "elastic inquiry" for which any fact can be considered. *Sony BMG Music Entm't v. Tenenbaum*, 672 F. Supp. 2d 217, 226 (D. Mass. 2009).

Significantly, Google cites no case that adopts any of its proposed factors *as factors*—and for good reason. Those considerations, to the extent they are relevant, are already part of the fair use inquiry. For example, instead of providing binding authority, Google relies on *dicta* in *Wall Data, Inc. v. L.A. Cnty. Sheriff's Dep't*, 447 F.3d 769, 778 (9th Cir. 2006), which says courts

should "bear in mind" whether "a reasonable copyright owner would have consented … i.e., where the custom and public policy … would have defined the use as reasonable." 447 F.3d at 778.  This is not a factor (and certainly not a basis for multiple factors); rather, it is the Ninth Circuit's explanation of the common law objectives of fair use.  However, the four factors were adopted to meet the objective of fair use at common law.  *Harper & Row*, 471 U.S. at 549.  Thus, the "factors" proposed by Google are neither authorized by binding authority nor needed.

Google proposes that "use … similar to uses by other parties" supports fair use, Resp. 2, but cites *no authority* for that proposition.  Such an instruction would be highly prejudicial here where we know that the examples Google intends to rely on as "other uses" (Apache and GNU) were both unauthorized and unlicensed—and disputed by Oracle.  Finally, Google's proposal that the jury consider "benefits [to] the public," relies on an out-of-circuit case, and invites the jury to consider its own personal views of Google and Android, divorced from copyright law.  Any instruction about policy must detail the public policy benefits of copyright protection, including fostering the development of new creative works, which Google's proposal omits, and must advise the jury of the policy consequences of permitting a party to pirate another's work.

***Transformation.***  Oracle agrees that the Court should instruct the jury, as per the Federal Circuit's decision, but *minus the unexplained alterations added by Google*, Resp. 4:  "A use is transformative if it adds something new, with a further purpose or different character, altering the first with new expression, meaning or message.  The critical question is whether the new work merely supersedes the objects of the original creation or instead adds something new."  As Oracle has explained previously, ECF Nos. 1553-4 (Astrachan MIL) at 2-3, 1632 (Astrachan Reply) at 1-3, Google is wrong that simply "incorporating the elements of the first work as part of a broader work" is transformative and that "[t]he new work need not change the elements of the original work in order for the new work to be transformative," Resp. 4.  The Federal Circuit held:  "A work is not transformative where the user 'makes no alteration to the *expressive content* or message of the original work." 750 F.3d at 1374 (quotation marks omitted).  The cases Google cites (at 3) to try to get around this clear statement from the Federal Circuit do no such thing.  *Perfect 10* and *Kelly* both involve significant alterations to the original.  *See* ECF No. 1632 at 1-2

- 2 -   ORACLE'S RESPONSE TO GOOGLE'S CRITIQUE
OF THE COURT'S PROPOSED JURY INSTRUCTIONS

(discussing *Perfect 10* and *Kelly*). *Wall Data* and *Monge* (*cited by* Resp. 3) are both cases where the Ninth Circuit *rejected* that defendant's use was transformative. A use cannot be transformative if "the use is for the same intrinsic purpose as the copyright holder's," whether in a broader work or not. *Oracle Am.*, 750 F.3d at 1375 (quotation marks omitted). Google and its technical expert both concede that Google uses Oracle's copyrighted work for the same purpose. ECF No. 1553-4 at 2-3 (collecting Google's and Astrachan's admissions).

*Interoperability, compatibility, and necessity.* Google suggests that the Federal Circuit endorsed a separate instruction about "Google's desire to leverage the existing knowledge of software developers familiar with the Java language and achieve commercial interoperability." Resp. 4. But the Federal Circuit did no such thing. It indicated that the jury "may" find these considerations relevant "under the second and third factors," 750 F.3d at 1377, after having explained how *actual* "necess[ity] to copy" for interoperability could be relevant, *id.* at 1375. That is already encompassed in the instructions on factor two, and so no further instruction is required.

Regardless, Google's instruction does not even address the commercial considerations the Federal Circuit referenced. Google's proposed language—"whether some or all of the elements of the 37 API packages are necessary to write programs in the Java language," "are essential components of any Java language-based program," and "promote compatibility and/or interoperability with the Java language," Resp. 5—goes to matters rejected by the Federal Circuit:

- "[I]t is undisputed that … Google did not need to copy the structure, sequence, and organization of the Java API packages to write programs in the Java language," 750 F.3d at 1365;
- "[A]s the court acknowledged, nothing prevented Google from writing its own declaring code, along with its own implementing code, to achieve the same result," *id.* at 1361.

Moreover, Google continues to represent to the Court that "Google's fair use arguments do not rest on the idea that the Java programming language requires all of the APIs." ECF No. 1605 (Google Astrachan Opp.) at 6-7; *see also* 4/12/2016 Hr'g Tr. (not yet available). Google's proposed instruction certainly calls these representations into question. In any event, Google's proposed instruction, which essentially instructs the jury to weigh considerations different than the ones that the Federal Circuit held *may or may not* be relevant, are covered by the existing fair use factors, and any further instruction would be prejudicial to Oracle.

- 3 -  ORACLE'S RESPONSE TO GOOGLE'S CRITIQUE OF THE COURT'S PROPOSED JURY INSTRUCTIONS

Dated: April 18, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Lisa T. Simpson*
Lisa T. Simpson

Counsel for ORACLE AMERICA, INC.