KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br>              Plaintiffs, <br><br>        v. <br><br> GOOGLE INC., <br><br>              Defendant. | Case No.  3:10-cv-03561 WHA (DMR) <br><br> **GOOGLE'S RESPONSE TO THE COURT'S PROPOSED JURY SELECTION PLAN (ECF NO. 1630)** <br><br> Dept.        Courtroom 8, 19th Fl. <br> Judge:       Hon. William Alsup |

Pursuant to the Court's Order, defendant Google Inc. ("Google") hereby submits the following comments on and objections to the procedure outlined in ECF No. 1630.

In the Court's proposed questionnaire (ECF No. 1630-1), Question 9(e) asks the prospective juror about any strong opinions related to three different things: (1) the lawsuit; (2) the parties; and (3) the counsel for the parties. Google respectfully suggests that the question should be broken out into three parts, asking the potential juror whether he or she has opinions about the lawsuit; whether he or she has opinions about the parties; and whether he or she has opinions about counsel.

Google further suggests that the venire should be asked to provide any responses that they have about opinions relating to the lawsuit, the parties, and counsel prior to hearing the mini-openings but after the Court reads a brief neutral statement describing the case to the venire. This would allow the jurors to disclose whether they have biases prior to hearing from counsel; it would not be improper for jurors to develop at least preliminary feelings about the case, parties or counsel after hearing mini-opening statements. If the Court does proceed with mini-openings prior to the questionnaires being completed, Google suggests that the question asked be changed from asking whether the juror has "a strong opinion" to whether the juror had "any opinion, favorable or unfavorable, prior to hearing about the case here in court today" about the case, the parties, or counsel. Google further suggests that the answers to these questions be changed to "Yes, I have an opinion" and "No, I do not have an opinion."

Google does not object to the Court's proposed procedure of putting those potential jurors with strong opinions about potential witnesses (Question 9.d) at the end of the list (paragraphs 6 and 9). However, if the Court does proceed with mini-openings prior to the questionnaires being completed, Google objects to the Court's proposal to put potential jurors who have views on the lawsuit, the parties, or counsel at the end of the list, especially if they are noting their views after having heard mini-openings. Those who begin to develop views at that point may in fact be the most attentive potential jurors. Google therefore respectfully suggests the procedure in paragraphs 6 and 9 be applied only to those persons who report strong opinions in response to the Court's Question 9.d.

Finally, with respect to the preamble of Question 9, Google notes that the plaintiff in the case is "Oracle America, Inc." and not "Oracle Corporation."  Google also suggests that the Court omit mention of the size of the damages award being sought by Oracle in the preamble to Question 9 and state instead: "is seeking a damages award."  Google further suggests that the Court include a request regarding past relationships with Sun Microsystems, Inc. in Question 9.c.

Dated:  April 18, 2016                      KEKER & VAN NEST LLP

By:   /s/ Robert A. Van Nest
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.