KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA (DMR) <br><br> **SUMMARY OF DEFENDANT GOOGLE INC.'S PROPOSED MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY THAT IS RECITATION OF A PREFERRED VERSION OF DISPUTED FACTS** <br><br><br> Dept.       Courtroom 8, 19th Fl. <br> Judge:     Hon. William Alsup |

SUMMARY OF DEFENDANT GOOGLE INC.'S PROPOSED MOTION IN LIMINE TO PRECLUDE
EXPERT TESTIMONY THAT IS RECITATION OF A PREFERRED VERSION OF DISPUTED FACTS
Case No. 3:10-cv-03561 WHA (DMR)

1042192.01

**SUMMARY OF PROPOSED MOTION**

Under Federal Rules of Evidence 602, 701, and 702, as well as relevant orders and case law, defendant Google Inc. ("Google") seeks an order excluding *in limine* expert testimony offered by Oracle America Inc. ("Oracle") consisting of the expert's recitation of his/her preferred version of disputed facts. This motion is based on the below memorandum, the Declaration of Edward Bayley ("Bayley Decl."), and accompanying exhibits, the entire record in this matter, and on such evidence as may be presented at the hearing of this motion.

This case concerns a host of disputed facts that the jury will need to resolve, including without limitation (a) Sun's historic practices regarding the declarations/SSO of the APIs at issue, (b) the import of statements made by Sun/Oracle representatives concerning Android and Java, (c) the relationship between the feature phone and smartphone markets, and (d) the relative importance of various factors at play in those markets. The Federal Rules of Evidence (including Rules 402, 602, 701, and 702) and this Court's Orders will govern the permissible scope of witness testimony. In particular, this Court has ordered that "experts lacking percipient knowledge should avoid vouching for the credibility of witnesses, i.e., **whose version of the facts in dispute is correct**…. This will make clear that the witness is not attempting to make credibility and fact findings…." ECF No. 56 ¶ 12 (emphasis added).

Notwithstanding these principles, Oracle's experts seek to offer extensive testimony that is nothing more than Oracle's preferred interpretation of a host of disputed facts. *See, e.g.*, Bayley Decl., Ex. F ¶¶ 174-178; 221 (Malackowski, 1/8/2016 Report), Ex. A ¶¶ 10-20; 132-142 (Jaffe, 2/8/2016 Report), Ex. C ¶¶ 77-94 (Kemerer, 1/8/2016 Report). These experts lack any percipient witness knowledge of this material, and therefore the testimony is not within the parameters of Federal Rules of Evidence 602 and 701. This testimony also is not proper under Federal Rule of Evidence 702, as it merely seeks to make credibility determinations within jury's province.

Accordingly, Google respectfully requests that Oracle's experts be precluded from offering expert testimony that is recitation of a preferred version of disputed facts.

1

SUMMARY OF DEFENDANT GOOGLE INC.'S PROPOSED MOTION IN LIMINE TO PRECLUDE
EXPERT TESTIMONY THAT IS RECITATION OF A PREFERRED VERSION OF DISPUTED FACTS
Case No. 3:10-cv-03561 WHA (DMR)

1042192.01

| | |
|---|---|
| Dated: March 23, 2016 | KEKER & VAN NEST LLP |
| | By: */s/ Robert A. Van Nest*<br>ROBERT A. VAN NEST<br>CHRISTA M. ANDERSON<br>DANIEL PURCELL |
| | Attorneys for Defendant<br>GOOGLE INC. |

2

SUMMARY OF DEFENDANT GOOGLE INC.'S PROPOSED MOTION IN LIMINE TO PRECLUDE
EXPERT TESTIMONY THAT IS RECITATION OF A PREFERRED VERSION OF DISPUTED FACTS
Case No. 3:10-cv-03561 WHA (DMR)

1042192.01

ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO GOOGLE'S SUMMARY MOTION IN LIMINE RE: DISPUTED FACTS**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

It is difficult to see how Google's motion, if granted, would allow for any expert testimony at all. It is black letter law that Federal Rule of Evidence 703 permits experts to base their opinions on facts that are not yet admitted into evidence or facts that are even inadmissible so long as "experts in the particular field would reasonably rely on those kinds of facts." An expert may *testify* on even inadmissible facts (and without first-hand knowledge) if "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.* Experts are likewise permitted to base their opinions on *disputed* facts and data, and there is nothing wrong with asking an expert "for his or her opinion based—explicitly—upon an assumed fact scenario." ECF No. 56 ¶ 12. Even testimony based on an "untested and partisan foundation" is allowed if a witness with first-hand knowledge is subject to cross-examination:

> The traditional and correct way to proceed is for a foundational witness to testify firsthand at trial to the foundational fact … and to be cross-examined. Then the expert can offer his or her opinion on the assumption that the foundational fact is accepted by the jury. The expert can even testify before the foundation is laid so long as counsel represents in good faith that the foundational fact will be laid before counsel rests.

*Therasense, Inc. v. Becton, Dickinson & Co.*, No. C 04-02123 WHA, 2008 WL 2323856, at *2 (N.D. Cal. May 22, 2008).

Google knows that Rule 703 allows opinions based on "facts or data in the case that the expert has been made aware of," even if those facts or data are disputed or not yet admissible because that's exactly what Google's experts do. *See* Astrachan 1st Rpt. ¶ 172 ("I have also considered the testimony of Dan Bornstein about Google's choice of which Java APIs to implement. That testimony comports with my own opinion ...."); Leonard 1st Rpt. nn. 160-166 (purporting to cite percipient witness testimony as basis for opinion). These are examples; Google's experts routinely consider facts they did not perceive—facts that are disputed and not yet admitted into evidence. The portions of Oracle's experts' reports Google objects to are no different and are based largely on admitted exhibits and testimony from the first trial, which will be admitted and tested through cross-examination at the retrial. Google's motion, seeking to exclude all expert opinion based on disputed facts, is meritless, amounts to a motion to strike entirely permissible and proper expert testimony, and should accordingly be denied.

| | |
|---|---|
| Dated: April 4, 2016 | Respectfully submitted, |
| | Orrick, Herrington & Sutcliffe LLP |
| | By: */s/ Annette L. Hurst*<br>Annette L. Hurst |
| | Counsel for ORACLE AMERICA, INC. |

Case 3:10-cv-03561-WHA   Document 1697   Filed 04/20/16   Page 6 of 6

MOTION IN LIMINE RE: DISPUTED FACTS