KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No. 3:10-cv-03561 WHA (DMR)<br><br>**SUMMARY OF DEFENDANT GOOGLE INC.'S PROPOSED MOTION IN LIMINE RE FINANCIAL INFORMATION**<br><br>Dept.　　Courtroom 8, 19th Fl.<br>Judge:　　Hon. William Alsup |

**MOTION AND RELIEF REQUESTED**

Oracle has signaled its intention to put front and center during the liability phase evidence Google's finances, including Android-related revenues and profits. Such damages-related evidence is not relevant to any fair use issue and would only serve to prejudice the jury. *U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 897 (D.C. Cir. 2010) (finding evidence of defendant's wealth "both irrelevant and prejudicial"). Even as to the issue of commercial use, the Court should exclude such evidence. It is undisputed that certain Google revenue-generating products can run on Android phones, but the particular amount of revenues generated by those products is entirely irrelevant to the fair use factors. There is no need for Oracle to inject detailed financials into the liability phase where "the danger that this evidence would unfairly prejudice the jury [is] overwhelming." *La Plante v. Am. Honda Motor Co.*, 27 F.3d 731, 740 (1st Cir. 1994). Oracle's strategy is particularly prejudicial to Google here because it might unnecessarily result in the public exposure of Google's Android-related financial data, which Google does not publicly release. Indeed, Oracle has already made gratuitous disclosures of such confidential information in this case. Accordingly, the Court should exclude this testimony (and other, similar evidence) from the liability phase under Rules 402 and 403, and direct Oracle to present any such evidence that may be relevant during the damages phase.

Further, Oracle should be precluded from eliciting testimony regarding Oracle's purchase price for Sun's assets. Nothing about the amount Oracle paid Sun for a package of varied assets (of which Java-related material was only a small portion) tends to prove that Google's use of the declarations/SSO in certain APIs does or does not qualify as "fair use." Moreover, none of the damages experts have used any valuation or purchase price for "Java" as a basis for their analyses. Notably, this issue came up in the first trial, and the Court warned Oracle that it should not attempt to "springboard [this fact] into a large damage award." Trial Tr. vol. 1, 16, Apr. 16, 2002. Yet, on day three of trial, an Oracle witness gratuitously stated the purchase price during his testimony. Trial Tr. vol. 3, 521, Apr. 18, 2012. Given the potential for extreme prejudice from such "accidental" disclosures, Google moves to exclude any such evidence and testimony from both the liability and damages phases of the trial.

1
SUMMARY OF DEFENDANT GOOGLE INC.'S
PROPOSED MOTION IN LIMINE RE FINANCIAL INFORMATION
Case No. 3:10-cv-03561 WHA (DMR)

1042131

1
2  Dated: March 23, 2016                                KEKER & VAN NEST LLP
3
4                                         By:    */s/ Robert A. Van Nest*
                                                 ROBERT A. VAN NEST
5                                                CHRISTA M. ANDERSON
                                                 DANIEL PURCELL
6
                                                 Attorneys for Defendant
7                                                GOOGLE INC.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2
SUMMARY OF DEFENDANT GOOGLE INC.'S
PROPOSED MOTION IN LIMINE RE FINANCIAL INFORMATION
Case No. 3:10-cv-03561 WHA (DMR)

1042131

ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>            Plaintiff,<br><br>     v.<br><br>GOOGLE INC.<br><br>            Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO GOOGLE'S SUMMARY MOTION IN LIMINE RE: FINANCIAL INFORMATION**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

In seeking to preclude evidence of Android's revenues on fair use, Google raises again an objection that the Court already overruled in the first trial: "These are Google's own internal documents showing how many billions of dollars they expected to make off of this [Android].… This [Android] was intended for commercial purposes with large amounts of money at stake and, therefore, it was not fair use. It was copying." Tr. 1421:9-15; *see* Tr. 1415:22-1421:19.

The first factor ("purpose and character of the use") considers both commerciality and transformation. *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1173-77 (9th Cir. 2012). The jury "must weigh the extent of any transformation … against the significance of other factors, including commercialism, that militate against fair use." *Sony Computer Entm't, Inc. v. Connectix Corp.*, 203 F.3d 596, 607 (9th Cir. 2000); *see also Monge*, 688 F.3d at 1183 ("the minimal transformation … is amply outweighed by its commercial use"); *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1167 (9th Cir. 2007) ("weigh[ing]" commercial versus transformative use). Oracle must be permitted to show the extent of Google's commercial exploitation because "the commercial nature of a use is a matter of degree, not an absolute," *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1522 (9th Cir. 1992), and "the degree to which the new user exploits the copyright for commercial gain … affects the weight we afford commercial nature as a factor," *Elvis Presley Enters., Inc. v. Passport Video*, 349 F.3d 622, 627 (9th Cir. 2003). Evidence of Android's financials is particularly critical here to rebut Google's attempts to minimize Android's commerciality by emphasizing that Google gives away Android for "free." 2/24/16 Hr'g (Tutorial) at 13:7-11.

Google also seeks to exclude Sun's purchase price. The Court already overruled this objection, permitting Oracle to show the jury a slide containing the price as "background fact" and cautioning the parties not to overstep. Tr. 16:4-11. Oracle plans to abide by the Court's earlier order. Moreover, the purchase price is relevant to the value of Java under the fourth factor. The price shows Oracle's commitment to Java and rebuts Google's claim that Java was stagnant, of diminished value, and that Oracle purchased Sun just to pursue this lawsuit. The amount Oracle paid and that it retained so many Sun employees shows the high value Oracle placed on Java. The purchase price also is necessary to establish the value of Java and the harm Google's copying caused to Java and its derivatives, rebutting Google's claims of exaggerated damages numbers.

| | |
|---|---|
| Dated: April 4, 2016 | Respectfully, |
| | Orrick, Herrington & Sutcliffe LLP |
| | By: */s/ Annette L. Hurst* |
| | Annette L. Hurst |
| | Counsel for ORACLE AMERICA, INC. |