KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:      (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                   Plaintiffs,<br><br>          v.<br><br>GOOGLE INC.,<br><br>                   Defendant. | Case No. 3:10-cv-03561 WHA (DMR)<br><br>**SUMMARY OF DEFENDANT GOOGLE INC.'S PROPOSED MOTION IN LIMINE TO EXCLUDE UNNECESSARY TESTIMONY CONCERNING CASE LAW, LEGAL PROCEEDINGS, AND RELATED MATTERS**<br><br><br>Dept.        Courtroom 8, 19th Fl.<br>Judge:       Hon. William Alsup |

1042139.01

1

**MOTION AND RELIEF REQUESTED**

2

Under Federal Rules of Evidence 401, 402, and 403, defendant Google Inc. ("Google")

3

hereby moves the Court for an order excluding *in limine* all evidence, opinion and argument

4

offered by Oracle America, Inc. ("Oracle") regarding (1) irrelevant and unnecessary discussion of

5

legal concepts, history and standards other than those applied by experts as necessary to render

6

their opinions; (2) statements purporting to repeat or interpret language in the Federal Circuit and

7

District Court opinions rendered in this case; and (3) statements made by counsel in briefing and

8

oral argument in the Federal Circuit and District Court proceedings in this case. It is the province

9

of the Court to instruct the jury with regard to the law (including case law) that the jury must

10

consider and apply in rendering its verdict. *See Burkart v. Washington Metro. Area Transit Auth.*,

11

112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,'

12

called a judge, and it is his or her province alone to instruct the jury on the relevant legal

13

standards."). Further, attorney statements in oral argument or briefing constitute argument, not

14

evidence for the jury. *In re Ahaza Sys., Inc.*, 482 F.3d 1118, 1122 n.1 (9th Cir. 2007) ("arguments

15

and statements of counsel are not evidence").

16

Here, however, Oracle seeks to inject (through experts and other witnesses) its own

17

detailed interpretation of the historical background of applicable law, including testimony

18

repeating or interpreting language from the opinions of this Court and the Federal Circuit. *See,*

19

*e.g.*, Bayley Decl., Ex. C nn. 7, 9-10, & n. 28; ¶¶ 33, 36, 54, 64 (Kemerer, 1/8/2016 Report)

20

(citing court opinions); Ex.A ¶¶ 174-88 (Jaffe, 2/8/2016) (discussing the importance of copyright

21

and intellectual property, its constitutional underpinning, the purpose of the Copyright Act); Ex. F

22

¶¶ 43-46, 280 (Malackowski, 1/8/2016 Report) (discussing "Statements by the District Court").

23

Such evidence is not relevant to the jury's consideration of fair use, and is therefore inadmissible.

24

Furthermore, this type of testimony and/or argument will only confuse the jury, as well as unduly

25

prejudice Google by encouraging the jury to view Oracle, and not this Court, as instructing the

26

jury as to the law. Fed. R. Evid. 403.

27

28

1042139.01

1

Dated: March 23, 2016                          KEKER & VAN NEST LLP

2

3                                       By:    */s/ Robert A. Van Nest*
                                               ROBERT A. VAN NEST
4                                              CHRISTA M. ANDERSON
                                               DANIEL PURCELL
5
                                               Attorneys for Defendant
6                                              GOOGLE INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1042139.01

1   ORRICK, HERRINGTON & SUTCLIFFE LLP
    KAREN G. JOHNSON-MCKEWAN (SBN 121570)
2   kjohnson-mckewan@orrick.com
    ANNETTE L. HURST (SBN 148738)
3   ahurst@orrick.com
    GABRIEL M. RAMSEY (SBN 209218)
4   gramsey@orrick.com
    405 Howard Street, San Francisco, CA  94105
5   Tel: 1.415.773.5700 / Fax: 1.415.773.5759
    PETER A. BICKS (*pro hac vice*)
6   pbicks@orrick.com
    LISA T. SIMPSON (*pro hac vice*)
7   lsimpson@orrick.com
    51 West 52nd Street, New York, NY  10019
8   Tel: 1.212.506.5000 / Fax: 1.212.506.5151

9   BOIES, SCHILLER & FLEXNER LLP
    DAVID BOIES (*pro hac vice*)
10  dboies@bsfllp.com
    333 Main Street, Armonk, NY  10504
11  Tel: 1.914.749.8200 / Fax: 1.914.749.8300
    STEVEN C. HOLTZMAN (SBN 144177)
12  sholtzman@bsfllp.com
    1999 Harrison St., Ste. 900, Oakland, CA  94612
13  Tel: 1.510.874.1000 / Fax: 1.510.874.1460

14  ORACLE CORPORATION
    DORIAN DALEY (SBN 129049)
15  dorian.daley@oracle.com
    DEBORAH K. MILLER (SBN 95527)
16  deborah.miller@oracle.com
    MATTHEW M. SARBORARIA (SBN 211600)
17  matthew.sarboraria@oracle.com
    RUCHIKA AGRAWAL (SBN 246058)
18  ruchika.agrawal@oracle.com
    500 Oracle Parkway,
19  Redwood City, CA 94065
    Tel: 650.506.5200 / Fax: 650.506.7117

20  *Attorneys for Plaintiff*
    ORACLE AMERICA, INC.

21              UNITED STATES DISTRICT COURT

22              NORTHERN DISTRICT OF CALIFORNIA

23              SAN FRANCISCO DIVISION

24  ORACLE AMERICA, INC.                    Case No. CV 10-03561 WHA

25                  Plaintiff,              **ORACLE'S RESPONSE TO GOOGLE'S**
            v.                              **SUMMARY MOTION IN LIMINE**
26                                          **RE: CASE LAW AND LEGAL**
    GOOGLE INC.                             **PROCEEDINGS**
27                  Defendant.
                                            Dept.: Courtroom 8, 19th Floor
28                                          Judge: Honorable William H. Alsup

1   Google's motion to exclude all evidence, opinion, and argument that acknowledges or ap-

2   plies applicable law flies in the face of this Court's orders and the law of the case doctrine.  This

3   Court has on numerous occasions acknowledged that the Federal Circuit's opinion is law of the

4   case, and that it will form a large part of the jury's instructions on fair use.  ECF No. 1518 (Re-

5   quest for Brief on Jury Instr.); Feb. 24, 2016 Hr. Tr. 51:9-14 ("[W]e have some law of the case

6   here … basically I'm just going to lift what the Federal Circuit told us and tell the jury that.").

7   The jury will be instructed that this trial is about infringement subject to fair use because of the

8   first jury's verdict, party admissions, and the Federal Circuit's decision.  ECF No. 1488 at 2.  In-

9   deed, Oracle's experts reviewed the law and rendered opinions consistent with it, as required for

10   their opinions to be admissible.  *See Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed.

11   Cir. 2014).

12   Google's motion argues that its judicial admissions should be excluded because they are

13   "not evidence for the jury."  However, "[u]nequivocal admissions made by counsel … are judicial

14   admissions binding on his client" that "have the effect of withdrawing a fact from contention."

15   30B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 7026 (2014); *ac-

16   cord Hilao v. Estate of Marcos*, 393 F.3d 987, 993 (9th Cir. 2004) ("A party … is bound by con-

17   cessions made in its brief or at oral argument."); *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743,

18   752 (9th Cir. 2001) (same).  Google has admitted certain facts and removed them from conten-

19   tion.  *See, e.g.*, Fed. Cir. Or. Arg. at 1:02:53-3:01 (Google admitting its copying was for "entirely

20   a commercial purpose"); *accord* Tr. 1418:15-20 (Google admitting to this Court: "that it's a

21   commercial use is not in dispute").

22   Not only should the jury be informed that such facts are not in dispute, but, as the Court

23   did before the first trial, it should ***deem facts admitted*** to streamline the trial.  Such facts should

24   include those the Federal Circuit found as fact or held to be undisputed or admitted.  Oracle in-

25   tends to request in due course that those facts be deemed admitted.  If those facts are deemed ad-

26   mitted, the jury will be so informed.  If those facts are not deemed admitted, Oracle will have to

27   prove them the hard way, which includes reading and playing audio and video of particular party

28   admissions to the jury.  *See, e.g.*, Tr. 977:9-978:1.

1    Dated: April 4, 2016                              Respectfully,

2                                                      Orrick, Herrington & Sutcliffe LLP

3                                               By: */s/ Annette L. Hurst*
                                                     Annette L. Hurst
4
                                                     Counsel for ORACLE AMERICA, INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28