KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Telephone:    (404) 572.4600
Facsimile:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>        Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S MEMORANDUM IN SUPPORT OF ITS DISPUTED JURY INSTRUCTIONS**<br><br>Dept.:     Courtroom 8, 19th Floor<br>Judge:    Hon. William Alsup<br><br>Complaint Filed:   August 12, 2010<br>Trial Date:       May 9, 2016 |

1

2

**TABLE OF CONTENTS**

3

4    I.    DISPUTED INSTRUCTION NO. 1:
          PRELIMINARY INSTRUCTION —
5          COPYRIGHT INFRINGEMENT...............................................................1

6    II.   DISPUTED INSTRUCTION NO. 2:
          COPYRIGHT  —  DEFINED ....................................................................1
7
     III.  DISPUTED INSTRUCTION NO. 3:
8          JAVA PROGRAMMING LANGUAGE.......................................................1

9    IV.   DISPUTED INSTRUCTION NO. 4:
          COPYING FROM THIRD PARTY .............................................................2
10
     V.    DISPUTED INSTRUCTION NO. 5:
11         ISSUE TO BE DECIDED ..........................................................................2

12   VI.   DISPUTED INSTRUCTION NO. 6:
          FAIR USE GENERALLY ..........................................................................3
13
     VII.  DISPUTED INSTRUCTION NO. 7:
14         FAIR USE  —  BACKGROUND AND POLICY.......................................3

15   VIII. DISPUTED INSTRUCTION NO. 8:
          FAIR USE  —  STATUTORY LANGUAGE .............................................3
16
     IX.   DISPUTED INSTRUCTION NO. 9:
17         FAIR USE  —  FACTORS TO CONSIDER................................................4

18   X.    DISPUTED INSTRUCTION NO. 10:
          FAIR USE  —  FIRST FACTOR ...............................................................5
19
     XI.   DISPUTED INSTRUCTION NO. 11:
20         FAIR USE  —  FIRST FACTOR  —  TRANSFORMATIVE....................5

21   XII.  DISPUTED INSTRUCTION NO. 12:
          FAIR USE  —  FIRST FACTOR  —  COMMERCIAL NATURE............6
22
     XIII. DISPUTED INSTRUCTION NO. 13:
23         FAIR USE  —  SECOND FACTOR ...........................................................6

24   XIV.  DISPUTED INSTRUCTION NO. 14:
          FAIR USE  —  THIRD FACTOR...............................................................7
25
     XV.   DISPUTED INSTRUCTION NO. 15:
26         FAIR USE  —  FOURTH FACTOR ...........................................................8

27   XVI.  DISPUTED INSTRUCTION NO. 16:
          FAIR USE  —  ADDITIONAL FACTORS .................................................9
28

XVII.       DISPUTED INSTRUCTION NO. 17:
            FAIR USE — CONSIDERATION OF FACTORS ................................9

XVIII.      DISPUTED INSTRUCTION NO. 18:
            COPYRIGHT — DERIVATIVE WORK ...............................10

XIX.        STIPULATED INSTRUCTION NO. 19:
            DAMAGES — INTRODUCTION..............................................10

XX.         DISPUTED INSTRUCTION NO. 20:
            DAMAGES — INTRODUCTION..............................................11

XXI.        DISPUTED INSTRUCTION NO. 21:
            DAMAGES — ACTUAL DAMAGES ....................................11

XXII.       DISPUTED INSTRUCTION NO. 22:
            DAMAGES — LOST LICENSING REVENUE ...................11

XXIII.      DISPUTED INSTRUCTION NO. 23:
            DAMAGES — DEFENDANT'S PROFITS —
            INDIRECT PROFITS / CAUSAL LINK ..................................12

XXIV.       DISPUTED INSTRUCTION NO. 24:
            DAMAGES — DEFENDANT'S PROFITS —
            INDIRECT PROFITS / DEDUCTIONS ...................................14

XXV.        DISPUTED INSTRUCTION NO. 25:
            DAMAGES — DEFENDANT'S PROFITS —
            INDIRECT PROFITS / ATTRIBUTION TO OTHER FACTORS ..........14

XXVI.       DISPUTED INSTRUCTION NO. 26:
            DAMAGES — DEFENDANT'S PROFITS — WILLFULNESS........14

XXVII.      DISPUTED INSTRUCTION NO. 27:
            DAMAGES — STATUTORY DAMAGES ...........................14

XXVIII.     DISPUTED INSTRUCTION NO. 28:
            DAMAGES — STATUTORY DAMAGES — WILLFULNESS........15

1

2

**TABLE OF AUTHORITIES**

3

**CASES**

4

5       *Abend v. MCA, Inc.*,
              863 F. 2d 1445 (9th Cir. 1988) ...................................................................14

6

7       *Campbell v. Acuff-Rose Music, Inc.*,
              510 U.S. 569 (1994)...........................................................................3, 5, 9

8

9       *Cohen v. United States*,
              100 Fed. Cl. 461 (Ct. Cl. 2011)...............................................................11

10

11      *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*,
              754 F.2d 826 (9th Cir. 1985) .................................................................14

12

13      *Data General Corp. v. Grumman Systems Support Corp.*,
              36 F.3d 1147 (1st Cir. 1994)....................................................................8

14

15      *Ets-Hokin v. Skyy Spirits, Inc.*,
              225 F.3d 1068 (9th Cir. 2000) ................................................................10

16

17      *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*,
              778 F.3d 1059 (9th Cir. 2015) ................................................................13

18

19      *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*,
              772 F.2d 505 (9th Cir. 1985) .................................................................14

20

21      *Harper & Row Publishers v. Nation Enters.*,
              471 U.S. 539 (1985).............................................................................4, 11

22

23      *Harper House, Inc. v. Thomas Nelson, Inc.*,
              *5* F.3d 536, 1993 WL 346546 (9th Cir. 1993) .......................................7

24

25      *Harris v. Emus Records Corp.*,
              734 F.2d 1329 (9th Cir. 1984) ...............................................................15

26

27      *ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*,
              249 F. Supp. 2d 622,
              *amended*, 268 F. Supp. 2d 448 (E.D. Pa. 2003)....................................12

28

*Kelly v. Arriba Soft Corp.*,
　　336 F.3d 811 (9th Cir. 2002) ............................................................................6

*Litchfield v. Spielberg*,
　　736 F.2d 1352 (9th Cir. 1984) .........................................................................10

*Mackie v. Rieser*,
　　296 F.3d 909 (9th Cir. 2002) ..........................................................................13

*Micro Star v. Formgen*,
　　154 F.3d 1107 (9th Cir. 1998) .........................................................................10

*Monge v. Maya Magazines, Inc.*,
　　688 F.3d 1164 (9th Cir. 2012) ...........................................................................6

*Nicholls v. Tufenkian Import/Export Ventures*,
　　367 F. Supp. 2d 514 (S.D.N.Y. 2005) ................................................................8

*NXIVM Corp. v. The Ross Institute*,
　　364 F.3d 471 (2d Cir. 2004) ..............................................................................7

*Oracle Am. v. Google Inc.*,
　　750 F.3d 1339 (Fed. Cir. 2014),
　　*cert. denied*, 135 S.Ct. 2887 (2015) ...............................................1, 3, 5, 7, 8

*Oracle Corp. v. SAP AG*,
　　765 F. 3d 1081 (9th Cir. 2014) .........................................................................13

*Perfect 10, Inc. v. Amazon.com, Inc.*,
　　508 F.3d 1146 (9th Cir. 2007) ...........................................................................6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
　　134 S. Ct. 1962 (2014) .....................................................................................12

*Polar Bear Prods., Inc. v. Timex Corp.*,
　　384 F.3d 700 (9th Cir. 2004) ...............................................................11, 13, 14

*TAS Distrib. Co. v. Cummins Engine Co.*,
　　491 F.3d 625 (7th Cir. 2007) ...........................................................................12

*Taylor v. Meirick*,
     712 F.2d 1112 (7th Cir. 1983) ..........................................................................11, 13

*The Authors Guild v. Google Inc.*,
     804 F.3d 202 (2d Cir. 2015),
     *cert. denied*, __ U.S.L.W. ____ (U.S. Apr. 18, 2016) .......................................8, 9

*TK-7 Corp. v. Estate of Barbouti*,
     993 F.2d 722 (10th Cir. 1993) ...................................................................................12

*Wall Data v. L.A. County Sheriff's Dept.*,
     447 F.3d 769 (9th Cir. 2006) ...............................................................................6, 9

## STATUTES

17 U.S.C. § 101 (definition of "derivative work") ..........................................................10

17 U.S.C. § 103(b) ...............................................................................................................10

17 U.S.C. § 106.......................................................................................................................1

17 U.S.C. § 107.......................................................................................................................4

17 U.S.C. § 504(b) ...............................................................................................................11

## OTHER AUTHORITIES

Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.0 ......................................1

Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.1 ......................................1

Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.18 ...........................3, 4, 9

Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.22 ................................11

v

Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.23 ..................................11

Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.24 ...........................12, 14

Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.25 ..................................14

Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.26 ..................................14

Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.27 ..................................15

1 *Nimmer On Copyright* § 3.01 .....................................................................................10

**I.        Disputed Instruction No. 1:**
**PRELIMINARY INSTRUCTION—COPYRIGHT INFRINGEMENT**

Google has proposed a preliminary instruction based on portions of Ninth Circuit Model Instruction 17.0, which is a model for a preliminary instruction.  The instruction would provide the jury with some general background regarding the parties; the two Java SE works that are at issue; copyright generally; the kinds of works that can be copyrighted; how copyright is obtained; the reason why the copyright registrations at issue are in the name of Sun Microsystems, Inc. as opposed to Oracle; the issue the jury will need to decide; and the burden of proof.  Google believes that this instruction will provide the jury with some basic background regarding what it will be asked to decide after hearing the evidence.

The proposed instruction differs from the model instruction in that it does not include the portions of the model instruction that relate to copyrightability, conveyances of copyrights, or infringement – none of which are relevant to the upcoming trial.

**II.       Disputed Instruction No. 2:**
**COPYRIGHT—DEFINED**

Google's proposed instruction is based on Ninth Circuit Model Instruction 17.1.  The substantive differences from the model instruction are:

- Google's proposed instruction more accurately states that a copyright is a group of exclusive rights rather than "the exclusive right to copy."  *See* 17 U.S.C. § 106 (defining exclusive rights of copyright owner).

- Google's list of the exclusive rights that are relevant is shorter, omitting optional language from the model instruction regarding performance rights that are not at issue in this case.

The other changes from the model instruction are editorial in nature.

**III.      Disputed Instruction No. 3:**
**JAVA PROGRAMMING LANGUAGE**

Google's proposed instruction is based on the fact – as noted by the Federal Circuit in its decision – that the Java programming language is "open and free for anyone to use," and that Oracle makes no claim in this case regarding whether Google was free to use the Java

---

1

programming language in Android and to allow developers to write programs for Android in the Java language.  Google believes that it is important for the jury to be specifically told that there are no issues or claims relating to the Java programming language per se, as Oracle's counsel acknowledged in his opening in the first trial.  (4/16/2012 Tr. 216 ("we're not making any claim, a person can use the programming language to their heart's content.")).  As the Federal Circuit confirmed:  "It is undisputed that the Java programming language is open and free for anyone to use."  *Oracle Am. v. Google Inc.*, 750 F.3d 1339, 1353 (Fed. Cir. 2014), *cert. denied*, 135 S.Ct. 2887 (2015) (hereinafter "Federal Circuit Opinion").

**IV.        Disputed Instruction No. 4:**
**COPYING FROM THIRD PARTY**

Google does not believe an instruction on the subject covered by Oracle's proposed instruction number 4 is appropriate.  Google does not assert as a defense that it had a license from a third party or that it "copied from a third party."

**V.        Disputed Instruction No. 5:**
**ISSUE TO BE DECIDED**

Google's proposed instruction 5 is the first of its proposed instructions that is based on the Court's draft fair use instructions as set forth in ECF No. 1615.  Google's proposed instruction differs from the Court's draft instruction in the following ways.

Google believes that the introductory paragraph of the Court's draft instructions should be reworded to eliminate the language to the effect that "all parties agree," references to "copying," and that Google's use "constituted copyright infringement . . . unless you find that Google has carried its burden as to the right of fair use."

Section 107 of the Copyright Act makes clear that a fair use "is not an infringement of copyright."  The issue, properly framed, is whether Google's use is a fair use and therefore not an infringement.  Referring to Google's "copying" rather than Google's "use" injects a prejudicial concept into the fair use calculus and suggests that the use was somehow illicit or improper.  But that is the issue for the jury to decide, namely whether the use was a non-infringing fair use or "copying" that was an actionable infringement.

**VI.      Disputed Instruction No. 6:**
**FAIR USE GENERALLY**

Google's proposed instruction 6 is based on Ninth Circuit Model Instruction 17.18.  It has been modified only to more accurately identify the purpose of copyright, as stated in Supreme Court decisions and by the Federal Circuit, i.e., "[t]o promote the Progress of Science and useful Arts."  Federal Circuit Opinion, 750 F.3d at 1373, quoting *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 575 (1994).

**VII.     Disputed Instruction No. 7:**
**FAIR USE  —  BACKGROUND AND POLICY**

Google's proposed instruction 7 is based on the Court's draft instructions.  Google suggests that the policy behind the fair use doctrine be relocated, to follow immediately after the policy of protecting authors.  Google also suggests that the instruction be modified to include the phrase "[without] the payment of any money to the copyright owner," so that the jury understands the practical effect of a fair use.  Google's other suggested modifications to this portion of the Court's instructions are editorial.

**VIII.    Disputed Instruction No. 8:**
**FAIR USE  —  STATUTORY LANGUAGE**

Google's proposed instruction 8 is also based on the Court's draft instructions.  Google suggests that this section of the draft instructions be revised to change the phrase "without notice to anyone" to "without the payment of any royalties or other amounts to the copyright owner." There are no issues of notice, and Google believes that any reference to "notice" is unnecessary. The more important point is that anyone may make a fair use without having to make any payment to the copyright owner.

Google also suggests that the last sentence of Section 107 – which relates to unpublished works – can be eliminated as unnecessary.  There are no issues in this case relating to any unpublished works, and any references to "published" or "unpublished" in this context may confuse the jury.  Finally, Google suggests that the specific use at issue – namely, the use of the declaring code and SSO of the 37 Java SE API packages – be specifically identified for the jury

in this section of the instructions.

**IX.        Disputed Instruction No. 9:**
**           FAIR USE  —  FACTORS TO CONSIDER**

Google's proposed instruction 9 reflects the need to advise the jury that the list of four factors set forth in Section 107 is not exhaustive, and that the jury may consider other factors.

The Supreme Court has made clear, and the text of Section 107 itself makes plain, that the four factors identified in Section 107 are "not meant to be exclusive," *Harper & Row Publishers v. Nation Enters.*, 471 U.S. 539, 560 (1985), and that fair use analysis should include any other factors that are relevant to the overall fair use inquiry.  The Ninth Circuit model instruction explicitly reflects this, as it contemplates that additional factors may be added to the four factors set forth in Section 107.  Ninth Circuit Civil Model Jury Instructions (Copyright) § 17.18 ("[5.]  *[insert any other factor that bears on the issue of fair use]*.") (emphasis in original); *see also* 17 U.S.C. § 107 ("In determining whether the use made of a work in any particular case is a fair use the factors to be considered **shall include**—") (emphasis added).

Oracle has agreed that the four factors are not exhaustive and that the jury may properly consider additional "factors that legitimately relate to the doctrine of fair use and the purpose behind it."  *See, e.g.,* ECF No. 1005 at 1-2; *see also* ECF No. 1527 at 1.  Oracle's complaint in the past has been that the jury should not be allowed to consider "whatever factors it wishes" with respect to fair use.  ECF No. 1005 at 1-4.  That, however, was in the context of the first trial, which included numerous issues other than fair use.  The upcoming trial will be only about fair use, and only evidence relevant to fair use will be admissible.  Because the jury will be asked to decide the fair use issue based on all the evidence, the jury should be told that it may consider any of the evidence that it deems helpful in deciding whether Google's use was a fair use.  Explicitly instructing the jury on this issue will avoid the possibility that the jury will believe that it must be able to identify a specific factor among the four before considering specific evidence or issues.

Google therefore believes it is appropriate to tell the jury at this point in the instructions

that the four statutory factors are not the only factors that they will be allowed to consider in determining whether Google's use was fair, and that the jury will be allowed to consider other factors relevant to whether Google's use advances the public interest or provides public benefit.

**X.          Disputed Instruction No. 10:**
**             FAIR USE  —  FIRST FACTOR**

Google's proposed instruction 10 is based on the Court's draft instructions.  Google suggests that "research" and "scholarship" be added as examples of purposes that weigh in favor of fair use, and that the instruction be revised slightly to make clear – consistent with the case law – that it is the "use" or the "new work" that must be transformative, not the "purpose or character" of the new work.  *See, e.g.,* Federal Circuit Opinion, 750 F.3d at 1374 (a "**use** is transformative if"; "Courts have described **new works** as 'transformative' when"; "A **work** is not transformative where") (emphases added).

**XI.         Disputed Instruction No. 11:**
**             FAIR USE  —  FIRST FACTOR  —  TRANSFORMATIVE**

Google's proposed instruction 11 is based on the Court's draft instructions.  Google suggests adding to the instructions an additional paragraph that reflects the "critical question" on the issue of transformativeness and makes clear, consistent with Ninth Circuit case law, that the new work need not change the elements of the old work for the new work to be transformative.

The Supreme Court has clearly stated, and the Federal Circuit recognized in its opinion, that a use is transformative when it "**adds something new**, with a further purpose or different character, altering the first with new expression, meaning or message." *Campbell*, 510 U.S. at 579 (emphasis added); Federal Circuit Opinion, 750 F.3d at 1374.  Quoting *Campbell*, the Federal Circuit stated that "the critical question" on transformativeness is "whether the new work merely supersede[s] the objects of the original creation . . . or instead adds something new." Federal Circuit Opinion*,* 750 F.3d at 1374.  Because this is the "critical question," the jury should be expressly so instructed.

Ninth Circuit authorities cited by the Federal Circuit also recognize that a new work is transformative when it incorporates the prior work "as part of a broader work."  *See* Federal

Circuit Opinion, 750 F.3d at 1374 (citing and quoting *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1176 (9th Cir. 2012)).  Because this principle is clearly relevant to the use of the declaring code and SSO in Android, it should also be included in the instructions, as should the principle that the new work need not change the elements of the original work to be transformative.  *E.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1165 (9th Cir. 2007) ("we determined in *Kelly* that even making an exact copy of a work may be transformative so long as the copy serves a different function than the original work."); *Wall Data v. L.A. County Sheriff's Dept.*, 447 F.3d 769, 778 (9th Cir. 2006) (use can be transformative where defendant changes plaintiff's work or uses it in a different context); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 818-19 (9th Cir. 2002) (finding use of "exact images" transformative and fair use); *see also* Federal Circuit Opinion, 750 F.3d at 1374.

## XII.  Disputed Instruction No. 12:
### FAIR USE — FIRST FACTOR — COMMERCIAL NATURE

Google's proposed instruction 12 is based on the Court's draft instructions.  The proposed revisions are primarily editorial in nature.  Google believes that it would be improper to use the word "dominate" at the conclusion of the paragraph, and suggests that, in view of the overall structure of the paragraph, the language be changed to "become more important."

## XIII.  Disputed Instruction No. 13:
### FAIR USE — SECOND FACTOR

Google's proposed instruction 13 is based on the Court's draft instructions.

Google requests that the Court delete from this section of the instructions the reference to "computer languages" as unnecessary, irrelevant and incorrect.  As the Court may recall from the first trial, Google believes that "languages" are not copyrightable, *see* ECF No. 897 at 1-7, ECF No. 1116 at 1-5, and, as noted above in connection with Google's proposed instruction 3, there are no issues in this case regarding the Java programming language.  Referring to "computer languages" in this portion of the charge would likely confuse the jury.

The Court should also, in this instruction, explicitly tell the jury – consistent with the Federal Circuit's opinion – that the jury may consider in connection with the second fair use

factor whether some or all of the elements of the 37 Java SE API packages are necessary to write programs in the Java language, are essential components of any Java language-based program, or promote compatibility and/or interoperability with the Java language.  The Federal Circuit made clear that "reasonable jurors might find" these issues relevant to this factor – and the jury should be told that they may consider them and should be told which way those considerations weigh, i.e., in favor of fair use.  Federal Circuit Opinion, 750 F.3d at 1371-72, 1376-77.

**XIV.      Disputed Instruction No. 14:**
**           FAIR USE  —  THIRD FACTOR**

Google's proposed instruction 14 is based on the Court's draft instructions.  Google's proposed changes to the first paragraph are editorial.

In the second paragraph, the "works as a whole" should be changed from the code in the 166 Java SE API packages in the Asserted Works to **all** of the code in the Asserted Works.  Precedent specifically in the fair use area confirms that the "work as a whole" for fair use purposes is the entire work that is the subject of the registrations at issue – in this case, all of Java 2 SE 1.4 and Java 2 SE 5.0.

The leading case on this issue is the Second Circuit's decision in *NXIVM Corp. v. The Ross Institute*, 364 F.3d 471, 481 (2d Cir. 2004), in which the court held  that fair use analysis under the third factor must be based on the entire work and not individual "modules," as the plaintiff in that case argued.  In the court's words, "[i]f plaintiffs' argument were accepted by courts — and, not surprisingly, plaintiffs cite no authority to support it — the third factor could depend ultimately on a plaintiff's cleverness in obtaining copyright protection for the smallest possible unit of what would otherwise be a series of such units intended as a unitary work."  *Accord, Harper House, Inc. v. Thomas Nelson, Inc.*, 5 F.3d 536, 1993 WL 346546 at 25 *2 (9th Cir. 1993) (unpublished) (comparisons of individual portions (pages) of parties' works rather than the entire works is "inappropriate and misleadingly prejudicial"; works must be compared *as a whole*") (emphasis added).

This rule, moreover, is consistent with the cases recognizing that a "key purpose" of the

copyright deposit requirement that is a part of the registration process is "*to prevent confusion about which work the author is attempting to register*" and protect under the registration.  *Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147, 1162 (1st Cir. 1994) (emphasis added).  *See also Nicholls v. Tufenkian Import/Export Ventures*, 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005) (one of the purposes of the copyright deposit requirement is to provide "sufficient material to identify the work in which the registrant claims a copyright") (emphasis added).

The language of the third fair use factor in Section 107 is plain and unambiguous – the "in relation to ***the copyrighted work as a whole***."  (emphasis added).  There is no basis for instructing the jury that it should consider anything other than the entire works that Sun chose to register or any portion of those works smaller than the complete works.

Finally, Google also believes, for the reasons stated in connection with Google's proposed instruction 13 above, this portion of the instruction should contain the paragraph advising the jury that it may properly consider in connection with the third factor whether some or all of the elements of the 37 Java SE API packages are necessary to write programs in the Java language, are essential components of any Java language-based program, or promote compatibility and/or interoperability with the Java language.  Federal Circuit Opinion, 750 F.3d at 1377 ("relevant to Google's fair use defense under the second and third factors of the inquiry").

## XV.        Disputed Instruction No. 15:
## FAIR USE  —  FOURTH FACTOR

Google's proposed instruction 15 is also based on the Court's draft instructions. Google's proposed changes to the first paragraph are editorial.

Google proposes adding to this instruction a short paragraph, consistent with the case law, to the effect that a use can be fair even if it causes some market harm, and that harm from a transformative use is not recognizable harm for purposes of the fourth factor.  *The Authors Guild v. Google Inc.*, 804 F.3d 202, 224 (2d Cir. 2015), *cert. denied,* ___ U.S.L.W. ___ (U.S. Apr. 18,

2016) ("But the possibility, or even the probability or certainty, of some loss of sales does not suffice to make the copy an effectively competing substitute that would tilt the weighty fourth factor in favor of the rights holder in the original.  There must be a meaningful or significant effect 'upon the potential market for or value of the copyrighted work.'  17 U.S.C. § 107(4).") (Leval, J.).  *See also Campbell*, 510 U.S. at 591 ("when, on the contrary, the second use is transformative, market substitution is at least less certain, and market harm may not be so readily inferred.").

For the same reasons stated above in connection with proposed instruction 14, the language of this portion of the instruction should also reflect that the proper focus for the jury is the copyrighted work as a whole.

**XVI.** **Disputed Instruction No. 16:**
**FAIR USE  —  ADDITIONAL FACTORS**

Consistent with Model Instruction 17.18 and the case law cited in connection with Google's proposed instruction 9 above, Google's proposed instruction 16 identifies additional factors that the jury should be instructed that it may consider, in addition to the four factors identified in Section 107.

Each of the four additional factors that Google identifies are based on Ninth Circuit or other leading authorities.  *Wall Data*, 447 F.3d at 778 (fair use "appropriate where a 'reasonable copyright owner' would have consented to the use, i.e., where the 'custom or public policy' at the time would have defined the use as reasonable"; citing legislative history); *The Authors Guild*, 804 F.3d at 212 ("the ultimate, primary intended beneficiary of copyright is the public").

**XVII.** **Disputed Instruction No. 17:**
**FAIR USE  —  CONSIDERATION OF FACTORS**

Google's proposed instruction 17 is based on the Court's draft instructions.  Google's proposed changes to the first paragraph are editorial, to take into account that the jury's consideration is not limited to the four statutory factors.

1

**XVIII.      Disputed Instruction No. 18:**
          **COPYRIGHT — DERIVATIVE WORK**

2

3

      Google's proposed instruction 18 provides information that Google believes the jury will

4

need regarding the definition of a "derivative work" under copyright law.  Google's proposed

5

instruction is based on the statutory definition found in Section 101 of the Copyright Act,

6

17 U.S.C. § 101 (definition of "derivative work"), and includes the language of Section 103(b)

7

regarding the scope of a copyright owner's rights in a derivative work.

8

      The proposed instruction has two critical aspects.

9

      First, not all works that include some elements of a pre-existing work qualify as

10

derivative works; the second work must "be based in whole or in substantial part upon the pre-

11

existing work and must incorporate portions of the pre-existing work that are covered by the

12

copyright in the pre-existing work."  *Micro Star v. Formgen*, 154 F.3d 1107, 1110 (9th Cir.

13

1998) ("in order to qualify as a derivative work . . . [the] work . . . must substantially incorporate

14

protected material from the preexisting work"); *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th

15

Cir. 1984) ("The little available authority suggests that a work is not derivative unless it has been

16

substantially copied from the prior work."); *see also Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d

17

1068, 1079 (9th Cir. 2000) ("a derivative work, unlike a compilation, must incorporate that

18

which itself is the subject of copyright"); 1 *Nimmer On Copyright* § 3.01 (derivative work must

19

be based "in whole, or in substantial part" on the pre-existing work; work is not derivative

20

"unless it has substantially copied from a prior work").

21

      Second, a copyright in a derivative work only protects the new material contained in the

22

new, derivative work; it does not protect any elements of the pre-existing work of which the new

23

work is derivative.  17 U.S.C. § 103(b).

24

**XIX.      Stipulated Instruction No. 19:**
          **DAMAGES — INTRODUCTION**

25

      Instruction 19 is stipulated and is only a preamble to the Court's instructions regarding

26

damages.

27

28

---

**XX.**     **Disputed Instruction No. 20:**
            **DAMAGES — INTRODUCTION**

Google's proposed instruction 20 is based on Ninth Circuit Model Instruction 17.22.  The modifications are to conform the instruction to the language of Section 504(b) of the Copyright Act, 17 U.S.C. § 504(b), that is not included in the model instruction.

**XXI.**    **Disputed Instruction No. 21:**
            **DAMAGES — ACTUAL DAMAGES**

Google's proposed instruction 21 is based on Model Instruction 17.23.

Google's modifications to the model instruction are intended to make clear that Oracle must prove both the fact of damage and the amount of any lost revenue (net of expenses) in order to recover for actual damages.  The proposed instruction also makes clear that the jury may not make an award of actual damages that is unduly speculative.  *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004) (jury may consider either a hypothetical lost license fee or the value of the infringing use to the infringer to determine actual damages, provided the amount is not based on undue speculation).  The instruction also requires that any expenses that Oracle would have incurred in connection with any proven lost revenues must be deducted from the amount.  *Taylor v. Meirick*, 712 F.2d 1112, 1121 (7th Cir. 1983) ("When a plaintiff contends that lost sales revenue would have been all profit, the contention is sufficiently improbable to require him to come forward with substantiating evidence").

**XXII.**   **Disputed Instruction No. 22:**
            **DAMAGES — LOST LICENSING REVENUE**

Google's proposed instruction 22 addresses Oracle's claim for damages based on products other than those incorporating the Asserted Works.  In order to recover such damages, Oracle must first prove that there was a "necessary, immediate and direct causal connection" between Google's infringement – i.e., the use in Android of the declaring code and SSO of the 37 Java SE API packages – and the claimed damage to the other works.  *Cohen v. United States*, 100 Fed. Cl. 461, 481-82 (Ct. Cl. 2011).  *See also Harper & Row*, 471 U.S. at 567 ("Similarly, once a copyright holder establishes with reasonable probability the existence of a causal connection between the infringement and a loss of revenue, the burden properly shifts to the

infringer to show that this damage would have occurred had there been no taking of copyrighted expression.").

The proposed instruction also makes clear that Oracle's proof of the amount of any such claimed damages must be based on credible evidence, as opposed to subjective projections or expected profits of a new business or product line.  *E.g.*,  *TK-7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 732-33 (10th Cir. 1993) (subjective financial prediction); *ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 249 F. Supp. 2d 622, 695, *amended,* 268 F. Supp. 2d 448 (E.D. Pa. 2003) (projection by plaintiff); *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 633 (7th Cir. 2007) (profits of new commercial business or new product lines "are considered too uncertain, speculative and remote to permit recovery").

**XXIII.         Disputed Instruction No. 23:**
**DAMAGES  —  DEFENDANT'S PROFITS  —**
**INDIRECT PROFITS / CAUSAL LINK**

Google's proposed instructions 23, 24 and 25 are all based on Model Instruction 17.24. Google submits all three instructions without prejudice to and without waiving its position that disgorgement of profits is an equitable remedy that should be determined by the Court rather than a jury.

As Google previously stated when this issue was raised after remand, Google does not concede that Oracle has a right to a jury trial on its claim for disgorgement of profits.  In *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), the Supreme Court characterized disgorgement of profits under Section 504(b) of the Copyright Act as an equitable remedy:

> As infringement remedies, the Copyright Act provides for injunctions, § 502, impoundment and disposition of infringing articles, § 503, damages and profits, § 504, costs and attorney's fees, § 505.  Like other restitutional remedies, recovery of profits 'is not easily characterized as legal or equitable,' for it is an 'amalgamation of rights and remedies drawn from both systems.'  Restatement (Third) of Restitution and Unjust Enrichment § 4, Comment *b*, p. 28 (2010). ***Given the 'protean character' of the profits-recovery remedy,*** see *id*., Comment *c*, at 30, ***we regard as appropriate its treatment as 'equitable' in this case.***

*Id.* at 1967 n.1 (emphasis added); *see also id.* at 1978 (referring to "the equitable relief Petrella seeks—*e.g.*, disgorgement of unjust gains and an injunction against future infringement").

*See also* ECF 1302 at 14 ("To be clear, and as is evident from Google's separate submission regarding the equitable defense of laches, ***Google does not concede that Oracle has a right to a jury trial on its claim for disgorgement of profits***, which the Supreme Court characterized in *Petrella* as an equitable remedy....Google welcomes the opportunity to brief this issue in full as part of a separate motion, if and when the Court desires.") (emphasis in original). *Cf. Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074-76 (9th Cir. 2015) (affirming refusal to permit jury trial on claim for profits under the Lanham Act; "A claim for disgorgement of profits under [15 U.S.C.] § 1117(a) is equitable, not legal."; "Moreover, even if the claim were legal, the specific issue of profit determination cannot be said to be traditionally tried to a jury. . . . Again, the slim history of pre-1791, trademark-like cases certainly does not support that notion.  Turning to current law, [15 U.S.C.] § 1117's language allows judges to determine the amount of profits, which judges regularly do.  Consequently, the determination of profits under § 1117 is not 'fundamental, ... inherent in and of the essence of the system of trial by jury.') (citations omitted).

Google's proposed instruction adds a paragraph explaining to the jury the difference between "direct profits" and the types of "indirect profits" that are at issue in this case.  The instruction includes the Ninth Circuit's requirement that a plaintiff seeking to recover indirect profits must make a threshold showing of a causal link between the infringement and the claimed profits.  *Polar Bear*, 384 F.3d at 711 (copyright holder must establish the existence of a causal link before indirect profits damages can be recovered); *Mackie v. Rieser*, 296 F.3d 909, 914-15 (9th Cir. 2002) (copyright holder must establish the existence of a causal link before indirect profits damages can be recovered; district court must conduct threshold inquiry into whether there is a legally sufficient causal link between the infringement and subsequent indirect profits); *See also Oracle Corp. v. SAP AG*, 765 F. 3d 1081, 1087 (9th Cir. 2014); *Taylor*, 712 F.2d at 1121.

**XXIV.     Disputed Instruction No. 24:**
**DAMAGES — DEFENDANT'S PROFITS —**
**INDIRECT PROFITS / DEDUCTIONS**

Google's proposed instruction 24 is also based on Model Instruction 17.24.  The changes suggested to the portions of the model instruction covered by proposed instruction 24 are simply for clarification.

**XXV.      Disputed Instruction No. 25:**
**DAMAGES — DEFENDANT'S PROFITS —**
**INDIRECT PROFITS / ATTRIBUTION TO OTHER FACTORS**

Google's proposed instruction 24 is also based on Model Instruction 17.24.

The language added to the portion of the model instruction regarding apportionment of profits has been expanded to more accurately and completely reflect Ninth Circuit case law, including the principle that a "reasonable and just" apportionment must be made when it is clear that not all of the indirect profits sought are attributable to the infringement.  *Abend v. MCA, Inc.*, 863 F. 2d 1445, 1480 (9th Cir. 1988); *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828-29 (9th Cir. 1985); *see also Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 517 (9th Cir. 1985); *Polar Bear*, 384 F.3d at 712.

**XXVI.     Disputed Instruction No. 26:**
**DAMAGES — DEFENDANT'S PROFITS — WILLFULNESS**

Google does not believe an instruction on the subject covered by Oracle's proposed instruction number 26 is appropriate.  Google does not seek to deduct income taxes or excess profits taxes in calculating profits, and the instruction is therefore improper and unnecessary. ECF No. 1321 (Sept. 18, 2015 Order Re Willfulness And Bifurcation) at 11-12.

**XXVII.    Disputed Instruction No. 27:**
**DAMAGES — STATUTORY DAMAGES**

Google's proposed instruction 27 is based on Model Instructions 17.25 and 17.26.

The proposed modifications to the model instructions are to make clear that Oracle is entitled to only two awards of statutory damages, and to include in the instruction the language appearing in the comment to model instruction 17.25 regarding the considerations that should guide the jury with respect to the amount of statutory damages to award, consistent with *Harris*

*v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

**XXVIII.     Disputed Instruction No. 26:**
**                DAMAGES  —  STATUTORY DAMAGES  —  WILLFULNESS**

Google's proposed instruction 26 is based on the Court's September 18, 2015 Order Re Bifurcation And Willfulness, in which the Court held that willfulness was relevant only to Oracle's claim for statutory damages, and defined willfulness for purposes of a statutory damages award.  ECF No. 1321.  The language is also consistent with Model Instruction 17.27 regarding willfulness.

Respectfully submitted,

KEKER & VAN NEST LLP

DATED:  April 20, 2016

By:   /s/ Robert A. Van Nest            
         ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.