1  ORRICK, HERRINGTON & SUTCLIFFE LLP
   KAREN G. JOHNSON-MCKEWAN # 121570
2  kjohnson-mckewan@orrick.com
   ANNETTE L. HURST # 148738
3  ahurst@orrick.com
   GABRIEL M. RAMSEY # 209218
4  gramsey@orrick.com
   405 Howard Street
5  San Francisco, California  94105-2669
   Tel:    (415) 773-5700/Fax:  (415) 773-5759
6
   PETER A. BICKS (pro hac vice)
7  pbicks@orrick.com
   LISA T. SIMPSON (pro hac vice)
8  lsimpson@orrick.com
   51 West 52nd Street
9  New York, New York  10019-6142
   Tel:    (212) 506-5000/Fax:  (212) 506-5151
10
   ORACLE CORPORATION
11 DORIAN DALEY # 129049
   dorian.daley@oracle.com
12 DEBORAH K. MILLER # 95527
   deborah.miller@oracle.com
13 MATTHEW M. SARBORARIA # 211600
   matthew.sarboraria@oracle.com
14 RUCHIKA AGRAWAL # 246058
   ruchika.agrawal@oracle.com
15 500 Oracle Parkway
   Redwood City, CA 94065
16 Tel:    (650) 506-5200/Fax:  (650) 506-7117

17 *Attorneys for Plaintiff*
   ORACLE AMERICA, INC.
18

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Tel:  (212) 556-2100
Fax:  (212) 556-2222

Attorneys For Defendant
GOOGLE, INC.

19

20                UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
21                 SAN FRANCISCO DIVISION

22 | ORACLE AMERICA, INC. , | Case No.  CV 10-03561 WHA |
23 | Plaintiff, | **JOINT [PROPOSED] FINAL PRETRIAL ORDER** |
24 | v. | |
25 | GOOGLE INC., | |
26 | Defendant. | Dept.        Courtroom 8, 19th Fl.<br>Judge:       Hon. William Alsup |
27 | | Trial date: May 9, 2016 |
28 | | |

1050214.01

1

## JOINT [PROPOSED] FINAL PRETRIAL ORDER

2

Pursuant to the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury

3   Cases and the Federal Rules of Civil Procedure, the parties submit the following Joint Proposed

4   Pretrial Order.

5   **I.      CLAIMS AND DEFENSES THAT REMAIN TO BE DECIDED**

6

Oracle asserts claims against Google for infringement of Oracle's copyrights in Java 2

7   Standard Edition ("J2SE") Version 1.4 and Java 2 Standard Edition 5.0 ("the Asserted Works").

8   There are 37 Java API packages at issue in this case.  The Federal Circuit has "concluded that the

9   declaring code and the structure, sequence, and organization of the 37 Java API packages at issue

10  are entitled to copyright protection" and remanded "with instructions to reinstate the jury's

11  infringement verdict," and for a new trial on Google's fair use defense.  *Oracle Am., Inc. v.*

12  *Google Inc.*, 750 F.3d 1339, 1381 (Fed. Cir. 2014), *cert. denied*, 135 S.Ct. 2887 (2015).  The

13  Court has stated that it will instruct the jury that "all agree and it has been established that the

14  Android versions in play (Android 1.0, Android 1.1, Cupcake, Donut, Eclair, Froyo, Gingerbread,

15  Honeycomb, Ice Cream Sandwich, Jelly Bean, KitKat, and Lollipop, including major and minor

16  releases thereof) used the copyrighted declaring code and the structure, sequence, and

17  organization of the 37 Java API packages at issue and that this constituted infringement unless

18  Google carries its burden before our jury as to the defense of fair use."  ECF 1488 at 2-3.  The

19  parties later agreed, and the Court ordered, that "Marshmallow shall be added to the named

20  versions of Android to be in play at the trial."  ECF 1506 at 2.  Pursuant to paragraph 2(a) of the

21  Court's Guidelines, the parties provide below a further "brief description of the substance of the

22  claims and defenses which remain to be decided."

23

**Oracle's Statement**:  The declaring code and structure, sequence, and organization

24  ("SSO") of the 37 Java API packages have already been found to be copyrightable and infringed

25  by Google.  *Oracle Am., Inc. v. Google Inc.*, 750 F.3d at 1381.  The remaining issues to be tried

26  to a jury are: Google's fair use defense, whether Google's infringement was willful, and Oracle's

27  claim for damages.

28

Google's fair use defense fails.  Google intentionally, and with knowledge of Oracle's

1

1050214.01

copyrights, copied Oracle's declaring code and the structure, sequence, and organization of the 37 Java API packages for what Google conceded were purely commercial reasons. Google copied significant portions (measured both quantitatively and qualitatively) of creative and expressive elements of Oracle's copyrighted work, and did so without transforming the expression, meaning, or purpose of the copied material. Google's copying has caused substantial harm to the actual and potential market for and the value of the copyrighted works and their derivatives. Moreover, if use akin to Google's were to become widespread and unrestricted, it would substantially impair the actual and potential market for and value of the copyrighted works and their derivatives. Google's infringement is willful and was specifically intended to enable Android to take advantage of the widely successful, preexisting ecosystem of Java developers, OEM, and carriers, thereby allowing Android to rapidly gain a significant commercial foothold. Google's infringement resulted in Google appropriating for itself the substantial benefits of the Java platform while undermining the value of the Java platform and its derivatives in the marketplace.

Next, Google's only remaining equitable defenses are equitable estoppel and laches. Equitable estoppel does not apply because Google cannot meet its burden to prove that Oracle knew of Google's infringement, Oracle took steps intended to convey that it assented to Google's infringement, Google was ignorant of Oracle's objection, and Google relied on Oracle's statements and conduct to Google's detriment. With regard to laches, Google cannot prove that Oracle delayed bringing this suit, much less that Oracle delayed for an unreasonable length of time; nor can Google demonstrate that it suffered prejudice as a consequence of any alleged delay.

**Google's Statement**: Google's use of the structure, sequence, and organization ("SSO") / declarations of the 37 Java API packages as one minor part of the Android smartphone operating system was and is a fair use under 17 U.S.C. § 107. Android is a transformative use, which Sun/Oracle applauded and welcomed. Google's use also was consistent with Sun/Oracle's business model of promoting the free and widespread use of the Java programming language and the associated API packages, including by way of independent implementations. The SSO/declarations are functional, and are a minor part of the Asserted Works. Finally, Google's

use of the SSO/declarations did not harm the actual or potential market for the Asserted Works or any applicable derivative works.  Rather, Google's use has benefited the Java programming language, and was consistent with Sun/Oracle's Java business model.  Accordingly, Google's use was a fair use under 17 U.S.C. § 107 and thus non-infringing under copyright law. [1]

Oracle's claims and/or relief sought are barred by the doctrine of equitable estoppel. Sun/Oracle knew of Google's alleged infringement, and engaged in actions, inactions, and a course of conduct demonstrating that Google's use of the SSO/declarations was permissible and approved by Sun/Oracle.  Google reasonably relied on such actions, inactions, and conduct to its injury or material harm.  Oracle's claims and/or relief sought are also barred by the doctrine of laches.  Sun/Oracle delayed in filing a lawsuit for an unreasonably long and inexcusable period of time, and Google has been or will be prejudiced in a significant way by such delay.

## II.    RELIEF SOUGHT

### Oracle seeks the following relief:

1.  A judgment holding that Google is liable for infringement of the copyrights at issue as to all Android releases through Marshmallow;

2.  An award of actual damages resulting from Google's infringement of Oracle's copyrights as well as an award of Google's profits attributable to the infringement of Oracle's copyrights (to the extent the profits are not duplicative of actual damages), together with prejudgment and post-judgment interest;

3.  An award of statutory damages that accounts for Google's willful infringement of Oracle's copyrights;

4.  A permanent injunction, the precise contours of which Oracle will formulate at the commencement of Phase III, generally enjoining Google, its officers, agents, servants, employees, attorneys, affiliated companies, assigns and successors in interest, and all others in active concert or participation with Google (including Original Equipment Manufacturers ("OEMs"), Original Device Manufacturers ("ODMs"), and Carriers), from

---

[1]  Google does not waive and hereby expressly preserves its position that the SSO/declarations are not protected by copyright law.  *See, e.g., Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032 (9th Cir. 2015).  Because the upcoming trial will not address the issue of copyrightability, Google does not further address that issue in this submission.

3

1050214.01

directly, indirectly or vicariously infringing the copyrights in suit, or inducing, causing or materially contributing to infringement of the copyrights in suit;

6. An award of attorneys' fees and costs under 17 U.S.C. § 505; and

7. Any other legal and equitable relief as may be available under the law and which the Court may deem proper.

**<u>Google seeks the following relief</u>**:

1. Judgment that Oracle's claims are barred by the defense of fair use;

2. A declaration that Oracle's claims and/or the relief it seeks are barred, in whole or in part, by the doctrines of equitable estoppel and laches;

3. Judgment dismissing Oracle's claims against Google with prejudice;

4. Judgment that Google is the prevailing party;

5. Judgment that Google is entitled to attorney's fees and costs; and

6. Such other and further relief to Google as the Court may deem just and proper.

## III.   STIPULATED FACTS

The parties stipulate to the following facts:

1. Oracle America, Inc. ("Oracle") is a corporation organized under the laws of the State of Delaware with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Oracle does business in the Northern District of California.

2. Google Inc. ("Google") is a corporation organized under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google does business in the Northern District of California.

3. On January 27, 2010, Oracle Corporation acquired Sun Microsystems, Inc. ("Sun"). Sun is now Oracle America, Inc., a subsidiary of Oracle Corporation.

4. Sun registered with the U.S. Copyright Office the Java 2 Standard Edition ("SE") Version 1.4.

5. Sun registered with the U.S. Copyright Office the Java 2 Standard Edition (again "SE") Version 5.0.

6. Oracle makes no claim for the protectibility under copyright of the Java programming

language, in of itself.

7.   Oracle is the owner of the copyrights in Java 2 SE 1.4 and Java 2 SE 5.0.

## IV.   FACTUAL ISSUES THAT REMAIN TO BE TRIED BY THE JURY

Below are the factual issues to be tried.  The issues labeled "JOINT" are factual issues that both parties agree remain to be tried.  The issues labeled "GOOGLE" are proposed solely by Google as factual issues remaining to be tried, and issues labeled "ORACLE" are proposed solely by Oracle as factual issues remaining to be tried.

- JOINT:  Whether Google's use of the declaring code and structure, sequence, and organization of the 37 Java API packages constitutes a fair use.  This issue includes, but is not limited to, the following list of non-exhaustive factors:

  a.   The purpose and character of the use;

  b.   The nature of the copyrighted work;

  c.   The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

  d.   The effect of the use upon the potential market for or value of the copyrighted work.

- JOINT:  Whether and what amount of actual damages Oracle is entitled to, if any, if fair use is not found.

- JOINT:  Whether and what amount of statutory damages Oracle is entitled to if fair use is not found.

- ORACLE:  Whether and what amount of Google's profits attributable to the copyright infringement Oracle is entitled to if fair use is not found.  (As explained more fully in the trial brief submitted concurrently herewith, Oracle submits that this question is generally a question for the jury, and that it is especially so in this specific case.)

- JOINT:  Whether, if fair use is not found, Google's infringement was willful.

## V.   ISSUES WHICH REMAIN TO BE RESOLVED BY THE COURT

Below are the equitable issues to be tried to the Court.  The issues labeled "JOINT" are issues that both parties agree remain to be tried by the Court.  The issues labeled "GOOGLE" are

5

1050214.01

proposed solely by Google as equitable issues remaining to be tried, and issues labeled "ORACLE" are proposed solely by Oracle as equitable issues remaining to be tried.

- JOINT:  Whether Oracle's claims or relief sought are barred in whole or in part by the doctrine of equitable estoppel.

- JOINT:  Whether Oracle's claims or relief sought are barred in whole or in part by the doctrine of laches.

- GOOGLE:  The amount of Google's profits attributable to the alleged copyright infringement that Oracle is entitled to, if any, if infringement is found.  ("Disgorgement of unjust gains" under the Copyright Act is a form of "equitable relief," *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1977-78 (2014), and therefore must be resolved by the Court.  As Google previously stated when this issue was raised after remand, Google does not concede that Oracle has a right to a jury trial on its claim for disgorgement of profits, which the Supreme Court characterized in *Petrella* as an equitable remedy. ECF 1302 ("To be clear, and as is evident from Google's separate submission regarding the equitable defense of laches, Google does not concede that Oracle has a right to a jury trial on its claim for disgorgement of profits, which the Supreme Court characterized in *Petrella* as an equitable remedy…Google welcomes the opportunity to brief this issue in full as part of a separate motion, if and when the Court desires.").  This issue does not affect what will be determined by the jury in the fair use phase of the trial under the Court's present trial schedule, but will affect the issues submitted to the jury during any damages phase.).

- ORACLE:  Whether Oracle is entitled to a permanent injunction enjoining Google, its officers, agents, servants, employees, attorneys, affiliated companies, assigns and successors in interest, and all others in active concert or participation with Google, from directly, indirectly, or vicariously infringing the copyrights in suit, or inducing, causing, or materially contributing to infringement of the copyrights in suit.

## VI.    REQUEST FOR RESPONSE RE REFERENCES TO PRIOR PROCEEDINGS

On April 18, 2016, the Court requested that the parties "state the extent to which any

1050214.01

1   aspect of the proceedings before the Federal Circuit should be admitted or referenced before our

2   jury, including recordings of the oral argument and statements made in the opinion of the

3   appellate court." ECF 1683. The Court further requested that the parties "[p]lease also state the

4   extent to which testimony and verdicts from the first trial should be presented to the jury and any

5   objections thereto." *Id.* The parties have conferred and reached agreement regarding certain

6   aspects of the Court's request. The parties set forth below the scope of their agreement, as well as

7   separate statements indicating the issues upon which they disagree.

8       **Joint Statement**: The parties agree that the Court need not and should not inform the jury

9   regarding the procedural history of the case. The Court should inform the jury only that Oracle

10  filed this lawsuit against Google on August 12, 2010. The Court should not reference the prior

11  trial or appeal. The parties also agree that they will not present evidence or argument regarding

12  the prior trial or appeal unless and until either party opens the door to such evidence or argument,

13  and after prior clearance with the Court.

14      The parties further agree that testimony given in the prior trial should be admissible to the

15  same extent that testimony given in depositions taken in this case would be admissible at trial. In

16  using prior testimony at trial, the parties agree to refer to the testimony generally as "prior sworn

17  testimony" and not identify the testimony as having been elicited at a prior trial.

18      **Oracle's Statement**:

19      In addition to the above agreed statement, Oracle submits that for all matters that the

20  Federal Circuit or this Court has determined or deemed undisputed or admitted, including: (1) that

21  "the Android versions in play . . . used the copyrighted declaring code and the structure,

22  sequence, and organization of the 37 Java API packages at issue and that this constituted

23  infringement unless Google carries its burden . . . as to the defense of fair use," ECF No. 1506;

24  (2) that Google copied portions of the API packages for "purely commercial purposes," *Oracle*

25  *Am., Inc. v. Google Inc.*, 750 F.3d at 1376; and (3) that the declaring code and the structure,

26  sequence, and organization of the API packages are "both creative and original," *id.* at 1365, the

27  Court should instruct the jury as to those matters (as previously explained in connection with the

28  jury instruction briefing). Concurrent with this filing, Oracle will submit a request that the Court

1050214.01

deem facts admitted for the purposes of instructing the jury.  It should be noted that Google's

counsel has twice admitted the commerciality of Google's use of Android: once before the

Federal Circuit and once to this Court:

> JUDGE O'MALLEY: But for purpose and character, though, you
> don't dispute that it was entirely a commercial purpose.
>
> VAN NEST: No.

Oral Arg., *Oracle Am., Inc. v. Google Inc.*, Nos. 2013-1021, -1022 (Fed. Cir.) at 1:02:54-1:03:00,
*available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2013-1021.mp3.

> I mean, again, the fact that it's a commercial use is not in dispute.
> Nobody is claiming that Google created Android as part of a
> charitable mission.  The evidence is pretty clear that they created it
> to provide a platform on which other Google product[s] could do
> better.

Tr. 1418:15-20.  These statements are judicial admissions, *United States v. Crawford*, 372 F.3d

1048, 1055 (9th Cir. 2004) (en banc), and are "binding on both the parties and the court," *United

States v. Davis*, 332 F.3d 1163, 1168 (9th Cir. 2003).  *See also Hilao v. Estate of Marcos*, 393

F.3d 987, 993 (9th Cir. 2004) ("A party . . . is bound by concessions made in its brief ***or at oral

argument***.") (emphasis added); *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 752 (9th Cir. 2001)

(same).  Google's admissions have "the effect of withdrawing [the] fact from issue and

dispensing wholly with the need for proof of the fact."  *American Title Ins. Co. v. Lacelaw Corp.*,

861 F.2d 224, 226-27 (9th Cir. 1988).

If the Court will not instruct the jury that certain issues, such as commerciality, are not in

dispute, then Oracle reserves its right to present Google's counsel's admissions on those points as

opposing party's statements under Federal Rules of Evidence 801(d)(2)(C) and (D).  *See, e.g.*,

*Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("Under the federal rules, a statement made

by an attorney is generally admissible against the client."); *Peace & Freedom Party v. Bowen*,

912 F.Supp.2d 905, 907 (E.D. Cal. 2012) (deeming an attorney's statement "judicially noticeable

non-hearsay" under Federal Rules of Evidence 801(d)(2)(C) and (D)); *Synthes USA, LLC v.

Spiral Kinetics, Inc.*, 2011 U.S. Dist. LEXIS 126844, *14-16 (N.D. Cal. 2011) (denying a motion

*in limine* to exclude attorney statements).  The transcripts containing such statements, which are

1050214.01

1   certified by court reporters, as well as the official audio recordings of those statements, are self-

2   authenticating documents under Federal Rule of Evidence 902(4).  *Ball v. A.O. Smith Corp.*, 451

3   F.3d 66, 71 (2d Cir. June 9, 2006).  Again, Oracle will reference these statements only as prior

4   attorney admissions on behalf of Google, and will avoid specifically referencing the Federal

5   Circuit proceedings. Given that counsel's admission before the Federal Circuit was in response to

6   a question by Federal Circuit Judge O'Malley, we believe the Court can fashion an appropriate

7   explanation without going into the details of the Federal Circuit proceedings in the case.  All of

8   this can be avoided if counsel stipulates to what has already been admitted: that Android copied

9   the design of the API packages for "entirely a commercial purpose."

10      **Google's Statement**:

11      Based on the Federal Rules of Evidence, and in particular Rules 401, 402, 403, 801, and

12   802, Google disagrees with Oracle's suggestion that background statements cherry-picked from

13   the Federal Circuit's opinion should be deemed "undisputed facts."  The Federal Circuit did not

14   purport to engage in any fact-finding.  *See generally Oracle America, Inc. v. Google Inc.*, 750

15   F.3d 1339 (Fed. Cir. 2014).  Nor could it.  "Appellate courts review district court judgments; we

16   do not find facts."  *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir.

17   2008); *see also Shawmut Bank, N.A. v. Kress Assoc.*, 33 F.3d 1477, 1504 (9th Cir. 1994).  To the

18   contrary, in many instances, the Federal Circuit expressly adopted and relied upon the factual

19   findings that this Court made and which Oracle has never challenged on appeal.  *See id.* at 1349

20   ("The district court found, and Oracle concedes to some extent, that three of those packages—

21   java.lang, java.io, and java.util—were 'core' packages, meaning that programmers using the Java

22   language had to use them 'in order to make any worthwhile use of the language.'" (citing ECF

23   1202 (Order re Copyrightability of Certain Replicated Elements of the Java Application

24   Programming Interface)); *see also id.* at 1368 ("And, the [district] court concluded that 'Google

25   replicated what was necessary to achieve a degree of interoperability—but no more, taking care,

26   as said before to provide its own implementations.'").

27      Furthermore, the statements Oracle cherry-picks from the Federal Circuit opinion are

28   entirely one-sided.  Oracle ignores the statements that would be harmful to its case, such as the

9

1050214.01

Federal Circuit's unequivocal statement that "Sun/Oracle has never successfully developed its own smartphone platform using Java." 750 F.3d at 1350. *See also id.* at 1350 ("It is undisputed that the Java programming language is free for anyone to use."); *id.* at 1351 ("It is undisputed . . . that Google wrote its own implementing code."); *id.* at 1368 ("Oracle concedes that Google and others could employ the Java language—much like anyone could employ the English language to write a paragraph without violating the copyrights of other English language writers. And, that Google may employ the 'package-class-method' structure much like authors can employ the same rules of grammar chosen by other authors without fear of infringement.").

Google also disagrees with Oracle's assertion that statements made by counsel at oral argument should be deemed undisputed facts or evidence admissible in front of the jury. First, the statement at issue here is not a judicial admission. Judicial admissions are typically only found where a deliberate, clear and unambiguous statement is made in a <u>pleading</u>, not where, as here, counsel responds to a question from the Court about what is or is not in dispute. *See* 2 McCormick On Evid. § 254 (7th ed.) ("[Judicial admissions] are <u>formal concessions in the pleadings in the case or stipulations by a party or counsel</u> that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.") (emphasis added); *see also Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010) ("A judicial admission is a statement, <u>normally in a pleading</u>, that negates a factual claim that the party making the statement might have made or considered making.) (emphasis added).

Limiting judicial admissions in most instances to statements in pleadings ensures that the statements are "unequivocal" and "deliberate, clear and unambiguous." 30B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 7026 (2014 ed.). Otherwise, "statements made by lawyers in opening and closing arguments, in making objections, at side bars, and in questioning witnesses would be treated as pleadings and searched for remarks that might be construed as admissions though neither intended nor understood as such. Trials would be turned into minefields." *Id.* (citing *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010). Accordingly, "[o]verall, courts are correctly reluctant to hold [] a statement by counsel … to be a judicial admission." *Id.*

1050214.01

***Second***, even if counsel's statement in oral argument were a judicial admission (it is not), it is not admissible evidence for the jury at trial. Indeed, "[j]udicial admissions are not evidence at all but rather have the effect of withdrawing a fact from contention." 30B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 7026 (2014 ed.); see also 2 McCormick On Evid. § 254 (7th ed.) ("Evidentiary admissions are to be distinguished from judicial admissions. Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.") (emphasis added).  None of the cases cited above by Oracle address a situation where trial counsel's statement in oral argument about what is or is not in dispute was admitted as substantive evidence in a subsequent jury trial.

Thus, even if the Court were to deem counsel's statement at oral argument a judicial admission, that statement could not be submitted as evidence to the jury.  Rather, Google would not be permitted to dispute at trial that its use of the declarations/SSO of the 37 Java SE APIs was commercial in nature under the first fair use factor. Such an approach is appropriate here where Google does not intend to dispute commerciality at trial.[2]  This approach further avoids the improper and prejudicial outcome of injecting trial counsel as a witness in this case.

In short, Oracle's selective approach to identification of "undisputed facts" is improper and unworkable.  The Federal Circuit found that there were material facts in dispute regarding Google's fair use defense, and it remanded for a jury trial to decide those fact disputes.  *Id.* at 1376 ("On balance, we find that due respect for the limit of our appellate function requires that we remand the fair use question for a new trial.").  Rather than parse the Federal Circuit's opinion, this Court's prior findings of fact, and counsel's statements in oral argument, briefs, and the prior trial, the parties should try their case to the jury and let the jury find the facts.

## VII.   OTHER MATTERS

**Oracle's Statement**:  Oracle hereby renews its request, more fully discussed in ECF Nos. 1504 and 1539, that fair use not be bifurcated from willfulness and damages.  Oracle understands

---

[2] Google reserves the right to argue, for example, that Android was more transformative than commercial, and thus the first factor favors fair use.

that, as the Court noted last week, sometimes "it would be better to wait and see how [the Court] feel[s] about everything before [it] rule[s] on anything," because many of the issues in the case "feed into each other." 4/14/16 Hrg. Trans. At 134:20-25. Oracle reiterates that there is serious overlap between the many issues in this case, as shown in the below graphic.



If the case is to remain bifurcated, Oracle respectfully requests that the Court grant the parties three additional hours apiece for the first phase, and that the parties be able to freely shift hours between the phases.

**Google's Response**: For all of the reasons stated in Google's Response to Oracle's Argument Regarding Bifurcation (ECF 1543), the Court should adhere to its plan to bifurcate the trial. Bifurcation will assist juror comprehension by reducing the number of issues the jurors are required to resolve at one time, thereby allowing them to focus their attention on the evidence and determinations that are relevant to a particular issue. *See also* ECF 1321 (Order re Willfulness and Bifurcation) at 12-13. As the Court has observed during the hearings held over the last two weeks, the damages issues in this case are extremely complex and time-consuming and are separate from the fair use issues in many respects. Lumping all of these issues together in one unitary proceeding will be confusing for the jury. As just one example, in its fair use case Oracle

1  seeks to argue that Android harmed the market for past and current versions of Java **SE** and its

2  alleged derivatives in a variety of "potential" markets, yet in its damages case it bases its lost-

3  profits damages analysis on a single revenue projection for Java **ME** from 2008.

4      Furthermore, while there may be some overlap in the evidence between liability and

5  damages, that overlap would not result in duplication of evidence under the Court's trial plan

6  because evidence admitted in the first phase may be referenced in and relied upon by the parties

7  in the second phase.  ECF No. 1488 at 3.[3]

8      **VIII.   JURY INSTRUCTIONS AND BRIEFING**

9      On April 19, 2016, the Court issued a revised set of proposed jury instructions on fair use

10  (ECF 1688), and requested that the parties "meet and confer in person and try to agree on . . .

11  [that] proposal or something close thereto, so as to minimize issues for appeal." *Id.* at 1.  The

12  Court further requested that the parties "submit your agreed-on version by April 28 at noon," and

13  the Court has set a briefing schedule for objections to its proposed fair use instruction.  *Id.*

14      Pursuant to the Court's Guidelines, the parties intend to submit a joint set of proposed jury

15  instructions on substantive law and separate memorandums of law in support of each parties'

16  disputed instructions concurrent with the filing of this Joint Proposed Final Pretrial Order.  The

17  jury instructions and briefing submitted herewith do not yet take into account the Court's recently

18  revised proposed instructions on fair use, which the parties will address on the timeline set forth

19  in the Court's April 19, 2016 proposal (ECF 1688).  The parties respectfully reserve their right to

20  modify their proposed instructions and related briefing in light of the Court's revised proposal.

21      **IX.      EXHIBITS AND WITNESS LISTS**

22  • The parties' Joint Trial Exhibit List is attached as **Appendix A**.

23  • Oracle's witness list for its case-in-chief witnesses is attached as **Appendix B**.

24  • Google's witness list for its case-in-chief witnesses is attached as **Appendix C**.

25

26  [3] Google does not believe that the graphic included in Oracle's statement accurately represents
    the issues in this case.  For example, the Court has already held that willfulness is not relevant to

27  disgorgement unless the defendant seeks to deduct taxes from its profits. ECF 1321 at 11-12.
    Google has not deducted its taxes, and therefore willfulness has no bearing on any other issue

28  than statutory damages. *See id.* at 12.  And, as noted above, Google submits that disgorgement of
    profits is an equitable issue to be resolved by the Court.  *See supra* at 6.

1050214.01

Dated:  April 20, 2016

ORRICK, HERRINGTON &
SUTCLIFFE LLP


By:  */s/ Christina Von der Ahe Rayburn*
KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON

Attorneys for Plaintiff
ORACLE AMERICA, INC.

Dated:  April 20, 2016

KEKER & VAN NEST LLP


By:  */s/ Robert A. Van Nest*
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys For Defendant
GOOGLE, INC.

1

**ATTESTATION**

2       I, Christina Von der Ahe Rayburn, am the ECF User whose ID and password are being

3  used to file the **JOINT [PROPOSED] FINAL PRETRIAL ORDER**.  I hereby attest that Reid

4  Mullen, one of the counsel for Google Inc., has concurred in this filing.

5

6  Date:  April 20, 2016                                     */s/ Christina Von der Ahe Rayburn*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1050214.01