IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | No. C 10-03561 WHA <br><br> **PROPOSED INSTRUCTIONS RE FACTOIDS FROM COURT OF APPEALS OPINION** |

Google raises the point that if we hold it to the Federal Circuit's findings on commercial use, statements that help Google should also be included in the instructions to the jury. The Court asked the parties to meet and confer on this issue, but counsel have failed the Court.

The Court proposes to advise the jury that "Google admittedly copied portions of the API packages and did so for what were commercial purposes," deleting the word "purely" as argumentative. *Oracle America, Inc. v. Google Inc.*, 750 F.3d 1339, 1376 (Fed. Cir. 2014).

For even-handedness, the Court also proposes to instruct the jury that "Oracle concedes that Google and others could employ the Java language — much like anyone could employ the English language to write a paragraph without violating the copyrights of other English language writers. And, that Google may employ the 'package-class-method' structure much like authors can employ the same rules of grammar chosen by other authors without fear of infringement." *Id.* at 1368.

The foregoing would provide each side with one cogent, relevant statement from the court of appeals opinion.

The Court further asks counsel to agree that the following statements from the opinion may be provided to the jury as established facts in the case:

- "Although Android uses the Java programming language, it is undisputed that Android is not generally Java compatible." *Id.* at 1351.

- "Oracle licensed Java ME for use on feature phones and smartphones.  Sun/Oracle has never successfully developed its own smartphone platform using Java." *Id.* at 1350.

The general principle is that if any statement made by the court of appeals is to be deemed established in our trial, then we must be even-handed and give both sides the benefit of favorable points in the same opinion.  Of course, counsel may agree on any set of points within the opinion as they wish.

By **TUESDAY, APRIL 26 AT NOON**, counsel will please stipulate to the above or explain why the above proposals should not be adopted.  Absent agreement (to achieve even-handedness), none of the statements will be deemed admitted without prejudice to the possibility that briefs and/or oral argument will be admitted without prejudice to proof.

**IT IS SO ORDERED.**

Dated:   April 21, 2016.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE