ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>             Plaintiff,<br>   v.<br><br>GOOGLE INC.,<br><br>             Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE IN CAMERA REVIEW OF GOOGLE ATTORNEY ADVICE RE OPENJDK AND CLASSPATH EXCEPTION**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

I.     INTRODUCTION

Oracle respectfully submits that while the Court has discretion to review Google's privileged material for the sole purpose of determining whether that are ethical problems with Google's OpenJDK argument, the current record nevertheless suffices to grant Oracle's Motion *In Limine* #1.  If the Court exercises its discretion, it should do so solely for the purpose of ascertaining whether Google can maintain its OpenJDK arguments in good faith.[1]  Google should not be permitted to benefit from any documents that were not timely produced in discovery.  Furthermore, if the Court conducts an *in camera* review, the Court should order Google to identify for review *all* withheld documents relating to Google's decision not to use OpenJDK, including documents that are not clearly identified or included on Google's privilege log.

II.    **LEGAL STANDARD FOR *IN CAMERA* REVIEW OF PRIVILEGED MATERIAL**

Oracle has not located any directly on-point authority discussing the threshold a court must meet before *sua sponte* ordering an *in camera* review in order to ascertain whether a party can maintain an argument in good faith.  However, the cases Oracle has located provide the guidance that courts may exercise their "sound discretion" to engage in such a review where, as here, there are reasonable grounds for doing so.  These cases support that it would not be improper for the Court to conduct an *in camera* review to ensure integrity of the judicial process.

Where appropriate, federal courts may order parties "who seek to avoid disclosure of [privileged] documents to make the documents available for *in camera* inspection." *United States v. Zolin*, 491 U.S. 554, 569 (1989).  Because "*in camera* inspection is a smaller intrusion upon the confidentiality of the attorney-client relationship than is public disclosure," a "lesser showing" is required to justify *in camera* review than is required ultimately to overcome the privilege.  *Id.* at 572.  *Zolin* and its progeny teach that federal courts have wide discretion to conduct *in camera* review where there are reasonable grounds for doing so.  *See id.*; *UMG Recording, Inc. v. Bertelsmann AG (In re Napster Copyright Litig.),* 479 F.3d 1078, 1092 (9th Cir. 2007) (applying

---

[1] Oracle respectfully submits that case law and the current record require the Court to exclude all of Google's OpenJDK arguments and evidence except for the one fair use argument that Google disclosed in discovery regarding fragmentation.  ECF Nos. 1551-4 (Oracle MIL # 1), 1664 (Oracle's Reply re MIL # 1), and 1668 (Oracle's Supplemental Brief re MIL # 1).

*Zolin* in civil case). Here, the Court is requesting an *in camera* inspection to assess a potential "ethical problem" (ECF No. 1682 at 73:3-22) and to carry out its gatekeeping role under Rule 403 and *Daubert*.[2] The Court has inherent power over the administration of its business and the conduct of attorneys who appear before it, e.*g., Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995), and this power necessarily includes the power to conduct the contemplated *in camera* inspection. *See Bell v. State*, 2003 U.S. Dist. LEXIS 26010, *47 n.8 (N.D. Cal. Aug. 25, 2003) (citing *Zolin* for the proposition that court could have reviewed *in camera* allegedly privileged communications for purposes of resolving Rule 11 inquiry).

It seems axiomatic that the standard applicable to a court seeking to protect the integrity of the judicial process can be no higher than the standard applicable to a litigant seeking discovery. Here, the Court has a reasonable factual basis to inquire whether Google is in possession of privileged documents that show Google's eleventh-hour arguments regarding OpenJDK are contrary to the actual attorney advice Google received. *See* ECF No. 1682 at 72:2-16 (Court discussing Google's privilege log entries that appear to be related to OpenJDK).

### III. GOOGLE MUST PROVIDE ALL RELEVANT DOCUMENTS FOR REVIEW

If the Court conducts an *in camera* review, the Court should order Google to identify for review *all* withheld documents relevant to Google's decision not to use OpenJDK, including documents that are not clearly identified or included on Google's privilege log. Oracle believes that such documents exist for at least two reasons. First, an internal Google e-mail dated February 26, 2007 includes Android Technical Lead, Dan Bornstein, explaining that "the lawyer-advised consensus" was that the GNU General Public License Version 2 with Classpath Exception ("GPLv2-CE") created "potential for trouble."[3] ECF No. 1682 at 19:7-17. Given that Google's lawyers had already reached a "consensus" at the time of Mr. Bornstein's email, there are likely documents reflecting attorney advice on this topic that predate February 26, 2007. Yet

---

[2] *See United States v. Thinn,* 489 F. App'x 195, 196 (9th Cir. 2012) (court should avoid "mini-trial" on collateral issues under Rule 403); *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997) (expert opinion must "fit" the facts of the case).

[3] To assist the Court, Oracle is attaching to this brief the documents passed up to the Court during the April 14, 2016 hearing.

the earliest explicit reference to OpenJDK on Google's privilege log is dated May 17, 2007. Moreover, for some of Google's open source related log entries, "[a]ll we have is a vague description." *Id*. at 72:2-19 (Google's attorney discussing Google's own privilege log). Those vague descriptions indicate that other documents may be relevant to the present inquiry. For example, several log entries from the days following Sun's announcement of OpenJDK (Nov. 13, 2006) may correspond to documents relating to that announcement. On Nov. 14-15, 2006, four privilege log entries (10708-10711) are described as "Email reflecting advice of counsel re Open Source and Android." Other entries from November 2006 may also be relevant: entry 36795, dated Nov. 28, 2006 is an "Email reflecting advice of counsel re license specifications and third party packages" and entry 31520, dated November 30, 2006 is an "Email reflecting advice of counsel re licensing question." *See also* Entries 1010-1012, dated Feb. 26-27, 2007 ("Email reflecting advice of counsel re licensing class libraries."); Entry 8234 ("Email seeking advice of counsel re use and modification of code library.") Google is the only party in a position to identify all relevant and withheld documents and should do so if the Court conducts a review.

Second, Google's ESI search terms for this phase of the case did not include the terms "OpenJDK" or "Project Ensō" (the code name for Google's current OpenJDK project). By omitting those phrases from its ESI search terms, it is possible Google failed to collect relevant documents. This may explain why Google produced no internal memoranda, business plans, PowerPoint presentations, or e-mails regarding Project Ensō during this phase of the case (despite several related RFPs (*e.g.* RFPs 219, 220, 290)). Instead, Google selectively produced only a single email announcement for Project Ensō at the end of fact discovery. It is unclear what additional unproduced documents may exist.

Any *in camera* inspection must include *all* documents relating to Google's decision not to use OpenJDK and/or open source software licensed under GPLv2-CE for Android prior to 2015—not just withheld documents whose descriptions include "OpenJDK" in Google's privilege log. Accordingly, to the extent the Court orders an *in camera* review, the order should not be limited to documents whose privilege log entry includes the term "OpenJDK."

IV.  **GOOGLE HAS HAD AMPLE OPPORTUNITY TO PRESENT ITS EVIDENCE**

The Court also ordered Google to submit any contemporaneous documents that support its position that it could have used OpenJDK in Android in the relevant time frame.  Oracle notes that Google has already had ample opportunity to do so.  Such documents were not identified (1) in response to interrogatories relating to noninfringing alternatives and fair use, (2) by Google's experts, (3) during the briefing on Oracle's MIL #1, or (4) at the recent hearings.  Google has had ample opportunity to bring forward evidence that it could have used OpenJDK prior to 2015.  In the event Google brings forward any new "evidence" now, it would be prejudicial to Oracle to permit Google to rely on such evidence.  Or, at the very least, Oracle should be permitted to respond to such "evidence" before the Court issues an order on the pending motion.

## V.  GOOGLE CANNOT BENEFIT FROM ANY *IN CAMERA* REVIEW

In the event Google seeks to use any withheld document on the grounds of privilege to its own benefit, Oracle respectfully reserves its right to object to any such use and brief the issue.  In summary, a party that without substantial justification fails to disclose evidence during discovery "shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *Atmel Corp. v. Macronix Am., Inc.*, 2000 U.S. Dist. LEXIS 22635, *28-29 (N.D. Cal. May 26, 2000) (citing Fed. R. Civ. P. 37(c)(1)). "The Advisory Committee Notes to this Rule describes the sanction as 'self-executing.'" *Id*.  To avoid the consequences of Rule 37(c)(1), Google "must show two things: that it had a substantial justification for its failure to disclose, and that the failure was harmless." *Id.* at *38.

Use of evidence reviewed *in camera* to support Google's OpenJDK arguments would be neither substantially justified nor harmless. Google made a decision to base its OpenJDK strategy on the testimony of expert witnesses who did not review relevant contemporaneous evidence. Google's gamble does not constitute "substantial justification" for withholding additional evidence—if any—relevant to its OpenJDK arguments.  It was incumbent upon Google to put sufficient foundational evidence into the record, and it chose not to do so.  Google must live with the consequences of its decision. *Weil v. Investment / Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) ("A privilege-holder "may elect to withhold or disclose, but after a certain point his election must remain final").

1   Moreover, it would be prejudicial if the Court used the results of any *in camera* review to
2   breathe new life into Google's arguments about OpenJDK.  *See Chevron Corp. v. Pennzoil Co.*,
3   974 F.2d 1156, 1162 (9th Cir. 1992); *Hoffman v. Tonnemacher*, 362 Fed. Appx. 839, 841 (9th
4   Cir. 2010) (district court abused its discretion by allowing defense witness to testify regarding
5   hospital logs after "defendant had invoked privilege to avoid producing the information in the
6   logs during discovery"); *Bright Harvest Sweet Potato Co. v. H.J. Heinz Co., L.P.*, 2015 U.S. Dist.
7   LEXIS 29764 (D. Idaho Mar. 9, 2015) (precluding introduction of e-mails defendant previously
8   claimed were privileged since "[a] party may not selectively reveal only those portions of the
9   privileged communications most beneficial to its case"); *Layman v. Combs*, No. C-86-1692 CAL
10  (JSB), 1988 U.S. Dist. LEXIS 18517, 6-7 (N.D. Cal. Feb. 22, 1988) (forbidding plaintiffs from
11  introducing documents previously withheld as privileged, including all documents of privilege
12  log, since such conduct would prejudice defendants).  All evidence should have been produced
13  long ago in order to permit proper fact and expert discovery.

14  Finally, any reliance on *in camera* review to salvage Google's OpenJDK arguments would
15  raise due process concerns.  "While a court may review documents *in camera* to assess the scope
16  of a privilege, the court may not rely on an *ex parte* and *in camera* review of documents to
17  resolve an issue on the merits."  *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015
18  U.S. Dist. LEXIS 80954, at *81 (N.D. Cal. June 19, 2015) (citing *Lynn v. Regents of the Univ. of*
19  *Cal.*, 656 F.2d 1337,1346 (9th Cir. 1981) (reversing district court on due process grounds where
20  district court used *in camera* review of documents submitted by one party in order to evaluate
21  other evidence in the case).

## CONCLUSION

23  If the Court conducts an *in camera* review, such review should include all relevant
24  documents withheld by Google (regardless of whether they appear on Google's privilege log),
25  and such documents may only be used to foreclose, not support, Google's OpenJDK arguments.

| | |
|---|---|
| Dated: April 21, 2016 | KAREN G. JOHNSON-MCKEWAN<br>ANNETTE L. HURST<br>GABRIEL M. RAMSEY<br>PETER A. BICKS<br>LISA T. SIMPSON<br>Orrick, Herrington & Sutcliffe LLP |
| | By: */s/ Alyssa M. Caridis*<br>     Alyssa M. Caridis |
| | Attorneys for Plaintiff<br>ORACLE AMERICA, INC. |