ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE EXPERT REPORT SCHEDULE** <br><br> Dept.: Courtroom 8, 19th Floor <br> Judge: Honorable William H. Alsup |

## I. THE PARTIES STIPULATED TO STAGGERED EXPERT REPORTS.

Google has the burden of proof on fair use. Section 504(b) has shifting burdens of proof wherein Google has the burden of proof on apportionment. It didn't make sense for Google to try to calculate deductible expenses and to apportion without first seeing Oracle's gross revenue calculation. The parties therefore stipulated to a multiple round expert report schedule designed to accommodate these various burdens. ECF No. 1334.

| Event | Current Date | Proposed Date | Google Inc.'s Expert Report Topics | Oracle America, Inc.'s Expert Report Topics |
|---|---|---|---|---|
| Fact Discovery Cutoff | December 4, 2015 | December 16, 2015 | | |
| First Round of Party Expert Reports | December 8, 2015 | January 8, 2016 | Technical<br><br>Fair Use – All Factors | Technical<br><br>Actual & Statutory Damages – Revenues Portion of Disgorgement |
| Second Round of Party Expert Reports | January 8, 2016 | February 8, 2016 | Rebuttal to Technical Report, if Any<br><br>Disgorgement – Deductible Expenses & Apportionment | Rebuttal to Technical Report, if Any<br><br>Fair Use – All Factors (Not Limited to Rebuttal) |
| Third Round of Party Expert Reports | N/A | February 22, 2016 | Rebuttal to Fair Use Report | Rebuttal to Deductible Expenses & Apportionment Report |
| Deadline for Party Expert Depositions | January 21, 2016 | March 6, 2016 | | |
| Rule 706 Expert Report | February 8, 2016 | March 8, 2016 | | |
| Deadline to Depose Rule 706 Expert | February 22, 2016 | March 15, 2016 | | |
| Party Rebuttals to Rule 706 Report | N/A | March 21, 2016 | Rebuttal to Rule 706 Report, if Any | Rebuttal to Rule 706 Report, if Any |
| Deadline for *Daubert* Motions | 28 Days After Report | Filed by March 23, 2016 (set for hearing at 4/27 PTC) | | |

1   The Court approved the parties' stipulation on November 3, 2015.  ECF No. 1356.[1]

2   The stipulation acknowledges that the parties specifically tailored their expert report
schedule to reflect the Copyright Act's burden shifting framework for disgorgement.  The fifth
whereas clause of the parties' stipulation provides in pertinent part:

> WHEREAS, given the structure of and burdens provided by the Copyright Act, the parties agree that three rounds of expert reports are appropriate. For example, Google bears the burden of proof in the disgorgement analysis regarding apportionment and deductible expenses; under the current schedule that report would come in the first round, but the parties agree it would make more sense in the second round after Google's expert has had a chance to review Oracle's expert report containing the revenue portion of the disgorgement analysis. A third round of reports will then provide Oracle an appropriate opportunity for rebuttal on apportionment and deductible expenses…

ECF No. 1334 at 1:16-23.

## II.   ORACLE TIMELY COMPLIED WITH THIS STIPULATION AND ORDER.

Pursuant to the Court's scheduling orders, Oracle timely served Mr. Malackowski's opening round report on January 8, 2016.  ECF Nos. 1356 and 1509.  This report discusses actual damages, statutory damages, and the revenues portion of Oracle's disgorgement analysis. Consistent with plaintiff's disgorgement burden, Mr. Malackowski identified four streams of Android revenue—totaling nearly $40 billion—causally connected to Android, the infringing work.  ECF No. 1571-7 (1st Rpt.) ¶ 51.  This revenue figure is not in dispute.  ECF No. 1582-7 (Kearl Rpt.) Ex. 2.  The causal connection to this $41 billion is supported by the evidence cited in Mr. Malackowski's first-round report and by the large tranche of evidence submitted in connection with Oracle's opposition to Google's Malackowski *Daubert* motion.  ECF No. 1613-7.  Mr. Malackowski's first report also went *beyond* what section 504(b) requires of plaintiffs by deducting expenses to arrive at $21.3 billion in gross profits "reasonably associated" with the infringement.  ECF No. 1571-7 (1st Rpt.) ¶ 19.  Mr. Malackowski's first report also expressly acknowledged that Mr. Malackowski was not offering this gross profits number as the final apportioned number, but rather would address apportionment in rebuttal—after seeing what Google, who bears the burden of proof on apportionment, set forth, as contemplated by the

---

[1] The Court subsequently granted another stipulation by the parties extending the deadline for the parties' third and fourth round of reports by one week. ECF No. 1509.

- 2 -

ORACLE'S RESPONSE RE IN CAMERA REVIEW
CV 10-03561 WHA

1  stipulation and order.  *Id.* ¶ 16.

2  On February 8, 2016, in the second round of expert reports, Google's expert Dr. Leonard
3  provided Google's apportionment calculations, which rely on NIAs plus a "lines of code"
4  analysis.

5  Mr. Malackowski's third-round report to rebut Google's apportionment calculations—
6  served nearly three weeks *before* Mr. Malackowski was deposed—was timely served on February
7  29, 2016.  In response to Dr. Leonard's report, Mr. Malackowski adjusted downward the $21
8  billion gross profits figure to $19 billion.  ECF No. 1560-13 (2nd Rpt., corrected) ¶ 279.  Mr.
9  Malackowski also concluded that Dr. Leonard's apportionment opinions lacked merit.  He opines
10 that Dr. Leonard's non-infringing alternatives are "fundamentally flawed," in part because they
11 ignore how the 37 Java API packages enabled Android to get to market during the limited
12 window of opportunity.  *Id.* ¶¶ 141-170.  This opinion is well supported in the law.  *Frank Music*
13 *Corp. v. Metro-Goldwyn-Mayer, Inc.* 772 F.2d 505, 518 (9th Cir. 1985).  Mr. Malackowski also
14 found Dr. Leonard's "lines of code" approach unsupported and contrary to record evidence, *id.*,
15 ¶¶ 108-130, an opinion that is also well supported, *see* ECF No. 1566-7 (Google Expert Dr.
16 Astrachan Depo.) at 166:14-168:20 (testifying "not all code is the same"; "there are going to be
17 APIs on which you rely more heavily than others, both in a quantitative and in a qualitative
18 way").[2]  Accordingly, Mr. Malackowski offered his own rebuttal apportionment analysis—
19 consistent with the expert report stipulation and order—that attributed well over ***$10 billion*** to
20 non-infringing factors, ultimately arriving at a disgorgement figure of $8.8 billion.  ECF No.
21 1560-13 (2nd Rpt.) ¶¶ 282-83.  Mr. Malackowski notes that, in his professional business and
22 accounting opinion, any attempt to further apportion "risks allowing Google to retain a substantial
23 portion of profits generated by the Infringed Java Copyrights."  *Id.* ¶ 285.[3]

---

[2] Ninth Circuit law also supports this opinion.  *See Frank Music Corp. v. MGM Inc.*, 886 F.2d 1545, 1548 (9th Cir. 1989) ("If the district court relied exclusively on a quantitative comparison and failed to consider the relative quality or drawing power of the show's various component parts, it erred.").

[3] Mr. Malackowski is entitled to offer an opinion that in his view there is no "fair basis" for further division.  *Sheldon v. Metro-Goldwyn Pictures Corp.* 309 U.S. 390, 402 (1940)) (the infringer bears the risk that the evidence is *not* "sufficient to provide a fair basis of division" between the infringing and non-infringing aspects of the infringing work); *see also Harper &*

1  In contrast, Google served on March 28, 2016 a report from Dr. Leonard attempting to
2  shore up his original opinion. Although styled as a reply to Dr. Kearl's March 18, 2016 report, it
3  included for the first time in this litigation, an entirely new "interview" with Mr. Gold and an
4  entirely new sensitivity testing analysis not previously undertaken. *See* ECF Nos. 1619, 1684
5  (Oracle's Motion *in Limine* #7 and Oracle's Reply in Support). This information was not
6  replying to any opinions in Dr. Kearl's Report. Dr. Leonard's report was served almost two
7  weeks *after* Dr. Leonard's March 11, 2016 deposition, and the parties' stipulation and the Court's
8  order made no provision for such a report.

### III. GOOGLE REJECTS ORACLE'S PROPOSAL FOR COMPROMISE.

Google has never complained about the timeliness of Oracle's damages reports or mentioned any inability to respond thereto. Google had all of Mr. Malackowski's reports before he was deposed. Nonetheless, at the Court's suggestion and in order to make the presentation of expert evidence at trial easier for the Court, the jury and all parties, Oracle tried to reach a compromise on the expert report timing issue. After the April 19 hearing, Oracle proposed by email the following verbatim stipulation to Google and counsel for Dr. Kearl:

> 1. Expert reports, including responses and replies, will be treated as though all material contained in those reports was contained in the first and opening report on the date that first report for the witness was served;
>
> 2. Oracle will withdraw without prejudice MIL #7 regarding the late Leonard interview with Gold and late sensitivity testing of Kim, resolving the lateness issue but not the underlying substantive objections;
>
> 3. Google will provide an additional one hour of deposition with Mr. Gold; and
>
> 4. The agreement to deem everything part of the opening reports does not change the fundamental nature of the subject matter or elements of proof on which the witness was offered, so for example Drs. Leonard and Kearl who were proffered only on damages and not on fair use cannot suddenly be offered on fair use.

---

*Row Publ'rs, Inc. v. Nation Enters.*, 471 U.S. 539, 567 (1985)) (quoting *Sheldon*) ("With respect to apportionment of profits flowing from a copyright infringement, this Court has held that an infringer who commingles infringing and noninfringing elements must abide the consequences, unless *[the infringer]* can make a separation of the profits so as to assure to the injured party all that justly belongs to him.").

1  Dr. Kearl's counsel assented to Oracle's proposed stipulation, but Google did not.  Google orally

2  rejected Oracle's proposal in the Courtroom on April 20, 2016 without providing any explanation.

3  Google has made no other proposal.

Dated:  April 21, 2016

KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON
Orrick, Herrington & Sutcliffe LLP


By:   */s/ Annette L. Hurst*


Attorneys for Plaintiff
ORACLE AMERICA, INC.