1  KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
2  rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
3  canderson@kvn.com
DANIEL PURCELL - # 191424
4  dpurcell@kvn.com
633 Battery Street
5  San Francisco, CA 94111-1809
Telephone:     415 391 5400
6  Facsimile:     415 397 7188

7  KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
8  bbaber@kslaw.com
1185 Avenue of the Americas
9  New York, NY  10036
Telephone:     212 556 2100
10  Facsimile:     212 556 2222

11  Attorneys for Defendant GOOGLE INC.

12  UNITED STATES DISTRICT COURT

13  NORTHERN DISTRICT OF CALIFORNIA

14  SAN FRANCISCO DIVISION

15  ORACLE AMERICA, INC.,                        Case No. 3:10-cv-03561 WHA (DMR)

16          Plaintiffs,                          **GOOGLE'S BRIEF REGARDING
                                                 WHETHER EVIDENCE SUBMITTED IN
17      v.                                       MR. MALACKOWSKI'S REPLY MAY BE
                                                 CONSIDERED RE CAUSAL NEXUS**
18  GOOGLE INC.,
                                                 Dept.:      Courtroom 8, 19th Fl.
19          Defendant.                           Judge:      Hon. William Alsup

20

21

22

23

24

25

26

27

28

GOOGLE'S BRIEF RE: WHETHER EVIDENCE SUBMITTED IN MR. MALACKOWSKI'S REPLY
MAY BE CONSIDERED RE: CASUAL NEXUS
Case No. 3:10-cv-03561 WHA (DMR)

1053959

At the hearing on April 19, 2016, and in its Minute Order following, the Court requested a brief "be submitted to address whether we can consider items in Malackowski's reply report in evaluating whether Oracle carried its burden to show a causal nexus."  Minute Order (ECF 1687).  As explained below, the scheduling orders required Mr. Malackowski to set forth his full opinions regarding any causal nexus to Google revenues in his opening report.  Accordingly, the Court should not consider any new opinions in Mr. Malackowski's reply report in evaluating whether Oracle carried its burden to show a causal nexus.

The Court issued its Third Case Management Order on October 6, 2015, in which it summarized the expert report deadlines as of that date:  "the second case management order in this case set **DECEMBER 8, 2015** as the deadline for opening expert reports for issues on which a party has the burden of proof.  Opposition reports are due on **JANUARY 8, 2016.**  There is no allowance for reply reports."  ECF 1333.  The Court also noted that the deadline for Dr. Kearl's Rule 706 Report was February 8, 2016.  *Id.*  In response to the Third Case Management Order, the parties agreed to a stipulated modified schedule for three rounds of party expert reports, in addition to the Rule 706 expert report, and party rebuttals to the Rule 706 expert report.  ECF 1334 (Joint Stipulation re Case Schedule).  Counsel for Dr. Kearl agreed to the parties' proposed schedule (ECF 1355), and the Court adopted the parties' stipulated schedule on November 3, 2015.  ECF 1356.

In the parties' Joint Stipulation adopted by the Court, the parties explained:

WHEREAS, given the structure of and burdens provided by the Copyright Act, the parties agree that three rounds of expert reports are appropriate. For example, Google bears the burden of proof in the disgorgement analysis regarding apportionment and deductible expenses; under the current schedule that report would come in the first round, but the parties agree <u>it would make more sense in the second round after Google's expert has had a chance to review Oracle's expert report containing the revenue portion of the disgorgement analysis. A third round of reports will then provide Oracle an appropriate opportunity for rebuttal on apportionment and deductible expenses.</u> Similarly, while Google bears the burden of proof on fair use, Oracle intends to serve expert reports addressing all fair use factors without regard to whether those opinions might technically be characterized as rebuttal, and both parties agree that each should have the opportunity to respond to the other's fair use reports—further necessitating three rounds of reports[.]

ECF 1334 (emphasis added).  The schedule in the Joint Stipulation adopted by the Court provided

that the "First Round of Party Expert Reports" were due on January 8, 2016, and that Oracle's first round "Expert Report Topics" included "Actual & Statutory Damages – Revenues Portion of Disgorgement." *Id.*  The Joint Stipulation then provided that the "Second Round of Party Expert Reports" were due on February 8, 2016, and that Google's second round "Expert Report Topics" included "Disgorgement – Deductible Expenses & Apportionment."  *Id.*  Finally, for the "Third Round of Party Expert Reports," Oracle's "Expert Report Topics" list only "**Rebuttal** to Deductible Expenses & Apportionment."  *Id.*[1] (emphasis added).  The parties submitted a Stipulation and Proposed Order seeking to modify certain dates, including making the Third Round of Party Expert Reports due on February 29, 2016, which the Court adopted.  ECF 1509.  This stipulation and order did not modify the subject matter of any reports.

Thus, under the schedule stipulated to by the parties and ordered by the Court, Oracle's expert opinions concerning the *revenue* portion of disgorgement (that is, the revenues that Oracle asserts have a causal nexus to the alleged infringement) was due as part of the First Round of Party Expert Reports (on January 8, 2016).  And Oracle's Third Round of Party Expert Reports related to damages was limited to "Rebuttal to Deductible Expenses and Apportionment."  ECF 1334 at 2:15-17; 1:21-23 ("A third round of reports will then provide Oracle an appropriate opportunity for rebuttal on apportionment and deductible expenses.").  Oracle timely served Mr. Malackowski's Third Round Rebuttal Report on February 29, 2016.[2]  In keeping with that schedule, Mr. Malackowski's Opening Report included opinions regarding a "Causal Nexus for the Revenues Attributable to the Infringement," starting at ¶ 219. ECF 1560-12.[3]

Oracle's expert's opinions concerning Oracle's attempt to show a causal nexus should be contained within that Opening Report under the Court's schedule in this case.  Therefore, the

[1]  The Joint Stipulation as adopted by the Court further provided that Party Rebuttals to Rule 706 experts would be due on March 21, 2016, after Dr. Kearl served his Rule 706 Report on March 15, 2016.  These dates were modified in a subsequent Joint Stipulation and Order, as adopted by the Court.  ECF 1509.  Party rebuttal reports to Dr. Kearl's Rule 706 Report continued to be due after Dr. Kearl's Rule 706 Report, and so necessarily after party expert depositions.  *Id.*

[2] ECF 1560-13 (Responsive Expert Report of James E. Malackowski [Corrected] February 29, 2016).  By Stipulation and Order the due date for the Third Round of Party Expert Reports was continued to February 29, 2016. ECF 1509.

[3] Expert Report of James E. Malackowski [Corrected] January 8, 2016.

2

1053959

1    Court should limit its consideration of this issue to the Opening Report, because the Stipulated

2    and Court-ordered schedule did not afford Oracle any further opportunities to buttress those

3    opinions for purposes of the Court's consideration of the pending *Daubert* motion, nor do the

4    general provisions of Rule 26.  Fed. R. Civ. P. 26(a)(2)(B)(i) (opening expert report must contain

5    "a complete statement of all opinions the witness will express and the basis and reasons for

6    them").  *See also Kleen Prods. LLC v. Int'l Paper,* 306 F.R.D. 585, 591 (N.D. Ill. 2015); *see also*

7    *In re High-Tech Employee Antitrust Litig.,* No. 11-CV-02509-LHK, 2014 WL 1351040, at *12

8    (N.D. Cal. Apr. 4, 2014) (noting Rule 26(a)(2)(B)'s "requirement that an expert witness's

9    opening report contain 'a complete statement of all opinions the witness will express and the basis

10   and reasons for them' together with 'the facts or data considered by the witness in forming

11   them.'").  Here, the stipulations and orders related to expert reports did not modify the standard

12   application of Rule 26(a)(2)(B)(i) so as to permit Mr. Malackowski to provide any further

13   affirmative opinions in his February 29, 2016 report, which was limited to rebutting issues

14   regarding deductible expenses and apportionment (i.e., the revenues Oracle asserts have a causal

15   nexus to the infringement under *Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700 (9th Cir.

16   2004), and *Mackie v. Rieser*, 296 F.3d 909 (9th Cir. 2002)).

17           In sum, Google submits that the Court can consider the analysis in an expert report that

18   pertains to the matters the parties stipulated and this Court ordered should be set forth in that

19   report.  Thus, to the extent the Court is referring to Mr. Malackowski's February 29, 2016

20   Rebuttal Report, or Mr. Malackowski's March 28, 2016 Responsive Report to Dr. Kearl, new

21   affirmative opinions set forth in those reports should not be considered concerning any claimed

22   causal nexus between the alleged infringement and Google revenues.

23   Dated:  April 21, 2016                           KEKER & VAN NEST LLP

24

25                                       By:   */s/* Robert A. Van Nest
                                               ROBERT A. VAN NEST
26                                             CHRISTA M. ANDERSON
                                               DANIEL PURCELL
27
                                               Attorneys for Defendant GOOGLE INC.
28
                                               3

1053959