ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE INC.<br><br>        Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1719)**<br><br>Trial Date: May 9, 2016<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

**INTRODUCTION**

The Court has asked for memoranda from the parties on three points: (1) whether "findings" relied on by an appellate court to reverse constitute "law" of the case upon remand to the district court; (2) whether if some fact appears "undisputed" to the appellate court and is relied on by that court for a reversal, the losing party on remand is thereby estopped to dispute that fact; and (3) whether prior factual statements of counsel should be admitted in evidence (before the jury) to contradict factual statements the same counsel later make to the jury (specifically, shouldn't counsel be held to their word?). ECF No. 1719. The answer to all three of these questions is yes.

**I.   DISTRICT COURT FINDINGS RELIED ON BY THE APPELLATE COURT ARE THE LAW OF THE CASE ON REMAND**

There are two doctrines mandating that the district court not reconsider findings relied on by the appellate court for its decision: (1) the law of the case doctrine and (2) the rule of mandate. Although technically separate doctrines, many courts refer to "law of the case" and the "mandate rule" interchangeably. *See United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) (noting that courts "have not been consistent in describing the mandate doctrine," with some circuits considering the "mandate doctrine as 'nothing more than a specific application of the 'law of the case doctrine'"); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1348 n.1 (Fed. Cir. 2001) (noting that courts use the terms "law of the case," "mandate rule," and "waiver" to refer to the same concept). Accordingly, this memorandum will cite cases referring to both doctrines in response to the Court's question.

"The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Thrasher*, 483 F.3d at 981 (quoting *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)); *see also Exxon Corp. v. United States*, 931 F.2d 874, 877 (Fed. Cir. 1991). "Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *Id.* "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Id.*

"The rule of mandate is similar to, but broader than, the law of the case doctrine." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (citing *Herrington*, 12 F.3d at 904). The rule of mandate provides that "[w]hen a case has been once decided by this court on appeal, and remanded to the [district court], whatever was before this court, and disposed of by its decree, is considered as finally settled." *Thrasher*, 483 F.3d at 981 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255-56 (1985)). "The [district court] is bound by the decree as the law of the case, and must carry it into execution according to the mandate." *Id.* "That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Id*. "Thus, a district court could not refuse to dismiss a case when the mandate required it, and a district court could not revisit its already final determinations unless the mandate allowed it." *Id.* (quoting *Cote*, 51 F.3d 178, 181 (9th Cir. 1995)); *see also Herrington v. Cty. of Sonoma*, 790 F.Supp. 909, 912 (N.D. Cal. 1992) *aff'd* 12 F.3d 901, 905 (9th Cir. 1993) ("[F]actual issues cannot be retried under the so-called mandate rule, which is broader than the rule of the law of the case . . . a district court may not exceed the directions of the mandate by retrying facts or altering findings.").

According to the law of the case and mandate doctrines, if an appellate court's judgment relies on a district court's previous findings or rulings—either factual or legal—those previous findings or rulings become the law of the case. *Exxon*, 931 F.2d at 878 (considering whether "certain findings of fact were . . . examined in, relied on, or otherwise necessary to [the] decision [on] appeal" to determine whether those findings constituted the law of the case)[1]; *see also Herrington*, 790 F. Supp. at 912 (applying the combined "principles of the law of the case, the mandate rule, [and] estoppel" to the district court's prior determination (relied upon by the appellate court) of a "mixed question of law and fact"); *cf Dorsey v. Cont'l Cas. Co.*, 730 F.2d

---

[1] Reliance on *Exxon Corp.* is appropriate here. In that case, the Federal Circuit noted that while it "applied the precedent of the regional circuit" with regard to the law of the case doctrine in certain matters, its recitation of the law of the case in *Exxon* "is commonly accepted in federal jurisprudence, and should be considered the law of the Federal Circuit as well." *Exxon*, 931 F.2d at n.4.

675, 678 (11th Cir. 1984) ("The 'law of the case' doctrine invokes the rule that findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal."). For example, in *United States v. Hughes Aircraft Co. (Lujan I)*, 162 F.3d 1027 (9th Cir. 1998), the Ninth Circuit reviewed the district court's factual determinations in a *qui tam* action, affirmed the district court, and remanded. *Id.* at 1032-33. The district court then relied on the Ninth Circuit's factual determinations to dismiss the rest of the claim. *United States ex rel. Lujan v. Hughes Aircraft Co. (Lujan II)*, 243 F.3d 1181, 1189 (9th Cir. 2001). The Ninth Circuit said this was not only proper, but that the district court was "bound by the [appellate court's] prior factual determinations to the extent it could not contradict them" on remand. *Id.*; *see also United States v. Serrano*, 187 F.3d 650 (Table) (9th Cir. 1999) (affirming application of "law of the case" doctrine by district court on remand where defendant "failed to challenge, in his earlier appeal to [the Ninth Circuit], the district court's factual findings"); *Chavez v. Bank of Am. Corp.*, No. C-10-0653 JCS, 2012 WL 1594272, at *5-6 (N.D. Cal. May 4, 2012) (dismissing plaintiffs' claims based on earlier undisputed factual findings that constituted the law of the case).

Here, the Federal Circuit (1) determined "that the declaring code and the structure, sequence, and organization of the 37 Java API packages at issue are entitled to copyright protection, " (2) ordered this Court to reinstate the jury's infringement verdict and (3) remanded Google's fair use defense for a new trial. *Oracle Am., Inc. v. Google, Inc.*, 750 F.3d 1339, 1381 (Fed. Cir. 2014). To make these rulings, the Federal Circuit necessarily relied on the district court's findings that (1) Oracle owns the copyrights at issue, (2) the declaring code and SSO of the 37 Java API packages are creative and original, and (3) Google copied the declaring code and SSO of the 37 Java API packages. *Id.* at 1350, 1351, 1356, 1357, 1359, 1365. The Federal Circuit also found that Google was *not* forced to copy the 37 Java API packages in order to use the Java language, and relied on these findings to reject Google's merger and "method of operation" arguments. *Id.* at 1361 (rejecting merger because "nothing prevented Google from writing its own declaring code"); *id.* at 1365 (rejecting Google's method of operation argument, in part, because "Google did not need to copy the structure, sequence, and organization of the

Java API packages to write programs in the Java language"). Google concedes that the Court relied on factual findings in its portion of the Joint [Proposed] Final Pretrial Order. ECF No. 1709 at 9 ("the Federal Circuit expressly adopted and relied upon the factual findings that this Court made…").

Because the Federal Circuit relied on these findings in reversing the district court's copyrightability decision, these findings are law of the case. Moreover, the rule of mandate also prohibits revisiting these findings on remand. The binding factual findings relied on by the Federal Circuit include:

- Oracle owns the copyright on Java SE and the Java API packages. *Oracle Am.*, 750 F.3d at 1350.
- Oracle's 37 Java API packages are both creative and original. *Id.* at 1356, 1357, 1365.
- As a technical matter, nothing prevented Google from writing its own declaring code, along with its own implementing code, to achieve the same result as the copied Java API packages. *Id.* at 1361;
- Google did not need to copy the structure, sequence, and organization of the 37 Java API packages to write programs in the Java language. *Id.* at 1365;
- Google could have structured Android differently and could have chosen different ways to express and implement the functionality that it copied. Specifically, the very same functionality could have been offered in Android without duplicating the exact command structure used in Java. Google could have offered the same functions in Android by rearranging the various methods under different groupings among the various classes and packages. The declaring code could have been written and organized in any number of ways and still have achieved the same functions. *Id.* at 1368; and
- Nothing in the rules of the Java language required that Google replicate the same groupings. *Id.* at 1361 n.7.

These factual findings are now the law of the case, and the jury should be instructed as such.

1    None of the "findings" related to fair use, however, are binding because the Federal Circuit determined that there are disputed facts requiring remand of that issue. By contrast, the Federal Circuit's opinion regarding the *law* of fair use is binding law of the case. Oracle Am., 750 F.3d at 1377 ("On remand, the district court should revisit and revise its jury instructions on fair use consistent with this opinion so as to provide the jury with a clear and appropriate picture of the fair use defense.") Facts related to fair use are not law of the case because the Federal Circuit did not rely on those facts for its decision nor was it necessary for the Federal Circuit to determine those facts for its decision. Likewise, because the Federal Circuit determined that interoperability of Android with the Java platform was not relevant to copyrightability, it did not rely on any statements regarding compatibility or interoperability in rendering its decision. Because the Federal Circuit remanded the issue of fair use, the rule of mandate allows reconsideration of factual issues related to fair use during the remand trial.

## II.   GOOGLE CANNOT DISPUTE ON REMAND A FACT THAT IT CONCEDED BEFORE THE APPELLATE COURT AND THAT THE APPELLATE COURT RELIED ON FOR ITS REVERSAL

The doctrine of judicial estoppel prohibits a party from "changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (citation omitted). "[S]ometimes referred to as the doctrine of preclusion of inconsistent positions," it is an equitable doctrine "intended to protect against a litigant playing fast and loose with the courts." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (citations omitted). "Judicial estoppel is most commonly applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one." *Russell*, 893 F.2d at 1037. If a court "clearly accepted and relied upon [a party's] assertions when making its ruling," that party taking an inconsistent position later may create the perception that it "misled" either the current or the prior court. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009). However, "it may be appropriate to resist application of judicial estoppel 'when a party's prior position was based on inadvertence or mistake.'" *New Hampshire*, 532 U.S. at 753 (citation omitted).

Whether the doctrine applies in a particular case depends upon several factors: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750-51; *see also Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 994 (9th Cir. 2012) (applying these factors and holding that no showing of "chicanery" or fraud is required).

In light of these three factors, Google is estopped from disputing facts that it previously conceded before the Federal Circuit and that the Federal Circuit relied on for its decision. Google would derive an unfair advantage if it were allowed to argue to the jury facts that it has already conceded, particularly where those facts were relied on by the Federal Circuit in reversing the district court's copyrightability decision. At the very least, such argument would introduce confusion where there should be none. Additionally, allowing Google to litigate issues that it has already conceded would harm Oracle. Trial time in this matter is limited; Oracle should not be forced to relitigate issues that have already been settled.

Google did not dispute that it copied the declaring code and structure, sequence, and organization of the 37 Java API packages, which the Federal Circuit necessarily relied on in ordering the district court to reinstate the jury's verdict. Nor did Google dispute the following facts relied on by the Federal Circuit in reversing the district court's copyrightability determination:

- Oracle's 37 Java API packages are both creative and original. *Id.* at 1356, 1357, 1365;
- Google did not need to copy the structure, sequence, and organization of the Java API packages to write programs in the Java language. *Id.* at 1365.

Google cannot argue that it mistakenly or inadvertently took these positions, or did so solely for the sake of argument. *See New Hampshire*, 532 U.S. at 753. Accordingly, Google is judicially estopped from reopening these issues. *See also Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949–50 (C.D. Cal. 1996) (". . . an issue or factual argument waived at the trial level before a

particular order is appealed, or subsequently waived on appeal, cannot be revived on remand. In essence, the party's waiver becomes the law of the case.").

### III. PRIOR FACTUAL STATEMENTS OF COUNSEL ARE ADMISSIBLE IN EVIDENCE TO CONTRADICT LATER FACTUAL STATEMENTS BY COUNSEL

The Supreme Court has held that facts conceded by counsel constitute binding judicial admissions. In fact, in *Oscanyan v. Arms Co.*, 103 U.S. 261 (1880), the Supreme Court affirmed a directed verdict in favor of a defendant based solely on the recitation of facts given by plaintiff's counsel in opening statement. According to the *Oscanyan* Court:

> The power of the court to act in the disposition of a trial **upon facts conceded by counsel** is as plain as its power to act upon the evidence produced. The question in either case must be whether the facts upon which it is called to instruct the jury be clearly established. If a doubt exists as to the statement of counsel, the court will withhold its directions, as where the evidence is conflicting, and leave the matter to the determination of the jury.
>
> In the trial of a cause the admissions of counsel, as to matters to be proved, are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. They may limit the demand made or the set-off claimed. **Indeed, any fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof**.

*Id.* at 263.

Likewise, the Ninth Circuit has repeatedly found counsel's concessions made in oral argument to constitute binding judicial admissions. *See, e.g.*, *In re Adamson Apparel, Inc.*) 785 F.3d 1285, 1294 (9th Cir. 2015) ("We have every right to treat [counsel's] concession at oral argument [that a debt was fully paid off] as binding on the Trustee."); *United States v. Crawford*, 372 F.3d 1048, 1055 (9th Cir. 2004) (*en banc*) (holding that what "defense counsel clearly and expressly conceded on appeal, both in briefing and at oral argument" constituted "[a] judicial admission [] binding before both trial and appellate courts"); *Am. Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1064 (9th Cir. 2012) (finding a statement made at oral argument on appeal to be a binding judicial admission); *Hilao v. Estate of Marcos*, 393 F.3d 987, 993 (9th Cir. 2004) (A party is "bound by concessions made in its brief or at oral argument."); *United States v. Wilmer*, 799 F.2d 495, 502 (9th Cir. 1986) (finding a defense attorney's concession, at oral argument, of "all the elements of [the government's] case as far as intoxication" to constitute a

judicial admission.").

Google's claim that courts are "reluctant to hold [] a statement by counsel . . . to be a judicial admission," ECF No. 1709 at 10 (citing 30B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 7026 (2014 ed.)), misrepresents both Wright & Miller and the case law. The *full* quote actually reads: "Overall, courts are correctly reluctant to hold that a statement by counsel ***at any stage of the trial*** to be a judicial admission." *Id.* at n. 12 (emphasis added). The question here is more specific: whether considered remarks of counsel made during oral argument or briefing to a court constitute judicial admissions. Wright & Miller clearly states that "admissions in the pleadings in the case, in motions for summary judgment, ***admissions in open court***, stipulations of fact, and admissions pursuant to requests to admit" are binding judicial admissions. *Id.* (citations omitted; emphasis added). Likewise, "[u]nequivocal admissions made by counsel during the course of trial are judicial admissions binding on his client." *Id.* (citations omitted). The only limitation on whether an attorney's concessions in open court or court filings constitute judicial admissions is whether those statements are "deliberate, clear and unambiguous." *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997); *see also Butynski v. Springfield Terminal R. Co.*, 592 F.3d 272, 277 (1st Cir. 2010) ("We begin with first principles. Counsel can make admissions during trial that will bind the client. . . . In order to qualify as an admission under this rubric, such a statement, when viewed in context, must be clear and unambiguous."); *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 477 (5th Cir. 2001) ("Martinez' counsel's statement waiving all claims of physical injury was a judicial admission, which could not be contradicted by affidavit or otherwise."); *Saucier v. Plummer*, 611 F.3d 286, 288 (5th Cir. 2010) ("The district court properly excluded Legacy II commissions from its damage calculation. . . . Saucier cannot recover damages that she asked the jury not to award.")).

Counsel's binding admissions also constitute evidence that can be introduced as an opposing party's statement pursuant to Federal Rules of Evidence 801(d)(2)(C) and (D). Those Rules provide that a statement offered against an opposing party is not hearsay if it "(C) was made by a person whom the party authorized to make a statement on the subject," or "(D) was made by the party's agent or employee on a matter within the scope of that relationship and while

it existed." There can be no question that counsel's statements before this Court and the Federal Circuit, or in filings submitted to the various courts, fall within the scope of those Rules. *See, e.g.*, Wright & Miller § 7023 ("An attorney may, of course, act as an ordinary agent and as such make evidentiary admissions admissible against his principal, Rule 801(d)(2)(C) and (D)."); *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (holding that an unsigned attorney declaration was properly admitted into evidence because "[u]nder the federal rules, a statement made by an attorney is generally admissible against the client"); *Peace & Freedom Party v. Bowen*, 912 F. Supp. 2d 905, 907 (E.D. Cal. 2012) (deeming statements made in an attorney letter "judicially noticeable non-hearsay" under Federal Rules of Evidence 801(d)(2)(C) and (D)); *Synthes USA, LLC v. Spiral Kinetics, Inc.*, 2011 U.S. Dist. LEXIS 126844, *14-16 (N.D. Cal. 2011) (denying a motion *in limine* to exclude attorney statements made in patent applications); *see also Hanson v. Waller*, 888 F.2d 806, 814 (11th Cir. 1989) (affirming admission into evidence of an attorney letter because "[rule 801(d)(2)(C)] has been applied to allow in evidence statements made by attorneys in a representational capacity"); *United States v. McKeon*, 738 F.2d 26 (2nd Cir. 1984) (finding an opening statement made by an attorney to be admissible in a later lawsuit against his client); *United States v. Ojala*, 544 F.2d 940, 946 (8th Cir. 1976) (finding that an attorney's statements to IRS agents were properly admitted into evidence as party admissions); *Williams v. Union Carbide Corp.*, 790 F.2d 552, 555-56 (6th Cir. 1986) (finding that pleadings written by an attorney in a prior case are admissible as party admissions); *United States v. Dolleris*, 408 F.2d 918, 921 (6th Cir. 1969), *cert. denied*, 395 U.S. 943 (1969) (admitting into evidence attorney statements made during conferences with treasury agents). As these cases demonstrate, statements made in one stage of a case may be admitted in another stage of the case, or in an entirely different case.

The binding judicial admissions of Google's counsel include:

- That Google's copying was for entirely a commercial purpose.

Google's counsel admitted this fact during oral argument before the Federal Circuit:

> JUDGE O'MALLEY: But for purpose and character, though, you don't dispute that it was entirely a commercial purpose.

VAN NEST: No.

Oral Arg., *Oracle Am., Inc. v. Google Inc.*, Nos. 2013-1021, -1022 (Fed. Cir.) 1:02:54-1:03:00, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2013-1021.mp3; *see also* Feb. 24, 2016 Tr. 28:7-16 (playing this portion of the oral argument recording for the Court).

Google's counsel also admitted that Google's use was commercial during the trial in 2012:

> I mean, again, the fact that it's a commercial use is not in dispute. Nobody is claiming that Google created Android as part of a charitable mission. The evidence is pretty clear that they created it to provide a platform on which other Google product[s] could do better.

Tr. 1418:15-20 (Google's counsel); *see also* Oracle Op. Br., Nos. 2013-1021, -1022 (Fed. Cir.) at 69-70 (quoting this language to the Federal Circuit).

- "Google replicated the method headers [declaring code] that were most important for mobile devices . . . ."

Google's counsel admitted this in Google's petition for certiorari to the Supreme Court. Google App. to Pet. Cert. at 31, *Google Inc. v. Oracle Am., Inc.*, No. 14-410 (U.S. Oct. 6, 2014).

- "[P]rograms written in Java for the Java platform will not necessarily run as intended on the Android platform."

Google's counsel admitted this fact in Google's petition for certiorari to the Supreme Court. Google App. to Pet. Cert., at 31.[2]

Each of the above statements by Google's counsel was deliberate, clear, and unambiguous, and thus constitutes a judicial admission. Accordingly, they can be used as evidence in this case, including for the purpose of contradicting factual statements the same counsel later make to the jury.

---

[2] Google's full statement in its cert petition was as follows: "Oracle and the Federal Circuit have emphasized that, because Google replicated the method headers from only 37 of the Java packages, programs written in Java for the Java platform will not necessarily run as intended on the Android platform. As the district court observed, however, 'imperfect interoperability, and Oracle's angst over it,' only prove the point by 'illustrat[ing] the character of the command structure as a functional system or method of operation.'" *Id.* (citations omitted). Of note, *Google did not dispute* that "programs written in Java for the Java platform will not necessarily run as intended on the Android platform."

| | |
|---|---|
| Dated: April 25, 2016 | Respectfully submitted, |
| | Orrick, Herrington & Sutcliffe LLP |
| | By: /s/ *Annette L. Hurst* |
| | Counsel for ORACLE AMERICA, INC. |

- 11 -   ORACLE'S RESPONSE TO ECF NO. 1719 RE ADMISSIBILITY OF PRIOR STATEMENTS IN CASE CV 10-03561 WHA