ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OBJECTIONS TO PROPOSED INSTRUCTIONS RE FACTOIDS FROM COURT OF APPEALS OPINION (ECF NO. 1711)**<br><br>Trial Date: May 9, 2016<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

**INTRODUCTION**

The parties have been unable to agree to the Court's Proposed Instructions Re Factoids From Court Of Appeals Opinion. Oracle proposed compromise factoids to Google –set forth in the discussion below– and offered to meet and confer to explain those proposals, but Google's counsel declined the offer. Accordingly, pursuant to ECF No. 1711, Oracle hereby submits the following objections to the Court's proposed instructions.

**I.     ORACLE'S OBJECTION TO FACTOID #1**

**"Google admittedly copied portions of the API packages and did so for what were commercial purposes"**

Oracle objects to this factoid because it does not include the word "purely" or "entirely." The Federal Circuit's use of "purely" to describe the extent of Google's commercial purpose is not argumentative. Rather, it reflects that Google copied the 37 Java API packages for *entirely* commercial purposes, as admitted by Google's counsel. See Oral Arg., *Oracle Am., Inc. v. Google Inc.*, Nos. 2013-1021, -1022 (Fed. Cir.) 1:02:54-1:03:00.[1]

The difference between an instruction that Google copied for commercial purposes and an instruction that Google copied for *entirely* commercial purposes is vast. With the first instruction, the door remains open for Google to argue that its copying had commercial *and* non-commercial aspects; the second forecloses such argument. Google intends to argue to the jury that its use is not commercial because it gives Android away for free: "I can tell you that, obviously, Android is used in many non-commercial ways all the time. Android is offered for free. Google doesn't sell Android. It is offered for free for use for anyone." 2/24/2016 Tr. 50:8-11 (Tutorial).

This is counter to counsel's admission at oral argument (cited above) that Google copied for *entirely* commercial purposes. It is counter to Google's admission at the 2012 trial that its use in Android is commercial (even if Android is free) because its other products benefit from the Android platform:

> I mean, again, the fact that it's a commercial use is not in dispute. Nobody is claiming that Google created Android as part of a charitable mission. *The*

---

[1] Available at http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2013-1021.mp3.

> *evidence is pretty clear that they created it to provide a platform on which other Google product[s] could do better.*

2012 Trial Tr. 1418:15-19 (Google's counsel) (emphasis added).  It is counter to Google's 2010 earnings call, where it admitted that Android was not a philanthropic endeavor:

> We want to be open in everything we do.  We believe open systems are better for the Web.  They are better for the user.  *This is not philanthropy.*  When the Web is better, more people use it more often.  Android is a leading example of this.  As Patrick mentioned, we are now activating over 160,000 Android devices every day.  This is up from 65,000 last quarter.

TX5169 (Q2 2010 Earnings Call (Jonathan Rosenberg)) at 5 (emphasis added).  And it is counter to witness testimony that the "primary reason" for Android was to make money:

> [T]he primary reason to have something like Android is that people will do more searches, and then we'll get more money as a result.

2012 Trial Tr. 1458:13-15 (Eric Schmidt).  Undercutting the strength of Google's prior admissions would allow Google to potentially mislead the jury into finding that its use of Oracle's copyrighted works was not commercial because it does not charge for Android, when even Google does not believe this to be true.

To avoid the risk of unfair prejudice, Oracle proposed that the parties agree to include "purely" or "entirely" in this factoid, but Google would not agree.

## II.     ORACLE'S OBJECTION TO FACTOID #2

**"Oracle concedes that Google and others could employ the Java language—much like anyone could employ the English language to write a paragraph without violating the copyrights of other English language writers.  And, that Google may employ the 'package-class-method' structure much like authors can employ the same rules of grammar chosen by other authors without fear of infringement."**

Oracle objects to the second sentence of this factoid as irrelevant, confusing, and prejudicial.  Whether or not Google may employ a "package-class-method" structure says nothing about the purpose, character, or extent of Google's use of Oracle's copyrighted works, or anything else relevant to any of the fair use factors.  Yet, this irrelevant generality risks misleading the jury into finding that Google was permitted to copy the *particular* "package-class-method" created by Oracle for its API packages, which it was not.  *See Oracle Am., Inc. v.*

1  *Google, Inc.*, 750 F.3d 1339, 1381 (Fed. Cir. 2014) ("we conclude that the declaring code and the
2  structure, sequence, and organization of the 37 Java API packages at issue are entitled to
3  copyright protection"); *see also id*. at 1368 ("What Oracle contends is that, beyond that point,
4  Google, like any author, is not permitted to employ the precise phrasing or precise structure
5  chosen by Oracle to flesh out the substance of its packages—the details and arrangement of the
6  prose"). Such a finding would impeach the infringement verdict that the Federal Circuit ordered
7  the Court to reinstate.

8        To avoid the risk of confusion and prejudice, Oracle proposed that the parties agree to
9  admission of only the first sentence of this factoid, but Google would not agree.

## III.   ORACLE DOES NOT OBJECT TO FACTOID #3

> "Although Android uses the Java programming language, it is undisputed that Android is not generally Java compatible."

Oracle does not object to the Court instructing the jury as to this factoid. Google likewise stated that it did not object to this factoid in its Response to Request for Briefing re Admissibility of Prior Statements in Case. ECF No. 1728 at 4.

## IV.   ORACLE'S OBJECTION TO FACTOID #4

> "Oracle licensed Java ME for use on feature phones and smartphones. Sun/Oracle has never successfully developed its own smartphone platform using Java."

Oracle objects to the second statement of this factoid because it is incorrect and misleading. Of note, this factoid appears only in the Federal Circuit's background description of the technology and was not relied on by the Federal Circuit for its reversal. *See Oracle Am.,* 750 F.3d at 1350. The second sentence is incorrect because Java SE and Java ME are application development platforms for smartphones that Sun/Oracle successfully developed using Java. In fact, the Federal Circuit recognized that "[m]any software developers use the Java language, as well as Oracle's API packages, to write applications (commonly referred to as 'apps) for desktop and laptop computers, tablets, ***smartphones***, and other devices." *Id.* at 1347 (emphasis added). Moreover, the second statement might mislead the jury into believing that Sun/Oracle's

- 3 -

ORACLE'S OBJECTIONS TO ECF NO. 1711 RE PROPOSED INSTRUCTIONS RE FACTOIDS
CV 10-03561 WHA

*development efforts* were somehow unsuccessful, which they were not.  Any failure of Java SE or Java ME to succeed in the smartphone market was due to Google's copying of Oracle's copyrighted works in Android, not Sun/Oracle's development efforts.

Dated: April 25, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Annette L. Hurst*

Counsel for ORACLE AMERICA, INC.