KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Tel:    (404) 572-4600
Fax:    (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiffs,<br><br>     v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE REGARDING PROPOSED INSTRUCTIONS RE FACTOIDS (ECF NO. 1711)**<br><br>Dept.:     Courtroom 8, 19th Fl.<br>Judge:    Hon. William Alsup |

Defendant Google Inc. ("Google") respectfully submits this response to the request contained in the Court's April 21, 2016 Proposed Instructions Re Factoids From Court Of Appeals Opinion.  ECF No. 1711.

In its April 21 order, the Court proposed two pairs of statements to be read to the jury that are based on the Federal Circuit's opinion.  The first pair consisted of a statement, favorable to Oracle, regarding the commercial nature of Google's use of the declaring code and SSO (the "Commercial Statement") and a statement, favorable to Google, regarding the Java programming language (the "Java Language Statement").  The second pair consisted of a statement favorable to Oracle regarding Java compatibility (the "Compatibility Statement") and a statement regarding both the licensing of Java ME and Sun/Oracle's smartphone development failures (the "Java ME / Smartphone Statement").

Google advised the Court (and Oracle) in Google's noon filing yesterday, ECF No. 1727-1 at 2, 4-5, that Google was prepared to agree that the Court could read to the jury the first pair of statements, as well as the Compatibility Statement and the second sentence of the Java ME / Smartphone Statement—but not the first sentence of the Java ME / Smartphone Statement.

As Google explained in its filing yesterday, ECF No. 1727-1 at 4-5, the first portion of the Java ME / Smartphone Statement—"Oracle licensed Java ME for use on feature phones and smartphones."—is vague, general, and potentially misleading.  The Java ME statement says nothing about which Java ME product or products were licensed, and provides no information regarding the parties to whom any such licenses were granted, the scope of any such licenses, when any such licenses were entered into, the terms of any such licenses, the purposes for which any such licenses were entered into, any "smartphones" with respect to which the statement is true, or whether or to what extent any such licenses were in fact exploited by the licensees.

The evidence at trial, moreover, will show that Java ME—which is very different from the Java SE works that are at issue—was never licensed for use in a modern smartphone like those in which Android is used as the operating system, and that Java ME lacks the capability to support such a use.  As Google noted in yesterday's filing, ECF No. 1727-1 at 4-5, the testimony of Oracle's claimed "employee expert" Henrik Stahl supports Google's position, and confirms that

Java ME, with only 10 API packages, lacks the capability to support a modern smartphone platform. These facts show not only why Android transformed the Java SE APIs, but also why Oracle's claim of market harm fails. Reading the Java ME statement to the jury would therefore create a risk of significant juror confusion with respect to the evidence that will be offered on several fair use factors.

In view of the above, the Java ME statement is at best of limited value and, based on the evidence that Google expects will be introduced at trial, would likely be of no probative value at all. Google therefore was willing to agree that the Court could read the two pairs of statements to the jury, but without the first sentence of the Java ME / Smartphone Statement.[1]

Oracle, however, did not agree to Google's proposal to delete the first sentence of the Java ME / Smartphone Statement. Based on the communications it received from Oracle, Google understands that Oracle's final position is that Oracle would agree that only the Compatibility Statement could be read to the jury as drafted, that it wished to edit both the Commercial Statement and the Java ME / Smartphone Statement to add language favorable to Oracle, that it was not agreeable to the deletion of the first sentence of the Java ME / Smartphone Statement, and that it would only agree that the first sentence of the Language Statement could be read.

Google is not willing to agree to Oracle's proposals. As a result, the parties have not been able to stipulate that the Court's proposed instructions should be given.

Google continues to believe that, for the reasons stated above, the first sentence of the Java ME / Smartphone Statement should not be read to the jury. Google also continues to believe, as the Court stated in the order containing its proposed instructions, that any instructions to the jury based on factoids or language in the Federal Circuit opinion should be balanced and even-handed, and should "give both sides the benefit of favorable points" from the opinion.

---

[1] As noted above, the Java ME / Smartphone Statement is in fact comprised of two separate statements, one of which (the first sentence regarding Java ME licensing) favors Oracle, and the second of which (the second sentence regarding Sun/Oracle's development failures) favors Google. As a result, including the Java ME statement as drafted would be inconsistent with the "even-handed" approach outlined by the Court in its order regarding the proposed instructions. ECF No. 1711 at 1, 2.

DATED: April 26, 2016                KEKER & VAN NEST LLP

                                     By:  /s/ Robert A. Van Nest
                                          ROBERT A. VAN NEST

                                     Attorneys for Defendant
                                     GOOGLE INC.