KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GOOGLE INC.,<br><br>  Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)**<br><br>Trial Date: May 9, 2016<br>Dept.        Courtroom 8, 19th Fl.<br>Judge:       Hon. William Alsup |

I. **INTRODUCTION**

Oracle agrees with Google:

> Facts related to fair use are *not* law of the case because the Federal Circuit did *not* rely on those facts for its decision nor was it necessary for the Federal Circuit to determine those facts for its decision… Because the Federal Circuit remanded the issue of fair use, *the rule of mandate allows reconsideration of factual issues related to fair use during the remand trial*.

ECF 1726 (Oracle's Response re Admissibility of Prior Statements) at 5 (emphasis added). This admission alone should resolve the Court's questions. Notwithstanding this straightforward concession, Oracle claims that a laundry list of "findings" from the Federal Circuit and statements of counsel should come into the case as undisputed facts. Oracle's position is without merit.

First, the Federal Circuit was clear that it did not—and indeed could not—make factual findings as to fair use. Second, to the extent that the Federal Circuit relied upon facts in deciding the issue of copyrightability, those facts are not binding here because copyrightability and fair use are "separate and distinct" inquiries. Third, some of the "facts" that Oracle seeks to establish were not relied upon by the Federal Circuit. Finally, setting aside the absence of any legal basis to admit statements from the Federal Circuit's decision, Google will not dispute certain "facts" that Oracle seeks to establish. Thus, there is no practical need for this Court to open the door to an evidentiary sideshow of legal skirmishes over statements made in briefs and hearings, which will require explaining this case's long and complex history and thus threatens the parties' agreement not to do so before the jury. ECF 1727-1.

Rather than taking any substantive dispute off the table, Oracle's proposal puts confusion and prejudice on the table. Pursuant to the Federal Circuit's mandate, the parties should start the retrial with a clean slate.

II. **THERE ARE NO ESTABLISHED FACTS ON REMAND**

A. **According to the Federal Circuit, there is a clean slate on fair use findings**

Oracle ignores the express decision of the Federal Circuit (and Oracle's own words) that there were no findings before the appellate court on fair use, and the jury's fair use fact finding must be wholly separate from the prior copyrightability analysis. The law of the case doctrine and mandate rule are in accord: the jury's fact finding on fair use should not be circumscribed by

1

GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE
ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No. 3:10-cv-03561 WHA (DMR)

1054397

the Federal Circuit's decision on copyrightability.

### 1. The Federal Circuit remanded for full fact finding on fair use.

As Oracle acknowledges, the Federal Circuit stated that "neither the jury nor the district court made findings of fact to which we can refer in assessing the question of whether Google's use of the API packages at issue was a 'fair use' within the meaning of Section 107." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1373 (Fed. Cir. 2014). Moreover, the Federal Circuit recognized that because the trier of fact had not made any findings on fair use, it could not do so either. *Id.* (where material facts are unresolved, "appellate courts may not make findings of fact in the first instance."). Accordingly, the state of the record is clear: all material facts related to fair use are in dispute, and the jury must resolve the fair use issue on a clean factual slate.

### 2. The law of the case doctrine and mandate rule do not limit the jury's task.

The law of the case doctrine and the mandate rule support the Federal Circuit's remand instructions. First, the law of the case doctrine applies to *legal issues*, not factual findings. *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) ("The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." (quoting *Maag v. Wessler,* 993 F.2d 718, 720 n. 2 (9th Cir. 1993)). Second, the "law of the case doctrine is limited to issues that were *actually decided*, either explicitly or by necessary implication, in the earlier litigation." *Ford Motor Co. v. United States*, 809 F.3d 1320, 1324 (Fed. Cir. 2016) (emphasis added). It is undisputed that the Federal Circuit did *not* decide the fair use issue. Moreover, the law of the case doctrine is "discretionary" and was created to avoid reconsideration of "decisions that are intended to put a matter to rest." *Pit River Home & Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088, 1097 (9th Cir. 1994). The fair use issue has certainly not been put to rest in this case. Accordingly, the law of the case doctrine does not constrain the jury's fact-finding duties.

The mandate rule is consistent. The rule forbids a district court to revisit matters disposed of by the appellate court. *See United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007). The converse applies here: "the lower court may consider and decide any matters left open by the

2
GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE
ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No.  3:10-cv-03561 WHA (DMR)

1054397

mandate of the court." *United States v. Cote*, 51 F.3d 178, 182 (9th Cir. 1995), *as amended on denial of reh'g* (June 2, 1995) (alterations omitted). Under the mandate rule, the jury may decide all facts related to fair use—the matter left open by the Federal Circuit.

Oracle does not cite a single case in which law of the case or the mandate rule required that specific "facts" found for one purpose be deemed established on remand in a trial on a different issue, and certainly not where the appeals court explicitly stated that there were no factual findings on that issue. *Herrington v. Cty. of Sonoma*, 790 F. Supp. 909, 912 (N.D. Cal. 1991), says that "a district court may not exceed the directions of the mandate by retrying facts or altering findings," but the mandate here encompasses full consideration of fair use. *Exxon Corp. v. United States*, 931 F.2d 874, 878 (Fed. Cir. 1991), holds that a district court *may* amend its factual findings after remand if the appellate court did not rely on those findings. *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001), holds that a district court may not contradict prior factual determinations where the issue in question has "been decided in the previous disposition." *United States v. Serrano*, 187 F.3d 650, *2 (9th Cir. 1999) (unpublished), holds that the district court could rely on previous factual findings at resentencing when confronting the same issue a second time (i.e., whether the defendant's son feared retaliation). Finally, *Chavez v. Bank of Am. Corp.*, 2012 WL 1594272, at *5-6 (N.D. Cal. May 4, 2012), does not involve a remand, but rather a district court's refusal to revisit an earlier finding.

In short, none of these cases hold that the trial court is bound on remand by the appellate court's statements on issues that have not been decided. The cases are all consistent with Oracle and Google's shared assessment: the jury may find all facts related to fair use.

**B.     Oracle's purported facts are highly misleading in the fair use context.**

The Federal Circuit rejected Oracle's present tactic of attempting to put the square pegs of copyrightability findings into the round hole of fair use analysis. The Court explained that "[t]he question of whether Google's copying constituted infringement of a copyrighted work is '***distinct and separable***' from the question of whether Google can establish a fair use defense to its copying" and that "confusion and error [are] caused when they are blurred." *Id*. at 1377 n.17 (emphasis added). Oracle's proposed "findings" show that the Federal Circuit's warning was

3

GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE
ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No.  3:10-cv-03561 WHA (DMR)

1054397

spot on. Oracle's requested instructions mix copyrightability apples with fair use oranges. As a result, they are highly misleading and threaten significant juror confusion. Oracle's six purported undisputed facts fall into three groups. Google addresses each in turn.

### 1. "Oracle owns the copyright on Java SE and the Java API packages."

The Federal Circuit stated that "Oracle owns the copyright on Java SE and the API packages" but did so without any citation or analysis. *Oracle Am.,* 750 F.3d at 1350. Nevertheless, Google does not intend to dispute this point, so Oracle's proposed finding is unnecessary.

### 2. "Oracle's 37 Java API packages are both creative and original."

Oracle wants to instruct the jury that the 37 Java API packages are both creative and original. In other words, Oracle urges the Court to import a copyrightability finding on originality into the jury's analysis of the second fair use factor (the nature of the copyrighted work), in direct defiance of the Federal Circuit's instruction that the two inquiries are distinct. *Oracle Am.,* 750 F.3d at 1377 n.17. Oracle's attempt to blur the concepts of creativity for purposes of copyrightability and the creative/functional analysis for fair use is highly misleading and very likely to confuse jurors. *See generally* ECF 1696 at 6 (Google Opp. to Oracle MIL 6).

Google has not disputed that declarations/SSO are sufficiently creative to pass the low bar of originality for copyrightability, but the test for originality in the copyrightability context is "extremely low; even a slight amount will suffice." *Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (requiring only "some minimal degree of creativity"). For fair use, the jury faces a very different question: whether the nature of the copyrighted work is more functional than creative in nature. "Creativity for the purposes of fair use is harder to establish than threshold copyrightability." *Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp. 2d 177, 188 (D. Mass. 2007). Given the different standards for creativity under the copyrightability and fair use tests, admission of this statement would be far more prejudicial than probative and risk considerable juror confusion.

Regardless of its creativity claims, Oracle has conceded that the APIs are functional. In discussing factor two in closing arguments, Oracle's counsel admitted that the APIs were

4
GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE
ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No. 3:10-cv-03561 WHA (DMR)

1054397

functional, because they are a computer program, and then argued that the APIs were also creative. Oracle's counsel conceded "Now, this is a little -- this one is a little tricky to apply here because, obviously, *we're talking about computer programs and computer programs in some sense are functional*." Tr.2494:2-6 (emphasis added). Oracle's counsel further stated: "And so Google's own witnesses reinforced that on this creative to functional to factual scale, we're over on the creative side. *Maybe slightly in between, because computer programs have a functional aspect to them.* But the Structure, Sequence and Organization is a highly creative activity." Tr. 2495:6-10 (emphasis added).

Given that the Federal Circuit remanded this case for a trial on all of the fair use factors, it is improper for Oracle to seek to import a finding concerning the minimal threshold for creativity required for copyrightability into an instruction on factor two, the nature of the copyrighted work.

### 3. "Google could have written the Android declarations/SSO of the 37 API packages differently."

Oracle's last four undisputed "facts" all boil down to one assertion: Google could have written the declarations/SSO of the 37 API packages differently for the same functions. *See* ECF 1726 at 4. The only relevance these purported facts could have in the retrial is on the issues of interoperability and compatibility—part of the second factor on fair use. The Federal Circuit explicitly held that interoperability is irrelevant to copyrightability, but *is* relevant to fair use. *Oracle Am.*, 750 F.3d at 1371-72. *See generally* ECF 1696 at 4 (Google Opp. to Oracle MIL 4). And Oracle conceded that "interoperability arguments are only relevant, if at all, to fair use." *Id.* at 1368. The Federal Circuit declined to consider compatibility and interoperability, so these purported "findings" are not controlling now. Oracle should not be permitted to limit the jury's consideration of relevant evidence on compatibility and interoperability.

In addition, the Federal Circuit did not rely upon the two "findings" about the declarations. Oracle proposes as law of the case that "'nothing prevented Google from writing its own declaring code, along with its own implementing code, to achieve the same result' as the copied Java API packages" and "nothing in the rules of the Java language required that Google replicate the same groupings." ECF 1726 at 4. But the Federal Circuit did *not* rely on these

5

GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE
ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No. 3:10-cv-03561 WHA (DMR)

1054397

purported findings; rather, it held that the merger analysis for the declarations turns on the choices that Sun/Oracle had when it created the API packages, not the choices available to Google. *See Oracle Am.*, 750 F.3d at 1361 ("copyrightability and the scope of protectable activity are to be evaluated at the time of creation"). Accordingly, these statements are dicta, and could not under any circumstances be considered law of the case. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (dicta has no preclusive effect).

In sum, while acknowledging that the jury may make its own determinations on any factual issues related to fair use, Oracle simultaneously seeks to instruct the jury on "established facts" designed to curtail the jury's fair use analysis. Some of Oracle's proposed "facts" are dicta, and all are highly skewed to selectively present only snippets from the Federal Circuit opinion favorable to Oracle. They should not be put before the jury.

### C. Google still agrees to the Court's reading of three factoids, as long as the parties are not precluded from offering evidence on these topics.

As explained in Google's Response Regarding Proposed Instructions re Factoids, ECF 1734, Google remains amenable to the Court's reading of all "factoids" except the first sentence of the factoid "Oracle licensed Java ME for use on feature phones and smartphones. Sun/Oracle has never successfully developed its own smartphone platform using Java," provided that Google remains able to introduce relevant evidence on these topics. ECF 1727-1 at 4.

## III. GOOGLE IS NOT ESTOPPED FROM ARGUING PURPORTED "FACTS" ABOUT "COPYING"

Next, Oracle contends that because Google did not argue certain points on appeal, it is judicially estopped from disputing that (1) it copied the declarations/SSO code for the 37 APIs; (2) the 37 APIs are creative and original; and (3) Google did not need to copy the declarations/SSO of the APIs to write programs in Java. ECF 1726 at 6. Google does not intend to contest the Court's instruction that "In this trial, all parties agree that the Android versions in question used aspects of Java 2 Standard Edition Version 1.4 and Java 2 Standard Edition Version 5.0, specifically using the declaring code and the structure, sequence, and organization of 37 Java API packages." ECF 1688 at 1. On the other points, Oracle misconstrues both the law and the record.

6

GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No. 3:10-cv-03561 WHA (DMR)

1054397

1    Judicial estoppel does not apply here.  That doctrine holds that when "a party assumes a
2 certain position in a legal proceeding, and succeeds in maintaining that position, he may not
3 thereafter … change his position." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  In
4 considering whether estoppel applies, courts consider whether a party's later position was (1)
5 "clearly inconsistent with its earlier position"; (2) whether the "party has succeeded in persuading
6 a court to accept that party's earlier position so that judicial acceptance of an inconsistent position
7 in a later proceeding would create the perception that either the first or the second court was
8 misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an
9 unfair advantage" if not estopped.  *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270-
10 71 (9th Cir. 2013) (citing *New Hampshire,* 532 U.S. at 749-50).

11    None of these factors apply.  First, Oracle does not identify *any* instance in which Google
12 took the position that the 37 APIs are creative and original and that Google did not need to use the
13 declarations/SSO of the APIs.  *See* ECF 1726 at 5-7.  Oracle wrongly conflates a decision not to
14 dispute something on appeal with an affirmative position.  Second, because Google never took
15 these positions, Google never succeeded in maintaining these positions before the Federal Circuit.
16 Third, because Google never asserted these positions, there is no possibility of an inconsistent
17 position that would provide Google with an unfair advantage.

18    Additionally, as with its purported "judicial admissions," Oracle's proposal on estoppel
19 contradicts the law on fair use and risks juror confusion.  For example, estopping Google from
20 presenting evidence on functionality/creativity is inconsistent with the holding that elements of a
21 computer program "should be afforded a lower degree of protection than more traditional literary
22 works." *Oracle Am.*, 750 F.3d at 1375 (quoting *Sega Enters. Ltd. v. Accolade, Inc.,* 977 F.2d
23 1510, 1526 (9th Cir. 1992)).  As explained above, meeting the low threshold of creativity for the
24 purpose of copyrightability does not resolve this factor, and any reliance on a finding that
25 emphasizes minimal creativity over functionality may misinform the jury about both the record in
26 this case and the law on fair use.

7
GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE
ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No.  3:10-cv-03561 WHA (DMR)

1054397

## IV. COUNSEL'S STATEMENTS ARE NOT EVIDENCE

### A. Judicial admission is not warranted because Google will not dispute the commercial nature of Android.

Notwithstanding the fact that Google has stated that it will not dispute the commercial nature of Android, Oracle continues to argue that it can use statements by counsel, taken out of context, as evidence in the retrial. Oracle's position is without merit.

First, Oracle contends that counsel's prior statements are admissible in evidence to contradict counsel's later factual statements. ECF 1709 at 7. Google has made it plain that it will not dispute the commercial nature of Android. ECF 1709 at 11. Thus, there will be no contradictory "later factual statements," and no reason for the Court to conclude that counsel's statement about the commercial nature of Android is a judicial admission. Indeed, Oracle's cited authority demonstrates that before a court can consider counsel statements as evidence, it must first "be satisfied that the prior argument involves an assertion of fact inconsistent with similar assertions in a subsequent trial…. The inconsistency, moreover, should be clear and of a quality which obviates any need for the trial of fact to explore other events at the prior trial." *U.S. v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984). Oracle can point to no such inconsistency here.

Second, as Oracle concedes, judicial admissions are only appropriate where the statements are "deliberate, clear, and unambiguous." ECF 1307 at 8. Here, Oracle tries to make Google's counsel's statement appear unambiguous by intentionally omitting a critical part of counsel's answer to the question posed in oral argument. The complete question and answer is as follows:

> JUDGE O'MALLEY: Purpose and character, you don't dispute that it was entirely a commercial purpose?
>
> VAN NEST: No. ***But again that doesn't decide the fair use question***. The question that we
>
> JUDGE O'MALLEY: It's a factor?
>
> VAN NEST: It's a factor. You look at was it transformative, was it just a copy that was ... were you trading on their name. Obviously Android was a lot more than that, didn't use the Java name, had 15 million lines of independently developed code and our whole point was this is transformed and created a whole new market that no one else was able to create before. Now they are disputing that, and they did dispute it in the jury trial, and as you know the jury did not reach a result on that.

Oral Arg., 1:02:54-1:03:00 *available at*

8
GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE
ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No.  3:10-cv-03561 WHA (DMR)

1054397

http://oralarguments.cafc.uscourts.gov/defaults.aspx?fl+2013-1021.mp3 (emphasis added).

As is clear from the above, counsel qualified his response by explaining that his answer was given in the context of an argument regarding whether Android was transformative. As such, it is precisely the type of statement that even the courts in the cases cited by Oracle *rejected* as insufficient to establish judicial admissions. *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997) (rejecting contention that statement made in opening was a judicial admission because it was clear from the entire opening that counsel did not intend to waive his position); *Butyinski v. Spingfield Terminal R. Co.*, 592 F.3d 272, 277 (1st Cir. 2010) (rejecting claim of judicial admission, and explaining that "the mere fact that a party's counsel, in addressing the jury, chooses to emphasize one theory of the case does not, in and of itself, operate to waive the party's other defenses"). Moreover, even when courts admit attorney statements as admissions of a party opponent under Fed. R. Evid. 801(d)(2)(C), the courts urge caution for similar reasons. *McKeon*, 738 F.2d at 33 ("[W]e circumscribe the evidentiary use of prior jury argument. … Speculations of counsel, advocacy as to the credibility of witnesses, arguments as to weaknesses in the prosecution's case or invitations to a jury to draw certain inferences should not be admitted."). Because Google will not dispute the commercial nature of Android, there is simply no basis to allow Oracle to treat counsel's statement as evidence to put in front of the jury.[1]

**B.      Admitting counsel's prior statements would unduly complicate the retrial.**

Oracle's brief highlights the challenges in allowing the parties to mine the record for so-called "judicial admissions." For the first time in these proceedings, Oracle asks the Court to admit not just the attorney statement regarding the commercial use of Android, but also two statements from Google's Supreme Court petition for certiorari, namely that (1) "Google replicated the method headers [declaring code] that were most important for mobile devices; and

---

[1] As explained in Google's Response to Request for Briefing on the Admissibility of Prior Statements, judicial admissions are not evidence. Rather, judicial admissions have the effect of withdrawing a fact from contention. 30B Wright & Miller § 7026. Here again, the authority cited by Oracle is in accord. *See Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention.); *Nat'l Abortion Fed. v. Ctr for Med. Progress,* 2015 WL 5592070 (N.D. Cal. Sept. 23, 2015) (same).

9
GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE
ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No.  3:10-cv-03561 WHA (DMR)

1054397

(2) [p]rograms written in Java for the Java platform will not necessarily run as intended on the Android platform." ECF 1709 at 10. Tellingly, while Oracle contends that these points are admissions by Google, it buries in a footnote the important context in which the "admission" appears. The entire excerpt states:

> ***Oracle and the Federal Circuit have emphasized*** that, because Google replicated the method headers from only 37 of the Java packages, programs written in Java for the Java platform will not necessarily run as intended on the Android platform. App. 56-57. As the district court observed, however, "imperfect interoperability, and Oracle's angst over it," only prove the point by "illustrat[ing] the character of the command structure as a functional system or method of operation." App. 160. (emphasis added).

It strains credulity to suggest that a party's *characterization* of its opposing party's position on evidence constitutes a binding admission. The snippets Oracle cherry picks from a detailed and complex petition are not factual admissions; they reflect legal argument pure and simple. As such, they are not properly deemed admissions. *See MacDonald*, 110 F.3d at 341 (explaining that courts are "reluctant" to treat opinions and legal conclusions as binding judicial admissions.). Further, through its request, Oracle seeks to convert its interpretation of what matters for interoperability into an instruction. But Google's position is, and has been, that Google used the 37 Java API packages because the API packages were those that Java developers/programmers would expect to find in a mobile platform, and the Federal Circuit recognized as much. *Oracle Am.,* 750 F.3d at 1350-51, 1372.

As this Court is well aware, this matter has been pending for five years and the parties have filed hundreds of pleadings. Both parties could devote considerable resources to scouring the pleadings to uncover "admissions" to be introduced at trial. But, as shown above, admitting statements by counsel, taken entirely out of context, could lead to an evidentiary sideshow. It is for this very reason that courts have cautioned against allowing attorney statements to come in as evidence. *See McKeon*, 738 F.2d at 32 (admission of prior statements from counsel might "result in a substantial loss of time on marginal issues, diversion from the real issues and exposure to evidence which may be otherwise inadmissible and prejudicial.").

10
GOOGLE'S RESPONSE TO ORACLE'S RESPONSE TO REQUEST FOR BRIEFING RE
ADMISSIBILITY OF PRIOR STATEMENTS IN CASE (ECF NO. 1726)
Case No.  3:10-cv-03561 WHA (DMR)

1054397

## V. CONCLUSION

Google respectfully requests that none of Oracle's proposed "established" facts be read to the jury.

Dated:  April 26, 2016                                KEKER & VAN NEST LLP

                                          By:    s/ Robert A. Van Nest
                                                  ROBERT A. VAN NEST
                                                  CHRISTA M. ANDERSON
                                                  DANIEL PURCELL

                                                  Attorneys for Defendant
                                                  GOOGLE INC.