KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Tel:    (404) 572-4600
Fax:    (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **DEFENDANT GOOGLE INC.'S BRIEF REGARDING THE RIGHT TO A JURY TRIAL ON PROFITS AFTER PETRELLA V. MGM** <br><br><br> Dept.:    Courtroom 8, 19th Fl. <br> Judge:    Hon. William Alsup |

In accordance with the Court's direction at the Pretrial Conference on April 27, 2016, Defendant Google Inc. ("Google") respectfully submits this brief on the issue of whether there is a right to a jury trial on a claim for disgorgement of profits after *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014).

## INTRODUCTION

On May 19, 2014, the Supreme Court decided *Petrella v. Metro-Goldwyn-Mayer, Inc.*, a copyright case involving whether the equitable defense of laches could bar relief on an asserted claim of infringement that arose within the three-year statute of limitations period established by Section 507 of the Copyright Act, 17 U.S.C. § 507.  In ruling that laches could not bar a claim for actual damages but could bar or limit injunctive and other equitable relief, the *Petrella* Court analyzed the nature of the profits remedy under Section 504(b) of the Act.  The *Petrella* Court's analysis of the profits remedy was a game-changer on the issue of whether there is a right to a trial by jury on a claim for profits in a copyright action.  Based on the language of the *Petrella* decision, there is no right to a jury trial of a claim for profits in a copyright case.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.     The *Petrella* Decision and Its Impact

In *Petrella*, the plaintiff Paula Petrella claimed that defendant MGM's iconic movie *Raging Bull* infringed her copyrights in a related screenplay.  *Id.* at 1970-71.  Plaintiff sought actual damages, disgorgement of MGM's profits, and an injunction against further infringement.  *Id.* at 1968, 1978.  The district court granted MGM's motion for summary judgment based on laches and denied plaintiff any form of relief, and the Ninth Circuit affirmed.  *Id*. at 1972-73.

The Supreme Court reversed, holding that laches "cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window" of Section 504(b). *Id*. at 1967 (emphasis added).  But the Court also clarified that laches ***is*** available as a defense to claims for equitable relief.  *Id*. at 1978.

In delineating the scope of the laches defense, the Supreme Court distinguished between the two types of monetary relief—actual damages and profits—available under Section 504(b) of the Copyright Act. *Id*. at 1967-68. The Court explained that, "[l]ike other restitutional remedies,

recovery of profits is not easily characterized as legal or equitable," but that "[g]iven the protean character of the profits-recovery remedy, *we regard as appropriate its treatment as equitable in this case*." *Id*. at 1967 n.1 (emphasis added) (internal quotations and citations omitted). Thus, because the profits-recovery remedy is equitable in nature, the Court ruled that laches can in "extraordinary circumstances" bar that relief completely at the outset of the case, and "can always be brought to bear at the remedial stage . . . in assessing the 'profits of the infringer . . . attributable to the infringement.'" *Id*. at 1966-67 (quoting 17 U.S.C. § 504(b)). The Court ultimately found that the facts in *Petrella* did not present the type of extraordinary circumstances that could bar a disgorgement claim completely, though it stated that "[s]hould Petrella ultimately prevail on the merits, the District Court, in determining appropriate injunctive relief and assessing profits, may take account of her delay in commencing suit." *Id*. at 1978.

The lower courts and commentators have recognized that *Petrella*—with its clear identification of "disgorgement of unjust gains" as "equitable relief," *id.* at 1978—"place[d] recovery of profits squarely on the equitable side of the ledger." 3 *Nimmer On Copyright*, § 12.06[B][3][d][i], at 12-160.4; *see also Lambert Corp. v. LBJC Inc.*, No. 2:13-CV-00778-CAS, 2014 WL 2737913, at *5 (C.D. Cal. June 16, 2014) (noting that, under *Petrella*, laches can be brought to bear in assessing the profits of the infringer).

Before *Petrella*, the Ninth Circuit had suggested in dicta, in a case arising under the 1909 Copyright Act in which the parties intended to withhold the issue of profits from the jury, that a claim for an accounting of profits was legal, not equitable. *See Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1173, 1174-75 (9th Cir. 1977) (remanding for an assessment of profits by the court rather than a jury), superseded by statute in 17 U.S.C. § 504(b). But the *Krofft* dicta has now been definitively rebuked by the Supreme Court's conclusion in *Petrella* that an accounting of profits is an equitable remedy. The Supreme Court's analysis in *Petrella* also resolves the Court's apparently contradictory statements in dicta in *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998), a case involving statutory damages under Section 504(c) of the Copyright Act. In *Feltner*, the Court stated that "actual damages and profits . . . generally are thought to constitute legal relief," *id.* at 346, but also said

that the Court had "characterized as equitable" monetary relief in the form of "disgorgement of improper profits." *Id*. at 352.

Oracle, like the plaintiff in *Petrella*, seeks disgorgement of "unjust profits" attributable to Google's alleged infringement (in addition to a permanent injunction and destruction of all copies of Android). ECF No. 36 at 10-11, ¶ 47 & ¶ D; ECF No. 1288-1 at 5-6. In view of *Petrella*, the disgorgement of profits that Oracle seeks is an equitable remedy. *Petrella* therefore dictates that there is no right to a trial by jury on Oracle's claim for an award of profits.

In *Fahmy v. Jay-Z*, No. 2:07-cv-05715-CAS (C.D. Cal. Oct. 9, 2015),[1] Judge Snyder in the Central District recently reached precisely this same conclusion. In *Fahmy*, the court initially recognized "that there is ambiguity regarding whether disgorgement of profits is properly considered an equitable or a legal remedy and, accordingly, whether these damages should be assessed by the jury or by the Court." *Id*. at 1. The court therefore requested supplemental briefing on the issue at the pretrial conference. *Id*.

Following that briefing, the *Fahmy* court reviewed the *Petrella* decision, the *Nimmer* discussion cited above, and the Ninth Circuit's recent decision in *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059 (9th Cir. 2015), in which the Ninth Circuit—without citing *Petrella*—held that there is no Seventh Amendment right to a jury trial on a claim for profits in a trademark infringement action arising under the Lanham Act. *See* 778 F.3d at 1074-76. Judge Snyder concluded that:

> while the case law does not provide a definitive answer, in light of Petrella it appears that the appropriate course is to treat the award of profits as an equitable remedy. See also Nimmer on Copyright § 12.06[B][3][d][i] ("Absent development of appropriate case law, however, it seems best to follow the Supreme Court majority's lead by presumptively treating profits as equitable in nature."). Therefore, the Court will calculate the amount [of] profits, if any, to be awarded pursuant to §504(b).

*Fahmy* at 2-3. Judge Snyder then expressed the belief that the assistance of a jury "may be helpful in determining the appropriate measure of profits to which plaintiff may be entitled," and ruled that the court would "have the issue of plaintiff's recovery of profits presented to the jury

---

[1] A copy of the court's decision in *Fahmy*, which is unpublished and is in the form of Civil Minutes, is attached as Exhibit A.

and will treat the jury's verdict on this issue as advisory." *Id*. at 3.

The *Petrella* Court's conclusion that profits is an equitable remedy was not absolute; as noted above and as Judge Snyder recognized, the *Petrella* Court stated that "the protean character of the profits-recovery remedy" made it appropriate for the *Petrella* Court to treat it as equitable "in this case." 134 S. Ct. at 1967 n.1. The *Petrella* Court did not provide any guidance on what—if anything—would make it appropriate to treat profits differently in other cases. However, this case and *Petrella* have in common several factors that confirm that this Court should follow the Supreme Court's lead and also treat Oracle's claim for profits as equitable.

Oracle, like Petrella, seeks both an award of profits, i.e., "disgorgement of unjust gains," *id.* at 1977, and injunctive relief; Google, like MGM, asserts equitable defenses, including laches. Oracle's claim for a multi-billion dollar award of profits is precisely the type of monetary claim that should be considered through the lens of equitable principles, particularly in view of the facts relating to Google's equitable defenses. And Oracle's claim for profits is extraordinarily complex and will be difficult for a lay jury to consider. It will require at least (1) a threshold showing by Oracle of a causal link between the profits claimed and use of the declaring code/SSO; (2) the deduction of expenses; and (3) apportionment of the profits attributable to the infringement. Under these circumstances, Oracle's claim for profits should be tried to the Court and not the jury.

**II.     Oracle's Arguments Regarding the Jury Trial Issue**

Oracle has twice submitted arguments in support of its position that its profits claim should be decided by the jury. Oracle first briefed the issue in its opposition to Google's motion to preclude submission of willfulness to the jury, ECF No. 1299 at 7-10, even though the issue was not before the Court on that motion. *See* ECF No. 1302 at 13-14. More recently, Oracle briefed the issue again in its trial brief. ECF No. 1708 at 11-18.

Oracle's arguments are surprising in several respects. The most striking aspect of Oracle's arguments is that, even though Oracle was well aware of and cited the *Petrella* decision in both of its briefs, its discussions of *Petrella* have not quoted or even acknowledged the *Petrella* Court's statements characterizing an award of profits under the Copyright Act as "equitable

relief." *See* 134 S. Ct. at 1978; *see also id.* at 1967 n.1.

Oracle also relies heavily in both of its arguments on the Supreme Court's 1998 *Feltner* decision—but only cites to the *Feltner* dicta that is helpful to Oracle, without acknowledging the *Feltner* Court's inconsistent statements on the nature of the profits remedy. ECF No. 1299 at 8; ECF No. 1708 at 11. As noted above, however, the *Petrella* Court resolved the issue on which the *Feltner* Court's dicta was ambiguous.

Oracle similarly relies on *Krofft*, the 1977 Ninth Circuit decision stating in dicta that a claim for profits under the 1909 Copyright Act was a legal remedy. ECF No. 1299 at 10; ECF No. 1708 at 14. Oracle does so, again, without recognizing that *Petrella* vitiates the continuing viability of the court's holding in *Krofft*.

Oracle also tries to construct an argument to the effect that the language of Section 504(b) provides a statutory right to a jury trial, observing that—unlike the language of Section 504(c) that was at issue in *Feltner*—the language of Section 504(b) does not use the words "the court." ECF No. 1708 at 11. However, nothing in Section 504(b) mentions a jury, *see Feltner*, 523 U.S. at 346 ("entire statutory provision" makes "no mention of a right to a jury trial or, for that matter, to juries at all"), or provides that the same finder of fact must consider both a copyright plaintiff's claim for actual damages and her claim for profits. Oracle cites no authority for its assertion that Section 504(b) "requires" that the same decision maker determine both damages and profits, and its citations to cases in which juries have decided issues of profits and the fact that there is a model jury instruction on profits are of no value in view of and after *Petrella*. Oracle apparently believes that the Supreme Court would consider profits to be a legal remedy for purposes of determining whether a right to a jury trial exists but an equitable remedy for other purposes. Oracle ignores what the Court in *Petrella* said and that, in doing so, *Petrella* made both *Feltner* and *Krofft* no longer good precedent with respect to the right to a jury trial on the equitable remedy of profits.

Oracle also struggles to re-characterize its claim for profits as compensatory (and therefore legal) rather than deterrent in nature or intended to prevent unjust enrichment (and therefore equitable). Oracle argues, ECF No. 1708 at 15, that because "the Java platform and

5

1  Android directly compete," Oracle's profits claim is compensatory in nature.  In its Supplemental
2  Complaint, filed on August 12, 2015, however, Oracle pleaded that "Google has realized and will
3  continue to realize ***unjust profits, gains, and advantages*** as a proximate result of its
4  infringement."  ECF No. 1292 at 6, ¶ 30 (emphasis added).  While Oracle also seeks damages for
5  its own claimed lost profits, that is not the issue; the issue is the relief that Oracle seeks based on
6  ***Google's profits***.  See ECF No. 1292 at 6, ¶ 32 (claiming a right to recover both Oracle's
7  damages and Google's "gains, profits and advantages"); *id.* at 7, ¶ C (same); *see also* ECF No. 36
8  at 10, ¶¶ 44-45 (Oracle Amended Complaint).  The "Java platform," moreover, is not an
9  operating system like Android, and Sun/Oracle has never successfully developed its own
10 smartphone platform using Java.  *Oracle Am. v. Google Inc.*, 750 F.3d 1339, 1350 (Fed. Cir.
11 2014).  If the Java platform were put into a device in place of the Android operating system, the
12 device would be incapable of any useful function whatsoever.

13     Oracle next points to statements by Google, including statements preceding the 2012
14 trial—which was two years before *Petrella*—that supposedly show that Google "previously
15 conceded" that Oracle's profits claim should be tried to the jury.  ECF No. 1708 at 16.  The
16 statements regarding the 2012 pre-*Petrella* trial are no longer controlling.  More importantly,
17 Oracle overlooks Google's more recent statements in its motion to preclude jury consideration of
18 willfulness, in which Google expressly noted its reservation of this issue for determination by the
19 Court.  ECF No. 1302 at 13-14.  Google included the same reservation in the recent pretrial order
20 and accompanying filings.  *See* ECF No. 1709 at 6; ECF No. 1703 at 69, 73, 76; ECF No. 1704
21 at 12-13.

22     Finally, Oracle suggests that the Court has already ruled on this issue, including in its
23 Order on Google's motion regarding willfulness, in connection with which Google identified the
24 issue as one that was not ripe for decision.  *See* ECF No. 1708 at 17-18.  The Court's orders do
25 not discuss profits, however; they only refer to "damages" and do so in the context of both
26 Oracle's actual damages claim and its statutory damages claim.  The Court has not yet ruled on
27 the specific issue of whether Oracle's claim for the equitable remedy of disgorgement of profits
28 should be resolved by the jury or by the Court.

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court enter an Order that Oracle's equitable claim for disgorgement of Google's profits be tried to the Court and not the jury.

DATED: April 29, 2016

KEKER & VAN NEST LLP

By: /s/ Robert A. Van Nest
ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present                        Not Present

**Proceedings:** (IN CHAMBERS) - TRIAL BRIEFS RE: RIGHT TO JURY TRIAL ON APPORTIONMENT OF PROFITS

## I. INTRODUCTION

If the jury determines that defendants are liable for infringing plaintiff's copyright in the *Khosara Khosara* musical composition, plaintiff may be entitled to remedies pursuant to 17 U.S.C. § 504(b) of the Copyright Act. Among the remedies permitted by this section is a disgorgement of defendants' profits attributable to use of the infringed work. In light of the Supreme Court's recent decision in Petrella v. Metro-Goldwyn-Mayer, Inc., the Court recognizes that there is ambiguity regarding whether disgorgement of profits is properly considered an equitable or a legal remedy and, accordingly, whether these damages should be assessed by the jury or by the Court. Therefore, at the pretrial conference the Court asked the parties to provide supplemental briefing on this issue.

Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II. DISCUSSION

To determine whether the right to a jury trial attaches to a statutory claim, courts must: (1) "compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." S.E.C. v. Rind, 991 F.2d 1486, 1493 (1993) (citing Tull v. United States, 481 U.S. 412, 417 (1987)). "The second inquiry is more important." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

In <u>Petrella</u>, the Court addressed in a footnote the question of whether an award of profits under the Copyright Act is equitable or legal in nature:

> Like other restitutional remedies, recovery of profits is not easily characterized as legal or equitable, for it is an amalgamation of rights and remedies drawn from both systems. Given the "protean character" of the profits-recovery remedy we regard as appropriate its treatment as "equitable" in this case.

134 S. Ct. 1962, at 1967 n.1 (internal quotations and citations omitted). The Court's discussion indicates that an award of profits under the Copyright Act may in fact be an equitable remedy. <u>See also</u> 3 Melville B. Nimmer & David Nimmer, <u>Nimmer on Copyright</u> § 12.06[B][3][d][i] ("[<u>Petrella</u>]'s disposition places recovery of defendant's profits squarely on the equitable side of the ledger."). Nonetheless, the Court's use of the qualifying language "in this case" belies such a broad interpretation.

Defendants have directed the Court's attention to <u>Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.</u> ("<u>A.V.E.L.A.</u>"), a Ninth Circuit opinion issued after <u>Petrella</u>. Dkt. 631, at 2. In <u>A.V.E.L.A.</u>, a district court determined that the court and not the jury should calculate the amount of profits attributable to the defendants' infringement of plaintiff's trademark. 778 F.3d 1059, at 1074. In affirming the district court, the Ninth Circuit held that "[a] claim for disgorgement of profits under [the Lanham Act] is equitable, not legal." <u>Id.</u> at 1075. Defendants argue that, after <u>A.V.E.L.A.</u>, "there is *no* right to a jury trial in the Ninth Circuit on the amount of profits, if any, to be awarded from an infringer." Dk.t 631, at 2 (emphasis in original). However, the decision in <u>A.V.E.L.A.</u> was made in the context of the Lanham Act. Both the Lanham Act and the Copyright Act provide as a remedy a disgorgement of defendants profits attributable to infringement. 17 U.S.C. § 504(b); 15 U.S.C. § 1117(a). Unlike the Copyright Act, however, the Lanham Act expressly states that profits should be awarded "subject to the principles of equity" and permits a court to substitute its own judgment if it determines that an award based on profits is "either inadequate or excessive." 15 U.S.C. § 1117(a); <u>see also</u> <u>A.V.E.L.A.</u>, 778 F.3d at 1076 ("§ 1117's language allows judges to determine the amount of profits"). Accordingly, the Court is not persuaded that <u>A.V.E.L.A.</u> controls in this case.

Nonetheless, while the case law does not provide a definitive answer, in light of <u>Petrella</u> it appears that the appropriate course is to treat the award of profits as an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

equitable remedy. See also Nimmer on Copyright § 12.06[B][3][d][i] ("Absent development of appropriate case law, however, it seems best to follow the Supreme Court majority's lead by presumptively treating profits as equitable in nature."). Therefore, the Court will calculate the amount profits, if any, to be awarded pursuant to §504(b).

Notwithstanding the foregoing, the Court believes that the assistance of a jury may be helpful in determining the appropriate measure of profits to which plaintiff may be entitled. Accordingly, the Court will have the issue of plaintiff's recovery of profits presented to the jury and will treat the jury's verdict on this issue as advisory.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |