ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE INC.<br><br>        Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OPPOSITION TO GOOGLE'S MOTION IN LIMINE NO. 5 RE LINDHOLM EMAIL**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

**INTRODUCTION**

Google's MIL No. 5 Re Lindholm Email does not seek to exclude Google Engineer Timothy Lindholm's August 6, 2010 email (TX 10). Rather, Google seeks permission to offer an Oracle presentation and other undisclosed "evidence" of pre-lawsuit settlement negotiations between the parties to argue that the email pertains to "Oracle's assertions of **patent—not copyright**—infringement." ECF 1555 (Google's Mot.) at 1. But the parties already agreed during discovery that such evidence was protected from disclosure under Federal Rule of Evidence 408 and would not be admissible at trial. Relying on this agreement, Oracle voluntarily withdrew from its disclosures two rebuttal witnesses with knowledge of the July 20, 2010 settlement negotiations, including the role played by Oracle's copyrights. Allowing Google to renege on the agreement will prejudice Oracle. In fact, when Oracle re-disclosed the rebuttal witnesses based on the present motion, *Google objected to the disclosure*. Now, at the eleventh hour, Google not only seeks to admit evidence it promised it wouldn't, but it also seeks to preclude admission of Oracle's evidence that *copyrights were discussed* at the meeting.

Moreover, Oracle's presentation and any other FRE 408 evidence are irrelevant because Google has not shown any connection between the settlement meeting and Mr. Lindholm's email. The face of the email does not mention the meeting, patents or copyrights. It is strictly about "*technical alternatives*" to the Java platform. TX 10. And Mr. Lindholm will be unable to link the settlement meeting to the email because the Court has precluded Mr. Lindholm from offering details about the who/what/why of his investigation. ECF 676 at 7.

Google's current argument that the Lindholm email pertains to patents also contradicts its position and Mr. Lindholm's testimony in the first trial. There, Google argued and Mr. Lindholm swore that the email had *nothing to do with patent infringement*. *See* ECF 492 (Google's Lindholm MIL) at 2. There is no evidence that Mr. Lindholm's analysis was limited to patents exclusive of copyrights.

**I.     Google Fails To Show A Connection Between The Email And The Meeting**

Google's motion fails to establish any connection between the July 20, 2010 meeting and the Lindholm email that would justify exempting the settlement negotiations from FRE 408. The

- 1 -

ORACLE'S OPPOSITION TO GOOGLE'S
MIL NO. 5 RE LINDHOLM EMAIL
CV 10-03561 WHA

email says nothing on its face about the settlement meeting.  TX 10.  And Google gives no clue how it can possibly link the Lindholm email with the meeting without violating the Court's prior order prohibiting testimony about the details of Mr. Lindholm's investigation.  ECF 676 at 7 (precluding Mr. Lindholm from explaining his email because Google refused to allow Mr. Lindholm to testify during deposition about the scope and nature of his investigation); *see also* Ex. D (Lindholm Dep.) 101:15-105:10 (asserting privilege over Mr. Lindholm's testimony).  The failure to establish this link to the settlement meeting, and to exclude the "reasonable possibility that the email concerned another, non-privileged matter," is the reason the email was not protected by attorney-client privilege in the first place.[1]  *See* ECF 546 at 10.

Without this link, Google's motion seeks permission for counsel to stand up in front of the jury and argue that because the email was purportedly "on the heels of a threat from Oracle just about patent litigation," it must be limited to patents.  *See* Apr. 19, 2016 Hr. Tr. 170:2-5.  Not only is it untrue that Oracle's threat concerned only patents, but also the timing of the email is not, by itself, enough to establish a connection with the settlement meeting.  Google's desire to encourage the jury to make this speculative leap does not justify exempting the settlement negotiations from FRE 408.

**II.     Google Contradicts Its Prior Representations And Mr. Lindholm's Sworn Testimony**

Google's current claim is also inconsistent with the content of the email and Mr. Lindholm's prior testimony.  Google currently contends that "Mr. Lindholm's email concerned Java-related patents" only, and had nothing to do with the general availability of technical alternatives to Java.  ECF No. 1555 at 1.  But the email, on its face, says otherwise.  TX 10 ("What we've actually been asked to do (by Larry and Sergei) is to ***investigate what technical alternatives exist to Java*** for Android and Chrome") (emphasis added) and ("We conclude that ***we need to negotiate a license to Java*** for Android and Chrome") (emphasis added).  The email does not refer to Java-related patents.

By contrast, when infringement was still a live issue Google repeatedly argued, and Mr.

---

[1] The Magistrate Judge, this Court, and the Federal Circuit all rejected Google's argument that the email is privileged.  *See* ECF Nos. 714 (Order on Pet. of Writ of Mand.) 361, 546.

- 2 -   ORACLE'S OPPOSITION TO GOOGLE'S
MIL NO. 5 RE LINDHOLM EMAIL

Lindholm declared under oath, that the email had ***nothing to do with patent infringement***:

- Google: "there are declarations before this Court where Mr. Lindholm made clear several times that *he never engaged in a patent infringement analysis with respect to the Android platform ever with regard to any patent*. So that would be highly misleading …" Tr. (C. Anderson) 2827:23-2828:2 (emphasis added).

- Google: "Again, [Mr. Lindholm] *conducted no analysis of, and had no opinion about, whether the Android platform actually infringes any of the patents* or copyrights asserted by Oracle in this lawsuit." ECF 492 at 2 (emphasis added).

- Mr. Lindholm: "When I wrote the August 6, 2010 email … *I had never reviewed the patents* asserted by Oracle in this lawsuit," and "*I did not, in fact, undertake to analyze whether the Android platform infringes any of the patents* … asserted by Oracle," and, "Again, I conducted *no analysis of, and had no opinion about, whether the Android platform actually infringes any of the patents* …" ECF 497-1 (Lindholm Decl.) at 1 (emphasis added).

There is no way to square Google's present claim that Mr. Lindholm's email dealt only with alternatives to Java-related *patents* with Google's and Mr. Lindholm's past statements. These repeated admissions show that Mr. Lindholm investigated alternatives to Java generally, without regard to patents, as indicated in the email. *Id*. The Court should not allow Google to use FRE 408 evidence to mislead the jury into believing otherwise.

**III.    The Parties Mutually Agreed To Not Admit Settlement Negotiations**

The parties long ago agreed that evidence regarding settlement discussions would be off limits at trial. This agreement was undertaken to avoid a protracted battle over the admission of such evidence at trial, and to eliminate the need to present as witnesses attorneys involved in the settlement negotiations.

At the first trial, Google's lawyer attempted to undermine Oracle's copyright infringement claims during his opening by arguing that Oracle did not raise them during the parties' settlement negotiations:

> [Oracle] then claimed for the first time [in July 2010]: Google you're wrong. We want money based on Android. You've copied our technology. *They didn't even mention the APIs, there was no mention of APIs, none*. They said, We have all these patents, and so on and so forth.

Tr. 275:5-10 (emphasis added). This argument was misleading and is exactly what FRE 408 forbids: "Evidence of [conduct or statements made in compromise negotiations] … is not admissible

- 3 -

on behalf of any party, when offered to prove … invalidity of … a claim that was disputed as to validity …"

Concerned that Google might again violate FRE 408, on August 27, 2015, Oracle disclosed witnesses who could testify at the remand trial that Oracle asserted copyright infringement claims at the July 20, 2010 meeting.  Oracle also informed Google that its past argument based on settlement negotiations "is … improper under Rule 408, [and] it is incorrect," and that "we do not intend to call the lawyers on our list … unless Google persists in arguing that there were no discussions of copyright at the pre-lawsuit meeting between Oracle and Google." Ex. A (11/12/2015 Simpson Email to Kamber).[2]  Google agreed not to introduce evidence of settlement discussions:

> Please provide the amended disclosures [removing the witnesses] as soon as possible, which will—at least for now—moot our request for depositions.  But given Oracle's withdrawal of these witness disclosures, we also expect that Oracle will not seek to introduce evidence regarding the parties' pre-litigation meeting and what was—or wasn't—discussed at that meeting.

Ex. B (11/25/2015 Kamber Email to L. Simpson).

Based on Google's representations, Oracle removed from its disclosures the witnesses it had identified to rebut Google's misleading or false characterizations of the parties' settlement discussions.  These witnesses were never deposed, and Oracle conducted no more discovery on the settlement discussions.  Inducing Oracle to amend its witness disclosures and refrain from further discovery only to revive this issue on the eve of trial is pure gamesmanship. *See Conceptus, Inc. v. Hologic, Inc.*, No. C 09–02280 WHA, 2010 WL 3324395, at *1 (N.D. Cal. Aug. 23, 2010) ("As the end game before trial approaches, both sides have an interest in fortifying their respective claims and defenses. Thus, any last-minute changes to positions and theories … will risk prejudicing the other side.").  Allowing Google to renege on its agreement and use FRE 408 evidence would prejudice Oracle.  In light of Google's motion seeking to use such evidence, Oracle re-disclosed on its witness list the rebuttal witnesses it had withdrawn pursuant to the parties' agreement.  In response, Google *objected* to those witnesses. Ex. C (4/26/2016 R. Mullen Email to R. Uriarte).  Oracle thus will need to secure rebuttal witnesses for

---

[2] All Ex. ___ cites are to the Silverman Declaration submitted in support of this opposition.

- 4 -  ORACLE'S OPPOSITION TO GOOGLE'S MIL NO. 5 RE LINDHOLM EMAIL

1  trial and possible deposition, *all over Google's objection*, just days before trial is set to begin.[3]

2  **IV.     Google Is Not Entitled To An Exemption From FRE 408**

3  Google does not argue that FRE 408 is inapplicable to the evidence it seeks to use. Nor does Google cite any authority allowing unilateral exemption from FRE 408 to rebut a non-privileged and admissible email, or to fill an evidentiary gap Google created by asserting privilege. Google does not even submit the evidence it seeks to admit through its motion, requiring the Court to rely on Google's assertions about the evidence. What Google proposes—use of "a party's good faith settlement offer against him"—is "exactly the concern underlying Rule 408." *Apple, Inc. v. Samsung Elecs. Co.*, No.: 12–CV–00630–LHK, 2014 WL 794328, at *8 (N.D. Cal. Feb. 25, 2014) (quotation marks omitted). "Rule 408 is premised on a strong public policy of encouraging settlements," and "[a]dmission of evidence of the settlement could work to discourage plaintiffs and defendants from settling ...." *Id.* at *9 (quotation marks omitted).

Google's accusation that *Oracle* is using the Lindholm email simultaneously as a sword and a shield (ECF No. 1555 at 2) turns the record upside down. There is no connection between the email Oracle intends to admit at trial and the FRE evidence Oracle seeks to protect. Rather, it was Google who asserted the attorney-client privilege to shield Mr. Lindholm's investigation. Lindholm Dep. 101:15-105:10. And it was "[i]n the interest of fairness" *to Oracle* that "Mr. Lindholm [could not] testify on matters he refused to address in his deposition." ECF No. 676 at 7 (citing *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001)). Now, with infringement portions of the trial out of the way, Google seeks to introduce the same "explanatory evidence … that shows the history and context for that [Lindholm] email" it previously shielded. ECF No. 1555 at 2. But because Google refused to let Mr. Lindholm answer questions at his deposition (and even objected to related foundational questions asked by Oracle at the first trial, Tr. 856:10-12), Oracle has had no opportunity to test Google's current claims about the scope of Mr. Lindholm's investigation.

---

[3] If Google's motion *in limine* is granted, and Google is permitted to rely on FRE evidence, Oracle must be permitted to redisclose its witnesses and hereby reserves the right to do so. Google has indicated it will seek to depose these witnesses if they are redisclosed to testify at trial. Ex. B (11/25/2015 Kamber Email to L. Simpson).

The case law Google cites does not justify exempting the parties' July 2010 settlement negotiations from FRE 408. In *Microban Prods. Co. v. API Indus., Inc.*, 2014 WL 1856471, at *3 n.10 (S.D.N.Y. May 8, 2014), an email was deemed admissible over a FRE 408 claim where the defendant sought to exclude it in one sentence, and use it to support an affirmative defense in the next. Here, *Google* asserted privilege over Mr. Lindholm's investigation when such evidence could have been used against Google during the infringement phase of the case. And now *Google* is asserting that the investigation related to patents when patent infringement is no longer an issue.

*Apple v. Samsung*, 306 F.R.D. 234, 241 (N.D. Cal. 2015), supports Oracle's position, not Google's. In that case, Samsung attempted to limit its opponents' access to privileged material while at the same time making arguments based on the withheld evidence. Samsung waived the privilege when it put privileged documents at issue in its affirmative defenses, and Apple was unfairly disadvantaged because it could not test the basis for Samsung's claims. *Id.* at 241-42. Here, *Google* asserted privilege over Mr. Lindholm's testimony and now *Google* seeks to violate FRE 408 to make arguments on the withheld evidence. The only party with limited access to information is *Oracle*, which has never been able to probe Google's claims about the Lindholm email.

In sum, any alleged prejudice to Google from its inability to explain the Lindholm email is the direct result of Google's decision to assert attorney client privilege and instruct Mr. Lindholm not to answer. It does not justify allowing Google to renege on its agreement, or to violate FRE 408. And it is outweighed by the probative value of the email. *See* ECF No. 676 at 2 (holding that probative value of the Lindholm email "outweighs any unfair prejudice" to Google).

Dated: April 29, 2016	Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: *Andrew D. Silverman*
Andrew D. Silverman

Counsel for ORACLE AMERICA, INC.