# EXHIBIT B

**Archived:** Thursday, April 28, 2016 5:16:20 PM
**From:** Matthias Kamber
**Sent:** Wednesday, November 25, 2015 3:16:42 PM
**To:** Simpson, Lisa T.; Beth Egan; DALVIK-KVN
**Cc:** Oracle/Google-OHS Only
**Subject:** RE: Deposition Scheduling
**Importance:** Normal

**Dear Lisa,**

**Thank you for following up, and the updates you provide below. For ease of review, I have interlineated our responses below. I am happy to discuss any remaining issues next Monday afternoon PT, though if for some reason you need to contact me over the holiday for scheduling issues I will be checking email and available on my mobile phone at (415) 244-5921.**

**Happy Thanksgiving,**

**Matthias**

**From:** Simpson, Lisa T. [mailto:lsimpson@orrick.com]
**Sent:** Tuesday, November 24, 2015 9:14 PM
**To:** Matthias Kamber; Beth Egan; DALVIK-KVN
**Cc:** Oracle/Google-OHS Only
**Subject:** RE: Deposition Scheduling

Dear Matthias –
I am following up on various open issues with respect to the upcoming depositions.

Rick Cattell: As Google has proposed, we will plan to depose Mr. Cattell during the expert discovery period in connection with his anticipated expert report. As you have indicated, we expect that we will be able to question Mr. Cattell as to his factual knowledge at that time, and if Google decides not to disclose Mr. Cattell as an expert, we understand that Google will make Mr. Cattell available for deposition as a fact witness at that time.

> **We are in agreement.**

With respect to Chung, Dhar, Rutledge and Meier, given Google's indication that they do not intend to call Dhar and Chung as trial witnesses, we agree to forego their depositions at this time. This is contingent though on Google's offer that if Google's plans for trial change and Google expects to call either Dhar or Chung (or another witness on this topic) as trial witnesses, Google will offer them for deposition at that time, and will do so sufficiently in advance of trial. Similarly, if, upon receiving Google's documents production, it is clear that either Dhar or Chung should be deposed, we agree schedule those depositions at that time. Unfortunately, we cannot depose Rutledge on the proposed December 4 date – can you please provide an alternative date for this deposition.

> **This is all in line with the proposal below. But we are unlikely to find another date Mr. Rutledge's deposition. I am still confirming, but the preliminary response has been that Mr. Rutledge is not otherwise available during the fact discovery period. Given that the correspondence and pleadings to date reveal at least a dozen Orrick attorneys working on this case, and that the topics for which**

> **Mr. Rutledge has been disclosed are rather straightforward, we would expect that at least one of your lawyers is available on Dec. 4th.**
>
> **Relatedly, we are able to offer Reto Meier for his deposition on December 11 in Palo Alto.**

Mike Ringhofer:  Yes, you are correct.  Mr. Ringhofer will be provided for deposition at Orrick's NY offices.

> **Thank you.**

Henrik Stahl:  We are not prepared at this time to say that we do not intend to call Mr. Stahl as a witness at trial.  Please let us know if you would like to proceed in Stockholm or find a date in January – Mr. Stahl remains fairly flexible in January at this time.  We need to know **ASAP** whether the Stockholm dates will go forward.

> **Given the travel burden, we would like to proceed with his deposition in NY in January, as you propose.  To that end, please provide us potential dates and a related stipulation explaining the circumstances so that we can seek approval from the Court.**

Messrs. Sarboraria and Simion:  As we have discussed, these two witnesses were included entirely as rebuttal witnesses given Google's improper mention at the prior trial of the FRE 408 meeting that was held between the parties before the litigation commenced.  Given that these two witnesses are rebuttal witnesses, Oracle will be amending its initial disclosures to remove these witnesses.  And if Google persists in planning to introduce evidence of that meeting, despite FRE 408, Oracle will seek to preclude mention of that meeting from the trial.  Please advise whether Google plans to introduce evidence of this meeting at trial or not so that Oracle can decide if it needs to seek relief from the Court on this issue at this time.

> **Please provide the amended disclosures as soon as possible, which will—at least for now—moot our request for depositions.  But given Oracle's withdrawal of these witness disclosures, we also expect that *Oracle* will not seek to introduce evidence regarding the parties' pre-litigation meeting and what was—or wasn't—discussed at that meeting.  We therefore reserve Google's rights to conduct depositions of Messrs. Sarboraria and Simion before or even during trial if necessary to address any efforts by Oracle to introduce or suggest what the parties discussed prior to the filing of the lawsuit.**

**We are still awaiting deposition dates for Sundar Pichai, Henrique DeCastro, Jon Gold and several of Oracle's 30(b)(6) topics, including Topics 1, ½ of 3, and 4-6, which deal largely with financials and licensing – two important topics.  Please provides dates for these witnesses and topics immediately.**  As we have already indicated our need for these dates repeatedly, we would like to set a final meet and confer date for this issue on Monday of next week – we are happy to speak at whatever time is convenient for you – but we will need dates by the time of that call or an indication from you that you do not intend to provide dates – so that we can take the issue up to the Court immediately given the looming discovery deadline.

> **Google will present Jon Gold on 12/11 in Palo Alto on 30(b)(6) Topics 1 and 6, and sub-parts of 3 ("any costs, expenses or revenue associated with Google Play Services.") and 5 ("the actual or anticipated impact of [OEM/carrier] agreements or contracts on GOOGLE's business including its revenues, expenses, profitability, market share, query volume, and/or Traffic Acquisitions Costs").**
>
> **Google will present Felix Lin on 12/14 in Palo Alto on 30(b)(6) Topic 4, as well as sub-parts of 3 ("your licensing, marketing, advertising, or distribution [of Google Play Services]") and 5 ("YOUR**

> negotiations, agreements or contracts with OEMs or mobile carriers pertaining to distribution, sales, use, service, marketing or development of GOOGLE SERVICES or GOOGLE applications for non-ANDROID operating systems").
>
> We will not be offering Mr. Pichai for deposition.  He was not one of the newly disclosed Google witnesses, and the parties have limited their requests for depositions to newly disclosed witnesses.  Furthermore, Mr. Pichai is the CEO of Google, and there is no basis for taking another apex deposition after you have already taken the depositions of, among others, Larry Page, Eric Schmidt, and Andy Rubin, and will soon be taking the deposition of Hiroshi Lockheimer (the current head of Android).  Accordingly, taking the deposition of Mr. Pichai is unduly burdensome and unnecessarily duplicative.
>
> As for Henrique De Castro, we have been unsuccessful in our efforts to secure a deposition date and would therefore advise Oracle to try other alternatives (*e.g.*, a subpoena).  As you know, Mr. De Castro has not been a Google employee since November 2012, and has never been identified as a witness Google intends to rely on at trial.  Separately, the subject matter that Oracle seems intent on covering with him relates to pre-June 2011 statement by Mr. De Castro, which are outside the scope of supplemental discovery.

Topic 8:  We have reviewed Topic 8 and think it is pretty clear – we are looking for a witness with knowledge on enforcement of intellectual property rights against Android, to the extent within Google's knowledge – and this would include enforcement directed at mobile carriers, OEMs or other members of the Open Hand Set Alliance that Google is aware of.  As it is a 30b6 topic, we understand that no one witness may possess all the necessary knowledge, but it is Google's obligation to prepare a witness on this topic if that is the case.

> We will do our best, subject to our objections, but still do not fully understand what Oracle may be looking for in terms of witness knowledge.  Among other problems with the topic as written, the issue of enforcement of "intellectual property rights" is unduly broad, encompassing rights not at issue in this case (trademarks, trade secrets) or on which Google has already prevailed (patents).  As to the issue of knowledge of enforcement of copyrights against Android, Google will identify a designee by next Monday.

IBM Subpoena – Can you please advise ASAP whether a deposition of IBM will go forward on December 1 as noticed.

> The IBM deposition will not be going forward on December 1 as noticed.  IBM served its objections earlier today, noting that "IBM does not intend to provide a witness for deposition on the date indicated by the Subpoena and without counsel for IBM and counsel for Google first having substantive discussions concerning the scope of the deposition."  We will confer with IBM next week.

Lisa

---

**From:** Matthias Kamber [mailto:MKamber@kvn.com]
**Sent:** Friday, November 20, 2015 4:28 PM
**To:** Simpson, Lisa T.; Beth Egan; DALVIK-KVN
**Cc:** Oracle/Google-OHS Only
**Subject:** RE: Deposition Scheduling