KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>           Plaintiffs,<br><br>     v.<br><br>GOOGLE INC.,<br><br>           Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE'S MOTION *IN LIMINE* RE: FINANCIAL INFORMATION**<br><br>Trial:         May 9, 2016<br><br>Dept.:       Courtroom 8, 19th Fl.<br>Judge:      Hon. William Alsup |

## I. INTRODUCTION

Under Federal Rules of Evidence 402 and 403, defendant Google Inc. ("Google") seeks to exclude *in limine* evidence and argument by Oracle America Inc. ("Oracle") regarding certain highly misleading and prejudicial financial information.

Google has represented that it will not dispute the commercial nature of Android and has agreed to the Court's proposed factoid regarding commercial use.  ECF 1709 at 11; ECF 1727-1 at 1; ECF 1734 at 1.  Nevertheless, Oracle argues that it should be permitted to introduce extraneous and irrelevant evidence regarding certain financial matters, including specifically evidence as to Google's overall financial status; that Google has realized tens of billions of dollars in Android-related revenue; and that Oracle paid $7.4 billion dollars to acquire Sun.

Google submits that because the prejudicial and misleading effect on the jury of this type of evidence substantially outweighs any probative value it might have, this Court should exclude all such evidence and argument during the liability phase of the trial.  In addition, Google submits that while Android-related revenue may be relevant during the damages phase of trial, if any, evidence of Google's overall financial status and the purchase price of Sun is not, and thus should be excluded from the damages phase of the trial as well.[1]

## II. ARGUMENT

Evidence of a defendant's overall financial status generally is "both irrelevant and prejudicial."  *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 608 F.3d 871, 897 (D.C. Cir. 2010).  Even where such evidence is of some probative value, "the danger that this evidence would unfairly prejudice the jury [is] overwhelming."  *La Plante v. Am. Honda Motor Co.*, 27 F.3d 731, 740 (1st Cir. 1994).  Indeed, courts have found that arguments regarding a party's financial status, size, and corporate status made in an effort to bias the jury constitute prejudicial error.  *See Draper v. Airco, Inc.,* 580 F.2d 91, 95 (3d Cir. 1978) (granting new trial in part

---

[1] Oracle's damages expert has put forth wildly inflated damages estimates based, in part, on Google's overall market value.  For example, Mr. James Malackowski opined that Google would face no financial difficulty if asked to disgorge billions of dollars in profits because its public financial reports indicate that it possesses sufficient cash and cash equivalents to do so.  ECF 1560-13 (Malackowski Reply Rep.) at ¶ 294.  Any attempt to introduce that portion of Mr. Malackowski's opinion or similar argument or evidence of overall market value including, *inter alia*, evidence regarding Google's market capitalization, annual and quarterly revenues, and cash and cash equivalents should be excluded as irrelevant and prejudicial under Rule 402 and 403 in not just the liability phase of the trial, but also a damages phase (if any).

because "it is clear that counsel's remarks [regarding the financial status of the defendant] were intended to arouse the prejudices of the jury rather than to make this evidentiary contention."). To prevent that type of prejudice, courts may preclude evidence or argument regarding a party's financial status at the motion *in limine* stage.

### A. Oracle should not be permitted to use commerciality as a guise to offer evidence that is likely to prejudice the jury against Google

Oracle has signaled its intention to put Android-related revenues front and center during the liability phase of trial. At a discovery hearing on January 14, 2016, Oracle's counsel stated: "We want to say look at the extraordinary magnitude of commerciality here" and disclosed information regarding Android-related revenues. Jan. 14, 2016 Hr'g Tr. 6:18-22. Similarly, at the April 13, 2016 hearing on motions *in limine*, Oracle's counsel stated in response to a question from the Court, "Your honor, the answer is because nobody ever had the gall to claim fair use when they made [revenue number] on something and destroyed the market that the original work was in." Apr. 13, 2016 Hr'g Tr. 97:1-4.

Oracle contends that evidence regarding Android-based revenue is relevant because it goes to the first prong of the fair use inquiry, *i.e.*, whether Android's use of the SSOs of the APIs was commercial in nature. ECF 1698 at 5. Oracle's claim of relevance cannot, however, overcome the very real prejudice of admitting this evidence before the jury.

As Google has made clear, it will not dispute the commercial nature of Android. In addition, Google does not object to Oracle offering evidence that Android is a commercial product, designed to generate revenue. Google does object to evidence about the amount of revenue generated, because Oracle has many ways to prove this point without tossing around prejudicial billion dollar estimates in front of the jury. Finally, Oracle's argument that it needs this evidence to counter the fact that the Android is made available for free is not persuasive. The fact that Android is distributed for free (like many other Google services) does not mean that it

2

GOOGLE'S MOTION *IN LIMINE* RE: FINANCIAL INFORMATION
Case No. CV 10-03561 WHA

does not have a commercial nature, and the jury is not likely to be confused as to this point, particularly where Google will not dispute that it.

Against this backdrop, Google submits that the prejudicial effect of evidence of Google's financial status and Android revenue substantially outweighs its probative value. Evidence regarding Google's revenues may improperly focus the jury on Google's financial status as opposed to the merits of the claims at issue. The jury could be misled into determining liability on an improper basis, such as "punishing" Google for Android's success. This is particularly true where, as here, Oracle intends to offer this evidence in the liability phase where "the danger that this evidence would unfairly prejudice the jury [is] overwhelming." *La Plante*, 27 F.3d at 740.

To the extent that evidence of Android-related revenue is relevant at all, it is relevant only in the damages phase of the trial. However, evidence regarding Google's overall financial status is not relevant in either phase of trial. Accordingly, this Court should exclude evidence or argument regarding Google's Android-related revenues during the liability phase and evidence of Google's overall financial status in all phases (if any) of trial.

**B.      Oracle should not be permitted to offer evidence of the purchase price of Sun to show market harm.**

Oracle argues that in the first trial, this court allowed Oracle to introduce evidence of the purchase price of Sun as a "background fact" and thus the Court should do the same here. Oracle's Response to Financial Information MIL at 1. Oracle fails to acknowledge, however, that the Court specifically cautioned that Oracle could not link the purchase price to Java, "[t]here is absolutely no proof that Java was worth $7.4 million -- or billion dollars" and thus the Court warned Oracle's counsel to "be very careful on how you proceed with that." Apr. 16, 2012, Trial Tr. 16:8-11. Oracle did not abide by the Court's cautionary instruction and on direct examination. An Oracle witness disclosed Sun's purchase price, causing the Court to advise the jury "Ladies and gentlemen, the $7.4 billion number has nothing to do with this case. Disregard

it." Apr. 18, 2012, Trial Tr. 522:3-4.

Notwithstanding this ruling, Oracle again seeks to offer this evidence as proof of market harm. In arguing that the purchase price of Sun is relevant, Oracle refers almost exclusively to alleged evidence about Java. For example, Oracle cites the "high value Oracle placed on Java;" and further states that the evidence is necessary to rebut "Google's claim that Java was stagnant or of diminished value." ECF 1698 at 5. But, as this Court has already determined, it is improper for Oracle to suggest that it paid $7.4 billion for Java, when the evidence shows that Oracle paid $7.4 billion for *all* of Sun's assets; not just Java, much less versions of Java SE 1.4 and Java SE 5.0, and much less the SSO of 37 API packages in those versions.

Evidence regarding the purchase price of Sun should also be excluded because Oracle's proposed experts do not rely on the valuation of Sun as part of their opinions regarding market harm or damages. Neither Dr. Adam Jaffe (Oracle's market harm expert) or James Malackowski (Oracle's damages expert) mention the Sun purchase in their opinions. Certainly if Oracle's purchase of Sun were relevant to market harm or damages, these experts would (and should) have addressed that harm in their reports. They did not. Oracle cannot now argue otherwise. Because this evidence is not relevant to damages and was not relied upon by Oracle's experts, it should be excluded from all phases of trial.

## III.  CONCLUSION

In sum, it is evident that Oracle seeks to use evidence of large revenues and large acquisitions as a "spring board" to a large damages figure. Google respectfully submits that this is highly misleading and prejudicial, and the Court should preclude Oracle from doing so.

Dated: April 29, 2016

KEKER & VAN NEST LLP

By: /s/ Robert A. Van Nest
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.