ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE REGARDING ITS RIGHT TO A JURY DETERMINATION OF INFRINGER'S PROFITS**<br><br>Trial Date: May 9, 2016<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

**INTRODUCTION**

Google argues that the Supreme Court's decision in *Petrella* "was a game-changer" on the issue of whether Oracle has a right to a trial by jury on its claim for infringer's profits. Google is wrong. *Petrella* did not address the jury trial issue, and thus did not overrule existing case law establishing a Seventh Amendment right to a jury trial on infringer's profits. Nor did *Petrella* address Section 504(b) of the Copyright Act. *Petrella* thus sheds no light on whether the statute grants the right to a jury trial on infringer's profits.

**I.      *PETRELLA* DID NOT ADDRESS THE JURY TRIAL ISSUE**

*Petrella* did not address whether infringer's profits is a question for the judge or the jury. Instead, *Petrella* determined whether "the equitable defense of laches…may bar relief on a copyright infringement claim brought within [17 U.S.C.] § 507(b)'s three-year limitations period." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1967 (2014). The Supreme Court held that laches "cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window," but that "[a]s to equitable relief, in extraordinary circumstances, laches may bar at the very threshold the particular relief requested by the plaintiff." *Id.* Google, however, argues that the *Petrella* Court's treatment of infringer's profits as equitable for purposes of laches, *id.* at 1967 n.1, means that "there is no right to a jury trial of a claim for profits in a copyright case." Mot. 1.

This goes too far. The Supreme Court did not pronounce infringer's profits as "equitable" for all purposes. Rather, the Supreme Court expressly limited its treatment of profits as equitable to its laches decision in that case. *Petrella*, 134 S. Ct. at 1967 n.1 ("we regard as appropriate [profits-recovery remedy] treatment as 'equitable' ***in this case***.") (emphasis added). Because infringer's profits have a "protean character,"[1] whether they are treated as legal or equitable depends on the circumstances under which they are being considered. *See id.* ("recovery of profits is 'not easily characterized as legal or equitable,' for it is an "amalgamation of rights and remedies drawn from both systems") (citation omitted); *see also id.* at 1985 ("the majority

---

[1] *See also* www.merriam-webster.com/dictionary/protean (defining protean as "able to change into many different forms").

- 1 -

ORACLE'S RESPONSE RE RIGHT TO JURY
DETERMINATION OF INFRINGER'S PROFITS
CV 10-03561 WHA

concedes that 'restitutional remedies' like 'profits' … defy clear classification as 'equitable' or 'legal.'") (Breyer, J., dissenting). Accordingly, the Supreme Court's treatment of infringer's profits as "equitable" for purposes of laches does not preclude a jury trial on infringer's profits. *See Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 557 (2001) ("Judicial decisions do not stand as binding 'precedent' for points that were not raised, not argued, and hence not analyzed.").

Google argues that *Nimmer* supports its position because *Nimmer* concludes that *Petrella* "'place[d] recovery of profits squarely on the equitable side of the ledger'" for purposes of laches. Mot. 2 (citing 3 *Nimmer on Copyright*, § 12.06[B][3][d][i] at 12-160.4 (discussing laches)). With respect to the issue of a judge versus jury trial, however, *Nimmer* does not cite *Petrella* and expressly notes that courts have recognized the right to trial by jury on infringer's profits, and that denying a jury trial is "constitutionally suspect":

> **[E] Determination by Judge Or Jury?**
>
> The recovery of the defendant's profits has traditionally been regarded as a form of equitable relief. Nonetheless, following the doctrine of *Dairy Queen v. Wood*, it has been stated that, ***in a copyright infringement action, there is a right to a jury trial on the issue of defendant's profits.*** Particularly after *Feltner v. Columbia Pictures Television, Inc.*, the danger arises that ***denying trial by jury on this issue to a party who so requests will be deemed constitutionally suspect***. Still, it remains to get to the bottom of the issue, to determine if an award of profits is more in the nature of restitution than punishment, and therefore falls within the scope of equity.

5 *Nimmer on Copyright*, § 14.03[E] (citations omitted) (emphasis added). *Nimmer* thus does not support Google's claim that *Petrella* was a "game changer" as to the right to a jury trial on infringer's profits.[2]

## II. SECTION 504(b) PROVIDES A STATUTORY RIGHT TO A JURY TRIAL ON INFRINGER'S PROFITS

As discussed in Oracle's Trial Brief, ECF No. 1708 at 21-24, Section 504(b) of the Copyright Act provides copyright holders a statutory right to a jury trial on the question of

---

[2] The single case Google cites for its sweeping proposition that "lower courts and commentators have recognized that *Petrella* … 'place[d] recovery of profits squarely on the equitable side of the ledger,'" Mot. 2, was also limited to the issue of laches. *See Lambert Corp. v. LBJC Inc.*, No. 2:13-CV-00778-CAS, 2014 WL 2737913 (C.D. Cal. June 16, 2014).

infringer's profits. *Petrella* did not address whether infringer's profits under Section 504(b) should be tried by the jury, let alone revoke that right.

The Supreme Court requires that before inquiring into whether the Seventh Amendment grants the right to a jury trial for a statutory remedy, a court "must 'first ascertain ***whether a construction of the statute is fairly possible*** by which the [constitutional] question may be avoided.'" *Feltner v. Columbia Pictures* TV, 523 U.S. 340, 342, 345 (1998) (emphasis added) (quoting *Tull v. United States*, 481 U.S. 412, 417, n.3 (1987)) (considering "whether § 504(c) or the Seventh Amendment grants a right to a jury trial"). Here, it is "fairly possible" to construe Section 504(b) to grant the right to a jury trial on infringer's profits, thus avoiding the Seventh Amendment question.

Section 504(b) provides that a copyright owner "is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Although every other civil remedy provision of the Copyright Act specifically requires the ***court*** to determine the remedy, Section 504(b) ***does not*** require the court to determine the amount of infringer's profits. *Feltner*, 523 U.S. at 346; *see also generally* 17 U.S.C. § 504. Because Congress did not use the word "court" in Section 504(b), but did in all of the other remedy provisions, the logical assumption is that Congress intended the jury to decide the remedies in that section, not the judge. *See, e.g., Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004) ("[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended."); *accord FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'"); *Moskal v. United States*, 498 U.S. 103, 109-10 (1990) (courts should "give effect, if possible, to every clause and word of a statute") (quotation marks omitted). In the very least, because Section 504(b) does not mandate that a court decide the issue, it is "fairly possible" to construe the statute to require the jury to decide infringer's profits, and the Court should do so to avoid having to address the Seventh Amendment question.

*Compare Feltner*, 523 U.S. at 345-46 (holding that it was not possible to construe § 504(c) to provide the right to a jury trial because that section provides that "[s]tatutory damages are to be assessed in an amount that 'the court considers just.'").[3]

The interplay between actual damages and infringer's profits in Section 504(b) further supports that Congress intended the jury to decide the issue of infringer's profits. Section 504(b) combines actual damages and infringer's profits together into a single question, and cautions a factfinder not to award overlapping amounts under the two monetary measures. There is no question that a plaintiff who seeks to recover actual damages is entitled to a jury trial. *See Feltner*, 523 U.S. at 346. Actual damages are the quintessential legal remedy determined by a jury. *Id.* at 352-53. And, since Section 504(b) does not differentiate between the actor responsible for determining actual damages versus infringer's profits, the actor must be the same. Since it cannot be disputed that a copyright owner has a right to a jury trial on actual damages, the only plausible reading of the statute is that the copyright owner also has a right to a jury trial on infringer's profits.

Moreover, having both damages measures decided by the jury avoids the risk of double counting expressly prohibited by the statute. Because only a single factfinder can know for sure that infringer's profits "are not taken into account in computing the actual damages," the plain implication of the statute is that a single fact finder must award both measures of damages. *See* 17 U.S.C. § 504(b). Were it otherwise, there would be no practical way to ensure that one factfinder only award a measure of profits that was "not taken into account" by the other factfinder's award of damages. *See id.* Here, Oracle has asserted both actual damages and infringer's profits. To avoid the risk of double counting, both measures should be decided by the jury.

*Finally*, to the extent any question remains as to how to interpret Section 504(b), that

---

[3] *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1073, 1076 (9th Cir. 2015), in which the Ninth Circuit recently held that there is no right to a jury trial to determine infringer's profits in a trademark case for reasons unique to the Lanham Act, is not applicable for this same reason. In contrast to the Copyright Act, the statute governing an award of infringer's profits in a trademark case specifically states that "*[t]he court* shall assess such profits and damages or cause the same to be assessed under its direction." *Id.* (emphasis added); 15 U.S.C. § 1117.

question should be resolved in favor of a jury trial because "federal policy favoring jury trials is of historic and continuing strength," *Simler v. Conner*, 372 U.S. 221, 222 (1963) (collecting cases), and a court's judgment "must, wherever possible, be exercised to preserve jury trial," *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959).

### III.   THERE IS A SEVENTH AMENDMENT RIGHT TO A JURY TRIAL ON INFRINGER'S PROFITS

The discussion above focuses on whether Section 504(b) creates a *statutory* right to a jury trial for infringer's profits. But even if Section 504(b) failed to provide a statutory right to a jury trial on infringer's profits, the *Seventh Amendment* grants that right. As *Petrella* acknowledges, infringer's profits is "not easily characterized as legal or equitable." *Petrella*, 134 S. Ct. at 1967 at n. 1 (2014). Yet despite that difficulty, the courts have long recognized a right to a jury in cases involving infringer's profits. Indeed, Google would not be reduced to characterizing *Petrella* as a "game changer" on an issue the Supreme Court didn't even address if the existing case law did ***not*** recognize such a right.

The Supreme Court long ago explained that recovery of infringer's profits is "in fact a compensation for the injury" sustained from the invasion of a right and such profits are thus "a measure of [the injured party's] damages." *Mowry v. Whitney*, 81 U.S. 620, 653 (1871); *Dean v. Mason,* 61 U.S. 198, 203 (1857) (same); *see also Root v. Railway Co.*, 105 U.S. 189, 214, 215 (1881) (infringer's profits, "although the creature of equity," "*is recognized as well at law as one of the measures, though not the limit, for the recovery of damages*") (emphasis added). Thus, an award of infringer's profits has long been considered a question of damages sounding in law. *E.g.*, *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1095-96 (7th Cir. 1994) ("Disgorgement initially developed … as a proxy for damages"); *Swofford v. B & W, Inc.*, 336 F.2d 406, 411 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1964) ("It was very early recognized" that a claim for infringer's profits, "'though called profits … are really damages.'") (quotation omitted).

In 1962, the Supreme Court held that there is a Seventh Amendment right to a jury trial on a claim for infringer's profits in a trademark matter. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469

(1962). In that case, the defendant had argued that the claim was "purely equitable" because the complaint had been cast "in terms of an accounting." *Id.* at 477. The Supreme Court rejected that idea, holding that a claim for an "accounting" of the infringer's profits was a legal claim requiring a jury trial. *Id.* at 478-79. Because the underlying contractual and infringement claims were legal in nature, so too was the profits recovery claim: "As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character. And as an action for damages based upon a charge of trademark infringement, it would be no less subject to cognizance by a court of law." *Id.* at 477.

Relying on *Dairy Queen*, the Ninth Circuit confirmed that a copyright plaintiff also has a Seventh Amendment right to a jury trial to determine infringer's profits. *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1175 (9th Cir. 1977) (quotation omitted). While the Ninth Circuit ultimately determined that the plaintiff in that case had not *requested* a jury trial, it was unambiguous in concluding that "Plaintiffs in this case **had a right** to a jury trial." *Id.* (emphasis added).

More recently, in *Feltner*, 523 U.S. at 352-53, the Supreme Court held that the Seventh Amendment provides a right to a jury trial for statutory damages. The Supreme Court recognized that even before adoption of the Seventh Amendment, "copyright suits for monetary damages were tried in courts of law, and thus before juries." *Id.* at 348-49. Because "monetary relief is legal, and an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment," "the Seventh Amendment provides a right to a jury trial where the copyright owner elects to recover statutory damages." *Id*. at 352-53. The Supreme Court also held that a monetary remedy is not "rendered equitable simply because it is 'not fixed or readily calculable from a fixed formula.'" *Id.* at 353. Finally, the Supreme Court held that "[t]he right to a jury trial includes the right to have a jury determine the *amount* of statutory damages." *Id.*

The *Feltner* Court's rationale applies with equal force to Oracle's claim for lost profits, which seeks monetary damages to compensate Oracle for the harm caused by Google's infringement. Google argues that Oracle is not entitled to a jury because its "claim for profits is

1  extraordinarily complex and will be difficult for a lay jury to consider." Mot. 4.  But, as the

2  Supreme Court noted in *Dairy Queen*, because the Federal Rules of Civil Procedure now grant

3  district courts the power to appoint masters to assist the jury in complicated matters, "the burden

4  of such a showing [of complexity] is considerably increased and it will indeed be a rare case in

5  which it can be met."  369 U.S. at 478.  Here, the Court has appointed Dr. Kearl to assist the jury

6  in unraveling any complicated damages issues, and thus complexity is not a basis for denying

7  Oracle its Seventh Amendment right to a jury.

8  Google claims that although *Petrella* did not address the Seventh Amendment right to a

9  jury, and explicitly addressed profits as equitable only in connection with laches, it "definitively

10  rebuke[s]" *Krofft*, and "resolves … apparently contradictory statements … in *Feltner*," Mot. 2,

11  and essentially overturns the long line of cases holding that infringer's profits are a measure of

12  monetary damages sounding in law.  Oracle respectfully submits that Google places too much

13  weight on a footnote. *See Williams v. Bridgeport Music, Inc.*, Copy. L. Rep. (CCH) P30,791

14  (C.D. Cal. 2015) (discussing jury award of infringer's profits in copyright matter post-*Petrella*).

15  **IV.  THE *FAHMY* COURT DID NOT SCRUTINIZE THE STATUTORY OR
       SEVENTH AMENDMENT RIGHTS TO A JURY TRIAL ON INFRINGER'S**
16  **PROFITS**

17  Google cites *Fahmy v. Jay-Z*, No. 2:07-cv-05715-CAS (C.D. Cal. Oct. 9, 2015), in which

18  Judge Snyder recently addressed whether infringer's profits in copyright cases is a question for

19  the judge or the jury.  Judge Snyder concluded that "there is ambiguity regarding whether

20  disgorgement of profits is properly considered an equitable or a legal remedy and, accordingly,

21  whether these damages should be assessed by the jury or by the Court."  *Id.* at 1.  Judge Snyder

22  nonetheless resolved the ambiguity in favor of having "the Court [] calculate the amount [of]

23  profits, if any, to be awarded pursuant to §504(b)," but also decided to "have the issue of

24  plaintiff's recovery of profits presented to the jury" and to "treat the jury's verdict on this issue as

25  advisory."  *Id.* at 3.

26  Oracle respectfully disagrees with Judge Snyder's conclusion for the reasons set forth

27  above—namely, that both Section 504(b) of the Copyright Act and the Seventh Amendment grant

28  Oracle the right to a jury trial on infringer's profits.  Judge Snyder did not analyze either of these

issues in her order, but rather relied on *Petrella* and Nimmer alone in deciding that the court should decide infringer's profits. *Id.* at 2-3. As explained above, neither *Petrella* nor Nimmer answer the question of whether infringer's profits should be decided by a judge or the jury.

## CONCLUSION

For the reasons set forth above, Oracle respectfully requests that the Court allow the jury to decide the issue of infringer's profits.

Dated: May 2, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Vickie L. Freeman*

Counsel for ORACLE AMERICA, INC.