United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | |
| Plaintiff, | No. C 10-03561 WHA |
| v. | |
| GOOGLE INC., | **MEMORANDUM OPINION REJECTING "AS PART OF A BROADER WORK" AS GROUND FOR TRANSFORMATIVE** |
| Defendant. / | |

Concerning fair use, Google asks for an instruction that "transformative" includes the incorporation of copyrighted works "as part of a broader work." Incorporating as part of a broader work, however, simply cannot be enough to qualify as transformative. To allow such a rule would, for example, allow a copyrighted short story to be reprinted without permission in a larger collection of short stories.

It is true, as Google points out, that the Federal Circuit opinion seemingly lends support to Google's argument. On page 1374 at column two, the opinion included the following single sentence followed by a long string cite with parenthetical squibs:

> A work is not transformative where the user "makes no alteration to the *expressive content or message* of the original work." *Seltzer*, 725 F.3d at 1177; *see also Wall Data*, 447 F.3d at 778 ("The Sheriff's Department created exact copies of RUMBA's software. It then put those copies to the identical purpose as the original software. Such a use cannot be considered transformative."); *Monge*, 688 F.3d at 1176 (finding that a magazine's publication of photographs of a secret celebrity wedding "sprinkled with written commentary" was "at best

> minimally transformative" where the magazine "did not transform the photos into a new work . . . or incorporate the photos as part of a broader work"); *Elvis Presley Enters.*, 349 F.3d at 629 (finding that use of copyrighted clips of Elvis's television appearances was not transformative where "some of the clips [we]re played without much interruption, if any . . . [and] instead serve[d] the same intrinsic entertainment value that is protected by Plaintiffs' copyrights.").

As quoted above, the second parenthetical squib includes the phrase "where the magazine 'did not transform the photos into a new work . . . or incorporate the photos as part of a broader work.'" The latter six words are the key words in question, so where in Ninth Circuit law did these words come from?

The parenthetical squib is attached is *Monge v. Maya Magazines, Inc.,* 688 F.3d 1164, 1176 (9th Cir. 2012). There, a celebrity got married secretly. She and her husband had private photos of their wedding and wedding night, which were stolen and sold to a tabloid, which published them. The tabloid claimed fair use, which claim found rejection by our court of appeals. Distinguishing an earlier Ninth Circuit decision, *Monge* stated in relevant part (688 F.3d at 1176):

> Maya did not transform the photos into a new work, as in *Campbell*, or incorporate the photos as part of a broader work as in *CBS Broadcasting*.

Earlier in *Monge*, however, more context appeared as to the *CBS Broadcasting* reference and the origin of the phrase "as part of a broader work" (at 1174):

> Arrangement of a work in a photo montage, however, can be transformative where copyrighted material is incorporated into other material. For example, the use of a brief segment of a riot clip in a promotional video was deemed to be fair use.

This earlier explanation in *Monge* informs us as to the meaning of the later phrase "as part of a broader work." A montage "can be" transformative — depending. "Can be" does *not* mean "is be," as Google would have our jury infer. Of course, incorporating copyrighted material into a larger work "can be," depending on *other* circumstances, enough to warrant fair use. The actual montage facts recited in *L.A. News Services v. CBS Broadcasting, Inc.*, 305 F.3d 924 (9th Cir. 2002), bear this out. And, *Monge* itself involved incorporation of the wedding photos into a larger work and that fact was decidedly not enough to excuse the piracy by

2

the tabloid. Piracy as well as fair use both will almost always involve using the copyrighted material as part of a larger work. This consideration does not help distinguish between allowed uses versus disallowed uses.

In sum, Google has cleverly seized on a snippet of six words in a squib placed by the Federal Circuit in its opinion and ignored the actual holding (to the contrary) of the Ninth Circuit decision cited (*Monge*). Both sides have been guilty of this and have repeatedly tried to squeeze too much out of our appellate opinion, yet time is too short to call out every instance. Google's request is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 2, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE