ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>              Plaintiff,<br><br>     v.<br><br>GOOGLE INC.<br><br>              Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE TO ORDER TO SHOW CAUSE RE TECHNICALLY NECESSARY COPYING (ECF No. 1765)**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

Oracle's TX 5332 (attached as Ex. 1) sets forth specifically those 154 class, interface, and method declarations, found in 62 classes and interfaces (of 3 packages) of Java SE 5.0, that are constrained by the Java Language Specification, Third Edition. The Court's proposed order should be modified before it is entered because the *entirety* of the 62 classes is not constrained by the language, only the *particular code* listed on TX 5332. With that modification, the order should be entered as proposed by the Court.

For purposes of this case only, asserting Java SE 1.4 and 5.0, Oracle is willing to stipulate that these 154 lines of declaring code are technically constrained by the Java programming language, and therefore constitute a fair use in Android. In other words, Oracle stipulates only that use of *those specific lines* on TX 5332 is fair. It is important to note the distinction between the specific lines and the entirety of the 62 classes and interfaces, because the classes and interfaces are not constrained *in their entirety*. There are many declarations in these classes and interfaces (at a rough estimate a total of more than 900), and the rest are not constrained at all by the language specification. Neither the literal elements nor SSO for the remainder of those classes and interfaces is constrained by the language. The Court's order should establish that the contents of TX 5332, and only the contents of TX 5332, is constrained by the language.

With this modification, the Court's proposed order will reflect Oracle's stipulation as it was offered. Oracle has also moved to exclude any evidence or argument inconsistent with the stipulation on the ground that Google has no such contrary evidence and any contrary argument would be irrelevant, misleading and unduly consumptive of time. Fed. R. Evid. 402, 403. The Court has the power to enter the stipulation offered by Oracle and to order Google not to vary the terms of the stipulation.

The Java Language Specification, Third Edition, specifies the Java programming language associated with the Java SE 5.0 platform. Oracle's experts Dr. Mark Reinhold and Dr. Douglas Schmidt analyzed the language specification to determine exactly what in the API was expected by the language and therefore technically constrained by the language. As they explain, because the language specification only expects to find certain specific classes and interfaces in particular packages with a particular access modifier, that specification dictates only the name of the class,

interface, or method, whether it is defined public or protected, and in which package it is located. Accordingly, it is only those specific portions of the 154 declarations from the 62 classes and interfaces—namely, the class/interface name, public vs. protected designation, and in which package it is located—that are technically required when programming in the Java language.

No other aspect of those 62 Java classes and interfaces is dictated or constrained by the Java language specification. Google's technical expert agrees. Ex. 2 (Astrachan Depo.) 158: 13-20 (Q: … I'm asking you if there -- as you sit here today, can you identify anything specific in the Java API that is constrained by the language that is not expressed in that chart [Exhibit A]? A: No, I can't give you any of that information today."). Furthermore, Google's experts, including Dr. Astrachan, never analyzed whether copying any other part of the 37 Java API packages was required to make use of the Java programming language. *See* Ex. 2 (Astrachan Depo.) 157:7-10 (Q: And have you made any effort to duplicate or verify or otherwise analyze that chart [Exhibit A]? A: No, I have not tried to duplicate.").

The approach Dr. Reinhold took in preparing TX 5332 is consistent with his approach and related testimony during the first trial: that mere mention of a class or interface in the Java Language Specification does not mean the entire class is constrained by the Java programming language. *See* Ex. 3 (Trial. Tr. Vol. 4) 678:17-677:2 (Q. Are any of the classes in the Java Application Programming Interface actually specified in the Java language specification? A. No. As the paragraph goes on to explain, the language definition constrains the behavior of these classes and interfaces, but this document does not provide a complete specification for them. Q. And where are you directed to find the complete specification? A. The reader is referred to other parts of the Java platform specification for such detailed API specifications.); *see also* Ex. 4 (Reinhold Depo.) 105:8-106:23.

The Court can and should enter the stipulation and also order that Google cannot vary from it. Fed. R. Civ. P. 16, 26; Fed. R. Evid. 402, 403; *see Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137, 143 (N.D. Cal. 2004) (subsequent history and citation omitted) (trial courts have "inherent power to manage and control pending litigation"); *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 650 (7th Cir. 1989) (court can order litigants under "inherent authority

1  to manage and control the litigation"); *Simon v. Philip Morris Inc.*, 200 F.R.D. 21, 26-27
2  (E.D.N.Y. 2001) ("trial judges must assume the role of a litigation manager"; the court has the
3  "inherent power to manage litigation") (citations omitted).
4      Oracle agrees the order should permit the parties to update and conform their expert
5  reports to account for the Court's Order that copying the specific portions of lines of code from
6  62 classes and interfaces identified in TX 5332 constitutes fair use. *See Newell Puerto Rico, Ltd.*
7  *v. Rubbermaid Inc.*, 20 F.3d 15, 22 (1st Cir. 1994) ("It is not unusual for experts to make changes
8  in their opinions and revise their analyses and reports frequently in preparation for, and
9  sometimes even during, a trial."). Conforming expert reports to the current claims at issue will
10 enable the parties' experts to better "help the trier of fact to understand the evidence or to
11 determine a fact in issue," Fed. R. Evid. 702, and will avoid the confusion that would result if the
12 reports were not conformed to this evidence. The Court should permit the parties to update the
13 reports of the following expert witnesses, if desired, in light of this new information: Dr. Owen
14 Astrachan, Dr. Chris Kemerer, Dr. Gregory Leonard, Mr. James Malackowski, Dr. Douglas
15 Schmidt, and Mr. Robert Zeidman.

Dated: May 3, 2016

                                Respectfully submitted,

                                Orrick, Herrington & Sutcliffe LLP

                                By:   */s/ Annette L. Hurst*
                                    Annette L. Hurst

                                Counsel for ORACLE AMERICA, INC.