KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Facsimile:   (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 556-2100
Facsimile:   (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                    Plaintiffs,<br><br>       v.<br><br>GOOGLE INC.,<br><br>                    Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE TO SUMMARY MIL #4 & ORDER TO SHOW CAUSE RE TECHNICALLY NECESSARY COPYING (ECF 1765)**<br><br>Trial:   May 9, 2016<br><br>Dept.   Courtroom 8, 19th Fl.<br>Judge:  Hon. William Alsup |

I. **INTRODUCTION**

Oracle's motion seeks to exclude evidence regarding compatibility that the Federal Circuit previously deemed relevant to the fair use inquiry, and this Court has already deemed admissible. In addition, Oracle seeks an opportunity to re-do its expert reports and establish as "undisputed" that the portions of the 62 classes it agrees are technically necessary to use the Java language are the *only* such classes. Because both of Oracle's contentions are contradicted by the Federal Circuit, and by this Court's prior rulings, Oracle's motion should be denied.

Specifically, the Federal Circuit held that evidence and argument that Google's use of the 37 Java SE APIs was necessary to meet the expectations of developers and ensure programming efficiency, compatibility, and interoperability, is relevant. *See Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1377 (Fed. Cir. 2014). Based on that holding, the Court ruled that Dr. Astrachan can testify that the use of the 37 Java SE APIs at issue "relates to compatibility with the conventions and expectations of developers using the Java programming language," subject to some clarifying testimony. ECF 1760 (Pretrial Order ) at 4-5; ECF 1783 (Memorandum Opinion Re MIL No. 1 Regarding Dr. Owen Astrachan) at 6-7. Beyond that evidence Oracle's motion does not identify any other specific evidence it seeks to exclude. Accordingly, Oracle's motion is effectively moot and should be denied.

In response to Oracle's motion, the Court separately asked Google to show cause as to why the Court should not order that it is established that the "62 classes and interfaces in the three API packages (and only those 62) were technically necessary to use the Java language and that copying those was fair use, without prejudice to either side's other arguments, pro or con, as to the 37 APIs." ECF 1765. With one modification, Google does not object to such an order (provided there is no prejudice to Google's arguments at trial). While Oracle may now concede that 62 classes and interfaces in three API packages are necessary to implement the Java programming language, Google does not agree that it is "only those 62." For that reason, Google believes that the parenthetical "(and only those 62)" is not accurate and any order by the Court should not preclude Google, based on Oracle's admissions and concessions to date, from arguing that other classes and packages are necessary to make effective use of the language. Google

further understands that the Court's Order would not preclude either party from offering evidence and argument concerning the 62 classes provided it was consistent with that order. Similar to the manner in which the Court has handled the commerciality issue, Google understands that under the Court's proposal Google would, for example, be entitled to examine witnesses with regard to the 62 classes, and present testimony that discusses the 62 classes.

In any event, Oracle should not be given an opportunity to re-do its expert reports, and Google does not believe there is any need to revise its own reports. Despite knowing of the required classes and packages since at least 2012 (if not before) based on Oracle employee Dr. Reinhold's admission elicited on direct examination by Oracle's counsel, Oracle chose to wait until the two months before trial to try to narrow Dr. Reinhold's admissions regarding which classes and interfaces, and which parts of those classes, are technically necessary (on the same day that the final round of expert reports was due, no less). *See* Karwande Decl., Ex. 1 (Exhibit A to Oracle's 2/29/2016 26(A)(c) Supplemental Disclosure). Furthermore, notwithstanding Dr. Reinhold's trial admissions and subsequent efforts to revise those admissions, Oracle filed a motion to attempt to exclude *any* evidence that these APIs are technically necessary. ECF 1696 (Oracle's Summary MILs) at 4. Then, shortly before trial, Oracle changed its mind and proposed a stipulation that misleadingly sought to characterize Dr. Reinhold's new admissions as the *only* APIs required by the Java programming language. Given this conduct up through the eve of trial, it would be unfair and prejudicial for Oracle to now be allowed another round of expert reports for almost all of its experts.[1] Indeed, as set forth in detail below, Oracle's technical experts have already addressed these issues in their rebuttal by disagreeing with Dr. Reinhold's testimony reports, and their market harm and damages experts could have done so on the same timetable—not now. Thus, the Court should not indulge Oracle's request for a re-do based on a concession that has been on the record for four years.

---

[1] Dr. Olivier Toubia, whose opinions are limited to criticizing Google's survey expert, Dr. Itamar Simonson, is the one expert report that Oracle does not request to update.

2
RESPONSE TO SUMMARY MIL #4 & ORDER TO SHOW CAUSE RE TECHNICALLY NECESSARY COPYING (ECF 1765)
Case No. 3:10-cv-03561 WHA

1055739

## II. FACTUAL BACKGROUND

In the copyright phase of the original trial, Dr. Reinhold, the Chief Architect of the Java Platform at Oracle, testified as a fact witness. During his testimony Dr. Reinhold introduced into evidence on direct examination TX 1062 listing "Classes and Interfaces Mentioned in the Java Language Specification (third edition)." Karwande Decl., Ex. 2 (TX 1062); *see also* Trial Tr. (Reinhold) 684:16-685:2; 679:18-21. TX 1062 includes a list of 61 classes and interfaces from three different API packages. Dr. Reinhold referred to TX 1062 and testified that in order to program in the Java programing language, "at the very least you need to use the few that are tightly related to the Java programing." Trial Tr. (Reinhold) 684:19-20.

In response, Dr. Joshua Bloch, then the Chief Java Architect at Google, testified that beyond the mention of certain classes and packages in the Java Language Specification, there are additional API dependencies that require using other APIs—at least over 2000 methods in over 175 classes spread across ten packages. *See* Trial Tr. (Bloch) 776:21 – 780:18. Dr. Bloch testified that these additional API dependencies are required, "at a minimum" just to implement the Java language. Trial Tr. (Bloch) 780:16-18.

More recently, as part of Oracle's Rule 26(a)(2)(c) disclosures, Oracle attached a document purporting to list "Declarations in Classes Listed on TX 1062 which are Subject to a Technical Constraint Imposed by the Java Language Specification." *See* Karwande Decl., Ex. 1 (Exhibit A to Oracle's 2/29/2016 26(a)(2)(c) Supplemental Disclosure). This document was referenced in the disclosure related to Dr. Reinhold, and he testified about it at the related deposition. Notably, this list includes 165 "partial or full" declarations in 62 classes across 3 API packages (though only two of those API packages overlap with those listed in TX 1062).

## III. ARGUMENT

### A. The Court has already ruled on Oracle's motion regarding compatibility and interoperability.

On this point, Oracle's motion is nothing but a re-packaged version of the earlier motion *in limine* challenging Dr. Astrachan's testimony on non-technical compatibility and interoperability, which this Court denied. *See* ECF 1553-4; ECF 1760. Because Oracle does not

3

RESPONSE TO SUMMARY MIL #4 & ORDER TO SHOW CAUSE RE TECHNICALLY NECESSARY
COPYING (ECF 1765)
Case No. 3:10-cv-03561 WHA

1055739

identify any particular evidence for exclusion besides Dr. Astrachan's testimony, the motion should be denied for the same reasons as the prior motion.  *See* ECF 1760 (Pretrial Order) at 4-5; ECF 1783 (Memorandum Opinion Re MIL No. 1 Regarding Dr. Owen Astrachan) at 6-7.

Moreover, Oracle's claim of confusion is overblown.  Google's argument is simple: Google contends that it was fair to implement the same, well-known APIs using the same names so as to satisfy developer expectations regarding the names of tools that would be available when the Java programming language is used for a mobile platform.  As the Federal Circuit itself recognized, Google's argument relates to "the fact that software developers were already trained and experienced in using the Java API packages at issue." *Oracle Am.*, 750 F.3d at 1371.  Java developers expected to be able to use these basic tools by their customary names when writing applications in the Java language, and this expectation is relevant to the second and third fair use factors.

### B. Google never conceded that the 61(or now 62) classes and interfaces in Dr. Reinhold's analysis are the *only* technically necessary APIs.

Oracle attempts to manufacture agreement regarding which APIs are technically required where none exists.  Google has never conceded that *only* those 61 classes and interfaces identified by Dr. Reinhold at the first trial, or that *only* the more limited portions of the declarations within the 62 classes identified by Dr. Reinhold more recently, are technically necessary to use the Java language.  Google is not contesting for the purposes of this retrial the Federal Circuit's ruling that Google was not technically required to use *all* of the 37 API packages to use the Java language. *See* Apr. 13, 2016 Hr'g. Tr. at 100:2-3;106:11-13; 107:16-20.  Google also agrees that the 61 (now 62) classes within the three "core" APIs that Dr. Reinhold identified during first trial are functionally necessary to use the Java language.  Yet as the Federal Circuit acknowledged, "it may be that ***others of the packages were similarly essential*** components of any Java language-based program." *Oracle Am.*, 750 F.3d at 1377 (emphasis added).  This Court also recognized in its Pretrial Order that the Federal Circuit held "***at least*** three of the 37 APIs might have been necessary to write in the Java programming language." ECF 1760 (Pretrial Order) at 11 (emphasis added).  Indeed, as explained by Dr. Joshua Bloch at the first trial, beyond the mention

4

of certain classes and packages in the Java Language Specification, there are API dependencies that require using other APIs—at least over 2000 methods in over 175 classes spread across ten packages. *See* Trial Tr. (Bloch) 776:21–780:18. Thus, Oracle is free to concede that Google's use of three core API packages was a fair use, but Oracle's last minute admission should not limit Google's arguments or presentation of the evidence.

### C. Oracle's request for a re-do of its expert reports should also be denied.

Oracle has been aware of Dr. Reinhold's testimony for several years and should not be granted an opportunity to submit five additional expert reports as a result of their recent change in strategy. During the first trial, Oracle's expert, Dr. Mitchell, and Dr. Mark Reinhold, testified that 61 of the classes and interfaces of three of the 37 Java SE APIs at issue are required to use the Java language. Karwande Decl., Ex. 2 (TX 1062); Trial Tr. 684:16-685:2 (Reinhold); *id.* at 679:18-21 (same); *id.* at 1274:16-24 (Mitchell). At trial, Dr. Reinhold explained that, based on his analysis, 61 classes and interfaces across three packages were mentioned in the Java Language Specification. The Federal Circuit acknowledged these admissions in its opinion. *Oracle Am.*, 750 F.3d at 1365. Oracle was certainly on notice going into expert discovery that its own employee considered at least 61 of the classes and interfaces within 3 packages to be technically necessary to use the Java language.

Google's expert. Dr. Astrachan, considered Dr. Reinhold's trial analysis in forming his opinions. *See* ECF 1563-4, Astrachan Opening Report ¶ 164. Oracle did not have its experts take into account Dr. Reinhold's testimony of technical necessity in their opening expert reports, however in their rebuttal expert reports, as discussed below, they actually *disagreed* with Dr. Reinhold's testimony. Then Oracle waited until the day the third and final round of expert reports were due, February 29, 2016 (ECF 1509), to introduce a revised exhibit from Dr. Reinhold regarding technical necessity along with its Supplemental Rule 26(a)(2)(c) disclosure. *See* Karwande Decl., Ex. 1 (Exhibit A to Oracle's 2/29/2016 26(a)(2)(c) Supplemental Disclosure). In this document, Dr. Reinhold sought to take back and modify his previous trial testimony regarding TX 1062. In his most recent deposition, Dr. Reinhold explains that he believes there are 62 (not 61) classes that contain technically necessary material, and that within those classes it

5
RESPONSE TO SUMMARY MIL #4 & ORDER TO SHOW CAUSE RE TECHNICALLY NECESSARY COPYING (ECF 1765)
Case No. 3:10-cv-03561 WHA

1055739

1  is only *the declaring code* that is technically necessary.[2]  *See id.*; Karwande Decl., Ex. 3

2  (Reinhold 3/15/16 Dep.) 102:4–107:1.  Dr. Reinhold further narrows his opinion to specify that

3  for some classes, only *portions of the declaring code* are technically necessary.  *See* Karwande

4  Decl., Ex. 1 (Exhibit A to Oracle's 2/29/2016 26(a)(2)(c) Supplemental Disclosure) (instances

5  where only portions of the declaring code are technically necessary are indicated by an ellipses

6  following the declaration).  Thus, even if the Court enters its proposed finding regarding technical

7  necessity as to the declarations in these 62 classes, Google should be entitled to cross examine Dr.

8  Reinhold regarding his shifting analysis regarding technical necessity.

9        Furthermore, Oracle's willingness to now agree that the use of certain classes and

10  packages constitutes fair use does not entitle it to another round of expert reports.  Nor is there

11  any need for supplemental reports from Oracle's technical experts because they already addressed

12  the impact of the technically necessity of the 61 classes and interfaces listed in TX 1062 in their

13  rebuttal and reply reports.  *See* Karwande Decl., Ex. 4 & 5 (Schmidt Rebuttal Rep.) at ¶ 244, ¶¶

14  224-226, App. P; Karwande Decl., Ex. 6 (Schmidt Reply Rep.) ¶¶ 71-72, App. H, I; ECF 1560-

15  11(Kemerer Rebuttal Rep.) ¶¶ 42-46; 70-73, 122-127; ECF 1564-5 (Kemerer Reply Report) ¶ 18.

16        Dr. Schmidt's rebuttal report specifically analyzes Trial Exhibit 1062—the list that

17  Reinhold sponsored at trial— and Dr. Reinhold's trial testimony, and opines ███████████

18  ███████████████████████████████████████████████

19  Karwande Decl., Exs. 4&5 (Schmidt Rebuttal Rep.) ¶ 226 (emphasis added).  Despite his

20  disagreement with Dr. Reinhold's opinion, both Dr. Schmidt and Dr. Kemerer perform analyses

21  using his list of 61 classes. S*ee id.* at ¶ 244 (performing "build" test without 61 classes from TX

22  1062); ¶¶ 224-26; App. P.  Dr. Schmidt performed further analysis of Trial Exhibit 1062 in his

23  reply report and presented opinions that take into account that analysis.  Karwande Decl., Ex. 6

24  (Schmidt Reply Rep.) ¶¶ 71-72.  Moreover, Dr. Schmidt seems to have worked with Dr. Reinhold

---

[2] Reinhold explained in deposition that ███████████████████████████████████
███████████████████████████████████████████████████ Karwande Decl.,
Ex. 3 (Reinhold 3/15/16 Dep.) 104:4-8.

6
RESPONSE TO SUMMARY MIL #4 & ORDER TO SHOW CAUSE RE TECHNICALLY NECESSARY
COPYING (ECF 1765)
Case No. 3:10-cv-03561 WHA

1055739

1  to create his revised exhibit on technical compatibility, and even included it as Appendix H to his

2  Rebuttal's report.  In fact, Dr. Reinhold ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮  Karwande Decl., Ex. 3 (Reinhold 3/15/16 Dep.) 104:12-16.  Dr. Schmidt also

4  created an adjusted version of his API visualization to take into account Dr. Reinhold's revised

5  exhibit.  *See* Karwande Decl., Ex., 4 (App. I to Schmidt Reply Rep.).  There can therefore be no

6  doubt that Dr. Schmidt had the opportunity to (and in fact did) already analyze the impact on his

7  opinions of technically necessary APIs under both Dr. Reinhold' s original and revised analysis.

8  Similarly, Dr. Kemerer addressed Dr. Reinhold's initial testimony on technically

9  necessary APIs in his rebuttal report and even purportedly performed his "sensitivity" analysis by

10  removing the 61 classes.  ECF 1560-11 (Kemerer Rebuttal Rep.) ¶¶ 42-46; 70-73, 122-127.  Dr.

11  Kemerer again addressed Dr. Reinhold's analysis in his reply report, concluding that as his

12  previous test results indicated, his "stability" analysis did not change when the 61 classes were

13  removed.  ECF 1564-5 (Kemerer Reply Rep.) ¶ 18.  *See also* Apr. 19, 2016 Hr'g. Tr. 150:11-20

14  ("What we did was, that was actually -- although the Federal Circuit called it 33 packages, what it

15  was was about 60 classes that were in Trial Exhibit 1062 last time around, which Dr. Reinhold

16  testified.").

17  Oracle's market harm and damages experts, Dr. Jaffe and Mr. Malackowski, also had

18  ample opportunity to address the issue of necessary APIs, as their necessity was admitted by Dr.

19  Reinhold years ago and addressed by Dr. Kemerer and Dr. Schmidt in their reports.[3]  So too

20  could Mr. Zeidman, another one of Oracle's technical experts who purports to count the lines of

21  code in common between Java SE 5 and various different versions of Android.

---

[3] In particular, Mr. Malackowski should not be permitted to use Oracle's recent concession concerning necessary APIs—information that has always been available to Oracle—to smuggle into trial new opinions regarding apportionment of the SSO/Declarations of the 37 Java SE APIs relative to the Android platform.  Mr. Malackowski previously opined that no such analysis was required because the SSO/Declarations had been "commingled" with other code.  *See* ECF 1560-13 (Malackowski Reply Rep.) ¶¶ 272, 285. It is far too late to allow him a do-over, particularly given that nothing stopped him from engaging in that analysis in his reports.

7
RESPONSE TO SUMMARY MIL #4 & ORDER TO SHOW CAUSE RE TECHNICALLY NECESSARY COPYING (ECF 1765)
Case No. 3:10-cv-03561 WHA

1055739

Notwithstanding the fact that this issue has been known to Oracle since at least 2012 (and could have been determined based on the Java Language Specification (3rd Ed.) dating back to 2005), Oracle now asks for a ***fourth*** chance to augment all of its expert reports, including its damages opinion, less than a week before trial.  Such modifications to Oracle's ***five*** expert reports would be highly prejudicial to Google, particularly since Google is presenting first.  Moreover, given that Oracle's reports already addressed the issue (or could and should have), the existing reports suffice even if the Court enters a finding of fair use regarding the 62 classes.

## IV.   CONCLUSION

For the foregoing reasons, Oracle's motion should be denied, and no additional revisions to expert reports should be permitted if the Court enters its proposed finding regarding technical necessity.  Further, any order or instruction on this issue should not preclude the parties from offering evidence and argument concerning the 62 classes consistent with the Court's order.

Dated:  May 3, 2016                                                KEKER & VAN NEST LLP

By:   */s/ Robert A. Van Nest*
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.

8
RESPONSE TO SUMMARY MIL #4 & ORDER TO SHOW CAUSE RE TECHNICALLY NECESSARY COPYING (ECF 1765)
Case No. 3:10-cv-03561 WHA

1055739