IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**ORDER RE GOOGLE MOTION *IN LIMINE* RE EXPERT VOUCHING FOR PREFERRED VERSION OF DISPUTED FACT (ECF NO. 1697)**

    Google is correct that an expert should never purport to tell the jury which side's fact witnesses are credible or vouch for whose fact scenario is correct — that is entirely for the jury. Nor should an expert ever attempt to tell the jury what someone intended or was thinking. The mental state of the characters in our story on trial is for the jury to decide, never for experts to speculate about. No after-the-fact expert could possibly have firsthand knowledge anyway. No expert is a mind reader. These are clear-cut prohibitions.

    That said, subject to the other rules of evidence, it will be permissible for experts to quote from fact testimony or emails, memos, letters or other documents which are part of the *res gestae* of the case and then to explicitly *assume* that they accurately reflect the relevant circumstances and then, based thereon, apply their specialized expertise to render opinions beyond the ken of our lay jury. This will be allowed even if a document (or testimony) reveals a mental state (like an intent to "make enemies"). Under such a procedure, there will be no vouching because the expert will make clear that he or she is simply assuming the document or testimony to have been

accurate. The expert, however, cannot embellish on the content of the evidentiary material in violation of the strict prohibitions set forth above. On cross-examination, the other side may clobber the expert's assumption with documents or testimony going the other way. Within the limits of Rule 403, the Court will allow this for both sides unless and until it gets out of hand.

As a matter of respect for the ability and role of juries, the Court would have preferred that experts truncate the "fact advocacy" part of their testimony down to their core factual assumptions and then, based thereon, explain their opinions to the jury. Both sides in this case, however, seemed primed to argue their fact cases through experts, so it is hopeless to try to regulate the problem further than to say the judge will vigilantly enforce the two principles stated above, even to the extent of interrupting and striking testimony *sua sponte*.

Furthermore, to protect the integrity of the process and to help the jury evaluate "expert testimony," the Court will give the jury the instruction appended hereto, subject to hearing counsel's objections (due by **NOON ON MAY 7**).

Google's motion is **DENIED**.

Please note that other orders *in limine* will address Witnesses Kemerer, Jaffe and Malackowski and the denial in this order is without prejudice to restrictions elsewhere.

**IT IS SO ORDERED.**

Dated: May 3, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE