**DRAFT JURY INSTRUCTION ON EXPERT WITNESSES**

In this case, members of the jury, you will hear two types of witnesses. *First*, you will hear fact witnesses. These are people who were part of the story on trial and will testify to the facts they experienced firsthand. *Second*, you will hear so-called expert witnesses. Unlike fact witnesses who were part of the story on trial, the various expert witnesses have been retained by both sides after-the-fact to testify to opinions based on their specialized training or experience. To take an example from a more routine case, in a traffic case, a fact witness is someone who saw or heard the accident or were part of it, whereas an expert witness is someone like an accident reconstruction specialist who offers an opinion of the car's speed based on skid marks.

In this trial, you will hear from more than a dozen expert witnesses, far more than the usual number, so I will now suggest some considerations for you as to evaluate their opinions. You may, of course, consider all of the usual considerations pertinent to fact witnesses. In considering the testimony of any witness, fact or expert, you may take into account:

1. The opportunity and ability of the witness to see, hear, or know the things testified to;
2. The quality of the memory of the witness;
3. The manner of the witness testifying;
4. The interest of the witness in the outcome of the case and any bias or prejudice;
5. Whether other evidence contradicted the testimony of the witness;
6. The reasonableness of the witness in light of the evidence; and
7. Any other factors that bear on believability.

With respect to expert witnesses, the main reason we allow their testimony is because they may have specialized training and experience with insights that may help the jury understand a field of specialized knowledge and how it applies to the case at hand. Usually,

these witnesses are paid by their respective sides in litigation.  Two important caveats for experts are as follows:

> No expert witness should ever vouch for which side's fact scenarios is correct.  No expert was present at the events in question.  None has firsthand knowledge.  Experts may rely on particular documents and testimony and may make an assumption that the document or testimony is correct and then give an opinion based on that assumption, but the opinion is only as good as the factual assumption and that foundational fact question is always for you, the jury, to resolve, not for the experts.  Put differently, experts should not invade the province of the jury by purporting to tell the jury which side's fact version is true.

> Similarly, no expert witness should attempt to tell the jury what someone had in mind or was thinking.  The mental state and intent of the characters in our story on trial is for you to decide, not for the experts to decide.  It is, however, permissible for experts to quote testimony or documents and then to assume that the statements therein were accurate and then based thereon to apply their expertise to render an opinion.

With this in mind, I will now suggest to you some special considerations for your evaluation of the testimony of experts.

> 1.  To what extent, if at all, has the expert witnesses overstepped his role and tried to usurp the function of the jury by vouching for the truth of one side witnesses versus the other or by giving opinion on the mental state of the character involved in the case?

> 2.  To what extent is the expert witness' opinion actually anchored in his specialized knowledge and training as opposed to just argument, which you are just as qualified to make or reject as him?

> 3.  To what extent is the expert witness' opinion supported by facts you find have been independently proven?

4. To what extent is the opinion contradicted by the facts?

5. To what extent has the expert witness relied upon a source of factual information that is biased?

6. To what extent has the expert witness "cherry picked" the factual record to highlight material helpful to his opinion while downplaying the facts that undercuts his opinion?

7. To what extent has the expert witness forthrightly conceded points versus stubbornly refusing to concede a point he should?

8. To what extent has the expert witness been influenced by money compensation paid by the side presenting him?

These are merely considerations. It is always up to you, the jury, to decide how much weight to give, if any, to any testimony or evidence, including from expert witnesses.