

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759
WWW.ORRICK.COM

May 3, 2016

The Honorable William Alsup
United States District Court Judge
Northern District of California
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   Oracle America, Inc. v. Google Inc., Case No. 3:10-cv-3561-WHA
      Précis Regarding Oracle's Motion In Limine re Google Witness Roderic Cattell

Dear Judge Alsup,

Oracle America, Inc. ("Oracle") requests permission to file an additional motion *in limine* to exclude the testimony of Google's purported fair use expert, computer scientist Roderic Cattell. Extraordinary circumstances exist under ECF No. 1488 to justify this additional motion because Dr. Cattell was not available for deposition until Saturday, April 30, 2016, well after the March 23 deadline for Oracle to file its motions *in limine* had already passed. ECF No. 1759 at 97:16-20. Dr. Cattell's deposition testimony establishes that his opinions are inadmissible under *Daubert* and Federal Rules of Evidence 701, 702, 703, 403, and 401.

Google intends to have Dr. Cattell testify that "Android's use of the Java API should be a fair use" (Ex. 2, Cattell Depo. at 13:12-16) because: (1) Java APIs are functional, (2) using different Java APIs in Android "would be contrary to [programmer] expectations," (3) using different Java APIs in Android would have "many negative consequences," and (4) "[r]e-implementing APIs is common place in the computing industry." Ex. 1, Cattell Report ¶¶ 28-31. But Dr. Cattell's deposition established that:

- Dr. Cattell did not analyze the thousands of method declarations that are actually at issue in this case in forming the opinions in his Report (Ex. 2 at 43:10-15)

- Dr. Cattell did not analyze the SSO of the Java APIs at issue in this case in forming the opinions in his Report (*Id*. at 44:4-8)

May 3, 2016
Page 2

- Dr. Cattell did not do any comparison between the Java APIs at issue in this case and the API examples he discusses in his Report to render opinions about APIs in order to see how similar or different they were; he conceded that, as to some of the APIs in his report, "I don't know what I would compare … it's sort of apples and oranges" (*Id*. at 161:1-25)

- The examples of API copying discussed in Dr. Cattell's expert report relate to APIs that are different from the 37 Java APIs and "may not even have method declarations" at all (*Id*. at 38:5-16)

- Dr. Cattell didn't conduct any interviews of software developers to ascertain their views of industry custom and practice in forming the opinions in his Report (*Id*. at 23:6-9)

- Dr. Cattell conceded there is disagreement in the software development community about whether it is permissible to copy APIs without permission (*Id*. at 22:19-23)

- Dr. Cattell has done no survey and performed no investigation of the views of software developers about copying of APIs in preparing his Report (*Id*. at 28:13-16)

- Dr. Cattell has not reviewed any contemporaneous documents or talked to any percipient witnesses regarding what Google's beliefs were in 2007 regarding the permissibility of copying APIs without permission  (*Id*. at 23:6-9; 141:23-142:23)

- Dr. Cattell has never heard any Sun executive endorse his view that the public has a right to re-implement the Java APIs without a license (*Id*. at 137:19-25)

- Dr. Cattell has no specialized knowledge of fair use, rather, he simply "heard about the laws regarding fair use" and "expounded on" what he believes "computer scientists … would think"  (*Id*. at 15:9-17)

- Dr. Cattell did not analyze the Java Specification License (*Id*. at 57:8-12) or any open-source licenses that govern copying APIs in preparing his report (*Id*. at 176:8-14)

- Dr. Cattell "only briefly" investigated rights over copying APIs by conducting a few Google searches (*Id*. at 63:9-13; 64:21-23)

- Dr. Cattell is aware that Sun had several licenses for Java in 2007 but has no opinion on whether it was permissible to copy all of the declaring code in the 166 Java APIs in a way that was consistent with Oracle's licenses (*Id*. at 213:10-16)

Dr. Cattell's lack of personal knowledge and lack of a reliable methodology render his opinions inadmissible under the Federal Rules of Evidence.  His testimony will not assist the jury, but, rather, will simply confuse the jury and invite legal error.  His testimony should be excluded.

May 3, 2016
Page 3

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

 /s/ *Gabriel M. Ramsey*

Gabriel M. Ramsey
Counsel for Plaintiff Oracle America, Inc.