IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

    /

No. C 10-03561 WHA

**AGENDA FOR THURSDAY HEARING**

    Tomorrow (Thursday), at 9:30 a.m., we will have a hearing to address the questions below regarding GPLv2+CE and related issues:

    1.    Precisely when and how was the Classpath Exception first extended by Sun to the 37 APIs in question.

    2.    When and how did GNU do so?

    3.    What in the GPLv2+CE would have barred/allowed any company from developing and distributing a product generally like Android in the commercial way that Google did for Android?

    4.    What exactly is "linking"? What is the difference between "linking" and "incorporating code"? What is an "executable"? What is "copyleft"? What is "viral"? What difference under GPLv2+CE did it make if the secondary product was a "derivative"?

5. Did the TCK apply to OpenJDK under the GPLv2+CE? Or to GNU Classpath under GPLv2+CE?

6. Point out the precise paragraphs (three at most) in the GPLv2+CE that make your point. Point out the precise language in FAQs and Sun or Google statements that make your point (three at most).

7. What was the advantage of the Apache license over GPLv2+CE?

8. How far along on the development timeline was Google when the 37 APIs became available under GPLv2+CE?

9. What is the best usable proof that any company other than Google actually released a product in reliance on GPLv2+CE and OpenJDK (or GNU Classpath)? Google counsel keep saying in court that IBM "did it" but the "it" has never been spelled out. What is the actual and specific proof?

10. Google wishes to present evidence that it thought the items in question were not copyrightable. How can we get into that without explaining the appellate holding that came later?

\*          \*          \*

Time will be short. No other issues will be on the agenda. Counsel will please be forthright, complete, know the answers, and not slide over to your memorized talking points. Please, the Court needs help — illumination, not heat. Please bring highlighted copies of relevant license agreements (GPLv2+CE) and FAQs and documents then extant. Yes, the judge knows that Google actually rejected OpenJDK for Android but right now the Court needs to learn whether OpenJDK would have been a viable alternative.

Please do not bring up other pending motions or items. The Court has worked hard to issue memorandum rulings on a multitude of *in limine* motions and is still working on others, but some simply will not be finished before the opening statements, as all were warned weeks ago,

2

and counsel will be ordered *not* to refer to certain items still "hanging fire."  It would have helped immensely had counsel stipulated to certain needlessly contentious points, like those referred to Judge Kim for mediation.

**IT IS SO ORDERED.**

Dated:  May 4, 2016.



WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE