KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Tel:   (404) 572-4600
Fax:   (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **DEFENDANT GOOGLE INC.'S CRITIQUE OF PENULTIMATE JURY INSTRUCTION ON FAIR USE (ECF NO. 1790)** <br><br><br> Dept.:   Courtroom 8, 19th Fl. <br> Judge:   Hon. William Alsup |

Defendant Google Inc. ("Google") respectfully submits this critique of the Court's Penultimate Jury Instruction On Fair Use.  ECF No. 1790 (the "Instruction").

In accordance with the Court's request, Google concentrates herein on what Google considers to be the most critical points, i.e., the portions of the Instruction that, in view of other portions of the Instruction, Google believes may tend to confuse—rather than help—our jury.

### I.   "no alteration to the expressive content or message of the original work"

On page 3, the Court quotes verbatim the Federal Circuit's statement that "A work is not transformative where the user 'makes no alteration to the expressive content or message of the original work.'"  *Oracle Am.*, 750 F.3d at 1374 (quoting *Seltzer*, 725 F.3d at 1177).  While this language may have been appropriate in the context of a judicial opinion written for lawyers, it may tend to confuse the jury in view of the preceding sentence.  In that preceding sentence, the Court correctly instructs the jury, consistent with *Seltzer*, that a work may be transformative "where the copyrighted elements remain unchanged from the original, [and] a defendant uses them in a different context such that the original work is transformed into a new creation."  *See Seltzer*, 725 F.3d at 1177 (describing transformative works as ones in which new expressive content is apparent "even where . . . the allegedly infringing work makes few physical changes to the original or fails to comment on the original").  The jurors may find it difficult to reconcile a sentence telling them that a use may be transformative even if the copyrighted elements may remain unchanged with one saying that a use is not transformative if there is "no alteration to the expressive content or message of the original work."

As the Court knows, the Ninth Circuit in *Seltzer* engaged in a review of numerous fair use decisions—both its own and those of other courts—to try to "navigate these treacherous waters" of fair use and synthesize the "plethora of cases . . . elucidating (or obfuscating) the meaning of transformation," which the Court recognized was an "often highly contentious topic."  *Id.* at 1176.  The *Seltzer* Court began with "the most definitive formulation of the test": the Supreme Court's statement in *Campbell*, 510 U.S. at 579, which the Court quotes as the first sentence in its Instruction regarding transformativeness, i.e., "A use is transformative if it adds something new, with a further purpose or different character, altering the first with new expression, meaning, or

1

message." Instruction at 3:20-22. Finding Green Day's use of Seltzer's drawing to be transformative, the *Seltzer* Court concluded that although the case law was "splintered," the use in a "typical 'non-transformative' case" is "one which makes no alteration to the *expressive content or message* of the original work," whereas a work "is typically viewed as transformative *as long as new expressive content or message is apparent*." *Seltzer*, 725 F.3d at 1177 (first emphasis in original; second emphasis added). This last phrase was the sentence immediately preceding the *Seltzer* Court's recognition that a use may be transformative even where there are "few physical changes to the original." *Id.* The *Seltzer* Court's analysis, therefore, focused *equally* on (1) whether "new expressive content or message" in the new work "is apparent" (typically transformative) and (2) the absence of "alteration to the expressive content or message of the original" (typically not transformative).

Google requests that this portion of the Instruction be revised to either remove the "no alteration" sentence entirely or include both halves of the Ninth Circuit's analysis for balance (i.e., include the "new expressive meaning or content is apparent" language), and to make clear that the relevant issue on "no alteration" is with respect to the expressive content or message of the *entire* original work *as a whole*—not just the portions used. *See* ECF No. 1743 at 6:2–6:15.

### II.     "may be recast, transformed, or adapted"

In the Court's discussion of the definition of "derivative work" for purposes of the fourth factor, the Court includes as a derivative work "any other form in which a work may be recast, *transformed* or adapted." Instruction 7:2-3 (emphasis added). Google recognizes that this language is a direct quote from the statutory definition of "derivative work"—but the courts have recognized that, with the post-1976 Act development of transformativeness as a critical consideration in fair use analysis, this word can cause mischief and confusion.

The clearest recognition of this potential confusion has been by the Second Circuit, in a decision that the Ninth Circuit has cited on another issue. *See Monge*, 688 F.3d at 1181. In *Castle Rock Entertainment, Inc. v. Carol Publ. Group, Inc.*, 150 F.3d 132, 143 (2d Cir. 1998), the Court stated: "we note a potential source of confusion in our copyright jurisprudence over the use of the term 'transformative.'" After quoting the definition of derivative work, the Court said:

> Although derivative works that are subject to the author's copyright transform an original work into a new mode of presentation, ***such works — unlike works of fair use — take expression for purposes that are not "transformative."***

*Id.* (emphasis added). As the *Castle Rock* Court further noted, there is much conflicting jurisprudence whether the tests for infringement and for whether a work is a derivative work are the same in some cases. *See id.* at 143n.9. There is no reason to even consider that separate, thorny conflict in this case—but the *Castle Rock* Court's admonition about the possibility of confusion regarding use of the term "transformed" in this different context is very relevant. Google respectfully submits that there is no need to include that specific word in the "derivative work" definition, and requests that it be removed to prevent unnecessary confusion of our jurors. *See* ECF No. 1703 at 54-55 (Google Instruction No. 18).

### III.     "without notice to anyone"

The language at page 2, line 26 of the Instruction tells the jury that someone making a fair use may do so "without notice to anyone." Google continues to believe that it would be appropriate to either remove the "without notice" language or replace it with "without the payment of any money to the copyright owner." *See* ECF No. 1743 at 10:25-10:27 (Google Response); ECF No. 1704 at 3:11-14 (Google Brief). There are no issues of "notice" in this case, and Oracle does not complain about any lack of notice; it complains only that it has received no money from Google's use. Oracle has also not opposed this proposed change in its past critiques. Google requests that the Instruction be revised to properly reflect this relevant issue.

### IV.     Google's prior critiques

Google rests on and reasserts its prior critiques regarding: (1) the inclusion of the language regarding the ***"propriety of the accused infringer's conduct,"*** *see* ECF No. 1743 at 1:11-4:16; ECF No. 1776 at 7:19-8:1; (2) the failure to include the ***"reasonable copyright owner"*** and ***"custom"*** language, *see* ECF No. 1776 at 2:1-4:7; (3) the failure to include an adequate definition of derivative work that reflects that a derivative work must be ***"based in whole or in substantial part"*** on a prior work, *see* ECF No. 1704 at 10:2-20; ECF No. 1743 at 6:21-9:7; ECF No. 1776 at 6:9-6:16; and (4) the failure to include language regarding whether a new work ***"adds value"*** or is ***"productive."*** *See* ECF No. 1678 at 2:11-27; ECF No. 1743 at 10:19-21.

1
2  DATED:  May 4, 2016

                         KEKER & VAN NEST LLP

3                          By:  /s/ Robert A. Van Nest
4                             ROBERT A. VAN NEST

5                        Attorneys for Defendant
                       GOOGLE INC.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28