ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE AND OBJECTIONS TO THE COURT'S PENULTIMATE JURY INSTRUCTION ON FAIR USE (ECF NO. 1790)**<br><br>Trial: May 9, 2016 at 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

Pursuant to the Court's Order (ECF No. 1790), Oracle primarily relies on and incorporates by reference its prior critiques and briefing on the proposed instruction, *see* ECF Nos. 1527, 1663, 1679, 1703, 1707, 1744, 1777.  As per the Court's order, Oracle limits its responses to the "most critical points" without prejudice to its other responses and objections.  ECF No. 1790.

***Google's copying.***  At 2:11-13, the proposed instruction states that the "point of contention is over *declaring lines of code* for each *method* within the 37 APIs, also known as the *header lines* …." (Emphasis added.)  That is not correct.  The declaring code is not just for methods but for packages, classes, interfaces, methods, and fields.  The Federal Circuit described the SSO as "the elaborately organized taxonomy of all the names of *methods, classes, interfaces, and packages* … covering 37 packages, with over six hundred classes, with over six thousand methods."  *Oracle Am.*, 750 F.3d at 1351 (emphasis added).  The Federal Circuit's mandate is also not limited to headers.  The infringement verdict was for the "overall structure, sequence and organization" of "compilable code," ECF No. 1089, which the instructions defined to include "method names and class names, *declarations*, definitions, parameters, organization, and implementation," ECF 1018 ¶ 18 (emphasis added).  An instruction about what is at issue should refer to "declaring lines of code within the 37 Java API packages, also known as *declarations or* headers, …."

***Transformation.***  As argued previously, it is erroneous to instruct the jury that a use can be transformative if "elements remain unchanged from the original."  Instr. 3:25-26.  The Federal Circuit and Ninth Circuit have held that a use is *not* transformative if "the user 'makes no alteration to the *expressive content or message* of the original work."  750 F.3d at 1374 (quoting *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1177 (9th Cir. 2013)).  The cases Google has cited in support of transformation without changing the elements of the original, *i.e.*, *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007), and *Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003), are cases where the uses found to be fair involved substantial changes to the original.

***Bad faith.***  It is misleading and erroneous to instruct the jury that "Thus, seeking or being denied permission to use a work does not weigh against a finding of fair use."  Instr. 4:16-17.  In *Campbell v. Acuff-Rose Music, Inc.*, the Court stated that "2 Live Crew's request for permission to use the original should [not] be weighed against a finding of fair use" because "[e]ven if good

- 1 -   ORACLE'S RESPONSE TO THE COURT'S PENULTIMATE FAIR USE INSTRUCTION (ECF 1790)

faith were central to fair use, 2 Live Crew's actions do *not necessarily suggest* that they believed their version was not fair use; the offer may simply have been made in a good-faith effort to avoid this litigation." 510 U.S. 569, 585 n.18 (1994) (emphasis added).  The Court did not hold that "seeking or being denied permission" was irrelevant as a legal matter, but rather did not support fair use where the defendant's actions did not necessarily suggest they believed that they needed a license.  If 2 Live Crew thought it needed permission, sought permission, and was denied, that would have been significant.  Accordingly, the instruction should be modified to add: " Thus, seeking or being denied permission to use a work does not weigh against a finding of fair use, *unless it is evidence that the defendant believed it needed permission*."

***Factor two.***  The instruction refers to "the 37 API elements" and to just "37 APIs," which suggests that there were only 37 elements copied, when Google actually copied many thousands of elements of "the 37 Java API packages."  The Court should modify the instruction accordingly.

***Factor three.***  The effect of the instruction, which adds several additional sentences on the quantity (i.e., that copying only what is necessary favors fair use), deemphasizes the qualitative significance component of the analysis.  To combat that misimpression, the instruction should be modified to state that copying of even small amounts of the copyrighted work weighs against fair use *if* what was copied was "qualitative[ly] importan[t]."  *Harper & Row*, 471 U.S. at 569.

***Derivative work.***  Oracle requests the Court remove the instruction that "the only derivatives that count are those derived from [Java 2 Standard Edition Versions 1.4 and 5.0]," as confusing and misleading.  Instr. 7:3-5.  Google's argument on the limited scope of derivative works is based on its contention that *copyright protection* "extends only to the new material contained in the derivative work" under 17 U.S.C. § 103(b),   ECF No. 1743 at 8.  Of course when Tom Stoppard writes *Rosencrantz and Guildenstern Are Dead* containing lines from *Hamlet*, he gets no copyright protection in Shakespeare's work.  But the portion of § 103(b) that Google omits provides that the limitation Google cites only applies when the derivative and its "parent" have *different* authors.  Indeed, the Ninth Circuit has already rejected the interpretation of § 103(b) Google espouses as "too restrictive" and inapplicable when the same entity "is the author and copyright owner of [the derivative] and [the parent]."  *Apple Computer, Inc. v. Microsoft Corp.*,

35 F.3d 1435, 1447 (9th Cir. 1994); *accord DC Comics v. Towle*, 802 F.3d 1012, 1023 (9th Cir. 2015) ("[I]f a third party copies a derivative work without authorization, it infringes the original copyright owner's copyright in the underlying work to the extent the unauthorized copy of the derivative work also copies the underlying work."). For this reason, the registration of Java SE 5.0 allows Oracle to enforce the rights of Java SE 1.4/5.0's parent works. *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998) ("[B]ecause [the plaintiff] is the owner of the copyright of both the derivative and pre-existing work, the registration certificate relating to the derivative work in this circumstance will suffice to permit it to maintain an action for infringement based on defendants' infringement of the pre-existing work."); *see also W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1143 (10th Cir. 2009); 2 *Nimmer on Copyright* § 7.16[B][5][c]; *Brocade Commc'ns Sys. v. A10 Networks, Inc.*, 2013 WL 831528, at *4 (N.D. Cal. Jan. 10, 2013). Thus, Google's argument that "the jury will need to determine … whether an identified version of Java ME contains portions of Java 2 SE 1.4 or 5.0 that were new," ECF No. 1743 at 8, is false.

*Factor four.* The proposed instruction suggests that Oracle has the burden to "show[] by a preponderance of the evidence that some meaningful likelihood of future harm exists." Instr. 7:14-15. This risks confusing the jury because Google bears the ultimate burden of proof, both on fair use generally and on the fourth factor. In *Campbell*, the Supreme Court remanded in part because the defendants did not prove *that there was no market harm*. 510 U.S. at 594. "Since fair use is an affirmative defense, its proponent would have difficulty carrying the burden of demonstrating fair use *without favorable evidence about relevant markets*." *Id.* at 590 (emphasis added); *accord Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403 (9th Cir. 1997) ("Since fair use is an affirmative defense, [the defendants] must bring forward favorable evidence about relevant markets. Given their failure to submit evidence on this point … we conclude that 'it is impossible to deal with the fourth factor except by recognizing that a silent record on an important factor bearing on fair use disentitles the proponents of the defense[]' … to relief from the preliminary injunction." (quoting *Campbell*, 510 U.S. at 594)). The instruction should make clear that Google ultimately bears the burden on the fourth factor to prove no market harm to the copyrighted works and derivatives thereof and that Oracle need not prove any market harm.

| | |
|---|---|
| Dated: May 4, 2016 | Respectfully submitted, |
| | Orrick, Herrington & Sutcliffe LLP |
| | By: */s/ Lisa T. Simpson* |
| | Lisa T. Simpson |
| | Counsel for ORACLE AMERICA, INC. |