ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE OBJECTIONS TO THE DEPOSITION CLIP OF TERRENCE BARR RE: "TRANSFORMATIVE USE" THAT GOOGLE INTENDS TO USE IN ITS OPENING STATEMENT**<br><br>Trial: May 9, 2016 at 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

Oracle objects under Federal Rules of Evidence 402, 403, 602, 701, and 702 to two deposition clips that Google intends to use during its opening statement and in its presentation of evidence. Specifically, Google seeks to present to the jury testimony from former Oracle employee Terrence Barr that Android "transformed" the mobile industry as evidence that Google's copying is a transformative use under the first fair use factor. Such testimony is irrelevant and prejudicial. Transformative use has nothing to do with transforming the industry or market in which the new work competes. Rather, transformative use involves transforming the original work to alter its expression, meaning, or message. Similarly, the definition of transformative that Google supplied Mr. Barr in the deposition ("chang[ing] the status quo in a very significant way") is nowhere near the legal definition of transformative use set out by the Supreme Court, the Federal Circuit in this case, and this Court's jury instructions. Presentation of evidence assuming an irrelevant definition of transformative use not only lacks any probative value but it risks confusing and misleading the jury and substantially prejudicing Oracle. Oracle therefore objects and seeks to exclude the deposition clips under Rule 103(d) as irrelevant, without foundation, improper opinion testimony, and prejudicial.

Terrance Barr is a former employee of Oracle who, at the time of his deposition, held the position of Senior Principal Technologist and Product Manager. In that capacity, Mr. Barr was responsible for certain aspects of Oracle's Internet of Things product strategy and product management. During his deposition, on December 9, 2015, counsel for Google asked Mr. Barr a series of questions about whether certain smartphones, such as the iPhone and Android, "transformed the mobile industry." Ex. A (Barr Depo.) 137:16-18. Google seeks to play two such clips from that discussion.

**1.** Toward the end of the discussion about transforming the mobile industry, counsel for Google asked Mr. Barr if "Apple's IOS operating system [is] transformative." *Id.* at 137:25-138:1. When Mr. Barr sought clarification because "'Transformative' is a really vague term, so I'm not sure if I can answer that," *id.* at 138:3-4, counsel for Google defined transformative as follows: "In other words, did it change the status quo in a very significant way when it came out," *id.* at 138:6-7. Still discussing Apple's iOS, Mr. Barr responded: "The status quo of the

mobile industry, yes," *id.* at 138:9-10.  Google omits this entire context from its deposition designation.

      The clip that Google seeks to play immediately follows where Google's counsel defined transformative for Mr. Barr as changing the status quo in a significant way:

> Q.  Was Android transformative?
> [Oracle counsel]:  Objection to form.
> The Witness:  I think I already answered that, that I believe in some ways, yes.

*Id.* at 138:12-15.  During the tutorial, Google used this snippet to argue:  "Their own witnesses now admit that Android is transformative.  The testimony from Terrence Barr, one of their -- I think he was actually a 30(b)6: [quoting the above] …."  2/24/16 Tr. at 19:22-20:5.  (In point of fact, Mr. Barr was *not* a Rule 30(b)(6) witness.)  Google now includes that testimony in its opening statement slides (Slide 43) and in its deposition designations for trial.  Exs. A (Deposition Designations, Excerpt) & B (Google Op. Slides, Excerpt).

      This testimony is irrelevant and confusing, and the Court should not permit Google to play or otherwise display this deposition clip in its opening statement or introduce it as testimony.  Mr. Barr was not testifying about the meaning of transformative use under fair use law; rather, he was answering a question based on a definition of "transformative" that Google's counsel supplied has no foundation in the law and no relevance whatsoever to the transformative use inquiry that the jury will undertake.  This Court in its jury instructions and the Federal Circuit in its decision defined "transformative."  In every instance, transformative use involves transforming *the original work*—not the market in which the work will be sold, nor the industry in which it will compete, nor the lives of its consumers.  The Supreme Court, Federal Circuit, and this Court define transformative use as a use that "adds something new, with a further purpose or different character, altering the first [work] with new expression, meaning or message."  *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1375 (Fed. Cir. 2014) (quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994); *accord* ECF No. 1828 (Final Pre-Instr.) at 3-4 (proposing definition of transformative use).  "A use is considered transformative only where a defendant changes the plaintiff's copyrighted work or uses the plaintiff's copyrighted work in a different context such that the

1    *plaintiff's work is transformed* into a new creation." *Oracle Am.*, 750 F.3d at 1374 (emphasis

2    added) (quoting *Perfect10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1165 (9th Cir. 2007));

3    *accord* ECF No. 1828 at 3-4. "A work is not transformative where the user 'makes no alteration

4    to the *expressive content or message* of the original work.'" *Oracle Am.*, 750 F.3d at 1375 (quot-

5    ing *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1177 (9th Cir. 2013)); *accord* ECF No. 1828 at

6    3-4. Transformative use has *nothing* to do with transforming *the industry* or *the market* or (as per

7    Google's definition in the deposition) "chang[ing] the status quo." That is not what transforma-

8    tive use means in the fair use context.

9         Presenting this testimony, moreover, will confuse the issue and potentially mislead the

10    jury. Indeed, because Mr. Barr's answer assumes a definition of "transformative" that is legally

11    inapposite for purposes of fair use, his deposition clip lacks any probative value under Rule 402.

12    Moreover, Mr. Barr has no legal training, he was not provided any legally relevant definition of

13    "transformative" for fair use purposes, and his testimony is being used as expert legal opinion

14    about whether Android is transformative. His testimony therefore lacks foundation under Rule

15    602 and is being offered as improper opinion testimony under Rules 701 and 702. Finally, be-

16    cause Google plans to use Mr. Barr's testimony not only as evidence that Android is "transform-

17    ative" but also to argue that *Oracle's witnesses agree* that Android is transformative, this clip of

18    Mr. Barr's deposition is highly prejudicial. It is confusing and calculated to mislead the jury into

19    believing that Android is transformative for purposes of fair use when that is not what the testi-

20    mony says.

21         **2.** For similar reasons, Oracle objects to the following clips from Mr. Barr's deposition

22    supposedly regarding transformative use that Google plans to use in its opening and as testimony

23    during the trial. Ex. A (designations), Ex. B (Slides 42-43). Google seeks to offer the following:

> Q. Do you believe that Android transformed the mobile industry as well?
> [Oracle counsel]: Objection to form.
> The Witness: I think I answered that before. In some ways, yes.

27    Ex. B (Slide 43); Ex. A (Barr Depo.) at 137:19-23.

28

ORACLE OBJECTIONS TO THE DEPOSITION CLIP
OF TERRENCE BARR RE: TRANSFORMATIVE USE

> Q. At the time you wrote this blog post, was the mobile industry undergoing a transformation of sorts?
>
> A. In my opinion, yes.
>
> Q. And Android was an embodiment of that transformation; is that correct?
>
> A. Android was part of that transformation. It was part of that overall shift.

Ex. B (Slide 42); Ex. A (Barr Depo. at 134:11-19).

As with the snippet discussed above, these clips are confusing because each uses "transformation" in a way that is completely different from the meaning of transformative use in the context of fair use. "[T]ransform[ing] the mobile industry" and being an "embodiment of th[e] transformation" in "the mobile industry" has nothing to do with transforming Oracle's work, which is the relevant inquiry for fair use. The clips therefore provide no probative evidence. They are, however, prejudicial to Oracle because they risk confusing and misleading the jury into believing that Android is "transformative" in a way that is, in actuality, not at all relevant to fair use. The risk is especially great here where the questions posed in the clips use the term "transformative," and, if the tutorial is any indication, Google plans to use these clips to argue that Oracle's employees agree that Android is transformative for fair use purposes. This creates the real risk that the jury may place undue reliance on clips that are contrary to law and contrary to this Court's and the Federal Circuit's instructions.

Accordingly, Oracle respectfully requests that this Court sustain Oracle's objection under Rules 402, 403, 602, 701, and 702 and exclude all uses of the above-referenced deposition clips of Mr. Barr from all stages of the trial, including Google's opening statement.

Dated: May 8, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: /s/ Peter A. Bicks
Peter A. Bicks

Counsel for ORACLE AMERICA, INC.