KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:   (404) 572-4600
Facsimile:    (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiffs,<br><br>     v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE'S OBJECTION RE: INADEQUATE RULE 26(A)(1) DISCLOSURE OF STEFANO MAZZOCCHI**<br><br>Trial Date:  May 9, 2016<br>Dept:         Courtroom 8, 19th Fl.<br>Judge:        Hon. William Alsup |

## I. INTRODUCTION

Oracle never disclosed Stefano Mazzocchi in any of its Federal Rule of Civil Procedure 26(a)(1) disclosures -- not in its initial disclosures in 2011; not in the updates it served in 2012; not even in the final supplemental disclosures it made near the close of discovery in this phase of the case in 2015. Instead, Oracle proceeded through the initial trial in 2012 and an entire round of discovery for this re-trial in 2015-2016, without mentioning Mr. Mazzocchi once. Nonetheless, Oracle now wants to call Mr. Mazzocchi in an attempt to have him sponsor inadmissible evidence: an email that he sent to a listserv of the Apache Software Foundation listserv in 2008, when he had not yet become a Google employee. Despite having this email since 2011, Oracle only identified Mr. Mazzocchi shortly before this trial in 2016-- without ever amending or even seeking to amend its disclosures to name him as a person that it intended to use to support its claims or defenses. Oracle has provided no justification for this late disclosure, and allowing Oracle to amend its disclosures at this stage would be prejudicial to Google. Oracle should not be permitted to call Mr. Mazzocchi.

## II. BACKGROUND

Rule 26 requires parties to provide the name of "*each individual* likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Since 2010, Oracle has served *five* rounds of initial Rule 26(a)(1)(A) disclosures, the most recent being served on December 13, 2015. *See* Ex. 1 (Oracle's Initial Disclosures, dated Dec. 2, 2010); Ex. 2 (Oracle's Amended Initial Disclosure, dated June 3, 2011); Ex. 3 (Oracle's Second Amended Initial Disclosures, dated August 10, 2011); Ex. 4 (Oracle's Third Supplemental Initial Disclosure, dated August 27, 2015); Ex. 5 (Oracle's Fourth Supplemental Initial Disclosure, dated December 13, 2015). But, as counsel for Oracle admitted at the hearing on May 9, 2016, Mr. Mazzocchi is not listed on any of them.

Understandably, Google was surprised when, on March 21, 2016, Oracle asked Google to accept a subpoena on behalf of Mr. Mazzocchi. *See* Ex. 6 (Mazzocchi Subpoena). Mr. Mazzocchi is currently a Google Search engineer in Los Angeles and (1) has never appeared on

1  either party's Rule 26(a)(1) or Rule 26(a)(2) disclosures; (2) has never been deposed; and (3) had
2  never been mentioned by Oracle prior to his appearance on the witness list as a potential witness
3  or individual possessing relevant information.

4  Accordingly, Google did not produce any documents related to Mr. Mazzocchi or his
5  work at Google. Any documents involving Mr. Mazzocchi were produced in this case by a third-
6  party nonprofit organization, Apache Software Foundation on May 13, 2011 in response to a
7  subpoena Oracle served on the Apache Software Foundation on April 29, 2011. Ex. 7 (Oracle's
8  Subpoena to Apache Software Foundation).

9  Oracle agrees that it never individually disclosed Mr. Mazzocchi. Instead, this morning,
10 Oracle sought to rely on *Google's* initial 26(a)(1) disclosure of "employees and/or former
11 employees of companies or organizations that may have licensed, bought, used, tested, or
12 considered using the subject matter of the Patents-in-suit or Java, that may have made statements
13 pertaining to the Patents in suit  or Java, or may have had communications with Plaintiff relating
14 to the Patents-in-Suit or Java, including but not limited to: Apache Software Foundation. . . ." Ex.
15 8 (Google's Initial Rule 26(a)(1)(A) Disclosure, dated December 2, 2010).  After some discovery,
16 Google later amended that disclosure to list Geir Magnusson as the ***specific individual*** disclosed
17 for the Apache Software Foundation.  Ex. 9 (Google's Amended Rule 26(a)(1)(A) Disclosures,
18 dated July 6, 2011).  Oracle should not now be able to rely on Google's disclosure of the Apache
19 Software Foundation generally, and Mr. Magnusson specifically, to call Mr. Mazzocchi.

20 **III.    ARGUMENT**

21        **A.    Rule 26(a)(1) required Oracle to disclose Mr. Mazzocchi in its initial
               disclosures and its failure to do so should result in exclusion of Mr.
22             Mazzocchi's testimony.**

23 Catch-all disclosures of categories or groups of witnesses are insufficient to meet a party's
24 Rule 26(a)(1) obligations. For example, in *Benjamin v. B & H Educ., Inc.*, No. 13-CV-04993-
25 VC, 2015 WL 6164891 (N.D. Cal. Oct. 16, 2015), the plaintiffs "argue[d] that they identified [a
26 witness] by including a catch-all reference to 'other current and former Student–Employees of
27 Marinello Schools of Beauty' in their Rule 26 disclosure." *Id.* at *2. As the court put it, "That is
28 ridiculous." *Id.* Similarly, mere mention of a name in a deposition or interrogatory response is

2
GOOGLE'S OBJECTION RE: INADEQUATE RULE 26(a)(1) DISCLOSURE OF MAZZOCCHI
Case No.  3:10-cv-03561 WHA

1058547.02

insufficient. *Id.* The offering party must provide notice that it might rely on the witness in support of its defense; that the other party might be "generally aware of the existence of" the witness is not sufficient. *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 76 (E.D.N.Y. 2012).

Federal Rule of Civil Procedure 37 establishes the consequences for failure to comply with a party's initial disclosure obligations: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was ***substantially justified or is harmless***." Fed. R. Civ. P. 37(c)(1) (emphasis added). The "burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion under Rule 37 "is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)" even in the absence of an explicit court order to produce the information and in the absence of "a showing in the record of bad faith or willfulness." *Id*.

In determining whether to exclude evidence pursuant to Rule 37, courts consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011).

It is Oracle's burden to show that its failure to comply with Rule 26 was substantially justified or harmless. *Auto. Indus. Pension Trust Fund v. Tractor Equip. Sales, Inc.*, 73 F. Supp. 3d 1173, 1181-82 (N.D. Cal. 2014). Oracle cannot do so. Oracle had the document it wants to ask Mr. Mazzocchi about since May 13, 2011. Oracle has had *years* to identify Mr. Mazzocchi as a potential witness, yet waited until the eve of trial to inform Google that it wanted to call him. Disclosure of a new witness at this late stage "places the opposing party at a disadvantage and constitutes unfair surprise … by depriving it of an opportunity to depose the third-party

witnesses" or conduct other discovery.[1]  *B & H Educ.*, 2015 WL 6164891, at *2.

### B. Oracle never listed Mr. Mazzocchi on its Rule 26(a)(1) disclosures and its failure to do so is not justified by Google's disclosure.

Oracle's explanation for why it did not need to have disclosed Mr. Mazzocchi on its own initial disclosures is woefully inadequate.  Oracle points only to *Google's* disclosure from before the first trial of current and former "employees, officers and/or directors" of organizations that may have licenses the "patents in suit or Java," "including but not limited to: Apache Software Foundation, including but not limited to Geir Magnusson."  Ex. 9 (Google's Amended Rule 26(a)(1)(A) Disclosures, dated July 6, 2011).  Google's initial, general disclosure was refined and narrowed to specifically identify **Geir Magnusson,** and does not provide the requisite notice to Google that Oracle intended to present evidence for an altogether different person.  To be clear: this is not a situation where both parties are trying to add surprise witnesses to their list at the last moment under the guise of broad initial disclosures.  Every one of Google's trial witnesses have been *specifically identified by name in its previous disclosures.*  Oracle's failure to do the same is not justified by its belated interpretation of Google's disclosure.

Moreover, there is no reason for Google to otherwise be on notice that Oracle would try to call Mr. Mazzocchi.  Mr. Mazzocchi was not a witness in the first trial, his name was never even mentioned in a deposition, in discovery, Oracle never requested a custodial production of his documents, and he has never worked on Android.  Oracle's late disclosure should not be characterized as "harmless."

### C. The email Oracle seeks to introduce through Mr. Mazzocchi is unduly prejudicial and inadmissible hearsay.

The Court should consider the nature of the evidence Oracle seeks to introduce when deciding whether to exclude it based on late disclosures.  The sole piece of evidence on the exhibit list related to Mr. Mazzocchi, Trial Exhibit 5046, is an email that Mr. Mazzocchi wrote to the apache.org listserv in 2008.  Mr. Mazzocchi was an Apache employee at the time, not a Google employee.  Oracle obtained this third-party document through a subpoena to Apache, not

---

[1] While currently a Google employee, Oracle has made clear that it expects to ask Mr. Mazzocchi about an email sent among members of the Apache Software Foundation prior to his arrival at Google.

from Google in discovery.  Accordingly, the document is inadmissible hearsay, not a party admission by Google.

Moreover, even if the document could overcome the rule against the admission of hearsay, the document should still excluded under as being unduly prejudicial.  Fed. Rule of Evid. 403. Admitting the document would be highly confusing to the jury, which would potentially be misled into imputing Mr. Mazzocchi's beliefs in 2008 to Google, the company that became his employer only years later.  While the email is completely irrelevant as to issues of Google's conduct or knowledge in 2008, given Mr. Mazzocchi's current employment at Google, his past statements will be construed as representative of *Google's* understandings regarding the use of the declarations/SSO at issue in this case..

## IV.     CONCLUSION

Oracle's late disclosure of Mr. Mazzocchi violates Federal Rule of Civil Procedure 26(a)(1).  Oracle seeks, at the last minute, to bring Mr. Mazzocchi in to sponsor evidence that is inadmissible and unduly prejudicial.  Oracle's late disclosure is neither substantially justified nor harmless to Google, and accordingly Oracle should not be allowed to call Mr. Mazzocchi.

Dated:  May 10, 2016                                                                KEKER & VAN NEST LLP

                                                                    By:     s/ Robert A. Van Nest
                                                                            ROBERT A. VAN NEST
                                                                            CHRISTA M. ANDERSON
                                                                            DANIEL PURCELL

                                                                            Attorneys for Defendant
                                                                            GOOGLE INC.