# Exhibit 4

ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (admitted *pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (admitted *pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (admitted *pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. CV 10-03561 WHA <br><br> **ORACLE AMERICA, INC.'S THIRD SUPPLEMENTAL INITIAL DISCLOSURES** <br><br> Judge: Honorable William H. Alsup |

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and 26(e), Plaintiff Oracle America, Inc. ("Oracle") hereby provides these supplemental initial disclosures. Oracle has made a reasonable and good faith effort to make the initial disclosures herein, including providing general descriptions of documents, and identifying persons who may have knowledge of pertinent information, relating to the issues in this action. However, Oracle's investigation of its claims and defenses in this action is ongoing and Google has yet to respond to Oracle's supplemental complaint. Other potential witnesses and/or documents may be identified and become significant as discovery proceeds and as the case develops, and therefore, Oracle reserves the right to supplement these disclosures. These disclosures are intended only to supplement those previously provided pursuant to Federal Rule of Civil Procedure 26; Oracle otherwise incorporates by reference its prior initial and supplemental/amended disclosures.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT ORACLE MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES (FED. R. CIV. P. 26(a)(1)(A)(i)).

The persons Oracle believes are likely to have discoverable information that Oracle may use to support its claims and defenses are listed below. Oracle otherwise incorporates by reference its prior disclosures. Oracle also incorporates by reference all persons noticed for deposition, deposed by either Oracle or Google in this litigation, disclosed by either Oracle or Google in this litigation (including through all prior Rule 26 disclosures or witness lists), or persons who testified at trial.

| Name, Contact Information | Subject |
| --- | --- |
| Agarwal, Aditya (Contact through Google's counsel) | Google's revenue and profit projections for Android, including advertising revenues |
| Angioletti, Thomas Joseph (Contact through Oracle's counsel) | Pre-lawsuit Java-related discussions between Google and Oracle |
| Barr, Terrence (Contact through Oracle's counsel) | Java licensing and strategy |
| Brady, Patrick (Contact through Google's counsel) | Google's compatibility requirements for Android, including with respect to implementations |

- 1 - ORACLE AMERICA, INC.'S THIRD SUPPLEMENTAL INITIAL DISCLOSURES
CV 10-03561 WHA

| Name, Contact Information | Subject |
|---|---|
| Brenner, Alan (Contact through Oracle's counsel) | Java development, distribution, licensing, sales, business models and plans, negotiations with Google regarding Java and harm to the Java platform and Java licensing caused by Google and Android |
| Buchholz, Martin (Contact through Google's counsel) | Google's Java-related discussions with Sun |
| Camargo, Rafael (Contact through Google's counsel) | Google's compatibility requirements for Android, including with respect to Android devices |
| Coughran, Bill (Former Google employee) | Java license negotiations between Google and Sun |
| De Castro, Henrique (Former Google employee) | Google's mobile market and the importance of the mobile market to Google; the role of Android in Google's mobile strategy; Google's motive for copying the Java copyrighted works |
| DeSalvo, Chris (Former Google employee) | Google's need for Java; Java license negotiations between Google and Sun; facts related to Google's willful copyright infringement; facts related to Google's bad faith in using the Java copyrighted works for Android |
| Hofert, David (Contact through Oracle's counsel) | Java product and business development and plans; Java sales and market, including Java licensing and distribution; impact of Android on the actual or potential market for Java |
| Lee, Ben (Former Google employee) | Pre-lawsuit Java-related discussions between Google and Oracle; Google's awareness of Sun's and Oracle's Java intellectual property rights and the need for Google to obtain a Java license for Android; facts related to Google's willful infringement; facts related to Google's bad faith in using the Java copyrighted works for Android |
| Lee, Bob (Former Google employee) | Google's development of Android and inclusion of Java technology therein; Google's copying of the Java copyrighted works into Android and the value and importance thereof; Google's awareness of Sun's and Oracle's Java |

- 2 -

ORACLE AMERICA, INC.'S THIRD
SUPPLEMENTAL INITIAL DISCLOSURES
CV 10-03561 WHA

| Name, Contact Information | Subject |
|---|---|
|  | intellectual property rights and the need for Google to obtain a Java license for Android; Google's Java-related discussions with Sun; pre-lawsuit Java-related discussions between Google and Oracle; facts related to Google's willful copyright infringement; facts related to Google's bad faith in using the Java copyrighted works for Android |
| McFadden, Andy (Former Google employee) | Google's development of Android and inclusion of Java technology therein; the purpose of the infringing components of Android; Google's awareness of Sun's Java intellectual property rights and the need for Google to obtain a Java license for Android; Google's Java-related discussions with Sun and Oracle; facts related to Google's bad faith in using the Java copyrighted works for Android |
| McGuire, Joshua (Contact through Google's counsel) | Pre-lawsuit Java-related discussions between Google and Oracle; Google's awareness of Sun's and Oracle's Java intellectual property rights and the need for Google to obtain a Java license for Android; facts related to Google's willful copyright infringement; facts related to Google's bad faith in using the Java copyrighted works for Android |
| Morrill, Daniel (Former Google employee) | Google's decision to make Android incompatible with Java; facts relating to Android's incompatibility with Java; Google's use of Android devices for testing and other purposes; Google's development of Android applications; Google's involvement in and knowledge of development of Android devices by third parties; Google's compatibility requirements for Android; Google's awareness of Sun's Java intellectual property rights and the need for Google to obtain a Java license for Android; facts related to Google's willful copyright infringement; facts related to Google's bad faith in using the Java copyrighted works for Android |
| Pichai, Sundar (Contact through Google's | Product extensions of Android, ongoing infringement of the Java copyrighted works; |

- 3 -

| Name, Contact Information | Subject |
|---|---|
| counsel) | facts related to Google's willful copyright infringement; facts related to Google's bad faith in using the Java copyrighted works for Android; Google's revenue and profit projections for Android, including advertising revenues |
| Pichette, Patrick (Former Google employee) | Google's revenue and profit projections for Android, including advertising revenues |
| Porat, Ruth (Contact through Google's counsel) | Google's revenue and profit projections for Android, including advertising revenues |
| Reinhold, Mark (Contact through Oracle's counsel) | Java development, distribution, licensing, business models, business plans and copyrights; importance, value and quality of the Java copyrighted works that were copied by Google for Android; design and creativity associated with the Java copyrighted works |
| Ringhofer, Mike (Contact through Oracle's counsel) | Java product and business development and plans; Java sales and market, including Java licensing and distribution; impact of Android on the actual or potential market for Java |
| Saab, Georges (Contact through Oracle's counsel) | Java product and business development and plans; impact of Android on the market for Java |
| Sarboraria, Matthew (Contact through Oracle's counsel) | Pre-lawsuit Java-related discussions between Google and Oracle |
| Schulman, Eric (Contact through Google's counsel) | Pre-lawsuit Java-related discussions between Google and Oracle; Google's awareness of Sun's and Oracle's Java intellectual property rights and the need for Google to obtain a Java license for Android; facts related to Google's willful copyright infringement; facts related to Google's bad faith in using the Java copyrighted works for Android |
| Screven, Edward (Contact through Oracle's counsel) | Oracle's acquisition of Sun's intellectual property rights, including Java as part of the acquisition of Sun; importance of Java to Oracle's business; design and creativity associated with the Java copyrighted works |

| Name, Contact Information | Subject |
|---|---|
| Simion, George (Contact through Oracle's counsel) | Pre-lawsuit Java-related discussions between Google and Oracle |
| Smith, Donald (Contact through Oracle's counsel) | Java product and business development and plans; Java markets; Java licensing; impact of Android on the actual or potential markets for Java |
| Ståhl, Henrik (Contact through Oracle's counsel) | Java product and business development and plans; Java markets; Java licensing; impact of Android on the actual or potential markets for Java |
| Stein, Greg (Former Google employee) | Java compatibility and fragmentation |
| Swetland, Brian (Former Google employee) | Google's development of Android and inclusion of Java technology therein; Google's copying of Java copyrighted works into Android; Google's awareness of Sun's Java intellectual property rights and the need for Google to obtain a Java license for Android; the benefits associated with Java and Google's lack of alternatives; Google's Java-related discussions with Sun and Oracle; past negotiations with Sun for Java license (including while at Danger Inc.); facts related to Google's willful copyright infringement; facts related to Google's bad faith in using the Java copyrighted works for Android |
| Wall, Dick (Former Google employee) | Android development, marketing and distribution |
| Wayne, Mark (Contact through Oracle's counsel) | Java licensing |
| Wilson, Jesse (Contact through Google's counsel) | Android development |
| Zavery, Amit (Contact through Oracle's counsel) | Importance of Java to Oracle's business; harm caused by Android |

II.     DOCUMENTS (FED. R. CIV. P. 26(a)(1)(A)(ii)).

Oracle discloses and describes by category the following documents, electronically-stored

information, data compilations and tangible things that are or may be in the possession, custody or control of Oracle that Oracle currently and reasonably believes it may use to support its claims or defenses. Oracle otherwise incorporates by reference its prior disclosures.

1. Documents evidencing Google's knowledge of its need to license Java for its use of Java copyrighted works in Android.

2. Documents evidencing Google's knowledge or reckless disregard of its infringement of the Java copyrighted works.

3. Documents evidencing Google's bad faith in using the Java copyrighted works for Android.

4. Documents evidencing harm to the market for the Java copyrighted works.

5. Documents showing the commercial purpose of Google's use of the Java copyrighted works in Android.

6. Documents relating to the nature of the copyrighted work, including, but not limited to, the creativity associated with the Java copyrighted works.

7. Documents evidencing the quantity of Java copyrighted works copied by Google.

8. Documents evidencing the quality and importance of the Java copyrighted works copied by Google.

9. Documents evidencing the potential and actual market associated with the Java copyrighted works.

10. Documents concerning harm to the potential market for the Java copyrighted works.

11. Documents relating to Google's argument that its use of the Java copyrighted works was transformative.

12. Documents relating to each type and category of damages and remedies to which Oracle is entitled, including, but not limited to, license fees, revenue from and profitability of Java and related Oracle businesses, Oracle's actual damages resulting from Google's infringement, and Google's revenue from Android and/or any other product or service licensed or sold with Android (to the extent any such documents are in Oracle's possession).

1    13.    Documents relating to Oracle's and Google's business models for Java and
2    Android.
3    14.    Documents relating to Google's decision to make Android incompatible with Java
4    and Android's incompatibility with Java.
5    15.    Documents evidencing Google's awareness that Java goes beyond being a
6    programming language and encompasses licensed works (including the Java copyrighted works),
7    an entire platform, and a development community and ecosystem.

The above documents are maintained primarily at one or more Oracle locations in California (Santa Clara and Redwood Shores) and Broomfield, Colorado, depending on the location of the various individuals above.  Oracle has otherwise produced documents and will continue to produce documents (pursuant to Federal Rule of Civil Procedure 26(e)) that Oracle reasonably believes it may use to support its claims or defenses.

### III.    INITIAL DISCLOSURES REGARDING COMPUTATION OF DAMAGES (FED. R. CIV. P. 26(a)(1)(A)(iii)).

Oracle hereby incorporates its prior responses in its initial disclosures (Dec. 2, 2010) and prior supplemental/amended disclosures (June 3, 2011 and Aug. 10, 2011).  As set forth in those responses, Oracle seeks all remedies available under the Copyright Act, including actual damages and disgorgement of Google's profits attributable to the infringement of Oracle's Java copyrighted works (17 U.S.C. § 504(b)).  At a minimum, Oracle is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).  Oracle also will seek costs and attorneys' fees pursuant to 17 U.S.C. § 505.  Documents required for the calculation of a remedy in this case, particularly Google's revenue from its infringement, have yet to be produced in full.  Specifically, discovery is needed on the extent of the profits attributable to the infringement, both since the last trial relating to Android's use on handheld devices but also including revenue attributable to non-handheld Android devices such as Android Wear, Android TV, Android Auto, Google Play and other Android devices.  In addition, expert reports for parties with the burden of proof are not due to be served until December 4, 2015.  For these reasons, Oracle will supplement this response after the requested discovery is produced and expert reports are exchanged.

- 7 -    ORACLE AMERICA, INC.'S THIRD
SUPPLEMENTAL INITIAL DISCLOSURES
CV 10-03561 WHA

**IV.  INITIAL DISCLOSURES REGARDING INSURANCE (FED. R. CIV. P. 26(a)(1)(A)(iv)).**

Oracle is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment.

Dated: August 27, 2015

KAREN G. JOHNSON-MCKEWAN
ANNETTE L. HURST
GABRIEL M. RAMSEY
PETER A. BICKS
LISA T. SIMPSON
Orrick, Herrington & Sutcliffe LLP

By:  */s/ Lisa T. Simpson*
    LISA T. SIMPSON

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within-entitled action. My business address is Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, New York 10019. On August 27, 2015, I served the following document(s):

**ORACLE AMERICA, INC.'S THIRD SUPPLEMENTAL INITIAL DISCLOSURES**

on the interested parties in this action by electronic service [Fed. Rule Civ. Proc. 5(b)] by electronically mailing a true and correct copy, pursuant to counsel's email dated August 24, 2015, to the following listserv:

DALVIK-KVN@kvn.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 27, 2015, at New York City, New York.

*/s/ Ilene Albala*
Ilene Albala