ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br>**ORACLE'S BRIEF RE ADMISSIBILITY OF MAZZOCCHI EMAIL**<br><br>Trial: May 9, 2016 at 8:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

# INTRODUCTION

Current Google employee Stefano Mazzocchi served as the Director of the Apache Software Foundation ("Apache" or "ASF") from May 2004 to September 2006 and has been a member of Apache for over sixteen years. After Mr. Mazzocchi left Apache, he came to Google as a software engineer in July 2010, just a month before Oracle filed this suit. Mr. Mazzocchi remains an employee of Google, currently working for Google in California in the Los Angeles area. Oracle identified Mr. Mazzocchi as a trial witness on March 21, 2016 by serving counsel for Google with a trial subpoena that both he and Google have refused to comply with.

On April 17, 2008, Mr. Mazzocchi sent an email to the email list serve "members@apache.org" which provides in pertinent part:

> [T]he copyright on the [Sun Java] API is real and hard to ignore. Simply by implementing a class with the same signature of another, in another namespace and simply by looking at available javadocs could be considered copyright infringement, even if the implementation is clean room. So, we are, in fact, infringing on the [Sun] copyright if we distribute something that has not passed the TCK and *we know that.* This makes us *already* doing illegal things (in fact, Android using Harmony code is illegal as well).

Decl. of Robert L. Uriarte ("Uriarte Decl.") Ex. 1 (TX 5046). Apache produced Mr. Mazzocchi's April 17, 2008 email to Oracle and Google in June 2011 in response to a subpoena, and Google subsequently affixed bates number ASF-GOOGLE-00001393 to the document ("Mazzocchi Email") and re-produced it to Oracle on July 29, 2011. Uriarte Decl., Ex. 3 (Google production letter). The Mazzocchi Email will directly rebut Google's false "industry custom" narrative, which Google has made the centerpiece of its case. While Google has retained witnesses (Drs. Cattell and Astrachan and Mr. Simon Phipps) to opine about their subjective, unsupported views that the "industry custom" was unlicensed copying of the Java APIs, Oracle intends to rebut this line of argument with contemporaneous documentary evidence showing the then-existing state of mind of an industry participant, Mr. Mazzocchi, who worked as a "mentor" to the Apache Harmony project. *See* http://incubator.apache.org/projects/harmony.html.

There is no good faith dispute about the authenticity of the Mazzocchi Email; Google is, however, searching for ways to keep this important evidence from the jury. The email was produced by Google in the course of the litigation and is offered for a non-hearsay purpose. The

only question is *how*—not if—the Mazzocchi Email should be admitted at trial. Given the time constraints of the first phase of trial, Oracle attempted to reach a compromise with Google that would avoid the need to call witnesses merely for authentication purposes. Google refused.

Instead, Google now argues that Mr. Mazzocchi, who is under trial subpoena, should not even be *permitted* to testify, even merely as an authentication witness, because he was not listed on Oracle's Rule 26(a)(1) disclosures. Google's Rule 26(a)(1) discovery argument is a red herring. Courts routinely permit testimony of pure authentication witnesses whether or not they have been disclosed by name during discovery. Moreover, the Mazzocchi Email can be self-authenticated and admitted even absent Mr. Mazzocchi's testimony. Oracle therefore requests that the Court now admit into evidence the Mazzocchi Email (TX 5046), thereby obviating the need for Mr. Mazzocchi to be called as a witness simply to authenticate the document.

Finally, it bears noting that Google cannot claim a lack of notice of prejudice; rather, the prejudice lies with Oracle if Google is somehow able to keep this evidence away from the jury. Not only did Google produce this document to Oracle nearly five years ago, but Google disclosed Mr. Mazzocchi as one of its potential witnesses, albeit not by name. Google disclosed as its potential witnesses "former employees, officers and/or directors of … [the] Apache Software Foundation." Having served that disclosure, Google cannot now be heard to complain that its own disclosure was inadequate. If that was so, Google should not have served it. In any event, Google was under an obligation under Rule 26(a)(1) to disclose Mr. Mazzocchi by name, since Mr. Mazzocchi appears to have critical information about the centerpiece argument of Google's case. Google not only was aware of Mr. Mazzocchi, but actually employed him, throughout this litigation. It is hypocrisy in the extreme to complain about Oracle's disclosure of Mr. Mazzocchi when, at best, Google's argument boils down it took Oracle too long to find a witness that Google should have disclosed itself.

**I.    THE MAZZOCCHI EMAIL IS AUTHENTIC AND ADMISSIBLE**

The Mazzocchi Email is relevant to rebut Google's custom argument and is admissible for the non-hearsay purpose of showing the *state of mind* of a participant in the industry (Mr. Mazzocchi) about the legality of Apache's and Android's copying of Sun's Java APIs, without

respect to the truth of the matter asserted. Fed. R. Evid. 803(3) (statement of then-existing state of mind not excluded by hearsay rule); *Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1053 (9th Cir. 2013) ("The statements were offered to show his state of mind at the time of the conversation, thus satisfying any contemporaneity requirement."). As Oracle has explained previously, a "custom" requires a practice "of such general and universal application that [a party] may be conclusively presumed to know the custom." *Miller v. Germain Seed & Plant Co.*, 193 Cal. 62, 69, 222 P. 817, 819 (1924) (*quoted by* ECF No. 1785 (Oracle Resp. to Google Proffer)); *see also* ECF No. 1744 (Oracle Resp. to Court's Modified Instr.) at 9-10 & n.3 (collecting cases). Google will argue that it was generally accepted custom in the industry to copy the Java APIs without permission, and the Mazzocchi Email shows that the very foundation Google points to as the shining example of its custom argument *believed* that what Google was doing with Android was "illegal." The state of mind of the author of the Mazzocchi Email is therefore highly probative and can and should be admitted for its non-hearsay purpose. Thus, the only outstanding issue is authentication, which we turn to now.

"The foundational requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (citations omitted). "A proper foundation need not be established through personal knowledge, but may rest on any manner permitted by Federal Rule of Evidence 901(b) or 902." *Davies v. L.A. Cnty. Bd. of Supervisors,* 2016 U.S. Dist. LEXIS 47325, at *6-7 n. 3 (C.D. Cal. Apr. 6, 2016). "Documents that are produced in response to discovery requests and that contain certain indicia of reliability" can satisfy Rule 901(b)(4) where the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" indicate that the document is what the proponent claims it to be. *Id*. This is so even where the documents produced in discovery originated with third parties. *MGM Studios, Inc. v. Grokster, Ltd*., 454 F. Supp. 2d 966, 972-973 (C.D. Cal. 2006) ("Since KVO and Timberline were StreamCast's business partners … there is no reason to doubt the authenticity of documents they produced").

The Mazzocchi Email bears sufficient indicia of reliability to permit a jury to conclude

1  that it is a true and correct copy of an email from Stefano Mazzocchi to his colleagues at Apache.

2  *First*, the email indicates on its face that it was sent from the email address "stefano@apache.org"

3  to the email list "members@apache.org."  This facial indicia of authenticity, combined with the

4  fact that the document was produced by Apache itself in response to a subpoena, is sufficient to

5  satisfy Rule 901's authenticity threshold.  *See United States v. Masters*, 613 Fed. Appx. 618, 620-

6  621 (9th Cir. 2015) (chat log properly authenticated because "reasonable juror could conclude

7  that the user 'Veovis' was Ryan Masters from the multiple references made to Masters and his

8  email account, veovis@gmail.com, throughout the chat log").

9      *Second*, because Google itself affixed its own bates number to the Mazzocchi Email and

10  produced it as evidence in this case, Google has no reasonable basis to argue that the document is

11  not an authentic document produced to it by Apache.  *See Del Campo v. Am. Corr. Counseling*

12  *Serv., Inc*., 718 F. Supp. 2d 1116, 1123 n. 10 (N.D. Cal. 2010) ("Since Defendants do not specify

13  any reason to doubt the authenticity of documents that they themselves produced in discovery, the

14  Court finds the documents properly authenticated under Fed. R. Evid. 901.").

15      *Third*, as set forth in Oracle's supporting documents, metadata that accompanied produc-

16  tion of the Mazzocchi Email further supports that the document is what it obviously appears to be.

17  Uriarte Decl., Ex. 12.  Specifically, the metadata *that Google provided to Oracle* when it pro-

18  duced the Mazzocchi Email on July 29, 2011 includes data fields for the sender, recipient, date,

19  and custodian of the email.  *Id*.  The metadata associated with the Mazzocchi email is sufficient to

20  establish that the document is a an email from Mr. Mazzocchi to "members@apache.org" that

21  was produced from Apache's files.  *Id*.

22      *Finally*, although Google repeatedly rejected Oracle's requests for a stipulation regarding

23  the authenticity of the Mazzocchi email, it never once raised any argument about authenticity.

24  *MGM Studios,* 454 F. Supp. 2d at 972-973 (admitting documents "given the lack of any argument

25  the documents are inauthentic").

26  **II.   GOOGLE'S DISCOVERY ARGUMENT IS WRONG**

27      Google aims to keep the Mazzocchi Email from the jury by preventing Mr. Mazzocchi

28  from testifying as an authenticating witness.  As Oracle has repeatedly informed Google,

authentication is the sole reason that Oracle would call Mr. Mazzocchi. Google's Rule 26(a)(1) disclosure argument is factually wrong, legally erroneous, and ultimately irrelevant because the Mazzocchi Email can be authenticated without Mazzocchi's live testimony.

**A.** As a factual matter, Mr. Mazzocchi *is* disclosed generally rather than by name in both parties respective Rule 26(a)(1) disclosures. Google has provided blanket Rule 26(a)(1) disclosures throughout the prolonged history of this case. Uriarte Decl. Exs. 13 & 15. On October 31, 2011 Google disclosed

> Employees, officers and/or directors and/or *former employees, officers and/or directors* of companies or *organizations that may have licensed*, bought, *used*, tested or *considered using* the subject matter of the Patents-in-suit or *Java*, *that may have made statements pertaining to* the Patents-in-suit or *Java*, or may have had communications with Plaintiff relating to the Patents-in-Suit or Java, *including* but not limited to: *Apache Software Foundation* ….

Uriarte Decl. Ex. 13 (emphasis added). Oracle, in turn, "incorporate[d] by reference all persons … disclosed by either Oracle or Google in this litigation (including through all prior Rule 26 disclosures or witness lists)." Uriarte Decl. Ex. 16.[1] Having drafted the Apache disclosure, Google cannot now be heard to say that it is inadequate and that Oracle cannot rely on it. Google's own disclosure identified former directors of Apache, such as Mr. Mazzocchi, as potential witnesses. Google cannot possibly claim prejudice from its own disclosure being used against it. If Google believes that its own disclosure was inadequate, then Google should not have made it. Even were the Court to conclude that Google's disclosure would have been insufficient to put another party on notice, Google should be held to account for its own disclosure, which included officers and directors of Apache, such as Mr. Mazzocchi.

Moreover, to the extent that Google argues that its disclosures do not disclose Mr. Mazzocchi, that creates yet another problem for Google. Given Google's arguments in this case, and in particular its reliance on Apache Harmony, Google was obligated to disclose the existence of Mr. Mazzocchi to Oracle as an individual with discoverable information—especially after Mr. Mazzocchi was hired by and became an employee of Google in 2011. Since Mr. Mazzocchi began working at Google, Google has served four initial disclosures without identifying Mr.

---

[1] Google likewise incorporated all of Oracle's Rule 26(a)(1) disclosures. Uriarte Decl., Ex. 13.

1   Mazzocchi by name. That Oracle found Mr. Mazzocchi on its own, without a disclosure by
2   Google of its own employee with probative information on the key argument Google is present-
3   ing in this litigation, is a reason to permit Mr. Mazzocchi's testimony, not a reason to exclude him
4   because Google failed to satisfy its disclosure obligations. In short, Google's failure to properly
5   disclose Mr. Mazzocchi should not be held against Oracle.

6   Separate and apart from Google's disclosures, Mr. Mazzocchi is also plainly encompassed
7   in Oracle's Rule 26(a)(1) disclosure. Specifically, Oracle identified "custodians of documents by
8   any party in response to discovery requests or by third party in response to a subpoena in this ac-
9   tion." Uriarte Decl. Ex. 14. Mr. Mazzocchi falls within that disclosure because, as the face of the
10  email indicates, he is a custodian of the document.

11  **B.**  Even accepting, *arguendo*, Google's argument that Mr. Mazzocchi is an "undisclosed"
12  witness, the Federal Rules of Civil Procedure do not require Mr. Mazzocchi's exclusion as a
13  purely foundational witness. Undisclosed evidence should not be excluded "if the parties' failure
14  to disclose the required information is substantially justified or harmless." *Yeti by Molly Ltd. v.*
15  *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Courts routinely permit pure
16  authentication testimony from witnesses who were not disclosed in Rule 26(a)(1) disclosures
17  because pure authentication testimony is harmless. *See, e.g., Universal Elecs., Inc. v. Universal*
18  *Remote Control, Inc.*, 2014 U.S. Dist. LEXIS 182755, *12 (C.D. Cal. Apr. 21, 2014) (denying
19  motion in limine to exclude undisclosed witnesses offered solely to authenticate business
20  records); *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, 2013 U.S. Dist. LEXIS 101428, *5-7 (E.D.
21  Cal. July 18, 2013) ("As there remains time for Plaintiffs to review the documents that Ms.
22  Richards will authenticate, Plaintiffs have adequate time to cure any prejudice that will arise from
23  modifying the pretrial order to include Ms. Richards as a witness"); *Am. Gen. Life Ins. Co. v.*
24  *Vistana Condo. Owners Ass'n*, 2016 U.S. Dist. LEXIS 54141, *9 (D. Nev. Apr. 21, 2016) (citing
25  *Lam v. City & Cty. of San Francisco*, 565 F. App'x 641, 643 (9th Cir. 2014), for the proposition
26  that non-disclosure of authentication witnesses was harmless); *Beauperthuy v. 24 Hour Fitness*
27  *USA, Inc.*, 772 F. Supp. 2d 1111, 1120 (N.D. Cal. 2011) ("Soriano's declaration merely
28  authenticates payroll records and W-2 forms that Plaintiffs already knew existed … failure to

1  disclose Soriano is harmless and striking his testimony is thus not warranted under [Rule]
2  37(c)(1)").

3  Google cannot claim any surprise or prejudice here.  Google produced the Mazzocchi
4  Email to Oracle in 2011 after Apache provided the email to both parties in response to Oracle's
5  subpoena.  Moreover, as Mr. Mazzocchi is Google's employee, Google has had ample opportun-
6  ity to discuss the Mazzocchi Email with him during the seven intervening weeks between the date
7  of Oracle's trial subpoena to Mazzocchi and commencement of trial.  *See Howard v. Gap, Inc.*,
8  No. C 06-6773-WHA, 2009 U.S. Dist. LEXIS 105196, at * 20 (N.D. Cal. Oct. 29, 2009)
9  (although plaintiff "vaguely identified 'all employees of Gap Inc. Stores' and 'co-workers and
10 managers' as persons with knowledge…this was harmless.  Gap was in possession of the contact
11 information in its own disclosures" for its own employees) (citing *Yeti*, 259 F.3d at 1106).
12 Indeed, during the pretrial conference, Google stated point blank that it didn't need to depose Mr.
13 Mazzocchi:

> [GOOGLE'S COUNSEL] MR. KWUN:  There is another witness from the Apache Foundation that they have named that was never disclosed in any prior Rule 26 disclosures.
> …
> THE COURT:  Here is what I think you should do…whenever [Phipps] shows up, [Oracle] get[s] a two-hour deposition…but that's on the condition that [Oracle] helps [Google] take a two-hour deposition of the witness they want to take.
>
> MS. HURST:  That's fine with us, Your Honor.  The other witness is their employee so it shouldn't be a problem.
>
> THE COURT: Well, they don't need a deposition then.  They can just interview him; right?
> …
> THE COURT:  …if there is somebody you do want to depose, maybe you should take advantage of the opportunity.
>
> MR. VAN NEST: **We don't need that, Your Honor**.

4/27/16 Tr. at 89:23-92:5 (emphasis added).  Google will not be prejudiced in any way by Mr.
Mazzocchi's authentication testimony.

**C.**  If it must call Mr. Mazzocchi, Oracle intends to only ask him a few brief questions
necessary to authenticate his email.  Oracle would not have needed to subpoena Mr. Mazzocchi at
all if Google would have simply stipulated to the authenticity of the Mazzocchi Email.  *Universal*

- 7 -   ORACLE'S BRIEF RE MAZZOCCHI EMAIL

1 *Elecs.,* 2014 U.S. Dist. LEXIS 182755, \*12 ("Defendant seeks to use these witnesses only to
2 authenticate business records, and does not even plan to call them if Plaintiff stipulates to auth-
3 enticity. Under the circumstances here, and encouraging stipulation, the Court will permit Defen-
4 dant to call these witnesses"). Google should stipulate to the authenticity of the Mazzocchi
5 Email, but if Google will not, the Court should find that sufficient foundation has been laid for the
6 document and deem the Mazzocchi Email admitted. *See* Uriarte Decl., Exs. 1-12. At a
7 minimum, Oracle should be able to call Mr. Mazzocchi to the stand for the limited purpose of
8 authenticating the document.

### III. GOOGLE'S RULE 26 DISCLOSURE ISSUES

10 The Court asked the parties on May 9, 2016 to inform the Court of "every instance in
11 which Google has gotten away with" Rule 26(a) disclosure issues. Oracle notes that all of
12 Google's Rule 26(a)(1) disclosures in this case have included "group disclosures." Uriarte Decl.,
13 Exs. 13 & 15. During this phase of the case, Google included an entry on its disclosure that
14 provides: "Any witnesses listed on Oracle's past, current, or future Rule 26 disclosures, trial
15 witness disclosures, or any other disclosures that have been or will be served by Oracle, and any
16 witness who has been or will be deposed in this matter." Uriarte Decl., Ex. 15. And during the
17 last phase, Google included entries in its Rule 26(a) disclosures for (i) "Current and/or former
18 employees and/or agents of Plaintiff, Plaintiff's predecessor(s) and associated businesses, or
19 entities closely held or controlled by Plaintiff," (ii) "Current and former officers, directors, share-
20 holders of, and investors in Plaintiff and other entities with ownership interest in Plaintiff;" (iii)
21 "Employees, officers and/or directors and/or former employees, officers and/or directors of com-
22 panies or organizations that may have licensed, bought, used, tested, or considered using the
23 subject matter of the Patents-in-suit or Java … including but not limited to: Apache Software
24 Foundation;" (iv) "All past and present members of the Java Community Process Executive
25 Committee;" (v) "Employees and former employees of member organizations of the Open
26 Handset Alliance," (vi) "Employees and former employees of Sun or Oracle America;" and (vii)
27 "Individuals identified as custodians of documents by any party in response to discovery requests
28 or by third party in response to a subpoena in this action." Uriarte Decl., Ex. 13. This is not an

exhaustive list of Google's group disclosures in this case. *See id.*

Google also has serious problems with its expert disclosures. Google did not serve *any* Rule 26(a)(2)(C) disclosures during this phase of the case, which is why Mr. Bloch's testimony has been limited to only percipient fact testimony. 2016 Trial Tr. 225, 238-242. And, as Oracle will explain in Oracle's Reply to its Motion *in Limine* re Dr. Cattell, Google is improperly seeking to offer technical expert testimony on issues outside the scope of his expert report.

In addition, as the Court is already aware, Google has recently relied on insufficient Rule 26(a) disclosures. For example, as discussed at the Final Pretrial Conference, Google seeks to call Mr. Simon Phipps to testify on issues well outside Google's disclosures. Rather than precluding Mr. Phipps' testimony based on an inadequate Rule 26(a)(1) disclosure, the Court ordered Mr. Phipps to sit for a two-hour deposition, which occurred just two days before the commencement of trial.[2]

### IV.  MR. MAZZOCCHI'S DEFIANCE OF THE SUBPOENA IS UNJUSTIFIABLE

Finally, Oracle must bring to the Court's attention that Google and Mr. Mazzocchi are presently refusing to comply with a duly issued trial subpoena that Oracle served on Mr. Mazzocchi on March 21, 2016.[3] Google had notice of Mr. Mazzocchi's subpoena at all times relevant, yet neither Mr. Mazzocchi nor Google took any steps to seek relief from the subpoena from this Court. Instead, a few days before trial began, Google's counsel told Oracle's counsel that Mr. Mazzocchi would disobey the subpoena. That is not how Rule 45 works.

Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court. *Martinez v. City of Pittsburg*, 2012 U.S. Dist. LEXIS 27230, *8 (N.D. Cal. Mar. 1, 2012). "A nonparty served with a subpoena has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule

---

[2] Oracle has since raised other bases to exclude Mr. Phipps' testimony (including under Fed. R. Evid. 402, 403, 602, 701, and 702), ECF No. 1852, that are not premised on Google's insufficient initial disclosures.

[3] Mr. Mazzocchi is located outside the district, but in the state, and thus must comply with the subpoena under Rule 45 unless doing so would create a substantial hardship. Neither Mr. Mazzocchi nor Google has raised any such issue.

45(c)(3)." *Stipp v. CML-NV One, LLC (In re Plise),* 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014). "A nonparty's failure to timely make objections to a Rule 45 subpoena … generally requires the court to find that any objections have been waived." *Rich v. Kirkland*, 2015 U.S. Dist. LEXIS 154028, *7 (C.D. Cal. Nov. 13, 2015).

Rule 45(e) allows a court to "hold in contempt a [non-party] who, having been served, fails without adequate notice to obey the subpoena." *Martinez*, 2012 U.S. Dist. LEXIS 27230, at *8. Similarly, courts have sanctioned parties who improperly advised the subject of the subpoena not to comply. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 290 (N.D. Cal. 2015) (citing *Fox Indus., Inc. v. Gurovich*, 2006 U.S. Dist. LEXIS 73035, 2006 WL 2882580, at *2 (E.D.N.Y. Oct. 6, 2006) (exercising its inherent authority to sanction defendant for sending third party subpoena subjects letters advising them not to comply with plaintiff's subpoenas); *Robbins & Myers, Inc. v. J.M. Huber Corp.,* 2011 U.S. Dist. LEXIS 85195, 2011 WL 3359998, at *3 (W.D.N.Y. Aug. 3, 2011) (awarding sanctions where "but for [plaintiff counsel's erroneous] advice to [subpoena subject] that Defendant's subpoena should be dishonored[, subject] would have timely complied without the necessity of the instant motion to compel").

Regardless of the merits of their position, neither Mr. Mazzocchi nor Google was at liberty to disregard or interfere with the Court's process. Both Google and Mr. Mazzocchi had ample time to seek a compromise solution for authenticating the Mazzocchi Email, to move to quash Oracle's trial subpoena, to move *in limine*, or to seek other relief from the Court. Instead, they did nothing for seven weeks in hopes of derailing Oracle's presentation of its case on the eve of trial and keeping critical evidence from the jury. Such self-help tactics are not permissible and should not be countenanced.

**CONCLUSION**

For the reasons stated, Oracle respectfully submits that the Court should deem the Mazzocchi Email authenticated and admit it into evidence. At a minimum, the Court should overrule Google's objection to Mr. Mazzocchi's appearance as a pure authentication witness, preclude Google from interfering with the Oracle's trial subpoena, and order Mr. Mazzocchi's appearance in this Court to testify as a pure authentication witness in this matter.

1 | Dated: May 10, 2016 | Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Peter A. Bicks*
    Peter A. Bicks

Counsel for ORACLE AMERICA, INC.