# Exhibit 4

MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA  94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway
Redwood City, CA  94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>     Plaintiff,<br><br>     v.<br><br>GOOGLE, INC.<br><br>     Defendant. | Case No. CV 10-03561 WHA<br><br>**NOTICE OF SUBPOENAS TO T-MOBILE U.S.A., INC., SPRINT NEXTEL CORPORATION, AND THE APACHE SOFTWARE FOUNDATION**<br><br>Dept.: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, T-Mobile U.S.A., Inc. will be served with a subpoena requesting that it produce specified documents and things for inspection and copying at the time and location indicated in the subpoena.  A copy of the subpoena is attached as Exhibit A.

PLEASE ALSO TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Sprint Nextel Corporation will be served with a subpoena requesting that it produce specified documents and things for inspection and copying at the time and location indicated in the subpoena.  A copy of the subpoena is attached as Exhibit B.

PLEASE ALSO TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, The Apache Software Foundation will be served with a subpoena requesting that it produce specified documents and things for inspection and copying at the time and location indicated in the subpoena.  A copy of the subpoena is attached as Exhibit C.

Dated: April 29, 2011

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
7th Floor
New York, NY 10022

By: /s/  Alanna Rutherford
(Admitted *Pro Hac Vice*)

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

# Exhibit A

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| Oracle America, Inc. | ) | |
| *Plaintiff* | ) | Civil Action No.   3:10-cv-03561-WHA |
| v. | ) | |
| Google, Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California     ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   The Apache Software Foundation
        1901 Munsey Drive, Forest Hill, MD 21050

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place:  Monumental Process Servers, Inc.<br>            112 Green Ridge Rd.<br>            Lutherville, Maryland 21093 | Date and Time:<br><br>05/13/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___04/29/2011___

|  | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Oracle America, Inc.
_____, who issues or requests this subpoena, are:

Alanna Rutherford, Boies Schiller & Flexner LLP, 575 Lexington Avenue, New York, NY 10022
Email: arutherford@bsfllp.com; Ph: 212 446 2387

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:10-cv-03561-WHA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Schedule A**

**Definitions and Instructions**

1. "Google" refers to Google Inc. and Android, Inc., and their employees and other persons or entities acting on their behalf.

2. "Open Handset Alliance" refers to the Open Handset Alliance as referenced in http://www.openhandsetalliance.com, including each member, specification lead, technical lead, or other persons or entities authorized to act on its behalf.

3. "Apache", "You" and "your" refer to The Apache Software Foundation, any The Apache Software Foundation-affiliated entities, their employees, and other persons or entities acting on their behalf.

4. "Android" refers to the software platform for mobile devices as referenced in http://www.openhandsetalliance.com, http://developer.android.com, and http://android.git.kernel.org, and includes any versions thereof (whether released or unreleased) and related public or proprietary source code, executable code, and documentation.

5. "Java" refers to the software platform as referenced in http://www.oracle.com/us/technologies/java/index.html and includes any versions thereof (whether released or unreleased) and related public or proprietary source code, executable code, and documentation.

6. "Document" shall have the broadest possible meaning permitted by the Federal Rules of Civil Procedure and the relevant case law.

7. This subpoena shall apply to all documents in your actual or constructive possession, custody, or control as of the date of service hereof or coming into your possession, custody, or control prior to the date of the production.

8.      Electronic records and computerized information shall be produced in an intelligible format.  If the information is not intelligible in non-native format, then production should be in native format, along with any necessary documentation or software to permit loading and reviewing such materials, if such is not commonly available.

## **Requests for Production**

1.      Documents reflecting all communications between Google and Apache (whether or not through the Open Handset Alliance) relating to use or distribution of Apache Harmony source or object code in connection with Android.

2.      Documents reflecting all communications between Google and Apache (whether or not through the Open Handset Alliance) concerning any license or other agreement, any intellectual property issues, or any compensation or revenue relating to Android, including all communications regarding Linux, Harmony, the Free Software Foundation's General Public License, and the Apache Software License.

3.      Documents reflecting or relating to communication between Google and Apache (whether or not through the Open Handset Alliance) regarding: (1) the need for or wisdom of obtaining any license from Oracle Corporation, Oracle America, Inc., or Sun Microsystems, Inc.; or (2) Oracle America, Inc.'s lawsuit against Google, Case No. 3:10-cv-03561-WHA, including any discussion concerning indemnification.

4.      Documents regarding the actual or potential use or infringement of Java technology, patents, copyrights or other intellectual property rights by Google, Android, or the Open Handset Alliance.

5.      Documents reflecting communications between Apache and Google (whether or not through the Open Handset Alliance) concerning the licensing and terms of license of Java SE as it relates to Apache Harmony.

6.      Documents regarding Apache's unsuccessful effort to acquire a license from Sun Microsystems Inc. or Oracle for a test kit for Java SE.

7.      Documents regarding the need for or wisdom of Apache acquiring a license from Sun Microsystems Inc. or Oracle for a test kit for Java SE.

# Exhibit B

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| Oracle America, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Google, Inc. | ) |
| *Defendant* | ) |

Civil Action No.    3:10-cv-03561-WHA

(If the action is pending in another district, state where:

Northern District of California          )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   T-Mobile USA, Inc
      12920 SE 38th St., Bellevue, WA 98006

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place:  Seattle Legal Messengers<br>711 6th Avenue North, Suite 100<br>Seattle, WA 98109 | Date and Time:<br><br>05/13/2011 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   04/29/2011

|  | | |
|---|---|---|
| CLERK OF COURT | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Oracle America, Inc.
_____ , who issues or requests this subpoena, are:

Alanna Rutherford, Boies Schiller & Flexner LLP, 575 Lexington Avenue, New York, NY 10022
Email: arutherford@bsfllp.com; Ph: 212 446 2387

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:10-cv-03561-WHA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

                            _____
                                  *Server's signature*

                            _____
                                *Printed name and title*

                            _____
                                *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

### Definitions and Instructions

1.      "Google" refers to Google Inc. and Android, Inc., and their employees and other persons or entities acting on their behalf.

2.      "Open Handset Alliance" refers to the Open Handset Alliance as referenced in http://www.openhandsetalliance.com, including each member, specification lead, technical lead, or other persons or entities authorized to act on its behalf.

3.      "T-Mobile", "You" and "your" refer to T-Mobile USA, Inc., any T-Mobile USA, Inc.-affiliated entities; their employees; and other persons or entities acting on their behalf.

4.      "Android" refers to the software platform for mobile devices as referenced in http://www.openhandsetalliance.com, http://developer.android.com, and http://android.git.kernel.org, and includes any versions thereof (whether released or unreleased) and related public or proprietary source code, executable code, and documentation.

5.      "Java" refers to the software platform as referenced in http://www.oracle.com/us/technologies/java/index.html and includes any versions thereof (whether released or unreleased) and related public or proprietary source code, executable code, and documentation.

6.       "Document" shall have the broadest possible meaning permitted by the Federal Rules of Civil Procedure and the relevant case law.

7.      This subpoena shall apply to all documents in your actual or constructive possession, custody, or control as of the date of service hereof or coming into your possession, custody, or control prior to the date of the production.

8.      Electronic records and computerized information shall be produced in an intelligible format.  If the information is not intelligible in non-native format, then production should be in native format, along with any necessary documentation or software to permit loading and reviewing such materials, if such is not commonly available.

## Requests for Production

1.      Documents concerning or reflecting any plan or proposal, or any communication with Google, relating to any monetary or non-monetary benefit to Google from the sale, distribution, or use of Android or any Android device, including any revenue sharing agreements entered into between T-Mobile and Google and/or the Open Handset Alliance.

2.      Documents reflecting all communications between Google and T-Mobile (whether or not through the Open Handset Alliance) relating to Android and concerning any license or other agreement, any intellectual property issues, or any compensation or revenue.

3.      Documents reflecting or relating to communication between Google and T-Mobile (whether or not through the Open Handset Alliance) regarding: (1) the need for or wisdom of obtaining any license from Oracle Corporation, Oracle America, Inc., or Sun Microsystems, Inc.;  or (2) Oracle America, Inc.'s lawsuit against Google, Case No. 3:10-cv-03561-WHA, including any discussion concerning indemnification.

4.      Discussion of use or infringement of Java technology as it relates to Google, Android, or the Open Handset Alliance.

# Exhibit C

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Kansas

| | | |
|---|---|---|
| Oracle America, Inc. | ) | |
| *Plaintiff* | ) | Civil Action No.   3:10-cv-03561-WHA |
| v. | ) | |
| Google, Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California       ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Sprint Nextel Corporation
      6200 Sprint Pkwy, Overland Park, KS 66251

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place:   D&B Legal Services, Inc | Date and Time: |
|---|---|
| 5350 W 94 Terr Ste 206 Overland Park, KS. 66207 | 05/13/2011 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   04/29/2011

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Dana R* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Oracle America, Inc.
_____ , who issues or requests this subpoena, are:

Alanna Rutherford, Boies Schiller & Flexner LLP, 575 Lexington Avenue, New York, NY 10022
Email: arutherford@bsfllp.com; Ph: 212 446 2387

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:10-cv-03561-WHA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>**Schedule A**</u>

<u>**Definitions and Instructions**</u>

1.      "Google" refers to Google Inc. and Android, Inc., and their employees and other persons or entities acting on their behalf.

2.      "Open Handset Alliance" refers to the Open Handset Alliance as referenced in http://www.openhandsetalliance.com, including each member, specification lead, technical lead, or other persons or entities authorized to act on its behalf.

3.      "Sprint", "You" and "your" refer to Sprint Nextel Corporation, any Sprint Nextel Corporation-affiliated entities, their employees, and other persons or entities acting on their behalf.

4.      "Android" refers to the software platform for mobile devices as referenced in http://www.openhandsetalliance.com, http://developer.android.com, and http://android.git.kernel.org, and includes any versions thereof (whether released or unreleased) and related public or proprietary source code, executable code, and documentation.

5.      "Java" refers to the software platform as referenced in http://www.oracle.com/us/technologies/java/index.html and includes any versions thereof (whether released or unreleased) and related public or proprietary source code, executable code, and documentation.

6.       "Document" shall have the broadest possible meaning permitted by the Federal Rules of Civil Procedure and the relevant case law.

7.      This subpoena shall apply to all documents in your actual or constructive possession, custody, or control as of the date of service hereof or coming into your possession, custody, or control prior to the date of the production.

8.     Electronic records and computerized information shall be produced in an intelligible format.  If the information is not intelligible in non-native format, then production should be in native format, along with any necessary documentation or software to permit loading and reviewing such materials, if such is not commonly available.

## Requests for Production

1.     Documents concerning or reflecting any plan or proposal, or any communication with Google, relating to any monetary or non-monetary benefit to Google from the sale, distribution, or use of Android or any Android device, including any revenue sharing agreements entered into between Sprint and Google and/or the Open Handset Alliance.

2.     Documents reflecting all communications between Google and Sprint (whether or not through the Open Handset Alliance) relating to Android and concerning any license or other agreement, any intellectual property issues, or any compensation or revenue.

3.     Documents reflecting or relating to communication between Google and Sprint (whether or not through the Open Handset Alliance) regarding: (1) the need for or wisdom of obtaining any license from Oracle Corporation, Oracle America, Inc., or Sun Microsystems, Inc.; or (2) Oracle America, Inc.'s lawsuit against Google, Case No. 3:10-cv-03561-WHA, including any discussion concerning indemnification.

4.     Discussion of use or infringement of Java technology as it relates to Google, Android, or the Open Handset Alliance.

2

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Boies Schiller and Flexner, LLP, whose address is 575 Lexington Avenue, New York NY 10022.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on April 29, 2011, I served a copy of:

**NOTICE OF SUBPOENAS TO T-MOBILE U.S.A., INC., SPRINT NEXTEL CORPORATION, AND THE APACHE SOFTWARE FOUNDATION**

X    **BY ELECTRONIC SERVICE Fed. Rule Civ. Proc. rule 5(b)** by electronically mailing a true and correct copy through Boies Schiller's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

Robert F. Perry
Scott T. Weingaertner
Bruce W. Baber
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036-4003

RPerry@kslaw.com
SWeingaertner@kslaw.com
bbaber@kslaw.com

Fax:    212.556.2222

Donald F. Zimmer, Jr.
Cheryl Z. Sabnis
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, CA  94105

fzimmer@kslaw.com
csabnis@kslaw.com

Fax: 415.318.1300

Timothy T. Scott
Geoffrey M. Ezgar
Leo Spooner III
KING & SPALDING, LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA  94065

TScott@kslaw.com
GEzgar@kslaw.com
LSpooner@kslaw.com

Fax:    650.590.1900

Steven Snyder
KING & SPAULDING LLP
100 N. Tryon Street, Suite 3900
Charlotte, NC 28202

ssnyder@kslaw.com

Fax:    704.503.2622

Ian C. Ballon
Heather Meeker (*App for Admission to ND Cal to be filed*)
GREENBERG TRAURIG LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

ballon@gtlaw.com
meekerh@gtlaw.com

Fax:   650.328.8508

Robert F. Perry
Scott T. Weingaertner
Bruce W. Baber
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003

RPerry@kslaw.com
SWeingaertner@kslaw.com
bbaber@kslaw.com

Fax:   212.556.2222

Joseph R. Wetzel
Dana K. Powers
GREENBERG TRAURIG, LLP
153 Townsend Street, 8th Floor
San Francisco, CA 94107

wetzelj@gtlaw.com
powersdk@gtlaw.com

Fax:  415.707.2010

Timothy T. Scott
Geoffrey M. Ezgar
Leo Spooner III
KING & SPALDING, LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065

TScott@kslaw.com
GEzgar@kslaw.com
LSpooner@kslaw.com

Fax:   650.590.1900

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at New York, NY, this 29 day of April, 2011.

_____
Thomas Ling

_____
/s/ Thomas Ling