# Exhibit 13

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA  94111
Telephone:    415. 391.5400
Facsimile:    415.397.7188

KING & SPALDING LLP
SCOTT T. WEINGAERTNER (*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (*Pro Hac Vice*)
1185 Avenue of the Americas
New York, NY  10036
Tel:    212.556.2100
Fax:    212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second St., Suite 2300
San Francisco, CA  94105
Tel:    415.318.1200
Fax:    415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA 94303
Tel:    650. 328.8500
Fax:    650.328-8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                                Plaintiff,<br><br>        v.<br><br>GOOGLE INC.,<br><br>                                Defendant. | Case No. 3:10-cv-03561-WHA<br><br>**THIRD AMENDED INITIAL DISCLOSURE STATEMENT OF GOOGLE INC.**<br><br>Judge:                Hon. William Alsup<br>Date Comp. Filed:     October 27, 2010<br><br>Trial Date:           October 31, 2011 |

1    Defendant Google Inc. ("Google") provides this Amended Initial Disclosure Statement

2    pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.  Google makes these

3    disclosures based on its current knowledge, without the benefit of complete discovery in this

4    action, and without waiver of attorney-client privilege, work product, common interest privilege,

5    or any other privilege.  Google's investigations are continuing and Google expressly reserves the

6    right to amend or modify these disclosures in accordance with Rule 26 based on additional

7    information obtained through formal discovery, continued investigation, or other means.  Google

8    further reserves the right to object on any applicable basis to the production of documents and

9    things from the categories identified herein or the obtaining of testimony from the witnesses

10   identified herein.

11       Subject to the foregoing, Google provides the following information and disclosures in

12   accordance with subsections (i) through (iv) of Rule 26(a)(1)(A):

13

14       (i)       In accordance with Rule 26(a)(1)(A)(i), Google states as follows:

15

16       Based on information currently available to Google after reasonable investigation, the

17   following entities and individuals may have discoverable information that Google may use to

18   support its claims or defenses in this action.  Google provides the following list without any

19   concession, agreement, admission, or waiver of any ultimate determination of relevance or

20   admissibility of particular information for any purpose, and without waiver of attorney-client

21   privilege or work-product immunity, or any other privilege or immunity.  Google reserves the

22   right to amend or supplement this list of persons based on facts that may be disclosed during

23   discovery.

| INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|
| Inventors and authors of prior art identified in Google's invalidity disclosures.<br><br>    Google has produced prior art pursuant to Patent L.R. 3-3 and 3-4, which identifies inventors, authors and other individuals who may have knowledge relevant to the | Prior art relevant to the patents-in-suit. |

1

| INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|
| issues in this case and upon whom Google may rely. Those individuals include but are not limited to:<br><br>Andrew Palay (contact through Google counsel)<br><br>Peter Magnusson (contact through Google counsel)<br><br>Michal Cierniak (contact through Google counsel)<br><br>David Gries (contact through Google counsel)<br><br>Associate Dean for Undergraduate Pgms, College of Engineering<br>167 Olin Hall<br>(607) 255-0393<br><br>Professor of Computer Science, Computer Science Department<br>4122 Upson Hall<br>(607) 255-2962<br><br>Cornell University<br>Ithaca, NY 14853<br><br>L. Peter Deutsch (San Francisco Bay Area)<br><br>Theron Tock (San Francisco Bay Area)<br><br>James Gosling (see below contact info) | |
| All named inventors and prosecuting attorneys for the patents-in-suit, priority applications, and other applications related to the patents-in-suit, including but not limited to:<br><br>James Gosling<br>(can be contacted through<br>Krieg, Keller, Sloan, Reilley & Roman LLP<br>San Francisco, CA 415 249-8330)<br><br>Nedim Fresko<br>(can be contacted through:<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067)<br><br>Richard D. Tuck | The patents-in-suit and issues relating thereto. |

2

577676.01

| INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|
| (Last known address: San Francisco, CA) | |
| Li Gong<br>(Last known address: Menlo Park, CA) | |
| Frank Yellin<br>(can be contacted through:<br>Krieg, Keller, Sloan, Reilley & Roman LLP<br>San Francisco, CA 415 249-8330) | |
| Lars Bak<br>(can also be contacted through Krieg Keller) | |
| Robert Griesemer<br>(can also be contacted through Krieg Keller) | |
| Jeffrey A. Berkowitz and other present or former attorneys and/or agents of: | |
| Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>Tel: (202) 408-4000 | |
| Jeffrey J. Blatt and other present or former attorneys and/or agents of: | |
| Tilleke & Gibbins<br>Supalai Grand Tower, 26th Floor<br>1011 Rama 3 Road, Chongnonsi, Yannawa<br>Bangkok 10120, Thailand<br>Tel:   +66 2653 5555 | |
| Irell & Manella<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067<br>Tel: (310) 277-1010 | |
| Blakely Sokoloff Taylor & Zafman | |

3

577676.01

| INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|
| 12400 Wilshire Blvd # 700<br>Los Angeles, CA 90025-1040<br>Tel: (310) 207-3800<br><br>J.D. Harriman II and other present or former attorneys and/or agents of:<br><br>    DLA Piper<br>    1999 Avenue of the Stars, Suite 400<br>    Los Angeles, California 90067-6023<br>    Tel: (310) 595 3023<br><br>    Hecker & Harriman<br>    2029 Century Park East<br>    Suite 2300<br>    Los Angeles, CA 90067<br>    Tel: (310) 286-0377.<br><br>Michael L. Kiklis and other present or former attorneys and/or agents of:<br><br>    Akin Gump Strauss Hauer & Feld LLP<br>    Robert S. Strauss Building<br>    1333 New Hampshire Avenue, N.W.<br>    Washington, DC 20036-1564<br>    Tel: (202) 887-4000.<br><br>Brian D. Hickman, Marcel K. Bingham and other present or former attorneys and/or agents of:<br><br>    Hickman Palermo Truong & Becker, LLP<br>    2055 Gateway Place, Suite 550<br>    San Jose, CA 95110-1089<br>    Tel: (408) 414-1201<br><br>    Lowe Price Leblanc & Becker<br>    99 Canal Center Plaza, Suite 300<br>    Alexandria, Virginia 22314<br>    Tel: (408) 271-23001<br><br>    McDermott, Will & Emery<br>    600 13th Street N.W.<br>    Washington DC 20005-3096<br>    (202) 756-8087 | |

577676.01

| INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|
| David L. Stewart and other present or former attorneys and/or agents of:<br><br>    David L. Steward Law Offices<br>    3101 N. Riverside Drive<br>    Indialantic, FL 32903<br>    Tel: (321) 432-8264<br><br>Wesley L. Strickland and other present or former attorneys and/or agents of:<br><br>    Stockwell & Smedley, PSC<br>    861 Corporate Drive<br>    Suite 200<br>    Lexington, KY 40503<br>    Tel: (859) 223-3400<br><br>Eugene Molinelli and other present or former attorneys and/or agents of:<br><br>    Ditthavong Mori & Steiner PC<br>    918 Prince Street<br>    Alexandria, VA 22314<br>    Te: (703) 250-3927<br><br>    Ramin Mahboubian<br>    Samsung Information Systems of America<br>    75 W. Plumeria Drive<br>    San Jose, CA 95134<br>    Tel: (408) 544-5607<br><br>    Alan S. Hodes<br>    P.O. Box 375<br>    Menlo Park, CA 94026<br>    Tel: (650) 542-4786<br><br>and other present or former attorneys and/or agents of:<br><br>    Hickman Beyer and Weaver, LLP<br>    P.O. Box 61059<br>    Palo Alto, CA 94306<br>    Tel: (415) 493-6400<br><br>A. Richard Park, Shun Yao, Mark Spiller, Anthony Jones, Edward J. Grundler, and other present or former attorneys and/or agents of:<br><br>    Park, Vaughan & Fleming LLP | |

| INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|
| 2820 Fifth Street<br>Davis, CA 95618-7759<br>Tel: (530) 759-1661 | |
| Current and/or former employees and/or agents of Plaintiff, Plaintiff's predecessor(s) and associated businesses, or entities closely held or controlled by Plaintiff, including but not limited to current and/or former employees of:<br><br>    Oracle America, Inc.<br>    Sun Microsystems, Inc.<br>    FirstPerson, Inc.<br><br>Contact information or last known contact information for these individuals is believed to be in possession of Plaintiff. | The patents-in-suit, the copyright registrations attached as Exhibit H to Oracle America's Amended Complaint ("Asserted Copyrights"), works that are the subject matter of the Asserted Copyrights ("Asserted Works"), Java, the Acquisition of Sun by Oracle Corporation, and issues relating thereto. |
| Current and former officers, directors, shareholders of, and investors in Plaintiff and other entities with ownership interest in Plaintiff, including but not limited to Oracle Corporation, including:<br><br>    Larry Ellison<br>    Safra Catz<br>    Charles Phillips<br>    Peter Lord<br>    Kenny Glick<br>    Edward Screven<br>    Omar Tazi and<br>    Donald Deutsch.<br><br>    Contact information or last known contact information for these individuals is believed to be in possession of Plaintiff. | The patents-in-suit, the Asserted Copyrights, the Asserted Works, Java, the Acquisition of Sun by Oracle Corporation, Android, and issues relating thereto. |
| Employees, officers and/or directors and/or former employees, officers and/or directors of companies or organizations that may have licensed, bought, used, tested, or considered using the subject matter of the Patents-in-suit or Java, that may have made statements pertaining to the Patents-in-suit or Java, or may have had communications with Plaintiff relating to the Patents-in-Suit or Java, including but not limited to:<br><br>Apache Software Foundation, including but not limited to Geir Magnusson<br><br>BEA Systems | The patents-in-suit, the Asserted Copyrights, the Asserted Works, Java, the Acquisition of Sun by Oracle Corporation, and issues relating thereto including alleged ownership of, licensing rights in, or alleged damages from infringement of the patents-in-suit. |

| | INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|---|
| 1 | | |
| 2 | Patrick Curran and other present or former Program Management Office Staff and other representatives of Java Community Process. | |
| 3 | | |
| 4 | All past and present members of the Java Community Process Executive Committee, including but not limited to Tim Peierls, Doug Lea, John Rizzo, and those identified at; http://www.jcp.org/ja/participation/committee, as if explicitly set forth herein.   (John Rizzo can be contacted through Applix counsel.) | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | All assignees and/or inventors of issued patents and patent applications prosecuted by any of the following in the same or similar technology area as the patents-in-suit: | The patents-in-suit and issues relating thereto, including particularly any references that may be used to support Google's invalidity and/or unenforceability positions. |
| 9 | | |
| 10 | Jeffrey J. Blatt, J.D. Harriman II, Michael L. Kiklis, Brian D. Hickman, Marcel K. Bingham, David L. Stewart, Wesley L. Strickland, Eugene Molinelli, Ramin Mahboubian, Alan S. Hodes, A. Richard Park, Shun Yao, Mark Spiller, Anthony Jones, and Edward J. Grundler, and other present or former attorneys and/or agents of: | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | Finnegan, Henderson, Farabow, Garrett & Dunner, LLP; Tilleke & Gibbin; Irell & Manella; Blakely Sokoloff Taylor & Zafman; DLA Piper; Hecker & Harriman; Akin Gump Strauss Hauer & Feld LLP; Hickman Palermo Truong & Becker, LLP; Lowe Price Leblanc & Becker; McDermott, Will & Emery; David L. Steward Law Offices; Stockwell & Smedley, PSC; Ditthavong Mori & Steiner PC; Hickman Beyer and Weaver, LLP; and Park, Vaughan & Fleming LLP.  (see contact information above) | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | Employees and former employees of the United States Department of Defense. | Use of Android by the United States Government. |
| 22 | | |
| 23 | Mark Bigham and other employees and former employees of Raytheon. | |
| 24 | | |
| 25 | Employees or former employees of other companies providing Android-based devices, applications, or products to the United States Government. | |
| 26 | | |
| 27 | Employees and former employees of member organizations of the Open Handset Alliance, including members that contributed to the development of Android | Features, functionality, development, design, marketing, and distribution of Android. |
| 28 | | |

7

GOOGLE'S THIRD AMENDED INITIAL DISCLOSURE STATEMENT
CASE NO. 3:10-cv-03561-WHA

| INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|
| and members that distribute products that use Android. Contributors to the Android Open Source Project.<br><br>All members of the Open Handset Alliance identified at http://www.openhandsetalliance.com/oha_members.html, as if explicitly set forth herein. | |
| Employees and former employees of Sun or Oracle America, including:<br><br>    Jonathan Schwartz<br>    Scott McNealy<br>    John Rose<br>    Bill Joy<br>    Simon Phipps<br>    Bryan Cantrill<br>    Edwin Goei<br>    Neerag Bajaj<br>    Peter Choy<br>    Ken Urquhart<br>    Noreen Krall<br><br>Contact information or last known contact information for these individuals is believed to be in possession of Plaintiff. | The patents-in-suit, the Asserted Copyrights, the Asserted Works, Java, Android and its effect on the Java market, and issues related thereto. |
| Employees and former employees of the United States Department of Justice and the European Commission. | Java, the acquisition of Sun by Oracle Corporation, and issues relating thereto. |
| Authors other than Sun and Sun employees identified in the Asserted Copyrights, including:<br><br>    CNS Publishing Inc<br>    Mary Dageforde dba Dageforde Consulting<br>    PrO Unlimited, Inc.<br>    Select Appointments (Holdings) PLC dba New<br>    Boston Systems Accountants Inc AccountPros<br>    Warewolf Technologies Inc<br>    ZAO Elbrus MCST<br>    Comsys<br>    TelTech International Group<br>    The Carl Group<br><br>and any other individual or entity other than employees of Sun who contributed to the creation of the Asserted Works. | The Asserted Copyrights, the Asserted Works and issues related thereto. |
| Current and/or former employees of Google, particularly those that may have been involved with the development | The patents-in-suit and issues relating thereto, including |

8

577676.01

| INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|
| and/or marketing of Android, including but not limited to:<br><br>    Aditya Agarwal<br>    Dan Bornstein<br>    Patrick Brady<br>    Bill Buzbee<br>    Brian Carlstrom<br>    Ben Cheng<br>    Eric Chu<br>    David Conway<br>    Sunil Daluvoy<br>    Chris DiBona<br>    Matias Duarte<br>    Jennifer Flannery<br>    Amar Gandhi<br>    Chet Haase<br>    Jeff Hao<br>    Barry Hayes<br>    Ed Heyl<br>    Elliot Hughes<br>    John Lagerling<br>    Hiroshi Lockheimer<br>    Andy McFadden<br>    Dan Morrill<br>    Jean-Baptiste Queru<br>    Andy Rubin<br>    Carl Shapiro<br>    Marc Vanlerberghe<br>    Jesse Wilson<br><br>Employees and former employees of Google should be contacted through outside counsel for Google. | Google's non-infringement of the patents.<br>    Google personnel, including designers, engineers and marketing personnel, may also possess information, knowledge and documents relevant to the features, functionality, development, design, marketing, finance, licensing, and distribution of Android. |
| Urs Hoelzle and Josh Bloch (contact through Google's counsel) | Java history, development and background |
| Susan Wojcicki (contact through Google counsel) | Google advertising business and revenues; Google background, history, and product development |
| Individuals identified as custodians of documents by any party in response to discovery requests or by third party in response to a subpoena in this action.<br><br>This includes, but is not limited to, Google employees identified by Oracle, such as Jonathan Rosenberg, Jason Spero, Karim Temsamani, Vic Gundotra, Martin Buchholz, David Lawee, Dave Bort, Hung Dang, Mario Queiroz, | Issues raised by the documents in question. |

9

| INDIVIDUAL(S) OR ENTITIES | SUBJECT(S) OF INFORMATION |
|---|---|
| Michael Morrisey, Sergey Brin, Nikesh Arora, Omid Kordestani, Alan Eustace, Frank Montes, Jeff Shardell, Priti Choksi, Yael Shacham, Jennifer (Tsai) Ebbitt, Junichi Monma, Shannon Maher, Nicole Dalton, Freddy Mih, Danielle Romain and others cited elsewhere in these Initial Disclosures. | |
| Individuals identified as authors or inventors on any document, paper, publication, or patent referred to in the file histories of the patents-in-suit, or in the file history of any related patent and/or patent application. | Issues raised by the documents in question. |
| Any person not specifically listed herein, but who may be identified in documents, papers, publications, or patents, or in the Initial Disclosures and amendments or supplements thereto, to be produced, disclosed or filed by Google or Plaintiff during the course of this litigation | Issues raised by the documents in question. |
| All persons to be identified as expert witnesses pursuant to and at the time required by this Court's orders regarding disclosure of such witnesses. | To be disclosed in accordance with the Court's rules regarding expert disclosure. |
| All other persons identified by Plaintiff. | Patents-in-suit and issues relating thereto. |
| All persons noticed for deposition and deposed by either Oracle or Google in this litigation, including without limitation Aditya Kumal Agarwal, Josh Bloch, Dan Bornstein, Patrick Brady, Eric Chu, Leo Cizek, Rachel Claflin, Larry Ellison, Nedim Fresko, Craig Gering, Robert Griesemer, Vineet Gupta, Steven Harris, Jeet Kaul, Doug Kehring, Peter Kessler, Bob Lee, Tim Lindholm, Peter Lord, Andrew McFadden, Richard Miner, Daniel Morrill, Geoffrey Morton, Dipchand Nishar, John Pampuch, Mark Reinhold, Lisa Ripley, Hasan Rizvi, Andy Rubin, Jonathan Schwartz, Larry Page, Eric Schmidt, Edward Screven, Param Singh, Brian Swetland, and Susan Wojcicki. | Issues within the scope of the examination of these witnesses at their depositions. |

Google may amend or supplement this list of knowledgeable individuals based on its

investigation and further discovery, pursuant to Fed. R. Civ. P. 26(e).


(ii).    In accordance with Rule 26(a)(1)(A)(ii), Google states as follows:

10

577676.01

1   Google identifies the following categories of documents, data compilations, and tangible

2   things in its possession, custody or control that it may use to support its claims or defenses,

3   unless solely for impeachment.  By making this disclosure, Google does not represent that it is

4   identifying every potentially relevant document or tangible thing upon which it may rely for

5   purposes of this lawsuit.  Continuing investigation and discovery may reveal additional relevant

6   documents or tangible things, and Google reserves the right to supplement this disclosure

7   accordingly.  Google does not waive its right to object to the production of any particular

8   document or tangible thing disclosed herein on the basis of any valid objections to its

9   discoverability or admissibility.

10   1.   Business records and other documents (which may include, but are not limited to,

11   schematics, source code, marketing materials, advertising materials, engineering documents, and

12   sales documents) related to Android.  Those documents may be included in communications to,

13   from, or within Google and may be located in electronic repositories, source code repositories,

14   and/or individual files of personnel reasonably connected to the subject matter of this suit.

15   Specifically, the repositories included in the following table may include documents Google will

16   rely on to support its claims or defenses:

| CATEGORY | LOCATION |
|---|---|
| Google internal non-custodial document repositories. | These document repositories are accessible via Google's internal systems, and include, to the extent that they are applicable and relevant, Google Sites, Wikis, Google Docs, Google Groups and Internal Blogs. |
| Google custodial document repositories. | These document repositories are accessible for each custodian and include, to the extent that they are applicable and relevant, email repositories, user home directories, Google Docs, locally stored electronic documents and hardcopy repositories. |
| Google internal contracts repository | This document repository, to the extent that it is applicable and relevant, is accessible via |

| CATEGORY | LOCATION |
|---|---|
| | Google's internal systems. |
| Google support query tracking system | This document repository, to the extent that it is applicable and relevant, is accessible via Google's internal systems. |
| Google bug tracking system | This document repository, to the extent that it is applicable and relevant, is accessible via Google's internal systems. |
| Android public open source code | The public Android open source code can be located at: http://android.git.kernel.org/. |
| Public Android documents | These documents can be located at: http://source.android.com/; http://developer.android.com/; http://code.google.com/android/; http://sites.google.com/site/io/dalvik-vm-internals. |

2.      The patents-in-suit, their prosecution histories (including any reissue or reexamination application), and prior art cited during prosecution.

3.      The Asserted Copyrights and documents relating to the Asserted Copyrights and the works that are the subject of the Asserted Copyrights, including prior works on which such works were based.

4.      Any and all documents in the possession, custody or control of, or produced by, Plaintiff or relevant third parties subpoenaed in this action.

5.      Any and all documents from prior or current litigations involving Sun, Oracle America, or Oracle Corporation as a party or otherwise involving issues related to Sun, Oracle America, or Oracle Corporation, including, but not limited to: *Sun v. Microsoft*, Case No. C 97-20884 RMW (N.D. Cal.), *Sun v. Microsoft*, Case No. C 02-01150 RMW (N.D. Cal.); In Re Microsoft Corp. Antitrust Litigation, C.A. No. JFM-02-2739 (D. Md.), *Hewlett-Packard v. Mark v. Hurd*, Case No. 110CV181699 (Cal. Super.).  Documents related to these litigations are in the public record, or believed to be in the possession of the parties to the litigations.

6.      Any and all documents from prior or current litigations in which Peter Choy, Sun Microsystems Deputy General Counsel, or Howard Freedman, Sun Microsystems Associate

1   General Counsel, authored or served as counsel-of-record for an amicus curiae brief, including

2   but not limited to: *Sony Computer Entm't v. Connectix Corp.*, No. 99-15852 (9th Cir.); *Lotus*

3   *Dev. Corp. v. Borland Int'l, Inc.*, No. 94-2003 (U.S.); *Bateman v. Mnemonics, Inc.*, No. 93-3234

4   (11th Cir.); *Computer Associates Intern., Inc. v. Altai, Inc.*, No. 91-7893 (2d Cir.); or *DVD Copy*

5   *Control Ass'n Inc. v. Bunner*, No. H021153 (Cal. Ct. App. 6th Dist.). Documents related to these

6   litigations are in the public record, or believed to be in Oracle's possession.

7       7.       Prior art discovered as part of Google's defense in this litigation, which has been

8   produced by Google.

9

10      (iii).   In accordance with Rule 26(a)(1)(A)(iii), Google states as follows:

11

12      Google does not seek an award of damages in this matter and therefore believes that

13   subsection (iii) of Rule 26(a)(1)(A) is not applicable to Google.

14      Google notes, however, that Google believes that this is an exceptional case and that it

15   will be entitled to recover its attorney's fees and costs pursuant to 35 U.S.C. § 285 and/or 17

16   U.S.C. § 505. The amounts of such fees and costs cannot be computed or calculated until such

17   time as Google's entitlement to such an award has been determined.

18

19      (iv).    In accordance with Rule 26(a)(1)(A)(iv), Google states as follows:

20

21      At this time, Google has not identified any applicable indemnity and insurance

22   agreements under which an entity may be liable to satisfy part or all of any judgment that might

23   be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment

24   that might be entered in this action.

25   Dated:  August 26, 2011                    KEKER & VAN NEST LLP

26
                                               By: *Christa M. Anderson /RPM*
27                                                 CHRISTA M. ANDERSON
                                                   Attorneys for Defendant
28                                                 GOOGLE INC.

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, California 94111.

On August 26, 2011, I served the following document(s):

**THIRD AMENDED INITIAL DISCLOSURE STATEMENT OF GOOGLE INC.**

via e-mail on the following individuals:

David Boies
Boies Schiller and Flexner
333 Main Street
Armonk, NY 10504
914-749-8201
Fax: 914-749-8300
Email: Dboies@bsfllp.com

Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7475
Email: DMuino@mofo.com

Deborah Kay Miller
Oracle USA, Inc Legal Department
500 Oracle Parkway
Redwood Shores, CA 94065
(650) 506-0563
Email: Deborah.Miller@oracle.com

Matthew M Sarboraria
Oracle Corporation
500 Oracle Parkway, 5OP7
Redwood Shores, CA 94065
650/ 506-1372
Email: Matthew.sarboraria@oracle.com

Dorian Estelle Daley
500 Oracle Parkway
Redwood City, CA 94065
(650) 506-5200
Fax: (650) 506-7114
Email: Dorian.daley@oracle.com

Michael A Jacobs
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
650-813-5600
Fax: 650-494-0792
Email: MJacobs@mofo.com

Marc David Peters
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
Fax: (650) 494-0792
Email: Mdpeters@mofo.com

Steven Christopher Holtzman
Boies, Schiller & Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA 94612
510-874-1000
Fax: 510-874-1460
Email: Sholtzman@bsfllp.com

Executed on August 26, 2011, at San Francisco, California.

1

PROOF OF SERVICE
CASE NO. 3:10-cv-03561-WHA

577676.01

1  I declare under penalty of perjury under the laws of the State of California that the above is true
2  and correct.

3

4  _____

       MAUREEN L. STONE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

577676.01

PROOF OF SERVICE
CASE NO. 3:10-cv-03561-WHA