ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br>   v.<br>GOOGLE INC.<br>        Defendant. | Case No. CV 10-03561 WHA<br><br>**REPLY IN SUPPORT OF ORACLE'S MOTION IN LIMINE RE RODERIC CATTELL (ECF No. 1824)** |

**INTRODUCTION**

The centerpiece of Google's defense this time around is that it was a "custom in the industry" for platform developers to copy copyrighted declaring code without a license for commercial purposes. Certainly that is what Google did. But Google's proffered "evidence," including the testimony of Dr. Roderic Cattell, repeatedly fails to show such a "custom." Sometimes the proposed testimony does not relate to platform developers copying declaring code at all, but rather app programmers writing "calls." *See* ECF No. 1852 (Objection to Phipps Testimony). Sometimes the proposed evidence shows licensed copying, not copying without a license. *See* ECF NO. 1854 (Response re IBM License). Dr. Cattell's testimony is no different.

Moreover, Google's proposed witnesses must either have percipient knowledge on the topics they propose to testify about, or be properly qualified and disclosed as an expert on those topics. Google attempts to camouflage Dr. Cattell's inability to testify about the type of custom it wants to prove by providing only vague and disorganized generalizations of Cattell's proposed testimony and arguing that it is fact, not expert, testimony.

**I.   CATTELL IS AN EXPERT WITNESS, NOT A FACT WITNESS**

Google tries to escape the inevitable exclusion of Dr. Cattell's expert testimony by recasting it as lay witness testimony. But Google admittedly disclosed Dr. Cattell as an expert. ECF 1853 at 1. And Dr. Cattell himself wrote in his expert report: "Google has engaged me to provide *expert testimony* about Application Programming Interfaces (APIs), including what APIs are, why APIs and the re-implementation of APIs are important, and industry practices regarding APIs." ECF No. 1824-2 (Cattell Report) at 1 (emphasis added).

Although Google claims "the use of APIs" and "the actions taken by industry participants" are part of Dr. Cattell's "percipient witness testimony," ECF No. 1853 (Opp.) at 3, Google states in the same breath (twice) that his testimony about the "use of APIs and industry understandings about APIs" is based on his "scientific, technical, [and] other specialized knowledge," *id.* at 1, 4. Google cannot have it both ways. Google even claims that Dr. Cattell's "extensive industry experience gives him *personal knowledge*," *id.* at 2 (emphasis added), but at the same time claims "Dr. Cattell bases his *expert opinions* on his extensive industry experience," *id.* at 5

1  (emphasis added).  In fact, the industry experience that Google recites in its brief to show Dr. Cattell's "personal knowledge" is taken from the section of Dr. Cattell's report that lists the "professional qualifications" that purportedly make him an expert.  *Compare* ECF 1853 at 2 (Opp.) *with* ECF 1824-2 (Cattell Report) at ¶¶ 4-26. Dr. Cattell's opinion based on his industry experience is expert testimony.

Google's argument that Dr. Cattell is a fact witness even reads like an attempt to qualify him as an expert.  For example, Google explains that Dr. Cattell "received his BS in Computer Science in 1974," and "a Ph.D in Computer Science in 1978."  ECF 1853 at 2.  And Google relates that "Dr. Cattell specializes in database systems."  *Id.*  None of that has anything to do with demonstrating that Dr. Cattell is a fact witness.  Rather, it demonstrates that Dr. Cattell is in fact giving expert testimony.

Google complains that Oracle made a "sweeping attempt to preclude all testimony from Dr. Cattell, without providing any basis to exclude fact testimony." *Id.* at 3.  But Google's examples of Dr. Cattell's proposed fact testimony are so general that it is impossible to discern any part that does not fall within Oracle's motion.  Google states that Dr. Cattell will provide "percipient witness testimony about the use of APIs, his own understandings, and the actions taken by industry participants."  Dr. Cattell's "own understandings" cannot be the basis of fact testimony.  The Court just explained as much in the context of Bloch: "His present understanding doesn't count for anything.  That's expert testimony."  Tr. 239:23:25.  And testimony about the actions of other industry participants would be impermissible hearsay from a fact witness.  Google's proffer of Dr. Cattell's testimony is so vague, it is impossible to parse out any topic that is not based on his specialized knowledge.

Finally, it is not true that Oracle "offers no basis to exclude all of Dr. Cattell's percipient testimony."  ECF No. 1853 at 1.  Merely being a fact witness does not automatically make Dr. Cattell's testimony admissible.  Oracle objected to his testimony in part under Federal Rules of Evidence 401 and 403, *see* ECF No. 1824 at 1, for the reasons discussed below and in Oracle's motion.

## II. DR. CATTELL'S OPINION THAT COMPUTER SCIENTISTS THINK COPYING APIS IS ALWAYS FAIR USE IS NOT ADMISSIBLE

Google largely ignores Oracle's arguments that Dr. Cattell should not testify that computer scientists' "expectations would be [that] it would be fair use to—to use an API." ECF 1824-3 (Cattell Depo) at 15:18-25. Google has no response to Oracle's point that Dr. Cattell admitted that there was no accepted practice of copying declaring code without authorization. *See* ECF No. 1824 at 2. Google has no response to Oracle's contention that it would be improper for Dr. Cattell to opine on whether developers believe they *should* be able to copy declaring code, in contrast to a belief that they *can* copy. *Id.* And Google has no response to the fact that no qualified expert (or person) would rely solely on a few Google searches to ascertain whether it is permissible to copy proprietary source code without permission. *Id.* at 3.

Instead, Google largely provides a stream of qualifications that have nothing to do with Dr. Cattell's proposed expert testimony. For example, for the first time in this litigation, Google cites how the Java Language Specification (TX 484) acknowledges Dr. Cattell's "valuable assistance and technical advice." ECF No. 1853 (Opp.) at 1. But Dr. Cattell admitted that he had "not done any analysis of the Java language specification in [his] expert report." ECF 1824-3 (Cattell Depo) at 177:18-21. Neither the document nor the general topic was mentioned in his report, and the document was not even disclosed as an exhibit for his trial testimony. It seems that Google plans to sandbag Oracle by asking Dr. Cattell to provide some sort of surprise expert testimony regarding the Java Language Specification as it purportedly relates to the APIs. For the same reason that Dr. Bloch should not be permitted to provide undisclosed expert testimony on this topic, Dr. Cattell's testimony should also be excluded.

None of the "specialized knowledge" Google claims Dr. Cattell possesses qualifies him to testify on "what computer scientists[] would think about the elements of fair use" based on his lay understanding of what he believes to be the law. Dr. Cattell does not just need specialized knowledge in *something*. He needs specialized knowledge in *what he will testify about*.

One topic Dr. Cattell has no knowledge of is licensing practices. Google claims that issue is a "red herring." ECF No. 1853 at 5. But that is just another example of Google trying to avoid

- 3 -

the actual custom it needs to prove.  If Dr. Cattell cannot demonstrate *unlicensed* copying, then he has nothing to offer on a custom of *unlicensed* copying of declaring code.

Google also invites the Court to compare Dr. Kemerer with Dr. Cattell, contending that if "Dr. Kemerer's opinions are admissible, certainly Dr. Cattell's must be." *Id.* at 4.  As an initial matter, Google's comparison is silly.  Dr. Kememer's opinions on custom are a rebuttal to Dr. Cattell's.  In any event, Oracle welcomes the invitation to compare Dr. Kemerer's Rebuttal Report, ECF No. 1570-4, with Dr. Cattell's Report, ECF No. 1824-2.  Dr. Kemerer's list of materials considered is seven pages long.  ECF No. 1570-4 at 101-107.  Dr. Cattell's is one *sentence*: "This report is based on my professional experience and training, and my specialized knowledge of the matters set forth in this report."  ECF No. 1824-2 at ¶ 27.  Dr. Kemerer engaged in a detailed investigation into the history of the legal and practical control of APIs from an economic perspective, citing numerous articles.  ECF No. 1570-3 at ¶¶ 55-64.  Dr. Cattell offered general descriptions of inapt examples without a single citation.  ECF No. 1824-2.  Dr. Kemerer is particularly well suited for this task because he has "a Doctor of Philosophy (PhD) degree in (Information) Systems Sciences from the Graduate School of Industrial Administration at Carnegie Mellon University," and "a Master's Degree from Carnegie Mellon as well as a Bachelor's Degree in Decision Sciences and Economics from the Wharton School at the University of Pennsylvania."  ECF No. 1570-3 at ¶5.  Dr. Cattell has no qualifications to testify on other programmers' subjective beliefs about fair use law.

Finally, *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 590121 (N.D. Cal. Feb. 13, 2016) has no relevance here.  In that case, the question was whether an expert could "opine that BGP or GSLB *are* alternatives to link load balancing." *Id.* at *20 (emphasis added).  That is a narrow issue.  And it is unsurprising that a court would allow someone with 20 years of experience to testify on the subject.  Dr. Cattell, by contrast, proposes to testify on what millions of developers subjectively *believe* about fair use.  He is not qualified to do that, and it is not possible to reach a reliable conclusion on that topic without an empirical study.  Indeed, Dr. Cattell indicated that his opinions about developer beliefs are merely his "impression."  ECF 1824-3 (Cattell Depo) at 210:13.

### III. DR. CATTELL'S OPINION ABOUT HISTORIC COPYING OF SQL, ODMG, BIOS, LINUX, AND WINE APIs IS NOT ADMISSIBLE

Oracle's motion demonstrated that each of Dr. Cattell's alleged examples of historic copying of APIs does not actually show the custom Google must prove: platform developers copying copyrighted declaring code without a license for a commercial purpose. ECF No. 1824 at 4-5. Each example had a variety of flaws, including that Dr. Cattell did not even know if the examples "have method declarations" at all. ECF 1824-3 (Cattell Depo) at 38:14-15. Dr. Cattell cannot possibly show a custom of copying declaring code if his examples do not involve declaring code. Google's lack of meaningful rebuttal shows that Oracle's concerns were well founded: Dr. Cattell will testify about anything that might happen to have been called an API, even if it is not similar to the Java API packages at issue in the case.

Google ignores those key issues, and instead argues *first*, that whether the APIs are copyrighted is irrelevant. ECF No. 1853 at 6. Of course it's relevant. A "custom" of copying uncopyrighted works proves nothing. It's a key component of the particular custom Google needs to prove but repeatedly fails to actually demonstrate.

*Second*, Google claims that Dr. Cattell did not need to do any comparative analysis because his opinions are not based on empirical studies, but rather his own decades' of work in the field. That's just the problem. Google never explains why that should be permissible, and chooses to distract the Court away from Dr. Cattell's report by directing the Court to look at Dr. Kemerer's report instead.

*Third*, Google claims that it "must" be permitted to respond to Oracle's arguments to the jury. But in order to respond, Google needs admissible evidence. Google *says* that "[p]rogrammers re-implement the APIs that Dr. Cattell discusses in the same way that they re-implement the 37 Java SE API packages." Google, however, provides no citation or authority to support that position, despite Oracle's detailed explanation of how Google is wrong, as demonstrated by Dr. Cattell's own deposition.

More troubling is Google's complaint that "Oracle has even gone so far as to seek to exclude evidence of the re-implementation of *the same Java APIs at issue here* through the GNU

- 5 -

1  Classpath project." ECF No. 1853 at 7 (emphasis in original).  The Court *agreed* with Oracle that
2  the GNU Classpath Project may *not* be used to demonstrate custom.  ECF No. 1829 at 4-5.  It can
3  *only* be used to demonstrate either that it "would have posed a fragmentation problem for Java" or
4  that it "would have presented another (plausibly arguable) viable avenue for Android."  *Id.*

5  **IV.    ORACLE'S ARGUMENTS ARE CONSISTENT**

6  Google tries to portray Oracle as engaging in "heads I win, tails you lose" tactics because
7  it also objected to undisclosed expert testimony by Google fact witness Dr. Joshua Bloch.  That
8  makes no sense.  Oracle objected to Dr. Bloch's testimony on the ground that he was not properly
9  disclosed as an expert witness under Federal Rule of Civil Procedure 26.  By contrast, Oracle ar-
10 gues that Dr. Cattell's testimony is inadmissible "under Federal Rules of Evidence 701, 702, 703,
11 403, and 401" for the reasons set forth above and in Oracle's motion.

**CONCLUSION**

13  Dr. Cattell should not be permitted to testify at trial.

| | | |
|---|---|---|
| 1 | Dated: May 11, 2016 | Respectfully submitted, |
| 2 | | Orrick, Herrington & Sutcliffe LLP |
| 3 | | By: */s/ Gabriel M. Ramsey* |
| 4 | | Gabriel M. Ramsey |
| 5 | | Counsel for ORACLE AMERICA, INC. |