IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>    Defendant.<br>_____ / | No. C 10-03561 WHA<br><br>**ORDER REGARDING<br>DUIMOVICH DEPOSITION** |

      The questioning of John Duimovich (the IBM Rule 30(b)(6) designee) exceeded the scope of the noticed subject matter, which was IBM's use of code derived from the Apache Harmony Project. Asking questions about code contributed by IBM to Apache Harmony exceeded this subject. Nevertheless, that line of question will be allowed because the witness, even if regarded as a normal witness rather than as a corporate designee, was competent to answer the code-contributed questions. No prejudice has been shown.

      As for the questions concerning the noticed topic — IBM's use of code derived from the Apache Harmony Project — those questions and answers will also be allowed. While it is true that IBM had a license with Sun (and thus arguably didn't need any Apache Harmony license), Oracle claimed in the last trial that Google had not shown that IBM had ever used the Apache Harmony Java APIs in any products. The testimony shows to the contrary. Whether or not IBM had an umbrella license directly from Sun, the testimony shows that IBM in fact used the

Apache Harmony Java APIs. One reading of the testimony is that IBM did so without regard to the umbrella license. Google, however, must include the testimony that IBM had a license.

Other rulings will be in the margin of the transcript. For all deposition designation, when a passage is marked as needed for "completeness" and the judge disagrees, the judge writes in "out." Be aware, however, that the very same testimony might be admissible on some other ground at the behest of the same proponent. The judge is just ruling based on the way the passage is served up.

**IT IS SO ORDERED.**

Dated: May 11, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE