KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE TO ORACLE'S OBJECTION RE JOSHUA BLOCH (ECF 1815)**<br><br>Trial:　　　May 9, 2016<br>Dep:.　　　Courtroom 8, 19th Fl.<br>Judge:　　　Hon. William Alsup |

Because the testimony is neither "undisclosed" nor from an "expert witness,", the Court should deny Oracle's "objection" to Google's disclosure that it may rely on testimony from Dr. Joshua Bloch on the relationship between the Java APIs and the Java programming language—testimony that is the same as the testimony Dr. Bloch provided as a fact witness in the 2012 trial.

As referenced in Google's response to Summary MIL#4 and Order to Show Cause re Technically Necessary Copying (ECF 1765), the expected testimony from Dr. Bloch was not only disclosed, it was given to the jury during the last trial. In the copyright phase of the original trial, Dr. Reinhold, Oracle's Chief Architect of the Java Platform, introduced into evidence a list that he had prepared during the course of trial of 61 classes and interfaces from three different API packages that are mentioned in the Java Language Specification. RT at 677:12 – 679:21; ECF 1797-3 (copy of TX 1062). Although the list was first provided to Google the morning of Dr. Reinhold's related testimony, Google did not object to its use at trial or belated addition to the exhibit list. *See* RT at 662:25 – 665:13. Instead, Dr. Bloch—a former Sun engineer who later became Chief Java Architect at Google—addressed the list in his subsequent trial testimony. Specifically, Dr. Bloch explained that beyond the mention of certain classes and packages in the Java Language Specification, there are additional API dependencies that require using other APIs—over 2000 methods in over 175 classes spread across ten packages. *Id.* at 776:21 – 780:18. Dr. Bloch further testified that the classes in which these additional API dependencies are found are themselves required, "at a minimum" just to implement the Java language. *Id.* at 780:16-18. Notably, Dr. Bloch's testimony drew no objections. Thus, there is no basis for Oracle to now argue that Dr. Bloch's testimony that Google cited in its recent response (ECF 1765) is "undisclosed."

Furthermore, Dr. Bloch's expected testimony was also disclosed in Google's Final Pretrial Conference Witness List. There, Google explained that:

> Dr. Bloch is expected to testify regarding the *Java and Android platforms; background regarding APIs; work performed by Dr. Bloch on APIs while at Sun and for the Android team; open source generally; the GNU Classpath and Apache Harmony projects, as well as OpenJDK; and contributions made by Google to Java.* In addition, **Mr. Bloch may testify about the interrelationship between the Java programming language and Java SE API libraries,** and issues of *compatibility and*

> *interoperability with the Java programming language*. Finally, Dr. Bloch also may testify concerning *documents on the exhibit list that were either authored or received by him and **the topics on which he testified in the first trial and in his deposition***.

ECF 1709-3 (bold emphases added; italics in original to comply with the Court's requirements). Oracle also did not object to this disclosure.

In addition to having been disclosed and referenced in Google's pre-trial filings, Dr. Bloch's expected testimony does not amount to "undisclosed *expert testimony*." ECF 1815 (Oracle Objection) at 1 (emphasis added). Dr. Bloch is a fact witness who has comprehensive familiarity with Java and its class libraries. Based on his personal experience and involvement developing Java class libraries, he personally knows and understands that one needs more than the 61 classes and interfaces listed in TX 1062 to implement the Java Language Specification— and explained as much at the last trial. This is precisely the type of testimony on precisely the same issue that the Court previously ruled was not objectionable as expert testimony. On direct examination, Oracle asked its then-CEO, Larry Ellison, about the issue of the essentiality of the APIs to the language, drawing an objection that the question called for expert testimony:

> Q. Now, is it necessary to use the Java APIs that Sun has created in order to use the Java programming language?
>
> A. Absolutely not.
>
> MR. VAN NEST: Objection, Your Honor. Calls for expert testimony.
>
> THE COURT: Do you know the answer to the question?
>
> THE WITNESS: Yes, Your Honor.
>
> THE COURT: From personal knowledge?
>
> THE WITNESS: Yes, Your Honor.
>
> THE COURT: Overruled. Please answer.
> . . .

RT at 290:15-14. More so than Mr. Ellison, whose sworn trial testimony is undermined by Oracle's recent concession that dozens of classes are necessary to use the Java programming language, Dr. Bloch has personal knowledge that certain APIs *are* necessary to use the Java programming language. Indeed, Dr. Bloch was a key figure in developing the Java class libraries during his time at Sun and well understands the relationship of those libraries to the Java

2
GOOGLE'S RESPONSE TO ORACLE'S OBJECTION RE JOSHUA BLOCH
Case No. 3:10-cv-03561 WHA

1057285

1  programming language.  Far more so than with regard to Mr. Ellison, Dr. Bloch's testimony is
2  based on percipient knowledge regarding the Java APIs, and there is no basis to exclude it on the
3  grounds that he wasn't disclosed as an expert.

4  Finally, allowing Dr. Bloch to testify on this topic would in no way prejudice Oracle—but excluding this testimony would prejudice Google.  Again, Dr. Bloch's testimony has been known to Oracle for four years, and was elicited without objection.  Oracle never suggested during the course of supplemental discovery that they wanted to take Dr. Bloch's deposition on the issue. Even if they had sought to depose him on this topic, Dr. Bloch could only have addressed the list provided during the last trial in TX 1062, which Oracle now disclaims as the operative list.  *See* ECF 1794 at 1 (seeking to revise Dr. Reinhold's analysis to say that the full or partial declarations in 62 classes and three packages "are technically constrained by the Java programming language, and therefore constitute a fair use in Android.").  Oracle did not even disclose its narrower list of full or partial declarations from 62 classes until the deadline for *reply* expert reports.  ECF 1797-2 (TX 5332).  But setting aside that Dr. Bloch could not have disclosed his views on Dr. Reinhold's revised exhibit during the fact or even the expert discovery period, his expected testimony for this trial is no different than what it was in the last trial, and there is no prejudice.  In sum, besides being technically groundless for the reasons explained above, Oracle's objection to Dr. Bloch's testimony is not supported by the equities.

For all foregoing objections, Google respectfully requests that the Court overrule Oracle's objection regarding Dr. Bloch's previously disclosed, non-expert testimony regarding the relationship between the Java APIs and the Java programming language.

Dated:  May 10, 2016                                KEKER & VAN NEST LLP

By:  */s/ Robert A. Van Nest*
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.