ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OBJECTION TO PROPOSED JURY INSTRUCTION, ECF NO. 1869**<br><br>Trial: May 9, 2016 at 8:00 am<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

## INTRODUCTION AND STATEMENT OF RELIEF SOUGHT

The Court proposes to instruct the jury, as a factual matter, about the procedural history of this case. ECF No. 1869 (Proposed Jury Instruction). Such an instruction from the Court will unduly and irrevocably prejudice Oracle, and cause a mistrial. Oracle accordingly objects to the Court's proposed instruction, and any instruction related to procedural history beyond the parties' existing agreement. ECF No. 1709 (Jnt. Prop. Pretrial Ord.) 6-9.[1]

Past proceedings in the case are not relevant to the parties' arguments or any issue remaining in the case, and informing the jury that a prior trial resulted in a hung jury on fair use will be irrevocably prejudicial. Far from reducing speculation, the jury will be invited to speculate about *why* the prior jury did not reach a verdict, and will be distracted from the evidentiary record in the *present trial*, which is unrecognizable compared to the prior trial's record. Since the prior trial, Google has earned tens of billions in additional revenue and Oracle has lost millions in licensing revenues, as well as a significant number of licensing partners. What a prior jury did with a different record in what was in many respects an entirely different case cannot help the current jury reach a verdict on fair use. Even with regard to the issue of good faith (which was discussed at the May 5, 2016 pretrial conference), both parties agree that the relevant inquiry is the witnesses' *subjective* belief at the time of copying, making procedural history from a trial that started years later irrelevant. *See* 5/5/2016 Hr'g Tr. 93:22-94:2 (Google: "We do think it's appropriate that people should be allowed to testify what they believed or what they understood was okay to do, whether it was acceptable or whether it was consistent with industry custom and practice …. But we don't need to elicit testimony that they thought it was, quote, copyrightable or not copyrightable."); *id.* 97:4-7 (Oracle: "[W]e do absolutely intend, Your Honor, to get into the fact that they knew the APIs were copyrighted and that they knew they needed a license as part of the good-faith-bad-faith element of fair use.").

On good faith specifically, Oracle will be irrevocably prejudiced by the proposed instruction. Instructing the jury about the Court's past views regarding copyrightability requires factual

---

[1] The parties met and conferred regarding the proposed instruction, and were unable to reach agreement.

- 1 -   ORACLE'S OBJECTION TO PROPOSED JURY INSTRUCTION, ECF NO. 1869

testimony from the Court, and is tantamount to a directed verdict in Google's favor on bad faith, and likely on fair use overall. The Court's proposed instruction injects the Court's beliefs and views regarding the copyrightability of the declaring code and SSO of the copied Java API packages into the trial, making the presiding judge a fact witness on copyrightability, which the jury will see as evidencing Google's good faith or lack of bad faith in light of the Court's ruling. No jury would find that Google acted in bad faith if the presiding judge tells the jury he believed copyrightability was uncertain at the time of Google's infringement. It is for this reason judicial testimony is grounds for mistrial. *See The Rutter Group: Federal Trials & Evid.* § 13:80 (Cal. Ed. 2015) (factual testimony from judge grounds for mistrial).

Oracle suggests that the following instruction is more appropriate:

> As you know from the timeline, this case was filed in August 2010. You may be wondering why it took 6 years to get to trial. Lawsuits like this can take a long time to get to trial. You are not to read anything into the length of time, one way or the other.

In contrast to the instruction proposed in ECF No. 1869, this instruction does not irrevocably prejudice Oracle because it does not introduce an incomplete rendition of the procedural history of the case, [2] and because it does not improperly inject overturned findings and rulings into the case.

## DISCUSSION

### I. A PROCEDURAL HISTORY INSTRUCTION WILL PREJUDICE ORACLE

If the Court instructs the jury about the procedural history of the case, especially about this Court's conclusion that the Java APIs were not copyrightable, it is inevitable that the jury will conclude that the APIs are not copyrightable or that Google lacked bad faith when it decided to copy the Java APIs without securing an appropriate license. Informing the jury of the Federal Circuit's decision will not make a difference. To the jury, the only judge who matters is the one

---

[2] For example, it does not state that the Supreme Court of the United States denied Google's cert. petition, thereby affirming the appellate court's rejection of this Court's copyrightability determination. Nor does it explain that an appellate court reversing a lower court's decision renders it a nullity, *infra*. As another example, it does not describe the number of times Google tried to suppress or change the implications of the infamous Lindholm email (which included Google losing on the issue on an interim Federal Circuit appeal). As a final example, it does not explain that litigants make choices on which issues to appeal or not.

they see each day. "[P]otential prejudice lurks behind every intrusion. The reason for this is that a trial judge's position before a jury is overpowering. His position makes his slightest action of great weight with the jury." *United States v. Pritchett*, 699 F.2d 317, 320 (6th Cir. 1983) (quotation marks and ellipses omitted). What the jury will hear if the Court instructs them on the procedural history is: "I, Judge Alsup, looked at this issue before and, using my expertise and long experience as a judge, I concluded that the declaring code and SSO of the Java API packages are not eligible for copyright protection." The judges of the Federal Circuit cannot compete with the Court's views. They are not in the courtroom; they do not welcome the jurors each day; they do not instruct the jurors on the law.

Google will then invite the jury to connect the dots: "If the judge presiding over the case, an experienced and powerful jurist, thought that the declaring code and SSO of the Java API packages are not copyrightable, it was reasonable for the mere business people at Google to assume they were not, also. And therefore it was permissible and fair for Google to use the Java APIs without a license." Even without argument from Google providing the last link, the Court's statements will, in effect, direct a verdict in Google's favor on willfulness and bad faith and invite the jury to reach a verdict in Google's favor on fair use. The result is to distort the jury process beyond repair to Oracle's prejudice.

Oracle would also be prejudiced if the Court instructs the jury on other aspects of the procedural history, such as the hung jury verdict or the jury's decision against Oracle on the patent and documentation infringement claims. This information has no probative value whatsoever yet it will confuse and mislead the jury and prejudice the jury against Oracle.

## II. DESCRIBING THE PROCEDURAL HISTORY OF THE CASE CONSTITUTES IMPERMISSIBLE FACT TESTIMONY BY THE COURT

"The presiding judge may not testify as a witness at the trial." Fed. R. Evid. 605; *see also United States v. Berber-Tinoco*, 510 F.3d 1083, 1091 (9th Cir. 2007) (finding violation of Rule 605 where the district judge "stated [particular] facts, [which] were not in the record nor were they reasonable inferences from the record"). Indeed, a judge's statements may constitute testimony in violation of Rule 605 even if not formally called as a witness. *Berber-Tinoco*, 510 F.3d

at 1089 (statements made from bench during suppression hearing); Wright & Miller, *Federal Practice & Procedure* § 6063 (2d ed.) (Apr. 2016) (courts apply "Rule 605 to a wide range of judicial statements and actions that are not normally thought to constitute witness testimony").

If the Court reports its views to the jury on the copyrightability of the declaring code and SSO, and indicates that the jury hung in the first trial, it will be tantamount to calling the Court as a witness. The Court's views on the copyrightability of the declaring code and SSO, and other aspects of the procedural history including the hung fair use verdict, are not law of the case and can only be introduced as factual matters, i.e., factual descriptions by the Court of what occurred in the past, what the Court believed after considering copyrightability in the first trial, what a reasonable person could have believed based on what the Court believed, and the prior jury's failure to make a final liability finding in Oracle's favor. *See Berber-Tinoco*, 510 F.3d at 1091 (finding violation of Rule 605 where judge interjected statements based on personal observation and experience); *see also Murray v. Schriro*, 746 F.3d 418, 461-62 (9th Cir. 2014) (a judge who testifies as a fact witness "would be seeking to persuade the finder of fact to a certain view of the evidence"). The only way Oracle could counter such testimony is by calling Judges O'Malley, Plager, and Taranto as witnesses to tell the jury that the Court got it completely wrong, and in fact that the declaring code and SSO are copyrightable. But no judge should be a witness, pure and simple. And a judge should not become a witness inadvertently through the act of informing the jury of his views on a legal issue that already has been decided. Such testimony is inadmissible under Rule 605.

**III. ORACLE WILL BE PREJUDICED IF THE COURT TESTIFIES REGARDING PAST RULINGS THAT ARE NO LONGER IN EFFECT**

The Court's beliefs regarding copyrightability and facts about the procedural history are irrelevant to the factual issues the jury must decide. The parties' dispute is about Google's beliefs at the time of copying. Testimony about a later legal decision is not probative of Google's bad faith or good faith years earlier. Yet, the Court's views could cause the jury to disregard evidence that Google knew it needed to negotiate with "Sun for a critical license," TX 17, because the "Java.lang apis are copyrighted," TX 18. *See also* ECF Nos. 1312, 1708 at 23-24 (collecting evi-

dence of Google's bad faith); *see Maheu v. Hughes Tool Co.*, 569 F.2d 459, 471 (9th Cir. 1977) ("The duty of the trial judge [is] to use great care that an expression of opinion upon the evidence should be so given as not to mislead, and especially that it should not be one-sided …. [A judge] may analyze and dissect the evidence, but he may not either distort it or add to it." (quotation marks omitted)).[3] The jury should determine Google's good faith or bad faith based on the record evidence, not the Court's beliefs regarding copyrightability. *Amaral v. Ruiz Food Prods., Inc.*, 990 F.2d 1255, 1 (9th Cir. 1993) (Table) ("Comments by a judge require reversal if the judge expresses his opinion on an ultimate issue of fact in front of the jury or argues for one of the parties.").

As a legal matter, numerous cases where a defendant first prevailed in the district court, only to lose on appeal, subsequently find that the infringement was nonetheless willful on remand. *See, e.g.*, *Liquid Dynamics Corp. v. Vaughan Co.*, No. F01 C 6934, 2008 WL 4643428, at *1 (N.D. Ill. Oct. 20, 2008), *on remand from Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1362-63 (Fed. Cir. 2004); *AIA Eng'g Ltd. v. Magotteaux Int'l S/A*, No. 3:09-CV-00255, 2012 WL 4442665, at *1-2, *6-7 (M.D. Tenn. Sept. 21, 2012), *aff'd* 530 F. App'x 959 (Fed. Cir. 2013). This is because the trial court's initial decision in the defendant's favor does not demonstrate good faith or rebut evidence of bad faith on remand.

Finally, the Court's beliefs regarding copyrightability of the declaring code and SSO of the Java API packages are not accurate instructions based on the law of the case. "[T]he effect of a reversal of a judgment is to nullify it completely and to leave the case standing as if such judgment ... had never been rendered …." *CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*, 499 F.3d 184, 188 n.2 (3d Cir. 2007) (quotation marks omitted); *Watts v. Cnty. of Sacramento*, 256 F.3d 886, 891 (9th Cir. 2001) ("because we reverse the grant of summary judgment in favor of the defendants …, the verdict is therefore a nullity"); *Simpson v. Motorists Mut. Ins. Co.*, 494 F.2d 850, 854–55 (7th Cir. 1974) (same); *Riha v. Int'l Tel. & Tel. Corp.*, 533 F.2d 1053, 1054

---

[3] The Federal Circuit's decision is the law of the case, and forms the proper basis for the jury's instructions, and is thus not misleading. *See Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1377 (Fed. Cir. 2014). But the jury should not be informed about the appellate decision, or the source of the copyrightability and infringement determinations, as the parties have stipulated.

(8th Cir. 1976) (same).  Accordingly, on remand a district court judge is reasonably expected to "put[] out of his or her mind previously-expressed views or findings determined to be erroneous." *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1344 (Fed. Cir. 2010) (quoting *Smith v. Mulvaney*, 827 F.2d 558, 563 (9th Cir.1987)).  Such views should not be shared with the jury.

## IV. THE PROPOSED INSTRUCTION IS ONE SIDED AND MISLEADING

Any instruction on the procedural history of the case beyond the parties' agreement would lead to mistrial.  Moreover, the instruction proposed by the Court will especially prejudice Oracle for the following reasons:

**A.**  The first sentence of the instruction highlights that a Google witness informed the jury about the prior trial.  This potentially could lead jurors to incorrectly infer that the first trial was somehow better for Google than Oracle because Google was not reluctant to bring it up.

**B.**  The second sentence of the instruction informs the jury that the first trial was in 2012, inviting speculation as to the lengthy delay between the first trial and the second.

**C.**  The third sentence discloses the existence of a prior jury trial, and states that no verdict was reached on fair use.  The jury will quickly realize that the prior jury hung on fair use, as infringement is not being retried, and the instruction states that the fair use determination "was not made one way or another."

**D.**  The fourth sentence informs the jury that claims with no relevance to the current suit (patent and documentation infringement claims) were decided against Oracle.  But the instruction makes no mention of the fact Google was found to have copied *implementing code* (for example, the rangeCheck program) verbatim.[4]  Moreover, referring to an infringement of "*specification* documentation" is particularly confusing because the method declarations are often referred to as specifications, and the declarations *were* infringed.

**E.**  The fifth sentence is prejudicial because it injects the Court's prior beliefs regarding copyrightability into the case, and is tantamount to a directed verdict in Google's favor for the

---

[4] Google misleadingly claimed twice in its opening that it copied no implementing code at all, even though it copied rangeCheck without permission, and took much of the rest from third-party sources.  5/10/16 Tr. 284:2-3 ("[Google] put their own source-implementing code in the labels"); 294:21-22 ("[T]he implementing code in the packages is original Google").

1 reasons discussed, *supra*. It is of no help that the sentence refers to the "trial judge," as the Court
2 already greeted Mr. Schwartz with, "Welcome again." 5/11/2016 Tr. 491:3. The jury will figure
3 out that the "trial judge" from the last trial is Judge Alsup.

4     **F.** The sixth and seventh sentences do nothing to ameliorate the prejudice from the pre-
5 ceding sentences. They do not state that the Federal Circuit's decision rendered the Court's be-
6 liefs regarding copyrightability a legal nullity, that the Federal Circuit's opinion was the unani-
7 mous decision of a panel of three appellate judges, or that the Federal Circuit's decision is the
8 correct statement of the law. Instead, the instruction characterizes the appellate opinion as merely
9 a "disagreement" between the presiding judge and the Federal Circuit.

10     **G.** The seventh and eighth sentences are duplicative of the Court's previous instruction
11 regarding the law of the case, and would reflect the parties' agreement if all references to a prior
12 trial or proceeding were removed, but there is no need to formulate duplicative instructions.

13     **H.** The final sentence of the proposed instruction unnecessarily refers to a prior trial when
14 the parties have agreed that it is sufficient to refer to "prior sworn testimony."

## CONCLUSION

Oracle respectfully submits that if the jury is informed about the procedural history of this case, including the Court's reversed copyrightability decision, it would result in a mistrial.

Dated:    May 11, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Vickie Feeman*
Vickie Feeman
Counsel for ORACLE AMERICA, INC.