IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**ORDER OVERRULING RULE 26(a) NON-DISCLOSURE OBJECTION TO STEFANO MAZZOCCHI AS WITNESS**

At the final pretrial conference, the subject of trial witnesses undisclosed under Rule 26(a) came up. Google wanted to present a witness (Simon Phipps) on a topic not disclosed under Rule 26(a), and the Court allowed Google to do so contingent on presenting him for a two-hour deposition. For its part, Oracle wanted to present a witness (Stefano Mazzocchi) never disclosed by name under Rule 26(a) and the Court was about to allow it subject to a deposition when Google said it didn't want or need a deposition given the witness now worked for Google (such that a private interview would suffice).

No order was made on Mazzocchi, however, because the Court received the impression that this detail would be worked out between counsel. Evidently, that was hoping for too much.

Then at the outset of trial, Google objected to any reference in Oracle's opening to Mazzocchi and an email he wrote about how "illegal" the Apache Harmony Project was, arguing again that he had not been disclosed under Rule 26(a). By this point, the judge had forgotten what had happened at the final pretrial conference, so the judge ordered Oracle to

delete the Mazzocchi reference from the opening and said the Rule 26(a) issue would be resolved later.

Now that the judge has gone back and read the transcript from the final pretrial conference and had his memory refreshed, it is evident that Google is seeking to have it both ways. Google won the opportunity to present a witness previously undisclosed on the trial topic on condition of a two-hour deposition but opposes Oracle getting the same relief. The judge would have granted Oracle such relief at the final pretrial conference had Google asked for a deposition, but it didn't need it since the witness now happened to be a Google employee. Moreover, it is evident that little prejudice will flow from the nondisclosure since everyone has known about the Apache email Mazzocchi will be asked to authenticate.

The Rule 26(a) disclosure objection is **OVERRULED** and Stefano Mazzocchi will not be excluded on that ground. Oracle, however, still must properly subpoena him. If it is true that Google has taken it upon itself to advise Mazzocchi that he can disregard the subpoena, then Mazzocchi needs separate counsel. This order reserves on the issue whether the Mazzocchi document is self-authenticating.

**IT IS SO ORDERED.**

Dated: May 12, 2016.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE