KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Tel:    (404) 572-4600
Fax:    (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **DEFENDANT GOOGLE INC.'S RESPONSE TO THE COURT'S PROPOSED STATEMENT TO THE JURY REGARDING FIRST TRIAL AND APPEAL (ECF NO. 1869)** <br><br><br> Dept.:    Courtroom 8, 19th Fl. <br> Judge:    Hon. William Alsup |

Defendant Google Inc. ("Google") respectfully submits this response to the Court's proposed statement to the jury regarding the first trial and appeal. ECF No. 1869 (the "Proposed Statement").

## I.     The Need for the Statement

For the reasons stated in court this morning, Tr. 712:4-714:13, Google believes that a statement to the jury along the lines proposed by the Court is appropriate both in view of the Court's concerns about speculation by the jury, as the Court expressed them on Wednesday, Tr. 690:25-693:16, and as a result of Oracle's trial conduct. Oracle continues to improperly suggest to the jury that Google has acted willfully and in bad faith at all times since 2007, even though a judgment was entered in Google's favor on the declaring code and SSO claims in June of 2012 and remained undisturbed for nearly two years—until the Federal Circuit decision in May of 2014. Oracle has persisted in this conduct even after the Court's discussion of this issue this morning, and likely will continue to do so. Oracle's conduct is highly prejudicial to Google, unfairly prevents Google and its witnesses from defending themselves, and, if not prevented, will allow Oracle to benefit improperly from its desire to inject "the propriety of Google's conduct" into this phase of the trial. Oracle's conduct justifies both a statement to the jury and a direction to Oracle that it should cease its continuing unfair and improper arguments and questioning.

As Google noted this morning, Oracle's counsel began Oracle's improper theme in his opening statement. One of the last things Mr. Bicks told the jury on Tuesday morning was:

> And even worse than that, ladies and gentlemen, ***Google kept coming out with new what they call flavors. New versions of Android, each time using these APIs, even though they knew that they shouldn't be doing that.***
> Gingerbread, Honeycomb, Ice Cream Sandwich, Jelly Bean. They kept going ***even though they knew that it was not the right thing to do.***

Tr. 277:1-6 (emphasis added). The Jelly Bean version of Android to which Mr. Bicks referred was released in July 2012, one month *after* the Court's entry of judgment in Google's favor on

1   the declaring code and SSO claims in June of 2012.[1]

2   During his cross-examination of Mr. Schmidt of Google, Oracle's counsel again
3   improperly suggested to the jury that Google has acted improperly in not changing the APIs since
4   this lawsuit was filed:

> **Q.** So one thing we can be sure of is that you knew, certainly no later than August 2010, when this case got filed, that Oracle believed that what you were doing was a violation of the copyright law. You knew that; right?
>
> **A.** I was certainly aware of Larry's view, yes.
>
> **Q.** *And did you take any steps, after this lawsuit got filed in August 2010, to take out of the mobile devices on the market any code or anything relating to those API packages?*
>
> **A.** *I'm not aware of any in that time period.*

Tr. 394:10-18 (emphasis added).

Oracle repeated this same conduct in its cross-examination of Mr. Rubin today:

> BY MS. HURST:
>
> **Q.** Now, *after you received this email, you continued to release versions of the Java platform -- Froyo, Gingerbread, Honeycomb, Ice Cream, KitKat, Lollypop, Marshmallow -- with those Java APIs in them; isn't that true?*
>
> . . . .
>
> THE WITNESS: What was the first part of the question?
>
> **Q.** After you received this email, you continued to release those 10 versions up through Marshmallow of the Android platform that you mentioned on direct; right?
>
> **A.** *Yeah. I'm not even certain I was at Google when Marshmallow was released.*
>
> **Q.** *So you were responsible up through Lollipop?*
>
> **A.** *I'm not sure when I left. I left in March of 2013.*

Tr. 885:4-21 (emphasis added). When Mr. Rubin left the Android team in March of 2013, the judgment in Google's favor was undisturbed and had been in place for the release of the Jelly Bean version—and yet he could not say so because of the admonition that Google has communicated to its witnesses not to make any reference to the prior trial or the Court's May

---

[1] The KitKat version of Android, which the Court identified to the jury in the Court's pre-instruction, Tr. 316, was also released while the judgment in Google's favor was undisturbed, on October 31, 2013.

2012 decision on copyrightability.[2]

Oracle is speaking out of both sides of its mouth and should not be permitted to continue to do so. On the one hand, Oracle asserts at every opportunity—including in its objection to the Court's Proposed Statement—that "the relevant inquiry is the witnesses' *subjective* belief ***at the time of copying***." ECF No. 1874 at 1 (first emphasis in original, second emphasis added); *see also id.* at 4 ("The parties' dispute is about Google's beliefs ***at the time of copying***.")(emphasis added). Yet, on the other hand, Oracle continues to suggest to the jury that Google's "bad faith" has continued to the present and to take advantage of the fact that Google's witnesses cannot provide the most appropriate responses to Oracle's questioning. It is fundamentally unfair for Oracle to be allowed to do so.

## II. The Proposed Statement is Proper

The Proposed Statement is especially appropriate, moreover, in the present circumstances. The Court asked this morning for authority on whether Google could be a willful infringer during the time the judgment in its favor was in place. Tr. 716:18-717:3. It cannot be. The Ninth Circuit has found in a copyright case with similar facts that the defendant is "entitled to rely on" an earlier judgment in its favor in connection with a claim of willfulness and bad faith. *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1330 (9th Cir. 1984).

In *Kamar,* the district court initially entered judgment in favor of the defendant on both invalidity and non-infringement grounds. The Ninth Circuit reversed and remanded on both validity and infringement. *Id.* at 1328. On remand, the district court found infringement but found that the defendant did not act willfully. *Id.*

In reviewing the relief awarded on remand, the Ninth Circuit affirmed the district court's holding that the defendant's sales of the accused infringing products "immediately following the first judgment do not count as infringements after notice." *Id.* at 1330. The court noted that the first judgment found the accused stuffed animals to be noninfringing and that the defendant "***was***

---

[2] To the extent Ms. Hurst deliberately did not include the Jelly Bean version of Android in her question, that omission would certainly not have been noticed by the jury. And she did include in her question the KitKat version, which was released in October 2013—while the Court's judgment in Google's favor was in effect.

1  *entitled to rely on the judgment at that time*." *Id.* (emphasis added). The court remanded for
2  reconsideration of the damages award, but limited the district court's reconsideration to sales in
3  the time period after the defendant received notice but before the first judgment. *Id.* at 1330-31.

4  Consistent with *Kamar*, Google "was entitled to rely" on this Court's June 2012 judgment
5  as to the declaring code and the SSO between the time that judgment was entered and the date of
6  the Federal Circuit opinion. Google cannot be found to be a willful infringer or to have acted in
7  bad faith during that time period. It is therefore improper for Oracle to continue to suggest
8  otherwise to the jury.

9  Google has identified only limited authority on the more general propriety of a court
10  providing statements such as this to a jury. The limited authority identified to date confirms that
11  such a statement—which is clearly warranted in this case in view of *Kamar*—is also generally
12  proper.

13  In *Waco Int'l, Inc. v. KHK Scaffolding Houston, Inc.*, 278 F.3d 523 (5th Cir. 2002), the
14  court considered a statement made by the district court during voir dire, in which the court
15  advised the jury of the procedural history of the case, including the fact that the court had granted
16  summary judgment on a particular issue but then later charged the jury with deciding the same
17  issue. The *Waco* court first acknowledged that the ultimate determination on whether the court's
18  instructions were appropriate or were confusing focuses on the jury charge as a whole, and that
19  reversal is appropriate only when "the charge as a whole leaves us with a substantial and
20  ineradicable doubt whether the jury has been properly guided in its deliberations." 278 F.3d at
21  529, quoting *Davis v. Avondale Indus., Inc.*, 975 F.2d 169, 174-75 (5th Cir. 1992). The court then
22  considered the specific statement at issue and concluded that the appellant "mischaracterizes the
23  judge's statements." *Id.* at 529. According to the *Waco* court, the statements were not
24  "instructions," had taken place during voir dire, and were made in the context of "informing the
25  jury of the procedural history of the case." *Id.* at 529-30. The *Waco* court then found that the
26  court's final instructions "described accurately and in detail the elements [of the claim], the
27  definitions involved, and the standard to be applied." *Id*. at 530. The court further noted that—as
28  is the case here—any perceived confusion on the part of the jury or necessary clarification

regarding the procedural statement can be addressed as part of the court's final instructions. *Id.*

Ninth Circuit law is generally consistent. In the Ninth Circuit, a district court's "formulation of jury instructions in a civil case" is reviewed for abuse of discretion, although the review is *de novo* for whether the instructions correctly state the law. *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005). And whether the statement is considered to be an "instruction" or an accurate factual statement, the court clearly has the discretion to provide to the jury accurate information needed to prevent jury confusion and to correct misleading arguments made by a party.

Because Oracle's conduct has, at least in part, given rise to the need for the Proposed Statement, Oracle should not be heard to complain if the Court provides the jury with the necessary background to prevent juror speculation and continuing prejudice to Google. If necessary, the Proposed Statement can be coupled with an admonition that the jury must decide the fair use issue in accordance with the Court's final instructions. That should be sufficient to address any legitimate concerns of Oracle.

**III.     Google's Suggested Modifications to the Proposed Statement**

As Google's counsel indicated this morning, Google proposes some modifications to the Proposed Statement and attaches hereto both clean (Exhibit A) and redlined (Exhibit B, with deletions indicated by strikethroughs and additions shown in bold) versions of a revised Proposed Statement. Google's proposed changes are in part to conform the language to the Court's other statements and instructions to the jury, and in part to provide the jury with more complete and targeted information regarding the relevant history.

Finally, Google submits that Oracle's seven-page "objection" to the Proposed Statement, ECF No. 1874, is a collection of largely irrelevant and overblown observations. Providing truthful information regarding the case's history that is needed to avoid prejudice to Google hardly makes the presiding judge a fact witness under Rule 605 of the Federal Rules of Evidence, nor would it justify "calling Judges O'Malley, Plager and Taranto as witnesses." *Id.* at 1-2, 4. Oracle appears to recognize that a jury that knows all the relevant facts would be unlikely to find that Google acted in bad faith, *id.* at 1, 3—but that would not be the Court's doing nor a proper

1  concern.  The Court's primary concern should and must be that Oracle not be allowed to mislead
2  the jury into an improper finding of bad faith based on Oracle's repeated refrain that Google has
3  been a willful infringer and bad actor continuously since 2007.

4  Oracle's specific complaints about the wording of the Proposed Statement are largely
5  speculative or can be addressed.  As the attached revised versions reflect, for example, Google
6  agrees that the Proposed Statement need not include any reference to the outcome of the first trial
7  with respect to the copyright claim as to the Android documentation or with respect to the patent
8  claims—on both of which Google prevailed.  *See id.* at 6.  Contrary to Oracle's assertion, the
9  Proposed Statement does not "inject[] the Court's prior beliefs regarding copyrightability into the
10 case," *id.* at 6-7; it simply states, in summary, accurate and straightforward fashion and without
11 sharing any "beliefs," the Court's May 2012 finding as to copyrightability.  And the Proposed
12 Statement also does not in any way characterize the appellate opinion as "merely a
13 'disagreement' between the presiding judge and the Federal Circuit," *id.* at 7; it clearly and
14 unequivocally tells the jury that the Federal Circuit's decision is binding for purposes of this
15 trial.*[3]*

16 For the foregoing reasons, Google requests that the Court read to the jury the revised
17 Proposed Statement attached hereto as Exhibit A, and that the Court further instruct Oracle's
18 counsel to refrain from suggesting in any way to the jury that Google acted in bad faith or
19 willfully during the time the Court's prior judgment was in effect.

---

[3]  Oracle also complains that the Proposed Statement does not mention the results of the first trial regarding the nine lines of rangeCheck code and the decompiled files. ECF 1874 at 6. As the Court will recall, the Court specifically addressed and made findings regarding these "minor items" in its May 31, 2012 copyrightability decision. ECF 1202 at 13-14. Oracle identifies no reason why the jury should be told about rangeCheck—which the Court characterized as "innocuous and overblown by Oracle" and "innocent and inconsequential," *id.*—or about the eight files that, as the Court found, "were merely used as test files and never found their way into Android or any handset." *Id.* at 14.

| | | |
|---|---|---|
| 1 | DATED:  May 12, 2016 | KEKER & VAN NEST LLP |
| 2 | | |
| 3 | | By:  /s/ Robert A. Van Nest<br>        ROBERT A. VAN NEST |
| 4 | | Attorneys for Defendant<br>GOOGLE INC. |

# EXHIBIT A

You have already heard from a witness that we have already had one trial in this case. That was in May of 2012. The jury in that prior trial found that Google infringed Sun/Oracle's copyrights in the Asserted Works, Java 2 Standard Edition versions 1.4 and 5.0, by using in Android the declaring code and structure, sequence, and organization (or "SSO") of the 37 API packages, but that jury did not decide whether or not the use was a fair use. No determination on fair use was made one way or the other in the prior trial. After the jury's verdict, the trial judge decided, also in May of 2012, that the lines of declaring code and the structure, sequence, and organization of the API packages were not copyrightable, that is, that they were not protected under the Copyright Act. In June of 2012, a final judgment was entered in favor of Google on Oracle's claims based on the declaring code and the SSO of the 37 packages, which meant that Google was free to use the declaring code and SSO. Oracle appealed that judgment.

The Court of Appeals disagreed with regard to copyrightability and determined that the lines of declaring code and the structure, sequence, and organization of the API packages were copyrightable. In May of 2014, the Court of Appeals sent the case back here for this trial on fair use and, depending on that verdict, for damages and other relief. After the Court of Appeals decision, Google sought review by the Supreme Court. In June of 2015, the Supreme Court decided not to review at that time the Court of Appeals decision on copyrightability.

The trial we are now having is the one for which the Court of Appeals sent the case back here. So for purposes of this trial, it has been established that the lines of declaring code and the SSO of the 37 API packages are copyrightable and thus subject to protection under the copyright law but subject to the right of fair use. You will be called on to decide whether the right of fair use applies. It is also established that there are no issues to be decided with respect to the implementing code in the 37 API packages in Android. The only issue for you to decide is whether Google's use in Android of the lines of declaring code in the 37 packages and the SSO of those packages was a fair use.

From time to time you will hear testimony from the prior trial. This testimony from the prior trial will count as evidence, just as the evidence presented at this trial counts as evidence.

# EXHIBIT B

You have already heard from a witness that we have already had one trial in this case. That was in **May of** 2012. The jury **in that prior trial** found that Google infringed Sun/Oracle's ~~copyright~~ **copyrights in the Asserted Works, Java 2 Standard Edition versions 1.4 and 5.0,** by using **in Android** the declaring code and structure, sequence, and organization **(or "SSO")** of the 37 ~~APIs~~ **API packages,** ~~subject only to further determination~~ **but that jury did not decide** whether or not the use was a fair use~~,~~. **No** ~~which~~ determination **on fair use** was ~~not~~ made one way or the other **in the prior trial**. ~~The jury rejected Oracle's claim that Google infringed its copyrights in the specification documentation for the 37 APIs and also rejected Oracle's claim that Google infringed various patents held by Oracle.~~ ~~The~~ **After the jury's verdict, the** trial judge ~~held, however,~~ **decided, also in May of 2012,** that the ~~declaring~~ lines of **declaring** code and ~~their~~ **the** structure, sequence, and organization **of the API packages** were not copyrightable**, that is, that they were not protected** under the Copyright Act. **In June of 2012, a final judgment was entered in favor of Google on Oracle's claims based on the declaring code and the SSO of the 37 packages, which meant that Google was free to use the declaring code and SSO. Oracle appealed that decision.**

~~On appeal, the~~ **The** Court of Appeals ~~for the Federal Circuit~~ disagreed with regard to copyrightability and **determined** ~~held~~ that the ~~declaring~~ lines of **declaring** code and ~~their~~ **the** structure, sequence, and organization **of the API packages** were copyrightable. **In May of 2014, the Court of Appeals** ~~and~~ sent the case back here for this trial on fair use and, depending on that verdict, for damages and other relief. **After the Court of Appeals decision, Google sought review by the Supreme Court. In June of 2015, the Supreme Court decided not to review at that time the Court of Appeals decision on copyrightability.**

~~This is the~~ **The** trial we are now having **is the one for which the Court of Appeals sent the case back here**. So ~~as this case comes to us now, it is a given as a matter of law~~ **for purposes of this trial, it has been established** that the ~~declaring~~ lines of **declaring** code and ~~their~~ **the SSO** ~~structure, sequence, and organization~~ of the 37 ~~APIs~~ **API packages** are copyrightable and thus subject to protection under the **copyright** law **but** subject ~~only~~ to the

right of fair use ~~if it applies~~.  **You will be called on to decide whether the right of fair use applies**.  ~~And it~~ **It** is ~~a given~~ **also established** that ~~Android used the declaring code and structure, sequence, and organization of the 37 APIs~~ **there are no issues to be decided with respect to the implementing code in the 37 API packages in Android.  The only issue for you to decide is whether Google's use in Android of the lines of declaring code in the 37 packages and the SSO of those packages was a fair use.**

From time to time you will hear testimony from the prior trial**.**  ~~and this~~ **This testimony from the prior trial** will count as evidence, just as **the** evidence presented **at this trial** ~~here~~ counts as evidence.