1  ORRICK, HERRINGTON & SUTCLIFFE LLP
   KAREN G. JOHNSON-MCKEWAN (SBN 121570)
2  kjohnson-mckewan@orrick.com
   ANNETTE L. HURST (SBN 148738)
3  ahurst@orrick.com
   GABRIEL M. RAMSEY (SBN 209218)
4  gramsey@orrick.com
   405 Howard Street, San Francisco, CA  94105
5  Tel: 1.415.773.5700 / Fax: 1.415.773.5759
   PETER A. BICKS (*pro hac vice*)
6  pbicks@orrick.com
   LISA T. SIMPSON (*pro hac vice*)
7  lsimpson@orrick.com
   51 West 52nd Street, New York, NY  10019
8  Tel: 1.212.506.5000 / Fax: 1.212.506.5151

9  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (*pro hac vice*)
10 dboies@bsfllp.com
   333 Main Street, Armonk, NY  10504
11 Tel: 1.914.749.8200 / Fax: 1.914.749.8300
   STEVEN C. HOLTZMAN (SBN 144177)
12 sholtzman@bsfllp.com
   1999 Harrison St., Ste. 900, Oakland, CA  94612
13 Tel: 1.510.874.1000 / Fax: 1.510.874.1460

   ORACLE CORPORATION
14 DORIAN DALEY (SBN 129049)
   dorian.daley@oracle.com
15 DEBORAH K. MILLER (SBN 95527)
   deborah.miller@oracle.com
16 MATTHEW M. SARBORARIA (SBN 211600)
   matthew.sarboraria@oracle.com
17 RUCHIKA AGRAWAL (SBN 246058)
   ruchika.agrawal@oracle.com
18 500 Oracle Parkway,
   Redwood City, CA 94065
19 Tel: 650.506.5200 / Fax: 650.506.7117

20 *Attorneys for Plaintiff*
   ORACLE AMERICA, INC.

21                UNITED STATES DISTRICT COURT
22                NORTHERN DISTRICT OF CALIFORNIA
23                    SAN FRANCISCO DIVISION

24 | ORACLE AMERICA, INC. | Case No. CV 10-03561 WHA |
|---|---|
| Plaintiff, | **ORACLE'S RESPONSE TO COURT'S NOTICE RE OPENING THE DOOR TO ANDROID N** |
| v. | |
| GOOGLE INC. | Dept.: Courtroom 8, 19th Floor |
| Defendant. | Judge: Honorable William Alsup |

1    Oracle submits this response to the Court's Notice Re Android N.  ECF No. 1892.

2    Oracle has not and will not open the door to Android N.  In the Court's Order on

3  GPL, OpenJDK, GNU Classpath, and Custom, the Court stated explicitly what would

4  and would not open the door (ECF No. 1829 at 3-4):

> Oracle should take care, however, not to open the door.  If Oracle suggests to the jury that, as a technical or engineering matter, Google could not have used OpenJDK for Android, then Oracle will open the door to the 2015 development.  Oracle will, however, still be free to argue that OEMs and carriers would have resisted it due to the very reason Google gave at the time (OEMs having to contribute proprietary software back to the public).  Arguments like that will not open the door.  And, Oracle can argue that "if it was so viable, how come Google never did it back then when it mattered?"  This will not open the door to 2015.

10  Oracle has never once argued, or elicited testimony, that Google could not have used

11  OpenJDK as a technical or engineering matter.

12    On Friday morning, outside the presence of the jury, Google's counsel suggested

13  that certain Oracle statements highlighted in Google's willfulness brief (ECF No. 1884)

14  opened the door to Android N.  Trial Tr. 935:2-14.  In general, the statements Google

15  complains of relate to Google's continued release of new versions of Android even

16  though Google knew better.  *See* ECF No. 1884 at 1-2.  For example, Oracle's counsel in

17  opening remarks said:  "And even worse than that, ladies and gentlemen, Google kept

18  coming out with new what they call flavors.  New versions of Android, each time using

19  these APIs, even though they knew that they shouldn't be doing that.  Gingerbread,

20  Honeycomb, Ice Cream Sandwich, Jelly Bean."  Trial Tr. 277:1-5.  Such statements do

21  not open the door to Android N.  They do not state that Google had no technically

22  feasible alternative and was therefore forced to infringe with every new release.  It is

23  undisputed that each of those versions (Gingerbread, Honeycomb, Ice Cream Sandwich,

24  Jelly Bean, and others) contains Oracle's copyrighted work.  Indeed, the Court has

25  already so instructed the jury.  Oracle's comment during opening is nothing more than a

26  simple statement that each of the versions of Android at issue contains Oracle's copy-

27  righted works and that Google continued to release new infringing versions of Android

28  even though Oracle had filed this suit and so Google knew that Oracle claimed that

1  Android infringed.

2  The only other type of statement Google complains of similarly relates to
3  Android versions currently on the market.  During the cross examination of Google's
4  Eric Schmidt, Oracle's counsel asked: "Q: And did you take any steps, after this lawsuit
5  got filed in August 2010, to take out of the mobile devices on the market any code or
6  anything relating to those API packages?  A: I'm not aware of any in that time period."
7  *See* ECF No. 1884 at 2 (quoting Trial Tr. 394:15-18).  But this too opens no door to
8  Android N.  This question and the answer focus on the time period immediately after this
9  suit was filed in 2010, long before Google's 2015 Christmas Eve publication of non-final
10 source code for a future release of Android N.  Further, Oracle's question does not
11 suggest that Google could not, as a technical or engineering matter, have used OpenJDK
12 or any other non-infringing alternative.  It simply inquires whether Google took any steps
13 immediately following Oracle's commencement of this lawsuit to remove the infringing
14 code from "devices *on the market*."  Android N is completely beside the point and
15 unrelated to the question and statements to which Google has previously pointed.

16  Finally, it bears noting that though Google has suggested that Oracle has opened
17 the door to Android N, Trial Tr. 935:2-14, Google has not actually argued that the door is
18 open and has not sought the Court's permission to introduce evidence about Android N.
19 Rather, the Court had to issue the instant order, on the eve of Google resting, asking
20 Google to speak now about Android N or to forever hold its peace.  Google's failure to
21 affirmatively move for permission to introduce evidence about Android N—especially
22 given the significance Google placed on Android N this winter—is telling, to say the
23 least.

24 Dated: May 15, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Andrew Silverman*
Andrew Silverman

Counsel for ORACLE AMERICA, INC.

- 2 -