KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:    (404) 572-4600
Facsimile:    (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiffs,<br><br>     v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**GOOGLE'S RESPONSE RE: OPENJDK**<br><br>Trial:      May 9, 2016<br>Dept:.     Courtroom 8, 19th Fl.<br>Judge:    Hon. William Alsup |

The Court ordered that any motion regarding opening the door to Google's 2015 implementation of OpenJDK be filed by May 15, 2016 at 11:00 p.m.  Oracle has opened the door to such evidence by arguing that Google has continuously – to the present day – acted willfully and in bad faith.  However, Google plans to rest its case tomorrow, and at this stage of the trial, Google's options are limited.  Google believes that the most appropriate step is for the Court to instruct the jury regarding the history of this case.  Google incorporates its Response to the Proposed Statement to the Jury Regarding the First Trial and Appeal, ECF 1884, and its Response re Law of the Case and Willfulness, ECF 1896.  If the Court elects not to instruct the jury about the history of the case, Google reserves its request for leave to introduce evidence of the 2015 OpenJDK implementation as part of its rebuttal case.  In addition, in the event that Oracle argues that it was not technically feasible for Google to use OpenJDK, or otherwise further opens the door, Google reserves the right to seek an appropriate remedy at that time.

During the course of its opening statement and its cross-examination of Google's witnesses, Oracle repeatedly asserted that Google has continuously acted in bad faith, up to the present day.  Oracle is misleading the jury by portraying Google as cavalier and defiant based on a choice not to implement a non-infringing alternative notwithstanding this case's long and winding road.  *See e.g.,* Oracle's Open Statement, Tr. 277:1-4 ("And even worse than that, ladies and gentlemen, Google kept coming out with new what they call flavors.  New versions of Android, **each time using these APIs**, even though they knew that they shouldn't be doing that." (emphasis added)).

The most appropriate way to mitigate Oracle's misleading statements is for the Court to instruct the jury regarding the history of this case.  Google plans to rest its case-in-chief tomorrow.  Given that the witnesses to date have testified without referring to Android N's implementation of OpenJDK, Google believes that introduction of any such evidence at this juncture would confuse the jury.  However, for the reasons laid out in its Response to the Proposed Statement to the Jury Regarding the First Trial and Appeal, Google submits that an instruction to the jury about the history of the case will lessen the impact of Oracle's misleading suggestions that Google has acted with ongoing willfulness and bad faith based on Google's

supposed continued improper use of the 37 Java SE API packages in Android.  An instruction regarding the history of the case will provide the jury with important context as it considers the parties' conduct over the duration of this litigation.

If the Court elects not to instruct the jury regarding the case's history, then Google reserves its right to request leave to present evidence of its OpenJDK implementation.  Google would anticipate presenting such evidence via a short examination of a percipient witness during its rebuttal case.

Additionally, Google reserves its right to request leave to present evidence of its OpenJDK implementation if Oracle argues that it was not technically feasible for Google to use OpenJDK, or changes its arguments about OpenJDK along similar lines.  For example, if Oracle argues that it was not technically possible for Google to use OpenJDK, then Google may need to refute this contention by putting on evidence of its OpenJDK implementation.  Again, Google anticipates it would need a short witness examination in its rebuttal case.

Finally, Google does not understand the Court to be asking for the parties' positions about the use of evidence of OpenJDK in a possible damages phase, and Google does not address herein a possible damages phase.  Google reserves all rights with respect to evidence of OpenJDK for use in a damages phase, if such a phase occurs.

Dated:  May 15, 2016                                    KEKER & VAN NEST LLP

                                                By:    */s/ Robert A. Van Nest*
                                                       ROBERT A. VAN NEST
                                                       CHRISTA M. ANDERSON
                                                       DANIEL PURCELL

                                                       Attorneys for Defendant
                                                       GOOGLE INC.