KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:     (404) 572-4600
Facsimile:      (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No.  3:10-cv-03561 WHA |
| Plaintiffs, | **GOOGLE'S OBJECTION TO "PRIVATE STATEMENT" FROM SUN LEGAL IN TX 9116** |
| v. | |
| GOOGLE INC., | Trial Date: May 9, 2016 |
| Defendant. | Dept:         Courtroom 8, 19th Fl.<br>Judge:       Hon. William Alsup |

## **OBJECTION**

Oracle has disclosed that it intends to use TX9116 during the direct examination of Neal Civjan. Google requests that Oracle not be permitted to use the "[p]rivate statement" on page 16 of TX 9116 with Mr. Civjan (or any other witness).  If Oracle is allowed to use the private statement, Google requests leave during its rebuttal case to read in Jonathan Schwartz's testimony, from the 2012 trial, that as Sun's CEO, he did not believe that Sun had grounds to sue Google over Android.  Apr. 26, 2012 Tr. at 2002:5-7.

The parties raised the possible use of the private statement in TX 9116 with the Court last Wednesday, before Oracle's cross-examination of Jonathan Schwartz.  The Court heard testimony from counsel for Google that counsel for Oracle had asserted privilege over the private statement during the 2011 deposition of Vineet Gupta.  The Court noted:

> THE COURT: Yes. But this is a statement by Sun legal. And it was – and they were not allowed to – the lawyer on your side told Mr. Purcell he could not pursue it in that deposition.
>
> Now, it's true they never went back and litigated it further, but what difference does that make?

May 11, 2016 Tr. at 456:20-25.  The Court ultimately concluded that Oracle "shouldn't be allowed to [use the private statement in TX 9116] because [Oracle] stonewalled at the [Gupta] deposition," and refused to allow questioning regarding the private statement.  *Id.* at 526:9-11; *see also id.* at 452:12-459:23.

Nonetheless, the Court allowed Oracle to attempt to use the private statement during cross-examination of Mr. Schwartz, because on direct examination he had come "very close" to saying that Sun had "no legal right" to stop GNU Classpath or Apache Harmony.  *Id.* at 526:2-21.  Thus, in the Court's view, Oracle was entitled to "a little bit more flexibility than [it] deserve[d]" in the cross-examination of Mr. Schwartz.  *Id.* at 526:19.  During cross-examination of Mr. Schwartz, however, Oracle was unable to lay a foundation for admission of TX 9116.  *Id.* at 600:17-603:19.

Any issues with *Mr. Schwartz's* testimony cannot justify use of the private statement during Oracle's direct examination of *Mr. Civjan*.  First, although the Court concluded that Mr.

1
GOOGLE'S OBJECTION TO "PRIVATE STATEMENT" FROM SUN LEGAL IN TX 9116
Case No.  3:10-cv-03561 WHA

1  Schwartz's testimony on direct justified use of the private statement on cross, it was a "close
2  line." *Id.* at 527:19-20 ("It's a vague/close line between a legal thing versus what he actually
3  said."). Second, even leaving aside the stonewalling at Mr. Gupta's deposition, the private
4  statement is hearsay. *See id.* at 603:18-19 ("It's not a party admission by Google. It's a Sun
5  document."). Third, any belief that Sun allegedly had yet never communicated publicly is,
6  simply put, irrelevant. Fourth, the private statement nowhere mentions copyright claims
7  regarding the declarations and SSO in the 37 API packages, instead referring only to unidentified
8  "IP" claims.

Especially given Oracle's refusal to allow Google to inquire into the meaning of the private statement nearly five years ago at Mr. Gupta's deposition, Oracle should not be allowed to send the hearsay private statement from its legal department into the jury room. Google therefore requests that the Court preclude Oracle from using the private statement in TX 9116 during its direct examination of Mr. Civjan (or with any other witness). Google reserves all other objections to the use of the rest of TX 9116.

If, notwithstanding this objection, the Court concludes that Oracle should be allowed to use the private statement in TX 9116 with Mr. Civjan (or any other witness), then Google requests leave, during its rebuttal case, to read-in the following testimony from Mr. Schwartz's testimony during the 2012 trial:

> Q. Mr. Schwartz, as CEO of Sun, did you make a decision not to pursue litigation against Google over Android?
>
> A. Yes. We didn't feel we had any grounds.

Apr. 26, 2012 Tr. at 2002:5-7. If Oracle is allowed to insinuate that the "fundamental IP" mentioned in the private statement refers specifically to the copyright claims now at issue, rather than (for example) the patent claims that it pursued, lost, and declined to appeal, in fairness Google should be permitted to sponsor Mr. Schwartz's testimony that he, as Sun's CEO, concluded that Sun had no grounds to pursue litigation against Google over Android.

Dated:  May 16, 2016

KEKER & VAN NEST LLP

By:   s/ Robert A. Van Nest
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.