1   KEKER & VAN NEST LLP
     ROBERT A. VAN NEST - # 84065
2   rvannest@kvn.com
     CHRISTA M. ANDERSON - # 184325
3   canderson@kvn.com
     DANIEL PURCELL - # 191424
4   dpurcell@kvn.com
     633 Battery Street
5   San Francisco, CA 94111-1809
     Telephone:    (415) 391-5400
6   Facsimile:    (415) 397-7188

7   KING & SPALDING  LLP
     BRUCE W. BABER (pro hac vice)
8   bbaber@kslaw.com
     1180 Peachtree Street, N.E.
9   Atlanta, Georgia  30309-3521
     Tel:    (404) 572-4600
10   Fax:    (404) 572-5100

11   Attorneys for Defendant
     GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>           Plaintiffs,<br><br>    v.<br><br>GOOGLE INC.,<br><br>           Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S REVISED PROPOSED STATEMENT TO THE JURY REGARDING FIRST TRIAL AND APPEAL (ECF NO. 1869)**<br><br><br>Dept.:    Courtroom 8, 19th Fl.<br>Judge:    Hon. William Alsup |

Defendant Google Inc. ("Google") respectfully submits this further response to the Court's proposed statement to the jury regarding the first trial and appeal.  ECF No. 1869 (the "Proposed Statement").

Following the parties' further discussion with the Court this morning, Tr. 1140:20-1152:5, counsel for Google prepared and forwarded to counsel for Oracle a revised proposed statement to the jury regarding the first trial and appeal, which Google believes is consistent with that discussion and the parties' further discussion with the Court at the end of the day. Tr. 1319:13-1320:11.  Oracle's counsel has advised Google's counsel that Google's revised proposed statement is not acceptable to Oracle.  Google also has not received from Oracle, as of the time Google is filing this, any counter-proposal from Oracle.  The parties have therefore been unable to reach agreement regarding the statement.

Google therefore submits as Exhibit A attached hereto a proposed revised statement for the Court's consideration, which statement has been slightly modified from the version Google forwarded to Oracle earlier today.  Google also submits as Exhibit B attached hereto a redlined version that shows the changes from the revised statement that Google submitted with its prior response, ECF No. 1884.


DATED:  May 16, 2016

KEKER & VAN NEST LLP


By:  /s/ Robert A. Van Nest
        ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.

# EXHIBIT A

You have already heard from a witness that we have already had one trial in this case. That was in May of 2012. No determination on fair use was made one way or the other in the prior trial.

In May of 2012, there was a legal ruling, on which Google was entitled to rely, that addressed some issues of law that had not previously been decided. That ruling was set aside in May of 2014 and a different legal ruling, which became final in June of 2015 for purposes of this trial, was made. As a result, we are here for this trial on fair use and, depending on that verdict, for consideration of damages (if any) and other relief.

So for purposes of this trial, it has been established as a result of the legal rulings mentioned above that the lines of declaring code and the SSO of the 37 API packages are copyrightable and thus subject to protection under the copyright law but subject to the right of fair use. You will be called on to decide whether the right of fair use applies. It is also established that there are no issues to be decided with respect to the implementing code in the 37 API packages in Android or the virtual machine in Android. The only issue for you to decide is whether Google's use in Android of the lines of declaring code in the 37 packages and the SSO of those packages was a fair use.

Finally, because of the legal rulings I have mentioned, you should consider, on the issue of the propriety of Google's conduct, only evidence regarding Google's conduct prior to the filing of this lawsuit in August of 2010. I will instruct you further on this issue before your deliberations begin.

From time to time you will hear testimony from the prior trial. This testimony from the prior trial will count as evidence, just as the evidence presented at this trial counts as evidence.

# EXHIBIT B

You have already heard from a witness that we have already had one trial in this case.  That was in May of 2012.  ~~The jury in that prior trial found that Google infringed Sun/Oracle's copyrights in the Asserted Works, Java 2 Standard Edition versions 1.4 and 5.0, by using in Android the declaring code and structure, sequence, and organization (or "SSO") of the 37 API packages, but that jury did not decide whether or not the use was a fair use.~~  No determination on fair use was made one way or the other in the prior trial.  ~~After the jury's verdict, the trial judge decided, also in May of 2012, that the lines of declaring code and the structure, sequence, and organization of the API packages were not copyrightable, that is, that they were not protected under the Copyright Act.  In June of 2012, a final judgment was entered in favor of Google on Oracle's claims based on the declaring code and the SSO of the 37 packages, which meant that Google was free to use the declaring code and SSO.  Oracle appealed that decision.~~

**In May of 2012, there was a legal ruling, on which Google was entitled to rely, that addressed some issues of law that had not previously been decided.  That ruling was set aside in May of 2014 and a different legal ruling, which became final in June of 2015 for purposes of this trial, was made.  As a result,**

~~The Court of Appeals disagreed with regard to copyrightability and determined that the lines of declaring code and the structure, sequence, and organization of the API packages were copyrightable.  In May of 2014, the Court of Appeals sent the case back~~ **we are** here for this trial on fair use and, depending on that verdict, for **consideration of** damages **(if any)** and other relief.  ~~After the Court of Appeals decision, Google sought review by the Supreme Court.  In June of 2015, the Supreme Court decided not to review at that time the Court of Appeals decision on copyrightability.~~

~~The trial we are now having is the one for which the Court of Appeals sent the case back here.~~  So for purposes of this trial, it has been established **as a result of the legal rulings mentioned above** that the lines of declaring code and the SSO of the 37

API packages are copyrightable and thus subject to protection under the copyright law but subject to the right of fair use.  You will be called on to decide whether the right of fair use applies.  It is also established that there are no issues to be decided with respect to the implementing code in the 37 API packages in Android **or the virtual machine in Android**.  The only issue for you to decide is whether Google's use in Android of the lines of declaring code in the 37 packages and the SSO of those packages was a fair use.

**Finally, because of the legal rulings I have mentioned, you should consider, on the issue of the propriety of Google's conduct, only evidence regarding Google's conduct prior to the filing of this lawsuit in August of 2010.  I will instruct you further on this issue before your deliberations begin.**

From time to time you will hear testimony from the prior trial.  This testimony from the prior trial will count as evidence, just as the evidence presented at this trial counts as evidence.