KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S OBJECTION RE: DOCUMENTS AND TESTIMONY FROM STEFANO MAZZOCCHI UNDER FRE 402, 403, AND 802**<br><br>Dept.       Courtroom 8, 19th Fl.<br>Judge:      Hon. William Alsup |

1060896

Oracle intends to call Apache Software Foundation member Stefano Mazzocchi as a witness, and has disclosed nine documents for its planned examination.  These documents all are inadmissible hearsay, are irrelevant to any issue in this case, contain inadmissible legal testimony, and would be highly prejudicial to Google.  Any related testimony from Mr. Mazzocchi would be inadmissible for all the same reasons.  Under Rules 402, 403, and 802, the documents and testimony should be excluded.  This Court previously excused Oracle's failure to disclose Mr. Mazzocchi pursuant to Rule 26, but the Court has not considered the admissibility of any documents or testimony from Mr. Mazzocchi.  Because Oracle intends to call Mr. Mazzocchi tomorrow or Thursday, the admissibility of his documents and testimony are ripe for adjudication.

When the parties briefed the Rule 26 issue, Oracle sought to use one document from Mr. Mazzocchi, an email from April 17, 2008, designated TX 5046.  However, in the last two days, Oracle has identified eight new documents that it intends to use with Mr. Mazzocchi.  *See* TX 9200, 9201, 9203, 9204, 9205, 9206, 9207, and 9208.  Of the nine total documents, three are emails from Mr. Mazzocchi to the Apache Software Foundation ("ASF") listserv, written *before* Mr. Mazzocchi worked for Google.  See TX 5046, 9200, 9201.  In the emails, Mr. Mazzocchi expresses his personal opinions regarding the legality of Apache Harmony's implementation of Java.  The other six documents are never-previously-produced screenshots of a website (accessed via The Wayback Machine) purporting to identify the members of the ASF and descriptions of the ASF from the 2007-2009 time period.  *See* TX 9203, 9204, 9205, 9206, 9207, 9208.

These hearsay musings pertain only to the opinions of one person who at the relevant time period had no connection to any party in this case.  Moreover, because Mr. Mazzocchi came to work at Google years after he sent these emails, the documents are potentially confusing to the jury and highly prejudicial.  Google requests that the Court order that all the documents that Oracle disclosed for Mr. Mazzocchi, and any testimony regarding these documents, are inadmissible under Rules 402, 403, and 802.

The following table summarizes Google's objections to the proffered exhibits and Mr. Mazzocchi's testimony:

1060896

| Disclosed Evidence | Why the Evidence Is Inadmissible |
|---|---|
| TX 5046<br><br>TX 9200<br><br>TX 9201 | *Hearsay:* Emails on an ASF Software Foundation mailing list, produced by ASF pursuant to subpoena, are hearsay.<br><br>*402:* An email neither sent to nor received by Google or Sun/Oracle is not relevant to any issue in the case; Mr. Mazzocchi's state of mind is irrelevant.<br><br>*403:* The contents of the email are unduly prejudicial. |
| TX 9203<br><br>TX 9204<br><br>TX 9205<br><br>TX 9206<br><br>TX 9207<br><br>TX 9208 | *Foundation/authentication:* The witness cannot authenticate historical webpages of the Apache Software Foundation.<br><br>*Hearsay:* The web pages are hearsay.<br><br>*402:* The contents of the ASF website are irrelevant.<br><br>*Untimely*: These documents were not timely produced in discovery. |
| Testimony of Stefano Mazzocchi | *402:* Mr. Mazzocchi, who has never been involved with the Android team, and does not work on the Android product, has no relevant testimony.<br><br>*403:* To the extent that Mr. Mazzocchi is offered to testify about TX 5046, TX 9200 or TX 9201, the testimony would be unduly prejudicial. |

1060896

**A.     The Court has only addressed whether Mr. Mazzocchi's testimony should be allowed notwithstanding Oracle's failure properly to disclose him pursuant to Rule 26.**

The Court has not yet addressed Google's objection regarding the relevance of the documents or Mr. Mazzocchi's testimony; the Court has only ruled on whether Oracle's failure to properly disclose Mazzocchi as a witness under Rule 26 could be excused.  *See* ECF 1875 at 2, Order re Rule 26(a) Disclosure ("The Rule 26(a) disclosure objection is OVERRULED and Stefano Mazzocchi will not be excluded on that ground"); Tr. 699:19-20 (Court: "the Rule 26(a) objection is overruled"); *see also* ECF 1860 Google's Objection to Order re Mazzocchi.  Further, the Court explicitly reserved resolution of evidentiary objections to the email sent by Mr. Mazzocchi.  ECF 1875 at 2 ("This order reserves on the issue whether the Mazzocchi document is self-authenticating.").  Moreover, eight of the nine documents that Oracle intends to offer were not even on its exhibit list when the Court issued its Rule 26 order.  Accordingly, the Court's decision on Google's objection under Rule 26 did not address any objections under Rules 402, 403, and 802, and those objections are before the Court for the first time.

**B.     Mr. Mazzocchi's emails are inadmissible hearsay.**

The three proffered-emails written by Mr. Mazzocchi that Oracle seeks to admit all inadmissible out-of-court statements.  Mr. Mazzocchi sent the emails to the apache.org listserv between 2007 and 2009.  Mr. Mazzocchi was ***not*** a Google employee when he sent any of these emails, nor did he have any affiliation with Google.  (Mr. Mazzocchi accepted a job with Google in July 2010.)  Apache produced these documents pursuant to a subpoena years ago; they were not produced by Google.  Mr. Mazzocchi was not employed by or otherwise affiliated with Google when he wrote these emails, and thus they are not party admissions by Google.  Nor are they business records of the Apache Software Foundation.  *See* RT 652:3-11; 737:25.  They are hearsay, subject to no exception, and thus are inadmissible.

**C.     Mr. Mazzocchi's emails and testimony are irrelevant, potentially confusing, and highly prejudicial.**

Oracle may argue that it will not offer the emails for the truth of any statement they contain, but rather as state of mind evidence under Rule 803(3).  But the only person's state of mind that they evidence is that of Mr. Mazzocchi.  Mr. Mazzocchi's state of mind,

1  uncommunicated to either party, is wholly irrelevant.  The thoughts of one unaffiliated person

2  about the legality of Android has no relevance to this case.

3       Indeed, Oracle has vehemently argued that evidence of an individual's beliefs and

4  practices about the reimplementations of APIs are not relevant and should be excluded.  For

5  instance, Oracle argued that *former Sun- employee* Dr. Rick Cattell should not be allowed to

6  testify about licensing practices because "Dr. Cattell has **no specialized knowledge about API**

7  **licensing practices or the legal standard governing fair use**," and he should not be permitted to

8  offer arguments "rooted solely in his personal view that APIs should not be subject to any

9  copyright protection at all." ECF 1824 at 1, 3 (emphasis added).  Oracle argued that *former Sun*

10  *employee* Simon "**Phipps' personal belief on what the law should be has no bearing on this**

11  **case**. All Phipps' testimony would do is expose the jury to his personal view on copyright law in

12  an important case, along with an invitation to ignore the law in this case."  ECF 1852 at 6

13  (emphasis added).

14       In response, the Court limited the scope of possible testimony from both Dr. Cattell and

15  Mr. Phipps.  ECF 1868, 1879.  Oracle should not be permitted to have it both ways.  If the

16  testimony of former Sun employees about the industry's approach to reimplementing APIs is

17  irrelevant, then opinions of one person who is not affiliated with either party are also irrelevant.

18       Oracle may contend that Mr. Mazzocchi's thoughts are relevant because they somehow

19  can be imputed to Sun or Google.  This argument is meritless.  Mr. Mazzocchi was not affiliated

20  with either company and there is **no** evidence that anyone at Google or Sun ever read any of the

21  emails.  Oracle has proffered membership lists for the Apache Software Foundation, in apparent

22  attempt to establish that members who participated in the ASF in their personal capacity and who

23  also worked at Google must have seen the emails.  First, there is no foundation for any of those

24  membership lists.  Second, Oracle has put forward no evidence that those individuals actually

25  read any of the emails, and no evidence that any of these individuals had anything to do with

26  Android.  The possibility that a couple of Google's tens of thousands of employees *may* have

27  received these emails and *may* have read them is rank speculation, and cannot evidence Google's

28  state of mind.

Moreover, even if the documents could overcome the hearsay problem and were somehow relevant, they should still excluded as being unduly prejudicial.  Fed. Rule of Evid. 403.  Mr. Mazzocchi is now a Google employee, but he has never worked on Android.  Admitting the documents would be highly confusing to the jury, which would potentially be misled into imputing Mr. Mazzocchi's statements from 2009 and earlier to Google, the company that became his employer only later.  Further, Mr. Mazzocchi references Android in one of his emails, even though he had (and has) no connection to Android.  While the emails are completely irrelevant to issues of Google's conduct or knowledge, given Mr. Mazzocchi's current employment at Google and his reference to Android, his past statements may be incorrectly construed as representative of *Google's* understandings regarding the use of the declarations/SSO at issue in this case.  Such an inference would be baseless.

### D.        Mr. Mazzocchi may not offer legal opinions and conclusions

Finally, the documents and testimony should be excluded because Mr. Mazzocchi is not a lawyer and should not be allowed to offer legal opinions.  The undue prejudice of allowing Oracle to introduce out-of-court statements regarding the "legality" of the Apache Harmony Project is further exacerbated by the fact that Court has previously precluded witnesses on the stand from giving any contrary view.  For example, during the examination of Jonathan Schwartz, Sun's CEO during the relevant time period, the Court prevented Mr. Schwartz from testifying on the stand about whether reimplementation of Sun APIs by third parties, such as Apache Harmony, was "permissible" on the grounds that such testimony constitute improper legal opinion:

> Q. During your tenure at Sun, was it permissible for a third party like that to use the APIs with their own implementation without a license from Sun?
>
> MR. BICKS:  Again, Your Honor objection.
>
> THE COURT:  Sustained.  You need to rephrase that.
>
> MR. VAN NEST:  All right.
>
> THE COURT:   That calls for a legal conclusion.

Tr. at 508:2-8.  Indeed, the Court cautioned Mr. Schwartz in front of the jury that he could not discuss any legal opinions relating to Apache Harmony specifically:

1060896

Q. What was the practice at Sun during your tenure – during your tenure there, with respect to third parties who used the APIs with their own implementations?

A. There was nothing we could do to stop it. It was completely -- you know, it was fair. It's what they were -- they weren't asking us to put our logo on it, and they weren't asking us to call it Java or bless or endorse it.  So we would -- you know, one of the many projects that were out there that was doing exactly this, was a project supported by Oracle called Apache Harmony. And they wanted us to give them our brand. They wanted to call it Java. We kept saying no, you have to pay us a fee to do that. They didn't pay us a fee. They didn't get to use the logo.

. . .

THE COURT: All right. Now, *but* this witness should not get into legal opinions.

RT at 508:22-509:9, 510:5-6.  The Court similarly instructed Mr. Schwartz to refrain from testifying about "legal issues" in his explanation for why GNU Classpath's reimplementation of Java APIs was consistent with Sun's business practices:

Q. To what extent, if at all, were you satisfied that GNU's use of the APIs, the Java APIs, was consistent with the business practices and policies of Sun at the time?

THE COURT: But not legal. Don't get into legal issues.

Tr. at 517:2-6.

Having refused to allow Google to elicit testimony from the Sun's **CEO** regarding the legality of Apache Harmony's conduct in 2008, it would be manifestly unfair to now, at the close of evidence, permit Oracle to introduce evidence on the very same subject via third-party hearsay from a person not affiliated with either party at the time the statements were made.

### E.      Conclusion

The documents from Mr. Mazzocchi and related testimony that Oracle intends to elicit should be excluded under Rules 402, 403, and 802.  Mr. Mazzocchi's prior opinions about the legality of Apache Harmony's use of the APIs are hearsay, irrelevant, confusing, highly prejudicial, and constitute improper legal testimony. Google respectfully requests that the Court exclude these documents and any related testimony from Mr. Mazzocchi.

1060896

Dated:  May 18, 2016

KEKER & VAN NEST LLP

By:   s/ Robert A. Van Nest
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.

GOOGLE INC.'S OBJ. RE: DOCUMENTS AND TESTIMONY OF STEFANO MAZZOCCHI
Case No.  3:10-cv-03561 WHA

1060896