ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　Plaintiff,<br>　　v.<br>GOOGLE INC.<br>　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OBJECTION TO DR. LEONARD TESTIFYING ON FAIR USE**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

Before the first trial in this case, Google moved to strike an Oracle damages expert because his first and only report was a rebuttal report offered in the third and final round of reports. The Court granted the motion, observing that to permit such a "litigation maneuver" would enable rebuttal experts to spring forth from the proverbial wooden horse of Troy. ECF No. 622 at 1, 5. Google now attempts this same maneuver with Dr. Leonard in the fair use phase of the trial.

The Court should preclude Dr. Leonard from testifying during Google's fair use case because (1) he was not timely disclosed as an expert on the issue of fair use; (2) he did not disclose an opening expert report on the issue of fair use; (3) he submitted a report for the first time in rebuttal on an issue on which Google bears the burden of proof; and (4) Oracle will not have an opportunity to directly respond to his fair use opinions at trial.

**I.  DR. LEONARD OFFERED ONLY A REBUTTAL REPORT ON FAIR USE IN THE THIRD AND FINAL ROUND OF EXPERT REPORTS**

The parties stipulated to a three-round expert report schedule on October 13, 2015, ECF No. 1334, which the Court approved on November 3, 2015, ECF No. 1356. As to fair use, the parties agreed that Google, bearing the burden on that issue, would put in its opening fair use report in the first round. ECF No. 1334 at 2. Oracle would submit its opposing fair use report in the second round. *Id.* In the third and final round, Google's expert would submit a *rebuttal* to Oracle's fair use report. *Id.*

Dr. Leonard *did not* submit a report during the first round of reports on January 8, 2016; rather, Google had other experts submit opening reports. He instead submitted an opposition report during the second round, on February 8, 2016—on *damages* only. *Id.* In that report Dr. Leonard described his assignment as relating to damages only: "I have been asked by Google to assess the appropriate damages *assuming Google does not prevail on its fair use defense* or equitable defenses and thus is found liable for copyright infringement." Leonard Damages Rpt. ¶ 7 (emphasis added). Dr. Leonard does not discuss the fair use factors in this report, either explicitly or implicitly. The word "transformative" never appears, nor do the terms "commercial

- 1 -  ORACLE'S OBJECTION TO DR. LEONARD TESTIFYING ON FAIR USE

use" or "market harm" (topics Google now says Dr. Leonard will opine on).

Dr. Leonard then submitted a report on fair use for the first time on February 29, 2016, during the third and final round of expert reports, titled "Rebuttal Expert Report of Dr. Gregory K. Leonard," even though Dr. Leonard had never filed an opening report on fair use. In this "rebuttal report," Dr. Leonard opines on pivotal fair use issues on which Google bears the burden of proof such as whether Android is a substitute for the Java platform, whether Android is transformative and whether Android caused any harm to the market for the copyrighted works. Leonard Fair Use Rpt. ¶¶ 5-31.

Despite the fact that Dr. Leonard failed to provide an opening report on fair use, Google now seeks to call Dr. Leonard to testify in the fair use phase of this trial. *See, e.g.*, ECF 1913 (List of Next Four Google Witnesses).

## II. DR. LEONARD SHOULD NOT BE PERMITTED TO TESTIFY ON FAIR USE BECAUSE HE OFFERED ONLY A REBUTTAL REPORT

Google did not timely disclose Dr. Leonard as a fair use expert. Under the controlling scheduling order, Google was required to disclose any expert it intends to offer in its fair use case no later than January 8, 2016, at the close of the first round of expert reports. *See* ECF No. 1334 at 2 (adopted by ECF No. 1356). Google did not disclose Dr. Leonard as a fair use expert until February 28, 2016. Therefore, Dr. Leonard's report comes too late to permit him to testify in Google's fair use case, and he is "automatic[ally]" excluded. ECF 1782 (Order on Simonson MIL) at 18 (citing Fed. R. Civ. P. 26(a)(2)(D), 37(c)(1)); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012)); *see also Serv. Employees. Int'l Union v. Roselli*, No. C 09-00404 WHA, 2010 WL 890134, at *1 (N.D. Cal. Mar. 8, 2010) (striking expert report served on responsive report deadline as late where it failed to respond to the substance of an opening report).

Nor was it proper for Dr. Leonard to submit a *rebuttal* report on the issue of fair use (for which Google bears the burden) *when he did not author an opening report*. This same situation of injecting a "brand-new" expert during the rebuttal phase arose before the first trial in this
- 2 -    ORACLE'S OBJECTION TO DR. LEONARD TESTIFYING ON FAIR USE

matter, and the Court precluded the offending expert from testifying at trial. During the first round of reports, Oracle offered a damages report from one expert, Dr. Cockburn. ECF No. 622 at 3. Google served two damages reports in the second round of reports, opposing the Oracle expert's report. *Id.* In the third round, Oracle served two reports from a "brand-new" damages expert, Dr. Serwin, who had not put in a damages report in the opening round. *Id.* Although these reports, like Dr. Leonard's fair use report here, were styled as "rebuttal" reports, the Court struck them as improper, reasoning: "[a] party with the burden of proof on an issue should not be allowed to secretly prepare an army of 'rebuttal' experts to attack the opposition reports like Odysseus and the Greeks springing forth from their wooden hideout in Troy." *Id.* at 5. The Court noted that although third-round "reply reports were not explicitly limited to the authors of the opening reports" in the scheduling order, "[t]he Court thought this was already clear and in twelve years of using this form of case management scheduling order, this is the first time anyone has suggested to the contrary." *Id.* at 4.

Although Oracle deposed Dr. Leonard after he submitted his rebuttal fair use report, that deposition does not cure the prejudice created by his failure to submit an opening report on an issue for which Google bears the burden of proof. Because he waited until the third round of reports, Dr. Leonard's fair use opinions are not subject to a direct response from any Oracle expert, either in a report or at trial. *See id.* at 5 (pointing out that the problem with allowing a party to "secretly prepare" rebuttal experts to attack opposition reports is that "their work would not be subject to a direct response from any opposing expert"). At trial, because Google bears the burden of proof on fair use, it is required to put on all of its fair use evidence, including expert testimony, in its case-in-chief so that Oracle has a fair opportunity to respond. That is why Google goes first. Then, after Oracle presents its evidence in response, Google has the opportunity to put on a rebuttal case, narrowly limited to rebutting Oracle's evidence.

If Google is permitted to present a brand new fair use expert in its rebuttal case, Oracle will have no opportunity to directly respond to that expert's opinions and testimony on issues on which Google bears the burden of proof. Rather, Oracle's expert must predict what Dr. Leonard might say during rebuttal and attempt to "respond" in advance. It is of little comfort that Oracle

1  has Dr. Leonard's expert report because experts in intellectual property cases rarely testify as to
2  all of the opinions and material provided in their expert reports.  Moreover, it creates an awkward
3  and confusing presentation of the evidence for Oracle's expert to attempt to respond to testimony
4  and opinions that the jury has not yet heard.

5       Google cannot credibly argue that it was surprised by Oracle's decision to retain an
6  economist on fair use and therefore was forced to retain a new expert.  It is common practice to
7  retain an economist or other financial professional to discuss market harm, and this is not
8  Google's first attempt at proving fair use.  Moreover, Google had already retained Dr. Leonard
9  and he could have offered a fair use opinion in the first round.

## **CONCLUSION**

Dr. Leonard should not be permitted to testify in the fair use phase of the trial.

Dated:       May 18, 2016                         Respectfully submitted,

                                  Orrick, Herrington & Sutcliffe LLP

                              By: */s/ Vickie Feeman*
                                    Vickie Feeman

                                Counsel for ORACLE AMERICA, INC.