ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. CV 10-03561 WHA<br>**RESPONSE TO GOOGLE'S SECOND OBJECTION RE: STEFANO MAZZOCCHI EVIDENCE**<br>Trial: May 9, 2016<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

# INTRODUCTION

Stefano Mazzocchi is the former Director of the Apache Software Foundation and is listed on Apache's website as one of six "Mentors" to the Apache Harmony Project. Google has put Apache at issue in this case by repeatedly suggesting to the jury that Google's infringement was fair use because Apache did it first. Oracle is entitled to rebut Google's arguments.

Mr. Mazzocchi is expected to testify about three emails he sent in 2007, 2008, and 2009 reflecting internal deliberations at Apache regarding the permissibility of copying the Java APIs at issue in this case.[1] Mr. Mazzocchi's emails provide in part:

- "we are, in fact, infringing on the [Sun] copyright if we distribute something that has not passed the TCK and *we know that.* This makes us *already* doing illegal things (in fact, **Android using Harmony code is illegal as well**)." (Exhibit 1, TX 5046)

- "the proposal…to release without a licensed TCK (and let Sun sue us) is a far greater breach of ASF principle…**The idea of [Apache] condoning IP infringement would morally destroy the ASF long before a Sun court case actually put out of existence**." (Exhibit 2, TX 9200)

- "what is Oracle[] going to do with 500 million java-powered cell phones? **What is Oracle going to do about Android's ripping off some of (now) their IP** and getting away with it?" (Exhibit 3, TX 9201).

These emails are not hearsay under Federal Rule of Evidence 802 because Oracle is not offering them for the truth of the matters asserted in the emails. Fed. R. Evid. 801(c). Oracle offers this evidence for the *non-hearsay purpose* of showing that the question of whether individuals in the Apache community believed it was permissible to copy the Java APIs was at least unsettled. For the same reasons, the emails are not "legal testimony" as Google suggests; Oracle is not offering them for the truth of any statements regarding legal issues. The emails are also an exception to the rule against hearsay pursuant to Federal Rule of Evidence 803(3) as evidence of Mr. Mazzocchi's then-existing state of mind.

Google has no response to the plain text of Rule 801(c) or 803(3); instead, Google falls back on meritless relevance and Rule 403 objections. *See* Objection at 3. Google has opened the

---

[1] Oracle has also disclosed six additional documents comprising archived versions of the Apache Foundation's webpages showing membership lists and the roles of various Apache members during the time periods relevant to the three Mazzocchi emails. These documents are for use in refreshing Mr. Mazzocchi's recollection, if necessary, regarding who received the subject emails.

RESPONSE TO GOOGLE'S SECOND OBJECTION
RE MAZZOCCHI EVIDENCE

door to evidence regarding Apache Harmony and cannot now complain of the consequences. Oracle repeatedly attempted to reach stipulations with Google that would have obviated the need to call Mr. Mazzocchi, but Google refused.

## I. GOOGLE'S DISCLOSURE ARGUMENTS ARE FORECLOSED BY THE COURT'S PRIOR RULINGS AND GOOGLE'S OWN CONDUCT

Google incorrectly argues that the Court has not yet addressed Google's objection regarding the relevance of Mr. Mazzocchi's testimony. The Court has already made its views on relevancy clear, and Google's argument to the contrary is not a serious one. Similarly, Google's complaint that Oracle has added documents to the Joint Trial Exhibit List since the Court's initial argument is unavailing. Both parties have added documents to the Joint Trial Exhibit list over the past week, and Google does not even attempt to argue surprise or prejudice. Google added multiple documents to the Joint Trial Exhibit just last night. Finally, it is worth noting that the six documents reflecting archived versions of the Apache Foundation's website that Google complains of are to be used, if at all, to refresh Mr. Mazzocchi's recollection regarding who received the subject emails.

## II. GOOGLE'S HEARSAY AND RELEVANCE ARGUMENTS LACK MERIT

**Hearsay.** Google's strawman arguments that Mr. Mazzocchi's emails are not party admissions or business records are irrelevant. The subject emails are admissible (1) because they are not offered for the truth of the matter asserted and (2) pursuant to Rule 803(3) regardless of whether they qualify as party admissions or business records. Fed. R. Evid. 803(3); *Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1053 (9th Cir. 2013) ("The statements were offered to show his state of mind at the time of the conversation, thus satisfying any contemporaneity requirement."). The emails may also qualify under Rule 803(3) as recorded recollection if Mr. Mazzocchi cannot adequately recall the contents of the emails. Oracle also expects that Mr. Mazzocchi may be able to lay sufficient foundation to establish that the subject emails actually do constitute Apache business records.

**Relevance.** Google cannot have it both ways. Either Apache's actions and beliefs are relevant or they are not. Google has made Apache a centerpiece of its defense and Mr. Maz-

zocchi's testimony and contemporaneous emails are relevant to rebutting Google's narrative that everyone at Apache thought that the Java APIs were "free and open" for everyone. For example, during his opening statement, Google's counsel argued, contrary to the Court's *in limine* order regarding custom evidence, as follows:

> Apache has lots of different products, but the one we're talking about in this case is Apache Harmony. Harmony was a reimplementing of the same Java libraries we're talking about. They took Java SE 5. They took the labels and the declarations and built their own implementing code. Again, Sun was aware of Apache. Sun understood that Apache was using the same labels and had written its own implementing code. And so Google engineers believed and still believe today that it was completely fair and appropriate to use the declarations. And they took some, they used some, the open source implementing code from Apache, in Android. This was -- this was well-known. All well-known.

Tr. 302:12-303:5. And Google's technical expert testified:

> Q. To what extent, if at all, is the existence of Apache Harmony relevant to your opinions in this case?
>
> **A**. Well, Apache Harmony and the other independent implementations help me understand that in general, it was very common to have independent implementations. That kind of demonstrates that it would be expected and reasonable for those things to happen.

Tr. 1250:8-20.

Mr. Mazzocchi's emails tend to make Google's arguments about Apache less likely to be true. Fed. R. Evid. 401. Google cannot maintain its relevance argument in good faith.

**Rule 403.** Google does not articulate how it will be prejudiced by Mr. Mazzocchi's evidence. Google can elicit on cross-examination that Mr. Mazzocchi did not speak on behalf of Google, or that Mr. Mazzocchi's view was one of several competing perspectives regarding the permissibility of Apache's copying. Contrary to Google's suggestion, Oracle will not offer any opinion testimony or legal conclusions of Mr. Mazzocchi for the truth of the matter asserted. Oracle will elicit only his percipient knowledge regarding his experience and responsibilities regarding the Apache Harmony project.

**Authentication.** Google's authentication arguments lack merit. First, the Court's reservation of whether the Mazzocchi emails are self-authenticating was in the event that Mr. Mazzocchi did not appear at trial. Certainly Mr. Mazocchi can authenticate his emails. He also

1  should be able to authenticate archived copies of the Apache Foundation's webpages as a former
2  Director the Apache Software Foundation. Federal Rule of Evidence 901 only requires "evidence
3  sufficient to support finding that matter is what proponent claims." Fed. R. Evid. 901(a); *see also*
4  *Davies v. L.A. Cnty. Bd. of Supervisors*, 2016 U.S. Dist. LEXIS 47325, *3-7 (C.D. Cal. Apr. 6,
5  2016) ("A proper foundation need not be established through personal knowledge, but may rest
6  on any manner permitted by Federal Rule of Evidence 901(b) or 902"); *United States v. Masters*,
7  613 Fed. Appx. 618, 620-621 (9th Cir. 2015) (chat logs authenticated by internet user who recog-
8  nized email and chat ID).

## CONCLUSION

For the reasons stated, Google's objections should be overruled and the jury should be permitted to receive the important testimony and evidence that Mr. Mazzocchi will provide.

Dated: May 18, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Vickie L. Feeman*

Counsel for ORACLE AMERICA, INC.