KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:   (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **GOOGLE'S RESPONSE TO ORACLE'S OBJECTION TO DR. GREGORY LEONARD TESTIFYING ON FAIR USE** <br><br> Dept:  Courtroom 8, 19th Fl. <br> Judge: Hon. William Alsup |

## I. INTRODUCTION

A review of the record reveals that Google has fulfilled all of its discovery obligations and Dr. Gregory Leonard should be permitted to testify as Google's rebuttal witness on fair use.

*First,* Google provided timely notice that it would call Dr. Leonard as a rebuttal witness on fair use. On October 13, 2015, the parties entered into a stipulated case schedule regarding expert reports that explicitly contemplated that Google would designate a rebuttal expert on fair use. ECF 1334 at 2. That stipulation was approved by this Court on November 3, 2015. ECF 1356. Dr. Leonard, who was first disclosed as an expert witness in 2011 in connection with the prior trial, provided a timely rebuttal report based on the schedule stipulated to by the parties. Both parties have prepared for this trial in accordance with that Stipulation and Order, and Oracle offers no grounds to deviate from that stipulation now. Moreover, on April 20, 2016, Google disclosed in the parties' *joint* pretrial statement that Dr. Leonard would testify regarding economic opinions related to the ***first and fourth fair use factors***, including market harm as well as alleged damage suffered by Oracle as a result of alleged copyright infringement.

*Second,* Dr. Leonard's complete opinions on fair use were fully and timely discussed in his expert report, which was submitted on February 29, 2016 – almost three months ago.

*Third*, Oracle took Dr. Leonard's deposition ***after*** all of his opinions in his expert reports were disclosed and thus cannot claim that it has not had an opportunity to probe his opinions or that it will be unfairly surprised by his testimony.

*Fourth*, Oracle's objection is untimely, coming near the end of trial and 36 hours before Dr. Leonard is set to take the stand. Oracle has known about Dr. Leonard's proposed testimony for almost three months. Indeed, Oracle even filed a motion *in limine* seeking to exclude certain portions of Dr. Leonard's testimony, yet it did not raise this disclosure argument at all. ECF 1554-4. In addition, Oracle did not object to Google's trial witness disclosures, served almost one month ago, in which Google stated that Dr. Leonard would testify regarding fair use.

Google was timely and forthright in its disclosures regarding the anticipated testimony of Dr. Leonard. Oracle's eleventh-hour objection is without merit. There is no harm or prejudice to Oracle if Dr. Leonard testifies in the fair use phase of this trial, and this Court should overrule

1
GOOGLE'S RESPONSE TO ORACLE'S OBJECTION TO DR. LEONARD TESTIFYING ON FAIR USE
Case No. 3:10-cv-03561 WHA

1061292.01

Oracle's objection to the testimony of Dr. Leonard.

## II. DR. LEONARD'S TESTIMONY WAS TIMELY DISCLOSED AND ITS USE DURING THE FAIR USE PHASE OF TRIAL WILL NOT HARM ORACLE

*First*, Dr. Leonard was timely disclosed as an expert witness and the parties stipulated to an expert report schedule that specifically contemplated serving rebuttal expert reports on the fair use factors. The parties explained that "while Google bears the burden of proof on fair use, Oracle intends to serve expert reports addressing all fair use factors without regard to whether those opinions might technically be characterized as rebuttal, ***and both parties agree that each should have the opportunity to respond to the other's fair use reports***." ECF 1334 at 1 (emphasis added). The stipulation further provided that Oracle would file fair use expert reports (not limited to rebuttal) on February 8, 2016 and Google would serve rebuttal reports on February 22, 2016 (later extended to February 29, 2016). There was no requirement that an expert had to submit an opening report by January 8, 2016 to be permitted to submit a rebuttal report. In fact, the stipulation contemplated that Oracle would file multiple fair use reports, thereby allowing Google to offer multiple rebuttal reports, if needed. Google followed this stipulation exactly as it was set forth with regard to Dr. Leonard's expert opinions on the fair use factors. Oracle should not now be permitted to undo an agreement that it entered and to which the parties have been operating throughout pre-trial preparations and trial.

Furthermore, on April 20, 2016, Google fully disclosed the scope and substance of Dr. Leonard's expected trial testimony, as required by this Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases. Google stated that Dr. Leonard would testify regarding:

> economic opinions related to the first and fourth fair use factors, including market harm, as well as alleged damages suffered by Oracle as a result of alleged copyright infringement. He will testify on the matters disclosed in his expert reports of February 29, March 10, and March 28, 2016.

ECF 1709 (Joint [Proposed] Final Pretrial Order), Appendix C. Oracle did not object to this disclosure or otherwise raise with Google any issues regarding Dr. Leonard's testimony.

Oracle incorrectly analogizes Dr. Leonard's report to the report of Dr. Serwin, one of Oracle's damages expert in the prior trial. ECF 1919 at 1. The Court previously struck an

unauthorized reply report from Dr. Serwin, whose report was served only three days after he was first disclosed, because the reply report violated the Court's Case Management Scheduling Order. ECF 622 at 4-5 (discussing the scope and meaning of the ECF 56 (Case Management Scheduling Order)).  There, the Court noted that it had set forth a specific schedule for expert reports that required an opening report-opposition-reply system, with brief and narrow reply reports.  *Id.* at 4.

In contrast to the procedure in the Court's prior case management order, this time around the parties stipulated to a different schedule that allowed for rebuttal reports to go beyond the scope of the opening reports.  Specifically, the parties stipulated that Oracle's fair use report would "***Not [be] Limited to Rebuttal***," to Google's opening fair use report and that, as a result, Google would have the opportunity to submit a "***Rebuttal*** to [Oracle's] Fair Use Report."  ECF 1334 at 2.  That is what Dr. Leonard, who was disclosed as an expert years ago in connection with the first trial, did in his February 29, 2016 report.  As Dr. Leonard's report makes clear, he was "asked by Google to review and respond to the expert reports of Adam Jaffe ('Jaffe Report'), Chris Kemerer ('Kemerer Report'), and Douglas C. Schmidt ('Schmidt Report'), all dated February 8, 2016."  Leonard Report, ¶ 2.  Having agreed to a schedule in which Google would designate a rebuttal expert on fair use, and having been fully apprised regarding the scope of Dr. Leonard's proposed trial testimony, Oracle should not be permitted to object at the last minute to Dr. Leonard's report.

*Second*, Dr. Leonard has fully disclosed his expert opinions on fair use.  On February 29, 2016—almost three months ago—Dr. Leonard submitted a rebuttal report in which he offered a detailed discussion of his opinions regarding fair use.  For example, Dr. Leonard explained:

> As I understand the first fair use factor, it is a relevant consideration whether and to what extent the allegedly infringing work is "transformative" of the copyrighted work at issue. In other words, it is relevant whether the allegedly infringing work used the copyrighted work at issue to create a new and different kind of work that "'adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." As a matter of economics, Google's Android operating system is transformative of the allegedly infringed work—the declaring code and structure, sequence, and organization ("SSO") of 37 API packages used in the Java SE platform—for two primary reasons. First, Android is an entirely different kind of software product—a full-stack mobile operating system—from Oracle's Java SE platform, which was an applications framework that could not

> operate any device by itself. Second, Android is designed for use and is used in a new and different generation of hardware product—smartphones—whereas Java SE was designed for desktop computers and servers and has never been used in a commercially successful smartphone product.

Leonard Rpt. ¶6. With regard to the fourth fair use factor, Dr. Leonard opined:

> As a matter of economics, Android has not caused any harm to Java SE, because Android is an entirely different product from, and thus not a substitute for, Java SE. As discussed above, Android is a full-stack operating system, whereas Java SE is only an applications framework, and Android is used in smartphones, whereas Java SE was designed for use in desktop computers and servers and has never been successfully used in a mobile device.

*Id* at ¶7.

*Third*, Oracle had an opportunity to question Dr. Leonard regarding these opinions. Oracle took the deposition of Dr. Leonard on March 11, 2016—*after* he submitted his rebuttal report on fair use. There was no limit placed on the topics that Oracle could question Dr. Leonard about during his deposition. Oracle should not be allowed now to complain that it would suffer harm when it had a full opportunity to—and in fact, briefly did—explore the opinions in his reply report.

*Fourth*, Oracle's objection comes far too late. Oracle has had months to challenge the scope and timing of Dr. Leonard's testimony. Indeed, Oracle filed a motion *in limine* seeking to exclude portions of Dr. Leonard's testimony. Nowhere in that motion did Oracle even suggest that it had an objection to Dr. Leonard testifying as a rebuttal witness in the fair use trial. Likewise, Oracle did not raise any objections when Google filed its pretrial witness disclosures, which fully disclosed that Dr. Leonard, who was designated as a rebuttal witness, would testify regarding fair use.

\* \* \*

Finally, even if Dr. Leonard's opinions were late—which they are not—Oracle would not suffer any harm if Dr. Leonard testifies during the fair use phase of trial.[1] Oracle had a full and

---

[1] Oracle suggests that this Court previously ruled that excluding expert evidence is an "automatic" sanction for failure to disclose information in a timely fashion. ECF 1919 at 2. But Oracle failed to provide the full citation to this Court's prior opinion; which makes it clear that the key consideration is whether a party is harmed by an untimely disclosure. This Court stated that exclusion of expert evidence is only proper "***unless the proffering party can show the violation is either substantially justified or harmless***." ECF 1782 at 18 (Order on Simonson

4

fair opportunity to depose Dr. Leonard on the full scope of all opinions he has offered in this case, including those set forth in his February 29, 2011 report.  Oracle's sole claim of prejudice now is that its experts will have to "respond in advance" based on topics that Oracle expects Dr. Leonard to address in Google's rebuttal case.  ECF 1919 at 3.  But, as explained above, this is precisely the scenario that the parties contemplated when they entered into the stipulation regarding the schedule for expert reports.  There is no harm to Oracle in holding it to the agreement that it entered into more than seven months ago.  By contrast, if Dr. Leonard is not allowed to testify in rebuttal, then Google, having abided by the parties' stipulation on expert scheduling, will suffer actual prejudice.

### III.  CONCLUSION

In light of the facts that the parties agreed that experts would offer opinions regarding the fair use factors in rebuttal; that Dr. Leonard fully disclosed his opinions on fair use many months ago; and that Oracle had a full and fair opportunity to vet those opinions in his deposition, Oracle's objection to Dr. Leonard's testimony should be overruled.


Dated:  May 18, 2016                                   KEKER & VAN NEST LLP

                                                       By:   s/Robert A. Van Nest
                                                             ROBERT A. VAN NEST
                                                             CHRISTA M. ANDERSON
                                                             DANIEL PURCELL

                                                             Attorneys for Defendant
                                                             GOOGLE INC.

---

MIL) (citing Fed. R. Civ. P. 26(a)(2)(D), 37(c)(1); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (emphasis added).