1  ORRICK, HERRINGTON & SUTCLIFFE LLP
   KAREN G. JOHNSON-MCKEWAN (SBN 121570)
2  kjohnson-mckewan@orrick.com
   ANNETTE L. HURST (SBN 148738)
3  ahurst@orrick.com
   GABRIEL M. RAMSEY (SBN 209218)
4  gramsey@orrick.com
   405 Howard Street, San Francisco, CA  94105
5  Tel: 1.415.773.5700 / Fax: 1.415.773.5759
   PETER A. BICKS (*pro hac vice*)
6  pbicks@orrick.com
   LISA T. SIMPSON (*pro hac vice*)
7  lsimpson@orrick.com
   51 West 52nd Street, New York, NY  10019
8  Tel: 1.212.506.5000 / Fax: 1.212.506.5151

9  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (*pro hac vice*)
10 dboies@bsfllp.com
   333 Main Street, Armonk, NY  10504
11 Tel: 1.914.749.8200 / Fax: 1.914.749.8300
   STEVEN C. HOLTZMAN (SBN 144177)
12 sholtzman@bsfllp.com
   1999 Harrison St., Ste. 900, Oakland, CA  94612
13 Tel: 1.510.874.1000 / Fax: 1.510.874.1460

   ORACLE CORPORATION
14 DORIAN DALEY (SBN 129049)
   dorian.daley@oracle.com
15 DEBORAH K. MILLER (SBN 95527)
   deborah.miller@oracle.com
16 MATTHEW M. SARBORARIA (SBN 211600)
   matthew.sarboraria@oracle.com
17 RUCHIKA AGRAWAL (SBN 246058)
   ruchika.agrawal@oracle.com
18 500 Oracle Parkway
   Redwood City, CA 94065
19 Tel: 650.506.5200 / Fax: 650.506.7117

20 *Attorneys for Plaintiff*
   ORACLE AMERICA, INC.

21                      UNITED STATES DISTRICT COURT

22                    NORTHERN DISTRICT OF CALIFORNIA

23                          SAN FRANCISCO DIVISION

24 ORACLE AMERICA, INC.,                  Case No. CV 10-03561 WHA
                                          **REQUEST TO REMOVE REDACTION
25           Plaintiff,                   FROM TRIAL EXHIBIT 5046**
                                          Trial:  May 9, 2016
26      v.                                Dept.: Courtroom 8, 19th Floor
                                          Judge: Honorable William H. Alsup
27 GOOGLE INC.,
             Defendant.

28

**INTRODUCTION**

On May 18, 2016 the Court admitted into evidence Trial Exhibit 5046.  Trial Exhibit 5046 is an email from the Apache Software Foundation's VP of Legal Affairs Sam Ruby to all members of the Apache Software Foundation reflecting a conversation between Mr. Ruby and trial witness Stefano Mazzocchi.  Prior to admission of Trial Exhibit 5046 into evidence, the Court ordered Oracle to redact the following sentence from Mr. Mazzocchi's email:  "This makes us *already* doing illegal things (in fact, Android using Harmony code is illegal as well)."  The Court reasoned that the redacted sentence was "too inflammatory and without foundation."  Tr. 1588 at 10-13.  Oracle respectfully requests that the Court remove the redaction because (1) Mr. Mazzocchi gave misleading testimony that opened the door to the redacted sentence; and (2) Mr. Mazzocchi's testimony establishes that he has sufficient foundation to form a personal belief on the subject matter of his statement (which is not offered for the truth of the matter, but rather to establish intent and for impeachment).

During Google's examination of Mr. Mazzocchi, Google's counsel asked Mr. Mazzocchi a series of leading questions designed to elicit testimony that Mr. Mazzocchi did not think that Apache was doing anything illegal.  The following exchange between Mr. Mazzocchi and Google's counsel took place:

> **Q.**  After the email exchange with Mr. Ruby, did you resign as a member from the Apache Software Foundation?
>
> **A.**  No.
>
> **Q.**  And what, if anything, do you conclude from the fact that you did not resign your membership after that email?
>
> **A.**…I would have left slamming the door if I thought that what the foundation was doing was causing harm **or doing any illegal things**.

Tr. at 1727:12-23 (emphasis added).  Mr. Mazzocchi's testimony that he did not think Apache was "doing any illegal things" is the opposite of what he *actually said* in Trial Exhibit 5046: that Apache was "*already* doing illegal things."  The jury should not be left with the false impression created by Google's line of questioning.  Moreover, in light of the Court's limiting instruction, removing the redaction from Trial Exhibit 5046 would not cause any unfair prejudice.

On the contrary, fairness requires that the jury see all of Trial Exhibit 5046 so that the jury can properly assess Mr. Mazzocchi's credibility.

### I. REMOVING REDACTION FROM TRIAL EXHIBIT 5046 WOULD NOT BE UNDULY PREJUDICIAL UNDER FED. R. EVID. 403

"Relevant evidence may be excluded under [Rule] 403 only if its probative value is *substantially outweighed*" by risk of unfair prejudice; this standard "favors admissibility." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (emphasis added). "Relevant evidence is inherently prejudicial"—especially impeachment evidence showing witness dishonesty—"but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Id.* (citation omitted). Even in the criminal context, where impeachment evidence typically entails stigmatizing evidence of gang affiliation or prior criminal acts, courts commonly permit impeachment evidence over Rule 403 objections. *See id*. (collecting cases).

Unfair prejudice under Rule 403 means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Hankey,* 203 F.3d at 1172. Here, removing the redactions from Trial Exhibit 5046 would not suggest a decision on an improper or emotional basis, particularly because the jury does not know of Mr. Mazzocchi's affiliation with Google. Rather than result in undue prejudice to Google, removing the redactions from Trial Exhibit 5046 would help the jury understand that Mr. Mazzocchi was not being honest when he attempted to walk back from the statements he made in Trial Exhibit 5046. Because impeachment evidence goes to witness credibility rather than to substantive elements of a case, courts routinely find limiting instructions sufficient to prevent any undue prejudice associated with evidence used for impeachment. *See id*. (collecting cases); *United States v. Tom*, 640 F.2d 1037, 1039-1040 (9th Cir. 1981) (impeachment evidence held "too pertinent to credibility to be excluded"). The Court gave a limiting instruction to the jury that Mr. Mazzocchi's email statements are not evidence of the truth of the matters asserted. Any risk of unfair prejudice to Google is minimal; the jury must be able to fully assess Mr. Mazzocchi's credibility.

## II. REMOVING THE REDACTION FROM TRIAL EXHIBIT 5046 DOES NOT POSE ANY FOUNDATION PROBLEM UNDER FED. R. EVID. 602

As an initial matter, the redacted statement, as pure impeachment, does not require establishing foundation. Oracle seeks to offer the statement only to show that Mr. Mazzocchi made a contrary statement in the past. The issue is credibility, not knowledge. Mr. Mazzocchi could have pontificated on any matter beyond his ken; the fact that he pontificated inconsistently is the heart of the matter.

Even still, Mr. Mazzocchi's testimony established sufficient foundation for the redacted statement. Rule 602 of the Federal Rules of Evidence states in relevant part that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000). A corporate entity's agents generally have sufficient personal knowledge to testify about topics within the scope of their responsibilities. *See id*. (citing *United States v. Thompson*, 559 F.2d 552 (9th Cir. 1977)).

Mr. Mazzocchi testified that he was accepted as a member of the Apache Software Foundation in 1999 and served on the Board of Directors for a period of time during his ten-year tenure at Apache. Tr. at 1708:17-1709:5. He further testified that he was a mentor of the Apache Harmony Project, that he served on the Harmony Project Management Committee, and that he was one of three people who created the Apache Harmony Project. Tr. at 1709:6-21.

In addition to testifying about his central role in the Apache Harmony Project, Mr. Mazzocchi also testified about the nature and purpose of the Apache Software Foundation. Importantly, Mr. Mazzocchi testified that one purpose of the Apache Software Foundation was to provide a means for software developers to be sheltered from lawsuits directed at the Apache Foundation's projects, Tr. at 1711:21-1712:4, and that he corresponded with the Apache Foundation's VP of Legal Affairs regarding legal issues related to use of copyrighted Java APIs in the Apache Harmony Project, Tr. at 1712:9-1713:16; *see also* Trial Exhibit 5046. Taken as a whole, Mr. Mazzocchi's testimony is "sufficient to support a finding that [he] has personal knowledge" regarding use of Apache Harmony code by the Apache Software Foundation and its

members and the Apache Software Foundation's assessment of legal risks associated with such use.  Mr. Mazzocchi's percipient knowledge regarding the Apache Harmony Project and the business of the Apache Software Foundation establishes that he has sufficient foundation for his statements under Rule 602.  The statements are not offered for the truth of the matter but rather to show intent and for impeachment.

## CONCLUSION

For the reasons stated, the Court should order that the redactions to Trial Exhibit 5046 be removed.

Dated:  May 18, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By:  /s/  *Vickie Feeman*
Vickie Feeman

Counsel for ORACLE AMERICA, INC.