IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., | No. C 10-03561 WHA |
| Plaintiff, | |
| v. | |
| GOOGLE INC., | **MEMORANDUM OPINION RE MOTIONS *IN LIMINE* CONCERNING RULE 706 EXPERT** |
| Defendant. | |

In this copyright infringement action, both sides moved to exclude portions of the testimony of the court-appointed damages expert, Professor James Kearl. The final pretrial order excluded Kearl's disgorgement analysis to the extent it relied on non-infringing alternatives (including his "no-Android" scenario). Similarly, it held that Kearl could not offer testimony that relies on the econometric model of Min Jung Kim, which was constructed based on data that could not be tested by any expert in this case. The reasoning for those rulings is explained in the memorandum opinion relating to Oracle's motions directed at Leonard (Dkt. No. 1784).[*]

The final pretrial order also denied Oracle's motion regarding traffic acquisition costs. This memorandum opinion explains the reasoning for that ruling.

\*          \*          \*

---

[*] This memorandum opinion need not address Google's objections regarding Kearl's reliance on the conjoint analysis performed by Dr. Steven Shugan, which was stricken as unreliable before the first trial, inasmuch as it is part of Kearl's inadmissible non-infringing alternatives analysis. Similarly, it need not address Google's objections to Kearl's adjustments to the Kim model, inasmuch as the Kim model has been excluded altogether.

The parties dispute Google's accounting practices regarding its traffic acquisition costs related to advertising revenue from searches conducted on Android devices from 2011 through 2015. Google contends that beginning in 2011, it reported Android search TAC as part of its company-wide search TAC and ceased reporting it on profit and loss statements specific to Android. Oracle contends that Google *also* reported Android-related TAC as part of its line-item for the cost of app and digital media sales on its Android profit and loss statements.

In calculating Google's deductible expenses, Google's damages expert Dr. Gregory Leonard deducted an estimate of the proportion of search TAC from company-wide totals attributable to Android as well as the cost of app and digital media sales. Oracle's damages expert, James Malackowski, responded that Leonard double-counted search TAC. Kearl opined that Malackowski appeared to have been mistaken but acknowledged that this was a factual dispute properly left to the jury. Kearl adopted Leonard's methodology, but noted that he would adjust if Malackowski's understanding of Google's accounting proved correct (Kearl Rpt. ¶ 28).

Oracle seeks to exclude Kearl's TAC opinions because he resolved ambiguity in Google's favor, although ambiguity regarding deductible costs should be resolved in Oracle's favor. *See Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1549 (9th Cir. 1989). In his response to Oracle's motion, Kearl reiterated that he viewed the disputed accounting practices as a factual issue for the jury to resolve, and thus, he would provide a damages estimate consistent with the resolution of the parties' factual dispute.

The jury will be instructed regarding the burdens of proof relating to deductible expenses, but it will not resolve the factual dispute before Kearl testifies. Nevertheless, Oracle's factual challenge to Kearl's assumptions is not a basis for the exclusion of his conclusions, rather, it is proper material for cross-examination and jury argument. For this reason, the final pretrial order **DENIED** Oracle's motion to exclude Kearl's analysis of TAC.

Dated:   May 20, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE