KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:    (404) 572-4600
Facsimile:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br>             Plaintiffs, <br><br>       v. <br><br> GOOGLE INC., <br><br>             Defendant. | Case No.  3:10-cv-03561 WHA <br><br> **GOOGLE'S CORRECTED RULE 50(A) MOTION FOR JUDGMENT AS A MATTER OF LAW** <br><br> Dept:        Courtroom 8, 19th Fl. <br> Judge:      Hon. William Alsup |

Google hereby moves[1] for judgment as a matter of law of fair use on the ground that the evidence of record allows only one conclusion—namely, that Google's use of the declarations and SSO in the 37 API packages was a fair use. "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2).

The Court directed that Google, as part of its opposition to Oracle's Rule 50(a) motion, "explain how, if at all, Java programmers knew which classes and methods in the Java library were technically required to write in the language and which were not." *See* Request for Response re Technically Necessary Copying (ECF 1934) at 1:17-18. It is an established fact that at least 170 lines of declaring code from 62 classes and interfaces in the 37 API packages are *technically necessary* in order to use the Java programming language. Tr. 1445:16-20; *see also* TX 9223.[2] It is further established that this means that "Google's use of the declaring code in Trial Exhibit 9223 was a fair use." Tr. 1445:22-23. It was still "very much in play" at trial whether *additional* lines of declaring code were "necessary"—whether technically or otherwise— and thus whether it was also fair use for Google to use those additional lines. *See* Tr. 1445:23-1446:4.

There is no evidence in the record explaining *why* the 170 lines of declaring code identified in TX 9223 are technically necessary. The only evidence on this point is Dr. Mark Reinhold's testimony that he performed an undescribed "analysis" based on his review of the Java Language Specification, the results of which are summarized in TX 9223. Tr. 1463:8-15 (testifying about "analysis"); Tr. 1464:10-25 (testifying that the identified lines of declaring code are required by the Java Language Specification). Dr. Reinhold offered no testimony about *how* he performed this analysis, or *what* in the Java Language Specification allowed him to reach these conclusions. *See id.*

Dr. Reinhold *did* testify, however, that his initial conclusions were incomplete. He testified that in response to Professor Owen Astrachan's critique of his analysis—noting that his

---

[1] This is a *corrected* motion. *See* ECF 1936.

[2] TX 1062 and TX 9223 are attached as Exhibits 8 and 30 to the Declaration of Kate Lazarus that was filed along with Google's opposition to Oracle's Rule 50(a) motion. *See* ECF 1935-9 & ECF 1935-32.

prior conclusions omitted methods that should have been included—he "redid" his analysis "from scratch in a different way" and concluded that Professor Astrachan was correct that Dr. Reinhold's prior analysis did not identify all declaring code that was technically necessary for use of the Java programming language.  *See* Tr. 1463:16-1464:1.  He further concluded that his prior analysis erroneously omitted sixteen lines of declaring code—*i.e.* that close to ten percent of the lines of declaring code in TX 9223 were missing from his prior analysis.  *See* Tr. 1463:24-1464:3.  Similarly, Oracle's expert, Professor Douglas Schmidt, testified that he had independently reviewed Dr. Reinhold's prior analysis and concluded that only 154 lines of declaring code were necessary to implement the Java Language Specification.  Tr. 1553:13-24.  He admitted that his independent analysis missed the same sixteen lines of declaring code that Dr. Reinhold missed.  Tr. 1553:25-1554:6.

The sole evidence of record thus shows that even the Chief Architect of the Java Platform Group (Tr. at 1447:1-2) has come up with different answers in repeated attempts to determine the lines of declaring code that are technically necessary to use the Java programming language[3]—an error committed by Oracle's technical expert, as well.

In the Friday request, the Court asked, "If the essential ones were not readily identifiable and the essential ones were mixed in with the nonessential ones, should all be treated as fair use?"  ECF 1934 at 1:21-22.  Google submits that (1) Dr. Reinhold's testimony demonstrates that the technically necessary lines of declaring code *are not* readily identifiable, and (2) as a result there is no basis for the jury to conclude that Google's use of *some* lines of declaring code was a fair use (as has been conclusively established), while its use of *other* lines of declaring code was not a fair use.  Google therefore is entitled to judgment as a matter of law of fair use in this case.  *See*

---

[3] Although not in the record for this retrial, Google notes that in the 2012 trial, Dr. Reinhold offered a still *different* view of what was technically necessary for use of the Java programming language, inconsistent with both of the analyses he referenced in his testimony in the current trial. *See* 2012 Trial Tr. 679:12-21 (testifying that all of the classes identified in TX 1062 are "required by the Java programming language specification") & TX 1062 (admitted in 2012 trial, and identifying 61 classes); *see also* 2012 Trial Tr. 684:16-23 (testifying that "[a]t the very least you need to use the few [classes] that are tightly related to the Java programming language," referring to the 61 classes identified in TX 1062).  Oracle's technical expert from the prior trial, Dr. John Mitchell, also testified that these 61 classes were required by the Java language specification.  2012 Trial Tr. 1288:5-11.

1   Fed. R. Civ. P. 50(a)(1).

2   Dan Bornstein testified that he and his team chose which of the Java SE APIs to create an independent implementation in Android, and that they chose the ones that "made sense" for the Android platform, based on the needs of a smartphone platform.  *See* Tr. 1104:19-1106:12.  Professor Astrachan similarly testified that the 37 API packages are "the ones that would be useful" when programming for a smartphone platform.  *See* Tr. 1234:10-11.  He further testified that developers would expect these APIs to be available to them when programming in the Java language for a platform like Android, and indeed that they are necessary to make effective use of the language.  Tr. 1262:3-1263:3.

   Indeed, Oracle witness Donald Smith testified that that the 37 API packages "are a fundamental part of what makes Java Java—what makes a developer recognize Java."  Smith Depo. at 22:25-23:2; Tr. 1013:19-20 (video deposition played); TX 7812 (marked for identification of video deposition played at trial).  Professor Schmidt offered no testimony denying that the 37 API packages are the ones that Java language programmers would have expected to be available to them for use in programming for smartphones.  Moreover, he testified that the classes and interfaces in the Java SE API packages "are not islands," and instead are "actually connected together in a very intricate web of relationships."  Tr. 1519:20-24.  He testified that "the classes relate to classes. Interfaces relate to interfaces. And classes relate to interfaces."  Tr. 1520:8-9.  He further testified that the declaring code at issue is for APIs that "touch many, many different parts" of Java SE, and that those APIs—without qualification limiting his testimony to *some* but not *all* of the declaring code in the 37 API packages—are "central or important."  Tr. 1525:22-1526:11; *see also* TX 5399 at 356 (demonstrative).

   In short, none of the evidence supports a finding that it was a fair use for Google to use *some* but not *all* of the declarations and SSO of the 37 API packages.  Dr. Reinhold's testimony (which was both conclusory and unreliable) only addresses *technical* necessity.  But the fair use doctrine is an "equitable rule of reason."  *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 448 (1984).  Congress "eschewed a rigid, brightline approach to fair use."  *Id.* at 448 n.31 (quoting H.R. Rep. No. 94-1476, at 65-66 (1976)).  The doctrine is not limited to uses that

are technically necessary, and instead the fact finder "must be free to adapt the doctrine to particular situations on a case-by-case basis" and this is especially so "during a period of rapid technological change." *Id.* (quoting House Report).  And even Oracle's technical expert testified that the declarations and SSO at issue are "central or important."  Tr. 1525:22-1526:11; *see also* TX 5399 at 356 (demonstrative).  Thus, because it is established that it was a fair use for Google to use some of the declarations and SSO, Google is entitled to judgment as a matter of law that its use of *all* of the declarations and SSO of the 37 API packages was a fair use.

Google therefore respectfully requests that the Court enter judgment as a matter of law in Google's favor.

Dated:  May 22, 2016                                                                 KEKER & VAN NEST LLP

By:  s/ Robert A. Van Nest
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.