KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Tel:   (404) 572-4600
Fax:   (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S OBJECTIONS TO THE COURT'S FINAL CHARGE TO THE JURY (PHASE ONE) (ECF NO. 1928)**<br><br>Dept.:　　Courtroom 8, 19th Fl.<br>Judge:　　Hon. William Alsup |

In accordance with Rule 51 of the Federal Rules of Civil Procedure, defendant Google Inc. ("Google") respectfully states the following objections to the Court's Final Charge To The Jury (Phase One), ECF No. 1928.

## INTRODUCTION

In connection with the charging conference on May 19, the Court allowed the parties to stand on their prior objections to, critiques of and suggestions regarding the Court's substantive instructions on fair use.  Tr. 5/19/2016 at 1951:17-1952:21; *see* ECF No. 1923 at 1-2.  In order that the record is clear, Google states herein its objections to the Court's final instructions, including those made at or based on the charging conference.

## OBJECTIONS TO FINAL INSTRUCTIONS

**Paragraph 15 – Sun and Oracle:**  Google objects to the failure to include in the instructions the last two sentences of the proposed instruction regarding Sun and Oracle that Google's counsel suggested at the charging conference, Tr. 5/19/2016 at 1964:20-1966:8, namely that "As a result, you must consider for purposes of your deliberations that any actions, inactions or statements of Sun prior to the time it was purchased by Oracle [Corporation] are actions, inactions and statements of Oracle [America] that are binding on Oracle [America].  The change of ownership does not change the fact that even though it has been referred to by two different names, Sun Microsystems, Inc. and Oracle America, Inc., the legal entity is in fact the same entity."  *See also* ECF No. 1703 at 5 (Google Proposed Instruction No. 1).  Google believes that this language is needed in the instructions in view of Oracle's disparagement, throughout the trial, of the management of Sun as if Sun was not the same company as Oracle America, Inc.

**Paragraph 22 – Statutory examples:**  Google objects to the failure to include in the instructions the second sentence of the proposed instruction regarding the non-exclusivity of the statutory examples that Google's counsel suggested at the charging conference, Tr. 5/19/2016 at 1985:4-1987:24, namely that "A use may be found to be a fair use even if it is for a purpose other than one of the illustrative purposes listed in the statute."  Google believes this is an accurate statement of the law and is necessary in view of the misleading suggestions by Oracle's counsel to the jury during opening statements.

**Paragraph 24 – Transformativeness:** As stated in its prior filings regarding the fair use instructions, Google objects to the failure to include in the instructions that a use may be transformative:

    (a)    when it is productive, *see* ECF No. 1703 at 31 (Google Proposed Instruction No. 11); ECF No. 1678 at 2; ECF No. 1743 at 10; ECF No. 1813 at 3;

    (b)    when it adds value to the prior work, *see* ECF No. 1703 at 31 (Google Proposed Instruction No. 11); ECF No. 1678 at 2; ECF No. 1743 at 10; ECF No. 1813 at 3; or

    (c)    when it incorporates the elements of the prior work into a broader work. *See* ECF No. 1661 at 3-4; ECF No. 1703 at 31-32 (Google Proposed Instruction No. 11); ECF No. 1704 at 5-6; ECF No. 1743 at 5.

Google believes that each of these additions is a correct statement of law and would assist the jury in deciding the issue of transformativeness.

**Paragraphs 23, 25 and 26 – The "extent" of the commercial nature of Google's use:** Google objects to the inclusion in paragraphs 23, 25 and 26 of the instructions of references to the "extent" of the "commercial nature" of Google's use. As stated at the charging conference, Tr. 5/19/2016 at 1994:20-1998:20, Google believes that use of the word "extent" is inappropriate in connection with the commercial nature of Google's use, is inconsistent with the case law, and may be misleading to the jury.

**Paragraph 27 – "The propriety of the accused infringer's conduct":** As stated in Google's prior filings regarding the fair use instructions, Google objects to the inclusion in the instructions of any instructions regarding the propriety of the defendant's conduct on the grounds that such instructions are inappropriate and unnecessary in this case. *See* ECF No. 1743 at 1-4; ECF No. 1776 at 7-8; ECF No. 1813 at 3.

**Paragraph 27 – Unsettled prior law and the result of first trial:** As stated in Google's prior filings regarding the Court's proposed instruction regarding the prior trial and at the charging conference, Tr. 5/19/2016 at 2018:11-2019:19, Google objects to the failure to include in the instructions statements regarding: (1) the fact that the law on the issues of the

copyrightability of declarations or "lines of declaring code" and the alleged "structure, sequence and organization" of the API packages was unsettled prior to the first trial; and (2) the outcome of the first trial in this action in 2012, namely a judgment in Google's favor, on which Google was entitled to rely from May of 2012 until at least May of 2014 (when the Federal Circuit's decision was handed down), if not June of 2015 (when Google's petition for certiorari was denied by the Supreme Court).  *See* ECF No. 1884 at 1-3, 5-6 & Ex. A; ECF No. 1896 at 15; ECF Nos. 1905 & Ex. A.  Google submits that this information is necessary for the jury to have in deciding any alleged issue regarding the propriety of Google's conduct, particularly in light of the misleading arguments of Oracle's counsel and Oracle's questioning of witnesses regarding Google's conduct. *See* ECF No. 1884 at 1-3; Tr. 5/12/2016 at 712:4-719:24; Tr. 5/18/2016 1590:19-1594:11.

**Paragraph 27 – Recognized practices in the industry:**  As stated at the charging conference, Tr. 5/19/2016 at 2013:20-2016:1, Google objects to the use in the instructions of the phrases "relied upon or contravened" in connection with recognized practices in the industry.  It may be confusing to the jury to suggest that Google must show reliance on an industry practice; it should be sufficient that Google's conduct was consistent with recognized industry practice.

**Paragraph 35 – Definition of "derivative work":**  As stated in its prior filings regarding the Court's draft instructions and at the charging conference, *see* Tr. 5/19/2016 at 2035:25-2050:3, Google objects to the failure to include in the instructions a complete definition of "derivative work," i.e., one that reflects that not all works that include some elements of a pre-existing work are necessarily derivative works, and that, in order to be a derivative work of a pre-existing work, the claimed derivative work must incorporate portions of the pre-existing work that are covered by the copyright in the pre-existing work.  *See* ECF No. 1703 at 54 (Google Proposed Instruction No. 18); ECF No. 1743 at 6-9; ECF No. 1776 at 6-7, 9; ECF No. 1813 at 3.

**Paragraph 35 – Java ME as a claimed derivative work:**  As stated at the charging conference, *see* Tr. 5/19/2016 at 2036:19- 2045:20, Google objects to the failure to include in the instructions a statement to the effect that the jury may not consider any past or current version, configuration or profile of Java ME, Java 2 ME or J2ME to be a derivative work of either of the Asserted Works, due to the absence of any evidence in the record showing that any version of

Java ME was in fact a derivative work of either of the Asserted Works, i.e., Java 2 SE 1.4 or Java 2 SE 5.0.

**Paragraph 36 – "Benefits outside the genre claimed to be harmed":**  As stated at the charging conference, *see* Tr. 5/19/2016 at 2051:21-2053:10, Google objects to the inclusion in the instructions of the last sentence in paragraph 36 to the effect that the jury "must ignore benefits from the use to the copyright owner outside the genre claimed to have been harmed" on the grounds that Oracle has not identified "the genre claimed to have been harmed" or any second "genre," and this language will therefore be confusing to the jury.

**Paragraph 39 – Other relevant factors:**  As stated in its prior filings regarding the Court's draft instructions, Google objects to the failure to include in the instructions:  (a) the following additional relevant factors:

    (1)    whether a reasonable copyright owner would have consented to the use;

    (2)    whether custom or public policy at the time would have defined the use as reasonable;

    (3)    whether the use by Google of the declaring code or SSO of the 37 packages at issue was similar to uses by other parties; and

    (4)    whether the use by Google benefits the public,

and (b) a statement that each of these factors may weigh in favor of a finding of fair use.  Google believes that each of the above is relevant for the jury to consider under the case law, and the inclusion of each is supported by the trial record.  *See* ECF No. 1703 at 48 (Google Proposed Instruction No. 16); ECF No. 1661 at 2-3; ECF No. 1776 at 2-4 ("reasonable copyright owner"); ECF No. 1813 at 3 ("reasonable copyright owner").

DATED:  May 22, 2016

    KEKER & VAN NEST LLP

    By:  /s/ Robert A. Van Nest
        ROBERT A. VAN NEST

    Attorneys for Defendant
    GOOGLE INC.