ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>            Plaintiff,<br><br>    v.<br><br>GOOGLE INC.<br><br>            Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S RESPONSE AND OBJECTIONS TO THE COURT'S FINAL CHARGE TO THE JURY (PHASE ONE) (ECF NO. 1928)**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

In accordance with Rule 51 of the Federal Rules of Civil Procedure, plaintiff Oracle America, Inc. ("Oracle") respectfully states the following objections to the Court's Final Charge To The Jury (Phase One), ECF No. 1928.

**INTRODUCTION**

The Court stated in connection with the charging conference that parties may stand on their prior objections, critiques, and suggestions regarding the Court's earlier proposed instruction on fair use. Trial Tr. at 1951:17-1952:21. Out of an abundance of caution and to ensure that the record is absolutely clear, Oracle states herein objections to the Court's final instructions, including those made at or based on the charging conference as well as objections based on revisions adopted by the Court at or after the charging conference. The objections herein are ***not*** intended and do not replace or supersede Oracle's previous objections. Rather, these objections are in addition to any and all objections made by Oracle at the charging conference or in earlier objections, critiques, and suggestions regarding the Court's earlier proposed instruction on fair use. *See, e.g.*, ECF Nos. 1663, 1679, 1744, 1745, 1777, 1814.

**OBJECTIONS TO FINAL INSTRUCTION**

**Paragraph 21 – Copyright Policy –** Oracle objects to Paragraph 21 as not providing a complete and evenhanded instruction regarding the policy justifications for copyright protection. *See* ECF No. 1663 at 1; ECF No. 1744 at 2. The policy behind copyright is not simply protecting compositions of authors from exploitation by others. The Framers sought to provide copyright protection to authors for limited times to "promote" progress in science and the useful arts. U.S. Const. art. I, § 8, cl. 8; *Mazer v. Stein*, 347 U.S. 201, 219 (1954) ("The economic philosophy behind the clause empowering Congress to grant patents and copyrights is the conviction that encouragement of individual effort by personal gain is the best way to advance public welfare through the talents of authors and inventors in 'Science and useful Arts.'"). The instruction should state that the policy behind the copyright laws is to encourage authors to create works by rewarding those authors and protecting their works from exploitation by others.

**Paragraph 24 – Transformative Use –** Oracle objects to this instruction because transformative use is not mentioned in 17 U.S.C. § 107 and is not a relevant consideration for fair

use. Oracle also objects to this instruction because defining transformation as using copyrighted elements "in a different context such that the original work is transformed into a new creation" would swallow the copyright holder's exclusive right to prepare derivative works. 17 U.S.C. §§ 101 (defining "derivative work), 106(2) (exclusive right to prepare derivative works). The Supreme Court and Ninth Circuit hold that copying, even into a new creation, is infringement and not transformative, and this Court has held that "[i]ncorporating as part of a broad work, however, simply cannot be enough to qualify as transformative," ECF No. 1780 at 1. *See Stewart v. Abend*, 495 U.S. 207, 238 (1990) (adapting a book to a movie); *Elvis Presley Enters. v. Passport Video*, 349 F.3d 622, 628-29 (9th Cir. 2003) (using video and audio clips in documentary). Oracle objects to the instruction because it does not state that a use "for the same intrinsic purpose" is not a transformative use. *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1375 (9th Cir. 2013). Finally, this instruction lacks important context for transformative use because it does not include the examples given in the preamble to § 107. *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1374 (Fed. Cir. 2014) (quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578-79 (1994)).

**Paragraph 25 – Transformative Use II –** Oracle objects to this paragraph of the instruction in its entirety as contrary to law, unnecessary, and duplicative of other instructions. Specifically, Oracle objects to the first sentence: "To qualify as transformative, the material copied need not be modified in the new work, as long as the material and the context in which the material is used qualifies as transformative under the test stated above." Oracle also objects to the instruction that the jury "may not disqualify [a use] from being transformative merely because the declaring code and SSO were carried over without change." Those statements are contrary to law and prejudicial to Oracle. "A work is not transformative where the user makes no alteration to the *expressive content or message* of the original work." *Oracle Am.*, 750 F.3d at 1374 (quoting *Seltzer*, 725 F.3d at 1177). The Court explained at the hearing that the instruction was due, in part, to the Supreme Court's decision regarding Betamax VCRs in *Sony Corp. v. Universal City Studios*, 464 U.S. 417 (1984). But *Sony* is inapposite, as *Sony* was not a case about transformative use. Rather, the Supreme Court found fair use because (1) the use was not commercial since people were recording TV shows at home for their own personal use at a more convenient time

- 2 -    ORACLE'S RESPONSE TO THE COURT'S FINAL
CHARGE TO THE JURY (PHASE ONE)

and (2) the copyright holder had not shown any "meaningful likelihood" of market harm. *Sony*, 464 U.S. at 449-51. This instruction also is contrary to the Court's earlier correct holding that "[i]ncorporating as part of a broader work, however, simply cannot be enough to qualify as transformative." ECF No. 1780 (Decision Rejecting "As Part of a Broader Work" Instruction) at 1; *accord Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1175 (9th Cir. 2012). In addition, by instructing the jury that a use cannot be disqualified from transformative merely because there was no change to the copied work, the instruction improperly shifts the burden to the plaintiff, when the burden of proving fair use and transformation lies with the defendant. Moreover, the instruction fails to admonish the jury that verbatim copying, even into a broader work, is not enough in itself to qualify as transformative. *Monge*, 688 F.3d at 1175; *Wall Data Inc. v. L.A. Cnty. Sheriff's Dep't*, 447 F.3d 769, 778 (9th Cir. 2006).

**Paragraph 26 – Commercial Use –** Oracle objects that the instruction does not state that Google's use was *purely* commercial, as the Federal Circuit held, or *entirely* commercial, as Google conceded on appeal. Oracle also objects that the instruction refers to transformative use, effectively elevating transformative use above other factors by referring to the effect of transformative use on other considerations. *See* ECF No. 1744 at 4-5.

**Paragraph 27 – Good/Bad Faith & Custom** – Oracle objects to instructing the jury on "recognized practices in the industry." A custom or industry practice of copying is not legally relevant. *See, e.g.*, ECF Nos. 1552, 1653, 1705, 1744, 1785 (Oracle's Objs. to Custom Instr.). The sentence in *Wall Data*, 447 F.3d at 778 is non-binding *dicta*, should not be followed, and would not apply when the use competes with the original work. Google has also not shown the factual predicate for the instruction. Custom requires evidence of "general and universal application that [one] may be conclusively presumed to know of the custom." *Miller v. Germain Seed & Plant Co.*, 193 Cal. 62, 69 (1924). Google has not demonstrated either that an industry custom exists or that it relied on any custom. Finally, the instruction violates the Court's order that the GNU Classpath project and OpenJDK are not relevant to show custom or that Sun/Oracle consented to any use. ECF No. 1829 (Custom Order).

**Paragraph 30 – Creative Nature Of The Copyrighted Work –** Oracle objects to the

instruction's reference to "compatibility" and "industry standard" when there is no contention that Android is compatible or that the declaring code and SSO of the Java API packages was an industry standard.  Moreover, the relevant sentence in the Federal Circuit's decision does not say anything about compatibility or industry standard: "Because computer programs have both functional and expressive components, however, where the functional components are themselves unprotected (because, e.g., they are dictated by considerations of efficiency or other external factors), those elements should be afforded a lower degree of protection than more traditional literary works." *Oracle Am.*, 750 F.3d at 1375.

**Paragraph 32 – Necessity Of Copying –** After the charging conference, the Court added to the instruction that even if Google copied more than was necessary, the jury still must consider the rest of the fair use factors.  ECF No. 1928 at 17:7-9.  This unduly weights the instruction against Oracle and in favor of fair use.  Even in an instruction that should favor Oracle, the instruction has been modified to minimize the impact of a factor weighing in Oracle's favor.

**Paragraph 33 – Amount And Substantiality –** Oracle objects to the reference in Paragraph 33 regarding Factor Three to "transformative use," which is part of Factor One.  The repeated reference to transformative use throughout the fair use factors is erroneous and prejudicial as it weights the instruction in favor of Google and fair use.

**Paragraph 35 – Derivative Work –** Oracle objects to definition of a derivative work.  The instruction that "[a] derivative work is a work based in whole or in substantial part upon one or more preexisting copyrighted works …" is not correct.  The jury should be given an instruction that tracks the statutory definition of derivative work.  The jury should also be instructed, consistent with *Micro Star*, that "a work will be considered a derivative work only if it would be considered an infringing work if the material which it has derived from a preexisting work had been taken without the consent of a copyright proprietor of such preexisting work." *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1112 (9th Cir. 1998).  Oracle also objects to the instruction that "the only derivative works that count are those derived from [Java SE 1.4 and 5.0]."  Works derived from earlier registered works (like Java 1.3) that contain material that is also in Java 1.4 and 5.0 also count.  *See, e.g., Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir.

1998); *W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1143 (10th Cir. 2009); 2 *Nimmer on Copyright* § 7.16[B][5][c]; *Brocade Commc'ns Sys. v. A10 Networks, Inc.*, 2013 WL 831528, at *4 (N.D. Cal. Jan. 10, 2013). Moreover, Google's argument on the limited scope of derivative works is based on an incorrect interpretation of 17 U.S.C. § 103 rejected by this Circuit. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435 (9th Cir. 1994).

**Paragraph 37 – Factor Four and Transformation.** Oracle objects to the instruction that the likelihood of market harm may not be presumed "where the second use is transformative because in cases of transformation, market substitution is at least less certain and market harm may not be so readily inferred." This instruction elevates transformation (one of three components of factor one) to too high a level of importance. The instruction on factor four should not mention transformation at all. Moreover, only a very specific type of transformative use causes market harm that does not count towards factor four. In *Campbell*, the Supreme Court explained that market harm from "a lethal parody, like a scathing theater review, [that] kills demand for the original, … does not produce a harm cognizable under the Copyright Act." 510 U.S. at 591-92. That kind of harm—not from market substitution but from criticism—is not at issue here, and so no instruction on transformation is warranted under factor four.

Dated: May 23, 2016                                  Respectfully submitted,

                                                      Orrick, Herrington & Sutcliffe LLP

                                                     By: */s/ Lisa T. Simpson*
                                                           Lisa T. Simpson

                                                     Counsel for ORACLE AMERICA, INC.