IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

No. C 10-03561 WHA

**NOTICE RE PHASE TWO INSTRUCTIONS, VERDICT FORM AND TIME REMAINING**

Appended hereto for Phase Two are damages instructions the Court proposes to give, including as a pre-instruction, along with a proposed special verdict form. Both sides may submit five-page critiques by **WEDNESDAY AT NOON** (without prejudice to further objections at the eventual charging conference).

In Phase One, Oracle had seven unused minutes, and Google seventeen. These will be carried over to Phase Two as additional time as per the earlier trial plan.

    \*              \*              \*

**INSTRUCTION ON DAMAGES**

1.

You have found that Google has not proven by a preponderance of the evidence that its use of the Java API code in question was a fair use. Therefore, you have found that its use constituted copyright infringement, so we will now proceed to the second and last phase of the trial in which, with two exceptions I will describe, Oracle has the burden of proof. You may

consider all of the evidence in Phase One as well as in Phase Two in your verdict in this second phase — subject to the rules and limitations I will now give.

Our copyright law authorizes two categories of damages for copyright infringement. In this case, Oracle seeks both, so I will now describe each.

2.

The first category is called "statutory damages." I will now explain what statutory damages means. Congress established in the Copyright Act of 1976 an award of statutory damages for each copyrighted work infringed. The purpose of statutory damages is to penalize the infringer and deter future violations of the copyright law. The Act provides that the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the jury considers just. For these purposes, all the parts of a compilation or derivative work constitute one work.

You may therefore award no less than $750 and no more than $30,000 as statutory damages for each of the two copyrighted works at issue.

3.

If you find that Google's infringement was innocent, however, you may award as little as $200 for each work innocently infringed. On the other hand, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed. An infringement is considered innocent if Google proves by a preponderance of the evidence that:

    1.    Google was not aware that its acts constituted infringement of the copyright; and

    2.    Google had no reason to believe that its acts constituted an infringement of the copyright.

This is one of the two exceptions in which exception the burden of proof is on Google.

4.

In determining whether Google's infringement was willful, you must assess Google's state of mind at the time it copied the declaring code and their structure, sequence and organization into the Android operating system platform. To do this, you may only consider evidence that was created on or before the date of the complaint filed in this case, August 12, 2010. To demonstrate willfulness, Oracle must show by the preponderance of the evidence that:

1. Google acted with knowledge that it infringed Oracle's copyright; or

2. Google recklessly disregarded the high possibility that it infringed Oracle's copyright; or

3. Google was willfully blind as to whether it infringed Oracle's copyright.

5.

I will now explain what Oracle must establish in order to prove that Google knew, recklessly disregarded, or was willfully blind to the fact that it infringed Oracle's copyright.

To prove that Google acted with knowledge that it infringed Oracle's copyright, Oracle must show that Google knew or should have known that its conduct constituted copyright infringement.

To prove that Google recklessly disregarded a high probability that it infringed Oracle's copyright, Oracle must show that Google either knew or should have known of a substantial and unjustified risk that it infringed Oracle's copyright.

To prove that Google was willfully blind as to whether it infringed Oracle's copyright, Oracle must show that Google subjectively believed that there was a high probability that it infringed Oracle's copyright, and took deliberate actions to avoid learning that it infringed Oracle's copyright.

Google may rebut Oracle's contention that its infringement was willful by showing, by a preponderance of the evidence, that it reasonably and in good faith believed that it was not infringing Oracle's copyrights.

3

Within these limits, your decision as to the amount of statutory damages to award must be guided by what is just in this particular case, considering such factors as the nature of the copyright and the circumstances of the infringement.

6.

The verdict form will specifically ask you to answer whether or not Oracle has proven by a preponderance of the evidence that Google's infringement was willful and whether or not Google has proven that its infringement was innocent.

7.

The next category of damages is called "actual damages and disgorgement of infringement profits." The Copyright Act of 1976 provides:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

I have just quoted for you the relevant provision of the Copyright Act exactly as enacted by Congress.

8.

Actual damages means the amount of money adequate to compensate Oracle for any reduction of the fair market value of its copyrighted work caused by the infringement. The fair market value of a copyrighted work can be determined in two ways. Fair market value may be represented by the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use Google made of Oracle's works. Fair market value may also be represented by the amount of Oracle's lost profits, that is, the amount of profits that Oracle would have earned but for Google's infringement. To recover actual damages, Oracle must show that it suffered those damages as a result of Google's infringement.

4

9.

In determining what damages to award Oracle, you are not permitted to include speculative damages, which means compensation for future loss or harm, which, although possible, is conjectural or not reasonably certain. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

10.

Oracle also seeks to require Google to pay over to Oracle the profits made by Google on account of its infringement. To recover infringement profits made by Google, Oracle must first prove by a preponderance of the evidence the amount of Google's gross revenue attributable to the infringement. To do this, Oracle must prove by preponderance of the evidence a causal nexus between Google's infringement and the claimed gross revenue number. To carry this burden, Oracle must show that the infringement bears a reasonable association to the claimed gross revenue number. If Oracle fails to carry this burden, then you may not require disgorgement of Google's profits.

11.

If you determine that Oracle has carried this burden, then the burden shifts to Google to prove by a preponderance of the evidence the amount of deductible expenses and the elements of the gross profit attributable to factors other than the copyrighted work. If Google carries this burden, you should calculate Google's profits attributable to the infringement by deducting its expenses from its gross revenue. Google may also prove that some of its gross revenue asserted by Oracle was attributable to factors other than the infringement. This is the second exception where Google has the burden of proof. If Google carries this burden, you should reduce Google's gross revenue to the amount attributable to Google's infringement versus other factors.

12.

Google's profits do not need to be calculated with mathematical or absolute exactness by either Oracle or Google. The law requires only a reasonable approximation of an infringer's profits as a basis for determining the proper amount of damages. Your apportionment, if any, of

Google's gross revenue similarly does not need to be calculated with mathematical or absolute exactness. The law requires only that any apportionment be reasonable and just.

13.

The verdict form will ask for your verdicts both as to actual damages to Oracle and as to infringement profits by Google. Oracle will be entitled to recover the greater of the two, not both, this to avoid double counting.

14.

In this connection, meaning in connection with double counting, the law further allows Oracle to make an election between statutory damages on the one hand and all other damages and profits on the other. Oracle may make this election after the jury has determined those respective amounts and at any time before final judgment. Therefore, you should answer all of the questions on the verdict form and the problem of double counting, if any, will be handled by counsel and the Court.

Dated: May 23, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE