ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. <br><br> Plaintiff, <br> v. <br> GOOGLE INC. <br><br> Defendant. | Case No. CV 10-03561 WHA <br> **ORACLE'S MEMORANDUM REGARDING CONTINUING WILLFUL INFRINGEMENT** <br> Dept.: Courtroom 8, 19th Floor <br> Judge: Honorable William Alsup |

In the Ninth Circuit, a copyright infringer is willful if, after receiving notice of infringement such as a letter or a complaint, the infringer's behavior does not change. *Compare Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 (9th Cir. 1990) (defendant was willful because it kept infringing even after notice letter) *with Kamar Int'l, Inc. v. Russ Berrie & Co., Inc.*, 752 F.2d 1326, 1328, 1331 (9th Cir. 1984) (defendant was not willful where defendant ceased infringement after the lawsuit began (except for accidentally making a few sales)).

The jury heard evidence in Phase One of this case that Google knew—as early as 2006—that the Java technology Google used in Android was copyrighted and that Google needed a license. Although Google knew this all the way from the top (co-founder Larry Page) to the head of Android (Andy Rubin) to the chief engineers on Android (such as Bob Lee), Google proceeded to use Oracle's copyrighted property. And it continued to do so even after receiving notice of infringement pursuant to Oracle's filing of this lawsuit in August 2010.

Under Ninth Circuit law, Oracle is entitled to offer evidence of Google's continued willful infringement throughout this litigation to the jury. There is no legal basis for limiting Oracle's evidence of Google's willful infringement to the filing of the complaint because Google's infringement has remained an unbroken chain from before the filing of the complaint, through the Federal Circuit's decision and back on remand (at least through the release of Marshmallow in October 2015). Although the Court, with Oracle's agreement, limited bad faith evidence in Phase One up until the filing of the complaint on August 12, 2010, this temporal limitation should not apply to willfulness evidence in Phase Two because continued infringement after notice is evidence of willfulness. Nevertheless, in light of concerns the Court has previously expressed, Oracle is willing to forgo introducing evidence regarding Google's continued willful infringement after May 2012 and instead Oracle is willing to agree to stand only on evidence of pre-May 2012 conduct by Google to show willfulness.[1] *See* ECF No. 1900 (Oracle Br.) at 1.

---

[1] Regardless of whether and what the cutoff date is for willfulness evidence, Oracle continues to maintain that the Court must not instruct the jury on the Court's earlier, now-reversed copyrightability decision. Doing so would greatly prejudice Oracle, improperly interject the Court into the trial as a fact witness, and likely require a mistrial. *See* ECF No. 1874 at 1-2.

- 1 - ORACLE'S MEMO RE CONTINUING WILLFUL INFRINGEMENT

I.  **ORACLE IS ENTITLED TO OFFER ALL EVIDENCE OF CONTINUING WILLFUL INFRINGEMENT IN PHASE TWO**

Oracle is entitled to submit evidence of continuing willful infringement in Phase Two. During Phase One, the jury heard substantial evidence of Google's willful infringement, spanning many of the years at issue.  The jury heard that Andy Rubin, founder of Android, knew in 2006 that the APIs at issue in this case were copyrighted, TX 18 at 1, and that he communicated this fact to Larry Page, founder and then-CEO of Google, Trial Tr. 1829:12-17.  The jury heard that Mr. Rubin *had been a customer of Sun* when he was at Danger, where he took a license for Danger's reimplementation of the APIs.  Trial Tr. 887:17-889:23.  The jury also heard that Android advisor Tim Lindholm—*who used to be "Java CTO" at Sun*—believed on the eve of litigation in 2010 that Google needed a license to use Java in Android.  Trial Tr. 884:8-11; TX 10. The jury heard Stefano Mazzocchi, former Director of the Apache Software Foundation, ponder in a 2009 email to the members of Apache, including Google employees:  "What is Oracle going to do about Android's ripping off some of (now) their IP and getting away with it?"  Trial Tr. 1722:22-1725:23; TX 9201.  The jury also heard (and sees on the stipulated timeline) that Google received unequivocal notice—when Oracle filed this lawsuit in 2010—that Oracle believed Google was infringing its copyrighted APIs.  Google's actions upon receiving this notice are probative of the willfulness of its continued infringement.

The standard for willful infringement is whether:

1. Google acted with knowledge that it infringed Oracle's copyright; or
2. Google recklessly disregarded the high possibility that it infringed Oracle's copyright; or
3. Google was willfully blind as to whether it infringed Oracle's copyright.

ECF No. 1945 (Notice Re Phase Two Instructions) at 3.

In the Ninth Circuit, a key indicator of willfulness is whether a copyright infringer after receiving notice of infringement, such as a letter or a complaint, does not alter its behavior.  *See Peer Int'l Corp.*, 909 F.2d at 1335 (defendant was willful because it kept infringing even after notice letter); *Leegin Creative Leather Prods., Inc. v. Belts by Nadim, Inc.*, 316 F. App'x 573, 574

(9th Cir. 2009) (defendant was willful where "the evidence established that [defendant] continued to sell infringing watches after receiving notice of [plaintiff's] lawsuit."); *Kamar Int'l*, 752 F.2d at 1328, 1331 (no willful infringement when defendant ceased infringing conduct after lawsuit except for a few accidental sales).[2]  Accordingly, willfulness is not assessed based on only "Google's state of mind *at the time it copied* the declaring code and their structure, sequence and organization into the Android operating system platform." ECF No. 1945 (Notice Re Phase Two Instrs.) at 3 (emphasis added).  Rather, Google's actions upon receiving the complaint are probative of whether it continued to infringe with knowledge of, reckless disregard for, or willful blindness to its infringement.  For purposes of proving its willfulness claim in Phase Two, Oracle should therefore be permitted to offer evidence that Google continued to willfully infringe even after this suit was filed.

The opinion in *L.A. Printex Industries, Inc. v. Lia Lee, Inc.*, No. CV 08-1836-ODW, 2009 WL 789877 (C.D. Cal. Mar. 23, 2009), illustrates the importance of continued infringement after notice to the willfulness determination.  In *Printex*, the defendant, who was a competitor and former customer of plaintiff (much like Mr. Rubin in the instant case), copied several of plaintiff's copyrighted clothing designs and sold clothes based on those designs.  *Id.* at *1. Plaintiff sent defendant a cease-and-desist letter alleging infringement of plaintiff's copyrighted designs.  *Id.*  After receiving the letter, defendant continued selling infringing garments.  *Id.*  The court was hesitant to grant summary judgment of willful infringement to the plaintiff because

---

[2] *Accord Miche Bag, LLC v. Ayers*, No. 4-09-3261-TLW, 2010 WL 5141662, at *4 (D.S.C. Sept. 22, 2010) ("Evidence that a defendant has been given notice of infringement, yet continues to sell the infringing product, is '*perhaps the most persuasive evidence of willfulness*.'" (emphasis added)); *Microsoft Corp. v. AGA Sols., Inc.*, No. 05 CV 5796(DRH), 2010 WL 1049219 (E.D.N.Y. Mar. 22, 2010) ("Here, there is evidence of willfulness, including that Defendants continued to distribute infringing products even after receiving several cease and desist letters from Plaintiff and even after one of their shipments was seized by U.S. Customs."); *Street Talk Tunes v. Vacaville Rec. Corp.*, No. CIV S-05-2401-FCD-JFM, 2006 WL 2423429 (E.D. Cal. Apr. 19, 2006) (willfulness where "[d]espite repeated attempts by plaintiffs to get defendants to stop using the copyrighted materials or to take a license for their use, defendants persisted in playing the musical compositions and ignoring plaintiffs' requests"); *Broad. Music, Inc. v. Colonial Foods, Inc.*, No. C-92-4253-DLJ, 1993 WL 87808, at *3 (N.D. Cal. Mar. 17, 1993) (willfulness where "despite repeated attempts by plaintiffs to get defendants to stop using the copyrighted materials or to take a license for their use, defendants persisted in playing the musical compositions and ignoring plaintiffs' request"); *Int'l Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 381 (7th Cir. 1988) (collecting cases) (willfulness where defendant engaged in a "pattern of conduct" of infringing despite receiving letters with "explicit references to federal copyright laws").

1  "willfulness requires an assessment of a party's state of mind" and thus "is not usually susceptible
2  to summary judgment." *Id.* at * 7.  Nevertheless, the court granted the plaintiff summary
3  judgment of willful infringement as to sales made after the defendant received the plaintiff's
4  cease-and-desist letter.  *Id*. ("the determinative factor in finding willfulness, as a matter of law,
5  was the defendant's undisputed notice of the alleged infringement and his continued infringement
6  thereafter despite the notification" (citing *Peer Int'l Corp.*, 909 F.2d at 1335-36)).

The instant case bears important parallels to *Printex*.  Similar to Andy Rubin at Danger, the defendant in *Printex* first learned about plaintiff's copyright years earlier when the defendant was a customer of the plaintiff.  *Id.* at *1.  Mr. Rubin and others also knew that Sun owned the copyrighted works—worse still, they knew the APIs at issue were copyrighted and that they needed a license, TX 18.  Moreover, like the defendant in *Printex*, who became plaintiff's competitor and admitted that the plaintiff exclusively owned the copied works, Rubin was also a customer-turned-competitor of Sun with Android.  Tr. 844:13-15, 844:21-22, 889:20-891:12.  Further, in *Printex*, the defendant continued to sell infringing garments even after learning of the infringement allegations.  2009 WL 789877 at *7.  And here, even after receiving the complaint that initiated this lawsuit, Google continued to distribute newer and newer infringing versions of Android containing the 37 Java API packages onto hundreds of millions, if not billions, of Android phones.  In the Ninth Circuit, this continuing infringement is highly relevant to willfulness.

## II. ORACLE IS WILLING TO STAND ON PRE-MAY 2012 EVIDENCE OF WILLFULNESS

In Phase One, Oracle accepted the Court's proposal that the Court could instruct the jury—for purposes of deciding *fair use* in that phase—that the jury may consider only pre-complaint evidence when determining bad faith:

> THE COURT: Take a moment to consider whether you would accept that as a way to go forward modus vivendi.  Just to be clear, I would tell them that the record is up to the date of the Complaint and that they should not consider evidence after that, but whatever their decision is as to ***fair use***, *up to the date of the filing of the Complaint* would govern for all of the versions of Android that are in play ***in this phase***.
>
> [Court talks about OpenJDK]
>
> [Google response]

> MS. SIMPSON: Your Honor, we find your proposal acceptable to Oracle. We think that would solve the problem. We do not agree that an instruction at this point is necessary or would be wise for the variety of reasons that we've set forth in our briefs. We think it would be prejudicial –
>
> [Additional discussion]
>
> THE COURT: All right. *I don't have an answer for you*. I wish you good lawyers could -- see, you worked out this stipulation that you would not refer to the prior proceedings, and this is really Google's fault, in a way, for having agreed to that. Now you want to go back on it and I don't blame you for wanting to go back on it, but it's not so clear-cut, what should be done here.

Trial Tr. 1142:5-12; 1144:3-7, 1151:24-1152:5 (emphasis added). While counsel for Google sometimes discussed willfulness and bad faith together during this discussion, the Court and Oracle focused on Phase One only—*i.e.*, the bad faith component of factor one of fair use—which was the issue at hand. After this exchange, the Court memorialized the consensus on bad faith in its proposed and final jury instructions for Phase One, which are limited by their text to only the bad faith component of fair use and do not apply to the rest of the fair use factors, much less to the jury's entire deliberations, including Phase Two. ECF Nos. 1923, 1928.

Oracle has not agreed to limit willfulness evidence in Phase Two in the manner it agreed to limit bad faith. However and despite the above explanation of why Oracle is entitled to submit evidence of continuing infringement without temporal limitation, as previously offered Oracle is willing to stand on evidence of Google's continuing willful infringement prior to the Court's May 2012 copyrightability decision. *See* ECF No. 1900 (Oracle Br.) at 1. This will avoid any concern about Google's theoretical reliance (which Google never asserted) on the copyright decision.[3]

---

[3] As Oracle has explained previously (ECF No. 1900 at 6-9), the Court's copyrightability decision is irrelevant to willfulness—and certainly to the jury's consideration of willfulness. Other courts have found an earlier, reversed decision for the defendant is no barrier to a finding of willful infringement on remand. *Id.* at 7-9. Moreover, the Court's copyrightability decision is not relevant in this case in light of the way that Google has prosecuted this matter because Google (a) disclaimed an advice-of-counsel defense, (b) cannot show reliance on the Court's decision, and (c) never proposed in discovery or the lead up to trial that there might be certain periods of damages or infringement that should be treated differently than others, as would be required if Google claims a lack of willful infringement during the pendency of this Court's copyrightability order. *Id.* at 2-6. Finally, even assuming *arguendo* that the Court's copyrightability decision was relevant to whether the law was clear and Google's infringement was knowing, reckless, or willfully blind, *contra id.* at 9-10, the state of the law is a legal question for the Court (not for the jury) to resolve after the verdict on a motion for judgment as a matter of law as to particular periods of time. *Id.* at 8, 12-13. In short, there is no basis and no support for instructing the jury on the Court's earlier copyrightability decision or the state of the law at a certain date and time.

- 5 -

ORACLE'S MEMO RE CONTINUING WILLFUL INFRINGEMENT

**CONCLUSION**

For the foregoing reasons, the Court should permit Oracle to introduce evidence of Google's continued willful infringement up to the Court's May 31, 2012 copyrightability decision.

Dated: May 24, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Annette L. Hurst*
Annette L. Hurst

Counsel for ORACLE AMERICA, INC.