KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:    (404) 572-4600
Facsimile:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S RESPONSE TO ORACLE'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER LIMITING MR. MALACKOWSKI'S LOST PROFITS OPINION, ECF NO. 1798**<br><br>Dept.　　Courtroom 8, 19th Fl.<br>Judge:　Hon. William Alsup |

I.    **INTRODUCTION**

In its Motion for Reconsideration of the Court's Order Limiting Mr. Malackowski's Lost Profits Opinion ("Mot."), Oracle asks the Court to revisit its order precluding Mr. Malackowski from relying on a single 2008 revenue forecast to project revenue growth for Java ME for the years 2012 through 2015.  ECF No. 1798.  Oracle fails to identify any valid basis for even bringing such a motion under the Civil Local Rule 7-9—let alone set forth new facts and law "of a strongly convincing nature" to succeed on such a motion.  Instead, the Motion attempts to mischaracterize trial exhibits entered into evidence during the 2012 trial as "new facts," and otherwise relies upon the same facts and arguments that the Court had previously rejected in connection with Google's motion *in limine*.  Accordingly, the Court should deny the Motion.

II.   **PROCEDURAL BACKGROUND**

On March 23, 2016, Google filed a motion *in limine* ("MIL No. 6") to exclude certain portions of the damages expert report and testimony of Oracle's expert, James Malackowski.  Among other things, Google's MIL No. 6 requested an order to exclude Mr. Malackowski's testimony regarding lost profits based "on a single 2008 Sun document projecting revenues for licensing Java ME . . . through 2010 only . . . ."  ECF No. 1560-17 at 3.  As Google noted in MIL No. 6, Mr. Malackowski's opinion conflicts with that of Oracle's other expert, Dr. Adam Jaffe, "who testified that the market was highly uncertain and difficult to model."  *Id.* at 24; *see also* Tr. at 1787:20-24 (Jaffe).  In addition, Mr. Malackowski failed to consider Sun records "showing that Java ME was failing due to fragmentation and lack of support," nor did he take into account "whether Oracle's Java ME licensing business would have cratered [despite Android], because of the movement in the mobile devices market from cheaper, less functional feature phones to modern smartphones, with full Internet browsing capability and responsive touchscreens."  *Id.* at 3, 25; *see also* TX 7237.  Moreover, despite having over seven years of data at his disposal, Mr. Malackowski made no attempt to analyze "actual lost customers and sales (if any exist), as well as market events that in fact impacted Oracle's Java ME license revenues."  *Id.* at 24.[1]

---

[1] Indeed, the "only support for [Mr. Malackowski's] conclusion that the 2008 forecast accurately measures the likely decline in Java ME licensing revenues" was "a private interview he conducted with Michael Ringhofer of Oracle."  ECF No. 1560-17 at 22.

On April 6, 2016, the Court's independently-retained expert, Dr. James Kearl filed a response to the parties various motions *in limine* and *Daubert* challenges on damages issues, including Google's MIL No. 6.  In his response, Dr. Kearl agreed with Google that Mr. Malackowski's lost profits opinion deviates from the "standard method for deriving a lost profits estimate" to extent it attempts to "extrapolate [the 2008 Sun forecast] far outside [the] actual forecast[] with no additional analysis or support."  ECF No. 1601-3  at 20.   Dr. Kearl further criticized Mr. Malackowski's analysis as "methodologically unusual" for failing to account for "events unrelated to Android that could have affected actual revenues (e.g., 2008 recession)" and also failing to "discount or make adjustments for the business risks or a changing economic environment over the forecast period."  *Id.*

Oracle filed its opposition to Google's MIL No. 6 on April 6, 2016, which defended the reliability of the 2008 forecast as being "conservative" based on the same facts that it now relies upon in support of its Motion.  ECF No. 1613 at 23.  Google filed its reply to MIL No. 6 on April 13, 2016, which concurred with Dr. Kearl's conclusion regarding the defects in Mr. Malackowski's methodology projecting the 2008 forecast for 5 years beyond the forecast itself without proper analysis.  ECF No. 1652 at 5.  The Court held a five-hour hearing on Google's MIL No. 6 on April 19, 2016.  On May 3, 2016, the Court issued a memorandum opinion precluding Mr. Malackowski from using the 2008 forecast "to project revenue growth any further out than 2011 because Malackowski offered no analysis regarding whether the forecast (which did not itself purport to project so far into the future) would be a reliable basis for making such projections despite changes in market conditions *inter alia*."  ECF No. 1798 at 13.

**III.    DISCUSSION**

In addition to showing that the party seeking relief acted diligently in bringing the motion, Local Rule 7-9 obligates the party filing a motion for reconsideration of a prior ruling to establish, among other things, either: (i) "[t]he emergence of new material facts or a change of law"; or (ii) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court."  Civil L.R. 7-9(b).  Moreover, to prevail on such a motion, "a party must set forth facts or law of a strongly convincing nature" to induce the court to change its prior

decision. *Omstead v. Dell, Inc.*, 533 F. Supp. 2d 1012, 1019 (N.D. Cal. 2008) (quoting *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1366 (N.D. Cal. 2007)). Oracle's Motion comes nowhere close to satisfying this high standard and therefore must be denied.

  **A.**   **Oracle fails to identify any "new material facts" that have emerged since the Court's order.**

A party may seek reconsideration of a Court's prior interlocutory under Civil L.R. 7-9(b)(2) only upon a showing of the "emergence of *new material facts* or a change of law occurring after the time of such order." Civil L.R. 7-9(b)(2) (emphasis added). To justify reconsideration of the Court's prior order, however, Oracle must do more than merely cite new or additional evidence. *Gupta v. IBM Corp.*, 5:14-cv-01358-EJD, 2015 WL 9478244, at *2 (N.D. Cal. December 29, 2015). Oracle "must also show under a reasonable diligence standard that [it] was unaware of the new fact in the first instance. Otherwise, the fact is not 'new' but is instead available information, which, for whatever reason, was not previously raised." *Id.*.

  **1.**   **Oracle fails to identify any "new" facts in support of its Motion.**

The evidence cited in Oracle's Motion constitutes "available information" that Oracle did, or could have, raised in support of its original opposition brief. First, the trial testimony cited by Oracle relates to emails that were marked as trial exhibits ***prior to the first trial in 2012***. Second, the two primary emails that Oracle calls out—TX 14 (a January 2006 email from Andy Rubin) and TX 205 (a February 2006 email from Scott McNealy)—were admitted into evidence and testified to as part of the 2012 trial. ECF No. 1195. Not only did Oracle have these documents available to it in opposing Google's MIL No. 6, but also Mr. Malackowski himself relied on similar—and, in some instances, the same[2]—documents in discussing the 2005-2006 negotiations between Google and Sun in his report. *See* Malackowski Op. Report ¶ 181, at pp. 72-73; ECF No. 1560-12.

Oracle's suggestion that the evidence cited in its Motion "emerged" for the first time at trial in 2016, or otherwise constitutes "new" facts under L.R. 7-9, is belied by the record.

---

[2] Indeed, Mr. Malackowski expressly relied on in his report the email very same email between Scott McNealy and Eric Schmidt. Malackowski 1st Report ¶ 181, at p. 73 & n.386 (citing to the Bates number for TX 205: GOOGLE-01-00065655).

### 2. Evidence relating to Google's beliefs in 2005 does not bear on the reliability of an internal Sun 2008 revenue forecast.

Even if the testimony from Mr. Rubin and others cited by Oracle in support of its Motion did constitute "new" facts—and it certainly does not—the testimony cannot possibly be material. "In a copyright action, a trial court is entitled to reject a proffered measure of damages if it is too speculative." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 513 (9th Cir. 1985). In this case, the Court properly excluded Mr. Malackowski from extending the 2008 revenue projection "any further out than 2011 because Malackowski offered no analysis regarding whether the forecast (which did not itself purport to project so far into the future) would be a reliable basis for making such projections despite changes in market conditions, *inter alia*." ECF No. 1798 at 13. By contrast, the testimony cited by Oracle in its Motion does not relate to, let alone undermine, the Court's reasoning. Specifically, Oracle relies on a **2006 email** from Mr. Rubin to argue that the projection "for the four excluded years 2012-2015 is within the ballpark of what Google's witnesses predicted would be lost." ECF No. 1951 at 3.

Oracle's explanation for the relevance of this evidence is illogical. At the time he wrote the email in question, TX 14, Mr. Rubin was an employee of Google, not Sun, and there is no evidence in the record from which the Court could infer that Mr. Rubin had any personal knowledge of Sun's financial information at that time. Mr. Rubin's speculation, therefore, is legally irrelevant to show how much Sun *actually made* in licensing Java ME—let alone how much Sun would lose as a result of Android.[3] In addition, Mr. Rubin sent the email in January 2006, which pre-dates the 2008 forecast relied on by Mr. Malackowski by **over two years**, and the relevant time period for which Mr. Malackowski's lost profits opinion has been excluded (*i.e.*, 2012-2015) by **over six years**. Mr. Rubin's conjecture in 2006 cannot possibly address (let alone cure) Mr. Malackowski's failure to account for market conditions *after* 2008.

---

[3] In addition, Mr. Rubin's comments, which were sent nearly two years before the Android SDK was released in November 2007 as part of the negotiations between Oracle and Sun in 2005-2006, could not have had anything to with the anticipated effects of *Android* on Sun's licensing business, because Android did not yet exist. Rather, the email in question involves something completely different: the financial impact that would result from Sun open sourcing its *commercial implementation* for Java ME as part of a co-development deal with Google. TX 14.

1    Mr. Rubin's 2006 email, and related testimony, changes nothing.  The 2008 forecast relied

2 on by Mr. Malackowski remains unreliable for the reasons the Court previously found.

### B.    Oracle has failed to show that there was a "manifest failure by the Court to consider material facts."

Oracle also moves for reconsideration on the ground that the Court's order on MIL No. 6 constituted, under Local Rule 7-9(b)(3), a "manifest failure by the Court to consider material facts" or dispositive legal arguments which were presented to the Court" regarding the reliability of the 2008 forecast.  Mot. at 2-6.  To the contrary, the Court fully considered, and rejected, each of the facts and arguments Oracle in connection with Google's MIL No. 6.  Accordingly, Oracle's argument for reconsideration on this ground fails as a matter of law.

In its opposition to Google's MIL No. 6, Oracle argued that "Mr. Malackowski confirmed the reliability of this forecast by: (1) discussing it with knowledgeable Oracle personnel to determine how the projection fit into Oracle's business strategy at the time; (2) comparing it to *actual* Java ME billings growth in prior years . . .; and (3) comparing it to another forecast from later in 2008." *Id.* at 23-24 (citing Malackowski Op. Report ¶¶ 189, 196-197).  In its subsequent order granting-in-part and denying-in-part Google's MIL No. 6, the Court considered each of these points ***and expressly rejected them***:

> Malackowski supposedly vetted the projection by discussing it with Oracle personnel knowledgeable about Sun's business strategy at the time of the forecast, by comparing it to actual licensing revenues from previous years, and by considering another (more optimistic) forecast made later in the year (Malackowski Rpt. ¶¶ 189, 196-97).  Mr. Malackowski did not, however, perform any analysis regarding whether Oracle underperformed relative to the forecast due to market shifts or events unrelated to Google's alleged infringement.

ECF No. 1798 at 13.  In light of the fact that the Court's detailed opinion addressed each of the facts and arguments that Oracle put forth in its opposition—a point that Oracle ignores in its Motion—Oracle has no good faith basis for claiming that that the Court failed to consider facts "which were presented to the Court," as Rule 7-9(b)(3) requires.  Similarly, Oracle cannot satisfy its burden under Local Rule 7-9(b)(3) by citing to new evidence that it could have identified, but did not identify, in its opposition papers:

> The rationale underlying Local Rule 7-9(b)(3) is clear: in our system it is the job of the advocates; not the court, to find and apply relevant law to the facts of a

5

> particular case. If an advocate fails to do so, the court cannot be faulted for reaching an erroneous conclusion, and the advocate should not be given a "second bite at the apple."

*Bowoto v. Chevron Corp.*, C 99-02506 SI, 2007 WL 2349338, at *7 (N. D. Cal. Aug. 14, 2007).

In effect, Oracle's Motion for reconsideration simply asks the Court to change its mind, based on the same facts and arguments Oracle put forward in opposing Google's MIL No. 6. Not only does Oracle's request for a "do over" fail to fall within a recognized exception for a request for reconsideration under Local Rule 7-9(b), but also it violates the prohibition on "repeat[ing] oral or written argument . . . in opposition to the interlocutory order which the party now seeks to have reconsidered," potentially subjecting it to sanctions. Civil L.R. 7-9(c) ("Any party who violates this restriction [on repeating prior arguments] shall be subject to appropriate sanctions.").

In short, Oracle fails to offer *any* valid basis for its request for reconsideration—let alone "facts or law of a strongly convincing nature." *Omstead*, 533 F. Supp. 2d at 1019.

### C. Oracle has failed to show diligence.

Moreover, the Court should deny Oracle's Motion for the separate and independent reason that it has failed to satisfy its burden to show diligence. The Court issued its memorandum of opinion on Google's MIL No. 6 on May 3, 2016, yet waited nearly three weeks (without explanation) to file a motion arguing that the Court failed to consider material facts in making its ruling under L.R. 7-9(b)(3). Likewise, while purporting to rely (albeit dubiously) on Mr. Rubin's testimony to support its motion for reconsideration under L.R. 7-9(b)(2) (Mot. at 3), Oracle fails to provide any justification for its waiting nearly two weeks after Mr. Rubin left the stand to bring its Motion. Oracle's behavior is the opposite of diligence.

## IV. CONCLUSION

For the reasons set forth above, the Court should deny Oracle's Motion.

Dated: May 24, 2016

KEKER & VAN NEST LLP

By: s/ *Robert A. Van Nest*
ROBERT A. VAN NEST
CHRISTA M. ANDERSON
DANIEL PURCELL

Attorneys for Defendant
GOOGLE INC.