KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE'S BRIEF RE USE BY JURORS OF NOTES, JURY INSTRUCTIONS, AND TRIAL EXHIBITS**<br><br>Dept:           Courtroom 8, 19th Fl.<br>Judge:         Hon. William Alsup |

The jury has asked whether jurors will be permitted during deliberations to (1) take their notes from the trial home in the evening for review; (2) take the jury instructions home in the evening for review; and/or (3) independently review the exhibits admitted into evidence in the jury room before all jurors have arrived in the morning or after one or more jurors have left for the day. In Google's view, absent agreement by both parties, the most prudent answer to all three of these questions would be no. This is because courts have recognized that allowing juror notes and jury instructions to be taken home in the evenings once the jury has begun to deliberate increases the risk that jurors discuss the case with others or consider evidence beyond that admitted in the case.

Nonetheless, if (and only if) Oracle is willing to stipulate that any issues (such as lost juror notebooks) arising from one or more jurors taking their notes and/or the jury instructions home will not provide grounds for a mistrial or to overturn on appeal any verdict reached, Google would also be willing to seek to reach such a stipulation. Google believes, however, that jurors should not be permitted to review the trial exhibits in the jury room prior to the time that all jurors have arrived to begin deliberations, or after one or more jurors have left for the day, as this would create an unacceptably increased risk of deliberations taking place outside the presence of all jurors empaneled in the case.

**I.     THE REQUEST TO TAKE JUROR NOTES OR JURY INSTRUCTIONS HOME**

Courts have recognized that "[s]ending trial materials home with jurors increases the chance of exposing the jury to outside influences." *United States v. Esso*, 684 F.3d 347, 351 (2d Cir. 2012). In addition, "a court can control the jury's use of documents associated with the trial when the jury is in the jury room, and the jurors can monitor each other's compliance with the court's instructions." *Id.* But "[i]n the familiar surroundings of home, a juror might feel an understandable -- albeit misguided -- impulse to discuss trial materials with loved ones curious about the case the juror had spent days or weeks hearing." *Id.* And with documents from the trial ready at hand in the privacy of their home, "a juror might also be more willing to engage in independent research on the facts or legal issues in the case on the internet." *Id.* The Second Circuit has explained that "[f]or these reasons, judges typically instruct jurors who have been

permitted to take notes to leave their notes behind in the jury room when returning home in the evening." *Id.* at 351 n.4; *accord* Jury Instructions Committee of the Ninth Circuit, A MANUAL ON JURY TRIAL PROCEDURES § 3.4 (2013 ed.) ("If notetaking is permitted, the court should instruct the jurors to leave the notes in the jury room or courtroom when the court is not in session, where they will be kept secured.") (available at http://www.ca9.uscourts.gov/district/guides/MJTP.pdf).[1] Google believes that, in accordance with these authorities, the best practice with regard to the jury notes and jury instructions would be to have them secured in the jury room so as to avoid potential issues that may arise out of allowing jurors to take them outside the confines of the jury room (such as a juror forgetting his or her notes at home and requiring the jury to wait while they retrieve those notes, or a juror losing those notes in transit). However, Google is willing to negotiate a stipulation that jurors will be permitted to take their personal notes and jury instructions outside the jury room, provided that they are reminded of the admonitions not to discuss, research, or otherwise involve others outside the jury room in their deliberations, *see Esso*, 684 F.3d at 350, and provided that Oracle likewise stipulates to such a protocol and stipulates that any events arising out of the jurors removing their notes or the jury instructions from the jury room will not give rise to a mistrial or any appealable issues.

## II. THE REQUEST TO REVIEW TRIAL EXHIBITS WHEN ALL MEMBERS OF THE JURY ARE NOT PRESENT FOR DELIBERATIONS

The jury instructions in this case, as is standard practice, require that the jurors not deliberate unless all jurors are present. Even if a juror steps outside for a moment, deliberations must cease. *See* ECF 1949 at 22 ("You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case."). Google believes that permitting jurors to spend additional separate time reviewing the trial exhibits in the morning

---

[1] Google acknowledges that the California Supreme Court has held that it was not error to allow a jury foreperson to take the jury instructions home to read when counsel failed to object to having the foreperson take those instructions home. *See People v. Ledesma*, 39 Cal. 4th 641, 729 (2006). Unless both parties are willing to stipulate to the notes and/or instructions being taken home, however, allowing the jurors to take these items from the jury room may invite the risk of yet another retrial in this case.

before all of the other jurors arrive, or in the evening after some of the other jurors have left, will increase the risk that jurors discuss, even inadvertently, the exhibits they are reviewing, and/or the case itself, with any other jurors who are present in the jury room at the time, and that would not be proper.  *See United States v. Mackey*, 114 F.3d 470, 474 (4th Cir. 1997) (holding that it was error to "allow[] some jurors to stay to perform research on the evidence in order to summarize it for all of the other jurors who had gone home for the evening").  Google notes that in *Manfredi v. Frauenheim*, No. 1:13-cv-01907-LJO-JLT, 2015 U.S. Dist. LEXIS 154747 (E.D. Cal. Nov. 16, 2015), the Eastern District of California rejected on habeas review a claim that a state court had erred when it allowed "three jurors to remain in the jury room while the other nine reexamined People's exhibit 4A-2." *Id.* at *12.  However, that was not a case in which jurors had left for the day or had not yet arrived and were thus not able to participate in deliberations; instead, it was a situation in which three of the jurors who were present in the jury room "felt no need to re-screen a videotape introduced into evidence -- and viewed previously by all of the jurors collectively." *Id.* at *15.  When some jurors are not present in the jury room, they cannot decide whether they feel no need to review the evidence that the remaining jurors decide to consider and perhaps discuss in their absence.

Moreover, if jurors are permitted to remain in the jury room after hours to study exhibits on their own without the ability to discuss and deliberate with the other jurors, it risks the possibility that jurors will accord the exhibits they study undue weight.  This is because, without having other jurors present to discuss the testimony or other issues in the case, the remaining jurors might focus on and place undue emphasis on the exhibits as part of their consideration of the evidence.  *Cf. United States v. Hernandez*, 27 F.3d 1403, 1409 (9th Cir. 1994) (reversing and remanding when the district court provided a transcript of trial testimony that "permitted undue emphasis when it failed to admonish the jury to weigh all the evidence and to instruct that the transcript was not authoritative").

Google therefore respectfully submits that the jurors should be instructed that they may not review the trial exhibits after the jury has ceased deliberations for the day or prior to the time

all members of the jury have arrived for deliberations, so as to avoid the possibility that members of the jury inadvertently end up deliberating without all jurors present.

Dated: May 24, 2016                                KEKER & VAN NEST LLP

                                          By:   s/ Robert A. Van Nest
                                                ROBERT A. VAN NEST
                                                CHRISTA M. ANDERSON
                                                DANIEL PURCELL

                                                Attorneys for Defendant
                                                GOOGLE INC.