KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Tel:    (404) 572-4600
Fax:    (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>           Plaintiffs,<br><br>     v.<br><br>GOOGLE INC.,<br><br>           Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S CRITIQUE OF THE COURT'S PROPOSED PHASE TWO INSTRUCTIONS AND VERDICT FORM (ECF NO. 1945)**<br><br><br>Dept.:    Courtroom 8, 19th Fl.<br>Judge:   Hon. William Alsup |

Defendant Google Inc. ("Google") respectfully submits the following critique of the Court's proposed Phase Two Instructions and Special Verdict Form, ECF No. 1945. As with its prior critiques of the Court's draft fair use instructions, Google raises herein its most significant concerns with the draft damages instructions.

### I. A "Reasonable Association" Is Not The Required "Causal Nexus"

The Court's proposed instructions tell the jury that, in order to recover *any* of Google's profits, Oracle must first prove by a preponderance of the evidence the amount of Google's revenue attributable to the infringement and that, to do so, Oracle must prove by the same standard "a causal nexus between Google's infringement and the claimed gross revenue number." ECF No. 1945 at 5:8-5:11. The instructions then improperly state that, to carry its burden, Oracle need only show "that the infringement bears a reasonable association" to the claimed revenue. This portion of the instructions does not accurately reflect Oracle's burden and fails to explain that the only acceptable "reasonable association" is *a causal relationship*, i.e., Oracle must prove that the infringement *caused* the revenue to have been generated.

In *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), the Ninth Circuit plainly did not approve any formulation of the burden on the copyright owner other than the requirement that it prove a *causal nexus*, and *Polar Bear* does not support an instruction to the effect that Oracle can carry its burden by simply showing a "reasonable association." The *Polar Bear* court stated at the outset of its opinion that the case provided the court with "the opportunity to reiterate the principle that a plaintiff in a copyright infringement action *must establish a sufficient causal connection* between the infringement and the infringer's profits it seeks to recover," *id.* at 703 (emphasis added), and reiterated multiple times in its opinion that a causal connection between the infringement and the profits was required. *See, e.g., id.* at 709 ("a *causal link* between the infringement and the monetary remedy sought *is a predicate* to recovery . . . . a plaintiff . . . *must establish this causal connection*"), 710 (requiring a "legally sufficient *causal link*," quoting *Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir. 2002)), 711 ("the copyright claimant must first show *a causal nexus* between the infringement and the gross revenue"), 713 (the "required *causal nexus*"), 714 (the "necessary *causal link*," the "requisite *causal connection*")

(emphases added). The *Polar Bear* court could not have been clearer:

> The standard is straightforward: ***a copyright plaintiff is bound to no more and no less than its statutory obligation to demonstrate a causal nexus*** between the infringement and the profits sought.

*Id.* at 712 (emphasis added).

In one sentence of its opinion, the *Polar Bear* court referred to "the gross revenue reasonably associated with the infringement." *Id*. at 715. That single reference was cherry-picked by Oracle, *see* ECF No. 1703 at 66, from among the many other, clear, repeated and unambiguous statements by the *Polar Bear* Court to the effect that the ***only*** "relationship" that suffices is a proven causal connection (or "causal nexus" or "causal link"). And that one sentence was then cited by Oracle as its supposed support for its proposed instruction that—surprisingly—did not even include the word "causal" and would have told the jury that Oracle need only show that the revenue it seeks "is reasonably associated with the infringement." *Id.*

Any instruction or verdict form that tells the jury that proof of an undefined "reasonable association" between the infringement and the profits is sufficient would be flatly inconsistent and irreconcilable with *Polar Bear*, *Mackie*, and numerous other authorities. "Reasonable association" is most assuredly not the applicable test, and it is not a reasonable surrogate for or the equivalent of a "causal connection." Even the one sentence in *Polar Bear* on which Oracle relies—read in context—makes clear that the only "association" that will do is a causal connection. The complete statement in *Polar Bear* is:

> it nevertheless remains the duty of the copyright plaintiff to establish ***a causal connection between the infringement and the gross revenue*** reasonably associated with the infringement. *See On Davis*, 246 F.3d at 160.

*Id.* at 715 (emphasis added). The Ninth Circuit did not hold in *Polar Bear*, and has not since *Polar Bear* so much as suggested, that proof of only a "reasonable association" is sufficient.

The "reasonable association" language should be removed from both the charge and the verdict form, and the jury should be told instead—in a clear and unambiguous way, without any restatement that could be misinterpreted—that the "causal nexus" requirement means that Oracle must prove that the use of the declaring code and the SSO of the 37 API packages was responsible, at least in part, for the generation of, *i.e.*, that the infringement at least partially

*caused* Google to earn, the revenues in question.  *See* ECF No. 1798 at 6; *Mackie*, 296 F.3d at 911 ("at least partially caused"), 915-16 ("generated indirectly from" the infringement).

## II.     Issues To Be Added To The Draft Instructions

Google respectfully submits that the Court's draft instructions on damages do not address two important issues on which the jury should be specifically instructed, namely:  (1) that it is not the purpose of an award of damages or profits under Section 504(a)(1) of the Copyright Act to punish or impose a penalty on the defendant; and (2) that in a case in which—as here—there is no dispute that the defendant's profits were not all attributable to the infringing material, an apportionment of the profits must be made after deducting the defendant's proven expenses.

### A.     The Purposes of Copyright Damages Awards

The Supreme Court recognized in *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 399 (1940), a case arising under the 1909 Copyright Act, that the purpose of an award of profits in a copyright case is "to provide just compensation for the wrong, ***not to impose a penalty by giving the copyright proprietor profits which are not attributable to the infringement***."[1] (emphasis added).  The Ninth Circuit has more recently acknowledged that profits "are awarded to the plaintiff not only to compensate for the plaintiff's injury, but also and primarily to prevent the defendant from being unjustly enriched by its infringing use of the plaintiff's property," and that the purpose of statutory damage awards is "to provide adequate compensation to the copyright holder and to deter infringement."  *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 886 F.2d 1545, 1552, 1554 (9th Cir. 1989).  But none of the forms of monetary relief available under Section 504 is intended to punish or impose a penalty on the defendant.  The jury should be told this in the instructions, especially if the jury will be asked to consider willfulness.  *See* ECF No. 1703 at 58 (Google Proposed Instruction No. 20).

### B.     Apportionment of Profits

The draft instructions also do not properly reflect, as Oracle admits, that the jury must

---

[1]     The applicable language of the 1909 Act was similar to that of the current Copyright Act; it authorized an award of "such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement."  1909 Copyright Act, § 101(b).

make an apportionment of profits after deducting the expenses proven by Google.  *See* ECF No. 1703 at 76 (Google Proposed Instruction No. 25); *id*. at 66 (Oracle Proposed Instruction No. 23).

In *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828-29 (9th Cir. 1985), the Ninth Circuit said:

> where it is clear, as it is in this case, that not all of the profits are attributable to the infringing material, the copyright owner is not entitled to recover all of those profits merely because the infringer fails to establish with certainty the portion attributable to the non-infringing elements.  'In cases such as this where an infringer's profits are not entirely due to the infringement, and the evidence suggests some division which may rationally be used as a springboard it is the duty of the court to make some apportionment.'  *Orgel v. Clark Boardman Co.*, 301 F.2d 119, 121 (2d Cir. 1962).

As was true in *Cream Records*, it is clear in this case that not all—in fact, none—of Google's profits on its advertising revenue was attributable to the presence in the Android platform of the declarations and SSO of the 37 API packages.  Under *Cream Records*, Oracle would therefore not be entitled to recover all of Google's profits, after deductions, even if Google does not prove the portion of the profits attributable to the more than 99% percent of Android that is non-infringing or to other factors.  The jury would in that event still be required to make a "reasonable and just" apportionment of the profits—and the instructions should be modified to reflect that principle.

### III.   The Instructions on Willfulness[2]

The Court's draft instructions on willfulness include three separate bases on which the jury would be told it could find Google's infringement to have been willful: actual knowledge, reckless disregard and willful blindness.  For the reasons stated in Google's recent brief regarding willfulness and bad faith, ECF No. 1896 at 1-6, Google believes that the Court correctly ruled last September, ECF No. 1321 at 12, that the *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-36 n.3 (9th Cir. 1990), test for willfulness was the only appropriate one, namely that

---

[2] For the reasons also explained at length in that same filing, Google believes that, unless the jury is told of (1) the state of the law prior to this Court's decision on copyrightability in May of 2012, (2) the substance of this Court's May 2012 decision, and (3) the other relevant procedural history, the jury cannot make a fair evaluation of any claim of willfulness in this case.  ECF No. 1896 at 6-12.  Google will continue to address this issue in connection with its proposal that would (a) moot any issue of the amount of statutory damages in the unlikely event Oracle ever elects them and (b) relieve the jury of having to address any issues of innocence and willfulness.  *See* Tr. 5/25/2016 at 2232:9-2233:25.

1  willfulness under the Copyright Act means that the accused infringer acted "with knowledge that
2  [its] conduct constitutes copyright infringement."  In that same filing, Google distinguished the
3  authorities relied on by Oracle in support of its alternative formulations of willfulness and
4  explained why they should not be followed.  ECF No. 1896 at 12-13.

5  One of the alternative tests requested by Oracle, moreover, makes no sense in the context
6  of this case.  Google has admitted it was aware that Oracle's Java materials bore copyright
7  notices, and Oracle argues that Google used the declarations and SSO anyway—and that makes
8  any concept of "willful blindness" inapplicable.  Google therefore requests that, if statutory
9  damages and willfulness are given to the jury for decision, the willfulness instructions be
10 consistent with the Court's earlier ruling, as requested by Google.  ECF No. 1703 at 84.

### IV.  The Draft Verdict Form

The Court's instructions tell the jury to follow a three-step process with respect to Oracle's claim for profits: it must (1) first determine the amount of revenue as to which Oracle has proven the required causal nexus; (2) then determine the amount of deductions proven by Google, and (3) then apportion the remaining profits, if any, as between those attributable to the declaring code and SSO as opposed to the other, non-infringing elements of the Android platform, other Google technologies, or other factors.  The verdict form, however, does not refer to the causal nexus requirement at all and collapses the second and third steps into one. Consistent with the instructions, the verdict on profits should have four parts that the jury should complete, namely, (a) the gross revenue, if any, as to which Oracle proved the causal nexus, (b) the proven deductions, (c) the amount attributable to other factors, and (d) the amount of profits, if any, to be awarded to Oracle.

### V.  Other Issues

Google has a number of other concerns and suggestions regarding the proposed instructions and verdict form, which it will be prepared to discuss with the Court at such time as the Court desires.  These include issues relating to use in the instructions of the phrases "disgorgement" and "infringement profits," and whether, in view of concessions previously made by Oracle, the jury should be instructed at all regarding any potential "double counting issues."

DATED: May 25, 2016

KEKER & VAN NEST LLP

By: /s/ Robert A. Van Nest
    ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.