ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 246058)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>        Plaintiff,<br>    v.<br>GOOGLE INC.<br>        Defendant. | Case No. CV 10-03561 WHA<br>**ORACLE'S RESPONSE & OBJECTIONS TO THE COURT'S PROPOSED PHASE TWO INSTRUCTIONS (ECF. NO. 1945)**<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

Oracle files this critique of the Court's proposed Phase Two instructions, ECF No. 1945.

**OBJECTIONS**

***Innocent infringement.***  Paragraphs Three and Six of the proposed instruction and the first question in the special verdict form involve whether Google's infringement was innocent. Innocent infringement, however, is not an issue in the case. Google failed to plead "innocent infringement" in its operative answer, ECF No. 51, and did not include "innocent infringement" as a matter to be litigated in the Final Pretrial Conference Proposed Order. ECF No. 1709 at 4-5. This Court's Final Pretrial Conference Order provides that "[t]he issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*." ECF No. 1760 ¶ 2. Thus, "innocent infringement" is not an issue to be tried in the case, is not a matter for the jury to be instructed, and is not a question for the jury on the verdict form.

***Statutory damages standard.***  The statutory language quoted in the proposed instruction (at ¶ 2 (2:9-14)), is too jargoned and legalistic to be understood by the jury. The jury will not know "final judgment," *see also id.* ¶ 14 (6:11), and will be confused by reference to "two or more infringers [who] are liable jointly and severally," since Google is the only defendant. The Court should replace the quote from the statute with plain language: "The Act provides that the copyright owner may elect to recover an award of statutory damages, instead of actual damages or infringer's profits, for the infringement of each of the two copyrighted works at issue."

***Willfulness.***  **1.**  The proposed instruction cuts off evidence of willfulness at the date "the complaint [was] filed in this case, August 12, 2010." Prop. Instr. ¶ 4, 3:4-6. As explained in a separate brief (ECF No. 1961), to take into account evidence of continuing infringement after the suit was filed, evidence of willfulness should not be cut off at the time the complaint was filed.

**2.**  The proposed instruction uses inconsistent terminology regarding the standard for recklessness that is likely to confuse the jury. *Compare* Prop. Instr. ¶ 4, 3:9-10 ("high possibility") *with id.* ¶ 5, 3:19-21 ("high probability"). The Court should standardize the language.

**3.**  The evidence already presented (and still to be presented) shows that Google engaged in concerted efforts to conceal its infringement, including scrubbing bad words like "Java" and "license," TX 26, TX 269, TX 348, TX 356, limiting statements to the press because of possible

issues with Sun, TX 382, and instructing Google employees not to demonstrate to Sun employees or lawyers, TX 29.  Accordingly, the jury should be instructed that concealment is evidence of willful infringement:  "Willful intent ~~or guilty knowledge~~ may be inferred from the secretive or irregular manner in which a transaction is carried out."  *See* Hon. Leonard B. Sand et al., 1-6 *Modern Federal Jury Instructions-Criminal* P 6.06, Instruction 6-19.

*Actual damages.*  **1.**  The proposed instruction (¶ 8) identifies two theories for actual damages: (1) a hypothetical license price and (2) the profits Oracle lost as a result of Google's infringement.  Oracle does not claim actual damages based on a hypothetical license price, and thus that portion of the instruction should be removed.  The jury should simply be instructed: "Oracle is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages in the form of lost profits are the amount that Oracle would have accrued but for Google's infringement."  ECF No. 1703 (Parties' Prop. Instrs.) at 59 (Oracle Instr. No. 21).  Oracle's proposed instruction encapsulates the relevant portion of the Court's proposed instruction without risking confusing the jury with other theories not at issue.

**2.**  Oracle proposes deleting the Court's current proposed instruction in Paragraph 9 (5:2-5), which appears aimed at the quantum of proof required for a hypothetical license.  By contrast, in the Ninth Circuit, Oracle is required to show the amount of damages only by reasonable approximation:  "In a copyright action …. uncertainty as to the *amount* of damages will not preclude recovery, uncertainty as to the *fact* of damages may."  *Frank Music Corp. v. MGM, Inc.*, 772 F.2d 505, 513 (9th Cir. 1985) (emphasis added); *Palmer v. Conn. Ry. & Lighting Co.*, 311 U.S. 544, 561 (1941) ("Certainty in the fact of damage is essential.  Certainty as to the amount goes no further than to require a basis for a reasoned conclusion." (discussing, *inter alia*, *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 406-08 (1940))).  Accordingly, it is erroneous to instruct the jury that the amount of Oracle's damages must be "reasonably certain."

Moreover, it is prejudicial to instruct the jury that the amount of Oracle's damages cannot be "speculative," "conjectural," or based on "guesswork," because that suggests that Oracle's calculation is based on speculation, conjecture, and guesswork.  It is sufficient to advise the jury of the proper standard: "certainty in the fact of damage" and "reasonable approximation of the

amount of damages." ECF No. 1703 (Parties' Prop. Instrs.) at 59 (Oracle No. 21) ("Oracle has the burden of proof by a preponderance of the evidence to show certainty in the fact of damages and a reasonable approximation of the amount of damages.").

**3.** Oracle is entitled to its lost profits of non-infringed works caused by Android. Google said as much in its Motion in Limine No. 6 (Malackowski): "Recovery of lost profits to a non-infringed work may be theoretically permissible in certain cases …." ECF No. 1565 at 22 (citing *Cohen v. United States*, 100 Fed. Cl. 461, 481-82 (2011)). As Google argued: "The requirement [is] that the amount of damages allegedly suffered by the plaintiff bear a 'necessary, immediate and direct causal connection' to the infringement …." *Id.* (quoting *Cohen* 100 Fed. Cl. at 481-82). This Court has adopted Google's argument, explaining: "Google contends that Oracle has failed to establish the 'necessary, immediate and direct causal connection' between Google's alleged infringement and [Oracle's] diminished revenue…. As to the causal connection, a reasonable jury could find a direct causal connection between Google's alleged infringement and Oracle's loss of licensing revenues from Java ME."[1] ECF No. 1798 (Order) at 12; *accord Flying J, Inc. v. Cent. CA Kenworth*, 45 F. App'x 763, 765 (9th Cir. 2002) (rejecting argument that damages award "impermissibly provide[d] recovery for noninfringed items"); *Sunset Lamp Corp. v. Alsy Corp.*, 749 F. Supp. 520, 523 (S.D.N.Y. 1990) ("[A]lthough a plaintiff must prove the connection between the infringement and the alleged damages, it is not barred as a matter of law from recovering damages encompassing lost sales on non-infringed items."). Oracle is therefore entitled to an instruction that it can obtain lost profits for injury to sales and licensing of products that are not infringed, so long as there is a necessary, immediate, and direct causal connection.

***Infringer's profits.*** **1.** The Court has proposed instructing the jury about the purpose of statutory damages, Prop. Instr. at ¶ 2 (2:8-9) ("The purpose of statutory damages is to penalize the infringer and deter future violations of the copyright law."), presumably because statutory damages is not the typical, well-understood, compensatory damages scheme likely already known to and understood by the jury. Oracle proposes that the Court provide a similar purpose instruction

---

[1] Oracle disagrees with Google's suggestion that Java ME is not an infringed derivative of Java SE, *see, e.g.*, ECF No. 1960 at 13-15; ECF No. 1814 at 3; ECF No. 1940 at 4-5, and requests this instruction in part to combat Google's contrary suggestions.

- 3 -  ORACLE'S RESPONSE & OBJECTIONS TO THE COURT'S PROPOSED PHASE TWO INSTRUCTIONS

to orient the jury to disgorgement at ¶ 10 (5:8).  Specifically, Oracle proposes:

> The purpose of disgorgement is to ensure that the infringer does not retain any benefit from the infringement, and an award of infringer's profits may be more than the infringer was once willing to pay to license the work in order to deter infringement.[2]

**2.**   Without losing any of the substance of the instruction, the Court should pare down Paragraph 10 to remove duplication:

> To recover infringement profits made by Google, Oracle must first prove by a preponderance of the evidence the amount of Google's gross revenue attributable to the infringement.  ~~To do this, Oracle must prove by preponderance of the evidence a causal nexus between Google's infringement and the claimed gross revenue number.~~  To carry this burden, Oracle must show that the infringement bears a reasonable association to the claimed gross revenue number.

**3.**   The Court should revise Paragraph 11 to streamline and state what the jury is supposed to determine (profits attributable to the infringement) and how the jury is supposed to calculate that figure.  *First,* the jury should determine Google's profits by deducting expenses that Google has proven and has demonstrated are reasonably associated with the infringing revenue—as opposed to expenses that bear no relation to the revenues at issue.  *Frank Music*, 772 F.2d at 516 ("[A] deduction for overhead should be allowed only when the infringer can demonstrate that the overhead expense was of actual assistance in the production, distribution, or sale of the infringing product." (quotation marks omitted)); ECF No. 1321 (Willfulness Order) at 6 ("It is true that Google has the burden to prove that its claimed deductible expenses actually helped generate the revenue sought by the copyright owner.").  *Second*, the jury should remove from its profits calculation those profits that Google has shown are attributable to factors other than the copyrighted works.  *Frank Music*, 772 F.2d at 518 ("The burden of proving apportionment, (i.e., the contribution to profits of elements other than the infringed property), is the defendant's.").  Putting these elements together, Oracle proposes the following revisions to Paragraph 11:

> If you determine that Oracle has carried this burden, then the burden shifts to Google to prove by a preponderance of the evidence the amount of deductible

---

[2] *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) ("To take away incentives for would-be infringers and 'to prevent the infringer from unfairly benefitting from a wrongful act,' the statute also provides for the recovery of wrongfully obtained profits resulting from the infringement" (quoting H.R. Rep. 94-1476, § 504 at 161 (1976))); ECF No. 1784 (Order On Dr. Leonard Mot. *In Limine*) at 5 ("The availability of this remedy discourages infringement and encourages the would-be infringer to transact with the copyright owner rather than 'steal' the copyrighted work."); *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984) ("An award of infringer's profits is aimed in part at deterring infringements.").

expenses and the elements of ~~the gross~~Google's profit attributable to factors other than the copyrighted work~~s~~. If Google carries this burden, you should calculate Google's profits attributable to the infringement by, first, deducting from Google's gross revenue~~its~~ the expenses Google incurred that it has proven actually helped produce the revenue at issue~~from its gross revenue.~~, and, second, subtracting ~~Google may also prove that some of its gross revenue asserted by Oracle was~~profits that Google has proven were attributable to factors other than the infringement. ~~This is the second exception where Google has the burden of proof. If Google carries this burden,~~ As to this second step, if the evidence is sufficient to provide a fair basis of division to apportion the profits that are due to factors other than the infringing elements, you should reduce Google's ~~gross revenue~~profits to the amount attributable to Google's infringement (as opposed to those attributable to ~~versus~~ other factors).

**4.** The Court's proposed special verdict form for infringer's profits is both unnecessarily complex and inconsistent with the Court's *in limine* order regarding the presentation of evidence by Oracle and testimony by Mr. Malackowski. *See* ECF No. 1798. As per this Court's standing order, both parties lodged proposed special verdict forms with only a single question for infringer's profits. *See* ECF Nos. 1700-01 (Oracle) at 2, 1700-02 (Google) at 3. As the parties agree, no more is necessary, and any additional questions risk only confusing the jury and inducing error.

Moreover, the three-part verdict form on infringer's profits—where (a) Oracle must show Google's gross revenues reasonably related to the infringement, (b) Google must show its deductible expenses and apportionment, and (c) the figure must be calculated—is contrary to the Court's order requiring Mr. Malackowski to testify to both Google's revenues and Oracle's apportionment in his direct testimony in Oracle's case-in-chief. ECF No. 1798 at 10-12. Indeed, despite the parties' agreement that Oracle did not have to tender an expert report on apportionment until rebuttal because Oracle does not bear the burden on apportionment, ECF No. 1356 (Revised Expert Schedule) (approving ECF No. 1334 at 2), the Court has ordered Oracle to go out of shifting-burden sequence of § 504(b). ECF No. 1798 at 10-12. Having set the rules for presentment of evidence out of sequence, it would be unfair to nevertheless organize the special verdict form to follow the sequencing that the parties planned to follow until the Court overruled it. The sequence in the verdict form is not the way the evidence will be received by the jury, and the jury may hold that against Oracle since it is Oracle that will have (by the Court's mandate) presented the evidence out of that sequence. To avoid prejudice to Oracle, Oracle requests that the Court follow the parties' proposed verdict forms, which address infringer's profits in a single question.

- 5 -   ORACLE'S RESPONSE & OBJECTIONS TO THE COURT'S PROPOSED PHASE TWO INSTRUCTIONS

Dated: May 25, 2016

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Lisa T. Simpson*
Lisa T. Simpson

Counsel for ORACLE AMERICA, INC.