KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:     (404) 572-4600
Facsimile:      (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                  Plaintiffs,<br><br>        v.<br><br>GOOGLE INC.,<br><br>                  Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE'S REPLY IN SUPPORT OF RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Dept:       Courtroom 8, 19th Fl.<br>Judge:     Hon. William Alsup |

**I.      No precedent holds that use of declarations/SSO can never be a fair use.**

Oracle argues that computer programs are copyrightable. Opp. (ECF 1958-2) at 5:2-5. Certainly Java SE as a whole is copyrightable—and, for purposes of this retrial, that includes the declarations/SSO. But that does not mean that *Google's specific use* of the declarations/SSO at issue is an infringement. To the contrary, that question—whether, as a result of the fair use doctrine, Google's use is not an infringement—is the entire point of the retrial.

Oracle argues that the fact that computer programs "consist of functional and expressive elements simultaneously does not deprive them of protection, or make copying them qualify as fair use." Opp. at 5:5-7. This has nothing to do with any argument advanced by Google. Google does not argue that because computer code is functional, that necessarily means that its copying is always a fair use. Instead, Google argues that *on the evidence presented at trial in Phase One* Google's *particular* use of *particular* declarations/SSO is a fair use.

**II.     Dr. Reinhold's inability to testify consistently proves that developers cannot readily determine which lines of declaring code are technically necessary for use of the Java language.**

Oracle argues that "eliminating Dr. Reinhold's analysis from the case means Google has *no evidence* that *any* portion of the Java SE API packages was necessary in order use the Java programming language." Opp. at 6:2-4. That is incorrect. Oracle *admitted* that the 170 lines of declaring code in TX 9223 are technically necessary to use the Java programming language. Tr. 1441:13-15 ("MS. SIMPSON: Your Honor, at this time we ask that the Court read into the record *the stipulations* the parties have reached.") (emphasis added); *see also* Tr. 1442:24-1443:12 (reading stipulations). That admission obviates the need for evidence, because Oracle conceded that it is an "established fact" that the 170 lines are technically necessary, and "it is established" that Google's use of that declaring code was a fair use. *Id.* Accordingly, no analysis by Dr. Reinhold is required to support these *established* facts.

The parties did not, however, stipulate *why* those lines are technically necessary, or that their technical necessity is readily understood by all Java developers. Indeed, the fact that Dr. Reinhold (and Oracle's experts) have made inconsistent assertions about how many lines of declaring code are technically necessary proves the contrary—that developers *cannot* be expected

1  to know which lines of declaring code are technically necessary for use of the Java language.[1]

2  Oracle argues that "[i]f Google wanted to copy only what was technically necessary, it could have simply looked in the language specification book, and written its own API libraries on top of the 170 lines of API declaring code required by the Java language specification." Opp. at 6:18-20.  The assertion that Google could have "simply looked" at the specification is false.  The *Chief Architect* for the Java SE platform has himself looked at that book multiple times.  With each analysis, he has arrived at and testified to different answers under oath.

Dr. Reinhold's shifting testimony demonstrates that there is nothing "simple" about this analysis.  This is particularly true given that it is established that the Java language itself is free, and that Sun/Oracle promoted the language to developers.  *See, e.g.,* Tr. 500:21-22 (E. Schmidt); Tr. 495:21-496:4, 497:9-23, 500:9-501:10 (Schwartz); Tr. 1550:25-1551:4 (D. Schmidt); Tr. 1551:7-11 ("MS. HURST:  It's stipulated, Your Honor.  THE COURT:  All right.  So the programming language itself is free and open for all to use without license, period.  Everybody agree with that?  MR. VAN NEST:  Yes, Your Honor.").

### III.   Professor Schmidt's testimony fails to distinguish between the technically necessary declarations and the other declarations at issue.

Nowhere in its opposition does Oracle even attempt to argue that Professor Schmidt distinguished between the 170 lines of declarations/SSO for which fair use is conclusively *established* and the rest of the declarations/SSO in the 37 API packages.  The reason for that is simple:  Professor Schmidt drew no such distinction.  *See* Tr. 1519:20-24 (D. Schmidt) (Java SE API packages "are not islands," and are "actually connected together in a very intricate web of relationships."); Tr. 1525:22-1526:11 (the declaring code at issue is for APIs that "touch many, many different parts" of Java SE, and those APIs are "central or important"); *see also* TX 5399 at 356 (demonstrative).

---

[1] Oracle argues that Google stipulated to Dr. Reinhold's analysis, and failed to cross-examine him on this point.  First, Google agreed not to dispute that *at least* the 170 lines of declaring code identified in TX 9223 are technically required by the Java language, but nowhere agreed to any "analysis" in support of that conclusion.  Second, Oracle's *direct* examination of Dr. Reinhold elicited his testimony about his shifting conclusions.  *See* Tr. 1463:8-1464:3.  There is no rule of evidence that requires a party to elicit once again evidence showing that an analysis is unreliable when that has already been done by the party sponsoring a witness.

It is an established fact that Google's use of the 170 lines of declarations (and the SSO reflected in them) identified in TX 9223 constitutes fair use.  And the jury has no basis to find that any other declarations/SSO at issue are any less a fair use.  Oracle steadfastly argues that use of all of the declarations/SSO was not *technically* required (Opp. at 6:21-7:3), but fails to cite any case holding that fair use can only be based on technically necessary copying.  There was no *technical* requirement that 2 Live Crew copy phrases from Roy Orbison's composition *Pretty Woman*—purely from a *technical* perspective, 2 Live Crew could have sang (likely with less success), "Lovely lady, strolling along the way / Lovely lady, who appears so great."  *Cf. Campbell v. Acuff-Rose,* 510 U.S. 569 (1994).  But fair use is not dictated purely by technical requirements—it is, as Google pointed out in its moving papers, an "equitable rule of reason," without "rigid, brightline" limits, and that the finder of fact must be "'free to adapt . . . to particular situations on a case-by-case basis,'" especially "'during a period of rapid technological change.'"  *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 448 & n.31 (1984) (quoting H.R. Rep. No. 94-1476, at 65-66 (1976)).[2]  On the trial record for Phase One, Google is entitled to judgment as a matter of law.

**IV.   Google was under no obligation to disclose the legal theories applicable to the Rule 50(a) motion it would make at trial based on the evidence actually elicited by Oracle.**

Juries are entitled to make factual findings that are consistent with the evidence.  Conversely, juries are not entitled to draw conclusions that are not supported by substantial evidence.  Fed. R. Civ. P. 50(a)(1).

Nothing in its response to Oracle's interrogatories precludes Google's Rule 50(a) motion.  Oracle contention interrogatory asked, "To the extent YOU contend that YOUR use of any aspect of the 37 JAVA API PACKAGES constitutes fair use, state in detail the factual bases for that contention."  *See* Google's First Suppl. Resp. & Obj. to Oracle's Interrogs., Set 6, No. 40 (ECF 1563-22) at 9.  In response, Google stated, among other things, that "[t]he Java APIs, and thereby the SSO, are functional works, as they are *essential building blocks for using the free Java programming language.*"  *Id.* at 11:2-4 (emphasis added).  This fairly encompasses the factual

---

[2] Oracle argues that Google's motion is "unmoored from any applicable case law." Opp. at 5:2. *Sony* is both applicable and *binding* authority.

1  predicate for Google's Rule 50(a) motion, which is that the Phase One trial record does not offer
2  a basis for the jury to conclude that the use of some, but not all, of the declarations/SSO at issue is
3  a fair use.  Moreover, Google's Rule 50(a) argument is based in part on Dr. Reinhold's recent
4  change in his testimony, a fact Google was not required to anticipate and address in its
5  interrogatory response.  More generally, Google cannot possibly have been expected to anticipate
6  what evidence Oracle might fail to elicit at trial, and to incorporate all such possibilities into its
7  interrogatory response.  Google's Rule 50(a) motion is entirely proper.

**V.    Conclusion**

For the foregoing reasons, the Court should grant Google's Rule 50(a) motion and enter judgment as a matter of law in Google's favor.

Dated:  May 25, 2016                                        KEKER & VAN NEST LLP

                                                          By:   s/ Robert A. Van Nest
                                                                ROBERT A. VAN NEST
                                                                CHRISTA M. ANDERSON
                                                                DANIEL PURCELL

                                                                Attorneys for Defendant
                                                                GOOGLE INC.