KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.  3:10-cv-03561 WHA <br><br> **GOOGLE INC.'S MOTION TO MODIFY JURY INSTRUCTIONS AND VERDICT FORM** <br><br> Dept.     Courtroom 8, 19th Fl. <br> Judge:    Hon. William Alsup |

     Google Inc. ("Google") hereby moves to modify the Court's proposed Instructions On Damages and Special Verdict Form For Damages (ECF 1945, 1945-1) in accordance with Google's stipulation regarding statutory damages.  As Google informed the Court and Oracle on May 24, Google conditionally stipulates that, in the event a damages trial phase is required and Oracle elects statutory damages as its damages remedy under 17 U.S.C. § 504(c), the amount of statutory damages to be awarded to Oracle shall be a total of $300,000 for the two asserted works-in-suit, which is the maximum allowed under the statute ($150,000 per work).  Google's stipulation is made without prejudice to either party's ability to put on evidence or make any arguments relating to the innocence or willfulness of Google's conduct following the conclusion of any damages trial.  In so stipulating, Google reserves all rights on appeal with regard to all issues relating to liability and any issues relating to damages or other relief besides the amount of statutory damages.

     In accordance with this stipulation, Google requests that the Court remove certain portions of the Court's proposed Phase Two Instructions and Special Verdict Form.  Specifically, Google submits that paragraphs 2, 3, 4, 5, and 6 of the proposed Instructions On Damages, and questions 1, 2, and 3 of the proposed Special Verdict Form are unnecessary because Google's stipulation moots any possible need for a jury determination on the amount of statutory damages to be awarded.  The Court has already ruled that willfulness will only be relevant in the damages phase—if at all—to (1) a determination of whether taxes may be deducted; or (2) statutory damages.  Order re Willfulness and Bifurcation, ECF 1321.  Google has already elected not seek a deduction of its taxes, ECF 1350, and now offers to pay (as set forth above) the maximum statutory damages allowed by law, if liability is found and Oracle elects statutory damages.  As a result, willfulness will not be relevant to any issue in a possible damages phase and these paragraphs of the instructions and verdict questions are not needed.

     The Court has the authority to accept Google's stipulation in order to narrow the issues for trial, even if Oracle persists in refusing to accept it for tactical advantage, and Google respectfully asks that the Court exercise its discretion to do so.  *See* Fed. R. Evid. 401 advisory committee notes (noting that "situations will arise which call for the exclusion of evidence offered to prove a

1  point conceded by the opponent"—here, the amount of statutory damages at issue—and that "the
2  ruling should be made on the basis of such considerations as waste of time and undue prejudice
3  (see Rule 403)").
4    As counsel for Oracle conceded, Google's stipulation that the maximum amount of
5  statutory damages would be recoverable (should Oracle make such an election) makes the issue
6  of willfulness irrelevant to any disputed issue in a phase two jury trial on actual damages or
7  profits under Section 504(b) and—at most—relevant only to a phase three bench trial.  Tr.
8  2282:19-2283:3.  Yet the prejudice that would result from allowing Oracle to put forth evidence
9  of willfulness, without any dispute as to the amount of statutory damages, is both obvious and
10 clearly intended by Oracle.  Unlike Section 504(c)'s treatment of statutory damages, "Section
11 504(b) makes no distinction between willful and innocent infringers."  *Oracle Int'l Corp. v. SAP*
12 *AG*, No. C 07-1658 PJH, 2012 WL 11883865, at *1-*2 (N.D. Cal. May 29, 2012).  By asking the
13 jury to decide a question of willfulness along with actual damages, Oracle seeks to invite the jury
14 to improperly punish Google, while having no intention of ever electing statutory damages as its
15 monetary remedy.
16   Google's stipulation also resolves the issues relating to whether, as a matter of law, a
17 reasonable jury could ever find that Google committed willful infringement given the unsettled
18 state of the law of copyrightability for years during the pendency of this dispute.  Under Ninth
19 Circuit law, a defendant's use of a copyrighted work, even after it is on notice of a claim of
20 infringement, "does not constitute willfulness so long as [the defendant] believes reasonably, and
21 in good faith, that he or she is not infringing." *Evergreen Safety Council v. RSA Network Inc.*, 697
22 F.3d 1221, 1228 (9th Cir. 2012), (citing *Princeton Univ. Press v. Mich. Document Servs.*, 99 F.3d
23 1381, 1392 (6th Cir. 1996) (en banc), *cert. denied*, 520 U.S. 1156 (1997), *Danjaq LLC v. Sony*
24 *Corp.*, 263 F.3d 942, 959 (9th Cir. 2001), and 4 *Nimmer on Copyright* § 14.04 (rev. ed. 2012)).
25 As Google noted in its May 15, 2016 response regarding willfulness evidence, "[t]his Court's
26 decision on copyrightability demonstrates that the issue of copyrightability was at least
27 'unsettled' prior to the Court's 2012 decision [and] on fair use, the first jury could not decide the
28 issue and the Federal Circuit held not only that Google's fair use defense could not be determined

as a matter of law, but that, for example, Google's use of the declaring code and SSO could be found to be transformative 'under a correct reading of the law.'" ECF No. 1896 at 2 (citing *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1376 (Fed. Cir. 2014)).

Google's stipulation will also moot the issues raised in Oracle's recently filed Memorandum Regarding Continuing Willful Infringement, ECF 1961,[1] because willfulness will not be at issue in a possible damages phase. The stipulation also moots the question of whether the jury should be advised of this Court's prior copyrightability order in a possible second phase. As noted above, notwithstanding Oracle's proposal to stand on evidence from prior to May 31, 2012, the Court's copyrightability order is highly relevant to show the reasonableness of Google's good faith belief that its use of the declarations and SSO in the 37 API packages did not infringe Oracle's copyrights.

Finally, contrary to Oracle's arguments, Rule 68 of the Federal Rule of Civil Procedure is inapposite here. "The purpose of Rule 68 is to encourage the settlement of litigation," by precluding a plaintiff from recovering certain costs if she recovers less than the amount of a pre-trial settlement offer. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). In making this stipulation, Google does not seek to make a settlement offer or otherwise (as Oracle suggests) "take a claim out of the case." Tr. at 2286:15-17. Rather, Google simply seeks to eliminate a disputed issue in order to streamline the trial and reduce the burden on the jury.

In sum, because Google is willing to stipulate to a statutory damages award of $300,000 in the unlikely event that Oracle ever elects statutory damages, Google requests that the Court remove paragraphs 2, 3, 4, 5, and 6 of the proposed Instructions On Damages, and questions 1, 2, and 3 of the proposed Special Verdict Form.

---

[1] Google is prepared to file a response to Oracle's memorandum should the Court so request, but has so far refrained from doing so given that the Court never authorized Oracle's filing in the first instance.

| | | |
|---|---|---|
| Dated: May 25, 2016 | | KEKER & VAN NEST LLP |
| | By: | s/ *Robert A. Van Nest* |
| | | ROBERT A. VAN NEST |
| | | CHRISTA M. ANDERSON |
| | | DANIEL PURCELL |
| | | |
| | | Attorneys for Defendant |
| | | GOOGLE INC. |