KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 3:10-cv-03561 WHA <br><br> **GOOGLE INC.'S OBJECTION TO ORACLE'S PROFFER REGARDING DR. MARK REINHOLD'S PHASE II TESTIMONY** <br><br> Dept.  Courtroom 8, 19th Fl. <br> Judge:  Hon. William Alsup |

Google objects to Oracle seeking to elicit testimony from Dr. Mark Reinhold during Phase II on several topics listed in its proffer. Because Oracle's recent proffer, ECF 1952, and even more recent disclosures of documents never produced in discovery demonstrate that Oracle has failed to comply with Rule 26, Google objects to the proffered testimony under Rule 37.

### A.   Legal Standard

Rule 37(c) applies when a party fails to disclose required information or supplement its disclosures in a timely fashion. It provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In terms of appropriate sanctions, Rule 37(c)(1)(C) allows the Court, *inter alia*, to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Rule 37(b)(2)(A)(ii).

### B.   Objection to Dr. Reinhold Attempting to Quantify the Overlap Between Java SE and Java ME.

Oracle has said that it "expects that Dr. Reinhold will explain the relationship between Java SE and Java ME. In particular, he will quantify the degree of overlap between Java ME and Java SE, and testify as to material added to ME from SE, including Java SE versions 1.4 and 5.0, and later versions of Java ME." ECF 1952 at 1. But just two months ago, at his employee-expert deposition, Dr. Reinhold was not willing or able to offer any such information. The testimony speaks for itself:

> Q.  What, if any, opinions do you have regarding the relationship between Java SE and Java ME?
>
> A.  At a high level, one could say that Java ME is Java SE's little brother.
>
> Q  Does -- how many API packages does Java SE have? Let me ask specifically about Java SE 5, if you remember, how many API packages Java SE 5 has.
>
> A.  I believe it was 166 or thereabouts.
>
> Q.  Approximately how many API packages did the contemporary version of Java ME have?
>
> A.  I do not know, but it was less.

1

| | | |
|---|---|---|
| 1 | Q. | Order of magnitude different? |
| 2 | A. | I do not know offhand. |
| 3 | Q. | How familiar are you with the Java ME platform? |
| 4 | A. | I have never worked on it directly myself. |
| 5 | Q. | So not all that familiar? |
| 6 | A. | Correct. |
| 7 | Q. | Do you know the extent of the overlap between the packages and classes and methods between Java SE and Java ME? |
| 8 | A. | Not in detail. |
| 9 | Q. | At what level of understanding do you have regarding the degree of overlap? |
| 10 | A. | There are -- of the packages you find in Java SE, many of them are not in Java ME.  There are some packages in Java ME that are not in Java SE. |
| 11 | Q. | Do you have any sense of the relative quantity of SE packages that are not in Java ME? |
| 12 | A. | No. |
| 13 | Q. | Do you have any sense of the amount of packages in ME that are not in SE? |
| 14 | A. | I couldn't give you a number. |

March 15, 2016 Depo. Tr. at 63:15-64:23.  How Oracle can purport to offer Dr. Reinhold to "*quantify* the degree of overlap between Java ME and Java SE" in light of this testimony is inexplicable.  Google objects to any such attempt by Oracle to offer such testimony after skirting its Rule 26 obligations.  The proffered testimony should be excluded pursuant to Rule 37.

**C.    Objection to Dr. Reinhold Testifying Regarding Belatedly Disclosed Copyright Registrations.**

Along similar lines, Oracle suggests that Dr. Reinhold "will also testify regarding the copyright registration of those works [Java SE and Java ME]."  ECF 1952 at 1.  This raises two issues.  First, by way of its witness and exhibit disclosures, Oracle has indicated that it intends to have Dr. Reinhold testify regarding eight copyright registrations that bear no Bates numbers and were apparently not produced in discovery, but have recently been added to the exhibit list..  Specifically, two registrations were identified on May 24th (TX 9229-30), and another six on May

1  25th (TX 9237-42).  Google has never had an opportunity to investigate these registrations or
2  question Dr. Reinhold (or any other Oracle witness) about them.  Furthermore, while the first two
3  relate to the Connected Device Configuration discussed in Phase I, the more recent six relate to
4  different "profiles" (e.g., "Personal Basis Profile," "Personal Profile," and "Foundation Profile")
5  that were never mentioned during the fair-use phase.

6  Second, whether and to what extent Dr. Reinhold can lay the foundation for these
7  registrations is questionable.  As he testified above, Dr. Reinhold never worked on Java ME.  And
8  it is doubtful that he would have reason to have seen the copyright registrations Oracle intends for
9  him to sponsor.  Indeed, in the first phase, Dr. Reinhold seemed completely unfamiliar with the
10 copyright registrations he was shown regarding two Java ME configurations, and did not seem to
11 have any personal knowledge regarding their release dates.  RT 1479:15-1481:20.

12 In sum, because the registrations were not produced during discovery, and Dr. Reinhold
13 appears to lack the requisite personal knowledge to sponsor them in any event, Google objects to
14 Oracle attempting to introduce TX 9229-30 and 9237-42 at trial.

### D. Objection to Dr. Reinhold Testifying Regarding the Importance of APIs and Declaring Code to App Programmers.

17 Oracle has also proffered Dr. Reinhold on "the importance of APIs and declaring code to
18 app programmers (rather than API re-implementers).  In particular, Dr. Reinhold will explain that
19 the declaring code is necessary for app programmers to access and use the functions provided in
20 the APIs."  ECF 1952 at 1.  Here again, Oracle has a Rule 26 disclosure problem.  Specifically,
21 Oracle has offered Dr. Reinhold as an employee-expert, and provided a related Rule 26(a)(2)(C)
22 disclosure.  (Oracle's 2/29/2016 Supplemental Rule 26(a)(2)(C) Disclosure).  That disclosure,
23 however, does not include this topic—or even something that would fairly encompass it.  For that
24 reason, Google did not have an opportunity to examine Dr. Reinhold on the issue, and it would be
25 prejudicial for Oracle to present this testimony now.  Accordingly, Google objects to this portion
26 of Oracle's proffer regarding Dr. Reinhold.

3
GOOGLE INC.'S OBJECTION TO ORACLE'S PROFFER
REGARDING DR. MARK REINHOLD'S PHASE II TESTIMONY
Case No.  3:10-cv-03561 WHA

1063022

**E.     Conclusion**

For the foregoing reasons, and pursuant to Rule 37(c)(1), Google objects to the proffered testimony from Dr. Reinhold.

Dated: May 25, 2016                                             KEKER & VAN NEST LLP

                                                       By:   s/ Robert A. Van Nest
                                                             ROBERT A. VAN NEST
                                                             CHRISTA M. ANDERSON
                                                             DANIEL PURCELL

                                                             Attorneys for Defendant
                                                             GOOGLE INC.