# EXHIBIT A

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:     (404) 572-4600
Facsimile:      (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE INC.,<br><br>        Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**DECLARATION OF KRISTIN ZMRHAL IN SUPPORT OF GOOGLE'S BILL OF COSTS**<br><br>Dept:       Courtroom 8, 19th Fl.<br>Judge:     Hon. William Alsup |

1        I, Kristin Zmrhal, declare as follows:

2        1.      I am a Senior Legal Operations Manager at Google Inc. ("Google"). I submit this

3   declaration in support of Google's Bill of Costs. I managed Google's document collection and

4   production in the above-captioned case. I have knowledge of the facts set forth herein, and if

5   called to testify as a witness thereto could do so competently under oath.

6        2.      On June 8, 2016, the Court entered Final Judgment in this matter. Dkt. 1989. As

7   reflected in the Final Judgment, Google prevailed on a substantial part of the litigation. Plaintiff

8   Oracle America, Inc. ("Oracle") recovered none of the relief it sought in this litigation.

9        3.      Accordingly, Google is the prevailing party and is entitled to recover costs

10  pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505.

11       4.      I have reviewed Google's Bill of Costs and the invoices submitted therewith.

12       5.      The costs included in Google's Bill of Costs, including those costs incurred in

13  order to comply with the parties' Joint ESI Agreement [Dkt. 67], are correctly stated and were

14  necessarily incurred in this action, and the services for which fees have been charged were

15  actually and necessarily performed.

16       6.      Further, the items in Google's Bill of Costs are fairly attributable to the claims

17  asserted by Oracle in this litigation and are recoverable by Google under 28 U.S.C. § 1920, Civil

18  Local Rule 54-3, and relevant case law. *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-

19  03200 WHA, 2011 WL 1362112, at *2 (N.D. Cal. April 11, 1011) (J. Alsup) ("The reproduction

20  costs defendants incurred in collecting, reviewing, and preparing client documents for production

21  were necessary expenditures made for the purpose of advancing the investigation and discovery

22  phases of the action. As such, they are properly taxable."); *Service Emp. Int'l Union v. Rosselli*,

23  No. C 09-00404 WHA, 2010 WL 4502176, at *3 (N.D. Cal., Nov. 1, 2010) (J. Alsup) (rejecting

24  plaintiffs' argument that "the cost of trial exhibits and electronic discovery production should not

25  be recoverable," and overruling plaintiffs' objections to deposition-related costs such as "'rough

26  disk' fees, 'expedited' services charges, parking reimbursements, charges for court reporter

27  'waiting time,' charges for court reporter 'before/after hours,' delivery costs, appearance and

28  travel fees, 'video digitizing to DVD[s],' and 'video synchronizing'"); *In re Online DVD-Rental*

1    *Antitrust Litig.*, 779 F.3d 914, 928 (9th Cir. 2015) ("To the extent a party is obligated to produce

2    (or obligated to accept) electronic documents in a particular format with particular characteristics

3    intact (such as metadata, color, motion, or manipulability), the costs to make duplicates in such a

4    format or with such characteristics preserved are recoverable as 'the costs of making copies . . .

5    necessarily obtained for use in this case.' 28 U.S.C. § 1920(4).") (quoting *CBT Flint Partners,*

6    *LLC v. Return Path, Inc.*, 757 F.3d 1320, 1328 (Fed. Cir. 2013)); *Fitbug Ltd. v. Fitbit, Inc.*, No.

7    13-1418 SC, 2015 WL 2251257, at *3 (N.D. Cal. May 13, 2015) (noting that "electronic

8    document processing costs" are recoverable where "the costs incurred were necessary for

9    compliance with [an ESI] agreement"); *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C

10   09–5939 PJH, 2012 WL 1610979, at *4 (N.D. Cal., May 8, 2012) (allowing recovery of costs that

11   were "necessary to convert computer data into a readable format," because such costs were "an

12   essential component of '[t]he cost of reproducing disclosure or formal discovery documents' used

13   in the case, as permitted under Civil Local Rule 54–3(d)(2)."); *In re Ricoh Co., Ltd. Patent Litig.*,

14   661 F.3d 1361, 1365 (Fed. Cir. 2011) ("Thus, the costs of producing a document electronically

15   can be recoverable under section 1920(4).").

16         7.     True and correct copies of the invoices supporting Google's Bill of Costs are

17   attached as Exhibit C to the Bill of Costs.

18         8.     The costs included in Google's Bill of Costs for reproducing documents for use in

19   the case were necessary and related to (a) disclosure and other formal discovery obligations, (b)

20   exhibits to depositions, and (c) compensation for court-appointed experts.

21         9.     In addition, Google's Bill of Costs seeks only the costs associated with the

22   electronic preparation and duplication of documents for use in this case, not the intellectual effort

23   involved in their production, such as searching or analyzing documents.

24         10.    Google collected over 97 million documents from 122 custodians in this case for

25   electronic processing and review.  Pursuant to Google's obligations under the parties' Joint ESI

26   Agreement [Dkt. 67], Google's document vendor filtered custodial documents for production by

27   running agreed-upon key-term searches, and converted documents to TIFF images for production.

28   Over the course of this litigation, Oracle served eleven separate Requests for Production of

**DECLARATION OF KRISTIN ZMRHAL IN SUPPORT OF GOOGLE'S BILL OF COSTS**
Case No.  3:10-cv-03561 WHA

Documents, with 324 individual document requests.  Google electronically produced over 3.4 million documents in response to Oracle's requests, and Google's 119 separate document productions span over 20.6 million pages.

11.     Ninety witnesses were deposed in this case, and several witnesses were deposed more than once.

12.     The Court appointed Dr. James R. Kearl to serve as a Rule 706 damages expert in this case.  Dkt. 374.  Pursuant to court-order, [Dkt. 413], Google paid one-half of Dr. Kearl's fees and expenses in this matter.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco, California on June 22 2016.

KRISTIN ZMRHAL

**DECLARATION OF KRISTIN ZMRHAL IN SUPPORT OF GOOGLE'S BILL OF COSTS**
Case No.  3:10-cv-03561 WHA

1069012