# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
www.kslaw.com

June 29, 2016

The Honorable William Alsup
United States District Court Judge
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

The Honorable Donna M. Ryu
United States Magistrate Judge
Courtroom 4, 3rd Floor
1301 Clay Street
Oakland, CA 94612

**Re:    Oracle America, Inc. v. Google Inc., No. 3:10-cv-03561-WHA**

Dear Judge Alsup and Magistrate Judge Ryu:

In accordance with the Court's January 28, 2016 Notice Re Google's Précis Request Seeking Leave To File A Motion For Civil Contempt, Dkt. 1460, and the Court's précis letter / motions procedures, Dkt. 86, Google respectfully renews its request for approval to file a motion for a finding of civil contempt and the imposition of sanctions against Oracle and its outside counsel.

Google filed its original précis letter regarding this subject, Dkt. 1457, addressed to both Judge Alsup and Judge Ryu, on January 27, 2016.  In the January 28 Notice, the Court ruled that Google's proposed motion would be "postponed until after the trial" and did not address whether the motion would be heard by Judge Alsup or Judge Ryu.

As Google noted in its January 27 letter, the purpose of a protective order is to assure that sensitive, highly confidential information produced in discovery remains confidential and does not end up as headline news.  The presumption of adherence to the Protective Order approved by Judge Alsup in December 2010, Dkt. 66 and 68, has served this critical purpose in this action, facilitating production of highly sensitive party and non-party confidential information under an Order requiring that such information not be made public.

On January 14, 2016, Oracle's counsel Annette Hurst disclosed in open court representations of sensitive confidential financial information of both Google and third-party Apple Inc., as well as extremely confidential internal Google financial information.  Dkt. 1442-1, ¶ 9.  After Ms. Hurst's improper disclosures, Oracle and its counsel neither sought to remedy the effects of the disclosures nor acknowledged their wrongdoing.  They instead refused to take responsibility for the disclosures, claimed they were inconsequential because Oracle hoped to use the information at trial (which it never did), and even argued that Google's motion to seal the third party Apple information—which Judge Ryu subsequently granted, Dkt. 1541—was "merely a delaying tactic."  Dkt. 1442, 1442-1; *see also* Dkt. 1478, 1478-1.  Within days of the disclosures, and following Oracle's failure to take remedial action, this information became headline news for major news outlets, at least one of which noted that, thanks to Ms. Hurst, the press could finally report on confidential information that had theretofore been only a subject of speculation.

Oracle's disclosures and its subsequent actions reveal a profound disregard for this Court's Protective Order and for other parties' confidential information.  Google and third party Apple were harmed by Oracle's counsel's disclosure regarding the terms of a significant and confidential commercial agreement.  Google believes it is important, both for this case and for other cases in this District, for the Court to make clear that Oracle's counsel's actions were improper, that Oracle's excuses for the disclosures are invalid, and that Oracle's failure, after the fact, to cooperate in remedying the disclosures was inconsistent with the Protective Order.

This Court's Protective Order ensures that information designated as Protected Material may not be disclosed to the public or the media, requires the parties to give notice of any anticipated use of Protected Material, and imposes on the parties a duty to promptly use their "best efforts" to address and attempt to cure any unauthorized disclosures.  Dkt. 66 ¶¶ 7.1-7.3, 5.2(b), 12.  The highly

confidential information produced by Google under the Protective Order included deposition testimony reflecting the financial terms of Google's agreement with Apple and information related to internal Google financial reports.  This information had never been publicly disclosed because of the risk of competitive harm.  Dkt. 1439 ¶ 3-4; Dkt. 1440-1 ¶¶ 2-4; Dkt. 1462-2 ¶ 3.

Oracle gave no advance notice prior to the January 14 hearing that it might disclose the Google and Apple confidential information, nor did Oracle's papers mention it.  During argument, however, Ms. Hurst made her unauthorized disclosures.  Jan. 14 Tr. at 4, 6, 29.  Despite repeated requests by Google, Oracle took no steps thereafter to remedy the potential effects of these disclosures, and instead compounded its violation by claiming the information was already public and/or would ultimately become public at trial.  Dkt. 1442.

The Protective Order in this case, as in many similar cases, is the mechanism by which parties and non-parties may engage in necessary discovery without risk of significant competitive harm from disclosure of their confidential technical or commercial information.  Ms. Hurst's disclosures, and Oracle's and its counsel's refusal to remedy the effects of those disclosures, warrant a finding of civil contempt and the imposition of sanctions.  *See, e.g., Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989); *Harmston v. City & Cty. of San Francisco*, 2007 WL 3306526 (N.D. Cal. 2007); *Systemic Formulas Inc. v. Kim,* 2009 U.S. Dist. LEXIS 119502 (N.D. Utah 2009); *Beam Sys. v. Checkpoint Sys.*, 1997 U.S. Dist. LEXIS 8812, at *6-7 (C.D. Cal., 1997).

Google therefore respectfully requests permission to file a motion for a finding of contempt and the imposition of sanctions, including but not limited to an award of Google's attorneys' fees and costs and such other relief as the Court deems appropriate.

KING & SPALDING LLP

/s/  Bruce W. Baber

Counsel for Defendant Google Inc.