1  ORRICK, HERRINGTON & SUTCLIFFE LLP
   KAREN G. JOHNSON-MCKEWAN (SBN 121570)
2  kjohnson-mckewan@orrick.com
   ANNETTE L. HURST (SBN 148738)
3  ahurst@orrick.com
   GABRIEL M. RAMSEY (SBN 209218)
4  gramsey@orrick.com
   405 Howard Street, San Francisco, CA  94105
5  Tel: 1.415.773.5700 / Fax: 1.415.773.5759
   PETER A. BICKS (*pro hac vice*)
6  pbicks@orrick.com
   LISA T. SIMPSON (*pro hac vice*)
7  lsimpson@orrick.com
   51 West 52nd Street, New York, NY  10019
8  Tel: 1.212.506.5000 / Fax: 1.212.506.5151

9  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (*pro hac vice*)
10 dboies@bsfllp.com
   333 Main Street, Armonk, NY  10504
11 Tel: 1.914.749.8200 / Fax: 1.914.749.8300
   STEVEN C. HOLTZMAN (SBN 144177)
12 sholtzman@bsfllp.com
   1999 Harrison St., Ste. 900, Oakland, CA  94612
13 Tel: 1.510.874.1000 / Fax: 1.510.874.1460

14 ORACLE CORPORATION
   DORIAN DALEY (SBN 129049)
15 dorian.daley@oracle.com
   DEBORAH K. MILLER (SBN 95527)
16 deborah.miller@oracle.com
   MATTHEW M. SARBORARIA (SBN 211600)
17 matthew.sarboraria@oracle.com
   RUCHIKA AGRAWAL (SBN 246058)
18 ruchika.agrawal@oracle.com
   500 Oracle Parkway,
19 Redwood City, CA 94065
   Tel: 650.506.5200 / Fax: 650.506.7117

20 *Attorneys for Plaintiff*
   ORACLE AMERICA, INC.

21                    UNITED STATES DISTRICT COURT

22                  NORTHERN DISTRICT OF CALIFORNIA

23                      SAN FRANCISCO DIVISION

24 ORACLE AMERICA, INC.                  Case No. CV 10-03561 WHA

25                    Plaintiff,         **ORACLE'S OBJECTIONS TO**
          v.                             **GOOGLE'S BILL OF COSTS**
26 GOOGLE INC.                           Dept.: Courtroom 8, 19th Floor
                                         Judge: Honorable William Alsup
27                    Defendant.

28

Pursuant to Civil L.R. 54-2, Oracle objects to Google's Bill of Costs, ECF No. 1990, for the reasons stated below.  In accordance with Civil L.R. 54-2(b), Oracle met and conferred with Google in an effort to resolve Oracle's objections, but the parties were not able to reach agreement.

## INTRODUCTION

With its latest Bill of Costs, Google appears to seek what this Court has already denied to Google:  $1,750,518 dollars in e-discovery costs incurred during the 2010-2012 time period.  *See* Declaration of Michelle O'Meara in Support of Oracle's Objections to Google's Bill of Costs ("O'Meara Decl."), Exs. A (ECF No. 1216), B (ECF No. 1241); ECF No. 1990.  Google additionally seeks $52,829 in e-discovery fees that Google has not sufficiently tied to the cost of discovery production to Oracle.  *See* ECF No. 1990.  Finally, Google seeks non-taxable costs in the sum of $22,209.68 for expediting transcripts.  *See* ECF Nos. 1990-2, 1990-3.  In sum, Google seeks a total of $2,955,875.68 to which it is not entitled.  These costs should be deducted and the Court tax the sum of $975,334.32 per Google's motion.[1]

## ARGUMENT

### I.        THE COURT SHOULD DENY GOOGLE'S REQUEST FOR COSTS FROM THE 2010-2012 TIME PERIOD.

Following entry of judgment on June 20, 2012 on the then at-issue patent and copyright claims and some related defenses, Google filed a Bill of Costs that included e-discovery costs under the category of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  *See* O'Meara Decl., Exs. A (ECF No. 1216), C (ECF No. 1211), D (ECF No. 1220).  Oracle objected to these costs, *id.*, Ex. F (ECF No. 1225).  The Court denied Google's request for such costs.  *Id.*, Ex. B (ECF No. 1241).  Google's current request for $1,750,518 in "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" for the

---

[1] Google's latest Bill of Costs incorrectly computes the number of total dollars Google claims it should be entitled based on the numbers contained in the chart.  *See* ECF No. 1990 at 1.  That is why adding the numbers in the two preceding sentences does not equal the number sought by Google in its Bill of Costs.

1   2010-2012 time period appears to be entirely composed of the **same** fees the Court previously

2   denied to Google.  *Compare id.*, Exs. D (ECF No. 1220, Ex. B at 1-3, 6-9, 11-12, 20-22, 31, 34,

3   46-47, 58, 61, 69) *and* E (ECF No. 1220, Ex. C at 1-87) *with* ECF No. 1990-2 (Ex. B at 38-40)

4   *and* ECF No. 1990-6 (Ex. C at 37-123).  Google cites no authority for its attempt to circumvent

5   the Court's prior order.  As the Court previously determined, these costs should not be awarded to

6   Google.

7           Google does not, nor could it, claim that the final judgment entered on June 8, 2016 gave

8   Google a second bite at the apple.  Google cannot therefore re-submit the costs it appears to have

9   previously submitted and the Court denied.  Yet Google's request for $1,750,518 in 2010-2012 e-

10  discovery related fees appears to do precisely this.  These costs appear to have been incurred in

11  the initial trial phase for which prior final judgment was entered on June 20, 2012.  *See* O'Meara

12  Decl., Exs. C (ECF No. 1211), G (ECF No. 1982), H (ECF No. 1989).  Any taxable costs relating

13  to those claims was required to have been listed in the Bill of Costs that Google filed within 14

14  days of the entry of that judgment in 2012.  Civil L.R. 54-1.  Google now makes no attempt to

15  distinguish whether any of its claimed 2010-2012 e-discovery costs are different than its

16  previously submitted costs which the Court rejected.  Nor does Google itemize such costs to

17  identify any that were not previously sought and relate solely to the claims that were at issue in

18  this phase of the litigation and were resolved by the newly entered final judgment in June 2016.

19  As a result, neither the Court nor Oracle can determine whether Google's claimed e-discovery

20  costs for the 2010-2012 time period represent **new** costs which the Court has not previously

21  rejected.  As this Court previously explained, "the party seeking costs has the burden of providing

22  an itemized list with sufficient specificity."  O'Meara Decl., Ex. B (ECF No. 1241) (citing *In re*

23  *Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1368 (Fed. Cir. 2011)); Civil L.R. 54-1(c); *Lopez v. CIT*

24  *Bank, N.A.*, No. 15-CV-00759-BLF, 2016 WL 3163175, at *10-11 (N.D. Cal. June 7, 2016); *San*

25  *Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632 SI, 2007 WL 1450350, at

26  *13-14 (N.D. Cal. May 14, 2007); *Stein v. Pac. Bell*, No. C 00-2915 SI, 2007 WL 2221054, at *1

27  (N.D. Cal. Aug. 1, 2007); *see also Walker v. California*, 200 F.3d 624, 625-26 (9th Cir. 1999)

28

(per curiam).  Because Google appears to have re-submitted costs previously denied by the Court

or, in any event, failed to provide sufficient documentation to prove that these costs are legitimate

and not duplicative of the 2010-2012 costs that were previously rejected, Google's request to tax

costs for e-discovery should be denied.[2]

## II.     THE COURT SHOULD DENY GOOGLE'S REQUEST FOR ITS E-DISCOVERY COSTS.

28 U.S.C. § 1920(4) permits a party to seek to tax as costs "[f]ees for exemplification and

the costs of making copies of any materials where the copies are necessarily obtained for use in

the case[.]"  Civil L.R. 54-3(d)(2) clarifies 28 U.S.C. § 1920(4) by explaining that it permits the

taxing of "[t]he cost of reproducing disclosure or formal discovery documents when used for any

purpose in the case[.]"  The Supreme Court, however, has underscored the "narrow scope of

taxable costs" and noted that "[t]axable costs are limited to relatively minor, incidental

expenses[.]"  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012).  Pursuant to §

1920(4) and Civil L.R. 54-3(d)(2), Google seeks $52,829 in fees spent by its e-discovery vendor,

FTI Consulting.[3]  *See* ECF Nos. 1990, 1990-2 (Ex. B at 38-42).  The Court should not award

these requested costs to Google.

As the party requesting costs, Google bears the burden of demonstrating that its requested

costs are properly recoverable and the Local Rules require "[a]ppropriate documentation to

support each item claimed[.]"  *In re Ricoh Co. Patent Litig.*, 661 F.3d at 1367 ("[T]he burden is

on the prevailing [party] to establish the amount of compensable costs and expenses to which they

are entitled.  Prevailing parties necessarily assume the risks inherent in a failure to meet that

---

[2] The two other categories of 2010-2012 costs that Google seeks in its Bill of Costs are $143,341 in "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and $986,978 due to "[c]ompensation of the court-appointed expert."  ECF No. 1990. These also appear to be fees that Google sought in its prior Bill of Costs.  O'Meara Decl., Ex. A (ECF No. 1216).  In accordance with the parties' existing stipulation and the related Court order, these fees will be paid by Oracle at the exhaustion of the appellate period, which has not yet come to pass.  *See id.*, Ex. I (ECF No. 1253).

[3] If the requested 2010-2012 costs are included, this number is $1,803,347.  These requested fees similarly suffer from each of the issues identified below and could be denied on those bases as well.

ORACLE'S OBJECTIONS TO
GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA

1   burden." (quoting *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001))); N.D.

2   Civil L.R. 54–1(a).  With respect to claims for taxing of costs pursuant to 28 U.S.C. § 1920(4),

3   the requesting party must clearly and specifically identify the costs of physically reproducing

4   discovery documents to the opposing party, as distinct from other discovery costs.  *In re Ricoh*

5   *Co. Patent Litig.*, 661 F.3d at 1367-68.  This is because, as this and other courts have previously

6   recognized, it is the cost of the physical preparation and duplication of those documents to the

7   opposing party, rather than other discovery costs, such as tasks like the intellectual effort involved

8   in their production, or tasks performed for the convenience of counsel, that are permitted to be

9   taxed under 28 U.S.C. § 1920(4).  *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914,

10   927-30 (9th Cir. 2015); *In re Ricoh Co. Patent Litig.*, 661 F.3d at 1367-68; *English*, 248 F.3d at

11   1013; *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996); *Apple Inc. v. Samsung Elecs. Co.*,

12   No. 11-CV-01846-LHK, 2014 WL 4745933, at *8-9, *11-12 (N.D. Cal. Sept. 19, 2014);

13   *Competitive Techs. v. Fujitsu Ltd.*, No. C-02-1673 JCS, 2006 WL 6338914, at *7 (N.D. Cal. Aug.

14   23, 2006); O'Meara Decl., Ex. B (ECF No. 1241 at 4-5).

15       Here, Google has failed to provide sufficient detail demonstrating that its e-discovery

16   vendor costs were related to the physical preparation and duplication of documents requested by

17   and provided to Oracle, the opposing party.  For example, Google seeks fees spent by its e-

18   discovery vendor for computer hard drives.  *See, e.g.*, ECF Nos. 1990-2 (Ex. B at 40), 1990-7

19   (Ex. C at 18).  These hard drives could be used for any purpose, including copies of documents

20   for Google itself (a non-taxable cost), and Google has failed to show that these hard drives were

21   used for the purpose of physically producing discovery documents requested by Oracle to Oracle.

22       Similarly, Google's other claimed costs, including TIFF endorsement and generation,

23   inbound processing, production services, and OCR services, are insufficiently detailed to show

24   that they were incurred in the preparation and production of documents to Oracle.  *See, e.g.*, ECF

25   Nos. 1990-2 (Ex. B at 38-41), 1990-7 (Ex. C at 18).  OCR services, for example, could have been

26   performed on certain documents collected by Google but not produced to Oracle for the

27   convenience of Google's counsel.  A claimed fee for "Processing Inbound Only" is not described

28

ORACLE'S OBJECTIONS TO
GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA

1   in detail, but could be for the ingestion of documents that would then be culled down via review

2   to determine the documents to be produced, rather than relating to the physical preparation and

3   duplication of production documents for Oracle.  *See, e.g.*, ECF Nos. 1990-2 (Ex. B at 38-40),

4   1990-7 (Ex. C at 29).  "Production Services," another claimed fee, also is not described in any

5   detail and could comprise what this Court has previously found to be non-taxable intellectual

6   efforts such as organizing, searching, and analyzing the discovery documents.  *See* O'Meara

7   Decl., Ex. B (ECF No. 1241 at 4-5); ECF Nos. 1990-2 (Ex. B at 40-41), 1990-7 (Ex. C at 29).

8   Generic references not tied to the physical preparation and duplication of documents requested by

9   and provided to the opposing party have been found insufficient to support an award of such

10  costs.  *In re Ricoh Co. Patent Litig.*, 661 F.3d at 1367-68; *Apple Inc.*, 2014 WL 4745933, at *8-9,

11  *11-12.

12          Furthermore, certain facts appear to suggest that some of the e-discovery vendor tasks

13  Google attempts to seek fees for were not related to the physical preparation and duplication of

14  documents requested by and provided to Oracle.  In Google's prior declaration submitted in

15  support of its previous Bill of Costs, Google claimed to have produced "over 3.3 million

16  documents in response to Oracle's requests . . . span[ning] over 20 million pages."  O'Meara

17  Decl., Ex. A (ECF No. 1216, Ex. A at 2).  In Google's declaration submitted in support of its

18  current Bill of Costs, Google claims to now have produced "over 3.4 million documents in

19  response to Oracle's requests . . . span[ning] over 20.6 million pages" in total in this litigation.

20  ECF No. 1990-1 (Ex. A at 3).  Google's declaration draws into question the TIFF generation

21  charges for this phase of the litigation because the TIFF generation per page charges, including

22  one TIFF generation charge from December 31, 2015 spanning over 1.1 million pages, seem to

23  greatly exceed the small increase in production, somewhere slightly over 100,000 documents

24  spanning around 600,000 pages, suggested by comparing Google's prior and recent declarations

25  relating to the production of documents specifically in response to Oracle's discovery requests.

26  *Compare* O'Meara Decl., Ex. A (ECF No. 1216, Ex. A at 2) *and* ECF No. 1990-1 (Ex. A at 3)

27  *with* ECF No. 1990-2 (Ex. B at 40) *and* ECF No. 1990-7 (Ex. C at 29).

28

1    As Google has failed to adequately tie its requested e-discovery vendor costs to the

2    physical preparation and duplication of discovery documents requested by and produced to

3    Oracle as is required, the Court should deny Google its claimed e-discovery costs.

4    **III.    THE COURT SHOULD DENY GOOGLE'S REQUEST FOR OVER $22,000**

5    **IN EXPEDITING FEES.**

6    Google seeks to tax as costs $22,209.68 it incurred to expedite the receipt of transcripts of

7    depositions Google took of Oracle witnesses.  It is improper for the Court to tax these costs.  The

8    Court may properly tax as costs "[f]ees for printed or electronically recorded transcripts

9    necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *see also* N.D. Civil L.R. 54-

10   3(c)(1) (clarifying that "[t]he cost of an original and one copy of any deposition" is taxable).

11   However, Northern District courts regularly refuse to tax as costs "extra" deposition fees, such as

12   those to receive deposition transcripts faster.  *See, e.g.*, *Apple Inc.*, 2014 WL 4745933, at *6

13   (denying request for costs of expedited deposition transcripts); *Plantronics, Inc. v. Aliph, Inc.*,

14   No. C 09-01714 WHA LB, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012); *City of Alameda*

15   *v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *3

16   (N.D. Cal. Jan. 23, 2012).

17   Here, Google improperly seeks to tax as costs the following amounts related to

18   depositions of the following Oracle witnesses:  Barr ($1,101.12), Brenner ($837.68 and $314.11),

19   Chatterjee ($1,350.90), Duimovich ($865.80), Hofert ($947.20), Jaffe ($904.55), Kearl ($975.65),

20   Kemerer ($1,023.05), Malackowski ($1,793.30), Murray ($831.76), Reinhold ($473.60),

21   Ringhofer ($1,430.60 and $556.69), Saab ($914.64 and $396.64), Schmidt ($1,544.45), Senteno

22   ($630.48), Smith ($1,041.92 and $370.00), Stahl ($1,166.25 and $394.97), Toubia ($825.84),

23   Wayne ($594.96), and Zeidman ($923.52).  ECF No. 1990-2 (Ex. B at 41-54).  These costs are

24   described alternatively as "Expedited Fee" or "Fee for Daily."  *Id.*  No matter the label, these are

25   costs Google incurred to obtain the deposition transcript more quickly than normal, not costs

26   incurred to obtain the original and one copy of a transcript as permitted under Civil L.R. 54-3.

27

28

Thus, the Court should deny Google's request to tax these $22,209.68 in costs.[4]

### CONCLUSION

For the reasons set forth above, Google's request to tax costs from the 2010-2012 time period, its e-discovery costs for the 2015-2016 time period, and $22,209.68 worth of expediting fees incurred in the 2015-2016 time period should be denied. Oracle respectfully requests that the Court accordingly deduct $2,955,875.68 from Google's motion and tax costs in the amount of $975,334.32.

Dated:  July 6, 2016                                      Respectfully submitted,

                                                                    Orrick, Herrington & Sutcliffe LLP

                                                              By:  */s/ Denise M. Mingrone*
                                                                    Denise M. Mingrone

                                                                    Counsel for ORACLE AMERICA, INC.

---

[4] Although Oracle is not currently objecting to the claimed costs for Dr. Kearl, the court-appointed expert, consistent with Oracle's previously stated positions, including those raised in O'Meara Decl., Ex. F (ECF No. 1225), Oracle respectfully disagrees that Dr. Kearl's appointment was necessary or proper and reserves all rights to raise these arguments on appeal.