# EXHIBIT A

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA  94105
Tel:  415.318.1200
Fax: 415.318.1300

KING & SPALDING  LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel:  212.556.2100
Fax: 212.556.2222

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA  94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>GOOGLE INC.,<br><br>             Defendant. | Case No. 3:10-cv-03561 WHA<br><br>GOOGLE INC.'S BILL OF COSTS<br><br>Dept.:       Courtroom 8, 19th Floor<br>Judge:      Hon. William Alsup |

674536.01

# BILL OF COSTS

Final Judgment having been entered on June 20, 2012 [Dkt. 1211] in favor of Defendant Google Inc. ("Google"), as to the relief sought by Plaintiff Oracle America, Inc. ("Oracle") in this litigation, the Clerk is hereby requested to tax the following as costs pursuant to 28 U.S.C. § 1920 and Civil L.R. 54-3.

| | | |
|---|---|---|
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. | $2,900,349 | |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case. | $143,341 | |
| Compensation of the court-appointed expert. | $986,978 | |
| **TOTAL** | **$4,030,669** | |

This Bill of Costs is supported by the Declaration of Kristin Zmrhal (Exhibit A hereto), an Itemized Bill of Costs (Exhibit B hereto), and corresponding invoices (Exhibit C hereto).

Dated: July 5, 2012

KEKER & VAN NEST LLP

/s/ Robert A. Van Nest

By:     ROBERT A. VAN NEST

Attorneys for Defendant
GOOGLE INC.

1

674536.01

# EXHIBIT A

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

KING & SPALDING  LLP
SCOTT T. WEINGAERTNER
(*Pro Hac Vice*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
BRUCE W. BABER (Pro Hac Vice)
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

KING & SPALDING LLP
DONALD F. ZIMMER, JR. - #112279
fzimmer@kslaw.com
CHERYL A. SABNIS - #224323
csabnis@kslaw.com
101 Second Street, Suite 2300
San Francisco, CA  94105
Tel:  415.318.1200
Fax: 415.318.1300

IAN C. BALLON - #141819
ballon@gtlaw.com
HEATHER MEEKER - #172148
meekerh@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue
East Palo Alto, CA  94303
Tel: 650.328.8500
Fax: 650.328.8508

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>          Defendant. | Case No. 3:10-cv-03561 WHA<br><br>DECLARATION OF KRISTIN ZMRHAL IN SUPPORT OF GOOGLE'S BILL OF COSTS<br><br>Dept.:      Courtroom 8, 19th Floor<br>Judge:      Hon. William Alsup |

674479.03

I, Kristin Zmrhal, declare as follows:

1. I am a Project Manager of Discovery Support at Google Inc. ("Google"). I submit this declaration in support of Google's Bill of Costs. I managed Google's document collection and production in the above-captioned case. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

2. On June 20, 2012, the Court entered Final Judgment in this matter. Dkt. 1211. As reflected in the Final Judgment, Google prevailed on a substantial part of the litigation. Plaintiff Oracle America, Inc. ("Oracle") recovered none of the relief it sought in this litigation. Accordingly, Google is the prevailing party and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505.

3. I have reviewed Google's Bill of Costs and the invoices submitted therewith.

4. The costs included in Google's Bill of Costs are correctly stated and were necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed. Further, the items in Google's Bill of Costs are fairly attributable to the claims asserted by Oracle in this litigation and are recoverable by Google under 28 U.S.C. § 1920, Civil Local Rule 54-3, and relevant case law. *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 WL 1362112, at *2 (N.D. Cal. April 11, 1011) (J. Alsup) ("The reproduction costs defendants incurred in collecting, reviewing, and preparing client documents for production were necessary expenditures made for the purpose of advancing the investigation and discovery phases of the action. As such, they are properly taxable."); *Service Emp. Int'l Union v. Rosselli*, No. C 09-00404 WHA, 2010 WL 4502176, at *3 (N.D. Cal., Nov. 1, 2010) (J. Alsup) (rejecting plaintiffs' argument that "the cost of trial exhibits and electronic discovery production should not be recoverable," and overruling plaintiffs' objections to deposition-related costs such as "'rough disk' fees, 'expedited' services charges, parking reimbursements, charges for court reporter 'waiting time,' charges for court reporter 'before/after hours,' delivery costs, appearance and travel fees, 'video digitizing to DVD[s],' and 'video synchronizing'"); *In re Online DVD Rental Antitrust Litig.*, No. M 09–2029 PJH, 2012 WL 1414111, at *1 (N.D. Cal. 2012) ("The court declines to disallow remaining costs on the grounds

674479.03

argued by plaintiffs (e.g., TiFF conversion costs; copying/"blowback" costs purportedly not documented; document productions purportedly not delivered; professional fees re visual aids.")); *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09–5939 PJH, 2012 WL 1610979, at *4 (N.D. Cal., May 8, 2012) (allowing recovery of costs that were "necessary to convert computer data into a readable format," because such costs were "an essential component of '[t]he cost of reproducing disclosure or formal discovery documents' used in the case, as permitted under Civil Local Rule 54–3(d)(2)."); *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1365 (Fed. Cir. 2011) ("Thus, the costs of producing a document electronically can be recoverable under section 1920(4).").

5.     True and correct copies of the invoices supporting Google's Bill of Costs are attached as Exhibit C to the Bill of Costs.

6.     The costs included in Google's Bill of Costs for reproducing documents for use in the case were necessary and related to (a) disclosure and other formal discovery obligations, (b) exhibits to depositions, and (c) compensation for court-appointed experts.

a.     Google collected documents from over 86 custodians for this case.  Google delivered to its document vendor over 97 million documents for electronic processing and review.  Pursuant to Google's obligations under the parties' Joint ESI Agreement [Dkt. 67], Google's document vendor filtered custodial documents for production by running agreed-upon key-term searches, and converted documents to TIFF images for production.  Over the course of this litigation, Oracle served nine separate Requests for Production of Documents, with 204 individual document requests.  Google electronically produced over 3.3 million documents in response to Oracle's requests, and Google's 60 separate document productions span over 20 million pages.

b.     Sixty witnesses were deposed in this case, and several witnesses were deposed more than once.

c.     The Court appointed Dr. James R. Kearl to serve as a Rule 706 damages expert in this case.  Dkt. 374.  Pursuant to court-order, [Dkt. 413], Google paid one-half of Dr. Kearl's fees and expenses in this matter.

2

674479.03

1   I declare under penalty of perjury that the foregoing is true and correct and that this

2   declaration was executed at 11:30 AM in Chigo, Illinois          on July 3 , 2012.

3

4                                       By: _____

5                                            KRISTIN ZMRHAL

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             3

674479.03

# EXHIBIT B

# CONDITIONALLY FILED UNDER SEAL

# EXHIBIT C

# CONDITIONALLY FILED UNDER SEAL