# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC.,

    Plaintiff,

  v.

GOOGLE INC.,

    Defendant.

                      /

No. C 10-03561 WHA

**ORDER REGARDING BILL OF COSTS**

Final judgment was entered in this patent-infringement action in June 2012. Now, defendant Google Inc. seeks costs (excluding attorney's fees) of approximately four million dollars. This amount is largely attributable to expert fees by court-appointed expert Dr. James Kearl, and fees for electronic document discovery by third-party vendor, FTI Consulting, Inc. For reasons stated below, Google's request is **GRANTED IN PART** and **DENIED IN PART**.

**1.  GOOGLE IS THE PREVAILING PARTY.**

"Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Federal Circuit authority governs the determination of which party was the prevailing party in all patent actions, regardless of whether there were also non-patent claims asserted. *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181 (Fed. Cir. 1996). Even if the action results in a mixed judgment, the district court must nonetheless pick one side as the "prevailing party" for purposes of taxing costs. *Shum v. Intel Corp.*, 629 F.3d 1360, 1366–67 (Fed. Cir. 2010).

In *Shum*, the plaintiff sought (1) correction of inventorship for seven patents originally issued to defendants and (2) $409 million in damages from state law claims, including breach of contract, unjust enrichment, negligent misrepresentation, and intentional interference with contractual relations. The plaintiff won on his co-inventorship claim for five of the seven patents but lost on all his state claims for damages. Based on this mixed result, the Federal Circuit (in a 2-1 split decision) affirmed the district court's finding that defendants were the prevailing party for purposes of taxing costs. *Id.* at 1363–64.

Google was the prevailing party in this action. Oracle initially sought six billion dollars in damages and injunctive relief but recovered nothing after nearly two years of litigation and six weeks of trial. Oracle initially alleged infringement of seven patents and 132 claims but each claim ultimately was either dismissed with prejudice or found to be non-infringed by the jury. Oracle also lost on its primary copyright claim for Java APIs. While it is true that Oracle prevailed on two minor, peripheral copyright claims, this win has not materially altered the legal relationship among the parties. To sum up, the "action has not materially altered [Google's] behavior in a way that directly benefits [Oracle]." *Id.* at 1364. Therefore, Google is the prevailing party for purposes of taxing costs.

2. **ORACLE HAS FAILED TO OVERCOME THE PRESUMPTION OF AWARDING COSTS.**

Finding that Google was the prevailing party, however, does not end the inquiry. Regional circuit law guides the district court's discretion to award costs. *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). Our court of appeals has held that:

> Although Rule 54(d)(1) does create a presumption for awarding costs to prevailing parties, it also places on the losing party the burden to show why costs should not be awarded. . . . Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

2

1  *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888–89 (9th Cir. 2010) (citations and
2  quotations omitted). The district court has discretion to allocate costs where there was a mixed
3  judgment. *See Amarel v. Connell*, 102 F.3d 1494, 1523–24 (9th Cir. 1996).

Oracle has failed to overcome the presumption of awarding costs to Google. The judgment, although technically mixed, was overwhelmingly in favor of Google. As discussed, Oracle had sought billions of damages and injunctive relief but was awarded nothing. While it is true that a copyright issue presented, copyrightability of APIs, was of great importance to the computer industry, this is not enough to deny costs. The media attention following this case was due in large part because Oracle crafted broad, and ultimately overreaching, claims of copyright infringement. A close follower of this case will know that Oracle did not place great importance on its copyright claims until after its asserted patents started disappearing upon PTO reexamination (indeed, Oracle's first damages report barely mentioned copyright claims). Oracle did not bring its API copyright claim for the benefit of addressing "a landmark issue of national importance," but instead fell back on an overreaching (albeit somewhat novel) theory of copyright infringement for its own financial interests late in litigation. On these facts, Oracle has failed to overcome the presumption of awarding costs to Google.

### 3. DR. JAMES KEARL'S FEES.

Google's bill of costs seeks nearly one million dollars in fees arising from the work of court-appointed expert Dr. James Kearl. Oracle objects.

After appointing Dr. Kearl as a FRE 706 expert, the Court granted the parties' stipulation that Dr. Kearl's professional fees and expenses would be paid "one half by each party within thirty days of receipt of each of his monthly invoices" (Dkt. No. 413 at 4). This fee arrangement was consistent with FRE 706, which provides that the court-appointed expert is to be paid "by the parties in the proportion and at the time that the court directs — and the compensation is then charged like other costs." FED. R. EVID. 706(c)(2). Pursuant to 28 U.S.C. 1920, the Court may tax "[c]ompensation of court appointed experts." Thus, Dr. Kearl's fees are taxable costs.

Oracle argues that because the parties' stipulation and the order thereon were silent on post-judgment taxing of Dr. Kearl's fees, that meant that Dr. Kearl's fees could not be taxed.

3

1   Oracle's argument is unpersuasive. The parties stipulated to make ongoing payments for one
2   half of Dr. Kearl's fees "within thirty days of receipt of each of his monthly invoices." This
3   language of *ongoing* payments during trial suggests that the parties' fee arrangement was not
4   meant to control allocation of costs post-judgment. The presumption of FRE 706(c)(2) is that
5   split fees paid during trial are charged like other taxable costs *after* judgment. That presumption
6   was not rebutted by the language in the parties' stipulation. Moreover, any confusion on this
7   point was clarified when the Court stated, in another order, that "Google may demand and
8   recover prompt reimbursement from Oracle for the portion identified by Dr. Kearl as attributable
9   to Dr. Cockburn's third report. . . . These reimbursement amounts *shall not be recoverable costs*
10  that Oracle may recover back in the event it prevails in this action" (Dkt. No. 702) (emphasis
11  added). The clear implication of this was that Dr. Kearl's fees were otherwise recoverable to the
12  prevailing party as taxable costs pursuant to the FRE 706(c)(2).

13  **4.   E-DISCOVERY COSTS.**

14  Google's bill of costs seeks nearly three million dollars in fees incurred by e-discovery
15  vendor, FTI Consulting, Inc. Oracle objects.

16  Pursuant to Section 1920, the Court may tax "fees for exemplification and the costs of
17  making copies of any materials where the copies are necessarily obtained for use in the case."
18  Our local rule has interpreted the statute to provide for "[t]he cost of reproducing disclosure or
19  formal discovery documents when used for any purpose in the case." CIVIL L.R. 54-3(d)(2).
20  However, "fees for exemplification and copying are permitted only for the physical preparation
21  and duplication of documents, not the intellectual effort involved in their production." *Zuill v.*
22  *Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (quotations omitted). In *Romero*, our court of
23  appeals held that the research, analysis, and distillation of data incurred in the preparation of
24  documents (as oppose to the costs of physically preparing the documents) were not taxable costs.
25  *Romero v. City of Pomona*, 883 F.2d 1418, 1427 (9th Cir. 1989).

26  The problem with Google's e-discovery bill of costs is that many of item-line
27  descriptions seemingly bill for "intellectual effort" such as organizing, searching, and analyzing
28  the discovery documents (*see, e.g.,* Dkt. No. 1220, Exh. B at 1, 2–4, 8–10). Most egregious are

4

attempts to bill costs for "conferencing," "prepare for and participate in kickoff call," and communications with co-workers, other vendors, and clients (*see, e.g., id.* at 2, 9–10, 14). These are non-taxable intellectual efforts.

Google contends that Oracle has waived this objection because it did not make specific objections to each cost item. Google's argument is unpersuasive. Our local rules provide that "[c]osts *shall* be taxed in conformity with . . . applicable statutes." LOCAL RULE 54-4 (emphasis added). Moreover, the Federal Circuit, applying Ninth Circuit precedent, has held that the party seeking costs has the burden of providing an itemized list with sufficient specificity. *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1368 (Fed. Cir. 2011). Google has not done so here because many of its line-item descriptions are of non-taxable intellectual efforts. Therefore, Google's request for fees incurred by its e-discovery vendor is denied.

\*   \*   \*

For the reasons stated, Google's request for $4,030,669 in costs is **GRANTED IN PART** and **DENIED IN PART**. The request for $2,900,349 in e-discovery costs is denied. Other requests for costs are granted.

**IT IS SO ORDERED.**

Dated: September 4, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5