# EXHIBIT F

MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (Bar No. 111664)
mjacobs@mofo.com
KENNETH A. KUWAYTI (Bar No. 145384)
kkuwayti@mofo.com
MARC DAVID PETERS (Bar No. 211725)
mdpeters@mofo.com
DANIEL P. MUINO (Bar No. 209624)
dmuino@mofo.com
755 Page Mill Road, Palo Alto, CA 94304-1018
Telephone: (650) 813-5600 / Facsimile: (650) 494-0792

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (Admitted *Pro Hac Vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200 / Facsimile: (914) 749-8300
STEVEN C. HOLTZMAN (Bar No. 144177)
sholtzman@bsfllp.com
1999 Harrison St., Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000 / Facsimile: (510) 874-1460

ORACLE CORPORATION
DORIAN DALEY (Bar No. 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (Bar No. 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway, Redwood City, CA 94065
Telephone: (650) 506-5200 / Facsimile: (650) 506-7114

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William H. Alsup |

1

**TABLE OF CONTENTS**

2

**Page**

3  INTRODUCTION ........................................................................................................................ 1

4  ARGUMENT ............................................................................................................................... 3

5  I.   THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY COSTS AND
        REQUIRE EACH PARTY TO BEAR ITS OWN EXPENSES ......................................... 3

6

7  II.  IF ANY COSTS ARE AWARDED, THE COURT SHOULD DISALLOW
        GOOGLE'S REQUESTED E-DISCOVERY COSTS ...................................................... 6

8  III. IF ANY COSTS ARE AWARDED, THE COURT SHOULD DISALLOW
        GOOGLE'S REQUESTED COSTS FOR THE FEES OF THE COURT-
9       APPOINTED EXPERT ...................................................................................................... 9

10 CONCLUSION .......................................................................................................................... 12

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*A.H.D.C. v. City of Fresno*,
   433 F.3d 1182 (9th Cir. 2006) .................................................................................................. 10

*A.H.D.C. v. City of Fresno*,
   No. CIV-F-97-5498 OWW, 2004 WL 5866234 (E.D. Cal. Oct. 1, 2004) .............................. 10

*Amarel v. Connell*,
   102 F.3d 1494 (9th Cir. 1996) .................................................................................................... 3

*Association of Mexican-American Educators v. California*,
   231 F.3d 572 (9th Cir. 2000) ...................................................................................................... 4

*Campbell v. National Passenger R.R. Corp.*,
   No. C 05-5434 CW, 2010 WL 582754 (N.D. Cal. Feb. 18, 2010) ............................................ 8

*Champion Produce, Inc. v. Ruby Robinson Co.*,
   342 F.3d 1016 (9th Cir. 2003) .................................................................................................... 4

*Competitive Techs. v. Fujitsu Ltd.*,
   No. C-02-1673 JCS, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006) ......................................... 8

*Computer Cache Coherency Corp. v. Intel Corp.*,
   No. C-05-01766 RMW, 2009 WL 5114002 (N.D. Cal. Dec. 18, 2009) .................................... 8

*Endurance American Speciality Ins. Co. v. Lance-Kashian & Co.*,
   No. CV F 10-1284 LJO DLB, 2011 WL 6012213 (E.D. Cal. Dec. 1, 2011), denied ........... 3, 5

*Frigiquip Corp. v. Parker–Hannifin Corp.*,
   75 F.R.D. 605 (W.D. Okla. 1976) ............................................................................................ 10

*Gabriel Techs. Corp. v. Qualcomm Inc.*,
   No. 08 CV 1992 MMA, 2010 WL 3718848 (S.D. Cal. Sept. 20, 2010), denied ...................... 7

*In re Ricoh Co., Ltd. Patent Litig.*,
   661 F.3d 1361 (Fed. Cir. 2011) ............................................................................................. 6, 7

*K-S-H Plastics, Inc. v. Carolite, Inc.*,
   408 F.2d 54 (9th Cir. 1969) ........................................................................................................ 4

*Leesona Corp. v. Varta Batteries, Inc.*,
   522 F. Supp. 1304 (S.D.N.Y. 1981) ........................................................................................ 11

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
   76 F.3d 1178 (Fed. Cir. 1996) .................................................................................................... 3

*Quan v. Computer Scis. Corp.*,
    623 F.3d 870 (9th Cir. 2010) .................................................................................................. 3, 11

*Romero v. City of Pomona*,
    883 F.2d 1418 (9th Cir. 1989) ........................................................................................................ 7

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1991) ........................................................................................................ 7

*Ruiz v. A.B. Chance Co.*,
    234 F.3d 654 (Fed. Cir. 2000) ..................................................................................................... 3, 4

*Synapsis, LLC v. Evergreen Data Sys., Inc.*,
    No. C 05-01524 JF (RS), 2007 WL 2501614 (N.D. Cal. Aug. 30, 2007) ................................. 8

*Zuill v. Shanahan*,
    80 F.3d 1366 (9th Cir. 1996) ........................................................................................................ 7

**STATUTES**

28 U.S.C.
    § 1920 et seq. ................................................................................................................. 2, 6, 7, 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54(d)(1) ............................................................................................................... 1, 3

Fed. R. Evid. 706 et seq. ....................................................................................................... 9, 10, 11

Pursuant to Civil L.R. 54-2, Oracle objects to Google's Bill of Costs (ECF 1216) for the reasons stated below. In accordance with Civil L.R. 54-2(b), Oracle met and conferred with Google in an effort to resolve Oracle's objections, but the parties were not able to reach agreement.

**INTRODUCTION**

Google seeks costs in the amount of $4,030,669, including what appears to be the entire expense ($2.9M) of Google's electronic document discovery vendor and Google's share of the fees of court-appointed damages expert Dr. James Kearl ($986,978). Oracle objects to Google's requested costs on three primary grounds:

First, because the key disputed issues concerning API copyrightability were close, complex, without direct precedent, and of great importance to the computer software industry, and neither Oracle nor Google prevailed on all claims in this case, the Court should exercise its discretion to deny costs and allow each party to bear its own expenses. As Google's counsel acknowledged at the last hearing, district courts have broad discretion under Fed. R. Civ. P. 54(d)(1) to deny costs. (6/20/12 Hearing Tr. at 15:11-13 ("We understand it's within your Honor's discretion as to whether to award any costs or not").) Denial of costs is particularly appropriate where the issues are close, difficult, and of public importance, and where the judgment is mixed.

This case presented landmark legal issues of first impression pertaining to the copyrightability of application programming interfaces ("APIs"). In its order dismissing Oracle's copyright claim regarding the structure, sequence, and organization ("SSO") of the 37 Java API packages, the Court grappled with complex issues of copyright law, observing that "[n]o law is directly on point." (ECF 1202 at 3:8.) At the Court's request, the parties submitted many rounds of briefing, thoroughly covering all legal authorities and factual questions pertinent to the issue of API copyrightability. The Court acknowledged that deciding the issue was "one of the toughest things I've ever had to do." (Trial Tr. at 1129:10-14.) The case was closely followed by the technology press, reflecting the importance of the issues to the computer software industry. This is exactly the type of case where costs should not be awarded.

ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA
sf- 3170389

1

The outcome of the case, moreover, was mixed. The jury agreed with Oracle that Google infringed the SSO of the 37 Java API packages, but was unable to reach a verdict on Google's fair use defense. Judgment on Oracle's copyright claim was divided, with Oracle prevailing on its claims for Google's code copying, but Google prevailing with respect to the copying of the English language descriptions in the API documentation and the copyrightability of the SSO of the API packages after the Court's ruling on the novel legal issues presented. On the patents, the jury found for Google on infringement, but Google abandoned its invalidity counterclaims and judgment on those was entered for Oracle. Oracle also prevailed on two of Google's four equitable defenses (the Court withheld ruling on the other two as moot). In these circumstances, each party should bear its own costs.

Second, if any costs are awarded to Google, the Court should deny Google's request for $2,900,349 in e-discovery costs, because a party's *entire* e-discovery expense is not a proper taxable cost under 28 U.S.C. § 1920 and Civil L.R. 54-3. The statute allows recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Google's Bill of Costs appears to include every invoice from its e-discovery vendor, FTI Consulting. The charges cover all processing of documents by FTI and all labor of its personnel, with no attempt to separate the reasonable cost of copying documents for production from the non-taxable costs of services provided for Google's litigation convenience (such as organizing and searching the productions). Because Google has failed to identify its reasonable copying costs, the request for $2,900,349 should be denied.

Third, if the Court awards any costs to Google, it should nevertheless deny Google's request for $986,978, representing Google's share of the fees and expenses charged by Dr. James Kearl, the Court-appointed damages expert. The parties previously agreed, and the Court ordered, that these costs would be borne "one half by each party." (ECF 413 at 4:14-16.) Google's attempt to now shift all of Dr. Kearl's fees and expenses to Oracle is contrary to that agreement and order. In addition, even if that order did not preclude Google's request for reimbursement of Dr. Kearl's fees and expenses, the Court should exercise its discretion to deny that request. As the Court previously found, Dr. Kearl's appointment was appropriate given the

ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA
sf- 3170389

2

fact that this case "is unusually complex and involves starkly conflicting expert views on the subject of damages," and "[t]he damages aspect of this controversy is particularly involved." (ECF 610 at 2:1-2, 13; *see id.* at 3:2-4; ECF 236 at 2:8-9)  Under these circumstances, each party should bear its own costs for the court-appointed expert.

**ARGUMENT**

**I.    THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY COSTS AND REQUIRE EACH PARTY TO BEAR ITS OWN EXPENSES**

District courts have broad discretion to award or deny costs under Rule 54(d). *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000) ("[a]n award of costs under Rule 54(d)(1) falls within the discretion of the trial court"); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("the district court judge retains broad discretion as to how much to award, if anything").  In patent cases, Federal Circuit authority governs the determination of which party has prevailed, while regional circuit law governs the decision to award costs. *Manildra*, 76 F.3d at 1182-83.

Denial of costs is proper where (1) the issues were especially close and difficult, (2) the case presented a landmark issue of national importance, (3) the judgment was mixed, or (4) the losing party litigated in good faith.  *See Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (listing proper grounds for denying costs); *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("[i]n the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs").  Any one of these grounds could be a basis for denying costs—in this case, all four are present.  Because this case presented novel and difficult legal issues, had broad implications for the computer software industry, resulted in a mixed judgment, and was litigated in good faith, the Court should exercise its discretion to deny costs, as other courts have done in analogous circumstances.

The court in *Endurance American Speciality Ins. Co. v. Lance-Kashian & Co.*, No. CV F 10-1284 LJO DLB, 2011 WL 6012213 (E.D. Cal. Dec. 1, 2011), denied costs where the issues were difficult and the judgment was mixed.  In that case, plaintiff prevailed on certain

claims for declaratory relief, but lost on its damages claims. *Id*. at *1. In denying costs, the court explained:

> This Court's rulings resulted in a mixed judgment with both sides prevailing on issues. In addition, this action involves difficult insurance coverage and defense issues which the parties litigated in good faith. The issues required this Court's significant consideration. Given the mixed judgment and good faith dispute over difficult issues, an award of costs is unwarranted and each side is to bear its respective costs.

*Id*. at *2. *See also K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969) (affirming denial of costs based on "the complexity of the case, the extensive discovery made by the parties, and the limited relief granted to K-S-H"); *Association of Mexican-American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000) (affirming denial of costs where the issues were "close and difficult" and "of substantial public importance").

Similarly, the Federal Circuit in *Ruiz* affirmed the district court's decision to deny costs "where neither party prevailed sufficiently to require an award of costs." *Ruiz*, 234 F.3d at 670. Plaintiffs in that case succeeded on their claim for declaratory judgment of patent invalidity, but defendants prevailed on several other claims. *Id*. at 662. Given the mixed judgment, the district court declined to award costs to either party. The Federal Circuit affirmed, noting that courts have broad discretion to deny costs in such situations. *Id*. at 670. *See also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003) (affirming district court's decision to deny costs where plaintiff recovered substantially less than sought and defendant succeeded on affirmative defenses).

The present case involved difficult, novel legal issues of great importance to the computer software industry. Oracle claimed that Google infringed its copyrights by incorporating the selection, structure, sequence and organization of 37 Java API packages into the Android platform. By the time of trial, the bulk of Oracle's asserted damages were tied to this copyright claim. The jury found that Google infringed the SSO of the 37 Java API packages, but it deadlocked on Google's fair use defense. (ECF 1089 at 1.) Before that defense could be re-tried to another jury, the Court decided the seminal legal issue of the case—whether the SSO of the Java API packages was copyrightable in the first instance.

ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA
sf- 3170389

4

The Court had previously grappled with that issue in ruling on Google's motion for summary judgment on copyright infringement. (ECF 433.) In a ruling largely denying Google's motion, the Court declined to hold that the 37 Java API packages were unprotectable, deferring decision on that issue until the technical facts could be presented at trial. (*Id*. at 9-10.) Prior to and during the trial, the Court sought additional information from the parties regarding the relevant legal authorities and the nature of the Java APIs. (*See, e.g.*, Trial Tr. at 882:4-7, 921:1-922:6.) The parties submitted many rounds of briefing (amounting to several hundred pages), extensively surveying all available law related to API copyrightability. (*See* ECF 778, 780, 823, 824, 833, 852, 853, 859, 860, 887, 897, 898, 900, 955, 956.)

The Court repeatedly acknowledged the difficulty, complexity, and closeness of the copyrightability issues. (*See, e.g.,* Trial Tr. at 7:11-16, 882:20-25, 1129:10-14, 1376:14-20, 3435:15-18.) At the very start of trial, the Court noted:

> One of the issues that the judge has got to decide in this case is whether or not the 37 APIs are copyrightable or not. I think this is the most interesting problem. I've read all of those briefs that you've submitted, and I requested a lot of those briefs myself because I don't know the answer to this problem yet.

(Trial Tr. at 7:11-16.) Later in the proceeding, the Court stated:

> I find this to be one of the toughest things I've ever had to do. The law is tough. It's not like the – this is harder than a patent case because this copyright part on the computer thing is not settled. And then the facts are very hard. So this is a tough problem for the judge.

(*Id*. at 1129:10-14.) In the Court's ruling, the Court noted that the issue of API copyrightability was one of first impression and that "[n]o law is directly on point." (ECF 1202 at 3:8.) The case was closely followed in the legal, business, and technology press, with the issue of API copyrightability receiving much attention. In difficult, close, and important cases like these, it is appropriate for the court to deny costs. *See Endurance*, 2011 WL 6012213 at *2.

Furthermore, the judgment on the parties' various claims was mixed, which further reinforces the propriety of requiring each side to bear its own costs. As already noted, the jury found that Google infringed the SSO of the 37 Java API packages, but was unable to decide fair use. (ECF 1089 at 1.) The jury also found Google liable for copying Oracle's rangeCheck code

and sided with Oracle on one of the two special interrogatories related to Google's equitable defenses. (*Id*. at 2-3.) The jury found for Google on copying of the English-language descriptions in the API documentation and the eight decompiled files, but the Court subsequently directed a verdict for Oracle on those eight files. Although Oracle stipulated to no damages arising from the code copying, Google did remove the copied code from Android as a result of this lawsuit. Judgment was ultimately entered for Google on the 37 Java API packages based on the Court's seminal ruling that the APIs were not copyrightable. With respect to the '104 and '520 patents, judgment of non-infringement was entered for Google, while judgment on Google's invalidity counterclaims was entered for Oracle. (*Id*.) Judgment was entered for Oracle on Google's affirmative defenses of waiver and implied license. The remaining two defenses have yet to be decided. The mixed judgment in this case supports a denial of costs.

Finally, Oracle litigated this case in good faith throughout. Oracle helped to narrow the issues for trial by dropping asserted patent claims and ultimately agreeing to withdraw five of the original seven patents. Oracle simplified the lingering statutory damages issue at the end of the case by agreeing to forego damages for Google's code copying. The Court thanked the parties for the extensive briefing supplied on the API copyrightability issues (ECF 1202 at 3:11-13), and praised the parties for efficiently managing the presentation of evidence at trial.

For all of these reasons, the Court should exercise its discretion to deny Google's request for costs.

## II. IF ANY COSTS ARE AWARDED, THE COURT SHOULD DISALLOW GOOGLE'S REQUESTED E-DISCOVERY COSTS

Even if the Court determines that costs are appropriate, Google still bears the burden of demonstrating that its requested costs are properly recoverable. "[T]he burden is on the prevailing [party] to establish the amount of compensable costs and expenses to which they are entitled. Prevailing parties necessarily assume the risks inherent in a failure to meet that burden." *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (quoting *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001)). To be recoverable, a particular expense must fall into one of the categories of costs statutorily authorized under 28 U.S.C.

§ 1920.  *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989) ("notwithstanding the district court's discretionary authority under Federal Rule of Civil Procedure 54(d) to *refuse* to tax costs in favor of a prevailing party, a district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920") (emphasis in original), *overruled on other grounds by Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1991).  Under 28 U.S.C. § 1920, the Court may tax the following costs:

    (1)  fees of the clerk and marshal;

    (2)  fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)  fees and disbursements for printing and witnesses;

    (4)  fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)  docket fees under section 1923 of this title;

    (6)  compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

With respect to category 4, Civil L.R. 54-3(d)(2) further provides:  "The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable."  However, the requesting party must clearly and specifically identify the costs of *physically reproducing* discovery documents, as distinct from other discovery costs.  In *Ricoh*, the Federal Circuit vacated an award of costs from this district because the prevailing party's bill was insufficiently detailed.  The court was "unable in many instances to determine what documents were being reproduced and to which side the copies were ultimately provided." 661 F.3d at 1368.  Under Ninth Circuit authority, exemplification and copying costs are limited to "the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996); *Romero*, 883 F.2d at 1428.  Following this authority, the court in *Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08 CV 1992 MMA, 2010 WL 3718848, at *11 (S.D. Cal. Sept. 20, 2010), denied costs of $1.5M expended on an e-discovery

ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA
sf- 3170389

7

vendor, concluding that "the $1.5 million fee to engage a consultant to assist with e-discovery productions is not recoverable."

Cases from this district have applied the same rule. In *Campbell v. National Passenger R.R. Corp.*, No. C 05-5434 CW, 2010 WL 582754 at *2 (N.D. Cal. Feb. 18, 2010), the court allowed amounts that were specifically identified as costs of reproducing discovery documents, but denied amounts that were not so identified:

> [T]he record is not clear on the purpose for many of the copies Deely seeks to tax. Although Deely provides over thirty pages of print and copy logs to support his Bill of Costs, a majority of the copies have no description as to their purpose. Only seven transactions, totaling 883 pages and charged at $0.20 per page, are described as relating to discovery.

*Id.* In *Competitive Techs. v. Fujitsu Ltd.*, No. C-02-1673 JCS, 2006 WL 6338914, at *7 (N.D. Cal. Aug. 23, 2006), the court denied costs where the requesting party did not provide sufficient detail to show that certain copies "were necessarily obtained for use in the case rather than for the convenience of counsel." In *Computer Cache Coherency Corp. v. Intel Corp.*, No. C-05-01766 RMW, 2009 WL 5114002, at *4 (N.D. Cal. Dec. 18, 2009), the court held that certain e-discovery costs (Bates-numbering and electronic scanning) were recoverable as reproduction costs, while other costs (such as OCR and metadata extraction) were not recoverable, as they were "merely for the convenience of counsel." *See also Synapsis, LLC v. Evergreen Data Sys., Inc.*, No. C 05-01524 JF (RS), 2007 WL 2501614, at *1 fn.4 (N.D. Cal. Aug. 30, 2007) (denying reproduction costs that were not specifically identified as related to discovery documents).

Google appears to be seeking the entirety of its e-discovery expenses in this case, in the amount of $2,900,349. From its itemized list, these expenses include all costs billed by Google's e-discovery vendor, FTI Consulting, including document processing and handling expenses, hardware expenses, shipping costs, and personnel costs. While some of these expenses may have been necessary for *physical* reproduction purposes, some of them surely reflect the "intellectual effort" of organizing, searching, and analyzing the documents for Google's own case preparation purposes. Google makes no effort to distinguish between the necessary costs of physically copying documents for production and costs expended for its own purposes.

ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA
sf- 3170389

8

1. [REDACTED]
2. [REDACTED]
3. [REDACTED]
4. [REDACTED]
5. [REDACTED]
6. [REDACTED]
7. [REDACTED]
8. [REDACTED]
9. [REDACTED]
10. [REDACTED]
11. [REDACTED]
12. [REDACTED]
13. [REDACTED]

For these reasons, Google's request for reimbursement of $2.9M in e-discovery costs should be denied.

### III. IF ANY COSTS ARE AWARDED, THE COURT SHOULD DISALLOW GOOGLE'S REQUESTED COSTS FOR THE FEES OF THE COURT-APPOINTED EXPERT

Google also seeks as costs $986,978, its share of the fees of court-appointed damages expert Dr. James Kearl. Even if Google were entitled to some of its other costs as a prevailing party, this request should be denied.

On August 30, 2011, the Court appointed Dr. Kearl as an independent damages expert pursuant to Federal Rule of Evidence 706. (ECF 374.) In that order, the Court directed the parties and counsel for Dr. Kearl to "draft a proposed order describing the scope of Dr. Kearl's assignment and the procedures by which the parties will pay for his work and expenses." (ECF 374 at 1:20-22.) On September 8, 2011, having met and conferred, the parties jointly submitted a proposed order which expressly provided that Dr. Kearl's "professional fees and expenses will be paid to Mr. Cooper, *one half by each party* within in [*sic*] thirty days of receipt of each of his monthly invoices." (ECF 407 at 4:14-16 (emphasis added)). The Court adopted that division of

costs in an order signed the next day. (ECF 413 at 4:14-16). In its memorandum opinion explaining the reasons for appointing Dr. Kearl, the Court repeated that, having been warned that they would be responsible for the fees and expenses of the Rule 706 expert, neither party had objected, and the parties had in fact agreed to split those costs:

> Here, the parties were warned in July 2011 that they would be required to pay the costs of any expert appointed pursuant to FRE 706 (Dkt. No. 236). The September 2011 order detailing Dr. Kearl's assignment, which counsel for both sides helped Attorney Cooper draft, provided that ***each party would pay one half of Dr. Kearl's monthly bills***. The parties also reserved the right to negotiate reductions in Dr. Kearl's bills through Attorney Cooper, who was tasked with coordinating all payment matters (Dkt. No. 413 at 3). ***This arrangement was agreeable to counsel for all parties and the expert***.

(ECF 610 at 5:256:3 (emphasis added).)

Having previously agreed to pay one half of Dr. Kearl's fees and expenses, Google cannot now attempt to claim those fees and expenses as costs. Oracle acknowledges that under Fed. R. Evid. 706, the parties are to pay the court-appointed expert in the proportion that the court directs, and that compensation "is then charged like other costs." Fed. R. Evid. 706(c)(2). Here, however, the parties stipulated to a specific division of costs. That agreement is binding. In *A.H.D.C. v. City of Fresno*, No. CIV-F-97-5498 OWW, 2004 WL 5866234, at \*9 (E.D. Cal. Oct. 1, 2004), the district court rejected the prevailing City's claim for trial transcript costs:

> Instead of stipulating that the cost of trial transcripts would be taxable, the parties entered into an agreement to split the costs 50–50. [citation]. As Plaintiffs have cited, such an arrangement is considered an agreement to share in the costs unless the parties stipulate otherwise.

The City of Fresno appealed that ruling, which the Ninth Circuit expressly affirmed. *See A.H.D.C. v. City of Fresno*, 433 F.3d 1182, 1199 (9th Cir. 2006). *See also Frigiquip Corp. v. Parker–Hannifin Corp.,* 75 F.R.D. 605, 613 (W.D. Okla. 1976) ("From the information before the Court, it seems that as the agreement between the parties apparently did not provide for the recovery of the prevailing party's share of the cost of transcription, the parties intended said agreement to constitute a final settlement of the burden of transcript expenses."). Notably, the courts in *AHDC* and *Frigiquip* enforced the parties' stipulations to split trial transcript costs even

ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA
sf- 3170389

10

1  though the cost of transcripts is recoverable under 28 U.S.C. § 1920(2). Google should also be
2  held to its stipulation.
3    Aside from this agreement, the Court should exercise its discretion to deny costs for
4  Google's share of Dr. Kearl's fees, given the complexity and novelty of the damages issues in this
5  case, and the fact that the Court appointed Dr. Kearl in response to the damages positions taken
6  by Google as well as Oracle.
7    As explained above, denial of costs is proper where the issues are complex or novel. *See*
8  *Quan*, 623 F.3d at 888-89 (9th Cir. 2010). In this case, the Court repeatedly acknowledged the
9  complexity of the damages issues in particular, and expressly relied on that complexity in
10 deciding to appoint Dr. Kearl. (ECF 610 at 2:1-2 (describing this action as "unusually complex");
11 *id.* at 2:11-12 ("this order finds the obvious, namely that the disputed facts span several fields of
12 computer science and involve complex technologies and products"); *id.* at 2:13 ("The damages
13 aspect of this controversy is particularly involved."); *id.* at 3:2-4 ("In light of the parties'
14 extremely divergent views on damages and the unusual complexity of the damages aspect of this
15 case, an independent economic expert was needed to aid the jury.").) *See Leesona Corp. v. Varta*
16 *Batteries, Inc.*, 522 F. Supp. 1304, 1312 n.21 (S.D.N.Y. 1981) (declining to award costs of Rule
17 706 expert in complex patent case).
18   Further, the Court was clear in its orders that it appointed Dr. Kearl in response to the
19 damages positions taken by both parties, not just Oracle. ECF 231 (Transcript of July 21, 2011
20 *Daubert* hearing) at 31:20-22 (Court describing Google damages argument as "ridiculous"); *id.* at
21 32:4-5 (Court stating that "See, you are both just asking for the moon, and you should be more
22 reasonable.")); ECF 236 at 2:8-9 (Court order stating that the assistance of the Rule 706 expert
23 would be "particularly useful because both sides have taken such extreme and unreasonable
24 positions regarding damages in this action"); ECF 610 at 2:1-2 (describing "starkly conflicting"
25 views on damages as warranting appointment of Rule 706 expert); *id.* at 2:28 (noting that Google
26 argued that damages should be zero).) Under these circumstances, in which the Court found a
27 Rule 706 expert necessary because of the unusual complexity of the damages issues and the
28 extreme divergence of the parties' positions, the parties should bear their own costs for Dr. Kearl.

ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA
sf- 3170389

11

# CONCLUSION

Because this case involved difficult, landmark legal issues of first impression, resulted in a mixed judgment, and was litigated in good faith, the Court should exercise its discretion to deny costs and require each party to bear its own expenses. If any costs are allowed, (1) Google's request for $2.9M in e-discovery costs should be denied, as Google has failed to separate the reasonable costs of physically copying production documents from the costs incurred for Google's purposes, and (2) Google's request for $986,978 in court-appointed expert witness costs should be denied, as Google agreed to pay those costs, and in any event, the Court should exercise its discretion to deny those costs, given the complexity and novelty of the damages issues and the extreme divergence of both parties' positions on damages.

Dated: July 23, 2012

MICHAEL A. JACOBS
KENNETH A. KUWAYTI
MARC DAVID PETERS
DANIEL P. MUINO
MORRISON & FOERSTER LLP

By: /s/ *Michael A. Jacobs*
　　　Michael A. Jacobs

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

**ATTESTATION OF FILER**

I, Daniel P. Muino, am the ECF User whose ID and password are being used to file Oracle's Objections to Google's Bill of Costs. I hereby attest that Michael A. Jacobs has concurred in this filing.

Dated: July 23, 2012      By:    /s/ *Daniel P. Muino*
                                                  Daniel P. Muino