KEKER & VAN NEST LLP

633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
kvn.com

**Robert A. Van Nest**
(415) 391-5400
rvannest@kvn.com

July 11, 2016

Hon. William Alsup
United States District Court, Northern District of California
Courtroom 8 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:    *Oracle America, Inc. v. Google, Inc.*
       Case No. 3:10-cv-03561 WHA (N.D. Cal.)

Dear Judge Alsup:

     Defendant Google hereby respectfully submits this précis letter requesting guidance from the Court regarding Oracle's objections to Google's Bill of Costs.

     Following entry of Final Judgment in this action on June 8, 2016, ECF No. 1989, Google filed a Bill of Costs on June 22, 2016 asking the Clerk to tax certain costs incurred by Google pursuant to Civil L.R. 54-1.  ECF No. 1990.  Oracle thereafter filed objections to Google's Bill of Cost pursuant to Civil L.R. 54-2(b).  ECF No. 1994.

     Google's Bill of Costs is currently before the Clerk, but Oracle's objections ask the Court to take action.  Under the Federal Rules of Civil Procedure and this District's Local Rules, Google's Bill of Costs is in the first instance before the Clerk for a determination on taxing costs.  *See* Fed. R. Civ. P. 54(d)(1); Civil L.R. 54-4.  Any motions seeking judicial review of the Clerk's taxation of costs is not due until seven days after the date of the Clerk's taxation, which has yet to issue.  Fed. R. Civ. P. 54(d)(1).

1075614

Hon. William Alsup
July 11, 2016
Page 2

To the extent that the Court intends to address Google's Bill of Costs without prior taxation by the Clerk, Google requests leave to file a brief addressing Oracle's objections.[1] Following Google's filing of a bill of costs after the 2012 trial, the Court ordered Google to file a reply brief responding to Oracle's objections to the 2012 bill of costs. ECF No. 1226. After Google filed its brief, the Court issued an order taxing costs before any action had been taken by the Clerk. ECF Nos. 1228 & 1241.

Allowing Google an opportunity to respond to Oracle's objections is necessary, because, among other things, Oracle's primary argument—*i.e.*, that the earlier taxation of costs remains in force following the Federal Circuit's decision and cannot be revisited on remand—is incorrect as a matter of law. *See, e.g.*, *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 332 (1964) *disapproved of on other grounds*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987) (holding that, because a reversal of a judgment includes a reversal of any taxation of costs pursuant to the judgment, the trial court has "no duty . . . to accept the same figures" of the prior costs award in taxing costs in favor of the same prevailing party on remand); *see also e.g.*, *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("Where a reviewing court reverses a district court's judgment for the prevailing party, however, both the underlying judgment and the taxation of costs undertaken pursuant to that judgment are reversed.") (citing *Farmer*, 379 U.S. 227 at 229).

---

[1] If the Court does not intend to review Google's Bill of Costs prior to the Clerk's determination of taxable costs under Local Rule 54-4, Google will address Oracle's objections, if necessary, in connection with any motion filed pursuant to Rule 54(d)(1). Fed. R. Civ. P. 54(d)(1).

1075614

Hon. William Alsup
July 11, 2016
Page 3

Respectfully submitted,

KEKER & VAN NEST LLP

*/s/ Robert A. Van Nest*

Robert A. Van Nest
Counsel for Defendant, Google Inc.

RVN:eab

1075614