KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.  3:10-cv-03561 WHA <br><br> **DECLARATION OF RENNY HWANG IN SUPPORT OF ORACLE'S ADMINISTRATIVE MOTION TO SEAL RE ORACLE'S MOTION FOR A NEW TRIAL [ECF NOS. 1995, 1996, 2001, 2002]** <br><br><br> Dept.          Courtroom 8, 19th Fl. <br> Judge:         Hon. William Alsup |

I, RENNY HWANG, declare as follows:

1. I am an attorney employed by Google Inc. ("Google"), where I have served as senior litigation counsel for the last six years. My job responsibilities include, but are not limited to, supervising our outside counsel in connection with litigation matters (such as this one), as well as familiarizing myself with the areas of Google's businesses and documentation concerning those businesses as they relate to litigation matters under my supervision. I submit this declaration in support of Oracle's Administrative Motions to File Under Seal Portions of Oracle's Motion for a New Trial and certain exhibits attached to the Declaration of Mathew Bush ("Bush Declaration"). *See* ECF Nos. 1995, 1996, 2001, 2002. I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

2. I have reviewed Oracle's Motion for a New Trial ("Motion") and the exhibits Google designated as Highly Confidential - Attorneys Eyes Only that Oracle submitted under seal in support of its motion. The following portions of these exhibits contain highly sensitive and confidential third party information:

- Ex. G (ECF 1995-6): 95:7-17; 99:10-100:2; 100:6-13.
- Ex. Y (ECF 1998-28): non-public third party presentation reflects confidential information regarding terms of the agreement and future product/business plans.
- Ex. BB (ECF 1996-11— 1996-12): non-public third party presentation reflects confidential information regarding the terms of the agreement with third party and future product/business strategy.
- Ex. KK (ECF 2001-4): document reflects non-public information regarding the terms of Google's agreements with third parties.
- Ex. PP (ECF 2001-9): 67:7-10; 76:16-25.
- TX 2449 (ECF 2002-1): Portions of pages 3, 5, 7, 14, 17.
- TX 4104 (ECF 2002-2): Portions of pages 3, 6-8, 13, 23-25, 44, 46.

The information relating to third-party information and agreements that is quoted, discussed, and/or summarized in the passages above is subject to stringent confidentiality

1
DECL. OF RENNY HWANG ISO ORACLE'S MOTION TO SEAL RE ORACLE'S MOT. NEW TRIAL
Case No. 3:10-cv-03561 WHA

1  requirements.  Indeed, Google places strict limits on who has access to these materials to ensure
2  confidentiality is retained.  Also, Google does not disclose this information to the public.  Public
3  disclosure of this information could severely and adversely impact Google's ability to negotiate,
4  among other things, similar terms with other third parties in connection with similar agreements
5  now or in the future.

6        3.     In addition, the following portions of the exhibits filed in support of Oracle's
7  Motion contain confidential Android-specific financial and product information:

- Ex. KK (ECF 2001-4): document reflects non-public information regarding Android financials.
- TX 2449 (ECF 2002-1): Portions of page 8.
- TX 4104 (ECF 2002-2): Portions of pages 2, 3, 5, 7, 9-11, 13, 22, 23, 34-38, 40-42, 47.

Google does not publicly allocate revenue or profits to Android separate and apart from Google's general business.  Accordingly, Google considers the non-public financial data quoted, discussed, and/or summarized in these exhibits to be highly sensitive, and public disclosure of that information could have significant negative effects on Google's business.

      4.     Finally, the following portions of Oracle's Motion and the exhibits submitted in support of the motion contain confidential information about Google's internal strategy and decision-making process and future product strategy and plans:

- Motion (ECF 1995-4): 6:19-26; 10:19-20; 11:26-27.
- Ex. G (ECF 1995-6): 70:8-10; 93:2-94:16; 95:25-96:10; 96:23-98:10; 99:10-100:2; 101:15-25; 102:4-13; 191:21; 197:12-25.
- Ex. L (ECF 1995-7): 24:1-14; 25:1-22.
- Ex. M (ECF 1995-9): 245:17-252:25.
- Ex. S (ECF 1995-13): email reflects Google's confidential internal business strategy and decision-making process.
- Ex. Y (ECF 1998-28): Portions of pages 5, 7, 9-18.

- Ex. AA (ECF 1996-8—1996-10): non-public presentation reflects confidential information regarding Google's internal business strategy, terms of the agreements with third parties, and future product/business strategy.
- Ex. BB (ECF 1996-11—1996-12): non-public third party presentation reflects confidential information regarding the terms of the agreement with third party and future product/business strategy.
- Ex. PP (ECF 2001-9): 74:23-75:25; 179:1-24; 182:24-183:14; 194:14-25; 226:5-227:15; 228:2-229:12.
- TX 4104 (ECF 2002-2): Portions of pages 24, 35-37, 44.

Google keeps the information quoted, discussed, and/or summarized in these exhibits confidential and public disclosure of this information would provide a competitive advantage to Google's competitors and could have negative effects on Google's business. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2013 WL 1997252, at *2 (N.D. Cal. May 13, 2013) (sealing email which "reveals the internal strategy and decision making process of EA's product development team"); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012) (sealing trial exhibits containing future business plans).

5. None of the exhibits listed in paragraphs 2-4 are part of the public trial record. They were not shown in Court, used by either party, or considered by the jury as part of its fair use deliberations. Oracle did not even attempt to introduce these exhibits at trial. Rather, Oracle filed these Exhibits as examples of evidence Oracle might have introduced if the Court's motion *in limine* ruling regarding other products had been in Oracle's favor.

6. The above-listed portions of the Motion and Exhibits containing confidential information related to Google's financials, future products and business strategy, and sensitive third-party information and agreements should therefore be sealed.

1  I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct to the best of my knowledge.
3  Executed this 11th day of July, 2016 at Sunnyvale, California.

By: _____
RENNY HWANG