KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:     (404) 572-4600
Facsimile:      (404) 572-5100

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE'S REPLY TO ORACLE'S OBJECTIONS TO GOOGLE'S BILL OF COSTS**<br><br>Dept:　　　Courtroom 8, 19th Fl.<br>Judge:　　Hon. William Alsup |

## I. INTRODUCTION

As the prevailing party, Google is presumptively entitled to recover its taxable costs in this case. Dkt. 1990. Oracle does not argue otherwise. Instead, Oracle objects to Google's request for costs from the 2010-2012 time period as well as to e-discovery and certain transcript-related costs from the 2015-2016 time period. Oracle's objections are contrary to law and without merit.

*First*, Oracle objects to an award of *any* costs to Google for the time period covering 2010-2012. Dkt. 1994 at 1-3 & n2. In making this objection, however, Oracle assumes that the Court's earlier taxation of costs following the prior entry of judgment in 2012 remains in effect. Oracle is incorrect. Under controlling Supreme Court precedent, the prior cost award—and, as a result, the parties' stipulation staying enforcement of that award—was overturned by operation of law when the Federal Circuit vacated the 2012 judgment. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 229 (1964) *disapproved of on other grounds*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987); *see also Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (citing *Farmer*, 379 U.S. at 229). Thus, Google is entitled to a taxation of *all costs* incurred in connection with this case, including those from the 2010-2012 period, and the amount of costs due from that period has not been finally decided as a result of the prior judgment being overturned. *See Farmer*, 379 U.S. 227 at 229.

*Second*, Oracle's omnibus and unsupported objection to *all* e-discovery fees sought by Google in its Bill of Costs misses the mark. In an abundance of caution—so as to avoid any contention that it was seeking to recover costs for non-taxable "intellectual efforts" by its e-discovery vendor—Google specifically limited the e-discovery costs items sought in its Bill of Costs to a handful of specific data processing and media charges necessarily incurred to produce discovery documents in accordance with the parties' Joint ESI Agreement. Dkt. 67. Indeed, Google specifically excluded all timekeeper entries from its e-discovery vendor (even those clearly related to document productions to Oracle) from its Bill of Costs. *See* Dkt. 1990-2 at 80-81. Nonetheless, Oracle now argues that Google still cannot recover these limited e-discovery costs, not because the categories of costs are themselves are not taxable, but because Oracle

speculates that "some" of e-discovery processing fees "could be" (hypothetically) unrelated to Google's document production to Oracle. *See* Dkt. 1994 at 4-5. Even setting aside the mischaracterization of Google's burden under Civil Local Rule 54-1, Oracle's unsubstantiated attorney arguments are contradicted by the declaration Google filed in support of its Bill of Costs, which states that the costs Google seeks to recover were "necessary and related to" its discovery obligations and are recoverable under 28 U.S.C. § 1920. Dkt. 1990-1 ¶¶ 6-8.

*Finally*, Oracle's objection to fees for expedited transcripts fails to take into account the scheduling realities of this retrial litigation. The parties started and finished supplemental retrial discovery in just a few months, and depositions were ongoing until past the deadline to file motions in limine. Under the exigencies of this compressed schedule, receipt of transcripts on an expedited basis was necessary.

For all of these reasons, and the reasons stated in Google's Bill of Costs and supporting declarations, the Court should tax costs in the full amount claimed in Google's Bill of Costs.

## II.     ARGUMENT

### A.     Google is entitled to the taxation of costs for the 2010-2012 time period.

As its first objection, Oracle contends—without any citation to authority—that Google may not seek *any* taxation of e-discovery costs for the 2010-2012 time period, because the Court declined to tax such costs in connection with the bill of costs submitted following the June 2012 judgment.[1] Dkt. 1994 at 1-3. As noted above, Oracle's argument is incorrect as a matter of law.

In *Farmer v. Arabian American Oil Company*, the plaintiff sued his employer for breach of an employment contract. 379 U.S. at 228. After the jury found in plaintiff's favor, the district court (Judge Palmieri) granted the defendant's motion for a directed verdict and approved the clerk's taxation of costs against plaintiff in the amount of $6,000. *Id.* at 229. On appeal, the Second Circuit reversed the judgment and remanded the case for re-trial—but did not expressly vacate the costs order. *Farmer v. Arabian Am. Oil Co.*, 277 F.2d 46, 53 (2d Cir. 1960). On remand, the action was assigned to a different district judge (Judge Weinfeld), and the second

---

[1] *See Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1381 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 2887 (2015).

jury found in favor of the defendant. *Farmer*, 379 U.S. at 230. The clerk then taxed costs against the plaintiff again. *Id.* On review, Judge Weinfeld reduced the total amount of costs awarded to $831, which included a reduction of the original $6,000 costs award from the first trial to $496. 379 U.S. at 230. The Second Circuit then overturned the reduction in the costs award for the first trial. *Id.*

The Supreme Court reversed, holding that the district court was not bound by the earlier assessment of costs for the first trial:

> The Court of Appeals held, and the company argues here, that, even if Judge Weinfeld did have discretion, it was nevertheless error for him to undertake "an independent determination de novo of the costs allowed at a prior trial." 324 F. 2d, at 364. We cannot agree. ***Since Judge Palmieri's judgment and his taxation of costs were both upset by the Court of Appeals' reversal of the first trial judgment, it became the duty of the clerk to tax costs for both trials only when judgment was finally entered for the company.*** The fact that the clerk accepted Judge Palmieri's former cost taxation ***put no duty on Judge Weinfeld to accept the same figures.***

*Id.* at 232-33 (emphasis added). Accordingly, where a district court's judgment for the prevailing party is reversed, "both the underlying judgment and the taxation of costs undertaken pursuant to that judgment are reversed." *Amarel*, 102 F.3d at 1523 (citing *Farmer*, 379 U.S. 227 at 229).

Just as "it became the duty of the clerk to tax costs for both trials [after] judgment was finally entered for the [defendant]" in *Farmer*, so too here; the Court must tax all recoverable costs for both the 2012 and 2016 trials now that final judgment has been entered (again) in Google's favor. *Farmer*, 379 U.S. at 233; *see also, e.g. Duhn Oil Tool, Inc. v. Cameron Int'l Corp.*, No. 1:05-CV-01411-MLH, 2012 WL 4210104, at *2 (E.D. Cal. Sept. 19, 2012) ("Duhn Oil cites no case law for its proposition that a prevailing party cannot recover earlier litigation costs from a first trial when it later prevailed on post-trial motions and a retrial and had a final judgment entered in its favor. To the contrary, normally the prevailing party at a second trial is awarded costs of both trials.") (citations and quotations omitted). Furthermore, the Court is not bound by its prior taxation of e-discovery costs in 2012 but should make a *de novo* determination of taxable costs for both trials. *See Farmer*, 379 U.S. at 233.

//

For similar reasons, the Court should reject Oracle's contention, made in passing in a footnote, that it should not tax the "[t]he two other categories of 2010-2012 costs"—for "electronically recorded transcripts" and "compensation for the court-appointed expert" Dr. Kearl—because those amounts are subject to a stipulation to stay enforcement of the prior cost award from 2012.  *See* Dkt. 1994 at 3, n.2.  Oracle's argument makes no sense.  By its very terms, the stipulation referenced by Oracle only stays execution of the September 4, 2012 cost award "*[p]rovided* the Costs Award *has not been overturned.*"  Dkt. 1253 at 1 (emphasis added).  Because, as noted above, the September 4, 2012 costs award *was overturned* when the Federal Circuit reversed the underlying 2012 judgment in favor of Google, the stipulation is no longer in effect and cannot act as a basis for refusing to tax costs.  *Amarel*, 102 F.3d at 1523 (citing *Farmer*, 379 U.S. 227 at 229).

> **B.   Google is entitled to recover e-discovery costs incurred in order to comply with the parties' Joint ESI Agreement.**

Next, Oracle challenges Google's request that the Court tax fees Google paid to its e-discovery vendor, FTI Consulting, to prepare documents for production in response to Oracle's discovery demands.  Oracle does not contest that it may be responsible for Google's expenses in preparing and duplicating documents requested by Oracle, but only that Google has not provided "sufficient detail" regarding its costs.  Oracle's position is untenable, and if accepted, would turn cost-shifting under 28 U.S.C. § 1920 on its head by making recovery more expensive than the costs requested could ever justify.

Google is entitled to the full amount of its requested e-discovery costs because these costs are fairly attributable to the claims asserted by Oracle and were incurred in "preparing client documents for production."  *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 WL 1362112, at *2 (N.D. Cal. April 11, 2011) (Alsup, J.) ("The reproduction costs defendants incurred in collecting, reviewing, and preparing client documents for production were necessary expenditures made for the purpose of advancing the investigation and discovery phases of the action.  As such, they are properly taxable.").  Electronic discovery production costs are indisputably recoverable.  *See, e.g., Serv. Emp. Int'l Union v. Rosselli*, No. C 09-00404 WHA, 2010 WL 4502176, at *3 (N.D. Cal., Nov. 1, 2010) (Alsup, J.).

Moreover, the parties' Joint ESI Agreement required Google to produce electronic documents as TIFF images with numerous categories of metadata and OCR data. *See* Dkt. 67, ¶¶ 9, 11. Google has requested only the specific e-discovery costs, such as the metadata preservation and/or OCR costs (e.g.*,* "Inbound Processing") as well as TIFF imaging costs, which were necessary for compliance with the Joint ESI Agreement. *See* Dkt. 1990-2 at 80-81 (providing subtotals for each category of e-discovery costs). Oracle cannot complain now that such costs were unnecessary. As the Ninth Circuit has recently held:

> To the extent a party is obligated to produce (or obligated to accept) electronic documents in a particular format with particular characteristics intact (such as metadata, color, motion, or manipulability), ***the costs to make duplicates in such a format or with such characteristics preserved are recoverable*** as "the costs of making copies . . . necessarily obtained for use in this case."

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 928 (9th Cir. 2015) (citing 28 U.S.C. § 1920(4)) (emphasis added); *see also Fitbug Ltd. v. Fitbit, Inc.*, No. 13-1418 SC, 2015 WL 2251257, at *3 (N.D. Cal. May 13, 2015) (noting that "electronic document processing costs" are recoverable where "the costs incurred were necessary for compliance with [an ESI] agreement")). The Court previously expressed concern that certain timekeeper entries on Google's prior Bill of Costs may constitute non-taxable "intellectual effort." Dkt. 1241 at 4. That is no longer an issue because Google is not seeking to recover any timekeeper entries from its e-discovery vendor. *See* Dkt. 1990-2 (Google's Itemized Bill of Costs).

Google has met its burden to show that its itemized costs are recoverable. Google properly filed a bill of costs that states "separately and specifically each item of taxable costs claimed," supported by an affidavit stating that "the costs are correctly stated, were necessarily incurred, and are allowable by law," and "appropriate documentation to support each item claimed must be attached to the bill of costs." *See* L.R. 54-1; Dkt. 1990. Google's Senior Legal Operations Manager stated in her declaration that Google seeks only costs "associated with the electronic preparation and duplication of documents for use in this case." Dkt. 1990-1, Decl. of Kristin Zmrhal in support of Google's Bill of Costs, ¶ 9. Contrary to Oracle's characterizations, Google did not submit any "generic references" to categories of costs, but rather submitted detailed invoices for all expenses. Oracle's speculation that certain costs were not actually

incurred in producing documents amounts to an unfounded accusation of misconduct and an attempt to elevate the standard of recovery beyond feasibility.  Under Oracle's theory, Google would have to explain every entry in its invoices in a detailed declaration that could run hundreds of pages long.  Were that the standard, no party would seek costs under 28 U.S.C. § 1920 because the expense of preparing the request would exceed any possible recovery.  Google has met the standards of Local Rule 54-1, and its request should be granted.

### C. Google is entitled to recover fees for expedited transcripts given the schedule of this retrial.

Finally, Oracle challenges Google's request to tax costs to expedite transcripts of certain depositions.  In so doing, Oracle does not acknowledge the effect of the compressed timeframe for fact and expert discovery in this retrial.  *See, e.g.,* Dkt. 1277; 1333; 1356 (Case Management and Scheduling Orders).  This proceeding went to a retrial in well under a year from the date of the initial case management conference following remand.  Depositions began in November and continued for several months, motions in limine were due in March, and trial began in early May.  Accordingly, expedited transcripts were not ordered for the convenience of counsel, but rather were necessary for Google to keep up with the pace and deadlines of the case.  On information and belief, Oracle also ordered expedited transcripts.  The decisions that Oracle cites denying expedited fees do not involve a schedule like the one here, and the Northern District has recognized the possibility that "there may be situations where expedited transcripts might be necessary." *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA LB, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012).  This case presents just such a situation.

Dated:  July 15, 2016                                          KEKER & VAN NEST LLP


                                                               By: /s/ *Robert A. Van Nest*
                                                                   ROBERT A. VAN NEST
                                                                   CHRISTA M. ANDERSON
                                                                   DANIEL PURCELL

                                                                   Attorneys for Defendant
                                                                   GOOGLE INC.