Case 3:10-cv-03561-WHA   Document 2007   Filed 07/18/16   Page 1 of 4



ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA  94105-2669

tel  +1-415-773-5700
fax  +1-415-773-5759
WWW.ORRICK.COM

July 18, 2016

The Honorable William Alsup
United Stated District Court Judge
Northern District of California
450 Golden Gate Avenue, Courtroom 8, 19th Floor
San Francisco, California 94102

Re:   *Oracle America, Inc. v. Google Inc.*, No. 3:10-cv-03561-WHA
      Précis Re Google's Reply to Oracle's Objections to Google's Bill of Costs

Dear Judge Alsup,

Oracle respectfully requests an opportunity to respond to arguments Google raises for the first time in its reply to Oracle's Objections to Google's Bill of Costs, ECF No. 2006. *See GT Nexus, Inc. v. Inttra, Inc.*, No. C 11-02145-SBA, 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014).

First, Google asks the Court to reconsider its prior Order on Google's Bill of Costs ("Order") for the 2010-12 period. Yet Google has not provided any new evidence that it is entitled to costs beyond what the Court already awarded for the 2010-12 period. Nor is Oracle objecting "to an award of *any* costs to Google for th[at] time period," as Google suggests; rather Oracle believes that there is no warrant to alter the Court's prior ruling on costs for 2010-12.

For the first time, Google argues the Order was vacated by the Federal Circuit's reversal of a portion of the 2012 judgment and remand for a new trial on fair use (contrary to Google's assertion, the Federal Circuit did not "vacate[] the 2012 judgment"), and thus that it is entitled to a redo on its Bill of Costs. But none of the cases Google cites vacates a bill of costs order merely because a portion of a decision is reversed. Rather, those cases vacated a costs award where the entirety of a judgment was reversed (*Farmer*) or where the bill of costs order itself was put at issue on appeal (*Amarel*). *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 228-29 (1964), *disapproved of by Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987); *Amarel v. Connell*, 102 F.3d 1494, 1506, 1523 (9th Cir. 1996); *Duhn Oil Tool, Inc. v. Cameron Int'l Corp.*,

No. 1:05-CV-01411-MLH, 2012 WL 4210104, at *1-2 (E.D. Cal. Sept. 19, 2012) (no existing bill of costs order). Moreover, the cases Google cites suggest that where there is only a partial reversal, as occurred here, only the portion of the appealed award relating to the reversed claim would be necessarily vacated. *See Amarel*, 102 F.3d at 1523; *see also Sarmiento v. Orange*, 496 F. App'x 718, 720 (9th Cir. 2012) (reversing only portion of cost award relating to reversed claim); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015 WL 8477855, at *3 (N.D. Cal. Dec. 9, 2015) (rejecting argument that under Ninth Circuit law, including *Amarel*, "an appellate decision partially reversing a judgment immediately vacates any costs award associated with that judgment"). And other Ninth Circuit cases have affirmed a cost award even when the underlying ruling is reversed in part. *See, e.g.*, *Velazquez v. Costco Wholesale Corp.*, 603 F. App'x 584, 587 (9th Cir. 2015). None of the cases justify vacating the Court's Order.

Second, Google erroneously accuses Oracle of attempting to upend the relevant burden under 28 U.S.C. § 1920(4). But Google indisputably bears the burden to establish that the claimed costs are due to the production of documents requested by and produced to Oracle. *In re Ricoh Co., Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (it is the "prevailing party's burden to establish and support the amount to which it is entitled") ("Section 1920 allows the recovery of costs for a prevailing party who establishes that the copied documents were produced by it pursuant to Rule 26 or other discovery rules and that the copies were requested by, and supplied to, the opposing party."); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *12 n.6 (N.D. Cal. Sept. 19, 2014) ("the rule limiting copying costs to documents actually produced to the opposing party should apply with equal force to e-discovery"). Google has not met that burden because its invoices and declaration do not establish that the documents for which it seeks processing costs were actually produced to Oracle. *See In re Ricoh Co., Patent Litig.*, 661 F.3d at 1368 (denying costs under similar circumstances).

Google incorrectly claims that summary statements parroting language from Local Rule 54-1 are sufficient to meet its burden. If that were true, a party could claim any incurred costs, which is not the law. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012)

(underscoring "narrow scope of taxable costs"); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 928 (9th Cir. 2015) (§ 1920(4) "does not state that all steps that lead up to the production of copies of materials are taxable"). This and other courts have previously rejected costs where similar broad language was provided. *See Apple Inc.*, 2014 WL 4745933, at *11-12. Requiring sufficient detail for Oracle and the Court to determine whether the large amount of costs Google seeks are appropriately taxable would not "elevate the standard of recovery beyond feasibility" or require a "declaration that could run hundreds of pages long" as Google argues. Google could have determined the volume of documents produced to Oracle and the charges associated with those documents. And Google could have provided more detailed descriptions of the vague tasks listed in its e-discovery vendor invoices. That it chose not to do so is Google's fault. Moreover, Google's claim that it has solved any problem with its Bill of Costs by removing some previously identified inappropriate costs is incorrect. The Court's prior Order identified but a few non-exhaustive examples of the problems with Google's claimed e-discovery costs.

Third, Google provides for the first time in its reply the purported basis for taxing charges for expedited deposition transcripts. Google, however, still does not cite specific facts justifying those charges, and instead merely observes that depositions began in November, motions *in limine* were due in March, and trial began in May. Google does not explain why this schedule, for what it characterized as a "limited retrial" of fair use (*see, e.g.*, ECF No. 1454 at 2), necessitated expedited transcripts.

In addition, the case law Google cites supports Oracle, not Google. After acknowledging the general rule that expedited fees are not recoverable, *Plantronics denied* a request to tax a limited number of expedited depositions even where the prevailing party argued the costs were necessary to prepare for specific hearings and motions. *Plantronics, Inc. v. Aliph, Inc.,* No. C 09–01714 WHA (LB), 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012). By contrast, Google seeks to tax expedited transcript fees on every single transcript for an Oracle witness deposition without explaining why any particular transcript (much less all of them) had to be expedited.

Hon. William Alsup
July 18, 2016
Page 4

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Vickie L. Feeman*

Vickie L. Feeman
Counsel for Plaintiff Oracle America, Inc.