KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Telephone:     404-572-4600
Facsimile:     404-572-5100

KING & SPALDING LLP
JOSEPH R. WETZEL - # 238008
jwetzel@kslaw.com
101 Second Street, Suite 2300
San Francisco, California  94105
Telephone:     415-318-1200
Facsimile:     415-318-1300

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE INC.,<br><br>        Defendant. | Case No. 3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S MOTION FOR A FINDING OF CIVIL CONTEMPT AND FOR SANCTIONS**<br><br>Date:     September 8, 2016 at 8:00 a.m.<br>Dept.:    Courtroom 8, 19th Fl.<br>Judge:   Hon. William Alsup |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the motion of defendant Google Inc. ("Google") for a finding of civil contempt and for sanctions as set forth below will be heard on Thursday, September 8, 2016, at 8:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable William Alsup, in Courtroom 8, 19th Floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California.

PLEASE TAKE NOTICE that, in accordance with the Court's June 30, 2016 and July 20, 2016 Orders (ECF 1992, ECF 2009), Rule 37(b)(2) of the Federal Rules of Civil Procedure, and the inherent powers of the Court, defendant Google Inc. ("Google") hereby moves for entry of an Order:

(1) finding defendant Oracle America, Inc. and its outside counsel, Orrick Herrington & Sutcliffe LLP, in civil contempt for violation of the Protective Order entered in this action on December 20, 2010;

(2) awarding Google its reasonable costs and expenses, including attorneys' fees, incurred as a result of Oracle's conduct; and

(3) for such other and further relief as the Court deems just and proper.

This motion is based on this Notice of Motion and Motion; the Memorandum in Support set forth below; the materials submitted concurrently herewith; the record in this matter, including the prior motions, briefs and declarations cited herein; and such other and further papers, evidence and argument as may be submitted in connection with this Motion.

**TABLE OF CONTENTS**

INTRODUCTION ..............................................................................................................1

STATEMENT OF FACTS ................................................................................................3

ARGUMENT AND CITATION OF AUTHORITIES ......................................................7

    A.    ORACLE'S AND ITS COUNSEL'S VIOLATIONS ..............................8

    B.    ORACLE'S EXCUSES .........................................................................10

    C.    THE DAMAGE TO GOOGLE .............................................................12

CONCLUSION.................................................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
    No. 5:11-cv-01846-LHK (PSG),
    2014 U.S. Dist. LEXIS 11778 (N.D. Cal. Jan. 29, 2014) ..................................14n

*Beam Sys. v. Checkpoint Sys.*,
    No. CV95-4068-RMT (AJWx),
    1997 U.S. Dist. LEXIS 8812 (C.D. Cal. Feb. 5, 1997)..................................1, 2, 14

*Bradford Techs., Inc. v. NCV Software.com*,
    No. C 11-04621 EDL,
    2013 U.S. Dist. LEXIS 1592 (N.D. Cal. Jan. 3, 2013) .........................................14

*Colaprico v. Sun Microsystems, Inc.*,
    No. 90-20610 SW,
    1994 U.S. Dist. LEXIS 21853 (N.D. Cal. Aug. 22, 1994)...................................14

*Falstaff Brewing Corp. v. Miller Brewing Co*,
    702 F.2d 770 (9th Cir. 1983) ......................................................................7, 14n

*FTC v. Affordable Media, LLC*,
    179 F.3d 1228 (9th Cir. 1999) .................................................................................7

*Harmston v. City & Cty. of S.F.*,
    No. C 07-01186 SI,
    2008 U.S. Dist. LEXIS 9622 (N.D. Cal. Jan. 29, 2008) ........................................14

*In re Dual-Deck Video Cassette Recorder Antitrust Lit.*,
    10 F.3d 693 (9th Cir. 1993) .....................................................................................7

*Lasar v. Ford Motor Co.*,
    399 F.3d 1101 (9th Cir. 2005) ................................................................................7

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
    No. C-12-00852-WHA (JCS),
    2012 U.S. Dist. LEXIS 63974 (N.D. Cal. May 7, 2012) ..............................14n, 15

*Systemic Formulas, Inc. v. Kim,*
    No. 1:07-CV-159 TC,
    2009 U.S. Dist. LEXIS 119502 (D. Utah 2009) ....................................................14

*United States v. Bazaarvoice, Inc.*,
    No. 13-cv-00133-WHO,
    2014 U.S. Dist. LEXIS 3244 (N.D. Cal. Jan. 8, 2014) .........................................12

**OTHER AUTHORITIES**

Model Protective Order for Litigation Involving Patents,
    Highly Sensitive Confidential Information and/or Trade Secrets,
    http://www.cand.uscourts.gov/model-protective-orders......................................2n

## MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

## INTRODUCTION

On January 14, 2016, Oracle's counsel Annette Hurst disclosed in open court, during a discovery hearing before Magistrate Judge Ryu at which at least one reporter was present, information of both Google and non-party Apple Inc. ("Apple") that was produced in discovery and designated as "Highly Confidential – Attorneys' Eyes Only" under the "Joint Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets" entered in this action in December of 2010.  ECF 66; ECF 68 (the "Protective Order").  Following Ms. Hurst's disclosures, Oracle and its counsel consistently refused to cooperate with (or, in some instances, even respond to) Google's attempts to limit the dissemination of the improperly disclosed information—and instead advanced a series of denials, excuses and purported justifications for the disclosures.  Judge Ryu did eventually seal the portions of the January 14 hearing transcript that contain Ms. Hurst's disclosures.  ECF 1444; ECF 1541.  But by that time the damage had been done:  Ms. Hurst's disclosures had become widespread global headline news.

Scrupulous compliance with protective orders is critical to the integrity of the litigation process.  The purpose of a protective order is to facilitate necessary discovery while at the same time assuring that sensitive, highly confidential information produced in discovery remains confidential and does not end up as headline news.  In *Beam Sys. v. Checkpoint Sys.*, No. CV95-4068-RMT (AJWx), 1997 U.S. Dist. LEXIS 8812 (C.D. Cal. Feb. 5, 1997), Magistrate Judge Wistrich recognized the importance of protective orders in litigation such as this:

> The use of protective orders is vital to the efficient litigation of every stage of many intellectual property disputes.  If protective orders were not issued to safeguard the confidentiality of trade secrets and other confidential commercial information when warranted by the circumstances, litigants would be forced to choose between fully presenting their claims or defenses (and thereby destroying their trade secrets through disclosure to competitors or the public), or foregoing their claims or defenses (in order to keep their trade secrets and other sensitive information confidential).  In addition, if protective orders were widely believed to be ineffective, the litigation of intellectual property claims would become even more complex and protracted than

> the nature of such cases already requires. Among other things, discovery disputes would proliferate, as parties struggled desperately to withhold confidential information from potentially ruinous disclosure whenever possible.
>
> Because of the important interests at stake, it is essential that protective orders be respected. Carelessness in complying with protective orders, or willful violation of protective orders, impairs their usefulness and interferes with the ability of courts to effectively manage the litigation of intellectual property disputes. Accordingly, violations of protective orders issued to safeguard the confidentiality of trade secrets and other confidential information cannot and must not be tolerated. Not surprisingly, the sanctions that can be imposed for violating a protective order may be severe.

*Beam Sys.*, 1997 U.S. Dist. LEXIS 8812, at *6-7 (internal citation omitted).

Judge Wistrich's observations apply with special significance in this case. This has been a highly-publicized matter that has been followed closely by traditional print as well as online business and technical media—and by numerous companies that have business dealings with Google and/or Oracle. As a result of Ms. Hurst's disclosures and Oracle's failure to help remedy the effects of the disclosures, the types of consequences predicted by Judge Wistrich became real. The highly confidential information disclosed by Ms. Hurst became headline news and thereby available to third parties involved in negotiations with both Google and Apple; Google was required to engage in motion practice to minimize any further effects of the disclosures; Apple was required to submit a declaration explaining the confidentiality of the disclosed information; and LG Electronics, a third party, used the disclosures as part of its justification for a motion for protective order.

The Protective Order in this case is based on the Court's model protective order for cases such as this,[1] and there are countless other technology disputes of all sizes pending in this District that are governed by similar protective orders. Google believes that the issues relating to Ms. Hurst's disclosures and Oracle's subsequent conduct are therefore important ones that cannot go unaddressed. Google seeks an order finding that Ms. Hurst, Oracle and

---

[1] *See* Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, http://www.cand.uscourts.gov/model-protective-orders.

Oracle's other outside counsel at Orrick, Herrington & Sutcliffe LLP violated the Protective Order, requiring Oracle and its counsel to reimburse Google for the amounts it spent to address Ms. Hurst's disclosures, and granting such other relief as the Court deems appropriate.

### STATEMENT OF FACTS

The facts relevant to this motion are straightforward and not in dispute.

At a discovery dispute hearing before Magistrate Judge Ryu on Thursday, January 14, 2016, Oracle's counsel Annette Hurst disclosed in open court two types of information that had been produced in discovery and designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, namely: (1) deposition testimony of a Google witness regarding the confidential financial details—both a specific dollar amount and a revenue share percentage—relating to a confidential agreement between Google and third party Apple (the "Apple Confidential Information"); and (2) the amounts of revenue and profits that Oracle claimed Google earned from Android, which were derived from confidential internal Google reports (the "Google Confidential Information").  Jan. 14, 2016 Tr. at 4:10-12, 6:18-20, 29:23-25.

Ms. Hurst was aware at the time of her disclosures that the Apple Confidential Information was designated as confidential, *id.* at 30:9-10, knew that the proceedings were taking place in open court, and was aware, either at the time of the disclosure or shortly thereafter, while she was still in the courtroom, that at least one member of the press was present.  ECF 1442-1 (Hurst Decl.) at 3, ¶ 9.  Ms. Hurst has been actively involved in the conduct of discovery in this case since the 2014 proceedings on remand began.  As an officer of the court, she was required to know that the Google Confidential Information had also been designated as "Protected Material" under the Protective Order.[2]

At the hearing, Google's counsel raised immediately with Judge Ryu the confidentiality

---

[2] Prior to the hearing, neither Ms. Hurst nor any of Oracle's other counsel gave notice to Google, in accordance with paragraph 5.2(b) of the Protective Order, that they reasonably expected to use or disclose the confidential Google or Apple information at the hearing.  ECF 1438-1 (Bayley Decl.) at 1-2, ¶¶ 2, 4; ECF 1440-1 (Bayley Decl.) at 1, ¶ 2; ECF 1441-1 (Karwande Decl.) at 1, ¶ 2; ECF 1462-1 (Karwande Decl.) at 1, ¶ 2.

3
GOOGLE'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS
Case No. 3:10-cv-03561 WHA

1   of the Apple Confidential Information and asked that Ms. Hurst's remarks be sealed.  Jan. 14,
2   2016 Tr. at 30:2 – 30:7.  Rather than acknowledge without qualification that the information
3   was in fact designated confidential and should be sealed, Ms. Hurst first admitted that the
4   information was "in a deposition that's confidential" but then, in the next breath, interrupted
5   Google's counsel to state that "There's been a lot of public reports that Google pays Apple [a
6   certain amount] a year.  So, you know --."  *Id*. at 30:9-10, 30:12-13.  Ms. Hurst, however, cited
7   no such "public reports" as the basis for her disclosure and had specifically referenced the
8   admittedly confidential deposition transcript as the source of her disclosure.  Following Ms.
9   Hurst's statement, Judge Ryu indicated that she would "take a look at" Google's request to
10  seal.  *Id.* at 30:14-16, 31:2-3.

11       The following Tuesday morning, January 19, Google's counsel Robert Van Nest sent a
12  letter to Oracle's counsel Peter Bicks and Ms. Hurst, in which Mr. Van Nest asked Oracle to
13  join Google in a request to seal the portions of the transcript—which had not yet been made
14  available to the public—containing Ms. Hurst's disclosures, and requested Oracle's response
15  by noon on January 20.  ECF 1438-1 (Bayley Decl.) at 2, ¶ 6; ECF 1440-1 (Bayley Decl.) at
16  1-2, ¶ 5; ECF 1441-1 (Karwande Decl.) at 1, ¶ 4; ECF 1462-1 (Karwande Decl.) at 1-2, ¶ 6.
17  Oracle's counsel did not respond to the letter.  *Id.*  That afternoon, Judge Ryu entered an
18  "Order Re New Submission" in which she, inter alia, denied Google's oral request to seal.
19  ECF 1434 at 2.

20       Late on the afternoon of the next day, January 20, the transcript of the January 14
21  hearing was made available at the public viewing station in the clerk's office, as ECF 1437.
22  The following day, January 21, articles began appearing that reported the disclosed
23  information as headline news, cited the transcript as the source of the information, and quoted
24  Ms. Hurst's disclosures regarding the Apple Confidential Information.  One of the first such
25  articles specifically noted that "Rumors about how much Google pays Apple to be on the

1  iPhone have circulated for years, but the companies have never publicly disclosed it." [3]

2  On Wednesday, January 20, the day after Judge Ryu's Order, Google filed a motion for reconsideration and to redact and seal. ECF 1438. Third party Apple filed a declaration in support of Google's motion, in which Apple confirmed the confidentiality and commercial sensitivity of the Apple Confidential Information and explained the competitive harm that Ms. Hurst's disclosure would cause. ECF 1439 (Fithian Decl.) at 1-2, ¶¶ 3-6. In accordance with instructions from the clerk's office, Google re-filed the motion as two separate motions the next day. ECF 1440, 1441. Later that day, Oracle filed a response to Google's original motion, together with a declaration from Ms. Hurst. ECF 1442, 1442-1.[4]

Surprisingly, Oracle's January 21 response—which was signed by Ms. Hurst and bore the names of five other Orrick attorneys—explicitly stated that "Oracle takes no position on the relief requested." ECF 1442 at 1. In the response, Oracle and Ms. Hurst did not admit that the disclosed information was confidential and that it should not have been disclosed. Nor did Ms. Hurst or Oracle agree that, based on the Google and Apple declarations, the transcript portions should be sealed to minimize any further harm to Apple and Google. Oracle and Ms. Hurst instead devoted the three-page response to a hodgepodge of excuses and rationalizations for Ms. Hurst's disclosures. That filing thereby exacerbated the harm at a time when Oracle and Ms. Hurst were on notice of the disclosure and amounted to obstruction of Google's efforts to remedy Ms. Hurst's disclosures.

Oracle first argued in the January 21 response that Google had waived its right to object, *id.* at 1, a position that Judge Ryu later found to be "without merit." *See* ECF 1541 at 4. Oracle next argued that the disclosures were proper because they were made in the course of an exchange with the Court—ignoring that the disclosures were simultaneously also made

---

[3] Google will refrain from repeating herein the specific disclosures made by Ms. Hurst or identifying the articles that publicized the disclosures—many of which included the disclosed information in their titles. The articles have been previously cited to the Court and can be provided again under seal if Oracle, in its response to this motion, disputes their content or timing.

[4] Oracle also later advised Google that Oracle's January 21 filing should be considered Oracle's response to Google's letter requesting Oracle to join Google in a request to seal the transcript. ECF 1462-1 (Karwande Decl.) at 2, ¶ 6.

1  to members of the press (and any members of the public) who were present and to whom
2  Oracle's counsel was not permitted to disclose confidential information.  *Id.*  Oracle then
3  argued that Ms. Hurst did not "reasonably expect" in advance of the hearing to make the
4  disclosures, which was irrelevant in light of Ms. Hurst's awareness, at the time she made the
5  disclosures, that the information was designated confidential.  *Id.*  Oracle's fourth argument
6  was the equally irrelevant assertion that the disclosed subject matter had been discussed in the
7  parties' meet and confer discussions prior to the hearing and that Ms. Hurst's disclosures
8  should therefore not have been a surprise to Google.  *Id.* at 1-3.  Finally, Oracle argued that it
9  expected to introduce the disclosed information at trial and/or to discuss it in pretrial motions,
10 that Oracle believed that the information would not be sealed when and if it was so used, and
11 that Google's motion was therefore "merely a delaying action."  *Id.* at 3.

12       In her declaration filed in support of Oracle's response, Ms. Hurst acknowledged that,
13 as she was leaving Judge Ryu's courtroom on January 14, she "observed that a journalist I
14 recognize . . . was present in the courtroom."  ECF 1442-1 at 3, ¶ 9.  She also stated that the
15 "only press reports referencing this issue that I have located are dated January 21 . . . and
16 describe Google's written motion to seal."  *Id.*  Ms. Hurst made no mention in her declaration
17 of the fact that the articles published on the afternoon of January 21 had quoted Ms. Hurst's
18 disclosures and cited specifically to the transcript that Oracle had refused to agree should be
19 sealed.

20       The day after the parties' January 21 filings, Judge Ryu entered an order sealing the
21 transcript pending resolution of Google's motions.  ECF 1444.  Judge Ryu then granted, on
22 January 26, Google's motion for leave to file a motion for reconsideration as to the Apple
23 Confidential Information.  ECF 1450.  Three days later, Google filed its motion for
24 reconsideration, together with two additional declarations.  ECF 1462; ECF 1462-1; ECF
25 1462-2.  Oracle filed a further response to that motion—and a second declaration of Ms.
26 Hurst—on February 4.  ECF 1478; ECF 1478-1.

27       In its February 4 filings, signed by Robert Varian on behalf of a group of six Orrick
28 attorneys representing Oracle, Oracle again stated that it "takes no position" on whether the

1 transcript should be sealed.  ECF 1478 at 1.  Oracle repeated several of the excuses that it first
2 aired in its January 21 filings or variations thereof, including that Ms. Hurst's disclosures did
3 not violate the Protective Order because they were "orally to the Court in a hearing" and not
4 "in documents disseminated to third parties," *id.*, that Google was at fault for not orally
5 moving to seal the Google Confidential Information, *id.* at 1-2, 4, and that the disclosures were
6 made "on the fly," "in connection with searching inquiries by the Court," *id.* at 2, and "in the
7 course of a free-flowing discussion."  *Id.* at 3.  Oracle also argued, citing paragraph 12(b) of
8 the Protective Order but ignoring the other portions of paragraph 12, that it had no obligation
9 under the Protective Order to help remedy the disclosure because it had not "filed or
10 disseminated" any "copies" of any protected material.[5]  *Id.* at 4.

On March 31, Judge Ryu entered an order sealing the transcript, finding that Google and Apple had shown good cause for the sealing and that Google had not waived its right to request that the transcript be sealed, had acted diligently, and had narrowly tailored its request. ECF 1541.

## ARGUMENT AND CITATION OF AUTHORITIES

As Oracle has acknowledged, ECF 1478 at 4, a finding of civil contempt and the imposition of remedies that are "wholly remedial" and/or necessary to ensure future compliance are appropriate when a violation of a court order is proven by clear and convincing evidence.  *Accord, FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999); *Falstaff Brewing Corp. v. Miller Brewing Co*, 702 F.2d 770, 778 (9th Cir. 1983) (civil contempt may be compensatory, "to compensate the contemnor's adversary for the injuries which result from the noncompliance").  The Ninth Circuit has made clear that "there is no good faith exception to the requirement of obedience to a court order."  *In re Dual-Deck Video Cassette Recorder Antitrust Lit.*, 10 F.3d 693, 695 (9th Cir. 1993).  In this context, moreover,

---

[5] In its January 21 response and February 4 filings, Oracle did not seek to justify Ms. Hurst's disclosure of the Apple Confidential Information based on citations to any "public reports" regarding that information.  Even if it had, however, the record makes plain that Ms. Hurst's disclosure was not based on any public reports; it was based on confidential deposition testimony.

7
GOOGLE'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS
Case No. 3:10-cv-03561 WHA

contempt consists of disobedience of a court order "by failure to take *all reasonable steps within the party's power* to comply."  *Id.* (emphasis added); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir. 2005) ("'[t]he power to punish for contempts is inherent in all courts'") (quoting *Ex parte Robinson*, 86 U.S. 505, 510 (1873)).

### A.  Oracle's and Its Counsel's Violations

The facts demonstrate clearly and convincingly that Oracle and its counsel violated the Protective Order in numerous respects.

First, Ms. Hurst disclosed publicly—to the members of the media (and any members of the public) present at the January 14 hearing—information that Oracle has acknowledged was produced and designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

Second, even if Ms. Hurst's disclosures of the Apple and Google Confidential Information were inadvertent, Ms. Hurst knew, no later than when she left the courtroom that day, that she had disclosed highly confidential, protected information to at least one member of the media.  ECF 1442-1 at 3, ¶ 9.  She thereafter failed to "immediately" notify Google of that fact, as paragraph 12(a) of the Protective Order requires, or to inform the persons to whom her unauthorized disclosures were made of the terms of the Protective Order or request that those persons execute a Protective Order acknowledgement.  Protective Order ¶¶ 12(c), 12(d).

Third, Ms. Hurst's and Oracle's actions and inactions following the disclosures were contrary to the requirements of the Protective Order that they "use [their] best efforts to retrieve all unauthorized copies of" the disclosed materials.  Ms. Hurst and Oracle ignored Google's January 19 letter requesting that Oracle join Google in asking Judge Ryu to seal the transcript.  ECF 1438-1 (Bayley Decl.) at 2, ¶ 6.  They thereby prevented Google from filing a joint motion requesting that the transcript be sealed, and the transcript containing the disclosed information became publicly available the next day.  Even thereafter, Oracle consistently and steadfastly refused—despite numerous opportunities to do so—to acknowledge that the transcript contained confidential information that should be sealed.  Oracle thereby obstructed rather than facilitated mitigation of the disclosures.

Ms. Hurst's and Oracle's actions following the January 14 hearing make their conduct especially troublesome. At every turn, Oracle and its counsel failed to act as they should have following Ms. Hurst's disclosures:

- At the hearing on January 14, Ms. Hurst could have readily and without qualification acknowledged in response to Google's oral motion and the Court's inquiry that the information was in fact designated as highly confidential and agreed that it should be sealed, which would have been far more likely to result in Judge Ryu sealing the transcript and would have allowed Judge Ryu to caution any members of the public present at the hearing regarding dissemination of the information that Ms. Hurst had disclosed.

    Ms. Hurst did not do so. Instead, she quibbled and engaged in misdirection about the information, stating that there had been "a lot of public reports" regarding the information she had disclosed based on confidential sworn deposition testimony.

- Once Ms. Hurst realized, leaving the hearing, that there was at least one reporter present during her disclosures, she could have cautioned the reporter regarding dissemination of the information she had disclosed and/or advised Google and/or the Court that she was aware that at least one reporter was present.

    She did not do so. Instead, she kept that information to herself and only shared it for the first time in her declaration filed a week later, on January 21.

- Oracle and its counsel could have responded positively to Google's counsel's January 19 letter to Mr. Bicks and Ms. Hurst—sent prior to Judge Ryu's initial ruling denying Google's oral motion to seal and before the transcript became available—requesting that Oracle join Google in its request to seal the transcript.

    Oracle did not do so. Instead, Oracle ignored Google's letter altogether

and, the next day, the transcript was made available for inspection in the clerk's office following Judge Ryu's initial ruling on Google's oral motion.

- Finally, Oracle and its counsel could have agreed to the relief sought in Google's motions to seal the transcript, especially after both Google and Apple had filed declarations confirming the extremely confidential nature of the information.[6]

    Oracle did not do so.  Instead, it twice filed briefs in which it "took no position" on whether the transcript should be sealed and asserted its numerous excuses for Ms. Hurst's disclosures.

The conduct of Oracle and its counsel meets neither the "best efforts" standard of paragraph 12 of the Protective Order nor the Ninth Circuit's "all reasonable steps within the party's power" standard.  The Protective Order contemplates inadvertent violations, and imposes an obligation to correct such violations.  Even if Ms. Hurst's disclosures were inadvertent, her and Oracle's conduct thereafter was not.

**B.     Oracle's Excuses**

The excuses Oracle has advanced for its and Ms. Hurst's actions and inactions are not consistent with acceptable professional conduct before this Court and would reduce protective orders to irrelevant inconveniences.  Oracle's excuses, if accepted, would permit an attorney in possession of other parties' highly confidential information that is subject to a protective order to:  (1) disclose that information in open court without any prior notice to the Court or opposing counsel or any identification of the information as confidential, regardless of who is present in the courtroom; (2) keep to himself or herself actual knowledge that a person not authorized to receive the information was present for the disclosure; and (3) ignore or refuse to

---

[6]   Oracle has never challenged the propriety of the designations of the disclosed information as "Highly Confidential" or Google's and Apple's declarations regarding the confidentiality of the information.  And the parties have been permitted by both Judge Alsup and Judge Ryu to file such information under seal in this action after making such showings.  *See, e.g.*, ECF 1374; ECF 1375 (J. Alsup Order); ECF 1388; ECF 1394 at 3 (J. Ryu Order); Apr. 19, 2016 Tr. at 7:15-17 (J. Alsup).

join in reasonable efforts to minimize the effects of the disclosure and limit the availability to the media and to the public of the improperly disclosed information. Such conduct would jeopardize the efficacy of the protective orders under which discovery is conducted in countless cases such as this, both in this District and elsewhere.

Oracle's excuses—both individually and collectively—also do not mitigate against a finding of contempt. While Oracle asserts that Ms. Hurst's disclosures were permitted because she made them to Judge Ryu, Ms. Hurst also at the same time disclosed the information publicly. That is most assuredly not permitted under the Protective Order and violates section 7—both paragraph 7.1 and paragraph 7.3—of the Order.[7] Disclosures of confidential information in open court are not immune from scrutiny, and counsel in cases such as this must be aware at all times whether she or he is about to disclose protected confidential information. There are numerous mechanisms available through which counsel may communicate (and, in this case, have communicated) relevant facts to the Court and still maintain the confidentiality of the information, including requesting a sidebar conference, making a written rather than oral submission, tendering a transcript or document to the Court without orally revealing its contents, or even requesting that the courtroom be temporarily cleared of members of the press and public. Ms. Hurst availed herself of none of these familiar mechanisms.[8]

Similarly, Oracle's claim that the information would likely become public at trial or in connection with pretrial motions, ECF 1442 at 3, is not a reasonable justification (and was incorrect). A party cannot unilaterally justify disclosure of confidential information based on

---

[7] Paragraph 7.1 of the Protective Order provides, in part, that "Protected Material may be disclosed only to the categories of persons . . . described in this Order," and paragraph 7.3 identifies the categories of persons to whom information or materials designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed. The listed categories do not include reporters or members of the public.

[8] The Protective Order contains specific provisions regarding reasonably expected uses of Protected Material at a hearing. Protective Order ¶ 5.2(b). For purposes of this motion, Google accepts Ms. Hurst's attestations that she did not expect in advance of the hearing to disclose the information she in fact disclosed—but notes that Oracle argues at the same time that Google should not have been "surprised" about the disclosures, and that the subject matter of the disclosures was "the known subject matter of the dispute coming into the hearing." ECF 1442 at 1-2.

1  its speculation or belief that the information will "likely" later be made public.[9]  Such a
2  presumptuous and speculative argument deprives the Court of its role in determining whether
3  highly confidential party and third party information should in fact be made public over the
4  objection of the disclosing parties.  *See, e.g.*, *United States v. Bazaarvoice, Inc.*, No. 13-cv-
5  00133-WHO, 2014 U.S. Dist. LEXIS 3244, at *5 (N.D. Cal. Jan. 8, 2014) (sealing exhibits
6  used at trial that "contain[ed] pricing and competitive information that could cause damage to
7  the third parties if made public.").  It also deprives the party that designated the information as
8  Protected Material (and any third parties whose information is disclosed) of the protection to
9  which they are entitled under the Protective Order and the opportunity to be heard before their
10 confidential information is made public.

### C. The Damage to Google

The issues presented by Oracle's and its counsel's conduct are not academic ones.

Both Apple and Google filed declarations in support of Google's motions to seal the portions of the transcript containing Ms. Hurst's disclosures, which Judge Ryu found established good cause to grant the motions.  ECF 1541 at 3-4 (finding good cause as to Google Confidential Information), 5 (finding good cause as to Apple Confidential Information).  As those declarations explained regarding the Apple Confidential Information:

> 5.   Disclosing this information to the public would pose a serious risk of competitive harm to Apple.  Companies engaging in free-market competition ordinarily compete without perfect knowledge of their competitors' or business partners' financial status and business models.  Maintaining the confidentiality of this information allows Apple to remain competitive in fast-moving markets, which ultimately benefits the public.  If this information is disclosed, for example, third parties seeking to negotiate terms of a business relationship with Apple might leverage this information against Apple, thereby forcing Apple into an uneven bargaining position in future negotiations. . . .
>
> 6.   In addition, competitors could potentially use this information to undercut Apple's business model and negotiation strategies.

ECF 1439 (Fithian Decl.) at 2, ¶¶ 5, 6.

---

[9]  The Apple Confidential Information that Ms. Hurst disclosed did not become public at trial—which confirms that Oracle's speculation was incorrect.

> 3. Google considers [the Apple Confidential Information] to be extremely confidential and commercially sensitive and has always treated it as such. This information is subject to stringent confidentiality requirements contained within the relevant agreement. Indeed, Google places strict limits on who has access to the terms of this agreement to ensure its confidentiality is retained. Also, Google does not disclose this information to the public. Public disclosure of this information could severely and adversely impact Google's ability to negotiate, among other things, similar terms with other third parties in connection with similar agreements now or in the future.

ECF 1462-2 (Hwang Decl.) at 1, ¶ 3. Google filed similar declarations regarding the Google Confidential Information. *See* ECF 1438-1 (Bayley Decl.) at 1, ¶¶ 2-3, ECF 1441-1 (Karwande Decl.) at 1, ¶¶ 2-3. As a result of Oracle's actions and inactions, the highly confidential information disclosed by Ms. Hurst became headline news and available to third parties involved in negotiations with both Google and Apple, thus making a reality the concerns outlined in these declarations.

In addition, even though discovery in this action was largely complete at the time of Ms. Hurst's disclosures, her disclosures were cited by a third party, LG Electronics, Inc. ("LGE"), in a request for a protective order filed after the disclosures were made and publicized. In its letter motion of February 12, 2016 addressed to Judge Ryu, LGE argued that its motion was justified, at least in part, by Oracle's disclosure of "highly sensitive competitive information of Apple Inc. in open court that was promptly published in the national business press." ECF 1503 at 3. LGE's request confirms both the attention paid by third parties to this action, the significance third parties attach to the importance of protective orders governing disclosure of their confidential information, and the importance and sensitivity of this type of confidential information.

Google was damaged, and forced to expend resources, as a result of the disclosures and Oracle's subsequent failure to mitigate the effects of its counsel's actions. Because of Oracle's refusal to join Google's request that the January 14 transcript be sealed—which could in and of itself have prevented the articles based on the transcript from appearing—Google was required to file: (1) its January 20 motion for reconsideration and to redact and seal, together with the declaration of Edward Bayley in support thereof, ECF 1438; ECF 1438-1; (2) its separate January 21 motions for leave to file a motion for reconsideration and to redact and seal, ECF

1440; ECF 1441, and the declarations of Edward Bayley and Maya Karwande in support thereof, ECF 1440-1; ECF 1441-1; (3) its January 29 motion for reconsideration and the declarations of Renny Hwang and Maya Karwande in support thereof, ECF 1450; ECF 1450-1; ECF 1450-2; (4) its February 8 reply brief in support of its motion for reconsideration, ECF 1489; (5) its February 11 reply brief in support of its motion to redact and seal, ECF 1501; (6) its response to the Court's initial order regarding LGE's request for a protective order, ECF 1497, and its portion of the joint LGE letter to Judge Ryu, ECF 1503; (7) its January 27 and June 29 precis letters regarding this motion, ECF 1457; ECF 1991; and (8) this motion.

In view of the above, Oracle and its counsel should be ordered to reimburse Google for the attorneys' fees and costs necessitated by their violations of the Protective Order, including all fees incurred not just for this motion, but also for the filings that were necessary to reclaim protection of the confidential information or were otherwise necessitated by the disclosures. Such relief has regularly been awarded in similar cases. *See, e.g.*, *Bradford Techs., Inc. v. NCV Software.com*, No. C 11-04621 EDL, 2013 U.S. Dist. LEXIS 1592, at *22-24 (N.D. Cal. Jan. 3, 2013) (award of costs and fees for protective order breach "justified under both the Court's contempt power as well as Federal Rule of Civil Procedure 37(b)(2)(C)."); *Harmston v. City & Cty. of S.F.*, No. C 07-01186 SI, 2008 U.S. Dist. LEXIS 9622, at *8-9 (N.D. Cal. Jan. 29, 2008) (awarding attorneys' fees and costs for protective order violation under civil contempt power); *Colaprico v. Sun Microsystems, Inc.*, No. 90-20610 SW, 1994 U.S. Dist. LEXIS 21853, at *10-12 (N.D. Cal. Aug. 22, 1994) (using court's inherent contempt authority to award attorneys' fees and costs for breach of protective order).[10]

Such a sanction is warranted here. Ms. Hurst disclosed both party and non-party

---

[10] *See also, e.g.*, *Falstaff Brewing Corp.*, 702 F.2d at 784 ("failure to obey the protective discovery order exposed counsel and Falstaff to liability under Rule 37(b)(2) for the resulting costs and attorney's fees."); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 5:11-cv-01846-LHK (PSG), 2014 U.S. Dist. LEXIS 11778, *52 (N.D. Cal. Jan. 29, 2014) (awarding attorneys' fees under Rule 37(b) for disclosure that occurred because of inadvertent failure in redaction); *Life Techs. Corp. v. Biosearch Techs., Inc.,* No. C-12-00852-WHA (JCS), 2012 U.S. Dist. LEXIS 63974, *40 (N.D. Cal. May 7, 2012) (ordering payment of fees and costs for violation of local patent rule that limited disclosure of confidential information until a protective order is issued by the Court because Rule 37(b)(2) "require[s] [a] Court to order an offending to party to pay the reasonable attorney fees and costs caused by its failure.").

1  confidential information, and Oracle and its counsel have taken a cavalier attitude toward their
2  Protective Order obligations. *Beam Sys.*, 1997 U.S. Dist. LEXIS 8812, at *7 (ordering
3  payment of attorneys' fees for violation of a protective order, noting that "violations of
4  protective orders issued to safeguard the confidentiality of trade secrets and other confidential
5  information cannot and must not be tolerated."). While courts in other similar situations have
6  imposed additional and more severe sanctions, including disqualification of counsel and/or
7  restrictions on counsel's access to confidential information, *see, e.g., Systemic Formulas, Inc.
8  v. Kim,* No. 1:07-CV-159 TC, 2009 U.S. Dist. LEXIS 119502, at *6 (D. Utah 2009); *Beam
9  Sys.*, 1997 U.S. Dist. LEXIS 8812, at *6; *Life Techs. Corp.*, 2012 U.S. Dist. LEXIS 63974,
10 Google leaves to the Court consideration of other remedies or relief that may be appropriate
11 given the current status of this action.

## CONCLUSION

13     Ms. Hurst's disclosures and Oracle's and its counsel's subsequent actions reveal a
14 profound disregard for this Court's Protective Order and for other parties' confidential
15 information. Oracle's and its counsel's conduct is inconsistent with the important policy
16 considerations that protective orders serve—facilitating discovery while protecting confidential
17 information so as to avoid needless disputes and improper exploitation of that information.
18 Google and third party Apple were harmed by Oracle's counsel's disclosure regarding the
19 terms of a significant and confidential commercial agreement, and Google was harmed by
20 Oracle's counsel's disclosure of Google's confidential internal financial information.
21     Consistent with the foregoing authorities, Oracle and its counsel should be found to
22 have violated the Protective Order; Google should be awarded its fees and costs, in an amount
23 to be established following the Court's ruling on this motion; and the Court should grant such
24 other or further relief as it deems appropriate.

KING & SPALDING LLP

By:  */s/ Bruce W. Baber*
     Bruce W. Baber

Counsel for Defendant GOOGLE INC.