ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
405 Howard Street, San Francisco, CA  94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>　　　　　Plaintiff,<br>　　v.<br><br>GOOGLE INC.<br><br>　　　　　Defendant. | Case No. CV 10-03561 WHA<br><br>**ORACLE'S SUR-REPLY RE OBJECTIONS TO GOOGLE'S BILL OF COSTS**<br><br>Dept.: Courtroom 8, 19th Floor<br>Judge: Honorable William Alsup |

Pursuant to permission granted by the Court (ECF No. 2008), Oracle hereby responds to arguments Google raises for the first time in its Reply to Oracle's Objections to Google's Bill of Costs ("Reply") (ECF No. 2006).

**INTRODUCTION**

Google filed its Reply in an attempt to correct deficiencies in its recently filed Bill of Costs (ECF No. 1990) ("2016 Bill of Costs") that Oracle had pointed out in its objections. Despite asserting new theories and providing new legal citations, Google fails to actually fix any of the identified flaws.

In 2012, the Court denied the portions of Google's request in its 2012 Bill of Costs (ECF No. 1216) for millions of dollars in e-discovery costs because the Court found that Google failed to meet its burden under 28 U.S.C. § 1920, Local Rule 54-1, and related case law. Now Google asks the Court to reverse itself and award Google these expenses on the same record. Google does not provide any additional facts or new law that warrant the Court making a different determination than it did in 2012 about the same costs. Google is simply asking the Court to reach a different conclusion. Yet none of the cases Google cites for the first time in its Reply entitle it to a "redo" on its 2012 Bill of Costs, and, even if they did, none shows how or why a redo should result in any different decision by the Court this time around.

Google's 2016 Bill of Costs also asks for e-discovery fees from the recent phase of the trial that it again insufficiently supports. In its Reply, Google argues that requiring it to meet its burden under 28 U.S.C. § 1920 somehow improperly shifts the burden of proof. It remains indisputable that Google bears the burden to establish its costs and, contrary to Google's conclusion in its Reply, Google cannot meet that burden by offering conclusory statements that merely parrot the language of the Local Rule.

Finally, for the first time in its Reply, Google attempts to articulate a basis to tax expedited deposition transcript fees as costs. None of the facts or law cited in Google's Reply support taxing these costs. Google fails to identify any basis for the Court to deviate from the general rule that expedited deposition transcript fees are not recoverable.

**ARGUMENT**

**I.   GOOGLE PROVIDES NO ADDITIONAL FACTUAL SUPPORT FOR ITS REQUEST FOR ADDITIONAL COSTS FOR THE 2010-12 PERIOD**

In Google's Reply, Google effectively asks the Court to reconsider its prior Order on Google's Bill of Costs ("2012 Bill of Costs Order") for the 2010-12 period. ECF No. 2006. Yet Google has not provided any new basis in evidence or law showing that it is entitled to costs beyond what the Court already awarded for the 2010-12 period. The costs Google seeks for the 2010-12 time period in its 2016 Bill of Costs are the same as those that were previously submitted to this Court in Google's 2012 request. *See, e.g.*, ECF No. 1220, Ex. B at 1-3, 6-9, 11-12, 20-22, 31, 34, 46-47, 58, 61, 69; ECF No. 1220, Ex. C at 1-87; ECF No. 1990-2, Ex. B at 38-40; ECF No. 1990-6, Ex. C at 37-123. These costs were reviewed and ruled on by the Court in 2012. ECF No. 1241. Google does not contend otherwise. *See* ECF No. 2006. Nor did Google seek reconsideration or appeal the Court's 2012 Bill of Costs Order.

Google argues in its reply that Oracle is objecting "to an award of *any* costs to Google for the time period covering 2010-2012." ECF No. 2006 at 1. This is not true. Oracle believes that there is no warrant to *alter* the Court's prior ruling on Google's costs for the 2010-12 period.

**II.  GOOGLE'S CASE LAW DOES NOT COMPEL THIS COURT TO GRANT GOOGLE A REDO ON ITS 2012 BILL OF COSTS**

For the first time, Google argues in its Reply that the 2012 Bill of Costs Order was vacated by the Federal Circuit's reversal of a portion of the 2012 judgment and remand for a new trial on fair use, and thus that it is entitled to a redo on its 2012 Bill of Costs. *See* ECF No. 2006. Contrary to Google's assertion, the Federal Circuit did not "vacate[] the 2012 judgment." *See* ECF No. 2006 at 1; *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1349 (Fed. Cir. 2014). Google cites three cases in support of its argument that a costs award is "overturned by operation of law" when an underlying judgment is reversed in part: *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964), *disapproved in Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987), *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996), and *Duhn Oil Tool, Inc. v. Cameron International Corp.*, No. 1:05-CV-01411-MLH, 2012 WL 4210104 (E.D. Cal. Sept. 19, 2012).

*See* ECF No. 2006 at 1, 2-3.

None of the cases Google cites, however, vacates a bill of costs order merely because a portion of a post-verdict decision unrelated to the bill of costs is reversed, as happened in the instant case. In *Farmer*, the Supreme Court agreed that a cost award had been vacated when the Second Circuit reversed the ruling underlying it (a directed verdict on the only claim at issue in the case) in its entirety. 379 U.S. at 228-29, 233. By contrast, in the instant case, only a portion of one of several underlying claims was vacated and then remanded for further proceedings. *Oracle Am., Inc.*, 750 F.3d at 1347-48. In *Amarel*, the bill of costs order itself was challenged on appeal, 102 F.3d at 1499, 1506, 1523, whereas in the instant case Google did not appeal the 2012 Bill of Costs Order. The third case Google cites, *Duhn Oil Tool, Inc.*, did not even involve an existing bill of costs order, let alone a vacatur of a bill of costs order. 2012 WL 4210104, at *1-2. The issue in *Duhn Oil Tool* was whether certain costs were appropriately taxable in the first instance. The defendant in that case argued that the plaintiff was not entitled to costs from a first trial because, according to the defendant, the plaintiff was not the prevailing party in that previous trial (after which no bill of costs was entered). *See id.*

In contrast to Google's argument, *Amarel* suggests that where there is only a partial reversal, as occurred here, only the portion of the *appealed* costs award relating to the reversed claim would be necessarily vacated. *See* 102 F.3d at 1523. The *Amarel* court explained that its reversal of the district court's judgment with respect to one of plaintiff's claims "operate[d] to reverse the district court's award of costs incurred in defending *against that claim*," and engaged in a detailed procedural and fact-specific analysis to determine whether it should reverse the entirety of the costs award because the costs award also involved costs incurred in defending against plaintiff's other claim, which was not disturbed by the court. *Id.* at 1523-24 (emphasis added). The conclusion that a partial reversal only results in the reversal of the portion of the appealed award relating to the reversed claim is also supported by other case law. *See Sarmiento v. Cty. of Orange*, 496 F. App'x 718, 720 (9th Cir. 2012) (reversing only the portion of cost award relating to reversed claim); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015 WL 8477855, at *3 (N.D. Cal. Dec. 9, 2015) (rejecting argument that under Ninth Circuit

1  law, including *Amarel*, "an appellate decision partially reversing a judgment immediately vacates
2  any costs award associated with that judgment"). And other Ninth Circuit cases have affirmed a
3  cost award even when the underlying ruling was reversed in part. *Velazquez v. Costco Wholesale*
4  *Corp.*, 603 F. App'x 584, 587 (9th Cir. 2015); *Sun Pac. Farming Coop., Inc. v. Sun World Int'l,*
5  *Inc.*, 277 F. App'x 727, 730 (9th Cir. 2008); *Santos v. Culver City*, 228 F. App'x 655, 659 (9th
6  Cir. 2007). Simply put, none of Google's own cases justify vacating and redoing the Court's
7  2012 Bill of Costs Order.

**III. REQUIRING GOOGLE TO PROVIDE SUFFICIENT PROOF OF THE CONNECTION BETWEEN PRODUCTION AND ITS CLAIMED E-DISCOVERY COSTS DOES NOT IMPROPERLY SHIFT BURDENS**

In its Reply, Google erroneously accuses Oracle of attempting to upend the relevant burden to prove entitlement to costs claimed under 28 U.S.C. § 1920(4). *See* ECF No. 2006 at 4. But, indisputably, it is Google who bears the burden to establish that the costs it claims under § 1920(4) are due to the production of documents requested by and produced to Oracle. *See In re Ricoh Co., Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (explaining that it is the "prevailing party's burden to establish and support the amount to which it is entitled") ("Section 1920 allows the recovery of costs for a prevailing party who establishes that the copied documents were produced by it pursuant to Rule 26 or other discovery rules and that the copies were requested by, and supplied to, the opposing party."); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *12 n.6 (N.D. Cal. Sept. 19, 2014) ("the rule limiting copying costs to documents actually produced to the opposing party should apply with equal force to e-discovery"). Requiring Google to meet that burden does not shift anything.

Google incorrectly claims that summary statements parroting language from Local Rule 54-1 (which governs the filing of a bill of costs, rather than the standards for taxing costs) are sufficient to meet its burden. *See* ECF No. 2006 at 5. If that were true, a party could claim any incurred costs as long as it says the right words. This is not the law. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (underscoring the "narrow scope of taxable costs"); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 928 (9th Cir. 2015). Even one of the cases Google cites, *In re Online DVD-Rental Antitrust Litig.*, explains that § 1920(4) "does not state

Case 3:10-cv-03561-WHA   Document 2015   Filed 07/22/16   Page 6 of 8

that all steps that lead up to the production of copies of materials are taxable[.]" 779 F.3d at 928. And this and other courts have previously rejected costs where similar broad language was provided in support of claimed costs. *See Apple Inc.*, 2014 WL 4745933, at *11-12; ECF No. 1241 (2012 Bill of Costs Order) at 4-5. For example, in *Apple Inc. v. Samsung Electronics Co.*, the court found declarations containing the same language Google identifies as sufficient in its Reply insufficient to meet Apple's burden to establish that its costs were the result of the production of documents to Samsung. 2014 WL 4745933, at *11-12; ECF No. 2006 at 6. There, the court reduced Apple's costs award so that it would only contain the percentage of costs attributable to the number of documents produced to Samsung. *Apple Inc.*, 2014 WL 4745933, at *12. Unlike Google, Apple provided the court with the volume of documents it produced so that such a calculation could be performed. *See id.*

Requiring sufficient detail for Oracle and the Court to determine whether the large amount of costs Google seeks are appropriately taxable would not "elevate the standard of recovery beyond feasibility" or require a "declaration that could run hundreds of pages long" as Google argues. *See* ECF No. 2006 at 6. Google could have determined the volume of documents produced to Oracle and the charges associated with those documents. *See Apple Inc.*, 2014 WL 4745933, at *12. And Google could have provided more detailed descriptions of the vague tasks listed in its e-discovery vendor invoices. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 928-31 (explaining how the party seeking costs submitted a declaration from the e-discovery vendor with descriptions of many of the services listed on e-discovery invoices and, where such descriptions were not provided for certain tasks, noting that the court was left "unable to resolve" whether that group of charges was taxable). Google chose not to provide such information to the Court and Google must live with the consequences.

Moreover, Google's claim that it solved any problem with its 2012 Bill of Costs by removing some previously identified inappropriate costs is incorrect. *See* ECF No. 2006 at 5. The Court's 2012 Bill of Costs Order identified but a few non-exhaustive examples of the problems with Google's claimed e-discovery costs. *See* ECF No. 1241 at 4-5. Additionally, some of the costs Google seeks are listed on pages previously identified by the Court as examples


ORACLE'S SUR-REPLY RE OBJECTIONS TO
GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA

of non-taxable costs. *See id.* (listing, as non-exclusive examples, pages 1, 2-4, 8-10 of ECF No. 1220, Ex. B); ECF No. 1220, Ex. B at 1, 2-3, 8-9; ECF No. 1990-2 at 38-39. In any event, as discussed above, Google is not entitled to a second bite at its 2012 Bill of Costs.

## IV.  GOOGLE CITES NO LAW OR FACT ENTITLING IT TO COSTS FOR EXPEDITING DEPOSITION TRANSCRIPTS

Google attempts to articulate for the first time in its Reply a purported basis for taxing charges for expedited deposition transcripts: the schedule in this case. Google does not cite specific events in the schedule that justify expediting any particular deposition transcript. Rather, Google merely observes that "depositions began in November and continued for several months, motions in limine were due in March, and trial began in early May." ECF No. 2006 at 6. Google does not explain why a trial schedule it helped shape on a portion of the case it previously described as a "limited re-trial" on fair use (*see, e.g.*, ECF No. 1454 at 2), did not allow enough time for normal, non-expedited deposition transcripts.

Google cites *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA LB, 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) to suggest that there is some established exception to the general rule that expedited fees are not recoverable as taxable costs. ECF No. 2006 at 6. There is not. The *Plantronics* court simply acknowledged that "there *may* be situations where expedited transcripts *might* be necessary" while explicitly declining to award the requested expediting costs in that case. 2012 WL 6761576, at *6 (emphasis added). *Plantronics* does not help Google's cause and Google's own factual support falls well short of what the *Plantronics* court deemed insufficient. *Id.*

In *Plantronics*, Plantronics sued Aliph for patent infringement and the court granted Aliph's motion for summary judgment on non-infringement and invalidity and ordered Plantronics to pay costs. *Plantronics*, 2012 WL 6761576, at *1. Aliph sought to tax as costs fees to expedite *only* four deposition transcripts related to the claim construction hearing and briefing, as well as four deposition transcripts it used in support of its motion for summary judgment. *Id.* at *6. Aliph stated that expedited transcripts of the depositions were necessary to prepare for these hearings and motions, but the court concluded this was insufficient and declined to tax these

- 6 -

ORACLE'S SUR-REPLY RE OBJECTIONS TO
GOOGLE'S BILL OF COSTS
CASE NO. CV 10-03561 WHA

1 as costs. *Id.* Unlike Aliph, Google does not seek to recover expediting fees for just a few
2 necessary transcripts. Instead, Google seeks to recover fees to expedite the transcripts of *all* 25
3 non-Google witnesses deposed in this phase of the litigation. *See* ECF No. 1990-3 at 72-122;
4 ECF No. 1990-4 at 1-15; ECF No. 1990-5 at 2-19. Google does not argue that it needed to
5 expedite any of these transcripts for a particular hearing or brief. *See* ECF No. 2006 at 6.
6 Instead, Google vaguely asserts that it needed to "keep up with the pace and deadlines of the
7 case." *Id.* This falls well below the showing the *Plantronics* court found insufficient to support
8 an award of expediting fees. *See* 2012 WL 6761576, at *6

9 The *Plantronics* court declined to tax expedited transcript fees as costs because the parties
10 set their own schedule, had "plenty of time to problem solve deadlines with an eye to costs[,]"
11 and the record did not include facts suggesting expedited transcripts were the result of the
12 schedule. *Id.* Here too, the parties agreed to the schedule for fact and expert discovery and
13 related pre-trial motions. ECF Nos. 1334, 1356. The court should not award costs based on
14 Google's inadequate showing.

15 Google has not cited any facts or case law that support deviating from the general rule that
16 expedited deposition transcript fees are not taxable as costs under Section 1920. Accordingly, the
17 Court should not award Google these costs.

## CONCLUSION

19 For the reasons set forth above, Google's Reply fails to introduce any law or fact that
20 corrects the deficiencies in its 2016 Bill of Costs. The Court should deny Google recovery of
21 each category of costs as articulated in Oracle's Objections to Google's Bill of Costs.

22 Dated: July 22, 2016                    Respectfully submitted,

23                                         Orrick, Herrington & Sutcliffe LLP

24                                         By: */s/ Vickie L. Feeman*
                                               Vickie L. Feeman
25
                                            Counsel for ORACLE AMERICA, INC.