KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.  3:10-cv-03561 WHA <br><br> **DECLARATION OF RENNY HWANG IN SUPPORT OF ORACLE'S ADMINISTRATIVE MOTION TO SEAL RE ORACLE'S RULE 59 REPLY [ECF NO. 2018]** <br><br><br> Dept.        Courtroom 8, 19th Fl. <br> Judge:       Hon. William Alsup |

I, RENNY HWANG, declare as follows:

1. I am an attorney employed by Google Inc. ("Google"), where I have served as senior litigation counsel for the last six years. My job responsibilities include, but are not limited to, supervising our outside counsel in connection with litigation matters (such as this one), as well as familiarizing myself with the areas of Google's businesses and documentation concerning those businesses as they relate to litigation matters under my supervision. I submit this declaration in support of Oracle's Administrative Motion to File Under Seal Portions of Oracle's Reply in Support of its Rule 59 Motion for a New Trial. *See* ECF No. 2018. I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

2. I have reviewed Oracle's Reply in Support of its Rule 59 Motion for a New Trial ("Reply"). *See* ECF 2018-4. The following portions of Oracle's Reply contain confidential information about Google's internal strategy and decision-making process and future product strategy and plans:

- 3:16 (first seven words);
- 4:15 (quoted portion); 16-17 (highlighted portion);
- 6:23-24 (highlighted portion).

Google keeps the information quoted, discussed, and/or summarized in these portions of the Reply confidential and public disclosure of this information would provide a competitive advantage to Google's competitors and could have negative effects on Google's business. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2013 WL 1997252, at *2 (N.D. Cal. May 13, 2013) (sealing email which "reveals the internal strategy and decision making process of EA's product development team"); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012) (sealing trial exhibits containing future business plans).

3. None of the information listed in paragraph 2 is part of the public trial record. The information was not shown in Court, used by either party, or considered by the jury as part of its fair use deliberations. Oracle did not even attempt to introduce this information at trial.

4. The above-listed portions of the Reply containing confidential information related to Google's future products and business strategy should therefore be sealed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of August, 2016 at Sunnyvale, California.

By: _____
RENNY HWANG