**ORRICK, HERRINGTON & SUTCLIFFE LLP**
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
Email: kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
Email: ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
Email: gramsey@orrick.com
ROBERT P. VARIAN (SBN 107459)
Email: rvarian@orrick.com
405 Howard Street, San Francisco, CA 94105
Tel: 1.415.773.5700 / Fax: 1.415.773.5759
PETER A. BICKS (*pro hac vice*)
Email: pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
Email: lsimpson@orrick.com
51 West 52nd Street, New York, NY 10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

**BOIES, SCHILLER & FLEXNER LLP**
DAVID BOIES (*pro hac vice*)
Email: dboies@bsfllp.com
333 Main Street, Armonk, NY 10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
Email: sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA 94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

**ORACLE CORPORATION**
DORIAN DALEY (SBN 129049)
Email: dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
Email: deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
Email: matthew.sarboraria@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC.<br><br>          Defendant. | Case No. CV 10-03561 WHA<br><br>**DECLARATION OF ANNETTE L. HURST RE: GOOGLE INC.'S MOTION FOR CONTEMPT AND SANCTIONS**<br><br>Dept.:   Courtroom 8, 19th Floor<br>Judge:  Honorable William Alsup<br>Date:    September 22, 2016<br>Time:   8:00 a.m. |

1    I, Annette L. Hurst, declare as follows:

2    1.    I am a member of the law firm Orrick, Herrington & Sutcliffe LLP, counsel of record for Plaintiff Oracle American, Inc. ("Oracle").  The contents of this declaration are true to the best of my information and belief, and are derived from my direct personal knowledge.  If called upon to testify, I could and would testify as follows.

3    *2.*    The statements at issue in Google's Motion for Civil Contempt and for Sanctions were made during a January 14, 2016 hearing before Magistrate Judge Ryu.  The hearing concerned a motion to compel Google to produce the agreements reflecting Google's revenue sharing data and to provide a witness prepared to testify about such agreements.  The information was needed by Oracle's experts for trial.  Google had produced very limited data on this topic during fact discovery, which had closed prior to the hearing.  The limited data was provided by a single 30(b)(6) witness , Jon Gold, who testified to one year of the estimated Apple revenue share perecentage.  *See* Deposition of Jonathan Gold dated December 11, 2015 at 13:18-17:24, a true and correct copy of which is attached hereto as Exhibit A.

4    3.    I made the statement regarding my understanding of the approximate revenues and profits that Google derived from Android since its release, at page 4 of the transcript of the January 14, 2016 hearing, in response to the Court's request that I explain how information sought in the motion to compel would "play into" apportionment of profits.  I referred to the revenue and profit estimates as part of that explanation, to assist the Court's understanding, and for no other reason.

5    4.    I made the same reference to estimated revenue and profits, at page 6 of the transcript, in response to a question from the Court regarding the relevance to fair use of information requested in the motion to compel.  I referred to the revenue and profit estimates as part of that explanation, to assist the Court's understanding, and for no other reason.

6    5.    I did not anticipate or expect prior to the January 14 hearing that I would disclose these particular numbers referred to in paragraphs 3 and 4 above.  I did not prepare to mention them and gave the estimates on the spot from memory.  I have gone back to review the documentation since then and my estimates were not entirely accurate reflections of Oracle's

- 1 -    DECL. OF ANNETTE L. HURST
CASE NO. CV 10-03561 WHA

then-existing expert calculations. I did not consult Oracle's expert reports either in advance of or during the hearing in order to confirm the numbers and then recite them to the Court.

6. I referred to the deposition testimony of Mr. Gold with respect to Google's revenue share with Apple, at page 29 of the transcript, as part of a long discussion in which the Court inquired why Oracle needed granular information on that subject. During that discussion Google's counsel inaccurately stated that Oracle already had the information it was requesting, and cited Mr. Gold's testimony as the source of such information.

7. I did not bring the Gold deposition transcript with me to the hearing. Because counsel's assertions about Mr. Gold's testimony did not jibe with my recollection of what the witness had said, I asked one of my colleagues to pull the transcript up on his laptop and identify the relevant pages so that I could respond. He did so and handed me his laptop, which I held in front of me at the podium in order to respond to the assertions of Google's counsel as part of the argument.

8. I referred to Mr. Gold's testimony regarding the revenue share in response to counsel's repeated inaccurate assertions that the testimony provided the information sought in the motion to compel and that my statements to the contrary were "absolutely not true." I did not refer to the specifics of the deposition testimony itself until Google's counsel suggested that my more general representations were untrue. I referred to the testimony for the purpose of providing accurate information to the Court that would put to rest the debate about the deposition's contents. I did not refer to the deposition for any other purpose.

9. I did not anticipate or expect that I would be referring to these particular passages of Mr. Gold's deposition testimony prior to the January 14 hearing. I did not refer to them in advance during my preparation for the hearing.

10. Oracle and Orrick were contacted by members of the press to comment on this information after Google filed its motion to seal. Although the Court had already denied Google's motion to seal, neither Oracle nor any of Orrick's lawyers provided any comment on the record, or discussion on background or off the record. We did not supply copies of the transcript to

journalists, nor (despite requests) identify the court reporter from whom a transcript could be ordered. After leaving the courtroom, I have not discussed the information disclosed during the hearing or the contents of the hearing transcript with anyone other than in a privileged and confidential context or as disclosed in Court during the subsequent hearings leading up to and during trial.

11. On January 19, 2016, we received a letter from Mr. Van Nest requesting that Oracle join in a stipulation to file the transcript under seal. The same day, while Oracle considered the request and before it could respond, the Court issued an order denying Google's earlier request to seal. ECF No. 1434 at 2.

12. Attached hereto as Exhibit B is a true and correct copy of the relevant excerpts of the Deposition of James Malackowski dated March 17, 2016.

13. Attached hereto as Exhibit C is a true and correct copy of the relevant excerpts of the Deposition of James R. Kearl dated March 23, 2016.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Dated: August 8, 2016          By:    */s/ Annette L. Hurst*
                                           Annette L. Hurst