1 | KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
2 | bbaber@kslaw.com
1180 Peachtree Street, N.E.
3 | Atlanta, Georgia  30309-3521
Telephone:     404-572-4600
4 | Facsimile:      404-572-5100

5 | KING & SPALDING LLP
JOSEPH R. WETZEL - # 238008
6 | jwetzel@kslaw.com
101 Second Street, Suite 2300
7 | San Francisco, California  94105
Telephone:     415-318-1200
8 | Facsimile:      415-318-1300

9 | Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>            Plaintiffs,<br><br>     v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**DECLARATION OF RENNY HWANG IN SUPPORT OF ORACLE'S ADMINISTRATIVE MOTION TO SEAL RE ORACLE'S OPPOSITION TO GOOGLE'S MOTION FOR SANCTIONS [ECF NO. 2025]**<br><br>Dept.      Courtroom 8, 19th Fl.<br>Judge:     Hon. William Alsup |

I, RENNY HWANG, declare as follows:

1. I am an attorney employed by Google Inc. ("Google"), where I have served as senior litigation counsel for the last six years.  My job responsibilities include, but are not limited to, supervising our outside counsel in connection with litigation matters (such as this one), as well as familiarizing myself with the areas of Google's businesses and documentation concerning those businesses as they relate to litigation matters under my supervision.  I submit this declaration in support of Oracle's Administrative Motion to File Under Seal Portions of Oracle's Opposition to Google's Motion for Sanctions and certain exhibits in support of the opposition attached to the Declaration of Annette Hurst ("Hurst Declaration").  *See* ECF Nos. 2025, 2027.  I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

2. I have reviewed Oracle's Opposition to Google's Motion for Sanctions ("Opposition") and the exhibits Google designated as Highly Confidential - Attorneys Eyes Only that Oracle submitted under seal in support of its Opposition.  The following portions of these documents contain highly sensitive and confidential third party information:

- Opposition : 2:7, 8, 9, 13 (partner names).
- Ex. A: 13:3-4; 13:11-16:8; 18:8-9, 11-12; 18:21-19:7; 266:3, 9, 10-11, 14, 17-18, 21-23 (partner names and terms of the agreement); 267:9, 14 (terms of the agreement).
- Ex. C: 118:4, 24-15 (percentages); 119:12, 19-20 (partner names).

The specific information relating to third-party information and agreements that is quoted, discussed, and/or summarized in the passages above is subject to stringent confidentiality requirements.  Indeed, Google places strict limits on who has access to these materials to ensure confidentiality is retained.  Also, Google does not disclose this information to the public.  Public disclosure of this information could severely and adversely impact Google's ability to negotiate, among other things, similar terms with other third parties in connection with similar agreements now or in the future.

1
DECL. OF RENNY HWANG ISO ORACLE'S MOTION TO SEAL RE OPP TO SANCTIONS MOTION
Case No. 3:10-cv-03561 WHA

3. The Court previously granted Google's request to seal the specific terms of its agreements with its partners. *See* April 19, 2016 Tr. 7:15-17; *see also* ECF No. 1541 (Judge Ryu's Order granting motion for reconsideration and sealing specific terms of Google's agreement with a partner); ECF No. 1436 (Judge Ryu's Order allowing Google to produce information regarding search distribution agreements without identifying names of partners). Since the Court issued its ruling on April 19, 2016, the material referenced in paragraph 2 has remained confidential. None of the information referenced in paragraph 2 is part of the public trial record. The material was not shown in Court, used by either party, or considered by the jury as part of its deliberations. Oracle did not even attempt to introduce this information as evidence during trial.

4. In addition, the following portions of the exhibits filed in support of Oracle's Motion contain confidential Android-specific financial information:

- Ex. A: 16:7-23; 18:2-4 (reflects internal Android financial information and record keeping).

Google does not publicly allocate revenue or profits to Android separate and apart from Google's general business. Accordingly, Google considers the non-public financial data quoted, discussed, and/or summarized in these exhibits to be highly sensitive, and public disclosure of that information could have significant negative effects on Google's business.

5. The information referenced in paragraph 4 is not part of the public trial record. The information was not shown in Court, used by either party, or considered by the jury as part of its deliberations. Oracle did not even attempt to introduce this information as evidence during trial.

6. In compliance with the Court's prior orders and in light of the material that has been made public in prior proceedings, Google only seeks to seal the specific narrowly- tailored portions of the Opposition and Exhibits A and C identified in paragraphs 2 and 4. Accordingly, the above-listed portions of the Opposition and Exhibits A and C containing confidential information related to Google's confidential financial statements and sensitive third-party information and agreements should therefore be sealed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of August, 2016 at Sunnyvale, California.

By: _____
RENNY HWANG