# Exhibit 17A

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                Plaintiffs,<br><br>        v.<br><br>GOOGLE INC.,<br><br>                Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE AND OBJECTIONS TO PLAINTIFF ORACLE AMERICA, INC.'S REQUESTS FOR PRODUCTION**<br><br>**SET ELEVEN (NO. 324)** |

1008344

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google"), through its attorneys, provides its Responses and Objections to Plaintiff's Requests for Production to Defendant Google Inc., Set Eleven ("Plaintiff's Eleventh Request for Production"), served by Plaintiff Oracle America, Inc. ("Plaintiff" or "Oracle") on November 4, 2015.

### GENERAL OBJECTIONS

1.      Google responds generally that its investigation of the facts relevant to this litigation is ongoing.  Google's responses herein are given without prejudice to Google's right to amend or supplement in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Civil Local Rules, the Court's Case Management Orders, and any applicable Standing Orders.

2.      Google generally objects to Plaintiff's Requests for Production, Set Eleven, and the "Definitions and Instructions" related thereto, to the extent they are inconsistent with or impose obligations beyond those required by the Federal Rules of Civil Procedure, the Civil Local Rules, the Case Management Orders entered by the Court, and any applicable Standing Orders.  In responding to each Request for Production, Google will respond as required under Rule 34 of the Federal Rules of Civil Procedure.

3.      Google generally objects to Oracle's Requests for Production to the extent Oracle requests materials that predate June 15, 2011 and/or otherwise seek discovery on issues, events, transactions, and/or occurrences that could have, and should have been addressed, if at all, prior to the original trial, including, but not limited to, where such requests were the subject of discovery requests served in the discovery period preceding the original trial.  Google similarly objects to the extent the Requests purport to demand production of documents already produced to the parties or logged on privilege logs in this action.

4.      Google objects to the term "Documentation" because it is defined by incorporating the phrase "relating to," which in turn renders the requests for production using the term vague, ambiguous and overly broad.

5.      Google objects to the definition of the words "Google," "You" and "Your" in paragraph 1 of the Definitions of the Requests for Production as overly broad, unduly

1

1   burdensome, vague, and ambiguous and not proportional to the needs of the case because the

2   definition seeks to expand the definition of "Google" to include all "locations, predecessors,

3   affiliates, successors, subsidiaries, divisions or parts thereof, parent holding companies including

4   without limitation, Alphabet, Inc., and all past or present directors, officers, agents,

5   representatives, employees, consultants, attorneys, and others acting on its behalf."  Such a

6   definition of "Google" expands the definition beyond any reasonable or commonly accepted

7   meaning of the term.  Further, Google generally objects to Oracle's definitions of "Google,"

8   "You," and "Your" as overbroad and vague to the extent the definitions purport to include

9   Alphabet, Inc., as Google's proposed reorganization has not yet been finalized.

10          6.      Google generally objects to Oracle's definition of "Android" as vague, ambiguous,

11   overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it

12   includes "any versions thereof …, any other works derived from Android, and any related public

13   or proprietary source code, executable code, documentation, and Google Android devices."

14   Android is an open source software project, and Google distributes the source code for Android

15   pursuant to a free and open source license that allows third parties to make modifications to the

16   Android source code that Google distributes.  Accordingly, Google objects to Oracle's definition

17   of "Android" to the extent it purports to include software created, modified, and/or distributed by

18   third parties and not Google.  Similarly, Google objects to the term "Google Android devices" as

19   vague and ambiguous and further objects to the term as overly broad, unduly burdensome, and

20   not proportional to the needs of the case to the extent it includes devices running Android

21   software that are manufactured and sold by third parties, including without limitation any original

22   equipment manufacturers, and not Google.

23          7.      Google objects to each Request for Production as premature to the extent it seeks

24   expert testimony. Google will disclose such information at the time and in the manner

25   contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules, the Court's Case

26   Management Orders, and any applicable Standing Orders in this case. Google also reserves the

27   right to supplement to incorporate expert opinion and testimony at the appropriate time.

28

1008344

8.      Google generally objects to Plaintiff's Requests for Production, Set Eleven to the extent (a) they are not reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim or defense of any party; (b) they are unreasonably cumulative or duplicative; (c) they seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (d) the burden or expense of the proposed discovery outweighs any likely benefit.

9.      Google generally objects to Plaintiff's Requests for Production, Set Eleven as unduly burdensome and not proportional to the needs of the case to the extent that they seek production of data on back-up tapes or any other automatically saved files solely intended for restoration of systems in the event of program failure, including, but not limited to, autosaved drafts of email iteratively created for program failure restoration during the course of preparation of an email.  Google further states that, as of November 2012, Google ceased retaining historical copies of the iteratively-created autosave drafts created for program failure restoration.  Google further states that it retains historical copies of and will produce (subject to any other asserted objections) emails that were sent, received or saved by document custodians subject to collection in this matter.

10.      Google generally objects to Plaintiff's Requests for Production, Set Eleven to the extent they seek information, documents, and/or things protected from discovery by the attorney-client privilege, the work product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Nothing contained in Google's responses is intended to be, or in any way shall be deemed, a waiver of any such applicable privilege or doctrine.

11.      Google generally objects to Plaintiff's Requests for Production, Set Eleven to the extent they seek information, documents, and/or things protected from discovery by court order or other restrictions on disclosure.

12.      Google generally objects to Plaintiff's Requests for Production, Set Eleven to the extent they request information, documents, and/or things not within the possession, custody, or control of Google, that are as readily available to Plaintiff as to Google, or that are otherwise in

3

1008344

the possession of Plaintiff, on the grounds that such requests are unduly burdensome and not proportional to the needs of the case.  Google further states that any agreement to produce is subject to the parties' negotiations regarding the appropriate scope of discovery, including, for example, ESI search terms and custodians, and any agreements reached during the parties' meet and confers.

13.     Google incorporates by reference these General Objections into the specific objections and responses set forth below.  While Google may repeat a General Objection for emphasis or some other reason, the failure to specifically refer to any General Objection does not constitute a waiver of any sort.  Moreover, subject to the requirements of Rule 34 of the Federal Rules, Google reserves the right to alter or amend its objections and responses set forth herein as additional facts are ascertained and analyzed.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 324:**

Source code and DOCUMENTATION for all GOOGLE software that can be used to facilitate use of ANDROID (including software derived from ANDROID such as Brillo) on devices other than mobile phones, including by way of example and not limitation source code and documentation for Weave and source code and documentation for software related to porting ANDROID to desktop or laptop computers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 324:**

In addition to its General Objections, Google objects to this Request for Production as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to operations of Google outside of the United States having no connection with the United States or information not related to any party's claims or defenses or any relevant subject matter at issue.  Google further objects to this Request for Production as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case as to the phrases "Android" and "Android (including software derived from Android such as Brillo)."  Google also objects to this Request for Production as vague, ambiguous, overly broad,

4

DEFENDANT GOOGLE INC.'S RESPONSE AND OBJECTIONS TO PLAINTIFF
ORACLE AMERICA, INC.'S REQUESTS FOR PRODUCTION
Case No.  3:10-cv-03561 WHA

1008344

unduly burdensome and not proportional to the needs of the case as to the phrases "can be used to facilitate use," "devices other than mobile phones," and "related to porting."  Google further objects to this Request for Production to the extent that it seeks information that is the confidential information of, or proprietary to, or the trade secret of, a third party.  Google further objects to this Request to the extent it seeks information, documents, and/or things protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, Google requests a meet and confer with Oracle to obtain an explanation of the nature of materials sought by Oracle in this Request.


Dated:  December 4, 2015.                    KEKER & VAN NEST LLP


                                      By:   /s/ Robert A. Van Nest
                                            ROBERT A. VAN NEST
                                            CHRISTA M. ANDERSON
                                            DANIEL PURCELL

                                            Attorneys for Defendant
                                            GOOGLE INC.

DEFENDANT GOOGLE INC.'S RESPONSE AND OBJECTIONS TO PLAINTIFF
ORACLE AMERICA, INC.'S REQUESTS FOR PRODUCTION
Case No.  3:10-cv-03561 WHA

1008344

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On December 4, 2015, I served the following document(s):

**DEFENDANT GOOGLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES, SET 6 (NOS. 38-44)**

**DEFENDANT GOOGLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF ORACLE AMERICA, INC.'S REQUESTS FOR PRODUCTION, SET 11 (NO. 324)**

**DEFENDANT GOOGLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF ORACLE AMERICA, INC.'S REQUESTS FOR ADMISSION, SET THREE**

☑   by **ELECTRONIC MAIL (PDF)**:  Based on an agreement of the parties to accept service by electronic mail, I caused a true and correct copy of the foregoing document(s) to be sent to the person(s) at the electronic notification address(es) listed below.  The email was transmitted without error.

ORRICK, HERRINGTON & SUTCLIFFE LLP
Karen G. Johnson-Mckewan
Annette L. Hurst
Gabriel M. Ramsey
405 Howard Street
San Francisco, CA 94105
Tel: 415.773.5700 / Fax: 415.773.5759

Peter A. Bicks
Lisa T. Simpson
51 West 52nd Street
New York, NY 10019
Tel: 212.506.5000 / Fax: 212.506.5151

kjohnson-mckewan@orrick.com
ahurst@orrick.com
gramsey@orrick.com
pbicks@orrick.com
lsimpson@orrick.com

1

1009385.01

| | |
|---|---|
| David Boies | Attorneys for Plaintiff |
| Boies Schiller & Flexner LLP | ORACLE AMERICA, INC. |
| 333 Main Street | Oracle-Google@BSFLLP.com |
| Armonk, NY 10504 | |
| Tel: 914.749.8201 / Fax: 914.749.8300 | |
| dboies@bsfllp.com | |

Steven C. Holtzman
1999 Harrison St., Ste. 900
Oakland, CA 94612
Tel: 510.874.1000 / Fax: 510.874.1460
sholtzman@bsfllp.com

Executed on December 4, 2015, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Edward A. Bayley*
Edward A. Bayley

1009385.01