KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Facsimile:    (415) 397-7188

KING & SPALDING LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 556-2100
Facsimile:    (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>           Plaintiffs,<br><br>      v.<br><br>GOOGLE INC.,<br><br>           Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE INC.'S ADMINISTRATIVE MOTION TO SEAL DECLARATION OF CHRISTA M. ANDERSON IN RESPONSE TO AUGUST 18, 2016 ORDER (ECF 2036)**<br><br>Dept.      Courtroom 8, 19th Fl.<br>Judge:     Hon. William Alsup |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google Inc. ("Google") hereby moves to file under seal the following documents:

- Portions of the Declaration of Christa M. Anderson in Response to August 18, 2016 Order (ECF 2036) ("Anderson Declaration").
- Portions of Exhibit 4.
- Exhibits 3, 5-14 to the Anderson Declaration.

## I. INTRODUCTION

Google requests that the Court allow Google to file the documents listed above under seal. On August 17, 2016, the Court held a hearing on Oracle's Rule 59 Motion for a New Trial. At the hearing, counsel for Google referred to Highly Confidential documents produced during discovery that describe ARC++, and the Court suggested that Google file under seal a declaration attaching these documents. Aug. 17, 2016 Hr'g Tr. at 70:16-71:9. On August 18, 2016, the Court ordered Christa M. Anderson to submit a sworn statement explaining "why the discovery responses referenced in Court yesterday were not updated, including the full extent to which counsel knew Google's intention to launch a full version of Marshmallow, including the Google Play Store, for Chrome OS." ECF 2036. Ms. Anderson's declaration and attached Exhibits, by necessity, contain non-public, highly sensitive information important to Google's business and therefore should be filed under seal. In support of its request to seal, Google has identified a narrowly-tailored list of those portions of the Declaration and Exhibits that contain highly sensitive Google internal business strategy and product development information that is subject to sealing. *See* Declaration of Renny Hwang in Support of Google's Administrative Motion to Seal Declaration of Christa M. Anderson in Response to August 18, 2016 Order ("Hwang Decl.").

## II. DISCUSSION

**A. The material that Google seeks to file under seal constitutes non-public, highly-sensitive, and confidential internal business strategy and product development plans.**

A compelling justification to seal pleadings exists when disclosure of "business

information . . . might harm a company's competitive standing."[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); N.D. Cal. Civ. L.R. 79-5(a).  Courts have therefore concluded that it is appropriate to seal documents containing trade secrets, including internal strategy, decision making processes and product development plans.  *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 3623656, at *2 (N.D. Cal. June 10, 2015) ("potential competitive disadvantages of disclosing proprietary product development and design information may constitute 'compelling reasons' that justify filing a document under seal"); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012) (sealing trial exhibits containing future business plans).  In this case, the non-public information that Google seeks to file under seal constitutes highly sensitive and confidential internal business plans and new product information.  Hwang Decl. ¶ 2.  Public disclosure of this information would "provide a competitive advantage to Google's competitors" and could therefore "have significant negative effects on Google's business."  *Id.* ¶ 2.  Because disclosure of this "business information . . . might harm [Google's] competitive standing," there is a compelling justification to seal information of the kind described above.  *Nixon*, 435 U.S. at 598.

For the reasons stated above, Google seeks to seal the portions of the Supplemental Declaration and the Exhibits listed above on the grounds that they contain Google's non-public, highly sensitive internal business strategy and product development plans.  Hwang Decl. ¶ 2.

### III.     CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order granting Google's request to file the foregoing documents under seal.

---

[1] The information Google seeks to seal meets both the "good cause" standard for sealing documents filed in connection with non-dispositive motions and proceedings and the "compelling reason" standard applicable to dispositive motions and trial proceedings.  *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (comparing "good cause" and "compelling reason" standard).

| | | |
|---|---|---|
| 1 | Dated: August 25, 2016 | KEKER & VAN NEST LLP |
| 2 | | |
| 3 | | By: /s/ |
| 4 | | CHRISTA M. ANDERSON<br>ROBERT A. VAN NEST |
| 5 | | DANIEL PURCELL |
| 6 | | Attorneys for Defendant<br>GOOGLE INC. |