1  KEKER & VAN NEST LLP
   ROBERT A. VAN NEST - # 84065
2  rvannest@kvn.com
   CHRISTA M. ANDERSON - # 184325
3  canderson@kvn.com
   DANIEL PURCELL - # 191424
4  dpurcell@kvn.com
   633 Battery Street
5  San Francisco, CA 94111-1809
   Telephone:    (415) 391-5400
6  Facsimile:    (415) 397-7188

7  KING & SPALDING  LLP
   BRUCE W. BABER (pro hac vice)
8  bbaber@kslaw.com
   1180 Peachtree Street, N.E.
9  Atlanta, Georgia  30309-3521
   Tel:    (404) 572-4600
10 Fax:    (404) 572-5100

11 Attorneys for Defendant
   GOOGLE INC.

12                   UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

16 ORACLE AMERICA, INC.,                    Case No. 3:10-cv-03561 WHA

17          Plaintiffs,                     **DEFENDANT GOOGLE INC.'S**
                                            **RESPONSE TO ECF NO. 2036**
18      v.                                  **REGARDING FORM OF JUDGMENT**

19 GOOGLE INC.,                             Dept.:     Courtroom 8, 19th Fl.
                                            Judge:     Hon. William Alsup
20          Defendant.

21

22

23

24

25

26

27

28

1101659

1    Defendant Google Inc. ("Google") respectfully submits this response to the portion of the

2  Court's August 18 Order, ECF No. 2036, in which the Court sought the parties' views on the

3  form of the Final Judgment entered herein on June 8, 2016 (ECF No. 1989).

4    In the third paragraph of its August 18 Order, the Court ordered the parties to "meet and

5  confer and advise the Court whether the form of judgment should be amended to reflect that it is

6  not a final judgment but a Rule 52(c) judgment on partial findings, given that Oracle is entitled to

7  challenge further uses of Android herein."  ECF No. 2036 at 1-2.

8    The parties conferred on August 24, 2016 regarding these issues.  Based on that

9  conference, Google understands that the parties are in agreement that:

10    • amendment of the Final Judgment to a Rule 52(c) judgment would not be

11       appropriate; and

12    • the form of the Final Judgment should not be amended.

13    More specifically, the parties agreed that a Rule 52(c) judgment is only appropriate

14  following a non-jury trial of an issue as to which the Court makes findings of fact and conclusions

15  of law based on the trial.  FED.R.CIV.P. 52(c).  Such a judgment would therefore not be proper in

16  this case, given that the recent trial was a jury trial.

17    Google believes that the form of the Final Judgment should not be amended because the

18  Court's prior orders, ECF No. 1479 and ECF No. 1781, effectively dismissed without prejudice

19  and/or struck Oracle's allegations and claims based on uses of Android or portions of Android in

20  non-smartphone and non-tablet implementations.

21    In ECF No. 1479, the Court's February 5, 2016 Order Re Google's Motion To Strike, the

22  Court held:

23       As to all other versions and implementations of Android since the last
      operative complaint preceding the last trial, Oracle will retain the right to sue
24       Google for infringement in a separate trial or proceeding.  Among possibly others,
      our trial will not include implementations of Android in Android TV, Android
25       Auto, Android Wear, or Brillo.

26  ECF No. 1479 at 2.

27    The Court re-affirmed this statement in its May 2, 2016 Memorandum Opinion Re

28  Google's Motion i*n Limine* No. 2 Regarding New Products, ECF No. 1781.  After first stating

1

GOOGLE'S RESPONSE TO ECF 2036 REGARDING FORM OF JUDGMENT
Case No. 3:10-cv-03561 WHA

1101659

1    that "The issue in the first phase of this limited retrial is whether Google's use of 37 API

2    packages from Java 2 SE 1.4 and 5.0 in its implementations of Android in phones and tablets

3    constituted a fair use," ECF No. 1781 at 3, the Court ruled that:

4          Oracle will be free to sue on these new products in the future, but for now we
           already have a long list of infringing products to impose on our jury and a line must
5          be drawn somewhere to cabin the universe under consideration.

6    ECF No. 1781 at 5.

7          Based on the above orders, Google believes that the Final Judgment as entered on June 8,

8    2016 is proper.  All claims in the case, i.e., Oracle's claims of infringement based on the use in

9    smartphones and tablets of the versions at issue of the Android operating system, have been

10   adjudicated and resolved, with Oracle retaining the ability to assert in the future claims relating to

11   use of Android or portions of Android in implementations other than smartphones and tablets.

12

13                                                   KEKER & VAN NEST LLP

14   Dated:  August 25, 2016

15                                         By:  /s/ Robert A. Van Nest
                                                ROBERT A. VAN NEST

16                                              Attorneys for Defendant
17                                              GOOGLE INC.

18

19

20

21

22

23

24

25

26

27

28

GOOGLE'S RESPONSE TO ECF 2036 REGARDING FORM OF JUDGMENT
Case No. 3:10-cv-03561 WHA

1101659