# REDACTED DOCUMENT SOUGHT TO BE SEALED

ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
GABRIEL M. RAMSEY (SBN 209218)
gramsey@orrick.com
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
51 West 52nd Street, New York, NY  10019
Tel: 1.212.506.5000 / Fax: 1.212.506.5151

BOIES, SCHILLER & FLEXNER LLP
DAVID BOIES (*pro hac vice*)
dboies@bsfllp.com
333 Main Street, Armonk, NY  10504
Tel: 1.914.749.8200 / Fax: 1.914.749.8300
STEVEN C. HOLTZMAN (SBN 144177)
sholtzman@bsfllp.com
1999 Harrison St., Ste. 900, Oakland, CA  94612
Tel: 1.510.874.1000 / Fax: 1.510.874.1460

ORACLE CORPORATION
DORIAN DALEY (SBN 129049)
dorian.daley@oracle.com
DEBORAH K. MILLER (SBN 95527)
deborah.miller@oracle.com
MATTHEW M. SARBORARIA (SBN 211600)
matthew.sarboraria@oracle.com
RUCHIKA AGRAWAL (SBN 211600)
ruchika.agrawal@oracle.com
500 Oracle Parkway,
Redwood City, CA 94065
Tel: 650.506.5200 / Fax: 650.506.7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>          Plaintiff,<br>     v.<br>GOOGLE INC.<br>          Defendant. | Case No. CV 10-03561 WHA<br>**DECLARATION OF ANNETTE L. HURST PER ECF 2052 AND 2053** |

I, Annette L. Hurst, declare as follows:

1. I am a member of the State Bar of California and admitted to practice before this Court. I am a partner at the law firm Orrick, Herrington & Sutcliffe LLP, counsel of record for Plaintiff Oracle America, Inc. ("Oracle"). The matters set forth herein are based upon my personal knowledge unless stated as to information and belief.

2. Much of Ms. Anderson's declaration is based on "information and belief," not personal knowledge. The declaration does not provide the specific basis for that information and belief as required by Local Rule 7-5. Oracle previously objected to reliance on Google's outside counsel's declaration regarding Oracle's claim of discovery misconduct, as opposed to party discovery. ECF No. 2044. Oracle renews that objection and further objects to the following page and line numbers in Ms. Anderson's declaration on grounds of lack of foundation and hearsay: 5:15-20; 7:19-20; 8:22-24; 9:4-14; 9:18-25; 12:17-21; 13:7-9; 15:15-16; 15:20; 16:8-10. *See Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013); *Serv. Employees Int'l Union v. Rosselli*, No. C 09-00404 WHA, 2010 WL 4286287, at *4 (N.D. Cal. Oct. 22, 2010).

3. Ms. Anderson's declaration (¶13) acknowledges that "in approximately September 2015, the ARC team at Google began work on and developing the design for the next version of ARC, known internally as 'ARC++.'" <u>Google first responded to all of the written discovery referenced in Oracle's new trial motion on or after September 15, 2015.</u>

4. Oracle diligently pursued the subject of whether Google planned to make Android available on laptops and desktops. For example, Oracle served the following written discovery requests that encompassed that topic, and Google responded on the dates indicated:

| Request | Text | Google Resp. Date(s) |
|---|---|---|
| **RFA 281** | Admit that GOOGLE intends to use some or all of ANDROID, including DECLARING CODE and SSO from the 37 JAVA API PACKAGES, to create a platform that runs on desktops and laptops. | 12/4/15 |

| | | |
|---|---|---|
| **RFA 254** | Admit Chrome OS contains DECLARING CODE contained in the 37 JAVA API PACKAGES | 9/15/15 *(objections only)* 10/1/15 10/15/15 |
| **RFA 264** | Admit Chrome OS replicates the SSO of the 37 JAVA API PACKAGES. | |
| **Rog. 26** | For each VERSION of ANDROID developed or released by GOOGLE since October 27, 2010, identify all ANDROID code that contains or replicates code from the 37 JAVA API PACKAGES, including any DECLARING CODE or any other code contained in the JAVA PLATFORM. | 9/5/15 *(objections only)* 9/21/15 11/12/15 12/16/15 |
| **Rog. 27** | For any software developed or released by GOOGLE since October 27, 2010, identify all code from such software that contains or replicates code from the 37 JAVA API PACKAGES including any DECLARING CODE or any other code contained in the JAVA PLATFORM. | |
| **Rog. 28** | For each VERSION of ANDROID developed or released by GOOGLE since October 27, 2010, identify all ANDROID code that contains or replicates the SSO of the 37 JAVA API PACKAGES. | |
| **Rog. 29** | For any software based on or derived from ANDROID since October 27, 2010, identify all code from such software that contains or replicates the SSO of the 37 JAVA API PACKAGES. | |
| **RFP 211** | DOCUMENTS sufficient to provide a complete list of all products running ANDROID, or to YOUR knowledge planned to run ANDROID, including without limitation computers, servers, MOBILE DEVICES, web browsers, WEARABLES, AUTOMOTIVE PRODUCTS, and IOT DEVICES. | 9/22/15 *(objections only)* 10/8/15 12/1/15 |
| **RFP 219** | DOCUMENTS relating to GOOGLE'S strategies, plans, and business models with respect to ANDROID, including without limitation all drafts of any revenue model, marketing strategy, distribution model, costs, licensing strategies, executive presentations, project plans, product roadmaps, financial reports or projections, and customer presentations related to ANDROID and DOCUMENTS discussing any financial benefits to GOOGLE from ANDROID. | |
| **RFP 324** | Source code and DOCUMENTATION for all GOOGLE software that can be used to facilitate use of ANDROID (including software derived from ANDROID such as Brillo) on devices other than mobile phones, including by way of example and not limitation source code and documentation for Weave and source code and documentation for software related to porting ANDROID to desktop or laptop computers. | 12/4/15 |

- 2 -

DECL. OF ANNETTE L. HURST
CASE NO. CV 10-03561 WHA

1   None of Google's written responses to these requests identified ARC++ or the bates numbers of
2   any of the nine documents attached to Ms. Anderson's declaration (Anderson Decl. Exs. 6-14),
3   even though several of Google's responses did identify ARC and even though Google did produce
4   source code for other unreleased products, including Android N.

5         5.      If Google began working on ARC++ in September 2015, this means that Google's
6   responses to these written discovery requests were incomplete or materially inaccurate in their
7   failure to identify ARC++ before the close of fact discovery and before the Court's orders in
8   February and April.  Assuming witnesses with personal knowledge would bear out Ms. Anderson's
9   account of the dates, supplementation pursuant to Rule 26(e) is not the only legal issue at hand for
10  evaluation of Google's discovery misconduct.  Rather, the issue to be evaluated now includes
11  whether Google's written discovery responses were improper when they were served because they
12  omitted mention of ARC++ and of Google's intention to bring Android Marshmallow to Chrome
13  OS.  According to Exhibit 7 to Ms. Anderson's declaration, [REDACTED]
14  [REDACTED]
15  [REDACTED] ECF No. 2047-8 at -798. [REDACTED]
16  [REDACTED]
17  [REDACTED]
18  [REDACTED]

19        6.      Ms. Anderson's declaration (¶26) further states that Google's outside counsel was
20  not aware of ARC++ until press reports about Google's I/O announcement.  The Court requested an
21  answer about counsel's knowledge of Google's intention to put Marshmallow and Google Play
22  Store on Chrome OS.  It did not limit its question to ARC++.  In any event, the first press reports
23  about Google's I/O announcement that Android Marshmallow and the Google Play Store were
24  being made available for Chrome OS indicate on their face that they were published the same day
25  as the May 19, 2016 announcement by Google.  The *Ars Technica* article previously submitted as
26  Exhibit C to the Bush Declaration (ECF No. 1998-2) indicates on its face that it was published at
27  11:00 a.m. on May 19.  There are numerous other news reports that on their face indicate they were
28  published that same day.  *See* ECF No. 1998 (Bush Decl. Ex. A) (Chrome Blog); ECF No. 1998-7

- 3 -   DECL. OF ANNETTE L. HURST
CASE NO. CV 10-03561 WHA

1  (Bush Decl. Ex. H) (Forbes); ECF No. 1998-13 (Bush Decl. Ex. K) (Techcrunch).  Oracle's counsel
2  was not aware of these reports at the time, and did not find out about them until later, in mid-June.
3  Ms. Anderson's declaration is vague as to the timing of Google's outside counsel's knowledge, but
4  seems to mean that Google's outside counsel were contemporaneously aware of the press reports.
5  If that is the case, then Google's outside counsel was aware that Android Marshmallow and the
6  Google Play Store were being made available for Chrome OS laptops and desktops several days
7  before Mr. Van Nest gave his closing argument on May 23 stating, "Android is not a substitute.
8  Java SE is on personal computers; Android is on smartphones.  If you are buying a personal
9  computer, you want to buy a personal computer or desktop.  You don't go out and look for Android
10 or any smartphone."  Tr. 2124:6-9.

11         7.      Ms. Anderson's statement that Google's outside counsel first learned about ARC++
12 in May 2016 also does not seem to fit with the rest of her assertions and other information we
13 received during discovery.  During discovery meet-and-confers in September, October, and
14 November of 2015, Google's outside counsel told us repeatedly that they intended to review every
15 single document collected in response to an automated keyword search.  When pressed as to why
16 Google had not given a date certain for production, or why it had not yet produced documents, Ms.
17 Beth Egan and others at Keker & Van Nest informed us that each document collected by a keyword
18 screen was being reviewed individually prior to production.

19         8.      As Ms. Anderson's declaration states, Google's outside counsel produced in
20 December 2015 the nine documents (Anderson Decl. Exs. 6-14) upon which Ms. Anderson now
21 relies to assert that Oracle had information about ARC++.  Someone from Google's team of outside
22 counsel must have been aware of these ARC++ documents and their contents when they were
23 produced by Keker & Van Nest at that time.  Indeed, Exhibit 9 to Ms. Anderson's declaration is
24 *redacted for privilege*, confirming that the document must have been reviewed by counsel before it
25 was produced.  ECF No. 2047-10 at -421.  This certainly strongly suggests that Google's outside
26 counsel *did* have knowledge of ARC++ at least by December 2015, long before the trial, before the
27 motion to strike in February, before the motion in limine briefing in March/April and the in limine
28 decision in May, and long before Oracle's motion for a new trial.  Had Google's outside counsel

- 4 -                             DECL. OF ANNETTE L. HURST
                                  CASE NO. CV 10-03561 WHA

1 investigated these specific documents to learn the nature of ARC++, they would have learned
2 information that should have been disclosed in the written discovery responses.

3       9. Nevertheless, despite Google's production of the documents identified in Ms.
4 Anderson's declaration, Google did not disclose the information in its initial discovery responses
5 nor revise or update its written discovery responses after it produced the documents.  Moreover,
6 despite production of those documents, Google still argued to the jury and elicited witness
7 testimony that is contradicted by the content of those documents.

8       10. Orrick personnel working under my supervision have reviewed the discovery
9 correspondence, our document storage database, and the metadata associated with Exhibits 6
10 through 14 to Ms. Anderson's declaration.  I have reviewed the correspondence and metadata to
11 confirm their work.  These nine documents were produced on December 9, 12 and 16—the week
12 leading up to the close of fact discovery on December 16.  Google produced nearly 350,000 pages
13 of documents that final week.  It took time to load each of these productions into a database for their
14 review, and many of them were not loaded into our database until December 18—after the last
15 deposition.

16       11. By the time all of these documents were produced as of December 16, there was
17 only one witness left to be deposed.  Mr. Felix Lin's deposition was held over with an agreed-upon
18 time of three hours set for December 18 at 8:00 a.m.  Google did not apprise Oracle that it had
19 produced documents relevant to Mr. Lin or ARC++ on December 16.  ████████████████
20 ████████████████████████████████████████████████████████████████
21 ████████████████████, who was deposed on December 8, before any of the nine documents
22 Ms. Anderson identifies were produced.  I prepared for and took the depositions of Messrs. Lin and
23 Lockheimer.  In preparing for these depositions, I reviewed and relied upon Google's
24 representations in its written discovery responses to form my understanding of the facts and to
25 identify possible areas of questioning for the depositons.  In light of the seven hour rule, I especially
26 relied upon Google's denials and limited identifications to prioritize the subject matters of inquiry.

27       12. Neither I nor our team were aware of these ARC++ documents at the time of these
28 depositions.  Nor were we aware of these documents during expert discovery and through the trial.

- 5 -

DECL. OF ANNETTE L. HURST
CASE NO. CV 10-03561 WHA

The references in expert reports cited by Ms. Anderson to Android and Chrome OS were all to ARC—not ARC++. We did not become aware of widespread availability of Android applications for computers in the Google Play Store through Marshmallow on Chrome OS until mid-June, did not become aware of the ARC++ project by that name until the August 17 hearing, and did not review the contents of the nine ARC++ documents attached to Ms. Anderson's declaration until after it was filed on August 25.

13. In ECF 2053, the Court requested that we identify whether desktops and laptops were mentioned in the briefing on Google's Motion in Limine No. 2. Desktops and laptops were not specifically mentioned in the motion papers, the opposition or the hearing. The Court's order, however, excludes all products other than smartphones and tablets. By the time that motion was briefed, Oracle had long since received Google's denials to discovery requests asking whether Google intended to port Android to laptops and desktops, Google had failed to identify ARC++ or produce its source code, and Mr. Lockheimer had testified that Chrome OS was not Android related. Oracle took those responses as truthful. Had Google disclosed the existence of ARC++, its source code and related information, affording Oracle the opportunity to fully investigate, Oracle would have offered different evidence and argument in response to Google's motion and at trial.

14. Having now reviewed the several documents identified by Ms. Anderson, I note that Google did not make a full and complete production of ARC++ documents. Many of these documents are drafts, and it is unclear whether final versions exist. Some of the documents contain references to other documents that do not appear to have been produced. Google did not produce any other versions of these documents. Google did not identify or produce ARC++ source code. Google did not produce any emails discussing ARC++.

15. In addition to hearsay and foundation objections, Oracle also respectfully requests that Ms. Anderson's technical assertions be disregarded, specifically Anderson Decl. 5:16; 8:22-24; 9:4-14; 9:20-26; 10:8-10; 12:17-21; 13:7-9; 15:15-16; 15:20. By way of example, Ms. Anderson asserts (¶13) that ARC++ is "the next version of ARC." This seems to be a factual and technical conclusion for which Ms. Anderson lacks a foundation both of personal and expert technical knowledge. Ms. Anderson's declaration does not state that she reviewed the source code

or the source code repository, and does not explain any other method she used to ascertain that ARC++ is a "version" of ARC. Ms. Anderson's conclusion is further problematic because it is directly contradicted by the admissions of Google personnel who presented the Marshmallow/Chrome OS integration at Google I/O and other public reports purporting to quote Google personnel. Those persons stated that (1) this was "a whole new platform," ECF No. 1998-10 (Bush Decl. Ex. J-1) at 4, (2) the project to port Marshmallow to Chrome OS "is not based on ARC," that "ARC wasn't good enough, so Google started over from scratch," ECF No. 1998-2 (Bush Decl. Ex. C) at 2, and (3) "we have redone this completely differently. There are no connecting points between the two projects," *id.* The record suggests other seemingly important differences between ARC and ARC++. Ms. Anderson states (¶41) that "ARC++ runs Android in an isolated container inside Chrome OS." Mr. Lockheimer testified that "ARC is – it's not like Android is running inside of Chrome OS." ECF No. 2046-4 at 195:19-20.

16. Oracle also objects to Ms. Anderson's hearsay technical assertion at paragraph 23 (9:20-23) that the "Android that can be run inside of Chrome OS does not include the Linux Kernel at the bottom of the Android stack, and does not include the Application Framework layer at the top of the stack." Based upon TX 43.1, Google has always depicted the built-in Android *Applications* (such as contacts, phone, browser, etc.) at the top of the stack. Based upon my technical understanding formed in this case and the views of my colleagues with computer science education and training who were also deeply involved in this case and are familiar with the Android source code, it does not seem to make sense that Google could have, as Ms. Anderson's declaration states, omitted the *Application Framework* from Android in Chrome OS and still expected all or many of the Android applications in the Google Play Store to work without it. Ms. Anderson appears to have made a mistake in her declaration and referred to the Application Framework layer when she meant the Applications.

17. In Oracle's view, the legal significance of these modifications to Android in ARC++ is substantial: The elimination of the Linux Kernel in the bottom layer and the smartphone applications in the top layer would appear to markedly diminish any purported claim that Android is "transformative" based upon Google's arguments that Android was the "first full stack

- 7 -

DECL. OF ANNETTE L. HURST
CASE NO. CV 10-03561 WHA

1  smartphone operating system." This is also entirely new information to Oracle. Upon information
2  and belief, without the top and bottom layers, Android cannot be fairly characterized as a "full stack
3  smartphone operating system" as Google claimed throughout the trial. In addition, as previously
4  described in Oracle's filings, ECF Nos. 1995-5, 2018-2, this ARC++ software contradicts Google's
5  testimony and arguments that were central to its burden of proof on the first and fourth factors of
6  fair use.

7  18.  Ms. Anderson's declaration (¶¶30-43) purports to explain why Google did not
8  identify ARC++ in response to written discovery responses. Oracle disagrees with Google's
9  belated attempt to parse all meaning out of Oracle's discovery requests. ARC++ was responsive
10 and relevant to the identified requests.

11 19.  But Ms. Anderson's declaration also says that outside counsel "was not aware of the
12 ARC++ version of the ARC project at the time Google provided these responses." So it is unclear
13 on what basis Ms. Anderson's testimony that ARC++ was not responsive is offered. Either outside
14 counsel was in fact aware of ARC++ at the time (as suggested by their stated plan to review each
15 document and the privilege redaction) and therefore knowingly made the decision to withhold the
16 information, or Ms. Anderson's declaration is simply post-hoc argument.

17 20.  We repeatedly asked Google's counsel to assure us that there was nothing that they
18 knew was responsive that was being withheld. We were diligent but did not figure out that Google
19 was withholding something that it should have identified. Oracle was in a far inferior position to
20 ferret out the information; the information about ARC++ was always entirely within Google's
21 control, Oracle was not aware of it, and at some level counsel have to be able to rely in good faith
22 upon opposing counsel as officers of the court. If Google's own counsel truly did not understand
23 ARC++ at the time discovery closed as Ms. Anderson asserts, then Oracle can hardly be faulted for
24 failing to figure it out.

25 21.  Oracle is also entitled to know, under *Jones*, if the information was knowingly
26 withheld. Ms. Anderson's declaration does not explain who *at Google* was involved in providing
27 information for the written discovery responses, who *at Google* was involved in preparing or
28 reviewing the written discovery responses, does not explain what investigation was made *by*

- 8 -

DECL. OF ANNETTE L. HURST
CASE NO. CV 10-03561 WHA

1  *Google* in answering Oracle's requests, and does not explain whether anyone *at Google* who was
2  involved in or responsible for the litigation was aware of ARC++.
3         22.    Oracle respectfully submits that Google's submission does not address the second
4  question necessarily posed by *Jones*, which is whether *Google* withheld the information about
5  ARC++ knowingly, deliberately, or intentionally.  Since Google's outside counsel claims to have
6  been unaware of ARC++ despite having produced some documents on the subject, the key
7  questions under *Jones* can only be answered by those responsible at Google.  Oracle therefore
8  respectfully requests that it be permitted to investigate Google's discovery misconduct by deposing
9  the three people at Google responsible for announcing and providing interviews about
10 Marshmallow and the Google Play Store on Chrome OS—Luis Hector Chavez, Zelidrag Hornung,
11 and Kan Liu—as well as conducting the document discovery and 30(b)(6) deposition proposed in
12 the form attached hereto as Exhibit A.
13         I declare under the penalty of perjury that the foregoing is true and correct.
14         Excecuted this 9th day of September, 2016 in San Francisco, CA.

                                             */s/ Annette L. Hurst*
                                                Annette L. Hurst