IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>    Defendant.<br>                                    / | No. C 10-03561 WHA<br><br>**ORDER RE PROTECTIVE ORDER AND MOTION FOR CONTEMPT** |

      By long tradition, when a lawyer wishes to reveal in open court information whose disclosure is restricted by a protective order, the lawyer must first explain the restriction to the judge and (i) ask to seal the courtroom and transcript or (ii) hand up a copy of the restricted information to the judge. This practice is not explicitly stated in our model protective order (or in the similar protective order adopted in this case), but this practice necessarily flows from the restrictions that are explicit, namely a limited list of allowed recipients that plainly omits the public. Of course, "the court and its personnel" are usually allowed recipients but that phrase does not mean "the court, its personnel, and the public." Otherwise, the recipe for Coca-Cola or any other highly private information could be blurted out in open court. No one has ever claimed otherwise — until this case.

      The special handling required by protective orders is not mere boilerplate as respondents argue. The special handling is the quid pro quo for gaining access to sensitive information. Those who need to maintain their information in privacy will resist even court orders to allow

discovery if the lawyers who want access can brush off the special handling as boilerplate. We must honor our word that the information will be kept secure.

Respondents' arguments that the orders in this case permitted public disclosure of restricted information are rejected.

All that remains is the desire by movant to be reimbursed for expenses of an earlier motion to seal. To get there, movants want a finding of contempt of court. That seems heavy handed, perhaps even vindictive, when all that remains at stake is a few dollars in an ocean of money spent on this case. Everyone involved is hereby referred to Magistrate Judge Elizabeth Laporte for a conference on **WEDNESDAY, SEPTEMBER 28**, to settle the balance of this motion, failing which the Court will resolve it. Counsel shall please contact Judge Laporte's chambers immediately.

**IT IS SO ORDERED.**

Dated: September 23, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE