KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
CHRISTA M. ANDERSON - # 184325
canderson@keker.com
DANIEL PURCELL - # 191424
dpurcell@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.  3:10-cv-03561 WHA <br><br> **SUPPLEMENTAL DECLARATION OF RENNY HWANG IN SUPPORT OF DEFENDANT GOOGLE INC.'S ADMINISTRATIVE MOTION TO SEAL MOTIONS IN LIMINE AND CORRESPONDING EXHIBITS [ECF NO. 1560]** <br><br> Dept.       Courtroom 8, 19th Fl. <br> Judge:      Hon. William Alsup |

SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE
AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No.  3:10-cv-03561 WHA

1158331

I, RENNY HWANG, declare as follows:

1. I am an attorney and a Director of Litigation at Google Inc. ("Google"), where I have served as litigation counsel for the last seven years. My job responsibilities include, but are not limited to, supervising our outside counsel in connection with litigation matters (such as this one), as well as familiarizing myself with the areas of Google's businesses and documentation concerning those businesses as they relate to litigation matters under my supervision. I submit this supplemental declaration in support of Google's Motion to Seal Motions in Limine and Corresponding Exhibits (the "Sealing Motion"), *see* ECF No. 1560, pursuant to the Order re Sealing Motions filed by the Court on March 30, 2017 (the "Sealing Order"), *see* ECF No. 2076. This declaration supplements my prior declaration submitted in support of the Sealing Motion. *See* ECF No. 1560-1. I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

2. Having reviewed the materials listed in the Sealing Motion, and the Court's corresponding rulings with respect to these materials in the Sealing Order, Google respectfully request that the Court reconsider and/or clarify[1] its rulings as to the following materials.

I. **PARAGRAPH 38 OF THE FEBRUARY 29, 2016 REPORT OF ADAM JAFFE, PHD [ECF NO. 1560-9]**

| Sealed Document | ECF No. | Portions Sought To Be Sealed |
|---|---|---|
| Jaffe Reply Report | 1560-9 | ¶ 38 (terms of third-party agreements) |

3. Pursuant to this District's Local Rules, Google identified specific portions of each document that it sought to redact in the Sealing Motion by submitting to the Court an un-redacted version of document highlighting the specific passages that Google had moved to seal. *See* Civil L.R. 79-5(d)(1)(D). Consistent with this practice, Google indicated through highlighting that it sought to seal, *inter alia*, a specific portion of paragraph 38 of the February 29, 2016 Reply

---

[1] Google understands that the Sealing Order directed any party seeking reconsideration of the Court's rulings to file a supplemental declaration, not a noticed motion, because it authorized filing of only the supplemental declaration by today's date. *See* Sealing Order at 7:21-27. If the Court prefers that any request for reconsideration be made through a noticed motion, Google is prepared to promptly prepare and file such a motion at the Court's request.

1
SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE
AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No.  3:10-cv-03561 WHA

1158331

Expert Report of Professor Adam Jaffe, Ph.D ("Jaffe Reply Report"), ECF No. 1560-9, which reflected highly-confidential third-party information and the terms of confidential and sensitive third-party agreements. In its Sealing Motion, however, Google inadvertently misidentified the paragraph containing this information as paragraph 37 instead of paragraph 38.

4. In its Sealing Order, the Court denied Google's request to seal the highlighted portions of paragraph 38 of ECF No. 1560-9, apparently due to the discrepancy in the Sealing Motion identified above. *See* Sealing Order at 7:15-19. Accordingly, Google seeks to correct that discrepancy by requesting that the Court seal the highlighted portion of paragraph 38 in the Jaffe Reply Report (ECF No. 1560-9).

5. The third-party information discussed in paragraph 38 of Jaffe Reply Report is subject to the strictest confidentiality requirements. Google places strict limits on who has access to this information to ensure confidentiality is retained. Also, Google does not disclose this information to the public, and public disclosure of this information could severely and adversely impact Google's ability to negotiate, among other things, similar terms with other third parties in connection with similar agreements now or in the future. Google's third-party partners, who are not parties to this litigation, also consider these agreements and their terms to be confidential and commercially sensitive, and that public disclosure of this information to the public would cause competitive harm. For example, non-party Apple Inc., to whom this information relates, has separately filed a declaration in this case explaining that Apple considers this information confidential and commercially sensitive, and that disclosing this information to public would pose a serious risk of competitive harm to Apple. *See* Declaration of Leslie Fithian, ECF No. 1439 at ¶¶ 4-6.

6. The Court has previously granted Google's request to seal the very same terms of its third-party agreements. *See* April 19, 2016 Tr. 7:15-17; ECF No. 1541. The Court also sealed this third-party information elsewhere in the Sealing Order. Sealing Order at 2:23-26 (granting motion to seal on grounds that identified paragraphs reflect "the terms of third-party business negotiations or deals, which, if revealed, could cause competitive harm"); *see also, e.g.*, *id.* at 3:3-4 (sealing the "percentage and dollar amount in ¶ 118" of the Malackowski report dated January

2

SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE
AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No. 3:10-cv-03561 WHA

1158331

8, 2016 [ECF No. 1560-12]); *id.* at 3:23-26 (sealing the "percentages and dollar amounts in ¶¶ 269 and 272" of the Jaffe report dated February 8, 2016 [ECF No. 1560-7]).

7. Accordingly, Google requests that the Court seal the highlighted portion of paragraph 38 in the Jaffe Reply Report (ECF No. 1560-9).

## II. FIGURE 47 OF THE FEBRUARY 8, 2016 REPORT OF ADAM JAFFE, PH.D. [ECF NO. 1560-7]

| Sealed Document | ECF No. | Portions Sought To Be Sealed |
|---|---|---|
| Jaffe Opening Report | 1560-7 | Figure 47 (identity of partners and terms of third-party agreements) |

8. Google also requests that the Court seal the identified portions (*i.e.*, third-party partner names and terms of third-party agreements) in Figure 47 of the February 8, 2016 Expert Report of Professor Adam Jaffe, Ph.D. ("Jaffe Opening Report"), ECF No. 1560-7 at p. 120.

9. As noted above, Google places strict limits on who has access to this highly-sensitive, non-public information, and public disclosure of this information could severely and adversely impact Google's ability to negotiate, among other things, similar terms with other third parties in connection with similar agreements now or in the future. Google's third-party partners, who are not parties to this litigation, also consider these agreements and their terms to be confidential and commercially sensitive, and that public disclosure of this information to the public would cause competitive harm. For example, one of the third parties with whom Google has entered into agreements, Apple, has separately filed a declaration in this case explaining that it considers the terms of its agreements with Google to be confidential and commercially sensitive, and that disclosing this information to the public would expose it to a serious risk of competitive harm. *See* Declaration of Leslie Fithian, ECF No. 1439 at ¶¶ 4-6.

10. The Court has previously granted Google's request to seal the specific terms of its agreements with, and the identity of, its third-party partners. *See, e.g.*, Sealing Order at 2:23-26 (granting motion to seal on grounds that identified paragraphs reflect "the terms of third-party business negotiations or deals, which, if revealed, could cause competitive harm"); *see also, e.g.*, *id.* at 3:3-4; *id.* at 3:23-26; April 19, 2016 Tr. 7:15-17; *see also, e.g.*, ECF No. 1436 (Judge Ryu's

3

SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE
AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No. 3:10-cv-03561 WHA

1158331

Order allowing Google to produce information regarding distribution agreements without identifying the names of partners).

11. Accordingly, Google requests that the Court seal the identified portions of Figure 47 in the Jaffe Opening Report (ECF No. 1560-7).

### III. FIGURE 3, EXHIBIT 14, AND ¶ 67 OF THE FEBRUARY 29, 2016 RESPONSIVE EXPERT REPORT OF JAMES E. MALACKOWSKI [ECF NO. 1560-13]

| Sealed Document | ECF No. | Portions Sought To Be Sealed |
|---|---|---|
| Malackowski Reply Report | 1560-13 | Figure 3 (third-party revenue information)<br>Exhibit 14 (third-party revenue information)<br>¶ 67 (third-party revenue information) |

12. Google also seeks clarification regarding the Court's sealing rulings with respect to certain confidential third-party information that Google identified for sealing in Figure 3 (*i.e.*, page 19) and Exhibit 14 of the February 29, 2016 Responsive Expert Report of James E. Malackowski ("Malackowski Reply Report"), ECF No. 1560-13.

13. Figure 3 and Exhibit 14 of the Malackowski Reply Report both contain identical information and cite to identical sources. Accordingly, Google requests that the third-party information in Figure 3 be redacted to the extent that the Court has ordered redaction of the same information in Exhibit 14.

14. In addition, the Sealing Order grants Google's Sealing Motion only as to the "2014 and 2015 data" in Exhibit 14 of the Malackowski Reply Report. Google does not seek reconsideration of this ruling as it relates to the first row in Exhibit 14 (and Figure 3) titled "Google Total AdWords TAC." Google does request, however, that the Court seal the second row of Exhibit 14 (and Figure 3) titled "TAC Paid to 'Non-Android Mobile O.S. Partners'" on the basis that the information in that row, as indicated in note [2] of Exhibit 14, is derived from the information in Exhibits 14.1 and 14.2, which the Court has separately sealed. *See* Sealing Order at 3:19-20.

15. For the same reasons, Google also requests that the Court seal the percentage

4
SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE
AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No. 3:10-cv-03561 WHA

1158331

1  figure in paragraph 67 of the Malackowski Reply Report that precedes the phrase "of the total
2  annual TAC paid to 'Non Android Mobile O.S. Partners.'" Like the numbers in the second row
3  of Exhibit 14, this percentage in paragraph 67 is derived from the information in Exhibits 14.1
4  and 14.2, which the Court has ordered sealed. *See* Sealing Order at 3:19-20.

5  16. Further, the identified portions of Exhibit 14 (and, by extension, Figure 3) and
6  paragraph 67 of the Malackowski Reply Report discuss, summarize, or reflect highly confidential
7  third-party information and the terms of confidential and sensitive agreements with third parties.
8  As noted above, Google places strict limits on who has access to this highly-sensitive, non-public
9  information, and public disclosure of this information could severely and adversely impact
10 Google's ability to negotiate, among other things, similar terms with other third parties in
11 connection with similar agreements now or in the future. Google's third-party partners, who are
12 not parties to this litigation, also consider these agreements and their terms to be confidential and
13 commercially sensitive, and that public disclosure of this information to the public would cause
14 competitive harm. *See* Declaration of Leslie Fithian, ECF No. 1439 at ¶¶ 4-6.

15 17. Accordingly, Google requests that the Court seal the second row of Exhibit 14 as
16 well as the specified percentage figure in paragraph 67 of the Malackowski Reply Report.
17 Google further requests that the information in Figure 3 of the Malackowski Reply Report may be
18 redacted to the extent the Court has ordered the redaction of the same information in Figure 14 of
19 the Malackowski Reply Report.

**IV.  ADDITIONAL REFERENCES TO HIGHLY CONFIDENTIAL THIRD-PARTY INFORMATION**

| Sealed Document | ECF No. | Portions Sought To Be Sealed |
|---|---|---|
| Jaffe Opening Report | 1560-7 | Figure 49 (partner name and third-party revenue information) |
| Jaffe Opening Report | 1560-8 | Exhibit 8 (third-party revenue information) |
| Malackowski Opening Report | 1560-12 | ¶ 303 (third-party revenue information) |
| Malackowski Reply Report | 1560-13 | ¶ 303 (third-party revenue information) |

18. Google also requests that the Court seal the following highlighted portions of the

5

SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE
AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No. 3:10-cv-03561 WHA

1158331

Jaffe Opening Report, ECF Nos. 1560-7 & 1560-8, the February 8, 2016 Expert Report of James E. Malackowski ("Malackowski Opening Report"), ECF No. 1560-12, and the Malackowski Reply Report, ECF No. 1560-13, on the grounds that the identified information reflects highly confidential third-party information:

- Jaffe Opening Report:
    - Figure 49 (partner name and third-party revenue information)
    - Exhibit 8 (third-party revenue information)
- Malackowski Opening Report:
    - ¶ 303 (third-party revenue information)
- Malackowski Reply Report
    - ¶ 303 (third-party revenue information)

19. The third-party information discussed in the above passages is subject to the strictest confidentiality requirements. Google does not disclose this information to the public, and public disclosure of this information could severely and adversely impact Google's ability to negotiate with third parties in connection with similar agreements now or in the future. In addition, Google's third-party partners, who are not parties to this litigation, also consider these agreements and their terms to be confidential and commercially sensitive, and that public disclosure of this information to the public would cause competitive harm. Likewise, non-party Apple has separately filed a declaration explaining that it considers this information confidential and commercially sensitive, and that disclosing this information to public would pose a serious risk of competitive harm. *See* Declaration of Leslie Fithian, ECF No. 1439 at ¶¶ 4-6.

20. The Court has previously granted Google's request to seal this type of information relating to third-party agreements. *See* April 19, 2016 Tr. 7:15-17; ECF No. 1541; *see also, e.g.*, ECF No. 1436 (Judge Ryu's Order allowing Google to produce information regarding distribution agreements without identifying the names of partners); Sealing Order at 2:23-26 (granting motion to seal on grounds that identified paragraphs reflect "the terms of third-party business negotiations or deals, which, if revealed, could cause competitive harm"); *see also, e.g.*, *id.* at 3:3-4; *id.* at 3:24-26 (sealing the "percentages and dollar amounts in ¶¶ 269 and 272" of the Jaffe

6
SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No. 3:10-cv-03561 WHA

1158331

report dated February 8, 2016 [ECF No. 1560-7]). In addition, with respect to paragraph 303 of the Malackowski Opening Report, the Court has sealed the same third-party information in Figure 21 (p. 60), which is the figure being quoted in that paragraph. *See* Sealing Order at 3:4-9.

21. Accordingly, Google respectfully requests that the Court seal the highlighted portions of the Jaffe Opening Report, ECF Nos. 1560-7 & 1560-8, Malackowski Opening Report, ECF No. 1560-12, and the Malackowski Reply Report, ECF No. 1560-13, identified above.

22. In the alternative, consistent with the Court's other rulings regarding recent financial information from 2014 and 2015, Google requests that the Court seal, at minimum, the third-party revenue information that relates to 2014 financials in paragraph 303 of the Malackowski Opening Report and the third-party revenue information that relates to 2015 financials in paragraph 303 of the Malackowski Reply Report.

V. **ADDITIONAL REFERENCES TO RECENT (2014-2015) GOOGLE FINANCIAL AND CUSTOMER INFORMATION**

| Sealed Document | ECF No. | Portions Sought To Be Sealed |
|---|---|---|
| Jaffe Opening Report | 1560-7 | ¶ 221 n.299 (2014 revenue information) |
| Malackowski Opening Report | 1560-12 | ¶ 256 (2014 revenue information)<br>¶ 258 (2014 and 2015 revenue information)<br>¶ 260 (2014 revenue information)<br>Figure 36 (2014 revenue information)<br>¶ 284 (2014 revenue information) |
| Malackowski Reply Report | 1560-13 | ¶¶ 93-94 & 98-99 (2015 revenue information) |

23. Google also respectfully requests that the Court seal the highlighted portions of paragraph 284 in the Malackowski Opening Report, ECF No. 1560-12, as it reflects recent (from 2014) and highly-sensitive, non-public information about its users. Google considers the non-public information about its users reflected in this paragraph to be highly sensitive, and public disclosure of this information could have significant negative effects on Google's business and cause competitive harm.

24. In addition, Google requests that the Court seal the percentage figure disclosed in paragraphs 93-94 and 98-99 of the Malackowski Reply Report, ECF No. 1560-13. As the

7
SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE
AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No.  3:10-cv-03561 WHA

1158331

Malackowski Reply Report indicates, this percentage figure "is derived from" 2015 Google financial data and should therefore be sealed along with other financial information from 2015.

25. Similarly, Google also requests that the Court seal the following highlighted portions of the Jaffe Opening Report, ECF Nos. 1560-7, and Malackowski Opening Report, ECF No. 1560-12, on the grounds that the highlighted information quotes, discusses, and/or summarizes recent (*i.e.*, 2014 and 2015) non-public and highly-confidential Google financial information:

- Jaffe Opening Report:
    - ¶ 221 n.299 (dollar figures and percentages reflecting 2014 revenue)
- Malackowski Opening Report:
    - ¶ 256 (dollar figures and percentages reflecting 2014 revenue)
    - ¶ 258 (2014 and 2015 revenue information)
    - ¶ 260 (2014 revenue information)
    - Figure 36 (2014 quarterly revenue information)

26. Google does not publicly allocate revenue to Android separate and apart from Google's general business. Accordingly, Google considers the non-public financial data reflected in this percentage to be highly sensitive, and public disclosure of this information could have significant negative effects on Google's business and cause competitive harm. The Court has sealed similar, if not the same, financial data from 2014 and 2015 elsewhere in the Sealing Order. *See, e.g.*, ECF No. 2076 at 2:27-28, 3:4-13.

27. Accordingly, Google requests that the Court seal the highlighted portions of the Jaffe Opening Report, ECF Nos. 1560-7, Malackowski Opening Report, ECF No. 1560-12, and the Malackowski Reply Report, ECF No. 1560-13, identified above.

## VI. PER-UNIT GROSS MARGIN INFORMATION REFERENCED IN THE OPENING JAFFE REPORT [ECF NO. 1560-7]

| Sealed Document | ECF No. | Portions Sought To Be Sealed |
|---|---|---|
| Jaffe Opening Report | 1560-7 | ¶ 234 n.328 (per-unit profit information) |

8
SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE
AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No.  3:10-cv-03561 WHA

1158331

28. Google also respectfully requests that the Court seal the highlighted portion s of footnote 328 of paragraph 234 in the Jaffe Opening Report, ECF No. 1560-7, as it reflects relatively recent (November 2013), highly-sensitive, and non-public estimates regarding the per-unit gross margin for Android devices.

29. As with revenues, Google does not publicly allocate profits to Android separate and apart from Google's general business.  Accordingly, Google considers the non-public financial data reflected in these per-unit gross margin figures to be highly sensitive.  Disclosure of this information could result in significant competitive harm to Google as it would provide insight to competitors as to the relative profitability of phones and tablets running Android.

30. Accordingly, Google requests that the Court seal the highlighted portion s of footnote 328 of paragraph 234 in the Jaffe Opening Report, ECF No. 1560-7.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 13th day of April, 2017 at Sunnyvale, California.

By: _____
RENNY HWANG

9
SUPP. DECL. OF RENNY HWANG ISO GOOGLE'S ADMIN MOT. TO SEAL MOTIONS IN LIMINE
AND CORRESPONDING EXHIBITS [ECF NO. 1560]
Case No.  3:10-cv-03561 WHA

1158331