KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
CHRISTA M. ANDERSON - # 184325
canderson@keker.com
DANIEL PURCELL - # 191424
dpurcell@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.  3:10-cv-03561 WHA <br><br> **SUPPLEMENTAL DECLARATION OF RENNY HWANG IN SUPPORT OF ORACLE'S ADMINISTRATIVE MOTIONS TO SEAL ORACLE'S OPPOSITIONS TO GOOGLE'S MILS AND CORRESPONDING EXHIBITS [ECF NOS. 1613, 1614]** <br><br> Dept.         Courtroom 8, 19th Fl. <br> Judge:       Hon. William Alsup |

1  I, RENNY HWANG, declare as follows:

2  1. I am an attorney and a Director of Litigation at Google Inc. ("Google"), where I have served as litigation counsel for the last seven years. My job responsibilities include, but are not limited to, supervising our outside counsel in connection with litigation matters (such as this one), as well as familiarizing myself with the areas of Google's businesses and documentation concerning those businesses as they relate to litigation matters under my supervision. I submit this supplemental declaration in support of Oracle's Administrative Motions to Seal Oracle's Oppositions to Google's Motions in Limine and Corresponding Exhibits (the "Sealing Motions"), *see* ECF Nos. 1613 & 1614, pursuant to the Order re Sealing Motions filed by the Court on March 30, 2017 (the "Sealing Order"), *see* ECF No. 2076. This declaration supplements my prior declaration submitted in support of the Sealing Motion. *See* ECF No. 1635. I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

| Sealed Document | ECF No. | Portions Sought To Be Sealed |
|---|---|---|
| Oracle's Opposition to Motion in Limine #6 | 1613-4 | Page 16, lines 8-9, 11, 14-21, 24 (third-party partner names and agreement information) |
| Ex. 17: Excerpts of the deposition transcript of Urs Hoelzle (11/24/2015) | 1614-20 | Page 297, lines 4, 7-12, 14, 16 (third-party partner names and agreement information) |
| Ex. 38: Excerpts of the deposition transcript of Gregory Leonard (3/11/2016) | 1614-41 | Page 98, lines 7, 10, 23 (third-party partner names)<br>Page 99, lines 2, 7, 9, 10, 11, 12-17, 21 (third-party partner names and agreement information)<br>Page 100, lines 6, 7, 14, 16, 20, 23 (third-party partner names)<br>Page 101, lines 4, 7, 19 (third-party partner names) |

2. Having reviewed the materials listed in the Sealing Motions, and the Court's corresponding rulings with respect to these materials in the Sealing Order, Google respectfully

requests[1] that the Court reconsider its rulings as to the following portions of Oracle's Opposition to Google Motion in Limine #6 (ECF No. 1613-4), excerpts of the transcript of the deposition of Urs Hoelzle dated November 24, 2015 (ECF No. 1614-20), and excerpts of the transcript of the deposition of Gregory K. Leonard, Ph.D. dated March 11, 2016 (ECF No. 1614-41):

- **Oracle's Opp. to Google's Motion in Limine #6 (ECF No. 1613-4):**
  - Page 16, lines 8-9, 11, 14-21, 24: contain third-party partner names and third-party agreement terms and details which are not public
- **Ex. 17-excerpt of the Depo. of Urs Hoelzle (ECF No. 1614-20):**
  - Page 297, lines 4, 7-12, 14, 16: contains third-party partner names and third-party agreement terms and details which are not public
- **Ex. 38-excerpt of the Depo. of Gregory K. Leonard, Ph.D. (ECF No. 1614-41):**
  - Page 98, lines 7, 10, 23: contains third-party partner names
  - Page 99, lines 2, 7, 9, 10, 11, 12-17, 21: contains third-party partner names and third-party agreement terms and details which are not public
  - Page 100, lines 6, 7, 14, 16, 20, 23: contains third-party partner names
  - Page 101, lines 4, 7, 19: contains rev third-party partner names

3. The third-party information discussed in the passages above is subject to the strictest confidentiality requirements. Google places strict limits on who has access to this highly-sensitive, non-public information, and public disclosure of this information could severely and adversely impact Google's ability to negotiate, among other things, similar terms with other third parties in connection with similar agreements now or in the future. Google's third-party partners, who are not parties to this litigation, also consider these agreements and their terms to be confidential and commercially sensitive, and that public disclosure of this information to the public would cause competitive harm. For example, one of the third parties with whom Google has entered into agreements, Apple, has separately filed a declaration in this case explaining that

---

[1] Google understands that the Sealing Order directed any party seeking reconsideration of the Court's rulings to file a supplemental declaration, not a noticed motion, because it authorized filing of only the supplemental declaration by today's date. *See* Sealing Order at 7:21-27. If the Court prefers that any request for reconsideration be made through a noticed motion, Google is prepared to promptly prepare and file such a motion at the Court's request.

1  it considers the terms of its agreements with Google to be confidential and commercially
2  sensitive, and that disclosing this information to the public would expose it to a serious risk of
3  competitive harm.  *See* Declaration of Leslie Fithian, ECF No. 1439 at ¶¶ 4-6.

4      4.    The Court has previously granted Google's request to seal the terms of its third-
5  party agreements.  *See* April 19, 2016 Tr. 7:15-17; ECF No. 1541; ECF No. 1436 (Judge Ryu's
6  Order allowing Google to produce information regarding search distribution agreements without
7  identifying the names of partners); Sealing Order at 2:23-26 (granting motion to seal on grounds
8  that identified paragraphs reflect "the terms of third-party business negotiations or deals, which, if
9  revealed, could cause competitive harm"); *see also, e.g.*, *id.* at 3:3-4 (sealing the "percentage and
10 dollar amount in ¶ 118" of the Malackowski report dated January 8, 2016 [ECF No. 1560-12]);
11 *id.* at 3:23-26 (sealing the "percentages and dollar amounts in ¶¶ 269 and 272" of the Jaffe report
12 dated February 8, 2016 [ECF No. 1560-7]).

13     5.    In addition, Google does not publicly allocate revenue to Android separate and
14 apart from Google's general business, nor does Google publicly disclose the specific amounts that
15 its pays to each of its third-party partners.  Accordingly, Google considers the non-public revenue
16 information reflected in the passages above to be highly sensitive, and public disclosure of this
17 information could have significant negative effects on Google's business and cause competitive
18 harm not only to Google but also as to affected third parties.

19     6.    Accordingly, Google respectfully requests that the Court seal the highlighted
20 portions of page 16 of Oracle's Opposition to Google Motion in Limine # 6 (ECF No. 1613-4),
21 the highlighted portions of the transcript of Mr. Hoelzle's deposition (ECF No. 1614-20), and the
22 highlighted portions of the transcript of Dr. Leonard's deposition (ECF No. 1614-41).

23 //
24 //
25 //
26 //
27 //
28 //

3
SUPP. DECL. OF RENNY HWANG ISO ORACLE'S ADMIN MOTS. TO SEAL [ECF NOS. 1613, 1614]
Case No. 3:10-cv-03561 WHA

1158827

1  I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct to the best of my knowledge.
3  Executed this 13th day of April, 2017 at Sunnyvale, California.

By: _____
RENNY HWANG