**EXHIBIT B**

HIGHLY CONFIDENTIAL

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4   ORACLE AMERICA, INC.,
 5        Plaintiff,
 6           vs.              Case No. 3:10-cv-03561-WHA
 7   GOOGLE, INC.,
 8        Defendant.
```

*HIGHLY CONFIDENTIAL*

PURSUANT TO THE PROTECTIVE ORDER

VIDEO DEPOSITION OF JAMES R. KEARL, Ph.D.

San Francisco, California

Wednesday, March 23, 2016

Volume I

REPORTED BY:

REBECCA L. ROMANO, RPR, CSR No. 12546

Job No. CS2276036

HIGHLY CONFIDENTIAL

Page 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE AMERICA, INC.,

    Plaintiff,

    vs.                Case No. 3:10-cv-03561-WHA

GOOGLE, INC.,

    Defendant.

      DEPOSITION OF JAMES R. KEARL, Ph.D.,
taken on behalf of the Defendant, at
633 Battery Street, San Francisco, California,
commencing at 8:38 a.m., Wednesday,
March 23, 2016, before Rebecca L. Romano,
Certified Shorthand Reporter No. 12546

HIGHLY CONFIDENTIAL

Page 3

1                    APPEARANCES OF COUNSEL
2
3    For the Plaintiff:
4        ORRICK, HERRINGTON & SUTCLIFFE, LLP
5        BY:   ANNETTE L. HURST
6        BY:   ROBERT KEELE
7        BY:   ANDREW KIM
8        Attorneys at Law
9        The Orrick Building
10       405 Howard Street
11       San Francisco, California 94105-2669
12       (415) 773-4585
13       ahurst@orrick.com
14       rkeele@orrick.com
15       akim@orrick.com
16
17
18
19
20
21
22
23
24
25   /////

HIGHLY CONFIDENTIAL

Page 4

```
 1         APPEARANCES OF COUNSEL (cont'd)
 2
 3   For the Defendant:
 4        KEKER & VAN NEST LLP
 5        BY:  STEVEN P. RAGLAND
 6        Attorney at Law
 7        633 Battery Street
 8        San Francisco, California 94111
 9        (415) 773-6604
10        sragland@kvn.com
11
12   For James Kearl:
13        FARELLA BRUAN + MARTEL LLP
14        BY:  JOHN L. COOPER
15        Attorney at Law
16        Russ Building
17        235 Montgomery Street
18        San Francisco, California 94104
19        (415) 954-4400
20        jcooper@fbm.com
21
22
23
24
25   /////
```

HIGHLY CONFIDENTIAL

Page 5

1      APPEARANCES (cont'd)
2
3  ALSO PRESENT:
4       Gregory Adams, Ph.D., Charles River Associates
5       Frank Clare, Videographer
6       Susan Kim, In-House Counsel Google
7       Deborah Miller, In-House Counsel Oracle
8       Stephen Rusek, Edgeworth Economics
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  /////

HIGHLY CONFIDENTIAL

Page 6

```
 1                        INDEX
 2   DEPONENT                                  EXAMINATION
 3   JAMES R. KEARL, Ph.D.                          PAGE
     VOLUME I
 4
 5                 BY MR. RAGLAND                 11, 201
 6                 BY MS. HURST                   156, 206
 7
 8
 9
10                        EXHIBITS
11   NUMBER                                         PAGE
12                      DESCRIPTION
13   Exhibit 1580   Expert Report of
14                  Professor James R. Kearl,
15                  (Corrected 3/21/2016);            27
16
17   Exhibit 1581   Appendix C:  Materials
18                  Relied Upon Legal Filings;        68
19
20   Exhibit 1582   Article - Platform Choice by
21                  Mobile App Developers,
22                  5/29/2014;                        70
23
24
25   /////
```

HIGHLY CONFIDENTIAL

Page 7

1                  EXHIBITS (cont'd)

2    NUMBER                                                          PAGE

3                     DESCRIPTION

4    Exhibit 1583   Article - Essays on the
5                   Economics of the Smartphone
6                   and Application Industry,
7                   September 2013;                                   77

8

9    Exhibit 1584   Exhibit 1, Comparison of
10                  Mr. Malackowski's and
11                  Dr. Leonard's Estimates of
12                  Android Traffic Acquisition
13                  Costs (TAC).                                     107

14
15
16
17
18
19
20
21
22
23
24
25   /////

HIGHLY CONFIDENTIAL

Page 8

1  San Francisco, California; Wednesday, March 23, 2016
2                        8:38 a.m.
3                        ---oOo---
4
5           THE VIDEOGRAPHER:  Good morning.  We are
6  on the record at 8:38 a.m. on March 23rd, 2016.
7           This is the video-recorded deposition of
8  Dr. James Kearl.  My name is Frank Clare here with
9  our court reporter, Rebecca Romano.
10          We are here from Veritext Legal Solutions
11 at request of counsel for defendant.
12          This deposition is being held at
13 Keker & Van Nest in San Francisco.
14          The caption of this case is
15 Oracle America, Incorporated, versus
16 Google, Incorporated, Case No. 3:10-cv-03561-WHA.
17          Please note that audio and video
18 recording will take place unless all parties agree
19 to go off the record.  Microphones are sensitive
20 and may pick up whispers, private conversations,
21 and cellular interference.
22          I am not related to any party in this
23 action, nor am I financially interested in the
24 outcome in any way.
25          At this time, will counsel please

HIGHLY CONFIDENTIAL

Page 206

1  one quick follow-up.
2           FURTHER EXAMINATION
3  BY MS. HURST:
4       Q.   You've talked about an output produced by
5  complements.
6            Does that sometime involve the
7  possibility that two inputs will create synergies
8  that is more than the sum of their parts?
9       A.   Sure.
10      Q.   And so, for example, if you have input J
11 and input A, and the resulting product is J plus A,
12 plus synergies, then by combining the two inputs
13 you've created more value --
14           MR. RAGLAND:  Objection to form.
15      Q.   (By Ms. Hurst)  -- is that right?
16      A.   Correct.
17      Q.   Is it true that the use of non-infringing
18 alternatives allows the infringer to retain the
19 value of the synergies, under those circumstances?
20           MR. RAGLAND:  Objection to form.
21           THE DEPONENT:  That's a -- an interesting
22 question.
23           The -- the fundamental problem is that if
24 you have synergies, they're attributed to the
25 jointness and, therefore, you can't parcel out the

1  contribution of any single thing to the synergy, at
2  least not easily.  The -- and to the degree that a
3  counterfactual -- claim to do that, then it
4  would -- you know, then -- then it would be
5  claiming too much.
6          It's -- it's a hard question because it's
7  unclear what -- what the -- the counterfactual
8  implies about -- about the synergy.
9          I don't have anything else to say from
10 that.
11         MS. HURST:  Let me ask one follow-up.
12    Q.  (By Ms. Hurst)  Is there anything about
13 Dr. Leonard's use of the Kim model that attempts to
14 account for and allocate synergies as between the
15 input Java and the rest of the -- the Android
16 platform?
17         MR. RAGLAND:  Objection to form.
18         THE DEPONENT:  No.
19         MS. HURST:  No further questions.
20         MR. COOPER:  Okay.  For clarity, I take
21 it the deposition is over?
22         MS. HURST:  From my perspective, you bet.
23         MR. COOPER:  Okay.
24         MR. RAGLAND:  That is correct.
25         MR. COOPER:  Okay.  Thank you.

HIGHLY CONFIDENTIAL

Page 208

1  THE VIDEOGRAPHER: This concludes the
2  testimony given by Dr. James Kearl. The three
3  original discs will be retained by Veritext. We're
4  off the record at 3:23 p.m.
5  (TIME NOTED: 3:23 p.m.)
6
7
8
9  ---o0o---
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1  I, Rebecca L. Romano, a Certified Shorthand
2  Reporter of the State of California, do hereby certify:
3  That the foregoing proceedings were taken before me
4  at the time and place herein set forth; that any
5  witnesses in the foregoing proceedings, prior to
6  testifying, were administered an oath; that a record of
7  the proceedings was made by me using machine shorthand
8  which was thereafter transcribed under my direction;
9  that the foregoing transcript is true record of the
10 testimony given.
11 Further, that if the foregoing pertains to the
12 original transcript of a deposition in a Federal Case,
13 before completion of the proceedings, review of the
14 transcript [ ] was [X] was not requested.
15 I further certify I am neither financially
16 interested in the action nor a relative or employee of
17 any attorney or any party to this action.
18 IN WITNESS WHEREOF, I have this date subscribed my
19 name.
20
21 Dated: March 24, 2016
22
23  *(signature)*
    Rebecca L. Romano, RPR,
24  CSR. No 12546
25