JOHN L. COOPER  (State Bar No. 050324)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor, San Francisco, CA 94104
Tel: 415.954.4400 / Fax: 415.954.4480
jcooper@fbm.com

Attorneys for Rule 706 Expert, James R. Kearl

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. ) | Case No. C 10-03561-WHA |
| ) | |
| Plaintiff, ) | **RESPONSE OF DR. JAMES R.** |
| ) | **KEARL, RULE 706 EXPERT, TO** |
| ) | **ORACLE'S RESPONSE TO** |
| v. ) | **GOOGLE'S MOTION TO STRIKE** |
| ) | **TESTIMONY OF JAMES R.** |
| GOOGLE, INC. ) | **KEARL** |
| ) | |
| Defendant. ) | Date: April 27, 2016 at 8:00 am |
| ) | Dept.: Courtroom 8, 19th Floor |
| | Judge: Honorable William H. Alsup |

Filed: April 13, 2016

*Response of Dr. James R. Kearl, Rule 706 Expert, to Oracle's Response to*
*Google's Motion to Strike Testimony of James R. Kearl*                April 13, 2016

---

I file this reply to Oracle's Response to Google's Motion to Strike Testimony of James R. Kearl dated April 8, 2016 only for the purpose of clarifying the record.

In its motion, Oracle characterizes what it calls the "Third Way" where I provide two disgorgement damages numbers, $2.08 billion and $3.51 billion. Oracle suggests that both numbers rely on Dr. Shugan's conjoint study, which was introduced in the earlier phase of this litigation.[1] Oracle is incorrect. The lower number ($2.08 billion) relies on Shugan's analysis, but the larger number ($3.51 billion) does not rely on Shugan at all, nor does it rely on anything else from the first phase of this litigation.[2] Rather it is based on my use of an approach taken by Dr. Leonard in this phase of the litigation.[3]

Oracle also suggests that my opinion with regard to another number ($7.7 billion) implies that my damages could be larger than those estimated by Oracle's expert, Mr. Malackowski.[4] This is incorrect. The number in question ($7.7 billion) is derived from a meth-

---

[1] Oracle's Response to Google's Motion to Strike Testimony of James R. Kearl, April 8, 2016 (Dkt. 1625-3), p. 1: "Prof. Kearl's third number—in the middle—is a $2.08-$3.51 billion range based on opinions this Court previously excluded as unreliable or legally improper, from a witness whom no one expects to testify (Dr. Shugan), and which both sides seek now to exclude."

[2] Expert Report of Professor James R. Kearl, corrected March 21, 2016 (Exhibit A to Declaration of Dr. James R. Kearl in Support of Response of Dr. James R. Kearl, Rule 706 Expert, to Oracle's Response to Google's Motion to Strike Testimony of Dr. James R. Kearl), ¶ 72: "In the previous phase of this litigation, Professor Cockburn estimated that the decrease in market share of a version of Android that did not use the 37 Java APIs would range from 8% to 19%. This conclusion was based on a conjoint analysis by Dr. Shugan, wherein he tested the decrease in willingness to pay by smartphone consumers when the number of apps decreased from 100,000 to 40,000 and 6,000. Dr. Cox adopted a mid-point of Professor Cockburn's estimates and assumed for his opinions that the reduction in market share that a non-infringing Android would experience was 13.55%."

[3] Google has opposed my use of Dr. Leonard's approach, but its opposition is not based on my use of Shugan.

[4] Oracle's Response to Google's Motion to Strike Testimony of James R. Kearl, April 8, 2016 (Dkt. 1625-3), p. 2: "Prof. Kearl's Oracle Number is consistent with Oracle's $8.8 billion, and is in fact much larger than Oracle's $8.8 billion if the Court excludes his improper use of NIAs. Presumably Rule 706 experts do not often offer a number larger than the Plaintiff intends to offer."

---

*Response of Dr. James R. Kearl, Rule 706 Expert, to Oracle's Response to*  
*Google's Motion to Strike Testimony of James R. Kearl*                                           April 13, 2016

odology outlined by Dr. Leonard, Google's expert, and is smaller than Mr. Malackowski's disgorgement damages of $8.8 billion.[5] If Dr. Leonard's methodology or assumptions upon which I rely (in part) to derive this number, are stricken, then the $7.7 number is irrelevant and not a starting point for some other analysis.

Respectfully submitted this 13th day of April, 2016

*/s/ James R. Kearl*
_____
J.R. Kearl

---

[5] Expert Report of Professor James R. Kearl, corrected March 21, 2016 (Exhibit B to Declaration of Dr. James R. Kearl in Support of Response of Dr. James R. Kearl, Rule 706 Expert, to Oracle's Response to Google's Motion to Strike Testimony of Dr. James R. Kearl), ¶ 78: " Dr. Leonard does not explicitly consider this non-infringing alternative in his disgorgement alternatives, although he does calculate the difference in Actual Google Profit (with Android) and But-For Google profit (without Android) in his Exhibit 1a.3. He concludes that the incremental profit that Google has received, from having Android, is $7.7 billion."