KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

KING & SPALDING  LLP
BRUCE W. BABER (pro hac vice)
bbaber@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 556-2100
Facsimile:      (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>     Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**GOOGLE'S RESPONSE TO REQUEST FOR BRIEFING RE ADMISSIBILITY OF PRIOR STATEMENTS IN CASE**<br><br>Hearing:     April 27, 2016<br>Dept.           Courtroom 8, 19th Fl.<br>Judge:        Hon. William Alsup |

## I.  INTRODUCTION

The Court has requested briefing on three issues: (1) "whether 'findings' relied upon by an appellate court to reverse constitute 'law' of the case upon remand to the district court"; (2) "whether if some fact appears 'undisputed' to the appellate court and is relied upon by that court for a reversal, the losing party on remand is thereby estopped to dispute the item"; and (3) "should prior factual statements of counsel be admitted in evidence (before the jury) to contradict factual arguments the same counsel later make to the jury."  ECF 1719.

Google respectfully suggests that, in this case and on this record, the answer to all three questions is no.  As to the first two issues, the Federal Circuit clearly remanded the fair use issue with a clean evidentiary slate.  The Federal Circuit stated "***neither the jury nor the district court made findings of fact*** to which we can refer in assessing the question of whether Google's use of the API packages at issue was a 'fair use' within the meaning of Section 107."  *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1373 (Fed. Cir. 2014) (emphasis added).  The Federal Circuit also acknowledged that "where there are material facts in dispute and those facts have not yet been resolved by the trier of fact, appellate courts *may not make findings of fact in the first instance*."  *Id.* (emphasis added).  The Federal Circuit declined to rule on fair use as a matter of law precisely because the material facts relating to fair use were in dispute and a reasonable jury could find in favor of either party.  The Federal Circuit, in short, not only made no factual findings on fair use—binding or otherwise—it expressly recognized that it would be improper for it to do so.

As to the Court's third question about the admissibility of counsel's statements, Google believes the issue is very unlikely to arise in this case.  Oracle has stated that it may seek to admit as evidence before the jury certain of Mr. Van Nest's responses to questions from the Federal Circuit about commercial use (and apparently the questions themselves), but Google has already made clear that it will ***not*** dispute that its use of the declarations/SSO of the APIs was commercial in nature.  *See* ECF 1709 at 11.  Therefore, there is no need to address the admissibility of counsel's statements.  Should the Court nonetheless reach the issue, Google is not aware of any cases in which an attorney's statements made in the course of the proceedings have been admitted as substantive factual evidence in those proceedings before a jury.  This is for good reason.  In the

1
GOOGLE'S RESPONSE TO REQUEST FOR BRIEFING RE ADMISSIBILITY OF PRIOR STATEMENTS
Case No.  3:10-cv-03561 WHA

words of the Ninth Circuit's Model Jury Instructions, "[a]rguments and statements by lawyers are not evidence." Model Jury Instruction 1.7(1). Any erosion of this fundamental distinction between advocate and witness would upend the normal rules of evidence, risk considerable juror confusion, and open the door to a potentially wide range of prior statements by counsel.

## II.   FEDERAL CIRCUIT STATEMENTS ARE NOT LAW OF THE CASE AND DO NOT ESTOP THE PARTIES FROM DISPUTING THEM

The Federal Circuit considered Oracle's request that it rule as a matter of law on Google's fair use defense, and concluded that it could not do so because "the trier of fact" had not yet resolved the issue of fair use. *Oracle Am.*, 750 F.3d at 1373. The court further recognized that the question of whether "Google's copying constituted infringement of a copyrighted work is '*distinct and separable*' from the question whether Google can establish a fair use defense to its copying." *Id.* at 1377, n.17 (emphasis added). Accordingly, the Federal Circuit directed that its copyrightability analysis be treated as separate from its analysis of fair use.

As discussed below, with one exception, Google is willing to stipulate to this Court's "Proposed Instructions re Factoids from Court of Appeals Opinion," ECF 1711, as long as presentation of those factoids will not preclude the parties from introducing additional evidence on topics related to the factoids. But Google submits that any further reference to the appellate proceedings would be improper, and might require an explanation to the jury of this case's long procedural history.

### A.   The Federal Circuit expressly stated there were no factual findings before it regarding fair use, and that the copyrightability and fair use analyses are distinct.

As noted above, this retrial is necessary because the trier of fact had not resolved the fair use issue, the facts relevant to fair use were in dispute, and the appellate court could neither make factual findings nor rule on fair use as a matter of law based on the record developed in the first trial. As the Federal Circuit observed, "due respect for the limit of our appellate function requires" a remand for the trier of fact, in the first instance, to resolve the disputed issues. *Oracle Am.*, 750 F.3d at 1376. The Federal Circuit did not resolve Google's fair use defense because the facts: (1) were in dispute; (2) had not been resolved by the trier of fact; and (3) could support a

conclusion by the trier of fact in favor of either party, as this Court also found when it denied Oracle's motion for judgment as a matter of law on fair use after the first trial.  *See* ECF 1119.

More specifically, the Federal Circuit considered all four fair use factors individually, and determined that it could not resolve any of them as a matter of law.  *See Oracle Am.*, 750 F.3d at 1374-77.  The court did state that "it is undisputed that Google's use of the API packages is commercial," *id.* at 1376, and **Google does not intend to dispute that at trial**.   But the Federal Circuit recognized that this was not sufficient to resolve the first factor.  Indeed, it explained that the "more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use."  *Id.* at 1375 (quoting *Campbell v. Acuff–Rose Music, Inc.,* 510 U.S. 569, 579 (1994)).  Similarly, the Federal Circuit stated that "Sun/Oracle has never successfully developed its own smartphone platform using Java," *id.* at 1350, which supports Google's argument that its use of the APIs in Android was transformative and that Android did not harm the market for Java SE.  But the Federal Circuit nevertheless could not resolve the first or fourth factor.  The Federal Circuit ultimately concluded that "this is not a case in which the record contains sufficient factual findings upon which we could base a de novo assessment of Google's affirmative defense of fair use."  *Id.*[1]

The Federal Circuit not only declined to determine any fair use issues as a matter of law, it also emphasized the separateness of the copyrightability and fair use inquiries in this case.  The Court explained that "[t]he question of whether Google's copying constituted infringement of a copyrighted work is '*distinct and separable*' from the question of whether Google can establish a fair use defense to its copying."  *Id*. at 1377 n.17 (emphasis added).  "Indeed, we have emphasized more than once in this opinion the extent to which the questions are separable, and the confusion and error caused when they are blurred."  *Id.*  Accordingly, any importation of the

---

[1] Without a jury decision on fair use, it is no surprise that the Federal Circuit refused to resolve the issue.  "Appellate courts review district court judgments; [they] do not find facts."  *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir. 2008); *see also Shawmut Bank, N.A. v. Kress Associates*, 33 F.3d 1477, 1504 (9th Cir. 1994) (Ninth Circuit "must avoid finding facts in the first instance").

Federal Circuit's copyrightability analysis into the fair use retrial would contravene the Federal Circuit's clear direction, and risk unnecessary "confusion and error."

The Federal Circuit's guidance is consistent with the law of the case doctrine. "The law of the case doctrine is limited to issues that were *actually decided*, either explicitly or by necessary implication, in the earlier litigation." *Ford Motor Co. v. United States*, 809 F.3d 1320, 1324 (Fed. Cir. 2016) (emphasis added); *see also Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) ("For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." (alterations omitted)). Here, the Federal Circuit did not decide the issue of fair use, or rule on any of the fair use factors or the facts relevant to them. Accordingly, the law of the case based on the Federal Circuit's opinion is limited to the court's analysis of the applicable fair use legal principles, and does not include any binding factual findings.

In sum, as the Federal Circuit explicitly stated, the facts needed to resolve the issue of fair use have not yet been determined and cannot be treated as undisputed. There is no law of the case constraining the jury's ability to decide the fair use issue, and any "findings" on which the appeals court relied in its copyrightability analysis should not be used with respect to the separate question of fair use.

**B.     Google agrees to the Court's reading of three of the stipulated facts laid out in ECF 1711, but that should not preclude the parties from offering evidence on these topics.**

On April 21, 2016, the Court issued an order entitled "Proposed Instructions re Factoids from Court of Appeals Opinion." ECF 1711. The Court laid out quotations from the Federal Circuit decision and asked the parties to agree to the reading of these four even-handed "factoids." Google agrees to the reading of three of the factoids, as long as the quotations do not serve as a basis to exclude other relevant evidence on those issues. Google does not agree to the reading of the first sentence of the factoid "Oracle licensed Java ME for use on feature phones and smartphones. Sun/Oracle has never successfully developed its own smartphone platform using Java." This first sentence standing alone may be misleading because it says nothing about what was licensed or for what purpose. Google believes the evidence shows that Java ME was

4

never licensed for use in a modern smartphone, and indeed, Java ME lacks the capability to support such a use. For example, when asked if Java ME provides the features and functionality needed for a modern smartphone, Oracle employee Henrik Stahl testified, "No, I believe that the logical choice for a modern phone would be to adopt Java SE from a technology perspective." Mar. 31, 2016 Stahl Tr. 59:13-19. The first sentence also gives Oracle an additional factoid, making the proposal less even-handed. Google does agree to the reading of the second sentence in this factoid.

If any of these factoids are provided to the jury, the parties should still be allowed to present evidence related to any topics addressed by the factoids. Such evidence may be highly relevant to the four fair use factors. For example, Google may wish to offer evidence regarding the extent of Sun/Oracle's attempts to develop a smartphone as part of Google's case on market harm, notwithstanding the factoid that "Sun/Oracle has never successfully developed its own smartphone platform using Java." ECF 1711. Similarly, although Google will not dispute the commercial nature of its use of the declarations/SSO of the 37 Java SE APIs, ECF 1709, Google intends to offer evidence that Android is free and open source and was created as part of the Open Handset Alliance (among other evidence) to show that Google's use is transformative, and that such transformative use outweighs any commercial nature of the use. Likewise, while Google will not dispute that the Android platform is not compatible with any specific Java platform, ECF 1711, Google intends to offer evidence that its use of the declarations/SSO of the APIs helped Android to achieve a degree of compatibility and interoperability with the Java language. *See Oracle Am.*, 750 F.3d at 1371-72. Google does not interpret the "factoid" stipulation requested by the Court to preclude such evidence, and Google does not stipulate to forego presenting such evidence. Indeed, that is how the Court resolved the parties' requests to "deem" facts in the first trial. *See* ECF 938 (jury will be advised that they "may consider the admission as evidence along with all other evidence at trial" and that "admissions are not conclusive.").

**C.    Any further use of the appellate record could lead to discussion of the procedural record before the jury.**

Google respectfully submits that any further reliance on the appellate record may unnecessarily complicate the trial by injecting the prior proceedings.  As stated in the Joint [Proposed] Pretrial Order, the "parties agree that the Court need not and should not inform the jury regarding the procedural history of the case. … The parties also agree that they will not present evidence or argument regarding the prior trial or appeal unless and until either party opens the door to such evidence or argument, and after prior clearance with the Court."  ECF 1709 at 7.  The parties further have agreed that any trial testimony shall be referred to as "prior sworn testimony" so as to avoid reference to the prior trial.  *Id.*  If the parties are permitted to challenge the evidence in this trial as somehow in conflict with the Federal Circuit's decision, it seems all but inevitable that the jury will learn of the prior proceedings.

Google believes that it would be difficult for the Court to handle such objections while insulating the jury from the case's complicated procedural history.  For example, suppose that Oracle intended to object to testimony from a witness by citing to the *dicta* in the Federal Circuit opinion.  It would be difficult to handle that objection without discussion of the prior proceedings (or at least without significant interruption of the trial).  Given that the Federal Circuit did not make factual findings on fair use, there is no reason to subject the jury to such a sideshow.

**III.    PRIOR FACTUAL STATEMENTS OF COUNSEL SHOULD NOT BE ADMITTED INTO EVIDENCE FOR ANY PURPOSE.**

The Court also asks whether "prior factual statements of counsel" should be admitted in evidence.  The answer is no, for two reasons.  First, there will be no need to do so, and, second, it would be legally impermissible.  In the plain words of the Ninth Circuit's Model Jury Instructions, "[a]rguments and statements by lawyers are not evidence."  Instruction 1.7(1).

**A.    There is no imminent problem because Google will not dispute the commercial nature of its use.**

In the Parties' Joint Proposed Pretrial Order, Oracle threatens that if the Court does not instruct the jury on the commercial nature of Google's use of the SSO/declarations, Oracle will seek to present evidence of Google's counsel's statements about commerciality.  ECF 1709 at 7-

9.  But Google has confirmed that it will *not* dispute the commercial nature of its use of the declarations and SSO.  *See id.* at 11 ("Google does not intend to dispute commerciality at trial.").  Accordingly, Google respectfully suggests that there is no problem requiring a solution here.  Because Google will not dispute the commercial nature of its use of the APIs, there is no reason for Oracle to introduce into evidence the Federal Circuit's question and Mr. Van Nest's statement during the oral argument, and no cause for concern that counsel will not keep "their word."

### B. Counsel's statements are not evidence.

Putting aside the improbability that the issue will arise, counsels' prior statements should not, as a general matter, be introduced into evidence.  Juries in the Ninth Circuit are instructed:

> *Arguments and statements by lawyers are not evidence*. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is *not evidence*. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Model Civil Jury Instruction 1.7, "What is Not Evidence" at 1.7(1) (emphasis added).

If counsel's statements are admitted into evidence in this case, the potential for significant juror confusion is obvious.  On the one hand, a juror knows that counsel's statements about issues in the case have been admitted into evidence.  On the other hand, the Court has instructed that counsel's statements are not evidence.  The juror will have to distinguish the statements that have been admitted into evidence from all of counsels' other statements made in the course of the trial.

Oracle's argument that it can offer Google's counsel's statements into evidence under Federal Rules of Evidence 801(d)(2)(C) and (D), *see* ECF No. 1709 at 8-9, is both radical and wrong.  Oracle has cited no authority for the proposition that counsel's statements made during oral argument are admissible evidence in subsequent stages of those same proceedings, and the cases Oracle cites are entirely off point.  In *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998), the Court considered an attorney's *declaration* submitted in connection with an ineffective assistance habeas claim.  In *Peace & Freedom Party v. Bowen*, 912 F. Supp. 2d 905, 907 (E.D. Cal. 2012), the Court took judicial notice of a letter from the plaintiff's campaign attorney about the age of a candidate.  In *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 2011 U.S. Dist. LEXIS 126844, *14-16 (N.D. Cal. 2011), the Court denied a motion in limine to exclude potentially

conflicting statements made by the patent prosecution attorney to the USPTO about prior art. Finally *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 71 (2d Cir. 2006), does not even involve an attorney's statement. None of these cases support Oracle's extreme contention that counsel's statements at argument in these proceedings constitute admissible evidence.

### C. Counsels' statements at oral argument are not judicial admissions.

Mr. Van Nest's statements in response to the Federal Circuit's questions are not judicial admissions. Judicial admissions "are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *See* 2 McCormick On Evid. § 254 (7th ed. 2013). Judicial admissions are generally limited to statements in pleadings to ensure that the statements are "unequivocal" and "deliberate, clear and unambiguous." 30B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 7026 (2014 ed.); *see also Daul v. PPM Energy, Inc.*, 267 F.R.D. 641, 649 (D. Or. 2010), *aff'd,* 444 F. App'x 147 (9th Cir. 2011) (statement made at status conference but not contained in brief is not a judicial admission).

The cases Oracle cites all involve *written* statements, not oral advocacy, and are therefore inapposite. Both *United States v. Crawford* and *Hilao v. Estate of Marcos* involved concessions made in ***briefing***, and then reiterated in oral argument—not made only at oral argument, as is the case here. *See United States v. Crawford*, 372 F.3d 1048, 1055 (9th Cir. 2004); *Hilao v. Estate of Marcos*, 393 F.3d 987, 992-93 (9th Cir. 2004). *United States v. Davis*, 332 F.3d 1163, 1168 (9th Cir. 2003), involved "factual stipulations in a ***trial brief***." *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 752 (9th Cir. 2001), involved "***papers*** before the district court" (emphases added). The Court also asked for adverse authority, and Google has identified *In re Adamson Apparel, Inc.*, 785 F.3d 1285, 1294 (9th Cir. 2015), in which the Ninth Circuit stated it has "every right" to treat concessions at oral argument as binding. But even in that case, the Court requested supplemental briefing before recognizing any admissions. *Id.* Moreover, here, the Federal Circuit did ***not*** rely on any statements at oral argument, but rather remanded for a re-trial on all fair use factors.

Moreover, even if Google's counsel's responses to questions in oral argument were judicial admissions (which they are not), they would not be admissible evidence for the jury at

8
GOOGLE'S RESPONSE TO REQUEST FOR BRIEFING RE ADMISSIBILITY OF PRIOR STATEMENTS
Case No. 3:10-cv-03561 WHA

1054214

trial.  "***Judicial admissions are not evidence at all*** but rather have the effect of withdrawing a fact from contention." 30B Wright & Miller § 7026 (emphasis added).  In other words, the purpose of judicial admissions is to obviate the need to present evidence on an issue by removing that fact from dispute.  Here, as noted above, Google does not intend to dispute commerciality.  It would be unprecedented and improper for a trial counsel's statement in oral argument about what may be in dispute to be admitted as substantive evidence in a subsequent jury trial, particularly where, as here, that issue is not even in dispute.

>   **D.    Admitting counsel's prior statements will inject significant and avoidable complexity.**

Finally, counsel's statements also should not be admitted because of the procedural complexity that will ensue.  This case has been proceeding for years, and the parties through their counsel have said and written many things regarding many issues.  If the door is open to use of counsels' prior statements as evidence, the parties should not be limited to Mr. Van Nest's statements at appellate oral argument, but rather must be permitted to introduce evidence of any possibly contradictory argument.  For example, in a motion in limine filed before the first trial regarding the "Lindholm email," Oracle argued that Mr. Lindholm's email referred to the "the patents-in-suit."  ECF 502.  Specifically, Oracle wrote, "On July 20, 2010, Oracle informed Google that Android infringed the seven specific patents at issue in this lawsuit. … Thereafter at the direction of Google founders Larry Page and Sergey Brin, Google engineer Tim Lindholm investigated the technical ***alternatives that Google had to those Java patents***."  *Id.* at 1 (emphasis added).  Now, however, Oracle wishes to argue that Mr. Lindholm was actually concerned with copyright issues.  *See* Apr. 19, 2016 Hearing Tr. 171:16-17 (Ms. Hurst: "He didn't conduct a patent infringement analysis. That only leaves one thing. This is about copyright.").  If prior statements are admissible, Google may seek to enter Oracle's MIL into evidence, and may need to scour the lengthy record for other statements that could help its case with the jury.[2]

---

[2] As a separate matter, Google preserves its argument that if Oracle opens the door on Mr. Lindholm's email, Google should be able to tell the jury about the contemporaneous negotiations over threatened patent litigation.  *See* ECF 1555 (Google's MIL No. 5).  A witness should be able to explain the context of an email he wrote.  Also, regardless of what may be entered into evidence, Google reserves its right to seek to introduce Oracle's MIL as a judicial admission.

Allowing either party to present such statements as "evidence" will give rise to additional problems.  First, allowing into evidence counsel's statements will undo the parties' aforementioned agreement not to reference the prior proceedings.  ECF 1709 at 7.  The parties agreed not to discuss the proceedings to avoid the prospect of a confusing detour into the case's backstory.  Oracle claims it can reference "these statements only as prior attorney admissions on behalf of Google, and will avoid specifically referencing the Federal Circuit proceedings" and that the Court "can fashion an appropriate explanation without going into the details of the Federal Circuit proceedings in the case."  ECF 1709 at 9.  Google does not see how this can be accomplished fairly or easily.  Counsels' prior statements given in a vacuum would be highly misleading.  Depending on the statement, the necessary context could extend all the way to the first trial, the hung jury, the Court's order on copyrightability, and the Federal Circuit's decision.

Second, the possibility of using counsel's statements will create an unorthodox strategic option.  The parties will be incentivized to mine the record when they should be presenting their evidence to the jury for fact finding.[3]  The Court has established strict limits on trial time.  Surely the jurors' time will be better spent listening to witnesses with first-hand knowledge, rather than to counsel's prior characterizations of the evidence.

## IV.     CONCLUSION

Google respectfully submits that the Federal Circuit made no factual findings relating to fair use that are binding on the jury, that no party is estopped from arguing about any "facts" that the Federal Circuit may have relied upon in reaching its decision on the separate issue of copyrightability, and that prior statements by either party's counsel should not be admitted into evidence before the jury in this trial.

---

[3] Google also submits that if the Court does allow in prior inconsistent statements from counsel, the standard should not be different if a party has changed counsel.  Any "admission" would have been made on behalf of a party, not the particular attorney.  *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (judicial admissions are "binding on the *party* who made them" (emphasis added)).

Dated: April 25, 2016                                   KEKER & VAN NEST LLP

                                          By:   /s/ Robert A. Van Nest
                                                 ROBERT A. VAN NEST
                                                 CHRISTA M. ANDERSON
                                                 DANIEL PURCELL

                                                 Attorneys for Defendant
                                                 GOOGLE INC.