# EXHIBIT 7

Highly Confidential — Attorneys' Eyes Only

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |  |
|---|---|---|
| _____ | ) | |
| ORACLE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV 10-03561 WHA |
| | ) | |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**HIGHLY CONFIDENTIAL**

**REBUTTAL EXPERT REPORT OF DR. GREGORY K. LEONARD**

Highly Confidential — Attorneys' Eyes Only

**Contents**

Contents ................................................................................................................... 1

I.      Qualifications ................................................................................................. 2

II.     Assignment and Materials Considered ............................................................. 2

III.    Summary of Opinions ..................................................................................... 2

IV.     There is No Single "Java Platform," and the Copyrighted Work Asserted in This Case
        is Part of the Java SE Platform, not the Java ME Platform .................................. 4

V.      Java ME Is Not a Substitute For Android ........................................................... 5

VI.     Java SE is Not a Substitute For Android .......................................................... 10

VII.    Google's Use of the Copyrighted Material Asserted in this Case Was Transformative ... 12

VIII.   Google's Use of the Copyrighted Material Asserted in this Case Did Not Harm the
        Market for Java SE, the Copyrighted Work at Issue Here ................................... 14

IX.     Other Points ................................................................................................ 15

**Highly Confidential — Attorneys' Eyes Only**

30.    I also disagree with Dr. Jaffe's reliance on Dr. Kemerer's conclusions with regard to the supposed stability that the 37 Java SE packages provided to Android.[38]  Dr. Kemerer first offered this stability analysis in his January 8, 2016 Opening Report and repeats that analysis in his February 8, 2016 Rebuttal Report.  As previously explained in the Leonard Report, I disagree with Dr. Kemerer's analysis and conclusions for the reasons explained in the Leonard Report, including ¶ 98.

31.    Dr. Jaffe, like Mr. Malackowski, claims that Google had a limited window of opportunity to launch Android.[39]  However, he bases this claim entirely on anecdotal statements by Google employees, while conducting no analysis of the issue and failing to identify the beginning, ending, or duration of the claimed window.  Dr. Jaffe also ignores numerous facts that contradict his claim, including that Google could have avoided infringement without incurring any delay;[40] that Blackberry was introduced before Android, used the Java ME applications platform, and yet was a failure;[41] and that Android was actually a relative late-comer to the smartphone market, with only one lower-end phone released by the end of 2008 and higher-end models coming out only in late 2009, yet has grown into the most successful smartphone platform in the world in terms of unit sales.  Similarly, Dr. Jaffe argues that Google's use of the declaring code and SSO of the 37 API packages was "commercial" because they were "essential" for Android's success.[42]  This statement begs the question and is also incorrect.  As discussed above and in the Leonard Report, the allegedly infringed works were not "essential" to the success of Android because they were a small part of Android and Google could have avoided using them altogether, by taking a license under OpenJDK or adopting a different programming language, such as C/C++.

---

[38]   Jaffe Report ¶ 217 (citing Kemerer Opening Report (Jan. 8, 2016) ¶¶ 33-35, 39).

[39]   Jaffe Report ¶¶ 21, 147, 196, 200.

[40]   Leonard Report ¶ 175-181, 270

[41]   Leonard Report ¶ 121-122.

[42]   Jaffe Report ¶ 212 (heading).

Highly Confidential — Attorneys' Eyes Only

_____
Gregory K. Leonard
February 29, 2016