ORRICK, HERRINGTON & SUTCLIFFE LLP
KAREN G. JOHNSON-MCKEWAN # 121570
kjohnson-mckewan@orrick.com
ANNETTE L. HURST # 148738
ahurst@orrick.com
405 Howard Street
San Francisco, California  94105-2669
Tel:     (415) 773-5700
Fax:     (415) 773-5759

PETER A. BICKS (*pro hac* vice)
pbicks@orrick.com
LISA T. SIMPSON (*pro hac* vice)
lsimpson@orrick.com
51 West 52nd Street
New York, New York  10019-6142
Tel:     (212) 506-5000
Fax:     (212) 506-5151

ORACLE CORPORATION
DORIAN DALEY # 129049
dorian.daley@oracle.com
DEBORAH K. MILLER # 95527
deborah.miller@oracle.com
MATTHEW M. SARBORARIA # 211600
matthew.sarboraria@oracle.com
ANDREW C. TEMKIN # 199779
Andrew.temkin@oracle.com
500 Oracle Parkway
Redwood City, California 94065
Tel:     (650) 506-5200
Fax:     (650) 506-7117

*Attorneys for Plaintiff*
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>                     Plaintiff,<br><br>       v.<br><br>GOOGLE INC.,<br><br>                     Defendant. | Case No.  3:10-cv-03561 WHA<br><br>**PLAINTIFF'S OBEJCTION TO DEFENDANT'S NOTICE RE EXPERT WITNESS CHANGE OF AFFILIATION** |

1    Oracle America, Inc. ("Oracle") submits this Objection to the Notice re Expert Witness Change of Affiliation (the "Notice") filed by Defendant Google LLC ("Google") on November 25, 2019 (Dkt. 2143).  The Notice informed Oracle and the Court that Google's expert witness Dr. Gregory K. Leonard intended to affiliate with Charles River Associates ("CRA"), the same firm with which Dr. James R. Kearl, the FED. R. EVID. 706 expert appointed by the Court, is affiliated.  Google did not bring this matter to Oracle's attention before filing the Notice, and the ECF notice of filing was the first time that Oracle learned that Dr. Leonard would join CRA.  Oracle objects to Dr. Leonard's continued involvement in this matter.

Given the Court's retention of Dr. Kearl and thereby CRA, CRA is serving as an agent of the Court.  The shared affiliation of Google's witness and the Court's agent is highly prejudicial to Oracle and leads to an appearance of bias.  At a minimum, the affiliation suggests to the jury and the public that Dr. Kearl is not truly independent.  At worst, it suggests that Google and the Court are aligned.  Additionally, Google's payment of fees and expenses to CRA for work performed by Dr. Leonard and his team would constitute payments by one of the parties to an agent of the Court.  Such payments would appear to be grossly improper.

The Court has already established strict rules for communications between Dr. Kearl, his assistants and the parties.  "Neither party may make *ex parte* substantive communications with [Dr. Kearl's attorney John L. Cooper], Dr. Kearl, or his assistants, including communications regarding Dr. Kearl's role in the case, any witness or expert testimony, or any expert reports." (Dkt. No. 1395, ¶6)  All written and verbal communications between Dr. Kearl, his assistants or his attorney must include at least one attorney of record from each side.  *Id.*  Indeed, Dr. Kearl and his assistants are forbidden from communicating directly with the parties, instead all communications must be conducted through Attorney Cooper. (Dkt. No. 1395, ¶11).  These strict requirements, akin to an ethical wall, were imposed when there was no affiliation between Dr. Kearl and any party expert.  Now that Dr. Leonard has chosen to affiliate with CRA, even these requirements are insufficient to protect Oracle's interests.  An ethical wall, as proposed by Google, cannot cure this impropriety.  Having both expert economist teams housed within the same firm presents numerous opportunities for improper sharing of information that a wall likely

cannot guard against in this case.  Regardless, a wall cannot cure the appearance of impropriety of having Google's expert and the Court's expert aligned at (and paid through) one expert shop.

      Oracle intends to move to disqualify Dr. Leonard, and possibly Dr. Kearl and CRA, at the first appropriate opportunity when proceedings resume before this Court.

Dated: January 15, 2020

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Annette L. Hurst*
     ANNETTE L. HURST

Counsel for ORACLE AMERICA, INC.